# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Energy Future Holdings Corporation, *et al.*, | Case No. 14- 10979 (---) |
| Debtors. | Joint Administration Pending |
| | **Related to Docket No. ___** |

**ORDER ON MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB FOR
LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE OF ENERGY FUTURE
HOLDINGS CORPORATION, ITS AFFILIATES, AND CERTAIN THIRD PARTIES**

Upon consideration of the Motion (the "Motion")[1] of Wilmington Savings Fund Society, FSB (the "Trustee"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee for entry of an Order, pursuant to Section 105(a) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee to obtain discovery in the form of document requests and deposition testimony from the 2004 Parties; and the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and hearing thereon, and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is GRANTED; and it is further

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

ORDERED, that each of the 2004 Parties, respectively, shall produce to the Trustee the documents requested in the schedules attached to the Motion on or before the fourteenth day following entry of this Order; and it is further

ORDERED, that the 2004 Parties shall be available for depositions by the Trustee on at least five (5) days' prior written notice made to counsel; and it is further

ORDERED, that the Trustee is hereby authorized to request such other and additional discovery, including, without limitation, document requests and deposition testimony, from the 2004 Parties and/or any other person or entity to the extent the Trustee deems necessary, without further order of this Court, in connection with the Trustee's investigation and inquiries as described in the Motion; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2014            _____
      Wilmington, DE                          UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

## THE DEBTORS

## DEFINITIONS

For the purposes of these Document Requests and Topics of Examination, the following Definitions shall apply:

1.      "Bankruptcy Case" means the jointly administered chapter 11 cases, commenced by the Debtors in the Bankruptcy Court.

2.      "Bankruptcy Code" means title 11 of the United States Code, as amended.

3.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware or such other court as is presiding over the Bankruptcy Case.

4.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

5.      "Consortium" means the *Ad Hoc* Consortium of Second Lien Lenders to Texas Competitive Energy Holdings, LLC.

6.      "Debtors" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors and debtors in possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Bankruptcy Case, and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities; and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

7.      "Describe" means:

   a.      When used in reference to an individual person shall mean to state his or her full name, present home address, or last home address if present home address is unknown, his or her business affiliation and business address and phone number; and

   b.      When used in reference to a document shall mean to state the type of document, date, author, or addressee, title, its present location, the name and address of its custodian, and the substance of its contents. In lieu of the foregoing, a copy of the document may be attached in reference as an exhibit to your answer.

8.      "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph;

sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9.      "Including" means "including, without limitation" or "including, but not limited to."

10.      "Petition Date" means the date upon which the Debtors commenced the Bankruptcy Case.

11.      "Relate" and its variants encompass the terms "refer," "reflect," "constitute," "evidence," "in connection with," and "concern" and shall be construed to bring within the scope of the Document Request or Topic of Examination, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request or Topic of Examination, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request or Topic of Examination, as applicable.

12.      "Sponsor Group" means, collectively, GS Capital Partners, TPG Capital, and KKR & Co., L.P., and any of their current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

13.      "Trustee" means Wilmington Savings Fund Society, FSB, as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among

Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee.

14.     "You" and "your" shall mean and refer to any of the Debtors and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests and Topics of Examination, the following Instructions shall be followed:

1.     In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf.  A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so.  If any requested document was, but no longer is, in your control, state the disposition of each such document.

2.     As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.     The word "all" shall also include "each of," and vice versa.  The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Request or Topic of Examination.

4.     In responding to each Document Request and Topic of Examination, you are to review and search all relevant files of appropriate entities and persons.

5.     All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.      You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.  Any document that cannot be produced in full shall be produced to the fullest extent possible.

7.      In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.  The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.   All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in their native form.

8.      If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

a.      A description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

b.      The last known custodian;

c.      Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

d.      The date of loss, destruction, discarding, or other disposition;

e.      The reason(s) for destruction, discarding, or other disposition;

f.      The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and

g.      The efforts made to locate lost or misplaced documents.

9.      In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made.  With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the

nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production.  Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or -protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

10.     Each Definition, Instruction, Document Request, and Topic of Examination herein shall be construed independently and not with reference to any other Definition, Instruction, Document Request, or Topic of Examination for the purposes of limitation.

11.     If any meaning of any term in any Document Request or Topic of Examination herein is unclear to you, without waiver of the Trustee's right to seek a full and complete response to the Document Request or Topic of Examination, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request or Topic of Examination according to the assumed meaning.

