IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (---)<br><br>Joint Administration Pending<br><br>**Related to Docket Nos. 5 & 6** |

**MOTION OF WILMINGTON SAVINGS FUND
SOCIETY, FSB PURSUANT TO RULES 2002 AND 9006
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND 11 U.S.C. SECTION 105(A) TO SHORTEN NOTICE OF, AND
SCHEDULE HEARINGS ON, (I) REQUEST TO TRANSFER VENUE;
AND (II) REQUEST TO CONDUCT DISCOVERY UNDER RULE 2004**

Wilmington Savings Fund Society, FSB (the "Trustee"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (the "Indenture"),[1] pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), hereby moves this Court for entry of an Order, substantially in the form attached hereto as Exhibit A shortening notice of, and scheduling hearings on, the Trustee's concurrently filed Motion to Transfer Cases to the United States District Court for the Northern District of Texas (the "Venue Motion") and Motion for Authority to Conduct Rule 2004 Discovery of The Debtors, Affiliates and Certain Third Parties

---

[1] As used herein, the term "Second Liens" refers to senior secured second lien notes issued pursuant to the Indenture.

{00853058;v1 }

(the "Rule 2004 Motion") on the earliest date available on the Court's calendar; and (ii) requiring that objections, if any, to the Venue Motion and/or the 2004 Motion be filed by 12:00 noon prevailing Eastern time on the date that is three calendar days prior to the scheduled hearing thereon. In support of this Motion, the Trustee respectfully submits:

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). For purposes of the Court's consideration of this Motion, the Venue Motion, and the Rule 2004 Motion, venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Bankruptcy Code Section 105(a), Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1.

2. Local Rule 9006-1 provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); see In re Phila. Newspapers, LLC, 690 F.3d 161, 171 (3d Cir. 2012) ("Under Fed. R. Bankr. P. 9006(c), 'for cause shown' a bankruptcy court has the discretion to set an expedited schedule for the hearing of a substantive motion. In exercising that discretion, it should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis.").

3.  "Motions for material reductions in the notice period are routinely granted by bankruptcy courts." Phila. Newspapers, 690 F.3d at 172 (citation omitted) (considering the "accelerated time frame of bankruptcy proceedings"). Where the reasons for shortening a notice period are more compelling than the potential prejudice that might result to non-moving parties, the motion for reduction should be granted. See In re Grant Broad. of Phila., Inc., 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987). Here, the requested notice periods and hearing schedule provide the Debtors and interested parties with an appropriate amount of time to respond to the Venue Motion and the Rule 2004 Motion, thus preserving the due process rights that courts seek to protect through sufficient notice periods. See In re Villareal, 160 B.R. 786, 788 (Bankr. W.D. Tex. 1993) ("The principle victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest.").

4.  Indeed, certain holders of the Second Liens and Trustee have, for numerous months, expressed to the Debtors, and other significant parties engaged in prepetition negotiations with the Debtors, their intent to seek Rule 2004 discovery and their concerns as to the Debtors' expected choice to commence these cases in Delaware as opposed to Texas where substantially all of the Debtors' assets, operations, customers, trade creditors, key management personnel, regulators, employees, pending litigation, and books and records are located. Knowing the competence and diligence of the counsel involved in these cases, the Trustee would be surprised if counsel for the Debtors, their equity sponsors, and senior lenders had not already drafted responses to the Rule 2004 Motion and the Venue Motion that could be filed virtually on a moment's notice. As such, setting an expedited hearing on the Rule 2004 Motion and the Venue Motion will not impose hardship or prejudice on the parties most likely to oppose the

relief sought therein. Even if the requests did prejudice non-moving parties to a limited extent, such prejudice is far outweighed by the reasons for granting the relief requested by this Motion.

### A.     The Venue Motion Should Be Heard On Shortened Notice.

5.     While, under Title 28 of the United States Code, venue may technically be allowed in this District, the Trustee believes the Debtors' venue choice is inappropriate here given: (a) as discussed in greater length in the Venue Motion, the significant connections between the Debtors and the Northern District of Texas; and (b) the Debtors' very limited connections to Delaware (limited to the paper connection of being the jurisdiction in which certain of the Debtors were formed). Given the disparity between the Debtors' connections to Texas and to Delaware, and the burden prosecuting these cases in Delaware will place on management, creditors, litigation counter-parties, regulators, and others, the Trustee believes the true motive behind the venue decision is the perception that Delaware will be more favorable to efforts to impose the restructuring agenda favored by insiders and senior lenders.

6.     An expedited hearing on the Venue Motion would promote judicial economy by allowing this court to make an early determination as to whether these cases should proceed in Delaware or be transferred to the Northern District of Texas. Such an early determination is appropriate for, inter alia, the following reasons: (a) it will allow the Court that ultimately presides over the Debtors' cases to make as many of the substantive decisions pertaining to requests for relief as possible; (b) it will allow parties in interest to minimize duplication of efforts by professionals particular to one jurisdiction or the other (e.g., local counsel); (c) it will avoid the need for removed actions to be transferred from Texas to Delaware and, potentially, back to Texas; and (d) if the cases are transferred to the Northern District of Texas, it will

minimize the amount of time key management personnel will be away from their offices and focused on maximizing estate value through improvements in the Debtors' operations.

