## EXHIBIT A

**Proposed Order**

DOCS_DE:191926.1 80459/001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| SORENSON COMMUNICATIONS, INC., *et al.*,[1] | ) Case No. 14-10454 ([___]) |
| Debtors. | ) (Joint Administration Requested) |
| | ) Re: Docket No. [___] |

**ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION
(A) WAGES, SALARIES, AND OTHER COMPENSATION, (B) REIMBURSABLE
EMPLOYEE EXPENSES, (C) EMPLOYEE BENEFITS, AND (D) RELATED COSTS**

Upon the motion (the "*Motion*") of the above-captioned debtors (collectively, the "*Debtors*") for entry of this Order[2] authorizing the Debtors to pay certain prepetition: (a) wages, salaries, and other compensation, (b) reimbursable employee expenses, (c) employee benefits, and (d) payroll administration associated costs, and for certain related relief, all as more fully set forth in the Motion; and upon the *Declaration of Scott Sorensen in Support of First Day Motions*; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number, are: Sorenson Communications, Inc. (0555); Allied Communications, Inc. (3611); CaptionCall, LLC (9444); SCI Holdings, Inc. (9815); Sorenson Communications Holdings, LLC (9866); Sorenson Communications of Canada, ULC (9719); and Sorenson Holdings, Inc. (0427). For the purpose of these chapter 11 cases, the service address for the Debtors is: 4192 South Riverboat Road, Salt Lake City, Utah 84123.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to pay prepetition claims, honor obligations, and continue postpetition employee-related programs, in the ordinary course of business, in connection with the Obligations.

3. In accordance with section 362(d) of the Bankruptcy Code, (a) employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements under Bankruptcy Rule 4001(d) with respect to clause (a) are waived.

4. The Debtors are authorized to make payments to applicable third parties in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

5. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all checks and wire transfer requests evidencing amounts paid

by the Debtors under this Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these chapter 11 cases.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or wire transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Obligations.

7. The Debtors are authorized, but not directed, to modify, change and discontinue any of the Obligations, and the policies related thereto, and to implement new employee programs in the ordinary course of business during these chapter 11 cases in their sole discretion without the need for further Court approval.

8. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any Obligation.

9. Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

10. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b).

11. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. Notwithstanding anything herein to the contrary, use of cash under this Order is subject to the terms and conditions of any cash collateral order, including any approved budget and permitted variances.

Dated: _____, 2014
       Wilmington, Delaware                              _____
                                                                United States Bankruptcy Judge