**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-_____ (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

## ORDER APPROVING THE RETENTION AND
## APPOINTMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC
## AS THE CLAIMS AND NOTICING AGENT FOR THE DEBTORS

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Epiq Bankruptcy Solutions, LLC ("Epiq") as the Claims and Noticing Agent to the Debtors; all as more fully set forth in the Application, and upon the First Day Declaration, and upon the Katchadurian Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. Notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized pursuant to section 156(c) of the Judicial Code, sections 363 and 105(a) of the Bankruptcy Code, Local Bankruptcy Rule 2002-1(f), and the Claims Agent Protocol to retain Epiq as Claims and Noticing Agent to the Debtors in accordance with the terms of the Engagement Letter attached to the Application as **Exhibit C**, and Epiq is authorized and directed to perform noticing services, and to receive, maintain, record, and otherwise administer the proofs of claim filed in these cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services").

4. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate Epiq in accordance with the terms of the Engagement Letter upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for an official committee, if any, monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Letter or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Notwithstanding paragraph 10.3 in the Engagement Letter, any controversy or claim arising out of or relating to the Engagement Letter shall first be submitted to the Court for resolution and, if the Court permits, to arbitration in accordance with the terms of Engagement Letter.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12. Epiq may hold its retainer under the Engagement Letter during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Letter.

13. The indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

> (a) Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;
>
> (b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and
>
> (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Company's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Company's obligation to indemnify Epiq. All Parties-In-Interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

14. In the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim

4

and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

15. Epiq shall not cease providing the Claims and Noticing Services during these cases for any reason without prior order of the Court authorizing Epiq to do so; *provided*, *however*, that Epiq may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the Office of the United States Trustee, and any official committee of creditors appointed, if any, in these cases by facsimile or overnight delivery; provided further, that except as expressly provided herein, the Debtors and Epiq may otherwise terminate or suspend other services as provided under the Engagement Letter.

16. After entry of an order terminating Epiq's services as the Notice and Claims Agent, upon the closing of these cases, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

17. The Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Engagement Letter.

18. Epiq shall not cease providing the Claims and Noticing Services during the cases for any reason, including nonpayment, without an order of the Court.

19. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE