# EXHIBIT B

**Katchadurian Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-_____ (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DECLARATION OF JAMES KATCHADURIAN IN SUPPORT
OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN
ORDER APPROVING THE RETENTION AND APPOINTMENT OF EPIQ
BANKRUPTCY SOLUTIONS, LLC AS THE CLAIMS AND NOTICING AGENT
FOR THE DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, James Katchadurian, hereby declare, under penalty of perjury, as follows:

1. I am the Executive Vice President, Director of Restructuring of Epiq Bankruptcy Solutions, LLC ("Epiq"), and I am authorized to make and submit this declaration on behalf of Epiq. This declaration is submitted in support of the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Employment and Retention of Epiq Bankruptcy Solutions, LLC as the Claims and Noticing Agent to the Debtors, Effective Nunc Pro Tunc to the Petition Date* (the "Application") to which this declaration is attached. The statements contained herein are based upon personal knowledge.

2. As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), Epiq will perform at the request of the Clerk[2] the noticing and claims services specified in the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

Application and the Engagement Letter.  In addition, at the Debtors' request, Epiq will perform such other claims and noticing services as specified in the Application.  For the avoidance of doubt, pursuant to the Engagement Letter, Epiq will perform the Claims and Noticing Services for Energy Future Holdings Corp. and its direct and indirect subsidiaries, other than Oncor Holdings LLC and its subsidiaries

3. Epiq represents, among other things, the following:

   a. Epiq neither holds nor represents any interest adverse to the Debtors' estates in connection with any matters for which Epiq will be employed;

   b. I am not related or connected to and, to the best of my knowledge, no other professional of Epiq is related to or connected to any United States Bankruptcy Judge for the District of Delaware or the United States Trustee or to any employee in the offices thereof;

   c. Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

   d. by accepting employment in these chapter 11 cases, Epiq waives any rights to receive compensation from the United States government;

   e. in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

   f. Epiq will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

   g. in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Epiq will not intentionally misrepresent any fact to any person;

   h. Epiq shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers; and

   i. none of the services provided by Epiq as the Claims and Noticing Agent shall be at the expense of the Clerk's office.

4. In connection with the preparation of this Declaration, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest

(the "Parties-in-Interest") in these cases. The list of Parties-in-Interest was provided by the Debtors and included the Debtors, the Debtors' current and former directors and officers, significant stockholders, secured creditors, top 30 unsecured creditors, and other parties. The results of the conflicts check were compiled and reviewed by employees of Epiq, under my supervision. At this time, Epiq is not aware of any relationship which would present a disqualifying conflict of interest. Upon Epiq's review of a list of Parties-in-Interest, it appears that the following entities may be a party in interest or vendor of the Debtors and are entities for which Epiq is acting as a claims agent in a neutral capacity: "Lehman Brothers Holdings," "Lehman Brothers, Inc.," and / or "Stone and Webster, Inc."

5. Epiq currently serves, or in the past may have served, in a neutral capacity as claims, noticing, balloting and/or solicitation agent for these parties or related parties. However, given Epiq's neutral position as claims and noticing agent or administrative advisor in the listed-parties' cases, or any other cases, Epiq does not view such relationships as real or potential conflicts. Further, to the best of my knowledge, any such relationship, is completely unrelated to these chapter 11 cases. Further, to the best of my knowledge, any such relationship is completely unrelated to these chapter 11 cases. Accordingly, to the best of my knowledge, Epiq and each of its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and neither Epiq nor any of its employees hold or represent an interest adverse to the Debtors' estates related to any matter for which Epiq will be employed.

6. To the best of my knowledge, neither Epiq nor any of its personnel have any relationship with the Debtors that would impair Epiq's ability to serve as Claims and Noticing Agent. Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and

noticing agent for another chapter 11 debtor. To the best of my knowledge, such relationships are completely unrelated to these chapter 11 cases. Epiq's personnel may have relationships with some of the Debtors' creditors or other parties in interest. To the best of my knowledge, however, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases. Epiq has, and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Epiq has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases.

7. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

8. If any new facts or relationships are discovered, Epiq will supplement its disclosure to the Court.

9. In performing the services of the Claims and Noticing Agent, Epiq will charge the Debtors the rates set forth in the Engagement Letter.

10. Prior to the Petition Date, the Debtors provided Epiq a retainer in the amount of $100,000. Epiq seeks to hold the retainer under the Engagement Letter during the cases as security for the payment of fees and expenses incurred under the Engagement Letter.

11. Epiq will comply with all requests of the Clerk's office, including the Claims Agent Protocol and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

12. The services provided by Epiq will be administrative in nature, and Epiq will not provide services in the nature of legal representation and/or advice to the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April 21, 2014

/s/ James Katchadurian
James Katchadurian
Executive Vice President
Epiq Bankruptcy Solutions, LLC