IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## MOTION AUTHORIZING ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE, INC. TO FILE UNDER SEAL THE CERTAIN FEE LETTER RELATED TO PROPOSED DEBTOR-IN-POSSESSION FINANCING

Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors" and, together with the other above-captioned debtors and debtors in possession, the "Debtors"), file this motion (this "Motion")[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the EFIH Debtors to file under seal a certain letter (the "EFIH First Lien DIP Letter") among the EFIH Debtors, on the one hand, and Deutsche Bank Securities Inc., Deutsche Bank AG New York Branch, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Bank of America, N.A., Morgan Stanley Senior Funding, Inc., Barclays Bank PLC, Royal Bank

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the EFIH First Lien DIP Motion (as defined herein) or EFIH First Lien DIP Credit Agreement (as defined in the EFIH First Lien DIP Motion), as applicable.

of Canada, Union Bank, N.A., Loop Capital Markets, LLC, and The Williams Capital Group, L.P. (collectively, the "EFIH First Lien Arrangers"), on the other hand, regarding fees in connection with the EFIH Debtors' proposed senior secured superpriority debtor-in-possession credit agreement (the "EFIH First Lien DIP Credit Agreement"), a copy of which is attached as **Exhibit D** to the EFIH First Lien DIP Motion, filed contemporaneously herewith; and (b) directing that the EFIH First Lien DIP Letter shall remain under seal and confidential and not be made available to anyone without the consent of the EFIH Debtors and EFIH First Lien Arrangers except to (i) the Court, (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee") on a confidential basis, and (iii) the advisors to any statutory committee appointed in the EFIH Debtors' chapter 11 cases on a confidential basis and on a "professionals' eyes only" basis. In support of this Motion, the Debtors respectfully state as follows.[3]

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

---

[3] The facts and circumstances supporting this Motion are set forth in the (a) *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of First Day Motions* (the "First Day Declaration") and (b) the *Declaration of Stephen Goldstein in Support of the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc., for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) A Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay* (the "Goldstein Declaration"), both filed with the Court contemporaneously herewith.

§ 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1.

### Relief Requested

4. By this Motion, the Debtors seek entry of the Order (a) authorizing the EFIH Debtors to file the EFIH First Lien DIP Letter under seal; and (b) directing that the EFIH First Lien DIP Letter shall remain under seal and confidential and not be made available to anyone without the consent of the EFIH Debtors and the EFIH First Lien Arrangers except to (i) the Court, (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a confidential basis, and (iii) the advisors to any statutory committee appointed in the EFIH Debtors' chapter 11 cases on a confidential basis and on a "professionals' eyes only" basis.

### Background

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to

3

sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested joint administration of these chapter 11 cases. The Court has not appointed a trustee, and the U.S. Trustee has not formed any official committees in these chapter 11 cases.[4]

6. Debtor Energy Future Holdings Corp. ("EFH Corp."), a Texas corporation, is the ultimate parent company for each of the Debtors in these chapter 11 cases and certain of EFH Corp.'s non-Debtor affiliates (collectively, "EFH"). EFH's businesses include the largest producer, distributor, and certified retail provider of electricity in Texas. EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas ("ERCOT"), which covers the majority of Texas. The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility Commission of Texas (the "PUC"). EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors,[5] in three distinct business units:

- EFH's *competitive electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities*, conducted by TCEH LLC's Debtor subsidiaries composing "Luminant";

- EFH's *competitive retail electricity sales operations and related operations*, mainly conducted by TCEH LLC's Debtor subsidiaries composing "TXU Energy";[6] and

---

[4] The facts and circumstances supporting this Motion, along with a detailed discussion of EFH's business operations and capital structure, are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

[5] The Debtors in these chapter 11 cases consist of: (a) the vast majority of the entities that compose Luminant and TXU Energy, as well as those entities' intermediate corporate parent entity, Texas Competitive Electric Holdings Company LLC ("TCEH LLC"), a Delaware limited liability company, and TCEH LLC's corporate parent, Energy Future Competitive Holdings Company LLC ("EFCH"), a Delaware limited liability company; (b) Energy Future Intermediate Holding Company LLC ("EFIH"), a Delaware limited liability company that indirectly owns approximately 80% of Oncor Electric Delivery Holdings Company LLC ("Oncor"), and EFIH's wholly-owned subsidiary, EFIH Finance Inc.; (c) EFH Corp.; and (d) other direct and indirect subsidiaries of EFH Corp., including EFH Corporate Services Company.

[6] The Debtors also conduct a relatively small amount of retail electricity operations through their 4Change brand and another entity, Luminant ET Services Company, that provides retail electricity service to some end use customers and to some of Luminant's mining operations, and a small amount of retail gas operations through

4

- EFH's *rate-regulated electricity transmission and distribution operations*, conducted by the non-Debtor Oncor. EFIH indirectly owns approximately 80% of Oncor.

