**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: D.I. 8** |
| | ) |

**DEBTORS' RESPONSE AND PARTIAL OPPOSITION TO THE MOTION
OF WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO
RULE 2002 AND 9006 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND 11 U.S.C. SECTION 105(a) TO SHORTEN NOTICE OF,
AND SCHEDULE HEARINGS ON, (I) REQUEST TO TRANSFER VENUE;
AND (II) REQUEST TO CONDUCT DISCOVERY UNDER RULE 2004**

The above-captioned debtors and debtors in possession (collective, the "Debtors") file

this response and partial opposition to the Motion Of Wilmington Savings Fund Society, FSB

(the "Second Lien Trustee" or "Trustee") Pursuant To Rule 2002 And 9006 Of The Federal

Rules Of Bankruptcy Procedure And 11 U.S.C. Section 105(a) To Shorten Notice Of, And

Schedule Hearings On, (I) Request To Transfer Venue; And (II) Request To Conduct Discovery

Under Rule 2004 [D.I. 8] (the "Motion to Expedite").

**PRELIMINARY STATEMENT**

The Debtors firmly believe that the U.S. Bankruptcy Court for the District of Delaware is

the most appropriate venue for these chapter 11 cases and that the Debtors' choice to file these

proceedings in this Court should be afforded great weight. But regardless of the merit (or lack

thereof) of Second Lien Trustee's motion to transfer venue, the Debtors agree that venue is a

threshold issue and have no objection to it being heard on an expedited basis. As explained in

greater detail below, the Debtors are prepared to file their response to the Second Lien Trustee's

request to transfer venue within three days of a hearing on the motion, as the Second Lien Trustee proposed, but ask that the Court give them until at least Tuesday, May 8, 2014—a week after the Trustee's filing—to submit that opposition.

The remaining portions of the Second Lien Trustee's Motion to Expedite, concerning the Trustee's Rule 2004 discovery motion, should be denied.[1]  The Trustee altogether fails to identify any exigencies that justify expediting its Rule 2004 motion.  While the Second Lien Trustee claims in its motion that the proposed discovery "pertains to issues critical to this Court's conduct of these cases in their earliest days," the discovery itself tells a different story.  The Trustee's sweeping document requests and proposed topics of examination principally concern valuation and intercompany issues that are central to plan confirmation.  There is no reason—and the Second Lien Trustee does not even attempt to provide one—why these longer-term issues should distract the parties' and Court's attention from more immediate issues related to the First and Second day hearings.

In addition, the Second Lien Trustee's far-reaching discovery touches on issues that will be relevant to a much larger group of stakeholders.  The Debtors propose that the Second Lien Trustee's motion for Rule 2004 discovery proceed on a schedule that will allow all parties, including any committee(s), which have yet to be formed, to participate and be heard.  A coordinated discovery process involving all constituents would be far more effective and efficient than the Second Lien Trustee's proposal, which will result in disjointed and duplicative discovery work.  Moreover, the Debtors firmly believe that it is critical that the Debtors'

---

[1] The Debtors vehemently dispute the Second Lien Trustee's characterizations of purported mismanagement and conflicts of interest in its request to conduct discovery under Rule 2004, which the Debtors will address at the appropriate time.  While that sort of posturing seems designed only to foment controversy at the outset of these cases, it is irrelevant to whether one constituency's Rule 2004 request should be expedited.  This brief responds only to the issue before the Court: the propriety of the Second Lien Trustee's narrow request to expedite consideration of its massive discovery demands.

resources are not diverted to deal with a set of requests focusing on longer-term issues. Doing so would distract the parties and this Court from the primary focus—pursuing a value-maximizing transaction that will benefit all the parties in interest.

## ARGUMENT

### I.   THE DEBTORS DO NOT OPPOSE AN EXPEDITED SCHEDULE ON THE SECOND LIEN TRUSTEE'S REQUEST TO TRANSFER VENUE

The Debtors agree that venue is a threshold issue and do not object to a shortened briefing schedule on the Second Lien Trustee's request to transfer venue. (D.I. 8)  The Debtors propose to file their response to the Second Lien Trustee's request to transfer venue within three days of a hearing on the motion, as the Second Lien Trustee requested, and ask that the Court give them until at least Tuesday, May 8, 2014—a week after the Trustee's filing—to submit that opposition. As suggested by the Second Lien Trustee, the hearing should be scheduled at the Court's convenience.

### II.   THE COURT SHOULD DENY THE SECOND LIEN TRUSTEE'S MOTION FOR EXPEDITED BRIEFING OF ITS REQUEST TO CONDUCT DISCOVERY UNDER RULE 2004

#### A.   The Second Lien Trustee Identifies No Exigencies Justifying An Expedited Schedule On Its Rule 2004 Motion

The Second Lien Trustee dedicates only two paragraphs of its eight-page motion to why it believes notice should be shortened on its request to take Rule 2004 discovery and, in that space, the Trustee provides no specific reason for expediting the briefing schedule. In conspicuously vague terms, the Trustee suggests that the discovery sought "pertains to issues critical to this Court's conduct of these cases in their earliest days and the Court's consideration of the various requests for relief by the Debtors that might otherwise lock in the restructuring agenda favored by management and senior lenders." (Mot. to Expedite, at 6)  The Trustee fails to expand on this claim, fails to identify any of the issues supposedly critical in the early days of

3

these proceedings to which its discovery is aimed, and fails to show cause for expediting briefing on its Rule 2004 motion.

