# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Joint Administration Requested) |
| | ) Re: D.I. 36, 73 |

**SUPPLEMENTAL DECLARATION OF STEPHEN GOLDSTEIN IN SUPPORT OF (I) THE MOTION OF TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC AND CERTAIN OF ITS DEBTOR AFFILIATES FOR ENTRY OF INTERIM AND FINAL ORDERS (A) APPROVING POSTPETITION FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) MODIFYING THE AUTOMATIC STAY, AND (D) SCHEDULING A FINAL HEARING AND (II) THE MOTION AUTHORIZING TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC AND CERTAIN OF ITS DEBTOR AFFILIATES TO FILE UNDER SEAL THE CERTAIN FEE LETTER RELATED TO PROPOSED DEBTOR-IN-POSSESSION FINANCING**

I, Stephen Goldstein, declare as follows:

1. I submit this supplemental declaration (this "Supplemental Declaration") in response to a request for additional information from the U.S. Trustee about, and in further support of, the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [D.I. 73] (the "TCEH DIP Motion") and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 10261719v.1

the *Motion Authorizing Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates to File Under Seal the Certain Fee Letter Related to Proposed Debtor-in-Possession Financing* [D.I. 36] (the "TCEH DIP Seal Motion"). Specifically, this Supplemental Declaration addresses the aggregate fees associated with the DIP Facility and the filing under seal of the TCEH DIP Letter.[2]

2. I submitted an initial Declaration in support of the TCEH DIP Motion on April 29, 2014 [D.I. 73].

### The Aggregate Fees Associated With the DIP Facility

3. The aggregate fees payable to the DIP Lenders in connection with the DIP Facility range from approximately 2.0% ($91 million) to 2.2% ($100 million) of the total DIP Financing commitment of $4.475 billion through the 24-month Maturity Date, depending upon whether the TCEH Debtors draw upon the Delayed-Draw Term Facility for purposes of funding the RCT L/C Collateral Account to support RCT Letters of Credit.

### The Debtors' Request to File the TCEH DIP Fee Letter Under Seal

4. Based on my professional experience and discussions with the DIP Lenders and the TCEH Debtors, filing such fee letters under seal is routinely done and I believe that the public disclosure of TCEH DIP Letter would be detrimental to the Debtors' estate for at least three reasons:

5. First, the TCEH DIP Letter includes provisions that, if disclosed, are likely to increase the cost of syndicating the DIP Facility. The disclosure of the terms at issue would make it more likely that the TCEH Debtors would be forced to pay the maximum allowable interest rate under the DIP Facility, which would be harmful to the estate.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the TCEH DIP Motion or the TCEH DIP Seal Motion, as applicable.

6.     Second, the TCEH DIP Letter includes proprietary information of the TCEH Arrangers concerning their fee structures that could be used by competitors to undercut their business. Based on my experience in negotiating these types of DIP financing facilities, it is typical and understandable for arrangers to seek to protect from disclosure their sophisticated, proprietary methodology for calculating fees.

7.     Finally, and relatedly, the TCEH Arrangers have required that the TCEH Debtors keep the TCEH DIP Letter confidential, as its disclosure may disadvantage the TCEH Arrangers in the competitive marketplace. In addition to potential harm to the TCEH Arrangers, the public dissemination of this information could jeopardize the TCEH Debtors' ability to obtain postpetition financing, as other potential lenders may fear that their own fee structures will be publicly disclosed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 30 2014

_____
Stephen Goldstein
Senior Managing Director
Evercore Group LLC