**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE COMPETITIVE | ) | Case No. 14-11005 (CSS) |
| HOLDINGS COMPANY LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TEXAS COMPETITIVE ELECTRIC | ) | Case No. 14-10978 (CSS) |
| HOLDINGS COMPANY LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TCEH FINANCE, INC., | ) | Case No. 14-11028 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 4CHANGE ENERGY COMPANY, | ) | Case No. 14-10980 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 4CHANGE ENERGY HOLDINGS LLC, | ) | Case No. 14-10981 (CSS) |
| | ) | |
| Debtor. | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG BROWN 3 POWER COMPANY LLC, | Case No. 14-10983 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG BROWN LIGNITE COMPANY LLC, | Case No. 14-10986 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG BROWN POWER COMPANY LLC, | Case No. 14-10988 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| COLLIN POWER COMPANY LLC, | Case No. 14-10998 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| DECORDOVA II POWER COMPANY LLC, | Case No. 14-11003 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| DECORDOVA POWER COMPANY LLC, | Case No. 14-10982 (CSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |

2

| | | |
|---|---|---|
| EAGLE MOUNTAIN POWER COMPANY LLC, | ) | Case No. 14-10984 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERATION MT COMPANY LLC, | ) | Case No. 14-11021 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENERATION SVC COMPANY, | ) | Case No. 14-11025 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAKE CREEK 3 POWER COMPANY LLC, | ) | Case No. 14-11029 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LUMINANT BIG BROWN MINING COMPANY LLC, | ) | Case No. 14-11018 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LUMINANT ENERGY COMPANY LLC, | ) | Case No. 14-11023 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LUMINANT ENERGY TRADING, | ) | Case No. 14-11026 (CSS) |

3

CALIFORNIA COMPANY, )
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT ET SERVICES COMPANY,   )    Case No. 14-11030 (CSS)
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT GENERATION COMPANY     )    Case No. 14-11032 (CSS)
LLC,                )
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT HOLDING COMPANY LLC,   )    Case No. 14-11037 (CSS)
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT MINERAL DEVELOPMENT    )    Case No. 14-11040 (CSS)
COMPANY LLC,        )
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT MINING COMPANY LLC,    )    Case No. 14-11042 (CSS)
                    )
            Debtor. )
                    )
_____ )
                    )
In re:              )    Chapter 11
                    )
LUMINANT RENEWABLES COMPANY     )    Case No. 14-11044 (CSS)
LLC,                )

NEWYORK 9197898

|                                                  |   |                           |
|--------------------------------------------------|---|---------------------------|
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |
| MARTIN LAKE 4 POWER COMPANY LLC,                 | ) | Case No. 14-11010 (CSS)   |
|                                                  | ) |                           |
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |
| MONTICELLO 4 POWER COMPANY LLC,                  | ) | Case No. 14-11011 (CSS)   |
|                                                  | ) |                           |
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |
| MORGAN CREEK 7 POWER COMPANY LLC,                | ) | Case No. 14-11014 (CSS)   |
|                                                  | ) |                           |
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |
| NCA RESOURCES DEVELOPMENT COMPANY LLC,           | ) | Case No. 14-11016 (CSS)   |
|                                                  | ) |                           |
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |
| OAK GROVE MANAGEMENT COMPANY LLC,                | ) | Case No. 14-11022 (CSS)   |
|                                                  | ) |                           |
|                                       Debtor.    | ) |                           |
|                                                  | ) |                           |
| ———————————————————————————————                 | ) |                           |
|                                                  | ) |                           |
| In re:                                           | ) | Chapter 11                |
|                                                  | ) |                           |

5

OAK GROVE MINING COMPANY LLC,                )    Case No. 14-11024 (CSS)
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
OAK GROVE POWER COMPANY LLC,                 )    Case No. 14-11027 (CSS)
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
SANDOW POWER COMPANY LLC,                    )    Case No. 14-11033 (CSS)
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
TRADINGHOUSE 3 & 4 POWER                     )    Case No. 14-11046 (CSS)
COMPANY LLC,                                 )
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
TRADINGHOUSE POWER COMPANY                   )    Case No. 14-10985 (CSS)
LLC,                                         )
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
TXU ENERGY RECEIVABLES                       )    Case No. 14-10993 (CSS)
COMPANY LLC,                                 )
                                             )
                    Debtor.                  )
                                             )
_____  )
                                             )
In re:                                       )    Chapter 11
                                             )
TXU ENERGY RETAIL COMPANY LLC,               )    Case No. 14-10997 (CSS)

