IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>**Related to Docket No. 37** |
| In re<br><br>ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-11005 (CSS) |
| In re:<br><br>TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10978 (CSS) |
| In re:<br><br>TCEH FINANCE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-11028 (CSS) |
| In re:<br><br>4CHANGE ENERGY COMPANY,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10980 (CSS) |
| In re:<br><br>4CHANGE ENERGY HOLDINGS LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10981 (CSS) |

NEWYORK 9198678 v1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BIG BROWN 3 POWER COMPANY LLC, | ) | Case No. 14-10983 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| BIG BROWN LIGNITE COMPANY LLC, | ) | Case No. 14-10986 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| BIG BROWN POWER COMPANY LLC, | ) | Case No. 14-10988 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| COLLIN POWER COMPANY LLC, | ) | Case No. 14-10998 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| DECORDOVA II POWER COMPANY LLC, | ) | Case No. 14-11003 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| DECORDOVA POWER COMPANY LLC, | ) | Case No. 14-10982 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |

NEWYORK 9198678 v1

| | | |
|---|---|---|
| EAGLE MOUNTAIN POWER COMPANY LLC, | ) ) ) | Case No. 14-10984 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| GENERATION MT COMPANY LLC, | ) ) | Case No. 14-11021 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| GENERATION SVC COMPANY, | ) ) | Case No. 14-11025 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LAKE CREEK 3 POWER COMPANY LLC, | ) ) ) | Case No. 14-11029 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT BIG BROWN MINING COMPANY LLC, | ) ) ) | Case No. 14-11018 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT ENERGY COMPANY LLC, | ) ) | Case No. 14-11023 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT ENERGY TRADING | ) | Case No. 14-11026 (CSS) |

NEWYORK 9198678 v1

| | | |
|---|---|---|
| CALIFORNIA COMPANY, | ) | |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT ET SERVICES COMPANY, | ) ) ) | Case No. 14-11030 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT GENERATION COMPANY LLC, | ) ) ) | Case No. 14-11032 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT HOLDING COMPANY LLC, | ) ) | Case No. 14-11037 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT MINERAL DEVELOPMENT COMPANY LLC, | ) ) ) | Case No. 14-11040 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT MINING COMPANY LLC, | ) ) ) | Case No. 14-11042 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| LUMINANT RENEWABLES COMPANY LLC, | ) ) | Case No. 14-11044 (CSS) |

|  |  |  |
|---|---|---|
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| MARTIN LAKE 4 POWER COMPANY LLC, | ) | Case No. 14-11010 (CSS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| MONTICELLO 4 POWER COMPANY LLC, | ) | Case No. 14-11011 (CSS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| MORGAN CREEK 7 POWER COMPANY LLC, | ) | Case No. 14-11014 (CSS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| NCA RESOURCES DEVELOPMENT COMPANY LLC, | ) | Case No. 14-11016 (CSS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| OAK GROVE MANAGEMENT COMPANY LLC, | ) | Case No. 14-11022 (CSS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |

5

| | | |
|---|---|---|
| OAK GROVE MINING COMPANY LLC, | ) | Case No. 14-11024 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| OAK GROVE POWER COMPANY LLC, | ) | Case No. 14-11027 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| SANDOW POWER COMPANY LLC, | ) | Case No. 14-11033 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TRADINGHOUSE 3 & 4 POWER COMPANY LLC, | ) | Case No. 14-11046 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TRADINGHOUSE POWER COMPANY LLC, | ) | Case No. 14-10985 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| TXU ENERGY RECEIVABLES COMPANY LLC, | ) | Case No. 14-10993 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |

NEWYORK 9198678 v1

|  |  |  |
|---|---|---|
| TXU ENERGY RETAIL COMPANY LLC, | ) | Case No. 14-10997 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| TXU ENERGY SOLUTIONS COMPANY LLC, | ) ) ) | Case No. 14-11002 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| TXU RETAIL SERVICES COMPANY, | ) ) | Case No. 14-11009 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| TXU SEM COMPANY, | ) ) | Case No. 14-11013 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| VALLEY NG POWER COMPANY LLC, | ) ) | Case No. 14-11015 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| VALLEY POWER COMPANY LLC, | ) ) | Case No. 14-11020 (CSS) |
| Debtor. | ) ) ) | |

