# Exhibit B

Case 14-10979-CSS    Doc 289    Filed 05/01/14    Page 1 of 5

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>) Re: Docket No. 74 |

**ORDER APPROVING CERTAIN FEES RELATED TO AND SCHEDULING A FINAL HEARING ON THE PROPOSED POSTPETITION FINANCING OF ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE**

Upon the motion (the "Motion")[2] of Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors" and, together with the other above-captioned debtors and debtors in possession, the "Debtors"), for entry of, among other things, an order (this "Order"), (a) approving and authorizing and directing the Debtors to promptly satisfy certain fees related to the EFIH Debtors' proposed debtor in possession financing in accordance with the EFIH First Lien DIP Commitment Letter and the EFIH First Lien DIP Fee Letter and (b) scheduling a final hearing to consider the approval of the EFIH First Lien DIP Financing and the other relief requested in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or EFIH DIP Credit Agreement, as applicable.

Case 14-10979-CSS    Doc 285-2    Filed 05/01/14    Page 3 of 6

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the interim hearing, if any, before the Court (the "Interim Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The DIP Facility Fee (as defined in the EFIH First Lien DIP Fee Letter), the Ticking Fee (as defined in the EFIH First Lien DIP Fee Letter), and provisions of the EFIH First Lien DIP Commitment Letter providing for the reimbursement of reasonable and documented expenses of the Commitment Parties (as defined in the EFIH First Lien DIP Commitment Letter) (including fees and charges and disbursement of counsel) (collectively, the "Interim Fees") are hereby approved. The EFIH Debtors are authorized and shall promptly satisfy the Interim Fees when due under, to the extent provided in, and in accordance with the EFIH First Lien DIP Commitment Letter and the EFIH First Lien DIP Fee Letter. The Interim Fees shall be entitled to administrative expense priority pursuant to section 503(b) of the Bankruptcy Code and shall be deemed fully earned, indefeasibly paid, irrevocable, and non-avoidable irrespective of whether the EFIH First Lien DIP Financing is approved. For the avoidance of doubt, the EFIH

Debtors will not pay any amounts authorized under this Order in advance of the Final Hearing or unless pursuant to a separate Court order authorizing the EFIH Debtors to use cash collateral.

3. The Final Hearing shall be ~~June 5~~, 2014, at 9:30 a.m./~~p.m.~~, prevailing Eastern Time. The EFIH Debtors shall provide notice of the Final Hearing to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020;

(j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to Oncor; (q) the SEC; (r) the Internal Revenue Service; (s) the Office of the Texas Attorney General on behalf of the PUC; and (t) counsel to ERCOT; (u) Texas Transmission Investment LLC; and (v) any official committee of creditors appointed in these cases pursuant to section 1102 of the Bankruptcy Code. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m. (prevailing Eastern time). ~~Any objections or responses to the Motion must be filed on or before _____, 2014, at 4:00 p.m. prevailing Eastern Time.~~ If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.   The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: May 1, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE