

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 31 |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND CUSTOMER AGREEMENTS, (B) HONOR PREPETITION OBLIGATIONS RELATED THERETO, (C) PAY CERTAIN EXPENSES ON BEHALF OF CERTAIN ORGANIZATIONS, (D) FIX THE DEADLINE TO FILE PROOFS OF CLAIM FOR CERTAIN CUSTOMER CLAIMS, AND (E) ESTABLISH PROCEDURES FOR NOTIFYING CUSTOMERS OF COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES, ASSUMPTION OF THE CUSTOMER AGREEMENTS, AND THE BAR DATE FOR CUSTOMER CLAIMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing, but not directing, the Debtors to honor certain prepetition obligations to customers, continue the Customer Programs and perform under the Customer Agreements in the ordinary course of business, pay certain expenses on behalf of certain organizations, fix the deadline to file proofs of claim for certain customer claims, and establish procedures to notify customers of the commencement of the chapter 11 cases, the Retail Debtors' assumption of Customer Agreements, and the Customer Claims Bar Date for Customer Claims, all as more fully set forth

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to continue to (a) honor any and all obligations under the prepetition Customer Agreements in an aggregate amount not to exceed $14 million, (b) continue to honor the Customer Agreements on a postpetition basis, (c) negotiate with customers, including the authority to (i) modify, amend, and extend existing Customer Agreements and (ii) settle any customer claims arising from or related to the Customer Agreements and Customer Programs; and (d) enter into new contracts and enroll new customers after the Petition Date.

3. The Debtors are authorized, but not directed, to continue the Customer Programs in the ordinary course of business and consistent with the Debtors' historical practices, and to honor

any obligations related to the Customer Programs incurred in the ordinary course of business and consistent with the Debtors' historical practices; *provided, however,* that during the period between the date of entry of this Order and the date of entry of the Assumption Order, the Debtors shall not pay (a) CourtCall costs or expenses relating to noticing and service of filings on behalf of the PUC or ERCOT or (b) prepetition obligations related to the Charitable Contributions Programs (other than the Energy Aid Program).

4. Notwithstanding anything herein to the contrary, nothing in this Order shall authorize the Debtors to pay prepetition obligations owed to the Customer Partners (other than the Channel Partners) that come due after expiration of the period between the Petition Date and the date of entry of the Assumption Order. The Debtors shall seek relief to pay all remaining prepetition obligations to the Call Center Partners and Sales Partners at a final hearing pursuant to the Assumption Order.

5. The Customer Claims Bar Date for filing Proofs of Claims for Customer Claims (including those held by governmental units solely in their capacities as customers of the Debtors) is set for **October 27, 2014, at 5:00 p.m. (prevailing Eastern Time)**.

6. The Customer Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

7. Each customer that asserts a Customer Claim against the Debtors that arose or is deemed to have arisen before the Petition Date shall be required to file an original, written Proof of Claim substantially in the form of Official Form No. 10 attached hereto as **Exhibit 3**.

8. All Proofs of Claim must be filed so as to be **actually received** on or before the the Customer Claims Bar Date by Epiq, the proposed notice and claims agent in these chapter 11

3

cases, in accordance with the requirements and instructions set forth in the Motion and the Customer Notices.

9. Customers that hold the following types of claims are **not** required to file Proofs of Claim for such claims:

    (a) any claim that is paid under this Order;

    (b) claims relating to a Customer Agreement that is being assumed by the Retail Debtors under the Assumption Order, <u>only if</u> the customer agrees that the Cure Amount is $0;

    (c) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form No. 10;

    (d) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases;

    (e) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

    (f) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

10. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

    (a) ***Contents.*** Each Proof of Claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    (b) ***Original Signatures Required.*** Only an <u>original</u> Proof of Claim may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

    (c) ***Identification of the Debtor.*** Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim that is filed (i) under the joint administration case number (No. 14-\_\_\_\_), (ii) against multiple Debtor entities, or (iii) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose,

as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

(d) **Supporting Documentation.** Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

(e) **Timely Service.** Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address:

> *If by First-Class Mail*:
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 4613
> New York, NY 10150-4613
>
> *If by Hand Delivery or Overnight Mail*:
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

(f) **Receipt of Service.** Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Epiq).

11. In accordance with Bankruptcy Rule 3003(c)(2), any customer who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the terms set forth in the Claims Order on or before the Customer Claims Bar Date, or on or before such other date fixed by order of the Court, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution, and will be deemed to have consented to the assumption of its Customer Agreement and it shall be deemed that no Cure Amount is due and owing such customer; *provided*, that the Debtors shall be authorized, but not directed, to honor any Customer Claims that are authorized to be paid under the Claims Order, before or after the Customer

Claims Bar Date, irrespective of whether a Proof of Claim has been filed with respect to such Customer Claim.

12. The Noticing Procedures are hereby approved.

13. The form of Current Customer Notice attached hereto as **Exhibit 1** is hereby approved, and the Debtors are authorized to send the Current Customer Notice to customers by mail.

14. The form of Former Customer Notice attached hereto as **Exhibit 2** is hereby approved, and the Debtors are authorized to send the Former Customer Notice to customers by mail.

15. The Debtors are authorized to publish the Publication Notice in: (i) *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune-Herald*; and (ii) on the restructuring website established by Epiq, the Debtors' proposed noticing and claims agent, available at http://www.efhcaseinfo.com.

16. The hearing to approve the Assumption Order shall be June 5, 2014, at 09:30 a.m. (prevailing Eastern Time). Any objections or responses to the Motion or the proposed assumption must be filed on or before the Assumption Objection Deadline, May 29, 2014, at 04:00 p.m. (prevailing Eastern Time).

17. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH, EFIH Finance Inc., or EFH Corp., [if any], other than with respect to the Energy Aid Program.

18. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the

obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

19. The Debtors are authorized to issue postpetition checks or to effect postpetition wire transfer requests in replacement of any checks or wire transfer requests in respect of any obligations related to the Customer Programs that are dishonored or rejected.

20. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

21. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

22. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

23. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: __May 2__, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE