# EXHIBIT 2 to EXHIBIT A

## Proposed Former Customer Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) )  Chapter 11 ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | )  Case No. 14-10979 (CSS) ) |
| Debtors. | )  (Jointly Administered) ) |

**NOTICE TO FORMER CUSTOMERS OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES AND (B) THE DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS**

---

> **THE DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS IS OCTOBER 27, 2014, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

You are receiving this notice (this "Notice") because, according to the records of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), you are a former customer of the Debtors.

A. **COMMENCEMENT OF CHAPTER 11 CASES AND MEETING OF CREDITORS.**

**COMMENCEMENT OF CASES**: On April 29, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the District of Delaware (the "Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS**: In accordance with section 341 of the Bankruptcy Code, the meeting of the Debtors' creditors will be conducted on [_____], 2014, at [_]:00 a.m./p.m. (prevailing Eastern Time), at the **J. Caleb Boggs Federal Building, 844 King Street, 2nd Floor, Room [___], Wilmington, Delaware 19801**. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

**PURPOSE OF CHAPTER 11 FILING**: Chapter 11 of the Bankruptcy Code enables a debtor to reorganize and/or liquidate pursuant to a chapter 11 plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors and other parties in interest will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.[2]

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**: A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. **The staff of the Clerk of the Court are not permitted to give legal advice.**

**DISCHARGE OF DEBTS**. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

**B.    DEADLINE FOR FILING PROOFS OF CLAIM.[3]**

On April 29, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (I) an Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix a Deadline to File Proofs of Claim for Customer Claims, and (E) Establish Procedures for Notifying Customers of*

---

[2] For a detailed description of the Debtors, their businesses, and the facts and circumstances leading to the filing of these chapter 11 cases, see the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of First Day Motions*, filed contemporaneously with the Debtors' voluntary petitions for relief.

[3] As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

*Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (II) an Order Authorizing the Debtors to Assume Customer Agreements* (the "Customer Programs Motion").[4] On [_____], 2014, the Court entered an order [Docket No. [___]] (the "Claims Order") approving the Customer Programs Motion, including, among other things, fixing **October 27, 2014** as the deadline for customers (including governmental units acting solely in their capacities as customers of the Debtors) to file Proofs of Claim for Customer Claims in these chapter 11 cases (the "Customer Claims Bar Date"), and approving the form of this Notice and related noticing procedures.

> **TO THE EXTENT YOU HAVE A CUSTOMER CLAIM AGAINST THE DEBTORS, THE DEADLINE FOR FILING PROOFS OF CLAIM IS OCTOBER 27, 2014.**

1. **PROOFS OF CLAIM REQUIRED TO BE FILED.**

The Customer Claims Bar Date applies to all types of Customer Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

Customers that hold the following types of claims are **not** required to file Proofs of Claim for such claims:

    (a) any claim that is paid under the Claims Order;

    (b) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B10;

    (c) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases;

    (d) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

    (e) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

2. **INSTRUCTIONS FOR FILING PROOFS OF CLAIM.**

For your convenience, enclosed with this Notice is a Proof of Claim Form. Proof of Claim Forms are also available in the clerk's office of any bankruptcy court or from the Court's web site at

---

[4] All capitalized terms used but otherwise not defined in this section shall have the meanings set forth in the Customer Programs Motion.

3

www.deb.uscourts.gov. If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 4613, New York, New York 10150-4613, or contact the EFH Corp. Claims Hotline at: (877) 276-7311.

The following requirements apply with respect to preparing and filing each Proof of Claim:

(a) ***Contents.*** Each Proof of Claim must (1) be written in English; (2) include a claim amount denominated in United States dollars; (3) conform substantially with the Proof of Claim Form; and (4) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) ***Original Signatures Required.*** Only an original Proof of Claim may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c) ***Identification of the Debtor.*** Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim that is filed (1) under the joint administration case number (No. 14-10979), (2) against multiple Debtor entities, or (3) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose, as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

(d) ***Supporting Documentation.*** Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

(e) ***Timely Service.*** Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address:

*If by First-Class Mail:*
Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 4613
New York, NY 10150-4613

*If by Hand Delivery or Overnight Mail*:
Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

(f) **Receipt of Service.** Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (1) a copy of the Proof of Claim and (2) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Epiq).

3. **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Claims Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the Claims Order on or before the Customer Claims Bar Date, please be advised that:

(A) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(B) YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM.

4. **RESERVATION OF RIGHTS.**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim; (b) subsequently schedule and designate a claim as disputed, contingent, or unliquidated; (c) honor any Customer Claims that are authorized to be paid under the Claims Order, before or after the Customer Claims Bar Date, irrespective of whether a Proof of Claim has been filed with respect to such Customer Claim; and (d) otherwise amend or supplement the Debtors' schedules of creditors and assets and liabilities.

5. **ADDITIONAL INFORMATION.**

Copies of the Customer Programs Motion, Claims Order, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com. Filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 4613, New York, New York 10150-4613, or contact the EFH Corp. Claims Hotline at: (877) 276-7311.

A HOLDER OF A CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

**BY ORDER OF THE COURT**

Wilmington, Delaware
Dated: April 29, 2014

---

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         richard.cieri@kirkland.com
               edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession