# EXHIBIT 1

## Trading Continuation Agreement

_____, 2014

TO: [Hedging and Trading Arrangement counterparty]
[Name]
[Address]

Dear [Hedging and Trading Arrangement counterparty]:

[Hedging and Trading Arrangement counterparty] ("you") and the following entities [\_\_\_\_] (such entity or entities and any successor entities under a plan of reorganization or otherwise collectively referred to as the "Debtors" and, together with you, the "Parties") are engaged in substantial business transactions and hedging and trading relationships described in Schedule 1 attached hereto (collectively, the "Prepetition Hedging and Trading Arrangements").[1]

On April 29, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Delaware (the "Bankruptcy Court").

In recognition of the importance of our relationship with certain critical counterparties to the Prepetition Hedging and Trading Arrangements, on the Petition Date, the Debtors requested that the Bankruptcy Court grant the Debtors the authority to satisfy certain prepetition obligations (including, without limitation, collateral posting obligations and payments due for prepetition deliveries and monthly settlement payments after accounting for any offset, netting, or cross-netting provisions included in the Prepetition Hedging and Trading Arrangements) owed to such counterparties under the Prepetition Hedging and Trading Arrangements, subject to certain caps. The Bankruptcy Court entered an order authorizing this relief on _____, 2014, a copy of which is enclosed herewith (the "Order").

[Following the Petition Date, the parties entered into post-petition business transactions and trading relationships documented in a form substantially similar to the Prepetition Hedging and Trading Arrangements (together with the Prepetition Hedging and Trading Arrangements, the "Hedging and Trading Arrangements").]

In accordance with the Order, the Debtors are prepared to enter into this trading counterparty agreement (this "Agreement") in accordance with the following terms:

1. The estimated accrued balance of the prepetition claims arising on account of Prepetition Hedging and Trading Arrangements (net of any setoffs, credits, or discounts as applicable under the respective Prepetition Hedging and Trading Agreement) that is due and owing to you is $_____ (the "Prepetition Payment Claim") as of the date of this Agreement.

2. The estimated value of the collateral required to be posted to you, but not yet delivered, on account of Prepetition Hedging and Trading Arrangements is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

$_____ (the "Prepetition Collateral Claim") as of the date of this Agreement.

3. Subject to the terms and conditions set forth in this Agreement, and subject to the authority granted in the Order, the Debtors hereby agree to:

    (a) pay $_____ on account of the Prepetition Payment Claim (the "Claim Payment");

    (b) pledge, on account of the Prepetition Collateral Claim, $_____ in collateral (in the form of cash or letters of credit) and, to the extent the Prepetition Hedging and Trading Arrangements constitute Permitted Secured Commodity Hedge Agreements, grant a TCEH Super-Priority DIP Lien as permitted under the TCEH DIP Orders and TCEH Cash Collateral Orders (the "Collateral");

    (c) grant you, for your own benefit, effective as of the Petition Date and without the necessity of the execution by the Debtors or filing of security agreements, pledge agreements, mortgages, financing statements or otherwise, pursuant to Bankruptcy Code section 364(c)(2) enforceable first-priority liens and security interests on any cash collateral and/or letters of credit you hold with respect to initial, maintenance, or variation margin or payments in advance, regardless of whether provided to you prior hereto, on or after the date of the Order;

    (d) grant you administrative expense status with respect to any obligations that may arise in connection with the Debtors' postpetition performance under the Hedging and Trading Arrangements and satisfy such obligations at the prices set forth in the respective Hedging and Trading Arrangement; and

    (e) waive any objection to your ability to net exposures, amounts, and obligations across different Hedging and Trading Arrangements entered into between you and a Debtor and acknowledge that there shall be no distinction between prepetition transactions between you and a Debtor and postpetition transactions between you and a Debtor.

4. The Debtors may satisfy postpetition collateral posting obligations as required by the Hedging and Trading Agreements in the ordinary course of business following execution of this Agreement, subject to the terms and conditions set forth in this Agreement, and subject to the authority granted in the Order, and without prejudice to the Debtors' rights regarding assumption or rejection of Prepetition Hedging and Trading Agreements.

5. You and the Debtors may apply any and all collateral that may have previously been posted prepetition to any and all postpetition obligations arising under the Hedging and Trading Arrangements.

6. [You understand that the remaining amount of your Prepetition Payment Claim and your Prepetition Collateral Claim against the Debtors shall be forever released and waived in consideration of the Claim Payment and Collateral. If you have already filed a proof of claim with the Bankruptcy Court, you will take all necessary steps to withdraw the proof of claim.] [You understood that the

estimated remaining amount of your Prepetition Payment Claim is $_____, and the estimated remaining amount of your Prepetition Collateral Claim is $_____. If you have already filed a proof of claim with the Bankruptcy Court, you will take all necessary steps to modify the proof of claim to reflect the remaining amounts. If you have not already filed a proof of claim, you will take all necessary steps to file a proof of claim for the estimated remaining amounts. Nothing in this Agreement should be seen as an admission by the Debtors with respect to the validity or amount of any remaining Prepetition Payment Claim or Prepetition Collateral Claim.]

