

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 25** |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) PAY CERTAIN PREPETITION COMPENSATION AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE AND RETIREE MEDICAL AND SIMILAR BENEFITS, AND (III) CONTINUE EMPLOYEE AND RETIREE BENEFIT PROGRAMS, AND (B) MODIFYING THE AUTOMATIC STAY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order") (a) authorizing the Debtors to: (i) pay certain prepetition wages, salaries, reimbursable employee expenses, and other compensation described below; (ii) pay and honor employee and retiree medical and similar benefits; (iii) continue employee compensation and employee and retiree benefit programs in the ordinary course of business on a postpetition basis and in a manner consistent with prepetition practices; and (iv) schedule a Final Hearing to the extent necessary; and (b) modifying the automatic stay with respect to the Workers' Compensation Program, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized to pay all outstanding prepetition amounts accrued in the ordinary course of business that come due during the Interim Period on account of the following Employee Obligations in an aggregate amount not to exceed $26,110,000; *provided, however*, that no individual Employee that is a holder of a priority claim under section 507(a)(4) of the Bankruptcy Code shall receive a payment in the aggregate in excess of $12,475 on account of such claim, including: (a) Unpaid Compensation; (b) Unpaid TXU Sales Incentive Payments; (c) Unpaid Payroll Processor Fees; (d) Unpaid Reimbursable Expenses (in an amount not to exceed $2,500 per Employee and, in any event, no more than $1 million in the aggregate); (e) Unremitted Payroll Taxes; (f) Unremitted Miscellaneous Deductions; (g) Unpaid Health Benefit Claims and Fees; (h) Unpaid HSA; (i) Unpaid Life Insurance Premiums; (j) Unpaid Disability Benefit Premiums; (k) Unremitted Supplemental Insurance Amounts; (l) Unremitted

401(k) Deductions; (m) Unpaid 401(k) Administrative Fees; (n) Unpaid 401(k) Matching Obligation; (o) Unpaid Workers' Compensation Administrative Fees; (p) Unpaid Workers' Compensation Claims; (q) Unpaid Vacation Time; (r) Unpaid Retiree Medical Benefit Claims and Fees; (s) Unpaid COBRA Claims and Fees; (t) Unpaid Relocation Expenses; (u) Unpaid Tuition Reimbursement Expenses; (v) Unpaid Energy Aid Matching Contributions; and (w) Unremitted Union Dues.

3. The Debtors are also authorized, in the ordinary course of business on a postpetition basis and in a manner consistent with the Debtors' prepetition policies and procedures, to continue to honor: (a) the Employee Obligations discussed in sub-clauses (a) through (x) of paragraph 2 hereof, and each of the Employee Programs related thereto; and (b) each of (i) the Flexible Spending Program; (ii) the Commuter Assistance Program; (iii) the Survivors' Benefit Program; (iv) the Employee Financing Program; (v) the Workers' Compensation Coverage Fees; and (vi) Holiday and Leave of Absence Time. The Debtors may not provide any relief pursuant to this Order with respect to the Debtors' Severance Program, Supplemental Retirement Plan, any other benefit plan that pays proceeds through a rabbi trust, any incentive bonus program.

4. The Debtors are also authorized, in the ordinary course of business on a postpetition basis and in a manner consistent with the Debtors' prepetition policies and procedures, to continue the Union Pension Plan, including paying any prepetition amounts owing on account thereof as they come due.

5. The automatic stay is modified, pursuant to section 362(d) of the Bankruptcy Code, solely to the extent necessary to permit Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the

Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business.

6. The Debtors are authorized, but not directed, to pay all postpetition costs and expenses incidental to payment of the Employee Obligations described in paragraphs 2 through 4 herein, including all administrative and processing costs and payments to outside professionals in the ordinary course of business.

7. The Final Hearing shall be June 5, 2014, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m., prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

8. The Debtors are authorized, but not directed, to issue postpetition checks, or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to prepetition amounts that the Debtors are permitted to honor pursuant to this Order.

9. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that

any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) to create an administrative priority claim on account of the Employee Obligations. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: May 2, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE