# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
### FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
### THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), authorizing, but not directing, the Debtors to negotiate, remit, and pay prepetition sales, use, state income, franchise, margin, real and personal property, and other taxes and prepetition operational and other similar fees, and granting related relief. In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http:/www.efhcaseinfo.com.

dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested in this Motion are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9013-1(m).

**Relief Requested**

4.     By this Motion, the Debtors seek entry of Interim and Final Orders authorizing, but not directing, the Debtors to (a) continue negotiating and paying all Taxes and Fees (each as defined and discussed herein) accrued in the ordinary course of business on a postpetition basis; and (b) pay all outstanding prepetition obligations accrued in the ordinary course of business on account of Taxes and Fees.

5.     The Debtors also request that the Court schedule a final hearing as soon as practicable after the 21st day following the Petition Date (defined herein) to consider approval of this Motion on a final basis (the "Final Hearing"). Pursuant to the Interim Order, the Debtors seek authority to satisfy prepetition obligations on account of Taxes and Fees that come due during the period between Petition Date and entry of the Final Order (the "Interim Period") in an aggregate amount not to exceed $80.74 million, of which approximately $10 million (12.4%) is

in the form of "trust fund" obligations which the Debtors collect from non-Debtors and/or hold

in trust for payment to the Taxing and Regulatory Authorities (as defined herein). Pursuant to

the Final Order, the Debtors seek authority to satisfy all prepetition obligations on account of

Taxes and Fees in an aggregate amount not to exceed $146.74 million, of which approximately

$10 million (6.8%) is in the form of "trust fund" obligations.

6.      The Debtors also seek authority authorizing all applicable banks and financial

institutions to receive, process, honor, and pay all checks presented for payment and all

electronic payment requests made by the Debtors related to the payment of Taxes and Fees,

whether such checks were presented or electronic-payment requests were submitted before or

after the date hereof.

### Background

7.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating

their businesses and managing their property as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested joint

administration of these chapter 11 cases. The Court has not appointed a trustee, and the Office

of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not formed any

official committees in these chapter 11 cases.[2]

8.      Debtor Energy Future Holdings Corp. ("EFH Corp."), a Texas corporation, is the

ultimate parent company for each of the Debtors in these chapter 11 cases and certain of EFH

---

[2]    The facts and circumstances supporting this Motion, along with a detailed discussion of EFH's business
operations and capital structure, are set forth in the *Declaration of Paul Keglevic, Executive Vice President,
Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support
of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

Corp.'s non-Debtor affiliates (collectively, "EFH"). EFH's businesses include the largest generator, distributor, and certified retail provider of electricity in Texas. EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas ("ERCOT"), which covers the majority of Texas. The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility Commission of Texas (the "PUC"). EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors,[3] in three distinct business units:

- EFH's *competitive electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities*, conducted by TCEH LLC's Debtor subsidiaries composing "Luminant";

- EFH's *competitive retail electricity sales operations and related operations*, mainly conducted by TCEH LLC's Debtor subsidiaries composing "TXU Energy";[4] and

- EFH's *rate-regulated electricity transmission and distribution operations*, conducted by the non-Debtor Oncor.

9.    In the aggregate, the Debtors have approximately $42 billion of funded indebtedness, including (a) approximately $32.1 billion of claims against TCEH LLC and TCEH LLC's direct and indirect Debtor subsidiaries; (b) approximately $71 million of claims against

---

[3]    The Debtors in these chapter 11 cases consist of: (a) the vast majority of the entities that compose Luminant and TXU Energy, as well as those entities' intermediate corporate parent entity, Texas Competitive Electric Holdings Company LLC ("TCEH LLC"), a Delaware limited liability company, and TCEH LLC's corporate parent, Energy Future Competitive Holdings Company LLC ("EFCH"), a Delaware limited liability company; (b) Energy Future Intermediate Holding Company LLC ("EFIH"), a Delaware limited liability company that indirectly owns approximately 80% of Oncor Electric Delivery Holdings Company LLC ("Oncor"), and EFIH's wholly-owned subsidiary, EFIH Finance Inc.; (c) EFH Corp.; and (d) other direct and indirect subsidiaries of EFH Corp., including EFH Corporate Services Company.

[4]    The Debtors also conduct a relatively small amount of retail electricity operations through their 4Change brand and another entity, Luminant ET Services Company, that provides retail electricity service to some end use customers and to some of Luminant's mining operations, and a small amount of retail gas operations through Luminant Energy Company LLC.

EFCH; (c) approximately $1.9 billion of claims against EFH Corp.; and (d) approximately $7.7 billion of claims against EFIH.[5]

10.     Although the Debtors' balance sheet is overleveraged, the Debtors' operations are strong.  Luminant's generation units are high-performing, its mining and electricity generation operations have impressive safety records, and its commodity trading and risk management activities have delivered significant value to the Debtors.  TXU Energy is an industry leader in customer care performance and product innovation and has maintained strong performance notwithstanding intense competition.  And non-Debtor Oncor produces a strong and consistent stream of revenue.  Thus, these chapter 11 cases will provide the Debtors with the opportunity to restructure their balance sheets and retain their position as leaders in the Texas electricity market.

11.     As of December 31, 2013, EFH Corp. reported total assets of approximately $36.4 billion in book value, approximately $28.8 billion of which is attributable to EFCH, TCEH LLC, and TCEH LLC's direct and indirect subsidiaries (collectively with TCEH LLC and EFCH, "TCEH"),[6] and total liabilities of approximately $49.7 billion in book value, approximately $41.1 billion of which is attributable to TCEH.[7]  EFH Corp.'s assets and liabilities that are not attributable to TCEH are mostly attributable to EFIH's indirect ownership of approximately 80% of Oncor.  EFH Corp.'s consolidated revenues for the quarter ending December 31, 2013 were approximately $1.3 billion, all of which were attributable to

---

[5]   Amounts include intercompany debt holdings and short-term borrowings, and exclude guarantees, unamortized discounts or premiums, accrued but unpaid interest, and certain other figures typically reported in the Debtors' filings with the Securities and Exchange Commission (the "SEC"), such as capital lease obligations, certain promissory notes, and certain other obligations.

[6]   Oncor's revenues are not included in EFH Corp.'s consolidated revenues because EFH Corp. accounts for its ownership of Oncor under the equity method of accounting.

[7]   Figures for TCEH are derived from EFCH's public filings with the SEC, and are almost entirely attributable to TCEH LLC and its Debtor and non-Debtor subsidiaries.

TCEH. EFH Corp.'s consolidated annual revenues for the year ending December 31, 2013 were approximately $5.9 billion.

## I.       The Debtors' Tax Obligations.

12.     In the ordinary course of business, the Debtors:  (a) incur and/or collect taxes, including margin, sales, use, property, and miscellaneous taxes in the operation of their businesses (collectively, the "Taxes"); (b) incur business license, permit fees and other assessments and charges (collectively, the "Fees") necessary to operate their businesses; and (c) remit such Taxes and Fees to various taxing, licensing, administrative, and governmental or similar authorities (collectively, the "Taxing Authorities," the "Regulatory Authorities," and, collectively, the "Taxing and Regulatory Authorities") and make payments to various third parties for Taxes and Fees who, in turn, remit such Taxes and Fees to the Taxing and Regulatory Authorities.  A list of the current Taxing Authorities is attached hereto as **Exhibit  C** and incorporated by reference, and a list of the current Regulatory Authorities is attached hereto as **Exhibit  D** and incorporated by reference.  In many instances, the Debtors negotiate with the Taxing and Regulatory Authorities to determine the amount of Taxes and Fees due and owing by the Debtors.  Generally, the Debtors pay the Taxes and Fees monthly, quarterly, semi-annually, or annually, in each case as required by applicable laws, rules, and/or regulations.  Additional detail with respect to the main categories of Taxes and Fees for which the Debtors are liable is provided below.[8]

---

[8]    For the avoidance of doubt, by this Motion, the Debtors are not seeking (a) any relief with respect to Taxes or Fees owed to the Internal Revenue Service or (b) to pay any Taxes or Fees that have accrued for past due or prior tax periods.

A.    **Income and Margin Taxes.**

13.    The Debtors pay a Texas margin Tax (the "Texas Margin Tax") to operate their businesses in Texas. The Texas Margin Tax is calculated as a percentage of estimated combined taxable income for the tax year, minus a deduction to account for costs of goods sold. In May of each year, 90% of the Texas Margin Tax from the previous tax year comes due, and in August of each year, the remaining 10% comes due, subject to a potential true-up payment. The Debtors estimate that approximately $70 million in Texas Margin Tax obligations have accrued and remain unpaid as of the Petition Date, approximately $54 million of which will become due and owing during the Interim Period.[9]

14.    The Debtors are also required to report and pay state income and margin Taxes in other jurisdictions (the "Other State Income and Margin Taxes"). The Debtors estimate that approximately $10,000 in Other State Income and Margin Tax obligations have accrued and remain unpaid as of the Petition Date, all of which become due and owing during the Interim Period.

15.    Pursuant to the Interim Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Texas Margin Tax and Other State Income and Margin

---

[9]    Pursuant to two tax sharing agreements entered into by EFH Corp. with: (a) EFCH, TCEH LLC and certain of its subsidiaries, and EFIH; and (b) Oncor and Oncor Holdings (together the "TSAs" and the parties to the TSAs described in (a) and (b), the "TSA Parties"), EFH Corp. files Texas state margin tax returns that include the TSA Parties' results, and subsequently settles intercompany claims with each of the TSA Parties on account of the Texas state margin taxes that EFH Corp. has paid on their behalf. Each of the TSA Parties is individually liable for their share of Texas state law margin taxes.

By this Motion, the Debtors seek authority for EFH Corp. to continue to pay the Texas state margin taxes on the TSA Parties' behalf pursuant to the terms of the TSAs. The authority to settle any intercompany claims that arise due to EFH Corp.'s payment of the Texas state margin tax on behalf of the TSA Parties is addressed in the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Overnight Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority*, filed contemporaneously herewith.

Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Texas Margin Tax and Other State Income and Margin Taxes that become due and owing during the Interim Period (approximately $54 million in the aggregate).  Pursuant to the Final Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Texas Margin Tax and Other State Income and Margin Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Texas Margin Tax and Other State Income and Margin Taxes (approximately $70 million in the aggregate).

> ### B.     Sales and Use Taxes.

16.     The Debtors incur and collect an assortment of sales Taxes ("Sales Taxes") and use Taxes ("Use Taxes" and, together with Sales Taxes, the "Sales and Use Taxes") in connection with the operation of their businesses.  The Debtors collect Sales Taxes from their customers on behalf of the applicable Taxing Authorities and periodically remit the Sales Taxes to the applicable Taxing Authority on the basis of Sales Taxes actually billed to customers.

17.     The Debtors also incur Use Taxes in connection with their purchase of certain tangible personal property or taxable services from vendors.  Use Taxes arise when the Debtors purchase items or services from a vendor who is not registered to collect Sales Taxes for Texas or when the Debtors exercise their direct pay permit exemption certificates.  In either circumstance, such vendors are not obligated to charge or remit Texas Sales Taxes.  Use Taxes may also arise when a vendor fails to bill the Debtors the appropriate tax or amount of tax. Nevertheless, the Debtors are obligated to self-assess and pay the Use Taxes, when applicable, to the relevant Taxing Authorities.

18.    In an average month, the Debtors incur an obligation of approximately $15 million in Sales and Use Taxes to the Taxing Authorities.    The Debtors estimate that approximately $10 million in Sales Taxes have accrued and remain unpaid as of the Petition Date all of which will become due and owing during the Interim Period, and approximately $5.6 million in Use Taxes have accrued and remain unpaid as of the Petition Date, all of which will become due and owing during the Interim Period.

