# Exhibit B



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 23 |

## INTERIM ORDER AUTHORIZING THE DEBTORS
## TO PAY CERTAIN PREPETITION TAXES AND FEES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), authorizing, but not directing, the Debtors to pay certain Taxes and Fees in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http:/www.efhcaseinfo.com.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) pay all outstanding obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees on a prepetition basis that come due in the Interim Period in an aggregate amount not to exceed $80.74 million; and (b) negotiate and pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis. For the avoidance of doubt, by this Order, the Debtors are not authorized to satisfy any prepetition obligations owed to the Internal Revenue Service or any prepetition obligations that have accrued for past due or prior tax periods in violation of section 547(a)(4) of the Bankruptcy Code.

3. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

4. The Final Hearing shall be June 5, 2014, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m.,

prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.   The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: May 2, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE