# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), (a) determining adequate assurance of payment for future Utility Services (defined in this Motion); (b) prohibiting Utility Providers (defined in this Motion) from altering or discontinuing service on account of outstanding prepetition invoices; and (c) establishing procedures for resolving requests for additional adequate assurance. In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9013-1(m).

## Relief Requested

4.      By this Motion, the Debtors seek entry of Interim and Final Orders: (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (b) approving the Proposed Adequate Assurance (defined in this Motion); (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Proposed Adequate Assurance pending entry of the Final Order; and (d) determining the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion.

5.      The Debtors also request that the Court:  (a) schedule a final hearing as soon as practicable after the 21st day following the Petition Date (defined herein) to consider approval of

2

this Motion on a final basis (the "Final Hearing"); and (b) authorize all applicable banks and financial institutions to receive, process, honor, and pay all checks presented for payment and all electronic payment requests made by the Debtors related to adequate assurance on the terms described herein.

### Background

6.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The Debtors have requested joint administration of these chapter 11 cases.  The Court has not appointed a trustee, and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not formed any official committees in these chapter 11 cases.[2]

7.     Debtor Energy Future Holdings Corp. ("EFH Corp."), a Texas corporation, is the ultimate parent company for each of the Debtors in these chapter 11 cases and certain of EFH Corp.'s non-Debtor affiliates (collectively, "EFH").   EFH's businesses include the largest generator, distributor, and certified retail provider of electricity in Texas.   EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas ("ERCOT"), which covers the majority of Texas.   The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility

---

[2]     The facts and circumstances supporting this Motion, along with a detailed discussion of EFH's business operations and capital structure, are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

Commission of Texas (the "PUC"). EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors,[3] in three distinct business units:

- EFH's *competitive electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities*, conducted by TCEH LLC's Debtor subsidiaries composing "Luminant";

- EFH's *competitive retail electricity sales operations and related operations*, mainly conducted by TCEH LLC's Debtor subsidiaries composing "TXU Energy";[4] and

- EFH's *rate-regulated electricity transmission and distribution operations*, conducted by the non-Debtor Oncor.

8.      In the aggregate, the Debtors have approximately $42 billion of funded indebtedness, including (a) approximately $32.1 billion of claims against TCEH LLC and TCEH LLC's direct and indirect Debtor subsidiaries; (b) approximately $71 million of claims against EFCH; (c) approximately $1.9 billion of claims against EFH Corp.; and (d) approximately $7.7 billion of claims against EFIH.[5]

9.      Although the Debtors' balance sheet is overleveraged, the Debtors' operations are strong. Luminant's generation units are high-performing, its mining and electricity generation operations have impressive safety records, and its commodity trading and risk management

---

[3]    The Debtors in these chapter 11 cases consist of: (a) the vast majority of the entities that compose Luminant and TXU Energy, as well as those entities' intermediate corporate parent entity, Texas Competitive Electric Holdings Company LLC ("TCEH LLC"), a Delaware limited liability company, and TCEH LLC's corporate parent, Energy Future Competitive Holdings Company LLC ("EFCH"), a Delaware limited liability company; (b) Energy Future Intermediate Holding Company LLC ("EFIH"), a Delaware limited liability company that indirectly owns approximately 80% of Oncor Electric Delivery Holdings Company LLC ("Oncor"), and EFIH's wholly-owned subsidiary, EFIH Finance Inc.; (c) EFH Corp.; and (d) other direct and indirect subsidiaries of EFH Corp., including EFH Corporate Services Company.

[4]    The Debtors also conduct a relatively small amount of retail electricity operations through their 4Change brand and another entity, Luminant ET Services Company, that provides retail electricity service to some end use customers and to some of Luminant's mining operations, and a small amount of retail gas operations through Luminant Energy Company LLC.

[5]    Amounts include intercompany debt holdings and short-term borrowings, and exclude guarantees, unamortized discounts or premiums, accrued but unpaid interest, and certain other figures typically reported in the Debtors' filings with the Securities and Exchange Commission (the "SEC"), such as capital lease obligations, certain promissory notes, and certain other obligations.

activities have delivered significant value to the Debtors. TXU Energy is an industry leader in customer care performance and product innovation and has maintained strong performance notwithstanding intense competition. And non-Debtor Oncor produces a strong and consistent stream of revenue. Thus, these chapter 11 cases will provide the Debtors with the opportunity to restructure their balance sheets and retain their position as leaders in the Texas electricity market.

10.    As of December 31, 2013, EFH Corp. reported total assets of approximately $36.4 billion in book value, approximately $28.8 billion of which is attributable to EFCH, TCEH LLC, and TCEH LLC's direct and indirect subsidiaries (collectively with TCEH LLC and EFCH, "TCEH"),[6] and total liabilities of approximately $49.7 billion in book value, approximately $41.1 billion of which is attributable to TCEH.[7] EFH Corp.'s assets and liabilities that are not attributable to TCEH are mostly attributable to EFIH's indirect ownership of approximately 80% of Oncor. EFH Corp.'s consolidated revenues for the quarter ending December 31, 2013 were approximately $1.3 billion, all of which were attributable to TCEH. EFH Corp.'s consolidated annual revenues for the year ending December 31, 2013 were approximately $5.9 billion.

I.    **The Utility Providers.**

11.    As part of the Debtors' business operations, the Debtors incur utility expenses for electric, gas, water, telephone, internet, waste disposal, and other similar services (the "Utility Services") in the ordinary course of business from approximately 110 utility providers

---

[6]    Oncor's revenues are not included in EFH Corp.'s consolidated revenues because EFH Corp. accounts for its ownership of Oncor under the equity method of accounting.

