# Exhibit B

**ORIGINAL**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket No. 26** |

## INTERIM ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), (a) determining adequate assurance of payment for future Utility Services; (b) prohibiting Utility Providers from altering or discontinuing service on account of outstanding prepetition invoices; and (c) establishing procedures for resolving requests for additional adequate assurance, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Until such time as the Final Order is entered by the court, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices other than as set forth in this Order.

3. The Debtors shall deposit the Adequate Assurance Deposit into the Adequate Assurance Deposit Account within 20 days of the Petition Date.

4. The form of the notice of the Final Hearing attached hereto as **Exhibit 1** (the "Final Hearing Notice") is approved and incorporated by reference herein.

5. The Debtors shall serve a copy of the Motion, this Order, and the Final Hearing Notice on each Utility Provider listed on the Utility Service List no later than two business days after the date this Order is entered.

6. The following Adequate Assurance Procedures are approved on an interim basis:

   (a) If a Utility Provider seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon: (i) the Debtors at the following address: Energy Future Holdings Corporation, 1601 Bryan Street, 43rd Floor, Dallas, Texas, 75201, Attn: Andrew M. Wright; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022,

2

Attn: Brian E. Schartz; (iii) proposed co-counsel to the Debtors, Richards Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins; (iv) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, 1285 Avenue of the Americas, New York, New York, 10019, Attn: Jacob A. Adlerstein; (vi) Akin Gump Strauss Hauer & Feld LLP, counsel to the Ad Hoc Committee of EFIH Unsecured Creditors, One Bryant Park, Bank of America Tower, New York, NY 10036, Attn: Ira S. Dizengoff; (vii) Milbank, Tweed, Hadley & McCloy LLP, counsel to the administrative agent under the TCEH debtor in possession financing facility, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Karen Gartenberg; (viii) Shearman & Sterling LLP, counsel to the administrative agent under the EFIH first lien debtor in possession financing facility, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S. Schodek (ix) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims, unless an official committee of unsecured creditors has been formed, in which case, counsel to the official creditors' committee.

(b) Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that the Utility Provider currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtors' ~~timely~~ receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have 20 days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the Utility Provider (the "Resolution Period"), to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(d) The Debtors may, in their sole discretion but in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors and counsel to the Ad Hoc Group of TCEH Unsecured Noteholders for Additional Assurance Requests exceeding $5 million, resolve any Additional Assurance Request by mutual agreement with the respective Utility Provider without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

3

(e) If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) A Utility Provider that makes an Additional Assurance Request shall be deemed to have adequate assurance of payment unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Provider during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(h) The Debtors may file amendments to the Utility Service List to add or remove any Utility Provider, and this Order shall apply to any subsequently identified Utility Provider, regardless of when the Utility Provider was added to the Utility Service List.

(i) In the event a Utility Provider is removed from the Utility Service List for any reason, including the Debtors' termination of services from such Utility Provider, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Provider and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Provider received any value from the Debtors as adequate assurance of payment, the removed Utility Provider shall promptly return such value to the Debtors (but in no event later than five business days after the Utility Provider is removed from the Utility Service List).

7.  Any outstanding Adequate Assurance Deposit shall be returned to the Debtors upon the earlier of (a) entry of an order of the Court authorizing the return of part or all of such Adequate Assurance Deposit or (b) five business days following the date upon which a plan of reorganization is confirmed in these chapter 11 cases.

8.   The Final Hearing shall be June 5, 2014, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m., prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

9.   In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

10.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) an admission that a Utility Provider is in fact a utility under section 366 of the Bankruptcy Code. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

11.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: May __2__, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Proposed Final Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**NOTICE OF FINAL HEARING OF MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

**Commencement of Chapter 11 Cases.** On April 29, 2014, (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

**The Debtors' Adequate Assurance.** On the Petition Date, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. 26] (the "Motion"). On [_____], 2014, the Bankruptcy Court entered the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. [___]] (the "Interim Order," attached hereto).

You are receiving this notice because the Final Order may affect your rights. If you have been identified by the Debtors as a Utility Provider, the information listed for the Utility Provider receiving this notice is listed in the table below.

| UTILITY PROVIDER | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| | | |
| | | |

The final hearing (the "Final Hearing") on the relief requested in the Motion shall occur on [_____], 2014 at __:__ a.m./pm., prevailing Eastern Time.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

**Pursuant to the Interim Order, any objections to the Motion must be <u>filed</u> by [_____],
2014 at 4:00 p.m., prevailing Eastern Time.**

*[Remainder of page intentionally left blank.]*

**Neither the Debtors' counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.**

Wilmington, Delaware
Dated: April 29, 2014

                              **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    richard.cieri@kirkland.com
        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession