# Exhibit B

ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Re: Docket No. 29 |

## INTERIM ORDER AUTHORIZING THE DEBTORS
## TO PAY PREPETITION CRITICAL VENDOR CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Order"), authorizing, but not directing, the Debtors to pay certain Critical Vendor Claims in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. In accordance with this Order, the Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy prepetition amounts on account of Critical Vendor Claims; *provided, however*, that such payments shall not (a) exceed an aggregate amount of $30 million during the Interim Period unless otherwise ordered by the Court, or (b) be made to any affiliate or insider (as defined in sections 101(2) and 101(31) of the Bankruptcy Code, respectively) of the Debtors other than portfolio companies owned by EFH Corp.'s indirect equity holders with which the Debtors conduct arm's-length transactions; *provided further, however*, that the Debtors shall be required to conduct a reasonable inquiry under the circumstances with respect to whether a particular Critical Vendor is an affiliate or insider.

3. The Debtors shall obtain from any Critical Vendor, as a prerequisite to obtaining payment pursuant to this Order, written acknowledgement of its obligation to continue providing services to the Debtors on Customary Trade Terms, substantially in the form attached hereto as **Exhibit 1** (the "Vendor Agreement"), which shall require, among other things, that the Customary Trade Terms shall be no less favorable than the most favorable trade terms provided by the Critical Vendor to the Debtors in the three months prior to the Petition Date; *provided, however*, that such payment shall not prejudice the Debtor's right to challenge, as a violation of the automatic stay or otherwise, a Critical Vendor's refusal to provide postpetition goods or

services on Customary Trade Terms.

4. The form Vendor Agreement, attached hereto as **Exhibit 1**, is approved on an interim basis; *provided, however*, that the Debtors, in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors with respect to Vendor Agreements addressing Critical Vendor Claims greater than $5 million, are authorized to modify the Vendor Agreement if a particular situation so requires; *provided, further*, that the executed Vendor Agreement shall in all circumstances provide for Customary Trade Terms that are no less favorable than the most favorable trade terms provided by the Critical Vendor to the Debtors in the three months prior to the Petition Date.

5. The Debtors will maintain a matrix summarizing (a) the name of each Critical Vendor that receives a payment (or payments) pursuant to this Order; (b) the total amount paid to each Critical Vendor pursuant to this Order; and (c) the nature of the goods and/or services provided by each Critical Vendor to whom a payment under this Order is made (the "Critical Vendor Summary"). The Debtors will provide the Critical Vendor Summary, along with any executed Vendor Agreement, to the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these cases, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, counsel to the Ad Hoc Committee of EFIH Unsecured Creditors, counsel to the agents for the EFIH and TCEH debtor-in-possession financing facilities; *provided, however*, that with the exception of the U.S. Trustee, that the Debtors shall only provide the Critical Vendor Summary and executed Vendor Agreements pursuant to this Order subject to the recipient's execution of a confidentiality agreement in form and substance acceptable to the Debtors; *provided further, however*, that nothing in this Order shall require the Debtors to provide the Critical Vendor Summary or any other information that the Debtors deem proprietary or

competitive in nature to any competitor or any individual member of any committee, absent consent or further order of this Court.

6.   If, after receiving a payment pursuant to this Order (and/or the specified terms of a Vendor Agreement), any Critical Vendor does not continue to provide Customary Trade Terms, then (a) any such payment received by such Critical Vendor shall be deemed, in the Debtors' discretion, in consultation with the Ad Hoc Committee of TCEH First Lien Creditors, and any official committee that the U.S. Trustee appoints, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash immediately upon written request by the Debtors and (b) upon recovery by the Debtors, any prepetition claim of such Critical Vendor shall be reinstated as if the payment had not been made; *provided, however,* that (x) prior to exercising any remedies set forth in paragraph 6, the Debtors shall provide the applicable party with written notice of their intent to exercise such remedies, and the applicable party shall have fourteen (14) days from service of such written notice to file an objection and serve it on the Debtors and (y) if such party files and serves such written notice, the Debtors shall not exercise any remedies set forth in paragraph 6 pending further order of the Court or agreement of the parties.

7.   If there exists an outstanding postpetition balance due from the Debtors to a Critical Vendor that does not continue to provide Customary Trade Terms, the Debtors may elect to recharacterize and apply any payments made pursuant to this Order to such outstanding postpetition balance, and the Critical Vendor shall repay immediately in cash to the Debtors such paid amounts that exceed the postpetition obligations then outstanding and without any claim, right of setoff, or recoupment against the Debtors resulting thereby.

8.   The Debtors are authorized to issue postpetition checks or to effect postpetition wire transfer requests in replacement of any checks or wire transfer requests in respect of any

obligations related to the Critical Vendor Claims that are dishonored or rejected.

