# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN OF THE DEBTORS TO ASSUME STANDARD FORM MARKET PARTICIPANT AGREEMENTS WITH ERCOT

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing certain of the Debtors to assume standard form market participant agreements listed on **Exhibit 1** to **Exhibit A** attached hereto (collectively, the "SFAs"), among certain of the Debtors and the Electric Reliability Council of Texas, Inc. (as defined herein). In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4.      By this Motion, the Debtors seek entry of the Order authorizing, but not directing, the SFA Debtors (as defined herein) to assume the SFAs and provide adequate assurance of future performance in relation thereto.

5.      To secure the Debtors' obligations to ERCOT (as defined herein), Citibank, N.A. issued that certain irrevocable and unconditional standby letter of credit No. 63664972 for the benefit of ERCOT, dated December 4, 2009, which is currently in the amount of $120 million (as amended, the "Letter of Credit") in accordance with ERCOT's creditworthiness protocols that ERCOT may draw upon in its discretion. The Debtors do not believe that the Letter of Credit constitutes property of the Debtors' estate such that ERCOT requires Court authority to draw upon the Letter of Credit.[2] Nevertheless, in an abundance of caution, the Debtors are

---

[2] *See, e.g., In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558 (3d. Cir. 2005) (citing the "well-established" rule that a letter of credit and the proceeds therefrom are not property of the debtor's estate); *In re Hechinger Investment Co. of Delaware, Inc.*, 282 B.R. 149, 161 (D. Del. 2002) (finding that debtor could not provide any facts in support of its claim that a letter of credit constituted property of the estate); *S-Tran Holdings, Inc.*, No. 05-11391 (KJC) (Bankr. D. Del. 2009) (recognizing that letters of credit do not constitute property of the debtor's estate); *In re Sabratek Corp.*, 257 B.R. 732, 735 (Bankr. D. Del. 2000) (finding that debtors would be unlikely to succeed in establishing that a letter of credit constituted property of the estate).

seeking authority in this Motion to allow ERCOT to draw on the Letter of Credit in its discretion. The Debtors believe that the availability of the Letter of Credit (regardless of whether ERCOT chooses to draw on the Letter of Credit) constitutes adequate assurance of the Debtors' future performance under the SFAs. Furthermore, it is the Debtors' intention to honor their respective obligations under the SFAs prior to the entry of the Order.

### Background

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested joint administration of these chapter 11 cases. The Court has not appointed a trustee, and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not formed any official committees in these chapter 11 cases.[3]

7.      Debtor Energy Future Holdings Corp. ("EFH Corp."), a Texas corporation, is the ultimate parent company for each of the Debtors in these chapter 11 cases and certain of EFH Corp.'s non-Debtor affiliates (collectively, "EFH"). EFH's businesses include the largest generator, distributor, and certified retail provider of electricity in Texas. EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas ("ERCOT"), which covers the majority of Texas. The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility

---

[3]     The facts and circumstances supporting this Motion, along with a detailed discussion of EFH's business operations and capital structure, are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

Commission of Texas (the "PUC"). EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors,[4] in three distinct business units:

- EFH's *competitive electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities*, conducted by TCEH LLC's Debtor subsidiaries composing "Luminant";

- EFH's *competitive retail electricity sales operations and related operations*, mainly conducted by TCEH LLC's Debtor subsidiaries composing "TXU Energy";[5] and

- EFH's *rate-regulated electricity transmission and distribution operations*, conducted by the non-Debtor Oncor.

