## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings, Inc., *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Related to Docket No. 441** |

-------------------------------------------------------------- x

### MOTION TO FIX HEARING DATE ON AND SHORTEN TIME TO OBJECT OR RESPOND TO EMERGENCY MOTION OF EFIH 2ND LIEN NOTES INDENTURE TRUSTEE TO COMPEL DEBTORS TO OBTAIN PRIOR APPROVAL OF PROCEDURES GOVERNING THEIR 2ND LIEN TENDER OFFER

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee (the "**Indenture Trustee**") for $2,156,000,000 aggregate principal amount of second lien notes issued by Energy Future Intermediate Holding Company LLC ("**EFIH**") and EFIH Finance Inc. (the "**EFIH 2nd Lien Notes**"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order fixing a hearing date and shortening the time to object or respond to the *Emergency Motion of EFIH 2nd Lien Notes Indenture Trustee to Compel Debtors to Obtain Prior Approval of Procedures Governing Their 2nd Lien Tender Offer* (the "**Motion**")[1] such that (i) an expedited hearing with respect to the Motion may be held at Court's earliest convenience not later than May 20, 2014; and (ii) objections to the Motion, if any, be filed by 12:00 noon prevailing Eastern time on the day before the scheduled hearing.  In

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

support of this motion (the "**Motion to Shorten**"), the Indenture Trustee respectfully states as follows:

Del. Bankr. LR 9006-1 provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. LR 9006-1(c)(i). Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. LR 9006-1(e).

The Movants request that an expedited hearing on the Motion be scheduled no later than May 20, 2014. As set forth in more detail in the Motion, on the evening of Friday, May 9, the Debtors commenced a $2.5 billion tender offer (the "**2nd Lien Tender Offer**") for the EFIH 2nd Lien Notes. *See* Notice of Initiation of Opt-In Period for Proposed EFIH Second Lien Settlement [Dkt. No. 400] at Exhibit A (hereinafter the "**Offer Memorandum**"). The EFIH 2nd Lien Tender Offer purportedly offers to settle a dispute central to EFIH's reorganization: whether the holders of EFIH 2nd Lien Notes are entitled to a make-whole premium (the "**Make-Whole Claim**") totaling more than $700 million. To receive the full settlement consideration – 100% of principal and accrued interest, plus somewhat less than 50% of its Make-Whole Claim – a holder must tender its notes within 10 business days after the offer's commencement. Holders who tender between 10 and 20 business days after the commencement receive significantly reduced consideration.

The EFIH 2nd Lien Tender Offer strips creditors of basic protections provided by the Bankruptcy Code, and violates the securities laws, in an effort to implement a settlement (the "**EFIH 2nd Lien Settlement**") that itself violates the Bankruptcy Code.  The Debtors are attempting to force a "settlement" down the throats of 2nd Lien Noteholders by using an unfair process that does not comply with either the Bankruptcy Code or the securities laws and that is based on inadequate and misleading information.  In addition, apart from the deficiencies of the tender disclosures, the proposed time frame for the tender offer is insufficient.  Notwithstanding the Debtors' declaration on May 1 that they would give Noteholders 20 business days to agree to a "50%" settlement of their make-whole, the EFIH 2nd Lien Tender Offer actually gives EFIH 2nd Lien Noteholders only ten business days to decide whether or not to compromise their make-whole claims at an amount approaching (though less than) 50%.  And the real world (as opposed to theoretical) time is even shorter than that.  Many noteholders will have only a few days to decide, given common delays in their receipt of documents from intermediaries and the need of many to notify brokers two or three business days in advance of the tender deadline.[2]

While the Indenture Trustee believes that the 2nd Lien Settlement cannot be approved for the reasons described in the Motion, if the Debtors insist on moving forward with its flawed approach, the Bankruptcy Court should, at a minimum, require the Debtors to obtain pre-approval of the EFIH 2nd Lien Tender Offer and the procedures related thereto, including the adequacy of the disclosure.  The Indenture Trustee seeks emergency relief because, as noted above and explained in more detail in the Motion, the real world deadline for tendering EFIH 2nd

