# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## INITIAL MONTHLY OPERATING REPORT

**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation. Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession." Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | YES | YES – NOTE 1 |
| **Certificates of Insurance:** | | |
| Workers Compensation | YES | |
| Property | YES | |
| General Liability | YES | |
| Vehicle | YES | |
| Other: See Exhibit D | YES | |
| Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | YES | YES – NOTE 2 |
| General Operating Account | YES | YES – NOTE 2 |
| Money Market Account pursuant to Local Rule 4001-3. Refer to | YES | YES – NOTE 2 |
| http://www.deb.uscourts.gov/ | | |
| Other: | | |
| **Retainers Paid (Form IR-2)** | YES | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____
Signature of Authorized Individual*

Date   5/14/14

Michael L. Carter
Printed Name of Authorized Individual

Senior Vice President and Assistant Treasurer
EFH Corporate Services Company
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR (4/07)

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

**NOTE 1**:  In lieu of a 12 month cash flow projection, copies of the financial projections and budget attached as Exhibit C to the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, for Entry of Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* (as revised) (the "TCEH DIP Financing Motion", filed at docket 73), and Exhibit C to the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G)Modifying the Automatic Stay* (the "EFIH DIP Financing Motion", filed at docket 74) are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>.  A 12 month cash flow projection for Energy Future Holdings Corp. is attached hereto as <u>Exhibit C</u>.

**NOTE 2**:   Please refer to the *Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts And Business Forms, And (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions And Netting Of Intercompany Claims; And (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* (the "Cash Management Order").  A copy of the Cash Management Order and the relevant exhibits are attached hereto as <u>Exhibit E</u>.  A list of the un-redacted bank account numbers was provided to the United States Trustee on May 7, 2014.

**EXHIBIT A**

**<ins>DIP BUDGET FROM THE TCEH DIP FINANCING MOTION (AS REVISED)</ins>**

TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")

**DIP Budget**

*$ in millions*

| Month Ending | 5/31/14 | 6/30/14 | 7/31/14 | 8/31/14 | 9/30/14 | 10/31/14 | 11/30/14 | 12/31/14 | 1/31/15 | 2/28/15 | 3/31/15 | 4/30/15 | 5/31/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Months in Bankruptcy | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| **Unlevered Free Cash Flow** | | | | | | | | | | | | | |
| Open EBITDA | $123 | $170 | $220 | $241 | $162 | $58 | $79 | $125 | $156 | $131 | $78 | $79 | $116 |
| Hedge Value [1] | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| Cash Impacts of Adjustments to EBITDA | (1) | (9) | (1) | (1) | (3) | (1) | (1) | (3) | (2) | (3) | (6) | (2) | (2) |
| Subtotal | $121 | $161 | $219 | $240 | $159 | $57 | $79 | $122 | $154 | $128 | $72 | $77 | $114 |
| Capital Expenditures | (57) | (66) | (87) | (57) | (53) | (45) | (49) | (62) | (55) | (40) | (33) | (41) | (58) |
| Working Capital | (96) | (16) | (78) | (3) | 30 | 100 | (9) | (27) | (70) | 57 | 11 | 23 | (24) |
| Margin Deposits | (30) | (28) | (30) | (30) | (29) | (29) | (28) | (2) | (0) | (0) | (0) | (0) | (0) |
| Other Cash Flow Items | (6) | 25 | (4) | (10) | 45 | 5 | 8 | 36 | (65) | (38) | 12 | (25) | 6 |
| External Tax Payments to EFH Corp. | (27) | (0) | (0) | (3) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (26) |
| **Unlevered Free Cash Flow** | **($95)** | **$77** | **$19** | **$137** | **$153** | **$88** | **$1** | **$67** | **($37)** | **$108** | **$63** | **$34** | **$12** |
| **Ch. 11 Adjustments** | | | | | | | | | | | | | |
| Margin Deposits Adjustment [2] | 30 | 28 | 30 | 30 | 29 | 29 | 28 | 2 | 0 | 0 | 0 | 0 | 0 |
| Adequate Protection Interest [3] | (102) | (102) | (102) | (103) | (102) | (103) | (103) | (104) | (104) | (105) | (106) | (107) | (108) |
| Payments to Structurally Senior Creditors [4] | (1) | (4) | (11) | (0) | (3) | (1) | (0) | (12) | (7) | (0) | (3) | (0) | (0) |
| RRC Mine Reclamation Bond | -- | (1,100) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| LUME and L/C Collateral / Utility Adequate Assurance [5] | (910) | (300) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| Professional Fees / Financing / Business Impacts / Other [6] | (218) | (36) | (21) | (20) | (31) | (29) | (29) | (28) | (27) | (28) | (27) | (28) | (27) |
| Corporate Services Payment Adjustment | 69 | (69) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| DIP Facility Financing | 1,079 | 1,515 | 94 | (35) | (37) | 24 | 112 | 83 | 183 | 34 | 83 | 111 | 134 |
| DIP Facility Interest | (3) | (8) | (8) | (8) | (8) | (8) | (8) | (9) | (9) | (9) | (9) | (9) | (10) |
| Release of Restricted Cash | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| **Total Ch. 11 Adjustments** | **($56)** | **($77)** | **($19)** | **($137)** | **($153)** | **($88)** | **($1)** | **($67)** | **$37** | **($108)** | **($63)** | **($34)** | **($12)** |
| **Total Cash Flow** | **($151)** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** |
| Beginning Cash Balance [7] | 251 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Total Cash Flow | (151) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| **Ending Cash Balance** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** |
| **Total Liquidity** | | | | | | | | | | | | | |
| DIP Facility Revolving Facility Availability | 154 | 1,881 | 1,787 | 1,822 | 1,859 | 1,836 | 1,724 | 1,641 | 1,457 | 1,423 | 1,340 | 1,229 | 1,095 |
| L/C Restricted Cash Availability | 200 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Plus: Ending Cash Balance | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| **Total Available Liquidity** | **$454** | **$2,131** | **$2,037** | **$2,072** | **$2,109** | **$2,086** | **$1,974** | **$1,891** | **$1,707** | **$1,673** | **$1,590** | **$1,479** | **$1,345** |
| Unavailable Unencumbered Cash | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |

Notes:

[1] Reflects removal of benefit of gas hedges totaling $391m for the May 2014 - December 2014 time period.

[2] Reflects reversal of all margin deposit activity related to gas hedges totaling $206m for the May 2014 - December 2014 time period.

[3] Assumes L + [4.5]% (1-month LIBOR curve) on principal amount of all first lien debt, as well as retirement of accrued and unpaid first lien interest expense as of April 30, 2014.

[4] Includes debt service payments related to capital leases and other structurally senior debt.

[5] Combination of collateral for LUME trading parties and L/C cash collateral, as well as adequate assurance for utility providers.

[6] Payment of professional fees subject to Court approval.

[7] Cash balance net of $150m adjustment to account for Unavailable Unencumbered cash.

**TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")**

## DIP Budget

*$ in millions*

| Month Ending | 6/30/15 | 7/31/15 | 8/31/15 | 9/30/15 | 10/31/15 | 11/30/15 | 12/31/15 | 1/31/16 | 2/29/16 | 3/31/16 | 4/30/16 | 5/31/16 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Months in Bankruptcy | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | |
| **Unlevered Free Cash Flow** | | | | | | | | | | | | | |
| Open EBITDA | $169 | $227 | $270 | $181 | $48 | $88 | $113 | $144 | $123 | $81 | $33 | $124 | $3,339 |
| Hedge Value [1] | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| Cash Impacts of Adjustments to EBITDA | (10) | (1) | (1) | (4) | (1) | (1) | (4) | (1) | (1) | (1) | (1) | (1) | (64) |
| Subtotal | $159 | $226 | $269 | $177 | $47 | $87 | $109 | $144 | $122 | $80 | $32 | $123 | $3,276 |
| Capital Expenditures | (76) | (100) | (38) | (32) | (36) | (36) | (61) | (30) | (41) | (38) | (23) | (75) | (1,288) |
| Working Capital | (25) | (98) | (41) | 56 | 119 | (14) | (23) | (21) | 30 | 35 | 60 | (98) | (121) |
| Margin Deposits | 0 | (0) | (0) | (0) | (0) | (0) | 0 | 0 | (0) | 0 | 0 | 0 | (205) |
| Other Cash Flow Items | 32 | (15) | 0 | 28 | 0 | 7 | 30 | (73) | (43) | 16 | (31) | 3 | (56) |
| External Tax Payments to EFH Corp. | (0) | (0) | (3) | (0) | (0) | (0) | 0 | 0 | 0 | 0 | 0 | (23) | (81) |
| **Unlevered Free Cash Flow** | **$90** | **$12** | **$188** | **$229** | **$130** | **$44** | **$56** | **$20** | **$68** | **$93** | **$39** | **($70)** | **$1,524** |
| **Ch. 11 Adjustments** | | | | | | | | | | | | | |
| Margin Deposits Adjustment [2] | (0) | 0 | 0 | 0 | 0 | 0 | (0) | (0) | 0 | (0) | (0) | (0) | 205 |
| Adequate Protection Interest [3] | (110) | (111) | (113) | (115) | (116) | (119) | (121) | (122) | (125) | (127) | (129) | (131) | (2,790) |
| Payments to Structurally Senior Creditors [4] | (4) | (11) | (0) | (3) | (0) | (0) | (13) | (3) | (0) | (3) | (0) | (0) | (83) |
| RRC Mine Reclamation Bond | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | (1,100) |
| LUME and L/C Collateral / Utility Adequate Assurance [5] | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | (1,210) |
| Professional Fees / Financing / Business Impacts / Other [6] | (27) | (27) | (28) | (28) | (28) | (28) | (27) | (28) | (28) | (28) | (29) | (53) | (908) |
| Corporate Services Payment Adjustment | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| DIP Facility Financing | 62 | 148 | (36) | (72) | 25 | 114 | 118 | 146 | 98 | 79 | 133 | 270 | 4,462 |
| DIP Facility Interest | (10) | (10) | (10) | (11) | (11) | (11) | (12) | (12) | (13) | (14) | (14) | (15) | (251) |
| Release of Restricted Cash | | | | | | | | | | | | | |
| **Total Ch. 11 Adjustments** | **($90)** | **($12)** | **($188)** | **($229)** | **($130)** | **($44)** | **($56)** | **($20)** | **($68)** | **($93)** | **($39)** | **$70** | **($1,675)** |
| **Total Cash Flow** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **$--** | **($151)** |
| Beginning Cash Balance [7] | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 251 |
| Total Cash Flow | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | (151) |
| **Ending Cash Balance** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** | **$100** |
| **Total Liquidity** | | | | | | | | | | | | | |
| DIP Facility Revolving Facility Availability | 1,033 | 886 | 922 | 994 | 969 | 855 | 738 | 592 | 494 | 415 | 282 | 13 | 13 |
| L/C Restricted Cash Availability | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Plus: Ending Cash Balance | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| **Total Available Liquidity** | **$1,283** | **$1,136** | **$1,172** | **$1,244** | **$1,219** | **$1,105** | **$988** | **$842** | **$744** | **$665** | **$532** | **$263** | **$263** |
| Unavailable Unencumbered Cash | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |

Notes:

[1] Reflects removal of benefit of gas hedges totaling $391m for the May 2014 - December 2014 time period.

[2] Reflects reversal of all margin deposit activity related to gas hedges totaling $206m for the May 2014 - December 2014 time period.

[3] Assumes L + [4.5]% (1-month LIBOR curve) on principal amount of all first lien debt, as well as retirement of accrued and unpaid first lien interest expense as of April 30, 2014.

[4] Includes debt service payments related to capital leases and other structurally senior debt.

[5] Combination of collateral for LUME trading parties and L/C cash collateral, as well as adequate assurance for utility providers.

[6] Payment of professional fees subject to Court approval.

[7] Cash balance net of $150m adjustment to account for Unavailable Unencumbered cash.

