IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Related Dkt Nos. 363, 400 & 441 |

### EMERGENCY MOTION OF CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE, TO COMPEL THE DEBTORS TO OBTAIN APPROVAL OF PROCEDURES GOVERNING THE EFIH FIRST LIEN TENDER OFFER

CSC Trust Company of Delaware ("CSC Trust"), as Indenture Trustee (the "Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% First Lien Notes" or the "10% Notes") issued by certain of the Debtors under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), files this motion (the "Emergency Motion") for an order compelling the Debtors to (I) obtain prior approval of the procedures and materials (the "First Lien Tender Procedures and Materials") associated with the tender offer commenced by the Debtors on May 7, 2014 (the "First Lien Tender Offer")[1] and setting June 6, 2014 for a hearing on the adequacy of

---

[1] *See* Notice of Initiation of Opt-in Period for Proposed EFIH First Lien Settlement, filed May 7, 2014 [Dkt. No. 363].

the First Lien Tender Procedures and Materials, and (II) establish an appropriate First Lien Tender Offer deadline following such hearing. In support of this Emergency Motion, the Indenture Trustee respectfully represents and sets forth as follows:

## JURISDICTION

1.     This Court has jurisdiction over the Emergency Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 363(b) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Indenture Trustee consents to the entry of final judgment by the bankruptcy court regarding the relief sought herein.

## RELIEF REQUESTED

2.     By this Emergency Motion, the Indenture Trustee seeks entry of an order (i) setting June 6, 2014 as the hearing date on the adequacy of the First Lien Tender Procedures and Materials, (ii) compelling the Debtors to establish an appropriate First Lien Tender Offer deadline following such hearing, and (iii) granting such other and further relief as is appropriate under the circumstances.

## ARGUMENT

3.     The Indenture Trustee makes this motion pursuant to the written direction of holders with a majority in principal amount of the $3.482 billion of 10% First Lien Notes.

4.	Yesterday afternoon, Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for $2,156,000,000 aggregate principal amount of second lien notes issued by the EFIH Debtors, filed an emergency motion (the "Second Lien Motion") to compel the debtors to seek prior court approval of their Tender for the second lien notes (the "Second Lien Tender Offer")[2]. [Dkt. No. 441]. The Second Lien Motion discusses a series of legal infirmities in the Second Lien Tender Offer.

5.	The Indenture Trustee respectfully submits that the legal arguments and grounds that apply to the Second Lien Tender Offer also apply to the First Lien Tender Offer, and incorporates such arguments herein.

6.	Accordingly, the Indenture Trustee hereby moves for similar relief, namely an order compelling the Debtors to (i) obtain prior approval of the First Lien Tender Procedures and Materials at a hearing on June 6, 2014 and (ii) establish an appropriate First Lien Tender Offer deadline following such hearing (including creating a new deadline or withdrawal right for those who might have tendered pursuant to the existing defective procedures), taking into account the time required by the Debtors to prepare an appropriate disclosure.

7.	The fact is that the Indenture Trustee has received clear direction from the majority holders of the 10% Notes to oppose the First Lien Tender Offer and associated settlements, and that this majority opposes both the First Lien Tender Offer and the alleged "first lien settlement". This motion is thus primarily directed for the benefit of

---

[2] *See* Notice of Initiation of Opt-In Period for Proposed EFIH Second Lien Settlement, filed May 9, 2014 [Dkt. No. 400].

small holders and others who may want greater clarity concerning the "ground rules" of the Debtors' unprecedented tender offer.

8.  As noted in the Indenture Trustee's preliminary objection, the Indenture Trustee has expressed several objections to the form and substance of the Debtors' First Lien Tender Offer, which shares most of the same infirmities present in the Second Lien Tender Offer, as well as others.

9.  The main areas of concern previously expressed by the Indenture Trustee were the following:

- The First Lien Tender Offer treats similarly situated creditors differently, violates protections for creditors established by the Bankruptcy Code, and has many other elements that are fundamentally unfair.
- The disclosure contains material misstatements and/or omissions that are inconsistent with the dictates of the applicable federal securities laws and regulations, and to the extent applicable, the disclosure and adequate information provisions of the Bankruptcy Code.

10.  A non-exclusive list of these concerns was conveyed by a lengthy letter delivered to Debtors' counsel by counsel to the Indenture Trustee on May 13, 2014. That letter is attached as <u>Exhibit A</u> hereto.

11.  The Debtors have not responded in writing to this letter, and it appears that they are unwilling to address the substantive or disclosure concerns of the Indenture Trustee or to obtain prior court approval for the First Lien Tender Offer.

## NOTICE

12.  Notice of this Emergency Motion has been provided to: (a) the Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; (d) Citibank, N.A., in its capacity as administrative agent under

the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (m) the

agent for the EFIH debtor-in-possession financing facility and counsel thereto; (n) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (o) counsel to Oncor; and (p) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## **NO PRIOR REQUEST**

13.  No prior request for the relief sought in this Emergency Motion has been made to this or any other court.

## **CONCLUSION**

14.  For the foregoing reasons, the Indenture Trustee respectfully requests that the Court enter an order (i) setting June 6, 2014 as a hearing on the First Lien Tender Procedures and Materials, (ii) compelling the Debtors to establish an appropriate tender offer deadline following such hearing, and (iii) granting such other and further relief as is appropriate under the circumstances.

*[Remainder of Page Left Intentionally Blank]*

Dated: May 15, 2014

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

_/s/_

| | |
|---|---|
| Norman L. Pernick (No. 2290) | Warren A. Usatine |
| J. Kate Stickles (No. 2917) | 25 Main Street, |
| Nicholas J. Brannick (No. 5721) | P.O. Box 800 |
| 500 Delaware Avenue, Suite 1410 | Hackensack, NJ 07602 |
| Wilmington, DE 19801 | Telephone: 201-489-3000 |
| Telephone: 302-652-3131 | Facsimile: 201-489-1536 |
| Facsimile: 302-652-3117 | wusatine@coleschotz.com |
| npernick@coleschotz.com | |
| kstickles@coleschotz.com | |
| nbrannick@coleschotz.com | |

ROPES & GRAY LLP

| | |
|---|---|
| Mark R. Somerstein | D. Ross Martin |
| Keith H. Wofford | Andrew G. Devore |
| 1211 Avenue of the Americas | Prudential Tower |
| New York, NY 10036-8704 | 800 Boylston Street |
| Telephone: 212-596-9000 | Boston, MA 02199-3600 |
| Facsimile: 212-596-9090 | Telephone: 617-951-7000 |
| Mark.Somerstein@ropesgray.com | Facsimile: 617-951-7050 |
| Keith.Wofford@ropesgray.com | Ross.Martin@ropesgray.com |
| | Andrew.Devore@ropesgray.com |

*Counsel for CSC Trust Company of Delaware, as successor indenture trustee and collateral trustee*

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141
James.Millar@dbr.com

*Counsel for CSC Trust Company of Delaware, as successor indenture trustee*