## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date:  June 5, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline:  May 29, 2014 at 4:00 p.m.** |

### MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, extending the deadline by which the debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") to Monday, June 30, 2014.  In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 1007-1(b).

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Order extending the deadline by which the Debtors must file the Schedules and Statements by thirty (30) days in addition to the extension provided by Local Bankruptcy Rule 1007-1(b), for a total of sixty (60) days from the Petition Date (as defined below) to June 30, 2014, without prejudice to the Debtors' ability to request additional extensions for cause shown.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an interim order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office

of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and capital structure is set forth in the First Day Declaration.

### Basis for Relief

5.    Local Bankruptcy Rule 1007-1(b) extends the filing deadline for the Schedules and Statements to thirty (30) days if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Bankruptcy Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds 200.    The Debtors in these cases have filed a list of creditors in accordance with Local Bankruptcy Rule 1007-2, which list reflects that the total number of their creditors is far above 200.

6.    This Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b) and Local Bankruptcy Rule 1007-l(b).    Bankruptcy Rule 1007(c) together with Bankruptcy Rule 9006(b) allows the Court to extend the filing deadline for the Schedules and Statements "for cause shown."    Fed. R. Bankr. P. 9006(b).    Similarly, Local Bankruptcy Rule 1007-l(b) provides that such an extension may be granted for cause.

7.    Here, good and sufficient cause for granting an extension of time to file the Schedules and Statements exists.    To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to the claims of the Debtors' numerous creditors, as well as the Debtors' many assets and contracts.    This information is voluminous and collecting it requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term, when these resources would be best used to maintain the stability of the Debtors' business operations.

RLF1 10316499v.1

8.      Prior to the filing of these cases, the Debtors focused on preparing for the chapter 11 filing, preparing the business to transition into chapter 11, and negotiating with their significant creditor constituencies.  Such efforts made it difficult for the Debtors to prepare the Schedules and Statements.  As such, with the assistance of their professional advisors, the Debtors are currently mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements.  However, the Debtors' resources are strained.  Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

9.      Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements, the Debtors anticipate that they will require at least thirty (30) additional days to complete the Schedules and Statements. The Debtors therefore request that the Court extend the 30-day period for an additional thirty (30) days to June 30, 2014, without prejudice to the Debtors' right to request further extensions, for cause.

10.      The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements, all at a time when the Debtors' resources are spread thin, constitute good and sufficient cause for granting the requested extension of time.

11.      Courts in this district have granted similar relief to that requested herein in a number of cases. *See*, *e.g.*, *In re Optim Energy, LLC*, No. 14-10262 (BLS) (Bankr. D. Del.

Mar. 13, 2014) (extending time to file schedules and statements to 60 days from the petition date); *In re Constar Int'l Holdings LLC*, No. 13-13281 (CSS) (Bankr. D. Del. Jan. 24, 2014) (same); *In re Global Aviation Holdings Inc.*, No. 13-12945 (MFW) (Bankr. D. Del. Dec. 9, 2013) (same); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re LCI Holding Co.*, No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013) (KG) (same); *In re DSI Holdings, Inc.*, No. 11-11941 (KJC) (Bankr. D. Del. Aug. 16, 2011) (KJC) (same); *In re Old Razor Co.*, No. 10-12351 (MFW) (Bankr. D. Del. Aug. 23, 2010) (MFW) (granting debtors an additional 24 days from the petition date, for a total of 54 days from the petition date, to file their schedules and statements ); *In re NTK Holdings, Inc.*, No. 09-13611 (KJC) (Bankr. D. Del. Nov. 19, 2009) (KJC) (granting debtors an additional 48 days from the petition date, for a total of 78 days from the petition date, to file their schedules and statements).[2]

## **Notice**

12.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) and proposed counsel thereto; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes

---

[2]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

RLF1 10316499v.1

due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) counsel to Oncor Electric Delivery Holdings Company

LLC; (s) the Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; and (w) counsel to the Electric Reliability Council of Texas.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

13.    No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

7

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  May 15, 2014

/s/ Tyler D. Semmelman
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com
                semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          richard.cieri@kirkland.com
                edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession