# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket Nos. 442 & 462 |

## DEBTORS' RESPONSE TO
## EFIH FIRST AND SECOND LIEN TRUSTEES'
## MOTIONS TO SHORTEN

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this response (this "Response")[2] to the Motions to Shorten[3] filed by the indenture trustee for the 10.00% EFIH First Lien Notes (the "First Lien Trustee") and the indenture trustee for the EFIH Second Lien Notes (the "Second Lien Trustee") with respect to their Motions to Compel.[4]

## PRELIMINARY STATEMENT

The Debtors do not oppose the *procedural* relief requested in the Motions to Shorten: namely, to schedule a hearing, on an expedited basis, to determine whether this Court should take the unprecedented step of pre-approving the Debtors' separate settlement offers with holders of EFIH First and Second Lien Notes concerning their claims for principal, interest, and a supposed "makewhole" premium. The papers that are the focus of the Motions to Compel are settlement offers in which participation is voluntary. They are not settlements. And, as the Debtors have always made clear, the Debtors intend to seek the Court's approval of the settlements with those holders who voluntarily agree to the settlement offers. These issues have already been presented in motion papers filed yesterday for hearing on June 5, 2014, which will allow all parties-in-interest to have the opportunity to file objections and to be heard. In the meanwhile, the rights of the non-settling holders will not be affected in the least.

---

[2] Capitalized terms used but not defined in this Response shall have the meanings set forth in the Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions [Docket No. 98] (the "First Day Declaration").

[3] *See Motion to Fix Hearing Date on and Shorten Time to Object or Respond to Motion of CSC Trust Company of Delaware, as Indenture Trustee, to Compel the Debtors to Obtain Approval of Procedures Governing the EFIH First Lien Tender Offer* [Docket No. 462] and *Motion to Fix Hearing Date on and Shorten Time to Object or Respond to Emergency Motion of EFIH 2nd Lien Notes Indenture Trustee to Compel Debtors to Obtain Prior Approval of Procedures Governing Their 2nd Lien Tender Offer* [Docket No. 442] (collectively, the "Motions to Shorten").

[4] *See Emergency Motion of CSC Trust Company of Delaware, as Indenture Trustee, to Compel the Debtors to Obtain Approval of Procedures Governing the EFIH First Lien Tender Offer* [Docket No. 461] and *Emergency Motion of EFIH 2nd Lien Notes Indenture Trustee to Compel Debtors to Obtain Prior Approval of Procedures Governing Their EFIH 2nd Lien Tender Offer* [Docket No. 441] (collectively, the "Motions to Compel").

To be clear, the allegations in the Motions to Compel are without merit.  The Debtors are fully compliant with securities law, and will respond to the Trustees' allegations in detail on a schedule consistent with any shortened time periods established by the Court.  The EFIH First and Second Lien Trustee, however, have repeatedly stated that their clients oppose the proposed settlements and will not under any circumstance opt into them.  It is thus unclear how any amount of supplemental "disclosure" or an extension of the opt-in period—neither of which is necessary or appropriate—will address the issues they raise with the settlement offers.

While the Debtors will save argument concerning the substance of the Motions to Compel for their opposition, it is important to provide context for the scheduling-related issues that are before the Court at today's telephonic hearing, especially concerning which hearing date is most appropriate.[5]

## BACKGROUND

As explained in the First Day Declaration and previewed at the first-day hearings held May 1 and 2, 2014, the Debtors have initiated two entirely voluntary opt-in periods that offer participation to First Lien Holders and Second Lien Holders in the Debtors' proposed settlement of those holders' alleged makewhole claims.  The Debtors have been transparent about these settlement offers from the start of these cases.  On Wednesday, May 7, the Debtors filed with the Court a First Lien Opt-In Notice,[6] explaining that the Debtors' noticing agent had mailed settlement papers to EFIH First Lien Noteholders.  Similarly, on Friday, May 9, the Debtors filed

---

[5]  The Debtors acknowledge that the Court has only requested a response to the Second Lien Trustee's Motion to Shorten.  But in the event the Court permits argument at Friday's telephonic conference on the First Lien Trustee's Motion to Shorten as well, the Debtors address that motion here as well.

[6]  *See Notice of Initiation of Opt-In Period for Proposed EFIH First Lien Settlement* [Docket No. 363] (such notice, the "First Lien Opt-In Notice" and, such opt-in period, the "First Lien Opt-In Period").

3

with the Court the Second Lien Opt-In Notice,[7] concerning the settlement papers that had been mailed to EFIH Second Lien Noteholders that same day.  Importantly, both notices made clear—in **BOLD AND CAPITAL** letters—that the settlements were conditioned on Court approval:

> PLEASE TAKE NOTICE THAT, AS STATED IN THE RESTRUCTURING SUPPORT AGREEMENT, AND AS DISCUSSED AT THE FIRST DAY HEARINGS, BOTH OF THE PROPOSED EFIH FIRST LIEN SETTLEMENT TRANSACTIONAL STEPS—THE COMPROMISE OF THE EFIH FIRST LIEN NOTE CLAIMS AND THE SETTLING PARTIES' PARTICIPATION IN THE EFIH FIRST LIEN DIP FINANCING—ARE ==SUBJECT TO BANKRUPTCY COURT APPROVAL, AND WILL NOT BE CONSUMMATED UNLESS AND UNTIL THE BANKRUPTCY COURT PROVIDES SUCH AUTHORIZATION.==[3]

### A.    Second Lien Trustee's Motion to Shorten

Nevertheless, the First Lien Trustee filed a "preliminary objection"[8] to the EFIH First Lien DIP Motion on Tuesday, May 13—one week and one day after the commencement of the First Lien Opt-In Period.[9]  While the First Lien Trustee objected to the propriety of the First Lien Opt-In Period, *the First Lien Trustee did not request any relief, emergency or otherwise, before the June 5 hearing on the EFIH First Lien DIP Facility*.

