## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: June 6, 2014 at 9:30 a.m. (EDT)** |
| | ) | **Obj. Deadline: May 30, 2014 at 4:00 p.m. (EDT)** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of business. In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1.

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Order authorizing, but not directing, the Debtors to retain and compensate certain law firms, attorneys, accountants, consultants, and other non-attorney professionals utilized in the ordinary course of business (each, an "OCP" and, collectively, the "OCPs"),[2] pursuant to the compensation procedures set forth in the Order (the "Compensation Procedures").[3]

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to

---

[2]    The OCPs are listed on **Exhibit 1** and **Exhibit 2** to **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "OCP Lists").

[3]    The Debtors also seek to reserve the right to retain additional OCPs from time to time during these chapter 11 cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the Compensation Procedures.

2

sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an interim order for

joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office

of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official

committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May

13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and capital

structure is set forth in the First Day Declaration.

**The Ordinary Course Professionals.**

6.      The Debtors employ over 100 OCPs, consisting of various law firms, attorneys,

accountants, consultants, and other non-attorney professionals used in the ordinary course of

their businesses.  The OCPs provide services to the Debtors in a variety of matters unrelated to

these chapter 11 cases, including specialized legal advice, litigation services, and business

advisory services relating to, among other things, corporate, litigation, financial, tax, regulatory,

human resources, and environmental matters.

7.      The OCPs have a great deal of knowledge, expertise, and familiarity with the

Debtors and their operations.   Although the Debtors anticipate that the OCPs will want to

continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot

meet their payment obligations on a regular basis.   The Debtors submit that the continued

employment and compensation of the OCPs is in the best interests of their estates, creditors, and

other parties in interest.

**The Compensation Procedures.**

8.      The Debtors request that the Court approve the Compensation Procedures set

forth in the Order.

3

9.      The Compensation Procedures set forth a streamlined process for retention and compensation of OCPs postpetition.  Briefly, the Compensation Procedures will permit the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form annexed as **Exhibit 3** to **Exhibit A** attached hereto (the "Declaration of Disinterestedness"), and a reasonable objection period for certain parties, including the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Creditors' Committee, and any other statutory committee appointed in these chapter 11 cases.  Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates with respect to the matter on which such OCP is proposed to be employed.

10.     The Compensation Procedures further provide that the Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of the fees and disbursements to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided*, *however*, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** annexed to **Exhibit A** attached hereto, excluding costs and disbursements, may not exceed $150,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap"), and that the fees of each OCP set forth on **Exhibit 2** annexed to **Exhibit A** attached hereto, excluding costs and disbursements, may not exceed $65,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap" and, together with

4

Case 14-10979-CSS    Doc 506    Filed 05/17/14    Page 5 of 12

the Tier 1 OCP Cap, the "OCP Caps").[4]  In addition, the Debtors also seek to reserve the right to

retain additional OCPs, as the need arises, by filing a supplement to the OCP List that identifies

such additional OCPs and serving the same on the Notice Parties.[5]

11.    To the extent an OCP seeks compensation in excess of the applicable OCP Cap

(the "Excess Fees"), the OCP shall submit a Notice of Fees in Excess of the OCP Cap

(the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the

services rendered and disbursements actually incurred.  Interested parties shall then have 15 days

to object to the Notice of Excess Fees.  If after 15 days no objection is filed, the Excess Fees

shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses

without the need to file a fee application.

## Basis for Relief

12.    Section 327(a) of the Bankruptcy Code requires court approval for the

employment of "professional persons," retained to represent or perform services of the estate.

11 U.S.C. § 327(a).  In determining whether an entity is a "professional" within the meaning of

section 327 of the Bankruptcy Code, and therefore must be retained by express approval of the

court, courts generally consider whether such entity is involved in the actual reorganization

effort, rather than a debtor's ongoing business operations.  *See*, *e.g.*, *Comm. of Asbestos-Related*

---

[4]    It is important to emphasize that the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

[5]    As defined in the Compensation Procedures, the Notice Parties include: (a) the Debtors, 1601 Bryan Street, 43rd Floor, Dallas, Texas, 75201, Attn:  Andrew M. Wright; (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Brian E. Schartz, Esq.; (c) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq.; (d) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE  19801, Attn:  Richard Schepacarter, Esq.; (e) proposed counsel to the Creditors' Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, Attn:  Hon. James M. Peck, Brett H. Miller, Esq., and Lorenzo Marinuzzi, Esq.; and and (f) proposed counsel to the agent for the EFIH first lien debtor-in-possession financing facility, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Ned S. Schodek, Esq.

*Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr.

S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art

reserved for those persons who play an intimate role in the reorganization of a debtors' estate.").

In making this determination, courts often consider the following factors in determining whether

an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

> (a) whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;
>
> (b) whether the entity is involved in negotiating the terms of a plan of reorganization;
>
> (c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
> (d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;
>
> (e) the extent of the entity's involvement in the administration of the debtor's estate; and
>
> (f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997)

(listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991)

(authorizing the debtor to retain an environmental consultant in the ordinary course of business);

*In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of

the Bankruptcy Code approval of the fees of a management and consulting firm that performed

only "routine administrative functions" and whose "services were not central to [the] bankruptcy

case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals

6

involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

13.     The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  *See First Merchs.*, 1997 WL 873551 at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

14.     Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtors or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

15.     Upon consideration of the above-listed factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under section 327(a) of the Bankruptcy Code.  Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the OCPs pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

16.     The Debtors and their estates would be well-served by continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues.  Moreover, in light of the large number of OCPs and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for OCPs who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.  Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain and compensate the OCPs in accordance with the Compensation Procedures and, thereby, avoid any disruption in the professional services that are required for the day to day operation of the Debtors' businesses.

17.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs hold interests materially adverse to the Debtors, their creditors, or other parties in interest.  In any event, the Compensation Procedures include a requirement that each OCP file a Declaration of Disinterestedness and be subject to a reasonable objection period before an OCP can be compensated.

18.     Courts in this district have approved relief similar to the relief requested in this motion.  *See*, *e.g.*, *In re Exide Techs.*, No. 13-11482 (Bankr. D. Del. July 11, 2013) (authorizing multiple tiers of ordinary course professional monthly fee limits); *In re B456 Sys., Inc.*, No. 12-12859 (Bankr. D. Del. Oct. 16, 2012) (same); *In re NewPage Corp.*, 11-12804 (Bankr. D. Del. Sept. 7, 2011) (same); *In re Nortek, Inc.*, No. 09-13611 (Bankr. D. Del. Nov. 19 2009) (same); *In re Capmark Fin. Grp. Inc.*, No. 09-13684 (Bankr. D. Del. Dec. 3, 2009) (same); *In re*

8

*USG Corp.*, No. 01-02094 (Bankr. D. Del. June 25, 2001) (same). *See also In re Fresh & Easy Neighborhood Mkt. Inc.*, No. 13-12569 (Bankr. D. Del. Oct. 23, 2013) (authorizing procedures materially the same as the Notice of Excess Fees procedure proposed in this Motion); *In re PJ Fin. Co.*, No. 11-10688 (Bankr. D. Del. May 10, 2011) (same); *In re Fairfield Residential LLC*, No. 09-14378 (Bankr. D. Del. Jan. 12, 2010) (same); *In re Premier Int'l Holdings Inc.*, No. 09-12019 (Bankr. D. Del. July 14, 2009) (same); *In re Qimonda Richmond, LLC*, No. 09-10589 (Bankr. D. Del., Mar. 18, 2009) (same).[6]

## Notice

19.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) and proposed counsel thereto; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R)

---

[6]  Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request to the Debtors' counsel.

9

due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (l); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) counsel to Oncor Electric Delivery Holdings Company LLC; (s) the Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (w) counsel to the

10

Electric Reliability Council of Texas; and (x) the OCPs.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  May 17, 2014

/s/ *William A. Romanowicz*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com
              romanowicz@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

12