**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 5, 225, 391** |

**JOINDER OF TCEH DIP AGENT TO DEBTORS' OBJECTION TO THE MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO 28 U.S.C. §§ 1408 & 1412 AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO TRANSFER CASES TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

Citibank, N.A., as administrative agent (the "TCEH DIP Agent") under that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, the "TCEH DIP Credit Agreement"), hereby joins in the *Debtors' Objection to the Motion of Wilmington Savings Fund Society, FSB Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure To Transfer Cases to the United States District Court for the Northern District of Texas* (the "Objection") [Docket No. 391].

**JOINDER**

1. The new money lenders and letter of credit issuers (the "TCEH DIP Lenders")[1] under the TCEH DIP Credit Agreement have agreed, subject to the terms set forth therein, to provide certain of the Debtors with debtor in possession financing in a total amount of $4.475 billion. Accordingly, the TCEH DIP Lenders have a significant economic interest in the efficient administration of these cases. For the reasons discussed herein and in the Objection, the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ACTIVE/ 75498714.1

TCEH DIP Agent, on behalf of the TCEH DIP Lenders, supports the Debtors' decision to file and maintain these cases in this Court.

2. With twenty-one of the Debtors, including TCEH and EFIH, domiciled in Delaware, there is no question that these cases were properly filed in this District. WSFS does not dispute this fact. Instead, WSFS seeks to set aside the Debtors' choice of venue, which is to be accorded great deference,[2] and transfer these cases to Texas because "the interests of justice" and/or "the convenience of the parties" so demands. WSFS' motion should be denied.

3. As discussed in detail in the Objection, the Debtors filed these cases primarily to restructure their balance sheet, not to restructure their operations or to liquidate their assets. Indeed, with first day motions to pay certain general unsecured claims and assume a number of contracts relating to the Debtors' customers, employees, retirees, ERCOT, and electricity transmission and distribution service providers, the Debtors ensured the smooth continuation of their businesses. Given the constituencies implicated thereby, approval of such motions on a final basis will eliminate many (if not all) of the issues that might otherwise weigh in favor of a Texas forum.

4. Moreover, transferring these cases to Texas would impose substantial costs on the Debtors' estates without offering any concomitant benefits. As discussed in the Objection, the Debtors' creditors, the arrangers for the Debtors' postpetition financings, and the key professionals in these cases are located primarily in the Northeast, making Delaware far more convenient than Texas to those parties that will participate actively in these cases. Transferring these cases to Texas would saddle the estates with an enormous and unnecessary administrative expense burden as stakeholders and their representatives will need to travel to and

---

[2] See, e.g., In re Del. & Hudson Ry. Co., 96 B.R. 467, 467 (Bankr. D. Del. 1988) ("When venue is proper, the debtor's choice of forum is entitled to 'great weight.'").

from Texas on a regular basis. Maintaining venue in this District will thus promote the economic and efficient administration of these cases.

5. Accordingly, for the reasons set forth herein and in the Objection, the TCEH DIP Agent respectfully submits that transferring these cases to Texas would neither further the interests of justice nor advance the convenience of the parties.

WHEREFORE, the TCEH DIP Agent respectfully requests that the Court (i) deny the relief requested in WSFS' motion and (ii) grant such other and further relief as the Court may deem just.

Dated: May 19, 2014

**DRINKER BIDDLE & REATH LLP**

/s/ Howard A. Cohen
Howard A. Cohen (DE 4082)
222 Delaware Ave., Ste. 1410
Wilmington, Delaware 19801-1621
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

MILBANK, TWEED, HADLEY & McCLOY LLP
Dennis F. Dunne
Evan R. Fleck
Karen Gartenberg
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for the TCEH DIP Agent*