## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 5, 225, 391 |
| | ) | |

## JOINDER OF THE AD HOC COMMITTEE OF TCEH FIRST LIEN CREDITORS TO THE DEBTORS' OBJECTION TO THE MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO 28 U.S.C. §§ 1408 & 1412 AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO TRANSFER CASES TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors (as defined below) (the "Ad Hoc Committee of TCEH First Lien Creditors"), by and through its undersigned counsel, hereby joins in the *Debtors' Objection to the Motion of Wilmington Savings Fund Society, FSB Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Northern District of Texas* [Docket No. 391] (the "Objection") and respectfully states as follows:

1.      The members of the Ad Hoc Committee of TCEH First Lien Creditors hold or manage, in the aggregate, more than $11.5 billion of first lien senior secured claims against Texas Competitive Electric Holdings Company LLC and certain of its subsidiaries that are debtors and debtors-in-possession in the above-captioned cases (the "TCEH Debtors").

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

Accordingly, the Ad Hoc Committee of TCEH First Lien Creditors is the largest and among the most important organized creditor constituencies in these chapter 11 cases.

2.      As set forth in the Objection, Wilmington Savings Fund Society, FSB ("Wilmington Savings") falls woefully short of carrying its burden to demonstrate that transferring these chapter 11 cases to the Northern District of Texas would serve the "interests of justice" or the "convenience of the parties."  Setting aside the irony that *Wilmington* Savings seeks to move these cases from *Wilmington* to the Northern District of Texas ostensibly in the interests of "convenience," the principal parties in these chapter 11 cases, including the Debtors and their largest creditor constituencies (almost all of whom are located in the northeast portion of the United States), oppose Wilmington Savings' motion.  Moreover, none of the Debtors' *Texas*-based regulators—whom Wilmington Savings highlights as being "vitally interested" in the Debtors' reorganization—have requested to move these chapter 11 cases to Texas.  Their silence speaks volumes.

3.      Far from serving the interests of justice, transferring the Debtors' chapter 11 cases would only delay their restructuring efforts, thereby burdening the estates with additional administrative costs and enhancing the risk of degradation to the Debtors' hyper-competitive and retail-focused business.  This is clearly not in the best interests of the Debtors' estates.  While certain out-of-the-money creditors for whom Wilmington Savings acts as trustee may perceive an opportunity in prolonging the Debtors' chapter 11 cases through wasteful litigation tactics (or, at the very least, do not seem concerned with saddling the Debtors' estates with the additional associated costs that such creditors will not ultimately have to bear), the Court should not countenance such a result.  Indeed, the restructuring support agreement between the Debtors and certain of their largest creditors, including various members of the Ad Hoc Committee of TCEH

First Lien Creditors, is premised on the Debtors' expeditious emergence from chapter 11 protection for this very reason—to provide a framework that avoids the costs and potential business degradation associated with prolonged and uncertain chapter 11 cases.  Transferring these chapter 11 cases at this critical stage could ultimately endanger the Debtors' heavily negotiated and largely consensual restructuring by introducing delay, additional cost and uncertainty into these chapter 11 cases for no apparent reason.  Such a dramatic turn of events would hardly further the "interests of justice" or the "convenience of the parties."

*[Remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors hereby joins in the Objection and respectfully requests that this Court (i) deny the relief sought in the Motion of Wilmington Savings Fund Society, FSB Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Northern District of Texas and (ii) grant such other relief as it deems just and proper.

Dated: May 19, 2014
      Wilmington, Delaware

*/s/ Ryan M. Bartley*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M .Bartley (Bar No. 4985)
Andrew L. Magaziner (Bar No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Andrew J. Ehrlich (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*