IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         :   Chapter 11
*In re*                                                  :
                                                         :   Case No. 14-10979 (CSS)
Energy Future Holdings Corporation, *et al*.,            :
                                                         :   Jointly Administered
Debtors.[1]                                              :
                                                         :   Re: D.I. 6, 7, 226
                                                         :
                                                         :   Status Conference: May 22, 2014 at 9:30 a.m.
---------------------------------------------------------x

# EFH EQUITY OWNERS' OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004

Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., and Goldman, Sachs & Co.[2], on behalf of themselves and affiliates holding direct or indirect equity interests in Energy Future Holdings Corp. (collectively, the "EFH Equity Owners"), as well as associated individuals who serve as directors of EFH or other Debtors[3] (together with the EFH Equity Owners, the "Objectors"), respectfully submit this Objection and Reservation of Rights in response to the *Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy*

---

[1] The last four digits on Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The Trustee identifies "GS Capital Partners" as a member of the "Sponsor Group." There is no entity named "GS Capital Partners." Goldman, Sachs & Co., which is separately identified as a discovery target of the Trustee in the Rule 2004 Motion, is the investment manager of certain funds that hold direct or indirect equity interests in EFH. Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. and Goldman, Sachs & Co. are separate entities from the funds that they each manage and are responding together with those funds solely for convenience.

[3] This Objection and Reservation of Rights is submitted on behalf of the following individuals who serve as directors of EFH or other Debtors: Brandon A. Freiman, Jonathan D. Smidt, David Bonderman, Michael G. MacDougall, Kenneth A. Pontarelli, Scott L. Lebovitz, and Thomas D. Ferguson.

*Future Holdings Corporation, its Affiliates, and Certain Third Parties* [D.I. 6] (the "Rule 2004 Motion") and the *Limited Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties* [D.I. 226], and state as follows[4]:

**INTRODUCTION**

1. After more than a year of intense and difficult negotiations, the Debtors filed these cases on April 29, 2014 following agreement among major stakeholders on a global restructuring, which will include a significant deleveraging of EFIH and the separation of TCEH from EFH via a tax-free spin-off. In connection with the global restructuring, the EFH Equity Owners will retain less than 1% of the equity in the reorganized EFH, and first lien creditors of TCEH will receive 100% of the equity in the reorganized TCEH. The EFH Equity Owners strongly support the global restructuring as being in the best interests of the Debtors and their creditors, and they have devoted substantial time and effort to helping the Debtors achieve it.

2. The EFH Equity Owners recognize that junior creditors of TCEH, including second lien lenders and unsecured creditors, have a legitimate interest in conducting targeted due diligence regarding the restructuring and related valuation issues. Accordingly, the EFH Equity Owners would not object to a reasonable, coordinated process — governed by applicable rules — that would permit creditors to request relevant information from the Debtors and, if necessary, from third parties.

3. The Rule 2004 Motion, however, does not propose a reasonable, coordinated process and does not comply with applicable rules. By its terms, the Rule 2004

---

[4] Unless otherwise defined, defined terms have the same meanings as in the Rule 2004 Motion.

Motion seeks entry of an order that appears to compel the Debtors, their directors, EFH Equity Owners and TCEH first lien lenders to produce — within 14 days — essentially every document that exists relating to the Debtors for an almost seven-year period. The motion draws no distinction between discovery from the Debtors and discovery from third parties; it proposes a facially impossible schedule for production of documents, without distinguishing between plan-related issues and issues that may arise earlier in the case; and it says nothing about coordination with a creditors' committee or anyone else. While it is sometimes said that Rule 2004 permits "fishing expeditions," what is proposed here is to scour the Pacific Ocean, in a matter of days, in search of any and all fish regardless of the size, shape or species.

4.  Rather than parsing the Trustee's wide-ranging requests, this Court need only require the movants to adhere to applicable rules and employ some common sense. As a starting point, in compliance with Rule 2004-1 of this Court's Rules, the movants should be required to meet and confer with proposed examinees. To avoid duplication and undue burden, the Trustee and the Ad Hoc Group of TCEH Unsecured Noteholders should also be required to coordinate with the Official Committee of Unsecured Creditors, and to seek discovery from third parties only if relevant information cannot be obtained from the Debtors. In sum, as the Debtors have proposed, all relevant parties should work on a protocol aimed at focusing discovery on key issues, avoiding duplication and proceeding on a rational schedule.

5.  Moreover — and importantly — any order entered by the Court at this stage regarding Rule 2004 discovery should make clear that it is *not* compelling production of particular documents or witnesses. Instead, consistent with the text of Rule 2004 and applicable case law, the order should simply authorize the issuance of subpoenas, while expressly confirming that all rights and protections afforded by Bankruptcy Rule 9016 (and Federal Rule

of Civil Procedure 45) are fully preserved. Preserving the rights of third parties under Bankruptcy Rule 9016, including all objections relating to timing and scope of discovery, is essential in these circumstances to ensure that Rule 2004 is not used as an *in terrorem* device to extract value by threatening to impose massive discovery costs on the estate and third parties.

## **OBJECTION AND RESERVATION OF RIGHTS**

6.  In this District, Rule 2004 motions may not be filed absent an attempt to meet and confer with the proposed examinee. Under Local Bankruptcy Rule 2004-1, "[p]rior to filing a motion for examination or for production of documents under Fed. R. Bankr. P. 2004, counsel for the moving party shall attempt to confer (in person or telephonically) with the proposed examinee or the examinee's counsel (if represented by counsel) to arrange for a mutually agreeable date, time, place and scope of an examination or production." Here, counsel for the Trustee made no attempt to confer with counsel for the EFH Equity Owners before filing the Rule 2004 Motion; instead, the motion was filed precipitously just hours after the Debtors' cases were filed. Although the Trustee claims that it sought to "obtain reasonable, targeted diligence from the Debtors" prior to the petition date (Motion ¶ 46), that assertion has no bearing on the discovery requests directed at the EFH Equity Owners, which are entirely new. Accordingly, the Rule 2004 Motion is defective at the threshold because the Trustee failed to comply with this Court's Rule 2004-1.

7.  Furthermore, by asking the Court to compel the immediate production of witnesses and voluminous documents, the Rule 2004 Motion threatens to deprive the EFH Equity Owners and other parties of the rights and protections afforded by the Bankruptcy Rules and applicable law. By its terms, Rule 2004 contemplates a two-step process for obtaining discovery. Subsection (a) provides that a party must first make a motion requesting the Court to

order an examination. *See* Fed. R. Bankr. P. 2004(a) ("On motion of any party in interest, the court may order the examination of any entity."). Subsection (c) then provides that once an examination has been ordered, compelling attendance of a non-debtor entity for an examination or for the production of documents is to be accomplished using the procedures in Bankruptcy Rule 9016. *See* Fed. R. Bankr. P. 2004(c) ("The attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.").

        8.      Bankruptcy Rule 9016, in turn, incorporates all of the substantive and procedural requirements and protections of third parties subject to subpoena under Federal Rule of Civil Procedure 45. Rule 45 provides, for example, that a person subject to a subpoena is entitled to object, and that no specific or general objections are required until after the subpoena has been authorized, issued, and served. *See* Fed. R. Civ. P. 45(d)(2)(B) ("A person commanded to produce documents or tangible things or to permit inspection may serve . . . a written objection . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). In addition, Rule 45 provides that a party "issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that the recipient of the subpoena may object on the basis, for example, that it fails to allow a reasonable time to comply, or requires disclosure of privileged information or other protected materials. Fed. R. Civ. P. 45(d).

        9.      "Pursuant to these rules, when a party in interest obtains an order compelling an entity other than the debtor to be examined, the party should obtain a subpoena and serve it with the order." 8 *Norton Bankruptcy Law and Practice* § 163:72 (3d ed. 2014); *see also, e.g.*, *In re Aston-Nevada Ltd. P'ship*, 391 B.R. 84, 105 n.36 (Bankr. D. Nev. 2006) ("Rule

2004(c) . . . require[s] those who wish to compel the production of documents to issue or obtain a subpoena for such documents in accordance with Bankruptcy Rule 9016 (which incorporates Rule 45 of the Federal Rules of Civil Procedure)."), *aff'd*, No. 06 Civ. 00141 (D. Nev. Feb. 28, 2008), *vacated on other grounds*, 409 F. App'x 107 (9th Cir. 2010); *Raynor v. Greenlight Capital Qualified, L.P.*, 2008 WL 2224897, at *4 (Bankr. D. Neb. May 23, 2008) ("[T]he law require[s] a subpoena to be served upon [the examinee] prior to his being required to take any action" pursuant to an order authorizing a Rule 2004 examination).  Once a valid subpoena is served, a recipient may then object to the subpoena under Rule 45. *See In re Town Sky, Inc.*, 2011 WL 6833950, at *1-2 (Bankr. N.D. Cal. Dec. 27, 2011) (sustaining objections to subpoena authorized under Rule 2004); *In re Smith*, 2010 WL 5420264, at *2 (Bankr. D.D.C. Dec. 23, 2010) ("An entity may . . . seek to quash or modify an otherwise permissible Rule 2004 subpoena."); *In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 253-65 (Bankr. S.D.N.Y. 2005) (partially denying motion to compel production of documents under subpoena previously authorized under Rule 2004).

10. As filed, the Rule 2004 Motion and proposed order appears calculated to deprive the EFH Equity Owners of their rights, under Bankruptcy Rule 9016, to object to subpoenas that are issued or particular aspects of such subpoenas. The Rule 2004 Motion requests that the Court issue an order "*requiring* the production of documents from the Rule 2004 Parties responsive to the document requests" and "*requiring* the Rule 2004 Parties to submit to examination under oath by the Trustee." Motion at 33 (emphasis added). The proposed order, which is attached to the motion as Exhibit A, then provides that "each of the 2004 Parties, respectively, *shall produce* to the Trustee the documents requested in the schedules attached to the Motion *on or before the fourteenth day* following entry of this Order." Proposed

6

Order at 2 (emphasis added).  The proposed order further provides that "the 2004 Parties *shall* be available for depositions by the Trustee on at least five (5) days' prior written notice made to counsel." *Id*. (emphasis added).  As explained above, however, Rule 2004 is not intended to deprive third parties of the rights and protections afforded by Bankruptcy Rule 9016.  Accordingly, if the Court authorizes discovery here, it should be careful not to suggest that it has predetermined the scope and timing of that discovery — rather, as in other cases, any order should confirm that all "rights to object to . . . discovery requests authorized by [the Rule 2004] Order are preserved."  *In re Rural/Metro Corp.*, No. 13-11952 (KJC) (Bankr. D. Del. Oct. 24, 2013) [D.I. 546], at 3 (Rule 2004 order); *accord, e.g.*, *In re Anderson News, LLC*, No. 09-10695 (CSS) (Bankr. D. Del. Apr. 20, 2010) [D.I. 314], at 2 (approving Rule 2004 motion subject to "the right of non-debtors to object in accordance with applicable law to any subpoena that may be served"); *In re Enron Corp.*, 2002 WL 32156064, at *3 (Bankr. S.D.N.Y. Sept. 12, 2002) (Rule 2004 order providing that all objections "under Bankruptcy Rule 9016, other applicable Bankruptcy Rules, the Local Bankruptcy Rules or applicable non-bankruptcy law . . . are expressly preserved").

        11.     The express preservation of the Objectors' rights under Bankruptcy Rule 9016 is particularly important here due to the extraordinary breadth of the discovery requested and the impossible timeframe for compliance.  Schedules 2 and 3 to the Rule 2004 Motion, which consist of document requests for the Debtors' directors and the EFH Equity Owners, include dozens of exceptionally broad, overlapping requests.  Among other examples, the Trustee is requesting "[a]ll documents concerning valuation of the Debtors' assets or businesses" (Sch. 2, No. 22; Sch. 3, No. 17); "[a]ll documents reflecting any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor" (Sch. 2, No. 16; Sch. 3,

7

No.11); and "[a]ll documents reflecting discussions as to any restructuring of the Debtors" (Sch. 3, No. 4). The requests purport to reach back to October 10, 2007 (Schs. 2 & 3, Instruction 14), even as the proposed order would require production within a mere 14 days. This timetable is not just plainly infeasible, it is wholly unnecessary to the extent the movants are seeking discovery regarding valuation and other plan-related issues.

12. In addition, many of the discovery requests directed at the EFH Equity Owners and board members involve documents that are most readily obtained from the Debtors. For example, the Trustee has requested that the EFH Equity Owners and the Debtors' directors produce documents relating to the Debtors' cash management system, intercompany liabilities and prepetition secured debt. *See* Sch. 2, Nos. 28-30; Sch. 3, Nos. 23-25. There is no sound basis for the Trustee to seek this kind of information about the Debtors' business and assets from third parties. *See In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (Rule 2004 examination "should not encompass matters that will be unduly burdensome to the [examinee] and duplicative of previously furnished information"). As in the case of any subpoena, the EFH Equity Owners and associated individuals should have the opportunity to object to document requests on the basis that they are duplicative and unduly burdensome.

13. Finally, this case is only weeks old and it was only hours old when the Rule 2004 Motion was filed. In the circumstances, it is highly likely that other parties will wish to take discovery that overlaps with the Rule 2004 Motion. Indeed, since the filing of the Rule 2004 Motion, creditors of EFIH have sought discovery from the EFH Equity Owners,[5] and it can be expected that the Official Committee of Unsecured Creditors will wish to conduct discovery as well. There is no reason to permit one subset of creditors to rush forward with discovery that

---

[5] The EFH Equity Owners and their advisors have worked diligently to produce documents on an expedited basis in connection with the Debtors' motion for approval of debtor-in-possession financing at EFIH.

will likely be pursued by a statutory committee and others, especially when much of the discovery sought involves plan-related issues. To avoid piecemeal and duplicative discovery, and to ensure that discovery proceeds in a reasonable and coordinated fashion, the Trustee and the Ad Hoc Group of TCEH Unsecured Noteholders should in all events be directed to coordinate with the Official Committee of Unsecured Creditors and other creditors that wish to conduct Rule 2004 examinations. *See, e.g.*, *Anderson News*, No. 09-10695 [D.I. 314], at 2-3 (deferring responses to subpoenas until after a conference intended to address coordination among parties "to avoid a duplication of effort as much as possible"); *In re Enron Corp.*, 2002 WL 32156064, at *1, 2 (requiring movants to "coordinate" on Rule 2004 discovery "to the fullest extent practicable"). The Objectors thus support the Debtors' efforts to introduce a discovery protocol aimed at avoiding duplication and unnecessary burden and cost.

WHEREFORE, for the reasons set forth above, the Objectors respectfully object to the Rule 2004 Motion and request that any order permitting Rule 2004 discovery: (i) require the Trustee and other proponents of discovery to meet and confer with the Objectors prior to issuance of subpoenas, (ii) confirm that any subpoenas issued pursuant to Bankruptcy Rule 2004 will be subject to the procedures and protections of Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45 incorporated therein, (iii) confirm that the Objectors' rights to respond and object to discovery requests are fully preserved, and (iv) direct that parties seeking Rule 2004 discovery coordinate with one another to the maximum extent possible and avoid duplication and undue burden.

Wilmington, Delaware
Dated:  May 19, 2014

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Derek C. Abbott (No. 3376)
Erin R. Fay (No. 5268)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware  19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel to Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. and Associated Individuals*

-and-

ABRAMS & BAYLISS LLP

*/s/ John M. Seaman*
Kevin G. Abrams (No. 2375)
John M. Seaman (No. 3868)
20 Montchanin Road, Suite 200
Wilmington, DE  19807
Telephone: (302) 778-1000
Facsimile:  (302) 778-1001

*Counsel to Goldman, Sachs & Co. and Associated Individuals*

-and-

WACHTELL, LIPTON, ROSEN & KATZ
Richard G. Mason  (admitted *pro hac vice*)
John F. Lynch  (admitted *pro hac vice*)
Emil A. Kleinhaus  (admitted *pro hac vice*)
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Counsel to Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., Goldman, Sachs & Co. and Associated Individuals*