## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Status Conference Date: May 22, 2014 at 9:30 a.m.** |
| | **Re: D.I. 6, 7, 8, 203, 226, 417** |

## DEBTORS' STATUS REPORT IN REFERENCE TO WILMINGTON SAVINGS FUND SOCIETY, FSB'S MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OF ENERGY FUTURE HOLDINGS CORPORATION, ITS AFFILIATES, AND CERTAIN THIRD PARTIES [D.I. 6]

In reference to *Wilmington Savings Fund Society, FSB's Motion for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, Its Affiliates, and Certain Third Parties* (the "2004 Motion") [D.I. 6], the above-captioned debtors and debtors in possession (collectively, the "Debtors") file this Status Report to apprise the Court of the Debtors' significant and diligent efforts to respond expeditiously to the numerous and wide-ranging requests for discovery from the various creditor constituencies in this matter.[2] In light of the scope and magnitude of the discovery requests at issue, and in order to facilitate a continued process for discovery that will allow the Debtors to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Debtors reserve the right to file a Response in Opposition to the 2004 Motion in advance of a full hearing on that motion, and further reserve the right to assert specific Objections and Responses to the discovery sought in connection with the 2004 Motion.

respond to these and other requests in a coordinated, efficient, and timely manner, the Debtors intend to propose for the Court's consideration a coordinated discovery process.

As described below, the Debtors have already begun to review and produce documents responsive to many of the requests received to date. In fact, the Debtors have already produced nearly 9,000 documents and more than 100,000 pages of responsive materials to various creditor constituencies, have produced two witnesses for deposition and have two others scheduled to be deposed in the next week. The 2004 Motion, however, seeks to impose an unnecessary and untenable burden on the Debtors by demanding discovery outside of a coordinated process that would duplicate and interfere with the significant and comprehensive process that is already underway.

Specifically, the 2004 Motion propounds 54 document requests that would purport to cover virtually every document or piece of paper in the Debtors' possession, and 38 deposition examination topics — all on an expedited schedule. Standing alone, the discovery sought by the 2004 Motion is overly broad and unduly burdensome, and especially so when considered in conjunction with the numerous, ongoing discovery requests to which the Debtors are in the process of responding. Most importantly, however, the vast majority of the discovery sought in the 2004 Motion relates to Confirmation issues, and as such, should be dealt with in the context of a single, coordinated Confirmation discovery process.

The Official Committee of Unsecured Creditors — a constituency that will almost certainly pursue information on topics very similar to those addressed in the 2004 Motion — was appointed this past week, and the Debtors have already begun to coordinate with them and the other TCEH creditor constituencies regarding establishing an efficient process to respond to discovery requests. The Debtors plan to file their Disclosure Statement by June 13, 2014, which

will provide the longer-term roadmap for the Confirmation process, and thus a structure for an efficient and expeditious response to these Confirmation-related requests. The 2004 Motion discovery can and should be addressed in that coordinated process to allow the Debtors (and other affected parties) to respond to these numerous requests in the most expeditious manner possible. Accordingly, the Debtors respectfully request that before scheduling the 2004 Motion for hearing, the Court allow the parties to continue their meet-and-confer efforts regarding a more coordinated discovery process going forward.[3]

## STATUS REPORT ON ONGOING DISCOVERY EFFORTS

1.      Since filing their chapter 11 petitions less than two weeks ago, the Debtors have received the 54 document requests and 38 deposition topics in the 2004 Motion, as well as almost 100 formal and informal document requests, deposition notices, and other requests for information. Many of these other requests relate to matters at issue either at the May 22-23, 2014 hearing concerning Wilmington Savings Fund Society, FSB's ("WSFS") motion to transfer venue or to motions slated to be heard at the Second-Day Hearing on June 5-6, 2014. The requests received by the Debtors to date cover a broad spectrum of topics, including — *among many others* — essentially all of the Debtors' negotiations relating to first and second lien debtor-in-possession financing at EFIH; the current operative business plan for the Debtors; the negotiations of the proposed EFIH settlements; negotiations with Fidelity concerning its

---

[3] Notably, and as is evident by its filing the 2004 Motion on April 29, 2014, just minutes after the Debtors filed their chapter 11 Petition, WSFS failed to follow Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") because WSFS did not attempt to meet and confer prior to filing its Motion. The parties have made and will continue to make concerted efforts to meet and confer to resolve issues as they arise and to implement a coordinated discovery effort. WSFS's 2004 Motion should not be permitted to undermine these coordinated efforts, particularly where it failed to comply with the meet-and-confer requirement of Local Rule 2004-1.

recoveries across the EFH capital structure; the negotiation history of the EFIH First and Second Lien Indentures; and TCEH debtor-in-possession financing and cash collateral order.

2.      The Debtors have undertaken significant efforts to work directly and expeditiously with various creditor constituencies in prioritizing, coordinating and responding to these formal and informal requests.  These requests can be generally viewed in five broad categories: (A) venue; (B) TCEH and EFIH DIP financing; (C) certain operational motions to be heard at the Second Day Hearing; (D) topics related to the EFIH makewhole litigation; and (E) Confirmation-related discovery generally.  The Debtors provide a summary of the discovery efforts undertaken to date in each of these categories below.

**A)      <u>Venue-Related Requests</u>**

3.      On May 7, 2014, WSFS served the Debtors with 15 document requests regarding venue.  (5/7/2014 WSFS's Req. for Produc. of Doc. to the Debtors, D.I. 378).  That same day, WSFS served on the Debtors a Rule 30(b)(6) Notice of Deposition, as well as deposition notices for Stacey Doré and Paul Keglevic.

4.      Within six days, on May 13, 2014, the Debtors served Responses and Objections to WSFS's document requests and began producing responsive documents.  The Debtors continued to make additional productions on a rolling basis.  (*See* 5/13/14 Notice of Service of "Debtor's Responses and Objections to [WSFS] Req. for Doc. Concerning Venue [D.I. 424].) The Debtors also agreed to make witnesses available to testify and further agreed to produce a list reflecting the litigation to which the Debtors are a party.  EFH General Counsel and Co-Chief Restructuring Officer Stacey Doré appeared for deposition on Thursday, May 15, 2014 and EFH Chief Financial Officer and Co-Chief Restructuring Officer Paul Keglevic appeared on Monday, May 19, 2014, in connection with these requests.

**B)**     **Second Day TCEH- and EFIH-Side Financing-Related Requests**

5.     On May 2, 2014, counsel for the Ad Hoc Group of TCEH Unsecured Creditors (the "TCEH Group") served 64 separate document requests on the Debtors, including requests for information related to TCEH financing, as well as a 30(b)(6) deposition notice advancing 17 distinct topics of examination on a range of issues.   (*See* 5/5/14 Notice of Service of Ad Hoc Group of Unsecured Noteholders' Req. for Produc. of Doc. to the Debtors [D.I. 344].)  Based upon the Debtors' discussions with the TCEH Group regarding these requests, counsel for the TCEH Group narrowed and/or prioritized these requests to those focusing on Second Day Hearing issues, leaving for later discovery the significant number of Confirmation-related requests, including those related to valuation, intercompany issues, and tax-related topics.

6.     On May 5, 2014, the Indenture Trustee for the EFIH Second Lien Notes and an ad hoc group of EFIH Second Lien Noteholders submitted three broad document requests to the Debtors and other parties, including the EFH equity owners, requesting (a) all communications concerning the Restructuring Support Agreement; (b) all plan of reorganization documents; and (c) all drafts of the Restructuring Support Agreement.

7.     On May 8, 2014, counsel for CSC Trust Company of Delaware, as the indenture trustee to the EFIH first lien notes, and as collateral trustee for the collateral securing the EFIH first lien and second lien notes, submitted an informal discovery request to the Debtors and other parties containing seven broad requests for production. In short, CSC Trust Company sought ***all documents*** relating to the EFIH-side Debtor-in-Possession Financing negotiations.

8.     In response to these requests, the Debtors promptly engaged in meet-and-confer discussions to coordinate their response efforts and prioritize the responses to the requests that related to Second Day Hearing issues and then immediately began efforts to review potentially

responsive documents.    To that end, the Debtors have collected and searched multiple shared and hard drive repositories, and email custodians at the Company.  The Debtors also collected potentially responsive documents from certain Debtor advisors who had a role in negotiating that financing, including from Kirkland & Ellis LLP, Evercore, and Alvarez & Marsal.

9.    On May 13, 2014, the Debtors began rolling productions of materials responsive to the prioritized requests.  (*See* Notice of Service of "Debtors Resp. and Obj. to Ad Hoc Group TCEH Unsecured Noteholders Req. for Production of Documents" [D.I. 455].)  The Debtors have also agreed to make EFH CFO and Co-CRO Paul Keglevic available for deposition as the designee on a number of the TCEH Group's 30(b)(6) topics on May 28, 2014, and to make Evercore Managing Director Stephen Goldstein available for deposition on May 27, 2014.  The Debtors are continuing to review and produce documents as expeditiously as possible in response to these requests.

10.    The Debtors have also endeavored to conduct broad searches and review potentially responsive documents in response to informal document requests of the Indenture Trustees to the EFIH First and Second Lien Notes.  The Debtors made an initial production on May 16, 2014, and will continue to produce documents on a rolling basis going forward.  EFH's equity owners likewise made substantial a document production to the EFIH Indenture Trustees beginning on May 15, 2014, as have other creditors who received the informal document requests.

C)    **Second Day Operational Motions-Related Requests**

11.    On May 8, 2014, the TCEH Group sought the production of information on five specific operational motions on an expedited basis:  Cash Collateral Motion; Cash Management Motion; Debtor-in-Possession Financing Motion; Hedging and Trading Motion; and Joint

Administration Motion.  The Debtors began producing materials responsive to these requests within five days, on May 13, 2014.  The Debtors also agreed to make Paul Keglevic available for deposition on May 28, 2014, on topics relating to these Motions.

12.    It is worth noting that, in addition to discovery requests directed to the Debtors, various creditor constituencies have and likely will continue to propound requests on other parties, such as the EFH equity owners and certain creditors that support the RSA.  To avoid duplication and unnecessary cost, the Debtors submit that discovery directed at such third parties should be coordinated with an overall plan for discovery directed at the Debtors.  For example, as noted above, EFIH secured creditors have already made discovery requests of the EFH equity owners and certain creditors.  Those parties have participated with the Debtors in meet-and-confer calls and, along with the Debtors, have produced documents on an expedited basis in response to requests.

### D)    EFIH-Side Makewhole Litigations Requests

13.    The EFIH First Lien Indenture Trustee served informal discovery concerning their supposed entitlement to a so-called makewhole premium on May 8, 2014.  Even though the litigation involves consideration of only a handful of clear and unambiguous terms in the loan documents governing the EFIH First Lien debt, the Indenture Trustee requested *all documents* relating to *all negotiations* relating to the EFIH First Lien Notes, as well as several additional tranches of debt.  After meeting and conferring with counsel for the Indenture Trustee to attempt to narrow these requests, the Debtors are working diligently to review and produce documents and other information on an expedited basis.

E)      **Confirmation-Related Requests**

14.     In addition to WSFS's 54 document requests and 38 deposition topics in the 2004 Motion on plan Confirmation issues, several other parties also have served requests that fall within this category.  To date, the Debtors have met and conferred with these parties to prioritize those requests that relate to matters that will be before the Court in the near term (*i.e.,* requests related to venue and to operational motions to be heard at the Second Day Hearing).  Now that the Official Committee of Unsecured Creditors has been appointed, the Debtors will continue their previous efforts to coordinate discovery as to these longer term issues with both counsel for the Committee, as well as counsel for the other requesting parties, including WSFS.

## PROPOSAL FOR ONGOING DISCOVERY

15.     The numerous and wide-ranging requests that have been served to date — a mere three weeks into these cases — makes clear the need for a ***coordinated*** discovery process, among the Debtors and all creditors seeking discovery, including WSFS, the EFIH First and Second Lien Noteholders, the TCEH Group, and the newly-appointed Official Committee of Unsecured Creditors.  That effort is already well underway, and the Debtors intend to pursue a coordinated response to the longer-term topics at issue (such as those propounded by WSFS in its 2004 Motion) with the same diligence and speed as it has applied to the more near-term topics.

16.     The large majority of the 2004 Motion discovery relates to Confirmation issues, including valuation (*see* Req. Nos. 4-9, 13-26, 39-40, 43-44, 53; Exam. Topic Nos. 2-3, 9, 11-13, 16-17, 23-24, 27-28), restructuring (*see* Req. Nos. 10-11, 49; Exam. Topic No. 1), intercompany claims (Req. Nos. 12, 27, 28-30, 51; Exam Topic Nos. 10, 14-15), taxation (*see* Req. Nos. 41-42, 45-48); Exam Topics 25-26, 30-32), alleged and/or potential conflicts between the Debtors, and other entities (*see* Req. Nos. 36-38; Exam. Topics Nos. 20-22).  As such, the discovery sought in

connection with the 2004 Motion can and should be addressed in the context of a single, coordinated, Confirmation discovery process.

17.    The Debtors look forward to continuing their diligent efforts to respond expeditiously to all discovery requests in this matter, including those propounded by WSFS in the 2004 Motion.  The Debtors respectfully submit, however, that all such efforts should occur within a coordinated and efficient process in order to maximize the use of the Debtors' assets and resources in responding to these requests, as well as to facilitate the provision of responsive information to the requesting parties as quickly and directly as possible, relative to the topics at issue in those requests.

## CONCLUSION

18.    For the foregoing reasons, the Debtors respectfully request that the Court allow the parties to continue their meet-and-confer efforts regarding a more coordinated discovery process before scheduling the 2004 Motion for hearing.

*[Remainder of page intentionally left blank.]*

RLF1 10326039v.1

Dated:  May 20, 2014
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         richard.cieri@kirkland.com
               edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini  (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

RLF1 10326039v.1