IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2014 MAY 21  AM 10: 38
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 553 |

**DEBTORS' RESPONSE TO THE STATEMENT OF THE EFIH FIRST LIEN INDENTURE TRUSTEE CONCERNING THE MAY 22, 2014 STATUS CONFERENCE**

The above-captioned Debtors submit this response to the statement of the EFIH First Lien Indenture Trustee (the "Trustee") seeking a status conference on May 22, 2014 concerning, among other things, the EFIH First Lien DIP Motion, the EFIH First Lien makewhole litigation, and a related, automatic-stay dispute.[2] In short, the Debtors request that the Court deny the Trustee's request to adjourn the June 5 hearing on the EFIH First Lien DIP Motion, as any delay would force the Debtors to pay millions of dollars in additional above-market interest expense that would otherwise be cut off upon the EFIH First Lien Notes' repayment.

The Debtors also ask for the Court's help in setting a schedule for the makewhole litigation with the Trustee. The Trustee proposes a six-month schedule—more than twice as long as similar makewhole litigations have taken in this district and elsewhere—as leverage to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] It is not clear to the Debtors that the Court welcomed the opportunity for a status conference about the scope of relief for the June 5 hearing, or that the Trustee's submission—a "statement," not a motion, filed in the late hours of last night—is the proper vehicle to raise these issues, but the Debtors nonetheless respond to ensure that the record is complete.

RLF1 10331569v.1

hold up other parts of EFIH's restructuring. This extended timeline is neither necessary nor justified by the scope of the issues being litigated. The Debtors, instead, ask that the Court schedule a trial on the availability of a makewhole premium for early August of this year.

I.  **The Court Should Approve The EFIH Debtors' First Lien DIP And Motion To Repay The First Lien Noteholders At The June 5 Hearing.**

On April 29, 2014, the Debtors filed a straightforward motion seeking Court approval to repay the EFIH First Lien Notes, which were accelerated by EFIH's bankruptcy filing, with the proceeds of the heavily negotiated EFIH First Lien DIP Facility, which has a significantly lower interest rate than the existing First Lien notes.[3] In response, late last night, the EFIH First Lien Indenture Trustee submitted a "statement" in which they claimed that "there is no means to adjudicate the requested relief [in that motion] two weeks' hence."[4] Neither that brief nor the preliminary objection that the Trustee filed last week suggest that repayment of the EFIH First Lien Notes, which have been accelerated by EFIH's bankruptcy filing, would be improper. Neither gives any good reason to believe that the EFIH First Lien DIP Facility should not be approved. And neither mentions the discovery that the Debtors have already provided the EFIH First Lien Noteholders and Trustee in connection with their motion.[5] In fact, as the Debtors

---

[3] *See Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc., for Entry of (i) an Interim Order (a) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (b) Scheduling a Final Hearing; and (ii) a Final Order (a) Approving Postpetition Financing, (b) Granting Liens and Providing Superpriority Administrative Expense Claims, (c) Authorizing the Use of Cash Collateral, (d) Authorizing the EFIH First Lien Refinancing, (e) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (f) Determining the Value of Secured Claims, and (g) Modifying the Automatic Stay* (April 29, 2014) [D.I. 74] (the "EFIH First Lien DIP Motion").

[4] *Statement of CSC Trust Company of Delaware as Indenture Trustee Regarding Status Conference May 22, 2014* at 1 (May 20, 2014) [D.I. 553] ("Trustee Statement").

[5] *See Preliminary Objection of CSC Trust Co. of Delaware, as Indenture Trustee, to Debtors' Mot. to Approve First-Lien Post-Petition Financing, Redeem First Lien and Second Lien Notes, and Determine Secured Claims* (May 13, 2014) [D.I. 421] ("Preliminary Objection").

2

explained in their discovery status report, the Trustee has had significant document discovery from the Debtors for nearly a week, and other constituencies have also produced materials responsive to their requests.

The Trustee devotes much of its statement to arguing that the entire EFIH First Lien DIP Motion should be delayed because a portion of the relief requested in that motion—i.e., the availability of a so-called makewhole premium—"will require substantial time to complete." (Trustee Statement at 7.) This is just misdirection. The Debtors have repeatedly told the EFIH First Lien Noteholders that they are willing to bifurcate the makewhole dispute, which can be litigated later. The supposed need for discovery in the makewhole litigation is thus no reason to delay approval of the DIP Facility or the repayment past the June 5, 2014 hearing. Nor is it reason to postpone hearing on the Debtors' straightforward Rule 9019 motion seeking approval of settlements with the alleged makewhole claims of certain holders of EFIH First Lien Notes.

Ultimately, these filings suggest the Trustee's true purpose: to kick up enough dust that the Court delays repayment and the EFIH First Lien Noteholders can continue to accrue above-market interest on their outstanding debt. These litigation tactics destroy value for the Debtors. Every month that the Debtors wait to repay the First Lien Notes costs these estates approximately $14 million in above-market interest expenses. For that reason alone, the hearing on the EFIH First Lien DIP Facility and repayment should go forward as scheduled.

## II.     The Court Should Resolve The EFIH First Lien Noteholders' Alleged Claim To A Makewhole Premium By Early August 2014.

As for the makewhole claims, the Trustee suggests that it is "not seeking a long litigation," but then asserts that the dispute—which involves the interpretation of a few, straightforward contract provisions—could take a full six months depending on "discovery and other deadlines, including for third-party discovery." (Preliminary Objection ¶ 31 n.10.) The

Trustee's excuse for this long timeline is that, despite the plain language of the Indenture, the litigation turns on discovery of "numerous fact-dependent issues." (Preliminary Objection ¶¶ 1, 24, 35.)

This litigation, however, is not complicated. It merely requires the interpretation of a handful of unambiguous contractual terms against the backdrop of a well-developed body of case law. Courts have repeatedly resolved similar disputes in far shorter time. *See In re Trico Marine Services, Inc.*, 450 B.R. 474, Case No. 10-12653 (BLS) (Bankr. D. Del. Apr. 15, 2011) (17 days to hearing after initiation of makewhole litigation); *In re School Specialty, Inc.*, 2013 WL 1838513, No. 13-10125 (KJC) (Bankr. D. Del. Apr. 22, 2011) (30 days to hearing); *In re LSP Energy Limited P'ship*, Case No. 12-10460 (MFW), Adv. Pro. No. 12-50581 (MFW) (Bankr. D. Del. May 1, 2013) (2 months, 8 days to hearing); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 17, 2013) (30 days to hearing); *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Mar. 5, 2007) (1 month, 2 days to hearing). And there is no reason to drag this litigation out a full six months in light of that precedent.

The unnecessary delay that the Trustee seeks causes an added problem. The Trustee appears to be trying to exert leverage over the Debtors by using the makewhole schedule to put transactions contemplated by the Restructuring Support Agreement in jeopardy. For example, the Trustee claims that an intercreditor agreement prevents any EFIH Second Lien Noteholder from being repaid until the EFIH First Lien claims are resolved. (Preliminary Objection ¶¶ 36-38.) In other words, the Trustee wants six months to litigate its makewhole claim while arguing that in the meantime the Debtors cannot repay or settle with any of their Second Lien Noteholders. The Debtors disagree with this interpretation of the intercreditor agreement— which merely subordinates liens of the EFIH Second Lienholders, not payments to those

4

creditors—and note that the Trustee has not submitted to this Court's jurisdiction with regard to that issue. In any event, there should be no dispute that the EFIH First Lien Noteholders are meaningfully oversecured, even if they are awarded a makewhole premium. If the Trustee nonetheless insists on trying to block the Debtors from resolving the EFIH Second Lien Noteholder claims, then the First Lien makewhole claims should be resolved expeditiously.

The Debtors thus propose that the Court put the makewhole litigation on schedule for trial in early August 2014. That schedule would encompass both (a) the contested matter that the Debtors initiated as part of the Debtors' EFIH First Lien DIP Motion; and (b) the adversary proceeding that the Trustee initiated concerning the makewhole premium on Thursday, May 15.[6] Both address the same substantive issues and should go forward for decision on the same timeline. Specifically, the Debtors propose the following schedule:

| Description | Timing/Deadline |
|---|---|
| Deadline for third-party intervention in the adversary proceeding. | Friday, June 6, 2014 |
| The Debtors shall answer or move to dismiss the adversary proceeding complaint as provided in Bankruptcy Rule 7012. | Friday, June 6, 2014 |
| Simultaneous motions for summary judgment. Opposition to the Contested Matter Motion. | Wednesday, July 14, 2014 by 3:00 pm Eastern |
| Simultaneous summary judgment oppositions. Reply in support of the Contested Matter Motion. | Wednesday, August 6, 2014 |
| Subject to the Court's availability, the makewhole hearing will commence during the week of August 11, 2014, or as soon thereafter as the Court may direct. ||

---

[6] See Compl. for Declaratory Relief, *CSC Trust Co. of Del. v. Energy Future Intermediate Holdings Co. LLC*, Adv. Pro. No. 14-___ (May 15, 2014) [D.I. 470].

5

This schedule gives the parties approximately 100 days from the initiation of the original contested matter to litigate the availability of a makewhole premium. The schedule is similar to—if not longer than—the timeline in other makewhole litigations in this district and elsewhere. And it gives the EFIH First Lien Noteholders more than enough time for discovery and briefing.

### III. The Debtors Agree That The Trustee's Motion To Lift The Automatic Stay Should Go Forward As Noticed At The June 5 Hearing

Finally, the Trustee filed a motion last week requesting a finding that—remarkably—the automatic stay does not preclude the deceleration of a tranche of the EFIH First Lien Notes.[7] The Debtors believe that this attempt to end-run the plain terms of the Indenture to garner a makewhole premium should be briefed on the schedule that the Trustee proposed. The Debtors will submit an opposition as noticed on Thursday, May 29, 2014, with the motion to be decided at the June 5-6 hearing.

### CONCLUSION

The Debtors respectfully request that, if the Court decides to enter a scheduling order, then (a) the portions of the EFIH First Lien DIP motion relating to EFIH First Lien DIP Facility and repayment be kept on schedule for the June 5-6 hearing; (b) the makewhole litigation be set for trial in early August of this year, as explained in more detail above; and (c) the Trustee's lift-stay motion go forward on June 5, 2014, as the Trustee proposed.

*[Remainder of this page intentionally left blank.]*

---

[7] See *Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation That the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration* (May 15, 2014) [D.I. 473].

Dated: May 21, 2014
Wilmington, Delaware

/s/ [signature]

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:            collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            richard.cieri@kirkland.com
                     edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession