IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br>on an Interim Basis<br>**Re: D.I. 570** |

**WILMINGTON SAVINGS FUND SOCIETY, FSB'S MOTION PURSUANT TO LOCAL RULES 9006-1(c) AND 9006-1(e) FOR AN ORDER SHORTENING THE TIME TO CONSIDER WILMINGTON SAVINGS FUND SOCIETY FSB'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING WILMINGTON SAVINGS FUND SOCIETY, FSB TO FILE UNDER SEAL MOTION PURSUANT TO RULE 7037 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO STRIKE THE DEBTORS' OBJECTION AND SUPPORTING DECLARATIONS TO WILMINGTON SAVINGS FUND SOCIETY, FSB'S MOTION PURSUANT TO 28 U.S.C. §§ 1408 & 1412 AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO TRANSFER CASES TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

Wilmington Savings Fund Society, FSB ("WSFS"), by and through its undersigned counsel, respectfully submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the applicable notice period for WSFS's Motion to File Under Seal Motion Pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure to Strike Debtors' Objection and Supporting Declarations to Wilmington Savings Fund Society, FSB's Motion Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Northern District of Texas (the "Motion to Seal") filed contemporaneously herewith,

{00860523;v1 }

pursuant to Rules 9006-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). WSFS proposes that the hearing to consider the Motion to Seal be conducted on May 22, 2014 at 9:30 a.m. (EDT) and that objections to the relief requested may be raised at the Hearing.

In support of the Motion to Shorten, WSFS respectfully states as follows:

1. Local Rule 9006-1(c) requires 18 days' notice prior to the hearing date where time for notice and hearing is not otherwise specified in the Local Rules or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). See Del. Bankr. L.R. 9006-1(c). Pursuant to Local Rule 9006-1(e), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. See Del. Bankr. L.R. 9006-1(e). WSFS submits that there is sufficient cause to justify shortening the notice period for the hearing of the relief requested in the Motion to Seal.

2. On April 29, 2014, WSFS filed the Venue Motion.[1] Thereafter, on May 7, 2014, WSFS served the Document Requests. See Docket No. 378. That same day, WSFS also served the Debtors with a Rule 30(b)(6) Notice of Deposition, as well as Notices of Deposition for Stacey Doré, Paul Keglevic, and Donald Evans. See Docket Nos. 374-377. WSFS subsequently withdrew its deposition notice directed to Mr. Evans. See Docket No. 436.

3. On May 8, 2014, the Debtors filed their Objection. By the Objection, the Debtors argue that the Venue Motion should be denied, because, among other reasons, WSFS has failed to meet its evidentiary burden.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Strike.

4.   In the discovery process in connection with the Venue Motion, the Debtors produced scant evidence to in connection with the Venue Motion. Indeed, in response to the Document Requests, the Debtors produced just 50 documents, comprising a total of 415 pages. Moreover, of those documents that bear directly on the Debtors' venue selection decision, all of them were heavily redacted.

5.   In addition, on May 15, 2014, WSFS conducted the deposition of Ms. Doré, the Debtors' general counsel and co-CRO, who was designated by the Debtors as their 30(b)(6) witness. At the deposition, Ms. Doré repeatedly testified as to her reliance on privileged information in deciding to commence these chapter 11 cases in this venue. Debtors' counsel repeatedly instructed Ms. Doré not to respond to substantive questions concerning the information, on the grounds that it was privileged.

6.   On May 19, 2014, WSFS conducted the deposition of Paul Keglevic, the Debtors' CFO and co-CRO. Mr. Keglevic testified that he was not substantially involved in the decision to commence these chapter 11 cases in this venue. And, to the extent that he knows anything about that decision, he learned it from Ms. Doré. Debtors' counsel repeatedly instructed Mr. Keglevic not to respond to substantive questions concerning the information he learned from Ms. Doré, on the grounds that it was privileged.

7.   The information at issue is essential to WSFS meeting its burden of proof in support of the Venue Motion. WSFS will be prejudiced at the trial on the Venue Motion if the Debtors are permitted to press their Objection, while at the same time allowing them to shield their decision making process and relevant facts from disclosure.

8.   If the Motion to Seal is heard on 18 days' notice, pursuant to Local Rule 9006-1(c), the issued raised by WSFS would be mooted. Accordingly, WSFS requests that a

hearing on the relief requested by the Motion to Seal be scheduled for the hearing date of May 23, 2014 at 9:30 a.m. (EDT).

## CONCLUSION

For the reasons set forth herein, WSFS respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the Motion to Shorten and granting WSFS such other and further relief as is appropriate under the circumstances.

Dated: May 21, 2014
Wilmington, DE

**ASHBY & GEDDES, P.A.**

By: /s/ *[signature]*
William P. Bowden (I.D. No. 2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

– and –

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted pro hac vice)
Aaron B. Lauchheimer (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

– and –

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens*

{00860523;v1 }                                     5