IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: June 30, 2014 at 9:30 a.m.** |
|  | ) | **Objection Deadline: June 23, 2014 at 4:00 p.m.** |

## MOTION OF ENERGY FUTURE
## HOLDINGS CORP., *ET AL.*, FOR ENTRY
## OF AN ORDER PURSUANT TO BANKRUPTCY RULES
## 2015.3 AND 9006 AND LOCAL BANKRUPTCY RULE 9006-2
## EXTENDING TIME TO FILE REPORTS OF FINANCIAL INFORMATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to rules 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), granting the Debtors an extension of time to file reports of each non-filing entity in which any of the Debtors hold a substantial or controlling interest (the "2015.3 Reports"). In support of this Motion, the Debtors respectfully submit as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are rules 2015.3 and 9006 of the Bankruptcy Rules and Local Bankruptcy Rule 9006-2.

**Relief Requested**

4. By this Motion, the Debtors seek an extension of time through and including June 30, 2014 to file their 2015.3 Reports.[2]

5. Under Local Bankruptcy Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by . . . the Fed. R. Bank. P., . . . the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." The Debtors are filing this motion before the expiration of the prescribed period and respectfully submit that application of the automatic extension is appropriate. In light of the Debtors' sheer size and magnitude, additional time is necessary to adequately meet the Rule 2015.3's reporting requirements.

---

[2] This proposed date is a 33-day extension from May 28, 2014, the Debtors' original filing deadline for the Rule 2015.3 Reports. This extension date coincides with the date the Debtors are seeking to file their schedules and statements pursuant to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* [D.I. 466].

**Background**

6.     On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an interim order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] (the "First Day Declaration").

7.     The Debtors and their non-Debtor affiliates comprise many legal entities. The Debtors' non-Debtor affiliates that are potentially subject to Bankruptcy Rule 2015.3 can be divided into roughly four categories.

- *First*, non-U.S. entities that are in liquidation or administration proceedings in multiple jurisdictions (the "International Entities"), mostly associated with now-discontinued European operations. The Debtors do not have a substantial or controlling interest in the International Entities.

- *Second*, Oncor Electric Delivery Holdings Company LLC, Oncor Electric Delivery Company LLC, and certain of their affiliates and subsidiaries (collectively, the "Oncor Ring-Fenced Entities"). As discussed in the First Day Declaration, the Oncor Ring-Fenced Entities are not controlled by the Debtors.

- *Third*, five indirect subsidiaries of Texas Electric Competitive Holdings Company LLC ("TCEH LLC") that are associated with two joint ventures and one industry consortium entity, Stars Alliance LLC, in which TCEH LLC indirectly owns an interest.

- *Fourth*, three direct and indirect subsidiaries of Energy Future Holdings Corp., consisting of EFH Properties Company, Basic Resources Inc., and EFH Vermont Insurance Company.

3

### Basis for Relief

8. Bankruptcy Rule 2015.3(a) provides:

> In a chapter 11 case, the trustee or debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest. The reports shall be prepared as prescribed by the appropriate Official Form, and shall be based upon the most recent information reasonably available to the trustee or debtor in possession.

Fed. R. Bankr. P. 2015.3(a).

9. The Debtors, under Bankruptcy Rule 2015.3, are required to file Rule 2015.3 Reports seven days before the date of the meeting of creditors convened pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code"). Fed. R. Bankr. P. 2015(3)(b). The Debtors' section 341 meeting of creditors is currently scheduled for June 4, 2014. Accordingly, Bankruptcy Rule 2015.3 contemplates that the Debtors file the Rule 2015.3 Reports on or before May 28, 2014.

10. Pursuant to Bankruptcy Rule 9006(b), a court, for cause, may enlarge the period of time in which an act required by the Bankruptcy Code must be performed. The Debtors believe "cause" exists because of the number and nature of the non-Debtor entities, the nature of the information that must be compiled, and the potential need to interface with non-affiliate third parties regarding certain disclosures. Additionally, the significant time and resources that Debtors' financial advisors and other professionals must devote to collect, analyze, and present the Rule 2015.3 Reports, all at a time when the Debtors' resources are spread thin, is further support for extending the Rule 2015.3 Report deadline for "cause."

11. The relief the Debtors' seek by this Motion is commonly granted by courts of this jurisdiction. *See In re Exide Tech.*, No. 13-11482 (KJC) (Bankr. D. Del. July 22, 2013)

4

(authorizing a 60-day extension); *In re Synagro Tech.*, No. 13-11041 (BLS) (Bankr. D. Del. May 28, 2013) (authorizing a 31-day extension); *In re Overseas Shipholding Grp.*, No. 12-20000 (PJW) (Bankr. D. Del. Feb. 1, 2013) (authorizing a 78-day extension); *In re Am. Institutional Partners, LLC*, No. 11-10709 (MFW) (Bankr D. Del. June 22, 2011) (approving three extensions totaling 90 days from original filing deadline); ; *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. Oct. 6, 2009) (granting a 138-day extension); *In re Tribune Co.*, No. 08-13141 (CSS) (Bank. D. Del. Sept. 2, 2009) (authorizing a 201-day extension); *In re Nortel Networks Inc.*, No. 09-10138 (KG) (Bankr. D. Del. Feb. 5, 2009) (granting a 60-day extension).[3]

### Notice

12. The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R)

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of

the Public Utility Commission of Texas; and (x) counsel to the Electric Reliability Council of Texas. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

13.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: May 27, 2014
Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    richard.cieri@kirkland.com
edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession