IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS | ) Case No. 14-10979 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re:  Docket Nos. 26, 319 |
| | ) |
| | ) Obj. Deadline: 5/29/14, 4:00 p.m. |
| | ) Hearing Date: 6/5/14, 9:30 a.m. |

**LIMITED OBJECTION OF AEP TEXAS CENTRAL COMPANY d/b/a AMERICAN ELECTRIC POWER COMPANY AND AEP TEXAS NORTH COMPANY d/b/a AMERICAN ELECTRIC POWER COPMANY TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

AEP Texas Central Company d/b/a American Electric Power Company and AEP Texas North Company d/b/a American Electric Power Company (collectively, "AEP"), by counsel, hereby files this objection (the "Limited Objection") to the *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Determining Adequate Assurance of Payment For Future Utility Services* (the "Utility Motion"), and sets forth the following:

## Introduction

AEP, which provides electric distribution services to the Debtors pursuant to certain agreements discussed herein, files this Limited Objection to the Utility Motion solely in the event that the Court does not approve the *Motion of Energy Future*

*Holdings Corp. et al., for Entry of (A) An Order Authorizing Certain of the Debtors to Pay Certain Prepetition Transition Charges and Delivery Charges and (B) an Order Authorizing Certain of the Debtors to Assume Transmission and Distribution Service Agreements* [D.I. 38] (the "TDSP Motion") on a final basis.  If the Court approves the TDSP Motion, AEP will withdraw this Limited Objection to the Utility Motion.

The Utility Motion provides that in the event the Court does not approve the TDSP Motion as adequate assurance of payment for AEP and other transmission and delivery service providers ("TDSPs"), the Debtors propose to increase the amount contained in a segregated bank account (discussed below) from $1 million to $57 million (the "Bank Account").  Utility Motion at ¶ 15, fn. 10.  The Debtors propose to deposit nothing into the Bank Account on behalf of utility providers that may hold a letter of credit ("LOC") equal to or greater than two-weeks of utility charges, even accounting for any draws on the LOC to pay prepetition amounts.

In the event that the TDSP Motion is not approved by the Court on a final basis and AEP is required to seek recovery of prepetition charges against the prepetition security it has in its possession, AEP requests a two-month cash deposit totaling $13,513,808, which is an amount AEP is authorized to obtain from the Debtors pursuant to the applicable tariffs approved by the

2

Public Utility Commission of Texas (the "PUC") incorporated by reference in the applicable AEP contracts.

As set forth herein, in the event that the Court does not approve the TDSP Motion, this Court should deny the Utility Motion because the amount of the AEP post-petition deposit request is reasonable under the circumstances and should not be modified.

## Facts

### Procedural Facts

1.    On April 29, 2014 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.    The Debtors' chapter 11 bankruptcy cases are being jointly administered.

### The Utility Motion

3.    On the Petition Date, the Debtors filed the Utility Motion.

4.    On May 2, 2014, the Court entered the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services* (the "Interim Utility Order").

3

5.    The Debtors did not contact AEP regarding its adequate assurance request in the event that the TDSP Motion was not approved by the Court.

6.    In the Utility Motion, the Debtors seek to provide AEP with adequate assurance of payment through the relief sought in the TDSP Motion.  As set forth herein, AEP does not oppose that relief.

7.    If, however, the Court does not approve the TDSP Motion on a final basis, the Debtors alternatively seek, contrary to the requirements of Sections 366(c)(2) and (3), Court approval for their own form of adequate assurance of payment, which is a segregated account (the "Bank Account") that would purportedly contain two weeks of utility charges in the amount of $57 million.  Utility Motion at ¶ 15 at fn 10.  The Debtors, however, propose to deposit nothing into the Bank Account on behalf of utility providers that may hold a LOC equal to or greater than two-weeks of utility charges, even accounting for any draws on the LOC to pay prepetition amounts.  As such, in the event that a LOC may be drawn in full to pay prepetition charges, the Debtors propose to provide no adequate assurance whatsoever to any utility holding a fully-drawn LOC if the LOC secured at least two-weeks of utility charges.  It is unclear whether the Debtors also propose to deposit nothing into the Bank Account for TDSPs, including AEP, if the TDSP holds LOCs securing at least two-weeks

4

of charges.  The foregoing alternative proposal is unacceptable to AEP and should not be considered relevant by this Court because Sections 366(c)(2) and (3) do not allow the Debtors to establish the form or amount of adequate assurance of payment. Under Sections 366(c)(2) and (3), this Court and the Debtors are limited to modifying, if at all, the amount of the security sought by AEP under Section 366(c)(2).

8.    On average, the Debtors spend approximately $108.8 million each month on utility services pursuant to approximately 640 separate accounts, of which approximately $106.8 million is attributable to utility providers that provide electricity transmission and distribution services.  As of the Petition Date, the Debtors estimate that approximately $194.5 million in utility costs have accrued and remain outstanding, approximately $185.5 million of which is attributable to TDSPs.  Utility Motion at ¶ 12.

9.    The Utility Motion does not address why the Bank Account would be undercapitalized at a two-week deposit amount when the Debtors know that AEP bills the Debtors monthly and the Debtors have thirty-five (35) days to pay an invoice.

10.    Furthermore, the Utility Motion does not address why this Court should consider modifying, if at all, the amount of AEP's adequate assurance request pursuant to Section 366(c)(2) in the event that the TDSP Motion is not approved by the Court.

## The TDSP Motion

11.    On the Petition Date, the Debtors filed the TDSP Motion.

12.    The Debtor entities TXU Energy Retail Company LLC, 4Change Energy Company LLC, and Luminant ET Services Company (collectively, the "REP Debtors") are parties to one or more of the twenty-three (23) Delivery Agreements listed in Exhibit 1 to Exhibit B attached to the TDSP Motion.  TDSP Motion at ¶ 4.

13.    Pursuant to the TDSP Motion, the REP Debtors seek Court authorization to assume each of the Delivery Agreements and pay any related cure amounts in accordance with Section 365 of the Bankruptcy Code.  TDSP Motion at ¶ 6.

14.    On May 2, 2014, the Court entered an *Interim Order Authorizing Certain Of The Debtors To Pay Certain Prepetition Transition Charges And Deliver Charges* (the "Interim Order").

15.    Pursuant to the Interim Order, AEP has continued to bill the Debtors for prepetition charges and the Debtors have continued to pay such charges in the ordinary course of business.

16.    The Court has scheduled a final hearing on the TDSP Motion for June 5, 2014, at the same time of the final hearing on the Utility Motion.

## Facts Concerning AEP

17.    AEP provides electric distribution services to the Debtors pursuant to six contracts with the Debtors (collectively,

6

the "AEP Contracts"). Pursuant to the applicable state law tariffs, which are incorporated by reference in the AEP Contracts, the Debtors are required to provide AEP with security in amounts that fully secure the charges billed under the AEP Contracts.  As such, AEP currently holds LOCs fully securing the costs of all charges billed by AEP to the Debtors under the AEP Contracts (the "AEP LOCs"), as well as a small cash deposit of $11,108.66.

18.   In the event that the TDSP Motion is not approved by the Court on a final basis and all of the AEP LOCs no longer remain in place because AEP is required to seek prepetition payments from the AEP LOCs, AEP requests a two-month cash deposit totaling $13,513,808 as adequate assurance of payment, which is an amount it is authorized to obtain from the Debtors pursuant to the applicable tariffs approved by the PUC.

<u>Discussion</u>

**A.   IF THE TDSP MOTION IS NOT APPROVED ON A FINAL BASIS, THE ALTERNATIVE ADEQUATE ASSURANCE OF PAYMENT OFFERED BY THE DEBTORS IN THE UTILITY MOTION SHOULD BE DENIED AS TO AEP.**

Sections 366(c)(2) and (3) of the Bankruptcy Code provide:

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility;

7

> (3)(A) On request of a party in interest and after notice
> and a hearing, the court may order modification of the
> amount of an assurance of payment under paragraph (2).

As set forth by the United States Supreme Court, "[i]t is well-established that 'when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.'" *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (*quoting Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S. Ct., 1942, 147 L. Ed. 2d 1 (2000)). *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir. 1997) ("Statutes . . . must be read in a 'straightforward' and 'commonsense' manner."). A plain reading of Section 366(c)(2) makes clear that a debtor is required to provide adequate assurance of payment satisfactory to its utilities on or within thirty (30) days of the filing of the petition. If a debtor believes the **amount** of the utility's request needs to be modified, then the debtor can file a motion under Section 366(c)(3) requesting the court to modify the **amount** of the utility's request under Section 366(c)(2).

In this case, the Debtors have proposed to provide AEP with adequate assurance of payment in the form of the relief sought in the TDSP Motion. As AEP agrees that the relief sought in the TDSP Motion, if approved by the Court on a final basis, provides

8

AEP with adequate assurance of payment, AEP has no objection to
the Debtors' proposed form of adequate assurance of payment.  It
is only if the Court does not approve the TDSP Motion on a final
basis, that AEP has an objection to the adequate assurance of
payment proposed by the Debtors.

**1.    The Debtors' Proposed Bank Account Is Not Relevant And
Even If It Is Considered, It Is Unsatisfactory Because
It Does Not Provide AEP With Adequate Assurance of
Payment.**

This Court should not even consider the Bank Account as a
form of adequate assurance of payment because: (1) It is not
relevant because Section 366(c)(3) provides that a debtor can
only modify "the amount of an assurance of payment under
paragraph (2)"; and (2) The Bank Account is not a form of
adequate assurance of payment recognized by Section 366(c)(1)(A).
Although the cases cited by the Debtors in the Utility Motion
approved a bank account as adequate assurance, they only did so
by improperly ignoring the plain language of Section 366(c)(3)
and Section 366(1)(A).  Moreover, even if the Court were to
consider the Bank Account, the Bank Account is an improper and
otherwise unreliable form of adequate assurance of future payment
for the following reasons:

    i.    All of the Debtors' utilities and TDSPs would
supposedly have access to the inadequately funded Bank
Account in the event of non-payment of post-petition
charges;

    ii.   The Debtors do not propose a limitation as to the
amount of money that a utility or TDSP can obtain from

9

the Bank Account.  As such, the Bank Account could be depleted by other utilities or TDSPs;

iii.    It is underfunded from the outset because AEP issues monthly bills;

iv.    The Debtors do not propose any procedures concerning access to the Bank Account;

v.    The Debtors are not required to replenish the Bank Account following pay-outs; and

vi.    The Debtors propose to deposit nothing into the Bank Account on behalf of utility providers that may hold a LOC equal to or greater than two-weeks of utility charges, even accounting for any draws on the LOC to pay prepetition amounts.

Accordingly, the Court should not approve the Bank Account as an alternative form of adequate assurance to AEP because the Bank Account is: (a) not the **form** of adequate assurance requested by AEP; (b) not a form recognized by Section 366(c)(1)(A); and (c) an otherwise unreliable form of adequate assurance.

**2.    If The Court Does Not Approve The TDSP Motion On A Final Basis, The Alternative Adequate Of Assurance Proposed By The Debtors In The Utility Motion Should Be Denied As To AEP Because the Debtors Have Not Set Forth Any Basis For Modifying AEP's Requested Deposit.**

In the Utility Motion, the Debtors fail to address why this Court should modify the amount of AEP's request for adequate assurance of payment.  Under Section 366(c)(3), the Debtors have the burden of proof as to whether the amount of AEP's adequate assurance of payment request should be modified. *See In re Stagecoach Enterprises, Inc.,* 1 B.R. 732, 734

10

(Bankr. M.D. Fla. 1979) (holding that the debtor, as the petitioning party at a Section 366 hearing, bears the burden of proof).  However, the Debtors do not provide the Court with any evidence or factually supported documentation to explain why the amount of the AEP adequate assurance request should be modified.  Accordingly, the Court should deny the relief requested by Debtors in the Utility Motion and require the Debtors to comply with the requirements of Section 366(c) with respect to AEP.

    **B.**    **THE COURT SHOULD ORDER THE DEBTORS TO PROVIDE THE ADEQUATE ASSURANCE OF PAYMENT REQUESTED BY AEP PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE.**

Section 366(c) was amended to overturn decisions such as *Virginia Electric and Power Company v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997), that held that an administrative expense, without more, could constitute adequate assurance of payment in certain cases.  Section 366(c)(1)(A) specifically defines the forms that assurance of payment may take as follows:

> (i) a cash deposit;
> (ii) a letter of credit;
> (iii) a certificate of deposit;
> (iv) a surety bond;
> (v) a prepayment of utility consumption; or
> (vi) another form of security that is mutually agreed upon between the utility and the debtor or the trustee.

Section 366 of the Bankruptcy Code was enacted to balance a debtor's need for utility services from a provider that holds a monopoly on such services, with the need of the utility to ensure

11

for itself and its rate payers that it receives payment for providing these essential services. *See In re Hanratty*, 907 F.2d 1418, 1424 (3d Cir. 1990).  The deposit or other security "should bear a reasonable relationship to expected or anticipated utility consumption by a debtor." *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986).  In making such a determination, it is appropriate for the Court to consider "the length of time necessary for the utility to effect termination once one billing cycle is missed." *In re Begley*, 760 F.2d 46, 49 (3d Cir. 1985).

AEP bills the Debtors on a monthly basis for the charges already incurred by the Debtors in the prior month.  The Debtors then have 35 days to pay the bill.

Based on the foregoing PUC-mandated billing cycle, the minimum period of time the Debtors could receive service from AEP before being in default is more than two (2) months. Moreover, even if the Debtors timely pay their post-petition invoices from AEP, AEP still has potential exposure of at least 60 days based on its billing cycle with the Debtors.  Furthermore, the amounts of the AEP deposit request is the amount that the PUC permits AEP to obtain from the Debtors.  Additionally, the applicable tariffs approved by the PUC incorporated by reference in the AEP Contracts require the Debtors to provide AEP with security in amounts that fully secure the cost of all charges billed by AEP

12

to the Debtors pursuant to the AEP Contracts.  Accordingly, the amounts of the deposit requested by AEP is reasonable and should not be modified.  *See In re Stagecoach*, 1 B.R. 732, 735-36 (Bankr. M.D. Fla. 1979) (holding that a two month deposit is appropriate where the debtor could receive sixty (60) days of service before termination of services because of the utilities' billing cycle.); *see also In the Matter of Robmac, Inc.*, 8 B.R. 1, 3-4 (Bankr. N.D. Ga. 1979).

In contrast, the Debtors fail to address in the Utility Motion why this Court should modify, if at all, the amount of the AEP adequate assurance of payment request, which is the Debtors' statutory burden.  Instead, the Debtors merely ask this Court to approve their alternative proposed form of adequate assurance of payment in the form of the two-week Bank Account.  As set forth in Section A.1. above, the proposed Bank Account does not provide adequate assurance of payment to the Debtors' utility providers and TDSPs such as AEP.

WHEREFORE, AEP respectfully requests the following:

1.    That the Court rule upon and approve the TDSP Motion prior to ruling upon the Utility Motion. If the Court approves the TDSP Motion on a final basis, AEP shall withdraw this Objection;

13

2.     In the event that the Court does not approve the TDSP Motion on a final basis, the Court (i) denies the Utility Motion as to AEP and (ii) awards AEP the post-petition adequate assurance of payment deposit satisfactory to AEP as set forth and requested herein; and

3.     Providing such other and further relief as the Court deems just and appropriate.

Dated:    May 28, 2014          STEVENS & LEE, P.C.

/s/ John D. Demmy_____
John D. Demmy (Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-3308
E-mail:   jdd@stevenslee.com

and

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail:   russj4478@aol.com

*Counsel for AEP Texas Central Company d/b/a American Electric Power Company and AEP Texas North Company d/b/a American Electric Power Company*