IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 25, 322** |

**SUPPLEMENT TO THE
MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR ENTRY OF INTERIM AND
FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO (I) PAY
CERTAIN PREPETITION COMPENSATION AND REIMBURSABLE
EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE AND RETIREE
MEDICAL AND SIMILAR BENEFITS, AND (III) CONTINUE EMPLOYEE AND
RETIREE BENEFIT PROGRAMS, AND (B) MODIFYING THE AUTOMATIC STAY**

Energy Future Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby supplement (the "Supplement") the *Motion of Energy Future Holdings Corp., et al., for for Entry of Interim and Final Orders Authorizing (A) the Debtors to (I) Pay Certain Prepetition Compensation and Reimbursable Employee Expenses, (II) Pay and Honor Employee and Retiree Medical and Similar Benefits, and (III) Continue Employee and Retiree Benefit Programs, and (B) Modifying the Automatic Stay* [D.I. 25] (the "Wages Motion").[2] On May 2, 2014, the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Wages Motion.

RLF1 10353623v.1

entered the *Interim Order (A) Authorizing the Debtors to (I) Pay Certain Prepetition Compensation and Reimbursable Employee Expenses, (II) Pay and Honor Employee and Retiree Medical and Similar Benefits, and (III) Continue Employee and Retiree Benefit Programs, and (B) Modifying the Automatic Stay* [D.I. 322] granting the Debtors authority to, among other things, honor prepetition Employee Obligations in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, in an aggregate amount not to exceed $26,110,000, and to continue honoring the Employee Programs on a postpetition basis and in the ordinary course of business (the "Interim Order"). The Debtors file this Supplement to modify certain relief requested in the Final Order of the Wages Motion (as revised and attached as **Exhibit A**, the "Revised Final Order").[3]

*First*, as disclosed on the record at the hearing held on May 2, 2014, the Debtors requested, and the Court granted, pursuant to the Interim Order, interim authority to pay an additional $7.1 million in prepetition amounts attributable to the Payroll Taxes that had not been paid prior to the Petition Date and were not included in the Wages Motion. [D.I. 322]. The Debtors now request final authority to pay the additional $7.1 million in obligations arising on account of Payroll Taxes (for a total of $8 million in prepetition amounts attributable to Payroll Taxes).

*Second*, the Debtors request authority to pay certain prepetition independent director fees in an amount not to exceed $70,000 (the "Unpaid Independent Director Fees") and, in an abundance of caution, to honor postpetition obligations to such independent directors in the

---

[3] The changes to the proposed Final Order attached to the Wages Motion are reflected in **Exhibit B** attached hereto.

ordinary course of business and consistent with EFIH LLC's and TCEH LLC's arrangements with Mr. Cremens and Mr. Sawyer, respectively.[4]

In October of 2013, Texas Competitive Electric Holdings Company LLC ("TCEH LLC") hired an independent director, Hugh Sawyer, to serve on the TCEH LLC board of managers. In February of 2014, Energy Future Intermediate Holding Company LLC ("EFIH LLC") hired an independent director, Charles Cremens, to serve on the EFIH LLC board of managers. Both Mr. Sawyer and Mr. Cremens (collectively, the "Independent Directors") were retained because of their disinterestedness and because of their significant experience serving as a director for other companies evaluating their reorganization options. In return for their service, the Independent Directors were entitled to receive certain compensation (the "Independent Director Fees").

The Debtors did not believe that there were any prepetition amounts due and owing on account of Independent Director Fees as of the Petition Date. During their postpetition review of books and records, however, the Debtors discovered that approximately $70,000 in Unpaid Independent Director Fees related to certain meetings the Independent Directors prepared for and attended with the Debtors and their advisors to discuss EFIH LLC's and TCEH LLC's restructuring options remained due and payable.[5]

***Third***, pursuant to the Interim Order, the Court granted the Debtors relief to continue honoring the CBAs in the ordinary course of business on a postpetition basis. The Debtors

---

[4] Pursuant to the Interim Order, the Court did grant the Debtors authority to honor prepetition obligations in an amount not to exceed $2,500 per board member or manager arising on account of Unpaid Reimbursable Expenses related to costs incurred by the Debtors' board members and managers in the course of their employment. The Final Order seeks substantially the same relief.

[5] In accordance with EFIH LLC's and TCEH LLC's arrangements with Mr. Cremens and Mr. Sawyer, respectively, EFIH LLC will pay the Unpaid Independent Director Fees and postpetition Independent Director Fees attributable to Mr. Cremens and TCEH LLC will pay the Unpaid Independent Director Fees and postpetition Independent Director Fees attributable to Mr. Sawyer.

believe they obtained relief to settle labor grievances in accordance with the CBAs (and pay related prepetition amounts) pursuant to the Interim Order, but, in an abundance of caution, the Debtors now seek relief from the automatic stay under section 362 of the Bankruptcy Code to pay approximately $2,200 in connection with settled grievances with union employees (in some instances, based on prepetition conduct) as permitted under the CBAs and to continue hearing, addressing, and settling grievances in the ordinary course of business, regardless of whether such grievances arose prepetition or postpetition, and in a manner consistent with the CBAs (collectively, the "Labor Grievance and Arbitration Program").

As required by the CBAs, the Debtors have a grievance process in place that encourages prompt verbal and written communication of grievances and implements a dispute resolution process to efficiently resolve such grievances. Historically, the Debtors pay approximately $16,500 per year on account of the Labor Grievance and Arbitration Program, with the average settlement costing the Debtors approximately $6,500. In 2014, the Debtors paid approximately $3,500 on account of grievance settlements and have committed to pay approximately $2,200 to settle prepetition labor grievances, composed of approximately 8 individual settlements valued at approximately $320 each. There are currently approximately 165 total open labor grievances based on a variety of issues, including, among others, payment discrepancies caused by promotions and modifications to medical benefits.

WHEREFORE, for the reasons set forth herein and in the Wages Motion, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Wages Motion on a final basis as modified herein and granting such other and further relief as is appropriate under the circumstances.

Dated: May 29, 2014
       Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:          collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          richard.cieri@kirkland.com
                    edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:          james.sprayregen@kirkland.com
                    chad.husnick@kirkland.com
                    steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession