## Exhibit A

**Proposed Revised Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 25** |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO (I) PAY
CERTAIN PREPETITION COMPENSATION AND REIMBURSABLE
EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE AND RETIREE
MEDICAL AND SIMILAR BENEFITS, AND (III) CONTINUE EMPLOYEE AND
RETIREE BENEFIT PROGRAMS, AND (B) MODIFYING THE AUTOMATIC STAY**

Upon the motion [D.I. 25] and the supplement to the Motion filed on May 29, 2014 (the "Supplement" and, together with the motion, the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order") (a) authorizing, but not directing, the Debtors to: (i) pay certain prepetition wages, salaries, reimbursable employee expenses, and other compensation described below; (ii) pay and honor employee and retiree medical and similar benefits; and (iii) continue employee compensation and employee and retiree benefit programs in the ordinary course of business on a postpetition basis and in a manner consistent with prepetition practices; and (b) modifying the automatic stay with respect to the Workers' Compensation Program and the Labor Grievance and Arbitration

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 10353644v.1

Program, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The relief provided in the Interim Order is approved on a final basis.

3. In addition to the relief provided in the Interim Order, the Debtors are authorized, but not directed, to honor, pay, satisfy or remit in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, all prepetition amounts outstanding on account of the following Employee Obligations, in an aggregate amount not to exceed $30,605,000:  (a) Unpaid Compensation; (b) Unpaid Staffing Provider Fees, (to the extent not otherwise satisfied by draws on outstanding letters of credit); (c) Unpaid Independent Contractor Fees; (d) Unpaid Regulatory Consultant Compensation; (e) Unpaid Payroll Processor

Fees; (f) Unpaid Reimbursable Expenses; (g) Unremitted Payroll Taxes; (h) Unremitted Miscellaneous Deductions; (i) Unpaid Health Benefit Claims and Fees; (j) Unpaid HSA; (k) Unpaid Life Insurance Premiums; (l) Unpaid Disability Benefit Premiums; (m) Unremitted Supplemental Insurance Amounts; (n) Unremitted 401(k) Deductions; (o) Unpaid 401(k) Administrative Fees; (p) Unpaid 401(k) Matching Obligation; (q) Unpaid Workers' Compensation Administrative Fees; (r) Unpaid Workers' Compensation Claims; (s) Unpaid Vacation Time; (t) Unpaid Retiree Medical Benefit Claims and Fees; (u) Unpaid COBRA Claims and Fees; (v) Unpaid Relocation Expenses; (w) Unpaid Tuition Reimbursement Expenses; (x) Unpaid Energy Aid Matching Contributions; (y) Unremitted Union Dues; (z) as the Unpaid Independent Director Fees; and (a)(a) prepetition settlements related to the Labor Grievance and Arbitration Program.

4. The Debtors are also authorized, in the ordinary course of business on a postpetition basis and in a manner consistent with the Debtors' prepetition policies and procedures, to continue to honor: (a) all the Employee Obligations discussed in sub-clauses (a) through (a)(a) of paragraph 3 hereof and each of the Employee Programs related thereto; and (b) each of (i) the Board Consultant Compensation; (ii) the Flexible Spending Program; (iii) the Severance Program; (iv) the Commuter Assistance Program; (v) the Survivors' Benefit Program; (vi) the Employee Financing Program; (vii) the United Way Matching Contributions; (viii) the Workers' Compensation Coverage Fees; and (ix) Holiday and Leave of Absence Time. For the avoidance of doubt, the foregoing shall not authorize the Debtors to make any payments under the Severance Program with respect to any "insiders" as the term is defined in section 101(31) of the Bankruptcy Code. The Debtors may not provide any relief pursuant to this Order with

3

respect to the Debtors' Supplemental Retirement Plan, any other benefit plan that pays proceeds through a rabbi trust, or any incentive bonus program.

5. The Debtors are also authorized, in the ordinary course of business on a postpetition basis and in a manner consistent with the Debtors' prepetition policies and procedures, to continue the Union Pension Plan, including paying any prepetition amounts owing on account thereof as they come due.

6. The automatic stay is modified, pursuant to section 362(d) of the Bankruptcy Code, solely to the extent necessary to (a) permit Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program and (b) permit the Debtors to hear and settle labor grievances in accordance with prepetition practices and in a manner consistent with the CBAs and pay all prepetition amounts relating thereto in the ordinary course of business.

7. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations described in paragraphs 3 through 5, including all administrative and processing costs and payments to outside professionals.

8. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Obligations.

9. The Debtors are authorized, but not directed, to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition that the Debtors are permitted to honor pursuant to this Order.

10. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) to create an administrative priority claim on account of the Employee Obligations. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE