**E**XHIBIT **C**

```
                                                              Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                      :
                                 :    Chapter 11
 6   ENERGY FUTURE HOLDINGS      :
     CORP., et al.,              :    Case No. 14-10979(CSS)
 7                               :
             Debtors.            :    (Jointly Administration
 8   _____:    Requested)
 9
10                                    United States Bankruptcy Court
11                                    824 North Market Street
12                                    Wilmington, Delaware
13                                    May 22, 2014
14                                    9:35 AM
15
16
17   B E F O R E :
18   HON CHRISTOPHER S. SONTCHI
19   U.S. BANKRUPTCY JUDGE
20
21
22
23
24   ECR OPERATOR:  LESLIE MURIN
25
```

1  dialogue on and we have not ended up in a -- we have not

2  reached a final resolution on those points.

3           So was that clear, Your Honor?

4           THE COURT:  Sure.

5           MR. SASSOWER:  Okay.

6       (Laughter)

7           MR. SASSOWER:  So with that, I will -- I'll yield

8  the podium to Mr. Hessler who will go over what we believe

9  is the settlement to the emergency motion.

10          THE COURT:  All right.

11          MR. HESSLER:  Good afternoon, Your Honor.  Steve

12  Hessler of Kirkland & Ellis on behalf of the debtors.

13          Your Honor, as Mr. Sassower previewed, we spent

14  the afternoon session of the venue hearing -- and we being

15  the professionals for the debtors as well as the EFIH first

16  and second lien trustees -- working on what we thought was a

17  very productive dialogue in the hallways and in the meeting

18  rooms to try and work out some resolution that, at a

19  minimum, obviated the need for the Court to have to issue

20  any rulings today on either the motions to compel as related

21  to the tender offers as well as there's a couple of

22  scheduling -- there's a scheduling pleading regarding the

23  (indiscernible) litigation that were filed by the first and

24  second lien trustees as well as the debtors.

25          With the Court's permission I'll bring up the --

1  I'll take up the motions to compel first and announce what I
2  believe is the agreement, and then I do think that counsel
3  for both the first and second lien trustees want an
4  opportunity to talk as well.
5         Just for the purposes of the record, this is Items
6  -- these are Items 2 and 3 on the agenda which were the
7  motions to compel.  Item 2 was filed actually by the second
8  lien trustee.  Item 3 was filed by the first lien trustee.
9         The resolution that we worked out, Your Honor --
10 well, first, let me get to where we are today.  The tender
11 are -- well, there's a first lien exchange offer and a
12 second lien tender offer.
13        As to the EFIH second lien opt-in period, so
14 related to the second lien tender offer, as originally
15 launched, the primary opt-in period -- there's a primary
16 opt-in period and a second opt-in period which affects the
17 consideration.  The primary opt-in period was originally
18 slated to expire tomorrow which would have been March 23rd.
19        In order to facilitate a hearing today and obviate
20 the need for an emergency hearing earlier in the week, the
21 debtors already had agreed to an additional five business
22 day extension of that deadline, which took it out to Friday,
23 May 30th and we, earlier this week, filed a notice of
24 extension on that front.
25        What we have worked out today is we are going to

Page 222

1   agree to an additional eight business days for the
2   expiration of the primary opt-in period.  So with that eight
3   business days it will now expire on Wednesday, June 11th and
4   then the ultimate expiration of the second lien opt-in
5   period will be Thursday, July 3rd.  So that's the second
6   step-down period, Your Honor.  And, notably, that comes
7   after the hearing on Monday, June 30th.
8              The extensions that I've just described, we will
9   reflect those also in a notice of extension that we'll file
10  after today's hearing.  That's point one.
11             Point two is part of the resolution.  I am going
12  to make the following statement on the record for the
13  clarity of all parties in interest that during this extended
14  primary opt-in period, the debtors will engage in good faith
15  negotiations with the EFIH second lien indenture trustee and
16  certain holders of the EFIH second lien debt over the
17  alternative second lien DIP proposal made by members of that
18  group and other issues that they have raised in their
19  various challenges to date.
20             That also will be reflected in the notice of
21  extension that we would be filing with the Court, Your
22  Honor.
23             That procedural agreement that we had -- as I said
24  I believe obviates the need for any ruling on those -- on
25  both trustee's motions to compel, but I know they want an