# **Exhibit B**

Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 10-13800 (SCC)

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

INNKEEPERS USA TRUST, ET AL,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        One Bowling Green

        New York, New York

        September 2, 2010

        4:04 PM

B E F O R E:

HON. SHELLEY C. CHAPMAN

U.S. BANKRUPTCY JUDGE

10-13800-scc Case 1:14-cv-09079-CSS/CM Doc 637 Filed 05/29/15 Page 3 of 4 Main Document
INKLETERS USA TRUST, ET AL
Pg 14 of 19

Page 14

1 delta of some three million dollars between their two bottom
2 lines.  Here I refer directly to Exhibit A to the Cook 2
3 declaration.  To the extent that the nonfloating rate objectors
4 are concerned that the CAPEX number is too low, I must defer to
5 the debtors' business judgment that the expenditure of the 1.5
6 percent will be adequate to maintain the properties and, more
7 importantly, that even if more must be spent if, for example,
8 an unanticipated emergency occurs at one of the properties,
9 they will do so to protect the value of the properties.  In
10 other words, the tail must not wag the dog.  The need to avoid
11 intertranche borrowings must not result in impairment of the
12 physical collateral.
13         With respect to professional fees, while it is
14 certainly the case that holdbacks are generally paid and
15 released with some regularity, it is certainly not written in
16 stone whether and when the full twenty percent holdback gets
17 released.  We have some control over that and given that such
18 fees are the largest item in the Greenspan vs. Cook
19 controversy, I believe we can manage around that issue to
20 ensure that professional fees in and of themselves do not
21 precipitate intertranche borrowing if at all possible.
22         Regarding the committee's objection to the granting of
23 superpriority claims with respect to avoidance actions or the
24 proceeds thereof, I agree with the committee's position and
25 decline to grant the superpriority claims.  Even though their

10-13800-scc Case 1:14-cv-09799-CSS/0xc1637-2terFile005/2290145:27ag8e 4M6in Document
INNKEEPERS USA TRUST, ET AL
Pg 15 of 19

Page 15

```
 1   quest for liens on the avoidance actions was withdrawn, I
 2   believe the committee's objection should be sustained as the
 3   withdrawal of the request for liens gives relatively empty
 4   protection if the superpriority claims still remain.
 5        In sum, I believe the multiple layers and types of
 6   reporting that the debtors have built into the system
 7   constitute sufficient adequate protection under the
 8   circumstances and I decline to modify the proposed protocol and
 9   impose additional burdens and costs on the debtors at this
10   point in their Chapter 11 cases.  I find that the debtors have
11   sustained their burden to demonstrate that the consolidated
12   cash management system and proposed adequate protection scheme
13   are an appropriate exercise of their business judgment and that
14   the lenders whose cash collateral is being used are adequately
15   protected as contemplated by the Bankruptcy Code.
16        Should Midland, LNR or any of the other objectors
17   encounter a specific problem with reporting or any other aspect
18   of the proposed adequate protection that cannot be resolved
19   between the parties, such party has the right to come to this
20   court and seek immediate relief -- someone's shuffling papers,
21   so I hope you all heard that.
22        All right.  Mr. Carmel?
23        MR. CARMEL:  Yes, Your Honor?
24        THE COURT:  All right.  That's all I have.  I have
25   reviewed the order and other than the point with respect to the
```