IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 466** |
| | ) **Objection Deadline: May 29, 2014 at 4:00 p.m.** |
| | ) **Hearing Date and Time: June 5, 2014 at 9:30 a.m.** |

**LIMITED OBJECTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

The ad hoc group of certain holders (the "Ad Hoc Group of TCEH Unsecured Noteholders") of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the "Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc., by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and

---

[1] The last four digits of Energy Future Holdings Corp.'s federal tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Statements of Financial Affairs [Docket No. 466] (the "Extension Motion").[2]  In support of the Limited Objection, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully represents as follows:

## LIMITED OBJECTION

1. By the Extension Motion, each of the Debtors seeks an additional thirty days – i.e., through June 30, 2014 – to complete and file its Schedules and Statements. Extension Motion ¶ 9.  The sole basis for that extension is the purported "enormous" burden that compiling such information imposes on the Debtors' resources, presumably occasioned by the time and resources being devoted by the Debtors and their professionals to pursuing the transactions contemplated by the Restructuring Support and Lock-Up Agreement dated as of April 29, 2014 (as amended, the "RSA") including the launch of two tender offers without court approval, the negotiation and documentation of multiple proposed DIP financings that are designed primarily to lock-in the plan of reorganization envisioned by the RSA (and simultaneously eliminate other alternatives), and the preparation of a disclosure statement (which the RSA requires be filed by June 15), and the actual plan envisioned by the RSA. Extension Motion ¶¶ 7-10.

2. In making that plea, the Debtors on both the E-side and the T-side are turning the Bankruptcy Code on its head.  The Bankruptcy Code and Rules are premised on basic financial disclosures being filed first, followed by plan processes.  Here, however, the prolonged lack of access to basic material information concerning each Debtor's assets and liabilities will significantly hamper the ability of stakeholders to meaningfully analyze and respond to substantive RSA relief requested by the Debtors as part of the RSA assumption and plan

---

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Extension Motion.

processes. Given the Debtors' continued insistence on prosecuting these chapter 11 cases at breakneck speed, the threat of prejudice – particularly to general unsecured creditors such as the Ad Hoc Group of TCEH Unsecured Creditors, which the Debtors have historically and are currently preventing from performing any meaningful due diligence – is real.

3.  The Debtors' proposed schedule for locking in a plan for these cases creates a compelling and immediate need for stakeholders to understand the inter-Debtor, insider, and third party claims that should be disclosed in the Schedules and Statements and that are to be released by the plan contemplated by the RSA. Already, the Debtors have filed a motion requesting authority to assume the RSA. See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay [Docket No. 505] (the "RSA Assumption Motion"). To the extent assumed, that agreement would obligate the TCEH Debtors to support a plan of reorganization that releases and cancels significant inter-Debtor, insider and third party claims. See RSA, Ex. A at 13. The Debtors, however, have required all parties to object to the RSA Assumption Motion by June 20, 2014, i.e., ten days before gaining access to material inter-Debtor information in the Debtors' Schedules and Statements. By requesting authority to file their Schedules and Statements by June 30, 2014, the Debtors seek to force their stakeholders to challenge the RSA – and its treatment of inter-Debtor, insider and third party claims – without access to entity-specific information necessary to understand the scope and nature of those claims. Notably, this information must surely exist. How else could each of the Debtors have fulfilled their fiduciary duties to their respective stakeholders without having first reviewed and analyzed information regarding the claims the RSA contemplates releasing?

NEWYORK 9219621

4. To prevent such prejudice, and to reset the traditional sequencing contemplated by the Bankruptcy Code and Rules, the Ad Hoc Group of TCEH Unsecured Noteholders objects to the Extension Motion, to the extent the TCEH Debtors continue to seek substantive relief in the form of authorization to assume the RSA in advance of the publication of their Schedules and Statements. The Ad Hoc Group of TCEH Unsecured Noteholders does not object to the Extension Motion, to the extent it seeks additional time to file Schedules and Statements of Debtors other than the TCEH Debtors.

Dated: May 29, 2014
Wilmington, Delaware

                FOX ROTHSCHILD LLP

By: */s/ Jeffrey M. Schlerf*
     Jeffrey M. Schlerf (No. 3047)
     John H. Strock (No. 4965)
     L. John Bird (No. 5310)
     919 North Market St., Suite 300
     Wilmington, DE 19899-2323
     Telephone: (302) 654-7444
     Facsimile: (302) 463-4971
     jschlerf@foxrothschild.com
     jstrock@foxrothschild.com
     lbird@foxrothschild.com

     and

     WHITE & CASE LLP
     Thomas E Lauria (admitted *pro hac vice*)
     Matthew C. Brown (admitted *pro hac vice*)
     Southeast Financial Center, Suite 4900
     200 South Biscayne Blvd.
     Miami, FL 33131
     Telephone: (305) 371-2700
     Facsimile: (305) 358-5744
     tlauria@whitecase.com
     mbrown@whitecase.com

     J. Christopher Shore (admitted *pro hac vice*)
     Gregory M. Starner (admitted *pro hac vice*)
     1155 Avenue of the Americas
     New York, NY 10036
     Telephone: (212) 819-8200
     Facsimile: (212) 354-8113
     cshore@whitecase.com
     gstarner@whitecase.com

     *Counsel to the Ad Hoc Group of*
     *TCEH Unsecured Noteholders*