## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING THE
DEBTORS TO RETAIN AND EMPLOY FILSINGER ENERGY PARTNERS AS
ENERGY CONSULTANT EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Filsinger Energy Partners ("FEP") as energy consultants effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, and the Filsinger Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

appropriate notice of the Application and the opportunity for a hearing on the Application under

the circumstances; and the Court having reviewed the Application and having heard the

statements in support of the relief requested therein at a hearing, if any, before the Court (the

"Hearing"); and the Court having determined that the legal and factual bases set forth in the

Application and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.     The Application is granted to the extent set forth herein, effective *nunc pro tunc*

to the Petition Date.

2.     The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the

Bankruptcy Code to employ and retain FEP as the Debtors' energy consultant in accordance with

the terms and conditions set forth in the Application and in the Engagement Letter attached to the

Application as **Exhibit C**, subject to the terms of this Order.

3.     The indemnification provisions in the Engagement Letter are approved, subject to

the following modifications, applicable during the pendency of these cases:

> (a) FEP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;
>
> (b) the Debtors shall have no obligation to indemnify FEP, or provide contribution or reimbursement to FEP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from FEP's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of FEP's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which FEP should not receive indemnity, contribution or

reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FEP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, FEP must file an application therefor in this Court, and the Debtors may not pay any such amounts to FEP before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FEP for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify FEP. All Parties-In-Interest shall retain the right to object to any demand by FEP for indemnification, contribution or reimbursement.

4.      Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with FEP's engagement by the Debtors and the Engagement Letter, including without limitation, the indemnification provisions outlined in the Engagement Letter.

5.      FEP will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that FEP shall be compensated in accordance with the terms of the Engagement Letter and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE