## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO**
**RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP**
**AS INTERNAL AUDIT, INFORMATION SECURITY, AND TAX**
**CONSULTANTS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorization the Debtors to retain and employ PricewaterhouseCoopers LLP ("PwC") as internal audit, information security, and tax consultants effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application and the Hanlon Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein, effective *nunc pro tunc* to the Petition Date.

2.      The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain PwC as internal audit, information security, and tax consultants in accordance with the terms and conditions set forth in the Application and in the MSA attached to the Application as **Exhibit C**, subject to the terms of this Order.

3.      PWC shall be compensated for its services and reimbursed for any related expenses in accordance with the terms of the MSA and will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable Orders or procedures of this Court; provided however, notwithstanding anything to the contrary in any fee procedures, Orders or procedures of this Court or other applicable rules or guidelines, PwC personnel who provide services to or on behalf of the Debtors shall not be required to keep contemporaneous time

2

records of the services they have performed in one-tenth (1/10) of an hour increments, but instead PwC shall submit the following with every interim or final fee application:

(a) "Fixed Fee" and Estimated "Fixed Fee" – With respect to services rendered in connection with the MSA on a "fixed fee" or estimated "fixed fee" basis, PwC shall provide (i) a narrative describing the services rendered, and (ii) as an exhibit to each monthly, interim and final fee application that PwC files in these chapter 11 bankruptcy cases, a summary of hours incurred by each professional providing services, as well as the portion of the "fixed fee" (with respect to the Internal Audit Services) and the estimated "fixed fee" (with respect to the other Services) requested as compensation for such services.

(b) Hourly Services – With respect to any other services PwC provides to the Debtors (included services provided by PwC's bankruptcy retention and billing advisors), PwC shall provide (i) a narrative summarizing each project category and the services rendered under each project category, (ii) as an exhibit to each monthly, interim and final fee application that PwC files in these chapter 11 bankruptcy cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional, and (iii) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

4.     The information requirements set forth in Local Rule 2016-2(d) be modified and waived to the extent necessary to permit the foregoing.

5.     The indemnification provisions in the MSA are approved, subject to the following modifications, applicable during the pendency of these cases:

(c) PwC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the MSA for services other than those described in the MSA, unless such services and indemnification therefor are approved by the Bankruptcy Court;

(d) the Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United*

*Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the MSA as modified by this Order; and

(e) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the MSA (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefor in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All Parties-In-Interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement.

6.      Notwithstanding anything in the MSA to the contrary, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with PwC's engagement by the Debtors on behalf of the Debtors and the MSA, including, the indemnification provisions outlined in the MSA.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE