# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY ERNST & YOUNG LLP AS
PROVIDERS OF TAX ADVISORY AND INFORMATION TECHNOLOGY
SERVICES EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorization the Debtors to retain and employ Ernst & Young LLP ("EY") as providers of tax advisory and information technology services effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application and the Thiel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is granted to the extent set forth herein, effective *nunc pro tunc* to the Petition Date.

2.  The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain EY as providers of tax advisory and information technology services in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3.  EY is retained in accordance with the terms and conditions of the Engagement Letter, including the MSA, which, effective as of the Petition Date, is modified by subsections (a) – (e) below (the "Modified MSA"):

    (a) The Modified MSA applies only to Work (as defined in the Modified MSA) performed at any time after the Petition Date and until the effective date of the Debtors' confirmed plan of reorganization or liquidation of the Debtors' assets under chapter 11 or 7 of the Bankruptcy Code, or otherwise.

    (b) Any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Modified MSA or the services provided thereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Debtors or their subsidiaries or of EY) shall be brought in the Court or the applicable district court (if such district court withdraws the reference) and the Debtors and EY, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for

the resolution of such claims, causes of action or lawsuits. The Debtors and EY, and any and all successors and assigns thereof, waive trial by jury, such waiver being informed and freely made. If the Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the Debtors and EY and any and all successors and assigns thereof, agree to submit the dispute to binding arbitration, in accordance with the dispute resolution procedures as set forth in Attachment 8 to the Modified MSA. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Debtors, EY and any all successors and assigns thereof.

(c)    EY shall not be entitled to indemnification or reimbursement of expenses pursuant to the Modified MSA, unless such indemnification or reimbursement of expenses are approved by the Court.

(d)    The Debtors shall have no obligation to indemnify EY, or provide contribution or reimbursement to EY, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from EY's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of EY's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which EY should not receive indemnity, contribution or reimbursement under the terms of the Modified MSA.

(e)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, EY believes that it is entitled to the payment of any amounts by EFH Corporate Services Company or any of the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Modified MSA, including without limitation the advancement of defense costs, EY must file an application therefor in this Court, and the Debtors may not pay any such amounts to EY before the entry of an order by this Court approving the payment. This subparagraph (e) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by EY for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify EY. All Parties-In-Interest shall retain the right to object to any demand by EY for indemnification, contribution or reimbursement.

3

4. Except as expressly provided otherwise herein, this Order does not modify the terms or provisions for other professional services executed prior to the Petition Date.

5. Notwithstanding anything in the Modified MSA to the contrary, for the avoidance of doubt, until the effective date of the Debtors' confirmed plan of reorganization or liquidation of the Debtors' assets under chapter 11 or 7 of the Bankruptcy Code, or otherwise, the Court shall have jurisdiction over any and all matters arising under or in connection with EY's postpetition engagement by the Debtors and the Modified MSA, including without limitation, the indemnification provisions outlined in the Modified MSA.

6. EY will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, that EY shall be compensated in accordance with the terms of the Engagement Letter and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE