**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

Hearing Date: June 30, 2014 at 9:30 a.m.

Objection Deadline: June 12, 2014 at 4:00 p.m.

**APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") file this application (this "Application"), for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as independent auditor effective *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors submit the *Declaration of Randy Stokx in Support of the Application of Energy Future Holdings Corp.,* et al., *for Entry of an Order Authorizing the Debtors to Employ and Retain Deloitte & Touche LLP as the Independent Auditor, Effective* Nunc Pro Tunc *to the Petition Date* (the "Stokx Declaration"), a copy of which is attached hereto as **Exhibit B**. In further support of the Application, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 327(a), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1 and 2016-2.

**Relief Requested**

4.  By this Application, the Debtors seek entry of the Order authorizing the employment and retention of Deloitte & Touche pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2 as the Debtors' independent auditor in accordance with the terms and conditions set forth in those certain engagement letters (collectively, the "Engagement Letters"), dated as of November 19, 2013, between Energy Future Intermediate Holding Company ("EFIH") and

2

Deloitte & Touche and Energy Future Holdings Corp. ("EFH Corp.") and Deloitte & Touche, copies of which is attached hereto as **Exhibit C** and incorporated herein by reference.

## Background

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an interim order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp.*, Et Al., *in Support of First Day Motions* [D.I. 98].

## Deloitte & Touche's Qualifications

6. Deloitte & Touche is a public accounting firm with offices across the United States. Deloitte & Touche has a wealth of experience in acting as independent auditor and has performed such services in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. Deloitte & Touche is well-qualified and able to perform auditing services for the Debtors in a cost-effective, efficient, and timely manner. Deloitte & Touche's services fulfills an important need that are not provided by any of the Debtors' other professionals

7.      Deloitte & Touche has provided independent audit services in numerous large cases, including most recently: *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. Oct. 18, 2011) (approving retention of Deloitte & Touche as independent auditor); *In re Atrium Corp.*, No. 10-10150 (BLS) (Bankr. D. Del. Feb. 25, 2010) (same); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (KG) (Bankr. D. Del. Jan. 24, 2011) (same); *In re Neff Corp.*, No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 30, 2010) (same); *In re Citadel Broad. Corp.*, No. 09-17442 (BRL) (Bankr. S.D.N.Y. March 1, 2010) (same); *In re Freedom Communications Holdings, Inc.*, No. 09-13046 (BLS) (Bankr. D. Del. Sept. 1, 2009) (same).[2]

8.      In addition, since 1996, Deloitte & Touche has provided many of the Services (as defined below) to the Debtors.  In providing such prepetition professional services to the Debtors, Deloitte & Touche has become familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters.  Having worked with the Debtors' management and their other advisors, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.  Accordingly Deloitte & Touche is both well-qualified and able to act as the independent auditor of the Debtors in these chapter 11 cases in an efficient and timely manner.

**Services to Be Provided**

9.      Subject to to further order of the Court and consistent with the Engagement Letters, the Debtors request the employment and retention of Deloitte & Touche to perform (a) financial statement audits in accordance with the standards established by the Public Company Accounting Oversight Board (United States) or the American Institute of Certified Public

---

[2]   Because of the voluminous nature of the orders cited herein, they are not attached to the Application.  Copies of these orders are available on request of the Debtors' counsel.

4

Accountants, as applicable, including opinions on the effectiveness of internal control over financial reporting for the year ending December 31, 2014 and (b) reviews of the applicable Debtors' condensed interim financial information for each of the quarters in the year ending December 31, 2014 (the "Services").  The Services may also include accounting and financial reporting research and consultation related to the restructuring and related financing activities customarily provided by the independent auditor as may be required in large and complex chapter 11 cases like these cases that were not specifically contemplated in the Engagement Letters when they were drafted (the "Out of Scope Services").

10. The Debtors and Deloitte & Touche intend that all of the services that Deloitte & Touche will provide to the Debtors will be:  (a) appropriately directed by the Debtors so as to avoid duplicative efforts among the other professionals retained in the case; and (b) performed in accordance with applicable standards of the profession.  Any additional services beyond the scope of the Engagement Letters, other than the Out of Scope Services, would be subject to mutual agreement of the Debtors and Deloitte & Touche at that time.

### Efforts to Avoid Duplication of Services

11. The Debtors have chosen PricewaterhouseCoopers LLP ("PwC") to provide internal audit services, Ernst & Young LLP ("EY") to provide information technology services, and KPMG LLP ("KPMG") to provide bankruptcy accounting and tax advisory services (and together with PwC and EY, the "Professional Services Firms").  Deloitte & Touche has been chosen to provide independent audit services, which are distinct from the services to be provided by the other Professional Services Firms.  Moreover, Deloitte & Touche has and will continue to work closely with the Debtors to prevent any duplication of efforts in the course of its engagement with respect to the services being performed by the Professional Services Firms.

5

**Professional Compensation**

12. Deloitte & Touche's decision to accept this engagement to advise and assist the Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment and compensated for its services and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices.

13. Deloitte & Touche intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines (the "<u>Trustee Guidelines</u>") established by the U.S. Trustee and any other applicable procedures and orders of the Court, on an hourly basis. To that end, contemporaneously herewith, the Debtors have filed the *Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, pursuant to which Deloitte & Touche intends to submit requests for compensation.

14. As fully described in the Engagement Letters, initially, the fees for the Services, other than the Out of Scope Services, were anticipated to be approximately $5,000,000. However, additional procedures are expected to be performed with respect to the audit and review services due to the commencement of these chapter 11 cases. Deloitte & Touche will charge the "base audit" hourly rates set forth in the Stokx Declaration for the Services other than the Out of Scope Services. The Out of Scope Services will be billed at the "consultation" hourly rates set forth in the Stokx Declaration. The Out of Scope Services are customarily performed by the independent auditor in this context.

15. The Debtors paid approximately $625,000 as retainers under the Engagement Letters prior to the Petition Date. As of the Petition Date, approximately $180,000 of the retainer remained outstanding.

16. As provided by the Engagement Letters, Deloitte & Touche has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court. Hence, the Debtors submit that the fees to be paid to Deloitte & Touche, including the fees for the Out of Scope Services, are customary and appropriate for complex chapter 11 cases such as these.

17. Deloitte & Touche's specific compensation arrangement set forth in the Engagement Letters as modified herein and the Stokx Declaration is consistent with and typical of arrangements entered into by Deloitte & Touche and other comparable accounting firms in connection with the rendering of similar services to clients such as the Debtors. The fees are designed to fairly compensate Deloitte & Touche for the work of its accountants and auditors and are based on certain assumptions.

## **Deloitte & Touche's Disinterestedness**

18. In connection with the proposed retention by the Debtors in these chapter 11 cases, Deloitte & Touche received a list of parties-in-interest from the Debtors.

19. To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Stokx Declaration: (a) Deloitte & Touche is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and (b) Deloitte & Touche has no connection to the Debtors, their creditors, or their related parties.

20. Deloitte & Touche will continue to monitor potential conflicts or disqualifying circumstances going forward. To the extent that Deloitte & Touche discovers additional material

information that it determines requires disclosure, Deloitte & Touche will file promptly a supplemental declaration.

21.  The Debtors do not owe Deloitte & Touche any amount for services performed or expenses incurred prior to the Petition Date and, thus, Deloitte & Touche is not a prepetition creditor of the Debtors.

### Dispute Resolution Procedures

22.  The Debtors and Deloitte & Touche have agreed, subject to the Court's approval of this Application, to replace certain dispute resolution procedures in the Engagement Letter, with modified dispute resolution procedures as set forth in the Order, attached hereto as **Exhibit B**.  By this Application, the Debtors seek approval of this agreement by the Court. Indeed, similar dispute resolution procedures have been approved in this district.  *See In re Rotech Healthcare*, No. 13-10741 (PJW) (Bankr. D. Del. June 13, 2013) (approving similar dispute resolution procedures for the retention and employment of Deloitte & Touche).

### Basis for Relief

23.  Section 327(a) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C § 327(a).

24.  Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement

8

> for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

25. The terms and conditions of the Engagement Letters were negotiated at arm's length and in good faith. Furthermore, the proposed dispute resolution procedures, as set forth in the Order (which modify the dispute resolution provisions in the Engagement Letters), attached hereto as **Exhibit A**, are appropriate and reasonable for engagements of this kind. The Debtors and Deloitte & Touche respectfully submit that the terms of Deloitte & Touche's retention are customary and reasonable for independent auditor engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors, and all Parties-In-Interest.

## Notice

26. The Debtors shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured

notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company

LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Deloitte & Touche.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  May 29, 2014

                                                        */s/ Paul M. Keglevic*
                                                        Paul M. Keglevic
                                                        Executive Vice President, Chief Financial
                                                        Officer, and Co-Chief Restructuring Officer of
                                                        EFH Corp., EFIH, and TCEH LLC