# EXHIBIT C

## Engagement Letter



DANIEL J. DEFRANCESCHI
DIRECTOR
302- 651-7816
DEFRANCESCHI@RLF.COM

**HIGHLY CONFIDENTIAL**
**ATTORNEY CLIENT PRIVILEGED**

January 16, 2014

**VIA EMAIL**

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel,
Texas Competitive Electric Holding
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Intermediate Holding
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Competitive Holdings
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Re: Engagement of Richards, Layton & Finger, P.A.

Dear Mr. Wright,

We are very pleased that you have asked us to represent Energy Future Holdings Corp. and its direct and indirect subsidiaries (other than Oncor Holdings LLC and its subsidiaries) (collectively, "Oncor") (collectively, "you" or the "Company"), as its Delaware counsel in connection with a potential restructuring.

The purpose of this letter is to confirm and establish our agreement with regard to the nature and scope of our retention and to provide you and the Company with a summary of obligations in connection with our retention.

For all purposes of this matter, the client shall be the Company. All duties and responsibilities created and imposed by this agreement shall be owed to the Company and not to any officer, agent, partnership, other corporation, trustee, employee or third party individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the court and other necessary parties.

In connection with this matter, we expect to assist the Company at its request in some or all of the following matters at the Company's sole direction:

a. representing the Company in any consensual out-of-court recapitalization or financial restructuring of the Company's obligations;

b. representing the Company in any strategic sale transactions;

c. preparing all petitions, motions, applications, orders, reports, and papers necessary or desirable to commence one or more cases under the Bankruptcy Code;

d. advising the Company of its rights, powers, and duties as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

e. taking action to protect and preserve the Company's estate, including the prosecution of actions on the Company's behalf, the defense of actions commenced against the Company in the chapter 11 case, the negotiation of disputes in which the Company is involved, and the preparation of objections to claims filed against the Company;

f. preparing on behalf of the Company all motions, applications, answers, orders, reports, and papers in connection with the administration of the Company's estate;

g. preparing the Company's plan;

h. preparing the Company's disclosure statement and any related documents and pleadings necessary to solicit votes on the Company's plan of reorganization;

i. prosecuting on behalf of the Company the proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

j. performing all other necessary or desirable legal services in connection with any such case under the Bankruptcy Code.

Our representation of the Company in this matter is limited to legal matters only. We are not qualified to give advice on non-legal matters such as accounting matters, investment prospects or other business advice, and we suggest that the Company obtain professionals in those fields if you wish advice in those areas.

Our fees for this matter will be based principally on the experience and expertise of the people who are providing services to the Company, and the amount of time spent on the project. Our current hourly rates for this project will range from $225 per hour to $800 per hour.

Our hourly rates are reviewed and revised from time to time. We will try to maintain a continuing awareness of the issue of cost-effectiveness, and you should feel free to communicate with me if you have questions about any of our statements.

There are various categories of charges -- for example, long distance phone charges, photocopying charges, filing fees, expert witness fees, court reporter fees, travel expenses, and charges for computerized research -- that will be billed to the Company's account in addition to our fees for services. Many of these charges will be incurred to third parties, such as expert witnesses and court reporters. When such charges exceed $1,000, we will normally arrange with third parties to bill the Company directly. For example, the fee charged by the Bankruptcy Court to file the bankruptcy case is $1,213.00 per petition. This amount must be paid at the time the petition is filed, or else the Bankruptcy Court Clerk will not accept the petition. Additionally, based on prior experiences in representing debtors and debtors in possession in bankruptcy cases, there are significant copying costs associated with the many pleadings, motions, applications, statements, schedules, and related documents that are required to be filed with the Bankruptcy Court and served on interested parties and creditors. It is our intention to bill the Company directly for the copying we do in-house at my firm, but to have any third party copy service provider bill you directly for copying services provided by such providers.

We will provide statements to you on a regular basis. Each statement will include a description of the services performed and a description of any costs and expenditures incurred by us on the Company's behalf for which we expect reimbursement. Our statements are due on receipt, subject to any administrative order that may be entered in connection with the bankruptcy case establishing procedures for the payment of fees and expenses to professionals retained in this case.

We also typically require an advance retainer as a condition to undertake a representation in matters such as this. In this case, we have requested and since received an initial retainer of $125,000. We intend to periodically draw down on the retainer as we provide services and incur expense and, as necessary, seek to have this retainer replenished from time to time as the matter moves forward. Before the filing of any bankruptcy case, we will also be requesting that the Company "refresh" the retainer to an amount of not less than $125,000 to act as an "evergreen" retainer that we will hold as security throughout the bankruptcy cases.[1] Upon completion or termination of our engagement, we will promptly return any remaining funds that are not credited against outstanding statements.

In the event that a bankruptcy case is filed on behalf of the Company, all attorneys' fees and expenses incurred on behalf of the debtor must be approved by the Bankruptcy Court based upon fee applications which we file periodically. Those applications contain a complete description of all of the services performed and the time spent performing those services. All entries are itemized in the fee application.

---

[1] For your convenience, we have attached instructions to wire the retainer to our account.

We will perform the legal services called for under this engagement, respond promptly to your inquiries and communications, and keep you informed of the status of your matter. It will be your responsibility to keep us apprised of the facts pertinent to our representation, review and comment on documents we prepare in the course of the engagement, and timely make payments required by this agreement.

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter (and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us and work product prepared for or on behalf of the Company). If permission for withdrawal is required by a Court, we will promptly apply for such permission, and you agree to engage successor counsel as and when reasonably practicable to represent you.

If you have any questions about the foregoing, please call me. If you are in agreement with the foregoing and it accurately represents your understanding of the Company's retainer with Richards, Layton & Finger, P.A., please execute the enclosed copy of this letter and return it to me. If not, kindly contact me as soon as possible. Please understand that we can assume no responsibility until the signed copy has been returned (and the required funds are received). We look forward to working with you on this engagement.

If you have any questions about any of these matters, please feel free to let me know. Otherwise, we will assume they are satisfactory to you.

Thank you again for selecting us to serve as Delaware counsel to the Company in connection with this matter.

Very truly yours,

RICHARDS, LAYTON & FINGER, P.A.

By: Daniel J. DeFranceschi
Daniel J. DeFranceschi
Authorized Representative

MDC/lma

Agreed and accepted this 5th day of Feb, 2014

ENERGY FUTURE HOLDINGS CORP.

By: Andrew M. Wright
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC

By: Andrew M. Wright
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC

By: Andrew M. Wright
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC

By: Andrew M. Wright
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel




**Instructions For Wire Transfers**

**FOR PAYMENT OTHER THAN INVOICES INCLUDING RETAINERS & SETTLEMENTS**

M&T Bank
(Escrow A/C)
Rodney Square North
Wilmington, Delaware 19890
ABA No. 022000046
Richards, Layton & Finger
Escrow A/C No. 2264-1166
**Please reference Client/Matter 740489/180326**