# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|   | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|   | ) |
| Debtors. | ) (Jointly Administered) |
|   | ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Kirkland & Ellis LLP ("K&E") as their attorneys effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Edward O. Sassower, P.C., a partner at K&E (the "Sassower Declaration"), and the declaration of Stacey Doré, the Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp. (the "Doré Declaration"); and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Sassower Declaration that (a) K&E does not hold or represent an interest adverse to the Debtors' estates and (b) K&E is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Application is granted to the extent set forth herein.

2.   The Debtors are authorized to retain and employ K&E as their attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3. K&E is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, K&E will render the following legal services:

- a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

- b. advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

- c. attending meetings and negotiating with representatives of creditors and other parties in interest;

- d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

- e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

- f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

- g. advising the Debtors in connection with any potential sale of assets;

- h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

- i. advising the Debtors regarding tax matters;

- j. taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

- k. performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens

3

against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4. K&E shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  K&E also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by K&E in these chapter 11 cases.

5. Notwithstanding anything in the Engagement Letter to the contrary, K&E shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to K&E.  K&E is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse K&E for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6. K&E shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by K&E to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. K&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. The Debtors and K&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10. To the extent the Application, the Sassower Declaration, the Doré Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Engagement Letter**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022
Phone: (212) 446-4800
Facsimile: (212) 446-4900

Dated as of June 19, 2012

**HIGHLY CONFIDENTIAL**
**ATTORNEY CLIENT PRIVILEGED**

| | |
|---|---|
| Ms. Stacey Doré | Ms. Stacey Doré |
| Executive Vice President, General Counsel, and | Senior Vice President, General Counsel, and |
| Co-Chief Restructuring Officer | Co-Chief Restructuring Officer |
| Energy Future Holdings Corp. | Texas Competitive Electric Holding Company LLC |
| 1601 Bryan Street | 1601 Bryan Street |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| | |
| Ms. Stacey Doré | Ms. Stacey Doré |
| Senior Vice President, General Counsel, and | Executive Vice President, General Counsel, and |
| Co-Chief Restructuring Officer | Co-Chief Restructuring Officer |
| Energy Future Intermediate Holding Company LLC | Energy Future Competitive Holdings Company LLC |
| 1601 Bryan Street | 1601 Bryan Street |
| Dallas, Texas 75201 | Dallas, Texas 75201 |

Re:    Retention Terms

Dear Ms. Doré:

**Scope of Retention.** We are very pleased that you have asked us to represent Energy Future Holdings Corp. and its direct and indirect subsidiaries other than Oncor Holdings LLC and its subsidiaries (collectively, "Oncor") (collectively, "you" or the "Company"), in connection with a potential restructuring. Please note, Kirkland & Ellis LLP's and Kirkland & Ellis International LLP's (collectively, "K&E LLP") representation is only of the Company; K&E LLP does not and will not represent any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.** This retention letter (this "Agreement") sets forth the terms of your retention of K&E LLP to provide legal services and constitutes an agreement between us. This Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where we otherwise agree in writing.

**Personnel.** I, along with my partners, will be primarily responsible for this engagement. Other attorneys and legal assistants will perform services during the course of this engagement.

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KE 28137442.17

**KIRKLAND & ELLIS LLP**

Ms. Stacey Doré
Page 2

We will involve such other lawyers and legal assistants in K&E LLP to the extent that your needs make such involvement desirable and acceptable to you.

**Fees.** K&E LLP will bill the Company for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments otherwise required by a court). We will charge the Company the same hourly rates as we charge our other restructuring clients. We reserve the right to adjust K&E LLP's billing rates once a year and we will give notice of such increase. In addition, the rate of an individual K&E LLP associate will increase once a year as that attorney moves to a more senior level in K&E LLP's rate grid for associates.

**Expenses.** Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges. By executing this Agreement below, you agree to pay for all charges in accordance with the K&E LLP's schedule of charges, a copy of which is attached hereto at **Schedule 1**, as revised from time to time.

**Billing Procedures.** Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt. We may adjust our billing cycle upon agreement with you. You may have the billing statement in any reasonable format you choose, but we will select an initial format for the statement unless you otherwise request in writing. Depending on the circumstances, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

**Retainer.** The Company will provide to K&E LLP, a "classic retainer" in the amount of US $6,000,000.00 as defined in *In re Production Associates, Ltd.*, 264 B.R. 180, 184–85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 997–99 (Bankr. N.D. Ill. 1990). As such, the classic retainer was earned by K&E LLP upon receipt. The initial amount of the classic retainer was set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles. K&E LLP's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable. Further, the Company agrees to replenish the classic retainer upon receiving invoices from K&E LLP so that the classic retainer amount remains at or above K&E LLP's estimated fees and expenses expected to be accrued and unpaid by the Company between payment cycles.

## KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 3

The classic retainer will be placed into K&E LLP's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit.

**Termination.**  Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication.**  K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you do not wish K&E LLP to discuss privileged matters on cell telephones with you or your professionals or agents.

K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you wish to institute a system to encode all e-mail between K&E LLP and you or your professionals or agents.

**File Retention.**  All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records.

**KIRKLAND & ELLIS LLP**

Ms. Stacey Doré
Page 4

We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest.** As is customary for a law firm of our size, there are numerous business entities, with which you currently have relationships, which K&E LLP has represented or currently represents in matters unrelated to you.

In undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients. Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including in connection with Restructuring Matters) in a matter in which K&E LLP may be retained. In the event a conflict of interest arises in the future between the Company and our other clients, K&E LLP shall notify the Company of the conflict (unless providing such notification to the Company would be a violation of K&E LLP's ethical duties to our other clients, in which case K&E LLP shall provide such notification to the Company once providing such notification will no longer violate K&E LLP's ethical duties to our other clients), and the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters substantially unrelated to this representation of the Company so long as we have reasonably determined that our responsibilities to the Company and the other client would not be adversely limited by the concurrent representations and that we can undertake each representation without violating any applicable ethical rules or (b) in other Restructuring Matters in which the Company may be a creditor or other party in interest of our other client. However, other than as described in clause (b) of the preceding sentence, K&E LLP may not represent other entities or persons in litigation, arbitration, or other dispute resolution procedure directly adverse to the Company. K&E LLP's retention during a Restructuring Case shall be subject to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"). As used herein, "Restructuring Matters" means matters: (a) arising in, arising under, or relating to, the Bankruptcy Code (or analogous state or foreign statute); (b) concerning a financing, refinancing, recapitalization, restructuring, or out-of-court workout of equity or debt; or (c) involving companies potentially in the zone of insolvency. We will screen all attorneys working for the Company from working on matters for other clients where we have obtained sensitive, proprietary, or other confidential information that, if known to our other client, could be used by the other client to your disadvantage. Notwithstanding anything herein to the contrary, each entity comprising the Company agrees that the foregoing waiver extends to any conflicts of interest with any other entity comprising the Company. The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as directors, officers, or employees) has the status of a client for conflict of interest purposes.

KE 28137442.17

KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 5

We inform you that certain entities owned by current or former K&E LLP attorneys and senior staff ("attorney investment entities") have investments in funds or companies that may, directly or indirectly, be affiliated with you, hold investments in your debt or equity securities or conduct commercial transactions with you (each a "Passive Holding"). The attorney investment entities are passive and have no management or other control rights in such funds or companies. We note that other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between K&E LLP's exercise of its independent professional judgment in rendering advice to you and the financial interest of our attorneys participating in the attorney investment entities, and such other persons might seek to limit your ability to use K&E LLP to advise you on a particular matter. While we cannot control what a person might assert or seek, we believe that K&E LLP's judgment will not be compromised by virtue of any Passive Holding. Please let us know if you have any questions or concerns regarding our Passive Holdings. By executing this letter, you acknowledge our disclosure of the foregoing.

**Restructuring Cases**. If it becomes necessary for you to commence a restructuring case under chapter 11 of the Bankruptcy Code ("Restructuring Case"), our ongoing employment by you will be subject to the approval of the court with jurisdiction over the petition. If necessary, K&E LLP will take steps necessary to prepare the disclosure materials required in connection with K&E LLP's retention as lead restructuring counsel. In the near term, K&E LLP will begin conflicts checks on potentially interested parties as provided by you.

If necessary, we will prepare a preliminary draft of a schedule describing K&E LLP's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although K&E LLP believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain K&E LLP.

If actual conflicts of interest arise in the Company's restructuring cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters.

**No Guarantee of Success.** It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Reimbursement of Expenses.** You agree promptly to reimburse us for all fees and expenses, including the amount of K&E LLP's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any third-party that relates to the legal

KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 6

services provided by us under this Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at depositions and trials.

**LLP.** Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract, or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment, or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous.** This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing below and returning it to me via electronic mail.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _____, P.C.
Edward O. Sassower, P.C.

KE 28137442.17

**KIRKLAND & ELLIS LLP**

Ms. Stacey Doré
Page 7

    Agreed and accepted this 31st day of December, 2013

ENERGY FUTURE HOLDINGS CORP.

By: ___/s/ Stacey H. Doré___
Name: Stacey Doré
Title: Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC

By: ___/s/ Stacey H. Doré___
Name: Stacey Doré
Title: Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer

TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC

By: ___/s/ Stacey H. Doré___
Name: Stacey Doré
Title: Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer

ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC

By: ___/s/ Stacey H. Doré___
Name: Stacey Doré
Title: Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer

KE 28137442.17

Schedule 1

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 01/10/2013*

The following outlines Kirkland & Ellis's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house K&E LLP personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor. If services are provided beyond those outlined below, pricing will be based on the K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**: The following list details the K&E LLP's charges for duplicating, reprographics and printing services:

    - Black and White Copy or Print (all sizes of paper):
        - $0.13 per impression for all U.S. offices
        - €0.10 per impression in Munich
        - £0.15 per impression in London
        - HK$1.00 per impression in Hong Kong
        - RMB1.00 per impression in Shanghai
    - Color Copy or Print (all sizes of paper):
        - $0.55 per impression
    - Scanned Images:
        - $0.13 per page for black and white or color scans
    - Other Services:
        - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
        - Binding - $0.70 per binding
        - Large or specialized binders - $13/$27
        - Tabs - $0.13 per item
        - OCR/File Conversion - $0.03 per page
        - Production Blowbacks - $0.10 per page for electronic batch printing over 500 pages

- **Secretarial and Word Processing**: Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**: Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KE 28137442.17

Schedule 1 - Page 2

out-of-hours overtime and such work could not have been done during normal working hours. If these conditions are satisfied, costs for related overtime meals and transportation will also be charged.

- **Travel Expenses**: We charge clients our out-of-pocket costs for travel expenses including associated travel agency fees. We charge coach fares (business class for international flights) unless the client has approved business-class, first-class or an upgrade. K&E LLP personnel are instructed to incur only reasonable airfare, hotel and meal expenses. K&E LLP negotiates, uses, and passes along volume discount hotel and air rates whenever practicable. However, certain retrospective rebates may not be passed along.

- **Catering Charges:** Clients will be charged for any in-house catering service provided in connection with client matters.

- **Communication Expenses**: We do not charge clients for telephone calls or faxes made from K&E LLP's offices with the exception of third-party conference calls and videoconferences.

  Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage**: We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for materials mailed on the client's behalf. K&E LLP negotiates, uses, and passes along volume discount rates whenever practicable.

- **Messengers**: We charge clients for the actual cost of a third party vendor messenger. Where a K&E LLP in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Library Research Services:** Library Research staff provides research and document retrieval services at the request of attorneys, and clients are charged per hour for these services. Any expenses incurred in connection with the request, such as outside retrieval service or online research charges, are passed on to the client at cost, including any applicable discounts.

- **Online Research Charges**: K&E LLP charges for costs incurred in using third-party online research services in connection with a client matter. K&E LLP

Schedule 1 - Page 3

    negotiates and uses discounts or special rates for online research services whenever possible and practicable and passes through the full benefit of any savings to the client based on actual usage.

- **Inter-Library Loan Services:** Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title. There is no client charge for borrowing books from K&E LLP libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

- **Off-Site Legal Files Storage**: Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**: K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes (GB). If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $3.50 per month/per GB until the data is either returned to the client or properly disposed of. For e-discovery data on the Relativity platform, K&E LLP will charge clients $9.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Calendar Court Services**: Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**: There is no client charge for standard office supplies. Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**: If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**: If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**: Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC

KE 28137442.17

Schedule 1 - Page 4

    and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.