**EXHIBIT C**
**Doré Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF STACEY H. DORÉ IN SUPPORT
OF THE DEBTOR'S APPLICATION FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND
& ELLIS LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Stacey H. Doré, being duly sworn, state the following under penalty of perjury:

1. I am the the Executive Vice President, General Counsel, and Co-Chief Restructuring Officer of EFH Corp., TCEH LLC, and EFIH, each located at 1601 Bryan Street, Dallas, TX 75201.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

**The Debtors' Selection of Counsel**

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings. Due to the potential legal complexities involved with these cases that may arise, the Debtors were particularly concerned with potential counsel's familiarity with restructuring within the energy sector. Using this review process, the Debtors considered several firms to serve as potential bankruptcy counsel. K&E's experience with restructuring energy companies was a key consideration for the Debtors.

5. Ultimately, the Debtors retained K&E because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code with debtors both inside and outside of the energy sector. Since the Debtors retained K&E in June 2012, K&E has worked closely and extensively with the Debtors to determine the best and most efficient means of reorganization. More specifically, K&E's nearly two years of work with the Debtors has given K&E unparalleled insight into the Debtors' business operations, financial challenges, divergent creditor constituencies, and the numerous legal issues that may arise in the context of these chapter 11 cases. I believe that K&E is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

**Rate Structure**

6. In my capacity as General Counsel, I, and my legal team, are responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. K&E has

informed the Debtors that its rates for bankruptcy representations are comparable to the rates K&E charges for non-bankruptcy representations.  As discussed below, I, and my legal team, are also responsible for reviewing the invoices regularly submitted by K&E, and can confirm that the rates K&E charged the Debtors in the prepetition period are the same as the rates K&E will charge the Debtors in the postpetition period, subject to periodic increases agreed to pursuant to the Engagement Letter.

### Cost Supervision

7.     The Debtors and K&E expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court for the period from April 29, 2014, to August 31, 2014, recognizing that in the course of these massive chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and K&E.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that K&E regularly submits, and, together with K&E, amend the budget and staffing plans periodically, as the case develops.

8.     As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved, the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 29, 2014

Respectfully submitted,

*/s/  Stacey H. Doré*
Stacey H. Doré
Executive Vice President, General Counsel, and Co-Chief Restructuring Officer of EFH Corp.; EFIH; and TCEH LLC