**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: June 30, 2014 at 9:30 a.m. |
| | Objection Deadline: June 13, 2014 at 4:00 p.m. |

**APPLICATION OF ENERGY FUTURE HOLDINGS**
**CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING**
**THE EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY**
**SOLUTIONS, LLC AS THE ADMINISTRATIVE ADVISOR FOR THE**
**DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Epiq Bankruptcy Solutions, LLC ("Epiq") as the administrative advisor for the Debtors effective *nunc pro tunc* to the Petition Date (as defined herein).   In support of this Application, the Debtors submit the *Declaration of James Katchadurian in Support of the Application of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Authorizing the Debtors to Employ and Retain Epiq Bankruptcy Solutions, LLC as the Administrative Advisor for the Debtors, Effective* Nunc Pro Tunc *to the Petition Date* (the "Katchadurian Declaration"), attached hereto as **Exhibit B**.   In further support of this Application, the Debtors respectfully state as follows.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 327(a), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1 and 2016-2.

**Relief Requested**

4.     By this Application, the Debtors seek entry of an Order authorizing the employment and retention of Epiq pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2 as the Debtors' administrative advisor in accordance with the terms and conditions set forth in that certain engagement letter effective as of March 20, 2013, as amended by that certain amendment dated as of January 7, 2014, between Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holding Company LLC ("EFIH"), Energy Future Competitive Holdings

Company LLC ("EFCH"), and Texas Competitive Electric Holdings Company LLC ("TCEH LLC," and together with EFH Corp., EFIH, and EFCH, the "Company Parties"), attached hereto as **Exhibit C** and incorporated herein by reference (the "Engagement Letter").

5.     This Application supplements the Debtors' application to retain Epiq to serve as the claims and noticing agent in these cases under 28 U.S.C. § 156(c) (the "Section 156(c) Application"), which was approved by the Court on May 2, 2014 [Docket No. 321]and seeks approval for Epiq to perform duties outside of the scope of 28 U.S.C. § 156(c).

### Background

6.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an interim order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp.*, et al., *in Support of First Day Motions* [D.I. 98].

### Epiq's Qualifications

7.     Epiq is one of the country's leading chapter 11 administrators, with significant experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Epiq has substantial experience providing services, including administrative services, in matters comparable in size and complexity to this matter.

8.      Since its inception in 1988, Epiq has provided administrative services in numerous large cases, including most recently: *In re Dex One Corp.*, No. 13-10533 (Bankr. D. Del. April 10, 2013); *In re Satcon Tech. Corp.*, No. 12-12869 (Bankr. D. Del. Oct. 18, 2012); *In re Prince Sports, Inc.*, No. 12-11439 (Bankr. D. Del. May 2, 2012); *In re Amicus Wind Down Corp.*, No. 11-13167 (Bankr. D. Del. Oct. 6, 2011); *In re SSI Grp. Holding Corp.*, No. 11-12917 (Bankr. D. Del. Sept. 15, 2011); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. July 19, 2011); *In re Anchor Blue Holding Corp.*, No. 11-10110 (Bankr. D. Del. Jan. 12, 2011); *In re Post-Sale Co. II, LLC*, No. 10-13308 (Bankr. D. Del. Oct. 14, 2010), *In re Trico Marine Servs., Inc.*, No. 10-12653 (Bankr. D. Del. Aug. 27, 2010); *In re Leslie Controls, Inc.*, No. 10-12199 (Bankr. D. Del. July 14, 2010); *In re PCAA Parent, LLC*, No. 10-10250 (Bankr. D. Del. Jan. 29, 2010).[2]

9.      In addition, since March 20, 2013, Epiq has provided many of the Administrative Services (as defined below), to the Debtors in connection with their restructuring efforts.   In providing such prepetition professional services to the Debtors, Epiq has become familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters.   Having worked with the Debtors' management and their other advisors, Epiq has developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.   Accordingly Epiq is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[2]     Because of the voluminous nature of the orders cited herein, they are not attached to the Application.  Copies of these orders are available on request of the Debtors' counsel.

### Services to be Provided

10.     The Debtors seek to retain Epiq to provide, among other things, the following bankruptcy administrative services (the "Administrative Services"), if and to the extent the Debtors request:

    (a) balloting and tabulation services in connection with the solicitation process for any prepackaged or prearranged chapter 11 plan, including:

        i.    consulting regarding timing issues, voting and tabulation procedures, and documents needed for the vote, and reviewing appropriate sections of the disclosure statement, plan, and ballots;

        ii.    assisting with obtaining information regarding members of voting classes, including lists of holders of bonds from the Depository Trust Corporation, lenders, and other entities;

        iii.    coordinating distribution of solicitation documents;

        iv.    responding to requests for documents from parties in interest, including lenders, brokerage firm and bank back-offices, and institutional holders;

        v.    responding to telephone inquiries from lenders, bondholders, and nominees regarding the disclosure statement and the voting procedures;

        vi.    establishing a website for posting solicitation documents;

        vii.    receiving, examining, and date-stamping all ballots and master ballots cast by voting parties; and

        viii.    tabulating all ballots and master ballots received, and preparing a certification for filing with the court;

    (b) assisting with certain administrative tasks in the preparation for bankruptcy, including the preparation of the creditor matrix, first day filings, schedules of assets and liabilities, and statements of financial affairs, including:

        i.    coordinating with the Debtors and their advisors regarding the data collection process, requirements, timelines, and deliverables;

        ii.      creating and maintaining databases for maintenance and formatting of necessary data, and providing data entry and quality assurance assistance as needed;

(c) providing such other claims processing, noticing, solicitation, balloting, and administrative services described in the Engagement Letter, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors.

11.     For the avoidance of doubt, pursuant to the Engagement Letter, Epiq will perform the Administrative Services for EFH Corp. and its direct and indirect subsidiaries, other than Oncor Holdings LLC and its subsidiaries.

### Professional Compensation

12.     The fees Epiq will charge in connection with its Administrative Services to the Debtors are set forth in the Engagement Letter.  Epiq's rates are competitive and comparable to the rates Epiq's competitors charge for similar services and are reasonable given the quality of Epiq's services and Epiq's bankruptcy expertise.  Epiq will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Letter.

13.     Prior to the Petition Date, the Debtors paid Epiq a total of $885,971 relating to services provided to the Debtors including a retainer in the amount of $100,000, of which $47,972 remains unapplied as of the Petition Date.  Epiq seeks to hold the remaining retainer amount under the Engagement Letter during the cases as security for the payment of fees and expenses incurred under the Engagement Letter.

14.     Epiq intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the Administrative Services it provides, pursuant to this Application, as the administrative advisor in these chapter 11 cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the

guidelines established by the United States Trustee for the District of Delaware, and further orders of the Court.

**Indemnification Provisions**

15.     As part of the overall compensation payable to Epiq under the terms of the Engagement Letter, the Debtors have agreed to certain indemnification obligations as specifically enumerated in the Engagement Letter.  The Engagement Letter contains the standard indemnification language with respect to Epiq's services including, but not limited to, the following:

> (a) The Company agrees to indemnify and hold harmless Epiq, its affiliates, and their respective personnel (collectively, the "Indemnified Persons") from and against any and all losses, claims, damages, liabilities, costs (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), to which any Indemnified Person may become subject or involved in any capacity arising out of or relating to the Engagement Letter or Epiq's rendering of services pursuant thereto, other than Losses to the extent resulting from Epiq's gross negligence or willful misconduct.

> (b) Indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of the Company, and shall survive termination of the Engagement Letter until the expiration of all applicable statutes of limitation with respect to Epiq's liabilities.

> (c) If the Company so elects, the Company will assume the defense of such claim, action or proceedings, including the employment of counsel and the payment of the fees and disbursements of such counsel.

16.     The Debtors and Epiq believe that the indemnification provisions contained in the Engagement Letter are customary and reasonable for Epiq and comparable firms providing administrative advisory services.  In addition, pursuant to the Order, the Debtors seek to qualify and limit the indemnification provisions as follows:

> (a) prohibiting Epiq from receiving indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than

those described in the Engagement Letter, unless such services and indemnification are approved by the Court;

(b) eliminating the Company's obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter (as modified by the Order); and

(c) requiring Epiq to file an application with the Court if it believes it is entitled to the payment of any amounts by the Company on account of the Company's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including, without limitation, the advancement of defense costs, (as modified by the Order) before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases and prohibiting the Debtors from paying any such amounts to Epiq before the entry of an order by the Court approving such payment.

17.     These indemnification provisions, as qualified and limited by the Order, are customary in this district and others.  *See*, *e.g.*, *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (KG) (Bankr. D. Del. Feb. 18, 2011) (approving similar modified indemnification provisions for the retention and employment of Alvarez & Marsal North America, LLC); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (KG) (Bankr. D. Del. Dec. 17, 2010) (same); *In re Atrium Corp.*, No. 10-10150 (BLS) (Bankr. D. Del. Feb. 24, 2010) (approving similar modified indemnification provisions for the retention and employment of Deloitte Financial Advisory Services LLP); *In re Majestic Star Casino, LLC*, No. 09-14136 (KG) (Bankr. D. Del. Dec. 17, 2009) (approving similar modified indemnification provisions for the retention and employment of Moelis & Company LLC); *In re Muzak Holdings LLC*, No. 09-10422 (KJC)

(Bankr. D. Del. April 6, 2009) (approving similar modified indemnification provisions for the retention and employment of Moelis & Company LLC).

18.     Moreover, the terms and conditions of the indemnification provisions were negotiated by the Company Parties and Epiq at arm's length and in good faith.  The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of Epiq's proposed retention, are reasonable and in the best interest of the Debtors, their estates, and creditors in light of the fact that the Debtors require Epiq's services to successfully reorganize. Accordingly, as part of this Application, the Debtors request that the Court approve the indemnification provisions as set forth in the Engagement Letter and as modified pursuant to the Order.

### Epiq's Disinterestedness

19.     In connection with the proposed retention by the Debtors in these chapter 11 cases, Epiq received a list of parties-in-interest from the Company (the "Parties-In-Interest") attached hereto as **Schedule 2**.

20.     Epiq has reviewed the list of Parties-In-Interest.  To the best of the Epiq's knowledge, as of the date hereof, and except to the extent disclosed herein and in the Katchadurian Declaration, Epiq:  (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and (c) has no material connection to the Debtors, their creditors, or their related parties.

21.     Given the large number of Parties-In-Interest in these chapter 11 cases, despite the efforts to identify and disclose Epiq's relationships with Parties-In-Interest in these chapter 11 cases, Epiq is unable to state with certainty that every client relationship or other connection has been disclosed in the Katchadurian Declaration.  To the extent that Epiq discovers any new

relevant facts or relationships bearing on the matters described herein during the period of Epiq's

retention, Epiq will use reasonable efforts to promptly file a supplemental declaration as required

by Bankruptcy Rule 2014(a).

22.     The Debtors are informed that Epiq will not share any compensation to be paid by

the Debtors in connection with Administrative Services to be performed after the Petition Date

with any other person, other than other principals and employees of Epiq, to the extent required

by section 504 of the Bankruptcy Code.

**Basis for Relief**

23.     Section 327(a) of the Bankruptcy Code provides that a debtor subject to court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C § 327(a).

Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States Trustee, or any person employed in the office of the
> United States Trustee.

Fed. R. Bankr. P. 2014.

24.     The terms and conditions of the Engagement Letter, including the indemnification

provisions contained therein, were negotiated by the Company Parties and Epiq at arm's length

and in good faith.  The Debtors and Epiq respectfully submit that the terms of Epiq's retention

are customary and reasonable for administrative advisory engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors, and all Parties-In-Interest.

## Notice

25.    The Debtors shall provide notice of this Application on the date hereof via U.S. first class mail to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior

secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Epiq.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

26.    No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  May 29, 2014

/s/ Stacey H. Doré
Stacey H. Doré
Executive Vice President, General Counsel,
and Co-Chief Restructuring Officer of EFH
Corp., EFIH, and TCEH LLC