## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SIDLEY
AUSTIN LLP AS SPECIAL COUNSEL FOR CERTAIN CORPORATE AND
LITIGATION MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to

employ and retain Sidley Austin LLP ("Sidley") as special counsel to the Debtors, to continue

providing legal services, on an as-needed basis as determined by the Debtors, in accordance with

the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the

Petition Date, all as more fully set forth in the Application, the Caruso Declaration, and the Doré

Declaration; and the Court having found that it has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interests of the Debtors'

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

estates, their creditors, and other parties-in-interest; and the Court having found that the Debtors

provided appropriate notice of the Application and the opportunity for a hearing on the

Application under the circumstances; and the Court having reviewed the Application and having

heard the statements in support of the relief requested therein at a hearing, if any, before the

Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth

in the Application and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted, to the extent set forth herein, effective *nunc
pro tunc* to the Petition Date.

2.      The Debtors are authorized to retain and employ Sidley as special counsel

to the Debtors, to continue providing legal services, on an as-needed basis as determined by the

Debtors, effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions

set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3.      Sidley shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of

the Court.  Sidley also intends to make a reasonable effort to comply with the U.S. Trustee's

request for information and additional disclosures as set forth in the *Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with

this application and the interim and final fee applications to be filed by Sidley in these chapter 11 cases.

4.      Notwithstanding anything in the Engagement Letter to the contrary, Sidley shall apply any remaining amounts of the Advanced Payment Retainer and the EPA Advance Payment toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Sidley.  Sidley is authorized without further order of the Court to allocate amounts from the Advance Payment Retainer and the EPA Advance Payment that would otherwise be allocated toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Sidley for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

5.      Sidley shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Sidley to provide services to the Debtors, if any, and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6.      Sidley shall provide ten business days notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.      The Debtors and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9.     To the extent the Application, the Caruso Declaration, the Doré Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

10.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1 TO EXHIBIT A

### Engagement Letter

# SIDLEY 

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 736 8000
(202) 736 8711 FAX

BEIJING          HONG KONG        SHANGHAI
BOSTON           HOUSTON          SINGAPORE
BRUSSELS         LONDON           SYDNEY
CHICAGO          LOS ANGELES      TOKYO
DALLAS           NEW YORK         WASHINGTON, D.C.
FRANKFURT        PALO ALTO
GENEVA           SAN FRANCISCO

pkeisler@sidley.com
(202) 736 8027

FOUNDED 1866

~~SIDLEY DRAFT  06/21/13~~

June 21, 2013

**PRIVILEGED AND CONFIDENTIAL**

Stacey H. Doré
Executive Vice President and General Counsel
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, TX  75291

Dear Stacey:

    Sidley Austin LLP ("Sidley") is pleased that you have asked us to serve as your special counsel. This letter governs the terms of our engagement by you. We have received your Outside Legal Counsel Policy and agree that it also governs the terms of our engagement by you. We also agree that to the extent of a conflict between this letter and your Outside Legal Counsel Policy, the Outside Legal Counsel Policy will control, except as to Section X of the Outside Legal Counsel Policy entitled "Other Clients," which will not apply to this engagement. If this letter is acceptable to you, please sign two copies in the space provided, retain one copy and return the other copy to me.

    Clients. Our clients will be Energy Future Holdings Corp.; Energy Future Competitive Holdings Company; Texas Competitive Electric Holdings, LLC;  and Energy Future Intermediate Holding Company LLC (the "Clients").

    Matter; Scope. We will evaluate whether the Clients have or may have claims or causes of action against Kohlberg Kravis Roberts & Co LP,  TPG Global, LLC and GS Capital Partners (collectively, the "Sponsors") arising out of (i) that certain Merger Agreement dated February 25, 2007 pursuant to which the Sponsors, together with entities advised by or affiliated with the Sponsors, became the direct or indirect shareholders of the Clients (the "Merger"), (ii) all transactions relating to the Merger, including the acquisition financing arranged for the Merger, (iii) advisory fees, management fees and financing fees paid by the Clients to the Sponsors from the date of the Merger through the present, and (iv) such other events or transactions as may hereafter be identified by the Clients.

Sidley Austin LLP (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

DC1 4077676v.1

---

2



Stacey H. Dore
June 14, 2013
Page 2

Fees and Expenses. Our fees relating to this matter will be based on the billing rate for each attorney and legal assistant (as well as any other relevant timekeeper), as applicable, devoting time to the matter. Our billing rates for attorneys in our United States offices currently range from $370 per hour for new associates to $1,100 per hour for senior partners. Time devoted by legal assistants in those offices is currently charged at billing rates ranging from $210 per hour to $340 per hour. These billing rates are subject to change from time to time.

We will include on our bills charges for performing services such as document reproduction, messenger and overnight courier service, travel, long-distance telephone, facsimile and telecopy, document processing, and search and filing fees. Fees and expenses of others (such as outside experts, consultants, other non-legal professionals and local co-counsel) generally will not be paid by us, but will be billed directly to the Clients. More detailed information with respect to our expense recovery policies and procedures, which are an integral part of our agreement with you as reflected in this letter, can be accessed on our website at http://www.sidley.com/costrecoveryandpreadmittancebillingratepolicy/us/. These policies and procedures take into account, among other things, a number of special programs that we have entered into with certain of our vendors and independent service providers.

Concurrent with your execution of this letter, the Clients shall pay to us an advance payment retainer in the amount of $1 million (the "Advance Payment Retainer"). The Advance Payment Retainer will immediately become the property of Sidley upon receipt by us, and upon its receipt will be deposited into a Sidley operating account. At no time will the Advance Payment Retainer (or any portion thereof) be transferred to or held in a client trust, custodial or escrow account.

Sidley's fees and expenses, whether or not invoiced or recorded, will be satisfied from the Advance Payment Retainer as and when services are actually rendered by Sidley. During the course of this representation, by the 15th of each month for the prior month, we will send you invoices for fees and expenses that have been incurred. The Clients will promptly remit funds in the invoiced amount to replenish the Advance Payment Retainer upon receipt of an invoice. If it appears that the services to be provided by Sidley for this matter will exceed $1 million per month, the Clients will increase the Advance Payment Retainer commensurately to ensure that the Advance Payment Retainer is never exhausted. At the conclusion of this representation and after payment of all of Sidley's fees and expenses, we will refund to the Clients, without interest, the remaining balance (if any) of the Advance Payment Retainer.

Conflicts. We have numerous clients, and many of these clients rely upon us for general representation. We also represent clients with interests in debt of you or certain of your affiliates as well as clients that may compete with you or your affiliates or have an interest in certain of your markets or assets. We have provided advice to them regarding those positions and interests.

DC1 4077676v.1

3



Stacey H. Dore
June 14, 2013
Page 3

Although we hope that it never happens, it is possible that an adverse relationship (including litigation) may develop in the future between you and one of our other current or future clients. If we are not representing you in that matter, and the matter in which you and another client have adverse interests is not substantially related to our representation of you in this matter, you agree that we may represent the other client, you waive any conflict arising from such representation, and you agree you will not seek to disqualify or otherwise seek to prevent us from representing such other client. Without limiting the foregoing, you agree that, if one or more of the Clients becomes the subject of a sale process, we may represent another client in its capacity as a buyer, or potential buyer, of the Client(s) or its/their assets. If we do so, we will sequester from the lawyers working for our other client any confidential information we have obtained from you, and we will ensure that no lawyers working on your matters work on the sale matter.

It will be incumbent on us to determine whether a matter in which we represent another client with adverse interests to yours is substantially related to a matter in which we represent you and to so advise you, as soon as practicable consistent with out confidentiality obligations to the other client. Moreover, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used by the other client to your material disadvantage, unless we can demonstrate to your reasonable satisfaction that any confidential information we have obtained would be sequestered from the lawyers working for our other client and you provide us with an express written waiver of conflict after having received such satisfactory assurance. You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) prior to agreeing to this waiver, and have made your own decision about whether to do so.

Term of Engagement. Either the Clients or Sidley may terminate our representation in this matter at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. If we terminate the representation before it is concluded, we will take such steps as are reasonably practicable to protect the Clients' interests in the matter.

Unless previously terminated, our engagement in the matter and our representation of the Clients will terminate upon the earlier of (i) the completion by us or abandonment by you of the matter and (ii) our sending our final statement for services rendered in the matter.

*   *   *

Again, we very much appreciate the opportunity to serve you.

DC1 4077676v.1

4



Stacey H. Dore
June 14, 2013
Page 4

Very truly yours,

Peter D. Keisler

Acknowledged and Agreed

By:

Stacey Doré, Executive Vice President and
General Counsel

5