# EXIBIT C

**Doré Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979(CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF STACEY H. DORÉ IN SUPPORT OF
THE APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*., FOR AN
ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
SIDLEY AUSTIN LLP AS SPECIAL COUNSEL FOR CERTAIN CORPORATE
AND LITIGATION MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Stacey H. Doré, being duly sworn, state the following under penalty of perjury:

1. I am the the Executive Vice President and General Counsel of EFH Corp., located at 1601 Bryan Street, Dallas, TX 75201.

2. I submit this declaration (the "Declaration") in support of the *Application of Energy Future Holdings Corp.,* et al.*, for an Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective* Nunc Pro Tunc *to the Petition Date* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

**The Debtors' Selection of Counsel**

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 special counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4. To that end, the review process utilized by the Debtors to select special counsel for certain corporate and litigation matters assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.  Due to the potential legal complexities involved with these chapter 11 cases that may arise, the Debtors were particularly concerned with potential counsel's familiarity with the Debtors' financial affairs, business operations, and any pending legal matters.  Using this review process, the Debtors considered several firms to serve as potential special counsel for certain corporate and litigation matters, including Sidley. Sidley's experience with high-stakes litigation was a key consideration for the Debtors.

5. Ultimately, the Debtors retained Sidley because of Sidley's broad transactional expertise, including experience in securities law, mergers and acquisitions, corporate reorganization and public finance, as well as Sidley's extensive litigation practice in virtually every area of substantive law, notably Sidley's experience providing legal services for environmental matters, including those pending before the EPA. Furthermore, Sidley has provided legal services to the Debtors since July 15, 2011, when Sidley was retained by the Debtors in connection with the EPA Matters. Sidley's nearly four years of work in providing prepetition professional services to the Debtors has given Sidley insight into the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters, as well as the numerous legal issues that may arise in the context of these chapter 11 cases.  Having worked with the Debtors' management and their other advisors, Sidley has

developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases. I believe that Sidley is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases, on an as-needed basis, in an efficient and timely manner.

### Rate Structure

6. In my capacity as General Counsel, I, and my legal team, are responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. Sidley has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Sidley charges for non-bankruptcy representations. As discussed below, I, and my legal team, are also responsible for reviewing the invoices regularly submitted by Sidley, and can confirm that the rates Sidley charged the Debtors in the prepetition period are the same as the rates Sidley will charge the Debtors in the postpetition period, subject to periodic increases agreed to pursuant to the Engagement Letter.

### Cost Supervision

7. The Debtors and Sidley expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures and any other orders of the Court for the period from April 29, 2014 to August 31, 2014, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Sidley. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue to review the invoices that Sidley regularly submits, and, together with Sidley, amend the budget and staffing plans periodically, as the case develops As they did prepetition, the

Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved, the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 29, 2014                                      Respectfully submitted,

*Stacey H. Doré*_____
Stacey H. Doré
Executive Vice President, General Counsel, and Co-Chief Restructuring Officer of EFH Corp., EFIH, and TCEH LLC