UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Re: Docket No. 37 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ET AL. REGARDING THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL. FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS; AND (III) CONTINUE USING CERTAIN INVESTMENT ACCOUNTS; (B) AUTHORIZING CONTINUED INTERCOMPANY TRANSACTIONS AND NETTING OF INTERCOMPANY CLAIMS; AND (C) GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY**

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Holdings Corp., *et al.* (the "**Debtors**"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "**Reservation of Rights**") to the *Motion of Energy Future Holdings Corp., et al. for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* (the "**Motion**") [Docket No.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

ny-1144966

37].[2] In support of the Reservation of Rights, the Committee states as follows:

## BACKGROUND

1. The Debtors are party to two shared services agreements – one between EFH Corporate Services and the TCEH Debtors, dated October 23, 2013, and amended on April 1, 2014 (the "**TCEH Shared Services Agreement**"), and a second between EFH Corporate Services and EFIH, dated April 1, 2014 (the "**EFIH Shared Services Agreement**" and together with the TCEH Shared Services Agreement, the "**Shared Services Agreements**"). According to the Debtors, the Shared Services Agreements were intended to document and memorialize historical shared services arrangements and money pool policies between and among the Debtors.

2. The Debtors are also party to two tax sharing agreements – one between EFH Corp. on the one hand EFCH, TCEH LLC and certain of its subsidiaries and EFIH on the other hand, dated May 5, 2012 (the "**Competitive TSA**"), and a second between EFH Corp. and Oncor and Oncor Holdings, dated November 5, 2008 (the "**Oncor TSA**" and together with the Competitive TSA, the "**TSAs**"). According to the Debtors, the TSAs allocate the consolidated income tax liability to applicable Debtor entities based on the amount of tax that each entity would have paid if each had filed a separate income tax return on a stand-alone basis.

3. The Debtors are also party to certain sublease agreements (the "**Subleases**") with non-Debtor affiliates pursuant to which the non-Debtor affiliates lease property from third parties, sublease such property to the Debtors, and charge the Debtors at cost, creating an intercompany balance.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

4. On April 29, 2014 (the "**Petition Date**"), the Debtors filed the Motion to, among other things, continue using their existing cash management system, including their shared bank account systems or "Money Pools", maintain their existing bank accounts, continue to make intercompany payments under the Shared Services Agreements and TSAs, and to pay prepetition amounts owed under the Shared Services Agreements and TSAs.[3]

5. On May 2, 2014, the Court entered the *Interim Order (A) Authorizing the Debtors to (I) Continue Using their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [Docket No. 304], approving certain requests made in the Motion on an interim basis.

6. On May 12, 2014, the United States Trustee for the District of Delaware selected a seven (7) member Committee, pursuant to section 1102(a)(1) of the Bankruptcy Code. Also on May 12, 2014, the Committee selected Holt Texas, Ltd. d/b/a Holt CAT and Law Debenture as its Co-Chairpersons. Thereafter, the Committee selected Morrison & Foerster LLP to serve as its lead counsel and Polsinelli PC to serve as its Delaware co-counsel.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

7. Upon its appointment, the Committee and its advisors began working with the Debtors and their advisors to analyze the relief sought in the first and second day pleadings, including the Motion. The Committee and the Debtors have worked cooperatively to share information and have had numerous dialogues to that end. However, in response to requests for

---

[3] The Committee understands that the Debtors have withdrawn their request to pay the purported $69.1 million owed under the TCEH Shared Services Agreement and will instead satisfy that amount through a drawdown on a letter of credit posted by TCEH LLC on February 18, 2014. Nevertheless, the Committee reserves its rights to investigate the letter of credit and the payments satisfied from draws thereunder.

information, the Committee has received voluminous information on a rolling basis from the Debtors and their advisors, much of which was received over the last few days.

8. The Committee understands that the relief being requested by the Debtors in the Motion is important and that the services being provided under the Shared Services Agreements and that the TSAs are necessary to the Debtors' continued operations. However, given the significance of the relief being sought and the complexity of the Shared Services Agreement and the TSAs, the Committee hereby reserves its rights with respect to certain aspects of the Motion, as outlined below.

9. Specifically, the Committee reserves its rights to investigate, challenge, and commence actions with respect to any prepetition intercompany payments or balance accruals on account of the Shared Services Agreement and the TSAs. Moreover, the Committee reserves its rights to challenge the Debtors' allocation methodology with respect to any such intercompany payments or balance accruals. These prepetition payments are numerous in quantity and amount – for example, in the past two years alone, the TCEH Debtors have paid over $500 million to EFH Corporate Services to satisfy intercompany accruals from the TCEH Shared Services Agreement, and over $1 billion in the aggregate since 2008 – and the Committee requires adequate time to complete its review and analysis of whether these payments were reasonably or appropriately made.

10. In addition, the Committee reserves its right to challenge the Debtors' issuance of a $157.2 million letter of credit on February 18, 2014 to settle amounts owed under the TCEH Shared Services Agreement. *See* Motion at n.24.

11. Finally, the Committee requests notice of and the opportunity to object to postpetition payments made pursuant to the Shared Services Agreement, the TSAs, and any Sublease. Specifically, the Committee requests monthly reports of payments made and balances

accrued under the Shared Services Agreement and TSAs, and the opportunity to challenge such transactions, including the allocation methodology underlying such transaction.  In addition, the Committee requests notice of any intercompany transaction in excess of $1 million on account of any Subleases.  Lastly, the Committee requests prompt notice of (and the opportunity to object to) any modifications made to the existing allocation mechanisms under the Shared Services Agreement and TSAs.

12. The Committee is hopeful that it can address its requests with the Debtors through consensual modifications to the proposed order in advance of the June 5, 2014 hearing date.

Wilmington, Delaware
Dated: May 30, 2014

**MORRISON & FOERSTER LLP**
Brett H. Miller
Lorenzo Marinuzzi
Jennifer L. Marines
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail:
brettmiller@mofo.com
lmarinuzzi@mofo.com
jmarines@mofo.com

-and-

/s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile:  (302) 252-0921
E-mail:
cward@polsinelli.com
jedelson@polsinelli.com
skatona@polsinelli.com