IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtor. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 5, 25 & 203 |
| | ) Objection Deadline: May 30, 2014 at 8:00 p.m. |
| | ) Hearing Date and Time: June 5, 2014 at 9:30 a.m. |

**SUPPLEMENTAL OBJECTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The ad hoc group of certain holders (the "Ad Hoc Group of TCEH Unsecured Noteholders") of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc. (together with parent Energy Future Competitive Holdings Company, TCEH, and their affiliated debtors, the "TCEH Debtors") by and through its undersigned counsel, hereby files this supplemental objection (the "Supplemental Objection") to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases [Docket No. 17] (the "Joint Administration Motion").[2] In support of the Supplemental Objection, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully represents as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s federal tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Joint Administration Motion or the Preliminary Objection, as applicable.

## BACKGROUND

1. On April 29, 2014, the Debtors filed the Joint Administration Motion, seeking entry of an order jointly administering the chapter 11 case of parent Energy Future Holdings Corp. ("EFH") with those of its Debtor affiliates, including the TCEH Debtors. See Joint Administration Motion. As its sole evidentiary support for that Motion, the Debtors submitted three paragraphs in the declaration of Paul Keglevic, EFH's Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer. Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions, Ex. A ¶¶ 290, 291, 292 [Docket No. 98].[3] Thereafter, the Ad Hoc Group objected to the Joint Administration Motion.[4]

2. The Court denied the Preliminary Objection and granted the Joint Administration Motion on an interim basis.[5] In its ruling, the Court took judicial notice of the convenience that joint administration presents for the Court: "A large part of why this is an appropriate motion has to do with the administrative convenience and organization of the Court. I don't need evidence on that." May 1, 2014 Hr'g Tr. at 127:10-12. In declining to rule on a final basis, the Court indicated that it intended to permit "people ... more of an opportunity to work through the issues, and when I'll have ... the input of ... the Official Committee of Unsecured Creditors." Id. 128:1-7. In the period following entry of the interim order, the Ad

---

[3] After cross-examination of Mr. Keglevic at the Hearing, the Court admitted these three paragraphs into evidence but questioned their significance. May 1, 2014 Hr'g Tr. at 118:24-119:5 (admitting paragraph 290 because it simply recites the relief that the Debtors are requesting); Id. 119:17-19 (admitting paragraph 291 but qualifying it as "oral argument if nothing else").

[4] See Preliminary Objection to the Joint Administration Motion. Preliminary Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the TCEH Debtors for Entry of an Order Directing Joint Administration of Their Chapter 11 Cases with Those of the Oncor Debtors [Docket No. 222] (the "Preliminary Objection").

[5] Interim Order Directing Joint Administration [Docket No. 287].

2

Hoc Group and the Debtors sought to reach an accommodation regarding any discovery related to the final hearing. In connection with those discussions, the Ad Hoc Group and the Debtors agreed on May 8, 2014 that (a) the Ad Hoc Group would refrain from seeking any deposition discovery or to request further documents in connection with the Joint Administration Motion, provided that (b) the Debtors would not submit any further evidence in support of the Joint Administration Motion beyond that already in the record on the interim motion.

## SUPPLEMENTAL OBJECTION

3. Every consolidated set of chapter 11 cases needs judicial convenience and the avoidance of unnecessary administrative burden. Nonetheless, in these cases the Ad Hoc Group of TCEH Unsecured Noteholders seeks to reconcile those needs with the mandate by the Federal Bankruptcy Rules that the Court exhibit heightened sensitivity to potential inter-Debtor conflicts between the "E-side" and the "T-side." See Fed. R. Bankr. P. 1015(b) (before directing joint administration, a court "shall give consideration to protecting creditors of different estates against potential conflicts of interest") (emphasis added).

4. To that end, the Ad Hoc Group of TCEH Unsecured Noteholders requests that the Court require the Debtors to utilize the following caption (the "Caption") for each pleading that they file in a contested matter in the jointly administered Cases and to make the appropriate election thereon:

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket No. ___ |
|  | ) Hearing Date and Time: ___ |

| | |
|---|---|
| ☐ | This pleading pertains solely to the EFH Debtors.[2] |
| ☐ | This pleading pertains solely to the TCEH Debtors. |
| ☐ | This pleading pertains to all Debtors. |
| ☐ | This pleading seeks relief in which one or more such Debtors may be adverse to one or more other Debtors. |

1. The last four digits of Energy Future Holdings Corp.'s federal tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2. The "EFH Debtors" consist of Energy Future Holdings Corp. or its affiliated Debtors, other than Energy Future Competitive Holdings Company or its direct subsidiaries (the "TCEH Debtors").

5. Requiring the Debtors to add the Caption to any pleadings that they file in contested matters in the Cases,[6] and to check the appropriate box in the Caption, is appropriate for four primary reasons. First, adding the appropriate Caption to pleadings will not burden the Debtors or their respective estates. Pursuant to any order directing joint administration on a final basis, the Debtors can continue to file a single pleading on a single docket for each contested matter. Requiring them to include the Caption on that pleading, and indicating which estates that pleading addresses, will only require the use of a new pleading template, a modicum more of ink,

---

[6] Because adversary proceedings require the commencing party to specify exactly which entities are on which side of the "v.," the Caption does not seem to be necessary for pleadings filed in a separately docketed adversary proceeding.

4

and the input of the drafting attorneys as to which estates they believe they are representing in filing the pleading. In fact, the Debtors already include similar indicative language in many of their proposed orders – e.g., "this Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH and EFIH Finance Inc."[7] Moving similar language from the proposed orders to the face of the accompanying motions simply cannot impose any meaningful burden on the Debtors.

6. Second, adding the Caption would create efficiencies for all Debtors and the Court by allowing greater specification of resource allocation. Not all disputes in these Cases involve all Debtors, and specifying which Debtor would be impacted on the face of each pleading will obviate the need for professionals on all sides of these Cases to file pleadings and appear before the Court on all matters. The Debtors and RSA parties appear to have already implicitly recognized the limited relevance of one side's issues to the other's professionals. For example, the RSA limits the role of advisors to "E-side" creditors in negotiating documents memorializing the "T-side" restructuring, and vice versa. See Restructuring Support and Lock-Up Agreement dated as of April 29, 2014 (Docket No. 505-2 Exs. 1- 3) (as amended, the "RSA")

---

[7] See Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Critical Vendor Claims [Docket No. 29] (the "Critical Vendor Motion), Ex. A ¶ 11; Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to (A) Grant Administrative Expense Priority to all Undisputed Obligations for Goods and Services Ordered Prepetition and Delivered Postpetition and Satisfy Such Obligations in the Ordinary Course of Business, and (B) Pay Prepetition Claims of Shippers, Warehouseman, and Materialmen [Docket No. 27] (the "Shippers, Warehousemen and Materialmen Motion"), Ex. A ¶ 8; Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Arrangements [Docket No. 41] (the "Hedging and Trading Motion"), Ex. A ¶ 10; Motion of Energy Future Holdings Corp., et al., for Entry of (A) An Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors Chapter 11 Cases, Assumption of Customer Agreement, and the Bar Date for Customer Claims and (B) An Order Authorizing Certain of the Debtors to Assume the Customer Agreements [Docket No. 31] (the "Customer Programs Motion"), Ex. A ¶ 17.

§ 3 ("provided, however, that only [consenting creditors of the Oncor Debtors] and no other Restructuring Support Party, shall have the foregoing rights described in this section 3 over those documents pertaining exclusively to the Restructuring Transactions and Chapter 11 Cases of EFH and EFIH…"); Id. ("provided, further, that only TCEH and the consenting TCEH First Lien Creditors, and no other Restructuring Support Party, shall have consent rights over those documents pertaining exclusively to the Restructuring Transactions and Chapter 11 cases of the TCEH Debtors."). An indication, for example, that motions related to DIP matters in the EFIH case "pertain solely to the EFIH Debtors" will allow creditors and counsel on the T-side, including the estate-funded first-lien and TCEH DIP parties, from having to weigh in on such motions.

7. <u>Third</u>, use of the Caption will avoid complications that have arisen post-petition from the lack of precision used by the Debtors' joint counsel and the corresponding need for TCEH-only creditors to make corrective clarifying filings. To date, the collective "Debtors" and others have filed motions that should only have applied to one side of the capital structure. For example, the indenture trustees for the EFIH First Lien Notes and the EFIH Second Lien Notes filed motions to compel "the Debtors" to obtain approval from the Court of procedures governing "the Debtors'" out-of-court tender offers.[8] The indenture trustees further alleged that certain incomplete and misleading disclosures in connection with those tender offers give rise to potential post-petition claims for violations of applicable federal securities law against "the Debtors." At a hearing on the Motions to Compel, counsel for "the Debtors" clarified that the

---

[8] <u>See, e.g.</u>, Emergency Motion of EFIH 2nd Lien Notes Indenture Trustee to Compel Debtors to Obtain Approval of Procedures Governing the 2nd Lien Tender Offer [Docket No. 441] (the "Second Lien Motion to Compel"); Emergency Motion of CSC Trust Company of Delaware, as Indenture Trustee, to Compel the Debtors to Obtain Approval of Procedures Governing the EFIH First Lien Tender Offer [Docket No. 461] (the "First Lien Motion to Compel" and together with the Second Lien Motion to Compel, the "Motions to Compel").

TCEH Debtors had no involvement at all in the out-of-court tender offers. See May 22, 2014 Hr'g Tr. at 234:9-14. That imprecision, confusion and the need to make corrective disclosure could have been avoided with a simple "check the box" on the Caption. Similarly, "the Debtors" have sought authority from the Court to pay break-up fees and commitment fees in connection with the proposed EFIH second lien DIP financing, without clarifying whether and to what extent such fees would be payable by the TCEH Debtors.[9] The use of the Caption fixes that problem and will conclusively indicate to all professionals which estates are being affected by which motion, allowing such professionals to "stand down" on pleadings solely affecting the other side of the capital structure. Thus, for example, on a hearing date involving motions prefaced by an E-side election, the TCEH Debtor estates can avoid the cost of paying T-side professionals to attend. Importantly, the election will also ease the burden on the Office of the United States Trustee (and any other party seeking to review professional fees) to monitor whether a particular professional is working on appropriate matters by matching time entries on motions to firms involved on behalf of particular estates.

8. Fourth, evidence in the record demonstrates that significant and material inter-Debtor disputes exist which have been masked by the practice of joint administration filings and for which there has been no protection to date. See Fed. R. Bankr. P. 1015(b) (before directing joint administration, a court "shall give consideration to protecting creditors of different estates against potential conflicts of interest") (emphasis added). In the Preliminary Objection, the Ad

---

[9] See Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry Into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay [Docket No. 477].

Hoc Group of TCEH Unsecured Noteholders highlighted several pre-petition affiliate transactions giving rise to potentially material inter-Debtor disputes.[10]

9. The record also demonstrates that significant post-petition inter-Debtor disputes exist and need to be highlighted through some form of advance disclosure. For example, one of the motions filed by "the Debtors" in the jointly administered Cases seeks authorization to continue to use their pre-petition cash management system.[11] No indication was made on the face of that motion that two Debtors were in direct, material conflict with respect to the requested relief. Significantly, that motion made a two-sentence reference to a request for authorization to pay approximately $69.1 million on account of a pre-petition contract. Id. ¶ 48. Discovery has confirmed that sum to be a pre-petition claim asserted by one Debtor, EFH Corporate Services Company, against another Debtor, TCEH, on account of pre-petition services performed under their pre-petition shared services contract. It now appears that "the Debtors" sought, outside of the context of a critical vendors motion, to transfer an amount equal to nearly half of the $150 million that the Debtors currently estimate will be available for distribution to general unsecured creditors of the TCEH Debtors to an affiliated entity solely on account of a pre-petition general unsecured claim. While the Ad Hoc Group of TCEH Unsecured Noteholders understands that "the Debtors" have now (rightly) withdrawn that request and will not be seeking authority to pay the $69 million from TCEH to EFH Corporate Services, at the very least, requiring the Caption on all pleadings filed by the Debtors will avoid such "surprises"

---

[10] This Limited Objection incorporates those submissions by reference but refrains from repeating them here, as no Debtor has yet gone on record with respect to those allegations (or has even sought to retain advisors who could do so).

[11] Motion of Energy Futures Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; And (C) Granting Postpetition Intercompany Claims Administrative Expense Priority [Docket No. 37].

going forward and provide notice to all parties as to the consequence of relief being requested from the Court.

10. This is not a one-time issue. Other inter-Debtor disputes in motion practice will arise post-petition, including, among other disputes, the rejection or assumption of the pre-petition Tax Sharing or Shared Services Agreements, the validity, extent and priority of any inter-Debtor claims asserted by the TCEH Debtors against EFIH and its affiliates, and the compensation of senior management of the Debtors. Requiring the Caption will (a) avoid parties in interest having to ferret out for themselves whether any particular request for relief by the Debtors in general would prejudice or otherwise affect their Debtor estate and (b) avoid the need for parties to file reservations of rights when the joint professionals are presumably only seeking relief for one estate that was not intended to prejudice another.

## CONCLUSION

11. Based on the foregoing, the Ad Hoc Group of TCEH Unsecured Noteholders respectfully requests that the Court modify any order granting the Joint Administration Motion to the extent set forth herein.

Dated: May 30, 2014
    Wilmington, Delaware

FOX ROTHSCHILD LLP

By: _____
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 463-4971
jschlerf@foxrothschild.com
jstrock@foxrothschild.com
lbird@foxrothschild.com

and

WHITE & CASE LLP
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
Gregory M. Starner (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
gstarner@whitecase.com

*Counsel to the Ad Hoc Group of
TCEH Unsecured Noteholders*