**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | RE: Docket No. 74 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE, INC. FOR ENTRY OF (I) AN INTERIM ORDER (A) APPROVING CERTAIN FEES RELATED TO POSTPETITION FINANCING AND GRANTING SUCH FEES ADMINISTRATIVE EXPENSE PRIORITY AND (B) SCHEDULING A FINAL HEARING; AND (II) A FINAL ORDER (A) APPROVING POSTPETITION FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) AUTHORIZING THE USE OF CASH COLLATERAL, (D) AUTHORIZING THE EFIH FIRST LIEN REFINANCING, (E) AUTHORIZING ISSUANCE OF ROLL-UP DEBT TO THE EXTENT AUTHORIZED BY THE SETTLEMENT MOTION, (F) DETERMINING THE VALUE OF SECURED CLAIMS, AND (G) MODIFYING THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of Energy Future Holdings Corp., *et al.* (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this limited objection ("Objection") to the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority, and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

*(E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay* [Docket No. 74] (the "Motion"). In support of the Objection, the Committee respectfully represents as follows:[2]

## INTRODUCTION

1. The Committee was formed on May 12, 2014 as a representative of the TCEH unsecured creditors.[3] Since the date of its formation, the Committee's professionals[4] have been working closely with the Debtors' advisors and other parties in the case to understand the significant issues in these extraordinarily complex Chapter 11 cases. While the Committee's primary focus is on the TCEH estates, the TCEH Debtors[5] and the EFIH Debtors[6] are inextricably intertwined because they are both parties to the Restructuring Support Agreement (the "RSA")—an RSA that contemplates a global restructuring of all of the Debtors based on a one-sided restructuring thesis that is manifestly detrimental to the interests of the TCEH unsecured creditors, apparently without factual support. The RSA is premised on flawed assumptions as to value that are purely hypothetical, as evidenced at the venue hearing on May 22, 2014, which revealed that the Debtors have proposed their restructuring without having conducted any accepted valuation of the TCEH assets.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the proposed Final Order.

[3] The *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 420] reflects that the Committee represents the interests of the unsecured creditors only of Energy Future Competitive Holdings Company LLC ("EFCH"), TCEH, the direct and indirect subsidiaries of EFCH and TCEH, and EFH Corporate Services Company, and of no other debtors.

[4] The Committee has retained the following advisors: Morrison & Foerster LLP, as its lead counsel; Polsinelli PC, as its Delaware counsel; Lazard Freres & Co. LLC, as its investment banker; and FTI Consulting, Inc., as its financial advisors.

[5] The "TCEH Debtors" include EFCH, TCEH, and the direct and indirect subsidiaries of TCEH.

[6] The "EFIH Debtors" include Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holding Company LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance"), and EFH Corporate Services Company.

2. In addition, in exercising its duties under section 1103 of the Bankruptcy Code, the Committee is mindful that certain activities or decisions on the part of the EFIH Debtors may have a far reaching impact on the TCEH Debtors' estates and unsecured creditors. For example, while the Committee has not yet conducted an investigation into the potential claims of the TCEH Debtors against related and unrelated parties, the Committee is cognizant that some of the potential claims may include claims against the EFIH Debtors in connection with one of the many intercompany transactions among them. Accordingly, until the Committee can confirm that the TCEH Debtors have no interest in or claims against the EFIH Debtors' estates, the Committee will continue to review the EFIH Debtors' filings in these cases to ensure that unsecured creditors are not negatively impacted thereby.

3. In light of these concerns, the Committee files this Limited Objection to protect the interests of the TCEH Debtors' unsecured creditors. Specifically, certain provisions of the proposed Final Order are unreasonable and should be modified as described below.

## ARGUMENT

4. The Committee believes that certain provisions must be modified in the Final Order to clarify the parties' rights. Some of these proposed changes are highlighted below for the Court:

- <u>Liens and Superpriority Claims on Unencumbered Assets and Avoidance Actions</u>. Paragraphs 8 and 9 should be revised to remove the liens and superpriority claims on the Unencumbered Property and proceeds of Avoidance Actions (each as defined in the Final Order), or the anti-marshaling provision set forth in paragraph 34 should be modified in a manner reasonably acceptable to the Committee.

- <u>Budget and Annual Forecast Reporting</u>. Paragraphs 15 and 27 should be revised to provide that the Committee is an additional recipient of the budgets, reports, and forecasts, and is also permitted reasonable access to the EFIH Borrowers' books and records.[7]

---

[7] In the proposed Final Order, the term "Creditors' Committee" is defined as any committee of unsecured creditors that may be appointed to represent the interests of the EFIH Debtors. [Docket No. 600] Thus, any references in the

- <u>Rights and Remedies upon Event of Default</u>.  Paragraph 23 of the Final Order, which addresses the EFIH First Lien DIP Agent's rights and remedies upon an Event of Default, should be revised to extend the Remedies Notice Period and require the EFIH First Lien DIP Agent to provide notice of any such default to counsel to the Committee.

- <u>Amendments to the DIP Documents</u>.  Paragraph 14 should be revised to provide the Committee with notice of any modification or amendment to the EFIH First Lien DIP Documents, including non-material modifications or amendments.

## CONCLUSION

5.   The Committee has been in discussions with the Debtors and the EFIH First Lien DIP Agent and believes it is close to a resolution that addresses the concerns identified above. However, in the event that the Debtors and the EFIH First Lien DIP Agent are unwilling to make acceptable modifications, the Committee respectfully requests that the Court condition approval of the Motion on changes being made to the proposed Final Order as set forth herein.

---

Final Order that grant rights or notices to the "Creditors' Committee" do not relate in any way to the Committee.

-4-

48157955.1

WHEREFORE, the Committee respectfully requests that the Court: (a) modify the proposed Final Order as set forth herein, or (b) grant such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
May 30, 2014

**MORRISON & FOERSTER LLP**
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren
Samantha Martin
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
E-mail: jpeck@mofo.com
 brettmiller@mofo.com
 lmarinuzzi@mofo.com
 tgoren@mofo.com
 smartin@mofo.com

-and-

*/s/ Justin K. Edelson*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
E-mail: cward@polsinelli.com
 jedelson@polsinelli.com
 skatona@polsinelli.com

*Proposed Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al.*