**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) |
| | ) Case No. 14-10979 (CSS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:  June 30, 2014 at 9:30 a.m.** |
| | ) **Objection Deadline:  June 17, 2014 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP.,** *ET*
*AL.***, FOR ENTRY OF AN ORDER AUTHORIZING (A) REJECTION**
**OF A CERTAIN UNEXPIRED LEASE AND (B) ABANDONMENT OF**
**CERTAIN PERSONAL PROPERTY, EFFECTIVE** *NUNC PRO TUNC* **TO MAY 31, 2014**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the Debtor Luminant Generation Company LLC

("Luminant") to reject the unexpired lease, including all amendments or modifications thereto,

relating to premises at 500 North Akard Street, Floors 9–14, Dallas, Texas, 75201 (the "Lincoln

Plaza Lease")[2] and abandon certain personal property located at the premises of the Lincoln

Plaza Lease (the "Personal Property"), effective *nunc pro tunc* to May 31, 2014.  In support of

this Motion, the Debtors submit the *Declaration of Michael Carter in Support of the Motion of*

*Energy Future Holdings Corp.,* et. al*, for Entry of an Order Authorizing (A) Rejection of a*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the
debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these
chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the
debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list
of such information may be obtained on the website of the debtors' claims and noticing agent at
http://www.efhcaseinfo.com.

[2]    The building containing the premises subject to the Lincoln Plaza Lease was renamed in September 2013 and is
now known as "Ross Tower."

*Certain Unexpired Lease and (B) Abandonment of Certain Personal Property, Effective* Nunc Pro Tunc *to May 31, 2014*, filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), and rules 6004, 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4.      By this Motion, the Debtors seek entry of the Order authorizing Luminant to reject the Lincoln Plaza Lease and abandon the Personal Property located at the premises relating to the Lincoln Plaza Lease, effective *nunc pro tunc* to the date hereof, May 31, 2014.

RLF1 10360413v.1

**Background**

5. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an interim order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

I. **The Lincoln Plaza Lease.**

6. The Debtors lease office space and other property for their business operations. In connection with these chapter 11 cases, the Debtors began evaluating the current and expected use of their unexpired leases, the ongoing cost of the leases, and the effect on the business of rejecting such leases. As part of this process, the Debtors have determined that the Lincoln Plaza Lease is unnecessary and burdensome to the Debtors' estates and should be rejected as of the date hereof.

7. Specifically, Luminant is the assignee of the Second Amendment to the Lease Agreement from assignor Oncor Electric Delivery Company LLC (a non-Debtor affiliate), that entered into a lease with the California State Teacher's Retirement System ("CalSTRS") for office space at 500 North Akard Street, Dallas, Texas, 75201. After relocating, Luminant vacated the premises. The Lincoln Plaza Lease is set to expire on June 30, 2014 and carries with it a total remaining rent obligation of approximately $253,000 in base rent plus its pro-rata portion of the building's operating expenses and taxes. Accordingly, the Debtors have determined that the

3

Lincoln Plaza Lease provides no net economic benefit to their estates and seek to reject the Lincoln Plaza Lease *nunc pro tunc* to May 31, 2014.

8.    The Debtors have evaluated and unsuccessfully tried to assign or sublease the Lincoln Plaza Lease following Luminant's relocation. Given that there is only one month remaining on the Lincoln Plaza Lease, the Debtors have determined that it is not reasonably possible to sublet or assign the Lincoln Plaza Lease, and any additional attempt to do so would require Luminant to pay the remaining obligations under the Lincoln Plaza Lease. Accordingly, the costs of the Lincoln Plaza Lease exceed any marginal benefits from maintaining the Lincoln Plaza Lease, and rejection is in the best interests of the Debtors' estates.

**II.    Personal Property to be Abandoned.**

9.    The Debtors have also determined that the cost of removing and storing the Personal Property remaining at the premises of the Lincoln Plaza Lease for future use or marketing and sale exceeds the value of the Personal Property to the Debtors' estates. The Personal Property remaining at the premises of the Lincoln Plaza Lease includes, but is not limited to, a generator, fueling station, certain fixtures, and power supply and air conditioning units, which collectively have a market value of approximately $340,000.[3]  Further, Luminant's use of the majority of the Personal Property has been for location-specific purposes.  Because Luminant has already vacated the premises of the Lincoln Plaza Lease, the Debtors believe that the Personal Property is no longer necessary for Luminant's business operations.

10.    Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of

---

[3]    Pursuant to an agreement between Luminant and CalSTRS, dated as of November 15, 2013, Luminant was not required to remove the Personal Property from the premises of the Lincoln Plaza Lease upon termination of the Lincoln Plaza Lease.

4

any Personal Property remaining at the premises of the Lincoln Plaza Lease as of the date hereof

is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**Basis for Relief**

**I.      Rejection of the Lincoln Plaza Lease Reflects the Debtors' Sound Business Judgment.**

11.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may . . . reject any executory contract or unexpired lease of the

debtor." 11 U.S.C. § 365(a). *See also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973

F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under section 365 of

the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains.

*See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section

365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not

been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l*

*Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

12.      The decision to assume or reject an unexpired lease is a matter within the debtor's

"business judgment." *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682

F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply

whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see*

*also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global*

*Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard

mandates that a court approve a debtor's business decision unless the decision is the product of

bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D.

Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's

argument that a finding of hardship is a prerequisite to application of the business judgment test);

5

*Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

13.     In this case, the Debtors, in their sound business judgment, have determined that the Lincoln Plaza Lease is neither compatible with the Debtors' business needs nor a source of potential value for the Debtors' future operations, creditors, or other parties in interest.  Absent rejection, the Lincoln Plaza Lease imposes ongoing obligations on the Debtors and their estates that are an unnecessary drain on the Debtors' resources.  Further, the Debtors have determined that the Lincoln Plaza Lease does not have any realizable value in the marketplace.  Accordingly, to avoid incurring additional unnecessary expenses associated with the Lincoln Plaza Lease, the Debtors seek to reject the Lincoln Plaza Lease effective *nunc pro tunc* to May 31, 2014.  Rejection of the Lincoln Plaza Lease is appropriate under the circumstances and reflects the Debtors' sound business judgment.

**II.**     *Nunc Pro Tunc* **Rejection of the Lincoln Plaza Lease Is Appropriate.**

14.     The Debtors respectfully submit that it is appropriate for the Court to order that rejection of the Lincoln Plaza Lease is effective *nunc pro tunc* to May 31, 2014.  While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, courts have held that bankruptcy courts may, based on the equities of the circumstances, authorize rejection retroactive to a date prior to entry of the order authorizing such rejection. *See Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re*

RLF1 10360413v.1

*DBSI, Inc.)*, 409 B.R. 720, 734 (Bankr. D. Del. 2009) (providing that a bankruptcy court may enter a lease rejection order with an effective date earlier than the date the order is entered); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion).  Courts have permitted retroactive rejection of unexpired leases where (a) the premises (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord, (b) the motion to reject the lease was filed and served on the landlord, (c) the official committee of unsecured creditors in the case has consented to the relief requested in the motion to reject the leases, and (d) the debtor has acknowledged that it would not have the right to withdraw the motion prior to the hearing. *In re Namco*, No. 98-0173 (PJW), Transcript of Proceeding, Apr. 15, 1998, at 35.

15.     Here, the balance of the equities favors retroactive rejection of the Lincoln Plaza Lease. The Debtors have decided to reject the Lincoln Plaza Lease only after thoroughly reviewing the Lincoln Plaza Lease, analyzing its costs and benefits, and determining that it is no longer beneficial to the Debtors' estates. The Debtors sought the relief requested herein as soon as they determined that the rejection of the Lincoln Plaza Lease was in the best interests of their estates. Without a retroactive date of rejection, the Debtors could be forced to incur unnecessary administrative charges and contractual obligations in connection with the Lincoln Plaza Lease that provide no benefit to the Debtors' estates.

16.     Moreover, CalSTRS will not be prejudiced unduly if the rejection is deemed effective as of May 31, 2014. As noted above, Luminant has already vacated the premises of the

RLF1 10360413v.1

Lincoln Plaza Lease.    Additionally, contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on CalSTRS, allowing CalSTRS sufficient time to act accordingly.    *See In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("To grant [retroactive] rejection, the Debtors must have stated an unequivocal intent to reject the leases."). Consequently, CalSTRS will be relieved of its own obligations under the Lincoln Plaza Lease.  In sum, the Debtors respectfully submit that it is fair and equitable for the Court to hold that the Lincoln Plaza Lease is rejected effective as of May 31, 2014.

17.    Courts in this jurisdiction have approved relief similar to that requested herein. *See In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Feb. 26, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to prior notice date); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. June 24, 2013) (same); *In re Ritz Camera & Image, LLC*, No. 12-11868 (KG) (Bankr. D. Del. July 30, 2012) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (authorizing rejection of leases and abandonment of property *nunc pro tunc* to date debtors vacated premises); *In re Harry & David Holdings, Inc.*, No. 11-10884 (MFW) (Bankr. D. Del. Apr. 27, 2011) (authorizing rejection of leases *nunc pro tunc* to petition date); *In re CB Holding Corp.*, No. 10-13683 (MFW) (Bankr. D. Del. Dec. 13, 2010) (authorizing rejection of executory contracts, including employment agreements, *nunc pro tunc* to prior notice date); *In re Magnachip Semiconductor Finance Co.*, No. 09-12008 (PJW) (Bankr. D. Del. July 8, 2009)

(authorizing rejection of executory contracts *nunc pro tunc* to petition date). The Debtors submit that similar relief is warranted in these chapter 11 cases.[4]

### III.    Abandonment of Personal Property.

18.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

19.    To the extent Luminant currently holds certain *de minimis* Personal Property at the premises of the Lincoln Plaza Lease, including, but not limited to, a generator, fueling station, certain fixtures, and power supply and air conditioning units, the Debtors request that such Personal Property be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of May 31, 2014.

20.    The Personal Property remaining at the premises is of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery the Debtors could attain for the Personal Property.  Accordingly, the abandonment of Personal Property located at the premises of the Lincoln Plaza Lease is in the best interests of the Debtors, their estates, and their creditors, and parties in interest will have sufficient notice of such abandonment.

21.    Courts in this jurisdiction have approved relief similar to that requested herein. *See In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing abandonment of personal property at the premises of rejected leases); *In re F&H Acquisition Corp.*, No. 13-13220 (KG) (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*,

---

[4]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' counsel.

RLF1 10360413v.1

No. 13-11952 (KJC) (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (same).

### **Waiver of Bankruptcy Rules 6006(c) and 6004(h)**

22.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **Notice**

23.     The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and

10

(ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties who have requested notice pursuant

11

to Bankruptcy Rule 2002; and (z) CalSTRS.  The Debtors submit that, in light of the nature of

the relief requested, no other or further notice need be given.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any

other court.

[*Remainder of page intentionally left blank.*]

RLF1 10360413v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  May 31, 2014
       Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    richard.cieri@kirkland.com
      edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

13

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING (A) REJECTION OF A CERTAIN**
**UNEXPIRED LEASE AND (B) ABANDONMENT OF CERTAIN**
**PERSONAL PROPERTY, EFFECTIVE *NUNC PRO TUNC* TO MAY 31, 2014**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing Luminant to (a) reject the Lincoln Plaza Lease and (b) abandon Personal Property located at the premises of the Lincoln Plaza Lease, each effective *nunc pro tunc* to May 31, 2014, all as more fully set forth in the Motion; and upon the *Declaration of Michael Carter in Support of the Motion of Energy Future Holdings Corp.,* et. al*, for Entry of an Order Authorizing (A) Rejection of a Certain Unexpired Lease and (B) Abandonment of Certain Personal Property, Effective* Nunc Pro Tunc *to May 31, 2014*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Lincoln Plaza Lease is deemed rejected *nunc pro tunc* to May 31, 2014.

3.      Pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Personal Property remaining at the premises of the Lincoln Plaza Lease is deemed abandoned *nunc pro tunc* to May 31, 2014.

4.      CalSTRS, the lessor for the Lincoln Plaza Lease, must file any proofs of claim relating to the rejection of the Lincoln Plaza Lease by the later of (a) the claims bar date established in these chapter 11 cases, and (b) forty-five (45) days after May 31, 2014.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

RLF1 10360413v.1

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
        Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 10360413v.1