# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>    *Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Related to Docket No. 694** |

### MOTION TO FILE OBJECTION OF CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE, TO THE EFIH DEBTORS' MOTION TO APPROVE FIRST LIEN SETTLEMENT UNDER SEAL

CSC Trust Company of Delaware, as Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 issued by EFIH under the Indenture dated as of August 17, 2010 between Energy Future Intermediate Holdings LLC ("EFIH LLC"), EFIH Finance Inc. ("EFIH Finance" and, together with EFIH LLC, "EFIH" or "EFIH Debtors") and CSC Trust Company of Delaware, as success indenture trustee, hereby submits this motion (the "Motion") for entry of an order pursuant to sections 105 and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the 10% Indenture Trustee to file the Objection of CSC Trust Company of Delaware, as Indenture Trustee, to the EFIH Debtors' Motion to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Approve First Lien Settlement under seal. In support of this Motion, the 10% Indenture Trustee represents as follows:

## BACKGROUND TO MOTION

1. Concurrently with the filing of this Motion, the 10% Indenture Trustee is filing the redacted Objection of CSC Trust Company of Delaware, as Indenture Trustee, to the EFIH Debtors' Motion to Approve First Lien Settlement (the "Objection").[2]

2. The Objection contains information obtained from deposition testimony of David Ying and Paul Keglevic adduced on May 29, 2014 in connection with the First Lien Settlement Motion (as defined in the Objection). The EFIH Debtors have designated the entirety of the deposition transcripts as confidential. The 10% Indenture Trustee has informed the EFIH Debtors that it does not believe that any of the testimony is "confidential," but the EFIH Debtors insist that the testimony be filed under seal. Pursuant to an agreement of the parties to abide by a draft protective order concerning discovery pending negotiation and entry of the protective order, the 10% Indenture Trustee is required to file under seal the information designated as confidential. The 10% Indenture Trustee has redacted the citations of the deposition testimony in the Objection filed on the docket and has filed the referenced transcripts (the "Exhibits") under seal.[3]

## RELIEF REQUESTED

3. By this Motion, the 10% Indenture Trustee respectfully requests that this Court enter an order authorizing the 10% Indenture Trustee to file the unredacted Objection, including

---

[2] Capitalized terms not defined in this Motion shall have the meaning given to them in the Objection.

[3] The 10% Indenture Trustee reserves all rights to seek relief from the Bankruptcy Court to unseal the information designated by the EFIH Debtors as "confidential."

the Exhibits, under seal and directing that the unredacted Objection remain under seal, confidential, and not be made available to anyone, except counsel for the EFIH Debtors except as otherwise ordered by the Court or permitted by the EFIH Debtors.[4]

## BASIS FOR RELIEF REQUESTED

4. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

5. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides, in part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

---

[4] A copy of the unredacted Objection will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

6.     Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d at 27.

7.     The information redacted from the Objection is deposition testimony that the EFIH Debtors have designated as "confidential." Although the 10% Indenture Trustee disagrees with this characterization, the EFIH Debtors have insisted that the 10% Indenture Trustee redact any deposition testimony filed with the Court. In accordance with the agreement of the parties pending entry of a stipulated protective order, the 10% Indenture Trustee is required to file under seal the materials designated as "confidential."

8.     In accordance with these confidentiality obligations, the 10% Indenture Trustee requests that the Objection and Exhibits be filed under seal. In light of the EFIH Debtors' insistence to file the redacted information under seal, the 10% Indenture Trustee expects that the EFIH Debtors do not object to the relief sought herein.

## NOTICE

9.     Notice of this Motion will be provided by electronic mail and first class mail to: (a) the EFIH Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; and (d) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the 10% Indenture Trustee submits that no other or further notice is necessary.

WHEREFORE, the 10% Indenture Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing the 10% Indenture Trustee to file the Objection, including the Exhibits, under seal and granting such other and further relief as is justified and proper.

Dated: May 31, 2014

| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. | ROPES & GRAY LLP |
|---|---|
| | Keith H. Wofford |
| | Mark R. Somerstein |
| | 1211 Avenue of the Americas |
| By: /s/ Nicholas J. Brannick | New York, NY 10036-8704 |
| Norman L. Pernick (No. 2290) | Telephone: 212-596-9000 |
| J. Kate Stickles (No. 2917) | Facsimile: 212-596-9090 |
| Nicholas J. Brannick (No. 5721) | |
| 500 Delaware Avenue, Suite 1410 | D. Ross Martin |
| Wilmington, DE 19801 | Andrew G. Devore |
| Telephone: 302-652-3131 | Prudential Tower |
| Facsimile: 302-652-3117 | 800 Boylston Street |
| | Boston, MA 02199-3600 |
| Warren A. Usatine | Telephone: 617-951-7000 |
| 25 Main Street | Facsimile: 617-951-7050 |
| P.O. Box 800 | |
| Hackensack, NJ 07602 | DRINKER BIDDLE & REATH LLP |
| Telephone: 201-489-3000 | James H. Millar |
| Facsimile: 201-489-1536 | 1177 Avenue of the Americas |
| | 41st Floor |
| | New York, NY 10036-2714 |
| | Telephone: 212-248-3264 |
| | Facsimile: 212-248-3141 |

*Counsel for CSC Trust Company of Delaware as successor indenture trustee*