

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

June 2, 2014

**VIA HAND DELIVERY**
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

RE:    **In re Energy Future Holdings, Corp., et. al. (Case No. 14-10979)**

Dear Judge Sontchi:

        As Your Honor knows, we represent Wilmington Savings Fund Society, FSB ("WSFS"), trustee for the 2nd lien notes issued by debtor Texas Competitive Electric Holdings, LLC ("TCEH"). We write to request a teleconference with Your Honor concerning a discovery dispute related to the pending *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay* (the "RSA Motion") [Docket No. 505], currently scheduled for hearing on June 30, 2014, with an objection deadline of June 20. We respectfully submit this letter in lieu of a motion to compel in light of the impending objection deadline and in the hope that this matter can be resolved without the need for formal motion practice. The dispute concerns the Debtors' refusal to provide any discovery relating to the enterprise value of TCEH. It is the Debtors' contention that requests for valuation discovery are both premature and beyond the scope of the RSA Motion. We believe the Debtors' position is contradicted by common sense and applicable case law.

        On May 16, 2014, the Debtors filed their RSA Motion. On May 19, 2014, the first business day following that filing, WSFS served draft document requests pertaining thereto and requested a meet and confer to discuss same. On May 21, 2014, WSFS served a formal set of document requests (the "Original Requests"), and again requested the opportunity to meet and confer. The Debtors never responded substantively to either request to meet and confer. On May 28, 2014, subsequent to the Debtors' adjournment of the hearing on the RSA Motion, WSFS again requested a meet and confer  Prior to that meet and confer, which was held on May 29, 2014, WSFS further narrowed the set of topics it was requesting from 22 in the Original Requests to only six topics in the circumscribed set of requests (the "Pending RSA Requests"). A copy of the narrowed Pending RSA Requests is attached as Exhibit A. During the May 29 meet and confer, counsel for the Debtors informed us that they did not intend to produce any discovery related to valuation, claiming such issues were premature and unrelated to the RSA Motion.


The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
Page 2

At the conclusion of the May 29 meet and confer session, counsel suggested that the Debtors might reconsider their stance on valuation discovery if we provided precedent for the proposition that such discovery would be appropriate in advance of confirmation proceedings, which we did (including precedent cited below).   The Debtors requested that we delay contacting the Court regarding this discovery dispute (which we had intended to do on the morning of May 30), while they purportedly reviewed that precedent.   On the evening of Friday, May 30, counsel for the Debtors transmitted a letter (a copy of which is attached as Exhibit <u>B</u> hereto) indicating that they continued to refuse to provide discovery as to, *inter alia*, even the most preliminary information that would allow parties to test the valuation thesis underlying the Debtors' entire case agenda and the RSA Motion in particular.   The Debtors also indicated they would not complete their document production until Friday, June 13, leaving only four business days to conduct depositions in advance of the June 20 objection deadline.  We believe the Debtors' restrictive approach to discovery on this issue is completely inappropriate given the path they and certain "in the money" constituents have insisted these cases take.[1]

Were this Court to approve the RSA Motion, the Debtors would essentially be locked into a plan process that would turn over 100% of the value of TCEH to their 1st lien lenders, with little if any value for more junior creditors.  The unsupported contention that the 1st lien lenders are $5 or $6 billion undersecured underpins virtually every substantive pleading filed by these Debtors to date, including their financing and cash collateral motions.  Indeed, the entire complex and controversial tax-driven structure of their "pre-arranged" plan would effectively crumble if the assumption that the 1st liens are underwater proves false.[2]

---

[1]   We also disagree with the proposed timing of the Debtors' production of responsive documents, which we submit should be completed by June 6, so as to allow an appropriate amount of time to review documents, bring production-related issues to the Court (if necessary), and conduct necessary depositions in advance of the June 20 objection deadline.

[2]   WSFS is joined by other case constituents in its belief the RSA is premised on a faulty, unsupportable valuation thesis.  <u>See, e.g.</u>, Limited Objection of the Official Committee of Unsecured Creditors to the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (i) an Interim Order (a) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (b) Scheduling a Final Hearing; and (ii) a Final Order (a) Approving Postpetition Financing, (b) Granting Liens and Providing Superpriority Administrative Expense Claims, (c) Authorizing the Use of Cash Collateral, (d) Authorizing the EFIH First Lien Refinancing, (e) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (f) Determining the Value of Secured Claims, and (g) Modifying the Automatic Stay [Docket No. 687], ¶ 1 ("The RSA is premised on flawed assumptions as to value that are purely hypothetical, as evidenced at the venue hearing on May 22, 2014, which revealed that the Debtors have proposed their restructuring without having conducted any accepted valuation of the TCEH assets.").



The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
Page 3

While WSFS concedes that it may, indeed, be premature for a full blown valuation trial, the Debtors' unsupported valuation thesis can and must be tested on a preliminary basis in order for the RSA to be properly considered. WSFS believes that, with a modicum of discovery, it can present competent expert testimony that will demonstrate the fallacy of the Debtors' fundamental valuation assumption. The discovery we seek, and the limited expert testimony that we would proffer in connection with the RSA Motion, goes to only four basic building blocks of our valuation thesis. We would focus only on the implied value to be derived from the Debtors' most recent public filings as amplified by unrestricted cash, recently-imposed capacity pricing implications, and recent changes in the price of natural gas. We believe that these four factors, taken alone, will amply demonstrate that the 1st liens are, in fact, over-secured.



*Redacted Using Redact It*

In short, the Debtors appear to be of the position that they had no duty to assess whether the decision to enter into the RSA and force the case down the path to a plan based on the RSA's valuation assumption is right, wrong, reasonable, arrived at in good faith, or the product of significant and palpable conflicts of interest. Presumably this is the Debtors' way of asserting that the Court may review the motion pursuant to the business judgment rule, as opposed to the heightened scrutiny required under either the "enhanced scrutiny" or "entire fairness" doctrines. See, e.g., In re Rural Metro Corp. S'holder Litig., 2014 Del. Ch. LEXIS 36, 55 (Del. Ch. March 7, 2014). Even under the most lenient of tests, the Debtors are still required to establish that the decision to enter into the RSA was the product of fully-informed, good faith, un-conflicted decision-making. The Debtors are attempting to meet that burden, in part, by foreclosing even the most preliminary inquiry into TCEH's true value, which may stand in stark contrast to the valuation assumption underlying the RSA.



The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
Page 4

Although the Debtors have argued to WSFS that its requests for valuation materials are more appropriately addressed at the disclosure statement or plan stage, courts have long recognized that valuation evidence may be appropriate in any number of circumstances and more than one time in a case. For example, in In re Southeastern Steel Co., the court held that "the issue of valuation can be raised to establish equity, allow claims, determine adequate protection, and confirm plans; accordingly, valuation of a collateral and a creditor's claim should be flexible and not limited to a single point in time." No. 00-09225-W, 2001 WL 1804303 (Bankr. D.S.C. Dec. 7, 2001). The bankruptcy court in In re Vermont Investment Limited Partnership similarly found that a single valuation approach creates an "incentive on the part of the debtors to delay the case as long as possible in order to reduce the amount of the creditor's secured claim." 142 B.R. 571, 574 (Bankr. D.D.C. 1992); see also In re Heritage Highgate, Inc., 679 F.3d 132, 143 (3d Cir. 2012) ("Congress envisioned a flexible approach to valuation whereby bankruptcy courts would choose the standard that best fits the circumstances of a particular case.").

The Court may also find instructive the opinion by Bankruptcy Judge Chapman in In re Innkeepers USA Trust, 442 B.R. 227 (Bankr. S.D.N.Y. 2010). In Innkeepers, where the debtor sought approval of a plan support agreement, the court was particularly concerned that the deal embodied in the plan support agreement had not been "shopped" or offered to other parties to determine the value of consideration being delivered to the consenting parties. See id. at 231-32. The Innkeepers court also expressed concern that the debtors' professionals had not fully analyzed the value being given to the consenting parties. See id. at 232 (rejecting plan support agreement where restructuring officer "ha[d] not valued" the collateral consenting parties were to receive, "did not perform a valuation, nor did he direct his advisors to do so"). As noted, WSFS is unaware of any completed valuation performed by the Debtors or their professionals. Innkeepers also cautions against debtors locking themselves into a particular plan construct before canvassing alternatives or at least negotiating with creditors. See id. at 233. Here, WSFS does not believe the Debtors have adequately considered alternatives to the RSA, nor have they performed the diligence required to prove that the plan construct locked in by the RSA does not provide senior secured creditors with recoveries in excess of their claims.

At a minimum, WSFS is entitled to review any and all documents concerning any valuation that supports the terms of the RSA, including documents that would naturally form the basic building blocks of any alternative valuation. WSFS's narrowly tailored requests are reasonably calculated to lead to the discovery of information that will enable the Court, WSFS, and other parties-in-interest to understand the Debtors' assumptions and projections supporting the implied "valuation" that underlies the RSA Motion, and, in turn, to determine whether the Board acted in good faith or in a grossly negligent fashion, or perhaps worse. WSFS, as a junior secured lender, believes TCEH's going-concern value is substantially higher than the value being advanced by the Debtors and TCEH 1st lien lenders, and puts WSFS's interests in the money such that proceeding down the RSA path accomplishes nothing other than to waste valuable estate resources. Accordingly, WSFS requests entry of an Order compelling the Debtors to provide any and all valuation materials requested in WSFS's narrowly-tailored document requests.


The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
Page 5

WSFS respectfully requests that the Court schedule a telephonic discovery conference to resolve the above matters at the Court's earliest convenience.[3]

Respectfully submitted,

*/s/ Edward S. Weisfelner*

Edward S. Weisfelner

Cc:     Parties on the attached list (by electronic mail)

---

[3]     WSFS is informed that other discovery disputes may exist concerning the RSA Motion, but that such disputes may not yet be ripe for consideration by the Court.

J. Christopher Shore
cshore@whitecase.com

Gregory M. Starner
gstarner@whitecase.com

Bridget O'Connor
bridget.oconnor@kirkland.com

Andrew Mcgaan
andrew.mcgaan@kirkland.com

David Dempsey
david.dempsey@kirkland.com

Stephen Hessler
stephen.hessler@kirkland.com

Chad Husnick
chad.husnick@kirkland.com

Brian Schartz
brian.schartz@kirkland.com

Steven Serajeddini
steven.serajeddini@kirkland.com

Edward Sassower
edward.sassower@kirkland.com

Anthony Princi
aprinci@mofo.com

Charles L. Kerr
ckerr@mofo.com

Lorenzo Marinuzzi
lmarinuzzi@mofo.com

J. Alexander Lawrence
alawrence@mofo.com

Richard Schepacarter
Richard.Schepacarter@usdoj.gov

Jeff Schlerf
jschlerf@foxrothschild.com

{00863362;v1 }

Dan Defranceschi
defranceschi@rlf.com

Chris Ward
cward@polsinelli.com

# EXHIBIT A

| From: | Coffey, Jeremy B. |
|---|---|
| Sent: | Wednesday, May 28, 2014 5:50 PM |
| To: | O'Connor, Bridget K.; Sassower, Edward O |
| Cc: | Jonas, Jeffrey L.; Weisfelner, Edward S.; louis.curcio@dentons.com; McKane, Mark E.; McGaan, Andrew R.; gtaylor@ashby-geddes.com; Marshall, Jonathan D.; Lauchheimer, Aaron B.; Stoll, James W.; Poddar, Shivani; Dempsey, David R.; Hessler, Stephen E.; Husnick, Chad J.; Schartz, Brian; Serajeddini, Steven N.; APrinci@mofo.com; CKerr@mofo.com; lmarinuzzi@mofo.com |
| Subject: | RE: Texas Competitive Electric Holdings, LLC |

Bridget/Edward,

We will plan to participate on the 9:30 call tomorrow morning. Please confirm dial-in coordinates. In advance of that call, we have attempted to further narrow our previously-served requests, as set forth below. We look forward to speaking with you in the morning.

1. Models supporting projections from Form 8-K's filed on 4/15/2013, 8/15/2013 and 4/29/2014.
    a. Supporting data, schedules
    b. Projections beyond 2018, as applicable
    c. Quarterly projections, 2013, 2014, as applicable
2. Cash, Unrestricted and Restricted.
    a. Monthly cash receipts and disbursements with detail for the last twelve months (May to May)
    b. Rolling 3-, 6- or 12-month cash forecasts, as applicable
    c. Breakout between Consolidated TCEH, Luminant, TXU Energy and TCEH Unconsolidated
3. Interim Solution B+ / Capacity Pricing.
    a. Projected impact of Interim Solution B+ and Capacity Pricing, back casts and management presentations / internal documents including analysis of relationship between wholesale spot adder and retail pricing and projections for capacity factors (ratio of actual output to potential output) and unutilized capacity of generating units
    b. Projected wholesale / retail volume split, 2014 – 2018
    c. Projected wholesale / retail power volume sold forward, 2014 – 2018
    d. Purchased power projections, 2014 – 2018
    e. Analysis of the impact of Interim Solution B+ and Capacity Pricing on unutilized or curtailed units
4. Natural Gas.
    a. Natural gas price forecasts and sources
    b. Unhedged generation and hedging program over projection period
    c. ERCOT market heat rate assumptions over projection period
    d. Percent of time natural gas on the margin over projection
5. Board Presentations.
    a. all written presentations made to the Board relating to the RSA
    b. all documents supporting or relating to any oral presentations made to the Board relating to the RSA
    c. all presentations made to the Board relating to the enterprise value of the Company between August 2013 and the present.

1

6. All Documents produced to any other party in connection with the RSA Assumption Motion.

**From:** O'Connor, Bridget K. [mailto:boconnor@kirkland.com]
**Sent:** Wednesday, May 28, 2014 9:18 AM
**To:** Coffey, Jeremy B.; Sassower, Edward O
**Cc:** Jonas, Jeffrey L.; Weisfelner, Edward S.; louis.curcio@dentons.com; McKane, Mark E.; McGaan, Andrew R.; gtaylor@ashby-geddes.com; Marshall, Jonathan D.; Lauchheimer, Aaron B.; Stoll, James W.; Poddar, Shivani; Dempsey, David R.; Hessler, Stephen E.; Husnick, Chad J.; Schartz, Brian; Serajeddini, Steven N.; APrinci@mofo.com; CKerr@mofo.com; lmarinuzzi@mofo.com
**Subject:** RE: Texas Competitive Electric Holdings, LLC

Jeremy,
As you are likely aware, there is substantial overlap between your RSA Assumption Motion-related requests and those issued by the TCEH Ad Hoc Group. We are already scheduled to meet and confer with the TCEH Ad Hoc Group about those requests, among other topics, tomorrow morning. In order to facilitate the Debtors' prompt and efficient responses to those numerous requests -- many of which actually relate to topics well outside the scope of the RSA Assumption Motion -- we would ask that you coordinate with the Official Committee of Unsecured Creditors, the TCEH Ad Hoc Group and/or any other parties with like requests and we can then meet and confer regarding a single, consolidated set of requests relating to the RSA Assumption Motion.

Thanks,
Bridget

**Bridget K. O'Connor**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite 1200
Washington, D.C. 20005
Ph: (202) 879-5048   F: (202) 879-5200

**From:** Coffey, Jeremy B. [mailto:JCoffey@brownrudnick.com]
**Sent:** Wednesday, May 28, 2014 7:24 AM
**To:** Sassower, Edward O
**Cc:** Jonas, Jeffrey L.; Weisfelner, Edward S.; louis.curcio@dentons.com; McKane, Mark E.; McGaan, Andrew R.; gtaylor@ashby-geddes.com; Marshall, Jonathan D.; Lauchheimer, Aaron B.; Stoll, James W.; Poddar, Shivani; O'Connor, Bridget K.; Dempsey, David R.; Hessler, Stephen E.; Husnick, Chad J.; Schartz, Brian; Serajeddini, Steven N.
**Subject:** RE: Texas Competitive Electric Holdings, LLC

Edward,

We would like to meet and confer concerning the timing of the debtors' production of documents and the scheduling of depositions related to the RSA assumption motion. Please advise as to the time(s) this afternoon at which you or members of your team would be available for that discussion. We are assuming, per the below, that the objection deadline for the RSA motion will be re-set from May 30, commensurate with the new hearing date for the motion. Please advise immediately if that is not the case. Please also let us know the new objection deadline as soon as possible, as that will drive the discussions as to timing of document production and depositions.

Thank you,

Jeremy B. Coffey
Brown Rudnick LLP
One Financial Center

Boston, MA 02111
Telephone (617) 856-8595
Facsimile (617) 856-8201

- and -

Seven Times Square
New York, NY 10036
Telephone (212) 209-4800

* Admitted in Texas and Massachusetts

**From:** Sassower, Edward O [mailto:esassower@kirkland.com]
**Sent:** Friday, May 23, 2014 12:17 PM
**To:** Coffey, Jeremy B.
**Cc:** Jonas, Jeffrey L.; Weisfelner, Edward S.; *brettmiller@mofo.com; louis.curcio@dentons.com; gstarner@whitecase.com; cshore@whitecase.com; aprinci@mofo.com; McKane, Mark E.; McGaan, Andrew R.; Taylor, Greg (GTaylor@ashby-geddes.com); Marshall, Jonathan D.; Lauchheimer, Aaron B.; Stoll, James W.; Poddar, Shivani; O'Connor, Bridget K.; Dempsey, David R.; Hessler, Stephen E.; Husnick, Chad J.; Schartz, Brian; Serajeddini, Steven N.
**Subject:** Re: Texas Competitive Electric Holdings, LLC

We will revert shortly with the new objection deadline. We also need to talk about the scope of your discovery. As Ed noted in court yesterday, the RSA assumption motion is seeking very targeted relief while your discovery requests are "massive." Thank you and have a great weekend.

Edward O. Sassower, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4675
Office: 212-446-4733
Mobile: 917-903-2346
Fax: 212-446-4900

On May 23, 2014, at 12:09 PM, "Coffey, Jeremy B." <JCoffey@brownrudnick.com> wrote:


Edward,

Based on the representation that the RSA Assumption motion will be pushed back to the June 30 hearing, we will adjourn the Sawyer and Keglevic depositions (previously noticed for May 27 and 28). We also will agree to push back the production date for documents responsive to our requests. Let's plan to discuss dates for document production and depositions early next week. Please also advise as soon as possible as to the new objection deadline for the RSA Assumption Motion.

Thank you,

Jeremy B. Coffey
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Telephone (617) 856-8595

Facsimile (617) 856-8201

- and -

Seven Times Square
New York, NY 10036
Telephone (212) 209-4800

\* Admitted in Texas and Massachusetts

**From:** Poddar, Shivani
**Sent:** Wednesday, May 21, 2014 11:05 AM
**To:** edward.sassower@kirkland.com
**Cc:** Coffey, Jeremy B.; Jonas, Jeffrey L.; Weisfelner, Edward S.;
brettmiller@mofo.com; louis.curcio@dentons.com; gstarner@whitecase.com;
cshore@whitecase.com; aprinci@mofo.com; mark.mckane@kirkland.com;
andrew.mcgaan@kirkland.com; Taylor, Greg (GTaylor@ashby-geddes.com);
Marshall, Jonathan D.; Lauchheimer, Aaron B.; Stoll, James W.
**Subject:** Texas Competitive Electric Holdings, LLC

Edward,

Please see attached letter and WSFS's Document Request to the Debtors.

Sincerely,
Shivani

<image001.jpg>

**Shivani Poddar**
Litigation Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4941
F: 212.938.2918
spoddar@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

**From:** Poddar, Shivani
**Sent:** Monday, May 19, 2014 8:50 PM
**To:** 'edward.sassower@kirkland.com'
**Cc:** Coffey, Jeremy B.; Jonas, Jeffrey L.; Weisfelner, Edward S.;
'brettmiller@mofo.com'; 'louis.curcio@dentons.com';
'gstarner@whitecase.com'; 'cshore@whitecase.com';
'aprinci@mofo.com'; 'mark.mckane@kirkland.com';
'andrew.mcgaan@kirkland.com'; Taylor, Greg (GTaylor@ashby-
geddes.com)
**Subject:** Texas Competitive Electric Holdings, LLC

Edward,

Please see attached letter and accompanying draft document requests,
as well as courtesy copies of two filed deposition notices.

Sincerely,

4

Shivani

<image001.jpg>

**Shivani Poddar**
Litigation Associate

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4941
F: 212.938.2918
spoddar@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail

**********************************************************************************

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that:

Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

**********************************************************************************

**************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
**************************************************************

**************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or

Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
*******************************************************

# EXHIBIT B

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Bridget K. O'Connor
To Call Writer Directly:
(202) 879-5048
bridget.oconnor@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

May 30, 2014

**By E-mail**

Gregory M. Starner
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

James W. Stoll
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

Re:   *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979
(Bankr. Del.)

Dear Greg and Jim:

Following up on our meet-and-confer discussion yesterday morning, this letter is to provide further detail as to the Debtors' plans with respect to production in response to the requests issued by the Ad Hoc Group of TCEH Unsecured Creditors (the "TCEH Unsecureds") and the Ad Hoc Consortium of Second Lien Noteholders of TCEH (the "TCEH Seconds") purportedly relating to the Debtors' RSA Assumption Motion. As you are aware, the TCEH Unsecureds issued 96 separate document requests that purport to relate to the RSA Assumption Motion, and the TCEH Seconds originally issued 26 such requests and then narrowed them down to six extremely broad categories of requests. We are also in receipt of Mr. Starner's letter today which identified several of the requests that the TCEH Unsecureds would seek to have prioritized, but not otherwise narrowing the scope of the original 96 requests issued. As we explained on the call, the Debtors view many of these requests as not reasonably related to the RSA Assumption Motion, but instead as relating to confirmation-related topics, and as such, do not intend to prioritize those non-RSA Assumption Motion-related requests over and above the numerous other more pressing discovery requests pending for review and production at this time.

The Debtors have already produced a number of documents relating to the RSA Assumption Motion, including — significantly — all of the final Board minutes and packages from October 31, 2013 through late-April 2014, including those relating to the TCEH and joint board meetings at which discussion and decisions regarding the Restructuring Support Agreement would have been conducted. The Debtors have also already begun producing communications between the Debtors, Evercore, and Kirkland & Ellis LLP, on the one hand, and RSA counterparties, on the other, concerning the Restructuring Support Agreement, including

# KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 2

negotiation over its terms. In addition, the Debtors have already produced, or will produce in response to your requests, nonprivileged documents relating to the Restructuring Support Agreement itself (including drafts and term sheets regarding the Restructuring Support Agreement), communications and negotiations regarding the proposed Restructuring Support Agreement, the payment and fees under the proposed Restructuring Support Agreement and milestones and termination events under the proposed Restructuring Support Agreement. The Debtors also have already produced, or will produce, nonprivileged documents relating to the board discussion or consideration of and or decision-making regarding the Restructuring Support Agreement, including those relating to the tax implications of entering into the Restructuring Support Agreement (versus alternatives to doing so), the potential for TCEH to separate from EFH if the Restructuring Support Agreement were not approved, and the value of the Restructuring Support Agreement to EFH Corp. In addition to the materials described above that have already been produced, the Debtors are currently reviewing materials in these categories and expect to complete the production of these materials by June 13, 2014.

With respect to the remaining categories of documents requested by the TCEH Unsecureds and Seconds, which relate primarily to valuation, tax analyses, related party transactions and other confirmation-stage topics, the Debtors do not intend to prioritize production in response to these requests at this time insofar as they are not related to the relief requested in the RSA Assumption Motion, but are instead aimed at topics more properly suited for assessment at the confirmation stage. We will, of course, produce these confirmation-related materials on a coordinated schedule as part of the to-be-negotiated discovery protocol that we received just two days ago.

This approach is consistent with the case law. Courts have repeatedly made clear that, in assessing the assumption of plan support agreements, the Court is not ruling on the underlying plan or its elements. For example, in *In re Delphi Corp.*, No. 05-44481, *111 (Bankr. S.D.N.Y. Jan. 12, 2007), in deciding to approve the assumption of the plan support agreement, the court specifically stated: "I'm not ruling today on the underlying plan or any elements of it." ¶¶ 18-19. Similarly, in assessing the proposed assumption of a restructuring support agreement in *In re Genco Shipping & Trading Limited*, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 24, 2014), the court clarified that — consistent with the distinction Debtors are drawing as to the proposed document requests at issue here — "objection[s] to the RSA and to that plan resulting from the RSA can be appropriately raised an an objection to plan confirmation. At this point, the Court is only being asked to approve the assumption of the RSA; that is, the agreement among most of the parties in this bankruptcy." As Judge Lane made clear in *Genco*, **"*[i]n any event, the issue of valuation and any objection to valuation is an issue that is preserved for confirmation*, as Judge Glenn's ResCap decision makes clear."** Hr'g Tr. at 18:25-19:2 (attached as Exhibit A) (emphasis added). He further clarified that "[a] motion to assume should be considered a

# KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 3

summary proceeding intended to efficiently review a trustee or debtor's decision to adhere to or reject a particular contract in the course of swift administration of the bankruptcy estate. *It is not the time or place for prolonged discovery or a lengthy trial with disputed issues.*" *Id.* at 21:23 - 22:3 (emphasis added).

We appreciate your having shared the cases that you believe support the proposition that valuation-related discovery is appropriate at the RSA Assumption Motion stage, but those cases simply do not support that proposition, nor do they contradict the precedent that specifically provides that confirmation-related discovery *is not appropriate* at the RSA assumption stage. Those cases instead confirm that valuation-related discovery is appropriate at confirmation, not in the context of an RSA assumption motion.

*First, In re SW Hotel Venture LLC*, 460 B.R. 4 (Bankr. D. Mass. 2011), considered a 506(b) motion brought *in conjunction with Plan Confirmation*. Evidence as to both the 506(b) motion and confirmation was heard by the court there simultaneously. Thus, *In re SW Hotel Venture LLC* does not provide support for the broad valuation (and other confirmation-related) discovery you have sought at the RSA Assumption Motion stage.

*Second,* although the court in *In re SE Steel Company*, 2001 WL 1804303 (Bankr. D.S.C. 2001), noted that "valuation at one point in a case is not necessarily binding throughout the case as valuation issues can arise in various contexts," the posture there was actually the opposite of what you are seeking to do here. In *In re SE Steel*, the parties had resolved the issue of whether the creditor's claim was secured by consent order earlier in the case, and the court's decision to allow additional valuation discovery *occurred at the confirmation stage*, not early in the case as you have proposed here, much less in conjunction with an RSA Assumption Motion (which the cases discussed above make clear would be inappropriate).

*Finally,* the *In re Innkeepers USA Trust*, 442 B.R. 227 (Bankr. S.D.N.Y. 2010) decision you have referenced is similarly inapt. That decision does not provide support for the proposition that valuation-related discovery is appropriate at the RSA Assumption Motion stage. Rather, the decision there, including the limited discussion of valuation-related concerns, was premised on the court's finding that the "fiduciary out" provision in the restructuring support agreement there was meaningless in light of the severe restrictions on the debtors' consideration of alternate offers and the fact that termination of that agreement would result in the termination of the Debtors' consensual use of cash collateral. There are no such limitations on the fiduciary out provision in the Restructuring Support Agreement in this case.

Thus, in light of the precedent on this issue and that applicable to the evaluation of an RSA Assumption Motion, the Debtors' position on the requests at issue here as articulated above

## KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 4

is firmly grounded. This approach will provide the TCEH Unsecureds, the TCEH Seconds, and any other party with an interest in evaluating or potentially objecting to the RSA Assumption Motion with the information to do so. To be clear, the TCEH Unsecureds and TCEH Seconds will get a chance to litigate the valuation of the TCEH Debtors and the confirmability of the plan contemplated by the Restructuring Support Agreement. As Judge Lane recognized in *Genco*, the mere "approval of an RSA does not ensure that a plan embodying its terms will be confirmed." Hr'g Tr. 16:1-11. But the RSA Assumption Motion is not the time to have that fight.

We are also working on drafting our formal written responses to your specific requests, and intend to provide those early next week. We expect that when you review the descriptions of what the Debtors intend to produce as against what is actually up for review in the RSA Assumption Motion, you will agree that the Debtors' approach is appropriate under the circumstances and in light of the volume and scope of competing discovery requests to which the Debtors are attempting to respond at this stage.

Sincerely,

*/s/ Bridget K. O'Connor*

Bridget K. O'Connor

cc:     J. Christopher Shore, White & Case LLP
        Thomas E. Lauria, White & Case LLP
        Matthew C. Brown, White & Case LLP
        Jeffrey M. Schlerf, Fox Rothschild LLP
        John H. Strock, Fox Rothschild LLP
        L. John Bird, Fox Rothschild LLP
        Charles L. Kerr, Morrison & Foerster, LLP
        Anthony Princi, Morrison & Foerster, LLP
        Lorenzo Marinuzzi, Morrison & Foerster, LLP
        Alan Kornberg, Paul, Weiss, Rifkind, Wharton & Garrison LLP
        Andrew Ehrlich, Paul, Weiss, Rifkind, Wharton & Garrison LLP
        Brian S. Hermann, Paul, Weiss, Rifkind, Wharton & Garrison LLP

# EXHIBIT C

## (Filed Under Seal)

# EXHIBIT D

**(Filed Under Seal)**