IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | : | Case No.  14-10979(CSS) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: June 5, 2014 at 9:30 a.m.** |
| | : | **Objection Deadline: May 29, 2014 at 4:00 p.m. (Extended for the U. S. Trustee)** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE INC. FOR ENTRY OF AN ORDER (A) APPROVING POSTPETITION SECOND LIEN FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) AUTHORIZING THE USE OF CASH COLLATERAL, (D) AUTHORIZING THE EFIH SECOND LIEN REPAYMENT, (E) AUTHORIZING ENTRY INTO AND PAYMENT OF FEES UNDER THE COMMITMENT LETTER, AND (F) MODIFYING THE AUTOMATIC STAY (D. I. 477)**

In support of her Objection to the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry into and Payment of Fees under the Commitment Letter, and (F) Modifying the Automatic Stay (D. I. 477), (the "Motion")[1], Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S.

---

[1] Any and all capitalized terms herein are ascribed the same meaning and context as those capitalized terms set forth and identified in the Motion (D. I. 477).

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.  In furtherance of her case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Objection.

## BACKGROUND AND PROCEDURAL HISTORY

4.  The Debtors filed these jointly administered cases on April 29, 2014 (the "Petition Date").

5.  The U. S. Trustee appointed an official committee of unsecured creditors on May 13, 2014 (D. I. 420).

6.  The Debtors' businesses include the largest generator, distributor, and retail electricity provider in Texas. EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas which covers the majority of Texas. The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility Commission of Texas. EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors, in three distinct business units, namely electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities, conducted by the TCEH Debtors composing "Luminant"; EFH's retail electricity sales operations and related operations, mainly conducted by the TCEH Debtors composing "TXU Energy"; and EFH's rate-regulated electricity transmission and distribution operations, conducted by Oncor, a non-Debtor. EFIH indirectly owns approximately 80% of Oncor. (Declaration of Paul Keglevic at Paragraph 6 - D. I. 98).

7. In this Motion, the EFIH Debtors seek authority to borrow $1.9 billion in cash under a debtor in possession term note financing (the "EFIH Second Lien DIP Facility") to borrow an additional $95 million in the form of a Closing Fee and to use the proceeds of this financing, the EFIH First Lien DIP Financing, and cash on hand to repay the EFIH Second Lien Notes (the "EFIH Second Lien Repayment").  Motion at Paragraph 5.

8. As part of this extremely complex series of financial transactions, and as more fully described in the Motion, the EFIH Second Lien DIP Facility will be secured by liens that are junior to the $5.4 billion EFIH First Lien DIP Financing, the EFIH First Lien Notes, the EFIH Second Lien Notes, other Permitted Liens and the Carve Out approving the EFIH First Lien DIP Financing.  Motion at Paragraph 6.

9. Additionally, holders of the EFIH Senior Toggle Notes and the EFH LBO Notes collectively have the right to fund up to 91% of the EFIH Second Lien DIP Facility in the form of "Tranche A-1 Notes," and Fidelity has the right to fund up to 9% of the EFIH Second Lien DIP Facility in the form of "Tranche A-3 Notes" (collectively, such funding rights are the "Participation Rights" and such holders are the "Participation Rights Holders"). Furthermore, Fidelity will receive an $11.25 million fee (the "Participation Fee") in connection with the exercise of any its Participation Rights. The Participation Fee approximately equals the Total Second Lien Dip Commitment Fees payable to the Commitment parties.  The EFIH Debtors, through Epiq Bankruptcy Solutions, LLC, intend to commence the EFIH Second Lien DIP Offering in accordance with applicable securities laws (the "EFIH Second Lien DIP Participation Procedures"). Motion at Paragraph 7.

10. The Motion also provides that the Commitment Parties have agreed to backstop the full $1.9 billion EFIH Second Lien DIP Facility (the "Investment Commitment") in the form

of Tranche A-2 Notes in the event that Participation Rights are not exercised in an amount sufficient to fund the EFIH Second Lien DIP Facility.  Motion at Paragraph 8.  As consideration for the Investment Commitment, including backstopping the EFIH Second Lien DIP Facility, the Commitment Parties have required, and the EFIH Debtors have agreed to pay, certain other fees and obligations pursuant to a commitment letter (the "Commitment Letter") and the EFIH Second Lien DIP NPA. Motion at Paragraph 9.

       11. These fees include a $8.75 million Execution Fee, a $10.25 million Approval Fee, $2.9 million in Arranger Fees, a $19.0 million Funding Cash Fee, the $11.25 million Participation Fee paid to Fidelity as referenced above, a $95 million Closing Fee and in particular an Alternative Transaction Fee (or "Break-up Fee" as described below) that is equal to $57 million (3.0% of $1.9 billion)  to be paid solely in the event that, up to the actual funding of the EFIH Second Lien DIP Facility, EFIH enters into "definitive documentation" for an alternative transaction (*i.e.*, a transaction in lieu of the Global Settlement) on equal or better terms than the Restructuring Support Agreement, within five days of court approval of such alternative transaction. Motion at Paragraph 9.

## OBJECTION AND ARGUMENT

       12. The U. S. Trustee objects to the approval of this $57 million Alternative Transaction Fee, or Break-up Fee, because the Debtors have failed to meet their burden of proof to show that this proposed fee is permissible under applicable Third Circuit law.

       13. The Third Circuit has held that these break-up fees are governed by section 503(b) of the Bankruptcy Code.  Specifically, in the context of a Section 363 sale, where a break-up fee is sought to be paid to a potential bidder, the court must determine that the fee was an actual and necessary cost and expense of preserving the estate. *See Calpine Corp. v. O'Brien*

*Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999). The same situation is presented to the Court in this Motion.

14. In *O'Brien*, the Third Circuit Court of Appeals stated that ". . . the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *O'Brien*, 181 F.3d at 535. The burden is on the Debtor to prove the necessity of, and benefit to the estate from, the proposed breakup fee or expense reimbursement. *Id.* Although "the considerations that underlie the debtor's judgment may be relevant to the bankruptcy court's determination on a request for break-up fees and expenses," "the business judgment rule should not be applied as such in the bankruptcy context." *O'Brien*, 181 F.3d at 535. The approval of a break-up fee is appropriate in this circuit only if the debtor establishes that the fee satisfies section 503(b) of the Bankruptcy Code. *See, e.g.*, *In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010).

15. In this case, the $57 million Alternative Transaction Fee is a break-up fee. The Debtors, however, have not, nor do they appear able to, put forth factual or legal support to show that this fee is an actual and necessary expense to preserve estate value under the standards set forth by the Third Circuit in *O'Brien* or *Reliant*. *See also* 11 U.S.C. § 503(b). Because the Debtors have failed to meet their burden of proof for the requested fee, the Court should deny approval of the $57 million Alternative Transaction Fee.

## **CONCLUSION AND RESERVATION OF RIGHTS**

16. The U.S. Trustee reserves any and all rights, remedies, duties and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, to take any such other and further actions, file any other objections or motions as may be required or

necessary, to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other and further grounds as may become apparent upon such factual discovery and to take whatever other actions are deemed necessary and appropriate.

WHEREFORE, the United States Trustee respectfully requests that this Court deny approval of the Motion and grant such other relief as may be deemed appropriate.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

BY:  /s/Richard L. Schepacarter
Richard L. Schepacarter, Esquire
Andrea B. Schwartz, Esquire
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)
Email: Richard.Schepacarter@usdoj.gov
Email: Andrea.B.Schwartz@usdoj.gov

Dated: June 2, 2014