**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 37, 230, 304, 677, 681** |

**DEBTORS' OMNIBUS REPLY TO THE LIMITED
OBJECTIONS OF OF THE AD HOC GROUP OF TCEH UNSECURED
NOTEHOLDERS AND THE UNSECURED CREDITORS' COMMITTEE TO THE
MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF
AN ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE USING THEIR
EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK
ACCOUNTS AND BUSINESS FORMS, AND (III) CONTINUE USING CERTAIN
INVESTMENT ACCOUNTS; (B) AUTHORIZING CONTINUED INTERCOMPANY
TRANSACTIONS AND NETTING OF INTERCOMPANY CLAIMS; AND (C) GRANTING
POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (the "Reply")[2] to the following objections to the Cash Management Motion:

- *Preliminary Limited Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the *Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, And (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 37] (the "Cash Management Motion"). The facts and circumstances supporting the Motion and this Response, along with a detailed discussion of the Debtors' business operations and capital structure, are set forth in the First Day Declaration.

- *Management System, (II) Maintain Existing Bank Accounts and Business Forms, And (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 230] (the "Limited Preliminary Objection");

- *Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al. Regarding the Motion of Energy Future Holdings Corp., et al. for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, And (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 677] (the "Committee Objection"); and

- *Limited Omnibus Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to (1) the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, And (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority; and (2) Certain Other of the Debtors' Operational First-Day Motions* [D.I. 681] (the "Limited Omnibus Objection," together with the Limited Preliminary Objection, the "Ad Hoc Objections" and, collectively with the Committee Objection, the "Cash Management Objections").

**Reply**

1.     Broadly stated, the Cash Management Objections primarily relate to certain concerns that the Ad Hoc Group and the Creditors' Committee have with respect to Intercompany Transactions and Intercompany Claims, including certain centralized services and treasury functions provided by EFH Corporate Services to the TCEH Debtors under the TCEH Shared Services Agreement. Specifically, each of the Creditors' Committee and the Ad Hoc Group seek to reserve their respective rights with the respect to future challenges regarding the intercompany arrangements discussed in the Cash Management Motion. *See* Limited Omnibus Objection ¶ 16; Committee Objection ¶¶ 8-10. Additionally, the Ad Hoc Group seeks additional

limits on the relief that the Debtors request in the Cash Management Motion due to a perceived "unreasonable risk of loss" at the TCEH Debtors.  Limited Omnibus Objection ¶ 15.

2. The Debtors and their advisors have engaged in cooperative discussions with counsel to the Ad Hoc Group and proposed counsel to the Creditors' Committee in an effort to bring these issues to resolution.  Unfortunately, although the Debtors believe they are close to reaching agreement, as of the time of the filing of this Reply, no definitive resolution has been reached.

3. To that end, the Debtors attach hereto as **Exhibit A** a revised order (the "Revised Order") that the Debtors believe is reasonable and adequately addresses the Creditors' Committee's and the Ad Hoc Group's primary concerns.[3]  A redline of the Revised Order against the entered Interim Order is attached hereto as **Exhibit B**.

4. The Revised Order provides the Creditors' Committee with:

- access to the Debtors' records, accounting procedures, and a monthly summary report of Intercompany Transactions and Intercompany Claims, including reasonable access to the Debtors and their advisors with respect to such monthly summary;

- advance notice of changes in the methodologies that the Debtors employ under the Shared Services Agreements and TSAs; and

- consent rights with respect to (i) the form and substance of subsequent Court orders providing for cash transfers from the TCEH Debtors to any Debtor that is not a TCEH Debtors (other than as permitted by the Revised Order), and (ii) the allocation of fees and other expenses relating to the non-TCEH Debtors' board of directors.

5. Additionally, paragraph 17 of the Revised Order includes the following expanded reservation of rights:

---

[3] The Debtors have also engaged in informal discussions with the office of the U.S. Trustee with respect to the relief requested in the Cash Management Motion.  The Debtors understand that the Revised Order addresses the U.S. Trustee's concerns.

> Notwithstanding the relief granted in this Order and, any actions taken pursuant to such relief, and any prepetition policy, internal arrangement, or agreement among the Debtors (including (a) the Shared Services Agreements and the TSAs and any allocation methodologies contained therein, (b) the Subleases, and (c) the Letters of Credit) nothing in this Order shall be deemed: (including, in each instance, with respect to the Shared Services Agreements, the TSAs, the Subleases, and the Letters of Credit): (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any party in interest's (including the Creditors' Committee) rights under the Bankruptcy Code or any other applicable law, including with respect to disputes or causes of actions that any Debtor may have against another Debtor or affiliated non-Debtor or any disputes with respect to administrative expense priority for any claims arising pursuant to the Shared Services Agreements or the TSAs. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of any party in interest's rights to subsequently dispute such claim, including with respect to the allocations set forth in the Shared Services Agreements or the TSAs.

6. The Debtors believe that the Shared Services provide substantial benefits to all of the Debtors' estates, including the TCEH Debtors. Importantly, the Shared Services that EFH Corporate Services provides to the Debtors are provided *at cost*, without premium or markup. At the same time, although the Debtors believe the Shared Services are in the best interests of the Debtors' estates, at this juncture they are not seeking to deprive any party in interest from reserving its rights to raise future claims or objections regarding the shared cash management system. The Debtors are not seeking to assume the Shared Services Agreements or the TSAs, nor are they seeking explicit approval of the Shared Services Agreements or the TSAs. Instead, the Debtors are simply requesting authority to continue to maintain the *status quo* in order to achieve a "soft landing" into chapter 11.

7.       Despite the inclusion of the foregoing reservations, the Ad Hoc Group persists in its objection to the Cash Management Motion, arguing that there is an "unreasonable risk of loss" for the TCEH Debtors arising from continued performance under the Shared Services Agreement and the TSA.  In particular, the Ad Hoc Group asserts that the TCEH Debtors could be harmed to the extent that EFH Corporate Services makes an unauthorized payment from the TCEH Debtors' accounts or somehow makes a payment to the wrong counterparty that cannot be recovered.  Such concerns are unfounded and, in light of the above-referenced reservation of rights, should no longer be of any concern.  To the extent that EFH Corporate Services makes an unauthorized payment from a TCEH Debtor account or seeks reimbursement for a payment made to the wrong counter-party, the above-referenced reservation of rights would no doubt allow all parties in interest, including the Ad Hoc Group, to challenge the particular claim or payment under the Shared Services Agreement and TSA.

[*Remainder of page intentionally left blank*]

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court overrule the Cash Managements Objections in their entirety, enter the Revised Order, and grant such other relief as it deems necessary and proper under the circumstances.

Dated: June 3, 2014  
       Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   richard.cieri@kirkland.com
      edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession