# EXHIBIT C

# FILED UNDER SEAL

<u>EXHIBIT B</u>

Goldstein Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-_____ (____) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF STEPHEN GOLDSTEIN
## IN SUPPORT OF (I) THE MOTION OF TEXAS
## COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC
## AND CERTAIN OF ITS DEBTOR AFFILIATES FOR
## ENTRY OF INTERIM AND FINAL ORDERS (A) APPROVING
## POSTPETITION FINANCING, (B) GRANTING LIENS AND
## PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS,
## (C) MODIFYING THE AUTOMATIC STAY, AND (D) SCHEDULING
## A FINAL HEARING, AND (II) THE MOTION OF TEXAS COMPETITIVE
## ELECTRIC HOLDINGS COMPANY LLC AND CERTAIN OF ITS DEBTOR
## AFFILIATES FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING
## USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION,
## (C) MODIFYING THE AUTOMATIC STAY, AND (D) SCHEDULING A FINAL HEARING

I, Stephen Goldstein, declare as follows:

1.      I am a Senior Managing Director of Evercore Group LLC ("Evercore"), a

financial advisory and investment banking firm with offices around the world and financial

advisor and investment banker to the above-captioned debtors and debtors in possession (the

"Debtors"). I submit this declaration (this "Declaration") in support of (I) the *Motion of Texas*

*Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of*

*Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

mergers and acquisitions, and debt and equity financings. I received my B.A. from Cornell University in 1992 and my J.D. from New York University School of Law in 1995.

## The TCEH Debtors' Need for DIP Financing and Cash Collateral and the Development of the DIP Budget

7.    After being retained by the TCEH Debtors in July 2012 and gaining an initial understanding of the TCEH Debtors' capital structure and business operations, Evercore worked together with the TCEH Debtors' management team and its other advisors to analyze the TCEH Debtors' cash needs to determine if additional liquidity was needed to support the TCEH Debtors' operations during the course of a restructuring. In undertaking this analysis, the TCEH Debtors and their advisors considered the TCEH Debtors' near-term projected financial performance, including demand for the TCEH Debtors' services and the cost of supplying such services. The TCEH Debtors' management also conferred with key operational divisions (*i.e.*, Luminant and TXU Energy) to understand essential business metrics in both the near- and long-term.

8.    The TCEH Debtors, Evercore, and other advisors discussed and contemplated the use of Cash Collateral, with or without any additional financing, to fund operations during these chapter 11 cases. Based on the TCEH Debtors' financial projections, the TCEH Debtors determined that Cash Collateral may be sufficient to fund certain aspects of working capital, capital expenditures, and other general corporate purposes during the anticipated duration of the chapter 11 cases, but will be insufficient to fund the costs associated with the TCEH Debtors' restructuring efforts, including providing creditors with adequate protection. Thus, the TCEH Debtors decided debtor-in-possession financing was necessary to ensure that the TCEH Debtors have sufficient liquidity to continue operations uninterrupted during the TCEH Debtors' restructuring.

TCEH Debtors and Evercore initiated a request for DIP facility proposals ("RFP"). The TCEH

Debtors' and Evercore canvassed the market to find parties interested in providing

debtor-in-possession financing. During the initial stage of the RFP process, the TCEH Debtors

approached five large financial institutions that are actively involved in the debtor-in-possession

and syndicated finance markets. The TCEH Debtors and their advisors provided these financial

institutions with a proposed DIP financing structure, draft commitment letter, and a detailed term

sheet. The TCEH Debtors offered each of these financial institutions the opportunity to conduct

due diligence and submit proposals for up to 100% of the DIP financing commitment.

20.     Five financial institutions submitted proposals in response to the TCEH Debtors'

RFP. After thorough analysis of the DIP financing proposals, the TCEH Debtors concluded that

no single financial institution would be able to underwrite the entire amount of the DIP financing

due to the size of the proposed revolving credit facility. Nevertheless, the size of the revolving

credit facility remained a priority for the TCEH Debtors because a revolving credit facility

offered several benefits over a comparable term facility, including lower pricing and greater

efficiency by deferring funding until needed. As a result of this analysis, the TCEH Debtors

decided to aggregate the support of multiple financial institutions to fund the DIP Facility.

21.     In early October 2013, two additional financial institutions signed non-disclosure

agreements and joined the DIP financing process. The TCEH Debtors continued negotiating

with all seven financing providers during the first three weeks of October to obtain the most

favorable terms on the DIP Financing. On October 25, 2013, the TCEH Debtors determined that

the DIP Financing proposals from Citigroup Global Markets Inc. and Deutsche Bank Securities

Inc. contained the best possible combination of terms and effectively addressed the TCEH

Debtors' liquidity needs. The TCEH Debtors thus began negotiating commitment letters with

9