# EXHIBIT E

# FILED UNDER SEAL

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3215

WRITER'S DIRECT FACSIMILE
212.492.0215

WRITER'S DIRECT E-MAIL ADDRESS
lclayton@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOGGE, JR.
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
LORETTA A. IPPOLITO
JAREN JANGHORBANI

MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH M. McCOLM
MARK F. MENDELSOHN
WILLIAM B. MICHAEL
TOBY S. MYERSON
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
MARIA T. VULLO
ALEXANDRA M. WALSH*
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

March 6, 2014

BY FEDERAL EXPRESS AND ELECTRONIC MAIL

Mr. Richard M. Cieri, Esq.
Mr. Edward O. Sassower, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

Dear Messrs. Cieri and Sassower:

We write on behalf of clients who hold, in the aggregate, more than 50% of the claims and other obligations arising under the first lien credit documents of Texas Competitive Electric Holdings Company LLC (the "Company") and therefore are among the Company's largest stakeholders. We are deeply concerned that the Company is considering adopting strategies designed to strip away collateral that currently secures its obligations under its first lien credit documents. Employing such strategies would cause serious and irreparable injury to the first lien creditors, who will, if necessary, take vigorous action to protect their rights, and would jeopardize the chances of an orderly and constructive restructuring process, which is in the best interests of the Company and its stakeholders.

To the extent the Company is considering whether to transfer material assets to an "Unrestricted Subsidiary" (as defined in the credit agreements) as part of a strategy to finance the Company's operations after it files for protection under chapter 11 of the Bankruptcy Code, we wish to put you on notice that such an insider transaction is

Highly Confidential

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Texas Competitive Electric Holdings Company LLC

2

unnecessary and would, if consummated, constitute nothing more than illicit financial engineering designed deliberately to impair the first lien creditors' existing collateral package. Any such transfer, especially one made in the shadow of the Company's looming chapter 11 filing, would be avoidable as a fraudulent conveyance. In addition, any putative release of the first lien creditors' liens or guaranties in respect of the transferred assets would be ineffectual, as the transfer of material assets to finance the Company's operations in chapter 11 clearly constitutes a corporate action "taken for the purpose of effecting [a chapter 11 filing by the Company]" and therefore such a transfer is not permitted by, and would cause an Event of Default under, section 11.5 of the first lien credit agreement. The transfer would also violate, *inter alia*, the implied covenant of good faith and fair dealing.

Moreover, it would be senseless for the Company to resort to such an unlawful transaction when we have made it clear to you that our clients are ready and willing to negotiate and finalize a reasonable cash collateral order, which would include consent to a priming DIP loan that would permit the Company to finance its operations in chapter 11, and that otherwise had terms and conditions consistent with current market practice. Negotiating and finalizing a cash collateral order with our clients will facilitate the Company's transition into chapter 11 and demonstrate the Company's willingness to work consensually with its important stakeholders. Collateral-stripping transactions, on the other hand, will engender significant litigation from the outset of the Company's chapter 11 case – in which the Company cannot prevail – and lengthen the odds against a consensual restructuring. Our clients will not tolerate any transaction designed to siphon value away from the Company's primary stakeholders.

It is our hope that the Company is not, in fact, considering such a transfer. If that is the case, we ask you to confirm that fact. Otherwise, we demand that you immediately abandon any such plans and instead work in good faith with our clients and other important creditor constituencies to negotiate a consensual cash collateral order that is in the best interests of the Company and all of its stakeholders.

Very truly yours,

Lewis R. Clayton

cc:    Stephen E. Hessler, Esq.