IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket Nos. 74, 421, 600,** |
| | ) **649, 687, 691, & 735** |

**JOINDER OF EFIH FIRST LIEN DIP AGENT TO THE EFIH DEBTORS'
OMNIBUS REPLY TO OBJECTIONS TO THE EFIH DEBTORS' MOTION
FOR APPROVAL OF THE EFIH FIRST LIEN DIP FINANCING,
THE EFIH FIRST LIEN REPAYMENT, AND THE FIDELITY FUNDING FEE**

Deutsche Bank AG New York Branch, as administrative agent (the "EFIH First Lien DIP Agent") under Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.'s proposed debtor-in-possession financing facility (the "EFIH First Lien DIP Financing Facility") hereby joins the *EFIH Debtors' Omnibus Reply To Objections To The EFIH Debtors' Motion For Approval Of The EFIH First Lien DIP Financing, The EFIH First Lien Repayment, And The Fidelity Funding Fee* [Docket No. 735] (the "EFIH Debtors' Reply").

## JOINDER

1. The EFIH First Lien Agent hereby joins the EFIH Debtors' Reply to: (a) *The Limited Objection Of CSC Trust Company Of Delaware, As Indenture Trustee And As Collateral Trustee, To Motion Of EFIH Debtors For Approval Of First-Lien Postpetition Financing* (the "CSC Trust Limited Objection") [Docket No. 694] filed by CSC Trust Company of Delaware

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

("CSC Trust"); (b) the *EFIH Second Lien Notes Indenture Trustee's (I) Preliminary Response To Debtors' Settlement Motion And (II) Limited Objection and Reservation of Rights to Debtors' Motion Approving First Lien DIP Financing* [Docket No. 649], filed by Computershare Trust Company, N.A. and Computershare Trust Company of Canada; and (c) those portions of the *Preliminary Objection Of CSC Trust Company of Delaware, As Indenture Trustee, To Debtors' Motion To Approve First-Lien Post-Petition Financing, Redeem First Lien And Second Lien Notes, And Determine Secured Claim* [Docket No. 421], filed by CSC Trust, to the extent they remain relevant to the relief requested at the June 5 hearing. While joining the EFIH Debtors' Reply, the EFIH First Lien DIP Agent would like to highlight certain issues for particular consideration by the Court that arise under the CSC Trust Limited Objection.

2. Contrary to the assertion in the CSC Trust Limited Objection, the proposed form of final order [Docket No. 600] granting the EFIH First Lien DIP Motion, as it has been or will be amended or modified to address certain concerns of certain parties, including CSC Trust (the "EFIH First Lien DIP Order")[2] contains only provisions that are fully permissible and appropriate under the circumstances. Accordingly, for the reasons set forth below, and in the EFIH Debtors' Reply, the EFIH First Lien DIP Agent respectfully submits that the CSC Trust Limited Objection should be overruled in its entirety.

3. As described in greater detail below, the CSC Trust Limited Objection seems to ignore entirely the fact that new money lenders who were not the subject of a restructuring support agreement or any other settlement with the EFIH Debtors are putting significant amounts of new capital at risk to fund the EFIH First Lien DIP Facility. Originally, those parties

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the EFIH First Lien DIP Order or the EFIH Debtors' Reply.

committed $2.1 billion of new capital, which amount has been reduced following, among other things, the completion of the First Lien Exchange. All of the proposed EFIH First Lien DIP Lenders, but in particular those who are truly new lenders, require that the EFIH First Lien DIP Order have all of the protections that are standard in DIP loans, several of which the CSC Trust Limited Objection unjustifiably attacks.

### I. The Remedies And Subordination Provisions In The EFIH First Lien DIP Order Are Appropriate

4. CSC Trust objects to provisions in the EFIH First Lien DIP Order that, among other things, allow the EFIH First Lien DIP Agent and the EFIH First Lien DIP Lenders "to exercise remedies without further court intervention except for the very limited challenge as to whether an event of default has actually occurred." *See* CSC Trust Limited Objection at ¶ 11. These provisions are, however, perfectly appropriate to give effect to the priming liens that are a condition to the EFIH First Lien DIP Facility. Indeed, they are standard in DIP orders and have been approved on a routine basis by numerous courts in this District and others. *See, e.g., In re Namco, LLC*, Case No. 13-10610 (PJW) (Bankr. D. Del. May 7, 2013) (providing for exercise remedies by DIP lenders without further court intervention except for challenge as to whether an event of default has actually occurred and subordination of enforcement rights of prepetition lenders); *In re Monitor Co. Grp. Ltd. P'ship*, Case No. 12-13042 (CSS) (Bankr. D. Del. Dec. 4, 2012) (same); *In re Buffets Rests. Holdings, Inc.*, Case No. 12-10237 (MFW) (Bankr. D. Del. Feb. 14, 2012) (same); *In re William Lyon Homes*, Case No. 11-14019 (CSS) (Bankr. D. Del. Jan. 10, 2012) (providing for exercise remedies by DIP lenders without further court intervention except for challenge as to whether an event of default has actually occurred or whether to approve a junior DIP facility and subordination of enforcement rights of prepetition lenders); *In re WCI Comty, Inc.*, Case No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (providing for

exercise remedies by DIP lenders without further court intervention except for challenge as to whether an event of default has actually occurred and subordination of enforcement rights of prepetition lenders); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 13, 2008) (same); *see also In re Chrysler*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009) (same); *In re Chemtura Corp.*, Case No. 09-11233 (REG) (Bankr. S.D.N.Y April 29, 2009) (same).

5.  Moreover, arrangements that allow first lien creditors to control remedies are standard in the marketplace for deals involving first and junior liens. Recognizing the infirmity of its position, CSC Trust questions in a footnote in the CSC Trust Limited Objection whether in fact the intercreditor agreement for the proposed EFIH Second Lien DIP Facility contains similar provisions.[3] The answer to that question, which not surprisingly is that the intercreditor agreement for the EFIH Second Lien DIP Facility will contain such a provision, was available when the CSC Trust Limited Objection was filed. The EFIH First Lien DIP Credit Agreement, which is publicly available [Docket No. 600] and was completely accessible by CSC Trust, provides, as one would expect, that:

> [T]he intercreditor agreement shall provide that until the Obligations (other than Hedging Obligations under Secured Hedging Agreements and/or Cash Management Obligations under the Secured Cash Management Agreements or Contingent Obligations) are paid in full, the Administrative Agent will control at all times all remedies and other actions related to the Collateral, and that the secured parties under the Incremental Facility will not be entitled to take any action with respect to the Collateral . . .

EFIH First Lien DIP Credit Agreement § 2.13.

---

[3]  *See* CSC Trust Limited Objection at note 4.

## II. The Provisions In The EFIH First Lien DIP Order Related To The EFIH Second Lien DIP Facility And The EFIH Second Lien Settlement Are Proper

6. CSC Trust argues that as the hearing on approval of the EFIH Second Lien DIP Facility (except for the Alternative Transaction Fee) and the EFIH Second Lien Settlement has been adjourned until June 30, the EFIH First Lien DIP Order "should not contain any finding or authorize any action regarding any portion of the EFIH Second Lien DIP Facility or EFIH Second Lien Settlement, including any borrowing with respect to any EFIH Second Lien Refinancing." CSC Trust Limited Objection at ¶ 21. It is difficult to decipher what the CSC Trust Limited Objection means when it suggests that authorization should not be given for *"any borrowing with respect to any EFIH Second Lien Refinancing"*; however, to the extent CSC Trust is attempting to argue that the amount proposed to be borrowed under the EFIH First Lien DIP Facility somehow should be less than the amount requested, the argument should be overruled in its entirety. If CSC Trust is intimating that the draw under the EFIH First Lien DIP Term Sheet should occur in two phases (one now and one if the EFIH Second Lien Settlement is approved), such a limitation cannot be imposed by the Court, as there is no way to accomplish a dual draw absent renegotiation of the terms of the EFIH First Lien DIP Facility. As the term sheet with respect to the EFIH First Lien DIP Facility (the "EFIH First Lien DIP Term Sheet"), which was filed at the outset of these cases [Docket No. 98], makes clear, the EFIH First Lien DIP Facility "will be available in a single draw on or after the date the Final Order is entered." EFIH First Lien DIP Term Sheet at p. 8. Accordingly, if the Court were to limit the amount that could be borrowed at closing of the EFIH First Lien DIP Facility, it would be result in a permanent loss of borrowing capacity under the EFIH First Lien DIP Facility.

7. If, in making its suggestion that authorization should not be given for borrowings with respect to the EFIH Second Lien Refinancing, CST Trust is concerned that, in borrowing

5

the full amount of the EFIH First Lien DIP Facility, the EFIH Debtors would incur additional interest expenses if the EFIH Second Lien Refinancing is not approved, such a concern should not be addressed by limiting the size of the EFIH First Lien DIP Facility. Currently, the hearing on the approval of the EFIH Second Lien DIP Facility and EFIH Second Lien Refinancing is scheduled for less than one month away, so the interest costs borrowing the amounts needed for the EFIH Second Lien Facility will be miniscule. If the Court ultimately were to not approve the EFIH Second Lien DIP Facility and the EFIH Second Lien Settlement, the EFIH Debtors could then address any excess borrowings by making a voluntary prepayment under Section 4.1 of the EFIH First Lien DIP Credit Agreement. EFIH First Lien DIP Credit Agreement § 4.1.

**III.    The Provisions In The EFIH First Lien DIP Order With Respect To Amendments Of The EFIH First Lien DIP Documents Are Appropriate**

8. CSC Trust argues that the EFIH Debtors should be required to seek Court approval any time an immaterial amendment is made to the EFIH First Lien DIP Documents. *See* CSC Trust Limited Objection ¶¶ 24-25. The EFIH First Lien DIP Agent respectfully submits that requiring court approval of immaterial modifications to the EFIH First Lien DIP Documents would be an absurd waste of judicial resources and needlessly increase the EFIH Debtors' professional fees in these chapter 11 cases. Indeed, contrary to CSC Trust's assertions, there is nothing novel about an immateriality standard. *See, e.g., In re William Lyon Homes*, Case No. 11-14019 (CSS) (Bankr. D. Del. Jan. 10, 2012) (immaterial modifications allowed without further order of the court); *In re Buffets Rests. Holdings, Inc.*, Case No. 12-10237 (MFW) (Bankr. D. Del. Feb. 14, 2012) (same); *In re Crucible Materials Corp.*, Case No. 09-11582 (MFW) (Bankr. D. Del. June 8, 2009) (same); *In re Chrysler*, Case No. 09-50002 (AJG) (Bankr. D. Del. May 4, 2009) (same); *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 23, 2009) (same).

### IV. The Releases In The EFIH First Lien DIP Order Are Appropriate

9. CSC Trust argues that the EFIH First Lien DIP Order "contains an inappropriately broad release, if one is appropriate at all." CSC Trust Limited Objection at ¶ 28. The EFIH First Lien DIP Lender Release is an integral bargained for component of the EFIH First Lien DIP Facility—particularly for the Joint Lead Arrangers and those EFIH First Lien DIP Lenders who had no prior economic connection with the EFIH Debtors—and there is absolutely no reason to deprive the EFIH First Lien DIP Lenders of those protections. Indeed, as CSC Trust must be aware, releases of lenders in connection with DIP financings are common practice and routinely approved by courts in this District. *See, e.g., In re Furniture Brands Int'l, Inc.* (Bankr. D. Del. Oct. 11, 2013) (CSS) (granting lender release in connection with DIP financing); *In re Namco, LLC*, Case No. 13-10610 (PJW) (Bankr. D. Del. May 7, 2013) (same); *In re F & H Acquisition Corp.*, Case No. 13-13220 (KG) (Bankr. D. Del. Feb. 28, 2012) (same); *In re William Lyon Homes,* Case No. 11-14019 (CSS) (Bankr. D. Del. Jan. 10, 2012) (same); *In re Crucible Materials Corp.*, Case No. 09-11582 (MFW) (Bankr. D. Del. June 8, 2009) (same); *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 23, 2009) (same); *In re Terisa Sys., Inc.*, Case No. 08-10462 (Bankr. D. Del. Mar. 27, 2008) (CSS) (same).

10. Further, the scope of the EFIH First Lien DIP Lender Release is narrowly tailored and not overbroad. In this regard, the EFIH First Lien DIP Lender Release is: (i) by the EFIH Debtors (not CSC Trust); (ii) of the EFIH First Lien DIP Agent, the Joint Lead Arrangers, and the EFIH First Lien DIP Lenders, significantly "in each case *in their capacities as such*," and certain related parties (including affiliates and directors and officers) as is common in any release; and (iii) expressly limited to claims "arising out of, in connection with, or relating to the EFIH First Lien DIP Financing" and related transactions. EFIH First Lien DIP Order ¶ 31

(emphasis added). Accordingly, CSC Trust's nebulous and poorly articulated concerns regarding the EFIH First Lien DIP Lender Release are unfounded.

**WHEREFORE**, the EFIH First Lien DIP Agent respectfully request that this Court overrule the CSC Trust Limited Objection and enter the EFIH First Lien DIP Order.

Dated: June 3, 2014

**POTTER ANDERSON & CORROON LLP**

*/s/ C. Stephen McNeill*
Laurie Selber Silverstein (DE Bar No. 2396)
Jeremy W. Ryan (DE Bar No. 4057)
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

**SHEARMAN & STERLING LLP**
Fredric Sosnick
Ned S. Schodek
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: fsosnick@shearman.com
ned.schodek@shearman.com

*Attorneys for the EFIH First Lien DIP Agent*