# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 506 & ___** |

## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
## CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing, but not directing, the Debtors to retain and compensate the OCPs provided on the OCP Lists attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented by the Debtors from time to time) pursuant to the Compensation Procedures, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the

Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the OCPs identified on the

OCP Lists attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented by

the Debtors from time to time in accordance with this Order), in the ordinary course of business,

in accordance with the following compensation procedures (collectively, the "Compensation

Procedures"):

> (a) Each OCP on one of the lists attached as **Exhibit 1** or **Exhibit 2** to the Order (as may be amended or supplemented from time to time, the "OCP Lists") shall file with the Court a declaration of disinterestedness (each a "Declaration of Disinterestedness"), substantially in the form attached as **Exhibit 3** to the Order, within 28 days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP List. Each OCP shall serve the Declaration of Disinterestedness upon:    (a) the Debtors, 1601 Bryan Street, 43rd Floor, Dallas, Texas, 75201, Attn:   Andrew M. Wright; (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:   Brian E. Schartz, Esq.; (c) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq.; (d) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq.; (e) proposed counsel to the Creditors' Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY

10019, Attn: Hon. James M. Peck, Brett H. Miller, Esq., and Lorenzo Marinuzzi, Esq.; and (f) proposed counsel to the agent for the EFIH first lien debtor-in-possession financing facility, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Ned S. Schodek (each a "Notice Party," and, collectively the "Notice Parties").

(b) The Notice Parties shall have 14 days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "Objection Deadline"). The objecting party shall serve any such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties thereto.

(c) If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(d) The Debtors reserve the right to modify the OCP List as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event an OCP is added to the OCP List, the Debtors will file a notice with the Court listing the additional OCPs that the Debtors intend to employ (each, an "OCP Notice") and to serve each OCP Notice on the Notice Parties. Additionally, each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties in accordance with the Order. The Notice Parties shall have 14 days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with the Court, and serve any such objection upon each of the Notice Parties so as to be actually received within 14 days of service of such OCP Notice.

(e) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained pursuant to these

procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided, however*, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** attached hereto, excluding costs and disbursements, may not exceed $150,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap"), and that the fees of each OCP set forth on **Exhibit 2** attached hereto, excluding costs and disbursements, may not exceed $65,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps").

(f) To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the OCP shall file with the Court a Notice of Fees in Excess of the OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested parties shall then have 15 days to file an objection to the Notice of Excess Fees with the Court. If after 15 days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

(g) Beginning on June 30, 2014, and in three month increments thereafter in which these chapter 11 cases are pending (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP

3.        To the extent that any agreement between the Debtors and an OCP provides for

the indemnification by the Debtors of such OCP in connection with the services that are the

subject of this Motion (each such agreement, an "OCP Agreement"), such indemnification

provisions are approved, subject to the following modifications, applicable during the pendency of these cases:

    (a) The OCP shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

    (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the OCP should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the OCP for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the OCP. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the OCP for indemnification, contribution or reimbursement.

4.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

5.     Notwithstanding anything herein: (a) nothing in this Order shall authorize the Debtors to pay the prepetition claims of non-attorney OCPs; and (b) each of Duff & Phelps and Mercer Global shall agree to waive its prepetition claims against the Debtors in any executed Declaration of Disinterestedness that it files with the Court as a condition precedent to being retained under this Order.

6.     Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (a) requiring an OCP to file a separate retention application under section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the Tier 1 OCP Cap or the Tier 2 OCP Cap.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: June ___, 2014

_____

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**Tier 1 Ordinary Course Professionals**

## Tier 1 Ordinary Course Professionals

| OCP | Address | Service Category |
|---|---|---|
| Balch & Bingham LLP | P.O. Box 306, Birmingham, AL 35203 | Environmental Litigation |
| Bracewell & Giuliani LLP | 711 Louisiana Street, Ste. 2900, Houston, TX 77002 | Environmental Advice / Political Consultant |
| Duff & Phelps LLC | 12595 Collection Center Drive Chicago, IL 60693 | Valuation - Impairment; Property Tax |
| Enoch Kever | 600 Congress Avenue, Ste. 2800, Austin, TX 78701 | Regulatory Advice |
| Hawkins Parnell Thackston & Young LLP | 4000 Sun Trust Plaza, Atlanta, GA 3030-3243 | Litigation - Asbestos |
| Hunton & Williams LLP | 2200 Pennsylvania Avenue N.W., Washington, DC 20037 | Benefits-Immigration, Political Consultant |
| Morgan Lewis & Bockius LLP | P.O. Box 8500 S-6050, Philadelphia, PA 19178-6050 | Regulatory (NRC) and Labor |
| Vinson & Elkins LLP | P.O. Box 200113, Houston, TX 77216-0113 | Regulatory, Real Estate Advice |

## EXHIBIT 2 to EXHIBIT A

**Tier 2 Ordinary Course Professionals**

**Tier 2 Ordinary Course Professionals**

| OCP | Address | Service Category |
|---|---|---|
| Alliance Consulting Group | 1410 Avenue K, Suite 1105-B, Plano, TX 75074-1102 | Depreciation Study |
| Allison McCombe Small | 54012 Ridge Oak Drive, Austin, TX 78731 | Political Consultant |
| American Appraisal | 14180 Dallas Parkway, Suite 400, Dallas, Texas 75254 | Property Tax Expert for Litigation |
| Armstrong & Associates LLP | One Kaiser Plaza, Suite 625, Oakland CA 94612 | Litigation - Asbestos |
| Arnold & Porter LLP | 555 12th Street NW, Washington, DC 20004 | Consulting Services |
| AYCO Company LP | P.O. Box 347139, Pittsburgh, PA 15251 | Financial Executive counseling |
| Baker Botts LLP | 2001 Ross Avenue, Dallas, TX 75201-2980 | IP, Transactional, and Contract Restructure |
| Beirne Maynard & Parsons LLP | P.O. Box 27457, Houston, TX 77056-3014 | Litigation - Asbestos |
| Beveridge and Diamond PC | 98 San Jacinto Boulevard, Suite 1420, Austin, TX 78701 | Litigation - Water |
| Bluewater Strategies LLC | 400 N. Capitol Street NW, Suite 475, Washington, DC 20001 | Consulting Services |
| Bradley Arant Boult Cummings LLP | One Federal Place, 1819 5th Avenue N, Birmingham, AL 35203 | Adv- Asbestos Exposure |
| Brown & James | 1010 Market Street, 20th Floor, St. Louis, MO 63101-2000 | Litigation - Asbestos |
| Burford & Ryburn LLP | 500 N. Akard Street, Suite 3100, Dallas, TX 75201 | Litigation - Asbestos |
| Carl S. Richie, Jr. Attorney At Law | 1122 Colorado Street, Suite 209, Austin, TX 78701 | Political Consultant |
| DCI Group LLC | 1828 L Street NW, Suite 400, Washington DC 20036 | Consulting Services |
| Deans & Lyons LLP | 325 N. Saint Paul Street, Suite 1500, Dallas, TX 75201 | Litigation Asbestos |
| Dykema Gossett | 1717 Main Street #400, Dallas, TX 75201 | Counsel for TXU Chyba case |
| Eddie Cavazos | P.O. Box 684977, Austin, TX 78768 | Political Consultant |
| Edward M. Shack | 814 San Jacinto Boulevard, Suite 202, Austin, TX 78701 | Political Activities Law Advice |
| Estes Okon Thorne & Carr PLLC | 3500 Maple Avenue, Suite 1100, Dallas, TX 75219 | Litigation - General |
| First Advantage | BMO 60, P.O. Box 1150, Minneapolis, MN 55480-1150 | Recruiting & Background checks |
| Fish & Richardson PC | P.O. Box 3295, Boston, MA 02241-3295 | Litigation - General |

| OCP | Address | Service Category |
|---|---|---|
| Goldberg Godles Wiener & Wright | 1229 19th Street NW, Washington D.C. 20036 | Regulatory Advice |
| Goodmans LLP | Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7 | Canadian Counsel for Ebasco Services of Canada Limited |
| Gruber Hurst Johansen Hail | 2500 Fountain Place, 1400 Ross Avenue, Dallas, TX 75202 | Litigation - General |
| Haley Olson | 510 N. Valley Mills Drive, Suite 600, Waco, TX 76710 | Environmental Litigation |
| Harris & Dickey LLC | 4127 Wycliff Avenue, Dallas, TX 75219 | Tax Consulting |
| HMWK LLC | 301 Congress Avenue, Suite 1700, Austin, TX 78701 | Political Consultant |
| Hudson Cook LLP | 7250 Parkway Drive, 5th Floor, Hanover, MD 21076-1343 | Retail Advice |
| Husch Blackwell Sanders LLP | 750 17th Street NW, Suite 900, Washington, DC 2006-4656 | Employment Litigation/Political Consultant |
| Imperium Public Affairs | P.O. Box 13382, Capitol Station, Austin, TX 78711 | Political Consultant |
| Ireland Carroll & Kelley PC | P.O. Box 7879, Tyler, TX 75711 | Environmental Litigation |
| Jack Roberts | 400 W. 15th Street, Suite 320, Austin, TX 78701 | Political Consultant |
| Jack W Gullahorn PC | P.O. Box 140045, Austin, TX 78714 | Political Consultant |
| Jackson Kelly PLLC | 1099 18th Street, Suite 2150, Denver, CO 80202 | Regulatory - MSHA/OSHA |
| Jackson Sjoberg Mccarthy | 711 W. 7th Street, Austin, TX 78701-2785 | Real Estate Mining |
| Jackson Walker LLP | P.O. Box 130989, Dallas, TX 75313-0989 | Advice - Water |
| John Hildreth | 1801 Lavaca Street, #12C, Austin, TX 78701 | Political Consultant |
| John Sherwood | 2926 Maple Avenue, Dallas, TX 75201 | Collections for TXU |
| K&L Gates | 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158 | Transaction Advice; Non-Income Tax Litigation |
| Kelly Hart & Hallman | 201 Main Street, Suite 2500, Fort Worth, TX 76102 | Litigation - Environmental and General |
| Kyle Bibb | 1212 Strathmore Drive, Southlake, TX 76092 | Federal Income Tax Advice |
| Lam Lyn & Philip PC | 3555 Timmons Lane, Houston, TX 77027 | Collections for TXU |
| Laurie Fenstemaker Pair | P.O. Box 5908, Austin, TX 78763 | Ethics Consultant |
| Law Offices Of Dan Gus | 3102 Maple Avenue, Suite 400, Dallas, TX 75201 | Litigation - General |
| Lead Strong Inc | 14593 Greenleaf Court, Addison, TX, 75001 | Coaching & Training |

| OCP | Address | Service Category |
|---|---|---|
| LeClairRyan | River Front Plaza, E. Tower 951, Richmond, VA 23219 | Retail Advice |
| Lillard Wise Szygenda PLLC | 5949 Sherry Lane, Suite 1255, Dallas, TX 75225 | Litigation - General |
| Lisa Garcia | 1212 Guadalupe Street, #201, Austin, TX 78701 | Political Consultant |
| Littler Mendelson PC | P.O. Box 45547, San Francisco, CA 94145-0547 | Employment Litigation |
| Locke Lord Bissell & Liddell | P.O. Box 911541, Dallas, TX 7539-1541 | Benefits Advice |
| LPI Consulting Inc | 1031 31st Street, NW, Washington, DC 20007 | Consulting Services |
| Madison Group LLC | 1030 15th Street NW, Suite 1080 W., Washington, DC 20005 | Consulting Services |
| Mayer Brown Rowe & Maw | 2027 Collection Center Drive, Chicago, IL 60693-0020 | Litigation - General |
| McConnell & Jones LLP | 3040 Post Oak Boulevard, Suite 1600, Houston, TX 77056 | Employee Benefits Auditor |
| McGivney & Kluger P.C | 23 Vreeland Road, Suite 220, Florham Park, NJ 07932 | Litigation - Asbestos |
| McGlinchey Stafford PLLC | Dept. 5200, P.O. Box 2153, Birmingham, AL 35287-5200 | Bankruptcy for TXU |
| Mcguirewoods LLP | 2001 K Street NW, Suite 400, Washington, DC 20006<br>816 Congress, Suite 940, Austin, TX 78701 | Federal Political Consultant<br>State Political Consultant |
| Mehlman Vogel Castagnetti Inc | 1341 G Street, NW, Suite 1100, Washington DC 20005 | Consulting Services |
| Mercer Global | PO Box 905234, Charlotte, NC 28290 | 401k Consulting |
| Mgroup Strategies | P.O. Box 684614, Austin, TX 78768 | Political Consultant |
| Mignon McGarry | 504 W. 14th Street, Austin, TX 78701 | Political Consultant |
| Mike Kelly | 4806 Timberline Drive, Austin, TX 78746 | Political Consultant |
| Miles and Stockbridge | 10 Light Street, Baltimore, MD 21202-1487 | Litigation - Asbestos |
| Miller & Chevalier Chartered | P. O. Box 758604, Baltimore, MD 21275-8604 | Federal Income Tax and Benefits Legal Advice |
| Norton Rose Fulbright | P.O. Box 844284, Dallas, TX 75284-4284 | Legal Counsel for Gross Receipts Tax Matters |
| Ogletree Deakins Nash Smoak & Stewart PC | Post Office 89, Columbia, SC 29202 | Benefits Advice |
| O'Neill, Athy & Casey PC | 1310 19th Street NW, Washington, DC 20036 | Consulting Services |
| People Centric Solutions LLC | 2078 Kamla Road, Lewisville, TX 75067 | Coaching & Training |

| OCP | Address | Service Category |
|-----|---------|------------------|
| Perry Street Communications LLC | 3131 McKinney Avenue, Suite 535, Dallas, TX 75204 | Financial communications |
| Phil Gamble | 919 Congress Avenue, Suite 1030, Austin, TX 78701 | Political Consultant |
| Philips & Meachum Public Affairs | P.O. Box 13506, Capitol Station, Austin, TX 78711 | Political Consultant |
| Pillsbury Winthrop Shaw Pittman | File # 72391, P.O. Box 60000, San Francisco, CA 94160-2391 | Litigation - General |
| Polan Culley Advocacy Group | 1315 Nueces Street, Austin, TX 78701 | Political Consultant |
| Prickett Jones & Elliott PA | 1310 King Street, Wilmington, DE 19899 | Delaware Corp. Law Advice |
| Public Strategies Inc | 633 Pennsylvania Avenue NW, 4th Floor, Washington DC 20004 | Consulting Services |
| R. H. Sweeney Associates | 1443 Grape Arbor Court, Roanoke, TX 76262 | Leadership Development & Recruiting |
| Reed Smith | 599 Lexington Avenue, 22nd Floor, New York, NY 10022 | Litigation - General |
| Rissing Strategic | 10203 Chestnut Oak Court, Vienna, VA 30384 | External Federal Lobbyist |
| Robert Half Finance & Accounting | P.O. Box 743295, Los Angeles, CA 90074-3295 | Tax Consulting |
| Ryan LLC | 13155 Noel Road Suite, 100, Dallas, TX 75240 | Tax abatement/reduction strategies for new build construction |
| Ryan Mackinnon Vasapoli & Berzok | 1634 I Street NW, Suite 1200, Washington DC 20006 | Consulting Services |
| Scheef & Stone LLP | 500 N. Akard St., #2700, Dallas, TX 75201 | Bankruptcy Advice |
| SHL US Inc. | 555 N. Point Center E., Suite 600, Alpharetta, GA 30022 | Recruiting |
| Simpson Thacher & Bartlett LLP | P.O. Box 29008, New York, N.Y. 10087-9008 | Corporate and Financing Advice |
| Slover & Loftus | 1224 Seventeenth Street, NW, Washington, D.C. 20036 | Transportation Advice |
| St. Charles Consulting Group | 16600 Dallas Parkway, Suite 310, Dallas, TX 75248 | Coaching |
| Stroz Friedberg LLC | 32 Avenue of the Americas, 4th Floor, New York, NY 10013 | IT and Data Security Advisor |
| Susman Godfrey LLP | 901 Main Street, Suite 5100, Dallas, TX 75202-3775 | Litigation - General |
| Sutherland Asbill & Brennan LLP | 1275 Pennsylvania Avenue, NW, Suite 800, Washington, D.C. 20004 | Regulatory Advice |
| Swetman Baxter Massenburg LLC | 650 Poydras Street, Suite 2400, New Orleans, Louisiana 70130 | Litigation - Asbestos |

| OCP | Address | Service Category |
|---|---|---|
| Talley & Associates | 1990 M Street NW, Suite 200, Washington DC  20036 | Consulting Services |
| The Beshear Group, Inc. | 5859 Royal Crest. Dr., Dallas, TX 75230 | Public Relations |
| The EOP Group | 819 7th Street NW, Washington, DC 20001 | Consulting Services |
| The Schlueter Group | P.O. Box 2227, Austin, TX 78768 | Political Consultant |
| Thomas Long Niesen & Kennard | P.O. Box 9500, Harrisburg, PA 17108-9500 | Regulatory Advice |
| TLG Services, Inc. | 148 New Milford Road E, Bridgewater, CT 06752 | Nuclear Decommissioning Study |
| Towers Watson Pennsylvania, Inc. | P.O. Box 8500 Philadelphia, PA 19178-6110 | Compensation Advisor |
| Travis Eugene Jernigan | 8429 County Road 1128, Godley, TX 76044 | Political Consultant |
| Walker Sewell LLP | 901 Main Street, Suite 5000, Dallas, TX 75202 | Litigation - General |
| Weber Shandwick | 1717 Main Street, Suite 1600, Dallas, TX 75201 | Media relations, visual comm |
| Webfilings LLC | 2900 University Boulevard, Ames, IA 50010 | XBRL coding, application hosting |
| Winstead PC | 5400 Renaissance Tower, 1201 Elm Street, Dallas, TX  75270-2199 | Benefits Advice |
| Winston & Strawn LLP | 36235 Treasury Center, Chicago, IL  60694-6200 | Regulatory Advice |

**EXHIBIT 3 to EXHIBIT A**

**Form of Declaration of Disinterestedness**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, _____, declare under penalty of perjury:

1.      I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2.      Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [Specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3.      The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4.      As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.      Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.      The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8.      **[If the Company is a non-attorney**: I understand that the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* does not authorize any of the Debtors to pay the Company for prepetition services.]

9.      I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

11. [**If there is an indemnification agreement:** Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

(a) the Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay

3

any such amounts to the Company before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.]

12.     The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2014

_____

**[DECLARANT]**

4