# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 468, 469, 471 & ___** |

## FIRST ORDER AUTHORIZING THE DEBTORS
## TO (A) PAY CERTAIN PREPETITION AMOUNTS
## ON ACCOUNT OF NON-INSIDER COMPENSATION PROGRAMS
## AND (B) CONTINUE THE NON-INSIDER COMPENSATION PROGRAMS
## IN THE ORDINARY COURSE OF BUSINESS ON A POSTPETITION BASIS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to:  (a) pay certain prepetition amounts owed under the Debtors' Non-Insider Compensation Programs; and (b) continue the Non-Insider Compensation Programs in the ordinary course of business on a postpetition basis, all as more fully set forth in the Motion; and upon the Friske Declaration, the Keglevic Declaration, and the *Supplemental Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of the Motion of Energy Future Holdings Corp., Et Al., for Entry of an Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of Non-Insider Compensation Programs and (B) Continue the Non-Insider*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Compensation Programs in the Ordinary Course of Business on a Postpetition Basis*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the limited objection of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 644] (the "Limited Objection"); and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and the parties having resolved and/or the Court having otherwise overruled the objections raised in the Limited Objection as to the relief granted in this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to make the following payments as requested in the Motion (collectively, the "Permitted Payments"): (a) second quarterly payments to 149 employees that come due under the Key Leader Program on or before June 30, 2014, in an aggregate amount not to exceed $1.32 million; and (b) the two Individual Bonus Payments that

2

come due on or before June 30, 2014, to two employees, in an aggregate amount not to exceed $20,000.

      3.     The hearing with respect to the relief requested in the Motion other than with respect to the Permitted Payments shall be June 30, 2014 at 9:30 a.m., prevailing Eastern Time. Any objections or responses to such relief must be filed on or before June 20, 2014 at 4:00 p.m., prevailing Eastern Time.  If no objections are filed with respect to such relief, the Court may enter an order approving such relief without further notice of hearing.

      4.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

      5.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      6.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

      7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

      8.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: June __, 2014

                                              _____
                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                                UNITED STATES BANKRUPTCY JUDGE

3