# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket No. 23 |

**FINAL ORDER AUTHORIZING THE DEBTORS
TO PAY CERTAIN PREPETITION TAXES AND FEES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order"), authorizing, but not directing, the Debtors to pay certain Taxes and Fees in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order in respect of the Motion [D.I. 320]; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the limited objection of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 681] (the "Limited Objection"); and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the parties having resolved and/or the Court having otherwise overruled the objection raised in the Limited Objection; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) pay all outstanding obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees on a prepetition basis, in an aggregate amount not to exceed $146.74 million; and (b) negotiate and pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis; *provided, however*, that, pursuant to this Order, (x) EFCH and TCEH LLC and its direct and indirect Debtor subsidiaries (collectively, the "TCEH Debtors") are only authorized to pay Taxes and Fees (and related intercompany reimbursements) to EFH Corp. or another Debtor that is not a TCEH Debtor (a "non-TCEH Debtor") to the extent one or more of the TCEH Debtors is directly liable to the appropriate unaffiliated third-party for the underlying Taxes or Fees and (y) EFIH and EFIH Finance (the "EFIH Debtors") are only authorized to pay Taxes and Fees (and related intercompany reimbursements) to EFH Corp. or another Debtor that is not an EFIH Debtor (a "non-EFIH Debtor") to the extent one or more of the EFIH Debtors is directly liable to the appropriate unaffiliated third-party for the underlying Taxes or Fees.

2

3. Nothing in this Order shall obligate or authorize (a) a TCEH Debtor to reimburse a non-TCEH Debtor for payments related to the Taxes or Fees made by such non-TCEH Debtor on behalf of another non-TCEH Debtor or (b) an EFIH Debtor to reimburse a non-EFIH Debtor for payments related to the Taxes or Fees made by such non-EFIH Debtor on behalf of another non-EFIH Debtor.

4. For the avoidance of doubt, by this Order, the Debtors are not authorized to satisfy any prepetition obligations owed to the Internal Revenue Service or any prepetition obligations that have accrued for past due or prior tax periods in violation of section 547(a)(4) of the Bankruptcy Code.

5. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:   (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Payments made pursuant to this Order shall not be construed

as an admission as to the validity of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: _____, 2014

_____  
THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE