IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 27, 314, 342 & ___ |

**FINAL ORDER AUTHORIZING THE DEBTORS TO
(A) GRANT ADMINISTRATIVE EXPENSE PRIORITY TO ALL
UNDISPUTED OBLIGATIONS FOR GOODS AND SERVICES ORDERED
PREPETITION AND DELIVERED POSTPETITION AND SATISFY SUCH
OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (B) PAY
PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, AND MATERIALMEN**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order"), authorizing, but not directing, Debtors to (a) grant administrative expense priority to all Outstanding Orders and satisfy such obligations in the ordinary course of business; (b) pay Claimants in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interests of the Debtors' estates,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All undisputed obligations relating to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code.

3. In accordance with this Order, the Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy prepetition amounts on account of Outstanding Orders in the ordinary course of business and consistent with the parties' customary practices in effect before the Petition Date.

4. In accordance with this Order, the Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy prepetition amounts owed to Claimants; *provided, however*, that such payments shall not exceed $39.5 million unless otherwise ordered by the Court.

5. The Debtors are authorized, but not directed, to condition payment of the Claimants upon a Claimant's agreement to continue supplying goods and services to the Debtors postpetition on Customary Trade Terms; *provided, however*, that the Debtors reserve the right to adjust normal trade terms with any such Claimant according to the facts and circumstances, *provided further, however*, that the Debtors shall consult with counsel to the Ad Hoc Committee

of TCEH First Lien Creditors and proposed counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee") before adjusting trade terms with such Claimant if such Claimant is receiving a payment in excess of $5 million under this Order; *provided, further, however*, that in all circumstances, the Claimant shall provide for trade terms that are no less favorable than the most favorable trade terms provided by the Claimant to the Debtors in the three months prior to the Petition Date.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

7. If, after receiving a payment pursuant to this Order, a Claimant does not continue to provide Customary Trade Terms, then (a) any such payment received by such Claimant shall be deemed, in the Debtors' discretion in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors and proposed counsel to the Creditors' Committee, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash immediately upon written request by the Debtors, and (b) upon recovery by the Debtors, any prepetition claim of such Claimant shall be reinstated as if the payment had not been made; *provided, however*, that (x) prior to exercising any remedies set forth in paragraph 7, the Debtors shall provide the applicable party with written notice of their intent to exercise such remedies, and the applicable party shall have fourteen (14) days from service of such written notice to file an objection and serve it on the Debtors and (y) if such party files and serves such written notice, the Debtors shall

not exercise any remedies set forth in paragraph 7 pending further order of the Court or agreement of the parties.

8. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH and EFIH Finance, Inc.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' estates under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors' estates that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid, and the Debtors' estates expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: June 3, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE