**EXHIBIT 3 to EXHIBIT A**

**Form of Declaration of Disinterestedness**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO
THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, _____, declare under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [Specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. **[If the Company is a non-attorney**: I understand that the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* does not authorize any of the Debtors to pay the Company for prepetition services.]

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10.  As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

11.  **[If there is an indemnification agreement:** Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

> (a) the Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.
>
> (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.
>
> (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay

any such amounts to the Company before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.]

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2014

_____
[DECLARANT]

4