
## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 38, 318, 336, 756 & ___ |

### ORDER AUTHORIZING CERTAIN OF THE DEBTORS TO ASSUME TRANSMISSION AND DISTRIBUTION SERVICE AGREEMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing certain of the Debtors to pay prepetition Transition Charges and Delivery Charges and assume the Delivery Agreements, pay outstanding cure amounts, and provide adequate assurance of future performance in relation thereto, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order in respect of the Motion [D.I. 318]; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the limited objection of AEP Texas Central Company and AEP Texas North Company to the Motion [D.I. 622] and the limited objection of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 681] (collectively, the "Limited Objections"); and the Court having reviewed the supplemental declaration of Paul Keglevic in support of the Motion [D.I. 756]; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the parties having resolved and/or the Court having otherwise overruled the objections raised in the Limited Objections; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The relief granted in the Interim Order is approved on a final basis.

3. The REP Debtors are authorized to assume the Delivery Agreements listed on **Exhibit 1** attached hereto, and the Delivery Agreements are hereby assumed pursuant to section 365 of the Bankruptcy Code.

4. The REP Debtors are authorized to pay the Unpaid Delivery Charges and the Unpaid Transition Charges.

5. The TDSPs are authorized, but not directed, to draw on the applicable Delivery Charge LCs in their discretion.

6. The REP Debtors are authorized, but not directed, to increase or decrease the amount available under the Transition Charge Security as is necessary to remain in compliance with the applicable Tariffs and PUC regulations.

7. The Debtors have provided adequate assurance of future performance under the Delivery Agreements.

8. Upon receipt and payment of the Unpaid Transition Charges and the Unpaid Delivery Charges, the TDSPs shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interest, or other default penalties under the Delivery Agreements arising before the date of this Order.

9. Notwithstanding anything to the contrary in this Order, nothing in this Order shall impose an obligation on any Debtor other than the REP Debtors.

10. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (as such order may be amended, modified, and supplemented, the "TCEH Cash Collateral Order"). For the avoidance of doubt, any payments made or authorized pursuant to this Order shall not be satisfied from Segregated Cash (as defined in the TCEH Cash Collateral Order) without further order of the Court.

11. Subject to the terms of this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the Transition Charges and Delivery Charges is authorized and directed to receive, process, honor, and pay all such checks presented for payment and wire transfer requests made by the Debtors

related to the Transition Charges and Delivery Charges, to the extent sufficient funds are on deposit in such accounts.

12. In accordance with this Order and any other order of this Court, the Debtors are authorized to issue postpetition checks or to effect postpetition wire transfer requests in replacement of any checks or wire transfer requests in respect of any obligations related to the Transition Charges and Delivery Agreements that are dishonored or rejected.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the Delivery Agreements; (f) a waiver or limitation of any of the rights, claims, or potential causes of action of the Debtors' estates under the Bankruptcy Code or any other applicable law, including on account of or relating to the Delivery Agreements; *provided, however*, that the foregoing reservation shall not apply to any claims, causes of action and potential causes of action of the Debtors' estates arising under chapter 5 of the Bankruptcy Code; or (g) a concession by the Debtors' estates that any liens (contractual, common law, statutory, or otherwise) described in this Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

14. The notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) are waived.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: June 4, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE