## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. 31, 307, 333, 756 & ___** |

### ORDER AUTHORIZING THE RETAIL
### DEBTORS TO ASSUME THE CUSTOMER AGREEMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Retail Debtors to assume Customer Agreements, as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the limited omnibus objection

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

KE 31613982.2

of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 681] (the "Limited Objection"); and the Court having reviewed the supplemental declaration of Paul Keglevic in support of the Motion [D.I. 756]; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the parties having resolved and/or the Court having otherwise overruled the objections raised in the Limited Objection; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to honor all prepetition obligations relating to the Customer Programs, up to an aggregate amount of $135 million (the "Customer Programs Cap").

3. The Debtors are authorized to pay certain expenses on behalf of the PUC and ERCOT, including all reasonable CourtCall and remote conferencing costs and the cost of providing notice and/or service of filings by the PUC and ERCOT in these chapter 11 cases to relevant parties. Notice of the PUC and ERCOT's filings will be provided to relevant parties by Epiq Bankruptcy Solutions, LLC, at the expense of the Debtors.

4. The Retail Debtors are authorized to assume the Customer Agreements (including the Customer Agreements identified on **Exhibit 1** to this Order), and the Customer Agreements are hereby assumed pursuant to section 365 of the Bankruptcy Code. The Debtors are authorized to perform and honor all obligations arising under the Customer Agreements, it being understood that the Customer Programs Cap shall not apply to the relief granted to the Retail Debtors pursuant to this paragraph 4. By way of further explanation for customers who are reading this

KE 31613982.2

Order, the Retail Debtors have agreed to continue providing electricity, natural gas, and/or related services to customers, and will continue to perform subject to the terms of the Customer Agreements.

5. To the extent the Court finds that any customer is owed a Cure Amount, assumption of the respective Customer Agreement shall be effective and contingent upon payment of such Cure Amount by the Retail Debtors, payment of such Cure Amounts shall constitute the cure of all defaults arising under the Customer Agreement that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code), and the Retail Debtors shall have demonstrated adequate assurance of future performance of the Customer Agreement and shall have satisfied the requirements of section 365(b)(1)(C) of the Bankruptcy Code related thereto.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

7. Subject to the terms of the Order, the Debtors are authorized to issue postpetition checks or to effect postpetition wire transfer requests in replacement of any checks or wire transfer requests in respect of any obligations related to the Customer Programs that are dishonored or rejected.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the rights of the Debtors' estates

to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the Customer Agreements; or (f) a waiver or limitation of the rights of the Debtors' estates under the Bankruptcy Code or any other applicable law. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of the rights of the Debtors' estates to subsequently dispute such claim.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH, EFIH Finance Inc., or EFH Corp., other than with respect to EFH Corp.'s obligations under the Charitable Contributions Programs.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: June 4, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

KE 31613982.2