# EXHIBIT B

- 1 -

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Case No. 09-11786-CSS

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


VISTEON CORPORATION, et al.


            Debtors.


- - - - - - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court

            824 North Market Street

            5th Floor

            Wilmington, Delaware


            June 17, 2010

            11:19 AM


B E F O R E:

HON. CHRISTOPHER S. SONTCHI

U.S. BANKRUPTCY JUDGE

ECR OPERATOR: LESLIE MURIN

1         P R O C E E D I N G S
2             THE CLERK: All rise.
3             THE COURT: Please be seated. Good morning. All
4    right. Excuse me. I know we have a full agenda -- oops. I
5    just did something wrong. Oh well. Excuse me. I'm sorry. I
6    know we have a full agenda today. And I also have a dreadful
7    calendar today. So let's get started here as soon as possible.
8             First, obviously, the main item, holdover from the
9    previous two hearings, is the ruling in connection with the
10   PSA/ECA cash recovery backstop agreement motion, the -- as well
11   as the -- I'm sorry -- rights offering procedures motion. And
12   is there another one tucked in there? I guess the seal motion
13   is tucked in there as well?
14            So without further ado, I'm going to give a ruling --
15   reasons for my ruling but I won't hold you in suspense. I'm
16   going to overrule the objections and approve the motions
17   subject to going through the orders and making sure everything
18   in the orders are appropriate.
19            Basically, I agree almost entirely with Mr.
20   Kieselstein and Mr. Shore's comments in connection with the
21   motions. This isn't the confirmation hearing. And I don't
22   believe that by approving these motions I'm somehow putting
23   this case on an inexorable path to confirmation of the debtors'
24   plan. And maybe that's what happens but it may not be. This
25   is a 363 hearing to determine whether allowing the debtor to

Case 09-11786-CSS Doc 3788-2 Filed 06/18/14 Page 25 of 73
VISTEON CORPORATION, et al.

- 25 -

1  enter into these agreements, authorizing the debtor to enter
2  into these agreements, should be approved by the Court as a
3  reasonable exercise of the debtor's business judgment.
4        I don't believe or find that there's anything toward
5  going around here.  And I don't view the actions that are going
6  forward here as colored by the objectors to be boat-buying or
7  some inappropriate procedure.  This is not just an option that
8  is being put forward today.  The bondholders have well-defined
9  obligations under the agreements.  And they have serious
10 consequences that will adhere to them if they fail to fulfill
11 those obligations.  Remember that damages is just a form of a
12 remedy.  Nothing magic about damages.  It's a remedy.  And it's
13 not the only remedy that might be available under the law.  In
14 this instance, the parties have chosen a remedy that would
15 apply against the bondholders in the event they breached.  And
16 that remedy would be they would be stuck with the treatment
17 under the toggle plan B which almost certainly is a
18 disadvantage notwithstanding the back and forth I had with Mr.
19 Bentley is a less advantageous recovery.  They would lose their
20 right to have that valuation fight.  They'll be locked in on a
21 number that I think is obvious from the back and forth going on
22 in this court, lower than they would otherwise perhaps be able
23 to achieve.
24       Mr. Willett's criticisms and fears that that is
25 really not a consequence that would ever rise because the plan