# EXHIBIT F

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Bridget K. O'Connor<br>To Call Writer Directly:<br>(202) 879-5048<br>bridget.oconnor@kirkland.com | 655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br><br>(202) 879-5000<br><br>www.kirkland.com | Facsimile:<br>(202) 879-5200 |

May 30, 2014

**By E-mail**

Gregory M. Starner  
White & Case LLP  
1155 Avenue of the Americas  
New York, NY 10036

James W. Stoll  
Brown Rudnick LLP  
One Financial Center  
Boston, MA 02111

Re: *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979 (Bankr. Del.)

Dear Greg and Jim:

Following up on our meet-and-confer discussion yesterday morning, this letter is to provide further detail as to the Debtors' plans with respect to production in response to the requests issued by the Ad Hoc Group of TCEH Unsecured Creditors (the "TCEH Unsecureds") and the Ad Hoc Consortium of Second Lien Noteholders of TCEH (the "TCEH Seconds") purportedly relating to the Debtors' RSA Assumption Motion. As you are aware, the TCEH Unsecureds issued 96 separate document requests that purport to relate to the RSA Assumption Motion, and the TCEH Seconds originally issued 26 such requests and then narrowed them down to six extremely broad categories of requests. We are also in receipt of Mr. Starner's letter today which identified several of the requests that the TCEH Unsecureds would seek to have prioritized, but not otherwise narrowing the scope of the original 96 requests issued. As we explained on the call, the Debtors view many of these requests as not reasonably related to the RSA Assumption Motion, but instead as relating to confirmation-related topics, and as such, do not intend to prioritize those non-RSA Assumption Motion-related requests over and above the numerous other more pressing discovery requests pending for review and production at this time.

The Debtors have already produced a number of documents relating to the RSA Assumption Motion, including — significantly — all of the final Board minutes and packages from October 31, 2013 through late-April 2014, including those relating to the TCEH and joint board meetings at which discussion and decisions regarding the Restructuring Support Agreement would have been conducted. The Debtors have also already begun producing communications between the Debtors, Evercore, and Kirkland & Ellis LLP, on the one hand, and RSA counterparties, on the other, concerning the Restructuring Support Agreement, including

## KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 2

negotiation over its terms.  In addition, the Debtors have already produced, or will produce in response to your requests, nonprivileged documents relating to the Restructuring Support Agreement itself (including drafts and term sheets regarding the Restructuring Support Agreement), communications and negotiations regarding the proposed Restructuring Support Agreement, the payment and fees under the proposed Restructuring Support Agreement and milestones and termination events under the proposed Restructuring Support Agreement.  The Debtors also have already produced, or will produce, nonprivileged documents relating to the board discussion or consideration of and or decision-making regarding the Restructuring Support Agreement, including those relating to the tax implications of entering into the Restructuring Support Agreement (versus alternatives to doing so), the potential for TCEH to separate from EFH if the Restructuring Support Agreement were not approved, and the value of the Restructuring Support Agreement to EFH Corp.  In addition to the materials described above that have already been produced, the Debtors are currently reviewing materials in these categories and expect to complete the production of these materials by June 13, 2014.

With respect to the remaining categories of documents requested by the TCEH Unsecureds and Seconds, which relate primarily to valuation, tax analyses, related party transactions and other confirmation-stage topics, the Debtors do not intend to prioritize production in response to these requests at this time insofar as they are not related to the relief requested in the RSA Assumption Motion, but are instead aimed at topics more properly suited for assessment at the confirmation stage.  We will, of course, produce these confirmation-related materials on a coordinated schedule as part of the to-be-negotiated discovery protocol that we received just two days ago.

This approach is consistent with the case law.  Courts have repeatedly made clear that, in assessing the assumption of plan support agreements, the Court is not ruling on the underlying plan or its elements.  For example, in *In re Delphi Corp.*, No. 05-44481, *111 (Bankr. S.D.N.Y. Jan. 12, 2007), in deciding to approve the assumption of the plan support agreement, the court specifically stated: "I'm not ruling today on the underlying plan or any elements of it."  ¶¶ 18-19.  Similarly, in assessing the proposed assumption of a restructuring support agreement in *In re Genco Shipping & Trading Limited*, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 24, 2014), the court clarified that — consistent with the distinction Debtors are drawing as to the proposed document requests at issue here — "objection[s] to the RSA and to that plan resulting from the RSA can be appropriately raised an an objection to plan confirmation.  At this point, the Court is only being asked to approve the assumption of the RSA; that is, the agreement among most of the parties in this bankruptcy."  As Judge Lane made clear in *Genco*, "***[i]n any event, the issue of valuation and any objection to valuation is an issue that is preserved for confirmation***, as Judge Glenn's ResCap decision makes clear."  Hr'g Tr. at 18:25-19:2 (attached as Exhibit A) (emphasis added).  He further clarified that "[a] motion to assume should be considered a

## KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 3

summary proceeding intended to efficiently review a trustee or debtor's decision to adhere to or reject a particular contract in the course of swift administration of the bankruptcy estate. ***It is not the time or place for prolonged discovery or a lengthy trial with disputed issues***." *Id.* at 21:23 - 22:3 (emphasis added).

We appreciate your having shared the cases that you believe support the proposition that valuation-related discovery is appropriate at the RSA Assumption Motion stage, but those cases simply do not support that proposition, nor do they contradict the precedent that specifically provides that confirmation-related discovery *is not appropriate* at the RSA assumption stage. Those cases instead confirm that valuation-related discovery is appropriate at confirmation, not in the context of an RSA assumption motion.

***First***, *In re SW Hotel Venture LLC*, 460 B.R. 4 (Bankr. D. Mass. 2011), considered a 506(b) motion brought ***in conjunction with Plan Confirmation***. Evidence as to both the 506(b) motion and confirmation was heard by the court there simultaneously. Thus, *In re SW Hotel Venture LLC* does not provide support for the broad valuation (and other confirmation-related) discovery you have sought at the RSA Assumption Motion stage.

***Second***, although the court in *In re SE Steel Company*, 2001 WL 1804303 (Bankr. D.S.C. 2001), noted that "valuation at one point in a case is not necessarily binding throughout the case as valuation issues can arise in various contexts," the posture there was actually the opposite of what you are seeking to do here. In *In re SE Steel*, the parties had resolved the issue of whether the creditor's claim was secured by consent order earlier in the case, and the court's decision to allow additional valuation discovery ***occurred at the confirmation stage***, not early in the case as you have proposed here, much less in conjunction with an RSA Assumption Motion (which the cases discussed above make clear would be inappropriate).

***Finally***, the *In re Innkeepers USA Trust*, 442 B.R. 227 (Bankr. S.D.N.Y. 2010) decision you have referenced is similarly inapt. That decision does not provide support for the proposition that valuation-related discovery is appropriate at the RSA Assumption Motion stage. Rather, the decision there, including the limited discussion of valuation-related concerns, was premised on the court's finding that the "fiduciary out" provision in the restructuring support agreement there was meaningless in light of the severe restrictions on the debtors' consideration of alternate offers and the fact that termination of that agreement would result in the termination of the Debtors' consensual use of cash collateral. There are no such limitations on the fiduciary out provision in the Restructuring Support Agreement in this case.

Thus, in light of the precedent on this issue and that applicable to the evaluation of an RSA Assumption Motion, the Debtors' position on the requests at issue here as articulated above

# KIRKLAND & ELLIS LLP

Gregory M. Starner
James W. Stoll
May 30, 2014
Page 4


is firmly grounded. This approach will provide the TCEH Unsecureds, the TCEH Seconds, and any other party with an interest in evaluating or potentially objecting to the RSA Assumption Motion with the information to do so. To be clear, the TCEH Unsecureds and TCEH Seconds will get a chance to litigate the valuation of the TCEH Debtors and the confirmability of the plan contemplated by the Restructuring Support Agreement. As Judge Lane recognized in *Genco*, the mere "approval of an RSA does not ensure that a plan embodying its terms will be confirmed." Hr'g Tr. 16:1-11. But the RSA Assumption Motion is not the time to have that fight.

We are also working on drafting our formal written responses to your specific requests, and intend to provide those early next week. We expect that when you review the descriptions of what the Debtors intend to produce as against what is actually up for review in the RSA Assumption Motion, you will agree that the Debtors' approach is appropriate under the circumstances and in light of the volume and scope of competing discovery requests to which the Debtors are attempting to respond at this stage.

                                                  Sincerely,

                                                  */s/ Bridget K. O'Connor*

                                                  Bridget K. O'Connor


cc:       J. Christopher Shore, White & Case LLP
            Thomas E. Lauria, White & Case LLP
            Matthew C. Brown, White & Case LLP
            Jeffrey M. Schlerf, Fox Rothschild LLP
            John H. Strock, Fox Rothschild LLP
            L. John Bird, Fox Rothschild LLP
            Charles L. Kerr, Morrison & Foerster, LLP
            Anthony Princi, Morrison & Foerster, LLP
            Lorenzo Marinuzzi, Morrison & Foerster, LLP
            Alan Kornberg, Paul, Weiss, Rifkind, Wharton & Garrison LLP
            Andrew Ehrlich, Paul, Weiss, Rifkind, Wharton & Garrison LLP
            Brian S. Hermann, Paul, Weiss, Rifkind, Wharton & Garrison LLP