PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON    (1946 1991)
RANDOLPH E PAUL    (1946-1956)
SIMON H RIFKIND    (1950-1995)
LOUIS S WEISS    (1927 1950)
JOHN F WHARTON    (1927-1977)

WRITER S DIRECT DIAL NUMBER
(212) 373-3166

WRITER'S DIRECT FACSIMILE
(212) 492-0166

WRITER'S DIRECT E MAIL ADDRESS
aehrlich@paulweiss.com

UNIT 3601 OFFICE TOWER A  BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828 6300

12TH FLOOR  HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846 0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2 CHOME
CHIYODA KU, TOKYO 100 0011  JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON  DC  20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE  SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
LORETTA A IPPOLITO
JAREN JANGHORBANI

MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

June 4, 2014

**By ECF and By Hand**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

*In re Energy Future Holdings, Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

This Firm represents the Ad Hoc Committee of TCEH First Lien Creditors ("TCEH First Lien Creditors") in these Chapter 11 cases.  As the Court is aware, the TCEH Ad Hoc Group of Unsecured Noteholders (the "TCEH Ad Hoc Group") propounded extensive discovery requests on the Debtors, as outlined in Mr. Shore's June 3, 2014 Letter on behalf of the TCEH Ad Hoc Group [Dkt. 749], to which the Debtors object as inappropriate and premature.  The Court had requested responses to that letter by noon today, and scheduled the dispute for a status conference tomorrow.  Yesterday evening, the TCEH Ad Hoc Group served extremely broad-ranging discovery requests on the TCEH First Lien Creditors as well.  As such, we submit this letter to address the analogous issues that pertain to our clients, and respectfully request leave to be heard at the status conference tomorrow on this issue.

The discovery that the TCEH Ad Hoc Group served yesterday evening, attached hereto as Exhibit A, comprise 31 requests, and are massive.  They encompass,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Christopher S. Sontchi                                        2

among other things, requests for "[a]ll documents concerning any assessment, evaluation, consideration, or analysis of the value of the assets comprising the Debtors' estates" (request 15) over the past 18 months, as well as all documents concerning the Debtors' business plans and forecasts (request 25), the TCEH First Lien Creditors' tax analyses of potential restructuring transactions (request 23), the TCEH First Lien Creditors' assessment of the Debtors' financial condition (request 26), and the TCEH First Lien Creditors' assessment of potential alternative restructuring transactions (request 4). The TCEH Ad Hoc Group also noticed a deposition of a 30(b)(6) witness, which deposition notice contained similarly broad topics.

While this discovery purportedly pertains to the Debtors' Motion for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay (the "RSA Assumption Motion") [Dkt. 505], it plainly sweeps far beyond that. For the reasons stated in the Debtors' letter being submitted concurrently with this one, the scope of the requested discovery, particularly as it pertains to valuation and other confirmation issues, is premature and contrary to established law.

If this is true as to the Debtors, then it is all the more true as pertains to discovery of the TCEH First Lien Creditors. Not only are the are matters of valuation upon which discovery is sought properly litigated in connection with confirmation, but discovery of the TCEH First Lien Creditors is particularly inappropriate on the RSA Assumption motion, where the question for the Court is whether assumption of the RSA is within the reasonable business judgment *of the Debtors*. The state of mind of the TCEH First Lien Creditors, then, and their consideration of restructuring alternatives, is wholly irrelevant to the question before the Court, and we respectfully submit that it would be inappropriate for the TCEH First Lien Creditors to be required to provide the requested discovery in advance of the RSA Assumption Hearing.

We recognize, of course, that in connection with the plan confirmation process, there may be appropriate topics for discovery of the TCEH First Lien Creditors, but that discovery should be pursued in an orderly and coordinated fashion at the appropriate time—not in a hasty and premature way in advance of a hearing for which such discovery is irrelevant.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Christopher S. Sontchi                                                    3

We look forward to discussing these matters with the Court tomorrow.

Respectfully submitted,

Andrew J. Ehrlich

cc:    All Counsel of Record (by ECF)

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.,* [1] | ) Case No. 14-10979 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE AD HOC COMMITTEE OF TCEH FIRST LIEN CREDITORS PURSUANT TO RULES 7026 AND 7034

Pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and concerning the RSA Assumption Motion [Docket No. 505] (as that term is defined herein) and the above captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), the ad hoc group of certain holders (the "Ad Hoc Group of TCEH Unsecured Noteholders") of 10.25% Fixed Senior Notes due 2015 (including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the "Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc. ("TCEH Finance"), by and through its undersigned counsel, hereby request that Ad Hoc Committee of TCEH First Lien Creditors (the "Ad Hoc Committee") produce for inspection and copying the documents and things requested below no later than **June 12, 2014**, at the offices of White & Case LLP, 1155 Avenue

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.ethcaseinfo.com.

of the Americas, New York, New York 10036, attention Christopher Shore, or such other time and place as the parties shall agree.

## DEFINITIONS

1.      Each reference to a corporation, partnership, joint venture, unincorporated association, government agency or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, advisors, attorneys and any other person who acted on its behalf.

2.      Each reference to a natural person shall be deemed to include that person's agents, attorneys and any other person who acted on that person's behalf.

3.      References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the present tense shall include the past tense and the past tense shall include the present tense.

4.      "Ad Hoc Committee" refers to any and all members of the Ad Hoc Committee of TCEH First Lien Creditors, consisting of certain holders of TCEH First Lien debt that is represented in these Chapter 11 Cases by Paul, Weiss, Rifkind, Wharton & Garrison, LLP, and any of their subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on their behalf.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "Affiliate" of any specified Person means any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

7.      "Alternative Restructuring Transaction" means any proposed, contemplated, or considered alternative to the restructuring transactions contemplated by the Proposed RSA, including without limitation the "consolidated transaction structure" referenced in ¶ 15 of the RSA Assumption Motion, the "taxable transaction that would trigger a deconsolidation tax but would give the new owners of TCEH and EFIH a full 'step-up' in tax basis" referenced in ¶ 16 of the RSA Assumption Motion, and each and every of the "all restructuring alternatives" referenced in ¶ 16 of the RSA Assumption Motion that Debtors allege were considered by the parties referenced therein.

8.      "Any," "all" and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

9.      "Asset" means movable, immovable or real property of any kind.

10.      "Bankruptcy Code" means title 11 of the United States Code, and all provisions thereof.

11.      "Chapter 11 Cases" means the chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014.

12.    "Claim" shall mean any claim against a Debtor as defined in section 101(5) of the Bankruptcy Code.

13.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including, without limitation, all discussions, dialogues, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchange, however transmitted, including reports, notes, memoranda, lists, agenda, proposals, opinions and other Documents and records of communication.

14.    "Concerning," "referencing," "in connection with," "relating to," and "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

15.    "Consolidated Restructuring Transaction" means any transaction considered, contemplated, or proposed concerning Debtors' restructuring through these Chapter 11 Cases that contemplated a "consolidated transaction structure," as referenced in ¶¶ 15-16 of the RSA Assumption Motion.

16.    "Debtors" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors in possession, as applicable which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners,

4

principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

17.    "Document" is used in the broadest sense and means any written, typed, printed, graphic or recorded matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter of any kind or character constituting a recording upon any medium by any means of communication or representation. The foregoing includes, but is not limited to, all originals, including drafts, masters, duplicates or copies of: papers, conversations, letters, correspondence, memoranda, summaries, messages, voice mail messages, e-mail messages, Communications, data, databases, minutes, notes, transcripts, statements, circulars, manuals, treatises, books, notebooks, catalogs, pamphlets, flyers, advertisements of any kind, books of account, ledgers, balance sheets, bank deposit slips, bank checks, canceled checks, wire transfers, financial Documents of any kind, files, diaries, diary entries, telephone logs, appointment books, desk or other calendars and similar records of any kind, sound or visual recordings on film, tape, disc, drum, wire or other medium, transcriptions of the foregoing, photographs, sketches, diagrams, drawings, microfilm or microfiche, agreements, contracts, teletype, telegrams, cables, memorials or oral Communications, whether by telephone or face-to-face, notices, bulletins, polls, surveys, findings of fact, observations of facts or circumstances, reports, studies, tables, statistics, pleadings, objects, any data, information or statistics contained within any data storage modules, tapes, discs or other memory device or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs. The term "Document" also includes data compilations or databases, including metadata, from which information can be obtained, and translated, if necessary, through

detection devices in a reasonably usable form. If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "Document."

18. "EFCH" means Energy Future Competitive Holdings Company LLC, and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

19. "EFH Corp." means Energy Future Holdings Corporation, and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

20. "EFH Corporate Services" means EFH Corporate Services Company, and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

21. "EFIH" means Energy Future Intermediate Holding Company LLC, and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

22. "EFIH Debtors" means collectively, EFIH and EFIH Finance Inc., and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

6

23.    "Including" shall mean including, without limitation, or in any way qualifying, limiting or restricting the foregoing.

24.    "Non-Debtor Affiliates" shall mean any affiliates of the Debtors who are not the subject of the above-captioned jointly administered Chapter 11 proceedings, and any Person acting on their behalf.

25.    "Oncor" means Oncor Electric Holdings Company LLC and Oncor Electric Delivery Company LLC, which are owned directly and indirectly, respectively, by EFIH.

26.    "Person" or "Persons" means all natural persons, corporations, partnerships or other business associations and all other legal or governmental entities or associations.

27.    "Proposed RSA" means the proposed to be assumed Restructuring Support and Lock-Up Agreement, dated as of April 29, 2014, that is attached to the RSA Assumption Motion as Exhibit 1 to Exhibit A (including all exhibits and schedules attached thereto and as may be amended to supplemented from time to time).

28.    "Restructuring Support Parties" refers to those parties referenced in clause (xvi) on page 2 of the Proposed RSA.

29.    "RSA Assumption Motion" means the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay*, filed on May 16, 2014 [Docket No. 505], and the relief requested by Debtors by that motion.

30.    "RSA Assumption Hearing" means any hearing to be conducted concerning the relief requested by the Debtors in the RSA Assumption Motion.

31.    "Shared Services Agreement" means the Agreement between TCEH LLC and EFH Corporate Services Company, dated October 23, 2013 (as amended).

7

32.     "TCEH" means Texas Competitive Electric Holdings Company LLC, and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf

33.     "TCEH Debtors" means, collectively, TCEH, EFCH, and each of their direct and indirect subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on their behalf.

34.     "TCEH Finance, Inc." means Texas Competitive Electric Holdings Finance, Inc., and any of its subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, advisors, attorneys, accountants, agents, employees, representatives and other persons acting on its behalf.

35.     "TCEH Tax-Free Spin-Off Transaction" means the "tax-free 'spin-off' and concurrent deleveraging of TCEH" defined in ¶ 25 of the RSA Assumption Motion.

36.     "Term Sheet" means the Restructuring Term Sheet attached as Exhibit A to the Proposed RSA.

37.     "You" and "Your" shall mean the Ad Hoc Committee, including each member collectively and individually, and all of the members' current and former affiliates, parents, subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other person currently or formerly acting or purporting to act on any member's behalf, or on behalf of the Ad Hoc Committee, for any purpose whatsoever.

38.    Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

## INSTRUCTIONS

1.    Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7026 and Federal Rule of Civil Procedure 26(e), these requests for production shall be deemed continuing in nature so as to require you to file supplementary responses if you obtain new or different information up to and including the time of trial of this action.

2.    You are to produce the original and all non-identical copies, including all drafts, of each Document requested.  If you are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

3.    When Documents, data, knowledge, or information in your possession are requested, such request includes the knowledge of your attorneys, accountants, agents, representatives, and experts, and any professional employed or retained by you, concerning any of the facts or issues involved in this bankruptcy.

4.    Each request herein extends to all Documents and Communications in the possession, custody or control of you or anyone acting on your behalf.  A Document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you:  (1) own such Document in whole or in part; (2) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms; (3) have an understanding, express or implied, that you may use, inspect, examine, or copy such Document on any terms; or (4) as a practical matter, have been able to use, inspect,

examine, or copy such Document when you sought to do so.  If any requested Document was, but no longer is, in your control, state the disposition of each such Document.

5.       In responding to each request, you are to review and search all relevant files of appropriate entities and persons.

6.       All Document requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the Documents.

7.       Notwithstanding anything else to the contrary herein, each word, term or phrase is intended to have the broadest meaning permitted under the Federal Rules and the Bankruptcy Rules.

8.       To the extent that you deem or consider any request to be ambiguous, you should construe the request to require the fullest and most complete disclosure of all information and requested Documents.

9.       The Documents responsive to this request shall be produced in such a fashion as to indicate clearly the (i) identity of the party making such production and (ii) the identity of the file from which the Documents were produced.

10.      *Emails*: E-mails shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files. The following metadata shall be produced for each e-mail: starting bates, ending bates, to, from, other recipients (cc and bcc), date sent, subject, body, attachments, begattach, endattach, source, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential). E-mail attachments shall be handled according to the provisions stated below applicable to other electronic Documents.

11.    *Other electronic Documents*: Parties shall produce Excel Documents in native form accompanied by Document-level full text and load files. Word and other electronic Documents shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files. The following metadata shall be produced for each electronic Document: starting bates, ending bates, author, source, date created, last modified date, extracted text, original filename, source, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential).

12.    *Hard copy Documents*: All hard copy Documents shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files.  The following metadata shall be produced for each Document: starting Bates, ending Bates, custodian, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential).

13.    *TIFF images generally*: Any TIFF images produced shall consist of (a) single page, black and white, group IV TIFF images, one per image named after the bates number with extension ".tif"; and (b) text files, one file per Document (doc level text files with page breaks), named after the starting bates number of the Document, with extension ".txt". The .tiff and .txt files shall reside in the same directory. Metadata shall be provided in a Relativity-format delimited file with a .DAT file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each Document. All images should be 300 dpi resolution, all black and white images should be single page Group IV TIFF (.tif), and all color images should be JPEG (.jpg). For each Document, a Document-level text file should be provided in addition to

the TIFFs. The text of native files should be extracted directly from the native file and each text file should be named using its corresponding image files (e.g., MSC000001.TXT).

14.     The Documents responsive to this request shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in this request.

15.     If there are no Documents responsive to a particular Request, state so in writing.

16.     If any Document is withheld under any claim of privilege, including, without limitation, attorney-client privilege and attorney work product, you should provide the following information with respect to such Document:

> (1)     The date of the Document;
>
> (2)     The title of the Document;
>
> (3)     The name of its author(s) or preparer(s) and an identification by employment and title of each such person;
>
> (4)     The name of each person who was sent or furnished with, received, viewed or has custody of the Document or a copy thereof together with an identification by employment and title of each such person;
>
> (5)     The request to which the Document relates;
>
> (6)     The title and description of the Document sufficient to identify it without revealing the information for which privilege is claimed;
>
> (7)     The claim of privilege under which it is withheld; and
>
> (8)     A description of the subject matter of the Document in sufficient detail to support your contention that the Document is privileged.

17.     If any Document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, set forth a complete statement of the circumstances surrounding such loss or destruction, including:

(1)     a description of the Document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

(2)     the last known custodian;

(3)     whether the Document is missing or lost or was destroyed or discarded;

(4)     the date of loss, destruction or discard;

(5)     the manner of destruction or discard;

(6)     the reason(s) for destruction or discard;

(7)     the person(s) authorizing or carrying out such destruction or discard; and

(8)     the efforts made to locate lost or misplaced Documents.

18.     If after exercising due diligence to secure them, you cannot provide some or any of the requested Documents, so state and provide all Documents to the extent possible, specifying the reason for your inability to produce the remainder of the Documents, and stating whatever information or knowledge you have concerning each Document not produced.

19.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

13

20.     If an objection is made to any request, state your objection and the ground or grounds with particularity in your written response. If an objection is made only to part of the request, identify that part in your written response and state your objection and the ground(s).

21.     An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of a request for which no objection or claim of privilege is made. No part of any Request should be left unanswered merely because an objection is interposed to another part of the Request. If a partial or incomplete answer is provided, You shall state that the answer is partial or incomplete.

22.     Unless otherwise indicated in a particular request, the time period covered by these requests is from January 1, 2013 to the present date and shall encompass all Documents and information concerning in whole or in part such period, or events or circumstances during such period, even though dated, prepared, generated or received prior to that date.

### DOCUMENT REQUESTS

1.     All Documents concerning the Proposed RSA including without limitation any drafts of the Proposed RSA or the Term Sheet.

2.     All Documents concerning any Communications made by, on behalf of, or received by the Ad Hoc Committee concerning the Proposed RSA or any Alternative Restructuring Transactions, including without limitation any negotiations with the Restructuring Support Parties and/or EFH Corp.'s equity owners.

3.     All Documents concerning any assessment, evaluation, consideration or analysis of a restructuring transaction that would not trigger a deconsolidated tax, including without limitation any assessment, evaluation, consideration or analysis of the TCEH Tax-Free Spin-Off Transaction.

4.      All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration or analysis of any Alternative Restructuring Transactions.

5.      All Documents concerning any demands or offers to settle any claims or disputes among the Debtors, any of the Restructuring Support Parties, and/or EFH Corp.'s equity owners.

6.      All Communications concerning any claims or disputes that would be compromised or released under the Proposed RSA or the restructuring plan contemplated by the Proposed RSA.

7.      All Documents concerning any assessment, evaluation, consideration or analysis of the releases contained in the Proposed RSA or the restructuring plan contemplated by the Proposed RSA.

8.      All Documents concerning any assessment, evaluation, consideration or analysis of any consideration or value going to the TCEH Debtors or the Ad Hoc Committee in connection with any of the releases contained in the Proposed RSA.

9.      All Documents concerning the payment of fees and expenses under the Proposed RSA, including without limitation the Debtors' agreement to pay or reimburse the fees and expenses of any of the Restructuring Support Parties and/or EFH Corp.'s equity owners.

10.     All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration or analysis of any potential conflicts associated with the proposed transactions contemplated by the RSA Assumption Motion.

11.     All Documents concerning the proposed transfer of operating assets and liabilities from EFH Corp. to TCEH referenced in ¶ 27 of the RSA Assumption Motion.

15

12.    All Documents concerning the Milestones (as defined in ¶¶ 35 of the RSA Assumption Motion) set forth in the Proposed RSA, including without limitation any Documents concerning the negotiation of the Milestones.

13.    All Documents concerning the Termination Events set forth in Section 8 of the Proposed RSA and ¶ 39 of the RSA Assumption Motion.

14.    All Documents concerning any assessment, evaluation, consideration, or analysis conducted by the Ad Hoc Committee regarding the value of the Proposed RSA to EFH Corp. or the EFIH Debtors, including without limitation any Documents concerning the value to EFH Corp. or the EFIH Debtors of avoiding any tax liability associated with a deconsolidated restructuring transaction.

15.    All Documents concerning any assessment, evaluation, consideration, or analysis of the value of the assets comprising the Debtors' estates.

16.    All Documents concerning any assessment, evaluation, consideration, or analysis of the TCEH First Lien Creditors' collateral.

17.    All Documents concerning any analysis of a liquidation of the TCEH Debtors.

18.    All Documents concerning the parties' inability to "agree on the respective value of the various Debtor entities" referenced in ¶ 16 of the RSA Assumption Motion, including without limitation any Communications among such parties regarding their respective valuation(s) of Debtors' estates.

19.    All Documents relating to any valuation, solvency or reasonably equivalent value analysis, fairness or legal opinion, or memoranda, prepared internally or by investment bankers, financial analysts, accountants, consultants, lawyers, or any other Person, created or received by the Ad Hoc Committee relating to the Proposed RSA.

20.     All Documents concerning any assessment, evaluation, consideration, or analysis of any claims or causes of action that could be or have been brought by or against the TCEH Debtors, including without limitation any potential claims or causes of action by the TCEH Debtors against any other Debtor.

21.     All Documents concerning any assessment, evaluation, consideration, or analysis of any potential claims or causes of action by the TCEH Debtors against any of the Restructuring Support Parties and/or EFH Corp.'s equity owners.

22.     All Documents concerning any tax ruling requests to be made as part of or in connection with the Proposed RSA, including without limitation the "Required Ruling" as defined in the Proposed RSA and any other ruling concerning the proposed the TCEH Tax-Free Spin-Off Transaction.

23.     All Documents concerning any assessment, evaluation, consideration, analysis, or comparison of the tax implications of the restructuring transaction contemplated by the Proposed RSA or any Alternative Restructuring Transaction, including without limitation any assessment, evaluation, consideration, or analysis of a "step-up" in tax basis for the new owners of TCEH and EFIH in connection with the Proposed RSA or any Alternative Restructuring Transaction.

24.     All Documents concerning the proposed treatment of the "General Unsecured Claims" (as that term is used in the Term Sheet) against the TCEH Debtors, including but not limited to all documents concerning any change in the proposed treatment of such claims since January 1, 2013.

25.     All Documents concerning any business plans or budget forecasts related to the operation of the Debtors during these Chapter 11 Cases.

26.    All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration, or analysis of the TCEH Debtors' current financial condition, cash on hand, and revenue stream for the foreseeable future, including but not limited to financial forecasts, income statements, balance sheets, statement of cash flows, analyses of ability to pay future debts, including assumptions and sources for assumptions.

27.    All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration, or analysis of the Debtors' projected cash flows, earnings and income during these Chapter 11 Cases.

28.    All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration, or analysis of the costs and administrative expenses incurred by (or projected to be incurred by) the Debtors in these Chapter 11 Cases.

29.    All Documents concerning the Ad Hoc Committee's assessment, evaluation, consideration, or analysis of the Debtors' cost of operating during these Chapter 11 Cases.

30.    All Documents concerning any assessment, evaluation, consideration or analysis of the length of time it will take for the Debtors to emerge from these Chapter 11 Cases.

31.    All Documents on which You rely or intend to rely in connection with the RSA Assumption Motion.

32.    All Documents supplied to, or reviewed by, any expert witness or consultant retained by the Ad Hoc Committee in connection with the RSA Assumption Motion, including any Communications between the Ad Hoc Committee and any such expert witness or consultant.

33.    All exhibits or demonstrative aids that the Ad Hoc Committee may use or rely upon at the RSA Assumption Hearing.

Dated:       June 3, 2014
              New York, New York

                       WHITE & CASE LLP

                       By:    */s/ Gregory M. Starner*
                       J. Christopher Shore (admitted *pro hac vice*)
                       Gregory M. Starner (admitted *pro hac vice*)
                       1155 Avenue of the Americas
                       New York, NY 10036
                       Telephone:  (212) 819-8200
                       Facsimile:  (212) 354-8113
                       gstarner@whitecase.com
                       cshore@whitecase.com

                       Thomas E Lauria (admitted *pro hac vice*)
                       Matthew C. Brown (admitted *pro hac vice*)
                       Southeast Financial Center, Suite 4900
                       200 South Biscayne Blvd.
                       Miami, FL 33131
                       Telephone:  (305) 371-2700
                       Facsimile:  (305) 358-5744
                       tlauria@whitecase.com
                       mbrown@whitecase.com

                       and

                       FOX ROTHSCHILD LLP
                       Jeffrey M. Schlerf (No. 3047)
                       John H. Strock (No. 4965)
                       L. John Bird (No. 5310)
                       919 North Market St., Suite 1600
                       Wilmington, DE 19801
                       Telephone:  (302) 654-7444
                       Facsimile:  (302) 463-4971
                       jschlerf@foxrothschild.com
                       jstrock@foxrothschild.com
                       lbird@foxrothschild.com

                       *Counsel to the Ad Hoc Group of*
                       *TCEH Unsecured Noteholders*

.

19