# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 37, 304** |

### ~~INTERIM~~ FINAL ORDER (A) AUTHORIZING THE DEBTORS
### TO (I) CONTINUE USING THEIR EXISTING CASH
### MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK
### ACCOUNTS AND BUSINESS FORMS, AND (III) CONTINUE USING CERTAIN
### INVESTMENT ACCOUNTS; (B) AUTHORIZING CONTINUED INTERCOMPANY
### TRANSACTIONS AND NETTING
### OF INTERCOMPANY CLAIMS; AND (C) GRANTING POSTPETITION
### INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing, but not directing, the Debtors to continue using their existing cash management system, bank accounts, business forms, investment accounts, and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which ~~the debtors have requested~~ joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' ~~proposed~~ claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order in respect of the Motion [D.I. 304] (the "Interim Order"); and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the preliminary limited objection of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 230], the limited objection and reservation of rights of the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee") to the Motion [D.I. 677], and the limited omnibus objection of the ad hoc group of TCEH unsecured noteholders to the Motion [D.I. 681] (collectively, the "Limited Objections"); and the Court having reviewed the Debtors' omnibus response to the Limited Objections; and the Court having reviewed the supplemental declaration of Paul Keglevic in support of the Motion [D.I. 756]; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the parties having resolved and/or the Court having otherwise overruled the objections raised in the Limited Objections; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2

2.      The Debtors are authorized to:  (a) continue to use and administer, with the same account numbers, the Bank Accounts in existence on the Petition Date, including those Bank Accounts identified on **Exhibit C** to the Motion; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and (c) conduct banking transactions by all usual means, and debit the Bank Accounts on account of all usual items and payment instructions, including checks, drafts, wire transfers, ACH Payments, debits, commercial cards, or other similar methods; *provided*, *however*, that the Debtors shall distinguish between prepetition and postpetition transactions in their books and records, and shall maintain reasonably detailed records in the ordinary course of business reflecting transfers of cash, if any, and disbursements, so as to permit all such transactions to be readily ascertained.

3.      Within fifteen (15) days of entry of this Order, the Debtors shall (a) contact each Bank that is party to a Uniform Depository Agreement (each such agreement, a "UDA") with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (b) provide the Debtor's employer identification number, and (c) identify the Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

4.3.      With respect to any Banks that are not party to a UDA with the U.S. Trustee, the Debtors shall use good-faith efforts to cause each such Bank to execute a UDA in the form prescribed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") within forty-five (45) days of the date of entry of this the Interim Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

3

5.4.    The Banks are authorized to continue to:  (a) treat, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH Payments, electronic payment requests and other similar items and instructions issued and drawn on the Bank Accounts before or after the Petition Date by the holders or makers thereof, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit at such Bank; and (c) make payments from and debit the Bank Accounts in the ordinary course of business on account of (i) all checks drawn on the Bank Accounts which are presented for payment or exchanged for cashier's checks by the payees thereof before or after the Petition Date, (ii) all checks or other items deposited in one of the Bank Accounts with such Banks before or after the Petition Date that have been dishonored or returned unpaid for any reason, together with any Bank Fees in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, (iii) all charge-backs related to credit card purchases by customers, and (iv) all Bank Fees and other amounts, if any, owed to any Bank as service charges for the maintenance of the Cash Management System; *provided, however*, that nothing contained herein is intended to require a Bank to make or issue a payment from a Bank Account that does not have sufficient funds to cover such payment.

6.5.    Any payment that is authorized by the Debtors and paid from a Bank Account by a Bank before the Petition Date (including any ACH Payment such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

4

~~7.~~6.____The Banks are authorized to accept and honor and rely upon all representations from the Debtors as to which items or instructions should be honored or dishonored consistent with any order of the Court and governing law, whether such items or instructions are dated before or after the Petition Date.  To the extent a Bank honors a prepetition item or instruction drawn on any bank account that is the subject of this Motion either (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition item or instruction to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, such Bank shall not be liable to any party on account of any such action.

~~8.~~7.____The Debtors are authorized to use, in their present form, all Business Forms, without reference to their status as debtors in possession; *provided, however*, the Debtors will order new checks identifying their status as debtors in possession as their existing stock is depleted.

~~9.~~8.____The Debtors, having shown sufficient cause under section 345(b) of the Bankruptcy Code, are ~~granted a 60-day interim waiver~~authorized to continue their deposit and investment practices; *provided, however*, that ~~if any official committee appointed in these chapter 11 cases, or any other party in interest (including~~with respect to Bank Account No. 7136, held with the ~~U.S. Trustee), files an objection to the investment practices within 60 days after the date hereof and such objection is not resolved or withdrawn before expiration~~First National Bank of ~~the 60-day period following the date hereof~~Granbury, the Debtors ~~shall schedule a prompt hearing before the Court to renew their request for approval of the investment practices; *provided further*, that if no objection is timely made, this Order shall become final without a further hearing.~~ will maintain a deposit balance less than the FDIC-insured amount at all times.

~~10.~~9.    The Debtors are authorized to close existing Bank Accounts and Investment Accounts, and to open new debtor in possession bank accounts and investment accounts in the ordinary course of business; *provided*, *however*, that (a) any new debtor-in-possession bank account is established at an Authorized Depository, (b) any new investment account complies with the Debtors' Investment Policy, (c) notice of such opening or closing will be timely provided (i) in the Debtors' monthly operating report, and (ii) prior to <u>seven (7)</u> days of such opening or closing, to the U.S. Trustee~~, counsel to any official committee appointed in these cases~~, counsel to the TCEH DIP Agent, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, counsel to the <u>Creditors' Committee, counsel to the</u> EFIH DIP Agent, counsel to the EFIH DIP Notes Agent, and counsel to the Ad Hoc Committee of EFIH Unsecured Creditors and counsel to the Ad Hoc Group of TCEH Unsecured Noteholders (collectively, the "<u>Noticing Parties</u>"), and (d) the Debtors will provide a list of all Bank Accounts, Investment Accounts, debtor in possession bank accounts, and investment accounts to the Noticing Parties upon request.

~~11.~~10.    The Debtors are authorized, but not directed, to continue performing under and honoring their respective obligations, commitments, and transactions related to the Intercompany Transactions and the Intercompany Claims, as ~~follows~~<u>limited by the following</u>: (a) the EFH Debtors with respect to the EFH Money Pool; (b) the TCEH Debtors with respect to the TCEH Money Pool; and (c) the Debtors and Non-Debtor Affiliates, on the terms described in the Motion, with respect to (i) transfers relating to ~~postpetition~~ Shared Services (which, in respect of the TCEH Debtors, shall only be made pursuant to the Shared Services Agreements), (ii) transfers ~~under the TSAs (but only with respect~~<u>relating</u> to ordinary course state law margin tax claims ~~attributable~~<u>under the TSAs (which, in respect of the TCEH Debtors, EFIH, or EFIH</u>

6

Finance Inc., shall only be made to the ~~TCEH Debtors' businesses~~extent that the TCEH Debtors, EFIH or EFIH Finance Inc., respectively, are liable to the relevant taxing authority for such state law margin taxes), (iii) transfers relating to postpetition Subleases, and (iv) Letters of Credit; *provided*, *however*, that the foregoing shall not authorize (x) ~~~~the Debtors to pay or settle Intercompany Claims in connection with or relating to the Management Agreement, (y) the TCEH Debtors to ~~make cash payments to EFH Corporate Services for~~pay or settle any prepetition Intercompany Claims asserted by any non-TCEH Debtor on account of Shared Services ~~and subleases, and~~or Subleases, or (z) ~~~~the TCEH Debtors to ~~make cash payments to EFH Corporate Services for~~pay or settle any prepetition Intercompany Claims asserted by EFH Corp. on account of transfers under the Competitive TSA in the aggregate in excess of $~~27~~40 million.  The Debtors shall develop a reasonable allocation of fees, expenses, or other costs associated with the EFH Debtors' and EFIH's boards of directors or similar governing bodies, to be agreed upon by the Debtors, the Creditors' Committee, the Ad Hoc Committee of TCEH First Lien Creditors, and the Ad Hoc Committee of EFIH Unsecured Creditors.

~~12.    The Final Hearing shall be June 5, 2014, at 09:30 a.m., prevailing Eastern Time. Any objections or responses to the Motion must be filed on or before May 29, 2014, at 4:00 p.m., prevailing Eastern Time.  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.~~

11.     ~~Except pursuant to the preceding~~ The Debtors will provide counsel to the Ad Hoc Committee of TCEH First Lien Creditors and counsel to the Creditors' Committee with seven (7) days' notice prior to any change in the methodologies employed under the Shared Services Agreements and the TSAs.  The Creditors' Committee shall have the right at any time to object to such change in methodology.

7

13. 12. Except pursuant to paragraph 10 above or any other order of the Court, which order shall be in form and substance satisfactory to the TCEH DIP Agent, the Ad Hoc Committee of TCEH First Lien Creditors, and the Creditors' Committee (but only with respect to relief that affects the TCEH Debtors) and the EFIH DIP Agent (but only with respect to relief that affects EFIH and EFIH Finance, Inc.), (a) the TCEH Debtors shall not distribute or transfer any cash or other value to any Debtor that is not a TCEH Debtor on account of prepetition Intercompany Claims, including transfers from the TCEH Money Pool to the EFH Money Pool, (b) EFIH and EFIH Finance, Inc. shall not distribute or transfer any cash or other value to any Debtor other than EFIH and EFIH Finance, Inc. on account of prepetition Intercompany Claims, and (c) the EFH Debtors shall not distribute or transfer any cash or other value to any Debtor that is not an EFH Debtor on account of prepetition Intercompany Claims, including transfers from the EFH Money Pool to the TCEH Money Pool.

14. 13. Notwithstanding anything herein to the contrary, nothing in this Order shall determine the allocation as between the Debtors of any allowed fees or expenses of any professionals retained by the Debtors pursuant to section 327 of the Bankruptcy Code or any professionals retained by any official committee.

15. 14. Notwithstanding anything herein to the contrary, any amounts owing to (a) a TCEH Debtor by any Debtor that is not a TCEH Debtor or (b) EFIH or EFIH Finance, Inc. by any Debtor other than EFIH and EFIH Finance, Inc. on account of or relating to any Intercompany Transactions or Intercompany Claims authorized hereunder, including, without limitation, the Letters of Credit, shall be repaid (whether by cash transfer, setoff or otherwise) in the ordinary course, but no later than (75) seventy-five days after such amounts come due.

16.15. Subject to the provisions of the TCEH DIP Facility and the EFIH DIP Facility or any order of this Court approving the TCEH DIP Facility (the "TCEH DIP Order") or any order of this Court approving the EFIH DIP Facility (the "EFIH DIP Order"), all Intercompany Claims authorized pursuant to this Order and arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code. Additionally, the Debtors shall: (a) maintain accurate and detailed records of any postpetition Intercompany Transactions and netting or cash settlement of Intercompany Claims that occur during the chapter 11 cases so that all such transactions may be readily ascertained, traced, recorded, and accounted for; (b) implement accounting procedures to identify and distinguish between prepetition and postpetition Intercompany Transactions and netting or cash settlement of Intercompany Claims and to track postpetition Intercompany Transactions and netting or cash settlement of Intercompany Claims; (c) provide reasonable access to such records and procedures to counsel to the Noticing Parties; and (d) provide a quarterly accounting to the TCEH DIP Agent(d) provide a summary on a monthly basis to advisors for the Creditors' Committee and the Ad Hoc Committee of EFIH Unsecured Creditors of any postpetition Intercompany Transactions and/or Intercompany Claims for the month applicable to such report, and provide counsel to the Creditors' Committee and the Ad Hoc Committee of EFIH Unsecured Creditors with reasonable access to the Debtors and their advisors with respect to such summary; and (e) provide a quarterly accounting to the TCEH DIP Agent, the Ad Hoc Committee of TCEH First Lien Creditors, and the Creditors' Committee of any Affiliate Value Transfer (as defined in the TCEH DIP Credit Agreement), including the obligor, obligee, and amount.

17.16. Nothing in this Order shall authorize or direct the Debtors to take any action that would violate or breach the terms of the TCEH DIP Credit Agreement (as defined in the TCEH

DIP Order) or the EFIH DIP Credit Agreement (as defined in the EFIH DIP Order) or violate the TCEH DIP Order or the EFIH DIP Order.

18.17.  Notwithstanding the relief granted in this Order and, any actions taken pursuant to such relief, and any prepetition policy, internal arrangement, or agreement among the Debtors (including (a) the Shared Services Agreements and the TSAs and any allocation methodologies contained therein, (b) the Subleases, and (c) the Letters of Credit) nothing in this Order shall be deemed: (including, in each instance, with respect to the Shared Services Agreements, the TSAs, the Subleases, and the Letters of Credit):  (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any party in interest's (including the Creditors' Committee) rights under the Bankruptcy Code or any other applicable law, including with respect to disputes or causes of actions that any Debtor may have against another Debtor or affiliated non-Debtor or any disputes with respect to administrative expense priority for any claims arising pursuant to the Shared Services Agreements or the TSAs. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of any party in interest's rights to subsequently dispute such claim, including with respect to the allocations set forth in the Shared Services Agreements or the TSAs.

19.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

20. 18. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

21. 19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. 20. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. 21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. 22. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington,
Delaware
Dated: _____

____, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

11