IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 806** |
| | ) | |

**DECLARATION OF MARK TOURANGEAU IN SUPPORT OF
MOTION OF FPL ENERGY PECOS WIND I, LP,
FPL ENERGY PECOS WIND II, LP, AND
NWP INDIAN MESA WIND FARM, L.P. FOR
A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT
PREVENT TERMINATION OF POWER PURCHASE AGREEMENTS**

Mark Tourangeau, pursuant to section 1746, title 28, United States Code, hereby declares as follows:

1. I am the Vice President, Business Management – South Region of NextEra Energy Resources, LLC ("NextEra"), a limited liability company organized under the laws of the state of Delaware.

2. I have been an employee of NextEra since August 31, 2009, and I am generally familiar with the businesses of FPL Energy Pecos Wind I, LP ("FPL I"), FPL Energy Pecos Wind II, LP ("FPL II"), and NWP Indian Mesa Wind Farm, L.P. ("NWP" and, together with

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

FPL I and FPL II, the "Movants") and their power purchase agreements (described below) with Luminant Energy Company LLC.

3. I submit this declaration (the "Declaration") in support of the Movants' *Motion of FPL Energy Pecos Wind I, LP, FPL Energy Pecos Wind II, LP, and NWP Indian Mesa Wind Farm, L.P. for a Determination that the Automatic Stay Does Not Prevent Termination of Power Purchase Agreements* (the "Motion"), filed on June 4, 2014. Unless otherwise stated, all facts set forth in this Declaration are based upon: (a) my personal knowledge; (b) my experience as Vice President, Business Management – South Region of NextEra; and (c) information provided to me by authorized representatives and employees of NextEra, FPL I, FPL II and NWP concerning the respective businesses of FPL I, FPL II and NWP.

**FPL I and FPL II**

4. FPL I and FPL II together own a wind farm in McCamey, Texas (the "FPL Facility"), which has a total nameplate electrical generating capacity of 159.7 megawatts. In June 2000, before the FPL Facility was operational, each of FPL I and FPL II entered into a separate Renewable Energy Credits Purchase Agreement, each dated as of June 29, 2000, with TXU Electric Company (respectively, the "FPL I PPA" and the "FPLI II PPA"). A true and correct copy of the FPL I PPA is attached to this Declaration as Exhibit A. A true and correct of the FPL II PPA is attached to this Declaration as Exhibit B.

5. In 2003, FPL I and FPL II were informed that TXU Electric Company had assigned the Movants' three Luminant PPAs (defined below) to TXU Energy Trading Company. TXU Energy Trading Company changed its name to TXU Portfolio Management Company L.P., effective as of December 31, 2002. TXU Portfolio Management Company L.P. changed its name to Luminant Energy Company LLC in 2007. Pursuant to Section 10.02(b) of both the FPL

I PPA and the FPL II PPA and Section 10.03(a) of the NWP PPA, TXU was not required to provide the Movants with copies of the assignments of the Luminant PPAs, and the Movants do not have copies of these documents.

6. Pursuant to the FPL I PPA, Luminant purchases from FPL I all of the electric energy that is delivered to a "Connecting Entity" (the "Net Energy") as well as the renewable energy credits ("RECs") produced by the Net Energy. The FPL I PPA refers to the combination of RECs and Net Energy as "Renewable Energy" and requires Luminant to pay FPL I on a monthly basis for the Renewable Energy delivered in the preceding calendar month. See FPL I PPA Section 4.02. While FPL I executed the FPL I PPA in June 2000, the anticipated "Start Date" for FPL I to begin selling the Renewable Energy was not until July 1, 2001. See FPL I PPA Section 1.02(b). FPL I and TXU Electric Company locked in the purchase price for the Renewable Energy at the time the FPL I PPA was executed. See FPL I PPA Section 4.02.

7. The FPL II PPA was entered into with TXU Electric Company on the same date as the FPL I PPA, and the FPL II PPA contains provisions substantially similar to those described above with respect to the FPL I PPA. See FPL I PPA Sections 1.02(b) and 4.02. As noted above, Luminant is now the counterparty to the FPL II PPA.

8. All of the electric energy and related RECs produced by the FPL Facility is sold to Luminant pursuant to the FPL I PPA and FPL II PPA.

**NWP**

9. NWP also owns a wind farm in McCamey, Texas (the "NWP Facility"), which has a total nameplate electrical generating capacity of 82.5 megawatts. NWP sells all of the electric energy produced at the NWP Facility pursuant to two separate purchase agreements –

one with Luminant and one with The Lower Colorado River Authority ("LCRA"). Both purchase agreements were executed in August 2000, before the NWP Facility was operational.

10. NWP and TXU Electric Company entered into that certain Renewable Energy Purchase Agreement, dated as of August 25, 2000 (the "NWP PPA" and, together with the FPL I PPA and FPL II PPAs, the "Luminant PPAs"). A true and correct copy of the NWP PPA is attached to this Declaration as Exhibit C. As noted above, Luminant is now the counterparty to the NWP PPA. Pursuant to the NWP PPA, Luminant purchases from NWP the "TXU Portion" of the "Renewable Energy" produced by the NWP Facility. See NWP PPA Sections 1.03 and 4.02. The NWP PPA refers to the combination of renewable electric energy delivered to NWP along with the associated RECs as "Renewable Energy." See NWP PPA preamble.

11. Luminant pays NWP on a monthly basis for the Renewable Energy delivered in the preceding calendar month. See NWP PPA 4.02. NWP and TXU Electric Company locked in the rate paid for each MWh of Renewable Energy for the duration of the NWP PPA at the time the NWP PPA was executed, even though the anticipated "Start Date" of production under the NWP PPA was not until July 2001. See NWP PPA Sections 1.01(b) and 4.02. The NWP PPA did allow for NWP to begin delivering "Early Energy" to Luminant if the NWP Facility was able to deliver before July 2001, and NWP started doing so in April 2001.

12. NWP and LCRA are party to that certain Amended and Restated Power Purchase Agreement dated as of July 1, 2001, which amends and restates that certain Power Purchase Agreement, dated as of August 25, 2000 (the "LCRA PPA"). Under the LCRA PPA, NWP sells to LCRA electric energy produced by the NWP Facility up to a maximum of 51 megawatts and all RECs associated with that energy.

13. Luminant buys approximately 38% of the Renewable Energy produced by the NWP Facility, and LCRA purchases the rest. Like the Luminant PPAs, the purchase price paid by LCRA for the electric energy and RECs is established for the duration of the LCRA PPA.

**Termination of the Luminant PPAs**

14. Section 6.01 of each Luminant PPA is identical and permits a party to terminate the agreement immediately upon written notice to the other party (referred to in each Luminant PPA as the "insolvent party") without any liability or responsibility under the agreement if the insolvent party files a voluntary petition under the bankruptcy or insolvency laws. See Section 6.01 of each Luminant PPA.

15. Luminant is in prepetition default with respect to all three Luminant PPAs. Luminant owes NWP not less than $464,339.45 for prepetition amounts due and owing under the NWP PPA. Luminant owes FPL I not less than $986,842.33 for prepetition amounts due and owing under the FPL I PPA. Luminant owes FPL II not less than $938,972.66 for prepetition amounts due and owing under the FPL II PPA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Mark Tourangeau
Vice President, Business Management –
South Region
NextEra Energy Resources, Inc.