UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., e*t al*, | : | Case No: 14-10979(CSS) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors | : | **Hearing Date: June 5, 2014 @ 9:30 a.m.** |
| | : | **Objection Deadline: June 5, 2014 @ 9:30 a.m.** |

**THE UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO THE MOTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS PURSUANT TO 11 U.S.C. § 107(B), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1(B) FOR AUTHORITY TO FILE ITS SUPPLEMENTAL OMNIBUS OBJECTION TO (I) THE MOTION OF TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC AND CERTAIN OF ITS DEBTOR AFFILIATES FOR ENTRY OF INTERIM AND FINAL ORDERS APPROVING POSTPETITION FINANCING AND GRANTING OTHER RELATED RELIEF AND (II) THE MOTION OF TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC AND CERTAIN OF ITS DEBTOR AFFILIATES FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING OTHER RELATED RELIEF AND SUPPORTING DECLARATION UNDER SEAL (D. I. 682); MOTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS PURSUANT TO 11 U.S.C. § 107(B), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1(B) FOR AUTHORITY TO FILE ITS LIMITED OMNIBUS OBJECTION TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL, FOR ENTRY OF ORDERS CONCERNING THE DEBTORS' CASH MANAGEMENT AND CERTAIN OTHER OPERATIONAL FIRST DAY MOTIONS AND SUPPORTING DECLARATION UNDER SEAL (D. I. 684); AND THE MOTION TO FILE OBJECTION OF CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE, TO THE EFIH DEBTORS' MOTION TO APPROVE FIRST LIEN SETTLEMENT UNDER SEAL (D. I. 695)**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U. S. Trustee"), by and through her undersigned counsel, hereby files this Omnibus Objection to the Motion of the Ad Hoc Group of TCEH Unsecured Noteholders Pursuant to 11 U.S.C. § 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b) for Authority to File its Supplemental Omnibus Objection to (I)

the Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing, and (II) the Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling A Final Hearing and Supporting Declaration under Seal (D. I. 682); Motion of the Ad Hoc Group of TCEH Unsecured Noteholders Pursuant to 11 U.S.C. § 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b) for Authority to File its Limited Omnibus Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to (1) the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions And Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority; and (2) Certain Other of the Debtors' Operational First Day Motions and Supporting Declaration under Seal (D. I. 684); and the Motion to File Objection of CSC Trust Company of Delaware, as Indenture Trustee, to the EFIH Debtors' Motion to Approve First Lien Settlement Under Seal (D. I. 695) (collectively the "Sealing Motions") and in support thereof states as follows:

## INTRODUCTION

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to title 11 of the United States Bankruptcy Code. This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to the above-referenced Objection.

## BACKGROUND

4. On April 29, 2014, each of the Debtors filed a voluntary Chapter 11 petition.

5. On May 13, 2014, the U. S. Trustee appointed a statutory committee of unsecured creditors (the "Committee") (D. I. 420).

6. The Debtors' businesses include the largest generator, distributor, and retail electricity provider in Texas. EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas which covers the majority of Texas. The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility Commission of Texas. EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors, in three distinct business units, namely electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities, conducted by the TCEH Debtors composing "Luminant"; EFH's retail electricity sales operations and related operations, mainly conducted by the TCEH

Debtors composing "TXU Energy"; and EFH's rate-regulated electricity transmission and distribution operations, conducted by Oncor, a non-Debtor. EFIH indirectly owns approximately 80% of Oncor. (Declaration of Paul Keglevic at Paragraph 6 - D. I. 98).

7. On May 30, 2014, the Ad Hoc Group of TCEH Unsecured Noteholders (the "TCEH Noteholders") filed a motion seeking to (i) file, in a partially redacted form, its Objection and the Declaration and to (ii) file unredacted copies of the Objection and the Declaration under seal with respect to the Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Interim and Final Orders (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing, and (ii) the Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing (the "TCEH Noteholders First Sealing Motion).

8. On May 30, 2014, the TCEH Noteholders filed a motion seeking to (i) file, in a partially redacted form, its Limited Omnibus Objection to (1) the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority and to Certain Other of the Debtors' Operational First-Day Motions (the "TCEH Noteholders Second Sealing Motion).

9. On May 31, 2014, CSC Trust Company of Delaware, as Indenture Trustee ("CSC") filed a motion seeking to file a redacted objection to the EFIH Debtors' Motion to Approve First Lien Settlement (the "CSC Sealing Motion").

10. In both the TCEH Noteholders First and Second Sealing Motions, the TCEH Noteholders state that they refer to certain documents produced by the Debtors to the TCEH Noteholders, as well as deposition testimony, that the Debtors have designated as highly confidential in the TCEH Noteholders respective objections. The TCEH Noteholders assert that such documents and testimony falls within the scope of section 107(b)(1) and that they intend to file a partially redacted form of their objections and declarations in order prevent disclosure of the information that the Debtors have designated as confidential. (TCEH Noteholders First and Second Sealing Motions at Paragraph 5).

11. In the CSC Sealing Motion, CSC states that its objection contains certain deposition testimony of David Ying and Paul Keglevic adduced in connection with the First Lien Settlement Motion and that EFIH Debtors have designated the entirety of these deposition transcripts as confidential. (CSC Sealing Motion at Paragraph 2).

12. CSC further states that despite the fact that they informed the EFIH Debtors that they do not believe that any of the testimony is "confidential," the EFIH Debtors have insisted that the testimony be filed under seal. CSC redacted the citations of the deposition testimony in its objection filed on the docket and has filed the referenced transcripts under seal. (CSC Sealing Motion at Paragraph 2).

## LAW AND ANALYSIS

A.  **The relief requested in the Sealing Motions reaches beyond the scope of 11 U.S.C. § 107 and the relevant case law and violates the policy of public access to bankruptcy proceedings and records.**

13. The relief requested in the Sealing Motions reaches beyond the scope of 11 U.S.C. § 107 and the relevant case law and violates the policy of public access to bankruptcy proceedings and records.

14. In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), the Supreme Court stated that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978). In *Orion Pictures Corp. v. Video SoftwareDealers Assoc.,* 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as ". . . a strong presumption of public access to court records. . . helps safeguard the 'integrity, quality, and respect in our judicial system." *Orion*, 21 F.3d at 26; *see also In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996). In *In re Continental Airlines*, the court noted "...the strong presumption in favor of public access to judicial records and papers...". *In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993).

15. In *In re Alterra Healthcare Corporation*, 353 B.R. 66 (Bankr. D. Del. 2006), the bankruptcy court was not persuaded by the reorganized debtor's argument that disclosure will impair its ability to settle future claims, and stated that "documents filed in bankruptcy cases have historically been open to the press and general public." *In re Alterra,* 353 B. R. at 71. In

*Alterra*, this Court recognized that the information sought to be sealed did not fall within the prescriptions of Section 107(b) as stated that:

> The Reorganized Debtor argues that the information contained in the settlement agreements is confidential or commercial information within the meaning of section 107(b). The Reorganized Debtor asserts that disclosure of the information would (1) create an unfair advantage to unsettled claimants; (2) cause harm to unsecured creditors; (3) disadvantage the claimants who already settled; (4) provide competitors an unfair advantage through knowledge of its tort claims settling process; (5) hinder its ability to obtain insurance coverage; and (6) result in negative publicity. The Court finds the proffered assertions unpersuasive.

*In re Alterra*, 353 B.R. at 75.

16. In the bankruptcy context, limited exceptions to the general rule are contained in the Bankruptcy Code and Bankruptcy Rules. Section 107 provides in pertinent part that:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>   (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>   (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. (Emphasis added).

11 U.S.C. § 107.

17. As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code section 107 and Fed. R. Bankr. P. 9018 demonstrating ". . . that the interest in secrecy outweighs

*Alterra*, this Court recognized that the information sought to be sealed did not fall within the prescriptions of Section 107(b) as stated that:

> The Reorganized Debtor argues that the information contained in the settlement agreements is confidential or commercial information within the meaning of section 107(b). The Reorganized Debtor asserts that disclosure of the information would (1) create an unfair advantage to unsettled claimants; (2) cause harm to unsecured creditors; (3) disadvantage the claimants who already settled; (4) provide competitors an unfair advantage through knowledge of its tort claims settling process; (5) hinder its ability to obtain insurance coverage; and (6) result in negative publicity. The Court finds the proffered assertions unpersuasive.

*In re Alterra*, 353 B.R. at 75.

16. In the bankruptcy context, limited exceptions to the general rule are contained in the Bankruptcy Code and Bankruptcy Rules. Section 107 provides in pertinent part that:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>   (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>   (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. (Emphasis added).

11 U.S.C. § 107.

17. As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code section 107 and Fed. R. Bankr. P. 9018 demonstrating ". . . that the interest in secrecy outweighs

the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993)[1]. The relevant inquiry, therefore, is whether the matter sought to be placed under seal fits within any of the categories included within either of Section 107(b) or Fed. R. Bankr. P. 9018. There is no showing in the Sealing Motions that the information sought to be protected falls within any of the enumerated categories.

18.     In *Orion*, the court defined commercial information as: ". . . information which would cause an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion,* 21 F. 3d at 27.

19.     In *In re Foundation for New Era Philanthropy,* No. 95-13729, 1995 WL 478841 (Bankr. E.D. Pa. 1995), the court observed:

> [Section 107(b)] was not intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional and policy concerns . . . . Full disclosure of bankruptcy records may help insure that the bankruptcy statute is applied effectively in this case. It may also assist governmental entities in the performance of their duties *vis-a-vis* this debtor and its officers . . . . Thus, there are significant public concerns which favor full public access to all documents filed in this case. Id. at *4, 6.

**B.     The Information Sought to be Sealed Should be tailored to comply with 11 U.S.C. § 107**

20.     There is little if any indication or evidence in any of the Sealing Motions that the information sought to be redacted or sealed consists of proprietary or confidential commercial

---

[1] F.R.B.P. 9018 essentially incorporates the substance of Section 107(b), and adds ". . . governmental matters that are made confidential by statute or regulation" to the type of matters subject to seal. This item is not applicable in the present case since no governmental matters are implicated.

information, trade secrets, or that the disclosure of the information may expose a person to scandalous or defamatory matters.

21. In this case, the information sought to be sealed has been deemed to be "highly confidential" without the requisite showing by any party that the information sought to be sealed complies with or is contemplated to be the type of information that is sealed under 11 U.S.C. § 107(b). Any request to seal such information or documents should be made in accordance with and specifically tailored to comply with Section 107(b).

22. Although the Third Circuit has not addressed Section 107(b) or Fed. R. Bankr. P. 9018, it has examined the common law right of public access in the context of confidential settlement agreements and "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute . . . "  *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 780-81 (3d Cir. 1994)[2]. In the present case, the movants provide no evidence that the Sealing Motions comply with Fed. R. Bankr. P. 9018 or satisfies the standards set forth in Section 107(a). Therefore, the Sealing Motions should be denied as presented.

23. The U. S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

---

[2] Even if the moving parties can demonstrate that some of the information may contain material which may be protected under section 107(b) or Fed. R. Bankr. P. 9018, the relief granted should be narrowly tailored. *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).

WHEREFORE the U. S. Trustee requests that this Court deny each of the Sealing Motions consistent with this Objection and/or grant such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DEANGELIS**
**UNITED STATES TRUSTEE**

BY:  /s/Richard L. Schepacarter
Richard L. Schepacarter
Andrea B. Schwartz
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax
Email: Richard.Schepacarter@usdoj.gov

Dated: June 4, 2014       Email: Andrea.B.Schwartz@usdoj.gov