# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Energy Future Holdings Corporation, *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

## WILMINGTON SAVINGS FUND SOCIETY, FSB'S
## NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM
## DIRECTED TO EVERCORE GROUP LLC

PLEASE TAKE NOTICE that, in accordance with Rule 30 and 45 of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rule 7030 and Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"). Wilmington Savings Fund Society, FSB ("WSFS") seeks oral deposition testimony from a representative of Evercore Group LLC ("Evercore") in connection with the above captioned chapter 11 cases. The deposition will take place on **June 12, 2014 at 2 p.m.** at the office of Brown Rudnick LLP, 7 Times Square, 47th Floor, New York, New York 10036. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States or by a person appointed by the Court, and will be recorded by stenographic means. You are invited to attend and cross examine.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 45, made applicable to these proceedings through Rule 7030 and Rule 9016 of the Bankruptcy Rules, WSFS will command Evercore to designate one or more officers, directors, managing agents, or other persons with the most particularized knowledge as to the matters listed on Schedule A, Documents to be Produced, and Schedule B, Topics of Inquiry.

{00864821;v1 }

PLEASE TAKE NOTICE that, in accordance with the provisions of Fed. R. Civ. P. 45, made applicable to these proceedings through Rule 9016 of the Bankruptcy Rules, WSFS will command Evercore to produce or make available for inspection and copying all documents requested in the attached Schedule A by **June 11, 2014 at 12 p.m.** along with a letter certifying that same are true and accurate copies to Jonathan D. Marshall, Brown Rudnick, LLP, 7 Times Square, 47th Floor, New York, New York 10036.

Dated: Wilmington, Delaware
       June 4, 2014

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: _____
William P. Bowden (I.D. No. 2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and –

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted pro hac vice)
Aaron B. Lauchheimer (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and –

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund
Society, FSB, solely in its capacity as successor
Indenture Trustee for the Second Liens*

61669265

{00864821;v1 }                    3

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Energy Future Holdings Corporation, et al.__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __14-10979__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Evercore Group LLC, 55 East 52nd Street, New York, New York 10055__
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Brown Rudnick LLP, 7 Times Square, 47th Floor, New York, NY 10036<br><br>See SCHEDULE B regarding Topics of Inquiry. | DATE AND TIME<br>June 12, 2014 at 2:00 pm (ET) |
|---|---|

The deposition will be recorded by this method:
Stenographic and/or Video Recording

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
(see SCHEDULE A) due on June 11, 2014 at 12:00 p.m. attention: Jonathan D. Marshall, Esq.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 4, 2014__

CLERK OF COURT

OR

_____          /s/ James W. Stoll
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Wilmington Savings Fund Society__, who issues or requests this subpoena, are:
James W. Stoll, One Financial Center, Boston MA 02111 - (617) 856-8262

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

## DEFINITIONS

For the purposes of this Subpoena, the following Definitions shall apply:

1. "Angelo Gordon" means Angelo Gordon & Co., L.P., a member of the Ad Hoc Committee of TCEH First Lien Creditors (as defined in *Rule 2019 Statement Filed by Ad Hoc Committee of TCEH First Lien Creditors*, dated May 2014 [Docket No. 579]) with a principal place of business at 245 Park Avenue, 26th Floor, New York, NY 10167.

2. "Apollo" means Apollo Management Holdings L.P., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 9 West 57th Street, 48th Floor, New York, NY 10019.

3. "Bankruptcy Code" means title 11 of the United States Code, as amended.

4. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

5. "Centerbridge" means Centerbridge Partners, L.P., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 375 Park Avenue, 12th Floor, New York, NY, 10152.

6. "Chapter 11 Cases" means the jointly administered chapter 11 cases, commenced by the Debtors in the Bankruptcy Court.

7. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

8. "Debtors" means, collectively, Energy Future Holdings Corporation and its affiliated entities, as debtors and debtors in possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Bankruptcy Case, and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities; and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

9. "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record

of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; including, without limitation, all things meeting the definition of "documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

10.  "Engagement" means any oral or written agreement between two or more parties pursuant to which one party performs Professional Services (defined below) to the other party or parties in exchange for a fee.

11.  "Fortress" means Fortress Credit Opportunities, Advisers LLC, a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 1345 Avenue of the Americas, 46th Floor, New York, NY 10105.

12.  "Franklin" means Franklin Advisers, Inc., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 1 Franklin Parkway, San Mateo, CA 94403.

13.  "Franklin Mutual" means Franklin Mutual Advisers, Inc., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 101 JFK Parkway, Short Hills, NJ 07078.

14.  "Goldman Sachs" means Goldman, Sachs & Co., a member of the Sponsor Group (defined below).

15.  "Including" means "including, without limitation" or "including, but not limited to."

16.  "King Street" means King Street Capital Management, LP, a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 65 East 55th Street, 30th Floor, New York, NY 10022.

17. "KKR" means KKR & Co., L.P., a member of the Sponsor Group (defined below).

18. "Mason Capital" means Mason Capital LP, a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 110 East 59th Street, 30th Floor, New York, NY 10022.

19. "Oaktree" means Oaktree Capital L.P., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 333 South Grand Avenue, Los Angeles, CA 90071.

20. "OZ" means OZ Management LP, a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 9 West 57th Street, 13th Floor, New York, NY 10019.

21. "Paulson" means Paulson & Co., Inc., a member of the Ad Hoc Committee of TCEH First Lien Creditors with a principal place of business at 1251 Avenue of the Americas, New York, NY 10023.

22. "Petition Date" means the date upon which the Debtors commenced the Chapter 11 Cases.

23. "Professional Services" include services performed by attorneys, investment bankers, financial advisors, restructuring advisors, and consultants in the course of their respective employment.

24. "Relate" and its variants encompass the terms "refer," "reflect," "constitute," "evidence," "in connection with," and "concern" and shall be construed to bring within the scope of the Document Request or Topic of Examination, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request or Topic of Examination, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request or Topic of Examination, as applicable.

25. "Sponsor Group" means, collectively, Goldman, Sachs & Co., TPG Capital, and KKR & Co., L.P., and any of their current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

26. "TPG" means TPG Capital, a member of the Sponsor Group.

27. "Trustee" means Wilmington Savings Fund Society, FSB, as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among

Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee.

28.    "You" and "Your" shall mean Evercore Group LLC and affiliated partnerships.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of the Subpoena, the following Instructions shall be followed:

1.    In accordance with Rules 34(a) and 45 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, as applicable, the Document Requests shall be deemed to include any document now or at any time in Your possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of any of Your current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf. A document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such document when You sought to do so. If any requested document was, but no longer is, in Your control, state the disposition of each such document.

2.    As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in Your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.    The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

4.    In responding to the Request, You are to review and search all relevant files of appropriate entities and persons.

5.    All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

6.    You are to produce the original and all non-identical copies, including all drafts, of each document requested. If You are not able to produce the original of any document, please

4

produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

       7. In accordance with Rules 34(b) and 45 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth. All documents requested herein shall be produced electronically as tagged image file format ("TIFF") or portable document format ("PDF") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in their native form.

       8. If any responsive document is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

       a.    A description of the document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

       b.    The last known custodian;

       c.    Whether the document is missing or lost or was destroyed, discarded, or otherwise disposed;

       d.    The date of loss, destruction, discarding, or other disposition;

       e.    The reason(s) for destruction, discarding, or other disposition;

       f.    The person(s) authorizing or carrying out such destruction, discarding, or other disposition; and

       g.    The efforts made to locate lost or misplaced documents.

       9. In the event You seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, You shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to documents or portions of documents for which a claim of privilege or other limitation of discovery is made, You are instructed to provide a numeral list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicates the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such

information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or non-protected information should be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

10. Each Definition, Instruction, and Request herein shall be construed independently and not with reference to any other Definition, Instruction, or Document Request for the purposes of limitation.

11. If any meaning of any term in any Request herein is unclear to You, without waiver of the Trustee's right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

12. In accordance with Rules 33, 34, and 45 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of this Request shall be stated in full and with specificity. In the event You interpose an objection to the Request, You must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

13. The Request shall be deemed continuing so as to require prompt supplementation if You obtain, generate, or discover additional documents or information. If, after responding, You obtain or become aware of any additional documents or information responsive to the Request, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

14. Unless otherwise indicated, the time period covered by the Request is the period of May 1, 2009 through and including the present time, including any documents or information having an earlier origin and in use during the specified period.

15. "Including" shall not be construed to limit the scope of the Request.

16. Whenever necessary to bring within the scope of the Request documents or information that might otherwise be construed to be outside its scope:

a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17. Each paragraph, subparagraph, clause, and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause, or word herein for purposes of limitation.

## DOCUMENT REQUESTS

1. All documents concerning the assessment or consideration of conflicts of interests related to these Chapter 11 Cases.

2. All communications concerning conflicts of interests related to these Chapter 11 Cases between You and any third party including but not limited to the following:

 a. Angelo Gordon;

 b. Apollo;

 c. Centerbridge;

 d. Fortress;

 e. Franklin;

 f. Franklin Mutual;

 g. Goldman Sachs;

 h. King Street;

 i. KKR;

 j. Mason Capital;

k.  Oaktree;

l.  OZ;

m.  Paulson; and

n.  TPG.

## SCHEDULE B

## TOPICS OF INQUIRY

1. Your retention application to the Debtors and the relief requested therein;

2. Any assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that You may have with respect to Your representation of the Debtors, whether collectively or individually;

3. Your anticipated role in these Chapter 11 Cases;

4. Communications between You and the Debtors, whether collectively or individually, regarding Your Engagement with the Debtors;

5. Engagements between You and any of the following parties during the period between May 1, 2009 and the present:

    a. Angelo Gordon;

    b. Apollo;

    c. Centerbridge;

    d. Fortress;

    e. Franklin;

    f. Franklin Mutual;

    g. Goldman Sachs;

    h. King Street;

    i. KKR;

    j. Mason Capital;

    k. Oaktree;

    l. OZ;

    m. Paulson; and

    n. TPG;

      6.     All ongoing Engagements between You and the parties identified in Topic of Inquiry No. 5 above;

      7.     All fees You have received from any of the parties identified in Topic of Inquiry No. 5 above during the period between May 1, 2009 and the present.

61669262 v1-WorksiteUS-030953/0001