

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 472 |

## ORDER APPROVING EFIH FIRST LIEN SETTLEMENT

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>"), (a) approving the First Lien Settlement on the terms set forth in **Exhibit A** attached hereto and the First Lien Opt-In Materials, and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by, the First Lien Settlement, all as more fully set forth in the Motion; and upon the First Day Declaration, the Ying Declaration, and the *Supplemental Declaration of David Ying, Senior Managing Director of Evercore Group L.L.C., in Support of (1) the EFIH First Lien DIP Motion and (2) the EFIH Settlement Motion* [D.I. 610]; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these chapter 11

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, including sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, *and for the reasons set forth at the Hearing,* it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The First Lien Settlement is hereby approved on the terms set forth in **Exhibit A** attached hereto and the First Lien Opt-In Materials.

3. The Debtors are authorized to enter into the First Lien Settlement with (a) the First Lien RSA Parties on the terms set forth in **Exhibit A** attached hereto and as otherwise set forth herein and (b) all other holders of EFIH First Lien Notes that elect to participate in the First Lien Settlement on the terms set forth in the First Lien Opt-In Materials (collectively, the "Settling EFIH First Lien Note Holders").

4. The First Lien DMA, including but not limited to the expense reimbursement and indemnity obligations contained therein, is approved, and the Debtors are authorized to perform thereunder.

5. Upon consummation of the First Lien Settlement, any and all claims, rights, and causes of action related to the EFIH First Lien Notes held by Settling EFIH First Lien Note Holders shall be released and extinguished. As soon as reasonably practicable thereafter, the EFIH First Lien Note Indenture trustee shall, in its customary manner, cancel the EFIH First Lien Notes held by Settling EFIH First Lien Note Holders, provide to the Debtors evidence of such cancellation, and take any such other customary or reasonable actions in connection with the consummation of the First Lien Settlement, including, without limitation, acceptance of certain withdrawals via "Deposit or Withdrawal at Custodian" and confirmation of any drawdown submitted to the EFIH First Lien Note Indenture trustee by The Depository Trust Company in connection with the consummation of the First Lien Settlement.

6. The Debtors are authorized to take any and all actions necessary to consummate, and to perform any and all obligations contemplated by, the First Lien Settlement and the First Lien Opt-In Materials, including the payment of any fees and expenses related to any of the foregoing.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. *For the reasons set forth on the record at the hearing,* (Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable ~~upon its entry~~ *as of June 12, 2014 at 12:01 a.m.*

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____June 6_____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE