## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  June 30, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline:  June 23, 2014 at 4:00 p.m.** |
| | ) | |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the Debtors to (a) reject certain unexpired leases and

subleases, including any amendments or modifications thereto (collectively, the "Leases"), and

(b) abandon certain of the Debtors' personal property located at the premises of each lease

(the "Personal Property"), each effective as of the date of entry of the Order.  In support of this

Motion, the Debtors submit the *Declaration of Michael Carter in Support of the Motion of*

*Energy Future Holdings Corp., et. al., for Entry of an Order Authorizing (A) Rejection of*

*Certain Unexpired Leases and (B) Abandonment of Certain Personal Property*, filed

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105, 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Order authorizing the Debtors to (a) reject the Leases and (b) abandon the Personal Property that may be located at the premises relating to each Lease, each effective as of the date of entry of the Order (the "Rejection Date").

### Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

I.      **The Leases.**

6.      The Debtors lease office space and other property for their business operations. In connection with these chapter 11 cases, the Debtors began evaluating the current and expected use of their unexpired leases, the ongoing cost of the leases, and the effect on the business of rejecting such leases.  As part of this process, the Debtors have determined that each of the Leases listed on **Exhibit 1** to **Exhibit A** is unnecessary and burdensome to the Debtors' estates and should be rejected as of the Rejection Date.

A.      **The Congress Avenue Lease.**

7.      Debtor TXU Energy Retail Company LLC ("TXU Energy Retail") entered into a lease for office space with Congress Holdings, Ltd., as the lessor, for use of the premises located at 1005 Congress Avenue, Suite 500, Austin, TX 78701 (the "Congress Avenue Lease").  The Congress Avenue Lease is not set to expire until August 31, 2015.  Due to consolidation of its other office space, TXU Energy Retail has no further need for the office space and subleased the

3

premises to Falcon Creek Enterprises LLC beginning in March 2013 through the term of the Congress Avenue Lease (the "Falcon Creek Sublease"). As of the proposed Rejection Date, the Debtors estimate that the remaining base rent obligation under the Congress Avenue Lease, net of the Falcon Creek Sublease rent income, is approximately $115,000. Additionally, the Debtors estimate that TXU Energy Retail's pro-rata portion of the building's operating expenses and taxes through the remaining term of the Congress Avenue Lease is approximately $20,000. Accordingly, the Debtors have determined that the Congress Avenue Lease provides no net economic benefit to their estates and seek to reject it and the corresponding Falcon Creek Sublease.

**B.    The Postal Way Lease.**

8.    Debtor Energy Future Competitive Holdings Company LLC ("EFCH"), as successor-in-interest to TXU Electric Company as lessee, entered into a lease with Larry Christian, as the lessor, for use of the premises at 2021 Postal Way, Dallas, TX 75212 (the "Postal Way Lease").[2] The leased property was used as a mail processing center. After the Debtors outsourced their mail processing, EFCH subleased the space to Harvill Industries, Ltd. beginning in November 2011 for the remaining term of the Postal Way Lease (the "Harvill Sublease"). The Postal Way Lease is not set to expire until June 30, 2021. As of the proposed Rejection Date, the Debtors estimate that the remaining base rent obligation under the Postal Way Lease, net of the Harvill Sublease rent income, is approximately $2.6 million.[3]

---

[2] At the time the lease was drafted, the address was listed as 2161 Postal Way. After construction of the premises, the address of the premises was subsequently changed to 2021 Postal Way. The change in address was never re-documented in the original lease, and the Dallas County Appraisal District does not have a property located at 2161 Postal Way.

[3] The Harvill Sublease does not require the sublessor to take on the additional rent obligations, including building expenses and taxes.

RLF1 10388534v.1

Accordingly, the Debtors have determined that the Postal Way Lease provides no net economic benefit to their estates and seek to reject it and the corresponding Harvill Sublease.

###### C.    The West 6th Lease.

9.    Debtor TXU Energy Retail entered into a lease with First on 6th, L.P., as the lessor, for office space at 600 West 6th Street, Suite 175, Fort Worth TX, 76102 (the "West 6th Lease").  After relocating, TXU Energy Retail subleased the West 6th Lease to RSP Architects, Ltd. beginning in March 2013 for the remaining term of the West 6th Lease (the "RSP Sublease").  The West Sixth Lease is not set to expire until January 31, 2016.  As of the proposed Rejection Date, the Debtors estimate that the remaining rent obligation under the West 6th Lease, net of the RSP Sublease rent income, is approximately $13,000, plus TXU Energy Retail's pro-rata portion of the building's operating expenses and taxes.[4]  Accordingly, the Debtors have determined that the West 6th Lease provides no net economic benefit to their estates and seek to reject it and the corresponding RSP Sublease.

###### D.    Summary of the Debtors' Business Decisions Regarding the Leases.

10.    The Debtors are currently obligated to pay rent under the Congress Avenue Lease, the Postal Way Lease, and the West 6th Lease, as well as certain property taxes, utilities, insurance, and other related charges.  While the Debtors sublease the properties covered by these Leases to third parties, the rent and other payments received under the subleases offset only a portion of the amounts owed by the Debtors under these Leases.  The Debtors estimate that their total monthly obligations under the Leases, net of sublease-related income, amount to approximately $43,000 in the aggregate.

---

[4] Under the RSP Sublease, the sublessee reimburses TXU Energy Retail for substantially all other costs under the West 6th Lease, including building expenses and taxes.

11.    The Debtors have evaluated the possibility of assigning the Leases and being released from future obligations, but have determined that any potential benefits would be outweighed by the Debtors' ongoing obligations to pay rent and other expenses during the assignment process.[5]    By rejecting the Leases, the Debtors estimate that they will save approximately $2.75 million in the aggregate through the remaining Lease terms.    Accordingly, the costs of the Leases exceed any marginal benefits from maintaining the Leases, and rejection is in the best interests of the Debtors' estates.

## II.    Personal Property to be Abandoned.

12.    The Personal Property remaining at the premises of the Leases includes, but is not limited to, miscellaneous equipment and office, break room, and conference room furniture, which collectively have a book value of approximately $100,000.    Furthermore, the Debtors' use of the majority of the Personal Property was location-specific.    Since the Debtors have already vacated and subleased the premises of each Lease, the Debtors believe that the Personal Property is no longer necessary for the Debtors' business operations.    The Debtors have determined that the cost of removing and/or storing the Personal Property, whether for sale or for future use, exceeds the value of the Personal Property to the Debtors' estates.

13.    Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of any Personal Property remaining at the Lease premises is appropriate and in the best interests of the Debtors, their estates, and their creditors.

---

[5] The Debtors will continue to explore the possibility of assigning the Leases after the filing of this Motion.

RLF1 10388534v.1

## Basis for Relief

**I.      Rejection of the Leases Reflects the Debtors' Sound Business Judgment.**

14.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

15.      The decision to assume or reject an unexpired lease is a matter within the debtor's "business judgment." *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the

7

court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

16.    In this case, the Debtors, in their sound business judgment, have determined that the Leases are neither compatible with the Debtors' business needs nor a source of potential value for the Debtors' future operations, creditors, or other parties in interest.  Absent rejection, the Leases impose ongoing obligations on the Debtors that are an unnecessary drain on their resources.  Further, the Debtors have determined that certain of the Leases do not have any realizable value in the marketplace and/or are above market in terms of pricing.  Accordingly, to avoid incurring additional unnecessary expenses associated with the Leases, the Debtors seek to reject the Leases.  Moreover, contemporaneously with the filing of this Motion, the Debtors are serving the Motion on each respective lessor or sublessee (each such lessor or sublessee, a "Lease Counterparty") via U.S. first class mail on the date hereof.  Therefore, each Lease Counterparty will have sufficient notice and time to act accordingly, and will be relieved of its own obligations under the Leases.  Therefore, rejection of the Leases is appropriate under the circumstances and reflects the Debtors' sound business judgment.

17.    Courts in this jurisdiction have approved relief similar to that requested herein. *See In re Capsule Int'l Holdings LLC*, No. 13-13281 (Bankr. D. Del. May 19, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to a prior date); *In re Event Rentals, Inc.*, No. 14-10282 (Bankr. D. Del. Apr. 15, 2014) (authorizing rejection of unexpired lease of non-residential real property); *In re Green Field Energy Servs., Inc.*, No. 13-12783 (Bankr. D. Del. Nov. 25, 2013) (authorizing rejection of unexpired leases *nunc pro tunc* to a prior date); *In re*

*Conexant Sys., Inc.*, No. 13-10367 (Bankr. D. Del. Apr. 10, 2013) (authorizing rejection of unexpired lease of non-residential real property); *In re Buffets Rests. Holdings, Inc.*, No. 12-10237 (Bankr. D. Del. Apr. 12, 2012) (authorizing rejection of unexpired leases); *In re Harry & David Holdings, Inc.*, No. 11-10884 (Bankr. D. Del. Apr. 27, 2011) (authorizing rejection of leases *nunc pro tunc* to petition date); *In re Magnachip Semiconductor Finance Co.*, No. 09-12008 (Bankr. D. Del. July 8, 2009) (authorizing rejection of executory contracts *nunc pro tunc* to petition date). The Debtors submit that similar relief is warranted in these chapter 11 cases.[6]

## II.    Abandonment of Personal Property.

18.     Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

19.     To the extent the Debtors currently hold any *de minimis* Personal Property at the locations covered by the unexpired leases, including, but not limited to, miscellaneous equipment and office, break room, and conference room furniture, the Debtors request that such Personal Property be deemed abandoned pursuant to section 554 of the Bankruptcy Code.

20.     Any Personal Property remaining at the premises will be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery the Debtors could attain for the Personal Property. Accordingly, the abandonment of Personal Property located at the premises of the

---

[6] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

RLF1 10388534v.1

Leases is in the best interests of the Debtors and their estates, and parties in interest will have sufficient notice of such abandonment.

21.     Courts in this jurisdiction have approved relief similar to that requested herein. *See In re QCE Finance, Inc.*, No. 14-10543 (Bankr. D. Del. Apr. 9, 2014) (authorizing abandonment of personal property at the premises of rejected leases); *In re F&H Acquisition Corp.*, No. 13-13220 (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*, No. 13-11952 (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (Bankr. D. Del. Oct. 24, 2011) (same).

### Waiver of Bankruptcy Rules 6006(c) and 6004(h)

22.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

23.     The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes

due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and

11

counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties who have requested notice pursuant to Bankruptcy Rule 2002; and (z) the Lease Counterparties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

24.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

RLF1 10388534v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  June 9, 2014
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    richard.cieri@kirkland.com
        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

13