## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 363, 400, 555, 612** |

### DEBTORS' NOTICE OF (A) EXTENSION OF FIRST LIEN
### OPT-IN PERIOD AND (B) AMENDMENTS TO SECOND LIEN OPT-IN

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed their petitions for relief under chapter 11 of title 11 of the

United States Code on April 29, 2014, in the United States Bankruptcy Court for the District of

Delaware. These chapter 11 cases are being jointly administered pursuant to the *Final Order*

*Directing Joint Administration of the Debtors' Chapter 11 Cases* [D.I. 849]. This Notice relates

to the extension of the First Lien Opt-In Period and certain amendments to the Second Lien

Opt-In (each as defined herein).[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined in this Notice shall have the meanings set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [D.I. 98] (the "First Day Declaration").

### Extension of First Lien Opt-In Period

**PLEASE TAKE NOTICE** that, on May 7, 2014, the Debtors filed the *Notice of Initiation of Opt-In Period for Proposed EFIH First Lien Settlement* [D.I. 363] (the "First Lien Opt-In Notice"). The First Lien Opt-In Notice explained that the Debtors had opened the proposed EFIH First Lien Settlement for participation by any qualified holder of EFIH First Lien Notes on the terms, and for the time periods, set forth in the relevant offering materials (such opt-in, the "First Lien Opt-In" and, such opt-in period, the "First Lien Opt-In Period"). The ultimate expiration date of the First Lien Opt-In Period was scheduled for June 6, 2014 at 5:00 p.m. (Eastern Daylight Time).

**PLEASE TAKE NOTICE** that consummation of the First Lien Opt-In was expressly conditioned on the Bankruptcy Court's approval of the EFIH First Lien Settlement. On Friday, June 6, 2014, the Bankruptcy Court entered the *Order Approving EFIH First Lien Settlement* [D.I. 858] (the "First Lien Settlement Order"), which by its terms shall become effective on Thursday, June 12, 2014 at 12:01 a.m. (Eastern Daylight Time).

**PLEASE TAKE NOTICE** that, given the June 12, 2014 effective date of the First Lien Settlement Order, to give holders additional time to consider whether to participate in the First Lien Opt-In and to ensure its consummation promptly after expiration of the First Lien Opt-In Period as required by applicable regulations and guidance of the United States Securities and Exchange Commission (the "SEC"), the Debtors have extended the First Lien Opt-In Period to Tuesday, June 10, 2014 at 5:00 p.m. (Eastern Daylight Time) (the "First Lien Opt-In Extension"). On Monday, June 9, 2014, in accordance with applicable securities laws, the Debtors filed a Form 8-K and issued a press release (both of which are attached hereto as **Exhibit A**) disclosing, among other things, the First Lien Opt-In Extension.

## Amendments to Second Lien Opt-In

**PLEASE TAKE NOTICE** that, on May 9, 2014, the Debtors filed the *Notice of Initiation of Opt-In Period for Proposed EFIH Second Lien Settlement* [D.I. 400] (the "Second Lien Opt-In Notice"). The Second Lien Opt-In Notice explained that the Debtors had opened the proposed EFIH Second Lien Settlement for participation by any holder of EFIH Second Lien Notes on the terms, and for the time periods, set forth in the relevant offering materials (such opt-in, the "Second Lien Opt-In" and, such opt-in period, the "Second Lien Opt-In Period"), including, specifically, that holders of EFIH Second Lien Notes would receive greater consideration if they opted into the proposed EFIH Second Lien Settlement within a primary opt-in period scheduled to conclude on May 23, 2014 at 5:00 p.m. (Eastern Daylight Time) (the "Primary Second Lien Opt-In Period").

**PLEASE TAKE NOTICE** that on May 27, 2014, the Debtors filed the *Debtors' Second Notice of Extension of Primary Opt-In Period for Proposed EFIH Second Lien Settlement* [D.I. 612], providing notice that the Primary Second Lien Opt-In Period had been further extended to Wednesday, June 11, 2014 at 5:00 p.m. (Eastern Daylight Time) and that the Second Lien Opt-In Period had been extended to Thursday, July 3, 2014 at 5:00 p.m. (Eastern Daylight Time).

**PLEASE TAKE NOTICE** that, on Thursday, May 29, 2014, the SEC contacted Kirkland & Ellis LLP, proposed counsel to the Debtors, regarding the Second Lien Opt-In. In a discussion with the Debtors' external and internal counsel on Friday, May 30, 2014, the SEC explained that counsel to the indenture trustee for the EFIH Second Lien Notes (the "Second Lien Trustee") had contacted the SEC regarding the Second Lien Opt-In. Although the SEC did not discuss with the Debtors' external or internal counsel any of the issues raised to date by the

3

Second Lien Trustee,[3] the SEC provided input, on an informal telephonic basis, with respect to two provisions of the Second Lien Opt-In: (a) the decrease in consideration under the Second Lien Opt-In by $0.14 per $1,000.00 per day after July 9, 2014, until consummation of the EFIH Second Lien Settlement (the "Incremental Closing Adjustment") and (b) the condition to consummation of the Second Lien Opt-In that funding of the EFIH Second Lien DIP Facility have occurred (the "Financing Condition"). To reflect these discussions with the SEC, the Debtors and their professionals agreed to amend the Second Lien Opt-In.

**PLEASE TAKE NOTICE** that, on Wednesday, June 4, 2014, the Debtors shared with the SEC a draft of Supplement No. 1 to the Offer to Purchase for Cash Any and All of the Outstanding EFIH Second Lien Notes, attached hereto in its final form as **Exhibit B** (the "Second Lien Opt-In Supplement"), which sets forth the full terms of the amendments to the Second Lien Opt-In (the "Second Lien Opt-In Amendments").[4] Based on a follow-up discussion on Friday, June 6, 2014, between the SEC and the Debtors' external counsel, it is the Debtors' understanding that the SEC presently has no further matters to discuss regarding the Second Lien Opt-In.

**PLEASE TAKE NOTICE** that on Monday, June 9, 2014, in accordance with applicable securities laws, the Debtors announced the Second Lien Opt-In Amendments in the Form 8-K and an additional press release (which press release is also attached hereto as **Exhibit A**) and began distributing the Second Lien Opt-In Supplement to all holders of EFIH Second Lien

---

[3] *See Emergency Motion of EFIH 2nd Lien Notes Indenture Trustee to Compel Debtors to Obtain Prior Approval of Procedures Governing Their EFIH 2nd Lien Tender Offer* [D.I. 441]; *EFIH Second Lien Notes Indenture Trustee's (I) Preliminary Response to Debtors' Settlement Motion and (II) Limited Objection and Reservation of Rights to Debtors' Motion Approving First Lien DIP Financing* [D.I. 649].

[4] The terms of the Second Lien Opt-In Amendments as set forth in the Second Lien Opt-In Supplement control at all times over the description of those terms set forth in this Notice.

4

Notes. The Second Lien Opt-In Supplement, among other things, (a) provides that the Second Lien Opt-In will no longer include the Incremental Closing Adjustment or the Financing Condition and (b) makes certain supplemental disclosures relevant to the Second Lien Opt-In.

**PLEASE TAKE NOTICE THAT, AS STATED IN THE RESTRUCTURING SUPPORT AGREEMENT, AS DISCUSSED AT THE FIRST DAY HEARINGS, AND AS DESCRIBED WITHIN SUBSEQUENTLY FILED PLEADINGS, THE COMPROMISE OF THE EFIH SECOND LIEN NOTE CLAIMS IS SUBJECT TO BANKRUPTCY COURT APPROVAL, AND WILL NOT BE CONSUMMATED UNLESS AND UNTIL THE BANKRUPTCY COURT PROVIDES SUCH AUTHORIZATION. THE COMPROMISE OF THE EFIH SECOND LIEN NOTE CLAIMS IS ALSO CONDITIONED ON BANKRUPTCY COURT APPROVAL OF THE EFIH SECOND LIEN DIP FACILITY AND WILL NOT BE CONSUMMATED UNLESS AND UNTIL THE BANKRUPTCY COURT PROVIDES SUCH AUTHORIZATION.**

*[Remainder of page intentionally left blank]*

RLF1 10388789v.1

Dated:  June 9, 2014
         Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           richard.cieri@kirkland.com
                 edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession