# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  June 30, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline:  June 23, 2014 at 4:00 p.m.** |
| | ) | |

**MOTION OF TEXAS COMPETITIVE ELECTRIC HOLDINGS
COMPANY LLC AND ENERGY FUTURE COMPETITIVE HOLDINGS
COMPANY LLC FOR ENTRY OF AN ORDER APPROVING THE
AGREEMENT OF RESIGNATION, APPOINTMENT, AND ACCEPTANCE
BY TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC,
ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC, U.S.
BANK NATIONAL ASSOCIATION, THE BANK OF NEW YORK MELLON
<u>TRUST COMPANY, N.A., AND CSC TRUST COMPANY OF DELAWARE</u>**

Texas Competitive Electric Holdings Company LLC ("<u>TCEH</u>")[2] and Energy Future

Competitive Holdings Company LLC ("<u>EFCH</u>"), each a debtor and debtor-in-possession in the

above-captioned chapter 11 cases, file this motion (this "<u>Motion</u>") for entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), approving the Agreement of

Resignation, Appointment, and Acceptance, a copy of which is attached as **Exhibit 1** to

**Exhibit A** attached hereto, providing for the appointment of CSC Trust Company of Delaware as

successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. for the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

7.46% Secured Facility Bonds. In support of this Motion, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105(a), 363, and 541 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4. By this Motion, the Debtors seek entry of an Order approving the Agreement of Resignation, Appointment, and Acceptance (the "Agreement"), dated June 9, 2014 (the "Effective Date"), by and among U.S. Bank National Association, a national banking

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Indenture or Participation Agreement, as applicable (each defined herein).

association, in its capacity as Owner Trustee (the "Owner Trustee"), TCEH, a Delaware limited liability company, EFCH, a Delaware limited liability company (together with TCEH, the "Company Parties"), The Bank of New York Mellon Trust Company, N.A., a national banking association, in its capacity as resigning Indenture Trustee (the "Resigning Indenture Trustee"), and CSC Trust Company of Delaware, a Delaware state chartered trust company ("CSC"), in its capacity as successor Indenture Trustee (the "Successor Indenture Trustee," collectively with Owner Trustee, the Company Parties, and Resigning Indenture Trustee, the "Parties").

## Background

5.    On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

I.    **The Indenture and the Participation Agreement.**

6.    Resigning Indenture Trustee acts as Indenture Trustee under:

(a)    that certain Trust Indenture, Security Agreement and Mortgage, dated as of December 1, 1987, among EFCH, Resigning Indenture Trustee and Owner Trustee, as amended and supplemented by the Trust Indenture, Security Agreement and Mortgage Supplement No. 1, dated as of May 1, 1988, the Trust Indenture, Security Agreement and Mortgage Supplement No. 2, dated as of August 1, 1988, the Trust Indenture, Security Agreement and Mortgage Supplement No. 3, dated as of August 1, 1988, and the Trust Indenture, Security Agreement and Mortgage Supplement No. 4, dated as of July 1, 1993 (collectively, the "Indenture"), pursuant to which $3,707,900 aggregate principal amount of the 7.46% Secured Facility Bonds, 1993 Series due January 1, 2015 (the "Bonds") were issued and are outstanding as of the date hereof; and

(b)    the Participation Agreement, dated as of December 1, 1987, among EFCH, Resigning Indenture Trustee, Owner Trustee and the other parties thereto, as amended and supplemented by the Participation Agreement Supplement No. 1, dated as of August 18, 1988, Supplement No. 2 to the Participation Agreement, dated as of August 18, 1988, Supplement No. 3 to the Participation Agreement, dated as of December 1, 1988, Supplement No. 4 to the Participation Agreement, dated as of June 17, 1993, and Supplement No. 5 to Participation Agreement, dated as of April 15, 2013 (collectively, the "Participation Agreement").

7.    On December 20, 2001, EFCH assigned and TCEH assumed certain obligations under the Indenture and EFCH remains co-obligated for certain rights, duties, and obligations under the Indenture.

8.    Section 9.10(b) of the Indenture provides that the Indenture Trustee may resign at any time with respect to the Bonds by giving written notice thereof to Owner Trustee and the Company Parties.  Pursuant to Sections 9.10(b) and 9.14(e) of the Indenture, and by a notice dated May 8, 2014 (the "Resignation Notice"), the Resigning Indenture Trustee resigned as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture.

9.    Section 9.11 of the Indenture provides that any successor Indenture Trustee appointed in accordance with the Indenture shall execute, acknowledge, and deliver to Owner Trustee, the Company Parties, and its predecessor Indenture Trustee an instrument accepting such appointment under the Indenture, and thereupon the resignation of the predecessor

Indenture Trustee shall become effective and such successor Indenture Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the predecessor Indenture Trustee.

**II.    The Agreement.[3]**

    10.    The Agreement contains the following relevant provisions, among others:

- Section 1.01 of the Agreement provides that the Company Parties and the Owner Trustee acknowledge receipt of the Resignation Notice.

- Section 1.03 of the Agreement provides that the Resigning Indenture Trustee assigns, transfers, delivers, and confirms to the Successor Trustee (a) all right, title, and interest of the Resigning Indenture Trustee in and to the trust under the Indenture and (b) all the rights, powers, and duties of the Indenture Trustee under the Indenture and the Participation Agreement.

- Section 2.01 of the Agreement provides that the Owner Trustee accepts the resignation of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement.

- Section 2.02 of the Agreement provides that the Owner Trustee appoints Successor Indenture Trustee as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement, with all the rights, powers, and duties of Resigning Indenture Trustee under the Indenture and the Participation Agreement with like effect as if originally named as Indenture Trustee in the Indenture and the Participation Agreement.[4]

- Section 3.01 of the Agreement provides that the Company Parties accept the resignation of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement.

---

[3] In the event of any inconsistency between the Agreement and the summary of the following Agreement provisions, the Agreement shall control.

[4] Owner Trustee and Debtor Luminant Holding Company LLC, as Owner Participant (the "Owner Participant"), are party to that certain Trust Agreement, dated December 1, 1987 (the "Trust Agreement"). Pursuant to section 6.5 of the Trust Agreement, Owner Participant must direct Owner Trustee to take any action that is not expressly required by the terms of the Trust Agreement or any other Operative Documents (as defined in the Trust Agreement). By a letter dated June 9, 2014 (the "Direction Letter"), the Owner Participant directed the Owner Trustee to appoint CSC as Successor Indenture Trustee under the Indenture and to enter into the Agreement.

RLF1 10388806v.1

- Section 4.02 of the Agreement provides that the Successor Indenture Trustee accepts its appointment as successor Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement, and accepts the rights, powers, and duties of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement, upon the terms and conditions set forth therein, with like effect as if originally named as Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement.

- Section 5.02 of the Agreement provides that the Agreement and the resignation, appointment, and acceptance effected thereby shall be effective *nunc pro tunc* to the Effective Date, upon entry of the Order by the Court.

11.     Pursuant to the Agreement, and in accordance with section 9.11 of the Indenture, the Parties seek to effectuate the appointment and acceptance of the Successor Indenture Trustee as successor Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement.  On the Effective Date, the Parties executed the Agreement, whereby: (a) the Company Parties and Owner Trustee acknowledged receipt of the Resignation Notice and accepted the resignation of Resigning Indenture Trustee; (b) Owner Trustee appointed Successor Indenture Trustee as successor Indenture Trustee, Bond Registrar, and Paying Agent; and (c) Successor Indenture Trustee accepted its appointment as successor Indenture Trustee, Bond Registrar, and Paying Agent under the Indenture and the Participation Agreement.

### Basis for Relief

12.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  *See In re EBC I, Inc.*, 365 B.R. 631 (Bankr. D. Del. 2006).  In determining whether to authorize the use, sale, or lease of property of the estate under section 363(b) of the Bankruptcy Code, courts require the debtor to show that a

6

sound business purpose justifies such actions. *See In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999). Pursuant to section 541 of the Bankruptcy Code, contracts and rights and interests arising from contracts are included in property of the estate. 11 U.S.C. § 541.

13.     CSC is an appropriate successor Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement, because (a) CSC is not disqualified under section 9.08 of the Indenture and is eligible under section 9.09 of the Indenture to act as Indenture Trustee under the Indenture, (b) CSC has accepted its appointment pursuant to section 9.11 of the Indenture by executing the Agreement, and (c) the Parties have consented to the appointment of CSC. Accordingly, entering into the Agreement is an appropriate exercise of the Debtors' contract rights, and is in the best interests of the Debtors and their estates.

14.     Moreover, the Agreement does not does not alter the status quo with respect to the rights of the Parties to assert or dispute any claims. Specifically, the Agreement explicitly states that nothing therein shall constitute (a) the allowance or disallowance of any claim, including administrative expense claims under section 503(b) of the Bankruptcy Code, (b) the assumption or rejection of any executory contract under section 365 of the Bankruptcy Code, (c) a waiver of the rights of the Parties to dispute claims asserted against the Debtors, or (d) a change in any priority levels existing in the absence of the Agreement.

15.     The Parties have agreed to condition effectiveness of the Agreement upon entry of the Order to provide additional certainty with respect to the resignation and succession process, and to provide parties in interest with notice and an opportunity for a hearing. Accordingly, entry into the Agreement is an exercise of the Debtors' sound business judgment, and the Court should enter the Order approving the Agreement.

### Notice

16.     The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the

10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the Parties to the Agreement. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

RLF1 10388806v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  June 9, 2014
         Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          richard.cieri@kirkland.com
                edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession