## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING (A) ENTRY INTO AND
PERFORMANCE UNDER THE CROWSON SETTLEMENT
AGREEMENT BETWEEN TXU ENERGY RETAIL COMPANY, LLC
AND THE TEXAS COMPTROLLER PURSUANT TO SECTION 363(b) OF
THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURES AND (B) MODIFYING THE AUTOMATIC STAY**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a): (a) authorizing the Crowson Settlement Agreement substantially in the form attached hereto as **Exhibit 1**; (b) authorizing the TCEH Debtors to take all actions contemplated by and necessary to the resolution of the Crowson Settlement Agreement; and (c) modifying the automatic stay provided in section 362 of the Bankruptcy Code to the extent necessary to permit the relief requested in the Motion, all as set forth more fully in the Motion; and upon the Horn Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the Horn Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Crowson Settlement Agreement is hereby approved.

3. The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Crowson Settlement Agreement in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are modified to effectuate all the actions contemplated by and necessary to the resolution of the Crowson Settlement Agreement, including permitting the District Court in the 126th Judicial District of Travis County, Texas to approve the Crowson Settlement Agreement.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1 to EXHIBIT A

**Crowson Settlement Agreement**

## AGREEMENT TO ALLOW REFUND CREDIT

This *Agreement to Allow Refund Credit* ("Agreement") is between TXU Energy Retail Company, LLC ("TXU") and Susan Combs, Comptroller of Public Accounts of the State of Texas ("Comptroller") (collectively "Parties").

### Recitals

1. A class-action lawsuit was filed against TXU and alleged that TXU erroneously charged and collected sales taxes from certain customers. That lawsuit was styled *Thomas Crowson et al. v. TXU Energy Retail Company LLC*, No. D-GN-07-003901 in the 126th Judicial District in Travis County Texas ("TXU Lawsuit").

2. The TXU Lawsuit resulted in a settlement in 2008 that created the Crowson Litigation Settlement Trust ("Trust"). The beneficiaries of the Trust are those class members that did not opt out of the settlement of the TXU Lawsuit. The corpus of the Trust is an assignment of certain refund rights TXU had with the Comptroller attached as **Exhibit A**.

3. On the basis of the assignment that is **Exhibit A**, the Trust filed a refund claim with the Comptroller. The Comptroller denied that refund claim and the dispute resulted in the lawsuit styled *Crowson Litigation Settlement Trust v. Susan Combs, State of Texas Comptroller of Public Accounts, and Greg Abbott, Attorney General of the State of Texas*, Cause No. D-1-GN-12-003424, in the 250th District Court of Travis County, Texas ("Trust Lawsuit").

4. The parties in the Trust Lawsuit stipulated that the amount in controversy was $9,764,973.69, plus interest to be calculated in accordance with §112.155 of the Texas Tax Code. TXU and the Comptroller agree that the amount of interest under the Tax Code is $1,551,893.72. The sum of these numbers is $11,316,867.41 ("Credit Amount").

5. TXU Energy Retail Company LLC, alongside parent company Energy Future Holdings Corp. and affiliates, filed for chapter 11 protection, on April 29, 2014, with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), procedurally consolidated under case number 14-10979.

### Terms of the Agreement

6. **Credit.** In order to effectuate the tax credit which forms the basis of this Agreement, TXU shall mark the attached as Exhibit A as "Void" thereby revoking the assignment contained in Exhibit A and this act of "Voiding" shall be approved by the Comptroller.

   Within ten (10) days of the latter of both (i) Bankruptcy Court approval and (ii) receipt of the Comptroller's approval of the revocation of assignment, TXU will

begin processing payment of the Credit Amount to the Trust. TXU makes no representations regarding the exact date that such payment by TXU shall be made to the Trust. Once payment has been made, TXU will notify the Comptroller with proof of payment by TXU to the Trust in the amount of the Credit Amount. The Comptroller will allow TXU to take a credit in the Credit Amount on one of TXU's subsequently filed Texas Sales and Use Tax Prepayment Reports, and as ultimately reported on its quarterly sales tax return. The Comptroller will not impose any penalties or alter TXU's right to a Prepayment Discount, as discussed in more detail in paragraph 6, below.

7. **Pre-payment Discount.** For purposes of this section, "Prepayment Discount" shall mean the prepayment discount set forth in Texas Administrative Code Section 3.286 **"Seller's and Purchaser's Responsibilities, including Nexus, Permits, Returns and Reporting Periods, Collection and Exemption Rules, and Criminal Penalties."** TXU historically files Texas Sales and Use Tax Prepayment Reports in the second month of each quarter as is required for prepayment of sales and use taxes in Texas and remits to the Comptroller a prepayment of tax that is equal to or greater than the total tax that was due and paid in the same reporting period of the preceding year (excluding discounts). Consistent with this agreement, TXU is allowed a credit in the amount of the Credit Amount against the amount shown as due and owing on one of the Texas Sales and Use Tax Prepayment Reports TXU files following TXU's payment to the Trust of the same amount. TXU's taking of the credit in the amount of the Credit Amount will not adversely impact TXU's ability to qualify for a pre-payment discount. Further, the Comptroller agrees not to penalize TXU for taking a credit for the Credit Amount. TXU will qualify for the pre-payment credit immediately upon payment to the Trust.

8. **Release.** TXU's taking of the credit will operate as a full and final release of any claims by TXU against the Comptroller for a refund of the sales tax at issue in the TXU Lawsuit and the Trust Lawsuit.

    Further, TXU's payment to the Trust will operate as a full and final release of any claims by the Comptroller against TXU for payment of the sales tax at issue in the TXU Lawsuit and the Trust Lawsuit.

9. **Nonassignability.** This Agreement is not assignable by TXU or any of its successors.

10. **Choice of Law and Venue.** This Agreement is made according to Texas law, and shall be construed and enforced according to Texas law. Venue for any dispute regarding this Agreement will be exclusively in the district courts of Dallas County, Texas.

11. **Confidentiality.** This Agreement is confidential except when confidentiality would

violate any court order, constitutional provision, or statute prohibiting such confidentiality, including, but not limited to, the Texas Public Information Act.

12. **Signed Counterparts.** This Agreement may be signed in two identical original counterparts that will each be considered an original for all purposes. Each Party will retain one original counterpart.

13. **Effective Date.** This Agreement will be effective on the date it has been signed by both Parties.

14. **Denial of Liability.** Nothing in this Agreement should be construed as an admission of liability by any party in the TXU Lawsuit or the Trust Lawsuit.

15. **No Other Agreements.** The Comptroller and TXU specifically acknowledge that the agreement for the Comptroller to allow the credit, prepayment discount, and to not penalize TXU described herein is the only agreement between the two parties in this Agreement. The Comptroller and TXU acknowledge ongoing audits and the likelihood of future audits of TXU's compliance with the Tax Code and the Comptroller and TXU makes no agreements or releases concerning those audit periods or the amount of any tax collected or remitted (or the failure to do so) other than the agreement contained herein. Neither party has relied on any statements by the other party that are not contained herein.

16. **Final Agreement.** This is the final agreement entered into between the Comptroller and TXU related to the rights identified herein and in **Exhibit A**, subject to approval by the Bankruptcy Court. This Agreement supersedes any and all prior agreements between TXU and the Comptroller in any way related to the rights identified herein and in **Exhibit A**. No agreements inconsistent with the terms of this Agreement exist. This Agreement can be amended only by a written amendment signed by all Parties. This Agreement cannot be unilaterally modified. This Agreement cannot be orally modified.