**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 886** |

**DECLARATION OF MEAGAN HORN IN
SUPPORT OF THE MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR AN ORDER AUTHORIZING
(A) ENTRY INTO AND PERFORMANCE UNDER THE CROWSON
SETTLEMENT AGREEMENT BETWEEN TXU ENERGY RETAIL COMPANY
LLC, AND THE TEXAS COMPTROLLER PURSUANT TO SECTION 363(b)
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND (B) MODIFYING THE AUTOMATIC STAY**

Pursuant to 28 U.S.C. § 1746, I, Meagan Horn, declare as follows:

1.  I am the Associate General Tax Counsel for Energy Future Holdings Corp. ("EFH Corp."), and TXU Energy is an indirect subsidiary of EFH Corp. I have been with EFH Corp. since 2012, and have served as Associate General Counsel since April, 2014 and before that as Tax Counsel. I am generally familiar with TXU Energy's day-to-day operations, results of operations, tax transactions, and related information gathered from my review of records, relevant documents, and information supplied to me by EFH Corp.'s tax and legal team. I am over the age of 18 and duly authorized to execute this declaration (this "Declaration") on behalf of the Debtors in support of, the *Motion of Energy Future Holdings Corp., et al., for an Order Authorizing (A) Entry into and Performance Under the Crowson Settlement Agreement Between*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*TXU Energy Retail Company LLC, and the Texas Comptroller Pursuant to Section 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (B) Modifying the Automatic Stay* [D.I. 886] (the "Motion"), filed contemporaneously herewith.[2]

2.  The facts in this Declaration are based on my personal knowledge and review of information and my experience with TXU Energy's operations and significant tax transactions. If called to testify, I would testify to the facts set forth herein.

## I. The TXU Energy Lawsuit and Creation of the Trust.

3.  In 2007, the Crowson Plaintiffs filed a class-action lawsuit against TXU Energy (the "TXU Energy Lawsuit"). TXU Energy billed and collected from certain customers, specifically owners or managers of apartment complexes, State, Metropolitan Transit Authority, Special Purpose District, and County sales taxes on electrical services it provided. The Crowson Plaintiffs alleged that TXU Energy erroneously charged and collected sales taxes from customers who were exempt from paying theses taxes, and remitted these funds to the state of Texas from August 2002 through March 1, 2008. The Crowson Plaintiffs argued that they were entitled to a refund of these incorrectly taxed amounts.

4.  The TXU Energy Lawsuit Settlement Class and TXU Energy reached a settlement agreement in the TXU Energy Lawsuit. To enable its customers to seek refunds from the Texas Comptroller's Office, TXU Energy agreed to the terms of the settlement. Importantly, at all times, TXU denied all allegations of liability and wrongdoing.

5.  As a result of the settlement, the state court created the Trust for the benefit of the Crowson Plaintiffs to which TXU Energy assigned its right to file a claim or claims with the Texas Comptroller for refunds of the Credit Amount. Pursuant to the settlement agreement, the

---

[2] All capitalized terms used herein have the meaning given to them in the Crowson Settlement Motion.

attorneys for the TXU Energy Lawsuit Settlement Class would file a claim or claims for refund(s) of the Credit Amount from the Texas Comptroller on behalf of the Trust pursuant to the refund rules and regulations of the Texas Comptroller's Office.  Further pursuant to the settlement agreement any refunds from the Texas Comptroller would be paid directly to the Trust and then distributed, upon approval of the state court, to pay suit expenses, attorneys' fees of the TXU Energy Lawsuit Settlement Class, and the TXU Energy Lawsuit Settlement Class.

**II.     Dispute Regarding the Request for Refund.**

6.     On June 2, 2009, pursuant to the settlement agreement, the Trust's court-appointed the Trustee, W.H. Morea, III, filed a Request for Refund on behalf of the TXU Energy Lawsuit Settlement Class.  The Texas Comptroller's Office denied the Request for Refund in a formal letter dated March 9, 2010.

7.     As of October 2012, neither TXU Energy nor the Trustee had refunded tax or interest amounts to the consumers.  According to pleadings filed by the Texas Comptroller in this case, the Texas Comptroller argued that in this scenario, if TXU Energy did not first refund its customers prior to the Texas Comptroller's refund to TXU Energy, then TXU Energy could easily profit from the error.  According to the Texas Comptroller, TXU Energy could sell its rights to the Credit Amount to the Trust, the Trust could collect the refund, and the customers could see none of the Credit Amount. As such, the Texas Comptroller contends that TXU Energy and the Trust could potentially profit, at the expense of the customers, from TXU Energy's allegedly erroneous tax collections.

**III.    The Trust Lawsuit and Subsequent Settlement.**

8.     On October 31, 2012, after the Texas Comptroller rejected the Trustee's Request for Refund, the Trustee filed a petition against the Texas Comptroller for cause, beginning the Trust Lawsuit.

RLF1 10388875v.1

9. In efforts to reach a mutually beneficial conclusion, in consultation with the Trust, TXU Energy and the Texas Comptroller now seek to enter into the Crowson Settlement Agreement to effectuate the tax credit.

10. The key terms of the Crowson Settlement Agreement are as follows:[3]

- The Texas Comptroller and Trust will stipulate that the amount in controversy is $9,764,973.69 in principal and $1,551,893.72 in interest, totaling $11,316,867.41;

- TXU Energy will void the Assignment and refund the Credit Amount to the TXU Energy Lawsuit Settlement Class, and in return, the Texas Comptroller will allow TXU Energy to claim a credit on its next sales tax prepayment reports in the full amount of the Credit Amount;

- within ten days of the latter of both (a) Bankruptcy Court approval and (b) receipt of the Texas Comptroller's approval of the revocation of Assignment, TXU Energy is to begin processing payments to the Trust;

- once the Trust is refunded the Credit Amounts, TXU Energy will notify the Texas Comptroller with proof of payment and the Texas Comptroller will allow TXU to take a credit for the Credit Amount on one of TXU Energy's subsequent Texas sales and use tax prepayment reports (the "Texas Sales and Use Tax Prepayment Reports");

- the Texas Comptroller will not impose any penalties or alter TXU's right to prepayment discounts;[4]

- there will be no penalty for TXU Energy taking a credit for the Credit Amount;

- TXU Energy will qualify for the prepayment credit immediately upon payment to the Trust; and

- TXU Energy's taking of the credit will operate as a full and final release of any claims TXU Energy has against the Texas Comptroller for a refund relating to the TXU Energy Lawsuit. Similarly, TXU Energy's payment to the Trust will operate as

---

[3] The summaries of the Crowson Settlement Agreement set forth in this section are qualified in their entirety by the provisions of the Crowson Settlement Agreement. To the extent there exists any inconsistency between this summary and the Crowson Settlement Agreement, the Crowson Settlement Agreement shall govern.

[4] TXU Energy historically files Texas Sales and Use Tax Prepayment Reports in the second month of each quarter and remits to the Texas Comptroller a prepayment of tax that is equal to or greater than the total tax that was due and paid in the same reporting period of the preceding year. Thus, TXU Energy will be allowed a credit totaling the Credit Amount against the amount shown as due and owing on one of the subsequent Texas Sales and Use Tax Prepayment Reports.

4

a full and final release of any claims by the Texas Comptroller and by the Trust against TXU for payment of the sales tax at issue in the TXU Energy Lawsuit.

## IV. The Crowson Settlement Agreement is in the Best Interests of the TCEH Debtors' Estates.

11.  I believe the Crowson Settlement Agreement represents a fair and reasonable compromise that is in the best interests of the TCEH Debtors' estates. As contemplated by the Crowson Settlement Agreement, in exchange for voiding the Assignment and releasing funds that likely do not belong to TXU Energy in the first instance, TXU Energy will receive a tax credit in the Credit Amount without any penalties or alterations to TXU Energy's right to a prepayment discount, a net positive that will avoid the burdensome costs of potential litigation. Importantly, the Credit Amounts, quintessentially refunds of customer tax monies collected and held on behalf of the state of Texas in trust, will be refunded to the rightful customers.

12.  I believe that a timely resolution of these issues would return due Credit Amounts to the TXU Energy Lawsuit Settlement Class and bolster TXU Energy's customer relations. TXU Energy's businesses center on its customer base. Moreover, as a debtor in a highly competitive industry, TXU Energy is already at risk of losing valuable customers due to its chapter 11 filing. I believe that resolving this issue with a timely settlement will reduce the strain on TXU Energy's customer relations and aid in maintaining customer loyalty.

13.  In consideration of all these factors, I believe that the Court should approve the Crowson Settlement Agreement.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 9, 2014

*/s/ Meagan Horn*
Meagan Horn
Associate General Tax Counsel
Energy Future Holdings Corp.

RLF1 10388875v.1