## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 615** |
| | ) | |
| | ) | **Obj. Deadline: June 23, 2014 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:  June 30, 2014 at 9:30 a.m. (ET)** |
| | ) | |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY  OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2015.3 (A) MODIFYING BANKRUPTCY RULE 2015.3 REPORTING REQUIREMENTS FOR CAUSE WITH RESPECT TO CERTAIN ENTITIES AND (B) FINDING THAT THE DEBTORS DO NOT HAVE A SUBSTANTIAL OR CONTROLLING INTEREST WITH RESPECT TO CERTAIN ENTITIES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) modifying Bankruptcy Rule 2015.3's reporting requirements (the "Reporting Requirements") for cause with respect to certain entities and (b) finding that the Debtors do not have a "substantial or controlling" interest with respect to certain entities.  In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Bankruptcy Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested in this Motion is Bankruptcy Rule 2015.3.

## Relief Requested

4.      By this Motion, the Debtors seek entry of an Order (a) modifying the Reporting Requirements with respect to certain entities and (b) finding that the Debtors do not have a "substantial or controlling" interest with respect to certain entities.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] (the "First Day Declaration").

2

6.      On May 27, 2014, the Debtors filed a motion to extend the deadline for compliance with Bankruptcy Rule 2015.3's reporting requirements until June 30, 2014.[2]

7.      The Debtors respectfully submit that modification or elimination of the Reporting Requirements is appropriate with respect to certain of the Debtors' non-Debtor affiliates, as set forth below.

## I.      International Entities.

8.      The Debtors nominally own (or owned, at one point) a large number of non-U.S. entities that are generally in liquidation or administration proceedings in multiple jurisdictions (the "International Entities").  The primary locus of these entities was the United Kingdom, though the Debtors also had several entities in Australia (that are no longer in the corporate structure) and in other European jurisdictions.

9.      Specifically, Debtor EFH FS Holdings Company, a Delaware entity without any active operations that is 100% owned by Energy Future Holdings Corp. ("EFH Corp."), nominally owns 100% of TXU Europe Limited, a United Kingdom entity.  TXU Europe Limited, in turn, directly or indirectly owns (or owned) a large number of entities doing business in many countries.[3]  TXU Europe Limited filed for administration proceedings in the United Kingdom on November 19, 2002, and the majority of its direct and indirect subsidiaries followed.

---

[2]      *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Pursuant to Bankruptcy Rules 2015.3 and 9006 and Local Bankruptcy Rule 9006-2 Extending Time to File Reports of Financial Information* [D.I. 615].  For the avoidance of doubt, the Debtors are not seeking modification of the Reporting Requirements with respect to any other non-Debtor affiliate, including Comanche Peak Nuclear Power Company LLC, Collin G/G&B LLC, and STARS Alliance LLC.  Notice of the anticipated filing on June 30, 2014 of reports under Bankruptcy Rule 2015.3(a) is being provided by this Motion to entities with an interest in Comanche Peak Nuclear Power Company LLC, Collin G/G&B LLC, and STARS Alliance LLC pursuant to Bankruptcy Rule 2015.3(e).

[3]      Another Debtor, EFH Finance (No. 2) Holdings Company, holds an interest in certain of these U.K. entities.

10.    The Debtors exercise no control over the International Entities, nor do the Debtors expect to receive any recovery on account of their nominal ownership interest in these entities. Indeed, in 2005, certain predecessors to the Debtors and certain of the International Entities executed a settlement agreement resolving claims the International Entities purportedly could have asserted against the Debtors' predecessors and certain affiliates.[4]  The only way for the Debtors to obtain information with respect to the status of the liquidation and administration proceedings is to contact Ernst & Young LLP and KPMG LLP, which serve as the administrators of many of the International Entities.[5]

11.    Accordingly, the Debtors submit that they do not have a substantial or controlling interest in the International Entities because the Debtors exercise no control over those entities and do not anticipate any recovery on account of their nominal ownership of such entities. Alternatively, the Debtors submit that elimination of the Reporting Requirements for cause is appropriate because the Debtors would not, after a good faith effort, be able to comply with the Reporting Requirements with respect to the International Entities.

## II.    Oncor Ring-Fenced Entities.

12.    As discussed in the First Day Declaration, Oncor Electric Delivery Holdings Company LLC ("Oncor Holdings"), Oncor Electric Delivery Company LLC, and certain of their affiliates and subsidiaries (collectively, the "Oncor Ring-Fenced Entities") have their own independent management, boards, and employees.  Importantly, these entities keep their own books and records, and the Debtors *do not* have unfettered access to these materials.  That being

---

[4]    A copy of the settlement agreement, which was publicly filed with the Securities and Exchange Commission, is attached as **Exhibit B** hereto.

[5]    A significant amount of information regarding the ongoing liquidation and administration proceeding is available at www.txuinfo.co.uk.  The latest annual reports of the administrators are attached as **Exhibit C** hereto.

KE 32031102.12
RLF1 10396247v.1

said, the majority of these entities, with the exception of Oncor Holdings, are either directly or indirectly covered by reporting documents filed with the Securities and Exchange Commission. Financial information regarding Oncor Holdings is included in the reports EFH Corp. files with the Securities and Exchange Commission (such reports, the "SEC Reports").

13.    Although the SEC Reports do not report information on an entity-by-entity basis, they provide the key information required by the official form prescribed by Bankruptcy Rule 2015.3(a):  a description of the business, balance sheet, income statement, and a statement of cash flows.  Accordingly, the Debtors request that the Court modify the Reporting Requirements with respect to the Oncor Ring-Fenced Entities to provide that reliance on the SEC Reports, rather than the official form, satisfies the Debtors' obligations under Bankruptcy Rule 2015.3(a).

### Basis for Relief

**III.    The Debtors Do Not Have a Substantial Or Controlling Interest In The International Entities.**

14.    There is a rebuttable presumption that a debtor owns has a "substantial or controlling" interest in a non-debtor entity if the estate "controls or owns at least a 20 percent interest."  Bankruptcy Rule 2015.3(c).  That presumption can be overcome after notice and a hearing.  *Id.*

15.    The Debtors directly or indirectly have a 100% interest in many International Entities.  The International Entities have been in liquidation or administration for an extended period of time.  Neither the Debtors nor their non-Debtor affiliates have control over these International Entities.  And the Debtors have no expectation of any recovery from these entities. Accordingly, the Debtors request that this Court determine that the Debtors do not have a substantial or controlling interest in the International Entities and that, as a result, the Reporting Requirements are inapplicable.

KE 32031102.12
RLF1 10396247v.1

IV.     **Modification of the Reporting Requirements for the Oncor Ring-Fenced Entities and the International Entities is Appropriate.**

16.     The Court "may, after notice and a hearing, vary the [Reporting Requirements] for cause."  Bankruptcy Rule 2015.3(d).  The Debtors submit that cause exists to modify the Reporting Requirements with respect to the Oncor Ring-Fenced Entities and the International Entities (to the extent the Court finds that the Debtors have a "substantial or controlling interest" in those entities).

17.     With respect to the Oncor Ring-Fenced Entities, Bankruptcy Rule 2015.3(d) specifically provides that the public availability of the information required by the Reporting Requirements demonstrates cause to modify the reporting requirements.  The SEC Reports provide all the information that is necessary with respect to the Oncor Ring-Fenced Entities.  As a result, modification of the Reporting Requirements is appropriate.

18.     With respect to the International Entities, if the Court determines that the Debtors have a substantial or controlling interest in such entities—and they do not—the Debtors would be "[un]able, after a good faith effort," to comply with the Reporting Requirements.  Bankruptcy Rule 2015.3(d).  Accordingly, the elimination of the Reporting Requirements is appropriate with respect to the International Entities.

19.     Similar relief has been granted on similar grounds in this jurisdiction and others. *See, e.g.*, *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012) (waiving requirement to comply with Bankruptcy Rule 2015.3 in the case of certain entities with *di minimis* value); *In re Newpage Corporation*, Case No. 11-12804 (KG) (Bankr. D. Del. Nov. 9, 2011) (approving agreed order modifying reporting requirements under Bankruptcy Rule 2015.3); *In re Capmark Financial Group Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Mar. 2, 2010) (modifying Bankruptcy Rule 2015.3 requirements); *In re Spansion Inc.*, Case No. 09-

6

10690 (KJC) (Bankr. D. Del. May 15, 2009) (extending and modifying Bankruptcy Rule 2015.3 requirement).

**Notice**

20.      The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior

7

secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; (z) non-Debtor third parties that have an interest in non-Debtor entities subject to the Reporting Requirements; and (aa) Ernst & Young LLP and KPMG LLP, in their capacities as administrators and/or liquidators of the International Entities.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

8

### **No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  June 11, 2014                                   /s/ *William A. Romanowicz*
                                                       **RICHARDS, LAYTON & FINGER, P.A.**
                                                       Mark D. Collins (No. 2981)
                                                       Daniel J. DeFranceschi (No. 2732)
                                                       Jason M. Madron (No. 4431)
                                                       William A. Romanowicz (No. 5794)
                                                       920 North King Street
                                                       Wilmington, Delaware 19801
                                                       Telephone:    (302) 651-7700
                                                       Facsimile:    (302) 651-7701
                                                       Email:        collins@rlf.com
                                                                     defranceschi@rlf.com
                                                                     madron@rlf.com

                                                       -and-
                                                       **KIRKLAND & ELLIS LLP**
                                                       Richard M. Cieri (admitted *pro hac vice*)
                                                       Edward O. Sassower, P.C. (admitted *pro hac vice*)
                                                       Stephen E. Hessler (admitted *pro hac vice*)
                                                       Brian E. Schartz (admitted *pro hac vice*)
                                                       601 Lexington Avenue
                                                       New York, New York 10022-4611
                                                       Telephone:    (212) 446-4800
                                                       Facsimile:    (212) 446-4900
                                                       Email:        richard.cieri@kirkland.com
                                                                     edward.sassower@kirkland.com
                                                                     stephen.hessler@kirkland.com
                                                                     brian.schartz@kirkland.com
                                                       -and-

                                                       James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
                                                       Chad J. Husnick (admitted *pro hac vice*)
                                                       Steven N. Serajeddini (admitted *pro hac vice*)
                                                       300 North LaSalle
                                                       Chicago, Illinois 60654
                                                       Telephone:    (312) 862-2000
                                                       Facsimile:    (312) 862-2200
                                                       Email:        james.sprayregen@kirkland.com
                                                                     chad.husnick@kirkland.com
                                                                     steven.serajeddini@kirkland.com

                                                       Proposed Co-Counsel to the Debtors and Debtors in Possession

10