IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF PERRY STREET COMMUNICATIONS, LLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Jonathan Morgan, declare under penalty of perjury:

1. I am President of Perry Street Communications, LLC located at 3131 McKinney Avenue, Ste 535, Dallas, TX 75204 (the "Company").

2. Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide public relations and financial communications services to the Debtors, namely Energy Future Holdings Corp. and EFH Corporate Services Company, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $0.00 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* does not authorize any of the Debtors to pay the Company for prepetition services.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was party to an agreement for indemnification with certain of the Debtors. A copy of such agreement is attached as **Exhibit 1** to this Declaration.

11. Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

(a) the Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Company before the entry of an order by this Court approving the payment. This subparagraph (c) is

3

intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 19, 2014

_____
JONATHAN MORGAN

**EXHIBIT 1**

perrystreet

PERRY STREET COMMUNICATIONS
CONFIDENTIAL LETTER OF AGREEMENT

C0753502C

February 22, 2012

Mr. Allan Koenig
Vice President, Corporate Communications
Energy Future Holdings Corp.
500 N. Akard, Suite 10-100A
Dallas, TX 75201

Dear Allan:

Please allow this Letter of Agreement ("Agreement") to serve as confirmation of the engagement (the "Engagement") of Perry Street Communications LLC ("Perry Street") by Energy Future Holdings Corp. ("EFH" or "Client") in connection with the development of a financial and corporate communications plan and related matters. Perry Street specializes in addressing sensitive business situations that require communications strategies targeted to a variety of constituencies (e.g., customers, employees, vendors, shareholders, media, etc.).

In connection with this Engagement, Perry Street will develop and help implement a proactive communications program that will position EFH well with its key stakeholders, ideally in advance of any defining events. Perry Street will work collaboratively with Kekst and Company in the development of this program. To that end, this Letter of Engagement incorporates by reference key terms of the Corporate and Financial Public Relations Plan Proposal and Budget Estimate (dated February 3, 2012) previously submitted.

For purposes of this Engagement, Perry Street has agreed to waive its standard upfront retainer fee. Instead, EFH will be billed on an hourly rate on a monthly basis. The billing rates at Perry Street for the 2012 calendar year range from $425.00 per hour (senior professionals) to $200.00 per hour (associates). Perry Street agrees to adhere to these rates for the duration of the 2012 calendar year.

Our out-of-pocket expenses incurred in connection with the Engagement will be re-billed to EFH at no additional charge. These charges include, but are not limited to, vendor expenses, which include Federal Express or Express Mail, transcription services, outside photocopying, messengers, mailings, and travel. Perry Street charges clients a flat $100 monthly fee to cover database fees (Factiva, ThomsonOne shareholder and research and related services), as well as a pro rata allocation fee of such expenses correlated to monthly billable time.



All billing and expense invoices are due and payable within 45 days. If any invoice is outstanding over 60 days, Perry Street shall have the right to cease all work under this Agreement.

Perry Street will obtain prior approval from EFH before issuing any press release, white paper or other written document for public consumption so that EFH is fully aware of all claims, statements or presentations made by Perry Street on EFH's behalf. Therefore, EFH will indemnify and hold harmless Perry Street, its officers, directors, employees, sub licensees, customers and agents from and against any and all third party claims, losses, liabilities, damages, expenses and costs (including reasonable attorneys' fees and court costs) ("Claims") that result from written statements and presentations, publication of documents in any medium, and other actions that Perry Street undertakes in reliance upon information, documents, representations, reports or data furnished or prepared by EFH to satisfy the terms and intent of this Agreement, provided that Perry Street gives EFH written notice of any such Claim and EFH has the right to participate in the defense of any such Claim at its expense.

Perry Street shall not disclose or use for the benefit of other than Client any electronic, written, verbal or tangible confidential and proprietary information stamped "confidential," "proprietary" or with a similar legend disclosed to Perry Street, or otherwise known by Perry Street to be confidential or proprietary, as a result of this Agreement; provided, however, Perry Street shall have no obligation hereunder for that

portion of such information which is in its possession prior to any disclosure hereunder by Client, if independently developed by or for Perry Street, if rightfully received by Perry Street from a third party, if disclosed by Client to others without any restriction on use and disclosure, if approved for release by consent of Client, or if available by the inspection of goods or services marketed or offered by Client or others, or if required by law.

Mr. Koenig's signature below will constitute acceptance of this letter of agreement on behalf of the Client:

_____  
Name:  Mr. Allan Koenig  
Title:  VP, Corporate Communications  
        Energy Future Holdings Corp.

3/21/2011  
Date

For Perry Street Communications:

_____  
Name:  Mr. Jonathan Morgan  
Title:  President  
        Perry Street Communications

March 20, 2012  
Date

2

AMENDMENT NO. 02A

DATED NOVEMBER 27, 2013

TO

PROFESSIONAL SERVICES AGREEMENT

C0753502C

BY AND BETWEEN

PERRY STREET COMMUNICATIONS

AND

EFH CORPORATE SERVICES COMPANY

DATED FEBRUARY 22, 2012

Contract No. C0753502C

## AMENDMENT NO. 02

**EFFECTIVE DATE**

The Effective Date of this Amendment is February 23, 2014.

**PURPOSE**

This Amendment modifies, alters or changes specific terms and conditions of Contract No. C0753502C ("Agreement") that exists between the parties hereto. Except as otherwise modified in this Amendment all other provisions of the Agreement will remain in full force and effect.

**MODIFICATIONS**

The Agreement is modified as follows:

**TERM**

The term of the agreement is hereby extended for an additional one year term through February 22, 2015.

The Addendum to the Confidential Letter of Agreement is hereby modified as follows:

The rate for the Senior Professional role is hereby changed from "$425.00 per hour" to "$450.00 per hour."

The parties have signed this Amendment acknowledging their agreement to its provisions as of the Effective Date.

| PERRY STREET COMMUNICATIONS | EFH CORPORATE SERVICES COMPANY |
|---|---|
| By: _____ (Signature) | By: _____ (Signature) |
| Name: Jonathan Morgen | Name: Tamar Willis |
| Title: President | Title: Procurement Specialist |
| Date: 12-9-13 | Date: December 10, 2013 |