**EXHIBIT A**



COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax

—

New York
—
Delaware
—
Maryland
—
Texas

Warren A. Usatine
Member

Reply to New Jersey Office
Writer's Direct Line: 201-525-6233
Writer's Direct Fax: 201-678-6233
Writer's E-Mail: wusatine@coleschotz.com

May 8, 2014

**BY E-MAIL**

Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Richard M. Cieri, Esq.
Stephen E. Hessler, Esq.
Edward O. Sassower, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611

Ira S. Dizengoff, Esq.
Akin Gump Strauss Hauer & Feld
One Bryant Park
Bank of America Tower
New York, NY 10036-6745

Gary L. Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

Jeffrey S. Sabin, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Richard G. Mason, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Re:   *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS)
      **Informal and Preliminary Request for Production of Documents**

Dear Counsel:

As you are aware, we represent CSC Trust Company of Delaware (the "Indenture Trustee"), as indenture trustee to the first lien notes issued by Energy Future Intermediate Holdings Corporation ("EFIH"), and as collateral trustee for the collateral securing the EFIH first lien and second lien notes, in the above-referenced bankruptcy proceeding (the "Bankruptcy Proceeding").

We appreciate our ongoing discussions regarding scheduling for the litigation and related matters. While that is ongoing, we would like to try to advance matters, since we know that regardless of the precise agreed, or judicially-determined, outcome regarding scheduling, we will need discovery.

52881/0001-10593646v3

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Attorneys at law

May 8, 2014
Page 2

    As we have previously discussed with you, we will need discovery on at least four topics: (i) the intent and nature of the transaction that your clients are pursuing with respect to EFIH, and EFIH Finance Inc. ("EFIH Finance"); (ii) the meaning of the Indentures and related documents; (iii) the views of the proposed first-lien DIP agent, syndication agent, and committed lenders with respect to the contingency of their commitment in relation to the allowance of the so-called make-whole; and (iv) the views of the committed lenders under the proposed second-lien DIP with respect to the contingency of their commitment in relation to the allowance of the so-called make-whole. In order to move the process forward, we ask that each of you, on behalf of your firms and your respective clients, provide us with the following documents in your or your clients' possession, custody or control. For example, we ask that the Debtors produce all responsive material in the possession of EFIH, EFIH Finance, or Energy Future Holdings Corp. ("EFH"), or any present or former officer, employee, agent, servant, attorney, investment banker, financial advisor, representative or other person acting for or on behalf of EFIH, EFIH Finance, or EFH. We similarly ask the other addressees of this letter to produce responsive materials in the possession, custody and control of your respective firms, clients, or your clients' representatives.

    Our Informal and Preliminary Request for Production of Documents ("Informal Requests") are set forth below:

1. All Documents concerning the drafting, negotiation, terms and issuance of notes under, and of SEC Form S-4 registration statements, prospectuses, offering memoranda, information statements and other exchange offering materials in connection with, the EFIH First Lien Indentures, the EFIH Second Lien Note Indenture and the EFIH Unsecured Notes, and including any discussions with holders or prospective holders, committees or groups of such holders at the time of the exchange offers and (in the case of certain of the EFIH First Lien Notes) issuances. We understand that at least in two instances there were informal groups of holders involved in determining the terms on which they might exchange, and significant placements of EFIH First Lien Notes with a small number of identifiable holders.

2. All Documents concerning communications between the Debtors, the Debtors' equity sponsors and/or the EFIH Unsecured Noteholders (and their ad hoc group) in the period January 2013-October 2013, and specifically including proposals made by the Sponsors or the EFIH Unsecured Noteholders (or their ad hoc committee) regarding any restructuring of EFIH, and/or the status of EFIH in relation to any restructuring of TCEH, and/or the issue as to whether EFIH should file for chapter 11 relief.

3. All Documents concerning any assertion or calculation by the EFIH Unsecured Noteholders, or their ad hoc committee, as to amounts owed to them in connection with any Sponsor- or company-proposed restructuring.

4. All Documents concerning the commitments for the EFIH First Lien DIP Financing and the EFIH Second Lien DIP Financing, including drafting, negotiation and responses to information requested by potential arrangers and underwriters.

52881/0001-10593646v3

**Cole, Schotz, Meisel, Forman & Leonard, P.A.**
Attorneys at law

May 8, 2014
Page 3

5. All Documents concerning Communications regarding the RSA, including without limitation, Communications among: (a) representatives of and advisors to the Debtors; (b) representatives of and advisors to the Consenting EFIH Unsecured Noteholders; (c) representatives of and advisors to Fidelity; (d) representatives of and advisors to Consenting Non-Fidelity EFIH First Lien Noteholders; and (e) representatives of and advisors to EFH Equity Owners.

6. Executed copies of the RSA and Plan Restructuring Documents, including all signature pages, without redactions of names or debt holdings, and any side letters and/or other writings showing bond holdings of signatories, and documents sufficient to show (or a letter stating) the holdings of 6 7/8% notes held or advised by all RSA signatories, at the time of signing the RSA, and as of the date of this letter.

7. All Documents concerning any proposed structure for, planning for, or agreement (including the RSA) to amend the Amended and Restated Tax Sharing Agreement, dated as of November 5, 2008, by and among EFH, Oncor Electric Delivery Holdings LLC ("Oncor Holdings"), Oncor Electric Delivery Company LLC ("Oncor"), Texas Transmission Investment LLC, and Oncor Management Investment LLC, as amended and in effect from time to time ("Oncor TSA"), to include EFIH or otherwise change, in whole or in part to EFIH, the payments under that agreement that were to be made to EFH.

Attached as **Exhibit A** are customary Instructions and Definitions that shall apply to this Informal Request. For the avoidance of doubt, requests herein include requests for Documents of your representatives, since you have the ability to obtain them. For example, documents from law firms that worked on the relevant exchanges and offerings must be turned over. Our expectation is that appropriate steps will be taken to ensure searches will be conducted by all potential custodians of the requested materials, including, but not limited to: (a) representatives of and advisors to the Debtors (including Kirkland & Ellis LLP and Evercore Group L.L.C.); (b) representatives of and advisors to the Consenting EFIH Unsecured Noteholders (including Akin Gump Strauss Hauer & Feld LLP and Centerview Partners LLC); (c) representatives of and advisors to Fidelity (including Fried, Frank, Harris, Shriver & Jacobson LLP and Perella Weinberg Partners); (d) representatives of and advisors to PIMCO (including Bingham McCutchen LLP); and (e) representatives of and advisors to EFH Equity Owners (including Wachtell, Lipton, Rosen & Katz and The Blackstone Group, L.P.). As to relevant custodians, we adopt the list of lead individuals recited in the May 5, 2014 informal discovery letter from the EFIH Second Lien Noteholders, with the addition of Jeffrey S. Sabin, Esq. of Bingham McCutchen LLP as counsel to PIMCO. In addition to those identified individuals, please identify two or three individuals from each institution referenced herein likely to have materials responsive to our requests. After reviewing your initial production in response to this Informal Request, we reserve the right to designate additional custodians if it appears reasonably likely that such potential custodians are in possession of material responsive to these Informal Requests.

52881/0001-10593646v3

**Cole, Schotz, Meisel, Forman & Leonard, P.A.**
Attorneys at law

May 8, 2014
Page 4

      Please provide the Documents requested above no later than May 15, 2014. The Indenture Trustee and Collateral Trustee do not waive, and expressly reserve, all rights to request further, supplemental and/or additional discovery in connection with the bankruptcy cases or otherwise.

                                        Very truly yours,

                                        */s/ Warren A. Usatine*

                                        */s/ Norman L. Pernick*

                                        Warren A. Usatine
                                        Norman L. Pernick

WAU:NLP:cdc
cc:     Gregory A. Horowitz, Esq. *(via email)*

## **INSTRUCTIONS**

1.  You are requested to produce all Documents responsive to these Informal Requests in your possession, custody, or control, wherever located, including without limitation, those in the possession, custody or control of your professionals and affiliates, whether or not such documents were prepared by or for you. Where knowledge, information or documents in your possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of your current and former agents, appointees, employees, representatives, consultants, attorneys and all other persons acting or purporting to act for or on behalf of you, and any other individuals or entities from which you may obtain documents.

2.  If any part of the Informal Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which you do not respond.

3.  If any Document requested herein was formerly in your possession, custody, or control (or that of your Professional) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such Document a written statement.

4.  To the extent any responding party intends to employ an electronic search to help locate responsive or potentially responsive Documents, you are required to negotiate your proposed search terms and methodology with the Indenture Trustee and come to an agreement regarding the same, and otherwise comply in full with Local Rule 7026-3(e).

5. Documents should be segregated according to the number of the Informal Request to which they are responsive or produced in the manner they are kept in the ordinary court of business. Documents attached to each other should not be separated.

6. An Informal Request shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

7. Each Informal Request for Documents herein includes a Request for exact copies of all disks, CDs, DVDs, and other removable media containing any information responsive to such Informal Request. Electronic records and computerized information should be produced in an intelligible format or together with a sufficient description of the system of program from which each was derived to permit rendering the material legible.

8. If any privilege is claimed as to any Document requested or sought to be identified herein and only portions of a Document are responsive and not privileged, please produce the Document in redacted form with only the privileged parts redacted. In lieu of a privilege log, provide a description of the categories of documents withheld on the grounds of privilege (whether attorney-client, work product or other grounds), which description shall contain detail sufficient to enable a determination as to the validity of the asserted grounds. To the extent any documents are withheld on the basis of joint defense or common interest doctrines, describe and explain the basis for asserting such joint defense or common interest and the date or dates on which such joint defense or common interest came into existence, and identity any written agreements memorializing such joint defense or common interest.

9. This request shall be deemed continuing in character, so as to require further and supplemental production if additional documents are obtained or become accessible after the time of initial production.

## DEFINITIONS

The definitions of terms provided by the Federal Rules, Bankruptcy Rules, the Local Rules, and any other rules, where applicable, are incorporated herein by reference.

A. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside the scope. "Any" and "all" are used in their inclusive sense.

B. The singular form of a word shall be considered to include also within its meaning the plural form of a word and vice versa; and the use of any tense of a any verb shall be considered to include also within its meaning all other tenses of the verb.

C. "Bankruptcy Cases" means the voluntary chapter 11 proceedings commenced by EFIH and its subsidiaries in the United States Bankruptcy Court for the District of Delaware, which are being jointly administered under Case No. 14-10979(CSS).

D. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

E. "Communications" means the transmittal of information including, but not limited to, transmittals in any form, whether oral, written, telephonic, e-mail (including attachments), text message or any other mode.

F. "Concerning" and "relating to" shall mean concerning, relating to, referencing, referring to, describing, evidencing, reflecting, constituting, supporting, undermining, proving, disproving, describing, summarizing, constituting or comprising touching upon or being legally, logically or factually connected in any way, in whole or part, with the subject matter.

G. "Document" is used in the broadest sense contemplated by Bankruptcy Rule 7034 and Federal Rule of Civil Procedure 34 and includes, but is not limited to:

    a. correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, physical evidence, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, inter-office and intraoffice communications, and offers;

    b. notations in any form made of conversations, telephone calls, meetings, negotiations or other communications;

    c. bulletins, circulars, schedules, lists, guides, printed matter (including newspapers, magazines, and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements or worksheets;

    d. electronic, mechanical, or optical records or representations of any kind (including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, computer-stored data or material), or transcriptions thereof; and

    e. all drafts, alterations, modifications, changes and amendments of any of the foregoing and any material underlying, supporting or used in the preparation of any document.

H. "Including" means including without limitation.

I. "Person" and "Entity" each and both mean any natural person or any business, legal, or governmental entity, corporation, or association, including trusts, estates, and any other such entities.

J. "Informal Request" means the requests for documents specified herein.

K. "RSA" shall mean the Restructuring Support and Lock-Up Agreement, attached as <u>Exhibit D</u> to the Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., *et al.*, in Support of First Day Motions, filed in the Bankruptcy Cases [Docket No. 98].

L. "You" shall have the meaning set forth in the accompanying Informal and Preliminary Request for Production of Documents.

M. Any reference to a Person or Entity shall include references to any of the Person's or Entity's past or present principals, members, shareholders, officers, managers, affiliates, subsidiaries, divisions, branches, agents, representatives, attorneys, testifying or non-testifying experts, employees, servants, consultants, contractors, predecessors, successors and assigns.

N. Any terms not defined herein or in the Informal Requests shall have the meaning ascribed to them in the RSA, which definitions are incorporated herein by reference.