**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*[1]<br><br>         *Debtors.* | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |
| CSC TRUST COMPANY OF DELAWARE,<br>as INDENTURE TRUSTEE,<br><br>         *Plaintiff,*<br><br>    -against-<br><br>ENERGY FUTURE INTERMEDIATE HOLDING<br>COMPANY LLC and EFIH FINANCE INC.,<br><br>         *Defendants.* | Adversary Proceeding<br>No. 14-50363 (CSS) |

**THE AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS'**
**RESPONSES AND OBJECTIONS TO CSC TRUST COMPANY**
**OF DELAWARE'S FIRST SET OF DOCUMENT REQUESTS**

   The Ad Hoc Committee of EFIH Unsecured Noteholders (the "Ad Hoc Committee"), by

and through their undersigned counsel, hereby respond and object to CSC Trust Company of

Delaware's ("CSC Trust") First Set of Requests for Production in the above-captioned matters

(collectively, the "Document Requests" and each such request a "Request").  The Ad Hoc

Committee's responses are subject to the General and Specific Objections as set forth below.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

## **DEFINITIONS**

The following definitions of terms apply to this response to CSC Trust's Document Requests (the "Response").   Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.       Subject to the Specific Objections to Definitions described below, the defined terms used in the Document Requests are incorporated herein.

2.       "Contested Matters" include the EFIH First Lien DIP Motion, EFIH First Lien Settlement Motion, EFIH First Lien Tender Offer, EFIH Second Lien DIP Motion, EFIH Second Lien Settlement, and EFIH Second Lien Tender Offer, as those terms are defined in the Document Requests, as well as the RSA Assumption Motion (defined herein).

3.       "EFIH First Lien Makewhole Adversary Proceeding" means the above-captioned adversary proceeding commenced by CSC Trust related to the applicability of the Applicable Premium to the EFIH First Lien Notes.

4.       "EFIH First Lien Notes" means the EFIH 6.875% Notes and the EFIH 10% Notes, as those terms are defined in the Document Requests.

5.       "Fidelity" shall have the meaning ascribed to it in the Informal Document Requests.

6.       "Informal Document Requests" refers to the informal document requests of CSC Trust made in the letter of Warren A. Usatine, dated May 8, 2014.

7.       "Petition Date" means April 29, 2014 at the time of the commencement of the above-captioned bankruptcy proceedings.

8.       "PIMCO" shall have the meaning ascribed to it in the Informal Document Requests.

9.      "RSA Assumption Motion" means the Motion of Energy Future Holdings Corp. *et al.*, for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay [D.I. 505].

## GENERAL OBJECTIONS

The following General Objections apply to each Definition, Instruction, and Request, and shall have the same force and effect as if fully set forth in the response to each Request.  The Ad Hoc Committee does not waive any General Objections by providing responses and objections to specific Requests.

1.      The Ad Hoc Committee objects to the Document Requests to the extent that they seek information that is not relevant to the EFIH First Lien Makewhole Adversary Proceeding or the Contested Matters, and is not reasonably calculated to lead to the discovery of admissible evidence in connection with the EFIH First Lien Makewhole Adversary Proceeding or the Contested Matters.

2.      The Ad Hoc Committee objects to the each Request, Instruction, and Definition to the extent that they seek to impose on the Ad Hoc Committee any obligations that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the Bankruptcy Court for the District of Delaware (the "Local Rules"), or any other applicable law or rules.

3.      The Ad Hoc Committee objects to the Document Requests to the extent that they are overbroad, cumulative of discovery that has already been served by CSC Trust and responded to by the Ad Hoc Committee and others, duplicative, unduly burdensome, oppressive, premature, or seek information that is already in CSC Trust's possession, custody, or control, or that is publicly available or obtainable from some other source that is more convenient, less

burdensome, and/or less expensive.  Specifically, as provided in more detail in the Specific

Objections, the Ad Hoc Committee has already produced documents responsive to many of the

Requests in connection with its response to the Informal Document Requests.

4.    The Ad Hoc Committee objects to the Document Requests to the extent that they

seek the identification and/or production of "all" or "any" facts, documents, or communications

of a specific nature or type or which "reflect" or "relate to" a certain topic when a more limited

number of such facts, documents, or communications could be sought or identified and would

supply the requested information, on the grounds that such a requirement makes the Document

Requests overbroad, unduly burdensome and oppressive.  In responding to the Document

Requests, the Ad Hoc Committee will interpret them reasonably and will not construe specific

Document Requests to require production of literally every potentially responsive piece of

information or document, no matter how attenuated from the substantive scope of the request or

difficult or burdensome to obtain.

5.    The Ad Hoc Committee objects to the Document Requests on the grounds and to

the extent that they are vague, ambiguous, or contain terms that are undefined.

6.    The Ad Hoc Committee objects to the Document Requests to the extent that they

seek Documents that are subject to the attorney-client privilege, the attorney work product

doctrine, the common interest privilege, or are otherwise protected from disclosure under

applicable privileges, laws, or rules.  To the extent that any such Document is inadvertently

produced in response to the Document Requests, the production of any such Document shall not

constitute a waiver of the Ad Hoc Committee's right to assert the applicability of any privilege,

or the applicability of the attorney work product doctrine, with respect to such Document.  The

Ad Hoc Committee objects to any reading, copying, summarizing or other use by CSC Trust of

such Document, and requests that CSC Trust immediately notify the Ad Hoc Committee of any instance where it knows, or reasonably suspects, that such an inadvertent production has occurred, and immediately return such Document to the Ad Hoc Committee.

7.     The Ad Hoc Committee expressly reserves the right to object on any ground at any time to further document requests, and reserves the right to revise, supplement, correct or add to its Response to the Document Requests.  The Ad Hoc Committee expressly reserves any and all rights and privileges under the Federal Rules, the Bankruptcy Rules, the Local Rules, and any other applicable law or rules, and the failure to assert such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

8.     The Ad Hoc Committee responds to the Document Requests without conceding, and on the contrary reserving and intending to reserve, all questions as to the competence, privilege, relevance, or materiality of the subject matter of the Document Requests, and without prejudice to its right to object to further discovery, or to object to the admissibility of the information or related documents in this matter or in any related or subsequent action or proceeding.

9.     The Ad Hoc Committee objects to the Document Requests insofar as they assume disputed facts or legal conclusions.  The Ad Hoc Committee hereby denies any such facts or legal conclusions.  Any Response or Objection, including the identification of Documents, is without prejudice to this objection and the Ad Hoc Committee's right to dispute facts and legal conclusions assumed by the Document Requests.

10.     The Ad Hoc Committee's Responses, as set forth herein, are based on its knowledge of facts and information presently available.  The Ad Hoc Committee reserves the

right to correct, clarify, modify, amend, or supplement its Responses at any time to the extent that

required by federal law should the Ad Hoc Committee discover additional facts, information

and/or Documents responsive to the Document Requests.

11.     No objection or limitation, or lack thereof, made in these objections shall be

deemed an admission by the Ad Hoc Committee as to the existence or nonexistence of

information.

12.     In responding to each of the Document Requests, the Ad Hoc Committee

incorporates, as if fully stated therein, each and every General Objection made heretofore.

### OBJECTIONS TO INSTRUCTIONS

The Ad Hoc Committee asserts the following Specific Objections, which are incorporated

by reference in the Responses to the Document Requests:

1.     The Ad Hoc Committee objects to Instruction 7 to the extent that it imposes an

undue burden on the Ad Hoc Committee and exceeds the requirements of the Federal Rules, the

Bankruptcy Rules, the Local Rules, and any other applicable law or rules.  The Ad Hoc

Committee will use good faith efforts to generate search terms or parameters that will identify all

responsive or potentially responsive Documents and will disclose such search terms or

parameters to CSC Trust.

2.     The Ad Hoc Committee objects to Instruction 14 because the proposed relevant

time period of January 1, 2013 through the present for each Request is overly broad and not

tailored to the information sought in each Request.  Moreover, the Ad Hoc Committee objects to

the extent that Documents sought from the Petition Date "through the present" are subject to

attorney-client privilege, the work product doctrine, and/or common interest privilege.

## SPECIFIC OBJECTION TO DEFINITIONS

The Ad Hoc Committee asserts the following Specific Objections, which are incorporated by reference in its responses to the Document Requests:

1.      The Ad Hoc Committee objects to the definitions of "EFH" and "EFIH" in the Document Requests to the extent that it purports to include the Representatives of the entities. To the extent that a Document Request seeks production from the Representatives of EFH and EFIH, such a request must be made explicit.

2.      The Ad Hoc Committee objects to the definition of "Representative" on the grounds that it is overly broad.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

The Ad Hoc Committee incorporates in each of its responses to the Document Requests each and every General Objection made heretofore, as if expressly set forth herein.  The Ad Hoc Committee also objects to the individual Requests as follows:

## DOCUMENT REQUEST NO. 1

All Documents identifying the holders of the EFIH Senior Toggle Notes and the amount held by each such holder of EFIH Senior Toggle Notes.

## RESPONSE TO DOCUMENT REQUEST NO. 1

The Ad Hoc Committee objects to this Request because it does not identify the date on which it seeks the identification of the holders of the EFIH Senior Toggle Notes and the amount held by each such holder and is thus overly broad.  The Ad Hoc Committee further objects to this Request because the identity of holders of EFIH Senior Toggle Notes is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor is likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced non-privileged Documents in response to this Request from January 28, 2014 through April 29, 2014, identifying the members of the Ad Hoc Committee and the amount of EFIH Senior Toggle Notes held by each such member.  Moreover, on behalf of all parties who received the Informal Document Requests, the Debtors have produced the signature pages to the RSA, which contain holdings information as of the Petition Date.

## DOCUMENT REQUEST NO. 2

A complete copy of the EFIH Senior Toggle Indenture, including all amendments or modifications thereto and all documents incorporated therein by reference.

## RESPONSE TO DOCUMENT REQUEST NO. 2

The Ad Hoc Committee objects to this Request to the extent that it seeks all documents incorporated in the EFIH Senior Toggle Indenture by reference as that Request is overly broad and unduly burdensome.   The Ad Hoc Committee further objects to this Request because the Senior Toggle Indenture is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with Makewhole Adversary Proceeding or the Contested Matters.

Notwithstanding the foregoing, the Ad Hoc Committee will produce a complete copy of the EFIH Senior Toggle Indenture, including all amendments or modifications thereto.

## DOCUMENT REQUEST NO. 3

All Documents concerning the drafting, negotiation, terms and/or issuance of notes under, and of SEC Form S-4 registration statements, prospectuses, offering memoranda, information   statements and other exchange offering materials in connection with, the EFIH Senior Toggle Indenture  and/or any indenture that was used  as  a  precedent  or  model  for  any  of  the  foregoing including  all communications with holders or prospective holders, committees or groups of

such holders at or before the time of the exchange offers or original issuances, as applicable.

## RESPONSE TO DOCUMENT REQUEST NO. 3

The Ad Hoc Committee objects to this Request to because it seeks information regarding the drafting and negotiation of the EFIH Senior Toggle Indenture or documents publicly-filed in connection with the issuance of the EFIH Senior Toggle Notes, which is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with Makewhole Adversary Proceeding or the Contested Matters. The Ad Hoc Committee further objects to this Request because it seeks communications protected by the attorney-client privilege or the work product doctrine. The Ad Hoc Committee further objects to this Request to the extent that it seeks documents that are publicly available or already in CSC Trust's possession.

## DOCUMENT REQUEST NO. 4

All drafts of, and documents sufficient to identify all persons who participated in the drafting of, the EFIH Senior Toggle Notes Indenture and the form of the Senior Toggle Notes, including any indenture that was used as a precedent or model for any of the foregoing.

## RESPONSE TO DOCUMENT REQUEST NO. 4

The Ad Hoc Committee objects to this Request to because it seeks information regarding the drafting of the EFIH Senior Toggle Indenture, which is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with Makewhole Adversary Proceeding or the Contested Matters. The Ad Hoc Committee further objects to this Request because it seeks communications protected by the attorney-client privilege or the work product doctrine.

## DOCUMENT REQUEST NO. 5

All communications between, among or within the Ad Hoc Committee, its

members, its Representatives or any Representative of any member of the Ad Hoc Committee, on the one hand, and any of the EFIH Debtors, EFH Equity Owners, the EFIH Unsecured Noteholders, the Consenting Fidelity EFIH First Lien Noteholders, the Consenting Non-Fidelity EFIH First Lien Noteholders, the EFIH Second Lien Noteholders (or committees or groups of holders of any of the foregoing), Fidelity, PIMCO or the respective Representatives of any of the foregoing, on the other hand, regarding any "Applicable Premium," make-whole premium, or similar premium for the EFIH 6.875% Notes, EFIH 10% Notes, EFIH Second Lien Notes, EFIH Senior Toggle Notes or the EFIH Unexchanged Notes.

## RESPONSE TO DOCUMENT REQUEST NO. 5

The Ad Hoc Committee objects to this Request because it seeks communications regarding the applicability of any Applicable Premium, makewhole premium, or similar premium for the EFIH First Lien Notes or the EFIH Second Lien Notes, which are protected by the attorney-client privilege (including the common interest privilege) or the work product doctrine.

The Ad Hoc Committee further objects to this Request to the extent that it is cumulative of the Informal Document Requests. Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand. Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 6

All Documents concerning any assertion or calculation by the Ad Hoc Committee or any member thereof, or their respective Representatives, as to amounts owed to them in connection with any proposed restructuring of EFH, TCEH or the EFIH Debtors.

## RESPONSE TO DOCUMENT REQUEST NO. 6

The Ad Hoc Committee objects to this Request on the grounds that calculation of the amounts owed to the members of the Ad Hoc Committee is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request to the extent that it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 7

All Documents concerning whether or not the EFIH Debtors should seek chapter 11  relief, alternatives to chapter 11 relief, and/or any restructuring or restructuring proposals for  the EFIH Debtors, including without limitation (i) all Documents concerning the status of the EFIH Debtors in relation to any restructuring of TCEH, and (ii) all communications between, among or within the Ad Hoc Committee, its members, its Representatives or any Representative of any member of the Ad Hoc Committee, on the one hand, and any of the any of the EFIH Debtors, EFH Equity Owners, the EFIH Unsecured Noteholders, the Consenting Fidelity EFIH First Lien Noteholders, the Consenting Non-Fidelity EFIH First Lien Noteholders, the EFIH Second Lien Noteholders (or committees or groups of holders of any of the foregoing), Fidelity, PIMCO or the respective Representatives of any of the foregoing, on the other hand.

## RESPONSE TO DOCUMENT REQUEST NO. 7

The Ad Hoc Committee objects to this Request to the extent that it seeks information that is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.  The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 8

All Documents concerning any proposed structure for, planning for, drafts of, or agreement (including the RSA and/or the Plan Restructuring Documents) to amend the Amended and Restated Tax Sharing Agreement, dated as of November 5, 2008, by and among EFH, Oncor  Electric Delivery Holdings LLC, Oncor Electric Delivery Company LLC, Texas  Transmission  Investment  LLC, and Oncor Management Investment  LLC,  as amended  and in effect from  time  to time, to include EFIH or to otherwise redirect, in whole or in part, the payments under that agreement from EFH to EFIH, including without limitation any cash flow forecasts or other projections reflecting any change of payments, in whole or in part, from EFH to EFIH.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time. The Ad Hoc Committee further objects to this Request on the grounds that documents related to any proposed amendment to the Amended and Restated Tax Sharing Agreement are neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests. Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand. Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

**DOCUMENT REQUEST NO. 9**

All Oncor strategic business plans and financial projections, including without limitation projections of liquidity, that were in existence immediately prior to any Exchange Offer.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time.  The Ad Hoc Committee further objects to this Request on the grounds that documents related to Oncor's business plans and financial projections are neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.

**DOCUMENT REQUEST NO. 10**

> All Documents concerning any transaction that was discussed within, or considered by, the Ad Hoc Committee or its members as an alternative to the RSA.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time and to the extent that it seeks information related to "any transaction."  The Ad Hoc Committee further objects to this Request on the grounds that the information sought is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents from the Petition Date to the present because that is not reasonably calculated to lead to responsive information.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc

Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 11

> All Documents concerning any consideration or analysis of the EFIH Debtors' solvency, including without limitation any communications concerning the same, prior to and during the EFIH' Debtors' decision to file for chapter 11 relief.

## RESPONSE TO DOCUMENT REQUEST NO. 11

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time.  The Ad Hoc Committee further objects to this Request because the phrase "during the EFIH' (sic) Debtors' decision to file for chapter 11 relief" is vague and ambiguous as to any specific time period.   The Ad Hoc Committee further objects to this Request on the grounds that it seeks information that is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for

CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 12

All Documents reflecting, referring to, or constituting or containing projections of EFIH Debtors' financial performance (or any aspect thereof), including pro formas of financial results, and/or documents containing estimates of Earnings Before Interest, Taxes, Depreciation and Amortization, and/or including all drafts thereof and all notes, materials and other documents created or referred to in the course of compiling any of the foregoing.

## RESPONSE TO DOCUMENT REQUEST NO. 12

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time and to the extent that it does not specify the creator of any such projections.  The Ad Hoc Committee further objects to this Request on the grounds that it seeks information that is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 13

All Documents reflecting, referring to, or constituting or containing projections concerning whether the EFIH 10% Notes could remain in place, be reinstated, and/or left unimpaired in a Chapter 11 case.

## RESPONSE TO DOCUMENT REQUEST NO. 13

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it is not sufficiently limited in time.  The Ad Hoc Committee further objects to this Request on the grounds that it seeks information that is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.  The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 14

All Documents concerning any consideration of the EFIH Debtors' enterprise value, including without limitation any communications concerning the same, prior to and during the EFIH's Debtors' decision to file the Bankruptcy Cases.

**RESPONSE TO DOCUMENT REQUEST NO. 14**

The Ad Hoc Committee objects to this Request because the phrase "during the EFIH's Debtors' (sic) decision to file the Bankruptcy Cases" is vague and ambiguous as to any specific time period.  The Ad Hoc Committee further objects to this Request to the extent that it seeks Documents concerning any internal valuations performed by the Ad Hoc Committee or its members of the EFIH Debtors' enterprise value as such information is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with the Makewhole Adversary Proceeding or the Contested Matters.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

**DOCUMENT REQUEST NO. 15**

> All Documents concerning the EFIH First Lien Settlement, the EFIH Second Lien Settlement, the EFIH First Lien Tender Offer, the EFIH Second Lien Tender Offer, the EFIH First Lien DIP Financing, the EFIH Second Lien DIP Facility, and all deadlines or other milestones in the RSA, including, without limitation, (i) all drafts of all documentation for each of the foregoing, and (ii) all communications between, among or within the Ad Hoc Committee, its members, its Representatives or any Representative of any member of the Ad Hoc Committee, on the one hand, and any of and any of the EFIH Debtors, EFH Equity Owners, the EFIH Unsecured Noteholders, the Consenting Fidelity EFIH

First Lien Noteholders, the Consenting Non-Fidelity EFIH First Lien Noteholders, the EFIH Second Lien Noteholders (or committees or groups of holders of any of the foregoing), Fidelity, PIMCO or the respective Representatives of any of the foregoing, on the other hand.

## RESPONSE TO DOCUMENT REQUEST NO. 15

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee further objects to this Request to the extent that it seeks Documents or communications that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests. Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand. Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 16

Executed copies of the RSA and Plan Restructuring Documents, including all signature pages, without redaction of names or debt holdings, and any side letters and/or other Documents reflecting the bond or debt holdings of the signatories at the time of signing the RSA.

## RESPONSE TO DOCUMENT REQUEST NO. 16

The Ad Hoc Committee objects to this Request to the extent that it is cumulative of the Informal Document Requests.

In connection with the Informal Document Requests, per an e-mail dated May 21, 2014 from David Dempsey, as counsel for the Debtors, to Warren Usatine, as counsel for CSC Trust, copying other interested parties, including advisors to the Ad Hoc Committee, the Debtors agreed to produce Documents responsive to this Request on behalf of all the parties served with the Informal Document Requests.  The Ad Hoc Committee does not plan to produce additional documents in response to this Request.

## DOCUMENT REQUEST NO. 17

All communications between, among or within the Ad Hoc Committee, its members, its Representatives or any Representative of any member of the Ad Hoc Committee, on the one hand, and any of the EFIH Debtors, EFH Equity Owners, the EFIH Unsecured Noteholders, the Consenting Fidelity EFIH First Lien Noteholders, the Consenting Non-Fidelity EFIH First Lien Noteholders, the EFIH Second Lien Noteholders (or committees or groups of such holders),  Fidelity, PIMCO or the respective Representatives of any of the foregoing, on the other hand, regarding the RSA.

## RESPONSE TO DOCUMENT REQUEST NO. 17

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

**DOCUMENT REQUEST NO. 18**

> All Documents referring to any disparity or difference in treatment under the RSA, First Lien DIP Financing, Second Lien DIP Facility, Plan or any Plan Restructuring Documents between the holders of the EFIH 6.875% Notes or EFIH 10% Notes, on the one hand, and any of the EFIH Unsecured Noteholders, the Consenting Fidelity EFIH First Lien Noteholders, the Consenting Non-Fidelity EFIH First Lien Noteholders, the EFIH Second Lien Noteholders, Fidelity, or PIMCO on the other hand.

**RESPONSE TO DOCUMENT REQUEST NO. 18**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests. Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

**DOCUMENT REQUEST NO. 19**

> All Documents supporting or concerning the commitments for the EFIH First Lien DIP Financing and the EFIH Second Lien DIP Facility, including all drafts and all communications concerning the negotiation thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 19**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the

extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

**DOCUMENT REQUEST NO. 20**

> All Documents referring to any release, indemnification or exculpation to be obtained by the Ad Hoc Committee, any of its members, or the Representatives of any of the foregoing pursuant to any Plan or Plan Restructuring Documents.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

## DOCUMENT REQUEST NO. 21

All Documents referring or relating to the timing of (a) the commencement of the Bankruptcy Cases; (b) entry of any order of the Bankruptcy Court in the Bankruptcy Cases, including, but not limited to, any order regarding (i) the DIP Financing; (ii) the Applicable Premium under any of the EFIH 6.875% Indenture, the EFIH 10% Indenture or the EFIH Second Lien Indenture; (iii) the RSA; (iv) the EFIH First Lien Settlement; (v) the EFIH Second Lien Settlement; (vi) the EFIH First Lien Tender Offer; or (vii) the EFIH Second Lien Tender Offer; or (c) solicitation of approval of the EFIH First Lien Settlement or the EFIH Second Lien Settlement.

## RESPONSE TO DOCUMENT REQUEST NO. 21

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests. Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

## DOCUMENT REQUEST NO. 22

All Documents referring to or purporting to restrict the authority of the EFIH Debtors to enter into settlement agreements with any holder of EFIH 6.875% Notes, EFIH 10% Notes or the indenture trustee under either the EFIH 6.875% Indenture or the EFIH 10% Indenture.

**RESPONSE TO DOCUMENT REQUEST NO. 22**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

**DOCUMENT REQUEST NO. 23**

> All Documents referring to any tranche of debt in the capital structure of EFH or the EFIH Debtors as the "fulcrum" security or utilizing any similar term.

**RESPONSE TO DOCUMENT REQUEST NO. 23**

The Ad Hoc Committee objects to this Request because it seeks information that is neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to lead to the discovery of admissible evidence in connection with Makewhole Adversary Proceeding or the Contested Matters.  The Ad Hoc Committee further objects to this Request because it is vague and ambiguous with respect to use of the term "fulcrum" or "any similar term."  The Ad Hoc Committee further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time.

## DOCUMENT REQUEST NO. 24

All Documents referring to any fee to be paid to the Ad Hoc Committee, any member thereof, or any Representative of any of the foregoing pursuant to the RSA, the EFIH Second Lien DIP Facility or any Plan or Plan Restructuring Documents.

## RESPONSE TO DOCUMENT REQUEST NO. 24

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

## DOCUMENT REQUEST NO. 25

All Documents reflecting or referring to the calculation, estimation or determination of the amount of consideration to be received by the Ad Hoc Committee, its members, its Representatives or any member's  Representative on account of any EFH Unsecured  Notes, EFIH First Lien Notes, EFIH Second Lien Notes, EFIH  Unsecured Notes, TCEH First Lien Notes or any other security, debt instrument or obligation of any of EFH, the EFIH Debtors or  TCEH held by the Ad Hoc Committee or any of its members, pursuant to the RSA, the EFIH First Lien DIP Financing, the EFIH Second Lien DIP Facility, the Plan or any Plan Restructuring Documents.

**RESPONSE TO DOCUMENT REQUEST NO. 25**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

**DOCUMENT REQUEST NO. 26**

> All Documents referring to any differences between the EFIH 6.875% Indenture or the EFIH 10% Indenture, on the one hand, and the EFIH Second Lien Indenture or EFIH Senior Toggle Indenture, on the other hand, regarding any Applicable Premium, makewhole or similar obligation.

**RESPONSE TO DOCUMENT REQUEST NO. 26**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the

Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.

## DOCUMENT REQUEST NO. 27

> All non-privileged legal memoranda or presentations prepared by any Representative of any party referring to the payment of the Applicable Premium, makewhole or similar obligation under the EFIH 6.875% Indenture, the EFIH 10% Indenture, the EFIH Second Lien Indenture, or the EFIH Senior Toggle Indenture.

## RESPONSE TO DOCUMENT REQUEST NO. 27

The Ad Hoc Committee objects to this Request to the extent that it seeks Documents subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 28

> All Documents concerning or otherwise reflecting any names of parties who will receive any portion of the Execution Fee, Approval Fee, Arranger Fee Funding Cash Fee, Postpetition DIP Commitment Fees, Total Second Lien DIP Commitment Fees, Participation Fee, Closing Fee, Alternate Transaction Fee and Arrangement Payment referred to in the EFIH Second Lien DIP Motion.

**RESPONSE TO DOCUMENT REQUEST NO. 28**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

**DOCUMENT REQUEST NO. 29**

> All Documents concerning or otherwise reflecting any names of parties who are the Selected Parties and the Transferee Commitment Party as that term is defined in the EFIH First Lien Settlement Motion.

**RESPONSE TO DOCUMENT REQUEST NO. 29**

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad Hoc Committee will make themselves available to meet and confer to the extent that counsel for CSC Trust can identify any specific deficiencies in prior productions in connection with this Request.

## DOCUMENT REQUEST NO. 30

> All Documents concerning or otherwise reflecting any names of parties who are the Selected Partners, Postfunding Partners and Specified Consultants as that term is defined or used in the RSA or exhibits thereto.

## RESPONSE TO DOCUMENT REQUEST NO. 30

The Ad Hoc Committee objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to discover responsive Documents because it is not sufficiently limited in time. The Ad Hoc Committee also objects to this Request to the extent that it seeks Documents that are subject to the attorney-client privilege, work product doctrine, and/or common interest privilege.

The Ad Hoc Committee further objects to this Request because it is cumulative of the Informal Document Requests.  Specifically, in response to the Informal Document Requests, the Ad Hoc Committee has already produced all non-privileged Documents responsive to this Request, if any, from January 28, 2014 through the Petition Date between or among the Ad Hoc Committee and/or its advisors, on the one hand, and the Debtors, Fidelity, the EFH Equity Owners, and/or PIMCO, and/or each of their advisors, on the other hand.  Counsel for the Ad

Hoc Committee will make themselves available to meet and confer to the extent that counsel for

CSC Trust can identify any specific deficiencies in prior productions in connection with this

Request.

## DOCUMENT REQUEST NO. 31

> All Documents referring to any discussions or other communications concerning post-confirmation employment or engagement, whether or not such employment or engagement was ultimately agreed, by any of the Reorganized Debtors with any present or former directors, officers or management of the Debtors.

## RESPONSE TO DOCUMENT REQUEST NO. 31

The Ad Hoc Committee objects to this Request because it seeks information that is

neither relevant to the Makewhole Adversary Proceeding or the Contested Matters nor likely to

lead to the discovery of admissible evidence in connection with Makewhole Adversary

Proceeding or the Contested Matters.

Dated: June 2, 2014
      New York, NY

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:    */s/ Robert J. Boller*          
Ira S. Dizengoff
Stephen M. Baldini
Abid Qureshi
Robert J. Boller
Meredith A. Lahaie
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:    idizengoff@akingump.com
        sbaldini@akingump.com
        aqureshi@akingump.com
        rboller@akingump.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Scott L. Alberino
1333 New Hampshire Avenue
Washington, DC 20036-1564
Telephone:    (202) 887-4000
Facsimile:    (202) 887-4288
Email:    salberino@akingump.com

*Counsel for the Ad Hoc Committee of EFIH*
*Unsecured Noteholders*