**EXHIBIT E**



COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.

Warren A. Usatine
Member

Reply to New Jersey Office
Writer's Direct Line: 201-525-6233
Writer's Direct Fax: 201-678-6233
Writer's E-Mail: wusatine@coleschotz.com

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000    201-489-1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas

June 17, 2014

**Via email: rboller@akingump.com**

Robert J. Boller, Esq.
Akin, Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York  10036-6745

   Re: In re Energy Future Holdings Corp. et al.
      Case No. 14-10979

Dear Mr. Boller:

   I write to inform you of the deficiencies in the production of documents by the ad hoc committee of holders of 11.25%/12.25% unsecured senior toggle notes due December 1, 2018 issued pursuant to that certain Indenture, dated December 5, 2012, by and among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., as issuers, and UMB Bank, N.A., as successor trustee (the "Ad Hoc Noteholders' Committee") in response to CSC Trust Company of Delaware's First Set of Document Requests (the "Document Requests").  In that regard, reference is made to the Ad Hoc Committee of EFIH Unsecured Noteholders' Responses and Objections to CSC Trust Company of Delaware's First Set of Document Requests (the "Responses and Objections") and your letters dated May 15, 2014, May 20, 2014 and May 22, 2014.

   On the face of its Responses and Objections, the Ad Hoc Noteholders' Committee has wholesale refused to produce documents in response to several document requests.  By way of brief summary, those include requests for, among other things, documents concerning[1]:  (i) Oncor strategic business plans and financial projections; (ii) references to a "fulcrum" security in the Debtors' capital structure; (iii) matters relating to the RSA; (iv) matters relating to the valuation of EFIH; (v) matters relating to tax allocation agreements; and (vi) any potential or actual post-confirmation employment of any present or former directors, officers or management of the Debtors.

---

   [1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Document Requests.

Cole, Schotz, Meisel, Forman & Leonard, P.A.
                    Attorneys at law

Robert J. Boller, Esq.
June 17, 2014
Page 2


There are massive gaps in the types of documents produced.  The Ad Hoc Noteholders' Committee has excluded internal communication within any one of its members or amongst any two or more of its members.  There are no Bloomberg chat messages or other such electronic communications.  There is no legitimate basis upon which the Ad Hoc Noteholders' Committee has limited custodian searches to external domain names, has refused to produce internal communications or has entirely excluded significant modes of communication.

We also note certain apparent categorical exclusions of documents, such as underwriting memorandum for the investment positions taken by the members of the Ad Hoc Committee.

There also is no legitimate basis upon which the Ad Hoc Noteholders' Committee has objected to Instruction 14 in the Document Request or imposed limitations on the time periods for which a search was conducted or production made.  Significant discussions were had regarding EFIH dating back to at least April 2013, and in many such periods there is no possible claim of joint interest.

Moreover, to the extent an appropriate privilege is asserted for the withholding of documents, the Ad Hoc Noteholders' Committee must provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5) by a date that gives CSC sufficient time to examine and take any appropriate action with respect thereto.  Additionally, please provide immediately all legal authority for the blanket withholding of documents on the basis of a "common interest privilege" with the Debtors, with which position CSC disagrees.

Given the compressed schedule under which we are operating, and the commencement of depositions today with respect to some of the matters that are the subject of the Document Requests (and the expectation that depositions for the remaining topics would commence in early July), we require prompt receipt of the Ad Hoc Noteholders' Committee's responses to the foregoing deficiencies and the scheduling of a meet-and-confer by no later than June 18, 2014.  In the event the Ad Hoc Noteholders' Committee does not comply, please be advised that CSC intends to pursue relief as to all or any portion of the matters raised herein with the Bankruptcy Court.

52881/0001-10705431v3

Cole, Schotz, Meisel, Forman & Leonard, P.A.
                    Attorneys at law

Robert J. Boller, Esq.
June 17, 2014
Page 3

        All rights are expressly reserved.

                                        Very truly yours,

                                        */s Warren A. Usatine*


                                        Warren A. Usatine

WAU:cdc

Cole, Schotz, Meisel, Forman & Leonard, P.A.

52881/0001-10705431v3