**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**JOINT MOTION OF DEBTORS, AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND FIDELITY RESEARCH & MANAGEMENT CO. FOR LEAVE TO FILE LATE REPLIES IN RESPONSE TO ANTICIPATED OBJECTIONS TO CERTAIN MOTIONS SET FOR HEARING ON JUNE 30, 2014**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), together with the Ad Hoc Committee of EFIH Unsecured Noteholders (the "EFIH Ad Hoc Committee") and Fidelity Research & Management Co., on behalf of the funds or accounts advised or sub-advised by it ("Fidelity", together with the EFIH Ad Hoc Committee, the "Reply Parties") hereby file this joint motion for leave (the "Motion for Leave"), pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to file and serve replies (each a "Reply" and collectively, the "Replies"), beyond the deadline set forth in Local Rule 9006-1(d), in response to any objections (the "Objections") filed to certain motions set for hearing on June 30, 2014. In support of this Motion for Leave, the Debtors and the Reply Parties respectfully represent as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors and Reply Parties consent pursuant to rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief requested in this Motion for Leave is Local Rule 9006-1(d).

**Relief Requested**

3.      By this Motion for Leave, pursuant to Local Rule 9006-1(d), (i) the Debtors seek authority to file and serve Replies to the Operational Motions (as defined and set forth below) on or before 4:00 p.m. (Eastern Time) on June 27, 2014 and (ii) the Debtors and the Reply Parties seek authority to file and serve Replies to the Financing Motions[2] (as defined and set forth below) on or before 4:00 p.m. (Eastern Time) on June 27, 2014.[3]

**Background**

4.      The Debtors filed several motions that were scheduled originally to be heard in their entirety at the June 5, 2014 omnibus hearing, including the:

---

[2] The Reply Parties might not in fact file Replies to the Financing Motions.  However, out of an abundance of caution, the Reply Parties seek the relief requested herein in the event the Reply Parties are constrained to file Replies based on allegations, if any, raised in any objection to the Financing Motions.

[3] Although on its face, the language of Local Rule 9006-1(d) sets a deadline for *service* of a reply, rather than a deadline for *filing* a reply, the Debtors and the Reply Parties seek a waiver of the rule out of an abundance of caution to the extent that the Court believes that the rule should be read to set a deadline for *serving* a reply.

2

- *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Pay Certain Prepetition Compensation and Reimbursable Employee Expenses, (II) Pay and Honor Employee and Retiree Medical and Similar Benefits, and (III) Continue Employee and Retiree Benefit Programs, and (B) Modifying the Automatic Stay* [D.I. 25] (the "Employee Wages Motion");

- *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to Pay Prepetition Critical Vendor Claims* [D.I. 29] (the "Critical Vendor Motion");

- *Motion of Energy Future Holdings Corp., et al., for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Arrangements* [D.I. 41] (the "Hedging Motion"); and

- *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of Non-Insider Compensation Programs and (B) Continue the Non-Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis* [D.I. 468] (the "Non-Insider Compensation Motion"), together with the Employee Wages Motion, Critical Vendor Motion and Hedging Motion, the "Operational Motions").

5.     However, as set forth in the amended agenda filed in connection with the June 5 hearing [D.I. 822], the hearing on portions of the Operational Motions was continued to the hearing scheduled for June 30, 2014 at 9:30 a.m. (Eastern Time) (the "June 30 Hearing"). Specifically, the following relief requested in the Operational Motions was continued to the June 30 Hearing: (i) with respect to the Employee Wages Motion, the severance relief and independent director fees sought; (ii) with respect to the Hedging Motion, the relief sought related to proprietary trading transactions; (iii) with respect to the Non-Insider Compensation Motion, all relief requested other than in connection with the Key Leader Plan and Individual Bonus Payments (each as defined in the Non-Insider Compensation Motion) that come due on or before June 30, 2014; and (iv) final relief on the Critical Vendor Motion.

6. Further, the Debtors also filed the:

- *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Energy of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay* [D.I. 477] (the "EFIH Second Lien DIP Motion"); and

- *Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* [D.I. 472] (the "Settlement Motion", together with the EFIH Second Lien DIP Motion, the "Financing Motions", and the Financing Motions together with the Operational Motions, the "Motions"), each scheduled to be heard at the June 30 Hearing.

7. The Debtors have agreed to extend the objection deadline for the Office of the United States Trustee (the "U.S. Trustee") to the Critical Vendor Motion and those portions of the Operational Motions that will be heard at the June 30 Hearing to June 26, 2014 at 12:00 p.m. (Eastern Time). Further, the Debtors have agreed to extend the objection deadline to the EFIH Second Lien DIP Motion and the Settlement Motion (the latter solely with respect to the approval of the Second Lien Settlement (as defined in the Settlement Motion)) for all parties to June 24, 2014 at 12:00 p.m. See D.I. 1052. However, pursuant to Local Rule 9006-1(d), the Debtors' and the Reply Parties' deadline for filing a reply to any Objections would be 4:00 p.m. (Eastern Time) on June 25, 2014 absent the relief requested herein.

**Basis for Relief**

8. Pursuant to Local Rule 9006-1(d), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." See Del. Bankr. L.R. 9006-1(d).

9. The agenda for the June 30 Hearing is due by 12:00 p.m. (noon) (Eastern Time) on June 26, 2014. As noted above, Local Rule 9006-1(d) therefore requires that the Debtors and the Reply Parties file any reply with the Court on or before 4:00 p.m. (Eastern Time) on June 25, 2014.

4

However, the Debtors' extension of the objection deadline to the Operational Motions for the U.S. Trustee does not permit them to file a reply to any objection by the U.S. Trustee within the time frame provided by Local Rule 9006-1(d), and the extension of the objection to the Financing Motions provides the Debtors and the Reply Parties only approximately one (1) business day to prepare a Reply to any objections. Accordingly, absent leave of Court, the Debtors would be unable to file and serve Replies to any objection to the Operational Motions in full compliance with Local Rule 9006-1(d), and the Debtors and the Reply Parties would face significant difficulty complying with Local Rule 9006-1(d) in filing and serving Replies to any objections to the Financing Motions.

10. The Debtors and the Reply Parties submit that the Court should grant an extension of the time to file the Replies under Local Rule 9006-1(d). In attempting to resolve various issues raised with respect to the Motions, the Debtors extended the objection deadlines to the Motions. Notwithstanding the Debtors' best efforts to address such issues on an informal basis, the Debtors anticipate that the U.S. Trustee may file an objection to one or more of the Operational Motions, and the Debtors and the Reply Parties anticipate that parties in interest may file objections to the Financing Motions. The Replies are intended to update the Court as to the status of these objections and inform the Court of the Debtors' and the Reply Parties' responses thereto. Indeed, the Debtors and the Reply Parties believe that the Replies will provide the Court with further guidance in ruling on any such objections. Moreover, the Debtors and the Reply Parties believe that the extension of time to file and serve the Replies is warranted in light of the extensions of the objection deadlines granted by the Debtors to parties in interest, and that it would be inefficient and duplicative to prepare and file multiple replies in support of the same Motion. Finally, the Debtors and the Reply Parties believe that the Court's consideration of the Replies will help streamline argument on these matters at the June 30 Hearing.

**Consent to Relief**

11. The U.S. Trustee has no objection to the extension of the Debtors' and Reply Parties' deadline to file Replies by June 27, 2014 at 4:00 p.m. (Eastern Time). Further, the EFIH First Lien DIP Agent, the Trustee under the 10.00% EFIH First Lien Notes, PIMCO, the Trustee under the EFIH Second Lien Notes, the Ad Hoc Group of EFH Legacy Noteholders, the Trustee of the EFH Unsecured Notes, the Official Committee of Unsecured Creditors and the Ad Hoc Group of TCEH Unsecured Noteholders have each consented to the extension of the Debtors' and the Reply Parties' deadline to file Replies to June 27, 2014 at 4:00 p.m. (Eastern Time), as requested in this Motion for Leave.

**No Prior Request**

12. No prior request for the relief sought in this Motion for Leave has been made to this or any other court.

[Remainder of page intentionally blank]

WHEREFORE the Debtors and the Reply Parties respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A,** authorizing the Debtors and the Reply Parties to file and serve the Replies on or before June 27, 2014 at 4:00 p.m. (Eastern Time).

Dated:  June 24, 2014
          Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:           collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           richard.cieri@kirkland.com
                     edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           james.sprayregen@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*/s/ Mark D. Olivere*
**Cousins Chipman & Brown, LLP**
Scott D. Cousins (No. 3079)
Mark D. Olivere (No. 4291)
Ann N. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email:    cousins@ccbllp.com
          olivere@ccbllp.com
          kashishian@ccbllp.com

-and-

**Akin Gump Strauss Hauer & Feld LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Meredith Lahaie (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:    idizengoff@akingump.com
          mlahaie@akingump.com

Scott L Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue
Washington, DC 20036-1564
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email:    salberino@akingump.com

*Co-Counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders*

*/s/ Michael J. Joyce*
**Cross & Simon, LLC**
Michael J. Joyce (No. 4563)
Cross & Simon, LLC
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
Email: mjoyce@crosslaw.com

-and-

Brad Eric Scheler
Gary L. Kaplan
Matthew M. Roose
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Email: brad.eric.scheler@friedfrank.com
      gary.kaplan@friedfrank.com
      matthew.roose@friedfrank.com

*Counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates*