# Appendix A

## APPENDIX A

| Finding in Proposed Second Lien DIP Order | Nature of Objection |
|---|---|
| ¶ E(i) | Paragraph E(i) defines "Prepetition First Lien Note Obligations" as "all purported Obligations as defined in and under the EFIH First Lien Documents." However, "Obligations" in the 10% Indenture is a generic term for obligations for money borrowed. The correct defined term is "Note Obligations." |
| ¶ E(ii) | Paragraph E(ii) of the Proposed Second Lien DIP Order represents that "principal and accrued interest" have been paid and that the only outstanding claims are "disputed and unliquidated claims" subject to the reservation of rights. This provision is problematic for three reasons. First, the order should read, "principal and certain accrued interest" have been paid, since it does not include Additional Interest as a disputed item. Second, interest on the June interest payment has not been paid. Third, it is inaccurate to state that all unpaid amounts are in dispute. The 10% Indenture Trustee is owed attorney's fees and costs, as well as interest on interest, for the June interest payment, and the EFIH Debtors have failed to articulate any basis for stating that these amounts are in dispute. |
| ¶ E(vi) | By referencing the Second Lien Settlement Order, Paragraph E(vi) assumes that the Second Lien Settlement has been approved. This provision will be problematic in the event the Second Lien Settlement is not approved prior to entry of the Proposed Second Lien DIP Order. |
| ¶ G(iii) | Paragraph G(iii) is a finding that no credit is available on more favorable terms. This finding is problematic in that it fails to disclose the competing Second Lien DIP proposal made by certain holders of the 10% Notes, which is on more favorable terms to the EFIH Debtors, or any other Second Lien DIP proposals. |
| ¶¶ J(iii), J(iv) | Paragraphs J(iii) and J(iv) include findings that the tender offer and opt-in period in respect of the Second Lien Settlement do not constitute solicitation on a plan of reorganization. For the reasons set forth in this Objection with respect to the Second Lien Settlement constituting an impermissible *sub rosa* plan of reorganization, these findings are objectionable. |
| ¶ 8(a) | Paragraph 8(a) of the Proposed Second Lien DIP Order refers to the EFIH Second Lien DIP Loan as having a "second-priority" security interest in property that, as of the Petition Date, is not subject to valid, perfected and non-avoidable liens, including cash. Because the Collateral securing the Note Obligations under the |

| | |
|---|---|
| | 10% Indenture includes Oncor stock as well as proceeds of Oncor stock, which includes dividends paid on such stock (including proceeds that may arise post-petition), it is simply inaccurate to state that the liens securing the Note Obligations under the 10% Indenture are determined as of the Petition Date.  This finding needs to be modified to preserve the acknowledged priority of liens securing the Note Obligations under the 10% Indenture. |
| ¶ 8 | To preserve the priority established by the Collateral Trust Agreement, paragraph 8 should include a new subsection (e) as follows:<br><br>"Notwithstanding anything to the contrary in the Intercreditor Agreement or any perfection by possession, control or otherwise of any EFIH DIP Collateral, the EFIH Second Priority Liens shall be subject and junior to the Carve Out, the Prepetition EFIH First Priority Liens, the Prepetition EFIH Second Priority Liens, and the Permitted Prior Liens and any application of proceeds of EFIH DIP Collateral payable to the EFIH Second Lien DIP Agent pursuant to § 3.4 of the Intercreditor Agreement shall take such lien priorities into account." |
| ¶¶ 13, 14 | Paragraphs 13 and 14 of the Proposed Second Lien DIP Order provide that the EFIH Second Lien Repayment and EFIH Second Lien Settlement are to be paid directly by EFIH to DTC.  As discussed above, this payment is in contravention of the Second Lien Indentures, which require that payment be made to the Second Lien Trustee. |
| ¶ 16 | Paragraph 16 gives the EFIH Debtors broad authority to make material modifications to the EFIH Second Lien DIP Documents absent court approval and with notice only to the United States Trustee and Official Committee of Unsecured Creditors.  The 10% Indenture Trustee should have notice and an opportunity to object to a modification of fees payable under the EFIH Second Lien DIP Documents, or other material modifications, and such modifications should be subject to approval of this Court. |
| ¶ 17 | Paragraph 17 of the Proposed Second Lien DIP Order states that the Budget (as defined therein) is to be provided to the EFIH Second Lien DIP Agent.  Any Budget and other reporting should also be provided to the 10% Indenture Trustee. |