IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>*Debtors.* | ) Chapter 11<br>) <br>) Case No. 14-10979 (CSS)<br>) <br>) (Jointly Administered)<br>) <br>) **Related to Docket No. 1068** |

**MOTION TO FILE OBJECTION OF CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE AND COLLATERAL TRUSTEE, TO DEBTORS' (A) MOTION TO APPROVE SECOND-LIEN POST-PETITION FINANCING, REDEEM SECOND LIEN NOTES, AND DETERMINE SECURED CLAIM AND (B) MOTION TO APPROVE CERTAIN EFIH SETTLEMENTS UNDER SEAL**

CSC Trust Company of Delaware ("CSC Trust"), as (i) Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% Notes" and the holders of such notes, the "10% Noteholders") issued by the EFIH Debtors (as defined below) under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), and (ii) as Collateral Trustee (the "Collateral Trustee") under that certain Collateral Trust Agreement, dated as of November 16, 2009, among EFIH, CSC Trust, as successor first lien trustee (the "First Lien Trustee"), the other Secured Debt Representatives from time to time party thereto,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

and CSC Trust, as successor Collateral Trustee (the "Collateral Trust Agreement"), hereby submits this motion (the "Motion") for entry of an order pursuant to sections 105 and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing CSC Trust to file the Objection of CSC Trust Company of Delaware, as Indenture Trustee and Collateral Trustee, to Debtors' (A) Motion to Approve Second-Lien Post-Petition Financing, Redeem Second Lien Notes, and Determine Secured Claim and (B) Motion to Approve Certain EFIH Settlements (the "Objection") under seal. In support of this Motion, CSC Trust represents as follows:

## BACKGROUND TO MOTION

1.  Concurrently with the filing of this Motion, CSC Trust is filing the redacted Objection.[2] The Objection contains information obtained from deposition testimony of Paul Keglevic and David Ying adduced in connection with the EFIH Second Lien DIP Motion and Second Lien Settlement Motion (as defined in the Objection). The EFIH Debtors have designated the entirety of the deposition transcripts as confidential. Additionally, CSC Trust attached as an exhibit emails that the EFIH Debtors and another party produced in discovery marked as "confidential" or "highly confidential." CSC Trust does not believe that any of the testimony or exhibits are "confidential." Pursuant to an agreement by the parties to abide by a draft protective order concerning discovery pending negotiation and entry of the protective order, CSC Trust is required to file under seal the information designated as confidential. CSC Trust

---

[2] Capitalized terms not defined in this Motion shall have the meaning given to them in the Objection.

has redacted the citations of the deposition testimony in the Objection filed on the docket and has filed the referenced transcripts and exhibits (the "Exhibits") under seal.[3]

## RELIEF REQUESTED

2. By this Motion, CSC Trust respectfully requests that this Court enter an order authorizing CSC Trust to file the unredacted Objection, including the Exhibits, under seal and directing that the unredacted Objection remain under seal, confidential, and not be made available to anyone, except counsel for the EFIH Debtors and the Office of the United States Trustee except as otherwise ordered by the Court or permitted by the EFIH Debtors.[4]

## BASIS FOR RELIEF REQUESTED

3. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

4. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides, in part, that "[o]n motion or on its

---

[3] CSC Trust reserves all rights to seek relief from the Bankruptcy Court to unseal the information designated by the EFIH Debtors as "confidential."

[4] A copy of the unredacted Objection will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

5. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d at 27.

6. The information redacted from the Objection is deposition testimony and emails that the EFIH Debtors and another party have designated as "confidential" or "highly confidential." Although CSC Trust disagrees with this characterization, the EFIH Debtors have insisted that CSC Trust redact any deposition testimony filed with the Court. In accordance with the agreement of the parties pending entry of a stipulated protective order, CSC Trust is required to file under seal the materials designated as "confidential."

7. In accordance with these confidentiality obligations, CSC Trust requests that the Objection and Exhibits be filed under seal. In light of the EFIH Debtors' insistence to file the redacted information under seal, CSC Trust expects that the EFIH Debtors do not object to the relief sought herein.

## **NOTICE**

8.  Notice of this Motion will be provided by electronic mail and first class mail to: (a) the EFIH Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; and (d) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, CSC Trust submits that no other or further notice is necessary.

WHEREFORE, CSC Trust respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing CSC Trust to file the Objection, including the Exhibits, under seal and granting such other and further relief as is justified and proper.

Dated: June 24, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Nicholas J. Brannick (No. 5721)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117

Warren A. Usatine
25 Main Street
P.O. Box 800
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile: 201-489-1536

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141

*Counsel for CSC Trust Company of Delaware,
as successor indenture trustee*