## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                        :    Chapter 11
                                              :
Energy Future Holdings, Inc., et al.,         :    Case No. 14-10978 (CSS)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :    Related Docket Nos. 1066, 1067, 1070
----------------------------------------------------------- x
```

### MOTION TO FILE UNDER SEAL UNREDACTED VERSIONS OF:
### (I) OBJECTION TO DEBTORS' MOTION TO APPROVE SECOND LIEN
### SETTLEMENT; (II) OBJECTION TO DEBTORS' MOTION TO APPROVE
### SECOND LIEN DIP; AND (III) DECLARATION OF TODD R. SNYDER

Computershare Trust Company, N.A. and Computershare Trust Company of

Canada, as indenture trustee (the "**Indenture Trustee**") for $2,156,392,000 aggregate principal

amount of second lien notes (the "**Second Lien Notes**" and the holders thereof the "**Second Lien**

**Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance

Inc. (collectively, "**EFIH**"), and certain Second Lien Noteholders (the "**EFIH Second Lien**

**Group**"),[1] by and through their undersigned counsel, hereby file this motion (the "**Motion**") for

entry of an order pursuant to sections 105 and 107(b) of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 9014-1(b) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**"), authorizing the Indenture Trustee and EFIH Second Lien Group

to file unredacted versions of the following documents under seal: (i) the Indenture Trustee and

EFIH Second Lien Group Objection to Debtors' Motion to Approve Second Lien Settlement (the

"**Settlement Objection**"); (ii) the Indenture Trustee and EFIH Second Lien Group Objection to

---

[1] A 2019 statement for the EFIH Second Lien Group will be filed shortly.

Debtors' Motion to Approve the Second Lien DIP (the "**DIP Objection**" and, collectively with the Settlement Objections, the "**Objections**"); and (iii) the Declaration of Todd R. Snyder filed in support of the Objections (the "**Snyder Declaration**").    In support of this Motion, the Indenture Trustee and EFIH Second Lien Group represent as follows:

## BACKGROUND TO MOTION

1.      Prior to the filing of this Motion, the Indenture Trustee and EFIH Second Lien Group have filed the redacted Objections and the Snyder Declaration.[2]  The Objections and Snyder Declaration contains information obtained from documents and information provided to counsel for the Indenture Trustee and the EFIH Second Lien Group by the EFIH Debtors.  The EFIH Debtors have designated certain of the information provided as confidential.    The Indenture Trustee and EFIH Second Lien Group have redacted certain portions of the Objections and the Snyder Declaration filed on the docket in accordance with the EFIH Debtors' designation of such information as confidential.[3]

## RELIEF REQUESTED

2.      By this Motion, the Indenture Trustee and EFIH Second Lien Group request that this Court enter an order authorizing the Indenture Trustee and EFIH Second Lien Group to file the unredacted versions of the Objections and the Snyder Declaration under seal and directing that the unredacted versions of the Objections and Snyder Declaration remain under seal, confidential, and not be made available to anyone, except counsel for the EFIH

---

[2]   Capitalized terms not defined in this Motion shall have the meaning given to them in the Objections.

[3]   The Indenture Trustee and EFIH Second Lien Group reserve all rights to seek relief from the Bankruptcy Court to unseal the information designated by the EFIH Debtors as "confidential" or "highly confidential."

DOCS_DE:193961.2 23731/001

Debtors except as otherwise directed by the Bankruptcy Code, ordered by the Court or permitted by the EFIH Debtors.[4]

### BASIS FOR RELIEF REQUESTED

3.      Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

4.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

---

[4]   A copy of the unredacted Objection will be submitted to the Court in a separate prominently marked envelope pursuant to Local Rule 9018-1(b).

DOCS_DE:193961.2 23731/001

5.      If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *accord In re Global Crossing, Ltd.*, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003).   Put otherwise, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause."   *Orion Pictures*, 21 F.3d at 28.   "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).   Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.   Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

6.      "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'"—is one category of information within the scope of section 107(b) of the Bankruptcy Code.   *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.   *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by

the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

7.      The information redacted from the Objections and the Snyder Declaration is derived from documents that the EFIH Debtors have designated as "confidential" or "highly confidential."   In accordance with the EFIH Debtors' designation, the Indenture Trustee and EFIH Second Lien Group request  that  the unredacted version of the Objections and the Snyder Declaration be filed under seal.  The Indenture Trustee and EFIH Second Lien Group expect that the EFIH Debtors will not object to the relief sought herein.

## **NOTICE**

8.      Notice of this Motion will be provided by electronic mail and first class mail to: (a) the EFIH Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; and (d) all parties having requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested herein, the Indenture Trustee and EFIH Second Lien Group submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the reasons set forth above, the Indenture Trustee and EFIH Second Lien Group respectfully request that this Court enter an order, substantially in the form attached hereto, authorizing the Indenture Trustee and EFIH Second Lien Group to file the unredacted versions of the Objections and the Snyder Declaration under seal, and granting such other and further relief as is justified and proper.

Dated: June 24, 2014         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
      rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Philip Bentley
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
      pbentley@kramerlevin.com
      jbrody@kramerlevin.com

*Counsel to the EFIH Second Lien Group and
the Indenture Trustee*
      *- and -*

DOCS_DE:193961.2 23731/001

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the Indenture Trustee*