IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Related to Docket No. 1072 |

**MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE
PERIOD WITH RESPECT TO MOTION TO FILE OBJECTION OF
CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE
AND COLLATERAL TRUSTEE, TO DEBTORS' (A) MOTION TO APPROVE
SECOND-LIEN POST-PETITION FINANCING, REDEEM SECOND LIEN
NOTES, AND DETERMINE SECURED CLAIM AND (B) MOTION
TO APPROVE CERTAIN EFIH SETTLEMENTS UNDER SEAL**

CSC Trust Company of Delaware ("CSC Trust"), as (i) Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% Notes" and the holders of such notes, the "10% Noteholders") issued by the EFIH Debtors (as defined below) under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), and (ii) as Collateral Trustee (the "Collateral Trustee") under that certain Collateral Trust Agreement, dated as of November 16, 2009, among EFIH, CSC Trust, as successor first lien trustee (the "First Lien Trustee"), the other Secured Debt Representatives from time to time party thereto, and CSC Trust, as successor Collateral Trustee (the "Collateral Trust Agreement"), hereby

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

submits this motion (the "Motion") for entry of an order setting an expedited hearing for and shortening the notice period on the Motion to File Objection (the "Objection") of CSC Trust Company of Delaware, as Indenture Trustee and Collateral Trustee, to Debtors' (A) Motion to Approve Second-Lien Post-Petition Financing, Redeem Second Lien Notes, and Determine Secured Claim and (B) Motion to Approve Certain EFIH Settlements Under Seal (the "Motion to Seal")[2] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In further support hereof, CSC Trust respectfully represents as follows:

### Relief Requested and Basis for Relief

1.  By this Motion, CSC Trust respectfully requests the entry of an Order shortening the notice period and setting the Motion to Seal for hearing on June 30, 2014 at 9:30 a.m. and establishing a shortened deadline for responding to the Motion to Seal.

2.  Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).  Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced").  This authorization is also expressed in Local Rule 9006-1(e), which provides that the

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion to Seal.

2

Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

3. The facts justify shortening notice and the relief requested herein should be granted. By the Motion to Seal, CSC Trust seeks entry of an order authorizing it to file the unredacted Objection and accompanying Exhibits under seal. Because the Objection relates to a motion scheduled for hearing on June 30, 2014 at 9:30 a.m., CSC Trust submits that the Motion to Seal should be heard on, or prior to, the June 30 hearing. A delay in scheduling the Motion to Seal until the next regularly scheduled omnibus hearing on July 18, 2014 would result in a hearing date after the hearing on the underlying Objection.

4. Moreover, CSC Trust submits that no one will be prejudiced by a hearing on shortened notice, nor surprised by the Motion to Seal seeking to file the Objection in redacted form and seeking to file the transcripts under seal because the EFIH Debtors have designated the entirety of the deposition transcripts as confidential. Consequently, CSC Trust submits that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

### Notice

5. To ensure that all parties receive timely notice, notice of this Motion will be provided by electronic mail and first class mail to: (a) the EFIH Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; and (d) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, CSC Trust submits that no other or further notice is necessary.

WHEREFORE, CSC Trust respectfully requests that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing on the Motion to Seal on June 30, 2014 at 9:30 a.m. (prevailing Eastern Time); (ii) permitting responses or objections to the Motion to Seal to be presented at the hearing; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 24, 2014

| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. | DRINKER BIDDLE & REATH LLP |
|---|---|
| | James H. Millar |
| | 1177 Avenue of the Americas |
| | 41st Floor |
| | New York, NY 10036-2714 |
| By: /s/ J. Kate Stickles | Telephone: 212-248-3264 |
| Norman L. Pernick (No. 2290) | Facsimile: 212-248-3141 |
| J. Kate Stickles (No. 2917) | |
| Nicholas J. Brannick (No. 5721) | |
| 500 Delaware Avenue, Suite 1410 | |
| Wilmington, DE 19801 | |
| Telephone: 302-652-3131 | |
| Facsimile: 302-652-3117 | |

Warren A. Usatine
25 Main Street
P.O. Box 800
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile: 201-489-1536

Counsel for CSC Trust Company of Delaware
as successor indenture trustee

4