IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br>Re: Docket No 1071 |

## MOTION OF AD HOC GROUP OF EFH LEGACY NOTEHOLDERS TO SEAL THE OBJECTION TO APPROVAL OF PROPOSED SECOND LIEN FINANCING AND MAKEWHOLE SETTLEMENT

The Ad Hoc Group of EFH Legacy Noteholders, by its undersigned counsel, hereby files this motion (the "Motion to Seal") pursuant to 11 U.S.C. §§ 107(b) and 105(a), and Del. Bankr. L.R. 9018-1 for an Order permitting the Ad Hoc Group of EFH Legacy Noteholders to file, under seal, an unredacted copy of the *Ad Hoc Group of EFH Legacy Noteholders' Objection to Approval of Proposed Second Lien Financing and Makewhole Settlement* (the "Objection"). In support of this Motion to Seal, the Ad Hoc Group of EFH Legacy Noteholders states as follows:

### BACKGROUND

1. On April 29, 2014 (the "Petition Date"), the above captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

2. The Debtors and certain of their stakeholders entered into a Restructuring Support and Lock-Up Agreement, dated April 29, 2014 (the "RSA"). As contemplated in the RSA, the Debtors have filed several related motions, including the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition*

*Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry Into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay*, filed May 15, 2014 [Docket No. 477] (the "Second Lien DIP Motion") and the *Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment*, filed May 15, 2014 [Docket No. 472] (the "Settlement Motion" and, with the Second Lien DIP Motion, the "Motions").

3. On May 28, 2014, the Debtors filed the *Re-Notice of Motions and Hearing* [Docket No. 626] (the "Re-Notice") setting a hearing on certain relief requested by the Motions for June 30, 2014.[1]

4. Since the filing of the Motions, the parties have engaged in substantial discovery, some or all of which will be presented to the Court in connection with the parties' briefing and the hearing on the Motions. Prior to engaging in such discovery, the parties entered into a Confidentiality Agreement and Stipulated Protective Order (the "Confidentiality Agreement") governing the provision of documents and testimony in connection with the Motions.

5. The Confidentially Agreement requires that the Ad Hoc Group of EFH Legacy Noteholders file portions of filings that disclose confidential information under seal. The Confidentiality Agreement provides as follows:

> This Order applies to all information, documents and things exchanged in or subject to discovery . . . in response to or in connection with any Discovery Requests.

Confidentiality Agreement at ¶ 3.

---

[1] The Debtors have agreed to extend the objection deadline for the Motions to June 24, 2014 at 12:00 noon for the Ad Hoc Group of EFH Legacy Noteholders.

> Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery material, "Designated Material") . . . .

Confidentiality Agreement at ¶ 7.

> Any document containing Designated Material that is submitted to or filed with the Court shall be filed under seal (or redacted to remove Designated Material). Only those portions of filings with the Court that disclose Designated Material shall be filed under seal (or redacted to remove Designated Material).

Confidentiality Agreement at ¶ 15.

## RELIEF REQUESTED

6. The Ad Hoc Group of EFH Legacy Noteholders respectfully requests entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Ad Hoc Group of EFH Legacy Noteholders to file an unredacted version of the Objection under seal. The Objection contains information that has been designated by the parties to the Confidentiality Agreement as "Confidential Material" and, pursuant to the Confidentiality Agreement, should be filed under seal.

## APPLICABLE LAW

7. Section 107(b)(1) of the Bankruptcy Code provides in relevant part that, on request of a party in interest, the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). In turn, Rule 9018 of the Federal Rules of Bankruptcy Procedure provides that the Court may make any order "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

8. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure,

section 107(b) of the Bankruptcy Code does not require an entity seeking its protection to demonstrate "good cause." *See, e.g., Michaelson v. Farmer (In re Appleseed's Intermediate Holdings, LLC)*, 470 B.R. 289, 304 (D. Del. 2012) (noting that section 107(b) and Bankruptcy Rule 9018 "do not require a showing of good cause"); *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original) (citations omitted); *see also In re ACandS, Inc.*, 462 B.R. 88, 101 n.21 (Bankr. D. Del. 2011) ("Under §107, the strength of the public's interest in a particular judicial record is irrelevant; if the exception pertains, the bankruptcy court must issue a protective order on a motion by the affected person or party") (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 431 (9th Cir. 2011)).

9. Therefore, in compliance with the Confidentiality Agreement, the Ad Hoc Group of EFH Legacy Noteholders seeks the approval of this Court to file an unredacted copy of the Objection under seal.

10. To ensure that the rights of potentially interested parties are protected, the Ad Hoc Group of EFH Legacy Noteholders will provide a copy of the Objection and related exhibits in confidence to this Court, counsel for the Debtors and counsel for the parties to the Confidentiality Agreement.

11. If this Court is not inclined to authorize filing the Objection under seal, the Ad Hoc Group of EFH Legacy Noteholders respectfully requests that this Court issue an order upon

4

which they may rely in publicly filing the Objection.

WHEREFORE the Ad Hoc Group of EFH Legacy Noteholders respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (a) authorizing the Ad Hoc Group of EFH Legacy Noteholders to file an unredacted version of the Objection under seal; and (b) granting the Ad Hoc Group of EFH Legacy Noteholders such other and further relief as the Court deems appropriate.

Dated: June 24, 2014
      Wilmington, Delaware

THE HOGAN FIRM

By: *Garvan F. McDaniel*
Garvan F. McDaniel, Esq. (DE #4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
Email: gfmcdaniel@dkhogan.com

– and –

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Daniel A. Fliman, Esq.
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: drosner@kasowitz.com
       aglenn@kasowitz.com
       dfliman@kasowitz.com

*Counsel to the Ad Hoc Group of EFH Legacy Noteholders*