## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE CERTAIN EXHIBITS UNDER SEAL PURSUANT TO 11 U.S.C. § 107, FED. R. BANKR. P. 9018, AND DEL. BANKR. L.R. 9018-1 REGARDING THE DECLARATION OF TODD M. GOREN IN SUPPORT OF THE OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) THE MOTION OF ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE INC. FOR ENTRY OF AN ORDER (A) APPROVING POSTPETITION SECOND LIEN FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) AUTHORIZING THE USE OF CASH COLLATERAL, (D) AUTHORIZING THE EFIH SECOND LIEN REPAYMENT, (E) AUTHORIZING ENTRY INTO AND PAYMENT OF FEES UNDER THE COMMITMENT LETTER, AND (F) MODIFYING THE AUTOMATIC STAY AND (II) THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF ORDERS APPROVING CERTAIN EFIH SETTLEMENTS AND THE ONCOR TSA AMENDMENT

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases of Energy Future Holdings Corp. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") files the *Motion of the Official Committee of Unsecured Creditors to File Certain Exhibits Under Seal Pursuant to 11 U.S.C. § 107, FED. R. BANKR. P. 9018, and DEL. BANKR. L.R. 9018-1 Regarding the Declaration of Todd M. Goren in Support of the Omnibus Objection of the Official Committee of Unsecured Creditors to (I) the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

*Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay, and (II) the Motion of Energy Future Holdings Corp. et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* (the "Motion").  In support of this Motion, the Committee respectfully states as follows:

### Background

1.    On April 29, 2014, each of the Debtors filed voluntary petitions with the Court under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On May 15, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp. et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* [Docket No. 472].

3.    On May 15, 2014, the Debtors filed the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay* [Docket No. 477].

### Relief Requested

4.    The Committee has contemporaneously filed the *Omnibus Objection of the Official Committee of Unsecured Creditors to (I) the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition*

48276230.1

*Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay, and (II) the Motion of Energy Future Holdings Corp. et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* (the "**Objection**"), which objects to certain relief requested by the Debtors.

5.     The Committee requests authority, pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, to file certain exhibits to the Declaration of Todd M. Goren in Support of the Objection (the "<u>Goren Declaration</u>"), filed contemporaneously herewith, under seal.

6.     Bankruptcy Code section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

7.     Bankruptcy Rule 9018 sets forth the procedure by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

FED. R. BANKR. P. 9018.

48276230.1

8.       Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public); *see also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

9.       Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Orion*, 21 F.3d at 28 (to invoke section 107(b)(1), a party has to show only that the information it wishes to seal is "confidential commercial" in nature); *In re Los Angeles Dodgers LLC*, Case No. 11-12010 (KG) (Bankr. D. Del. Oct. 12, 2011) [Docket No. 613] (allowing the movant to file under seal documents that were provided by the debtor on a confidential basis).

10.      Certain of the exhibits attached to the Goren Declaration (the "Confidential Goren Declaration Exhibits") contain information that the Debtors have designated as confidential,[2] including deposition transcripts and a presentation made to the Boards of Managers and Directors of EFIH and EFIH Finance, Inc., which was produced by the Debtors to the Committee, regarding alternative proposals to the EFIH Second Lien DIP (as defined in the Objection). The Committee therefore requests that the Court permit the Committee to file the Confidential Goren Declaration Exhibits under seal.

11.    The Committee intends to provide copies of the Confidential Goren Declaration Exhibits and an unredacted copy of the Objection to proposed counsel for the Debtors, the Office of the United States Trustee for the District of Delaware, and the Court.

## Notice

12.    The Committee shall provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) Wilmington Trust, N.A,, in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 630% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EMI legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel

---

[2] By filing this Motion to Seal, the Committee is not agreeing to the Debtors' designations of certain information as confidential, and hereby expressly reserves all rights to object to or otherwise challenge Debtors' confidentiality

48276230.1

thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 1025% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EMI debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas/PUC; (x) counsel to the Electric Reliability Council of Texas/ERCOT; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

---

designations in the future.

48276230.1

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests

entry of an Order granting the relief requested herein and such other and further relief as is just

and proper.

Dated: Wilmington, Delaware
       June 24, 2014

           **MORRISON & FOERSTER LLP**
           James M. Peck
           Todd M. Goren
           Erica J. Richards
           Samantha Martin
           250 West 55th Street
           New York, New York 10019-9601
           Telephone:  (212) 468-8000
           Facsimile:  (212) 468-7900
           E-mail:  jpeck@mofo.com
                   tgoren@mofo.com
                   erichards@mofo.com
                   smartin@mofo.com

                -and-

           */s/ Christopher A. Ward*
           Christopher A. Ward (Del. Bar No. 3877)
           Justin K. Edelson (Del. Bar No. 5002)
           Shanti M. Katona (Del. Bar No. 5352)
           **POLSINELLI PC**
           222 Delaware Avenue, Suite 1101
           Wilmington, Delaware 19801
           Telephone: (302) 252-0920
           Facsimile:  (302) 252-0921
           E-mail:  cward@polsinelli.com
                  jedelson@polsinelli.com
                  skatona@polsinelli.com

           *Proposed Counsel for The Official*
           *Committee of Unsecured Creditors of*
           *Energy Future Holdings Corp., et al.*

48276230.1