IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 1083** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
WILMINGTON SAVINGS FUND SOCIETY, FSB TO FILE UNDER SEAL ITS
JOINDER TO CERTAIN OBJECTIONS TO (I) THE MOTION OF ENERGY FUTURE
INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE INC. FOR
ENTRY OF AN ORDER (A) APPROVING POSTPETITION SECOND LIEN
FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS, (C) AUTHORIZING THE USE OF CASH
COLLATERAL, (D) AUTHORIZING THE EFIH SECOND LIEN REPAYMENT,
(E) AUTHORIZING ENTRY INTO AND PAYMENT OF FEES UNDER THE
COMMITMENT LETTER, AND (F) MODIFYING THE AUTOMATIC STAY
AND (II) THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL.,
FOR ENTRY OF ORDERS APPROVING CERTAIN EFIH SETTLEMENTS
AND THE ONCOR TSA AMENDMENT**

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (the "Indenture"), by and through its undersigned counsel, respectfully submit this motion (the "Motion to Seal"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an Order, substantially in the form attached hereto as **Exhibit A**, authorizing WSFS to file its *Joinder to Certain Objections to (I) the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of an*

{00870259;v3 }

*Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry Into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay and (II) the Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* (the "Joinder") under seal.

1. By this Motion to Seal, WSFS respectfully requests that the Court enter an Order authorizing WSFS to file its Joinder under seal. WSFS also seeks an Order directing that the unsealed version of its Joinder not be made available to anyone except the Court, the Office of the United States Trustee (the "U.S. Trustee"), counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, and others only upon further Order of the Court.

2. Prior to the filing of this Motion to Seal, WSFS has filed a redacted version of its Joinder [Docket No. 1083]. WSFS's Joinder makes reference to certain deposition testimony that the EFIH Debtors[1] have designated as "confidential." Therefore, WSFS has redacted certain portions of its Joinder filed on the docket in accordance with the EFIH Debtors' designations.

3. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue Orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

4. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in WSFS's Joinder.

section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

5. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Local Rule 9018-1(b) requires that a party seeking to file documents under seal file a motion to that effect. DEL. BANKR. L.R. 9018-1(b).

6. In its Joinder, WSFS makes reference to certain deposition testimony that the EFIH Debtors have designated as "confidential." As such, the Joinder contains information that falls within the scope of section 107(b)(1). Therefore, it is necessary for WSFS to file its Joinder under seal to prevent disclosure of the EFIH Debtors' confidential information.

7. Accordingly, WSFS submits that filing its Joinder under seal is appropriate under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

8. If the Court grants the relief sought herein, unsealed copies of WSFS's Joinder will be disclosed only to the Court, counsel to the U.S. Trustee, counsel to the EFIH Debtors, counsel to the Official Committee of Unsecured Creditors, and others only upon further order of the Court.

9. No previous request for the relief requested herein has been made to this Court or

any other court.

10. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) the Debtors; (c) the Official Committee of Unsecured Creditors, and (d) those parties who have requested service pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1. In light of the nature of the relief requested herein, WSFS submits that no other or further notice need be provided.

**WHEREFORE**, for the reasons set forth above, WSFS respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief that the Court deems just and proper.

Dated: June 24, 2014  
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

_/s/ William P. Bowden_  
William P. Bowden [I.D. No. 2553]  
Gregory A. Taylor [I.D. No. 4008]  
500 Delaware Avenue  
P.O. Box 1150  
Wilmington, Delaware 19899  
Telephone: (302) 654-1888  
Facsimile: (302) 654-2067

- and -

BROWN RUDNICK LLP  
Edward S. Weisfelner (admitted pro hac vice)  
Seven Times Square  
New York, New York 10036  
Telephone: (212) 209-4800  
Facsimile: (212) 209-4801

- and –

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee*