## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |

### NOTICE OF MOTION

Please take notice that the attached Motion of Gabriel Roberson for Relief from Stay will be presented on July 18th 2014 at 9:30 AM in Courtroom 6, 5th Floor, before the Honorable Christopher S. Sontchi. The deadline for objections is July 15th, 2014 at 5 PM.

THE BAILEY LAW FIRM

/s/ James F. Bailey
James F Bailey, Esq.
3 Mill Rd., Suite 306A
Wilmington DE 19806
302-658-5686
JBailey@JFBailey.com
Attorney for Gabriel Roberson

June 25, 2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : | Chapter 11 |
|---|---|---|
| ENERGY FUTURE HOLDINGS CORP., | : | Case No. 14-10979 (CSS) |
| Debtors. | : | (Jointly Administered) |

## AMENDED MOTION OF GABRIEL ROBERSON FOR RELIEF FROM AUTOMATIC STAY

Gabriel Roberson, by and through his undersigned counsel, by way of Motion for an Order Granting Relief from the Automatic Stay hereby states as follows:

1. On April 29, 2014, debtor filed a voluntary petition for Relief under Chapter 11 of the United States Bankruptcy Code 11 U. S. C. section 101, *et seq.* (The "Bankruptcy Code").

2. By operation of law, the Court entered an order automatically staying all proceedings.

3. On September 11, 2013, plaintiff, Gabriel Roberson, filed a Petition against Fluor Enterprises, Inc. and Luminant Generation Company, LLC, defendants. The action was filed in the 4th District Court in and for Rusk County, Texas as Cause Number 2013-309. Defendants answered, through counsel, generally denying the material allegations of the Petition.

4. Plaintiff, Gabriel Roberson filed an Amended Original Petition on or about February 14, 2014 which was essentially the same cause of action, arising out of the same accident, involving the same parties as hereinabove stated and clarifying nomenclature.

5.      The Texas action arose out of an accident which occurred on or about May 9, 2013 involving (plaintiff in the underlying Texas action and Petitioner herein), Gabriel Roberson, working as an inspector for Merritt Safety at the Luminant power plant located at Martin Creek Lake in Ross County, Texas. While conducting his job in a poorly lit area of the power plant, Mr. Roberson became tangled in welding leads and fell. As a direct and proximate result of this fall, Mr. Roberson sustained severe injuries. (A copy of the Original Complaint and the Amended Complaint are attached hereto as exhibits.)

6.      As set forth below, plaintiff and movant herein respectfully requests an order permitting him to proceed with his claim against debtor and the other defendants in the Texas litigation. Plaintiff, and movant herein, agrees to limit recovery on any judgment against debtor solely to the proceeds of any insurance policy or insurance policies which insured debtor against Mr. Roberson's claim.

7. There is a liability policy covering the claim out of which any further recovery will be made: Named Insured: MERICO ABATEMENT CONTRACTORS INC. Policy Number: "PROP 5593883". Effective June 21, 2012.

### JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334.

7.      This is a core proceeding pursuant to 28 U.S.C. Section 157 (b).

8.      Venue is proper pursuant to 28 U.S.C. Section 1408 and Section 1409.

9.      The statutory predicate for relief is 11 U.S.C. Section 362 (d) (1).

2

RELIEF REQUESTED

10. Pursuant to 11 U.S.C. Section 362 (d)(1), the automatic stay may be lifted if the moving party can establish "cause."

11. "Cause is a flexible concept and the courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Tribune company, Inc.*, 418 B. R. 16, 126 (Bankr. D. DEL. 2009), quoting *In Re SCO Group, Inc.*, 295 B. R. 825, 856 (Bankr. D. D. DEL. 2007).

12. "Relief from stay is justified to enable a case pending in state court to continue to judgment were no great prejudice to the bankruptcy estate would result." *In Re Kaufman*, 98 B. R. 214, 215 (Bankr. E.D. PA. 1989).

13. Debtor will suffer no harm if Mr. Roberson is granted relief from the automatic stay to proceed against available insurance coverage.

14. It is well-settled that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against an insurer's, sureties or guarantors." *In re Wapotish*, 2009 Bankr. LEXIS 1851 6-7 (Bankr. N.D. Ill.), quoting *International Business Machines v. Fernstrom Storage and Van Co.*, 938 F. 2nd 731,736 (7th Cir. 1991).

15. On the other hand, Mr. Gabriel Roberson will suffer substantial harm if a stay is maintained and he is precluded from proceeding against debtor for the purpose of liquidating his claim to recover from available insurance coverage. In such a case, Mr. Roberson would be prevented from pursuing his rights to recover applicable insurance necessary to fully satisfy his claim.

16. Furthermore, the automatic stay should be lifted as the matter in dispute would be resolved more economically, conveniently and quickly in a non-bankruptcy forum. *In Re Gemini Equipment Business Trust*, 2005 U.S. Dist. LEXIS 28968 at *14 (Middle District Pennsylvania 2005); *see also In Re The FCO group*, Inc., *supra* (granting relief from stay where it would be economically inefficient and unnecessarily time-consuming to litigate a claim in bankruptcy court).

17. The legislative history for Section 362 (d) (1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and relieve the Bankruptcy Court from any duties that may be handled elsewhere." S. Rep. Number 95-989 at 50 (1978).

18. The Texas 4th District Court action is clearly a more appropriate forum for litigation of Mr. Roberson's claim for the purpose of recovery from available insurance coverage. The Roberson claim is based upon Texas law and the above described in accident which is the subject of litigation occurred in Texas.

19. Mr. Roberson, therefore, hereby requests that this Motion be granted and that the automatic stay be lifted pursuant to 11 U.S.C. Section 362 (d)(1)) to permit him to proceed with the Texas 4th District Court action for purpose of liquidating his claim against Debtor to recover from available insurance coverage. (A copy of the certificate of liability insurance is attached hereto verifying that there is insurance coverage.)

WHEREFORE, Gabriel Roberson respectfully requests that this Court enter an order granting him relief from the automatic stay and for such other and further relief as the court deems just and equitable.

THE BAILEY LAW FIRM

/s/ James F. Bailey
James F Bailey, Esq.
3 Mill Rd., Suite 306A
Wilmington DE 19806
302-658-5686
JBailey@JFBailey.com
Attorney for Gabriel Roberson

June 25, 2014

SO ORDERED THIS _____ day of July _____, 2014

_____

Christopher S. Sontchi
United States Bankruptcy Court Judge

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |

### ORDER

The Motion of Gabriel Roberson for Relief from Stay having been duly considered, answers, replies and arguments of other parties having been reviewed by the Court and good cause shown, it is hereby ORDERED that the Motion for Relief from Stay is hereby granted.

_____        Date: July____ 2014

Hon. Christopher S. Sontchi
United States Bankruptcy Court Judge