# **Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 472** |

## ORDER APPROVING EFIH SECOND LIEN SETTLEMENT

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (a) approving the Second Lien Settlement on the terms set forth in **Exhibit A** attached hereto and in the Second Lien Opt-In Materials (as amended from time to time and including, for the avoidance of doubt, the Offer to Purchase dated May 9, 2014, and Supplement No. 1 thereto, the "Second Lien Opt-In Materials") and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by, the Second Lien Settlement and the Second Lien Opt-In, all as more fully set forth in the Motion; and upon the First Day Declaration and the Ying Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Second Lien Settlement is hereby approved on the terms set forth in **Exhibit A** attached hereto and in the Second Lien Opt-In Materials.

3. The Debtors are authorized to enter into the Second Lien Settlement with (a) the Second Lien RSA Parties on the terms set forth in **Exhibit A** attached hereto and as otherwise set forth herein and (b) all other holders of EFIH Second Lien Notes that elect to participate in the Second Lien Settlement on the terms set forth in the Second Lien Opt-In Materials (collectively, the "Settling EFIH Second Lien Note Holders").

4. The Second Lien DMA, including but not limited to the expense reimbursement and indemnity obligations contained therein, is approved, and the Debtors are authorized to perform thereunder.

5. Epiq Bankruptcy Solutions LLC is authorized and directed to act as the Offer Agent and the Depositary Agent as described in the Second Lien Opt-in Materials and to take all

necessary, customary, and desirable actions as Offer Agent and the Depositary Agent in connection with the Second Lien Settlement, including, without limitation, directing The Depository Trust Company ("DTC") to take necessary, customary, and desirable actions in connection with the Second Lien Settlement. DTC is authorized and directed to take necessary, customary, and desirable actions in connection with the Second Lien Settlement in accordance with its applicable procedures and the Second Lien Opt-In Materials.

6. Subject to entry of the order approving the EFIH Second Lien DIP Financing, upon payment of the amounts payable under the Second Lien Settlement to either DTC (for the benefit of Settling EFIH Second Lien Note Holders) or the Second Lien RSA Parties, as applicable, any and all claims, rights, and causes of action related to the EFIH Second Lien Notes held by Settling EFIH Second Lien Note Holders shall be released and extinguished. As soon as reasonably practicable thereafter, the EFIH Second Lien Note Indenture trustee shall, in its customary manner, cancel the EFIH Second Lien Notes held by Settling EFIH Second Lien Note Holders, provide to the Debtors evidence of such cancellation, and take any such other customary or reasonable actions in connection with the consummation of the Second Lien Settlement, including, without limitation, acceptance of certain withdrawals via "Deposit or Withdrawal at Custodian" and confirmation of any drawdown submitted to the EFIH Second Lien Note Indenture trustee by DTC in connection with the consummation of the Second Lien Settlement.

7. No entity (including, for the avoidance of doubt, DTC) may require a legal opinion regarding the validity of any transaction contemplated by this Order, including, for the avoidance of doubt, whether the Second Lien Opt-In is consistent with applicable securities laws and/or eligible for DTC book-entry delivery, settlement, and depository services.

8. The Debtors are authorized to take any and all actions necessary to consummate, and to perform any and all obligations contemplated by, the Second Lien Settlement and the Second Lien Opt-In Materials, including the payment of any fees and expenses related to any of the foregoing.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: _____, 2014

                                      THE HONORABLE CHRISTOPHER S. SONTCHI  
                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Terms of Second Lien Settlement[1]

| EFIH Second Lien Settlement: | The Debtors have entered into a settlement with the Settling EFIH Second Lien Note Holders (the "**EFIH Second Lien Settlement**") that provides settling Holders of EFIH Second Lien Note Claims, which shall include Fidelity, GSO, York, and Avenue and such other holders of the EFIH Second Lien Note Claims that are signatories to the Restructuring Support Agreement as of the date the EFIH Second Lien DIP Financing is consummated (such Holders, the "**Settling EFIH Second Lien Note Holders**"), as payment in full of their EFIH Second Lien Note Claims, their Pro Rata share of (i) an amount in cash equal to principal plus accrued but unpaid interest (including Additional Interest) on such principal at the contract non-default rate through the date of consummation of the EFIH Second Lien Settlement, plus (ii) 50% of the aggregate amount of the EFIH Second Lien Makewhole Claims calculated as of the date of consummation of the EFIH Second Lien Settlement and calculated without inclusion of Additional Interest, plus (iii) in the case of GSO, York, and Avenue, a settlement premium of $1.57 million in cash in the aggregate. |
|---|---|
| **Effect; Most Favored Nation:** | The EFIH Second Lien Settlement shall be binding on Settling EFIH Second Lien Note Holders in all respects and irrespective of the outcome of any litigation in respect of any other EFIH Second Lien Makewhole Claim; *provided, however*, that if EFIH reaches one or more voluntary settlements with either: (i) a Commitment Party or affiliate thereof on account of its EFIH Second Lien Note Claims (whenever acquired) at any time prior to a judgment on the merits on such Claims; or (ii) any other Non-Settling EFIH Second Lien Note Holder at any time prior to the earlier of (x) the date seven business days after the commencement of opening statements (or the equivalent) in any trial on the merits of the Second Lien Makewhole Claims and (y) the date upon which the Commitment Parties exercise and consummate the Call Right, and any such settlements, determined as of the final day of such period, provides a higher percentage recovery than does the EFIH Second Lien Settlement, then the EFIH Second Lien Settlement shall be automatically amended with respect to Fidelity to provide such higher percentage recovery to Fidelity, in its capacity as Settling EFIH Second Lien Note Holder. |

---

[1] Capitalized terms used but not otherwise defined in this Exhibit A shall have the meanings ascribed to them in the Restructuring Support Agreement.