## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF DISINTERESTEDNESS OF JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, David E. Jackson, declare under penalty of perjury:

1.     I am a partner of Jackson, Sjoberg, McCarthy & Townsend, LLP, a law firm located at 711 West 7th Street, Austin, Texas 78701 (the "Company").

2.     Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide legal services related to real estate, mining and mineral development to the Debtors, namely Energy Future Holdings Corp., Luminant Mining Company LLC, Luminant Mineral Development Company LLC, Luminant Big Brown Mining Company LLC, Luminant Generation Company LLC, Oak Grove Mining Company LLC, and Oak Grove Power Company LLC, and the Company has consented to provide such services.

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.    The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4.    As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.    Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.    Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.    The Debtors owe the Company $9,350.06 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532. The Company holds a prepetition retainer for the full amount of prepetition services.

8.    I further understand that this Declaration will not suffice as the Company's proof of claim.

9.    As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

10.    The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 26, 2014

David E. Jackson

DAVID E. JACKSON

3