IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ) | Chapter 11 |
| ) | |
| In re                               ) | Case No. 14-10979 (CSS) |
| ) | |
| ENERGY FUTURE                       ) | (Jointly Administered) |
| HOLDINGS CORP., *et al.*,           ) | |
| ) | **Related Docs. 472, 477, 478, 994, 1068, 1147** |
| *Debtors.*                          ) | |
| ) | **Objection Deadline: June 24, 2014 at 12:00 p.m.** |
| ) | **Hearing Date: June 30, 2014 at 9:30 a.m.** |

SUPPLEMENTAL OBJECTION OF CSC TRUST COMPANY OF DELAWARE,
AS INDENTURE TRUSTEE AND COLLATERAL TRUSTEE,
TO (A) DEBTORS' MOTION TO APPROVE CERTAIN EFIH SETTLEMENTS
AND (B) EFIH DEBTORS' MOTION TO APPROVE SECOND LIEN DEBTOR-
IN-POSSESSION FINANCING AND SECOND LIEN REFINANCING

CSC Trust Company of Delaware ("CSC Trust"),[1] as (i) Indenture Trustee (the

"10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% Notes"

and the holders of such notes, the "10% Noteholders") issued by the EFIH Debtors (as

defined below) under that certain Indenture dated as of August 17, 2010 (together with all

supplements, amendments, and exhibits, the "10% Indenture") between Energy Future

Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together

with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York

Mellon Trust Company, N.A.), and (ii) as Collateral Trustee (the "Collateral Trustee")

under that certain Collateral Trust Agreement, dated as of November 16, 2009, among

---

[1] This Supplemental Objection is being redacted and filed under seal in accordance with the confidentiality
arrangements with the Debtors. CSC respectfully requests that the Supplemental Objection be incorporated
into the pending request to file the underlying objection under seal. *See* Motion to File Objection of CSC
Trust Company of Delaware, as Indenture Trustee and Collateral Trustee, to Debtors' (A) Motion to
Approve Second-Lien Post-Petition Financing, Redeem Second Lien Notes, and Determine Secured Claim
and (B) Motion to Approve Certain EFIH Settlements Under Seal [D.I. 1072].

EFIH, CSC Trust, as successor first lien trustee (the "First Lien Trustee"), the other

Secured Debt Representatives from time to time party thereto, and CSC Trust, as

successor Collateral Trustee (the "Collateral Trust Agreement") hereby makes a

supplemental objection to (a) the Motion of Energy Future holdings Corp., et al., for

Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment

(the "Second Lien Settlement") insofar as relief is sought at the hearing set for June 30-

July 1, 2014 [D.I. 472] (the "Second Lien Settlement Motion") and (b) the Motion of

Energy Future Holdings Company LLC and EFIH Finance Inc. for Entry of an Order (A)

Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing

Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash

Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry

into and Payment of Fees Under the Commitment Letter, and (F) Modifying the

Automatic Stay [D.I. 477] (the "Second Lien DIP Financing Motion"),[2] and respectfully

represents as follows:

       1.     CSC Trust previously filed an objection to the Second Lien Settlement and

Second Lien DIP Financing Motion. *See* D.I. 1068. The necessity for this supplemental

Objection arises specifically from the Debtors' proposed order [D.I. 1147] (the "Proposed

Order") with respect to the Second Lien Settlement Motion, which was filed only on

Thursday June 26, 2014, just two business days before the hearing.

---

[2] The 10% Indenture Trustee makes this objection (the "Objection") at the written direction of holders with a majority in original principal amount of the $3.5 billion of 10% Notes. The amount of directing holders has now increased as a result of additional holders joining the direction and the redemption and tender accomplished under the so-called First Lien Settlement and First Lien Refinancing.

2.      The Proposed Order seeks new relief not previously requested, and for which there is no legal authority – a prohibition on certain persons (namely The Depository Trust Company and Epiq Solutions) from seeking legal advice regarding the transaction.  To the extent that the EFIH Debtors propose in any revised order for the Second Lien DIP Financing Motion relief seeking to direct intermediaries to take subsequent actions outside of this bankruptcy case (in effect, seeking direction from this Court to breach the Collateral Trust Agreement), or otherwise seek to affect the intercreditor rights of CSC Trust and the holders of first-lien notes, CSC Trust hereby objects to such order.

3.      This relief, unveiled yesterday, two business days before the hearing, is intended to foreclose CSC Trust's rights, and rights of holders of EFIH First Lien Notes, under their intercreditor agreement with the holders of the second lien notes.  This is both procedurally and substantively improper.  Procedurally it fails, *inter alia*, because an unrequested and unnoticed order cannot determine the outcome of CSC Trust's adversary concerning the Collateral Trust Agreement.  Substantively it fails because there has been no legal showing that the proposed distributions are actually permitted under the Collateral Trust Agreement.  CSC Trust has filed an appropriate adversary proceeding with respect to the Collateral Trust Agreement to which the relevant defendants (which do not include any of the Debtors) have not even responded.  The Debtors cannot ask this Court to determine that adversary proceeding, or the potential claims that CSC Trust might later assert against the Debtors, here.

## ARGUMENT

4.      Paragraph 7 of the Proposed Order reads:

> No entity (including, for the avoidance of doubt, DTC) may require a legal opinion regarding the validity of any transaction contemplated by this Order, including, for the avoidance of doubt, whether the Second Lien Opt-In is inconsistent with applicable securities laws and/or eligible for DTC book-entry delivery, settlement, and depository services.

This relief is, to say the least, remarkable. It purports to prevent nondebtor third parties from consulting with and acting (or refraining from acting) on the advice of their own lawyers, with respect to the internal workings of those third parties' business operations. It also attempts to prevent parties from consulting with counsel as to whether their activities might violate the securities laws. Finally, it prevents parties from requesting third-party legal opinions from counsel to their contractual counterparties, including non-debtors.

5.      This is a transparent attempt to preclude CSC Trust's existing adversary proceeding regarding its intercreditor rights. The appropriate question to ask is: why parties must be judicially prevented from even asking for a legal opinion? The answer must be that the conduct the EFIH Debtors propose must be contrary to law or relevant agreements, because otherwise the third parties could ask and receive an opinion that the proposed actions are lawful. This is strong evidence that the EFIH Debtors know that the transactions for which they seek approval actually violate the securities laws and the intercreditor agreement.

6.      The Debtors cannot use the Proposed Order to eliminate claims that CSC Trust would have against the Debtors. Perhaps in Chapter 11 the Debtors need not

4

specifically perform the Collateral Trust Agreement, but CSC Trust then has a claim against the Debtors for breach of the agreement.  That claim is a secured claim.  *See* Collateral Trust Agreement § 7.2.  To the extent these transactions violate the Collateral Trust Agreement post-petition, CSC has an administrative claim.

7.    Furthermore, the relief requested in the Proposed Order was not previously requested and is completely outside the scope of the motion.  The motion did not put any party on fair notice of the relief that is now being requested in the Proposed Order.  There is no mention of any relief regarding special payment mechanics for the intermediaries, The Depositary Trust Company, Epiq Systems, or even the Second Lien Indenture Trustee, in the Second Lien Settlement Motion or the Second Lien DIP Financing Motion.  There is no mention of directing those parties to take certain actions, and refrain from taking other actions, with respect to other nondebtor parties including First Lien Noteholders, the First Lien Indenture Trustee, or Second Lien Noteholders. There is no mention of relief regarding legal opinions.

8.    But there is a much more fundamental truth.  The Debtors in fact did not contemplate any such relief when filing their motions.  The Debtors' corporate treasurer, Mr. Anthony Horton, gave a deposition just three days ago, on June 24, 2014, and the topics included ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████





Tr. at 44-47.

9.    That is, it is not only the case that parties could not possibly have been on notice that these types of relief would be requested. It is in fact the case that the Debtors did not contemplate these types of relief when they filed the Motions.

10.    To be clear, CSC Trust strongly objects to the requested relief. But, if the Court were to enter any order approving the Second Lien Settlement or the Second Lien DIP Financing, they each should include, at a minimum, the following provision:

> Nothing in this Order, including any authorization approving the Second Lien Settlement or the Second Lien DIP Financing, shall have any preclusive, evidentiary or other effect on any claim, whether under the Collateral Trust Agreement or otherwise, by CSC Trust or any holder of EFIH First Lien Notes against any of the Second Lien Indenture Trustee, Epiq, DTC or any record or beneficial holder of EFIH Second Lien Notes or any other person or entity, and the taking of any action or receiving funds as directed by this Order shall not be a defense to any such claim, all including the claims brought in the adversary proceeding styled *CSC Trust Co. of Delaware v. Computershare Trust Company, N.A.*, Bankr. D. Del. No. 14-50410-CSS) and any similar action by CSC Trust or any holders of EFIH First Lien Notes. Further, this Order is without prejudice to any administrative or priority claim, secured claim, or unsecured claim that might be asserted by CSC Trust, whether as Indenture Trustee or Collateral Trustee, or by any holder of EFIH First Lien Notes.

WHEREFORE, this Court should deny the Motion, and grant such other relief as

is appropriate under the circumstances.

Dated:  June 27, 2014

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.

/s/ Norman L. Pernick

| | |
|---|---|
| Norman L. Pernick | Warren A. Usatine |
| J. Kate Stickles | 25 Main Street, |
| 500 Delaware Avenue, Suite 1410 | P.O. Box 800 |
| Wilmington, DE  19801 | Hackensack, NJ 07602 |
| Telephone: 302-652-3131 | Telephone: 201-489-3000 |
| Facsimile:  302-652-3117 | Facsimile:  201-489-1536 |
| npernick@coleschotz.com | wusatine@coleschotz.com |
| kstickles@coleschotz.com | |

--and--

ROPES & GRAY LLP

| | |
|---|---|
| Keith H. Wofford | D. Ross Martin |
| Mark R. Somerstein | Andrew G. Devore |
| 1211 Avenue of the Americas | Prudential Tower |
| New York, NY 10036-8704 | 800 Boylston Street |
| Telephone: 212-596-9000 | Boston, MA  02199-3600 |
| Facsimile:  212-596-9090 | Telephone: 617-951-7000 |
| Keith.Wofford@ropesgray.com | Facsimile: 617-951-7050 |
| Mark.Somerstein@ropesgray.com | Ross.Martin@ropesgray.com |
| | Andrew.Devore@ropesgray.com |

--and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone:  212-248-3264
Facsimile:  212-248-3141
James.Millar@dbr.com

*Counsel for CSC Trust Company of Delaware,
as successor indenture trustee*

8