## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 1196** |

## MOTION OF THE AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND THE EFIH SECOND LIEN DIP COMMITMENT PARTIES TO SEAL THEIR OMNIBUS REPLY TO OBJECTIONS TO (I) MOTION APPROVING POSTPETITION SECOND LIEN FINANCING AND (II) MOTION APPROVING CERTAIN EFIH SETTLEMENTS AND THE ONCOR TSA AMENDMENT AND JOINDER TO DEBTORS' REPLY TO OBJECTIONS

The Ad Hoc Committee of EFIH Unsecured Noteholders[2] and EFIH Second Lien DIP

Commitment Parties,[3] by and through their undersigned counsel, submit this motion (the

"Motion to Seal") for an order authorizing the Ad Hoc Committee of EFIH Unsecured

Noteholders and EFIH Second Lien DIP Commitment Parties to file under seal the unredacted

version of their omnibus reply to various objections to (I) *Motion of Energy Future Intermediate*

*Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition*

*Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien*

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]  The "Ad Hoc Committee of EFIH Unsecured Noteholders" means the ad hoc committee of holders of 11.25%/12.25% unsecured senior toggle notes due December 1, 2018 issued pursuant to that certain Indenture, dated December 5, 2012, by and among Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc., as issuers, and UMB Bank, N.A. ("UMB"), as successor trustee.

[3]  The "EFIH Second Lien DIP Commitment Parties" means the parties to that certain second lien Commitment Letter, dated April 28, 2014, with Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company, LLC.

*Repayment, (E) Authorizing Entry into and Payment of Fees under the Commitment Letter, and (F) Modifying the Automatic Stay* [D.I. 477] (the "Second Lien DIP Motion") and (II) *Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the ONCOR TSA Amendment* [D.I. 472] (the "Settlement Motion" and, together with the Second Lien DIP Motion, the "Motions") and joinder to the Debtors' replies thereto (the "Reply"), and granting related relief.  In support of this Motion to Seal, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested in this Motion to Seal are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND[4]

3.      On April 29, 2014 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Court has ordered joint

---

[4]      Capitalized terms used but not defined herein shall the meanings ascribed to them in the Motions, as applicable.

administration of these chapter 11 cases.  The Office of the United States Trustee for the District

of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the

"Committee") in the chapter 11 cases of certain of the Debtors on May 13, 2014 [D.I. 420] ("The

committee represents the interests of the unsecured creditors of only the TCEH Debtors and EFH

Corporate Services Company and of no other debtors.").   No trustee or examiner has been

appointed in these chapter 11 cases.

       4.       On May 15, 2014, the Debtors filed the Motions.

       5.       On or around June 24, 2014, certain parties in interest in these chapter 11 cases

filed various objections (collectively, the "Objections") to the Motions, as listed on Schedule 1 to

the Reply and incorporated herein by reference.

       6.       Concurrent with the filing of this Motion to Seal, the Ad Hoc Committee of EFIH

Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties intend to file the Reply

in response to certain of the Objections, which Reply contains and relies on excerpts from

deposition transcripts that the Debtors have previously designated as either confidential or highly

confidential.  The Ad Hoc Committee of EFIH Unsecured Noteholders thus respectfully requests

that the Court grant this Motion to Seal for the reasons set forth below.

## RELIEF REQUESTED

       7.      By this Motion to Seal, the Ad Hoc Committee of EFIH Unsecured Noteholders

and EFIH Second Lien DIP Commitment Parties request entry of an order:  (i) authorizing them

to file an unredacted version of the Reply under seal; (ii) authorizing them to redact portions of

the Reply that contain and rely on excerpts from deposition transcripts that the Debtors have

previously designated as either confidential or highly confidential; and (iii) directing that both

the unredacted version of the Reply and redacted portions of the Reply remain confidential,

protected under seal and not made available to any person or entity other than the Court, the Debtors, the Committee, the parties to whom the Reply responds, the U.S. Trustee and each of their respective counsel, as applicable, unless otherwise ordered by the Court.

## BASIS FOR RELIEF

8.    A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).  Bankruptcy Code section 107(b) allows bankruptcy courts to issue orders that will protect entities from potential harm "with respect to a trade secret or confidential research, development, or commercial information" on request of a party in interest or on the bankruptcy court's own motion.  11 U.S.C. § 107(b).  Moreover, Bankruptcy Code section 105(a) grants the Court broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

9.    Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

10.    Local Rule 9018-1(b) further specifies that "[a]ny party who seeks to file documents under seal must file a motion to that effect."

11.    Unlike Rule 26(c) of the Federal Rules of Civil Procedure, neither Bankruptcy Code section 107(b) nor Bankruptcy Rule 9018 require a demonstration of "good cause."  *In re Appleseed's Intermediate Holdings, LLC*, 470 B.R. 289, 304 (D. Del. 2012).  Rather, if material

sought to be protected falls within one of the enumerated categories of Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Moreover, the Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

12.     The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties submit that the Reply contains, relies on and incorporates excerpts from deposition transcripts that the Debtors have previously designated as either confidential or highly confidential. As the parties continue to engage in discovery in connection with the Motions, these deposition transcripts and other documents may be subject to certain confidentiality agreements among the various parties. Filing an unredacted copy of the Reply under seal will protect the rights of various parties and ensure that the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties comply with any applicable confidentiality agreement. For the reasons set forth herein, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully submit that the relief requested is appropriate and necessary under the circumstances.

## NOTICE

13.     The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties shall provide notice of this Motion to Seal to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the Committee; (d) Wilmington Trust, N.A in its capacity

as administrative agent under the TCEH first lien credit agreement and collateral agent under the

TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust

Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution

control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f)

American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i)

the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due

2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH

LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 630%

EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EMI legacy notes (series R) due

2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust

Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior

secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes

due 2022, and counsel thereto; (h) UMB in its capacity as indenture trustee under: (i) the 9.75%

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes

due 2018, and counsel thereto; (i) BOKF, NA, dba Bank of Arizona, in its capacity as indenture

trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) CSC Trust

Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior

secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel

thereto; (k) Law Debenture Trust Company of New York in its capacity as indenture trustee

under: (i) the 1025% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH

senior toggle notes due 2016, and counsel thereto; (l) Wilmington Savings Fund Society, FSB in

its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due

2021, and counsel thereto; (m) counsel to certain holders of claims against the Debtors regarding

each of the foregoing described in clauses (c) through (k); (n) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (o) the agent for the EMI debtor-in-possession financing facility and counsel thereto; (p) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (q) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (r) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (s) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (t) Oncor Electric Delivery Company LLC and counsel thereto; (u) the Securities and Exchange Commission; (v) the Internal Revenue Service; (w) the Office of the United States Attorney for the District of Delaware; (x) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas/PUC; (y) counsel to the Electric Reliability Council of Texas/ERCOT; and (z) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

14.     No previous motion for the relief requested herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully request that the Court: (a) grant the relief requested by the Motion to Seal; and (b) grant such further relief as is just, proper and equitable.

Dated: June 27, 2014
Wilmington, Delaware

**COUSINS CHIPMAN & BROWN, LLP**

_____/s/ Scott D. Cousins_____
Scott D. Cousins (No. 3079)
Mark Olivere (No. 4291)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:     (302) 295-0199
Email:         cousins@ccbllp.com
               olivere@ccbllp.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Ira S. Dizengoff (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Lindsay Zahradka
One Bryant Park
New York, New York 10036
Telephone:     (212) 872-1000
Facsimile:     (212) 872-1002
Email:         idizengoff@akingump.com
               mlahaie@akingump.com
               lzahradka@akingump.com

Scott L. Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue
Washington, DC 20036-1564
Telephone:     (202) 887-4000
Facsimile:     (202) 887-4288
Email:         salberino@akingump.com

*Co-Counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders and the EFIH Second Lien DIP Commitment Parties*