IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 1196 and 1198** |

**MOTION TO FIX HEARING DATE ON AND SHORTEN TIME TO OBJECT OR RESPOND TO MOTION OF THE AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND THE EFIH SECOND LIEN DIP COMMITMENT PARTIES TO SEAL THEIR OMNIBUS REPLY TO OBJECTIONS TO (I) MOTION APPROVING POSTPETITION SECOND LIEN FINANCING AND (II) MOTION APPROVING CERTAIN EFIH SETTLEMENTS AND THE ONCOR TSA AMENDMENT AND JOINDER TO DEBTORS' REPLY TO OBJECTIONS**

The Ad Hoc Committee of EFIH Unsecured Noteholders[2] and EFIH Second Lien DIP Commitment Parties,[3] by and through their undersigned counsel, submit this motion (the "Motion to Shorten") for the entry of an order fixing a hearing date and shortening the time to object or respond to the *Motion of the Ad Hoc Committee of EFIH Unsecured Noteholders and the EFIH Second Lien DIP Commitment Parties to Seal Their Omnibus Reply to Objections to (I) Motion Approving Postpetition Second Lien Financing and (II) Motion Approving Certain EFIH Settlements and the Oncor TSA Amendment and Joinder to Debtors' Reply to Objections* (the "Motion to Seal"). In support of this Motion to Shorten, the Ad Hoc Committee of EFIH

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The "Ad Hoc Committee of EFIH Unsecured Noteholders" means the ad hoc committee of holders of 11.25%/12.25% unsecured senior toggle notes due December 1, 2018 issued pursuant to that certain Indenture, dated December 5, 2012, by and among Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc., as issuers, and UMB Bank, N.A., as successor trustee.

[3] The "EFIH Second Lien DIP Commitment Parties" means the parties to that certain second lien Commitment Letter, dated April 28, 2014, with Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company, LLC.

Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested in this Motion to Shorten are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND[4]

3. On April 29, 2014 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Court has ordered joint administration of these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Committee") in the chapter 11 cases of certain of the Debtors on May 13, 2014 [D.I. 420] ("The committee represents the interests of the unsecured creditors of only the TCEH Debtors and EFH Corporate Services Company and of no other debtors."). No trustee or examiner has been appointed in these chapter 11 cases.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

4.  On May 15, 2014, the Debtors filed both the Settlement Motion and the Second Lien DIP Motion.

5.  On or around June 24, 2014, certain parties in interest in these chapter 11 cases filed various objections (collectively, the "Objections") to the Second Lien DIP Motion and the Settlement Motion, as listed on Schedule 1 to the Reply and incorporated herein by reference.

6.  Concurrent with the filing of this Motion to Shorten, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties intend to file the Reply and the Motion to Seal. The Reply responds to certain of the Objections and joins the Debtors' replies thereto, with respect to which, together with the Second Lien DIP Motion and Settlement Motion, a hearing is scheduled on June 30, 2014 at 9:30 a.m. (EST). The Motion to Seal requests authority to file a redacted version of the Reply, which contains and relies on excerpts from deposition transcripts that the Debtors have previously designated as either confidential or highly confidential.

## RELIEF REQUESTED

7.  By this Motion to Shorten, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties request entry of an order setting an expedited hearing and shortening notice such that (i) a hearing with respect to the Motion to Seal may be held at the hearing currently scheduled for June 30, 2014 at 9:30 a.m. (EST) and (ii) objections to the Motion to Seal, if any, may be made on the record at the June 30 hearing.

## BASIS FOR RELIEF

8.  Local Rule 9006-1(c)(i) provides that unless otherwise provided in the Bankruptcy Rules or Local Rules, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service if by first class

mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

9. Bankruptcy Rule 9006(c)(1), however, provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). *See also* Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

10. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully submit that consideration of the Motion to Seal on an expedited basis is both reasonable and appropriate under the circumstances. Specifically, the Reply responds to certain of the Objections, all of which are scheduled to be heard on June 30, 2014 at 9:30 a.m. (EST). If shortened notice is not provided with respect to the Motion to Seal, then confidential portions of the Reply which contain excerpts from deposition transcripts that the Debtors have previously designated as either confidential or highly confidential may be revealed to the general public at that hearing. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties thus request that the Motion to Seal be scheduled for an expedited hearing on June 30, 2014, so that the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties may present the Motion to Seal prior to arguing the merits of the Reply.

11. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties submit that scheduling the Motion to Seal on shortened notice will not

prejudice any parties in interest in these chapter 11 cases, particularly in light of other motions (and their corresponding orders) that request similar relief in respect of certain of the Objections. [See, e.g., D.I. 1075].

12. In order to provide parties in interest with additional time to respond, both this Motion to Shorten and the Motion to Seal will be served by electronic mail, hand delivery, overnight mail, or express mail on all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. Additionally, if the Court grants this Motion to Shorten and enters an order fixing a hearing date and shortening the time to object or respond to the Motion to Seal, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties will immediately serve a copy of such order and a notice for the Motion to Seal on the same parties who were served with the Motion to Seal by electronic mail, hand delivery, overnight mail, or express mail.

## NOTICE

13. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties shall provide notice of this Motion to Shorten to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the Committee; (d) Wilmington Trust, N.A in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0%

EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 630% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EMI legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (k) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 1025% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (l) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (m) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (n) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (o) the agent for the EMI debtor-in-possession financing facility and counsel thereto; (p) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (q) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (r) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (s) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (t) Oncor Electric Delivery Company LLC and counsel thereto; (u) the

Securities and Exchange Commission; (v) the Internal Revenue Service; (w) the Office of the United States Attorney for the District of Delaware; (x) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas/PUC; (y) counsel to the Electric Reliability Council of Texas/ERCOT; and (z) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

14.  No previous motion for the relief requested herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of EFIH Unsecured Noteholders and EFIH Second Lien DIP Commitment Parties respectfully request that the Court: (a) grant the Motion to Shorten; and (b) grant such further relief as is just, proper and equitable.

Dated: June 27, 2014
Wilmington, Delaware

**COUSINS CHIPMAN & BROWN, LLP**

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
Mark D. Olivere (No. 4291)
Ann M. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:   (302) 295-0199
Email:       cousins@ccbllp.com
             olivere@ccbllp.com
             kashishian@ccbllp.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Ira S. Dizengoff (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Lindsay Zahradka
One Bryant Park
New York, New York 10036
Telephone:   (212) 872-1000
Facsimile:   (212) 872-1002
Email:       idizengoff@akingump.com
             mlahaie@akingump.com
             lzahradka@akingump.com

Scott L. Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue
Washington, DC 20036-1564
Telephone:   (202) 887-4000
Facsimile:   (202) 887-4288
Email:       salberino@akingump.com

*Co-Counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders and the EFIH Second Lien DIP Commitment Parties*