# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS OF DUFF & PHELPS LLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, David Herr, declare under penalty of perjury:

1. I am a Managing Director of Duff & Phelps, LLC, located at 2000 Market Street, Suite 2700, Philadelphia, PA 19103 (the "Company").

2. Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide valuation services and property tax consulting services to the Debtors, namely Energy Future Holdings Corporation ("EFH") and Luminant Generation Company LLC, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4.     As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.  Of specific note, the Company provides Property Tax services related to Oncor Electric Delivery Company LLC ("Oncor"), a non-Debtor affiliate to the Debtors, through a statement of work signed by EFH. The services performed for Oncor is unrelated to the chapter 11 cases.

5.     Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.     Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.     The Debtors owe the Company $0 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I understand that the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* does not authorize any of the Debtors to pay the Company for prepetition services.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was party to an agreement for indemnification with certain of the Debtors. A copy of such indemnification language is attached as **Exhibit 1** to this Declaration.

11. Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

   (a) the Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

   (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final

3

order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Company before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 26, 2014

*David Herr* (signature)

David Herr
Managing Director
Duff & Phelps LLC

**EXHIBIT 1 – Indemnification Excerpt from MSA**

# MASTER SERVICES AGREEMENT

# BY AND BETWEEN

# DUFF & PHELPS LLC

# AND

# ENERGY FUTURE HOLDINGS CORP

## April 1, 2010

## CONTRACT NO. C 0645375 C

This Master Consulting Agreement (this "Agreement") is made and shall become effective as of April 1, 2010 (the "Effective Date"), by and between Energy Future Holdings Corp, a Texas corporation ("COMPANY") and Duff & Phelps LLC, New York company ("CONTRACTOR"), pursuant to which CONTRACTOR will provide to COMPANY the services described on the Schedule A(s) attached hereto and on future Schedule As that may be agreed to by the Parties. COMPANY and CONTRACTOR may be referred to each as a "Party" or collectively as the "Parties." Capitalized terms not defined within another section of this Agreement are defined below.

WHEREAS, COMPANY desires to obtain certain professional services and deliverables from CONTRACTOR from time to time; and

WHEREAS, CONTRACTOR desires to provide such services and deliverables for COMPANY on the terms set forth below, as more fully described herein; and,

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter set forth, the parties hereto agree as follows:

## ARTICLE 27: LIABILITY LIMITATION

Except with respect to a party's indemnification and confidentiality obligations, in no event shall either party be liable to the other party, whether a claim be in tort, contract or otherwise for any amount in excess of two times the total professional fees paid by COMPANY to CONTRACTOR under the particular Schedule A or any addendum to which the claim relates, except to the extent judicially determined to have resulted from gross negligence, willful misconduct or fraudulent acts relating to the Services. In no event shall either party be liable to the other party, whether a claim be in tort, contract or otherwise for any consequential, indirect, lost profit or similar damages relating to or arising out of this Agreement or any Schedule A, except to the extent judicially determined to have resulted from CONTRACTOR's gross negligence, willful misconduct or fraudulent acts relating to the Services.

Notwithstanding the paragraph above, in no circumstances shall either party be liable to pay any damages to the other party for losses arising out of any fraudulent act, misrepresentation or willful default in connection with providing information related to the Work.

Notwithstanding any liability for the acts and omissions of either party's officers, managing directors, staff and employees, both parties accept and acknowledge that no legal proceedings arising from or in connection with the Work (or any variation or addition thereto) will be commenced against any of the party's officers, managing directors, staff or employees personally.

EXCEPT FOR CLAIMS INVOLVING FRAUD OR WILFULL MISCONDUCT, NEITHER PARTY SHALL HAVE ANY LIABILITY TO THE OTHER FOR ANY LOST PROFITS OR SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

## ARTICLE 28: INDEMNIFICATION

COMPANYagrees to indemnify and hold harmless the CONTRACTOR and its affiliates, officers and managing directors and employees from any and all third party claims, liabilities, losses, costs, demands and reasonable expenses, including but not limited to reasonable legal fees and expenses, appropriately documented billable time of client services personnel incurred in connection with any such claim, relating to Work, except to the extent judicially determined to have resulted from the gross negligence, willful misconduct or fraudulent acts of CONTRACTOR or any other indemnified person relating to such Work.

To the extent necessary to permit COMPANY to enforce any term, clause, or condition of this Agreement, CONTRACTOR agrees that with respect to any Claims brought against COMPANY Group, CONTRACTOR will and does hereby waive as to COMPANY Group any defense it may have by virtue of the workers' compensation laws of any state.

CONTRACTOR agrees to indemnify and hold harmless the COMPANY and its affiliates, officers and directors and employees from any and all third party claims, liabilities, losses, costs, demands and reasonable expenses, including but not limited to reasonable legal fees and expenses, relating to or arising out of (i) the gross negligence, willful misconduct, fraud or breach of confidentiality by CONTRACTOR in the performance of the Services, or (ii) any death, personal injury, environmental release or property damage proximately caused by CONTRACTOR's acts or omissions.

The party entitled to indemnification (the "Indemnified Party") shall promptly notify the party obligated to provide such indemnification (the "Indemnifying Party") of any claims for which the Indemnified Party seeks indemnification hereunder and the Indemnifying Party shall have the exclusive right and authority to conduct the defense or settlement of any such claim at the Indemnifying Party's sole expense and the Indemnified Party shall cooperate with the Indemnifying Party in connection therewith.  The party not conducting the defense shall nonetheless have the right to participate in such defense at its own expense.  The Indemnified Party shall have the right to approve the settlement of any claim that exposes any liability or obligation other than the payment of money damages.