# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS OF MCGLINCHEY STAFFORD, PLLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Steven T. Holmes, declare under penalty of perjury:

1.  I am of counsel with McGlinchey Stafford, PLLC, located at 2711 N. Haskell Avenue, Suite 2750, LB 38, Dallas, Texas 75204 (the "Company").

2.  Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), specifically including TXU Energy Retail Company, LLC ("TXU Energy"), have requested that the Company provide legal services to the Debtors, including but not limited to ongoing bankruptcy, advice, counseling and litigation services for TXU Energy as a creditor in matters unrelated to the Deborts' jointly administered Chapter 11 proceedings before this Court; general collections and litigation; credit and collections compliance; and banking compliance, and the Company has consented to provide such services.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $18,488.36 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. I further understand that this Declaration will not suffice as the Company's proof of claim.

500276.1

9. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

10. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 17, 2014

Steven T. Holmes
On Behalf of McGlinchey Stafford, PLLC

500276.1