## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF DISINTERESTEDNESS OF MORGAN, LEWIS & BOCKIUS LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Timothy P. Matthews, declare under penalty of perjury:

1.      I am a Partner of Morgan, Lewis & Bockius LLP, which has an office located at 1111 Pennsylvania Avenue, NW, Washington DC 20004 (the "Firm" or "Morgan Lewis").

2.      Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to certain of the Debtors, including Energy Future Holdings Corp. ("EFH Corp."), Big Brown Power Company LLC, DeCordova Power Company LLC, DeCordova II Power Company LLC,  Luminant Generation Company LLC, Luminant Holding Company LLC, Oak Grove Management Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Valley NG Power Company LLC, and the Firm has consented to provide such services.[2]

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The legal services include: advice regarding nuclear regulatory matters, spent nuclear fuel claims, union-related labor relations and Federal Energy and Regulatory Commission approvals, as well as certain energy-related (Continued…)

3.      The Firm may have performed services in the past, may currently perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.

4.      Morgan Lewis also notes the following representations:

(a) Morgan Lewis currently represents PricewaterhouseCoopers LLC ("<u>PwC</u>") in connection with the Debtors' pending application to retain PwC as internal audit, information security and tax consultants [DI 654] in these chapter 11 cases.  The Debtors are aware of and consented to this representation.

(b) Morgan Lewis has previously represented, and, prior to the commencement of the Debtors' chapter 11 cases, completed a representation of, certain members of EFH Corp.'s management team relating to their compensation arrangements.  These matters are unrelated to the services Morgan Lewis is providing to the Debtors in these chapter 11 cases.  Morgan Lewis undertook the representation at the request of EFH Corp., and received from EFH Corp. a waiver and an agreement to pay all fees incurred with such representation. Should the Debtors so request, Morgan Lewis may (i) represent such or other individuals with respect to compensation arrangements during the pendency of these chapter 11 cases and (ii) in the future, represent such individuals in connection with post-effective date compensation matters.[3]  Morgan Lewis will not, however, undertake any such representation absent the express request and approval of the Debtors, and will not undertake such representation to the extent it conflicts with other services that Morgan Lewis is performing for the Debtors in these chapter 11 cases.

(c) Morgan Lewis advises the Organization and Compensation Committee of Oncor Electric Delivery Co. LLC, an entity that is affiliated with or related to the Debtors, in connection with certain executive compensation matters. Morgan Lewis does not represent Oncor Electric Delivery Co. LLC, which is not a Debtor in these chapter 11 cases.  These matters are unrelated to the Debtors' chapter 11 cases.

5.      The Firm does not perform services for any party in interest in connection with these chapter 11 cases, and does not have any relationship with any such person, their attorneys,

---

litigation and transactional matters.  Morgan Lewis may be asked to provide such services to additional Debtors in connection with these chapter 11 cases, and will supplement this Declaration as appropriate.

[3]      The most recently represented individuals included: John Young, Jim Burke, Paul Keglevic, Mark Allen McFarland, Stacey Dore, John O'Brien and Carrie Kirby.

or accountants, that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is proposed to be employed.

6.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

7.    Neither I, nor any principal, partner, director, officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8.    Neither I nor any principal, partner, director, officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters upon which this Firm is to be employed.

9.    The Debtors owe the Firm $7,502.94 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

10.    I further understand that this Declaration will not suffice as the Firm's proof of claim.

11.    As of April 29, 2014, the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with any of the Debtors.

12.    The Firm has conducted inquiries regarding its retention by creditors of the Debtors.  If, at any time during the period of its employment, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  June 25, 2014

Timothy P. Matthews