# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS (A) TO PARTICIPATE IN A COMPETITIVE AUCTION, AND (B) IF SELECTED AS THE WINNING BIDDER, TO CONSUMMATE A PROPOSED ACQUISITION**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the TCEH Debtors to (a) participate in a competitive auction for the acquisition of certain strategic business assets, pursuant to the Bidding and Acquisition Procedures; and (b) if selected as the winning bidder, consummate the proposed acquisition without further order of the Court; and upon the *Declaration of Michael Carter in Support of the Motion of Energy Future Holdings Corp.,* et. al.*, for Entry of an Order Authorizing, But Not Requiring, the Debtors (A) to Participate in a Competitive Auction, and (B) If Selected as the Winning Bidder, to Consummate a Proposed Acquisition*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in any such objections, are denied and overruled on the merits with prejudice.

3. No assets of any Debtor other than the TCEH Debtors will be used to satisfy amounts paid in connection with the Bidding and Acquisition Procedures.

4. The TCEH Debtors will not use any unencumbered assets to acquire the Assets. Any property or assets that the TCEH Debtors acquire in connection with the Bidding and Acquisition Procedures (including the Assets) shall automatically upon such acquisition become subject to the Prepetition First Priority Liens (as defined in the Final Cash Collateral Order) to secure repayment of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order).

5. The TCEH Debtors are authorized, but not required, to bid for, and if selected as the winning bidder, to consummate an acquisition of, the Assets pursuant to the following procedures (the "Bidding and Acquisition Procedures"):

   a. *Minimum Bid*. The TCEH Debtors will be authorized, but not required, to submit (a) a bid of at least $68 million (the "Minimum Bid") for the Assets, and (b) a cash deposit of 15% of the Minimum Bid (including any related processing or administrative fees, the "Initial Cash Deposit"). Collectively, the Minimum Bid and the Initial Cash Deposit represent the minimum requirements an alternative bidder must meet in order to participate as a "qualified bidder" in the auction scheduled for August 4, 2014. If selected as the winning bidder, the TCEH Debtors are authorized to negotiate definitive agreements in good faith and ultimately consummate the acquisition with the Seller without further order of the Court. The TCEH Debtors will advise the Notice Parties (as defined below) of the terms of any Minimum Bid made pursuant to the order approving this Motion.

   b. *Bid Cap*. Notwithstanding the foregoing, no less than four business days before the objection deadline on this Motion, the TCEH Debtors may determine, in the exercise of their business judgment and in consultation with their professional advisors, to submit a bid in excess of the Minimum Bid. The TCEH Debtors shall provide notice no less than four business days before the objection deadline on this Motion of their intent to file a bid within a specified range, exceeding $68 million but not to exceed a specified amount (such limit, which shall include the aggregate value of any cash or non-cash consideration and any assumed liabilities or other value provided in connection with the acquisition of the Assets, the "Bid Cap"). This notice shall include the Bid Cap and shall be provided to the Court, under seal,[3] and to the following parties, on a confidential and professionals' eyes only basis: (a) counsel to the Creditors' Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi and Jennifer Marines; and (b) counsel to the ad hoc committee of TCEH first lien creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Jacob A. Adlerstein (collectively, the "Notice Parties").

      i. If any of the Notice Parties object to the proposed Bid Cap, such Party must file a timely, written objection with the Court, under seal, and serve notice of such objection upon the TCEH Debtors and their counsel, and the other Notice Parties. If no objections are received, the TCEH Debtors will be authorized to submit a bid

---

[3] For the avoidance of doubt, the Debtors will file a separate motion with the Court seeking authority to file notice of the Bid Cap under seal.

3

       (subject to Court approval) and subject to the Bid Cap and negotiate definitive agreements in good faith and ultimately consummate the acquisition with the Seller without further order of the Court.  The TCEH Debtors will advise the Notice Parties of the terms of any such bid made pursuant to the order approving this Motion.

c. ***Enhanced Bid***. The TCEH Debtors may decide, in in the exercise of their business judgment and in consultation with their advisors, to submit a bid at the auction or otherwise, in excess of the Bid Cap.  By these Bidding and Acquisition Procedures, the TCEH Debtors are authorized, but not required to, submit any proposal to increase the Bid Cap for the Assets and, if selected as the winning bidder, to negotiate definitive agreements in good faith and ultimately consummate the acquisition with the Seller without further order of the Court, *provided, however,* that the Notice Parties approve such enhanced bid pursuant to the following procedures (the "<u>Enhanced Bid Approval Procedures</u>"):

    i. if the TCEH Debtors determine, in their business judgment, that submission of a bid in excess of the Bid Cap is in the best interests of the TCEH Debtors' estates, they shall submit a written request (a "<u>Request</u>") to the Notice Parties for approval of such increase;

    ii. upon receipt of a Request from the TCEH Debtors, the Notice Parties will have two business days to provide a written response (a "<u>Response</u>") to the TCEH Debtors either (A) approving such increase, or (B) stating that the Notice Parties do not approve such increase;

    iii. if the Notice Parties do not approve such increase or fail to Respond to a Request, the TCEH Debtors shall not submit a bid in excess of the Bid Cap for the Assets, unless and until the TCEH Debtors receive written approval from the Notice Parties or upon further order of the Court; and

    iv. if the Notice Parties approve such increase within two business days of the transmittal of a Request, the Bid Cap shall be increased by the amount set forth in the Request and the TCEH Debtors are authorized to submit a bid in an amount not to exceed the amount set forth in the Request.  If the TCEH Debtors are selected as the winning bidder, the TCEH Debtors are authorized to negotiate in good faith and ultimately consummate the acquisition with the Seller without further order of the Court.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE