# **Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**FINAL ORDER (A) APPROVING POSTPETITION SECOND LIEN FINANCING FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE INC., (B) GRANTING LIENS AND PROVIDING JUNIOR SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (C) AUTHORIZING THE USE OF CASH COLLATERAL, (D) AUTHORIZING THE EFIH SECOND LIEN REPAYMENT, (E) AUTHORIZING ENTRY INTO AND PAYMENT OF FEES UNDER THE COMMITMENT LETTER, AND (F) MODIFYING THE AUTOMATIC STAY**

Upon the motion (the "EFIH Second Lien DIP Motion") of Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc. (together with EFIH, the "Issuer" or the "EFIH Debtors") in the above-captioned chapter 11 cases of the EFIH Debtors (collectively, the "Cases"), pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), seeking entry of an Order (this "Order"), *inter alia*:

(i)    authorizing the Issuer to enter into that certain Second Lien Subordinated Secured Superpriority Debtor-in-Possession Note Purchase Agreement (as amended, restated,

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such

supplemented, or otherwise modified from time to time as permitted by this Order, the "EFIH Second Lien DIP NPA"),[2] between Issuer, the purchasers of second lien DIP notes (the "EFIH Second Lien DIP Note Purchasers"), Cortland Capital Market Services LLC, as administrative agent and collateral agent (in such capacities, the "EFIH Second Lien DIP Agent"),[3] and the other agents and entities from time to time party thereto, substantially in the form of Exhibit A annexed to the EFIH Second Lien DIP Motion, to obtain second lien secured postpetition financing (the "EFIH Second Lien DIP Facility") on a junior basis, consisting of (a) Tranche A Notes (as defined in the EFIH Second Lien DIP Motion) of $1,900,000,000 and (b) and Tranche B Notes (as defined in the EFIH Second Lien DIP Motion) payable as the Closing Fee (as defined in the EFIH Second Lien DIP Motion) of $95,000,000;

(ii)    authorizing any other entities, if any, that subsequently commence jointly administered chapter 11 cases and become guarantors under the EFIH Second Lien DIP NPA (the "Guarantors") to enter into the Guarantee (as defined in the EFIH Second Lien DIP NPA);

(iii)    authorizing each of the EFIH Debtors to execute and deliver the EFIH Second Lien DIP NPA, the applicable Security Documents (as defined in the EFIH Second Lien DIP NPA), that certain intercreditor agreement that will be executed in conjunction with the EFIH Second Lien DIP NPA, by and among the EFIH Debtors, Deutsche Bank AG New York Branch, in its capacity as administrative agent and collateral agent under the EFIH First Lien DIP Financing (as defined in the EFIH Second Lien DIP Motion) (the "EFIH First Lien DIP Agent") and the EFIH Second Lien

---

information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined in this Order shall have the meanings set forth in EFIH Second Lien DIP NPA, the EFIH Second Lien DIP Motion, or in the EFIH Second Lien DIP Documents (as defined below), as applicable.

[3]    As used herein, the term "EFIH Second Lien DIP Agent" refers to Cortland Capital Market Services LLC, as administrative agent under the EFIH Second Lien DIP NPA, Cortland Capital Market Services LLC, as collateral agent under the EFIH Second Lien DIP NPA, or both, as the context requires.

DIP Agent (the "EFIH DIP Intercreditor Agreement"), and the other related credit documents (collectively, including the EFIH Second Lien DIP NPA and the Commitment Letter (as defined in the EFIH Second Lien DIP Motion), the "EFIH Second Lien DIP Documents") and to perform such other acts as may be necessary or desirable in connection with the EFIH Second Lien DIP Documents;

(iv)     granting the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers an allowed superpriority administrative expense claim in each of the Cases and any Successor Cases (as defined herein) on account of all obligations owing in connection with the EFIH Second Lien DIP Facility and the EFIH Second Lien DIP Documents, including fees payable under the Commitment Letter incurred through the funding of the EFIH Second Lien DIP Facility, the Prepayment Fee, the Participation Fee, and any other fees payable under the EFIH Second Lien DIP Documents (collectively, the "EFIH Second Lien DIP Obligations");

(v)     granting to the EFIH Second Lien DIP Agent, for the benefit of itself, any sub-agents, and the EFIH Second Lien DIP Note Purchasers, automatically perfected security interests in and liens upon all of the EFIH DIP Collateral (as defined herein), including, without limitation, all property constituting "cash collateral" (the "EFIH Cash Collateral"), as defined in section 363(a) of the Bankruptcy Code, which security interests and liens shall be subject to the priorities set forth herein;

(vi)     authorizing and directing the EFIH Debtors to pay the principal, interest, fees, expenses, and other amounts payable and/or reimbursable under the EFIH Second Lien DIP Documents (including the EFIH Second Lien DIP NPA and the Commitment Letter) as such amounts become due, all as described in more detail in the EFIH Second Lien DIP Motion and to

the extent provided in, and in accordance with the terms of, the EFIH Second Lien DIP Documents;

(vii)    vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the EFIH Second Lien DIP Documents, as limited pursuant hereto, and this Order;

(viii)    authorizing the EFIH Debtors to use all net cash proceeds of the EFIH Second Lien DIP Facility, in addition to ~~other sources of cash~~**proceeds of the EFIH First Lien DIP Financing**, to consummate the repayment of all principal and accrued but unpaid interest (but without payment of any disputed amounts) due and owing under the EFIH Second Lien Notes (as defined herein) (as further described in the EFIH Second Lien DIP Motion, the "EFIH Second Lien Repayment") and the payment of amounts owed in respect of EFIH's settlement of "make-whole" with respect to the EFIH Second Lien Notes (the "EFIH Second Lien Settlement) to the extent authorized pursuant to an order of the Court approving the EFIH Second Lien Settlement (the "Second Lien Settlement Order");

(ix)    authorizing the EFIH Debtors to use cash collateral and other collateral pursuant to sections 363(c) and 363(e) of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules and the Local Bankruptcy Rules, including Local Bankruptcy Rule 4001-2, on the terms and conditions set forth in this Order;

(x)    authorizing the EFIH Debtors to borrow up to $1.995 billion to provide financing for (i) transaction fees, liabilities and expenses and other administration costs incurred in connection with the negotiation, syndication, documentation (including any engagement or commitment letters), execution, and closing of the EFIH Second Lien DIP Facility, and (ii) payment of amounts related to the EFIH Second Lien Repayment; and

(xi)     authorizing the limitation of the EFIH Debtors' and the EFIH Debtor estates' right to surcharge against or recover from the EFIH DIP Collateral pursuant to section 506(c) and 105(a) of the Bankruptcy Code or any similar principle of law.

The Court having considered the EFIH Second Lien DIP Motion, the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, sworn to on April 29, 2014, the exhibits attached thereto, the *Declaration of David Y. Ying in Support of the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., et al., for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry Into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay* (the "Ying Declaration"), sworn to on May 15, 2014, the EFIH Second Lien DIP Documents (including the Commitment Letter), the evidence submitted or adduced and the arguments of counsel made at the hearing held on June 30, 2014 (the "Hearing"); and notice of the Hearing having been given in accordance with the Bankruptcy Code and the Bankruptcy Rules; and the Hearing to consider the relief set forth in this Order having been held and concluded; and all objections, if any, to the relief requested in the EFIH Second Lien DIP Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is fair and reasonable and in the best interests of the EFIH Debtors and their estates, creditors, and other parties in interest, and is appropriate for the administration and preservation of the value of their estates; and it further appearing that the EFIH Debtors are unable to obtain unsecured credit for money borrowed

allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code; and after due deliberation and consideration and for good and sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING BY THE EFIH DEBTORS, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    <u>Petition Date</u>.  On April 29, 2014 (the "<u>Petition Date</u>"), each of the EFIH Debtors filed a separate voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") commencing these Cases.  On June 30, 2014, the Court entered an order approving the joint administration of these Cases on a final basis.

B.    <u>Debtors-in-Possession</u>.  The EFIH Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

C.    <u>Jurisdiction and Venue</u>.  The Court has jurisdiction over this matter, these proceedings, and the persons and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter as set forth in this Final Order is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the EFIH Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Bankruptcy Rules to the entry of an Order by the Court in connection with the EFIH Second Lien DIP Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter Orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue for the Cases and the EFIH Second Lien DIP Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    <u>Committee Formation</u>.    On May 13, 2014, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official committee to represent the interests of unsecured creditors only in the chapter 11 cases of certain affiliates of the EFIH Debtors (the "<u>Appointed Committee</u>").  As of the date hereof, the U.S. Trustee has not appointed a committee of unsecured creditors to represent the interests of unsecured creditors in the Cases (if appointed, a "<u>Creditors' Committee</u>").

E.    <u>EFIH Prepetition Indebtedness</u>:

(i)    <u>Prepetition EFIH First Lien Notes</u>.  Prior to the Petition Date, the EFIH Debtors:  (a) issued (originally and/or in exchanges) the 10.00% Senior Secured First Lien Notes due 2020 (the "<u>EFIH First Lien 2020 Notes</u>"), under that certain Indenture dated as of August 17, 2010 (as amended, modified, or supplemented the "<u>EFIH First Lien 2020 Notes Indenture</u>"); (b) issued (originally and/or in exchanges) the 6.875% Senior Secured First Lien Notes due 2017 (the "<u>EFIH First Lien 2017 Notes</u>", and, together with the EFIH First Lien 2020 Notes, the "<u>EFIH First Lien Notes</u>," and the holders of such EFIH First Lien Notes, the "<u>Prepetition EFIH First Lien Creditors</u>"), under that certain Indenture dated as of August 14, 2012 (as amended, modified, or supplemented the "<u>EFIH First Lien 2017 Notes Indenture</u>", and, together with the EFIH First Lien 2020 Notes Indenture, the "<u>EFIH First Lien Indentures</u>," and the trustee under the EFIH First Lien Indentures, the "<u>EFIH First Lien Notes Trustee</u>"); and (c) entered into the Security Documents (as defined in the EFIH First Lien Indentures, and collectively with the EFIH First Lien Indentures, the EFIH First Lien Notes, and the Registration Rights Agreements executed in connection therewith, the "<u>EFIH First Lien Documents</u>," and all purported **<u>Note</u>** Obligations as defined in and under the EFIH First Lien Documents, the "<u>Prepetition First Lien Obligations</u>").

(ii)    Repayment of Prepetition EFIH First Lien Notes.  On June [——],**19,** 2014, the EFIH Debtors consummated the settlement of claims under certain EFIH First Lien Notes (the "Settled First Lien Claims") and repaid the principal and accrued interest of EFIH First Lien Notes held by non-settling Prepetition EFIH First Lien Creditors (but without payment of any disputed amounts).  As a result, the only claims that remain outstanding under the EFIH First Lien Notes are disputed and  unliquidated claims subject to the reservation of rights contained in the order approving the EFIH First Lien DIP Financing and the EFIH First Lien Repayment (the "EFIH First Lien DIP Order").

(iii)    Prepetition EFIH Second Lien Notes.  Prior to the Petition Date, the EFIH Debtors (a) issued (originally and/or in exchanges) the 11.00% Senior Secured Second Lien Notes due 2021 (the "EFIH Second Lien 2021 Notes"), under that certain Indenture dated as of April 25, 2011 (as amended, modified, or supplemented, the "EFIH Second Lien Notes Indenture," and, the indenture trustee thereunder, the "EFIH Second Lien Notes Trustee," and the EFIH First Lien Notes Trustee, together with the EFIH Second Lien Notes Trustee, the "Prepetition Secured Notes Trustees" and the EFIH Second Lien Notes Indenture, together with the EFIH First Lien Notes Indentures, the  "Prepetition EFIH Secured Indentures"); (b) issued (originally and/or in exchanges) the 11.75% Senior Secured Second Lien Notes due 2022 (the "EFIH Second Lien 2022 Notes", collectively with the EFIH Second Lien 2021 Notes, the "EFIH Second Lien Notes," and the holders of EFIH Second Lien Notes, the "Prepetition EFIH Second Lien Creditors," and the Prepetition EFIH Second Lien Creditors, together with the Prepetition EFIH First Lien Creditors, the "Prepetition EFIH Secured Creditors," and the EFIH Second Lien Notes, together with the EFIH First Lien Notes, the "Prepetition EFIH Secured Notes"), under the EFIH Second Lien Indenture; and (c) entered into the Security Documents (as defined in the EFIH Second Lien

Indenture, and collectively with the EFIH Second Lien Indenture, the EFIH Second Lien Notes, and the Registration Rights Agreements executed in connection therewith, the "EFIH Second Lien Documents," and all purported **Note** Obligations as defined in and under the EFIH Second Lien Documents, the "Prepetition Second Lien Obligations," and the Prepetition First Lien Obligations together with the Prepetition Second Lien Obligations, the "Prepetition Secured Obligations").

(iv)    EFIH Collateral Trust Agreement.   Prior to the Petition Date, the EFIH Debtors entered into the collateral trust agreement (the "EFIH Collateral Trust Agreement") by and among EFIH, and CSC, in its capacity as EFIH First Lien Notes Trustee and Collateral Trustee under the EFIH First Lien Documents and EFIH Second Lien Documents, and Computershare, in its capacity as EFIH Second Lien Notes Trustee, relates to the relative rights and remedies of the Prepetition EFIH First Lien Creditors and the Prepetition EFIH Second Lien Creditors with respect to the collateral securing their respective obligations.

(v)    Prepetition EFIH Senior Toggle Notes.   Prior to the Petition Date, the Issuers issued (originally and/or in exchanges) the 11.25%/12.25% Senior Toggle Notes due 2018 (the "EFIH Senior Toggle Notes," and the holders of such notes, the "Prepetition EFIH Toggle Note Creditors") under that certain Indenture dated as of December 5, 2012 (as amended, modified, or supplemented, the "EFIH Senior Toggle Notes Indenture," together with a related Registration Rights Agreement, the "EFIH Toggle Notes Documents," and the indenture trustee thereunder, the "EFIH ~~Toggle~~**Unsecured** Notes Trustee," and all purported **Note** Obligations as defined in and under the EFIH Toggle Notes Documents, the "Prepetition Toggle Notes Obligations").  Approximately $1.566 billion of EFIH Senior Toggle Notes were outstanding as of the Petition Date.[4]

---

[4]    As described in the First Day Declaration, the EFIH Debtors also have approximately $2 million of additional **9.75%** unsecured notes **(the "EFIH Unexchanged Notes")** outstanding and guarantee approximately $60

(vi)    <u>Settled Second Lien Claims</u>.  Pursuant to the Second Lien Settlement Order, the Court has approved the settlement and compromise of the claims of certain holders of the EFIH Second Lien Notes that are signatories to the Restructuring Support Agreement (as defined in the EFIH Second Lien DIP Motion) and other holders of the EFIH Second Lien Notes that timely elected to participate in the EFIH Second Lien Settlement (collectively, the "<u>Settling EFIH Second Lien Note Holders</u>").  The prepetition claims of the Settling EFIH Second Lien Note Holders (the "<u>Settled Second Lien Claims</u>") that the EFIH Debtors received authority to settle pursuant to the Second Lien Settlement Order have been fully and finally settled and compromised notwithstanding anything to the contrary set forth in this Order.

(vii)    <u>Rights Reserved With Respect to Prepetition Secured Obligations</u>.  Except with respect to the Settled Second Lien Claims, the EFIH Debtors do not stipulate to the validity or enforceability of the Prepetition Secured Obligations and expressly reserve all rights related thereto, including, for the avoidance of doubt, (a) with respect to any claim for any prepayment, make-whole, or "Applicable Premium" in connection with the EFIH First Lien Repayment (the "<u>EFIH First Lien Makewhole Claims</u>") or the EFIH Second Lien Repayment (the "<u>EFIH Second Lien Makewhole Claims</u>" and, together with the EFIH First Lien Makewhole Claims, the "<u>EFIH Makewhole Claims</u>"), (b) with respect to ~~any default or penalty~~**the following disputed** interest **amounts** under the EFIH First Lien Documents, EFIH Second Lien Documents, and EFIH Collateral Trust Agreement ~~(including~~ **:** (i) any Additional Interest under and as defined in the EFIH Second Lien Documents ~~and~~ (ii) interest on interest**, (iii) interest on the EFIH Second Lien Makewhole Claims, and (iv) other form of any default or penalty interest (collectively, the "Disputed Interest"**), and (c) with respect to ~~the payment of any professional fees or~~

<hr>

million of EFH LBO Notes (as defined in the EFIH Second Lien DIP Motion).  **The EFIH Unsecured Notes Trustee also serves as indenture trustee under the EFIH Unexchanged Notes.**

~~expenses~~**claims for compensation and indemnity of the EFIH Second Lien Notes Trustee** under the EFIH First Lien Documents, EFIH Second Lien Documents, and EFIH Collateral Trust Agreement, **including the payment of any professional fees and expenses of EFIH Second Lien Notes Trustee (the "Disputed Fees," together with the EFIH Makewhole Claims, the Disputed Interest, and the Disputed Fees, the "Disputed Amounts"),** and all parties in interest in these Cases reserve rights with respect thereto.

   F. <u>EFIH Debtors' Stipulations Regarding EFIH Senior Toggle Notes</u>. After consultation with their attorneys and financial advisors, and without prejudice to the rights of parties in interest as described herein, the EFIH Debtors stipulate and agree that (paragraph F(i) is referred to herein as the "<u>EFIH Debtors' Stipulations</u>," which are not findings of the Court):

     (i) <u>Validity of Prepetition Toggle Notes Obligations</u>. The Prepetition Toggle Notes Obligations constitute legal, valid, binding, and non-avoidable obligations of the Issuer, enforceable in accordance with the terms of the EFIH Senior Toggle Notes Indenture (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code); (b) no offsets, challenges, objections, defenses, claims, or counterclaims of any kind or nature exist with respect to any of the Prepetition Toggle Notes Obligations and no portion of the Prepetition Toggle Notes Obligations is subject to any challenge or defense, including, without limitation, avoidance, recharacterization, disallowance, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law); and (c) the EFIH Debtors and their estates have no offsets, defenses, claims, objections, challenges, or causes of action, including, without limitation, avoidance claims under chapter 5 of the Bankruptcy Code, against the EFIH ~~Toggle~~**Unsecured** Notes Trustee or EFIH Toggle Note Creditors arising out of, based upon, or related to the EFIH Senior Toggle Notes Indenture, *provided, however*, that the EFIH Debtors fully reserve their rights with respect to any

default or penalty interest (including any "Additional Interest" under the EFIH Toggle Notes Documents) or any make-whole premium, prepayment premium, or "Applicable Premium" under and as defined in the EFIH Senior Toggle Notes Indenture and the Prepetition Toggle Notes Obligations.

        G.    <u>Findings Regarding Postpetition Financing</u>.

        (i)    <u>Request for Postpetition Financing</u>.  The EFIH Debtors seek authority to obtain the EFIH Second Lien DIP Facility on the terms described herein and in the EFIH Second Lien DIP Documents to use all net cash proceeds of the EFIH Second Lien DIP Facility, along with other sources of cash, to consummate the EFIH Second Lien Repayment and the EFIH Second Lien Settlement (as authorized pursuant to the Second Lien Settlement Order).

        (ii)    <u>Need for Postpetition Financing</u>.  Entry of this Order is necessary to allow the EFIH Debtors to consummate the EFIH Second Lien Repayment and EFIH Second Lien Settlement and facilitate the transactions necessary under the Restructuring Support Agreement, including the conversion of the EFIH Second Lien DIP Facility into equity in reorganized Energy Future Holdings Corp. on the terms and conditions specified in the EFIH Second Lien DIP Documents upon the effective date of an Acceptable Reorganization Plan (as defined in the Restructuring Support Agreement) (the "<u>Equity Conversion</u>").  The EFIH Debtors do not have sufficient available sources of working capital and financing to consummate the EFIH Second Lien Repayment and consummate the EFIH Second Lien Settlement without the EFIH Second Lien DIP Facility.

        (iii)    <u>No Credit Available on More Favorable Terms</u>.  Given their current financial condition, financing arrangements (including the EFIH First Lien DIP Financing), and capital structure, the EFIH Debtors have been unable to obtain incremental debtor in possession

financing on a second lien basis from sources other than the EFIH Second Lien DIP Note Purchasers on terms more favorable than the EFIH Second Lien DIP Facility. The EFIH Debtors have been unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The EFIH Debtors have also been unable to obtain financing in a sufficient amount or on adequate terms to satisfy the EFIH Debtors' obligations and enable the EFIH Second Lien Repayment and EFIH Second Lien Settlement solely by having the financing (a) have priority over that of administrative expenses of the kind specified in sections 503(b), 507(a), and 507(b) of the Bankruptcy Code or (b) be secured by a lien on property of the EFIH Debtors and their estates that is not otherwise subject to a lien. Financing on a postpetition basis is not otherwise available on the terms available under the EFIH Second Lien DIP Facility without granting the EFIH Second Lien DIP Agent, for the benefit of itself and the EFIH Second Lien DIP Note Purchasers, (x) perfected security interests in and liens on (each, as provided herein) all of the EFIH Debtors' existing and after-acquired assets in the priorities set forth in this Order, (y) superpriority claims as set forth in this Order, and (z) the other protections set forth in this Order.

(iv)     Separateness. The EFIH Debtors, the EFIH Second Lien DIP Agent, and the EFIH Second Lien DIP Notes Purchasers hereby acknowledge and agree to the separateness provisions in section 11.20 of the EFIH Second Lien DIP NPA.

H.     Use of Proceeds of the EFIH Second Lien DIP Facility and Repayment of EFIH Second Lien DIP Obligations. As a condition to entry into the EFIH Second Lien DIP NPA and the extension of credit under the EFIH Second Lien DIP Facility, the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers require, and the EFIH Debtors have agreed, that proceeds of the EFIH Second Lien DIP Facility shall be used, in each case in a manner consistent with the terms and conditions of the EFIH Second Lien DIP Documents and this Order,

(a) to pay transaction costs, fees, liabilities, and expenses, and other administration costs incurred in connection with the commitment, negotiation, syndication, documentation (including any commitment letters), execution, and closing of the EFIH Second Lien DIP Facility, and (b) to consummate the EFIH Second Lien Repayment and the EFIH Second Lien Settlement.

I.      Section 506(c).  In light of the agreement of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers to subordinate their liens and superpriority claims to the Carve Out (as defined below) and the Prepetition Secured Obligations, such persons are each entitled to a waiver of the provisions of section 506(c) of the Bankruptcy Code.

J.      Good Faith of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers.

(i)      Willingness To Provide Financing.  The EFIH Second Lien DIP Note Purchasers have indicated a willingness to provide financing to the EFIH Debtors subject to (a) the entry of this Order, (b) approval of the terms and conditions of the EFIH Second Lien DIP Facility and the EFIH Second Lien DIP Documents, and (c) entry of findings by the Court that (1) such financing is in the best interests of the EFIH Debtors' estates, (2) the EFIH Second Lien DIP Agent and each of the EFIH Second Lien DIP Note Purchasers are extending credit to the EFIH Debtors pursuant to the EFIH Second Lien DIP Documents in good faith, and (3) the EFIH Second Lien DIP Agent's and the EFIH Second Lien DIP Note Purchasers' claims, superpriority claims, security interests and liens, and other protections granted pursuant to this Order and the EFIH Second Lien DIP Documents will have the protections provided in section 364(e) of the Bankruptcy Code and will not be affected by any subsequent reversal, modification, vacatur, amendment, reargument, or reconsideration of this Order or any other order.

(ii)     <u>Business Judgment and Good Faith Pursuant to Section 364(e)</u>.  The terms

and conditions of the EFIH Second Lien DIP Facility and the EFIH Second Lien DIP Documents,

and the fees and expenses paid and to be paid thereunder and hereunder, are fair, reasonable, and

the best available to the EFIH Debtors under the circumstances, reflect the EFIH Debtors' exercise

of prudent business judgment consistent with their fiduciary duties, and are supported by

reasonably equivalent value and consideration.   The EFIH Second Lien DIP Facility was

negotiated in good faith and at arms' length among the EFIH Debtors, the EFIH Second Lien DIP

Agent, and the EFIH Second Lien DIP Note Purchasers.   Credit to be extended under the EFIH

Second Lien DIP Facility shall be deemed to have been so allowed, advanced, made, used, or

extended in good faith, and for valid business purposes and uses, within the meaning of section

364(e) of the Bankruptcy Code, and the EFIH Second Lien DIP Agent and each of  the EFIH

Second Lien DIP Note Purchasers are therefore entitled to the protection and benefits of section

364(e) of the Bankruptcy Code.

(iii)     <u>EFIH Second Lien DIP Offering</u>.  The EFIH Debtors invited the applicable

parties to participate in the EFIH Second Lien DIP Offering ~~(as defined in the EFIH Second Lien~~

~~DIP Motion)~~ in good faith and such invitation did not constitute a solicitation on a plan of

reorganization.

(iv)     <u>EFIH Second Lien Opt-In</u>.  The EFIH Debtors invited the Prepetition EFIH

Second Lien Creditors to participate in the EFIH Second Lien Settlement (the "<u>EFIH Second Lien</u>

<u>Opt-In</u>") in good faith and such invitation did not constitute a solicitation on a plan of

reorganization.

K.     <u>Good Cause</u>.  The relief requested in the EFIH Second Lien DIP Motion is

necessary, essential, and appropriate, and is in the best interests of, and will benefit, the EFIH

Debtors and their estates, creditors, and other parties in interest, as its implementation will, *inter alia,* (a) provide the EFIH Debtors with the necessary liquidity to consummate the EFIH Second Lien Repayment and (b) facilitate the deleveraging of the EFIH Debtors' capital structure through the Equity Conversion.

L.    <u>Adequate Protection</u>.    No adequate protection of the Prepetition EFIH Secured Creditors is required because (1) the EFIH Second Lien DIP Liens are not priming (a) the liens purportedly securing the Prepetition First Lien Obligations (the "<u>Prepetition First Priority Liens</u>") or (b) the liens purportedly securing the Prepetition Second Lien Obligations (the "<u>Prepetition Second Priority Liens</u>"), (2) (a) **other than Disputed Amounts,** the EFIH First Lien Notes have been repaid as authorized by the EFIH First Lien DIP Order and (b) **other than Disputed Amounts,** the EFIH Second Lien Notes are being repaid in connection with the EFIH Second Lien Repayment and the EFIH Second Lien Settlement authorized by this Order and the Second Lien Settlement Order, as applicable.    To the extent any adequate protection is necessary with respect to any disputed amounts related to the EFIH Second Lien Repayment, such claims, if any, are oversecured and, therefore, adequately protected to the extent such disputed obligations are allowed.

M.    <u>Notice</u>.    In accordance with rules 2002, 4001(c) and (d), and 9014 of the Bankruptcy Rules, and the Local Bankruptcy Rules, notice of the Hearing and the relief requested in the EFIH Second Lien DIP Motion has been provided by the EFIH Debtors, whether by facsimile, email, overnight courier or hand delivery, to certain parties in interest, including:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) and proposed counsel thereto; (c) Wilmington Trust, N.A., in its capacity as

administrative agent under the TCEH first lien credit agreement and collateral agent under the Texas Competitive Electric Holdings Company LLC ("TCEH LLC" and, together with Energy Future Competitive Holdings Company LLC ("EFCH") and their subsidiaries, "TCEH") TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% Energy Future Holdings Corp. ("EFH") senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings

Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH First Lien DIP Financing and counsel thereto; (o) the EFIH Second Lien DIP Agent and counsel thereto; (p) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (q) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (r) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) Texas Transmission Investment LLC and counsel thereto; (z) Oncor Electric Delivery Holdings Company LLC and counsel thereto; and (aa) proposed counsel to the Appointed Committee.  Notice of the Hearing having been given by the EFIH Debtors in a manner consistent with the Bankruptcy Code and the Hearing having been held by this Court on June 30, 2014; and upon the record at the Hearing, and after due deliberation and consideration and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1.      <u>EFIH Second Lien DIP Facility, EFIH Second Lien Repayment, and Use of Cash Collateral Authorized and Approved</u>.  The EFIH Second Lien DIP Motion is granted to the extent set forth in this Order, the EFIH Second Lien Repayment is authorized and approved, the EFIH Debtors are authorized to perform all obligations under the EFIH Second Lien DIP Documents (including the payment of all fees thereunder, including fees under the Commitment Letter and the

Participation Fee incurred through the funding of the EFIH Second Lien DIP Facility), and the EFIH Debtors are authorized to use EFIH Cash Collateral, each subject to the terms and conditions set forth in this Order.

2.    _Commitment Letter Authorized and Approved_.  The Investment Commitment is hereby approved on the terms set forth in the Commitment Letter.  The EFIH Debtors are authorized and directed to pay the Total Second Lien DIP Commitment Fees, the Closing Fee, ~~the Alternative Transaction Fee (if applicable),~~ the Arrangement Payment, and the Participation Fee, each as incurred as of the funding of the EFIH Second Lien DIP Facility and as set forth in the EFIH Second Lien DIP Motion.  The EFIH Debtors' payment of the Execution Fee (as defined in the EFIH Second Lien DIP Motion) is approved.  The Total Second Lien DIP Commitment Fees, the Closing Fee, ~~the Alternative Transaction Fee (if applicable),~~ the Arrangement Payment, and the Participation Fee, each as incurred through the funding of the EFIH Second Lien DIP Facility, shall be entitled to priority as administrative expense claims under sections 503(b) and 507 of the Bankruptcy Code payable without further order of this Court and paid when due in accordance with the terms of the Commitment Letter without reduction or offset.

3.    _Objections Overruled_.  All objections to the EFIH Second Lien DIP Motion or entry of the Order, to the extent not withdrawn or resolved, each as set forth in this Order, are hereby overruled.  This Order shall be effective immediately upon its entry.

**EFIH Second Lien DIP Facility Authorization**

4.    _Authorization of the EFIH Second Lien DIP Facility_.  The EFIH Debtors are expressly and immediately authorized and empowered to execute and deliver the EFIH Second Lien DIP Documents and to incur and to perform the EFIH Second Lien DIP Obligations and all other obligations thereunder in accordance with, and subject to, the terms of this Order and the EFIH Second Lien DIP Documents, and to deliver all instruments and documents which may be

required or necessary or reasonably requested by the EFIH Second Lien DIP Agent for the performance by the EFIH Debtors under the EFIH Second Lien DIP Facility and the creation and perfection of the EFIH Second Lien DIP Liens described in, and provided for by, this Order and the EFIH Second Lien DIP Documents.  The EFIH Debtors are hereby authorized and directed to pay, as such become due and without need to obtain further Court approval, in accordance with this Order, the principal, interest, fees, expenses, reimbursement obligations, and other amounts payable or reimbursable by the EFIH Debtors described in the EFIH Second Lien DIP Documents and all other documents comprising the EFIH Second Lien DIP Facility, including, without limitation, agent's fees and each of the fees described in the EFIH Second Lien DIP Motion and the EFIH Second Lien DIP NPA, including the fees payable under the Commitment Letter incurred as of the funding of the EFIH Second Lien DIP Facility, whether or not the transactions contemplated hereby are consummated, in each case to the extent provided for in the EFIH Second Lien DIP Documents.  All collections and proceeds, whether ordinary course or otherwise, will be applied as required by this Order and the EFIH Second Lien DIP Documents.  Upon execution and delivery, the EFIH Second Lien DIP Documents shall represent valid and binding obligations of the EFIH Debtors, enforceable against each of the EFIH Debtors and their estates in accordance with their terms.

5.    <u>Authorization to Borrow</u>.  Until the DIP Termination Date (as defined herein), and subject to the terms and conditions set forth in the EFIH Second Lien DIP Documents, the EFIH Second Lien DIP Facility, and this Order, the EFIH Debtors are hereby authorized to (a) borrow an aggregate principal amount of up to $1,900,000,000 in Tranche A Notes under the EFIH Second Lien DIP Facility, and any Guarantors are hereby authorized to guarantee such borrowings and (b) issue $95,000,000 in in Tranche B Notes under the EFIH Second Lien DIP Facility in connection

with the payment of the Closing Fee, and any Guarantors are hereby authorized to guarantee such issuance.

6.      <u>Use of EFIH Second Lien DIP Facility Proceeds</u>.  Immediately upon entry of this Order, the EFIH Debtors are authorized to draw upon the EFIH Second Lien DIP Facility only for the purposes specifically set forth in, and subject to the terms and conditions of, this Order and the EFIH Second Lien DIP Documents.

7.      <u>EFIH Second Lien DIP Obligations</u>.  The EFIH Second Lien DIP Obligations shall be enforceable against the EFIH Debtors, their estates, and any successors thereto, including, without limitation, any trustee appointed in the Cases, any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases, or in any other proceedings superseding or related to any of the foregoing (collectively, the "<u>Successor Cases</u>").  On the DIP Termination Date, either (a) the EFIH Second Lien DIP Obligations shall have been subject to the Equity Conversion or (b) if the EFIH Second Lien DIP Obligations shall not have been subject to the Equity Conversion, then the EFIH Second Lien DIP Obligations shall be due and payable, without notice or demand, to the extent provided for under the EFIH Second Lien DIP NPA and the EFIH DIP Intercreditor Agreement and subject to any requirements in the EFIH Second Lien DIP NPA to provide prior notice of acceleration.

8.      <u>Liens Securing EFIH Second Lien DIP Obligations</u>.  To secure the EFIH Second Lien DIP Obligations, effective immediately upon entry of this Order, pursuant to sections 361, 362, 364(c)(2), and 364(c)(3) of the Bankruptcy Code, the EFIH Second Lien DIP Agent, for the benefit of itself, any sub-agents, and the EFIH Second Lien DIP Note Purchasers, is hereby granted the following continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected postpetition security interests and liens (all property identified in clauses

(a) and (b) below being collectively referred to as the "<u>EFIH DIP Collateral</u>," and all such liens, the "<u>EFIH Second Lien DIP Liens</u>"), subject to the payment of the Carve Out, the EFIH First Lien DIP Liens (as defined in the EFIH Second Lien DIP Motion), the Prepetition ~~EFIH~~ First Priority Liens, the Prepetition ~~EFIH~~ Second Priority Liens, and the Permitted Prior Liens (as defined herein), and notwithstanding any agreement that may purport to prevent, hinder, or attach obligations with respect to the incurrence of the EFIH Second Lien DIP Liens, including, but not limited to, that certain Investor Rights Agreement (as amended, modified, supplemented, restated, or waived from time to time), dated as of November 5, 2008, entered into by and among Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, Texas Transmission Investment LLC, and EFH:

       (a)    <u>Lien on Cash Balances and Unencumbered Property</u>.  Pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected, second-priority security interest in and lien upon all prepetition and postpetition property of the EFIH Debtors, whether existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date, is not subject to valid, perfected, and non-avoidable liens, including, without limitation, all real and personal property, inventory, plant, fixtures, machinery, equipment, cash, any investment of such cash, accounts receivable, other rights to payment whether arising before or after the Petition Date (including, without limitation, postpetition intercompany claims of the EFIH Debtors), deposit accounts, investment property, supporting obligations, minerals, oil, gas, and as-extracted collateral, causes of action (including those arising under section 549 of the Bankruptcy Code and any related action under section 550 of the Bankruptcy Code), royalty interests, chattel paper, contracts, general intangibles, documents, instruments, interests in leaseholds, letter of credit rights, patents, copyrights, trademarks, trade names, other intellectual

property, capital stock and stock equivalents of subsidiaries, books and records pertaining to the foregoing, and to the extent not otherwise included, all proceeds, products, offspring, and profits of any and all of the foregoing (the "Unencumbered Property").  Notwithstanding the prior sentence, Unencumbered Property shall in any event exclude the EFIH Debtors' claims and causes of action under chapter 5 of the Bankruptcy Code (other than causes of action arising under section 549 of the Bankruptcy Code and any related action under section 550 of the Bankruptcy Code), or any other avoidance actions under the Bankruptcy Code (collectively, "Avoidance Actions"), but shall include any proceeds or property recovered, unencumbered, or otherwise the subject of successful Avoidance Actions, whether by judgment, settlement, or otherwise.

(b)    Liens Junior to Certain Other Liens.  Pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected, junior security interest in and lien upon all prepetition and postpetition property of the EFIH Debtors (other than the property described in clause (a) of this paragraph 8, as to which the liens and security interests in favor of the EFIH Second Lien DIP Agent will be as described in such clause), whether existing on the Petition Date or thereafter acquired, that is subject to (i) any valid, perfected, and non-avoidable liens in existence immediately prior to the Petition Date, including the other Permitted Liens (as defined in the EFIH Second Lien DIP NPA) and any valid and non-avoidable liens in existence immediately prior to the Petition Date that are perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code (collectively, the "Permitted Prior Liens" **which, for the avoidance of doubt, include the Prepetition First Priority Liens and the Prepetition Second Priority Liens**), and (ii)  the EFIH First Lien DIP Liens.

(c)     <u>No Liens on Excluded Collateral</u>.  Notwithstanding anything to the contrary herein, the EFIH DIP Collateral shall not include any Excluded Collateral (as defined in the EFIH Second Lien DIP NPA).

(d)     <u>Liens Senior to Certain Other Liens</u>.  The EFIH Second Lien DIP Liens shall not be subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the EFIH Debtors and their estates under section 551 of the Bankruptcy Code.

9.     <u>EFIH Second Lien DIP Lien Priority</u>.  The EFIH Second Lien DIP Liens are valid, binding, continuing, automatically perfected, non-avoidable, senior in priority, and superior to any security, mortgage, collateral interest, lien, or claim to any of the EFIH DIP Collateral, except that the EFIH Second Lien DIP Liens shall be junior to (a) Permitted Prior Liens, (b) the EFIH First Lien DIP Liens, and (c) the Carve Out.  For purposes of this Order, it shall be an Event of Default if, other than as set forth herein or the EFIH DIP Intercreditor Agreement, the EFIH Second Lien DIP Liens shall be made subject to, or *pari passu* with, any lien or security interest heretofore or hereinafter granted in the Cases or any Successor Cases, upon the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code (or in any other EFIH Debtor Successor Case), and/or upon the dismissal of any of the Cases or Successor Cases.  No lien or interest avoided and preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the EFIH Second Lien DIP Liens.

10.     <u>DIP Second Priority Claims</u>.  Upon entry of this Order, the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers are hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, allowed junior superpriority administrative expense claims in each of the Cases and any Successor Cases (collectively, the "<u>DIP Second Priority Claims</u>") for all EFIH Second Lien DIP Obligations:  (a) except as set forth herein, with priority over any and all

administrative expense claims, diminution claims, unsecured claims, and all other claims against the EFIH Debtors or their estates in any of the Cases and any Successor Cases, existing on the Petition Date or thereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in, or ordered pursuant to, sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726, 1113, and 1114 of the Bankruptcy Code, and any other provision of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, or attachment, which allowed claims shall be payable from, and have recourse to, all prepetition and postpetition property of the EFIH Debtors and all proceeds thereof; and (b) which shall at all times be senior to the rights of the EFIH Debtors and their estates, and any successor trustee or other estate representative to the extent permitted by law.  The DIP Second Priority Claims shall be subject only to the payment of (a) superpriority administrative expense claims granted under the EFIH First Lien DIP Financing, (b) the Prepetition Secured Obligations, and (c) the Carve Out, each to the extent specifically provided for herein and in the EFIH First Lien DIP Order, as applicable.

11.    <u>No Obligation to Extend Credit</u>.    The EFIH Second Lien DIP Agent, the Commitment Parties (as defined in the EFIH Second Lien DIP Motion) and the EFIH Second Lien DIP Note Purchasers shall have no obligation to make any loan or advance under the EFIH Second Lien DIP Documents, unless all of the conditions precedent to the making of such extension of credit under the EFIH Second Lien DIP Documents and this Order have been satisfied in full or waived in accordance with the terms of the EFIH Second Lien DIP Documents.

**The EFIH Second Lien Repayment and EFIH Second Lien Settlement**

12.     The EFIH Second Lien Repayment, as described more fully in the EFIH Second Lien DIP Motion and as set forth in this Order, is hereby approved and shall be in full satisfaction of all principal and interest due and owing under the EFIH Second Lien Notes, the EFIH Second Lien Indenture, and any related documents, and the EFIH Debtors are hereby authorized to consummate the EFIH Second Lien Repayment, *provided, however*, that other than as set forth in the Second Lien Settlement Order, the rights of all parties in interest are preserved with respect to the ~~EFIH Second Lien Makewhole Claims and default or penalty interest (including with respect to Additional Interest and interest on interest) and the payment of fees and expenses~~**Disputed Amounts** and all other amounts under the EFIH Second Lien Documents and the EFIH Collateral Trust Agreement.

13.     The Debtors, **the** collateral trustee under the EFIH Collateral Trust Agreement (the "EFIH Prepetition Collateral Trustee"), **the** EFIH Second Lien Notes Trustee, ~~and~~**the** Prepetition EFIH Second Lien Creditors**, *The Depository Trust Company* ("DTC"), and Epiq Bankruptcy Solutions LLC ("Epiq")** are authorized and directed to (a) take all actions reasonably requested by the EFIH Debtors**, or that are necessary or customary,** to implement the EFIH Second Lien Repayment and the EFIH Second Lien Settlement and (b) enter into and deliver any instruments, documents, certifications, supplements and agreements that may be reasonably necessary or desirable to implement the EFIH Second Lien Repayment, including any payoff letters and any instruments with respect to the EFIH Second Lien Notes, ~~including, without limitation, that the Borrowers~~**and the Issuers or an agent of the Issuers** shall pay the proceeds payable to the non-settling Prepetition EFIH Second Lien Creditors under the EFIH Second Lien Repayment, in immediately available funds, to ~~*The Depository Trust Company*~~**the *EFIH Second Lien Notes***

*Trustee*, **in its capacity as paying agent,** in connection with the consummation of the EFIH Second Lien Repayment for the benefit of the non-settling Prepetition EFIH Second Lien Creditors, and, as promptly as practicable thereafter and without undue delay, The Depository Trust Company shall repay**, without undue delay, and without regard to the pendency or result of any pending turnover proceeding brought by the EFIH First Lien Notes Trustee relating to the EFIH Collateral Trust Agreement,** the EFIH Second Lien Notes held by**Trustee shall distribute such proceeds to the** non-settling Prepetition EFIH Second Lien Creditors **in accordance with the EFIH Second Lien Indenture** and notify the EFIH Prepetition Collateral Trustee and *EFIH Second Lien Notes Trustee* of such repayment.**Epiq of such repayment.  The EFIH Debtors' payment of such amounts to the EFIH Second Lien Notes Trustee pursuant to the terms of this Order shall constitute full satisfaction of all principal and accrued but unpaid interest (but excluding Disputed Interest) under the EFIH Second Lien Notes held by non-settling Prepetition EFIH Second Lien Creditors, and all obligations of the EFIH Debtors shall cease with respect thereto, and, for the avoidance of doubt, no interest shall accrue on the EFIH Second Lien Notes held by non-settling Prepetition EFIH Second Lien Creditors with respect to amounts so paid, notwithstanding the pendency or result of any turnover proceeding brought by the EFIH First Lien Notes Trustee relating to the EFIH Collateral Trust Agreement. ¶**

    **14.     Epiq is authorized and directed to act as the Subscription Agent in the EFIH Second Lien DIP Offering (as defined in the EFIH Second Lien DIP Motion) and to take all necessary, customary, and desirable actions as Subscription Agent in connection with the EFIH Second Lien DIP Offering.**

**15.** ~~14.~~ The EFIH Second Lien Notes Trustee, following the consummation of the EFIH Second Lien Repayment and the EFIH Second Lien Settlement, shall in its customary manner reduce the EFIH Second Lien Notes, provide to the EFIH Debtors evidence of such reduction, and take any such other customary or reasonable actions in connection with the consummation of the EFIH Second Lien Repayment and EFIH Second Lien Settlement, including, without limitation, **preparation and transmission of any necessary or customary notices to DTC,** acceptance of certain withdrawals via "Deposit or Withdrawal at Custodian**,**" and confirmation of any drawdown submitted to the EFIH Second Lien Notes Trustee by ~~The Depository Trust Company~~**DTC** in connection with the consummation of the EFIH Second Lien Repayment and EFIH Second Lien Settlement.

**Use of Cash Collateral**

**16.** ~~15.~~ The EFIH Debtors hereby are authorized to use the EFIH Cash Collateral solely to the extent and for the purposes set forth in this Order and in accordance with the Budget (as defined below); *provided, however*, that use of cash or transfers of cash to any debtor other than the EFIH Debtors shall not be permitted, except to the extent permitted under the Cash Management Order (as defined in the EFIH Second Lien DIP NPA), *provided further, however*, that the foregoing shall not restrict intercompany payments and other transfers of cash collateral in connection with any bankruptcy-related expenses of the EFIH Debtors (including payment of professionals' fees of the EFIH Debtors) to the extent that such payments or other transfers are approved by the Cash Management Order, including, but not limited to, pursuant to any Shared Services Agreement or Tax Sharing Agreement (as defined in the EFIH Second Lien DIP NPA).

**EFIH Second Lien DIP Facility**

**17.** ~~16.~~ Amendments to the EFIH Second Lien DIP Documents. The EFIH Debtors are hereby authorized to implement, in accordance with the terms of the EFIH Second Lien DIP

Documents, (a) any modifications other than modifications to the principal amount, maturity date, or interest rate (including, without limitation, any change to the number or composition of the EFIH Second Lien DIP Note Purchasers) under the EFIH Second Lien DIP Documents without further order of the Court, and (b) any other modifications to the EFIH Second Lien DIP Documents, *provided, however,* that notice of any material modification or amendment to the EFIH Second Lien DIP Documents shall be provided to counsel for the Creditors' Committee, if any, **counsel to the EFIH Unsecured Notes Trustee** and the U.S. Trustee, each of whom shall have five (5) business days from the date of such notice within which to object, in writing, to such modification or amendment.  If the Creditors' Committee, if any, **the EFIH Unsecured Notes Trustee** or the U.S. Trustee timely objects to any material modification or amendment to the EFIH Second Lien DIP Documents, such modification or amendment shall only be permitted pursuant to an order of the Court.  The foregoing shall be without prejudice to the EFIH Debtors' right to seek approval from the Court of a material modification on an expedited basis.

**18.**    ~~17.~~ Budget and Annual Forecast Reporting.  Beginning on the date of entry of this Order, the Issuer will provide the EFIH Second Lien DIP Agent with a statement of cash sources and uses of all free cash flow for the next full three (3) calendar months of the EFIH Debtors (on a consolidated basis) broken down by month (the "Budget"), in the form of the Initial Budget (as defined in the EFIH Second Lien DIP NPA) attached to the EFIH Second Lien DIP Motion as Exhibit C, including the anticipated uses of the EFIH Second Lien DIP Facility for such period, and after such three (3) calendar month period, at the end of each fiscal quarter (or, at the election of the Issuer, at the end of each calendar month or such other earlier period as may be agreed), an updated Budget for the subsequent three (3)-calendar month period.  The borrowing under the EFIH Second Lien DIP Facility is subject to, among other things, the Issuer's delivery of the Initial

Budget to the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers.  The

Issuer will also provide to the EFIH Second Lien DIP Agent, on a monthly basis, a variance report

for each calendar month (delivered no later than the end of the subsequent calendar month), (a)

showing a statement of actual cash sources and uses of all free cash flow for the immediately

preceding calendar month, noting therein all material variances from values set forth for such

historical periods in the most recently delivered Budget, including explanations for all material

variances, and (b) certified as to its reasonableness when made by an Authorized Officer of the

Issuer.  Beginning upon the entry of this Order (and again no later than December 1, 2014 for the

business plan and operating budget covering 2015, and no later than December 1, 2015 for the

business plan and operating budget covering 2016), the Issuer will provide the EFIH Second Lien

DIP Agent with the EFIH Debtors' approved annual business plan and projected operating budget

through the EFIH Second Lien DIP Facility's stated maturity date (the "Annual Operating

Forecast"), (x) which shall be broken down by month, including, without limitation, income

statements, balance sheets, cash flow statements, projected capital expenditures, asset sales, a line

item for total available liquidity for the period of such Annual Operating Forecast, and (y) which

shall set forth the anticipated uses of the EFIH Second Lien DIP Facility for such period, certified

as to its reasonableness when made by an Authorized Officer of the Issuer.  Both the Budget and

the Annual Operating Forecast shall provide, among other things, for the payment of the fees and

expenses relating to the EFIH Second Lien DIP Facility, ordinary course administrative expenses,

bankruptcy-related expenses and working capital, and other general corporate needs; *provided,

however*, that the Allowed Professional Fees (as defined in the EFIH First Lien DIP Order) and

fees and expenses related to the EFIH Second Lien DIP Facility will be due and payable, and will

be paid by the EFIH Debtors, whether or not consistent with the items or amounts set forth in the

Initial Budget, the Budget, or the Annual Operating Forecast; *provided, further*, that under no circumstance will the Initial Budget, the Budget, or the Annual Operating Forecast be construed as a cap or limitation on the amount of the Allowed Professional Fees or the fees and expenses related to the EFIH Second Lien DIP Facility due and payable by the EFIH Debtors.

**19.**    ~~18.~~ Modification of the Automatic Stay.  The automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Order, including, without limitation, to (a) permit the EFIH Debtors to grant the EFIH Second Lien DIP Liens and the DIP Second Priority Claims, (b) permit the EFIH Debtors to perform such acts as the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers each may request in its sole discretion to assure the perfection and priority of the liens granted herein, (c) permit the EFIH Debtors to incur all liabilities and obligations to the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers under the EFIH Second Lien DIP Documents and this Order, and (d) authorize the EFIH Debtors to make payments, and the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers to retain and apply payments made, in accordance with the terms of this Order.

**20.**    ~~19.~~ Perfection of EFIH Second Lien DIP Liens.  This Order shall be sufficient and conclusive evidence of the granting, attachment, validity, perfection, and priority of the EFIH Second Lien DIP Liens granted herein, without the necessity of filing or recording any financing statement, patent filing, trademark filing, copyright filing, fixture filing, mortgage, notice of lien, or other instrument or document, which may otherwise be required under the law or regulation of any jurisdiction, or the taking possession of, or control over, assets, or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement, securities account control agreement, or other similar agreement) to grant, attach, validate, or

perfect (in accordance with applicable non-bankruptcy law) the EFIH Second Lien DIP Liens, or to entitle the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, and/or other secured parties pursuant to the EFIH Second Lien DIP Documents to the priorities granted herein.  Notwithstanding the foregoing, the EFIH Second Lien DIP Agent is authorized, but not required, to file, as it in its sole discretion deems necessary, such financing statements, patent filings, trademark filings, copyright filings, mortgages, notices of liens, and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the EFIH Second Lien DIP Liens, and all such financing statements, patent filings, trademark filings, copyright filings, mortgages, notices of lien, and other documents and information shall be deemed to have been filed or recorded as of the Petition Date; *provided, however*, that no such filing or recordation shall be necessary or required in order to create or perfect the EFIH Second Lien DIP Liens.  The EFIH Debtors are authorized and directed to execute and deliver promptly upon demand to the EFIH Second Lien DIP Agent all such financing statements, mortgages, notices, and other documents and information as the EFIH Second Lien DIP Agent may reasonably request.  The EFIH Second Lien DIP Agent, in its discretion, may file a photocopy of this Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to, or in lieu of, such financing statements, notices of lien, or similar instrument.  In furtherance of the foregoing and without further approval of the Court, each Debtor is (a) authorized to do and perform all acts to make, execute, and deliver all instruments and documents and provide all information and (b) authorized and directed to pay all fees that may be reasonably required or necessary for the EFIH Debtors' performance hereunder.

**21.**  ~~20.~~ Proceeds of Subsequent Financing.  If the EFIH Debtors, any trustee, any examiner with enlarged powers, or any responsible officer subsequently appointed in the Cases or

any Successor Cases, shall obtain credit or incur debt pursuant to sections 364(b), 364(c), or 364(d) of the Bankruptcy Code or in violation of the EFIH Second Lien DIP Documents at any time prior to such time as the EFIH Second Lien DIP Obligations (excluding any Contingent Obligations) have either (a) been subject to the Equity Conversion or (b) indefeasibly paid in full and all Commitments have been terminated, including subsequent to the confirmation of any plan with respect to any or all of the EFIH Debtors and the EFIH Debtors' estates, and such facilities are secured by any EFIH DIP Collateral, then, subject to the terms of the EFIH DIP Intercreditor Agreement, cash proceeds derived from such credit or debt shall be used to the extent necessary to indefeasibly repay in full the EFIH Second Lien DIP Obligations.

**22.**    21. Maintenance of EFIH DIP Collateral.  Until such time as all EFIH Second Lien DIP Obligations (excluding any Contingent Obligations) have (a) been subject to the Equity Conversion or (b) been indefeasibly paid in full and all Commitments have been terminated, the EFIH Debtors shall (a) maintain and insure the EFIH DIP Collateral in amounts, for the risks, and by the entities as required under the EFIH Second Lien DIP Documents and (b) maintain the cash management system in effect as of the Petition Date consistent with the Cash Management Order, as modified by any order that may be entered by the Court, to which the EFIH Second Lien DIP Agent has first agreed, or as otherwise required by the EFIH Second Lien DIP Documents, including the EFIH DIP Intercreditor Agreement.

**23.**    22. Disposition of EFIH DIP Collateral; Rights of EFIH Second Lien DIP Agent and EFIH Second Lien DIP Note Purchasers.  The EFIH Debtors shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the EFIH DIP Collateral other than as permitted in the EFIH Second Lien DIP Documents and the EFIH DIP Intercreditor Agreement (and no consent shall be implied from any action, inaction, or acquiescence by the EFIH Second Lien DIP

Agent, the EFIH Second Lien DIP Note Purchasers, or an order of the Court); *provided* that the EFIH Debtors may release liens on the EFIH DIP Collateral solely to the extent permitted by the EFIH Second Lien DIP Documents, including the EFIH DIP Intercreditor Agreement.

**24.**    23. DIP Termination Date.  On the DIP Termination Date, (a) either (i) the EFIH Second Lien DIP Obligations shall be subject to the Equity Conversion or (ii) the EFIH Second Lien DIP Obligations shall be immediately due and payable in cash and all Commitments shall terminate and (b) unless (i) the EFIH Second Lien DIP Obligations shall have been subject to the Equity Conversion or (ii) the EFIH Second Lien DIP Obligations (excluding Contingent Obligations) have been indefeasibly paid in full, in cash, all authority to use the EFIH DIP Collateral, including cash collateral, shall cease, *provided, however*, that nothing in this Order shall prevent or hinder the EFIH Debtors from seeking the continued use of EFIH Cash Collateral with the consent of the EFIH First Lien DIP Agent and the EFIH Second Lien DIP Agent in accordance with the provisions of the EFIH First Lien DIP Documents, the EFIH Second Lien DIP Documents, and the EFIH DIP Intercreditor Agreement but without the consent of the EFIH Prepetition Collateral Trustee or Prepetition Secured Notes Trustees to the extent necessary.  For purposes of this Order, the "DIP Termination Date" shall mean the Maturity Date as defined in the EFIH Second Lien DIP NPA.

**25.**    24. Events of Default.  The occurrence of an "Event of Default" under the EFIH Second Lien DIP Documents shall, subject to the terms of the EFIH DIP Intercreditor Agreement, constitute an Event of Default under this Order, unless waived in accordance with the EFIH Second Lien DIP Documents and/or the EFIH DIP Intercreditor Agreement.  Notwithstanding anything to the contrary contained herein, in the EFIH First Lien DIP Documents, in the EFIH Second Lien DIP Documents, or in the EFIH DIP Intercreditor Agreement, any Event of Default

under this Order or the EFIH Second Lien DIP Documents, other than any Event of Default which cannot be waived without the written consent of each EFIH Second Lien DIP Purchaser directly and adversely affected thereby or otherwise waived under the terms of the EFIH DIP Intercreditor Agreement, shall be deemed not to be "continuing" if the events, act, or condition that gave rise to such Event of Default have been remedied or cured (including by payment, notice, taking of any action, or omitting to take any action) or have ceased to exist and the Issuer is in compliance with the EFIH Second Lien DIP Documents.

**26.**     ~~25.~~ Rights and Remedies Upon Event of Default.  Upon the occurrence of an Event of Default and following the giving of five business days' notice to the EFIH Debtors (the "Remedies Notice Period")**,** ~~and~~ counsel to the Creditors' Committee, if any, **and counsel to the EFIH Unsecured Notes Trustee,** subject to the terms of the EFIH DIP Intercreditor Agreement, the EFIH Second Lien DIP Agent, on behalf of the EFIH Second Lien DIP Note Purchasers, may exercise all rights and remedies provided for in the EFIH Second Lien DIP Documents and may declare (a) the termination, reduction, or restriction of any further Commitment to the extent any such Commitment remains, (b) all EFIH Second Lien DIP Obligations to be immediately due and payable, without presentment, demand, protest, or other notice of any kind, all of which are expressly waived by the EFIH Debtors, and (c) the termination of the EFIH Second Lien DIP Documents as to any future liability or obligation of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers, but without affecting any of the EFIH Second Lien DIP Liens or the EFIH Second Lien DIP Obligations.  During the Remedies Notice Period, the EFIH Debtors may continue to use the EFIH DIP Collateral, including cash collateral, in the ordinary course of business, consistent with past practices and the most recently delivered Budget, but may not enter into any transactions or arrangements (including, without limitation, the incurrence of

indebtedness or liens, investments, restricted payments, asset sales, or transactions with non-Debtor affiliates) that are not in the ordinary course of business; *provided* that nothing in this Order shall limit the ability of the EFIH Debtors to (y) seek the use of EFIH DIP Collateral, including cash collateral, on a nonconsensual basis during the Remedies Notice Period to the extent necessary or (z) challenge whether an Event of Default has occurred and/or is continuing. Unless the Court orders otherwise during the Remedies Notice Period, at the end of the Remedies Notice Period, and at all times and in all respects subject to the EFIH DIP Intercreditor Agreement, (a) the EFIH Debtors shall no longer have the right to use or seek to use the EFIH DIP Collateral, including cash collateral, (b) the automatic stay pursuant to section 362 of the Bankruptcy Code, as to all of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers, shall be automatically terminated without further notice to, or order of, the Court, and (c) the EFIH Second Lien DIP Agent, on behalf of itself and the EFIH Second Lien DIP Note Purchasers, shall be permitted to exercise all rights against the EFIH DIP Collateral in accordance with the EFIH Second Lien DIP Documents, the EFIH DIP Intercreditor Agreement, and this Order, and shall be permitted to satisfy the EFIH Second Lien DIP Obligations without further order or application or motion to the Court and without restriction or restraint by any stay under section 362 or 105 of the Bankruptcy Code. Notwithstanding anything herein to the contrary, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be automatically terminated for the purposes of giving any notice contemplated hereunder. During the Remedies Notice Period, any party in interest shall be entitled to seek an emergency hearing with the Court solely for the purpose of contesting whether an Event of Default has occurred and/or is continuing, and the EFIH Debtors waive their right to, and shall not be entitled to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent that such relief would in any way impair or restrict the rights

and remedies of the EFIH Second Lien DIP Agent, on behalf of itself and the EFIH Second Lien DIP Note Purchasers, set forth in this Order or the EFIH Second Lien DIP Documents, *provided, however*, that nothing in this paragraph shall (a) limit the EFIH Debtors' rights with respect to the EFIH Prepetition Collateral Trustee, the Prepetition EFIH Notes Trustees, or the Prepetition EFIH Secured Creditors, including the EFIH Debtors' rights to seek the nonconsensual use of cash collateral and other Prepetition EFIH Collateral to the extent necessary; or (b) impair the rights of the EFIH Debtors to file a motion with the Court seeking approval of replacement financing.

**27.** ~~26.~~ Rights of EFIH Second Lien DIP Agent and EFIH Second Lien DIP Note Purchasers Subject to EFIH DIP Intercreditor Agreement.  For the avoidance of doubt, all rights and remedies of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers under this Order and the EFIH Second Lien DIP Documents shall be subject to the terms and conditions of the EFIH DIP Intercreditor Agreement.

**28.** ~~27.~~ Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Order.  Based on the findings set forth in this Order and the record made during the Hearing, and in accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Order are hereafter modified, amended, or vacated by a subsequent order of the Court or any other court, each of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers are entitled to the protections provided in section 364(e) of the Bankruptcy Code.  To the fullest extent permitted under section 364(e) of the Bankruptcy Code, any liens or claims granted to the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers hereunder arising prior to the effective date of any such modification, amendment, or vacatur of this Order shall be governed in all respects by the original provisions of this Order, including entitlement to all rights, remedies, privileges, and benefits granted herein.

**29.**   ~~28.~~ DIP and Other Expenses.  Except as set forth below, all fees paid and payable, and costs and/or expenses reimbursed or reimbursable, as set forth in the EFIH Second Lien DIP Documents and/or this Order, by the EFIH Debtors to the EFIH Second Lien DIP Agent, the Advisors (as defined in the EFIH Second Lien DIP NPA), and other parties (if any) as provided in the EFIH Second Lien DIP Documents (including the EFIH Second Lien DIP NPA and the Commitment Letter) are hereby approved.  The EFIH Debtors are hereby authorized and directed to pay all such fees, costs, and expenses in accordance with the terms of the EFIH Second Lien DIP Documents~~,~~ **and the EFIH First Lien DIP Documents** without the necessity of any further application with the Court for approval or payment of such fees, costs, or expenses.  The EFIH Debtors are authorized and directed  within ten (10) calendar days of written demand (together with reasonably detailed supporting documentation)**)** **by** the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers for their reasonable and documented out-of-pocket expenses incurred in connection with the negotiation, documentation, syndication, and administration of the EFIH Second Lien DIP Facility, any amendments or waivers with respect thereto, any Event of Default in respect of the EFIH Second Lien DIP Facility, and any exercise of remedies in respect thereof (including reasonable and documented out-of-pocket prepetition and postpetition fees, charges, and disbursements of legal counsel, financial advisors, and third-party appraisers and consultants advising the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers incurred in connection with the EFIH Second Lien DIP Agent's and the EFIH Second Lien DIP Note Purchasers' participation in, monitoring of, and/or review of issues arising in, the Cases, as provided in the EFIH Second Lien DIP NPA**)**.  Payment of all such fees and expenses shall not be subject to allowance by the Court; *provided, however*, that, other than with respect to professional fees and expenses required to be paid on the Closing Date, the EFIH

Debtors shall promptly provide copies of invoices received on account of fees and expenses of the professionals retained as provided for in the EFIH Second Lien DIP NPA, the EFIH Second Lien DIP Documents, and this Order to counsel to the Creditors' Committee, if any, **counsel to the EFIH Unsecured Notes Trustee,** and the U.S. Trustee, and the Court shall have exclusive jurisdiction over any objections raised to the invoiced amount of the fees and expenses proposed to be paid, which objections may only be raised within ten (10) calendar days after the EFIH Debtors' receipt thereof.  In the event that within that ten (10) calendar day period, the EFIH Debtors, the U.S. Trustee**, counsel to the EFIH Unsecured Notes Trustee,** or counsel to the Creditors' Committee, if any, raises an objection to a particular invoice, (a) the EFIH Debtors shall promptly pay only the fees and expenses not subject to an objection and (b) to the extent any objection is not resolved or withdrawn, the EFIH Debtors shall pay the disputed amounts only upon the entry of an order of the Court resolving such dispute and ordering the EFIH Debtors to pay the disputed amount.    Notwithstanding anything to the contrary herein, the fees, costs, and expenses of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers under the EFIH Second Lien DIP Documents and this Order, whether incurred prior to or after the Petition Date, shall be deemed fully earned, indefeasibly paid, irrevocable, and non-avoidable pursuant to, and in accordance with, the terms of the EFIH Second Lien DIP Documents and, irrespective of any subsequent order approving or denying the EFIH Second Lien DIP Facility or any other financing pursuant to section 364 of the Bankruptcy Code, fully entitled to all protections of section 364(e) of the Bankruptcy Code.  All unpaid fees, costs, and expenses payable under the EFIH Second Lien DIP Documents and this Order to the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers shall be included and constitute part of the EFIH Second Lien DIP Obligations and be secured by the EFIH Second Lien DIP Liens.

**30.**   ~~29.~~ Proofs of Claim.  The EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers will not be required to file proofs of claim in any of the Cases or Successor Cases for any claim allowed herein.  Any order entered by the Court in relation to the establishment of a bar date in any of the Cases or Successor Cases shall not apply to the EFIH Second Lien DIP Agent or the EFIH Second Lien DIP Note Purchasers.

**31.**   ~~30.~~ Rights of Access and Information.  Without limiting the rights of access and information afforded the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers under the EFIH Second Lien DIP Documents, the EFIH Debtors shall be, and hereby are, required to afford representatives, agents, and/or employees of the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, **the EFIH Unsecured Notes Trustee,** and the Creditors' Committee, if any, reasonable access to the EFIH Debtors' premises and its books and records in accordance with the EFIH Second Lien DIP Documents and shall reasonably cooperate, consult with, and provide to such persons all such information as may be reasonably requested.  In addition, the EFIH Debtors, subject to the terms of the EFIH Second Lien DIP NPA, shall authorize their independent certified public accountants, financial advisors, investment bankers, and consultants to cooperate, consult with, and provide to the EFIH Second Lien DIP Agent**, the EFIH Unsecured Notes Trustee,** and the Creditors' Committee, if any, all such information as may be reasonably requested from the EFIH Debtors with respect to the business, results of operations, and financial condition of the EFIH Debtors.

**32.**   ~~31.~~ Carve Out.

(a)   Carve Out.  As used in this Order, "Carve Out" shall have the meaning provided in the EFIH First Lien DIP Order.  The Carve Out shall function in accordance with the provisions of the EFIH First Lien DIP Order.  For the avoidance of doubt and notwithstanding

anything to the contrary herein, the EFIH First Lien DIP Financing, the EFIH First Lien DIP Documents, the EFIH Second Lien DIP Facility, the EFIH Second Lien DIP Documents, the Prepetition EFIH Secured Notes, the EFIH First Lien Documents, the EFIH Second Lien Documents, the EFIH Senior Toggle Notes, the EFIH Toggle Notes Documents, or any other document or source, the Carve Out shall be senior to all liens and claims securing the EFIH First Lien DIP Financing, the EFIH Second Lien DIP Facility, and the Prepetition Obligations (if any), and any and all forms of adequate protection, liens, or claims securing or otherwise relating to the EFIH First Lien DIP Obligations (as defined in the EFIH First Lien DIP Order), the EFIH Second Lien DIP Obligations, the Prepetition Secured Obligations, and the Prepetition Toggle Notes Obligations.  Nothing in this Order, in the EFIH First Lien DIP Order, or otherwise shall be construed to obligate the EFIH Second Lien DIP Agent or EFIH Second Lien DIP Note Purchasers, in any way, to pay compensation to, or to reimburse expenses of, any Professional Person (as defined in the EFIH First Lien DIP Order) or to guarantee that the EFIH Debtors have sufficient funds to pay such compensation or reimbursement.

**33.** 32. Limitations on the EFIH Second Lien DIP Facility, the EFIH DIP Collateral, and the Carve Out.  Notwithstanding anything herein to the contrary, the EFIH Debtors shall not assert or prosecute, and no portion of the proceeds of the EFIH Second Lien DIP Facility, the EFIH DIP Collateral, including EFIH Cash Collateral, or the Carve Out, and no disbursements set forth in the Budget, may be used for the payment of professional fees, disbursements, costs, or expenses incurred by any person in connection with (a) incurring Indebtedness except to the extent permitted under the EFIH Second Lien DIP NPA; (b) preventing, hindering, or delaying any of the EFIH Second Lien DIP Agent's and the EFIH Second Lien DIP Note Purchasers' (in the case of each of the foregoing, in their respective capacities as such) enforcement or realization upon any of

the EFIH DIP Collateral in accordance with the EFIH DIP Intercreditor Agreement once an Event of Default has occurred and after the Remedies Notice Period; (c) objecting, challenging, or contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of (i) the EFIH Second Lien DIP Obligations or the EFIH Second Lien DIP Liens, or any other rights or interest of the EFIH Second Lien DIP Agent or the EFIH Second Lien DIP Note Purchasers (in the case of each of the foregoing, in their respective capacities as such) or (ii) the Prepetition Toggle Notes Obligations (other than with respect to asserted EFIH Unsecured Makewhole Claims or default or penalty interest (including Additional Interest and interest on interest)) or any other rights or interest of the EFIH ~~Toggle~~**Unsecured** Notes Trustee or EFIH Toggle Notes Creditors (in each case of each of the foregoing, in their respective capacities as such); (d) asserting, commencing, or prosecuting any claims or causes of action, including, without limitation, any actions under chapter 5 of the Bankruptcy Code, against any of the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, the EFIH ~~Toggle~~**Unsecured** Notes Trustee, the EFIH Toggle Notes Creditors or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors, and employees (in the case of each of the foregoing, in their respective capacities as such); or (e) asserting, joining, commencing, supporting, investigating, or prosecuting any action for any claim, counter-claim, action, cause of action, proceeding, application, motion, objection, defense, or other contested matter seeking any order, judgment, determination, or similar relief against, or adverse to the material interests of the Released Parties (as defined herein), arising out of, in connection with, or relating to the EFIH Second Lien DIP Facility, the EFIH Second Lien DIP Documents, the Prepetition Toggle Notes Obligations, the EFIH Senior Toggle Notes Indenture, or the transactions contemplated hereunder or thereunder, including, without limitation, (i) any action

arising under the Bankruptcy Code; (ii) any so-called "lender liability" claims and causes of action; (iii) any action with respect to the validity and extent of the EFIH Second Lien DIP Obligations, the DIP Second Priority Claims, or the validity, extent, perfection, and priority of the EFIH Second Lien DIP Liens; (iv) any action with respect to the validity and extent of the Prepetition Toggle Notes Obligations (other than with respect to EFIH Unsecured Makewhole Claims or default or penalty interest (including Additional Interest or interest on interest)); (v) any action seeking to invalidate, set aside, avoid, reduce, set off, offset, recharacterize, subordinate (whether equitable, contractual, or otherwise), recoup against, disallow, impair, raise any defenses, cross-claims, or counterclaims, or raise any other challenges under the Bankruptcy Code or any other applicable domestic or foreign law or regulation against, or with respect to, the EFIH Second Lien DIP Liens, the DIP Second Priority Claims, or the Prepetition Toggle Notes Obligations (other than with respect to EFIH Unsecured Makewhole Claims or default or penalty interest (including Additional Interest or interest on interest)) in whole or in part; (vi) appeal or otherwise challenge this Order, the EFIH Second Lien DIP Documents, or any of the transactions contemplated herein or therein; and/or (vii) any action that has the effect of preventing, hindering, or delaying (whether directly or indirectly) the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers in respect of their liens and security interests in the EFIH DIP Collateral or any of their rights, powers, or benefits hereunder or in the EFIH Second Lien DIP Documents anywhere in the world**; *provided, however*, that the Carve Out and such collateral proceeds and loans under the DIP Documents may be used for allowed fees and expenses, in an amount not to exceed $175,000 in the aggregate (the "Investigation Fund"), incurred solely by the Creditors' Committee, if appointed, in investigating the validity, enforceability, perfection, priority, or extent of the Prepetition Toggle Notes Obligations during the Challenge Period (as defined**

**below);** ***provided further, however*****, that the Creditors' Committee may not use the Investigation Fund to initiate, assert, join, commence, support, or prosecute any actions or discovery with respect thereto.** Any and all claims for fees or expenses incurred by the Creditors' Committee, if any, or by any party in interest in violation of any clause of this paragraph ~~32~~**33** shall not be allowed, treated, or payable as an administrative expense claim for purposes of section 1129(a)(9)(A) of the Bankruptcy Code, and the non-payment of such fees and expenses shall not constitute grounds to deny confirmation of any plan of reorganization for any of the EFIH Debtors.¶

**34.    Reservation of Certain Creditors' Committee and Third Party Rights and Bar of Challenges and Claims.  The stipulations and admissions contained in this Order, including, without limitation, the EFIH Debtors' Stipulations, shall be binding upon the EFIH Debtors, their affiliates, and any of their respective successors (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for a EFIH Debtor) in all circumstances.  The stipulations and admissions contained in this Order, including, without limitation, the EFIH Debtors' Stipulations, shall be binding upon all other parties in interest, including, without limitation, the Creditors' Committee and any other person acting on behalf of the EFIH Debtors' estates, unless a party in interest with standing granted by order of the Court (or other court of competent jurisdiction) has filed an adversary proceeding or contested matter (i) within 75 calendar days after entry of the Order with respect to any party in interest granted standing, in each case subject to further extension by written agreement of the EFIH Debtors, the EFIH Unsecured Notes Trustee, the Initial Commitment Parties (as defined in the EFIH Second Lien DIP Motion), and any individual EFIH Toggle Notes Creditor that is the subject of a Challenge (as defined below)**

**solely with respect to the Challenge Period relating to such Challenge, each acting in their sole discretion (in each case, a "Challenge Period" and the date of expiration of each Challenge Period being a "Challenge Period Termination Date"), (ii) seeking to avoid, object to, or otherwise challenge the findings or EFIH Debtors' Stipulations regarding the validity, enforceability, allowability, or amount of the Prepetition Toggle Notes Obligations, and (iii) there is an Order entered in favor of the plaintiff sustaining any such Challenge in any such adversary proceeding or contested matter.  Upon the expiration of the Challenge Period Termination Date without the filing of a Challenge (or if any such Challenge is filed and overruled):  (a) any and all such Challenges by any party (including, without limitation, the Creditors' Committee, any chapter 11 trustee, and/or any examiner or other estate representative appointed or elected in these Cases, and any chapter 7 trustee and/or examiner or other estate representative appointed or elected in any Successor Case) shall be deemed to be forever waived, released, and barred; (b) the Prepetition Toggle Notes Obligations shall constitute allowed claims, not subject to counterclaim, setoff, recoupment, reduction, subordination, recharacterization, defense, or avoidance for all purposes in the EFIH Debtors' Cases and any subsequent chapter 7 cases (other than with respect to any EFIH Unsecured Makewhole Claim or default or penalty interest (including Additional Interest)); (c) all of the EFIH Debtors' stipulations and admissions contained in this Order, including, without limitation, the EFIH Debtors' Stipulations, and all other waivers, releases, affirmations, and other stipulations as to the priority, extent, and validity as to the Prepetition Toggle Notes Trustee's and EFIH Toggle Notes Creditors' claims and interests contained in this Order shall be of full force and effect and forever binding upon the EFIH Debtors, the EFIH Debtors' bankruptcy estates, and all creditors, interest holders, and**

other parties in interest in these Cases and any Successor Cases.  If any such adversary proceeding or contested matter is timely filed, the stipulations and admissions contained in this Order, including the EFIH Debtors' Stipulations, shall nonetheless remain binding and preclusive on the Creditors' Committee and any other person or entity except to the extent that such stipulations and admissions were expressly challenged in such adversary proceeding or contested matter prior to the Challenge Period Termination Date.  Nothing in this Order vests or confers on any Person (as defined in the Bankruptcy Code), including the Creditors' Committee, standing or authority to pursue any cause of action belonging to the EFIH Debtors or their estates, including, without limitation, any Challenges with respect to the Prepetition Toggle Notes Obligations, and an order of the Court (or any other court of competent jurisdiction) conferring such standing on a Creditors' Committee or other party-in-interest shall be a prerequisite for the prosecution of a Challenge by the Creditors' Committee or such other party-in-interest.¶

35.    **Payment of EFIH Unsecured Notes Trustee Fees and Expenses.**  The EFIH Debtors are authorized, but not directed, to pay the reasonable and documented out-of-pocket postpetition fees and expenses of the EFIH Unsecured Notes Trustee, including fees, charges, and disbursements of one legal counsel and one financial advisor advising the EFIH Unsecured Notes Trustee incurred under the Toggle Notes Indenture and the indenture for the EFIH 9.75% Senior Notes in connection with the EFIH Unsecured Notes Trustee's participation in, monitoring of, and/or review of issues arising in, the Cases to the extent necessary; *provided, however*, that such advisors shall not be permitted to receive any success fees.  Payment of all such fees and expenses shall not be subject to allowance by the Court; *provided, however*, that the EFIH Debtors shall promptly provide

**copies of invoices received on account of fees and expenses of the EFIH Unsecured Notes Trustee and its professionals retained as provided for in this paragraph to counsel to the Creditors' Committee, if any, and the U.S. Trustee, and the Court shall have exclusive jurisdiction over any objections raised to the invoiced amount of the fees and expenses proposed to be paid, which objections may only be raised within ten (10) calendar days after the EFIH Debtors' receipt thereof.  In the event that within that ten (10) calendar day period, the EFIH Debtors, the U.S. Trustee, or counsel to the Creditors' Committee, if any, raises an objection to a particular invoice, (a) the EFIH Debtors shall promptly pay only the fees and expenses not subject to an objection and (b) to the extent any objection is not resolved or withdrawn, the EFIH Debtors shall pay the disputed amounts only upon the entry of an order of the Court resolving such dispute and ordering the EFIH Debtors to pay the disputed amount.**

**36.**    33. Payment of Compensation.  Nothing herein shall be construed as consent to the allowance of any professional fees or expenses of any Professional Person or shall affect the right of the EFIH Second Lien DIP Agent or the EFIH Second Lien DIP Note Purchasers to object to the allowance and payment of such fees and expenses.

**37.**    34. Release.   The EFIH Debtors, on behalf of themselves and their estates (including any successor trustee or other estate representative in the Cases or Successor Cases) and any party acting by, through, or under the EFIH Debtors or their estates, forever and irrevocably (a) release, discharge, waive, and acquit the current or future EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers,  and each of their respective participants and each of their respective affiliates, and each of their respective former, current, or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors,

shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors in interest (collectively, and in each case in their capacities as such, the "Released Parties"), of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness, and obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, unaccrued, fixed, contingent, pending, or threatened, including, without limitation, all legal and equitable theories of recovery, arising under common law, statute or regulation or by contract, of every nature and description, arising out of, in connection with, or relating to the EFIH Second Lien DIP Facility, the EFIH Second Lien DIP Documents, the or the transactions contemplated hereunder or thereunder, including, without limitation, (i) any so-called "lender liability" or equitable subordination claims or defenses, with respect to or relating to the EFIH Second Lien DIP Obligations, EFIH Second Lien DIP Liens, EFIH Second Lien DIP Facility, as applicable, (ii) any and all claims and causes of action arising under the Bankruptcy Code, and (iii) any and all claims and causes of action regarding the validity, priority, perfection, or avoidability of the liens or secured claims of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers and (b) waive any and all defenses (including, without limitation, offsets and counterclaims of any nature or kind) as to the validity, perfection, priority, enforceability, and nonavoidability of the EFIH Second Lien DIP Obligations, the EFIH Second Lien DIP Liens, as applicable.

**38.** ~~35.~~ No Third Party Rights.  Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

**39.**    36. Section 506(c) Claims.  No costs or expenses of administration of the Cases or any future proceeding that may result therefrom, which have been or may be incurred in the Cases at any time, shall be charged against the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, or any of their respective claims or the EFIH DIP Collateral, pursuant to section 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior written consent of such persons, as applicable, and no such consent shall be implied from any other action, inaction, or acquiescence by such persons.

**40.**    37. No Marshaling/Application of Proceeds.  The EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the EFIH DIP Collateral, and proceeds shall be received and applied pursuant to the terms of the EFIH Second Lien DIP Documents notwithstanding any other agreement or provision to the contrary, *provided, however*, that subject to the terms of the EFIH DIP Intercreditor Agreement, nothing herein shall impair the rights of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers with respect to the EFIH DIP Collateral.

**41.**    38. Noticing to Appointed Committee.  The EFIH Debtors shall provide the Appointed Committee with (a) copies of any notices, statements, reports, and forecasts required to be provided to the Creditors' Committee, if any, pursuant to paragraphs 16, 25, 28,**17, 26, 29,** and 30**31** of this Order, and (b) advance notice of any non-material amendments and modifications to the EFIH Second Lien DIP Documents to the extent reasonably practicable.  Nothing in this Order (including the Findings of Fact and Conclusions of Law included herein) shall be deemed either to (i) confer standing or a right to be heard upon the Appointed Committee, or (ii) prejudice or limit the Appointed Committee from asserting that it has, or any party's right to contest any assertion by

the Appointed Committee that the Appointed Committee has, standing or a right to be heard with respect to any other matter in these Cases.

**42.**    39.  Joint and Several Liability.   Nothing in this Order shall be construed to constitute a substantive consolidation of any of the EFIH Debtors' estates, it being understood, however, that the EFIH Debtors shall be jointly and severally liable for the obligations hereunder and in accordance with the terms of the EFIH Second Lien DIP Facility and the EFIH Second Lien DIP Documents.

**43.**    40.  Discharge Waiver.   The EFIH Second Lien DIP Obligations shall not be discharged by the entry of an order confirming any plan of reorganization, notwithstanding the provisions of section 1141(d) of the Bankruptcy Code, unless (a) the EFIH Second Lien DIP Obligations have been subject to the Equity Conversion or (b) the EFIH Second Lien DIP Obligations have been indefeasibly paid in full and all Commitments have been terminated on or before the effective date of a confirmed plan of reorganization or liquidation.  It shall be an Event of Default if any of the EFIH Debtors shall propose or support any plan of reorganization or liquidation, sale of all or substantially all of the EFIH Debtors' assets, or entry of any confirmation order or sale order unless any such plan of reorganization or liquidation, sale, or confirmation order provides for the Equity Conversion or otherwise provides that the EFIH Second Lien DIP Obligations (excluding any Contingent Obligations) shall be indefeasibly paid in full and all Commitments shall be terminated on or prior to the earlier to occur of the effective date of any such plan of reorganization or liquidation or sale and the DIP Termination Date.

**44.**    41.  Rights Preserved.

(a)    Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly:  (a) the EFIH

Second Lien DIP Agent's or the EFIH Second Lien DIP Note Purchasers' right to seek any other or supplemental relief in respect of the EFIH Debtors; (b) any of the rights of the EFIH Second Lien DIP Agent or any of the EFIH Second Lien DIP Note Purchasers under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Cases or Successor Cases, conversion of any of the Cases to cases under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (iv) credit bid the full amount of the EFIH Second Lien DIP Obligations, subject to the terms of the Restructuring Support Agreement; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of any of the EFIH Second Lien DIP Agent or the EFIH Second Lien DIP Note Purchasers.

(b)     Nothing in this Order (including, without limitation, any factual findings herein) shall have any precedential, evidentiary, law of the case, or preclusive effect with respect to any present or future dispute concerning the EFIH Second Lien Makewhole Claims are due or will become due as a result of the EFIH Second Lien Repayment.¶

**(c)     Nothing in this Order shall limit the rights of the EFIH Debtors and all parties in interest to pursue any rights or remedies related to the EFIH Second Lien Notes held by non-settling Prepetition EFIH Second Lien Creditors, or the liens securing such notes, pursuant to chapter 5 of the Bankruptcy Code or otherwise, including any right to disgorge or otherwise recover funds paid to non-settling Prepetition EFIH Second Lien Creditors under the EFIH Second Lien Repayment.  For the avoidance of doubt, nothing in this paragraph shall affect the finality of the EFIH Second Lien Settlement.**

**45.** ~~42.~~ No Waiver by Failure To Seek Relief.  The delay or failure of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers to seek relief or otherwise exercise their rights and remedies under this Order and the EFIH Second Lien DIP Documents or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers, or any party in interest, unless any such waiver is pursuant to a written instrument executed in accordance with the terms of the applicable EFIH Second Lien DIP Documents or this Order.

**46.** ~~43.~~ Binding Effect; Successors and Assigns.  The EFIH Second Lien DIP Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in the Cases, including, without limitation, the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, any statutory or nonstatutory committees appointed or formed in the Cases (including the Creditors' Committee, if any), and the EFIH Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed for the estate of any of the EFIH Debtors) and shall inure to the benefit of the EFIH Second Lien DIP Agent, the EFIH Second Lien DIP Note Purchasers, and the EFIH Debtors and their respective successors and assigns; *provided, however,* that the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers shall have no obligation to extend any financing to any chapter 7 trustee or similar responsible person appointed for the estates of the EFIH Debtors.  In determining to make any loan under the EFIH Second Lien DIP NPA or in exercising any rights or remedies as and when permitted pursuant to this Order or the EFIH Second Lien DIP Documents, the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers, in such capacities, (a) shall not be deemed to be in control of the operations of any of the EFIH

Debtors or to be acting as a "controlling person," "responsible person," or "owner or operator" with respect to the operation or management of any of the EFIH Debtors (as such term, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive Environmental Response, Compensation and Liability Act (as amended), or any similar Federal or state statute) and (b) shall not owe any fiduciary duty to any of the EFIH Debtors, their creditors, or their estates, or shall not constitute or be deemed to constitute a joint venture or partnership with any of the EFIH Debtors.

**47.**    44. No Modification of Order.  Subject to the terms of the EFIH DIP Intercreditor Agreement, unless and until either (a) the EFIH Second Lien DIP Obligations shall have been subject to the Equity Conversion or (b) the EFIH Second Lien DIP Obligations (excluding Contingent Obligations) have been indefeasibly paid in full and all Commitments have been terminated (such payment being without prejudice to any terms or provisions contained in the EFIH Second Lien DIP Facility which survive such discharge by their terms), an Event of Default shall occur if the EFIH Debtors seek or consent to, directly or indirectly, or if there is entered:  (a) without the prior written consent of the EFIH Second Lien DIP Agent, (i) any modification, stay, vacatur, or amendment to this Order, (ii) a priority claim for any administrative expense or unsecured claim against the EFIH Debtors (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation, any administrative expense of the kind specified in sections 503(b), 506(c), 507(a), or 507(b) of the Bankruptcy Code) in any of the Cases or Successor Cases, equal or superior to the DIP Second Priority Claims except as specifically provided herein (including, for the avoidance of doubt, the Carve Out) or in the EFIH Second Lien DIP Documents, except with the prior written consent of the EFIH Second Lien DIP Agent, or (iii) any lien on any of the EFIH DIP Collateral with priority equal or superior to the EFIH Second Lien

DIP Liens, except as specifically provided herein or in the EFIH Second Lien DIP Documents (including the EFIH DIP Intercreditor Agreement); (b) an order converting or dismissing any of the Cases; (c) an order appointing a chapter 11 trustee in any of the Cases; or (d) an order appointing an examiner with enlarged powers (having powers beyond those set forth in Bankruptcy Code sections 1106(a)(3) and (4)) in any of the Cases; *provided, however*, that notwithstanding anything to the contrary herein, the EFIH Debtors may seek to use cash collateral on a non-consensual basis pursuant to an order in form and substance acceptable to the EFIH Second Lien DIP Agent (and the EFIH Second Lien DIP Agent's rights in this regard shall be subject to the EFIH DIP Intercreditor Agreement).  No such consent shall be implied by any other action, inaction, or acquiescence of the EFIH Second Lien DIP Agent.

**48.**    45. Survival.  The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered:  (a) confirming any plan of reorganization or liquidation in any of the Cases; (b) converting any of the Cases to a case under chapter 7 of the Bankruptcy Code; (c) dismissing any of the Cases or any Successor Cases; or (d) pursuant to which the Court abstains from hearing any of the Cases or Successor Cases.  The terms and provisions of this Order, including the claims, liens, security interests, and other protections granted to the EFIH Second Lien DIP Agent and the EFIH Second Lien DIP Note Purchasers pursuant to this Order and/or the EFIH Second Lien DIP Documents, notwithstanding the entry of any such order, shall continue in the Cases, in any Successor Cases, or following dismissal of the Cases or any Successor Cases, and shall maintain their priority as provided by this Order until, in respect of the EFIH Second Lien DIP Facility, either (x) the EFIH Second Lien DIP Obligations shall have been subject to the Equity Conversion or (y) all the EFIH Second Lien DIP Obligations have been indefeasibly paid in full and all Commitments have been terminated (such payment

being without prejudice to any terms or provisions contained in the EFIH Second Lien DIP Facility which survive such discharge by their terms).

**49.** ~~46.~~ Guarantors.  Any Subsidiary of the EFIH Debtors that hereafter becomes a debtor in a case under chapter 11 of the Bankruptcy Code in the Court and is or is required to be a Guarantor under the EFIH Second Lien DIP NPA automatically and immediately, upon the filing of a petition for relief for such Subsidiary, shall be deemed to be one of the "EFIH Debtors" hereunder in all respects, and all the terms and provisions of this Order, including those provisions granting security interests in, and Liens on, the EFIH DIP Collateral, and DIP Second Priority Claims in each of the Cases, shall immediately be applicable in all respects to such Subsidiary and its chapter 11 estate, *provided, however*, that for the avoidance of doubt, nothing in this paragraph or elsewhere in this Order shall require Oncor Electric Delivery Holdings Company LLC or any of its direct or indirect subsidiaries, including Oncor Electric Delivery Company LLC, to be a Guarantor under the EFIH Second Lien DIP NPA.

**50.** ~~47.~~ Order Governs.  In the event of any inconsistency between the provisions of this Order and the EFIH Second Lien DIP Documents (other than the EFIH DIP Intercreditor Agreement), the provisions of this Order shall govern.

**51.** ~~48.~~ Effect of this Order.  This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon execution thereof.

**52.**   49. Retention of Jurisdiction.  The Court has and will retain jurisdiction to enforce this Order according to its terms.

Wilmington, Delaware
Dated: _____, 2014

_____
**HON. CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

## Exhibit A

**Form of EFIH Second Lien DIP NPA**

## **Exhibit B**

**Form of EFIH DIP Intercreditor Agreement**

Document comparison by Workshare Compare on Sunday, June 29, 2014 2:17:21 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://KEDMS/LEGAL/31771998/15 |
| Description | #31771998v15<LEGAL> - Confidential - EFIH Second Lien DIP Order [INITIAL FILED VERSION] |
| Document 2 ID | interwovenSite://KEDMS/LEGAL/31771998/28 |
| Description | #31771998v28<LEGAL> - EFH - EFIH Second Lien DIP Order [Revised Filed Order] |
| Rendering set | Color |

| Legend: | |
|---|---|
| **<u>Insertion</u>** | |
| <s>Deletion</s> | |
| *<s>Moved from</s>* | |
| *<u>Moved to</u>* | |
| Style change | |
| Format change | |
| <s>Moved deletion</s> | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 66 |
| Deletions | 64 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 134 |