IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

SUPPLEMENTAL DECLARATION
OF DOUGLAS FRISKE IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
DEBTORS TO (A) PAY CERTAIN PREPETITION AMOUNTS
ON ACCOUNT OF NON-INSIDER COMPENSATION PROGRAMS
AND (B) CONTINUE THE NON-INSIDER COMPENSATION PROGRAMS
IN THE ORDINARY COURSE OF BUSINESS ON A POSTPETITION BASIS

I, Douglas J. Friske, hereby declare under penalty of perjury:

1. I am a managing director of Executive Compensation at Towers Watson Delaware Inc. ("Towers Watson").[2] Towers Watson was engaged pre-petition in October 2012 to provide compensation consulting services to Energy Future Holdings Corporation and certain of its affiliates. I am familiar with the pre-petition structure of the Debtors' compensation plans as well as the structure of the Debtors' Non-Insider Compensation Programs as they are set forth in the Motion. I am duly authorized to submit this supplemental declaration (this "Supplemental Declaration") on behalf of Towers Watson in further support of the *Debtors' Motion for Entry of an Order Authorizing the Debtors To (A) Pay Certain Prepetition Amounts on Account of the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion (as defined herein).

1

*Non-Insider Compensation Programs and (B) Continue the Non-Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis* (the "Motion"). In connection with the Motion, I submitted the *Declaration of Douglas Friske in Support of Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of Non-Insider Compensation Programs and (B) Continue the Non-Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis* [D.I. 469] (the "Original Declaration").

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, my research into market practices for companies in the energy industry and those that have recently filed for chapter 11 protection, and information supplied to me by members of the Debtors' management and the Debtors' other advisors. If called upon to testify, I could and would testify competently to the facts set forth herein.

### The Non-Insider Compensation Programs Are Consistent with Industry Standards and Reasonable in Cost

3. Along with other members of the Towers Watson team, I assisted with the development of the Non-Insider Compensation Programs by reviewing the structure of the Debtors' existing base salary, annual company-wide incentive programs, and the Key Leader Program, paying specific attention to the participating employees and target payout levels. I believe that the Non-Insider Compensation Programs have a reasonable cost and are consistent with comparable compensation structures approved in other chapter 11 cases and in the energy industry.

4. In evaluating the Non-Insider Compensation Programs, my team at Towers Watson and I reviewed recent publicly-available court filings and Towers Watson's own

proprietary databases to assess the Debtors' performance- and retention-based compensation plans. I believe that the Debtors' compensation programs are similar to others in the industry: several emphasize targets for EBITDA and cost management, which are objective performance measures often used in recent bankruptcy court-approved employee incentive plans as well as by other companies in the energy industry. The retention-based programs for non-insiders are also similar to recent bankruptcy court-approved employee plans that I have reviewed.

5.  Additionally, the costs of the Debtors' performance-based incentive plans and retention-based plans are reasonable. Towers Watson conducted benchmarking analyses of the Debtors' prepetition and potential postpetition compensation levels. That analysis confirmed that, even if all of the payments under the Non-Insider Compensation Plan were earned and awarded, the Debtors' total compensation amounts would still be consistent with market practices. Based on the representative sampling and benchmarking analysis discussed in the Original Declaration (which analysis was based on employee roles and a database of energy industry compensation information), the Debtors' compensation structure, including potential payments under the Non-Insider Compensation Programs, positioned the Debtors' total employee compensation 21 percent below the 75th percentile of the Debtors' competitive market (which is a meaningful benchmark for the Debtors given their focus on employing top talent and compensating them as such) and nine percent below the 50th percentile (market median).

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: June 29, 2014

_____
Douglas J. Friske
Towers Watson Delaware Inc.