## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), commenced on April 29, 2014 (the "Petition Date"), have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Michael L. Carter, Senior Vice President Corporate Planning and Assistant Treasurer of Energy Future Holdings Corp. ("EFH Corp."), , in his capacity as an authorized agent at each of the Debtors, has signed the Schedules and Statements for each of the Debtors except (a) Luminant Energy Company LLC, (b) Luminant ET Services Company, and (c) Luminant Energy Trading California Company (the "Luminant Energy Entities") and Terry L. Nutt, Vice President of Risk Management for EFH Corporate Services Company, in his capacity as an authorized agent at each of the Luminant Energy Entities, has signed the Schedules and Statements on behalf of the Luminant Energy Entities. In reviewing and signing the Schedules and Statements, Mr. Carter and Mr. Nutt have necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Neither Mr. Carter nor Mr. Nutt has (nor could have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies some of which may be material.

## General Disclosures Applicable to Schedules and Statements

1.    <u>General Reservation of Rights</u>.    Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses, and/or Claims[2] or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.    <u>References</u>.    Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

3.    <u>Currency</u>.    Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.    <u>Paid Claims</u>.    The Bankruptcy Court authorized (but did not direct) the Debtors to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

5.    <u>Amendments and Supplements</u>.    While the Debtors made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.

---

[2]  As used herein, the term "Claim" has the meaning set forth in section 101(5) of the Bankruptcy Code.

The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

6.  Recharacterization.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

7.  Liabilities.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

8.  Insiders.  For purposes of the Schedules and Statements, persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.  Amounts paid on behalf of employees for life and and disability coverage, which coverage is provided to all of the Debtors' employees, have not been included.

9.  Intercompany Claims.  Receivables and payables among the Debtors in these cases and their affiliates are reported on Schedule B and Schedule F, respectively.  For additional information about the Debtors' intercompany transactions and related cash management protocols, see *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense* [D.I. 37].

10.  Intellectual Property Rights.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

11.    <u>Executory Contracts</u>.    The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G.   In addition, the businesses of the Debtors are complex—while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

12.    <u>Setoffs</u>.    The Debtors incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business.   Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, debit memos, credits, and other disputes between the Debtors and their suppliers.   These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs.   Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, certain set offs may be excluded from the Schedules and Statements.

13.    <u>Claims Description</u>.     Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated."

14.    <u>Excluded Assets and Liabilities</u>.    The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including accrued salaries, employee benefit accruals, certain deposits, and deferred gains.   The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.   In addition, certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

15.    <u>Causes of Action</u>.     Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.   The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

16.    <u>Confidential or Sensitive Information</u>.    There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.    Additionally, employee addresses have been removed from entries listed on the Schedules and Statements, where applicable.

17.    <u>Current Market Value — Net Book Value</u>. Unless otherwise indicated, the Schedules and Statements reflect net book values.   The Debtors reserve all rights related to the net book value reflected in the Schedules and Statements.

18.     Undetermined Amounts.    The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

19.     Totals.    All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.    To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

20.     Mechanics' Liens.    The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

21.     Letters of Credit.    Amounts due and payable as of the Petition Date as listed herein do not reflect draws on letters of credit unless such draws were made by a third-party, non-Debtor or unless noted otherwise.

## General Disclosures Applicable to Statements

1.     Question 1.    The revenue amounts listed in response to Question 1 include amounts received by the Debtors from other Debtors.

2.     Question 2.    The amounts listed in response to Question 2 include amounts received by the Debtors from other Debtors.

3.     Question 3(b).    The information provided lists payments made by a Debtor on behalf of itself or on behalf of another Debtor in accordance with routine business practices. The response to Question 3(b) includes any disbursement or other transfer made by the Debtor except for those made to (a) insiders or other Debtors (which payments appear in response to Statement question 3(c)); (b) non-insider employees; and (c) bankruptcy professionals (which payments appear in response to Statement question 9).

4.     Question 3(c).    The amounts listed in response to question 3(c) include payments or transfers (including net allocations associated with the money pool amounts described in the Cash Management Motion) made to or from a Debtor to another Debtor during the one year preceding April 29, 2014.    To the extent the Debtor is a holder of a security issued by another Debtor, the Debtor periodically receives cash or stock distributions, or interest payments, and any such distributions or interest payments made in the one year preceding April 29, 2014 are set forth in the rider attached to Question 3(c).

5.     Question 8.    The Debtors occasionally incur losses for a variety of reasons, including theft, bodily injury, and property damage.    Although such losses are tracked internally and subject to internal review processes before payments are authorized, the Debtors, may not have records of all such losses to the extent such losses do not have a material effect on a Debtor's businesses or are not reported for insurance purposes.

6.     Question 9.    The response to Question 9 identifies which Debtor made a payment in the first instance on behalf of professionals the Debtors seek to retain under section 327of the Bankruptcy Code and does not reflect subsequent intercompany allocations of payments.    In

addition, for any given payment, multiple Debtor entities may have made a partial payment. For a complete analysis of any Debtor entity that may have made a partial payment with respect to any payment obligation, please see collectively the response to Question 9 set forth for EFH Corp., ., EFH Corporate Services Company, Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, Texas Competitive Electric Holdings Company LLC

7.    Question 15.    The Debtors have only listed changes to the address of the corporate headquarters and have excluded any changes of address for ancillary locations or facilities.

8.    Question 20.    Energy Future Holdings Corp. maintains various Sarbanes-Oxley controls related to the various inventories and the inventory measurement processes used by the Debtors.    These controls are reviewed on a monthly, quarterly, or annual basis, depending on the specific controls.

9.    Question 21.    Every individual identified on the rider attached to the applicable Debtor in response to Question 21 was formally voted in by vote of the board of directors or board of managers, as applicable.

10.    Question 22.    Any response to Question 22 includes only those individuals that have terminated their relationship with the listed Debtor as either a director or officer, and does not include individuals that have simply changed their title but who have otherwise maintained their relationship as a director or officer.

## General Disclosures Applicable to Schedules

1.    Classifications.    Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

2.    Schedule A.    Except where otherwise noted, the Debtors have included the book value of owned real property assets held by each Debtor on Schedule A.    Certain de minimis real property assets that are not reported or tracked centrally may have been excluded.

3.    Schedule B.    Certain of the Debtors' machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations, generally because the related dollar amounts are not material, and, consequently, may not be listed on Schedule B.    To the extent a Debtor is party to one or more ISDAs, EEI, and/or master netting agreements that provide for the mutual netting of payment and/or collateral obligations, the amounts listed for such Debtor in Schedule F reflect such mutual netting.    Notwithstanding the foregoing, the Debtors reserve all rights related to the netting provisions provided for in such ISDAs, EEIs, and master netting agreements.

4.    Schedule D.    The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.    Accordingly, not all such dates are included for each Claim.

All Claims listed on Schedule D, however, appear to have arisen or were incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

5. Schedule E. The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. All Claims listed on the Debtors' Schedule E are Claims owing to various taxing authorities to which the Debtors may potentially be liable. Certain of such Claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E. Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

6. Schedule F. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtors. In addition, certain Claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule F contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements except to the extent such Claims have already escheated to the estate. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

The Debtors assumed current customer contracts and established October 27, 2014, as the bar date for customer Claims pursuant to orders of the Court (the "Customer Bar Date"). The Debtors' claims and noticing agent, Epiq, completed its service of the Customer Bar Date materials on April 30, 2014 [D.I. 212]. Since the Customer Bar Date was established, approximately 2,100 customer Claims have been filed on the Epiq claims register. Such Claims have not been listed on this Schedule F but may be found on the claims register.

The Debtors are aware that certain customers, outside Epiq's claim process described above, may be disputing the rates the Debtors charge or have charged and the services the Debtors is providing or has provided, and the Debtor reserves all rights related to such disputes, whether or not scheduled herein.

Schedule G.    While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider. In such cases, the Debtors made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contracts or unexpired leases. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

In addition, certain of the Debtors, along with other Debtors, are party to a Restructuring Support Agreement ("RSA") with certain of their financial stakeholders. The RSA is listed on each Debtor signatory's Schedule G. For a complete analysis of the Debtors that are party to an RSA, please review each Debtor's Schedule G.

Finally, although the Debtors maintain insurance policies for the benefit of every Debtor, the Debtor EFH Corp. is the named insured on each of the insurance policies. As a result, all of

8

the Debtors' insurance policies are listed on Schedule G for the Debtor EFH Corp. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.   Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

7.    <u>Schedule H</u>.    For purposes of Schedule H, only the agent under the prepetition loan facility is listed for Claims arising thereunder.    Instead, all such listings can be found on the applicable Debtor's Schedule F and Statement Question 4(a).

B6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court

District Of Delaware

In re   Energy Future Intermediate Holding Company LLC,          Case No. 14-11008 (CSS)
                        Debtor

                                                                 Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $          0.00 | | |
| B - Personal Property | | 9 | $  982,383,431.97 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | 4 | | $  2,211,294,949.11 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $          0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 3 | | $  1,720,005,284.05 | |
| G - Executory Contracts and Unexpired Leases | | 5 | | | |
| H - Codebtors | | 3 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $      N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $      N/A |
| TOTAL | | 27 | $  982,383,431.97 | $  3,931,300,233.16 | |

B6A (Official Form 6A) (12/07)

In re  **Energy Future Intermediate Holding Company LLC**                              ,          Case No.  **14-11008 (CSS)**
 _____
Debtor                                                                                                   (If known)

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ► | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  **Energy Future Intermediate Holding Company LLC** ,               Case No.  **14-11008 (CSS)**
_____
                    **Debtor**                                                          **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooprativies. | | See attached rider | | $108,144,261.15 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Energy Future Intermediate Holding Company LLC** _____ ,     Case No. **14-11008 (CSS)** _____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached rider | | $634,971,744.23 + Undetermined amounts |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See attached rider | | $215,890,615.89 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Energy Future Intermediate Holding Company LLC** _____ ,  Case No. **14-11008 (CSS)** _____
              **Debtor**                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | See attached rider | | $23,376,810.70 + Undetermined amounts |
| | | _____2_____ continuation sheets attached     Total ▶ | | $ 982,383,431.97 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

**In re: Energy Future Intermediate Holding Company LLC**          **Case No. 14-11008 (CSS)**

### SCHEDULE B PERSONAL PROPERTY
### Rider B.2 - Checking, Savings Or Other Financial Accounts, Cds, Or Shares In Banks Or Similar

| Description | Book Value |
|---|---|
| JPMorgan Chase Bank, N.A. (NY) | $11,011.98 |
| EFH Treasury Account Number XXXXX4789 | |
| JPMorgan Chase Bank, N.A. (NY) | $777.74 |
| EFH Treasury Account Number XXXXX4934 | |
| Morgan Stanley Treasury Fund | $108,132,471.43 |
| EFH Treasury Account Number XXXX-XXXXX0127 | |

TOTAL          $108,144,261.15

**In re: Energy Future Intermediate Holding Company LLC**                              **Case No. 14-11008 (CSS)**

## SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| STARR INDEMNITY AND LIABILITY COMPANY | Auto Liability | SISIPCA08293814 | Undetermined |
| FEDERAL | Crime | 6804-3186 | Undetermined |
| ACE | D&O | DOX G23642554 004 | Undetermined |
| AIG | D&O | 01-310-18-13 | Undetermined |
| ASSOCIATED ELECTRIC AND GAS INSURANCE | D&O | DP5027912P | Undetermined |
| AXIS | D&O | MHN763305/01/2012 | Undetermined |
| BEAZLEY | D&O | BSLX505120706 | Undetermined |
| BEAZLEY | D&O | W15147140101 | Undetermined |
| ENDURANCE | D&O | ADX10003789200 | Undetermined |
| ENERGY INSURANCE MUTUAL (EIM) | D&O | 292730-14DO | Undetermined |
| HCC | D&O | 14-MGU-12-A27765 | Undetermined |
| MONITOR | D&O | 11140872 | Undetermined |
| NAVIGATORS | D&O | SPRDR1200355/SPRDR1200464 | Undetermined |
| RLI | D&O | EPG0010701 | Undetermined |
| RSUI (CRC) | D&O | NHS648633 | Undetermined |
| RSUI (CRC) | D&O | NHS648674 | Undetermined |
| STARR | D&O | SISIXFL21039512 | Undetermined |
| STARR | D&O | SISIXFL21098412 | Undetermined |
| TORUS | D&O | 07081C141ASP | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | D&O | ELU127420-12 | Undetermined |
| FEDERAL | Employed Lawyers | 8225-6974 | Undetermined |
| ARGO RE (BERMUDA) | Excess Liability | ARGO-CAS-CM-000397.3 | Undetermined |
| ASSOCIATED ELECTRIC AND GAS INSURANCE | Excess Liability | XL5147502P | Undetermined |
| CHUBB ATLANTIC INDEMNITY LTD. (BERMUDA) | Excess Liability | 3310-18-72 | Undetermined |
| ENERGY INSURANCE MUTUAL (EIM) | Excess Liability | 252526-13GL | Undetermined |
| OIL CASUALTY INSURANCE, LTD. (OCIL) | Excess Liability | U920340-08163 | Undetermined |
| XL INSURANCE (BERMUDA) LTD. | Excess Liability | BM0027152L and BM0027153L | Undetermined |
| ASSOCIATED ELECTRIC AND GAS INSURANCE | Fiduciary | FP5030512P | Undetermined |
| AXIS | Fiduciary | MHN769835/01/2012 | Undetermined |
| ENERGY INSURANCE MUTUAL (EIM) | Fiduciary | 27274-14FL | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | Fiduciary | ELU127421-12 | Undetermined |
| STARR SURPLUS LINES INS CO. | General Liability | SISINRG00104913 | Undetermined |
| STARR AVIATION ON BEHALF | Non-Owned Aviation | 9958-3119-04 | Undetermined |

**In re: Energy Future Intermediate Holding Company LLC**                                    **Case No. 14-11008 (CSS)**

### SCHEDULE B PERSONAL PROPERTY
#### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| NUCLEAR ENERGY LIABILITY INSURANCE ASS | Nuclear Liability | NF-274, N-90, N-119, NW-631, NS-440 | Undetermined |
| EUROPEAN MUTUAL ASSOCIATION FOR NUCLEAR | Nuclear Property | A14/57/2012/0 | Undetermined |
| NUCLEAR INSURANCE INSURANCE LIMITED | Nuclear Property | P14-061, X14-062, E14-062,NSIC14-061 | Undetermined |
| ASSOCIATED ELECTRIC AND GAS INSURANCE | Professional Liability | EO5146602P | Undetermined |
| FM GLOBAL | Property / Replacement Power | JV394 (PRE)/JW001 (POST) | Undetermined |
| HCC | Special Crime | | Undetermined |
| LIBERTY MUTUAL/SAFECO | Surety | TB1-691-004224-042 | Undetermined |
| STARR INDEMNITY AND LIABILITY COMPANY | Workers Compensation | 100 0001083-01 | Undetermined |

TOTAL _____ Undetermined

**In re: Energy Future Intermediate Holding Company LLC**          **Case No. 14-11008 (CSS)**

### SCHEDULE B PERSONAL PROPERTY
### Rider B.13 - Stock And Interests In Incorporated And Unincorporated Businesses

| Description | Book Value |
| --- | --- |
| 100% Ownership Interest in EFIH FINANCE INC. | Undetermined |
| 100% Ownership Interest in Oncor Electric Delivery Holdings Company LLC | Undetermined |
| Other - Miscellaneous Investments | $634,971,744.23 |

TOTAL          $634,971,744.23

**In re: Energy Future Intermediate Holding Company LLC**          **Case No. 14-11008 (CSS)**

## SCHEDULE B PERSONAL PROPERTY
### Rider B.16 - Accounts Receivable

| Description | Book Value |
|---|---:|
| Accounts receivable - Debtor - EFH Corporate Services Company | $76,000.00 |
| Accounts receivable - Debtor - Energy Future Holdings Corp. | $212,953,084.53 |
| Accounts receivable - Debtor - Texas Competitive Electric Holdings Company LLC | $2,861,531.36 |
| TOTAL | $215,890,615.89 |

**In re: Energy Future Intermediate Holding Company LLC**          **Case No. 14-11008 (CSS)**

**SCHEDULE B PERSONAL PROPERTY**
**Rider B.35 - Other Personal Property Of Any Kind Not Already Listed**

| Description | Book Value |
| --- | --- |
| Deferred tax assets | Undetermined |
| Prepayments | $23,376,810.70 |
| Unamortized financing costs | Undetermined |

TOTAL          $23,376,810.70

In re   **Energy Future Intermediate Holding
Company LLC**                              ,          Case No.   14-11008 (CSS)
_____          _____
                    **Debtor**                                                    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COMPUTERSHARE TRUST COMPANY, N.A.<br>TINA VITALE, CORPORATE TRUST<br>480 WASHINGTON STREET, 28TH FL<br>JERSEY CITY, NJ 07310<br><br><br>COMPUTERSHARE TRUST COMPANY OF CANADA<br>1500 UNIVERSITY STREET<br>SUITE 700<br>MONTREAL, QC  H3A 3S8 | X | | 11.75% Fixed Senior Secured Second Lien Notes due March 1, 2022<br><br><br><br><br><br><br><br><br><br><br>VALUE $ Undetermined | X | X | | $1,784,538,194.44 | Undetermined |

_3_  continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | AMOUNT OF CLAIM | UNSECURED PORTION |
|---|---|---|
| Subtotal | $ 1,784,538,194.44 | $0.00 |
| Total | $ | $ |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

On June 6, 2014, the Bankruptcy Court entered an order approving a settlement of claims arising in connection with the Debtor's first lien notes [D.I. 858] and as of the date hereof, certain payments to holders of the Debtor's first lien notes have been made in accordance with such order. The amounts listed in Schedule D with respect to such notes are net of any amounts paid pursuant to such order and, for the avoidance of doubt, do not reflect any "makewhole" claims that may exist. To the extent any claims for "makewhole" amounts exist, the Debtor disputes all such claims and reserves all rights related to such claims.

The amounts listed with respect to the Debtor's second lien and unsecured notes do not reflect any "makewhole" amounts. The Debtor disputes all makewhole claims and reserves all rights related to such claims.

In re  **Energy Future Intermediate Holding Company, LLC**                               Case No.   14-11008 (CSS)
_____                                                         _____
                    Debtor                                                                           (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | 11% Fixed Senior Secured Second Lien Notes due October 1, 2021 | | | | $426,756,754.67 | Undetermined |
| COMPUTERSHARE TRUST COMPANY, N.A. TINA VITALE, CORPORATE TRUST 480 WASHINGTON STREET, 28TH FL JERSEY CITY, NJ 07310 | X | | | X | X | | | |
| COMPUTERSHARE TRUST COMPANY OF CANADA 1500 UNIVERSITY STREET SUITE 700 MONTREAL, QC H3A 3S8 | | | VALUE $ Undetermined | | | | | |
| ACCOUNT NO. | | | Potential makewhole or similar claim under 11.75% Fixed Senior Secured Second Lien Notes due March 1, 2022 | | | | Undetermined | Undetermined |
| COMPUTERSHARE TRUST COMPANY, N.A. TINA VITALE, CORPORATE TRUST 480 WASHINGTON STREET, 28TH FL JERSEY CITY, NJ 07310 | X | | | X | X | X | | |
| COMPUTERSHARE TRUST COMPANY OF CANADA 1500 UNIVERSITY STREET SUITE 700 MONTREAL, QC  H3A 3S8 | | | VALUE $ Undetermined | | | | | |

| | | |
|---|---|---|
| Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal (s)▶ (Total(s) of this page) | $ 426,756,754.67    $0.00 |
| | Total(s) ▶ (Use only on last page) | $                          $ |
| | | (Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

On June 6, 2014, the Bankruptcy Court entered an order approving a settlement of claims arising in connection with the Debtor's first lien notes [D.I. 858] and as of the date hereof, certain payments to holders of the Debtor's first lien notes have been made in accordance with such order.  The amounts listed in Schedule D with respect to such notes are net of any amounts paid pursuant to such order and, for the avoidance of doubt, do not reflect any "makewhole" claims that may exist.  To the extent any claims for "makewhole" amounts exist, the Debtor disputes all such claims and reserves all rights related to such claims.

The amounts listed with respect to the Debtor's second lien and unsecured notes do not reflect any "makewhole" amounts.  The Debtor disputes all makewhole claims and reserves all rights related to such claims.

In re  **Energy Future Intermediate Holding Company,**
**LLC**                                                    Case No.  **14-11008 (CSS)**

_____          _____
Debtor                                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Potential makewhole or similar claim under 11% Fixed Senior Secured Second Lien Notes due October 1, 2021 | | | | Undetermined | Undetermined |
| COMPUTERSHARE TRUST COMPANY, N.A. TINA VITALE, CORPORATE TRUST 480 WASHINGTON STREET, 28TH FL JERSEY CITY, NJ 07310 COMPUTERSHARE TRUST COMPANY OF CANADA 1500 UNIVERSITY SUITE 700 MONTREAL, QC H3A 3S8 | X | | | X | X | X | | |
| | | | VALUE $ Undetermined | | | | | |
| ACCOUNT NO. | | | Potential makewhole or similar claim under 6.875% Fixed Senior Secured First Lien Notes due August 15, 2017 | | | | Undetermined | Undetermined |
| CSC TRUST COMPANY OF DELAWARE SANDRA E. HORWITZ MANAGING DIRECTOR 2711 CENTERVILLE RD., SUITE 400 WILMINGTON, DE 19808 | X | | | X | X | X | | |
| | | | VALUE $ Undetermined | | | | | |
| ACCOUNT NO. | | | Potential makewhole or similar claim under 10% Fixed Senior Secured First Lien Notes due December 1, 2020 | | | | Undetermined | Undetermined |
| CSC TRUST COMPANY OF DELAWARE SANDRA E. HORWITZ MANAGING DIRECTOR 2711 CENTERVILLE RD., SUITE 400 WILMINGTON, DE 19808 | X | | | X | X | X | | |
| | | | VALUE $ Undetermined | | | | | |
| ACCOUNT NO. | | | Potential makewhole or similar claim under 10% Fixed Senior Secured First Lien Notes due December 1, 2020 | | | | Undetermined | Undetermined |
| CSC TRUST COMPANY OF DELAWARE SANDRA E. HORWITZ MANAGING DIRECTOR 2711 CENTERVILLE RD., SUITE 400 WILMINGTON, DE 19808 | X | | | X | X | X | | |
| | | | VALUE $ Undetermined | | | | | |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)► (Total(s) of this page)          $ 0.00          $0.00

Total(s) ► (Use only on last page)          $          $

(Report also on Summary of Schedules.)          (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

On June 6, 2014, the Bankruptcy Court entered an order approving a settlement of claims arising in connection with the Debtor's first lien notes [D.I. 858] and as of the date hereof, certain payments to holders of the Debtor's first lien notes have been made in accordance with such order.  The amounts listed in Schedule D with respect to such notes are net of any amounts paid pursuant to such order and, for the avoidance of doubt, do not reflect any "makewhole" claims that may exist.  To the extent any claims for "makewhole" amounts exist, the Debtor disputes all such claims and reserves all rights related to such claims.

The amounts listed with respect to the Debtor's second lien and unsecured notes do not reflect any "makewhole" amounts.  The Debtor disputes all makewhole claims and reserves all rights related to such claims.

In re   **Energy Future Intermediate Holding Company, LLC**             Case No.   **14-11008 (CSS)**

       Debtor                                                  (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 | X | | Disputed non-registration penalty interest on 6.875% Fixed Senior Secured First Lien Notes due August 15, 2017<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 | X | | Disputed non-registration penalty interest on 10% Fixed Senior Secured First Lien Notes due December 1, 2020<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ, MANAGING DIRECTOR<br>2711 CENTERVILLE RD<br>SUITE 220<br>WILMINGTON, DE 19808 | | | Delaware Secretary of State File # 34258100; Dated 10/30/2013<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>THE BANK OF NEW YORK MELLON TRUST CO, NA AS COLLATERAL TRUSTEE, CORP. TRUST DIV.<br>601 TRAVIS ST<br>16TH FLOOR<br>HOUSTON, TX 77002 | | | Delaware Secretary of State File # 11526287; Dated 04/25/2011<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

                     Subtotal (s)▶       $ 0.00         $0.00

                     (Total(s) of this page)

                     Total(s) ▶       $ 2,211,294,949.11        $0.00

                    (Use only on last page)

                                                (Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

On June 6, 2014, the Bankruptcy Court entered an order approving a settlement of claims arising in connection with the Debtor's first lien notes [D.I. 858] and as of the date hereof, certain payments to holders of the Debtor's first lien notes have been made in accordance with such order. The amounts listed in Schedule D with respect to such notes are net of any amounts paid pursuant to such order and, for the avoidance of doubt, do not reflect any "makewhole" claims that may exist. To the extent any claims for "makewhole" amounts exist, the Debtor disputes all such claims and reserves all rights related to such claims.

The amounts listed with respect to the Debtor's second lien and unsecured notes do not reflect any "makewhole" amounts. The Debtor disputes all makewhole claims and reserves all rights related to such claims.

B6E (Official Form 6E) (04/13)

In re  **Energy Future Intermediate Holding Company LLC** ,    Case No. **14-11008 (CSS)**

       <u>Debtor</u>                                                                                    <u>(if known)</u>

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **Energy Future Intermediate Holding Company** ,  **LLC**                                    Case No. **14-11008 (CSS)**
_____                    _____
             **Debtor**                                                                          **(if known)**

☐   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

**_0_  continuation sheets attached**

In re __Energy Future Intermediate Holding Company LLC__ ,          Case No. __14-11008 (CSS)__
             Debtor                                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> AMERICAN STOCK TRANSFER & TRUST CO, LLC <br> GENERAL COUNSEL <br> 6201 15TH AVENUE <br> BROOKLYN, NY 11219 | X | | Guarantee of 10.875% Fixed Senior Notes due November 1, 2017 | X | X | | $35,047,364.15 |
| ACCOUNT NO. <br><br> AMERICAN STOCK TRANSFER & TRUST CO, LLC <br> GENERAL COUNSEL <br> 6201 15TH AVENUE <br> BROOKLYN, NY 11219 | X | | Guarantee of 11.25% / 12.00% Senior Toggle Notes due November 1, 2017 | X | X | | $28,420,568.65 |
| ACCOUNT NO. <br><br> AMERICAN STOCK TRANSFER & TRUST CO, LLC <br> GENERAL COUNSEL <br> 6201 15TH AVENUE <br> BROOKLYN, NY 11219 | X | | Potential makewhole or similar claim under 11.25% / 12.00% Senior Toggle Notes due November 1, 2017[1] | X | X | X | Undetermined |

|  |  |
|---|---|
| Subtotal ▶ | $ 63,467,932.80 |
| Total ▶ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

__2__ continuation sheets attached

---

[1] The amounts listed with respect to the Debtor's unsecured notes do not reflect any ""makewhole"" amounts. The Debtor disputes all makewhole claims and reserves all rights related to such claims.

B6F (Official Form 6F) (12/07) – Cont.

In re **Energy Future Intermediate Holding Company LLC** ,
_____Debtor_____

Case No.  **14-11008 (CSS)**
_____ (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  AMERICAN STOCK TRANSFER & TRUST CO, LLC GENERAL COUNSEL 6201 15TH AVENUE BROOKLYN, NY 11219 | X | | Potential makewhole or similar claim under 10.875% Fixed Senior Notes due November 1, 2017[2] | X | X | X | Undetermined |
| ACCOUNT NO.  UMB BANK, N.A. LAURA ROBERSON VICE PRESIDENT 2 SOUTH BROADWAY, SUITE 600 ST. LOUIS, MO 63102 | X | | Potential makewhole or similar claim under 9.75% Fixed Senior Notes due October 15, 2019[2] | X | X | X | Undetermined |
| ACCOUNT NO.  UMB BANK, N.A. LAURA ROBERSON VICE PRESIDENT 2 SOUTH BROADWAY, SUITE 600 ST. LOUIS, MO 63102 | X | | Potential makewhole or similar claim under 11.25% / 12.25% Senior Toggle Notes due December 1, 2018[2] | X | X | X | Undetermined |
| ACCOUNT NO.  UMB BANK, N.A. LAURA ROBERSON VICE PRESIDENT 2 SOUTH BROADWAY, SUITE 600 ST. LOUIS, MO 63102 | X | | 9.75% Fixed Senior Notes due October 15, 2019 | X | X | | $2,120,871.46 |
| ACCOUNT NO.  UMB BANK, N.A. LAURA ROBERSON VICE PRESIDENT 2 SOUTH BROADWAY, SUITE 600 ST. LOUIS, MO 63102 | X | | 11.25% / 12.25% Senior Toggle Notes due December 1, 2018 | X | X | | $1,647,243,103.00 |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ► | $ 1,649,363,974.46

Total ►
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)
$

---

[2] The amounts listed with respect to the Debtor's unsecured notes do not reflect any ""makewhole"" amounts. The Debtor disputes all makewhole claims and reserves all rights related to such claims.

B6F (Official Form 6F) (12/07) – Cont.

In re **Energy Future Intermediate Holding Company LLC**            ,      Case No.   **14-11008 (CSS)**
                 **Debtor**                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>EFH CORPORATE SERVICES COMPANY<br>ATTN: MR. JEFF WALKER<br>1601 BRYAN ST.<br>DALLAS, TX 75201-3411 | | | Intercompany Payable | | | | $3,003,886.83 |
| ACCOUNT NO.<br><br>ENERGY FUTURE HOLDINGS CORP.<br>ATTN: MR. JEFF WALKER<br>1601 BRYAN ST.<br>DALLAS, TX 75201-3411 | | | Intercompany Payable | | | | $1,421,924.13 |
| ACCOUNT NO.<br><br>PENSION BENEFIT GUARANTY CORPORATION<br>ISRAEL GOLDOWITZ<br>1200 K STREET, NW<br>WASHINGTON, DC 20005-4026 | | | Potential Pension Liability | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>RICHARDS GROUP<br>8750 N CENTRAL EXPY<br>DALLAS, TX 75231-6436 | | | Trade Payable | | | | $702.37 |
| ACCOUNT NO.<br><br>TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC<br>ATTN: MR. JEFF WALKER<br>1601 BRYAN ST.<br>DALLAS, TX 75201-3411 | | | Intercompany Payable | | | | $2,746,863.46 |

Sheet no.  _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 7,173,376.79

Total ▶  $ 1,720,005,284.05
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re    **Energy Future Intermediate Holding Company**    ,
    **LLC**

Case No.    **14-11008 (CSS)**

_____
**Debtor**

_____
**(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide
the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the
leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John
Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

    ☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>TWO COMMERCE SQUARE<br>2001 MARKET STREET, SUITE 4100<br>PHILADELPHIA, PA 19103-7013 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| ALVAREZ & MARSAL LLC<br>600 MADISON AVE<br>NEW YORK, NY 10022 | ENGAGEMENT LETTER |
| AMERICAN STOCK TRANSFER & TRUST CO, LLC<br>GENERAL COUNSEL<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 | INDENTURE FOR 11.25% / 12.00% SENIOR TOGGLE NOTES DUE NOVEMBER 1, 2017 |
| AMERICAN STOCK TRANSFER & TRUST CO, LLC<br>GENERAL COUNSEL<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 | INDENTURE FOR 10.875% FIXED SENIOR NOTES DUE NOVEMBER 1, 2017 |
| CAPSTONE ADVISORY GROUP LLC<br>PARK 80 WEST<br>250 PEHLE AVE STE 105<br>SADDLE BROOK, NJ 07663 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| CENTERVIEW PARTNERS LLC<br>31 W 52ND ST<br>NEW YORK, NY 10019 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Energy Future Intermediate Holding Company LLC**                         Case No.   **14-11008 (CSS)**

_____
Debtor                                                                                                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CHARLES CREMENS<br>ADDRESS ON FILE | BOARD MEMBER AGREEMENT |
| COMPUTERSHARE TRUST COMPANY, N.A.<br>TINA VITALE, CORPORATE TRUST<br>480 WASHINGTON STREET, 28TH FL<br>JERSEY CITY, NJ 07310 | INDENTURE FOR 11.75% FIXED SENIOR SECURED SECOND LIEN NOTES DUE MARCH 1, 2022 |
| COMPUTERSHARE TRUST COMPANY, N.A.<br>TINA VITALE, CORPORATE TRUST<br>480 WASHINGTON STREET, 28TH FL<br>JERSEY CITY, NJ 07310 | INDENTURE FOR 11% FIXED SENIOR SECURED SECOND LIEN NOTES DUE OCTOBER 1, 2021 |
| CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 | INDENTURE FOR 6.875% FIXED SENIOR SECURED FIRST LIEN NOTES DUE AUGUST 15, 2017 |
| CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 | INDENTURE FOR 10% FIXED SENIOR SECURED FIRST LIEN NOTES DUE DECEMBER 1, 2020 |
| CSC TRUST COMPANY OF DELAWARE<br>SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 | INDENTURE FOR 10% FIXED SENIOR SECURED FIRST LIEN NOTES DUE DECEMBER 1, 2020 |
| DELOITTE AND TOUCHE, LLP<br>2200 ROSS AVENUE<br>SUITE 1600<br>DALLAS, TX 75201-6778 | SERVICES AGREEMENT |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Energy Future Intermediate Holding Company**    ,        Case No.   **14-11008 (CSS)**
    **LLC**
_____                     _____
           Debtor                                                (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| DELOITTE AND TOUCHE, LLP 2200 ROSS AVENUE SUITE 1600 DALLAS, TX 75201-6778 | SERVICES AGREEMENT DATED 10/23/2012 |
| EFH CORPORATE SERVICES COMPANY ATTN: MR. JEFF WALKER 1601 BRYAN ST. DALLAS, TX 75201-3411 | SHARED SERVICES AGREEMENT |
| ERNST AND YOUNG LLP 2323 VICTORY AVENUE SUITE 2000 DALLAS, TX 75219 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| EVERCORE GROUP LLC PO BOX 5319 ATTN: MICHELLE YANG NEW YORK, NY 10150 | ENGAGEMENT LETTER |
| FILSINGER ENERGY PARTNERS 25 SOUTH ELM STREET DENVER, CO 80246 | ENGAGEMENT LETTER |
| FRANKLIN ADVISORS, INC. | NON-DISCLOSURE AGREEMENT |
| JPMORGAN CHASE ATTN: CHRIS MCFARLAND 12 MAIN ST. 5TH FLOOR HOUSTON, TX 77002 | ACCOUNT TERMS [AGREEMENT] (JPM) |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Energy Future Intermediate Holding Company** ,                Case No.   **14-11008 (CSS)**
        **LLC**
_____                       _____
                    **Debtor**                                          **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL<br>1177 AVE OF THE AMERICAS<br>NEW YORK, NY 10036 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| PERELLA WEINBERG PARTNERS LP<br>767 FIFTH AVE<br>NEW YORK, NY 10153 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| RICHARDS LAYTON & FINGER PA<br>ONE RODNEY SQUARE 920 N KING ST<br>WILMINGTON, DE 19801 | ENGAGEMENT LETTER |
| ROPES & GRAY LLP<br>MARK R. SOMERSTEIN<br>1211 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-8704 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE,LLC<br>1801 CALIFORNIA STREET<br>SUITE 2800<br>DENVER, CO 80202 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
| SIDLEY AUSTIN LLP<br>PO BOX 0642<br>CHICAGO, IL 60690 | ENGAGEMENT LETTER |
| TEXAS ENERGY FUTURE HOLDINGS LP<br>TEXAS ENERGY FUTURE CAPITAL HOLDINGS LLC<br>AND THE RESTRUCTURING SUPPORT PARTIES | RESTRUCTURING SUPPORT AND LOCK-UP AGREEMENT, DATED APRIL 29, 2014 |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Energy Future Intermediate Holding Company**                ,        Case No.   **14-11008 (CSS)**
        **LLC**
                        _____                                    _____
                                Debtor                                                        (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| UMB BANK, N.A.<br>LAURA ROBERSON<br>VICE PRESIDENT<br>2 SOUTH BROADWAY, SUITE 600<br>ST. LOUIS, MO 63102 | INDENTURE FOR 11.25% / 12.25% SENIOR TOGGLE NOTES DUE DECEMBER 1, 2018 |
| UMB BANK, N.A.<br>LAURA ROBERSON<br>VICE PRESIDENT<br>2 SOUTH BROADWAY, SUITE 600<br>ST. LOUIS, MO 63102 | INDENTURE FOR 9.75% FIXED SENIOR NOTES DUE OCTOBER 15, 2019 |
| ZOLFO COOPER LLC<br>101 EISENHOWER PKY 3RD FL<br>ROSELAND, NJ 07068 | ENGAGEMENT LETTER AND NON-DISCLOSURE AGREEMENT |
|  |  |
|  |  |
|  |  |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re  **Energy Future Intermediate Holding Company LLC**                    ,    Case No.  **14-11008 (CSS)**
                                         **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached rider | |

**In re: Energy Future Intermediate Holding Company LLC**

**Case No. 14-11008 (CSS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | CSC TRUST COMPANY OF DELAWARE<br>10% FIXED SENIOR SECURED FIRST LIEN NOTES DUE<br>DECEMBER 1, 2020<br>ATTN: SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 |
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | CSC TRUST COMPANY OF DELAWARE<br>6.875% FIXED SENIOR SECURED FIRST LIEN NOTES DUE<br>AUGUST 15, 2017<br>ATTN: SANDRA E. HORWITZ<br>MANAGING DIRECTOR<br>2711 CENTERVILLE RD., SUITE 400<br>WILMINGTON, DE 19808 |
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | COMPUTERSHARE TRUST COMPANY, N.A.<br>11% FIXED SENIOR SECURED SECOND LIEN NOTES DUE<br>OCTOBER 1, 2021<br>ATTN: TINA VITALE, CORPORATE TRUST<br>480 WASHINGTON STREET, 28TH FL<br>JERSEY CITY, NJ 07310<br><br>COMPUTERSHARE TRUST COMPANY OF CANADA<br>ATTN: ALESSANDRA PANSERA<br>1500 UNIVERSITY STREET, SUITE 700<br>MONTREAL, QC H3A 3S8 |
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | COMPUTERSHARE TRUST COMPANY, N.A.<br>11.75% FIXED SENIOR SECURED SECOND LIEN NOTES DUE<br>MARCH 1, 2022<br>ATTN: TINA VITALE, CORPORATE TRUST<br>480 WASHINGTON STREET, 28TH FL<br>JERSEY CITY, NJ 07310<br><br>COMPUTERSHARE TRUST COMPANY OF CANADA<br>ATTN: ALESSANDRA PANSERA<br>1500 UNIVERSITY STREET, SUITE 700<br>MONTREAL, QC H3A 3S8 |
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | UMB BANK, N.A.<br>11.25% / 12.25% SENIOR TOGGLE NOTES DUE DECEMBER 1,<br>2018<br>ATTN: LAURA ROBERSON,VICE PRESIDENT<br>2 SOUTH BROADWAY, SUITE 600<br>ST. LOUIS, MO 63102 |
| EFIH FINANCE INC.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | UMB BANK, N.A.<br>9.75% FIXED SENIOR NOTES DUE OCTOBER 15, 2019<br>ATTN: LAURA ROBERSON,VICE PRESIDENT<br>2 SOUTH BROADWAY, SUITE 600<br>ST. LOUIS, MO 63102 |
| ENERGY FUTURE HOLDINGS CORP.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | AMERICAN STOCK TRANSFER & TRUST CO, LLC<br>10.875% FIXED SENIOR NOTES DUE NOVEMBER 1, 2017<br>ATTN: GENERAL COUNSEL<br>6201 15TH AVENUE<br>NEW YORK, NY 11219 |

**In re: Energy Future Intermediate Holding Company LLC**

**Case No. 14-11008 (CSS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| ENERGY FUTURE HOLDINGS CORP.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | AMERICAN STOCK TRANSFER & TRUST CO, LLC<br>11.25% / 12.00% SENIOR TOGGLE NOTES DUE NOVEMBER 1, 2017<br>ATTN: GENERAL COUNSEL<br>6201 15TH AVENUE<br>NEW YORK, NY 11219 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re : Energy Future Intermediate Holding Company LLC                    Case No. 14-11008 (CSS)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief

Date _____          Signature: _____
                                                          Debtor

Date _____          Signature _____
                                                          (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,          Social Security No
of Bankruptcy Petition Preparer          ( Required by 11 U.S.C. § 110 )

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person or partner who signs this document.

Address

X _____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Agent [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the corporation [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief

Date____ June 29 ,2014          Signature: _____

                                                          Michael L. Carter
                                                          [Print or type name of individual signing on behalf of debtor ]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor ]

Penalty for making a false statement or concealing property  Fine of up to $500,000 or imprisonment for up to 5 years or both  18 U.S.C. §§ 152 and 3571.