

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 25, 322, 629, & 1231 |

**SECOND FINAL ORDER (A) AUTHORIZING THE DEBTORS TO (I) PAY CERTAIN PREPETITION COMPENSATION AND REIMBURSABLE EMPLOYEE EXPENSES, (II) PAY AND HONOR EMPLOYEE AND RETIREE MEDICAL AND SIMILAR BENEFITS, AND (III) CONTINUE EMPLOYEE AND RETIREE BENEFIT PROGRAMS, AND (B) MODIFYING THE AUTOMATIC STAY**

Upon the motion (the "Wages Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order") (a) authorizing, but not directing, the Debtors to: (i) pay certain prepetition wages, salaries, reimbursable employee expenses, and other compensation described below; (ii) pay and honor employee and retiree medical and similar benefits; and (iii) continue employee compensation and employee and retiree benefit programs in the ordinary course of business on a postpetition basis and in a manner consistent with prepetition practices; and (b) modifying the automatic stay with respect to the Workers' Compensation Program, all as more fully set forth in the Motion; and upon the First Day Declaration; the *Supplement to the Motion of Energy Future Holdings Corp., et. al., for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Pay Certain Prepetition Compensation and Reimbursable Employee Expenses, (II) Pay and Honor Employee and Retiree*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

KE 32039103.8

*Medical and Similar Benefits, and (III) Continue Employee and Retiree Benefit Programs, and (B) Modifying the Automatic Stay* [D.I. 629] (the "Wages Supplement"); and the *Declaration of Carrie Kirby, Executive Vice President of Human Resources and Administration of Energy Future Holdings Corp., et al., in Support of the Non-Insider Compensation Programs Motion and the Severance Relief Requested in the Wages Motion* [D.I. 1231] (the "Kirby Declaration")[2]; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order in respect of the Motion [D.I. 322] and a final order in respect of the Motion, except with respect to the Severance Program and Independent Director Fees [D.I. 786]; and the Court having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Debtors having engaged in numerous discussions with the U.S. Trustee through counsel relating to objections and comments raised informally and resulting in the filing of the Wages Supplement and the Kirby Declaration; and the Court having reviewed the Motion, the Wages Supplement and the Kirby Declaration; and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the Wages Supplement, and the Kirby Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the

---

[2] The term "Motion" collectively refers to the Wages Motion, the Wages Supplement, and the Kirby Declaration. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion, as modified, is granted on a final basis as set forth herein.

2. The Debtors are authorized, in the ordinary course of business on a postpetition basis and in a manner consistent with the Debtors' prepetition policies and procedures, to continue to honor obligations arising in connection with the Independent Director Fees (as defined in the Wages Supplement) and the Severance Program (as defined in the Wages Motion) on a postpetition basis; *provided, however*, that the Debtors shall only be authorized to pay $15 million in the aggregate on account of the Severance Program; *provided, further, however*, that nothing in this Order shall authorize the Debtors to honor any prepetition obligations on account of the Independent Director Fees. The Debtors may not provide any relief pursuant to this Order with respect to the Debtors' Supplemental Retirement Plan, any other benefit plan that pays proceeds through a rabbi trust, or any incentive bonus program.

3. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of obligations arising in connection with the Independent Director Fees and the Severance Program, including all administrative and processing costs and payments to outside professionals in the ordinary course of business.

4. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Independent Director Fees or the Severance Program.

5. Subject to the terms of this Order, the Debtors are authorized, but not directed, to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases

with respect to prepetition amounts that the Debtors are permitted to honor pursuant to this Order.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the validity or amount of any claim against a Debtor entity; (b) a waiver of the rights of the Debtors' estates to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of the Debtors' estates under the Bankruptcy Code or any other applicable law; or (g) to create an administrative priority claim on account of the Independent Director Fees or the Severance Program. Payments made pursuant to this Order shall not be construed as an admission as to the validity or amount of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: __June 30__, 2014
      Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

KE 32039103.8