IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 885 & 1140 |

**ORDER APPROVING THE AGREEMENT OF
RESIGNATION, APPOINTMENT AND ACCEPTANCE BY
TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC,
ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC,
U.S. BANK NATIONAL ASSOCIATION, THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A., AND CSC TRUST COMPANY OF DELAWARE**

Upon the motion (the "Motion")[2] of TCEH and EFCH for entry of an order (this "Order") approving the Agreement, as set forth more fully in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 10438581v.1

if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Agreement, attached as **Exhibit 1** hereto, is hereby approved and is effective *nunc pro tunc* to the Effective Date.

3. Nothing in this Order is intended or shall be construed to modify the terms of the Indenture or Participation Agreement or to reaffirm or modify the obligations of the Debtors under the Indenture or Participation Agreement.

4. The Agreement shall not be modified, altered, amended, or vacated without written consent of the Parties thereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

5. Nothing in this Order shall constitute or be deemed (a) an allowance or disallowance of any claim, including administrative expense claims under section 503(b) of the Bankruptcy Code, (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code, (c) a waiver of any of the rights of the Parties to dispute claims asserted against the Debtors in these chapter 11 cases, or (d) a change of any priority levels existing in the absence of this Order, and the rights of the Parties with respect to each of the foregoing are hereby expressly reserved.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.  The Court retains exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) to enforce this Order; *provided, however*, that nothing herein shall alter the Court's jurisdiction to resolve any disputes or controversies arising from or related to the Indenture, the Participation Agreement, or the Bonds. Any request for relief brought before the Court to resolve a dispute arising from or related to the resignations and appointments contained in the Agreement and approved by this Order shall be brought on proper notice and in accordance with the relevant Bankruptcy Rules and the Local Bankruptcy Rules. To the extent the Court has, but refuses to exercise, jurisdiction over a dispute, such dispute may be brought before a court of competent jurisdiction in accordance with the Indenture or the Participation Agreement, as appropriate.

Dated: June 30, 2014
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 10438581v.1