**EXHIBIT 1** to **EXHIBIT A**

**Agreement of Resignation, Appointment, and Acceptance**

**EXECUTION VERSION**

AGREEMENT OF RESIGNATION, APPOINTMENT AND ACCEPTANCE (this "**Agreement**"), dated as of June 9, 2014 (the "**Effective Date**"), by and among U.S. BANK NATIONAL ASSOCIATION, a national banking association having an office at 50 Livingston Avenue, St. Paul, Minnesota 55107-2292 (as indirect successor in interest to The Connecticut National Bank, in its capacity as Owner Trustee ("**Owner Trustee**")), TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC, a Delaware limited liability company having an office at Energy Plaza, 1601 Bryan Street, Dallas, Texas 75201 ("**TCEH**"), ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC, a Delaware limited liability company having an office at Energy Plaza, 1601 Bryan Street, Dallas, Texas 75201 (as indirect successor in interest to Texas Utilities Electric Company, "**EFCH**" and, together with TCEH, the "**Company Parties**"), THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., a national banking association duly organized and existing under the laws of the United States of America having an office at 601 Travis Street, 16th Floor, Houston, Texas 77002 (as indirect successor in interest to American National Bank and Trust Company of Chicago, in its capacity as resigning Indenture Trustee ("**Resigning Indenture Trustee**")) and CSC TRUST COMPANY OF DELAWARE, a Delaware state chartered trust company duly organized and existing under the laws of Delaware having its principal corporate trust office at 2711 Centerville Road, Suite 220, Wilmington, Delaware 19808 (in its capacity as successor Indenture Trustee ("**Successor Indenture Trustee**")).

**RECITALS:**

WHEREAS, Resigning Indenture Trustee acts as Indenture Trustee under that certain Trust Indenture, Security Agreement and Mortgage, dated as of December 1, 1989, among Owner Trustee, EFCH and Resigning Indenture Trustee, as amended and supplemented by the

Trust Indenture, Security Agreement and Mortgage Supplement No. 1, dated as of October 25, 1995 (collectively, the "**Indenture**"), pursuant to which $34,552,000 aggregate principal amount of the 7.48% Secured Facility Bonds, 1995 Series due January 1, 2017 (the "**Bonds**") were issued and are outstanding as of the date hereof, and the Amended and Restated Participation Agreement, dated as of November 28, 1989, among EFCH, Resigning Indenture Trustee, Owner Trustee and the other parties thereto, as amended and supplemented by Supplement No. 1 to the Amended and Restated Participation Agreement, dated as of October 19, 1995, and Supplement No. 2 to Participation Agreement, dated as of April 10, 2013 (collectively, the "**Participation Agreement**");

WHEREAS, on December 20, 2001, EFCH assigned and TCEH assumed certain obligations under the Indenture and EFCH remains co-obligated for certain rights, duties and obligations under the Indenture;

WHEREAS, Section 9.10(b) of the Indenture provides that the Indenture Trustee may resign at any time with respect to the Bonds by giving written notice thereof to Owner Trustee and the Company Parties;

WHEREAS, pursuant to Sections 9.10(b) and 9.14(e) of the Indenture, and by a notice dated May 8, 2014 (the "**Resignation Notice**"), the Resigning Indenture Trustee resigned as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture;

WHEREAS, Section 9.11 of the Indenture provides that any successor Indenture Trustee appointed in accordance with the Indenture shall execute, acknowledge and deliver to Owner Trustee, the Company Parties and its predecessor Indenture Trustee an instrument accepting such appointment under the Indenture, and thereupon the resignation of the predecessor Indenture Trustee shall become effective and such successor Indenture Trustee, without any further act,

2

deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Indenture Trustee;

WHEREAS, Owner Trustee desires to appoint Successor Indenture Trustee as Indenture Trustee, Bond Registrar and Paying Agent to succeed Resigning Indenture Trustee under the Indenture and the Participation Agreement, whereupon Resigning Indenture Trustee shall be discharged from its respective duties and obligations under the Indenture and the Participation Agreement; and

WHEREAS, Successor Indenture Trustee is willing to accept such appointments as successor Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

NOW, THEREFORE, Owner Trustee, the Company Parties, Resigning Indenture Trustee and Successor Indenture Trustee, for and in consideration of the premises and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby consent and agree as follows:

ARTICLE I

RESIGNING INDENTURE TRUSTEE

Section 1.01    The Company Parties and Owner Trustee acknowledge receipt of the Resignation Notice.

Section 1.02    Resigning Indenture Trustee hereby represents and warrants to Successor Indenture Trustee that:

(a)    No covenant or condition contained in the Indenture or the Participation Agreement has been waived by Resigning Indenture Trustee or, to the best of its knowledge, by the Holders of the percentage in aggregate principal amount of the Bonds required by the Indenture to effect any such waiver.

3

027141-0027-14560-Active.15709460.21

(b)    There is no action, suit or proceeding pending or, to the best of the knowledge of Resigning Indenture Trustee, threatened against it before any court or any governmental authority arising out of any action or omission by it as Indenture Trustee under the Indenture or the Participation Agreement.

(c)    Each person who authenticated the Bonds on behalf of Resigning Indenture Trustee was duly elected or appointed, qualified and acting as an officer or authorized signatory of Resigning Indenture Trustee and empowered to authenticate the Bonds at the respective times of such authentication and the signature of such person or persons appearing on such Bonds is each such person's genuine signature.

(d)    As of the Effective Date, it holds no property under the Indenture.

(e)    As of the Effective Date, $34,552,000 aggregate principal amount of the Bonds are outstanding under the Indenture, all of which were duly authenticated by Resigning Indenture Trustee.

(f)    This Agreement has been duly authorized, executed and delivered on behalf of it and constitutes its legal, valid and binding obligation.

(g)    The last interest payment on the Bonds was made by Resigning Indenture Trustee on January 2, 2014.

Section 1.03    Resigning Indenture Trustee hereby assigns, transfers, delivers and confirms to Successor Indenture Trustee all right, title and interest of Resigning Indenture Trustee in and to the trust under the Indenture and Resigning Indenture Trustee hereby assigns, transfers, delivers and confirms to Successor Indenture Trustee all the rights, powers and duties of the Indenture Trustee under the Indenture and the Participation Agreement.  Resigning Indenture Trustee shall execute and deliver such further instruments and shall take such other actions as Successor Indenture Trustee may reasonably request so as to more fully and certainly vest and confirm in Successor Indenture Trustee all the rights, powers and duties hereby assigned, transferred, delivered and confirmed to it as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

Section 1.04    Resigning Indenture Trustee shall deliver to Successor Indenture Trustee, as of or immediately after the Effective Date, all of the documents listed on Schedule 1.04

4

hereto; provided, however, that Resigning Indenture Trustee shall deliver any and all global Bonds to Successor Indenture Trustee as soon as practicable following the Effective Date. Thereafter, Resigning Indenture Trustee shall deliver all such additional documents with respect to the Bonds as Successor Indenture Trustee may reasonably request from time to time.

Section 1.05    In the event that after the Effective Date Resigning Indenture Trustee (whether in its capacities as Indenture Trustee, Bond Registrar or Paying Agent) receives any amounts (other than amounts payable to it in respect of fees, expenses or indemnities) in respect of obligations under the Indenture or the Participation Agreement that were intended to be received by Successor Indenture Trustee, Resigning Indenture Trustee shall promptly after it shall have obtained actual knowledge thereof remit such amounts to Successor Indenture Trustee.

ARTICLE 2

OWNER TRUSTEE

Section 2.01    Owner Trustee hereby accepts the resignation of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

Section 2.02    Owner Trustee hereby appoints Successor Indenture Trustee as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement, with all the rights, powers and duties of Resigning Indenture Trustee under the Indenture and the Participation Agreement with like effect as if originally named as Indenture Trustee in the Indenture and the Participation Agreement.

Section 2.03    Owner Trustee hereby represents and warrants to Resigning Indenture Trustee and Successor Indenture Trustee that this Agreement has been duly authorized, executed and delivered on behalf of Owner Trustee and constitutes its legal, valid and binding obligation.

Section 2.04    Owner Trustee shall execute and deliver such further instruments and shall take such other actions as Successor Indenture Trustee may reasonably request so as to more fully and certainly vest and confirm in Successor Indenture Trustee all the rights, powers and duties hereby assigned, transferred, delivered and confirmed to it as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

### ARTICLE 3

### COMPANY PARTIES

Section 3.01    The Company Parties hereby accept the resignation of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

Section 3.02    The Company Parties hereby represent and warrant to Resigning Indenture Trustee and Successor Indenture Trustee that:

(a)    TCEH is a limited liability company duly formed and validly existing under the laws of the State of Delaware.  EFCH is a limited liability company duly formed and validly existing under the laws of the State of Delaware.

(b)    Each of the Indenture and the Participation Agreement was validly and lawfully executed and delivered or assumed by a predecessor of the Company Parties, as applicable.

(c)    The Company Parties have performed or fulfilled prior to the date hereof, and will continue to perform and fulfill after the date hereof, each covenant, agreement, condition, obligation and responsibility on its part to be performed or fulfilled under the Indenture and the Participation Agreement, except to the extent set forth in, or pursuant to or in connection with Case No. 14-10979 (CSS) In re:  Energy Future Holdings Corp., et al., Debtors with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

(d)    This Agreement has been duly authorized, executed and delivered on behalf of the Company Parties and constitutes their legal, valid and binding obligation.

6

Section 3.03    The Company Parties shall execute and deliver such further instruments and shall take such other actions as Successor Indenture Trustee may reasonably request so as to more fully and certainly vest and confirm in Successor Indenture Trustee all the rights, powers and duties hereby assigned, transferred, delivered and confirmed to it as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement.

ARTICLE 4

SUCCESSOR INDENTURE TRUSTEE

Section 4.01    Successor Indenture Trustee hereby represents and warrants to Resigning Indenture Trustee, Owner Trustee and the Company Parties that:

(a)    Successor Indenture Trustee is not disqualified under Section 9.08 of the Indenture and is eligible under Section 9.09 of the Indenture to act as Indenture Trustee under the Indenture.

(b)    This Agreement has been duly authorized, executed and delivered on behalf of Successor Indenture Trustee and constitutes its legal, valid and binding obligation.

Section 4.02    Successor Indenture Trustee hereby accepts its appointment as successor Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement, and accepts the rights, powers and duties of Resigning Indenture Trustee as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement, upon the terms and conditions set forth therein, with like effect as if originally named as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture and the Participation Agreement. Upon the Effective Date, Resigning Indenture Trustee shall be discharged from all obligations as Indenture Trustee under the Indenture and the Participation Agreement. Notwithstanding any of the foregoing, Successor Indenture Trustee does not hereby

7

assume, and shall not be deemed to have assumed, any liability of Resigning Indenture Trustee incurred prior to the Effective Date.

Section 4.03    Promptly after the Effective Date, Owner Trustee shall cause a notice, substantially in the form of Schedule 4.03 hereto, to be sent to each Holder of Bonds in accordance with the provisions of Sections 9.10(f) and 9.14(e) of the Indenture.

Section 4.04    References in the Indenture to "Indenture Trustee Office" of the Indenture Trustee or other similar terms shall be deemed to refer to the Indenture Trustee Office of Successor Indenture Trustee at 2711 Centerville Road, Suite 220, Wilmington, Delaware 19808 or any other office of Successor Indenture Trustee at which, at any particular time, its corporate trust business shall be administered.

ARTICLE 5

MISCELLANEOUS

Section 5.01    Except as otherwise expressly provided herein or unless the context otherwise requires, all terms used herein which are defined in the Indenture shall have the meaning assigned to them in the Indenture.

Section 5.02    This Agreement and the resignation, appointment and acceptance effected hereby shall be effective as of the Effective Date, upon approval by the Bankruptcy Court of the *Order Approving the Agreement of Resignation, Appointment and Acceptance by Texas Competitive Electric Holdings Company LLC, Energy Future Competitive Holdings Company LLC, U.S. Bank National Association, The Bank of New York Mellon Trust Company, N.A. and CSC Trust Company of Delaware* in the form of Schedule 5.02 hereto (the date of such approval, the "**Approval Date**"); provided, however, that the resignation of Resigning Indenture Trustee as Paying Agent and Bond Registrar under the Indenture and appointment of Successor Indenture

027141-0027-14560-Active.15709460.21

Trustee as Paying Agent and Bond Registrar under the Indenture shall be effective as soon as practicable, upon which effectiveness Resigning Indenture Trustee shall be discharged from all obligations as Paying Agent and Bond Registrar under the Indenture.

Section 5.03    Notwithstanding the resignation of Resigning Indenture Trustee effected hereby, the Company Parties shall remain obligated to Resigning Indenture Trustee to the full extent provided by Section 9.07 of the Indenture and Section 9.2.5 of the Participation Agreement, including, for the avoidance of doubt, the obligation to indemnify Resigning Indenture Trustee in connection with its prior trusteeship under the Indenture.  The Company Parties also acknowledge and affirm their obligations to Successor Indenture Trustee as set forth in Section 9.07 of the Indenture and Section 9.2.5 of the Participation Agreement.  In the event and to the extent that pursuant to the provisions of Section 9.07 of the Indenture, Successor Indenture Trustee exercises its lien upon any distributions to the Holders of the Bonds, or in the event that Successor Indenture Trustee exercises its right to priority of payment, Successor Indenture Trustee will do so for both Successor Indenture Trustee's fees, costs, expenses and indemnification claims incurred in connection with its trusteeship under the Indenture and the unpaid fees, costs, expenses and indemnification claims of Resigning Indenture Trustee.

Section 5.04    This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

Section 5.05    This Agreement may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

9

Section 5.06    Owner Trustee, the Company Parties, Resigning Indenture Trustee and Successor Indenture Trustee hereby acknowledge receipt of an executed counterpart of this Agreement and the effectiveness thereof.

Section 5.07    Any notice or communication by Owner Trustee, the Company Parties, Resigning Indenture Trustee or Successor Indenture Trustee to the others is duly and timely given if in writing and delivered in person or by first class mail (registered or certified, return receipt requested), facsimile transmission or overnight air courier guaranteeing next day delivery, to the others' address:

If to Owner Trustee:

U.S. Bank National Association
60 Livingston Avenue
St. Paul, Minnesota 55107-2292
Facsimile: 651-466-7401
Attention: Barry Ihrke

With a copy to:

Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Facsimile: 612-642-8335
Attention: Clark Whitmore

If to TCEH:

Texas Competitive Electric Holdings Company LLC
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile: 214-812-6032
Attention:   General Counsel

027141-0027-14560-Active.15709460.21

With a copy to:

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Facsimile: 212-455-2502
Attention: Edward P. Tolley III

If to EFCH:

Energy Future Competitive Holdings Company LLC
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile: 214-812-6032
Attention:   General Counsel

With a copy to:

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Facsimile: 212-455-2502
Attention: Edward P. Tolley III

If to Resigning Indenture Trustee:

The Bank of New York Mellon Trust Company, N.A.
Corporate Trust Division
601 Travis Street – 16th Floor
Houston, Texas 77002
Facsimile: 713-483-6954
Attention: 7.48% Secured Facility Bonds, 1995 Series Indenture Trustee

With a copy to:

Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Facsimile:  302-778-7550
Attention:  Kurt F. Gwynne, Esquire


If to Successor Indenture Trustee:

CSC Trust Company of Delaware

027141-0027-14560-Active.15709460.21

2711 Centerville Road, Suite 220
Wilmington, Delaware 19808
Facsimile: 302-636-8666
Attention: Michelle Dreyer

With a copy to:

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Facsimile: 212-808-7897
Attention: David Retter/Pamela Bruzzese-Szczygiel

Section 5.08    Nothing in this Agreement shall constitute or be deemed (a) an allowance or disallowance of any claim, including administrative expense claims under Section 503(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"), (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code, (c) a waiver of any of the rights of the parties hereto to dispute claims asserted against the Company Parties and their affiliates in their chapter 11 cases, or (d) a change of any priority levels existing in the absence of this Agreement. The rights of the parties hereto with respect to each of the foregoing are hereby expressly reserved.

Section 5.09    The Bankruptcy Court retains exclusive jurisdiction (and the parties hereto consent to such retention of jurisdiction) to enforce this Agreement; provided, however, that nothing herein shall alter the Bankruptcy Court's jurisdiction to resolve any disputes or controversies arising from or related to the Indenture, the Participation Agreement or the Bonds. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to the resignations and appointments contained in this Agreement shall be brought on proper notice and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.    To the extent the Bankruptcy Court has, but refuses to exercise,

12

027141-0027-14560-Active.15709460.21

jurisdiction over a dispute, such dispute may be brought before a court of competent jurisdiction in accordance with the Indenture or the Participation Agreement, as appropriate.

*[Remainder of Page Intentionally Left Blank]*

027141-0027-14560-Active.15709460.21

IN WITNESS WHEREOF, the parties hereby have caused this Agreement to be duly executed as of the day and year first above written.

**U.S. BANK NATIONAL ASSOCIATION,**
as Owner Trustee

By: *Barry O____*
Name: *Barry Ihrke*
Title: *Vice President*

**TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC**

By:_____
Name:
Title:

**ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC**

By:_____
Name:
Title:

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,**
as Resigning Indenture Trustee

By:_____
Name:
Title:

**CSC TRUST COMPANY OF DELAWARE,**
as Successor Indenture Trustee

By:_____
Name:
Title:

*[Signature Page to Agreement Of Resignation, Appointment And Acceptance (7.48% Fixed Facility)]*

IN WITNESS WHEREOF, the parties hereby have caused this Agreement to be duly executed as of the day and year first above written.

**U.S. BANK NATIONAL ASSOCIATION,**
**as Owner Trustee**

By:_____
    Name:
    Title:

**TEXAS COMPETITIVE ELECTRIC**
**HOLDINGS COMPANY LLC**

By:_____
    Name:  Anthony R. Horton
    Title:  Treasurer

**ENERGY FUTURE COMPETITIVE**
**HOLDINGS COMPANY LLC**

By:_____
    Name:  Anthony R. Horton
    Title:  Treasurer

**THE BANK OF NEW YORK MELLON**
**TRUST COMPANY, N.A.,**
**as Resigning Indenture Trustee**

By:_____
    Name:
    Title:

**CSC TRUST COMPANY OF DELAWARE,**
**as Successor Indenture Trustee**

By:_____
    Name:
    Title:

IN WITNESS WHEREOF, the parties hereby have caused this Agreement to be duly executed as of the day and year first above written.

U.S. BANK NATIONAL ASSOCIATION,
as Owner Trustee

By:_____
   Name:
   Title:

TEXAS COMPETITIVE ELECTRIC
HOLDINGS COMPANY LLC

By:_____
   Name:
   Title:

ENERGY FUTURE COMPETITIVE
HOLDINGS COMPANY LLC

By:_____
   Name:
   Title:

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,
as Resigning Indenture Trustee

By:_____
   Name:  Rafael Martinez
   Title:  Vice President

CSC TRUST COMPANY OF DELAWARE,
as Successor Indenture Trustee

By:_____
   Name:
   Title:

*[Signature Page to Agreement Of Resignation, Appointment And Acceptance (7.48% Fixed Facility)]*

IN WITNESS WHEREOF, the parties hereby have caused this Agreement to be duly executed as of the day and year first above written.

**U.S. BANK NATIONAL ASSOCIATION,**
**as Owner Trustee**

By:_____
   Name:
   Title:

**TEXAS COMPETITIVE ELECTRIC**
**HOLDINGS COMPANY LLC**

By:_____
   Name:
   Title:

**ENERGY FUTURE COMPETITIVE**
**HOLDINGS COMPANY LLC**

By:_____
   Name:
   Title:

**THE BANK OF NEW YORK MELLON**
**TRUST COMPANY, N.A.,**
**as Resigning Indenture Trustee**

By:_____
   Name:
   Title:

**CSC TRUST COMPANY OF DELAWARE,**
**as Successor Indenture Trustee**

By:_____
   Name:
   Title:   Alan R. Halpern
              Vice President

*[Signature Page to Agreement Of Resignation, Appointment And Acceptance (7.48% Fixed Facility)]*

<u>Schedule 1.04</u>

## DOCUMENTS TO BE DELIVERED TO SUCCESSOR INDENTURE
## TRUSTEE BY RESIGNING INDENTURE TRUSTEE

1.      Executed copies of the Indenture, the Participation Agreement, the Lease and all other agreements, amendments and financing statements.

2.      File of closing documents.

3.      Copies of the most recent of each of the SEC reports, if any, delivered by the Company Parties.

4.      A copy of the most recent compliance certificate, if any, delivered pursuant to the agreements.

5.      Certified List of Holders of the Bonds as of the Effective Date.

6.      Copies of any official notices sent by the Trustee to all Holders pursuant to the terms of the Indenture during the past twelve months.

7.      Bond debt service records.

8.      Trust account statements for a one-year period preceding the date of this Agreement.

9.      Such other documents as the Successor Indenture Trustee may reasonably require in order to transfer the appointment to it.

Schedule 4.03

**FORM OF NOTICE TO HOLDERS**

[LETTERHEAD OF OWNER TRUSTEE]

To: The Holders of 7.48% Secured Facility Bonds, 1995 Series due January 1, 2017 (CUSIP No.: 882850 CX 6)

NOTICE IS HEREBY GIVEN, pursuant to Sections 9.10(f) and 9.14(e) of the Trust Indenture, Security Agreement and Mortgage, dated as of December 1, 1989, among Texas Competitive Electric Holdings Company LLC, U.S. Bank National Association (as indirect successor in interest to The Connecticut National Bank), as Owner Trustee, and The Bank of New York Mellon Trust Company, N.A. (as indirect successor in interest to American National Bank and Trust Company of Chicago), as Indenture Trustee, as amended and supplemented by the Trust Indenture, Security Agreement and Mortgage Supplement No. 1, dated as of October 25, 1995 (collectively, the "Indenture"), that The Bank of New York Mellon Trust Company, N.A. has resigned as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture.

CSC Trust Company of Delaware, a Delaware state chartered trust company duly organized and existing under the laws of the State of Delaware, has accepted appointment as Indenture Trustee, Bond Registrar and Paying Agent under the Indenture, subject to approval by the United States Bankruptcy Court for the District of Delaware.

The address of the Indenture Trustee Office of CSC Trust Company of Delaware is 2711 Centerville Road, Suite 220, Wilmington, Delaware 19808.

Dated:  New York, New York
         , 2014

                                        Very truly yours,

                                        U.S. Bank National Association,
                                        as Owner Trustee

027141-0027-14560-Active.15709460.21

Schedule 5.02

**ORDER APPROVING THE AGREEMENT OF
RESIGNATION, APPOINTMENT AND ACCEPTANCE BY AND
AMONG TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC, ENERGY
FUTURE COMPETITIVE HOLDINGS COMPANY LLC, U.S. BANK NATIONAL
ASSOCIATION, THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., AND CSC TRUST COMPANY OF DELAWARE**