## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), commenced on April 29, 2014 (the "Petition Date"), have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Michael L. Carter, Senior Vice President Corporate Planning and Assistant Treasurer of Energy Future Holdings Corp. ("EFH Corp."), , in his capacity as an authorized agent at each of the Debtors, has signed the Schedules and Statements for each of the Debtors except (a) Luminant Energy Company LLC, (b) Luminant ET Services Company, and (c) Luminant Energy Trading California Company (the "Luminant Energy Entities") and Terry L. Nutt, Vice President of Risk Management for EFH Corporate Services Company, in his capacity as an authorized agent at each of the Luminant Energy Entities, has signed the Schedules and Statements on behalf of the Luminant Energy Entities. In reviewing and signing the Schedules and Statements, Mr. Carter and Mr. Nutt have necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Neither Mr. Carter nor Mr. Nutt has (nor could have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies some of which may be material.

## General Disclosures Applicable to Schedules and Statements

1. _General Reservation of Rights_. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses, and/or Claims[2] or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. _References_. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

3. _Currency_. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4. _Paid Claims_. The Bankruptcy Court authorized (but did not direct) the Debtors to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

5. _Amendments and Supplements_. While the Debtors made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.

---

[2] As used herein, the term "Claim" has the meaning set forth in section 101(5) of the Bankruptcy Code.

The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

6. <u>Recharacterization</u>.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.    The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

7. <u>Liabilities</u>.    The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.    As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

8. <u>Insiders</u>.    For purposes of the Schedules and Statements, persons listed as "insiders" have been included for informational purposes only.    The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.    Amounts paid on behalf of employees for life and and disability coverage, which coverage is provided to all of the Debtors' employees, have not been included.

9. <u>Intercompany Claims</u>.    Receivables and payables among the Debtors in these cases and their affiliates are reported on Schedule B and Schedule F, respectively.    For additional information about the Debtors' intercompany transactions and related cash management protocols, see *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense* [D.I. 37].

10. <u>Intellectual Property Rights</u>.    Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.    Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.    The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another.    Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

11.    <u>Executory Contracts</u>.    The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G. In addition, the businesses of the Debtors are complex—while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

12.    <u>Setoffs</u>.    The Debtors incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, debit memos, credits, and other disputes between the Debtors and their suppliers. These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, certain set offs may be excluded from the Schedules and Statements.

13.    <u>Claims Description</u>.    Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated."

14.    <u>Excluded Assets and Liabilities</u>.    The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including accrued salaries, employee benefit accruals, certain deposits, and deferred gains. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

15.    <u>Causes of Action</u>.    Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

16.    <u>Confidential or Sensitive Information</u>.    There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Additionally, employee addresses have been removed from entries listed on the Schedules and Statements, where applicable.

17.    <u>Current Market Value — Net Book Value</u>. Unless otherwise indicated, the Schedules and Statements reflect net book values. The Debtors reserve all rights related to the net book value reflected in the Schedules and Statements.

18.     Undetermined Amounts.    The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

19.     Totals.    All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.    To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

20.     Mechanics' Liens.    The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

21.     Letters of Credit.    Amounts due and payable as of the Petition Date as listed herein do not reflect draws on letters of credit unless such draws were made by a third-party, non-Debtor or unless noted otherwise.

## General Disclosures Applicable to Statements

1.     Question 1.    The revenue amounts listed in response to Question 1 include amounts received by the Debtors from other Debtors.

2.     Question 2.    The amounts listed in response to Question 2 include amounts received by the Debtors from other Debtors.

3.     Question 3(b).    The information provided lists payments made by a Debtor on behalf of itself or on behalf of another Debtor in accordance with routine business practices. The response to Question 3(b) includes any disbursement or other transfer made by the Debtor except for those made to (a) insiders or other Debtors (which payments appear in response to Statement question 3(c)); (b) non-insider employees; and (c) bankruptcy professionals (which payments appear in response to Statement question 9).

4.     Question 3(c).    The amounts listed in response to question 3(c) include payments or transfers (including net allocations associated with the money pool amounts described in the Cash Management Motion) made to or from a Debtor to another Debtor during the one year preceding April 29, 2014.    To the extent the Debtor is a holder of a security issued by another Debtor, the Debtor periodically receives cash or stock distributions, or interest payments, and any such distributions or interest payments made in the one year preceding April 29, 2014 are set forth in the rider attached to Question 3(c).

5.     Question 8.    The Debtors occasionally incur losses for a variety of reasons, including theft, bodily injury, and property damage.    Although such losses are tracked internally and subject to internal review processes before payments are authorized, the Debtors, may not have records of all such losses to the extent such losses do not have a material effect on a Debtor's businesses or are not reported for insurance purposes.

6.     Question 9.    The response to Question 9 identifies which Debtor made a payment in the first instance on behalf of professionals the Debtors seek to retain under section 327of the Bankruptcy Code and does not reflect subsequent intercompany allocations of payments.    In

addition, for any given payment, multiple Debtor entities may have made a partial payment.  For a complete analysis of any Debtor entity that may have made a partial payment with respect to any payment obligation, please see collectively the response to Question 9 set forth for EFH Corp., ., EFH Corporate Services Company, Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, Texas Competitive Electric Holdings Company LLC

7.      Question 15.      The Debtors have only listed changes to the address of the corporate headquarters and have excluded any changes of address for ancillary locations or facilities.

8.      Question 20.      Energy Future Holdings Corp. maintains various Sarbanes-Oxley controls related to the various inventories and the inventory measurement processes used by the Debtors.  These controls are reviewed on a monthly, quarterly, or annual basis, depending on the specific controls.

9.      Question 21.      Every individual identified on the rider attached to the applicable Debtor in response to Question 21 was formally voted in by vote of the board of directors or board of managers, as applicable.

10.      Question 22.      Any response to Question 22 includes only those individuals that have terminated their relationship with the listed Debtor as either a director or officer, and does not include individuals that have simply changed their title but who have otherwise maintained their relationship as a director or officer.

### General Disclosures Applicable to Schedules

1.      Classifications.      Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

2.      Schedule A.      Except where otherwise noted, the Debtors have included the book value of owned real property assets held by each Debtor on Schedule A.  Certain de minimis real property assets that are not reported or tracked centrally may have been excluded.

3.      Schedule B.      Certain of the Debtors' machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations, generally because the related dollar amounts are not material, and, consequently, may not be listed on Schedule B.  To the extent a Debtor is party to one or more ISDAs, EEI, and/or master netting agreements that provide for the mutual netting of payment and/or collateral obligations, the amounts listed for such Debtor in Schedule F reflect such mutual netting.  Notwithstanding the foregoing, the Debtors reserve all rights related to the netting provisions provided for in such ISDAs, EEIs, and master netting agreements.

4.      Schedule D.      The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.

All Claims listed on Schedule D, however, appear to have arisen or were incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien.  The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.  The Debtors made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

5. Schedule E.  The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.  All Claims listed on the Debtors' Schedule E are Claims owing to various taxing authorities to which the Debtors may potentially be liable.  Certain of such Claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E.  Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

6. Schedule F.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtors.  In addition, certain Claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule F contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements except to the extent such Claims have already escheated to the estate. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

The Debtors assumed current customer contracts and established October 27, 2014, as the bar date for customer Claims pursuant to orders of the Court (the "Customer Bar Date"). The Debtors' claims and noticing agent, Epiq, completed its service of the Customer Bar Date materials on April 30, 2014 [D.I. 212]. Since the Customer Bar Date was established, approximately 2,100 customer Claims have been filed on the Epiq claims register. Such Claims have not been listed on this Schedule F but may be found on the claims register.

The Debtors are aware that certain customers, outside Epiq's claim process described above, may be disputing the rates the Debtors charge or have charged and the services the Debtors is providing or has provided, and the Debtor reserves all rights related to such disputes, whether or not scheduled herein.

Schedule G. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider. In such cases, the Debtors made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contracts or unexpired leases. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

In addition, certain of the Debtors, along with other Debtors, are party to a Restructuring Support Agreement ("RSA") with certain of their financial stakeholders. The RSA is listed on each Debtor signatory's Schedule G. For a complete analysis of the Debtors that are party to an RSA, please review each Debtor's Schedule G.

Finally, although the Debtors maintain insurance policies for the benefit of every Debtor, the Debtor EFH Corp. is the named insured on each of the insurance policies. As a result, all of

the Debtors' insurance policies are listed on Schedule G for the Debtor EFH Corp. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

7.    <u>Schedule H</u>.    For purposes of Schedule H, only the agent under the prepetition loan facility is listed for Claims arising thereunder.    Instead, all such listings can be found on the applicable Debtor's Schedule F and Statement Question 4(a).

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### District Of Delaware

In re:  Luminant Generation Company LLC          ,          Case No.    14-11032 (CSS)
                          Debtor                                                              (if known)

### STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1.   Income from employment or operation of business**

None
☐

    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                         SOURCE

$609,724,542.51                                        Gross Revenue - 1/1/2014 - 4/28/2014

2

In re:  Luminant Generation Company LLC                Case No.    14-11032 (CSS)

---

| AMOUNT | SOURCE |
|--------|--------|
| $2,343,336,259.52 | Gross Revenue - 1/1/2013 - 12/31/2013 |
| $2,217,802,456.89 | Gross Revenue - 1/1/2012 - 12/31/2012 |

---

**2.  Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $91,039,525.99 | Other Revenue - 1/1/2014 - 4/28/2014 |
| $269,126,906.77 | Other Revenue - 1/1/2013 - 12/31/2013 |
| $325,586,874.10 | Other Revenue - 1/1/2012 - 12/31/2012 |

---

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|--------|--------|--------|--------|
| Not applicable | | | |

---

None ☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

3

In re:  Luminant Generation Company LLC                    Case No.    14-11032 (CSS)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See attached rider | | | |

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| See attached rider | | | |

Payments to Debtor or non-Debtor affiliates, as set forth in the response to Question 3(c), represent the change in intercompany claims and balances over a period of approximately one year.   To the extent such balances represent a deficit, such amounts are reported in parentheses.

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| See attached rider | | | |

None 

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

**5.    Repossessions, foreclosures and returns**

4

In re:   Luminant Generation Company LLC                              Case No.     14-11032 (CSS)

---

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

_____

**6.    Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

_____

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

_____

**7.    Gifts**

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

See attached rider

In re:    Luminant Generation Company LLC                    Case No.    14-11032 (CSS)

---

The Debtor has listed those gifts that are maintained and recognized, for tax-reporting purposes, as gifts under the Internal Revenue Code. In accordance with the Debtor's accounting practices, these gifts are listed by the Debtor who recorded the ultimate accounting expense on its books and records and not the Debtor that initially paid for the gift.   Certain de minimis gifts that are not reported or tracked centrally may have been excluded.

_____

### 8.    Losses

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

See attached rider

_____

### 9.    Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

The response to Question 9 identifies which Debtor made a payment in the first instance and does not reflect intercompany allocations of payments. In addition, for any given payment, multiple Debtor entities may have made a partial payment.   For a complete analysis of any Debtor entity that may have made a partial payment with respect to any payment obligation, please see collectively the response to Question 9 set forth for each of EFH Corporate Services Company, Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC and Texas Competitive Electric Holdings Company LLC.

_____

### 10.    Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

See attached rider

The Debtor participated in one or more exchanges with one or more of its affiliates, pursuant to which the Debtor issued new notes in exchange for notes held by such affiliate.   The response to Question 10 does

6

In re:   Luminant Generation Company LLC                    Case No.     14-11032 (CSS)

not reflect any cash or stock distributions made in connection with such exchanges. Such cash and/or stock distributions are described in the note accompanying Question 3(c).

None

☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.   Closed financial accounts**

None

☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.   Safe deposit boxes**

None

☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.   Setoffs**

None

☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:  Luminant Generation Company LLC                    Case No.    14-11032 (CSS)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| ALCOA 201 ISABELLA STREET PITTSBURGH, PA 15219-5858 | February 2014 | $7.486MM |
| ALCOA 201 ISABELLA STREET PITTSBURGH, PA 15219-5858 | March 2014 | $1.838MM |

In the ordinary course for administrative convenience, each of (I) Luminant Generation Company LLC and Alcoa and (II) Luminant Mining and Alcoa determine amounts that are due to each other under contracts between those parties and settle amounts due to/from one another and one check is issued to settle amounts by the party with the aggregate net payable balance (i.e., Alcoa to the Luminant entities or the Luminant entities to Alcoa).   However, the amounts reflected above reflect a setoff of amounts due to Luminant Mining Company LLC from Alcoa against amounts owed by Luminant Generation Company LLC to Alcoa under different contracts, which is not the parties ordinary course and is not permitted by the contracts.   These setoff amounts are disputed by the Luminant entities.

_____

**14.  Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

_____

**15.  Prior address of debtor**

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

_____

**16.  Spouses and Former Spouses**

None
☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

In re:    Luminant Generation Company LLC                          Case No.    14-11032 (CSS)

8

Not applicable

_____

**17.    Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

_____

None
☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

See attached rider; see also Debtor's response to Statement Question 17c for a description of the Debtor's environmental proceedings and/or matter resolutions.

_____

None
☐

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

See attached rider

_____

None
☐

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

See attached rider

_____

**18.    Nature, location and name of business**

9

In re:    Luminant Generation Company LLC                Case No.    14-11032 (CSS)

_____

None

☐

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| LUMINANT POWER SERVICES COMPANY | 74-3195081 | 1601 BRYAN STREET DALLAS, TX 75201 | Employee Service Company for Power | Ending Date 12/26/2011 |

The Debtor has only listed the dates on which mergers involving Debtor entities closed.

Identifying the "beginning" date is burdensome and cost prohibitive, given that many mergers occurred through a multi-step process over several years.   All assets and liabilities associated with pre-merger entities have been accounted for in the assets and liabilities of the Debtor entity.

_____

None

☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

In re:    Luminant Generation Company LLC                    Case No.    14-11032 (CSS)

_____

**19.    Books, records and financial statements**

None    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy
☐    case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| SZLAUDERBACH, STAN<br>1601 BRYAN ST.<br>DALLAS, TX 75201 | 4/30/2012 - 4/29/2014 |

_____

None    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have
☐    audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

Deloitte LLP completed an annual audit of the Debtor's financial statements on a consolidated basis
during the two years preceding the filing of the Debtor's bankruptcy case.   In addition, Deloitte LLP
completed an annual audit of all of the Debtors' financial statements on a consolidated basis.

_____

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☐    account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| SZLAUDERBACH, STAN | 1601 BRYAN ST.<br>DALLAS, TX 75201 |

_____

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☐    financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

See attached rider

The Debtor provided its financial statements to certain regulatory agencies.

In addition, certain of the other Debtors are registrants with the SEC and file periodic financial reports on
a consolidated basis.   These reports also contain information about the Debtor's finances.

_____

In re:    Luminant Generation Company LLC                          Case No.     14-11032 (CSS)

---

### 20.    Inventories

None

☐

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

Materials and Supplies - This entity maintains materials and supplies inventories for use in the normal operations of its generating stations and associated mines. These inventories are maintained in warehouses which are located at each facility. The current inventory count policy is structured to require all items in a warehouse to be counted over a 24-month period. In addition, each site performs a cycle count each month based on an inventory listing that is generated by the inventory system.

Fuel Stock - This entity maintains fuel stock inventories for use in generating electricity at its various lignite-fired generation stations. Included in fuel stock inventories are lignite coal, western coal, and fuel oil. The mine sites and the generation sites maintain stockpiles of the lignite coal that has been mined and/or western coal that has been delivered but not yet consumed. These stockpiles are measured (surveyed) on a monthly basis by the Luminant engineering personnel using state of the art GPS technology.   Where fuel oil is utilized there are large storage tanks that are used to store the fuel oil. The company's fuel oil policy requires each tank to be physically inspected on a routine basis and, if there has been tank activity, the contents must be measured to determine the quantities that are contained inside the tank.   Inventory measurements are required to be taken on a quarterly basis at a minimum.

Audit - In addition to the controls described above, EFH maintains various Sarbanes-Oxley controls related to the various inventories and the inventory measurement process. These controls are reviewed on a monthly, quarterly or annual basis, depending on the specific controls.

_____

None

☐

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| Various | SZLAUDERBACH, STAN 1601 BRYAN ST. DALLAS, TX 75201 |

_____

### 21.    Current Partners, Officers, Directors and Shareholders

None

☐

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| Not applicable | | |

_____

In re:   Luminant Generation Company LLC                    Case No.     14-11032 (CSS)

12

---

None  □   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

See attached rider

_____

**22.  Former partners, officers, directors and shareholders**

None  □   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

Not applicable

_____

None  □   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| LIDSTER, ROBERT J. 1601 BRYAN STREET DALLAS, TX 75201 | Vice President | 11/19/2013 |
| MAYS, RUSSELL B. 1601 BRYAN STREET DALLAS, TX 75201 | Vice President | 02/10/2014 |

_____

**23.  Withdrawals from a partnership or distributions by a corporation**

None  □   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See Statement Question 3c

_____

**24.  Tax Consolidation Group.**

In re:   Luminant Generation Company LLC                    Case No.    14-11032 (CSS)

None

☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

Not applicable

_____

**25.  Pension Funds.**

None

☐

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| EFH Active Retirement Plan | 75-2669310/003 |
| EFH Retirement Plan (f/k/a Texas Utilities Company Employee Retirement Plan) | 75-2669310 |
| Oncor Retirement Plan | 75-2967830 |

_____

\*  \*  \*  \*  \*
\*

In re : Luminant Generation Company LLC                                    Case No. 14-11032 (CSS)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor _____

Date _____

Signature of
Joint Debtor
(if any) _____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date      June 29 , 2014                          Signature _____

Print Name  Michael L. Carter
And Title __Authorized Agent__

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor ]

__ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both   18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that  (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C  § 110, (2)  I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C  §§ 110(b), 110(h), and 342(b), and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section

_____                          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer                Social-Security No  (Required by 11 U S C  § 110 )

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document*

_____
Address

_____                          _____
Signature of Bankruptcy Petition Preparer                                              Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual

If more than one person prepared this document, attach additional signed sheets conforming to the Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

**Statement Question 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**LUMINANT GENERATION COMPANY LLC, CASE NO. 14-11032 (CSS)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 1 | ALUMINUM CO OF AMERICAN (ALCOA) PO BOX 472 ROCKDALE, TX 76567 | | | |
| | | 7142000507 | 02/14/2014 | $6,594,620.24 |
| | | 7142000810 | 03/14/2014 | $8,451,248.71 |
| | | 7142001206 | 04/15/2014 | $7,694,939.00 |
| | | | **SUBTOTAL** | **$22,740,807.95** |
| 2 | AREVA INC ATTN: KATHY BURGE 3315 OLD FOREST ROAD OF4 LYNCHBURG, VA 24501 | | | |
| | | 7142000915 | 03/21/2014 | $711,527.24 |
| | | | **SUBTOTAL** | **$711,527.24** |
| 3 | BHP BILLITON OLYMPIC DAM | | | |
| | | 7142000727 | 03/06/2014 | $6,318,000.00 |
| | | | **SUBTOTAL** | **$6,318,000.00** |
| 4 | BNY MELLON | | | |
| | | 7142000509 | 02/14/2014 | $1,504,521.86 |
| | | 7142000813 | 03/14/2014 | $1,422,321.80 |
| | | 7142001173 | 04/11/2014 | $1,321,339.38 |
| | | | **SUBTOTAL** | **$4,248,183.04** |
| 5 | BURNS & MCDONNELL PO BOX 411883 KANSAS CITY, MO 64141-1883 | | | |
| | | 7142001396 | 04/28/2014 | $31,481.82 |
| | | | **SUBTOTAL** | **$31,481.82** |
| 6 | CAMECO INC SUITE 210 ONE SOUTHWEST CROSSING 11095 VIKING DRIVE EDEN PRAIRIE, MN 55344 | | | |
| | | 7142000865 | 03/18/2014 | $1,232,003.22 |
| | | | **SUBTOTAL** | **$1,232,003.22** |
| 7 | CONVERDYN 7800 EAST DORADO PLACE, STE 200 ENGLEWOOD, CO 80111 | | | |
| | | 7142001302 | 04/22/2014 | $621,515.55 |
| | | 7142001311 | 04/22/2014 | $62,196.88 |
| | | | **SUBTOTAL** | **$683,712.43** |

**Statement Question 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**LUMINANT GENERATION COMPANY LLC, CASE NO. 14-11032 (CSS)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 8 | FLINT HILLS RESOURCES | | | |
| | | 7142001377 | 04/28/2014 | $137,557.58 |
| | | | **SUBTOTAL** | **$137,557.58** |
| 9 | FLUOR ENTERPRISES INC<br>PO BOX 847363<br>DALLAS, TX 75284-7363 | | | |
| | | 7142001028 | 03/31/2014 | $2,056,868.59 |
| | | | **SUBTOTAL** | **$2,056,868.59** |
| 10 | GATX CORPORATION<br>3454 SOLUTIONS CENTER<br>CHICAGO, IL 60677-3004 | | | |
| | | 7142000495 | 02/14/2014 | $254,240.00 |
| | | 7142000815 | 03/14/2014 | $254,240.00 |
| | | 7142001210 | 04/15/2014 | $254,240.00 |
| | | | **SUBTOTAL** | **$762,720.00** |
| 11 | GE TRANSPORTATION FINANCE<br>201 HIGH RIDGE ROAD<br>STAMFORD, CT 06927 | | | |
| | | 7142000742 | 03/07/2014 | $980,750.76 |
| | | | **SUBTOTAL** | **$980,750.76** |
| 12 | GLEN ROSE INDEPENDENT SCHOOL DISTRICT<br>1102 STADIUM DR PO BOX 2129<br>GLEN ROSE, TX 76043 | | | |
| | | 7142000325 | 01/31/2014 | $19,663,181.91 |
| | | | **SUBTOTAL** | **$19,663,181.91** |
| 13 | ITOCHU CORP<br>5-1 KITA AOYAMA 2 CHROME<br>MINATO-KU<br>TOKYO, 101 8077 JAPAN | | | |
| | | 7142000489 | 02/14/2014 | $1,621,742.23 |
| | | | **SUBTOTAL** | **$1,621,742.23** |
| 14 | LOUISIANA ENERGY SERVICES | | | |
| | | 7142000307 | 01/29/2014 | $6,718,000.00 |
| | | | **SUBTOTAL** | **$6,718,000.00** |
| 15 | MARSH USA INC<br>PO BOX 846015<br>DALLAS, TX 75284-6015 | | | |
| | | 7142001088 | 04/03/2014 | $75,000.00 |
| | | | **SUBTOTAL** | **$75,000.00** |

**Statement Question 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**LUMINANT GENERATION COMPANY LLC, CASE NO. 14-11032 (CSS)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|---|---|---|---|---|
| 16 | MOTIVA ENTERPRISES LLC<br>PO BOX 7247-6196<br>PHILADELPHIA, PA 19170-6196 | | | |
| | | 7142000338 | 01/31/2014 | $131,808.91 |
| | | 7142000366 | 02/03/2014 | $89,628.71 |
| | | 7142000497 | 02/14/2014 | $155,723.27 |
| | | 7142000837 | 03/17/2014 | $43,972.74 |
| | | | **SUBTOTAL** | **$421,133.63** |
| 17 | NUCLEAR ELECTRIC INSURANCE LIMITED<br>ACCT NAME:DUANE MORRIS LLP<br>1201 MARKET ST STE 1100<br>WILMINGTON, DE 19801 | | | |
| | | 7142001103 | 04/04/2014 | $3,945,827.00 |
| | | 7142001260 | 04/18/2014 | $120,000.00 |
| | | | **SUBTOTAL** | **$4,065,827.00** |
| 18 | NUCOMPASS MOBILITY SERVICES INC<br>PO BOX 45101<br>SAN FRANCISCO, CA 94145 | | | |
| | | 7142000501 | 02/14/2014 | $22,917.02 |
| | | 7142000686 | 03/03/2014 | $165,415.21 |
| | | 7142000720 | 03/05/2014 | $45,230.08 |
| | | 7142000823 | 03/14/2014 | $6,062.61 |
| | | 7142000902 | 03/20/2014 | $68,566.13 |
| | | 7142001039 | 03/31/2014 | $90,973.73 |
| | | 7142001284 | 04/21/2014 | $104,988.95 |
| | | | **SUBTOTAL** | **$504,153.73** |
| 19 | SMBC RAIL SERVICES LLC<br>PO BOX 13846<br>NEWARK, NJ 07188-3846 | | | |
| | | 7142000332 | 01/31/2014 | $507,780.00 |
| | | 7142000436 | 02/10/2014 | $75,420.00 |
| | | 7142000657 | 02/28/2014 | $506,385.08 |
| | | 7142001056 | 04/01/2014 | $507,325.00 |
| | | | **SUBTOTAL** | **$1,596,910.08** |
| 20 | SOMERVELL COUNTY GENERAL FUND<br>PO BOX 38<br>GLEN ROSE, TX 76043 | | | |
| | | 7142000326 | 01/31/2014 | $8,832,815.67 |
| | | | **SUBTOTAL** | **$8,832,815.67** |

**Statement Question 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**LUMINANT GENERATION COMPANY LLC, CASE NO. 14-11032 (CSS)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|------|------------------|----------------------|--------------|-------------------|
| 21 | SOMERVELL COUNTY HOSPITAL DISTRICT 1021 HOLDEN STREET GLEN ROSE, TX 76043 | 7142000328 | 01/31/2014 | $2,309,434.12 |
| | | | **SUBTOTAL** | **$2,309,434.12** |
| 22 | SOMERVELL COUNTY WATER DISTRICT PO BOX 1386 GLEN ROSE, TX 76043 | 7142000329 | 01/31/2014 | $1,693,585.02 |
| | | 7142000330 | 01/31/2014 | $901,779.03 |
| | | | **SUBTOTAL** | **$2,595,364.05** |
| 23 | U S BANK TRUST N A | 7142000771 | 03/11/2014 | $296,451.21 |
| | | | **SUBTOTAL** | **$296,451.21** |
| 24 | U S ENRICHMENT CORP | 7142001352 | 04/25/2014 | $57,600.00 |
| | | | **SUBTOTAL** | **$57,600.00** |
| 25 | URANIUM ONE INC | 7142000903 | 03/20/2014 | $5,247,000.00 |
| | | | **SUBTOTAL** | **$5,247,000.00** |
| 26 | US DEPT OF ENERGY | 7142000327 | 01/31/2014 | $5,112,391.00 |
| | | 7142001368 | 04/25/2014 | $4,873,808.00 |
| | | | **SUBTOTAL** | **$9,986,199.00** |
| 27 | US NUCLEAR REGULATORY COMMISSION OFFICE OF CHIEF FINANCIAL OFFICE PO BOX 979051 ST LOUIS, MO 63197 | 7142001399 | 04/28/2014 | $2,195,000.00 |
| | | | **SUBTOTAL** | **$2,195,000.00** |

**Statement Question 3b**
**PAYMENTS TO CREDITORS MADE WITHIN 90 DAYS PRIOR TO FILING**
**LUMINANT GENERATION COMPANY LLC, CASE NO. 14-11032 (CSS)**

| ITEM | NAME AND ADDRESS | CHECK OR WIRE NUMBER | PAYMENT DATE | TOTAL PAYMENT AMT |
|------|------------------|----------------------|--------------|-------------------|
| 28 | WATERFALL SECURITY SOLUTIONS LTD<br>1133 BROADWAY<br>SUITE 708<br>NEW YORK, NY 10010 | | | |
| | | 7142000432 | 02/10/2014 | $41,531.00 |
| | | | **SUBTOTAL** | **$41,531.00** |
| 29 | WELLS FARGO BANK | | | |
| | | 7142000981 | 03/26/2014 | $192,693.23 |
| | | | **SUBTOTAL** | **$192,693.23** |
| 30 | WESTINGHOUSE ELECTRIC CO LLC<br>PO BOX 534774<br>ATLANTA, GA 30353-4774 | | | |
| | | 7142000494 | 02/14/2014 | $332,921.03 |
| | | 7142000496 | 02/14/2014 | $177,857.14 |
| | | 7142000664 | 02/28/2014 | $125,000.00 |
| | | 7142000835 | 03/17/2014 | $1,019,597.01 |
| | | 7142000872 | 03/19/2014 | $329,600.00 |
| | | | **SUBTOTAL** | **$1,984,975.18** |
| | | | **GRAND TOTAL** | **$108,308,624.67** |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**Statement Question 3c**
**Payments to Insiders Made Within 1 Year Prior to Filing - Intercompany Balances**

**Transactions within the TCEH Money Pool**

| Account Description - Due (to) / from | 4/30/2013 | 4/28/2014 | Net Change |
|---|---|---|---|
| Texas Competitive Electric Holdings Company LLC | $ 4,628,269,147.33 | $ 4,872,525,378.80 | $ 244,256,231.47 |

**Cash Disbursements outside the TCEH Money Pool**

None.

In re: Luminant Generation Company LLC

Case No. 14-11032 (CSS)

Statement Question 4a - Suits and Administrative Proceedings Rider

| Caption of Suit | Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|---|
| ALLEN SHRODE V LUMINANT ENERGY CO. LLC; LUMINANT GENERATION CO. LLC; LUMINANT MINING CO. LLC; LUMINANT RENEWABLES CO. LLC; PRINCESS THREE CORP.; PRINCESS THREE OPERATING LLC; R CONSTRUCTION CO. | DC-14-04399 | ALLEGED BODILY INJURY | 68TH JUDICIAL DISTRICT COURT; DALLAS COUNTY, TX | PENDING |
| ANTHONY CARTER V. LUMINANT POWER SERVICES COMPANY | 3-10CV1486-L | CIVIL PROCEEDING | 3-10CV1486-L, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS | CLOSED |
| BRENDA SLAUGHTER, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF CHOYCE ALTON BROWN, DECEASED, V. TEXAS UTILITIES GENERATING COMPANY, INC., LUMINANT GENERATION COMPANY LLC | 2005-64457A, E175797 | ALLEGED BODILY INJURY | CAUSE NO. 2005-64457-A, 11TH JUDICIAL DISTRICT MDL COURT, HARRIS COUNTY, TX, TRANSFERRED FROM CAUSE NO. E175797; 172ND DISTRICT COURT, HARRIS COUNTY, TX | PENDING |
| BRYAN V. HOLMAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JACK N. HOLMAN, DECEASED; JOE D. HOLMAN; WADE N. HOLMAN; AND SUZANNE H. RENTERIA V. LUMINANT GENERATION COMPANY, LLC AND DALLAS POWER & LIGHT COMPANY, INC., ET AL. | 2011-27191, CC-11-02945-A | ALLEGED BODILY INJURY | CAUSE NO. 2011-27191-ASB, TRANSFERRED FROM CC-11-02945-A; COUNTY COURT AT LAW NO. 1, DALLAS COUNTY, TX | PENDING |
| EDMUND HECHT AND BERNIS HECHT V. ABB, INC., ET AL. (ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND LUMINANT GENERATING COMPANY LLC) | 2014-03148-ASB, CC-13-07100-C | ALLEGED BODILY INJURY | CAUSE NO. 2014-03148-ASB, 11TH JUDICIAL DISTRICT MDL COURT, HARRIS COUNTY, TX, TRANSFERRED FROM COUNTY COURT @ LAW NO. 5, DALLAS COUNTY, TX | PENDING |
| GABRIEL ROBERSON V. FLUOR ENTERPRISES, INC. AND LUMINANT GENERATION COMPANY, LLC | 2013-309 | ALLEGED BODILY INJURY | 4TH DISTRICT COURT, RUSK COUNTY, TX | PENDING |
| GLENN BRANTLEY V. OAK GROVE POWER COMPANY LLC, LUMINANT GENERATION COMPANY LLC, LUMINANT AND ENERGY FUTURE HOLDINGS CORP. | 10-10-18681-CV | ALLEGED BODILY INJURY | 10-10-18681-CV; 82ND JDC, ROBERTSON COUNTY, TX | CLOSED |
| HARSCO CORPORATION, AS FIDUCIARY OF THE HARSCO GROUP INSURANCE PLAN V. BILLY STRELSKY, ET AL. | 1:12-CV-850 | CIVIL PROCEEDING; DECLARATORY RELIEF | 1:12-CV-850; U.S.D.C., WESTERN DISTRICT OF TEXAS (AUSTIN DIVISION) | CLOSED |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, IBEW LOCAL 2337 V. EFH/GENERATION MINING COMPANY LLC | 16-CA-104672 | ADMINISTRATIVE CHARGE/LABOR ARBITRATION | NLRB CHARGE NO. 16-CA-104672 (DEFERRED TO ARBITRATION) | PENDING |
| KEFA N. MITCHELL V. ENERGY FUTURE HOLDINGS CORP. D/B/A LUMINANT | CC-12-00389-E | ALLEGED BODILY INJURY | COUNTY COURT @ LAW NO. 5, DALLAS COUNTY, TX | CLOSED |
| LUMINANT GENERATION COMPANY LLC V. JENNIFER MORRISON, T. JEFF STONE, AND T. JEFF STONE AND ASSOCIATES, LLC | 416-03151-2013 | CIVIL PROCEEDING | CAUSE NO. 416-03151-2013 IN THE 416TH DISTRICT COURT OF COLLIN COUNTY, TEXAS | PENDING |
| LUMINANT GENERATION COMPANY LLC V. U.S. ENVIRONMENTAL PROTECTION AGENCY | 4:14-CV-172 | CIVIL PROCEEDING | U.S.D.C. FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION | PENDING |
| LUMINANT GENERATION COMPANY, LLC V. RUSK APPRAISAL DISTRICT | 2013-301 | TAX MATTER | 4TH DISTRICT COURT, RUSK COUNTY, TX | PENDING |
| LUMINANT GENERATION COMPANY, LLC V. THE UNITED STATES | | BREACH OF CONTRACT | U.S. COURT OF FEDERAL CLAIMS, WASHINGTON, DC | PENDING |
| SIERRA CLUB V. ENERGY FUTURE HOLDINGS CORPORATION AND LUMINANT GENERATION COMPANY LLC | 5:10-CV-00156-DF-CMC | CLEAN AIR ACT; CITIZEN'S SUIT | 5:10-CV-00156-DF-CMC; U.S.D.C. EASTERN DISTRICT OF TEXAS, TEXARKANA DIVISION | PENDING |
| SIERRA CLUB V. ENERGY FUTURE HOLDINGS CORPORATION AND LUMINANT GENERATION COMPANY LLC | 6:12-CV-00108-WSS | CLEAN AIR ACT; CITIZEN'S SUIT | 6:12-CV-00108-WSS U.S.D.C. WESTERN DISTRICT OF TEXAS, WACO DIVISION | PENDING |
| TEXAS COMMISSION ON ENVIRONMENTAL QUALITY OCTOBER 23, 2013 AGENDA ITEM 39; DOCKET NO. 2013-1612-RUL CONSIDERATION OF A PETITION FOR RULEMAKING PETITION TO AMEND 30 TEX. ADMIN. CODE CHAPTER 117 | 2013-1612-RUL | TCEQ RULEMAKING PROCEEDING | TEXAS COMMISSION ON ENVIRONMENTAL EQUALITY; DOCKET NO. 2013-1612-RUL | PENDING |
| THREE OAKS MINE PERMIT | C13-0018-SC-48-C | RRC PERMIT CHALLENGE | DOCKET NO. C13-0018-SC-48-C PERMIT NO. 48B; THREE OAKS MINE APPLICATION FOR RENEWAL/REVISION; RAILROAD COMMISSION OF TEXAS | PENDING |

**In re: Luminant Generation Company LLC**                                            **Case No. 14-11032 (CSS)**

**Statement Question 4a - Suits and Administrative Proceedings Rider**

| Caption of Suit | Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|---|
| TRACY SWINGLE V. 3M COMPANY, ET AL. INCLUDING ENERGY FUTURE HOLDINGS CORP. AND LUMINANT GENERATION COMPANY LLC | 14-L-607 | ALLEGED BODILY INJURY | MADISON COUNTY - 3RD JUDICIAL CIRCUIT COURT, IL | PENDING |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**Statement Question 7 - Gifts or Charitable Contributions Rider**

| Name and Address of Person or Organization | Date of Gift | Description of Gift | Value of Gift |
|---|---|---|---|
| AMERICAN INSTITUTE OF CHEMICAL ENGINEERS ATTN: ACCOUNTING DEPT 120 WALL ST 23RD FLOOR NEW YORK, NY 10005 | 10/4/2013 | Cash Donation | $5,000.00 |
| AMERICAN NUCLEAR SOCIETY ANS 2014 STUDENT CONFERENCE 97781 EAGLE WAY CHICAGO, IL 60678-9770 | 2/10/2014 | Cash Donation | $5,000.00 |
| UNITED WAY OF HOOD COUNTY P.O. BOX 1611 GRANBURY, TX 76048 | 10/11/2013 | Cash Donation | $2,500.00 |
| DSABV C/O CHRISTY KNIGHT 2910 HORSEBACK COURTS COLLEGE STATION, TX 77845 | 6/20/2013 | Cash Donation | $166.66 |
| FRIENDS OF THE TEXAS FRESHWATER FISHERIES CENTER 5550 FM 2495 ATHENS, TX 75752 | 4/29/2013 | Cash Donation | $2,000.00 |
| GO MITCH GO INC C/O ARTHUR C RAHILL JR CPA 7100 N CLASSEN STE 400 OKLAHOMA CITY, OK 73116 | 5/15/2013 | Cash Donation | $166.66 |
| ISCA SNEAKER FUND 7811 ROCKWOOD LANE AUSTIN, TX 78757 | 9/30/2013 | Cash Donation | $100.00 |
| MEADOWBROOK BAPTIST CHURCH 1401 COLORADO AVE ROCKDALE, TX 76567 | 10/7/2013 | Cash Donation | $166.66 |
| PANOLA COLLEGE 1109 W PANOLA CARTHAGE, TX 75633 | 5/22/2013 | Cash Donation | $19,800.00 |
| PANOLA COLLEGE 1109 W PANOLA CARTHAGE, TX 75633 | 10/29/2013 | Cash Donation | $17,500.00 |
| PANOLA COLLEGE 1109 W PANOLA CARTHAGE, TX 75633 | 3/3/2014 | Cash Donation | $4,200.00 |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**Statement Question 7 - Gifts or Charitable Contributions Rider**

| Name and Address of Person or Organization | Date of Gift | Description of Gift | Value of Gift |
|---|---|---|---|
| STEPHEN AUSTIN STATE UNIVERSITY PO BOX 13017 SFA STATION NACOGDOCHES, TX 75962-3017 | 1/27/2014 | Cash Donation | $30,000.00 |
| TEXAS LOST PINES RIDING CLUB INC PO BOX 309 ELGIN, TX 78621 | 6/20/2013 | Cash Donation | $83.33 |
| TEXAS STATE TECHNICAL COLLEGE PO BOX 1269 MARSHALL, TX 75671 | 5/23/2013 | Cash Donation | $6,200.00 |
| TEXAS STATE TECHNICAL COLLEGE PO BOX 1269 MARSHALL, TX 75671 | 10/29/2013 | Cash Donation | $2,500.00 |
| TEXAS STATE TECHNICAL COLLEGE PO BOX 1269 MARSHALL, TX 75671 | 3/4/2014 | Cash Donation | $2,000.00 |
| TSTC WACO 3801 CAMPUS DRIVE WACO, TX 76705 | 5/23/2013 | Cash Donation | $44,900.00 |
| TSTC WACO 3801 CAMPUS DRIVE WACO, TX 76705 | 9/18/2013 | Cash Donation | $3,375.00 |
| TSTC WACO 3801 CAMPUS DRIVE WACO, TX 76705 | 10/29/2013 | Cash Donation | $57,500.00 |
| TSTC WACO 3801 CAMPUS DRIVE WACO, TX 76705 | 3/7/2014 | Cash Donation | $53,400.00 |
| TYLER JUNIOR COLLEGE PO BOX 9020 TYLER, TX 75711-9020 | 9/18/2013 | Cash Donation | $9,675.00 |
| TYLER JUNIOR COLLEGE PO BOX 9020 TYLER, TX 75711-9020 | 10/29/2013 | Cash Donation | $75,000.00 |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**Statement Question 7 - Gifts or Charitable Contributions Rider**

| Name and Address of Person or Organization | Date of Gift | Description of Gift | Value of Gift |
|---|---|---|---|
| TYLER JUNIOR COLLEGE<br>PO BOX 9020<br>TYLER, TX 75711-9020 | 10/29/2013 | Cash Donation | $32,500.00 |
| TYLER JUNIOR COLLEGE<br>PO BOX 9020<br>TYLER, TX 75711-9020 | 3/4/2014 | Cash Donation | $9,600.00 |
| TYLER JUNIOR COLLEGE FOUNDATION<br>PO BOX 9020<br>TYLER, TX 75711-9020 | 5/23/2013 | Cash Donation | $99,000.00 |
| UNIVERSITY OF TEXAS AT ARLINGTON<br>OFFICE OF FINANCIAL AID AND<br>SCHOLARSHIPS<br>701 S NEDDERMAN DR<br>ARLINGTON, TX 76019 | 2/12/2014 | Cash Donation | $5,000.00 |
| UNIVERSITY OF TEXAS AT ARLINGTON<br>PO BOX 19777<br>ARLINGTON, TX 76019-0227 | 1/29/2014 | Cash Donation | $30,000.00 |
| UNT ECONOMIC DEVELOPMENT<br>SCHOLARS SCHOLARSHIP FUND<br>CENTER OF ECOMOMIC DEVELOPMENT<br>1155 UNION CIRCLE 310469<br>DENTON, TX 76203 | 4/29/2013 | Cash Donation | $2,500.00 |

In re: Luminant Generation Company LLC                                    Case No. 14-11032 (CSS)

**Statement Question 8 Rider**

**Losses**

| Description and Value of Property | Description of Circumstance and, if Loss Was Covered in Whole or in Part by Insurance, Give Particulars | Approximate Date of Loss |
|---|---|---|
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 5/9/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 5/23/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 6/28/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 7/9/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 7/16/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 8/28/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 8/29/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 9/8/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 10/19/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 11/24/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 12/10/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 12/12/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 12/13/2013 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 2/20/2014 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 4/4/2014 |
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 5/15/2014 |

In re: Luminant Generation Company LLC

Case No. 14-11032 (CSS)

**Statement Question 8 Rider**

**Losses**

| Description and Value of Property | Description of Circumstance and, if Loss Was Covered in Whole or in Part by Insurance, Give Particulars | Approximate Date of Loss |
|---|---|---|
| Nominal amount, not tracked | Minor fire damage to mining equipment/personal property | 5/20/2014 |
| Nominal amount, not tracked | Minor fire damage to real property | 1/31/2014 |
| Nominal amount, not tracked | Minor fire damage to real property | 3/3/2014 |
| Nominal amount, not tracked | Minor fire damage to real property | 4/15/2014 |
| Nominal amount, not tracked | Minor fire damage to real property | 4/27/2014 |
| Approximately $98,500 | Submission of fraudulent invoice by fictitious company | 11/7/2013 |
| Approximately $7,000 | Theft of assorted copper fittings | 9/13/2013 |
| Approximately $4,000 | Theft of brass fittings from pumping station | 8/9/2013 |
| Approximately $1,000 | Theft of corporate laptop | 12/12/2013 |
| Approximately $18,000 | Theft of freon from warehouse | 5/9/2013 |
| Nominal amount | Theft of gasoline | 1/29/2014 |
| Approximately $12,000 | Theft of scrap copper | 9/11/2013 |
| Approximately $31,400 | Theft of transmission devices and Altek 820 device | 3/3/2014 |

**In re: Luminant Generation Company LLC**                                                                    **Case No. 14-11032 (CSS)**

**Statement Question 10a - Other Transfers Rider**

| Name and Address of Transferee | Relationship to Debtor | Date | Description of Transfer | Value Received |
|---|---|---|---|---|
| ARELLANO, JO ANNE<br>2414 COUNTY ROAD 307<br>COLORADO CITY, TX 79512 | Third Party | 2/1/2014 | 4 Acres in Mitchell County, Colorado City, TX | $132,158.98 |
| CHICO RENTAL PROPERTIES, LLC<br>P.O. BOX 490<br>CHICO, TX 75431 | Third Party | 9/1/2013 | 88.41 Acres in Mitchell County, TX | $165,647.30 |
| COSTABILE, MARY LOU<br>1850 COUNTY ROAD 309<br>COLORADO CITY, TX 79512 | Third Party | 12/1/2013 | 2 Acres in Mitchell County, TX | $18,219.87 |
| FLOOD, BRENDA L.<br>1477 COUNTY ROAD 309<br>COLORADO CITY, TX 79512 | Third Party | 3/1/2014 | 27.33 Acres in Mitchell County, Colorado City, TX | $214,624.82 |
| JAMES R. CAVENDER INVESTMENT COMPANY B, LTD<br>7820 SOUTH BROADWAY<br>TYLER, TX 75703 | Third Party | 12/1/2013 | 270.096 Acres in Titus County, TX | $374,046.20 |
| LUMINANT HOLDING COMPANY LLC<br>1601 BRYAN ST.<br>DALLAS, TX 79201 | Affiliate | 12/1/2012 | Dividend of Intercompany Receivable (Forgiveness of Debt) | $1,500,000,000.00 |
| MCDONALD, JAMES F.<br>4101 GULF SHORE BLVD N 8 SOUTH<br>NAPLES, FL 34103 | Third Party | 12/1/2013 | 2.1454 and 2.527 Acres in McLennan County | $11,212.80 |
| MCKELLAR III, JOSEPH<br>240 PRIVATE ROAD 1613<br>MOUNT PLEASANT, TX 75455 | Third Party | 12/1/2013 | 146.32 Acres in Titus County, TX | $331,037.40 |
| PRC ENVIRONMENTAL INC<br>1149 ELLSWORTH DRIVE, SUITE 135<br>PASADENA, TX 77506 | Third Party | 3/1/2013 | 38 Sheets of Stainless Steel Plating | $166,969.53 |
| PRC POWER LLC<br>1149 ELLSWORTH DRIVE, SUITE 135<br>PASADENA, TX 77506 | Third Party | 8/1/2012 | Boiler Tubes Located at Forest Grove Warehouse | $758,703.04 |
| RIVERA, JOE LUIS AND YOLANDA<br>2450 COUNTY ROAD 307<br>COLORADO CITY, TX 79512 | Third Party | 2/1/2014 | 2 Acres in Mitchell County, Colorado City, TX | $102,092.12 |
| ROBERT NAPLES ASSOC.<br>P.O. BOX 4397<br>SARATOGA SPRINGS, NY 12866-8025 | Third Party | 10/1/2012 | Sale of Four Mark 4 Panels and Parts at DeCordova | $75,000.00 |
| SIEMENS ENERGY, INC.<br>4400 ALAFAYA TRAIL<br>ORLANDO, FL 32826 | Third Party | 4/1/2013 | Sale of Two A121 Exciter Rotors and Bases | $50,000.00 |
| THE CITY OF COPPELL, TEXAS<br>255 PARKWAY BOULEVARD<br>COPPELL, TX 75019 | Third Party | 8/1/2013 | 58.791 Acres at North Lake | $966,275.52 |
| TRINIDAD VOLUNTEER FIRE DEPARTMENT<br>P.O. BOX 284<br>TRINIDAD, TX 75163 | Third Party | 4/1/2014 | 4.411 Acres in Henderson County, TX | $0.00 |

In re: Luminant Generation Company LLC                                                    Case No. 14-11032 (CSS)

**SOFA 17a - Environmental Information**
**Sites for which Debtor received notice in writing by a governmental unit**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Sandow 5 Generating Plant<br>3708 Charles Martin Hall Rd.<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 11/19/2013 | 30 TAC 111.111(a)(1)(B), 5C THSC 382.085(b) |
| Big Brown Power Plant<br>Farm to Market Road 2570<br>Fairfield, TX 75840 | US Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, TX 75202-2733 | 7/11/2013 | 42 USC §§7401 |
| Martin Lake Power Plant<br>8850 FM 2658 N<br>Tatum, TX 75691 | US Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, TX 75202-2733 | 7/11/2013 | 42 USC §§7401 |
| Sandow 5 Generating Plant<br>3708 Charles Martin Hall Rd.<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 4/15/2013 | 30 TAC 106.144(4), 30 TAC 116.110(a), 5C THSC 382.085(b) |
| Valley Steam Electric Station<br>1040 CR 1225<br>Savoy, TX 75479 | The Department of State Health Services<br>Division for Regulatory Services<br>PO Box 149347<br>Austin, TX 78714-9347 | 12/6/2012 | Failure to Provide an Amended Notification - Cancellation<br>25 TAC §295.61(d)(1)<br>40 CFR PART 61, SUBPART M, §61.145(b)(3)(iv)(A)(1) and (2) |
| Big Brown Power Plant<br>Farm to Market Road 2570<br>Fairfield, TX 75840 | US Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, TX 75202-2733 | 7/13/2012 | 42 USC §§7470-7492, §§7661-7661f and Texas Title V program |
| Martin Lake Power Plant<br>8850 FM 2658 N<br>Tatum, TX 75691 | US Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, TX 75202-2733 | 7/13/2012 | 42 USC §§7470-7492, §§7661-7661f and Texas Title V program |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 4/4/2012 | 30 TAC 116.615(5), 30 TAC 122.143(4), 5C THSC 382.085(b) |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 2/13/2012 | 30 TAC 111.111(a)(7)(A), 30 TAC 122.143(4), 5C THSC 382.085(b) |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 6/27/2011 | 30 TAC 101.20(1), 30 TAC 122.143(4), 40 CFR 60.7(a)(1), 40 CFR 60.7(a)(3), 5C THSC 382.085(b), Permit 53 General Terms and Conditions, Permit 53 Special Terms and Conditions (5) |
| Comanche Peak Nuclear Power Plant<br>6322 N FM 56<br>Glen Rose, Somervell County, TX 76043 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 2/15/2011 | 30 TAC 305.125(1) |

**In re: Luminant Generation Company LLC**

**Case No. 14-11032 (CSS)**

**SOFA 17a - Environmental Information**
**Sites for which Debtor received notice in writing by a governmental unit**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Sandow 5 Generating Plant<br>3708 Charles Martin Hall Rd.<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 2/2/2011 | 30 TAC 111.153(b), 5c THSC 382.085(b), ACC NUM MM0023J Permit No. 54 Special Condition G(i) |
| Comanche Peak Nuclear Power Plant<br>6322 N FM 56<br>Glen Rose, Somervell County, TX 76043 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 12/13/2010 | 30 TAC 290.46(m)(1)(B) |
| Decordova Steam Electric Station<br>4950 Power Plant CT<br>Grandbur, Hood County, TX 76048 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 11/22/2010 | 30 TAC 111.111(a)(1)(B), 5C THSC 382.085(b) |
| North Lake Steam Electric Station<br>14901 North Lake Rd<br>Coppell, Texas 75019 | Texas Commission on Environmental Quality<br>PO Box 13087<br>Austin, TX 78711-3087 | 7/9/2010 | 30 TAC 122.146(2) |
| North Lake Steam Electric Station<br>14901 North Lake Rd<br>Coppell, Texas 75019 | City of Dallas Air Pollution Control Program Environmental & Health Services<br>320 E Jefferson, Room LL13<br>Dallas, TX 75203 | 5/13/2010 | 30 TAC 122.146(2) |
| Sandow 5 Generating Plant<br>3708 Charles Martin Hall Rd.<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 2/25/2010 | 30 TAC 101.201(e), 30 TAC 101.222(d)(1), 5C THSC 382.085(b) |
| Sandow 5 Generating Plant<br>3708 Charles Martin Hall Rd.<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 2/25/2010 | 30 TAC 101.222(d)(2), 30 TAC 101.222(d)(3), 30 TAC 111.111(a)(1)(B), 5C THSC 382.085(b) |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 10/26/2009 | 30 TAC 101.222(b)(3), 30 TAC 111.111(a)(1)(B), 5C THSC 382.085(b) |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 6/1/2009 | 30 TAC 111.111(a)(1)(A), 30 TAC 116.115(c), 30 TAC 122.143(4), 5C THSC 382.085(b), Permit 45432 General Condition 7, Permit 64 STC 3(A)(i) |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 2/20/2009 | 30 TAC 111.111(a)(1)(A), 30 TAC 116.115(c), 30 TAC 122.143(4), 5C THSC 382.085(b), Permit 45432 General Condition 7, Permit 64 STC 3(A)(i) |
| Sandow Steam Electric Station<br>7 Miles SW of Rockdale Off FM 1786<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 2/20/2009 | 30 TAC 101.222(d)(3), 30 TAC 111.111(a)(1)(B), 5C THSC 382.085(b) |

**In re: Luminant Generation Company LLC**                                                                                 **Case No. 14-11032 (CSS)**

**SOFA 17a - Environmental Information**
**Sites for which Debtor received notice in writing by a governmental unit**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 11/4/2008 | 30 TAC 101.4, 5C THSC 382.085(b) |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 8/27/2008 | 30 TAC 111.111(a)(1)(B), 30 TAC 122.143(4), 5C THSC 383.085(b) |
| Sandow Steam Electric Station<br>7 Miles SW of Rockdale Off FM 1786<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 6/10/2008 | 30 TAC 111.111(a)(1)(B), 40 CFR 60.42(a)(2), 5C THSC 382.085(b) |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 11/30/2007 | 30 TAC 111.111(a)(1)(A), 30 TAC 116.913(a)(1)(B), 30 TAC 122.142(4), 5C THSC 382.085(b), PA 45431 General Condition 7, OP O-64 STC 3(A)(i) |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 6/8/2007 | 30 TAC 101.20(1), 30 TAC 111.111(a)(1)(b), 30 TAC 122.143(4), 40 CFR 60.42(a)(2), 5C THC 382.085(b), OP O-00064 STC 3Bi |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 4/26/2007 | 30 TAC 101.222(d)(3), 30 TAC 111.111(a)(1)(B) |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 10/26/2006 | 30 TAC 101.222(d)(3), 30 TAC 111.111(a)(1)(B) |
| Lake Creek Steam Electric Station<br>4278 W. Lake Creek Rd.<br>Riesel, McLennan County, TX 76682 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 9/26/2006 | 30 TAC 122.144(1)(G) |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 8/31/2006 | 30 TAC 116.115(b)(2)(F), 30 TAC 122.143(4), 5C THC 382.085(b) |
| Morgan Creek Steam Electric Station<br>3177 State Highway 163<br>Colorado City, Texas 79512 | Texas Commission on Environmental Quality<br>PO Box 13087<br>Austin, TX 78711-3087 | 8/24/2006 | Notice of Noncompliance, TPDES Permit Number 00554 (EPA ID No. TX0001171) Bio-monitoring eDMR Submission Conf. No. 1647 |
| Sandow Steam Electric Station<br>7 Miles SW of Rockdale Off FM 1786<br>Rockdale, Milam County, TX 76567 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 7/7/2006 | 30 TAC 116.115(b)(2)(F) |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**SOFA 17a - Environmental Information**
**Sites for which Debtor received notice in writing by a governmental unit**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Tradinghouse Steam Electric Station<br>1868 Lake Felton Parkway<br>Waco, McLennan County, TX 76705 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 6/29/2006 | 30 TAC 122.146(5)(C)(G) |
| Big Brown Steam Electric Station<br>11 miles Northeast of Fairfield on FM 2570<br>Fairfield, Freestone County | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave. Ste. 2500<br>Austin, TX 76710-7826 | 4/3/2006 | 30 TAC 101.222(d)(3), 30 TAC 111.111(a)(1)(B) |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 6/3/2005 | 30 TAC 122.143(4) |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 3/19/2005 | 30 TAC 101.201(e) |

**In re: Luminant Generation Company LLC**                                      **Case No. 14-11032 (CSS)**

### SOFA 17b - Environmental Information
### Sites for which Debtor provided notice to a governmental unit of a release of Hazardous Material

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Graham Steam Electric Station<br>480 Power Plant Road<br>Graham, TX 76450 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 8/24/2012 | Sulfuric Acid Solution Release |
| Stryker Creek Steam Electric Station<br>1895 FM 2420 E<br>Rusk TX, 75785 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 7/9/2012 | Lube Oil Release |
| Graham Steam Electric Station<br>480 Power Plant Road<br>Graham, TX 76450 | Texas Commission on Environmental Quality, Region 3<br>1977 Industrial Blvd<br>Abilene, TX 79602-7833 | 6/6/2012 | Fuel Oil Spill |
| Oak Grove Steam Electric Station<br>8127 Oak Grove Road<br>Franklin, Robertson County, TX 77856 | Texas Commission on Environmental Quality, Region 9<br>6801 Sanger Ave, Ste 2500<br>Waco TX 76710-7826 | 5/30/2012 | Sulfur Dioxide Excursion, 40 CFR Section 355 |
| Comanche Peak Nuclear Power Plant<br>6322 N FM 56<br>Glen Rose, Somervell County, TX 76043 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 9/19/2011 | Hydroxyethylidene Diphosphonic Acid (HEDP) Release |
| Monticello Steam Electric Station<br>Farm Road 127<br>Mount Pleasant, TX 75455 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 4/20/2011 | Ash Water Release |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 9/4/2010 | Lube Oil Release |
| Lake Hubbard Steam Electric Station<br>555 Barnes Bridge Rd<br>Mesquite TX, 75150 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 8/5/2010 | Sodium Hypochlorite Release |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 5/3/2010 | Lube Oil Release |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 9/12/2008 | Lube Oil Release |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Commission on Environmental Quality, Region 5<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 8/21/2007 | Lube Oil Release |

**In re: Luminant Generation Company LLC**                                     **Case No. 14-11032 (CSS)**

**SOFA 17b - Environmental Information**
**Sites for which Debtor provided notice to a governmental unit of a release of Hazardous Material**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Natural Resource Conservation Commission<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 7/6/2007 | Wastewater Release |
| Martin Lake Steam Electric Station<br>8850 FM 2658 N<br>Tatum, TX 75691 | Texas Natural Resource Conservation Commission<br>2916 Teague Drive<br>Tyler, TX 75701-3756 | 5/10/2007 | Wastewater Release |
| Valley Steam Electric Station<br>1040 CR 1225<br>2 Miles North Of Savoy Savoy TX, 75479 | Texas Commission on Environmental Quality, Region 4<br>2309 Gravel Drive<br>Fort Worth, TX 76118-6951 | 11/20/2006 | Lube Oil Release |
| TXU Electric Plant, South Discharge<br>3177 Highway 163<br>Colorado City, TX 79512 | Texas Commission on Environmental Quality, Region 3<br>1977 Industrial Blvd<br>Abilene, TX 79602-7833 | 9/3/2006 | TCEQ Report # 2006 3004 re: Lube Oil Release |

**In re: Luminant Generation Company LLC**                                     **Case No. 14-11032 (CSS)**

**SOFA 17c - Environmental Information**
**Judicial or administrative proceedings, including settlement orders, under any Environmental Law**

| Site Name and Address | Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|---|
| Malone Service Company Superfund Site EPA ID#:TXD980864789 Site ID: 0602922 5300 Campbell Bayou Road Texas City, TX 77590 | United States Environmental Protection Agency, Region 6 1445 Ross Avenue, Suite 1200 Dallas, TX 75202-2733 | De Minimis Contributor Administrative Order on Consent, US EPA Docket No. 06-17-07 | Ordered |
| North Lake Steam Electric Station 14901 North Lake Rd Coppell, Texas 75019 | Texas Commission of Environmental Quality 12100 Park 35 Circle Austin TX 78753 | Agreed Order, DN 2010-0890-AIR-E Enforcement Case 39787 | Settled |
| Voda Petroleum, Inc. State Superfund Site EPA ID#: TXD061287918 Clarksville City, Gregg County, Texas | Texas Commission of Environmental Quality 12100 Park 35 Circle Austin TX 78753 | Agreed Final Judgment, Cause Nos. D-1-GN-12-002297; D-1-GN-10-000772 | Ordered |

In re: Luminant Generation Company LLC

Case No. 14-11032 (CSS)

### SOFA 17c - Environmental Information - Litigation
**Judicial or administrative proceedings, including settlement orders, under any Environmental Law**

| Caption of Suit | Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|---|
| EME HOMER CITY GENERATION, L.P., ET AL. V. ENVIRONMENTAL PROTECTION AGENCY, ET AL. | 11-1302 | EPA RULEMAKING CHALLENGE | 11-1302; UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT | PENDING |
| LUMINANT GENERATION CO., LLC, ET AL. V. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | 10-60934 | EPA RULEMAKING CHALLENGE | 10-60934; U.S. COURT OF APPEALS, FIFTH CIRCUIT | CLOSED |
| LUMINANT GENERATION COMPANY LLC AND ENERGY FUTURE HOLDINGS CORP. V. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND LISA JACKSON | 12-60694 (CONSOLIDATED WITH 13-60538) | NOV CHALLENGE | 12-60694 (CONSOLIDATED WITH 13-60538); U.S. COURT OF APPEALS, FIFTH CIRCUIT | PENDING |
| LUMINANT GENERATION COMPANY LLC V. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND LISA JACKSON | 12-60617 | EPA RULEMAKING CHALLENGE | 12-60617; U.S. COURT OF APPEALS, FIFTH CIRCUIT | PENDING |
| SIERRA CLUB; NATIONAL PARKS CONSERVATION ASSOCIATION; NATIONAL RESOURCES DEFENSE COUNCIL V. EPA; GINA MCCARTHY, ADMINISTRATOR, US EPA | 13-1014 | CAIR MEMO; INTERVENORS | 13-1014 U.S. COURT OF APPEALS DISTRICT OF COLUMBIA CIRCUIT | PENDING |
| UNITED STATES OF AMERICA V. LUMINANT GENERATION COMPANY, LLC AND BIG BROWN POWER COMPANY, LLC | 3:13-CV-3236-K | CLEAN AIR ACT; ENFORCEMENT SUIT | 3:13-CV-3236-K; U.S.D.C., NORTHERN DISTRICT OF TEXAS (DALLAS DIVISION) | PENDING |
| UTILITY AIR REGULATORY GROUP V. ENVIRONMENTAL PROTECTION AGENCY | 12-1342 | EPA RULEMAKING CHALLENGE | 12-1342; U.S. COURT OF APPEALS DISTRICT OF COLUMBIA CIRCUIT | PENDING |

**In re: Luminant Generation Company LLC**                                    **Case No. 14-11032 (CSS)**

**Statement Question 19d - Books Records and Financial Statements Rider**

| Name and Address | Date Issued |
|---|---|
| PUBLIC UTILITIES COMMISSION OF TEXAS<br>1701 N. CONGRESS, P.O. BOX 13326<br>AUSTIN, TX 77002 | 4/28/2012 - 4/28/2014<br><br>[Luminant Generation Company LLC Financials were Provided for Certain Periods] |
| RAILROAD COMMISSION OF TEXAS<br>1701 N. CONGRESS<br>AUSTIN, TX 78711-2967 | 4/28/2012 - 4/28/2014 |

**In re: Luminant Generation Company LLC**                    **Case No. 14-11032 (CSS)**

### SOFA 21b - Current Partners, Officers, Directors and Shareholders (Corporations)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| ASHBY, KEVIN M.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Tax Signing Officer | N/A |
| BOSWELL, BARRY T.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| FEDERWISCH, RICHARD R.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| FLESHMAN, BETTY R.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Assistant Secretary | N/A |
| FLORES, RAFAEL<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President and Chief Nuclear Officer | N/A |
| FRENZEL, ROBERT C.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President and Chief Financial Officer | N/A |
| GOERING, MATTHEW A.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| HIGGINBOTHAM, DALE<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| HO, JOSEPH C.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| HOGAN, TIM<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President and Controller | N/A |
| HORN, STEPHEN G.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| HORTON, ANTHONY R.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Treasurer | N/A |
| HOWARD, CARLA A.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| KEGLEVIC, PAUL M.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Manager | N/A |
| KOPENITZ, STEPHEN J.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| LUMINANT HOLDING COMPANY LLC<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Shareholder | 100% |

**In re: Luminant Generation Company LLC**                    **Case No. 14-11032 (CSS)**

### SOFA 21b - Current Partners, Officers, Directors and Shareholders (Corporations)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| MCCOOL, THOMAS P.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| MCFARLAND, M. A.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Chairman of the Board of Managers, Manager, President and Chief Executive Officer | N/A |
| MIRELES, KIMBERLY D.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| MOLDOVAN, KRISTOPHER E.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Assistant Treasurer | N/A |
| MOOR, GARY L.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Secretary | N/A |
| MOORE, STEPHANIE ZAPATA<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President and General Counsel | N/A |
| MUSCATO, STEPHEN J.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President and Chief Commercial Officer | N/A |
| ONEY, THOMAS<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| PERRY, NANCY F.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| PETERS, KENNETH J.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| SMITH, KEN<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| SZLAUDERBACH, STANLEY J.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Senior Vice President | N/A |
| WATSON, CLIFFORD A.<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Vice President | N/A |
| WILLIAMS, E. MICHAEL<br>1601 BRYAN STREET<br>DALLAS, TX 75201 | Chief Fossil Officer | N/A |