## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

### DECLARATION OF DISINTERESTEDNESS OF K&L GATES LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Cynthia M. Ohlenforst, declare under penalty of perjury:

1. I am a Partner of K&L Gates LLP, located at 1717 Main Street, Suite 2800, Dallas, Texas 75201 ("K&L Gates").

2. Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that K&L Gates provide transaction advice and tax advice, including representation in certain tax litigation, to the Debtors (including Energy Future Holdings Corporation, TXU Energy Retail Company, LLC and certain other EFH affiliates), and K&L Gates has consented to provide such services.

3. K&L Gates has over 2,000 attorneys in offices spanning across 48 cities in 26 countries and on 5 continents. Given the size and breadth of the Debtor's operations coupled with K&L Gates' global practice, it should be anticipated that many of the Debtors' creditors and parties in interest in these cases may have been or are currently clients of the firm and may

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

become clients of the firm in the future. During this engagement, K&L Gates will not perform services in any matter related to these chapter 11 cases, for any of the Debtor's creditors and parties in interest in these chapter 11 cases.

4. Further, during this engagement, with respect to the matters on which K&L Gates is proposed to be employed, K&L Gates will not take on a representation of any creditor or party in interest directly or indirectly in these chapter 11 cases, nor have any relationships with any such creditor or party in interest, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5. K&L Gates' obtained from Debtors' proposed bankruptcy counsel a list of all creditors and parties in interest they identified in running their own conflicts analysis (the "Potential Parties in Interest"). K&L Gates searched its electronic database for its connections to the Potential Parties in Interest (or their affiliates, as the case may be). This was done to identify conflicts and all relationships whether or not the relationship had anything to do with the matters for which K&L Gates is proposed to be employed. K&L Gates then reviewed each hit and reanalyzed the data as to the matters to which K&L Gates is being retained in these cases. K&L Gates believes this ensures a more accurate and complete reporting to the Court.

6. The results of that search show that K&L Gates represents numerous Potential Parties in Interest (including some banks and bondholders), but none of the representations are related to these chapter 11 cases or are adverse to the interests of the Debtors and their estates other than as set forth herein:

7. K&L Gates recently represented Generator & Motor Services of Pennsylvania, LLC d/b/a Brush Aftermarket US ("G&M") in connection with the negotiation of a vendor agreement with Luminant Generation Company LLC, one of the Debtors. K&L Gates believes

this G&M matter has been resolved. Furthermore, none of the services performed by K&L Gates on behalf of G&M were adverse to the Debtors or their estates with respect to the matters on which K&L Gates is proposed to be employed as required under section 327(e) of the Bankruptcy Code.

8. As part of its customary practice, K&L Gates is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, creditors, and parties in interest in these chapter 11 cases. K&L Gates may employ persons that may be relatives of persons who may represent or be employed by the Debtors, creditors, and parties in interest in these chapter 11 cases, however impractical to identify.

9. Neither I nor any principal, partner, director, officer, etc. of or professional employed by, K&L Gates has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and employees of K&L Gates.

10. Neither I nor any principal, partner, director, officer, of or professional employed by, K&L Gates, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which K&L Gates is to be employed.

11. Prior to the Petition Date, Debtors advanced funds to K&L Gates to be held in trust as a retainer for anticipated services and expenses. As of the date hereof a total of approximately $110,000.00 remains available to be credited against services and expenses. K&L Gates will apply the balance of the retainer against any post-petition fees and expenses upon approval of this Declaration, the payment of which is subject to limitations contained in the

United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Debtors owe K&L Gates $3,126.50 on account of pre-petition fees and expenses on matters unrelated to those upon which K&L Gates is to be employed. The retainer is not related to this matter and will not be applied to this pre-petition amount.

12. I further understand that this Declaration will not suffice as K&L Gates's proof of claim.

13. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, K&L Gates was not a party to an agreement for indemnification with certain of the Debtors.

14. K&L Gates is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if K&L Gates should discover any facts bearing on the matters described herein, K&L Gates will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2014

_____
Cynthia M. Ohlenforst