# **Exhibit C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-~~_____ (___)~~-10979 (CSS) |
| | ) | |
| Debtors. | ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
| | ) | **Re: Docket No. 29** |

**FINAL ORDER AUTHORIZING THE DEBTORS
TO PAY PREPETITION CRITICAL VENDOR CLAIMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order"), authorizing, but not directing, the Debtors to pay certain Critical Vendor Claims in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order in respect of the Motion [D.I. 309]; and having found that the relief requested in the Motion as modified herein is in the best interests of the Debtors' estates, their creditors, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which ~~the debtors have requested~~ joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' ~~proposed~~ claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and the limited objection of the ad hoc group of TCEH unsecured noteholders (the "TCEH Ad Hoc Unsecured Group") to the Motion [D.I. 679] (the "Limited Objection"); and the Court having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the parties having resolved the objections raised in the Limited Objection and the Debtors having consented to entry of the order entered on July 2, 2014 under Rule 2004 of the Federal Rules of Bankruptcy Procedure in connection with the Motion (the "Rule 2004 Order"); and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted on a final basis as set forth herein.

2.  In accordance with this Order, the Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy prepetition amounts on account of Critical Vendor Claims; *provided*, *however*, that such payments shall not (a) exceed an aggregate amount of $40 million unless otherwise ordered by the Court, or (b) ~~knowingly~~ be made to any affiliate or insider (as defined in sections 101(2) and 101(31) of the Bankruptcy Code, respectively) of the Debtors other than portfolio companies owned by EFH Corp.'s indirect equity holders with which the Debtors conduct arm's-length transactions, *provided further*, *however*, that the Debtors shall ~~only~~ be required to conduct a reasonable inquiry under the circumstances with respect to whether a particular Critical Vendor is an affiliate or insider.

3.  The Debtors shall ~~use their commercially reasonable efforts to~~ obtain from any

Critical Vendor, as a prerequisite to obtaining payment pursuant to this Order, written acknowledgement of its obligation to continue providing services to the Debtors on Customary Trade Terms, substantially in the form attached to the Interim Order as **Exhibit 1** (the "Vendor Agreement") which shall require, among other things, that the Customary Trade Terms shall be no less favorable than the most favorable trade terms provided by the Critical Vendor to the Debtors in the three months prior to the Petition Date; *provided*, *however*, that ~~the Debtors may, if necessary under the circumstances and in consultation with the Ad Hoc Committee of TCEH First Lien Creditors with respect to Critical Vendor Claims greater than $5 million, pay Critical Vendor Claims without obtaining such agreement; *provided further*, *however*, that~~ such payment shall not prejudice the Debtor's right to challenge, as a violation of the automatic stay or otherwise, a Critical Vendor's refusal to provide postpetition goods or services on Customary Trade Terms.

4. The form Vendor Agreement, attached to the Interim Order as **Exhibit 1**, is approved; *provided*, *however*, that the Debtors, in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors<ins>, counsel to the TCEH Ad Hoc Unsecured Group, and proposed counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the Creditors' Committee")</ins> with respect to Vendor Agreements addressing Critical Vendor Claims greater than $5 million, are authorized to modify the Vendor Agreement if a particular situation so requires<ins>; *provided*, *further*, that the executed Vendor Agreement shall in all circumstances provide for Customary Trade Terms that are no less favorable than the most favorable trade terms provided by the Critical Vendor to the Debtors in the three months prior to the Petition Date</ins>.

5. The Debtors will maintain a matrix summarizing (a) the name of each Critical

Vendor that receives a payment (or payments) pursuant to this Order; (b) the total amount paid to each Critical Vendor pursuant to this Order; and (c) the nature of the goods and/or services provided by each Critical Vendor to whom a payment under this Order is made (the "Critical Vendor Summary").  The Debtors will provide the Critical Vendor Summary, along with any executed Vendor Agreement, promptly after entry of this Order and weekly thereafter or with such other frequency as may be agreed upon ~~reasonable written request~~ among the parties, to the U.S. Trustee, proposed counsel to ~~any official committee of unsecured creditors appointed in these cases~~ the Creditors' Committee, counsel to the Ad Hoc Committee of TCEH First Lien Creditors, counsel to the Ad Hoc Committee of EFIH Unsecured Creditors, counsel to the TCEH Ad Hoc Unsecured Group, and counsel to the agents for the EFIH and TCEH debtor-in-possession financing facilities; *provided*, *however*, that with the exception of the U.S. Trustee, the Debtors shall only provide the Critical Vendor Summary and executed Vendor Agreements pursuant to this Order subject to the recipient's execution of a confidentiality agreement in form and substance acceptable to the Debtors; *provided further*, *however*, that nothing in this Order shall require the Debtors to provide the Critical Vendor Summary or any other information that the Debtors deem proprietary or competitive in nature to any competitor or any individual member of any committee, absent consent or further order of this Court.  The Debtors shall confer with the proposed advisors to the Creditors' Committee and the advisors to the TCEH Ad Hoc Unsecured Group regarding the Critical Vendor Summary at such regular intervals as may be reasonably requested by counsel to the Creditors' Committee or counsel to the TCEH Ad Hoc Unsecured Group.  The Debtors shall provide notice to the counsel to the Creditors' Committee and counsel to the TCEH Ad Hoc Unsecured Group prior to making any proposed payment to a Critical Vendor on account of a prepetition claim that exceeds $2 million.

6. If, after receiving a payment pursuant to this Order (and/or the specified terms of a Vendor Agreement), any Critical Vendor does not continue to provide Customary Trade Terms, then (a) any such payment received by such Critical Vendor shall be deemed, in the Debtors' discretion in consultation with counsel to the Ad Hoc Committee of TCEH First Lien Creditors, <ins>and proposed counsel to the Creditors' Committee,</ins> an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors and (b) upon recovery by the Debtors, any prepetition claim of such Critical Vendor shall be reinstated as if the payment had not been made; *provided, however*, that (x) prior to exercising any remedies set forth in paragraph 6, the Debtors shall provide the applicable party with written notice of their intent to exercise such remedies, and the applicable party shall have fourteen (14) days from service of such written notice to file an objection and serve it on the Debtors and (y) if such party files and serves such written notice, the Debtors shall not exercise any remedies set forth in paragraph 6 pending further order of the Court or agreement of the parties.

7. If there exists an outstanding postpetition balance due from the Debtors to a Critical Vendor that does not continue to provide Customary Trade Terms, the Debtors may elect to recharacterize and apply any payments made pursuant to this Order to such outstanding postpetition balance, and the Critical Vendor shall repay immediately in cash to the Debtors such paid amounts that exceed the postpetition obligations then outstanding and without any claim, right of setoff, or recoupment against the Debtors resulting thereby.

8. ~~The~~<ins>Subject to the terms of this Order, the</ins> Debtors are authorized to issue postpetition checks or to effect postpetition wire transfer requests in replacement of any checks or wire transfer requests in respect of any obligations related to the Critical Vendor Claims that are dishonored or rejected.

5

9. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

10. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH and EFIH Finance, Inc.

11. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the <ins>rights of the</ins> Debtors' <del>rights</del><ins>estates</ins> to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the <ins>rights of the</ins> Debtors' <del>rights</del><ins>estates</ins> under the Bankruptcy Code or any other applicable law; or (g) a concession by the <del>Debtors</del><ins>Debtors' estates</ins> that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid, and the <del>Debtors</del><ins>Debtors' estates</ins> expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of <del>the Debtors'</del><ins>any party in interest's</ins> rights to subsequently dispute such claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. Any entity provided with a copy of this Order shall be deemed on notice that a refusal to provide postpetition goods or services to any Debtor by reason of non-payment of any prepetition debt, and despite assurance, in the form of a deposit or prepayment, that such entity will suffer no loss through provision of postpetition goods or services, absent good cause, may constitute a willful violation of section 362(a) of the Bankruptcy Code.

17. Notwithstanding anything in this Order to the contrary, this Order is not intended to modify the contractual rights or obligations of any party in interest in any agreement with the Debtors or under applicable law, nor is it intended to modify any rights or obligations of the Debtors under any such agreement or under applicable law.

18. In the event the Court determines that the Debtors have failed to comply with the terms of the Rule 2004 Order, the relief granted pursuant to paragraph 2 of this Order shall cease to be effective on a going-forward basis until such time as the Court determines that the Debtors have remedied any non-compliance with the Rule 2004 Order.

~~16.~~19. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: ~~_____~~, _____, 2014    _____

                                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                                      UNITED STATES BANKRUPTCY JUDGE