IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |

**AFFIDAVIT OF PUBLICATION OF JOHN WIER OF NOTICE
OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS,
AND FIXING OF CERTAIN DATES, (B) AUTHORITY TO HONOR AND ASSUME
CUSTOMER AGREEMENTS, (C) DEADLINES FOR FILING PROOFS OF CLAIM
FOR CUSTOMER CLAIMS IN THE WALL STREET JOURNAL**

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 10473775v.1

# AFFIDAVIT

STATE OF TEXAS              )
                            ) ss:
CITY AND COUNTY OF DALLAS)

I, John Wier, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1   insertion(s) on the following date(s): MAY-24-2014,

ADVERTISER:   Energy Future Holdings;

and that the foregoing statements are true and correct to the best of my knowledge.

_____

Sworn to before me this
28  day of  May         2014

_____
Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
In re: ENERGY FUTURE HOLDINGS CORP., et al.,[1] ) Chapter 11
) Case No. 14-10979 (CSS)
Debtors. ) (Jointly Administered)

**NOTICE OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES, (B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS, AND (C) DEADLINES FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**(A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES**

*Commencement of Cases.* On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain related entities, as debtors in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

*Date, Time, and Location of Meeting of Creditors.* In accordance with section 341 of the Bankruptcy Code, the meeting of the Debtors' creditors will be conducted on June 4, 2014 at 1:00 p.m. (Eastern Daylight Time), at the Double Tree Hotel, Salon C, 700 North King Street, Wilmington, Delaware 19801. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

*Purpose of Chapter 11 Filing.* Chapter 11 of the Bankruptcy Code enables a debtor to reorganize and/or liquidate pursuant to a chapter 11 plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors and other parties in interest will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.

*Creditors May Not Take Certain Actions.* A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Clerk of the Court are not permitted to give legal advice.

*Discharge of Debts.* Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

**(B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS**

*Applicability of This Part.* Part B of this notice applies only to current customers of the Debtors, including: (a) large commercial or industrial customers that are or were a party to a custom power purchase agreement or a residential or small business customer of the Debtors that are or were subject to an agreement for the sale of electricity and related services, including the standard terms of service (collectively, and each such agreement, a "Retail Agreement"); or (b) customers that are or were party to a commercial retail natural gas agreement (each such agreement, a "Retail Gas Agreement," and together with the Retail Agreements, the "Customer Agreements"). If you are a current customer of the Debtors, please read the following carefully.

*The Customer Programs Motion.* On April 29, 2014, the Debtors filed the Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements (the "Customer Programs Motion").[2] On May 2, 2014, the Court entered an order [D.I. 307] (the "Claims Order") approving the Customer Programs Motion, including authorizing the Debtors to satisfy obligations to customers (including under the Customer Agreements), fixing October 27, 2014, at 5:00 p.m. (Eastern Daylight Time) as the deadline for customers (including governmental units solely in their capacities as customers of the Debtors) to file Proofs of Claim for Customer Claims in these chapter 11 cases (the "Customer Claims Bar Date"), approving this Notice and related noticing procedures, and setting June 5, 2014, at 9:30 a.m. (Eastern Daylight Time) as the date for a hearing on the Customer Programs Motion at which, among other things, the Debtors have requested authority to assume all of the Customer Agreements under section 365(a) of the Bankruptcy Code.

The Debtors intend to assume the Customer Agreement to which you are a counterparty. By assuming your Customer Agreement, the Debtors are agreeing to continue to provide electricity, natural gas, and/or related services under the terms of your Customer Agreement.

*Objections to Assumption of the Customer Agreements.* If you wish to object to the Debtors' assumption of your Customer Agreement then you must file an objection to the Debtors' assumption of your Customer Agreement. Any objection to the proposed assumption must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party; (d) state with particularity the basis and nature of the objection; (e) be filed with the Bankruptcy Court on or before May 29, 2014, at 4:00 p.m. (Prevailing Eastern Time) (the "Assumption Objection Deadline"); and (f) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Assumption Objection Deadline by the following notice parties (the "Notice Parties"): KIRKLAND & ELLIS LLP, Attn: Richard M. Cieri, Attn: Edward O. Sassower, P.C., Attn: Stephen E. Hessler, Attn: Brian E. Schartz, 601 Lexington Avenue, New York, New York 10022 and Attn: James H.M. Sprayregen, P.C., Attn: Chad J. Husnick, Attn: Steven N. Serajeddini, 300 North LaSalle, Chicago, Illinois 60654; RICHARDS, LAYTON & FINGER, P.A., Attn: Mark D. Collins, Attn: Daniel J. DeFranceschi, Attn: Jason M. Madron, 920 North King Street, Wilmington, Delaware 19801, Proposed Counsel to the Debtors. THE OFFICE OF THE U.S. TRUSTEE FOR THE DISTRICT OF DELAWARE, Attn: Richard L. Schepacarter, 844 King Street, Suite 2207, Wilmington, Delaware 19801.

*Hearing on Unresolved Objections.* Any objection not consensually resolved before the Assumption Objection Deadline will be addressed at the hearing on June 5, 2014, at 9:30 a.m. (Eastern Daylight Time) before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.

If you fail to timely file an objection to the proposed assumption or above-listed Cure Amount you will be deemed to have consented to the assumption and that the Cure Amount determined by the Debtors is correct and shall be forever barred, estopped, and enjoined from asserting additional cure amounts or that assumption was improper.

*Zero Cure Amount.* The Debtors do not believe that they are in default with respect to the terms of your Customer Agreement as of the date of entry of the Assumption Order. Accordingly, the Debtors have determined that there are no unpaid monetary obligations owed to you by the Debtors under your Customer Agreement, and no measures are necessary to comply with the terms of your Customer Agreement or otherwise remedy existing defaults, and therefore there is no Cure Amount owed. Please note, however, that pursuant to the Claims Order the Debtors are authorized to satisfy the Customer Programs obligations. In the ordinary course of business. If you agree that there is no default under your Customer Agreement and that the Cure Amount owed to you is $0, you are not required to take any further action.

**(C) DEADLINES FOR FILING PROOFS OF CLAIM[3]**

*Applicability of This Part.* This Part C applies to current and former customers of the Debtors. If you are or have been a customer of the Debtors, please read the following carefully.

TO THE EXTENT YOU DISAGREE WITH THE CURE AMOUNT SET FORTH ABOVE OR OTHERWISE BELIEVE YOU HAVE A CUSTOMER CLAIM AGAINST THE DEBTORS, THE DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS IS OCTOBER 27, 2014, AT 5:00 P.M. (EASTERN DAYLIGHT TIME).

*The Bar Date.* Pursuant to the Claims Order, all entities, who have any type of Customer Claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, MUST FILE A PROOF OF CLAIM on or before October 27, 2014, at 5:00 p.m., Eastern Daylight Time.

If you or any party or entity who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the Claims Order on or before the Customer Claims Bar Date, please be advised that:

(A) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM;

(B) YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM; AND

(C) YOU WILL BE DEEMED TO HAVE AGREED THAT THE CURE AMOUNT DETERMINED BY THE DEBTORS IS CORRECT.

*No Proof of Claim Required.* Customers that hold the following types of claims are not required to file Proofs of Claim for such claims: (a) any claim that is paid under the Claims Order; (b) claims relating to a Customer Agreement that is being assumed by the Retail Debtors under the Assumption Order, only if the customer agrees that the Cure Amount is $0; (c) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B10; (d) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases; (e) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and (f) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

*Filing a Proof of Claim.* Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be actually received by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address: If by First-Class Mail: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613. If by Hand Delivery or Overnight Mail: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, 757 Third Avenue, Third Floor, New York, New York 10017.

*Contents of Proofs of Claim.* Each proof of claim must (a) be written in English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the Debtor against which the claim is asserted (d) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (e) be an original copy signed by the claimant or by an authorized agent or legal representative of the claimant; and (f) include as attachments any and all supporting documentation on which the claim is based.

Please note a Proof of Claim that is filed (a) under the joint administration case number (No. 14-10979); (b) against multiple Debtor entities, or (c) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose, as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

*Additional Information.* If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613, or, by telephone, toll-free at (877) 276-7311.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but otherwise not defined in this section shall have the meanings set forth in the Customer Programs Motion.

[3] As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

*Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim; (b) subsequently schedule and designate a claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Debtors' schedules of creditors and assets and liabilities.