
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |

## AFFIDAVIT OF PUBLICATION OF NOTICE OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES, (B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS, (C) DEADLINES FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS IN THE HOUSTON CHRONICLE

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 10474727v.1

AFFIDAVIT OF PUBLICATION

STATE OF TEXAS:

COUNTY OF HARRIS:

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared, the Newspaper Representative at the HOUSTON CHRONICLE, a daily newspaper published in Harris County, Texas, and generally circulated in the Counties of: HARRIS, TRINITY, WALKER, GRIMES, POLK, SAN JACINTO, WASHINGTON, MONTGOMERY, LIBERTY, AUSTIN, WALLER, CHAMBERS, COLORADO, BRAZORIA, FORT BEND, GALVESTON, WHARTON, JACKSON, and MATAGORDA and that the publication, of which the annexed herein, or attached to, is a true and correct copy, was published to-wit:

PORTE ADVERTISING    26034179    37313916
RAN A LEGAL NOTICE
SIZE BEING: 3 X 11.50 I (34.50I)

| product | date | class | page |
|---|---|---|---|
| hc | May 24 2014 | 1245.0 | D_satlg_5 |

_____
NEWSPAPER REPRESENTATIVE

Sworn and subscribed to before me, this the 24th Day of May A.D. 2014

[Notary Seal: VERONICA M TYRONE, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES FEB 10 2016]

_____
Notary Public in and for the State of Texas

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
ENERGY FUTURE HOLDINGS CORP., et al.,[1] ) Case No. 14-10979 (CSS)
) (Jointly Administered)
Debtors. )

**NOTICE OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES, (B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS, AND (C) DEADLINES FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**(A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES**

**Commencement of Cases:** On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain related entities, as debtors in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

**Date, Time, and Location of Meeting of Creditors.** In accordance with section 341 of the Bankruptcy Code, the meeting of the Debtors' creditors will be conducted on June 4, 2014 at 1:00 p.m. (Eastern Daylight Time), at the Double Tree Hotel, Salon C, 700 North King Street, Wilmington, Delaware 19801. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

**Purpose of Chapter 11 Filing.** Chapter 11 of the Bankruptcy Code enables a debtor to reorganize and/or liquidate pursuant to a chapter 11 plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors and other parties in interest will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.

**Creditors May Not Take Certain Actions.** A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Clerk of the Court are not permitted to give legal advice.

**Discharge of Debts.** Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

**(B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS**

**Applicability of This Part.** Part B of this notice applies only to current customers of the Debtors, including: (a) large commercial or industrial customers that are or were a party to a custom power purchase agreement or a residential or small business customer of the Debtors that are or were subject to an agreement for the sale of electricity and related services, including the standard terms of service (collectively, and each such agreement, a "Retail Agreement"); or (b) customers that are or were party to a commercial retail natural gas agreement (each such agreement, a "Retail Gas Agreement," and together with the Retail Agreements, the "Customer Agreements"). If you are a current customer of the Debtors, please read the following carefully.

**The Customer Programs Motion.** On April 29, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* (the "Customer Programs Motion").[2] On May 2, 2014, the Court entered an order [D.I. 307] (the "Claims Order") approving the Customer Programs Motion, including authorizing the Debtors to satisfy obligations to customers (including under the Customer Agreements), fixing **October 27, 2014, at 5:00 p.m. (Eastern Daylight Time)** as the deadline for customers (including governmental units solely in their capacities as customers of the Debtors) to file Proofs of Claim for Customer Claims in these chapter 11 cases (the "Customer Claims Bar Date"), approving this Notice and related noticing procedures, and setting **June 5, 2014, at 9:30 a.m. (Eastern Daylight Time)** as the date for a hearing on the Customer Programs Motion at which, among other things, the Debtors have requested authority to assume all of the Customer Agreements under section 365(a) of the Bankruptcy Code.

The Debtors intend to assume the Customer Agreement to which you are a counterparty. By assuming your Customer Agreement, the Debtors are agreeing to continue to provide electricity, natural gas, and/or related services under the terms of your Customer Agreement.

**Objections to Assumption of the Customer Agreements.** If you wish to object to the Debtors' assumption of your Customer Agreement then you **must** file an objection to the Debtors' assumption of your Customer Agreement. Any objection to the proposed assumption must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party; (d) state with particularity the basis and nature of the objection; (e) be filed with the Bankruptcy Court on or before **May 29, 2014, at 4:00 p.m. (Prevailing Eastern Time)** (the "Assumption Objection Deadline"); and (f) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Assumption Objection Deadline by the following notice parties (the "Notice Parties"): KIRKLAND & ELLIS LLP, Attn: Richard M. Cieri, Attn: Edward O. Sassower, P.C., Attn: Stephen E. Hessler, Attn: Brian E. Schartz, 601 Lexington Avenue, New York, New York 10022 and Attn: James H.M. Sprayregen, P.C., Attn: Chad J. Husnick, Attn: Steven N. Serajeddini, 300 North LaSalle, Chicago, Illinois 60654; RICHARDS, LAYTON & FINGER, P.A., Attn: Mark D. Collins, Attn: Daniel J. DeFranceschi, Attn: Jason M. Madron, 920 North King Street, Wilmington, Delaware 19801, *Proposed Counsel to the Debtors*. THE OFFICE OF THE U.S. TRUSTEE FOR THE DISTRICT OF DELAWARE, Attn.: Richard L. Schepacarter, 844 King Street, Suite 2207, Wilmington, Delaware 19801.

**Hearing on Unresolved Objections.** Any objection to the assumption that is timely filed (and is not consensually resolved before the Assumption Objection Deadline) will be addressed at the hearing on **June 5, 2014, at 9:30 a.m. (Eastern Daylight Time)** before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.

If you fail to timely file an objection to the proposed assumption or above-listed Cure Amount you will be deemed to have consented to the assumption and that the Cure Amount determined by the Debtors is correct and shall be forever barred, estopped, and enjoined from asserting additional cure amounts or that assumption was improper.

**Zero Cure Amount.** The Debtors do not believe that they are in default with respect to the terms of your Customer Agreement as of the date of entry of the Assumption Order. Accordingly, the Debtors have determined that there are no unpaid monetary obligations owed to you by the Debtors under your Customer Agreement, and no measures are necessary to comply with the terms of your Customer Agreement or otherwise remedy existing defaults, and therefore there is **no Cure Amount owed**. Please note, however, that pursuant to the Claims Order the Debtors are authorized to satisfy the Customer Programs obligations in the ordinary course of business. If you agree that there is no default under your Customer Agreement and that the Cure Amount owed to you is $0, you are not required to take any further action.

**(C) DEADLINES FOR FILING PROOFS OF CLAIM[3]**

**Applicability of This Part.** This Part C applies to current and former customers of the Debtors. If you are or have been a customer of the Debtors, please read the following carefully.

TO THE EXTENT YOU DISAGREE WITH THE CURE AMOUNT SET FORTH ABOVE OR OTHERWISE BELIEVE YOU HAVE A CUSTOMER CLAIM AGAINST THE DEBTORS, THE DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS IS **OCTOBER 27, 2014, AT 5:00 P.M. (EASTERN DAYLIGHT TIME).**

**The Bar Date.** Pursuant to the Claims Order, all entities, who have any type of Customer Claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, MUST FILE A PROOF OF CLAIM on or before October 27, 2014, at 5:00 p.m., Eastern Daylight Time.

If you or any party or entity who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the Claims Order on or before the Customer Claims Bar Date, please be advised that:

(A) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM;
(B) YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM; AND
(C) YOU WILL BE DEEMED TO HAVE AGREED THAT THE CURE AMOUNT DETERMINED BY THE DEBTORS IS CORRECT.

**No Proof of Claim Required.** Customers that hold the following types of claims are **not** required to file Proofs of Claim for such claims: (a) any claim that is paid under the Claims Order; (b) claims relating to a Customer Agreement that is being assumed by the Retail Debtors under the Assumption Order, **only if** the customer agrees that the Cure Amount is $0; (c) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B10; (d) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases; (e) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and (f) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

**Filing a Proof of Claim.** Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address: *If by First-Class Mail*: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613. *If by Hand Delivery or Overnight Mail*: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, 757 Third Avenue, Third Floor, New York, New York 10017.

**Contents of Proofs of Claim.** Each proof of claim must (a) be written in English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the Debtor against which the claim is asserted (d) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (e) be an original copy signed by the claimant or by an authorized agent or legal representative of the claimant; and (f) include as attachments any and all supporting documentation on which the claim is based.

**Please note** a Proof of Claim that is filed (a) under the joint administration case number (No. 14-10979), (b) against multiple Debtor entities, or (c) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or

# Legal Notices

To place legal notices email legals@chron.com or call 713.224.6868.

LEGAL NOTICES LEGAL NOTICES LEGAL NOTICES LEGAL NOTICES LEGAL NOTICES

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: ENERGY FUTURE HOLDINGS CORP., et al.,[1] Debtors. ) Chapter 11 ) Case No. 14-10979 (CSS) ) (Jointly Administered)

**NOTICE OF (A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES, (B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS, AND (C) DEADLINES FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**(A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF CREDITORS, AND FIXING OF CERTAIN DATES**

Commencement of Cases. On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain related entities, as debtors in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

Date, Time, and Location of Meeting of Creditors. In accordance with section 341 of the Bankruptcy Code, the meeting of the Debtors' creditors will be conducted on June 4, 2014 at 1:00 p.m. (Eastern Daylight Time), at the Double Tree Hotel, Salon C, 700 North King Street, Wilmington, Delaware 19801. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

Purpose of Chapter 11 Filing. Chapter 11 of the Bankruptcy Code enables a debtor to reorganize and/or liquidate pursuant to a chapter 11 plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors and other parties in interest will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.

Creditors May Not Take Certain Actions. A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Clerk of the Court are not permitted to give legal advice.

Discharge of Debts. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

**(B) AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS**

Applicability of This Part. Part B of this notice applies only to current customers of the Debtors, including: (a) large commercial or industrial customers that are or were a party to a custom power purchase agreement or a residential or small business customer of the Debtors that are or were subject to an agreement for the sale of electricity and related services, including the standard terms of service (collectively, and each such agreement, a "Retail Agreement"); or (b) customers that are or were party to a commercial retail natural gas agreement (each such agreement, a "Retail Gas Agreement," and together with the Retail Agreements, the "Customer Agreements"). If you are a current customer of the Debtors, please read the following carefully.

The Customer Programs Motion. On April 29, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* (the "Customer Programs Motion"). On May 2, 2014, the Court entered an order [D.I. 307] (the "Claims Order") approving the Customer Programs Motion, including authorizing the Debtors to satisfy obligations to customers (including under the Customer Agreements), fixing October 27, 2014, at 5:00 p.m. (Eastern Daylight Time) as the deadline for customers (including governmental units solely in their capacities as customers of the Debtors) to file Proofs of Claim for Customer Claims in these chapter 11 cases (the "Customer Claims Bar Date"), approving this Notice and related noticing procedures, and setting June 5, 2014, at 9:30 a.m. (Eastern Daylight Time) as the date for a hearing on the Customer Programs Motion at which, among other things, the Debtors have requested authority to assume all of the Customer Agreements under section 365(a) of the Bankruptcy Code.

**The Debtors intend to assume the Customer Agreement to which you are a counterparty. By assuming your Customer Agreement, the Debtors are agreeing to continue to provide electricity, natural gas, and/or related services under the terms of your Customer Agreement.**

Objections to Assumption of the Customer Agreements. If you wish to object to the Debtors' assumption of your Customer Agreement then you must file an objection to the Debtors' assumption of your Customer Agreement. Any objection to the proposed assumption must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party; (d) state with particularity the basis and nature of the objection; (e) be filed with the Bankruptcy Court on or before May 29, 2014, at 4:00 p.m. (Prevailing Eastern Time) (the "Assumption Objection Deadline"); and (f) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Assumption Objection Deadline by the following notice parties (the "Notice Parties"): KIRKLAND & ELLIS LLP, Attn: Richard M. Cieri, Attn: Edward O. Sassower, P.C., Attn: Stephen E. Hessler, Attn: Brian E. Schartz, 601 Lexington Avenue, New York, New York 10022 and Attn: James H.M. Sprayregen, P.C., Attn: Chad J. Husnick, Attn: Steven N. Serajeddini, 300 North LaSalle, Chicago, Illinois 60654; RICHARDS, LAYTON & FINGER, P.A., Attn: Mark D. Collins, Attn: Daniel J. DeFranceschi, Attn: Jason M. Madron, 920 North King Street, Wilmington, Delaware 19801, *Proposed Counsel to the Debtors*.

THE OFFICE OF THE U.S. TRUSTEE FOR THE DISTRICT OF DELAWARE, Attn.: Richard L. Schepacarter, 844 King Street, Suite 2207, Wilmington, Delaware 19801.

Hearing on Unresolved Objections. Any objection to the assumption that is timely filed (and is not consensually resolved before the Assumption Objection Deadline) will be addressed at the hearing on June 5, 2014, at 9:30 a.m. (Eastern Daylight Time) before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801.

**If you fail to timely file an objection to the proposed assumption or above-listed Cure Amount you will be deemed to have consented to the assumption and that the Cure Amount determined by the Debtors is correct and shall be forever barred, estopped, and enjoined from asserting additional cure amounts or that assumption was improper.**

Zero Cure Amount. The Debtors do not believe that they are in default with respect to the terms of your Customer Agreement as of the date of entry of the Assumption Order. Accordingly, the Debtors have determined that there are no unpaid monetary obligations owed to you by the Debtors under your Customer Agreement, and no measures are necessary to comply with the terms of your Customer Agreement or otherwise remedy existing defaults, and therefore there is no Cure Amount owed. Please note, however, that pursuant to the Claims Order the Debtors are authorized to satisfy the Customer Programs obligations in the ordinary course of business. If you agree that there is no default under your Customer Agreement and that the Cure Amount owed to you is $0, you are not required to take any further action.

**(C) DEADLINES FOR FILING PROOFS OF CLAIM**

Applicability of This Part. This Part C applies to current and former customers of the Debtors. If you are or have been a customer of the Debtors, please read the following carefully.

**TO THE EXTENT YOU DISAGREE WITH THE CURE AMOUNT SET FORTH ABOVE OR OTHERWISE BELIEVE YOU HAVE A CUSTOMER CLAIM AGAINST THE DEBTORS, THE DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS IS OCTOBER 27, 2014, AT 5:00 P.M. (EASTERN DAYLIGHT TIME).**

The Bar Date. Pursuant to the Claims Order, all entities, who have any type of Customer Claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, MUST FILE A PROOF OF CLAIM on or before October 27, 2014, at 5:00 p.m., Eastern Daylight Time.

**If you or any party or entity who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the Claims Order on or before the Customer Claims Bar Date, please be advised that:**

**(A) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM;**

**(B) YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM; AND**

**(C) YOU WILL BE DEEMED TO HAVE AGREED THAT THE CURE AMOUNT DETERMINED BY THE DEBTORS IS CORRECT.**

No Proof of Claim Required. Customers that hold the following types of claims are not required to file Proofs of Claim for such claims: (a) any claim that is paid under the Claims Order; (b) claims relating to a Customer Agreement that is being assumed by the Retail Debtors under the Assumption Order, only if the customer agrees that the Cure Amount is $0; (c) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B10; (d) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases; (e) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and (f) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

Filing a Proof of Claim. Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be actually received by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address: *If by First-Class Mail*: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613. *If by Hand Delivery or Overnight Mail*: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, 757 Third Avenue, Third Floor, New York, New York 10017.

Contents of Proofs of Claim. Each proof of claim must (a) be written in English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the Debtor against which the claim is asserted; (d) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (e) be an original copy signed by the claimant or by an authorized agent or legal representative of the claimant; and (f) include as attachments any and all supporting documentation on which the claim is based.

Please note a Proof of Claim that is filed (a) under the joint administration case number (No. 14-10979); (b) against multiple Debtor entities, or (c) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose, as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

Additional Information. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York, 10163-4613, or, by telephone, toll-free at (877) 276-7311.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

All capitalized terms used but otherwise not defined in this section shall have the meanings set forth in the Customer Programs Motion.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim; (b) subsequently schedule and designate a claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Debtors' schedules of creditors and assets and liabilities.

**ADVERTISEMENT OF DESIGNATION**

In accordance with the Oil Pollution Act of 1990 (33 USC §2714(c)), the barge 27706, owned by Kirby Inland Marine, LP has been identified as the source of a discharge into the Houston Ship Channel at or between light buoys 25 and 26 on March 22, 2014 at about 12:35 pm. This spill impacted the Houston Ship Channel at or near light buoys 25 and 26. Kirby Inland Marine, LP is accepting claims for certain uncompensated damages and removal costs pending legal resolution of the matter.

Removal costs and damages which may be compensated under the Act include: removal costs, damage to natural resources, damage to or loss of real or personal property, loss of subsistence use of natural resources, loss of government revenues, loss of profits and earning capacity, and increased cost of public services. Claims for bodily injuries, emotional distress, attorney's fees, or the administrative costs of preparing the claim and not compensable under the Act.

Claims should be: 1) in writing; 2) signed by the claimant; 3) for a specified amount; and 4) should include all evidence to support the damages claimed, including a general description of the nature and extent of the impact of the incident, the cost associated with removal actions and/or damages claimed and a description of actions taken to minimize removal costs or damages claimed. Claims presented may include claims for interim, short term damages representing less that the full amount to which the claimant may be entitled. It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled or partial claims.

Claims, and all documentation supporting them, should be submitted to the below address only for appropriate consideration and processing:

**Crawford and Co.**
**P.O. Box 806**
**Texas City, Texas 77590**

All claims and documentation substantiating them must be delivered to Crawford and Company at the above address before the claim will be deemed submitted. Claimants may also be required to submit additional information as specified in 33 CFR 136.105-136.329. For further information, Crawford and Company may be contacted toll free at 1-855-276-1275 from 9:00am to 5:00pm CST, Monday-Friday, except holidays.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the DIRECTOR (Ca), NATIONAL POLLUTION FUNDS CENTER, US COAST GUARD STOP 7100, 4200 WILSON BLVD STE 1000, ARLINGTON VA 20598-7100; Phone: 800-280-7118; Fax: 703-872-6113; Claim Information Email: ARL-PF-NPFCClaimsInfo @USCG.mil for consideration.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI
**Case No. 3KN-14-246 CI**
FISHHAWK FISHERIES OF ALASKA, INC. an Alaska corporation, Plaintiff,
vs.
C. Dean Yeasel (deceased), the Unknown Heirs of C. Dean Yeasel and also all other persons or parties unknown claiming a right, title, estate, lien or interest in the real estate described in

**NOTICE BY PUBLICATION**

CSJ: 3510-06-006
PARCEL: 238

STATE OF TEXAS
COUNTY OF HARRIS

**TO: The unknown partners of The Hooks Group, LP, a forfeited Texas limited partnership, whose names and addresses are unknown, if any; and The unknown stockholders of Northwest Aero Service, Inc., a forfeited Texas corporation, General Partner of The Hooks Group LP, a forfeited Texas limited partnership, whose names and addresses are unknown, if any**

You are each hereby notified that a hearing will be held at 10:00 o'clock a.m., on the first Monday after the expiration of forty-two (42) days from the date of issuance hereof, that is to say Monday, the 23rd day of June, 2014, and at the Special Commissioners Conference Room, 222 Pennbright, Ste 310, SPD-ROV, Houston, TX 77090, to assess the damages of the owner of the property being condemned.

The State of Texas filed a *Petition for Condemnation* with the Judge of the County Civil Court at Law No.1 of Harris County, Texas, on the 9th day of January, 2014, in Cause No. 1042556which is styled *The State of Texas v. The Unknown Partners of The Hooks Group, LP, et al.* The Plaintiff is the State of Texas. The Defendants are: **The unknown partners of The Hooks Group, LP, a forfeited Texas limited partnership, whose names and addresses are unknown, if any and The unknown stockholders of Northwest Aero Service, Inc., a forfeited Texas corporation, General Partner of The Hooks Group LP, a forfeited Texas limited partnership, whose names and addresses are unknown, if any, and, if any of them be deceased, their respective heirs and legal representatives, if any.**

The name and address of the attorney for Plaintiff is Sarah J. Munson, Assistant Attorney General, P.O. Box 12548, Austin, Texas, 78711-2548.

This suit is an eminent domain proceeding in which the State of Texas is condemning a tract of land located in Harris County, Texas, containing Harris County, Being a 6.086 acre (265,093 square feet) parcel of land situation in the Elizabeth Smith Survey Abstract No. 70, Harris County, Texas; said 6.086 acre parcel being out of a called 15.49 acre tract conveyed to The Hooks Group LP by the following deeds recorded under Harris County Clerk's File (H.C.C.F.) Nos. of the Official Public Records of Real Property of Harris County (O.P.R.R.P.H.C.): 1.) a deed executed on June 2, 2006 from Charles G. Hooks III, recorded under H.C.C.F. No. 20060065857, Film Code (F.C.) No. 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; 2.) a deed executed on June 2, 2006 from Charles G. Hooks III, recorded under H.C.C.F. No. 20060065858, F.C. No. 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; 3.) a deed executed on June 2, 2006 from Charles G. Hooks III, recorded under H.C.C.F. No. 20060065859, F.C. No. 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; 4.) a deed executed on June 2, 2006 from Charles G. Hooks III, et al, recorded under H.C.C.F. No. 20060065860, F.C. No. 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; 5.) a deed executed on June 2, 2006 from McKeever Partnership, LTD., recorded under H.C.C.F. No. 20060065861, F.C. No. 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; 6.) a deed executed on June 2, 2006 from Chas. G. Hooks & Son, recorded under H.C.C.F. No. 20060065864, F.C. No. 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; 7.) a deed executed on June 2, 2006 from Hookswood

representative of the claimant; and (f) Include as attachments any and all supporting documentation on which the claim is based.

**Please note** a Proof of Claim that is filed (a) under the Joint administration case number (No. 14-10979), (b) against multiple Debtor entities, or (c) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose, as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

**Additional Information.** If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions LLC, Grand Central Station, P.O. Box 4613, New York, New York, 10163-4613, or, by telephone, toll-free at (877) 276-7311.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but otherwise not defined in this section shall have the meanings set forth in the Customer Programs Motion.

[3] As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

[4] Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim; (b) subsequently schedule and designate a claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Debtors' schedules of creditors and assets and liabilities.