

JAMES W. STOLL.
direct dial: (617) 856-8262
fax: (617) 289-0425
JStoll@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

July 8, 2014

**VIA HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court Judge
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

RE: **In re Energy Future Holdings, Corp., et. al. (Case No. 14-10979)**

Dear Judge Sontchi:

   We represent Wilmington Savings Fund Society, FSB ("WSFS") in connection with the above-referenced case. We write concerning a discovery dispute in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay* (the "RSA Motion") [Docket No. 505], filed May 16, 2014. The dispute concerns the Debtors' refusal to provide WSFS, and other parties-in-interest, with a sufficient privilege log, despite weeks of prodding, and specifically, certain of the Debtors' common interest assertions. The Debtors contend that the privilege log they have produced is sufficient. As described more fully below, the Debtors' privilege log is deficient in two respects. First, it fails to meet the requirements of the Federal Rules of Civil Procedure, as a number of the document descriptions do not enable WSFS to test the legitimacy of the Debtors' common interest assertions. Second, based on the scope of the Debtors' asserted common interest and the document descriptions, it is unclear why the Debtors have failed to produce several documents. In light of the extraordinarily expedited schedule imposed by the Debtors, as well as the Debtors' failure to properly advise parties-in-interest as to the status of the RSA Motion, WSFS cannot afford to continue to wait for information that should have been provided at the outset of discovery. Accordingly, WSFS respectfully requests that the Court enter an Order compelling the Debtors to provide additional detail concerning certain of its common-interest assertions, and otherwise produce documents that have been improperly withheld, within three business days of entry of the Order.

   On June 18, 2014, the Debtors sent a letter (the "June 18 Letter") to, among others, WSFS, outlining three categories for which the Debtors asserted the "application of the common interest doctrine. . ."[1] A copy of the June 18 Letter is attached hereto as Exhibit A. Specifically, in the June 18 Letter, the Debtors stated that they were asserting the common interest doctrine for materials shared with "the Equity Sponsors and/or their counsel and advisors in consideration

---

[1] At this time, WSFS is not challenging the scope of the Debtors' common interest claims, but reserves the right to do so at a later time.



The Honorable Christopher S. Sontchi
July 8, 2014
Page 2

of a potential recapitalization and/or restructuring . . . and potential litigation related thereto, and any potential investments in connection therewith, **but excluding** communications regarding purely business communications, the Equity Sponsors' potential recoveries on account of their equity, and any releases of the Equity Sponsors." July 18 Letter at 1. (emphasis in original). The Debtors also stated that they were claiming common interest over materials shared with "the RSA Counterparties and/or their counsel and advisors *arising as of the date of execution of the Restructuring Support Agreement* as to communications relating to legal strategy relating to efforts to confirm the plan set forth in the RSA . . . [including with] the EFIH Unsecured Lenders concerning their shared legal analysis and strategy as to the availability of a makewhole premium under the First and Second Lien indentures. . . ." Id. (emphasis in original).

On June 27, 2014, the Debtors produced a privilege log (the ("Original Privilege Log") to, among others, WSFS. ███████████████████████████████████████ Instead, the Debtors stated ███████████████████████████████████████ The parties-in-interest informed the Debtors that they needed additional information in order to assess the Debtors' assertion of the common interest doctrine. The Debtors agreed to supplement the common interest assertions in the Original Privilege Log.

Thereafter, on June 29, 2014, the Debtors produced an updated privilege log (the "Updated Privilege Log") to address the concerns with the Original Privilege Log. A copy of the Updated Privilege Log is attached hereto as Exhibit B. Although the Debtors did provide additional detail for certain of the entries related to the common interest doctrine, there are still two areas in which the Updated Privilege Log remains deficient. First, in many instances, the descriptions in the Updated Privilege Log are still so vague that the parties cannot identify the basis for the Debtors' common interest assertion.[2] Highlighted excerpts of the problematic entries (the "Highlighted Updated Privilege Log") are attached hereto as Exhibit C. For example, the Debtors state in several entries that the █████████████████████████ ███████████████████████████████████████ See Highlighted Updated Privilege Log at Rows 23(a), 23(b), 25, 65, 65(a), 66, 66(a), 67(a)-(b), 68(a)-(f), 95, 95(a), 123, 123(a), 124, 124(a), 125, 125(a)-(b), 126, 126(a)-(g), 167, 167(a)-(b), 168, 170, 170(b)-(q), 171, 171(a), 172, 172(a), 173, 173(a), 174, 174(a), 175, 175(a), 179, and 243-244. █████ ███████████████████████████████████████ Likewise, in several places the Debtors stated that they withheld documents because they contained █████████ ██████ See Highlighted Updated Privilege Log at Rows 145, 145(a), 146, and 146(a). ███ ███████████████████████████████████████

Second, the Debtors have asserted the common interest doctrine for several documents that the Debtors should produce based on the carveouts included in the June 18 Letter. In the

---

[2] It is clear that the Debtors are able to provide a sufficient level of detail concerning their common interest assertions, when they want to do so. See, e.g., Updated Privilege Log at Rows 35-64.

2



The Honorable Christopher S. Sontchi
July 8, 2014
Page 3

Updated Privilege Log, the Debtors withheld a document stating █████████████████████████████████████████ Updated Privilege Log at Row 15. The Debtors withheld another document stating █████████████████████████████████████ Highlighted Updated Privilege Log at Row 23. In addition, the Debtors withheld a number of documents stating "███████████████████████████████ See Highlighted Updated Privilege Log at Rows 149-164; 170(a). ████████████ See, e.g., Highlighted Updated Privilege Log at Rows 230, 231 and 233.

In the June 18 Letter, the Debtors stated that they would produce documents between them and the Equity Sponsors "regarding purely business communications, the Equity Sponsors' potential recoveries on account of their equity, and any releases of the Equity Sponsors." ████████████████████████████████████████████████ Finally, based on the carveouts provided in the June 18 Letter, ████████████████████.

Fed. R. Civ. P. 26(b)(5) requires the withholding party to describe the withheld documents in a manner that will "enable other parties to assess the claim." The Debtors' claim that the Updated Privilege Log provides the WSFS with sufficient information is wrong. As described above, certain of the entries are so vague as to make it impossible for WSFS to "assess the [Debtors' claim." WSFS and other parties should not have to rely on the Debtors' say so concerning matters of privilege. Rather, WSFS, and the other parties-in-interest, are entitled to a thorough explanation as to why the common interest doctrine applies to the documents and communications claimed by the Debtors, as well as the disclosure of documents that do not fall within the carveouts provided by the Debtors. The time for full and frank disclosure has come. Accordingly, WSFS respectfully requests that the Court enter an Order compelling the Debtors to provide additional detail concerning certain of its common-interest assertions, and otherwise produce improperly withheld documents, as reflected in <u>Exhibit C</u>, within three business days of entry of the Order.

We look forward to discussing this issue with the Court at its earliest convenience.

Respectfully submitted,

/s/ *James W. Stoll*

James W. Stoll

61683403 v1-WorksiteUS-030953/0001

3

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Bridget O'Connor
To Call Writer Directly:
(202) 879-5048
boconnor@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 18, 2014

VIA E-MAIL

J. Christopher Shore
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

Re:   *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979 (Bankr. Del.) – Ad Hoc Group of TCEH Unsecured Creditors Discovery Requests

Dear Chris:

This letter is to follow up on our meet and confer discussion yesterday afternoon regarding the Debtors' application of the common interest doctrine as to certain categories of otherwise privileged materials shared with:

> (1) the Equity Sponsors and/or their counsel and advisors in consideration of a potential recapitalization and/or restructuring of the Company, including, commencement of proceedings under chapter 11 of the United States Bankruptcy Code and potential litigation related thereto, and any potential investments in connection therewith, **but excluding** communications regarding purely business communications, the Equity Sponsors' potential recoveries on account of their equity, and any releases of the Equity Sponsors;

> (2) the EFIH Unsecured Lenders (*i.e.*, Akin, Centerview) and/or their counsel and advisors as to legal analysis of the availability of a makewhole premium under the First and Second Lien indentures; and

> (3) the RSA Counterparties and/or their counsel and advisors *arising as of the date of execution of the Restructuring Support Agreement* as to communications relating to legal strategy relating to efforts to confirm the plan set forth in the RSA. the Equity Sponsors in connection with their shared the legal strategy relating to achieving a successful restructuring, the EFIH Unsecured Lenders concerning their shared legal analysis and strategy as to the availability of a

# KIRKLAND & ELLIS LLP

J. Christopher Shore
June 18, 2014
Page 2

  makewhole premium under the First and Second Lien indentures, and/or with the RSA Counterparties as of the date of the Restructuring Support Agreement in connection with their shared legal interest in confirming the plan set forth in the Restructuring Support Agreement.

We indicated on the call that we would provide you with a copy of the Common Interest/Privilege & Information Sharing Agreement between the Debtors and the Equity Sponsors (dated January 3, 2013), and we are providing that Agreement as an enclosure to this letter.

  **Search Terms.** We also indicated on the call that we would provide to you the search terms and custodians that we have used to identify documents potentially responsive to the TCEH Ad Hoc Group's RSA Assumption Motion-related document requests. That information is as follows:

1. **Search 1:**

    (a) <u>Date Range</u>: January 28, 2014 to April 29, 2014

    (b) <u>Custodians</u>: Keglevic, Horton, Cieri, Hessler, Sassower, Ying, Goldstein

    (c) <u>All e-mails</u> to, from, cc or bcc any e-mail address at one or more of the following domain names:

- @paulweiss.com
- @centerbridge.com
- @msfi.com
- @apollolp.com
- @fortress.com
- @angelogordon.com
- @oaktreecapital.com
- @ozcap.com
- @kingstreet.com
- @paulsonco.com
- @frk.com
- @masoncap.com
- @srz.com
- @millsteinandco.com
- @cwt.com
- @omm.com
- @moelis.com
- @willkie.com

  AND that also contains at least ONE of the following words/phrases:
- RSA
- ("Restructuring Support Agreement")
- ("Plan Support Agreement")

## KIRKLAND & ELLIS LLP

J. Christopher Shore
June 18, 2014
Page 3

2. **Search 2:**

  (a) <u>Date Range</u>: January 28, 2014 to April 29, 2014

  (b) <u>Custodians</u>: Paul Keglevic and Tony Horton.

  (c) <u>All e-mails</u> to, from, cc or bcc any of the above two custodians and to, from, cc or bcc any e-mail address at one or more of the following domain names:

- @kkr.com
- @gs.com
- @tpg.com

AND that also contains at least ONE of the following words:

- Fidelity
- Fido
- RSA
- ("Restructuring Support Agreement")
- ("Plan Support Agreement")
- TSA
- (Tax Sharing Agreement")
- model
- forecast
- projection
- diligence
- (DIP w/2 facilit!)
- (DIP w/2 financ!)
- ("debtor in possession financing" OR "debtor-in-possession financing")
- ("request for approval" or RFP)
- (DIP w/2 budget)
- Exit w/2 (financ! or facilit! or loan!)
- Conver! w/4 (DIP or loan! or financ! or facilit!)
- Equity w/4 (DIP or loan! or financ! or facilit!)

**RSA Assumption Motion Deposition Dates.** Finally, with respect to deposition dates for the witnesses requested in connection with the RSA Assumption Motion, as we have already indicated, Hugh Sawyer is available for deposition on June 26, 2014 at 9 AM. We will make him available at Brown Rudnick's New York offices. David Ying is available for deposition on July 3, 2014 at 9 AM at Kirkland & Ellis's New York offices. We will be in touch soon with a date for Mr. Keglevic. Consistent with the practice for all depositions thus far in the case and in the interest of consistency, we will arrange for the court reporter and videographer for each of these depositions.

\*    \*    \*    \*

## KIRKLAND & ELLIS LLP

J. Christopher Shore
June 18, 2014
Page 4

Please contact me if you have any further questions.

Sincerely,

*/s/ Bridget K. O'Connor*

Bridget K. O'Connor

cc:    Gregory M. Starner, White & Case LLP
       James W. Stoll, Brown Rudnick LLP
       Jeremy B. Coffee, Brown Rudnick LLP
       Aaron B. Laucheimer, Brown Rudnick LLP
       Anthony Princi, Morrison & Foerster LLP
       Charles L. Kerr, Morrison & Foerster LLP
       J. Alexander Lawrence, Morrison & Foerster LLP
       Mark E. McKane, Kirkland & Ellis LLP
       Andrew R. McGaan, Kirkland & Ellis LLP
       David R. Dempsey, Kirkland & Ellis LLP

# EXHIBIT B

# FILED UNDER SEAL

# EXHIBIT C

# FILED UNDER SEAL