IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Related to Docket No. 1500** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING WILMINGTON SAVINGS FUND SOCIETY, FSB TO FILE (I) REDACTED VERSION OF ITS JULY 8, 2014 LETTER AND (II) CERTAIN EXHIBITS TO THE LETTER UNDER SEAL**

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (the "Indenture"), hereby moves this Court (the "Motion"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order, substantially in the form attached hereto as **Exhibit A**, authorizing WSFS to file (i) a redacted version of its July 8, 2014 letter to the Court (the "Letter") regarding the status of discovery related to the pending *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support Agreement and Modifying the Automatic Stay* [Docket No. 505] and (ii) Exhibits B and C to the Letter under seal.

1.    By this Motion, WSFS respectfully requests that the Court enter an Order authorizing WSFS to file a redacted version of the Letter and certain exhibits thereto under seal.

{00874073;v1 }    1

WSFS also seeks an Order directing that the unredacted version of the Letter along with the unsealed exhibits thereto not be made available to anyone except the Court, the Office of the United States Trustee (the "U.S. Trustee"), counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Ad Hoc Group of TCEH Unsecured Noteholders and others upon further Order of the Court.

2. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

3. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

4. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Local Rule 9018-1(b) requires that a party seeking to file documents under seal file a motion to

that effect. DEL. BANKR. L.R. 9018-1(b).

5.   In the Letter, WSFS makes reference to the content of the Debtors' privilege log with respect to the RSA Motion (as amended, the "Privilege Log") and attaches the Privilege Log as Exhibit B to the Letter. Exhibit C to the Letter is certain highlighted excerpts of the Privilege Log. The Privilege Log was produced in connection with the Debtors' production of documents, many of which are designated confidential pursuant to the protective Order that is being negotiated between the parties. While the protective Order is not yet finalized, WSFS understands that the Debtors have concerns as to the public disclosure of information contained in the Privilege Log. Thus, out of an abundance of caution, WSFS seeks to file a redacted version of the Letter and the Privilege Log, attached as Exhibits B and C to the Letter, under seal.

6.   Accordingly, WSFS submits that filing a redacted version of the Letter and certain exhibits thereto under seal is appropriate under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

7.   If the Court grants the relief sought herein, unredacted copies of the Letter along with the unsealed exhibits thereto will be provided only to the Court, counsel to the U.S. Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Ad Hoc Group of TCEH Unsecured Noteholders and others upon further Order of the Court. Contemporaneously herewith, WSFS has filed a redacted version of the Letter on the docket.

8.   No previous request for the relief requested herein has been made to this or any other court.

9.   Notice of this Motion has been provided to (a) the U.S. Trustee; (b) the Debtors; (c) the Official Committee of Unsecured Creditors; (d) the Ad Hoc Group of TCEH Unsecured

Noteholders; and (e) those parties who have requested service pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1. In light of the nature of the relief requested herein, WSFS submits that no other or further notice need be provided.

**WHEREFORE**, for the reasons set forth above, WSFS respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief that the Court deems just and proper.

Dated: July 8, 2014
Wilmington, Delaware

*/s/ Gregory A. Taylor*
ASHBY & GEDDES, P.A.
William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (admitted *pro hac vice*)
Jeremy B. Coffey (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens*

{00874073;v1 }                                    4