# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Objection deadline: TBD** |
| | ) **Hearing Date: TBD** |

## EMERGENCY MOTION FOR ENTRY OF AN ORDER DETERMINING APPLICABILITY OF THE AUTOMATIC STAY TO NON-BANKRUPTCY LITIGATION INVOLVING CERTAIN OF THE DEBTORS

Sierra Club, by and through undersigned counsel, hereby moves this Court (the "*Motion*") for entry of an order pursuant to sections 105 and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*") determining the applicability of the automatic bankruptcy stay imposed under section 362(a)(1) with respect to litigation currently pending in the both the United States District Court for the Western District of Texas (the "*District Court*") and the United States Court of Appeals for the Fifth Circuit (the "*Fifth Circuit*") involving Sierra Club as Plaintiff, and certain of the above-captioned debtors (the "*Debtors*") as Defendants. In further support of this Motion, Sierra Club respectively states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' services address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claim and noticing agent at http://www.efhcaseinfo.com.

2.  The statutory bases for the relief requested herein are sections 105 and 362 of the Bankruptcy Code.

## BACKGROUND

A. **District Court Litigation**

3.  Sierra Club brought a citizen-enforcement suit in the District Court (the "*Enforcement Suit*") against Debtors Energy Future Holdings Corp. ("*EFH Corp.*") and Luminant Generation Company LLC ("*Luminant*," and together with EFH Corp., the "*Defendants*," and collectively with Sierra Club, the "*Parties*"), alleging violations of the Clean Air Act, 42 U.S.C. § 7604. The Enforcement Suit is titled *Sierra Club v. Energy Future Holdings Corp. and Luminant Generation Company LLC*, Case no. 6:12-cv-00108-WSS (W.D. Tex.).

4.  After hearing a three-day trial on the merits, the District Court found in favor of the Defendants and entered a final order in the Enforcement Suit on March 28, 2014 (the "*Final Order*").

5.  Although the issue had not been briefed and neither the Parties nor the District Court addressed the standard for awarding fees to a defendant in a citizen-enforcement suit under the Clean Air Act, the District Court's Final Order adopted a sentence from the Defendants' proposed order stating that an award of fees and costs to the Defendants would be "appropriate."

6.  The Defendants submitted a post-judgment motion for fees and costs pursuant to Fed. R. Civ. P. 54(d) on April 9, 2014 (the "*Fee Motion*").

7.  On April 16, 2014, pursuant to Fed. R. Civ. P. 59(e) and 52(b), Sierra Club moved the District Court to amend the Final Order (the "*Motion to Amend*") on the grounds that an award of fees to the Defendants would be manifestly contrary to settled law.[2]

---

[2]  Prevailing defendants may be awarded attorney and expert fees under 42 U.S.C. § 7604(d) only if the plaintiff's claims were "frivolous, unreasonable, or groundless." The Supreme Court first adopted this standard in

8.  On April 17, 2014, the Sierra Club also filed a motion in the District Court (the "*Motion to Postpone*") requesting that the District Court postpone consideration of the Fee Motion until it had determined the threshold question whether an award of fees is appropriate, which was raised in Sierra Club's Motion to Amend.

9.  Sierra Club also timely appealed the Final Order to the Fifth Circuit by filing a Notice of Appeal on April 28, 2014, Case No. 14-50400 (the "*Appeal*," and collectively with the Fee Motion, the Motion to Amend, and the Motion to Postpone, the "*Clean Air Litigation*").

10. The District Court has not ruled on the Motion to Amend, the Motion to Postpone, or the Fee Motion, and as discussed below, the Appeal has been stayed.

**B.     The Chapter 11 Cases and Subsequent Developments in the Clean Air Litigation**

11. On April 29, 2014 (the "*Petition Date*"), each of the Debtors, including the Defendants, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware thus commencing the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

12. On April 30, 2014, the Debtors filed a notice of automatic bankruptcy stay in the Appeal. In response, the Fifth Circuit has stayed the Appeal.

13. The Debtors also filed a "Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., ET AL. and Automatic Stay of Proceedings" in another Sierra Club

---

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), a civil rights case. It subsequently held that environmental fee statutes, like the Clean Air Act's fee-shifting provision, must be interpreted "in the same manner" as the civil rights fees provisions considered in *Christiansburg*. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986) ("*Delaware Valley*"); accord *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 713 n.1 (1987) ("*Delaware Valley II*"). Thus, a court does not have discretion to require citizen-suit plaintiffs to pay fees just because they lost. In fact, no reported decision has awarded a defendant fees in a Clean Air Act case, and every court to consider whether the *Christiansburg* standard applies to environmental fee-shifting statutes has recognized that it does. *See, e.g.*, *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 931 (7th Cir. 2000) ("Until the Supreme Court suggests otherwise, this court must read 'in the same manner' to mean just that."); *Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1095 (9th Cir. 1999) ("*Delaware Valley* mandates that we apply [to the Endangered Species Act] the civil rights standard for awarding fees to prevailing defendants.").

Clean Air Act enforcement suit currently pending in the United States District Court for the Eastern District of Texas, informing the court in that case of the bankruptcy filing and applicability of the automatic stay.  See Case No. 5:10-cv-156-MHS-CMC (E.D. Tex Apr. 30, 2014) (Doc. 253).

14. However, the Defendants have filed no such notice in the Enforcement Suit pending in the District Court (the Western District of Texas).  In response to inquiries from Sierra Club's counsel, the Defendants have stated that it is their position that the stay extends to any appeal that Sierra Club may take in the Enforcement Suit, and Sierra Club's pending motions before the District Court, but does not extend to their Fee Motion.

15. Reserving their respective arguments, Sierra Club and the Defendants have agreed on multiple occasions to postpone the Clean Air Litigation, including various briefing deadlines set therein.

16. However, recent attempts by Sierra Club to further postpone these deadlines or otherwise stay the Fee Motion by agreement with the Defendants have been unsuccessful.  The Defendants have also reiterated their position that the automatic bankruptcy stay in the Chapter 11 Cases stays all parts of the Clean Air Litigation except for the Fee Motion.

17. Sierra Club's Opposition to the Fee Motion is currently due to be filed with the District Court by August 5, 2014, and its Reply in Support of the Motion to Amend is currently due by August 8, 2014.

## **RELIEF REQUESTED**

18. By this Motion, Sierra Club seeks entry of an order determining the applicability of the automatic bankruptcy stay imposed in the Chapter 11 Cases to the Clean Air Litigation in its entirety and precluding the Debtors from prosecuting the Fee Motion in the District Court until such time as the stay can be lifted to the Clean Air Litigation as a whole.

19. Sierra Club brings this Motion on an expedited basis to avoid the immediate and irreparable harm that it will suffer if it is unable to meet the briefing deadlines imposed by the District Court in the Clean Air Litigation. Sierra Club has worked diligently to come to an agreement with the Defendants as to the applicability of a bankruptcy stay to the Clean Air Litigation; however, the Defendants have recently become uncooperative. Without an expedited hearing, Sierra Club would not be able to obtain the relief it requests until the next omnibus hearing date of August 11, 2014, by which time, the briefing deadlines in the Clean Air Litigation will have passed.

## DISCUSSION

20. The filing of a bankruptcy petition "operates as a stay" of, among other proceedings, all actions against the debtor that commenced before the bankruptcy petition was filed. 11 U.S.C. §362(a)(1). Sierra Club thus understands that the Defendants' bankruptcy filing immediately operated as an automatic stay of all proceedings in this case. Moreover, the Defendants have expressly taken the position that the automatic stay applies to the entire Clean Air Litigation, except for the Fee Motion.

21. Therefore, without guidance from the Bankruptcy Court on the application of the automatic stay in the Chapter 11 Cases, Sierra Club risks violating the stay if it attempts to comply with the current briefing deadlines set by the District Court with respect to the Clean Air Litigation. Moreover, allowing the Fee Motion to go forward while imposing a stay on the rest of the Clean Air Litigation would be inequitable, unnecessarily complicate the Clean Air Litigation, and create additional and unnecessary cost for Sierra Club as well as the Debtors' estates, which would impact all creditors and parties in interest in the Chapter 11 Cases.

22. The position taken by the Defendants places Sierra Club between the proverbial "rock and a hard place." Specifically, assuming the stay does apply, Sierra Club could face

Bankruptcy Court sanctions for making any further filings in this case. *See* 11 U.S.C. § 105(a); *In re Chateaugay Corp.*, 920 F.2d 183, 186-87 (2d Cir. 1990) (noting that contempt proceedings are appropriate for compensation and punishment of willful violations of the automatic stay); *In re SMB Group, Inc.*, BAP CC-11-1610-KIDMK, 2012 WL 5419275, at *9 (B.A.P. 9th Cir. Nov. 7, 2012) ("[A] corporation may recover contempt sanctions for violations of the stay under § 105."). On the other hand, if Sierra Club does not meet upcoming briefing deadlines to avoid being sanctioned for violating the stay, presumably the Defendants will then argue that Sierra Club has waived its rights in the Clean Air Litigation, including the opportunity to oppose to the Fee Motion and reply in support of its Motion to Amend.

23. The Defendants' position – that they can pick and choose which portions of an action are stayed – is inconsistent with bankruptcy law. Where a debtor is a defendant in an action, the entire action is stayed (not just some portion that a debtor finds convenient). *See, e.g.*, *In re White*, 186 B.R. 700, 705 (B.A.P. 9th Cir. 1995) ("An action is 'against the debtor' if it was initiated against the debtor"); *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1982) ("In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor"); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) ("[W]hether an action is 'against the debtor' is determined by examining the debtor's status at the time proceedings were initiated…").

24. There is good reason to prevent excising specific proceedings from larger litigation that is stayed. Allowing the Fee Motion to go forward while the rest of the Clean Air Litigation is stayed would complicate the overall Clean Air Litigation procedurally.[3] Moreover, given the

---

[3] The Federal Rules of Appellate Procedure provide that Sierra Club's existing notice of appeal becomes effective when the District Court has disposed of both the Motion to Amend and the Fee Motion (Fed. R. App. P. 4(a)(4)(B)(i), and that Sierra Club may amend its notice of appeal to include the District Court's orders on those motions. Fed. R. App. P. 4(a)(4)(B)(ii).

substantive overlap involved in these proceedings, should Sierra Club ultimately prevail on its Motion to Amend or the Appeal, the Fee Motion would become moot.

25. The Fee Motion is substantively linked to the both the pending Appeal and the Motion to Amend. The Fee Motion is based on two premises: (1) that Defendants are the prevailing party on the underlying merits in the Enforcement Suit; and (2) that an award of fees is appropriate, which, as argued in Sierra Club's Motion to Amend, requires a showing that Sierra Club's claims were not only unsuccessful, but also "frivolous, unreasonable, or groundless." *See supra* footnote 2. Sierra Club's appeal and pending motions challenge each of these premises.

26. It would be both inequitable and impractical to allow the Fee Motion alone to go forward without resolving those other motions as well. For example, if the District Court determines in resolving the Motion to Amend that Defendants are not entitled to fees at all, Defendants' Fee Motion would be rendered moot. If the Court of Appeals reverses the District Court's finding that the Defendants prevailed on the merits, the Defendants also would have no basis for seeking fees. In either case, the Defendants' prosecution of its potentially moot Fee Motion is likely to be a waste of estate resources and judicial economy.

## NOTICE

27. Notice of this Motion has been given to (a) the Office of the United States Trustee (b) the Debtors, and (c) all parties on the Bankruptcy Rule 2002 service list. In light of the nature of the relief requested, Sierra Club respectfully submits that that no further notice is required.

**WHEREFORE,** the Sierra Club respectfully requests that this Court grant the relief requested herein and such other and further relief as it deems may be just and proper under the circumstances.

Dated:  July 8, 2014                                          Respectfully submitted,

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (DE Bar No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
1201 North Orange Street, Suite 7380
Wilmington, DE  19801
Telephone: (302) 444-6710
Facsimile: (302) 444-6709
Email: marias@restructuringshop.com

*Counsel for Sierra Club*

4818-6426-1660, v.  3