

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 472** |

## ORDER APPROVING EFIH FIRST LIEN SETTLEMENT

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (a) approving the First Lien Settlement on the terms set forth in **Exhibit A** attached hereto and the First Lien Opt-In Materials, and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by, the First Lien Settlement, all as more fully set forth in the Motion; and upon the First Day Declaration, the Ying Declaration, and the *Supplemental Declaration of David Ying, Senior Managing Director of Evercore Group L.L.C., in Support of (1) the EFIH First Lien DIP Motion and (2) the EFIH Settlement Motion* [D.I. 610]; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these chapter 11

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and the Court having found that the Debtors

provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under

the circumstances; and the Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and

the Court having determined that the legal and factual bases set forth in the Motion, including

sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY *and for the reasons set forth at the Hearing,*

ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The First Lien Settlement is hereby approved on the terms set forth in **Exhibit A**
attached hereto and the First Lien Opt-In Materials.

3.    The Debtors are authorized to enter into the First Lien Settlement with (a) the

First Lien RSA Parties on the terms set forth in **Exhibit A** attached hereto and as otherwise set

forth herein and (b) all other holders of EFIH First Lien Notes that elect to participate in the First

Lien Settlement on the terms set forth in the First Lien Opt-In Materials (collectively, the

"Settling EFIH First Lien Note Holders").

4.    The First Lien DMA, including but not limited to the expense reimbursement and

indemnity obligations contained therein, is approved, and the Debtors are authorized to perform

thereunder.

5.    Upon consummation of the First Lien Settlement, any and all claims, rights, and causes of action related to the EFIH First Lien Notes held by Settling EFIH First Lien Note Holders shall be released and extinguished.  As soon as reasonably practicable thereafter, the EFIH First Lien Note Indenture trustee shall, in its customary manner, cancel the EFIH First Lien Notes held by Settling EFIH First Lien Note Holders, provide to the Debtors evidence of such cancellation, and take any such other customary or reasonable actions in connection with the consummation of the First Lien Settlement, including, without limitation, acceptance of certain withdrawals via "Deposit or Withdrawal at Custodian" and confirmation of any drawdown submitted to the EFIH First Lien Note Indenture trustee by The Depository Trust Company in connection with the consummation of the First Lien Settlement.

6.    The Debtors are authorized to take any and all actions necessary to consummate, and to perform any and all obligations contemplated by, the First Lien Settlement and the First Lien Opt-In Materials, including the payment of any fees and expenses related to any of the foregoing.

7.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.    [For the reasons set forth on the record at the hearing,] Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable ~~upon its entry~~ as of June 12, 2014 at 12:01 a.m.

9.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: ___June___, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

4

## EXHIBIT A

**First Lien Settlement Terms of First Lien RSA Parties**

## First Lien Settlement Terms of First Lien RSA Parties

| | |
|---|---|
| **First Lien Settlement Recovery:** | In full satisfaction of their EFIH First Lien Note Claims, the First Lien RSA Parties will exchange their EFIH First Lien Note Claims, including any Alleged First Lien Makewhole Claims, into EFIH First Lien DIP Claims in an amount equal to the greater of: <br><br> (a) (i) 105% of the principal plus (ii) 101% of accrued and unpaid interest at the non-default rate on such principal, through consummation of the EFIH First Lien DIP Facility (deemed to include the original issue discount paid in respect of the EFIH First Lien DIP Facility); and <br><br> (b) (i) 104% of the principal plus (ii) accrued and unpaid interest at the non-default rate on such principal, through consummation of the EFIH First Lien DIP Facility, plus (iii) original issue discount paid in respect of the EFIH First Lien DIP Facility, in connection with the initial syndication of the EFIH First Lien DIP Facility. <br><br> The First Lien RSA Parties will also be entitled to interest (in no event less than LIBOR plus 3.25% with a LIBOR floor of 1.00%) on the EFIH First Lien DIP Facility, but will not be entitled to any other fees (including commitment fees) paid under the EFIH First Lien DIP Facility. |
| **Backstop Commitment:** | PIMCO will fund, in the amount of $1.45 billion, and WAMCO, in the amount of $250 million (each, the "Backstop Amount," and together, the "Backstop Commitment," and such backstopping parties, the "Backstop Parties"), the EFIH First Lien DIP Facility (the "Backstop Financing"). <br><br> • In connection with any loans made under the Backstop Commitment, the Backstop Parties will be entitled to: (a) interest (in no event less than LIBOR plus 3.25% with a LIBOR floor of 1.00%); and (b) original issue discount (equal to the greater of (i) 1.0% or (ii) such original issue discount as may be paid to the EFIH First Lien DIP Lenders), subject to a Clear Market Provision. The "Clear Market Provision" shall mean the requirement that the Settling EFIH First Lien Note Holders not syndicate or attempt to syndicate any portion of their commitment under the EFIH First Lien DIP Facility, prior to the earlier of (x) the date that the lenders under the EFIH First Lien DIP Facility no longer hold any of the EFIH First Lien DIP Facility (i.e., successful syndication date) and (y) June 13, 2014. <br><br> • The Backstop Parties will also be entitled to the following backstop fees (the "Backstop Fees"), upon entry of the final order approving the EFIH First Lien DIP Facility and the funding of any loans pursuant to the Backstop Commitment: <br><br>   ○ a commitment fee of 1.75% for PIMCO and 1.0% for WAMCO, paid in respect of such funded loans; and <br><br>   ○ PIMCO will also receive payment of its reasonable and documented professional fees and expenses. |
| **Effect; Most Favored Nation Provision:** | The First Lien Settlement shall be binding on First Lien RSA Parties in all respects and irrespective of the outcome of any litigation in respect of any other Alleged First Lien Makewhole Claims; provided, however, that if EFIH reaches one or more voluntary settlements with a non-settling holder of EFIH First Lien Notes in the period commencing on the Petition Date and ending on the date on which the EFIH First Lien DIP Facility is fully funded pursuant to a final order entered by the Bankruptcy Court, which provides a higher percentage recovery to a non-settling holder of EFIH First Lien Notes than does the First Lien Settlement, the First Lien Settlement shall be automatically amended to provide such higher percentage recovery to Fidelity and PIMCO. |