## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., e*t al*, | : | Case No: 14-10979(CSS) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors | : | **Hearing Date: July 18, 2014 @ 9:30 a.m.** |
| | : | **Objection Deadline: July 11, 2014 @ 9:30 a.m.** |

**THE UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING WILMINGTON SAVINGS FUND SOCIETY, FSB TO FILE
(I)  REDACTED VERSION OF ITS JULY 8, 2014 LETTER AND
(II) CERTAIN EXHIBITS TO THE LETTER UNDER SEAL PURSUANT TO
11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 (D. I. 1501)**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U. S. Trustee"), by and through her undersigned counsel, hereby files her Objection to the Motion for Entry of an Order Authorizing Wilmington Savings Fund Society, FSB to File (I) Redacted Version of its July 8, 2014 Letter and (II) Certain Exhibits to the Letter under Seal Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 (D. I. 1501) (the "Sealing Motion") and in support thereof states as follows:

### INTRODUCTION

1.      This Court has jurisdiction to hear the above-referenced Objection.

2.      Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to title 11 of the United States Bankruptcy Code.  This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U. S. Trustee

has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.     Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to the above-referenced Objection.

## BACKGROUND

4.     On April 29, 2014, each of the Debtors filed a voluntary Chapter 11 petition.

5.     On May 13, 2014, the U. S. Trustee appointed a statutory committee of unsecured creditors (the "Committee") (D. I. 420).

6.     The Debtors' businesses include the largest generator, distributor, and retail electricity provider in Texas.  EFH conducts substantially all of its business operations in the electricity market overseen by the Electric Reliability Council of Texas which covers the majority of Texas.  The Texas electricity market, in turn, is subject to oversight and regulation by the Public Utility Commission of Texas.  EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors, in three distinct business units, namely electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities, conducted by the TCEH Debtors composing "Luminant"; EFH's retail electricity sales operations and related operations, mainly conducted by the TCEH Debtors composing "TXU Energy"; and EFH's rate-regulated electricity transmission and distribution operations, conducted by Oncor, a non-Debtor.  EFIH indirectly owns approximately 80% of Oncor. (Declaration of Paul Keglevic at Paragraph 6 - D. I. 98).

7.     On July 8, 2014,  Wilmington Savings Fund Society, FSB filed its Motion for Authorization to File (i) a redacted version of its July 8, 2014 letter to the Court (the "Letter")

regarding the status of discovery related to the pending Motion of Energy Future Holdings Corp.,

et al., for Entry of an Order Authorizing the RSA Debtors to Assume the Restructuring Support

Agreement and Modifying the Automatic Stay and (ii) Exhibits B and C to the Letter under seal

because, as WSFS states, (a) WSFS makes reference to the content of the Debtors' privilege log

with respect to the RSA Motion (as amended, the "Privilege Log"), (b) attaches the Privilege

Log as Exhibit B to the Letter, and (c) attaches, as Exhibit C to the Letter, certain highlighted

excerpts of the Privilege Log which Privilege Log was produced in connection with the Debtors'

production of documents, many of which are designated confidential pursuant to the protective

Order that is being negotiated between the parties. Motion at Paragraph 5.

## LAW AND ANALYSIS

**A.     The relief requested in the Sealing Motion reaches beyond the scope of 11 U.S.C. § 107 and the relevant case law and violates the policy of public access to bankruptcy proceedings and records.**

8.     The relief requested in the Sealing Motion reaches beyond the scope of 11 U.S.C. §

107 and the relevant case law and violates the policy of public access to bankruptcy proceedings

and records.

9.     In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), the Supreme

Court stated that "[i]t is clear that the courts of this country recognize a general right to inspect

and copy public records and documents, including judicial records and documents." *Nixon v.

Warner Communications, Inc.*, 435 U.S. 589, 591 (1978). In *Orion Pictures Corp. v. Video

SoftwareDealers Assoc.,* 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as  ". . . a

strong presumption of public access to court records. . . helps safeguard the 'integrity, quality, and respect in our judicial system." *Orion*, 21 F.3d at 26; *see also In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996). In *In re Continental Airlines*, the court noted "...the strong presumption in favor of public access to judicial records and papers...". *In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993).

10.      In *In re Alterra Healthcare Corporation*, 353 B.R. 66 (Bankr. D. Del. 2006), the bankruptcy court was not persuaded by the reorganized debtor's argument that disclosure will impair its ability to  settle future claims, and stated that "documents filed in bankruptcy cases have historically been open to the press and general public." *In re Alterra,* 353 B. R. at 71. In *Alterra*, this Court recognized that the information sought to be sealed did not fall within the prescriptions of Section 107(b) as stated that:

> The Reorganized Debtor argues that the information contained in the settlement agreements is confidential or commercial information within the meaning of section 107(b). The Reorganized Debtor asserts that disclosure of the information would (1) create an unfair advantage to unsettled claimants; (2) cause harm to unsecured creditors; (3) disadvantage the claimants who already settled; (4) provide competitors an unfair advantage through knowledge of its tort claims settling process; (5) hinder its ability to obtain insurance coverage; and (6) result in negative publicity. The Court finds the proffered assertions unpersuasive.

*In re Alterra*, 353 B.R. at 75.

11.      In the bankruptcy context, limited exceptions to the general rule are contained in the Bankruptcy Code and Bankruptcy Rules.  Section 107 provides in pertinent part that:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and

4

the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge.

(b)  On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-

(1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.  (Emphasis added).

11 U.S.C. § 107.

12.    As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code section 107 and Fed. R. Bankr. P. 9018 demonstrating  ". . . that the interest in secrecy outweighs the presumption in favor of access."  *See In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993)[1].  The relevant inquiry, therefore, is whether the matter sought to be placed under seal fits within any of the categories included within either of Section 107(b) or Fed. R. Bankr. P.  9018. There is no showing in the Sealing Motions that the information sought to be protected falls within any of the enumerated categories.

13.    In *Orion*, the court defined commercial information as: ". . . information which would cause an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion,* 21 F. 3d at 27.

14.    In *In re Foundation for New Era Philanthropy,* No. 95-13729, 1995 WL 478841

---

[1] F.R.B.P. 9018 essentially incorporates the substance of Section 107(b), and adds ".  .  .  governmental matters that are made confidential by statute or regulation" to the type of matters subject to seal.   This item is not applicable in the present case since no governmental matters are implicated.

(Bankr. E.D. Pa. 1995), the court observed:

> [Section 107(b)] was not intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional and policy concerns . . . . Full disclosure of bankruptcy records may help insure that the bankruptcy statute is applied effectively in this case. It may also assist governmental entities in the performance of their duties *vis-a-vis* this debtor and its officers . . . . Thus, there are significant public concerns which favor full public access to all documents filed in this case. Id. at *4, 6.

**B.     The Information Sought to be Sealed Should be tailored to comply with 11 U.S.C. § 107**

15.     As has been stated in prior objections, there is little if any indication or evidence in the Sealing Motion that the information sought to be redacted or sealed consists of proprietary or confidential commercial information, trade secrets, or that the disclosure of the information may expose a person to scandalous or defamatory matters.

16.     In these cases, the information sought to be sealed has merely been deemed to be "confidential" or "highly confidential" without the requisite showing by any party that the information sought to be sealed complies with or is contemplated to be the type of information that is sealed under 11 U.S.C. § 107(b). Any sealing of such information or documents should be specifically tailored to comply with Section 107(b).

17.     The Third Circuit may not have addressed Section 107(b) or Fed. R. Bankr. P. 9018, but it has examined the common law right of public access in the context of confidential settlement agreements and has "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute . . . " *Pansy v. Borough of Stroudsburg*, 23

F. 3d 772, 780-81 (3d Cir. 1994)[2].  In the present cases, the movants provide no evidence that the

Sealing Motions comply with  Fed. R. Bankr. P.  9018 nor satisfies the standards set forth in

Section 107(a). Therefore, the Sealing Motions should be denied as presented.

18.    The moving parties here bear the burden of showing that the information is

confidential. *In re Food Mgmt. Group*, LLC, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007); *see*

*also, In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movants

"must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food*

*Mgmt. Group*, 359 B.R. at 561 (citing *Orion*, 21 F.3d at 27); *see also, Publicker Indus., Inc. v.*

*Cohen*, 733 F.2d 1059 (3d Cir. 1984) (The party seeking to seal any part of a judicial record

bears the heavy burden of showing (1) that the material is the kind of information that courts will

protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking

closure.). Before sealing the record, the court must be able to articulate the compelling

countervailing interests to be protected, make specific findings on the record concerning the

effects of the disclosure, and provide an opportunity for interested third parties to be heard. *Id.* at

1072.

19.    Additionally, in order to establish that the documents should be sealed and, thus,

shielded from public view, the moving party must "clearly define []" the "serious injury" that

would ensue from public disclosure of the documents.  *In re Cendant Corp.*, 260 F.3d 183, 194

(3d Cir. 2001). Vague allegations that public access to documents would cause hardship are not

---

[2] Even if the moving parties can demonstrate that some of the information may contain material which may be protected under section 107(b) or Fed. R. Bankr. P.  9018, the relief granted should be narrowly tailored. *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).

sufficient to defeat the clear public policy embodied in Section 107(a). *Id*. "In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." *Fibermark*, 330 B.R. at 503-04 (citing *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993))

20.    The U. S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE the U. S. Trustee requests that the Court denies the Sealing Motion consistent with this Objection and/or grant such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DEANGELIS**
**UNITED STATES TRUSTEE**

BY:    /s/Richard L. Schepacarter
Richard L. Schepacarter
Andrea B. Schwartz
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax
Email: Richard.Schepacarter@usdoj.gov
Dated: July 10, 2014                    Email: Andrea.B.Schwartz@usdoj.gov