## WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150
TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

MARTIN LIPTON
HERBERT M. WACHTELL
LAWRENCE B. PEDOWITZ
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
STEVEN A. ROSENBLUM
STEPHANIE J. SELIGMAN
JOHN F. SAVARESE
SCOTT K. CHARLES
DAVID S. NEILL

JODI J. SCHWARTZ
ADAM O. EMMERICH
GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
STEVEN A. COHEN
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER

MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING
DAVID B. ANDERS
ANDREA K. WAHLQUIST
ADAM J. SHAPIRO
NELSON O. FITTS
JOSHUA M. HOLMES

DAVID E. SHAPIRO
DAMIAN G. DIDDEN
ANTE VUCIC
IAN BOCZKO
MATTHEW M. GUEST
DAVID E. KAHAN
DAVID K. LAM
BENJAMIN M. ROTH
JOSHUA A. FELTMAN
ELAINE P. GOLIN
EMIL A. KLEINHAUS
KARESSA L. CAIN
RONALD C. CHEN
GORDON S. MOODIE
DONGJU SONG
BRADLEY R. WILSON
GRAHAM W. MELI
GREGORY E. PESSIN
CARRIE M. REILLY
MARK F. VEBLEN

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

OF COUNSEL

WILLIAM T. ALLEN
PETER C. CANELLOS
DAVID M. EINHORN
KENNETH B. FORREST
THEODORE GEWERTZ
MAURA R. GROSSMAN
RICHARD D. KATCHER
THEODORE A. LEVINE
DOUGLAS K. MAYER
ROBERT B. MAZUR

PHILIP MINDLIN
ROBERT M. MORGENTHAU
BERNARD W. NUSSBAUM
ERIC S. ROBINSON
PATRICIA A. ROBINSON*
MICHAEL W. SCHWARTZ
ELLIOTT V. STEIN
WARREN R. STERN
PATRICIA A. VLAHAKIS
AMY R. WOLF

* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

DAVID M. ADLERSTEIN
AMANDA K. ALLEXON
LOUIS J. BARASH
DIANNA CHEN
ANDREW J.H. CHEUNG
PAMELA EHRENKRANZ
KATHRYN GETTLES-ATWA
PAULA N. GORDON

NANCY B. GREENBAUM
MARK A. KOENIG
J. AUSTIN LYONS
ALICIA C. McCARTHY
SABASTIAN V. NILES
AMANDA N. PERSAUD
JEFFREY A. WATIKER

Direct Dial: (212) 403-1332
Direct Fax: (212) 403-2332
E-Mail: EAKleinhaus@wlrk.com

July 10, 2014

**BY ECF AND HAND DELIVERY**

Hon. Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801-4917

  Re: *In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del.) (CSS)

Dear Judge Sontchi:

  We and Morris Nichols represent TPG Capital, L.P. ("TPG"), along with associated entities holding direct or indirect equity interests in Energy Future Holdings Corp., in connection with the above-captioned chapter 11 cases. On behalf of TPG, we write to respond to the Committee's assertion in its *Status Report of the Official Committee of Unsecured Creditors Concerning Discovery* [D.I. 1496] that it should not have to "negotiate separately" with TPG and its counsel in order to obtain documents from Michael MacDougall, a TPG employee who serves as a director of EFH and TCEH. Status Report at 10.

  *First*, while the Committee has incorrectly asserted that it can bypass TPG and its counsel in seeking TPG documents, there is currently no live dispute regarding the Committee's document requests that implicates that incorrect assertion. From the outset of these cases, the EFH equity owners, including TPG, have received discovery requests from various creditor groups. In each instance, the EFH equity owners have responded promptly to the requests and have agreed to produce documents on an expedited basis. The same is true with regard to the

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Christopher S. Sontchi
July 10, 2014
Page 2

Committee's recent discovery requests. As counsel to TPG, we learned on Friday evening, June 27, that the Committee was seeking TPG documents in connection with the RSA Assumption Motion. One business day later, on June 30, TPG produced broad categories of documents in response to the Committee's requests and agreed to conduct additional searches. Since then, TPG has expanded its search parameters in a further effort to avoid any dispute with the Committee. In light of TPG's voluntary production in response to the Committee's requests, there is no need for judicial intervention.

*Second*, the Committee's position that it can obtain TPG documents by serving document requests on the Debtors is contrary to settled law. The Court of Appeals for the Third Circuit has held that "[i]n the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce." *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988). The Court of Appeals has also agreed that "control" of documents is defined not as the "practical ability" to obtain them — the standard asserted by the Committee (Status Report at 10 n.13) — but as "the legal right to obtain the documents requested on demand." *Id.* (quoting *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)); *accord Cradle IP LLC v. Texas Instruments, Inc.*, 2013 WL 1794992, at *1 (D. Del. Apr. 29, 2013); *Inline Connection Corp. v. AOL Time Warner Inc.*, 2006 WL 2864586, at *2 (D. Del. Oct. 5, 2006). Here, TPG has possession and control over Michael MacDougall's documents, including his emails and files relating to TPG's investment in EFH. The Debtors, by contrast, have no legal right to obtain documents held by EFH equity owners that are in no sense "alter egos" of EFH. *E.g.*, *Gerling Int'l*, 839 F.2d at 140. With the exception of the Committee, all other creditor groups have recognized this and directed requests for TPG documents to TPG and its counsel.

In sum, given that TPG and Mr. MacDougall have been entirely cooperative in responding to discovery requests, the Committee has raised an issue that has no current real-world significance. Should the Court conclude that there is a dispute that requires resolution, however, TPG respectfully requests that it be permitted to brief these issues fully prior to any decision by the Court. The legal issue raised by the Committee is important to TPG and should be addressed by the Court only if necessary after appropriate briefing and argument.

Respectfully submitted,

Emil A. Kleinhaus (admitted *pro hac vice*)

Derek C. Abbott
Morris, Nichols, Arsht & Tunnell LLP

*Counsel for TPG Capital, L.P.*