# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 1044, 1121 |

## AGREED ORDER GRANTING MOTION OF
## GABRIEL ROBERSON FOR RELIEF FROM THE AUTOMATIC STAY

Upon the amended motion (the "Motion")[2] of Gabriel Roberson ("Roberson"), for entry

of an agreed order (this "Agreed Order"), granting limited relief from the automatic stay as to the

Debtor Luminant Generation Company LLC ("Luminant Generation"), an affiliate of the above-

captioned debtors and debtors-in-possession (collectively with Luminant Generation, the

"Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this

district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief

requested in the Motion is in the best interests of Luminant Generation's estate, its creditors, and

other parties in interest; and the Court having found that Roberson provided appropriate notice of

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The
location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large
number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the
debtors and the last four digits of their federal tax identification numbers is not provided herein.  A
complete list of such information may be obtained on the website of the debtors' claims and noticing
agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to
them in the Motion.

the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Roberson is granted limited relief from the automatic stay solely as to Luminant Generation to adjudicate the pending state court action as set forth in the Amended Original Petition filed February 14, 2014 by Roberson against Luminant Generation and other unaffiliated, non-Debtor entities with the 4th District Court in and for Rusk County, Texas (the "State Court Action") to liquidate its claims against Luminant Generation and its claims against other unaffiliated, non-Debtor defendants to the State Court Action.

3.      The effect of this Agreed Order is limited only to permit the adjudication of claims set forth in the State Court Action, and Roberson shall take no further action to collect, liquidate, or foreclose against any of Luminant Generation's property or the property of any affiliated Debtors for the duration of the Debtors' cases without further leave of this Court.

4.      In the event a judgment is entered in the State Court Action against Luminant Generation, Roberson shall be permitted to pursue payment from the liability insurance policy (the "Insurance Policy"), as set forth in the Motion, without further leave of this Court, to the extent that coverage is available; *provided, however,* Luminant Generation, and its Debtor and non-Debtor affiliates, shall have no obligation to satisfy any amounts due and owing, for which funds are unavailable, under the Insurance Policy.

5.      Notwithstanding anything herein to the contrary, the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect with respect to any self-insured retention, deductible, obligation to post any security or deposit with an applicable insurer ("Insurer") pursuant to the terms of any insurance policy or otherwise, defense costs, or any other costs or liability of any kind including, without limitation, any claims by Insurers, other insurance companies, or other parties asserting claims against Luminant Generation, its estate, or its successors related to the State Court Action or claims arising from or related thereto due to the limited relief of the automatic stay provided herein.

6.      Notwithstanding anything else contained in this Agreed Order, Roberson hereby waives all rights to any claim for damages against Luminant Generation, its Debtor and non-Debtor affiliates, and their estates related to the State Court Action; *provided, however*, that Roberson shall have the right to recover proceeds of the Insurance Policy, in the event a judgment is entered in the State Court Action against Luminant Generation.

7.      Roberson hereby fully, finally, and forever releases and discharges his right to collect from Luminant Generation, its Debtor and non-Debtor affiliates and/or their estates, or their respective officers, directors, employees, agents and attorneys for any and all actions, claims (whether prepetition unsecured claims, priority, administrative or other postpetition/administrative claims), causes of action, setoffs, and liabilities for any obligations relating in any way to the State Court Action.

8.      Any and all proofs of claim filed by Roberson in these chapter 11 cases are disallowed and expunged for all purposes, and Roberson shall not be entitled to receive any distributions from the Debtors in these chapter 11 cases under a plan of reorganization or otherwise on behalf of such claim.

3

9.    Roberson shall file a notice of this Agreed Order in the court in which the State Court Action is pending within five (5) business days after the entry of this Agreed Order.

10.    The Debtors are not waiving and shall not be deemed to have waived any available defenses, including at law, equity, or otherwise with respect to the State Court Action.

11.    Nothing in this Agreed Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party to this Agreed Order regarding any claim or right that such party may have against another party, including with respect to any claims or rights arising from or related to the State Court Action.    No negotiations or writings in connection with this Agreed Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party to this Agreed Order regarding any claim or right that such party may have against another party, including with respect to any claims or rights arising from or relating to the State Court Action.

12.    Each of the parties to this Agreed Order hereto represents and warrants that:  (a) it is duly authorized to enter into and be bound by this Agreed Order; and (b) it is represented by counsel and has full knowledge of, and has consented to, this Agreed Order.

13.    This Agreed Order shall be deemed to have been drafted jointly by the parties to this Agreed Order, and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

14.    This Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

15.    The stay of this Agreed Order pursuant to the Fed. R. Bankr. P. 4001(a)(3) is hereby waived and the relief granted in this Agreed Order is effectively immediately.

4

16.     This Agreed Order shall remain in full force and effect notwithstanding the conversion of this case to another chapter.

17.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Agreed Order.

*[The remainder of page is intentionally blank.]*

RLF1 10507519v.1

**SO AGREED.**

**LUMINANT GENERATION COMPANY LLC**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
**RICHARDS, LAYTON & FINGER, PA**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

*Proposed Co-Counsel to*
*Luminant Generation Company LLC*

-and-

**GABRIEL ROBERSON**

*/s/ James F. Bailey*
James F. Bailey, Esq.
3 Mill Road, Suite 306A
Wilmington, Delaware 19806
Telephone: (302) 658-5686
Email:  jbailey@jfbailey.com

*Counsel to Gabriel Roberson*

**SO ORDERED:**

Dated: July *14*, 2014
          Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

6