# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>    *Debtors*. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Related to Docket No. 1572 |
| CSC TRUST COMPANY OF<br>DELAWARE, as INDENTURE TRUSTEE,<br><br>    *Plaintiff*,<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE<br>HOLDING COMPANY LLC and<br>EFIH FINANCE INC.,<br><br>    *Defendants*. | Adv. Pro. No. 14-50363 (CSS)<br><br>Related to Adv. Pro. Docket No. 80 |

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE AND COLLATERAL TRUSTEE, TO FILE (I) AN UNREDACTED VERSION OF ITS JULY 15, 2014 LETTER AND (II) CERTAIN EXHIBITS TO THE LETTER UNDER SEAL

CSC Trust Company of Delaware ("CSC Trust"), as (i) Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% Notes" and the holders of such notes, the "10% Noteholders") issued by the EFIH Debtors (as defined below) under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), and (ii) as Collateral Trustee (the "Collateral Trustee") under that certain Collateral Trust Agreement,

52881/0001-10801775v1

dated as of November 16, 2009, among EFIH, CSC Trust, as successor first lien trustee (the "First Lien Trustee"), the other Secured Debt Representatives from time to time party thereto, and CSC Trust, as successor Collateral Trustee (the "Collateral Trust Agreement"), hereby submits this motion (the "Motion") for entry of an order pursuant to sections 105 and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing CSC Trust to file (i) an unredacted version of its July 15, 2014 letter to the Court (the "Letter") regarding current discovery disputes between CSC Trust and the Ad Hoc Committee of EFIH Unsecured Noteholders concerning the Makewhole Litigation and (ii) Exhibits D through I to the Letter under seal.[1]  In support of this Motion, CSC Trust represents as follows:

**BACKGROUND TO MOTION**

1.   Concurrently with the filing of this Motion, CSC Trust is filing the redacted Letter.  The Letter contains information obtained from deposition testimony of David Ying and Jeffrey G. Rosenbaum given in connection with the EFIH Debtors chapter 11 cases.  The entirety of each of the aforementioned deposition transcripts has been designated as confidential. Additionally, CSC Trust attached as exhibits to the Letter documents produced in discovery to CSC Trust that have been marked as "confidential" or "highly confidential."  CSC Trust does not at this stage take a position as to whether any of the testimony or exhibits are confidential. However, pursuant to an agreement by the parties to abide by a draft protective order concerning

---

[1] Capitalized terms not defined in this Motion shall have the meaning given to them in the Letter.

discovery pending negotiation and entry of the protective order, CSC Trust requests permission to file under seal the materials designated as confidential. CSC Trust has redacted the references, quotations, and citations of the deposition testimony and documents in the Letter filed on the docket and has filed the referenced transcripts and documents (the "Exhibits") under seal.[2]

## RELIEF REQUESTED

2. By this Motion, CSC Trust respectfully requests that this Court enter an order authorizing CSC Trust to file the unredacted Letter, including the Exhibits, under seal and directing that the unredacted Letter and Exhibits remain under seal, confidential, and not be made available to anyone, except (a) counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders, (b) counsel to the EFIH Debtors, and (c) the Office of the United States Trustee, except as otherwise ordered by the Court.[3]

## BASIS FOR RELIEF REQUESTED

3. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

---

[2] CSC Trust reserves all rights to seek relief from the Bankruptcy Court to unseal the information designated as "confidential."

[3] A copy of the unredacted Letter and Exhibits will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b). A copy of the unredacted Letter and Exhibits is also being provided to (a) counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders, (b) counsel to the EFIH Debtors, and (c) the Office of the United States Trustee.

3

    (2)  protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

    4.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides, in part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

    5.     Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application."  See In re Orion Pictures Corp., 21 F.3d at 27.

    6.     The information redacted from the Letter consists of deposition testimony and references to documents that parties-in-interest in the EFIH Debtors' chapter 11 cases have designated as "confidential" or "highly confidential."  Although CSC Trust does not necessarily agree with this characterization, in accordance with the agreement of the parties pending entry of a stipulated protective order, CSC Trust is required to file under seal the materials designated as "confidential."

7. In accordance with these confidentiality obligations, CSC Trust requests that the Letter and Exhibits be filed under seal.

**NOTICE**

8. Notice of this Motion will be provided by electronic mail and first class mail to: (a) counsel for the Ad Hoc Committee of EFIH Unsecured Noteholders; (b) counsel to the EFIH Debtors; (c) the Office of the U.S. Trustee for the District of Delaware; (d) counsel for the Official Committee of Unsecured Creditors; (e) all parties to the Makewhole Litigation (as defined in the Letter); and (f) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, CSC Trust submits that no other or further notice is necessary.

WHEREFORE, CSC Trust respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing CSC Trust to file the unredacted Letter, including the Exhibits, under seal and granting such other and further relief as is justified and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 15, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/ Nicholas J. Brannick*

| | |
|---|---|
| Norman L. Pernick (No. 2290) | Warren A. Usatine |
| J. Kate Stickles (No. 2917) | 25 Main Street, |
| Nicholas J. Brannick (No. 5721) | P.O. Box 800 |
| 500 Delaware Avenue, Suite 1410 | Hackensack, NJ 07602 |
| Wilmington, DE 19801 | Telephone: 201-489-3000 |
| Telephone: 302-652-3131 | Facsimile: 201-489-1536 |
| Facsimile: 302-652-3117 | |

-and-

WILMER CUTLER PICKERING
HALE AND DORR LLP
Philip D. Anker
Charles C. Platt
Dennis L. Jenkins
George W. Shuster, Jr.
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888

-and-

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141

*Counsel for CSC Trust Company of Delaware, as successor indenture trustee*