**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | )<br>)  Chapter 11<br>)<br>)  Case No. 14-10979 (CSS)<br>)<br>)  (Jointly Administered)<br>)<br>)  Related to Docket Nos. 1572 and 1573 |
| CSC TRUST COMPANY OF<br>DELAWARE, as INDENTURE TRUSTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE<br>HOLDING COMPANY LLC and<br>EFIH FINANCE INC.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Pro. No. 14-50363 (CSS)<br>)<br>)  Related to Adv. Pro. Docket Nos. 80 and 81<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE AND COLLATERAL TRUSTEE, TO FILE (I) AN UNREDACTED VERSION OF ITS JULY 15, 2014 LETTER AND (II) CERTAIN EXHIBITS TO THE LETTER UNDER SEAL**

CSC Trust Company of Delaware ("CSC Trust"), as (i) Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% Notes" and the holders of such notes, the "10% Noteholders") issued by the EFIH Debtors (as defined below) under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), and (ii)

1

as Collateral Trustee (the "Collateral Trustee") under that certain Collateral Trust Agreement, dated as of November 16, 2009, among EFIH, CSC Trust, as successor first lien trustee (the "First Lien Trustee"), the other Secured Debt Representatives from time to time party thereto, and CSC Trust, as successor Collateral Trustee (the "Collateral Trust Agreement"), hereby submits this motion (the "Motion") for entry of an order setting an expedited hearing for and shortening the notice period on its motion for an order authorizing it to file (i) an unredacted version of its July 15, 2014 letter to the Court regarding current discovery disputes between CSC Trust and the Ad Hoc Committee of EFIH Unsecured Noteholders (the "Discovery Letter") and (ii) Exhibits D through I to the Discovery Letter under seal (the "Motion to Seal")[1] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In further support hereof, CSC Trust respectfully represents as follows:

**Relief Requested and Basis for Relief**

1.     By this Motion, CSC Trust respectfully requests the entry of an Order shortening the notice period and setting the Motion to Seal for hearing on July 18, 2014 at 9:30 a.m. and establishing a shortened deadline for responding to the Motion to Seal.

2.     Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).  Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion to Seal or the Discovery Letter, as applicable.

2

shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

3. The facts justify shortening notice and the relief requested herein should be granted. By the Motion to Seal, CSC Trust seeks entry of an order authorizing it to file the unredacted Discovery Letter and certain accompanying Exhibits under seal. Because the dispute that is the subject of the Discovery Letter is scheduled for hearing on July 18, 2014 at 9:30 a.m., CSC Trust submits that the Motion to Seal should be heard on, or prior to, the July 18 hearing. A delay in scheduling the Motion to Seal until the next regularly scheduled omnibus hearing on August 11, 2014 would result in a hearing date after the hearing on the underlying dispute.

4. Moreover, CSC Trust submits that no one will be prejudiced by a hearing on shortened notice, nor surprised by the Motion to Seal seeking to file the Discovery Letter in redacted form and seeking to file certain Exhibits under seal because those Exhibits have been designated as confidential by the parties that produced them and by the parties' whose witnesses were deposed. Consequently, CSC Trust submits that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

**<u>Notice</u>**

5. To ensure that all parties receive timely notice, notice of this Motion will be provided by electronic mail and first class mail to: (a) counsel for the Ad Hoc Committee of

52881/0001-10801806v1

EFIH Unsecured Noteholders; (b) counsel to the EFIH Debtors; (c) the Office of the U.S. Trustee for the District of Delaware; (d) counsel for the Creditors' Committee; (e) all parties to the Makewhole Litigation (as defined in the Discovery Letter); and (f) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, CSC Trust submits that no other or further notice is necessary.

WHEREFORE, CSC Trust respectfully requests that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing on the Motion to Seal on July 18, 2014 at 9:30 a.m. (prevailing Eastern Time); (ii) permitting responses or objections to the Motion to Seal to be presented at the hearing; and (iii) granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 15, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/ Nicholas J. Brannick*

| | |
|---|---|
| Norman L. Pernick (No. 2290) | Warren A. Usatine |
| J. Kate Stickles (No. 2917) | 25 Main Street, |
| Nicholas J. Brannick (No. 5721) | P.O. Box 800 |
| 500 Delaware Avenue, Suite 1410 | Hackensack, NJ 07602 |
| Wilmington, DE 19801 | Telephone: 201-489-3000 |
| Telephone: 302-652-3131 | Facsimile: 201-489-1536 |
| Facsimile: 302-652-3117 | |

-and-

WILMER CUTLER PICKERING
HALE AND DORR LLP
Philip D. Anker
Charles C. Platt
Dennis L. Jenkins
George W. Shuster, Jr.
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888

-and-

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141

*Counsel for CSC Trust Company of Delaware,
as successor indenture trustee*

52881/0001-10801806v1