## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 1506** |

### DEBTORS' OBJECTION TO SIERRA CLUB'S MOTION FOR ENTRY OF AN ORDER DETERMINING APPLICABILITY OF THE AUTOMATIC STAY TO THE ATTORNEYS' FEES CLAIM ASSERTED BY DEBTORS IN NON-BANKRUPTCY LITIGATION

The above-captioned debtors and debtors in possession object to Sierra Club's motion requesting the entry of an order determining the applicability of the automatic stay to the attorneys' fees claim asserted by Energy Future Holdings Corp. and Luminant Generation Company LLC (collectively, "Luminant") against Sierra Club in non-bankruptcy litigation (Sierra Club's "Stay Motion") [D.I. 1506].

### Preliminary Statement and Summary

1.      Sierra Club's Stay Motion [D.I. 1506] fails to come to grips with the basic distinction between claims asserted *against* a debtor and claims asserted *by* a debtor. The automatic stay applies to the former. It does not apply to the latter. This is true even when both types of claims are asserted within a single case.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.      Sierra Club's appeal to the Fifth Circuit Court of Appeals concerns claims Sierra Club asserted *against* Luminant; so everyone agrees the automatic stay applies to the pending appeal. Luminant's claim for attorneys' fees, on the other hand, is a claim asserted *by* Luminant against Sierra Club for money owed to Luminant. Thus, as a legal matter, the automatic stay does not bar the parties or the District Court from moving forward with Luminant's claim for attorneys' fees. And Luminant has consistently communicated to Sierra Club and the District Court its position that the automatic stay does not apply to the attorneys' fees claim or to Sierra Club's two motions challenging the fee award (Sierra Club's Motion to Amend the Fee Determination and Motion to Postpone).

3.      Additionally, as a practical matter, there is no reason to further delay the resolution of Luminant's claim for attorneys' fees—the sole issue still pending before the District Court. Prior to the bankruptcy filing, the District Court had already disposed of most of the underlying case, including entering a final judgment against Sierra Club on all of its claims against Luminant and determining that an award of attorneys' fees to Luminant is appropriate. Luminant's affirmative claim for attorneys' fees is thus the only remaining claim for the District Court to resolve, and Luminant has already filed its motion for fees and supporting evidence. Because the automatic stay does not apply to Luminant's affirmative claims, the District Court should be allowed to proceed in resolving this final piece of the litigation—entering an order that resolves any disputes over Luminant's claim for attorneys' fees.

4.      Given that the automatic stay does not apply to Luminant's claim for fees, Sierra Club's instant Stay Motion appears to be nothing more than an improper attempt to delay the District Court's adjudication of the attorneys' fee dispute.

RLF1 10522453v.1

## Background

5.      In May 2012, Sierra Club sued Luminant in the Western District of Texas, alleging that the Big Brown Plant in Texas had unlawfully exceeded a regulatory limit on the opacity of the plant's emissions and exceeded a regulatory limit on the plant's total particulate matter.  Immediately following a bench trial in February 2014, the District Court issued its oral ruling rejecting all of Sierra Club's claims.  Later that month, on February 28, 2014, the District Court issued detailed findings of fact, detailed conclusions of law, and a final judgment in favor of Luminant and denying all relief requested by Sierra Club.  As part of its findings of fact and conclusions of law, the District Court further determined that an award of attorneys' fees, expert witness fess, and costs to Luminant was appropriate under the Clean Air Act's fee-shifting provision, and the District Court ordered Luminant to file its fees motion and supporting evidence within 14 days.  On April 9, 2014 (prior to the bankruptcy filing), Luminant filed its motion for fees and supporting evidence as required by the District Court (the "Fees Motion").[2]

6.      As to the claims asserted *against* Luminant, Sierra Club filed an appeal with the United States Court of Appeals for the Fifth Circuit challenging the District Court's dismissal of those claims (the "Fifth Circuit Appeal").  All parties agree that the Fifth Circuit Appeal is subject to the automatic stay, and none of Sierra Club's offensive claims remains pending in the District Court.

---

[2] Sierra Club's discussion of the fee-shifting standard under 42 U.S.C. § 7604(d) (Mot. at 2 n.2) is misleadingly incomplete and, in any event, irrelevant to the Court's resolution of the Stay Motion.  In the Fifth Circuit, a district court may award fees to a prevailing Clean Air Act defendant whenever the court determines an award would be appropriate.  *See Bentley v. Fanguy*, 396 F. App'x 130, 131–32 (5th Cir. 2010) (per curiam); *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1176 (5th Cir. 1987).  Moreover, the District Court's decision to award Luminant its attorneys' fees was correct even under the *Christianburg* standard, as Luminant explained at length in its briefing in support of its Fees Motion.  But all of this is beside the point.  The propriety of the District Court's decision to award attorneys' fees to Luminant is not at issue here.

7.      As to the attorneys' fees claim asserted *by* Luminant against Sierra Club, Sierra Club has been trying to delay or prevent any ruling by the District Court on the Fees Motion since well before the Debtors' chapter 11 filing.  On April 16, 2014, Sierra Club asked the District Court to amend its finding and conclusion that fees should be awarded to the Luminant ("Motion to Amend Fee Determination").  The next day, on April 17, 2014, Sierra Club filed a motion asking the District Court to postpone considering Luminant's Fee Motion ("Motion to Postpone").[3]  Then, after Luminant and the other debtors filed their chapter 11 petition in this Court, Sierra Club took the position that the automatic stay applied to Luminant's *affirmative* claim for attorneys' fees.  *See* Stay Motion at ¶ 20.

8.      Originally, Sierra Club's response to the Fees Motion was due on May 7, 2014, but Luminant has agreed to two requested postponements of Sierra Club's deadline.  Notably, Luminant made clear to both Sierra Club and the District Court in connection with those extensions that: "[Luminant does] not believe the stay applies to the Court's determination of fees and costs (including the motion to amend that relates only to the fees and costs)."  *See* Exhibits A and B.  Most recently, on May 21, 2014, the District Court entered an agreed order (1) setting August 5, 2014 as the deadline for Sierra Club to file its response to the Fees Motion and (2) setting August 8, 2014 as the deadline for Sierra Club to file its reply brief in support of its Motion to Amend Fees Determination.  *See* Exhibit C.  Thus, if Sierra Club responds in August as currently scheduled, it will have had almost four months to draft its response to

---

[3] Luminant has also already filed responses to Sierra Club's Motion to Postpone and Motion to Amend Fee Determination.

4

Luminant's Fee Motion and to draft its reply in support of its own Motion to Amend Fees Determination.[4]

9.    Luminant's claim for attorneys' fees is the only remaining claim for the District Court to resolve.  Sierra Club's Motion to Amend the Fee Determination and its Motion to Postpone are simply motions seeking to attack or modify Luminant's affirmative claim for attorneys' fees.  Thus, all of the pending motions in the District Court (including Sierra Club's own motions) concern the affirmative claim by Luminant against Sierra Club for fees and are not subject to the automatic stay.

<b><u>Argument</u></b>

**A.    The automatic stay applies to claims against Luminant, but not claims by Luminant -- even when both types of claims are asserted within a single case.**

10.    Section 362(a)(1) of the Bankruptcy Code prohibits "the commencement or continuation" of any action "*against* the debtor that was . . . commenced before the commencement of the" bankruptcy case.  11 U.S.C. § 362(a)(1) (emphasis added).  Thus, section 362(a)(1) draws a distinction between "offensive" actions (to which the automatic stay applies) and "defensive" actions (to which it does not).  *Justus v. Fin. News Network Inc. (In re Fin. News Network Inc.)*, 158 B.R. 570, 573 (S.D.N.Y. 1993).  "[B]y its terms," section 362(a)(1) "only stays proceedings against the debtor," not "actions brought by the debtor." *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

11.    Where, as here, multiple claims are asserted within the same case, the Third Circuit's decision in *Maritime Electric Company v. United Jersey Bank* requires this Court to determine the applicability of the automatic stay on a claim-by-claim basis.  959 F.2d 1194,

---

[4] Sierra Club's Motion to Postpone has been fully briefed and ready for the District Court's decision since April 23, 2014.

1204–05 (3d Cir. 1991). "Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims, and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *Id.*

12.    "Thus, within one case, actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue." *Id.* at 1205. Where requests for affirmative relief "such as counterclaims and third-party claims" have been "asserted by a defendant-debtor," those requests "are not stayed, while same-case proceedings arising out of claims asserted by the plaintiff are stayed." *Id.*

**B.    Sierra Club's affirmative claims are stayed while Luminant's affirmative claim for fees is not stayed.**

13.    *Maritime Electric* disposes of Sierra Club's Stay Motion. Based on the claim-by-claim analysis, the claims asserted by Sierra Club against Luminant are all subject to the automatic stay. *See, e.g., Revere Copper & Brass, Inc. v. Hudson River Sloop Clearwater, Inc. (In re Revere Copper & Brass, Inc.)*, 29 B.R. 584, 585–88 (Bankr. S.D.N.Y. 1983). All of those claims by Sierra Club were dismissed by the District Court and are now pending in the Fifth Circuit Appeal. All of the parties agree that the Fifth Circuit Appeal is subject to the automatic stay. *See* Sierra Club's Stay Motion at ¶¶ 10, 12, 20.

14.    By contrast, Luminant's claim for attorneys' fees is not subject to the automatic stay because it is a claim brought *by* Luminant, not *against* Luminant. For example, in *Fountas v. Microcomputer Resources, Inc.*, the court held that the automatic stay did not apply to proceedings on a debtor's post-judgment motion for attorney's fees because the "motion for attorney's fees and costs brought by [the debtor-defendant]" was "not an action against [the debtor-defendant]." 87 So. 3d 1256, 1257 n.1 (Fla. 4th Dist. Ct. App. 2012) (per curiam).

6

Similarly, Luminant's Fee Motion asserts an affirmative claim for monetary relief against Sierra Club that, if successful, "would inure to the benefit of the bankruptcy estate." *St. Croix*, 682 F.2d at 448.  Accordingly, it is not subject to the automatic stay.[5]

15.    Likewise, as Luminant has previously communicated to Sierra Club, Sierra Club's two motions pending in the District Court (the Motion to Amend the Fee Determination and the Motion to Postpone) are not subject to the automatic stay because they relate solely to the attorneys' fee claim and assert no affirmative claim against the Luminant.  They are merely part of Sierra Club's defense against the Fee Motion.  Defendants acknowledge that the District Court is free to resolve Sierra Club's two motions along with the Fee Motion, and, contrary to the suggestion in Sierra Club's Stay Motion, Defendants are not trying to "pick and choose" which motions the District Court resolves.

16.    The Third Circuit's decision in *St. Croix*—the only binding authority Sierra Club cites in support of its argument (Mot. ¶ 23)—does not help Sierra Club's efforts to delay Luminant's Fee Motion.  *St. Croix* was a single-claim case in which the claim was brought *against* the debtor.  After the plaintiff took an adverse judgment, the defendant-debtor appealed and then filed for bankruptcy.  682 F.2d at 447.  Even though the debtor was prosecuting the appeal and seeking relief from an adverse judgment, the Third Circuit held the appeal was stayed because the lone claim in the case was "originally brought against the debtor."  *Id.* at 449.  *St.*

---

[5] A Rule 54(d) motion for attorneys' fees, just like a counterclaim for attorney's fees, asserts an affirmative claim for monetary relief; the difference between the two is formal (the former need not be asserted in a pleading), not substantive. *See Riordan v. State Farm Mut. Auto Ins. Co.*, 589 F.3d 999, 1005 (9th Cir. 2009) (citing *Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1120–21 (9th Cir. 2004)).  It is beyond dispute that the automatic stay does not apply to a counterclaim asserted by a debtor. *See Maritime Elec.*, 959 F.2d at 1205 (collecting cases).  The same is true of a debtor's motion for fees under Rule 54(d). *See In re Goodwin*, 163 B.R. 825, 827 (Bankr. D. Idaho 1993) (courts look to "the substance of an action, and not its form, to determine whether the action is stayed"); *cf. Fowler & Peth, Inc. v. Regan (In re Regan)*, 326 B.R. 175, 176–77 (D. Colo. 2005) (treating a counterclaim seeking attorney's fees as equivalent to a Rule 54(d) motion for fees), *rev'd on other grounds*, 477 F.3d 1209 (10th Cir. 2007).

*Croix* says nothing about whether, in a multi-claim case, the automatic stay would apply to affirmative claims asserted *by* the defendant-debtor. By contrast, the Third Circuit confronted this issue head-on in *Maritime Electric*, and its holding was unequivocal: "All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case." 959 F.2d at 1204.[6]

**C.    Contrary to the suggestion in its Stay Motion, Sierra Club is not stuck between "a rock and a hard place."**

17.    Sierra Club argues that it is stuck "between the proverbial rock and a hard place," risking either violating the automatic stay or waiving its response to Luminant's Fee Motion. Not so. Luminant has consistently told Sierra Club (as well as the District Court in filed pleadings) that they do not believe the automatic stay applies to Luminant's affirmative claim for attorneys' fees. To make clear to Sierra Club that it was not at risk of violating the automatic stay by responding to the Fees Motion by the upcoming deadline, Luminant has offered *to specifically stipulate to the position it has espoused with Sierra Club all along, i.e., that the litigation of the attorneys' fee claim (including Sierra Club's Motion to Amend Fees Determination and Motion to Postpone) in the District Court is not subject to the automatic stay*. Thus far, Sierra Club has refused that offer. Its assertion that it is caught between the proverbial "rock and a hard place" thus rings hollow.

---

[6] The other two cases cited by Sierra Club do not include a thorough multi-claim analysis like *Maritime Electric*; however, the cases are consistent with Third Circuit precedent and likewise do not help Sierra Club. *See White v. City of Santee (In re White)*, 186 B.R. 700, 707 (9th Cir. BAP 1995) (holding that counterclaim by debtor, along with defendant's demurrer to counterclaim, is not subject to the automatic stay); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) (holding that appeal of claim against debtor is subject to the automatic stay).

**D.    Properly applying the automatic stay does not lead to inequitable results.**

18.    Applying the automatic stay on a claim-by-claim basis as required under the law would not lead to an inequitable result or otherwise complicate litigation in the District Court (as suggested by Sierra Club in its Stay Motion).  Again, the only matter remaining with the District Court is the question of the Luminant's attorneys' fees.  The District Court should be allowed to finish its work on this case.  All arguments regarding Luminant's entitlement to and the appropriate amount of fees can be decided by the District Court in connection with the pending motions.  It is a separate matter that may be appealed by Sierra Club if the District Court grants Luminant's Fee Motion.  A nearly identical situation is present any time the parties file both a Rule 54(d) motion for attorneys' fees and an appeal of the underlying judgment, and trial courts routinely adjudicate the fee motion without waiting for the appeal to be resolved.  *See, e.g.*, *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 820 F. Supp. 2d 751, 756 (E.D. Va. 2011) (district court would not delay ruling on motion for attorneys' fees even though trial verdict could be reversed on appeal); *see also* Fed. R. Civ. P. 54 Advisory Committee Note (1993 Amendments) (fee motion's 14-day filing deadline contemplates that the trial court will "resolve fee disputes shortly after trial," before resolution of any appeal).

19.    In the end, Sierra Club's Stay Motion appears to be nothing more than a last-ditch attempt to further delay the resolution of the Fee Motion by trying to convince this Court to allow Sierra Club to enjoy the benefits of the automatic stay as applied to its upcoming response to the Fee Motion.  This request is improper.  Courts in this Circuit have held that non-debtors can only receive the protection of the automatic stay in "unusual circumstances" such as an identity of economic interest between the debtor and the non-debtor).  *JNA–1 Corp. v. Uni– Marts, LLC (In re Uni–Marts, LLC)*, 404 B.R. 767, 780 (Bankr. D. Del. 2009) (refusing to

9

extend automatic stay to non-debtor) (citing *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509, 510 (3d Cir. 1997). This is clearly not the case here. Sierra Club is a non-debtor with interests adverse to the Debtors' estates, and it has failed to cite any case law to support its theory that it should receive the benefit of the automatic stay on claims asserted by Luminant against Sierra Club.

WHEREFORE, the above-captioned debtors and debtors in possession respectfully request that the Court deny Sierra Club's Stay Motion.

Dated:  July 16, 2014
        Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

KIRKLAND & ELLIS LLP
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         richard.cieri@kirkland.com
               edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

RLF1 10522453v.1

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

-and-

Michael L. Raiff (admitted *pro hac vice*)
Texas State Bar 00784803
GIBSON, DUNN & CRUTCHER LLP
100 McKinney Avenue, Suite 1100
Dallas, Texas  75201-6912
Telephone:  (214) 698-3100

Proposed Special Litigation and Corporate Counsel to the Debtors
and Debtors in Possession