## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 1471, 1472** |

## SUPPLEMENTAL DECLARATION OF
## CARRIE KIRBY, THE EXECUTIVE VICE PRESIDENT OF
## HUMAN RESOURCES IN SUPPORT OF MOTION OF ENERGY
## FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
## AUTHORIZING THE DEBTORS TO EXECUTE THE 401(k) PLAN SEPARATION

I, Carrie Kirby, declare as follows:

1.      I submit this declaration (this "Declaration") to provide updated information regarding the relief requested in the *Amended Motion of Energy Future Holdings Corp., et al., for an Order Authorizing the Debtors to Execute the 401(k) Plan Separation* [D.I. 1471] (the "401(k) Separation Motion").[2]  Specifically, this Declaration provides additional information on certain costs payable by the EFH Corp. to Fidelity in connection with the 401(k) Plan Separation.

2.      As explained in the 401(k) Separation Motion, Fidelity currently administers benefits on behalf of Debtor employees and Oncor employees on a unified platform.  In addition, before the Petition Date, the Debtors separated the administration of their pension plan from the administration of Oncor's pension plan.  Following the pension plan separation, Fidelity began

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the 401(k) Separation Motion.

administering benefits for Debtor employees and Oncor employees separately, but continued to use a single platform.

3.      In connection with the 401(k) Plan Separation, the Debtors and Oncor have decided to authorize Fidelity to split administration of the Debtors' employees and Oncor employees from a joint platform to separate platforms.[3]  This split provides the Debtors with multiple benefits.  For example, Fidelity's platform separation generates cost savings that solely benefit the Debtors.  As described in the 401(k) Separation Motion, the Debtors' new payroll processor (who will not administer payroll on behalf of Oncor employees) will require the Debtors to implement a new, customized interface.  The costs of this interface depend in large part on whether benefits of non-Debtor employees and Debtor employees are administered on a single or multiple platforms.  Costs of programming the new interface will be lower if the 401(k) Plan Separation is executed first, and benefits for non-Debtor employees are administered on a separate platform.  Further, if the Debtors and Oncor are maintained on the same, single platform and rolled into the customized interface to only be separated later, the Debtors would face a significant increase in cost, approximately $270,000.  This increase in costs is attributed to the fact that the Debtors would pay initially for the customized interface to service both the Debtors and Oncor and have to pay again for a new system if and when the platforms are separated.  Thus, it is cost-efficient for the Debtors to consummate the 401(k) Plan Separation now, rather than pushing it off to a later day.

4.      Additionally, the administration of the 401(k) Plan Separation is a positive step towards furthering the Debtors' contemplated restructuring.   The Debtors are currently

---

[3] As a technical matter, to effectuate the 401(k) Plan Separation, the Debtors will have to amend the existing 401(k) Plan to permit the Debtors to transfer accounts attributable to Oncor employees to Oncor's new, separate 401(k) plan.  The Debtors do not anticipate that this amendment will generate costs beyond what has been described in the 401(k) Separation Motion and this Declaration.

2

evaluating the advantages of a tax-free spin of Texas Competitive Electric Holdings Company LLC and certain of its subsidiaries.  Within the same restructuring the Debtors anticipate a simultaneous deleveraging of Energy Future Intermediate Holding Company LLC, which indirectly owns approximately 80% of Oncor.  Thus, proactively taking action to decouple the administration of Debtor and Oncor benefits is useful in preparing the Debtors for the contemplated restructuring.

5.      Because the 401(k) Plan Separation has not been executed yet, the Debtors and Oncor have only received estimates from Fidelity regarding the one-time platform separation costs.  At the time the 401(k) Separation Motion was filed, the Debtors and Oncor believed that the separation costs would be approximately $100,000 to $140,000.  Consequently, the 401(k) Separation Motion states that the Debtors do not anticipate paying an amount greater than $70,000 to Fidelity to execute the 401(k) Plan Separation.

6.      Following the filing of the 401(k) Separation Motion, the Debtors and Oncor continued to engage in discussions with Fidelity regarding the 401(k) Plan Separation.  Based on these discussions, the Debtors and Oncor now believe that the separation costs will likely be between $160,000 to $200,000. The updated bid reflects Fidelity's ongoing diligence regarding the scope of the separation and the necessary Fidelity resources to efficiently execute the separation.

7.      Importantly, the $160,000 to $200,000 range reflects the total amount payable to Fidelity.  The Debtors and Oncor will share this cost evenly (50% payable by EFH Corp. and 50% payable by Oncor).  Thus, the Debtors believe their obligation to pay Fidelity to execute the 401(k) Plan Separation will not exceed $100,000.

RLF1 10524103v.1

8.      In addition to eliminating the administrative burden levied on Debtor employees to administer benefits on behalf of Oncor, the 401(k) Plan Separation is part of a larger effort to formally separate administration of Debtor employee benefits from non-Debtor employee benefits.  To that end, I believe the 401(k) Plan Separation will streamline the administration of benefits for the benefit of the Debtors and their employees.

[*Remainder of page intentionally left blank.*]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  July 17, 2014
      Wilmington, Delaware

*/s/ Carrie Kirby*
_____

Carrie Kirby
Executive Vice President, Human Resources
Energy Future Holdings Corp.