UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

# TXU ENERGY RETAIL COMPANY, LLC
# ENERGY FUTURE HOLDINGS CORP., *et al.*

Debtors

Chapter 11
Case No. 14-10997 & 14-10979

## NOTICE OF TRANSER OF CLAIM PURSUANT TO
## F.R.B.P. RULE 3001(E) (1)

Transferor:   **Custom Cakes (It's a Piece of Cake)**
              **1209 Berkley Drive**
              **Grapevine, TX  76051**

Please note that your claim in the amount of $425.00 has been partially transferred in the amount of $275.00 (unless previously expunged by court order) to:

Transferee:   **Sierra Liquidity Fund, LLC**
              **19772 MacArthur Blvd., Suite 200**
              **Irvine, CA  92612**

The transferred amount of $275.00 represents an amount sold by Custom Cakes (It's a Piece of Cake) to Sierra Liquidity Fund, LLC.

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**

    United States Bankruptcy Court
    District of Delaware
    Attn:  Bankruptcy Clerk
    824 N. Market Street – 3rd Floor
    Wilmington, DE  19801

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
    Refer to INTERNAL CONTROL No. _____ in your objection.
    If you file an objection, a hearing will be scheduled.

IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

FOR CLERK'S OFFICE ONLY:
This notice was mailed to the first party, by first mail, postage prepaid on _____, 2014.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent_____Transferee_____Debtor's Attorney_____

# Transfer of Claim

# ENERGY FUTURE HOLDINGS CORP., *et al.*

This agreement (the "Agreement") is entered into between **Cindy Swilley - It's a piece of Cake** ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1. Assignor in consideration of the sum ~~~~~~~ amount outstanding on the As~~~~~~~ ~~~~~~ ~im (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, including the right to amounts owed under any executory contract and any respective cure amount related to the potential assumption and cure of such a contract (the "Claim"), against Energy Future Holdings Corp., *et al.* (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court District of Delaware, in the current amount of not less than _____ **$275.00 (CS)** _____ [insert the amount due, which shall be defined as "the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim, right to litigate, receive litigation proceeds and any and all voting rights related to the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

3. Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

4. Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

5. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. To the extent necessary, Assignor grants to Assignee a Power of Attorney whereby the Assignee is authorized at Assignee's own expense to defend against all avoidance actions, preferential payment suits, and fraudulent conveyance actions for the benefit of the Assignor and the Assignee; however Assignee has no obligation to defend against such actions. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

6. Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

7. In the event that the Proceedings are dismissed from the Bankruptcy Court or converted from a Chapter 11 reorganization to a Chapter 7 liquidation, Assignor agrees to immediately refund and pay to Assignee a pro-rata share of the Purchase Price equal to the ratio of any amount of the Claim that remains unpaid by the Debtor divided by the Claim, plus 8% interest per annum from the date of this Agreement. Additionally, in the event that the Claim is reclassified to not be a valid administrative expense priority claim under Bankruptcy Code Section 503(b)(9), or disallowed, reduced, subordinated or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim reclassified, disallowed, subordinated, or impaired divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

8. To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee or James S. Riley as its true and lawful attorney, as the true and lawful agent and special attorneys-in-fact of the Assignor with respect to the Claim, with full power of substitution (such

power of attorney being deemed to be an irrevocable power coupled with an interest), and authorizes Assignee of James S. Riley to act in Assignor' stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of th Claim, litigate for any damages, omissions or other related to this claim, vote in any proceedings, or any other actions that may enhance recovery o protect the interests of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's right there under. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline t exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity o amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, a may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assigne including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents. The Power of Attorney shall includ without limitation, (1) the right to vote, inspect books and records, (2) the right to execute on behalf of Assignor, all assignments, certificates documents and instruments that may be required for the purpose of transferring the Claim owned by the Assignor, (3) the right to deliver cash securities and other instruments distributed on account of the Claim, together with all accompanying evidences of transfer and authenticity to, o upon the order of, the Assignee; and (4) the right after the date of this Agreement to receive all benefits and cash distributions, endorse checks payable to the Assignor and otherwise exercise all rights of beneficial ownership of the Claim. The Purchaser shall not be required to post a bond o any nature in connection with this power of attorney.

9. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time, including the provision to the Assignee of all necessary supporting documentation evidencing the validity of the Assignor's claim. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

10. In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

11. The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

12. Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

13. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Assignee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.

**You must include invoices, purchase orders, and proofs of delivery / bill of ladings that relate to the claim.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __14__ day of __May__, 2014.

ATTEST

By _Cindy Swilley_
Signature

_Cindy Swilley Owner_
[Print Name and Title]

817-488-6690
Phone Number

Name of Company: It's A Piece of Cake
Street Address: 1209 Berkley Dr
City, State & Zip: Grapevine, TX 76051
Fax Number:
Email: cswilley2003@yahoo.com

Sierra Liquidity Fund, LLC et al.
19772 MacArthur Blvd., Ste 200, Irvine, CA 92612
949-660-1144 x10; fax: 949-660-0632   saugust@sierrafunds.com

Agreed and Acknowledged,
Sierra Liquidity Fund, LLC                        5/7/2014