# **EXHIBIT 3**

```
                                                             Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                          :
                                     :   Chapter 11
 6   ENERGY FUTURE HOLDINGS          :
     CORP., et al.,                  :   Case No. 14-10979(CSS)
 7                                   :
              Debtors.               :   (Jointly Administration
 8   _____ :   Requested)
     CSC TRUST COMPANY OF DELAWARE,  :
 9   as INDENTURE TRUSTEE,           :
                                     :
10            Plaintiff,             :
                                     :
11       v.                          :   Adv. Proc. No. 14-50363
                                     :   (CSS)
12   ENERGY FUTURE INTERMEDIATE      :
     HOLDING COMPANY LLC and EFIH    :
13   FINANCE INC.,                   :
                                     :
14            Defendants.            :
     _____ :
15
16
17
18                          United States Bankruptcy Court
19                          824 North Market Street
20                          Wilmington, Delaware
21                          June 30, 2014
22                          9:44 AM - 5:43 PM
23
24
25
```

```
                                                              Page 2
 1    B E F O R E :

 2    HON CHRISTOPHER S. SONTCHI

 3    U.S. BANKRUPTCY JUDGE

 4

 5

 6

 7

 8    ECR OPERATOR:   AL LUGANO

 9

10

11

12    HEARING re Motion of Energy Future Holdings Corp., et al.,

13    for Entry of Interim and Final Orders (A) Authorizing the

14    Debtors to (I) Pay Certain prepetition Compensation and

15    Reimbursable Employee Expenses, (II) Pay and Honor Employee

16    and Retiree Medical and Similar Benefits, and (III) Continue

17    Employee and Retiree Benefit Programs, and (B) Modifying the

18    Automatic Stay [D.I. 25; filed April 29, 2014]

19

20    HEARING re Motion of Energy Future Holdings Corp., et al.,

21    for Entry of Interim and Final Orders Authorizing the

22    Debtors to (A) Continue Performing Under Prepetition Hedging

23    and Trading Arrangements, (B) Pledge Collateral and Honor

24    Obligations Thereunder, and (C) Enter into and Perform Under

25    Trading Continuation Agreements and Postpetition Hedging and
```

1  Trading Arrangements [D.I. 41; filed April 29, 2014]

2

3  HEARING re Motion of Energy Future Holdings Corp., et al.,
4  for Entry of an Order Authorizing the Debtors to (A) Pay
5  Certain Prepetition Amounts on Account of Non-Insider
6  Compensation Programs and (B) Continue the Non-Insider
7  Compensation Programs in the Ordinary Course of Business on
8  a Postpetition Basis [D.I. 468; filed May 15, 2014]

9

10 HEARING re Motion of Energy Future Holdings Corp., et al.,
11 for Entry of Orders Approving Certain EFIH Settlements and
12 the Oncor TSA Amendment [D.I. 472; filed May 15, 2014]

13

14 HEARING re Motion of Energy Future Intermediate Holding
15 Company LLC and EFIH Finance Inc. for Entry of an Order (A)
16 Approving Postpetition Second Lien Financing, (B) Granting
17 Liens and Providing Superpriority Administrative Expense
18 Claims; (C) Authorizing the Use of Cash Collateral, (D)
19 Authorizing the EFIH Second Lien Repayment, (E) Authorizing
20 Entry into and Payment of Fees Under the Commitment Letter;
21 and (F) Modifying the Automatic Stay [D.I. 477; filed May
22 15, 2014]

23

24 HEARING re Complaint for Declaratory Relief [D.I. 470/Adv.
25 D.I. 1; filed May 15, 2014]

```
                                                          Page 4
 1   HEARING re Motion of Wilmington Savings Fund Society, FSB
 2   for Leave to Conduct Discovery Pursuant to Rule 2004 of the
 3   Federal Rules of Bankruptcy Procedure of Energy Future
 4   Holdings Corporation, its Affiliates, and Certain Third
 5   Parties (the "2004 Motion") [D.I. 6; filed April 29, 2014]
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   Transcribed by:  Dawn South, Lisa Beck, and Sheila Orms
25
```

1  how to cram them down or force them with -- beyond their

2  will.  And obviously, we had to restructure EFIH by having

3  the unsecured EFIH creditors convert into equity of EFH.  To

4  do that, therefore, we had to restructure the EFH notes

5  which were controlled by Fidelity.  And hence, that was the

6  crux of the very lengthy hard-fought negotiation that ensued

7  earlier this year.

8  Q    How long of a process -- or over how long of a period

9  of time did those negotiations take place?

10 A    My recollection that the discussions between the

11 company, the EFIH unsecureds, Fidelity and the shareholders

12 of EFH started in late January, early February, and they

13 remained extremely active up until the eve of the filing

14 date which was April 20th.

15 Q    What was the nature or tenor of those negotiations, do

16 you know?

17 A    Extensive back and forth, hard-fought, arms length and

18 ultimately, thankfully, consensual.

19 Q    Did you have -- from your participation in these

20 negotiations and advising the debtor, do you have any reason

21 to question the good faith of either the EFIH unsecured

22 lenders or Fidelity in their negotiation of the DIP?

23 A    No.  I have no reason to question the good faith

24 efforts.

25 Q    Prior to filing the petition, did the debtors receive a