# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew R. McGaan, P.C.<br>To Call Writer Directly:<br>(312) 862-2183<br>andrew.mcgaan@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

July 21, 2014

**VIA ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   Conference Last Friday, July 18, in *In re Energy Future Holdings Corp. et al.*, No. 14-10979, and *CSC Trust Co. of Delaware v. Energy Future Intermediate Holding Co. LLC et al.*, A.P. No. 14-50363.

Dear Judge Sontchi:

I write to address a potential point of confusion from Friday's hearing about what Judge Lifland addressed in the *Calpine* case, referred to on Friday as "Calpine I." Put simply, the Calpine litigation included arguments for makewhole premiums *and* arguments for damages for breach of no call provisions. Judge Lifland ruled that solvency was irrelevant to *both* questions because the text of the indentures, which dictated what damages would be owed, did not incorporate the concept of solvency (or insolvency) to determine when their makewhole or no call provisions would apply.

There was some suggestion at Friday's hearing that the noteholders in Calpine I did not seek to recover a makewhole premium. They did, in fact, seek such damages. There were three tranches of debt at issue in that case—two of which were governed by indentures that required payment of a so-called makewhole premium if the notes were optionally redeemed between specific dates, with a no-call provision that barred payment before that period. Calpine repaid that debt during the no-call period. The Indenture Trustees argued that Calpine owed a prepayment penalty: for example, "the CalGen First Lien Trustee object[ed] to the CalGen Debtors' exclusion of contract damages, ***Make-Whole Premium amounts*** and default interest from their calculation of the amounts due under the claims filed and objected to in the Motion." Objection of Wilmington Trust FSB as Indenture Trustee to the Debtors' Motion for Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay the Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims, at 37, *In re Calpine, Corp.*,

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
July 21, 2014
Page 2


No. 05-60200 (Bankr. S.D.N.Y. Feb. 16, 2007) (Docket No. 3692) (emphasis added); s*ee also* Response of HSBC Bank USA, National Association, as Indenture Trustee, (A) In Opposition to Debtors' Motion for Approval of Refinancing , (b) in Opposition to Debtors' Limited Objection to Indenture Trustee's Claim on Behalf of Second Lien Noteholders, and (c) In Support of Indenture Trustee's Cross-motion for Allowance of Claims, at 17-18, *In re Calpine, Corp.*, No. 05-60200 (Bankr. S.D.N.Y. Feb. 16, 2007) (Docket No. 3694) ("Logic also dictates that a prepayment prior to April 1, 2008, triggers an allowable damage claim under the Indenture. Section 3.07 of the Indenture provides that a prepayment premium of 0% is due if the Second Lien Notes are redeemed after April 1, 2009, that a prepayment premium of 3.5% is due if the Second Lien Notes are redeemed after April 1, 2008, and that prepayment prior to April 1, 2008, is absolutely forbidden.")

At the hearing concerning the availability of prepayment damages, among other things, Judge Lifland ruled that solvency was not relevant to the ultimate question whether a makewhole premium *or* no call damages were owed. This question would be decided, he ruled, based on the text of the indentures:

> I don't see the relevancy of solvency given the state of the law, which I will ultimately determine. And you've laid it out for me. You've all briefed it very well. Now you got me going, so I will follow your pathway. I do find that this matter will probably be resolved as [a] matter of law one way or the other and it's a document case…. I've foreclosed this line because ***I don't see that solvency is an issue with respect to the matters that have been placed before me***…. ***The documents will control and they don't require solvency or insolvency***…. I didn't draft these documents, and I don't know if you did, but the drafters have to answer for what was drafted.

(2/27/2007 Calpine Tr. 62:19-63:13.)  In short, Judge Lifland found that solvency was irrelevant in the context of *both* no call provisions *and* claims for makewhole damages.  The text of the indentures, not the Debtors' solvency, governed instead.

        Respectfully submitted,

        */s/ Andrew R. McGaan*

        Andrew R. McGaan, P.C.