**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP. *et. al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: August 13, 2014 @ 9:30 a.m.**<br>) **Objection Deadline: August 6, 2014 @ 4:00**<br>) **p.m.**<br>) |

**MOTION OF EFH NOTES INDENTURE TRUSTEE PURSUANT TO 11 U.S.C.**
**§§ 1102(A)(1) AND 105 FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ENERGY FUTURE HOLDINGS CORP.**

American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "Indenture Trustee") under the Indentures (as described on the attached Schedule 1),[2] by and through its undersigned counsel, respectfully submits this motion (the "Motion") for an entry of order requiring the appointment of an official committee of unsecured creditors (the "EFH Committee") for the debtor Energy Future Holdings Corp. ("EFH") pursuant to 11 U.S.C. §§ 1102(a)(1) and 105. In support of this Motion, the Indenture Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. To date, and notwithstanding the fact that 11 U.S.C. § 1102(a)(1) mandates such appointment, the United States Trustee has not appointed a committee of unsecured creditors for

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [D.I. 98.].

1

EFH. As detailed below, not only is the appointment of an EFH Committee mandatory, but the recent changes to the circumstances in this case make it advisable for the following reasons:

(i) These cases are among the largest and most complicated ever filed;

(ii) The Restructuring Support Agreement (the "RSA") has been terminated and/or is subject to termination, and thus the path forward for these cases, especially to unsecured creditors of EFH, is uncertain; and

(iii) As evidenced by the litigation to date, the path to a resolution of these cases may be highly contentious and no fiduciary, with sufficient resources and free of potential conflicts imposed by other interests, has been appointed pursuant to the provisions of the Bankruptcy Code to represent the interests of the unsecured creditors of EFH.

## JURISDICTION

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 1102(a)(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[3]

## BACKGROUND

3. On April 29, 2014 (the "Petition Date"), the Debtors filed their voluntary petitions. Shortly thereafter the Debtors filed a motion for approval of the RSA.

4. The RSA was agreed to by holders of significant amounts of debt at many levels of the Debtors' complex capital structure and it purported to provide a clear path towards confirmation of a pre-negotiated plan on a set timeframe.

---

[3] This Motion has been brought under section 1102(a)(1) because, to date, no committee has been appointed for EFH. To the extent that any party alleges that the T-Side Creditors' Committee is somehow a pre-existing committee for EFH, or that section 1102(a)(2) is triggered by the appointment of a committee in a jointly administered case, then this Motion is also made pursuant to section 1102(a)(2) of the Bankruptcy Code.

5.      On May 12, 2014, the United States Trustee appointed a Committee of Unsecured Creditors (the "T-Side Creditors' Committee") representing the interests of the unsecured creditors of only the TCEH Debtors and EFH Corporate Services Company. (*See Notice of Appointment of Committee of Unsecured Creditors* [D.I. 420]).

6.      On July 8, 2014, the Debtors adjourned the EFIH Second Lien DIP Motion, the EFIH Settlement Motion and the Restructuring Support Agreement Assumption Motion. (*See Notice of Adjournment of Certain Motions and Hearings* [D.I. 1504]). In addition, the Debtors failed to file a plan and disclosure statement (as they represented that they would do) by July 2, 2014.

7.      On July 17, 2014, the Indenture Trustee submitted a written request to the Office of the United States Trustee requesting the appointment of an official committee of unsecured creditors for EFH. As of this date, the last day to timely file a motion to be heard on the August 13, 2014 Omnibus hearing date, the United States Trustee has not yet provided a response to the request. The Office of the United States Trustee has, however, indicated that they are analyzing the request. The Indenture Trustee appreciates the ongoing consideration of the request. Nonetheless, in light of the recent developments in these cases, and the urgent need for alternatives to the RSA to be evaluated, the Indenture Trustee believes that the EFH Committee should be appointed as soon as possible.

**RELIEF REQUESTED**

8.      The Indenture Trustee respectfully requests, pursuant to section 1102 of the Bankruptcy Code, and section 105(a) which empowers the Court to enter the appropriate order, entry of an Order directing the United States Trustee to immediately appoint an official committee of unsecured creditors for EFH.

**A. Appointment of a Committee is Mandatory.**

9.     The plain language of the Bankruptcy Code requires the appointment of an EFH Committee. Section 1102(a)(1) of the Bankruptcy Code states:

> (a)(1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

10.    As of this date, the United States Trustee has not appointed an official committee of unsecured creditors to represent the interests of unsecured creditors of EFH.

11.    While these cases are being jointly administered, they have not yet been substantively consolidated, and accordingly the Bankruptcy Code's requirement that a committee be appointed for EFH is absolute. The United States Trustee, therefore, must appoint an EFH Committee.

**B. Appointment of an EFH Committee is Imperative at this Time Because it Appears that the RSA will be Terminated.**

12.    These cases are among the largest and most complex ever filed.

13.    While these cases were commenced with the expectation that a pre-negotiated plan would be promptly filed pursuant to the RSA, that filing has not happened and the Debtors appear to have breached several of the milestone requirements in the RSA. In addition, at the July 18, 2014 hearing, the Debtors stated the RSA was subject to termination and may not be further amended. As of the filing of this Motion, neither the Debtors, nor any of their creditor constituencies have articulated a clear path to a confirmable plan. Without question, the path forward will involve intense negotiations and, most likely, further litigation.

14.    Under the circumstances, the Bankruptcy Code mandates, and it is advisable, that the unsecured creditors of EFH be represented by a committee.

**NO PRIOR REQUEST**

15.     No prior request for the relief sought herein has been made by the Indenture Trustee in this or any other court.

**NOTICE**

16.     Notice of this Motion is being provided to: (a) counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the T-Side Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the

10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) counsel to the Ad Hoc Group of EFH Legacy Noteholders; (s) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (t) Oncor Electric Delivery Company LLC and counsel thereto; (u) the Securities and Exchange Commission; (v) the Internal Revenue Service; (w) the Office of the United States Attorney for the District of Delaware; (x) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (y) counsel to the Electric Reliability Council of Texas; (z) Fidelity; and (aa) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Indenture Trustee submits that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Indenture Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>: (i) directing the United States Trustee to promptly appoint an official committee of unsecured creditors for EFH, as described in this Motion, and (ii) granting such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: July 23, 2014 | **CROSS & SIMON, LLC**<br><br>By: */s/ Christopher P. Simon*<br>   Christopher P. Simon (Del. Bar No. 3697)<br>   913 North Market Street, 11th Floor<br>   Wilmington, Delaware 19801<br>   Telephone: (302) 777-4200<br>   Facsimile: (302) 777-4224<br>   csimon@crosslaw.com<br><br>   - and –<br><br>   **NIXON PEABODY LLP**<br>   Amanda D. Darwin<br>   Richard C. Pedone<br>   Erik Schneider<br>   100 Summer Street<br>   Boston, Massachusetts 02110<br>   Telephone: (617) 345-1300<br>   Facsimile: (855) 739-9081<br>   adarwin@nixonpeabody.com<br>   rpedone@nixonpeabody.com<br>   eschneider@nixonpeabody.com<br><br>   *Counsel to American Stock Transfer and Trust Company, LLC, as Indenture Trustee* |

**Schedule 1**

**Indentures**

1. Indenture dated as of November 1, 2004, between Energy Future Holdings Corp.("EFH"), as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of July 1, 2010, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series P Indenture").

2. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series Q Indenture").

3. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series R Indenture")

4. Indenture dated as of November 16, 2009, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Supplemental Indenture, dated as of January 25, 2013, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "9.75% Senior Notes Indenture").

5. Indenture dated as of January 12, 2010, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of March 16, 2010, the Second Supplemental Indenture, dated as of April 13, 2010, the Third Supplemental Indenture, dated as of April 14, 2010, the Fourth Supplemental Indenture, dated as of May 21, 2010, the Fifth Supplemental Indenture, dated as of July 2, 2010, the Sixth Supplemental Indenture, dated as of July 6, 2010, the Seventh Supplemental Indenture, dated as of July 7, 2010, the Eighth Supplemental Indenture, dated as of January 25, 2013, and the Ninth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.00% Senior Notes Indenture").

6. Indenture dated as of October 31, 2007, among EFH, as issuer, the Guarantors party thereto and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of July 8, 2008, the Second Supplemental Indenture, dated as of August 3, 2009, the Third Supplemental Indenture, dated as of July 29, 2010, the Fourth Supplemental Indenture, dated as of October 18, 2011, and the Fifth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.875% Senior Notes and 11.250%/12.000% Senior Toggle Notes Indenture", and collectively with the Series P Indenture, the Series Q Indenture, the Series R Indenture, the 9.75% Senior Notes Indenture, and the 10.00% Senior Notes Indenture, the "Indentures").