## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  August 13, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline:  August 6, 2014 at 4:00 p.m.** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE, EXTENDING THEIR TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending their time to assume or reject unexpired leases of nonresidential real property (the "Unexpired Leases") by 90 days from August 27, 2014, through and including November 25, 2014.  In support of this Motion, the Debtors submit the *Declaration of Michael Carter in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending Their Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Carter Declaration").  In further support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested in this Motion is section 364(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").

### Relief Requested

4.      By this Motion, the Debtors seek entry of the Order, pursuant to section 365(d)(4) of the Bankruptcy Code, granting the Debtors a 90-day extension of the time to assume or reject the Unexpired Leases from August 27, 2014, through and including November 25, 2014, without prejudice to the right of the Debtors to seek further extensions upon the consent of the affected counterparties to the Unexpired Leases (the "Lease Counterparties").

### Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official

committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on

May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and

capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first

day motions [D.I. 98].

6.     As of the date hereof, the Debtors are parties to approximately 6,000 Unexpired

Leases.  The Unexpired Leases include oil and gas leases, building leases, agricultural leases,

lignite leases, and certain other leases.[2]  These Unexpired Leases, in total, are critical to the

operation of the Debtors' businesses.  Certain of the Unexpired Leases are sources of revenue,

act as accommodation agreements between the Debtors and their business partners, and support

the Debtors' energy production business (for example, the lignite leases are necessary to produce

lignite coal required for the continued operation of the Debtors' fleet of power generation

facilities).  Accordingly, the Unexpired Leases, taken as a whole, are valuable assets of the

Debtors' estates and are integral to the continued operation of the Debtors' businesses.

7.     In connection with the Debtors' chapter 11 cases, the Debtors are undertaking a

comprehensive review of the Unexpired Leases.  To ensure that the Debtors maintain flexibility

with respect to the Unexpired Leases as this process unfolds, the Debtors seek an extension of

the August 27, 2014, deadline to assume or reject the Unexpired Leases, through and including

November 25, 2014.

8.     The Debtors represent that, pending their decisions to assume or reject each

Unexpired Lease, the Debtors will perform all of their undisputed obligations arising from and

---

[2]     The Debtors have not yet made a determination as to whether each of the aforementioned leases qualify as
"nonresidential real property leases" under section 365 of the Bankruptcy Code. However, out of an abundance
of caution, and without prejudice as to the Debtors' later determination as to the nature of the Unexpired Leases,
the Debtors are requesting an extension of time under section 365(d)(4) for all categories of their unexpired
leases related to nonresidential real property.

after the Petition Date, in a timely fashion, to the extent required by section 365(d)(4) of the

Bankruptcy Code, including the payment of postpetition rent obligations.

## Basis for Relief

**I.    Extension of Debtors' Time to Assume or Reject Unexpired Leases is Appropriate.**

9.    Section 365(d)(4) of the Bankruptcy Code provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of
> > (i) the date that is 120 days after the date of the order for relief; or
> > (ii) the date of the entry of an order confirming the plan.
>
> (B)(i)  The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii) if the court grants an extension under clause (i), the court may grant a        subsequent extension only upon prior written consent of the lessor in each   instance.

11 U.S.C. § 365(d)(4).

10.    As such, under section 365(d)(4), the Debtors have 120 days from the Petition

Date to assume or reject the Unexpired Leases, unless this deadline is extended for up to an

additional 90 days by order of the Court, or longer by consent of the applicable lessors.  In these

chapter 11 cases, the 120-day period established by section 365(d)(4)(A) expires on August 27,

2014, subject to extension by the Court, to assume or reject leases of non-residential real

property (the "Assumption/Rejection Deadline").

11.    Section 365(d)(4) of the Bankruptcy Code authorizes a court to "extend the period

determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on

the motion of the trustee or lessee *for cause*." 11 U.S.C. § 365(d)(4)(B)(i) (emphasis added).

12.     Courts consider the following non-exclusive factors to determine whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:

> (a) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;
>
> (b) whether the cases are complex and involve a large number of leases;
>
> (c) whether the lessor continues to receive postpetition rental payments; and
>
> (d) whether the debtor has had insufficient time to develop a plan.

*See South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *Channel Home Ctrs., Inc. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (*citing Wedtech*, 72 B.R. at 471-72).

13.     Courts in this district have consistently recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code.  *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d 687–88; *In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001).  As the United States Court of Appeals for the Third Circuit has stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."  *Channel Home Ctrs.*, 989 F.2d at 689; *see also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n.5 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

14.     Application of the factors that courts have found relevant to determining cause for extensions of time mandates approval of the Debtors' request for an extension in these cases. *First*, less than three months has elapsed in these complex chapter 11 cases.  Since the Petition Date, the Debtors have focused on transitioning into chapter 11 by securing two debtor in possession financing facilities and facilitating a soft landing into chapter 11 by obtaining Court entry of nearly thirty orders approving first and second day relief.  Given the number of Unexpired Leases, the Debtors have not had the opportunity to fully assess their re-negotiation, assumption, and rejection options with respect to their entire pool of Unexpired Leases.

15.     *Second*, the Unexpired Leases, as a whole, are an integral part of the Debtors' businesses.  Certain of the Unexpired Leases are sources of revenue, act as accommodation agreements between the Debtors and their business partners, and support the Debtors' energy production business (for example, the lignite leases are necessary to produce lignite coal required for the continued operation of the Debtors' fleet of power generation facilities).  Additionally, there are approximately 6,000 Unexpired Leases for the Debtors to evaluate, which are, as a whole, important to consider in the context of the Debtors' restructuring.

16.     *Third*, the proposed 90-day extension will not prejudice the Lease Counterparties or affect their ability to recover rejection damages, if any, available to them under the Bankruptcy Code.  The Debtors are meeting their postpetition monetary obligations under the Unexpired Leases, and intend to continue postpetition performance pending a decision on assumption or rejection.  Accordingly, the Lease Counterparties will suffer no prejudice from the requested extension.  *See In re Bon Ton Restaurant & Pastry Shop, Inc.*, 52 B.R. 850, 854-55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

6

17.    **Fourth**, the Debtors have been working in good faith to develop consensus around a confirmable plan in these chapter 11 cases and have already consummated certain of the restructuring transactions necessary to execute a global restructuring (including, for example, closing a $5.4 billion DIP facility at Energy Future Intermediate Holding Company LLC ("EFIH") and settling certain claims held by holders of EFIH first lien notes).  The Debtors have been discussing their restructuring strategy with a number of stakeholders that did not participate in prepetition discussions.   The Debtors anticipate discussing the terms of the plan of reorganization with some of these stakeholders and hope to develop additional consensus around a value-maximizing restructuring.  The Debtors' efforts during the early stages of these cases provide objective evidence that the request for an extension of time is not motivated by ulterior, strategic motives.

18.    Courts in this jurisdiction have approved relief similar to that requested herein.  *See, e.g., In re Tuscany Int'l Holdings (U.S.A.) Ltd.*, No. 14-10193 (Bankr. D. Del. May 15, 2014) (granting the debtor an extension of time to accept or reject unexpired leases of nonresidential real property); *In re ATLS Acquisition, LLC*, No. 13-10262 (Bankr. D. Del. Apr. 16, 2014) (same); *In re LSP Energy Ltd. P'ship*, No. 12-10460 (Bankr. D. Del. June 5, 2012) (same); *In re Beacon Power Corp.*, No. 11-13450 (Bankr. D. Del. Feb. 22, 2012) (same); *In re Graceway Pharm., LLC*, No. 11-13036 (Bankr. D. Del. Jan. 24, 2012) (same); *In re Nassau Broad. Partners, L.P.* No. 11-12934 (Jan. 13, 2012) (same); *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (Feb. 18, 2011) (same).  The Debtors submit that similar relief is warranted in these chapter 11 cases.[3]

---

[3]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' counsel.

**Reservation of Rights**

19.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as (a) an assumption or rejection of any of the Unexpired Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular instrument is or is not a true lease.  If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

**Notice**

20.     The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH

senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties who have requested notice pursuant to Bankruptcy Rule 2002; and (z) all parties

the Debtors reasonably believe constitute Lease Counterparties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

21.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  July 23, 2014

*/s/ Tyler D. Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:        (302) 651-7701
Email:              collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com
                       semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:              richard.cieri@kirkland.com
                       edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:              james.sprayregen@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession