**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  August 13, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline:  August 6, 2014 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF
AN ORDER (A) SETTING BAR DATES FOR FILING NON-CUSTOMER PROOFS
OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE, (B) APPROVING THE FORM OF AND MANNER FOR FILING
NON-CUSTOMER PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION
503(b)(9) OF THE BANKRUPTCY CODE, AND (C) APPROVING NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, "Debtors") file this

motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Bar Date Order"), (a) setting October 27, 2014, or approximately 77 days after

the entry of the Bar Date Order, as the bar date for filing proofs of claim and requests for

payment under section 503(b)(9) of the Bankruptcy Code to the extent they have not already

been established by the *Interim Order Authorizing the Debtors to (A) Maintain and Administer*

*Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related*

*Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to*

*File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying*

*Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer*

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order"); (b) establishing the bar date for the filing of proofs of claim by claimants affected by any amendments to the Debtors' Schedules (as defined herein) (the "Amended Schedules Bar Date" and, together with the General Bar Date, the "Bar Date" or "Bar Dates," as applicable); (c) approving the form of and manner for filing proofs of claim and section 503(b)(9) requests for payment; and (d) approving the form of notice for the Bar Dates.  In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 101, 105(a), 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(7), 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 1009-2 and 2002-1.

## Relief Requested

4.        By this motion, the Debtors seek entry of the Bar Date Order:

(a)        ***The General Bar Date***. Establishing **October 27, 2014, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each entity,[2] including governmental units, to file proofs of claim based on prepetition claims, including claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor;

(b)        ***The Amended Schedules Bar Date***. Establishing **the later of (i) the General Bar Date, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days from the date on which the Debtors provide notice of an amendment to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such amendment must file Proofs of Claim with respect to such claim;

(c)        approving the form of and manner for filing Proofs of Claim; and

(d)        approving notice of the Bar Dates, including the proposed form of publication notice.

## Background

5.        On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420].  Further information regarding the Debtors' business operations and

---

[2]    Except as otherwise defined in this Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.     On the Petition Date, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) An Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreement, and the Bar Date for Customer Claims and (B) An Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31] (the "Customer Programs Motion"), seeking authority to, among other things, establish the Customer Claims Bar Date (as defined in the Customer Programs Motion) as the deadline by which each customer (including governmental units asserting claims solely in their capacities as customers of the Debtors) must file its proof of claim against any of the Debtors, as further discussed in the Customer Programs Motion.  Pursuant to the Customer Claims Bar Date Order, the Court established October 27, 2014, as the Customer Claims Bar Date.[3]

## The Proposed Bar Dates

**I.     Summary of the Proposed Bar Dates.**

7.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the

---

[3]    Pursuant to the Customer Claims Bar Date Order, the Court established October 27, 2014, as the date by which customer claims, as discussed in the Customer Programs Motion, must be filed.  The General Bar Date of October 27, 2014, as proposed in this Motion by the Debtors, falls on the same date as the Customer Claims Bar Date.  Nothing in this Motion or the Bar Date Order requested hereby will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a proof of claim.  Section 502(b)(9) of the Bankruptcy Code further provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."  11 U.S.C. § 502(b)(9).

8.      Here, the Debtors propose to allow creditors, including governmental units, until October 27, 2014, at 5:00 p.m., prevailing Eastern Time, to file Proofs of Claim.  The Debtors filed their Schedules on June 30, 2014, well before the Debtors' proposed General Bar Date.  Accordingly, the Debtors respectfully submit that the proposed timeline will give all parties in interest adequate notice of the General Bar Date and an opportunity to respond.

**II.      The General Bar Date.**

9.      The Debtors request that the Court establish October 27, 2014, at 5:00 p.m., prevailing Eastern Time, as the General Bar Date.  The General Bar Date would be the date by which all entities, including governmental units, holding prepetition claims must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are actually received by the Debtors' noticing and claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for

executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, as well as claims held by governmental units against the Debtors.

**III.    Amended Schedules Bar Date.**

10.    In accordance with Local Bankruptcy Rule 1009-2, in the event the Debtors amend their Schedules, the Debtors propose that the Court establish the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules, as the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim so that such Proofs of Claim are actually received by Epiq.

<u>**Procedures for Filing Proofs of Claim**</u>

**I.    Parties Required to File Proofs of Claim.**

11.    Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

(a)    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b)    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c)    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.     Parties Not Required to File Proofs of Claim by the General Bar Date.

12.     The Debtors propose that the following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

(a)     any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)     any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     any entity whose claim has previously been allowed by order of the Court;

(d)     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(e)     any Debtor having a claim against another Debtor;

(f)     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)     any entity whose claim (a "Debt Claim") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"); (ii) the Indenture Trustee under a Debt Instrument must file one proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument, and (ii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)     the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [Docket No. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations

7

(as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Final Cash Collateral Order, as applicable, without the necessity of filing any such proof of claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "<u>Agent</u>") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided*, *further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such proof of claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)    any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

8

(k)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date.

## III.    The Proof of Claim Form.

13.    The Debtors have prepared, and request that the Court approve, a form for filing a proof of claim that, although based on Official Form 10, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto (the "Proof of Claim Form").   In addition, with the assistance of Epiq, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

14.    If the creditor disagrees with information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim.  Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 10.

## IV.    Requirements for Preparing and Filing Proofs of Claim.

15.    With respect to preparing and filing of a proof of claim, the Debtors propose that each proof of claim be required to be consistent with the following:

(a)    ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform

substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)   ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)   ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)   ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(e)   ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)   ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)   ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually** **received** by Epiq on or before the applicable Bar Date (or, where

10

applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(h)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

### Consequences of Failure to File a Proof of Claim

16.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Moreover, such creditor is prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participate in any distribution in these chapter 11 cases on account of such claim, or receive further notices regarding such claim.

**Procedures for Providing Notice of the Bar Dates**

17.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**I.    Mailing of Bar Date Notices.**

18.    Pursuant to Bankruptcy Rule 2002(a)(7), no later than five business days after the Court enters the Bar Date Order, the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** to **Exhibit A** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail to the following entities:[4]

(a)    the U.S. Trustee;

(b)    proposed counsel to the Creditors' Committee;

(c)    Wilmington Trust, N.A., and counsel thereto;

(d)    Bank of New York Mellon Trust Company, N.A., and counsel thereto;

(e)    American Stock Transfer & Trust Company, LLC, and counsel thereto;

(f)    Computershare Trust Company, N.A. and Computershare Trust Company of Canada, and counsel thereto;

(g)    UMB Bank, N.A. and counsel thereto;

(h)    BOKF, NA, dba Bank of Arizona, and counsel thereto;

(i)    CSC Trust Company of Delaware and counsel thereto;

(j)    Law Debenture Trust Company of New York and counsel thereto;

(k)    Wilmington Savings Fund Society, FSB and counsel thereto;

---

[4]    Entities or persons who are customers of the Debtors have received a separate bar date package solely in their capacity as customers and pursuant to the Customer Claims Bar Date Order.  To the extent such entities or persons have a relationship with one or more of the Debtors other than in their capacities as customers (for example, as a litigant), such entities or persons will receive a separate Bar Date Package pursuant to the Bar Date Order.

(l)     counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k);

(m)     the agent for the TCEH debtor-in-possession financing facility and counsel thereto;

(n)     the agent for the EFIH debtor-in-possession financing facility and counsel thereto;

(o)     counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership;

(p)     counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders;

(q)     counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders;

(r)     Oncor Electric Delivery Holdings Company LLC and counsel thereto;

(s)     Oncor Electric Delivery Company LLC and counsel thereto;

(t)     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(u)     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)     all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

(w)     all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

(x)     all entities that were party to executory contracts and unexpired leases with the Debtors as of the Petition Date (as described in the Schedules filed by each Debtor on June 30, 2014);

(y)     all entities that are party to litigation with the Debtors;

(z)     all current and former employees (to the extent that such former employees were employed by the Debtors within the last 3 years);

(aa)    all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities, including the Public Utility Commission of Texas, the Nuclear Regulatory Commission, the Railroad Commission of Texas, the Texas Commission on Environmental Quality, the Comptroller of Public Accounts for the State of Texas, United States

Environmental Protection Agency, the District Director of the Internal Revenue Service for the District of Delaware, and the Securities and Exchange Commission;

(bb)    the Pension Benefit Guaranty Corporation;

(cc)    the Office of the Attorney General for the State of Delaware;

(dd)    the office of the attorney general for each state in which the Debtors maintain or conduct business; and

(ee)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

19.    The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim.  The Debtors request the Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings.

20.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices (including to entities the Debtors reasonably believe may have a claim against the Debtors), including in the event that:  (a) notices are returned by the post office with forwarding addresses;[5] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.   In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up

---

[5]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## III.    Publication Notice.

21.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.    In accordance with Bankruptcy Rule 2002(l) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Bar Date Notice, modified for publication, substantially in the form annexed as **Exhibit 3** to **Exhibit A** attached hereto (the "Publication Notice"), on one occasion in each of the publications listed in **Exhibit 4** to **Exhibit A** attached hereto.    The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

## Basis for Relief

## I.    The Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases Are Reasonable and Appropriate.

22.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."    Fed. R. Bankr. P. 3003(c)(3).    Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), none of the Bankruptcy Code, the Bankruptcy Rules, or

the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

23.     It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

24.     The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

25.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors'

Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

## II.    The Proposed Notice Procedures Are Reasonable and Appropriate.

26.    Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

27.    In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See*, *e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995). To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or,

17

although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

28.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."     *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72 F.3d at 347.

29.     In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or prior to the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[6]

30.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for

---

[6]    For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan confirmed in these chapter 11 cases.

filing claims under section 503(b)(9) of the Bankruptcy Code. *See*, *e.g.*, *In re GSE Environmental, Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 30, 2014) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (same); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 21, 2013) (same); *In re ICL Holding Co. f/k/a LCI Holding Co.*, No. 12-13319 (KG) (Bankr. D. Del. Sept. 13, 2013) (KG) (same); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. May 23, 2013) (same); *In re Saab Cars N. Am., Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. July 9, 2012) (same).

31.     The Debtors submit that the relief requested herein provides for clear notice of the Bar Dates as set forth herein in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the General Bar Date is established, as proposed, on October 27, 2014, at 5:00 p.m., prevailing Eastern Time, the Debtors intend to (a) cause the Bar Date Notice to be mailed no less than five business days after entry of the Bar Date Order and (b) cause the Publication Notice to be published by a date that is at least 21 days prior to the General Bar Date.  Thus, by establishing the General Bar Date in accordance with the provisions hereof, all known claimants will have more than 30 days' notice and unknown or unreachable claimants will have at least 21 days of constructive notice of the General Bar Date for filing their proofs of claim, thereby satisfying Bankruptcy Rule 2002(a)(7).  Additionally, because the Debtors filed their Schedules on June 30, 2014, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

32.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than 30 days from the notice date to file Proofs of Claim with respect to their claims.

33.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See, e.g.*, *In re GSE Environmental, Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 30, 2014) (approving a general bar date); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 21, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re ICL Holding Co. f/k/a LCI Holding Co.*, No. 12-13319 (KG) (Bankr. D. Del. Sept. 13, 2013) (KG) (approving a general bar date that provided for approximately 45 days' notice to creditors); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. May 23, 2013) (approving a general bar date that provided for approximately 30 days' notice to creditors); *In re Saab Cars N. Am., Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. July 9, 2012) (approving a general bar date that provided for approximately 64 days' notice to creditors).

34.     Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

35. The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel

thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties who have requested notice pursuant to Bankruptcy Rule 2002; (z) the Nuclear Regulatory Commission; (aa) the Railroad Commission of Texas; (bb) the Texas Commission on Environmental Quality; and (cc) the Comptroller of Public Accounts for the State of Texas. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

36.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  July 23, 2014

/s/ *Tyler D. Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com
              semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession