## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. ___** |

**ORDER (A) SETTING BAR DATES FOR FILING NON-CUSTOMER
PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE, (B)  APPROVING
THE FORM OF AND MANNER FOR FILING NON-CUSTOMER PROOFS
OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE, AND (C) APPROVING NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order"), (a) establishing a deadline for filing certain claims in these chapter 11 cases, (b) approving the form and manner for filing such claims, and (c) approving notice thereof, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

**I.     The Bar Dates and Procedures for Filing Proofs of Claim.**

2.     Each entity,[3] including a governmental unit, that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 10.[4]  Except in the case of certain exceptions explicitly set forth herein, **all proofs of claim must be filed so that they are actually received on or before October 27, 2014, at 5:00 p.m., prevailing**

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 10 may be obtained by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at:  http://www.efhcaseinfo.com; (c) writing to the Debtors' Claims Processing Center, Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

**Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.**
The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including claims held by governmental units against the Debtors, except for claims specifically exempt from complying with the General Bar Date as set forth in this Bar Date Order.[5]

3.      All persons or entities holding claims (whether secured, unsecured priority, or unsecured non-priority) that arise in connection with the Debtors' amendments to their Schedules must file proofs of claims **so they are actually received on or before the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date" and, together with the General Bar Date, the "Bar Date" or "Bar Dates" as may be applicable), at the addresses and in the form set forth herein**.

4.      All proofs of claim must be filed so as to be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the noticing and claims agent retained in these chapter 11 cases, on or before the General Bar Date (or, where applicable, on or before any other Bar Date as set forth herein, including the Amended Schedules Bar Date, as may be applicable).  If proofs of claim are not received by Epiq on or before the General Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein (including the Amended Schedules Bar Date, as applicable), the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these

---

[5]      Pursuant to the Customer Claims Bar Date Order, the Court established October 27, 2014, as the date by which customer claims, as discussed in the Customer Programs Motion, must be filed.  The General Bar Date of October 27, 2014, as set forth in this Bar Date Order, falls on the same date as the Customer Claims Bar Date. Nothing in this Bar Date Order will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Exempted from the General Bar Date.

5.    The following categories of claimants shall not be required to file a proof of claim by the General Bar Date:

(a)    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    any entity whose claim has previously been allowed by order of the Court;

(d)    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(e)    any Debtor having a claim against another Debtor;

(f)    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)    any entity whose claim (a "Debt Claim") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"); (ii) the Indenture Trustee under a Debt Instrument must file one proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument, and (ii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)    the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric*

4

*Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [Docket No. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Final Cash Collateral Order, as applicable, without the necessity of filing any such proof of claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "Agent") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided, further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such proof of claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)     any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

(k)     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date.

**III.    Substantive Requirements of Proofs of Claim.**

6.      The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)     ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)     ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)     ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)     ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(e)     ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)     ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)     ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(h)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

IV.     **Identification of Known Creditors.**

7.     The Debtors shall mail notice of the General Bar Date (or the Amended Schedules Bar Date, as applicable) to their known creditors and entities the Debtors reasonably believe may have a claim against the Debtors, and such mailing shall be made to the last known mailing address for each such creditor.

V.     **Procedures for Providing Notice of the Bar Dates.**

     A.     **Mailing of Bar Date Notices.**

8.     No later than five business days after the Court enters this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:[6]

     (a)     the U.S. Trustee;

     (b)     proposed counsel to the Creditors' Committee;

     (c)     Wilmington Trust, N.A., and counsel thereto;

     (d)     Bank of New York Mellon Trust Company, N.A., and counsel thereto;

     (e)     American Stock Transfer & Trust Company, LLC, and counsel thereto;

     (f)     Computershare Trust Company, N.A. and Computershare Trust Company of Canada, and counsel thereto;

     (g)     UMB Bank, N.A. and counsel thereto;

     (h)     BOKF, NA, dba Bank of Arizona, and counsel thereto;

     (i)     CSC Trust Company of Delaware and counsel thereto;

     (j)     Law Debenture Trust Company of New York and counsel thereto;

---

[6]     Entities or persons who are customers of the Debtors have received a separate bar date package solely in their capacity as customers and pursuant to the Customer Claims Bar Date Order.  To the extent such entities or persons have a relationship with one or more of the Debtors other than in their capacities as customers (for example, as a litigant), such entities or persons will receive a separate Bar Date Package pursuant to the Bar Date Order.

(k)     Wilmington Savings Fund Society, FSB and counsel thereto;

(l)     counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k);

(m)    the agent for the TCEH debtor-in-possession financing facility and counsel thereto;

(n)     the agent for the EFIH debtor-in-possession financing facility and counsel thereto;

(o)     counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership;

(p)     counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders;

(q)     counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders;

(r)     Oncor Electric Delivery Holdings Company LLC and counsel thereto;

(s)     Oncor Electric Delivery Company LLC and counsel thereto;

(t)     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(u)     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)     all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

(w)    all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

(x)     all entities that were party to executory contracts and unexpired leases with the Debtors as of the Petition Date (as described in the Schedules filed by each Debtor on June 30, 2014);

(y)     all entities that are party to litigation with the Debtors;

(z)     all current and former employees (to the extent that such former employees were employed by the Debtors within the last 3 years);

(aa)    all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities, including the Public Utility Commission of Texas, the Nuclear Regulatory Commission, the Railroad Commission of Texas, the Texas Commission on Environmental Quality,

the Comptroller of Public Accounts for the State of Texas, United States Environmental Protection Agency, the District Director of the Internal Revenue Service for the District of Delaware, and the Securities and Exchange Commission;

(bb)    the Pension Benefit Guaranty Corporation;

(cc)    the Office of the Attorney General for the State of Delaware;

(dd)    the office of the attorney general for each state in which the Debtors maintain or conduct business; and

(ee)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

9.     The Debtors shall provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 10.

10.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages (including to entities the Debtors reasonably believe may have a claim against the Debtors), including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known

10

as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.** **Publication of Bar Date Notice.**

11.    The Debtors shall cause notice of the General Bar Date (and, as may be applicable, the Amended Schedules Bar Date) to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication substantially in the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in each of the publications listed in **Exhibit 4**.

**VI.    Consequences of Failure to File a Proof of Claim.**

12.    Any entity who is required, but fails, to file a proof of claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Such creditor is prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VII.    Amendment to Schedules.**

13.    If the Debtors amend the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment to holders of claims affected

thereby, and the deadline for those holders to file proofs of claim, if necessary, be set as the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date the notice of the Schedule amendment is given (or another time period as may be fixed by the Court).

**VIII.    Notice of the Bar Dates.**

14.    Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IX.    Miscellaneous.**

15.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

16.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

17.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

# PROOF OF CLAIM

Name of Debtor:                     Case Number:

**COURT USE ONLY**

**NOTE:** Do not use this form to make a claim for an administrative expense that arises <u>after</u> the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name and address where notices should be sent:

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**

(*If known*) _____

Filed on: _____

Telephone number:          Email:

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

**COURT USE ONLY**

Telephone number:          Email:

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**1.   Amount of Claim as of Date Case Filed:**        $ _____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑   Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.   Basis for Claim:** _____
       (See instruction #2)

**3.   Last four digits of any number by which creditor identifies debtor:** ____ ____ ____ ____
       **3a. Debtor may have scheduled account as:** _____
       (See instruction #3a)

**4.   Secured** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❑ Real Estate   ❑ Motor Vehicle   ❑ Other

**Describe:** _____

**Value of Property:** $_____

**Annual Interest Rate** _____%   ❑ Fixed  or  ❑ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____   (See instruction #6)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.   Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9.   Signature:** (See instruction #9)    Check the appropriate box:
❑ I am the creditor.   ❑ I am the creditor's authorized agent.   ❑ I am the trustee, or the debtor, or their   ❑ I am a guarantor, surety, indorser, or other codebtor.
            (Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____
Company: _____

(Signature)

(Date)

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613**

**If by Hand Delivery or Overnight Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A redacted document must redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## <u>EXHIBIT 2</u>

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF**
**NON-CUSTOMER PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |

| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**PLEASE TAKE NOTICE THAT:**

On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [_____], 2014 the Court entered an order [Docket No. __] the ("Bar Date Order")[2] establishing certain dates by which parties holding certain prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code. [3]

For your convenience, enclosed with this notice (this "Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]    Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order"), the Court established October 27, 2014, as the date by which customer claims must be filed. The General Bar Date of October 27, 2014, falls on the same date as the Customer Claims Bar Date. Nothing in the Bar Date Order will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

## I.      THE BAR DATES

The Bar Date Order establishes the following bar date for filing proofs of claim in these chapter 11 cases.

(a)      ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities, including governmental units, holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date (i.e., by October 27, 2014, at 5:00 p.m., prevailing Eastern Time)** (the "General Bar Date").  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, as well as, without limitation, claims held by governmental units against the Debtors.

(b)      ***The Amended Schedules Bar Date***. The Bar Date Order establishes **the later of (i) the General Bar Date, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days from the date on which the Debtors provide notice of an amendment to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such amendment must file Proofs of Claim with respect to such claim.

## II.     WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file proofs of claim on or before the General Bar Date or any other bar date set forth in the Bar Date Order, as applicable:

(a)      any entity whose claim against a Debtor is **not** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b)      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c)      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM BY THE GENERAL BAR DATE

Certain parties are not required to file proofs of claim by the General Bar Date.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the General Bar Date need **not** file proofs of claims by the General Bar Date:

(a)      any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)      any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)      any entity whose claim has previously been allowed by order of the Court;

(d)      any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(e)      any Debtor having a claim against another Debtor;

(f)      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)      any entity whose claim (a "Debt Claim") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"); (ii) the Indenture Trustee under a Debt Instrument must file one proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument, and (ii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)      the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [Docket No. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Prepetition First Lien Collateral Order, as applicable, without the necessity of filing any such proof of claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "Agent") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided, further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such proof of claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided

for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)    any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

(k)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)    ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)    ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)    ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)    ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(e)     ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)     ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)     ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(h)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a)    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

(b)    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c)    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d)    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    AMENDMENTS TO THE DEBTORS' SCHEDULES

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file proofs of claim with respect to such claim.

## VII.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than

one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.    ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to:  Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Remainder of page intentionally left blank.]*

## **EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING
OF NON-CUSTOMER PROOFS OF CLAIM, INCLUDING REQUESTS
FOR PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS OCTOBER 27, 2014**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim.** On [_____], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order **[Docket No. __]** (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| DEBTOR | CASE NO. |
|---|---|
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |

| DEBTOR | CASE NO. |
|---|---|
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |
| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**The General Bar Date**.  Pursuant to the Bar Date Order, *all* entities, including governmental units, individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose prior to April 29, 2014, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **October 27, 2014, at 5:00 p.m., prevailing Eastern Time** (the "General Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE GENERAL BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by the Debtors' notice and claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") on or before the General Bar Date (or, where applicable, on or before any other bar date as set forth in the Bar Date Order) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

**Contents of Proofs of Claim**.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  **Please note** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Energy Future Holdings Corp.

**Section 503(b)(9) Requests for Payment**.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to:  Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.  **Please note** that Epiq **cannot** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank.]*

4

<u>**EXHIBIT 4**</u>

**List of Publications for Publication Notice**

| | |
|---|---|
| Abilene Reporter-News | Commercial Appeal |
| Albany Times Union | Connecticut Post |
| Albuquerque Journal | Contractor Magazine |
| Allentown Morning Call | Coppell Gazette |
| Annapolis Capital | Corpus Christi Caller Times |
| Arcadian | Coshocton Tribune |
| Arizona Daily Star | Daily Herald |
| Arizona Daily Sun | Dallas Morning News |
| Arizona Republic | Danville Register & Bee |
| Arkansas Democrat-Gazette | Darlington News & Press |
| Arlington Citizen-Journal | Dayton Daily News |
| Athens Daily Review | Denver Post |
| Athens Messenger | Des Moines Register |
| Austin American Statesman | Deseret News Combo |
| AWCI's Construction Dimensions | Detroit Building Tradesman |
| Baltimore Sun | Duluth Labor World |
| Baton Rouge Advocate | Duluth News Tribune |
| Bend Bulletin | Easton Express Times |
| Billings Gazette | El Heraldo News |
| Biloxi-Gulfport Sun Herald | Electrical Construction & Maintenance |
| Bismarck Tribune | Electrical Contractor |
| Blytheville Courier News | Elgin Courier |
| Bradenton Herald | Fairfield Recorder |
| Bremond Press | Florida Times-Union |
| Brush News-Tribune | Forrest City Times-Herald |
| Bryan-College Station Eagle | Fort Bend Herald |
| Camden Chronicle Independent | Fort Worth Star-Telegram |
| Casper Star Tribune | Forum |
| Charlotte Observer | Franklin News Weekly |
| Cherokeean Herald | Freestone County Times |
| Chicago Tribune | Galveston County Daily News |
| Cincinnati Enquirer | Glen Rose News |
| Clarion-Ledger | Glen Rose Reporter |
| Clatskanie Chief | Glenrock Independent |
| Cleveland Bolivar Commercial | Goldsboro News-Argus |
| Cleveland Citizen | Graham Leader |
| Cleveland Plain Dealer | Grand Rapids Press |
| Clinton Daily Democrat | Grand Valley Labor News |
| Colorado City Record | Granite City News |

Groesbeck Journal
Grove City Record
Hartford Courant
Helena Daily World
Henderson Daily News
Herald Democrat
Hinds Ledger
Hood County News
Houston Chronicle
IEEE Electrical Insulation Magazine
Indiana Gazette
Indianapolis Star
Insulation Outlook
Jackson Sun
Jacksonville Daily Progress
Jacksonville Patriot
Jamestown Post Journal
Johnstown Tribune-Democrat
Joplin Globe
Junction Eagle
Kansas City Labor Beacon
Kansas City Star
Labor Paper, Peoria
Labor Record, Chicago
Lancaster New Era, Intelligencer Journal
Lehighton Times News
Lexington Leader
Longview News-Journal
Lumberton Robesonian
Madison Enterprise Recorder
Malvern Daily Record
Mesabi Daily News
Mesquite News
Metro Detroit Labor News
Mexia News
Miami Herald
Middleburg Union County Times
Milwaukee Labor Press
Milwaukee Journal Sentinel
Minneapolis Labor Review
Monahans News
Morgan City Daily Review
Mount Vernon Optic Herald

Mt. Pleasant Daily Tribune
Natchez Democrat
New City Patch
New Orleans Times-Picayune
New York Times
Newark Star Ledger
News and Observer
Newsday
Niagara Gazette
North Little Rock Times
Northwest Labor Press
Odessa American
Ohio Labor Citizen
Omaha World-Herald
Orlando Sentinel
Osawatomie Graphic
Ouachita Citizen
Palatka Daily News
Palm Beach Post
Panola Watchman
Paris News
Patriot News
PHC News
Philadelphia Inquirer
Pittsburg Gazette
Plains Reporter
Plano Star Courier
Plumbing & Mechanical
Port Lavaca Wave
Post and Courier
Pottsville Republican Herald
Ranger Times
Robertson County News
Rockdale Reporter
Rockwall Herald-Banner
Sacramento Valley Bulletin
Salt Lake Tribune
San Angelo Standard-Times
San Antonio Express-News
San Mateo Co. Labor
Sarasota Herald Tribune
Scappoose Spotlight
Sherman Herald Democrat

Sherwood Voice Combo

Shreveport Times

Sioux City Journal

Snyder County Times

South Florida Sun-Sentinel

Southeast Missourian

Springfield State Journal Register

St. Augustine Record

St. Charles Herald-Guide

St. Louis Labor Tribune

St. Louis Post Dispatch

St. Paul Union Advocate

Star Tribune

Sulphur Springs News Telegram

Sunbury Daily Item

Sunnyvale Gazette

Tampa Bay Times

Teague Chronicle

Tennessean

Texarkana Gazette

The Buffalo News

The Citizen Times

The Courier

The Daily Sentinel

The Labor Paper

The Malakoff News

The Oregonian

The Paducah Sun

The Plain Dealer

The Times-Picayune

Tyler Courier Times-Telegraph

Tyler Morning Telegraph

Union Labor News

USA Today

Victoria Advocate

Voice of the Building Trades, Toledo

Waco Tribune-Herald

Wall Street Journal

Walls & Ceilings

Watertown Daily News

Western Roofing/Insulation/Siding

Wichita Eagle

Wichita Falls Times Record News

Wilmington Star-News

Wise County Messenger

Wrangler News

Yomiuri Shimbun

York Daily Record