## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO MAY 13, 2014, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "**Creditors' Committee**")[2], appointed on May 13, 2014, in the above-captioned chapter 11 cases of Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits this application (the "**Application**") pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order authorizing the retention and employment of POLSINELLI PC ("**Polsinelli**") as co-counsel for the Creditors' Committee *nunc pro tunc* to the May 13, 2014.  In support of this Application, the Creditors' Committee submits the Declaration of Christopher A. Ward, Esq. (the "**Ward Declaration**")

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2]     The Creditors' Committee is composed of creditors of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH LLC**" and, together with EFCH and TCEH LLC's direct and indirect subsidiaries, the "**TCEH Debtors**") and EFH Corporate Services Company.  The Creditors' Committee represents the interests of the unsecured creditors of only the TCEH Debtors and EFH Corporate Services Company and of no other debtors.

attached hereto as <u>Exhibit A</u>, which is hereby incorporated by reference.  In further support of this Application, the Creditors' Committee respectfully represents as follows:

## I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and this Application is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

2.     On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**").  The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp, et al., In Support of First Day Motions* [Docket No. 98].

3.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     No trustee or examiner has been appointed in these Cases.

5.     On May 13, 2014, the Office of the United States Trustee appointed the Creditors' Committee [Docket No. 420].

48140591.3

6.     The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

7.     The Creditors' Committee has retained the following advisors: Morrison & Foerster LLP, as its lead counsel; Polsinelli, as its Delaware counsel; Lazard Freres & Co. LLC, as its investment banker; and FTI Consulting, Inc., as its financial advisors.

### III.
### RELIEF REQUESTED

8.     By this Application, the Creditors' Committee seeks to employ and retain Polsinelli *nunc pro tunc* to May 13, 2014 to represent the Creditors' Committee as their bankruptcy and restructuring co-counsel in connection with the Debtors' Cases.  Accordingly, the Creditors' Committee respectfully requests entry of an order pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto, authorizing the Creditors' Committee to employ and retain Polsinelli as their legal co-counsel in these Cases.

### IV.
### BASIS FOR RELIEF REQUESTED

9.     Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy Code under any reasonable terms and conditions with the court's approval.  11 U.S.C. § 328(a). Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  11 U.S.C. § 1103(b).

48140591.3

10.     In connection with the proposed retention by the Creditors' Committee in these Chapter 11 Cases, Polsinelli received a list identifying more than 10,000 parties-in-interest from the Debtors.[3]  To the best of the Creditors' Committee's knowledge, information and belief, and except as disclosed herein and in the Ward Declaration, neither Polsinelli nor any of its shareholders, counsel, of counsel, senior partners, or associates has had or presently have any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matters related to the Debtors or their estates.  Polsinelli is a "disinterested person" as defined in the Bankruptcy Code.

11.     The Creditors' Committee has selected Polsinelli because of its attorneys' experience and knowledge in chapter 11 cases pending in the United States Banrkuptcy Court for the District of Delaware and because of the absence of any conflict of interest.  Polsinelli has advised the Creditors' Committee that Polsinelli may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending chapter 11 Cases, entities that are claimants of the Debtors or other parties-in-interest (or service providers thereto) in these chapter 11 Cases.  Polsinelli has not (except as disclosed in the Ward Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the Creditors' Committee, the Debtors, or these chapter 11 Cases.

12.     The Creditors' Committee seeks to retain Polsinelli as their co-counsel because of Polsinelli's extensive general legal experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under

---

[3]     Due to the voluminous nature of the list of parties-in-interest, it is not attached to the Application but is available upon request to counsel to the Creditors' Committee.

48140591.3

chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters in this Court.  Further, Polsinelli's appearance before this Court for the applications, motions, and other matters in these Cases will be efficient and cost-effective for the Debtors' estates.  The Creditors' Committee believes that Polsinelli is both well-qualified and uniquely able to represent them in these Cases in a most efficient and timely manner.

13.     Polsinelli is an AmLaw 100 national full-service law firm with over 725 lawyers and 19 offices that is a recognized leader in the areas of health care, financial services (including all aspects of debt from origination through enforcement), real estate, litigation, and business. Polsinelli has approximately 30 lawyers dedicated to its national bankruptcy and financial restructuring practice and was recently recognized by Chambers USA in Band 3 for Delaware Bankruptcy/Restructuring as well as individual attorney recognition in Delaware, Chicago, and Los Angeles.

14.     Polsinelli has extensive experience in numerous other chapter 11 bankruptcy cases in including most recently:  Delaware bankruptcy counsel to Creditors Committee in chapter 11 case of Simplexity, LLC; Delaware bankruptcy counsel to chapter 11 debtors in Global Aviation Holdings Inc., et al.; lead counsel to chapter 11 debtors in Marinas International Consolidated, LP, et al.; lead counsel to Creditors Committee in Chapter 11 and special litigation counsel to Chapter 7 Trustee in Open Range Communications, Inc.; lead counsel to Creditors Committee of Revel Casino chapter 11; special litigation counsel in Indianapolis Downs, LLC chapter 11; conflicts counsel and Delaware bankruptcy counsel in Coach America chapter 11; lead counsel to chapter 11 debtors in Signature Styles, LLC; lead counsel to Creditors Committee and Plan Administrator in Crossroads Wireless chapter 11; lead counsel to Creditors

5

Committee and Plan Administrator in Ultimate Escapes chapter 11; Delaware bankruptcy counsel to petitioning creditors in involuntary chapter 11 case, Creditors Committee in chapter 11 case, and Liquidating Trustee Saab Cars of North America; conflicts counsel and Delaware bankruptcy counsel in Palm Harbor Homes chapter 11; and Delaware bankruptcy counsel to the Examiner in SemCrude chapter 11.

15.     By separate application, the Creditors' Committee is also seeking approval to employ Morrison & Foerster LLP ("**MoFo**") to serve as co-counsel in these Cases.   The Creditors' Committee believes that if this Court approves the employment of MoFo and Polsinelli, these firms will allocate their delivery of services to the Creditors' Committee so as to avoid any unnecessary duplication of services.  Polsinelli and MoFo have worked together in the past and have developed a good working rapport that will assure that there is no duplication of effort in these Cases.  It is the carefully considered view of the Creditors' Committee that, considering the size and complexity of these Cases and the various interests involved, including the fact that these Cases are pending in Delaware and Delaware counsel is requirement under the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that representation of the Debtors by MoFo and Polsinelli is necessary, advisable, and in the best interests of the Creditors' Committee.

16.     In addition, MoFo and Polsinelli have held an organizational meeting to discuss the appropriate scope of services of both firms and the firms have developed a working plan to assure that there are no duplication of services rendered on behalf of the Creditors' Committee. Polsinelli has also supplied MoFo with copies of the Local Rules.

17.     The services Polsinelli has rendered and may be required to render for the Creditors' Committee include, without limitation, the following:

48140591.3

(a)      in conjunction with co-counsel, providing legal advice with respect to the powers and duties available to the Creditors' Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b)      assisting co-counsel in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

(c)      assisting co-counsel in preparing on behalf of the Creditors' Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

(d)      reviewing, analyzing and assisting co-counsel in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the Creditors' Committee;

(e)      consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' respective estates;

(f)      representing the Creditors' Committee in hearings and other judicial proceedings;

(g)      advising the Creditors' Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and

(h)      performing all other legal services for the Creditors' Committee in connection with these chapter 11 cases.

18.      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis.  11 U.S.C. § 328(a).  Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Creditors' Committee requests that Polsinelli be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Polsinelli incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

19.      Polsinelli has advised the Creditors' Committee that Polsinelli's hourly rates for professionals that will be primarily responsible for this matter range from $300 to $1,000 per hour for shareholders, from $200 to $400 per hour for associates and senior counsel, and from $100 to $250 per hour for paraprofessionals.  The primary attorneys and paralegals expected to represent the Creditors' Committee, and their respective hourly rates are:

| | | |
|---|---|---|
| (a) | Christopher A. Ward (Delaware shareholder) | $620 per hour |
| (b) | Justin K. Edelson (Delaware associate) | $385 per hour |
| (c) | Shanti M. Katona (Delaware associate) | $385 per hour |
| (d) | Jarrett K. Vine (Delaware associate) | $340 per hour |
| (e) | Lindsey M. Suprum (Delaware paralegal) | $245 per hour |

Other attorneys and paralegals will render services to the Creditors' Committee as needed. These rates are the standard national rates charged by Polsinelli to other similarly situated clients and on similar matters.  The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

20.      The Creditors' Committee also submits that such rates are reasonable and should be approved by the Court at this time, subject to a determination of the amounts to be paid to

Polsinelli upon applications for allowance.  Moreover, the Creditors' Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse Polsinelli for its actual and necessary expenses.

## V.
## NO PRIOR REQUEST

21.     The Creditors' Committee has made no previous application or motion for the relief sought herein to this or any other Court.

## VI.
## NOTICE

22.     The Creditors' Committee shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) Wilmington Trust, N.A,, in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 630% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EMI legacy notes (series R) due 2034, and counsel thereto; (1) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto;

(g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (3) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 1025% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (1) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EMI debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas/PUC; (x) counsel to the Electric Reliability Council of Texas/ERCOT; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Creditors'

48140591.3

Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests the relief requested herein and such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
July 21, 2014

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

_____
Name:
Title:  Co-Chair of the Creditors' Committee

11

48140591.3