MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi

*Proposed Counsel for the Official
Committee of Unsecured Creditors of
Energy Future Holdings Corp., et al.*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
UNDER SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING,
INC. AS FINANCIAL ADVISOR EFFECTIVE AS OF MAY 19, 2014**

TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future

Holdings Corp., *et al.* (the "**Debtors**"), by its Co-Chairperson, Holt Texas, Ltd. d/b/a Holt CAT

("**Holt Cat**"), hereby applies to the Court (the "**Application**") for an order, the proposed form of

which is attached as <u>Exhibit A</u>, pursuant to 11 U.S.C. §§ 328(a) and 1103(a) of title 11 of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2

ny-1146127

United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees (collectively, "**FTI**") effective as of May 19, 2014, as financial advisor to the Committee.  In support of this Application, the Committee relies upon the Declaration of Steven Simms (the "**Simms Declaration**"), attached hereto as <u>Exhibit B</u>, incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

2. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has approved the joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [Docket No. 98].

3. On May 12, 2014, the United States Trustee for the District of Delaware selected a seven (7) member committee pursuant to section 1102(a)(1) of the Bankruptcy Code. Also on May 12, 2014, the Committee selected Holt Cat and and Law Debenture Trust Company of New York as its Co-Chairpersons. On May 16, 2014, the Committee selected Lazard Frères & Co. LLC ("**Lazard**") to serve as its investment banker, and on May 19, 2014, the Committee selected FTI as its financial advisor.

## RELIEF REQUESTED

4. Subject to this Court's approval, the Committee seeks to employ and retain FTI pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, effective as of May 19, 2014.

5. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

6. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

**A.** **Services to be Provided**

7. FTI will provide such financial advisory services to the Committee and its legal advisor as the Committee and FTI each deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

(a)     assist in the review of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

(b)     assist with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

(c)     assist with the review of the Debtors' proposed key employee retention and other employee benefit programs;

(d)     assist with the review of the Debtors' long term financial projections, including industry outlook and cash generating capacity and identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

(e)     assist with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

(f)     assist with the review of the Debtors' corporate structure, including analysis of intercompany activities and claims;

(g)     assist with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

(h)     assist in the review of the claims reconciliation and estimation process;

(i)     attend meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(j)     assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

(k)     assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(l)     assist in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

(m)     render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with

5

the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

B. **No Duplication of Services**

8. Contemporaneously with the filing of this Application, the Committee has also filed an application for authority to retain Lazard to provide investment banking services to the Committee. The services that Lazard is to provide to the Committee are separate and distinct from, and complementary to, the financial advisory services that FTI will be providing to the Committee. In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these chapter 11 cases, FTI and Lazard will coordinate on the services they are providing to the Committee so as to avoid duplicating or creating unnecessary work. Moreover, FTI has worked in a co-advisory role in a number of cases and has significant experience ensuring the avoidance of duplication in the provision of services to the Committee.

C. **Professional Compensation**

9. The Committee understands that FTI intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the Office of the United States Trustee.

10. FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in these cases, subject to Court approval.

11. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $800-925 |
| Directors/Managing Directors | 580-765 |
| Consultants/Senior Consultants | 300-550 |
| Administrative/Paraprofessionals/Associates | 125-250 |

12.     FTI understands that interim and final fee awards are subject to approval by this Court.

### D.     FTI's Distinterestedness

13.     FTI has informed the Committee that, except as may be set forth in the Simms Declaration, it does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.  To the best of the Committee's knowledge and based upon the Simms Declaration, (a) FTI's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Schedule 2 to the Simms Declaration; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

14.     Other than as set forth in the Simms Declaration, FTI has not provided, and will not provide any professional services to the Debtors, any of the creditors or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

15.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

16.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

ny-1146127

**E.    Indemnification**

17.    In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

   a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

   b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) *infra*, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

18.    The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings.  Specifically, the indemnification provisions in the Application contain qualifications and limitations that are customary in this district and other jurisdictions.  When viewed in conjunction with the other terms of FTI's proposed retention,

8

ny-1146127

such indemnification provisions are reasonable and in the best interests of the Debtors' estates, creditors, and all parties in interest.

## NOTICE

19. Notice of this Motion has been provided by electronic transmission, overnight delivery or hand delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties who have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

20. No prior Application for the relief requested herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: July 21, 2014

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
Energy Future Holdings Corp., *et al.*

By: */s/ Michael Puryear*
Michael Puryear
General Counsel
Holt Texas, Ltd. d/b/a Holt CAT
Co-Chairperson of the Committee