MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi

*Proposed Counsel for the Official
Committee of Unsecured Creditors of
Energy Future Holdings Corp., et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER EFFECTIVE AS OF MAY 14, 2014, (B) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h), AND (C) GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future

Holdings Corp., *et al.* (the "**Debtors**"), by its Co-Chairperson, Holt Texas, Ltd. d/b/a Holt CAT

("**Holt Cat**"), hereby applies to the Court (the "**Application**") for an order, the proposed form of

which is attached as Exhibit A, pursuant to 11 U.S.C. §§ 328(a) and 1103(a) of title 11 of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2(h) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (a) authorizing the Committee to employ and retain Lazard Frères & Co. LLC ("**Lazard**") as their investment banker as of May 14, 2014 pursuant to that certain engagement, annexed as Exhibit B (the "**Engagement Letter**"), by and between Lazard and the Committee, (b) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (c) granting related relief.  In support of this Application, the Committee relies upon the Declaration of Timothy R. Pohl, a Managing Director at Lazard (the "**Pohl Declaration**"), attached hereto as Exhibit C, and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  The statutory predicates for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 and 2016-2(h).

## RELIEF REQUESTED

2.      Subject to this Court's approval, the Committee seeks to employ Lazard pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rules 2014-1 as its investment banker in connection with the Debtors' chapter 11 cases, effective as of May 14, 2014, in accordance with the terms, and subject to the conditions, of the Engagement Letter.

2

## BACKGROUND

3.    On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has approved the joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [Docket No. 98].

4.    On May 12, 2014, the United States Trustee for the District of Delaware selected a seven (7) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.  Also on May 12, 2014, the Committee selected Holt Cat and Law Debenture Trust Company of New York as its Co-Chairpersons.  On May 14, 2014, the Committee selected Lazard to serve as its investment banker in connection with the Debtors' chapter 11 cases.

## RETENTION OF LAZARD

5.    Lazard is an investment banking and financial advisory firm focused on providing investment banking, financial advice, and transaction execution on behalf of its clients.  Lazard's broad range of corporate advisory services includes general financial advice, corporate restructurings, domestic, and cross-border mergers and acquisitions, divestitures, privatizations, special committee assignments, takeover defenses, and strategic partnerships/joint ventures.  In addition, Lazard has a significant asset management subsidiary.  Lazard is registered as a broker-dealer with the United States Securities and Exchange Commission and the Financial Industry Regulatory Authority, as well as in all 50 states, the District of Columbia, and Puerto

3

Industry Regulatory Authority, as well as in all 50 states, the District of Columbia, and Puerto Rico. Furthermore, Lazard has extensive experience in the reorganization and restructuring of troubled companies, both out-of-court and in chapter 11 cases. Lazard's employees have advised debtors, creditors, equity constituencies, and government agencies in numerous complex financial reorganizations. Indeed, since 1990, Lazard's professionals have been involved in over 250 restructurings, representing over $1 trillion in debtors' assets

6. Notably, Lazard has been retained as an investment banker and financial advisor in numerous large and complex chapter 11 cases, including, among others, *In re Cengage Learning, Inc.*, No. 13-44106 (Bankr. E.D.N.Y. 2013 July 24, 2013); *In re A123 Sys., Inc.*, No. 12-12859 (Bankr. D. Del. Nov. 9, 2012); *In re Eastman Kodak Co.*, No. 12-10202 (Bankr. S.D.N.Y. Feb. 28, 2012); *In re NewPage Corp.*, No. 11-12804 (Bankr. D. Del. Sept. 7, 2011); *In re Great Atl. & Pac. Tea Co.*, No. 10-24549 (Bankr. S.D.N.Y. Jan. 13, 2011); *In re Citadel Broad. Corp.*, No. 09-17442 (Bankr. S.D.N.Y. Apr. 12, 2010); *In re Lehman Bros. Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Dec. 17, 2008); *In re Tropicana Entm't, LLC*, No. 08-10856 (Bankr. D. Del. May 30, 2008); *In re Wellman, Inc.*, No. 08-10595 (Bankr. S.D.N.Y. Mar. 19, 2008); *In re Movie Gallery, Inc.*, No. 07-33849 (Bankr. E.D. Va. Oct. 18, 2007); *In re New Century TRS Holdings, Inc.*, No. 07-10416 (Bankr. D. Del. Apr. 5, 2007); *In re Nw. Airlines Inc.*, No. 05-17930 (Bankr. S.D.N.Y. July 20, 2006); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. May 2, 2006); *In re Collins & Aikman Corp.*, No. 05-55927 (Bankr. E.D. Mich. July 18, 2005); *In re Tower Auto., Inc.*, No. 05-10578 (Bankr. S.D.N.Y. June 15, 2005); *In re Solutia, Inc.*, No. 03-17949 (Bankr. S.D.N.Y. May 26, 2004); *In re Parmalat U.S.A Corp.*, No. 04-11139 (Bankr. S.D.N.Y. Apr. 22, 2004); *In re Adelphia*

*Comm. Corp.*, No. 02-41729 (Bankr. S.D.N.Y. Dec. 12, 2003); *In re Worldcom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Jan. 14, 2003)

7.      The Committee submits this Application because of its need to retain an investment banker to assist it in the critical tasks associated with guiding the Committee through the Debtors' reorganization efforts.  The Committee respectfully submits that the services of an investment banker is necessary and appropriate to enable it to evaluate the complex financial and economic issues raised by the Debtors' reorganization proceedings and to effectively fulfill its statutory duties.

8.      The Committee formally reviewed materials submitted by Lazard prior to selecting it as the Committee's financial advisor.  Such selection was based on the Committee's determination that Lazard is the best candidate for the services to be provided and that its proposed fee structure is competitive and appropriate given the Committee's understanding of the facts and circumstances of the chapter 11 cases.  The Committee further selected Lazard to act as its financial advisor in the chapter 11 cases because of Lazard's significant expertise in providing investment banking services to debtors and creditors in restructurings and distressed situations.

A.      **Services to be Provided**

9.      The Committee anticipates that Lazard will render the following financial advisory services pursuant to the Engagement Letter and as requested by the Committee in a cost-effective, efficient, and timely manner:[2]

> (a)      review and analyze the business, operations, liquidity, assets and liabilities, financial condition and prospects of the Company;[3]

---

[2] This Application summarizes the terms of the Engagement Letter.  To the extent there is a conflict between the Application and the Engagement Letter, the Engagement Letter will govern.

(b)     review and analyze the Company's business plan;

(c)     evaluate the Company's debt capacity in light of its projected cash flows;

(d)     review and provide an analysis of any proposed capital structure for the Company;

(e)     review and provide an analysis of any valuation of the Company or its assets;

(f)     advise and attend meetings of the Committee as well as meetings with the Company or other third parties as appropriate in connection with the matters set forth herein;

(g)     advise and assist the Committee in evaluating the financial aspects of any potential DIP loans or other financing by the Company;

(h)     review, analyze and advise the Committee with respect to the existing debt structures of the Company, and potential refinancing alternatives for existing secured debt;

(i)     advise and assist the Committee in analyzing strategic alternatives potentially available to the Company;

(j)     review and provide an analysis of any restructuring plan (as the same may be modified from time to time, a "**Plan**") proposed by any party;

(k)     review and provide an analysis of any new securities, other consideration or other inducements to be offered and/or issued under the Plan or otherwise;

(l)     assist the Committee and/or participate in negotiations with the Company;

(m)     provide testimony, as necessary, with respect to matters on which we have been engaged to advise the Committee in any proceeding before the Court; and

(n)     provide such other financial advisory services as the Committee may from time to time reasonably request and which are customarily provided by financial advisors in similar situations.

---

(cont.)
[3] As used in the Engagement Letter, the term "Company" means, collectively Energy Future Holdings Corp. and its subsidiaries and affiliates that are debtors in the chapter 11 cases (Case No. 14-10979 (Jointly Administered)).

ny-1144317

10.     Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the Chapter 11 cases. *See* 11 U.S.C. § 1103(a). In the Debtors' chapter 11 cases, the Committee requires qualified professionals to render these essential investment banking services. As discussed above, Lazard has substantial expertise as an investment banker in complex chapter 11 cases, and is well qualified to perform these services and to assist the Committee in the chapter 11 cases.

11.     Lazard understands that the Committee has chosen FTI Consulting, Inc. ("**FTI**") to provide financial advisory services. Lazard intends to work closely with FTI to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

### B.     Professional Compensation

12.     Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Executive Office of the United States Trustee (the "**U.S. Trustee Guidelines**") and the Court's orders, plus seek reimbursement of actual, necessary expenses and other charges that Lazard incurs.

13.     Investment bankers such as Lazard do not typically charge for their services on an hourly basis. Instead, they customarily charge a monthly advisory fee plus an additional fee that is contingent upon the occurrence of a specified type of transaction. The compensation arrangements that have been negotiated among Lazard and the Committee is highly beneficial to the Committee as they provide certainty and proper inducement for Lazard to act expeditiously and prudently with respect to the matters for which it will be employed. Accordingly, because the Committee is seeking to retain Lazard under section 328(a) of the Bankruptcy Code, the

7

Committee believes that Lazard's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code and do not constitute a "bonus" or fee enhancement under applicable law.

14.      Subject to the Court's approval and, except as otherwise modified herein or by order of the Court, the Committee seeks the following consideration for Lazard's services (the "**Fee Structure**") pursuant to, and as further explained in, the Engagement Letter:

(a)      **Monthly Fee**:

(1)      The Debtors shall pay Lazard a monthly fee (the "**Monthly Fee**") of $250,000 for each month of Lazard's engagement hereunder, payable in accordance with this Court's orders. The Monthly Fee for the month of May 2014 shall be payable pro-rated such that Lazard will not be paid for the first thirteen (13) days of the month; and

(2)      50% of all Monthly Fees paid in respect of any month commencing with the month of February 2015 shall be credited (without duplication) against any Contingent Fee (defined below). For the avoidance of doubt, if the Contingent Fee is not payable, there shall be no crediting of the Monthly Fees.

(b)      **Restructuring Fee**. The Debtors shall pay Lazard a fee (the "**Restructuring Fee**"), payable upon consummation of any Restructuring[4] of $10,000,000.

(c)      **Contingent Fee**. The Debtors shall pay Lazard a fee (the "**Contingent Fee**"), payable upon consummation of any Restructuring supported by the Committee, of $3,000,000.

15.      In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Debtors shall promptly reimburse Lazard for all reasonable expenses

---

[4] The term "Restructuring" shall mean any restructuring, reorganization, rescheduling, recapitalization or repayment of all or any material portion of the Company's liabilities or any sale of all or material portion of the Company or its assets, however such result is achieved, including, without limitation, through a Plan confirmed by the Bankruptcy Court, an exchange offer or consent solicitation, covenant relief, rescheduling of debt maturities, change in interest rates, other amendments to the Company's debt instruments, settlement or forgiveness of debt, conversion of debt into equity, repayment of the Company's debt instruments, issuance of new securities, raising of new debt, equity or hybrid capital, or the sale or other transfer of equity, assets or other interests of the Company.

incurred by Lazard (including travel and lodging, data processing and communications charges, courier services, and other expenditures) and the reasonable fees and expenses of outside counsel, if any, retained by Lazard to negotiate or enforce the Engagement Letter or for services to Lazard necessary for Lazard to perform its obligations under the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules (to the extent not waived).

16.     In addition, Lazard will maintain records in support of any expenses incurred in connection with the rendering of its services in these chapter 11 cases.  As Lazard's compensation will be calculated and paid based on certain transaction fees (in addition to Monthly Fees), Lazard requests that it not be required to file time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court.  Notwithstanding that Lazard does not charge for its services on an hourly basis, Lazard will nonetheless maintain records (in summary format) of its services rendered for the Committee in one-half (0.5) hour increments.

17.     The Committee believes the Fee Structure is consistent with and typical of compensation arrangements entered into by Lazard and other comparable firms in connection with the rendering of similar services under similar circumstances.  Lazard's strategic and financial expertise as well as its capital markets knowledge, financing skills, restructuring capabilities, and mergers and acquisitions expertise, some or all of which may be required by the Committee during the term of Lazard's engagement, were all important factors in determining the Fee Structure.  The Committee believes that the ultimate benefit of Lazard's services cannot be measured by reference to the number of hours to be expended by Lazard's professionals in the performance of such services.  Indeed, the Committee and Lazard have agreed upon the

Fee Structure in anticipation that a substantial commitment of professional time and effort will be required of Lazard and its professionals in connection with these chapter 11 cases and in light of the fact that:  (a) such commitment may foreclose other opportunities for Lazard; and (b) the actual time and commitment required of Lazard and its professionals to perform its services under the Engagement Letter may vary substantially from week to week and month to month, creating "peak load" issues for Lazard.

18.    In light of the foregoing and given the numerous issues that Lazard may be required to address in the performance of its services hereunder, Lazard's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market prices for Lazard's services for engagements of this nature both in an out of court and chapter 11 context, the Committee believes that the Fee Structure is fair, reasonable, and market-based under the standard set forth in section 328(a) of the Bankruptcy Code.

**C.    Indemnification**

19.    The Engagement Letter provides that it is a material part of the consideration for Lazard to furnish its services under the Engagement Letter that the Debtors and certain related persons agree to indemnify, reimburse and provide contribution to Lazard as detailed in the Engagement Letter (hereafter, the "**Indemnity**").

20.    The indemnification, contribution, and reimbursement provisions reflected in the Engagement Letter are customary and reasonable terms of consideration for investment bankers such as Lazard for proceedings both out of court and in chapter 11.  The Indemnity includes qualifications and limits on the indemnification and limitation on liability provisions that are customary in Chapter 11 cases.  Accordingly, the Committee and Lazard believe that the

Indemnity is customary and reasonable for engagements of this type and, therefore, should be approved.

       **D.**     **<u>Lazard's Disinterestedness</u>**

      21.     In connection with the proposed retention by the Committee in these chapter 11 cases, Lazard has received a list of parties-in-interest from the Debtors (the "**Parties-In-Interest**") attached to the Pohl Declaration as <u>Schedule 1</u>.

      22.     Based on the Pohl Declaration, the Committee believes that Lazard is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

      23.     Based on the foregoing, the Committee believes that the employment of Lazard would be in the best interests of the Committee, the Debtors and their estates and creditors.

**<u>NOTICE</u>**

      24.     Notice of this Motion has been provided by electronic transmission, overnight delivery or hand delivery to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties who have filed a notice of appearance in these cases.  In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

**<u>NO PRIOR REQUEST</u>**

      25.     No prior application for the relief requested herein has been made to this or any other court.

11

WHEREFORE, the Committee respectfully requests that the Court:  (a) enter an order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: July 21, 2014

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
Energy Future Holdings Corp., *et al.*

By: _____
Michael Puryear
General Counsel
Holt Texas, Ltd. d/b/a Holt CAT
Co-Chairperson of the Committee

12