# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**SUPPLEMENTAL DECLARATION OF DAVID YING IN SUPPORT OF THE APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY EVERCORE GROUP L.L.C. AS INVESTMENT BANKER AND FINANCIAL ADVISOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, DAVID YING, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a Senior Managing Director and the Head of Restructuring at Evercore Group L.L.C. ("**Evercore**"), which has a place of business at 55 East 52nd Street, New York, NY 10055.

2. The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed their application (the "**Application**") to employ and retain Evercore on May 29, 2014 (ECF No. 651).[1] My original declaration in support of the Application (the "**Original Declaration**") was filed together with the Application. I submit this supplemental declaration on behalf of Evercore in compliance with §§ 327 and 328 of the Bankruptcy Code and to provide the disclosures required under Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rules

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2014-1 and 2016-2 in further support of the Application. Except as otherwise noted herein and in my Original Declaration, I have personal knowledge of the matters set forth herein.

3. In connection with its proposed retention by the Debtors in these cases, Evercore received a list of the Parties-In-Interest attached to the Original Declaration as Exhibit 1.

4. To the best of my knowledge and belief, Evercore has not represented any Parties-In-Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these chapter 11 cases except as set forth herein and in the Original Declaration, including Exhibit 2 attached thereto.

5. The supplemental disclosures below, which are incorporated into Exhibit 2 of my Original Declaration by reference, have come to my attention since the filing of my Original Declaration:

*[The remainder of this page is intentionally blank.]*

|   | Party in Interest | Entity with which Evercore has a connection | Nature of Connection |
|---|---|---|---|
| 1. | Bank of New York Mellon, The; Bank of New York Mellon Trust Co., The Bank of New York, The Bank of New Mellon, The Bank of New York Mellon Trust Co., The; Bank of New York Mellon Trust Co. NA, The Bank of New York Trust Co. NA, The; Bank of New York Corporate Trust Admin Support, The Bank of New York Mellon Corporate Trust Municipal, The; Bank of New York Mellon Corporate Trust, The Bank of New York Trustee, The Mellon Bank | BNY Mellon | Evercore advised BNY Mellon and Newton Investment Management Limited on the sale of Newton's Private Client Business to Standard Life Wealth, a matter unrelated to the Debtors. |
| 2. | 1 Party in Interest that falls into one or more of the following categories: Bondholders Secured, Bondholders Unsecured, and Debtholders. |  | Evercore is advising this Party in Interest (or an affiliate thereof) on confidential matters unrelated to the Debtors. |
| 3. | Simpson Thacher & Bartlett LLP | Simpson Thacher | Richard Beattie, a partner at Simpson Thacher, serves on Evercore's Board of Directors. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 29, 2014

By: _____
David Ying
Senior Managing Director and Head of Restructuring
Evercore Group LLC.