**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
|  | ) | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) ) | (Jointly Administered) |
| *Debtors.* | ) ) | Related to Dkt. # 1683 |

**LIMITED OBJECTION OF CSC TRUST COMPANY OF DELAWARE,**
**AS INDENTURE TRUSTEE, TO DEBTORS' MOTION**
**FOR EXTENSION OF EXCLUSIVITY PERIODS**

CSC Trust Company of Delaware ("CSC Trust"), as Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% First Lien Notes" or the "10% Notes") issued by Debtors under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), hereby makes a limited objection to the Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code (Dkt. #1683, the "First Exclusivity Motion").

## OBJECTION

1.      The Debtors have asked for a six-month extension of exclusivity without providing any clarity concerning the direction of these cases.  A shorter extension of exclusivity – of two months – is appropriate to allow the Debtors to disclose their

1

forthcoming proposal on a marketing process for EFIH, and to allow creditors and the Court to determine whether that process merits a lengthy exclusive period.  The six months the Debtors request is instead a blank check that the Debtors could use in a manner contrary to the will of the majority of creditor constituencies of EFIH.

2.    The EFIH First Lien Trustee, this Court, and the remaining EFIH creditors lack a key fact necessary to assess the appropriate length for an exclusivity extension – namely, the fate of the NextEra acquisition proposal valued at roughly $18 billion. [Dkt. 1593-1].  On July 24, the Debtors announced the termination of the Restructuring Support Agreement and stated that they "intend to conduct a court supervised bid process with respect to the restructuring of EFH and EFIH." [EFIH 8-K filed July 24, 2014].  But there has been no disclosure of whether the Debtors will bring forward the NextEra proposal as a "stalking horse" bid, or what process and timeline they will propose "to maximize value".  Given the pendency of the NextEra bid, and the fact that the Debtors have not disclosed whether their proposed process will effectively foreclose or risk the NextEra proposal, it is simply premature to grant a six month extension.

3.    The EFIH First Lien Trustee is concerned that the Debtors will reprise their prior conduct in this case: unveiling a "transaction process" in the week leading up to the August 13, 2014 hearing to extend exclusivity, leaving creditors with no opportunity to fairly evaluate that proposed process.  While the process itself will not be set for approval on August 13, the Debtors will be seeking to lock in a six-month extension of the exclusive period to pursue whatever course they choose.

4.      This Court must consider any lengthy exclusivity extension only against the backdrop of the Debtors' proposed program and course of action.  The Debtors' first proposed course of action in this case – the RSA – has now been terminated.  This case should not have another significant period pursuing a course of action only to find at the end that the proposal faces widespread creditor opposition.

5.      Creditors and this Court should assess the Debtors' exclusivity request and the process proposal together, at a reasonable pace, and on ordinary notice – not through the sort of last-minute proposals and resulting frenetic litigation that have typified this case to date.

WHEREFORE, this Court should grant only a 60-day extension of each of the exclusive filing and solicitation periods, and grant such other relief as is appropriate under the circumstances.

Dated:  August 6, 2014

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.


/s/   J. Kate Stickles
Norman L. Pernick (DE 2290)
J. Kate Stickles (DE 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: 302-652-3131
Facsimile:  302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

Warren A. Usatine
25 Main Street,
P.O. Box 800
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile:  201-489-1536
wusatine@coleschotz.com

     --and--

ROPES & GRAY LLP
Keith H. Wofford
Mark R. Somerstein
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Keith.Wofford@ropesgray.com
Mark.Somerstein@ropesgray.com

D. Ross Martin
Andrew G. Devore
Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
Telephone: 617-951-7000
Facsimile:  617-951-7050
Ross.Martin@ropesgray.com
Andrew.Devore@ropesgray.com

     --and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile:  212-248-3141
James.Millar@dbr.com

*Counsel for CSC Trust Company of Delaware,
as successor indenture trustee*

4