## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                                       :    Chapter 11
                                                       :
In re                                                  :
                                                       :    Case No. 14-10979 (CSS)
                                                       :
Energy Future Holdings Corporation, et al.,            :
                                                       :    Jointly Administered
            Debtors.¹                                  :
                                                       :    Re:  D.I. 6, 7, 226, 1719
                                                       :
                                                       :    Objection Deadline: August 6, 2014 (by extension)
                                                       :    Hearing Date: August 13, 2014 at 9:30 a.m.
-------------------------------------------------------x
```

## EFH EQUITY OWNERS' SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO RULE 2004 MOTION AND PROPOSED DISCOVERY PROTOCOL

Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., and Goldman, Sachs & Co.,[2] on behalf of themselves and affiliates holding direct or indirect equity interests in Energy Future Holdings Corp. (collectively, the "EFH Equity Owners"), as well as associated individuals who serve as directors of EFH or other Debtors[3] (together with the EFH Equity Owners, the "Objectors"), respectfully submit this Supplemental Objection and Reservation of Rights in response to the *Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct*

---

[1]  The last four digits on Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  In the Rule 2004 Motion, WSFS identifies "GS Capital Partners" as a member of the "Sponsor Group." There is no entity named "GS Capital Partners." Goldman, Sachs & Co., which is separately identified as a discovery target in the Rule 2004 Motion, is the investment manager of certain funds that hold direct or indirect equity interests in EFH. Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. and Goldman, Sachs & Co. are separate entities from the funds that they each manage and are responding together with those funds solely for convenience.

[3]  This Supplemental Objection and Reservation of Rights is submitted on behalf of the following individuals who serve as directors of EFH or other Debtors:  Brandon A. Freiman, Jason Ridloff, Jonathan D. Smidt, David Bonderman, Michael G. MacDougall, Kenneth A. Pontarelli, Scott L. Lebovitz, and Thomas D. Ferguson.

*Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties* [D.I. 6] (the "Rule 2004 Motion"), the *Limited Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties* [D.I. 226], and the *Joinder of Official Committee of Unsecured Creditors to Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Statement in Support of Entry of Proposed Discovery Protocol* [D.I. 1719], and state as follows[4]:

## INTRODUCTION

1.      The EFH Equity Owners previously filed an objection and reservation of rights in response to the Rule 2004 Motion.  *See* D.I. 523 (the "May 19 Objection").  As explained in the May 19 Objection, the EFH Equity Owners recognize that creditors have an interest in conducting targeted discovery and do not object to a reasonable, coordinated process that would permit creditors to request information without imposing undue burdens on the EFH Equity Owners and other third parties.

2.      The Rule 2004 Motion, however, did not itself propose a reasonable process and did not comply with applicable rules.  For example, despite the requirements of Local Bankruptcy Rule 2004-1, the movants did not meet and confer with counsel for the EFH Equity Owners before or even after filing the Rule 2004 Motion.  Furthermore, by asking the Court to compel the immediate production of numerous broad categories of documents, the Rule

---

[4]  Unless otherwise defined, defined terms have the same meanings as in the Rule 2004 Motion.

2004 Motion threatened to deprive the EFH Equity Owners and other third parties of the protections afforded by Bankruptcy Rule 9016.  For those reasons and others stated in the May 19 Objection, the EFH Equity Owners objected to, and continue to object to, the orders proposed by WSFS in connection with the Rule 2004 Motion.

3.      The Discovery Protocol now put forward by the Official Committee of Unsecured Creditors (the "Creditors' Committee") is clearly an improvement over the Rule 2004 Motion.  In contrast to the Rule 2004 Motion, the Discovery Protocol contemplates a coordinated process led by the Creditors' Committee, and it does not *compel* production of any documents but rather preserves the rights of the EFH Equity Owners and others to object to discovery requests and seek assistance from the Court in resolving disputes.

4.      Nonetheless, as discussed below, the Discovery Protocol is problematic insofar as it would require production of documents on the same unrealistic timetable — "substantial completion" within 60 days — no matter how broad and burdensome the requests and no matter how long it takes to resolve objections to the requests.  As they have since these cases began, the EFH Equity Owners intend to be cooperative in responding to reasonable, targeted discovery requests.[5]  But they cannot agree in advance to presumptive deadlines for responses to requests that have not yet been served and, by all indications, will be extremely broad and burdensome.  Accordingly, the Discovery Protocol should be modified to remove the deadlines for document production by the Objectors and instead direct the parties to meet and confer after the Creditors' Committee serves consolidated document requests.

---

[5]  The EFH Equity Owners have received an array of discovery requests from creditors across the Debtors' capital structure in connection with motions including the EFIH first-lien and second-lien settlement motions, the EFIH debtor-in-possession financing motions, and the RSA assumption motion.  In each instance, the EFH Equity Owners conferred with requesting parties, resolved disputes, and produced documents on an expedited basis.

## LIMITED OBJECTION TO DISCOVERY PROTOCOL

5.        Paragraphs 5(a) through 5(f) of the Discovery Protocol outline a process by which the Creditors' Committee will serve document requests on the EFH Equity Owners and other discovery targets.  Under that process, participants in Legacy Discovery — defined in Paragraph 1 to include "[a]ny prepetition conduct by, or transfers to, the direct or indirect equity owners of EFHC or associated management companies or individuals" — will provide the Creditors' Committee with suggested document requests and search terms and the Creditors' Committee will consolidate the requests into Initial Consolidated Requests.  Once the Initial Consolidated Requests are served, recipients are required under Paragraph 5(g) to serve written objections and responses within 28 days and, thereafter, to begin a rolling production of documents that are not subject to objection.  Paragraph 5(h) then establishes presumptive 60- and 80-day deadlines for completion of document production, without regard to the breadth of material requested, the nature of objections, or the amount of time it takes to negotiate a reasonable scope of discovery:  "Unless the time for compliance is extended by the Court or by agreement of and among the Debtors and the Participants, recipients of Initial Consolidated Requests shall certify to the Participants the substantial completion of their production of documents no later than *sixty (60) days* after receipt of the Initial Consolidated Requests, and shall certify to the Participants the full completion of their production of documents no later than *eighty (80) days* after receipt of the Initial Consolidated Requests."

6.        Paragraph 5(h) of the Discovery Protocol thus contemplates that, within *60 days* of Initial Consolidated Requests being served, all of the following will occur: (a) recipients of document requests will analyze the requests and serve objections; (b) all issues relating to the requests, including the proper topics for discovery, custodians, search criteria and

date ranges will be addressed and resolved; (c) documents will be collected, reviewed for responsiveness, privilege and confidentiality and then produced; and (d) recipients of document requests will "certify" that production is substantially complete.  After that, recipients would have just 20 more days to certify "full completion" of production.

       7.     The presumptive deadlines imposed by Paragraph 5(h) are not realistic or reasonable as applied to the EFH Equity Owners.  Based on the information available, it appears that TCEH creditors intend to serve overly broad and burdensome requests on the EFH Equity Owners.  The document requests appended to the Rule 2004 Motion — which were compiled by just *one* of the likely participants in Legacy Discovery — go back to *October 10, 2007* and, among other examples, seek "All Documents concerning valuation of the Debtors' assets or businesses" (Sch. 2, No. 22; Sch. 3, No. 17); "All Documents reflecting any exchange, amendment or other transaction pertaining to any outstanding debt security of any Debtor" (Sch. 2, No. 16; Sch. 3, No. 11); "All Documents reflecting discussions as to any restructuring of the Debtors" (Sch. 3, No. 4); and "All Documents reflecting the assets and liabilities of the Debtors" (Sch. 2, No. 31; Sch. 3, No. 26).  If the requests served by the Creditors' Committee are at all similar, it is not remotely realistic to think that, within 60 days, the parties will be able to resolve disputes relating to scope, agree on appropriate search parameters and exclusions, and complete the time-consuming process of collecting, reviewing and producing documents.

       8.     The presumptive deadlines in the Discovery Protocol are not just unrealistic in this case, they are also arbitrary and unfair.  Although the EFH Equity Owners appreciate the desire for expedition — and in fact have already produced a substantial volume of discovery on an expedited basis in connection with various contested matters — the proposed 60- and 80-day deadlines bear no clear relation to any other milestones in the case.  Those

deadlines are also strikingly at odds with the pace of activity on the part of the creditors seeking discovery. The Creditors' Committee took approximately *three months* to formulate and submit the Discovery Protocol. During that period, TCEH creditors made no effort to meet and confer with the EFH Equity Owners regarding Legacy Discovery: Despite the May 19 Objection, WSFS in particular took no steps to focus their document requests to make them a more useful starting point for discussions. Under Paragraph 5(a) of the Discovery Protocol, the Creditors' Committee will now have another *30 days* to compile and serve consolidated requests. Accordingly, by the time the Creditors' Committee serves the consolidated requests, TCEH junior creditors will have taken approximately *four months* to devise a protocol and present consolidated requests — and yet the Discovery Protocol would impose a deadline of only *two months* to undertake the major effort of actually responding to those requests.

9.    In light of the foregoing, the Objectors respectfully request that Paragraph 5(h) of the Discovery Protocol be modified so that its deadlines are not applicable to the EFH Equity Owners and associated individuals, even if they apply to the Debtors. Distinguishing between the Debtors and the EFH Equity Owners makes sense: Not only are the Debtors likely to be the primary source of documents relevant to Legacy Discovery, but the Debtors already received over 100 document requests from the Creditors' Committee on June 16, 2014 in connection with the ongoing First Lien Investigation. *See* D.I. 1000. Since then, the Debtors and the Creditors' Committee have had extensive back-and-forth regarding those requests.

10.    As regards the EFH Equity Owners and associated individuals, instead of imposing deadlines for document production before consolidated requests are served, it would be appropriate for the parties to negotiate a reasonable scope and timeframe for discovery *after*

those requests are served.  To that end, the Objectors respectfully request that the following

language be added to the Discovery Protocol:

> In the event that the Creditors' Committee serves Initial
> Consolidated Requests on the direct or indirect equity owners of
> EFHC or associated management companies or individuals, no
> later than three business days after service of objections and
> responses to those Initial Consolidated Requests, the Creditors'
> Committee and the recipients of the Initial Consolidated Requests
> will meet and confer in an effort to agree upon an appropriate
> schedule for production of documents.  If no agreement is reached,
> the issue may be presented to the Court pursuant to Paragraph 14.

This language would provide the EFH Equity Owners and other Objectors with a reasonable

opportunity to review and assess the Initial Consolidated Requests before committing to any

potential production schedule, but it would not otherwise prevent the Creditors' Committee and

other participants from moving forward with the discovery process.[6]

## <u>RESERVATION OF RIGHTS</u>

11.    The Discovery Protocol appropriately defers judicial scrutiny of discovery

requests until the requests have been served, responses and objections have been presented, and

the relevant parties have sought to resolve disputes.  The Objectors reserve all rights to object to

discovery requests on any and all grounds, including on the basis that they are overbroad and

unduly burdensome, as in the case of the document requests appended to the Rule 2004 Motion.

The Objectors specifically reserve the right to object to discovery requests to the extent they seek

documents obtainable from the Debtors, and to propose exclusions from searches in order to

screen out such documents.  With respect to Exhibit C to the Discovery Protocol (the E-

---

[6]   There is no need to include non-consensual, pre-determined deadlines in a discovery protocol.  In contrast to the protocol proposed here, a plan-related discovery protocol in the Lehman Brothers bankruptcy did not impose specific deadlines for production of documents; instead, it directed producing parties to "search[] for and produc[e] documents as expeditiously as reasonably practical after being served a [Document] Request."  Order Establishing Schedule and Procedures, *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Apr. 14, 2011), [D.I. 16003], ¶¶ 3(k), 4(a), 5(j), 6(k), 7(e).

Discovery Protocol), the Objectors reserve all rights to object to production of documents in the form set forth therein to the extent doing so would require more than reasonable efforts or if particular metadata or coding fields are not readily available.

## CONCLUSION

12.     For the reasons set forth in the May 19 Objection, the Objectors object to the Rule 2004 Motion and request that any order granting the Rule 2004 Motion include the elements set forth in the May 19 Objection.  In addition, for the reasons set forth above, the Objectors object to the Discovery Protocol to the extent set forth above and request that the Court modify Paragraph 5(h) of the Discovery Protocol so that the deadlines therein do not apply to the EFH Equity Owners and associated individuals.  The Objectors further reserve all rights to object to particular discovery requests, after they are served, on any and all grounds under Federal Rule of Bankruptcy Procedure 9016 or other applicable law or rules.

Wilmington, Delaware
Dated:  August 6, 2014

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Derek C. Abbott (No. 3376)
Erin R. Fay (No. 5268)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware  19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel to Kohlberg Kravis Roberts & Co. L.P.,*
*TPG Capital, L.P. and Associated Individuals*

-and-

ABRAMS & BAYLISS LLP

*/s/ John M. Seaman*
Kevin G. Abrams (No. 2375)
John M. Seaman (No. 3868)
20 Montchanin Road, Suite 200
Wilmington, DE  19807
Telephone: (302) 778-1000
Facsimile:  (302) 778-1001

*Counsel to Goldman, Sachs & Co. and Associated*
*Individuals*

-and-

WACHTELL, LIPTON, ROSEN & KATZ
Richard G. Mason (admitted *pro hac vice*)
John F. Lynch (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Counsel to Kohlberg Kravis Roberts & Co. L.P.,*
*TPG Capital, L.P., Goldman, Sachs & Co. and*
*Associated Individuals*