IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  |  | Docket Ref. Nos. 6, 226, 1719 |

**LIMITED OBJECTION OF THE AD HOC COMMITTEE OF TCEH FIRST LIEN
CREDITORS TO THE (I) MOTION OF WILMINGTON SAVINGS
FUND SOCIETY, FSB FOR LEAVE TO CONDUCT DISCOVERY
PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE OF ENERGY FUTURE HOLDINGS CORPORATION, ITS AFFILIATES,
AND CERTAIN THIRD PARTIES, (II) LIMITED JOINDER
OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS,
AND (III) JOINDER OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS AND STATEMENT IN SUPPORT OF
<u>ENTRY OF PROPOSED DISCOVERY PROTOCOL</u>**

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors[1] (the "<u>Ad Hoc Committee of TCEH First Lien Creditors</u>"), by and through its undersigned counsel, hereby submits this limited objection to the (i) *Motion of Wilmington Savings Fund Society, FSB for Leave To Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties* (the "<u>Rule 2004 Motion</u>") [Docket No. 6]; (ii) *Limited Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Wilmington Savings Fund Society, FSB for Leave To Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties* [Docket No. 226] (the "<u>Unsecured Noteholder Joinder</u>"); and (iii) *Joinder of Official Committee of Unsecured Creditors to Motion of Wilmington Savings Fund*

---

[1] As used herein, the term "<u>TCEH Debtors</u>" means, collectively, Texas Competitive Electric Holdings Company LLC ("<u>TCEH</u>"), Energy Future Competitive Holdings Company LLC ("<u>EFCH</u>"), and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.

*Society, FSB for Leave To Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Statement in Support of Entry of Proposed Discovery Protocol* [Docket No. 1719] (the "UCC Joinder", and collectively with the Rule 2004 Motion and the Unsecured Noteholder Joinder, the "Discovery Motions"),[2] and respectfully states as follows:

## LIMITED OBJECTION

1.  The Ad Hoc Committee of TCEH First Lien Creditors acknowledges that movants will likely be entitled to some discovery at the appropriate time, and that a discovery protocol will be an aid to the efficient, orderly exchange of information.

2.  The Ad Hoc Committee of TCEH First Lien Creditors, however, objects to the pending Discovery Motions because movants fail to demonstrate the need or appropriateness for such broad-ranging discovery of TCEH first lien creditors at this juncture in these chapter 11 cases, and because the Discovery Motions permit discovery from the TCEH first lien creditors now on topics that are only relevant, if at all, in the context of confirmation of a chapter 11 plan of reorganization.

3.  By its Rule 2004 Motion, Wilmington Savings Fund Society, FSB ("Wilmington Savings") seeks leave to serve certain unidentified TCEH first lien creditors with 29 document requests and subpoenas relating to 31 topics of examination. [Docket No. 6-1 at 42-45.][3] The document requests cover every conceivable type of document that in any way relates to the Debtors or these chapter 11 cases, as well as those that are unabashedly unrelated to the Debtors' chapter 11 cases, such as documents reflecting such TCEH first lien creditors' "ownership of securities of any competitor of the Debtors" [Docket No. 6-1 at 42, Request No.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Discovery Motions.

[3] Nothing in this objection is intended to suggest that the members of the Ad Hoc Committee of TCEH First Lien Creditors possess any documents responsive to the specific requests made in the Discovery Motions.

01:15866113.1

2

7]. In addition, many of these documents are more appropriately sought from the Debtors themselves, such as those regarding the "net operating losses of any Debtor" or the "the Debtors' cash management system." [Docket No. 6-1 at 43, Request Nos. 23 and 25.] The document requests also canvass issues that are clearly confirmation-related, such as "the fair market value of the Debtors' assets," "valuation of the Debtors' assets or businesses," "the current tax basis in the Debtors' assets," "forecasts or projections as to future electricity prices," "forecasts or projections as to future prices of natural gas," and "a 'tax free' or taxable spinoff of the assets or businesses of any of the Debtors." [*Id.* Request Nos. 19, 20, 21, 9, 8, 17.]

4. The Unsecured Noteholder Joinder follows in a similar vein, requesting additional categories of documents, almost all of which are appropriately directed to the Debtors, not their creditors, including documents relating to: "Intercompany claims by EFCH and other TCEH Debtors arising from the transfer of Oncor and the LBO," "Lost interest on Intercompany Notes," the Tax Allocation Agreement, the Shared Services Agreement, and "Historical allocations of overhead." [Docket No. 226 at 9.]

5. Finally, by the UCC Joinder, the Official Committee of Unsecured Creditors both joins in the Rule 2004 Motion and attaches, as an exhibit, a proposed Discovery Protocol, which purports to govern so-called "Legacy Discovery." The protocol defines "Legacy Discovery" as the "subjects of discovery sought in connection with" the 2004 Motion, the Unsecured Noteholder Joinder, and eleven additional categories of discovery set forth in the protocol. [Docket No. 1719-1 at 2-3.] The only nominal limitation placed on this so-called "Legacy Discovery" is that it "does not include discovery concerning or regarding the current enterprise valuation of the company." [Docket No. 1719-1 at 3.]

6. The Ad Hoc Committee of TCEH First Lien Creditors does not object to entry of the proposed Discovery Protocol as it relates to discovery sought of the Debtors,

01:15866113.1

3

and indeed fully supports the parties' efforts to streamline and expedite discovery in these cases to the greatest extent possible to conserve the resources of the estates.  However, the proposed Discovery Protocol, as well as the discovery sought pursuant to the Discovery Motions, is inappropriate to the extent directed to the members of the Ad Hoc Committee of TCEH First Lien Creditors, and, to that extent, should be denied.

7. *First*, discovery from the Ad Hoc Committee of TCEH First Lien Creditors is premature.  The movants fail to articulate any justification or need to seek discovery from the TCEH first lien creditors at this time.  There is no disputed issue requiring such discovery.  The restructuring support agreement has been terminated, the Debtors have not yet proposed a chapter 11 plan of reorganization, and there are no other pending matters before the Court for which such broad-ranging discovery of TCEH first lien creditors is even arguably appropriate.  While there could be a basis in the future to seek narrowly-tailored discovery of such parties, no such basis exists today, and the requests, to the extent relevant, should be directed to the Debtors only.

8. *Second*, the proposed discovery of the TCEH first lien creditors is overly-broad and largely focuses on topics that could only conceivably be relevant in the context of confirmation of an as-of-yet unfiled chapter 11 plan for the TCEH Debtors (at least as it relates to the TCEH first lien creditors), such as the valuation of the Debtors' assets, forecasts and projections regarding the future prices of natural gas and electricity, and a potential tax-free spinoff of the assets or businesses of any of the Debtors. Putting aside whether such discovery topics would ever be appropriately directed at the members of the Ad Hoc Committee of TCEH First Lien Creditors, it is unquestionably premature to consider such discovery now.  *See Opinion*, dated August 5, 2014, at 18 [Docket No. 1751] (noting that it "appears uncommon that a creditor's valuation of debtor is requested within a bankruptcy" and holding that while

01:15866113.1

4

"the Trustee is entitled to obtain information from the Debtor regarding the valuation and solvency of the EFIH Debtors, the same is not likely true of the PIK Noteholders' own valuations of the EFIH Debtors"). The movants themselves acknowledge that the instant discovery requests are not meant to address confirmation-related discovery, and indeed the movants are unwilling to incorporate confirmation-related discovery within the framework of the currently proposed Discovery Protocol. *See Status Report of the Official Committee of Unsecured Creditors Concerning Discovery* at 7 [Docket No. 1496] ("the Committee, the TCEH Ad Hoc Group, and WSFS cannot agree to Debtors' insistence on the inclusion of future confirmation discovery in the current draft").

9. And yet "Legacy Discovery," as applied to the TCEH first lien creditors, is indistinguishable from the discovery requests that Wilmington Savings and other parties will undoubtedly seek in the context of any future plan confirmation litigation. The movants should not be permitted confirmation-related discovery now, and they should under no circumstances be permitted to disguise it as so-called "Legacy Discovery" while simultaneously refusing to agree that the discovery protocol applies to all confirmation-related discovery.

10. To be clear, the Ad Hoc Committee of TCEH First Lien Creditors supports the implementation of a reasonable and appropriately tailored discovery protocol that obviates the need for its members to collect, review, and produce documents multiple times. Such a protocol would avoid unnecessary and wasteful duplication of efforts, thereby preserving estate resources and expediting discovery. Unfortunately, the proposed Discovery Protocol, if approved as to the TCEH first lien creditors, would accomplish just the opposite—it would empower the movants to take premature and broad ranging discovery now on subjects uniquely relevant to confirmation of a chapter 11 plan of reorganization, without addressing the manner in which future confirmation-related discovery will be undertaken. The Court should not

01:15866113.1

permit such an uncoordinated, wasteful and inequitable result.

## **RESERVATION OF RIGHTS**

11.     The Ad Hoc Committee of TCEH First Lien Creditors reserves all rights to object to discovery requests on any and all grounds, including on the basis that they are irrelevant, overbroad, or unduly burdensome.

*[remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that this Court (i) deny the Discovery Motions to the extent directed to its members and (ii) grant such other relief as it deems just and proper.

Dated: August 6, 2014
      Wilmington, Delaware

/s/ *Ryan M. Bartley*
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M. Bartley (Bar No. 4985)
Andrew L. Magaziner (Bar No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Andrew J. Ehrlich (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
Adam J. Bernstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*