**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 1679** |

**LIMITED OBJECTION OF THE AD HOC COMMITTEE OF
TCEH FIRST LIEN CREDITORS TO THE DEBTORS' MOTION
FOR ENTRY OF A CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER**

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors[1] (the "Ad Hoc Committee of TCEH First Lien Creditors"), by and through its undersigned counsel, hereby submits this limited objection to the *Debtors' Motion for Entry of a Confidentiality Agreement and Stipulated Protective Order* [Docket No. 1679] (the "Motion").[2] For the reasons stated herein, the Ad Hoc Committee of TCEH First Lien Creditors requests that the Court only grant the Motion with those modifications discussed herein.

1. The Ad Hoc Committee of TCEH First Lien Creditors does not take issue with the entry of a confidentiality agreement and protective order in these cases, and largely supports the draft presently before the Court. That draft—with two significant exceptions discussed herein—is a mostly standard document of the type normally implemented in cases with significant discovery.

---

[1] As used herein, the term "TCEH Debtors" means, collectively, Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC ("EFCH"), and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2.     The Ad Hoc Committee of TCEH First Lien Creditors, however, objects to two paragraphs of the proposed draft that are highly irregular, and place significant burdens upon any party producing confidential information to make sure that such information remains confidential.

3.     By way of background, in early June, counsel for the Debtors circulated a version of the draft currently before the Court (the "June Version").[3]  The June Version provided a standard procedure in the event that a party (the "Filing Party") wished to file with the Court documents or other information that another party (the "Designating Party") had produced and marked as confidential or highly confidential ("Designated Material").  In that circumstance, the Filing Party would be required to file the Designated Material under seal with the Court or, if the Court did not accept such filing, file or present the Designated Material as the Court instructed.

4.     The June Version also contained a provision governing the use of Designated Material in open Court, instructing that the party seeking to use such Designated Material would meet and confer with the Designating Party to discuss ways in which the Designated Material could be redacted.  To the extent the parties were unable to resolve the issue at the meet and confer, the party seeking to use the Designated Material would then seek relief from the Court.

5.     The procedure outlined above is standard in complex litigation, particularly in cases where the parties are required to produce sensitive financial or other business information, and is consistent in substance with protective orders entered in other large cases in this District.  *See So-Ordered Stipulated Protective Order Governing Protected Material at 16, In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. July 23, 2010) [Docket No. 3729] (requiring and pre-authorizing the filing under seal of materials designated as confidential

---

[3]     The provisions of the June Version relevant to this limited objection are excerpted on Exhibit 1.

or highly confidential); *see also Protective Order* at 7-8, *In re Nortel Networks, Inc.*, No. 09-10138 (KG) (Bankr. D. Del. June 11, 2013) [Docket Nos. 10805-2 and 10805-3] (same); *Protective Order* at 8-9, *In re Leslie Controls, Inc.*, No. 10-12199 (CSS) (Bankr. D. Del. Oct. 5, 2010) [Docket No. 307] (same); *So-Ordered Stipulated Protective Order Governing The Production Of Confidential Material* at 11, *In re Capmark Fin. Grp., Inc.*, No. 09-13684 (CSS) (Bankr. D. Del. July 30, 2010) [Docket Nos. 1501 and 1501-1] (requiring filing party to file a motion to seal to the extent it seeks to file materials designated as confidential or highly confidential).  The standard procedure recognizes that to efficiently and freely exchange such information, parties need a reasonable degree of certainty that their information will be treated in a confidential manner by their adversaries, and that their designation of material as Confidential or Highly Confidential will require their adversaries not to make such information public.

6.    More than a month after the Debtors circulated the June Version, they circulated a revised draft of the proposed Protective Order, which, with certain modifications, is the Protective Order currently pending before the Court.  The current draft replaces the procedure outlined above with a highly irregular, burdensome procedure that <u>places the onus of keeping Designated Material confidential on the Designating Party</u>.

7.    The procedure now calls for the Filing Party to file Designated Material under a temporary seal.  To the extent the Designating Party wishes to keep that material under seal, it is required to provide written notice to the Filing Party, the Debtors, the U.S. Trustee, and the Official Committee of Unsecured Creditors within seven days that the Designated Material so-filed meets the requirements of 11 U.S.C. § 107(b).  At that point, the Designating Party is required to engage in a meet and confer with the Filing Party, the Debtors, the U.S. Trustee, and the Official Committee of Unsecured Creditors, in an attempt to "reach a consensus regarding the appropriateness of the Designated Material being sealed and access to the public restricted."

*Protective Order* at 11 [Docket No. 1679-2].  If no consensus is reached, the Designating Party would be required to file a sealing motion to keep the materials permanently under seal.  A similar approach governs Designated Material that a party wishes to use at trial or any hearing to be held in open court.  *Id.* at 12.

8.      This irregular and burdensome procedure will require parties that produce documents in this action to engage in innumerable, needless, and futile meet-and-confers and fights over whether discovery material designated as Confidential or Highly Confidential meets the requirements of 11 U.S.C. § 107(b).  Indeed, under the procedure proposed in the Protective Order, these multi-party meet-and-confer sessions are sure to play out virtually every time a pleading is filed in these cases that seeks to use Discovery Materials obtained from a non-Debtor (and from the Debtors themselves).  Further, non-Designating Parties, who may have no interest in preserving the confidential nature of sensitive business and financial information produced by non-Debtor parties, are provided undue and unnecessary influence over the disclosure of Designated Material by effectively creating a presumption of disclosure absent affirmative action by Designating Parties—who already will have identified the Designated Materials as "Confidential" or "Highly Confidential" and thus entitled to be sealed under 11 U.S.C. § 107(b).

9.      This irregular and burdensome procedure will also require the Debtors and other parties that produce documents to file numerous sealing motions, at a needless cost to the estates, when the costs of such motions are more appropriately borne by the parties that are seeking to file Designated Material with the Court.

10.      In short, this procedure wastes time and diverts resources away from the efficient and expeditious administration of these cases.

11.      Accordingly, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that the Court strike Paragraphs 16 and 17 from the current version of the

proposed Protective Order, replace them with Paragraphs 15 and 16 of the June Version, and with that modification, grant the Motion.

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that this Court (i) grant the Motion with certain modifications described above, and (ii) grant such other relief as it deems just and proper.

Dated: August 6, 2014　　　　　　　*/s/ Ryan M. Bartley*
　　　　Wilmington, Delaware　　　　**YOUNG CONAWAY STARGATT & TAYLOR LLP**
　　　　　　　　　　　　　　　　　Pauline K. Morgan (Bar No. 3650)
　　　　　　　　　　　　　　　　　Ryan M. Bartley (Bar No. 4985)
　　　　　　　　　　　　　　　　　Andrew L. Magaziner (Bar No. 5426)
　　　　　　　　　　　　　　　　　1000 North King Street
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone:  (302) 571-6600
　　　　　　　　　　　　　　　　　Facsimile:  (302) 571-1253

　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
　　　　　　　　　　　　　　　　　Alan W. Kornberg (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Brian S. Hermann (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Andrew J. Ehrlich (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Jacob A. Adlerstein (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Adam J. Bernstein (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　New York, New York  10019
　　　　　　　　　　　　　　　　　Telephone:  (212) 373-3000
　　　　　　　　　　　　　　　　　Facsimile:  (212) 757-3990

　　　　　　　　　　　　　　　　　*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*

Exhibit 1

*Except from a draft Confidentiality Agreement and Proposed Protective Order*
*Circulated by the Debtors on June 7, 2014 to certain TCEH Creditors*

15.  <u>Sealing of Designated Material Filed With Or Submitted To Court</u>:  Any document containing Designated Material that is submitted to or filed with the Court shall be filed under seal (or redacted to remove Designated Material).  Where possible, only those portions of filings with the Court that disclose Designated Material shall be filed under seal (or redacted to remove Designated Material).  Designated Material and any copies thereof, and the information contained therein, that are filed with the Court or in pleadings, motions or other papers filed with the Court containing such material, shall be filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by Local Rules.  Each filing party will make a good faith effort to file Designated Material under seal or redacted to remove Designated Material.  If such Designated Material is not accepted for filing by the Court under seal or in a redacted form, then such Designated Material shall be filed or presented as the Court instructs.

16.  <u>Use of Discovery Material In Open Court</u>:  The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to so offer or use such Designated Material shall seek to meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party.  If the Parties are unable to meet and confer or are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then request relief from the Court.