IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1679, 1762, and 1763** |

### DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF A CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply ("Reply") in support of the *Debtors' Motion for Entry of a Confidentiality Agreement and Stipulated Protective Order* [D.I. 1679] (the "Motion")[2] and to address the *Limited Objection of the Ad Hoc Committee of TCEH First Lien Creditors to the Debtors' Motion for Entry of a Confidentiality Agreement and Stipulated Protective Order* [D.I. 1762], and the *Joinder of the Ad Hoc Committee of EFIH Unsecured Noteholders to the Limited Objection of the Ad Hoc Committee of TCEH First Lien Creditors to the Debtors' Motion for Entry of A Confidentiality Agreement and Stipulated Protective Order* [D.I. 1763] (collectively, the "Objections"). For the reasons stated herein, and in the Motion, the Debtors' respectfully request that the Court overrule the Objections and grant the Debtors' Motion without modification. In support of this Reply, the Debtors respectfully state as follows.

### BACKGROUND

1. On July 23, 2014, the Debtors' moved this Court for entry of a Confidentiality

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on afinal basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Agreement and Stipulated Protective Order (the "Protective Order").  [D.I. 1679-2].

2.      Prior to filing of the Motion, the Debtors shared multiple drafts of the Protective Order with the creditor constituents, many of whom (including the Ad Hoc Committee of TCEH First Lien Creditors and the Ad Hoc Committee of EFIH Unsecured Noteholders) provided feedback and edits that the Debtors incorporated.  In addition to engaging the various creditor constituents, the Debtors, the Office of the United States Trustee (the "U.S. Trustee"), and proposed counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee") engaged in extensive negotiations regarding the proposed Protective Order, ultimately reaching agreement on the proposed Protective Order.  [D.I. 1679 at ¶ 4].

3.      On August 6, 2014, the Ad Hoc Committee of TCEH First Lien Creditors filed a limited objection [D.I. 1762], which was joined by the Ad Hoc Committee of EFIH Unsecured Noteholders [D.I. 1763], (collectively, the "Objecting Parties").  No other parties in interest objected.

**ARGUMENT**

4.      The Objecting Parties assert a limited objection to two specific provisions of the proposed Protective Order regarding: (a) the filing of Designated Materials with the Court, and (b) the use of Designated Materials in open Court.  The two provisions at issue are at Paragraphs 16 and 17 of the proposed Protective Order, respectively.  [D.I. 1679-2 at ¶¶ 16, 17].

5.      Importantly, the Objecting Parties *do not* dispute the need for the Protective Order and, aside from the two provisions noted above, "largely support[] the draft presently before the Court."  [D.I. 1762 at ¶ 1].

6.      The Court is expressly authorized to enter protective orders to afford a party in interest protection from open disclosure of, among other things, "trade secret or confidential

research, development, or commercial information." 11 U.S.C. § 107(b)(1). Courts routinely exercise this authority by entering comprehensive protective orders and, in doing so, have utilized different procedures and mechanisms to govern how such information is to be filed with the courts. *See, e.g.*, *So-Ordered Stipulated Protective Order Governing Protected Material* at 16, *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. July 23, 2010) [D.I. 3729] (requiring and pre-authorizing the filing under seal of materials designated as confidential or highly confidential); *Confidentiality Agreement and Proposed Stipulated Protective Order* at ¶ 20, *In re Dynegy Holdings, LLC*, Case No. 11-38111 (Bankr. S.D.N.Y. May 16, 2012) [D.I. 692] (automatically removing documents from seal if after five days no further motion is made to maintain confidentiality); *Stipulated Protective Order* at ¶ 12, *In re AMR Corp.*, Case No. 11-15463 (Bankr. S.D.N.Y. Jan. 27, 2012) [D.I. 891] (requiring the designating party to show cause if the U.S. Trustee objects to the confidentiality designation); *Order Entering Agreed Confidentiality Stipulation and Protective Order* at ¶ 2, *In re Goldking Holdings, LLC*, Case No. 13-12820 (Bankr. D. Del. Nov. 18, 2013) [D.I. 69] (allowing U.S. Trustee ten days to object to continued sealing).

7.    The fact that courts have utilized different procedures to govern the filing of confidential, proprietary, or other protected information, or the use such information in open court, demonstrates that there is no single, universally appropriate procedure for every case.[3]

8.    Here, the Objecting Parties do not suggest that Paragraph 16 (concerning the filing of Designated Materials with the Court) or Paragraph 17 (concerning the use of Designated

---

[3] Even among the more common approaches cited by the Objecting Parties, slight procedural differences exist in the mechanisms for filing confidential and highly confidential materials under seal. *Compare So-Ordered Stipulated Protective Order Governing Protected Material* at 16, *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. July 23, 2010) [D.I. 3279] (requiring and pre-authorizing the filing under seal without a separate motion), *with So-Ordered Stipulated Protective Order Governing The Production of Confidential Material* at 11, *In re Capmark Fin. Grp., Inc.*, No. 09-13684 (CSS) (Bankr. D. Del. July 30, 2010) [D.I. 1501 and 1501-1] (requiring filing party to file a motion to seal).

3

Materials in open court) of the proposed Protective Order are unlawful or otherwise prohibited. Rather, the Objecting Parties argue that the requirements of Paragraphs 16 and 17 are "highly irregular" and "place significant burdens upon any party producing confidential information to make sure that such information remains confidential."  [D.I. 1762 at ¶ 2].

9.   The Debtors acknowledge that the requirements of Paragraphs 16 and 17 are not the most common mechanisms used to govern the filing of confidential information with the courts, or the use of confidential information in open court.  Compared to procedures utilized in the orders cited by the Objecting Parties, Paragraphs 16 and 17 may impose a greater burden on a Designating Party to protect Designated Material from disclosure.[4]  Neither point, however, leads to the conclusion that these procedures are inappropriate for these cases.

10.   The procedures in Paragraphs 16 and 17 of the proposed Protective Order are reasonable mechanisms for handling confidential information that are consistent with Section 107(b) of the Bankruptcy Code.  11 U.S.C. § 107(b)(1).  They are the result of extensive negotiations with the U.S. Trustee and the Creditors' Committee and reflect a well-crafted compromise between those parties concerning the requirements for the filing of Designated Materials with the Court, and the use of Designated Materials in open court.[5]

11.   For the reasons set forth above and in the Motion, the Debtors support the form of the proposed Protective Order, including Paragraphs 16 and 17, as drafted, for these jointly administered chapter 11 cases.

[*Remainder of page intentionally left blank*]

---

[4]   The procedures utilized in the orders cited in the Objections are not improper and, to the contrary, reflect stipulations or mechanisms deemed appropriate for other parties in those cases.  Likewise, the procedures reflected in Paragraphs 16 and 17 of the proposed Protective Order may not be appropriate in future case(s).  Indeed, as the Objecting Parties note, prior drafts of the Protective Order proposed by the Debtors contained procedures requiring and pre-authorizing the filing of Designated Material under seal.  Such procedures may very well be appropriate in other cases.

[5]   In these cases, for example, the U.S. Trustee objected to any provision that would allow for "automatic" sealing or require and pre-authorize the filing of Designated Material under seal.

**CONCLUSION**

WHEREFORE, the Debtors respectfully requests that this Court (a) overrule the Objections; (b) enter the proposed Protective Order without modification; and (c) grant such other relief as it deems necessary and proper under the circumstances.

Wilmington, Delaware
Dated:   August 8, 2014

/s/ William A. Romanowicz
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:     (302) 651-7701
Email:          collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          richard.cieri@kirkland.com
                    edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                    chad.husnick@kirkland.com
                    steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession