**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 6, 1719, 1759 and 1761** |

**OMNIBUS REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO OBJECTIONS TO ENTRY OF PROPOSED DISCOVERY PROTOCOL**

The Official Committee of Unsecured Creditors (the "Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "TCEH Debtors"),[2] by and through its undersigned counsel, hereby submits this omnibus reply (the "Reply") to the objections (the "Objections") filed by (i) the ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors (collectively, the "Ad Hoc Committee of TCEH First Lien Creditors") [Docket No. 1761], and (ii) Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., and Goldman Sachs & Co., on behalf of themselves and affiliates holding direct or indirect equity interests in Energy Future Holdings Corp. (collectively, the "EFH Equity Owners") [Docket No. 1759], to, *inter alia*, the *Joinder of Official Committee of Unsecured Creditors to Motion of Wilmington Savings Fund Society, FSB for Leave to Conduct Discovery*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors."

ny-1153650
48627692.1

*Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Statement in Support of Entry of Proposed Discovery Protocol* [Docket No. 1719] (the "Committee Statement").  In support of this Reply, and in further support of entry of the Discovery Protocol,[3] the Committee respectfully submits as follows:

## INTRODUCTION

1.      As the Court is aware, the Committee, the Debtors, WSFS, the Ad Hoc Group of TCEH Unsecured Noteholders, the U.S. Trustee and other parties-in-interest have worked diligently over the last three months to negotiate an agreed-upon Discovery Protocol.   The purpose of that Protocol is to establish an efficient and effective approach for administering *the process* for obtaining the Legacy Discovery requested in the Rule 2004 Motion.  It comes as no surprise then that two potential targets of that Legacy Discovery, the Ad Hoc Committee of TCEH First Lien Creditors and the EFH Equity Owners, have filed Objections asserting that they should either not be subject to the Discovery Protocol at all or be exempt from the timelines therein, which they alone claim are unreasonable.   Both arguments, for the reasons set forth below, should be rejected.

2.      Merits aside, the Objections should be viewed for what they are: further attempts by the Ad Hoc Committee of TCEH First Lien Creditors and the EFH Equity Owners to stifle the discovery efforts of the Movant, the Committee, the TCEH Unsecured Noteholders, and, to the extent necessary, the U.S. Trustee.  In reality, no parties' substantive rights are limited by virtue of the Discovery Protocol.  All parties that are served with discovery demands pursuant to the procedures outlined in the Discovery Protocol, including the members of the Ad Hoc Committee

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Committee Statement or the Discovery Protocol, as applicable.

of TCEH First Lien Creditors and the EFH Equity Owners, retain the right to raise whatever legitimate objections they may have with the Court at the appropriate time and in the appropriate fashion.  The Committee respectfully requests that the Court enter the Discovery Protocol as proposed so that the parties to the Discovery Protocol can commence and conduct the discovery process in an orderly and efficient manner.

## REPLY

3.      As set forth in the Committee Statement, the Committee remains hopeful that it will be able to obtain the consent of all parties-in-interest to the terms of the Discovery Protocol in advance of the August 13th hearing on the Rule 2004 Motion.  While the Committee has worked diligently to avoid the filing of the Objections—and, indeed was prepared to make certain modifications to the Discovery Protocol to resolve the Objections—full consensus has not been achieved to date.  In any event, for the reasons discussed below, the Objections should be overruled and the Discovery Protocol should be approved by the Court as proposed.

**A.      Reply to Objection of the Ad Hoc Committee of TCEH First Lien Creditors**

4.      The Ad Hoc Committee of TCEH First Lien Creditors does not dispute that a discovery protocol is necessary to aid in the efficient exchange of information, but nevertheless argue that they should be carved-out from the Discovery Protocol because the movants fail to articulate any justification for seeking discovery from the TCEH First Lien Creditors at this time. As an initial matter, the Ad Hoc Committee of TCEH First Lien Creditors misconstrue the purpose of the Discovery Protocol: it provides all participants with a coordinated discovery *process* for conducting Legacy Discovery.  Moreover, once served with discovery, nothing in the Discovery Protocol precludes the members of the Ad Hoc Committee of TCEH First Lien

Creditors from raising any legitimate objections they may have to specific discovery requests, using the procedures set forth in the Discovery Protocol.

5.       In any case, there is no basis to suggest that discovery from the Ad Hoc Committee of TCEH First Lien Holders is "premature."  The Committee's investigation of potential claims and causes of action related to Legacy Discovery is only now getting underway, and there may well be claims that the Committee or other parties-in-interest may seek to assert against the members of the Ad Hoc Committee of TCEH First Lien Creditors.[4]  The Ad Hoc Committee of TCEH First Lien Creditors should not get a "free pass" at this time.  Indeed, that would be contrary to the purpose of the Discovery Protocol to establish a coordinated discovery process for all parties-in-interest as it relates to Legacy Discovery.

6.       The Ad Hoc Committee of TCEH First Lien Creditors also assert that the scope of the proposed discovery is overly-broad because discovery covered by the Discovery Protocol (as it relates to the TCEH First Lien Creditors) could only relate to plan confirmation and, thus, is outside the scope of Discovery Protocol.  That is incorrect.  As noted, the investigation into possible claims and causes of action related to the Legacy Discovery includes potential claims involving the Ad Hoc Committee of TECH First Lien Creditors and its members.  In any case, the Discovery Protocol is not intended to cover discovery relating solely to plan confirmation that the Committee or any other party-in-interest may seek from the TCEH First Lien Creditors if and when a proposed plan of confirmation is submitted in the future.  Indeed, the Discovery

---

[4] Indeed, the Discovery Protocol governs any discovery that may be asserted with respect to "[a]ny alleged prepetition efforts of the Debtors' senior management, for the benefit of holders of first lien debt, including but not limited to debt issued by TCEH, to affect enterprise value in advance of filing these Chapter 11 Cases."  (Discovery Protocol ¶ 1(C).)  This would include prior negotiations involving the TCEH First Lien Creditors efforts to obtain a step-up in basis in connection with any possible tax-free spinoff of the T-side business of the Debtors.  It is certainly possible, if not likely, that discovery will be sought from the TCEH First Lien Creditors with respect to this issue and any potentially related claims, as well as other claims that involve pre-petition activity, such as the 2007 leveraged buyout of the Debtors and/or any subsequent lending activity.

4

Protocol explicitly contemplates a separate protocol and order concerning plan confirmation discovery.  (*See* Discovery Protocol ¶ 22.)

7.     That does not mean, however, that Legacy Discovery relating to pre-petition events covered by this Discovery Protocol may not also potentially be relevant to future plan confirmation issues if and when they arise.  The Discovery Protocol, however, specifically anticipates this–to the extent that documents that may relate to a future plan confirmation process are obtained through the Legacy Discovery, the Discovery Protocol seeks to avoid duplication of effort.[5]  Now that the restructuring support agreement has been terminated and the motion to assume the restructuring support agreement abandoned, the Committee intends to propound reasonably targeted discovery demands relating to the topics identified in the Rule 2004 Motion and in the Discovery Protocol itself and, to the extent practicable, defer potential plan confirmation issues until the appropriate phase of these chapter 11 cases.

**B.     Reply to Objection of the EFH Equity Owners**

8.     In their Objection, the EFH Equity Owners take issue with the negotiated timetable imposed by the Discovery Protocol, namely the requirement in paragraph 5(h) that establishes 60- and 80-day deadlines for substantial and full completion of production of documents, respectively.  (*See* Discovery Protocol ¶ 5(h).) To state the obvious, the deadlines imposed in paragraph 5(h) are far more generous (at least twice as long) than the timeframes provided for in Fed. R. Civ. P. 34 and Bankr. R. 7034.  Recognizing the breadth of the discovery that the parties may seek, the proponents of the Discovery Protocol have provided parties additional time to comply with discovery demands and, in any event, intend to work with the discovery targets on production issues and inevitable discovery disputes.  Moreover, the Rule

---

[5] "[T]he Participants [to the Discovery Protocol] shall not be permitted to obtain documents from a producing party as part of any future plan confirmation discovery that have already been produced as part of Legacy Discovery under this Order."  (Discovery Protocol ¶ 1.)

5

2004 Motion itself was served over three months ago and, thus, the EFH Equity Owners have been on notice of the relevant discovery topics and already have had substantial time to begin the process of identifying and collecting potentially responsive documents.   The timeline imposed in the Discovery Protocol strikes a reasonable balance between the Committee's need to obtain information as expeditiously as possible and the potential scope of the document requests.

9.      The EFH Equity Owners' complaint that TCEH creditors intend to serve "overly broad and burdensome" requests is similarly without merit.   As an initial matter, this issue is not ripe, as there has not yet been any discovery propounded on the EFH Equity Owners covering the areas now included within the Discovery Protocol.   In any case, the EFH Equity Owners will have an opportunity to object and raise with the Court any legitimate issues with respect to propounded discovery using the procedures in the Discovery Protocol.   Additionally, given that the Rule 2004 Motion was filed at the end of April 2014, the EFH Equity Owners can hardly now complain that they are not prepared for the scope of discovery that may be served upon them.

10.      The EFH Equity Owners' argument that the 60- and 80-day deadlines imposed in paragraph 5(h) of the Discovery Protocol are "arbitrary" and "unfair" because the Discovery Protocol itself took months to negotiate is a red herring.   As the EFH Equity Owners are no doubt aware, the Discovery Protocol was the product of intense negotiations among the Movants, the Committee, the Debtors, the Ad Hoc Group of TCEH Unsecured Noteholders, and the U.S. Trustee.   *See* Status Report of the Official Committee of Unsecured Creditors Concerning Discovery, dated July 8, 2014, at 5-7 [Docket No. 1496].   That a multi-party discovery protocol intended to coordinate extensive discovery on a variety of topics took several months to negotiate should come as no surprise, and indeed that process gave the EFH Equity Owners

additional time to begin their document collection efforts. Any comparison to reasonable deadlines for compliance—which are less stringent than those contained in the Federal Rules of Civil Procedure—rings hollow under the circumstances.

11.    Finally, the EFH Equity Owners should not be held to a different standard than other potential recipients of discovery requests. Though the Committee is always willing to meet and confer with the EFH Equity Owners on the scope and timing of discovery, exempting the EFH Equity Owners from any deadlines or removing the deadlines altogether is a recipe for mischief and would run contrary to the purpose of the Discovery Protocol, which is to create a uniform, efficient, and expeditious discovery process.

## <u>CONCLUSION</u>

For the reasons stated in the Reply, the Committee respectfully request that the Court overrule the Objections, approve the Discovery Protocol, and grant such relief as it deems necessary and proper under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

ny-1153650
48627692.1

Dated: Wilmington, Delaware
       August 8, 2014

**MORRISON & FOERSTER LLP**
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi
Charles L. Kerr
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
E-mail: jpeck@mofo.com
       brettmiller@mofo.com
       lmarinuzzi@mofo.com
       ckerr@mofo.com

    -and-

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
E-mail: cward@polsinelli.com
       jedelson@polsinelli.com
       skatona@polsinelli.com

*Proposed Counsel for the Official Committee of
Unsecured Creditors of Energy Future Competitive
Holdings Company LLC ("EFCH"), EFCH's direct
subsidiary, Texas Competitive Electric Holdings
Company LLC, and their direct and indirect
subsidiaries, and EFH Corporate Services
Company*

ny-1153650
48627692.1