IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>Related to Docket Nos. 6, 1719, 1759, 1761 and 1784<br><br>Hearing Date: August 13, 2014 at 9:30 a.m. |

**JOINDER OF WILMINGTON SAVINGS FUND SOCIETY, FSB TO OMNIBUS REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECTIONS TO ENTRY OF PROPOSED DISCOVERY PROTOCOL**

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010, among Texas Competitive Electric Holdings, LLC, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (as amended or supplemented, the "Indenture"), hereby joins in the omnibus reply (the "Reply") of the Official Committee of Unsecured Creditors (the "Committee") to objections to approval of an extensively-negotiated discovery protocol [Docket No. 1784] and supports entry of that proposed discovery protocol (the "Discovery Protocol"), which was attached as an exhibit to the joinder of the Committee [Docket No 1719] to WSFS's motion for leave to conduct discovery under Rule 2004 (the "2004 Motion") [Docket No. 6]. In support of this joinder, the Discovery Protocol and the 2004 Motion, WSFS respectfully submits as follows:

1. Anticipating the need for discovery in connection with these massive and complex proceedings, WSFS filed the 2004 Motion within minutes of the commencement of these cases. In the time since the filing of the 2004 Motion, the Ad Hoc Group of TCEH Unsecured Creditors and the Committee have joined therein. While WSFS was prepared to

{00883295;v1 }

prosecute the 2004 Motion on its own and on a much shorter timeline (as would be its right as a party in interest), WSFS instead agreed to work cooperatively with the Debtors, the Office of the United States Trustee, the Committee and other case parties in an attempt to facilitate a more comprehensive discovery mechanism intended to streamline the discovery process in these cases, avoid unnecessary duplication of efforts, and to minimize the burdens and costs imposed upon discovery targets. To that end, over the past three months, the parties negotiated in good faith to develop a fair and sensible process to facilitate necessary case discovery. The Discovery Protocol submitted with the Committee's joinder to the 2004 Motion, which is similar to protocols used in other large, complex chapter 11 cases, is the product of those efforts.

2. During the more than three months over which the Discovery Protocol has been negotiated, the bulk of the discovery to be effected thereby has stood in abeyance. Under the Discovery Protocol, all discovery targets' rights are fully preserved to the extent they believe any to-be-propounded discovery request is inappropriate. And, with the three month lag since the actual filing of the 2004 Motion, the discovery targets have long been on notice as to the types of discovery that will be sought. And, under the Discovery Protocol, discovery targets will be afforded substantial time to comply with discovery requests in excess of the amount of time they would be afforded to comply with discovery propounded outside of the protocol. Respectfully, the time to commence legacy discovery has come, and the Discovery Protocol provides an appropriate framework to do so.

3. For the reasons set forth above and in the Committee's Reply, which are incorporated by reference herein pursuant to Federal Rule of Bankruptcy Procedure 7010 and Federal Rule of Civil Procedure 10(c), WSFS requests that the Court approve the Discovery

Protocol and overrule any objection thereto that is not otherwise withdrawn or resolved prior to the hearing on the 2004 Motion.

## RESERVATION OF RIGHTS

WSFS reserves its right to supplement this joinder and otherwise take any additional or further action with respect to the 2004 Motion or the matters addressed therein, including by joining in other arguments for approval of the 2004 Motion. WSFS further reserves the right to participate in any hearings on the 2004 Motion, including to make argument and examine witnesses.

Dated: August 8, 2014
   Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

_/s/ William P. Bowden_
William P. Bowden (I.D. No. 2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and –

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

{00883295;v1 }

Jeffrey L. Jonas (admitted pro hac vice)
James W. Stoll (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee*

{00883295;v1 }