IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 14-10979 (CSS) |
| Energy Future Holdings Corp., *et al.*, | ) | Jointly Administered |
| | ) | **Hearing Date: August 13, 2014 @ 9:30 a.m.** |
| Debtors. | ) | **RE: D.I. 1222, 1441** |

## JOINDER OF THE LEGACY SERP RETIREE GROUP IN THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN OF THE DEBTORS TO CONTINUE HONORING OBLIGATIONS TO RETIREES AND NON-INSIDER EMPLOYEES ON ACCOUNT OF NON-QUALIFIED BENEFIT PROGRAMS

Pete Tinkham, Mike McCall, Homer J. Gibbs, Billy Ranton, Michael Blevins, Michael McNally, Liz LaValley, Richard Wistrand, Susan Atteridge, Curtis Seidlits, Wes Taylor and Jeff Weiser (the "Legacy SERP Retiree Group"), creditors and parties in interest herein, by and through its undersigned counsel, hereby joins (the "Joinder") in the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain of the Debtors to Continue Honoring Obligations to Retirees and Non-insider Employees on Account of Non-Qualified Benefit Programs* [D.I 1222], as amended on July 1, 2014 [D.I. 1441] (the "Debtors' Motion"). In support of this Joinder, the Legacy SERP Retiree Group respectfully submits as follows:

### Background

1. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

2. The Debtors corporate history can be traced back to the beginnings of electric service in northern Texas. The Debtors' predecessor companies include Dallas Power & Light (DP&L, founded 1917 with roots dating to 1882), which served the city of Dallas. In 1984, several units were merged into one operating company, called TU Electric. In 1996, TU Electric merged with the parent company of Lone Star Gas, allowing TXU Corp ("Old TXU") to become the largest provider of electricity and natural gas in the state of Texas.

1

3. As needed to maintain a well-qualified base of employees, the business of Old TXU and its predecessors included a legacy of retirement program sponsorship and funding. As explained in the Debtor's Motion, these programs include (a) a non-contributory, non qualified pension plan that provides retirement benefits to participants whose tax-qualified pension benefits are limited due to restrictions under the Internal Revenue Code and/or deferrals to other defined benefit programs (the "Second Supplemental Retirement Plan" or "SSRP"), and (b) a contributory, non-qualified defined contribution plan that permitted participants to voluntarily defer a portion of their base salary and/or annual incentive plan bonuses (the "SDP" and, together with the Second Supplemental Retirement Plan, the "Non-Qualified Benefit Programs").

4. The Debtors' obligations under the Non-Qualified Benefit Programs represent compensation that the Legacy SERP Retiree Group earned in the ordinary course of business, but opted to receive at a later date. While members of the Legacy SERP Retiree Group voluntarily deferred a portion of their base salary and/or annual incentive plan bonuses, they did so based in part upon the long established credit-worthiness of Old TXU, and reasonably believed that their deferred compensation would be available to them upon their retirement.

The 2007 LBO Transaction

5. In October 2007, Old TXU was acquired by Kohlberg Kravis Roberts, Texas Pacific Group and Goldman Sachs Capital Partners in a $45 billion leveraged buyout. In a pleading filed earlier in this case the Debtors provided the following description of the 2007 transaction:

> At that time, EFH's current equity owners contributed approximately $8.3 billion of equity capital to EFH. Like many private acquisitions, EFH issued significant new debt as part of the acquisition. Today, the Debtors' total funded indebtedness is nearly $42 billion. EFH is a privately-held energy company with a portfolio of competitive and regulated energy utilities primarily serving the Texas market. It is one of the largest electricity companies in the United States. EFH was known as TXU

Corporation until October 2007, when it was subject to the largest private acquisition of a public company in history. [1]

6. Subsequent to the 2007 LBO transaction, EFH made public assurances that it would honor its retirement plans. For example, on the website maintained by EFH is found a "report card" containing EFH's representation of the status of 28 commitments it and its owners made to the State of Texas and its consumers. This report card among other things refers to a commitment to: "Ensure employee compensation, health benefits and retirement programs". The report card shows the EFH retirement program commitment as having been and still being "fulfilled". [2]

7. However the EFH retirement program commitment clearly has not been "fulfilled". Since the Petition Date, the Debtors have ceased making payments on the Non-Qualified Benefit Programs.

8. The Legacy SERP Retiree Group request that this Court grant the Debtors' Motion and submit the following arguments in support of the Motion.

The Non-Qualified Benefit Program obligations are "operational debts" that should be honored

9. As explained in the Debtors' Motion,

> As the Debtors have said time and time again during their chapter 11 cases, this is a balance sheet restructuring, not an operational restructuring. [D.I. 1441 at paragraph 19].

This Court has approved the Debtors' previous employee compensation and retiree benefits motions. [D.I. 1311] Payment of these compensation and benefit motions have been approved based upon the rationale that these expenses in and of themselves did not render the businesses unsustainable. This rationale also applies to the Non-Qualified Benefit Programs. The Debtors

---

[1] *See Debtors' Objection to the Motion of Wilmington Savings Fund Society, FSB pursuant to 28 U.S.C. §§ 1409 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer cases to the United States District Court for the Northern District of Texas* [D.I. 391, at ¶ 6].
[2] See http://www.energyfutureholdings.com/responsibility/promises.aspx

obligations to pay the Non-Qualified Benefit Programs are "operational expenses" that do not require a balance sheet restructuring. The obligations to pay Non-Qualified Benefit Programs should be treated like other employment related expenses.

<u>The Debtors will realize a reputational value by honoring the Non-Qualified Benefit Programs</u>

10. Absent honoring the Non-Qualified Benefit Programs, the Debtors may experience a loss of morale and attrition of valuable employees as the word spreads of the Debtors' ongoing payment default to their retired employees. The membership of the Legacy SERP Retiree Group is well-known to the Debtors management teams, and news of the Debtors' inability to honor all retirement benefits has and will spread among the Debtors' employees. As the Debtors' human resources officer has stated:

> "In addition, many of the SSRP Retirees and SDP Retirees continue to be influential within the Debtors' communities and within the Debtors' industry. I believe the retirees' continued (and vocal) support of the Debtors' operations and business planning efforts plays an important role in the Debtors' outreach efforts and helps keep the Debtors competitive. A number of these retirees continue to play active roles in the communities in which the Debtors operate, frequently interact with employees, and often interact with the Debtors' leadership team." [D.I. 1442 at paragraph 15.]

11. The U.S. Supreme Court recently referred to the reputational value received by a Chapter 11 debtor by honoring debts owed to former employees, stating:

> "Severance payments, moreover, can be desirable from the perspective of the employer as an alternative or supplemental form of remuneration. **In situations in which Chapter 11 bankruptcy reorganization is necessary, an employer may seek to retain goodwill by paying its terminated employees well, thus reinforcing its reputation as a worthy employer.**" [emphasis added] *United States v. Quality Stores, Inc.*, 572 U. S. ____ (2014)(March 25, 2014)(slip opinion at 5).

The value of maintaining a debtor's reputation as a "worthy employer" by honoring Non-Qualified Benefit type obligations has been implicitly recognized in this Bankruptcy Court. See,

e.g., *In re Neenah Enters., Inc.*, No. 10-10360 (MFW) (Bankr. D. Del. 2010) (authorizing the debtor to immediately honor outstanding obligations in connection with a supplemental retirement plan for ten employees).

<u>Information regarding membership of the Legacy SERP Retiree Group.</u>

12. No member of the Legacy SERP Retiree Group is an "insider" as defined in the Bankruptcy Code, indeed no member of the Legacy SERP Retiree Group has been employed by the Debtors within 4 years of the Petition Date.

13. The members of the Legacy SERP Retiree Group collectively are owed over one/third of the obligations due under the Second Supplemental Retirement Plan. Reinstitution of monthly payments to members of the Legacy SERP Retiree Group is projected to cost approximately $60,000 per month, which is relatively insignificant in the context of these cases.

14. Additional information regarding the membership of the Legacy SERP Retiree Group is provided below.

| Name | Year that employee retired from EFH or its TXU Corp predecessor (or their affiliates) |
| --- | --- |
| Pete Tinkham | 2004 |
| Mike McCall | 2009 |
| Homer J Gibbs | 2002 |
| Billy Ranton | 2003 |
| Michael Blevins | 2010 |
| Michael McNally | 2004 |
| Liz LaValley | 2005 |
| Richard Wistrand | 2008 |
| Susan Atteridge | 2005 |
| Curtis Seidlets | 2008 |
| Wes Taylor | 2004 |
| Jeff Weiser | 2004 |

WHEREFORE, the Legacy SERP Retiree Group respectfully requests that the Court enter the Order, substantially in the form attached as **Exhibit A** to the Debtors' Motion, granting the relief requested in the Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: August 8, 2014

Respectfully submitted,

**CONNOLLY GALLAGHER, LLP**

By: _____
Jeffrey C. Wisler (No. 2795)
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

**SQUIRE PATTON BOGGS (US) LLP**
J. Maxwell Tucker
Texas State Bar No. 20270900
2000 McKinney Avenue
Suite 1700
Dallas, Texas 75201
Telephone: 214.758.1500
Facsimile: 214.758.1550
Email: mtucker@pattonboggs.com

**ATTORNEYS FOR THE
LEGACY SERP RETIREE GROUP**

#05119439