# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) Re: D.I. 1792, 1793 & 1794 |
|  | ) Hearing Date: September 16, 2014 at 11:00 a.m. (ET) |
|  | ) Objection Deadline: September 5, 2014 at 4:00 p.m. (ET) |

**MOTION OF ENERGY FUTURE HOLDINGS CORPORATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE CERTAIN PORTIONS OF COMMERCIALLY SENSITIVE INFORMATION SET FORTH IN THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION AMOUNTS ON ACCOUNT OF THE INSIDER COMPENSATION PROGRAMS AND (B) CONTINUE THE INSIDER COMPENSATION PROGRAMS IN THE ORDINARY COURSE OF BUSINESS ON A POSTPETITION BASIS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion")[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors to file under seal commercially sensitive information ("Commercially Sensitive Information") in the *Debtors' Motion for Entry of an Order Authorizing the Debtors To (A) Pay Certain Prepetition Amounts on Account of the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Insider Compensation Programs Motion (as defined herein), as applicable.

*Insider Compensation Programs and (B) Continue the Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis* ("Insider Compensation Programs Motion"), including the supporting declarations of Todd W. Filsinger ("Filsinger Declaration") and Douglas J. Friske ("Friske Declaration") (collectively, the "Supporting Declarations"); and (b) directing that this information remain under seal, confidential, and not be made available to anyone without the consent of the Debtors or further order from the Court.  In support of this Motion, the Debtors respectfully state as follows.

## Background

1.      Concurrently with the filing of this Motion, the Debtors are filing redacted versions of the Insider Compensation Programs Motion and Supporting Declarations.  The Debtors' Insider Compensation Programs Motion requests authorization to pay certain prepetition amounts owed under the Debtors' Insider Compensation Programs and to continue the Insider Compensation Programs in the ordinary course of business on a postpetition basis.  With that motion, the Debtors have submitted for the Court's consideration declarations that include highly-sensitive commercial information, including the specifics of employee compensation strategies as well as core business operations strategy and information.

2.      The disclosure of this commercially sensitive information to the public is likely to harm the Debtors in at least three ways.  First, the information concerning the performance metrics in the Insider Compensation Programs Motion as well as the declaration of Todd Filsinger, an energy industry expert, concerns, in Mr. Filsinger's words, the Company's "long-range planning, business risks, proprietary customer pricing and margins, and other performance challenges." (T. Filsinger Decl. at ¶ 4.)  This information is, in the strictest sense, competitively

sensitive, and, if disclosed, may be used by other power producers and retail energy providers to compete against the Debtors in the market place.  As Mr. Filsinger explains in his declaration, "the public disclosure of the information in [his] declaration has the potential to competitively harm the Debtors." (T. Filsinger Decl. at ¶ 4.)  This would be unfair, and should be precluded.

3. Second, the Debtors' competitors in the energy industry would be unfairly advantaged by gaining access to the specifics of a suite of compensation programs for the Debtors' senior management team.  Competitors could use this information to recruit and hire key management employees away from the Debtors.  Finally, the public release of details about the Debtors' employee compensation strategies, including information about individual incentive payment levels and threshold performance metrics, may undermine employee morale, thus diminishing workforce productivity and causing potentially disruptive levels of employee turnover during a critical stage in the Debtors' restructuring process.

4. For these reasons, the Debtors seek to protect from disclosure (a) the Filsinger Declaration in its entirety, (b) the portions of the Friske Declaration detailing compensation amounts for specific employees, and (c) the portions of the Insider Compensation Programs Motion referencing that information.

**Jurisdiction and Venue**

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

(the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1.

**Relief Requested**

7.     By this Motion, the Debtors seek entry of an Order (a) authorizing the Debtors to file under seal unredacted portions of the Insider Compensation Programs Motion and Supporting Declarations relating to the Debtors' employee compensation strategy and other Commercially Sensitive Information; and (b) directing that these certain portions remain under seal and confidential and not be made available to anyone without the consent of the Debtors or further order from the Court.  The Debtors will provide unredacted copies of the Insider Compensation Programs Motion and Supporting Declarations, upon request and on a highly confidential basis, to the United States Trustee for the District of Delaware and professionals for the Official Committee of Unsecured Creditors, the ad hoc group of TCEH First Lien creditors, ad hoc group of TCEH Unsecured creditors, TCEH Second Lien Indenture Trustee, Fidelity, ad hoc group of EFH Legacy noteholders, ad hoc group of EFIH Unsecured creditors, and ad hoc group of EFIH Second Lien creditors.

**Basis For Relief**

8. The Bankruptcy Code and the Bankruptcy Rules give the Court specific authority to grant the Debtors' request to file under seal the Commercially Sensitive Information contained in the Insider Compensation Programs Motion and Supporting Declarations.  The Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]"  11 U.S.C. § 107(b)(1).  Moreover, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  The rule provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Further, Local Bankruptcy Rule 9018-l(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-l(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994).  If the material sought to be protected falls within one of section 107(b)'s enumerated categories, "the court is *required* to protect a requesting party and has no discretion to deny the application."  *Id.* at 27; *accord* 11 U.S.C. § 107(b) ("On

request of a party in interest, the bankruptcy court *shall . . . protect* an entity with respect to . . . confidential . . . commercial information . . . .") (emphasis added).

11. Section 107(b)'s protections extend to "confidential . . . commercial information" whose disclosure "would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27-28); *see In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). "Commercial information" in this context need not rise to the level of a trade secret in order to warrant protection. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(l) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

12. Here, the material the Debtors seek to protect includes highly confidential information that enumerates the Debtors' business strategy and budgeting thresholds as well as private details of employee compensation. In his declaration, Mr. Filsinger assesses each of the metrics that trigger bonuses under the Insider Compensation Plans, many of which directly track the Company's business plan. This requires detailed analysis of Luminant and TXU Energy's projected performance compared to their competitors. Mr. Filsinger's declaration also addresses the long-range planning, business risks, proprietary customer pricing and margins, and other performance challenges involved in the operation of one of the largest electricity companies in the United States. This material is, without question, competitively sensitive, and its disclosure

has potential to cause "commercial injury" to the Debtors.  *See In re Alterra Healthcare Corp.*, 353 B.R. at 75.

13.     Similarly, Mr. Friske's declaration includes multiple benchmark analyses indicating exactly how the Debtors' Insider Compensation Programs compare to similar programs operated by competitor companies in the energy industry.  This is precisely the type of information that competitors could use to an "unfair advantage" in efforts to recruit and hire away the Debtors' key management employees.  *See id*.  In addition, disclosure of this information to the Debtors' general workforce could well injure employee morale at an already sensitive time in the Debtors' chapter 11 restructuring process.

14.     Finally, portions of the Insider Compensation Programs Motion reference the substance of the declarations of Messrs. Filsinger and Friske, and provide additional details about the Debtors' employee compensation strategies.  For the same reasons, disclosure of this information can cause competitive harm to the Debtors.  Accordingly, the Debtors respectfully submit that the information in question constitutes "confidential commercial information" under Section 107(b) of the Bankruptcy Code, and is thus deserving of the Court's protection from public disclosure.

15.     Courts in this district have routinely granted debtors in other chapter 11 cases permission to file portions of their employee incentive compensation motions under seal.  *See, e.g.*, *In re Allied Sys. Hldgs, Inc.*, No. 12-11564 (CSS) (Bankr. D. Del. July 30, 2013); *In re Prommis Hldgs., LLC*, No. 13-10551 (BLS) (Bankr. D. Del. Apr. 10, 2013); *In re B456 Sys., Inc. (f/k/a A123 Systems, Inc.)*, No. 12-12859 (KJC) (Bankr. D. Del. Nov. 8, 2012); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Feb. 7, 2012); *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. May 28, 2009).  This motion is no different.  The Debtors thus request

permission to file certain unredacted portions of the Insider Compensation Programs Motion and Supporting Declarations under seal because of the harm that would ensue if the sensitive and confidential commercial information contained therein became public information.

## Notice

16. The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity

as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: August 8, 2014

/s/  William A. Romanowicz
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:	(302) 651-7700
Facsimile:	(302) 651-7701
Email:	collins@rlf.com
	defranceschi@rlf.com
	madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900
Email:	richard.cieri@kirkland.com
	edward.sassower@kirkland.com
	stephen.hessler@kirkland.com
	brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	james.sprayregen@kirkland.com
	chad.husnick@kirkland.com
	steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession