**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER AUTHORIZING ENERGY FUTURE HOLDINGS CORPORATION LLC TO FILE UNDER SEAL CERTAIN PORTIONS OF THE MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION AMOUNTS ON ACCOUNT OF THE INSIDER COMPENSATION PROGRAMS AND (B) CONTINUE THE INSIDER COMPENSATION PROGRAMS IN THE ORDINARY COURSE OF BUSINESS ON A POSTPETITION BASIS**

Upon the motion (the "Motion")[2] of Energy Future Holdings Corporation ("EFH") (together with the other above-captioned debtors and debtors in possession, the "Debtors"), for entry of an order (this "Order"), (a) authorizing the Debtors to file under seal commercially sensitive information ("Commercially Sensitive Information") in the *Motion for Entry of an Order Authorizing the Debtors To (a) Pay Certain Prepetition Amounts on Account of the Insider Compensation Programs and (b) Continue the Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis* ("Insider Compensation Programs Motion"), including the supporting declarations of Todd W. Filsinger ("Filsinger Declaration") and Douglas J. Friske ("Friske Declaration") (collectively, the "Supporting Declarations"); and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

(b) directing that this information remain under seal, confidential, and not be made available to anyone without the consent of the Debtors or further order from the Court; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to file under seal the unredacted portions of the Insider Compensation Programs Motion and Supporting Declarations pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. The unredacted portions of the Insider Compensation Programs and the Supporting Declarations are confidential, shall remain under seal, and shall not be made available to anyone without the consent of the Debtors, except that copies of these sealed materials shall be provided to (i) the Court, (ii) the U.S. Trustee on a highly confidential basis upon request, and (iii) on a highly confidential basis upon request, professionals for the Official

Committee of Unsecured Creditors, the ad hoc group of TCEH First Lien creditors, ad hoc group of TCEH Unsecured creditors, TCEH Second Lien Indenture Trustee, Fidelity, ad hoc group of EFH Legacy noteholders, ad hoc group of EFIH Unsecured creditors, and ad hoc group of EFIH Second Lien creditors.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This order is without prejudice to the rights of any party in interest to seek to declassify and make public any portion of the material filed under seal.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware

Dated: _____, 2014

                                            CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE