# **<u>EXHIBIT A</u>**

1

```
 1                 IN THE UNITED STATES BANKRUPTCY COURT

 2                     FOR THE DISTRICT OF DELAWARE

 3
       In re:                        ) Chapter 11
 4                                   )
       SPECIALTY PRODUCTS            ) Case No. 10-11780
 5     HOLDING CORP., et al.,        ) (PJW)
                                     )
 6                 Debtors.          ) (Jointly Administered)

 7                                     Wilmington, Delaware
                                       November 5, 2013
 8                                     11:05 a.m.

 9

10
                 TRANSCRIPT OF AN ELECTRONIC RECORDING
11              BEFORE THE HONORABLE PETER J. WALSH
                   UNITED STATES BANKRUPTCY JUDGE
12

13

14   APPEARANCES:

15   For the Debtors     DANIEL J. DeFRANCESCHI, ESQ.
                         ZACHARY I. SHAPIRO, ESQ.
16                       RICHARDS LAYTON & FINGER, P.A.
                                   -and-
17                       GREGORY M. GORDON, ESQ.
                         DAN B. PRIETO, ESQ.
18                       THOMAS R. JACKSON, ESQ.
                         JONES DAY
19                                 -and-
                         C. MICHAEL EVERT, JR., ESQ.
20                       EVERT WEATHERSBY & HOUFF

21   For the Asbestos    NATALIE D. RAMSEY, ESQ.
     Claimants           MARK B. SHEPPARD, ESQ.
22   Committee           DAVIS LEE WRIGHT, ESQ.
                         MARK A. FINK, ESQ.
23                       MONTGOMERY McCRACKEN WALKER &
                         RHOADS, LLP
24

25
```

1  same place, so I agree with her comments in that regard.
2  But every case this she's citing to you as a basis for
3  you to determine that it's not appropriate to have an
4  asbestos claim bar date is distinguishable for the
5  reasons I've just indicated, that those are all
6  consensual 524(g) cases.

7              And, unfortunately, we're in a scenario in
8  this case where we could be on a cramdown 524(g) path,
9  which has never been done before over the objection of
10 the debtor or, alternatively, we could be in a cramdown
11 situation where we're attempting to cramdown but not
12 under 524(g).  Ms. Ramsey did not -- her statements with
13 respect to our plan were not correct, and we'd just be
14 seeking a standard discharge under 1141(d).

15             Now, again, I'll be honest with Your Honor,
16 that's not our preference, because the advantage of
17 524(g), as I think Your Honor probably knows, is it's a
18 statutory safe harbor.  Congress basically said if you
19 can meet all these requirements, by law you're entitled a
20 channelling injunction that permanently resolves the
21 asbestos liability, both from the debtors' perspective
22 and derivative claims against the affiliates.  That's
23 where we'd like to be.

24             But if we can't get there because we're
25 just so far apart on issues that we're litigating, then

1  what our plan is saying to everyone is we're prepared to
2  live with lesser protection and, more importantly, and
3  again contrary to her statements, we're willing to put
4  our money behind our position on the litigation.  If we
5  lose the litigation, we're saying we'll pay.  And we're
6  also saying we'll address the issue of delay, that we'll
7  put up a substantial amount of money up front.
8              But I think bottom line, that's the primary
9  difference.  Are we in a consensual 524(g) scenario?
10 Unfortunately, we're not.  If we were, I would, I would
11 agree completely with Ms. Ramsey.  We just don't know
12 where we are.
13             Now, I suppose it's possible the issue
14 could be put off and we could revisit it later.  If, if
15 Your Honor is of a view that the plan shouldn't go
16 forward until the estimation decision or the estimation
17 appeal is completed or goes further along, I suppose the
18 issue could be put off because maybe an agreement will
19 break out.  I don't know, but at this point in time, we
20 have a motion by the other side for a bar date, and it
21 just seemed to us that given the uncertainty in the case,
22 it just made sense to expand it to include asbestos
23 claims if we were going to do a bar date, particularly
24 again given that the number of claims is relatively
25 small, we're not asking to duplicate the questionnaire

1   process.  Our proposal is clear that anyone who's already

2   submitted a questionnaire doesn't have to submit a claim.

3   If they want to submit a claim because they want to

4   update, I suppose they could.  But we're not requiring

5   people to do busywork here, to do duplicate work.  We're

6   just asking for the information from people who otherwise

7   the information hasn't been provided.

8              THE COURT:  Okay.  Well, I'm inclined to

9   direct that a bar date be established, including asbestos

10  claims.  And I view this as competing plans, and

11  therefore my suggestion is that the Committee has an

12  opportunity to object to your plan.  You have a

13  disclosure statement also?

14             MR. GORDON:  No, but we'll have that within

15  a couple of weeks, Your Honor.

16             THE COURT:  Well, okay.  Then, then we can

17  have time to respond to the plan and the disclosure

18  statement.

19             MR. GORDON:  Understood.

20             THE COURT:  And we'll have a hearing on the

21  disclosure statement for each plan.

22             MR. GORDON:  Understood, Your Honor.

23             THE COURT:  And I think that we can easily

24  resolve this, I think, before the end of the year.

25             MR. GORDON:  Resolve the disclosure

1    statement --

2                THE COURT:  Yes.

3                MR. GORDON:  -- issues?  Okay.

4                MR. HARRON:  Your Honor, may I be heard on

5    behalf of the Future Claimants' Representative?

6                THE COURT:  Yes.

7                MR. HARRON:  Thank you.  A couple of points

8    to respond to Your Honor's comments.

9                One, the last time we appeared before Your

10   Honor, there was a claim that our plan wasn't

11   sufficiently complete to move forward with the disclosure

12   statement hearing.  If you recall, the Court was

13   concerned that there were no trust documents filed.  And

14   we agreed to a tight deadline to file supporting

15   documents so we could move forward.  We had asked that

16   the Court condition the debtors' efforts to move forward

17   on them to filing a disclosure statement within the very

18   short term.

19               As Ms. Ramsey noted, the estimation

20   decision came out last spring.  Our disclosure statement

21   has been on file for some time.  It's not unreasonable

22   for the debtors to promptly file a disclosure statement.

23   I submit that the rules required that they file one with

24   their plan, which they did not.  So that's the first

25   thing, Your Honor.

1                  To the extent that we're going to go on a
2    dual plan path, we'd request that the Court impose a
3    tight timeframe so that the debtors don't have an
4    opportunity to unduly delay these proceedings any
5    further.
6                  But, Your Honor, back to the bar date.
7    There's a point -- a few points I'd like to make.  One,
8    Mr. Gordon did not respond to Ms. Ramsey's argument
9    relating to the fact that an asbestos bar date does not
10   further any of the purposes of the Bankruptcy Code.  An
11   asbestos bar date is not required for voting.  An
12   asbestos bar date is not required for cramdown.  That
13   applies with equal force to our plan as it does to their
14   plan.
15                 And, Your Honor, to the extent that the
16   Court does embark on an asbestos bar date path, and I
17   noted at the last hearing, the Court lacks jurisdiction
18   to liquidate these claims.  And the obvious next step for
19   the debtors is to begin objecting to the claims that are
20   filed at the bar date.  This Court can't resolve those
21   objections.  It would go to the District Court under 157,
22   and of course Judge Robinson is the judge presiding
23   there.
24                 So what we'll have is thousands of claims
25   filed by a bar date, which this Court doesn't have