# **<u>EXHIBIT B</u>**

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:                          *    Docket 00-CV-558-R
                                *
THE BABCOCK & WILCOX COMPANY    *    January 25, 2002
                                *    10:00 a.m.
* * * * * * * * * * * * * * *

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Debtors:              Kirkland & Ellis
                              BY: DAVID M. BERNICK, ESQ.
                              200 E. Randolph Drive
                              Chicago, Illinois 60601

For the Asbestos              Caplin & Drysdale
  Claimants Committee:        BY: ELIHU INSELBUCH, ESQ.
                              399 Park Avenue, 27th Floor
                              New York, New York 10022

Official Court Reporter:      Toni Doyle Tusa, CCR
                              501 Magazine Street, Room 406
                              New Orleans, Louisiana 70130
                              (504) 589-7778

Proceedings recorded by mechanical stenography, transcript produced by computer.

1  repose assumes that you can identify a boiler and know when it
2  was finished, so that's a defense that can't be a backup
3  defense.  By contrast, the defense that says that there's a
4  medical condition that has not been proven by reliable
5  evidence, yes, that would be a second wave of defenses not
6  focused on our conduct or on product identification, that are
7  focused on the medicine, and the reason we put them second is
8  because we believe they are going to be a little more difficult
9  to deal with because they will require some expert testimony.
10           THE COURT:  How long do you envision this process
11 taking?
12           MR. BERNICK:  I think this process is really almost
13 purely a question of paperwork, with some limited discovery.  I
14 think the first wave of this process could be before Your Honor
15 in a matter of months.
16           THE COURT:  I'm talking about the total lifetime of
17 this process.
18           MR. BERNICK:  The total lifetime?
19           THE COURT:  Getting it before me -- I'm not a claims
20 adjustor.  I was trained as a lawyer and as a judge, and if I
21 get motions it takes me time to look at things.  It's not going
22 to be months for me to decide 200,000 discrete questions.  I
23 know that.  It takes months to get your arms around the 200,000
24 that you even have in the Court.
25           MR. BERNICK:  I think realistically what Your Honor

1 would get is a brief from us -- let's take the boilers as an
2 example.  We would take the 93,000 and we would file an omnibus
3 objection and move for summary judgment, and we would attach to
4 the motion for summary judgment affidavits of documentation of
5 where our boilers were.
6           That is one of the most perverse issues, that
7 somehow there's a big boiler there and nobody really knew about
8 it except this person saw it.  So we would submit that
9 documentation.  They would be entitled to conduct some
10 discovery, obviously, to verify what the accuracy of that
11 documentation is.
12           THE COURT:  You would give them 30 days to do that?
13           MR. BERNICK:  I would give them 30 days on the
14 discovery, probably, yes.  It's really relatively simple
15 discovery.  All it is is taking the depositions of the people
16 who maintained the records and finding out what records they
17 have.  This is not rocket science.  It's not that complex.  We
18 take the discovery, then --
19           THE COURT:  You don't want to depose them?  You don't
20 want to depose the plaintiffs on that issue?
21           MR. BERNICK:  Well, on the issue of what they saw,
22 no.  I think that, in fact, the claim form is probably enough
23 for us to pose the issue; that is, that we would rest upon the
24 reliability of our documentation in order to establish, in
25 fact, the boiler was not there.

1  THE COURT: If the plaintiff came in and said, "I saw
2  something different," you would be content not to cross-examine
3  the plaintiff?
4  MR. BERNICK: It might be interesting to take a few
5  depositions and develop some feel for the Court on what kind of
6  testimony is offered, but we are not going to sit there and
7  take 95,000 depositions.
8  THE COURT: Tell me how long this first 95,000 is
9  going to take to dispose of.
10  MR. BERNICK: That, I think, could be done in three
11  months. Again, because --
12  THE COURT: Who is doing what? Your part or my part?
13  MR. BERNICK: It depends on how fast you read the
14  papers. Your Honor I think is justifiably and
15  understandably -- I'll use the word I think it's --
16  THE COURT: Try awe-struck.
17  MR. BERNICK: Awe-struck, intimidated, disconcerted
18  by the numbers, but the numbers are not what drive the
19  equation. What's going to drive the equation is our ability to
20  pick out common predicate facts that can be adjudicated, and it
21  has to be a small number of common predicate facts. If we
22  can't do that, it will take a very long time, and that's not
23  our concept. Our concept is to pick out what counts and put it
24  before Your Honor, what counts here. What counts here is the
25  accuracy of our records in convincing you that there was a