# EXHIBIT 3



**NIXON PEABODY**

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Richard C. Pedone**
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA 02110-2131
617-345-1000

July 17, 2014

<u>*FEDERAL EXPRESS AND ELECTRONIC MAIL*</u>

Roberta A. DeAngelis
United States Trustee
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
Attention: Andrea B. Schwartz, Trial Attorney
           Richard L. Schepacarter, Trial Attorney

**RE: In re Energy Future Holdings Corp. Case No 14-10979 (CSS) - Official Committee of Unsecured Creditors**

Dear Andrea and Richard:

     As you know we represent American Stock Transfer & Trust Company, LLC ("AST") as the successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "Indenture Trustee") under the Indentures listed on Schedule I attached hereto.[1] We write to request that the U.S. Trustee appoint an official committee of unsecured creditors for Energy Future Holdings Corp. ("EFH").

     These cases, though initially styled as a simple balance sheet restructuring, are among the largest and most complex ever filed in the District of Delaware and they raise numerous complicated legal and financial issues involving the tax treatment of proposed transactions, the treatment of intercompany claims, and the valuation of the Debtors' energy generation and regulated transmission businesses. While these cases were commenced with a pre-negotiated plan memorialized in the Restructuring Support Agreement (the "RSA"), which was executed by holders of a significant amount of debt at many levels of the Debtors' complex capital

---

[1] Capitalized terms used but not defined herein shall have the mean ascribed to them in the *Declaration of Paul Keglevic in Support of First Day Motions* [ECF 98].

15060231.2

Andrea B. Schwartz
Richard L. Schepacarter
July 17, 2014
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

structure, the motion to approve that RSA has been adjourned indefinitely and it has been reported that the RSA has been, or soon will be, terminated by one or more parties to the agreement. Clearly these cases are not progressing according to "plan."

In the midst of this chaos there is no fiduciary appointed pursuant to the Bankruptcy Code looking out for the interests of EFH creditors. Section 1102 of the Bankruptcy Code requires the U.S. Trustee to appoint a committee or committees with responsibility for each Debtor's bankruptcy case. Your office Trustee, in its appointment of the Unsecured Creditors' Committee of only the TCEH Debtors and EFH Corporate Services Company, made clear that the appointed committee would not represent the interests of the EFH unsecured creditors. (*See Notice of Appointment of Committee of Unsecured Creditors* [D.I. 420]). AST is eligible and in fact well positioned to serve on a committee of unsecured EFH creditors. Neither the Indenture Trustee, nor any holders of the EFH Notes (other than certain funds affiliated with FMR LLC (collectively, "Fidelity")) were signatories to or bound by the RSA. The Indenture Trustee has not received, and does not expect to receive, any direction from funds affiliated with Fidelity. In addition, we are aware of at least three unsecured creditors with claims against EFH that have expressed interest in serving on a committee of unsecured EFH creditors.

Accordingly, we request the U.S. Trustee fulfill its statutory mandate under the Bankruptcy Code to ensure adequate representation of each of the Debtors' creditors and appoint a committee to represent unsecured creditors of EFH. We would be happy to work with you to the extent that you are not able to identify other potential committee members.

Time is of the essence in light of the complexities and pace of this case. We believe, in these circumstances, that the Bankruptcy Code mandates the prompt appointment of a committee. Accordingly, we respectfully request that you contact us by the end of the day tomorrow to discuss the formation of a second committee to fulfill this important fiduciary function. If we do not receive a prompt positive response, we will bring our request directly to the Court.

Sincerely,

Richard C. Pedone


Cc: Edward O. Sassower, Esq.

15060231.2

## Schedule I

EFH Unsecured Legacy Notes issued pursuant to:

1. Indenture dated as of November 1, 2004, between Energy Future Holdings Corp.("EFH"), as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of July 1, 2010, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series P Indenture").

2. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series Q Indenture").

3. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series R Indenture")

EFH Unexchanged Notes issued pursuant to:

1. Indenture dated as of November 16, 2009, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Supplemental Indenture, dated as of January 25, 2013, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "9.75% Senior Notes Indenture").

2. Indenture dated as of January 12, 2010, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of March 16, 2010, the Second Supplemental Indenture, dated as of April 13, 2010, the Third Supplemental Indenture, dated as of April 14, 2010, the Fourth Supplemental Indenture, dated as of May 21, 2010, the Fifth Supplemental Indenture, dated as of July 2, 2010, the Sixth Supplemental Indenture, dated as of July 6, 2010, the Seventh Supplemental Indenture, dated as of July 7, 2010, the Eighth Supplemental Indenture, dated as of January 25, 2013, and the Ninth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.00% Senior Notes Indenture").

EFH LBO Notes issued pursuant to:

1. Indenture dated as of October 31, 2007, among EFH, as issuer, the Guarantors party thereto and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of July 8, 2008, the Second Supplemental Indenture, dated as of August 3, 2009, the Third Supplemental Indenture, dated as of July 29, 2010, the Fourth Supplemental Indenture, dated as of October 18, 2011, and the Fifth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.875% Senior Notes and 11.250%/12.000% Senior Toggle Notes Indenture", and collectively with the Series P Indenture, the Series Q Indenture, the Series R Indenture, the 9.75% Senior Notes Indenture, and the 10.00% Senior Notes Indenture, the "Indentures").

15060231.2