# EXHIBIT 5



**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

Richard C. Pedone
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA 02110-2131
617-345-1000

August 3, 2014

*VIA ELECTRONIC MAIL*

Andrea B. Schwartz, Trial Attorney
Richard L. Schepacarter, Trial Attorney
United States Trustee
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

**RE:    In re Energy Future Holdings Corp. Case No 14-10979 (CSS) - Official Committee of Unsecured Creditors**

Dear Andrea and Richard:

Thank you for your call and email on Thursday. American Stock Transfer & Trust Company, LLC, as Indenture Trustee (the "Indenture Trustee"), agrees with the comment in your email that the particular facts and circumstances determine whether a renewed solicitation for a committee at EFH is appropriate. As explained in our July 17th letter and more fully below, the Indenture Trustee strongly believes that given the recent developments in these cases, a solicitation for an official committee of EFH unsecured creditors (the "EFH Committee") is not only appropriate, but essential. As we also discuss more fully below, the Indenture Trustee's sole motivation from the outset of these cases has been its obligation to represent the interest of the EFH noteholders in accordance with its duties under the applicable Indentures.[1] Any suggestion to the contrary is utterly without foundation.

<u>The Need for Immediate Appointment of an EFH Committee is Imperative.</u>

The appointment of an EFH Committee is critically important in these bankruptcy cases, especially given the current facts and circumstances. Given the enormous size of the estate and the numerous parties zealously pursuing strategies that benefit their own economic interest, these cases have been immensely complicated from their commencement. With the recent

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Motion of EFH Notes Indenture Trustee Pursuant to 11 U.S.C. 1102(a)(1) and 105 for Appointment of an Official Committee Of Unsecured Creditors for Energy Future Holdings Corp.* (the "Motion") [D.I. 1676].

15083131.6

Andrea B. Schwartz
Richard L. Schepacarter
August 3, 2014
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

termination of the RSA, the path towards a confirmable plan of reorganization has become even more uncertain. The rising perceived values of the Debtor entities have brought additional possible acquirers to the negotiating table and raised various proposals for new reorganization structures, all of which have created additional uncertainty concerning the timing and terms of a plan. These changed circumstances have created a compelling need for the immediate appointment of an EFH Committee, which would allow the EFH unsecured creditors to gain proper access to critical information, be afforded an opportunity to conduct appropriate recovery and valuation analyses, and become an active party with other secured and unsecured creditor constituencies at the negotiating table.

The existing creditors committee (the "T-Side Committee") is comprised solely of creditors on the "T-Side" and does not act as a fiduciary for the EFH unsecured creditors. In fact, the "T-Side" Committee has interests that may be directly adverse to the EFH unsecured creditors. Among other things, the "T-Side" Committee has stated multiple times on the record that an alternative to the Tax Free Spin Off may yield a higher return to the "T-Side" unsecured creditors – albeit at the cost of potentially wiping out all recoveries to EFH unsecured creditors on account of a deconsolidation tax liability. Nor can any individual EFH noteholder, regardless of the size of its holdings, substitute for an official committee. All EFH noteholders are free to trade in and out of their positions, engage in hedging, or acquire positions that may be economically adverse to other EFH noteholders. An EFH Committee is, therefore, the only way to adequately represent the interest of the EFH unsecured creditors.

Further, appointment of an EFH Committee will guarantee its advisors access to the information necessary to evaluate the various restructuring proposals. To date, despite numerous requests, the Debtors have not provided the Indenture Trustee with the necessary information to adequately monitor and evaluate the fast moving developments in these cases. Under the Bankruptcy Code, however, the Debtors would be obligated to provide the EFH Committee with information and necessary disclosures, including, for example, crucial information concerning the uses and sources of cash at EFH. Importantly, Bankruptcy Code Section 1102(b)(3) permits creditors to obtain access to an official committee's information and additional reports and disclosures, even when those creditors are non-members. However, as these cases stand today, EFH unsecured creditors lack this statutory benefit.

Additionally, we believe, as set out in our Motion and in our July 17 letter, the Bankruptcy Code requires the appointment of an EFH Committee. An EFH Committee would provide those creditors with a fiduciary and with counsel bound ethically to advocate for the EFH creditor body. The appointment of a committee with a statutory duty to communicate with all other creditors is a crucial statutory check on the autonomy of a debtor-in-possession.

We believe that your July 30 letter, which stated that "the U.S. Trustee has decided to solicit further for such a committee", at least implicitly recognized that an EFH Committee may be appropriate under the circumstances we have highlighted. Indeed, those comments signaled to the Indenture Trustee and its counsel that the United States Trustee was still considering the

15083131.6

Andrea B. Schwartz
Richard L. Schepacarter
August 3, 2014
Page 3

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

appointment of an EFH Committee and further motivated our efforts in this regard. For all the reasons stated above and in our Motion, we believe that an EFH Committee is appropriate under the facts and circumstances, critical to the interests of the EFH unsecured creditors, and required by the Bankruptcy Code.

### The Indenture Trustee Filed the Motion for an EFH Committee Solely for the Purpose of Protecting the Interest of the EFH Unsecured Noteholders.

The Indenture Trustee's actions, at every step, have been aimed at maximizing the recovery at EFH and representing the interest of its noteholders pursuant to the "prudent person" standard required by the applicable provisions of the Indentures and the Trust Indenture Act of 1939 by independently monitoring and evaluating the Debtors' cases and their progress toward confirmation of a plan of reorganization. This duty has been the sole motivating factor behind the Indenture Trustee's actions to cause the appointment of an EFH Committee, including our July 17 letter and the subsequent Motion. Any suggestion that our Motion was motivated by a desire to shift costs to the Debtors is completely baseless.

Since the commencement of these cases, the Indenture Trustee has unwaveringly advocated for the formation of a committee representing EFH unsecured creditors. As you are aware, the Indenture Trustee timely submitted a questionnaire and expressed its willingness to serve on a committee representing all creditors at the formation meeting on May 12, 2014. When the "T-Side" Committee was appointed without any representation of the EFH unsecured creditors, the Indenture Trustee began immediately to evaluate the advisability of seeking the appointment of an EFH Committee and engaged in certain discussions with various parties regarding a number of alternatives to an EFH Committee. Throughout these negotiations, the Indenture Trustee has repeatedly and consistently expressed its preference that an EFH Committee be appointed to represent the interests of the EFH unsecured creditors. Ultimately, when it became clear that the RSA was to be terminated, the Indenture Trustee filed the Motion because it determined that the appointment of an EFH Committee was imperative.

### Conclusion

As set forth above, the Indenture Trustee believes that the best interest of all EFH unsecured creditors would be served by appointment of an EFH Committee. We, therefore, stand ready to assist the United States Trustee in any solicitation process to establish an EFH Committee, and we will provide the information you have requested in your July 30 letter under separate cover. In the meantime, because we believe we are obligated to continue to pursue the establishment of such a committee, the Indenture Trustee is not inclined to withdraw or adjourn its motion seeking the prompt creation of an EFH Committee without some assurance that a solicitation process that reaches all holders has begun.

15083131.6

Andrea B. Schwartz
Richard L. Schepacarter
August 3, 2014
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

    Finally, we remain open to meeting with you to discuss these issues, at your convenience in either New York or Delaware. We look forward to speaking with you further.

Sincerely,


/s/ Richard C. Pedone

Richard C. Pedone

15083131.6