# **<u>Exhibit A</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 1682** |

**ORDER (A) SETTING BAR DATES FOR FILING NON-CUSTOMER
PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE, (B) APPROVING
THE FORM OF AND MANNER FOR FILING NON-CUSTOMER PROOFS
OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE, AND (C) APPROVING NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order"), (a) establishing a deadline for filing certain claims in these chapter 11 cases, (b) approving the form and manner for filing such claims, and (c) approving notice thereof, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

**I.      The Bar Dates and Procedures for Filing Proofs of Claim.**

2.      Each entity,[3] including a governmental unit, that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code and claims based on prepetition exposure to asbestos ("Asbestos Claims"), including Asbestos Claims that have not manifested in a current illness or injury  and whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law, shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 10.[4]  Except in the case of certain

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 10 may be obtained by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at:  http://www.efhcaseinfo.com; (c) writing to the Debtors'

exceptions explicitly set forth herein, **all proofs of claim must be filed so that they are actually received on or before November 26, 2014, at 5:00 p.m., prevailing Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.**  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including claims held by governmental units against the Debtors, except for claims specifically exempt from complying with the General Bar Date as set forth in this Bar Date Order.[5]

3.      All persons or entities holding claims (whether secured, unsecured priority, or unsecured non-priority) that arise in connection with the Debtors' amendments to their Schedules must file proofs of claims **so they are actually received on or before the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date" and, together with the General Bar Date, the "Bar Date" or "Bar Dates" as may be applicable), at the addresses and in the form set forth herein**.

4.      All proofs of claim must be filed so as to be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the noticing and claims agent retained in these chapter 11 cases, on or before the General Bar Date (or, where applicable, on or before any other Bar Date as set forth herein, including the Amended Schedules Bar Date).  If proofs of claim are not received by Epiq on or before the applicable Bar Date, the holders of the underlying claims shall be barred from

---

Claims Processing Center, Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[5]    Pursuant to the Customer Claims Bar Date Order, the Court established October 27, 2014, as the date by which customer claims, as discussed in the Customer Programs Motion, must be filed.  Nothing in this Bar Date Order will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.     Parties Exempted from the General Bar Date.

5.     The following categories of claimants shall not be required to file a proof of claim by the General Bar Date:

(a)     any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)     any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     any entity whose claim has previously been allowed by order of the Court (for the avoidance of doubt, nothing in this Order shall modify the relief granted pursuant to any other order of the Court or require any lender or agent under the EFIH First Lien DIP Facility or the TCEH DIP Facility to file a proof of claim);

(d)     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, including the claims of Settling EFIH First Lien Note Holders as defined and paid in accordance with the *Order Approving EFIH First Lien Settlement* [D.I. 858], entered by the Court on June 6, 2014;

(e)     any Debtor having a claim against another Debtor;

(f)     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)     any entity whose claim (a "Debt Claim") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"); (ii) the Indenture Trustee under a Debt Instrument may file one proof of claim

pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument which single claim shall be deemed to be asserted by the Indenture Trustee against every Debtor that is liable for the Debt Claim (regardless of whether such liability is fixed, contingent, matured, unmatured, full, or partial) under the Debt Instrument as primary obligor, guarantor, or otherwise; *provided*, that such claim sets forth in reasonable detail, the basis and amount of the claim asserted against each Debtor, and (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)    the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [Docket No. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Final Cash Collateral Order, as applicable, without the necessity of filing any such proof of claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "Agent") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided*,

5

*further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)     any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

(k)     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date.

**III.    Substantive Requirements of Proofs of Claim.**

6.     Except as otherwise stated herein, the following requirements shall apply with respect to filing and preparing each proof of claim:

(a)     ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars;  (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)     ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)     ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)     ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(e)     ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)     ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)     ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be <u>**actually received**</u> by Epiq on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center

c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
> ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(h)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

## IV.     PBGC Claim.

7.     Solely as an accommodation to the Pension Benefit Guaranty Corporation (the "PBGC"), the Debtors hereby agree to permit the PBGC to file a single, consolidated proof of claim on account of each of its claims, which claim shall be deemed to be filed against all the Debtors (the "PBGC Claim"); *provided*, *however*, that the PBGC Claim shall set forth in reasonable detail the basis and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court.  The PBGC Claim shall be deemed a valid proof of claim against each Debtor described in the PBGC Claim and PBGC shall not be required to file a proof of claim in the separate case of each such Debtor. Notwithstanding the foregoing, nothing herein shall affect PBGC's obligation to file with the PBGC Claim documents evidencing the basis and amounts of claims asserted against each Debtor.

8.     The authorization for PBGC to file a single, consolidated proof of claim is for procedural purposes only, intended for administrative convenience and shall not be interpreted or construed to substantively affect any right, objection, claim or defense of any party in interest to the PBGC Claim, including the amount, extent, validity, priority, perfection, or enforceability of any claim or security interested asserted by the PBGC Claim.  For the avoidance of doubt, the authorization granted hereby is without prejudice to the right of any party to object to the PBGC

Claim on the basis of insufficient information, or to seek to disallow, and/or expunge the proof of claim to the extent it is determined that all or any portion of the claims or security interests asserted in the PBGC Claim are not allowable against any individual Debtor's estate.

## V.      Identification of Known Creditors.

9.      The Debtors shall mail notice of the General Bar Date (or the Amended Schedules Bar Date, as applicable) to their known creditors and entities the Debtors reasonably believe may have a claim against the Debtors, and such mailing shall be made to the last known mailing address for each such creditor.

## VI.     Procedures for Providing Notice of the Bar Dates.

### A.      Mailing of Bar Date Notices.

10.      No later than five business days after the Court enters this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:[6]

   (a)      the U.S. Trustee;

   (b)      proposed counsel to the Creditors' Committee;

   (c)      Wilmington Trust, N.A., and counsel thereto;

   (d)      Bank of New York Mellon Trust Company, N.A., and counsel thereto;

   (e)      American Stock Transfer & Trust Company, LLC, and counsel thereto;

   (f)      Computershare Trust Company, N.A. and Computershare Trust Company of Canada, and counsel thereto;

   (g)      UMB Bank, N.A. and counsel thereto;

---

[6]      Entities or persons who are customers of the Debtors have received a separate bar date package solely in their capacity as customers and pursuant to the Customer Claims Bar Date Order.  To the extent such entities or persons have a relationship with one or more of the Debtors other than in their capacities as customers (for example, as a litigant), such entities or persons will receive a separate Bar Date Package pursuant to the Bar Date Order.

(h)      BOKF, NA, dba Bank of Arizona, and counsel thereto;

(i)       CSC Trust Company of Delaware and counsel thereto;

(j)      Law Debenture Trust Company of New York and counsel thereto;

(k)      Wilmington Savings Fund Society, FSB and counsel thereto;

(l)       counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k);

(m)     the agent for the TCEH debtor-in-possession financing facility and counsel thereto;

(n)     the agent for the EFIH debtor-in-possession financing facility and counsel thereto;

(o)      counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership;

(p)      counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders;

(q)      counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders;

(r)       Oncor Electric Delivery Holdings Company LLC and counsel thereto;

(s)      Oncor Electric Delivery Company LLC and counsel thereto;

(t)       all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(u)      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

(w)     all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

(x)      all entities that were party to executory contracts and unexpired leases with the Debtors as of the Petition Date (as described in the Schedules filed by each Debtor on June 30, 2014);

(y)      all entities that are party to litigation with the Debtors;

(z) all current and former employees (to the extent that such former employees were employed by the Debtors within the last 3 years);

(aa) all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities, including the Public Utility Commission of Texas, the Nuclear Regulatory Commission, the Railroad Commission of Texas, the Texas Commission on Environmental Quality, the Comptroller of Public Accounts for the State of Texas, United States Environmental Protection Agency, the District Director of the Internal Revenue Service for the District of Delaware, and the Securities and Exchange Commission;

(bb) the PBGC;

(cc) the Office of the Attorney General for the State of Delaware;

(dd) the office of the attorney general for each state in which the Debtors maintain or conduct business; and

(ee) all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

11. The Debtors shall provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 10.

12. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages (including to entities the Debtors reasonably believe may have a claim against the Debtors), including in the event that: (a) notices

are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

> **B.**     **Publication of Bar Date Notice.**

13.     The Debtors shall cause notice of the General Bar Date (and, as may be applicable, the Amended Schedules Bar Date) to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication substantially in the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in each of the publications listed in **Exhibit 4**.

**VII.**    **Amendment to Schedules.**

14.     If the Debtors amend the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment to holders of claims affected thereby, and the deadline for those holders to file proofs of claim, if necessary, be set as the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days from the date the notice of the Schedule amendment is given (or another time period as may be fixed by the Court).

## VIII.    Asbestos Claims.

15.    ***Known Asbestos Claimants***.  For the avoidance of doubt, the Debtors will mail the Bar Date Notice to the known holders of Asbestos Claims that are currently pending against the Debtors (the "Known Asbestos Claimants") as well as each Known Asbestos Claimant's counsel with respect to such Asbestos Claim (if known).

16.    ***Prior Employees and Contractors***.  The Debtors shall conduct a reasonable search of their reasonably available records to attempt to identify previous employees and contractors of the Debtors and their predecessors who may have been exposed to asbestos (the "Potential Asbestos Claimants").  No later than 30 days after the entry of this Bar Date Order, the Debtors shall mail the Bar Date Notice and a Proof of Claim Form (which, for the avoidance of doubt, will not be "personalized") to the last known mailing address of the Potential Asbestos Claimants.

17.    ***Asbestos Publication Notice.***  No later than 30 days after the entry of this Bar Date Order, the Debtors shall cause a notice with respect to Asbestos Claims (the "Asbestos Publication Notice"), substantially in the form attached hereto as **Exhibit 5**, to be published to each of the publications listed in **Exhibit 4**.  The Asbestos Publication Notice shall be republished (a) approximately 14 days after its initial publication and (b) approximately 28 days after its initial publication.  To the extent it is not possible to cause the Asbestos Publication Notice to be published to a particular publication on **Exhibit 4** as provided in this paragraph, the Debtors shall cause the Asbestos Publication Notice to be published as close to these timelines as reasonably practicable, *provided, however,* that a failure to publish the Asbestos Publication Notice to a particular publication on **Exhibit 4** on the timelines provided in this paragraph shall not be considered noncompliance with this Bar Date Order and shall not excuse any creditor from filing a proof of claim or from any other requirement of this Bar Date Order.  At the

13

Debtors' election, the Debtors may publish the Asbestos Publication Notice in additional publications.

18.    ***Substantive Requirements for Proof of Claim With Respect to Asbestos Claims.*** A proof of claim that asserts an Asbestos Claim shall not be disallowed solely on the ground that such proof of claim was filed against the incorrect Debtor; provided, however, that the Debtors reserve the right to assert all other objections with respect to such proof of claim, including reclassifying the Debtor(s) subject to such claim.

**IX.    Consequences of Failure to File a Proof of Claim.**

19.    **Any entity who is required, but fails, to file a proof of claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Such creditor is prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.**

**X.    Notice of the Bar Dates.**

20.    Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including the Bar Date Notice, the Publication Notice, the Asbestos Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**XI.    Miscellaneous.**

21.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

22.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

23.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Proof of Claim Form**

**<u>EXHIBIT 2</u>**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEADLINES FOR THE FILING OF
## NON-CUSTOMER PROOFS OF CLAIM, INCLUDING REQUESTS FOR
## PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES OR THEIR PREDECESSORS:**

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |

| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**PLEASE TAKE NOTICE THAT:**

On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [_____], 2014 the Court entered an order [Docket No. __] the ("Bar Date Order")[2] establishing certain dates by which parties holding certain prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.[3]

For your convenience, enclosed with this notice (this "Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]    Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order"), the Court established October 27, 2014, as the date by which customer claims must be filed. The General Bar Date of October 27, 2014, falls on the same date as the Customer Claims Bar Date. Nothing in the Bar Date Order will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

The term "claim" includes any claim for personal injury, including wrongful death, for which any Debtor is alleged to be liable, arising out of or relating to exposure to asbestos, and any claim in any way related to such claim ("Asbestos Claims"). Asbestos Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever. Asbestos Claims include any such claims that have been resolved or are subject to resolution pursuant to any agreement, but remain unpaid or any such claims that are based on a judgment or verdict but remain unpaid.

---

**UNDER APPLICABLE BANKRUPTCY LAW, AN ASBESTOS CLAIM BASED ON PREPETITION EXPOSURE TO AN ASBESTOS-CONTAINING PRODUCT IS A "CLAIM" SUBJECT TO DISCHARGE UNDER SECTION 1141 OF THE BANKRUPTCY CODE. ANY PERSON WHO ASSERTS THAT HE OR SHE WAS EXPOSED TO ASBESTOS AT A POWER PLANT OWNED, OPERATED, DESIGNED, OR CONSTRUCTED BY THE DEBTORS (OR THEIR PREDECESSORS, INCLUDING EBASCO SERVICES INC., TXU GENERATION COMPANY LP, TXU BIG BROWN COMPANY LP, TXU DECORDOVA COMPANY LP, TXU TRADINGHOUSE COMPANY LP, TXU HANDLEY COMPANY LP, TXU MOUNTAIN CREEK COMPANY LP, TXU VALLEY COMPANY LLC, INDUSTRIAL GENERATING COMPANY, AND TEXAS UTILITIES GENERATING COMPANY) PRIOR TO APRIL 29, 2014, OR ANYONE WHO ASSERTS THAT THEY HAVE A CLAIM AGAINST THE DEBTORS AS A RESULT OF ANOTHER PERSON'S EXPOSURE TO ASBESTOS PRIOR TO APRIL 29, 2014, MUST FILE A PROOF OF CLAIM.**

***THE CLAIMANT MUST FILE A PROOF OF CLAIM WHETHER OR NOT (A) AN INJURY OR DISEASE HAS BEEN DIAGNOSED, (B) ANY SYMPTOMS OR ILLNESS HAS MANIFESTED, AND (C) HE OR SHE HAS A CLAIM UNDER APPLICABLE STATE LAW.***

---

## I.    THE BAR DATES

The Bar Date Order establishes the following bar date for filing proofs of claim in these chapter 11 cases.

> (a)    ***The General Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities, including governmental units, holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date (i.e., by November 26, 2014, at 5:00 p.m., prevailing Eastern Time)** (the "General Bar Date"). The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, as well as, without limitation, claims held by governmental units against the Debtors.

4

(b)     ***The Amended Schedules Bar Date***. The Bar Date Order establishes **the later of (i) the General Bar Date, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days from the date on which the Debtors provide notice of an amendment to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such amendment must file Proofs of Claim with respect to such claim.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file proofs of claim on or before the General Bar Date or any other bar date set forth in the Bar Date Order, as applicable:

(a)     any entity whose claim against a Debtor is **not** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b)     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c)     any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)     any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM BY THE GENERAL BAR DATE

Certain parties are not required to file proofs of claim by the General Bar Date.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the General Bar Date need **not** file proofs of claims by the General Bar Date:

(a)     any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)     any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such

entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    any entity whose claim has previously been allowed by order of the Court;

(d)    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, including the claims of Settling EFIH First Lien Note Holders as defined and paid in accordance with the *Order Approving EFIH First Lien Settlement* [D.I. 858], entered by the Court on June 6, 2014;

(e)    any Debtor having a claim against another Debtor;

(f)    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)    any entity whose claim (a "<u>Debt Claim</u>") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "<u>Debt Instrument</u>"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "<u>Indenture Trustee</u>"); (ii) the Indenture Trustee under a Debt Instrument may file one proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument which single claim shall be deemed to be asserted by the Indenture Trustee against every Debtor that is liable for the Debt Claim (regardless of whether such liability is fixed, contingent, matured, unmatured, full, or partial) under the Debt Instrument as primary obligor, guarantor, or otherwise; *provided*, that such claim sets forth in reasonable detail, the basis and amount of the claim asserted against each Debtor, and (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)    the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "<u>Final Cash Collateral Order</u>") [Docket No. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Final Cash Collateral Order, as applicable, without the necessity of filing any such proof of

6

claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "<u>Agent</u>") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided*, *further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such proof of claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided for pursuant to an order of this Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)      any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

(k)      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)    ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)    ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)    ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)    ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.[4]

(e)    ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)    ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written

---

[4]    ***Special Provision for Identification of Debtor Entity for Asbestos Claims.***  A proof of claim that asserts an Asbestos Claim shall not be disallowed solely on the ground that such proof of claim was filed against the incorrect Debtor; *provided, however,* that the Debtors reserve the right to assert all other objections with respect to such proof of claim, including reclassifying the Debtor(s) subject to such claim.

consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)    ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(h)    ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a)    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

(b)    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c)    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d)    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    AMENDMENTS TO THE DEBTORS' SCHEDULES

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file proofs of claim with respect to such claim.

## VII.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**NOTHING CONTAINED IN THIS NOTICE IS INTENDED TO OR SHOULD BE CONSTRUED AS AN ADMISSION OF LIABILITY FOR ANY CLAIM OR ANY LEGAL THEORY OF LIABILITY.**

## VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

10

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at: (877) 276-7311.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Remainder of page intentionally left blank.]*

## EXHIBIT 3

**Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) | Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) | (Jointly Administered) |
| | ) |

## NOTICE OF DEADLINES FOR THE FILING
## OF NON-CUSTOMER PROOFS OF CLAIM, INCLUDING REQUESTS
## FOR PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

---

## THE GENERAL BAR DATE IS NOVEMBER 26, 2014

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

> **Deadlines for Filing Proofs of Claim**.   On [_____], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order **[Docket No. __]** (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| DEBTOR | CASE NO. |
|---|---|
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |

| DEBTOR | CASE NO. |
|---|---|
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |
| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**The General Bar Date**.    Pursuant to the Bar Date Order, *all* entities, including governmental units, individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose prior to April 29, 2014, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **November 26, 2014, at 5:00 p.m., prevailing Eastern Time** (the "General Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE GENERAL BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.    Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by the Debtors' notice and claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") on or before the General Bar Date (or, where applicable, on or before any other bar date as set forth in the Bar Date Order) at one of the following addresses:

> If by First-Class Mail:
>
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> Grand Central Station, P.O. Box 4613
> New York, NY 10163-4613
>
> If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

**Contents of Proofs of Claim**.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  **Please note** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Energy Future Holdings Corp.

**Section 503(b)(9) Requests for Payment**.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to:  Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.  **Please note** that Epiq **cannot** offer legal advice or advise whether you should file a proof of claim.

[*Remainder of page intentionally left blank.*]

4

## EXHIBIT 4

### List of Publications for Publication Notice

Abilene Reporter-News

Albany Times Union

Albuquerque Journal

Allentown Morning Call

Annapolis Capital

Arcadian

Arizona Daily Star

Arizona Daily Sun

Arizona Republic

Arkansas Democrat-Gazette

Arlington Citizen-Journal

Athens Daily Review

Athens Messenger

Austin American Statesman

AWCI's Construction Dimensions

Baltimore Sun

Baton Rouge Advocate

Bend Bulletin

Billings Gazette

Biloxi-Gulfport Sun Herald

Bismarck Tribune

Blytheville Courier News

Bradenton Herald

Bremond Press

Brush News-Tribune

Bryan-College Station Eagle

Camden Chronicle Independent

Casper Star Tribune

Charlotte Observer

Cherokeean Herald

Chicago Tribune

Cincinnati Enquirer

Clarion-Ledger

Clatskanie Chief

Cleveland Bolivar Commercial

Cleveland Citizen

Cleveland Plain Dealer

Clinton Daily Democrat

Colorado City Record

Commercial Appeal

Connecticut Post

Contractor Magazine

Coppell Gazette

Corpus Christi Caller Times

Coshocton Tribune

Daily Herald

Dallas Morning News

Danville Register & Bee

Darlington News & Press

Dayton Daily News

Denver Post

Des Moines Register

Deseret News Combo

Detroit Building Tradesman

Duluth Labor World

Duluth News Tribune

Easton Express Times

El Heraldo News

Electrical Construction & Maintenance

Electrical Contractor

Elgin Courier

Fairfield Recorder

Florida Times-Union

Forrest City Times-Herald

Fort Bend Herald

Fort Worth Star-Telegram

Forum

Franklin News Weekly

Freestone County Times

Galveston County Daily News

Glen Rose News

Glen Rose Reporter

Glenrock Independent

Goldsboro News-Argus

Graham Leader

Grand Rapids Press

Grand Valley Labor News

Granite City News

Groesbeck Journal

Grove City Record

Hartford Courant

Helena Daily World

Henderson Daily News

Herald Democrat

Hinds Ledger

Hood County News

Houston Chronicle

IEEE Electrical Insulation Magazine

Indiana Gazette

Indianapolis Star

Insulation Outlook

Jackson Sun

Jacksonville Daily Progress

Jacksonville Patriot

Jamestown Post Journal

Johnstown Tribune-Democrat

Joplin Globe

Junction Eagle

Kansas City Labor Beacon

Kansas City Star

Labor Paper, Peoria

Labor Record, Chicago

Lancaster New Era, Intelligencer Journal

Lehighton Times News

Lexington Leader

Longview News-Journal

Lumberton Robesonian

Madison Enterprise Recorder

Malvern Daily Record

Mesabi Daily News

Mesquite News

Metro Detroit Labor News

Mexia News

Miami Herald

Middleburg Union County Times

Milwaukee Labor Press

Milwaukee Journal Sentinel

Minneapolis Labor Review

Monahans News

Morgan City Daily Review

Mount Vernon Optic Herald

Mt. Pleasant Daily Tribune

Natchez Democrat

New City Patch

New Orleans Times-Picayune

New York Times

Newark Star Ledger

News and Observer

Newsday

Niagara Gazette

North Little Rock Times

Northwest Labor Press

Odessa American

Ohio Labor Citizen

Omaha World-Herald

Orlando Sentinel

Osawatomie Graphic

Ouachita Citizen

Palatka Daily News

Palm Beach Post

Panola Watchman

Paris News

Patriot News

PHC News

Philadelphia Inquirer

Pittsburg Gazette

Plains Reporter

Plano Star Courier

Plumbing & Mechanical

Port Lavaca Wave

Post and Courier

Pottsville Republican Herald

Ranger Times

Robertson County News

Rockdale Reporter

Rockwall Herald-Banner

Sacramento Valley Bulletin

Salt Lake Tribune

San Angelo Standard-Times

San Antonio Express-News

San Mateo Co. Labor

Sarasota Herald Tribune

Scappoose Spotlight

Sherman Herald Democrat

Sherwood Voice Combo

Shreveport Times

Sioux City Journal

Snyder County Times

South Florida Sun-Sentinel

Southeast Missourian

Springfield State Journal Register

St. Augustine Record

St. Charles Herald-Guide

St. Louis Labor Tribune

St. Louis Post Dispatch

St. Paul Union Advocate

Star Tribune

Sulphur Springs News Telegram

Sunbury Daily Item

Sunnyvale Gazette

Tampa Bay Times

Teague Chronicle

Tennessean

Texarkana Gazette

The Buffalo News

The Citizen Times

The Courier

The Daily Sentinel

The Labor Paper

The Malakoff News

The Oregonian

The Paducah Sun

The Plain Dealer

The Times-Picayune

Tyler Courier Times-Telegraph

Tyler Morning Telegraph

Union Labor News

USA Today

Victoria Advocate

Voice of the Building Trades, Toledo

Waco Tribune-Herald

Wall Street Journal

Walls & Ceilings

Watertown Daily News

Western Roofing/Insulation/Siding

Wichita Eagle

Wichita Falls Times Record News

Wilmington Star-News

Wise County Messenger

Wrangler News

Yomiuri Shimbun

York Daily Record

# **EXHIBIT 5**

**Asbestos Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF DEADLINES FOR THE FILING OF
## ASBESTOS PERSONAL INJURY PROOFS OF CLAIM

---

**IF YOU WERE EXPOSED TO ASBESTOS IN THE COURSE OF EMPLOYMENT BY ONE OR MORE OF THE COMPANIES LISTED BELOW OR THEIR PREDECESSORS (INCLUDING EBASCO SERVICES INC., TXU GENERATION COMPANY LP, TXU BIG BROWN COMPANY LP, TXU DECORDOVA COMPANY LP, TXU TRADINGHOUSE COMPANY LP, TXU HANDLEY COMPANY LP, TXU MOUNTAIN CREEK COMPANY LP, TXU VALLEY COMPANY LLC, INDUSTRIAL GENERATING COMPANY, AND TEXAS UTILITIES GENERATING COMPANY), INCLUDING AS A CONTRACTOR, OR AS SOMEONE WHO WORKED IN A POWER PLANT OWNED, OPERATED, DESIGNED, OR CONSTRUCTED BY ONE OR MORE OF THE COMPANIES LISTED BELOW OR THEIR PREDECESSORS (INCLUDING THE PREDECESSORS LISTED ABOVE), YOUR CLAIM(S) MUST BE FILED BY NOVEMBER 26, 2014, EVEN IF YOU ARE NOT CURRENTLY EXHIBITING ANY ILLNESS OR SYMPTOMS OR YOU DO NOT KNOW OF ANY INJURY**

**IF YOU WOULD BE ABLE TO ASSERT A CLAIM BASED ON THE EXPOSURE OF ANOTHER PERSON TO ASBESTOS, YOU CLAIM(S) MUST BE FILED BY NOVEMBER 26, 2014, EVEN IF THE OTHER PERSON IS NOT CURRENTLY EXHIBITING ANY ILLNESS OR SYMPTOMS OR YOU DO NOT KNOW OF ANY INJURY**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **Deadlines for Filing Proofs of Claim**.   On [_____], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order **[Docket No. __]**

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

(the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including proofs of claim relating to injuries from asbestos exposure ("Asbestos Claims"), in the chapter 11 bankruptcy cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |

| DEBTOR | CASE NO. |
|---|---|
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |
| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**Who Must File an Asbestos Claim?**  If you you believe you were exposed to asbestos by any of the Debtors, or have a claim related to the presence of or exposure to asbestos by one of the Debtors, then you **MUST FILE A PROOF OF CLAIM** on or before **November 26, 2014, 2014, at 5:00 p.m., prevailing Eastern Time** (the "Bar Date"), EVEN IF YOU ARE NOT CURRENTLY EXHIBITING ANY ILLNESS, SYMPTOMS, OR INJURY.

You must also file a proof of claim if you may be able to assert a claim as a result of any asbestos-related illness incurred by any other person, or if you were exposed to asbestos because of your connection to another person who was exposed to asbestos, EVEN IF NEITHER YOU NOR THE OTHER PERSON CURRENTLY EXHIBIT ANY ILLNESS, SYMPTOMS, OR INJURY.  For example, if you are the spouse or child of a person who was exposed to asbestos

by the Debtors or their predecessors prior to April 29, 2014, you must file any proof of claim relating to the other person's exposure to asbestos, or your exposure to asbestos because of the other person's exposure to asbestos, EVEN IF NEITHER YOU NOR THE OTHER PERSON CURRENTLY EXHIBIT ANY ILLNESS, SYMPTOMS, OR INJURY.

**ANY PERSON WHO FAILS TO FILE A PROOF CLAIM WITH RESPECT TO AN ASBESTOS CLAIM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ASBESTOS CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN, AND WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ASBESTOS CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO).**

<u>**How do I Know if I am Affected?**</u> You may be affected, and be required to file an Asbestos Claim, if you worked at or took part in the construction of any of the following power plants and you believe you were exposed to asbestos in the course of that employment, or if you have a connection to an exposed individual that may give you the right to assert any cause of action under state law as a result of the exposure of that person:

| *Name of Power Plant* | *Location of Power Plant* | *Plant Operators/Owners* |
|---|---|---|
| —— | —— | —— |

<u>**How do I File an Asbestos Claim?**</u>  You must complete the appropriate proof of claim form.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually** **received** by the Debtors' notice and claims agent, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") on or before the Bar Date (or, where applicable, on or before any other bar date as set forth in the Bar Date Order) at one of the following addresses:

> If by First-Class Mail:
>
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> Grand Central Station, P.O. Box 4613
> New York, NY 10163-4613
>
> If by Hand Delivery or Overnight Mail:
>
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017

<u>**Contents of Proofs of Claim**</u>.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor

against which the claim is asserted; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  **Please note** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted, but failure to comply with this requirement shall not be a basis for disallowance with respect to Asbestos Claims.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Energy Future Holdings Corp.  A proof of claim that asserts an Asbestos Claim shall not be disallowed solely on the ground that such proof of claim was filed against the incorrect Debtor; provided, however, that the Debtors reserve the right to assert all other objections with respect to such proof of claim, including reclassifying the Debtor(s) subject to such claim.

**Additional Information**. If you require additional information regarding the filing of an Asbestos Claim, including the proof of claim form or instructions for filing the proof of claim form, you may contact the Debtors' claims agent, Epiq, directly by writing to:  Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.  **Please note** that Epiq **cannot** offer legal advice or advise whether you should file a proof of claim.

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

[*Remainder of page intentionally left blank.*]