**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corp., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING DISCOVERY PROCEDURES IN CONNECTION WITH
LEGACY DISCOVERY OF ENERGY FUTURE HOLDINGS CORPORATION, ITS
AFFILIATES, AND CERTAIN THIRD PARTIES AND OTHER RELATED MATTERS**

Energy Future Holdings Corp. ("EFHC") and certain of its affiliated debtors (collectively the "Debtors") commenced these cases on April 29, 2014 (the "Petition Date"), by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (as amended or supplemented), filed a motion pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004 for authorization to conduct certain discovery of the Debtors. Other parties, including, the Official Committee of Unsecured Creditors ("Creditors' Committee"), other constituent parties and the U.S. Trustee, have or may seek other discovery with respect to the Debtors' bankruptcy cases and issues related thereto.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

ny-1148279

The Court hereby finds that it would be in the best interests of the Debtors and all interested parties that any Legacy Discovery (as defined herein) and other related matters be conducted in an efficient, expeditious and orderly manner. A separate order concerning plan confirmation issues or other issues not involving the scope of discovery set forth herein may be submitted to the Court for consideration at an appropriate time. Accordingly, it is hereby

ORDERED:

1. **Scope of Order.**

Except as otherwise ordered by the Court, this Order shall, consistent with Bankruptcy Rule 2004(b), control any and all discovery by the Debtors and any Participants (defined herein) in connection with the subjects of discovery sought in connection with (i) the *Motion of Wilmington Savings Fund Society, FSB, for Leave to Conduct Discovery Pursuant to the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties*, filed on April 29, 2014 (ECF No. 6), (ii) the *Limited Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Wilmington Savings Fund Society, FSB, for Leave to Conduct Discovery Pursuant to the Federal Rules of Bankruptcy Procedure of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties*, filed on April 30, 2014 (ECF No. 226) and the supplemental requests set forth below (collectively, "Legacy Discovery"):

    A. Any alleged mismanagement of the Debtors prior to the Petition Date;

    B. Any alleged conflict of interests of the Debtors' senior management prior to the Petition Date;

    C. Any alleged prepetition efforts of the Debtors' senior management, for the benefit of holders of first lien debt, including but not limited to debt issued by TCEH, to affect enterprise value in advance of filing these Chapter 11 Cases;

D. Any prepetition Inter-Debtor claims, including but not limited to any claims by Energy Future Competitive Holdings Company LLC ("EFCH") and/or any of the TCEH Debtors (*i.e.*, EFCH, TCEH, and TCEH's direct and indirect subsidiaries) arising from the transfer of Oncor and the 2007 leveraged buyout;

E. Any alleged fraudulent transfer or preferences with respect to prepetition transactions between Debtors;

F. Any prepetition conduct by, or transfers to, the direct or indirect equity owners of EFHC or associated management companies or individuals;

G. The Debtors' practices and procedures for conducting prepetition allocations pursuant to any tax allocation agreements, including but not limited to the Federal and State Income Tax Allocation Agreement Among the Members of the Energy Future Holdings Corp. Consolidated Group;

H. The prepetition allocation of overhead among any of the Debtors or their affiliated companies;

I. The Debtors' prepetition negotiation of and performance under any shared services agreements, including but not limited to the Shared Services Agreement between TCEH LLC and EFH Corporate Services Company, dated October 23, 2013 (including all prepetition amendments thereto or prior versions of any shared services agreements), including transfers of value from any TCEH Debtor to a non-TCEH Debtor pursuant to such agreement;

J. The prepetition representation of and negotiations on behalf of the Debtors, including but not limited to the TCEH Debtors with respect to the Restructuring Support Agreement, attached as Exhibit D to the First Day Declaration of Paul Keglevic (ECF No. 98); and

K. The solvency of the Debtors prior to the Petition Date.

The Participants expressly agree that Legacy Discovery, as defined herein, does not include discovery concerning or regarding the current enterprise valuation of the company. Nothing herein shall prevent any Participant from filing a motion seeking to expand the scope of Legacy Discovery.

Absent further order of this Court that this Order and the procedures hereunder shall apply, this Order shall not affect the rights of the Debtors, any Participant, or any other party-in-interest to seek discovery in connection with any other contested matters, or adversary

ny-1148279

3

proceedings in these chapter 11 cases, including but not limited to any discovery relating to valuation in connection with any motion to value the company as a whole, or any of its individual assets, or any secured party's liens. The Order and procedures shall also not apply to any discovery in connection with any challenges to the TCEH Debtors' Stipulations as set forth in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay*, dated June 6, 2014, or plan confirmation. Notwithstanding the foregoing, the Participants shall not be permitted to obtain documents from a producing party as part of any future plan confirmation discovery that have already been produced as part of Legacy Discovery under this Order.

2. **Participation in Discovery**

(a) Any potential claimant or party-in-interest who intends to participate in the Legacy Discovery ("Proposed Participant"), or any attorney acting on behalf of such Proposed Participant, shall serve on the Debtors' attorneys a completed "Notice of Intent," the form of which is attached hereto as Exhibit A. Each Notice of Intent must contain: (i) the name and address of the creditor or party-in-interest (or in the case of a group, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such creditor or party-in-interest or group of creditors or parties-in-interest; and (ii) at the option of the Proposed Participant, either, (A) a list of all proof(s) of claim filed by the Proposed Participant, provided there have not been any material changes to such proof(s) of claim since their filing, or (B) a statement setting forth the then-known types and aggregate amount(s) of

claim(s) currently held by such Proposed Participant as against each of the Debtors.[2] To be eligible to participate in all stages of the Legacy Discovery, the Notice of Intent must be served on the Debtors' attorneys no later than seven (7) days after entry of this Order (the "Notice of Intent Deadline"). A Proposed Participant, however, may serve a Notice of Intent at any time prior to the close of Legacy Discovery. In the absence of an Order of the Court sustaining an objection to a Notice of Intent (as described herein), a Proposed Participant timely serving a Notice of Intent shall be deemed a "Participant." For purposes of participation in Legacy Discovery, "Participant" shall also include the Creditors' Committee, the Ad Hoc Group of TCEH Unsecured Noteholders, WSFS and the U.S. Trustee without the need to file a Notice of Intent. "Participant" shall also include the attorneys and any advisors and any other professionals for any Participant. "Debtor" shall include the attorneys and any advisors and any other professionals for the Debtors and their affiliates.

(b)     The Debtors, the Creditors' Committee, and the U.S. Trustee shall, within ten (10) days of the filing of any particular Notice of Intent, have the right to object to a Notice of Intent on any and all grounds, including but not limited to objections that the Notice of Intent is harassing, was served by persons that are not parties-in-interest, does not comply with the terms of this Order, or does not demonstrate standing to participate in Legacy Discovery. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participant.

(c)     Within seven (7) days of the Notice of Intent Deadline, the Debtors shall serve on all Participants a list of such Participants and their attorneys, which will be the official service list for Legacy Discovery (the "Official Service List"). The Debtors shall amend the Official

---

[2] No disclosures made under this provision shall be construed as a disclosure for the purposes of Bankruptcy Rule 2019.

Service List, as necessary, from time to time, and shall serve the amended service lists on every Participant on the Official Service List. Service in connection with Legacy Discovery shall be by electronic mail.

(d) All Legacy Discovery shall be subject to and conducted in accordance with the terms of the protective order, as set forth in the Debtors' Motion for Entry of a Confidentiality Agreement and Stipulated Protective Order, dated July 23, 2014 (Docket No. 1679), and which will be attached hereto as <u>Exhibit B</u> (the "<u>Protective Order</u>"). By serving a Notice of Intent, all Proposed Participants shall be deemed to have read and agreed to abide by the terms of the Protective Order. Upon becoming a Participant, each Participant must provide the Protective Order to any person that it employs or engages who is given access to Legacy Discovery. Nothing in this paragraph shall limit the U.S. Trustee's rights and obligations as described in paragraph 25 of the Protective Order.

3. **<u>Discovery of Financial or Industry Advisors of the Parties</u>**. Each recipient of a request for the production of documents shall produce documents on behalf of any financial or industry advisor retained in connection with these chapter 11 cases by such recipient and/or under the recipient's control, to the extent such documents are responsive, non-privileged, and discoverable, without the need for such advisor to be subpoenaed directly.

4. **<u>Debtors' Initial Disclosures</u>**. No later than fourteen (14) days after the Notice of Intent Deadline (unless an extension is reached by agreement of the Debtors and the Participants or ordered by the Court), the Debtors shall make the initial disclosures set forth below.

    (a) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—regarding the subjects in Paragraph 1(a)-(k);

(b)     The Debtors' audited annual and quarterly financial statements for the years 2007 through the present.

The Debtors' compliance with its initial disclosure obligations will in no way delay its obligation to respond to discovery propounded by the Creditors' Committee or the U.S. Trustee hereunder or any other discovery that may be propounded by any party in connection with any other contested matter or adversary proceeding.

5.    **Requested Document Discovery from Debtors and Non-Debtors**.

(a)    In order to avoid the service of multiple, duplicative document requests and the attendant costs and other burdens imposed on the Debtors and Non-Debtors[3] to respond to such requests, no later than thirty (30) days after the entry of this Order, the Creditors' Committee shall serve separate sets of initial consolidated document requests (each, an "Initial Consolidated Request" or collectively, the "Initial Consolidated Requests") on any Debtor or Non-Debtor target of discovery relating to Legacy Discovery pursuant to Rule 34 and 45 of the Federal Rules of Civil Procedures, as incorporated by Rules 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure.

(b)    In preparation of the Initial Consolidated Requests, the Creditors' Committee shall act as a facilitator and intermediary with all Participants. Within fourteen (14) days after the entry of this Order, each Participant, who qualifies as a Participant at that time, may provide the Creditors' Committee, and, in turn, shall simultaneously provide all other Participants, with a preliminary suggested set of Initial Consolidated Requests for each proposed recipient of requests for review and comment (each, a "Proposed Initial Document Request").

---

[3] For the purposes of this Order, "Non-Debtors" include any Non-Debtor party including but not limited to any Participants hereunder and indirect equity owners of EFHC and associated management companies.

Simultaneously with providing each Proposed Document Request, Participants shall also provide a preliminary suggested list of proposed search terms and strings that, in the reasonable estimation of such Participant, is reasonably calculated to yield electronically stored information, including without limitation e-mails and e-mail attachments (hereinafter collectively referred to as "ESI") responsive to the requests without being overbroad or unduly burdensome. The Creditors' Committee shall be responsible for finalizing the Initial Consolidated Requests by incorporating the reasonable, non-duplicative requests contained in the Proposed Document Requests, and conferring with all Participants who submitted Proposed Document Requests. To the extent that any Participant (or its principals) is the target of the Initial Consolidated Requests, that Participant shall not participate in the process of formulating or finalizing the Initial Consolidated Requests directed to that Participant.

(c)     All steps set forth in Paragraphs 5(a) – (b) of this Order shall be completed no later than thirty (30) days after the entry of this Order.

(d)     No Participant shall waive, or be deemed to have been prejudiced in any way, with respect to, any of his/her rights and legal positions by submitting Proposed Document Requests, including with respect to discovery arising in any contested matter or adversary proceeding.

(e)     In addition to the Debtors and Non-Debtors' general obligation to make a reasonable search for responsive documents within shared sources or systems, the Creditors' Committee, with the participation of the Participants, shall meet and confer with the Debtors and Non-Debtor recipients of Initial Consolidated Requests regarding the list of custodians whose individual files and emails will be searched in order to comply with the Initial Consolidated Requests. Notwithstanding the foregoing meet and confer obligation, the Creditors' Committee

ny-1148279

will retain the right to seek additional custodians beyond those initially designated, upon a representation of good faith that such custodians are likely to possess material, non-privileged, non-duplicative documents. A recipient of a request retains the right to oppose any request to search a custodian's data by seeking relief in accordance with Paragraph 14 herein.

(f)    The Participants, through the lead of the Creditors' Committee, shall also meet and confer with the recipients of Initial Consolidated Requests to reach agreement on search terms or other search approaches to be used for electronic searches of custodian files. Notwithstanding prior agreement on the search terms or other search approaches to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the Participants, through the lead of the Creditors' Committee, shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (*e.g.*, if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents) or other limitations. The Participants will not unreasonably oppose such further restrictions designed to filter immaterial or non-responsive search results.

(g)    Unless the time is extended by agreement or order of this Court, recipients of Initial Consolidated Requests shall serve written objections and responses to the Initial Consolidated Requests on the Participants no later than twenty-eight (28) days after receiving the Initial Consolidated Requests. Thereafter, recipients of Initial Consolidated Requests shall begin a rolling production of any non-privileged documents that are not subject to an objection made by such recipients and that are responsive to the Initial Consolidated Requests that can be located

ny-1148279

after a reasonable search. Recipients of Initial Consolidated Requests shall begin searching for and producing documents as expeditiously as is reasonably practical.

(h) Unless the time for compliance is extended by the Court or by agreement of and among the Debtors and the Participants, recipients of Initial Consolidated Requests shall certify to the Participants the substantial completion of their production of documents no later than sixty (60) days after receipt of the Initial Consolidated Requests, and shall certify to the Participants the full completion of their production of documents no later than eighty (80) days after receipt of the Initial Consolidated Requests. Such timeline is premised on the fact that the Debtors have not filed a plan of confirmation and to the extent any disclosure statement or plan of confirmation is filed such timeline will be subject to modification as appropriate by the Court or by agreement of and among the Debtors and the Participants.

(i) To the extent that a Participant seeks additional documents relating to Legacy Discovery, such Participant shall so advise the Creditors' Committee and all other Participants, and the Creditors' Committee shall accordingly meet and confer with such Participant. The Creditors' Committee shall have the authority to serve follow-up consolidated requests ("Follow-Up Consolidated Requests") for additional documents relevant to Legacy Discovery. Unless the time is extended by agreement or order of this Court, recipients of Follow-Up Consolidated Requests shall serve written objections and responses to the Follow-Up Consolidated Requests on the Participants no later than twenty (20) days after receiving the Follow-Up Consolidated Requests. Thereafter, recipients of Follow-Up Consolidated Requests shall begin a rolling production of any non-privileged documents that are not subject to an objection made by such recipients and that are responsive to the Follow-Up Consolidated Requests that can be located after a reasonable search.

(j) After conferring with the Creditors' Committee, in the event that a Participant seeks to serve its own additional document requests without the consent of the affected parties, including the Debtors or the target of the discovery, such Participant may make an application to the Court on appropriate notice pursuant to Rule 2004 for an order permitting such further discovery.

6. **Production Format Protocol**. All documents and ESI produced by the Debtors or any Non-Debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol attached as <u>Exhibit C</u>.

7. **Data Repository and Review Tool**.

(a) The Debtors shall upload all responsive documents produced under this Order, as well as any other documents produced by the Debtors in these Chapter 11 cases, into a single data repository (the "<u>Data Repository</u>") on a rolling basis. The Debtors will also upload into the Data Repository all documents produced by Non-Debtors under this Order as reasonably practical. In the event the volume of such documents becomes overly burdensome, the Debtors and the Committee shall meet and confer to discuss alternative methods or responsibilities for uploading such documents.

(b) The Data Repository shall be housed in a Relativity review database (or review database with equally robust functionality) and shall be maintained in a searchable form. The database review tool shall also provide basic functions and features such as tagging, printing, and downloading. The Debtors shall be responsible for the costs of housing the Data Repository. Each Participant shall be responsible for the cost of its respective seat license(s) and downloading from the Data Repository. The Data Repository shall be administered by a third-

party service provider who will be responsible for ensuring that each Participant's tagging and searching in the Data Repository will not be available to other Participants.

8. **Privilege Log**.

(a) If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014, or in such other form as agreed by the Creditors' Committee or authorized by the Court. Privilege logs will be provided on a rolling basis, served on all Participants, and uploaded into the Data Repository in a separately maintained section for privilege logs.

(b) The requesting parties and the producing parties are encouraged to agree upon efficient means of providing information regarding claims of privilege. For example, when asserting privilege on the identical basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category. A privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing is not objectionable solely on that basis, but may be objected to if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

(c) Unless the time for compliance is extended by the Court or by agreement of and among the Debtors and the Participants, recipients of Initial Consolidated Requests shall provide all privilege logs no later than twenty-one (21) days after the substantial completion of their production of documents in response to the Initial Consolidated Requests by such recipient. Recipients of Follow-Up Consolidated Requests or other document requests under this Order

ny-1148279

shall provide all privilege logs no later than twenty-one (21) days after the substantial completion of their production of documents in response thereto.

(d)    Any dispute with respect to the privilege logs that cannot be resolved in good faith consultation may be presented to the Court by letter in accordance with Paragraph 14.

9. **Limitations on Interrogatories.**  Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. Interrogatories other than those seeking information described in the preceding sentence may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

10. **Request for Admissions.**  Without leave of the Court upon a specific showing of good cause, Requests for Admission shall not be allowed in connection with the Legacy Discovery.

11. **Depositions of Debtors and Non-Debtors.**

(a)    The Creditors' Committee may, from time to time and subject to the limitations set forth below, serve: (i) Notices for Deposition upon the Debtors, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, (ii) deposition subpoenas upon Non-Debtors pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030, 9014, and 9016, and (iii) deposition subpoenas and/or notices of deposition on specific fact witnesses, whether associated with the Debtors or Non-Debtors, pursuant to Rule 30(b)(1) and Rule 45 of the

Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030, 9014, and 9016, seeking deposition testimony within the scope of discovery covered by this Order (the "Joint Notices"). The Joint Notices may be allocated at the Participants' discretion, through the coordination of the Creditor's Committee, but without further court order, Participants shall not take more than forty (40) depositions in total from Debtors and Non-Debtors regarding Legacy Discovery topics, excluding any depositions of the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, pursuant to subpart 11(a)(i) above. To the extent the number of Joint Notices for depositions of the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, becomes excessive, overly burdensome, or is otherwise inconsistent with the spirit of this agreement, the Debtors reserve the right to seek relief from the Court as necessary or appropriate.

(b)     In preparation of the Joint Notices, the Creditors' Committee shall act as a facilitator and intermediary. Within twenty-one (21) days after the entry of this Order, each Participant may provide the Creditors' Committee, and, in turn, shall simultaneously provide all other Participants, with a proposed set of Joint Notices (each, "Proposed Joint Notices"). The Creditors' Committee shall be responsible for finalizing the Joint Notices by incorporating the reasonable, non-duplicative topics contained in the Proposed Joint Notices, and conferring with all Participants who submitted Proposed Joint Notices to narrow the proposed list of deponents to comply with Paragraph 11(a). To the extent that any Participant (or its principals) is the target of a Joint Notice, that Participant shall not participate in the process of formulating or finalizing the Joint Notice directed to that Participant.

(c)     Within seven (7) business days of receiving the Joint Notices (unless extended by agreement of the Debtors and the Participants or further order of the Court), recipients of Joint Notices shall serve any responses and objections to the Joint Notices, together with a list of designated witnesses for each of the noticed Rule 30(b)(6) topics to which the recipients do not object, and the dates and locations when such witnesses will be made available to be deposed. The Creditors' Committee, with the participation of the Participants, shall meet and confer with the Debtors and Non-Debtor recipients of Joint Notices to resolve any disputes regarding the Joint Notices. The Creditors' Committee shall coordinate with the Participants and recipients of Joint Notices regarding the conduct and timing of the depositions. All Participants shall be entitled to attend the depositions and may cross-examine the deponents subject to the time constraints set forth in Paragraph 11(d) of this Order.

(d)     Absent order of the Court, no person, other than an individual designated under Rule 30(b)(6) of the Federal Rules of Civil Procedure, shall be deposed more than once in connection with Legacy Discovery under this Order in his or her individual capacity, and each such deposition shall be limited to eight (8) hours. To the extent any individual is deposed in connection with Legacy Discovery and noticed for deposition in discovery in connection with the confirmation proceedings, the Committee shall meet and confer with the Deponent party to ensure that such depositions do not overlap in substance or are not otherwise duplicative. Any dispute with respect to the scope of any depositions that cannot be resolved in good faith consultation may be presented to the Court by letter in accordance with Paragraph 14.

(e)     Depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure shall continue until completed and shall not be presumptively limited to eight (8) hours.

ny-1148279

(f) In the event that a Participant seeks to take additional depositions in connection with the Legacy Discovery, such Participant may after consultation with the Creditors' Committee make an application to the Court on appropriate notice pursuant to Rule 2004 for an order permitting such further discovery.

12. **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses**. All pleadings, motions, and other papers related to Legacy Discovery that are filed are to be served electronically. In addition, the Debtors and all Participants agree to serve by e-mail all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an email attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 pm Eastern time, discovery requests will be deemed received the next business day.

13. **Third-Party Documents Received Pursuant to Subpoena**. Each Participant shall produce or make available to the other Participants all materials obtained from third parties pursuant to Rule 45 within five (5) business days of receiving such material from a third party.

14. **Discovery Disputes**. Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter from the party seeking relief, with the Debtor, all Participants and any participating Non-Debtor party copied. Unless otherwise agreed-to by the disputing parties, any response to the above letters shall be made by letter to the Court delivered within five (5) business days after service of the initial letter submission on the applicable parties. Except with prior leave of Court, no letter shall exceed eight (8) pages in length, and no additional submissions will be permitted. Any recipient

of a discovery request pursuant to this protocol retains the right to seek a protective order from the Court in accordance with the applicable rules.

15. **Use of Materials Produced**. Absent further Order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding, other than during confirmation of these Chapter 11 cases and/or in other contested matters or adversary proceedings arising out of these Chapter 11 cases. Nothing in this paragraph will limit the use of discovery or information properly obtained through discovery or otherwise in such other matters or proceedings.

16. **Discovery by Debtors**. Nothing herein shall preclude the Debtors from seeking discovery regarding the matters at issue in the Legacy Discovery from any person to the extent allowed under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

17. **Deadlines**. All deadlines stated herein shall be computed pursuant to Federal Rule of Bankruptcy Procedure 9006.

18. **No Legal Representation Implied by Participation**. For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of Legacy Discovery (including, without limitation, the activity of an attorney for a Participant in connection with the service of Initial or Follow-Up Consolidated Requests as contemplated by Paragraph 5 of this Order) shall be deemed or construed to create an attorney-client relationship between any attorney and any Participant, and no attorney participating in Legacy Discovery shall have any duty or obligation to any Participant other than the represented Participant indicated on the Notice of Intent served by such attorney.

ny-1148279

19.  **No Admissions**. No statements made in this Order shall be construed as a finding of fact by the Court nor as an admission of any claim or allegation by any of the Debtors or any Participant of other Non-Debtor.

20.  **No Waiver of Conflicts**. Nothing in this Order shall be deemed to ratify or waive any conflict of interest that may exist with respect to the performance of the Debtors or any Participant under this Order.

21.  **Jurisdiction**. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

22.  **Confirmation Discovery**. The Debtors and the Participants agree that, in connection with any proposed plan of reorganization, they will negotiate in good faith regarding the application of this discovery protocol to any discovery in connection with confirmation of any such proposed plan ("Confirmation Discovery"), to use this discovery protocol as a model, and to work to have a discovery protocol for Confirmation Discovery in place so that such discovery can commence as soon as any disclosure statement is approved.

Dated: Wilmington, Delaware
August 13, 2014

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE