# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew R. McGaan, P.C.<br>To Call Writer Directly:<br>(312) 862-2183<br>andrew.mcgaan@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

August 13, 2014

**By ECF and Hand Delivery**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   Make Whole Trial and Potential Solvency Discovery in
      *CSC Trust Co. of Delaware v. Energy Future Intermediate Holding Co. LLC et al.*, A.P. No. 14-50363.

Dear Judge Sontchi:

I write concerning the Court's August 5 opinion regarding solvency discovery in connection with the First Lien make whole litigation. That order proposed three practical options for avoiding the expensive and time-consuming prospect of litigating whether EFIH is solvent without significantly delaying the resolution of the adversary proceeding: for the Debtors to (a) concede solvency or (b) waive their equitable defenses relating to solvency; or (c) for the Parties to agree to bifurcate solvency from the issue of whether the Indentures provide for the payment of a make whole premium.

In the Debtors' view, the best path forward—the path which preserves all parties' rights, manages resources effectively, and allows the parties to get to trial more expeditiously—is to bifurcate the litigation so that solvency discovery and trial, if any, would occur only if the Court finds a make whole premium is owed. The Trustee disagrees, and the parties have not been able to agree on the terms of a proposed order. Accordingly, the Debtors ask the Court to order that discovery and trial be bifurcated so that solvency discovery follows litigation concerning whether the Indentures provide for the payment of a make whole premium.

The two issues presented in the Court's order—contract interpretation and solvency—may be tried separately for the "convenience" of the court and parties or to "expedite and economize." *See* Fed. R. Civ. P. 42(b) (incorporated into adversary bankruptcy proceedings by Fed. R. Bankr. 7042). This Court has "broad discretion" to bifurcate these issues for trial, *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972), and may even order separate trials on its own motion, *see* 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. &

Beijing    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

RLF1 10699402v.1

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
August 13, 2014
Page 2


Proc. § 2388 n.25 (3d ed.) (collecting cases).  Separate trials are especially appropriate where, as here, the evidence to be offered on two issues is "wholly distinct" or "litigation of one issue might obviate the need to try another issue." *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998); *see also Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 985-86 (D. Del. 1982) *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (ordering bifurcation where evidence did not overlap); *Container Co. v. Carpenter Container Corp.*, 9 F.R.D. 89, 91 (D. Del. 1949) (same).  And where separate trials have been ordered, discovery related to a subsequent trial should be stayed to maximize economy. *See Tobacco & Allied Stocks v. Transamerica Corp*, 16 F.R.D. 537, 540 (D. Del. 1954) (ruling that a party does not need to answer interrogatories relevant to a later trial on separate issues); *see also Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 259 (D.N.J. 1997) *dismissed*, 185 F.3d 878 (Fed. Cir. 1998) (bifurcating the issues of liability and damages for trial and staying damages discovery).

The most efficient use of the time and resources of the Court and the Parties is to litigate this case in steps, and only address the issues that are necessary one at a time.  As the Court has recognized, "solvency is only relevant if the Court finds that the 10% Noteholders are entitled to a make whole premium under the terms of the Indenture." (Order at 23.)  To proceed all at once—with litigation concerning the interpretation of the Indentures as well as solvency—has the potential to put the cart before the horse.  There is a good chance that the Court will never even need to address the Debtors' solvency, because, if the Debtors are right, CSC's case will not survive "the threshold question … whether the indentures give rise to a makewhole premium." (*Id.*)

Discovery and trial concerning solvency is no empty burden.  Both will be expensive and time consuming, as the Court has already recognized.  Litigating solvency will require document discovery, fact depositions, and expert testimony from the Debtors and CSC Trust.  And other creditors at EFIH and even EFH are likely—if not almost certain—to weigh in with their own discovery requests and experts on the solvency issue.  All of this is likely to significantly delay the adversary proceeding, and come at considerable expense to the estate, which is paying the professional fees of many of the creditors in these cases.

A trial that addresses the Debtors' solvency together with contract interpretation questions would be unnecessarily protracted and complex.  These issues involve different fact witnesses, different expert testimony, different documents, and different subjects.  Combining the two for trial would create little efficiency and, worse, require additional time and effort to maintain focus.  There is thus no practical need to keep the two together, and any unlikely benefits are in all events outweighed by the delay and additional—and, in the Debtors' view, unnecessary—costs of litigating the Debtors' solvency now.  On the other hand, discovery and trial solely with respect to the contract interpretation issue should be much less expensive and time consuming.

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
August 13, 2014
Page 3

Bifurcation will allow the parties to litigate the merits of their contractual arguments first and, depending upon the Court's ruling, may avoid the burden and cost of litigating solvency entirely. Postponing solvency discovery, moreover, will not prejudice the Trustee: if necessary, there will be ample time to conduct discovery and litigate that issue. And if the Court determines that the indentures provide for a make whole payment here, contrary to the Debtors' position, the parties will have an opportunity to explore solutions that may avoid further discovery and litigation.

Bifurcation has the additional benefit of allowing the Debtors to preserve defenses that they might assert in this litigation, with no meaningful cost to CSC Trust. To be sure, the Debtors have not yet argued that they will seek to limit the payment of any make whole premium on equitable grounds involving their insolvency, but this is a dynamic and evolving litigation. The Debtors should not have to concede or waive their rights when there is a clearer path forward that would avoid costly—and potentially unnecessary—discovery and trial for now without prejudicing either party.

For these reasons, the Debtors respectfully request that the Court enter an order bifurcating trial so that solvency discovery and trial would occur if and only if the Court first determines that the Indentures require payment of a make whole premium in these circumstances.

Respectfully submitted,

*/s/ Andrew R. McGaan*

Andrew R. McGaan, P.C.