GODFREY & KAHN, S.C.
One East Main Street
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| ENERGY FUTURE HOLDINGS CORP. *et al.*,[1] | : | Case No. 14-10979 (CSS) |
|  | : |  |
| Debtor-in-Possession. | : | (Jointly Administered) |

Objection deadline: September 9, 2014 at
4:00 p.m. (Prevailing Eastern Time)
Hearing date: September 16, 2014 at
11:00 a.m. (Prevailing Eastern Time)

**APPLICATION OF FEE COMMITTEE FOR AUTHORIZATION
TO EMPLOY AND RETAIN GODFREY & KAHN, S.C.
AS COUNSEL TO THE FEE COMMITTEE,
<u>*NUNC PRO TUNC* TO THE FEE COMMITTEE'S APPOINTMENT</u>**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI
      UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee to be appointed in Energy Future Holdings Corp. ("**EFH**") with its affiliated debtors in possession (together, the "**Debtors**"), pursuant to the agreement of the parties to be presented to the Court, hereby submits this application (the "**Application**") for Authorization to Employ Godfrey & Kahn, S.C. ("**Godfrey & Kahn**" or the "**Firm**") as its

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

counsel *nunc pro tunc* to the date of the Fee Committee's formation. In support of the Application, the Fee Committee represents that:

## PRELIMINARY STATEMENT

1. Pursuant to the *General Order Re: Fee Examiners in Chapter 11 Cases with Combined Assets and/or Liabilities in Excess of $100,000,000 Before Judge Christopher S. Sontchi* (the **"Fee Examiner Standing Order"**), it is expected that, by stipulation of the parties, the Court will soon appoint a Fee Committee in these cases to carry out the duties set forth in the Fee Examiner Standing Order, and any other applicable orders, as they may be amended from time to time. These duties will include, among other things, monitoring the fees and expenses incurred by professionals retained in these chapter 11 cases (the "**Retained Professionals**"). It is expected that, pursuant to an agreement and joint recommendation of the parties, the Court will appoint Richard Gitlin, individually, and as Chairman of Gitlin & Company, LLC as the independent member and chairperson of the Fee Committee (the "**Independent Member**"). With this Application, the Firm seeks entry of an order authorizing the employment of Godfrey & Kahn to represent the Fee Committee in these cases, effective as of the date of the Fee Committee's formation, and to assist the Fee Committee in fulfilling the duties to be detailed in a subsequent order governing the Fee Committee and professional fees in these cases. The scope and costs of the engagement of Godfrey & Kahn (and the Independent Member) are outlined in this Application.

2. In support of this Application, the Fee Committee relies on the Affidavit of Katherine Stadler, a Godfrey & Kahn shareholder (the "**Stadler Affidavit**"), attached as **Exhibit A**.

**BACKGROUND**

3. On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 13, 2014, the United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**") [Docket No. 420].

5. On May 29, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al. for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 658].

6. On July 9, and August 4, 2014, this Court entered an *Order Extending Time to Comply* [Docket No. 1512], and *Second Order Further Extending Debtors' Time to Comply* [Docket No. 1744] with the Fee Examiner Standing Order.

7. The parties have reached an agreement, to be presented to the Court, to request that the Court appoint the Fee Committee, the Independent Member, and counsel.

**JURISDICTION**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**EFH'S BUSINESS**

9. EFH's businesses, through various business units, include the largest generator, distributor, and certified retail provider of electricity in Texas.

10. A more detailed description of the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 cases appears in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, filed on April 29, 2014 [Docket No. 98].

**BASIS FOR RELIEF REQUESTED**

11. The parties have conferred extensively about the volume and nature of the fee and expense applications anticipated to be submitted by Retained Professionals in these cases. The parties agree that these factors warrant both the appointment of the Fee Committee and assistance from counsel to provide support for the Fee Committee's work. Accordingly, the parties have agreed upon Godfrey & Kahn as a qualified and cost-effective professional to represent the Fee Committee and assist in its review of fee and expense applications filed by the Retained Professionals, and its preparation and pursuit of any appropriate responses or objections to those requests.

**QUALIFICATIONS**

12. Godfrey & Kahn's Bankruptcy and Financial Restructuring Practice Group represents clients in matters ranging from informal workouts to sophisticated corporate reorganizations. It has represented clients in bankruptcy cases before the U.S. Supreme Court and before the U.S. Courts of Appeal as well as appeared in bankruptcy courts throughout the United States. Godfrey & Kahn has been involved in some of the country's largest bankruptcies, among them: Lehman Brothers Holdings, Inc., Motors Liquidation Company, Lillian Vernon,

Saint Vincent's Catholic Medical Centers, Tower Automotive, Calpine, Dana Corporation, Delphi Corporation, Northwestern Corporation and Global Crossing, Ltd. It has specifically worked on bankruptcy fee analysis and fee litigation in *Motors Liquidation Company*, No. 09-50026 and *Lehman Brothers Holdings, Inc.*, No. 08-13555, both in the United States Bankruptcy Court for the Southern District of New York. In these matters, Godfrey & Kahn assisted the Fee Examiner and Fee Committee in their analysis of fees and expenses of the retained professionals in those cases.

13. The parties seek to employ Godfrey & Kahn as Fee Committee counsel because, among other things, Godfrey & Kahn has demonstrated it can provide quality services in a specific area of the law in a timely and cost-effective manner, beginning immediately with the appointment of the Fee Committee and Independent Member.

**SERVICES TO BE PROVIDED BY GODFREY & KAHN**

14. Godfrey & Kahn will provide a broad range of legal and administrative support services to the Fee Committee. It is anticipated that these services will include representing the Fee Committee in connection with:

   A. Monitoring, reviewing and, where appropriate, objecting to all applications for professional fees and expenses filed by Retained Professionals;

   B. Establishing measures to help the Court ensure that compensation and expenses paid by the estates are reasonable, actual, and necessary under the Bankruptcy Code and (i) 11 U.S.C. §§ 328, 329, 330, and 331 as applicable; (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (iii) Rule 2016.2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (iv) and Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Large Chapter 11 Cases, 78 Fed. Reg.

5

No. 116, page 36248 (June 17, 2013) (the "**Guidelines**"); (v) any Order entered by this Court governing the Fee Committee (the "**Fee Committee Order**"); and any Order entered by this Court governing the procedures for interim monthly compensation and the reimbursement of expenses of professionals (the **"Interim Compensation Order")**;

        C.      Reviewing and assessing all monthly statements, interim and final professional fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 cases and until otherwise ordered by the Court;

        D.      Filing comments on the Court's docket regarding any professional fee application;

        E.      Communicating concerns regarding any professional fee application to the Retained Professional to whom the professional fee application pertains, and requesting further information as appropriate;

        F.      Requiring that Retained Professionals provide budgets, staffing plans, or other information to the Fee Committee;

        G.      Establishing procedures for the resolution of disputes with Retained Professionals concerning professional fee applications;

        H.      Establishing procedures, including the use of specific electronic data formats, forms, and billing codes, to facilitate preparation and review of professional fee applications;

        I.      Negotiating with Retained Professionals regarding objections to interim and final fee applications, and monthly fee statements, and consensually resolving such objections where appropriate, all pursuant to Court approval;

    J. Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to any application for compensation;

    K. Periodically, in the Fee Committee's discretion, filing summary reports with the Court concerning the Retained Professionals' professional fee applications;

    L. Appearing and being heard on any matter before the Court concerning Fee Committee matters as set forth in the Fee Committee Order;

    M. Serving, filing and litigating, if necessary, objections to the allowance or payment of fees or reimbursement of expenses in a professional fee application;

    N. Serving objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided in any Interim Compensation Order;

    O. Taking, defending, or appearing in any appeal regarding a professional fee application;

    P. Conducting discovery, including filing and litigating discovery motions or objections concerning Fee Committee matters as set forth in the Fee Committee Order; and

    Q. Retaining, subject to Court approval, other professionals and consultants to represent or assist the Fee Committee in connection with any of the foregoing.

 15. Other than in connection with legal advice to the Fee Committee and assisting in its analysis, including work with the Fee Committee's professionals, Godfrey & Kahn will not duplicate the work performed by members of the Fee Committee.

 16. The employment of Godfrey & Kahn is in the best interest of the Debtors' estates and of these cases as a whole because it will assist the Fee Committee with its analysis of fees

and expenses, provide another point of contact for the Retained Professionals, augment the Fee Committee's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames, and support the presentation of the Fee Committee's recommendations to the parties and the Court.

17. The parties believe that Godfrey & Kahn will materially aid in reviewing fee and expense applications, subject to the terms of any governing agreements, fee protocols and orders, and that Godfrey & Kahn's experience in this area will help enable the Debtors to achieve substantial benefits through cost control and efficiency.

## COMPENSATION

18. The parties, subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Committee Order, and orders of the Court, propose to have the Debtors compensate Godfrey & Kahn and the Independent Member with a flat fee of $250,000.00 in the aggregate each month (subject to amendment by further order of the Court). Debtors shall pay Godfrey & Kahn prospectively on the first day of each calendar month (pro-rated for any partial month's retention).

    A. This $250,000.00 amount will not include the reasonable expenses of Godfrey & Kahn or the Independent Member or the fees and expenses of any other consultants or auditors retained by the Fee Committee or subsequently retained.

    B. The Independent Member will be compensated, from the payment made to Godfrey & Kahn, $50,000.00 per month to the Independent Member for its services, subject to adjustment as agreed by the Independent Member and the Firm. The compensation paid to the Independent Member does not represent "shared" compensation under 11 U.S.C. § 504 because the Independent Member and Godfrey & Kahn are being compensated, separately, for their

separate services actually rendered. The single payment is an administrative convenience, disclosed here under Bankruptcy Rule 2016.

19. Notwithstanding the payment arrangements outlined in paragraph 18, above, both Godfrey & Kahn and the Independent Member will apply, retrospectively and at least every four months, to the Court for the interim and final allowance of compensation and reimbursement of expenses. Godfrey & Kahn's interim and final fee applications will show its regular hourly rates, ranging from $295 to $585 for attorneys, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines. The Independent Member shall be permitted to record hours worked in half-hour, rather than tenth-of-an-hour, increments.

20. According to Godfrey & Kahn's books and records, after a comprehensive review, it has not received any compensation for services in connection with the Debtors' chapter 11 cases.

### GODFREY & KAHN'S CONNECTIONS WITH PARTIES IN INTEREST AND POSSIBLE CONFLICTS OF INTEREST

21. To the best of Godfrey & Kahn's knowledge, information, and belief, other than as set forth in the Stadler Affidavit, Godfrey & Kahn has not represented and has no relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in these cases; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustee in any matter related to these cases.

### APPLICABLE LEGAL AUTHORITY

22. 11 U.S.C. § 105 provides: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

23.     The parties have determined that the appointment of a Fee Committee with an Independent Member is appropriate and that the Fee Committee will require qualified counsel to assist it and to provide legal counsel in the course of the Fee Committee's work.  The parties have selected Godfrey & Kahn and Gitlin & Company LLC to fulfill these roles.

## *NUNC PRO TUNC*

24.     Godfrey & Kahn has performed work in good faith, beginning on August 19, 2014 (and, without compensation, earlier), to prepare for the analysis of fees and costs submitted by the Retained Professionals.  Accordingly, it is appropriate that Godfrey & Kahn be retained effective as of the date that the Fee Committee is appointed by the Court.  *See* Stadler Affidavit, ¶ 14.

## CONCLUSION

**WHEREFORE**, the undersigned respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit B**, granting the relief requested and such other and further relief as the Court may deem just and proper.

Dated:  August 19, 2014.

**FEE COMMITTEE**

By:     */s/Richard A. Gitlin*
            Richard A. Gitlin, Proposed Independent Member