# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS | : | Case No. 14-10979 (CSS) |
| CORP., *et al.,* | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | |

## STIPULATION AND ORDER
## <u>APPOINTING A FEE COMMITTEE</u>

***Recitals:***

A.      On April 29, 2014, Energy Future Holdings Corp., and certain affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

B.      On May 13, 2014, Roberta A. DeAngelis, the United States Trustee for Region 3, appointed an Official Committee of Unsecured Creditors (the "Committee") (D.I. 420).

C.      On May 29, 2014, the Debtors filed a Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 658) (the "Interim Compensation Order").

D.      Given the size and complexity of these Chapter 11 cases, the U.S. Trustee proposed, and the Debtors and the Committee agreed, to recommend that the Court appoint a committee (the "Fee Committee"), among other things, to review and report as appropriate on monthly fee statements submitted in accordance with the Interim Compensation Order and all interim and final fee

applications filed by professionals retained under 11 U.S.C. §§ 105, 327, 363 or 1103 or similar authority (the "Retained Professionals"), in accordance with 11 U.S.C. §§ 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Debtors, the Committee and the U.S. Trustee:

A.    *Appointment, Composition and Structure of the Fee Committee.*

1.    A Fee Committee is appointed.

2.    The Fee Committee will consist of four members: (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Committee; (iii) one member appointed by and representative of the U.S. Trustee, (each a "Fee Committee Member"); and (iv) one independent member (the "Independent Member," and together with the remaining three representatives on the Fee Committee, the "Fee Committee Members"), to be recommended by unanimous vote of the other Fee Committee Members and approved by the Court in this Order. The Independent Member shall be a person who is unaffiliated with any party in the Chapter 11 cases and who is a "disinterested person" within the meaning of 11 U.S.C. § 101(14). The Debtors, the Committee, and the U.S. Trustee may, in their discretion, replace or rotate their respective Fee Committee designees without order of the Court.

3.    The Independent Member shall be subject to removal only by the Court and for cause. In the event that the Independent Member position becomes vacant,

the remaining Fee Committee Members shall promptly recommend to the Court, by unanimous vote, a successor Independent Member for appointment to the Fee Committee, upon notice and a hearing.

4.    No Retained Professional shall serve on the Fee Committee in any capacity; *provided, however,* that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; *provided, further, however,* that the Debtors and their estates shall reimburse a Fee Committee Member for the reasonable fees and expenses (if any) incurred as a result of the Fee Committee Member's consultation with its constituent group's attorneys), subject to approval by the Court upon application. Under no circumstances shall the Debtors or their estates reimburse a Fee Committee Member for fees and expenses incurred as a result of the Fee Committee Member's consultation with its individual attorneys (as opposed to the Fee Committee Member's constituent group's attorneys).

5.    Each Fee Committee Member will have one vote on all Fee Committee matters, and the Fee Committee shall make decisions by majority vote. In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote. Three members of the Fee Committee, one of whom must be the Independent Member, shall be required for a quorum, *provided, however*, that the remaining three Fee Committee Members shall constitute a quorum for the limited purpose of matters involving the selection or

replacement of the Independent Member and any successor.

6.      The Independent Member shall serve as Chairperson of the Fee Committee and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Applications, and other information needed by the Fee Committee, as well as serving objections to monthly fee statements and filing and serving objections to interim and final fee applications. The Independent Member shall represent the Fee Committee's interests in any Court proceeding, with or without counsel. The Fee Committee Counsel shall be directed by the Fee Committee which will act through its Independent Member.

7.      In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning member may designate a successor member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members shall, by unanimous vote, recommend that the Court approve a designated successor Independent Member. Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individual(s) that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for any successor member to the Fee Committee Members.

**B.**     ***Selection and Appointment of the Independent Member.***

The Debtors, the Committee and the U.S. Trustee have agreed, and the Court hereby appoints, Richard Gitlin, individually, and as Chairman of Gitlin and Company, LLC, as the Independent Member. Mr. Gitlin shall be the Independent Member's representative on the Fee Committee, *nunc pro tunc* to the date that the Fee Committee is created. Based upon the Declaration of Richard Gitlin dated August 19, 2014 (D.I. 1887), Mr. Gitlin and Gitlin and Company are  "disinterested" persons as that term is defined under 11 U.S.C. § 101(14).

**C.**     ***Authority of the Fee Committee.***

1.     The Fee Committee shall monitor, review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

   a.     Bankruptcy Code sections 328, 330, and 331, as applicable;

   b.     Rule 2016 of the Federal Rules of Bankruptcy Procedure;

   c.     The Interim Compensation Order;

   d.     The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and

   e.     Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

2.     The Fee Committee shall have the following authority:

   a.     File comments on the Court's docket regarding an Application;

b.    Communicate concerns regarding an Application to the Retained Professional to whom the Application pertains, and request further information as appropriate;

c.    Require that Retained Professionals provide budgets, staffing plans, or other information to the Fee Committee;

d.    Establish procedures for the resolution of disputes with Retained Professionals concerning Applications;

e.    Establish procedures, including the use of specific forms and billing codes, to facilitate preparation and review of Applications;

f.    Written case-specific guidelines promulgated by the Fee Committee supplementing, but not in conflict with, the authorities listed in Paragraph C.1.a-e.

g.    Negotiate with Retained Professionals regarding objections to interim and final fee applications, and monthly fee statements, and consensually resolve such objections where appropriate;

h.    Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

i.    Periodically, in the Fee Committee's discretion, file summary reports with the Court concerning the Retained Professionals' applications;

j.    Appear and be heard on any matter before the Court concerning Fee Committee matters as set forth in this Order;

k.    Serve, file and litigate objections to the allowance or payment of fees or reimbursement of expenses in an Application;

l.    Serve objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided by the Interim Compensation Order;

m.    Take, defend, or appear in any appeal regarding an Application;

    n.      Conduct discovery, including filing and litigating discovery motions or objections concerning Fee Committee matters as set forth in this Order; and

    o.      Retain, subject to Court approval, attorneys ("Fee Committee Counsel"), other professionals and consultants to represent or assist the Fee Committee in connection with any of the foregoing.

3.      The terms of this Order shall be applicable to all Retained Professionals. The Debtors, the Committee, the U.S. Trustee and all Retained Professionals shall cooperate with the Fee Committee in the discharge of its duties and shall promptly respond to any requests by the Fee Committee for information or communications.

4.      Any professional retained by order of the Court subsequent to the entry of this Order shall immediately contact the Independent Member or the Fee Committee Counsel to discuss the procedures that the professional must follow concerning all Applications made or filed in these Chapter 11 case under this Order and any supplemental fee protocol.

5.      The Fee Committee may, in its discretion, adopt a supplemental fee protocol to govern matters not addressed in this Order. The Fee Committee shall file with the Court any supplemental fee protocol and serve it upon all Retained Professionals, upon notice and a hearing. In the event of a conflict between an order approving the terms of a supplemental fee protocol and this Order, this Order shall govern.

**D.**   ***Selection, Authorization and Compensation of Fee Committee Counsel, Independent Member and Other Fee Committee Professionals.***

1.      The Debtors, the Committee and the U.S. Trustee have agreed, and the Court hereby authorizes, the Fee Committee to retain Godfrey Kahn SC as Fee Committee Counsel pursuant to 11 U.S.C. § 327(a). The Fee Committee shall file a separate application seeking approval of the Fee Committee's retention of Godfrey & Kahn. For purposes of its retention by the Fee Committee, Godfrey & Kahn shall be considered a Retained Professional and subject to the terms of the Interim Compensation Order and this Order. Godfrey & Kahn shall be excused from compliance with Local Bankruptcy Rules 9010-1(b) and (c). Godfrey & Kahn attorneys may appear before this Court representing the Fee Committee so long as a certification is filed, signed by that attorney, stating (a) the courts in which the attorney is admitted, (b) that the attorney is in good standing in all jurisdictions in which the attorney has been admitted and (c) that the attorney will be bound by the Local Bankruptcy Rules and that the attorney submits to the jurisdiction of the Court for disciplinary purposes.

2.      The Fee Committee Counsel and all other professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable and necessary services and to be reimbursed for out-of-pocket expenses, subject to Court approval and compliance with the statutory provisions rules and guidelines set forth herein at C.1.

3.      The Independent Member and the Fee Committee Counsel shall,
whether or not paid prospectively as a flat fee, file interim and final fee applications
pursuant to 11 U.S.C. §§ 330 and 331 requiring court approval; *provided, however*,
that their fees shall be, in the aggregate, $250,000 per month (subject to
amendment by further order of the Court), to be paid on the first day of each
calendar month (pro-rated for any partial month's services); *provided further,
however,* that the Independent Member is hereby authorized to keep reasonably
detailed time records in half-hour increments and will submit, with any interim or
final fee application, together with the time records, a narrative summary, by
project category, of services rendered and will identify each professional rendering
services, the category of services rendered and the amount of compensation
requested. This amount shall not include the reasonable, actual and necessary
expenses incurred by the Fee Committee Counsel or the Independent Member or
any other consultants retained by the Fee Committee, the payment of which shall
be subject to Court approval.

E.      ***Compensation of Fee Committee Members.***

1.      No Fee Committee Member, except the Independent Member, shall
receive compensation for service on the Fee Committee or time expended on Fee
Committee matters. The Fee Committee Counsel (as set forth in D.2. herein) and
any other consultants retained by the Fee Committee, shall receive such reasonable
hourly compensation, or in the alternative, a flat monthly amount pursuant to 11
U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee

Committee members and approved by the Court. All Fee Committee Members (other than the member appointed by the U.S. Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses incurred in connection with their service on the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee shall not entitle any Fee Committee Member thereof to compensation under 11 U.S.C. § 503(b), and any right to such claim is waived expressly.

2.      Work performed by Retained Professionals assembling information and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330. Work performed in responding to the Fee Committee (including providing follow-up or supplemental documentation) to inquiries or informal objections that the Fee Committee raises shall not be compensable. If the Fee Committee files an objection to any Application, and the objection is not resolved prior to a hearing held before the Court, wherein the Court hears oral argument, then the Retained Professional may request compensation for the fees and expenses incurred in defending against the objection and the Fee Committee may object to any such request. The defense fee request shall be decided by the Court. 3.      All Fee Committee Members, the Fee Committee Counsel and any other consultants retained by the Fee Committee, shall submit detailed fee statements and requests for reimbursement of reasonable, actual and necessary expenses, which shall be

reviewed by the other Fee Committee Members; *provided, however*, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual and necessary expenses. In addition, any statements and requests for reimbursement of reasonable, actual and necessary expenses shall be subject to application, review and payment under the statutes, rules and guidelines set forth herein at C.1.

**F.    *Fee Disputes.***

1.    If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee members) with respect to any interim or final fee application of a Retained Professional, the Fee Committee shall prepare and distribute a letter or written report (the "Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee and the U.S. Trustee, describing the concerns or objections in accordance with the schedule set forth in F.3 below (the "Schedule"). If the Fee Committee Report is not unanimously approved by the Fee Committee, any Fee Committee Member may prepare a written dissent, which shall be transmitted along with the Fee Committee Report to that Retained Professional, with a copy to the Debtors, the Committee and the U.S. Trustee.

2.    The Fee Committee and the Retained Professional served with the Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised in the Fee Committee Report. If the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s)

raised by the Fee Committee Report (a "Fee Dispute") within 30 days after transmittal, the Fee Committee may publicly file its objection in accordance with the Schedule. Pending resolution of any Fee Dispute, the Debtors shall compensate the Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection to a monthly fee statement.

3.     Nothing herein shall affect the right of any party in interest, including any Fee Committee Member, to object to any monthly fee statement or interim or final fee application. Likewise, nothing herein shall affect the rights or obligations of any party in interest, including the Fee Committee, under the Interim Compensation Order.

**Schedule on Fee Applications**

| EVENT | DEADLINE FOR FIRST INTERIM PERIOD (April 29, 2014 – August 31, 2014) | DEADLINE FOR ALL SUBSEQUENT INTERIM AND FINAL FEE PERIODS |
|---|---|---|
| End of 120-day interim compensation period | Day 0 | Day 0 |
| Interim Fee Applications Due | Day 60 | Day 45 |
| Fee Committee Report to Retained Professionals | Day 120 | Day 105 |
| End of Negotiation Period between Retained Professionals and Fee Committee Concerning Report | Day 150 | Day 135 |
| Objection Deadline for Fee Committee or any member thereof | Day 165 | Day 150 |
| Hearing on Objections | 15 days after the filing of the objection or as soon thereafter as the objection may be heard | |

**G.**     ***Committee Exculpation and Indemnification.***

1.     The Fee Committee and each Fee Committee member are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee. No person or entity shall commence an action against the Fee Committee or any Fee Committee Member in connection with Fee Committee matters except in this Court.

2.      The Fee Committee and each Fee Committee Member are hereby indemnified by the Debtors for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a Fee Committee Member. Nothing herein shall be deemed to limit the application of any immunities to which any party is entitled under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity that any party may have. No Fee Committee Member shall be indemnified or exculpated for acts of their own that constitute wilful misconduct or gross negligence.

3.      Any and all claims or causes of action not instituted against the Fee Committee or Fee Committee Member (solely in its capacity as a Fee Committee Member) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

**H.**      ***Reservations of Rights.***

1.      Nothing herein shall limit the right of any entity, including Fee Committee members acting in their separate capacities, to object to the allowance or payment of fees or reimbursement of expenses sought by a Retained Professional on any grounds.

2.      Any Retained Professional may seek an order on appropriate notice seeking relief from any provision of this Order.

I.      *Jurisdiction.*

The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this order.

*[remainder of this page intentionally left blank]*

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *et al.*
Debtors and Debtors-in-Possession

By:     /s/ Jason M. Madron
        **RICHARDS, LAYTON & FINGER, P.A.**
        Mark D. Collins (No. 2981)
        Daniel J. DeFranceschi (No. 2732)
        Jason M. Madron (No. 4431)
        920 North King Street
        Wilmington, Delaware 19801
        Telephone:   (302) 651-7700
        Facsimile:   (302) 651-7701
        Email:       collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

        -and-

        **KIRKLAND & ELLIS, LLP**
        Richard M. Cieri
        Edward O. Sassower, P.C.
        Stephen E. Hessler
        Brian E. Schartz
        601 Lexington Avenue
        New York, New York 10022-4611
        Telephone:   (212) 446-4800
        Facsimile:   (212) 446-4900
        Email:       richard.cieri@kirkland.com
                     Edward.sassower@kirkland.com
                     Stephen.hessler@kirkland.com
                     Brian.schartz@kirkland.com

        -and-

        James H.M. Sprayregen, P.C.
        Chad J. Husnick
        Steven N. Serajeddini
        300 North LaSalle
        Chicago, Illinois 60654
        Telephone: (312) 862-2000
        Facsimile: (312) 862-2200
        Email:       james.sprayregen@kirkland.com
                     Chad.husnick@kirkland.com
                     Steven.serajeddini@kirkland.com

        *Proposed Co-Counsel to the Debtors and Debtors in Possession*

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
ENERGY FUTURE HOLDINGS, CORP., *ET AL.,* DEBTORS AND
DEBTORS-IN-POSSESSION

By:   /s/ Lorenzo Marinuzzi
      **POLSINELLI PC**
      Christopher A. Ward (Del. Bar No. 3877)
      Justin K. Edelson (Del. Bar No. 5002)
      Shanti M. Katona (Del. Bar No. 5352)
      222 Delaware Avenue, Suite 1101
      Wilmington, Delaware 19801
      Telephone:    (302) 252-0920
      Facsimile:    (302) 252-0921
      Email:        cward@polsinelli.com
                    jedelson@polsinelli.com
                    skatona@polsinelli.com

      -and-

      **MORRISON & FOERSTER LLP**
      Lorenzo Marinuzzi
      Brett H. Miller
      James M. Peck
      Todd M. Goren
      250 West 55th Street
      New York, New York 10019
      Telephone:    (212) 468-8000
      Facsimile:    (212) 468-7900
      Email:        lmarinuzzi@mofo.com
                    bmiller@mofo.com
                    jpeck@mofo.com
                    tgoren@mofo.com

      *Proposed Counsel to the Official Committee of Unsecured Creditors*

17

ROBERTA A. DEANGELIS
UNITED STATES TRUSTEE FOR REGION 3

By:    /s/ Andrea B. Schwartz
       Andrea B. Schwartz
       Richard L. Schepacarter
       Trial Attorneys
       U.S. Department of Justice
       Office of the United States Trustee
       844 King Street, Suite 2207
       Wilmington, Delaware 19801
       Telephone:    (302) 573-6492
       Facsimile:    (302) 573-6497
       Email:    andrea.b.schwartz@usdoj.gov
                 richard.schepacarter@usdoj.gov

       *Counsel to the U.S. Trustee*

So Ordered:
This _____ day of _____, 2014

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

18