IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: September 16, 2014 at 11:00 a.m. |
| | ) Objection Deadline: September 9, 2014 at 4:00 p.m. |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES
TO MAKE CERTAIN CAPITAL INVESTMENTS AND PURCHASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), establishing procedures enabling Texas Competitive Electric Holdings Company LLC and certain of its direct and indirect Debtor subsidiaries (collectively, the "TCEH Debtors")[2] to make certain capital investments and purchases that may arguably be

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The TCEH Debtors are composed of: Texas Competitive Electric Holdings Company LLC, 4Change Energy Company, 4Change Energy Holdings LLC, Big Brown 3 Power Company LLC, Big Brown Lignite Company LLC, Big Brown Power Company LLC, Collin Power Company LLC, Decordova Power Company LLC, Decordova II Power Company LLC, Eagle Mountain Power Company LLC, Generation MT Company LLC, Generation SVC Company, Lake Creek 3 Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Energy Trading California Company, Luminant ET Services Company, Luminant Generation Company LLC, Luminant Holding Company LLC, Luminant Mineral Development Company LLC, Luminant Mining Company LLC, Luminant Renewables Company LLC, Martin Lake 4 Power Company LLC, Monticello 4 Power Company LLC, Morgan Creek 7 Power Company, NCA Resources Development Company LLC, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, Oak Grove Power Company LLC, Sandow Power Company LLC, TCEH Finance, Inc., Tradinghouse 3 & 4 Power Company LLC, Tradinghouse Power Company LLC, TXU Energy Retail Company LLC, TXU (Continued...)

considered outside the ordinary course of their businesses (the "Investments and Purchases").[3] In support of this Motion, the Debtors respectfully submit the *Declaration of Michael Carter, Senior Vice President of Corporate Planning and Assistant Treasurer of EFH Corporate Services in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Establishing Procedures to Make Certain Capital Investments and Purchases* (the "Carter Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Energy Solutions Company LLC, TXU Retail Services Company, TXU SEM Company, Valley NG Power Company LLC, and Valley Power Company LLC.

[3] For the avoidance of doubt, this Motion does not request any relief with respect to, or affect the rights, duties, or obligations of, any Debtors other than the TCEH Debtors.

2

3.      The bases for the relief requested in this Motion are sections 105(a), 107(b), and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.      By this Motion, the Debtors seek entry of an Order establishing expedited procedures for Investments and Purchases (the "Investment and Purchase Procedures").

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an interim order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, filed April 29, 2014 [D.I. 98].

**I.      Investments and Purchases.**

6.      As part of their ongoing businesses, from time to time, the TCEH Debtors need to make, and explore opportunities to make, relatively small investments in business lines and purchases of and investments in assets, goods, and services related to their core power generation and wholesale and retail electricity operations. *See* Carter Decl. ¶ 2. These Investments and Purchases are necessary to stay competitive in an ever-changing, dynamic, and competitive

3

electricity market. *Id.* These Investments and Purchases are specifically permitted by the TCEH DIP Credit Agreement. The TCEH Debtors foresee that these opportunities will continue to present themselves, sometimes on short notice with a limited window. *Id.* To capitalize on such value creating opportunities, the TCEH Debtors require the flexibility to react quickly and efficiently; otherwise, they will likely have to forego such opportunities. *Id.*

**II.    The Investment and Purchase Procedures.**

7.     The TCEH Debtors will continue to encounter the need to explore or invest in advantageous opportunities related to their existing businesses or new business lines, or opportunities to purchase assets, goods, and/or services, that may arguably be considered outside the ordinary course of their businesses. *See* Carter Decl. ¶ 3. The Investments and Purchases are of low relative cost when compared to the size of the TCEH Debtors' operations as a whole, and yet they are expected to be beneficial to the TCEH Debtors' business and accretive to the value of their estates. *Id.*

8.     In an abundance of caution, to the extent the Investments and Purchases are considered outside the ordinary course of business, the TCEH Debtors propose to implement the following Investment and Purchase Procedures for such Investments and Purchases:

(a)    With regard to Investments and Purchases, in any individual transaction or series of related transactions, with a price less than or equal to $1 million:[4]

(i)    the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court or notice to any party.

---

[4]    For purposes of these Investment and Purchase Procedures, the purchase price shall refer to the proceeds to be received by the seller (or the estimate of such proceeds), or the estimate of the value of consideration to be received by the seller as applicable, on account of any purchase transaction, net of taxes, appraisal fees, broker fees, and other related expenses.

4

(b) With regard to Investments and Purchases, in any individual transaction or series of related transactions, with a price greater than $1 million and less than or equal to $5 million:

    (i) the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court, subject only to the noticing procedures set forth herein;

    (ii) the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such Investments and Purchases, give written notice of such Investments and Purchases substantially in the form of **Exhibit 1** attached hereto (each notice, a "Notice") to: (a) the U.S. Trustee; (b) counsel to the agent for the TCEH debtor-in-possession financing facility; (c) counsel to the ad hoc committee of TCEH first lien creditors; (d) proposed counsel to the Creditors' Committee; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") via overnight delivery, provided, however, if the TCEH Debtors, in consultation with the Creditors' Committee, determine that information regarding a particular Investment and/or Purchase falls within the purview of section 107(b) of the Bankruptcy Code, then the information shall not be made available to the parties requesting notice pursuant to Bankruptcy Rule 2002, and shall be made available only on a confidential, "professional eyes only" basis to the U.S. Trustee, counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of TCEH first lien creditors, and proposed counsel to the Creditors' Committee; and

    (iii) the content of the Notice shall consist of: (a) identification of the Investments and Purchases; (b) identification of the TCEH Debtor(s) making such Investments and Purchases; (c) the seller or vendor of such Investments and Purchases; (d) the price and terms of payment, including the cash and other consideration to be paid by the TCEH Debtor(s); and (e) the significant terms of the Investments and Purchases.

(c) With regard to Investments and Purchases, in any individual transaction or series of related transactions, with a price greater than $5 million and less than or equal to $10 million:

    (i) the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court,

5

subject only to the noticing and objection procedures set forth herein;

(ii) the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such Investments and Purchases, give written notice of such Investments and Purchases substantially in the form of the Notice to the Notice Parties via overnight delivery, provided however, if the TCEH Debtors, in consultation with the Creditors' Committee, determine that information regarding a particular Investment and/or Purchase falls within the purview of section 107(b) of the Bankruptcy Code, then the information shall not be made available to the parties requesting notice pursuant to Bankruptcy Rule 2002, and shall be made available only on a confidential, "professional eyes only" basis to the U.S. Trustee, counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of TCEH first lien creditors, and proposed counsel to the Creditors' Committee;

(iii) the content of the Notice shall consist of: (a) identification of the Investments and Purchases; (b) identification of the TCEH Debtor(s) making such Investments and Purchases; (c) the seller or vendor of such Investments and Purchases; (d) the price and terms of payment, including the cash and other consideration to be paid by the TCEH Debtor(s); and (e) the significant terms of the Investments and Purchases;

(iv) if no written objection from any Notice Party is filed with this Court within ten (10) calendar days after service of the Notice (the "Objection Deadline"), the TCEH Debtors may submit an order authorizing the purchase under certification of counsel, subject to Del. Bankr. L.R. 9013-1(j), and the TCEH Debtors may consummate the transaction immediately upon entry of such order;

(v) if the terms of proposed Investments and Purchases are materially amended after transmittal of the Notice but prior to the Investments and Objection Deadline, the TCEH Debtors will send a revised Notice to the Notice Parties. The Objection Deadline will be extended such that the Notice Parties will have an additional five calendar days to object in accordance with the Investment and Purchases Procedure; and

(vi) if any Notice Party files a written objection to any such transaction with the Court by the Objection Deadline, then the relevant Investments and Purchases shall only be completed upon submission of a consensual form of order resolving the objection as between the TCEH Debtors and the objecting party or upon further order of the Court.

6

## Basis for Relief

### I. The Investments and Purchases are Appropriate and in the Best Interests of the TCEH Debtors' Estates.

9. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The use of property of the estate, other than in the ordinary course of business, is authorized if the debtor demonstrates a "sound business purpose" for such uses. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d. Cir. 1996) ("[U]nder normal circumstances the [bankruptcy] court would defer to the trustee's [or debtor in possession's] judgment so long as there is a legitimate business justification."); *Computer Sales Int'l, Inc. v. Fed. Mogul Global (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("[I]n the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (". . . a judge determining a 363(b) application expressly find[s] from the evidenced presented before him . . . a good business reason to grant such an application").

10. The TCEH Debtors anticipate making certain relatively small Investments and Purchases in efforts to explore and/or invest in business lines related to power generation and wholesale and retail electricity operations, grow their customer base, and to consummate transactions which are in the best interests of their estates. *See* Carter Decl. ¶ 4. Some of these Investments and Purchases may arguably be outside the TCEH Debtors' ordinary course of business. Without the ability to move quickly, the TCEH Debtors would be at a considerable disadvantage, allowing competitors to complete transactions while the TCEH Debtors wait for

7

noticing periods or court approval. *Id.* The Investment and Purchase Procedures will enable the TCEH Debtors to act quickly on other small, time-sensitive transactions that management believes are in the best interests of the TCEH Debtors' estates, but which may be arguably outside of the ordinary course of business. *Id.* Moreover, the Investment and Purchase Procedures provide comfort to potential counterparties by providing them with assurance that the TCEH Debtors will have the requisite authority to consummate the Investments and Purchases. *Id.*

11.     Given the small cost of the Investments and Purchases in relation to the magnitude of the TCEH Debtors' overall operations, it would be an inefficient use of resources to file individual motions with the Court seeking approval for each of these individual Investments and Purchases. *See* Carter Decl. ¶ 5. Moreover, the cost and delay associated with seeking individual Court approval of each Investment and Purchase could substantially diminish the economic benefits of the transactions or cause the TCEH Debtors to miss a window of opportunity to complete certain transactions. *Id.* Accordingly, the Investment and Purchase Procedures are in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest and should be approved under section 363 of the Bankruptcy Code. *See* Carter Decl. ¶ 6.

## II.    Under the Proposed Investment and Purchase Procedures Shortened and Limited Notice Is Appropriate.

12.     The notice and hearing requirements contained in sections 363(b)(1) are satisfied if appropriate notice and an opportunity for a hearing are provided in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances"). Moreover, "a requirement of 'notice and a hearing' really means notice and *the opportunity for* a

hearing … the Bankruptcy Code is explicit in defining 'after notice and a hearing' as 'authorizing an act without an actual hearing if such notice is given properly' *and* no interested party requests a hearing." *Morlan*, 298 F.3d 609 at 618 (7th Cir. 2002) (citing 11 U.S.C. § 102(1)(B)) (emphasis in original).

13.   Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require debtors in possession to provide a minimum of 21 days' notice by mail of proposed use of property outside the ordinary course of business to "the debtor, the trustee, all creditors and indenture trustee" as well as any committee appointed under section 1102 of the Bankruptcy Code. *See* Bankruptcy Rule 2002(a)(2), 2002(a)(i). Courts are authorized to shorten the 21-day notice period or to direct another method of giving notice, upon a showing of "cause." *See* Bankruptcy Rule 2002(a)(2). Moreover, courts are authorized to limit notice of the use of estate property outside of the ordinary course of a debtor's business, even without a prior showing of cause, to any official committee appointed under section 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice. *See* Bankruptcy Rule 2002(i).[5]

14.   The proposed Investment and Purchase Procedures provide interested parties set forth in the Order with sufficient notice and an opportunity to object to potentially material transactions, and thus satisfy applicable due process standards. Therefore, the TCEH Debtors propose to streamline the process and shorten the applicable notice periods as described in the Investment and Purchase Procedures.

---

5   Bankruptcy courts are guided by fundamental notions of procedural due process when determining whether notice is appropriate under the circumstances. *See, e.g., In re Boomgarden*, 780 F.2d 657, 661 (7th Cir. 1985). Due process requires that any notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Gates v. City of Chicago*, 623 F.3d 389, 401 (7th Cir. 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Drexel Burnham Lambert Grp., Inc. v. Claimants Identified on Schedule I (In re Drexel Burnham Lambert Grp., Inc.)*, 995 F.2d 1138, 1144 (2d Cir. 1993).

9

### III. Information Regarding Certain Investments and Purchases are Protected Under Section 107(b) of the Bankruptcy Code.

15. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . ." *Id.* § 107(b)(1).

16. Commercial information is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures Corp.*, 21 F.3d at 28. Rather, commercial information refers to information that would enable competitors of the debtor to gain an unfair advantage against it. *Id.* at 27–28. Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures Corp.*, 21 F.3d at 27.

17. The TCEH Debtors believe that disclosure of certain Notice information could result in an unfair advantage to competitors, as the content of such Notice could alert the TCEH Debtors' competitors of ripe business opportunities. *See* Carter Decl. ¶ 6. The Investment and

10

Purchase Procedures are designed to balance the TCEH Debtors' concerns regarding information that may fall within the parameters of section 107(b) of the Bankruptcy Code.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

18.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

19.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien

notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) CSC Trust Company of Delaware, in its capacity as successor trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; and (x) counsel to the Electric Reliability Council of Texas. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

RLF1 10749262v.1

Case 14-10979-CSS    Doc 1925    Filed 08/26/14    Page 13 of 14

### No Prior Request

20.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: August 26, 2014
       Wilmington, Delaware

/s/ *(signature)*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (*pro hac vice* pending)
Edward O. Sassower, P.C. (*pro hac vice* pending)
Stephen E. Hessler (*pro hac vice* pending)
Brian E. Schartz (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  richard.cieri@kirkland.com
      edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Steven N. Serajeddini (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession