IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

## AMENDED NOTICE OF DEPOSITION

**TO:** Energy Future Holdings Corporation and the above-captioned debtors (together, the "Debtors"), c/o Richards Layton & Finger, Attention Mark D. Collins, 920 North King Street, Wilmington, DE 19801 and Kirkland & Ellis LLP, Attention Richard M. Cieri, 601 Lexington Avenue, New York, NY 10022.

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings through Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States District Court for the District of Delaware (the "Delaware Rules"), made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens ("WSFS"), by and through their counsel, shall take the deposition upon oral examination of the above-captioned Debtors in connection with: (1) the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* [Docket No. 660], filed May 29, 2014 (the "K&E Retention Application"); (2) the *Application of Energy Future*

*Holdings Corp., et al., for an Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [Docket No. 665], filed May 29, 2014 (the "Sidley Retention Application"); and (3) the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Evercore Group L.L.C. as Investment Banker and Financial Advisor Effective Nunc Pro Tunc to the Petition Date* [Docket No. 651], filed May 29, 2014 (the "Evercore Retention Application") and the relief requested by Debtors by those Applications.

The deposition shall be conducted at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York on **September 2, 2014 at 9:00 a.m.** The deposition will be taken before an authorized court reporter or other officer authorized by law to administer oaths, will be recorded by stenographic means and may be videotaped.

PLEASE TAKE NOTICE that, pursuant to Federal Rule 30(b)(6), the Debtors must designate one or more persons to testify on behalf of the Debtors with regard to all matters known or reasonably available to the Debtors on the following topics:

## RULE 30(b)(6) DEPOSITION TOPICS

1. The Kirkland & Ellis ("K&E") Retention Application and the relief requested therein.

2. The Sidley Austin LLP ("Sidley") Retention Application and the relief requested therein.

3. The Evercore Group LLC ("Evercore") Retention Application and the relief requested therein.

4. The Debtors' decision to engage K&E as primary legal counsel.

5. The Debtors' decision to engage Sidley as special legal counsel.

6. The Debtors' decision to engage Evercore as investment banker and financial advisor.

7. The Debtors' assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that K&E may have with respect to any individual Debtor, including actual or potential conflicts between and among individual Debtors and/or actual or potential conflicts between any of the Debtors and any creditor of any of the Debtor Estates.

8. The Debtors' assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that K&E's representation of the Debtors may implicate with respect to Goldman Sachs & Co., GS Capital Partners, Kohlberg Kravis Roberts & Co., KKR Asset Management LLC, and/or TPG Global, LLC (and its affiliates) (collectively, the "Sponsors," each individually, a "Sponsor").

9. The Debtors' assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that Sidley may have with respect to any individual Debtor,

including actual or potential conflicts between and among individual Debtors and /or actual or potential conflicts between any of the Debtors and any creditor of any of the Debtor Estates.

10. The Debtors' assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that Sidley may have with respect to any of the Sponsors.

11. The Debtors' assessment, evaluation, consideration, or analysis of any existing or potential conflicts of interest that Evercore may have with respect to any individual Debtor, including actual or potential conflicts between and among individual Debtors and/or actual or potential conflicts between any of the Debtors and any creditor of any of the Debtor Estates.

12. The Debtors' assessments, considerations, or discussions related to engagement of any alternative counsel.

13. The Debtors' assessments, considerations, or discussions related to engagement of any alternative investment banker or financial advisor.

14. Conflicts waivers executed with K&E in the above captioned chapter 11 cases (the "Chapter 11 Cases") by any party, including but not limited to, any of the Debtors or their non-debtor affiliates, and any creditor, Sponsor or other party.

15. Any and all conflict letters transmitted by K&E to any party in connection with these Chapter 11 Cases, including but not limited to, any conflict letters addressed to any of the Debtors or their non-debtor affiliates, and/or any creditor, Sponsor or other party.

16. Conflicts waivers executed with Sidley in these Chapter 11 Cases by any party, including but not limited to, any of the Debtors or their non-debtor affiliates, and any creditor, Sponsor or other party.

17. Any and all conflict letters transmitted by Sidley to any party in connection with these Chapter 11 Cases, including but not limited to, any conflict letters addressed to any of the Debtors or their non-debtor affiliates, and/or any creditor, Sponsor or other party.

18. The Debtors' determination to retain Richards Layton and Finger as conflicts counsel in these Chapter 11 cases.

19. Conflicts waivers executed with Evercore in these Chapter 11 Cases by any party, including but not limited to, any of the Debtors or their non-debtor affiliates, and any creditor, Sponsor or other party.

20. Any and all conflict letters transmitted by Evercore to any party in connection with these Chapter 11 Cases, including but not limited to, any conflict letters addressed to any of the Debtors or their non-debtor affiliates, and/or any creditor, Sponsor or other party.

21. Any Documents upon which Debtors rely or intend to rely in connection with the K&E Retention Application, the Sidley Retention Application, or the Evercore Retention Application.

Dated: Wilmington, Delaware    Respectfully submitted,
August 27, 2014

**ASHBY & GEDDES, P.A.**

By: _____
William P. Bowden (I.D. No. 2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and –

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted pro hac vice)
Aaron B. Lauchheimer (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and –

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens*