IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 1838 & 1955 |

## ORDER ESTABLISHING PROCEDURES
## FOR THE LIQUIDATION BY THIRD PARTIES OF CLAIMS
## ON ACCOUNT OF CERTAIN HEDGING AND TRADING ARRANGEMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") establishing procedures for the liquidation of claims on account of the termination of Hedging and Trading Arrangements, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1156160 v2

Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors have the authority to negotiate, resolve, and liquidate claims arising on account of the Hedging and Trading Arrangements (including interest rate swaps executed by Debtor EFH Corp.) consistent with the relief granted in this Order and any other Order of this Court.

3. The Liquidation Procedures are approved as follows:

   (a) *Liquidation Agreement.* To the extent the Debtors and a Hedging and Trading Arrangement Counterparty who has validly terminated one or more Hedging and Trading Arrangements reach an agreement regarding the amount of the claims solely arising on account of such termination (the "Liquidation Agreement"), the Debtors shall provide notice of entry into such Liquidation Agreement by electronic mail or overnight delivery service to (i) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter [email address: Richard.Schepacarter@usdoj.gov] and The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Andrea B. Schwartz [email address: Andrea.B.Schwartz@usdoj.gov] (collectively, the "U.S. Trustee"); (ii) proposed co-counsel to the official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company (the "Creditors' Committee"), Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi; (iii) proposed co-counsel to the Creditors' Committee, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, Attn: Christopher Ward; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

   (b) *Liquidation Notice.* The notice to be provided by the Debtors (a "Liquidation Notice") shall, at a minimum, contain the following information: (i) the amount of the claims to be liquidated on account of the

Hedging and Trading Arrangement(s) and the status of such claims as secured or unsecured claims; (ii) the names and addresses of the counterparties to such Hedging and Trading Arrangement(s); (iii) a summary of the terms of the Liquidation Agreement; and (iv) a concise statement of the rationale for the Liquidation Agreement.

(c) *Additional Information For Parties to Non-Disclosure or Confidentiality Agreements with the Debtors.* Upon written request of any party in interest who is party to a non-disclosure or confidentiality agreement with the Debtors, the Debtors shall, within three (3) business days, provide the following additional information to such requesting party as it relates to a particular Liquidation Notice: (i) copies of the Terminated Hedging and Trading Arrangements that are being settled and any formal confirmations, correspondences between counterparties that could be considered confirmations, master agreements, amendments, termination notices and netting agreements related thereto, subject to the confidentiality provisions contained therein; (ii) information regarding when and by which party those Hedging and Trading Arrangements were terminated; (iii) a description and the value or the amount of collateral held by each party, if any, to the Terminated Hedging and Trading Arrangements and the manner in which such collateral is being used in connection with the Liquidation Agreement; (iv) the asserted value of the counterparty's claimed termination value and the Debtors' net mark-to-market value of each Terminated Hedging and Trading Arrangement; (v) any other balances included in the Liquidation Agreement; and (vi) a copy of the proposed Liquidation Agreement.

(d) *Objections to Liquidation Agreement and Service of Liquidation Objection.* Parties objecting (each, an "Objecting Party") to the Debtors' entry into a Liquidation Agreement with a Hedging and Trading Arrangement Counterparty shall submit a written statement of their objection(s) within 14 calendar days of receiving a Liquidation Notice (a "Liquidation Objection"). Each Liquidation Objection must be served by electronic mail or overnight delivery service upon the following parties: (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Brian E. Schartz, and 300 North LaSalle, Chicago, IL 60654, Attn.: Chad J. Husnick; (ii) the applicable Hedging and Trading Arrangement Counterparty to the Hedging and Trading Arrangement described in the Liquidation Agreement; (iii) the U.S. Trustee; (iv) counsel to the Creditors' Committee; and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002 (sub-clauses (i) through (v) collectively, the "Noticing Parties"). Upon the submission of a Liquidation Objection by any Objecting Party, the Debtors and the applicable Hedging and Trading Arrangement Counterparty shall be precluded from consummating the Liquidation Agreement, absent an agreement with the Objecting Party, the withdrawal of the Liquidation Objection, or the entry of a Court order described below.

(e) **_Resolution and Adjudication of Objections._** The Debtors and an Objecting Party may consensually resolve a Liquidation Objection. In the event that a Liquidation Objection is consensually resolved among the Debtors and an Objecting Party, the Debtors shall notify the Noticing Parties by electronic mail or overnight delivery service of such resolution. If the Debtors and an Objecting Party are unable to resolve a Liquidation Objection, the Debtors may file a notice with the Court establishing an appropriate briefing schedule in accordance with applicable bankruptcy rules for the Debtors to seek Court approval of the Liquidation Objection. If, after notice to the Notice Parties and a hearing, the Liquidation Agreement is approved by the Court, the Debtors and the applicable Hedging and Trading Arrangement Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

(f) **_Certificate of No Objection._** If no Liquidation Objection is timely served in accordance with paragraph (d) above, or a timely served Liquidation Objection is withdrawn by the Objecting Party, all parties who were served with the Liquidation Notice shall be barred from objecting to such Liquidation Agreement and the Debtors shall file with the Court a certificate of no objection. Upon such filing, the Debtors and the applicable Hedging and Trading Arrangement Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

4. The form Liquidation Agreement, attached to this Order as **Exhibit 1**, is approved; _provided, however_, that the Debtors are authorized to modify the Liquidation Agreement if a particular situation, in the Debtors' judgment, so requires; _provided, further_, that if the Debtors make a material modification to the Liquidation Agreement, the Debtors shall notify counsel to the Creditors' Committee, the U.S. Trustee, and counsel to the ad hoc committee of TCEH first lien creditors within ten (10) business days of such modification.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission

that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) an admission that one or more of the contracts or agreements to which one or more of the Debtors may be party constitutes a Hedging and Trading Arrangement.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: September 3, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

ny-1156160 v2