### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re <br><br> ENERGY FUTURE <br> HOLDINGS CORP., *et al.*, <br><br> *Debtors.* | Chapter 11 <br><br> Case No. 14-10979 (CSS) <br><br> (Jointly Administered) <br><br> Related to DI. 1683 |

### SUPPLEMENTAL LIMITED OBJECTION OF CSC TRUST COMPANY OF DELAWARE, AS INDENTURE TRUSTEE, TO DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY PERIODS

CSC Trust Company of Delaware ("CSC Trust"), as Indenture Trustee (the "EFIH First Lien Trustee") for the 10% Senior Secured Notes Due 2020 (the "10% First Lien Notes" or the "10% Notes") issued by Debtors under the Indenture dated as of August 17, 2010 (together with all supplements, amendments, and exhibits, the "10% Indenture") between Energy Future Intermediate Holdings LLC ("EFIH"), EFIH Finance Inc. ("EFIH Finance," and together with EFIH, the "EFIH Debtors") and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.), hereby makes this supplemental limited objection to the Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code (D.I. 1683, the "First Exclusivity Motion"). In support thereof, the EFIH First Lien Trustee respectfully represents as follows:

1

## OBJECTION

1.  The EFIH First Lien Trustee filed a limited objection to the First Exclusivity Motion (D.I. 1758, the "Limited Objection")[1], noting that the requested nine-month extension of exclusivity was inappropriate because the Debtors have not provided any specifics about the "sale process" – which is hinted to be some type of plan-related process concerning potential equity of a reorganized debtor. The EFIH First Lien Trustee is not seeking an immediate termination of exclusivity, but a lengthy blank-check extension is inappropriate given the current status of the case.

2.  Following the EFIH First Lien Trustee's initial objection, the Debtors proposed in response a one-month bridge order, during which time they indicated they would be developing a "bidding process." *See* Aug. 13, 2014 Hearing Transcript at 14:2-5 & 9-12 ("The debtors terminated the RSA in order to take advantage of a competition that is broken out between Nextera and the EFIH unsecured noteholders for the sale of EFH's equity . . . . [T]he debtors have had many discussions with virtually every creditor group in the capital structure about the bidding process."). This has yet to be realized.

3.  As with its initial objection, the EFIH First Lien Trustee does not seek an immediate termination of exclusivity. However, the requested extension through April 2015 is inappropriate until the Court and creditors have a full understanding of the Debtors' intended path during the requested extension. The EFIH First Lien Trustee proposes that exclusivity be extended only until the earlier of (1) October 31, 2014 (which is the day after a two-day omnibus hearing), and (2) the conclusion of any hearing

---

[1] The EFIH First Lien Trustee incorporates the Limited Objection by reference herein.

regarding procedures for a proposed bidding process for any Oncor-related transaction. The reasons are as follows:

4. First, the Debtors have filed a mere "Notice," without any evidentiary support, saying that they anticipate filing a motion regarding their proposed process sometime in September. (D.I. 1919). Any such disclosure of a process must occur sufficiently in advance of a hearing on any lengthy exclusivity extension to permit parties to consider, and if necessary submit objections concerning, exclusivity issues in tandem with any "process" that is linked to a plan.

5. Second, the Debtors still have not offered any statement of the limits (if any) that tax concerns at EFH impose upon an EFIH transaction structure or process. The Debtors have shifted their views on tax matters during these cases, and may have done so again since the hearings on the second-lien debtor-in-possession financing. Neither the Court nor creditors should again be left in the dark (or without an opportunity to respond) with respect to the Debtors' position when considering the forthcoming "process" and exclusivity.

6. Third, any significant request regarding the future course of these cases will have to consider all of the facts (which are entirely undisclosed) regarding the withdrawal of the offer (D.I. 1593) that NextEra made publicly in a filing on the docket (D.I. 1924). That offer raised the proposed consideration for Oncor (the primary asset of EFIH) by $500 million – an amount sufficient to pay the asserted make-whole claim of the EFIH First Lien Trustee, and purported to pay all other creditors of EFIH in full. What events transpired since the end of the hearing on the second-lien DIP financing and

the termination of the RSA, but have led to the termination of an offer that would appear to confirm EFIH's solvency, must be fully explored.

WHEREFORE, this Court should grant only an extension of each of the exclusive filing and solicitation periods to the earlier of (1) October 31, 2014 (which is the day after a two-day omnibus hearing) and (2) the conclusion of any hearing regarding procedures for a proposed bidding process for any Oncor-related transaction, and grant such other relief as is appropriate under the circumstances.

Dated: September 5, 2014

    COLE, SCHOTZ, MEISEL, FORMAN
    & LEONARD, P.A.


| | |
|---|---|
| /s/ Norman L. Pernick | |
| Norman L. Pernick (DE 2290) | Warren A. Usatine |
| J. Kate Stickles (DE 2917) | 25 Main Street, |
| 500 Delaware Avenue, Suite 1410 | P.O. Box 800 |
| Wilmington, DE 19801 | Hackensack, NJ 07602 |
| Telephone: 302-652-3131 | Telephone: 201-489-3000 |
| Facsimile: 302-652-3117 | Facsimile: 201-489-1536 |
| npernick@coleschotz.com | wusatine@coleschotz.com |
| kstickles@coleschotz.com | |

    --and--

| | |
|---|---|
| ROPES & GRAY LLP | |
| Keith H. Wofford | D. Ross Martin |
| Mark R. Somerstein | Andrew G. Devore |
| 1211 Avenue of the Americas | Prudential Tower |
| New York, NY 10036-8704 | 800 Boylston Street |
| Telephone: 212-596-9000 | Boston, MA 02199-3600 |
| Facsimile: 212-596-9090 | Telephone: 617-951-7000 |
| Keith.Wofford@ropesgray.com | Facsimile: 617-951-7050 |
| Mark.Somerstein@ropesgray.com | Ross.Martin@ropesgray.com |
| | Andrew.Devore@ropesgray.com |

    --and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141
James.Millar@dbr.com

*Counsel for CSC Trust Company of Delaware,
as successor indenture trustee*