# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Docket Ref. No. 1683** |

**RESPONSE OF THE AD HOC COMMITTEE OF TCEH
FIRST LIEN CREDITORS TO THE MOTION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors[1] (the "Ad Hoc Committee of TCEH First Lien Creditors"), by and through its undersigned counsel, hereby responds to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 1683] (the "Exclusivity Extension Motion") and respectfully represents as follows:[2]

## RESPONSE

1.   The Ad Hoc Committee of TCEH First Lien Creditors constitutes the largest organized creditor constituency in these chapter 11 cases, with its members

---

[1] As used herein, the term "TCEH Debtors" means, collectively, Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC ("EFCH"), and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Exclusivity Extension Motion.

01:15963331.1

collectively holding over $13.7 billion of first lien secured claims against the TCEH Debtors, which debt is undersecured by billions of dollars. After months of prepetition negotiations, certain members of the Ad Hoc Committee of TCEH First Lien Creditors agreed to support a comprehensive restructuring in which, among other things, the reorganized TCEH Debtors (and, in turn, the TCEH first lien creditors, as their new equity owners) would forgo a significant step-up in the basis of the TCEH Debtors' assets by pursuing a "tax-free spin," thereby facilitating the reorganization of the other Debtors by avoiding the incurrence of billions of dollars of potential tax claims. In exchange, the Debtors agreed to certain deadlines by when they would, among other things, obtain confirmation of a plan and emerge from chapter 11 protection.

2. The related restructuring support and lock-up agreement (the "RSA") has now been terminated, and several of the agreed-upon milestones have long since passed. While the Ad Hoc Committee of TCEH First Lien Creditors currently believes that an extension of the Debtors' Exclusivity Periods is presently warranted, its continuing support of the Debtors' reorganization efforts is dependent, in significant part, on (i) the Debtors consummating a restructuring expeditiously, as they originally agreed to do in the RSA, and (ii) the allocation for the benefit of TCEH first lien creditors of additional value likely to become available through the restructuring and recapitalization of EFH and EFIH in the form of a tax-free spin or other structure in respect of which the TCEH first lien creditors are called upon to make valuable concessions.

3. Emerging from chapter 11 expeditiously benefits all parties because speed and greater certainty minimize the risks and costs of prolonged reorganization proceedings. And the additional time the Debtors request is likely to aid the Debtors in their efforts to formulate, negotiate and confirm a plan. But if a

01:15963331.1

restructuring transaction is to be supported by the Ad Hoc Committee of TCEH First Lien Creditors, it must be consummated quickly. With each passing day, the expense of these cases and the risk the Debtors suffer further business degradation increases. That is in no party's interest, least of all the Ad Hoc Committee of TCEH First Lien Creditors.

4. Thus, while the Ad Hoc Committee of TCEH First Lien Creditors does not oppose the Debtors' requested extension of their Exclusivity Periods, it urges the Debtors to move expeditiously to reorganize TCEH. The Ad Hoc Committee of TCEH First Lien Creditors reserves all of its rights should that not occur.

*[remainder of page intentionally left blank]*

|  |  |
|---|---|
| Dated: September 5, 2014<br>Wilmington, Delaware | */s/ Andrew L. Magaziner*<br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Pauline K. Morgan (Bar No. 3650)<br>Ryan M. Bartley (Bar No. 4985)<br>Andrew L. Magaziner (Bar No. 5426)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>-and-<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Alan W. Kornberg (admitted *pro hac vice*)<br>Kelley A. Cornish (admitted *pro hac vice*)<br>Brian S. Hermann (admitted *pro hac vice*)<br>Jacob A. Adlerstein (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York  10019<br>Telephone:  (212) 373-3000<br>Facsimile:  (212) 757-3990<br><br>*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors* |

01:15963331.1