**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Hearing Date: October 17, 2014 at 9:30 a.m. |
|  | ) Objection Deadline: September 24, 2014 at 4:00 p.m |

**MOTION OF ENERGY FUTURE HOLDINGS
CORP., ET AL., FOR ENTRY OF AN ORDER EXTENDING THE
PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE *LUMINANT
GENERATION COMPANY, LLC V. TITUS COUNTY APPRAISAL DISTRICT***

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the period within which the Debtors may remove a certain civil action, *Luminant Generation Company, LLC v. Titus County Appraisal District*, filed in the District Court of Titus County, Texas (the "Action"), by 60 days from September 10, 2014, through and including November 9, 2014, without prejudice to the Debtors' right to seek further extensions. In further support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are section 1452 of title 28 of the United States Code (the "Judicial Code"), rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9006-2.

**Relief Requested**

4. By this Motion, the Debtors request entry of the Order extending the period of time set forth in Bankruptcy Rule 9027(a)(2)(A) during which the Debtors may seek removal of the Action pursuant to section 1452 of the Judicial Code and Bankruptcy Rule 9027 (the "Removal Period") by 60 days from September 10, 2014, through and including November 9, 2014, without prejudice to the Debtors' right to seek further extensions.[2]

---

[2] To the extent that the Court does not act on this Motion prior to September 10, 2014, the deadline by which the Debtors must file a notice of removal of the Action shall be automatically extended until the Court acts on this Motion. *See* Del. Bankr. L.R. 9006-2 (stating that where "a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules, the District Court Rules, or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order").

**Background**

5.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.     On June 27, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1221], seeking to extend the deadline to remove more than 420 civil actions that were filed prepetition and pending in various forums across the country. On July 22, 2014, the Court entered the *Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1665], without prejudice to the Debtors' ability to request further extensions, extending the deadline to remove such pending, prepetition actions by 180 days, from July 28, 2014 to January 26, 2015. Actions filed after the Petition Date remain subject to the 30-day removal period, as set forth in Bankruptcy Rule 9027(a)(3).[3]

---

[3] This request for an extension of the Removal Period for this Action is also without prejudice to the debtors' rights to seek a determination under section 505 of the Bankruptcy Code.

7. On August 11, 2014, the Debtor, Luminant Generation Company, LLC ("Luminant"), filed a certain civil action against the Titus County Appraisal District (the "Defendant"), *Luminant Generation Company, LLC v. Titus County Appraisal District*, in the District Court of Titus County, Texas. The Action appeals a June 30, 2014 order of the Titus County Appraisal Review Board (the "ARB") determining the appraised value and market value of certain property (the "Property") owned by Luminant. Luminant alleges, among other things, that the appraised value and the market value of the Property as determined by the ARB exceed the value thereof required by law for the tax year 2014, and thus violate the Texas Tax Code. Luminant also alleges that the ARB's determination of the appraised value and market value of the Property violates the equal protection and due process clauses of the Fourteenth Amendment of the U.S. Constitution and Article VIII of the Texas State Constitution for assessing an *ad valorem* tax that exceeds the fair cash market value of the Property.

8. Although Luminant has appealed the ARB's appraisal order, Luminant has entered into good faith negotiations with the Defendant, through informal mediation, with the goal of resolving the dispute and agreeing to an appraised value for the Property. At the conclusion of this mediation on September 3, 2014, Luminant proposed a settlement offer. If not accepted by the Defendant, the settlement offer will expire on September 19, 2014, after the September 10, 2014 deadline to remove the Action.

**Basis for Relief**

9. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the

4

> district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action for actions filed in the postpetition period. Specifically, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

12. Additionally, Local Bankruptcy Rule 9006-2 automatically extends time beyond a deadline provided by Bankruptcy Rule 9027 where a motion to extend such time is pending with the Court before the deadline has passed. Specifically, Local Bankruptcy Rule 9006-2 provides:

> Unless otherwise provided in the [Bankruptcy] Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is

5

>filed before the expiration of the period prescribed the Code, the Fed. R. Bankr. P., these Local [Bankruptcy] Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

Del. Bankr. L.R. 9006-2.

13. It is well-settled that the Court is authorized to extend the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

14. The Debtors are optimistic that a settlement between Luminant and the Defendant is possible, and wish to continue negotiating a settlement of the Action before making an ultimate decision to remove the Action. Because a settlement may not occur until after the Removal Period expires, the Debtors believe the extension requested in this Motion will provide the Debtors with additional time to make a fully-informed decision concerning the possible removal of the Action, and will ensure that the Debtors' rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner. Further, if the Debtors ultimately seek

to remove the Action pursuant to Bankruptcy Rule 9027, the Defendant retains its rights to have the Action remanded pursuant to section 1452 of the Judicial Code.  Accordingly, the Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

## **Reservation of Rights**

15.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of, or limitation on, the Debtors' rights to dispute, challenge, or determine any particular claim on any grounds, including pursuant to section 505 of the Bankruptcy Code; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type and/or priority specified or defined in this Motion; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## **Notice**

16.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) (i) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (ii) proposed counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes

due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (j) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (k) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (l) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (m) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (n) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (o) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (p) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (q) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (r) Oncor Electric Delivery Company LLC and counsel thereto; (s) the

Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (w) counsel to the Electric Reliability Council of Texas; (x) the Defendant and its counsel; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  September 10, 2014
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
 defranceschi@rlf.com
 madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  richard.cieri@kirkland.com
 edward.sassower@kirkland.com
 stephen.hessler@kirkland.com
 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
 chad.husnick@kirkland.com
 steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession