# Exhibit B

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

### ORDER APPROVING THE STIPULATION BY AND AMONG LUMINANT GENERATION COMPANY LLC, LUMINANT MINING COMPANY LLC, SANDOW POWER COMPANY LLC, AND ALCOA INC.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtor Parties to enter into and perform under the Stipulation with Alcoa, providing for the netting and set off of certain claims arising under and relating to the Alcoa Agreements, all as set forth in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. In the event of any inconsistency between this Order and the Stipulation, the Stipulation shall control.

Stipulation was extensively negotiated in good faith and at arms' length by the Parties; and the Court having found that the Stipulation and the transactions contemplated therein are fair and reasonable; and the Court having found that the the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 363 and 553 of the Bankruptcy Code, the Stipulation attached hereto as **Exhibit 1** is approved in all respects, and Alcoa, Luminant Mining, Luminant Generation, and SPC are authorized to enter into and perform all of the obligations thereunder, to execute and deliver all such other documents or instruments related to the Stipulation, and to take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated therein.

3. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified to the extent necessary for the Parties to effectuate the Stipulation and the transactions contemplated therein, and shall not be modified except as expressly set forth herein and in the Stipulation.

4. Nothing in the Stipulation or this Order shall affect the right of the Debtor Party acting as paying agent to be reimbursed by the Debtor Party obligor. Any such intercompany claims shall be treated in accordance with the *Final Order (A) Authorizing the Debtors to (I) Continue Using their Existing Cash Management System, (II) Maintain Existing Bank Accounts*

*and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 801]; provided, however, that nothing in the Stipulation or this Order shall obligate the Debtors (other than the Debtor Parties) to fund any payments to Alcoa contemplated by the Stipulation, including, for the avoidance of doubt, Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, or EFIH Finance Inc.

5. Notwithstanding the relief granted in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity, amount, type, or priority of any particular claim against any Party, including administrative expense claims under section 503(b) of the Bankruptcy Code (except as set forth in section 2.09 of the Stipulation); (b) with respect to any claim, a change in the priority level existing in the absence of the Stipulation; (c) a promise or requirement to pay any particular claim other than those specifically agreed to in this Stipulation; (d) a waiver of any Party's right to dispute or assert any particular claim on any grounds, including, without limitation, any right to assert a claim based on a breach or default of any of the Alcoa Agreements; (e) a waiver or limitation of any of the rights, claims, or potential causes of action of the Parties under the Bankruptcy Code or any other applicable law, including those relating to the Alcoa Agreements; (f) a waiver of Alcoa's claims, right to payment, setoff or recoupment rights for amounts related to mechanics' liens asserted against the Debtor Parties; (g) a waiver of any claims with respect to the writedowns identified in those certain letters of John P. Holsinger of Alcoa to Tiffany L. Silvey of Luminant dated March 17, 2014 and Tiffany L. Silvey of Luminant to John P. Holsinger of Alcoa on January 16, 2014 and March 4, 2014 (the "Lignite Dispute"); (h) a waiver of any claims with respect to or arising from the lignite

inventory described in the Lignite Inventory Agreement between Alcoa, SPC, and Luminant Mining dated August 31, 2007; (i) a request or authorization to assume or reject any of the Alcoa Agreements or other agreements under section 365 of the Bankruptcy Code; (j) a waiver of any Party's rights to assert that any other Party is in breach or default of the Alcoa Agreements; or (k) an admission that the Alcoa Agreements are integrated.

6. All Parties reserve all rights, including Alcoa's rights to assert that the Alcoa Agreements are integrated, object to the rejection, assumption, and/or assignment of any of the Alcoa Agreements, and move to compel the rejection of any of the Agreements. The Parties further reserve all other rights, remedies, and objections under applicable law, including but not limited to the exercising of any rights to setoff, offset, and recoupment related to any Party's mutual postpetition claims and/or debts.

7. Notwithstanding anything in this Order to the contrary, this Order shall not (a) constitute a settlement of the Lignite Dispute, (b) affect the rights, claims, causes of action or defenses of the Parties with respect to the Lignite Dispute, or (c) create, or entitle any of the Parties to assert, any rights to payment, setoff, or recoupment related to the Lignite Dispute against amounts payable under sections 2.01 through 2.05 of the Stipulation.

8. Commencing with the month following the Effective Date, the Debtors shall provide a summary on a monthly basis to advisors for the Creditors' Committee of Postpetition Transactions subject to the Stipulation, including an accounting of net receivables and net payables owing by and among the Debtor Parties and Alcoa and any cash settlements of such net amounts for the preceding month; *provided, however*, that the Debtors' reporting obligations under this paragraph with respect to any such Postpetition Transactions shall terminate upon the

earlier of the date that (a) the relevant Alcoa Agreement is assumed, rejected, or terminated or (b) the Stipulation is terminated.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

10. The requirements set forth in Local Rules 9013-1(a) and 9013-1(b) are satisfied.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors and Alcoa are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction, to the extent set forth in the Stipulation, with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: _____, 2014

_____  
THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE