# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | )   Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | )   (Jointly Administered) |
| | ) |

**ORDER ESTABLISHING PROCEDURES TO MAKE
CERTAIN CAPITAL INVESTMENTS AND PURCHASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), approving expedited procedures for Investments and Purchases, as set forth more fully in the Motion and the Carter Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the TCEH Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the TCEH Debtors are

authorized, but not directed, to make certain Investments and Purchases without any further

order of the Court in accordance with the following Investment and Purchase Procedures:

> (a)    With regard to Investments and Purchases, in any individual transaction or series of related transactions, with a price less than or equal to $1 million:[3]
>
>> (i)     the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court or notice to any party; and
>>
>> (ii)    notwithstanding the foregoing, if the aggregate amount of Investments and Purchases made pursuant to this paragraph 2(a) of which senior management is aware exceeds $5 million in any given calendar month, then any additional Investments and Purchases the TCEH Debtors seek to consummate in such calendar month that would otherwise be made pursuant to this paragraph 2(a) must instead be effectuated pursuant to the procedures set forth in paragraph 2(b) of this Order.
>
> (b)    With regard to Investments and Purchases (1) in any individual transaction or series of related transactions, with a price greater than $1 million and less than or equal to $5 million or (2) subject to paragraph 2(a)(ii) of this Order:
>
>> (i)     the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their

---

3    For purposes of these Investment and Purchase Procedures, the purchase price shall refer to the proceeds to be received by the seller (or the estimate of such proceeds), or the estimate of the value of consideration to be received by the seller as applicable, on account of any purchase transaction, net of taxes, appraisal fees, broker fees, and other related expenses.

business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court, subject only to the noticing procedures set forth herein;

(ii)     the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such Investments and Purchases, give written notice of such Investments and Purchases substantially in the form of **Exhibit 1** attached hereto (each notice, a "Notice") to: (a) the U.S. Trustee; (b) counsel to the agent for the TCEH debtor-in-possession financing facility; (c) counsel to the ad hoc committee of TCEH first lien creditors; (d) proposed counsel to the Creditors' Committee; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") via overnight delivery, provided, however, if the TCEH Debtors, in consultation with the Creditors' Committee, determine that information regarding a particular Investment and/or Purchase falls within the purview of section 107(b) of the Bankruptcy Code, then the information shall not be made available to the parties requesting notice pursuant to Bankruptcy Rule 2002, and shall only be made available to (a) the U.S. Trustee and (b) on a confidential, "professional eyes only" basis to the counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of TCEH first lien creditors, proposed counsel to the Creditors' Committee, and counsel to the ad hoc committee of TCEH unsecured noteholders;

(iii)    the content of the Notice shall consist of: (a) identification of the Investments and Purchases; (b) identification of the TCEH Debtor(s) making such Investments and Purchases; (c) the identity of the seller or vendor of such Investments and Purchases and whether such seller or vendor is or is an affiliate of Goldman Sachs Group, Inc., KKR & Co. L.P., or TPG Capital, L.P. (each, a "Sponsor"); (d) the price and terms of payment, including the cash and other consideration to be paid by the TCEH Debtor(s); (e) the business purpose for the Investment or Purchase; and (f) the significant terms of the Investments and Purchases; and

(iv)     notwithstanding the foregoing, if the aggregate amount of Investments and Purchases made pursuant to this paragraph 2(b) exceeds $10 million in any given calendar month, then any additional Investments and Purchases the TCEH Debtors seek to consummate in such calendar month that would otherwise be made pursuant to this paragraph 2(b) must instead be effectuated pursuant to the procedures set forth in paragraph 2(c) of this Order.

(c)   With regard to Investments and Purchases (1) in any individual transaction or series of related transactions, with a price greater than $5 million and less than or equal to $10 million, or (2) subject to paragraph 2(b)(iv) of this Order:

(i)   the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such Investments and Purchases are in the best interests of their estates, without further order of the Court, subject only to the noticing and objection procedures set forth herein;

(ii)   the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such Investments and Purchases, give written notice of such Investments and Purchases substantially in the form of the Notice to the Notice Parties via overnight delivery, provided however, if the TCEH Debtors, in consultation with the Creditors' Committee, determine that information regarding a particular Investment and/or Purchase falls within the purview of section 107(b) of the Bankruptcy Code, then the information shall not be made available to the parties requesting notice pursuant to Bankruptcy Rule 2002, and shall only be made available to (a) the U.S. Trustee and (b) on a confidential, "professional eyes only" basis to counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of TCEH first lien creditors, proposed counsel to the Creditors' Committee, and counsel to the ad hoc committee of TCEH unsecured noteholders;

(iii)   the content of the Notice shall consist of: (a) identification of the Investments and Purchases; (b) identification of the TCEH Debtor(s) making such Investments and Purchases; (c) the identity of the seller or vendor of such Investments and Purchases and whether such seller or vendor is or is an affiliate of a Sponsor; (d) the price and terms of payment, including the cash and other consideration to be paid by the TCEH Debtor(s); (e) the business purpose for the Investment or Purchase; and (f) the significant terms of the Investments and Purchases;

(iv)   if no written objection from any Notice Party is filed with this Court within ten (10) calendar days after service of the Notice (the "Objection Deadline"), the TCEH Debtors may submit an order authorizing the purchase under certification of counsel, subject to Del. Bankr. L.R. 9013-1(j), and the TCEH Debtors may consummate the transaction immediately upon entry of such order;

(v)   if the terms of proposed Investments and Purchases are materially amended after transmittal of the Notice but prior to the Investments

4

and Objection Deadline, the TCEH Debtors will send a revised Notice to the Notice Parties. The Objection Deadline will be extended such that the Notice Parties will have an additional five calendar days to object in accordance with the Investment and Purchases Procedure; and

(vi)   if any Notice Party files a written objection to any such transaction with the Court by the Objection Deadline, then the relevant Investments and Purchases shall only be completed upon submission of a consensual form of order resolving the objection as between the TCEH Debtors and the objecting party or upon further order of the Court.

3.      In the event that information made available to the U.S. Trustee pursuant to this Order and designated by the TCEH Debtors as "Confidential" is requested from the U.S. Trustee, the terms of paragraph 25 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1883] shall apply to such request.

4.      The Debtors shall keep a record, available to the U.S. Trustee, counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of the TCEH first lien creditors, proposed counsel to the Creditors' Committee, and counsel to the ad hoc committee of TCEH unsecured creditors upon written request, describing in reasonable detail, consistent with the Debtors' historical accounting practices, the Investments and Purchases made pursuant to the Investment and Purchase Procedures, including: (a) a general description of the Investments and Purchases; (b) the names of the purchasing TCEH Debtor(s); (c) the identity of the seller or vendor of such Investments and Purchases and whether such seller or vendor is or is an affiliate of a Sponsor; and (d) the purchase price for each such transaction.

5.      With respect to all transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title, and the transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file,

register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property purchased pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such person and entity is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

6.    The TCEH Debtors are authorized to pay those necessary taxes, fees and expenses, incurred in the Investments and Purchases, including commission fees to agents, brokers, and auctioneers.

7.    The Notice with regard to the Investments and Purchases substantially in the form attached to this Order as **Exhibit 1** is hereby authorized and approved, and service of the Notice is sufficient notice of the Investments and Purchases.

8.    This Order does not grant any relief with respect to or affect the rights, duties, or obligations of, any Debtors other than the TCEH Debtors.

9.    Nothing contained herein shall prejudice the rights of the TCEH Debtors to seek authorization for the purchase of any assets, goods, or services under 11 U.S.C. § 363 by separate motion.

10.    To the extent that any inconsistency exists between this Order and the terms of the TCEH DIP Credit Agreement and related documents (together, the "TCEH DIP Documents"), the interim and final orders authorizing the Debtors to obtain financing pursuant to the TCEH DIP Documents, (the "TCEH DIP Financing Orders"), and the *Final Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing*

6

*Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts;* *(B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and* *(C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 801] (the "Cash Management Order"), the terms of such TCEH DIP Documents, the TCEH DIP Financing Orders, or the Cash Management Order (as applicable) shall control.

11.     For the avoidance of doubt, nothing in this Order shall authorize the Debtors to engage in any intercompany and netting arrangements between and among the Debtors and their Debtor and non-Debtor affiliates not otherwise authorized by the Cash Management Order, and the Debtors shall continue to comply with all reporting and record keeping requirements with respect to such transactions as set forth in paragraph 15 of the Cash Management Order.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

13.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.    The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                    _____
                                    THE HONORABLE CHRISTOPHER S. SONTCHI
                                    UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

### Form of Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF INVESTMENTS AND PURCHASES**

PLEASE TAKE NOTICE that, on April 29, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

PLEASE TAKE FURTHER NOTICE that, on [DATE], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Order Establishing Procedures to Make Certain Capital Investments and Purchases* (the "Investments and Purchases Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Investments and Purchases Order, the Debtors propose to make certain Investments and Purchases as set forth and described on **Exhibit A** attached hereto. **Exhibit A** identifies, for the Investments and Purchases, the purchaser, purchase price, significant terms of any applicable purchase agreement, and other relevant information.

*[If Investments and Purchases in any individual transaction or series of transactions exceed $5 million]*

PLEASE TAKE FURTHER NOTICE that, pursuant to the Investments and Purchases Order, any recipient of this notice may object to the proposed purchase within ten (10) calendar days of service of this notice. Objections must: (i) **be in writing**; (ii) **be received within ten (10) calendar days of service of this notice** (the "Objection Deadline"); and (iii) be submitted by mail or facsimile to counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Brian Schartz (212) 446-4900 (facsimile). **If you file a written objection with the Court by the Objection Deadline, the Debtors may only make Investments and Purchases upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the Investments and Purchases.**]

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.