# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**STIPULATION AND AGREED ORDER
REGARDING A PROTOCOL FOR CERTAIN CASE MATTERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), certain of the Debtors' creditors and other constituents as specified in the signature pages of this stipulation and agreed order (this "Stipulation and Order") hereby enter into this Stipulation and Order, and stipulate and agree as follows.

**Recitals**

WHEREAS, the Debtors filed applications to retain (the "Retention Applications") the following professionals in their chapter 11 cases: Filsinger Energy Partners [D.I. 650]; Evercore Group L.L.C. [D.I. 651]; KPMG LLP [D.I. 652]; Thompson & Knight LLP [D.I. 653]; PricewaterhouseCoopers LLP [D.I. 654]; Ernst & Young LLP [D.I. 655]; Deloitte & Touche LLP [D.I. 656]; Richards, Layton & Finger, P.A. [D.I. 659]; Kirkland & Ellis LLP [D.I. 660]; Alvarez & Marsal North America, LLC [D.I. 661]; Gibson, Dunn & Crutcher LLP [D.I. 662]; Epiq Bankruptcy Solutions, LLC [D.I. 663]; McDermott Will & Emery LLP [D.I. 664]; and Sidley Austin LLP [D.I. 665] (collectively, the "Retained Professionals");

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

WHEREAS, on July 23, 2014, the Debtors filed a motion to extend their exclusive periods to file and solicit votes on a plan of reorganization [D.I. 1683] (the "Exclusivity Motion");

WHEREAS, the parties to this Stipulation and Order (the "Parties") engaged in negotiations in connection with the relief requested in certain of the Retention Applications and the Exclusivity Motion;

WHEREAS, the Parties have agreed to the terms of this Stipulation and Order to resolve any potential objections to the Exclusivity Motion and Retention Applications;

NOW, THEREFORE, it is hereby stipulated and agreed to by and among the Parties and upon Bankruptcy Court approval hereof, it shall be ordered as follows:

1. This Stipulation and Order is intended to bind and inure to the benefit of the Parties, as well as the undersigned counsel and any group presently or later identified in a statement filed under Bankruptcy Rule 2019 as being represented by the undersigned counsel. The rights or obligations of the Parties under this Stipulation and Order may not be assigned, delegated, or transferred to any other person or entity.

2. The Debtors will provide the Ad Hoc TCEH Noteholder Group (the "TCEH Noteholder Group"), the Official Committee of Unsecured Creditors (the "Committee"), and Wilmington Savings Fund Society FSB ("WSFS," and, together with the TCEH Noteholder Group and the Committee, the "TCEH Creditor Representatives") with reasonable (but no less than 10 days') notice when they intend to file with the Bankruptcy Court an initial plan of reorganization or any other pleading, motion, or notice (together with a copy of the draft of such initial plan, pleading, motion, or notice) that seeks to settle, resolve, modify, or otherwise treat material potential claims or causes of action of EFCH and/or any of its direct or indirect

subsidiaries (collectively, the "TCEH Debtors"), including, but not limited to, inter-debtor issues, rights, claims, or defenses (the "Notice Matters"); and (b) any subsequent plan, pleading, motion, or notice that materially modifies the initial treatment of any Notice Matter (together with a draft of such subsequent plan, pleading, motion, or notice), unless such subsequent plan, pleading, motion, or notice is filed on or after the date that is 14 days prior to the commencement of a hearing on confirmation of a plan, in which case, the Debtors shall provide as much notice as is reasonably practicable.

3.  The Debtors will meet with the TCEH Creditor Representatives in person or telephonically at a mutually convenient time no less than once every two weeks, or as otherwise reasonably practicable for the parties, to update the TCEH Creditor Representatives on the chapter 11 cases, including, but not limited, with respect to the Notice Matters.

4.  The independent directors of each of EFIH, EFCH and TCEH, and EFH, respectively (each, an "Independent Director"), are authorized to seek to retain separate advisors of his or her choosing (each, an "Independent Advisor") to advise or otherwise represent the applicable Debtor (a) if he or she determines it is necessary or prudent to do so with respect to any Notice Matter, (b) where he or she, or the Court on motion by any of the TCEH Creditor Representatives determines that a potential conflict has become an actual conflict under applicable law, or (c) if the Court, on its own accord, otherwise determines that the retention of Independent Advisors is appropriate (collectively, the "Independent Matters"); *provided, however*, that unless otherwise determined by such Independent Director or the Court on motion by any TCEH Creditor Representative, the applicable Retained Professional may also continue to advise or represent such Debtor regarding the Independent Matters, including, but not limited to, in connection with respect to with any settlement of Independent Matters; *provided further*,

*however*, that the Retained Professionals may not represent a Debtor in litigation directly adverse to another Debtor. The Independent Directors of EFCH and TCEH shall consult with the TCEH Creditor Representatives regarding the selection of Independent Advisors.

5. The entry of this Stipulation and Order is without prejudice to the rights, objections, claims, defenses, and remedies any party may have with respect to the impact alleged conflicts of interest may have on any action or inaction of any or all of the Debtors, including, but not limited to, to seek a determination that such action or inaction is not entitled to the protection of the business judgment rule and is instead subject to review under the entire fairness standard. Notwithstanding anything to the contrary herein, the TCEH Creditor Representatives hereby waive any potential objection(s) to the Debtors' proposed retention of professionals on any grounds, including, but not limited to, alleged conflicts, and hereby waive any potential arguments alleging conflicts in the context of the Debtors' professionals' applications for payment of fees and expenses; *provided, however*, that all parties' rights are reserved with respect to potential disqualification of retained professionals for actions taken after the date hereof.

6. The Debtors and K&E will facilitate the TCEH Creditors Representatives' diligence of the rights and potential claims, causes of action, and defenses of the TCEH Debtors against or with respect to other Debtors (including, but not limited to, with respect to tax matters and the allocation of administrative costs and overhead), insiders, the sponsors, and third parties.

7. If a TCEH Creditor Representative files a motion requesting standing to prosecute material claims or causes of action of the TCEH Debtors (a "<u>Standing Motion</u>"), the Debtors agree not to obtain court approval to settle, resolve, modify, or otherwise treat such material claims or causes of action until the Standing Motion has been decided by the Court or otherwise

resolved; *provided, however*, that the Debtors reserve all rights with respect to such Standing Motion, including, but not limited to, the ability to object to such Standing Motion or to file a plan of reorganization or any other pleading, motion, or notice that seeks to settle, resolve, modify, or otherwise treat material claims or causes of action.

8. Each TCEH Creditor Representative must (a) disclose in writing to the Debtors any material claims and causes of action for which it intends to request standing in a Standing Motion by January 31, 2015, and (b) file its respective Standing Motion by the later of (i) February 28, 2015, (ii) fifteen days after approval of a disclosure statement, and (iii) such later date as mutually agreed to by the Debtors and the applicable TCEH Creditor Representative; *provided, however*, that the TCEH Creditor Representatives reserve the right to seek one or more orders extending such deadlines for cause shown, including the failure of the Debtor or K&E to fulfill their obligations under paragraph (6) above or the 2004 Discovery Protocol. To the extent that it fails to disclose or seek standing to assert a particular claim or cause of action by the applicable deadline (as it may be extended pursuant to the prior sentence), each TCEH Creditor Representative is deemed to have waived any right to seek standing to assert that claim or cause of action; *provided further, however*, that nothing herein shall amend, modify or supersede the deadlines and procedures for bringing a Challenge as defined in, and as set forth in, Paragraph 15 of the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [D.I. 855].

9. The TCEH Noteholder Group and the Committee each agree not to seek, or support any other another party in seeking, either directly or indirectly, an examiner or trustee for any acts or omissions of the Debtors that occurred prior to the entry of this order; *provided,*

*however*, that this paragraph shall not restrict the ability of the Committee to take any action to the extent the Committee determines, based upon the advice of counsel, that such action is required by the Committee's fiduciary duties.

10. The TCEH Creditor Representatives agree to support the Debtors' request to extend their exclusive periods to file and solicit acceptance of a plan of reorganization through February 23, 2015, and April 25, 2015, respectively.

11. This Stipulation and Order does not restrict or expand the rights of any party regarding the role of management or any director of the Debtors.

12. The provisions of this Stipulation and Order constitute an order of this Court and violations of the provisions of this Stipulation and Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

*[Signatures follow.]*

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.* DEBTORS AND DEBTORS-IN-POSSESSION

By:    /s/ *Jason M. Madron*
       **RICHARDS, LAYTON & FINGER, P.A.**
       Mark D. Collins (No. 2981)
       Daniel J. DeFranceschi (No. 2732)
       Jason M. Madron (No. 4431)
       920 North King Street
       Wilmington, Delaware 19801
       Telephone:  (302) 651-7700
       Facsimile:  (302) 651-7701
       Email:  collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS, LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  richard.cieri@kirkland.com
        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  james.sprayregen@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS, CORP., *ET AL.*, DEBTORS AND DEBTORS-IN-POSSESSION

By:    */s/ Lorenzo Marinuzzi*
       **POLSINELLI PC**
       Christopher A. Ward (No. 3877)
       Justin K. Edelson (No. 5002)
       Shanti M. Katona (No. 5352)
       222 Delaware Avenue, Suite 1101
       Wilmington, Delaware 19801
       Telephone:   (302) 252-0920
       Facsimile:    (302) 252-0921
       Email:        cward@polsinelli.com
                       jedelson@polsinelli.com
                       skatona@polsinelli.com

       -and-

       **MORRISON & FOERSTER LLP**
       Lorenzo Marinuzzi (admitted *pro hac vice*)
       Brett H. Miller (admitted *pro hac vice*)
       James M. Peck (admitted *pro hac vice*)
       Todd M. Goren (admitted *pro hac vice*)
       250 West 55th Street
       New York, New York 10019
       Telephone:   (212) 468-8000
       Facsimile:    (212) 468-7900
       Email:        lmarinuzzi@mofo.com
                       bmiller@mofo.com
                       jpeck@mofo.com
                       tgoren@mofo.com

       *Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

WILMINGTON SAVINGS FUND SOCIETY, FSB, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE

By:    */s/ Jeffrey L. Jonas*
      **ASHBY & GEDDES, P.A.**
      William P. Bowdil (No. 2553)
      Gregory A. Taylor (No. 4008)
      500 Delaware A venue
      P.O. Box 1150
      Wilmington, Delaware 19899
      Telephone:   (302) 654-1888
      Facsimile:    (302) 654-2067

-and-

**BROWN RUDNICK LLP**
EdwardS. Weisfelner (admitted *pro hac vice*)
Aaron B. Lauchheimer (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

-and-

Jeffrey L. Jonas (admitted *pro hac vice*)
Jeremy B. Coffey (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone:   (617) 856-8200
Facsimile:    (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee*

THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS

By:  /s/ J. Christopher Shore
**FOX ROTHSCHILD LLP**
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone:   (302) 654-7444
Facsimile:   (302) 463-4971
Email:   jschlerf@foxrothschild.com
   jstrock@foxrothschild.com
   lbird@foxrothschild.com

-and-

**WHITE & CASE LLP**
J. Christopher Shore (admitted *pro hac vice*)
Gregory M. Starner (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 819-8200
Facsimile:   (212) 354-8113
Email:   cshore@whitecase.com
   gstarner@whitecase.com

Thomas E. Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:   tlauria@whitecase.com
   mbrown@whitecase.com

*Counsel to the Ad Hoc Group of TCEH Unsecured Noteholders*

Dated: _____, 2014          **SO ORDERED:**

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge