IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS, | : | Case No. 14-10979 (CSS) |
| CORP., *et al.,* | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Hearing Date: September 16, 2014 at 9:30 a.m. |
| | : | Objections Due: Not Applicable |
| | : | |

------------------------------------------------- x

## STATEMENT OF THE UNITED STATES TRUSTEE IN OPPOSITION TO ENTRY OF AN ORDER APPROVING STIPULATION REGARDING PROTOCOL FOR CERTAIN CASE MATTERS

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

Roberta A. DeAngelis, the United States Trustee for Region 3, respectfully

submits this statement in opposition to entry of an order approving the stipulation

entered into among the Debtors, on the one hand, and the Official Committee of

Unsecured Creditors (the "Official Committee"), Wilmington Savings Fund Society,

FSB ("WSFS"), in its capacity as successor indenture trustee, and an ad hoc group

of TCEH noteholders (the "Ad Hoc Group of TCEH Unsecured Creditors"). (D.I.

1947). In support hereof, the U.S. Trustee respectfully states:

### Introduction

The U.S. Trustee objects to the Court's approval of the Stipulation because

the terms improperly restrict the Debtors and the Official Committee from freely

discharging their duties and obligations under the Bankruptcy Code and other

applicable law. Although courts long have upheld the general principle of freedom of

contract, the Bankruptcy Code limits that right around its essential provisions.

Specifically, the U.S. Trustee objects to the Stipulation because it:

- authorizes the Debtors to retain multiple professionals, in addition to their proposed conflicts counsel, Richards, Layton & Finger, P.A., to handle conflict matters without court approval (Paragraph 4);

- unnecessarily requires the Debtors to consult with creditors when determining which professionals the Debtors should retain to represent them in conflict matters (Paragraph 4); and

- improperly restricts the Official Committee from seeking or supporting any other party seeking appointment of an examiner or a trustee in these cases (Paragraph 9).

For these reasons, the U.S. Trustee respectfully requests that the Court

decline to place its imprimatur on the Stipulation and approve it by order of this

Court.[1]

### Background

*The Chapter 11 Filings.*

1.     On April 29, 2014 (the "Petition Date"), Energy Future Holdings, Corp.

("EFH") and 70 affiliated debtors filed voluntary petitions in this Court for relief

under Chapter 11 of the Bankruptcy Code.

2.     The Debtors are the largest generator, distributor, and retail

electricity provider in Texas. *See* Declaration of Paul Keglevic, Executive Vice

---

[1] Although currently there is no motion or other request for the Court to "so order" the Stipulation, upon information and belief, the Debtors will request that the Court order the terms of the Stipulation at the September 16, 2014, hearing.

President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., *et al.*, in Support of First Day Motions dated April 29, 2014 at ¶ 6. (D.I. 98).

3.      EFH has approximately 9,100 employees, approximately 5,700 of whom are employed by the Debtors, in several distinct business units, namely electricity generation, mining, wholesale electricity sales, and commodity risk management and trading activities. *Id.*

4.      On June 5, 2014, the Court entered a final order directing the joint administration of these cases for procedural purposes. (D.I. 849). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On May 12, 2014, the U.S. Trustee appointed the Official Committee for TCEH and its affiliated debtors, EFCH and EFH Corporate Services (the "Official Committee"). (D.I. 420).

*The K & E Application.*

6.      On May 29, 2014, the Debtors filed an application (the "K&E Application") for authorization to retain Kirkland & Ellis, LLP as its general bankruptcy counsel. (D.I. 660).[2]

---

[2] The Debtors also have filed applications to retain additional counsel, including: (i) Richards, Layton & Finger, P.A. (proposed Delaware and conflicts counsel); (ii) Sidley Austin, LLP ("Sidley") (proposed special corporate counsel); (iii) Gibson Dunn & Crutcher, LLP (proposed special corporate and litigation counsel), (iv) Montgomery, Will & Emery, LLP (proposed special energy counsel) and (v) Thompson and Knight, LLP (proposed special tax counsel). (D.I. 659, 665, 662, 664, 653, respectively).

7.     On June 16, 2014, following discussions with counsel to the U.S. Trustee, K&E filed an amended declaration of Edward O. Sassower, president of Edward O. Sassower, P.C., a partner of K&E, in support of the K&E Application. *See* Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective *Nunc Pro Tunc* to the Petition Date dated July 21, 2014 (the "Amended Sassower Declaration"). (D.I. 1733). Among other things, Mr. Sassower, provided supplemental disclosures and representations concerning K&E's then concurrent representation of Major Oak Power, LLC (a Blackstone affiliate) as a potential purchaser of certain assets sold by Optim Energy, LLC in Optim's Chapter 11 bankruptcy case. *Id.* at ¶¶ 80-87.

8.     Subsequent to K&E's filing of the Amended Sassower Declaration, counsel for the U.S. Trustee and attorneys with K&E have continued to engage in discussions concerning the K&E Application and the proposed order.

9.     Upon information and belief, K&E shortly will file a second supplemental declaration in support of the K&E Application including substantial additional disclosures and representations.

10.     The hearing to consider the K&E Application, initially scheduled for June 30, 2014, has been adjourned from time to time, and currently is scheduled for September 16, 2014, at 11:00 a.m. (D.I. 1768).

4

*The Deposition Notices.*

11.    On June 4, 2014, the Ad Hoc Group of TCEH Unsecured Creditors served deposition notices upon, among others, Stacey Doré, the Debtors' Co-Chief Restructuring Officer and General Counsel, Mr. Sassower, the Debtors' lead restructuring lawyer, the Debtors and K&E. (D.I. 790, 791, 792 and 793). Among other things, the ad hoc group sought information concerning the Debtors' and K&E's consideration of any existing or potential conflicts of interest that K&E or Sidley may have with respect to representing multiple debtors. *See, e.g.,* Notice of Deposition to Kirkland & Ellis LLP at ¶¶ 3 and 4. (D.I. 793).

12.    On the same date, counsel to WSFS served deposition notices on K&E and the Debtors seeking to discover the same or similar information. (D.I. 832, 835 and 894).

13.    The depositions have been adjourned from time to time and, as stated below at ¶ 17, both the Ad Hoc Committee of TCEH Unsecured Noteholders and WSFS have withdrawn their deposition notices. (D.I. 1948 and 1949).

14.    Since the Petition Date, the Ad Hoc Committee of TCEH Unsecured Noteholders and WSFS have asserted that the TCEH debtors have claims against EFH, EFIH and EFIH Finance which may preclude K&E from representing all of the Debtors, including at a minimum, the individual Debtors involved in the particular dispute. *See* Transcript of Hearing held on August 13, 2014, at 28:4-13. An excerpt of the transcript of the August 13th hearing is annexed hereto as **Exhibit "A."**

*The Stipulation and Protocol.*

15.    On August 29, 2014, the Debtors filed a Notice of Stipulation

Regarding a Protocol for Certain Case Matters. (D.I. 1947). The Stipulation contains

an agreement among the Debtors, the Official Committee, WSFS and the Ad Hoc

Committee of TCEH Unsecured Noteholders that claims to resolve potential

objections of the ad hoc committee and WSFS to, among other things, the K&E

Application and the Debtors' motion to extend the exclusive period during which the

Debtors may file and solicit votes on a plan of reorganization from August 27, 2014

and October 27, 2014, to February 23, 2015 and April 25, 2015, respectively.

16.    The Stipulation sets forth a protocol regarding potential intercompany

claims of EFCH, TCEH's parent, and/or any of its direct or indirect subsidiaries,

which includes the following provisions:

> 4.    The independent directors of each of EFIH, EFCH and TCEH,
> and EFH, respectively (each, an "Independent Director"), are
> authorized to seek to retain separate advisors of his or her choosing
> (each, an "Independent Advisor") to advise or otherwise represent the
> applicable Debtor (a) if he or she determines it is necessary or prudent
> to do so with respect to any Notice Matter, (b) where he or she, or the
> Court on motion by any of the TCEH Creditor Representatives
> determines that a potential conflict has become an actual conflict
> under applicable law, or (c) if the Court, on its own accord, otherwise
> determines that the retention of Independent Advisors is appropriate
> (collectively, the "Independent Matters"); *provided, however,* that
> unless otherwise determined by such Independent Director or the
> Court on motion by any TCEH Creditor Representative, the applicable
> Retained Professional may also continue to advise or represent such
> Debtor regarding the Independent Matters, including, but not limited
> to, in connection with respect to with any settlement of Independent
> Matters; *provided further, however,* that the Retained Professionals
> may not represent a Debtor in litigation directly adverse to another
> Debtor. The Independent Directors of EFCH and TCEH shall consult

with the TCEH Creditor Representatives regarding the selection of
Independent Advisors.

9.    The TCEH Noteholder Group and the Committee each agree not
to seek, or support any other another party in seeking, either directly
or indirectly, an examiner or trustee for any acts or omissions of the
Debtors that occurred prior to the entry of this order; *provided,*
*however,* that this paragraph shall not restrict the ability of the
Committee to take any action to the extent the Committee determines,
based upon the advice of counsel, that such action is required by the
Committee's fiduciary duties.

Stipulation at ¶¶ 4 and 9.

17.    On August 29, 2014, the Ad Hoc Group of TCEH Noteholders and

WSFS withdrew their deposition notices. (D.I. 1948 and 1949).

## OBJECTION

### A.    *Standing.*

Section 307 of the Bankruptcy Code confers upon the U.S. Trustee the broad

right to raise, appear and be heard on any issue in any case or proceeding under

title 11. 11 U.S.C. § 307. The U.S. Trustee is not required to demonstrate any

pecuniary or other interest. *See United States Trustee v. Columbia Gas Sys., Inc. (In*

*re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (Congress was

cognizant that the U.S. Trustee would have no pecuniary interest when it enacted

Section 307 and conferred standing based upon traditional notions of public interest

standing).

The U.S. Trustee's standing is not limited by the U.S. Trustee's performance

of the specific duties set out in 28 U.S.C. § 586. In fact, Congress expressly charged

the U.S. Trustee with "monitoring applications filed under section 327 of title 11

and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." 28 U.S.C. § 586(a)(3)(I).

**B.**   ***The Stipulation Improperly Restricts and Unduly Burdens the Debtors and the Official Committee from Discharging their Legal and Ethical Obligations in these Cases.***

Although courts long have upheld the principle of freedom of contract, the Bankruptcy Code extinguishes the private right to contract around its essential provisions. *Matter of Pease*, 195 B.R. 431, 434 (Bankr. Neb. 1996). This conclusion follows from the comprehensive nature of the Bankruptcy Code and its underlying purpose of providing a nationally uniform collective remedy to debtors and creditors. *Id.*

      1.      The Stipulation Improperly Permits "Independent Directors" of the Debtors to Retain Multiple Conflicts Professionals without <u>Court Approval.</u>

Section 327(a) of the Bankruptcy Code only permits the debtor in possession to retain professionals "with the court's approval." 11 U.S.C. § 327(a). Paragraph 4 of the Stipulation provides that "independent directors" of EFIH, EFCH and TCEH, and EFH . . . are authorized to seek to retain separate advisors . . . to advise or otherwise represent the applicable Debtor." The Stipulation, however, does not include a requirement that court approval must be obtained to retain separate advisors. Accordingly, the Stipulation contains terms that are contrary to the Bankruptcy Code and should not be approved by the Court.

2.    The Stipulation Unduly Restricts the Debtors' Choice of
        Representation.

A party's choice of counsel is entitled to "substantial deference" and the court "should not quickly deprive [parties] of their freedom to choose the advocate who will represent their claims." *David Cutler Indus. v. Direct Group, Inc. (In re David Cutler Indus.)*, 432 B.R. 529, 540 (Bankr. E.D. Pa. 2010) *(quoting Hamilton v. Merrill Lynch*, 645 F. Supp. 60, 61 (E.D. Pa. 1986). Courts must be cautious about infringing on the right of the debtor to retain counsel of its choice. *Century Indem. Co. v. Congoleum Corp. (In re Congoleum, Corp.)*,426 F.3d 625, 686 (3d Cir. 2005); *see also David Cutler*, 432 B.R. at 540 (courts need to be cognizant of motions to disqualify counsel particularly due to risk that these motions may be motivated by attempts to achieve tactical advantage in the litigation).

Here, the Stipulation was negotiated to avoid litigation over K&E's (and other proposed counsel's) retention. Counsel for WSFS and/or the Ad Hoc Group of TCEH Unsecured Creditors served deposition notices on K&E, Mr. Sassower, Ms. Doré and Sidley Austin for information concerning the Debtors' proposed retention of professionals. The notices were served at a time when the Debtors' RSA and EFIH Second Lien DIP were being presented for approval to the Court. Both WSFS and the Ad Hoc Group of TCEH Unsecured Creditors objected and, ultimately, the motions were withdrawn by the Debtors. (D.I. 1697). Accordingly, the Court should not authorize this provision.

3.     The Stipulation Improperly Restricts the Creditors' Committee
Seeking or Supporting the Appointment of a Trustee or
Examiner.

Official committees of creditors have a central role in Chapter 11 cases.

*Official Comm. of Unsecured Creditors v. Chinery (In re Cybergenics Corp.)* 330 F.3d

548, 563 (3d Cir. 2003). Section 1103 of the Bankruptcy Code sets forth the powers

and duties of creditors' committees. 11 U.S.C. § 1103. Among other things, Section

1103(c) sets forth the actions that an official committee may take, including

requesting the appointment of a trustee or examiner. 11 U.S.C. § 1103(c)(4).

Although Section 1103(c) states that a committee "may" exercise these powers, the

members of a committee have a fiduciary duty to their constituents and are

obligated to exercise those powers as necessary to protect the interests of those

constituents. 7 Alan N. Resnick & Henry J. Sommer (eds.), Collier on Bankruptcy ¶

1103.05 (16th ed. 2012).

Paragraph 9 of the Stipulation, improperly restricts the Official Committee's

duty to protect the interests of all unsecured creditors if an examiner or trustee is

necessary. By the Stipulation, the Official Committee has agreed to not seek (or

support any other party seeking) to appoint an examiner or a trustee for acts or

omissions of the Debtors that occurred prior to September 16, 2014. Stipulation at ¶

9. One glaring problem with this provision is that it acts as a waiver by the Official

Committee of its right to seek the appointment of an examiner or trustee for acts or

omissions that occurred prior to September 16, 2014. However, there is nothing in

the record that the Official Committee has performed adequate due diligence or

10

investigation to support what is tantamount to a waiver of this important power. Absent a proper and appropriate factual scenario or basis, the Official Committee's agreement to neither seek nor support another party in seeking an examiner or trustee should not be approved.

In addition, the only circumstance where the Official Committee may seek the appointment of an examiner or a trustee is after its counsel has advised that failing to take such an action would be a breach of the Official Committee's fiduciary duties. *Id.* This is an improper and artificial restriction on an official committee's role in any Chapter 11 case.

Because the Official Committees' retention of counsel is discretionary under Section 1103 of the Code[3], the Official Committee's ability to act should not be limited to only those circumstances where its counsel has advised that the action it seeks to take is a breach of its fiduciary duties. This limitation necessarily excludes circumstances where the Official Committee determines that the appointment of an examiner or trustee would be in the best interest of general unsecured creditors, irrespective of whether its failure to act would rise to the level of a breach of fiduciary duty. The restriction is improper and should not be sanctioned by the Court.

---

[3]  11 U.S.C. § 1103(a) states in pertinent part that " . . . with the court's approval, the committee may select and authorize the employment by such committee . . . one or more attorneys . . .".

11

## CONCLUSION

For all of these reasons, the U.S. Trustee respectfully requests that the Court

decline to approve the Stipulation.

Dated:     New York, New York      Respectfully submitted,
           September 12, 2014

ROBERTA A. DEANGELIS
United States Trustee

By    */s/ Andrea B. Schwartz*
       Andrea B. Schwartz
       Richard L. Schepacarter
       U.S. Department of Justice
       Office of the U.S. Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Suite 2207
       Lockbox 35
       Wilmington, DE 19801
       Tel. (302) 573-6491
       Fax (302) 573-6497