**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) (Jointly Administered |
| Debtors. | **Emergency Hearing Requested** |
| | **Re: D.I. 1682, 1782, 1791, 1796, 1804** |

**EMERGENCY MOTION OF CERTAIN ASBESTOS CLAIMANTS TO CONTINUE
SEPTEMBER 16, 2014 HEARING WITH RESPECT TO THE IMPOSITION
OF A CLAIMS BAR DATE AFFECTING PRESENT AND
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

The asbestos personal injury law firms of Gori Julian & Associates, P.C., Simmons Hanley Conroy, Paul Reich & Meyers, P.C., Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and Early, Lucarelli, Sweeney & Meisenkothen (collectively, the "PI Law Firms"), by and through their undersigned counsel, hereby file this emergency motion to continue that portion of the hearing scheduled for September 16, 2014 with respect to the Court's consideration on whether to impose a claims bar date on present and future asbestos personal injury claimants (the "Emergency Motion"), and in support thereof, respectfully state as follows:

**BACKGROUND**

1.      On July 23, 2014, the Debtors filed their Motion for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof (the "Bar Date Motion") [D.I. 1682].

2.      The Bar Date Motion requested that this Court impose a bar date for all claims, including all potential claims held by both present and future/unmanifested asbestos personal injury claimants.

3.      On August 8, 2014, the PI Law Firms filed an objection to the Bar Date Motion (the "Objection") [D.I. 1791; corrected at D.I. 1796] asserting, *inter alia*, that due process prohibited the entry of a bar date for future asbestos claims and objecting to the Debtors' proposed form of notice to present asbestos claimants and notice plan on due process grounds. Contemporaneous with filing the Objection, the PI Law Firms submitted a letter to the Office of the United States Trustee (the "U.S. Trustee") requesting the appointment of an official committee of asbestos personal injury claimants.[2]

4.      The Debtors filed a Response to the Objection [D.I. 1804].

5.      The Court held a hearing on the Bar Date Motion on August 13, 2014.  During the hearing, the Court directed the Debtors to remove the added language and procedures relating to, and specifically carve out, the asbestos personal injury creditors from the bar date order and notice.  The Court scheduled a hearing to separately consider entry of an asbestos personal injury bar date.

6.      Subsequently, the Court directed the parties to submit supplemental briefing by September 9, 2014, and scheduled a hearing to consider entry of an asbestos personal injury *ab*

---

[2] Following submission, counsel to the PI Law Firms interviewed by  Mr. Shepacarter, on August 15, 2014. Additionally the Debtors submitted a response letter to the U.S. Trustee on August 20, 2014, to which the PI Law Firms replied to August 22, 2014.  Further briefing was submitted by the PI Law Firms with the consent of the US Trustee on August 25, 2014, to which the Debtors responded on August 27, 2014.

3755980v3

*initio* on September 16, 2014.  Both the PI Law Firms and the Debtors submitted supplemental

briefs on September 9, 2014.  [D.I. 1983 & 1984].

      7.      On Friday, September 12, 2014, the U.S. Trustee advised counsel for the PI Law

Firms of its intention to appoint an official committee of asbestos personal injury in these cases.

Shortly after receiving this information from the U.S. Trustee, counsel to the PI Law Firms

contacted Debtors' counsel to determining whether the Debtors would agree to continue the

September 16, 2014 hearing with respect to the Bar Date Motion.  *See* 9/12/2014 2:46 p.m.. E-

mail from N. Ramsey to Debtors' Counsel (attached hereto as Ex. A).

      8.      The Debtors responded by email dated September 15, 2014 at 8:02 a.m. that they

have not reached a decision whether or not to consent to an adjournment, and suggested that the

PI Law Firms proceed with the filing of this Motion..  *See* 9/15/2014 E-mail from A. Sexton to

N. Ramsey (attached hereto as Ex. B).

      9.      The Bar Date Motion seeks relief of major significance to all asbestos personal

injury claimants.  Indeed, because of the unique issues presented by a motion for the

establishment of a bar date for asbestos claims, and in particular the Debtors' motion (as outlined

in the briefing filed with the Court), the Bar Date Motion is one of the most important

determinations affecting the rights of asbestos creditors to be made in these cases.  Because the

U.S. Trustee will be appointing an official  committee representing the interests of all asbestos

personal injury claimants in the near term, any further proceedings in connection with the Bar

Date Motion should be continued so that that committee, an entity that will represent the interests

of all asbestos creditors, maybe heard with respect to the Bar Date Motion.

      10.      The PI Law Firms also request that this Court permit the shortening of notice of

the Emergency Motion pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice

and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The Court may shorten the notice period for a motion upon written motion specifying the exigencies supporting shortened notice.  The PI Law Firms submit that there is sufficient cause to justify shortening the notice period so that this Court may consider the Emergency Motion at the Court's earliest convenience or at the omnibus hearing scheduled for September 16, 2014, whichever occurs first.

11.    Accordingly, the PI Law Firms respectfully ask this Court to continue the hearing on September 16, 2014, as it pertains to the Bar Date Motion, until an asbestos personal injury claimants' committee has been officially formed, retains counsel, and has an opportunity to review and respond to the Bar Date Motion, and to shorten notice of this Emergency Motion.

## **NOTICE**

12.    Notice of this Motion has been served by ECF on counsel for the Debtors and any committees, the U.S. Trustee, and all parties who have requested notice in these proceedings. Because no parties other than the Debtors, the U. S. Trustee and the PI Law Firms have appeared in connection with the Bar Date Motion as such motion seeks the establishment of a bar date for asbestos personal injury claims, the PI Law Firms assert  that such notice is sufficient and proper under the circumstances.

-4-

## CONCLUSION

WHEREFORE, the PI Law Firms respectfully requests that the Court: (a) grant the

Motion; (b) enter an order continuing the September 16, 2014 hearing with respect to the Bar

Date Motion until such time that an official asbestos personal injury claimants' committee has

been appointed, retained professionals, and has an opportunity to review and respond to the Bar

Date Motion; (c) enter an order shortening notice on the Emergency Motion and (d) grant such

other just, proper, and equitable relief.

Dated:  Wilmington, Delaware
        September 15, 2014

                              Respectfully submitted,

                              **MONTGOMERY McCRACKEN WALKER &
RHOADS, LLP**

                              */s/ Natalie D. Ramsey*
                              Natalie D. Ramsey, Esquire (DE Bar No. 5378)
                              Davis Lee Wright, Esquire (DE Bar No. 4324)
                              1105 North Market Street, Suite 1500
                              Wilmington, DE  19801
                              (302) 504-7800

                              *Counsel for Gori Julian & Associates, P.C.;
Simmons Hanley Conroy; Paul Reich & Meyers,
P.C.; Kazan, McClain, Satterley & Greenwood, a
Professional Law Corporation, and Early,
Lucarelli, Sweeney & Meisenkothen*