## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: 1682, 1791, 1796, 1804, 1983, 1984, 2011 |

## DEBTORS' OBJECTION TO THE PI LAW FIRMS' EMERGENCY MOTION TO CONTINUE THE SEPTEMBER 16, 2014 HEARING WITH RESPECT TO THE IMPOSITION OF A BAR DATE FOR PERSONAL INJURY ASBESTOS CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Emergency Motion of Certain Asbestos Claimants to Continue September 16, 2014 Hearing With Respect to the Imposition of a Claims Bar Date Affecting Present and Future Asbestos Personal Injury Claimants* [D.I. 2011] (the "Continuance Motion") filed by the PI Law Firms with respect to the hearing on the Debtors' ability to set a bar date for unmanifested asbestos claims (the "Hearing"). In response to the Continuance Motion, the Debtors respectfully state as follows.

### Response

1.    The Court should deny the PI Law Firms' emergency motion to continue the hearing on the Debtors' motion to establish a bar date for asbestos claims. As an initial matter, this Court has already stated that the issue of an asbestos bar date should not be delayed on account of the request for an asbestos committee. *See* August 13 Hr'g Tr'pt at 92:13-20 ("I'm

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

not going to make any requirement that the debtor wait until the U.S. Trustee makes a decision one way or the other on the appointment of an official committee of asbestos claimants."). Even if the Court reconsiders its earlier statement on the PI Law Firms' request for a continuance, the Court should deny the Continuance Motion for three principal reasons.

2.      *First*, it is not clear when an official asbestos committee will be formed, or if one ultimately will be formed at all.  Although the U.S. Trustee has requested information from the Debtors to begin the solicitation process, it is not clear when the solicitation will be complete or if there will be sufficient interest to warrant a separate committee.  The Debtors reserve all rights with respect to whether an official committee of asbestos personal injury claimants is necessary or appropriate in light of the Debtors' low historical exposure to asbestos claims.

3.      *Second*, the only issue being addressed at the Hearing—whether a bar date can be set for unmanifested asbestos claims—has been fully and ably briefed.  Indeed, it has been subject to two full rounds of briefing and one round of oral argument.  The PI Law Firms represent a significant number of the claimants that would potentially be represented by an asbestos committee.  Moreover, the firm representing the PI Law Firms is the same firm that represents the official asbestos committee in *Specialty Products*.  As such, the interests that would be represented by an official asbestos committee have already been represented in the briefing that has occurred and nothing is gained from a continuance.  The time has come to proceed on the matter:  bar date orders can be entered *ex parte* in this jurisdiction pursuant to Local Bankruptcy Rule 2002-1(e), and setting a bar date for all "claims" is mandatory under the

plain language of Bankruptcy Rule 3003, which provides that the court "*shall* fix and for cause shown may extend the time within which proofs of claim or interest may be filed."[2]

4.      ***Third***, setting a bar date for all "claims" is a standard part of *all* chapter 11 cases, and the Debtors desire to start that process for asbestos claims.  Indeed, based on the Court's statements at the last hearing, the Debtors anticipate running a longer bar date process for asbestos claims than they are running under the general bar date process.  Accordingly, certainty regarding the *existence* of a bar date for unmanifested asbestos claims, which is important to finalizing the form that notice of the bar date will take, is important to the Debtors' efforts to continue the progress in these chapter 11 cases.

*[Remainder of page intentionally left blank.]*

---

[2]  *See Int'l Aluminum Corp.*, No. 10-10003 (MFW), Mar. 9 Hr'g Tr'pt at 12:18-24 (Bankr. D. Del. Mar. 9, 2010) (stating, in response to objections by the debtors and other parties to a committee's request to set a bar date, that "I'm not sure that there really is discretion [to set a bar date].  There is discretion for the court in unique cases in the prepacks [sic], not to set a bar date, but, I think that's unusual.  Rule 3003 says the court shall fix the time within which proofs of claim may be filed.  So, I think clearly the rule is that a bar date has to be set by the court in a Chapter 11 case."); *In re Grynburg*, 986 F.2d 367, 369 ("Bankruptcy Rule 3003(c)(3) *requires* a bankruptcy court to fix a time for filing proofs of claim.") (emphasis added).  *But see In re Congoleum Corp.*, 2008 WL 314699 (Bankr. D. N.J. Feb. 4, 2008) (noting that courts have discretion to decline to set a bar date because courts have the discretion to extend the bar date) (*citing In re Eagle-Picher Indus., Inc.*, 137 B.R. 679, 680-81 (Bankr. S.D. Oh. 1992) (stating the same in *dicta*)).

WHEREFORE, the Debtors respectfully request that the Court deny the Continuance

Motion in its entirety and continue with the Hearing as scheduled.

Dated:  September 15, 2014
        Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

4