## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Energy Future Holdings Corp., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 1947 and 2007** |

### RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE STATEMENT OF THE UNITED STATES TRUSTEE IN OPPOSITION TO ENTRY OF AN ORDER APPROVING STIPULATION REGARDING PROTOCOL FOR CERTAIN CASE MATTERS

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**," and collectively with Energy Future Holdings Corp. and its remaining affiliates and subsidiaries, the "**Debtors**")[2] by and through its undersigned counsel, hereby files this response (the "**Response**") to the *Statement of the United States Trustee in Opposition to Entry of an Order Approving Stipulation Regarding Protocol for Certain Case Matters* (the "**UST Statement**") [Docket No. 2007].[3] In support of the Response, the Committee respectfully represents as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors."

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the UST Statement or the Stipulation, as applicable.

ny-1158279

**PRELIMINARY STATEMENT**

1.      The Stipulation represents an important step and a resolution of significant issues that threatened to derail these chapter 11 cases. While the U.S. Trustee believes that the Court should not sanction certain provisions, the Stipulation exemplifies the efforts of TCEH creditors to ensure the cases can proceed fairly and efficiently in the face of potentially significant conflicts among the Debtors and their proposed professionals. The Stipulation creates a mechanism that ensures that independent board members, responsible for acting in the best interest of each respective Debtor estate, are able to act on an informed and independent basis. The Stipulation also establishes a process for asserting potentially valuable claims on behalf of the TCEH Debtors against affiliates in advance of a plan of reorganization, and requires regular discussions between the Debtors and the TCEH Creditor Representatives. These provisions are collectively designed to facilitate a consensual resolution to the TCEH Debtors' chapter 11 cases (or at a minimum establish an orderly process for the litigation necessary to resolve these cases).

2.      With that backdrop, the Committee's limited waiver of the right to seek or support the appointment of an examiner or a trustee should not be read in a vacuum. The Committee did not agree to this limited waiver lightly. Rather, the limited waiver of a right to seek a trustee or examiner is something the Committee carefully considered in the overall context of these chapter 11 cases. Specifically, the Committee and others have already begun an investigation of intercompany and affiliate claims and causes of action and established a discovery protocol for the sharing of information necessary for that investigation. Thus, at this stage in the case, it is hard to imagine that the Committee would seek an examiner in light of, among other things, the significant additional expense that would result. By the same token, it is unlikely that the Committee would seek the appointment of a chapter 11 trustee which, if appointed, would

trigger a termination event under the TCEH cash collateral order and result in a termination of exclusivity.[4] Indeed, one of the carefully negotiated benefits of the TCEH cash collateral order is time – an 18-month period of cash collateral usage, which permits creditors of the TCEH Debtors to investigate potential claims and arrive at a restructuring strategy that increases creditor recoveries from the woeful returns under the originally contemplated, now-terminated, restructuring support agreement.[5] Moreover, while there may come a time where the Committee would support a termination of exclusivity, as reflected by the Committee's support of the Debtors six-month exclusivity extension, now is not that time.

3.   Nevertheless, should the Committee determine that it must file or support a motion to appoint a trustee or examiner at some point in the future, it has retained broad rights to do so in furtherance of its fiduciary duties. The "fiduciary out" was an important issue for the Committee and specifically negotiated by the Committee to address the precise issues raised by the U.S. Trustee in her statement. When compared to the overall advantages and benefits of the Stipulation noted above, the limited waiver was a reasonable exercise of the Committee's judgment.

4.   Moreover, the suggestion that the Committee cannot seek the appointment of an examiner or a trustee until after counsel has advised it that failing to take such an action would be a breach of the Committee's fiduciary duties reflects an unreasonably restrictive reading of the Stipulation. When faced with the reality of determining whether to file a motion seeking

---

[4] *See, e.g.*, *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of Its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* ¶ 11(i) (providing for termination of cash collateral upon the "dismissal of these Cases or conversion of these Cases to chapter 7 cases, or appointment of a trustee, receiver, interim receiver, or manager, or appointment of a responsible officer or examiner with enlarged powers in any of these Cases (having powers beyond those set forth in Bankruptcy Code sections 1106(a)(3) and (4)).").

[5] *Id.* ¶ 3(a) (permitting the TCEH Debtors to use cash collateral from the petition date through the date which is the earliest to occur of (i) the expiration of the Remedies Notice Period (as defined therein), or (ii) 18 months from the petition date).

ny-1158279

appointment of a trustee or examiner – which is no small decision, particularly in the context of these complex chapter 11 cases – it is expected, and indeed responsible, for the Committee to seek the advice of Committee counsel to assist the Committee in determining whether such approach is in furtherance of the Committee's fiduciary duties. Ultimately, however, the decision rests with the Committee, which is why the provision reads "based upon the advice of counsel," rather than "at the direction of counsel."

5. Finally, the Committee does not believe that the Stipulation unreasonably limits its ability to seek appointment of an examiner or a trustee. Requiring the Parties to list out all instances where the Committee could seek appointment of an examiner or trustee puts an unnecessary burden on the Parties. The Committee submits that the language, as proposed, provides ample flexibility for the Committee to advance the interests of all represented creditors as its fiduciary duties may require.

6. Given the broad support for the Stipulation, and in light of the numerous issues that the Stipulation resolves without expensive, time-consuming litigation, the Committee respectfully requests that the Court enter the Stipulation as proposed. However, notwithstanding the Committee's firm belief that entry into the limited waiver was appropriate, the Parties agreed to remove the reference to the Committee from Paragraph 9.

## BACKGROUND

7. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic,*

*Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [Docket No. 98].

8.      On May 29, 2014, the Debtors filed the Retention Applications seeking entry of orders authorizing the Debtors to retain fourteen separate professionals. In connection with the Retention Applications, the TCEH Noteholder Group and WSFS served the Debtors and certain of the Retained Professionals with deposition notices [*see* Docket Nos. 790, 791, 793, 833, 834, 835, 894, 1555, 1556, 1557, 1649, 1650, 1651, 1690, and 1932] and requests for production of documents regarding, among other things, information concerning existing or potential conflicts of interest.

9.      On July 23, 2014, the Debtors filed the *Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* seeking entry of an order extending the periods during which the Debtors have the exclusive right to (a) file a plan by 180 days, through and including February 23, 2015 and (b) solicit votes thereon by 180 days, through and including April 25, 2015 [Docket No. 1683].

10.     On August 29, 2014, the Debtors filed the *Notice of Filing of "Stipulation and Agreed Order Regarding a Protocol For Certain Case Matters"* [Docket No. 1947] which attaches the Stipulation and states that the Debtors intend to present the Stipulation to the Bankruptcy Court at the September 16, 2014 omnibus hearing. Following discussions with the TCEH first lien creditors, the Parties agreed to amend the Stipulation solely to address the interplay between the Stipulation and Paragraph 15 of the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holding Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [Docket No. 2006].

ny-1158279

11. The Stipulation, which was executed by the Debtors, the TCEH Noteholder Group, the Committee, and WSFS, resolves several potentially contentious matters, including issues relating to the Exclusivity Motion and Retention Applications. Indeed, the Stipulation embodies the exact type of consensus that the chapter 11 process is designed to facilitate. In particular, the Stipulation reflects the agreement of the Parties on the following material terms, which directly inure to the benefit of the Committee:

- The Debtors agree to provide the TCEH Creditor Representatives with reasonable (but no less than 10 days') notice when they intend to file a plan or any other pleading, motion or notice, that seeks to settle, resolve, modify, or otherwise treat material potential claims or causes of action of the TCEH Debtors;

- The Debtors will meet with the TCEH Creditor Representatives in person or telephonically once every two weeks (or as otherwise practicable for the parties) to update the TCEH Creditor Representatives on the chapter 11 cases;

- The Debtors and K&E will facilitate the TCEH Creditors Representatives' diligence of the rights and potential claims, causes of action, and defenses of the TCEH Debtors against or with respect to other Debtors, insiders, the sponsors, and third parties; and

- If the TCEH Creditor Representatives have filed a motion requesting standing to prosecute intercompany claims or causes of action of the TCEH Debtors, the Debtors agree not to obtain court approval to settle, resolve, modify, or otherwise treat such claims or causes of action while such motion is pending.

12. In addition, Paragraph 9 of the Stipulation, which relates to the seeking of the appointment of an examiner or trustee, contains a "fiduciary out" for the Committee and provides as follows:

> The TCEH Noteholder Group and the Committee each agree not to seek, or support any other party in seeking, either directly or indirectly, an examiner or trustee for any acts or omissions of the Debtors that occurred prior to the entry of this order; ***provided, however*, that this paragraph shall not restrict the ability of the Committee to take any action to the extent the Committee determines, based upon the advice of counsel, that such action is required by the Committee's fiduciary duties**.

(Stipulation ¶ 9) (emphasis added).

6

ny-1158279

**RESPONSE**

13. As an initial matter, the carefully negotiated Stipulation facilitates cooperation among the Debtors and the TCEH Creditor Representatives and represents the most efficient path forward for the chapter 11 cases of the TCEH Debtors. For that reason, the Stipulation should be approved as proposed. Nevertheless, while the Committee understands and appreciates the U.S. Trustee's concerns, the assertion that the Stipulation should not be approved by the Court because it restricts the Committee's ability to seek or support the appointment of a trustee should be rejected.

14. The U.S. Trustee argues that Paragraph 9 "acts as a waiver by the Official Committee of its right to seek the appointment of an examiner or trustee for acts or omissions that occurred prior to September 16, 2014." (UST Statement 10.) Without adequate due diligence or investigation, according to the U.S. Trustee, the Committee cannot "waive" this power. (*Id.*) First, the U.S. Trustee's assumption that the Committee agreed to this waiver without adequate due diligence or investigation is unfounded. Rather, as noted above, the Committee's investigation is well underway and the Committee undertook significant analysis in agreeing to the waiver.

15. Moreover, when fully read, the Committee believes that Paragraph 9 puts only a narrow limitation on its ability to seek the appointment of a trustee or an examiner, which must be considered in the context of the Stipulation as a whole. Practically speaking, Paragraph 9 only provides for a limited waiver of the Committee's right to seek the appointment of an examiner or a trustee – when doing so would not be grounded in the Committee's decision to exercise its fiduciary duties, but motivated by some other purpose. The Committee submits that this narrow waiver is appropriate when compared to the significant benefits the Stipulation provides the Committee in its effort to move these cases forward and ensure that the Committee

7

(and other TCEH Creditor Representatives) are consulted and assisted by the Debtors at every step of the process.

16. The U.S. Trustee also takes issue with the language in Paragraph 9 that the Committee may only seek appointment of an examiner or trustee "based upon the advice of counsel." (UST Statement 11.) This reading, however, ignores the realities of the Committee's (indeed any committee's) decision to seek appointment of an examiner or a trustee. *See* 7 Alan N. Resnick & Henry J. Sommer (eds.), COLLIER ON BANKRUPTCY ¶ 1103.05[1][e] (16th ed. rev. 2014) ("Obtaining appointment of a trustee is a serious matter and a committee should not seek one unless it is firmly convinced that management of the debtor is dishonest or incapable of taking the steps necessary to obtain confirmation of a plan."). When deciding whether to take the significant step of seeking appointment of an examiner or trustee, which could have a monumental impact on these chapter 11 cases, it is not only reasonable, but indeed responsible, for the Committee to seek the advice of counsel. The ultimate decision of whether to seek appointment of an examiner or a trustee is always left to the Committee itself (as are all decisions the Committee makes regarding these chapter 11 cases) and the assertion that reliance on advice of counsel is an "improper" or "artificial" restriction on the Committee's ability to exercise its fiduciary duties is an unfair criticism of the provision.[6]

17. Likewise, the Committee believes that the Trustee's allegation that Paragraph 9 unfairly limits the Committee's ability to seek appointment of an examiner or trustee because it may only do so when counsel has advised that the action is required by the Committee's "fiduciary duties," and not when it is in the "best interest of general unsecured creditors" is not a

---

[6] Indeed, Bankruptcy Rule 9011(a) requires that a pleading or motion (here, a motion to appoint an examiner or a trustee) be executed by counsel: "Every petition, pleading, written motion, and other paper . . . shall be signed by at least one attorney of record in the attorney's individual name." Fed. R. Bankr. P. 9011(a). Accordingly, any motion to appoint an examiner or trustee will necessarily require Committee counsel's involvement and advice.

reasonable assessment. Appointed creditors' committees owe fiduciary duties to the class of unsecured creditors they represent. *See In re Caldor, Inc. NY*, 193 B.R. 165, 169 (Bankr. S.D.N.Y. 1996) ("[A] creditors' committee stands as a fiduciary to the class of creditors it represents."). In that regard, fiduciary duties owed by both a creditors' committee and its retained professionals include the duties of loyalty, fair dealing and impartiality that require both to advance the interests of all represented creditors. *See In re Grant Broad. of Philadelphia, Inc.*, 71 B.R. 655, 661-62 (Bankr. E.D. Pa. 1987). Thus, the Committee's fiduciary duties undeniably include acting in the best interest of the creditors it represents. Requiring the Parties to list out or include each instance where the Committee may seek appointment of an examiner or a trustee would be unduly burdensome and the Committee submits that the Stipulation, as drafted, gives the Committee the flexibility to satisfy its fiduciary obligations and act in the best interest of all unsecured creditors.

18. In sum, the Stipulation resolves a number of potentially complex and contentious issues that could have stopped these chapter 11 cases dead in their tracks. The Committee determined – after significant investigation and due diligence – that agreeing to the Stipulation and granting the limited waiver regarding its ability to seek appointment of a trustee or an examiner was appropriate under the circumstances and in the interest of avoiding unnecessary and time-consuming litigation. Accordingly, the Committee submits that the Stipulation – particularly now with the reference to the Committee removed from Paragraph 9 – should be approved by the Court.

ny-1158279

## CONCLUSION

WHEREFORE, the Committee supports approval of the Stipulation as a reasonable path forward in recognition of its resolution of a number of complex and potentially contentious issues, and respectfully requests that the Court approve the Stipulation.

Dated: Wilmington, Delaware
       September 15, 2014                **MORRISON & FOERSTER LLP**
                                       Brett H. Miller
                                       Lorenzo Marinuzzi
                                       Todd M. Goren
                                       250 West 55th Street
                                       New York, New York 10019-9601
                                       Telephone:  (212) 468-8000
                                       Facsimile:  (212) 468-7900
                                       E-mail:  bmiller@mofo.com
                                                    lmarinuzzi@mofo.com
                                                    tgoren@mofo.com

                                       -and-

                                 */s/ Christopher A. Ward*
                                    **POLSINELLI PC**
                                    Christopher A. Ward (Del. Bar No. 3877)
                                    Justin K. Edelson (Del. Bar No. 5002)
                                    Shanti M. Katona (Del. Bar No. 5352)
                                    222 Delaware Avenue, Suite 1101
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 252-0920
                                    Facsimile:  (302) 252-0921
                                    E-mail: cward@polsinelli.com
                                                 jedelson@polsinelli.com
                                                 skatona@polsinelli.com

                                    *Proposed Counsel for The Official*
                                    *Committee of Unsecured Creditors*

ny-1158279