IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

ORDER AUTHORIZING AND APPROVING
EXPEDITED PROCEDURES FOR THE DEBTORS TO
REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 363, 365, and 554 of the Bankruptcy Code, authorizing and approving expedited procedures for the Debtors to reject or assume certain executory contracts (the "Contracts") and unexpired leases (the "Leases"), and granting related relief, all as more fully set forth in the Motion and the Carter Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1157146

considered the Motion and the Carter Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not required, to reject Contracts and/or Leases in accordance with the following Rejection Procedures:

   a. The Debtors will file a notice with the Court (the "Rejection Notice") with an attached schedule (the "Rejection Schedule") of those Contracts and/or Leases that the Debtors seek to reject pursuant to section 365 of the Bankruptcy Code. The Rejection Schedule shall set forth, among other relevant information: (i) the Contracts and/or Leases to be rejected; (ii) the names and addresses of the counterparties to such Contracts and/or Leases (the "Rejection Counterparties"); (iii) the proposed effective date of rejection for such Contracts and/or Leases (the "Rejection Date"); (iv) if a Lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Debtors will cause the Rejection Schedule to be served by electronic mail or overnight delivery upon (i) each Rejection Counterparty; (ii) counsel to the Creditors' Committee; (iii) counsel to the ad hoc committee of TCEH first lien creditors; (iv) the U.S. Trustee; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "Rejection Notice Parties").

   b. The Debtors will cause an individualized Rejection Notice (the "Individual Rejection Notice"), substantially in the form of **Exhibit B**, to be served by overnight delivery upon the affected Rejection Counterparty (and its counsel if known). The Individual Rejection Notice shall not be filed with the Court, provided, however, that the Debtors shall file an affidavit of service with the Court evidencing service of the Individual Rejection Notice upon the affected Rejection Counterparty within five (5) business days of serving such Individual Rejection Notice.

   c. The Individual Rejection Notice will set forth: (i) the Contracts and/or Leases to be rejected; (ii) the name of the Debtor party and Rejection Counterparty (and its counsel if known); (iii) the Rejection Date; (iv) if a Lease, the personal property to be abandoned, if any, and an

2

ny-1157146

    estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

d. Any objections to a proposed rejection of a Contract and/or Lease must be filed with the Court no later than fourteen (14) days after the Debtors file the Rejection Notice (the "Rejection Objection Deadline"). The Debtors' counsel will, within a reasonable time, provide the Rejection Notice Parties with a copy of the objection by electronic mail.

e. For those Contracts and/or Leases where no objection is filed and served by the Rejection Objection Deadline, the Debtors may generate an amended Rejection Schedule (the "Amended Rejection Schedule"). The Amended Rejection Schedule may be attached to a proposed order to reject the Contracts and/or Leases listed in the Amended Rejection Schedule, substantially in the form of **Exhibit 1** to **Exhibit B** attached hereto (the "Rejection Order") and filed with the Court under a certificate of no objection.

f. If an objection is properly filed, as specified above, unless such parties agree otherwise in writing, the Debtors will promptly file a notice of hearing to consider that objection at the next regularly scheduled omnibus hearing that is at least 7 days after the filing on an objection or as soon thereafter as the Court is available. The Debtors shall have until two (2) days prior to the scheduled hearing to file a reply to such objection. Such Contract and/or Lease will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or upon further order of the Court.

g. If the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, such counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court.

h. In connection with the rejection of a Lease, with respect to any personal property of the Debtors located at any of the premises subject to any Rejection Notice, the Debtors shall remove such property prior to the Rejection Date. If the Debtors determine that the property at a particular location has no or *de minimis* value or the cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Individual Rejection Notice and their intent to abandon such property, and will provide the Creditors' Committee with the information of the type that would be required in an "Abandonment Notice" (as that term is defined in the *Order Establishing Procedures to Sell, Transfer or Abandon Certain De*

*Minimis Assets* [D.I. 764], entered June 3, 2014). Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Upon abandonment, the landlord may dispose of such property without further notice or Court order and free of liability for such action.

3. The Debtors are authorized to abandon any *de minimis* or otherwise burdensome property located at locations covered by Leases, including miscellaneous fixtures, furniture, and equipment subject to rejection (the "Abandoned Property") without any liability to any landlords; *provided that* the Debtors shall generally describe the Abandoned Property and their intent to abandon such Abandoned Property in the Individual Rejection Notice to the landlords and/or their counsel, and any party with a known interest in the Abandoned Property. Such property will only be abandoned upon entry of the relevant Rejection Order.

4. If the Rejection Date specified on the Rejection Schedule and in the Individual Rejection Notice predates the removal of any property not otherwise generally described in the abandonment schedule to the Individual Rejection Notice, the Rejection Date will not become effective until the later of (a) such date that the property is removed from the premises or (b) the Court enters the Rejection Order.

5. Counterparties to Contracts and Leases that are rejected pursuant to the Rejection Procedures must file a proof of claim relating to the rejection of such Contracts or Leases, if any, by the later of (a) any applicable claims bar date established in these chapter 11 cases or (b) thirty (30) days after entry of the applicable Rejection Order.

6. The Debtors are authorized, but not required, to assume or assume and assign Contracts and/or Leases in accordance with the following Assumption Procedures:

   a. The Debtors will file a notice with the Court (the "Assumption Notice") with an attached schedule (the "Assumption Schedule") of those Contracts and/or Leases that the Debtors seek to assume pursuant to section 365 of the Bankruptcy Code. The Assumption Schedule shall set forth, among other relevant information: (i) the

4

Contracts and/or Leases to be assumed; (ii) the names and addresses of the counterparties to such Contracts and/or Leases (the "Assumption Counterparties"); (iii) the identity of the proposed assignee of such Contract(s) and/or Lease(s) (the "Assignee"), if applicable; (iv) the proposed effective date of the assumption for such Contract and/or Lease (the "Assumption Date"); (v) the proposed cure amount, if any; (vi) a description of any material amendments to the Contract or Lease made outside the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Debtors will cause the Assumption Schedule to be served by overnight delivery upon (i) each Assumption Counterparty; (ii) each Assignee, if applicable; (iii) counsel to the Creditors' Committee; (iv) counsel to the ad hoc committee of TCEH first lien creditors; (v) the U.S. Trustee; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002 (the "Assumption Notice Parties").

b. The Debtors will cause an individualized Assumption Notice (the "Individual Assumption Notice"), substantially in the form of **Exhibit C**, to be served by overnight delivery upon the affected Assumption Counterparty (and its counsel if known). The Individual Assumption Notice shall not be filed with the Court, provided, however, that the Debtors shall file an affidavit of service with the Court evidencing service of the Individual Assumption Notice upon the affected Assumption Counterparty within five (5) business days of serving such Individual Assumption Notice.

c. The Individual Assumption Notice will set forth: (i) the Contract(s) and/or Lease(s) to be assumed or assumed and assigned, as applicable; (ii) the names of the Debtor party and Assumption Counterparty (and its counsel if known); (iii) the identity of the Assignee, if applicable; (iv) if a Lease, the proposed intended use for the premises; (v) if there has been a default, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, the Debtor's and/or Assignee's ability to provide adequate assurance of future performance; (vi) the proposed cure amount, if any; (vii) a description of any material amendments to the Contract or Lease made outside the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).

d. Any objections to a proposed assumption and/or assignment of a Contract and/or Lease, including with respect to the proposed cure amount, must be filed with the Court no later than fourteen (14) days after the Debtors file the Assumption Notice (the "Assumption Objection Deadline"). Debtors' counsel will, within a reasonable time, provide the Assumption Notice Parties with a copy of the objection by electronic mail.

ny-1157146

    e. For those Contracts and/or Leases where no objection is filed and served by the Assumption Objection Deadline, the Debtors may generate an amended Assumption Schedule (the "Amended Assumption Schedule"). The Amended Assumption Schedule may be attached to a proposed order to assume the Contracts and/or Leases listed in the Amended Assumption Schedule, substantially in the form of **Exhibit 1** to **Exhibit C** attached hereto (the "Assumption Order") and filed with the Court under a certificate of no objection.

    f. If an objection is properly filed, as specified above, unless such parties agree otherwise in writing, the Debtors will promptly file a notice of hearing to consider that objection at the next regularly scheduled omnibus hearing that is at least 7 days after the filing on an objection or as soon thereafter as the Court is available. The Debtors shall have until two (2) days prior to the scheduled hearing to file a reply to such objection. Such Contract and/or Lease will only be deemed assumed upon entry of an order by the Court.

    g. The Debtors reserve the right to remove any Contract and/or Lease from an Assumption Schedule at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

7. With regard to Contracts and/or Leases to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract or Lease shall (a) be free and clear of (1) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (2) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification or termination of the interest of any Debtor or Assignee, as the case may be, in the Contracts and/or Leases, or (B) in respect of any taxes), and

ny-1157146

(b) constitutes a legal, valid, and effective transfer of such Contracts and/or Leases and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts and/or Leases.

8. Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract or Lease, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts and/or Leases, with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contracts or Leases except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract or Lease.

9. Notwithstanding anything in this Order to the contrary, the Debtors shall not be permitted to seek to assume, assign, and/or reject any Contract or Lease to which Alcoa Inc., its subsidiaries, and/or its affiliates is a party pursuant to the Contract and Lease Procedures.

10. The Debtors shall serve an Assumption Counterparty with evidence of adequate assurance upon such Assumption Counterparty's written request to the Debtors' counsel within a reasonable period of time following any such written request being made.

11. The Debtors' right to assert that any provisions in the Contract or Lease that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract or Lease are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

12. The Debtors' right to assume, reject, and/or seek any other related relief with respect to any Contract or Lease by motion, rather than through these Contract and Lease Procedures, is fully reserved.

ny-1157146

13. The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts and/or Leases arising, accruing or relating to a period prior to the applicable closing date.

14. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Individual Assumption Notice.

15. Approval of the Contract and Lease Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract and/or Lease by separate motion.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and Individual Rejection and Assumption Notices.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The 14-day stay required of any assignment of any Contract or Lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

19. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an admission by the Debtors that a Contract or Lease is executory or unexpired, as applicable; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.


20. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

21. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 9/15, 2014
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE