# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 1947, 2006, 2007** |

## DEBTORS' REPLY TO THE STATEMENT OF THE UNITED STATES TRUSTEE IN OPPOSITION TO THE ENTRY OF A STIPULATED ORDER ON CERTAIN CASE MATTERS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in support of the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [D.I. 1947, Ex. A; as revised at D.I. 2006, Ex. A] (the "Stipulated Order") and in response to the *Statement of the United States Trustee in Opposition to Entry of an Order Approving Stipulation Regarding Protocol for Certain Case Matters* [D.I. 2007] (the "Objection"). In response to the Objection, and in further support of the Stipulated Order, the Debtors respectfully state as follows.

## Reply

1. The Stipulated Order is the product of extensive negotiation among the Debtors, the Ad Hoc Group of TCEH Unsecured Creditors, the Creditors' Committee, and the Ad Hoc Group of TCEH Second Lien Creditors, and provides significant benefits to the Debtors. The United States Trustee (the "U.S. Trustee") argues that the Stipulated Order should not be entered

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

for three reasons: (a) it impermissibly allows the retention of professionals by the Debtors without complying with the Bankruptcy Code; (b) it impermissibly restricts the Debtors' choice of representation; and (c) it impermissibly restricts the Creditors' Committee from taking certain actions.

2. The Debtors believe that the first and third objections have been resolved by amendments to the Stipulated Order.[2] In particular, the Debtors and TCEH's junior creditors have agreed to (a) add language to the Stipulated Order that clarifies that any retention of additional advisors under the Stipulated Order is subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable law; and (b) eliminate the language that prohibited the Creditors' Committee from seeking the appointment of an examiner or a trustee (a limitation that was subject to a standard fiduciary out). The Court should overrule the U.S. Trustee's remaining objection.

3. Specifically, the U.S. Trustee argues that the stipulation unduly restricts the Debtors' choice of advisors. Objection at 9. But the Stipulated Order merely provides that the Debtors will consult with TCEH's junior creditors if the Debtors seek to retain independent advisors under the terms of the Stipulated Order. Thus, the Stipulated Order provides TCEH's junior creditors with consultation rights, but *not* consent rights, in the selection of independent advisors. Put another way, the Debtors retain complete discretion as to the selection of independent advisors should the need arise. And the Debtors' retention of such independent advisors remains subject to court approval under section 327 of the Bankruptcy Code and all other applicable law. Accordingly, the Stipulated Order should be approved, as modified.

---

[2] A revised form of Stipulated Order is attached hereto as **Exhibit A**. A comprehensive redline reflecting all changes over the version of the Stipulated Order filed on August 29, 2014 [D.I. 1947, Ex. A.] is attached hereto as **Exhibit B**.

WHEREFORE, the Debtors respectfully request that the Court overrule the Objection in its entirety and enter the Stipulated Order.

Dated:  September 15, 2014
        Wilmington, Delaware

/s/ *(signature)*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    richard.cieri@kirkland.com
        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession