# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |

**SUPPLEMENTAL DECLARATION OF BRETT H. MILLER IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) FOR AUTHORITY TO RETAIN AND EMPLOY MORRISON & FOERSTER LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 12, 2014**

I, Brett H. Miller, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Morrison & Foerster LLP ("**Morrison & Foerster**"), with offices at 250 West 55th Street, New York, New York 10019, and other locations, and I am duly authorized to make this supplemental declaration (the "**Supplemental Declaration**") on behalf of Morrison & Foerster. I am an attorney duly admitted and in good standing to practice before the Courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeal for the Second Circuit. There are no disciplinary proceedings pending against me.

2. I submit this Supplemental Declaration in support of the Application[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the *Declaration of Brett H. Miller in Support of Application of Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., Pursuant to 11 U.S.C. §§ 328(a) and 1103(a) for Authority to Retain and Employ Morrison & Foerster LLP as Counsel Nunc Pro Tunc to May 12, 2014* (the "**Initial Miller Declaration**").

1

ny-1156977

Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively, the "**TCEH Debtors**") for an Order Authorizing the Committee to Retain and Employ Morrison & Foerster as its Counsel Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 Effective as of May 12, 2014. Except as otherwise indicated, the facts set forth in this Supplemental Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

3. The purpose of this Supplemental Declaration is to provide additional disclosures in support of the Committee's application to retain Morrison & Foerster.

4. Morrison & Foerster's new business department, under the supervision of attorneys in the Business Restructuring & Insolvency Group, conducted an internal search to identify any "connections" with any creditors and parties-in-interest as of the Petition Date, as set forth on Schedule 1 to the the Initial Miller Declaration. This internal inquiry was performed by Morrison and Foerster's new business department consistent with its normal and customary practices using Morrison & Foerster's conflicts database to determine if Morrison & Foerster currently represents or formerly represented within three years of the Petition Date any of the Interested Parties

5. Based on the results of this search, and through direct inquiries with Morrison & Foerster attorneys as necessary, except as detailed in the Specific Disclosures section of the Initial Miller Declaration and below, it was determined that the representation of the Interested Parties disclosed on Schedule 2 attached to the Initial Miller Declaration concerned matters unrelated to the Committee, the Debtors, their estates, or these cases.

6. As previously disclosed in the Initial Miller Declaration, certain of Morrison & Foerster's clients have asked that it provide advice and assistance with ongoing purchases and sales of certain of the Debtors' loans pursuant to standardized Loan Syndication and

2

ny-1156977

Trading Association or "LSTA" trading documentation. Currently, attorneys at Morrison & Foerster are advising clients in connection with 13 open trades of the Debtors' debt. Upon consideration, Morrison & Foerster has agreed to conclude the active services on these open trades and to not provide further services to firm clients in connection with trading in the Debtors' debt. Morrison & Foerster expects the remaining trades to close within 60 days.

7. Attorneys in Morrison & Foerster's Northern Virginia office currently provide legal services to Alvarez & Marsal Real Estate Advisory Services, a division of Alvarez & Marsal Inc., which is the Debtors' proposed restructuring advisor, in connection with general business counseling and governmental contract disputes before the Government Accountability Office that are unrelated to these chapter 11 cases.

8. Attorneys in Morrison & Foerster's San Francisco office previously provided legal services to A&M Capital Real Estate, LLC, the real estate private equity and asset management arm of Alvarez & Marsal, Inc., in connection with potential joint venture opportunities that were unrelated to these chapter 11 cases. Morrison & Foerster can be adverse to Alvarez & Marsal, Inc. in these chapter 11 cases.

9. Morrison & Foerster currently provides legal services to Alcoa, a contract counterparty with the TCEH Debtors, in connection with state and local tax matters unrelated to these chapter 11 cases. Morrison & Foerster can be adverse to Alcoa in these chapter 11 cases.

10. Morrison & Foerster currently provides legal services to Evercore Partners, the Debtors' proposed investment banker, in connection with a proposed merger unrelated to these chapter 11 cases or the energy sector. Morrison & Foerster can be adverse to Evercore Partners in these chapter 11 cases.

11. Over three years ago, Morrison & Foerster provided legal services to NextEra Energy Resources LLC, a potential bidder in the Debtors' sale of its transmission and

delivery business, in connection with land use matters unrelated to these chapter 11 cases. Morrison & Foerster can be adverse to NextEra Energy Resources LLC in these chapter 11 cases.

12. As referenced in the Initial Miller Declaration, Morrison & Foerster also represents affiliates of Goldman Sachs & Co., Kohlberg Kravis Roberts & Co. L.P. and TPG Capital, as well as Fidelity Investments. Morrison & Foerster does not currently have waivers from Goldman Sachs & Co. or Fidelity Investments to be adverse to them in litigation. Should any litigation arise between the Committee and Goldman Sachs & Co. or Fidelity Investments, Morrison & Foerster will seek appropriate waivers, or in the alternative, the Committee will retain Polsinelli PC or other counsel as conflicts counsel to pursue such litigation. Morrison & Foerster can be adverse to Kohlberg Kravis Roberts & Co. L.P. and TPG Capital in these chapter 11 cases.

13. For the twelve months prior to the Petition Date, none of the entities identified in Schedule 2 of the Initial Miller Declaration has accounted for one percent or more of the value of the time billed to clients matters.

14. Pursuant to Morrison & Foerster's ethical wall procedures, in circumstances where potential conflicts may arise, Morrison & Foerster institutes a virtual wall to screen attorneys or other employees (the "**Screened Parties**") with actual or potential conflicts from the information pertaining to a screened matter and from attorneys or other employees who may work on the screened matter. Morrison & Foerster's ethical wall prevents the Screened Parties from accessing any documents, information or other data stored on Morrison & Foerster's computer network pertaining to the matter from which they are screened. The Ethical Wall also prevents the Screened Parties from searching the index of hard copy files maintained by Morrison & Foerster's Records Department for the screened matter or from accessing such files. In addition, Morrison & Foerster's ethical wall policy prohibits

attorneys or other employees working on the matter from discussing the matter with the Screened Parties. On a regular basis, Morrison & Foerster provides email updates to its attorneys and other employees regarding parties and matters from which they are screened and maintains an internal website where the attorneys and other employees can view a list of the various ethical walls applicable to them.

15. There is no proposed arrangement between the Committee and Morrison & Foerster for compensation to be paid in these cases. Morrison & Foerster has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

16. Morrison & Foerster is not currently employing any contract attorneys in these chapter 11 cases. To the extent Morrison & Foerster determines to employ contract attorneys, Morrison & Foerster will undertake a conflicts search pertaining to the contract attorney and file supplemental disclosures disclosing any additional connections.

17. The status of entities listed as Interested Parties on <u>Schedule 1</u> may have changed or could change during the pendency of these chapter 11 cases without our knowledge. Morrison & Foerster will periodically review its files during the pendency of these chapter 11 cases, and make any additional disclosures necessary, as required under Bankruptcy Rule 2014(a), to ensure that no conflicts or other disqualifying circumstances exist or arise.

18. Morrison & Foerster's new business department, under the supervision of attorneys in the Business Restructuring & Insolvency Group, conducted an internal search to determine if Morrison & Foerster had a "connection" to Andrea Schwartz, trial attorney for the office of the United States Trustee, and determined that Morrison & Foerster does not have any connection to Ms. Schwartz.

### Statement Regarding U.S. Trustee Guidelines

19.     Morrison & Foerster shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896], and any other applicable procedures and orders of the Court. Morrison & Foerster also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), both in connection with this Application and the interim and final fee applications to be filed by Morrison & Foerster in these chapter 11 cases.

### Attorney Statement Pursuant to Revised UST Guidelines

20.     Morrison & Foerster responds to the following questions in the U.S. Trustee Fee Guidelines in compliance with paragraph D, section 1 as follows:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your biling rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the |

|  |  |
|---|---|
|  | difference and the reasons for the difference. |
| Response: | Morrison & Foerster did not represent the Committee prepetition. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | The Committee and Morrison & Foerster expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court for the period from May 12, 2014 to the conclusion of the first interim fee period in these cases, recognizing that in the course of these massive chapter 11 cases there may be unforeseeable fees and expenses that will need to be addressed by the Committee and Morrison & Foerster. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2014

/s/ Brett Miller
BRETT H. MILLER