# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) RE: Docket No. ____ |

## ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY MORRISON & FOERSTER LLP EFFECTIVE AS OF MAY 12, 2014

UPON THE APPLICATION of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] pursuant to Fed. R. Bankr. P. 2014(a) for an order under sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the employment and retention of Morrison & Foerster LLP ("**Morrison & Foerster**") as counsel to the Committee in the above-captioned chapter 11 cases (the "**Cases**") effective as of May 12, 2014 (the "**Application**");[3] and upon the declaration of Michael Puryear in support of the Application; and upon the *Declaration of Brett H. Miller in Support of Application of Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a) and*

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

[3]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Application.

*1103(a) for Authority to Retain and Employ Morrison & Foerster LLP as Counsel Nunc Pro Tunc to May 12, 2014* (the "**Miller Declaration**") and the *Supplemental Declaration of Brett H. Miller in Support of Application of Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a) and 1103(a) for Authority to Retain and Employ Morrison & Foerster LLP as Counsel Nunc Pro Tunc to May 12, 2014* (the "**Supplemental Declaration**", together with the Miller Declaration, the "**Miller Declarations**") and this Court having jurisdiction to consider the Application; and venue being proper; and upon the Court finding that Morrison & Foerster represents no adverse interests in connection with these cases and that it is a "disinterested" person as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code; and upon further finding that the employment of Morrison & Foerster effective as of May 12, 2014, is necessary and is in the best interests of the Committee; and notice of the Application having been proper; and the relief requested in the Application being warranted, IT IS HEREBY ORDERED THAT:

1.  The Application is GRANTED as set forth herein.

2.  In accordance with Bankruptcy Code sections 328(a) and 1103(a), the Committee is hereby authorized to employ and retain Morrison & Foerster as counsel in the TCEH Debtors' chapter 11 cases effective as of May 12, 2014 upon the terms and conditions set forth in the Application and Miller Declaration, and Morrison & Foerster is authorized to perform the following services:

    (a)  advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

    (b)  assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

    (c)  attend meetings and negotiate with the representatives of the Debtors and other parties in interest;

ny-1153592

(d)     assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e)     assist and advise the Committee in connection with any sale of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code;

(f)     assist the Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

(g)     take all necessary action to protect and preserve the interests of the Committee, including (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(h)     generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the Committee;

(i)     appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(j)     perform all other necessary legal services in these cases for the Committee.

3.     Morrison & Foerster shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

4.     Morrison & Foerster is aware of certain potential claims by and between EFCH, TCEH and their direct and indirect subsidiaries on the one hand, and EFH Corporate Services on the other hand, including alleged potential actions under chapter 5 of the Bankruptcy Code and other intercompany claims.

5.     If any potential conflict by and between EFCH, TCEH and their direct and indirect subsidiaries on the one hand, and EFH Corporate Services on the other hand, whether or not resulting from intercompany claims or other claims, becomes an actual conflict, or Morrison

3

& Foerster otherwise determines that it can no longer provide advice to the Committee regarding any of the TCEH Debtors on a particular matter (either one, an "**Actual Conflict Matter**") then Morrison & Foerster immediately shall file a notice of the Actual Conflict Matter, with a copy to the U.S. Trustee, and the Committee will retain Polsinelli or other conflicts counsel ("**Conflicts Counsel**") to advise the Committee in connection with the Actual Conflict Matter.

6.    Morrison & Foerster shall not represent the Committee in litigating or otherwise advising the Committee with respect to the Actual Conflict Matter.  Morrison & Foerster may confer with the Committee, Conflicts Counsel, the Committee's other advisors, and any other party and advisors to such other parties in connection with Morrison & Foerster's continued representation of the Committee in (i) negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter.

7.    Morrison & Foerster shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and any other applicable procedures and orders of the Court.  Morrison & Foerster also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"),

4

both in connection with this Application and the interim and final fee applications to be filed by Morrison & Foerster in these chapter 11 cases.

8.      Notwithstanding anything to the contrary in the Application, the Miller Declarations, or any subsequent declaration, Morrison & Foerster shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties.  Morrison & Foerster has agreed to be bound by the terms of the Fee Committee Order.

9.      Notwithstanding anything to the contrary in the Application, Morrison & Foerster will not seek reimbursement of expenses for office supplies.

10.      Morrison & Foerster shall not charge a markup to the TCEH Debtors with respect to fees billed by contract attorneys who are hired by Morrison & Foerster to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  For the avoidance of doubt, Morrison & Foerster shall neither share fees with existing or future contract attorneys who advise the Committee nor enter into fee sharing arrangements with such contract attorneys.

11.      Prior to any increases in Morrison & Foerster's rates for any individual retained by Morrison & Foerster and providing services in the cases, Morrison & Foerster shall file a supplemental affidavit with the Court and provide ten business days' notice to the TCEH Debtors, the United States Trustee and the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the

ny-1153592

reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12.    Absent further order of this Court, fees and expenses incurred by Morrison & Foerster shall be paid by the TCEH Debtors.

13.    The Committee and Morrison & Foerster are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15.    To the extent the Application, the Puryear Declaration, the Miller Declaration or the Supplemental Declaration is inconsistent with this Order; the terms of this Order shall govern.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

17.    This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2014
       Wilmington, DE                      _____
                                           THE HON. CHRISTOPHER S. SONTCHI
                                           UNITED STATES BANKRUPTCY JUDGE

ny-1153592