**Exhibit B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER** ~~APPROVING THE EMPLOYMENT AND RETENTION OF~~ **AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY EPIQ BANKRUPTCY SOLUTIONS, LLC AS THE ADMINISTRATIVE ADVISOR FOR THE DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), authorizing the Debtors to retain and employ Epiq Bankruptcy Solutions, LLC ~~("Epiq")~~ as administrative advisors, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application ~~and the Katchadurian Declaration;~~, the Katchadurian Declaration, the *Supplemental Declaration of James Katchadurian in Support of the Application of the Debtors for Entry of an Order Approving the Employment and Retention of Epiq Bankruptcy Solutions, LLC as the Administrative Advisor for the Debtors, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. ###] (the "Supplemental Katchadurian Declaration"), and the Work Order attached as **Exhibit A** to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted ~~on an interim basis~~, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] ~~Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.~~

the Supplemental Katchadurian Declaration (as defined therein); [3] and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-In-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application, the Katchadurian Declaration, and the Supplemental Katchadurian Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is granted to the extent ~~set forth~~provided herein, effective *nunc pro tunc* to the Petition Date.

2.  To the extent the Application, the Katchadurian Declaration, the Supplemental Katchadurian Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

~~2.~~3.  The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain (a) Epiq Bankruptcy Solutions LLC as administrative advisors to the Debtors in accordance with the terms and conditions set forth in the Application

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Katchadurian Declaration, and the Supplemental Katchadurian Declaration, as applicable.

and in the Engagement Letter attached to the Application as **Exhibit C**, ~~subject to the terms of this Order.~~and (b) Epiq Bankruptcy Solutions LLC's affiliate, Epiq eDiscovery Solutions (together with Epiq Bankruptcy Solutions LLC, "Epiq"), as e-discovery vendor in accordance with the terms and conditions set forth in the Supplemental Katchadurian Declaration and in the Work Order attached to the Supplemental Katchadurian Declaration as **Exhibit A**, each subject to the terms of this Order.

4. Epiq shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

~~3.~~5. The indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

  (a) Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;

  (b) the Company shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

  (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Company's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtors may not pay

3

        any such amounts to Epiq before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Company's obligation to indemnify Epiq.  All Parties-In-Interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

        4.6.   Notwithstanding anything in the Engagement Letter or Work Order to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with Epiq's engagement by the Company on behalf of the Debtors and, the Engagement Letter, including the indemnification provisions outlined in the Engagement Letter, and the Work Order.

        7.   Epiq Bankruptcy Solutions LLC shall (a) maintain records of all services which shall show the dates of service, categories of service, fees charged, and expenses incurred and (b) file and serve monthly invoices on (i) the Debtor, the U.S. Trustee, the Creditors' Committee, and any other party to which the Debtors consent, monitoring the expenses of the Debtor and (ii) any party-in-interest who requests, in writing directed to Epiq Bankruptcy Solutions LLC, service of the monthly invoices (in each case consistent with any order entered by the Court before or after the date herein, establishing procedures governing the compensation of the Debtors' retained professionals).

        8.   Epiq is authorized without further order of the Court to reserve and apply amounts from the retainer that McDermott earned prepetition in accordance with the Engagement Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse Epiq for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices.  Epiq shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses

4

before the entry of an order approving any portion of Epiq's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. Epiq currently estimates that the remaining amount of the Retainer is approximately $47,971.54 and that the Prepetition Fees and Expenses total approximately $0.  In advance of the hearing on the First Interim Fee Application, Epiq shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses.  Thereafter, Epiq shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

       5.9.    Epiq will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that Epiq Bankruptcy Solutions LLC shall be compensated in accordance with the terms of the Engagement Letter and Epiq eDiscovery Solutions shall be compensated in accordance with the terms of the Work Order, each subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

       6.10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application, the Engagement Letter, and the Work Order.

       7.11.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.12.   TheNotwithstanding any provision to the contrary in this Application, the Katchadurian Declaration, the Supplemental Katchadurian Declaration, or the Engagement Letter, the Court retainsshall retain jurisdiction with respect toto hear and to determine all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                                      UNITED STATES BANKRUPTCY JUDGE