IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF DAVID YING IN SUPPORT OF THE APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY EVERCORE GROUP L.L.C. AS INVESTMENT BANKER AND FINANCIAL ADVISOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, DAVID YING, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a Senior Managing Director and the Head of Restructuring at Evercore Group L.L.C. ("**Evercore**"), which has a place of business at 55 East 52nd Street, New York, NY 10055.

2. The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed their application (the "**Application**") to employ and retain Evercore on May 29, 2014 (ECF No. 651).[1] My original declaration in support of the Application (the "**Original Declaration**") was filed together with the Application. My first supplemental declaration in support of the application was filed on July 29, 2014 (ECF No. 1712). I submit this second supplemental declaration on behalf of Evercore in compliance with §§ 327 and 328 of the Bankruptcy Code and to provide the disclosures required under Bankruptcy Rules 2014(a), 2016

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

and 5002, and Local Rules 2014-1 and 2016-2 in further support of the Application. Except as otherwise noted herein and in my Original Declaration, I have personal knowledge of the matters set forth herein.

3. Based on my understanding and information received from the Debtors, Evercore's services relate to those of other financial professionals of the Debtors as follows:

| *Professional* | *Description of Services* |
|---|---|
| Evercore Group LLC, as investment banker and financial advisor | Evercore will be primarily responsible for:<br><br>• Advising and assisting the Debtors in a restructuring, financing, or sales of businesses or assets.<br><br>• Assisting the Debtors in developing a restructuring plan or plan of reorganization.<br><br>• Advising the Debtors on tactics and strategies for negotiating with various stakeholders regarding a transaction structure and the plan.<br><br>• Assisting the Debtors in obtaining financing from lenders, including identifying and negotiating with potential lenders.<br><br>Evercore will **not** be primarily responsible for providing services related to:<br><br>• Serving as the point of contact with the Debtors' key constituents/creditors with respect to diligence requests regarding operations.<br><br>• Assisting the Debtors in producing financial and operational related disclosures as may be required by the Bankruptcy Code, the Office of the United States Trustee, or other order of the Court.<br><br>• Advising the Debtors on matters related to the energy industry.<br><br>• Advising the Debtors on matters related to compensation metrics. |
| Alvarez & Marsal North America LLC, as restructuring advisor | A&M will be primarily responsible for:<br><br>• Assisting the Debtors in preparing financial and operational related disclosures as required by the Bankruptcy Code, the Office of the U.S. Trustee, or other orders of the Court (*e.g.*, SOFAs and schedules, MORs, cash flow projections).<br><br>• Assisting in the identification and performance of cost/benefit analyses related to supply agreements and other executory contracts and the assumption/rejection of each. |

| *Professional* | *Description of Services* |
|---|---|
| | • Serving as the point of contact with the Debtors' key constituents/creditors with respect to diligence requests regarding operations.<br><br>A&M will **not** be primarily responsible for providing services related to:<br><br>• Advising the Debtors on matters related to the energy industry.<br><br>• Advising the Debtors on matters related to compensation metrics.<br><br>• Assisting the Debtors in developing or negotiating a restructuring transaction, debtor in possession financing, or section 363 sales. |
| Filsinger Energy Partners, as energy consultant | Filsinger will be primarily responsible for:<br><br>• Analyzing the Debtors' financial forecast for business strengths, weaknesses, and risks from the perspective of the Debtors' principal objective of maximizing enterprise value.<br><br>• Provide forecasts of commodity prices, including fuel prices, electric supply and demand conditions, transmission constraints, hydro generation conditions, emissions allowance costs, and new construction metrics.<br><br>• Reviewing and analyzing compensation metrics.<br><br>Filsinger will **not** be primarily responsible for providing services related to:<br><br>• Serving as the point of contact with the Debtors' key constituents/creditors with respect to diligence requests regarding operations.<br><br>• Assisting the Debtors in producing financial and operational related disclosures as may be required by the Bankruptcy Code, the Office of the United States Trustee, or other order of the Court.<br><br>• Advising the Debtors on tactics and strategies for negotiating with various stakeholders regarding a transaction structure and the plan.<br><br>• Assisting the Debtors in obtaining financing from lenders, including identifying and negotiating with potential lenders. |

4. Evercore will use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. In the ninety days prior to the Petition Date, Evercore invoiced the Debtors and the Debtors paid Evercore as follows:

| Invoice Date | Invoice Amount | Dates of Fees and Expenses Covered by Invoice | Payment Date | Payment Amount | Retainer Balance |
|---|---|---|---|---|---|
| 2/11/2014 | $407,328.42 | 2/1/14 - 2/28/14 | 2/14/2014 | $407,328.42 | none |
| 3/12/2014 | $421,936.18 | 3/1/14 - 3/31/14 | 3/14/2014 | $421,936.18 | - |
| 4/21/2014 | $412,335.32 | 4/1/14 - 4/30/14 | 4/25/2014 | $412,335.32 | - |
| 4/25/2014 | $14,659.00 | 2/27/14 - 4/25/14 | 4/28/2014 | $14,659.00 | - |
| 4/25/2014 | $45,341.00 | 2/1/14 - 4/28/14 (estimated expenses) | 4/28/2014 | $45,341.00 | - |
| 4/28/2014 | $5,500,000.00 | 4/28/2014 | 4/28/2014 | $5,500,000.00 | - |
| 4/28/2014 | $8,750,000.00 | 4/28/2014 | 4/28/2014 | $8,750,000.00 | - |
| Total | $15,551,599.92 | | | $15,551,599.92 | |

The unapplied portion of the expense estimate will be applied to the first approved fees and expenses in these chapter 11 cases.

6. In paragraph 12 of my Original Declaration and paragraph 15 of the Debtors' Application to retain Evercore, Evercore's Fee and Expense Structure was summarized as follows:[2]

(a) **Monthly Fee:** $650,000 per month until a Restructuring or termination of Evercore's engagement.

(b) **Restructuring Fee:** $35 million for simultaneous Restructuring(s) of TCEH/EFCH and EFIH. But if a first Restructuring concerns only one of TCEH/EFCH and EFIH, then a portion of the $35 million Restructuring Fee will then be due based on time allocation and the remainder of $35 million due if and when a second Restructuring occurs. In either case, the aggregate Restructuring Fee is payable only once. There is no Restructuring Fee for certain modifications of existing obligations under the Debtors' existing liability management program or similar programs, certain immaterial modifications and modifications agreed by the Debtors.

(c) **Sale Fee:** $9 million, payable once, for a Sale of all or substantially all of either or both of TCEH/EFCH and EFIH. Sales that give rise to a Sale Fee also give rise to a Restructuring Fee.

(d) **DIP Financing Fee:** $11 million, payable once, for a first lien DIP Financing. Half of the DIP Financing Fee is due upon DIP Financing commitment, with the balance due upon approval of the DIP Financing by the Court.

(e) **Credits:**

---

[2] This summary was prepared for convenience purposes only and is not an exhaustive reflection of the fee and expense terms set forth in the Engagement Letter, which is controlling in all respects.

      i. *Monthly Fee Credit*:  The first eight Monthly Fees, and the amount by which each subsequent Monthly Fee exceeds $400,000 (which will be $250,000 for a Monthly Fee of $650,000), are creditable against the Restructuring Fee.

      ii. *DIP Financing Fee Credit*:  $3 million of the DIP Financing Fee is creditable against the Restructuring Fee.

These credits are conditioned on full payment and final approval of the related fees and are subject to allocation.

(f) **Allocation:**  Evercore's fees have been allocated in order to align them with the Debtors' economic structure and the interests of the Debtors' economic stakeholders.

      i. *Timekeeping:*  To facilitate allocation, Evercore's professionals will record whether hours expended providing services are attributable to TCEH/EFCH, EFIH, or EFH specifically, or are instead attributable more than one of these.

      ii. *Monthly Fee*:  Monthly Fees will be allocated to TCEH/EFCH, EFIH, and EFH in proportion to time spent by Evercore on each during the month.

      iii. *Restructuring Fee*: The Restructuring Fee will be allocated amongst as many of TCEH/EFCH, EFIH, and EFH as are related to the Restructuring, in proportion to all allocated time spent by Evercore on each.

      iv. *Sale Fee*:  The Sale Fee will be allocated amongst as many of TCEH/EFCH, EFIH, and EFH as are related to the Sale(s), in proportion to all allocated time spent by Evercore on each.

      v. *DIP Financing Fee*:  The DIP Financing Fee will be allocated in proportion to the third-party DIP financing commitments provided by bank lenders, if any, relating to each of TCEH/EFCH, EFIH, and EFH.

      vi. *Credits:*  The Monthly Fee credit and the DIP Financing Fee credit will each be allocated to TCEH/EFCH, EFIH, and EFH in proportion to their allocable share of the underlying Monthly Fees or DIP Financing Fee.

      vii. *Alternate Allocation*:  Subject to Bankruptcy Court approval, the Debtors and Evercore may later agree to alter the allocations described in furtherance of the alignment goals described above.

(g) **Expenses:** The Debtors will pay reasonable and documented out-of-pocket expenses, including reasonable and documented cost of counsel.

7.    In relation to this description of the Fee and Expense Structure, since the filing of my Original Declaration, Evercore and the Debtors have agreed with the Official

Committee of Unsecured Creditors that Evercore's current Monthly Fee will be reduced to $525,000 per month.  This change will be reflected in a revised proposed form of retention order to be submitted by the Debtors.  The Monthly Fee crediting mechanism remains unchanged: the first eight Monthly Fees, and the amount by which each subsequent Monthly Fee exceeds $400,000 (which will be $125,000 for a Monthly Fee of $525,000), are creditable against the Restructuring Fee.

8. Additionally, as further context in relation to the Sale Fee description in paragraph 12(c) of my Original Declaration and paragraph 15(c) of the Debtors' Application, a Sale giving rise to a Sale Fee – which is a Sale of all or substantially all of either or both of TCEH/EFCH and EFIH – gives rise to a Restructuring Fee, and this component of the current Fee and Expense Structure was an element of the overall fee negotiations between the Debtors and Evercore in early 2014 that was implemented through amendment and restatement of the agreement as of October 29, 2013 between the Debtors and Evercore, attached to my original Declaration as Exhibit 3, by the current Engagement Letter as of April 29, 2014.  These negotiations resulted in substantially lower overall anticipated fees.

*[The remainder of this page is intentionally blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 11, 2014

By: _____
David Ying
Senior Managing Director and Head of Restructuring
Evercore Group LLC.