**<u>Exhibit B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY KPMG LLP AS BANKRUPTCY ACCOUNTING AND
TAX ADVISORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ KPMG LLP ("KPMG") as bankruptcy accounting and tax advisors effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, the Bibby Declaration, the *Supplement to the Application of Energy Future Holdings Corp, et al., for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1968] (the "Application Supplement"), the *Supplemental Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings Corp., et al.*, *for Entry of an Order Authorizing the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Bibby Declaration, the Application Supplement, the Supplemental Bibby Declaration, and the Second Supplemental Bibby Declaration, as applicable.

*Debtors To Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. ~~];~~1969] (the "Bibby Application Supplement Declaration"), and the *Second Supplemental Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings Corp.* et al., *for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. ###] (the "Supplemental Bibby Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Bibby Declaration, the Application Supplement, the Bibby Application Supplement Declaration, the Supplemental Bibby Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Application is granted to the extent ~~set forth~~provided herein, effective *nunc pro tunc* to the Petition Date.

2. To the extent the Application, the Bibby Declaration, the Application Supplement, the Bibby Application Supplement Declaration, the Supplemental Bibby Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

2.3. The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain KPMG as bankruptcy accounting and tax advisors in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit C**, subject to the terms of this Order.

4. The limitation of liability provision provided for in Article 6 of the Standard Terms and Conditions for Advisory Tax Services attached to the Engagement Letter shall be deleted in its entirety and shall have no force or effect during the Debtors' chapter 11 cases.

5. KPMG shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

3.6. The indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

    (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Agreements and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional agreement(s) are filed with the Court and no parties object to such agreement(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, such agreement(s) shall be deemed approved by the Court;

    (b) the Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to

      be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Agreements and Application, as modified by this Order; and

    (c)  if, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreements (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG.  All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

4.7.    Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with KPMG's engagement by the Debtors on behalf of the Debtors and the Engagement Letter, including the indemnification provisions outlined in the Engagement Letter

8.    KPMG is authorized without further order of the Court to reserve and apply amounts from the retainer that KPMG earned prepetition in accordance with the Engagement Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse KPMG for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices.  KPMG shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses before the entry of an order approving any portion of KPMG's first interim

application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. KPMG currently estimates that the remaining amount of the Retainer is approximately $266,413.50 and that the Prepetition Fees and Expenses total approximately $0. In advance of the hearing on the First Interim Fee Application, KPMG shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses. Thereafter, KPMG shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

5.9.    KPMG will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that KPMG shall be compensated in accordance with the terms of the Engagement Letter and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

10.    KPMG is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

11.    Pursuant to the terms of the Engagement Letter, KPMG is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of KPMG's counsel (which counsel shall not

be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee; *provided however*, that KPMG shall not seek reimbursement for any services provided by KPMG's counsel to the Debtor; *provided further*, that KPMG may only seek reimbursement for services performed by KPMG's counsel in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further*, that KPMG shall submit the invoices of KPMG's counsel together with any application seeking allowance of reimbursement for the fees, disbursements, and other charges of its counsel.

12.     Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by KPMG shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

6.13.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.15.    TheNotwithstanding any provision to the contrary in this Application, the Bibby Declaration, the Application Supplement, the Bibby Application Supplement Declaration, the Supplemental Bibby Declaration, or the Engagement Letter, the Court retainsshall retain

jurisdiction ~~with respect to~~<ins>to hear and to determine</ins> all matters arising from or related to ~~the~~ implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                                  THE HONORABLE CHRISTOPHER S. SONTCHI
                                                UNITED STATES BANKRUPTCY JUDGE