# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979(CSS) |
| Debtors. | ) (Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF
## PAUL S. CARUSO IN FURTHER SUPPORT OF THE
## APPLICATION OF THE DEBTORS FOR AN ORDER
## AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
## SIDLEY AUSTIN LLP AS SPECIAL COUNSEL FOR CERTAIN CORPORATE AND
## LITIGATION MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Paul S. Caruso, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Sidley Austin LLP ("Sidley") and am a resident at its offices located at One South Dearborn Street in Chicago, Illinois 60603.

2. I submit this supplemental declaration (the "Supplemental Declaration") in support of the application (the "Application") [Docket No. 665] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order, pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code for authorization to employ and retain Sidley as special counsel to the Debtors effective *nunc pro tunc* to the Petition Date.[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Initial Declaration, as applicable.

KE .

3. This Supplemental Declaration augments the disclosures to the Court concerning Sidley's engagement by the Debtors in my original declaration submitted in support of Sidley's retention on May 29, 2014 (the "Initial Declaration") [Docket No. 665], and further describes the scope of Sidley's retention by the Debtors.

**Sidley's Engagement**

4. As set forth in the Initial Declaration, prior to the Petition Date, Sidley represented the Debtors in connection with the EPA Matters, the Sponsor Matters and various other matters. The Debtors attached to the Application, as an exhibit to the proposed form of order, that certain engagement letter dated June 21, 2013 (the "Sponsor Matters Engagement Letter") which set forth the terms and conditions of Sidley's retention as special counsel to the Debtors in connection with the Sponsor Matters as well as certain other matters. As disclosed in the Application, since July 15, 2011, Sidley has also represented the Debtors in connection with the EPA Matters pursuant to a separate engagement letter dated July 15, 2011, as amended or supplemented from time to time (the "EPA Matters Engagement Letter" and, together with the Sponsor Matters Engagement Letter, the "Engagement Letters").

5. The EPA Matters Engagement Letter is attached hereto as Exhibit A. Sidley will file a revised proposed form of order that was included in the Application as Exhibit A to include the EPA Matters.

6. No agreement or understanding exists between Sidley and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Sidley share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by Section 504 of the Bankruptcy Code.

**Statement Regarding U.S. Trustee Guidelines**

7. Sidley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Sidley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Sidley in these chapter 11 cases.

**Attorney Statement Pursuant to Revised UST Guidelines**

8. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

   a. **Question**: Did Sidley Austin agree to any variations from, or alternatives to, Sidley Austin's standard billing arrangements for this engagement?

   **Answer**: No. As described above, prepetition Sidley provided services to the Debtors in connection with the EPA Matters subject to a discounted fee arrangement, which Sidley and the Debtors anticipate will continue during these Chapter 11 Cases. This fee arrangement did not apply to any other matters on which Sidley represented the Debtors prepetition and will not apply to any other matters on which Sidley will represent the Debtors postpetition.

   b. **Question**: Do any of the professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

   **Answer**: No. The hourly rates of the Sidley professionals representing the Debtors are consistent with the rates that Sidley charges other chapter 11 clients, regardless of the location of the chapter 11 case.

c. **Question**: If Sidley Austin has represented the Debtors in the 12 months prepetition, disclose Sidley Austin's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Sidley Austin's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: Sidley's current hourly rates for matters related to these chapter 11 cases, range as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $775-$1,175 |
| Of Counsel | $750-$900 |
| Associates | $425-$725 |
| Paraprofessionals | $110-$350 |

Sidley's billing rates and material financial terms have not changed postpetition compared to services provided to the Debtors in the 12 months prepetition, both with respect to the EPA Matters and any other matters.[3]

d. **Question**: Have the Debtors approved Sidley Austin's budget and staffing plan, and, if so, for what budget period?

**Answer**: The Debtors and Sidley expect to develop a budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court for the period of time from April 29, 2014, to August 31, 2014.

### Description of Services

9. Sidley will use its reasonable efforts to avoid any duplication of services provided to the Debtors by any of the Debtors' other retained professionals in these chapter 11 cases. To illustrate such efforts, the following chart describes the services of Sidley.[4]

---

[3] Subject to the information set forth in footnote 6 in my Initial Declaration.

[4] The chart below is being provided for illustrative purposes only. Nothing in this chart shall modify the terms set forth in the Engagement Letter (as modified by the order entered by this Court approving the Application) or applicable professional standards. My personal knowledge is limited to the work done by Sidley.

| *Professional* | *Description of Services* |
|---|---|
| Sidley Austin LLP, as special counsel on certain corporate and litigation issues | Sidley Austin will be primarily responsible for:<br><br>• Reviewing matters related to potential claims against EFH Corp.'s majority equity owners and other parties related to the transaction that took the Debtors private in 2007.<br><br>• Advising the Debtors on certain matters relating to the Environmental Protection Agency.<br><br>• Advising the Debtors on an as-requested basis for certain matters on which Kirkland & Ellis will not advise.<br><br>Sidley Austin will **not** be primarily responsible for providing services related to:<br><br>• Advising the Debtors on potential transaction structures (including negotiations with lenders and investors related to the same).<br><br>• Serving as the primary legal point of contact for operational and financing inquiries from creditors.<br><br>• General restructuring issues. |

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  September 15, 2014             Respectfully submitted,

                                        */s/ Paul S. Caruso*
                                        Paul S. Caruso
                                        Sidley Austin LLP

## **Exhibit A**

KE .

C ATR

**SIDLEY** | SIDLEY AUSTIN LLP

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES

NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D C

pkeisler@sidley.com
(202) 736-8027

FOUNDED 1866

July 15, 2011

**Privileged and Confidential**

Big Brown Power Company LLC
Luminant Big Brown Mining Company LLC
Luminant Energy Company LLC
Luminant Generation Company LLC
Luminant Mining Company LLC
Luminant Mining Services Company
Luminant Power Services Company
Oak Grove Management Company LLC
Oak Grove Mining Company LLC
Sandow Power Company LLC

Attention:   Stacey H, Doré
             Vice President and Assoc. General Counsel
             Energy Future Holdings
             1601 Bryan Street
             Dallas, Texas 75201-3411

Ladies and Gentlemen:

       **Introduction**. Our Firm is pleased that you have asked us to serve as your counsel. This letter (together with the Attachment entitled "Additional Terms and Conditions" that is an integral part of this letter) governs the terms of our engagement by you. We have received your Outside Legal Counsel Policy and agree that it also governs the terms of our engagement by you. We also agree that to the extent of a conflict between this letter (including the Attachment) and your Outside Legal Counsel Policy, the Outside Legal Counsel Policy will control, except as to Section X of the Outside Legal Counsel Policy entitled "Other Clients," which will not apply to this engagement. If this letter (including the Attachment) is acceptable to you, please sign two copies in the space provided, retain one copy and return the other copy to me.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

KE .

**SIDLEY** | SIDLEY AUSTIN LLP

Page 2

Client. The clients in the matter described below will be Big Brown Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, Luminant Mining Services Company, Luminant Power Services Company, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, and Sandow Power Company LLC (the "Clients").

Matter; Scope. We will represent, and provide legal advice and assistance to, the Clients in a matter (the "Matter") involving the EPA's Clean Air Transport Rule. In respect of the Matter, we will provide the following legal advice and services: advice and assistance regarding agency reconsideration and judicial review. We will work closely with the Client's in-house lawyers in handling the Matter. In addition, we will be pleased to work with Balch & Bingham and Hunton & Williams as co-counsel.

Fees and Expenses. Our fees relating to the Matter will be based on the billing rate for each attorney, legal assistant and litigation support person (as well as any other relevant timekeeper), as applicable, devoting time to the Matter. We will apply a 10% discount to the hourly billing rates described in this paragraph. Our billing rates for attorneys in our United States offices currently range from $325 per hour for new associates to $1,200 per hour for senior partners. The current hourly billing rates for Peter Keisler, Roger Martella, and Timothy Webster are $900, $750, and $650, respectively. Time devoted by legal assistants in those offices is currently charged at billing rates ranging from $190 per hour to $310 per hour, and billing rates for litigation support personnel range from $135 per hour to $390 per hour. These billing rates are subject to change from time to time.

We will include on our bills charges for performing services such as document reproduction, messenger and overnight courier service, travel, long-distance telephone, facsimile and telecopy, document processing, and search and filing fees. Fees and expenses of others (such as outside experts, consultants, other non-legal professionals and local co-counsel) generally will not be paid by us, but will be billed directly to the Clients. More detailed information with respect to our expense recovery policies and procedures, which are an integral part of our agreement with you as reflected in this letter, can be accessed on our website at http://www.sidley.com/costrecoverypolicy/us/. These policies and procedures take into account, among other things, a number of special programs that we have entered into with certain of our vendors and independent service providers.

KE .

**SIDLEY** | SIDLEY AUSTIN LLP

Page 3

We will bill you monthly, and respectfully request that our bills be paid within 60 days after receipt, except as may be otherwise agreed by us.

Conflicts. We have numerous clients, and many of these clients rely upon us for general representation. We also represent clients with interests in debt of certain of your affiliates as well as clients that may compete with you or your affiliates or have an interest in certain of your markets or assets. We have provided advice to them regarding those positions and interests. Although we hope that it never happens, it is possible that an adverse relationship (including litigation) may develop in the future between you and one of our other current or future clients. If we are not representing you in that matter, and the matter in which you and another client have adverse interests is not substantially related to our representation of you in the Matter, you agree that we may represent the other client, you waive any conflict arising from such representation, and you agree you will not seek to disqualify or otherwise seek to prevent us from representing such other client. It will be incumbent on us to determine whether a matter in which we represent another client with adverse interests to yours is substantially related to a matter in which we represent you and to so advise you, as soon as practicable consistent with our confidentiality obligations to the other client. Moreover, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used by the other client to your material disadvantage, unless we can demonstrate to your reasonable satisfaction that any confidential information we have obtained would be sequestered from the lawyers working for our other client and you provide us with an express written waiver of conflict after having received such satisfactory assurance. You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) prior to agreeing to this waiver, and have made your own decision about whether to do so.

Term of Engagement. Either the Clients or Sidley may terminate representation in the Matter at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. If we terminate the representation before it is concluded, we will take such steps as are reasonably practicable to protect the Clients' interests in the Matter. If a court's permission is required for withdrawal from the representation, we will promptly apply for such permission, and the Clients will cooperate in such application and will engage successor counsel to represent the Clients in the Matter.

KE .


SIDLEY AUSTIN LLP
SIDLEY

Page 4

    Unless previously terminated, our engagement in the Matter and our representation of the Clients will terminate upon the earlier of (i) the completion by us or abandonment by you of the Matter and (ii) our sending our final statement for services rendered in the Matter.

\* \* \*

    Thank you for the opportunity to serve you.

Very truly yours,

*[signature]*

Attachment:    Additional Terms and Conditions

Acknowledged and Agreed

\*By: _[signature: Stacey H. Doré]_

\* Ms. Doré has been delegated authority by the Acting General Counsel of Energy Future Holdings to sign this agreement.

KE .

DRAFT AS OF 09/13/2014


SIDLEY AUSTIN LLP

**Privileged and Confidential**

**Additional Terms and Conditions**

This is an attachment to, and integral part of, the Engagement Letter dated July 15, 2011 with Big Brown Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, Luminant Mining Services Company, Luminant Power Services Company, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, and Sandow Power Company LLC (the "Clients").

**Affiliated Sidley Partnerships.** References in this document to the Firm, insofar as the provision of legal services hereunder is concerned, do not include any office or partnership within the group of affiliated Sidley partnerships that does not render advice with respect to the Matter.

**Clients.** The Clients in the engagement are only the entities named in the Engagement Letter. The Clients do not include any subsidiary or affiliate of such entity, nor any of its or their respective individual shareholders, directors, officers or employees. Accordingly, our representation of the Clients in a Matter will not give rise to any conflict of interest if any of our other clients are adverse to any subsidiary or affiliate of the Clients.

**Matters; Scope.** The Matters in this engagement are only those that are described in the Engagement Letter. The scope of our engagement in the Matter is as described in the Engagement Letter. If you and we agree in writing, the scope of our engagement in the Matter may be expanded. Any additional matters for the Clients will be governed by a supplement to the Engagement Letter. Without limitation, unless otherwise agreed to by us in writing, our engagement in the Matter will not involve insurance coverage issues; the Firm will not provide advice concerning notification of insurance carriers, and will not be responsible for notifying such carriers or for follow-up communications with the carriers regarding the status of the matter.

After completion of the Matter, changes may occur in applicable laws or regulations or applicable transaction documentation that could have an impact on the Clients' future rights and liabilities. Unless the Clients actually engage us after the completion of the Matter to provide additional advice on issues arising from the Matter and we accept such engagement in writing, we will have no continuing obligation to advise the Clients with respect to future legal developments.

**Security Retainer.** We are not at this time requesting a security retainer ("Security Retainer") for fees and expenses to be incurred in connection with our engagement hereunder. However, we reserve the right to request one in connection with any representation. Any Security Retainer will be deposited in a client trust account, and we will charge our fees and expenses against the Security Retainer and credit those charges on our bills. If our fees and expenses exceed the Security Retainer deposited with us, we will bill you for the excess. Any unused portion of the Security Retainer will be refunded without interest at the conclusion of our engagement. We will have the right to request additions to the Security Retainer from time to time based on our estimate of future work to be undertaken. If the Clients fail to pay promptly any requested addition, we will have the right, subject to applicable rules of professional conduct, to withdraw from further representation of the Clients.

**Confidentiality and Document Retention.** Following the completion of the Matter, if we have retained any otherwise nonpublic information that the Clients have supplied to us in connection with the Matter, we will keep such information confidential in accordance with applicable rules of professional conduct. If, upon termination, the Clients wish to have any documents relating to the Matter and then in our possession delivered to the Clients, you should so advise us. As used herein, "documents" means documents in any format, including hard copy documents and electronic documents (including emails). We reserve the right to retain copies of any documents delivered to the Clients.

All of Sidley's work product in connection with the representation is owned by Sidley. Sidley may use and permit others to use such work product in whole or in part in other projects to the extent that such use is consistent with Sidley's confidentiality obligations to the Clients. Such work product may also be used by the Clients, except to the extent that Sidley expressly states otherwise with respect to particular documents, such as signed opinion letters.

i

# SIDLEY
SIDLEY AUSTIN LLP

Upon the Clients' request at the termination of the representation, Sidley will provide to the Clients Sidley's file relating to the representation, including any documents or other property that the Clients provided to Sidley in connection with the representation. To the extent permitted by applicable law and ethical rules, the Clients agree that such file will not include Sidley's administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, internal Sidley work product (such as drafts, notes, and internal memoranda and e-mails),. Sidley may make and retain a copy of the file provided to the Clients.

If Sidley is required to respond to a subpoena or other formal request from a third party or a governmental agency for records or other information relating to the representation, or to testify by deposition or otherwise concerning the representation (a "Request"), Sidley will first, to the extent permitted by applicable law, consult with the Clients as to whether it is the Clientss wish that Sidley comply with the Request or resist it, to the extent that there is a basis for doing so. The Clients will reimburse Sidley for its time and expense incurred in responding to any such Request, including time and expense incurred in reviewing documents, appearing at depositions or hearings, and otherwise addressing issues raised by the Request, and search and photocopy costs.

We reserve the right to transfer documents to the personnel responsible for administering our records retention program, for initial retention in accordance with our records retention procedures. For various reasons, including the minimization of unnecessary storage expenses, we also reserve the right to destroy or otherwise dispose of any documents retained by us, including documents transferred as described in the preceding sentence and documents otherwise retained by us. We may exercise the rights described in the preceding two sentences from time to time, whether or not in connection with the completion of the Matter, but our exercise of such rights will be subject to applicable rules of professional conduct and to any applicable written agreement between us and the Clients. Subject as aforesaid, we have no obligation to retain or otherwise preserve any documents relating to any Matter.

**Laws Covered**. Except as may be otherwise agreed to by Sidley in writing, our representation of the Clients hereunder will be limited to matters of United States federal law, state law in states in which we have offices and, as applicable, the Delaware Limited Liability Company Act and the Delaware General Corporation Law.

**Privacy, Data Protection and Confidentiality**. Our applicable policies with respect to privacy, data protection and information security relating to personal information can be accessed on our website at http://www.sidley.com/admin/onlineprivacy.asp. Subject to those policies and to applicable ethical confidentiality obligations, and unless otherwise directed by the Clients, Sidley may use a variety of electronic communication systems in communicating internally, with the Clients and with others during the representation, including cellular or satellite telephone calls, e-mails, facsimile transmissions, video conferencing and other forms of evolving electronic communications. Sidley uses outsourced nonlawyer personnel in its offices for a variety of support functions, including mailroom, photocopy, information technology and word processing, who are required by Sidley to agree to maintain the confidentiality of information relating to Sidley's clients.

**Publicity**. Unless instructed otherwise by the Clients, Sidley may disclose that it has represented the Clients in a matter if the matter has been publicly disclosed, such as by a filing with a court or regulatory authority or the Clients' issuance of a press release. Unless the Clients consent to the inclusion of additional information, Sidley's disclosure will be limited to the Clients' names, the name of the other party or parties, and a short description of the matter that contains only publicly-available information. Sidley will make such disclosures only in Sidley's marketing materials, on its website, and in reports to information and ranking agencies such as Thomson Reuters and Chambers.

**Consent Regarding Privileged Sidley Communications**. When issues arise concerning Sidley's professional duties and rights, including under applicable professional conduct rules, Sidley may seek confidential counsel from internal Sidley lawyers with responsibility or expertise in the areas in question, and in some instances from outside counsel as well. In such circumstances, some courts have concluded that a conflict of interest arises between a law firm and its client, and have refused to recognize the law firm's communications as privileged. Sidley believes that it is in the mutual interest of Sidley and its clients that Sidley receive expert and confidential legal advice regarding its professional duties and rights in such circumstances. Accordingly, the Clients consent to such consultation, waives any claim of conflict of interest that could result from such consultation, and agrees that

SIDLEY AUSTIN LLP
SIDLEY

the representation will not be a basis for a waiver of any privilege that Sidley would otherwise have for such confidential consultation.

<u>Governing Law and Choice of Forum</u>. The Engagement Letter shall be governed by, and construed in accordance with, the laws of the District of Columbia.

<u>Severability</u>. If any provision of the Engagement Letter or these Additional Terms and Conditions is held to be unenforceable or invalid for any reason, the remaining provisions will continue in full force and effect.