## Exhibit B

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),") for entry of an order (this "Order"),") authorizing the Debtors to establish procedures for interim compensation and compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, (including the *Stipulation and Order Appointing a Fee Committee*, dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order") and subject to paragraph 3 hereof), all Professionals in these cases may seek compensation in accordance with the following procedures: (collectively, the "Compensation Procedures"):

> (a)   On or after the 21st day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Application Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month with the Court, and serve such Monthly Fee ApplicationStatement by hand or overnight delivery, on:  (i) the Debtors, 1601 Bryan Street, 43rd Floor, Dallas, TX, 75201, Attn:  Andrew M. Wright and Cecily Gooch; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn:  Brian E. Schartz and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn:   Chad Husnick; (iii) proposed co-counsel to the Debtors, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn: Mark D. CollinsDaniel DeFranceschi and Jason Madron; (iv) The Office ofRoberta A. DeAngelis, the United States Trustee for the District of DelawareRegion 3, J. Caleb Boggs Federal Building, 844 King Street, SuiteRoom 2207, Wilmington, DE -19801, Attn: -Richard L. Schepacarter and U.S. Department of Justice, Office of the U.S. Trustee, U.S. Federal Building, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Andrea B. Schwartz; (v) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Ned Schodek and Fredric Sosnick; (vi) counsel to the ad hoc committee of TCEH first lien creditors, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Jacob A. Adlerstein and (b) Young Conaway Stargatt

~~& Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan; and and~~for the agent of the TCEH DIP Financing Facility, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Evan Fleck and Matthew Brod, (vii) counsel to the Official Creditors' Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi and Jennifer Marines, and (viii) proposed counsel to the fee committee appointed pursuant to the Fee Committee Order (the "Fee Committee"), Godfrey & Kahn, S.C., One East Main Street, Madison, WI 53703, Attn: Katherine Stadler (collectively, the "Application Recipients").

(b) Each Professional shall allocate (the "Fee and Expense Allocation") any fees and expenses sought in connection with each Monthly Fee ~~Application~~Statement to the applicable Debtors for whose direct benefit such fees and expenses were incurred (the "Direct Benefit Fees"). To the extent a Professional incurs fees or expenses for the collective benefit of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and Texas Competitive Electric Holdings Company LLC (the "Collective Benefit Fees"), such fees and expenses shall be allocated to each Debtor in the same proportion that the amount of Direct Benefit Fees incurred by such Professional for such Debtor bears to the total amount of Direct Benefit Fees incurred by such Professional for all of the Debtors (the "Collective Fee Allocation"). In connection with any Interim Fee Applications (as defined below in sub-paragraph (f)) or final fee applications (each, a "Final Fee Application") for payment of a Professional's fees and expenses, the Debtors shall, as amongst themselves, and after notice to the Application Recipients and allowance by the Court of the fees and expenses that are the subject of the applicable Interim Fee Application or Final Fee Application, make any necessary intercompany transfers or other adjustments such that the total Collective Benefit Fees for each of the Professionals for the applicable fee period is allocated in a manner consistent with the Collective Fee Allocation for such period.

(c) Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) 21 days after service of a Monthly Fee ~~Application~~Statement to review the request. Upon the expiration of such 21-day period, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee ~~Application~~Statement (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee ~~Application~~Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (~~e~~d) below.

3

(d) If any Application Recipient objects to a ~~Professional's~~ Monthly Fee ~~Application~~Statement, the objecting party shall, within 21 days of service of the Monthly Fee ~~Application~~Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee ~~Application~~Statement") setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients.  Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "~~Incremental~~Disputed Amount") or (ii) forego payment of the ~~Incremental~~Disputed Amount until the next ~~interim or final fee application~~ hearing on an Interim Fee Application or Final Fee Application, at which time the Court will consider the Objection, if requested by the parties.

(e) Each Professional may ~~submit~~file its first Monthly Fee ~~Application~~Statement with the Court no earlier than ~~June 1~~September 16, 2014.  This initial Monthly Fee ~~Application~~Statement will cover the period from the Petition Date through May 31, 2014.  Thereafter, the Professionals may file Monthly Fee ~~Applications~~Statements with the Court in the manner described above.

(f) Beginning with the period ending on August 31, 2014, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee ~~Applications~~Statements served during such period.  ~~Each Interim Fee Application must include a narrative discussion, a summary of the Monthly Fee Applications that are the subject of the application~~ and ~~appropriate time~~prepared in accordance with paragraph 5 hereof and ~~expense detail and~~that includes a summary of the Fee and Expense Allocation and the basis therefor.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, describes the amount of compensation and expenses sought, and summarizes the Fee and Expense Allocation) on

4

all parties that have entered their appearance pursuant to Bankruptcy Rule 2002.  ~~Parties~~All such parties (including, but not limited to, the Application Recipients) will have 21 days after service of an Interim Fee Application to object thereto.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including August 31, 2014.

(g)  The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(h)  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.    Notwithstanding anything herein to the contrary, the Fee Committee's review of each Interim Fee Application and Monthly Fee Statement (including the deadlines with respects to such review) shall be governed by the terms of the Fee Committee Order.  In the event of any inconsistency between this Order and the Fee Committee Order as either applies to the Fee Committee, the Fee Committee Order shall govern.

~~3.~~4.    Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals~~.~~; provided, however, that a Professional shall not seek payment in a Final Fee Application of any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which (x) such Professional voluntarily waived or reduced to resolve formal or informal objections or (y) were disallowed by Court order.  All fees

and expenses paid to Professionals under the Compensation Procedures (including, for the avoidance of doubt, the allocation of such fees and expenses among the Debtors) are subject to challenge and disgorgement until final allowance by the Court.

4.5.     In each Interim Fee Application and final fee applicationFinal Fee Application all who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is an OCPretained by the Debtors pursuant to the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 765] (collectively, the "Required Professionals") (a) shall (a) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November* 1, 2013 (the "Revised UST Guidelines"),, both in connection with this applicationany Interim Fee Application and the interim and final fee applicationsFinal Fee Application to be filed by the Required Professionals in these chapter 11 cases.

5.     Notwithstanding Paragraph 3 above, solely with respect to attorneys retained by one or more of the Debtors under section 327(e) of the Bankruptcy Code (collectively, the "327(e) Professionals"), such 327(e) Professionals shall subscribe to one universal budget and staffing plan applicable to all 327(e) Professionals (the "Master Budget and Plan"). The Master Budget and Plan shall consist of general project categories that are appropriate in light of the types of

~~services being provided to the Debtors by the 327(e) Professionals (*i.e.*, "environmental", "corporate", "energy", "litigation", etc.) and the estimated hours and fees listed in the Master Budget and Plan shall be cumulative among all 327(e) Professionals and shall not be broken out by specific 327(e) Professional. Furthermore, the "category of timekeeper", "number of timekeepers expected to work on the matter during the budget period" and "average hourly rate" shall also be cumulative among all 327(e) Professionals and shall not be broken out by specific 327(e) Professional. Each of the 327(e) Professionals shall attach a copy of the Master Budget and Plan to its Interim Fee Application or final fee application, as applicable. To the extent that the 327(e) Professionals exceed the estimates set forth in the Master Budget and Plan by 10% or more for any reporting period, the 327(e) Professionals are authorized to provide a collective explanation for such variance, and shall not be required to respond by specific 327(e) Professional.~~

6. ——Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

7. ——The Professionals shall only be required to serve (i) the Monthly Fee Statements, the Interim Fee Applications, and the ~~final fee application~~ Final Fee Application on the Application Recipients, and ~~that~~(ii) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of

this Court and requested notice of pleadings in these chapter 11 cases ~~shall be entitled to receive only notice of hearings on the Interim Fee Applications and final fee application~~.

8.        All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9.        Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10.        All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~11.~~    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

~~12.~~11.        The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

8