**EXHIBIT A**

**(Proposed Order)**

GODFREY & KAHN, S.C.
One East Main Street
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP. *et al.*,[1] | : | Case No. 14-10979 (CSS) |
| Debtor-in-Possession. | : | **(Jointly Administered)**<br>**D.I. 1888** |

Objection deadline: September 9, 2014 at 4:00 p.m. (Prevailing Eastern Time)
Hearing date: September 16, 2014 at 11:00 a.m. (Prevailing Eastern Time)

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE**

The Application of Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Committee *Nunc Pro Tunc* to the Fee Committee's Appointment (the "**Application**" *dated August 19, 2014 D.I. 1888*) is granted.

**IT IS HEREBY ORDERED THAT:**

1.	Subject to the terms and conditions of this Order, the Application is granted as set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse Godfrey & Kahn as its counsel on the terms and conditions set forth in the Application and this Order.

3. The services Godfrey & Kahn is to provide the Fee Committee include representing it in connection with:

    A    Monitoring, reviewing and, where appropriate, objecting to all applications for professional fees and expenses filed by Retained Professionals;

    B    Establishing measures to help the Court ensure that compensation and expenses paid by the estates are reasonable, actual, and necessary under the Bankruptcy Code and (i) 11 U.S.C. §§ 328, 329, 330, and 331 as applicable; (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (iii) Rule 2016.2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (iv) and Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "**UST Guidelines**"); (v) the Order entered by this Court governing the Fee Committee (the "**Fee Committee Order**" *dated August 21, 2014 D.I. 1896*); and any Order entered by this Court governing the procedures for interim monthly compensation and the reimbursement of expenses of professionals (the **"Interim Compensation Order"**);

    C    Reviewing and assessing all monthly statements, interim and final professional fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 cases and until otherwise ordered by the Court;

      D       Filing comments on the Court's docket regarding any professional fee application;

      E       Communicating concerns regarding any professional fee application to the Retained Professional to whom the professional fee application pertains, and requesting further information as appropriate;

      F       Requiring that Retained Professionals provide budgets, staffing plans, or other information to the Fee Committee;

      G       Establishing procedures for the resolution of disputes with Retained Professionals concerning professional fee applications;

      H       Establishing procedures, including the use of specific electronic data formats, forms, and billing codes, to facilitate preparation and review of professional fee applications;

      I       Negotiating with Retained Professionals regarding objections to interim and final fee applications, and monthly fee statements, and consensually resolving such objections where appropriate, all pursuant to Court approval;

      J       Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to any application for compensation;

      K       Periodically, in the Fee Committee's discretion, filing summary reports with the Court concerning the Retained Professionals' professional fee applications;

      L       Appearing and being heard on any matter before the Court concerning Fee Committee matters as set forth in the Fee Committee Order;

M Serving, filing and litigating, if necessary, objections to the allowance or payment of fess or reimbursement of expenses in a professional fee application;

N Serving objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided in any Interim Compensation Order;

O Taking, defending, or appearing in any appeal regarding a professional fee application;

P Conducting discovery, including filing and litigating discovery motions or objections concerning Fee Committee matters as set forth in the Fee Committee Order; and

Q Retaining, subject to Court approval, other professionals and consultants to represent or assist the Fee Committee in connection with any of the foregoing.

4. Godfrey & Kahn shall be compensated and reimbursed for its expenses consistent with the Application and the Fee Committee Order, as may be amended from time to time.

5. To the extent of any inconsistency between the terms of the Application, the Stadler Affidavits and this Order, the terms of this Order shall control.  To the extent of any inconsistency between the terms of this Order and the Fee Committee Order, the Fee Committee Order shall control.

6. The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

7. Notwithstanding the payment arrangements outlined in the Application, Godfrey & Kahn and the Independent Member shall apply, retrospectively and at least every four months to the Court for the interim and final allowance of compensation and reimbursement of expenses

in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines. Godfrey & Kahn shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Godfrey & Kahn in these chapter 11 cases.

8. Godfrey & Kahn's engagement may not be terminated without further order of the Court.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any motions or applications to amend the Order.

Dated: Wilmington, Delaware
September ____, 2014

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

11933178.4