IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: 662, 2036, 2037 |

**ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY GIBSON, DUNN & CRUTCHER
LLP AS SPECIAL COUNSEL FOR CERTAIN CORPORATE AND
LITIGATION MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Gibson, Dunn & Crutcher LLP ("Gibson Dunn") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, the Little Declaration, the Doré Declaration, and the *First Supplemental Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2036] (the "Supplemental Little Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Little Declaration, and the Doré Declaration, as applicable.

pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Little Declaration, the Doré Declaration, and the Supplemental Little Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein, effective *nunc pro tunc* to the Petition Date.

2. To the extent the Application, the Little Declaration, the Doré Declaration, the Supplemental Little Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized to retain and employ Gibson Dunn as as special counsel to represent the Debtors in connection with certain corporate and litigation matters effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

4. Gibson Dunn shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Gibson Dunn is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

6. Gibson Dunn shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

7. Gibson Dunn is authorized without further order of the Court to reserve and apply amounts from the retainer that Gibson Dunn earned prepetition in accordance with the Engagement Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse Gibson Dunn for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices. Gibson Dunn shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses before the entry of an order approving any portion of Gibson Dunn's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. Gibson Dunn currently estimates that the remaining amount of the Retainer is approximately $359,553.31 and that the Prepetition Fees and Expenses total approximately $0. In advance of the hearing on the First Interim Fee Application, Gibson Dunn shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses. Thereafter, Gibson Dunn shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant

to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

8. Gibson Dunn also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Gibson Dunn in these chapter 11 cases.

9. The limitation of liability provision provided for in paragraph 14 of the Engagement Letter and the indemnification provision provided for in paragraph 14.1 of the Engagement Letter shall be deleted in their entirety and shall have no force or effect during the Debtors' chapter 11 cases.

10. Notwithstanding anything in the Engagement Letter to the contrary, Gibson Dunn shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Gibson Dunn. Gibson Dunn is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Gibson Dunn for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

11. Gibson Dunn shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Gibson Dunn to provide services to the Debtors and shall

ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

12. Gibson Dunn shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13. The Debtors and Gibson Dunn are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding any provision to the contrary in this Application, the Little Declaration, the Doré Declaration, the Supplemental Little Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: 9/16, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE