## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: 665, 2042, 2043 |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SIDLEY AUSTIN LLP AS SPECIAL COUNSEL FOR CERTAIN CORPORATE AND LITIGATION MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Sidley Austin LLP ("Sidley") as special counsel to the Debtors, to continue providing legal services, on an as-needed basis as determined by the Debtors, in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, the Caruso Declaration, the Doré Declaration, and Supplemental Caruso Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application or the Supplemental Declaration of Paul S. Caruso in Further Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel For Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date dated September 15, 2014 (the "Supplemental Caruso Declaration"), as applicable.

the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein, effective *nunc pro tunc* to the Petition Date.

2. To the extent the Application, the Caruso Declaration, the Doré Declaration, the Supplemental Caruso Declaration, or any of the Engagement Letters is inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized to retain and employ Sidley as special counsel to the Debtors, to continue providing legal services, on an as-needed basis as determined by the Debtors, effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letters attached hereto as **Exhibit 1**, as such letters have been amended or supplemented from time to time.

4. Sidley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Sidley also intends to make a reasonable effort to comply with the U.S. Trustee's

request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Sidley in these chapter 11 cases.

5. Sidley shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6. Notwithstanding anything in the Engagement Letters to the contrary, Sidley shall apply any currently remaining amounts of the Advanced Payment Retainer and the EPA Advance Payment toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Sidley. Sidley shall disclose such remaining amounts in advance of the hearing on Sidley's first interim fee application. The Advance Payment Retainer and the EPA Advanced Payment shall not be replenished postpetition.

7. Sidley shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Sidley to provide services to the Debtors, if any, and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. Sidley shall provide ten business days notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the current rates set forth in the Application or the Engagement Letters are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the

reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. The Debtors and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding any provision to the contrary in this Application, the Caruso Declaration, the Doré Declaration, the Supplemental Caruso Declaration, or any of the Engagement Letters the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: 9/16, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE