# EXHIBIT 1

**Engagement Letters**



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, D.C. 20005<br>(202) 736 8000<br>(202) 736 8711 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO | SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |

pkeisler@sidley.com
(202) 736 8027

FOUNDED 1866

~~SIDLEY DRAFT 06/21/13~~ pdk

June 21, 2013

**PRIVILEGED AND CONFIDENTIAL**

Stacey H. Doré
Executive Vice-President and General Counsel
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, TX 75291

Dear Stacey:

Sidley Austin LLP ("Sidley") is pleased that you have asked us to serve as your special counsel. This letter governs the terms of our engagement by you. We have received your Outside Legal Counsel Policy and agree that it also governs the terms of our engagement by you. We also agree that to the extent of a conflict between this letter and your Outside Legal Counsel Policy, the Outside Legal Counsel Policy will control, except as to Section X of the Outside Legal Counsel Policy entitled "Other Clients," which will not apply to this engagement. If this letter is acceptable to you, please sign two copies in the space provided, retain one copy and return the other copy to me.

Clients. Our clients will be Energy Future Holdings Corp.; Energy Future Competitive Holdings Company; Texas Competitive Electric Holdings, LLC; and Energy Future Intermediate Holding Company LLC (the "Clients").

Matter; Scope. We will evaluate whether the Clients have or may have claims or causes of action against Kohlberg Kravis Roberts & Co LP, TPG Global, LLC and GS Capital Partners (collectively, the "Sponsors") arising out of (i) that certain Merger Agreement dated February 25, 2007 pursuant to which the Sponsors, together with entities advised by or affiliated with the Sponsors, became the direct or indirect shareholders of the Clients (the "Merger"), (ii) all transactions relating to the Merger, including the acquisition financing arranged for the Merger, (iii) advisory fees, management fees and financing fees paid by the Clients to the Sponsors from the date of the Merger through the present, and (iv) such other events or transactions as may hereafter be identified by the Clients.

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

DC1 4077676v.1

**SIDLEY AUSTIN LLP**
**SIDLEY**

Stacey H. Dore
June 14, 2013
Page 2

<u>Fees and Expenses</u>. Our fees relating to this matter will be based on the billing rate for each attorney and legal assistant (as well as any other relevant timekeeper), as applicable, devoting time to the matter. Our billing rates for attorneys in our United States offices currently range from $370 per hour for new associates to $1,100 per hour for senior partners. Time devoted by legal assistants in those offices is currently charged at billing rates ranging from $210 per hour to $340 per hour. These billing rates are subject to change from time to time.

We will include on our bills charges for performing services such as document reproduction, messenger and overnight courier service, travel, long-distance telephone, facsimile and telecopy, document processing, and search and filing fees. Fees and expenses of others (such as outside experts, consultants, other non-legal professionals and local co-counsel) generally will not be paid by us, but will be billed directly to the Clients. More detailed information with respect to our expense recovery policies and procedures, which are an integral part of our agreement with you as reflected in this letter, can be accessed on our website at http://www.sidley.com/costrecoveryandpreadmittancebillingratepolicy/us/. These policies and procedures take into account, among other things, a number of special programs that we have entered into with certain of our vendors and independent service providers.

Concurrent with your execution of this letter, the Clients shall pay to us an advance payment retainer in the amount of $1 million (the "<u>Advance Payment Retainer</u>"). The Advance Payment Retainer will immediately become the property of Sidley upon receipt by us, and upon its receipt will be deposited into a Sidley operating account. At no time will the Advance Payment Retainer (or any portion thereof) be transferred to or held in a client trust, custodial or escrow account.

Sidley's fees and expenses, whether or not invoiced or recorded, will be satisfied from the Advance Payment Retainer as and when services are actually rendered by Sidley. During the course of this representation, by the 15th of each month for the prior month, we will send you invoices for fees and expenses that have been incurred. The Clients will promptly remit funds in the invoiced amount to replenish the Advance Payment Retainer upon receipt of an invoice. If it appears that the services to be provided by Sidley for this matter will exceed $1 million per month, the Clients will increase the Advance Payment Retainer commensurately to ensure that the Advance Payment Retainer is never exhausted. At the conclusion of this representation and after payment of all of Sidley's fees and expenses, we will refund to the Clients, without interest, the remaining balance (if any) of the Advance Payment Retainer.

<u>Conflicts</u>. We have numerous clients, and many of these clients rely upon us for general representation. We also represent clients with interests in debt of you or certain of your affiliates as well as clients that may compete with you or your affiliates or have an interest in certain of your markets or assets. We have provided advice to them regarding those positions and interests.

DC1 4077676v.1

# SIDLEY
SIDLEY AUSTIN LLP

Stacey H. Dore
June 14, 2013
Page 3

Although we hope that it never happens, it is possible that an adverse relationship (including litigation) may develop in the future between you and one of our other current or future clients. If we are not representing you in that matter, and the matter in which you and another client have adverse interests is not substantially related to our representation of you in this matter, you agree that we may represent the other client, you waive any conflict arising from such representation, and you agree you will not seek to disqualify or otherwise seek to prevent us from representing such other client. Without limiting the foregoing, you agree that, if one or more of the Clients becomes the subject of a sale process, we may represent another client in its capacity as a buyer, or potential buyer, of the Client(s) or its/their assets. If we do so, we will sequester from the lawyers working for our other client any confidential information we have obtained from you, and we will ensure that no lawyers working on your matters work on the sale matter.

It will be incumbent on us to determine whether a matter in which we represent another client with adverse interests to yours is substantially related to a matter in which we represent you and to so advise you, as soon as practicable consistent with out confidentiality obligations to the other client. Moreover, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used by the other client to your material disadvantage, unless we can demonstrate to your reasonable satisfaction that any confidential information we have obtained would be sequestered from the lawyers working for our other client and you provide us with an express written waiver of conflict after having received such satisfactory assurance. You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) prior to agreeing to this waiver, and have made your own decision about whether to do so.

Term of Engagement. Either the Clients or Sidley may terminate our representation in this matter at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. If we terminate the representation before it is concluded, we will take such steps as are reasonably practicable to protect the Clients' interests in the matter.

Unless previously terminated, our engagement in the matter and our representation of the Clients will terminate upon the earlier of (i) the completion by us or abandonment by you of the matter and (ii) our sending our final statement for services rendered in the matter.

\* \* \*

Again, we very much appreciate the opportunity to serve you.

DC1 4077676v.1

# SIDLEY | SIDLEY AUSTIN LLP

Stacey H. Dore
June 14, 2013
Page 4

Very truly yours,

*Peter D. Keisler* 7/25/13

Peter D. Keisler

Acknowledged and Agreed

By: _____*Stacey A. Doré*_____
Stacey Doré, Executive Vice President and
General Counsel

DC1 4077676v.1

9

*C ATR*



| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D C |
|---|---|---|
| pkeisler@sidley.com<br>(202) 736-8027 | FOUNDED 1866 | |

July 15, 2011

**Privileged and Confidential**

Big Brown Power Company LLC
Luminant Big Brown Mining Company LLC
Luminant Energy Company LLC
Luminant Generation Company LLC
Luminant Mining Company LLC
Luminant Mining Services Company
Luminant Power Services Company
Oak Grove Management Company LLC
Oak Grove Mining Company LLC
Sandow Power Company LLC

Attention:  Stacey H, Doré
            Vice President and Assoc. General Counsel
            Energy Future Holdings
            1601 Bryan Street
            Dallas, Texas 75201-3411

Ladies and Gentlemen:

Introduction. Our Firm is pleased that you have asked us to serve as your counsel. This letter (together with the Attachment entitled "Additional Terms and Conditions" that is an integral part of this letter) governs the terms of our engagement by you. We have received your Outside Legal Counsel Policy and agree that it also governs the terms of our engagement by you. We also agree that to the extent of a conflict between this letter (including the Attachment) and your Outside Legal Counsel Policy, the Outside Legal Counsel Policy will control, except as to Section X of the Outside Legal Counsel Policy entitled "Other Clients," which will not apply to this engagement. If this letter (including the Attachment) is acceptable to you, please sign two copies in the space provided, retain one copy and return the other copy to me.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

10

# SIDLEY
*SIDLEY AUSTIN LLP*

Page 2

**Client.** The clients in the matter described below will be Big Brown Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, Luminant Mining Services Company, Luminant Power Services Company, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, and Sandow Power Company LLC (the "Clients").

**Matter; Scope.** We will represent, and provide legal advice and assistance to, the Clients in a matter (the "Matter") involving the EPA's Clean Air Transport Rule. In respect of the Matter, we will provide the following legal advice and services: advice and assistance regarding agency reconsideration and judicial review. We will work closely with the Client's in-house lawyers in handling the Matter. In addition, we will be pleased to work with Balch & Bingham and Hunton & Williams as co-counsel.

**Fees and Expenses.** Our fees relating to the Matter will be based on the billing rate for each attorney, legal assistant and litigation support person (as well as any other relevant timekeeper), as applicable, devoting time to the Matter. We will apply a 10% discount to the hourly billing rates described in this paragraph. Our billing rates for attorneys in our United States offices currently range from $325 per hour for new associates to $1,200 per hour for senior partners. The current hourly billing rates for Peter Keisler, Roger Martella, and Timothy Webster are $900, $750, and $650, respectively. Time devoted by legal assistants in those offices is currently charged at billing rates ranging from $190 per hour to $310 per hour, and billing rates for litigation support personnel range from $135 per hour to $390 per hour. These billing rates are subject to change from time to time.

We will include on our bills charges for performing services such as document reproduction, messenger and overnight courier service, travel, long-distance telephone, facsimile and telecopy, document processing, and search and filing fees. Fees and expenses of others (such as outside experts, consultants, other non-legal professionals and local co-counsel) generally will not be paid by us, but will be billed directly to the Clients. More detailed information with respect to our expense recovery policies and procedures, which are an integral part of our agreement with you as reflected in this letter, can be accessed on our website at http://www.sidley.com/costrecoverypolicy/us/. These policies and procedures take into account, among other things, a number of special programs that we have entered into with certain of our vendors and independent service providers.

# SIDLEY
SIDLEY AUSTIN LLP

Page 3

We will bill you monthly, and respectfully request that our bills be paid within 60 days after receipt, except as may be otherwise agreed by us.

**Conflicts.** We have numerous clients, and many of these clients rely upon us for general representation. We also represent clients with interests in debt of certain of your affiliates as well as clients that may compete with you or your affiliates or have an interest in certain of your markets or assets. We have provided advice to them regarding those positions and interests. Although we hope that it never happens, it is possible that an adverse relationship (including litigation) may develop in the future between you and one of our other current or future clients. If we are not representing you in that matter, and the matter in which you and another client have adverse interests is not substantially related to our representation of you in the Matter, you agree that we may represent the other client, you waive any conflict arising from such representation, and you agree you will not seek to disqualify or otherwise seek to prevent us from representing such other client. It will be incumbent on us to determine whether a matter in which we represent another client with adverse interests to yours is substantially related to a matter in which we represent you and to so advise you, as soon as practicable consistent with our confidentiality obligations to the other client. Moreover, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used by the other client to your material disadvantage, unless we can demonstrate to your reasonable satisfaction that any confidential information we have obtained would be sequestered from the lawyers working for our other client and you provide us with an express written waiver of conflict after having received such satisfactory assurance. You acknowledge that you have had an opportunity to consult with other counsel (in-house or otherwise) prior to agreeing to this waiver, and have made your own decision about whether to do so.

**Term of Engagement.** Either the Clients or Sidley may terminate representation in the Matter at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. If we terminate the representation before it is concluded, we will take such steps as are reasonably practicable to protect the Clients' interests in the Matter. If a court's permission is required for withdrawal from the representation, we will promptly apply for such permission, and the Clients will cooperate in such application and will engage successor counsel to represent the Clients in the Matter.

# SIDLEY

SIDLEY AUSTIN LLP

Page 4

Unless previously terminated. our engagement in the Matter and our representation of the Clients will terminate upon the earlier of (i) the completion by us or abandonment by you of the Matter and (ii) our sending our final statement for services rendered in the Matter.

\* \* \*

Thank you for the opportunity to serve you.

Very truly yours,

*[signature]*

Attachment:   Additional Terms and Conditions

Acknowledged and Agreed

\*By: _____[signature: Stacey H. Doré]_____

\* Ms. Doré has been delegated authority by the Acting General Counsel of Energy Future Holdings to sign this agreement.

13



**Privileged and Confidential**

**Additional Terms and Conditions**

This is an attachment to, and integral part of, the Engagement Letter dated July 15, 2011 with Big Brown Power Company LLC, Luminant Big Brown Mining Company LLC, Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, Luminant Mining Services Company, Luminant Power Services Company, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, and Sandow Power Company LLC (the "Clients").

**Affiliated Sidley Partnerships.** References in this document to the Firm, insofar as the provision of legal services hereunder is concerned, do not include any office or partnership within the group of affiliated Sidley partnerships that does not render advice with respect to the Matter.

**Clients.** The Clients in the engagement are only the entities named in the Engagement Letter. The Clients do not include any subsidiary or affiliate of such entity, nor any of its or their respective individual shareholders, directors, officers or employees. Accordingly, our representation of the Clients in a Matter will not give rise to any conflict of interest if any of our other clients are adverse to any subsidiary or affiliate of the Clients.

**Matters; Scope.** The Matters in this engagement are only those that are described in the Engagement Letter. The scope of our engagement in the Matter is as described in the Engagement Letter. If you and we agree in writing, the scope of our engagement in the Matter may be expanded. Any additional matters for the Clients will be governed by a supplement to the Engagement Letter. Without limitation, unless otherwise agreed to by us in writing, our engagement in the Matter will not involve insurance coverage issues; the Firm will not provide advice concerning notification of insurance carriers, and will not be responsible for notifying such carriers or for follow-up communications with the carriers regarding the status of the matter.

After completion of the Matter, changes may occur in applicable laws or regulations or applicable transaction documentation that could have an impact on the Clients' future rights and liabilities. Unless the Clients actually engage us after the completion of the Matter to provide additional advice on issues arising from the Matter and we accept such engagement in writing, we will have no continuing obligation to advise the Clients with respect to future legal developments.

**Security Retainer.** We are not at this time requesting a security retainer ("Security Retainer") for fees and expenses to be incurred in connection with our engagement hereunder. However, we reserve the right to request one in connection with any representation. Any Security Retainer will be deposited in a client trust account, and we will charge our fees and expenses against the Security Retainer and credit those charges on our bills. If our fees and expenses exceed the Security Retainer deposited with us, we will bill you for the excess. Any unused portion of the Security Retainer will be refunded without interest at the conclusion of our engagement. We will have the right to request additions to the Security Retainer from time to time based on our estimate of future work to be undertaken. If the Clients fail to pay promptly any requested addition, we will have the right, subject to applicable rules of professional conduct, to withdraw from further representation of the Clients.

**Confidentiality and Document Retention.** Following the completion of the Matter, if we have retained any otherwise nonpublic information that the Clients have supplied to us in connection with the Matter, we will keep such information confidential in accordance with applicable rules of professional conduct. If, upon termination, the Clients wish to have any documents relating to the Matter and then in our possession delivered to the Clients, you should so advise us. As used herein, "documents" means documents in any format, including hard copy documents and electronic documents (including emails). We reserve the right to retain copies of any documents delivered to the Clients.

All of Sidley's work product in connection with the representation is owned by Sidley. Sidley may use and permit others to use such work product in whole or in part in other projects to the extent that such use is consistent with Sidley's confidentiality obligations to the Clients. Such work product may also be used by the Clients, except to the extent that Sidley expressly states otherwise with respect to particular documents, such as signed opinion letters.

i

**SIDLEY** *SIDLEY AUSTIN LLP*

Upon the Clients' request at the termination of the representation, Sidley will provide to the Clients Sidley's file relating to the representation, including any documents or other property that the Clients provided to Sidley in connection with the representation. To the extent permitted by applicable law and ethical rules, the Clients agree that such file will not include Sidley's administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, internal Sidley work product (such as drafts, notes, and internal memoranda and e-mails),. Sidley may make and retain a copy of the file provided to the Clients.

If Sidley is required to respond to a subpoena or other formal request from a third party or a governmental agency for records or other information relating to the representation, or to testify by deposition or otherwise concerning the representation (a "Request"), Sidley will first, to the extent permitted by applicable law, consult with the Clients as to whether it is the Clientss wish that Sidley comply with the Request or resist it, to the extent that there is a basis for doing so. The Clients will reimburse Sidley for its time and expense incurred in responding to any such Request, including time and expense incurred in reviewing documents, appearing at depositions or hearings, and otherwise addressing issues raised by the Request, and search and photocopy costs.

We reserve the right to transfer documents to the personnel responsible for administering our records retention program, for initial retention in accordance with our records retention procedures. For various reasons, including the minimization of unnecessary storage expenses, we also reserve the right to destroy or otherwise dispose of any documents retained by us, including documents transferred as described in the preceding sentence and documents otherwise retained by us. We may exercise the rights described in the preceding two sentences from time to time, whether or not in connection with the completion of the Matter, but our exercise of such rights will be subject to applicable rules of professional conduct and to any applicable written agreement between us and the Clients. Subject as aforesaid, we have no obligation to retain or otherwise preserve any documents relating to any Matter.

**Laws Covered**. Except as may be otherwise agreed to by Sidley in writing, our representation of the Clients hereunder will be limited to matters of United States federal law, state law in states in which we have offices and, as applicable, the Delaware Limited Liability Company Act and the Delaware General Corporation Law.

**Privacy, Data Protection and Confidentiality**. Our applicable policies with respect to privacy, data protection and information security relating to personal information can be accessed on our website at http://www.sidley.com/admin/onlineprivacy.asp. Subject to those policies and to applicable ethical confidentiality obligations, and unless otherwise directed by the Clients, Sidley may use a variety of electronic communication systems in communicating internally, with the Clients and with others during the representation, including cellular or satellite telephone calls, e-mails, facsimile transmissions, video conferencing and other forms of evolving electronic communications. Sidley uses outsourced nonlawyer personnel in its offices for a variety of support functions, including mailroom, photocopy, information technology and word processing, who are required by Sidley to agree to maintain the confidentiality of information relating to Sidley's clients.

**Publicity**. Unless instructed otherwise by the Clients, Sidley may disclose that it has represented the Clients in a matter if the matter has been publicly disclosed, such as by a filing with a court or regulatory authority or the Clients' issuance of a press release. Unless the Clients consent to the inclusion of additional information, Sidley's disclosure will be limited to the Clients' names, the name of the other party or parties, and a short description of the matter that contains only publicly-available information. Sidley will make such disclosures only in Sidley's marketing materials, on its website, and in reports to information and ranking agencies such as Thomson Reuters and Chambers.

**Consent Regarding Privileged Sidley Communications**. When issues arise concerning Sidley's professional duties and rights, including under applicable professional conduct rules, Sidley may seek confidential counsel from internal Sidley lawyers with responsibility or expertise in the areas in question, and in some instances from outside counsel as well. In such circumstances, some courts have concluded that a conflict of interest arises between a law firm and its client, and have refused to recognize the law firm's communications as privileged. Sidley believes that it is in the mutual interest of Sidley and its clients that Sidley receive expert and confidential legal advice regarding its professional duties and rights in such circumstances. Accordingly, the Clients consent to such consultation, waives any claim of conflict of interest that could result from such consultation, and agrees that

ii



the representation will not be a basis for a waiver of any privilege that Sidley would otherwise have for such confidential consultation.

**Governing Law and Choice of Forum.** The Engagement Letter shall be governed by, and construed in accordance with, the laws of the District of Columbia.

**Severability.** If any provision of the Engagement Letter or these Additional Terms and Conditions is held to be unenforceable or invalid for any reason, the remaining provisions will continue in full force and effect.

iii

2066464v 1 07/15/2011