**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF AMENDMENTS TO STATEMENT OF FINANCIAL AFFAIRS AND
SCHEDULES OF ASSETS AND LIABILITIES FOR DEBTOR TEXAS POWER & LIGHT
COMPANY, INC. (CASE NO. 14-11041 (CSS))**

PLEASE TAKE NOTICE that on June 30, 2014, Texas Power & Light Company, Inc., one of the above-captioned debtors and debtors in possession, filed its **Schedules of Assets and Liabilities** D.I. 1290 (the "Schedules") and its **Statements of Financial Affairs** D.I. 1371 (together with the Schedules, the "SoFAs and Schedules") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that, today, Texas Power & Light Company, Inc. filed amended and restated global notes that supersede the global notes that were filed with the SoFAs and Schedules in their entirety (the "Amended and Restated Global Notes"). A copy of the Amended and Restated Global Notes is attached hereto as Exhibit 1.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Dated: September 26, 2014
       Wilmington, Delaware

*/s/ William A. Romanowicz*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com
              romanowicz@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

# **<u>Exhibit 1</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) ) |
| Debtors. | ) Jointly Administered ) |

**AMENDED AND RESTATED GLOBAL NOTES
AND STATEMENT OF LIMITATIONS, METHODS
AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Energy Future Holdings Corp. ("EFH Corp.") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), commenced on April 29, 2014 (the "Petition Date"), filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Original Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on June 30, 2014. The Debtors, with the assistance of their advisors, prepared the Original Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In connection with the Original Schedules and Statements, the Debtors filed Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "Original Global Notes") which pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements.

The Debtors are amending certain of the Schedules and Statements, effective *nunc pro tunc* to the Petition Date (the "Amended Schedules and Statements" and, together with the Original Global Notes, the "Schedules and Statements").

In connection with the Amended Schedules and Statements, the Debtors are amending and restating the Global Notes, which pertain to, are incorporated by reference in, and comprise an integral part of all of the Amended Schedules and Statements (the "Amended and Restated Global Notes" and, together with the Original Global Notes, the "Global Notes"). The Global

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

Michael L. Carter, Senior Vice President Corporate Planning and Assistant Treasurer of EFH Corporate Services Company, in his capacity as an authorized agent at each of the Debtors, has signed the Schedules and Statements for each of the Debtors except (a) Luminant Energy Company LLC, (b) Luminant ET Services Company, and (c) Luminant Energy Trading California Company (the "Luminant Energy Entities") and Terry L. Nutt, Vice President for EFH Corporate Services Company, in his capacity as an authorized agent at each of the Luminant Energy Entities, signed the Schedules and Statements on behalf of the Luminant Energy Entities. In reviewing and signing the Schedules and Statements, Mr. Carter and Mr. Nutt have necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Neither Mr. Carter nor Mr. Nutt has (nor could have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies some of which may be material.

## General Disclosures Applicable to Schedules and Statements

1. **General Reservation of Rights.** Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses, and/or Claims[2] or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **References.** Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

3. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

---

[2] As used herein, the term "Claim" has the meaning set forth in section 101(5) of the Bankruptcy Code.

4.  <u>Paid Claims</u>.  The Bankruptcy Court authorized (but did not direct) the Debtors to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing Claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

5.  <u>Amendments and Supplements</u>.  While the Debtors made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

6.  <u>Recharacterization</u>.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

7.  <u>Liabilities</u>.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

8.  <u>Insiders</u>.  For purposes of the Schedules and Statements, persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.  Amounts paid on behalf of employees for life and and disability coverage, which coverage is provided to all of the Debtors' employees, have not been included.

9.  <u>Intercompany Claims</u>.  Receivables and payables among the Debtors in these cases and their affiliates are reported on Schedule B and Schedule F, respectively.  For additional information about the Debtors' intercompany transactions and related cash management protocols, see *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense* [D.I. 37].

10. <u>Tax Claims</u>. Each of the Debtors' Schedules reflects assets and liabilities, as applicable, under the Competitive Tax Allocation Agreement (the "<u>TAA</u>"), dated May 15, 2012, related to prepetition federal income taxes. Settlement of the assets and liabilities under the TAA does not occur until all tax computations for a particular prepetition tax year are finalized with the Internal Revenue Service. Tax years 2003 through 2013 have not yet been finalized with the Internal Revenue Service. Each Debtor is analyzing its assets and liabilities under the TAA and considering all of its rights and remedies with respect thereto, including, without limitation, matters relating to the interpretation and enforceability of the TAA. One or more of the Debtors may revise, modify, correct, and/or supplement its Schedules based on its ongoing analysis.

11. <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

12. <u>Executory Contracts</u>. The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G. In addition, the businesses of the Debtors are complex—while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

13. <u>Setoffs</u>. The Debtors incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, debit memos, credits, and other disputes between the Debtors and their suppliers. These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, certain set offs may be excluded from the Schedules and Statements.

14. <u>Claims Description</u>. Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated."

15. <u>Excluded Assets and Liabilities</u>. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including accrued salaries,

employee benefit accruals, certain deposits, and deferred gains. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

16. <u>Causes of Action</u>. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

17. <u>Confidential or Sensitive Information</u>. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Additionally, employee addresses have been removed from entries listed on the Schedules and Statements, where applicable.

18. <u>Current Market Value — Net Book Value</u>. Unless otherwise indicated, the Schedules and Statements reflect net book values. The Debtors reserve all rights related to the net book value reflected in the Schedules and Statements.

19. <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

21. <u>Mechanics' Liens</u>. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

22. <u>Letters of Credit</u>. Amounts due and payable as of the Petition Date as listed herein do not reflect draws on letters of credit unless such draws were made by a third-party, non-Debtor or unless noted otherwise.

**General Disclosures Applicable to Statements**

1. <u>Question 1</u>. The revenue amounts listed in response to Question 1 include amounts received by the Debtors from other Debtors.

2. <u>Question 2</u>. The amounts listed in response to Question 2 include amounts received by the Debtors from other Debtors.

3. <u>Question 3(b)</u>. The information provided lists payments made by a Debtor on behalf of itself or on behalf of another Debtor in accordance with routine business practices. The response to Question 3(b) includes any disbursement or other transfer made by the Debtor except

5

for those made to (a) insiders or other Debtors (which payments appear in response to Statement question 3(c)); (b) non-insider employees; and (c) bankruptcy professionals (which payments appear in response to Statement question 9).

      4.      <u>Question 3(c)</u>. The amounts listed in response to question 3(c) include payments or transfers (including net allocations associated with the money pool amounts described in the Cash Management Motion) made to or from a Debtor to another Debtor during the one year preceding April 29, 2014. To the extent the Debtor is a holder of a security issued by another Debtor, the Debtor periodically receives cash or stock distributions, or interest payments, and any such distributions or interest payments made in the one year preceding April 29, 2014 are set forth in the rider attached to Question 3(c).

      5.      <u>Question 8</u>. The Debtors occasionally incur losses for a variety of reasons, including theft, bodily injury, and property damage. Although such losses are tracked internally and subject to internal review processes before payments are authorized, the Debtors, may not have records of all such losses to the extent such losses do not have a material effect on a Debtor's businesses or are not reported for insurance purposes.

      6.      <u>Question 9</u>. The response to Question 9 identifies which Debtor made a payment in the first instance on behalf of professionals the Debtors seek to retain under section 327 of the Bankruptcy Code and does not reflect subsequent intercompany allocations of payments. In addition, for any given payment, multiple Debtor entities may have made a partial payment. For a complete analysis of any Debtor entity that may have made a partial payment with respect to any payment obligation, please see collectively the response to Question 9 set forth for EFH Corp., EFH Corporate Services Company, Energy Future Intermediate Holding Company LLC, Texas Competitive Electric Holdings Company LLC

      7.      <u>Question 15</u>. The Debtors have only listed changes to the address of the corporate headquarters and have excluded any changes of address for ancillary locations or facilities.

      8.      <u>Question 20</u>. EFH Corp. maintains various Sarbanes-Oxley controls related to the various inventories and the inventory measurement processes used by the Debtors. These controls are reviewed on a monthly, quarterly, or annual basis, depending on the specific controls.

      9.      <u>Question 21</u>. Every individual identified on the rider attached to the applicable Debtor in response to Question 21 was formally voted in by vote of the board of directors or board of managers, as applicable.

      10.      <u>Question 22</u>. Any response to Question 22 includes only those individuals that have terminated their relationship with the listed Debtor as either a director or officer, and does not include individuals that have simply changed their title but who have otherwise maintained their relationship as a director or officer.

## General Disclosures Applicable to Schedules

      1.      <u>Classifications</u>. Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured," or a contract on Schedule G as "executory"

or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

2. <u>Schedule A</u>. Except where otherwise noted, the Debtors have included the book value of owned real property assets held by each Debtor on Schedule A. Certain de minimis real property assets that are not reported or tracked centrally may have been excluded.

3. <u>Schedule B</u>. Certain of the Debtors' machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations, generally because the related dollar amounts are not material, and, consequently, may not be listed on Schedule B. To the extent a Debtor is party to one or more ISDAs, EEIs, and/or master netting agreements that provide for the mutual netting of payment and/or collateral obligations, the amounts listed for such Debtor in Schedule F reflect such mutual netting. Notwithstanding the foregoing, the Debtors reserve all rights related to the netting provisions provided for in such ISDAs, EEIs, and master netting agreements.

4. <u>Schedule D</u>. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or were incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The

amounts outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

5. Schedule E. The listing of any Claim on Schedule E does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. All Claims listed on the Debtors' Schedule E are Claims owing to various taxing authorities to which the Debtors may potentially be liable. Certain of such Claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E. Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

6. Schedule F. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtors. In addition, certain Claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule F contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements except to the extent such Claims have already escheated to the estate. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

The Debtors assumed current customer contracts and established October 27, 2014, as the bar date for customer Claims pursuant to orders of the Court (the "Customer Bar Date"). The Debtors' claims and noticing agent, Epiq, completed its service of the Customer Bar Date materials on April 30, 2014 [D.I. 212]. Claims filed pursuant to the Customer Bar Date have not been listed on this Schedule F but may be found on the claims register.

The Debtors are aware that certain customers, outside Epiq's claim process described above, may be disputing the rates the Debtors charge or have charged and the services the Debtors is providing or has provided, and the Debtor reserves all rights related to such disputes, whether or not scheduled herein.

Schedule G. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule

G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance.  In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.  In such cases, the Debtors made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contracts or unexpired leases.  Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

In addition, certain of the Debtors, along with other Debtors, were party to a Restructuring Support Agreement ("RSA") with certain of their financial stakeholders.  The RSA is listed on each Debtor signatory's Schedule G.  For a complete analysis of the Debtors that were party to an RSA, please review each Debtor's Schedule G.

Finally, although the Debtors maintain insurance policies for the benefit of every Debtor, the Debtor EFH Corp. is the named insured on each of the insurance policies.  As a result, all of the Debtors' insurance policies are listed on Schedule G for the Debtor EFH Corp.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

7. Schedule H.  For purposes of Schedule H, only the agent under the prepetition loan facility is listed for Claims arising thereunder.  Instead, all such listings can be found on the applicable Debtor's Schedule F and Statement Question 4(a).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DECLARATION CONCERNING AMENDMENT TO SCHEDULES OF ASSETS AND LIABILITIES OF TEXAS POWER & LIGHT COMPANY, INC.**

I, Michael L. Carter, Authorized Agent of Texas Power & Light Company, Inc., declare under penalty of perjury that I have read the foregoing amendment to the Debtor's Schedules of Assets and Liabilities and that each is true and correct to the best of my knowledge, information and belief.

This 26th day of September, 2014

Michael L. Carter
Authorized Agent

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.