IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Related to D.I. 2118** |

## AMENDED NOTICE OF DEPOSITION OF DEBTORS IN CONNECTION WITH SALE PROCEDURES MOTION

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to these proceedings by Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure and Rules 7026-1 and 7026-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), counsel for Delaware Trust Company, f/k/a CSC Trust Company of Delaware, as Indenture Trustee (the "10% Indenture Trustee") for the 10% Senior Secured Notes Due 2020 issued by Energy Future Intermediate Holdings LLC and EFIH Finance Inc. under the Indenture dated as of August 17, 2010, will take the deposition of the debtors in the above-captioned chapter 11 cases in connection with the *Motion of Energy Future holdings Corp., et al. for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087]. The deposition will commence **at a date, time and location to be determined by the parties**, and continue from day to day until completed.

1

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the debtors are required to designate one or more officers, directors, managing agents, or other persons who will testify on their behalf with respect to each of the topics set forth in the attached **Schedule A**. In addition, the debtors are requested to provide the undersigned counsel with written notice, at least two business days in advance of the deposition, of the designation of the name(s) and position(s) of the designated witnesses and the topic(s) on which each person will testify.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths and may be recorded by videographer and by stenographic means.

Dated: October 1, 2014

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.

        */s/ J. Kate Stickles*

| | |
|---|---|
| Norman L. Pernick (DE 2290) | Warren A. Usatine |
| J. Kate Stickles (DE 2917) | 25 Main Street, |
| 500 Delaware Avenue, Suite 1410 | P.O. Box 800 |
| Wilmington, DE 19801 | Hackensack, NJ 07602 |
| Telephone: 302-652-3131 | Telephone: 201-489-3000 |
| Facsimile: 302-652-3117 | Facsimile: 201-489-1536 |
| npernick@coleschotz.com | wusatine@coleschotz.com |
| kstickles@coleschotz.com | |

    --and--

| | |
|---|---|
| ROPES & GRAY LLP | |
| Keith H. Wofford | D. Ross Martin |
| Mark R. Somerstein | Andrew G. Devore |
| 1211 Avenue of the Americas | Prudential Tower |
| New York, NY 10036-8704 | 800 Boylston Street |
| Telephone: 212-596-9000 | Boston, MA 02199-3600 |
| Facsimile: 212-596-9090 | Telephone: 617-951-7000 |
| Keith.Wofford@ropesgray.com | Facsimile: 617-951-7050 |
| Mark.Somerstein@ropesgray.com | Ross.Martin@ropesgray.com |
| | Andrew.Devore@ropesgray.com |

    --and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141
James.Millar@dbr.com

*Counsel for Delaware Trust Company,
as successor indenture trustee*

3

## SCHEDULE A

## Definitions

The following definitions of terms apply to these topics of examination. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

(1)    The singular form of a word shall be considered to include also within its meaning the plural form of a word and vice versa; and the use of any tense of a any verb shall be considered to include also within its meaning all other tenses of the verb.

(2)    "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside the scope. "Any" and "all" are used in their inclusive sense.

(3)    "Bidding Procedures" has the meaning ascribed to the term in the Motion.

(4)    "Debtors" means Energy Future Holdings Corp. and/or any of its direct or indirect debtor subsidiaries, and their respective Representatives.

(5)    "EFIH" means Energy Future Intermediate Holding Company LLC.

(6)    "EFIH Board" means the board of directors of EFIH.

(7)    "Motion" means that certain *Motion of Energy Future holdings Corp., et al. for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* dated September 19, 2014 [D.I. 2087].

(8)    "NextEra" means NextEra Energy, Inc.

(9)    "Non-EFIH Board" means the board of directors of one or more of the Debtors, including without limitation the board of directors of each of Energy Future Holdings Corp., Energy Future Competitive Holdings Company LLC, and Texas Competitive Electric Holdings Company LLC, but excluding the EFIH Board.

(10)    "Non-EFIH Debtor" means Energy Future Holdings Corp. and/or any of its direct or indirect debtor subsidiaries, but excluding EFIH, and their respective Representatives.

(11)    "Oncor" means Oncor Electric Delivery Holdings Company LLC and/or its direct and indirect subsidiaries.

(12)    "Potential Investor" means any party identified by the Debtors or their Representatives, or identified to the Debtors or their Representatives, as a potential

1

investor that may have or had an interest in a Potential Transaction, and its Representatives.

(13) "Potential Transaction" means any potential transaction for the direct or indirect sale or issuance, including in any plan of reorganization, of all or part of the direct or indirect economic interests of the Debtors in Oncor.

(14) "Representatives" means, with respect to any entity or person, such entity's or person's employees or former employees, agents or former agents, counsel or former counsel, advisors or former advisors (including financial advisors and attorneys), representatives or former representatives, directors or former directors, and/or officers or former officers and/or any other person(s) acting or purporting to act on its behalf.

(15) "RSA" means that certain Restructuring Support and Lock-Up Agreement attached as Exhibit D to the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings, Corp., et al., in Support of First Day Motions* [D.I. 98].

(16) "Stalking Horse Bidding Process" has the meaning ascribed to the term in the Motion.

## Deposition Topics

(1) The marketing efforts by the Debtors and their Representatives on or after July 1, 2014 concerning a Potential Transaction.

(2) Communications between the Debtors, on the one hand, and NextEra, on the other hand, or their respective Representatives, regarding a Potential Transaction or the Bidding Procedures, including without limitation any alternative transaction and/or tax structures proposed by NextEra, and the withdrawal of the NextEra proposal reflected in the *Notice of Withdrawal of Strategic Proposal by NextEra Energy, Inc.* [D.I. 1924].

(3) Communications between the Debtors, on the one hand, and any Potential Investor, any creditor or creditors committee (official or ad hoc) of any of the Debtors, Oncor, or any other "key stakeholder," on the other hand, or their respective Representatives, on or after July 1, 2014 regarding a Potential Transaction or the Bidding Procedures.

(4) The Debtors' consideration on or after July 16, 2014 of any Potential Transaction.

(5) The Debtors' decision to terminate the RSA and its exercise of the "fiduciary out."

(6) The EFIH Board's consideration of the tax implications of any Potential Transaction.

(7) The consideration of the tax implications of any Potential Transaction by any Non-EFIH Board.

(8) The Debtors' decision to pursue the Bidding Procedures.

(9) The EFIH Board's decision to preclude, pursuant to the Bidding Procedures, creditor access to, and consultation with creditors concerning, bid information during the Stalking Horse Bidding Process.

(10) Any Non-EFIH Board's decision to preclude, pursuant to the Bidding Procedures, creditor access to, and consultation with creditors concerning, bid information during the Stalking Horse Bidding Process.

(11) The tax and structural analysis underlying what the Debtors refer to as the "optimal deal structure" in the Motion.

(12) The basis of the Debtors' determination that the Bidding Procedures will maximize value.

(13) The timeline included in the Bidding Procedures and the basis of the Debtors' determination that the Bidding Procedures will provide sufficient time for potential investors to conduct due diligence and allow the Debtors to run a robust process that maximizes value.

3