# **EXHIBIT B**

**September 28, 2014 Letter from B. O'Connor to
C. Kerr, G. Starner, J. Stoll, and R. Martin** *et al.*

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Bridget O'Connor
To Call Writer Directly:
(202) 879-5048
boconnor@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 28, 2014

VIA E-MAIL

Charles L. Kerr
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019

Gregory M. Starner
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

James W. Stoll
Brown Rudnick LLP
One Financial Center
Boston, Massachusetts 02111

D. Ross Martin
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

Re:   *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979 (Bankr. Del.)

Dear Counsel:

    I am writing to follow up on my September 24, 2014 letter regarding the discovery you have served purporting to relate to the Bidding Procedures Motion, and specifically to provide an update as to our planned approach to both document production and depositions in light of the results of running the additional terms and custodians that you have requested, as well as consideration of your explanations as to the basis for the extremely broad and voluminous discovery that you have served relative to the narrow procedural relief sought in the Bidding Procedures Motion.

    **Document Productions**. As you are aware, the Debtors have already begun production of documents in response to your Requests, just three days after having received the first set of requests. The Debtors have also begun review of the search terms and parameters I laid out in my September 24, 2014 letter.[1] That review is well underway, and we expect to continue

---

[1] Two additional notes to the search parameters as described in my September 24, 2014 letter: (1) as I mentioned on the meet-and-confer call, for the Evercore custodians, Sesh Raghavan was included as a custodian instead of Steve Goldstein; and (2) the end dates for the searches should have indicated September 12, 2014 rather than to "present."

## KIRKLAND & ELLIS LLP

Charles L. Kerr, Gregory M. Starner, James W.
Stoll and D. Ross Martin
September 28, 2014
Page 2

making productions responsive to your requests based on those searches over the next days. Having now had a chance to assess the additional custodians and search terms requested in Mr. Lawrence's email, the Debtors do not intend to expand these searches to include the additional/modified terms as requested, to add the additional custodians, or to remove the domain restrictions on the searches.

In addition to the Debtors' production of documents from the dataroom and other targeted searches, the Debtors' searches as described in my September 24 letter yielded 9,333 potentially responsive documents. We are in the process of reviewing those hits to identify non-privileged, responsive materials, which will be produced as soon as possible. If we were to add the additional terms requested (maintaining the domain restrictions), that number would increase to 15,490 documents even before applying those terms to the Evercore custodians (which would increase the total number of hits even further).

You also asked that we explore the effect of removing the domain restrictions described in my September 24 letter. Doing so on just the Debtors' and K&E documents using the current search terms would increase the hit number to 13,009, even before adding in the Evercore documents and the effects of removing the domain restrictions to those documents.

With respect to the additional custodians requested in Mr. Lawrence's letter, after revisiting the issue further in light of those individuals that were actually involved in developing the bidding procedures at issue in the Motion, with the exception of adding Brendan Panda to the Evercore custodians, we do not intend to expand the list of custodians to include the additional individuals you have requested. We have confirmed that the custodians we had previously identified are those that were central to the development of the bidding procedures as issue in the Motion. Board members Hugh Sawyer and Chuck Cremens were not materially involved in the development of those procedures and are unlikely to have any materials responsive to your requests. Meagan Horn and Carla Howard are in-house tax lawyers at the Company and are unlikely to have non-privileged materials relating to the development of those procedures. Moreover, to the extent tax issues are implicated in the consideration of the Bidding Procedures Motion, it is as a legal rather than evidentiary issue. Rick Cieri and Jamie Sprayregen were also not among those K&E attorneys that were most central to the development of these procedures, and adding them as custodians — though potentially laborious due to privilege issues — is not likely to yield additional non-privileged materials responsive to your Requests. Similarly, notwithstanding her role in the restructuring, as General Counsel of the Company, Stacey Doré's documents on these issues are likely to be primarily privileged and/or cumulative of the other custodians.

Finally, the Debtors do not intend to pursue the alternative method of review suggested by Mr. Shore on the meet-and-confer call of reviewing every single document in each

## KIRKLAND & ELLIS LLP

Charles L. Kerr, Gregory M. Starner, James W.
Stoll and D. Ross Martin
September 28, 2014
Page 3

custodians' possession between July 1, 2014 to the present.  As an initial matter, for the Company custodians alone, undertaking such a review would mean reviewing more than 31,000 emails, even when domain restrictions are applied.

**Depositions**.  The Debtors (in coordination with Evercore) intend to make the following individuals available for deposition in connection with the Bidding Procedures Motion on the dates set forth below:

- Paul Keglevic — Friday, October 3, 9:30 AM

- Will Hiltz — Monday, October 6, 9:30 AM

- Anthony Horton  — Tuesday, October 7, 9:30 AM

We will respond separately with the witness designations for the 30(b)(6) topics noticed.

The Debtors do not intend to make additional individuals available for deposition in connection with the Bidding Procedures Motion.  As discussed above in the context of document custodians, as Board members, Hugh Sawyer and Chuck Cremens were not materially involved in developing the procedures at issue in the Motion and, as an in-house tax attorney at the Company, Carla Howard's role would have been limited to assessing tax matters as a legal issue.

*   *   *   *

As you are aware, the Bidding Procedures Motion was shared with the creditors a week prior to its filing and was filed an extra week prior to the required notice period.  In light of the extensive discovery being provided on a timely basis to the requesting parties and the timing of the Motion, the Debtors do not believe that any delay of the hearing on the Motion is warranted — particularly if the discovery on the Motion is appropriately tied to scope of the relief sought in the Motion.  We are available to meet and confer on these matters to discuss these matters further.

## KIRKLAND & ELLIS LLP

Charles L. Kerr, Gregory M. Starner, James W.
Stoll and D. Ross Martin
September 28, 2014
Page 4

                                                   Sincerely,

                                                   */s/ Bridget K. O'Connor*

                                                   Bridget K. O'Connor

cc:     J. Christopher Shore, White & Case LLP
          Aaron B. Laucheimer, Brown Rudnick LLP
          J. Alexander Lawrence, Morrison & Foerster LLP
          Andrew G. Devore, Ropes & Gray LLP
          Mark E. McKane, Kirkland & Ellis LLP
          Andrew R. McGaan, Kirkland & Ellis LLP
          David R. Dempsey, Kirkland & Ellis LLP