# **EXHIBIT D**

**September 30, 2014 Email from B. O'Connor to C. Kerr, G. Starner, and J. Stoll** *et al.*

| | |
|---|---|
| **From:** | O'Connor, Bridget K. |
| **Sent:** | Tuesday, September 30, 2014 10:12 PM |
| **To:** | *ckerr@mofo.com |
| **Cc:** | *cshore@whitecase.com; *jstoll@brownrudnick.com; *alawrence@mofo.com; *aglenn@kasowitz.com; *Andrea.B.Schwartz@usdoj.gov; *gstarner@whitecase.com; *daudette@whitecase.com; Bartlett, Jason; *jjonas@brownrudnick.com; *jcoffey@brownrudnick.com; Marshall, Jonathan D.; McKane, Mark E.; Dempsey, David R.; *alauchheimer@brownrudnick.com; McGaan, Andrew R.; Pruitt, William T.; *ross.martin@ropesgray.com; *andrew.devore@ropesgray.com; *salberino@akingump.com; Petrino, Michael A. |
| **Subject:** | RE: In re Energy Future Holdings Corp. et al. -- Bidding Procedures Motion |

All,

     I am writing to get back to you on the items that I indicated on our meet-and-confer call earlier today that I would look into and provide responses where possible.

**Timing of Hearing.** I can confirm that the Debtors are not willing to move the hearing on the Bidding Procedures Motion from October 17 as scheduled, to the October 28 hearing. As I explained on our call today, there are several reasons for sticking with the October 17 hearing date. *First*, the creditors have had ample time to evaluate the Motion and develop their potential objections. During the week of September 8, 2014, the Debtors held telephone conferences with the advisors to each of their major stakeholders during which they described the proposed bidding procedures, answered questions, and noted creditor concerns. In advance of each call, the Debtors submitted to each group a timeline setting forth the key dates and deadlines associated with the proposed bidding procedures. On September 13, the Debtors shared drafts of the proposed bidding procedures and the motion with each of these groups. Although the deadline to file the bidding procedures motion on 21 days' notice would have been September 26, the Debtors filed the bidding procedures motion seven days earlier, on September 19. Thus, by the time of the hearing on October 17, the creditors will have been on notice of the proposed bidding procedures for 39 days, and will have had access to the draft Motion for 34 days. With this request to delay an additional 11 days, this brings that period to 50 and 45 days, respectively. But the creditors have not explained a basis for needing time beyond the standard 21-day notice period for this narrow, procedural motion. *Second*, the relief sought in the Motion is narrow and procedural in nature and seeks approval only of the bidding procedures, scheduling an auction for the transaction and related deadlines, and approving the form of notice for that auction and related deadlines. The Motion *does not* seek approval of any particular bid or transaction or any particular structure for same. In fact, the Motion specifically states that the bidding procedures apply to "an investment, *in any form*, to acquire any or all of the assets or the reorganized equity of Energy Future Holdings Corp. ('EFH Corp.')" (emphasis added). *Third*, the dates associated with the bidding process have been publicized -- including by way of the Motion itself -- and that process provides certainty and structure to potential bidders which would be undermined if the hearing date on the Motion were to be moved. *Fourth*, the October 17 hearing date was set specifically by Judge Sontchi for the Bidding Procedures Motion.

     In contrast to these many reasons in favor of keeping the October 17 hearing date, we have yet to hear any basis for delaying the hearing when discovery is appropriately tied to the relief actually sought in the Motion, other than a generic reference to the need to develop evidence.

**Board Member Depositions**.  I can confirm that although the Boards of Directors were advised of the progress and plans with respect to the Bidding Procedures, they were not asked to vote on the procedures or to approve the Motion prior to filing.  In light of our discussion on this point earlier today, I trust that in light of this confirmation, the depositions of Messrs. Cremens and Sawyer are no longer necessary.  Please confirm.

**Additional Custodians**.  We will agree to add Messrs. Sawyer and Cremens as custodians.  We can also confirm that we will add Steve Goldstein as a custodian.

**Search Terms.**  As I mentioned on the call, we are willing to and will add the additional domain names you provided to our searches.

We have analyzed the additional search terms that you proposed on September 25, and are willing to add the following terms from your list to our search and review:

- Market* /5 condition*
- Market* /5 risk*
- Market* /5 shift*
- Market* /5 change*
- Market* /5 fluct*
- Market* /5 var*
- Market* /5 volatil*
- Deconsol*

We cannot, however, agree to use the other search terms that you proposed.  By way of example, your proposed term "(market* OR tease* OR offer* OR opportune* OR sell* OR invit*) w/5 (auction* OR bid* OR invest* OR oncor* OR EFIH OR EFH)" returned 3,745 unique hits using the Debtors' company custodians and another 1,705 unique hits using the Kirkland & Ellis custodians.  This search is particularly overbroad because it combines non-specific terms -- *e.g.*, market w/5 bid; offer w/5 invest; and opportunity w/5 invest -- that are not reasonably tailored to issues raised in the Bidding Procedures Motion.  Another of your proposed terms, "(invest* OR purchase* OR buy OR stake OR interest*) w/5 (oncor OR EFIH OR EFH)," returned 3,917 unique hits using our company custodians and another 1,097 unique hits using the Kirkland & Ellis custodians.  This term too is overbroad, in no small part because it could hit on any number of documents related to "interest" on debt, which obviously has no bearing on the Bidding Procedures Motion.  Another example of an overbroad proposal on your search term list was "(volatile* OR fluct* OR var* OR change*) w/7 (oncor OR EFIH OR EFH OR regulat* OR util* OR stock)," which hit on 2,804 unique documents using the company custodians and 1,003 unique documents using the Kirkland & Ellis custodians.  In particular, the combination of "var*" or "change*" with "regulat*," "util*," or "stock" is likely to return materials related to changes in utility prices, changes to regulations, and changes in the stock prices of companies other than the Debtors -- none of which would have any relevance to the Bidding Procedures Motion.

Many of your other proposals were already captured by our search term list but in a more reasonably tailored manner.  Your proposed the term "bid*," for example, hit on 4,302 unique documents using the company custodians and another 2,015 unique documents using the Kirkland & Ellis custodians.  We had already used the term "bid*" in conjunction with twelve other terms that were tailored to issues raised in the Bidding Procedures Motion:  (seal* OR acces*); market; time*; timing; diligence; start*; factor*; standard*; evaluat*; interest*; alternative*; and (procedure* OR process*).  Another example is your proposed term "Tax w/5 (consequence* OR result* OR outcome OR analy* OR impact* OR effect* OR affect* OR assess* OR spin)," which hit on 2,719 unique documents using the company custodians and another 1,183 unique

2

documents using the Kirkland & Ellis custodians.  The list of search terms we used already included seven separate searches related to tax issues:  "tax-free"; tax w/2 free; tax w/5 consequenc*; "tax-free" w/7 alternative*; (tax w/2 free) w/7 alternative*; "tax-free" w/7 (impact* OR effect* OR affect* OR consequence*); and (tax w/2 free) w/7 (impact* OR effect* OR affect* OR consequence*).  We do not see there being a benefit to offset the burden of the broader proposals in your September 25 list.

Lastly, many of your proposed search terms were entities that we had already included as domain restrictors on our searches.  We do not see a justifiable grounds for adding those entities as search terms, as well.

**Other Issues.**  In addition to the items we discussed on today's call, we also received the letter from Mr. Starner this afternoon regarding two additional document-related points.  With respect to your question as to whether the Debtors intend to "produce all Communications between the Debtors and any third parties, including without limitation any potential bidders, concerning the Debtors stated preference for bids proposing 'an equity investment in reorganized EFH combined with a tax-free spinoff of TCEH,'" it is first worth noting that I did not commit in a vacuum to producing any such communications.  Rather, I stated that such communications could potentially be seen as responsive and that I would look into whether such communications in fact exist and if so, how we intend to treat them.  I am in the process of doing that now.

As to your other request that the Debtors "produce the last draft(s) of any proposed definitive documentation concerning NextEra's July 16 offer for an investment in the equity of reorganized EFH Corp.," again, the characterizations of my comments are inaccurate.  Indeed, I believe it was actually Mr. Shore that focused on that particular basis on our prior meet-and-confer call.  The bases for protecting against disclosure of this sensitive information are spelled out fully in the Motion and supporting exhibits, but beyond the considerations relating to publicly-traded companies, they also include the overall chilling effect that disclosure of such details would have on the bidding process -- regardless of the corporate status of the entity -- if the Debtors shared sensitive bid information with the marketplace.  Consistent with our previously stated position on this issue, we do not intend to produce such documents.

Finally, this will confirm that a production of responsive documents, including emails and other custodial documents will go out this evening.

I hope that this information is helpful in resolving at least some of our outstanding issues relating to the discovery on the Bidding Procedures Motion.  Please let us know as soon as possible if you still intend to seek Court intervention on any remaining issues.

Thanks,
Bridget


**Bridget K. O'Connor**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite 1200
Washington, D.C. 20005
Ph: (202) 879-5048   F: (202) 879-5200

---

**From:** Kerr, Charles L. [mailto:CKerr@mofo.com]
**Sent:** Tuesday, September 30, 2014 9:04 AM
**To:** O'Connor, Bridget K.

3

**Cc:** *cshore@whitecase.com; *jstoll@brownrudnick.com; *alawrence@mofo.com; *aglenn@kasowitz.com; *Andrea.B.Schwartz@usdoj.gov; *gstarner@whitecase.com; *daudette@whitecase.com; Bartlett, Jason; *jjonas@brownrudnick.com; *jcoffey@brownrudnick.com; Marshall, Jonathan D.; McKane, Mark E.; Dempsey, David R.; *alauchheimer@brownrudnick.com; McGaan, Andrew R.; Pruitt, William T.; *ross.martin@ropesgray.com; *andrew.devore@ropesgray.com
**Subject:** RE: In re Energy Future Holdings Corp. et al. -- Bidding Procedures Motion

Bridget:

Let's do our call at Noon.    We can use this call-in number   1-800-650-4949   code 4688043.

Chet

Charles L. Kerr
Morrison & Foerster
250 West 55th Street
New York, New York 100019-9601
Tel: (212) 468-8043
Fax: (212) 468-7900
Cell:  (917) 825-7851
mailto:ckerr@mofo.com
http://www.mofo.com

---

**From:** O'Connor, Bridget K. [mailto:boconnor@kirkland.com]
**Sent:** Monday, September 29, 2014 11:22 PM
**To:** Kerr, Charles L.
**Cc:** *cshore@whitecase.com; *jstoll@brownrudnick.com; Lawrence, J. Alexander; *aglenn@kasowitz.com; *Andrea.B.Schwartz@usdoj.gov; *gstarner@whitecase.com; *daudette@whitecase.com; Bartlett, Jason; *jjonas@brownrudnick.com; *jcoffey@brownrudnick.com; Marshall, Jonathan D.; McKane, Mark E.; Dempsey, David R.; *alauchheimer@brownrudnick.com; McGaan, Andrew R.; Pruitt, William T.; *ross.martin@ropesgray.com; *andrew.devore@ropesgray.com
**Subject:** Re: In re Energy Future Holdings Corp. et al. -- Bidding Procedures Motion

Chet,
We are available for a meet and confer tomorrow at Noon if that works for the group.  Please let us know.

Thanks

On Sep 29, 2014, at 6:00 PM, "Kerr, Charles L." <CKerr@mofo.com> wrote:

> Bridget:
>
> Please see the attached letter.
>
> Chet
> Charles L. Kerr
> Morrison & Foerster
> 250 West 55th Street
> New York, New York 100019-9601
> Tel: (212) 468-8043
> Fax: (212) 468-7900

Cell:  (917) 825-7851
mailto:ckerr@mofo.com
http://www.mofo.com

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail CKerr@mofo.com, and delete the message.

<2014-09-29 Ltr. to Bridget O'Connor.pdf>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail CKerr@mofo.com, and delete the message.