**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

October 2, 2014

Writer's Direct Contact
+1 (212) 468.8043
CKerr@mofo.com

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

    Re:   *In re Energy Future Holdings Corporation, et al.* No. 14-10979 (Bankr. Del.)

Dear Judge Sontchi:

    As counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), its direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (the "Official Committee"), we write in regard to the Debtors' letter, dated October 1, 2014, regarding the *Motion for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof,* filed September 19, 2014 [Docket No 2087] (the "Bidding Procedures Motion").

    As an initial matter, while the Debtors seek to downplay the importance of this motion and suggest that it is non-substantive and purely "procedural", in fact, the relief they are seeking would effectively lock in a plan structure that substantially affects the rights and potential recoveries of both the EFIH creditors (and related debtors) and the TCEH creditors (and related debtors). The Official Committee will address its concerns about these issues when it files its Objection to the Bidding Procedures Motion. Nonetheless, the very fact that the filing of this motion has sparked such intense interest and concern from all corners of the creditor constituency in this case, triggering numerous discovery requests from both T-Side and E-Side creditors, should signal that what the Debtors characterize as "narrow and procedural" is far more broad and substantive. [Docket Nos. 2099-2100, 2102-2108, 2114-2119, 2257, 2260-2273, 2275-2280, 2287-2293.][1]

---

[1] In addition to the Official Committee, the parties seeking discovery in connection with the Bidding Procedures Motion include: (1) Wilmington Savings Fund Society, FSB ("WSFS"), trustee for the TCEH Second Lien Notes; (2) the Ad Hoc Group of TCEH Unsecured Noteholders ("TCEH Ad Hoc Group"); (3) Delaware Trust Company, f/k/a CSC Trust Company of Delaware, as Indenture Trustee for the 10% Senior Secured Notes Due 2020 issued by Energy Future Intermediate Holdings LLC ("EFIH") and EFIH Finance Inc. ("Delaware Trust"); (4) Computershare Trust Company, N.A. and Computershare Trust Company of Canada in its capacity as indenture trustee for the 11%Senior Secured Second Lien Notes due 2021 and the 11.75% Senior Secured

ny-1160238

**MORRISON | FOERSTER**

The Honorable Christopher S. Sontchi
October 2, 2014
Page Two

      The Debtors further overstate the scope of discovery that the parties seek in connection with this motion and needlessly complain at length in their ten page letter about points that are no longer in contention. For instance, while the Debtors complain about the number of emails that they would be forced to review, the request for emails is limited to a two and a half month period, from July 1 through September 12, 2014, and the Official Committee has agreed to limit any search for email to a handful of key custodians. As reflected in the correspondence attached to the Debtors' letter, the Official Committee has abandoned its initial request to include as custodians the individuals referred to on pages 8 and 9 of Debtors' letter: Meghan Horn, Carla Howard, James Sprayregen, Richard Cieri, and Stacey Dore. Furthermore, the Official Committee has not requested that the Debtors review all emails for the selected custodians during that two and a half month period. Rather, the Official Committee has worked—and is prepared to continue to work—toward identifying reasonable search terms to focus and limit the search for responsive documents. While the Official Committee believes that the Debtors are taking an unreasonably constrained view of the need for and scope of discovery—as evidenced by the fact that the Debtors have produced only 51 emails to date—the Official Committee has told the Debtors that it will continue to work to bridge that divide.

      Finally, while the Official Committee has indicated its belief that an adjournment of this motion would further the fair and proper consideration of the motion by the parties and the Court and would not prejudice the Debtors in any way, the Official Committee will continue to work to complete discovery within the schedule that the Debtors have unilaterally insisted upon.

                                              Respectfully Submitted,

                                              Charles L. Kerr

cc:     All parties via ECF filing

---

Lien Notes due 2022 issued by EFIH and EFIH Finance Inc. (the "EFIH Second Lien Trustee"); and (5) the Ad Hoc Committee of Holders of 11.25%/12.25% Senior Unsecured Toggle Notes Due 2018, Issued Pursuant to the Indenture, dated December 5, 2012, by and among EFIH and EFIH Finance Inc., as Issuers, and UMB Bank, N.A., as Successor Trustee (the "Ad Hoc Committee of EFIH Unsecured Notes").

ny-1160238