# BROWNRUDNICK

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

October 2, 2014

**VIA HAND DELIVERY**
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

RE: **In re Energy Future Holdings, Corp., et. al. (Case No. 14-10979)**

Dear Judge Sontchi:

     I write on behalf of Wilmington Savings Fund Society, FSB ("WSFS"), successor trustee for the second lien notes issued by Debtor Texas Competitive Electric Holdings, LLC ("TCEH"), in response to the October 1, 2014 letter to the Court from Attorney O'Connor of Kirkland & Ellis, LLP [Docket No. 2294] concerning unresolved discovery disputes related to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [Docket No. 2087] (the "Motion").

     In response to Attorney O'Connor's letter, WSFS informs the Court that it is prepared to accept all of Debtors' proposed limitations on discovery other than the refusal to produce for deposition, Mr. Hugh Sawyer, the independent director of TCEH and its direct parent, Energy Future Competitive Holdings, LLC. WSFS has noticed Mr. Sawyer's deposition for October 8 (one day prior to the objection deadline for the Motion) and expects its deposition of Mr. Sawyer will take no more than three hours. WSFS does not presently seek any adjournment of the October 17th hearing.

     Since the outset of these cases, the Debtors have conceded that the boards of Energy Future Holdings Corp. ("EFH"), and its two primary subsidiaries, TCEH and Energy Future Intermediate Holding Co., LLC, are dominated by the group's equity sponsors, are overlapping, and thus are conflicted. Ostensibly to address this reality and assuage the concerns of the different and distinct creditor constituencies, the Debtors appointed independent directors for both the "T-Side" (Mr. Sawyer) and the "E-Side" (Mr. Charles Cremens) to review and approve, in the exercise of their purportedly independent business judgment, transactions that might result in an actual conflict of interest between the different Debtor estates.

brownrudnick.com

Brown Rudnick LLP    Boston | Dublin | Hartford | London | New York | Orange County | Paris | Providence | Washington, D.C.

With respect to the Motion, each of the Debtors is required to establish a valid business justification for proceeding down the chosen path. See *In re Gulf Coast Corporation*, 404 B.R. 407, 422 (Bankr. S.D. Tex. 2009) ("The Movant must establish a business justification for the transaction and the bankruptcy court must conclude, from the evidence, that the movant satisfied its fiduciary obligations and established a valid business justification."). Mr. Sawyer, as the lone independent director of the T-Side companies, is presumably the person assessing the compelling need, at this stage of the Debtors' cases, to seek Court approval of the proposed bidding process. For reasons that will be made clear at the hearing on the Debtors' Motion, the procedures at issue would ultimately condition the sale of an asset that does not currently exist and is not owned by any of the Debtors on the confirmation of a tax-driven T-Side plan of reorganization. The gravamen of WSFS's opposition to the Motion is that the procedures, if approved, are likely to deprive the T-Side companies of billions of dollars of value and consume substantial tax attributes for the exclusive benefit of the sponsors and the holders of first lien debt on the T-Side. Far from being a simple procedural order that, according to the Debtors, preserves all parties' rights, approval of the Motion will cause substantial prejudice to the second lien creditors and general unsecured creditors of the T-Side entities.

The Debtors seek a protective order preventing the limited inquiry sought by WSFS on the assertion that the independent directors were "not materially" involved in the development of the bidding procedures and the "Board did not take a formal vote on the bidding procedures" (although it is not at all clear which of the Debtors' various boards is being referenced in Attorney O'Connor's letter). Having invoked the business judgment rule, the Debtors cannot justify a refusal to produce the independent directors for deposition based on a unilateral declaration of a lack of involvement. See *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) ("[a party] cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, and that at a minimum, [the party] must submit to a deposition so that his lack of knowledge may be tested[.]") (quotations and citation omitted); *Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (determining that it does not "matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge").

Moreover, a board of directors must play "an active and direct role in the context of a sale of a company from beginning to end." *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 368 (Del. 1993) (instructing that "directors cannot be passive instrumentalities during merger proceedings"); see *FDIC v. Castetter*, 184 F.3d 1040, 1046 (9th Cir. 1999) (explaining that the business judgment rule "does not protect a director . . . where there is a conflict of interest" or where the director "has wholly abdicated his corporate responsibility, closing his or her eyes to corporate affairs"). Thus, even accepting the Debtors' claim that the independent directors were not materially involved in the decision to pursue bidding procedures that are admittedly designed to encourage a restructuring scheme favored by old equity, creditors should be allowed to depose their purported fiduciaries to determine why not.



The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
Page 3

      WSFS asks that the Court deny the Debtors' request for a protective order as to the deposition of Mr. Sawyer. Should Your Honor have any questions concerning the limited discovery WSFS now seeks, WSFS is available at the Court's convenience for a teleconference.

      Respectfully submitted,

      */s/ Edward S. Weisfelner*

      Edward S. Weisfelner

61783412 v1-WorkSiteUS-030953/0001