# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 28, 2014 at 12:00 p.m. |
| | Objection Deadline: October 21, 2014 at 4:00 p.m. |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE DEBTORS' AGREEMENT TO CERTAIN TAX ADJUSTMENTS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") approving the Debtors' agreement with the Internal Revenue Service (the "IRS") to certain tax adjustments under a regular agreed Revenue Agent Report for the 2007 tax year, as set forth in the executed IRS forms attached hereto as **Exhibit B** (the "RAR"). In support of this Motion, the Debtors submit the *Declaration of Carla Howard in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Approving the Debtors' Agreement to Certain Tax Adjustments*, filed substantially contemporaneously herewith. In further support of this Motion, the Debtors respectfully submit as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 10908620v.1

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested in this Motion are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code").

**Relief Requested**

4.     By this Motion, the Debtors request entry of the Order approving the Debtors' agreement with the IRS to certain tax adjustments for the 2007 tax year under the RAR.

**Background**

5.     On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter

2

11 cases. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420].

6. On September 23, 2014, the Debtors executed the RAR and submitted it to the IRS under the cover letter attached hereto as **Exhibit C** (the "Cover Letter"). The Cover Letter explains that the chapter 11 cases are pending and that the Debtors are subject to the jurisdiction of this Court. The Cover Letter expressly states that the adjustments reflected in the RAR are or may be subject to the Court's approval and that any proof of claim filed by the government for prepetition tax years resulting from those adjustments will be subject to the jurisdiction of this Court. The Debtors file this Motion to obtain that approval to the extent necessary.

7. Under the RAR, the Debtors agreed to certain specified positive and negative adjustments proposed by the IRS to the Debtors' 2007 taxable income, including, for example, adjustments related to depreciation, interest expense, and debt repurchases. The aggregate impact of these adjustments is an increase in the amount of the net operating loss incurred by the Debtors' consolidated tax group for the 2007 tax year. As a result, the execution of the RAR will not result in a notice of deficiency or in a claim that the Debtors owe additional taxes for the 2007 tax year. In other words, the RAR does not result in any cash expenditure by the Debtors' estates.

8. The executed IRS forms attached to this Motion memorialize the RAR and acknowledge the Debtors' agreement to the specified adjustments. By signing the RAR, the Debtors waive the right to appeal the IRS's findings in the United States Tax Court. This waiver does not affect the Debtors, however, because that court only hears cases where an overall deficiency assessment is at issue, which is not the case for the Debtors' 2007 tax year. The Debtors also consent under the RAR to the assessment and collection of any resulting increase in

taxes or penalties (of which there are none) and acknowledge that they accept the IRS's recommended adjustments. Agreed adjustments of this type are a standard practice of the IRS, and the Debtors routinely enter into similar adjustments as a part of their regular IRS examination process.

9. Importantly, although the RAR reflects the Debtors' agreement to these adjustments, subject to the Court's approval, it does not bind the Debtors to a settlement of any tax claims. The Debtors retain their broader rights and remedies for the 2007 tax year, including, for example, the right to request a refund or object to any IRS claim against the Debtors' estates in this Court or another court of competent jurisdiction (other than the United States Tax Court, which only hears cases involving overall deficiency assessments). Thus, the RAR embodies a relatively narrow agreement to specified adjustments to the Debtors' 2007 tax return that has no negative effect on their existing rights in this circumstance.

## Basis for Relief

10. The Debtors' execution of the RAR should be approved under section 363 of the Bankruptcy Code. As an initial matter, section 363(c) of the Bankruptcy Code provides that a debtor "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). A transaction is in the ordinary course of business if it is "of the sort commonly undertaken by companies in [the debtor's] industry" and it does not subject a hypothetical creditor "to economic risk of a nature different from those he accepted when he decided to extend credit." *In re Roth Am., Inc.*, 975 F.2d 949, 952-53 (3d Cir. 1992). Tax return adjustments of the nature provided herein are commonly undertaken by not only the Debtors, but companies across industries. And the RAR

4

has no material effect on the Debtors' credit risk or the Debtors' existing rights and remedies under the Bankruptcy Code. Because the RAR is a part of the Debtors' routine submission of tax returns, the Debtors respectfully submit that the Court should approve the RAR as an ordinary course transaction under section 363(c)(1) of the Bankruptcy Code.

11. Alternatively, section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In the Third Circuit, courts have authorized transactions outside the ordinary course of business when the transaction has a sound business purpose and is proposed in good faith. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Exaeris, Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008). The RAR may also be approved as a non-ordinary-course transaction within the Debtors' sound business judgment under section 363(b) of the Bankruptcy Code. While the RAR allows the Debtors to agree to the IRS's proposed adjustments, it does not require the use of the Debtors' cash, result in an incremental tax liability, or foreclose the Debtors' right to object to any tax claims in the chapter 11 cases. In fact, the overall adjustments proposed by the IRS are favorable to the estates. Given that the RAR merely represents the resolution of a tax issue at no material cost to the estate, the Debtors submit that the RAR should be approved as a sound exercise of the Debtors' business judgment under section 363(b) of the Bankruptcy Code.

12. Moreover, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In essence, the Court may enter an order that safeguards the value of the debtor's estate if doing so is consistent with the Bankruptcy Code. *See, e.g.*, *Chinichian v. Campolongo*

*(In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (acknowledging that "the [b]ankruptcy [c]ourt is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws"). Executing the RAR safeguards the value of the Debtors' estates by avoiding any resulting litigation with the IRS that could result if the Debtors refuse to accept the proposed adjustments—adjustments which do not harm and in fact enhance the Debtors' estates. For the foregoing reasons, the Debtors submit that the Court should enter the Order approving the Debtors' entry into the RAR.

## Notice

13.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and

Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (j) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (k) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (l) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (m) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (n) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (o) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (p) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (q) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (r) Oncor Electric Delivery Company LLC and counsel thereto; (s) the Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (w) counsel to the Electric Reliability Council of Texas; and (x) those parties that have requested notice pursuant to Bankruptcy Rule

2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

14. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:   October 7, 2014
        Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession