IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 2336** |

### DECLARATION OF CARLA HOWARD IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE DEBTORS' AGREEMENT TO CERTAIN TAX ADJUSTMENTS

I, Carla Howard, declare as follows:

1.  I am a Senior Vice President and General Tax Counsel of Energy Future Holdings Corp., Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and Energy Future Intermediate Holding Company LLC. I submit this declaration (this "Declaration") in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Debtors' Agreement to Certain Tax Adjustments* [D.I. 2336] (the "Motion").[2]

2.  Except where specifically noted, the statements in this Declaration are based on my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

RLF1 10908692v.1

supplied to me by members of the Debtors' employees and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

3. On September 23, 2014, the Debtors executed the RAR and submitted it to the IRS under the Cover Letter. Under the RAR, the Debtors agreed to certain specified positive and negative adjustments proposed by the IRS to the Debtors' 2007 taxable income, including, for example, adjustments related to depreciation, interest expense, and debt repurchases. The aggregate impact of these adjustments is an increase in the amount of the net operating loss incurred by the Debtors' consolidated tax group for the 2007 tax year. As a result, the execution of the RAR will not result in a notice of deficiency or in a claim that the Debtors owe additional taxes for the 2007 tax year. In other words, the RAR does not result in any cash expenditure by the Debtors' estates.

4. The executed IRS forms attached to the Motion memorialize the RAR and acknowledge the Debtors' agreement to the specified adjustments. By signing the RAR, the Debtors waive the right to appeal the IRS's findings in the United States Tax Court. This waiver does not affect the Debtors, however, because that court only hears cases where an overall deficiency assessment is at issue, which is not the case for the Debtors' 2007 tax year. The Debtors also consent under the RAR to the assessment and collection of any resulting increase in taxes or penalties (of which there are none) and acknowledge that they accept the IRS's recommended adjustments. Agreed adjustments of this type are a standard practice of the IRS, and the Debtors routinely enter into similar adjustments as a part of their regular IRS examination process.

5.      Importantly, although the RAR reflects the Debtors' agreement to these adjustments, subject to the Court's approval, it does not bind the Debtors to a settlement of any tax claims.  The Debtors retain their broader rights and remedies for the 2007 tax year, including, for example, the right to request a refund or object to any IRS claim against the Debtors' estates in this Court or another court of competent jurisdiction (other than the United States Tax Court, which only hears cases involving overall deficiency assessments).  Thus, the RAR embodies a relatively narrow agreement to specified adjustments to the Debtors' 2007 tax return that has no negative effect on their existing rights in this circumstance.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 7, 2014

_____
Carla Howard
Senior Vice President and General Tax Counsel
Energy Future Holdings Corp. and certain subsidiaries