**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: October 28, 2014 at 12:00 p.m. (ET) |
| | ) Objection Deadline: October 21, 2014 at 4:00 p.m. (ET) |

**MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN
ORDER AUTHORIZING (A) REJECTION OF A CERTAIN
UNEXPIRED LEASE BETWEEN LUMINANT GENERATION
COMPANY LLC AND U.S. GYPSUM AND (B) ABANDONMENT
OF CERTAIN PROPERTY, EACH EFFECTIVE AS OF NOVEMBER 25, 2014**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to (a) reject that certain Ground Lease Agreement, between Luminant Generation Company LLC ("Luminant Generation"), as successor-in-interest to Enserch Development Corporation One, Inc., and United States Gypsum Company ("U.S. Gypsum"), entered into in November 1987 and amended as of April 2013, including any related agreements, amendments, or modifications thereto (the "Lease"), and (b) abandon certain of the Debtors' property located at the premises of the Lease (the "Property"), each effective as of November 25, 2014. In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Corp.*, et al., *For Entry of an Order Authorizing (A) Rejection of a Certain Unexpired Lease Between Luminant Generation Company LLC and U.S. Gypsum and (B) Abandonment of Certain Property, Each Effective as of November 25, 2014* (the "Frenzel Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105, 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

RLF1 10908649v.1

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order (the "Order") authorizing the Debtors to (a) reject the Lease and (b) abandon the Property that may be located at the premises relating to the Lease, each effective as of November 25, 2014 (the "Rejection Date").

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

**I. Lease to be Rejected.**

6. Debtor Luminant Generation entered into the Lease for a 13.78 acre tract of land in Nolan County, Texas in November 1987 with U.S. Gypsum to construct and operate a natural gas plant to generate electricity (the "Plant").

7. Since entering into the Lease, Luminant Generation has entered into two letter agreements and one amendment with U.S. Gypsum to extend the term of the Lease. Under the most recent amendment, entered into in April 2013, the Lease term was extended for an additional three years to August 17, 2016. Under the Lease, rent is paid in advance, each August 17th, for the following year, in the amount of $100,000.

8. The Debtors previously determined that it was no longer economically feasible for Luminant Generation to continue operations at the Plant. As a result, Luminant Generation ceased production and vacated the premises. The Plant currently lays dormant, and the Debtors do not plan to restart operations at the Plant.

**II.     Property to be Abandoned.**

9. The Property remaining at the premises of the Lease includes the Plant itself, other structures, roads, combustion turbines, compressors, battery storage racks, cables, motors, valves, vacuums, transformers, and other miscellaneous small equipment and tools. Because the Debtors have already ceased operating the Plant, the Property is not necessary for the Debtors' business operations. The Debtors intend to continue to explore opportunities to sell the Property through the Rejection Date. If the Debtors are unable, however, to secure an offer to sell the Property efficiently by the Rejection Date, they believe that abandonment is appropriate because the cost of removing and storing the remaining Property, for future sale or use, would exceed the value of the Property to the Debtors' estates.

**Basis for Relief**

**I.     Rejection of the Lease Reflects the Debtors' Sound Business Judgment.**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not

been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

11.    The decision to assume or reject an unexpired lease is a matter within the debtor's "business judgment." *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

12.    Here, the Debtors have determined that rejection of the Lease is in the best interests of the Debtors, their creditors, and other parties in interest.  As an initial matter, the Lease is not necessary for the Debtors' business operations, and the Debtors do not expect to restart operations at the Plant.  Further, the Debtors have estimated that the Lease does not have

any material, realizable value in the marketplace.  And, absent rejection, the Lease will impose unnecessary costs on the Debtors' estates.  Accordingly, the Debtors have determined, in a sound exercise of their reasonable business judgment, that rejection of the Lease is appropriate.

**II.    Abandonment of Property.**

13.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

14.    The Debtors believe that the cost of retrieving, marketing, and reselling the abandoned Property outweighs the value the Debtors could obtain for the Property in a sale.  Accordingly, to prevent any unnecessary postpetition administrative costs, the Debtors believe, in their reasonable business judgment, that the abandonment of any Property remaining at the premises is appropriate and in the best interests of the Debtors, their estates, and their creditors.

15.    Courts in this jurisdiction have approved relief similar to that requested herein.  *See In re QCE Finance, Inc.*, No. 14-10543 (Bankr. D. Del. Apr. 9, 2014) (authorizing abandonment of property at the premises of rejected leases); *In re F&H Acquisition Corp.*, No. 13-13220 (Bankr. D. Del. Jan. 8, 2014) (same); *In re Rural/Metro Corp.*, No. 13-11952 (Bankr. D. Del. Oct. 28, 2013) (same); *In re Friendly Ice Cream Corp.*, No. 11-13167 (Bankr. D. Del. Oct. 24, 2011) (same).

### Waiver of Bankruptcy Rules 6006(c) and 6004(h)

16.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

RLF1 10908649v.1

**Reservation of Rights**

17. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) an admission that the Lease is integrated with any other contract or lease; (g) a waiver by the Debtors of their right to assert that the Lease was terminated prior to the Petition Date; or (h) a concession or evidence that the Lease identified herein has not expired, been terminated, or otherwise currently is not in full force and effect.

**Notice**

18. The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy

notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (j) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (k) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (l) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (m) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (n) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (o) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (p) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (q) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (r) Oncor Electric Delivery Company LLC and counsel thereto; (s) the Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (w) counsel to the Electric Reliability

RLF1 10908649v.1

Council of Texas; (x) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (y) U.S. Gypsum.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

19.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  October 7, 2014

/s/ William A. Romanowicz
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:            collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com
                     romanowicz@rlf.com
Proposed Co-Counsel to the Debtors and Debtors in Possession

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

RLF1 10908649v.1