IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: October 28, 2014 at 12:00 p.m.** |
| | ) **Objection Deadline: October 21, 2014 at 4:00 p.m.** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING CERTAIN PREPETITION CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing and approving settlement procedures (as described herein, the "Settlement Procedures") for settling certain prepetition threatened or actual claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (the "De Minimis Claims"). In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4. By this Motion, the Debtors seek the entry of an order authorizing them to use the Settlement Procedures to settle De Minimis Claims, pursuant to the procedures outlined below, for an amount not to exceed $3 million on behalf of one De Minimis Claim or in satisfaction of multiple De Minimis Claims in the aggregate (such settled amount, the "Settled Amount").[2]

### Background

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

---

[2] For the purposes of determining the applicable dollar amount of a De Minimis Claim in order to permit the settlement of such claim pursuant to the Settlement Procedures, the Debtors propose that the Settled Amount equal the dollar amount that the Debtor(s) and the applicable Settling Party (as defined herein) ultimately agree upon to resolve such De Minimis Claim.

the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

### I.     The De Minimis Claims.

6.     The Debtors hold various prepetition claims and causes of action against numerous third parties that they have asserted or will assert through litigation, administrative action, or arbitration in appropriate forums. Similarly, third parties hold various prepetition claims and causes of action against the Debtors that have been or will be asserted through litigation, administrative action, or arbitration. To minimize expenses and maximize value for the creditors of the Debtors' estates, the Debtors seek authority to resolve the De Minimis Claims by the Settlement Procedures.

7.     If the Debtors were required to obtain prior approval of this Court to settle each De Minimis Claim, they would incur significant costs associated with preparing, filing and serving separate motions for each proposed settlement, especially considering the size of the list of parties that have requested notice and service of papers in these chapter 11 cases. Similarly, the Debtors would likely suffer the delays incumbent with obtaining such Court approval while complying with the required notice periods and available hearing schedules and, in some cases, lose significant negotiating leverage in resolving such claims as a result. Therefore, the Debtors desire to establish Settlement Procedures in these chapter 11 cases that will allow them to enter

into settlements on a more cost-effective and expeditious basis while preserving an oversight function for key parties in interest.[3]

## II.     The Claim Settlement Procedures.

8.     With respect to the De Minimis Claims involving (a) non-insider third parties (the "Settling Parties") against the Debtors, or (b) the Debtors against the Settling Parties, as well as any cross-claims and counter-claims asserted against the Debtors by Settling Parties (or against the Settling Parties by the Debtors), the Debtors propose that they be authorized to enter into the Settlement Procedures:[4]

> (a)     No settlement will be effective unless it is executed by an authorized representative of the Debtors.
>
> (b)     With regard to any Settled Amount that is equal to or less than $500,000 for: (i) the settlement of a De Minimis Claim, or (ii) in satisfaction of multiple De Minimis Claims in the aggregate:
>
>> (i)     A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors and shareholders; and
>>
>> (ii)    Such affected Debtor may, in its discretion, enter into, execute and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

---

[3] Pursuant to various other orders that have been or may be entered in these chapter 11 cases, the Court has granted or may grant the Debtors the authority to settle various other claims and causes of actions asserted by or against the Debtors. This Motion and the Order requested hereby will apply only to prepetition claims and causes of action that are not addressed in other Court orders. Nothing in this Motion or the Order requested hereby will affect the authority granted to the Debtors in such other orders, and all terms and conditions set out in such orders will continue to apply to settlements reached pursuant to such other orders.

[4] For purposes hereof, a non-insider will mean any Settling Party that is not an "insider," as such term is defined in section 101(31) of the Bankruptcy Code.

(c) With regard to any Settled Amount that is greater than $500,000 but does not exceed $3 million, for: (i) the settlement of a De Minimis Claim, or (ii) in satisfaction of multiple De Minimis Claims in the aggregate:

    (i) A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors and shareholders, subject only to the noticing and objection procedures set forth herein;

    (ii) The Debtors shall provide written notice of the material terms of the settlement of such De Minimis Claim or De Minimis Claims to (A) Roberta A. DeAngelis, the United States Trustee for Region 3, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn.: Richard L. Schepacarter, and U.S. Department of Justice, Office of the U.S. Trustee, U.S. Federal Building, 201 Varick Street, Room 1006, New York, NY 10014, Attn.: Andrea B. Schwartz; and on a confidential, "professional eyes only" basis to: (B) each affected Settling Party; (C) counsel to the Creditors' Committee: Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn.: Lorenzo Marinuzzi and Daniel Harris; and (D) counsel to the ad hoc committee of TCEH first lien creditors: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn.: Jacob A. Adlerstein (collectively, the "Notice Parties") in substantially the form of the settlement notice (the "Settlement Notice"), attached hereto as **Exhibit 1** to **Exhibit A**;

    (iii) If, within fourteen (14) days after the date of service of the Settlement Notice, no written objection from any Notice Party is filed with this Court and served on counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Brian E. Schartz, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn.: Chad J. Husnick, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Daniel J. DeFranceschi and Jason M. Madron, such affected Debtor may, in its discretion, enter into, execute and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court; and

RLF1 10908379v.1

        (iv)    If any of the Notice Parties properly and timely object to any settlement in writing within fourteen (14) days after the date of service of the notice of such proposed settlement, and the Debtor, in its sole discretion, still desires to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

    (d)    Any settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

9. Nothing in the Settlement Procedures is intended or should be construed to alter any requirements under the Debtors' insurance policies.

### **Basis for Relief**

10. Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A settlement of claims and causes of action owned by a debtor constitutes a disposition of the property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350 (3d Cir. 1999). Additionally, if a settlement constitutes a use of estate property outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *Id.* at 351. Under the applicable case law in this and other Circuits, if a debtor's proposed use of its assets, including settlement of claims, pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

11. In addition to obtaining such approval, a debtor typically must file a motion and provide notice and a hearing of such motion as required by Bankruptcy Rule 9019. Bankruptcy

Rule 9019(b) provides the Court with discretion to establish procedures for the settlement or compromise of certain classes of controversies, without further hearing or notice:

> [T]he court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019(b).

12. In reviewing a motion for approval of a settlement pursuant to Bankruptcy Rule 9019, bankruptcy courts must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal. The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Martin*, 91 F.3d at 393 (citation omitted). Courts in the Third Circuit must consider four factors in determining whether to approve a proposed settlement: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Application of these criteria supports approval of the settlement procedures proposed in this Motion.

13. As described above, in the ordinary course of their businesses, a number of De Minimis Claims have been asserted by or against the Debtors. The Debtors believe that the relief requested herein will aid in their efforts to reduce expenses and maximize value for the benefit of their estates, creditors and other parties in interest. By obtaining the relief requested herein, the Debtors will be able to avoid the cost of having counsel draft and file numerous motions and send out numerous hearing notices. The procedures that the Debtors seek to implement pursuant to this Motion will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein. Moreover,

authorization to settle and pay the De Minimis Claims will encourage Settling Parties to resolve as many of the De Minimis Claims as possible, thereby further eliminating unnecessary time, cost and expense with respect to those claims. Accordingly, the Debtors, in the exercise of their business judgment, believe that obtaining authority to agree to and to make and receive payments upon the consummation of settlements entered into under the Settlement Procedures, is in the best interests of the Debtors' respective estates and creditors.

14.     Given such authority, global settlement procedures designed to streamline the court approval process, similar to those proposed above, have been approved in other large chapter 11 cases in this district. *See, e.g., In re CRC Parent Corp.*, No. 10-11567 (Bankr. D. Del. June 26, 2012) (authorizing litigation trustee to settle certain claims pursuant to settlement procedures); *In re Pitt Penn Holding Co., Inc.*, No. 09-11475 (Bankr. D. Del. Oct. 6, 2011) (authorizing debtors to settle certain claims in adversary proceedings); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. Oct. 4, 2011) (authorizing debtors to settle and pay certain claims); *In re VEC Liquidating Corp.*, No. 09-13294 (Bank. D. Del. July 7, 2011) (authorizing debtors to compensate and settle certain preference claims); *In re FLYi, Inc.*, No. 05-20011 (Bankr. D. Del. Jan. 27, 2006) (authorizing debtors to compensate and settle certain pre- and postpetition claims).[5]

### Waiver of Bankruptcy Rules 6006(c) and 6004(h)

15.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

---

[5] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

## Notice

16. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel

thereto; (j) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (k) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (l) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (m) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (n) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (o) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (p) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (q) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (r) Oncor Electric Delivery Company LLC and counsel thereto; (s) the Securities and Exchange Commission; (t) the Internal Revenue Service; (u) the Office of the United States Attorney for the District of Delaware; (v) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (w) counsel to the Electric Reliability Council of Texas; and (x) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17.   No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: October 7, 2014
Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
         stephen.hessler@kirkland.com
         brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
         chad.husnick@kirkland.com
         steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*