**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
AN ORDER REGARDING CREDITOR ACCESS TO INFORMATION AND SETTING
AND FIXING CREDITOR INFORMATION SHARING PROCEDURES AND
PROTOCOLS UNDER 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)(A)**

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**", and collectively with the remaining consolidated above-captioned debtors, the "**Debtors**") respectfully submits this motion (the "**Motion**") for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u> (the "**Order**"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), providing that the Committee is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to the Debtors' confidential and other non-public proprietary information, the Committee's confidential information, or to privileged information, to the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

ny-1149266

creditors it represents; and setting and fixing creditor information sharing procedures and protocols. In support of the Motion, the Committee respectfully states as follows:

**RELIEF REQUESTED**

1. In order to ensure that the Committee is able to comply with its obligations under section 1102(b)(3)(A) of the Bankruptcy Code and to protect the Debtors' confidential, privileged or proprietary information as well as protect the Committee's privileged information, the Committee requests entry of the Order, clarifying that section 1102(b)(3)(A) of the Bankruptcy Code does not authorize or require the Committee to provide access to (a) Confidential Information (as defined below) or (b) Privileged Information (as defined below).

2. To balance the need to maintain the confidentiality of the Confidential Information and Privileged Information with creditors' need for information regarding these chapter 11 cases, the Committee proposes the following protocol (the "**Protocol**")[2] to be approved by this Court for the dissemination of information to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "**Entity**").

**I. Access To Creditor Information**:

3. In accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee is authorized to, until the earliest to occur of (1) dissolution of the Committee, (2) dismissal, or (3) conversion of the Debtors' chapter 11 cases, and a further order of the Court, establish and maintain an Internet-accessed website (the "**Committee Website**") that provides, without limitation:

> (a) general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in the cases;

---

[2] Similar relief was granted in *In re Riverstone Networks, Inc.*, Docket No. 264, Case No. 06-10110 (CSS) (Bankr. Del. Apr. 11, 2006); *In re Skybus Airlines, Inc.*, Docket No. 243, Case No. 08-10637 (CSS) (Bankr. Del. May 30, 2008); *In re Sportsman's Warehouse, Inc.* Docket No. 251, Case No. 09-10990 (CSS) (Bankr. Del Apr. 29, 2009).

    (b)    a calendar with upcoming significant events in the cases;

    (c)    access to the claims docket as and when established by the Debtors or any claim agent retained in the case;

    (d)    a general overview of the chapter 11 cases;

    (e)    press releases (if any) issued by each of the Committee and the Debtors;

    (f)    a non-public form to submit creditor questions, comments and requests for access to information;

    (g)    responses to creditor questions, comments and requests for access to information; *provided*, that the Committee may privately provide such responses in the exercise of its reasonable discretion, and with the prior consent of the Debtors, to the extent such information includes Confidential Information regarding the Debtors, the release of which the Debtors have not previously consented, including in the light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading constraints;

    (h)    answers to frequently asked questions, and links to other relevant websites.

## II.   Confidential and Privileged Information:

4.    The Committee shall not be required to disseminate to any Entity, without further order of the Court:

    (a)    confidential, proprietary, or other non-public information concerning the Debtors or the Committee, including (without limitation) all matters discussed at Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a member of the Committee or its representatives and any information or material (including any notes, analysis, compilations studies, interpretations, memoranda or other documents and writings prepared by the Committee or its professionals) that contains information received from the Debtors or their representatives, in each instance, that is not generally available to the public (collectively, the "**Confidential Information**"), or

ny-1149266

  (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work product, or other applicable privilege possessed by the Committee (collectively, the "**Privileged Information**"), and

  (c) any information received (formally or informally) by the Committee from any Entity in connection with the *Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and other Related Matters* [Docket No. 1832] entered on August 13, 2014, an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Protocol but, rather, by the *Confidentiality Agreement and Stipulated Protective Order* [Docket No. 1833], entered on August 13, 2014, or any other order governing such discovery.

 5. The Debtors shall make reasonable efforts to assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals. Any documents, information or other materials designated by the Debtors as confidential shall be treated as Confidential Information for purposes of this Protocol, subject to any rights parties may have in the proposed order.

## III. Creditor Information Requests:

 6. If a creditor (the "**Requesting Creditor**") submits a written request to the Committee for the Committee to disclose information (the "**Information Request**"), the Committee shall:

  (a) as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with; and

  (b) If the Information Request seeks the Debtors' Confidential Information, provide the Debtors with (i) notice of the Information

4

ny-1149266

        Request within ten (10) business days of the receipt of the Information Request and (ii) a copy of the Response at least five (5) business days prior to providing the Response to the Requesting Creditor. If the Response is to deny the Request because the Committee or the Debtors (to the extent the Request references Confidential Information regarding the Debtors or their non-Debtor affiliate, Oncor Electric Delivery Holdings Company LLC or its subsidiaries) believe the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Protocol or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee and an authorized representative of the Debtors regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion and hearing. Such motion shall be served and the hearing on such motion shall be noticed and scheduled in accordance with the applicable rules of the Court. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or Privileged Information.

(c)    In its Response to an Information Request for access to Confidential Information or Privileged Information, the Committee shall consider, (if the Information Request seeks the Debtors' Confidential Information, together with the Debtors,) whether (i) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (ii) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such Confidential Information; *provided*, *however*, that if the Committee, and, as applicable, the Debtors, elect(s) to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, neither the Debtors nor the Committee shall have responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

5

**IV.** **Release of Confidential Information of Third Parties:**

7. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may make a request (the "**Committee Information Request**") for the benefit of the Debtors' creditors, in accordance with the following procedures:

(a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Request," to counsel to the Debtors at (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn.: Brian E. Schartz) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad J. Husnick) ("**Debtors' Counsel**"), stating that such Confidential Information will not be disclosed in the manner described in the Committee Information Request without the Debtors' prior consent (which shall be provided or denied on a reasonably prompt basis); and, if the Debtors' deny such Committee Information Request, the Debtors shall engage in good faith discussions with the Committee and the Requesting Creditor regarding the denial. The Requesting Creditor and/or the Committee may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Request under 11 U.S.C. §§ 704(a)(7) & 1106(a)(1); and

(b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Request unless such Entity objects to such Committee Information Request on or before ten (10) business days after the service of such Committee Information Request; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Request. In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph, no such information shall be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

**V.     Confidentiality Agreements:**

8.     Notwithstanding anything contained herein, (a) unless the Court orders otherwise with respect to a Committee Information Request, the Committee shall not provide any Confidential Information of the Debtors to any third-party without the third-party executing an appropriate confidentiality agreement with the Debtors in a form and substance satisfactory to the Debtors and (b) the relief granted pursuant to this Motion shall be subject in all respects to the confidentiality agreements executed by and between the Debtors and the Committee's professionals and the bylaws governing the operation of the Committee.

**VI.     No Obligation to Disseminate to Non-Creditor:**

9.     Each Requesting Creditor must include in any Information Request information regarding its claim against the Debtors sufficient to satisfy the Committee, in its sole discretion, that such Requesting Creditor holds claims of the kind represented by the Committee.  Nothing in this Protocol requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

**VII.    Exculpation:**

10.     None of the Debtors, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "**Exculpated Parties**"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the procedures set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from

7

any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

## BASIS FOR RELIEF

**A.     As Written, the Statute Requires Undefined "Access to Information"**

11.     Section 1102(b)(3) of the Bankruptcy Code provides, in relevant part, that the Committee shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee."
11 U.S.C. § 1102(b)(3)(A).  At its extreme, this section could be read as requiring the Committee to provide its constituents access to all information provided to the Committee by the Debtors, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged or proprietary.

12.     The legislative history does not provide guidance on this issue and merely reiterates the language of section 1102(b)(3) of the Bankruptcy Code.  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and pursuant to court order, make additional reports and disclosures available to them.").

13.     It is common for a debtor to share confidential information with a creditors' committee to allow a committee to assess, among other things, a debtor's capital structure, the

8

results of any revised operations of the debtor in the bankruptcy cases, and the debtor's overall prospects for restructuring and the pursuit of strategic alternatives in chapter 11, including in draft form, in order to assist the Committee in performing its obligations. In addition, creditors' committees may execute confidentiality agreements with respect to certain information so that a debtor can ensure that committee members will keep information confidential and will not use such information except in connection with the bankruptcy case.

14. Section 1102(b)(3)(A) of the Bankruptcy Code could also be read to require the Committee to share with its constituents Privileged Information. However, disclosing Privileged Information may have the effect of constituting a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee. If the Debtors and the Committee believed that there could be a risk that Privileged Information would need to be turned over to creditors, with the possible loss of the relevant privilege at that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Committee would be unable to obtain independent and unfettered advice and consultation that such privileges were designed to foster.

15. Absent clarification from this Court, the Committee's efforts to participate fully in these chapter 11 cases may be frustrated because the Debtors will be reluctant to share confidential, sensitive financial and strategic information with the Committee if there is a risk the information may be shared with the public, including competitors and interested purchasers. This would impede the Committee's efforts to obtain information, which will undermine the Committee's ability to maximize creditor recoveries. Similarly, the Committee will be reluctant to pursue an investigation of potential litigation on behalf of the Debtors' estates and to develop its own analyses, which may be disseminated to inappropriate parties.

16.    The drafters of section 1102(b)(3) of the Bankruptcy Code could not have intended the section to hinder the Committee's authority under section Bankruptcy Code 1103(c).

17.    Under section 105(a) of the Bankruptcy Code, this Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Committee respectfully submits that the relief requested by this Motion is necessary to allow the Committee to fulfill its statutory obligations as contemplated under section 1103(c) of the Bankruptcy Code. The Committee further submits that the relief requested by this Motion is appropriate and within this Court's authority and is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

18.    In addition, section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research development, or commercial information." 11 U.S.C. § 107(b). Pursuant to section 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, this Court is empowered to protect the Confidential Information and Privileged Information from disclosure to general creditors.

19.    Accordingly, the Committee requests that the Court enter an order confirming that the Committee is not authorized or required to provide access to Confidential Information or Privileged Information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to any creditor represented by the Committee, except as set forth in the proposed protocol below. Such relief will help maximize the value of the estates for creditors and will protect the Committee by making clear that it is not violating the Bankruptcy Code by refusing to provide such information to creditors.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) grant the Motion, (ii) approve the Protocol and (iii) grant such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
October 9, 2014

**MORRISON & FOERSTER LLP**
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
E-mail: jpeck@mofo.com
bmiller@mofo.com
lmarinuzzi@mofo.com
tgoren@mofo.com

*Attorneys for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al.*

-and-

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
E-mail: cward@polsinelli.com
jedelson@polsinelli.com
skatona@polsinelli.com

*Proposed Attorneys for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al.*