# **<u>EXHIBIT A</u>**

ny-1149266

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | Jointly Administered **Re: Docket No. \_\_\_\_** |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER REGARDING CREDITOR
ACCESS TO INFORMATION AND SETTING AND FIXING CREDITOR
INFORMATION SHARING PROCEDURES AND PROTOCOLS UNDER
11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)(A)**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**", and collectively with the remaining consolidated above-captioned debtors, the "**Debtors**"), pursuant to Bankruptcy Code sections 105(a), 107(b) and 1102, as supplemented by Bankruptcy Rule 9018, for entry of an order providing that the Committee shall not be required under section 1102(b)(3)(A) of the Bankruptcy Code to provide the unsecured creditors it represents access to confidential and other nonpublic proprietary information or privileged information, except as set forth in the Protocol; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334;

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1151149

and consideration of the Motion and the requested relief being a core proceeding the Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been served, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

it is hereby **ORDERED** that:

1. The Motion is granted.

2. Notwithstanding anything contained in Bankruptcy Code section 1102(b)(3)(A) to the contrary, the Committee (a) shall not be required to disseminate any Confidential Information or Privileged Information, other than as provided in the Protocol, and (b) shall be deemed to be in compliance with its obligations under Bankruptcy Code section 1102(b)(3)(A).

3. In accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee is authorized to, until the earliest to occur of (1) dissolution of the Committee, (2) dismissal, or (3) conversion of the Debtors' chapter 11 cases, and a further order of the Court, establish and maintain an Internet-accessed website (the "**Committee Website**") that provides, without limitation:

    a. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in the cases;

    b. a calendar with upcoming significant events in the cases;

    c. access to the claims docket as and when established by the Debtors or any claim agent retained in the case;

    d. a general overview of the chapter 11 process;

    e. press releases (if any) issued by each of the Committee and the Debtors;

    f. a non-public form to submit creditor questions, comments and requests for access to information;

    g. responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its reasonable discretion, and with the prior consent of the Debtors, to the extent such information includes Confidential Information regarding the Debtors, the release of which the Debtors have not previously consented including in the light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading constraints;

    h. answers to frequently asked questions; and links to other relevant websites.

4. Kurtzman Carson Consultants shall be permitted to serve as administrative agent for the Committee Website without further order of the Court, and shall be compensated as an expense item in counsel to the Committee's fee applications.

5. The following Protocol is approved for the dissemination of information to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15), "**Entity**"):

    A. **Confidential and Privileged Information:**

        1. The Committee shall not be required to disseminate to any Entity, without further order of the Court:

            a) confidential, proprietary, or other non-public information concerning the Debtors or the Committee, including (without limitation) all matters discussed at Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a member of the Committee or its

representatives and any information or material (including any notes, analysis, compilations studies, interpretations, memoranda or other documents and writings prepared by the Committee or its professionals) that contains information received from the Debtors or their representatives, in each instance, that is not generally available to the public (collectively, the "**Confidential Information**") or

b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work product, or other applicable privilege possessed by the Committee (collectively, the "Privileged Information").

c) any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with discovery in any contested matter, adversary proceeding or other litigation, including, but not limited to, the Confidentiality Agreement and Stipulated Protective Order [Docket No. 1833], entered on August 13, 2014, shall not be governed by the terms of this Protocol but, rather, by any order governing such discovery.

2. The Debtors shall make reasonable efforts to assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals. Any documents, information or other materials designated by the Debtors as confidential shall be treated as Confidential Information for purposes of this Protocol, subject to any rights parties may have in this Order.

**B.    Creditor Information Requests:**

1. If a creditor (the "**Requesting Creditor**") submits a written request to the Committee (the "**Information Request**") for the Committee to disclose information, the Committee shall

a) as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with and

b) if the Information Request seeks the Debtors' Confidential Information, provide the Debtors with (i) notice of the Information Request within ten (10) business days of the receipt of the Information Request and (ii) a copy of the Response at least five (5) business days prior to providing the Response to the Requesting Creditor. If the Response is to deny the Request because the Committee or the Debtors (to the extent the Request references Confidential Information regarding the Debtors or their non-Debtor affiliate, Oncor Electric Delivery Holdings Company LLC or its subsidiaries) believe the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Protocol or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee and an authorized representative of the Debtors regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion and hearing. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or Privileged Information.

c) In its Response to an Information Request for access to Confidential Information or Privileged Information, the Committee shall consider, (if the Information Request seeks the Debtors' Confidential Information, together with the Debtors,) whether (A) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (B) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such Confidential Information; provided, however, that if the Committee, and, as applicable, the Debtors, elect(s) to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, neither the Debtors nor the Committee shall have responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

C.  **Release of Confidential Information of Third Parties:**

1.  If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may make a request (the "**Committee Information Reques**t") for the benefit of the Debtors' creditors:

a)  if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Request," to counsel to the Debtors at (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn.: Brian E. Schartz) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad J. Husnick) ("Debtors' Counsel"), stating that such Confidential Information will not be disclosed in the manner described in the Committee Information Request without the Debtors' prior consent (which shall be provided or denied on a reasonably prompt basis); and, if the Debtors' deny such Committee Information Request, the Debtors shall engage in good faith discussions with the Committee and the Requesting Creditor regarding the denial. The Requesting Creditor and/or the Committee may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Request under 11 U.S.C. §§ 704(a)(7) & 1106(a)(1); and

b)  if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Request unless such Entity objects to such Committee Information Request on or before ten (10) business days after the service of such Committee Information Request; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Request. In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph, no such information shall be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

D.  **Confidentiality Agreements:**

1.  Notwithstanding anything contained herein, (a) unless the Court orders otherwise with respect to a Committee Information Request, the Committee shall not provide any Confidential Information of the Debtors to any third-party without the third-party executing an appropriate confidentiality agreement with the Debtors in a form and substance satisfactory to the Debtors and (b) the relief

granted pursuant to this Motion shall be subject in all respects to the confidentiality agreements executed by and between the Debtors and the Committee's professionals and the bylaws governing the operation of the Committee.

**E.    No Obligation to Disseminate to Non-Creditor:**

1.    Each Requesting Creditor must include in any Information Request information regarding its claim against the Debtors sufficient to satisfy the Committee, in its sole discretion, that such Requesting Creditor holds claims of the kind represented by the Committee. Nothing in this Protocol requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in Bankruptcy Code section 1102(b)(3).

**F.    Exculpation:**

1.    None of the Debtors, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the procedures set forth herein; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

6. Confidential Information and Privileged Information shall not be disseminated to any Entity other than as set forth in the Protocol, the *Confidentiality Agreement and Stipulated Protective Order* [Docket No. 1833], entered on August 13, 2014, or any other order governing such discovery.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
      October ___, 2014

                                            The Honorable Christopher S. Sontchi
                                            United States Bankruptcy Judge