# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
ENERGY FUTURE HOLDINGS CORP., *et al.*                           :    Case No. 14-10979 (CSS)
                                                                 :
  Debtors.                                                       :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

### SUPPLEMENTAL DECLARATION OF STEVEN SIMMS IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Steven Simms, being duly sworn, hereby depose and say:

1.  I am a Senior Managing Director with FTI Consulting, Inc., ("**FTI**"), an international consulting firm. I submit this Supplemental Declaration on behalf of FTI (the "**Supplemental Declaration**") to supplement the disclosures contained in the *Declaration of Steven Simms in Support of Application fo the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Secitons 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014*, filed July 25, 2014 (the "**Initial Declaration**"), submitted in connection with the *Application fo the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Secitons 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014* (the "**Application**") [Docket No. 1699] filed by the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive

-1-

ny-1158302

Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**", and collectively with the above-captioned debtors, the "**Debtors**"),[1] for an order authorizing the employment and retention of FTI as financial advisor under the terms and conditions set forth in the Application. Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

2.  In connection with the retention of FTI, FTI's conflict-check included FTI and its subsidiaries. The Committee is not currently seeking to retain any of FTI's subsidiaries. However, FTI will utilize employees from its subsidiaries in connection with the services it will provide to the Committee. Based upon this review, neither FTI nor its subsidiaries hold or represent any interest adverse to the Debtors, nor does FTI's involvement or the involvement of any of its employees or subsidiaries in these Chapter 11 Cases compromise FTI's ability to continue such consulting services.

3.  FTI has contracted with Cambridge Energy Solutions ("**CES**"), an independent specialist provider of power plant operational analytics. CES provides certain calculations to FTI, principally involving the preparation of gross margin simulations using CES proprietary software for the Debtors' power plants based upon assumptions provided by FTI and at the direction of FTI. The results of such work are to be used exclusively by FTI in FTI's provision of its services to the Committee. FTI intends to include as an expense reimbursement in its fee applications a request for reimbursement of the amounts invoiced to FTI by CES under this

---

[1] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

contract without any mark up or increase ("**CES Expense Reimbursement**")[3]. Copies of such invoices will be made available upon request. CES has advised FTI that it provides services to other creditors and parties of interest in these cases on matters wholly unrelated to these Chapter 11 Cases and does not hold or represent any interest adverse to the Debtors.

4. Except as previously stated in paragraph 3 above, FTI will not seek to use independent contractors or subcontractors to perform services under the Application without separate Court approval.

5. No agreement or understanding exists between FTI and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall FTI share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

6. Contemporaneously with the filing of the Application, the Committee also filed an application for authority to retain Lazard Frères & Co. LLC ("**Lazard**") to provide investment banking services to the Committee. FTI will use reasonable efforts to avoid the duplication of services with those provided by Lazard and the Committee's other retained advisors during the pendency of these chapter 11 cases.

7. In paragraph 7 of the Application, FTI disclosed a list of services that the Committee and its legal advisors and FTI each deemed appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases. Paragraph 7, as reflected in paragraph 2 of FTI's modified proposed order filed contemporaneously herewith, is modified to state that FTI will "assist in the review and/or preparation of information and analysis necessary

---

[3] FTI will make available, upon request, the contract between FTI and CES.

-3-

for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings with respect to matters identified in this paragraph 2." *See* Proposed Order at ¶ 2.

8. In the Initial Declaration, I disclosed that FTI was retained in the past by counsel to Borealis Infrastructure Management, Inc. ("**Borealis**") to perform cetain advisory services in connection with Borealis' equity ownership of Oncor ("**Borealis Engagement**"). The Borealis Engagement has been terminated and FTI is no longer working on this engagement.

9. In the Initial Declaration, I disclosed that Marc Holzman, a director of FTI, is currently Vice Chairman of Barclays Capital. Subsequently, I was informed that Mr. Holzman is no longer a Vice Chairman of Barclays Capital. Nevertheless, Mr. Holzman will be subject to FTI's standard ethical wall procedures as outlined in paragraph 7 of the Initial Declaration.

10. FTI is not a "creditor" of any of the Debtors within the meaning of section 101(10) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Steven Simms