# **<u>EXHIBIT 2</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO RETAIN AND EMPLOY**
**FTI CONSULTING, INC. EFFECTIVE AS OF MAY 19, 2014**

UPON THE APPLICATION of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] pursuant to Fed. R. Bankr. P. 2014(a) for an order under sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the employment and retention of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("**FTI**") as financial advisor; and upon the *Declaration of Steven Simms in support of Application of Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., for Entry of an Order Under Sections 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. Effective as of May 19, 2014* (the "**Simms Declaration**") and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

1

ny-1161480

*Supplemental Declaration of Steven Simms in support of Application of Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., for Entry of an Order Under Sections 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. Effective as of May 19, 2014* (the "**Supplemental Declaration**", together with the Simms Declaration, the "**Simms Declarations**"); and this Court having jurisdiction to consider the Application; and venue being proper; and upon the Court finding that FTI represents no adverse interests in connection with these cases and that it is a "disinterested" person as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code; and upon further finding that the employment of FTI effective as of May 19, 2014 is necessary and in the best interests of the Committee; and notice of the Application having been proper; and the relief requested in the Application being warranted, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth therein;

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), the Committee is hereby authorized to employ and retain FTI as financial advisor in the TCEH Debtors' chapter 11 cases effective as of May 19, 2014 upon the terms and conditions set forth in the Application and the Simms Declaration, and FTI is authorized to perform the following services:

    (a) assist in the review of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

    (b) assist with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

    (c) assist with the review of the Debtors' proposed key employee retention and other employee benefit programs;

    (d) assist with the review of the Debtors' long term financial projections, including industry outlook and cash generating capacity and identification

       of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

(e) assist with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

(f) assist with the review of the Debtors' corporate structure, including analysis of intercompany activities and claims;

(g) assist with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

(h) assist in the review of the claims reconciliation and estimation process;

(i) attend meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(j) assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings with respect to matters identified in this paragraph 2;

(k) assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(l) assist in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

(m) render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

3. FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professional in these chapter 11 cases.

4. FTI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in

3

the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.

5. FTI is entitled to reimbursement for reasonable expenses incurred in connection with the performance of the services described above in paragraph 2, including, without limitation, the reasonable fees, disbursements and other charges of FTI's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court, and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee; *provided*, *however*, that FTI shall not seek reimbursement for any services provided by FTI's counsel to the Committee; *provided further*, that FTI may only seek reimbursement for services performed by FTI's counsel in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further*, that FTI shall submit the invoices of FTI's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

6. Notwithstanding anything in the Application to the contrary, FTI will not use independent contractors or subcontractors, except with respect to Cambridge Energy Solutions, as disclosed in the *Supplemental Declaration of Steven Simms in Support of Application fo the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Secitons 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014*, to perform the services in paragraph 2 above without separate Court approval.

4

ny-1161480

7. The following indemnification provisions are approved:

   a. subject to the provisions of subparagraphs (b) and (c) below, the TCEH Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

   b. the TCEH Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) *infra*, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the TCEH Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the TCEH Debtors' obligation to indemnify FTI.

8. Absent further order of this Court, fees and expenses incurred by FTI shall be paid by the TCEH Debtors.

9. The Committee and FTI are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

ny-1161480

11. To the extent the Application, the Simms Declaration or the Supplemental Declaration is inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

13. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2014

                                                                            _____
                                                                            HONORABLE CHRISTOPHER S. SONTCHI
                                                                            UNITED STATES BANKRUPTCY JUDGE