IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Related to Docket Nos. 2368 & 2369** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING WILMINGTON SAVINGS FUND SOCIETY, FSB TO FILE UNDER SEAL (I) AN UNREDACTED VERSION OF ITS OBJECTION TO MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*, FOR ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING AN AUCTION AND RELATED DEADLINES AND HEARINGS, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) EXHIBITS 1 AND 2 TO THE DECLARATION OF JEREMY B. COFFEY IN SUPPORT OF THE OBJECTION**

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010 (as amended or supplemented), among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (the "Indenture"), hereby moves this Court (the "Motion"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order, substantially in the form attached hereto as **Exhibit A**, authorizing WSFS to file under seal (i) an unredacted version of its *Objection to Motion of Energy Future Holdings Corp., et al, for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof*

(the "Objection") and (ii) Exhibits 1 and 2 to the Declaration of Jeremy B. Coffey in Support of the Objection (the "Coffey Declaration").

1. By this Motion, WSFS respectfully requests that the Court enter an Order authorizing WSFS to file under seal an unredacted version of the Objection and Exhibits 1 and 2 to the Coffey Declaration (collectively, the "Sealed Documents"). WSFS also seeks an Order directing that the unredacted version of the Objection and the sealed exhibits to the Coffey Declaration not be made available to anyone except the Court, the Office of the United States Trustee (the "U.S. Trustee"), counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, the signatories to the Protective Order (as defined below), including counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates, counsel to CSC Trust Company of Delaware, counsel to EFIH Second Lien Indenture Trustee, counsel to UMB Bank, N.A., as Indenture Trustee, counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee, counsel to Evercore Group, L.L.C., counsel to the Ad Hoc Committee of EFIH Unsecured Noteholders, EFIH Second Lien DIP Commitment Parties, counsel to Pacific Investment Management Co. LLC, counsel to the TCEH First Lien Credit Agent, counsel for Texas Energy Future Capital Holdings LLC, Texas Energy Future Holdings Limited Partnership, and Certain Other Direct or Indirect Holders of Equity Interests in Future Holdings Corp. and any other persons or entities who are bound by the Protective Order by signifying their assent through execution of Exhibit A attached thereto (collectively, the "Protective Order Parties") and others upon further Order of the Court.

2. In the Sealed Documents, WSFS attaches, quotes and otherwise references certain documents that have been designated as confidential by the Debtors pursuant to the *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order") entered by

the Court on August 13, 2014 [Docket No. 1833]. Such documents were used at depositions taken in connection with the preparation of the Objection. While the Debtors agreed to allow unrestricted use of the deposition transcripts themselves, they declined to lift their confidentiality designation with respect to the documents. Accordingly, and pursuant to the Protective Order, WSFS submits that filing the Sealed Documents under seal is appropriate under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

3. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

4. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

5. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018.

Local Rule 9018-1(b) requires that a party seeking to file documents under seal file a motion to that effect. DEL. BANKR. L.R. 9018-1(b).

6.  If the Court grants the relief sought herein, unredacted copies of the Objection and the sealed exhibits to the Coffey Declaration will be provided only to the Court, counsel to the U.S. Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Protective Order Parties and others upon further Order of the Court. Contemporaneously herewith, WSFS has filed a redacted version of the Objection and Coffey Declaration on the docket.

7.  No previous request for the relief requested herein has been made to this or any other court.

8.  Notice of this Motion has been provided to (a) the U.S. Trustee; (b) the Debtors; (c) the Official Committee of Unsecured Creditors; and (d) those parties who have requested service pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1. In light of the nature of the relief requested herein, WSFS submits that no other or further notice need be provided.

**WHEREFORE**, for the reasons set forth above, WSFS respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief that the Court deems just and proper.

Dated: October 10, 2014
      Wilmington, Delaware

/s/ Gregory A. Taylor
ASHBY & GEDDES, P.A.
William P. Bowden (No. 2553)
Gregory A. Taylor (No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (admitted *pro hac vice*)
Jeremy B. Coffey (admitted *pro hac vice*)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee for the Second Liens*