## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                                  :    Chapter 11

                                                        :

Energy Future Holdings, Inc., *et al.*,                 :    Case No. 14-10978 (CSS)

                                                        :

                                Debtors.                :    (Jointly Administered)

                                                        :

                                                        :

------------------------------------------------------- x

### MOTION TO FILE UNDER SEAL UNREDACTED VERSIONS OF:
### (I) OBJECTION OF THE EFIH SECOND LIEN NOTES INDENTURE
### TRUSTEE AND EFIH SECOND LIEN GROUP TO DEBTORS' MOTION
### TO APPROVE BIDDING PROCEDURES; AND (II) EXHIBIT A THERETO

Computershare Trust Company, N.A. and Computershare Trust Company of

Canada, as indenture trustee (the "**Indenture Trustee**") for $2,156,392,000 aggregate principal

amount of second lien notes (the "**EFIH Second Lien Notes**" and the holders thereof the "**EFIH**

**Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and

EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011,

and the First Supplemental Indenture dated as of February 6, 2012 (together with all

supplements, amendments, and exhibits, the "**Indenture**") and certain EFIH Second Lien

Noteholders (the "**EFIH Second Lien Group**"), by and through their undersigned counsel,

hereby file this motion (the "**Motion**") for entry of an order pursuant to sections 105 and 107(b)

of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule

9014-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Indenture

Trustee and EFIH Second Lien Group to file the following documents under seal: (i) an

unredacted version of the Objection of the EFIH Second Lien Notes Indenture Trustee and EFIH

Second Lien Group to Debtors' Motion to Approve Bidding Procedures (the "**Objection**"); and (ii) Exhibit A to the Objection ("**Exhibit A**").  In support of this Motion, the Indenture Trustee and EFIH Second Lien Group represent as follows:

## BACKGROUND TO MOTION

1.      Prior to the filing of this Motion, the Indenture Trustee and EFIH Second Lien Group have filed the redacted Objection.[1]  The Objection and Exhibit A contain information obtained from documents that were produced by the Debtors and that have been designated "confidential" or "highly confidential" by the Debtors pursuant to the Confidentiality Agreement and Stipulated Order entered by this Court [Docket No. 1833].  The Indenture Trustee and EFIH Second Lien Group have redacted certain portions of the Objection publicly filed on the docket and seek to file Exhibit A under seal in accordance with the Debtors' designation of such information.[2]

## RELIEF REQUESTED

2.      By this Motion, the Indenture Trustee and EFIH Second Lien Group request that this Court enter an order authorizing the Indenture Trustee and EFIH Second Lien Group to file the unredacted version of the Objection and Exhibit A under seal and directing that the unredacted version of the Objection and Exhibit A remain under seal, confidential, and not be made available to anyone, except counsel to the U.S. Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, and counsel to the Protective Order Parties (as

---

[1]   Capitalized terms not defined in this Motion shall have the meaning given to them in the Objection.

[2]   The Indenture Trustee and EFIH Second Lien Group reserve all rights to seek relief from the Bankruptcy Court to unseal the information designated by the Debtors as "confidential" or "highly confidential."

defined in the Confidentiality Agreement and Stipulated Order) and except as otherwise directed by the Bankruptcy Code, ordered by the Court or permitted by the Debtors.[3]

## BASIS FOR RELIEF REQUESTED

3.      Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

4.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

---

[3]  A copy of the unredacted Objection will be submitted to the Court in a separate prominently marked envelope pursuant to Local Rule 9018-1(b).

5.     If the material sought to be protected satisfies one of the categories

identified in section 107(b), "the court is *required* to protect a requesting party and has no

discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re*

*Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *accord In re Global Crossing, Ltd.*, 295

B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003).    Put otherwise, section 107(b) of the Bankruptcy

Code does not require a party seeking its protections to demonstrate "good cause."    *Orion*

*Pictures*, 21 F.3d at 28.  "Courts have supervisory powers over their records and files and may

deny access to those records and files to prevent them from being used for an improper purpose."

*In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide

such protections "generally where open inspection may be used as a vehicle for improper

purposes." *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection

of confidential documents, but to other confidentiality restrictions that are warranted in the

interests of justice." *Global Crossing*, 295 B.R. at 724.

6.     "Commercial information"—"information which would result in 'an

unfair advantage to competitors by providing them information as to the commercial operations

of the debtor'"—is one category of information within the scope of section 107(b) of the

Bankruptcy Code.  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006)

(quoting *Orion Pictures*, 21 F.3d at 27–28); *see Global Crossing*, 295 B.R. at 725 (holding that

the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of

information that could reasonably be expected to cause the entity commercial injury").

Commercial information need not rise to the level of a trade secret to be protected under section

107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d at 27–28 (holding that section

107(b)(1) creates an exception to the general rule that court records are open to examination by

the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

7.    The information redacted from the Objection and Exhibit A is derived from documents that the Debtors have designated as "confidential" or "highly confidential."  In accordance with the Debtors' designation, the Indenture Trustee and EFIH Second Lien Group request that the unredacted version of the Objection and Exhibit A be filed under seal.  The Indenture Trustee and EFIH Second Lien Group expect that the Debtors will not object to the relief sought herein.

## NOTICE

8.    Notice of this Motion will be provided by electronic mail and either hand delivery or overnight delivery to: (a) the Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel for the Creditors' Committee; and (d) all parties having requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested herein, the Indenture Trustee and EFIH Second Lien Group submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth above, the Indenture Trustee and EFIH Second Lien Group respectfully request that this Court enter an order, substantially in the form attached hereto, authorizing the Indenture Trustee and EFIH Second Lien Group to file the unredacted version of the Objection and Exhibit A under seal, and granting such other and further relief as is justified and proper.

Dated: October 10, 2014          PACHULSKI STANG ZIEHL & JONES LLP

                                 /s/ Laura Davis Jones
                                 Laura Davis Jones (Bar No. 2436)
                                 Robert J. Feinstein (NY Bar No. RF-2836)
                                 919 N. Market Street, 17th Floor
                                 P.O. Box 8705
                                 Wilmington, DE  19899-8705 (Courier 19801)
                                 Telephone:  (302) 652-4100
                                 Facsimile:  (302) 652-4400
                                 Email: ljones@ pszjlaw.com
                                         rfeinstein@ pszjlaw.com

                                        - and -

                                 KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                 Thomas Moers Mayer
                                 Philip Bentley
                                 Joshua K. Brody
                                 Kramer Levin Naftalis & Frankel LLP
                                 1177 Avenue of the Americas
                                 New York, New York 10036
                                 Telephone:  (212) 715-9100
                                 Facsimile:  (212) 715-8000
                                 Email: tmayer@kramerlevin.com
                                         pbentley@kramerlevin.com
                                         jbrody@kramerlevin.com

                                 Counsel to the EFIH Second Lien Group and
                                 the Indenture Trustee


                                        - and -

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the Indenture Trustee*