**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.* | ) | Case No. 14-10979 (CSS) |
| | ) | |
| *Debtors*.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: October 17, 2014 at 9:30 a.m.** |
| | ) | **Objection Deadline: October 10, 2014 at 4:00 p.m.** |
| | ) | |
| | ) | **Docket No. 2087** |

**STATEMENT AND RESERVATION OF RIGHTS OF UMB BANK, N.A.,
AS INDENTURE TRUSTEE, WITH RESPECT TO MOTION FOR ENTRY
OF AN ORDER (A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING
AN AUCTION AND RELATED DEADLINES AND HEARINGS
AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

UMB Bank, N.A., as indenture trustee ("UMB") for more than $1.5 billion of unsecured

notes issued by EFIH, hereby files this statement and reservation of rights with respect to the

*Motion of Energy Future Holdings Corp., et al. For Entry of an Order (A) Approving Bidding*

*Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings and (C) Approving*

*the Form and Manner of Notice Thereof* (the "Biding Procedures Motion") [Docket No. 2087].[2]

In support hereof, UMB respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meaning given them in the Bidding Procedures Motion.

**BACKGROUND**

A.      **The Debtors' Chapter 11 Cases.**

1.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only, and are being jointly administered pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

B.      **The Bidding Procedures Motion.**

3.      On September 19, 2014, the Debtors filed the Bidding Procedures Motion. In the Bidding Procedures Motion, the Debtors seek, among other things, this Court's approval of certain "bidding procedures for an investment, in any form, to acquire any or all of the assets or the reorganized equity of Energy Future Holdings Corp. or one or more of its direct and indirect subsidiaries" other than EFCH, TCEH and TCEH's direct and indirect subsidiaries (the "Bidding Procedures"). *Bidding Procedures Motion*, at 1.

4.      In particular, and among other things, the proposed Bidding Procedures contemplate the following:

- A two round bidding process, consisting of the "Stalking Horse Bidding Process" and the "Open Bidding Process."

- In the Stalking Horse Bidding Process, the Debtors – and the Debtors alone – will know the identity of the various bidders and the terms of their bids. Only after the Debtors have chosen a stalking horse will "material terms of significant bids received" be disclosed to creditors. *Bidding Procedures Motion*, at 15. The

identity of those bidders participating in the Stalking Horse Bid Process will never be revealed to creditors.

- The Successful Bidder must agree to remain obligated to consummate the Transaction until December 31, 2015, subject to the Debtors' extension of that deadline for up to six months (to June 30, 2016) in the event regulatory approvals remain pending.  As a result, the time between this Court's approval of a Transaction and the closing of that Transaction could easily exceed one year.

<u>STATEMENT</u>

5.        UMB is generally supportive of the Debtors' proposed Bidding Procedures and believes that there is value to a formal, Court-approved process to maximize the value of the E-Side's assets. UMB only suggests that the Debtors (i) can provide somewhat more transparency during the Stalking Horse Bidding Process, (ii) should make clear that bids should provide as much cash value protection as possible, *i.e.,* mitigate volatility for a transaction that could take upwards of two years, and (iii) in light of the prolonged process now contemplated, consider protections for indenture trustees and other creditors who are statutorily and contractually involved in the transactions.

6.        <u>Transparency</u>. UMB submits that the Bidding Procedures could build in more transparency for creditors, particularly in the Stalking Horse Bidding Process.  In particular, under the proposed Bidding Procedures, creditors will never know the identity and bona fides of the bidders (other than the ultimate Stalking Horse Bidder) that took part in the Stalking Horse Bidding Process, nor the terms or structure of the bids even on a generic basis.

7.      UMB submits that the Bidding Procedures could be made more transparent, and still not chill the bidding, with two relatively minor revisions.  During the Stalking Horse Bidding Process:

- the Debtors should share the terms and structure of bids received without revealing the identity of the bidder; and

- for Bidders who do not object to their identity being revealed, the Debtors should share the identity of those bidders with at least the major constituencies in the cases, including official committees and indenture trustees, who will presumably be subject to confidentiality.

8.      Absent these (and potentially other) modifications to the Bid Procedures, creditors will be subjected to a potentially extended Stalking Horse Bidding Process without having any idea of the types of bids being considered by the Debtors and therefore have no ability to give general input to the Debtors.

9.      Minimizing Volatility and Monitoring Risk.  As noted above, the Bid Procedures contemplate a potentially extended period of time between approval of a Transaction and the actual closing of that Transaction.  And while the Bid Procedures contemplate that the Successful Bidder must agree to remain obligated to consummate the Transaction during that extended time period, that alone does not eliminate the risk to the E-Side creditors inherent in such a delay, particularly to the extent that the consideration to the E-Side estates consists not only of cash, but also of stock of the Successful Bidder, which can fluctuate in value over time. If the value of any such stock – as opposed to a certain number of shares of such stock – is not "locked in", then the Debtors' estates and their creditors would be at risk.

10.     While not necessarily a ripe issue at this time, UMB reserves its right to object to any proposed Transaction that does not protect the E-Side estates from the risks inherent in the extended time contemplated between approval and closing of a Transaction.

11.     UMB further notes that while these cases were initiated on an expedited basis, there is now a significantly extended timeline contemplated for consummation of a Transaction and confirmation of a chapter 11 plan.  In that light, consideration should be given to facilitating not just the official creditors' committee's (or committees') efforts in monitoring the sales and plan process, but also the indenture trustees', including funding those efforts.

Dated: Wilmington, DE
     October 10, 2014

By: /s/ Raymond H. Lemisch_____
Raymond H. Lemisch
KLEHR HARRISON HARVEY
BRANZBURG LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Tel: (302) 426-1189
Fax: (302) 426-9193
E-mail: rlemisch@klehr.com

- and

Harold L. Kaplan
Mark F. Hebbeln
Lars A. Peterson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL  60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700
E-mail: hkaplan@foley.com
     mhebbeln@foley.com
     lapeterson@foley.com

Attorneys for UMB BANK, N.A.,
as indenture trustee