# EXHIBIT 1

```
                                                                Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                         :
                                    :    Chapter 11
 6   ENERGY FUTURE HOLDINGS         :
     CORP., et al.,                 :    Case No. 14-10979(CSS)
 7                                  :
             Debtors.               :    (Jointly Administered)
 8   _____:
 9
10                              United States Bankruptcy Court
11                              824 North Market Street
12                              Wilmington, Delaware
13
14                              October 2, 2014
15                              11:38 AM - 4:10 PM
16
17   B E F O R E :
18   HON CHRISTOPHER S. SONTCHI
19   U.S. BANKRUPTCY JUDGE
20
21
22
23
24
25   ECR OPERATOR:  LESLIE MURIN
```

Page 10

1  agreed to additional search terms in response to feedback
2  from some of the requesting parties, and we're working on
3  getting those results out as soon as possible.
4         The first deposition of Mr. Keglevic is scheduled
5  for tomorrow, and we have two additional depositions
6  scheduled for Monday and Tuesday of next week.
7         The parties -- or the requesting creditors have
8  requested three additional depositions, that's a major point
9  of contention and a source of the issue here is that the
10 three additional depositions they've sought, two are board
11 members, Hugh Sawyer and Chuck Cremens, and a third
12 deposition of Carla Howard, the in-house tax counsel at the
13 company.  We don't believe that any of those three
14 depositions are reasonably tied to the relief sought here.
15        With respect to the board members, the board was
16 not asked to vote on these procedures, they were advised and
17 had visibility into the process, like they have into many
18 other things, but there's -- we're not moving on a board
19 vote or -- and this wasn't a board process, this is a
20 process that is going to -- is proceeding, a board -- the
21 board would ultimately vote on a transaction once it's
22 identified and selected, but that's not the space that we're
23 here for.  And quite frankly, the point for us on the board
24 members is that it's not appropriate to subject the debtors'
25 board members to a deposition for any and all motions that

1  get brought before the Court regardless of the scope of the
2  relief.
3           With respect to Ms. Howard, that's the in-house
4  tax counsel, there are two main problems with her
5  deposition.
6           The first is that we're not seeking relief on any
7  tax issues, we're not seeking an approval of a tax function
8  in connection with the bidding procedures motion, and the --
9  her views on tax issues or her analysis are not at issue in
10 this motion.
11          Secondly as an in-house attorney most, if not all,
12 of what she would have to say about these issues would be
13 privileged and as a result of her analysis as a lawyer on
14 behalf of the company.
15          So that is with respect to the depositions, as I
16 said, which is think the major issue before us, the summary
17 of our issues there.
18          The other issue relates to the scope of even the
19 documents, and more generally the discovery here, which is
20 that the requesting parties are seeking -- specifically
21 seeking documents and other discovery that would identify
22 the details of bids and the identity of bidders with respect
23 to specific bids that have either been rereceived or that
24 are being received.  And as explained affirmatively in the
25 motion, that's not a category of information that we believe

1   exist in the individual files of Sawyer and Cremens.  And if
2   for some reason they didn't keep those board presentations,
3   it sounds to me like we don't get them even though the board
4   presentations were given to the board by the debtors'
5   professionals.
6           THE COURT:  Well --
7           MR. WEISFELNER:  So I'm confused --
8           THE COURT:  Mr. Weisfelner, Ms. O'Connor said --
9   and I will say, she did qualify it by saying to her
10  knowledge that the "board presentations" were not written
11  materials; they were oral discussions.  But I can tell you,
12  you're going to be -- I'll cut you off to a certain extent
13  and tell you you're going to be able to explore that because
14  I'm going to give you the depositions of Mr. Sawyer and
15  Mr. Cremens.
16          MR. WEISFELNER:  Thank you, Judge.
17          THE COURT:  So I'll start there.  First of all,
18  thank you very much for your presentations and throwing
19  together a very organized presentation for the Court on
20  short notice and I do appreciate it.  And I'm going to make
21  a number of rulings here based on what I think are live
22  issues.
23          First of all, I do find that the depositions of
24  Mr. Sawyer and Mr. Cremens both are appropriate discovery in
25  the context of the debtors', plural possessive, motion to

Page 60

1   approve the bid procedures.  And those depositions will go
2   forward with some meditation.
3           First of all, they won't go forward until after
4   the documents of Mr. Sawyer and Mr. Cremens have been
5   produced so that's something to consider in scheduling.
6   Two, the depositions will be limited to the bidding
7   procedures motion.  This isn't the time to have a twelve
8   hour deposition or tax attributes.  Not saying that tax
9   doesn't necessarily come up in the context of asking about
10  bidding procedures, but the focus should be on bidding
11  procedures and the bidding procedures motion.
12          Certainly, fair game would be board discussions
13  involving the bidding procedures motion.
14          The depositions for each gentleman will be limited
15  to four hours of total question time.  I am not going to get
16  involved in splitting up who gets to ask what and how long.
17  The parties wishing to take the -- to ask questions of these
18  gentlemen are going to have to work it out amongst
19  themselves.  When the four hours of questioning time is
20  over, it's over and the deposition is stopped.  I say
21  question time because I don't want twelve million
22  discussions about objections to be counted in how much time
23  is actually going to be dealt with in the context of asking
24  questions.
25          I will be -- make myself available.  To the extent