IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re:  D.I.  2087, 2377 and 2389<br><br>Hearing Date:  October 17, 2014 at 9:30 a.m.<br>Objection Deadline:  October 10, 2014 at 4:00 p.m. |

**JOINDER OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS INDENTURE TRUSTEE, TO THE OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING AN AUCTION AND RELATED DEADLINES AND HEARINGS, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture, dated as of October 31, 2007, among Texas Competitive Electric Holdings Company LLC and TCEH Finance, Inc. (together, the "Issuers"), certain guarantors that are affiliates of the Issuers, and The Bank Of New York Mellon Trust Company, N.A., pursuant to which (i) $2,045,956,000 aggregate principal amount of the Issuers' 10.25% Senior Notes due 2015, (ii) $1,441,957,000 aggregate principal amount of the Issuers' 10.25% Senior Notes due 2015, Series B and (iii) $1,749,645,671 aggregate principal amount of the Issuers' 10.50%/11.25% Senior Toggle Notes due 2016 (collectively, the "TCEH Notes") were issued and are outstanding as of the date hereof, by and through its attorneys, Patterson Belknap Webb & Tyler LLP and Morris James LLP, hereby files this joinder ("Joinder") to the objections of the Official Committee of Unsecured Creditors (the "UCC Objection"; D.I. 2377) and the Ad Hoc Group of TCEH Unsecured Noteholders (the "Ad Hoc Group") (D.I. 2389; the "Ad Hoc Objection," and, together with the UCC Objection, the "Objections") to the *Motion of*

7355800/

*Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof*, dated September 19, 2014 (the "Bidding Procedures Motion"; D.I. 2087).

### JOINDER[1]

1.  The Debtors' proposed bidding procedures perpetuate the flaws that have marred these cases from the outset. The RSA is gone but the Debtors' goal is unchanged: to achieve an equity investment in EFH and a tax-free spinoff of TCEH. But it remains far from clear if this would be the right result for these cases or in the best interests of TCEH creditors.[2] And the process that the Debtors propose now is neither open nor fair and sets a timetable that is significantly too short.

2.  The Objections demonstrate in detail why the Debtors' proposal should be rejected. The procedures seek to dictate the terms of a reorganization in a closed bidding process without any input from an independent fiduciary on the T-side and on an unnecessarily fast track. Law Debenture joins the Objections and respectfully urges the Court to either deny the Bidding Procedures Motion outright or, at a minimum, require the Debtors to make the changes proposed by the Committee and the Ad Hoc Group.

3.  The Debtors assert that "the Bidding Procedures do not preclude any particular transaction structure," (Bidding Procedures Motion, ¶ 7). But the Debtors also "reserve the right to share with bidders the structure that they believe maximizes the value of the estates, both in a form term sheet and other documentation and in discussions with bidders. And

---

[1] Capitalized terms used but not defined in this Joinder have the meanings given to them in the UCC Objection.
[2] This is precisely why both the Committee and the Ad Hoc Group correctly insist that the Debtors' request be scrutinized under the "entire fairness" standard. UCC Objection, ¶¶ 25-26; Ad Hoc Objection, ¶¶ 40-41.

the Debtors will evaluate potential bids in light of, among other things, the tax implications of the proposed structure." *Id.*

4. A fair reading of the Bidding Procedures Motion reveals that bidders will need to conform to the Debtors' preferred structure for the transaction. Otherwise, such bidders will have no reasonable chance of being selected as the stalking horse. And, even if a bidder wanted to pursue an alternative structure, the Debtors would afford such bidder just six days after the hearing on the Bidding Procedures Motion to identify that structure. As the Committee observes, this timeline "all but assures that no alternative transaction structures will be proposed." UCC Objection, ¶ 21.

5. The Debtors' attempt to dictate a restructuring strategy outside a plan of reorganization is particularly inappropriate here because the bidding procedures that will lock-in the Debtors' chosen strategy (a) have not been approved by the TCEH board or TCEH's sole independent director (UCC Objection, ¶¶ 4, 26-27), and (b) would result in the selection of the stalking horse bidder without any input or oversight by the Committee (UCC Objection, ¶¶ 40-43, 45). Once again, the Debtors seek relief that might benefit one Debtor or group of Debtors but could be catastrophic for others. Creditors of the TCEH Debtors are entitled to an exacting review of the proposed transaction structure and alternatives, conducted by an independent fiduciary on their behalf and from their perspective, before forfeiting a significant step-up in tax basis that could be worth billions of dollars in exchange for no consideration whatsoever (UCC Objection, ¶¶ 18, 23, 34).

*[Remainder of page intentionally left blank.]*

## **RESERVATION OF RIGHTS**

6. Law Debenture reserves the right to supplement or amend this Joinder and the right to appear and be heard at the hearing to consider the Bidding Procedures Motion.

Dated:   October 10, 2014                    **MORRIS JAMES LLP**

/s/ *Stephen M. Miller*
Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone:  (302) 888-6800
Facsimile:   (302) 571-1750
Email:  smiller@morrisjames.com

- and -

Daniel A. Lowenthal
Brian P. Guiney
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Telephone:  (212) 336-2000
Facsimile:   (212) 336-2222
Email:   dalowenthal@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*

7355800/