**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) Jointly Administered<br>)<br>) **Related Docket Items: 2087**<br>)<br>) **Hearing Date: October 17, 2014 at 9:30 am**<br>)<br>) |

**THE EFH NOTES INDENTURE TRUSTEE'S STATEMENT IN SUPPORT OF THE
MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR
ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES,
(B) SCHEDULING AN AUCTION AND RELATED DEADLINES AND HEARINGS,
AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "Indenture Trustee") under the indentures for notes issued by EFH Future Holdings Corp. ("EFH Corp.") (as described in Schedule 1 attached hereto and which notes shall be collectively referred to herein as the "EFH Notes"), by its undersigned counsel, files this statement in support (the "Statement in Support") with respect to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof ("Bidding Procedures Motion") [D.I. 2087].[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Statement in Support shall have the meanings ascribed to them in the Bidding Procedures Motion and exhibits thereto.

15172156.4

The EFH Notes for which American Stock Transfer and Trust Company, LLC serves as indenture trustee were all issued by EFH Corp., the holding company for the entities that comprise the "T Side" as well as the entities that comprise the "E Side." The face amount of the EFH Notes represented by the Indenture Trustee total approximately $1.9 billion. Approximately $1.2 billion of that debt is held by EFIH. If the value of EFH Corp.'s indirect interest in Oncor continues to trend in the direction indicated by NextEra Energy Resources, LLC's proposal, then the unsecured debt at EFH Corp., which is largely comprised of the debt represented by the Indenture Trustee, will be the fulcrum indebtedness in these cases.

After evaluating the contemplated marketing process, the Indenture Trustee has concluded that the process should proceed in the prompt manner requested by the Debtors so that a competitive and robust bidding and sale process can be utilized to determine the value of EFH Corp.'s indirect interest in Oncor and, if possible, lock in place a floor on that value. Concurrently with this process, plan negotiations for all Debtors, the prepayment premium litigation on the "E Side" and any litigation that may be brought relative to the "T Side," should proceed as quickly and efficiently as possible.

In support of the Bidding Procedures Motion, the Indenture Trustee states as follows:

### STATEMENT IN SUPPORT OF BIDDING PROCEDURES MOTION

1. The Indenture Trustee supports the Debtors' efforts to maximize the value of the assets or reorganized equity of EFH Corp. by running a court approved bidding and sale process. The Indenture Trustee believes that a prompt and robust marketing process for the assets or reorganized equity of EFH Corp. is in the best interests of EFH Corp. and its unsecured creditors.

2. Here, where the extended exclusivity period has not lapsed or been terminated, the Debtors should be provided with the opportunity to run the marketing process that they have selected. The Indenture Trustee supports this process and believes that all parties' objections

should be reserved for the plan process, any actual sale hearing, or any litigation that may be brought relative to the claims that they allege might exist.  In the meantime, the Debtors' and in particular EFH Corp.'s efforts to determine and if possible "lock in" the apparent value in Oncor, should be allowed to proceed.

3.     The objecting parties fall into two broad categories.  On the one hand, the trustees for the EFIH First and Second Lien Notes, quite admittedly, are seeking to establish the solvency of EFIH because proof of such solvency <u>might</u> bolster their claim to an entitlement to recover pre-payment premiums.  Accordingly, these objections should be evaluated in light of what they appear to be – a litigation tactic related to the amount of their claim.

4.     On the other hand, the various "T Side" creditors argue that conflicts might exist among the Debtors and on their respective board of directors and that the preferred tax structure outlined in the Debtor's omnibus tax memorandum [D.I. 2296] <u>might</u>, under certain plan scenarios, deprive the "T-Side" Debtors and their creditors of certain beneficial tax attributes.

5.     These attacking "T Side" creditors do not argue against an eventual transaction in which the value of Oncor will be used to satisfy creditors.  Rather, they argue that all of their <u>potential</u>, and currently <u>hypothetical</u> claims should be resolved in a plan process and/or plan negotiations <u>before</u> any marketing process for EFH Corp.'s indirect interest in Oncor.  The delay requested by the "T-Side" creditors is unnecessary.  EFH Corp.'s creditors should not be forced to suffer delay or incur the risk of a possible decline in Oncor's value so that the "T Side" creditors can attempt to utilize delay as a pre-litigation tactic for the claims they allege they <u>might</u> have.

3

## **CONCLUSION**

For the reasons set forth herein the Indenture Trustee supports the Debtors' efforts to conduct a court approved, prompt and robust marketing and bidding process for the assets and/or reorganized equity of EFH Corp. and requests that this Court grant the Bid Procedures Motion.

Dated: Wilmington, DE
October 14, 2014

**CROSS & SIMON, LLC**

By: */s/Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
eschneider@nixonpeabody.com

*Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

15172156.4

## Schedule I

## Indentures

1. Indenture dated as of November 1, 2004, between Energy Future Holdings Corp.("EFH"), as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of July 1, 2010, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series P Indenture").

2. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series Q Indenture").

3. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series R Indenture")

4. Indenture dated as of November 16, 2009, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Supplemental Indenture, dated as of January 25, 2013, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "9.75% Senior Notes Indenture").

5. Indenture dated as of January 12, 2010, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of March 16, 2010, the Second Supplemental Indenture, dated as of April 13, 2010, the Third Supplemental Indenture, dated as of April 14, 2010, the Fourth Supplemental Indenture, dated as of May 21, 2010, the Fifth Supplemental Indenture, dated as of July 2, 2010, the Sixth Supplemental Indenture, dated as of July 6, 2010, the Seventh Supplemental Indenture, dated as of July 7, 2010, the Eighth Supplemental Indenture, dated as of January 25, 2013, and the Ninth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.00% Senior Notes Indenture").

6. Indenture dated as of October 31, 2007, among EFH, as issuer, the Guarantors party thereto and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of July 8, 2008, the Second Supplemental Indenture, dated as of August 3, 2009, the Third Supplemental Indenture, dated as of July 29, 2010, the Fourth Supplemental Indenture, dated as of October 18, 2011, and the Fifth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.875% Senior Notes and 11.250%/12.000% Senior Toggle Notes Indenture", and collectively with the Series P Indenture, the Series Q Indenture, the Series R Indenture, the 9.75% Senior Notes Indenture, and the 10.00% Senior Notes Indenture, the "Indentures").

5

15172156.4