# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) E: Docket No. 1698, 1836, & |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO RETAIN AND EMPLOY POLSINELLI PC EFFECTIVE AS OF MAY 13, 2014

UPON THE APPLICATION of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] pursuant to ~~Fed. R. Bankr. P. 2014(a)~~Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order under sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the employment and retention of Polsinelli PC ("**Polsinelli**") as ~~co~~-Delaware bankruptcy counsel and conflicts counsel to the Committee in the above-captioned chapter 11 cases (the "**Cases**") effective as of May 13, 2014 (the "**Application**");[3] and upon the declaration of Michael Puryear

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

[3] Capitalized terms used and not otherwise defined ~~herein~~in this Order have the meanings ascribed to them in the Application.

48618904.~~1~~2
48803029.1

in support of the Application; and upon the ~~declaration of Christopher A. Ward in support of the Application;~~*Declaration of Christopher A. Ward, Esq. in Support of Application for an Order Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Co-Counsel to the Official Committee of Unsecured Creditors* [Docket No. 1698] (the "**Ward Declaration**"), the *Supplemental Declaration of Christopher A. Ward, Esq. in Support of Application for an Order Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Co-Counsel to the Official Committee of Unsecured Creditors* [Docket No. 1836] (the "**Supplemental Declaration**"), and the *Second Supplemental Declaration of Christopher A. Ward, Esq. in Support of Application for an Order Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Delaware Bankruptcy Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors* [Docket No. ___] (the "**Second Supplemental Declaration**," together with the Ward Declaration and the Supplemental Declaration, the "**Ward Declarations**"); and this Court having jurisdiction to consider the Application; and venue being proper; and upon the Court finding that Polsinelli represents no adverse interests in connection with these cases and that it is a "disinterested" person as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code; and upon further finding that the employment of Polsinelli effective as of May 13, 2014, is necessary and is in the best interests of the Committee; and notice of the Application having been proper; and the relief requested in the Application being warranted, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), the Committee is hereby authorized to employ and retain Polsinelli as ~~co-~~Delaware bankruptcy counsel and

2

48618904.~~1~~2
48803029.1

conflicts counsel in the TCEH Debtors' chapter 11 cases effective as of May 13, 2014 upon the terms and conditions set forth in the Application and Ward DeclarationDeclarations, and Polsinelli is authorized to perform the following services set forth in the Application.coordination with Morrison & Foerster LLP:

(a) advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

(b) assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

(c) attend meetings and negotiate with the representatives of the Debtors and other parties in interest;

(d) assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e) assist and advise the Committee in connection with any sale of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code;

(f) assist the Committee in the review, analysis, and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assist the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

(g) take all necessary action to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(h) generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

(i) appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(j) perform all other necessary legal services in these cases for the Committee.

3. Polsinelli shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

3

48618904.12
48803029.1

4.      Polsinelli is aware of certain potential claims by and between EFCH, TCEH and their direct and indirect subsidiaries on the one hand, and EFH Corporate Services on the other hand, including alleged potential actions under chapter 5 of the Bankruptcy Code and other intercompany claims.

3.5.    Polsinelli shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and any other applicable procedures and orders of the Court. Polsinelli also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), both in connection with this Application and the interim and final fee applications to be filed by Polsinelli in these chapter 11 cases.

6.      Notwithstanding anything to the contrary in the Application, the Ward Declarations, or any subsequent declaration, Polsinelli shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. Polsinelli has agreed to be bound by the terms of the Fee Committee Order.

7.      Notwithstanding anything to the contrary in the Application, Polsinelli will not seek reimbursement of expenses for office supplies.

4

48618904.12
48803029.1

4.8. Polsinelli shall not charge a markup to the TCEH Debtors with respect to fees billed by contract attorneys who are hired by Polsinelli to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Polsinelli shall neither share fees with existing or future contract attorneys who advise the Committee nor enter into fee sharing arrangements with such contract attorneys.

5.9. Prior to any increases in Polsinelli's rates for any individual employed by Polsinelli and providing services in the cases, Polsinelli shall file a supplemental affidavit with the Court and provide ten business days' notice to the TCEH Debtors, the United States Trustee, and the Committee, and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and. The supplemental affidavit shall file such notice with the Courtexplain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.10. Absent further order of this Court, fees and expenses incurred by Polsinelli shall be paid by the TCEH Debtors.

7.11. The Committee and Polsinelli are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. All parties' rights to object to any actions taken or sought to be taken by the Committee and Polsinelli in connection with the investigation or pursuit of any pre- or post-petition claims, causes of action or defenses by and between (1) EFCH, (2) any of its direct or

~~indirect subsidiaries, and (3) EFH Corporate Services Company (collectively, the "Subject Claims and Defenses") are expressly reserved. Neither the failure to object to the Motion nor consent to the entry of this Order shall be deemed to constitute a waiver or relinquishment of any party's right to object to any actions taken or sought to be taken by the Committee and Polsinelli with respect to the Subject Claims and Defenses.~~

~~9.~~12.  Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

~~10.~~13.  To the extent the Application, the Puryear Declaration, or the Ward ~~Declaration is~~Declarations are inconsistent with this Order~~;~~, the terms of this Order shall govern.

~~11.~~14.  The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

~~12.~~15.  This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2014
Wilmington, ~~DE~~Delaware

THE HON. CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

[Form]