IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| _____ ) | | |
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., et al., | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| _____ ) | | |

**Tarrant Regional Water District's**
**Objection to Assumption of Unexpired Lease or Executory Contract**

Tarrant Regional Water District ("TRWD"), through its undersigned counsel, respectfully objects to the Debtors' Notice of Assumption of Unexpired Lease or Executory Contract relating to "Water Lease – Eagle Mountain Executed on 5/6/1952" (hereafter referred to as the "Contract"). A copy of the Notice of Assumption is attached hereto as Exhibit "A." A copy of the Contract is attached hereto as Exhibit "B."

**Background**

1.    The Contract involved TRWD providing water from Eagle Mountain Lake, in Texas, and some property rights, for Luminant's use in the operation of a stream-electric power plant that has now been imploded and abandoned. TRWD objects to Debtors' Notice of Assumption of the Contract because (1) Luminant

---

[1] The last four digits of Energy Future Holdings Corporation's tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

violated the Contract by failing to remove structures from Eagle Mountain Lake after having imploded and abandoned the electric generation facility; the abandonment also constitutes termination of the Contract; (2) to the extent the Contract was not terminated, a prepetition balance of $1,000.00 is due but the proposed cure amount is listed as $0.00 and is therefore insufficient; and (3) if the Contract has not been terminated and is to be assumed, TRWD seeks adequate assurance of future performance, because TRWD does not know what future performance is planned by the Debtors or how that performance will be accomplished.

### Facts

2.      TRWD is a political subdivision of the State of Texas tasked with, among other things, the paramount and fundamental role of providing raw water for the benefit of millions of citizens.

3.      TRWD under a prior name entered into the Contract with Debtor Luminant Generation Company, LLC's predecessor in interest ("Luminant") to sell raw water to Luminant for use in a steam-electric generating station on Eagle Mountain Lake in Tarrant County, Texas. The Contract had a 50-year term, subject to renewal for an additional 50-year period. Luminant sent notice of renewal in about 1999, meaning the Contract would have a 100-year term and would be set to expire in 2052.

4.      The Contract states that Luminant planned to construct a steam-electric generating station by 1954 for operation on Luminant's land adjacent to

Eagle Mountain Lake. The Contract requires certain annual payments prior to operation of the plant, and calls for certain payments to be made when the plant becomes operational and water is being consumed. Later amendments to the Contract modified the amounts of those consumption payments.

5.      Luminant constructed a steam-electric generating plant on its land adjacent to Eagle Mountain Lake and operated the plant for many years. As a part of doing so, Luminant constructed associated facilities on TRWD property, including in the lake. These facilities include intake equipment with which to pull water into the plant, discharge facilities with which to return used water to the lake, and a "Protective Barrier" around certain portions of the lake.

6.      Although it exercised its right to extend the contract term in 1999, Luminant thereafter made a decision to shut the plant. The plant remained mothballed for several years until 2010 or thereabouts, when Luminant dismantled and imploded it.

7.      The Contract states that when the plant is abandoned Luminant must remove all the facilities it built on TRWD property:

> In the event of abandonment of the steam-electric generating station or stations [Luminant] will, at its own cost and expense, remove all facilities heretofore constructed by [Luminant] on property of [TRWD], restoring such area owned by [TRWD] to its original condition.

8.       However, despite having abandoned the plant (inasmuch as it was imploded), Luminant has not removed the facilities it built in the lake on TRWD property. Abandoned and deteriorated fencing, intake structures, discharge

structures, and other structures remain in the lake. As the Contract requires the appurtenant facilities to be removed, the abandonment constitutes termination of TRWD's obligation to sell additional water to Luminant. Regardless of whether TRWD's obligations were terminated, failure to remove the remaining structures is a violation by Luminant that requires a cure.

9.      Further, the Contract requires Luminant to pay to TRWD $1,000.00 per year, payable as of December 31. Luminant did not make the required payment in 2013. This $1,000.00 is not included in Luminant's proposed cure.

10.      In addition to cure of the defaults specified above, TRWD is at a minimum entitled to adequate assurance of future performance, in accordance with 11 U.S.C. § 365(b). TRWD is responsible for providing raw water to its customers for use by millions of Texas residents. Eagle Mountain Lake is an important source of water for TRWD and the customers it serves. It is therefore important for TRWD to have information relating to potential water use by a proposed power plant and the associated environmental issues. As the previous plant at the Eagle Mountain location was imploded, TRWD does not know what future performance, if any, is contemplated by the Debtors. TRWD also does not know how any such performance will be completed. TRWD is entitled to, and seeks information to adequately assure it of the Debtors' future performance under the Contract, if the Contract is still in effect.

## Argument

11.    The Contract terminated upon abandonment of the plant, except for Luminant's obligations to pay $1,000.00 per year and to remove the remaining appurtenant structures. Beyond these obligations of Luminant, the Contract is not an executory contract that can be assumed under 11 U.S.C. § 365. Nevertheless, TRWD is entitled to have the prepetition contractual violations cured.

12.    If the Contract has not been terminated, then for the Contract to be assumed all defaults must be cured or adequate assurance of a prompt cure must be provided. 11 U.S.C. § 365(b)(1)(A). Here, a $1,000.00 prepetition balance remains due and the contractually required removal of appurtenant facilities has not occurred. These two defaults must be cured, and the Debtors' Notice of Assumption fails to provide for a cure.

13.    TRWD is, at a minimum, entitled to adequate assurance of future performance if the Contract has not been terminated. 11 U.S.C. § 365(b)(1)(C). Here, TRWD does not even know what future performance is contemplated, and certainly does not know how any such performance will be completed. TRWD is entitled to, and seeks, this information if the Contract is to be assumed.

## Prayer

14.    Wherefore, TRWD respectfully requests the Court to set this matter for hearing and to sustain its objection to the Debtors' Notice of Assumption as to the Contract and to award TRWD all other relief it is entitled to receive.

Respectfully submitted,


_/s/ Michael L. Atchley_____
Michael L. Atchley
Texas State Bar No. 01397600 (pro hac vice)
matchley@popehardwicke.com
Matthew T. Taplett
Texas State Bar No. 24028026
mtaplett@popehardwicke.com

POPE, HARDWICKE, CHRISTIE,
  SCHELL, KELLY & RAY, L.L.P.
500 West 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 332-3245 (Telephone)
(817) 877-4781 (Facsimile)
matchley@popehardwicke.com
mtaplett@popehardwicke.com

**Counsel for Tarrant Regional Water District**

**<u>Certificate of Service</u>**

This document is being served on October 17, 2014, through the Court's ECF system and by electronic mail and overnight mail to the following co-counsel to Debtors and Debtors in Possession:

Mark D. Collins, Esq.
Daniel J. DeFranceschi, Esq.
Jason M. Madron, Esq.
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Edward O. Sassower, Esq.
Stephen E. Hessler, Esq.
Brian A Schwartz, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022-4611

James H.M. Sprayregen, P.C.
Chad J. Hunsnick, Esq.
Steven N. Serajeddini, Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654

_/s/ Michael L. Atchley_____