**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO RETAIN AND EMPLOY
LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER
EFFECTIVE AS OF MAY 14, 2014**

UPON THE APPLICATION of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] pursuant to sections 328(a) and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (a) authorizing the retention and employment of Lazard Frères & Co. LLC ("**Lazard**") as investment banker to the Committee as of May 14, 2014, on the terms set forth in the Engagement Letter, (b) granting a waiver of certain requirements under Local Rule 2016-2(h), and (c) granting related relief;[3] and upon the Declaration of Timothy R. Pohl filed in support of the Application; and this Court having jurisdiction over this matter pursuant to 28

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

[3] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Application.

ny-1153608

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court; and the Court having determined that the terms and conditions of Lazard's employment, including the Fee Structure set forth in the Engagement Letter, attached as Exhibit 1 hereto, are reasonable as required by section 328(a) of the Bankruptcy Code; and upon the Court finding that Lazard represents no adverse interests in connection with these cases and that it is a disinterested person as that term is defined in Bankruptcy Code section 101(14) and as used in Bankruptcy Code section 328(c); and upon further finding that the employment of Lazard is necessary and is in the best interests of the Committee; and notice of the Application having been proper; and the relief requested in the Application being warranted, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is hereby authorized to employ and retain Lazard upon the terms and conditions set forth in the Engagement Letter effective as of May 14, 2014.

3. The Engagement Letter, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Monthly Fee, the Restructuring

2

ny-1153608

Fee, and the Contingent Fee (each as defined in the Engagement Letter), is approved pursuant to section 328(a) of the Bankruptcy Code.

4. Pursuant to the terms of the Engagement Letter, Lazard is entitled to reimbursement by the TCEH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Lazard's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee, *provided, however*, that Lazard shall not seek reimbursement for any services provided by Lazard's counsel to the TCEH Debtors; *provided, further*, that Lazard shall submit the invoices of Lazard's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

5. None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

6. Lazard shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; *provided, however*, that Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Lazard's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

ny-1153608

7. Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Lazard's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's fees.

8. The TCEH Debtors are authorized to, and shall, pay Lazard's compensation and reimburse Lazard for its costs and expenses as provided in the Engagement Letter, in accordance with the fee application process approved by this Court.

9. Absent further order of this Court, fees and expenses incurred by Lazard shall be paid by the TCEH Debtors.

10. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Committee in one-half hour (0.5) increments.

11. The Indemnification provisions set forth in the Engagement Letter are approved, subject to the following:

    (a)    subject to the provisions of subparagraph (d), *infra*, the TCEH Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    (b)    notwithstanding any provisions of the Engagement Letter to the contrary, the TCEH Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the TCEH Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), *infra*, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

    (c)    if, during the pendency of the TCEH Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Engagement Letter shall not apply; and

    (d)    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the TCEH Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court

ny-1153608

shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the TCEH Debtors' obligation to indemnify Lazard.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

13. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

14. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. During the pendency of these cases, this Court shall retain jurisdiction over all matters pertaining to implementation of this Order.

Dated: 10/20, 2014
Wilmington, DE

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

ny-1153608