**EXHIBIT B**

**REDLINE OF ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (A) APPROVING BIDDING PROCEDURES, (B) SCHEDULING
AN AUCTION AND RELATED DEADLINES AND HEARINGS, AND
(C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order")[2] (a) approving bidding procedures for the Transaction in the form attached hereto as Exhibit 1 (the "Bidding Procedures"), (b) scheduling the Auction and related deadlines and hearings, and (c) approving the form and manner of notice of the Auction and related deadlines and hearings, substantially in the form attached to this Order as Exhibit 2 (the "Auction Notice"), all as more fully set forth in the Motion; and upon the *Declaration of William O. Hiltz in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Bidding Procedures.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    THE COURT HEREBY FINDS AS FOLLOWS:

    1.    The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value received for the Transaction.

    2.    The Auction Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bidding Procedures, and the applicable dates and deadlines, including the date, time, and place of the Auction (if one is held), and no other or further notice of the Auction, the Bidding Procedures, or the applicable dates and deadlines shall be required.

    3.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact in this

Order constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

4. The Motion is hereby GRANTED, to the extent provided herein.

5. The Bidding Procedures, attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved, including each of the dates and deadlines set forth therein, and as modified herein.

6. The Debtors are authorized to solicit Bids and conduct the Stalking Horse Bidding Process, the Open Bidding Process, and the Auction as set forth in the Bidding Procedures.  The Bidding Procedures shall govern the submission, receipt, and analysis of all Bids, and any party desiring to submit a higher or better offer shall do so strictly in accordance with the terms of the Bidding Procedures and this Order.

7. In response to comments from various parties and to address certain objections to the Motion, the Bidding Procedures are deemed modified as follows:

   (a) As soon as reasonably practicable after the Round 1 Bid Deadline, upon request, the Debtors will provide the Reviewing Parties with a description (which description shall include sufficient detail to permit the Reviewing Parties to reasonably assess the provisions described in this paragraph) of the structure (including, without limitation, the proposed tax structure) and form of consideration of all of the Round 1 Bids.  The Debtors will also consult with the Reviewing Parties if any Round 1 Bid does not offer cash equivalent consideration (i.e., publicly-traded stock that will have equity price protection through the term of the Bid) or proposes a structure that is different than the structure described in the term sheet attached to the Motion.  Non-cash equivalent Bids could include, among other things: (i) unhedged offers that provide publicly traded stock, but offer no price protection between the time of signing and consummation of the plan of reorganization; or (ii) shares of reorganized EFH Corp. common stock or other non-publicly traded securities.

   (b) As soon as reasonably practicable after the Round 2 Bid Deadline, upon request, the Debtors will provide the Reviewing Parties with a description (which description shall include sufficient detail to permit the Reviewing Parties to reasonably assess the provisions described in this paragraph) of the key contract

terms contained in all of the Round 2 Bids, which shall include a description of the proposed tax structure, financing conditions, form of consideration (and ratio between cash and cash-equivalent consideration (as described in clause (a) above) and non-cash equivalent consideration (as described in clause (a) above)), closing conditions and required regulatory approvals.  The Debtors will also provide the Reviewing Parties with a description of the material terms of any proposed equity price protection included as part of a Round 2 Bid.

(c) Before entering into the Stalking Horse Agreement, upon request, the Debtors will consult with the Reviewing Parties regarding their selection of a Stalking Horse Bid.  In connection therewith, the Debtors shall describe the impact (if any) that the form of consideration or any key contract terms described in (a) or (b) above have on their determination of which Round 2 Bid the Debtors believe should be selected as the Stalking Horse Bid.

(d) Notwithstanding paragraphs (a)-(c) above, (i) in no event will the Debtors be required to provide any information regarding the Bid Values (except with respect to the forms of consideration, as permitted above) or the identity of the Bidders to any creditor (including the Reviewing Parties), and (ii) after providing the information and consultation rights set forth in (a)-(c) above, nothing shall impair, interfere with, or otherwise affect the Debtors' right to select Round 2 Bids and the Stalking Horse Bid in their sole discretion.

(e) Any Reviewing Party that receives any Bid information in connection with consultation rights provided in the Stalking Horse Bidding Process may not publicly disclose or otherwise use such information in connection with any actual or threatened litigation in the Bankruptcy Court or other court of competent jurisdiction, including seeking any discovery related to the Stalking Horse Bidding Process, to object to, delay, or otherwise impede the Stalking Horse Bidding Process through the earlier of the date (i) the Debtors file the Stalking Horse Motion or (ii) the Debtors abandon the Stalking Horse Bidding Process (the earlier of such dates, the "Stalking Horse End Date"); *provided*, *however*, that the foregoing shall not limit or preclude the Reviewing Parties from taking any actions in respect of the Stalking Horse Motion, or in respect of any other relief the Debtors may seek, in each case after the Stalking Horse End Date (including, without limitation, in connection with any proposed chapter 11 plan of reorganization) and all such rights are fully reserved.

(f) Any provisions contained in confidentiality agreements (including Confidentiality Agreements) that preclude communication between potential bidders and the Debtors' creditors (including the Reviewing Parties) will be void and of no further force and effect, *provided*, for the avoidance of doubt, that any provisions contained in confidentiality agreements (including Confidentiality Agreements) that preclude entering into exclusive arrangements with creditors (including the Reviewing Parties) shall remain in full force and effect.

7.8.    The Debtors are authorized, following consultation with their advisors, to modify the Bidding Procedures in any manner that they determine, in their sole business judgment, will best promote the goals of the bidding process or impose, at or prior to the Auction, additional customary terms and conditions on the Transaction, including, without limitation, modifying the Bid Requirements or the Open Bid Requirements, extending the deadlines set forth in the Bidding Procedures, adjourning the Auction at the Auction, and/or adjourning the Auction Approval Hearing in open court without further notice, canceling the Auction, and rejecting any or all Qualified Bids, in the Debtors' sole business judgment.

8.9.    In accordance with the Bidding Procedures, each Bidder must acknowledge in writing that it has not engaged in any collusion with respect to any Bids, the Stalking Horse Bidding Process, the Open Bidding Process, the Auction, or the Equity Investment and agrees not to engage in any collusion with respect to any Bids, the Stalking Horse Bidding Process, the Open Bidding Process, the Auction, or the Equity Investment.

9.10.    Absent material irregularities in the conduct of the Auction, the Court will not consider Bids made after the Auction has been closed.

10.11.    The Auction Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  The Auction Notice shall state with specificity the dates and times of the Bid Deadline, the Auction, and the Auction Approval Hearing, consistent with the parameters set forth in the Bidding Procedures.  Within five business days of selecting the Stalking Horse Bid or determining not to select any Stalking Horse Bid, as applicable, the Debtors will serve the Auction Notice upon the following parties: (a) all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (b) Reviewing Parties; and (c) any parties who have expressed written interest in consummating the Transaction.

~~11.~~12.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

~~12.~~13.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~13.~~14.    In the event of any inconsistencies between this Order, the Motion, and the Bidding Procedures, this Order shall govern in all respects.

~~14.~~15.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~15.~~16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

~~16.~~17.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order or the Bidding Procedures.

Wilmington, Delaware
Dated: _____, 2014

                                  THE HONORABLE CHRISTOPHER S. SONTCHI
                                  UNITED STATES BANKRUPTCY JUDGE