# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 2344** |

**ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY BALCH & BINGHAM LLP AS
SPECIAL COUNSEL FOR CERTAIN ENVIRONMENTAL
MATTERS, EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 1, 2014**

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Balch & Bingham LLP ("Balch") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to October 1, 2014, all as more fully set forth in the Application, the Gidiere Declaration, and the Doré Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Gidiere Declaration, or the Doré Declaration, as applicable.

RLF1 10951826v.1

opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Gidiere Declaration, the Doré Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein, effective *nunc pro tunc* to October 1, 2014.

2. To the extent the Application, the Gidiere Declaration, the Doré Declaration, or the Engagement Letters, as amended, is inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized to retain and employ Balch as special counsel to represent the Debtors in connection with certain environmental matters, in accordance with the terms and conditions set forth in the Application and the Engagement Letters, as amended, attached to this Order as **Exhibit 1**.

4. Balch shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Balch is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letters.

6. Balch shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Balch also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Balch in these chapter 11 cases.

7.  Balch is authorized without further order of the Court to reserve and apply amounts from the retainer that Balch earned prepetition in accordance with the Retainer Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse Balch for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices. Balch shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses and any outstanding Excess Fees before the entry of an order approving any portion of Balch's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. Balch currently estimates that the remaining amount of the Retainer is approximately $274,905.93; that the Prepetition Fees and Expenses total approximately $218,219.05; and that the Excess Fees total approximately $234,652.80. In advance of the hearing on the First Interim Fee Application, Balch shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses and the Excess Fees. Thereafter, Balch shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to

3

the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

8. Balch shall seek all outstanding fees incurred as a Tier 1 OCP from the Petition Date through and including September 30, 2014 pursuant to the terms and procedures as set forth in the OCP Order.

9. Balch shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Balch to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. Balch shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the current rates set forth in the Application or the Engagement Letters, as amended, are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. The Debtors and Balch are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Notwithstanding any provision to the contrary in this Application, the Gidiere Declaration, the Doré Declaration, or the Engagement Letters, as amended, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: October _____, 2014
       Wilmington, Delaware

                                                                                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                                                                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1



**BALCH & BINGHAM** LLP

Alabama • Georgia • Mississippi • Washington, DC

Steven G. McKinney
(205) 226-3496

Attorneys and Counselors
1901 Sixth Avenue North, Suite 1500
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-4642
(205) 251-8100
(205) 226-8799 Fax
www.balch.com

(205) 488-5814 (direct fax)
smckinne@balch.com

May 21, 2010

**BY EMAIL:** bill.moore@luminant.com

Mr. William A. Moore
General Counsel
Luminant
500 N. Akard Street, 14th Floor
Dallas, TX  75201

Re:  **Texas Opacity Issues**

Dear Bill:

We are pleased to have the opportunity to assist Luminant Holding Company LLC regarding proposed revision of the Texas SIP rules on opacity. This letter is to outline the type of services we have been asked to provide and the basis upon which we will charge for those services. Based on our conversations so far, I believe we can provide the most valuable contribution to Luminant's team through an efficient combination of me, Stephen Gidiere and Alexia Borden.

Unless you request otherwise, our statements will be provided on a monthly basis and will be due within 30 days of receipt. Legal fees will be based on our standard hourly rates, which vary depending upon the level of experience of the attorney performing the work. My hourly rate is $455, Stephen's is $350 and Alexia's is $260. Charges for expenses and internal disbursements such as photocopying, long distance telephone, travel, etc., will be itemized at our standard charges and included with our monthly statement for services. We are fine with Luminant's Outside Legal Counsel Policy. In the event of a conflict between this letter and that policy, we acknowledge that the policy controls.

In the event you have any questions regarding any billing, we sincerely hope you will contact us promptly after receipt of our statement. If you would like or need any additional information regarding our fees and expenses, let me know.

As is appropriate in any professional relationship, you may terminate our engagement at any time upon reasonable notice and payment for services rendered prior to the effective date of termination. Likewise, we retain the right to terminate this engagement upon reasonable notice to you.

BALCH & BINGHAM LLP

Mr. William A. Moore
May 21, 2010
Page 2

    If the foregoing is acceptable, we would appreciate your signing a copy of this letter and returning it to us.

                                  Sincerely,

                                  Steven G. McKinney

SGM:kf

**LUMINANT HOLDING COMPANY LLC**

By: _____
    William A. Moore, General Counsel

Date: _____5/21/10_____

1100176.1

1901 Sixth Avenue North • Suite 1500 • P.O. Box 306 (35201) • Birmingham, AL 35203-4642   www.balch.com


& BINGHAM LLP

P. STEPHEN GIDIERE III
t:  (205) 226-8735
f:  (205) 488-5694
e:  sgidiere@balch.com

April 8, 2013

**Attorney-Client Privileged**
**Confidential**

**Federal Express and E-Mail**

Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, TX  75201
Attention:  Dan Kelly
Vice President and Associate General Counsel

      Re:    Advance Deposit Arrangement

Dear Dan:

      Energy Future Holdings Corp. ("EFH Corp.") has agreed to an advance deposit arrangement for services and reimbursable expenses from and after the date of this letter (the "Advance Deposit Arrangement").  Pursuant to the Advance Deposit Arrangement, EFH Corp. has agreed to advance the sum of $500,000 (the "Advance Payment") to Balch & Bingham LLP to ensure the payment by EFH Corp. of legal fees and expenses incurred in connection with Balch & Bingham's representation of EFH Corp. and its subsidiaries.  The Advance Payment will be placed on account and, from time to time, Balch & Bingham LLP may apply the Advance Payment against Balch & Bingham's fees and disbursements, which will be deemed to have been earned immediately upon such application.

      Balch & Bingham LLP will be entitled from time to time to apply the Advance Payment: (1) prior to the filing of a bankruptcy case by or against EFH Corp. or any of its subsidiaries, in payment of any then outstanding fees and expenses incurred through the day immediately preceding the filing of any such bankruptcy case by or against EFH Corp. or any of its subsidiaries, and (2) after the filing of a bankruptcy case by or against EFH Corp. or any of its subsidiaries, in payment of fees and expenses incurred by Balch & Bingham LLP to the extent authorized by the Bankruptcy Code.

      Balch & Bingham LLP reserves the right to request an additional advance payment if it appears that the original Advance Payment provided for herein will not be sufficient to ensure the payment by EFH Corp. of anticipated fees and expenses.

**Attorney-Client Privileged**
**Confidential**

**Federal Express and E-Mail**

Energy Future Holdings Corp.
April 8, 2013
Page 2

Sincerely,

P. Stephen Gidiere III

PSG:dp


Acknowledged and agreed:

Daniel Jude Kelly
Vice President & Associate General Counsel
Energy Future Holdings

1259922.1



1901 Sixth Avenue North • Suite 1500 • P.O. Box 306 (35201) • Birmingham, AL 35203-4642   www.balch.com

**BALCH & BINGHAM LLP**

P. STEPHEN GIDIERE III
T: (205) 226-8735
F: (205) 488-5694
E: sgidiere@balch.com

January 8, 2014

**Confidential Attorney-Client Privileged**

Stephanie Moore
General Counsel
Luminant Generation Co., LLC
1601 Bryan St., 22nd Floor
Dallas, Texas 75201

Dan Kelly
Associate General Counsel
Energy Future Holdings
Luminant Generation Co., LLC
1601 Bryan St., 41st floor
Dallas, Texas 75201

Dear Stephanie and Dan:

Thank you for the opportunity to serve Luminant and EFH in 2013. I am proud of our accomplishments together and look forward to our continued efforts in 2014 on behalf of the company.

With the turn of the year, I thought it would be appropriate to update our written engagement letter to better reflect the scope of the services we are providing today and anticipate in 2014. Our original engagement letter was executed in May 2010 and expressly mentions only the work related to the opacity claims and issues that were facing the companies at that time. Since that letter, the companies have expanded the scope of our representation to include additional Clean Air Act and environmental matters including: New Source Review (NSR) investigation and litigation in the Northern District of Texas; the Mercury and Air Toxics Standards (MATS) rule, including the litigation in the D.C. Circuit; the Cross-State Air Pollution Rule (CSPAR), including cases in the D.C. Circuit and U.S. Supreme Court; defense of the company in citizen suits brought by the Sierra Club in the Western and Eastern Districts of Texas; and the Regional Haze Rule, including litigation in the D.C. Circuit. Additionally, we provide on-going advice and counseling regarding compliance with the rules mentioned above and a variety of other Clean Air Act and Texas requirements and other environmental requirements as they arise.

ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | WASHINGTON DC

Confidential Attorney-Client Privileged

Stephanie Moore
Dan Kelly
January 7, 2014
Page 2

    Additionally, as you know, since 2010 we have adjusted our billing rates each year in consultation with you and with your written approval. Please find attached our proposed billing rates for 2014, as compared to the rates approved for 2013. In light of our ongoing relationship and challenges facing the companies in 2014, we have kept across-the-board increases to a minimum— on average around 3%. Please note that a few associates have experienced a step-change in our system, and their rates, in their new bracket, are more than 3% greater. Overall, I believe Balch & Bingham provides significant value and quality representation to the companies and will continue to do so in 2014.

    This letter is intended simply to confirm our engagement and its scope and not to change any of the other terms of our engagement, as established by the May 2010 letter and subsequent practice. It also is not intended to change the terms of the advance deposit arrangement we executed in 2013. Please let me know if you have any questions. You can indicate your approval by signing below.

Thank you,

P. Stephen Gidiere III

PSG:dc

AGREED TO THIS __8th__ DAY OF __January__, 20__14__

_____
Stephanie Moore
General Counsel

_____
Dan Kelly
Associate General Counsel

1321479.2

| Timekeeper | 2013 Rate | 2014 Rate | Percent Increase |
|---|---|---|---|
| Moore, C. Grady | $460 | $475 | 3.26% |
| Gidiere, P. Stephen | $450 | $470 | 4.44% |
| Allen, Leslie G. | $340 | $350 | 1.47% |
| Casey, Thomas L. | $330 | $350 | 6.06% |
| Tompkins, Jason | $330 | $335 | 1.51% |
| DeLawrence, Tom | $280 | $295 | 5.35% |
| Samuels, Mary | $280 | $285 | 1.78% |
| Mitchell, David | $245 | $260 | 6.12% |
| Runge, Patrick | $245 | $250 | 2.04% |
| Frizzell, Gretchen | $245 | $255 | 4.08% |
| Crawford, Emily | $225 | $235 | 4.44% |
| Simpson, Tal | $225 | $230 | 2.22% |
| Benschoter, Amy | $175 | $180 | 2.85% |
| Roberts, Lane | $165 | $170 | 3.03% |
| Watson, Clark | $495 | $495 | 0 |
| Corhern, Steven | $275 | $275 | 0 |

1321492.1