# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

ORDER APPROVING THE ASSUMPTION
OF CERTAIN UNEXPIRED LEASES BY AND AMONG
LUMINANT GENERATION COMPANY LLC, LUMINANT MINING
COMPANY LLC, SANDOW POWER COMPANY LLC, AND ALCOA INC.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtor Parties to assume the Alcoa Leases, pay any related cure amounts, and provide adequate assurance of future performance, all as set forth in the Motion and the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Stipulation was extensively negotiated in good faith and at arms' length by the Parties; and the Court having found that the Stipulation and the transactions

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 10957588v.1

contemplated therein are fair and reasonable; and the Court having found that the the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor Parties are authorized to assume the Alcoa Leases listed on **Exhibit 1** attached hereto, and the Alcoa Leases are hereby assumed pursuant to section 365 of the Bankruptcy Code.

3. Pursuant to section 365(b) of the Bankruptcy Code, the cure amount (if any) associated with each Alcoa Lease is hereby final as set forth on **Exhibit 1** attached hereto, and upon receipt and payment of such cure amounts, Alcoa shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interests, or other default penalties under the Alcoa Leases arising before the date of this Order.

4. The Debtor Parties have provided adequate assurance of future performance under the Alcoa Leases.

5. Notwithstanding anything to the contrary in this Order, nothing in this Order shall impose an obligation on any Debtor other than a Debtor Party.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts is authorized and directed to

receive, process, honor, and pay all such checks presented for payment and wire transfer requests made by the Debtors related to the Alcoa Leases, to the extent sufficient funds are on deposit in such accounts.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an admission by the Debtors that an Alcoa Lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a waiver or settlement of any claims with respect to the writedowns identified in those certain letters of John P. Holsinger of Alcoa to Tiffany L. Silvey of Luminant dated March 17, 2014 and Tiffany L. Silvey of Luminant to John P. Holsinger of Alcoa on January 16, 2014 and March 4, 2014 (the "Lignite Dispute"); (h) a waiver or settlement of any claims with respect to or arising from the lignite inventory described in the Lignite Inventory Agreement between Alcoa, Sandow Power, and Luminant Mining dated August 31, 2007; (i) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code other than the agreements listed on **Exhibit 1** annexed to **Exhibit A** attached hereto; (j) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (k) an admission that any of the Alcoa Leases are integrated.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

3

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtors and Alcoa are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Wilmington, Delaware  
Dated: _____, 2014

                                                _____  
                                                THE HONORABLE CHRISTOPHER S. SONTCHI  
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Alcoa Leases**

| Debtor Party(ies) | Alcoa Lease | Effective Date | Cure Amount |
|---|---|---|---|
| Luminant Generation; Sandow Power | Power Island Premises Lease | 6/30/09 | $0 |
| Sandow Power | Unit 5 Premises Lease | 8/28/07 | $0 |
| Sandow Power | Building 200 Lease | 1/31/09 | $0 |
| Sandow Power | Lignite Mining Lease | 8/31/07 | $16,495.60 |
| Luminant Mining | Mining Sublease | 8/31/07 | $0 |
| Sandow Power | CPS Lease Assignment | 8/31/07 | $0 |
| Sandow Power | Assignment of Coal and Lignite Leases | 8/31/07 | $0 |
| Sandow Power | Alcoa Coal Lease | 4/14/05 | $0 |
| Luminant Mining | Mining Premises Lease | 8/31/07 | $0 |
| Luminant Mining | Sandow Mine Corridor Lease | 8/31/07 | $0 |
| Luminant Mining | Non-Royalty Bearing Ground Lease | 8/31/07 | $0 |