# **Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER AUTHORIZING AND APPROVING SETTLEMENT PROCEDURES FOR SETTLING CERTAIN PREPETITION CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an Order authorizing and approving settlement procedures for settling certain prepetition claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the same meaning as in the Motion.

Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to settle claims and causes of action that arose before the Petition Date (the "De Minimis Claims") involving third parties (other than (a) "insiders," as defined in section 101(31) of the Bankruptcy Code, and (b) "governmental units," as defined in section 101(27) of the Bankruptcy Code, with respect to resolution or settlement of the Debtors' tax obligations) (the "Settling Parties") against the Debtors, or (b) the Debtors against the Settling Parties, as well as any cross-claims and counter-claims asserted against the Debtors by Settling Parties (or against the Settling Parties by the Debtors), where such claims are filed in a non-bankruptcy judicial, administrative, arbitral or other action or proceeding brought by or against the Debtors, in accordance with the following Settlement Procedures:

    (a) No settlement will be effective unless it is executed by an authorized representative of the Debtors.

    (b) With regard to De Minimis Claims asserted *against* the Debtors where the Settled Amount is less than or equal to $500,000:

        (i) A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors and shareholders; and

(ii) Such affected Debtor may, in its discretion, enter into, execute and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

(iii) Notwithstanding the foregoing provisions of this paragraph 2(b), if the Debtors are seeking to settle more than $500,000 in the aggregate with any Settling Party in a six-month period, the Debtors must comply with paragraph 2(d) of this Order.

(c) With regard to De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a single Settling Party where (i) the amount asserted in the De Minimis Claim, or if an amount is not asserted in the De Minimis Claim, a reasonable estimate of the value of the De Minimis Claim as asserted, determined by the Debtors in exercise of their business judgment (the "Asserted Amount"), does not exceed $500,000, or (ii) (a) the Settled Amount for a De Minimis Claim *by* the Debtors is 60% or more of the Asserted Amount, and (b) the Asserted Amount exceeds $500,000 but does not exceed $1 million:

(i) A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors and shareholders; and

(ii) Such affected Debtor may, in its discretion, enter into, execute and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

(d) With regard to (i) a De Minimis Claim asserted *against* the Debtors where the Settled Amount is greater than $500,000 but does not exceed $3 million, or (ii) a De Minimis Claim asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a single Settling Party (x) in an Asserted Amount that is greater than $500,000 but does not exceed $1 million, but where the Settled Amount is not 60% or more of the Asserted Amount, or (y) in an Asserted Amount that is greater than $1 million, but does not exceed $5 million:

(i) A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the

3

    judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors and shareholders, subject only to the noticing and objection procedures set forth herein;

(ii) The Debtors shall provide written notice by electronic mail of the material terms of the settlement of such De Minimis Claim or De Minimis Claims to (A) Roberta A. DeAngelis, the United States Trustee for Region 3, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn.: Richard L. Schepacarter, and U.S. Department of Justice, Office of the U.S. Trustee, U.S. Federal Building, 201 Varick Street, Room 1006, New York, NY 10014, Attn.: Andrea B. Schwartz; and on a confidential, "professional eyes only" basis to: (B) each affected Settling Party; (C) counsel to the Creditors' Committee: Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn.: Todd Goren and William Hildbold; (D) counsel to the ad hoc committee of TCEH first lien creditors: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn.: Jacob A. Adlerstein; (E) counsel to the Ad Hoc Group of TCEH Unsecured Noteholders: White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036, Attn: Harrison L. Denman; (F) counsel to the ad hoc committee of EFIH Unsecured Noteholders: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn.: Ira S. Dizengoff and Meredith A. Lahaie, and 1333 New Hampshire Avenue, NW, Washington, DC 20036, Attn.: Scott L. Alberino; and (G) counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates: Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, Attn.: Matthew M. Roose (collectively, the "Notice Parties") in substantially the form of the settlement notice (the "Settlement Notice"), attached hereto as **Exhibit 1**;

(iii) If, within fourteen (14) days after the date of service of the Settlement Notice, no written objection from any Notice Party is filed with this Court and served on counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Brian E. Schartz, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn.: Chad J. Husnick, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Daniel J. DeFranceschi and Jason M. Madron, such affected Debtor may, in its discretion, enter

                into, execute and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court; and

    (iv)    If any of the Notice Parties properly and timely object to any settlement in writing within fourteen (14) days after the date of service of the notice of such proposed settlement, and the Debtor, in its sole discretion, still desires to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

(e)    Any settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

(f)    On a bimonthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all settlements that the Debtors entered into during the previous two months pursuant to paragraph 2(b) and paragraph 2(c) of this Order. Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the Asserted Amount (if applicable), the types of De Minimis Claims asserted by each Settling Party, and the terms and amounts for which such De Minimis Claims were settled.

3.    The terms of this Order and the relief granted herein, and any settlement agreements entered into by the Debtors in accordance with this Order, shall be binding upon the Debtors, their bankruptcy estates, and any person or entity claiming, or who could claim, by, through or on behalf of such Debtor or estate (including, without limitation, any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7). The terms of this Order and any settlement agreements entered into pursuant to this Order shall survive entry of any order converting the Debtors' cases under chapter 11 to chapter 7 or dismissing the cases.

4.    For the avoidance of doubt, under the Settlement Procedures, the Debtors are authorized, but not directed, to fully and finally waive and release claims against Settling Parties,

creditors and third parties to the extent provided by such settlement and authorized pursuant to this Order.

5. Notwithstanding anything herein to the contrary, or any prepetition policy, internal arrangement, or agreement among the Debtors, including any allocation methodologies contained in such policies, arrangements, or agreements, nothing in this Order shall be deemed a waiver of any party in interest's right to subsequently dispute the allocation of any Settled Amount received or paid pursuant to this Order among the Debtors.

6. Notwithstanding anything herein to the contrary, nothing in this Order shall allow the Debtors to settle or compromise any claims for which the Court has entered an order authorizing another party to assert such claim on behalf of any single Debtor or all of the Debtors.

7. Nothing in this Order shall affect the authority granted to the Debtors to settle a claim or cause of action pursuant to a separate order of the Court.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Wilmington, Delaware
Dated: _____, 2014

                                                   _____
                                                   THE HONORABLE CHRISTOPHER S. SONTCHI
                                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Proposed Settlement Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**NOTICE OF SETTLEMENT**

**PLEASE TAKE NOTICE** that, on April 29, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Order Authorizing and Approving Settlement Procedures For Settling Certain Prepetition Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* [Docket No. __] the ("Settlement Procedures Order"), whereby the Court authorized the Debtors to settle certain prepetition claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (collectively, the "De Minimis Claims").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Procedures Order, the Debtors propose to settle the De Minimis Claim(s) as set forth and described on **Exhibit A** attached hereto.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Order, any recipient of this notice may object to the proposed settlement within fourteen (14) calendar days of service of this notice. Objections must: (i) **be in writing**; (ii) **be received within fourteen (14) calendar days of service of this notice** (the "Objection Deadline"); and (iii) be submitted by mail or facsimile to counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Brian E. Schartz, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn.: Chad J. Husnick, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn.: Daniel J. DeFranceschi and Jason M. Madron, (212) 446-4900 (facsimile). **If you file a written objection with the Court by the Objection Deadline, the Debtors may only settle the De Minimis Claim(s) upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the settlement of such De Minimis Claim(s).**

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.