# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., | § | (Jointly Administered) |
| *et al.,* | § | |
| *Debtors*, | § | Hearing Date: November 20, 2014 at 12:00 noon |
| | § | Obj. Deadline: November 13, 2014 at 4:00 p.m. |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C §362

Miguel Oliveras Caraballo (the "Movant") hereby files this *Motion for Relief from Automatic Stay under 11 U.SC. § 362* (the "Motion") and in support thereof, respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(2)(G). Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On October 29, 2013 Movant filed a complaint in the 193rd Judicial District for Dallas County, Texas (the "Texas State Court"), Cause No. DC-13-13001; styled *Miguel Caraballo v. Luminant Energy Company, LLC and Energy Future Holdings Corp.* (the "State Court Litigation"), against Energy Future Holdings Corp. and Luminant Energy Company, LLC (collectively, the "Defendant Debtors"). Movant's injuries, losses and damages resulted from an electrocution and fall at the Martin Lake Power Plant which was owned, operated and/or managed by Defendant Debtors. Movant alleges that Defendant Debtors' negligence proximately caused these injuries to Movant.

3. On April 29, 2014, Defendant Debtors and certain other subsidiaries and affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code, §§ 101, *et seq.* (the "Bankruptcy Code").

4. On April 30, 2014, Defendant Debtors filed their Suggestion of Bankruptcy in the Texas State Court, automatically staying Movant's claims against them.

5. In addition, Defendant Debtors identified via their responses to written discovery an additional necessary Defendant, Luminant Generation Company, LLC ("LGC"), which is also a debtor in this bankruptcy proceeding. However, Movant did not have an opportunity to join LGC as a Defendant in the State Court Litigation prior to the bankruptcy filing and the implementation of the automatic stay.

6. Based upon information and belief, at the time of the incidents in question, and at all times material thereto, Defendant Debtors and/or LGC maintained general liability and/or excess insurance policies which insured Defendant Debtors and covered incidents such as are described herein.

7. It is believed that Defendant Debtors and/or LGC have primary and/or excess insurance providing full indemnity to the Defendant Debtors and/or LGC for any liability arising from all claims made by the Movant.

### RELIEF REQUESTED

8. Movant respectfully requests that this Court enter an order pursuant to section 362(d) of the Bankruptcy Code, modifying the automatic stay for the limited purpose of continuing the State Court Litigation against Defendant Debtors and LGC, which Movant intends to join as a Defendant in the State Court Litigation once the stay is

lifted, to adjudicate Defendant Debtors' and LGC's liability in connection with the injuries and damages sustained by Movant, solely to the extent that insurance proceeds are available. In the event no such proceeds are available, Movant reserves the right to file a proof of claim as to the underlying claims against Defendant Debtors and LGC.

9. As a condition of the relief requested, Movant agrees to limit any recovery efforts against Defendant Debtors and LGC to the funds available for indemnity of the Defendant Debtors and LGC which is provided by any available and unencumbered primary and excess coverage, to the extent such coverage exists. Movant waives any further claims against the Defendant Debtors' and LGC's estates, in excess of the amount available insurance.

10. In the event no such coverage exists, Movant reserves the right to file a proof of claim as to the underlying claims against Defendant Debtors and LGC.

## BASIS FOR RELIEF

11. As a general rule, the filing of a bankruptcy petition operates to stay litigation involving pre-petition claims against the debtor. *See* 11 U.S.C. § 362(a)(1). However, the automatic stay can be lifted, so long as an interested party can demonstrate "cause". 11 U.S.C §362(d)(1).

12. Although "cause" is not defined in the bankruptcy code the bankruptcy courts have given meaning to the term based on a three prong test for determining whether a stay should be lifted. The three factors are:

- Whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit;

- Whether the hardship to the movant by the continuation of the automatic stay outweighs the hardship of the debtor; and

- Whether the creditor has probability of success on the merits.

*In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also Intl'l Bus. Machine v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.,)*, 938 F.2nd 731, 735 (7th Cir. 1991); *Heathfirst v. Martha Washington Hospital*¸157 B.R. 392, 395 (N.D. Ill, 1993); *In re Brock Laundry Machine Company*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); *In re Robertson*, 244 B.R. 880 (Bankr. N.D. Ga. 2000).

13. Such cause has been found to exist to permit litigation in another forum in order to liquidate a personal injury claim. *See In re Rexene Products Co.*, 141 B.R. at 576 (noting that the legislative history of section 362(d) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed … in another tribunal."); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 (Bankr. S.D.N.Y. 1990) (citing liquidation of a personal injury claim as "cause" for relief); *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505 (7th Cir. 1982) (affirming lift of stay by Bankruptcy Court to allow personal injury suit against debtor to proceed to judgment).

### A. Lack of Prejudice to Debtors and Estate

14. Courts have routinely found that good cause exists for lifting an automatic stay as to litigation against a debtor which has insurance coverage to cover a judgment rendered in the underlying lawsuit. Courts have come to this conclusion based upon the rationale that the litigation against the debtor has no connection and would not interfere with the pending bankruptcy case. *See Foust v. Munson S.S. Lines* 299 U.S. 77, 87-88, 57 Ct. 90, 81 L.Ed 49 (1936) (Supreme Court concluded that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since the claimant

was only interested in establishing liability under insurance policy and because the reorganization proceeding would not be adversely affected); *In re Fernstrom Storage and Van Co.*, 938 F.2d at 736 (court affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum reasoning that the "debtors […] suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties or guarantors"); *Holtkamp v. Littlefield*, 699 F.2d at 508 (stay lifted to allow civil action to go forward since bankruptcy estate was not jeopardized, as insurer assumed full financial responsibility for defending litigation); *In re Robertson* 244 B.R. 880 (B.R. N.D.Ga.2000) (court lifted stay on state court tort claim involving a motor vehicle accident where the debtor was insured).

15.    The Court should lift the automatic stay to permit the continuation of the State Court Case and to allow the prosecution of Movant's claims since no great prejudice to either the Debtors or the bankruptcy estate would result from the aforementioned request.

### B. Hardship to Movant Outweighs the Hardship to Debtors

16.    In deciding whether or not Movant will be prejudiced if not allowed to litigate his state court tort actions, the Court cannot ignore the simple economics of the situation. *See In re Robertson* 244 B.R. at 883. Here, Movant seeks a money judgment because he has suffered harm as a direct result of Defendant Debtors' and/or LGC's negligent acts and/or omissions. To the extent that Movant obtains a judgment, he will look solely to the Defendant Debtors' and/or LGC's insurers to satisfy it. *See Id.* Allowing Movant's State Court Case to move forward would not grant him a superior

position over other creditors, or have any impact on such other creditors because, to the extent the claim amount exceeds policy limits, Movant agrees to waive any excess claim. Further, to the extent there are no insurance proceeds, the end result will only be a liquidated unsecured claim against the Defendant Debtors and LGC. There is no impact on the Debtors, their estates, or on the administration of the bankruptcy proceedings should the Movant obtain a judgment from the Texas State Court.

17. Unlike Movant, whose claims will be greatly prejudiced if the stay is not lifted, Defendant Debtors and LGC are not faced with any pending financial burden as a result of the injuries suffered by Movant. The only parties that stand to benefit financially if the stay is not lifted are Debtors' insurers. The Court should lift the automatic stay with respect to Movant's underlying lawsuit as the hardship to Movant outweighs any hardship claimed by the Debtors and doing otherwise would deny Movant the opportunity to timely litigate his claims.

### C. Movants Will Likely Prevail in State Court

18. In this case, Movant was injured as the direct and proximate result of Defendant Debtors' and LGC's collective acts and/or omissions. With respect to the Defendant Debtors and LGC, it is clear that their negligent conduct created the severe injuries levied upon Movant. Defendant Debtors' and LGC's acts and/or omissions proximately caused Movant's injuries and damages.

19. The available information indicates that Movant will likely prevail on the merits with respect to liability, causation and damages as to Defendant Debtors and LGC.

20. Cause exists to lift the automatic stay allowing Movant to continue with his State Court Case since a jury trial had been requested, discovery is ongoing and all

issues are based entirely on state law. Moreover, the Bankruptcy Court has limited jurisdiction as to personal injury claims. The Court should lift the automatic stay with respect to Movant's underlying lawsuit.

## **NO PRIOR RELIEF REQUESTED**

21. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Movant respectfully requests that this Court enter an order, substantially in the proposed form attached hereto, granting the relief requested herein and granting such other and further relief to which the Court deems just and proper.

Respectfully submitted,

Date: October 24, 2014         **GOLDSTEIN & MCCLINTOCK LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
1201 N. Orange Street, Suite 7380
Wilmington, DE 19801
Telephone: (302) 444-6710
Fax: (302) 444-6709
marias@restructuringshop.com

*Counsel for Miguel Oliveras Caraballo*