IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 2344 |

**ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY BALCH & BINGHAM LLP AS
SPECIAL COUNSEL FOR CERTAIN ENVIRONMENTAL
MATTERS, EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 1, 2014**

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Balch & Bingham LLP ("Balch") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to October 1, 2014, all as more fully set forth in the Application, the Gidiere Declaration, and the Doré Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Gidiere Declaration, or the Doré Declaration, as applicable.

RLF1 10951826v.1

opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Gidiere Declaration, the Doré Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein, effective *nunc pro tunc* to October 1, 2014.

2. To the extent the Application, the Gidiere Declaration, the Doré Declaration, or the Engagement Letters, as amended, is inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized to retain and employ Balch as special counsel to represent the Debtors in connection with certain environmental matters, in accordance with the terms and conditions set forth in the Application and the Engagement Letters, as amended, attached to this Order as **Exhibit 1**.

4. Balch shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Balch is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letters.

6. Balch shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

2

Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Balch also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Balch in these chapter 11 cases.

7. Balch is authorized without further order of the Court to reserve and apply amounts from the retainer that Balch earned prepetition in accordance with the Retainer Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse Balch for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices. Balch shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses and any outstanding Excess Fees before the entry of an order approving any portion of Balch's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. Balch currently estimates that the remaining amount of the Retainer is approximately $274,905.93; that the Prepetition Fees and Expenses total approximately $218,219.05; and that the Excess Fees total approximately $234,652.80. In advance of the hearing on the First Interim Fee Application, Balch shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses and the Excess Fees. Thereafter, Balch shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to

3

the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

8. Balch shall seek all outstanding fees incurred as a Tier 1 OCP from the Petition Date through and including September 30, 2014 pursuant to the terms and procedures as set forth in the OCP Order.

9. Balch shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Balch to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. Balch shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the current rates set forth in the Application or the Engagement Letters, as amended, are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. The Debtors and Balch are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

RLF1 10951826v.1

13. Notwithstanding any provision to the contrary in this Application, the Gidiere Declaration, the Doré Declaration, or the Engagement Letters, as amended, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: October 27, 2014
       Wilmington, Delaware

                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                      UNITED STATES BANKRUPTCY JUDGE