## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

### ORDER APPROVING THE DEBTORS'
### AGREEMENT TO CERTAIN TAX ADJUSTMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") approving the Debtors' agreement with the IRS to certain tax adjustments under a regular agreed Revenue Agent Report for the 2007 tax year, as set forth in the executed IRS forms attached to the Motion (the "RAR"), and all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein, and the RAR is approved.

2. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) to bind the Debtors to a settlement of or agreement to any tax claim against their estates or otherwise impede the Debtors' rights to object to any tax claim; (b) an admission as to the validity of any other claim against a Debtor entity; (c) a waiver of the Debtors' rights to dispute any claim on any grounds; (d) a promise or requirement to pay any claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (f) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

3. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7. This Order will not bind the United States, including the Joint Committee on Taxation, to a settlement of or agreement to any tax claim against the Debtors' estates.

Wilmington, Delaware
Dated: __10/27__, 2014

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE