# Exhibit B

RLF1 10965456v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: D.I. 1793, 1794, 1795, 1967, 2305, 2306, 2310, 2316, 2321 & 2322 |

**ORDER AUTHORIZING THE DEBTORS
TO (A) PAY CERTAIN PREPETITION AMOUNTS ON
ACCOUNT OF THE INSIDER COMPENSATION PROGRAMS
AND (B) CONTINUE THE INSIDER COMPENSATION PROGRAMS
ON A POSTPETITION BASIS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to: (a) pay certain prepetition amounts owed under the Debtors' Insider Compensation Programs and (b) continue the Insider Compensation Programs in the ordinary course of business on a postpetition basis, all as more fully set forth in the Motion; and upon the First Day Declaration, the Friske Declaration, and the Filsinger Declaration; and the U.S. Trustee having filed an objection (the "Objection") to the Motion; and the U.S. Trustee having filed in support of the Objection, the Panacio Declaration (and supplements thereto) and the Schwartz Declaration; and the Court having found that it has jurisdiction over this matter pursuant to

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and in the Objection.

28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having overruled the Objection of the U.S. Trustee and having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having issued its ruling on the Motion orally from the bench at the conclusion of the trial on October 15, 2014; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Upon coming due, the Debtors are authorized to pay all outstanding prepetition amounts accrued for employment during or prior to 2014 and amounts that will accrue solely for employment during 2014, as applicable, on account of the Insider Compensation Programs, other than the Luminant Commercial Incentive Plan, as requested in the Motion.

3. Notwithstanding anything herein to the contrary, or any prepetition policy, internal arrangement, or agreement among the Debtors, including any allocation methodologies contained in such policies, arrangements, or agreements, nothing in this Order shall be deemed a

waiver of any party in interest's right to subsequently dispute the allocation of payments made pursuant to this Order among the Debtors.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                           THE HONORABLE CHRISTOPHER S. SONTCHI
                                           UNITED STATES BANKRUPTCY JUDGE