**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** § | |
| § | **Chapter 11** |
| **ENERGY FUTURE HOLDINGS** § | |
| **CORP., et al.,**[1] § | **CASE NO. 14-10979 (CSS)** |
| § | |
| Debtors. § | **Jointly Administered** |

**MOTION OF PALLAS REALTY ADVISORS, INC. FOR ENTRY OF AN
ORDER EXTENDING THE DEADLINE TO FILE PROOF OF
CLAIM, OR ALTERNATIVELY ALLOWING LATE-FILED PROOF OF CLAIM**

Pallas Realty Advisors, Inc. ("Pallas") hereby files this its Motion for Entry of an Order Extending the Deadline to File Proof of Claim, or Alternatively Allowing Late Filed Proof of Claim (the "Motion") in the above-referenced Chapter 11 bankruptcy case of Debtors, Energy Future Holdings Corp. and TXU Energy Retail Company, Inc. (collectively "EFH" or "Debtors"), and would respectfully show the Court the following:

### I.    JURISDICTION

1.   This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

2.   Determination of this Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

### II.    RELEVANT BACKGROUND

3.   On or about March 13, 2013, TXU Energy Retail Company, LLC ("TERC") sued Pallas in the 116th Judicial District Court of Dallas County Texas (the "Pallas Litigation"). Pallas counterclaimed for various causes of action and theories, based on the fact that TERC

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**MOTION OF PALLAS REALTY ADVISORS, INC. FOR ENTRY OF AN ORDER ENTEDING THE
DEADLINF TO FILE PROOF OF CLAIM, OR IN THE ALTERNATIVE ALLOW LATE FILED PROOF
OF CLAIM – Pg. 1**

improperly (i) charged and collected from Pallas excessive charges for the sale of electricity at rates in excess of the promised fixed rate of $.099738 per kWh; charged, received and collected improper sales taxes on residential electricity service; charged, received and collected improper and usurious late payment penalties when Pallas had a credit balance, after application of all credits, assets and payments arising out of the excessive and improper charges, thereby charging and receiving more than twice the amount of authorized interest, and charged and collected improper "pass-through" charges not agreed to in the agreement between the parties. The Pallas Litigation is listed and disclosed in TERC's Statement of Financial Affairs [Docket No. 1383] filed in this case.

4. On April 29, 2014, Debtors filed voluntary petitions for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

5. On August 18, 2014, the Court entered its Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of an Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (c) Approving Notice Thereof (the "Bar Date Order") [Docket No. 1866]. The Bar Date Order provides *inter alia* that all entities holding claims that arise in connection with the Debtor must file their claims such that they are *received* by October 27, 2014 at 5:00 p.m. (EST).

6. Pallas mailed its proof of claim, a copy of which is attached hereto as **Exhibit A**, overnight to the Debtor's claims and noticing agent and it was received on October 28, 2014.

### III.    ARGUMENT AND ANALYSIS

7. Debtors will not be prejudiced by extending the deadline one day to allow Pallas' proof of claim. Federal Rule of Bankruptcy Procedure Rule 9006(b)(1) provides:

> (b) Enlargement
> (1) *In general*. Except as provided in paragraphs (2) and (2) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by notice given thereunder or by order of court, the court for cause show many at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion after the expiration of the specified period permit the act to be done where the failure was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Cause exists because the Debtors will not be prejudiced by a one day extension of the Bar Date. First, the Debtor knew of the Pallas Litigation and the counterclaims listed therein and listed the litigation in its Statement of Financial Affairs. Thus, Pallas filing a proof of claim should come as no surprise to the Debtors. Second, presumably it will take the claims and noticing agent a small amount of time, greater than one day, to collect, file and prepare the claims register of claims for the various jointly administered cases. Consequently, the one day delay in receiving Pallas' proof of claim will not prejudice the Debtors.

Alternatively, the Court should allow the late filing of the Pallas proof of claim because the late-filing was the result of excusable neglect. In *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship* the Supreme Court stated that in order to resolve what sorts of excusable neglect are excusable, the "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "(1) the danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." 507 U.S. 380, 395 (1993). The Supreme Court made clear in *Pioneer* that excusable neglect was, in its view "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at 391. Instead, it

found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness" even though "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Id.* at 388, 392. Courts have generally held that the prejudice to the opposing party is the most critical consideration. *See In re Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993); *In re White Motor Corp.*, 59 B.R. 286, 289 (Bankr. N.D. Ohio 1986).

As noted above, the Debtors will not be prejudiced by the one day delay in the filing of the Pallas proof of claim. Similarly, Pallas' proof of claim will not delay any proceedings because, as noted above, presumably it will take the claims and noticing agent a short period of time to upload all of the claims and prepare the various claims registers. Pallas is acting in good faith with regard to its proof of clam and is merely asserting the counterclaims it alleged in the Pallas Litigation that the Debtors initiated. Finally, the sole reason for the delay is Pallas' inability to file the claim electronically. Pallas is based in Dallas and did not realize until the deadline that claims must be <u>mailed</u> to the claims and noticing agent such that they are *received* by the deadline. "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness…" *Pioneer*, 507 U.S. at 388. Because the Debtors will not be prejudiced, allowing the filing of the Pallas proof of claim to be filed one day late will not delay any proceedings and Pallas is proceeding in good faith, the Court should allow the Pallas proof of claim to be filed after the October 27, 2014 deadline.

WHEREFORE PREMISES CONSIDERED, Pallas respectfully requests that the Court enter an order (i) extending the deadline for filing proofs of claim to allow Pallas to file the

**MOTION OF PALLAS REALTY ADVISORS, INC. FOR ENTRY OF AN ORDER ENTEDING THE DEADLINF TO FILE PROOF OF CLAIM, OR IN THE ALTERNATIVE ALLOW LATE FILED PROOF OF CLAIM – Pg. 4**

attached proof of claim, or alternatively, to allow the Pallas proof of claim to be filed late, and

(ii) grant such other and further relief as Pallas may show itself justly and equitably entitled.

| | |
|---|---|
| Dated: October 28, 2014 | /s/ Gerrit M. Pronske<br>Gerrit M. Pronske<br>Texas Bar No. 16351640<br>Jason P. Kathman<br>Texas Bar No. 24070036<br>**PRONSKE GOOLSBY**<br>**& KATHMAN, P.C.**<br>2200 Ross Avenue, Suite 5350<br>Dallas, Texas 75201<br>Telephone: 214.658.6500<br>Facsimile: 214.658.6509<br>Email: gpronske@pgkpc.com<br>Email: jkathman@pgkpc.com<br><br>Counsel for<br>Pallas Realty Advisors, Inc. |

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on October 27, 2014, I attempted to confer with Tyler Semmelman, counsel for the Debtors, regarding the relief requested herein, but at the time of filing I had not heard what the Debtor's position was regarding the relief sought herein.

/s/ Gerrit M. Pronske
Gerrit M. Pronske

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 28, 2014, I served the attached pleading on each of the parties listed on the attached service lists via first class mail and via the Court's electronic transmission facilities where applicable.

/s/ Gerrit M. Pronske
Gerrit M. Pronske