# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                               |   |                           |
|-----------------------------------------------|---|---------------------------|
| In re:                                        | ) | Chapter 11                |
|                                               | ) |                           |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]    | ) | Case No. 14-10979 (CSS)   |
|                                               | ) |                           |
| Debtors.                                      | ) | (Jointly Administered)    |
|                                               | ) |                           |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN
### AND EMPLOY DELOITTE & TOUCHE LLP AS INDEPENDENT
### AUDITOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of order (this "Order"), authorizing the Debtors to retain and employ Deloitte & Touche LLP ("Deloitte & Touche") as independent auditor, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, the Stokx Declaration, and the *Supplemental Declaration of Randy Stokx in Support of the Application of Energy Future Holdings Corp.*, et al.*, for Entry of an Order Authorizing the Debtors to Employ and Retain Deloitte & Touche LLP as Independent Auditor Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2580] (the "Supplemental Stokx Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Stokx Declaration, and the Supplemental Stokx Declaration, as applicable.

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Stokx Declaration, the Supplemental Stokx Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent provided herein, effective *nunc pro tunc* to the Petition Date.

2.      To the extent the Application, the Stokx Declaration, the Supplemental Stokx Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3.      The Debtors are authorized pursuant to sections 327(a) of the Bankruptcy Code to employ and retain Deloitte & Touche as independent auditor in accordance with the terms and conditions set forth in the Application (as modified herein) and in the Engagement Letters attached to the Application as **Exhibit C**, subject to the terms of this Order.

4.      Deloitte & Touche shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.    The Engagement Letters shall be deemed modified as follows with respect to services performed thereunder after the Petition Date and prior to the effective date of any plan of reorganization of the Debtors:

  a. The language in paragraph 1 of the General Business Terms Appendix (Appendix D or Appendix F, as applicable) to the Engagement Letters shall be deemed deleted and replaced with the following:

Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte & Touche in respect of the services provided under the engagement letter. It is understood and agreed that Deloitte & Touche is an independent contractor and that Deloitte & Touche is not, and will not be considered to be, an agent, partner, or representative of the Company or the Audit Committee.

  b. The language in the "Dispute Resolution" paragraph of the General Business Terms Appendix (paragraph 6 of Appendix D or paragraph 7 of Appendix F, as applicable) to the Engagement Letters shall be deemed deleted and replaced with the following:

Any Dispute (as defined below) arising out of or relating to services performed under this engagement letter after the commencement of a bankruptcy case by the Company and prior to the effective date of (a) a plan of reorganization of the Company or (b) a court order dismissing the Company's chapter 11 case or cases (the "Effective Date") shall be brought in the Bankruptcy Court (or the District Court (each as defined below), if such District Court withdraws the reference to the Bankruptcy Court). All other Disputes, including, without limitation, Disputes arising out of or relating to services performed after the Effective Date and Disputes over which the Bankruptcy Court (or the District Court) does not have, retain or exercise jurisdiction, shall be resolved by mediation or binding arbitration as set forth in the Dispute Resolution Provision attached hereto as the immediately following appendix and made a part hereof (the "Dispute Resolution Provision"). The parties each hereby irrevocably waive, to the fullest extent permitted by law, all rights to trial by jury in any Dispute. Except with respect to the interpretation and enforcement of the arbitration procedures set forth in the Dispute Resolution Provision (which shall be governed by the Federal Arbitration Act), the laws of the State of Texas (without giving effect to its choice of law principles) shall apply in arbitration or any other forum in connection with any Dispute. The foregoing shall be binding up on the parties and any and all of their respective permitted successors and assigns. This paragraph and the Dispute Resolution Provision shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence), or otherwise.

For purpose of the foregoing, (a) "Dispute" shall mean any controversy or claim between the parties arising out of or relating to the engagement letter, including its appendices, or this engagement, (b) "Bankruptcy Court" shall mean the United States Bankruptcy Court

for the District of Delaware and (b) "District Court" shall mean the United States District Court of which the Bankruptcy Court constitutes a unit.

        c.     The language in Dispute Resolution Provision Appendix (Appendix E or Appendix G, as applicable) to the Engagement Letters shall be deemed deleted and replaced with the following:

This Dispute Resolution Provision sets forth the dispute resolution process and procedures applicable to the resolution of certain Disputes as set forth in the immediately preceding appendix.

All Disputes not heard by the Bankruptcy Court or the District Court as set forth in the immediately preceding appendix shall be first submitted to nonbinding confidential mediation by written notice to the parties, and shall be treated as compromise and settlement negotiations under the standards set forth in the Federal Rules of Evidence and all applicable state counterparts, together with any applicable statutes protecting the confidentiality of mediations or settlement discussions. If the parties cannot agree on a mediator, the International Institute for Conflict Prevention and Resolution ("CPR"), at the written request of a party, shall designate a mediator.

If a Dispute has not been resolved within 90 days after the effective date of the written notice beginning the mediation process (or such longer period, if the parties so agree in writing), the mediation shall terminate and the Dispute shall be settled by binding arbitration to be held in Dallas, Texas. The arbitration shall be solely between the parties and shall be conducted in accordance with the CPR Rules for Non-Administered Arbitration that are in effect at the time of the commencement of the arbitration, except to the extent modified by this Dispute Resolution Provision (the "Rules").

The arbitration shall be conducted before a panel of three arbitrators. Each of the Company and Deloitte & Touche LLP shall designate one arbitrator in accordance with the "screened" appointment procedure provided in the Rules and the two party-designated arbitrators shall jointly select the third in accordance with the Rules. No arbitrator may serve on the panel unless he or she has agreed in writing to enforce the terms of the engagement letter (including its appendices) to which this Dispute Resolution Provision is attached and to abide by the terms of this Dispute Resolution Provision. The arbitrators may render a summary disposition relative to all or some of the issues, provided that the responding party has had an adequate opportunity to respond to any such application for such disposition. Discovery shall be conducted in accordance with the Rules.

All aspects of the arbitration shall be treated as confidential, as provided in the Rules. Before making any disclosure permitted by the Rules, a party shall give written notice to all other parties and afford such parties a reasonable opportunity to protect their interests. Further, judgment on the arbitrators' award may be entered in any court having jurisdiction.

6.      For the avoidance of doubt, any dispute relating to the services provided by Deloitte & Touche shall be referred to arbitration consistent with the terms set forth above only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

7.      Deloitte & Touche will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that Deloitte & Touche shall be compensated in accordance with the terms of the Engagement Letters and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

8.      Deloitte & Touche is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

9.      Pursuant to the terms of the Engagement Letter, Deloitte & Touche is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Deloitte & Touche's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee; *provided*

*however*, that Deloitte & Touche shall not seek reimbursement for any services provided by Deloitte & Touche's counsel to the Debtors; *provided further*, that Deloitte & Touche may only seek reimbursement for services in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further*, that Deloitte & Touche shall submit the invoices of Deloitte & Touche's counsel together with any application seeking allowance of reimbursement for the fees, disbursements, and other charges of its counsel.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    Notwithstanding any provisions to the contrary in this Application, the Stokx Declaration, the Supplemental Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

                                        _____
                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE