**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 1866, 2128, 2129 & 2130** |

<u>**SUPPLEMENTAL AFFIDAVIT OF SERVICE**</u>

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK   )

CHRISTINA SIGUENZA, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  I caused to be served:

    a)  the "Notice of Deadlines for the Filing of Non-Customer Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code," filed on August 18, 2014, related to Docket No. 1866, a sample of which is annexed hereto as <u>Exhibit A</u>, (the "Bar Date Notice"), and

    b)  a "Proof of Claim Form" a sample of which is annexed hereto as <u>Exhibit B</u>, (the "POC"),

    by causing true and correct copies of the:

    i.  Bar Date Notice and POC, personalized to include the name and address of the creditor and the debtor, amount, nature and classification of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit C</u>, on September 26, 2014,

---

1  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

ii.   Bar Date Notice and POC, personalized to include the name and address of the creditor and the debtor, amount, nature and classification of the scheduled claim, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit D</u>, on September 27, 2014, and

iii.  Bar Date Notice and POC, personalized to include the name and address of the creditor, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit E</u>, on September 27, 2014.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Christina Siguenza

Sworn to before me this
1st day of October, 2014

Notary Public

CAROL IRIS ZHANG
Notary Public, State of New York
No. 01ZH6284996
Qualified in Kings County
Commission Expires July 01, 2017

-2-

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEADLINES FOR THE FILING OF
## NON-CUSTOMER PROOFS OF CLAIM, INCLUDING REQUESTS FOR
## PAYMENT PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |
| EFH FS Holdings Company | 14-11004 (CSS) |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |
| TXU Receivables Company | 14-11007 (CSS) |

RLF1 10722450v.1

| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**PLEASE TAKE NOTICE THAT:**

On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On August 18, 2014 the Court entered an order [D.I. 1866] the ("Bar Date Order")[2] establishing certain dates by which parties holding certain prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.[3]

For your convenience, enclosed with this notice (this "Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]   Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order"), the Court established October 27, 2014, as the date by which customer claims must be filed. The General Bar Date of October 27, 2014, falls on the same date as the Customer Claims Bar Date. Nothing in the Bar Date Order will affect the Customer Claims Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order will continue to apply to customer claims.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar date for filing proofs of claim in these chapter 11 cases.

(a)    ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities, including governmental units, holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date (*i.e.*, by October 27, 2014 at 5:00 p.m., prevailing Eastern Time)** (the "General Bar Date").  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims, as well as, without limitation, claims held by governmental units against the Debtors.

(b)    ***The Amended Schedules Bar Date***.  The Bar Date Order establishes **the later of (i) the General Bar Date, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days from the date on which the Debtors provide notice of an amendment to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such amendment must file Proofs of Claim with respect to such claim.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file proofs of claim on or before the General Bar Date or any other bar date set forth in the Bar Date Order, as applicable:

(a)    any entity whose claim against a Debtor is **not** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b)    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c)    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(d)    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

4

### III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM BY THE GENERAL BAR DATE

Certain parties are not required to file proofs of claim by the General Bar Date.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the General Bar Date need **not** file proofs of claims by the General Bar Date:

(a)    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    any entity whose claim has previously been allowed by order of the Court (for the avoidance of doubt, nothing in the Bar Date Order shall modify the relief granted pursuant to any other order of the Court or require any lender or agent under the EFIH First Lien DIP Facility or the TCEH DIP Facility to file a proof of claim);

(d)    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, including the claims of Settling EFIH First Lien Note Holders as defined and paid in accordance with the *Order Approving EFIH First Lien Settlement* [D.I. 858], entered by the Court on June 6, 2014;

(e)    any Debtor having a claim against another Debtor;

(f)    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)    any entity whose claim (a "Debt Claim") is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); *provided*, *however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"); (ii) the Indenture Trustee under a Debt Instrument may file one proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date on account of all Debt Claims arising in connection with a Debt Instrument which single claim shall be deemed to be asserted by the Indenture Trustee against every Debtor that is liable for the Debt Claim (regardless of whether such liability is fixed, contingent, matured, unmatured, full, or partial) under the Debt Instrument as primary obligor, guarantor, or otherwise; *provided*, that such claim sets forth in reasonable detail, the basis and amount of the claim asserted against each Debtor, and (iii)

5

any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument other than a Debt Claim will be required to file a proof of claim, unless another exception herein applies;

(h)    the First Lien Credit Agent, the First Lien Notes Trustee or any of the Prepetition First Lien Creditors (each as defined in the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [D.I. 855]) shall not be required to file any proof of claim with respect to any of the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order) or any obligations arising under the Final Cash Collateral Order, all of which shall be due and payable in accordance with the Prepetition First Lien Documents (as defined in the Final Cash Collateral Order) or the Final Cash Collateral Order, as applicable, without the necessity of filing any such proof of claim, and the failure to file any such proof of claim shall not affect the validity or enforceability of any of the Prepetition First Lien Documents, the Final Cash Collateral Order or the Prepetition First Lien Obligations, or prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order, *provided*, that solely in the event that the First Lien Credit Agent or the First Lien Notes Trustee files a proof of claim (a) the First Lien credit Agent or the First Lien Notes Trustee (each, an "Agent") shall be authorized, but not directed, to file on behalf of itself and each applicable Prepetition First Lien Creditor a single proof of claim on account of the applicable Prepetition First Lien Creditors' claims under the Prepetition First Lien Documents prior to the General Bar Date, (b) such single proof of claim shall be deemed to have been filed by such Agent and by each such Prepetition First Lien Creditor against all Debtor(s) liable under such Prepetition First Lien Documents and (c) if an Agent files a proof of claim, (i) it shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in such proof of claim; and (ii) any Prepetition First Lien Creditor that asserts a claim against a Debtor that does not arise under or relate to the applicable Prepetition First Lien Document shall be required to file a proof of claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies, *provided*, *further*, that for the avoidance of doubt, the filing of any proof of claim or amendment of such proof of claim against any Debtor by the First Lien Credit Agent, the First Lien Notes Trustee or any other Prepetition First Lien Creditor shall not in any way prejudice or otherwise adversely affect the Prepetition First Lien Creditors' rights, remedies, powers, or privileges under the Prepetition First Lien Documents or the Final Cash Collateral Order.

(i)    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for benefits not provided for pursuant to an order of this Court,

wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(j)     any entity holding a claim for which a separate deadline is or has been fixed by this Court;

(k)     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided*, *however*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

(l)     any entity holding a claim relating to asbestos that is not a property damage claim or a claim for contractual or common law indemnification or contribution.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)     ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)     ***Section 503(b)(9) Claim***.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)     ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(d)     ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(e)     ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(f)     ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(g)     ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the applicable Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

(h)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a)    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

(b)    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c)    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d)    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    AMENDMENTS TO THE DEBTORS' SCHEDULES

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file proofs of claim with respect to such claim.

## VII.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you

9

will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.    ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to:   Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

10

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

# PROOF OF CLAIM

**COURT USE ONLY**

Name of Debtor:                    Case Number:

**NOTE: Do not use this form to make a claim for an administrative expense that arises <u>after</u> the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.**

Name and address where notices should be sent:

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**

(*If known*)    _____

Filed on:    _____

Telephone number:        Email:

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above) :

**COURT USE ONLY**

Telephone number:        Email:

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**1.    Amount of Claim as of Date Case Filed:**    $ _____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑    Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.    Basis for Claim:** _____
     (See instruction #2)

**3.    Last four digits of any number by which creditor identifies debtor:** ____ ____ ____ ____
     **3a. Debtor may have scheduled account as:** _____
     (See instruction #3a)

**4.    Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❑ Real Estate    ❑ Motor Vehicle    ❑ Other

**Describe:** _____

**Value of Property:** $_____

**Annual Interest Rate _____%** ❑ Fixed  or  ❑ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**    $_____

**Amount Unsecured:**    $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____    (See instruction #6)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.    Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8 and definition of "***redacted***".)*
DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9.    Signature:** (See instruction #9)    Check the appropriate box:
❑ I am the creditor.    ❑ I am the creditor's authorized agent.    ❑ I am the trustee, or the debtor, or their    ❑ I am a guarantor, surety, indorser, or other codebtor.
           (Attached a copy of power of attorney, if any.)    authorized agent. (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____        (Signature) _____
Company: _____                Telephone number: _____
                    (Date)            Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

**Energy Future Holdings Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**Grand Central Station, P.O. Box 4613**
**New York, NY 10163-4613**

**If by Hand Delivery or Overnight Mail:**

**Energy Future Holdings Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**EXHIBIT C**

| Claim Name | Address Information |
|---|---|
| NORTH AMERICAN TIE & TIMBER LLC | ATTN: BITSY ANDERSON, ACCOUNTANT 6406 B N SANTAFE OKLAHOMA CITY OK 73116 |

**Total Creditor count  1**

| Claim Name | Address Information |
|---|---|
| ADELLE W MIMS TESTEMENTARY TRUST | C/O JOE SHUMATE PO BOX 1915 HENDERSON TX 75653 |
| ANNETT SOLLEY ESTATE | IND. EXECUTOR OF ESTATE 607 S 9TH ST TEAGUE TX 75860 |
| DEALERS ELECTRICAL SUPPLY | P O BOX 7578 FT WORTH TX 76111 |
| EPSILON DATA MANAGEMENT LLC | 4401 REGENT BOULEVARD IRVING TX 75063 |
| FORGE GROUP NORTH AMERICA, LLC | 4000 TOWN CENTER BLVD. SUITE 200 CANONSBURG PA 15317 |
| GENERATOR AND MOTOR SERVICES, LLC | 601 BRADDOCK AVENUE TURTLE CREEK PA 15145 |
| GSC ENTERPRISES INC | 128 JEFFERSON STREET SULPHUR SPINGS TX 75483 |
| INTERTEK | 600 WEST CALIFORNIA AVE. SUNNYVALE CA 94086 |
| SAULSBURY INDUSTRIES | 2951 E. INTERSTATE 20 ODESSA TX 79766 |
| SOLIDATE CONTROLS INC | 875 DEARBORN DRIVE COLUMBUS OH 43085 |
| STATE COMPTROLLER PUBLIC | FOR MAE HUNTER PO BOX 12019 AUSTIN TX 78711 |
| STATE COMPTROLLER PUBLIC | FRED & CARRIE SIMPSON PO BOX 12019 AUSTIN TX 78711 |
| T B POINDEXTER ESTATE | IND EXEC OF ESTATE PO BOX 278 WORTHAM TX 76693 |
| THE REYNOLDS COMPANY | P O BOX 547 IRVING TX 75060 |
| THE WILLIAM ONCKEN CORPORATION | 21603 ASHFORD GROVE KATY TX 77450 |
| WALDON H ORR ESTATE | OIL, GAS & MINERALS ADMIN. PO BOX 41779 AUSTIN TX 78704 |
| WILLIAM S DRAKE | MILLICENT ANNE CRAWFORD 1421 WEST MCGEE SHERMAN TX 75092 |
| WILMA GRACE CLAWSON | ATTORNEY-IN-FACT RT 3 BOX 132 NEW BOSTON TX 75570 |
| WILSON | WILSON INDUSTRIAL DIVISION 2405 STATE HWY 135 KILGORE TX 75662 |
| WILSON COMPANY | 16301 ADDISON RD DALLAS TX 75248 |

**Total Creditor count  20**

**EXHIBIT D**

| Claim Name | Address Information |
| --- | --- |
| 3M | PO BOX 844190 DALLAS TX 75284-4190 |
| AIRFLOW SCIENCES CORPORATION | 12190 HUBBARD ST LIVONIA MI 48150-1737 |
| ALICE V QUINN | ADDRESS ON FILE |
| ALIMAK HEK INC | P.O. BOX 120226 DEPT 0226 DALLAS TX 75312 |
| ALLIANCE GEOTECHNICAL GROUP | OF AUSTIN INC 200 MUSTANG COVE TAYLOR TX 76574 |
| AMERITEK PLANT SERVICES LLC | PO BOX 203047 HOUSTON TX 77216-3047 |
| AMISTCO SEPARATION PRODUCTS INC | LOCKBOX 677205 PO BOX 677205 DALLAS TX 75267-7205 |
| AMY SMITH | 13831 NORTHLAKE DR HOUSTON TX 77049 |
| ANDERSON CLAUDIE MAE | 1464 MARIPOSA AVE RICHMOND CA 94804 |
| AUTOMATIC SYSTEMS INC | PO BOX 870900 KANSAS CITY MO 64187-0900 |
| BARTON THERESA E | C/O BLOSSOM HOME CARE 3709 COYE OAK DRIVE MODESTO CA 95355 |
| BERNICE PENNEY | ADDRESS ON FILE |
| BILLIE R. EDWARDS | ADDRESS ON FILE |
| BILLY JOE NOLAN | C/O  DWIGHT L NOLAN 1342 S ORANGE DR LOS ANGELES CA 90019 |
| BLAKE H BAILEY | ADDRESS ON FILE |
| BLOOMBERG BNA | BOOK DIVISION PO BOX 7814 EDISON NJ 08818-7814 |
| BOBBY J. OWINGS | ADDRESS ON FILE |
| BOCA GROUP CENTRAL LLC | 200 PARK AVE NEW YORK NY 10166 |
| BRENDA SUE MOORE | ADDRESS ON FILE |
| BRIAN DICKIE | 22 DAWSON PLACE LONDON. WIGTOWNSHIRE W2 4TJ UNITED KINGDOM |
| BRIAN DICKIE | 22 DAWSON PLACE LONDON. WIGTOWNSHIRE W2 4TJ UNITED KINGDOM |
| BRONICE BARRON WILLIAMS | ADDRESS ON FILE |
| BRYAN SOX | 455 RIVERBAND DR JASPER TN 37347 |
| C D WILLIAMS ESTATE | ADDRESS ON FILE |
| C H FENTON ESTATE AND | ADDRESS ON FILE |
| C W CLEMENTS | C/O SUSAN J SPOHR 633 MOUNTAIN VIEW ST ALTADENA CA 91001-4922 |
| CAREMARK PCS HEALTH LLC | 2211 SANDERS ROAD 10TH FLOOR NORTHBROOK IL 60062 |
| CARL EDWIN NEWSOME | ADDRESS ON FILE |
| CARL EDWIN NEWSOME | ADDRESS ON FILE |
| CENTRAL TEXAS WORKFORCE | DEVELOPMENT BOARD INC PO BOX 450 200 NORTH MAIN BELTON TX 76513-0450 |
| CENTRAL TEXAS WORKFORCE | DEVELOPMENT BOARD INC PO BOX 450 200 NORTH MAIN BELTON TX 76513-0450 |
| CHARLES & CAROLYN HAGEN | ADDRESS ON FILE |
| CHARLES E ADKINS AND | ADDRESS ON FILE |
| CHARLES E WIMBERLEY | ADDRESS ON FILE |
| CINTAS CORP | PO BOX 740855 CINCINNATI OH 45274-0855 |
| CINTAS CORP | PO BOX 740855 CINCINNATI OH 45274-0855 |
| CINTAS CORP | PO BOX 740855 CINCINNATI OH 45274-0855 |
| CINTAS CORP | PO BOX 740855 CINCINNATI OH 45274-0855 |
| CINTAS CORP | PO BOX 740855 CINCINNATI OH 45274-0855 |
| CLARK PAULINE | 7043 STATE HWY 32 #5 ORLAND CA 95963 |
| CLAUDIE MAE ANDERSON | ADDRESS ON FILE |
| CLEO M WRIGHT | ADDRESS ON FILE |
| CN FLAGG, STONE & WEBSTER, JACK CLARKSON | JOHN P BELL&SONS CARRIER CORP & TRAVELERS ,C/O LAW OFCS OF CHARLES WALKER,300 WINDSOR ST HARTFORD CT 06120 |
| CODY, BILLY REX | RT 7 BOX 35A MT PLEASANT TX 75455 |
| CONG DO | 5035 N 131ST DR KANSAS CITY KS 66109 |
| CONNERS CONSTRUCTION CO INC | 2513 US HWY 77 LOTT TX 76656 |
| CSC ENGINEERING & ENVIRONMENTAL | P.O. BOX 4359 BRYAN TX 77805 |
| CURTIS HUMPHREY | 6333 HIDDEN TRL DALLAS TX 75241-5925 |

| Claim Name | Address Information |
| --- | --- |
| DAIRY DINER CORP | PO BOX 37 MADISONVILLE TX 77864 |
| DANIEL K GRAY | ADDRESS ON FILE |
| DAPHA SANDERS GRUBB | ADDRESS ON FILE |
| DAWN PIZZILLO, INDIVIDUALLY & AS HEIR | ADDRESS ON FILE |
| DEBORAH ROBINSON DIXON | ADDRESS ON FILE |
| DELANO TEXAS LP | 13155 NOEL RD SUITE 825 DALLAS TX 75240 |
| DELLA FAYE COURTNEY ESTATE | ADDRESS ON FILE |
| DELORAS ANN SANDERS WRIGHT | 582 TOM WOODLEY RD MARSHALL TX 75672 |
| DELORES HOBBS | 1810 SEVILLA BLVD NO. 210 ATLANTIC BEACH FL 32233 |
| DELORES HOBBS | 1810 SEVILLA BLVD NO. 210 ATLANTIC BEACH FL 32233 |
| DELORES HOBBS | 1810 SEVILLA BLVD NO. 210 ATLANTIC BEACH FL 32233 |
| DENNARD & TODD OVERHEAD DOOR | PO BOX 11037 ODESSA TX 79760 |
| DNOW LP | PO BOX 200822 DALLAS TX 75320-0822 |
| DONNA MARIE NOLAN | 1342 SOUTH ORANGE DR LOS ANGELES CA 90019 |
| DOROTHY JEAN JONES | ADDRESS ON FILE |
| DOUGLAS GETERS IV | ADDRESS ON FILE |
| DUECKER RUBBER SERVICE INC | P O BOX 35163 HOUSTON TX 77235 |
| DURHAM, WILLIS L | 413 FOREST LN GUN BARREL CITY TX 75147 |
| DUST CONTROL TECHNOLOGY INC | 1607 W CHANUTE RD PEORIA IL 61615 |
| DUTCHER-PHIPPS | CRANE & RIGGING CO P O BOX 910 MONAHANS TX 79756 |
| DWIGHT CHRISTOPHER NOLAN | 1342 SOUTH ORANGE DR LOS ANGELES CA 90019 |
| EDWARD & CHRISTINE TAUBE | ADDRESS ON FILE |
| ELEARNING BROTHERS CUSTOM LLC | 1304 N REDWOOD RD STE 178 SARATOGA SPRINGS UT 84045 |
| ELIRIA NOLAN | 1342 SOUTH ORANGE DR LOS ANGELES CA 90019 |
| ELISEO BANDA | ADDRESS ON FILE |
| ELIZABETH PARKE | ADDRESS ON FILE |
| ELMER E. BROOKS & LILLIE | 202 COUNTY ROAD 2092 COMMERCE TX 75428 |
| ESTATE OF CLIFTON K FLEMING | ADDRESS ON FILE |
| ESTATE OF JOHN L CAPISTRAN | 300 LCR 729 THORNTON TX 76687 |
| EXTREME REACH | 75 SECOND AVE STE 720 NEEDHAM MA 02494 |
| FACILITY SOLUTIONS GROUP | PO BOX 952143 DALLAS TX 75395-2143 |
| FAUSKE & ASSOCIATES LLC | PO BOX 534774 ATLANTA GA 30353-4774 |
| FLANDERS ELECTRIC LTD | P.O. BOX 97 WHITE OAK TX 75693 |
| FLORA L THOMPSON ESTATE | PERRY THOMPSON JR IND EXECUTOR PO BOX 132479 TYLER TX 75654-2479 |
| FLORENCE HAJEK | ADDRESS ON FILE |
| FLOYD DENSON PENNEY | SUZANNE JOHNSON 352 CLEARSPRING RD SHELL KNOB MO 65747 |
| FORGE GROUP | 4000 TOWN CENTER BLVD. SUITE 200 CANONSBURG PA 15317 |
| FORSYTHE SOLUTIONS GROUP INC | PO BOX 809024 CHICAGO IL 60680-9024 |
| FORT WORTH COWTOWN MARATHON | PO BOX 11565 FORT WORTH TX 76110 |
| FRANKLIN MARGRETTA CUMMINGS | 12272 EPSILON ST. GARDEN GROVE CA 92840 |
| FREIDA JOY BOAZE | ADDRESS ON FILE |
| FRISCO CONSTRUCTION SERVICES | 6991 MAIN STREET FRISCO TX 75034 |
| G&K SERVICES | PO BOX 677057 DALLAS TX 75267 |
| G&K SERVICES | PO BOX 677057 DALLAS TX 75267 |
| G&K SERVICES | PO BOX 677057 DALLAS TX 75267 |
| G&K SERVICES | PO BOX 830483 SAN ANTONIO TX 78283-0483 |
| G&K SERVICES | PO BOX 830483 SAN ANTONIO TX 78283-0483 |
| GAIL FORSYTH | ADDRESS ON FILE |
| GEAR CLEANING SOLUTIONS LLC | PO BOX 678044 DALLAS TX 75267-8044 |

| Claim Name | Address Information |
|---|---|
| GEAR CLEANING SOLUTIONS LLC | PO BOX 678044 DALLAS TX 75267-8044 |
| GEORGE KOKORUDA | 116 HUNTER PASS WAXAHACHIE TX 75165 |
| GEORGE PRIDMORE | ADDRESS ON FILE |
| GLENN A PERRY | PO BOX 2909 LONGVIEW TX 75606-2909 |
| GLORIA J SHERMAN | ADDRESS ON FILE |
| GRACE STANDARD % CARL STANDARD | ADDRESS ON FILE |
| GREEN'S CUSTOM SERVICES | PO BOX 44 BREMOND TX 76629 |
| HALL-MARK FIRE APPARATUS | TEXAS LLC 10315 VETERANS MEMORIAL DR HOUSTON TX 77038 |
| HARLINGEN AREA BUILDERS | ASSOCIATION PO BOX 2935 HARLINGEN TX 78551 |
| HASKELL JOSEPH SANDERS | ADDRESS ON FILE |
| HAZEL GREEN | 3509 HOLDER ST FT WORTH TX 76118 |
| HEADWATERS RESOURCES INC | PO BOX 843922 DALLAS TX 75284-3922 |
| HENRY D BURNS MANAGER FOR | ADDRESS ON FILE |
| HIGH PLAINS RADIOLOGY | PO BOX 3780 AMARILLO TX 79116 |
| HILLDRUP COMPANIES | PO BOX 669 STAFFORD VA 22555-0669 |
| HOLT CAT | P.O. BOX 911975 DALLAS TX 75391-1975 |
| HOUSTON PATRICIA SOUTHWAY LTD | 2522 PATRICIA MANOR PLACE HOUSTON TX 77012 |
| HURST METALLURGICAL RESEARCH | LABORATORY INC 2111 WEST EULESS ROAD EULESS TX 76040-6707 |
| INDUSTRIAL FIRE EQUIPMENT | C/O MAZON ASSOCIATES, INC P.O. BOX 166858 IRVING TX 75016 |
| INDUSTRIAL LUBRICANT COMPANY | P.O. BOX 70 GRAND RAPIDS MN 55744 |
| J W GEARY JR | ADDRESS ON FILE |
| JACK HOUSTON | ADDRESS ON FILE |
| JACKSON NATIONAL LIFE INSURANCE | COMPANY FBO LEONARD FRASE RPS CONTARCT  699000644 PO BOX 1147 JACKSONVILLE IL 62651 |
| JAKE DEAN PHOTOGRAPHY | 8325 LONDONDERRY LN DALLAS TX 75228 |
| JAMES BURRELL C/O MARY WALLACE | ADDRESS ON FILE |
| JAMES N CHAMBERS | PO BOX 127 HUNTSVILLE TX 77342-0127 |
| JAMES RANDALL LUMMUS | ADDRESS ON FILE |
| JANET SUE ANDERSON | ADDRESS ON FILE |
| JANICE MARIE JEFFERIES | ADDRESS ON FILE |
| JEANETTE DAVIS TALLANT | ADDRESS ON FILE |
| JERRY CHRISTINE SANDERS JARNAGIN | ADDRESS ON FILE |
| JOAN M BECHTEL | PO BOX 50338 MIDLAND TX 79710-0338 |
| JOE JACK DAVIS | ADDRESS ON FILE |
| JOE KEITH THOMAS ESTATE | ADDRESS ON FILE |
| JOHN E WILLIAMS | ADDRESS ON FILE |
| JOHNNY RAY INGRAM | ADDRESS ON FILE |
| JOY LAVERN PEEBLES AND | ADDRESS ON FILE |
| JOYCE CRANE | ADDRESS ON FILE |
| JOYCE EDNA SANDERS LUMPKIN | ADDRESS ON FILE |
| JUANITA DAVIS | ADDRESS ON FILE |
| JUBILEE OIL SERVICE | PO BOX 29116 SHREVEPORT LA 71149-9116 |
| JUBILEE OIL SERVICE | PO BOX 29116 SHREVEPORT LA 71149-9116 |
| JUBILEE OIL SERVICE | PO BOX 29116 SHREVEPORT LA 71149-9116 |
| KAY CAROLYN SANDERS BRISTOW | ADDRESS ON FILE |
| KAYCEE YARBROUGH AND JAMES YARBROUGH | ADDRESS ON FILE |
| KEITH EUGENE ROE | ADDRESS ON FILE |
| KENDALL WAYNE SANDERS | ADDRESS ON FILE |
| KENNETH DEWAYNE ROGERS | 12560 STINSON RD DIANA TX 75640-2603 |

| Claim Name | Address Information |
| --- | --- |
| KIMBERLY BREVARD REYNOLDS | ADDRESS ON FILE |
| KRYSTAL WOOD | 3637 TIMBERGLEN RD APT 2215 DALLAS TX 75287 |
| KUBITZA UTILITIES | 4314 ELK RD WACO TX 76705-5013 |
| L F B MINTER TRUSTEE OF ADELLE W | ADDRESS ON FILE |
| LABORATORY QUALITY SERVICES INTL | P.O. BOX 641127 PITTSBURGH PA 15264 |
| LASCA BECK | 107 DIANE LN MT PLEASANT TX 75455-8401 |
| LINDA ARLENE SANDERS GRIMES | 11512 SOUTHERLAND DRIVE DENTON TX 76207 |
| LINDA GENOLA | 7296 COUNTY ROAD 4837 LARUE TX 75770 |
| MARGIE L BURDICK | 6409 SHADOW LANE DALLAS TX 75236 |
| MARILYN ALEXANDER SIMS | ADDRESS ON FILE |
| MARILYN K WARREN | ADDRESS ON FILE |
| MARTHA KIRKPATRICK | 12105 AMBASSADOR DR APT 505 COLORADO SPRINGS CO 80921-3629 |
| MAXINE CUMMINGS | ADDRESS ON FILE |
| MICHAEL GLENN ADAMS | ADDRESS ON FILE |
| MORGAN E LANDMANN ROSE | 11929 RANCHITO ST EL MONTE CA 91732-1619 |
| NATIONAL BUSINESS FURNITURE-ATL | 1819 PEACHTREE RD NE STE 520 ATLANTA GA 30309 |
| NOLAN & MILDRED CARPENTER | 5288 HWY 11 W PITTSBURG TX 75686 |
| NORTH AMERICAN TIE & TIMBER LLC | PO BOX 960016 OKLAHOMA CITY OK 73193-0016 |
| O W GARRETSON | ADDRESS ON FILE |
| O'NEAL BRIGHTWELL | ADDRESS ON FILE |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OFFICE OF SURFACE MINING | RECLAMATION & ENFORCEMENT PO BOX 979068 ST LOUIS MO 63197-9000 |
| OWENSBY & KRITIKOS INC | SUBSIDIARY OF VERSA INTEGRITY GROUP INC PO BOX 1217 GRETNA LA 70054-1217 |
| PAMELA BROUSSARD | ADDRESS ON FILE |
| PATRICIA WRIGHT | 262 PRIVATE ROAD 5483 MEXIA TX 76667 |
| PAULA HOUSTON ROBINSON | 8506 LINE FERRY RD TEXARKANA AR 71854-0503 |
| PERRY THOMPSON | ADDRESS ON FILE |
| POLAR TECHNOLOGY | 214 OVERLOOK CIR STE 270 BRENTWOOD TN 37027 |
| RADARSIGN LLC | 1095 WINDWARD RIDGE PKWY STE 150 ALPHARETTA GA 30005 |
| RAILROAD COMMISSION OF TEXAS | 1701 N. CONGRESS AUSTIN TX 78701 |
| RAILROAD COMMISSION OF TEXAS | 1701 N. CONGRESS AUSTIN TX 78701 |
| RAYFORD TAYLOR | ADDRESS ON FILE |
| RAYNALDO PARTIDA | 1124 HIDDEN LAKE DR BURLESON TX 76028-6061 |
| REINHAUSEN MANUFACTURING INC | 2549 N 9TH AVE HUMBOLDT TN 38343 |
| RELIABILITY CENTER INC | PO BOX 1421 HOPEWELL VA 23860 |
| RICHARD WEIGN BREVARD | 241 COUNTY ROAD 212 BECKVILLE TX 75631 |
| RICHARD Y MONAGHAN | ADDRESS ON FILE |
| ROBERT DAN ADAMS, JR., INDIV & AS HEIR | ADDRESS ON FILE |
| ROBERT DAN ADAMS, SR., INDIV & AS HEIR | ADDRESS ON FILE |
| RON GILBERT | 8027 BEECH PARK LN HOUSTON TX 77083 |
| ROYCE & KATHRYN WALTON | ADDRESS ON FILE |
| RUBY PELHAM ESTATE | C/O BOBBY RAY PELHAM 150 HUMMINGBIRD RD STONEWALL LA 71078 |
| SANDLIN MOTORS, INC | P.O. BOX 32 MOUNT PLEASANT TX 75456 |
| SARAH MCBRIDE | ADDRESS ON FILE |
| SEALY, E.R. | 710 CLARANCE ST APT B TOMBALL TX 77375 |

| Claim Name | Address Information |
| --- | --- |
| SEATINGZONE.COM | 36 BRANCH AVE PROVIDENCE RI 02904 |
| SELF SERVE FIXTURE COMPANY, INC. | CHARLES ABERG,VP,GENL.COUNSEL PO BOX 541988 DALLAS TX 75354 |
| SELF SERVE FIXTURE COMPANY, INC. | CHARLES ABERG,VP,GENL.COUNSEL PO BOX 541988 DALLAS TX 75354 |
| SELIA TRIMBEL SHAWKEY | ADDRESS ON FILE |
| SHARON ANN SANDERS BECKNER | 2810 POPLAR ST MARSHALL TX 75672 |
| SHELBY JEAN STEGALL | ADDRESS ON FILE |
| SIEMENS RAIL AUTOMATION CORP | DEPT 3498 CAROL STREAM IL 60132-3498 |
| SMITH J W | 1111 DEATON ST JACKSONVILLE TX 75766 |
| STORER SERVICES | PO BOX 6761 SHREVEPORT LA 71136-6761 |
| SUE BELLE LUDWIG | ADDRESS ON FILE |
| SWESCO INC | PO BOX 1141 WHITE OAK TX 75693-6141 |
| TARA A GEE | ADDRESS ON FILE |
| TARRANT COUNTY WCID | (FOR FOREST GROVE LOCATION) 800 E. NORTHSIDE DR. FT WORTH TX 76120 |
| TAWNA KJERA | 509 10TH STREET GOLDEN CO 80401 |
| TELEDYNE INSTRUMENTS INC | 12497 COLLECTIONS CENTER DR CHICAGO IL 60693 |
| TERRY AUTRY | ADDRESS ON FILE |
| TERRY AUTRY | ADDRESS ON FILE |
| TERRY AUTRY | ADDRESS ON FILE |
| TEXAS A&M ENGINEERING EXPERIMENT | STATION SPONSORED RESEARCH SERV 400 HARVEY MITCHELL PKY S STE 300 COLLEGE STATION TX 77845-4375 |
| TEXAS AIR HYDRAULIC | PO BOX 2785 LONGVIEW TX 75606 |
| TEXAS BAY PLANTATION HOUSE LP | 2625 HUDNALL ST DALLAS TX 75235-8201 |
| THEOPHILUS BARRON SR | #30 BURGESS CT MARIN CITY CA 94965 |
| THEOPHILUS BARRON SR ESTATE | ADDRESS ON FILE |
| THERMO PROCESS INSTRUMENTS LP | PO BOX 742770 ATLANTA GA 30374-2770 |
| THURSTON GAYLON SANDERS | RT 1 BOX 419 HESSER LN LONGVIEW TX 75602 |
| TRANSMISSION AND DISTRIBUTION SERVICES | 218 ELKS POINT RD STE 306 ZEPHYR COVE NV 89448 |
| TRC COMPANIES INC | PO BOX 200390 PITTSBURG PA 15251-0390 |
| TRINITY RIVER AUTHORITY OF TEXAS | PO BOX 60 ARLINGTON TX 76004 |
| TRUMAN NICHOLAS | 201 JOHNSON DRIVE HENDERSON TX 75654 |
| UNIVERSAL VACUUM SERVICES | 1602 S MARKET ST HEARNE TX 77859 |
| UNIVERSITY OF TENNESSEE, THE | 309 CONFERENCE CTR BLDG KNOXVILLE TN 37996-4133 |
| US ARMY CORPS OF ENGINEERS | PO BOX 17300 FORT WORTH TX 76102 |
| VERITEXT | PO BOX 71303 CHICAGO IL 60694-1303 |
| VERIZON WIRELESS | PO BOX 408 NEWARK NJ 07101-0408 |
| VERNICE E ANDERSON III | ADDRESS ON FILE |
| VERSIE WISE | 20483 BLUESTEM PKWY LYNWOOD IL 60411-8546 |
| VICTORIA MECHANICAL SERVICES INC | PO BOX 2236 VICTORIA TX 77902-2236 |
| VIRGIL L BAW JR | ADDRESS ON FILE |
| VOLIAN ENTERPRISES INC | P O BOX 410 MURRYSVILLE PA 15668 |
| WALTON, ROYCE & KATHRYN | 208 CR 2415 MT PLEASANT TX 75455 |
| WCR INCORPORATED | 221 CRANE STREET DAYTON OH 45403 |
| WELLS FARGO RAIL CAR | ONE O'HARE CENTER 6250 RIVER ROAD, SUITE 5000 ROSEMONT IL 60018 |
| WHITNEY SMITH CO | 301 COMMERCE ST STE 1950 FORT WORTH TX 76102 |
| WILLIS L DURHAM | ADDRESS ON FILE |
| WORKPLACE SOLUTIONS | 2651 NORTH HARWOOD ST STE 300 DALLAS TX 75201 |

| Claim Name | Address Information |
| --- | --- |

**Total Creditor count  239**

**EXHIBIT E**

| Claim Name | Address Information |
|---|---|
| ANDREA WOOD | ADDRESS ON FILE |
| AXURE SOFTWARE SOLUTIONS, INC. | 311 FOURTH AVENUE, STE 617 SAN DIEGO CA 92101 |
| BEVERLY PEREZ DOWDLE | C/O LANDRY & SWARR LLC ATTN FRANK J SWARR 1010 COMMON ST, SUITE 2050 NEW ORLEANS LA 70112 |
| BEVERLY PEREZ DOWDLE | C/O LANDRY & SWARR LLC ATTN PHILIP HOFFMAN 1010 COMMON ST, SUITE 2050 NEW ORLEANS LA 70112 |
| BEVERLY PEREZ DOWDLE | C/O LANDRY & SWARR LLC ATTN MICKEY P LANDRY 1010 COMMON ST, SUITE 2050 NEW ORLEANS LA 70112 |
| BLUE CROSS AND BLUE SHIELD OF TEXAS | 1001 E. LOOKOUT DRIVE RICHARDSON TX 75082 |
| CHEMTRADE CHEMICALS CORPORATION | 155 GORDON BAKER ROAD, SUITE 300 TORONTO ON 2H 3N5 CANADA |
| COGNOS CORPORATION | 15 WAYSIDE ROAD BURLINGTON MA 01803-5164 |
| CORNER FOOD MART | C/O GAVIN N LEWIS 1612 RAVENWOOD COURT ALEDO TX 76008 |
| DALLAS SERIES OF LOCKTON COMPANIES, LLC | 2100 ROSS AVE STE 1200 DALLAS TX 75201 |
| EPSILON POWER FUNDING, LLC | ADDRESS ON FILE |
| EQUATERRA, INC. | 3 RIVERWAY STE 1290 HOUSTON TX 77056 |
| FILE & SERVE XPRESS | 105 DECKER COURT, SUITE 1100 IRVING TX 75062 |
| HILTI NORTH AMERICA | ATTN JUNE CRAIG 5400 S 122ND E AVE TULSA OK 74146 |
| INNOVATE MEDIA GROUP, LLC | 65 ENTERPRISE #300 ALISO VIEJO CA 92656 |
| INTEC COMMUNICATIONS, LLC | 1207 S WHITE CHAPEL BLVD STE 200 SOUTHLAKE TX 76092 |
| JAVELIN ENERGY, LLC | ADDRESS ON FILE |
| MARKETFORCE CORPORATION | ADDRESS ON FILE |
| MICHAEL KENN TATE | C/O TANNER AND ASSOCIATES, PC ATTN ROD TANNER 6300 RIDGLEA PLACE, SUITE 407 FORT WORTH TX 76116 |
| MICHAEL KENN TATE | C/O TANNER AND ASSOCIATES, PC ATTN JOSHUA KERSEY 6300 RIDGLEA PLACE, SUITE 407 FORT WORTH TX 76116 |
| MICHAEL KENN TATE | C/O TANNER AND ASSOCIATES, PC ATTN MATT PIERCE 6300 RIDGLEA PLACE, SUITE 407 FORT WORTH TX 76116 |
| ONE SOURCE VIRTUAL HR, INC | 5601 N. MACARTHUR BLVD., SUITE 100 IRVING TX 75038 |
| PINNACLE WEST CORPORATION | P.O. BOX 53999, MAIL STA. 8602 PHOENIX AZ 85072-3999 |
| POWERWAVE TECH, | C/O MCCARTER & ENGLISH LLP ATN JEFFREY T TESTA&C A STANZIALE JR 4 GATEWAY CTR; 100 MULBERRY ST NEWARK NJ 07102 |
| ROBERT DALE FORSYTH | C/O SHRADER & ASSOCIATES LLP ATTN ALLYSON A ROMANI 22A GINGER CREEK PARKWAY GLEN CARBON IL 62034 |
| ROBERT DALE FORSYTH | C/O SHRADER & ASSOCIATES LLP ATTN MATTHEW B MCLEOD 22A GINGER CREEK PARKWAY GLEN CARBON IL 62034 |
| SPIGIT, INC. | 311 RAY ST PLEASANTON CA 94566 |
| TBEY & ASSOCIATES | 2300 VALLEY VIEW LN  STE 332 IRVING TX 75062 |
| TOMMY GLEN GRACE JR. | ADDRESS ON FILE |
| TPG GLOBAL, LLC | 301 COMMERCE STREET, SUITE 3300 FORT WORTH TX 76102 |
| UNIFIED LOGIC, INC. | 3650 131ST AVE SE #11 BELLEVUE WA 98006 |
| VOLIAN ENTERPRISES INC | 122 KERR RD NEW KENSINGTON PA 15068 |
| WEBSENSE, INC. | 10900 STONELAKE BLVD 3RD FL AUSTIN TX 78759 |
| WEST, A THOMSON REUTERS BUSINESS | 610 OPPERMAN DRIVE EAGAN MN 55123 |
| WIZNUCLEUS, INC. | 200 PARK AVE STE 1700 NEW YORK NY 10017 |

```
Total Creditor count  35
```