## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Hearing Date: November 20, 2014 at 12:00 p.m.** |
|  | ) **Objection Deadline: November 13, 2014 at 4:00 p.m** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR
## WAIVER OF CERTAIN REQUIREMENTS OF LOCAL BANKRUPTCY RULE 3007-1

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), waiving certain requirements of rule 3007-1 of the Local Bankruptcy

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Bankruptcy Rules"). In support of this Motion, the Debtors

submit the *Declaration of Steven R. Kotarba in Support of the Motion of Energy Future Holdings

Corp.,* et al., *for Waiver of Certain Requirements of Local Bankruptcy Rule 3007-1,*

(the "Kotarba Declaration"), filed contemporaneously herewith. In further support of this

Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested in this Motion are sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 3007-1(f)(i).

### Relief Requested

4.    The Debtors seek entry of an Order granting a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base omnibus claim objections (each, an "Objection") on no more than 500 claims per each Objection filed.

### Background

5.    On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    The Court has entered an order for joint administration of these chapter 11 cases.    The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13,

2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].    Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On June 30, 2014, the Debtors filed their Schedules of Assets (the "Schedules") and Statements of Financial Affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237-1307, 1319-1329, 1331-1343, 1345].  On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146-2216], addressing certain discrete issues.

7.      On May 2, 2014, the Court entered the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer* [D.I. 307] (the "Customer Bar Date Order"), establishing October 27, 2014 (the "Customer Bar Date") as the last date for all customers to file proofs of claims (including those held by governmental units solely in their capacities as customer of the Debtors).  Notice of the Customer Bar Date was provided by mail and publication in accordance with the procedures outlined in the Customer Bar Date Order.  *See* Kotarba Decl. ¶ 4.

8.      On August 18, 2014, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I 1866] (the "Bar Date Order"), establishing October 27, 2014 (the "General Bar Date") as the last date

for all creditors, other than customers, holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against one or more of the Debtors (the "Claimants") to file and serve a written proof of claim for payment of any such claim. Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Kotarba Decl. ¶ 4.

9.      To date, thousands of proof of claims, with billions of dollars in aggregated asserted amounts, have been filed in these chapter 11 cases by a wide array of parties including, by way of example, contract counterparties, funded debt holders, parties to prepetition litigations involving the Debtors, customers, former employees, and retirees (together, the "Proofs of Claims"). *See* Kotarba Decl. ¶ 5. The Proof of Claims are recorded on the official claims register maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases [D.I. 321]. *Id.*

10.      As of the time of filing of this Motion, the Debtors anticipate filing their first Objection before November 30, 2014. *See* Kotarba Dec. ¶ 6.

### Basis for Relief

I.      **Waiver of Local Bankruptcy Rule 3007-1(f)(i), Allowing the Debtors to Base their Omnibus Claim Objections on More Than 150 Claims, Up to 500 Claims Per Objection, is Expeditious, Common, and Should be Approved.**

11.      Local Bankruptcy Rule 3007-1(f)(i) provides that, unless otherwise ordered by this Court, each substantive omnibus objection to proofs of claim shall contain no more than 150 claims. Del. Bankr. L. R. 3007-1. Further, Local Bankruptcy Rule 1001-1(c) provides that "[t]he application of these Rules in any case or proceeding may be modified by the Court in the interests of justice." *Id.* at 1001(c).

12.      The Debtors respectfully submit that the limitation of Local Bankruptcy Rule 3007-1(f)(i) is unnecessarily restrictive in these cases because of the large volume of claims

asserted against the Debtors' estates.  In response to the numerous claims, the Debtors and their professionals have assembled specialized teams to review and reconcile the various categories of claims.  The Debtors intend to object to numerous claims filed in these cases in a series of omnibus objections seeking, *inter alia*, reduction, reclassification, and disallowance of such claims (the "Disputed Claims").  Given the extensive number of claims filed in these chapter 11 cases, strict compliance with Local Bankruptcy Rules 3007-1(f)(i) may result in the claims reconciliation process requiring a prohibitive amount of time to complete, delaying the Debtors' path to emergence and unnecessarily burdening the Court's ability to efficiently administer the Debtors' chapter 11 cases.  By allowing the Debtors to file an Objection to include more than 150 objected-to claims, the Court will be relieved of the burden of reviewing numerous substantially similar omnibus claim objections.

13.    The relief requested is commonplace and routinely granted in large chapter 11 cases in Delaware.  *See, e.g., In re Orleans Homebuilders, Inc.*, Case No. 10-10684 (PJW) (Bankr. D. Del. Apr. 20, 2011) (permitting the debtors to object to as many as 400 claims in each omnibus objection); *In re Mervyn's Holdings, LLC,* Case No. 08-11586 (KG) (Bankr. D. Del. July 14, 2010) (granting waiver to allow 300 claims in each substantive omnibus objection or a maximum of 600 claims per two substantive omnibus objections in each calendar month); *In re Freedom Commc'ns Holdings, Inc.*, Case No. 09-13046 (BLS) (Bankr. D. Del. May 18, 2010) (permitting the debtors to object to as many as 300 claims in each substantive omnibus objection); *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 11, 2008) (authorizing debtors to file an objection to approximately 221 claims in one omnibus objection to claims); *In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (KJC) (Bankr. D. Del. Sept. 19, 2007) (authorizing debtors to file an objection to approximately

217 claims in one omnibus objection to claims); *In re NVF Company*, Case No. 05-11727 (PJW) (Bankr. D. Del. Jan. 1, 2007) (authorizing debtors to object to 3,341 claims in one substantive omnibus objection to claims).[2]

## Notice

14.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as

---

[2] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

15.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: October 30, 2014
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*