# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 2659** |

### DECLARATION OF STEVE R. KOTARBA IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*., FOR WAIVER OF CERTAIN REQUIREMENTS OF LOCAL BANKRUPTCY RULE 3007-1

Pursuant to 28 U.S.C. § 1746, I, Steven R. Kotarba, declare as follows:

1. I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M"). A&M serves as an advisor to the Debtors in preparation for and during these chapter 11 proceedings by assisting the Debtors with financial analyses, claims management, and various notice requirements. In preparing for this declaration, I generally relied on court pleadings and other compilations on which I typically rely in performing my job, and which are generally relied on by the public or persons in my occupation. I am over the age of 18 and duly authorized to execute this declaration (the "Declaration") on behalf of the Debtors in support of, the *Motion of Energy Future Holdings Corp.,* et al., *for Waiver of Certain Requirements of Local Bankruptcy Rule 3007-1* [D.I. 2659] (the "Motion"), filed contemporaneously herewith.[2]

2. The facts in this Declaration are based on my personal knowledge and review of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used herein have the meaning given to them in the Motion.

RLF1 10978518v.1

information and my experience with the Debtors' operations and these chapter 11 cases. If called to testify, I would testify to the facts set forth herein.

**I.     Background.**

3.     On June 30, 2014, the Debtors filed their Schedules and Statements. And on September 26, 2014, the Debtors filed their amended Schedules and Statements, addressing certain discrete issues.

4.     On May 2, 2014, the Court entered the Customer Bar Date Order, establishing October 27, 2014 as the Customer Bar Date against Claimants as the last date for all customers to file proofs of claims (including those held by governmental units solely in their capacities as customer of the Debtors). Notice of the Customer Bar Date was provided by mail and publication in accordance with the procedures outlined in the Customer Bar Date Order. And on August 18, 2014, the Court entered the Bar Date Order, establishing October 27, 2014 as the General Bar Date for Claimants to file and serve a written proof of claim for payment of any such claim. Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

5.     To date, thousands of proof of claims, with billions of dollars in aggregated asserted amounts, have been filed in these chapter 11 cases by a wide array of parties. The Proofs of Claims are recorded on the official claims register maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases.

6.     As of the time of filing of the Motion, the Debtors anticipate filing their first Objection before November 30, 2014.

**II.    Waiver of Local Bankruptcy Rule 3007-1(f)(i) is Expeditious, Common, and Should be Approved.**

7.     In these chapter 11 cases, a large volume of claims have been asserted against the Debtors' estates. In response, the Debtors and their professionals have assembled specialized teams to review and reconcile the various categories of claims.

8.     Given the number and size of the claims filed in these cases, I believe strict compliance with Local Bankruptcy Rules 3007-1(f)(i) may unduly delay the claims reconciliation process and, in so doing, have the possibility of (i) delaying the Debtors' path to emergence; (ii) reducing the efficiency of the claims reconciliation process for all parties including the Court; and/or (iii) delaying certain creditors' ability to reach finality with respect to the resolution of their claims. I believe that modification of the Local Bankruptcy Rules would facilitate an efficient and cost-effective claims reconciliation process in these chapter 11 cases and work to the benefit of all parties.

9.     In consideration of all these factors, I believe that the Court should permit the Debtors' proposed modification of certain requirements of Local Bankruptcy Rule 3007-1.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 30, 2014
Chicago, Illinois

*/s/ Steven R. Kotarba*
Steven R. Kotarba
Managing Director
Alvarez & Marsal North America, LLC