# EXHIBIT B

**Frenzel Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF ROBERT FRENZEL, SENIOR VICE PRESIDENT AND
CHIEF FINANCIAL OFFICER OF LUMINANT GENERATION COMPANY LLC,
IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN DEBTORS TO ENTER
INTO AGREEMENTS REGARDING MHI'S WITHDRAWAL FROM THE
COMANCHE PEAK JOINT VENTURE**

---

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, declare as follows:

1. I am Senior Vice President and Chief Financial Officer of Luminant Generation Company LLC, a limited liability company organized under the laws of the state of Texas ("Luminant"). Luminant is an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp."). Luminant, EFH Corp., and various other direct and indirect subsidiaries of EFH Corp. are collectively referred to as the "Debtors" in this declaration.

2. I have worked for EFH Corp. since 2009 and Luminant since 2012. I am generally familiar with Luminant's day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of Luminant's business, operations, and related financial information gathered from my review of their books and records, relevant documents, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

information supplied to me by members of Luminant's management team and advisors. I am over the age of 18 and duly authorized to execute this declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* (the "Motion"),[2] filed contemporaneously herewith.

3.  This declaration addresses the facts surrounding entry into the Withdrawal Agreements. If called to testify, I would testify to the facts set forth herein.

**I.   Formation of the Comanche Peak Joint Venture.**[3]

4.  In September 2008, Luminant formed a number of wholly-owned Delaware limited liability companies, including NEFH II. Together with Luminant and EFH Corp., these entities formed a joint venture for the purposes of holding the assets of, and conducting the development, construction, and operating activities of, the New Units and the use of the US-APWR at the New Units. These terms were memorialized in the LLC Agreement.

5.  In January 2009, the LLC Agreement was amended and restated to admit MHI and create a joint venture for purposes of further developing the New Units using the US-APWR. With the addition of MHI, the joint venture was renamed Comanche Peak Nuclear Power Company LLC (the "Comanche Peak LLC").

**II.   The Joint Venture Agreements.**

6.  Contemporaneous with MHI becoming a member of the Comanche Peak Joint Venture, the Joint Venture Parties executed the Joint Venture Agreements. The key terms of the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3]   Additional information regarding the formation of the Comanche Peak Joint Venture and the 2014 amendments to the documents governing the Comanche Peak Joint Venture may be found in the *Motion of Energy Future Holdings Corp. et al., for Entry of an Order Authorizing Entry into Amendments to the Comanche Peak Joint Venture Agreements* [D.I. 1227].

2

Joint Venture Agreements[4] included: (a) MHI's obligation to develop and implement the US-APWR; (b) MHI's obligation to file the Design Application with the NRC to gain approval for the use of the US-APWR; (c) TCEH LLC's obligation to guarantee NEFH II's obligations to make capital contributions under the LLC Agreement; (d) the division between the Joint Venture Parties of ownership interests in the Comanche Peak Joint Venture and certain related intellectual property developed in conjunction with the Design Application and the License Application; and (e) Luminant's covenant to use commercially reasonable efforts to assign and/or lease its water rights to the Comanche Peak Joint Venture for use in the development of the New Units.

**III.    Decision to Withdraw MHI from the Comanche Peak Joint Venture.**

7.    At the time the Joint Venture Parties entered into the Joint Venture Agreements, they expected to obtain NRC approval of the License Application and the Design Application in time for the New Units to be operational by 2016.  However, certain events delayed licensing and development of the New Units.  Specifically, in the wake of Japan's recovery from the Fukushima nuclear plant incident in March 2011, in which all of Japan's nuclear generating facilities were shut down (including 24 plants designed and built by MHI), MHI, with the support of Japanese regulatory agencies, determined that supporting Japanese utilities in restarting MHI-affiliated pressurized water reactors should be its highest priority.  Additionally, a precipitous and prolonged decline in natural gas prices that resulted from increased exploitation and production of "unconventional" natural gas fundamentally altered market conditions.

---

[4]  This summary of key terms of the Joint Venture Agreements is for illustrative purposes only.  To the extent there are inconsistencies between the summary of key terms provided herein and the provisions in the Joint Venture Agreements, the provisions in the Joint Venture Agreements control.

8. Consequently, Luminant, NEFH II, and MHI executed the following steps, initially to suspend the business of, and now to withdraw MHI from participation in, the Comanche Peak Joint Venture: *First*, the Joint Venture Parties each put all their development activities related to the New Units on indefinite hold and requested the NRC suspend or reduce its reviews of the Design Application and the License Application. *Second*, the Debtors sought and received approval from this Court to enter into the Amendments to reflect this change in circumstances. The Amendments included the suspension or termination of certain obligations owed by the Joint Venture Parties and the conveyance or assignment of certain of the Comanche Peak Joint Venture's assets to certain individual members of the Joint Venture Parties.[5] *See Order Authorizing Entry into Amendments to the Comanche Peak Joint Venture Agreements* [D.I. 1619]. *Third*, the Joint Venture Parties agreed to MHI's withdrawal from the Comanche Peak Joint Venture. Between August and October 2014, the Joint Venture Parties negotiated the conditions for MHI's consensual withdrawal from the Comanche Peak Joint Venture. These negotiations culminated in the Withdrawal Agreements.

9. The Joint Venture Parties' coordinated actions were designed to allow the Debtors to beneficially preserve Comanche Peak LLC, which hereafter will be wholly owned by NEFH II, because Comanche Peak LLC is the applicant under the License Application and the Department of Energy loan guarantee application relating to the New Units. For a number of regulatory reasons, Luminant desires to keep these applications active after MHI's withdrawal from the Comanche Peak Joint Venture.

---

[5] This overview of the Amendments is for illustrative purposes only. To the extent there are inconsistencies between the summary of key terms provided herein and the provisions in the Amendments, the provisions in the Amendments control.

## IV. Entry into the Withdrawal Agreements is in the Best Interests of the Debtors' Estates.

10. I believe that entry into the Withdrawal Agreements to complete the consensual withdrawal of MHI from the Comanche Peak Joint Venture is in the best interests of the Debtors' estates. The Joint Venture Agreements have already been amended to reflect the changed circumstances surrounding the Comanche Peak Joint Venture, namely MHI's current focus on supporting Japanese utilities in restarting their pressurized water reactors and the Debtors' decision to reduce their efforts to develop new nuclear units in the wake of altered market conditions that resulted from a precipitous and prolonged decline in natural gas prices. The Withdrawal Agreements are necessary to take into account the persistence of these changed circumstances and to coordinate the distribution of rights and obligations of the Joint Venture Parties as they part ways.

11. I also believe that the Withdrawal Agreements are structured to the benefit of the Debtors so that even as the Comanche Peak Joint Venture's operations and obligations are wound down, certain applications with regulatory and government agencies are preserved, better enabling the Debtors to resume development of the New Units in the future should they so choose.

12. In consideration of all these factors, I believe that the Court should approve the Debtors' motion to enter into the Withdrawal Agreements.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 30, 2014                    Respectfully submitted,

*/s/ Robert Frenzel*
Robert Frenzel
Senior Vice President and Chief Financial Officer
Luminant Generation Company LLC