**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 2664** |
| | ) **Hearing Date: November 20, 2014 at 12:00 p.m.** |
| | ) **Objection Deadline: November 13, 2014 at 4:00 p.m.** |

**MOTION FOR ENTRY OF AN ORDER
AUTHORIZING CERTAIN DEBTORS TO FILE UNDER
SEAL REDACTED PORTIONS OF THE WITHDRAWAL AGREEMENTS**

Energy Future Holdings Corporation ("EFH Corp."), Texas Competitive Electric

Holdings Company LLC ("TCEH LLC"), and Luminant Generation Company LLC ("Luminant

Generation") file this motion (this "Motion")[2] for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"), (a) authorizing EFH Corp., TCEH LLC, and

Luminant Generation (collectively the "Joint Venture Debtors") to file under seal those portions

of the Withdrawal Agreements, attached in redacted form as **Exhibit 1** to **Exhibit A** to the

*Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Authorizing Certain*

*Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint*

*Venture* (the "MHI Withdrawal Motion") filed contemporaneously herewith; and (b) directing

that the redacted portions of the Withdrawal Agreements shall remain under seal and confidential

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the
debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these
chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four
digits of their federal tax identification numbers is not provided herein. A complete list of such information
may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the MHI Withdrawal
Motion (as defined herein) as applicable.

and not be made available to anyone without the consent of the Joint Venture Parties, except to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) the official committee of unsecured creditors appointed by the Office of the United States Trustee for the District of Delaware on May 13, 2014 [D.I. 420] (the "TCEH Creditors' Committee") on a confidential and a "professionals' eyes only" basis, and (iv) the official committee of unsecured creditors appointed by the Office of the United States Trustee for the District of Delaware on October 27, 2014 [D.I. 2570] (the "EFH Creditors' Committee") on a confidential and a "professionals' eyes only" basis, once professionals representing the interests of the EFH Creditors' Committee have been appointed, and subject to such professionals executing confidentiality agreements that are satisfactory to the Joint Venture Debtors.  In support of this Motion, the Joint Venture Debtors respectfully state as follows.[3]

## Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 107(b) of

---

[3]    The facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* (the "Frenzel Declaration"), filed with the Court contemporaneously herewith.

Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

## Relief Requested

4.      By this Motion, the Joint Venture Debtors seek entry of the Order (a) authorizing the Joint Venture Debtors to file under seal those portions of the the Withdrawal Agreements filed with the MHI Withdrawal Motion in redacted form; and (b) directing that the redacted portions of the Withdrawal Agreements shall remain under seal and confidential and not be made available to anyone without the consent of the Joint Venture Parties except to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) the advisors to the TCEH Creditors' Committee on a confidential and "professionals' eyes only" basis, and (iv) the advisors to the EFH Creditors' Committee on a confidential and "professionals' eyes only" basis, once professionals representing the interests of the EFH Creditors' Committee have been appointed, and subject to the execution of confidentiality agreements that are satisfactory to the Joint Venture Debtors.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The U.S. Trustee formed the TCEH Creditors' Committee on May 13, 2014 [D.I. 420] and the EFH Creditors' Committee on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the First Day Declaration.

**Basis For Relief**

6.      Congress, through the Bankruptcy Code and Bankruptcy Rules, was careful to balance the public's right to access the papers and proceedings generated by a bankruptcy case with a debtor's and its associates' critical need to ensure particular types of business information remained confidential.

7.      Section 107(b) of the Bankruptcy Code enables the Court to protect entities from potential harm that might result from the disclosure of certain confidential information.   11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*  Courts often provide this protection by using their inherent equitable powers, codified in Section 105(a) of the Bankruptcy Code, to authorize the filing of documents under seal. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.      Additionally, Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

9.     If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Assocs. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).  Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires").  *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

10.    Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and

"commercial" in nature).  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

11.    Here, there is strong support for sealing portions of the Withdrawal Agreements, which contain information of a similar nature to the Joint Venture Agreements and related Amendments, for which the Joint Venture Debtors sought and received approval to file under seal. *See Order Authorizing Luminant Generation Company LLC to File Under Seal the Joint Venture Agreements and Amendments Related to Proposed Debtor-In-Possession Financing* [D.I. 1588].  The redacted portions of the Withdrawal Agreements contain commercially sensitive information and, in some instances, proprietary information.  Specifically, the redacted portions reference intellectual property work product that could put the Joint Venture Parties at a competitive disadvantage if disclosed.  In addition, the redacted portions disclose certain regulatory issues that need to first be addressed with regulatory agencies before becoming public knowledge.  Disclosing these specific terms of the Withdrawal Agreements executed by the Joint Venture Parties could adversely affect the ability of the Debtors to communicate with their regulators and stifle the ability of the Joint Venture Parties to enter into agreements regarding shared intellectual property rights in the future.  Moreover, the Withdrawal Agreements are the product of extensive, good faith arm's-length negotiations.  Pursuant to the Withdrawal Agreements, the Joint Venture Parties agreed to keep these terms confidential.  The redacted portions of the Withdrawal Agreements contain closely-guarded proprietary and commercial information that is highly sensitive to the Joint Venture Parties and the Debtors as a whole,

especially given the hyper-competitive environment in which the Joint Venture Parties and the Debtors operate.

12.    Finally, courts in this district have consistently authorized the filing of confidential documents under seal in other chapter 11 cases.  *See*, *e.g.*, *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. July 29, 2013) (authorizing debtors to file exit financing fee letters under seal); *In re Capmark Fin. Grp. Inc. (f/k/a GMAC Commercial Holding Corp.)*, Case No. 09-13684 (CSS) (Bankr. D. Del. July 5, 2011) (authorizing a term sheet to a commercial contract be filed under seal); *Capmark*, Case No. 09-13684 (CSS) (Bankr. D. Del. April 5, 2011) (authorizing the schedules to a sale contract be filed under seal); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[4]

13.    The Joint Venture Debtors therefore submit that good cause exists to authorize Joint Venture Debtors to file the redacted portions of the Withdrawal Agreements under seal because of the harm that would ensue if the sensitive and confidential commercial information contained in the redactions of the Amendments became public information.

## Notice

14.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor

---

[4]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' counsel.

agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for

the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) counsel to MHI.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

15.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Joint Venture Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  October 30, 2014

*/s/ Tyler D. Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com
                 semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*