**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date: Nov. 20, 2014 at 12:00 p.m. (noon) (ET)** **Objection Deadline: Nov. 13, 2014 at 4:00 p.m. (ET)** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE ASSUMPTION OF A CERTAIN RENEWABLE ENERGY AND RENEWABLE ENERGY CREDITS PURCHASE AGREEMENT BY AND BETWEEN LUMINANT ENERGY COMPANY LLC AND BRAZOS WIND, LP, AS AMENDED**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Luminant Energy Company LLC ("Luminant Energy") (f/k/a TXU Portfolio Management Company LP) to assume that certain Renewable Energy and Renewable Energy Credits Purchase Agreement (the "PPA"), dated as of July 9, 2003, between Luminant Energy and Brazos Wind, LP ("Brazos"), as amended on November 20, 2010, and as further amended by that certain Amendment to Renewable Energy and Renewable Energy Credits Purchase Agreement, dated as of October 20, 2014 (the "Amended PPA"). In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel, Senior Vice President and Chief Financial Officer of Luminant Holding Company LLC in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Approving the Assumption of a Certain*

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Renewable Energy and Renewable Energy Credits Purchase Agreement by and Between Luminant Energy Company LLC and Brazos Wind, LP., as Amended* (the "Frenzel Declaration"). In further support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4. By this Motion, the Debtors seek entry of the Order authorizing Luminant Energy to assume the Amended PPA.

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I. The Amended PPA.

6. The Debtors are a significant purchaser of wind power in the state of Texas. In addition, certain regulations require the Debtors to obtain a specified amount of their supply of power either from renewable energy sources or by otherwise purchasing renewable energy credits ("RECs") in the energy market from renewable energy credit "retailers" or brokers. Brazos, a Texas limited partnership, and Luminant Energy are parties to the PPA. Under the PPA, among other things, Brazos agrees to produce, deliver and sell to Luminant Energy, and Luminant Energy agrees to purchase from Brazos, renewable energy and RECs. As of the date of filing of this Motion, the Debtors estimate that the price payable to Brazos for goods purchased under the PPA is above-market. In addition, Brazos holds approximately $13.4

million in cash and letters of credit to secure obligations under the PPA, including among other things any claims related to Brazos' above-market position under the PPA (the "Collateral").

7. Since the Petition Date, Brazos and Luminant Energy have engaged in discussions to amend the PPA to reflect current market pricing. These efforts resulted in the Amended PPA. The Amended PPA is conditioned on approval by the Court of this Motion.

8. In connection with the assumption and amendment of the Amended PPA, Brazos will receive an agreed and allowed cure claim of $10,380,000.00 (the "Cure Amount"). In exchange for payment of the Cure Amount, Brazos will release and waive any and all claims against the Debtors related to the PPA or the Amended PPA, including any claims arising in connection with Brazos' above-market position. The Cure Amount is significantly less than this above-market position. The Debtors propose that, upon entry of the Order, Brazos may collect the Cure Amount by liquidating the Collateral (to the extent not already cash) and applying it as payment to the Cure Amount.

## II. Adequate Assurance.

9. During these chapter 11 cases, the Debtors have continued operating their businesses as debtors in possession, and have remained current with respect to their ongoing postpetition performance obligations under the PPA. In addition, as of August 31, 2014, the Debtors' cash balance totaled approximately $1.534 billion, and the Debtors currently have approximately $1.950 billion in availability under the TCEH debtor-in-possession financing facility. And, going forward, Luminant Energy will continue to meet its collateral posting obligations as set forth in Article VIII of the Amended PPA. Accordingly, for the reasons set forth above, the Debtors believe that they have provided Brazos with adequate assurance of the Debtors' future performance under the Amended PPA.

## Basis for Relief

**I. Assumption and Amendment of the Amended PPA is an Exercise of the Debtors' Business Judgment.**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11 U.S.C. § 365(a). Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *cf. In re Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985) (holding that absent bad faith or abuse of discretion, deference is given to debtor's business judgment); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

11. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. The "business judgment" test merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Trans World Airlines*, 261 B.R. 103, 121 (Bankr. D. Del. 2003) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice'") (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849-50); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7-8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

12. In addition, section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In the Third Circuit, courts have authorized transactions outside the ordinary course of business when the transaction has a sound business purpose and is proposed in good faith. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Exaeris, Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008).

13. The Debtors are currently evaluating all of their executory contracts and unexpired leases for purposes of deciding whether to assume or reject such agreements. The Debtors have determined that, in their sound business judgment, assumption of the PPA at this time is in the best interest of the Debtors' estates. Under the Amended PPA that will become effective upon the Court's entry of the Order, the Debtors will be able to obtain renewable energy and RECs at market prices, rather than the above-market prices currently in effect under the PPA. This will result in significant savings to the Debtors—even accounting for the payment of the Cure Amount. Moreover, the fixing and payment of the Cure Amounts will not result in any out-of-pocket expense to the Debtors, because of the collateral held by Brazos. Accordingly, the Court should approve the assumption of the Amended PPA.

## II. The Debtors Have Satisfied the Adequate Assurance Requirements of Section 365 of the Bankruptcy Code.

14. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume an executory contract unless, at the time of assumption, the debtor cures or provides adequate assurance that the debtor will promptly cure any existing default. *See* 11 U.S.C. § 365(b)(1)(A); *see also L.R.S.C. Co. v. Rickel Home Ctrs. (In re Rickel Home Ctrs.), Inc.*, 209

F.3d 291, 298 (3d Cir. 2000) (finding that that the debtor must cure defaults or provide adequate assurance of prompt cure); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) (same); *In re Rowland*, 292 B.R. 815, 818 (Bankr. E.D. Pa. 2003) ("There is no dispute that in order for a debtor to assume an executory contract, it must cure existing defaults."). Further, pursuant to section 365(b)(1)(C) of the Bankruptcy Code, a debtor seeking to assume an executory contract must provide adequate assurance of future performance under such contract.

15. The Debtors are providing Brazos adequate assurance of future performance in the form of continuing collateral posting obligations under the Amended PPA. In addition, the Debtors' have an ample cash balance and availability under the TCEH debtor-in-possession financing facility as of August 31, 2014. This satisfies the requirements of section 365(b)(1)(C) of the Bankruptcy Code.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

16. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Reservation of Rights**

17. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim other than the Cure Amount; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) an admission by the Debtors that the PPA or the Amended PPA is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors'

rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code other than the PPA or Amended PPA; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that the PPA or the Amended PPA is integrated with any other contract or lease.

**Notice**

18. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes

due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Brazos. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: October 30, 2014

*/s/ William A. Romanowicz*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
defranceschi@rlf.com
madron@rlf.com
romanowicz@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession