**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Objection Deadline: TBD** |

**SUMMARY OF FIRST INTERIM APPLICATION OF MORRISON & FOERSTER LLP
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD MAY 12, 2014 THROUGH AUGUST 31, 2014**

| Name of Applicant | Morrison & Foerster LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | September 16, 2014 *nunc pro tunc* to May 12, 2014 |
| Period for which compensation and reimbursement is sought: | May 12, 2014 through August 31, 2014 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $7,915,409.50[2] |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $166,982.01 |

This is a(n):  ___ Monthly  **_X_** Interim ___ Final Fee Application.

Fees for the time expended for preparation of this First Interim Fee Application are not sought herein.  Morrison & Foerster intends to seek those fees in the next fee application.

This is the First Interim Fee Application for Morrison & Foerster.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Amount of compensation requested reflects voluntary reductions totaling $101,100.00 in fees as client accommodations for non-working travel and time entry review.

### SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE

| Date and Docket No. | Compensation Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | 20% Holdback |
|---|---|---|---|---|---|---|
| 10/24/2014 [Docket No. 2553] | 5/12/2014 – 5/31/2014 | $1,809,978.75 | $18,025.18 | N/A | N/A | $361,995.75 |
| 10/24/2014 [Docket No. 2554] | 6/1/2014 – 6/30/2014 | $2,812,162.00 | $84,276.09 | N/A | N/A | $562,432.40 |
| 10/24/2014 [Docket No. 2555] | 7/1/2014 – 7/31/2014 | $1,825,830.75 | $37,212.47 | N/A | N/A | $365,166.15 |
| 10/24/2014 [Docket No. 2557] | 8/1/2014 – 8/31/2014 | $1,467,438.00 | $27,468.27 | N/A | N/A | $293,487.60 |

ny-1161950

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY
PROJECT CATEGORY BY MORRISON & FOERSTER ON
BEHALF OF THE COMMITTEE FOR THE COMPENSATION PERIOD**

| PROJECT CATEGORY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 001 | Asset Analysis and Recovery | 1.50 | $1,492.50 |
| 002 | Asset Disposition | 73.10 | $63,477.00 |
| 003 | Assumption and Rejection of Leases and Contracts | 75.60 | $59,126.50 |
| 004 | Avoidance Action Analysis | 3.90 | $1,618.50 |
| 006 | Business Operations | 111.00 | $87,402.50 |
| 007 | Case Administration | 503.20 | $369,079.00 |
| 008 | Claims Administration and Objections | 3.80 | $3,351.50 |
| 009 | Corporate Governance and Board Matters | 48.70 | $31,999.00 |
| 010 | Employee Benefits and Pensions | 183.90 | $141,990.50 |
| 011 | Employment and Fee Applications | 232.00 | $156,556.50 |
| 012 | Employment and Fee Applications | 43.40 | $39,035.00 |
| 013 | Financing and Cash Collateral | 1,410.00 | $1,092,599.00 |
| 014 | Other Litigation | 12.30 | $8,608.00 |
| 015 | Meetings and Communications with Creditors | 640.60 | $568,394.00 |
| 016 | Non-Working Travel | 93.70 | $83,035.00 |
| 017 | Plan and Disclosure Statement | 55.00 | $52,960.50 |
| 019 | Relief from Stay and Adequate Protection | 6.00 | $4,514.50 |
| 021 | Tax | 1,411.60 | $1,007,512.00 |
| 022 | Valuation | 43.00 | $40,605.00 |
| 023 | Discovery | 1,786.50 | $1,318,100.50 |
| 024 | Hearings | 384.70 | $326,013.50 |
| 025 | First and Second Day Motions | 393.40 | $289,633.50 |
| 026 | Claims Investigation | 1,522.80 | $1,124,335.50 |
| 027 | First Lien Investigation | 1,075.30 | $801,704.50 |
| 028 | Intercompany Claims | 171.50 | $131,171.50 |
| 029 | Other Motions/Applications | 156.90 | $115,214.00 |
| 030 | Schedules and Statements | 57.90 | $37,397.50 |
| 032 | Time Entry Review | 85.70 | $59,582.50 |
| **Total Incurred** | | **10,587.00** | **$8,016,509.50** |
| **Less Client-Accommodation for Non-Working Travel** | | | **$(41,517.50)** |
| **Less Client-Accommodation for Time Entry Review** | | | **$(59,582.50)** |
| **Total Requested** | | | **$7,915,409.50** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED
BY MORRISON & FOERSTER ON BEHALF OF THE
COMMITTEE FOR THE COMPENSATION PERIOD**

The Morrison & Foerster attorneys who rendered professional services in these cases

during the Fee Period are:

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Bell, Jeffery | Partner | 2001 | Corporate | $825.00 | 1.00 | $825.00 |
| Chester, Jeffrey A. | Partner | 1981 | Finance | $950.00 | 8.30 | $7,885.00 |
| Doufekias, Demme | Partner | 2004 | Litigation | $825.00 | 50.70 | $41,827.50 |
| Falk, Robert L. | Partner | 1989 | Corporate | $895.00 | 0.30 | $268.50 |
| Goren, Todd M. | Partner | 2003 | Business Restructuring & Insolvency | $825.00 | 538.80 | $444,510.00 |
| Haims, Joel C. | Partner | 1994 | Litigation | $925.00 | 22.80 | $21,090.00 |
| Harper, John S. | Partner | 1978 | Tax | $875.00 | 1.00 | $875.00 |
| Hoffinger, Adam S. | Partner | 1983 | Litigation | $1,025.00 | 92.40 | $94,710.00 |
| Humphreys, Thomas A. | Partner | 1977 | Tax | $1,250.00 | 288.60 | $360,750.00 |
| Kerr, Charles L. | Partner | 1984 | Litigation | $1,050.00 | 442.00 | $464,100.00 |
| Lawrence, J. Alexander | Partner | 1996 | Litigation | $895.00 | 540.00 | $483,300.00 |
| Lee, Gary S. | Partner | 1991 | Business Restructuring & Insolvency | $1,050.00 | 12.40 | $13,020.00 |
| Levitt, Jamie A. | Partner | 1992 | Litigation | $950.00 | 232.70 | $221,065.00 |
| Mansour, Jana W. | Partner | 2000 | Finance | $875.00 | 11.80 | $10,325.00 |
| Marinuzzi, Lorenzo | Partner | 1996 | Business Restructuring & Insolvency | $995.00 | 683.20 | $679,784.00 |

iv

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| McPherson, Mark David | Partner | 1997 | Litigation | $875.00 | 14.60 | $12,775.00 |
| Miller, Brett H. | Partner | 1992 | Business Restructuring & Insolvency | $1,050.00 | 387.90 | $407,295.00 |
| Peck, Geoffrey R. | Partner | 1999 | Finance | $825.00 | 241.60 | $199,320.00 |
| Princi, Anthony | Partner | 1983 | Business Restructuring & Insolvency | $1,050.00 | 93.00 | $97,650.00 |
| Rains, Darryl P. | Partner | 1982 | Litigation | $1,025.00 | 3.80 | $3,895.00 |
| Reigersman, Remmelt A. | Partner | 2007 | Tax | $825.00 | 127.00 | $104,775.00 |
| Roberts, R. Gregory | Partner | 1999 | Tax | $810.00 | 5.50 | $4,455.00 |
| Salerno, Robert A. | Partner | 1990 | Litigation | $850.00 | 144.50 | $122,825.00 |
| Steel, Michael Jacob | Partner | 1982 | Corporate Environment & Energy | $895.00 | 0.50 | $447.50 |
| Arett, Jessica J. | Associate | 2014 | Business Restructuring & Insolvency | $415.00 | 83.70 | $34,735.50 |
| Beha II, James J. | Associate | 2007 | Litigation | $735.00 | 19.20 | $14,112.00 |
| Birkenfeld, Alexander I. | Associate | 2014 | Tax | $415.00 | 205.30 | $85,199.50 |
| Bleiberg, Steven J. | Associate | 2009 | Financial Transactions | $610.00 | 14.80 | $9,028.00 |
| Bradley, Sara A. | Associate | 2013 | Litigation | $415.00 | 41.90 | $17,388.50 |
| Contreras, Andrea | Associate | 2012 | Litigation | $550.00 | 137.00 | $75,350.00 |
| Damast, Craig A. | Attorney | 1992 | Business Restructuring & Insolvency | $775.00 | 71.50 | $55,412.50 |
| de Ruig, David N. | Associate | 2007 | Tax | $485.00 | 121.00 | $58,685.00 |

v

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Dort, Malcolm K. | Associate | 2011 | Litigation | $610.00 | 145.10 | $88,511.00 |
| Dryden, Elizabeth A. | Associate | 2010 | Finance | $655.00 | 51.00 | $33,405.00 |
| Figueroa, Tiffani B. | Associate | 2014 | Litigation | $415.00 | 68.60 | $28,469.00 |
| Goett, David J. | Associate | 2012 | Tax | $550.00 | 72.10 | $39,655.00 |
| Haney, Heather | Associate | 2011 | Financial Transactions | $550.00 | 26.80 | $14,740.00 |
| Harris, Daniel J. | Associate | 2008 | Business Restructuring & Insolvency | $695.00 | 618.50 | $429,857.50 |
| Heiman, Laura | Associate | 2012 | Litigation | $550.00 | 13.70 | $7,535.00 |
| Hildbold, William M. | Associate | 2009 | Business Restructuring & Insolvency | $610.00 | 741.10 | $452,071.00 |
| Hofer, Matthew L. | Summer Associate | N/A | General Legal | $265.00 | 4.60 | $1,219.00 |
| Hung, Shiukay | Associate | 2009 | Tax | $695.00 | 22.10 | $15,359.50 |
| Hunt, Adam J. | Associate | 2011 | Litigation | $610.00 | 1.40 | $854.00 |
| Kalansky, Shai | Associate | 2009 | Corporate | $695.00 | 0.50 | $347.50 |
| Kwon, Kevin T. | Associate | 2012 | Litigation | $485.00 | 37.40 | $18,139.00 |
| Landis, Ashleigh K. | Associate | 2011 | Litigation | $550.00 | 26.10 | $14,355.00 |
| Lau, Matthew Y. | Associate | 2010 | Tax | $655.00 | 52.80 | $34,584.00 |
| Lim, Clara | Associate | 2010 | Tax | $610.00 | 431.30 | $263,093.00 |
| Linch, Maureen Elizabeth | Associate | 2009 | Tax | $695.00 | 17.50 | $12,162.50 |
| Martin, Samantha | Associate | 2008 | Business Restructuring & Insolvency | $725.00 | 560.70 | $406,507.50 |
| Parmer, Ilana Haller | Associate | 2014 | Finance | $415.00 | 54.70 | $22,700.50 |

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Petrovas, Sotirios | Associate | 2014 | Litigation | $415.00 | 52.70 | $21,870.50 |
| Petts, Jonathan M. | Associate | 2008 | Business Restructuring & Insolvency | $550.00 | 17.60 | $9,680.00 |
| Raife, Dylan James | Associate | 2012 | Litigation | $485.00 | 27.20 | $13,192.00 |
| Richards, Erica J. | Associate | 2007 | Business Restructuring & Insolvency | $725.00 | 297.90 | $215,977.50 |
| Rothberg, Jonathan C. | Associate | 2008 | Litigation | $725.00 | 76.40 | $55,390.00 |
| Rothchild, Meryl L. | Associate | 2010 | Business Restructuring & Insolvency | $655.00 | 18.60 | $12,183.00 |
| Tan, Jennie | Associate | 2007 | Finance | $725.00 | 66.70 | $48,357.50 |
| Tepfer, Cameron Andrew | Associate | 2014 | Litigation | $415.00 | 129.90 | $53,908.50 |
| Ulich, Rebecca M. | Associate | 2010 | Tax | $610.00 | 2.00 | $1,220.00 |
| Loeffler, Robert H. | Senior Of Counsel | 1969 | Litigation | $975.00 | 4.30 | $4,192.50 |
| Peck, James Michael | Senior Of Counsel | 1971 | Business Restructuring & Insolvency | $1,050.00 | 199.90 | $209,895.00 |
| Schaaf, Kathleen E. | Senior Of Counsel | 1978 | Business Restructuring & Insolvency | $850.00 | 59.40 | $50,490.00 |
| Evans, Nilene R. | Of Counsel | 1980 | Capital Markets | $825.00 | 0.50 | $412.50 |
| Ferkin, Zori G. | Of Counsel | 1981 | Corporate Environment and Energy | $700.00 | 2.80 | $1,960.00 |
| Froelich, Edward L. | Of Counsel | 1994 | Tax | $850.00 | 0.50 | $425.00 |
| Hager, Melissa A. | Of Counsel | 1992 | Business Restructuring & Insolvency | $825.00 | 168.40 | $138,930.00 |
| Marines, Jennifer L. | Of Counsel | 2005 | Business Restructuring & Insolvency | $730.00 | 556.30 | $406,099.00 |

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Sadeghi, Kayvan B. | Of Counsel | 2004 | Litigation | $735.00 | 395.00 | $290,325.00 |
| Whitney, Craig B. | Of Counsel | 2001 | Litigation | $750.00 | 267.00 | $196,245.00 |
| Wishnew, Jordan A. | Of Counsel | 2002 | Business Restructuring & Insolvency | $750.00 | 135.00 | $101,250.00 |

The paraprofessionals of Morrison & Foerster who rendered professionals services in

these cases during the Fee Period are:

| Paraprofessional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Bergelson, Vadim | eDiscovery Project Manager | 5 years | Litigation | $295.00 | 145.60 | $42,952.00 |
| Braun, Danielle Eileen | Paralegal | 1.5 years | Business Restructuring & Insolvency | $290.00 | 82.80 | $24,012.00 |
| Chan, David | eDiscovery Analyst | 10 years | Litigation | $280.00 | 0.70 | $196.00 |
| Cheng, Hsiao-Ting H. | Senior Paralegal | 16 years | Litigation | $295.00 | 7.50 | $2,212.50 |
| Curtis, Michael E. | Senior Paralegal | 13.5 years | Litigation | $335.00 | 87.00 | $29,145.00 |
| Dietrich, Amy Ruth | Research Analyst | 2 years | Library | $225.00 | 3.40 | $765.00 |
| Dinh, Tuan H. | Scientific Specialist | 8 years | Corporate | $235.00 | 3.50 | $822.50 |
| Frankenstein, Steven S. | Research Analyst | 18 years | Library | $225.00 | 0.80 | $180.00 |
| Guido, Laura | Senior Paralegal | 7.5 years | Business Restructuring & Insolvency | $300.00 | 141.80 | $42,540.00 |
| Keener, Chris | eDiscovery Analyst | 1.5 years | Litigation | $270.00 | 5.40 | $1,458.00 |
| Kline, John T. | Senior Paralegal | 8 years | Business Restructuring & Insolvency | $320.00 | 6.00 | $1,920.00 |
| Negron, Jeffrey | Senior Paralegal | 1.5 years | Real Estate | $310.00 | 8.90 | $2,759.00 |

| Paraprofessional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| M. | | | | | | |
| Rachko, Thomas J. | Intern | 1 Month | Litigation | $125.00 | 26.50 | $3,312.50 |
| Schoerner, Jeffrey M. | Research Analyst | 23.5 years | Library | $225.00 | 0.50 | $112.50 |
| Shackleton, Mary E. | Research Analyst | 4 years | Library | $225.00 | 3.00 | $675.00 |
| Soo, Jason | eDiscovery Analyst | 2 years | Litigation | $250.00 | 0.40 | $100.00 |
| Tice, Susan A.T. | Senior Paralegal | 10 years | Litigation | $320.00 | 0.30 | $96.00 |
| **Total Incurred:** | | | | | **10,587.00** | **$8,016,509.50** |
| **Less Client-Accommodation for Non-Working Travel:** | | | | | | **$(41,517.50)** |
| **Less Client-Accommodation for Time Entry Review:** | | | | | | **$(59,582.50)** |
| **Total Requested:** | | | | | | **$7,915,409.50** |

ix

**Total Partners, Of Counsel, Associates and Paraprofessionals**

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Attorneys (without Paraprofessionals) | $781.41 | 10,062.90 | $7,863,251.50 |
| Attorneys and Paraprofessionals | $757.20 | 10,587.00 | $8,016,509.50 |
| **Total Incurred:** | | | **$8,016,509.50** |
| **Less Client-Accommodation for Non-Working Travel:** | | | **$(41,517.50)** |
| **Less Client-Accommodation for Time Entry Review:** | | | **$(59,582.50)** |
| **Total Requested:** | | | **$7,915,409.50** |

x

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES
INCURRED BY MORRISON & FOERSTER ON BEHALF
OF THE COMMITTEE FOR THE COMPENSATION PERIOD**

| Expense Category | Total Expenses |
|---|---|
| Air Freight | $373.36 |
| Business Meals | $5,508.15 |
| Color Copies | $740.30 |
| Court Filing Service | $1,153.00 |
| EDiscovery Fees | $26,428.70 |
| Long Distance Telephone | $292.83 |
| Meals | $2,249.85 |
| Messenger Service | $92.01 |
| On-line Legal Research (Lexis) | $46,017.90 |
| On-line Legal Research (Westlaw) | $39,442.94 |
| On-line Research (Other Database) | $1,862.60 |
| On-line Research (Other Database) | $ 13.23 |
| Outside Copying Service | $291.02 |
| Photocopies | $2,212.80 |
| Reporting Fees | $2,787.50 |
| Search Fees | $9,467.05 |
| Transportation | $4,116.63 |
| Travel | $23,289.48 |
| Travel Meals | $642.66 |
| **Total** | **$166,982.01** |

ny-1161950

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Objection Deadline:  TBD** |

**FIRST INTERIM APPLICATION OF MORRISON & FOERSTER LLP
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD MAY 12, 2014 THROUGH AUGUST 31, 2014**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on September 16, 2014 [Docket No. 2066] (the "**Interim Compensation Order**"), and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), Morrison & Foerster LLP ("**Morrison & Foerster**" or the "**Firm**") hereby submits this First Interim Application (the "**Application**") as Counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**"), and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] for allowance

---

1    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2    Although EFH Corporate Services Company is not a subsidiary of TCEH, for ease of reference EFH Corporate

of compensation and reimbursement of expenses incurred for the period May 12, 2014 through August 31, 2014 (the "**Compensation Period**").   In support of the Application, Morrison & Foerster respectfully represents as follows:

## BACKGROUND

1.      On April 29, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Delaware (the "**Chapter 11 Cases**").   On May 12, 2014, the United States Trustee for the District of Delaware appointed a seven (7) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 420].  The Committee selected Morrison & Foerster to serve as its lead counsel.

2.      On July 25, 2014, Morrison & Foerster filed the *Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al. for Entry of an Order Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 for Authority to Retain and Employ Morrison & Foerster LLP Effective as of May 12, 2014* [Docket No. 1696].   On September 16, 2014, the Court entered the *Order Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Morrison & Foerster LLP Effective as of May 12, 2014* [Docket No. 2064].

3.      Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month.  If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined

---

Services Company is included in the definition "TCEH Debtors".

in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.  (Interim Compensation Order ¶ 2.)  In addition, the Interim Compensation Order provides that each professional may file with the Court an interim fee application for compensation and reimbursement of expenses at three-month intervals, with the first interim fee period covering the period from the Petition Date through and including August 31, 2014.  (*Id.*)

**SUMMARY OF PROFESSIONAL COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES REQUESTED**

4.      This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order, Rule 2016-2 (c)–(g) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rule**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**" and, together with the Local Rule, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Lorenzo Marinuzzi regarding compliance with the Local Rule is attached hereto as **Exhibit 1**.

5.      By this Application, Morrison & Foerster seeks allowance pursuant to the Interim Compensation Order with respect to the sum of $7,915,409.50 as compensation and $166,982.01 for reimbursement of actual and necessary expenses for a total of $8,082,391.51 for the Compensation Period.

6.      All services for which compensation is requested by Morrison & Foerster in this Application were performed for or on behalf of the Committee.  Morrison & Foerster has

3

received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Morrison & Foerster and any other person (other than the partners of Morrison & Foerster) for the sharing of compensation to be received for services rendered in these cases.

7.      During the course of these Chapter 11 Cases, Morrison & Foerster exercised its billing discretion and, as discussed in more detail below, voluntarily wrote-off certain fees and expenses in connection with the Monthly Fee Statements (defined below).  Morrison & Foerster believes the foregoing rates are the market rates that the majority of law firms charges clients for services they have been asked to provide here.  In addition, Morrison & Foerster believes that these charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.  During the Compensation Period, Morrison & Foerster voluntarily reduced its requested compensation by $101,100.00 as accommodations for non-working travel and time entry review.

8.      Pursuant to the Guidelines, annexed hereto as **Exhibit 2** is a schedule setting forth all Morrison & Foerster professionals and paraprofessionals who performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which such individuals are employed by Morrison & Foerster, the hourly billing rates charged by Morrison & Foerster for services performed by such individuals, and the aggregate number of hours expended and fees billed.

9.      Annexed hereto as **Exhibit 3** is a schedule specifying the categories of expenses for which Morrison & Foerster is seeking reimbursement and the total amount for each expense

4

category.  Annexed hereto as **Exhibit 3-A** is a schedule of all of the expenses incurred during the

Compensation Period. Regarding providers of online legal research (e.g., LEXIS, WESTLAW,

and PACER), Morrison & Foerster charges the standard usage rates these providers charge,

which, due to contractual flat fees, may not always equal Morrison & Foerster's actual cost.

Morrison & Foerster pays these providers a flat fee every month.  Charging its clients the online

providers' standard usage rates allows Morrison & Foerster to cover adequately the monthly flat

fees it must pay to these types of providers.

10.    Annexed hereto as **Exhibit 4** is a summary of Morrison & Foerster's time billed

during the Compensation Period, broken down by project categories, as hereinafter described.

11.    Annexed hereto as **Exhibit 5** is Morrison & Foerster's time detail for the

Compensation Period.

## MORRISON & FOERSTER FEE STATEMENTS

12.    Morrison & Foerster maintains computerized records of time spent by all

Morrison & Foerster attorneys and paraprofessionals in connection with the representation of the

Committee.  Morrison & Foerster submitted monthly fee statements to the Notice Parties (as that

term is defined in the Interim Compensation Order) in the format specified by the Guidelines,

and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to

review and object to the Monthly Fee Statements.  During the Compensation Period, Morrison &

Foerster provided the Notice Parties with the following Monthly Fee Statements:

- For May 12, 2014 through May 31, 2014 – fees of $1,809,978.75 and expenses of $18,025.18 (the "**May 2014 Statement**");

- For June 1, 2014 through June 30, 2014 – fees of $2,812,162.00 and expenses of $84,276.09 (the "**June 2014 Statement**");

- For July 1, 2014 through July 31, 2014 – fees of $1,825,830.75 and expenses of $37,212.47 (the "**July 2014 Statement**"); and

- For August 1, 2014 through August 31, 2014 – fees of $1,467,438.00 and expenses of $27,468.27 (the "**August 2014 Statement**," together with the May 2014 Statement, the June 2014 Statement, the July 2014 Statement, and the August 2014 Statement, the "**Monthly Fee Statements**").

13.    In total, Morrison & Foerster submitted Monthly Fee Statements during the Compensation Period for fees of $7,915,409.50 and expenses of $166,982.01.    Prior to submitting the Monthly Fee Statements, Morrison & Foerster conducted an internal review of the fees and expenses incurred during each applicable period and determined to voluntarily write-off fees in the amount of $101,100.00.  At the time of this application, Morrison & Foerster has not received any payments on account of the Monthly Fee Statements.

14.    In total, therefore, pursuant to this Application, Morrison & Foerster respectfully requests that the Court enter an order awarding Morrison & Foerster on an interim basis fees in an aggregate amount of $7,915,409.50 and the reimbursement of actual and necessary expenses Morrison & Foerster incurred during the Compensation Period in the aggregate amount of $166,982.01.

## SUMMARY OF LEGAL SERVICES RENDERED

15.    Morrison & Foerster has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to numerous matters in connection with these Chapter 11 Cases, and performed all necessary professional services.

16.    To provide an orderly and meaningful summary of the services rendered by Morrison & Foerster on behalf of the Committee during the Compensation Period, the Firm has established separate task codes in connection with these Chapter 11 cases.  The following is a summary of the most significant professional services rendered by Morrison & Foerster during

the Compensation Period, organized in accordance with the Firm's internal system of task codes. A more detailed report of the actual services provided is set forth on the attached **Exhibit 5**.

17.     The summary is divided according to the project billing codes that Morrison & Foerster created to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 Cases.  Nevertheless, under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with one another.

    A.     Asset Analysis and Recovery – 001

Fees: $1,492.50; Total Hours: 1.50

18.     This category includes time spent reviewing and analyzing the Debtors' assets, including those unencumbered assets potentially available for distribution to unsecured creditors. During the Compensation Period, Morrison & Foerster performed legal and factual diligence to determine if there were additional unsecured assets not previously identified by the Debtors, and worked with the Committee's financial advisor, FTI, to specifically identify unencumbered equipment.

    B.     Asset Disposition – 002

Fees: $63,477.00; Total Hours: 73.10

19.     This category includes time spent by Morrison & Foerster reviewing and analyzing several asset sales conducted, or proposed to be conducted, by the Debtors during the Compensation Period.  Specifically, Morrison & Foerster reviewed and analyzed the sale of the assets of non-Debtor Greenway Development Holdings LLC, and exchanged drafts of a proposed stipulation with the Debtors regarding the allocation of proceeds relating thereto.  Also during the Compensation Period, Morrison & Foerster reviewed and analyzed the sale of the

"Northlake" property pursuant to the *Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [Docket No. 764].  In connection with this sale, Morrison & Foerster worked with the Debtors' professionals to ensure that proceeds from the sale would be held in a segregated cash account.

20.     During the Compensation Period, Morrison & Foerster also spent a significant amount of time reviewing and analyzing the Debtors' decision to engage in a formal marketing process to sell their indirect interests in Oncor (the "**Oncor Sale**").  Morrison & Foerster, along with FTI and the Committee's investment banker, Lazard, met with the Debtors and the Debtors' professionals on several occasions, and had numerous internal discussions and strategy sessions regarding the Oncor Sale.  Morrison & Foerster also evaluated, among other things, the process by which the Debtors intended to dispose of the Oncor assets, the tax implications of an Oncor Sale on the Debtors' tax position, and whether to interpose an objection to a formal marketing process.  Morrison & Foerster also reviewed the Debtors' marketing materials and proposed contact list for the Oncor Sale, carefully evaluating with the Committee and its advisors the implications of the Oncor Sale on the TCEH entities from the Committee's perspective.

C.     Assumption and Rejection of Leases and Contracts – 003

Fees: $59,126.50; Total Hours: 75.60

21.     On May 16, 2014, the Debtors filed the motion to assume the Restructuring Support Agreement (the "**RSA**" and the motion relating thereto, the "**RSA Assumption Motion**").  During the Compensation Period, Morrison & Foerster considered all matters related to the RSA Assumption Motion, conducted and analyzed the relief sought by the motion and related pleadings, identified and summarized potential issues requiring further discovery, and researched whether the RSA Assumption Motion should be prosecuted or granted during the

8

early stages of these Chapter 11 Cases.  Also during the Compensation Period, Morrison &
Foerster began the process of drafting an objection to the RSA Assumption Motion.

22.      In addition, this category also includes time spent reviewing the Debtors' motion
to reject certain office leases and abandon property, negotiating with the Debtors on appropriate
forms of order with respect to the lease rejection motions, and coordinating with FTI regarding
the diligence necessary to support the Debtors' request.

D.      Avoidance Action Analysis - 004

Fees: $1,618.50; Total Hours: 3.90

23.      This category includes time spent researching legal issues regarding the potential
for avoidance of pre-petition or post-petition transactions.  During the Compensation Period,
Morrison & Foerster conducted legal research regarding the Debtors' issuance of letters of credit
to determine whether a fraudulent conveyance action could be sustained with respect to such
transactions.

E.      Business Operations – 006

Fees: $87,402.50; Total Hours: 111.00

24.      This category includes time spent by Morrison & Foerster reviewing matters
involving the Debtors' business operations and evaluating the Debtors' business plans.  During
the Compensation Period, Morrison & Foerster reviewed and analyzed the Debtors' business
plan to understand the impact of natural gas prices on the Debtors' projections.  This category
also includes time billed to analyzing matters associated with the payment of critical vendors,
reviewing and conducting diligence on the Debtors' request to enter into a stipulation with Alcoa
resolving pre- and post-petition payment disputes, and monitoring the Debtors' hedging and
trading activities during the course of these Chapter 11 Cases.

9

25.    On June 27, 2014, the Debtors filed a motion seeking authority to participate in an auction for certain assets of Optim Energy [Docket No. 1225] (the "**Optim Motion**").  Morrison & Foerster reviewed and analyzed pleadings relating to the Optim Motion, assessed the nature of the relief sought, and had numerous conversations with Lazard and the Debtors regarding whether bidding for such assets is in the best interests of the Debtors' estates and creditors.

F.    Case Administration – 007

Fees: $369,079.00; Total Hours: 503.20

26.    This category includes all matters related to the internal administration of the Debtors' cases, including preparing of *pro hac vice* applications and notices of appearance, reviewing and revising confidentiality agreements, meetings with Debtors' counsel and other Committee professionals regarding general case issues and strategy, meetings regarding selection of the Committee's financial advisor and investment banker, and preparing of internal capital structure summaries, and creating a list of parties in interest.  It also involved preparing the Committee roster, managing task lists, monitoring the case docket, tracking deadlines, and preparing the Committee expense reimbursement form.

27.    Furthermore, this category includes time spent coordinating on case matters internally, with the Debtors, and with other creditor constituencies, including counsel to the TCEH first lien creditors and the TCEH ad hoc group of unsecured noteholders (the "**Ad Hoc Group**").  Morrison & Foerster also participated in numerous meetings with the Debtors and with other Committee professionals during the Compensation Period to address and evaluate case status and strategy on behalf of the Committee.  Morrison & Foerster, in accordance with past practice in cases of this size and complexity, hosts a weekly meeting during which the attorneys bearing material responsibility for every active workstream in the Chapter 11 Cases engage in discussions addressing a wide range of topics, including case strategy and restructuring

10

considerations.   Such discussions, which address many interrelated matters, directly assist Morrison & Foerster's professionals in understanding the impact of issues arising in one workstream on various other workstreams, and are vital to the coordination of overall case strategy and planning.

G.      Claims Administration and Objections – 008

Fees: $3,351.50; Total Hours: 3.80

28.      This category includes all matters relating to claims asserted against the Debtors and the bar date process.  During the Compensation Period, Morrison & Foerster reviewed and commented on the Debtors' motion to set a general claims bar date.

H.      Corporate Governance and Board Matters – 009

Fees: $31,999.00; Total Hours: 48.70

29.      This category includes all matters related to the governance and day-to-day operations of the Committee, including negotiating and preparing the Committee by-laws, confidentiality agreements between the Committee professionals and the Debtors, and drafting Committee minutes.  This category also includes time spent reviewing the Debtors' corporate structure and understanding how the Debtors have assembled their various boards of directors.

I.      Employee Benefits and Pensions – 010

Fees: $141,990.50; Total Hours: 183.90

30.      This category includes time spent by Morrison & Foerster reviewing and analyzing the numerous pleadings filed during the Compensation Period regarding employee benefits and compensation.  Morrison & Foerster spent time reviewing and analyzing issues raised by the Debtors' motion to pay non-insider compensation, motion to pay non-qualified benefits to certain current employees and retirees, motion to pay compensation to insiders, and the motion to sever the Debtors' 401(k) plan from Oncor's.  In connection with each of these

ny-1161950

motions, Morrison & Foerster discussed the relief sought with FTI, analyzed the Debtors' proposals, provided summaries and presentations to the Committee regarding the terms of the compensation and benefits subject to the motions, and engaged in negotiations with the Debtors to modify the terms of the orders in an effort to avoid a contested hearing.  Ultimately, Morrison & Foerster was able to resolve all of the Committee's outstanding issues with respect to these matters.  Also during the Compensation Period, Morrison & Foerster spent time reviewing and analyzing the trust documents associated with the Debtors' non-qualified employee benefits programs.

31.    With respect to the Debtors' request to pay insider compensation, Morrison & Foerster met with the Debtors' professionals and was given a detailed presentation on the Debtors' programs, the compensation amounts, and the employees covered by the programs. Morrison & Foerster, in conjunction with FTI, reviewed the Debtors' programs and ultimately agreed to a form of order acceptable to the Committee before the motion was filed.

J.    Employment and Fee Applications – 011

Fees: $156,556.50; Total Hours: 232.00

32.    During the Compensation Period, Morrison & Foerster prepared the Committee's retention application to retain Morrison & Foerster as its counsel.  Morrison & Foerster reviewed the Debtors' retention checklist and prepared its declaration in support of its retention.  Morrison & Foerster filed its initial declaration on July 25, 2014 and filed a supplemental declaration on September 15, 2014.  On May 14, 2014, after interviewing multiple investment banking firms, the Committee retained Lazard as its investment banker.  In addition, after interviewing several financial advisors, on May 19, 2014, the Committee retained FTI as its financial advisor. Morrison & Foerster, on behalf of the Committee, negotiated with Lazard and FTI over the terms of their retention, and reviewed and revised the Committee's applications to retain Lazard and

12

FTI before filing them with the Court.  An order approving the retention of Morrison & Foerster was entered by the Court on September 16, 2014, and orders approving the retention of FTI and Lazard were entered by the Court on October 20, 2014.

33.      During the Compensation Period, the Debtors filed numerous applications for authorization to retain legal counsel, investment bankers, financial advisors, special counsel, tax advisors, among others, as well as authorization to employ certain ordinary course professionals. Morrison & Foerster had numerous conversations with the Debtors and their proposed professionals, and engaged with the Debtors regarding the terms of the retention of Evercore, as investment banker to the Debtors.

K.      Employment and Fee Application Objections – 012

Fees: $39,035.00; Total Hours: 43.40

34.      During the Compensation Period, Morrison & Foerster reviewed and analyzed the Debtors' retention applications and weighed whether to interpose an objection to the Debtors' retention applications based upon potential conflicts of interest.  As the Court is aware, several parties have expressed concern regarding the ability of a single professional to advise all of the Debtors due to the potentially significant inter-affiliate claims and potential conflicts among the Debtors' estates.  To avoid an objection to the Debtors' retention applications on that basis, Morrison & Foerster worked with the Debtors, counsel to Wilmington Savings Fund Society, and the Ad Hoc Group on the *Stipulation and Agreed Order Regarding a Protocol For Certain Case Matters*, approved by the Court on September 16, 2014 [Docket No. 2051] (the "**Case Matters Protocol**").  The Case Matters Protocol resolves a number of issues, including potential litigation regarding retention of the Debtors' professionals and, as discussed below, the requested extension of the Debtors' exclusive periods.  Resolution of potential retention disputes by the

Case Matters Protocol, and the avoidance of potentially significant litigation on the issues of conflicted professionals, is in the best interests of the Debtors' creditors.

> L.      Financing and Cash Collateral – 013

>      Fees: $1,092,599.00; Total Hours: 1,410.00

35.      A significant amount of Morrison & Foerster's time during the Compensation Period was spent analyzing the terms of the debtor-in-possession facilities and use of cash collateral.  On the Petition Date, TCEH sought authority to enter into a $4.475 billion debtor-in-possession facility (the "**TCEH DIP**") and EFIH sought authority to enter into a $5.4 billion debtor-in-possession facility (the "**EFIH DIP**").  TCEH also sought approval for the continued use of cash collateral under the prepetition First Lien Credit Agreement (as defined in the final cash collateral order [Docket No. 855] (the "**Final Cash Collateral Order**")) (together with the motions seeking approval of the TCEH DIP and EFIH DIP, the "**DIP and Cash Collateral Motions**").  In addition, the Debtors filed a motion seeking approval of the EFIH second lien debtor-in-possession facility (the "**EFIH Second Lien DIP**"), approval of which was a component of the RSA.

36.      During the Compensation Period, Morrison & Foerster spent a significant amount of time reviewing the DIP and Cash Collateral Motions and the underlying facilities, analyzing the impact on unsecured creditors, and researching legal issues raised by the Debtors' motions. Because the Committee found that certain terms of the TCEH DIP and EFIH Second Lien DIP were materially adverse to the interests of unsecured creditors, Morrison & Foerster engaged in extensive negotiations with the Debtors and the debtor-in-possession lenders to modify the terms of the final orders in a manner that was acceptable to all constituents.  Morrison & Foerster was able to resolve all of the Committee's outstanding issues in advance of the hearing on the DIP

14

and Cash Collateral Motions.  On June 6, 2014, the Court entered orders approving the DIP and

Cash Collateral Motions [Docket Nos. 855, 856, 859].

37.    Morrison & Foerster researched, drafted, and filed the Committee's omnibus

objection to the EFIH Second Lien DIP [Docket No. 1090], which included a supporting

declaration from Timothy Pohl of Lazard opposing the relief sought.  Along with other objectors,

Morrison & Foerster prosecuted the objection to the EFIH Second Lien DIP with the Court,

which ultimately resulted in the Debtors' withdrawal of the motion.

M.    Other Litigation – 014

Fees: $8,608.00; Total Hours: 12.30

38.    This category includes time spent by Morrison & Foerster relating to, among

other things, the EFIH first and second lien makewhole litigations (the "**Makewhole**

**Litigations**") and the appeal of the Court's order approving the EFIH first lien settlement.

During the Compensation Period, Morrison & Foerster reviewed the pleadings filed in the

Makewhole Litigations, considered the implications of the Makewhole Litigations on the TCEH

Debtors and potential recoveries of unsecured creditors, and analyzed the arguments set forth by

the parties.  In addition, Morrison & Foerster advised the Committee with respect to the legal

arguments made by Debtors and the EFIH first and second lien trustees, and conducted legal

research regarding recent case law developments in this area.

N.    Meetings and Communications with Creditors – 015

Fees: $568,394.00; Total Hours: 640.60

39.    This category includes time spent by Morrison & Foerster relating to Committee

matters, in-person meetings and conference calls with the Committee as a whole, with individual

Committee members, and with the Committee's other legal and financial advisors.  Morrison &

Foerster, together with FTI and Lazard, coordinates all of the Committee's activities, including

15

attending to member concerns and setting agendas for Committee conference calls and meetings. During the Compensation Period, Morrison & Foerster, together with FTI and Lazard, held numerous regularly scheduled conference calls and meetings with the full Committee and its advisors related to the various issues permeating the case thus far.  Given the level of activity in these Chapter 11 Cases to date, these Committee meetings and calls routinely lasted many hours and required extensive preparation by Morrison & Foerster.  During the Compensation Period, Morrison & Foerster also had numerous conference calls with individual Committee members, as well as conference calls with FTI and Lazard in preparation for Committee meetings and Committee calls.

40.     During Committee calls, Morrison & Foerster discussed key issues with the full Committee and its advisors.  Prior to such meetings, Morrison & Foerster attorneys reviewed pending matters requiring the Committee's attention and underlying documentation in connection therewith and coordinated advice with FTI and Lazard.  Thereafter, Morrison & Foerster discussed each of these matters with the Committee, as well as individual Committee members, and assisted the Committee in formulating a position with respect to each matter.  In addition, during the Compensation Period, Morrison & Foerster provided Committee members with case update emails almost daily to provide Committee members with up-to-date information regarding the status of case issues and any new pleadings or issues that may arise between Committee meetings or Committee calls.

O.     Non-Working Travel – 016

Fees: $83,035.00; Total Hours: 93.70

41.     This category includes time spent by Morrison & Foerster in non-working travel while representing the Committee.  Morrison & Foerster billed one-half of the total non-working travel time.

16

P.    Plan and Disclosure Statement – 017

Fees: $52,960.50; Total Hours: 55.00

42.    On the Petition Date, the Debtors' filed the RSA as an attachment to the first day declaration, which contemplated the filing of a disclosure statement and a plan of reorganization consistent with a pre-petition agreement among certain of the Debtors' creditors (the "**Plan**"). During the Compensation Period, Morrison & Foerster reviewed the terms of the RSA and Plan and prepared various internal materials and summaries for the Committee regarding its provisions and impact on unsecured creditors.   This category also includes time spent by Morrison & Foerster engaging with the Debtors and other parties in interest regarding the impact of the termination of the RSA.    During the Compensation Period, Morrison & Foerster also considered and analyzed alternative Plan structures that may benefit unsecured creditors, and participated in meetings with the Debtors to address potential Plan and RSA structures.  On July 24, 2014, the Debtors distributed a notice of termination to all of the parties to the RSA [Docket No. 1697].

43.    On July 23, 2014, the Debtors filed a motion seeking to extend their exclusive periods for filing and soliciting acceptances of a proposed chapter 11 plan by a period of 180 days [Docket No. 1683] (the "**Exclusivity Motion**").   Morrison & Foerster evaluated the Debtors' proposed extension of exclusivity in the context of these cases, and after extensive discussions with the Committee, the Debtors and other parties in interest, determined that entry into the Case Matters Protocol was an appropriate resolution of the exclusivity extension request.

Q.    Relief from Stay and Adequate Protection – 019

Fees: $4,514.50; Total Hours: 6.00

44.    During the Compensation Period, Morrison & Foerster reviewed and analyzed the motions filed by the Sierra Club enforcing the automatic stay in an action pending against the Debtors in Texas [Docket No. 1506], and FPL Energy Pecos Wind I, LP, FPL Energy Pecos Wind II, LP, and NWP Indian Mesa Wind Farm, L.P. for a determination that the automatic stay does not apply to the termination of certain power purchase agreements [Docket No. 806].

R.    Tax – 021

Fees: $1,007,512.00; Total Hours: 1,411.60

45.    As the Court is aware, tax considerations play an important role in these Chapter 11 Cases.  As a result, Morrison & Foerster has spent a substantial amount of time reviewing the various tax matters related to the Chapter 11 Cases and the Debtors' current tax position.  Such tasks included, among other things: reviewing and analyzing the tax structure implied in the Plan, reviewing, analyzing, and summarizing the Competitive Tax Allocation Agreement (the "**Competitive TSA**") and Oncor Tax Sharing Agreement (the "**Oncor TSA**"), assessing the potential for "check-the-box" elections to be made during the Chapter 11 Cases, and drafting and revising several tax diligence requests.  Morrison & Foerster also conducted significant legal research regarding the tax structure implied by the RSA, the tax implications of the EFIH Second Lien DIP, the impact of the Debtors' request to modify the Oncor TSA, and the ability of the Committee to assert a fraudulent conveyance action in connection with the Competitive TSA.

46.    In addition, Morrison & Foerster reviewed and analyzed the Debtors' private letter ruling request submitted to the IRS and advised the Committee regarding the nature and extent of the ruling the Debtors seek.  Morrison & Foerster also prepared several presentations that were presented to the Committee regarding the tax considerations in the Chapter 11 Cases

18

that summarized the Debtors' restructuring options and the tax implications thereof.  To formulate these presentations, Morrison & Foerster conducted a thorough review of the tax dataroom, which contains information regarding the Debtors' historical tax data and other relevant documentation.

47.     During the Compensation Period, Morrison & Foerster also participated in weekly update calls with the Debtors' tax professionals regarding tax matters.  The weekly calls with the Debtors and their professionals are critical for Morrison & Foerster to understand the Debtors' tax position and the evolving tax landscape.  Morrison & Foerster also regularly coordinates discussions with other Committee professionals and individual Committee members regarding critical tax considerations and their implications on the Debtors' restructuring efforts.

S.     Valuation – 022

        Fees: $40,605.00; Total Hours: 43.00

48.     This category includes all matters related to valuation, including reviewing materials from FTI and Lazard summarizing valuation metrics used in analogous energy cases, potential sources of recovery for unsecured creditors, and the valuations implied in the RSA. During the Compensation Period, Morrison & Foerster also conducted a review and analysis of case law addressing the potential for an early valuation hearing in these cases.

T.     Discovery – 023

        Fees: $1,318,100.50; Total Hours: 1,786.50

49.     This category includes time spent by Morrison & Foerster engaging in all aspects of the discovery process during the Compensation Period, drafting and serving document demands, preparing for and attending depositions, conducting legal research associated with formal and informal discovery, and tracking and reviewing the discovery obtained from various parties since the commencement of these Chapter 11 Cases.

50.     In particular, Morrison & Foerster conducted formal discovery with respect to the TCEH DIP, the EFIH DIP, and the EFIH Second Lien DIP.  In addition, Morrison & Foerster reviewed numerous documents produced by the Debtors and other parties in interest to support the Committee's objections to these motions.  The Committee's broad discovery necessitated careful internal coordination and meetings with FTI and Lazard to discuss strategy and an analysis of documents to support the Committee's objections.  Morrison & Foerster also drafted and served document demands on the Debtors in connection with the Committee's intercompany claims investigation, described in more detail below.  Morrison & Foerster met and conferred with numerous parties during all stages of the discovery process to resolve discovery disputes without Court intervention.

51.     After substantial negotiation with the Debtors, the Office of the U.S. Trustee and other parties in interest, on August 13, 2014, the Court entered the *Order Establishing Discovery in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [Docket No. 1832] (the "**Discovery Protocol**"), which permits the Committee to seek Legacy Discovery (as defined in the Discovery Protocol) from the Debtors and other third parties.  In connection with the Discovery Protocol, Morrison & Foerster drafted and served discovery demands on various parties and, thereafter, engaged in numerous discussions with the recipients of discovery requests regarding the scope and timing of the requested discovery.  Morrison & Foerster also negotiated the *Confidentiality Agreement and Stipulated Order* [Docket No. 1833] between the Committee, the Debtors, and other parties in interest, which, among other things, governs the confidentiality of documents exchanged among the parties.

52.     During the Compensation Period, Morrison & Foerster also provided the Court with numerous written and oral updates regarding the ongoing discovery efforts of the Committee and the steps that Morrison & Foerster was taking to consensually resolve pending discovery disputes.

U.     <u>Hearings – 024</u>

Fees: $326,013.50; Total Hours: 384.70

53.     During the Compensation Period, the Court held six hearings with respect to a wide variety of issues related to these cases, in addition to a number of conferences (both in-court and telephonic) on specific issues raised during contested matters.  Morrison & Foerster spent a significant amount of time preparing for and participating in each of the hearings held during the Compensation Period.  Morrison & Foerster also spent a significant amount of time negotiating with the Debtors and various other parties in attempting to resolve the Committee's concerns in advance of these hearings in an effort to preserve estate and judicial resources.

V.     <u>First and Second Day Motions – 025</u>

Fees:  $289,633.50; Total Hours: 393.40

54.     This category includes time spent by Morrison & Foerster preparing for and representing the Committee at the various hearings before the Court regarding the motions filed on the Petition Date or shortly thereafter.  During the Compensation Period, Morrison & Foerster reviewed, analyzed, and responded to the first and second day motions and provided summaries and numerous updates to the Committee regarding the relief sought.  In addition to the financing motions discussed above, Morrison & Foerster reviewed: (a) the joint administration motion, (b) the employee benefits and wages motion, (c) the utilities motion, (d) the shippers, warehousemen, and materialmen motion, (e) the critical vendor motion, (f) the customer programs motion, (g) the cash management motion, (h) the transition and delivery charges

21

motion, (i) the motion to assume certain ERCOT agreements, (j) the hedging and trading approval motion, (k) the motion to extend Debtors' deadline to file schedules and statements of financial affairs, (l) the motion to implement *de minimis* asset sale procedures, and (m) the motion to approve employment of ordinary course professionals.  In addition, Morrison & Foerster regularly communicated with the Debtors, FTI, and Lazard to discuss the relief sought, and worked with the Debtors to revise the proposed final orders granting the requested relief.

       W.     <u>Claims Investigation – 026</u>

            Fees: $1,124,335.50; Total Hours: 1,522.80

55.     This category includes time spent by Morrison & Foerster analyzing and investigating potential claims that may be brought by the Committee on behalf of the TCEH Debtor estates against affiliates and/or third parties.  During the Compensation Period, Morrison & Foerster conducted a thorough investigation of potential claims that required professionals to undertake numerous tasks, including: preparation of detailed legal memoranda of the potential claims and related legal considerations, conducting significant legal and factual research with respect to potential legal questions associated with the claims, reviewing and summarizing voluminous public documents and documents produced to the Committee that describe numerous transactions undertaken by the Debtors, and creating internal presentations summarizing potential claims.  In particular, Morrison & Foerster reviewed and analyzed the terms and mechanics of the Debtors' 2007 leveraged buyout transaction.

56.     In connection with the claims investigation, Morrison & Foerster worked with FTI and Lazard to obtain from the Debtors the diligence materials necessary to determine the intercompany claims that may be asserted.  In that regard, Morrison & Foerster reviewed and analyzed presentations prepared by FTI and Lazard and, as necessary, provided comments and advice with respect to legal issues identified therein.  In addition, Morrison & Foerster hosted

22

and coordinated numerous internal meetings and meetings with FTI and Lazard to discuss intercompany claims strategies and the status of the investigations.  These weekly calls are necessary for the Committee professionals to keep the Committee updated with respect to the potential claims that may be asserted for the benefit of unsecured creditors.

X.    First Lien Investigation – 027

Fees: $801,704.50; Total Hours: 1,075.30

57.    Pursuant to the Final Cash Collateral Order, the Committee has a certain period of time within which it can challenge the TCEH Debtors' Stipulations (as defined in the Final Cash Collateral Order) and the liens securing the First Lien Facilities (as defined in the Final Cash Collateral Order) and the Prepetition First Lien Obligations (as defined in the Final Cash Collateral Order).  Accordingly, the Committee initiated a thorough review of the collateral packages of the relevant facilities, including a review of UCC financing statements, collateral documents, and related materials. Morrison & Foerster prepared document requests in connection with the collateral review, and analyzed the documents produced by the Debtors and other parties in interest.  During the Compensation Period, Morrison & Foerster spent a significant amount of time researching legal matters raised by a potential challenge of the liens of the First Lien Facilities or the Prepetition First Lien Obligations.  In addition, Morrison & Foerster also researched legal issues regarding the standards for seeking standing to commence, prosecute, and settle certain claims on behalf of the Debtors' estates.

Y.    Intercompany Claims – 028

Fees: $131,171.50; Total Hours: 171.50

58.    This category includes all activities relating to the intercompany claims reflected on the Debtors' schedules.  During the Compensation Period, Morrison & Foerster analyzed summaries prepared by FTI regarding the Debtors' affiliate debt and holdings, reviewed the

23

Debtors' schedules and statements of financial affairs to assess the impact of intercompany claims on unsecured creditors, and conducted significant diligence and analysis regarding, among other things, the approximately $774 million intercompany claim reflected on the TCEH schedules.

    Z.    <u>Other Motions – 029</u>

Fees: $115,214.00; Total Hours: 156.90

    59.    This category includes time spent reviewing, analyzing, and summarizing other motions filed by the Debtors and other parties in these cases. During the Compensation Period, Morrison & Foerster reviewed and provided recommendations to the Committee with respect to the legal and financial aspects of the following motions, among others: (a) the Debtors' motion to replace the EFIH notes trustees, (b) the Debtors' motion to approve a settlement with the "Crowson" plaintiffs, (c) the Debtors' motion to waive the Bankruptcy Rule 2015.3 reporting requirements, (d) the Debtors' motion to amend the agreements regarding the Comanche Peak joint venture, (e) the Debtors' motion to extend the Bankruptcy Code section 365(d)(4) deadlines, (f) American Stock Transfers' motion to appoint an official committee of unsecured creditors for Energy Future Holdings Corp., and (g) the Debtors' motion to implement liquidation procedures with respect to hedging and trading activities.

    AA.    <u>Schedules and Statements – 030</u>

Fees: $37,397.50; Total Hours: 57.90

    60.    This category includes time spent reviewing, analyzing, and summarizing the Debtors' schedules of assets and liabilities and statements of financial affairs. During the Compensation Period, Morrison & Foerster, in conjunction with FTI, conducted a thorough review of the Debtors' schedules. Morrison & Foerster also reviewed and commented on FTI's

presentation to the Committee regarding the claims identified in the schedules of assets and liabilities and statements of financial affairs.

## STATEMENT OF MORRISON & FOERSTER

61.    The foregoing professional services performed by Morrison & Foerster were appropriate and necessary to the effective administration of these Chapter 11 Cases.  They were in the best interests of creditors, the Debtors' estate, and other parties-in-interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.  In addition, Morrison & Foerster has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

62.    The services for which Morrison & Foerster seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates.  During the Compensation Period, Morrison & Foerster worked diligently to maximize the value of the Debtors' estates for the benefit of all unsecured creditors.  The services rendered by Morrison & Foerster were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Morrison & Foerster is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

ny-1161950

WHEREFORE, Morrison & Foerster respectfully requests that the Court enter an order (a) awarding Morrison & Foerster the interim allowance of (i) fees in the Compensation Period in the amount of $7,915,409.50, and (ii) reimbursement for actual and necessary expenses in the Compensation Period in the amount of $166,982.01, (b) that such sums be paid to Morrison & Foerster pursuant to the Interim Compensation Order, (c) and for such other and further relief as this Court may deem just and proper.

Dated:  October 31, 2014
      New York, New York

/s/ Lorenzo Marinuzzi
**MORRISON & FOERSTER LLP**
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail:       jpeck@mofo.com
               brettmiller@mofo.com
               lmarinuzzi@mofo.com

*Attorneys for The Official Committee of Unsecured Creditors*