IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1] ) | |
| ) | Case No. 14-10979 (CSS) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**FIRST INTERIM FEE APPLICATION OF FTI CONSULTING, INC.,
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
MAY 19, 2014 THROUGH AUGUST 31, 2014**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | October 20, 2014 (Effective May 19, 2014) |
| Period for which compensation and reimbursement are sought: | May 19, 2014 through August 31, 2014 |
| Amount of compensation sought as actual, reasonable, and necessary: | $3,300,549.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $142,783.00 |

This is a(n): _____ Monthly __X__ Interim _____ Final Application

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

## SUMMARY OF MONTHLY APPLICATIONS
## FILED DURING THE INTERIM PERIOD

|  |  | REQUESTED | | APPROVED | | HOLDBACK REQUESTED 20% |
|---|---|---|---|---|---|---|
| **DATE FILED** | **PERIOD COVERED** | **FEES** | **EXPENSES** | **FEES 80%** | **EXPENSES** | **FEES 20%** |
| 10/30/2014 | 05/19/2014 - 06/30/2014 | $1,119,415.75 | $20,227.87 | NA | NA | $223,883.15 |
| 10/30/2014 | 07/01/2014 - 07/31/2014 | 910,848.25 | 50,738.69 | NA | NA | 182,169.65 |
| 10/30/2014 | 08/01/2014 - 08/31/2014 | 1,270,285.00 | 71,816.44 | NA | NA | 254,057.00 |
| **Total** |  | **$3,300,549.00** | **$142,783.00** | **NA** | **NA** | **$660,109.80** |

## SUMMARY OF FEES INCURRED BY PROFESSIONAL
## INTERIM PERIOD BY PROJECT CATEGORY

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Cavicchi, Joseph | Senior Managing Director | $685 | 121.0 | $82,885.00 |
| Conly, Albert S | Senior Managing Director | 925 | 10.7 | 9,897.50 |
| Davido, Scott | Senior Managing Director | 800 | 64.2 | 51,360.00 |
| Diaz, Matthew | Senior Managing Director | 925 | 360.8 | 333,740.00 |
| Eisenband, Michael | Senior Managing Director | 925 | 80.4 | 74,370.00 |
| Grant, Kenneth | Senior Managing Director | 650 | 151.9 | 98,735.00 |
| Joffe, Steven | Senior Managing Director | 925 | 79.4 | 73,445.00 |
| Jones, Scott | Senior Managing Director | 950 | 61.7 | 58,615.00 |
| Reishus, David | Senior Managing Director | 685 | 5.0 | 3,425.00 |
| Scruton, Andrew | Senior Managing Director | 925 | 218.1 | 201,742.50 |
| Simms, Steven | Senior Managing Director | 925 | 187.6 | 173,530.00 |
| Tranen, Jeffrey | Senior Managing Director | 725 | 145.9 | 105,777.50 |
| Star, Samuel | Senior Managing Director | 925 | 0.5 | 462.50 |
| Brill, Glenn | Managing Director | 675 | 3.0 | 2,025.00 |
| Cordasco, Michael | Managing Director | 765 | 376.4 | 287,946.00 |
| Greenberg, Mark | Managing Director | 765 | 79.9 | 61,123.50 |
| Lemon, Andrew | Managing Director | 650 | 25.0 | 16,250.00 |
| Park, Ji Yon | Managing Director | 735 | 437.0 | 321,195.00 |
| Yozzo, John | Managing Director | 705 | 2.5 | 1,762.50 |
| Arsenault, Ronald | Senior Director | 515 | 309.9 | 159,598.50 |
| Fisher, Robert | Senior Director | 425 | 37.1 | 15,767.50 |
| Molin, David | Director | 595 | 1.0 | 595.00 |
| Pike, Jonathan | Director | 320 | 22.5 | 7,200.00 |
| Celli, Nicholas | Senior Consultant | 480 | 304.6 | 146,208.00 |
| Eisler, Marshall | Senior Consultant | 480 | 93.3 | 44,784.00 |
| Goad, David | Senior Consultant | 550 | 261.3 | 143,715.00 |

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Johnson, Tessa | Senior Consultant | 395 | 24.1 | 9,519.50[2] |
| Johnson, Tessa | Senior Consultant | 360 | 35.0 | 12,600.00 |
| Rauch, Adam | Senior Consultant | 550 | 446.2 | 245,410.00 |
| Rosen, Jonathan | Senior Consultant | 390 | 33.5 | 13,065.00 |
| Zimmermann, Deborah | Senior Consultant | 710 | 1.5 | 1,065.00 |
| Nolan, Andrew | Senior Consultant | 430 | 31.5 | 13,545.00 |
| Brennan, Margaret | Consultant | 335 | 5.1 | 1,708.50 |
| Eimer, Sean | Consultant | 385 | 170.9 | 65,796.50 |
| Freeman, Andrew | Consultant | 315 | 2.8 | 882.00 |
| Friedrich, Steven | Consultant | 335 | 428.6 | 143,581.00 |
| Mond, Allison | Consultant | 325 | 200.0 | 65,000.00 |
| Rothschild, Eric | Consultant | 335 | 19.3 | 6,465.50 |
| Tracy, Alexander | Consultant | 385 | 253.2 | 97,482.00 |
| Hellmund-Mora, Marili | Associate | 250 | 164.5 | 41,125.00 |
| Jones, Rebekah | Associate | 305 | 4.9 | 1,494.50 |
| Moore, Teresa | Associate | 225 | 52.0 | 11,700.00 |
| Marion, Bethany | Associate | 175 | 2.0 | 350.00 |
| Gittelman, Jeremy | Summer Associate | 175 | 433.6 | 75,880.00 |
| Lowenstein, Jeffrey | Summer Associate | 250 | 65.6 | 16,400.00 |
| Sadler, Eric | Summer Associate | 175 | 15.4 | 2,695.00 |
| Cheng, Earnestiena | Summer Associate | 175 | 62.1 | 10,867.50 |
| Rosen, Aaron | Summer Associate | 175 | 59.0 | 10,325.00 |
| Visconti, Charles | Summer Associate | 175 | 3.0 | 525.00 |
| Hogan, William | Economic Consultant | 1,000 | 1.0 | 1,000.00 |
| **Subtotal** | | | **5,955.5** | **$3,324,637.00** |
| *Less: 50% discount for non-working travel time* | | | | (24,088.00) |
| **Grand Total** | | | **5,955.5** | **$3,300,549.00** |
| *Blended Hourly Rate* | | | | *$554.20* |

## SUMMARY OF FEES INCURRED DURING THE
## INTERIM PERIOD BY PROJECT CATEGORY

| BY TASK CODE | | Hours | Fees |
|---|---|---|---|
| 1 | Current Operating Results & Events | 234.7 | $131,796.00 |
| 2 | Cash & Liquidity Analysis | 14.6 | 9,124.50 |
| 3 | Financing Matters (DIP, Exit, Other) | 58.5 | 45,606.50 |
| 4 | Trade Vendor Issues | 8.1 | 5,939.50 |
| 5 | Real Estate Issues | 16.5 | 10,954.50 |
| 6 | Asset Sales | 11.1 | 8,285.00 |
| 7 | Analysis of Business Plan | 1,124.8 | 609,182.00 |
| 9 | Analysis of Employee Compensation Programs | 259.9 | 159,216.50 |
| 10 | Analysis of Tax Issues | 358.1 | 242,648.50 |
| 11 | Prepare for and Attendance at Court Hearings | 46.8 | 40,970.00 |
| 12 | Analysis of SOFAs & SOALs | 383.0 | 189,759.00 |
| 13 | Analysis of Other Miscellaneous Motions | 195.0 | 125,711.00 |
| 15 | Analysis of Interco. Claims, Related Party Transactions | 1,017.5 | 510,634.00 |

---

[2] Rate change from $360 to $395 effective on July 1, 2014.

| BY TASK CODE | | Hours | Fees |
|---|---|---:|---:|
| 16 | POR & DS - Analysis, Negotiation and Formulation | 14.5 | 11,483.00 |
| 18 | Select Legacy Transactions | 817.6 | 451,052.00 |
| 19 | Case Management | 27.8 | 22,738.00 |
| 20 | General Meeting with Debtor & Debtors' Professionals | 11.2 | 10,172.50 |
| 21 | General Meetings with Committee & Committee Counsel | 121.2 | 107,929.00 |
| 22 | Meetings with Other Parties | 9.2 | 8,510.00 |
| 23 | Firm Retention and Fee Application | 268.4 | 71,843.00 |
| 24 | Preparation of Fee Application | 82.6 | 24,663.00 |
| 25 | Non-Working Travel Time | 65.7 | 48,176.00 |
| 28 | First Lien Investigation | 808.7 | 478,243.50 |
| **Total** | | **5,955.5** | **$3,324,637.00** |
| | Less: 50% discount for non-working travel time | | (24,088.00) |
| **Grand Total** | | **5,955.5** | **$3,300,549.00** |

## SUMMARY OF EXPENSES INCURRED
## DURING THE INTERIM PERIOD

| CATEGORY | TOTAL |
|---|---|
| Airfare | $12,028.73 |
| Business Meals | 3,115.03 |
| Lodging | 5,233.46 |
| Ground Transportation | 5,207.79 |
| Other | 117,197.99 |
| **Total** | **$142,783.00** |

This first interim fee application for compensation and reimbursement of expenses (the "Fee Application") is filed by FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI") requesting payment for services rendered and reimbursement of costs expended as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "TCEH Debtors")[3] for the period of May 19, 2014 through August 31, 2014 (the "Application Period"). In support of this Fee Application, FTI respectfully states as follows:

---

[3] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

4

**Introduction**

1. FTI provided services to the Committee in accordance with the instructions and directions of the Committee. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

2. FTI submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "<u>Administrative Order</u>") [Docket No. 220], Del. Bankr. LR 2016-2 and the Retention Order. By this Fee Application, FTI seeks interim allowance and payment of 100% of compensation for actual and necessary professional services rendered in the amount of $3,300,549.00, and seeks the allowance and payment of 100% of its actual and necessary expenses in the amount of $142,783.00, in accordance with the terms of the Administrative Order.

3. FTI has filed and served the monthly fee applications for the periods of (i) May 19, 2014 through June 30, 2014, (ii) July 1, 2014 through July 31, 2014, (iii) and August 1, 2014 through August 31, 2014.

**Jurisdiction**

4. The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On April 29, 2014 (the "<u>Petition Date</u>"), the TCEH Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The TCEH Debtors are operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On May 12, 2014 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven members:

>   (a) Pension Benefit Guaranty Corporation;
>   (b) HCL America, Inc.;
>   (c) The Bank of New York Mellon;
>   (d) Law Debenture Trust Company of New York
>   (e) Holt Texas LTD, d/b/a Holt Cat
>   (f) ADA Carbon Solution (Red River); and
>   (e) Wilmington Savings Fund Society.

On May 14, 2014, the Committee selected Morrison & Foerster LLP ("MoFo") and Polsinelli PC to serve as Committee counsel. On May 16, 2014, the Committee selected Lazard Frères & Co. LLC ("Lazard") to serve as its investment banker, and on May 19, 2014, the Committee selected FTI as its financial advisor.

7. On July 25, 2014 FTI filed its retention application. On October 20, 2014 the Court entered an order approving the retention of FTI as financial advisor to the Committee effective as of May 19, 2014 (the "Retention Order") [Docket No. 2507].

**Summary of Services Rendered**

8. The Debtors' chapter 11 cases have presented numerous large and complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorized FTI to render financial advisory services to the Official Committee of Unsecured Creditors.

9. FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the First Interim Period, there have been a few instances

6

where more than one FTI professional attended a hearing or conference. These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement.

10. The total number of hours expended by FTI professionals and paraprofessionals in performing professional services for the Committee during the Application Period was 5,955.5 hours. Pursuant to the Retention Order, FTI is entitled to monthly compensation for its services provided to the Committee at its current hourly rates, plus reimbursement of necessary out of pocket expenses.

11. Services rendered by each professional and paraprofessional during the Application Period, and a summary of the time incurred by project code followed by detailed time entries, is attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.

12. The following paragraph(s) describe the primary services rendered by FTI, but are not limited to the categories set forth below.

*Code 1 – Current Operating Results (234.7 hours)*

During the Application Period, FTI reviewed and analyzed financial and operating information distributed by the TCEH Debtors, their advisors and their affiliates that related to historical and current performance. In addition to materials provided to the Committee directly by the TCEH Debtors, FTI reviewed quarterly and annual public filings, relevant industry statistics, first day docket filings, and daily news and docket updates in order to provide the Committee with current information. Time in this task code includes the review of case background and analysis of industry statistics driving the TCEH Debtors' business in preparation of presentations to the Committee.

*Code 7 – Analysis of Business Plan (1,124.8 hours)*

During the Application Period, FTI reviewed and analyzed the TCEH Debtors' business plan projections and models. FTI participated in calls with the TCEH Debtors and the TCEH Debtors' professionals to better understand the assumptions incorporated in the business plan, as well as the mechanics of the TCEH Debtors' financial models. Time in this task code includes time spent analyzing the operational and financial history of the electricity generation, wholesale, retail, and transmission and distribution businesses in Electric Reliability Council of Texas ("ERCOT") market in order to assess the prospects of the businesses going forward. FTI researched and prepared models to analyze key drivers of the TCEH Debtors' business including, among others, new entry pricing models, electricity reserves, natural gas prices, and power plant generation characteristics, in order to begin to develop independent projections of such drivers.

Time in this task code also includes participation in a meeting with Committee advisors to discuss these topics and general strategy in advance of a meeting between the TCEH Debtors and the Committee's advisors. FTI attended an in person meeting with the TCEH Debtors and their advisors at their Dallas headquarters where we discussed the TCEH Debtors' current version of the business plan and its key drivers. When we were granted access to the data room, our team reviewed its contents and documents applicable to this work steam.

*Code 9 – Analysis of Employee Compensation Programs (259.9 hours)*

During the Application Period, FTI reviewed the first day wage and benefit motion and prepared a summary report for the Committee. Additionally, time in this task code includes review of the TCEH Debtors' insider and non-insider incentive compensation motions. In order to diligence the incentive compensation motions, FTI reviewed (i) additional backup requested which was provided by the Debtors and (ii) actual financial results related to evaluating potential compensation payouts. In addition, FTI professionals participated in multiple calls with the Debtors and their advisors regarding the proposed incentive plans and

related backup and with Committee counsel to discuss strategy and recommendations. Our team prepared detailed presentations to the Committee summarizing our diligence and recommendations.

Time in this task code also includes the review and summarization of motions to separate the TCEH Debtors' 401(k) plans and to honor retiree benefits. FTI participated in multiple calls with the TCEH Debtors and their advisors regarding these motions and related support and with Committee counsel to discuss strategy and recommendations. In order to analyze the proposed programs, FTI created a detailed stratification analysis of proposed benefit plans, including the Second Supplemental Retirement Plan (the "SSRP") annuity payments, SSRP lump sum payments, and the Salary Deferral Program (the "SDP") payments. FTI prepared and presented a report to the Committee summarizing our diligence, observations, and recommendations. In addition, FTI professionals attended a meeting with the TCEH Debtors to discuss their proposed incentive plans for the Company insiders and reviewed historical plans previously in place.

*Code 10 – Analysis of Tax Issues (358.1 hours)*

During the Application Period, FTI analyzed various tax considerations of the Restructuring Support Agreement and the NextEra strategic proposal, including a review of the relevant requirements of the internal revenue code. FTI analyzed the historical intercompany tax payments between EFH and its subsidiaries, including a review of historical federal and state tax returns and an analysis of the Debtors' tax sharing agreements. Furthermore, FTI reviewed additional tax documents provided by the Debtors relating to tax basis of assets and net operating losses. FTI also reviewed the first day motion seeking authorization to pay certain prepetition taxes and fees.

9

*Code 12 – Analysis of SOFAs & SOALs (383.0 hours)*

FTI reviewed the TCEH Debtors' Statements of Financial Affairs ("SOFAs") and Schedules of Assets and Liabilities ("SOALs") which were filed by the TCEH Debtors on June 30, 2014. In connection with our review, we prepared for and participated in numerous diligence sessions with the Company and their advisors in order to address our questions. Following our review, FTI prepared and presented a report to the Committee summarizing the contents, our observations, and the next steps regarding the SOFAs and SOALs. Key areas of FTI's diligence included, but were not limited to: (i) corporate entity structure, (ii) assets of the Estates, including unencumbered assets, (iii) detail regarding secured, priority, and unsecured claims, (iv) payments made to creditors within the 90 days prior to the Petition Date, (v) payments made to insiders within the year prior to the Petition Date, and (vi) intercompany balances.

*Code 13 – Analysis of Other Miscellaneous Motions (195.0 hours)*

Time in this code includes analysis of various first day motions and subsequent motions filed by the TCEH Debtors including, among others, the TCEH Debtors' financial advisor and investment banker retention applications, lease rejection motions, trading and hedging motions, request to bid on Optim Energy assets motion, request to amend the Comanche Peak joint venture agreement motion, request to approve a set-off stipulation with Alcoa motion, and certain other motions. FTI had several discussions with the TCEH Debtors and their advisors to assess the economic impact of these motions and FTI summarized our analyses of these motions for the Committee's review and consideration.

*Code 15 – Analysis of Intercompany Claims, Related Party Transactions (1,017.5 hours)*

Time in this code includes the review of the TCEH Debtors' cash management motion and general cash management procedures, including postpetition use of bank accounts, shared services utilizing the corporate services function, and use of "money pools". FTI personnel participated in multiple calls with the TCEH Debtors and their advisors to discuss

these proposed cash management procedures. Our team reviewed the shared services agreements and prepared a detailed summary of the cost allocations in these agreements. Time in this code also includes the preparation of a Committee report summarizing the TCEH Debtors' cash management system, including the use of shared services and intercompany mapping of receipt and disbursement flows between Debtor entities. FTI professionals reviewed numerous drafts of the proposed cash management order and participated in calls with Committee counsel to discuss our proposed changes.

During the Application Period, FTI performed extensive diligence surrounding both historical and current intercompany balances and transactions. FTI participated in numerous calls with the Debtors and their advisors regarding diligence requests and status of information flow. FTI's review of intercompany activities covered the Demand Notes, general intercompany activities and historical changes in balances, shared service cost allocations and their respective cost allocation methodologies, money pool activities and letters of credit. Time in this period includes participating in working sessions with Counsel to prepare discussion materials regarding the aforementioned topics. FTI also participated in periodic calls with the Committee professionals to review FTI's materials and to discuss the status of the intercompany review, issues and strategy, as well as next steps.

Time in this code includes participation in a meeting with the Committee's advisors to discuss these topics and general strategy in advance of a meeting between the TCEH Debtors and the Committee's advisors. FTI participated in the June 19th meeting with the TCEH Debtors and their advisors at their Dallas headquarters at which we discussed these select prepetition intercompany items.

*Code 18 – Investigations of Select Legacy Transactions (817.6 hours)*

During the Application Period, FTI reviewed public filings and non-public information provided by the TCEH Debtors regarding their Liability Management Program

11

("LMP") and prepetition capital structure evolution. Time in this code includes preparation of a detailed prepetition debt roll-forward as well as an analysis of debt held by affiliates from the time the TCEH Debtors' were acquired by Texas Energy Future Holdings Limited Partners in 2007 (the "2007 LBO") to the bankruptcy date, including an analysis of the TCEH Debtors' ability to sustain operations under the 2007 LBO transaction structure. FTI also reviewed and prepared analyses summarizing the TCEH Debtors' relationship with its equity sponsors, the related management agreements, services provided to the TCEH Debtors by the sponsors, and payments made to the TCEH Debtors' sponsors on account of the management agreement and other related services. FTI professionals reviewed additional information received related to the sponsor management agreements and payments made to the Debtors' sponsors.

During the Application Period, FTI reviewed public filings and non-public information provided by the Debtors related to transition bonds and related transactions. FTI professionals reviewed additional information related to the Debtors' management agreements and payments made to the Debtors' sponsors. Additionally, FTI participated in working sessions with Counsel in order to prepare discussion materials related to transition bonds as well as the Debtors' relationship with the sponsors. Time in this code also includes the review of public filings related to historical transactions involving the ownership of ONCOR.

*Code 21 – General Meetings with Committee & Committee Counsel (121.2 hours)*

FTI prepared for and participated in numerous conference calls with the Committee and Committee Counsel to provide updates and recommendations regarding key events and issues. These calls and meetings included discussions with respect to case work plan, first day motions, proposed DIP financing, cash management, Court hearings, industry-related topics, expert witness interviews, proposed employee incentive plans, the Debtors' SOFAs and SOALs, the RSA, investigations of legacy transactions, first lien investigation, general case

strategy, and other key topics. In preparation for these calls, FTI prepared memos and reports analyzing pertinent information for the benefit of the Committee.

*Code 23 – Firm Retention (268.4 hours)*

In connection with our retention as financial advisor to the Committee and as required by the Bankruptcy Court, FTI conducted a comprehensive review of the parties-in-interest in the TCEH Debtors' bankruptcy cases to ensure that adequate disclosures were made of FTI's clients relationships and their connections, if any, to the TCEH Debtors' bankruptcy cases. In accordance with internal procedures, this involved cross-checking certain parties-in-interest (over 10,500) against FTI's internal databases, making appropriate disclosures and preparing the related retention application and affidavit.

*Code 28 – First Lien Investigation (808.7)*

In connection with the Committee's investigation of claims against the TCEH first lien lenders, FTI reviewed and analyzed various reports prepared by advisors to the TCEH Debtors' over the historical period since the 2007 LBO. FTI also analyzed the TCEH Debtors' solvency at various points in time since the 2007 LBO to assess certain potential claims against the TCEH first lien lenders. Findings from this analysis were discussed with the Committee and Committee counsel.

Additionally, FTI reviewed historical debt interest calculations and unencumbered funds in the months leading up to the petition date. FTI also communicated with the Debtors' advisors regarding outstanding requests for information and participated on calls with Counsel regarding the investigation status and FTI due diligence.

**Actual and Necessary Costs and Expenses Incurred**

13. Reimbursement of expenses in the amount of $142,783.00 is sought herein. A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Application Period, and an itemization of each expense within each category, is attached as

**Exhibit C** and **Exhibit D**. FTI reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured in FTI's billing system on the date of filing this Fee Application.

### Statement from FTI Consulting, Inc.

14. At all relevant times, FTI has been a disinterested person, as that term is defined at § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code, and has not represented or held any interest adverse to any interest of the Committee.

15. FTI has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. No agreement or understanding exists between FTI and any other entity (other than shareholders or employees of FTI), except with respect to Cambridge Energy Solutions ("CES")[4], for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

16. All services for which FTI requests compensation were performed at the direction or instruction of the Committee and for or on behalf of the Committee. The professional services and related expenses for which FTI requests quarterly allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of FTI's professional responsibilities as Financial Advisors to the Committee in the Debtors' Chapter 11 cases.

17. FTI respectfully submit that, in accordance with the factors enumerated at § 330 of the Bankruptcy Code, the services provided were necessary and beneficial to the Committee,

---

[4] As disclosed in paragraph 6 of the Retention Order and the *Supplemental Declaration of Steven Simms in Support of Application for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Section 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014.*

the Debtors' estates, creditors and other parties in interest and as such the compensation being sought for its services is fair and reasonable.

## Notice

18. As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) Energy Future Holdings Corp.; (b) co-counsel for the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors', Richards Layton & Finger, P.A.; (d) the Office of the United States Trustee for the District of Delaware; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP; (f) counsel for the TCEH First Lien DIP Facility, Milbank, Tweed, Hadley & McCloy LLP; (g) counsel to the Committee of Unsecured Creditors, Morrison & Foerster LLP; and (h) counsel to the Fee Committee, Godfrey & Kahn, S.C. Notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

19. WHEREFORE, FTI respectfully requests that the Court (i) approve and allow on an interim basis the compensation requested and reimbursement of actual and necessary costs and expenses; and (ii) approve the payment of the 100% of allowed fees and expenses and (iii) provide such further relief as may be just and proper..[5]

Dated: October 31, 2014

FTI CONSULTING, INC

By: _____
Matthew Diaz
Three Times Square
New York, NY 10036
Telephone: 212-499-3611
E-mail: matthew.diaz@fticonsulting.com

---

[5] Paragraph 2(b) of the Administrative Order requires Professionals (as defined in the Administrative Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "Direct Benefit Fees"). FTI has incurred fees and expenses for the collective benefit of the TCEH Debtors. As a result, FTI has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Administrative Order. Thus, all of FTI's fees and expenses identified in this Monthly Fee Statement should be paid by the TCEH Debtors.

## **VERIFICATION PURSUANT TO DEL. BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)**

I, Matthew Diaz, verify as follows:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI"). FTI has rendered professional services to the Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 case.

2. I have read the foregoing application of FTI for compensation and reimbursement of expenses (the "Fee Application"). To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del.Bankr.LR 2016-2, and the Executive Office for the United States Trustee.

Executed on: October 31, 2014

FTI CONSULTING, INC

By: /s/ Matthew Diaz
Matthew Diaz
Three Times Square
New York, NY 10036
Telephone: 212-499-3611
E-mail: matthew.diaz@fticonsulting.com

*Financial Advisors to the Official Committee of Unsecured Creditors*

16