## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: November 21, 2014 at 4:00 p.m. (ET)** |

## SUMMARY OF FIRST INTERIM APPLICATION OF POLSINELLI PC AS DELAWARE COUNSEL AND CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 13, 2014 THROUGH AUGUST 31, 2014

| Name of Applicant | Polsinelli PC |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company |
| Date of Retention: | October 17, 2014 *nunc pro tunc* to May 13, 2014 |
| Period for which compensation and reimbursement is sought: | May 13, 2014 through August 31, 2014 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $500,927.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $32,695.04 |

This is a(n): ___ Monthly  _X_ Interim ___ Final Fee Application.  This is the First Interim Fee Application for Polsinelli.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE**

| Date & Docket No. Filed | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees (80%) | Approved Expenses (100%) | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 10/31/2014 D.I. 2593 | 5/13/2014 through 5/31/2014 | $83,722.00 | $3,396.53 | CNO N/A [---] | $66,977.60 | $3,396.53 | $16,744.40 |
| 10/31/2014 D.I. 2594 | 6/1/2014 through 6/30/2014 | $175,093.00 | $23,558.93 | CNO N/A [---] | $140,074.40 | $23,558.93 | $35,018.60 |
| 10/31/2014 D.I. 2596 | 7/1/2014 through 7/31/2014 | $140,452.00 | $4,172.20 | CNO N/A [---] | $112,361.60 | $4,172.20 | $28,090.40 |
| 10/31/2014 D.I. 2597 | 8/1/2014 through 8/31/2014 | $101,660.50 | $1,567.38 | CNO N/A [---] | $81,328.40 | $1,567.38 | $20,332.10 |
| **TOTAL** | | **$500,927.50** | **$32,695.04** | | **$400,742.00** | **$32,695.04** | **$100,185.50** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY BY POLSINELLI PC AS DELAWARE COUNSEL AND CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>INCURRED FOR THE PERIOD MAY 13, 2014 THROUGH AUGUST 31, 2014</u>**

| Project Category | Hours Billed | Fees Sought |
|---|---|---|
| Administration | 2.70 | $ 1,653.00 |
| Asset Analysis & Recovery | 0.30 | $ 126.00 |
| Asset Disposition | 9.10 | $ 4,616.00 |
| Assumption/Rejection of Leases & Contracts | 5.80 | $ 3,182.00 |
| Avoidance Action Analysis | 36.40 | $ 19,327.00 |
| Bankruptcy-Related Advice | 320.70 | $ 146,665.50 |
| Business Operations | 32.20 | $ 19,529.50 |
| Case Administration | 127.40 | $ 44,111.00 |
| Claims & Plan | 1.30 | $ 546.00 |
| Claims Administration & Objections | 18.80 | $ 10,491.00 |
| Corporate Governance & Board Matters | 22.00 | $ 11,126.00 |
| Employee Benefits/Pensions | 1.70 | $ 769.00 |
| Employment/Fee Applications | 139.60 | $ 66,750.00 |
| Financing & Cash Collateral | 102.50 | $ 51,667.50 |
| General Bankruptcy Advice/Opinions | 3.60 | $ 2,124.00 |
| Litigation Contested Matters(excl assump/rejection motions) | 132.10 | $ 61,612.00 |
| Meetings of & Communications with Creditors or the Committee | 58.60 | $ 34,341.00 |
| Non-Working Travel | 11.50 | $ 2,553.00 |
| Operations | 7.80 | $ 2,808.00 |
| Plan & Disclosure Statement (including business plan) | 2.80 | $ 1,485.00 |

49065255.3

| | | |
|---|---|---|
| Relief from Stay/Adequate Protection Proceedings | 1.80 | $ 985.00 |
| Tax Issues | 20.70 | $ 14,460.00 |
| **Total** | **1,059.40** | **$ 500,927.50** |

### SUMMARY OF PROFESSIONAL SERVICES RENDERED BY
### POLSINELLI PC AS DELAWARE COUNSEL AND CONFLICTS COUNSEL
### FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Polsinelli attorneys who rendered professional services in these Cases during the

Compensation Period are:

| Professional Person | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Christopher A. Ward | Shareholder | 1999 | Bankruptcy and Financial Restructuring | $650.00 | 336.40 | $218,660.00 |
| Christopher A. Ward | Shareholder | 1999 | Bankruptcy and Financial Restructuring | $325.00 | 1.20 | $390.00 |
| Jim E. Bird | Shareholder | 1980 | Bankruptcy and Financial Restructuring | $590.00 | 11.4 | $6,726.00 |
| Frank A. Caro | Shareholder | 1983 | Energy | $590.00 | 4.30 | $2,537.00 |
| Bill Church | Shareholder | 1988 | Litigation | $575.00 | 3.90 | $2,242.50 |
| Anne Callenbach | Shareholder | 1998 | Energy and Utilities | $460.00 | 3.00 | $1,380.00 |
| Robert Cudd | Senior Partner | 1975 | Tax | $700.00 | 20.10 | $14,070.00 |
| Shanti M. Katona | Associate | 2007 | Bankruptcy and Financial Restructuring | $420.00 | 82.20 | $34,524.00 |
| Jarrett K. Vine | Associate | 2009 | Bankruptcy and Financial Restructuring | $360.00 | 53.30 | $19,188.00 |
| Cristel Shepherd | Associate | 2007 | Loan Enforcement | $340.00 | 20.00 | $6,800.00 |
| Justin K. Edelson | Associate | 2007 | Bankruptcy and Financial Restructuring | $420.00 | 365.60 | $153,552.00 |
| Justin K. Edelson | Associate | 2007 | Bankruptcy and Financial Restructuring | $210.00 | 10.3 | $2,163.00 |
| **Blended Rate:** | | | | **$470.00** | | |
| **Total:** | | | | | **816.20** | **$462,232.50** |

The paraprofessionals of Polsinelli who rendered professional services in these Cases during the Compensation Period are:

| Paraprofessional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Lindsey M. Suprum | Paralegal | Seven | Bankruptcy and Financial Restructuring | $265.00 | 127.50 | $33,787.50 |
| Lorraine Sides | Paralegal | Four | Bankruptcy and Financial Restructuring | $250.00 | 18.30 | $4,575.00 |
| Tracy Scott | Case Manager | One | Litigation | $175.00 | 1.90 | $332.50 |
| **Total:** | | | | | **147.70** | **$38,695.00** |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES
INCURRED BY POLSINELLI PC AS DELAWARE COUNSEL AND CONFLICTS
COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD MAY 13, 2014 THROUGH AUGUST 31, 2014**

| Category | Amount |
|----------|--------|
| Client Advance | $ 16,954.46 |
| Document Reproduction | $ 1,908.00 |
| Document Reproduction | $ 2,541.65 |
| Deliveries | $ 92.50 |
| Deposition | $ 776.40 |
| Filing Fees | $ 1,203.57 |
| Telephone | $ 14.95 |
| Lodging | $ 1,385.66 |
| On-Line Searches | $ 571.90 |
| Meals | $ 1,983.56 |
| Miscellaneous | $ 45.00 |
| Subpoena/Summons | $ 251.25 |
| Transcript of Proceedings | $ 4,183.26 |
| Travel | $ 629.00 |
| Transportation | $ 153.88 |
| **Total** | **$ 32,695.04** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:  November 21, 2014 at 4:00 p.m. (ET)** |

**FIRST INTERIM APPLICATION OF POLSINELLI PC AS DELAWARE COUNSEL
AND CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD MAY 13, 2014 THROUGH AUGUST 31, 2014**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Authorizing the Official Committee of Unsecured Creditors Of Energy Future Holdings Corp., et al., to Retain and Employ Polsinelli PC Effective as of May 13, 2014* [Docket No. 2491] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Polsinelli PC ("**Polsinelli**" or the "**Firm**"), Delaware counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Electric Holdings Company LLC, and their direct and indirect subsidiaries (the "**TCEH Debtors**"), and EFH Corporate Services Company, files this first interim fee application (the "**Application**") for: (i) compensation in the amount of $500,927.50 for the reasonable and necessary legal services Polsinelli rendered to the Committee from May 13, 2014 through August 31, 2014 (the "**Compensation Period**"); and (ii) reimbursement for the actual and necessary expenses that Polsinelli incurred, in the amount of $32,695.04, during the Compensation Period.  In support of this Application, Polsinelli respectfully states as follows:

**Jurisdiction, Venue, and Predicates for Relief Sought**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).  Venue of this proceeding and this Application is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and Local Rule 2016-2.

**Background**

3.      On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**").  The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of First Day Motions* [Docket No. 98].

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in these Cases.

6.      On May 13, 2014, the Office of the United States Trustee appointed the Committee [Docket No. 420].  The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

7.      On July 25, 2014, Polsinelli filed the *Application of the Official Committee of Unsecured Creditors for an Order Under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(a) Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Co-Counsel to the Official Committee of Unsecured Creditors* [Docket No. 1698] (the "**Retention Application**").  On October 17, 2014, this Court entered the Retention Order.

8.      Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month.  If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

**Summary of Professional Compensation and
Reimbursement of Expenses Requested**

9.      This Application has been prepared in accordance with sections 330 and 331 the

Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Retention Order, the Interim

Compensation Order, the Fee Committee Order, and the *Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in*

*Larger Chapter 11 Cases, effective June 11, 2013* (the "**UST Guidelines**").  The Committee has

reviewed this Application and approves and supports interim allowance of the amounts requested

by Polsinelli for professional services performed and expenses incurred during the Compensation

Period.  Pursuant to the Guidelines, a certification of Christopher A. Ward, Esq. of Polsinelli

regarding compliance with the Guidelines and the Local Rules is attached as <u>Exhibit A</u>.

10.      Polsinelli seeks allowance of interim compensation for professional services

during the Compensation Period in the amount of $500,927.50 and for expenses incurred in

connection with the rendition of those services in the amount of $32,695.04.   During the

Compensation Period, Polsinelli attorneys and paraprofessionals expended a total of 1,059.40

hours to perform the necessary services.

11.      All services for which compensation is requested by Polsinelli in this Application

were performed for or on behalf of the Committee and done in coordination with Morrison &

Foerster LLP to assure that there was no duplication of effort.  Polsinelli has received no

payment and no promises for payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.  There is no

agreement or understanding between Polsinelli and any other person (other than the shareholders

of Polsinelli) for the sharing of compensation to be received for services rendered in these Cases.

12.      Polsinelli believes its rates are the market rates that the majority of law firms

charge clients for the type of services Polsinelli has been asked to provide here.  In addition,

Polsinelli believes that its charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

13.    The fees charged by Polsinelli in these Cases are billed in accordance with Polsinelli's existing billing rates and procedures in effect during the Compensation Period.  The rates Polsinelli charges for the services rendered by its professionals and paraprofessionals in these Cases are the same rates Polsinelli charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy matters.  These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

14.    Pursuant to the Guidelines, attached as <u>Exhibit B</u> is a schedule setting forth all Polsinelli professionals and paraprofessionals who performed services in these Cases during the Compensation Period, the capacities in which such individuals are employed by Polsinelli, the hourly billing rates charged by Polsinelli for services performed by such individuals, and the aggregate number of hours expended and fees billed.

15.    Attached as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which Polsinelli is seeking reimbursement and the total amount for each expense category.

16.    Attached as <u>Exhibit D</u> is a summary of Polsinelli time billed during the Compensation Period, broken down by project categories.

17.    Attached as <u>Exhibit E</u> is Polsinelli's time and expense detail for the Compensation Period.

## **Polsinelli Fee Statements**

18.    Polsinelli maintains computerized records of time spent by all Polsinelli attorneys and paraprofessionals in connection with the representation of the Committee.   Polsinelli

submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.  During the Compensation Period, Polsinelli provided the Notice Parties with the following Monthly Fee Statements:

19.     For May 12, 2014 through May 31, 2014 – fees of $83,722.00 and expenses of $3,396.53 (the "**May Statement**");

20.     For June 1, 2014 through June 30, 2014 – fees of $175,093.00 and expenses of $23,558.93 (the "**June Statement**");

21.     For July 1, 2014 through July 31, 2014 – fees of $140,452.00 and expenses of $4,172.20 (the "**July Statemen**t"); and

22.     For August 1, 2014 through August 31, 2014 – fees of $101,660.50 and expenses of $1,567.38 (the "**August Statement**").

23.     In total, Polsinelli submitted Monthly Fee Statements during the Compensation Period for fees of $500,927.50 and expenses of $32,695.04.  As noted, prior to submitting the Monthly Fee Statements, Polsinelli conducted an internal review of the fees and expenses incurred during each applicable period.  As part of this review certain time entries may have been revised or written off at the Firm's discretion.  At the time of this Application, Polsinelli has not received any payments on account of the Monthly Fee Statements.

24.     In total, therefore, pursuant to this Application, Polsinelli respectfully requests that the Court enter an order awarding Polsinelli on an interim basis fees in an aggregate amount of $500,927.50 and the reimbursement of actual and necessary expenses Polsinelli incurred during the Compensation Period in the aggregate amount of $32,695.04.

**Summary of Legal Services Rendered**

25.     Polsinelli has prepared and/or assisted in the preparation of various motions, applications, and orders submitted to this Court for consideration, advised the Committee on a regular basis on numerous matters in connection with these Cases and the Local Rules, and has performed all necessary professional services.

26.     To provide an orderly and meaningful summary of the services rendered by Polsinelli on behalf of the Committee during the Compensation Period, Polsinelli has established task codes as promulgated by the Fee Guidelines.  The following is a summary of the significant professional services rendered by Polsinelli during the Compensation Period, organized in accordance with Polsinelli's task codes.  A more detailed report of the actual services provided is set forth on the attached Exhibit E.

27.     The summary is divided according to the project billing codes that Polsinelli created based on Uniform Task-Based Management System established by the ABA.  In certain circumstances, however, given the interconnectedness of the issues in these Cases, some of these categories, or tasks performed within certain categories, may overlap with one another.

A.  **Asset Analysis and Recovery – B120**

Fees:  $126.00; Total Hours: .3

This category includes time spent reviewing and analyzing the Debtors' assets, including those unencumbered assets potentially available for distribution to unsecured creditors.  During the Compensation Period, Polsinelli aided co-counsel in the legal and factual analysis to determine if there were additional unsecured assets not previously identified by the Debtors.

B.  **Asset Disposition – B130**

Fees:  $4,616.00; Total Hours: 9.10

This category includes time spent by Polsinelli reviewing and analyzing several minor asset sales conducted by the Debtors during the Compensation Period.  Specifically, Polsinelli reviewed and analyzed the sale of the assets of non-Debtor Greenway Development Holdings LLC ("**Greenway**"), and participated in the exchange of a draft stipulations regarding the allocation of proceeds.  Further, Polsinelli aided in the Committee's review and analysis of the sale of the "Northlake" property pursuant to the *Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [Docket No. 764].

Polsinelli also spent a substantial amount of time aiding the Committee and its other professionals in the review and analysis of the Debtors' decision to engage in a formal marketing process to sell their indirect interests in Oncor (the "**Oncor Sale**").  Polsinelli, through not only its Bankruptcy and Financial Restructuring practice but also its Energy practice and Dallas, Texas office, engaged in numerous discussions with co-counsel, Lazard, and FTI regarding the Oncor Sale concerning, among other things, the process by which the Debtors intended to dispose of the Oncor assets, the tax implications of an Oncor Sale on the Debtors' tax position, and whether to object to a formal marketing process.  In addition, Polsinelli's professionals spent a significant amount of time considering the implications of the Oncor Sale on the TCEH entities, and advising the Committee and co-counsel on the same.

C.    **Assumption/Rejection of Leases and Contracts – B185**

Fees:  $3,182.00; Total Hours: 5.80

On May 16, 2014, the Debtors filed the motion (the "**RSA Assumption Motion**") to assume the Restructuring Support Agreement (the "**RSA**").  This category includes most matters related to the RSA Assumption Motion, including time spent reviewing and analyzing the relief sought in the motion and related pleadings and aiding co-counsel in identifying potential issues implicating whether the RSA Assumption Motion should be granted at this time.  Also during the

Compensation Period, Polsinelli aided co-counsel in the process of drafting an objection to the RSA Assumption Motion, which motion the Debtors' ultimately withdrew without a hearing. Amounts related to the RSA that are not captured in this project code can be found in B190.

In addition, this category also includes time spent reviewing the Debtors' motion to reject certain office leases and abandon associated property.

D. **Avoidance Action Analysis – B180**

Fees:  $19,327.00; Total Hours: 36.40

This category includes time spent researching legal issues regarding the potential for avoidance of certain prepetition transactions made by the Debtors.  During the Compensation Period, Polsinelli participated in the legal and factual research and discovery regarding the Debtors' issuance of letters of credit to determine if such issuance could potentially constitute a fraudulent conveyance.

Specifically, pursuant to the final order authorizing the Debtors' use of cash collateral [Docket No. 855], the Committee had a certain period of time within which it could challenge the TCEH Debtors' Stipulations (as defined in the final cash collateral order) and the liens securing the First Lien Facilities (as defined in the final cash collateral order) and the Prepetition First Lien Obligations (as defined in the final cash collateral order).  Accordingly, the Committee initiated a thorough review of the collateral packages of the relevant facilities, including a review of UCC financing statements, collateral documents, and related materials. Polsinelli aided in the preparation of document requests in connection with the collateral review, and provided support to co-counsel in analyzing the documents produced by the Debtors and other parties in interest. This participation was in addition to Polsinelli participating in extensive communications and conference calls with counsel to parties involved in the discovery.  Polsinelli filed all relevant discovery pleadings on behalf of the Committee.  During the Compensation Period, Polsinelli

also researched legal issues raised by a potential challenge of the liens of the First Lien Facilities or the Prepetition First Lien Obligations, including the legal standards for seeking standing to commence, prosecute, and settle claims on behalf of the Debtors' estates.

E. **Business Operations – B210**

Fees:  $19,529.50; Total Hours: 32.20

This category includes time spent by Polsinelli aiding the Committee and its professionals in reviewing matters involving the Debtors' business operations and evaluating the Debtors' business plans.  During the Compensation Period, Polsinelli, through professionals in its Energy practice and located in its Dallas, Texas office, researched the Debtors' Texas Public Energy Commission filings and the ERCOT regulations that impact the Debtors' operations to fully understand the regulatory environment in which the Debtors' operate.

In addition, on June 27, 2014, the Debtors filed a motion seeking authority to participate in an auction for certain assets of Optim Energy [Docket No. 1225] (the "**Optim Motion**").  In conjunction with co-counsel and the Committee's other advisors, Polsinelli reviewed and analyzed pleadings relating to the Optim Motion, assessed the nature of the relief sought and the purported synergies associated with the transaction contemplated by the Optim Motion, and had numerous conversations with the Committee's professionals regarding whether bidding for such assets is in the best interests of the Debtors' estates.

F. **Administration – B100 & Case Administration – B110**

Fees:  $45,764.00; Total Hours: 130.10

This category includes all matters related to the internal administration of the Debtors' cases, including managing an extensive and extremely detailed critical dates calendar, reviewing the case docket and tracking deadlines, preparation of *pro hac vice* applications and notices of

appearance, reviewing and revising confidentiality agreements, and meetings with other Committee professionals regarding general case issues and strategy.

Furthermore, this category includes time spent coordinating on case matters internally, with the Debtors, and with other creditor constituencies, including counsel to the TCEH first lien creditors and the TCEH ad hoc group of unsecured noteholders (the "**Ad Hoc Group**"). Polsinelli participated in numerous meetings with the Debtors and with other Committee professionals during the Compensation Period to address and determine case status and strategy on behalf of the Committee.  Polsinelli partook in co-counsel's weekly telephonic meetings in which the attorneys bearing material responsibility for every workstream in these Cases engage in discussions addressing a wide range of topics, including case strategy and restructuring considerations.  Such discussions, which address many confidential matters, directly assisted Polsinelli's professionals in understanding the impact of issues arising in one workstream on various other workstreams, and were necessary for the coordination of overall case strategy and planning.

G. **Corporate Governance & Board Matters – B260**

Fees:  $11,126.00; Total Hours: 22.00

This category includes all matters related to the governance and day-to-day operations of the Committee, including negotiation, preparation, and review of the Committee by-laws, confidentiality agreements between the Committee professionals and other parties in interest, and time spent reviewing and commenting on Committee minutes.  This category also includes time spent reviewing the Debtors' corporate structure and aiding the Committee and its professionals in understanding how the Debtors have assembled their various boards of directors.

H. **Employee Benefits & Pensions – B220**

Fees:  $769.00; Total Hours: 1.70

This category includes time spent by Polsinelli reviewing and analyzing the numerous pleadings filed during the Compensation Period regarding employee benefits and compensation. Polsinelli spent time reviewing and analyzing issues raised by the Debtors' motion to pay non-insider compensation, pay non-qualified benefits to certain current employees and retirees, pay compensation to insiders, and the Debtors' motion to sever the Debtors' 401(k) plan from Oncor's 401(k) plan.  In connection with each of these motions, Polsinelli discussed the negotiations with the Debtors to modify the terms of the orders with other Committee professionals in an effort to avoid a contested hearing on the matters.

With respect to the Debtors' request to pay insider compensation, the Committee and its professionals met with the Debtors' professionals and was given a detailed presentation on the Debtors' programs, the compensation amounts, and the employees covered by the insider compensation programs.  Polsinelli, in conjunction with other Committee professionals, reviewed the Debtors' programs and ultimately agreed to a form of order acceptable to the Committee before the Debtors' motion was filed.

I.   **Employment and Fee Applications – B170**

Fees:  $66,750.00; Total Hours: 139.60

During the Compensation Period, Polsinelli prepared the Committee's application to retain Polsinelli as its Delaware counsel and conflicts counsel.  In connection with its retention application, Polsinelli spent a considerable amount of time reviewing the Debtors' retention checklist and prepared its declaration and extensive disclosures regarding connections with parties in interest.  Polsinelli filed its initial declaration on July 25, 2014 and filed supplemental declarations on August 14 and September 15, 2014.  An order approving the retention of Polsinelli was entered by this Court on October 17, 2014.

Polsinelli also aided in the drafting and filing of the retention applications for other Committee professionals. Specifically, Polsinelli provided the Committee's other professionals with guidance on the local practice and procedure of this Court concerning each professional's application. This process included numerous communications and conference calls with the Office of the United States Trustee and its counsel.

During the Compensation Period, the Debtors filed numerous applications for authorization to retain legal counsel, investment bankers, financial advisors, special counsel, tax advisors, among others, as well as authorization to employ certain ordinary course professionals. Polsinelli reviewed and analyzed each of the Debtors' retention applications and partook in numerous discussions with the Committee and its professionals concerning the Debtors various retention applications.

During the Compensation Period, Polsinelli also aided co-counsel in the review and analysis of the Debtors' retention applications and whether to object to the Debtors' retention applications based upon potential conflicts that could preclude a single professional from representing all of the Debtors' estates. Several other parties have expressed concern on the ability of a single professional to advise all of the Debtors' estates because of the potentially inter-company claims and potential conflicts among the estates. Polsinelli and other Committee professionals worked with the Debtors, counsel to Wilmington Savings Fund Society, and the Ad Hoc Group on the *Stipulation and Agreed Order Regarding a Protocol For Certain Case Matters*, approved by the Court on September 16, 2014 [Docket No. 2051] (the "**Case Matters Protocol**") to avoid filing objections to the Debtors' retention applications. The Case Matters Protocol resolved a number of issues, including potential litigation regarding retention of the Debtors' professionals. This resolution avoided potentially significant litigation on the issues of conflicted professionals, and is in the best interests of the Debtors' creditors.

J.    **Financing & Cash Collateral – B230**

Fees:  $51,667.50; Total Hours: 102.50

A significant amount of Polsinelli's time during the Compensation Period was spent aiding the Committee and its professionals in analyzing the terms of the debtor-in-possession facilities and use of cash collateral.  On the Petition Date, TCEH sought authority to enter into a $4.475 billion debtor-in-possession facility (the "**TCEH DIP**") and EFIH sought authority to enter into a $7.3 billion debtor-in-possession facility (the "**EFIH DIP**").  The TCEH Debtors also sought approval for the continued use of cash collateral under the prepetition First Lien Credit Agreement (as defined in the final cash collateral order [Docket No. 855]) (together with the motions seeking approval of the TCEH DIP and EFIH DIP, the "**DIP and Cash Collateral Motions**").  In addition, the Debtors filed a motion seeking approval of the EFIH second lien debtor-in-possession facility (the "**EFIH Second Lien DIP**") approval of which was a component of the RSA.

During the Compensation Period, Polsinelli spent a considerable amount of time reviewing the DIP and Cash Collateral Motions and the underlying facilities, and analyzing the impact on unsecured creditors, including researching legal issues raised by the Debtors' motions. Specifically, Polsinelli conducted extensive research and analysis on Delaware precedential DIP transactions and their terms, and the local and procedure for unique DIP financings.  Further, Polsinelli partook in the negotiations with co-counsel, the Debtors, and the debtor-in-possession lenders, as well as their respective professionals, to modify the terms of the final orders in a manner that was acceptable because the Committee found that certain terms of the TCEH DIP and EFIH Second Lien DIP were materially adverse to the interests of unsecured creditors.  With Polsinelli's assistance the Committee was able to resolve all its outstanding issues in advance of the hearing on the DIP and Cash Collateral Motions.

Because the Committee found that certain terms of the EFIH Second Lien DIP were materially adverse to the interests of unsecured creditors, Polsinelli aided co-counsel in the research, drafting, and filing of the Committee's omnibus objection to the EFIH Second Lien DIP [Docket No. 1090].  Along with other objectors, the Committee, through its professionals, prosecuted the objection to the EFIH Second Lien DIP, which ultimately resulted in the withdrawal of the motion by the Debtors.

K.  **Litigation Contested Matters (excluding assumption/rejection motions) – B190**

Fees:  $61,612.00; Total Hours: 132.10

This category includes time spent by Polsinelli relating to, among other things, the EFIH first and second lien makewhole litigations (the "**Makewhole Litigations**") and the appeal of the Court's order approving the EFIH first lien settlement.  During the Compensation Period, Polsinelli aided co-counsel in reviewing the pleadings filed in the underlying bankruptcy case and adversary proceedings regarding the Makewhole Litigations, considered the implications of the regarding the Makewhole Litigations on the TCEH Debtors and potential recoveries of unsecured creditors, and analyzed the arguments set forth by the parties.  In addition, Polsinelli participated in advising the Committee with respect to the legal arguments made by Debtors and the EFIH first and second lien trustees.

This category also includes time spent by Polsinelli preparing for and representing the Committee at the various hearings before the Court regarding the motions filed on the Petition Date or shortly thereafter.  During the Compensation Period, Polsinelli reviewed, analyzed, and aided co-counsel in responding to the first and second day motions.  In addition to the financing motions discussed above, Polsinelli reviewed the joint administration motion, the employee benefits and wages motion, the utilities motion, the shippers, warehousemen, and materialmen motion, the critical vendor motion, the customer programs motion, the cash management motion,

the transition and delivery charges motion, the motion to assume certain ERCOT agreements, the hedging and trading motion, the motion to extend Debtors' deadline to file schedules, the motion to implement *de minimis* asset sale procedures, and the motion to approve employment of ordinary course professionals.  In addition, Polsinelli regularly communicated with co-counsel, the Debtors' professionals, FTI, and Lazard to discuss the relief sought, and worked with the Debtors to revise the proposed final orders granting the requested relief.

Additionally, this category includes time spent reviewing, analyzing, and summarizing other motions filed by the Debtors and other parties in these Cases.  During the Compensation Period, Polsinelli reviewed the legal and financial aspects of the following motions, among others: the Debtors' motion to replace the EFIH notes trustees, the Debtors' motion to approve a settlement with the "Crowson" plaintiffs, the Debtors' motion to waive the Bankruptcy Rule 2015.3 reporting requirements, the Debtors' motion to amend the agreements regarding the Comanche Peak joint venture, the Debtors' motion to extend the Bankruptcy Code section 365(d)(4) deadlines, American Stock Transfers' motion to appoint an official committee of unsecured creditors for Energy Future Holdings Corp., and the Debtors' motion to implement liquidation procedures with respect to hedging and trading activities.

Furthermore, this category includes time spent by Polsinelli engaged in numerous aspects of the discovery process related to a variety of motions, including drafting and serving document demands, preparing for and attending depositions, conducting legal research associated with formal and informal discovery, and tracking and reviewing the discovery obtained from various parties since the commencement of these cases.  During the Compensation Period, Polsinelli conducted formal discovery with respect to the TCEH DIP, the EFIH DIP, and the EFIH Second Lien DIP.  Polsinelli prepared and served document demands with respect to these motions and conducted numerous depositions on the issues raised therein.  In addition, Polsinelli aided in the

preparation of discovery regarding the RSA Assumption Motion and the Debtors' request to amend the Oncor TSA, those motions were withdrawn before formal discovery could be commenced.  Polsinelli also drafted and served document demands on the Debtors in connection with the Committee's intercompany claims investigation.  Polsinelli met and conferred with numerous parties during all stages of the discovery process to resolve discovery disputes without Court intervention.

In addition, the broad discovery the Committee sought necessitated numerous internal meetings to discuss strategy and to analyze potential arguments that could be supplemented by targeted discovery.  To this end, Polsinelli participated in meetings with co-counsel, FTI, and Lazard regarding various discovery issues.

After substantial negotiation with the Debtors and other parties in interest, on August 13, 2014, the Court entered the *Order Establishing Discovery in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [Docket No. 1832] (the "**Discovery Protocol**"), which permits the Committee to seek Legacy Discovery (as defined in the Discovery Protocol) from the Debtors and other third parties.  In connection with the Discovery Protocol, Polsinelli drafted and served discovery demands on various parties and engaged in discussions with the discovery targets regarding the scope and timing of the requested discovery.  Polsinelli also partook in the negotiation of the *Confidentiality Agreement and Stipulated Order* between the Committee, the Debtors, and other parties in interest, which, among other things, governs the confidentiality of documents exchanged among the parties [Docket No 1833].

During the Compensation Period, Polsinelli also provided the Court with updates regarding the ongoing discovery efforts of the Committee and the steps that Polsinelli was taking to resolve any discovery disputes.

L.  **Meetings & Communications with Creditors – B150**

Fees:  $34,341.00; Total Hours: 58.60

This category includes time spent by Polsinelli relating to Committee matters, in-person meetings and conference calls with the Committee as a whole, with individual Committee members, and with the Committee's other legal and financial advisors.  Polsinelli, together with Morrison & Foerster, FTI, and Lazard, coordinates the Committee's activities, including attending to member issues and setting agendas for Committee conference calls and meetings. During the Compensation Period, Polsinelli participated in numerous regularly scheduled conference calls and meetings with the full Committee and its advisors related to the various issues permeating these Cases thus far.  Given the level of activity in these Cases to date, these Committee meetings and calls routinely lasted many hours and required time consuming preparation by the professionals.  During the Compensation Period, Polsinelli also had numerous conference calls with individual Committee members and their counsel, as well as conference calls with other professionals in preparation for Committee meetings and Committee calls.

During Committee calls, Polsinelli discussed key issues with the full Committee and its advisors.  Prior to any meetings or calls, Polsinelli reviewed each pending matter requiring the Committee's attention, the underlying documentation, and coordinated advice with Morrison & Foerster, FTI, and Lazard.  Polsinelli thereafter engaged in the discussion of each of these matters with the Committee, as well as individual Committee members, and assisted the Committee in formulating a position for each matter.  In addition, during the Compensation Period, Polsinelli joined in provisioning Committee members with almost daily case update emails to provide Committee members with up-to-date information regarding the status of case issues and any new pleadings or issues that may arise between Committee meetings or Committee calls.

M. **Non-Working Travel – B195**

Fees:  $2,553.00; Total Hours: 11.50

This category includes time spent by Polsinelli in non-working travel while representing the Committee.  Polsinelli billed one-half of the total time was spent on non-working travel. The non-working travel time only consists of travel time where Polsinelli was not working.  If work was performed, that task was billed to the appropriate task code.

N. **Plan & Disclosure Statement – 017**

Fees:  $1,485.00; Total Hours: 2.80

On the Petition Date, the Debtors' filed the RSA, which contemplated the filing of a disclosure statement and a plan of reorganization that provided very little in the way of recoveries for unsecured creditors (the "**Plan**").  During the Compensation Period, Polsinelli reviewed the terms of the RSA, the Plan, and various Committee internal materials and summaries regarding its terms.  This category also includes time spent by Polsinelli engaging with the Committee's other professionals and other parties in interest regarding the RSA, and the impact of the termination of the RSA on these Cases.   Polsinelli participated in the consideration and analysis of alternative Plan structures that may benefit unsecured creditors and in in-person meetings to address potential Plan and RSA structures.  On July 24, 2014, the Debtors terminated the RSA [Docket No. 1697].

On July 23, 2014, the Debtors filed a motion seeking to extend their exclusive periods for filing and soliciting acceptances of a proposed chapter 11 plan [Docket No. 1683].  Polsinelli evaluated the Debtors' proposed extension of exclusivity in the context of these Cases, and after discussions with the Committee and other parties in interest, determined that entry into the Case Matters Protocol was an appropriate resolution of the exclusivity extension request.

O. **Relief from Stay and Adequate Protection – B140**

Fees:  $985.00; Total Hours: 1.80

During the Compensation Period, Polsinelli reviewed and analyzed the motions filed by the Sierra Club enforcing the automatic stay in an action pending against the Debtors in Texas [Docket No. 1506], and FPL Energy Pecos Wind I, LP, FPL Energy Pecos Wind II, LP, and NWP Indian Mesa Wind Farm, L.P. for a determination that the automatic stay does not apply from terminating certain power purchase agreements [Docket No. 806].

P.    **Tax Issues – B240**

Fees:  $14,460.00; Total Hours: 20.70

As the Court is aware, tax considerations play an important role in these Cases.  As a result, Polsinelli has spent substantial amount of time reviewing the various tax issues related to these Cases and the Debtors' current tax position.  Such tasks, included, among other things: having Polsinelli Tax professionals aid Morrison & Foerster in reviewing and analyzing the tax structure implied in the Plan, reviewing, analyzing, and summarizing the Competitive Tax Sharing Agreement (the "**TSA**"), assessing the potential for "check-the-box" elections that may be made during these Cases, and conducting legal research regarding the tax structure implied by the RSA, the tax implications of the EFIH Second Lien DIP, and the impact of the Debtors' request to modify the Oncor Tax Sharing Agreement.  Polsinelli also conducted targeted legal research and analysis regarding various tax issues in connection these Cases, the TSA, and the RSA.

In addition, Polsinelli reviewed and analyzed the Debtors' private letter ruling submitted to the IRS for consideration, and aided co-counsel in formulating the professional advice to the Committee regarding the nature and extent of the ruling the Debtors seek.  Polsinelli analyzed several presentations regarding the tax considerations in these Cases on the tax implications of the Debtors' restructuring options.

During the Compensation Period, Polsinelli participated in various calls with the Debtors' tax professionals and other Committee professionals regarding tax matters. The calls with the Debtors and their professionals are critical for the Committee to understand the Debtors' tax position and the evolving tax landscape. Polsinelli also regularly engages in discussions among other Committee professionals and individual Committee members regarding critical tax considerations and their implication on the Debtors' restructuring efforts.

Q. **Claims Administration & Objections – B310**

Fees: $10,491.00; Total Hours: 18.80

This category includes time spent by Polsinelli participating in the analysis and investigation of potential claims that may be brought by the Committee on behalf of the Debtors; estates against affiliates and/or third parties. During the Compensation Period, Polsinelli, in conjunction with other Committee professionals, conducted a thorough investigation of potential claims that required professionals to undertake numerous tasks, including: preparation of detailed legal memoranda of the potential claims and related legal considerations, conducting significant legal research with respect to potential legal questions associated with the claims, and reviewing and summarizing public documents and documents produced to the Committee that describe various transactions undertaken by the Debtors.

In connection with the claims investigation, Polsinelli reviewed and analyzed presentations prepared by FTI and Lazard and, as necessary, provided comments and advice with respect to legal issues identified and what types of additional information is necessary for Committee to complete its investigation. In addition, Polsinelli partook in numerous internal meetings and meetings with Morrison & Foerster, FTI, and Lazard to discuss the intercompany claims and the status of the investigation. Finally, during the Compensation Period, Polsinelli reviewed numerous schedules prepared by FTI summarizing the Debtors' affiliate debt and

holdings and the Debtors' bankruptcy schedules and statements of financial affairs to assess the impact of intercompany claims on unsecured creditors, and the analysis regarding the approximately $774 million intercompany claim reflected on the TCEH schedules.

### Actual and Necessary Disbursements of Polsinelli

28.     As set forth in Exhibit C, Polsinelli has disbursed $32,695.04 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary in light of the size and complexity of these Cases.  For example, the complex nature of the Debtors' business, including the financial and regulatory implications of the Debtors' restructuring, required Polsinelli attorneys to work long hours, engage in numerous long distance communications and travel, and perform computerized research in order to effectively represent the Committee.

29.     The time constraints facing the Committee, along with the sheer magnitude of tasks generated in these Cases, required Polsinelli's attorneys and other professionals to devote significant time during the evenings and weekends to perform legal services on behalf of the Committee.  Polsinelli's services were essential to meet deadlines, respond to motions and objections, and to satisfy the extraordinary demands of these Cases.  In accordance with Local Rule 2016-2(e)(iii), all copying charges are billed at no more than $0.10 per page.  Accordingly, Polsinelli's expenses were actual and necessary to the efficient representation of the Committee and the unsecured creditors of the TCEH Debtors' estates.

### Polsinelli's Requested Compensation Should be Allowed

30.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of interim compensation.  11 U.S.C. § 331 (2014).  Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable

compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." Id. § 330(a)(1).  Section 330 also provides the criteria for awarding compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

31.    Polsinelli submits that the services for which it seeks compensation and the expenditures on which it seeks reimbursement in this Application were necessary for and beneficial to the Committee and stakeholders of the TCEH estates.   Polsinelli worked assiduously to respond to the needs of the Committee in these Cases.  The compensation requested in this Application is reasonable in light of the nature, extent, and value of Polsinelli's services to the Committee, the TCEH estates, and all parties in interest.

32.    Compensation of the foregoing serviced as requested is commensurate with the complexity and importance of the issues and tasked involved.  Polsinelli's professionals and paraprofessionals performed their services expediently and efficiently.   Whenever possible, Polsinelli sought to minimize the costs of its services to the Committee by using talented associates and paraprofessionals to handle more routine matters of these Cases.  Groups of the

same Polsinelli attorneys were used for similar tasks in these Cases to minimize the costs of intra-Polsinelli communication and education about the Committee and Debtors' circumstances. Polsinelli also coordinated with other Committee professionals to prevent the duplication of services provided to the Committee.

33.    Polsinelli's services were necessary and beneficial to the Committee, and the TCEH Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.    Accordingly, approval of compensation for professional services and reimbursement of expenses is warranted.

WHEREFORE, Polsinelli requests that it be allowed reimbursement for its fees and expenses incurred during the Compensation Period in the total amount of $502,577.34 consisting of (a) $500,927.50 in fees incurred by the Committee for reasonable and necessary professional services rendered by Polsinelli and (b) $32,695.04 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the TCEH Debtors' estates.[2]

Dated: Wilmington, Delaware
      October 31, 2014

*/s/ Christopher A. Ward*

Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
Jarrett Vine (Del. Bar No. 5400)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com
skatona@polsinelli.com
jvine@polsinelli.com

*Counsel to the Official Committee of Unsecured Creditors*

---

[2] Paragraph 2(b) of the Interim Compensation Order requires Professionals (as defined in the Interim Compensation Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "**Direct Benefit Fees**").  Polsinelli has incurred fees and expenses for the collective benefit of the TCEH Debtors, but has not performed any services directly for the benefit of EFH Corporate Services Company that could be allocated as Direct Benefit Fees pursuant to the Interim Compensation Order.  As a result, Polsinelli has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Interim Compensation Order.  Thus, all of Polsinelli's fees and expenses identified in this Interim Fee Application should be paid by the TCEH Debtors.