# Exhibit B

**Retention Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: 661, 2028, 2029 |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING
ADVISOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by Alvarez & Marsal North America, LLC's parent company and employees) and its subsidiaries, agents and independent contractors (collectively, "A&M") as restructuring advisor to the Debtors, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application, the Stegenga Declaration, and the *Supplemental Declaration of Jeffery J. Stegenga in Support of the Application of Energy Future Holdings Corp., et al., for entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective Nunc Pro Tunc to the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Stegenga Declaration, and the Supplemental Stegenga Declaration, as applicable.

*Petition Date* [D.I. 1837] (the "Supplemental Stegenga Declaration"), the *Second Supplemental Declaration of Jeffery J. Stegenga in Support of the Application of Energy Future Holdings Corp., et al., for entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective Nunc Pro Tunc to the Petition Date* [D.I. 2028] (the "Second Supplemental Stegenga Declaration"), and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-In-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application, the Stegenga Declaration, the Supplemental Stegenga Declaration, the Second Supplemental Stegenga Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein, effective *nunc pro tunc* to the Petition Date.

2. To the extent the Application, the Stegenga Declaration, the Supplemental Stegenga Declaration, the Second Supplemental Stegenga Declaration, or the Engagement Letter is inconsistent with the Order, the terms of this Order shall govern.

2

3. The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain A&M as restructuring advisor to the Debtors in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit C**, subject to the terms of this Order.

4. A&M shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. The indemnification provisions in the Engagement Letter, as supplemented by the Amendment, are approved, subject to the following modifications, applicable during the pendency of these cases:

> (a) A&M shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, the Application, or this Order, unless such services and indemnification therefor are approved by the Bankruptcy Court;
>
> (b) the Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence or willful misconduct; (ii) for a contractual dispute with the Debtors in which the Debtors allege the breach of A&M's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and
>
> (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, A&M must file an application therefor in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of

3

time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M. All Parties-In-Interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

6. Pursuant to the terms of the Engagement Letter, A&M is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of A&M's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court, and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee; *provided however*, that A&M shall not seek reimbursement for any services provided by A&M's counsel to the Debtors; *provided further*, that A&M may only seek reimbursement for services performed by A&M's counsel in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further*, that A&M shall submit the invoices of A&M's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

7. Notwithstanding anything in the Engagement Letter to the contrary, A&M will not seek to use independent contractors or subcontractors to perform services under the Engagement Letter without separate Court approval. As described in the Application and the Engagement Letter, in the performance of the services A&M may utilize the services of the personnel of its affiliates which are wholly owned by A&M's parent company and certain employees and which include "Alvarez & Marsal" in such entity's name.

4

8.   For services rendered during these chapter 11 cases, the following language found at paragraph D of the indemnification and limitation on liability agreement attached to the Engagement Letter is of no further force and effect; "and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement."

9.   Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with A&M's engagement by the Debtors and the Engagement Letter, including the indemnification provisions outlined in the Engagement Letter.

10.   A&M is authorized without further order of the Court to reserve and apply amounts from the retainer that A&M earned prepetition in accordance with the Engagement Letter (the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse A&M for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices. A&M shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses before the entry of an order approving any portion of A&M's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. A&M currently estimates that the remaining amount of the Retainer is approximately $729,538.00 and that the Prepetition Fees and Expenses total approximately $0. In advance of the hearing on the First Interim Fee Application, A&M shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses.

Thereafter, A&M shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

11. A&M will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however*, that A&M shall be compensated in accordance with the terms of the Engagement Letter and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

12. A&M is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by A&M shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding any provision to the contrary in this Application, the Stegenga Declaration, the Supplemental Stegenga Declaration, the Second Supplemental Stegenga Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: 9/16, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE