**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | Obj. Deadline: Nov. 21, 2014 at 4:00 p.m. (ET) |

**SUMMARY COVER SHEET TO THE FIRST
INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM APRIL 29, 2014 THROUGH AND INCLUDING AUGUST 31, 2014**

In accordance with the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the first interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from April 29, 2014 through August 31, 2014 (the "Fee Period").

K&E submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| General Information | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain K&E [D.I. 2052]: | September 16, 2014, *nunc pro tunc* to April 29, 2014 |

| Summary of Fees and Expenses Sought in the Fee Application[3] | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | April 29, 2014 through August 31, 2014 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $459,965.50 and expenses by $211,322.75[4] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $25,600,790.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,248,049.03 |

---

[3]  Of the amount of fees and expenses sought in this Fee Application, $5,120,158.10 represents the amount for which K&E has not sought compensation in the monthly fee statements it has filed as of the date hereof for the following periods: April 29, 2014 to May 31, 2014 [D.I. 2364], June 1, 2014 to June 30, 2014 [D.I. 2365], July 1, 2014 to July 31, 2014 [D.I. 2366], and August 1, 2014 to August 31, 2014 [D.I. 2377] (collectively, the "Monthly Fee Statements").  The allocation of the total fees and expenses sought in this Fee Application are allocated among *direct benefit fees* (those fees for work performed for a specific Debtor's estate) totaling $8,824,541.99 (comprised of $8,687,154.50 in fees and $137,387.49 in expenses) and *collective benefit fees* (those fees for work performed affecting all Debtors' estates) totaling $18,024,297.54 (comprised of $16,913,636.00 in fees and $1,110,661.54 in expenses).

Specifically, the *direct benefit fees* are allocated among the Debtors as follows: (a) EFH Debtors - $216,802.67; (b) EFIH Debtors - $5,750,227.98; and (c) TCEH Debtors - $2,857, 511.34.

Specifically, the *collective benefit fees* are allocated among the Debtors as follows: (a) EFH Debtors - $693,331.28; (b) EFIH Debtors - $10,026,130.23; and (c) TCEH Debtors - $7,304,836.03.

[4]  K&E voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

Total Compensation and Expense
Reimbursement Requested for the Fee Period:           $26,848,839.53[5]

| *Rate Increases Applicable to the Fee Period* |
|---|

Total Amount of Compensation
Sought for the Fee Period, Calculated
Using Rates as of the Date of Retention:             $25,600,790.50

| *Summary of Past Requests for Compensation and Prior Payments*[6] |
|---|

Total Amount of Compensation Previously Requested
Pursuant to the Interim Compensation Order to Date:   $20,480,632.40

Total Amount of Expense
Reimbursement Previously Requested
Pursuant to the Interim Compensation Order to Date:   $1,248,049.03

Total Compensation Approved
Pursuant to the Interim Compensation Order to Date:   $0

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to Date:   $0

Total Allowed Compensation Paid to Date:              $0

Total Allowed Expenses Paid to Date:                  $0

Compensation Sought in
this Application Already Paid Pursuant to
the Interim Compensation Order But Not Yet Allowed:   $20,480,632.40

Expenses Sought In This
Application Already Paid Pursuant to the
Interim Compensation Order But Not Yet Allowed:       $1,248,049.03

---

[5]   On October 20, 2014, K&E sent an invoice to the Debtors for $1,046,898.57 in prepetition fees and expenses. Pursuant to the Retention Order, K&E is required to apply any remaining portion of the retainer provided by EFH Corp. to K&E (the "Retainer") first to prepetition fees and expenses, and then the first Court authorized postpetition fees and expenses. After applying the retainer to this final portion of prepetition fees and expenses, K&E has $3,180,792.89 remaining on the Retainer.

[6]   On October 9, 2014, K&E filed the Monthly Fee Statements. No objections were filed to the Monthly Fee Statements. On October 31, 2014, K&E received payments totaling $21,728,681.43 relating to compensation sought in the Monthly Fee Statements.

Wilmington, Delaware
Dated: October 31, 2014

/s/ Edward O. Sassower, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM FEE APPLICATION OF**
**KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP,**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE**
**PERIOD FROM APRIL 29, 2014 THROUGH AND INCLUDING AUGUST 31, 2014**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"),
attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"),
hereby submits its first interim fee application (the "Fee Application") for allowance of
compensation for professional services provided in the amount of $25,600,790.50 and
reimbursement of actual and necessary expenses in the amount of $1,248,049.03 that K&E
incurred for the period from April 29, 2014 through August 31, 2014 (the "Fee Period"). In
support of this Fee Application, K&E submits the declaration of Edward O. Sassower, the
president of Edward O. Sassower, P.C., a partner at K&E, (the "Sassower Declaration"), which
is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee
Application, K&E respectfully states as follows.

### Jurisdiction

1.       The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the
debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in
these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four
digits of their federal tax identification numbers is not provided herein. A complete list of such information
may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[2]

### Background

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH

---

[2]      On October 3, 2014 and October 7, 2014, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee review criteria, and contents of interim fee applications (collectively, the "Fee Committee Guidelines").

Corporate Services Company (the "TCEH Creditors' Committee") in these chapter on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.  As noted above, K&E received the Fee Committee Guidelines on Friday, October 3, 2014, and Tuesday, October 7, 2014.  K&E believes that the relief requested herein complies with those guidelines.[3]

---

[3]      On October 24, 2014, K&E received comments from the Fee Committee regarding the relief requested in K&E's Monthly Fee Statements.  K&E is currently reviewing these comments and anticipates discussing such comments with the Fee Committee.

## Preliminary Statement

7.      With nearly $40 billion in assets and $49 billion in liabilities, the Debtors'

chapter 11 cases constitute the largest operating company to file for bankruptcy in the District of

Delaware and the seventh largest chapter 11 case filed in history (by liabilities).  During the Fee

Period and in connection with one or more of the eight hearings that took place, K&E advised

the Debtors with respect to three primary efforts:  (a) maintaining the stability of the Debtors'

operations and maximizing liquidity; (b) repaying high interest rate debt with lower interest rate

EFIH[4] debtor-in-possession financing and settling certain makewhole claims of EFIH first lien

creditors; and (c) setting the stage for developing a plan of reorganization and engaging in

related litigation as necessary.

8.      ***Maintaining Stable Operations and Maximizing Liquidity***.  The Debtors operate

in a very competitive marketplace as the largest electricity generator, coal miner, and electricity

retailer in Texas.  The Debtors generate approximately 25% of the annual electricity needs for

the state of Texas and service more than 1.7 million customers (nearly 30% of the Texas

residential electricity market) through the efforts of more than 5,700 employees.  As such, K&E

spent a significant amount of time during the Fee Period ensuring that the commencement of

these chapter 11 cases did not disrupt the Debtors' business operations or unnecessarily

jeopardize the critical electrical infrastructure in Texas—particularly over the summer peak

electric load season.

9.      Specifically, K&E assisted the Debtors with obtaining Court approval of nearly

thirty orders designed to stabilize the Debtors' business operations and smoothly transition into

---

[4]      As used herein, (a) the term "EFIH" refers to Energy Future Intermediate Holdings Company LLC, (b) the term "EFIH Debtors" refers to EFIH, together with its direct Debtor subsidiary, EFIH Finance, Inc, (c) the term "TCEH" refers to Debtor Texas Competitive Electric Holdings Company LLC, and (d) the term "TCEH Debtors" refers to TCEH, together with its direct and indirect Debtor subsidiaries.

chapter 11. These orders addressed a wide range of issues critical to operating the Debtors' businesses, including, among others, assuming and honoring all prepetition customer contracts, paying prepetition claims related to employee compensation and health and welfare benefits, ensuring continued access to the goods and services necessary to operate the Debtors' businesses, ensuring continuity of hedging and trading operations and preserving the value therein, and permitting compliance with regulatory and taxing obligations.

10.     K&E also assisted the Debtors in obtaining approval of a consensual priming $4.475 billion DIP facility at TCEH (the "TCEH DIP Facility") and 18 months of consensual use of cash collateral at TCEH (the "TCEH Cash Collateral Order") without committing to any onerous case milestones. Together, the TCEH DIP Facility and TCEH Cash Collateral Order provide the Debtors with access to the liquidity necessary to continue operating their businesses and satisfy restructuring costs during these chapter 11 cases, as well as flexibility to provide the Railroad Commission of Texas (the "RCT") with a $1.1 billion replacement collateral bond to secure the TCEH Debtors' mining reclamation obligations and permit the Debtors to continue their significant mining operations in the ordinary course.

11.     The critical relief obtained from the Court with K&E's assistance, coupled with the highly coordinated communications efforts of the Debtors and their advisors, including K&E, during the Fee Period have been successful in preserving valuable customer and vendor relationships and satisfying the Debtors' regulatory obligations. For example, K&E assisted the Debtors with assuming the contracts of approximately 1.7 million customers within 40 days of the Petition Date preserving customer relationships and eliminating potential customer uncertainty during a critical time in the chapter 11 cases. As a result, the Debtors' customer turnover rate has remained stable since the Petition Date in spite of the hyper competitive retail

market in which the Debtors operate.  Similarly, due to the relief provided by the Court with respect to the Debtors' vendor programs, the Debtors have experienced very little disruption to their supply chain.

12. ***EFIH First Lien DIP and Makewhole Settlement***.  In addition to assisting the Debtors in transitioning their operations into chapter 11, K&E represented the Debtors in negotiating and obtaining Court approval of a $5.4 billion first lien DIP facility at EFIH (the "EFIH First Lien DIP Facility").  EFIH used the proceeds of the EFIH First Lien DIP Facility to repay high interest rate debt and fund a makewhole settlement with certain holders of EFIH first lien notes (the "EFIH First Lien Makewhole Settlement").  Repaying the EFIH first lien notes early in these chapter 11 cases is saving the EFIH Debtors approximately $13 million a month in interest expense (with significant savings experienced during the Fee Period).  Moreover, the EFIH First Lien DIP Facility and EFIH First Lien Makewhole Settlement represent a significant step toward deleveraging EFIH, one of the Debtors' critical restructuring goals, and, therefore, have helped clarify the landscape for further discussions regarding a plan of reorganization.

13. ***Discussions Regarding a Value-Maximizing Restructuring***.  During the Fee Period, K&E represented the Debtors in discussions with their stakeholders regarding a consensual, value-maximizing plan of reorganization.  As the Court is aware, the Debtors entered into a prepetition restructuring support agreement (the "RSA") with a number of their significant stakeholders.  During the Fee Period, K&E advised the Debtors with respect to negotiating extensions of a number of the milestones set forth in the RSA.  Following the Petition Date, trading values increased at EFIH and various strategic bidders communicated their interest in purchasing the economic interests of the reorganized EFIH Debtors, their non-Debtor ring-fenced affiliate, Oncor Electric Delivery Holdings Company LLC ("Oncor"), and/or the Debtor

Energy Future Holdings Corp. ("EFH Corp."). K&E spent a significant amount of time during the Fee Period analyzing these developments. Ultimately, the Debtors exercised their fiduciary out and terminated the RSA. Following the termination of the RSA, K&E committed substantial efforts during the Fee Period discussing potential value-maximizing restructuring alternatives with the Debtors and their stakeholders.

14.     K&E also spent significant time during the Fee Period advising the Debtors in connection with discovery requests related to, among other things, the 2007 buyout transaction, certain liability management program transactions that occurred between 2009 to 2013, negotiations related to the RSA, the Debtors' exercise of their fiduciary duties in evaluating restructuring proposals, and, importantly, the Debtors' efforts to consummate the EFIH First Lien Makewhole Settlement and the contemplated settlement of alleged makewhole claims under the EFIH second lien notes. To better manage the significant deposition and discovery requests in these chapter 11 cases, K&E assisted the Debtors in successfully obtaining a protocol governing discovery requests that had the support of a significant number of creditor constituencies. During this Fee Period, K&E either responded directly to, or advised the Debtors and their professionals in preparing for, approximately 75 deposition requests covering a variety of topics. Further, during the Fee Period, K&E spent significant time and resources responding to over 600 document production requests sent to the Debtors. Specifically, during the Fee Period, K&E worked with the Debtors to identify, collect and process volumes of custodial and shared drive documents to be considered for production. These efforts culminated in the production of approximately 60,000 documents and 830,000 pages of documents during the Fee Period, and set the stage for productions in September and October that have already exceeded

an additional one million pages.  In addition, K&E assisted the Debtors and their professionals in preparing for eight hearings during this Fee Period.

15.     ***Negotiations Surrounding the Debtors' Compensation Programs***.     To effectively incentivize the Debtors' employees and management team through these chapter 11 cases, K&E, in conjunction with several of the Debtors' advisors, assisted the Debtors in obtaining court approval of compensation programs for such constituencies (collectively, the "Compensation Programs").  K&E, on the Debtors' behalf, spent significant time negotiating the contents and metrics of these historical, incentive-based Compensation Programs with a number of stakeholders, including the U.S. Trustee, to ensure that the Debtors' employees and, as applicable, management team were effectively motivated to continue operating the Debtors' high-performing businesses and drive value for the benefit of all parties-in-interest.

16.     In short, during the Fee Period, K&E spent considerable time working to stabilize the Debtors' operations, advising the Debtors regarding their global restructuring efforts, and addressing various discovery and litigation issues.  In light of the above, and as more fully set forth herein, the Debtors' respectfully request that the Court approve this Fee Application.

## Case Status Summary

17.     From a transaction perspective, the Debtors filed a motion and supporting declaration seeking approval of bidding procedures related to an investment to acquire the economic interest in reorganized EFH Corp., one or more of the EFIH Debtors, and/or Oncor, and are addressing discovery and deposition requests related to such relief.

18.     From an operational perspective, K&E, together with the Debtors' restructuring advisor, Alvarez & Marsal North America, LLC, have been advising the Debtors with respect to evaluating whether to assume or reject each of the Debtors' approximately 12,000 contracts and leases (including agreements with vendors for the supply of goods and services, leases for real

and personal property, and non-residential real property leases subject to section 365(d)(4) of the Bankruptcy Code).  In addition, the Debtors obtained Court approval in setting a bar date for non-customer and non-asbestos claimants to file proofs of claims and assisted the Debtors' other professionals in implementing service of notice of entry of the order establishing the claims bar date.

19.     In addition, on September 16, 2014, the Court approved the Debtors' request to extend their exclusive period to file a plan of reorganization to February 23, 2015.  Since then, K&E has been engaging in productive discussions with a number of creditor groups to generate support for a global restructuring.

**The Debtors' Retention of K&E**

20.     On September 16, 2014, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.[5]  The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtors, effective as of June 19, 2012, and attached hereto as **Exhibit C** (the "Engagement Letter").

---

[5]     In accordance with the Retention Order, K&E does not seek reimbursement of expenses for office supplies pursuant to this Fee Application.

21.     The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

    a.    advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and properties;

    b.    preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

    c.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

    d.    performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

**Disinterestedness of K&E**

22.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 660] (the "First Sassower Declaration"); the *Amended Declaration of Edward O. Sassower in Support of the Debtors Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 1733] (the "Amended Sassower Declaration"); and the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (together with the First Sassower

Declaration and the Amended Sassower Declaration, the "<u>K&E Declarations</u>"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the K&E Declaration.

23.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the K&E Declarations, K&E disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  K&E will update the K&E Declarations, as appropriate, if K&E becomes aware of relevant and material new information.

24.    K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

25.    Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declarations, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

26.    Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

27.    This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

28.    K&E seeks interim compensation for professional services rendered to the

Debtors during the Fee Period in the amount of $25,600,790.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,248,049.03.  During the Fee Period, K&E attorneys and paraprofessionals expended a total of 38,361.30 hours for which compensation is requested.

29.    K&E has received payments totaling $21,728,681.43 under the Interim Compensation Order and the Fee Committee Order.  K&E has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of May, June, July, and August 2014, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by K&E and (b) 100% of the actual and necessary costs and expenses incurred by K&E in connection with the services provided to the Debtors for each month.

30.    Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, K&E seeks payment of the remaining $5,120,158.10, which represents the 20% holdback period on fees incurred during the Fee Period.[6]

### Fees and Expenses Incurred During Fee Period

**A.    Customary Billing Disclosures**.

31.    K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as

---

[6]    On October 20, 2014, K&E sent an invoice to the Debtors for $1,046,898.57 in prepetition fees and expenses. Pursuant to the Retention Order, K&E is required to apply any remaining portion of the retainer provided by EFH Corp. to K&E (the "Retainer") first to prepetition fees and expenses, and then the first Court authorized postpetition fees and expenses.  After applying the retainer to this final portion of prepetition fees and expenses, K&E has $3,180,792.89 remaining on the Retainer.

well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the the Fee Period.

**B.     Fees Incurred During Fee Period**.

32.     In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Retention

Application").

## C.    Expenses Incurred During Fee Period.

33.    In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.    K&E currently charges $0.13 per page for standard duplication in its offices in the United States.    Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.    K&E does not charge its clients for incoming facsimile transmissions.

34.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Proposed Payment Allocation

35.    In accordance with paragraph 2(b) of the Interim Compensation Order, K&E proposes the following allocation of the fees and expenses sought in this Application among (a) EFH Corp., (b) EFIH, and (c) the TCEH Debtors:

| Direct Benefit Fees:  $8,824,541.99 | |
| :---: | :---: |
| (comprised of $8,687,154.50 fees and $137,387.49 expenses) | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $216,802.67 |
| EFIH | $5,750,227.98 |
| TCEH Debtors | $2,857,511.34 |
| *Total:* | $8,824,541.99 |

| Collective Benefit Fees: $18,024,297.54 |  |
| :---: | :---: |
| (comprised of $16,913,636.00 fees and $1,110,661.54 expenses) | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $693,331.28 |
| EFIH | $10,026,130.23 |
| TCEH Debtors | $7,304,836.03 |
| *Total:* | $18,024,297.54 |
| *Grand Total:* | $26,848,839.53 |

## Summary of Legal Services Rendered During the Fee Period

36.     As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

37.     To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[7]

| Matter Number | Project Category Description | Hours | Total Compensation |
| :---: | :---: | ---: | ---: |
| | | **Billed** | **Billed** |
| 0002 | Chapter 11 Bankruptcy Filing | 1,193.30 | 744,671.00 |
| 0003 | [ALL] Automatic Stay | 168.40 | 98,380.00 |

---

[7]     In certain instances K&E may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0004 | [ALL] Bond Issues | 14.60 | 6,685.00 |
| 0005 | [ALL] Business Operations | 89.10 | 76,924.50 |
| 0006 | [ALL] Case Administration | 696.50 | 343,492.00 |
| 0007 | [ALL] Cash Management | 152.30 | 81,943.00 |
| 0008 | [ALL] Claims Administration & Objections | 635.90 | 400,124.50 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | 6,524.10 | 3,676,482.00 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | 987.00 | 760,088.00 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | 154.90 | 83,393.50 |
| 0012 | [ALL] Hearings | 1,000.00 | 703,939.00 |
| 0013 | [ALL] Insurance | 38.20 | 18,299.00 |
| 0014 | [ALL] K&E Retention and Fee Applications | 2,236.90 | 1,278,663.00 |
| 0016 | [ALL] Non-Debtor Affiliates | 81.30 | 40,838.50 |
| 0017 | [ALL] Non-K&E Retentions & Fee Apps | 618.10 | 367,922.50 |
| 0018 | [ALL] Non-Working Travel | 448.60 | 345,096.00 |
| 0019 | [ALL] Official Committee Issues & Meet. | 180.00 | 138,872.50 |
| 0021 | [ALL] Plan and Disclosure Statements | 3,163.80 | 2,333,491.00 |
| 0022 | [ALL] Private Letter Ruling/IRS Matters | 125.00 | 148,539.50 |
| 0023 | [ALL] Regulatory Issues | 119.50 | 67.801.50 |
| 0024 | [ALL] Rest. Support Agrmt./Global Settle | 1,467.60 | 1,014,782.00 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | 1,535.70 | 1,188,204.50 |
| 0027 | [ALL] Schedules, SoFAs | 300.00 | 195,385.00 |
| 0028 | [ALL] Shared Services | 6.00 | 3,750.00 |
| 0029 | [ALL] Tax Issues | 759.70 | 796,663.50 |
| 0030 | [ALL] U.S. Trustee Issues | 58.80 | 44,302.50 |
| 0032 | [ALL] Valuation | 2,249.80 | 1,349,864.00 |
| 0033 | [ALL] Vendor and Other Creditor Issues | 381.60 | 96,287.50 |
| 0034 | [TCEH] Asset Dispositions and Purchases | 306.20 | 167,581.00 |
| 0035 | [TCEH] Automatic Stay | 111.70 | 66,355.00 |
| 0036 | [TCEH] Bond Issues | 45.20 | 23,845.00 |
| 0037 | [TCEH] Business Operations | 107.80 | 53,467.50 |
| 0038 | [TCEH] Cash Collateral and DIP Financing | 651.00 | 451,545.00 |
| 0039 | [TCEH] Claims Administration & Objection | 162.00 | 99,463.50 |
| 0040 | [TCEH] Contested Matters & | 1,731.70 | 1,209,150.50 |

16

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| | Advers. Proc. | | |
| 0042 | [TCEH] Environmental Issues | 4.10 | 2,637.00 |
| 0043 | [TCEH] Hearings | 21.10 | 19,423.50 |
| 0046 | [TCEH] Non-Debtor Affiliates | 99.50 | 57,666.50 |
| 0047 | [TCEH] Non-K&E Retention & Fee Apps | 1.50 | 1,260.00 |
| 0048 | [TCEH] Non-Working Travel | 23.70 | 21,717.50 |
| 0049 | [TCEH] Official Committee Issues & Meet. | 24.70 | 24,890.50 |
| 0052 | [TCEH] Private Letter Ruling/IRS Issues | 9.50 | 6,037.00 |
| 0057 | [TCEH] Trading and Hedging Contracts | 168.90 | 105,945.00 |
| 0058 | [TCEH] Transition Services | 7.00 | 4,354.00 |
| 0059 | [TCEH] U.S. Trustee Issues | 4.80 | 3,856.50 |
| 0060 | [TCEH] Utilities | 8.80 | 3,875.00 |
| 0062 | [TCEH] Vendor and Other Creditor Issues | 508.30 | 311,344.00 |
| 0065 | [EFIH] Bond Issues | 8.60 | 8,469.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Makewhole | 3,039.50 | 2,454,843.50 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | 4,333.30 | 3,071,160.00 |
| 0070 | [EFIH] Hearings | 37.50 | 28,110.00 |
| 0073 | [EFIH] Non-Working Travel | 68.20 | 55,265.00 |
| 0077 | [EFIH] Private Letter Ruling/IRS Issues | 3.10 | 3,653.50 |
| 0078 | [EFIH] Rest. Support Agrmt./Global Sett. | 82.30 | 45,943.50 |
| 0086 | [EFH] Contested Matters & Advers. Proc. | 70.70 | 57,320.50 |
| 0087 | [EFH] Corp. Governance and Sec. Issues | 13.40 | 14,790.00 |
| 0089 | [EFH] EFH Properties | 64.50 | 40,332.50 |
| 0092 | [EFH] Non-Core Subs/Discontinued Op. | 0.50 | 388.50 |
| 0095 | [EFH] Non-Working Travel | 4.80 | 4,200.00 |
| 0096 | [EFH] Official Committee Issues & Meet. | 92.10 | 57,723.00 |
| 0101 | [EFH] Retiree and Employee Issues/OPEB | 29.80 | 26,282.50 |
| 0106 | [ALL] Venue | 526.10 | 369,123.00 |
| 0107 | [ALL] Invoice Review | 274.00 | 139,628.00 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | 328.70 | 184,259.00 |

38.     The following is a summary, by Matter Category, of the most significant

professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.  The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

39.    In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit H**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit I**.

      (a)      **[ALL] Chapter 11 Bankruptcy Filing (Matter No. 2)**

          Total Fees:    $744,671.00
          Total Hours:   1,193.30

40.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the filing of, and seeking approval of, the Debtors' various pleadings heard by the Bankruptcy Court regarding the Debtors' "first" and "second" day operational relief.  Specifically, K&E attorneys and paraprofessionals spent time:

    i.      revising proposed orders to and declarations in support of the Debtors' first and second day pleadings, as well as responses to objections or comments filed by various stakeholders to the first and second day pleadings;

    ii.     discussing the Debtors' motions and negotiating the Debtors' proposed orders with  the U.S. Trustee, the TCEH Creditors' Committee, and a number of stakeholders to resolve various open issues in respect of the Debtors' first and second day pleadings;

    iii.    preparing for the hearings on the "first" and "second" day motions; and

    iv.        analyzing and researching a variety of issues related to first and second day pleadings.

    **(b)**     **[ALL] Automatic Stay (Matter No. 3)**

        Total Fees:    $98,380.00
        Total Hours:  168.40

41.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to enforcing the automatic stay. Specifically, K&E attorneys and paraprofessionals spent time:

    i.        responding to formal and informal inquiries from certain parties-in-interest to lift the automatic stay;

    ii.       preparing, reviewing, and revising potential motions to extend the automatic stay to parties-in-interest seeking relief from the same;

    iii.     drafting, revising, and researching pleadings responding to motions to lift the stay; and

    iv.        performing legal research regarding the effects of the automatic stay on certain rights of non-Debtor third parties with respect to actions involving, or related to, the Debtors or their estates, including certain nonbankruptcy litigation proceedings.

    **(c)**     **[ALL] Bond Issues (Matter No. 4)**

        Total Fees:    $6,685.00
        Total Hours:  14.60

42.    This Matter Category includes time spent by K&E attorneys relating to issues regarding the Debtors' bonds and the bonds' respective indenture trustees, including the drafting of board consent approvals of tripartite agreements replacing indenture trustees.

    **(d)**     **[ALL] Business Operations (Matter No. 5)**

        Total Fees:    $76,924.50
        Total Hours:  89.10

43.    This Matter Category includes time spent by K&E attorneys and paraprofessionals relating to the Debtors' business operations. Specifically, K&E attorneys and

paraprofessionals spent time advising the Debtors' management and other advisors regarding processes to ensure uninterrupted operations and compliance with provisions of the Bankruptcy Code and orders entered in these chapter 11 cases.

      **(e)**        **[ALL] Case Administration (Matter No. 6)**

        Total Fees:    $343,492.00
        Total Hours:  696.50

44.    This Matter Category includes time spent by K&E attorneys and paraprofessionals on a variety of tasks that were necessary for the smooth and efficient administration of legal services related to the Debtors' chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

      i.      administering, managing, and coordinating the chapter 11 cases by monitoring critical dates and maintaining a case calendar, task lists, and work-in-progress reports; and

      ii.     monitoring the case docket and reviewing docket entries as they are filed to apprise the Debtors, as well as certain professionals and creditors, of developments in these chapter 11 cases.

      **(f)**        **[ALL] Cash Management (Matter No. 7)**

        Total Fees:    $81,943.00
        Total Hours:  152.30

45.    This Matter Category includes time spent by K&E attorneys and paraprofessionals relating to the Debtors' efforts to obtain relief with respect to their cash management system and address issues related to potential new accounts.  Specifically, K&E attorneys and paraprofessionals spent time:

      i.      negotiating the Debtors' requested relief regarding their cash management system;

      ii.     preparing, reviewing, and replying to informal and formal objections to the Debtors' motion to continue operating their cash management system; and

iii.      advising the Debtors on their duties under the orders entered with respect to their cash management system.

    (g)      **[ALL] Claims Administration & Objections (Matter No. 8)**

Total Fees:      $400,124.50
Total Hours:    635.90

46.      This Matter Category includes time spent by K&E attorneys and paraprofessionals relating to the administration and resolution of claims filed against the Debtors' estates.   Specifically, K&E attorneys and paraprofessionals spent time, among other things:

i.      analyzing and researching issues related to bar date issues;

ii.      reviewing initial claims filed against the Debtors;

iii.      researching, drafting, and revising the bar date motion and  negotiating with various stakeholders regarding the relief requested therein;

iv.      researching, drafting, and revising pleadings responding to objections to the bar date motion filed by potential asbestos claimants; and

v.      drafting and revising the Debtors' motion for an extension to remove certain civil claims to the Bankruptcy Court.

    (h)      **[ALL] Contested Matters & Adversary Proceedings (Matter No. 9)**

Total Fees:      $3,676,482.00
Total Hours:    6,524.10

47.      This Matter Category includes time spent by K&E attorneys and paraprofessionals related to numerous discovery and diligence requests filed by various parties-in-interest, including in connection with the RSA, relief sought in the Debtors' "first" and "second" day motions and preparing materials for litigated matters.  Specifically, K&E attorneys and paraprofessionals spent time:

i.      drafting, negotiating, and revising a stipulated confidentiality agreement, discovery protocol, and protective order regarding discoverable documents provided through the document production process;

21

ii.      coordinating document review processes with third-party database vendors to ensure an efficient document review process;

iii.      identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents that culminated in the production of approximately 11,900 documents and 173,000 pages of documents relating to discovery requests regarding the assumption of the RSA, retention of the Debtors' professionals, and several first and second day motions;

iv.      researching, drafting, and revising reply papers responding to objections asserted regarding, among other motions, the Debtors' motions to jointly administer these chapter 11 cases and to extend the time to file the Debtors' statements of financial affairs and schedules of assets and liabilities;

v.      preparing and advising the Debtors and their professionals for 15 depositions with various parties-in-interest related to issues that affect all of the Debtors;

vi.      conferencing with the Debtors, their advisors, and certain parties-in-interest regarding the status of the document production process and discovery requests related to issues that affect all of the Debtors; and

vii.      drafting and revising status reports and response letters regarding the Debtors' progress towards, and efforts expended in, fulfilling such discovery requests.

**(i)**     **[ALL] Corporate and Securities Issues (Matter No. 10)**

Total Fees:    $760,088.00
Total Hours:  987.00

48.    This Matter Category includes time spent by K&E attorneys relating to corporate governance issues involving the Debtors.  Specifically, K&E attorneys spent time:

i.      reviewing the Debtors' press releases and SEC filings;

ii.      preparing for, and participating in, meetings with the Debtors' board of directors relating to corporate and financial aspects of the chapter 11 process; and

iii.      negotiating, drafting, and revising materials (excluding confidentiality and diligence materials) related to the potential auction process for the economic interests in Oncor.

      (j)      **[ALL] Exec. Contracts & Unexpired Leases (Matter No. 11)**

          Total Fees:    $83,393.50
          Total Hours:   154.90

49.     This Matter Category includes time spent by K&E attorneys and paraprofessionals examining issues related to the Debtors' executory contracts and unexpired leases.  Specifically, the K&E attorneys and paraprofessionals spent time:

      i.       drafting and revising lease rejection procedures; and

      ii.      analyzing and researching the Debtors' obligations under various executory contracts.

      (k)      **[ALL] Hearings (Matter No. 12)**

          Total Fees:    $703,939.00
          Total Hours:   1,000.00

50.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for, and attending the hearings on the Debtors' "first" and "second" day motions, and the Debtors' subsequent omnibus hearings seeking various operational and financing relief, as well as relief required by the RSA (collectively, the "Hearings").

      (l)      **[ALL] Insurance (Matter No. 13)**

          Total Fees:    $18,299.00
          Total Hours:   38.20

51.     This Matter Category includes time spent by K&E attorneys relating to insurance issues.  Specifically, K&E attorneys spent time researching insurance contracts and the approval and assumption of insurance contracts and ensuring that the Debtors' maintained sufficient insurance coverage as required by the chapter 11 operating guidelines and orders governing the TCEH DIP Facility and EFIH First Lien DIP Facility.

     (m)     **[ALL] K&E Retention and Fee Applications (Matter No. 14)**

           Total Fees:    $1,278,663.00
           Total Hours:  2,236.90

52.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to K&E's retention applications. Specifically, to obtain an order of the Court approving the employment of K&E as Debtors' counsel, K&E attorneys and paraprofessionals spent time preparing pleadings and completing ongoing analyses of relevant connections to potential parties-in-interest. In addition, K&E attorneys and paraprofessionals spent time:

    i.    refining budget and staffing materials;

    ii.    preparing K&E attorneys and the Debtors officers for six depositions related to K&E's retention;

    iii.    identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents that culminated in the production of approximately 200 in documents and 600 pages of documents for discovery requests requested by various parties-in-interests related to K&E's retention;

    iv.    negotiating and drafting proposed retention protocol with various of the Debtors' stakeholders;

    v.    revising K&E's retention application, supporting declarations, and related order; and

    vi.    negotiating with the U.S. Trustee and other creditors regarding K&E's retention application and retention order.

     (n)     **[ALL] Non-Debtor Affiliates (Matter No. 16)**

           Total Fees:    $40,838.50
           Total Hours:  81.30

53.    This Matter Category includes time spent by K&E attorneys relating to certain of the Debtors' non-Debtor affiliates (excluding Oncor). Specifically, K&E attorneys spent time:

    i.    analyzing and reviewing issues regarding the potential sale of certain de minimis assets owned by such non-debtor affiliates;

    ii.        researching and analyzing issues related to Bankruptcy Rule 2015.3; and

    iii.        drafting and revising pleadings related to Bankruptcy Rule 2015.3.

    **(o)**        **[ALL] Non-K&E Retentions and Fee Applications (Matter No. 17)**

        Total Fees:    $367,922.50
        Total Hours:  618.10

54.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' professionals, other than K&E, in these chapter 11 cases, and negotiating the relief provided in the Interim Compensation Order and Fee Committee Order.  Specifically, K&E attorneys and paraprofessionals spent time:

    i.        revising the ordinary course professionals order;

    ii.        corresponding with the Debtors' ordinary course professionals regarding, among other things, declarations of disinterestedness, the ordinary course professionals order, and the scope of the ordinary course professionals services;

    iii.        updating the schedule of ordinary course professionals;

    iv.        assisting the Debtors in preparing retention applications for the Debtors' other professionals in these chapter 11 cases, including (i) Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor; (ii) Deloitte & Touche LLP, as independent auditor; (iii) Epiq Bankruptcy Solutions, LLC, as administrative advisor; (iv) Ernst & Young LLP, as providers of tax advisory and information technology services; (v) Evercore Group L.L.C., as investment banker and financial advisor; (vi) Filsinger Energy Partners, as energy consultant; (vii) Gibson, Dunn & Crutcher LLP, as special counsel for certain corporate and litigation matters;  (viii) KPMG LLP, as bankruptcy accounting and tax advisor; (ix) PricewaterhouseCoopers LLP, as internal audit, information security, and tax consultant; (x) McDermott Will & Emery LLP, as special counsel for certain energy-related matters; (xi) Sidley Austin LLP, as special counsel for certain corporate and litigation matters; and (xii) Thompson & Knight LLP, as special counsel for certain tax-related matters;

    v.        preparing, and assisting with the filing of, supplemental retention declarations, as needed;

vi.      engaging in discussions with the U.S. Trustee regarding the retention of professionals and negotiating the relief requested; and

vii.     analyzing potential conflicts-related and disinterestedness considerations in collaboration with the Debtors.

(p)      **[ALL] Non-Working Travel (Matter No. 18)**

Total Fees:    $345,096.00
Total Hours:   448.60

55.      This Matter Category includes non-working travel time spent by K&E attorneys and paraprofessionals in connection with their representation of the Debtors. The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

(q)      **[ALL] Official Committee Issues and Meetings (Matter No. 19)**

Total Fees:    $138,872.50
Total Hours:   180.00

56.      This Matter Category includes time spent by K&E attorneys and paraprofessionals communicating with, and addressing issues raised by, the TCEH Creditors' Committee. Specifically, K&E attorneys and paraprofessionals spent time:

i.       negotiating confidentiality agreements and providing confidential materials for review by the TCEH Creditors' Committee's professionals and identifying those materials that may be reviewed by the TCEH Creditors' Committee;

ii.      preparing for and attending meetings with the TCEH Creditors' Committee and its advisors (including the multiple debtor interviews);

iii.     discussing and negotiating the relief requested by the Debtors in various pleadings; and

iv.      corresponding and participating in conferences with the TCEH Creditors' Committee regarding numerous diligence requests related to the relief sought in various Hearings and the Debtors' global restructuring efforts.

    (r)      **[ALL] Plan and Disclosure Statement (Matter No. 21)**

        Total Fees:    $2,333,491.00
        Total Hours:  3,163.80

57.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing a plan of reorganization and related disclosure statement in connection with these chapter 11 cases and as contemplated by the RSA. Specifically, K&E attorneys and paraprofessionals spent time:

    i.     negotiating with the Debtors' key stakeholders regarding the terms of the proposed plan and disclosure statement;

    ii.    drafting a motion to approve the disclosure statement and establish procedures for the solicitation of acceptances of proposed plan;

    iii.   drafting and revising the documents for solicitation and other voting and balloting materials in connection with the solicitation of votes on the proposed plan;

    iv.   drafting an initial plan of reorganization and disclosure statement, as well as related amendments, exhibits, and consents;

    v.    drafting, revising, and negotiating bidding procedures related to the proposed sale of the economic interests in Oncor;

    vi.   negotiating confidentiality agreements with various parties-in-interest, including strategic and third-party bidders for the economic interests in Oncor; and

    vii.  drafting, revising, and negotiating a motion and bridge order to extend the Debtors' exclusive periods to file and solicit votes for a plan pursuant to section 1121(d) of the Bankruptcy Code.

    (s)      **[ALL] Private Letting Ruling/IRS Matters (Matter No. 22)**

        Total Fees:    $148,539.50
        Total Hours:  125.00

58.    This Matter Category includes time spent by K&E attorneys drafting and finalizing the Internal Revenue Service private letter ruling request described in the RSA and the supplemental submissions, conducting related legal research, conferencing with representatives from the Internal Revenue Service, and advising the Debtors on tax issues relating to obtaining a

private letter ruling from the Internal Revenue Service, and analyzing the complex tax considerations associated with the Debtors' proposed restructuring with the Debtors' other, specialized advisers.

### (t)   [ALL] Regulatory Issues (Matter No. 23)

Total Fees:    $67,801.50
Total Hours:   119.50

59.    This Matter Category includes time spent by K&E attorneys relating to advising the Debtors as to various regulatory issues and addressing the same.  Specifically, K&E attorneys spent time working with various regulatory bodies regarding various items, including proposed restructuring plan approvals per the RSA.

### (u)   [ALL] Rest. Support Agreement. / Global Settlement (Matter No. 24)

Total Fees:    $1,014,782.00
Total Hours:   1,467.60

60.    This   Matter   Category   includes   time   spent   by   K&E   attorneys   and paraprofessionals relating to:

    i.    drafting various amendments to the RSA;

    ii.    drafting, researching, and negotiating a motion to assume the RSA and supporting declarations;

    iii.    engaging in discussions with other parties-in-interest regarding the transactions contemplated in the RSA; and

    iv.    researching, reviewing, and analyzing management composition and corporate governance issues.

(v)    **[ALL] Retiree and Employee Issues / OPEB (Matter No. 26)**

Total Fees:    $1,188,204.50
Total Hours:   1,535.70

61.    This Matter Category includes time spent by K&E attorneys providing services related to various issues related to the Debtors' retirees and employees including those at EFH Corporate Services.  Specifically, K&E attorneys and paraprofessionals spent time:

i.    analyzing, in consultation with the Debtors, certain of the Debtors' retiree and employee compensation and benefit obligations;

ii.   drafting, revising, and researching pleadings and supporting declarations relating to non-qualified benefits, non-insider compensation, and insider compensation;

iii.  drafting, revising, and researching pleadings in connection with separating the Debtors' 401(k) plan;

iv.   assisting the Debtors in negotiations with interested parties regarding the relief described above; and

v.    providing diligence related to the relief described above to numerous creditor constituencies.

(w)    **[ALL] Schedules, SoFAs (Matter No. 27)**

Total Fees:    $195,385.00
Total Hours:   300.00

62.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to assisting the Debtors, A&M, and other advisors in connection with the preparation, review, revision, filing, and amendment of the Debtors' schedules of assets and liabilities, statements of financial affairs (and accompanying explanatory notes), and monthly operating reports.

(x)     **[ALL] Shared Services (Matter No. 28)**

Total Fees:     3,750.00
Total Hours:   6.00

63.     This Matter Category includes time spent by K&E attorneys related to the TCEH and EFIH shared services agreements.

(y)     **[ALL] Tax Issues (Matter No. 29)**

Total Fees:     $796,663.50
Total Hours:   759.70

64.     This Matter Category includes time spent by K&E attorneys conducting legal research, preparing correspondence, pleadings, disclosures, and generally advising the Debtors in connection with tax issues relating to the Debtors' operations.  Specifically, K&E attorneys spent time:

    i.      researching and analyzing certain tax issues arising in connection with the Debtors' current business operations, employee / retiree obligations, the tax sharing agreement, and REIT options;

    ii.     responding to inquiries from various parties-in-interest regarding the Debtors' operational tax obligations;

    iii.    engaging in discussions with various stakeholders regarding the tax consequences of available restructuring alternatives;

    iv.     reviewing draft deal documents to assess tax consequences; and

    v.      discussing and researching pleadings related to restructuring tax consequences

(z)     **[ALL] U.S. Trustee Issues (Matter No. 30)**

Total Fees:     $44,302.50
Total Hours:   58.80

65.     This Matter Category includes the services provided by K&E attorneys related to negotiations with the U.S. Trustee regarding the relief requested in the Debtors' pleadings,

providing related diligence, and engaging in extensive discussions related to the same. Specifically, K&E attorneys spent time:

i.  responding to inquiries and document requests from the U.S. Trustee and discussing the same with members of the Debtors' management team;

ii.  engaging in multiple telephonic and in-person meetings with the U.S. Trustee regarding the relief requested in the Debtors' pleadings; and

iii.  corresponding and conferencing with the U.S. Trustee regarding comments and revisions to the Debtors' pleadings and in order to develop consensus on requested changes.

**(aa)    [ALL] Valuation (Matter No. 32)**

Total Fees:    $1,349,864.00
Total Hours:    2,249.80

66.    This Matter Category includes time spent by K&E attorneys relating to the issues surrounding the valuation of the Debtors.  Specifically, K&E attorneys and spent time:

i.  researching usage of valuation methodology in analogous cases;

ii.  identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents that culminated in the production of approximately 43,000 documents and 380,000 pages of documents in response to diligence requests of Debtors' creditors related to, among other things, the following related to the Debtors' historical valuation and solvency:

(i)  revenues, costs, strategies, projections, and records relating to the Debtors' retail business;

(ii)  studies and analyzes related to Debtors' credit rating;

(iii)  the Debtors' capital expenditures and operating records for each of their operating plants;

(iv)  forecasts, analyses, and projections related to power prices and capacity pricing;

(v)  the Debtor's financial statements, sales statements, and expense reports;

(vi)  the Debtors' hedging strategy; and

(vii)    reports and analyses on the Debtors' fair market value, business, asset, or entity valuation, enterprise value, and debt capacity; and

iii.    analyzing, in consultation with the Debtors and the Debtors' other professionals, the Debtors' valuation issues and litigation strategies.

**(bb)    [ALL] Vendor and Creditor Communications (Matter No. 33)**

Total Fees:    $96,287.50
Total Hours:    381.60

67.    This Matter Category includes time spent by K&E attorneys related to discrete issues surrounding vendors who provide services to all of the Debtors as well as creditor inquiries.

**(cc)    [TCEH] Asset Disposition and Acquisition (Matter No. 34)**

Total Fees:    $167,581.00
Total Hours:    306.20

68.    This Matter Category includes time spent by K&E attorneys and paraprofessionals rendering services relating to the disposition, investment, or purchase of assets by the TCEH Debtors.[8]    Specifically, K&E attorneys spent time reviewing, researching, and drafting pleadings related to sale procedures for certain de minimis assets.    Additionally, K&E attorneys spent time reviewing, researching, and drafting pleadings related to investment and purchase procedures for certain assets.    Moreover, K&E attorneys, spent time corresponding and conferencing with the Debtors and other parties-in-interest, responding to inquiries and negotiating the terms and conditions of related pleadings.

---

[8]    K&E, at the TCEH Debtors' request, filed pleadings seeking Court approval to participate in a competitive auction for certain of Optim Energy, LLC's assets [D.I. 1255].    As noted in the *Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* [D. I. 1733], K&E agreed to write-off all time expended by K&E attorneys and paraprofessionals related to the potential acquisition of the Optim Energy, LLC's assets.

**(dd)**     **[TCEH] Automatic Stay (Matter No. 35)**

Total Fees:     $66,355.00
Total Hours:   111.70

69.     This   Matter   Category   includes   time   spent   by   K&E   attorneys   and

paraprofessionals providing services related to enforcing the automatic stay as it affects TCEH

Debtors.  Specifically, K&E attorneys and paraprofessionals spent time:

     i.          responding to formal and informal inquiries from certain parties-in-interest
to lift the automatic stay;

     ii.         preparing, reviewing, and revising potential motions to extend the
automatic stay to parties-in-interest seeking relief from the same;

     iii.        drafting, revising, and researching reply papers responding to motions to
lift the stay; and

     iv.        performing legal research regarding the effects of the automatic stay on
certain rights of non-Debtor third parties with respect to actions involving,
or related to, the TCEH Debtors or their estates, including certain non-
bankruptcy litigation proceedings.

**(ee)**     **[TCEH] Bond Issues (Matter No. 36)**

Total Fees:     $23,845.00
Total Hours:   45.20

70.     This Matter Category includes time related to analyzing and implementing certain

tripartite  agreements,  including  trustee  successions  and  other  obligations  arising  therefrom

specific to the TCEH Debtors.

**(ff)**     **[TCEH] Business Operations (Matter No. 37)**

Total Fees:     $53,467.50
Total Hours:   107.80

71.     This Matter Category includes time spent related to the business operations of the

TCEH Debtors, including:

     i.          strategizing with the TCEH Debtors' management and other advisors
regarding processes to ensure uninterrupted operations and compliance

with provisions of the Bankruptcy Code and orders entered in these chapter 11 cases; and

ii.    addressing compliance issues concerning the TCEH Debtors' business operations in connection with, among other things, adhering to certain relief authorized by the court.

**(gg)    [TCEH] Cash Collateral and DIP Financing (Matter No. 38)**

Total Fees:    $451,545.00
Total Hours:    651.00

72.    This Matter Category includes time spent by K&E attorneys and paraprofessionals relating to the TCEH Debtors' efforts to implement the TCEH DIP Facility and obtain entry of the TCEH Cash Collateral Order.    Specifically, K&E attorneys and paraprofessionals spent time:

i.    analyzing, in consultation with the TCEH Debtors and their other professionals, the TCEH Debtors' postpetition cash needs and use of cash collateral;

ii.    assisting the TCEH Debtors and their other advisors in analyses and discussions with respect to the use of cash collateral and related issues pertaining to discovery, escrows, certain holdbacks and invoicing;

iii.    drafting, revising, and researching reply papers responding to objections concerning the TCEH Cash Collateral Order and TCEH DIP Facility asserted by various parties-in-interest; and

iv.    negotiating the relief requested in the TCEH DIP Facility and TCEH Cash Collateral Order with, among others, the secured prepetition and postpetition lenders.

**(hh)    [TCEH] Claims Administration and Objections (Matter No. 39)**

Total Fees:    $99,463.50
Total Hours:    162.00

73.    This Matter Category includes time spent by K&E attorneys and paraprofessionals related to the administration and resolution of claims against the TCEH Debtors' estates, including negotiating and drafting a stipulation between certain of the TCEH Debtors and Alcoa Inc., addressing claims in connection with certain liens and deposits, and

34

addressing claims filed by customers and the TCEH Debtors' vendors in connection with the

Debtors' bar date materials.

### (ii)    [TCEH] Contested Matters and Adversary Proceedings (Matter No. 40)

Total Fees:    $1,209,150.50
Total Hours:   1,731.70

74.    This Matter Category includes time spent by K&E professionals and

paraprofessionals related to motions, adversary proceedings, and contested matters involving the

Debtors, including:

i.      negotiating with, and resolving issues raised by various stakeholders of the TCEH Debtors with respect to the Debtors' first and second day pleadings;

ii.     researching and preparing pleadings in connection with the same;

iii.    drafting and revising responses to Bankruptcy Rule 2004 discovery motions filed by the TCEH creditors;

iv.     preparing status reports for the court related to the TCEH creditor's Bankruptcy Rule 2004 discovery requests in preparation for status conference with the TCEH creditors and the Court;

v.      identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents for production related to legacy discovery requests and the Debtors' first and second day pleadings by the TCEH Debtors' stakeholders; and

vi.     coordinating, preparing, and advising the TCEH Debtors' officers and professionals for depositions and meetings related to the same.

### (jj)    [TCEH] Environmental Issues (Matter No. 42)

Total Fees:    $2,637.00
Total Hours:   4.10

75.    This Matter Category includes time spent by K&E attorneys analyzing and

resolving certain environmental compliance issues, including ones related to certain litigation

matters and the dischargeability of certain environmental claims against the TCEH Debtors.

**(kk)**     **[TCEH] Hearings (Matter No. 43)**

Total Fees:     $19,423.50
Total Hours:    21.10

76.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending various omnibus hearings on matters primarily relating to the TCEH Debtors.

**(ll)**     **[TCEH] Non-Debtor Affiliates (Matter No. 46)**

Total Fees:     $57,666.50
Total Hours:    99.50

77.     This Matter Category includes time spent related to certain of the TCEH Debtors' non-debtor affiliates (excluding Oncor), including issues relating to amendments to the certain joint venture agreements, including the Comanche Peak joint venture agreement [D.I. 1227].

**(mm)**    **[TCEH] Non-K&E Retentions and Fee Applications (Matter No. 47)**

Total Fees:     $1,260.00
Total Hours:    1.50

78.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the TCEH Debtors' professionals, other than K&E, in these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time reviewing ordinary course professional status and treatment.

**(nn)**     **[TCEH] Non-Working Travel (Matter No. 48)**

Total Fees:     $21.717.50
Total Hours:    23.70

79.     This Matter Category includes non-working travel time spent by K&E attorneys and paraprofessionals in connection with their representation of the TCEH Debtors. The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

**(oo)    [TCEH] Official Committee Issues and Meetings (Matter No. 49)**

    Total Fees:     $24,890.50
    Total Hours:   24.70

80.      This Subject Matter includes the services provided by K&E attorneys and paraprofessionals in connection with communicating with, and addressing issues related to, the TCEH Debtors raised by the TCEH Creditors' Committee, including business operations.

**(pp)    [TCEH] Private Letting Ruling/IRS Matters (Matter No. 52)**

    Total Fees:     $6,037.00
    Total Hours:   9.50

81.      This Matter Category includes time spent by K&E attorneys conducting legal research regarding property tax claims related to TCEH properties, negotiating settlements related to property tax claims, and analyzing the complex tax considerations associated with the Debtors' proposed restructuring with the TCEH creditors.

**(qq)    [TCEH] Trading and Hedging Contracts (Matter No. 57)**

    Total Fees:     $105,945.00
    Total Hours:   168.90

82.      This Matter Category includes time spent by K&E attorneys and paraprofessionals related to analyzing the hedging and trading activities of the TCEH Debtors, addressing issues raised with respect to the hedging and trading orders and contract terminations, facilitating consensus with respect to the relief sought in the hedging and trading motion (including meeting with the U.S. Trustee and other constituents), and preparing additional related pleadings.

**(rr)**    **[TCEH] Transition Services (Matter No. 58)**

Total Fees:    $4,354.00
Total Hours:   7.00

83.    This Matter Category includes time spent by K&E attorneys and paraprofessionals related to electricity transmission and distribution service provider agreements, related orders, and creditor meetings regarding the same (excluding time spent addressing issues related to Oncor's role in the TDSP process).

**(ss)**    **[TCEH] U.S. Trustee Issues (Matter No. 59)**

Total Fees:    $3,856.50
Total Hours:   4.80

84.    This Matter Category includes time spent by K&E attorneys conferring with the U.S. Trustee regarding issues related specifically to the TCEH Debtors.  Specifically, K&E attorneys spent time conferring with the U.S. Trustee regarding comments to second day motions and monthly operating reports for the TCEH Debtors.

**(tt)**    **[TCEH] Utilities (Matter No. 60)**

Total Fees:    $3,875.00
Total Hours:   8.80

85.    This Matter Category includes time spent by K&E attorneys related to utility providers for the TCEH Debtors.  Specifically, K&E attorneys and paraprofessionals spent time:

i.    corresponding with utility providers regarding notice;

ii.    researching issues surrounding adequate assurance; and

iii.    revising the utilities order [D.I. 800].

**(uu)    [TCEH] Vendor Communications (Matter No. 62)**

Total Fees:    $311,344.00
Total Hours:   508.30

86.    This Matter Category includes time spent by K&E attorneys and paraprofessionals related to addressing issues involving certain of the TCEH Debtors' vendors and suppliers.  Specifically, K&E attorneys and paraprofessionals spent time:

     i.    reviewing correspondence from the TCEH Debtors' vendors and inquiries related to potential liens and reclamation and other claims;

     ii.    researching and conferring and corresponding with vendors regarding such inquiries;

     iii.    reviewing vendor and other creditor contracts;

     iv.    drafting and revising vendor agreements, reclamation letters, and other responses to vendor communications; and

     v.    analyzing, in consultation with the TCEH Debtors and their other professionals, the critical vendor status of certain vendors.

**(vv)    [EFIH] Bond Issues (Matter No. 65)**

Total Fees:    $8,469.00
Total Hours:   8.60

87.    This Matter Category includes time spent by K&E attorneys related to issues regarding the EFIH Debtors' bonds and the bonds' respective indenture trustees.

**(ww)   [EFIH] Cash Collateral / DIP Financing / Makewhole Issues (Matter No. 66)**

Total Fees:    $2,454,843.50
Total Hours:   3,039.50

88.    This Matter Category includes time spent by K&E attorneys and paraprofessionals related to the $5.4 billion EFIH First Lien DIP Facility, the EFIH First Lien Makewhole Settlement, a $1.9 billion second-lien, debtor-in-possession financing (the "EFIH Second Lien DIP Facility"), and potential of settlements to any alleged second lien makewhole

claims ("EFIH Second Lien Makewhole Settlement").    Specifically, K&E attorneys and

paraprofessionals spent time:

    i.    negotiating and resolving substantially all issues, concerns, and objections of interested parties related to the EFIH Debtors' motion for authority to enter into the EFIH First Lien DIP Facility, and obtaining final approval of the EFIH First Lien DIP Facility;

    ii.    assisting the EFIH Debtors and their other advisors in closing the EFIH First Lien DIP Facility and EFIH First Lien Makewhole Settlement;

    iii.    reviewing, analyzing, and negotiating the terms and conditions of proposed alternatives to the EFIH Second Lien DIP Facility;

    iv.    advising the Debtors' management and boards regarding the proposed alternative facilities and drafting supporting materials and analyses;

    v.    drafting, revising, and researching offering memoranda, legal opinions, and other documents related to the proposed EFIH Second Lien DIP Facility and EFIH Second Lien Makewhole Settlement; and

    vi.    coordinating, and participating in, numerous conferences with the EFIH Debtors, the Debtors' other professionals, and the Debtors' stakeholders regarding the EFIH First Lien DIP Facility, EFIH First Lien Makewhole Settlement, EFIH Second Lien DIP Facility, and EFIH Second Lien Makewhole Settlement.

    **(xx)**    **[EFIH]**    **Contested Matters and Adversary Proceedings (Matter No. 68)**

    Total Fees:    $3,071,160.00
    Total Hours:    4,333.30

    89.    This Matter Category includes time spent by K&E attorneys and

paraprofessionals related to the EFIH Debtors' contested matters and adversary proceedings with

EFIH creditors.  Specifically, K&E attorneys and paraprofessionals spent time:

    i.    drafting, revising, and researching responses to objections to the EFIH First Lien DIP Facility, EFIH First Lien Makewhole Settlement, EFIH Second Lien DIP Facility, and EFIH Second Lien Makewhole Settlement;

    ii.    preparing for, attending, and conducting nine depositions and preparing witnesses related to objections regarding the same;

  iii.  drafting, revising, and researching opposition to the EFIH First Lien Makewhole Settlement appeal;

  iv.  identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents that culminated in the production of approximately 5,700 documents and 269,000 pages of documents related to discovery requests surrounding makewhole litigation;

  v.  reviewing and responding to EFIH creditors' and sponsors' discovery requests; and

  vi.  analyzing, in consultation with the EFIH Debtors and the EFIH Debtors' other professionals, discovery requests and other filings related to discovery.

  **(yy)**  **[EFIH] Hearings (Matter No. 70)**

    Total Fees:  $28,110.00
    Total Hours: 37.50

90.  This Matter Category includes time spent by K&E attorneys and paraprofessionals preparing for, and attending the hearings on the EFIH First Lien DIP Facility, EFIH First Lien Makewhole Settlement, EFIH Second Lien DIP Facility, and discovery and status conferences related thereto.

  **(zz)**  **[EFIH] Non-Working Travel (Matter No. 73)**

    Total Fees:  $55,265.00
    Total Hours: 68.20

91.  This Matter Category includes non-working travel time spent by K&E attorneys and paraprofessionals in connection with their representation of the EFIH Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

### (aaa)    [EFIH] Private Letter Ruling/IRS Issues (Matter No. 77)

Total Fees:     $3,653.50
Total Hours:   3.10

92.    This Matter Category includes time spent by K&E attorneys advising the EFIH

Debtors on tax issues relating to the EFIH Second Lien DIP Facility and alternative proposals,

and analyzing the complex tax considerations associated with the EFIH Debtors' proposed

restructuring with the EFIH Debtors' creditors.

### (bbb)    [EFIH] Rest. Support Agreement./Global Settlement (Matter No. 78)

Total Fees:     $45,943.50
Total Hours:   82.30

93.    This    Matter    Category    includes    time    spent    by    K&E    attorneys    and

paraprofessionals relating to:

     i.    drafting and revising motions, related declarations, and related orders to approve the EFIH First Lien Makewhole Settlement and the EFIH Second Lien Makewhole Settlement;

    ii.    researching issues related to the EFIH First Lien Makewhole Settlement and the EFIH Second Lien Makewhole Settlement;

   iii.    drafting and revising a proposed amendment to the Oncor tax sharing agreement; and

   iv.    coordinating, and participating in numerous conferences, with the EFIH Debtors, other professionals, counsel to the EFIH first lien creditors, and counsel to the EFIH second lien creditors.

### (ccc)    [EFH] Contested Matters and Adversary Proceedings (Matter No. 86)

Total Fees:     $57,320.50
Total Hours:   70.70

94.    This Matter Category includes time spent by K&E attorneys responding to

discovery requests from significant holders of EFH claims.

### (ddd)   [EFH] Corporate Governance and Securities Issues (Matter No. 87)

Total Fees:      $14,790.00
Total Hours:    13.40

95.      This Matter Category includes time spent by K&E attorneys relating to corporate governance issues involving EFH Corp., including participating in EFH Corp. board meetings.

### (eee)   [EFH] EFH Properties (Matter No. 89)

Total Fees:      $40,332.50
Total Hours:    64.50

96.      This Matter Category includes time spent by K&E attorneys providing services, on behalf of the Debtors, related to certain leases including Energy Plaza and Sierra.

### (fff)   [EFH]   Non-Core   Subsidiaries/Discontinued   Operations (Matter No. 92)

Total Fees:      $388.50
Total Hours:    0.50

97.      This Matter Category includes time spent by K&E attorneys providing services relating to corporate governance issues related to EFH Corp.'s non-core subsidiaries.

### (ggg)   [EFH] Non-Working Travel (Matter No. 95)

Total Fees:      $4,200.00
Total Hours:    4.80

98.      This Matter Category includes non-working travel time spent by K&E attorneys and paraprofessionals in connection with their representation of the EFH Corp.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

**(hhh)    [EFH] Official Committee Issues and Meetings (Matter No. 96)**

Total Fees:    $57,723.00
Total Hours:   92.10

99.    This  Matter  Category  includes  time  spent  by  K&E  attorneys  and paraprofessionals communicating with, and addressing issues related to, the potential appointment of a committee to represent the interests of EFH Corp. and the EFIH Debtors.

**(iii)    [EFH] Retiree and Employee Issues/OPEB (Matter No. 101)**

Total Fees:    $26,282.50
Total Hours:   29.80

100.    This Matter Category includes time spent by K&E attorneys providing services related to various issues related to the Debtors' retirees and employees including those at EFH Corporate Services.  Specifically, K&E attorneys spent time:

    i.        analyzing, in consultation with the Debtors, certain of the Debtors' retiree and employee compensation and benefit obligations;

    ii.       drafting, revising, and researching pleadings and supporting declarations relating to non-qualified benefits, non-insider compensation, and insider compensation;

    iii.      advising the Debtors in connection with separating their 401(k) plan;

    iv.      assisting the Debtors in negotiations with interested parties regarding the relief described above; and

    v.       providing diligence related to the relief described above to numerous creditor constituencies.

**(jjj)    [ALL] Venue (Matter No. 106)**

Total Fees:    $369,123.00
Total Hours:   526.10

101.    This Matter Category includes time spent by K&E attorneys related to challenges to the Debtors' choice of venue.  Specifically, K&E attorneys and paraprofessionals spent time:

    i.        researching and drafting pleadings in opposition to a change of venue;

ii.    identifying, collecting, and processing volumes of documents for review and potential production; then analyzing and reviewing potentially responsive documents that culminated in the production of approximately 50 documents and 460 pages of documents regarding the venue dispute;

iii.    preparing witnesses for four depositions and testimony in connection with the venue dispute; and

iv.    preparing, and coordinating the logistics for, the venue hearing.

**(kkk)  [ALL] Invoice Review (Matter No. 107)**

Total Fees:    $139,628.00
Total Hours:   274.00

102.    This Matter Category includes time spent by K&E attorneys reviewing K&E invoices for services rendered during these chapter 11 cases.

**(lll)   [TCEH] Executory Contracts and Unexpired Leases (Matter No. 108)**

Total Fees:    $184,259.00
Total Hours:   328.70

103.    This Matter Category includes time spent by K&E attorneys and paraprofessionals examining issues related to the TCEH Debtors' executory contracts and unexpired leases.  Specifically, K&E attorneys and paraprofessionals spent time researching and analyzing the TCEH Debtors' obligations under various executory contracts and leases, including with respect to the possibility of renegotiating, rejecting, or assuming and assigning such contracts and leases.

**Actual and Necessary Expenses Incurred by K&E**

104.    As set forth in **Exhibit H** attached hereto, and as summarized in **Exhibit F** attached hereto, K&E has incurred a total of $1,248,049.03 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually use

45

services of the types set forth in **Exhibit H** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### Reasonable and Necessary Services Provided by K&E

**A.**      **Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

105.      The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

106.      Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with 100 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

107.      In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's Litigation, Corporate, and Tax Groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.**      **Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

108.      The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet

deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates. Consistent with firm policy and the Fee Committee Guidelines, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

109.    In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required. On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials. The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

110.    Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In accordance with the Retention Order, K&E does not seek reimbursement of expenses for office supplies pursuant to this Application. In addition, K&E will waive certain fees and reduce its expenses in

accordance with the Fee Committee Guidelines.  K&E will not seek reimbursement of expenses

related to, among other things, in-office and out-of-office meals in excess of that allowed under

the Fee Committee Guidelines and local travel expenses for those K&E employees who work on

weekends or late in the evenings that do not meet the Fee Committee Guidelines.   In the Fee

Period, K&E voluntarily reduced its fees by $459,965.50 and expenses by $211,322.75.

Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in

the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

111.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code

provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual necessary services rendered . . . and reimbursement

for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria

for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extent, and the value of such services,
> taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this title;
>
> (d)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on

> the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

112.    K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders.  K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

113.    During the Fee Period, K&E's hourly billing rates for attorneys ranged from $413.57 to $1,295.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  K&E strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

114.    Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other

49

conditions and are consistent with the rates charged elsewhere.

115.    In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.    Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## **Reservation of Rights and Notice**

116.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the TCEH Creditors' Committee; (e) the EFH Creditors' Committee; (f) the Fee Committee; and (g) all parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

117.    Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on K&E and the Notice Parties so that it is **actually received** on or before November 21, 2014 at 4:00 p.m. (Prevailing Eastern Time).

## **No Prior Request**

118.    No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $25,600,790.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $1,248,049.03; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.


Wilmington, Delaware
Dated: October 31, 2014

*/s/ Edward O. Sassower, P.C.*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Counsel to the Debtors and Debtors in Possession*