## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 21, 2014 at** |
| | ) **4:00 p.m. (ET)** |

## SUMMARY COVER SHEET TO THE INTERIM FEE APPLICATION OF SIDLEY AUSTIN LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 29, 2014 THROUGH AUGUST 31, 2014

In accordance with the Local Bankruptcy Rules for the District of Delaware, Sidley Austin LLP ("Sidley"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from April 29, 2014 through August 31, 2014 (the "Fee Period").

Sidley submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses For Professionals* [Docket No.2066] (the "Interim Compensation Order").

### *General Information*

| | |
|---|---|
| Name of Applicant: | Sidley Austin LLP |
| Authorized to Provide Services to: | Debtors |

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

ACTIVE 204235947.v.3

| | |
|---|---|
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Sidley [Docket No. 2060]: | September 16, 2014, *nunc pro tunc* to April 29, 2014 |

### Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | April 29, 2014 through August 31, 2014 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $2,327,235.30[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $24,009.87 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $2,351,245.17 |

### Rate Increases Applicable to the Fee Period

| | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | N/A |

### Summary of Past Requests for Compensation and Prior Payments

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $1,861,788.24 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $24,009.87 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $0[4] |

---

[3] Sidley voluntarily reduced its fees by approximately $25,705.40 and its expenses by approximately $15,255.08 in the Fee Period (as defined herein). Consequently, Sidley does not seek payment of these fees and expenses in this Monthly Fee Statement (as defined herein).

[4] Concurrently herewith, Sidley has filed (i) the First Monthly Fee Application, (ii) the Second Monthly Fee Application, (iii) the Third Monthly Fee Application, and (iv) the Fourth Monthly Fee Application.

ACTIVE 204235947.v.3

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to Date:     $0

Total Allowed Compensation Paid to Date:     $0

Total Allowed Expenses Paid to Date:     $0

Compensation Sought in
this Application Already Paid Pursuant to
the Interim Compensation Order But Not Yet     $0
Allowed:

Expenses Sought In This
Application Already Paid Pursuant to the
Interim Compensation Order But Not Yet Allowed:     $0


                                        Respectfully submitted,

Date: October 31, 2013          */s/ Paul S. Caruso*
                                        James F. Conlan
                                        Larry J. Nyhan
                                        Paul S. Caruso
                                        Matthew A. Clemente
                                        Chicago, Illinois 60603
                                        (312) 853-7000
                                        SIDLEY AUSTIN LLP

                                        *Special Counsel to the Debtors
                                        and Debtors in Possession*

ACTIVE 204235947v.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 21, 2014 at** |
| | ) **4:00 p.m. (ET)** |

**INTERIM QUARTERLY FEE APPLICATION OF SIDLEY AUSTIN LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE PERIOD OF APRIL 29, 2014 THROUGH AUGUST 31, 2014**

Sidley Austin, LLP ("Sidley") special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $2,327,235.30 and reimbursement of actual and necessary expenses in the amount of $24,009.87 that Sidley incurred for the period from April 29, 2014 through August 31, 2014 (the "Fee Period"). In further support of this Fee Application, Sidley respectfully states as follows.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses For Professionals* [Docket No.2066] (the "Interim Compensation Order"), and *The Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "Fee Committee Order").

## FACTUAL BACKGROUND OF THE CASES

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On June 5, 2014 the Court entered a final order [Docket No. 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

6.      On May 13, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code composed of creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and EFH Corporate Services Company [Docket No. 420] (the "TCEH Committee").  On October 27, 2014, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to section 1102 composed of creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding

ACTIVE 204235947v.3

Company, LLC, EFIH Finance, Inc., and EECI, Inc. [Docket No. 2570] (the "EFH/EFIH Committee").

7.      On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "Fee Committee") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1003 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

8.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

9.      The Debtors sought approval of this Court to retain Sidley as special counsel, pursuant to sections 327(e) and 1107 of the Bankruptcy Code, by application filed on May 29, 2014 [Docket No. 665] (the "Sidley Retention Application").  As set forth in the Sidley Retention Application, Sidley's services to the Debtors include issues related to the Sponsors (the "Sponsor Matters"), certain environmental litigation matters (the "EPA Matters"), and on an as-requested basis for certain matters on which Debtors' counsel, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), will not advise.  Sidley's retention, nunc pro tunc to the Petition Date, was approved by this Court by order dated September 16, 2014 [Docket No. 2060].

10.     Pursuant to the procedures set forth in the Interim Compensation Order and the Fee Committee Order, Sidley prepared, and has filed concurrently herewith, monthly applications for interim allowance of compensation for services rendered and reimbursement of

3

expenses incurred as follows: (i) the *First Monthly Fee Application for of Sidley Austin LLP For Allowance of Compensation and Reimbursement of Expenses For the Period From April 29, 2014 Through May 31, 2014* (the "First Monthly Fee Application"), (ii) the *Second Monthly Fee Application for of Sidley Austin LLP For Allowance of Compensation and Reimbursement of Expenses For the Period From June 1 Through June 30, 1014* (the "Second Monthly Fee Application"), (iii) the *Third Monthly Fee Application for of Sidley Austin LLP For Allowance of Compensation and Reimbursement of Expenses For the Period From July 1 Through July 31, 2014* (the "Third Monthly Fee Application"), and (iv) the *Fourth Monthly Fee Application for of Sidley Austin LLP For Allowance of Compensation and Reimbursement of Expenses For the Period From August 1 Through August 30, 2014* (the "Fourth Monthly Fee Application", and, together with the First Monthly Fee Application, Second Monthly Fee Application, and Third Monthly Fee Application, the "Monthly Fee Applications").

**RELIEF REQUESTED**

11.    By this Fee Application, Sidley respectfully requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Sidley as special counsel to the Debtors during the Fee Period.

12.    Sidley seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $2,327,235.30 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $24,009.87, representing 2,980.2 hours in professional and paraprofessional time for such services, as well as reimbursement of actual, necessary expenses incurred by Sidley during the Fee Period. Sidley seeks the interim allowance of such fees and expenses, as well as this Court's

authorization for payment of such amounts by the Debtors, less any amounts previously paid to

Sidley prior to the hearing on this Fee Application pursuant to the Monthly Fee Applications.[2]

13.     This Fee Application has been prepared in accordance with the Interim

Compensation Order and the Fee Committee Order.

## FEES AND EXPENSES INCURRED DURING FEE PERIOD

A.     **Customary Billing Disclosures**.

14.     Sidley's hourly rates are set at a level designed to compensate Sidley fairly for the

work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly

rates and corresponding rate structure utilized by Sidley in these chapter 11 cases are equivalent

to the hourly rates and corresponding rate structure agreed to by Sidley and the Debtors pursuant

to the terms of Sidley's engagement letters with the Debtors.  Furthermore, the hourly rates

charged by Sidley professionals and paraprofessionals during the Interim Fee Period covered by

this Fee Application are no greater than the customary hourly rates for such services provided

both inside and outside of bankruptcy cases.  Sidley believes these rates are comparable to those

charged by bankruptcy and other professionals of other firms of comparable size, statute, and

experience.

15.     With the exception of the advance payments previously disclosed to this Court,[3]

Sidley has received no payment and no promises for payment from any source other than the

---

[2] To the extent any of the Monthly Fee Applications are allowed and have been paid by the time of the hearing on this Fee Application, Sidley will seek the remaining amount of fees and expenses incurred between April 29, 2014 and August 31, 2014, in addition to the 20% holdback for any allowed Monthly Applications.

[3] As further described in the *Declaration of Paul S. Caruso in Support of the Application of the Debtors For an Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date*, attached as Exhibit B to the Sidley Retention Application, prior to the Petition Date, Sidley received an Advance Payment Retainer and an EPA Advanced Payment. As of the date of this Fee Application, the currently remaining amounts of the Advance Payment Retainer and the EPA Advanced Payment are $1,167, 130.10 and $206,126, respectively.

Debtors for services rendered in these chapter 11 cases. There is no agreement between Sidley and any other party for the sharing of compensation to be received for the services rendered by Sidley in these chapter 11 cases. All professional and paraprofessional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

**B.     Fees Incurred During Fee Period**.

16.     In the ordinary course of Sidley's practice, Sidley maintains records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit A** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Sidley's current billing rates for these matters;

- the number of rate increases since the inception of the case (if applicable); and

- a calculation of total compensation requested using the rates disclosed in the Sidley Retention Application.

**C.     Expenses Incurred During Fee Period**.

17.     In the ordinary course of Sidley's practice, Sidley maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. Sidley currently charges $0.10 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, Sidley charged no more than $0.10 per page for standard

ACTIVE 204235947v.3

duplication services in these chapter 11 cases.[4]  Sidley does not charge its clients for incoming facsimile transmissions.

18.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Sidley is seeking reimbursement.

### SUMMARY OF LEGAL SERVICES RENDERED DURING THE FEE PERIOD

19.     During the Fee Period, Sidley provided necessary professional services to the Debtors in connection with certain insolvency and restructuring matters, the EPA Matters, and other matters as requested by the Debtors. These services were necessary to address a multitude of critical issues both unique to these chapter 11 cases and faced by certain of the Debtors in ongoing litigation in the federal courts.

20.     To provide a meaningful summary of Sidley's services provided on behalf of the Debtors and their estates, Sidley has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Sidley partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit C**.  In addition, Sidley's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit D**,  and Sidley's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit E**.

21.     The following is a summary, by Matter Category, of the most significant

---

[4] In addition to standard duplication, Sidley also charged $0.50 per page for color duplication.

professional services provided by Sidley during the Fee Period.[5]  This summary is organized in accordance with Sidley's internal system of matter numbers.

(a)    **First Day Motions [Matter No. 30021]**

Total Fees:    $140,380.00
Total Hours:   164.30

22.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals analyzing pleadings filed on or shortly after the Petition Date.  Specifically, Sidley attorneys and paraprofessionals spent time (i) analyzing such pleadings with a focus on potential conflicts that could arise between certain creditor bodies and (ii) analyzing and conducting follow-up diligence regarding potential issues related to the Sponsor Matters potentially implicated by such pleadings.

(b)    **Non-Working Travel Time [Matter No. 30250]**

Total Fees:    $3,237.50
Total Hours:   7.0

23.    This Matter Category includes time spent by Sidley attorneys traveling in connection with their representation of the Debtors.  The amounts presented for review and the request for payment in this Fee Application reflect a reduction of one-half the charges for travel time.

(c)    **Case Administration [Matter No. 30100]**

Total Fees:    $55,935.50
Total Hours:   66.90

24.    This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases.  Time billed to this Matter Category is principally comprised of services related to

---

[5] In certain instances Sidley may have billed the same amount of fees, but a different amount of hours to different matter categories.  This difference is the result of different staffing of each such matter category.

multiple matters such that the time cannot be easily allocated to one of the other matters, including time spent by Sidley attorneys and paraprofessionals (i) reviewing and analyzing pleadings that could potentially impact Sidley's representation of the Debtors with respect to the Sponsor Matters and potential intercompany issues, (ii) participating in discussions and meetings related to such matters, and (iii) participating in hearings and reviewing related docketed filings.

(d)    **Committee-Related Maters [Matter No.  30130]**

Total Fees:    $9,437.50
Total Hours:   9.40

25.    The minimal amount of time devoted to this time category related to analyzing the role and composition of the Committee, the potential for additional committees, and the impact such issues might have on those matters on which Sidley provides services to the Debtors.

(e)    **Professional Retention [Matter No. 30070]**

Total Fees:    $335,895.50
Total Hours:   454.90

26.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals providing services related to the retention of Sidley as the Debtors' special counsel.  Specifically, Sidley attorneys and paraprofessionals spent time preparing a retention application and related disclosures necessary to obtain the order of the Court approving the employment of Sidley to represent the Debtors.

(f)    **Fee Applications [Matter No. 30090]**

Total Fees:    $1,276.50
Total Hours:   3.70

27.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals providing services related to the preparation of Sidley's applications for fee and expense reimbursement.  Specifically, Sidley attorneys and paraprofessionals spent time preparing monthly fee statements in anticipation of the entry of the Interim Compensation Order,

including reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and making necessary redactions to preserve the confidentiality of the work performed for the Debtors.

#### (g)    Litigated Matters [Matter No. 30120]

Total Fees:    $746,262.50
Total Hours:   851.00

28.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals (i) responding to discovery requests and oral deposition notices from Wilmington Savings Fund Society, FSB ("WSFS"), in its capacity as successor trustee under the indenture governing the senior secured second lien notes issued by TCEH and TCEH Finance Co., (the "TCEH Second Lien Notes"), and (ii) coordinating and working closely with K&E in producing documents requested by various parties, including WSFS, on a variety of issues in connection with these chapter 11 cases.

#### (h)    Clean Air Transport Rule Litigation [Matter No. 10040]

Total Fees:    $722,128.60
Total Hours:   1,005.90

29.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals providing services in response to the Supreme Court's decision in *EPA v. EME Homer City Generation, LP*, issued on April 29, 2014.  Specifically, Sidley attorneys and paraprofessionals spent time during this Fee Period on the following:

(i)    Conferring and meeting with the Debtors and co-petitioners regarding strategy in response to the *EME Homer* decision, and drafting memoranda summarizing these potential next steps.

(ii)    Analyzing issues related to the D.C. Circuit's June 3 order requiring the filing of motions to govern future proceedings and the EPA's June 26 motion to lift the stay.

(iii)    Drafting the following pleadings and briefs, all of which were filed with the U.S. Court of Appeals for the D.C. Circuit: (i) a request for extension of

10

time to respond to EPA's motion to lift the stay, filed on July 2 as a result of EPA's filing of the motion before the Court's deadline for motions to govern future proceedings, (ii) a motion to govern proceedings on remand, which was filed on July 3, (iii) a response in opposition to EPA's motion to govern future proceedings, which was filed on July 10, (iv) a motion for summary vacatur of the Transport Rule's emission budgets for Texas, which was filed on July 25, (v) a reply in support of the motion to govern future proceedings, which was filed on July 28, (vi) an opposition to the EPA's motion to lift the stay, which was filed on July 31, (vii) a reply in support of summary vacatur of the Transport Rule's emission budgets for Texas, which was filed on August 8.

(iv)     In response to EPA's motion to lift the stay following the *EME Homer* decision, Sidley professionals consulted with an outside expert regarding the impact of the Transport Rule on the Debtors' businesses and coordinated with various third parties associated with the Debtors' industries, as well as the co-petitioners in the *EME Homer* litigation.

(i)     **Regional Haze Program [Matter No. 10050]**

Total Fees:     $582.00
Total Hours:   0.60

30.     This Matter Category involves Sidley's representation of certain of the Debtors in a challenge to the EPA's regional haze rule currently pending in the D.C. Circuit. The matter has been held in abeyance pending the D.C. Circuit's adjudication of *EME Homer* on remand from the U.S. Supreme Court. Sidley's limited amount of time billed to this Matter Category during the Fee Period involved conferring with various co-petitioners and the Debtors' in-house counsel regarding deferral of the motions to govern future proceedings, and the case's relationship to the *EME Homer* remand.

(j)     **EPA July NOV (5th Circuit) [Matter No. 40060]**

Total Fees:     $223,241.20
Total Hours:   300.10

31.     This Matter Category includes time spent by Sidley attorneys and paraprofessionals providing services in connection with *Luminant Generation Co. v. EPA* before the U.S. Court of Appeals for the Fifth Circuit. Specifically, oral argument in *Luminant v. EPA*

took place on June 2, which was delivered by Peter Keisler, a partner at Sidley.  Sidley professionals, including Mr. Keisler, spent time preparing for the oral argument, which included substantive research on various legal issues that supplemented those that arose during briefing. In addition, Sidley professionals devoted a substantial amount of time discussing strategy for the oral argument both internally and with members of the Debtors' in-house counsel prior to the oral argument.  During the Fee Period, Mr. Keisler and Rick Beckner, another Sidley partner, traveled to New Orleans to meet with members of the Debtors' in-house counsel to prepare for and attend the oral argument.  Following oral argument, an opinion in the matter was issued on July 3.  Sidley reviewed the opinion and conferred with members of the Debtors' in-house legal team once the decision was issued.

(k)     **Greenhouse Cases [Matter No. 55784-40070]**

Total Fees:     $67,388.60
Total Hours:    87.70

32.    This Matter Category includes time spent by Sidley attorneys and paraprofessionals analyzing proposed regulations related to greenhouse gases and electric generating units.  Sidley professionals advised the Debtors on the proposals' implications for existing and potential future facilities, and strategies for participating in the rulemaking process as a stakeholder.  During the Fee Period, Sidley assisted the Debtors specifically in developing comments submitted in response to the EPA's proposed New Source Performance Standard for newly constructed electric generating units. Sidley also provided the client with strategic counseling on other litigation and potential EPA action related to greenhouse gases.

(l)     **Counseling on Regulations for Existing Generating Units [Matter No. 40080]**

Total Fees:     $21,469.90
Total Hours:    28.70

33.    The limited amount of time devoted to this Matter Category involved analyzing

ACTIVE 204235947.v.3

and coordinating with members of the Debtors' in-house legal team on certain EPA actions and potential litigation regarding proposed greenhouse gas rules for existing electric generating units.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY SIDLEY

34.     As set forth in **Exhibit D** attached hereto, and as summarized in **Exhibit B** attached hereto, Sidley has incurred a total of $24,009.87 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Sidley's direct operating costs, which are not incorporated into the Sidley hourly billing rates.  Sidley charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit D** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## SIDLEY'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

35.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.     Sidley respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Sidley further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents.  Sidley further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.  Accordingly, Sidley respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### REVIEW OF APPLICABLE LOCAL RULE

37.     The undersigned has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and certifies to the best of his information, knowledge and belief that this Fee Application substantially complies with Rule 2016-2.

ACTIVE 204235947v.3

## RESERVATION OF RIGHTS

38.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Sidley reserves the right to include such amounts in future fee applications.

## NOTICE

39.     Notice of this Fee Application has been provided to:  (a) the Debtors, (b) co-counsel to the Debtors, Kirkland & Ellis LLP, (iii) co-counsel to the Debtors, Richards, Layton & Finger, P.A., (iv) the Office of the United States Trustee; (v) counsel for the agent of the EFIH First Lien DIP Financing Facility, (vi) counsel for the agent of the TCEH DIP Financing Facility, (vii) counsel to the Official Creditors' Committee for creditors of TCEH, and (viii) counsel to the Fee Committee (collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties so that it is actually received on or before November 21, 2014 at 5:00 PM (ET).

## NO PRIOR REQUEST

40.     Other than the applicable Monthly Fee Applications, no prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Sidley respectfully requests that the Court enter an order (a) awarding Sidley interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $2,327,235.30, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $24,009.87; (b) authorizing and directing the Debtors to remit payment to Sidley for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Respectfully submitted,

Date: October 31, 2013

*/s/ Paul S. Caruso*
James F. Conlan
Larry J. Nyhan
Paul S. Caruso
Matthew A. Clemente
Chicago, Illinois 60603
(312) 853-7000
SIDLEY AUSTIN LLP

*Special Counsel to the Debtors*
*and Debtors in Possession*