**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 2710** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO SHORTEN
NOTICE PERIOD IN CONNECTION WITH "MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, CLARIFYING CERTAIN RELIEF GRANTED IN THE
NON-PROPRIETARY TRADING ORDER AND SEEKING ENTRY OF AN ORDER
AUTHORIZING CERTAIN DEBTORS TO ENTER INTO NON-PROPRIETARY
HEDGING AND TRADING ARRANGEMENTS WITH A TENOR BEYOND
DECEMBER 31, 2015 AND SUBJECT TO HEDGE AND TENOR LIMITATIONS
CONSISTENT WITH HISTORICAL PRACTICE" AND FOR RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") seeking entry of an order shortening the notice period with respect to the *Motion of Energy Future Holdings Corp.,* et al.*, Clarifying Certain Relief Granted in the Non-Proprietary Trading Order and Seeking Entry of an Order Authorizing Certain Debtors to Enter Into Non-Proprietary Hedging and Trading Arrangements With a Tenor Beyond December 31, 2015 and Subject to Hedge and Tenor Limitations Consistent With Historical Practice* (the "Non-Proprietary Hedging and Trading Motion") and granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Background

1.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2.      On the Petition Date, the Debtors filed the Hedging and Trading Motion[2], seeking authority to continue performing under the Debtors' Proprietary Hedging and Trading Arrangements and Non-Proprietary Hedging and Trading Arrangements and honoring related prepetition obligations (including collateral obligations) and to enter into new postpetition Proprietary Hedging and Trading Arrangements and Non-Proprietary Hedging and Trading

---

[2]   Capitalized terms used, but not otherwise defined, herein shall be given the same meanings ascribed to them in the Non-Proprietary Hedging and Trading Motion.

Arrangements in the ordinary course of business.  The Court entered final relief with respect to Non-Proprietary Hedging and Trading Arrangements on June 6, 2014 [D.I. 860] and final relief with respect to Proprietary Hedging and Trading Arrangements on June 30, 2014 [D.I. 1309].

### Jurisdiction and Venue

3.     The The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief requested in this Motion are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-1(e).

### Relief Requested

6.     By this Motion, the Debtors respectfully request entry of an order shortening the notice, objection, and reply periods with respect to the Non-Proprietary Hedging and Trading Motion.

7.     Local Rule 9006-1(c) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local

Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Additionally, Local Rule 9006-1(d) further provides that "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d).

8.      For the reasons set forth herein, the Debtors seek to shorten the notice, objection, and reply periods for the Non-Proprietary Hedging and Trading Motion, and ask that the Court consider the Non-Proprietary Hedging and Trading Motion at the hearing scheduled to take place in these chapter 11 cases on November 20, 2014 starting at 12:00 p.m. (noon) (EST) (the "November 20th Hearing").

9.      As described in the Non-Proprietary Hedging and Trading Motion, the Debtors cannot enter into Non-Proprietary Hedging and Trading Arrangements with a particular tenor unless the hedge limits for such tenor have already been approved by the Audit Committee (which reviews and approves the hedge limits on at least an annual basis). The hedge limits approved by the Audit Committee are referred to as the "Approved Limits" in the Non-Proprietary Hedging and Trading Motion.

10.      Following the Audit Committee's recent authorization of the Approved Limits for Non-Proprietary Hedging and Trading Arrangements with a tenor that extends beyond December 31, 2015 (and as described in greater detail in the Non-Proprietary Hedging and Trading Motion), the Debtors' internal rigorous risk management controls now permit the Debtors to

enter into Non-Proprietary Hedging and Trading Arrangements with a tenor that extends beyond December 31, 2015.

11.    The Non-Proprietary Trading Order prevents the Debtors from entering into Non-Proprietary Hedging and Trading Arrangements with a tenor beyond 2015 without further order of the Court.    Pursuant to the Non-Proprietary Hedging and Trading Motion, certain of the Debtors (referred to as the "Hedging and Trading Entities" in the Non-Proprietary Hedging and Trading Motion) are seeking authority to enter into Hedging and Trading Arrangements with a tenor beyond 2015.    Absent approving shortened notice periods with respect to the Non-Proprietary Hedging and Trading Motion, and based on the hearing dates currently scheduled in the Debtors' chapter 11 cases, the relief sought in the Non-Proprietary Hedging and Trading Motion, if not heard at the November 20th Hearing, could not be scheduled to be considered by the Court until December 18, 2014 at 9:30 a.m. (EST) — nearly six weeks from now.

12.    As described in the Non-Proprietary Hedging and Trading Motion, without immediate authorization from this Court, and without the ability to transact using the Approved Limits (which reflect both the Debtors' historical practices and industry practice), the Debtors are at risk of losing significant value to the business based on unpredictable and volatile price fluctuations that strip economic value from the Debtors' operations.    In addition, the Debtors will be at a competitive disadvantage compared to their peers if they are not permitted to continue their historical practices of entering into Non-Proprietary Hedging Arrangements to protect against price and delivery risk.    For these reasons, the Debtors believe that expedition of the Non-Proprietary Hedging and Trading Motion is warranted under the circumstances.

13.    The Debtors will provide notice of the Non-Proprietary Hedging and Trading Motion by overnight delivery, which will provide approximately fourteen (14) days of actual

notice of a hearing to parties on the mailing list for these chapter 11 cases in the event that any parties wish to be heard in connection with the Non-Proprietary Hedging and Trading Motion. In addition, the Debtors have had informal discussions with certain parties-in-interest regarding the relief sought in the Non-Proprietary Hedging and Trading Motion.  Under the circumstances, the Debtors believe that sufficient cause exists to shorten notice to permit them to capitalize on the substantial benefits to their estates through the prompt prosecution of the Non-Proprietary Hedging and Trading Motion.

14.    Local Rule 9006-1(c)(ii) requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least seven days before the hearing date.  Del. Bankr. L.R. 9006-1(c)(ii).  Given the circumstances, the Debtors believe that it is reasonable and appropriate to require parties to file and serve any objections to any the Non-Proprietary Hedging and Trading Motion by November 17, 2014 at 4:00 p.m. (EST) (*i.e.,* greater than ten days after the Non-Proprietary Hedging and Trading Motion was filed and served and three days prior to the November 20th Hearing).  The Debtors believe that the proposed deadline will provide parties in interest with sufficient time to respond to the Non-Proprietary Hedging and Trading Motion.

15.    Finally, the Debtors request that the Court grant them an extension of the deadline set forth in Local Rule 9006-1(d) by which to file and serve a reply to any objection(s) that might be filed in connection with the Non-Proprietary Hedging and Trading Motion.[3]  The agenda for the November 20th Hearing is due to be filed with the Court by 12:00 p.m. (noon) (EST) on November 18, 2014.  As noted above, Local Rule 9006-1(d) therefore requires that the Debtors

---

[3] Although on its face, the language of Local Rule 9006-1(d) sets a deadline for service of a reply, rather than a deadline for filing a reply, the Debtors seek a waiver of the rule out of an abundance of caution to the extent that the Court believes that the rule should be read to set a deadline for serving a reply.

file and serve any reply with the Court on or before 4:00 p.m. (EST) on November 17, 2014 (*i.e.,* the same date and time as the proposed objection deadline requested herein with respect to the Non-Proprietary Hedging and Trading Motion). Accordingly, absent leave of Court, the Debtors would be unable to file and serve any reply in compliance with Local Rule 9006-1(d). The Debtors believe that, to the extent any objections to the Non-Proprietary Hedging and Trading Motion are filed, a written reply will (i) fully inform the Court of the Debtors' arguments regarding the issues presented in the Non-Proprietary Hedging and Trading Motion; (ii) assist the Court in deciding the merits of the Non-Proprietary Hedging and Trading Motion and any objections or responses thereto; and (iii) help narrow disputed issues, if any, thereby serving to streamline the November 20th Hearing. As such, the Debtors request that they be permitted to file and serve a reply in connection with any objections to the Non-Proprietary Hedging and Trading Motion by no later than November 19, 2014 at 12:00 p.m. (noon) (EST).

### Notice

16.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the official committee of unsecured creditors appointed on May 13, 2014; (c) the individuals appointed to the official committee of unsecured creditors on October 27, 2014; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured

notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission;

(u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) all parties the Debtors reasonably believe are counterparties to the Hedging and Trading Arrangements.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page left intentionally blank]*

WHEREFORE, the Debtors respectfully requests entry of an order (i) scheduling the Non-Proprietary Hedging and Trading Motion for hearing on shortened notice at the November 20th Hearing; (ii) setting the objection deadline with respect to the Non-Proprietary Hedging and Trading Motion for November 17, 2014 at 4:00 p.m. (EST); (iii) authorizing the Debtors to file and serve a reply to any objections that are filed to the Non-Proprietary Hedging and Trading Motion on or before November 19, 2014 at 12:00 p.m. (noon) (EST); and (iv) granting such other and further relief as may be just and proper.

Wilmington, Delaware
Dated:   November 6, 2014                    */s/ William A. Romanowicz*
                               **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com
                    romanowicz@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                    marc.kieselstein@kirkland.com
                    chad.husnick@kirkland.com
                    steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

RLF1 11028382v.1