**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1] | ) |
| | ) Case No. 14-10979 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 1957** |
| | ) |

**CERTIFICATE OF NO OBJECTION REGARDING LUMINANT ENERGY
COMPANY LLC'S NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT**

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or other responsive pleading with respect to the *Notice of Entry into Liquidation Agreement* (the "Liquidation Notice"), a copy of which is attached hereto as **Exhibit A**.

1.      The Liquidation Notice was served by the Debtors' claims and noticing agent on October 14, 2014 in connection with that certain liquidation agreement entered into by and between Luminant Energy Company LLC (f/k/a TXU Energy Trading Company LP) ("Luminant") and NextEra Energy Power Marketing, LLC (f/k/a FPL Energy Power Marketing, Inc.) ("Counterparty" and, together with Luminant, the "Parties") (the "Liquidation Agreement") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

2.      The Liquidation Notice was served in accordance with the terms of the Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Certain Hedging and Trading Arrangements* [Docket No. 1957] (the "<u>Liquidation Procedures Order</u>").

3.      Pursuant to the terms of the Liquidation Procedures Order and the Liquidation Notice, parties objecting to Luminant's entry into the Liquidation Agreement were to submit a written statement of their objection(s) within fourteen (14) calendar days of receiving the Liquidation Notice (a "<u>Liquidation Objection</u>").  If no Liquidation Objection was timely served in accordance with the terms of the Liquidation Notice, all parties who were served with the Liquidation Notice are barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certificate of no objection.

4.      The undersigned hereby certifies that the Debtors have not received a Liquidation Objection.  Accordingly, under the terms of the Liquidation Procedures Order, Luminant and the Counterparty are immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

[<em>Remainder of page left intentionally blank</em>]

RLF1 11051357v.1

Dated: November 11, 2014
       Wilmington, Delaware

/s/ William A. Romanowicz
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:      collins@rlf.com
            defranceschi@rlf.com
            madron@ rlf.com
            romanowicz@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward A. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:(212) 446-4800
Facsimile: (212) 446-4900
Email:      edward.sassower@kirkland.com
            stephen.hessler@kirland.com
            brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc C. Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:(312) 862-2000
Facsimile: (312) 862-2200
Email:      james.sprayregen@kirkland.com
            marc.kieselstein@kirkland.com
            chad.husnick@kirland.com
            steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

## EXHIBIT A

**Liquidation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 14-10979 (CSS) |
| Energy Future Holdings Corp., *et al.* | ) | Jointly Administered |
|  | ) |  |
| Debtors.[1] | ) |  |
|  | ) |  |

**LUMINANT ENERGY COMPANY LLC'S
NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT**

**TO:** (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on September 29, 2014, Luminant Energy Company LLC (f/k/a TXU Energy Trading Company LP) ("Luminant") entered into a liquidation agreement (the "Liquidation Agreement") with NextEra Energy Power Marketing, LLC (f/k/a FPL Energy Power Marketing, Inc.) ("Counterparty" and, together with Luminant, the "Parties") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Bankruptcy Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [ECF No. 1957] (the "Liquidation Procedures Order"), the Debtors have the authority to negotiate, resolve, and liquidate claims arising on account of the Hedging and Trading Arrangements (as defined in the Debtors' *Motion for an Order Establishing Procedures for the Liquidation by Third Parties of Claims of Certain Hedging and Trading Arrangement* [ECF. No. 1838]) (including interest rate swaps executed by Debtor EFH Corp.), consistent with the relief granted in the Liquidation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, the following is a summary of the key terms of the Liquidation Agreement:

> ➢ The Liquidation Agreement has been entered into by and between Luminant, having an address at 1601 Bryan Street, Dallas, Texas 75201, and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Counterparty, having an address at 700 Universe Boulevard, Juno Beach, Florida 33408.

➢ The Liquidation Agreement liquidates competing unsecured claims of Luminant (in the amount of $8,559.78) and Counterparty (in the amount of $206,291.01) arising out of the Transactions (as defined in the Liquidation Agreement). The Counterparty payable shall be netted and offset with the Luminant payable, subject to a discount using the Fed Funds rate of 0.25%, assuming a settlement date of May 13, 2014, resulting in a net amount owed by the Counterparty to Luminant of $197,453.06 (the "Settlement Payment").

➢ The Liquidation Agreement provides, *inter alia*, that (i) Counterparty shall make the Settlement Payment to Luminant in immediately available funds within fifteen (15) business days from the date on which Luminant and Counterparty are authorized to consummate the Liquidation Agreement pursuant to the terms of the Liquidation Procedures Order; (ii) interest shall accrue on any overdue portion of the Settlement Payment at a rate equal to the lesser of (a) a rate per annum equal to the "Prime Rate" published in *The Wall Street Journal* from time to time, plus two percent (2%), or (b) the maximum non-usurious rate under applicable law; (iii) the Parties agree to full mutual releases with respect to all claims arising out of the Terminated Hedging and Trading Arrangements (as defined in the Liquidation Agreement); and (iv) to the extent Counterparty has filed any proofs of claims related to the Terminated Hedging and Trading Arrangements, Counterparty agrees that it will withdraw such proofs of claims with prejudice within five (5) business days from the date on which Luminant and Counterparty are authorized to consummate the Liquidation Agreement pursuant to the terms of the Liquidation Procedures Order.

➢ Luminant believes that entering into the Liquidation Agreement is a sound exercise of its business judgment as it avoids the cost, uncertainty and delay of a protracted litigation concerning the Parties' payables and results in the Settlement Payment to Luminant.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, parties objecting (each, an "Objecting Party") to Luminant's entry into the Liquidation Agreement shall submit a written statement of their objection(s) within fourteen (14) calendar days of receiving this Liquidation Notice (a "Liquidation Objection"). Each Liquidation Objection must be served by electronic mail or overnight delivery service upon the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian E. Schartz, and 300 N. LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick; (ii) NextEra Energy Power Marketing, LLC, 700 Universe Boulevard, Juno Beach, FL 33408; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Office of the United States Trustee for the Southern District of New York; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Liquidation Objection is timely served in accordance with the above paragraph, or a timely served Liquidation Objection is withdrawn by the Objecting Party, all parties who were served with the Liquidation Notice shall be barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certificate of no objection.  Upon such filing, Luminant and Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms.


Dated: October 13, 2014
       New York, New York



/s/ Iskender H. Catto


**MCDERMOTT WILL & EMERY LLP**
Iskender H. Catto
Ryan A. Wagner
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Special Counsel to the Debtors for Certain Energy-Related Transactional Matters*