# **Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING THE ASSUMPTION**
**OF CERTAIN UNEXPIRED LEASES BY AND AMONG**
**LUMINANT GENERATION COMPANY LLC, LUMINANT MINING**
**COMPANY LLC, SANDOW POWER COMPANY LLC, AND ALCOA INC.**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtor Parties to assume the Alcoa Leases, pay any related cure amounts, and provide adequate assurance of future performance, all as set forth in the Motion and the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the ~~Stipulation was extensively negotiated in good faith and at arms'-length by the Parties; and the Court having found that the~~

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

~~Stipulation and the transactions contemplated therein are fair and reasonable; and the Court having found that the~~ the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the parties having consensually agreed to modify the relief sought in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion, as modified, is granted as set forth herein.

2.     The Debtor Parties are authorized to assume the Alcoa Leases listed on **Exhibit 1** attached hereto, and the Alcoa Leases are hereby assumed pursuant to section 365 of the Bankruptcy Code.

3.     Pursuant to section 365(b) of the Bankruptcy Code, the cure amount (if any) associated with each Alcoa Lease as of October 31, 2014 is hereby final ~~as~~with respect to the specific claims and Alcoa Lease obligations set forth on **Exhibit 1** attached hereto~~,~~ (collectively, the "Cure Amounts"), and upon payment and receipt ~~and payment~~ of such ~~cure amounts~~Cure Amounts, Alcoa shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interests, or other default penalties under the Alcoa Leases ~~arising before the date of this Order,~~with respect to, or in connection with, the Cure Amounts arising before October 31, 2014; *provided, however,* that each of the Debtor Parties and Alcoa will continue to net and set off postpetition claims relating to "Postpetition Transactions" under the "Alcoa Agreements" (each as defined in the *Motion of Energy Future Holdings Corp., et al., Approving*

*the Stipulation by and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, and Alcoa Inc. [D.I. 1928]).*

4.      The Debtor Parties have provided adequate assurance of future performance under the Alcoa Leases.

5.      Notwithstanding anything to the contrary in this Order, nothing in this Order shall impose an obligation on any Debtor other than a Debtor Party.

6.      In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts is authorized ~~and directed~~ to receive, process, honor, and pay all such checks presented for payment and wire transfer requests made by the Debtors related to the Alcoa Leases~~, to the extent sufficient funds are on deposit in such accounts~~.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity ~~or~~, amount, type, or priority of any particular claim, other than the Cure Amounts, against a Debtor ~~entity;~~or Alcoa (each, a "Party" and collectively, the "Parties"); (b) a waiver of ~~the Debtors'~~any Party's rights to dispute or assert any particular claim, other than Cure Amounts, on any grounds; (c) a promise or requirement to pay any particular claim other than Cure Amounts; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) ~~an admission by the Debtors that an Alcoa Lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a waiver or settlement of any claims with respect to the writedowns identified in those certain letters of John P. Holsinger of Alcoa to Tiffany L. Silvey of Luminant dated March 17, 2014 and Tiffany L. Silvey of Luminant to John P. Holsinger of Alcoa on  January 16, 2014 and~~

~~March 4, 2014 (the "Lignite Dispute"); (h) a waiver or settlement of any claims with respect to~~

~~or arising from the lignite inventory described in the Lignite Inventory Agreement between~~

~~Alcoa, Sandow Power, and Luminant Mining dated August 31, 2007; (i~~a waiver or limitation of

any of the Parties' rights, claims, potential causes of action, or defenses under the Bankruptcy

Code or any other applicable law; (f) an admission that any Alcoa Lease is executory or

unexpired, as applicable; (g) a request or authorization to assume or reject any agreements under

section 365 of the Bankruptcy Code other than the ~~agreements listed on Exhibit 1 annexed to~~

~~Exhibit A attached hereto: (j) a waiver of any party's rights to assert that any other party is in~~

~~breach or default of any agreement; or (k~~Alcoa Leases; or (h) an admission that any of the Alcoa

Leases are integrated.

8.    The Parties' rights and remedies under the Alcoa Leases and applicable law are

hereby preserved, and nothing in this Order shall prohibit the Parties from exercising their rights

and remedies in accordance with applicable law, including, without limitation, with respect to the

Debtors' ability to assign an Alcoa Lease or Alcoa's right to assert a default under an Alcoa

Lease except in connection with the Cure Amounts.

9.    The Parties' claims and defenses with respect to any proposed assumption,

assignment, and/or rejection of any agreement between Alcoa and a Debtor other than the Alcoa

Leases (collectively, the "Alcoa/Luminant Agreements") are hereby preserved, including the

Parties' rights to assert that all or a subset of the Alcoa/Luminant Agreements: (a) are or are not

in default; (b) may or may not be assumed or rejected under Bankruptcy Code sections 365(c)

and/or 365(e); (c) are or are not integrated and/or severable; (d) may or may not be liquidated,

terminated, and/or accelerated under Bankruptcy Code section 556 or otherwise; (e) are or are

not executory and can or cannot be assumed/assigned, as applicable; and (f) are or are not subject to the automatic stay.

8. 10.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

9. 11.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. 12.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. 13.    The Debtors and Alcoa are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. 14.    This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Alcoa Leases**

| Debtor Party(ies) | Alcoa Lease | Effective Date | Type of Defaults/Liabilities Satisfied by Cure Amount as of 10/31/14 | Cure Amount |
|---|---|---|---|---|
| Luminant Generation; Sandow Power | Power Island Premises Lease | 6/30/09 | Rent | $0 |
| Sandow Power | Unit 5 Premises Lease | 8/28/07 | Rent | $0 |
| Sandow Power | Building 200 Lease | 1/31/09 | Rent | $0 |
| Sandow Power | Lignite Mining Lease | 8/31/07 | Royalties | $16,495.60 |
| Luminant Mining | Mining Sublease | 8/31/07 | Royalties | $0 |
| Sandow Power | CPS Lease Assignment | 8/31/07 | Royalties | $0 |
| Sandow Power | Assignment of Coal and Lignite Leases | 8/31/07 | Royalties | $0 |
| Sandow Power | Alcoa Coal Lease | 4/14/05 | Royalties | $0 |
| Luminant Mining | Mining Premises Lease | 8/31/07 | Rent | $0 |
| Luminant Mining | Sandow Mine Corridor Lease | 8/31/07 | Rent | $0 |
| Luminant Mining | Non-Royalty Bearing Ground Lease | 8/31/07 | Rent | $0 |