12.     In accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests or Topics of Examination shall be stated in full and with specificity.  In the event you interpose an objection to a Document Request or Topic of Examination, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13.     Each Document Request and Topic of Examination shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information.  If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests or Topics of Examination, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

14.     Unless otherwise indicated, the time period covered by the following Document Requests and Topics of Examination is the period of October 10, 2007 through and including the

present time, including any documents or information having an earlier origin and in use during the specified period.

15.     "Including" shall not be construed to limit the scope of any Document Request or Topic of Examination.

16.     Whenever necessary to bring within the scope of a Document Request or Topic of Examination documents or information that might otherwise be construed to be outside its scope:

     a.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

     b.     The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

     c.     The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

     d.     The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17.     Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1.     All Documents provided to, or received from, creditors of the Debtors relating to any restructuring or other transaction involving the Debtors and any related Communications.

2.     All Documents provided to, or received from, the Sponsor Group relating to any restructuring or other transaction involving the Debtors and any related Communications.

3.     All Documents provided to, or received from, the board of directors of any of the Debtors relating to any restructuring or other transaction involving the Debtors and any related Communications.

4.     All Documents relating to forecasts, analyses, or projections as to future prices of natural gas.

5.     All Documents relating to forecasts, analyses, or projections as to future electricity prices.

6.     All Documents relating to dispatch modeling conducted by, for, or on behalf of, the Debtors.

7.    All Documents relating to projected costs and/or any analyses of environmental compliance with respect to any of the Debtors' assets.

8.    All Documents relating to studies or analyses as to use of gas-fired versus coal-fired generation capacity.

9.    All Documents relating to studies or analyses as to optimization of the Debtors' generation fleet.

10.    All Documents relating to "amend and extend" transactions entered into by any of the Debtors.

11.    All Documents relating to any "amend and extend" transaction considered by the Debtors prior to the Petition Date.

12.    All Documents relating to "upstream loans" from Texas Competitive Energy Holdings, LLC to Energy Future Holdings Corporation or any other Debtor.

13.    All Documents relating to the mix of the Debtors' retail versus wholesale sales.

14.    All Documents relating to the Debtors' retail sales strategy.

15.    All Documents relating to efforts to increase the Debtors' retail sales volume.

16.    All Documents relating to hedging transactions involving the Debtors.

17.    All Documents relating to studies or analyses as to the effect of the Debtors' credit rating on the Debtors' retail business.

18.    All Documents relating to efforts to recruit salespeople or other staff to support the Debtors' retail business.

19.    All Documents relating to "index" or fixed-price contracts offered by the Debtors to retail customers.

20.    All Documents relating to the Debtors' strategy to maintain or increase their retail customer base.

21.    All Documents relating to studies or analyses as to the effect of the Debtors' credit rating on the Debtors' wholesale business.

22.    All Documents relating to decisions as to whether to sell power into the wholesale spot market versus into forward markets.

23.    All Documents relating to the Debtors' hedging strategy.

24.    All Documents relating to studies or analyses as to the Debtors' SG&A expenses.

25.     All Documents relating to the Debtors' efforts in support of capacity pricing and/or "Interim Solution B+" in the ERCOT market.

26.     All Documents relating to projected impacts of implementation of capacity pricing and/or "Interim Solution B+" in the ERCOT market.

27.     All Documents relating to ownership by any Debtor or affiliate of any security issued by any other Debtor or affiliate.

28.     All Documents relating to expected returns by any Debtor or affiliate on any security issued by another Debtor or affiliate.

29.     All Documents relating to claims of any type held by any Debtor or affiliate against any other Debtor or affiliate.

30.     All Documents relating to transfers to, or for the benefit of, any member of the Sponsor Group or any of their affiliates.

31.     All Documents relating to financing proposals considered in connection with the Bankruptcy Case.

32.     All Documents relating to analysis of the Debtors' need for postpetition financing.

33.     All Documents supporting venue of the Chapter 11 cases in the District of Delaware.

34.     All Documents relating to the Debtors' decision to commence the Chapter 11 cases in the District of Delaware.

35.     All Documents relating to the Debtors' consideration of a venue other than Delaware for purposes of commencing the Chapter 11 cases.

36.     All Documents relating to the Debtors' proposed retention of professionals in the Chapter 11 cases.

37.     All Documents reflecting potential conflicts between the various Debtor estates.

38.     All Documents reflecting potential conflicts between the Debtors and the Sponsor Group.

39.     All Documents reflecting the Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

40.     All Documents reflecting offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

41.     All Documents concerning a "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

42.     All Documents concerning communications between the Debtors and the Internal Revenue Service.

43.     All documents concerning the fair market value of the Debtors' assets.

44.     All Documents concerning valuation of the Debtors' assets or businesses.

45.     All Documents concerning the current tax basis in the Debtors' assets.

46.     All Documents reflecting any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

47.     All Documents concerning accumulated net operating losses of any Debtor.

48.     All Documents reflecting any analysis conducted under Section 382 of the Internal Revenue Code with respect to any Debtor.

49.     All Documents reflecting the impact of the debt restructuring referenced in the Debtors' April 15, 2013 8-K.

50.     All Documents concerning the Debtors' cash management system.

51.     All Documents reflecting intercompany liabilities as between any of the Debtors.

52.     All Documents reflecting any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

53.     All Documents reflecting the assets and liabilities of the Debtors, on a consolidated or standalone basis.

54.     All Documents concerning any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

## <u>TOPICS OF EXAMINATION</u>

1.     Any discussions regarding a restructuring or other transaction involving the Debtors.

2.     Any financial forecasts, projections, or analyses of the Debtors relating to their businesses, natural gas prices, and electricity prices.

3.     The Debtors' generation capacity and fleet.

4.     The Debtors' environmental compliance costs.

5.     The Debtors' consummated financing transactions, including any "amend and extend" transactions.

6.     Any efforts to obtain financing in connection with the Bankruptcy Case.

7.      The Debtors' need for postpetition financing.

8.      The Debtors' "first day" motions filed in the Bankruptcy Case.

9.      Any dispatch analyses conducted for, or on behalf of, the Debtors.

10.     Any "upstream loans" from Texas Competitive Electric Holdings to Energy Future Holdings or any other Debtor.

11.     The Debtors' retail sales performance since the LBO.

12.     The Debtors' sale of wholesale power since the LBO.

13.     The Debtors' hedging practices and strategies.

14.     Payments made by the Debtors to board members.

15.     Payments made by the Debtors to the Sponsor Group.

16.     The Debtors' SG&A.

17.     The Debtors' efforts to seek implementation of capacity pricing and/or "Interim Solution B+" in the ERCOT market and the Debtors' analysis of the potential revenue impact of such capacity pricing and/or Interim Solution B+.

18.     The Debtors' decision to commence the Chapter 11 cases in the District of Delaware.

19.     The Debtors' consideration of any venue other than Delaware for purposes of commencing the Chapter 11 cases.

20.     The Debtors' selection of professionals to represent them in the Chapter cases.

21.     Any steps taken to address conflicts of interests amongst the various Debtor estates.

22.     Any steps taken to address conflicts between the Debtors and the Sponsor Group.

23.      The Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

24.     Any offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

25.     Any contemplated or proposed "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

26.     Communications between the Debtors and the Internal Revenue Service.

27.     The fair market value of the Debtors' assets.

28.     Valuation of the Debtors' assets or businesses.

29.     The current tax basis in the Debtors' assets.

30.     Any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

31.     Any accumulated net operating losses of any Debtor.

32.     Any analysis conducted under Section 382 of the Internal Revenue Code with respect to any Debtor.

33.     The impact of the debt restructuring referenced in the Debtors' April 15, 2013 Form 8-K.

34.     The Debtors' cash management system.

35.      Intercompany liabilities as between any of the Debtors.

36.     Any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

37.     The assets and liabilities of the Debtors, on a consolidated or standalone basis.

38.     Any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

**SCHEDULE 2**

# THE DIRECTORS

# DEFINITIONS

For the purposes of these Document Requests and Topics of Examination, the following Definitions shall apply:

1.      "Bankruptcy Case" means the jointly administered chapter 11 cases, commenced by the Debtors in the Bankruptcy Court.

2.      "Bankruptcy Code" means title 11 of the United States Code, as amended.

3.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware or such other court as is presiding over the Bankruptcy Case.

4.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

5.      "Consortium" means the *Ad Hoc* Consortium of Second Lien Lenders to Texas Competitive Energy Holdings, LLC.

6.      "Debtors" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors and debtors in possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Bankruptcy Case, and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

7.      "Describe" means:

   a.      When used in reference to an individual person shall mean to state his or her full name, present home address, or last home address if present home address is unknown, his or her business affiliation and business address and phone number; and

   b.      When used in reference to a document shall mean to state the type of document, date, author, or addressee, title, its present location, the name and address of its custodian, and the substance of its contents.  In lieu of the foregoing, a copy of the document may be attached in reference as an exhibit to your answer.

8.      "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum,

contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9.      "Including" means "including, without limitation" or "including, but not limited to."

10.      "Petition Date" means the date upon which the Debtors commenced the Bankruptcy Case.

11.      "Relate" and its variants encompass the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of the Document Request or Topic of Examination, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request or Topic of Examination, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request or Topic of Examination, as applicable.

12.      "Sponsor Group" means any of GS Capital Partners, TPG Capital and/or KKR & Co., L.P. or any of their representatives or agents.

13.      "Trustee" means Wilmington Savings Fund Society, FSB, as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee.

{00853059;v1 }

14.    "<u>You</u>" and "<u>your</u>" shall mean and refer to the board of directors of any Debtor or affiliate, and the individual members thereof, and any of their respective current or former agents, attorneys, advisors, and representatives.

## <u>INSTRUCTIONS</u>

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests and Topics of Examination, the following Instructions shall be followed:

1.    In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf.  A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so.  If any requested document was, but no longer is, in your control, state the disposition of each such document.

2.    As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.    The word "all" shall also include "each of," and vice versa.  The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Request or Topic of Examination.

4.    In responding to each Document Request and Topic of Examination, you are to review and search all relevant files of appropriate entities and persons.

5.    All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.    You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, please

produce the best available copy and all non-identical copies, including drafts.  Any document that cannot be produced in full shall be produced to the fullest extent possible.

7.     In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.  The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.   All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in their native form.

8.     If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a.     A description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

    b.     The last known custodian;

    c.     Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

    d.     The date of loss, destruction, discarding, or other disposition;

    e.     The reason(s) for destruction, discarding, or other disposition;

    f.     The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and

    g.     The efforts made to locate lost or misplaced documents.

9.     In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made.  With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such

information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production.  Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or -protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

10.     Each Definition, Instruction, Document Request, and Topic of Examination herein shall be construed independently and not with reference to any other Definition, Instruction, Document Request, or Topic of Examination for the purposes of limitation.

11.     If any meaning of any term in any Document Request or Topic of Examination herein is unclear to you, without waiver of the Trustee's right to seek a full and complete response to the Document Request or Topic of Examination, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request or Topic of Examination according to the assumed meaning.

12.     In accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests or Topics of Examination shall be stated in full and with specificity.  In the event you interpose an objection to a Document Request or Topic of Examination, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13.     Each Document Request and Topic of Examination shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information.  If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests or Topics of Examination, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

14.     Unless otherwise indicated, the time period covered by the following Document Requests and Topics of Examination is the period of October 10, 2007 through and including the present time, including any documents or information having an earlier origin and in use during the specified period.

15.     "Including" shall not be construed to limit the scope of any Document Request or Topic of Examination.

16.     Whenever necessary to bring within the scope of a Document Request or Topic of Examination documents or information that might otherwise be construed to be outside its scope:

a.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b.      The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

c.      The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

d.      The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17.     Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1.      All Documents provided to, or received from, creditors of the Debtors in connection with any discussion concerning a restructuring or other transaction involving the Debtors.

2.      All Documents provided to, or received from, the Sponsor Group in connection with any discussion concerning a restructuring or other transaction involving the Debtors.

3.      All board minutes or other records of meetings of, or deliberations by, any of the Debtors' boards of directors.

4.      All Documents reflecting compensation, fees, benefits or other amounts paid to directors of any Debtor.

5.      All Documents concerning "Upstream Loans" from Texas Competitive Electric Holdings to Energy Future Holdings or any other Debtor.

6.      All Documents reflecting holdings of any board member in any security of the Debtors.

7.      All Documents reflecting studies or analyses regarding the Debtors' enterprise value.

8.      All Documents reflecting forecasts or projections as to future prices of natural gas.

9.      All Documents reflecting forecasts or projections as to future electricity prices.

10.     All Documents supporting venue of the Chapter 11 cases in the District of Delaware.

11.     All Documents relating to the decision to commence the Chapter 11 cases in the District of Delaware.

12.     All Documents relating to consideration of a venue other than Delaware for purposes of commencing the Chapter 11.

13.     All Documents concerning the Debtors' selection of professionals to represent them in the Chapter 11 cases.

14.     All Documents reflecting potential conflicts between the various Debtor estates.

15.     All Documents reflecting potential conflicts between the Debtors and the Sponsor Group.

16.     All Documents reflecting any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

17.     All Documents reflecting the Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

18.     All Documents reflecting offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

19.     All Documents concerning a "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

20.     All Documents concerning communications with the Internal Revenue Service pertaining to the Debtors.

21.     All documents concerning the fair market value of the Debtors' assets.

22.     All Documents concerning valuation of the Debtors' assets or businesses.

23.     All Documents concerning the current tax basis in the Debtors' assets.

24.     All Documents reflecting any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

25.     All Documents concerning accumulated net operating losses of any Debtor.

26.     All Documents reflecting any analysis conducted under Section 382 of the Internal Revenue Code with respect to any of the Debtors.

27.     All Documents reflecting the impact of the debt restructuring referenced in the Debtors' April 15, 2013 8-K.

28.     All Documents concerning the Debtors' cash management system.

29.     All Documents reflecting intercompany liabilities as between any of the Debtors.

30.     All Documents reflecting any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

31.     All Documents reflecting the assets and liabilities of the Debtors, on a consolidated or standalone basis.

32.     All Documents concerning any plan or restructuring support agreement or similar agreement to which any Debtor is or may be a party.

## <u>TOPICS OF EXAMINATION</u>

1.      Any discussions regarding a restructuring or other transaction involving the Debtors.

2.      Payments to the board of directors of any of the Debtors.

3.      Connections between the board and the Sponsor Group.

4.      Any communications between the board and the Sponsor Group.

5.      Any communications between the board and creditors of the Debtors.

6.      The board's decision to seek relief under chapter 11 of title 11 of the United States Code.

7.      Any discussion as to the venue in which the Debtors' Chapter 11 cases would be commenced.

8.      The Debtors' decision to commence the Chapter 11 cases in the District of Delaware.

9.      The Debtors' consideration of any venue other than Delaware for purposes of commencing the Chapter 11 cases.

10.     The Debtors' selection of professionals to represent them in the Chapter cases.

11.    Any steps taken to address conflicts of interests amongst the various Debtor estates.

12.    Any steps taken to address conflicts between the Debtors and the Sponsor Group.

13.    Any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

14.    The Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

15.    Offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

16.    Any contemplated "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

17.    Communications with the Internal Revenue Service pertaining to the Debtors.

18.    The fair market value of the Debtors' assets.

19.    Valuation of the Debtors' assets or businesses.

20.    The current tax basis in the Debtors' assets.

21.    Any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

22.    Accumulated net operating losses of any Debtor.

23.    Any analysis conducted under Section 382 of the Internal Revenue Code with respect to any Debtor.

24.    The impact of the debt restructuring referenced in the Debtors' April 15, 2013 Form 8-K.

25.    The Debtors' cash management system.

26.    Intercompany liabilities as between any of the Debtors.

27.    Any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

28.    The assets and liabilities of the Debtors, on a consolidated or standalone basis.

29.    Any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

# SCHEDULE 3

**Sponsor Group**

**DEFINITIONS**

For the purposes of these Document Requests and Topics of Examination, the following Definitions shall apply:

1.      "<u>Bankruptcy Case</u>" means the jointly administered chapter 11 cases, commenced by the Debtors in the Bankruptcy Court.

2.      "<u>Bankruptcy Code</u>" means title 11 of the United States Code, as amended.

3.      "<u>Bankruptcy Court</u>" means the United States Bankruptcy Court for the District of Delaware or such other court as is presiding over the Bankruptcy Case.

4.      "<u>Communication</u>" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

5.      "<u>Consortium</u>" means the *Ad Hoc* Consortium of Second Lien Lenders to Texas Competitive Energy Holdings, LLC.

6.      "<u>Debtors</u>" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors and debtors in possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Bankruptcy Case, and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

7.      "<u>Describe</u>" means:

   a.      When used in reference to an individual person shall mean to state his or her full name, present home address, or last home address if present home address is unknown, his or her business affiliation and business address and phone number; and

   b.      When used in reference to a document shall mean to state the type of document, date, author, or addressee, title, its present location, the name and address of its custodian, and the substance of its contents.  In lieu of the foregoing, a copy of the document may be attached in reference as an exhibit to your answer.

8.      "<u>Document</u>" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum,

contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9.      "Including" means "including, without limitation" or "including, but not limited to."

10.      "Petition Date" means the date upon which the Debtors commenced the Bankruptcy Case.

11.      "Relate" and its variants encompass the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of the Document Request or Topic of Examination, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request or Topic of Examination, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request or Topic of Examination, as applicable.

12.      "Sponsor Group" means any of GS Capital Partners, TPG Capital and/or KKR & Co., L.P. or any of their representatives or agents.

13.      "Trustee" means Wilmington Savings Fund Society, FSB, as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee.

14.      "You" and "your" shall mean and refer to the Sponsor Group and any member thereof, and any of their respective current or former affiliates, subsidiaries, parent corporations,

predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

## <u>INSTRUCTIONS</u>

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests and Topics of Examination, the following Instructions shall be followed:

1.	In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf.  A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so.  If any requested document was, but no longer is, in your control, state the disposition of each such document.

2.	As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.	The word "all" shall also include "each of," and vice versa.  The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Request or Topic of Examination.

4.	In responding to each Document Request and Topic of Examination, you are to review and search all relevant files of appropriate entities and persons.

5.	All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.	You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, please

produce the best available copy and all non-identical copies, including drafts.  Any document that cannot be produced in full shall be produced to the fullest extent possible.

7.    In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.  The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.   All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in their native form.

8.    If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a.    A description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

    b.    The last known custodian;

    c.    Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

    d.    The date of loss, destruction, discarding, or other disposition;

    e.    The reason(s) for destruction, discarding, or other disposition;

    f.    The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and

    g.    The efforts made to locate lost or misplaced documents.

9.    In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made.  With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such

information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production.  Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or -protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

10.    Each Definition, Instruction, Document Request, and Topic of Examination herein shall be construed independently and not with reference to any other Definition, Instruction, Document Request, or Topic of Examination for the purposes of limitation.

11.    If any meaning of any term in any Document Request or Topic of Examination herein is unclear to you, without waiver of the Trustee's right to seek a full and complete response to the Document Request or Topic of Examination, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request or Topic of Examination according to the assumed meaning.

12.    In accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests or Topics of Examination shall be stated in full and with specificity.  In the event you interpose an objection to a Document Request or Topic of Examination, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13.    Each Document Request and Topic of Examination shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information.  If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests or Topics of Examination, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

14.    Unless otherwise indicated, the time period covered by the following Document Requests and Topics of Examination is the period of October 10, 2007 through and including the present time, including any documents or information having an earlier origin and in use during the specified period.

15.     "Including" shall not be construed to limit the scope of any Document Request or Topic of Examination.

16.     Whenever necessary to bring within the scope of a Document Request or Topic of Examination documents or information that might otherwise be construed to be outside its scope:

a.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b.     The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

c.     The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

d.     The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17.     Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1.     All Documents provided to, or received from, the Debtors or creditors of the Debtors in connection with any discussion concerning a restructuring or other transaction involving the Debtors.

2.     All Documents reflecting the value of the Sponsor Group's interests in the Debtors.

3.     All Documents reflecting holdings of any member of the Sponsor Group in any security of the Debtors.

4.     All documents reflecting discussions as to any restructuring of the Debtors.

5.     All Documents reflecting a potential merger of Texas Competitive Electric Holdings with any other Debtor or affiliate.

6.     All Documents reflecting distributions, fees or other amounts paid to any member of the Sponsor Group by any of the Debtors.

7.     All Documents reflecting forecasts or projections as to future prices of natural gas.

8.      All Documents reflecting forecasts or projections as to future electricity prices.

9.      All Documents relating to the decision to commence the Chapter 11 cases in the District of Delaware.

10.     All Documents relating consideration of a venue other than Delaware for purposes of commencing the Chapter 11.

11.     All Documents reflecting any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

12.     All Documents reflecting the Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

13.     All Documents reflecting offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

14.     All Documents concerning a "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

15.     All Documents concerning communications with the Internal Revenue Service pertaining to the Debtors.

16.     All documents concerning the fair market value of the Debtors' assets.

17.     All Documents concerning valuation of the Debtors' assets or businesses.

18.     All Documents concerning the current tax basis in the Debtors' assets.

19.     All Documents reflecting any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

20.     All Documents concerning accumulated net operating losses of any Debtor.

21.     All Documents reflecting any analysis conducted under Section 382 of the Internal Revenue Code with respect to any Debtor.

22.     All Documents reflecting the impact of the debt restructuring referenced in the Debtors' April 15, 2013 8-K.

23.     All Documents concerning the Debtors' cash management system.

24.     All Documents reflecting intercompany liabilities as between any of the Debtors.

25.     All Documents reflecting any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

26.     All Documents reflecting the assets and liabilities of the Debtors, on a consolidated or standalone basis.

27.    All Documents concerning any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

## TOPICS OF EXAMINATION

1.    Any discussions regarding a restructuring or other transaction involving the Debtors.

2.    The Sponsor Group's valuation of any security of the Debtors.

3.    Communications between the Sponsor Group and creditors of the Debtors.

4.    Ownership by any member of the Sponsor Group of securities issued by the Debtors.

5.    Distributions, fees or other payments received by the Sponsor Group from the Debtors.

6.    The decision to file the Debtors' Chapter 11 cases in the District of Delaware.

7.    The Debtors' decision to commence the Chapter 11 cases in the District of Delaware.

8.    The Debtors' consideration of any venue other than Delaware for purposes of commencing the Chapter 11 cases.

9.    Any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

10.    The Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

11.    Offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

12.    Any "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

13.    Communications with the Internal Revenue Service pertaining to the Debtors.

14.    The fair market value of the Debtors' assets.

15.    Valuation of the Debtors' assets or businesses.

16.    The current tax basis in the Debtors' assets.

17.    Any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

18.    Accumulated net operating losses of any Debtor.

19.     Any analysis conducted under Section 382 of the Internal Revenue Code with respect to any of the Debtors.

20.     The impact of the debt restructuring referenced in the Debtors' April 15, 2013 Form 8-K.

21.     The Debtors' cash management system.

22.     Intercompany liabilities as between any of the Debtors.

23.     Any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

24.     The assets and liabilities of the Debtors, on a consolidated or standalone basis.

25.     Any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

**SCHEDULE 4**

## Senior Lenders

## DEFINITIONS

For the purposes of these Document Requests and Topics of Examination, the following Definitions shall apply:

1.      "Bankruptcy Case" means the jointly administered chapter 11 cases, commenced by the Debtors in the Bankruptcy Court.

2.      "Bankruptcy Code" means title 11 of the United States Code, as amended.

3.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware or such other court as is presiding over the Bankruptcy Case.

4.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

5.      "Consortium" means the *Ad Hoc* Consortium of Second Lien Lenders to Texas Competitive Energy Holdings, LLC.

6.      "Debtors" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors and debtors in possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Bankruptcy Case, and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

7.      "Describe" means:

      a.      When used in reference to an individual person shall mean to state his or her full name, present home address, or last home address if present home address is unknown, his or her business affiliation and business address and phone number; and

      b.      When used in reference to a document shall mean to state the type of document, date, author, or addressee, title, its present location, the name and address of its custodian, and the substance of its contents. In lieu of the foregoing, a copy of the document may be attached in reference as an exhibit to your answer.

8.      "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum,

contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence.  Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

9.      "Including" means "including, without limitation" or "including, but not limited to."

10.      "Petition Date" means the date upon which the Debtors commenced the Bankruptcy Case.

11.      "Relate" and its variants encompass the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of the Document Request or Topic of Examination, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request or Topic of Examination, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request or Topic of Examination, as applicable.

12.      "Sponsor Group" means any of GS Capital Partners, TPG Capital and/or KKR & Co., L.P. or any of their representatives or agents.

13.      "Trustee" means Wilmington Savings Fund Society, FSB, as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee.

14.    "<u>You</u>" and "<u>your</u>" shall mean and refer to [specify 2004 Party] and any of its current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

## <u>INSTRUCTIONS</u>

The preceding Definitions apply to each of these Instructions and for purposes of these Document Requests and Topics of Examination, the following Instructions shall be followed:

1.    In accordance with Rule 34(a) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person or entity and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so. If any requested document was, but no longer is, in your control, state the disposition of each such document.

2.    As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.    The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Request or Topic of Examination.

4.    In responding to each Document Request and Topic of Examination, you are to review and search all relevant files of appropriate entities and persons.

5.    All Document Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.    You are to produce the original and all non-identical copies, including all drafts, of each document requested. If you are not able to produce the original of any document, please

produce the best available copy and all non-identical copies, including drafts.  Any document that cannot be produced in full shall be produced to the fullest extent possible.

7.      In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Document Request.  The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.  All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in their native form.

8.      If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

      a.      A description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

      b.      The last known custodian;

      c.      Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

      d.      The date of loss, destruction, discarding, or other disposition;

      e.      The reason(s) for destruction, discarding, or other disposition;

      f.      The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and

      g.      The efforts made to locate lost or misplaced documents.

9.      In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made.  With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such

information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or -protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

10.     Each Definition, Instruction, Document Request, and Topic of Examination herein shall be construed independently and not with reference to any other Definition, Instruction, Document Request, or Topic of Examination for the purposes of limitation.

11.     If any meaning of any term in any Document Request or Topic of Examination herein is unclear to you, without waiver of the Trustee's right to seek a full and complete response to the Document Request or Topic of Examination, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Document Request or Topic of Examination according to the assumed meaning.

12.     In accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Document Requests or Topics of Examination shall be stated in full and with specificity. In the event you interpose an objection to a Document Request or Topic of Examination, you must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13.     Each Document Request and Topic of Examination shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information. If, after responding, you obtain or become aware of any additional documents or information responsive to these Document Requests or Topics of Examination, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

14.     Unless otherwise indicated, the time period covered by the following Document Requests and Topics of Examination is the period of October 10, 2007 through and including the present time, including any documents or information having an earlier origin and in use during the specified period.

15.      "Including" shall not be construed to limit the scope of any Document Request or Topic of Examination.

16.      Whenever necessary to bring within the scope of a Document Request or Topic of Examination documents or information that might otherwise be construed to be outside its scope:

   a.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

   b.      The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

   c.      The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

   d.      The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17.      Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1.      All Documents provided to, or received from, the Debtors or the Sponsor Group in connection with any discussion concerning a restructuring or other transaction involving the Debtors.

2.      All Documents reflecting your holdings of any security of the Debtors.

3.      All Documents reflecting the value of your interests in any security of the Debtors.

4.      All documents reflecting discussions as to any restructuring of the Debtors.

5.      All documents reflecting any trades in securities of the Debtors or derivatives thereof.

6.      All Documents reflecting distributions, fees or other amounts paid to you by any of the Debtors.

7.      All documents reflecting your ownership of securities of any competitor of the Debtors.

8.      All Documents reflecting forecasts or projections as to future prices of natural gas.

9.      All Documents reflecting forecasts or projections as to future electricity prices.

10.     All Documents reflecting any assessment of the prospects for the adoption of a capacity market in ERCOT and the potential impact of such adoption on the Debtors' revenues.

11.     All Documents reflecting proposals to provide financing to the Debtors.

12.     All communications involving you and any member of the Debtors' board of directors or their professionals.

13.     All communications involving you and any member of the Debtors' management or their professionals.

14.     All Documents reflecting any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

15.     All Documents reflecting the Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

16.     All Documents reflecting offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

17.     All Documents concerning a "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

18.     All Documents concerning communications with the Internal Revenue Service pertaining to the Debtors.

19.     All documents concerning the fair market value of the Debtors' assets.

20.     All Documents concerning valuation of the Debtors' assets or businesses.

21.     All Documents concerning the current tax basis in the Debtors' assets.

22.     All Documents reflecting any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

23.     All Documents concerning accumulated net operating losses of any Debtor.

24.     All Documents reflecting any analysis conducted under Section 382 of the Internal Revenue Code with respect to the Debtors.

25.     All Documents concerning the Debtors' cash management system.

26.     All Documents reflecting intercompany liabilities as between any of the Debtors.

27.     All Documents reflecting any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

28.     All Documents reflecting the assets and liabilities of the Debtors, on a consolidated or standalone basis.

29.     All Documents concerning any plan or restructuring support agreement or similar agreement to which any Debtor is or may become a party.

## TOPICS OF EXAMINATION

1.     Discussions regarding any restructuring or transaction involving the Debtors.

2.     Discussions regarding financing of the Debtors.

3.     Your investments in competitors of the Debtors.

4.     Projections of future revenues of the Debtors.

5.     Projections as to future natural gas prices.

6.     Your holdings of any security of the Debtors.

7.     The value of your interests in any securities of the Debtors.

8.     Discussions as to any restructuring of the Debtors.

9.     Any trades in securities of the Debtors or derivatives thereof.

10.     Distributions, fees or other amounts paid to you by any of the Debtors.

11.     Forecasts or projections as to future prices of natural gas.

12.     Forecasts or projections as to future electricity prices.

13.     Any proposals to provide financing to the Debtors.

14.     Communications involving you and any member of the Debtors' board of directors or their professionals.

15.     Communications involving you and any member of the Debtors' management or their professionals.

16.     Any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor.

17.     The Debtors' ability to increase forward sales of power following bankruptcy and/or deleveraging.

18.     Any offers, potential sales or other transactions concerning all or substantially all of the assets of the Debtors.

19.     Any "tax free" or taxable spinoff of the assets or businesses of any of the Debtors.

20.     Your communications with the Internal Revenue Service pertaining to the Debtors.

21.     The fair market value of the Debtors' assets.

22.     Valuation of the Debtors' assets or businesses.

23.     The current tax basis in the Debtors' assets.

24.     Any deferred liability under any tax sharing or tax allocation agreement to which any Debtor is a party.

25.     Accumulated net operating losses of any Debtor.

26.     Any analysis conducted under Section 382 of the Internal Revenue Code with respect to the Debtors.

27.     The Debtors' cash management system.

28.     Intercompany liabilities as between any of the Debtors.

29.     Any analysis concerning the priority or perfection of prepetition claims against any of the Debtors.

30.     The assets and liabilities of the Debtors, on a consolidated or standalone basis.

31.     Any plan or restructuring support agreement or similar agreement to which you or any Debtor is or may become a party.

61620035 v10-WorksiteUS-030953/0001