7. If the Venue Motion is not heard on an expedited basis, it will prejudice the Trustee by inviting arguments that too much time has passed or that this Court is "already too far up the learning curve." Further, to the extent the Venue Motion is granted early in these cases, it would minimize the learning curve for the Bankruptcy Court in the Northern District of Texas and allow that Court to more quickly conduct the cases as it sees fit. More broadly, delaying consideration of the Venue Motion would affect all parties adversely by delaying the progress of these Chapter 11 Cases, which are still in their infancy.

8. If the Court were to grant the Venue Motion weeks into these Chapter 11 Cases, the administrative burden attendant with transferring these cases to a new court, which would then need to familiarize itself with the complexities of the Debtors' estates, could be substantial. For that reason, Bankruptcy Rule 1014 requires that motions to transfer venue be "timely" to avoid "duplication of administration expenses and a delay in the reorganization process." In re Jones, 39 B.R. 1019, 1020 (Bankr. S.D.N.Y. 1984). As such, issues related to venue should be heard prior to "dealing with the merits of [a] Chapter 11 case." In re Sundance Corp., 84 B.R. 699, 701 (Bankr. D. Mont. 1988); see TVI, Inc. v. Russo (In re Russo), Nos. 01-20684, 01-6330, 2002 WL 33939735, at *3 (Bankr. D. Idaho Apr. 19, 2002) ("[T]he longer the delay in raising the § 1412 issue once the basis for the request to change a properly venued case is known, the less likely the motion will be considered timely. This is especially true where other parties have taken positions, incurred expenses, or otherwise relied upon the existing venue."); see also 3 Bankruptcy Practice Manual § 18:11 (2d ed. 2013) ("A motion to transfer the venue of an entire case should be presented and heard on an expedited basis, as the more administration conducted

by the forum court, the more difficult the transfer."). Indeed, some courts, recognizing the swiftness with which motions to transfer venue must be heard, have recognized that "it is questionable whether creditors are [even] required to have notice of a motion to transfer venue." In re Gale, 144 B.R. 411, 414 (Bankr. E.D. Ark. 1992); see Hadar Leasing Int'l Co. v. D.H. Overmyer Telecasting Co., 14 B.R. 819 (S.D.N.Y. 1981) (ruling the bankruptcy court did not err in granting a motion to transfer venue without notice to creditors). Here, the Trustee seeks to provide an opportunity for all interested parties, including creditors, to respond to the Venue Motion. But, mindful of the need to safeguard against waiver of its rights and waste of judicial resources, the Trustee also seeks to shorten the schedule for filing objections, if any, to this Motion and to fix a hearing date before extensive conduct of these Chapter 11 Cases in Delaware creates an unnecessary administrative burden for their transfer to the Northern District of Texas.

**B.    The Rule 2004 Motion Should Be Heard On Shortened Notice.**

9. Through the Rule 2004 Motion, the Trustee seeks discovery related to, *inter alia*, (a) significant conflicts of interest related to the conduct of these cases; (b) the propriety of the Debtors' employment of a single set of professionals in light of such conflicts; (c) the Debtors' decision to file these Chapter 11 cases in Delaware, as opposed to the Northern District of Texas; and (d) mismanagement of the Debtors' businesses, and the resulting perceived impact on enterprise value and restructuring options.

10. The discovery sought through the Rule 2004 Motion pertains to issues critical to this Court's conduct of these cases in their earliest days and the Court's consideration of the various requests for relief by the Debtors that might otherwise lock in the restructuring agenda favored by management and senior lenders. As such, the Trustee believes the Rule 2004 Motion

should be heard as soon as possible and, if the Court grants the relief requested therein, discovery be started.

## NOTICE

11. Notice of this Motion has been given to (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) the Debtors' Postpetition lenders; (d) parties from whom discovery is sought under the Rule 2004 Motion; and (e) parties who have filed notices of appearance. The Trustee respectfully submits that no other or further notice need be given.

12. No prior motion for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that this Court enter an Order, pursuant to Bankruptcy Rules 2002 and 9006, Local Rule 9006-1, and Section 105(a) of the Bankruptcy Code, substantially in the form attached hereto as Exhibit A: (i) shortening notice of, and scheduling a hearing on the Rule 2004 Motion and the Venue Motion at the earliest available hearing date; (ii) requiring that objections, if any, to the Rule 2004 Motion or the Venue Motion be filed by 12:00 noon prevailing Eastern time on the date that is three calendar days prior to the hearing on the applicable request for relief; and (iii) granting the Trustee such other and further relief as this Court may deem just and proper.

Dated: April 29, 2014
    Wilmington, Delaware

/s/*William P. Bowden*
ASHBY & GEDDES, P.A.
William P. Bowden [I.D. #2553]
Gregory A. Taylor [I.D. #4008]
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

BROWN RUDNICK LLP
Edward S. Weisfelner (pro hac vice pending)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (pro hac vice pending)
Andrew P. Strehle (pro hac vice pending)
Jeremy B. Coffey (pro hac vice pending)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

- and -

Howard L. Siegel (pro hac vice pending)
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens, LLC*