7. In the aggregate, the Debtors have approximately $42 billion of funded indebtedness, including (a) approximately $32.1 billion of claims against TCEH LLC and TCEH LLC's direct and indirect Debtor subsidiaries; (b) approximately $71 million of claims against EFCH; (c) approximately $1.9 billion of claims against EFH Corp.; and (d) approximately $7.7 billion of claims against EFIH.[7]

8. Although the Debtors' balance sheet is overleveraged, the Debtors' operations are strong. Luminant's generation units are high-performing, its mining and electricity generation operations have impressive safety records, and its commodity trading and risk management activities have delivered significant value to the Debtors. TXU Energy is an industry leader in customer care performance and product innovation and has maintained strong performance notwithstanding intense competition. And non-Debtor Oncor produces a strong and consistent stream of revenue. Thus, these chapter 11 cases will provide the Debtors with the opportunity to restructure their balance sheets and retain their position as leaders in the Texas electricity market.

9. As of December 31, 2013, EFH Corp. reported total assets of approximately $36.4 billion in book value, approximately $28.8 billion of which is attributable to EFCH, TCEH LLC, and TCEH LLC's direct and indirect subsidiaries (collectively with TCEH LLC and EFCH, "TCEH"),[8] and total liabilities of approximately $49.7 billion in book value,

---

Luminant Energy Company LLC.

[7] Amounts include intercompany debt holdings and short-term borrowings, and exclude guarantees, unamortized discounts or premiums, accrued but unpaid interest, and certain other figures typically reported in the Debtors' filings with the Securities and Exchange Commission (the "SEC"), such as capital lease obligations, certain promissory notes, and certain other obligations.

[8] Oncor's revenues are not included in EFH Corp.'s consolidated revenues because EFH Corp. accounts for its ownership of Oncor under the equity method of accounting.

approximately $41.1 billion of which is attributable to TCEH.[9] EFH Corp.'s assets and liabilities that are not attributable to TCEH are mostly attributable to EFIH's indirect ownership of approximately 80% of Oncor. EFH Corp.'s consolidated revenues for the quarter ending December 31, 2013 were approximately $1.3 billion, all of which were attributable to TCEH. EFH Corp.'s consolidated annual revenues for the year ending December 31, 2013 were approximately $5.9 billion.

10. Pursuant to the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc., for Entry of for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (b) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien DIP Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay* (the "EFIH First Lien DIP Motion"), the EFIH Debtors seek authority to obtain $5.4 billion in postpetition financing on the terms and conditions set forth in the EFIH First Lien DIP Credit Agreement (the "EFIH First Lien DIP Financing"), for the purpose of executing the EFIH First Lien Refinancing (as defined in the EFIH First Lien DIP Motion), facilitating the EFIH Makewhole Settlements (as defined in the EFIH First Lien DIP Motion), and satisfying restructuring expenses and other expenses of the EFIH Debtors during these chapter 11 cases.

11. The Court should allow the Debtors to file the EFIH First Lien DIP Letter under seal for at least three reasons. First, the public disclosure of the confidential and proprietary

---

[9] Figures for TCEH are derived from EFCH's public filings with the SEC, and are almost entirely attributable to TCEH LLC and its Debtor and non-Debtor subsidiaries.

information in the EFIH First Lien DIP Letter has the potential to increase the cost of syndicating the EFIH First Lien DIP Financing because of the sensitive nature of the "flex" provision. Second, public dissemination of this information could jeopardize the EFIH Debtors' ability to obtain postpetition financing because the confidentiality of the EFIH First Lien DIP Letter is required by the EFIH First Lien Arrangers. Finally, disclosure could harm the EFIH First Lien Arrangers' businesses, impair their ability to syndicate the EFIH First Lien DIP Facility in the future, or otherwise harm the counterparties to the EFIH First Lien DIP Letter. Additionally, disclosure could impair the EFIH First Lien Arrangers' ability to syndicate the EFIH First Lien DIP Facility, which could harm all of the counterparties to the EFIH First Lien DIP Letter, and could increase the aggregate cost of the EFIH First Lien DIP Facility to the EFIH Debtors' estates. Moreover, the EFIH First Lien Arrangers believe that it is essential that the EFIH First Lien Arrangers' highly sophisticated and proprietary methodology for calculating the various fees remain confidential. Because of those concerns, the EFIH Debtors have agreed to keep the specific terms of the EFIH First Lien DIP Letter confidential.

## Basis For Relief

12. The Bankruptcy Code provides strong support for sealing the EFIH First Lien DIP Letter. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the EFIH Debtors to file the EFIH First Lien DIP Letter under seal by permitting the issuance of orders that protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

14. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

15. If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original). Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other

8

confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

16. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

17. Here, the EFIH First Lien DIP Letter contains commercially sensitive information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code for sealing documents. Disclosing the market flex terms of the EFIH First Lien DIP Letter executed by the EFIH First Lien Arrangers would put great pressure on the ability of the EFIH

9

First Lien Arrangers to market and syndicate the EFIH First Lien DIP Facility effectively to the marketplace. Indeed, such disclosure could increase the aggregate cost of the EFIH First Lien DIP Facility to the EFIH Debtors' estates. For that reason alone, the EFIH Debtors should be permitted to file the EFIH First Lien DIP Letter under seal.

18. Moreover, the terms of the EFIH First Lien DIP Letter are the product of extensive, good faith arm's length negotiations. Pursuant to the EFIH First Lien DIP Letter, the EFIH Debtors agreed to keep the terms confidential. The EFIH First Lien DIP Letter contains closely-guarded proprietary and commercial information that is highly sensitive to the EFIH First Lien Arrangers and the EFIH Debtors. As such, disclosure of the terms of that EFIH First Lien DIP Letter would cause substantial harm to the EFIH First Lien Arrangers and the EFIH Debtors, create an unfair advantage for competitors, and violate the EFIH Debtors' agreement with the EFIH First Lien Arrangers to keep the terms of that EFIH First Lien DIP Letter confidential.

19. Indeed, the EFIH First Lien DIP Letter contains detailed proprietary information describing fees to be paid in conjunction with the EFIH First Lien DIP Facility, which information is customarily considered by the EFIH First Lien Arrangers, in particular, as well as the finance lending industry, in general, to be highly-sensitive, confidential information and not typically disclosed to the public. Given the highly competitive nature of the investment banking and lending industries, it is of the utmost importance that the details of the fee structures set forth in the EFIH First Lien DIP Letter be kept confidential so that competitors cannot use the information contained therein to gain a strategic advantage in the marketplace.

20. Finally, courts in this district have consistently authorized the filing of similar confidential financing documents under seal in other chapter 11 cases. *See, e.g.*, *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del. June 11, 2013) (authorizing debtors to file under

10

seal DIP financing fee letter); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. July 29, 2013) (authorizing debtors to file exit financing fee letters under seal); *In re CHL Ltd.*, No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012) (authorizing debtors to file under seal fee letter relating to DIP credit agreement and postpetition financing facility); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) (authorizing debtors to file under seal fee letter related to DIP financing); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[10]

21. The EFIH Debtors therefore submit that good cause exists to authorize the EFIH Debtors to file the EFIH First Lien DIP Letter under seal because of the harm that would ensue if the sensitive and confidential commercial information contained in the EFIH First Lien DIP Letter became public information.

### Notice

22. Notice of this Motion shall be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:

---

[10] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

(i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to Oncor; (q) the SEC; (r) the Internal Revenue Service; (s) the Office of the United States Attorney for the

District of Delaware; (t) the Office of the Texas Attorney General on behalf of the PUC; (u) counsel to ERCOT; and (v) Texas Transmission Investment LLC. The EFIH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the EFIH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: April 29, 2014

/s/ Mark D. Collins

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-_____ (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

## ORDER AUTHORIZING ENERGY FUTURE
## INTERMEDIATE HOLDING COMPANY LLC AND
## EFIH FINANCE, INC. TO FILE UNDER SEAL THE CERTAIN
## FEE LETTER RELATED TO PROPOSED DEBTOR-IN-POSSESSION FINANCING

Upon the motion (the "Motion")[2] Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors" and, together with the other above-captioned debtors and debtors in possession, the "Debtors"), for entry of an order (this "Order"), (a) authorizing the EFIH Debtors to file under seal the certain letter (the "EFIH First Lien DIP Letter") regarding (i) the engagement and (ii) fees related to the EFIH Debtors' proposed senior secured superpriority debtor-in-possession credit agreement (the "EFIH DIP Credit Agreement"); and (b) directing that the EFIH First Lien DIP Letter shall remain under seal and confidential and not be made available to anyone without the consent of the EFIH Debtors and EFIH First Lien Arrangers, except to (i) the Court, (ii) the U.S. Trustee on a confidential basis, and (iii) the advisors to any statutory committee appointed in the EFIH

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or EFIH DIP Credit Agreement, as applicable.

Debtors' chapter 11 cases on a confidential basis and on a "professionals' eyes only" basis; and upon the First Day Declaration and the Goldstein Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The EFIH Debtors are authorized to file the EFIH First Lien DIP Letter under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. The EFIH First Lien DIP Letter is confidential, shall remain under seal, and shall not be made available to anyone without the consent of the EFIH Debtors and EFIH First Lien Arrangers, except that copies of the EFIH First Lien DIP Letter shall be provided to (i) the Court, (ii) the U.S. Trustee on a confidential basis, and (iii) the advisors to any statutory committee

appointed in the EFIH Debtors' chapter 11 cases on a confidential basis and on a "professionals' eyes only" basis.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This order is without prejudice to the rights of any party in interest to seek to declassify and make public any portion of the material filed under seal.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

UNITED STATES BANKRUPTCY JUDGE