Even a cursory review of the Trustee's proposed document requests and examination topics demonstrates that they are aimed principally at plan confirmation issues, for which there is no justifiable reason to expedite the already truncated notice period. Highlighting just a few of the requests—which are illustrative of the whole—makes plain that these discovery requests do not require an expedited briefing schedule:

- "All Documents relating to 'upstream loans' from Texas Competitive Energy Holdings, LLC to Energy Future Holdings Corporation or any other Debtor."

- "All Documents concerning a 'tax free' or taxable spinoff of the assets or businesses of any of the Debtors."

- "All Documents concerning the valuation of the Debtors' assets or business."

(Doc. Req. to Debtors, Nos. 12, 41, 44.) These requests, and the vast majority of others, concern issues that will be relevant to plan confirmation, not to issues that will arise in the first days of these cases.

The sheer breadth of discovery sought by the Second Lien Trustee also belies its suggestion that it seeks only targeted information "critical to this Court's conduct of these cases in their earliest days." (Mot. to Expedite, at 6) The requests themselves are astonishingly broad in scope—covering nearly every piece of paper in the Debtors' possession, from utility bills to board presentations, concerning nearly every conceivable issue in these proceedings—and are directed at a broad audience, including the Debtors, and the Debtors' individual directors, shareholders, and senior lenders. The Trustee seeks to serve over a hundred document requests and examine an unspecified number of witnesses on over a hundred topics:

| Discovery Target | Document Requests | Topics of Examination |
|---|---|---|
| Debtors | 54 | 38 |
| Directors | 32 | 29 |
| Sponsors | 27 | 25 |
| Senior Lenders | 29 | 31 |
| Total | 142 | 123 |

As stated above, the Debtors expect that many constituencies will seek discovery in these proceedings and that the parties will negotiate in good faith over the scope and timing of those requests. There is no reason to expedite the Trustee's request to take proposed discovery, largely on confirmation issues, when doing so will distract the Debtors from more pressing issues related to the First and Second Day hearings. *See In re Perrotta*, 378 B.R. 27 (Bankr. D.N.H. 2007) (denying motion to expedite Rule 2004 examination in chapter 7 proceeding: "If the UST is required, or permitted, to demand expedited requests for production of documents or examination of a debtor pursuant to Rule 2004 in order to determine whether or not to file a motion . . . under § 704(b)(2), a debtor and her counsel would be required to 'drop everything' to respond to such a request . . .").

In addition, expediting one constituency's massive request for discovery will prejudice the ability of all concerned constituents to discuss and potentially arrive at an agreed protocol for production from all parties, including the handling of electronic discovery, reasonable scope limitations and even staging of production to meet the needs to the case as they arise. None of this can be accomplished, nor can discovery be managed sensibly, by the Trustee's "give us everything immediately" approach.

RLF1 10261380v.1

**B.**     **Several Factors Militate Against Expediting The Briefing Schedule On The Second Lien Trustee's Rule 2004 Motion**

Setting aside the Second Lien Trustee's failure to identify any exigencies supporting its request to expedite the Rule 2004 motion, there are several reasons to hear the Second Lien Trustee's motion on a normal briefing schedule. The Trustee's proposed discovery, due to its sheer breadth, goes well beyond issues specific to the Second Lien creditors and affects other creditors that should be involved in a coordinated discovery process. Expediting the Trustee's far-reaching discovery, particularly before the formation of an unsecured creditors' committee, creates a serious risk of staggered and duplicative work that will be a waste of the Debtor's assets—to the detriment of all parties. The Debtors have finalized a Restructuring Support Agreement and have begun preparing a disclosure statement in connection with that agreement. The Debtors seek a more reasonable briefing schedule so they can evaluate which of Trustee's requests are properly funneled to confirmation-related discovery as part of the broader restructuring efforts. The Debtors submit that this would be a far more efficient process than the Second Lien Trustee's proposal, which would very likely result in uncoordinated and piecemeal discovery.

In addition, in a case of this magnitude, it is critical that the Debtors' resources are not diverted to deal with a set of requests focused on longer-term issues. Doing so would distract the parties and the Court from the primary focus—pursuing a value-maximizing transaction that will benefit all the parties in interest.

RLF1 10261380v.1

Dated: April 30, 2014
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
           defranceschi@rlf.com
           madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:       richard.cieri@kirkland.com
           edward.sassower@kirkland.com
           stephen.hessler@kirkland.com
           brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.sprayregen@kirkland.com
           chad.husnick@kirkland.com
           steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

RLF1 10261380v.1