NEWYORK 9197898

|  |  |  |
|---|---|---|
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TXU ENERGY SOLUTIONS COMPANY LLC, | ) | Case No. 14-11002 (CSS) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TXU RETAIL SERVICES COMPANY, | ) | Case No. 14-11009 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TXU SEM COMPANY, | ) | Case No. 14-11013 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VALLEY NG POWER COMPANY LLC, | ) | Case No. 14-11015 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VALLEY POWER COMPANY LLC, | ) | Case No. 14-11020 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## EMERGENCY MOTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS FOR A LIMITED ADJOURNMENT OF THE HEARING ON FIRST DAY MOTIONS

NEWYORK 9197898

The ad hoc group of certain holders (the "Ad Hoc Group of TCEH Unsecured Noteholders") of approximately $2.74 billion aggregate principal amount of 10.25% Fixed Senior Notes due 2015 (including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the "Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc. ("TCEH Finance"),[1] by and through its undersigned counsel, hereby files its emergency motion (the "Motion") seeking a limited adjournment of the hearing (currently scheduled for May 1, 2014 at 9:30 a.m.) (the "First Day Hearing") on those first day pleadings seeking relief with respect to TCEH, its direct parent Energy Future Competitive Holdings Company LLC ("EFCH"), and their subsidiaries that are Debtors (the "TCEH Debtors"), for which the TCEH Debtors' fail to demonstrate at the outset of the First Day Hearing that the relief being sought is essential to preserve the assets of the TCEH Debtors' estates and to maintain ongoing business operations.[2]  In support of the Motion, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully represents as follows:

## BACKGROUND

1.       On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to operate their businesses as debtors in possession pursuant to

[1]       The Ad Hoc Group of TCEH Unsecured Noteholders and counsel recognize the obligation to file a verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019.  Due to the fluidity of the group members' holdings with respect to the various disclosable economic interests held in relation to the Debtors at the outset of these chapter 11 cases, counsel has not yet filed such statement, but intends to do so with reasonable promptness.

[2]       The Ad Hoc Group of TCEH Unsecured Noteholders does not seek to adjourn the First Day Hearing with respect to motions that seek relief solely as to Debtors other than the TCEH Debtors and do not otherwise impact the TCEH Debtors' estates.

NEWYORK 9197898

section 1107(a) and 1108 of the Bankruptcy Code.  No official committee of creditors has yet been appointed in any of these Chapter 11 Cases.

2.      In the two months leading up to the Petition Date, counsel for the Ad Hoc Group of TCEH Unsecured Noteholders requested on several occasions that Debtors' counsel share advance copies of the first day pleadings to be filed on the Petition Date (the "First Day Motions").  Such requests were made to provide the Ad Hoc Group of TCEH Unsecured Noteholders an opportunity to assess the relief being sought with respect to the TCEH Debtors and to give the parties a chance to address any issues or objections with respect to the First Day Motions prior to the Petition Date so as to limit, or eliminate, the issues that would need to be litigated in the early stages of these Chapter 11 Cases.  Unfortunately, such requests were either rejected or ignored.

3.      On the Petition Date, following the filing of the Debtors' 71 petitions, the Debtors began filing on a rolling basis their First Day Motions, with the Declaration of Paul Keglevic in Support of First Day Motions [Docket No. 98] (the "First Day Declaration") being filed after 6 p.m. on the evening of April 29, 2014.  All told, the Debtors have so far filed petitions, motions, declarations and related documents totaling well over 1,700 pages and seek relief with respect to 17 different motions.

4.      In the evening of the Petition Date, the Debtors filed a notice of the First Day Hearing, indicating that the First Day Hearing has been scheduled for Thursday, May 1, 2014 at 9:30 a.m.  Notably, based on our preliminary review of the relief sought in the First Day Motions that impacts the TCEH Debtors, much of it is intended to permit the TCEH Debtors to make millions of dollars of payments to the Oncor Debtors, to permit hundreds of millions of dollars to be paid to prepetition secured lenders (who the Debtors quixotically posit are

9

undersecured), and to advance the complex tax-driven transaction contemplated by the 200-page Restructuring Support Agreement (the "RSA") annexed to the First Day Declaration. Such relief involves numerous complex issues of law and fact as to which no analysis or discovery could be conducted in the time provided, and once the money has been spent, there is likely no way of retrieving it. Importantly, such relief is not necessary to maintain and protect the TCEH Debtors' business until a further interim hearing can be conducted.

5.      After receiving notice of the First Day Hearing, to permit parties in interest a meaningful opportunity to review, respond to, and engage with the TCEH Debtors regarding, the relief requested in the First Day Motions, counsel for the Ad Hoc Group of TCEH Unsecured Noteholders requested that the TCEH Debtors agree to a brief adjournment of the First Day Hearing with respect to relief related to the TCEH Debtors that was not essential to preserve the assets of the TCEH Debtors' estates and to maintain ongoing business operations. Counsel also implored the TCEH Debtors to segregate out what was fiscally and operationally critical to tide the TCEH Debtors over until next week. Such requests were rejected, prompting the filing of this Motion.

## JURISDICTION

6.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

7.      By this Motion, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully requests that the Court: (i) require, at the outset of the First Day Hearing, that the TCEH Debtors make a showing regarding what relief sought by the First Day Motions is essential to preserve the assets of the TCEH Debtors' estates and to maintain ongoing business operations; and (ii) with respect to any relief sought by the First Day Motions for which that

10

showing is not made, adjourn such matters from May 1, 2014 to a later date chosen by the Court,

in order that parties shall have a reasonable opportunity to digest, respond to, and engage with

the TCEH Debtors regarding, those First Day Motions.

## BASIS FOR RELIEF

8.    Pursuant to Rule 9013-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court District of Delaware, any motion filed by a

debtor on less than seven days' notice and prior to the meeting of creditors under section 341 of

the Bankruptcy Code must, among other things, "be confined to matters of a genuinely emergent

nature required to preserve the assets of the estate and to maintain ongoing business operations . .

. ." See Del. Bankr. L.R. 9013-1(m)(i)-(ii). The burden of establishing the emergent nature and

the appropriateness of an expedited hearing on the requested relief lies with the debtor. See Del.

Bankr. L.R. 9013-1(m)(v). The TCEH Debtors have not established that each and every form of

relief they seek in the First Day Motions with respect to their estates, on less than 48 hours'

notice, is genuinely emergent in nature, and parties' due process rights should not be prejudiced.

9.    The TCEH Chapter 11 Cases arise from the largest leveraged buyout in

U.S. history and constitute the second largest chapter 11 filing (by asset value) ever to occur in

the District of Delaware. Undoubtedly, the TCEH Chapter 11 Cases are large and complex, and

many of the issues presented will be equally complex. Parties in interest will need adequate time

throughout these Chapter 11 Cases to properly assess these complex issues and determine how

resolution of such issues affects their interests. This is no different with respect to the First Day

Motions.

10.    As stated above, as of the filing of this Motion, the Debtors have filed

more than 1,700 pages of First Day Motions and related documents, and they seek a hearing on

less than 48 hours' notice. Unlike many other stakeholders, however, the Ad Hoc Group of

TCEH Unsecured Noteholders—one of the largest constituencies of unsecured creditors in these

Chapter 11 Cases—was not afforded an opportunity to review the First Day Motions in advance

of the Petition Date.  The Debtors rejected (or simply ignored) the Ad Hoc Group of TCEH

Unsecured Noteholders' repeated requests for advance copies.

11.    Notably, much of the relief sought in the First Day Motions appears to be

directly or indirectly related to the transactions contemplated by the 200-plus page RSA attached

to the First Day Declaration.  Such transactions contemplated by the RSA appear to improperly

connect resolution of the Chapter 11 Cases of Energy Future Holdings Corp. ("EFH") and

Energy Future Intermediate Holding Company LLC ("EFIH"), on the one hand, with the Chapter

11 Cases of the TCEH Debtors, on the other hand.  This is problematic for many reasons.

12.    Among other things, the thirty-plus Debtors that constitute the TCEH

Debtors, i.e. the entire non-utility business, seek to turn over all of their assets to their senior

secured lenders in a judicial foreclosure, provide no recovery to unsecured creditors and release

all affiliates, management and other fiduciaries without the support of a single non-insider

unsecured creditor of any TCEH Debtor.  Moreover, the RSA process has been tainted by the

conflicts arising out of the distinct and divergent interests of the stakeholders of the TCEH

Debtors and those of EFH and EFIH.  Such conflicts will be pervasive in the Chapter 11 Cases

from the outset, and the reorganization process will be conducted with a direct adversity between

the estates of the TCEH Debtors and EFH and EFIH.  Among other things, the respective estates

are expected to be at odds on issues such as complex corporate tax disentanglement, the

investigation and potential litigation by and between the Debtors over the fallout of their failed

leveraged buy-out, the valuation and apportionment of the Debtors' assets into the two business

lines, the speed of the plan process, and the resolution of inter-Debtor claims and disputes.

NEWYORK 9197898

13.    The only thing that is clear from a limited review of the RSA and related transaction documents is that there needs to be substantially more light shed on the RSA process than "the Debtors" intend to give at the First Day Hearing.

14.    At this point, less than 24 hours prior to the hearing, the Ad Hoc Group of TCEH Unsecured Noteholders cannot in any reasonable fashion complete its review of the First Day Motions and frame potential responses thereto.  Proceeding on the Debtors' timeline thus threatens to materially impair the rights of the Ad Hoc Group of TCEH Unsecured Noteholders and would result in a denial of due process.  See Matthews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

15.    A balance must be struck between the important task of preserving and protecting the TCEH Debtors' estates as they transition into bankruptcy, on the one hand, and protection of stakeholders' due process rights, on the other, including the right to ensure that the relief that is being obtained through the First Day Motions will not dictate the outcome of the TCEH Debtors' Chapter 11 Cases before parties who hold billions of dollars of funded debt claims, who were not included in the negotiations of the RSA, and are currently slated to receive little or nothing pursuant thereto, can conduct an appropriate and necessary investigation into the transactions described in the RSA and related matters that will be swept away pursuant to its terms.

16.    Accordingly, the Ad Hoc Group of TCEH Unsecured Noteholders seeks only that the First Day Hearing be adjourned with respect to those matters affecting the TCEH Debtors that seek relief that the TCEH Debtors fail to demonstrate is essential to preserve the

NEWYORK 9197898

assets of the TCEH Debtors' estates and to maintain ongoing business operations pending a future first day setting.

## NOTICE

17.     Notice of this Motion has been provided via CM/ECF notification to all persons receiving such notices in the Chapter 11 Cases.  In addition, an electronic copy of this Motion was provided by electronic mail and/or hand delivery to (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for the proposed DIP Agent Citibank, N.A.; and (iv) all parties who have filed a notice of appearance in the Chapter 11 Cases, to the extent email addresses have been provided.

## CONCLUSION

WHEREFORE, the Ad Hoc Group of TCEH Unsecured Noteholders requests that the Court (i) require, at the outset of the First Day Hearing, that the TCEH Debtors make a showing regarding what relief sought by the First Day Motions is essential to preserve the assets of the TCEH Debtors' estates and to maintain ongoing business operations; (ii) solely with respect to those First Day Motions for which that showing is not made, adjourn the First Day Hearing from May 1, 2014 to a later date chosen by the Court; and (iii) grant such further relief as the Court deems just and proper.

NEWYORK 9197898

Dated: April 30, 2014
       Wilmington, Delaware

FOX ROTHSCHILD LLP

By: _____

Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 463-4971
jschlerf@foxrothschild.com
jstrock@foxrothschild.com
lbird@foxrothschild.com

and

WHITE & CASE LLP
Thomas E Lauria (admission *pro hac vice* pending)
Matthew C. Brown (admission *pro hac vice* pending)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admission *pro hac vice* pending)
Gregory M. Starner (admission *pro hac vice* pending)
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
gstarner@whitecase.com

*Counsel to the Ad Hoc Group of*
*TCEH Unsecured Noteholders*

NEWYORK 9197898