NEWYORK 9198678 v1

**LIMITED PRELIMINARY OBJECTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) CONTINUE USING CERTAIN INVESTMENT ACCOUNTS; (B) AUTHORIZING CONTINUED INTERCOMPANY TRANSACTIONS AND NETTING OF INTERCOMPANY CLAIMS; AND (C) GRANTING POSTPETITION <u>INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY</u>**

The ad hoc group of certain holders (the "Ad Hoc Group of TCEH Unsecured Noteholders") of approximately $2.74 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the "Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc. ("TCEH Finance")[1] by and through its undersigned counsel, hereby files this limited preliminary objection (the "Limited Objection") to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority [Docket No. 37] (the "Cash Management Motion").[2] In support of the Limited Objection, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully represents as follows:

---

[1] The Ad Hoc Group of TCEH Unsecured Noteholders and its counsel recognize the obligation to file a verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019. Due to the fluidity of the group members' holdings with respect to the various disclosable economic interests held in relation to the Debtors at the outset of these chapter 11 cases, counsel has not yet filed such statement, but intends to do so with reasonable promptness.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Cash Management Motion.

## PRELIMINARY STATEMENT

1.  The Ad Hoc Group of TCEH Unsecured Noteholders does not object to the Debtors' request in the Cash Management Motion for authorization to continue following certain pre-petition cash management practices including their use of their existing cash management system, accounts, and forms.

2.  The Ad Hoc Group of TCEH Unsecured Noteholders does object, however, to the Debtors' attempt to embed substantive relief in a seemingly run-of-the-mill cash management motion by seeking authority to divert material amounts of funds from the estates of Debtor TCEH, its direct parent Energy Future Competitive Holdings Company LLC ("EFCH"), and their subsidiaries that are Debtors (the "TCEH Debtors") to EFH Corporate Services Company ("EFH Corporate Services"). With only minimal disclosure and evidentiary support, the Debtors seek authority in the Cash Management Motion for the TCEH Debtors (a) to pay approximately $70 million in amounts purportedly outstanding as of the petition date under the shared services agreement dated October 23, 2013 (the "Shared Services Agreement") and (b) to continue making payments post-petition of amounts coming due to EFH Corporate Services under the Shared Services Agreement. Cash Management Motion ¶¶ 44 - 48. The Court should refrain from granting such relief at this time, pending development of a more fulsome factual record.

3.  Moreover, the Ad Hoc Group of TCEH Unsecured Noteholders objects to certain language in the proposed order approving the Cash Management Motion, which is not addressed in the motion but which would authorize the allocation of certain expenses to the TCEH Debtors without any input from the general unsecured creditors of the TCEH Debtors.

NEWYORK 9198678 v1

## SHARED SERVICES AGREEMENT

4.     Historically, a subsidiary of EFH reportedly billed EFH's other subsidiaries, including TCEH, for information technology, financial, accounting and other administrative services purportedly at cost. See EFCH 2012 10-K, at 142. Those costs to TCEH totaled $265 million in 2012, $213 million in 2011, $193 million in 2010, $82 million in 2009, $66 million in 2008 and $16 million for the period from October 10, 2007 through December 31, 2007. Id.; EFCH 2009 10-K, at 151.

5.     The relationship between that entity (presumably the EFH Corporate Services entity identified by the Debtors in their Cash Management Motion) and TCEH apparently evolved throughout the year before the commencement of the TCEH Debtors' chapter 11 cases. The Shared Services Agreement was put into place on October 23, 2013, between EFH Corporate Services and the TCEH Debtors. Declaration, Ex. A, at 23. Pursuant to that agreement, EFH Corporate Services reportedly provided a range of services to the TCEH Debtors including back-office services, employment of corporate-level employees, and payments directly to vendors on account of expenses incurred by the TCEH Debtors. Id. In exchange, the TCEH Debtors reportedly made cash payments to the EFH "Money Pool Main Account" that was managed by EFH Corporate Services—approximately $2.235 billion in 2013 alone. Id. at 24.

6.     In February 2014, however, this intercompany relationship morphed yet again, in a manner adverse to the interests of the TCEH Debtors. Instead of continuing to make periodic cash payments to EFH Corporate Services, the Debtors disclose that "on February 18, 2014 TCEH LLC posted a deposit letter of credit in the total amount of $157.2 million to

Corporate Services for amounts owing under the TCEH Shared Services Agreement, approximately $100 million of which has been drawn as of the Petition Date." Id. at 24, n.20.

**LIMITED OBJECTION**

7. The relief requested in the Cash Management Motion with respect to the Shared Services Agreement cannot be granted on the bare record before the Court at this time. Disclosure of the Shared Services Agreement and its related transactions is incomplete and raises significant questions. Why was the historical intercompany relationship between the TCEH Debtors and EFH Corporate Services modified in late October 2013? What independent directors, if any, approved the new agreement on behalf of the TCEH Debtors? What are the terms of the agreement, and was it amended, as the Debtors subtly imply? Id. at 23 (defining the TCEH Debtors Shared Services Agreement "as amended"). Why did TCEH shift from cash-pay to a letter of credit mere months before the Petition Date, effectively siphoning over $100 million away from the estates of the TCEH Debtors? In consideration for what services—and on whose authority—did Corporate Services draw $100 million from that letter of credit over the course of only two months (between February 14, 2014 and April 29, 2014)?

8. Additional evidentiary support is particularly necessary because the Debtors have not yet established that such transaction is in the best interests of the TCEH Debtors and their creditors. By their Cash Management Motion, "the Debtors" through a single set of professionals seek Court approval of several intercompany transactions between various Debtor affiliates—EFH Corporate Services, on the one hand, and the TCEH Debtors, on the other hand. Their professed justification for such relief focuses on the purported benefits flowing to all Debtor estates. Cash Management Motion ¶ 47 ("The Shared Services result in efficiencies and

cost savings to the *Debtors*, and create value for the *Debtors* and their estates") (emphasis added).

9. When viewed from the perspective of the TCEH Debtors, however, the record is barren—a fact that is presumably attributable to the lack of any meaningful input from any party interested in preserving the value of the TCEH Debtors' estates. EFH Corporate Services cannot be expected to safeguard the value of assets at the TCEH Debtors, given that it is a direct subsidiary of EFH, and both entities are signatories to the Debtors' restructuring support agreement which contemplates a plan of reorganization that would extinguish EFH's equity interests in the TCEH Debtors' estates. And the largest single class of interested unsecured stakeholders at the TCEH Debtors—the Ad Hoc Group of TCEH Unsecured Noteholders—has been stonewalled in its efforts, both pre- and post-petition, to engage with the Debtors' professionals and understand the scope and need for these transactions.

10. Careful scrutiny and additional evidentiary support is necessary given the material amount of funds of the TCEH Debtors at issue. The Cash Management Motion seeks authority to pay approximately $70 million to EFH Corporate Services, admittedly on account of a pre-petition claim. In other words, "the Debtors" seek authority to permanently remove from the estates of the TCEH Debtors approximately $30 million more through their cash management motion than the amount they seek authorization to pay through their critical vendor motion on behalf of all estates. This amounts to nearly half of the $150 million that the Debtors disclose as available to compensate general unsecured creditors of the TCEH Debtors. Cash Management Motion p. 11, n.14.

11. The Court likewise needs additional evidentiary support before authorizing the TCEH Debtors to make post-petition intercompany payments to EFH Corporate Services on

account of the Shared Services Agreement. These post-petition transactions are essentially post-petition extensions of credit from the TCEH Debtors, which is why the Cash Management Motion seeks to provide them with the assurance of an administrative claim against EFH Corporate Services on account of any transferred funds. See Cash Management Motion ¶ 59. But this provides little assurance to the TCEH Debtors because it appears likely that EFH Corporate Services has no assets and would be unable to repay the TCEH Debtors. Motion of Energy Future Holdings Corp., et a., for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases [Docket No, 17] ¶ 11. ("EFH Corp.'s assets and liabilities that are not attributable to TCEH are mostly attributable to EFIH's indirect ownership of approximately 80% of Oncor."). Instead, the relief requested by the Debtors threatens to permanently and improperly shift value from the TCEH Debtors to EFH Corporate Services and compromise the rights of general unsecured creditors of the TCEH Debtors. And the Cash Management Motion seeks this relief without explaining why the TCEH Debtors must continuously settle their post-petition obligations to EFH Corporate Services in cash. The Court should deny this aspect of the Cash Management Motion absent supplemental evidentiary support for why such payments are truly in the best interests of the TCEH Debtors.

12. Lastly, the Debtors seek authority in paragraph 11 of the proposed order granting the Debtors' Cash Management Motion for the TCEH Debtors to pay additional amounts to directors of EFH Corporate Services outside of the Shared Services Agreement and without input from any general unsecured creditors of the TCEH Debtors. See Exhibit A (Proposed Order) to Cash Management Motion ¶ 11 ("The Debtors shall develop a reasonable allocation of fees, expenses, or other costs associated with the EFH Debtors' and EFIH's board of directors or similar governing bodies, to be agreed upon by the Debtors, the Ad Hoc

Committee of TCEH First Lien Creditors, and the Ad Hoc Committee of EFIH Unsecured Creditors"). This relief cannot be granted, given the absence of any related request in the motion itself. Even to the extent requested, such relief would be inappropriate absent input from true economic stakeholders in the TCEH Debtors' estates, including their general unsecured creditors.

## RESERVATION OF RIGHTS

13. The Ad Hoc Group of TCEH Unsecured Noteholders has sought discovery from the Debtors in connection with the Cash Management Motion and expressly reserves the right to supplement and amend this Limited Objection. Further, the Ad Hoc Group of TCEH Unsecured Noteholders reserves the right to respond, further object, join in, or amend any objection herein with respect to any argument or objection made by any person relating to the Cash Management Motion.

## CONCLUSION

14. Based on the foregoing, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully requests that the Court deny the Cash Management Motion to the limited extent set forth herein.

NEWYORK 9198678 v1

Dated: May 1, 2014
      Wilmington, Delaware

                        FOX ROTHSCHILD LLP

                        By: _____
                        Jeffrey M. Schlerf (No. 3047)
                        John H. Strock (No. 4965)
                        L. John Bird (No. 5310)
                        919 North Market St., Suite 300
                        Wilmington, DE 19801
                        Telephone: (302) 654-7444
                        Facsimile: (302) 463-4971
                        jschlerf@foxrothschild.com
                        jstrock@foxrothschild.com
                        lbird@foxrothschild.com

                        and

                        WHITE & CASE LLP
                        Thomas E Lauria (admission *pro hac vice* pending)
                        Matthew C. Brown (admission *pro hac vice* pending)
                        Southeast Financial Center, Suite 4900
                        200 South Biscayne Blvd.
                        Miami, FL 33131
                        Telephone: (305) 371-2700
                        Facsimile: (305) 358-5744
                        tlauria@whitecase.com
                        mbrown@whitecase.com

                        J. Christopher Shore (admission *pro hac vice* pending)
                        Gregory M. Starner (admission *pro hac vice* pending)
                        1155 Avenue of the Americas
                        New York, NY 10036
                        Telephone: (212) 819-8200
                        Facsimile: (212) 354-8113
                        cshore@whitecase.com
                        gstarner@whitecase.com

                        *Counsel to the Ad Hoc Group of*
                        *TCEH Unsecured Noteholders*

NEWYORK 9198678 v1