7. In consideration of the Claim Payment and Collateral, you agree to waive the utilization or enforcement of any contractual rights to which you may be entitled to liquidate, terminate, or accelerate the Hedging and Trading Arrangements (as such rights may arise under sections 555, 556, 559, 560, and 561 of the Bankruptcy Code). To the extent any of the Hedging and Trading Agreements contain a right of termination tied to bankruptcy, a bankruptcy proceeding, a potential bankruptcy, insolvency, or the like, then the definition of that event of default or potential event of default, as applicable, shall be deleted in its entirety, *provided, however*, that in the event that: (a) the Debtors file a petition under Chapter 7 of the Bankruptcy Code, or have an involuntary Chapter 7 petition filed against them and such petition is not dismissed or converted to a case under chapter 11 of the Bankruptcy Code within 190 days of the initial filing date, or (b) during the course of these chapter 11 cases, one of the following events occurs: (x) a chapter 11 trustee with expanded powers is appointed; or (y) any of the Debtors has a receiver, custodian, trustee, or liquidator appointed over all of its assets; the occurrence of such event shall constitute an event of default under the Hedging and Trading Agreements. Nothing in this Agreement should be construed as an admission by the Debtors regarding whether you are entitled to any liquidation, termination, or acceleration rights with respect to the Hedging and Trading Arrangements.

8. To the extent the Debtors enter into this Agreement before the Bankruptcy Court has entered a final version of the Order, the Debtors further agree to seek and obtain the entry of a final version of the Order containing, in substance, the same relief provided for in the Order, but without regard to the caps proposed under the Order (the "<u>Final Order</u>"). If the Final Order is entered, you agree to permanently waive, relinquish, and discharge the utilization and enforcement of any further rights to which you may be entitled to liquidate, accelerate, or terminate the Hedging and Trading Arrangements, on account of the Debtors' commencement of the chapter 11 cases.

9. If any or all of the provisions of the Order (or Final Order, if entered) are stayed, modified in a manner adverse to you, or vacated, or the Order (or the Final Order, if entered) otherwise terminates, such stay, modification, vacation or termination will not affect (a) the validity of any indebtedness, obligation or liability incurred by the Debtors to you before your receipt of written notice of the effective date of

3

such stay, modification or vacation, (b) the validity or enforceability of the security interests, administrative claims and netting and termination rights authorized or created by this Agreement, and (c) your right to exercise remedies as set forth in the Hedging and Trading Arrangements, as the case may be, and you shall be entitled to the benefits of the provisions of section 364(e) of the Bankruptcy Code.

10. The Claim Payment and the Collateral may only be provided upon execution of this Agreement by a duly authorized representative of your company. Your execution of this Agreement and the return of same to the Debtors constitute an agreement by you and the Debtors. You agree to be bound by the terms of this Agreement and you submit to the jurisdiction of the Bankruptcy Court, and expressly consent to the entry by the Bankruptcy Court of final rulings, in connection with any enforcement of this Agreement. You further agree and/or represent:

   (a) to the amount of the Claim Payment and Collateral set forth above;

   (b) that you have reviewed the terms and provisions of the Order and Agreement and that you consent to be bound by such terms and provisions; and

   (c) that you agree to not file or otherwise assert against the Debtors or their assets any lien (regardless of the statute or other legal authority upon which such lien is asserted) or seek payment for reclamation claims or claims pursuant to section 503(b)(9) of the Bankruptcy Code in any way related to prepetition amounts allegedly owed to you by the Debtors arising from agreements, written or otherwise, entered into before the Petition Date. Additionally, if you have taken steps to file or assert such a lien prior to entering into this Agreement, you agree to take all necessary steps to remove such lien as soon as possible.

11. Notwithstanding the foregoing, if you receive the Claim Payment or the Collateral from the Debtors and you do not continue to perform under the Hedging and Trading Arrangements on a postpetition basis, or fail to perform in accordance with any of the terms and provisions of this Agreement, you are required to return the Claim Payment and the Collateral to the Debtors, and the Debtors may take any of the remedial actions described in the Order.

12. Any dispute with respect to this Agreement and/or your participation in this payment program shall be determined by the Bankruptcy Court, and you expressly waive any right to a trial by jury and withdrawal of the reference for decision by a district court.

13. All terms of this Agreement (including the existence of this Agreement) are confidential between you and the Debtors; *provided, however*, that the Debtors may disclose this Agreement to the United States Trustee assigned to the chapter 11 cases, any official committee appointed in the chapter 11 cases, and to the

Bankruptcy Court *in camera*; *provided further, however*, that both you and the Debtors may disclose this Agreement to the extent necessary to comply with the order of any court.

If you have any questions about this Agreement or our restructuring, please do not hesitate to call (\_\_\_\_)_____ or (\_\_\_\_)_____.

Sincerely,

_____

By:
Its:
Agreed and Accepted By:
[Title]
[Name of Hedging and Trading Arrangement counterparty]

5