19.    Pursuant to the Interim Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Sales and Use Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Sales and Use Taxes that come due during the Interim Period (approximately $15.6 million in the aggregate).    Pursuant to the Final Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Sales and Use Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Sales and Use Taxes (approximately $15.6 million in the aggregate).

C.    **Real and Personal Property Taxes.**

20.    Approximately 500 tax jurisdictions in Texas where the Debtors' business operations are located possess the authority to levy property Taxes against the Debtors' real and personal property (collectively, the "Real and Personal Property Taxes").    The Debtors typically pay Real and Personal Property Taxes in the ordinary course of business as such Taxes are invoiced.    In an average month, the Debtors accrue approximately $16.25 million in Real and Personal Property Taxes.    The Debtors estimate that approximately $43 million in Real and Personal Property Taxes have accrued and remain unpaid as of the Petition Date, approximately

9

$3 million of which will become due and owing during the Interim Period.

21.     Pursuant to the Interim Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Real and Personal Property Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Real and Personal Property Taxes that come due during the Interim Period (approximately $3 million in the aggregate).  Pursuant to the Final Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Real and Personal Property Taxes in the ordinary course of business on a postpetition basis and to pay all outstanding prepetition obligations accrued in the ordinary course of business on account of the Real and Personal Property Taxes (approximately $43 million in the aggregate).

**D.     Texas Gross Receipts Tax.**

22.     In addition to the Taxes described above, the Debtors must pay a state gross receipts tax in Texas that is imposed on every utility company located in an incorporated town having a population greater than 1,000 as reflected in the last federal census (the "Texas Gross Receipts Tax").  In an average month, the Debtors incur an obligation of approximately $5 million on account of the Texas Gross Receipts Tax to certain Taxing Authorities in Texas.

23.     Pursuant to the Interim Order and the Final Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Texas Gross Receipts Tax in the ordinary course of business on a postpetition basis.

**II.     The Debtors' Fee Obligations.**

24.     The Debtors must obtain various business licenses, permits, and certificates and pay corresponding Fees in certain jurisdictions in which they operate.  In particular, the Regulatory Authorities described on **Exhibit D** who have oversight over the Debtors' generation and/or retail activities require the Debtors to obtain licenses and periodically remit related fees

10

(collectively, the "Regulatory License Fees").   The Debtors estimate that approximately $18.13 million in Regulatory License Fees have accrued and remain unpaid as of the Petition Date, approximately $8.13 million of which will become due and owing during the Interim Period. The Regulatory License Fees consist of a number of different types of fees, several of which are described herein.

25.    *PUC Fees.* The Regulatory License Fees include fees owed to the Texas Comptroller, which assesses a fee on every utility that falls within the jurisdiction of the Public Utility Commission of Texas ("PUC") (the "Comptroller Fees"). The PUC is a state agency that has jurisdiction over the Debtors' operations in Texas, assesses the Debtors an annual operating fee of 1/6 of 1% of total gross revenue (together with the Comptroller Fees, the "PUC Fees"). The Debtors estimate that approximately $7 million in PUC Fees have accrued and remain unpaid as of the Petition Date, none of which will become due and owing during the Interim Period.

26.    *Nuclear Agency Fees.*  The Regulatory License Fees also include fees owed to the U.S. Nuclear Regulatory Agency, which is a federal agency that has oversight of the Debtors' power plants' operations, charges the Debtors a fee to maintain an operating license (the "Nuclear Agency Fees").  The Debtors estimate that approximately $1.5 million in Nuclear Agency Fees have accrued and remain unpaid as of the Petition Date, all of which will become due and owing during the Interim Period.

27.    *Department of Energy Fees.* The Regulatory License Fees also include amounts owed to the Department of Energy in connection with (i) the Nuclear Decommissioning Fees (as defined below) and (ii) costs associated with the waste produced by the Debtors' nuclear power plants (collectively, the "DOE Fees").

11

(a) ***Nuclear Decommissioning Fees***. The Department of Energy requires the Debtors to fund a trust to be used in connection with the decommissioning of one of the Debtors' nuclear power plants. On average, approximately $15 - 20 million is annually funded to the trust. To fund the trust, Oncor (under applicable regulations) surcharges various retail electricity providers (like TXU Energy) for trust obligations. The retail electricity providers pass the surcharge costs along to retail customers, and then remit the received amounts to Oncor. Oncor pays the amounts it receives to the Debtors, and the Debtors deposit these amounts into the trust (the "Nuclear Decommissioning Fees"). As of the Petition Date, the Debtors estimate that approximately $1.6 million in Nuclear Decommissioning Fees have accrued and remain unremitted as of the Petition Date, all of which will become due and owing during the Interim Period.

(b) ***Nuclear Waste Fees***. The Debtors are obligated by federal regulation to remit fees in connection with the storage and management of nuclear waste created by their power plant operations. As of the Petition Date, the Debtors estimate that approximately $8 million in Nuclear Waste Fees have accrued and remain unpaid as of the Petition Date, approximately $5 million of which will become due and owing during the Interim Period.

28.    Moreover, the Debtors are also required to pay certain surcharges on their off-road heavy-duty diesel equipment. Specifically, under the Texas Emissions Reduction Plan, which provides funding for various clean-air initiatives in Texas, a 2% surcharge is applied to the sale, lease, or rental price of heavy-duty, off-road diesel-powered equipment, in addition to regular state and local sales taxes (the "Heavy Duty Diesel Equipment Fees"). The Debtors remit approximately $21,900 per month to the Texas Comptroller on account of the Heavy Duty Diesel Equipment Fees. The Debtors estimate that approximately $20,000 in Heavy Duty Diesel Equipment Fees have accrued and remain unpaid as of the Petition Date, all of which will become due and owing during the Interim Period.[10]

---

[10]    In connection with the Debtors' use of heavy duty diesel equipment, the Debtors are required to file a Texas fuels tax report (stating the amount of tax-free dyed diesel fuel purchased, sold, and used in an exempt manner) as well as a Texas petroleum products delivery fee report (required by all entities who pay Heavy Duty Diesel Equipment Fees). Neither of these reports imposes cash obligations on the Debtors, and the Debtors are not seeking any additional relief in connection with these reports.

29.    Finally, the Debtors are required to pay registration Fees anytime a motor vehicle used as a company car is registered for use on the public highways (collectively, the "Vehicle Registration Fees"). The amount of Vehicle Registration Fees the Debtors pay varies according to: (a) the type of each vehicle; and (b) the state in which the motor vehicle is registered. The Debtors directly pay approximately $4,000 a month to the Taxing Authorities on account of the Vehicle Registration Fees. The Debtors estimate that approximately $5,000 in Vehicle Registration Fees have accrued and remain unpaid as of the Petition Date, all of which will become due and owing during the Interim Period.

30.    Pursuant to the Interim Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Regulatory License Fees, including, the PUC Fees, the Nuclear Agency Fees, the DOE Fees, the Heavy Diesel Equipment Fees, and the Vehicle Registration Fees in the ordinary course of business on a postpetition basis, and to pay all outstanding prepetition obligations accrued, in the ordinary course of business, on account of the Regulatory License Fees, including, the PUC Fees, the Nuclear Agency Fees, the DOE Fees, the Heavy Duty Diesel Equipment Fees, and the Vehicle Registration Fees that become due and owing during the Interim Period (approximately $8.13 million in the aggregate). Pursuant to the Final Order, the Debtors seek the authority, but not direction, to continue negotiating and paying the Regulatory License Fees, including, the PUC Fees, the Nuclear Agency Fees, the DOE Fees, the Heavy Diesel Equipment Fees, and the Vehicle Registration Fees in the ordinary course of business on a postpetition basis, and to pay all outstanding prepetition obligations accrued, in the ordinary course of business, on account of the Regulatory License Fees, including, the PUC Fees, the Nuclear Agency Fees, the DOE Fees, the Heavy Duty Diesel Equipment Fees, and the Vehicle Registration Fees (approximately $18.13 million in the aggregate).

**Basis for Relief**

**I.      Payment of the Taxes and Fees is Necessary and Appropriate.**

31.      The Debtors' payment of Taxes and Fees in the ordinary course of business is justified because, among other things, certain of the Taxes and Fees are not property of the estate pursuant to section 541(d) of the Bankruptcy Code.  In addition, the Debtors' directors and officers may be held personally liable for the non-payment of certain Taxes.  Certain Taxing and Regulatory Authorities may take precipitous action against the Debtors' directors and officers for unpaid Taxes, which would distract the Debtors from their efforts to complete a successful reorganization.

**A.      Certain of the Taxes and Fees May Not Be Property of the Debtors Estates.**

32.      Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

33.      As noted, some of the Taxes (including approximately 6.8% in prepetition amounts) constitute "trust fund" Taxes, which the Debtors are required to collect and/or hold in trust for payment to the Taxing Authorities.  Courts have held that such taxes and fees are not part of a debtor's estate. *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194 (6th Cir. 1988) (per curiam) (same); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d

14

432, 435-36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dept. of Revenue (In re Rosenow)*, 715 F.2d 277, 279-82 (7th Cir. 1983); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir. 1983) (same).  To the extent these "trust fund" Taxes are collected, they are not property of the Debtors' estates under section 541(d). *In re Dameron*, 155 F.3d 718, 721-22 (4th Cir. 1998) (funds from various lenders held by closing agent in trust for designated third parties not property of debtor's estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-05 (Bankr. E.D. Pa. 1987).  The Debtors, therefore, generally do not have an equitable interest in such funds, and they should be permitted to pay those funds to the Taxing Authorities as they become due.

34.     Furthermore, courts have found that funds that are created and mandated by federal law by a federal agency are not property of the estate under section 541(d) because the debtor lacks an equitable interest in the funds.  *In re Lan Tamers, Inc.*, 329 F.3d 204 (1st Cir. 2003) (funds collected and administered under program created under the Telecommunications Act of 1996 are not property of the estate, even though debtor receives funds to subsequently disburse to schools); *In re Joliet-Will Cnty. Cmty. Action Agency*, 847 F.2d 430 (7th Cir. 1988) (addressing federal agency's efforts to claim balance of unexpended federal funds from debtor as outside the property of the estate); *In re Columbia Gas Sys., Inc.*, 997 F.2d 1039 (3d Cir. 1993) (refunds created and mandated by Federal Energy Regulatory Commission and held by debtor were not property of the estate).

**B.      Payment of the Taxes and Fees Will Avoid Unnecessary Distractions in These Chapter 11 Cases.**

35.     Any regulatory dispute or delinquency that affects the Debtors' ability to conduct business in a particular jurisdiction could have a wide-ranging and adverse effect on the Debtors' operations as a whole.  Specifically, the Debtors' failure to pay the Taxes and Fees could adversely affect their business operations because, among other things:  (a) the Taxing and

Regulatory Authorities could audit the Debtors or prevent the Debtors from continuing their businesses, which, even if unsuccessful, would unnecessarily divert the Debtors' attention away from the reorganization process; (b) the Taxing and Regulatory Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) certain directors and officers might be subject to personal liability—even if such a failure to pay such Taxes and Fees was not a result of malfeasance on their parts—which would undoubtedly distract those key employees from their duties related to the Debtors' restructuring.  Further, certain of the Fees, such as the Regulatory License Fees, the Nuclear Agency Fees, the DOE Fees, and the PUC Fees, must be paid in order for the Debtors to operate.  Accordingly, the Debtors must continue to pay the Taxes and Fees as they become due to ensure that their officers and directors remain focused during these chapter 11 cases on operating the businesses and implementing a successful restructuring.

> **C.      Certain of the Taxes and Fees May Constitute Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.**

36.      Payment of certain of the Taxes and Fees likely will give the Taxing and Regulatory Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that otherwise might accrue on the Taxes and Fees during these chapter 11 cases.

37.      Claims for some of the Taxes and Fees are or may be priority claims entitled to payment prior to general unsecured creditors.  *See* 11 U.S.C. § 507(a)(8).  Moreover, to the extent that the Taxes and Fees are entitled to priority treatment under section 507(a)(8)(b) of the Bankruptcy Code, the governmental units also may attempt to assess interest and penalties.  11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Thus, the payment

of the Taxes and Fees at this time only affects the timing of the payment for the vast majority of the amounts at issue and, therefore, should not unduly prejudice the rights of other creditors.

**D.      Payment of the Taxes and Fees is Warranted Under the Doctrine of Necessity.**

38.      Courts in the Third Circuit and elsewhere generally recognize that debtors may pay prepetition claims that are essential to the continued operation of the debtor's business. *See, e.g., In re Meridian Auto. Sys.-Composite Operations, Inc.*, 372 B.R. 710, 714 (Bankr. D. Del. 2007) (granting the debtor authority to pay prepetition obligations owed to certain critical vendors); *In re Primary Health Sys., Inc.*, 275 B.R. 709, 710 (Bankr. D. Del. 2002) (allowing payment of prepetition wages upon a finding that such relief was "essential to the continued operation of the Debtors' businesses"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824-45 (Bankr. D. Del. 1999) (noting that debtors may pay prepetition claims that are essential to the continued operation of the debtor's business). Courts have relied on several legal bases in approving such relief.

39.      Courts generally recognize that debtors may pay prepetition claims under section 363(b) of the Bankruptcy Code where there is a sound business purpose for the payment of prepetition obligations, and where the debtor is able to "articulate some business justification, other than the mere appeasement of major creditors." *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting debtor authority to pay prepetition wages); *Armstrong World Indus. Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (Bankr. S.D.N.Y. 1983) (granting the debtor the authority to pay prepetition claims of suppliers who were potential lien claimants).

40.      Courts also recognize that payments to prepetition creditors are appropriate pursuant to section 105(a) of the Bankruptcy Code under the "doctrine of necessity" or the

17

"necessity of payment" rule where such payments are necessary to the continued operation of the debtor's business. *See, e.g., In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Friedman's, Inc.*, 2011 WL 5975283, at *3 (Bankr. D. Del. Nov. 30, 2011) ("[M]ost courts will allow payments [of prepetition claims] under the 'doctrine of necessity,' if the debtor establishes that in its business judgment making such payments is critical to the survival of the debtor's business"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr D. Del. 1994) (noting that debtors may pay prepetition claims that are essential to the continued operation of the debtor's business). The rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*, 98 B.R. at 176; *Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization.").

41.    Here, the Debtors' payment of the Taxes and Fees is an exercise of sound business judgment and is necessary to permit a successful reorganization. As discussed above, the Debtors must continue to pay the Taxes and Fees to continue operating in certain jurisdictions and to avoid costly distractions during these chapter 11 cases. Indeed, it is possible that Taxing and Regulatory Authorities would seek to interfere with the Debtors' businesses if the Taxes and Fees are not paid on a timely basis. In particular, the Debtors may be forced to

18

cease operations if they fail to timely pay the PUC Fees, the Nuclear Agency Fees, the DOE Fees, or Regulatory License Fees. Additionally, the relief requested in this Motion merely expedites the treatment and distribution to the Taxing and Regulatory Authorities that would otherwise be made at a later date under the proposed plan of reorganization.

42.    Courts in this district have approved relief similar to the relief requested in this Motion. *See, e.g., In re Coldwater Creek Inc.*, No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); *In re Brookstone Holdings Corp.*, No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014); *In re Quantum Foods, LLC*, No. 14-10318 (KJC) (Bankr. D. Del. Feb. 20, 2014); *In re Event Rentals, Inc.*, No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); *In re F & H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013); *In re EWGS Intermediary, LLC*, No. 13-12876 (MFW) (Bankr. D. Del. Nov. 5, 2013); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 4, 2013); *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Aug. 6, 2013); *In re OnCure Holdings, Inc.*, No. 13-11540 (KG) (Bankr. D. Del. June 18, 2013); *In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012).[11]

### E.    Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.

43.    The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Taxes. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized

---

[11]    Because of the voluminous nature of the orders cited herein, such orders are not attached to the Motion. Copies of these orders are available on request of the Debtors' counsel.

payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

44.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

45.     As described above, prompt payment of the Taxes and Fees is necessary to avoid the immediate and irreparable harm that would result from the Taxing and Regulatory Authorities taking adverse action that prevents or hinders the Debtors from operating in the normal course. As discussed, the Taxing and Regulatory Authorities could initiate tax audits for failure to pay Taxes due and owing or attempt to suspend the Debtors' operations for failure to pay certain Fees, all of which would cost the Debtors time and expense to resolve and distract the Debtors from their reorganization efforts. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the Interim Order on the terms described herein.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

46.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Reservation of Rights**

47.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to the relief granted in the Interim or Final Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

48.     The Debtors shall provide notice of this Motion on the date hereof via facsimile, overnight delivery, and/or hand delivery to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution

control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain

holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to Oncor; (q) the SEC; (r) the Internal Revenue Service; (s) the Office of the United States Attorney for the District of Delaware; (t) the Regulatory Authorities; and (u) the Taxing Authorities. As this Motion is seeking "first day" relief, within forty eight hours of the entry of the Interim Order, the Debtors will serve copies of this Motion and the order respecting this Motion as required by Local Bankruptcy Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

49.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  April 29, 2014

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

24

# EXHIBIT A

## Proposed Interim Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (____) |
| Debtors. | Joint Administration Requested |

## INTERIM ORDER AUTHORIZING THE DEBTORS
## TO PAY CERTAIN PREPETITION TAXES AND FEES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), authorizing, but not directing, the Debtors to pay certain Taxes and Fees in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to:  (a) pay all outstanding obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees on a prepetition basis that come due in the Interim Period in an aggregate amount not to exceed $80.74 million; and (b) negotiate and pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis. For the avoidance of doubt, by this Order, the Debtors are not authorized to satisfy any prepetition obligations owed to the Internal Revenue Service or any prepetition obligations that have accrued for past due or prior tax periods in violation of section 547(a)(4) of the Bankruptcy Code.

3.      In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

4.      The Final Hearing shall be _____, 2014, at ___:___ a.m./p.m., prevailing Eastern Time.  Any objections or responses to the Motion must be filed on or before _____, 2014, at 4:00 p.m., prevailing Eastern Time.  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

2

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:    (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

4

**EXHIBIT B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | ) | Case No. 14-_____ (___) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## FINAL ORDER AUTHORIZING THE DEBTORS
## TO PAY CERTAIN PREPETITION TAXES AND FEES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order"), authorizing, but not directing, the Debtors to pay certain Taxes and Fees, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, but not directed, to:   (a) pay all outstanding obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees on a prepetition basis, in an aggregate amount not to exceed $146.74 million; and (b) negotiate and pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis. For the avoidance of doubt, by this Order, the Debtors are not authorized to satisfy any prepetition obligations owed to the Internal Revenue Service or any prepetition obligations that have accrued for past due or prior tax periods in violation of section 547(a)(4) of the Bankruptcy Code.

3.      In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:   (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any

2

particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

3

## EXHIBIT C

**Taxing Authorities**

| Taxing Authority | Contact Information |
|---|---|
| Adams County | Adams County Government Center<br>4430 S. Adams County Parkway<br>Brighton, CO 80601 |
| Alabama Department of Revenue | 50 N. Ripley Street<br>Montgomery, AL 36132 |
| Allen ISD | 612 E. Bethany Drive<br>Allen, TX 75002 |
| Allen, City of | Allen City Hall<br>305 Century Parkway,  3rd Floor<br>Allen, TX 75013 |
| Anderson County | Court House<br>500 N. Church Street<br>Palestine, TX 75801 |
| Andrews County | 215 NW 1st Street<br>Andrews, TX 79714 |
| Andrews County Hospital District | 720 Hospital Drive<br>Andrews, TX 79714-3617 |
| Andrews ISD | 405 NW 3rd Street<br>Andrews, TX 79714 |
| Andrews, City of | City Hall<br>111 Logsdon Street<br>Andrews, TX 79714 |
| Angelina Community Junior College | 3500 S. First Street<br>Lufkin, TX 75904 |
| Angelina County | 215 E. Lufkin Avenue<br>Lufkin, TX 75902 |
| Arapahoe County | Administration Building<br>5334 S. Prince Street<br>Littleton, CO 80120-1136 |
| Archer City ISD | 600 S. Ash Street<br>Archer City, TX 76351 |
| Arizona Department of Revenue | Arizona Department of Revenue<br>1600 W. Monroe Street<br>Phoenix, AZ 85038-9010 |

| Taxing Authority | Contact Information |
|---|---|
| Archer County | P.O. Box 427<br>Archer City, TX 76351 |
| Arlington ISD | 1203 W. Pioneer Parkway<br>Arlington, TX 76013 |
| Arlington, City of | City Hall<br>101 W. Abram Street<br>Arlington, TX 76010 |
| Athens ISD | 104 Hawn Street<br>Athens, TX 75751 |
| Athens Municipal Water Authority | Athens City Hall<br>508 E. Tyler Street<br>Athens, TX 75751 |
| Athens, City of | Athens City Hall<br>508 E. Tyler Street<br>Athens, TX 75751 |
| Austin Community College | Austin Community College District<br>5930 Middle Fiskville Road<br>Austin, TX 78752 |
| Austin Community College - Bastrop | Austin Community College District<br>5930 Middle Fiskville Road<br>Austin, TX 78752 |
| Austin Community College - Lee | Austin Community College District<br>5930 Middle Fiskville Road<br>Austin, TX 78752 |
| Austin Community College - Travis County | Austin Community College District<br>5930 Middle Fiskville Road<br>Austin, TX 78752 |
| Austin ISD | 1111 W. 6th Street<br>Austin, TX 78703 |
| Austin, City of | 2006 E. 4th Street<br>Austin, TX 78702 |
| Axtell ISD | 308 Ottawa Street<br>Axtell, TX 76624 |
| Azle ISD | 300 Roe Street<br>Azle, TX 76020 |

| Taxing Authority | Contact Information |
|---|---|
| Baca County | 741 Main Street, Suite 2<br>Springfield, CO 81073 |
| Ballinger ISD | 802 Conda Avenue<br>Ballinger, TX 76821 |
| Ballinger Memorial Hospital District | Ballinger Memorial Hospital<br>P.O. Box 617<br>Ballinger, TX 76821 |
| Bastrop County | 803 Pine, Room 112<br>P.O. Box 577<br>Bastrop, TX 78602 |
| Bastrop ISD | 906 Farm Street<br>Bastrop, TX 78602 |
| Bastrop-Travis ESD #1 | 214 Fohn Road<br>Red Rock, TX 78662 |
| Baylor County | 110 N. Washington Street<br>Seymour, TX 76380<br>Attn: Jeanette Holub,<br>County Tax Assessor - Collector |
| Baylor Hospital District | 120 W. McLain Street<br>Seymour, TX 76380 |
| Beckville ISD | 4398 SH 149<br>Beckville, TX 75631 |
| Bedford, City of | 2000 Forest Ridge Drive<br>Bedford, TX 76021 |
| Bell County Road and Bridge Department | 702 W. Avenue O<br>Belton, TX 76513 |
| Bell County | 101 E. Central Avenue<br>P.O. Box 768<br>Belton, TX 76513 |
| Bells ISD | 1550 Ole Ambrose Road<br>Bells, TX 75414 |

3

| Taxing Authority | Contact Information |
|---|---|
| Belton ISD | P.O. Box 269<br>400 N. Wall Street<br>Belton, TX 76513 |
| Benbrook, City of | 911 Winscott Road<br>Benbrook, TX 76126 |
| Bent County | 725 Bent Avenue<br>Las Animas, CO 81054 |
| Big Spring ISD | 708 E. 11th Place<br>Big Spring, TX 79720 |
| Big Spring, City of | 310 Nolan Street<br>Big Spring, TX 79720 |
| Birdville ISD | 6125 E. Belknap Street<br>Haltom City, TX 76117 |
| Blackwell ISD | 100 Hornet Drive<br>Blackwell, TX 79506 |
| Blue Ridge ISD | 10688 County Road 504<br>Blue Ridge, TX 75424 |
| Blum ISD | 310 S. Avenue F<br>Blum, TX 76627 |
| Bonham ISD | 1005 Chestnut Street<br>Bonham, TX 75418 |
| Bonham, City of | 514 Chestnut Street<br>Bonham, TX 75418-3738 |
| Bosque County | P.O. Box 647<br>Meridian, TX 76665 |
| Boulder County | 1750 33rd Street<br>Boulder, CO 80301 |
| Brazos County | 300 E. 26th Street<br>Bryan, TX 77803 |

4

| Taxing Authority | Contact Information |
|---|---|
| Breckenridge ISD | 208 N. Miller Street<br>Breckenridge, TX 76424 |
| Breckenridge, City of | 100 E. Elm<br>P.O. Box 1466<br>Breckenridge, TX 76424 |
| Bremond ISD | 601 W. Collins Street<br>P.O. Box 190<br>Bremond, TX 76629 |
| Brookshire - Katy Drainage District | 1111 Kenney Street<br>Brookshire, TX 77423 |
| Broomfield County | One DesCombes Drive<br>Broomfield, CO 80020 |
| Brown County | 200 S. Broadway, Room 105<br>Brownwood, TX 76801<br>Attn: Christine Pentecost ,<br>County Tax Assessor-Collector |
| Brownsboro ISD | P.O. Box 465<br>14134 State Highway 31E<br>Brownsboro, TX 75756 |
| Brownwood ISD | 2707 Southside Drive<br>Brownwood, TX 76801 |
| Brownwood, City of | Brownwood City Hall<br>501 Center Avenue, P.O. Box 1389<br>Brownwood, TX 76804 |
| Bryan ISD | 101 N. Texas Avenue<br>Bryan, TX 77803 |
| Bryan, City of | 300 S. Texas Avenue<br>Bryan, TX 77803 |
| Bryson ISD | 300 N. McCloud Street<br>Jacksboro, TX 76457 |
| Buffalo ISD | 708 Cedar Creek Road<br>Buffalo, TX 75831 |

| Taxing Authority | Contact Information |
|---|---|
| Buffalo, City of | 144 Avant Street<br>Buffalo, TX 75831 |
| California Franchise Tax Board | Franchise Tax Board<br>P.O. Box 942840<br>Sacramento, CA 94240 |
| Calvert ISD | P.O. Box 7<br>310 Hickory Street<br>Calvert, TX 77837 |
| Cameron ISD | 303 E. 12th Street<br>Cameron, TX 76520 |
| Cameron, City of | 100 S. Houston Avenue<br>Cameron, TX 76520 |
| Camp County | 126 Church Street<br>Pittsburg, TX 75686 |
| Canada Revenue Agency | International Tax Services Offices<br>P.O. Box 9769, Station T<br>Ottawa, ON K1G 3Y4<br>Canada |
| Carrollton - Farmers Branch ISD | 1445 N. Perry Road<br>Carrollton, TX 75006 |
| Carrollton, City of | 1945 E. Jackson Road<br>Carrollton, TX 75006 |
| Carthage ISD | #1 Bulldog Drive<br>Carthage, TX 75633 |
| Cayuga ISD | 17750 N. U.S. Highway 287<br>Tennessee Colony, TX 75861 |
| Centerville ISD | P.O. Box 246<br>Centerville, TX 75833 |
| Central Heights ISD | 10317 Highway 259N<br>Nacogdoches, TX 75965 |

| Taxing Authority | Contact Information |
|---|---|
| Central Texas College | 6200 W. Central Expressway<br>Killeen, TX 76549 |
| Central Texas College District | Central Texas College<br>6200 W. Central Expressway<br>Killeen, TX 76549 |
| Chambers-Liberty County Navigation | 211 Miller Street<br>Anahuac, TX 77514 |
| Chapel Hill ISD | 11134 County Road 2249<br>Tyler, TX 75707 |
| Cherokee County | Cherokee County Courthouse<br>Rusk, TX 75785 |
| Childress County Hospital District | 901 U.S. Highway 83 N<br>Childress, TX 79201 |
| Childress County | 100 Avenue East NW<br>Courthouse Box 4<br>Childress, TX 79201 |
| Childress ISD | 308 Third Street NW<br>Childress, TX 79201 |
| Chisum ISD | 3250 S. Church Street<br>Paris, TX 75462 |
| Choctaw Watershed District | P.O. Box 2107<br>Sherman, TX 75091-2107<br>Attn: Grayson County Tax Collector |
| Cisco ISD | 1503 Leggett Street<br>Cisco, TX 76437 |
| Cisco Junior College District | 101 College Heights<br>Cisco, TX 76437 |
| City of Corpus Christi | 1201 Leopard Street<br>Corpus Christi, TX 78403-2825 |
| City of Sweetwater Payment-in-lieu | 200 E. 4th Street<br>P.O. Box 450<br>Sweetwater, TX 79556 |

7

| Taxing Authority | Contact Information |
|---|---|
| Clarendon Maintenance | 1710 Avenue F NW<br>Tax Collector<br>Childress, TX 79201 |
| Clarendon College | 1902 Avenue G NW Suite I<br>Childress, TX 79201 |
| Clarksville ISD | 1500 W. Main Street<br>Clarksville, TX 75426 |
| Clay County | 100 N. Bridge Street<br>Henrietta, TX 76365 |
| Clearwater UWCD | 700 Kennedy Court<br>Belton, TX 76513 |
| Cleburne ISD | 505 N. Ridgeway Drive<br>Suite 100<br>Cleburne, TX 76033 |
| Cleburne, City of | 10 N. Robinson Street<br>Cleburne, TX 76031 |
| Clifton ISD | 1102 Key Avenue<br>Clifton, TX 76634 |
| County Department of Education | Harris County Department of Education<br>Ronald W. Reagan Building,<br>6300 Irvington Boulevard<br>Houston, TX 77022 |
| Collin County Junior College District | 3452 Spur 399<br>McKinney, TX 75069 |
| Collin County | Collin County Administration Building<br>2300 Bloomdale Road, Suite 2106<br>McKinney, TX 75071 |
| Colorado ISD | 534 E. 11th Street<br>Colorado City, TX 79512 |
| Comanche County Hospital | Comanche County Medical Center<br>10201 Highway 16 N<br>Comanche, TX 76442 |

| Taxing Authority | Contact Information |
|---|---|
| Comanche County | 101 W. Central Avenue<br>Comanche, TX 76442<br>Attn: Gay Horton Green<br>Tax Assessor - Collector |
| Comanche ISD | 1414 N. Austin Street<br>Comanche, TX 76442 |
| Comanche, City of | 114 W. Central Avenue<br>Comanche, TX 76442 |
| Commerce ISD | 3315 Washington Street<br>Commerce, TX 75428 |
| Commerce, City of | 1119 Alamo Street<br>Commerce, TX 75428 |
| Como-Pickton ISD | P.O. Box 18<br>13017 TX Highway 11 E<br>Como, TX 75431 |
| Comptroller of Maryland, Revenue Administration Division | Comptroller of Maryland<br>Revenue Administration Division<br>300 E. Joppa Road<br>Plaza Level 1A<br>Towson, MD 21286-3020 |
| Cooke County | 101 S. Dixon Street<br>Gainesville, TX 76240 |
| Coppell ISD | 268 Southwestern Boulevard<br>Coppell, TX 75019 |
| Coppell, City of | 255 Parkway Boulevard<br>P.O. Box 9478<br>Coppell, TX 75019-9478 |
| Copperas Cove ISD | 703 W. Avenue D<br>Copperas Cove, TX 76522 |
| Copperas Cove, City of | 914 S. Main Street<br>Copperas Cove, TX 76522 |

| Taxing Authority | Contact Information |
|---|---|
| Corinth, City of | 3300 Corinth Parkway<br>Corinth, TX 76208 |
| Corpus Christi ISD | 801 Leopard Street<br>Corpus Christi, TX 78401 |
| Corsicana ISD | 601 N. 13th Street<br>Corsicana, TX 75110 |
| Corsicana, City of | 200 N. 12th Street<br>Corsicana, TX 75110 |
| Coryell County | Coryell County Courthouse<br>620 E. Main Street<br>Gatesville, TX 76528 |
| Crane County | P.O. Box 578<br>Crane, TX 79731 |
| Crane Hospital District | Crane Memorial Hospital<br>1310 S. Alford Street<br>Crane, TX 79731 |
| Crane ISD | 509 W. 8th Street<br>Crane, TX 79731 |
| Crane, City of | 115 W. 8th Street<br>Crane, TX 79731 |
| Crockett ISD | 1400 W. Austin Street<br>Crockett, TX 75835 |
| Crockett, City of | 200 N. 5th Street<br>Crockett, TX 75835 |
| Crossroads ISD | 14434 FM 59<br>Malakoff, TX 75148 |
| Culberson County GWCD | John Jones<br>P.O. Box 1295<br>Van Horn, TX 79855 |
| Culberson County Hospital District | Culberson Hospital<br>P.O. Box 609<br>Van Horn, TX 79855 |

| Taxing Authority | Contact Information |
|---|---|
| Culberson County | P.O. Box 158<br>Van Horn, TX 79855 |
| Culberson-Allamore ISD | 400 W. 7th Street<br>Van Horn, TX 79855-0899 |
| Dallas County Community College District | 1601 S. Lamar Street<br>Dallas, TX 75215-1816 |
| Dallas County Hospital District | Parkland Health & Hospital System<br>5201 Harry Hines Boulevard<br>Dallas, TX 75235 |
| Dallas County | 509 Main Street, Suite 200<br>Dallas, TX 75202 |
| Dallas County Schools | 612 N. Zang Boulevard<br>Dallas, TX 75208 |
| Dallas ISD | 3700 Ross Avenue<br>Dallas, TX 75204 |
| Dallas, City of | Dallas City Hall<br>1500 Marilla Street<br>Dallas, TX 75201 |
| Dawson County | 400 S. 1st Street<br>Lamesa, TX 79331 |
| Dawson County Hospital District | Medical Arts Hospital<br>2200 N. Bryan Avenue<br>Lamesa, TX  79331 |
| Decatur ISD | 501 E. Collins Street<br>Decatur, TX 76234 |
| Del Mar College | 101 Baldwin Boulevard<br>Corpus Christi, TX 78404 |
| Delaware Division of Revenue | Carvel State Office Building<br>820 N. French Street<br>Wilmington, DE 19801 |
| Denison ISD | 1201 S. Rusk Avenue<br>Denison, TX 75020 |

| Taxing Authority | Contact Information |
|---|---|
| Denison, City of | 500 W. Chestnut Street<br>P.O. Box 347<br>Denison, TX 75021 |
| Denton County | Carrollton-Sandy Jacobs Government Center<br>1029 W. Rosemeade Parkway<br>Carrollton, TX 75007-6251 |
| Denton ISD | 1307 N. Locust Street<br>Denton, TX 76201 |
| Denton, City of | 215 E. McKinney Street<br>Denton, TX 76201 |
| Denver County | 201 W. Colfax Avenue<br>Denver, CO 80202 |
| Desoto ISD | 200 E. Belt Line Road<br>DeSoto , TX 75115 |
| Desoto, City of | 211 E. Pleasant Run Road<br>DeSoto, TX 75115 |
| Douglas County | 100 Third Street<br>Castle Rock, CO 80104 |
| Downtown PID - Premium | P.O. Box 139066<br>Tax Collector<br>Dallas, TX 75313-9066 |
| Downtown Dallas Improvement District | 1500 Marilla Street<br>Room 5CS<br>Dallas, TX 75201 |
| Duncanville ISD | 710 S. Cedar Ridge Drive<br>Duncanville, TX 75137 |
| Duncanville, City of | City Hall<br>203 E. Wheatland Road<br>Duncanville, TX 75116 |
| Eagle Mountain - Saginaw ISD | 1200 Old Decatur Road<br>Fort Worth, TX 76179 |

| Taxing Authority | Contact Information |
| --- | --- |
| Early ISD | 101 Turtle Creek Drive<br>P.O. Box 3315<br>Early, TX 76803 |
| East Baton Rouge Parish | P.O. Box 1471<br>Baton Rouge, LA 70821 |
| East Memorial Hospital District | Eastland Memorial Hospital<br>304 S. Daugherty Avenue<br>Eastland, TX 76448 |
| Eastland City Hall | 113 E. Commerce Street<br>Eastland, TX 76448 |
| Eastland County | 100 W. Main Street<br>Eastland, TX 76448 |
| Eastland ISD | 900 W. Plummer Street<br>Eastland, TX 76448 |
| Eastland, City of | P.O. Box 914<br>Eastland, TX 76448 |
| Ector County Hospital District | 840 W. Clements Street<br>Odessa, TX 79763 |
| Ector County ISD | 802 N. Sam Houston Avenue<br>Odessa, TX 79761 |
| Ector County | 300 N. Grant Street, Room 111<br>P.O. Box 707<br>Odessa, TX 79760 |
| El Paso County | 500 E. San Antonio Avenue<br>El Paso, TX 79901 |
| Electra Hospital District | Electra Memorial Hospital<br>1207 S. Bailey Street<br>Electra, TX 76360 |
| Electra ISD | 621 N. Waggoner Street<br>P.O. Box 231<br>Electra, TX 76360 |
| Elgin ISD | 1002 N. Avenue C<br>Elgin, TX 78621 |

| Taxing Authority | Contact Information |
|---|---|
| Ellis County | 109 S. Jackson Street<br>Waxahachie, TX 75165 |
| Emergency Service District #1 | 1000 Throckmorton Street<br>Fort Worth, TX 76102 |
| Erath County | Erath County Courthouse<br>100 W. Washington Street<br>Stephenville, TX 76401 |
| Euless, City of | Euless Municipal Court<br>1102 W. Euless Boulevard<br>Euless, TX 76040 |
| Everman ISD | 608 Townley Drive<br>Everman, TX 76140 |
| Fairfield Hospital District | 734 W. Commerce Street<br>Fairfield, TX 75840 |
| Fairfield ISD | 615 Post Oak Road<br>Fairfield, TX 75840 |
| Faith Community Hospital District | 717 Magnolia Street<br>Jacksboro, TX 76458 |
| Falls County RFD #1 | P.O. Box 59<br>Tax Collector<br>Marlin, TX 76661 |
| Falls County | P.O. Box 458<br>Marlin, TX 76661<br>Attn: Linda Watkins, County Clerk |
| Fannin County | Fannin County Courthouse<br>101 E. Sam Rayburn Drive, #102<br>Bonham, TX 75418 |
| Farmers Branch, City of | 13000 William Dodson Parkway<br>Farmers Branch, TX 75234 |
| Flower Mound, Town of | 2121 Cross Timbers Road<br>Flower Mound, TX 75028 |
| Forney ISD | 600 S. Bois d'Arc Street<br>Forney, TX 75126 |

14

| Taxing Authority | Contact Information |
|---|---|
| Forney, City of | 202 E. Main Street<br>Forney, TX 75126 |
| Fort Worth ISD | 100 N. University Drive<br>Fort Worth, TX 76107 |
| Fort Worth, City of | 1000 Throckmorton Street<br>Fort Worth, TX 76102 |
| Franklin County | Franklin County Courthouse<br>200 N. Kaufman Street<br>Mount Vernon, TX 75457 |
| Franklin County WD | P.O. Box 559<br>112 N. Houston Street<br>Mount Vernon, TX 75457 |
| Franklin ISD | 1216 W. Farm to Market 1644<br>P.O. Box 909<br>Franklin, TX 77856 |
| Franklin, City of | 319 Bremond Street<br>Franklin, TX 77856 |
| Freestone County | 103 E. Main Street<br>P.O. Box 1010<br>Fairfield, TX 75840 |
| Frisco, City of | George A. Purefoy Municipal Center<br>6101 Frisco Square Boulevard<br>Frisco, TX 75034 |
| Ft Worth PID #01 (Downtown) | 777 Taylor Street<br>Suite 100<br>Fort Worth, TX 76102 |
| Gainesville Hospital District | North Texas Medical Center<br>1900 Hospital Boulevard<br>Gainesville, TX 76240 |
| Gainesville ISD | 800 S. Morris Street<br>Gainesville, TX 76240 |
| Gainesville, City of | 200 S. Rusk Street<br>Gainesville, TX 76240 |
| Galena Park ISD | 14705 Woodforest Boulevard<br>Houston, TX 77015 |

| Taxing Authority | Contact Information |
|---|---|
| Garland ISD | Harris Hill Administration Building<br>501 S. Jupiter Road<br>Garland, TX 75042 |
| Garland, City of | 200 N. Fifth Street<br>Garland, TX 75040 |
| Gatesville ISD | 311 S. Lovers Lane<br>Gatesville, TX 76528 |
| Georgetown ISD | 603 Lakeway Drive<br>Georgetown, TX 78628 |
| Georgetown, City of | City Hall<br>113 E. 8th Street<br>Georgetown, TX 78628 |
| Gilmer ISD | 500 S. Trinity Street<br>Gilmer, TX 75644 |
| Glasscock County ISD | P.O. Box 9<br>Garden City, TX 79739 |
| Glasscock County UWD | 308 Chambers Street<br>Garden City, TX 79739 |
| Glasscock County | Glasscock County Courthouse<br>117 E. Currie Avenue<br>Garden City, TX 79739 |
| Glen Rose ISD | 1102 Stadium Drive<br>Glen Rose, TX 76043 |
| Glen Rose, City of | 201 NE Vernon Street<br>Glen Rose, TX 76043 |
| Government of the District of Columbia | Office of Tax and Revenue<br>1101 4th Street, SW, Suite W270<br>Washington, DC 20024 |
| Graham Hospital District | Graham Regional Medical Center<br>1301 Montgomery Road<br>Graham, TX  76450 |
| Graham ISD | 400 3rd Street<br>Graham, TX 76450 |

16

| Taxing Authority | Contact Information |
|---|---|
| Graham, City of | 429 4th Street<br>Graham, TX 76450 |
| Granbury ISD | 600 W. Pearl Street<br>Granbury, TX 76048 |
| Grand Prairie ISD | 2602 S. Belt Line Road<br>Grand Prairie, TX 75052 |
| Grand Prairie, City of | 317 College Street<br>P.O. Box 534045<br>Grand Prairie, TX 75050 |
| Grapevine - Colleyville ISD | 3051 Ira E. Woods Avenue<br>Grapevine, TX 76051 |
| Grapevine, City of | Grapevine City Hall<br>200 S. Main Street<br>Grapevine, TX 76051 |
| Grayson County Junior College District | 6101 Grayson Drive (Highway 691)<br>Denison, TX 75020 |
| Grayson County | 100 W. Houston Street<br>Sherman, TX 75090 |
| Greenville ISD | 4004 Moulton Street<br>Greenville, TX 75401 |
| Greenville, City of | 2821 Washington Street<br>Greenville, TX 75401 |
| Gregg County | 101 E. Methvin Street<br>Longview, TX 75601 |
| Groesbeck ISD | 701 S. Ellis Street<br>Groesbeck, TX 76642 |
| Hallsburg ISD | 2313 Hallsburg Road<br>Waco, TX 76705 |
| Hallsburg, City of | 1115 Wilbanks Drive<br>Hallsburg, TX 76705 |

| Taxing Authority | Contact Information |
|---|---|
| Harmony ISD | 9788 SH 154 W<br>Big Sandy, TX 75755 |
| Harris County Flood Control District | 9900 NW Freeway<br>Houston, TX 77092 |
| Harris County Hospital District | 2525 Holly Hall Street<br>Houston, TX 77054-4108 |
| Harris County | 1001 Preston Street<br>Houston, TX 77002 |
| Harris County ESD # 12 | P.O. Box 4663<br>Houston, TX 77210-4663 |
| Harris County ESD # 6 | P.O. Box 4663<br>Houston, TX 77210-4663 |
| Harts Bluff ISD | 3506 Farm to Market 1402<br>Mt. Pleasant, TX 75455 |
| Haskell - Knox - Baylor - UGWCD | Texas Water Development Board<br>1700 N. Congress Avenue<br>P.O. Box 13231<br>Austin, TX 78701-3231 |
| Henderson County ESD #1 | 125 N. Prairieville Street #103<br>Tax Collector<br>Athens, TX 75751 |
| Henderson County ESD #5 | 125 N. Prairieville Street #103<br>Tax Collector<br>Athens, TX 75751 |
| Henderson County | 125 N. Prairieville Street<br>Room 101<br>Athens, TX 75751 |
| Henderson County LID #3 | 125 N. Prairieville Street #103<br>Tax Collector<br>Athens, TX 75751 |
| Henderson ISD | 200 N. High Street<br>Henderson, TX 75652 |

18

| Taxing Authority | Contact Information |
|---|---|
| Henrietta ISD | 1801 E. Crafton Street<br>Henrietta, TX 76365 |
| Hill County ESD #1 | PO Box 412<br>Tax Collector<br>Hillsboro, TX 76645 |
| Hill County ESD #2 | 200 E. Franklin Street<br>Hillsboro, TX 76645 |
| Hill College - Cleburne | 206 N. Wilhite Street<br>Cleburne, TX 76031 |
| Hill College - Joshua | 112 Lamar Street<br>Hillsboro, TX 76645 |
| Hill County | 80 N. Waco Street, 1st Floor<br>Hillsboro, TX 76645 |
| Hill Junior College District | 112 Lamar Drive<br>Hillsboro, TX 76645 |
| Hillsboro ISD | 121 E. Franklin Street<br>Hillsboro, TX 76645 |
| Hood County Library District | Hood County Library<br>222 N. Travis Street<br>Granbury, TX 76048 |
| Hood County | P.O. Box 339<br>Granbury, TX 76048 |
| Hopkins County Hospital District | 115 Airport Road<br>Sulphur Springs, TX 75482 |
| Hopkins County | Hopkins County Courthouse<br>118 Church Street<br>Sulphur Springs, TX 75482 |
| Hospital District #1 | 624 Fannin Street<br>Liberty, TX 77575 |
| Houston County ESD 2 | P.O. Box 941<br>Tax Collector<br>Crockett, TX 75835 |

| Taxing Authority | Contact Information |
|---|---|
| Houston County Hospital District | 1050 E. Loop 304 # 220<br>Crockett, TX 75835 |
| Houston Community College District | 3100 Main Street<br>Houston, TX 77002 |
| Houston County | 401 E. Goliad Avenue<br>Crockett, TX 75835 |
| Houston ISD | 4400 W. 18th Street<br>Houston, TX 77092 |
| Houston, City of | 901 Bagby Street<br>Houston, TX 77002 |
| Howard County | 300 Main Street<br>Big Spring, TX 79721 |
| Howard Junior College | 1001 Birdwell Lane<br>Big Spring, TX 79721 |
| Hubbard ISD | W. Highway 31<br>Hubbard, TX 76648 |
| Hudson ISD | 6735 Ted Trout Drive<br>Lufkin, TX 75904 |
| Huerfano County | 401 Main Street<br>Suite 201<br>Walsenburg, CO 81089-2045 |
| Hunt County | 2507 Lee Street<br>Greenville, TX 75401 |
| Hunt Memorial Hospital District | 4215 Joe Ramsey Boulevard E<br>Greenville, TX 75401 |
| Hurst - Euless - Bedford ISD | 1849 Central Drive<br>Bedford, TX 76022 |
| Hurst, City of | City Hall<br>1505 Precinct Line Road<br>Hurst, TX 76054 |

| Taxing Authority | Contact Information |
|---|---|
| Illinois Department of Revenue | Illinois Department of Revenue<br>P.O. Box. 19044<br>Springfield, IL 62794-9044 |
| Iowa Park CISD | 328 E. Highway<br>Iowa Park, TX 76367 |
| Irving ISD | 2621 W. Airport Freeway<br>Irving, TX 75062 |
| Irving, City of | 825 W. Irving Boulevard<br>Irving, TX  75060 |
| Jack County | 100 N. Main Street<br>Suite 312<br>Jacksboro, TX 76458 |
| Jack WCID #1 | P.O. Box 958<br>Tax Collector<br>Jacksboro, TX 76458-0958 |
| Jacksboro ISD | 750 W. Belknap Street<br>Jacksboro, TX 76458 |
| Jacksonville ISD | JISD Central Office<br>800 College Ave.<br>Jacksonville, TX 75766 |
| Jacksonville, City of | 301 E. Commerce Street<br>Jacksonville, TX 75766 |
| Jefferson County | 100 Jefferson County Parkway<br>Golden, CO 80419 |
| Johnson County ESD #1 | 2451 Service Drive<br>Cleburne, TX 76033 |
| Johnson County | Guinn Justice Center<br>204 S. Buffalo Avenue<br>Cleburne, TX 76033<br>Attn:  Hon. Bill Moore |
| Joshua ISD | 310 E. 18th Street<br>Joshua, TX 76058 |

| Taxing Authority | Contact Information |
|---|---|
| Joshua, City of | 101 S. Main Street<br>Joshua, TX 76058 |
| Katy ISD | 6301 S. Stadium Lane<br>Katy , TX 77494 |
| Kaufman County | 100 N. Washington Street<br>Kaufman, TX 75142 |
| Kaufman RFD #3 - Terrell | P.O. Box 339<br>Tax Collector<br>Kaufman, TX 75142 |
| Keechi Water District #1 | P.O. Box 958<br>Tax Collector<br>Jacksboro, TX 76458-0958 |
| Kennard ISD | 304 State Highway 7 E<br>Kennard, TX 75847 |
| Kentucky Department of Revenue | Department of Revenue<br>501 High Street<br>Frankfort, KY 40601-2103 |
| Kilgore College District | Kilgore College<br>1100 Broadway Boulevard<br>Kilgore, TX 75662-3204 |
| Kilgore ISD | 301 N. Kilgore Street<br>Kilgore, TX 75662 |
| Killeen ISD | 200 N. WS Young Drive<br>Killeen, TX 76543-4025 |
| Killeen, City of | 101 N. College Street<br>Killeen, TX 76541 |
| Lake Dallas ISD | 104 Swisher Road<br>Lake Dallas, TX 75065 |
| Lamar County | Attn: Haskell Maroney<br>231 Lamar Avenue<br>Paris, TX 75460 |
| Lamesa ISD | 212 N. Houston Avenue<br>Lamesa, TX 79331 |

| Taxing Authority | Contact Information |
|---|---|
| Lamesa, City of | Lamesa City Hall<br>601 S. 1st Street<br>Lamesa, TX 79331 |
| Lancaster ISD | 422 S. Centre Avenue<br>Lancaster, TX 75146 |
| Lancaster, City of | 211 N. Henry Street<br>Lancaster, TX 75146 |
| Laneville ISD | 7415 FM 1798 W<br>Laneville, TX 75667 |
| Larimer County | 200 W. Oak Street, 2nd Floor<br>P.O. Box 1190<br>Fort Collins, CO 80522-1190 |
| Las Animas County | 200 E. 1st Street<br>Room 203<br>Trinidad, CO 81082 |
| Latexo ISD | P.O. Box 975<br>Latexo, TX 75849 |
| Lee County | 200 S. Main Street<br>Room 107<br>Giddings, TX 78942 |
| Leon County | 155 N. Cass Street<br>P.O. Box 37<br>Centerville, TX 75833 |
| Leon ISD | 12168 Highway 79 W<br>Jewett, TX 75846 |
| Lewisville ISD | 1800 Timber Creek Road<br>Flower Mound, TX 75028 |
| Lexington ISD | 8731 N. Highway 77<br>Lexington, TX 78947 |
| Liberty County | 1923 Sam Houston Street<br>Suite 202<br>Liberty, TX 77575 |
| Liberty ISD | 1600 Grand Avenue<br>Liberty, TX 77575 |

| Taxing Authority | Contact Information |
|---|---|
| Limestone County ESD #1 | P.O. Drawer 831<br>Groesbeck, TX 76642-1702 |
| Limestone County ESD #2 | P.O. Drawer 831<br>Groesbeck, TX 76642-1702 |
| Limestone County | 200 W. State Street<br>Suite G01<br>Groesbeck, TX 76642 |
| Lipan - Kickapoo Water District | 9538 York Road Suite C<br>P.O. Box 67<br>Vancourt, TX 76955 |
| Logan County | 315 Main Street<br>Sterling, CO 80751 |
| Lone Wolf Water District | 131 E. 5th Street<br>P.O. Box 1001<br>Colorado City, TX 79512 |
| Longview ISD | 1301 E. Young Street<br>Longview, TX 75602 |
| Louisiana Department of Revenue | 617 N. Third Street<br>Baton Rouge, LA 70802 |
| Longview, City of | 300 W. Cotton Street<br>Longview, TX 75601 |
| Lufkin ISD | 101 Cotton Square<br>Lufkin, TX 75901 |
| Maine Revenue Services | Maine Revenue Service<br>P.O. Box 1065<br>Augusta, ME 04332-1065 |
| Lufkin, City of | 300 E. Shepherd, Room 226<br>Lufkin, TX 75901 |
| Malakoff ISD | 1308 FM 3062<br>Malakoff, TX 75148 |
| Malakoff, City of | 109 S. Melton Drive<br>Malakoff, TX 75148 |

24

| Taxing Authority | Contact Information |
|---|---|
| Mansfield ISD | 605 E. Broad Street<br>Mansfield, TX 76063 |
| Marlin ISD | 130 Coleman Street<br>Marlin, TX 76661 |
| Marlin, City of | 101 Fortune Street<br>Marlin, TX 76661 |
| Mart ISD | 700 Navarro Street<br>Mart, TX 76664 |
| McCamey Hospital District | 2500 Ranch Road 305<br>McCamey, TX 79752 |
| McCamey ISD | 111 E. 11th Street<br>P.O. Box 1069<br>McCamey, TX 79752 |
| McDade ISD | 156 Marlin Street<br>McDade, TX 78650 |
| McGregor ISD | P.O. Box 356<br>McGregor, TX 76657 |
| McGregor, City of | 302 S. Madison Avenue<br>McGregor, TX 76657 |
| McKinney ISD | One Duvall Street<br>McKinney, TX 75069 |
| McKinney, City of | 222 N. Tennessee Street<br>McKinney, TX 75069 |
| McLennan Community College | 1400 College Drive<br>Waco, TX 76708 |
| McLennan County | County Records Building<br>215 N. 5th Street, Suite 118<br>Waco, TX 76701 |
| Mesa UWD | Lamesa City Hall<br>601 S. 1st Street<br>Lamesa, TX 79331 |

| Taxing Authority | Contact Information |
|---|---|
| Mesquite ISD | 405 E. Davis Street<br>Mesquite, TX 75149 |
| Mesquite, City of | 757 N. Galloway Avenue<br>Mesquite, TX 75149 |
| Mexia ISD | 616 N. Red River Street<br>Mexia, TX 76667 |
| Mexia, City of | 101 S. McKinney Street<br>Mexia, TX 76667 |
| Middle Trinity Water District | Joe B. Cooper<br>930 N. Wolfe Nursery Road<br>Stephenville, TX 76401 |
| Midland County Junior College District | 3600 N. Garfield Street<br>Midland, TX 79705 |
| Midland County | Midland County Courthouse<br>500 N. Loraine Street<br>Midland, TX 79701 |
| Midland ISD | 615 W. Missouri Avenue<br>Midland, TX 79701 |
| Midland Memorial Hospital District | 400 Rosalind Redfern Grover Parkway<br>Midland, TX 79701 |
| Midland, City of | P.O. Box 1152<br>Midland, TX 79701 |
| Milam County | 102 S. Fannin Avenue<br>Cameron, TX 76520 |
| Mineral Wells ISD | 906 SW 5th Avenue<br>Mineral Wells, TX 76067 |
| Mineral Wells, City of | 211 SW 1st Avenue<br>Mineral Wells, TX 76067 |
| Mississippi Department of Revenue | P.O. Box 1033<br>Jackson, MS 39215-1033 |

| Taxing Authority | Contact Information |
|---|---|
| Mitchell County | County Courthouse<br>349 Oak Street<br>Colorado City, TX 79512 |
| Mitchell Hospital District | 997 Interstate 20<br>Colorado City, TX 79512 |
| Monahans - Wickett - Pyote ISD | 606 S. Betty Avenue<br>Monahans, TX 79756 |
| Monahans, City of | 112 W. 2nd Street<br>Monahans, TX 79756 |
| Morgan County | 231 Ensign Street<br>P.O. Box 892<br>Fort Morgan, CO 80701 |
| Mt. Enterprise ISD | 301 NW 3rd Street<br>Mt. Enterprise, TX 75681 |
| Mt. Pleasant ISD | 230 N. Edwards<br>Mt. Pleasant, TX 75455 |
| Mt. Pleasant, City of | 501 N. Madison Avenue<br>Mt. Pleasant, TX 75455 |
| Mt. Vernon ISD | 501 Highway 37 S<br>Mount Vernon, TX 75457 |
| N. E. Leon County ESD #4 | P.O. Box 37<br>Tax Collector<br>Centerville, TX 75833-0037 |
| N. W. Leon County ESD #3 | P.O. Box 37<br>Tax Collector<br>Centerville, TX 75833-0037 |
| Nacogdoches County | 101 W. Main Street #170<br>Nacogdoches, TX 75961 |
| Nacogdoches ESD #3 | 216 W. Hospital Street<br>Tax Collector<br>Nacogdoches, TX 75961 |
| Nacogdoches ISD | 420 S. Shawnee Street<br>Nacogdoches, TX 75961 |

| Taxing Authority | Contact Information |
|---|---|
| Nacogdoches, City of | 202 E. Pillar Street<br>Nacogdoches, TX 75961 |
| Navarro College District | 3200 W. 7th Avenue<br>Corsicana, TX 75110 |
| Navarro County | Navarro County Courthouse<br>300 W. 3rd Avenue<br>Corsicana, TX 75110 |
| Northeast Texas Community College | 2886 FM 1735<br>Chapel Hill Road<br>Mt. Pleasant, TX 75455 |
| New York State Department of Taxation and Finance | NYS Assessment Receivables<br>P.O. Box 4127<br>Binghampton, NY 13902-4127 |
| Nolan County Hospital District | 200 E. Arizona Avenue<br>Sweetwater, TX 79556 |
| Nolan County | 100 E. 3rd Street  # 108<br>Sweetwater, TX 79556 |
| North Central College District | N. Central Texas College<br>1525 W. California Street<br>Gainesville, TX 76240 |
| North Lamar ISD | 3201 Lewis Lane<br>Paris, TX 75460 |
| North Richland Hills, City of | North Richland Hills City Hall<br>7301 NE Loop 820<br>North Richland Hills, TX 76180 |
| Northwest ISD | 2001 Texan Drive<br>Justin, TX 76247 |
| Nueces County | 901 Leopard Street<br>Corpus Christi, TX 78401 |
| Nueces Hospital District | 555 N. Carancahua Street<br>Corpus Christi, TX 78401 |
| Odessa Junior College District | Odessa College<br>201 W. University<br>Odessa, TX 79764 |

| Taxing Authority | Contact Information |
|---|---|
| Odessa, City of | 411 W. 8th Street<br>P.O. Box 4398<br>Odessa, TX 79760 |
| Oglesby ISD | 125 College Street<br>Oglesby, TX 76561 |
| Oregon Department of Revenue | Oregon Department of Revenue<br>955 Center Street NE<br>Salem, OR 97301-2555 |
| Otero County | P.O. Box 511<br>La Junta, CO 81050-0511 |
| Overton ISD | 501 E. Henderson Street<br>Overton, TX 75684 |
| Overton, City of | 1200 S. Commerce Street<br>Overton, TX 75684 |
| Palestine ISD | 1007 E. Park Avenue<br>Palestine, TX 75801 |
| Palestine, City of | 504 N. Queen Street<br>Palestine, TX 75801 |
| Palo Pinto County Emergency District | 109 N. Oak Avenue<br>Mineral Wells, TX 76067 |
| Palo Pinto County | P.O. Box 160<br>520 Oak Street Room #107<br>Palo Pinto, TX 76484 |
| Palo Pinto Hospital District | 400 SW 25th Avenue<br>Mineral Wells, TX 76067 |
| Panola CGWCD | 419 W. Sabine Street<br>Carthage, TX 75633 |
| Panola County Junior College District | 1109 W. Panola Street<br>Carthage, TX 75633 |
| Panola County | 110 S. Sycamore Street<br>Room 211<br>Carthage, TX 75633 |

| Taxing Authority | Contact Information |
|---|---|
| Panola ESD #1 | 1736 Ballpark Drive<br>Carthage, TX 75633-9998 |
| Pantego, City of | 1614 S. Bowen Road<br>Pantego, TX 76013 |
| Paris ISD | 1920 Clarksville Street<br>Paris, TX 75460 |
| Paris Junior College | 2400 Clarksville Street<br>Paris, TX 75460 |
| Paris, City of | 125 SE 1st Street, P.O. Box 9037<br>Paris, TX 75461<br>Attn: Kent McIlyar, City Attorney |
| Pecos - Barstow - Toyah ISD | 1302 S. Park Street<br>Pecos, TX 79772 |
| Pennsylvania Department of Revenue | Bureau of Business Trust Fund Taxes<br>P.O. Box 280901<br>Harrisburg, PA 17128-0901 |
| Permian Basin UWCD | 708 W. Saint Peter Street<br>Stanton, TX 79782 |
| Perrin-Whitt ISD | 216 N. Benson Street<br>Perrin, TX 76486 |
| Pittsburg ISD | 402 Broach Street<br>P.O. Box 1189<br>Pittsburg, TX 75686 |
| Plano ISD | 2700 W. 15th Street<br>Plano, TX 75075 |
| Plano, City of | 1520 Avenue K<br>Plano, TX 75074 |
| Port of Houston Authority | 111 East Loop N<br>Houston, TX 77029 |
| Prosper ISD | 605 E. 7th Street<br>Prosper, TX 75078 |

| Taxing Authority | Contact Information |
|---|---|
| Prowers County | 301 S. Main Street<br>Suite 215<br>Lamar, CO 81052 |
| Pueblo County | 215 W. 10th Street<br>Pueblo, CO 81003 |
| Ranger ISD | 1842 Loop 254 E<br>Ranger, TX 76470 |
| Ranger Junior College District | 1100 College Circle<br>Ranger, TX 76470 |
| Red River County | 200 N. Walnut Street<br>Clarksville, TX 75426 |
| Reeves County Hospital District | 2323 Texas Street<br>Pecos, TX 79772 |
| Reeves County | Rosemary Chabarria, Tax Assessor<br>Collector<br>100 E. 4th Street Room 104<br>Pecos, TX 79772 |
| Richardson ISD | 400 S. Greenville Avenue<br>Richardson, TX 75081 |
| Richardson, City of | 411 W. Arapaho Road<br>Richardson, TX 75080-4551 |
| Riesel ISD | 600 E. Frederick Street<br>Riesel, TX 76682 |
| Rising Star ISD | 905 N. Main Street<br>Rising Star, TX 76471 |
| Rivercrest ISD | 4100 U.S. Highway 271 S<br>Bogata, TX 75417 |
| Robertson County RFD | P.O. Box 220<br>Tax Collector<br>Franklin, TX 77856 |

31

| Taxing Authority | Contact Information |
|---|---|
| Robertson County | P.O. Box 1029<br>Franklin, TX 77856 |
| Rockdale ISD | P.O. Box 632<br>520 W. Davilla Avenue<br>Rockdale, TX 76567 |
| Rockwall County | 1111 E. Yellowjacket Lane<br>Suite 100<br>Rockwall, TX 75087 |
| Rockwall ISD | 1050 Williams Street<br>Rockwall, TX 75087 |
| Rockwall, City of | 385 S. Goliad Street<br>Rockwall, TX 75087 |
| Round Rock ISD | 1311 Round Rock Avenue<br>Round Rock, TX 78681 |
| Round Rock, City of | 221 E. Main Street<br>Round Rock, TX 78664 |
| Runnels County | Runnels County Courthouse<br>613 Hutchings Avenue, Room 106,<br>Box 189<br>Ballinger, TX 76821 |
| Rural Fire District #01 | Gilmer Fire Department<br>120 Henderson Street<br>Gilmer, TX 75644 |
| Rusk County ESD #1 | P.O. Box 1911<br>Henderson, TX 75653 |
| Rusk County | 115 N. Main, Suite 206<br>P.O. Box 758<br>Henderson, TX 75653-0758 |
| Rusk County GWC District | 500 N. High Street<br>Henderson, TX 75653 |
| Rusk ISD | 203 E. 7th Street<br>Rusk, TX 75785 |

| Taxing Authority | Contact Information |
|---|---|
| S. E. Leon County ESD #1 | P.O. Box 37<br>Tax Collector<br>Centerville, TX 75833-0037 |
| San Angelo ISD | 1621 University Avenue<br>San Angelo, TX 76904 |
| San Angelo, City of | 72 W. College Avenue<br>San Angelo, TX 76902 |
| San Jacinto Junior College | San Jacinto College District Building<br>4624 Fairmont Parkway<br>Pasadena, TX 77504 |
| Savoy ISD | 302 W. Hayes Street<br>Savoy, TX 75479 |
| School Equalization | P.O. Box 139066<br>Tax Collector<br>Dallas, TX 75313-9066 |
| Scurry County Hospital District | Scurry County Hospital District dba<br>Cogdell Memorial Hospital<br>1700 Cogdell Boulevard<br>Snyder, TX 79549 |
| Scurry County | 1806 25th Street, #201<br>Snyder, TX 79549-2530 |
| Seymour ISD | 409 W. Idaho Street<br>Seymour , TX 76380 |
| Sherman ISD | 2701 Loy Lake Road<br>Sherman, TX 75090 |
| Sherman, City of | 220 W Mulberry Street<br>P.O. Box 1106<br>Sherman, TX 75090 |
| Slocum ISD | 5765 E. State Highway 294<br>Elkhart, TX 75839 |
| Smith County | 100 N. Broadway Avenue<br>Tyler, TX 75707 |

33

| Taxing Authority | Contact Information |
|---|---|
| Snyder ISD | 2901 37th Street<br>Snyder, TX 79549 |
| Snyder, City of | 1925 24th Street<br>Snyder, TX 79549 |
| Somervell County Hospital District | Glen Rose Medical Center<br>1021 Holden Street<br>Glen Rose, TX 76043 |
| Somervell County Water District | 2099 County Road 301<br>P.O. Box 1386<br>Glen Rose, TX 76043 |
| Somervell County | 107 NE Vernon Street<br>Glen Rose, TX 76043 |
| South Carolina Department of Revenue | South Carolina Department of Revenue<br>Sales Tax Return<br>Columbia, SC 29214-0101 |
| South Limestone Hospital District | 701 McClintic Drive<br>Groesbeck, TX 76642-2128 |
| State of Arkansas | 425 W. Capitol Avenue<br>Suite 1620<br>Little Rock, AR 72201 |
| State of Indiana | 402 W. Washington Street # 160A<br>Indianapolis, IN 46204 |
| State of Missouri | Corporations Division,<br>600 W. Main Street<br>Missouri State Information Center,<br>Room 322<br>Jefferson City, MO 65101-0778 |
| State of Nebraska | State Capitol<br>1445 K Street, Suite 2300<br>Lincoln, NE 68509 |
| State of Texas, Comptroller's Office | Texas Comptroller of Public Accounts<br>P.O. Box 13528, Capital Station<br>Austin, TX 78711-3528 |
| State of Wyoming | The Capitol Building<br>200 W. 24th Street<br>Cheyenne, WY 82002 |

34

| Taxing Authority | Contact Information |
|---|---|
| Stephens County | Stephens County Courthouse<br>200 W. Walker Street<br>Breckenridge, TX 76424 |
| Stephenville ISD | 2655 W. Overhill Drive<br>Stephenville, TX 76401 |
| Stephenville, City of | City Hall<br>298 W. Washington Street<br>Stephenville, TX 76401 |
| Sulphur Springs ISD | 631 Connally Street<br>Sulphur Springs, TX 75482 |
| Sulphur Springs, City of | 125 S. Davis Street<br>Sulphur Springs, TX 75482 |
| Sunnyvale ISD | 417 E. Tripp Road<br>Sunnyvale, TX 75182 |
| Sunnyvale, Town of | 127 Collins Road<br>Sunnyvale, TX 75182 |
| Sweetwater ISD | 705 E. 3rd Street<br>Sweetwater, TX 79556 |
| Sweetwater, City of | 169 County Road 217<br>Sweetwater, TX 79556 |
| Tarrant County Hospital District | 1500 S. Main Street<br>Fort Worth, TX 76104 |
| Tarrant County Junior College | 1500 Houston Street<br>Fort Worth, TX 76102 |
| Tarrant County Regional Water District #1 | TRWD Administration<br>800 E. Northside Drive<br>Fort Worth, TX 76102 |
| Tarrant County | 100 E. Weatherford Street<br>Fort Worth, TX 76196 |
| Tatum ISD | P.O. Box 808<br>Tatum, TX 75691 |

35

| Taxing Authority | Contact Information |
|---|---|
| Tatum, City of | 680 County Road 2187<br>Tatum, TX 75691 |
| Taylor ISD | 3101 N. Main Street, Suite 104<br>Taylor, TX 76574 |
| Taylor, City of | City Hall<br>400 Porter Street<br>Taylor, TX 76574 |
| Teague Hospital District | 1200 E. Loop 255<br>Teague, TX 75860 |
| Teague ISD | 420 N. 10th Avenue<br>Teague, TX 75860 |
| Teague, City of | 105 S. 4th Avenue<br>Teague, TX 75860 |
| Tehuacana WCID #1 | P.O. Box 412<br>Hillsboro, TX 76645-2100 |
| Temple Health & Bioscience EDD | 19 N. Main Street<br>Temple, TX 76501<br>Attn: Jack D. Hart |
| Temple ISD | 200 N. 23rd Street<br>Temple, TX 76504 |
| Temple Junior College District | 2600 S. 1st Street<br>Temple, TX 76504 |
| Temple, City of | 2 N. Main Street<br>Temple, TX 76501 |
| Terrell ISD | 700 N. Catherine Street<br>Terrell, TX 75160 |
| Terrell, City of | 201 E. Nash Street<br>P.O. Box 310<br>Terrell, TX 75160 |
| Thorndale ISD | 300 N. Main<br>P.O. Box 870<br>Thorndale, TX 76577 |

36

| Taxing Authority | Contact Information |
|---|---|
| Titus County Hospital District | Titus Regional Medical Center<br>2001 N. Jefferson Avenue<br>Mt. Pleasant, TX 75455 |
| Titus County | 100 W. First Street<br>Mt. Pleasant, TX 75455 |
| Tolar ISD | 215 S. Mesquite Street<br>Tolar, TX 76476 |
| Tolar, City of | Tolar City Hall<br>P.O. Box 100<br>105 Pine Lane<br>Tolar, TX 76476 |
| Tom Green County | 124 W. Beauregard Avenue<br>San Angelo, TX 76903 |
| Tool, City of | 701 S. Tool Drive<br>Tool, TX 75143 |
| Travis County Hospital District | Central Health<br>1111 E. Cesar Chavez Street<br>Austin, TX 78702 |
| Travis County | P.O. Box 1748<br>Austin, TX 78767 |
| Tri-County GW Conservation District | Texas Water Development Board<br>1700 N. Congress Avenue<br>Austin, TX 78701 |
| Trinidad ISD | 105 W. Eaton Street<br>Trinidad, TX 75163 |
| Trinidad, City of | City Hall<br>212 Park Street<br>P.O. BOX 345<br>Trinidad, TX 75163 |
| TVCC - Henderson | Trinity Valley Community College<br>500 S. Prairieville Street<br>Athens, TX 75751 |
| TVCC - Kaufman | 800 Ed Hall Drive<br>Kaufman, TX 75142 |

| Taxing Authority | Contact Information |
|---|---|
| TVCC - Palestine | 100 Cardinal Drive<br>Athens, TX 75751 |
| Tyler ISD | 1319 Earl Campbell Parkway<br>Tyler, TX 75701 |
| Tyler Junior College District | Tyler Junior College<br>P.O. Box 9020<br>Tyler, TX 75711-9020 |
| Tyler, City of | 212 N. Bonner Avenue<br>Tyler, TX 75702 |
| Upper Brushy Creek WCID #1A | 4000 Sunrise Road #1200<br>Round Rock, TX 78665 |
| Upshur County | P.O. Box 730<br>Gilmer, TX 75644 |
| Upton County FD #2 - McCamey | 207 E. 6th Street<br>McCamey, TX 79752 |
| Upton County Water District | 205 E. 10th Avenue<br>Rankin, TX 79778 |
| Upton County | 205 E. 10th Street<br>Rankin, TX 79778 |
| Valwood Improvement Authority | 1740 Briercroft Court<br>Carrollton, TX 75006 |
| Van ISD | P.O. Box 697<br>Van, TX 75790 |
| Van Zandt County | 121 E. Dallas Street, Room 202<br>Canton, TX 75103 |
| Virginia Department of Taxation | Virginia Department of Taxation<br>1957 Westmoreland Street<br>Richmond, VA 23230 |
| Waco ISD | 501 Franklin Avenue<br>P.O. Box 27<br>Waco, TX 76703 |

38

| Taxing Authority | Contact Information |
|---|---|
| Waco, City of | 300 Austin Avenue<br>Waco, TX 76702 |
| Wall ISD | 8065 Loop 570<br>Wall, TX 76957 |
| Waller County | 836 Austin Street, Suite 217<br>Hempstead, TX 77445 |
| Waller-Harris ESD #200 | P.O. Box 510<br>Waller, TX 77484 |
| Walnut Springs ISD | 184 Avenue A<br>Walnut Springs, TX 76690 |
| Ward County | 400 S. Allen, Suite 101<br>Monahans, TX 79756 |
| Washington County | Washington County Administrative Building<br>150 Ash Avenue<br>Akron, CO 80720 |
| Waxahachie ISD | 411 N. Gibson Street<br>Waxahachie, TX 75165-3051 |
| Waxahachie, City of | 401 S. Rogers Street<br>Waxahachie, TX 75165 |
| Weld County | 1402 N. 17th Avenue<br>Greeley, CO 80631 |
| Wells ISD | 160 Rusk Avenue<br>Wells, TX 75976 |
| Wes-Tex Groundwater Conservation District | 100 E. 3rd Street, Suite 305B<br>Sweetwater, TX 79556<br>Attn: Dale Adams, General Manager |
| Westbrook ISD | 102 Bertner Street<br>Westbrook, TX 79565 |

| Taxing Authority | Contact Information |
|---|---|
| Western Texas College District | Western Texas College<br>6200 College Avenue<br>Snyder, TX 79549 |
| Westwood ISD | Westwood Business Office<br>4524 W. Oak Street<br>Palestine, TX 75802 |
| Whitehouse ISD | 106 Wildcat Drive<br>Whitehouse, TX 75791 |
| Whitehouse, City of | 101 A Bascom Road<br>Whitehouse, TX 75791 |
| Wichita County | Wichita County Courthouse<br>900 7th Street<br>Wichita Falls, TX 76301 |
| Wichita Falls ISD | 1104 Broad Street<br>Wichita Falls, TX 76301 |
| Wichita Falls, City of | 1300 7th Street<br>Wichita Falls, TX 76307-7531 |
| Williamson County | 405 Martin Luther King Street<br>Georgetown, TX 78626-4901 |
| Wills Point ISD | 338 W. North Commerce Street<br>Wills Point, TX 75169 |
| Winfield ISD | 113 School Street<br>Winfield, TX 75493 |
| Winfield, City of | 1 Titus County<br>Main Street<br>Winfield, TX 75493 |
| Wise County | P.O. Box 359<br>200 N. Trinity<br>Decatur, TX 76234 |
| Wortham ISD | 201 S. 4th Street<br>Wortham, TX 76693 |
| Young County | 516 4th Street<br>Graham, TX 76450 |

| Taxing Authority | Contact Information |
|---|---|
| Yuma County | 310 Ash Street, Suite F<br>Wray, CO 80758 |
| Zavala, City of | 838 E. Main Street<br>Zavalla, TX 75980 |
| Zavalla ISD | 431 E. Main Street<br>Zavalla, TX 75980 |

41

## EXHIBIT D

**Regulatory Agencies**

| Regulatory Agency | Contact Information |
|---|---|
| United States Department of Energy | 1000 Independence Avenue SW<br>Washington, DC 20585 |
| Public Utility Commission of Texas | 1701 N. Congress Avenue, P.O. Box 13326<br>Austin, TX 78711-3326 |
| Railroad Commission of Texas | 1701 N. Congress Avenue<br>Austin, TX 78701 |
| Texas Commission on Environmental Quality | 12100 Park 35 Circle<br>Austin, TX 78753 |
| Federal Energy Regulatory Commission | 888 First Street NE<br>Washington, DC 20426 |
| United States Environmental Protection Agency | William Jefferson Clinton Federal Building<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20004 |
| Texas Workforce Commission | 101 E. 15th Street, Room, 651<br>Austin, TX 78778-0001 |
| United States Equal Employment Opportunity Commission | 207 S. Houston Street, 3rd Floor<br>Dallas, TX 75202 |
| United States Securities and Exchange Commission | 100 F Street NE<br>Washington, DC 20549 |
| United States Commodity Futures Trading Commission | Three Lafayette Centre<br>1155 21st Street, NW<br>Washington, DC 20581 |
| Texas Ethics Commission | 201 E. 14th Street, 10th Floor<br>Austin, TX 78701 |
| State Bar of Texas | 1414 Colorado Street<br>Austin, TX 78701 |
| State of Texas, Comptroller's Office | Texas Comptroller of Public Accounts<br>P.O. Box 13528, Capital Station<br>Austin, TX 78711-3528 |
| Occupational Safety & Health Administration | 200 Constitution Avenue<br>Washington, DC 20210 |
| Texas Department of State Health Services | 1100 West 49th Street<br>Austin, TX 78756 |
| Texas Board of Professional Engineers | 1917 S. Interstate 35<br>Austin, TX 78741 |
| Texas Department of Motor Vehicles | 4000 Jackson Avenue<br>Austin, TX 78731 |
| U.S. Nuclear Regulatory Commission | U.S. Nuclear Regulatory Commission<br>Washington, DC 20555-0001 |
| Texas Department of Transportation | 125 E. 11th Street<br>Austin, TX 78701 |

| Regulatory Agency | Contact Information |
|---|---|
| Texas Department of Licensing and Regulation | 920 Colorado Street<br>Austin, TX 78701 |
| Federal Office of Surface Mining | 1951 Constitution Avenue NW<br>South Interior Building, Room 233<br>Washington, DC 20240 |
| Texas Historical Commission | 1511 Colorado Street<br>Austin, TX 78701 |
| Texas Park & Wildlife Department | 4200 Smith School Road<br>Austin, TX 78744 |
| U.S. Army Corps of Engineers | 441 G Street NW<br>Washington, DC 20314-1000 |
| National Labor Relations Board | 1099 14th Street NW<br>Washington, D.C. 20570-0001 |
| Office of Federal Contract Compliance Programs | U.S. Department of Labor for OFCCP<br>Federal Building, Room 840<br>525 S. Griffin Street<br>Dallas, TX 75202 |
| U.S. Department of Labor | 200 Constitution Avenue NW<br>Washington, DC 20210 |
| Texas Reliability Entity | 805 Las Cimas Parkway, Suite 200<br>Austin, Texas 78746 |
| North American Electric Reliability Corporation | 1325 G Street, NW Suite 600<br>Washington, DC 20005-3801 |
| Electric Reliability Council of Texas | 7620 Metro Center Drive<br>Austin, Texas 78744 |
| Southwest Power Pool | 201 Worthen Drive<br>Little Rock, AR 72223-4936 |
| U.S. Fish and Wildlife Service | 1849 C Street NW<br>Washington DC 20240 |
| Dallas County Health and Human Services | 2377 N. Stemmons Freeway<br>Dallas, Texas 75207-2710 |
| United States Mine Safety and Health Administration | 908 Monroe Street<br>Fort Worth, TX 76102 |
| Fort Worth Department of Water | 908 Monroe Street<br>Fort Worth, TX 76102 |

## File a First Day Motion:

14-10979-CSS Energy Future Holdings Corp.

Type: bk                    Chapter: 11 v              Office: 1 (Delaware)
Assets: y                   Judge: CSS                 Case Flag: VerifDue, PlnDue,
                                                       DsclsDue

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Jason M. Madron entered on 4/29/2014 at 9:16 AM EDT and filed
on 4/29/2014
**Case Name:**      Energy Future Holdings Corp.
**Case Number:**    14-10979-CSS
**Document Number:** 23

**Docket Text:**
Motion to Pay Sales and Use Taxes *(Motion of Energy Future Holdings Corp., et al., for Entry of Interim and
Final Orders Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees)* Filed By Energy Future
Holdings Corp. (Madron, Jason)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** W:\AJ\EFH - Taxes Motion.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/29/2014] [FileNumber=12418382-0
] [1ab8d9aa79114f1740da91af2f14e6afbe97471c8555213d4db79556a6a1122cdcc
bbb49b1810871d159ed4c4694f77c69c1601261738dc3e43452135db5c744]]

**14-10979-CSS Notice will be electronically mailed to:**

Ashley F. Bartram on behalf of Interested Party Public Utility Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Railroad Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Texas Commission on Environmental Quality
ashley.bartram@texasattorneygeneral.gov

William Pierce Bowden on behalf of Interested Party Wilmington Savings Fund Society, FSB, in its capacity as
successor Indenture Trustee
wbowden@ashby-geddes.com