[7]    Figures for TCEH are derived from EFCH's public filings with the SEC, and are almost entirely attributable to TCEH LLC and its Debtor and non-Debtor subsidiaries.

(collectively, the "Utility Providers").[8]  The Utility Providers that provide Utility Services to the Debtors as of the Petition Date are identified in **Exhibit C** hereto (the "Utility Service List").[9]

12.     On average, the Debtors spend approximately $108.8 million each month on Utility Services pursuant to approximately 640 separate accounts, of which approximately $106.8 million is attributable to Utility Providers that provide electricity transmission and distribution services (the "TDSPs").   As of the Petition Date, the Debtors estimate that approximately $194.5 million in utility costs have accrued and remain outstanding, approximately $185.5 million of which is attributable to TDSPs.  The Debtors do not believe they owe any past due amounts to the Utility Providers.

13.     Uninterrupted Utility Services are essential to the Debtors' ongoing operations and, therefore, to the success of their reorganization.  Indeed, any interruption of Utility Services, even for a brief period of time, would negatively affect the Debtors' operations, revenues, and cash flows, seriously jeopardizing the Debtors' reorganization efforts and, ultimately, recoveries to creditors.  Accordingly, it is critical, both for the Debtors and for the Debtors' customers, that the Debtors maintain uninterrupted access to Utility Services during these chapter 11 cases.

---

[8]   Certain of the Utility Providers may also qualify for treatment under the *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Performance Under Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under New Postpetition Hedging and Trading Arrangements* (the "Hedging and Trading Agreements Motion"), filed contemporaneously herewith.  The applicability of the Hedging and Trading Agreements Motion to such Utility Providers should not be treated as an admission by the Debtors that the safe harbor provisions of the Bankruptcy Code do or do not apply to those Utility Providers.  The Debtors reserve the right to argue that section 366 applies to a specific Utility Provider.

[9]   The Utility Service List is not an admission that any entity is a utility provider within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

## II.    The Proposed Adequate Assurance.

14.    The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business.  The Debtors expect that cash from operations and cash on hand will be sufficient to pay postpetition obligations related to their Utility Services.

15.    Nevertheless, to provide additional assurance of payment for future services to the Utility Providers other than (a) Utility Providers, including ERCOT, that have already been provided a deposit letter of credit that, even accounting for any draws to pay prepetition amounts, will be equal to, or greater than, two weeks of Utility Services, (b) Utility Providers that have been paid in advance for Utility Services, and (c) the TDSPs,[10] the Debtors propose to deposit $1 million (the "Adequate Assurance Deposit") into a newly-created, segregated, interest-bearing account (the "Adequate Assurance Deposit Account") within 20 days of the Petition Date.  The amount of the Adequate Assurance Deposit equals the estimated aggregate cost for two weeks of Utility Services for Utility Providers (other than the Utility Providers noted above), calculated as a historical average over the past 12 months.

16.    The Adequate Assurance Deposit will be held for the benefit of Utility Providers during the pendency of these chapter 11 cases, provided that to the extent any Utility Provider receives any value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

---

[10]    Pursuant to section 366(c)(2) of the Bankruptcy Code, the Debtors need not provide adequate assurance of payment until 30 days after the Petition Date.  The Debtors submit that the relief requested pursuant to the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing Certain of the Debtors to Pay Certain Prepetition Transition Charges and Delivery Charges and (B) an Order Authorizing Certain of the Debtors to Assume Transmission and Distribution Service Agreement* (the "TDSP Motion"), filed contemporaneously herewith, will satisfy any adequate assurance obligation with respect to the TDSPs within the required 30-day period.  The Debtors' and the TDSPs' respective rights under section 366 of the Bankruptcy Code are reserved, and, in the event the Court does not grant the relief sought in the TDSP Motion, the amount of the Adequate Assurance Deposit would increase by at least $53 million.

17.    The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future Utility Services in the ordinary course of business, any other prepetition or postpetition value provided by the Debtors to the Utility Providers, and other relief granted by the Court in favor of the Utility Providers (together, the "Proposed Adequate Assurance") constitutes sufficient adequate assurance.

18.    If, however, a Utility Provider believes additional assurance is required, the Debtors propose that such Utility Provider may request additional assurance pursuant to the following procedures (the "Adequate Assurance Procedures"):

(a) If a Utility Provider seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon: (i) the Debtors at the following address: Energy Future Holdings Corporation, 1601 Bryan Street, 43rd Floor, Dallas, Texas, 75201, Attn:  Andrew M. Wright; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Brian E. Schartz; (iii) proposed co-counsel to the Debtors, Richards Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn:  Mark D. Collins; (iv) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE  19801, Attn:  Richard L. Schepacarter; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to certain holders of first lien claims against the TCEH Debtors (the "Ad Hoc Committee of TCEH First Lien Creditors"), 1285 Avenue of the Americas, New York, New York, 10019, Attn:  Jacob A. Adlerstein; (vi) Akin Gump Strauss Hauer & Feld LLP, counsel to certain holders of unsecured claims against EFIH (the "Ad Hoc Committee of EFIH Unsecured Creditors"), One Bryant Park, Bank of America Tower, New York, NY 10036, Attn:  Ira S. Dizengoff; (vii) Milbank, Tweed, Hadley & McCloy LLP, counsel to the administrative agent under the TCEH debtor in possession financing facility, 1 Chase Manhattan Plaza, New York, NY 10005, Attn:  Karen Gartenberg; (viii) Shearman & Sterling LLP, counsel to the administrative agent under the EFIH first lien debtor in possession financing facility, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S. Schodek (ix) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims, unless an official committee of unsecured creditors has been formed, in which case, counsel to the official creditors' committee.

(b) Any Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including

8

any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that the Utility Provider currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have 20 days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the Utility Provider (the "Resolution Period"), to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(d) The Debtors may, in their sole discretion but in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors for Additional Assurance Requests exceeding $5 million, resolve any Additional Assurance Request by mutual agreement with the respective Utility Provider without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(e) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) A Utility Provider that makes an Additional Assurance Request shall be deemed to have adequate assurance of payment unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Provider during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(h) The Debtors may file amendments to the Utility Service List to add or remove any Utility Provider, and the Interim Order and the Final Order (as applicable)

9

shall apply to any subsequently identified Utility Provider, regardless of when the Utility Provider was added to the Utility Service List.

(i) In the event a Utility Provider is removed from the Utility Service List for any reason, including the Debtors' termination of services from such Utility Provider, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Provider and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Provider received any value from the Debtors as adequate assurance of payment, the removed Utility Provider shall promptly return such value to the Debtors (but in no event later than five business days after the Utility Provider is removed from the Utility Service List).

19.     Additionally, the Debtors request that any outstanding Adequate Assurance Deposit be returned to the Debtors upon the earlier of (a) entry of an order of the Court authorizing the return of such Adequate Assurance Deposit to the Debtors or (b) five business days following the occurrence of the effective date of a chapter 11 plan in the Debtors' chapter 11 cases.

20.     The Debtors request that all Utility Providers, including subsequently added Utility Providers, be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors absent compliance with the proposed Adequate Assurance Procedures or further order of the Court.

**III.    Final Hearing Date.**

21.     Section 366 of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), arguably requires that debtors provide adequate assurance that the utility provider finds satisfactory and to seek court review if the utility provider does not accept the proposed adequate assurance.  Accordingly, a Utility Provider could, theoretically, on the 29th day following the Petition Date, announce that the Proposed Adequate Assurance is not acceptable and threaten to terminate Utility Services the next day unless the Debtors comply with an extraordinary demand.  While the Debtors do not

concede that this is a correct reading of revised section 366 of the Bankruptcy Code, the Debtors nonetheless believe it is prudent to require Utility Providers to raise any objections to the Proposed Adequate Assurance and the proposed Adequate Assurance Procedures so that objections may be heard within the first 30 days following the Petition Date.

22.    To resolve any objections to the Proposed Adequate Assurance and the Proposed Adequate Assurance Procedures, the Debtors request that the Court schedule the Final Hearing as soon as practicable following the 21st day after the Petition Date, but not later than the 30th day following the Petition Date.    The Debtors will send notice of the Final Hearing, in substantially the form annexed as **Exhibit 1** to **Exhibit A** attached hereto, along with the Interim Order to all Utility Providers listed on the Utility Service List, no later than two business days after entry of the Interim Order.

## Basis for Relief

### I.    The Utility Providers are Adequately Assured of Payment for Future Services.

23.    Section 366(c)(2) of the Bankruptcy Code provides that a utility provider may discontinue its services to a debtor if the debtor has not furnished adequate assurance of payment within 30 days following the petition date.    Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, section 366 of the Bankruptcy Code protects debtors by prohibiting utilities from altering, refusing, or discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing.    At the same time, it protects utilities by

11

permitting them to alter, refuse, or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

24.    Section 366(c) of the Bankruptcy Code also restricts the factors that a court may consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts no longer may consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments, or (c) the availability of an administrative expense priority when determining the amount of a deposit. Notwithstanding these changes, it does not appear that Congress intended to—or did—abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

25.    Thus, while section 366(c) of the Bankruptcy Code limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance. Instead, section 366(c) of the Bankruptcy Code gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under section 366(b) of the Bankruptcy Code. *Compare* 11 U.S.C. § 366(b) (2005) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(a) (2005) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

26.    Moreover, section 366(c) of the Bankruptcy Code, like section 366(b) of the Bankruptcy Code, requires only that a utility's assurance of payment be "adequate." Courts

recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) ("Courts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full."); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services."); *see also In re Caldor, Inc.—N.Y.*, 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996) (stating that section 366(b) "does not require an 'absolute guarantee of payment'"), *aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc.—N.Y.*, 117 F.3d 646 (2d Cir. 1997).

27.     Finally, courts also have recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus 'upon the need of the utility for assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Virginia Elec.*, 117 F.3d at 650 (emphasis in original); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the debtor merely to give further security to suppliers who already are reasonably protected"). This principle is particularly applicable where the debtor has made prepetition deposits or prepayments for services that will be rendered postpetition. *See* 11 U.S.C. §366(c)(1)(A)(v) (identifying as adequate assurance, among other things, cash deposits, letters of credit, and prepayments). Accordingly, demands by

a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

28.    The Debtors submit that the Proposed Adequate Assurance and the Adequate Assurance Procedures provide more than adequate assurance of future payment. Furthermore, the Debtors expect that revenue from continued operations coupled with cash on hand and proceeds of the Debtors' debtor-in-possession financing facility will be sufficient to pay their operating costs, including utility costs, as such costs come due. Moreover, the Debtors have a powerful incentive to stay current on utility obligations because of their reliance on Utility Services for the operation of their businesses. These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that the Proposed Adequate Assurance, Adequate Assurance Deposit Account, and the Adequate Assurance Procedures are more than sufficient to assure the Utility Providers of future payment.

29.    The Court has granted similar relief to that requested in this Motion in a number of cases in this district. *See, e.g., In re Coldwater Creek Inc.*, No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014) (authorizing adequate assurance procedures similar to the ones sought here); *In re Brookstone Holdings Corp.*, No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014) (same); *In re F & H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013 & Jan. 8, 2014) (same); *In re School Specialty, Inc.*, No. 13-10125 (KJC) (Bankr. D. Del. Feb. 25, 2013) (same); *In re THQ, Inc.*, No. 12-13398 (MFW) (Bankr. D. Del. Jan. 4, 2013) (same); *In re A123 Sys., Inc.*, No. 12-12859 (KJC) (Bankr. D. Del. Nov. 8, 2012) (same); *In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Nov. 1, 2012) (same); *In re S. Air Holdings, Inc.*, No. 12-12690 (CSS) (Bankr. D. Del. Oct. 1, 2012) (same).[11]

---

[11] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

## II.    The Adequate Assurance Procedures are Appropriate.

30.    The Court has authority to approve the Adequate Assurance Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code."  The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 105.01 (16th ed.).

31.    The Adequate Assurance Procedures are appropriate in these chapter 11 cases and will facilitate the Debtors' smooth entry into chapter 11.  Moreover, a Utility Provider could unilaterally decide—on or after the 30th day following the Petition Date—that it is not adequately protected and discontinue service or make an exorbitant demand for payment to continue service.  Although the Debtors do not concede that this would be appropriate and reserve all their rights, discontinuation of Utility Service could essentially shut down operations, and any significant disruption of operations could put these chapter 11 cases in jeopardy.

### The Requirements of Bankruptcy Rule 6003 are Satisfied

32.    Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to use property of the estate within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

33.     As described above, it is imperative that the Utility Providers continue to provide Utility Services in the ordinary course of business.  Failure to do so would likely result in immediate and irreparable harm to the Debtors' operations, customer and regulatory relationships, revenues, and profits, seriously jeopardizing the Debtors' reorganization efforts and, ultimately, recoveries to creditors.  Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the Proposed Adequate Assurance and the Adequate Assurance Deposit within 21 days of the Petition Date.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

34.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Reservation of Rights

35.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) an admission that a Utility Provider is in fact a utility under section 366 of the Bankruptcy Code.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16

**Notice**

36.     The Debtors shall provide notice of this Motion on the date hereof via facsimile, overnight delivery, and/or hand delivery to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as

17

indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the

10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington

Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior

secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims

against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the

agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for

the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain

holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to Oncor;

(q) the SEC; (r) the Internal Revenue Service; (s) the Office of the United States Attorney for the

District of Delaware; (t) the Office of the Texas Attorney General on behalf of the PUC;

(u) counsel to ERCOT; and (v) each Utility Provider.  As this Motion is seeking "first day"

relief, within forty eight hours of the entry of the Interim Order, the Debtors will serve copies of

this Motion and the order respecting this Motion as required by Local Bankruptcy Rule 9013-

1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.

### No Prior Request

37.    No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: April 29, 2014

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:          collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          richard.cieri@kirkland.com
               edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

19

**EXHIBIT A**

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## INTERIM ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), (a) determining adequate assurance of payment for future Utility Services; (b) prohibiting Utility Providers from altering or discontinuing service on account of outstanding prepetition invoices; and (c) establishing procedures for resolving requests for additional adequate assurance, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the opportunity for a hearing on the Motion under the circumstances; and the Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Until such time as the Final Order is entered by the court, all Utility Providers are

prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of

any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a

deposit or receipt or any other security for continued service as a result of the Debtors'

bankruptcy filing or any outstanding prepetition invoices other than as set forth in this Order.

3.      The Debtors shall deposit the Adequate Assurance Deposit into the Adequate

Assurance Deposit Account within 20 days of the Petition Date.

4.      The form of the notice of the Final Hearing attached hereto as **Exhibit 1**

(the "Final Hearing Notice") is approved and incorporated by reference herein.

5.      The Debtors shall serve a copy of the Motion, this Order, and the Final Hearing

Notice on each Utility Provider listed on the Utility Service List no later than two business days

after the date this Order is entered.

6.      The following Adequate Assurance Procedures are approved on an interim basis:

(a) If a Utility Provider seeks additional assurance of payment in the form of
deposits, prepayments, or otherwise, it must serve a request (an "Additional
Assurance Request") upon: (i) the Debtors at the following address: Energy
Future Holdings Corporation, 1601 Bryan Street, 43rd Floor, Dallas, Texas,
75201, Attn: Andrew M. Wright; (ii) proposed co-counsel to the Debtors,
Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022,

2

Attn: Brian E. Schartz; (iii) proposed co-counsel to the Debtors, Richards Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins; (iv) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, 1285 Avenue of the Americas, New York, New York, 10019, Attn: Jacob A. Adlerstein; (vi) Akin Gump Strauss Hauer & Feld LLP, counsel to the Ad Hoc Committee of EFIH Unsecured Creditors, One Bryant Park, Bank of America Tower, New York, NY 10036, Attn: Ira S. Dizengoff; (vii) Milbank, Tweed, Hadley & McCloy LLP, counsel to the administrative agent under the TCEH debtor in possession financing facility, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Karen Gartenberg; (viii) Shearman & Sterling LLP, counsel to the administrative agent under the EFIH first lien debtor in possession financing facility, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S. Schodek (ix) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims, unless an official committee of unsecured creditors has been formed, in which case, counsel to the official creditors' committee.

(b) Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that the Utility Provider currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have 20 days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the Utility Provider (the "Resolution Period"), to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(d) The Debtors may, in their sole discretion but in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors for Additional Assurance Requests exceeding $5 million, resolve any Additional Assurance Request by mutual agreement with the respective Utility Provider without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

3

(e) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) A Utility Provider that makes an Additional Assurance Request shall be deemed to have adequate assurance of payment unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Provider during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(h) The Debtors may file amendments to the Utility Service List to add or remove any Utility Provider, and this Order shall apply to any subsequently identified Utility Provider, regardless of when the Utility Provider was added to the Utility Service List.

(i) In the event a Utility Provider is removed from the Utility Service List for any reason, including the Debtors' termination of services from such Utility Provider, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Provider and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Provider received any value from the Debtors as adequate assurance of payment, the removed Utility Provider shall promptly return such value to the Debtors (but in no event later than five business days after the Utility Provider is removed from the Utility Service List).

7.     Any outstanding Adequate Assurance Deposit shall be returned to the Debtors upon the earlier of (a) entry of an order of the Court authorizing the return of part or all of such Adequate Assurance Deposit or (b) five business days following the date upon which a plan of reorganization is confirmed in these chapter 11 cases.

4

8.      The Final Hearing shall be _____, 2014, at __:__ a.m./p.m., prevailing Eastern Time.    Any objections or responses to the Motion must be filed on or before _____, 2014, at 4:00 p.m., prevailing Eastern Time.    If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

9.      In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) an admission that a Utility Provider is in fact a utility under section 366 of the Bankruptcy Code.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

13.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1 TO EXHIBIT A**

**Proposed Final Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF FINAL HEARING OF MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

**Commencement of Chapter 11 Cases.**    On April 29, 2014, (the "Petition Date"), the
above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary
petitions for relief under title 11 of the United States Code (the "Bankruptcy Code"), in the
United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The
Court has entered orders for relief under the Bankruptcy Code with respect to each of the
Debtors listed above.

**The Debtors' Adequate Assurance.**    On the Petition Date, the Debtors filed the *Motion of
Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Determining
Adequate Assurance of Payment for Future Utility Services* [Docket No. [____]] (the "Motion").
On [_____], 2014, the Bankruptcy Court entered the *Interim Order Determining Adequate
Assurance of Payment for Future Utility Services* [Docket No. [____]] (the "Interim Order,"
attached hereto).

**You are receiving this notice because the Final Order may affect your rights.  If you have
been identified by the Debtors as a Utility Provider, the information listed for the Utility
Provider receiving this notice is listed in the table below.**

| UTILITY PROVIDER | ADDRESS | TYPE OF SERVICE |
|---|---|---|
|  |  |  |

**The final hearing (the "Final Hearing") on the relief requested in the Motion shall occur on
[_____], 2014 at __:__ a.m./pm., prevailing Eastern Time.**

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the
debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these
chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and
the last four digits of their federal tax identification numbers is not provided herein. A complete list of such
information may be obtained on the website of the debtors' proposed claims and noticing agent at
http://www.efhcaseinfo.com.

**Pursuant to the Interim Order, any objections to the Motion must be <u>filed</u> by [_____],
2014 at 4:00 p.m., prevailing Eastern Time.**

*[Remainder of page intentionally left blank.]*

**Neither the Debtors' counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.**

Wilmington, Delaware
Dated: April 29, 2014

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            richard.cieri@kirkland.com
                     edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

3

## EXHIBIT B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | )  | Chapter 11 |
| | )  | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | )  | Case No. 14-_____ (___) |
| | )  | |
| Debtors. | )  | (Joint Administration Requested) |
| | )  | |

## FINAL ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order"), (a) determining adequate assurance of payment for future Utility Services; (b) prohibiting Utility Providers from altering or discontinuing service on account of outstanding prepetition invoices; and (c) establishing procedures for resolving requests for additional adequate assurance, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing,

if any, before the Court (the "Hearing"); and the Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on a final basis as set forth herein.

2.    The Proposed Adequate Assurance is hereby approved on a final basis and is

deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy

Code.

3.    Absent compliance with the following Adequate Assurance Procedures, the

Utility Providers are forbidden to alter, refuse, or discontinue service on account of any

prepetition amounts outstanding, or require additional assurance of payment other than that

provided pursuant to this Order:

> (a) If a Utility Provider seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon: (i) the Debtors at the following address:  Energy Future Holdings Corporation, 1601 Bryan Street, 43rd Floor, Dallas, Texas, 75201, Attn:  Andrew M. Wright; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Brian E. Schartz; (iii) proposed co-counsel to the Debtors, Richards Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn:  Mark D. Collins; (iv) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE  19801, Attn:  Richard L. Schepacarter; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, 1285 Avenue of the Americas, New York, New York, 10019, Attn:  Jacob A. Adlerstein; (vi) Akin Gump Strauss Hauer & Feld LLP, counsel to the Ad Hoc Committee of EFIH Unsecured Creditors, One Bryant Park, Bank of America Tower, New York, NY 10036, Attn:  Ira S. Dizengoff; (vii) Milbank, Tweed, Hadley & McCloy LLP, counsel to the administrative agent under the TCEH debtor in possession financing facility, 1

2

Chase Manhattan Plaza, New York, NY 10005, Attn: Karen Gartenberg; (viii) Shearman & Sterling LLP, counsel to the administrative agent under the EFIH first lien debtor in possession financing facility, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S. Schodek (ix) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims, unless an official committee of unsecured creditors has been formed, in which case, counsel to the official creditors' committee.

(b) Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that the Utility Provider currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have 20 days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the Utility Provider (the "Resolution Period"), to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(d) The Debtors may, in their sole discretion but in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors for Additional Assurance Requests exceeding $5 million, resolve any Additional Assurance Request by mutual agreement with the respective Utility Provider without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(e) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of

3

unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) A Utility Provider that makes an Additional Assurance Request shall be deemed to have adequate assurance of payment unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Provider during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(h) The Debtors may file amendments to the Utility Service List to add or remove any Utility Provider, and this Order shall apply to any subsequently identified Utility Provider, regardless of when the Utility Provider was added to the Utility Service List.

(i) In the event a Utility Provider is removed from the Utility Service List for any reason, including the Debtors' termination of services from such Utility Provider, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Provider and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Provider received any value from the Debtors as adequate assurance of payment, the removed Utility Provider shall promptly return such value to the Debtors (but in no event later than five business days after the Utility Provider is removed from the Utility Service List).

4.      The Adequate Assurance Deposit shall be returned to the Debtors upon the earlier of (i) entry of an order of the Court authorizing the return of such Adequate Assurance Deposit to the Debtors or (ii) five business days following the occurrence of the effective date of a chapter 11 plan in the Debtors' chapter 11 cases.

5.      The Debtors shall serve a copy of this Order on each Utility Provider listed on the Utility Service List within two business days of the date of this Order is entered.

6.      In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this

Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

7.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) an admission that a Utility Provider is in fact a utility under section 366 of the Bankruptcy Code.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.       Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

9.       Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

6

**EXHIBIT C**

**Utility Service List**

## Utility Service List

| Creditor Name | Classification / Type of Utility | Address |
|---|---|---|
| 1Stel Incorporated | Telephone/Internet/Cable | 205 E. Henderson Street Cleburne, TX 76031 |
| Abilene Regional Landfill | Waste Management/Recycling | FM 3034, Off Highway 277 Abilene, TX 79601 |
| Abovenet Communications Incorporated | Telephone/Internet/Cable | 360 Hamilton Avenue 7th Floor White Plains, NY 10601-1811 |
| AEP Texas Central Company | TDSP | 1 Riverside Plaza Columbus, OH 43215-2372 |
| AEP Texas North Company | TDSP | 1 Riverside Plaza Columbus, OH 43215-2372 |
| Allied Waste Services #058 | Waste Management/Recycling | 5001 Pine Street Abilene, TX 79601-1028 |
| Allied Waste Services #069 | Waste Management/Recycling | 18500 N. Allied Way, Suite 100 Phoenix, AZ 85054 |
| Allied Waste Services #794 | Waste Management/Recycling | 18500 N. Allied Way, Suite 100 Phoenix, AZ 85054 |
| American Messaging | Telephone/Internet/Cable | American Messaging 1720 Lakepointe Drive Lewisville, TX 75057 |
| Aqua Water Supply Corporation | Water/Sewer | 415 Old Austin Highway Drawer P Bastrop, TX 78602 |
| AT&T Incorporated | Telephone/Internet/Cable | One AT&T Way Bedminster, NJ 07921-0572 |
| AT&T Internet Services Incorporated | Telephone/Internet/Cable | 208 S. Akard Street Dallas, TX 75202 |
| AT&T Mobility LLC | Telephone/Internet/Cable | 1025 Lenox Park Boulevard NE Room A325 Atlanta, GA 30319 |
| AT&T Opus Billing Department | Telephone/Internet/Cable | 10110 Battleview Parkway Manassas, VA 20109 |
| BCS Stop & Go | Portable Waste Management | 8825 Stewarts Meadow College Station, TX 77845 |
| Bi-County Water Supply Incorporated | Water/Sewer | 4094 FM 2254 Pittsburg, TX 75686 |
| Bluebonnet Electric Coop Incorporated | Electric | 155 Electric Avenue Bastrop, TX 78602 |
| Bowie-Cass Electric Cooperative | Electric | 117 North Street Douglassville, TX 75560 |
| Bullard Incorporated | Portable Waste Management | 2000 W. Oak Street Palestine, TX 75801 |
| Cactus Environmental Services | Waste Management/Recycling | 4960 Singleton Boulevard Dallas, TX 75212 |
| Cellular One | Telephone/Internet/Cable | 2401 W. Jefferson Street Springfield, IL 62702 |

| Creditor Name | Classification / Type of Utility | Address |
|---|---|---|
| Centerpoint Energy, Incorporated | TDSP | 1111 Louisiana Street<br>Houston, TX 77002 |
| Century Link | Telephone/Internet/Cable | 100 Centurylink Drive<br>Monroe, LA 71203 |
| City Of Coppell | Water/Sewer | 255 Parkway Boulevard<br>Coppel, TX 75019-9478 |
| City Of Fairfield | Water/Sewer | 222 S. Mount Street<br>Fairfield, TX 75840 |
| City Of Garland | Water/Sewer | 2343 Forest Lane<br>Garland, TX 75042 |
| City Of Glen Rose | Water/Sewer | 201 NE Vernon Street<br>Glen Rose, TX 76043 |
| City Of Graham Water Department | Water/Sewer | 429 4th Street<br>Graham, TX 76450 |
| City Of Granbury Municipal | Water/Sewer | 1800 Waters Edge Drive<br>Granbury, TX 76048 |
| City Of Irving | Water/Sewer | 825 W. Irving Boulevard.<br>Irving, TX 75060 |
| City Of Mesquite | Water/Sewer | 757 N. Galloway Avenue<br>Mesquite, TX 75149 |
| City Of Monahans | Waste Management/Recycling | 112 W. 2nd Street<br>Monahans, TX 79756 |
| City Of Savoy | Water/Sewer | City Hall<br>405 E. Hayes Street<br>Savoy, TX 75479 |
| City Of Sulphur Springs | Water/Sewer | Water Department<br>125 S. Davis Street<br>Sulphur Springs, TX 75482 |
| City Of Sweetwater | Water/Sewer | 200 E. 4th Street<br>Sweetwater, TX 79556 |
| City Of Trinidad | Water/Sewer | 212 Park Street<br>Trinidad, TX 75163 |
| Clean Harbors | Hazardous Waste | 42 Longwater Drive<br>Norwell, MA 02061-9149 |
| Colorado River Municipal Water District | Water/Sewer | 400 E. 24th Street<br>Big Spring, TX 79720 |
| Commercial Metals Company | Waste Management/Recycling | 6565 N. Macarthur Boulevard, Suite 800<br>Irving, TX 75039 |
| Consolidated Communications | Telephone/Internet/Cable | 121 S. 17th Street<br>Mattoon, IL 61938 |
| Crims Chapel Water Supply Corporation | Water/Sewer | 1917 E. Main Street<br>Hendersonville, TX 75652 |
| Dallas Water Utilities | Water/Sewer | 1500 Marilla Suite 1 AN<br>Dallas, TX 75277 |
| Direct Energy Business | Electric | 1001 Liberty Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| Dish Network | Telephone/Internet/Cable | 9601 S. Meridian Boulevard<br>Englewood, CO 80112 |

2

| Creditor Name | Classification / Type of Utility | Address |
|---|---|---|
| Duncan Disposal | Waste Management/Recycling | 8820 W. Highway 80<br>Midland, TX 79706 |
| Eastex Telephone | Telephone/Internet/Cable | 3675 U.S. Highway 79 S<br>Henderson, TX 75654 |
| Effective Environmental Incorporated | Waste Management/Recycling | 2515 South Beltline Road<br>Mesquite, TX 75181-2015 |
| EOL Water Supply Corporation | Water/Sewer | 9226 Elk Road<br>Axtell, TX 76624 |
| ERCOT | Electric | 7620 Metro Center Drive<br>Austin, TX 78744 |
| Fairplay Water Supply Corporation | Water/Sewer | 227 County Road 212<br>Beckville, TX 75631 |
| FCC Environmental LLC | Waste Management/Recycling | 523 North Sam Houston Parkway E.<br>#400<br>Houston, TX 77060 |
| Fort Worth Water Department | Water/Sewer | 908 Monroe Street<br>Fort Worth, TX 76161-0003 |
| GLM Incorporated | Waste Management/Recycling | 17300 Preston Road Suite 300<br>Dallas, TX 75252 |
| Glowpoint Incorporated | Telephone/Internet/Cable | 5740 Ralston Street Suite 304<br>Ventura, CA 93003 |
| H & H Water Supply Corporation | Water/Sewer | 192 Old Hallsburd Road<br>Riesel, TX 76682 |
| Inter-County Communications Incorporated | Telephone/Internet/Cable | 222 Linda Drive<br>Sulphur Springs, TX 75482 |
| Itasca Landfill | Waste Management/Recycling Service | 2559 FM 66<br>Itasca, TX 76055 |
| Level 3 Communications LLC | Telephone/Internet/Cable | 1025 Eldorado Boulevard<br>Broomfield, CO 80021 |
| Lower Colorado River Authority | Water/Sewer | 3700 Lake Austin Boulevard<br>Austin, TX 78703 |
| Lubbock Electric Company Incorporated | Electric | 1108 34th Street<br>Lubbock, TX 79411 |
| Mexia Landfill | Waste Management/Recycling Service | 3048 County Road 460<br>Mexia, TX 76667 |
| Mid East Texas Groundwater Conservation | Water/Sewer | P.O. Box 477<br>Madisonville, TX 77864 |
| Midstate Environmental Services (Or Midstate Environmental United) | Waste Management/Recycling Service | 2203 Tower Road<br>Robstown, TX 78380 |
| Mitchell County Utility Company | Water/Sewer | 5353 Lake County Road 256<br>Colorado City, TX 79512 |
| Navarro County Electric Coop Incorporated | Electric | 3800 Texas 22<br>Corsicana, TX 75110 |
| Navasota Valley Electric | Electric | 2281 E. U.S. Highway 79<br>Franklin, TX 77856 |
| New Prospect Water Supply Corp | Water/Sewer | 2937 State Highway 43 E.<br>Henderson, TX 75652 |

3

| Creditor Name | Classification / Type of Utility | Address |
|---|---|---|
| Nueces Electric Cooperative | TDSP | 14353 Cooperative Avenue<br>Corpus Christi, TX 78380 |
| Oncor Electric Delivery Company LLC | TDSP | 1616 Woodall Rodgers Freeway<br>Dallas, TX 75202 |
| Pinehill Landfill | Waste Management/Recycling Service | Interstate 20<br>Kilgore, TX 75662 |
| Pleasant Oaks Landfill TX LP | Waste Management/Recycling Service | 3031 Farm Road 3417<br>Mt Pleasant, TX 75455 |
| Port-A-Jon | Portable Waste Management | 212 Michael Drive<br>Longview, TX 75602 |
| Progress Energy | Electric | 401 S. Wilmington Street<br>Raleigh, NC 27601 |
| Progressive Waste Solutions | Waste Management/Recycling | 2301 Eagle Parkway Suite 200<br>Fort Worth, TX 76177 |
| Progressive Water Treatment | Water/Sewer | 2535 E. University Drive<br>McKinney, TX 75069 |
| Republic Services National | Waste Management/Recycling Service | 18500 North Allied Way<br>Phoenix, AZ 85054 |
| Robertson County Water | Water/Sewer | 1418 U.S. Highway 79<br>Franklin, TX 77856 |
| Rock Hill Water Supply Corporation | Water/Sewer | 227 County Road 212<br>Beckville, TX 75631 |
| Rusk County Electric Cooperative Incorporated | Electric | 3162 State Highway 43 E.<br>Henderson, TX 75652 |
| Set Environmental Incorporated | Waste Management/Recycling | 450 Sumac Road<br>Wheeling, IL 60090 |
| Sharyland Utilities LP | TDSP | 1807 Ross Avenue, Suite 460<br>Dallas, TX 75201 |
| Somervell County Water District | Water/Sewer | 2099 County Road 301<br>Glen Rose, TX 76043 |
| Southwest Fannin County | Water/Sewer | Water Supply Corporation<br>8046 W. Highway 56<br>Savoy, TX 75479 |
| Southwestern Bell Telephone | Telephone/Internet/Cable | 1 Bell Centre<br>St. Louis, MO 63101-3004 |
| Southwestern Electric Power Company | Electric | 428 Travis Street<br>Shreveport, LA 71101 |
| Sprint | Telephone/Internet/Cable | 6200 Sprint Parkway<br>Overland Park, KS 66251-4300 |
| Starboard Environmental Audit Services Inc | Hazardous Waste | 3200 Stagecoach Ranch Loop<br>Dripping Springs, TX 78620 |
| Stryker Lake WSC | Water/Sewer | 2761 County Road 4501<br>New Summerfield, TX 75780 |
| Suddenlink | Telephone/Internet/Cable | 12444 Powerscourt Drive Suite 450<br>St. Louis, MO 63131 |
| Texas Disposal Services | Waste Management/Recycling | 12200 Carl Road<br>Creedmoor, TX 78610-2184 |
| Texas-New Mexico Power Company | TDSP | 577 North Garden Ridge Boulevard<br>Lewisville, TX 75067 |

4

| Creditor Name | Classification / Type of Utility | Address |
|---|---|---|
| Time Warner Cable | Telephone/Internet/Cable | 60 Columbus Circle<br>New York, NY 10023 |
| Town Of Sunnyvale | Water/Sewer | 127 N. Collins Road<br>Sunnyvale, TX 75182-9516 |
| Tri Special Utility District | Water/Sewer | 300 W. 16th Street<br>Mt. Pleasant, TX 75455 |
| Tri-County Electric Coop Incorporated | Electric | 600 NW Parkway<br>Azle, TX 76020 |
| United Recycler Services Incorporated Midstate Environmental Services | Waste Management/Recycling | 1340 Manufacturing Street<br>Dallas, TX 75207 |
| Universal Recycling Technologies | Waste Management/Recycling | 2535 Beloit Avenue<br>Janesville, WI 53546 |
| Universal Vacuum Services | Waste Management/Recycling | 1602 S. Market Street<br>Hearne, TX 77859 |
| Upshur Rural Electric Co-Op | Electric | 1200 W. Tyler Street<br>Gilmer, TX 75644 |
| Verizon Business | Telephone/Internet/Cable | 22001 Loudoun County Parkway<br>Ashburn, VA 20147-6105 |
| Verizon Southwest | Telephone/Internet/Cable | 600 Hidden Ridge<br>Irving, TX 75038 |
| Verizon Wireless | Telephone/Internet/Cable | 140 West Street<br>New York, NY 10007 |
| Waste Management | Waste Management/Recycling | 1001 Fannin, Suite 4000<br>Houston, TX 77002 |
| Windstream Communications | Telephone/Internet/Cable | 4001 Rodney Parham Road<br>Building 1<br>Little Rock, AR 72212 |
| Wood County Electric | Electric | 501 S. Main Street<br>P.O. Box 1827<br>Quitman, TX 75783 |

## File a First Day Motion:

14-10979-CSS Energy Future Holdings Corp.

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: CSS | Case Flag: VerifDue, PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Jason M. Madron entered on 4/29/2014 at 9:23 AM EDT and filed on 4/29/2014

**Case Name:**       Energy Future Holdings Corp.
**Case Number:**     14-10979-CSS
**Document Number:** 26

**Docket Text:**
Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *(Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services)* Filed By Energy Future Holdings Corp. (Madron, Jason)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**W:\AJ\EFH - Utilities.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/29/2014] [FileNumber=12418396-0
] [7507ea9bde308646d500e44be0638d6d0915bc7def058d6b1d85363f2f0a85588fe
8149e6791595f7d9f45bbe90dbbb3349bef41b6970247988d42b6fcedd076]]

**14-10979-CSS Notice will be electronically mailed to:**

Ashley F. Bartram on behalf of Interested Party Public Utility Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Railroad Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Texas Commission on Environmental Quality
ashley.bartram@texasattorneygeneral.gov

William Pierce Bowden on behalf of Interested Party Wilmington Savings Fund Society, FSB, in its capacity as successor Indenture Trustee
wbowden@ashby-geddes.com