9.  The Final Hearing shall be June 5, 2014, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m., prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

10. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

11. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH and EFIH Finance, Inc.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Payments made pursuant to this Order shall not be construed as an admission as to the

validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

14. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: May 2, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Vendor Agreement

_____, 2014
TO:    [Critical Vendor]
       [Name]
       [Address]

Dear [Critical Vendor]:

  On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain of its affiliates (collectively, and inclusive of any successor entities under a plan of reorganization or otherwise, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Delaware (the "Bankruptcy Court").

  On the Petition Date, the Debtors requested that the Bankruptcy Court grant the Debtors the authority to pay certain critical suppliers or service providers in recognition of the importance of our relationship with such suppliers and service providers. The Bankruptcy Court entered an order authorizing this relief on _____, 2014, a copy of which is enclosed herewith (the "Order").

  In accordance with the Order, the Debtors are prepared to enter into this vendor agreement (this "Agreement") in accordance with the following terms:

1. The estimated accrued balance of the prepetition claim (net of any setoffs, credits, or discounts) that is due and owing is $_____ (the "Claim").

2. The Debtors hereby agree to pay $_____ on account of the Claim (the "Claim Payment"), subject to the terms and conditions set forth in this Agreement, [it being understood that the remaining amount of your Claim against the Debtors shall be forever released and waived. If you have already filed a proof of claim with the Bankruptcy Court, you will take all necessary steps to withdraw the proof of claim.] [it being understood that the estimated remaining amount of your Claim is $_____. If you have already filed a proof of claim with the Bankruptcy Court, you will take all necessary steps to modify the proof of claim to reflect the remaining amount. If you have not already filed a proof of claim, you will take all necessary steps to file a proof of claim for the estimated remaining amount. Nothing in this Agreement should be seen as an admission by the Debtors with respect to the validity or amount of any remaining Claim.]

3. In consideration of the Claim Payment, you agree to continue providing and/or supplying goods or services to the Debtors based on acceptable and customary ordinary course trade terms (the "Customary Trade Terms"), it being understood that the Customary Trade Terms shall be no less favorable than the most favorable trade terms provided by [Critical Vendor] to the Debtors in the three months prior to the Petition Date. For purposes of this Agreement, Customary Trade Terms consist of those terms provided for in the following terms and conditions:

_____
_____
_____

(if more space is required, attach continuation pages, as necessary).

4. The Claim Payment may only be made upon execution of this Agreement by a duly authorized representative of your company. Your execution of this Agreement and the return of same to the Debtors constitute an agreement by you and the Debtors. You agree to be bound by the terms of this Agreement and you submit to the jurisdiction of the Bankruptcy Court, and expressly consent to the entry by the Bankruptcy Court of final rulings, in connection with any enforcement of this Agreement. You further agree and/or represent:

   a. to the Customary Trade Terms and, subject to the reservations contained above, to the amount of the claim set forth above;

   b. that, from and after the effective date of this Agreement, you will continue to supply the Debtors with goods or services, as applicable, pursuant to the Customary Trade Terms and that the Debtors will pay for such goods in accordance with the Customary Trade Terms;

   c. that you have reviewed the terms and provisions of the Order and Agreement and that you consent to be bound by such terms and provisions; and

   d. that you agree to not file or otherwise assert against the Debtors or their assets any lien (regardless of the statute or other legal authority upon which such lien is asserted) or seek payment for reclamation claims or claims pursuant to section 503(b)(9) of the Bankruptcy Code in any way related to prepetition amounts allegedly owed to you by the Debtors arising from agreements, written or otherwise, entered into before the Petition Date. Additionally, if you have taken steps to file or assert such a lien prior to entering into this Agreement, you agree to take all necessary steps to remove such lien as soon as possible.

5. Notwithstanding the foregoing, if you receive the Claim Payment from the Debtors and you do not extend to the Debtors all Customary Trade Terms, or fail to perform in accordance with any of the terms and provisions of this Agreement, you are required to promptly return the Claim Payment to the Debtors immediately upon notice, and the Debtors may take any of the remedial actions described in the Order.

6. Any dispute with respect to this Agreement and/or your participation in this payment program shall be determined by the Bankruptcy Court, and you

expressly waive any right to a trial by jury and withdrawal of the reference for decision by a district court.

7. All terms of this Agreement (including the existence of this Agreement) are confidential between you and the Debtors; *provided, however*, that the Debtors may disclose this Agreement in accordance with the terms in the Order relating to disclosure of the Critical Vendor Summary (as defined in the Order) and Vendor Agreements (as defined in the Order and including, for the avoidance of doubt, this Agreement), to the Bankruptcy Court *in camera*; or as required by any federal or state securities laws; *provided further, however*, that both you and the Debtors may disclose this Agreement to the extent necessary to comply with the order of any court.

If you have any questions about this Agreement or our restructuring, please do not hesitate to call (\_\_\_\_)_____ or (\_\_\_\_)_____.

Sincerely,

_____
By:
Its:
Agreed and Accepted By:
[Title]
[Name of Vendor]