8.    In the aggregate, the Debtors have approximately $42 billion of funded indebtedness, including (a) approximately $32.1 billion of claims against TCEH LLC and TCEH LLC's direct and indirect Debtor subsidiaries; (b) approximately $71 million of claims against EFCH; (c) approximately $1.9 billion of claims against EFH Corp.; and (d) approximately $7.7 billion of claims against EFIH.[6]

9.    Although the Debtors' balance sheet is overleveraged, the Debtors' operations are strong. Luminant's generation units are high-performing, its mining and electricity generation operations have impressive safety records, and its commodity trading and risk management

---

[4]  The Debtors in these chapter 11 cases consist of: (a) the vast majority of the entities that compose Luminant and TXU Energy, as well as those entities' intermediate corporate parent entity, Texas Competitive Electric Holdings Company LLC ("TCEH LLC"), a Delaware limited liability company, and TCEH LLC's corporate parent, Energy Future Competitive Holdings Company LLC ("EFCH"), a Delaware limited liability company; (b) Energy Future Intermediate Holding Company LLC ("EFIH"), a Delaware limited liability company that indirectly owns approximately 80% of Oncor Electric Delivery Holdings Company LLC ("Oncor"), and EFIH's wholly-owned subsidiary, EFIH Finance Inc.; (c) EFH Corp.; and (d) other direct and indirect subsidiaries of EFH Corp., including EFH Corporate Services Company.

[5]  The Debtors also conduct a relatively small amount of retail electricity operations through their 4Change brand and another entity, Luminant ET Services Company, that provides retail electricity service to some end use customers and to some of Luminant's mining operations, and a small amount of retail gas operations through Luminant Energy Company LLC.

[6]  Amounts include intercompany debt holdings and short-term borrowings, and exclude guarantees, unamortized discounts or premiums, accrued but unpaid interest, and certain other figures typically reported in the Debtors' filings with the Securities and Exchange Commission (the "SEC"), such as capital lease obligations, certain promissory notes, and certain other obligations.

activities have delivered significant value to the Debtors. TXU Energy is an industry leader in customer care performance and product innovation and has maintained strong performance notwithstanding intense competition. And non-Debtor Oncor produces a strong and consistent stream of revenue. Thus, these chapter 11 cases will provide the Debtors with the opportunity to restructure their balance sheets and retain their position as leaders in the Texas electricity market.

10.    As of December 31, 2013, EFH Corp. reported total assets of approximately $36.4 billion in book value, approximately $28.8 billion of which is attributable to EFCH, TCEH LLC, and TCEH LLC's direct and indirect subsidiaries (collectively with TCEH LLC and EFCH, "TCEH"),[7] and total liabilities of approximately $49.7 billion in book value, approximately $41.1 billion of which is attributable to TCEH.[8] EFH Corp.'s assets and liabilities that are not attributable to TCEH are mostly attributable to EFIH's indirect ownership of approximately 80% of Oncor. EFH Corp.'s consolidated revenues for the quarter ending December 31, 2013 were approximately $1.3 billion, all of which were attributable to TCEH. EFH Corp.'s consolidated annual revenues for the year ending December 31, 2013 were approximately $5.9 billion.

I.    **ERCOT.**

11.    ERCOT manages the flow of electric power to 24 million Texas customers, representing 85% of the state's electric load. ERCOT schedules electricity on an electric grid that connects 40,500 miles of transmission lines and more than 550 generation units. ERCOT also performs financial settlements for the competitive wholesale power market, administers

---

[7]    Oncor's revenues are not included in EFH Corp.'s consolidated revenues because EFH Corp. accounts for its ownership of Oncor under the equity method of accounting.

[8]    Figures for TCEH are derived from EFCH's public filings with the SEC, and are almost entirely attributable to TCEH LLC and its Debtor and non-Debtor subsidiaries.

retail switching for 6.7 million premises in competitive choice areas, and enforces certain credit requirements, including collateral posting requirements, to ensure that the activity facilitated by ERCOT does not create credit risks in the market.

12.    Additionally, ERCOT provides a platform for its members to participate in various aspects of the Texas electricity market. These include:

(a) *Real-Time Energy Market.* The real-time energy market that allows a party to be paid or charged for physical electricity and ancillary services provided to or taken from the wholesale market;

(b) *Congestion Revenue Rights Auctions.* Auctions for the purchase and sale of congestion revenue rights (which allow a party to hedge against transmission congestion costs in the day-ahead market);

(c) *Day-Ahead Transactions.* Financial transactions (that allow participants to buy and sell electricity, ancillary services and congestion revenue rights to facilitate hedging price differences between the day-ahead market and the real-time market); and

(d) *Point-to-Point Transactions.* Point-to-point transactions (which allow a party to hedge against transmission congestion in ERCOT's real-time energy market between two specific locations on the transmission system) (collectively, the "ERCOT Participation Rights").

13.    ERCOT is a membership-based 501(c)(4) nonprofit corporation. ERCOT's membership reflects all facets of the power business, including consumers, electric cooperatives, power generators, power marketers, retail electric providers, investor-owned electric utilities (transmission and distribution providers), and municipal-owned electric utilities. Only upon execution of an SFA may an entity enjoy the ERCOT Participation Rights.

**II.    The Debtors' Participation in ERCOT.**

14.    The Debtors' electricity generating, wholesale trading operations, and retail operations are substantial and rely on ERCOT. To that end, certain of the Debtors have executed SFAs with ERCOT. Specifically, the following Debtors are party to one or more SFAs: 4Change Energy Company; Big Brown Power Company LLC; Luminant Energy Company LLC;

6

Luminant ET Services Company ("Luminant ET"); Luminant Generation Company LLC; Oak Grove Management Company LLC; Sandow Power Company LLC; Tradinghouse Power Company LP; TXU Energy Retail Company LLC d/b/a TXU Energy ("TXU Energy LLC"); and Valley NG Power Company LLC (collectively, the "SFA Debtors").

15.     Luminant is the largest electricity generator in Texas and accounts for approximately 18% of the installed generation capacity for the ERCOT region. To facilitate Luminant's sale of electricity produced by its power generation assets, one of the Luminant entities, Luminant Energy Company LLC ("Luminant Energy") executed an SFA permitting Luminant Energy to participate in the ERCOT region as an entity that may buy and sell energy and ancillary services for wholesale customers. Additionally, another Luminant entity, Luminant ET, executed an SFA permitting it to participate in the ERCOT region as an entity that may sell electricity to end-use customers.

16.     The Debtors' retail operations also rely on ERCOT. TXU Energy LLC conducts the Debtors' primary retail electricity operations, has approximately 1.7 million residential and business customers, and accounts for approximately 26% of the residential and approximately 19% of the business retail electricity market in the ERCOT region. To sell electricity to these customers, TXU Energy LLC executed an SFA permitting it to participate in the ERCOT region as an entity that may sell electricity to end-use customers or wholesale customers therein. In order for TXU Energy LLC to continue to sell electricity to its customers and for Luminant Energy to continue to sell electricity generated by Luminant, both of these entities must continue to be party to an SFA.

17.     The Debtors also depend on continued participation in the electricity market in which ERCOT facilitates operational activities. ERCOT provides the SFA Debtors with

particular channels to sell and procure power, ancillary services, and congestion revenue rights to mitigate the Debtors' risks associated with the power generation assets and retail electricity businesses, and are core to the commercial operations of those businesses. Ability to participate in the ERCOT region is critical to the daily cash flows of the Debtors. Moreover, the SFA Debtors consummate transactions with ERCOT that they cannot execute with any other party or entity in light of ERCOT's (a) central role in the Texas electricity system, (b) multi-dimensional investment platform, and (c) facilitation of real-time and day-ahead market transactions, congestion revenue right auctions, as well as electricity and ancillary services services, sales, and purchases.[9]

18.    These channels are important to the Debtors as a whole, given that, as of December 31, 2013, the Debtors' annual underlying, notional value across all their operations, based on energy prices for commodities sold and purchased in their operations, including natural gas, power, coal, fuel-oil, uranium, renewable energy credits and emission allowances, is approximately $3.8 billion.

19.    The Debtors participate in certain hedging and trading activities and arrangements to hedge against price fluctuations and thereby protect the economic value of their operations by preventing substantial declines in cash flows. As an example, during the fiscal years 2009 through 2013, the Debtors' hedging and trading activities provided a positive incremental return

---

[9]    For additional information regarding the Debtors' hedging and trading counterparties, hedging and trading activity in ERCOT, and the financial significance of these activities to the Debtors' businesses, *see Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Arrangements* (the "Hedging and Trading Motion"). In the Hedging and Trading Motion, the Debtors have requested that, to the extent necessary, the automatic stay provided in section 362 of the Bankruptcy Code is modified to permit ERCOT to continue performing its obligations and exercising its rights under the SFAs and ERCOT protocols. The relief requested in this Motion is intended to further complement the Debtors' requested relief in the Hedging and Trading Motion to ensure the Debtors' continued access to ERCOT on a postpetition basis.

to the Debtors' underlying operations ranging from approximately $240 million to $425 million on an annual basis. Without access to ERCOT's operational platforms that play a critical role in optimizing economic value and cash flows, including settling physical energy delivery and certain financial transactions, the Debtors would face a significant hurdle in executing certain of their hedging and trading activities in a timely manner.

**III.  Parties' Financial Obligations.**

20.    Following the commencement of these chapter 11 cases, ERCOT may, in its discretion, draw upon the Letter of Credit to pay the approximately $10 million in prepetition obligations owed to ERCOT in connection with the SFAs.

21.    The TCEH Debtors also have sought authority to use cash collateral and to enter into a $4.475 billion debtor-in-possession financing facility (the "TCEH DIP Facility"),[10] both of which will be used in part to fund future payments to ERCOT and provide a replacement or an additional letter(s) of credit for the benefit of ERCOT as may be required by the ERCOT protocols. The Debtors believe that these avenues of recourse, coupled with the availability of the Letter of Credit and the ability to provide ERCOT with a replacement or an additional letter(s) of credit for satisfaction of any of the Debtors' postpetition obligations to ERCOT, provide adequate assurance of the SFA Debtors' future performance under the SFAs.

---

[10]    The Debtors seek authority to use cash collateral pursuant to the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of Its Debtor Affiliates for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* and as defined in such motion.

A more detailed description of the TCEH DIP Facility may be found in the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, for Entry of Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing.*

### Basis for Relief

22.    A debtor may, subject to Court approval, assume or reject any executory contract or unexpired lease of the debtor, pursuant to section 365(a) of the Bankruptcy Code. 11 U.S.C. § 365(a). Courts apply the business judgment rule in assessing a debtor's decision to assume or reject an executory contract. *See In re Physiotherapy Holdings, Inc.*, 2014 WL 1053117, at *2 (Bankr. D. Del. Mar. 19, 2014) ("Debtors' decision to assume or reject the Agreements is a matter of business judgment. Debtors' decision is entitled to great deference from the Court." (citations omitted)); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) (indicating a debtor may assume a contract if the decision to do so is supported by "valid business justifications"); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (stating that a court should approve a debtor's business decision in this regard unless the decision is the product of "bad faith, whim, or caprice").

23.    The Debtors have determined that the SFA Debtors' assumption of the SFAs is in their best interests. Citibank previously issued the Letter of Credit for payment of any amount outstanding under the SFAs, and, in any event, payment of prepetition amounts to ERCOT even without the use of the Letter of Credit represents a minimal cost to the estate of assuming the SFAs in comparison to the benefits the Debtors receive from participating in the ERCOT region. Indeed, access to ERCOT is necessary for the Debtors to execute physical operations for the wholesale power generation business and retail electricity operations, preserve key business relationships, and continue to act in a variety of capacities in ERCOT. In short, the Debtors believe that the benefits of assuming the SFAs far outweigh any costs to their estates.

24.    Additionally, the Debtors have provided ERCOT with adequate assurance of future performance under the SFAs. *See* 11 U.S.C. 365(b)(1). The Debtors have done so by

virtue of making the Letter of Credit available to ERCOT, as well as through their cash on hand and financing under the proposed TCEH DIP Facility. *See Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (suggesting the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction").

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

25.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

26.     The Debtors shall provide notice of this Motion on the date hereof via facsimile, overnight delivery, and/or hand delivery to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R)

due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to Oncor; (q) the SEC; (r) the Internal Revenue Service; (s) the Office of the United States Attorney for the District of Delaware; (t) the Office of the Texas Attorney General on behalf of the PUC; and (u) counsel to ERCOT. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  April 29, 2014

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          richard.cieri@kirkland.com
                edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## ORDER AUTHORIZING CERTAIN OF THE DEBTORS TO ASSUME STANDARD FORM MARKET PARTICIPANT AGREEMENTS WITH ERCOT

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing, but not directing, the Debtors to assume certain SFAs executed by and between the SFA Debtors and ERCOT; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the assumption of the SFAs is an exercise of the Debtors' sound business judgment and the Debtors have provided adequate assurance of future performance; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 363 and 365 of the Bankruptcy Code, the SFA Debtors are permitted to assume the SFAs listed on **Exhibit 1** attached hereto.

3.      ERCOT is authorized (but not directed) to draw upon the Letter of Credit in its discretion.

4.      The Debtors have provided adequate assurance of future performance under the SFAs.

5.      Any claim of ERCOT under the SFAs arising before the date the Debtors commenced their chapter 11 cases must be asserted by ERCOT against the Debtors during the six (6) month period immediately following the date of this Order.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1 to EXHIBIT A**

SFAs

## SFAs

| Contract | Debtor Counterparty[1] | Effective Date | Termination Date |
|---|---|---|---|
| Standard Form Market Participant Agreement | 4Change Energy Company | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Big Brown Power Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Luminant Energy Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Luminant ET Services Company | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Luminant Generation Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Oak Grove Management Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Sandow Power Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Tradinghouse Power Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | TXU Energy Retail Company LLC | January 1, 2014 | December 31, 2014 |
| Standard Form Market Participant Agreement | Valley NG Power Company LLC | January 1, 2014 | December 31, 2014 |

---

[1] ERCOT is a party to each of the SFAs.

2

## File a First Day Motion:

14-10979-CSS Energy Future Holdings Corp.

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: CSS | Case Flag: VerifDue, PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Mark D. Collins entered on 4/29/2014 at 10:54 AM EDT and filed on 4/29/2014

**Case Name:**       Energy Future Holdings Corp.
**Case Number:**     14-10979-CSS
**Document Number:** 40

**Docket Text:**
Chapter 11 - First Day Motion *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain of the Debtors to Assume Standard Form Market Participant Agreements with ERCOT* Filed By Energy Future Holdings Corp. (Collins, Mark)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** W:\BJW\EFH - First Day Motions\EFH - Motion ERCOT Assume.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/29/2014] [FileNumber=12418822-0
] [3fc989d1a976a9d4a7e889bf7bfd84f41e9ab332cdbc38af2c14a9e97d4d3ed8819
5e70989e7bfd76cd0e5078fe07a92306ace9853283a2b95e86d8c1e5c5860]]

**14-10979-CSS Notice will be electronically mailed to:**

Elizabeth Banda Calvo on behalf of Creditor Somervell County et al
rgleason@pbfcm.com, ebcalvo@pbfcm.com;ebcalvo@ecf.inforuptcy.com

Ashley F. Bartram on behalf of Interested Party Public Utility Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Railroad Commission of Texas
ashley.bartram@texasattorneygeneral.gov

Ashley F. Bartram on behalf of Interested Party Texas Commission on Environmental Quality
ashley.bartram@texasattorneygeneral.gov

William Pierce Bowden on behalf of Interested Party Wilmington Savings Fund Society, FSB, in its
capacity as successor Indenture Trustee