---

[2]  Recognizing the consequence of such delays, the Debtors suggest that Holders tender notes "sufficiently in advance" of the participation deadline.  *See* Offer Memorandum at p. 68 ("It is suggested that Holders tender their EFIH Second Lien Notes sufficiently in advance of the Expiration Date or Early Participation Date, as applicable, to permit delivery by DTC of the Agent's Message to the Depositary Agent prior to such time.  The delivery will be deemed made when the Agent's Message is actually received and confirmed by the Depositary Agent.").

Lien Notes is actually ***Tuesday, May 20, 2014***.  Many holders will need to notify their broker two or three days in advance of the May 23 deadline provided by the Offer Memorandum. Consequently, **it is critical that the Motion be heard no later than May 20,** so that holders who wish to tender will have sufficient time to do so in the event the Court declines to extend the tender deadline.

The Indenture Trustee submits that hearing the Motion on shortened notice will not prejudice any party in interest.  In order to allow parties additional time to respond, the Motion and this Motion to Shorten will be served by electronic mail, hand delivery, overnight mail, or express mail on:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Citibank, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UIMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFII-I senior toggle notes

4

due 2018, and counsel thereto; (g) BOKF, NA, dba Bank of Arizona, in its capacity as indenture

trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust

Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFH-I senior

secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel

thereto; (i) Law Debenture Trust Company of New York in its capacity as indenture trustee

under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25%

TCEH senior toggle notes due 2016, and counsel thereto; (j) Wilmington Savings Fund Society,

FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes

due 2021, and counsel thereto; (k) the agent for the TCEH debtor-in-possession financing facility

and counsel thereto; (l) the agent for the EFIH debtor-in-possession financing facility and

counsel thereto; (m) counsel to certain holders of equity in Texas Energy Future Holdings

Limited Partnership; (n) counsel to Oncor; and (o) those persons who have requested notice

pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

        If the Court grants this Motion to Shorten and enters an Order fixing a hearing

date and shortening the time to object or respond to the Motion, the Indenture Trustee will

immediately serve a copy of such Order, and a notice for the Motion, on the same parties who

were served with the Motion by facsimile, electronic mail, hand delivery, overnight mail, or

express mail.

WHEREFORE, for the reasons set forth, the Indenture Trustee respectfully request the entry of an Order scheduling the Hearing on the Motion at the Court's earliest convenience no later than May 20, 2014, and allowing any objections or responses to the Motion to be made no later than Noon (Eastern time) on the day prior to such hearing, and for such other and further relief as the Court may deem appropriate.

Dated: May 14, 2014              PACHULSKI STANG ZIEHL & JONES LLP

                                 */s/ Laura Davis Jones*
                                 Laura Davis Jones (Bar No. 2436)
                                 Robert J. Feinstein (NY Bar No. RF-2836)
                                 919 N. Market Street, 17th Floor
                                 P.O. Box 8705
                                 Wilmington, DE  19899-8705 (Courier 19801)
                                 Telephone:  (302) 652-4100
                                 Facsimile:  (302) 652-4400
                                 Email: ljones@ pszjlaw.com
                                         rfeinstein@ pszjlaw.com

                                 and

                                 KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                 Thomas Moers Mayer
                                 Philip Bentley
                                 Joshua K. Brody
                                 Kramer Levin Naftalis & Frankel LLP
                                 1177 Avenue of the Americas
                                 New York, New York 10036
                                 Telephone:  (212) 715-9100
                                 Facsimile:  (212) 715-8000
                                 Email: tmayer@kramerlevin.com
                                         pbentley@kramerlevin.com
                                         jbrody@kramerlevin.com

                                 and

DOCS_DE:193132.7 23731/001

BRYAN CAVE LLP
Stephanie Wickouski, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the Indenture Trustee*