**EXHIBIT B**

**DIP BUDGET FROM THE EFIH DIP FINANCING MOTION**

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")**

**DIP Budget**

*$ in millions*

| | 5/31/14 | 6/30/14 | 7/31/14 | 8/31/14 | 9/30/14 | 10/31/14 | 11/30/14 | 12/31/14 | 1/31/15 | 2/28/15 | 3/31/15 | 4/30/15 | 5/31/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month Ending | | | | | | | | | | | | | |
| Months in Bankruptcy | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| **Unlevered Free Cash Flow** | | | | | | | | | | | | | |
| EBITDA | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) |
| Oncor Dividend (80%) | 38 | -- | -- | 57 | -- | 65 | -- | -- | -- | 49 | -- | -- | 58 |
| Other Cash Flow Items | 1 | -- | -- | 1 | -- | 1 | -- | -- | -- | 1 | -- | -- | 1 |
| Federal/State Tax Payments | -- | 128 | -- | -- | 50 | 15 | -- | 60 | -- | 7 | -- | 59 | 7 |
| **Unlevered Free Cash Flow** | **$39** | **$128** | **($0)** | **$57** | **$50** | **$81** | **($0)** | **$60** | **($0)** | **$57** | **($0)** | **$59** | **$66** |
| **Ch. 11 Adjustments** | | | | | | | | | | | | | |
| Debt Maturities and Accrued Interest Retirement [1] | -- | (2,064) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| Adequate Protection Interest [2] | -- | (32) | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| Professional Fees / Other [3] | (23) | (53) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) |
| DIP Facility Financing | -- | 2,397 | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| DIP Facility Interest | -- | (16) | (32) | (32) | (32) | (32) | (32) | (32) | (32) | (32) | (32) | (32) | (32) |
| **Total Ch. 11 Adjustments** | **($23)** | **$232** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** |
| **Levered Free Cash Flow** | **$16** | **$360** | **($38)** | **$19** | **$12** | **$43** | **($38)** | **$22** | **($38)** | **$19** | **($38)** | **$21** | **$28** |
| Beginning Cash Balance | 119 | 136 | 495 | 457 | 476 | 488 | 531 | 493 | 515 | 477 | 496 | 457 | 478 |
| Levered Free Cash Flow | 16 | 360 | (38) | 19 | 12 | 43 | (38) | 22 | (38) | 19 | (38) | 21 | 28 |
| **Ending Cash Balance** | **$136** | **$495** | **$457** | **$476** | **$488** | **$531** | **$493** | **$515** | **$477** | **$496** | **$457** | **$478** | **$506** |

Notes:

[1] Reflects estimated principal and accrued interest as of April 30, 2014.

[2] Assumes payment of interest at existing contract rates (plus registration rights) on outstanding Second Lien principal amount of debt as of April 30, 2014; assumes accrued adequate protection payment in June 2014.

[3] Estimated professional fee payments in month one to be paid following refinance of First and Second Lien debt in June 2014.

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")**

**DIP Budget**

*$ in millions*

| Month Ending | 6/30/15 | 7/31/15 | 8/31/15 | 9/30/15 | 10/31/15 | 11/30/15 | 12/31/15 | 1/31/16 | 2/29/16 | 3/31/16 | 4/30/16 | 5/31/16 | 6/30/16 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Months in Bankruptcy | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | |
| **Unlevered Free Cash Flow** | | | | | | | | | | | | | | |
| EBITDA | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($8) |
| Oncor Dividend (80%) | -- | -- | 53 | -- | 87 | -- | -- | -- | 46 | -- | -- | 55 | -- | 508 |
| Other Cash Flow Items | -- | -- | 1 | -- | 1 | -- | -- | -- | 1 | -- | -- | 1 | -- | 11 |
| Federal/State Tax Payments | 59 | -- | 7 | 59 | 7 | -- | 59 | -- | 7 | -- | 49 | 7 | 49 | 631 |
| **Unlevered Free Cash Flow** | **$59** | **($0)** | **$62** | **$59** | **$95** | **($0)** | **$59** | **($0)** | **$54** | **($0)** | **$49** | **$62** | **$49** | **$1,142** |
| **Ch. 11 Adjustments** | | | | | | | | | | | | | | |
| Debt Maturities and Accrued Interest Retirement [1] | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | (2,064) |
| Adequate Protection Interest [2] | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | (32) |
| Professional Fees / Other [3] | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (29) | (248) |
| DIP Facility Financing | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | 2,397 |
| DIP Facility Interest | (32) | (32) | (32) | (32) | (32) | (32) | (33) | (33) | (33) | (34) | (34) | (34) | (35) | (792) |
| **Total Ch. 11 Adjustments** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($38)** | **($39)** | **($39)** | **($39)** | **($40)** | **($40)** | **($40)** | **($64)** | **($739)** |
| **Levered Free Cash Flow** | **$21** | **($38)** | **$24** | **$21** | **$57** | **($38)** | **$20** | **($39)** | **$15** | **($41)** | **$8** | **$22** | **($15)** | **$402** |
| Beginning Cash Balance | 506 | 527 | 489 | 512 | 533 | 590 | 552 | 572 | 532 | 547 | 506 | 515 | 537 | 119 |
| Levered Free Cash Flow | 21 | (38) | 24 | 21 | 57 | (38) | 20 | (39) | 15 | (41) | 8 | 22 | (15) | 402 |
| **Ending Cash Balance** | **$527** | **$489** | **$512** | **$533** | **$590** | **$552** | **$572** | **$532** | **$547** | **$506** | **$515** | **$537** | **$522** | **$522** |

Notes:

[1] Reflects estimated principal and accrued interest as of April 30, 2014.

[2] Assumes payment of interest at existing contract rates (plus registration rights) on outstanding Second Lien principal amount of debt as of April 30, 2014; assumes accrued adequate protection payment in June 2014

[3] Estimated professional fee payments in month one to be paid following refinance of First and Second Lien debt in June 2014.

**EXHIBIT C**

<u>**12 MONTH CASH FLOW PROJECTION FOR ENERGY FUTURE HOLDINGS CORP.**</u>

**ENERGY FUTURE HOLDINGS CORP. ("EFH")**

**Cash Flow Budget**

*$ in millions*

| Deal | May 5/1 - 5/31 | Jun 6/1 - 6/30 | Jul 7/1 - 7/31 | Aug 8/1 - 8/31 | Sep 9/1 - 9/30 | Oct 10/1 - 10/31 | Nov 11/1 - 11/30 | Dec 12/1 - 12/31 | Jan 1/1 - 1/31 | Feb 2/1 - 2/28 | Mar 3/1 - 3/31 | Apr 4/1 - 4/30 | 2014-2015 5/1/14 - 4/30/15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **1** | **2** | **3** | **4** | **5** | **6** | **7** | **8** | **9** | **10** | **11** | **12** | |
| **Unlevered Free Cash Flow** | | | | | | | | | | | | | |
| EBITDA | $ (1) | $ (1) | $ (0) | $ (1) | $ (1) | $ (0) | $ (0) | $ (1) | $ (1) | $ (1) | $ (1) | $ (1) | $ (8) |
| Cash Adjustments | (1) | (1) | (0) | (0) | (0) | (0) | (0) | (0) | 0 | 0 | (1) | 0 | (2) |
| Capital Expenditures | (0) | (0) | -- | (0) | (0) | (0) | -- | -- | (0) | (0) | (0) | (0) | (1) |
| Pension/OPEB Funding | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (1) | (9) |
| Corporate Services Payment Adjustment | (69) | 69 | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | - |
| Other Cash Flow Items | 3 | 3 | 3 | 3 | 0 | 6 | 3 | 3 | 1 | 2 | (28) | 1 | 1 |
| TCEH Tax Payments | 27 | -- | -- | 3 | -- | -- | -- | -- | -- | -- | -- | -- | 30 |
| Oncor Tax Payments[1] | 20 | (61) | -- | 2 | -- | -- | -- | -- | -- | -- | -- | -- | (38) |
| Federal/State Tax Payments | (47) | -- | -- | (5) | -- | -- | -- | -- | -- | -- | -- | -- | (52) |
| **Unlevered Free Cash Flow** | **($68)** | **$9** | **$1** | **$1** | **($1)** | **$5** | **$1** | **$1** | **$0** | **$0** | **($30)** | **$0** | **($81)** |
| **Ch. 11 Adjustments** | | | | | | | | | | | | | |
| Professional Fees & Expenses | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (2) | (20) |
| **Total Ch. 11 Adjustments** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **($2)** | **$ (20)** |
| **Levered Free Cash Flow** | **($70)** | **$7** | **($0)** | **($0)** | **($3)** | **$3** | **($0)** | **($1)** | **($2)** | **($1)** | **($32)** | **($2)** | **$ (101)** |
| Beginning Cash Balance | 289 | 219 | 226 | 226 | 226 | 223 | 226 | 226 | 225 | 223 | 222 | 190 | $ 289 |
| Levered Free Cash Flow | (70) | 7 | (0) | (0) | (3) | 3 | (0) | (1) | (2) | (1) | (32) | (2) | (101) |
| **Ending Cash Balance** | **$219** | **$226** | **$226** | **$226** | **$223** | **$226** | **$226** | **$225** | **$223** | **$222** | **$190** | **$189** | **$ 189** |
| | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | |

1 Reflects amendment of Oncor Tax Sharing Agreement

**EXHIBIT D**

**<u>CERTIFICATES OF INSURANCE</u>**

 **ACORD** | ## CERTIFICATE OF LIABILITY INSURANCE | DATE(MM/DD/YYYY)
05/05/2014

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Aon Risk Services Southwest, Inc.<br>Dallas TX Office<br>CityPlace Center East<br>2711 North Haskell Avenue<br>Suite 800<br>Dallas TX 75204 USA | PHONE (A/C. No. Ext): (866) 283-7122 | | FAX (A/C. No.): (800) 363-0105 |
| | E-MAIL ADDRESS: | | |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED | INSURER A: Federal Insurance Company | 20281 |
| Energy Future Holdings Corp | INSURER B: Assoc Electric & Gas Ins Serv Ltd -AEGIS | AA3190004 |
| 1601 Bryan Street | INSURER C: Starr Surplus Lines Insurance Company | 13604 |
| Suite 44-016B | INSURER D: Starr Indemnity & Liability Company | 38318 |
| Dallas TX 75201 USA | INSURER E: | |
| | INSURER F: | |

**COVERAGES** CERTIFICATE NUMBER: 570053681784 REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS. **Limits shown are as requested**

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| C | X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE  X OCCUR | | | SISINRG00104913<br>Comm. General Liability | 09/01/2013 | 09/01/2014 | EACH OCCURRENCE | $250,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $25,000 |
| | | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $250,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $500,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $500,000 |
| D | AUTOMOBILE LIABILITY<br>X ANY AUTO<br>☐ ALL OWNED AUTOS  ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS  ☐ NON-OWNED AUTOS | | | SISIPCA08293814<br>Auto | 05/04/2014 | 05/04/2015 | COMBINED SINGLE LIMIT (Ea accident) | $3,000,000 |
| | | | | | | | BODILY INJURY ( Per person) | |
| | | | | | | | BODILY INJURY (Per accident) | |
| | | | | | | | PROPERTY DAMAGE (Per accident) | |
| B | UMBRELLA LIAB  ☐ OCCUR<br>X EXCESS LIAB  X CLAIMS-MADE<br>☐ DED  X RETENTION | | | XL5147502M<br>Excess  35M<br>SIR applies per policy terms & conditions | 08/01/2013 | 08/01/2014 | EACH OCCURRENCE | $35,000,000 |
| | | | | | | | AGGREGATE | $35,000,000 |
| D | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y/N<br>ANY PROPRIETOR / PARTNER / EXECUTIVE OFFICER/MEMBER EXCLUDED? N N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | | 1000001083<br>Workers Compensation | 01/01/2014 | 01/01/2015 | X PER STATUTE  ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $500,000 |
| | | | | | | | E.L. DISEASE-EA EMPLOYEE | $500,000 |
| | | | | | | | E.L. DISEASE-POLICY LIMIT | $500,000 |
| A | Non-owner Liab | | | 9958311904<br>Non-Owned Aviation | 08/01/2013 | 08/01/2014 | Combined Single | $10,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Office of the United States Trustee is included as Additional Insured as required by written contract, but limited to the operations of the Insured under said contract, per the applicable endorsement with respect to all Policies (excluding WC/EL policy).

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>Attn: Richard L. Schepacarter<br>844 King Street, Suite 2207<br>Wilmington DE 19801 USA | AUTHORIZED REPRESENTATIVE<br><br>*Aon Risk Services Southwest Inc.* |

©1988-2014 ACORD CORPORATION. All rights reserved.
ACORD 25 (2014/01)    The ACORD name and logo are registered marks of ACORD

Holder Identifier :

Certificate No : 570053681784

AGENCY CUSTOMER ID: 570000035439

LOC #:

# ACORD® ADDITIONAL REMARKS SCHEDULE

Page _ of _

| AGENCY | NAMED INSURED |
|---|---|
| Aon Risk Services Southwest, Inc. | Energy Future Holdings Corp |

| POLICY NUMBER | |
|---|---|
| See Certificate Number: 570053681784 | |

| CARRIER | NAIC CODE | EFFECTIVE DATE: |
|---|---|---|
| See Certificate Number: 570053681784 | | |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**
**FORM NUMBER:** ACORD 25   **FORM TITLE:** Certificate of Liability Insurance

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER | |
| INSURER | |
| INSURER | |
| INSURER | |

**ADDITIONAL POLICIES**   If a policy below does not include limit information, refer to the corresponding policy on the ACORD certificate form for policy limits.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | OTHER | | | | | | | |
| B | E&O-PL-XS | | | EO5146602P Professional Liability SIR applies per policy terms & conditions | 08/01/2013 | 08/01/2014 | Professional Liability | $25,000,000 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

© 2008 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

# *acord*® CERTIFICATE OF LIABILITY INSURANCE

ISSUE DATE : May 1, 2014

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

**PRODUCER**
Aon (Bermuda) Ltd.
Aon House
30 Woodbourne Avenue
Pembroke HM 08   Bermuda
-
P.O. Box HM 2020
Hamilton HM HX  Bermuda

**INSURED:**
Energy Future Holdings Corp.
1601 Bryan Street
Dallas, TX 75201

Additional  Insured - Office of  the United States Trustee

**COMPANIES AFFORDING COVERAGE**

| COMPANY LETTER | A | Oil Casualty Insurance Ltd. |
|---|---|---|
| COMPANY LETTER | B | XL Insurance (Bermuda) Ltd. |
| COMPANY LETTER | C | Chubb Atlantic Indemnity Ltd. |
| COMPANY LETTER | D | Argo Re |
| COMPANY LETTER | E | XL Insurance (Bermuda) Ltd. |

## COVERAGES

THIS IS TO CERTIFY THAT POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE  BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | | |
|---|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** | | | | GENERAL AGGREGATE | $ | |
| | ☐ COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS-COMP/OPS AGGREGATE | $ | |
| | ☐ CLAIMS MADE  ☐ OCCURRENCE | | | | PERSONAL & ADVERTISING INJURY | $ | |
| | ☐ OWNERS & CONTRACTORS PROTECTIVE | | | | EACH OCCURRENCE | $ | |
| | ☐ | | | | FIRE DAMAGE (ANY ONE FIRE) | $ | |
| | ☐ | | | | MEDICAL EXPENSE (ANY ONE PERSON) | $ | |
| | **AUTOMOBILE LIABILITY** | | | | CSL | $ | |
| | ☐ ANY AUTO | | | | | | |
| | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (PER PERSON) | | |
| | ☐ SCHEDULED AUTOS | | | | | | |
| | ☐ HIRED AUTOS | | | | BODILY INJURY (PER ACCIDENT) | | |
| | ☐ NON-OWNED AUTOS | | | | | | |
| | ☐ GARAGE LIABILITY | | | | PROPERTY DAMAGE | | |
| | **EXCESS LIABILITY** | | | | | EACH OCCURRENCE | ATTACHMENT |
| | ☒ UMBRELLA FORM | | | | | | |
| A | Oil Casualty Insurance Ltd. | U920340-0813 | 08/01/2013 | 08/01/2014 | | $50,000,000 | $135,000,000 |
| B | XL Insurance (Bermuda) Ltd. | BM00026400LI12A | 08/01/2013 | 08/01/2014 | | $50,000,000.0 | $185,000,000 |
| C | Chubb Atlantic Indemnity Ltd. | 3310-18-72 | 08/01/2013 | 08/01/2014 | | $25,000,000/$65,000,000 | $235,000,000 |
| D | Argo Re | ARGO-CAS-CM-000397.2 | 08/01/2013 | 08/01/2014 | | $25,000,000/$65,000,000 | $235,000,000 |
| E | XL Insurance (Bermuda) Ltd. | BM00026401LI12A | 08/01/2013 | 08/01/2014 | | $15,000,000/$65,000,000 | $235,000,000 |
| | ☐ OTHER THAN UMBRELLA FORM | | | | | | |
| | **WORKERS COMPENSATION AND EMPLOYERS LIABILITY** | | | | STATUTORY | | |
| | | | | | | $ | (EACH ACCIDENT) |
| | | | | | | $ | (DISEASE-POLICY LIMIT) |
| | | | | | | $ | (DISEASE-EACH EMPLOYEE) |
| | **OTHER** | | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/RESTRICTIONS/SPECIAL ITEMS:

## CERTIFICATE HOLDER

**Office of the United States Trustee**
**J. Caleb Boggs Federal Building**
**844 King Street, Suite 2207**
**Wilmington, DE 19801**
**Attn: Richard L. Schepacarter**

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
*Aon (Bermuda) Ltd.*

Such insurance as is afforded by this POLICY applies to the following NAMED INSUREDS including but not limited to:

| |
|---|
| Energy Future Holdings Corp. |
| Energy Future Competitive Holdings Company |
| Texas Competitive Electric Holdings LLC |
| TCEH Finance, Inc. |
| Generation MT Company LLC |
| EFH CG Holdings Company LP |
| DFW Midstream Services LLC |
| Luminant Holding Company LLC |
| Luminant Energy Company LLC |
| Luminant ET Services Company |
| Luminant Energy Trading California Company |
| Luminant Energy Trading Canada Limited |
| EFH CG Holdings Company LP |
| Luminant Energy Services Company |
| Luminant Generation Company LLC |
| Nuclear Energy Future Holdings LLC |
| Nuclear Energy Future Holdings II LLC |
| Comanche Peak Nuclear Power Company LLC |
| Valley NG Power Company LLC |
| Luminant Renewables Company LLC |
| Fuelco LLC |
| EFH CG Holdings Company LP |
| Generation SVC Company |
| Luminant Power Services Company |
| Big Brown 3 Power Company LLC |
| Big Brown Power Company LLC |
| Collin Power Company LLC |
| DeCordova Power Company LLC |
| Lake Creek 3 Power Company LLC |
| Martin Lake 4 Power Company LLC |
| Monticello 4 Power Company LLC |
| Morgan Creek 7 Power Company LLC |
| Oak Grove Management Company LLC |
| Oak Grove Power Company LLC |
| Sandow Power Company LLC |
| Tradinghouse 3 & 4 Power Company LLC |
| Tradinghouse Power Company LLC |
| Valley Power Company LLC |
| Luminant Mining Services Company |
| Big Brown Lignite Company LLC |
| Luminant Big Brown Mining Company LLC |
| Luminant Mining Company LLC |
| Oak Grove Mining Company LLC |
| Luminant Mineral Development Company LLC |
| NCA Resources Development Company LLC |
| TXU Energy Retail Company LLC |
| TXU Retail Services Company |
| EFH CG Holdings Company LP |
| TXU SESCO Company LLC |
| TXU SESCO Energy Services Company |
| TXU Energy Solutions Company LLC |
| TXU SEM Company |
| |
| Energy Future Intermediate Holding Company LLC |
| EFIH Finance Inc. |
| EFH Renewables Company LLC |
| EFH Corporate Services Company |
| EFH CG Management Company LLC |
| EFH CG Holdings Company LP |
| Generation Development Company LLC |
| NCA Development Company LLC |
| EFH Properties Company |
| Basic Resources Inc. |
| TXU Receivables Company |
| EFH Vermont Insurance Company |
| LSGT Gas Company LLC |
| LSGT SACROC, Inc. |
| Enserch Finance N.V. |
| Humphreys & Glasgow Limited |
| EEC Holdings, Inc |
| EECI, Inc. |
| Ebasco Services of Canada, Ltd |
| EFH CG Holdings Company LP |
| EFH Australia (No. 2) Holdings Company |
| EFH FS Holdings Company |
| EFH Finance (No. 2) Holdings Company |
| TXU Finance (No. 2) Limited |



3000 Bayport Drive ◆ Suite 550
Tampa. Florida  33607-8418
(813) 287-2117 ◆ Fax: (813) 874-2523

# CERTIFICATE OF INSURANCE

This is to certify that we have issued to the Member Insured listed below, by delivery to its representative in Tampa, Florida, Policy No. 252526-13GL which provides insurance coverage from 08/01/2013 to 08/01/2014 both days at 12:01AM Standard Time, as described below.

<u>Insured Address:</u>        Energy Future Holdings Corp.
                1601 Bryan Street
                Dallas TX 75201

<u>Additional Insured:</u>        The Certificate Holder is an Additional Insured under the Policy but only to the extent and
                for such Limits of Liability (subject always to the terms and Limits of Liability of the
                Policy) as the Insured has agreed to provide insurance for the Certificate Holder.

The policy indicated above applies with respect to the coverages and limits of liability indicated by specific entry herein but this Certificate of Insurance does not amend, extend or otherwise alter the terms and conditions of the insurance coverage in such policy.

<u>Coverage:</u>            <u>Limits of Liability:</u>

General Liability        $100,000,000 per occurrence subject to a
                $100,000,000 Annual Aggregate for all occurrences excess of
                $35,000,000 per occurrence

If the policy is cancelled, thirty (30) days advance written notice thereof shall be given to:

        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207
        Wilmington DE 19801
        Attn: Richard L. Schepacarter

This certificate is for information only, it is not a contract of insurance but attests that a policy as numbered above, and as it stands at the date of this Certificate, has been issued by the Company.  Said policy is subject to change by endorsement and cancellation in accordance with its terms.

ENERGY INSURANCE MUTUAL LIMITED


*Sandra R. Imbriani*

Sandra Imbriani
Senior Underwriter
May 02, 2014


THE ATTACHMENT POINT APPLIES IN EXCESS OF ALL UNDERLYING POLICIES

**STARR AVIATION**

A Member Company of C.V. Starr & Co., Inc.
3353 Peachtree Road NE, Suite 1000
Atlanta, GA 30326

## Certificate of Insurance

**Certificate Holder:** OFFICE OF THE UNITED STATES TRUSTEE
J. CALEB BOGGS FEDERAL BUILDING *
844 KING STREET, SUITE 2207
WILMINGTON, DE 19801
**Named Insured:** ENERGY FUTURE HOLDINGS CORP.
1601 BRYAN STREET
ATTN: RISK & INSURANCE
DALLAS, TX 75201
**Policy Period:** From AUGUST     1, 2013    To AUGUST     1, 2014
**Policy Number:** 9958-3119-04
**Issuing Company:** FEDERAL INSURANCE COMPANY

This is to certify that the policy(ies) listed herein have been issued providing coverage for the listed insured as further described. This certificate of insurance is not an insurance policy and does not amend, extend, or alter the coverage afforded by the policy(ies) listed herein. Notwithstanding any requirement, term or condition of any contract, or other document with respect to which this certificate of insurance may be concerned or may pertain, the Insurance afforded by the policy(ies) listed on this certificate is subject to all the terms, exclusions, and conditions of such policy(ies).

| Aircraft: | | Reg | | Deductibles | | | |
|-----------|---------------|------|---------------|------------|-----------|------------------|--------------------|
| Year | Make and Model | No | Insured Value | NIM / IM | | Liability Limit | |
| N/A | NON-OWNED | NTBA | $ NON-OWNED | NIL / NIL | | $ 10,000,000. | CSL INCLUDING PAX |
| | | | $ | | | $ | |
| | | | $ | | | $ | |
| | | | $ | | | $ | |
| | | | $ | | | $ | |
| | | | $ | | | $ | |

*ATTN: RICHARD L. SCHEPACARTER

THE CERTIFICATE HOLDER IS INCLUDED AS AN ADDITIONAL INSURED AS RESPECTS THE OPERATIONS OF THE NAMED INSURED.

THE CERTIFICATE HOLDER WILL BE PROVIDED WITH THIRTY (30) DAYS (TEN (10) DAYS IF FOR NON-PAYMENT OF PREMIUM) NOTICE OF CANCELLATION OR MATERIAL CHANGE.

Certificate Number: 1.1
Issued By and Date: MAY 2, 2014 (RC)

By _____
(Authorized Representative)

Starr 10200 (6/06)



# CERTIFICATE OF LIABILITY INSURANCE

3/31/2015

| DATE (MM/DD/YYYY) |
|---|
| 5/1/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | LOCKTON COMPANIES<br>2100 ROSS AVENUE, SUITE 1400<br>DALLAS TX 75201<br>214-969-6700 | CONTACT NAME: | | |
|---|---|---|---|---|
| | | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | | E-MAIL ADDRESS: | | |
| | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | | INSURER A : Federal Insurance Company | | 20281 |
| INSURED<br>1351515 | ENERGY FUTURE HOLDINGS CORP.<br>AND ITS SUBSIDIARY COMPANIES<br>1601 BRYAN STREET<br>DALLAS TX 75201 | INSURER B : | | |
| | | INSURER C : | | |
| | | INSURER D : | | |
| | | INSURER E : | | |
| | | INSURER F : | | |

**COVERAGES** ENEFU05      **CERTIFICATE NUMBER:** 12661195      **REVISION NUMBER:** XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO  ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE ☐ OCCUR | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ XXXXXXX |
| | | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | | PERSONAL & ADV INJURY | $ XXXXXXX |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ XXXXXXX |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC<br>☐ OTHER | | | | | | PRODUCTS - COMP/OP AGG | $ XXXXXXX |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | NOT APPLICABLE | | | COMBINED SINGLE LIMIT (Ea accident) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR<br>☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | AGGREGATE | $ XXXXXXX |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | NOT APPLICABLE | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ XXXXXXX |
| A | CRIME COVERAGE | N | N | 6804-3186 | 3/31/2014 | 3/31/2015 | See attached. | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
THIS CERTIFICATE SUPERSEDES ALL PREVIOUSLY ISSUED CERTIFICATES FOR THIS HOLDER, APPLICABLE TO THE CARRIERS LISTED AND THE POLICY TERM(S) REFERENCED.

| CERTIFICATE HOLDER | CANCELLATION   See Attachment |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| **12661195**<br><br>OFFICE OF THE UNITED STATES TRUSTEE<br>ATTN: RICHARD L. SCHEPACARTER<br>J. CALEB BOGGS FEDERAL BUILDING<br>844 KING STREET, SUITE 2207<br>WILMINGTON DE 19801 | AUTHORIZED REPRESENTATIVE<br><br>*Frank Gradinis* |

ACORD 25 (2014/01)

©1988-2014 ACORD CORPORATION. All rights reserved

The ACORD name and logo are registered marks of ACORD

**Energy Future Holdings Corp.**

**Crime Coverage**
**Policy Number  6804-3186**

**Limits:**

Employee Theft          $ 20,000,000
Premises                    $ 20,000,000
Expense                     $      100,000
Retention                   $   1,000,000
Forgery                     $ 20,000,000
Money Order -  & Counterfeit Fraud $20,000,000
Computer Fraud -     $  20,000,000
Credit Card Fraud  -   $  20,000,000
Retention for Specific Insuring Clause - MO & Counterfeit ded of $25K
Specific Insuring Clause - Credit card ded of $25K



# CERTIFICATE OF LIABILITY INSURANCE

10/10/2015

| DATE (MM/DD/YYYY) |
|---|
| 5/1/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | LOCKTON COMPANIES<br>2100 ROSS AVENUE, SUITE 1400<br>DALLAS TX 75201<br>214-969-6700 | CONTACT<br>NAME: | | |
|---|---|---|---|---|
| | | PHONE<br>(A/C, No, Ext): | | FAX<br>(A/C, No): |
| | | E-MAIL<br>ADDRESS: | | |
| | | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| INSURED<br>1349658 | ENERGY FUTURE HOLDINGS CORP.<br>AND ITS SUBSIDIARY COMPANIES<br>1601 BRYAN STREET<br>DALLAS TX 75201 | INSURER A : See Attached | | |
| | | INSURER B : | | |
| | | INSURER C : | | |
| | | INSURER D : | | |
| | | INSURER E : | | |
| | | INSURER F : | | |

**COVERAGES** ENEFU05    **CERTIFICATE NUMBER:** 12661169    **REVISION NUMBER:** XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR<br>LTR | TYPE OF INSURANCE | ADDL<br>INSD | SUBR<br>WVD | POLICY NUMBER | POLICY EFF<br>(MM/DD/YYYY) | POLICY EXP<br>(MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE ☐ OCCUR | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | DAMAGE TO RENTED<br>PREMISES (Ea occurrence) | $ XXXXXXX |
| | | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | | PERSONAL & ADV INJURY | $ XXXXXXX |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ XXXXXXX |
| | ☐ POLICY ☐ PRO-<br>JECT ☐ LOC<br>☐ OTHER | | | | | | PRODUCTS - COMP/OP AGG | $ XXXXXXX |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED ☐ SCHEDULED<br>AUTOS AUTOS<br>☐ HIRED AUTOS ☐ NON-OWNED<br>AUTOS | | | NOT APPLICABLE | | | COMBINED SINGLE LIMIT<br>(Ea accident) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE<br>(Per accident) | $ XXXXXXX |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR<br>☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | AGGREGATE | $ XXXXXXX |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION<br>AND EMPLOYERS' LIABILITY** Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE<br>OFFICER/MEMBER EXCLUDED?<br>(Mandatory in NH)<br>If yes, describe under<br>DESCRIPTION OF OPERATIONS below | N/A | | NOT APPLICABLE | | | ☐ PER<br>STATUTE ☐ OTH-<br>ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ XXXXXXX |
| A | Directors & Officers<br>Liability | N | N | DP5027912P | 10/10/2012 | 10/10/2015 | TOTAL LIMIT $ 210,000,000 | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**
THIS CERTIFICATE SUPERSEDES ALL PREVIOUSLY ISSUED CERTIFICATES FOR THIS HOLDER, APPLICABLE TO THE CARRIERS LISTED AND THE POLICY TERM(S) REFERENCED.

| CERTIFICATE HOLDER | CANCELLATION   See Attachment |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| **12661169**<br><br>OFFICE OF THE UNITED STATES TRUSTEE<br>ATTN: RICHARD L. SCHEPACARTER<br>J. CALEB BOGGS FEDERAL BUILDING<br>844 KING STREET, SUITE 2207<br>WILMINGTON DE 19801 | AUTHORIZED REPRESENTATIVE<br><br>*Frank Gardini* |

ACORD 25 (2014/01)

©1988-2014 ACORD CORPORATION. All rights reserved
The ACORD name and logo are registered marks of ACORD

Schedule of D&O Policies

| Coverage | Limits | Policy Number | Effective Date | Expiration Date | Carrier |
|---|---|---|---|---|---|
| D&O Primary | 15,000,000 | DP5027912P | 10/10/12 | 10/10/15 | AEGIS |
| 1st XS D&O | 20,000,000 | ELU127420-12 | 10/10/12 | 10/10/15 | XL |
| 2nd XS D&O | 20,000,000 | 292730-14DO | 04/10/14 | 10/10/15 | EIM |
| 3rd XS D&O | 15,000,000 | NHS648633 | 10/10/12 | 10/10/15 | RSUI |
| 4th XS D&O | 20,000,000 | 01-310-18-13 | 10/10/12 | 10/10/15 | Illinois National |
| 5th XS D&O | 10,000,000 | EPG0010701 | 10/10/12 | 10/10/15 | RLI |
| 6th XS D&O | 10,000,000 | DOX G23642554 004 | 10/10/12 | 10/10/15 | ACE |
| 7th XS D&O | 10,000,000 | 14-MGU-12-A27765 | 10/10/12 | 10/10/15 | HCC |
| 8th XS D&O | 10,000,000 | MHN763305/01/2012 | 10/10/12 | 10/10/15 | Axis |
| 9th XS D&O | 10,000,000 | ADX10003789200 | 10/10/12 | 10/10/15 | Endurance |
| 10th XS D&O | 10,000,000 | SISIXFL21039512 | 10/10/12 | 10/10/15 | Starr |
| 11th xs D&O | 15,000,000 | W1309B140201 | 10/10/12 | 10/10/15 | Beazley |
| 12th xs D&O | 5,000,000 | SPRDR1200355 | 10/10/12 | 10/10/15 | Navigators |
| 13th xs D&O | 10,000,000 | 11140872 | 10/10/12 | 10/10/15 | Monitor |
| 14th xs D&O | 5,000,000 | 07081C141ASP | 04/10/14 | 10/10/15 | Torus |
| 15th xs D&O | 5,000,000 | W15147140101 | 04/10/14 | 10/10/15 | Beazley |
| 16th xs D&O | 5,000,000 | SISIXFL21098412 | 10/10/12 | 10/10/15 | Starr |
| 17th xs D&O | 5,000,000 | NHS648674 | 10/10/12 | 10/10/15 | RSUI |
| 18th xs D&O | 10,000,000 | SPRDR1200464 | 10/10/12 | 10/10/15 | Navigators |



# CERTIFICATE OF LIABILITY INSURANCE

8/1/2014

| DATE (MM/DD/YYYY) |
|---|
| 5/1/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER  LOCKTON COMPANIES 2100 ROSS AVENUE, SUITE 1400 DALLAS TX 75201 214-969-6700 | CONTACT NAME: | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A :  Federal Insurance Company | | 20281 |
| INSURED          ENERGY FUTURE HOLDINGS CORP. 1356361          AND ITS SUBSIDIARY COMPANIES 1601 BRYAN STREET DALLAS TX 75201 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

**COVERAGES** ENEFU05          **CERTIFICATE NUMBER:** 12661178          **REVISION NUMBER:** XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO  ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ XXXXXXX |
| | | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | | PERSONAL & ADV INJURY | $ XXXXXXX |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC ☐ OTHER | | | | | | GENERAL AGGREGATE | $ XXXXXXX |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ XXXXXXX |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | NOT APPLICABLE | | | COMBINED SINGLE LIMIT (Ea accident) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | ☐ DED ☐ RETENTION $ | | | | | | AGGREGATE | $ XXXXXXX |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N N/A | | NOT APPLICABLE | | | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ XXXXXXX |
| A | Employed Lawyers Prof. Liability | N | N | 8225-6974 | 8/1/2013 | 8/1/2014 | Limit:$5,000,000 Aggregate | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**
THIS CERTIFICATE SUPERSEDES ALL PREVIOUSLY ISSUED CERTIFICATES FOR THIS HOLDER, APPLICABLE TO THE CARRIERS LISTED AND THE POLICY TERM(S) REFERENCED.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| 12661178  OFFICE OF THE UNITED STATES TRUSTEE ATTN: RICHARD L. SCHEPACARTER J. CALEB BOGGS FEDERAL BUILDING 844 KING STREET WILMINGTON DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.  AUTHORIZED REPRESENTATIVE  Frank Sardino |

ACORD 25 (2014/01)          © 1988-2014 ACORD CORPORATION. All rights reserved

The ACORD name and logo are registered marks of ACORD



# CERTIFICATE OF LIABILITY INSURANCE

10/10/2015

| DATE (MM/DD/YYYY) |
|---|
| 5/1/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | LOCKTON COMPANIES<br>2100 ROSS AVENUE, SUITE 1400<br>DALLAS TX 75201<br>214-969-6700 | CONTACT NAME: | | |
|---|---|---|---|---|
| | | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | | E-MAIL ADDRESS: | | |
| | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | | INSURER A :  See Attached | | |
| INSURED 1380423 | ENERGY FUTURE HOLDINGS CORP.<br>AND ITS SUBSIDIARY COMPANIES<br>1601 BRYAN STREET<br>DALLAS TX 75201 | INSURER B : | | |
| | | INSURER C : | | |
| | | INSURER D : | | |
| | | INSURER E : | | |
| | | INSURER F : | | |

**COVERAGES** ENEFU05    **CERTIFICATE NUMBER:** 12919801    **REVISION NUMBER:** XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO  ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE ☐ OCCUR | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ XXXXXXX |
| | | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | | PERSONAL & ADV INJURY | $ XXXXXXX |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC<br>☐ OTHER | | | | | | GENERAL AGGREGATE | $ XXXXXXX |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ XXXXXXX |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | NOT APPLICABLE | | | COMBINED SINGLE LIMIT (Ea accident) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR<br>☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | ☐ DED ☐ RETENTION $ | | | | | | AGGREGATE | $ XXXXXXX |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | NOT APPLICABLE | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ XXXXXXX |
| A | FIDUCIARY LIABILITY | N | N | FP5030512P | 10/10/2012 | 10/10/2015 | LIMIT: $ 60,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION    See Attachment |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| **12919801**<br>OFFICE OF THE UNITED STATES TRUSTEE<br>ATTN: RICHARD L. SCHEPACARTER<br>J. CALEB BOGGS FEDERAL BUILDING<br>844 KING STREET, SUITE 2207<br>WILMINGTON DE 19801 | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2014/01)

© 1988-2014 ACORD CORPORATION. All rights reserved

The ACORD name and logo are registered marks of ACORD

## Schedule of Fiduciary Liability Policies

| Coverage | Limits | Policy Number | Effective Date | Expiration Date | Carriers |
|---|---|---|---|---|---|
| Fiduciary | 15,000,000 | FP5030512P | 10/10/12 | 10/10/15 | Associated Electric & Gas Insurance Services Limited |
| 1st XS Fiduciary | 10,000,000 | ELU127421-12 | 10/10/12 | 10/10/15 | XL Specialty Insurance Co. |
| 2nd XS Fiduciary | 10,000,000 | MHN769835/01/2012 | 10/10/12 | 10/10/15 | Axis Insurance Co. |
| 3rd XS Fiduciary | 25,000,000 | 272742-14FL | 04/10/14 | 10/10/15 | Energy Insurance Mutual |

**FM** Global

Factory Mutual Insurance Company
5700 Granite Parkway
Granite Park Two
Suite 700
Plano, Texas
75024
United States of America
Tel: (1) 972 377-4808
Fax: (1) 972 731-1800

## POLICY INFORMATION FORM

This document is issued as a matter of information only and confers no rights upon the document holder.  This Policy Information Form does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policy. We hereby certify that insurance coverage is now in force with our Company as outlined below.

| | | | |
|---|---|---|---|
| **Policy No.:** | JV394 | **Policy Term** | |
| **Account No.:** | 1-35457 | **Effective Date:** | 15 May 2011 |
| | | **Expiration Date:** | 15 May 2014 |

**NAMED INSURED:**

ENERGY FUTURE HOLDINGS CORP.

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**
See Attached

**COVERAGE IN FORCE:**          (subject to limits of liability, deductibles and conditions in the Policy)

| **Insurance Provided:** | **Peril:** | **Limit Of Liability:** |
|---|---|---|
| Property Damage | All Risk | USD 3,000,000,000 |

**CERTIFICATE TERM:**                              **Effective:** 30 April 2014

                              **Expires:** 15 May 2014

At the request of the Insured, the Company has agreed that if the coverage as described on this Certificate of Insurance is cancelled, the Company will provide the following notice(s) of cancellation to the interest as specified on this Certificate of Insurance:

Cancellation by the Company: The Company may cancel such coverage by giving written notice 30 days prior to the effective date of cancellation.

Certificate No: 00037-001

Office of the United States Trustee
ATTN: Richard L. Schepacarter
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, Delaware 19801, USA

Authorized Signature / Issue Date
Allan Johnson/ 09 May 2014

For questions, contact: Melanie Hinojosa

Account No.: 33 137  Certificate No.: 06037-0003

Policy No.: JV394

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E101   INDEX No.: 000784.03

DeCordova SES
4950 Power Plant Court
Granbury, Texas 76048-6658, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E103   INDEX No.: 000785.45

Graham SES
US 380 - 5 Miles North of Graham
Graham, Texas 76450, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E105   INDEX No.: 000784.00

Lake Hubbard SES
555 Barnes Bridge Road
Mesquite, Texas 75182-9111, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E106   INDEX No.: 000784.05

Morgan Creek SES
3177 State Highway 163
COLORADO CITY, Texas 795128027, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E107   INDEX No.: 000784.06

Permian Basin SES
600 North Yucca Drive
Monahans, Texas 79756-6856, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E108   INDEX No.: 000784.01

Stryker Creek SES
Rural Route 5 Box 219-1
Jacksonville, Texas 75766-9329, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Location No.: E110   INDEX No.: 001162.81

Trinidad SES
1320 McEntire Road
Trinidad, Texas 75163-7203, USA

---

**Account No.:** 833437        **Certificate No:**        46037-0029

**Policy No.:**      JV394

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E200 | 000784.07 |
| Big Brown SES | | |
| FM Road 2570 - 10 Miles North of Fairfield | | |
| Fairfield, Texas 75840, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E201 | 000408.58 |
| Martin Lake SES | | |
| 8850 FM 2658 North | | |
| Tatum, Texas 75691-3401, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E202 | 000785.47 |
| Monticello SES | | |
| FM 127 - 10 Miles South of Mount Pleasant | | |
| Mt Pleasant, Texas 75455, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E203 | 074561.12 |
| Sandow 4 & 5 SES | | |
| Highway 79, Alcoa Lake | | |
| Rockdale, Texas 76567, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E204 | 001162.61 |
| Oak Grove SES Unit #1 & Unit #2 | | |
| 8127 Twin Oak Road | | |
| Franklin, Texas 77856, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E300 | 000784.07 |
| Big Brown and Turlington Coal Mining Facility | | |
| 835 Fm 2570 | | |
| Fairfield, Texas 75840-5453, USA | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

| | | |
|---|---|---|
| Real and Personal Property | **Location No.:** | **INDEX No.:** |
| | E301 | 000784.12 |
| Martin Lake Beckville Coal Mining Facility | | |
| Panola County Road 257 | | |
| Beckville, Texas 75631, USA | | |

**Account No.:** 83-147

**Certificate No.:** 46037-0009

**Policy No.:** JV394

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Martin Lake Oak Hill Coal Mining Facility
Highway 43 to FM 1716
Henderson, Texas 75652, USA

**Location No.:** E302

**INDEX No.:** 000784.11

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Martin Lake Tatum Coal Mining Facility
FM 179
Tatum, Texas 75691, USA

**Location No.:** E303

**INDEX No.:** 000784.13

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Monticello Thermo Coal Mining Facility
Highway 11 to county Road 2309
Sulphur Springs, Texas 75482, USA

**Location No.:** E304

**INDEX No.:** 000784.10

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Monticello Winfield South Coal Mining Facility
I - 30 to County Road 5
Winfield, Texas 75493, USA

**Location No.:** E306

**INDEX No.:** 000784.09

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Kosse Mine (aka Oak Grove Mine)
7 Miles East of Kosse
Kosse, Texas 76653, USA

**Location No.:** E307

**INDEX No.:** 001403.62

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Three Oaks Coal Mining Facility
7207 W FM 696
Elgin, Texas 78621, USA

**Location No.:** E308

**INDEX No.:** 001478.75

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Liberty Mine
Intersection of County Road 2138 and County Road 2144
Tatum, Texas 75691, USA

**Location No.:** E310

**INDEX No.:** 002783.57

---

**Account No.:** 8-5157    Certificate No: 46037-00A

**Policy No.:**     JV394

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Dallas Data Center
1100 Empire Central Place
Dallas, Texas 75247-4306, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E400 | 074168.86 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3401, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E401 | 000666.27 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

TXU Energy Headquarters
6555 Sierra Drive
Irving, Texas 75039-2479, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E402 | 000097.95 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Luminant Headquarters (Lincoln Plaza)
500 North Akard Street
Dallas, Texas 75201-3302, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E403 | 074221.71 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Mesquite Data Center
2947 Executive Boulevard
Mesquite, Texas 75149-2801, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E404 | 074229.82 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

TXU Energy Company-Customer Operations Facility
200 West John Carpenter Freeway
Irving, Texas 75039-2003, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E407 | 074245.55 |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

Waco Data Center
700 Austin Avenue
WACO, Texas 767012020, USA

| **Location No.:** | **INDEX No.:** |
|---|---|
| E408 | 000000.00 |

| Account No.: | 3.3.457 | Certificate No.: | 46037-002 |
| --- | --- | --- | --- |
| Policy No.: | JV394 | | |

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

**Location No.:** E600  
**INDEX No.:** 002318.08

Bethel Storage  
1919 Anderson County Road 2608  
Tennessee Colony, Texas 75841, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

**Location No.:** E601  
**INDEX No.:** 002318.04

Bryson Storage  
3728 Cement Mountain Road  
Bryson, Texas 76427-4337, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

**Location No.:** E602  
**INDEX No.:** 002318.06

Moss Bluff Hub Partners  
HC 2 Box 100  
Liberty, Texas 77575-9508, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

**Location No.:** E603  
**INDEX No.:** 002318.07

Hill Lake Storage  
909 Fm 1853  
Moran, Texas 76464-4903, USA

---

**DESCRIPTION AND LOCATION OF PROPERTY COVERED:**

Real and Personal Property

**Location No.:** E604  
**INDEX No.:** 002511.44

Worsham Steed Storage  
8151 North Highway 281  
Perrin, Texas 76486-7308, USA



**NEIL**

Nuclear Electric Insurance Limited    Suite 1100
1201 N. Market Street
Wilmington, DE 19801
U.S.A.

Tel
302 888-3000
Fax
302 888-3007 Corporate
302 573-2213 Finance
302 888-3008 Insurance
302 888-3095 Loss Control

## CERTIFICATE OF INSURANCE

**ISSUED TO:**      Office of the United States Trustee

**ADDRESS:**        J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Richard L. Schepacarter

**THIS IS TO CERTIFY** that insurance has been effected with NUCLEAR ELECTRIC INSURANCE LIMITED (Insured), 1201 Market Street, Suite 1100, Wilmington, Delaware 19801, under Policy No. X14-062 as follows:

**MEMBER INSURED:**    LUMINANT GENERATION COMPANY LLC

**ADDRESS:**           1601 Bryan Street
Dallas, TX  75201-3411

**PROPERTY INSURED:** Comanche Peak Nuclear Power Plant

**COVERAGE:**          Decontamination Liability, Decommissioning Liability, and Excess Property Insurance

**AMOUNT OF INSURANCE:**      A. Except as provided in Item 6.B, the Insurer's maximum Limit of Liability resulting from any one Accident will not exceed $0.

B. The Insurer's maximum Limit of Liability resulting from any one Accident that involves coverage under paragraph I.1(a), subsection I.2 or Section II will not exceed $750,000,000; provided, however, that not more than $0 of such Limit of Liability may be used for losses that are covered under Policy provisions other than paragraph I.1(a), subsection I.2 or Section II.

**INSUREDS:**          Energy Future Holdings Corp.

Associated and/or Affiliated and/or Subsidiary Companies of the above.

Any person, organization or entity to whom or to which Luminant Generation Company LLC or any of the foregoing Insureds is obligated, by virtue of a written agreement, to provide insurance as is afforded by this policy. This includes, but is not limited to, Citibank, N.A., as Collateral Agent.]] as their respective interests may appear and The Bank of New York Mellon Trust Company, N.A. in its capacity as collateral agent for the benefit of the Second Lien Secured Parties (as defined in the Second Lien Security Agreement among certain of the Insureds and the collateral agent), as their interest may appear.

**POLICY TERM:**       12:01 a.m. on April 1, 2014 to 12:01 a.m. on April 1, 2015
Standard time in Hamilton, Bermuda.

X14-062.U.S. Trustee Office.docx

**LOSS PAYEE CLAUSE:**

A.  Expenses covered under the Nuclear Liability Coverage (subsection I.1(a)) shall be adjusted with the Member Insured and payable to:

Luminant Generation Company LLC

The Member Insured may, by written notice to the Insurer, designate other payees.

B.  The expenses covered under the Debris Removal and Decontamination Coverage (subsection I.1(b)), the losses covered under the Property Damage Coverage (subsection I.1(c)), and the losses covered under the Functional Total Loss Coverage (subsection I.2(a)) shall be adjusted with the Member Insured and payable to:

Citibank, N.A. as Collateral Agent, as their interests may appear.

The Bank of New York Mellon Trust Company, N.A., in its capacity as collateral agent for the benefit of the Second Lien Secured Parties (as defined in the Second Lien Security Agreement among certain of the Insureds and the collateral agent).

The Member Insured may, by written notice to the Insurer, designate other payees.

C.  Expenses covered under the Decommissioning Liability Coverage (subsection II.1) shall be adjusted with the Member Insured and payable to:

Mellon Bank, N.A., as Trustee of the trusts created under the Nuclear Decommissioning Trust Agreement between Luminant Generation Company LLC and Mellon Bank, N.A., dated as of January 1, 2004.

The Member Insured may, by written notice to the Insurer, designate other payees.

This Certificate is not transferable by the party to whom it has been issued and may be canceled by the Insurer by giving 60 days written notice, to the party to whom it is issued, prior to cancellation of the insurance described herein, unless specifically provided otherwise under the terms, exclusions and conditions of the specific Policy. But a failure to mail such notice shall impose no obligation or liability of any kind upon the Insurer, its agents or representatives.

This Certificate in not an insurance policy and does not amend, extend or alter the coverage afforded under the Policies listed herein.  Rather, this Certificate only certifies that the Policies of Insurance listed herein have been issued to the Insured named above, for the Policy Period indicated.  Notwithstanding any requirement, term or condition of any contract or other document, regarding which this Certificate may have been issued or pertains to, the described Policies, and coverage provided, are subject to the terms, exclusions and conditions of each such Policy, which are subject to change by endorsement and cancellation.  The Limits shown herein may have been reduced by paid claims.

EFFECTIVE DATE OF THIS CERTIFICATE: April 1, 2014

CERTIFICATE EXPIRES:  April 1, 2015, unless canceled sooner.

Signed by:
NUCLEAR ELECTRIC INSURANCE LIMITED

*Scott Lauchlan*

Scott Lauchlan
Senior Underwriter

X14-062.U.S. Trustee Office.docx



**NEIL**

Nuclear Electric Insurance Limited    Suite 1100
1201 N. Market Street
Wilmington, DE 19801
U.S.A.

Tel
302 888-3000
Fax
302 888-3007 Corporate
302 573-2213 Finance
302 888-3008 Insurance
302 888-3095 Loss Control

## CERTIFICATE OF INSURANCE

**ISSUED TO:**          Office of the United States Trustee

**ADDRESS:**            J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Richard L. Schepacarter

**THIS IS TO CERTIFY** that insurance has been effected with NUCLEAR ELECTRIC INSURANCE LIMITED, 1201 Market Street, Suite 1100, Wilmington, Delaware 19801, under Policy No. E14-062 as follows:

**MEMBER INSURED:**      LUMINANT GENERATION COMPANY LLC

**ADDRESS:**             1601 Bryan Street
Dallas, TX  75201-3411

**PROPERTY INSURED:**    Comanche Peak Nuclear Power Plant

**COVERAGE:**            Accidental Outage Insurance Policy

**AMOUNT OF INSURANCE:**

|        | Weekly Indemnity | Limit of Liability | Non-Nuclear Limit of Liability |
|--------|------------------|--------------------|--------------------------------|
| Unit 1 | $3,500,000       | $490,000,000       | $327,600,000                   |
| Unit 2 | $3,500,000       | $490,000,000       | $327,600,000                   |

**INSUREDS:**            Luminant Generation Company LLC

**POLICY TERM:**         12:01 a.m. on April 1, 2014 to 12:01 a.m. on April 1, 2015
Standard time in Hamilton, Bermuda.

**LOSS PAYEE:**          Weekly Indemnity, if any, shall be payable as follows:

Unit 1:  Luminant Generation Company LLC

Unit 2:  Luminant Generation Company LLC

E14-062.U.S. Trustee Office.docx

This Certificate is not transferable by the party to whom it has been issued and may be canceled by the Insurer by giving 60 days written notice, to the party to whom it is issued, prior to cancellation of the insurance described herein, unless specifically provided otherwise under the terms, exclusions and conditions of the specific Policy. But a failure to mail such notice shall impose no obligation or liability of any kind upon the Insurer, its agents or representatives.

This Certificate in not an insurance policy and does not amend, extend or alter the coverage afforded under the Policies listed herein. Rather, this Certificate only certifies that the Policies of Insurance listed herein have been issued to the Insured named above, for the Policy Period indicated. Notwithstanding any requirement, term or condition of any contract or other document, regarding which this Certificate may have been issued or pertains to, the described Policies, and coverage provided, are subject to the terms, exclusions and conditions of each such Policy, which are subject to change by endorsement and cancellation. The Limits shown herein may have been reduced by paid claims.

EFFECTIVE DATE OF THIS CERTIFICATE:  April 1, 2014

CERTIFICATE EXPIRES:  April 1, 2015, unless canceled sooner.

Signed by:
NUCLEAR ELECTRIC INSURANCE LIMITED

Scott Lauchlan
Senior Underwriter

Nuclear Electric Insurance Limited

Suite 1100
1201 N. Market Street
Wilmington, DE 19801
U.S.A.

Tel
302 888-3000
Fax
302 888-3007 Corporate
302 573-2213 Finance
302 888-3008 Insurance
302 888-3095 Loss Control

# NEIL

## CERTIFICATE OF INSURANCE

**ISSUED TO:**          Office of the United States Trustee

**ADDRESS:**            J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Richard L. Schepacarter

**THIS IS TO CERTIFY** that insurance has been effected with NUCLEAR ELECTRIC INSURANCE LIMITED (Insured), 1201 Market Street, Suite 1100, Wilmington, Delaware 19801, under Policy No. P14-061 as follows:

**MEMBER INSURED:**    LUMINANT GENERATION COMPANY LLC

**ADDRESS:**           1601 Bryan Street
Dallas, TX  75201-3411

**PROPERTY INSURED:** Comanche Peak Nuclear Power Plant

**COVERAGE:**          Primary Property and Decontamination Liability Insurance

**AMOUNT OF**          A. Except as provided in Item 6.B, the Insurer's maximum Limit of Liability resulting
**INSURANCE:**         from any one Accident will not exceed <u>$1,500,000,000.</u>

B. The Insurer's maximum Limit of Liability resulting from any one Accident that involves coverage under paragraph I.A.2, subsection I.F or Section I.G will not exceed <u>1,500,000,000</u>; provided, however, that not more than <u>$1,500,000,000</u> of such Limit of Liability may be used for losses that are covered under Policy provisions other than paragraph I.A.2, subsection I.F or Section I.G.

Course of Construction:  <u>$50,000,000 per project</u>

**INSUREDS:**          <u>Energy Future Holdings Corp.</u>

<u>Associated and/or Affiliated and/or Subsidiary Companies of the above.</u>

<u>Any person, organization or entity to whom or to which Luminant Generation Company LLC or any of the foregoing Additional Insureds is obligated, by virtue of a written agreement, to provide insurance as is afforded by this policy. This includes, but is not limited to, Citibank, N.A., as Collateral Agent, for the benefit of the Secured Parties, and Citibank, N.A., as Mortgagee and The Bank of New York Mellon Trust Company, N.A. in its capacity as collateral agent for the benefit of the Second Lien Secured Parities (as defined in the Second Lien Security Agreement among certain of the Insureds and the collateral agent), as mortgagees.</u>

<u>All as their respective interests may appear.</u>

**POLICY TERM:**       12:01 a.m. on April 1, 2014 to 12:01 a.m. on April 1, 2015
Standard time in Hamilton, Bermuda

P14-061.U.S. Trustee Office.docx

**LOSS PAYEE CLAUSE:**

A.  Expenses covered under Section I.A.2 shall be adjusted with the Member Insured and payable to:

Luminant Generation Company LLC

B.  All other covered Losses shall be adjusted with the Member Insured and payable to:

Citibank, N.A. as Collateral Agent, for the benefit of the Secured Parties.

The Bank of New York Mellon Trust Company, N.A., in its capacity as collateral agent for the benefit of the Second Lien Secured Parties (as defined in the Second Lien Security Agreement among certain of the Insureds and the collateral agent).

Checks payable to the above Payee shall be delivered to Luminant Generation Company LLC for transmittal to such Payee.

C.  Expenses covered under Section I.G. (Decommissioning Liability Coverage) shall be adjusted with the Member Insured and payable to:

Mellon Bank, N.A., as Trustee of the trusts created under the Nuclear Decommissioning Trust Agreement between Luminant Generation Company LLC and Mellon Bank, N.A., dated as of January 1, 2004.

The Member Insured may, by written notice to the Insurer, designate other payees under Items 10 A, B or C.

This Certificate is not transferable by the party to whom it has been issued and may be canceled by the Insurer by giving 60 days written notice, to the party to whom it is issued, prior to cancellation of the insurance described herein, unless specifically provided otherwise under the terms, exclusions and conditions of the specific Policy. But a failure to mail such notice shall impose no obligation or liability of any kind upon the Insurer, its agents or representatives.

This Certificate in not an insurance policy and does not amend, extend or alter the coverage afforded under the Policies listed herein.  Rather, this Certificate only certifies that the Policies of Insurance listed herein have been issued to the Insured named above, for the Policy Period indicated.  Notwithstanding any requirement, term or condition of any contract or other document, regarding which this Certificate may have been issued or pertains to, the described Policies, and coverage provided, are subject to the terms, exclusions and conditions of each such Policy, which are subject to change by endorsement and cancellation.  The Limits shown herein may have been reduced by paid claims.

EFFECTIVE DATE OF THIS CERTIFICATE: April 1, 2014

CERTIFICATE EXPIRES: April 1, 2015, unless canceled sooner.

Signed by:
NUCLEAR ELECTRIC INSURANCE LIMITED

Scott Lauchlan
Senior Underwriter



# CERTIFICATE OF LIABILITY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 05/06/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Marsh USA Inc. 500 Dallas St, Suite 1500 Houston, TX 77002 | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| 897592---14-15 | INSURER A : American Nuclear Insurers | | |
| **INSURED** Energy Future Holdings Corp. 1601 Bryan Street Dallas, TX 75201 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES    CERTIFICATE NUMBER: HOU-002308926-02    REVISION NUMBER: 5

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ |
| | ☐ COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | ☐ CLAIMS-MADE ☐ OCCUR | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | | GENERAL AGGREGATE | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | ☐ POLICY ☐ PRO- JECT ☐ LOC | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ N N/A (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Nuclear Energy Liability Insurance | | | See Attached Acord 101 | 01/01/2014 | 01/01/2015 | See Attached Acord 101 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Office of the United States Trustee J. Caleb Boggs Federal Building 844 King Street, Suite 2207 Attn: Richard L. Schepacarter Wilmington, DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE of Marsh USA Inc. Jessie Guerrero |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)    The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: 897592

LOC #: Houston

# ACORD®

## ADDITIONAL REMARKS SCHEDULE

Page 2 of 2

| AGENCY | NAMED INSURED |
|---|---|
| Marsh USA Inc. | Energy Future Holdings Corp.<br>1601 Bryan Street<br>Dallas, TX 75201 |
| **POLICY NUMBER** | |
| **CARRIER**                    **NAIC CODE** | **EFFECTIVE DATE:** |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: 25     FORM TITLE: Certificate of Liability Insurance

CERTIFICATE OF NUCLEAR ENERGY LIABILITY INSURANCE

This is to certify that there is in force as of the effective date of this Certificate a Nuclear Energy Liability Insurance Policy issued by members of American Nuclear Insurers as indicated (Companies), to the Insured named herein, with respect to the Nuclear Facility at the Location shown and/or with respect to the Insured's operations described herein. If such policy is cancelled or otherwise terminated prior to the end of December 31st of the calendar year in which the Effective Date of this Certificate occurs, notice will be delivered in accordance with the policy provisions. Otherwise this Certificate shall terminate as of the end of such December 31st. A Certificate will NOT be issued for any subsequent calendar year unless requested in writing.

Types of Insurance: NF - [Facility Form], NW - [Master Worker Certificate], NS - [US Domestic Supplier's & Transporters], FS - [Foreign Suppliers & Transporters], N - [Secondary Financial Protection Certificate]

COVERAGE FOR NUCLEAR FACILITIES:

1. SITE #1 - COMANCHE PEAK

LOCATION OF NUCLEAR FACILITY:  Comanche Peak Nuclear Power Plant is located on the south bank of Squaw Creek Reservoir near the town of Glen Rose in Somervell County, Texas approximately 35 miles southwest of Fort Worth and 67 miles southwest of Dallas, Texas.

NAMED INSURED [LISTED ON POLICY]: Luminant Generation Company LLC

| POLICY NUMBER: | POLICY EFFECTIVE: | LIMIT OF LIABILITY: |
|---|---|---|
| NF-0274 | 01/01/1983 | $375 Million |
| NW-0631 | 01/01/1983 | $375 Million** |

2. SECONDARY FINANCIAL PROTECTION CERTIFICATES

In accordance with Price-Anderson, Section 170b of the Atomic Energy Act of 1954, as amended and 10CFR140.11(4) the following Secondary Financial Protection Certificates are issued to the Master SFP policy in the custody of the NRC.

| Certificate # | Reactor Name | SFP CERTIFICATE HOLDER/NRC LICENSEE |
|---|---|---|
| N-0090 | Comanche Peak 1 | Luminant Generation Company LLC |
| N-0119 | Comanche Peak 2 | Luminant Generation Company LLC |

COVERAGE FOR SUPPLIER'S & TRANSPORTER'S:

3. US DOMESTIC S&T

DESCRIPTION OF OPERATIONS:  Furnishing of services, materials, parts or equipment in connection with the planning, construction, maintenance, involving the handling, storage, shipment, use or disposal of specified types of nuclear materials.

NAMED INSURED [LISTED ON POLICY]: Energy Future Holdings Corp.

| POLICY NUMBER: | POLICY EFFECTIVE: | LIMIT OF LIABILITY: |
|---|---|---|
| NS-0440 | 11/13/1983 | $300 Million |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.

The insurance afforded by the policy(ies) is subject to the exclusions, conditions and other provisions of the policy(ies). Neither this Certificate nor any contract or other document with respect to which it is issued shall amend, extend or alter the coverage afforded by the policy. The Limit of Liability shown above may have been reduced by payment of claims or claims expenses.

COMMENTS/NOTES:

** Master Worker Certificate - This limit is shared by all Certificates to the Master Worker Policy of which each Certificate is a part and is subject to all of the provisions of such Policy and Certificate having reference thereto. Such limit may have been reduced by payment of claims or claims expenses.

ACORD 101 (2008/01)                    © 2008 ACORD CORPORATION.  All rights reserved.

**The ACORD name and logo are registered marks of ACORD**

**EXHIBIT E**

**CASH MANAGEMENT ORDER**

**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 37** |

### INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) CONTINUE USING CERTAIN INVESTMENT ACCOUNTS; (B) AUTHORIZING CONTINUED INTERCOMPANY TRANSACTIONS AND NETTING OF INTERCOMPANY CLAIMS; AND (C) GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing, but not directing, the Debtors to continue using their existing cash management system, bank accounts, business forms, investment accounts, and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to:  (a) continue to use and administer, with the same account numbers, the Bank Accounts in existence on the Petition Date, including those Bank Accounts identified on **Exhibit C** to the Motion; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and (c) conduct banking transactions by all usual means, and debit the Bank Accounts on account of all usual items and payment instructions, including checks, drafts, wire transfers, ACH Payments, debits, commercial cards, or other similar methods; *provided, however*, that the Debtors shall distinguish between prepetition and postpetition transactions in their books and records, and shall maintain reasonably detailed records in the ordinary course of business reflecting transfers of cash, if any, so as to permit all such transactions to be readily ascertained.

3.      Within fifteen (15) days of entry of this Order, the Debtors shall (a) contact each Bank that is party to a Uniform Depository Agreement (each such agreement, a "UDA") with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (b) provide

the Debtor's employer identification number, and (c) identify the Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

4.      With respect to any Banks that are not party to a UDA with the U.S. Trustee, the Debtors shall use good-faith efforts to cause each such Bank to execute a UDA in the form prescribed by the U.S. Trustee within forty-five (45) days of the date of entry of this Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

5.      The Banks are authorized to continue to:  (a) treat, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH Payments, electronic payment requests and other similar items and instructions issued and drawn on the Bank Accounts before or after the Petition Date by the holders or makers thereof, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit at such Bank; and (c) make payments from and debit the Bank Accounts in the ordinary course of business on account of (i) all checks drawn on the Bank Accounts which are presented for payment or exchanged for cashier's checks by the payees thereof before or after the Petition Date, (ii) all checks or other items deposited in one of the Bank Accounts with such Banks before or after the Petition Date that have been dishonored or returned unpaid for any reason, together with any Bank Fees in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, (iii) all charge-backs related to credit card purchases by customers, and (iv) all Bank Fees and other amounts, if any, owed to any Bank as service charges for the maintenance of the Cash Management System; *provided, however,* that

3

nothing contained herein is intended to require a Bank to make or issue a payment from a Bank Account that does not have sufficient funds to cover such payment.

6.      Any payment that is authorized by the Debtors and paid from a Bank Account by a Bank before the Petition Date (including any ACH Payment such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

7.      The Banks are authorized to accept and honor and rely upon all representations from the Debtors as to which items or instructions should be honored or dishonored consistent with any order of the Court and governing law, whether such items or instructions are dated before or after the Petition Date.  To the extent a Bank honors a prepetition item or instruction drawn on any bank account that is the subject of this Motion either (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition item or instruction to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, such Bank shall not be liable to any party on account of any such action.

8.      The Debtors are authorized to use, in their present form, all Business Forms, without reference to their status as debtors in possession; *provided, however*, the Debtors will order new checks identifying their status as debtors in possession as their existing stock is depleted.

9.      The Debtors, having shown sufficient cause under section 345(b) of the Bankruptcy Code, are granted a 60-day interim waiver to continue their deposit and investment practices; *provided, however*, that if any official committee appointed in these chapter 11 cases,

or any other party in interest (including the U.S. Trustee), files an objection to the investment

practices within 60 days after the date hereof and such objection is not resolved or withdrawn

before expiration of the 60-day period following the date hereof, the Debtors shall schedule a

prompt hearing before the Court to renew their request for approval of the investment practices;

*provided further*, that if no objection is timely made, this Order shall become final without a

further hearing.

10.     The Debtors are authorized to close existing Bank Accounts and Investment

Accounts, and to open new debtor in possession bank accounts and investment accounts in the

ordinary course of business; *provided, however*, that (a) any new debtor-in-possession bank

account is established at an Authorized Depository, (b) any new investment account complies

with the Debtors' Investment Policy, (c) notice of such opening or closing will be timely

provided (i) in the Debtors' monthly operating report, and (ii) prior to 7 days of such opening or

closing, to the U.S. Trustee, counsel to any official committee appointed in these cases, counsel

to the TCEH DIP Agent, counsel to the Ad Hoc Committee of TCEH First Lien Creditors,

counsel to the EFIH DIP Agent, counsel to the EFIH DIP Notes Agent, and counsel to the Ad

Hoc Committee of EFIH Unsecured Creditors and counsel to the Ad Hoc Group of TCEH

Unsecured Noteholders (collectively, the "Noticing Parties"), and (d) the Debtors will provide a

list of all Bank Accounts, Investment Accounts, debtor in possession bank accounts, and

investment accounts to the Noticing Parties upon request.

11.     The Debtors are authorized, but not directed, to continue performing under and

honoring their respective obligations, commitments, and transactions related to the Intercompany

Transactions and the Intercompany Claims, as follows:  (a) the EFH Debtors with respect to the

EFH Money Pool; (b) the TCEH Debtors with respect to the TCEH Money Pool; and (c) the

Debtors and Non-Debtor Affiliates, on the terms described in the Motion, with respect to (i) transfers relating to postpetition Shared Services (which, in respect of the TCEH Debtors, shall only be made pursuant to the Shared Services Agreements), (ii) transfers under the TSAs (but only with respect to ordinary course state law margin tax claims attributable to the TCEH Debtors' businesses), (iii) Subleases, and (iv) Letters of Credit; *provided*, *however*, that the foregoing shall not authorize (x) the Debtors to pay or settle Intercompany Claims in connection with or relating to the Management Agreement, (y) the TCEH Debtors to make cash payments to EFH Corporate Services for prepetition Intercompany Claims on account of Shared Services and subleases, and (z) the TCEH Debtors to make cash payments to EFH Corporate Services for prepetition Intercompany Claims on account of transfers under the TSA in the aggregate in excess of $27 million.  The Debtors shall develop a reasonable allocation of fees, expenses, or other costs associated with the EFH Debtors' and EFIH's boards of directors or similar governing bodies, to be agreed upon by the Debtors, the Ad Hoc Committee of TCEH First Lien Creditors, and the Ad Hoc Committee of EFIH Unsecured Creditors.

12.	The Final Hearing shall be June 5, 2014, at 09:30 a.m, prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m., prevailing Eastern Time.  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

13.	Except pursuant to the preceding paragraph or any other order of the Court, which order shall be in form and substance satisfactory to the TCEH DIP Agent (but only with respect to relief that affects the TCEH Debtors) and the EFIH DIP Agent (but only with respect to relief that affects EFIH and EFIH Finance, Inc.), (a) the TCEH Debtors shall not distribute or transfer any cash or other value to any Debtor that is not a TCEH Debtor on account of prepetition

Intercompany Claims, including transfers from the TCEH Money Pool to the EFH Money Pool, (b) EFIH and EFIH Finance, Inc. shall not distribute or transfer any cash or other value to any Debtor other than EFIH and EFIH Finance, Inc. on account of prepetition Intercompany Claims, and (c) the EFH Debtors shall not distribute or transfer any cash or other value to any Debtor that is not an EFH Debtor on account of prepetition Intercompany Claims, including transfers from the EFH Money Pool to the TCEH Money Pool.

14.     Notwithstanding anything herein to the contrary, nothing in this Order shall determine the allocation as between the Debtors of any allowed fees or expenses of any professionals retained by the Debtors pursuant to section 327 of the Bankruptcy Code or any professionals retained by any official committee.

15.     Notwithstanding anything herein to the contrary, any amounts owing to (a) a TCEH Debtor by any Debtor that is not a TCEH Debtor or (b) EFIH or EFIH Finance, Inc. by any Debtor other than EFIH and EFIH Finance, Inc. on account of or relating to any Intercompany Transactions or Intercompany Claims authorized hereunder, including, without limitation, the Letters of Credit, shall be repaid (whether by cash transfer, setoff or otherwise) in the ordinary course, but no later than (75) seventy-five days after such amounts come due.

16.     Subject to the provisions of the TCEH DIP Facility and the EFIH DIP Facility or any order of this Court approving the TCEH DIP Facility (the "TCEH DIP Order") or any order of this Court approving the EFIH DIP Facility (the "EFIH DIP Order"), all Intercompany Claims authorized pursuant to this Order and arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.  Additionally, the Debtors shall:  (a) maintain accurate and detailed records of any postpetition Intercompany Transactions and netting or cash settlement of Intercompany

Claims that occur during the chapter 11 cases so that all such transactions may be readily ascertained, traced, recorded, and accounted for; (b) implement accounting procedures to identify and distinguish between prepetition and postpetition Intercompany Transactions and netting or cash settlement of Intercompany Claims and to track postpetition Intercompany Transactions and netting or cash settlement of Intercompany Claims; (c) provide reasonable access to such records and procedures to counsel to the Noticing Parties; and (d) provide a quarterly accounting to the TCEH DIP Agent of any Affiliate Value Transfer (as defined in the TCEH DIP Credit Agreement), including the obligor, obligee, and amount.

17.     Nothing in this Order shall authorize or direct the Debtors to take any action that would violate or breach the terms of the TCEH DIP Credit Agreement (as defined in the TCEH DIP Order) or the EFIH DIP Credit Agreement (as defined in the EFIH DIP Order) or violate the TCEH DIP Order or the EFIH DIP Order.

18.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

19.   The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

20.   Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

21.   Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24.   The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: Noy 2   , 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Case 14-10979-CSS    Doc 477    Filed 05/29/14    Page 49 of 59

## EXHIBIT B

**Cash Management System Diagram**



Case 14-10979-CSS    Doc 417    Filed 04/29/14    Page 59 of 68

# EXHIBIT C

**Bank Account Summary**

| Bank Accounts as of April 24, 2014 | | | | |
|---|---|---|---|---|
| **Debtor** | **Bank Name** | **Last 4 Digits of Bank Account #** | **Account Type** | **Estimated Amount as of Petition Date** |
| *EFH Corp. Bank Accounts* | | | | |
| Energy Future Holdings Corp. | JPMorgan Chase Bank, N.A. (NY) | 3584 | General Fund / Debt Related Activity<br>• Primarily used to pay general expenses and interest. | $25 million |
| Energy Future Holdings Corp. | JPMorgan Chase Bank, N.A. (TX) | 2032 | Receipts<br>• Miscellaneous receipts. | $1,000 |
| Energy Future Holdings Corp. | Bank of America, N.A. | 9707 | Receipts / Disbursements<br>• Available for emergency wire transfers in the event of certain emergency situations.<br>• Historically unfunded. | $0 |
| Energy Future Holdings Corp. | JPMorgan Chase Bank, N.A. (TX) | 9100 | Receipts / Disbursements<br>• To be used to receive future tax payments from Oncor. | $0 |
| *EFH Corporate Services Company Bank Accounts* | | | | |
| EFH Corporate Services Company | JPMorgan Chase Bank, N.A. (TX) | 3790 | Money Pool Concentration<br>• Maintains a minimum net balance of approximately $10 million to prefund outstanding checks, ACH Payments, and next-day wires.<br>• Excess cash is swept into Bank Account 3584 on a daily basis. | $10 million |
| EFH Corporate Services Company | JPMorgan Chase Bank, N.A. (TX) | 6766 | Receipts / Disbursements<br>• Receipts and disbursements related to accounts payable. | $10 million |
| EFH Corporate Services Company | JPMorgan Chase Bank, N.A. (IL) | 0752 | Receipts / Disbursements<br>• Receipts and check disbursements related to accounts payable. | $5 million |

**Bank Accounts as of April 24, 2014**

| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|
| EFH Corporate Services Company | JPMorgan Chase Bank, N.A. (OH) | 8749 | Receipts / Disbursements <br> • Receipts and EDI disbursements related to payroll for approximately 5,700 employees. | zero balance $500,000 |
| EFH Corporate Services Company | JPMorgan Chase Bank, N.A. (IL) | 6572 | Collateral Account <br> • Receipts and disbursements related to commercial card deposits. | $4.4 million |
| EFH Corporate Services Company | Chase Investments | 2019 | Broker / Investment Account <br> • Chase Investments brokerage account. This Bank Account holds cash. | $32,000 |
| *Other EFH Corp. Subsidiary Bank Accounts* | | | | |
| Energy Future Intermediate Holdings Company | JPMorgan Chase Bank, N.A. (NY) | 4789 | General Fund / Debt Related Activity <br> • Primarily used to pay general expenses and interest. | $3.7 million |
| Energy Future Intermediate Holdings Company | JPMorgan Chase Bank, N.A. (NY) | 4934 | General Fund <br> • To be used exclusively for the receipt of postpetition dividends from Oncor. | $1,000 |
| Energy Future Competitive Holdings Company | JPMorgan Chase Bank, N.A. (TX) | 4511 | General Fund <br> • Primarily used to pay general expenses and interest. | $4,000 |
| Generation Development Company LLC | JPMorgan Chase Bank, N.A. (TX) | 3633 | Receipts / Disbursements <br> • Used in connection with development of generation assets. | $1,000 |
| TXU Receivables Company LLC | JPMorgan Chase Bank, N.A. (TX) | 8255 | Receipts / Disbursements <br> • Inactive account related to a former accounts receivable securitization program. | $0 |

2

**Bank Accounts as of April 24, 2014**

*TCEH LLC Bank Accounts*

| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|
| Texas Competitive Electric Holdings Company LLC | JPMorgan Chase Bank, N.A. (NY) | 9810 | **General Fund / Debt Related Activity**<br>• Sweeps excess cash from, and deposits funds into Bank Account 0481 on a daily basis as needed to fund operations.<br>• Invests funds into the Investment Accounts. | $47 million |
| Texas Competitive Electric Holdings Company LLC | JPMorgan Chase Bank, N.A. (TX) | 0481 | **Money Pool Concentration**<br>• Maintains a minimum net balance of approximately $2 million to prefund next-day wires.<br>• Excess cash is swept into Bank Account 9810 daily. | $2 million |
| Texas Competitive Electric Holdings Company LLC | Citibank, N.A. | 3657 | **Debt Related Disbursements**<br>• Reimburses Citibank, N.A. for draw-downs on a letter of credit used to fund debt payments. | $27,000 |
| Texas Competitive Electric Holdings Company LLC | JPMorgan Chase Bank, N.A. (TX) | 4169 | **Receipts / Disbursements**<br>• Receipts and disbursements related to financial settlements and over-the-counter transactions. | $1,000 |
| Texas Competitive Electric Holdings Company LLC | JPMorgan Chase Bank, N.A. (NY) | 7837 | **General Fund / A/R Closure**<br>• Receipts and disbursements related to the unwinding of the former accounts receivable securitization program. | $0 |
| Texas Competitive Electric Holdings Company LLC | Union Bank, N.A. | 0559 | **Unencumbered Cash Account.**<br>• Holds unencumbered cash related to the unwinding of the former accounts receivable securitization program. | $149.6 million |

*Other TCEH LLC Subsidiary Bank Accounts*

| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|
| Luminant Energy Company LLC | JPMorgan Chase Bank, N.A. (TX) | 7371 | **Receipts / Disbursements**<br>• Receipts and disbursements for physical gas transactions. | $1,000 |

3

**Bank Accounts as of April 24, 2014**

| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|
| Luminant Energy Company LLC | JPMorgan Chase Bank, N.A. (TX) | 8059 | Receipts / Disbursements<br>• Receipts and disbursements for power transactions. | $1,000 |
| Luminant Energy Company LLC | JPMorgan Chase Bank, N.A. (TX) | 3756 | Receipts / Disbursements<br>• Receipts and disbursements for derivatives and financial transactions, including over-the-counter and exchange margins. | $1,000 |
| Luminant Energy Company LLC | Bank of Oklahoma (dba Bank of Texas) | 9732 | Investments / Redemptions<br>• Pursuant to an agreement with Credit Suisse in connection with derivatives and financial transactions relating to Bank Account 3756, funds that are to be wired to or from Credit Suisse are invested in Investment Account 4457.<br>• Investment Account 4457 is a custody account for restricted cash, Invesco Treasury Portfolio - Institutional Class (Account No. 4457), which holds approximately $19,000 as of the Petition Date.<br>• The Debtors have not entered into transactions of this kind since November 2012. | $0 |
| Luminant Generation Company LLC | JPMorgan Chase Bank, N.A. (TX) | 4297 | Receipts / Disbursements<br>• Receipts and disbursements for capacity auctions.<br>• Miscellaneous receipts and disbursements. | $5,000 |
| Luminant Generation Company LLC | First National Bank of Granbury | 7136 | Receipts<br>• Miscellaneous receipts, including for fishing fees collected by the Debtors from individuals permitted to fish at the Comanche Peak Nuclear Power Company LLC plant site.<br>• Receipts are transferred monthly to Account No. 4297. | $9,000 |
| TXU Energy Receivables Company | JPMorgan Chase Bank, N.A. (TX) | 6608 | Receipts / Disbursements<br>• Amounts in this Bank Account are used to pay general expenses, including those relating to the former accounts receivable securitization program. | $10,000 |

4

**Bank Accounts as of April 24, 2014**

| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|
| TXU Energy Receivables Company | JPMorgan Chase Bank, N.A. (TX) | 6970 | Receipts / Disbursements<br>• Collection account used in connection with the former accounts receivable securitization program. | $0 |
| TXU Energy Retail Company LLC | M&T Bank | 6771 | Receipts / Disbursements<br>• Expense reimbursements related to a Residential Finance Program.<br>• This Bank Account is largely inactive. | $4,000 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6959 | Disbursements<br>• Disbursements for customer refunds.<br>• Zero balance account funded from Bank Account 6934. | zero balance<br>$1.3 million |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6967 | Disbursements<br>• Retail transmission and distribution utility disbursements. | $1,000 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 9334 | Receipts<br>• Miscellaneous receipts. | $3,000 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 4500 | Receipts<br>• Receipts for debit card transactions. | $1,000 |
| TXU Energy Retail Company LLC | The Bank of New York Mellon | 8178 | Receipts<br>• Receipts and disbursements for gas transactions. | $200,000 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6918 | Receipts<br>• Depository account (checks only). | $227,000 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6934 | Receipts<br>• General depository account (debit card receipts). | $1,000 |

| Bank Accounts as of April 24, 2014 | | | | |
|---|---|---|---|---|
| Debtor | Bank Name | Last 4 Digits of Bank Account # | Account Type | Estimated Amount as of Petition Date |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6926 | Receipts <br> • Depository account (electronic data interchange "EDI") and wire receipts). | $0 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (TX) | 6942 | Receipts <br> • Depository account (EDI receipts from large commercial customers). | $0 |
| TXU Energy Retail Company LLC | JPMorgan Chase Bank, N.A. (NY) | 0158 | Receipts <br> • Depository account (EDI receipts from large commercial customers). | $0 |
| TXU Energy Retail Company LLC | The Bank of New York Mellon | 0329 | Receipts <br> • Depository account (EDI receipts only). | $200,000 |
| Luminant Mining Company LLC | JPMorgan Chase Bank, N.A. (TX) | 9817 | Receipts / Disbursements <br> • General receipts and disbursements. | $1,000 |
| Luminant Mining Company LLC | The Bank of New York Mellon | 1993 | Custody Account <br> • Custody account for restricted cash in connection with the environmental regulations (specifically, the removal of a bald eagle nest at the Turlington Mine). | $25,000 |
| 4Change Energy Company LLC | The Bank of New York Mellon | 5115 | Receipts / Disbursements <br> • General receipts and disbursements. | $928,000 |

6

**EXHIBIT F**

**<u>RETAINERS PAID</u>**

**Schedule of Retainers Paid to Professionals**
Amounts as of the Petition Date

| Professional | Retainer Paid | Total Applied as of Petition Date | Amount Remaining as of Petition Date |
|---|---|---|---|
| Kirkland & Ellis LLP | $6,000,000.00 | $1,772,308.54 | $4,227,691.46 * |
| Filsinger Energy Partners | $200,000.00 | $29,977.07 | $170,022.93 |
| Deloitte & Touche | $625,000.00 | $447,000.00 | $178,000.00 |
| Pricewaterhousecoopers LLP | $0.00 | $0.00 | $0.00 |
| Alvarez & Marsal | $723,609.00 | $0.00 | $723,609.00 |
| Ernst & Young LLP | $569,658.00 | $556,059.37 | $13,598.63 |
| Evercore Partners | $0.00 | $0.00 | $0.00 |
| KPMG | $800,000.00 | $519,708.00 | $280,292.00 |
| Richards Layton & Finger | $125,000.00 | $125,000.00 | $0.00 ** |
| Epiq Bankruptcy Solutions | $100,000.00 | $52,028.46 | $47,971.54 |
| Gibson Dunn & Crutcher LLP | $1,000,000.00 | $649,733.19 | $350,266.81 |
| Sidley Austin LLP | $17,525,000.00 | $16,151,743.90 | $1,373,256.10 |
| McDermott Will & Emery | $700,000.00 | $662,176.81 | $37,823.19 |

\*  This is subject to a final true-up which Kirkland & Ellis LLP expects to complete promptly.

\*\* This is subject to a final true-up which Richards Layton & Finger expects to complete promptly.