---

[7]   *See Notice of Initiation of Opt-In Period for Proposed EFIH Second Lien Settlement* [Docket No. 400] (such notice, the "Second Lien Opt-In Notice" and, such opt-in period, the "Second Lien Opt-In Period").

[8]   *See Preliminary Objection of CSC Trust Company of Delaware, as Indenture Trustee, to Debtors' Motion to Approve First-Lien Post-Petition Financing, Redeem First and Second Lien Notes, and Determine Secured Claim* [Docket No. 421].

[9]   *See Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc., for Entry of (i) an Interim Order (a) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (b) Scheduling a Final Hearing; and (ii) a Final Order (a) Approving Postpetition Financing, (b) Granting Liens and Providing Superpriority Administrative Expense Claims, (c) Authorizing the Use of Cash Collateral, (d) Authorizing the EFIH First Lien Refinancing, (e) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (f) Determining the Value of Secured Claims, and (g) Modifying the Automatic Stay* [Docket No. 74] (the "EFIH First Lien DIP Motion").

The next day, Wednesday, May 14, the Second Lien Trustee filed its Motion to Shorten, seeking a hearing on its Motion to Compel no later than Tuesday, May 20. The Second Lien Trustee claimed that an expedited hearing was necessary because there is a "step down" in the consideration being offered to settling Second Lien Holders scheduled for Friday, May 23 (or 10 business days after the launch of the settlement offer); and, the Second Lien Trustee argues, it might take up to four business days to accept that offer.[10] The Second Lien Trustee accordingly asserted that it needs clarity about the settlement papers by the end of Tuesday, May 20—at which point holders would supposedly lose the practical ability to opt-in by Friday, May 23.

Although the Debtors do not agree with the Second Lien Trustee's position, the Debtors sought to accommodate the parties and the Court's schedule. The Debtors offered to extend the Second Lien Opt-In Period step-down by another five business days, to Friday, May 30. This would allow the Second Lien Trustee's Motion to Compel to be heard on the already-scheduled hearing dates of Thursday, May 22 or Friday, May 23 and obviate the need for a separate emergency hearing two days earlier.

B.  **First Lien Trustee's Motion to Shorten**

Before the Debtors and the Second Lien Trustee could formalize that extension, at the close of business on Thursday, May 15, the First Lien Trustee filed its own Motion to Shorten and Motion to Compel. Those pleadings mimicked the relief sought by the Second Lien Trustee's motions—but sought an emergency hearing no later than Monday, May 19. In other words, ***nine days*** after the First Lien Opt-In Period was launched, and a full ***two days*** after the First Lien Trustee filed a preliminary objection to the settlement, the First Lien Trustee finally

---

[10] A "step-down" period is standard market protocol, allowed under securities regulations, and has been used by the Debtors over the years.

decided that it needed an emergency hearing—on notice of a mere *two business days*.  This timing suggests that the First Lien Trustee's request is not an emergency.  It is a hold up.

The First Lien Trustee adopted the strategy of the Second Lien Trustee, pointing to the "step down" in the first lien offer.  The First Lien Trustee, however, did not explain how having a hearing on the "step-down" date itself would address the purported issue of actually having to agree to the settlement offer at least four business days prior to the deadline to ensure effectuation.  This suggests either that the Second Lien Trustee's four-business day concern is unfounded, or that the First Lien Trustee's Motion to Shorten has more to do with previewing its arguments on the merits than it does with the relief actually requested.

Regardless, the Debtors have independent business reasons that they are unable to extend the "step-down" deadline for the First Lien Opt-In Period.  As explained in the EFIH First Lien DIP Motion and previewed at the first-day hearings, the EFIH First Lien DIP Facility is structured to allow settling First Lien Holders to participate in this facility.  The contractual deadline for the Debtors to reduce their existing bank commitment for the EFIH First Lien DIP Facility before becoming contractually obligated to pay additional, meaningful bank fees on outstanding committed amounts is Tuesday, May 20.  In other words, the step-down has an economic imperative:  to incentivize First Lien Holders to indicate their willingness to enter into the proposed settlement (and participate in the EFIH First Lien DIP Facility) by the end of Monday, May 19 so as to reduce the Debtors' fees.

Moreover, under the Restructuring Support Agreement, third parties have provided a $1.7 billion EFIH First Lien DIP Facility back-stop commitment to the EFIH First Lien DIP Settlement.  These back-stop commitments require the step-down deadline for the EFIH First Lien DIP Settlement to occur within 10 business days of the launch of the settlement opt-in period (subject to a three business-day extension).  If the step-down deadline is extended beyond

Thursday, May 22, the commitments may be terminable—as might the Restructuring Support Agreement.  This would subject the Debtors to market risk while they seek to obtain additional financing, and could put the Restructuring Support Agreement at risk.  Both would harm the Debtors' estates.

## CONCLUSION

Ultimately, the Debtors do not object to the Court hearing the Motions to Compel on an expedited basis.  The Debtors will be prepared to brief and argue the merits of the First Lien Opt-In Period and the Second Lien Opt-In Period consistent with whichever hearing date(s) and objection deadlines the Court determines to be appropriate.

Wilmington, Delaware
Dated:  May 16, 2014

*/s/ Tyler Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:     (302) 651-7701
Email:           collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com
                     semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611

Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: richard.cieri@kirkland.com
edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession