No. 28,952

| | | |
|---|---|---|
| IN RE: THE ADJUDICATION OF | § | IN THE DISTRICT COURT OF |
| WATER RIGHTS IN THE MIDDLE | § | |
| TRINITY RIVER SEGMENT OF THE | § | HILL COUNTY, TEXAS |
| TRINITY RIVER BASIN | § | 66TH JUDICIAL DISTRICT |

## FINAL JUDGMENT AND DECREE

ON THIS DAY, came on to be heard the above numbered and entitled cause, which is an action to finally adjudicate water rights in the Middle Trinity River Segment of the Trinity River Basin. The Texas Water Commission appeared by its attorney of record. Although notified to file exceptions to the Final Determination of Water Rights in the Middle Trinity River Segment of the Trinity River Basin, no parties have filed exceptions, other than as set forth below, and after trial of the matter the Court makes this, its ruling.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

I.

Subject to Paragraph II of this Final Judgment and Decree, the Final Determination of Water Rights in the Middle Trinity River Segment of the Trinity River Basin, dated May 15, 1985, attached hereto as Exhibit "A", and incorporated herein for all purposes, is affirmed by the Court. Except as provided in Paragraph II, this Final Judgment and Decree is final and conclusive as to all existing and prior rights and claims to water rights in the Middle Trinity River Segment of the Trinity River Basin as of May 15, 1985. This Judgment is without prejudice to any permits issued by the Texas Water Commission between May 15, 1985 and the date of this Judgment; such permits shall be treated as if issued under TEX. WATER CODE ANN. §11.336 (Vernon Supp. 1986).

FILED
VIRGINIA CLEMENTS, CLERK

SEP    4 1986

A CERTIFIED COPY
ATTEST
VIRGINIA CLEMENTS
DISTRICT CLERK
HILL COUNTY, TEXAS

BY

Exhibit "D"

II.

Nothing in this Judgment shall effect the Exceptions of Rosson Ranches, Inc. to the Final Determination of Water Rights in the Middle Trinity River Segment of the Trinity River Basin, a cause pending in the 66th District Court, Hill County, Texas, which Exceptions have been severed from this cause.

III.

The Texas Water Commission is directed to take such further action as is required by the Texas Water Rights Adjudication Act, TEX. WATER CODE ANN. §11.301 et seq., to implement this Final Judgment and Decree.

IV.

Costs of court are taxed against the Texas Water Commission.

SIGNED this the _4_ day of ___September___, 1986.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney
  General for Litigation

NANCY N. LYNCH
Assistant Attorney General
Chief, Environmental Protection
  Division

_____
SCOTT LEHECKA
SBN 12172300
Assistant Attorney General
Environmental Protection Division

P. O. Box 12548
Austin, Texas    78711-2548
(512) 463-2012

ATTORNEYS FOR THE TEXAS
WATER COMMISSION

0224S

-2-



TEXAS DEPARTMENT OF WATER RESOURCES

# TEXAS WATER COMMISSION



| | | |
|---|---|---|
| IN THE MATTER OF THE | X | BEFORE THE |
| ADJUDICATION OF THE MIDDLE | X | TEXAS WATER COMMISSION |
| TRINITY RIVER SEGMENT | X | |
| OF THE TRINITY RIVER BASIN | X | |

### FINAL DETERMINATION

The Texas Water Commission hereby makes its Final Determination of Claims of Water Rights in the Middle Trinity River Segment of the Trinity River Basin, pursuant to Section 11.315, Texas Water Code. This adjudication is authorized by the Water Rights Adjudication Act of 1967, Title 2, Subtitle B, Chapter 11, Subchapter G, of the Texas Water Code. Jurisdiction was established at the initial public hearing in Corsicana, Texas on July 26, 1982, and evidence was received at subsequent public hearings. A preliminary determination was entered by the Commission on October 3, 1984. Hearings on contests to the preliminary determination were held on February 13, 1985 in Austin, Texas. A proposed final determination was issued on April 22, 1985. Exceptions to the proposed final determination were considered by the Commission on May 15, 1985. The Commission has considered the record of these proceedings, including the examiner's report, the investigation report, the appendix to the investigation report, the written statement of facts and documents admitted into evidence, the contests, the proposed final determination, exceptions, briefs and oral argument in making its final determination.

## INTRODUCTION

1. The Middle Trinity River Segment consists of the Trinity River and its tributaries from its confluence with the Old Channel East Fork Trinity River downstream to its confluence with Elkhart Creek and includes all or portions of Anderson, Dallas, Ellis, Freestone, Henderson, Hill, Houston, Hunt, Johnson, Kaufman, Leon, Limestone, Navarro, Rockwall and Van Zandt Counties, Texas. State water within the Middle Trinity River Segment is used for municipal, industrial, irrigation, mining, recreation and other beneficial uses.

2. (a) In the adjudication of water rights, which includes permits, certified filings and claims filed pursuant to Section 11.303 (1967 Tex. Gen. Laws, Ch. 45, §4), the Commission has applied state statutory and judicial criteria. In accordance with Section 11.021, all flows of the various streams in the Middle Trinity River Segment are state waters subject to this adjudication except water being used for domestic or livestock purposes.

(b) Groundwater which flows to the surface of the land from springs may originate either from percolating waters or from an underground river. Where the source of the spring water is originally percolating waters, then the spring water is the private property of the landowner on whose land the spring flows. Houston & T.C.R.R. v. East, 98 Tex. 146, 81 S.W. 279 (1904); Texas Company v. Burkett, 117 Tex. 16, 296, S.W. 273 (1927); Corpus Christi v. Pleasanton, 154 Tex. 289, 276 S.W.2d 798 (1955). In the absence of evidence that the flow of the spring in question (1) had its source in an underground stream with a defined channel, or (2) was of sufficient magnitude to be of any value to riparian proprietors, or (3) was the source of, or added perceptibly to, the flow of a stream, the presumption is that the water source or spring is ordinary percolating waters, which are the exclusive

2



property of the owner of the surface of the soil. <u>Bartley v. Sone</u>, 527 S.W.2d 754 (Tex. Civ. App.--- San Antonio 1974, writ ref'd n.r.e.), <u>Texas Company v. Burkett</u>, <u>supra</u>.

If the spring water which originates from ordinary percolating waters is private water under the rules stated above, it may be captured by the landowner at any time before it enters a watercourse. However, at such time as private, percolating spring water enters a watercourse and commingles with state water in the watercourse, it will be presumed that any water used from the watercourse is state water and not private, percolating spring water. Private, percolating spring water which is allowed to enter into a watercourse and mix with state water retains its private property characteristic only if the landowner maintains control over the spring water and can identify it both as to amount and location in the watercourse. In the absence of this evidence, the private spring water which has been allowed to enter a state watercourse and commingle with state water therein will be presumed to have become state water subject to this adjudication.

(c) Springs arising on Spanish or Mexican land grants are presumed to be the private property of the landowner. Where, however, it is shown that the spring contributes to a flowing watercourse upon which other persons rely, or would do so but for the artificial impoundment of the water, and the contribution is of sufficient magnitude to serve the needs of other persons, consistent with the civil laws of Spain and Mexico, the spring waters will be considered state water subject to this adjudication.

3. In determining water rights in the Middle Trinity River Segment, beneficial use, as the term has been defined by law, is an essential element for any claimant seeking recognition of a water right. Beneficial use is use of that amount of water which is economically necessary for a purpose

3

authorized by Chapter 11 of the Water Code, when reasonable intelligence and reasonable diligence are used in applying the water to that purpose [Section 11.002].

## PERMITS AND CERTIFIED FILINGS

4.    Statutory appropriators are persons (1) who filed with the State Board of Water Engineers a record of their appropriation as provided by the Irrigation Act of 1913 (1913 Tex. Gen. Laws, Ch. 171, §14), as amended, known as a "certified filing," or (2) who have made a beneficial use of water within the limitations of a permit lawfully issued by the Texas Water Commission or its predecessors.

5.    (a)  The Commission determined that appropriative rights under permits are limited to the amounts specifically appropriated and beneficially used for the purposes specified, and recognized the maximum quantity of water beneficially used and, if appropriate, the maximum acreage irrigated, together with the diversion rates and time priorities thereof.  The Commission determined that appropriative rights under certified filings are limited to the amounts beneficially used and which were reasonably intended to be appropriated as determined by the documents filed pursuant to the Irrigation Acts.  Only those persons who were determined to be successors-in-interest to the original holder of the certified filing were considered to own a share of the appropriative right.  Mere ownership of land within a service area of a certified filing is not sufficient to establish ownership of any portion of the certified filing.  Where permits were not recognized to the full extent of the original authorization in the right or where certified filings were not recognized to the full extent of the declarations contained in the original documents, the Commission determined whether or not the appropriator could develop any further rights under the appropriation beyond the extent recognized in the preliminary determination.  The Commission finds in most cases that ten

4



(10) years is a reasonable period of time to develop a permit to the full extent authorized. Appropriators under permits issued within the past ten (10) years were permitted to continue diligent development to the full extent of the authorization. Appropriators under permits issued more than ten (10) years ago and under certified filings, except for certain municipal use certified filings, were permitted to diligently develop up to the full extent of the authorization or the declaration if justification for the lack of development and a bona fide intention to develop in the foreseeable future were shown.

(b)  An appropriator who was diverting water from an unauthorized diversion point was allowed to continue this practice if the deviation from the terms of the appropriative right was inconsequential. This authorization was conditioned on the absence of harm to interjacent appropriators between the authorized point of diversion and the unauthorized point at which the water was actually diverted.

(c)  The most significant terms and conditions stated in permits or amended certified filings are specifically included in the findings and/or conclusions for each right. However, all of the terms and conditions stated in permits or amended certified filings shall continue in full force and effect, except for obsolete, irrelevant or immaterial terms and conditions which will be deleted from certificates of adjudication when they are issued.

6.  The appropriative rights of holders of term permits, those granted for a specific number of years, were adjudicated and are included in this determination. The appropriative rights of holders of temporary permits, those granted for a period of less than three (3) years, were not included in this adjudication or this determination.

7.  All permits which were issued during the pendency of the adjudication and all amendments to permits and certified

filings issued during the pendency of the adjudication but subsequent to the last evidentiary hearing on the affected permit or certified filing are included in the addendum to this determination in chronological order of the date of issuance. Due to their recent issuance, hearings could not be held on these permits and amendments.

### RIPARIAN RIGHTS UNDER SECTION 11.303

8. In determining the nature and extent of riparian right claims under Section 11.303, the Commission has applied the following statutory criteria:

(a) Claims of riparian rights not filed in substantial compliance with Section 11.303 were barred and extinguished [Section 11.303(i)].

(b) Claims of riparian rights, if valid under existing law, were recognized to the extent of the maximum actual application of water to beneficial use without waste, and to the extent acreage was irrigated, if applicable, during any calendar year from 1963 to 1967, inclusive. However, in any case where a riparian claimant had, prior to August 28, 1967, commenced or completed the construction of works designed to apply a greater quantity of water to beneficial use, the right was recognized to the extent of the maximum amount of water actually applied to beneficial use without waste during any calendar year from 1963 to 1970, inclusive, if the claimant filed an additional sworn statement as provided by Sections 11.303(e) and (h).

9. Subject to the statutory limitations regarding riparian rights, the Commission finds that the following judicial criteria are applicable:

(a) Lands granted by Spain or Mexico are governed by the law of the sovereign when the grants were made. State v. Valmont Plantations, 346 S.W.2d 853 (Tex. Civ. App.-- San Antonio), aff'd, 355 S.W.2d 502 (Tex. 1962). Under the law of those sovereigns, a specific grant of water was required in



order for the landowner to have the right to use public water for irrigation purposes. State v. Valmont Plantations, supra. In the absence of a specific grant of water, Spanish or Mexican land grants did not have appurtenant irrigation rights similar to the common law riparian right to irrigate.

In this regard, the claimant must prove the existence of a specific grant of water for the irrigation of lands granted prior to January 20, 1840. No claim of a water right under Section 11.303 was recognized for land granted prior to January 20, 1840 in the absence of proof showing the existence of a specific grant of water. Land classified as irrigable in the original granting document was considered to have a specific grant of water for the irrigation of that land so classified.

A specific grant of water from the sovereign was also deemed necessary in this adjudication for all other uses of water within the land granted prior to January 20, 1840 except for domestic or livestock use.

(b)  Lands patented from the Republic or State of Texas after the adoption of the common law on January 20, 1840, but on or before July 1, 1895, and which border or have frontage upon a stream or watercourse are riparian and the owner was deemed to have a correlative right to share in the use of the normal flow of those waters which pass his land.

(c)  All lands abutting upon a stream is riparian as to that part of the survey which lies within the watershed of the stream.  The boundary of riparian land is restricted to land the title to which is acquired by one transaction and a parcel of land may lose its riparian status when separated from the stream by grant or deed.

(d)  The riparian owner was subject to the doctrine of reasonable use which limits all rights to the use of water to that quantity reasonably required for beneficial use and

7

prohibits waste, unreasonable use or unreasonable methods of diversion.

(e)  The Commission finds that the common law riparian right includes the right to maintain and use a dam or reservoir in certain circumstances.  The riparian right is based upon the doctrine of reasonable use; therefore, the exercise of a right to maintain and use a dam or reservoir must be reasonable under the facts and circumstances of each case.  The use of a dam or reservoir in connection with a valid riparian right was considered reasonable so long as the structure and impoundment were necessary for the efficient and effective utilization and exercise of a recognized riparian use.  In addition, the size of the impoundment must bear a reasonable relationship to the extent and purpose of use and to the character of the stream.  Such use was considered unreasonable if it constituted waste or worked an injury or impairment to the exercise of valid rights to the use of water by other appropriators or persons with equal status, or senior or superior priority.  Any claim to maintain a dam or reservoir as part of a riparian right was recognized only to the maximum extent that the dam or reservoir was in existence and maintained to facilitate the nonexempt beneficial use of water during any calendar year from 1963 to 1967, inclusive, or from 1963 to 1970, inclusive, if the right was entitled to recognition based on use from 1968 to 1970, inclusive, as provided in Sections 11.303(b) and (e).

The right of a riparian to build and maintain a dam and reservoir on a navigable stream was recognized only if the impoundment did not unreasonably impair the public's right of navigation or access to and enjoyment of the stream.

OTHER CLAIMS OF WATER RIGHTS UNDER SECTION 11.303

10.  Section 11.303 provided for the recordation and limitation of other water right claims in addition to riparian right claims.  These include claims of water rights based upon

8



former Article 7500a, Tex. Rev. Civ. Stat. (1925), to impound, divert or use state water for other than domestic or livestock purposes, for which no permit has been issued; claims of water rights under the Irrigation Acts of 1889 and 1895 [declarations of intent] which were not filed with the Board of Water Engineers in accordance with the Irrigation Act of 1913, as amended; and other claims of water rights except claims under permits or certified filings. [With the enactment and recodification of the Texas Water Code, Article 7500a was repealed and codified as Sections 11.142 and 11.143.]

(a) The Commission considered several claims of water rights based upon former Article 7500a, Tex. Rev. Civ. Stat. (1925). Under this article, enacted originally in 1895 and often amended, a landowner could construct, after June 18, 1917 and prior to March 17, 1941, on his own property a reservoir of a maximum size which varied with each amendatory statute and could use the water in the reservoir for any purpose without being required to obtain a permit. _City of Anson v. Arnett_, 250 S.W.2d 450 (Tex. Civ. App. ~ Eastland 1952, writ ref'd n.r.e.). A dam may not be constructed across a navigable stream unless authorized by a permit or certified filing, _Garrison v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1_, 404 S.W.2d 376 (Tex. Civ. App. ~~ Austin 1966, writ ref'd n.r.e.), or in the exercise of a riparian right as outlined above in paragraph 9(e). The 47th Legislature amended the Act effective March 17, 1941 (1941 Tex. Gen. Laws, Ch. 37), to restrict the use of water from such a reservoir to domestic or livestock purposes in the absence of a permit authorizing other uses. In considering claims of water rights based upon former Article 7500a, the Commission has recognized claims attaching to reservoirs which were constructed with the statute in effect at the time of construction. The owner of such a reservoir constructed after March 27, 1941 has no water right for other than domestic or

9

livestock purposes unless such use was authorized under a permit or recognized as part of a riparian right.

(b)   Several claimants of a riparian water right presented evidence in support of their Section 11.303 claims that showed irrigation during the period 1963-1967, inclusive, on lands granted from Spain or Mexico. As was outlined in paragraph 9(a), the claims of a riparian right of irrigation on lands granted by Spain or Mexico were held not to be valid under existing law. State v. Valmont Plantations, supra. Therefore, the Commission did not recognize those claims since the Adjudication Act is explicit and does not vest the Commission with any latitude to deviate from the limitations expressed in Section 11.303(b), which permits the recognition of claims described in Section 11.303(a) only if they are valid under existing law.

(c)   The Commission is of the view that it has no jurisdiction or authority under the Water Rights Adjudication Act or under any other provision of the Water Code to recognize any claim of a water right based on equity.

## MERGER FOR ADMINISTRATIVE PURPOSES

11.   The allocation of water between users during times of shortage has confronted and confounded every administrator of water resources. Continual division of a stream into normal flow and storm and flood flow is a difficult engineering problem. If the administrator is to deal with not only this division but also the problem of allocating water between holders of certificates of adjudication with a time priority and those without a time priority, a wholly unworkable scheme will have been created. Therefore, the Commission has merged appropriative rights with rights recognized under Section 11.303 into a common system as an equitable and workable means of administering the water rights adjudicated and has placed all rights recognized under Section 11.303 on a time priority with statutory water rights. The time priority for a right

10

recognized under Section 11.303, except for declarations of intent, is the date of first beneficial use of state water within the claim area for a purpose of use that occurred during the period 1963 to 1967 or 1970, inclusive. The time priority for a right recognized under a permit is the date the application for the permit was formally accepted for filing with the Commission or its predecessors. For the purpose of determining time priority of certified filings and declarations of intent, the Commission determines that the following are relevant:

> 1889 Tex. Gen. Laws, Ch. 88, §§4-8, 9 H. Gammel, Laws of Texas 1128 (1898);
>
> 1895 Tex. Gen. Laws, Ch. 21, §§5-7, 10 H. Gammel, Laws of Texas 751 (1898); and
>
> 1913 Tex. Gen. Laws, Ch. 171, §§5-14.

### FAILURE TO FILE AND SUBSTANTIATE CLAIMS

12.   Sections 11.303 and 11.307 require all claimants of water rights except for domestic or livestock purposes to file a statement of claim of right with the Commission. The Commission finds that the failure to file a sworn statement extinguishes and bars any claim of water right under Section 11.303.

As a basic premise, those parties to the adjudication proceeding asserting water rights under Sections 11.303 and 11.307 have an affirmative obligation to produce credible evidence to substantiate the nature and extent of their claims. The Commission finds that any party whose claim was not substantiated by credible evidence cannot be recognized a water right under this determination.

### FINAL DECREE OF COURT

13.   The recognition of water rights in this adjudication shall be final and conclusive as to all existing and prior rights and claims to the water rights in the Middle Trinity River Segment of the Trinity River Basin upon the final decree of the court. A water right will not exist in the Middle

Trinity River Segment of the Trinity River Basin unless included in the final decree of the court or created under a permit issued by the Commission subsequent to the final decree of the court. [Section 11.322.]

<u>ORDER</u>

NOW, THEREFORE BE IT ORDERED BY THE TEXAS WATER COMMISSION THAT:

1.   As its final determination of claims of water rights in the Middle Trinity River Segment of the Trinity River Basin, the Commission makes findings of fact and conclusions of law defining the nature and extent of the claims of each respective party as hereinafter enumerated.  The parties are indexed alphabetically and set out in the determination in numerical order of diversion point, or by tract number when there is no diversion point.

2.   The rights to use the water of the State of Texas in the Middle Trinity River Segment of the Trinity River Basin, based on the findings of fact indicated, with the annual quantities, purposes of use, rates of diversion, time priorities and conditions stated, are set forth below, following the alphabetical index.

3.   There were no exceptions filed to the proposed final determination.

## ALPHABETICAL LISTING OF PARTIES

| NAME | DIVERSION POINT NO. | TRACT NO. | PAGE NO. |
|---|---|---|---|
| ALANIS, JACK Y. | 7400, 7405, 7410, 7415 & 7420 | 1440 | 70 |
| ALANIS, JACK Y. | 7440 & 7480 | 1440 & 3440 | 71 |
| ALANIS, JACK Y. | 7500 | 3570 | 71 |
| ALANIS, JACK Y. | 7380 | 3540 | 71 |
| ALVARADO, CITY OF | 3120 & 3140 | None | 34 |
| ANDERTON, JAMES, ET AL | 6360 | None | 63 |
| ANDREWS, PERCY | 6700, 6790 & 6800 | 6220 | 71 |
| ANTHONY, MARTHA | 5040, 5060, 5080 & 5090 | 2000 | 53 |
| ATKINSON, S. E. | 4340 & 4900 | None | 90 |
| ARCHER, WILLIAM & WILMA ARCHER | 1300 & 1310 | 0060 & 0061 | 31 |
| ARMSTRONG, BANDE | 1660 | 1500 | 36 |
| ATKINS, R. J. | 6280 | 3740 | 61 |
| BAKER, L. L., JR. | 6230 | 3740 | 61 |
| BARNES, VIOLA E., ESTATE OF | 5120 & 3200 | 1300 | 39 |
| BARNES, MARTHA C. | 0340 | 0380 | 17 |
| BARNES, W. NEWTON | 0340 | 0300 | 37 |
| BARRETT, W. Y. | 6220 | 3700 | 61 |
| BARNES, GEORGE | 6400 | 3800 | 66 |
| BARTLETT, NORA F., ESTATE OF | 1320 | 1300 | 40 |
| BATES, ROBERT | 3420 & 3440 | 0860 | 53 |
| BEAVER, VERNIE E. | 0240 | 0340 | 30 |
| BETHAM, HARLEY | 6020 & 6070 | 2340 | 60 |
| BERGE, ELTON | — — | — | 18 |
| BRIDGES, LEWIS O. | 3200, 3201, 3202 & 3203 | 3210 | 69 |
| BROUGHTON, VERLNDA | 4636, 6340, 6120, 6160, 4090, 4191, 4193 & 6360 | 3240 | 61 |
| BROWN, CALVIN | 3560 | 2340 | 59 |
| BROWN, HENRY C., ESTATE OF | 6530, 6910, 6550, 6940 & 6990 | 3540 | 67 |
| BROWN, BILL | 6820 & 6870 | 2000 | 64 |
| BROWN, MIRA ELLEN | 6560, 6870 & 6950 | 2100 | 64 |
| BROWN, WALTER B. | 5160 | 3240 | 55 |
| BROWN, WOMAN | 6880, 6890 | 3120 | 57 |
| BUBAS, J. BOILER, ESTATE OF | 6120, 6130 & 6140 | 3730 | 61 |
| BURLINGTON NORTHERN R. R. CO, | 3980, 4006, 4020 & 4040 | None | 45 |
| BURRIS, JOE B. | 1060 | 1050 | 40 |
| BYRNE, TONY | 6120 | 3720 | 51 |
| BUTLER, REAL CLIFFORD, JR. | 3360, 3370 & 3560 | 2300 | 56 |
| BUTLER, REAL CLIFFORD, JR. | 2200 | 2310 | 16 |
| BUTLER, F. G. | 1820 | 0560 | 28 |
| BUTLER, F. G. | 1840 & 1860 | 0340 | 28 |
| BUTTS, W. CONWAY | 2600, 2610, 2620 & 2670 | 3700 | 56 |
| CAPER HILLS COMPANY, INC. | 0780 & 0740 | 0500 | 30 |
| CAMPBELL, W. | 6320 | 3700 | 61 |
| CARABELL, FRANK W. | 4930 | 1900 | 52 |
| CARABELL, JANES D. & RAY DEEN CARROLL | 1900 & 1910 | 4636, 0040 & 0060 | 29 |
| CAREY, WILLIS REDFORD | 6940 & 6430 | 2000 | 66 |
| CARLEW, BEVERLY & CYNTHIA DARLEY | 7360 | 3260 | 72 |
| CARPENTER, LOUIE | 8100 & 8310 | 3300 | 75 |
| CHRISTMAN, W. N. | 3010 & 3070 | 5820 & 5840 | 34 |
| CIRCLE TEN COUNCIL, BOY SCOUTS OF AMERICA | 4320, 4490, 4300, 4710, 6120 & 6720 | None | 20 |
| COLEMAN, EMMEY | 3910 & 3930 | 1520 | 39 |
| COLEMAN, HENRY, ESTATE OF | 3460 & 3960 | 3400 & 2340 | 38 |
| COLEMAN, JERRY | 3460 & 3940 | 1460 & 2340 | 38 |
| COLEMAN, JERRY | 5970, 5980, 5990, 5991 & 6910 | 3303 | 59 |
| COLEMAN, RAY | 3660 & 3640 | 2400 & 2340 | 38 |
| COOLIDGE, CITY OF | 3940, 3960, 1390, 1490 & 1600 | None | 28 |
| COOPER, ALF. | 8040, 3070 & 3090 | 3400 | 59 |
| COOPER, BERTHA | 3880 & 6000 | 3600 | 59 |
| CONALY, HERBERT G. | 0290 | 0000 | 17 |
| CORSICANA, CITY OF | 3360, 3370, 3360, 3390, 3400, 3640 & 3650 | None | 66 |
| CORSICANA COUNTRY CLUB | 3240, 3250, 3180, 3150, 3315, 3150 & 3340 | 1200 | 40 |
| COUSHNER, DORRIS ANN | 6700 & 6705 | None | 95 |
| COX, EDWIN L. | 3660 thru 3790 | 1640 | 63 |
| COX, EDWIN L. | 6775, 4291, 4820 & 4860 | 1840 & 1660 | 31 |
| COX, EDWIN L. | 6890, 6810, 4240, 4860, 4870 & 4890 | 1800, 1810, 1820 & 1640 | 31 |
| COX, BRAVE L., JR. | 4340 & 4550 | None | 30 |
| COX, EDWIN L., JR. | 4940 | 1930 | 32 |
| CREBIESON RANCH | 1230, 1240, 1242, 1260 & 1280 | 0310, 0320A & 0380 | 32 |
| CREW, EMORY F., JR. | 6400 | None | 63 |
| COURTNAY, R. G. | 7800, 7830 & 7840 | 3720 | 72 |
| DAILEY, F. C., TRUSTEE | 7300 | 3480 | 70 |
| DAILEY, JAMES W., ESTATE OF | 7060, 7070, 7090 & 7090 | 3740 | 73 |
| DAILEY, B. H. | 7040 | 3390 | 71 |
| DANIELS, ERIN | 5790 | None | 57 |
| DALSEY, E. F. & MARY M. DALSEY | 7640, 7650, 7660, 7670, 7653 & 7653 | 3640 | 73 |
| DAVIS, A. B. | 6270 | 3700 | 61 |
| DAWSON, CITY OF | 1640 | None | 37 |
| DEPRIS, PATRICK B. | 3730 & 3740 | None | 33 |
| DEVRABA, W. G. | 5970 & 3570 | 3330 | 39 |
| DIXON, LYDA FONTSON | 3060 | 1146 | 36 |
| DOW CHEMICAL COMPANY | 4160 | None | 46 |
| DOW CHEMICAL COMPANY | 6310, 6317, 6310 & 6320 | 3855 | 67 |
| DRANE, F. A., ESTATE OF | 3280, 3290, 3300, 3310, 3200, 3320 & 3330 | 1300 | 60 |
| ELLIS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1 | 1900 & 1910 | None | 36 |
| ENGLAND, BILLY | 4460 & 4060 | 1420, 1500, 1520, 1540, 1560 & 1580 | 49 |
| ENNIS, CITY OF | 3950, 3940 & 3960 | None | 37 |
| ESKEW, CITY OF | 2100 | None | 37 |
| ESKEW, JOHN | 3460 | None | 35 |
| ESTES, BEN CHAPMAN | 2600 | None | 35 |
| ESTES, WILLIAM | 3640 | None | 35 |
| EVERIS, DON | 7730, 7770, 7780 & 7790 | 2600 | 72 |
| E. W. W. MATERIALS CORPORATION | — | — | 78 |
| E. W. BARRS & SONS, INC. | 3660 | None | 39 |
| FELLUPPA, DOMENIC J. | 7345 & 7350 | 3260 | 70 |
| FIRST CITY BANK OF DALLAS, TRUSTEE FOR MONLATT, MARY W., ELIZABETH Y. & ANNE E. MCGATTY, TRUSTE | 0490 | NONE | 18 |
| FORD EARTHMOVERS, INC. | 3030, 3060, 3070 & 3080 | 3140 & 3160 | 28 |
| FONTSON, J. R. JR. & J. B. FONTSON, III | 3060 | 1140 | 36 |
| FONTSON, JAMES E. & JAMES W. FONTSON | 0030 | 0020 | 16 |
| FONTSON, JAMES E. & JAMES W. FONTSON | 3090 | 1140 | 36 |
| FONTSON, JAMES E. & JAMES W. FONTSON | 3140 | 1230 | 38 |
| FONTSON, JAMES W. & JOE W. FONTSON, JR. | 3110 & 3160 | 1140 | 38 |
| FRY, BILLY L. | 1640 | 1060 | 36 |
| FULLMOON, V. D. | 3360 | 1360 & 1363 | 42 |
| GOAL, HAROLD G., JR. | 6810 & 6830 | 3800 | 74 |
| GOODMAN, THOMAS L. & CAROL BLAINE GOODMAN | 6910, 6930, 6920, 6970 & 6930 | 3540 | 67 |
| GRAHAM EARNEY & ELIZABETH GRAHAM | 8910, 6930, 6920, 6940 & 6990 | 3140 | 67 |
| GREEN, A. | 6230 | 3790 | 61 |
| GREENE, E. W. & B. B. GREENE | 6230 | 3740 | 61 |
| CASPER, HELEN G. | 3780 & 3790 | 3440 | 57 |
| GUERRY, J. | 6210 | 3740 | 61 |
| HAYES, NAIDA & W. W. HAYES, JR. | 0140 & 0340 | None | 18 |
| MACDOW, TOM R. | 6400 | None | 63 |

| NAME | DIVERSION POINT NO. | TRACT NO. | PAGE NO. |
|---|---|---|---|
| HARDCOCK, WILLIE | 6680 | None | 65 |
| HARKAWAY, JAKE JOHNSON | 6030 | 0028 | 14 |
| HARRAWAY, JAKE JOHNSON | 3080 | 1160 | 36 |
| HARRAWAY, JAKE JOHNSON | 3316 | 1326 | 39 |
| HARWOOD INVESTMENT | 1340 & 2840 | 0260 & 1440 | 24 |
| HARVEY, WILLIAM V. | — — | — — | 76 |
| HAWK, W. ARTHUR, JR. | 1220, 1230 & 2340 | 0300 | 33 |
| HELM, SIDNEY Gen & JAY DAILEY HELM | 7360 | 3500 | 70 |
| WALTON, B. K. | 6310 | 1766 | 61 |
| HAROD, CARROLL TARBIS, ESTATE OF | 0470, 0980, 2040 & 9120 | 2160 | 47 |
| HEBENICHEK, RICHARD | — — | None | 76 |
| HILL, R. P. & F. L. HILL (DBA BELL RANCH) | 3190 & 5200 | 3200 | 54 |
| HILLMIAX, P. R. | 6430 thru 6505 | 2920, 2930, 2940, 2930 & 2960 | 42 |
| HODGES, MARGARET A. | 5040, 5630, 5860 & 3610 | 3060 | 53 |
| HOLT, CLEVE & LISA HOLT | 7010 & 7060 | 2090 | 68 |
| HOOKER, ANN & JANE HOOKER | 4430, 6640 & 4610 | 2000 & 3001 | 44 |
| HOUSSEY, M. M. | 6220 | 1766 | 61 |
| HOPKINS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1 | 0160 & 8340 | None | 75 |
| HOPESALE, CITY OF | 1400, 1431, 1810, 1415 & 1430 | None | 24 |
| HUFF, ALBERT & JOE HUFF | 8280, 8280, 6330, 6350 & 6390 | 3940 | 76 |
| HUFF, BILLY E. & NANCY R. HUFF | 7140, 7145, 7350, 3135, 7360, 7380 & 7365 | 3560 | 66 |
| HUFF, ERNEST E. | 7240, 7345, 7309, 7303, 3320 & 7365 | 3234 | 67 |
| HUFF, HARVEY | 7130 & 7190 | 3330 | 65 |
| HUFF, HARVEY | 8260 | 3910 | 76 |
| HUNT OIL COMPANY | 0360, 0370, 0260, 0390, 0680, 0601, 0610, 0630, 0610 & 6610 | 0370 | 18 |
| INGRE, J. I., JR. | 3650, 3650 & 3690 | 1400 | 43 |
| INVESTORS BANK OF DALLAS, TRUSTEE FOR THE ESTATES OF J. V. MARCHBANK AND O. R. PURCHASER | 4360 & 6180 | 3700 | 48 |
| JET MACHINE WORKS, INC. | 6330 | 3790 | 61 |
| JOHNSON, A. D., ESTATE OF | 3280, 3290, 3300, 3310, 3320 & 3340 | 1300 | 60 |
| JOHNSTON, LAURA F. | 3150 & 3183 | 1450 | 34 |
| JOHNSTON, LAURA JOHNSON | 3610 & 3160 | 1186 | 39 |
| JOHNSTON, LAURA JOHNSON | 3150 | 1300 | 34 |
| JOHNSTON, LAURA JOHNSON | 3186 | 1380 | 42 |
| JOHN V. DAY INVESTMENTS, INC. | 0090, 8310, 0610, 0360, 0610 & 6300 | 0080 | 15 |
| JONES, D. F. | 6370 | 7360 | 61 |
| JONES, R. C. | 6220 | 2760 | 51 |
| JONES, TERY V. | 4500 | 3660 | 62 |
| JOYCE, JACK W. & SHELLEY JOYCE | 3610, 3680 & 3610 | 3680 | 56 |
| KAUFMAN, CITY OF | 0600, 0610, 0620, 0690 & 0700 | None | 10 |
| KENNEDY, C. W., III; EDWIN, J. O.; V. E. AND B. K. KENNEDY (DBA JOHN KENNEDY & DAUGHTERS | 6740, 6730, 4760 & 6700 | 3040 | 45 |
| KERENS, CITY OF | 0260 & 0290 | None | 17 |
| KEY, JOHN W.; KR. & MARY L. KEY | 0560, 0630, 0690, 0160, 0190 & 0200 | 0090 | 16 |
| KNOX, P. W. | 6320 | 3760 | 61 |
| KROW ELLEX KING | 4630, 4640, 4650, 4660, 6470, 4680, 4740, 6720, 4740, 4750, 4760 & 4800 | None | 54 |
| GALEVIEW METHODIST ASSEMBLY | 3830 & 3830 | None | 10 |
| LAPWING, JIM, ET AL | 4375, 4377, 4450 & 4460 | 1840 & 1880 | 31 |
| LANE, OLLM, JR. | — — | — | 58 |
| LARAMORE, CARL G., | 3080 & 3100 | 0730 | 20 |
| LEE, B. B. | 6270 | 3760 | 61 |

| NAME | DIVERSION POINT NO. | TRACT NO. | PAGE NO. |
|---|---|---|---|
| LEONARD, BETTYE O. | 3660, 3670, 3480, 3490, 3900, 2590 & 3190 | 0900, 0910, 0920, 0930 & 0940 | 51 |
| LEONARD, BETTYE O. | 3360, 1600 & 3600 | 0980 | 5A |
| LEONARD, O. P., JR. | 3060, 3050, 5060 & 3070 | 3000 | 53 |
| LEONARD, R. W. | 3060, 3050, 5060 & 3070 | 3000 | 53 |
| LEWIS, RITA | 8160 & M130 | 3804 | 75 |
| LISK, M. M. | 3480, 3490, 3900, 3903, 3310, 5500, 3310 & 3610 | 2260 & 2180 | 56 |
| MABANK, CITY OF | 0830, 0890, 0900 & 0916 | None | 21 |
| MARCY, ANN FONTNON | 0016 | 0028 | 14 |
| MARCY, ANN FOUNTON | 3060 | 1160 | 36 |
| MARCY, ANN FONTNON | 3160 | 1790 | 39 |
| MARTI, GEORGE W. | 2206, 2230, 2360, 2290 & 3700 | 0800 | 32 |
| MARTIN, MARGARET M. | 1460 | 0470 | 22 |
| MARTINEZ, DANIEL M. | 3380 | None | 35 |
| MARR, VELMA | 1460 | 0430 | 39 |
| MARRINE, MERY & MILDRED G. WESTERN | 8030, 8060 & 8070 | 3890 & 3810 | 74 |
| MASSEY, RAYMOND | 3700 | None | 23 |
| MASSEY, LOUISE O. | 3390, 3630, 3340 & 3730 | 3120 & 3121 | 54 |
| MASSEY, LOUISE COLLINS | 3330, 3360, 3370 & 3390 | 3160 & 3160 | 55 |
| MARTIN, TOM, JR. | 7200 | 0040 | 32 |
| MCCALL, DOROTHY & JOHN A. McCALL | 6124, 6140, 6170, 6180, 6190, 6191, 6193 & 6300 | 3710 | 61 |
| MCCALL, KENNETH | 7380 | 3420 | 70 |
| MCCALLON, A. M. JR. | 6310 | 3420 | 61 |
| MCCAULEY, W. J. | 1400 & 1500 | 0440 | 21 |
| MCCRAW, MARY L. | 0240 | 0303 | 17 |
| MCDANIEL, WALTER | 1960 | 0380 | 29 |
| MCDONALD, E. DEAN McCALL | 6134, 6360, 6170, 6180, 6190, 6193, 6191 & 6060 | 3760 | 61 |
| MCKEE, J. D. | 4460, 4490 & 4500 | 1360 & 1780 | 49 |
| MCKEE, BEN W., JR.: ESTATE OF BEN W. MCKEE, SR.: ESTATE OF F. W. MCKEE & WILLIAM J. MCKEE | 3310 | 1540 | 42 |
| MCKENNA, B. L., JR. | 6730 | 3960 | 61 |
| MCLEM, J. G. | 3880 | 3300 | 39 |
| MCMAHAN, W. D. | 6310 | 3760 | 61 |
| MEADOWS FOUNDATION, INC. | 3860, 3870 & 3880 | 1205 | 36 |
| MOBIL PIPELINE COMPANY | 3430, 3430 & 3460 | 1370 | 41 & 38 |
| MONTEZUME CREEK CLUB NO. 1 | 4460 | None | 48 |
| MONTEZUME CREEK CLUB NO. 2 | 4410 | None | 49 |
| MURCHISON, JOHN D., ESTATE OF | 4470 | None | 48 |
| MURCHISON, W. H., INDIVIDUALLY & AS GUARDIAN FOR LUCRETIA ANN MOSIE | 3750, 3760, 3790 & 7790 | 3860 | 71 |
| MURPHY, M. W. | 7380 | 3430 | 70 |
| MUSICK, KENE | 7080, 3960 & 7780 | 3390 & 3261 | 68 |
| NUNAON, SAM W. | 0990, 2020, 3025 & 3920 | 3690 | 66 |
| NORMAN, FLOYD A. | 0560 & 0390 | 0160 | 20 |
| NORTH AMERICAN COAL CORPORATION | 1360 | 0300 | 34 |
| OKC CORPORATION LIQUIDATING TRUST | 2360 | 0340 | 33 |
| PALESTINE, CITY OF | 5620, 3630, 3640, 3690 & 3360 | None | 57 |
| PARKER, DAN A. | 3160, 3190, 3166, 3160, 3760 & 2710 | 0280, 0760A, 0760B & 0760K | 34 |
| PARKER, JOHN W. & THOMAS N. PARKER | 7245 & 7350 | 3860 | 70 |
| PAYNE, ROBERT B., TRUSTEE | 4200 & 4210 | 1820 | 45 & 56 |
| TEAFT, WARREN O., TRUSTEE | 4340 | 1660 & 1690 | 46 |
| PENDLETON, DAN, ESTATE OF | 8160 & M150 | 3820 | 75 |
| PENNINGTON, VANE L. | 7060, 7070, 7740, 7770 & 8080 | 3700 | 73 |
| PENNINGTON, WADE L. | 6130, 6340 & 2710 | 3620 | 76 |

| NAME | DIVERSION POINT NO. | TRACT NO. | PAGE NO. |
|---|---|---|---|
| PENNINGTON, WAYNE | 8200 & 8210 | 3300 | 73 |
| PENNIFIELD, DORIS E., ESTATE | 2090 & 2100 | 8040, 8041 & 8060 | 30 |
| PENNYFIELD, ERIN | 2090 & 2100 | 8040, 8041 & 8060 | 30 |
| PENNYFIELD, O. E., TRUST | 2090 & 2100 | 8040, 8041 & 8060 | 30 |
| PERKMANN, W. C., TRUSTEE | 4100 & 4140 | 1630 | 44 & 75 |
| PHILLIPS, ANN & KIVICKY | 2000, 2020, 2060 & 2700 | 3440 | 44 |
| PINE LODGE CLUB, INC. | 6040 | None | 60 |
| PINKSTONE, GEORGE A., & EDITH PINKSTONE | 4960 | 1940 | 29 |
| POLHAM, T. DAVID (DBA PYRAMID LAND & CATTLE CO. | — | — | 78 |
| PLUNKETT, CONSTANCE H. | 0540 | 0100 | 17 |
| PLUNKETT, J. M., SR. & M. E. PLUNKETT | 6720 | 2760 | 81 |
| PRIDDEN, JOE | 7190, 7230, 7220, 7260 & 7270 | 2300 | 59 |
| QUINN, R. M. | 1700, 1720 & 1715 | 0540 | 18 |
| RABB, C. D. | 6720 | 2760 | 81 |
| RAINBO CLUB, INC. | 4300 & 4340 | 5020 | 44 & 76 |
| RANDTY, MARGARET M. | 0540 | 0100 | 17 |
| RED LAKE FISHING & HUNTING CLUB, INC. | 6300 | None | 65 |
| REEVES, B. B., ESTATE OF | 5760 & 5770 | 2400 & 2420 | 37 |
| RENA FLEMING FOUNDATION FOR BOYS, INC. | 3520 | None | 47 |
| REILLE, EDITH & ETA REILE | 7540 | 3560 | 72 |
| RICK RIVER SUPPLY CORPORATION | 3340 | None | 48 |
| RICHARDS, JOE, JR. | 6380 | None | 61 |
| RIFENBURG, E.M. & MATILDA RIFENBURG | 5000, 6040 & 6070 | 2640 & 2640 | 40 |
| RIO FARM PROPERTIES, W. V. | 6340, 6210, 4770 & 8160 | 3200 & 2600 | 63 |
| RIO FARM PROPERTIES, W. V. | 6340, 6210, 7540, 7180 & 7680 | 2940, 3400, 2940 & 3400 | 66 |
| ROBERTS, JUDITH JOHNSTON | 3580 | 1360 | 39 |
| ROBERTS, JUDITH JOHNSTON | 3580 | 1360 | 42 |
| ROBERTS, MATTHEW C., JR. | 0640, 0650, 0840 & 0670 | 0110 | 38 |
| ROBISON, JAMES, EVANGELISTIC ASSOCIATION | — | — | 70 |
| ROSSON RANCHES, INC. | 1140 | 0400 | 33 |
| RUDMAN, H. B. | 1300 & 1350 | 0460 | 16 |
| SALVATION ARMY | 3240 | None | 31 |
| SANDINE, R. LYNN | 3160, 3200, 3300, 3310, 3320, 3330 & 3340 | 1300 | 60 |
| SANDERS, TOM | 5400, 5410, 5420 & 5430 | 3300 | 59 |
| SATTRON, D. R. | 6220 | 2740 | 61 |
| SCHAFER, ROBERT F. | 0360 & 0380 | 0140 | 20 |
| SCHMIDT, ANNA MARY & LARRY R. SCHMIDT | 2760, 2770, 3160, 3170 & 3200 | 0800 | 52 |
| SCHMIDT, JULIA | 0480 & 0500 | None | 18 |
| SCHOLLHOFF, JOHN | 4260 & 4720 | 1640 & 1661 | 47 |
| SCHOLLHOFF, ALAN, JOHN & WILSON SCHOLLHOFF | 4500, 4561, 4720 & 4145 | None | 47 |
| SCHRAMMEL, MARY HELEN | 7810 | 3330 | 68 |
| SCHRAMMEL, ALBERT A. | 6730 | None | 65 |
| SEEBERGER, ADMINS, ESTATE OF | 7680, 7700, 3750, 3730 & 7730 | 3660 | 71 |
| SMITH, BRUCE | 0040, 0060 & 0080 | 0040 & 0060 | 16 |
| SMITH, J. R., C. W., & H. S. D. SMITH | 6720 | 2760 | 81 |
| SOUTHLAND LAND & CATTLE COMPANY | 1340 & 1680 | 0360 & 1440 | 21 |
| SPENCE, J. R., ESTATE OF | 8100, 8140 & 8120 | 3040 | 76 |
| STERZON, MRS. M. V. | 2700 | None | 35 |
| STRALLOWRICK, L. W., ESTATE OF | 1520 | 0420 | 26 |
| STORY, E.O., JR., & G. STOREY | 6730 | 2740 | 61 |
| STREETMAN, CITY OF | 2880, 4000, 4820 & 4040 | None | 45 |
| STRICKLIN, T. O, ESTATE OF | 6270, 6277, 4840 & 4850 | 1440 & 1460 | 51 |
| STROUSE, JACK A. | 4340 & 4400 | None | 39 |
| STYLES, JAMES & SCOTT STYLES | 1040 | 5040 | 22 |
| TARRANT COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1 | 0090, 0030, 0840, 0860, 0820, 0930, 1020, 1021, 1180, 1150, 1140 & 1160 | None | 19 |
| WALLACE, ORVILLE M. | 7940, 7930, 7950 & 7940 | 3760 | 72 |
| WARD, TRAVIS | 4520 | None | 48 |
| WARNER, CHARLES W. | 7050, 7090 & 7100 | 3040 & 3041 | 60 |
| WARNER, CHARLES W. | 7910, 7920, 7930 & 7940 | 3760 | 73 |
| WARREN, WILLIAM THOMAS | 7070 | 3130 | 60 |
| WATKINS, CARRACE | 3440 | None | 42 |
| WAXAHACHIE COUNTRY CLUB | 3760, 3760, 2800 & 3810 | 1060 | 35 |
| WEAVER, JEWEL, ESTATE OF | 1800, 1894 & 1900 | 0800 | 29 |
| WEAVER, TED | 1600, 1690 & 1900 | 0800 | 29 |
| WEBB, EVA ROSE | 1910, 7920, 7930 & 7940 | 3760 | 72 |
| WELLS, MARVIN | 0740 & 0760 | 0300 | 30 |
| WEST, BEN A., TRUSTEE | 3720 & 3740 | None | 39 |
| WILCOX, BILLY J. | 4400 & 4410 | 2580 | 64 |
| WILLIAMS, MANIFOR M. | 4540 & 1000 | 1960 | 32 |
| WILLIAMS, RAYMOND A., JR. | 1300 & 1350 | 0460 | 34 |
| WILLIAMS, RAYMOND A., JR. | 3800 | None | 34 |
| WILSON, BOBBY & TONITA WILSON | 0250, 0040 & 0450 | 3640 & 3680 | 60 |
| WILSON, JOE E., ESTATE OF | 3250, 3330, 3340, 3250, 3560, 3560 & 1640 | 0860 | 33 |
| WINKLER, HOWARD T., & JOYCE R. WINKLER | 3300 & 5330 | 3180 | 33 |
| WORTHAM, CITY OF | 3020, 3030 & 3080 | None | 44 |
| YOUNG, BILLY O. | 3230, 3330, 3330 & 2340 | 0830 | 52 |
| YOUNG, J. R. | 3060, 3120, 3155, 3130 & 3120 | 3010 | 51 |
| YOUNG, J. R. | 3250, 3020, 3310 & 3230 | 3120 & 3131 | 54 |
| YOUNG, J. R. | 3250, 3060, 3270 & 3280 | 3140 & 3150 | 55 |
| TARRANT COUNTY WATER CONTROL & DISTRICT NO. 1 | 1540 & 3600 | 0360 & 1440 | 24 |
| TARRANT COUNTY WATER CONTROL & DISTRICT NO. 1 | 1400 | None | 43 |
| TARRANT COUNTY WATER CONTROL & DISTRICT NO. 1 | 4160 | None | 45 |
| TERRELL, CITY OF | 0300, 4320 & 0521 | None | 17 |
| TERRILL COUNTRY CLUB | 0320 | None | 18 |
| TEXAS DEPARTMENT OF CORRECTIONS | 3070, 5140, 3150, 3160, 2470 & 5140 | 1660, 3043, 3000 & 3080 | 53 |
| TEXAS INDUSTRIES, INC. | 1920, 1990, 2000, 2010 & 2090 | None | 30 |
| TEXAS PARKS & WILDLIFE DEPARTMENT | 0940, 6970 & 6940 | None | 31 |
| TEXAS UTILITIES ELECTRIC COMPANY | 0230, 0240, 0241 & 0242 | None | 16 |
| TEXAS UTILITIES ELECTRIC COMPANY | 3060 | 0360 | 22 |
| TEXAS UTILITIES ELECTRIC COMPANY | 1060 & 3040 | None | 33 |
| TEXAS UTILITIES ELECTRIC COMPANY | 4120 & 4140 | None | 45 |
| THOMAS, MAX, ESTATE OF | 1000 | None | 23 |
| THOMPSON, W. H. | 2640 | 1010 | 38 |
| TOLAR, JAMES L. | 4320 | None | 47 |
| TRINIDAD, CITY OF | 1160, 1180, 1150, 1191 & 1700 | None | 23 |
| TRINITY RIVER AUTHORITY OF TEXAS | 1540, 1560, 1580, 1600 & 2060 | None | 25 |
| TRINITY RIVER AUTHORITY OF TEXAS | 3080, 3020 & 3040 | None | 37 |
| TRIPLE K. RANCH, INC. | 4540, 4580 | 1780 | 30 |
| UTO, INC. | 3340, 3250, 0360 & 3370 | None | 23 |
| URBAN, CARL & ELIZABETH URBAN | 1660 | 0210 | 37 |
| VAN ZOAN E. | 6370 | 3080 | 31 |
| VAN WINKLE, MRS. A. P. | 6630, 4640 & 8640 | 3000 & 3001 | 64 |
| VIBBOCK, O. R., JR. | 6210 | 2760 | 61 |
| WILSON INVESTMENTS, INC. | 1610 | None | 27 |
| WALDT, R. J. | 6320 | 2740 | 61 |
| WALLACE, MURRAY | 0680, 0800, 0900 & 0910 | None | 21 |

DIVERSION POINT NO: 0070
TRACT NO: 0620

OWNERSHIP: James E. Fortson, Ann Fortson Maxey, Jane Fortson Hardaway
and James H. Fortson

IR: 1
APP: 15
X EF 353-371

SECTION 11.303 CLAIM:  Under §11.303 Claim No. 5657 to divert and use
178 acre-feet of water per year from an unnamed tributary of Gray's
Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 300
acres of land with a priority date of July 1954.  A 178 acre-foot
capacity reservoir on an unnamed tributary of Gray's Creek was also
claimed.  (Exh. 44)

FINDINGS:

1.  Claimants are the owners of §11.301 Claim No. 5957 which asserted
    Article 7500a and Irrigation Acts of 1889 and 1895 rights to
    divert and use water for irrigation purposes and declared an
    unspecified diversion and use of water in any calendar year
    during the period 1913-1967, inclusive, from an unnamed tributary
    of Gray's Creek or Brave Creek at a maximum diversion rate of
    2375 gpm for the irrigation of an unspecified amount of land.
    The date of first beneficial use of water within the claim area
    was declared to be July 1954.  (Exh. 45)

2.  Claimants are the owners of claim area T-0070 which is located in
    Abstracts Nos. 1, 442, 491 and 138 in Navarro County.  Abstract
    No. 1 was patented in 1851.  Abstract No. 442 was patented in
    1862.  Abstracts Nos. 1 and 138 overlie a portion of the claim
    area.  Abstract No. 491 was patented in 1852.  Abstract 138 was
    patented in 1846.  T-0070 and Abstracts Nos. 1, 491, 442 and 491
    cross an unnamed tributary of Gray's Creek, tributary of the
    Trinity River.  (AF 252-254)

3.  The first diversion and use of state water for irrigation pur-
    poses within T-0070 was in July 1954.  (AF 363)

4.  The most acreage within T-0070 irrigated with state water in any
    calendar year during the period 1913-1967, inclusive, was 170
    acres, being Field No. F-1 and other areas not delineated on the
    map, in Abstracts Nos. 491 and 442, in 1963.  (AF 263, 263, 371)

5.  A dam was constructed in 1932 and is located at diversion point
    B-0070 on an unnamed tributary of Gray's Creek.  During the
    period 1913-1967, inclusive, 178 acre-feet of water was impounded
    in the reservoir and the water was used for irrigation purposes
    within T-0070.  The diversion and use of state water within
    T-0070 during this period was instituted by use of the impound-
    ment.  The dam and reservoir are located in Abstract No. 1.
    However, Abstract No. 138 also overlaps Abstract No. 1 in the
    area of the reservoir.

6.  During the period 1913-1967, inclusive, state water was diverted
    for irrigation purposes within T-0070 at diversion point B-0070
    located anywhere on the perimeter of the reservoir on an unnamed
    tributary of Gray's Creek by three portable pumps at a total
    maximum effective diversion rate of 7.38 cfs (1425 gpm) using
    sprinkler and flood type distribution systems.  Water was divert-
    ed either into the sprinkler system or into ditches for later
    diversion for flood irrigation purposes.  (AF 263, 264, 265)

7.  The maximum amount of state water diverted and used for irriga-
    tion purposes within T-0070 in any calendar year during the
    period 1913-1967, inclusive, was 170 acre-feet in 1963.  (AF 262,
    365)

CONCLUSIONS:

1.  The use of the dam and reservoir located within T-0070 on an
    unnamed tributary of Gray's Creek, tributary of the Trinity
    River, with the dam being in Abstract No. 1, as well as the
    capacity of the reservoir, was reasonable.

2.  Claimants are recognized a right under §11.303 Claim No. 5657 to
    maintain an existing dam and reservoir located in Abstract No.
    135 on an unnamed tributary of Gray's Creek with the dam being
    located at B-0070, and to impound therein not to exceed 178
    acre-feet of water.

3.  Claimants are recognized a right under §11.303 Claim No. 5657 to
    divert and use not to exceed 178 acre-feet of water per year from
    diversion point B-0070 located anywhere on the perimeter of the
    reservoir at a maximum diversion rate of 7.38 cfs (1425 gpm) for
    the irrigation of 170 acres of land within tract T-0070 in
    Abstracts Nos. 442 and 491, Navarro County, with a priority date
    of July 31, 1954.

DIVERSION POINT NOS: 0040, 0060 and 0080
TRACT NOS: 0040 and 0060

OWNERSHIP: Bruce Smith

IR: 1
APP: 9
III EF 180-186

SECTION 11.307 CLAIM:  Under §11.303 Claim No. 5336 to divert and use
300 acre-feet of water per year from the Trinity River at a maximum
diversion rate of 550 gpm for the irrigation of 300 acres of land with
a priority date of June, 1944.  (Exh. 267)

FINDINGS:

1.  Claimant is the owner of §11.303 Claim No. 5336 which asserted a
    riparian right to divert and use water for irrigation purposes
    and declared the maximum diversion and use in any calendar year
    during the period 1942-1967, inclusive, to be 300 acre-feet of
    water from the Trinity River at a maximum diversion rate of 550
    gpm for the irrigation of an unspecified amount of land.  The
    date of first beneficial use of water within the claim area was
    declared to be June, 1944.  (Exh. 744)

2.  Claimant is the owner of claim areas T-0040 which is located in
    Abstract Nos. 148 and T-0060 which is located in Abstracts Nos.
    146 and 167, Henderson County, all overlying the Trinity River.
    T-0060 during the period 1942-1967, inclusive, Abstract No. 146
    was patented in 1871.  Abstract No. 167 was patented in 1872.
    T-0040 and Abstract Nos. 164 and 167 abut the Trinity River.
    (AF 195)

3.  The first diversion and use of state water for irrigation pur-
    poses within T-0060 was in July, 1944.  (AF 201)

4.  The most acreage within T-0160 irrigated with state water in any
    calendar year during the period 1942-1967, inclusive, was 103
    acres, being Field No. F-1 in Abstracts Nos. 146 and 167.  (AF
    200, 202)

5.  During the period 1942-1967, inclusive, state water was diverted
    for irrigation purposes within T-0160 at diversion point B-0060
    located on the Trinity River and D-0060 located on the tributary
    of the Cedar Creek reservoir by a portable pump at a maximum
    effective diversion rate of 1.2 cfs (550 gpm) using a sprinkler
    type distribution system.  (AF 192, 201, 205)

6.  A small dam located at diversion point D-0060 on an unnamed
    tributary of the Trinity River has been used for livestock
    purposes only.  (AF 198, 193)

---

7.  The maximum amount of state water diverted and used for irriga-
    tion purposes within T-0060 in any calendar year during the
    period 1942-1967, inclusive, was 100 acre-feet of water.  (AF
    200, 204)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 5336 to
divert and use not to exceed 100 acre-feet of water per year from
diversion points B-0060 and D-0060 located within T-0060 on the
Trinity River, at a maximum diversion rate of 1.2 cfs (550 gpm)
for the irrigation of 103 acres of land within tract T-0060 in
Abstracts Nos. 146 and 167, Henderson County, with a priority
date of July 31, 1944.

DIVERSION POINTS NOS: 0100, 0120, 0140, 0160, 0260 and 0280
TRACT NO: 0080

OWNERSHIP: John W. Key, Sr., Ruby L. Key and
John W. Key Investment, Inc.

IR: 1
APP: 6 and 9
III EF 164-199

SECTION 11.303 CLAIM:  Under §11.303 Claim No. 5631 to divert and use
1000 acre-feet of water per year from the Trinity River at a maximum
diversion rate of 3750 gpm for the irrigation of 2000 acres of land
with a priority date of May, 1959.  (Exh. 104)

FINDINGS:

1.  Claimant is the owner of §11.303 Claim No. 5631 which asserted a
    riparian right to divert and use water for irrigation purposes
    and declared the maximum diversion and use in any calendar year
    during the period 1943-1967, inclusive, to be 1000 acre-feet of
    water from the Trinity River at a maximum diversion rate of 3750
    gpm for the irrigation of 1500 acres of land.  The date of first
    beneficial use of water within the claim area was declared to be
    May 1959.  (Exh. 265)

2.  Claimant is the owner of claim area T-0080 which is located in
    Abstracts Nos. 105, 164, 240, 406, 618, 1080 and 1174, Henderson
    County.  Abstract No. 105 was patented in 1852.  Abstract No. 164
    was patented in 1852.  Abstract No. 240 was patented in 1847.
    Abstract No. 406 was patented in 1852.  Abstract No. 618 was
    patented in 1870.  Abstract No. 1080 was patented in 1855.
    Abstract No. 1174 was patented in 1870.  T-0080 and Abstracts
    Nos. 105, 164, 406, 618, 1080 and 1174 abut the Trinity River.
    Abstract No. 240 does not abut or cross the Trinity River.  (AF
    169-170)

3.  The first diversion and use of state water for irrigation pur-
    poses within T-0080 was in May, 1959.  (AF 174, 185)

4.  The most acreage within T-0080 irrigated with state water in any
    calendar year during the period 1943-1967, inclusive, was 1500
    acres, on a rotation basis in each of those years.  (Exh. 205; AF
    173)

5.  During the period 1943-1967, inclusive, state water was diverted
    for irrigation purposes within T-0080 from any point located on
    the Trinity between diversion points D-0080 and B-0160 including
    diversion points D-0100, D-0120, D-0140, B-0160 and
    B-0260 by five portable pumps at a total maximum effective
    diversion rate of 8.3 cfs (2750 gpm) using a sprinkler type
    distribution system.  (AF 175-180)

6.  The maximum amount of state water diverted and used for irriga-
    tion purposes within T-0080 in any calendar year during the
    period 1943-1967, inclusive, was 1000 acre-feet of water in each
    of those years.  (Exh. 205; AF 184)

CONCLUSION:

1.  Claimant is recognized a right under §11.303 Claim No. 5631 to
    divert and use not to exceed 1000 acre-feet of water per year
    from anywhere on the Trinity River between diversion points
    B-0080 and D-8201 in Abstracts Nos. 105, 164, 406 and 618 at a
    total maximum diversion rate of 8.3 cfs (2750 gpm) for the
    irrigation of 1500 acres of land within tract T-0080 in Abstracts
    Nos. 105, 164, 406 and 618, Henderson County, with a priority
    date of May 31, 1959.

2.  Claimant is not recognized any right under §11.303 Claim No. 5631
    to irrigate land within Abstract No. 240.  Henderson County,
    because it is severed from the Trinity River or riparian Abstract
    Nos. 1080 or 1174, Henderson County, because these abstracts were
    patented after July 1, 1895 and there was no evidence presented
    showing passage of equitable title before that date.

DIVERSION POINTS NOS: 0220, 0240, 0241 and 0242
TRACT NO: None

OWNERSHIP: Texas Utilities Electric Company

IR: 6
APP: 2
VII EF 25-51; Context AF 28-308

SECTION 11.307 CLAIM:  Under Permit No. 818A to impound water in a 6200
acre-foot capacity off-channel reservoir located in Abstract No. 17,
Henderson County, and to divert and use therefrom 4,000 acre-feet of
water per year for industrial purposes from the Trinity River at a
maximum diversion rate of 22,450 gpm with a priority date of December
13, 1964.  (Exh. 231)

FINDINGS:

1.  Claimant is the owner of Permit No. 818A (Application Nos. 862
    and 862A), which, as amended, authorizes the construction of a
    6200 acre-foot capacity reservoir in and across the bed of the
    Trinity River in Henderson County, Texas.  Permittee is au-
    thorized to impound therein, appropriate and use not to exceed
    4000 acre-feet of water per year from the Trinity River for mean-
    development (cooling, condensing and power) purposes.  (Exhs.
    232, 233, 234)

2.  Special Conditions in Permit No. 818A include the following:

    Unless otherwise ordered by the Board, construction on the
    herein described works must begin within six months and must
    be completed within three years from the date hereof.

3.  Application No. 862 for Permit No. 818 was accepted for filing by
    the Commission on December 13, 1934, and the permit was issued on
    July 1, 1935.  (Exh. 233)

4.  Application No. 1150 for Permit No. 1078, which authorized the
    diversion, appropriation and use of an additional 1500 acre-feet
    of water per year from the Trinity River for cooling, condensing
    and power purposes, was accepted for filing by the Commission on
    May 13, 1936, and the permit was issued on August 15, 1939.
    (Exh. 233)

5.  By Commission Order dated November 24, 1972, Permit No. 1078 was
    renumbered as Permit No. 818A (Application No. 862A).  (Exh. 234)

6.  Permit No. 818A incorrectly describes the location of the au-
    thorized reservoir as "across the bed of the Trinity River."  The
    correct location is on a slough of the Trinity River.  (Exhs.
    237, 238; AF 33,64)

7.  Claimant constructed and maintains a 6200 acre-foot capacity
    off-channel reservoir located at diversion point B-0240, which is
    the authorized location on a slough of the Trinity River in
    Abstract No. 17, Henderson County.  (AF 31, 41)

9. Since the issuance of the permit, state water has been diverted for cooling and condensing purposes at authorized diversion point D-0330 located on the Trinity River by means of two pumps at a total maximum effective diversion rate of 50 cfs (22,450 gpm). (EF 46-48)

9. The maximum amount of state water diverted and used for cooling and condensing purposes from the Trinity River in any calendar year since the issuance of the permit was 19,621 acre-feet of water in 1957. If this 19,621 acre-feet, 30 acre-feet of water was used by Lone Star Gas Company for use in the gasoline plant. (EF 65, 66, 72)

10. The maximum amount of state water consumed due to forced evaporation by the claimant for industrial cooling purposes in the power plant under Permit No. 818A was approximately 2893 acre-feet in 1971. Most of the water diverted by claimant for industrial purposes is not consumed. (Context EF 100)

11. Claimant has not diverted nor consumed the total amount of water authorized by Permit No. 818A because the demand for electricity has decreased and projected growth has gone from around eight percent in the mid-1970s to around four percent.

12. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 818A for cooling and condensing purposes in the foreseeable future by showing plans for construction of several lignite units. Future use of gas units, and possibly reactivation of four retired units. (Context EF 103)

13. Since issuance of the permit, water has been diverted at diversion point D-0220 on the Trinity River and placed in Trinidad Lake. From the lake, water is diverted by pumps at a maximum diversion rate of 588.1 cfs (262,700 gpm). The water is circulated through the plant for cooling purposes and then returned to the lake and recirculated. (EF 56, 58)

14. Some water reenters the Trinity River through seepage and releases from Trinidad Lake. (EF 67-83, 66)

15. D-0241 designates the location of a tainter gate on Trinidad Lake. D-0242 designates the location of the return point on the Trinity River. (EF 69)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 818A to divert, appropriate and use 4900 acre-feet of water per year from the Trinity River at D-0330 at a total maximum diversion rate of 50 cfs (22,450 gpm) for industrial purposes (cooling and condensing) and to impound such diverted water in a 5200 acre-foot capacity off-channel reservoir located at D-0240 in Abstract No. 17, Henderson County. Twenty-five Hundred (2500) acre-feet of this authorization shall have a priority date of December 17, 1931 and the remaining 1500 acre-feet shall have a priority date of May 31, 1928.

2. Claimant is recognized a right under Permit No. 818A to divert, circulate, and recirculate state water from the reservoir at D-0240 so as to consumptively use a maximum of 4900 acre-feet per year from Trinidad Lake for cooling and condensing purposes.

3. Claimant's rights under Permit No. 818A are subject to the Special Conditions contained in the permit.

DIVERSION POINTS NOS: 0260 and 0200
TRACT NO: None

OWNERSHIP: City of Bardwell

IN: 6
APT: 17
2 IF 398-411

SECTION 11.307 CLAIM: Under Permit No. 1332 to impound water in a 778 acre-foot capacity reservoir located on Cow Creek and to divert and use 360 acre-feet of water per year for municipal and 145 acre-feet of water per year for industrial purposes from Cow Creek at a maximum diversion rate of 1.11 cfs with a priority date of October 11, 1934. (Exh. 93)

FINDINGS:

1. Claimant is the owner of Permit No. 1332 (Application No. 1381), which authorizes the construction of a dam and 778 acre-foot capacity reservoir located on Cow Creek, tributary of Indian Creek, tributary of Rush Creek, tributary of the Trinity River and the diversion and use thereof of not to exceed 360 acre-feet of water per year for municipal purposes. (Exh. 93)

2. Application No. 1301 for Permit No. 1332 was accepted for filing by the Commission on October 11, 1934, and the permit was issued on July 22, 1935. (Exh. 93)

3. Claimant constructed and maintains an 834 acre-foot capacity reservoir located at the authorized location on Cow Creek, with the dam being located at D-0340 in Abstract No. 470, Navarro County. In 1967, the capacity of the reservoir at D-0280 was 685 acre-feet. Since this time, the dam has been raised approximately two feet, increasing the reservoir capacity to 925 acre-feet. (EF 423, 484-486)

4. Since the issuance of the permit, water has been diverted for municipal purposes at diversion point D-0340, and intake structure located on the dam on Cow Creek, by means of gravity flow to existing basins at a maximum rate of 1.11 cfs (500 gpm). (EF 401, 407-409)

5. The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 253 acre-feet of water in 1982. (Exh. 83; EF 409-410)

6. No response was specified for claimant's failure to divert and use the total amount of water authorized by Permit No. 1332.

7. The intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 1332 was shown by claimant.

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 1332 to impound water in a 778 acre-foot capacity reservoir located on Cow Creek, tributary of Indian Creek, tributary of Rush Creek, tributary of the Trinity River, with the dam being located at D-0340 in Abstract No. 470, Navarro County, and to divert and use therefrom not to exceed 252 acre-feet of water per year for municipal purposes from diversion point D-0340 located on the dam at a maximum diversion rate of 1.1 cfs (500 gpm), with a priority date of October 11, 1934.

2. Claimant did not show sufficient justification for the lack of development under Permit No. 1332 to the full extent authorized.

3. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

DIVERSION POINTS NOS: 0300, 0320 and 0523
TRACT NO: None

OWNERSHIP: City of Terrell

IN: 8
APT: 7
2 IF 15-40

SECTION 11.307 CLAIM: Under Permit No. 1700A to impound water in a 8711 acre-foot capacity reservoir located on Muddy Cedar Creek and to divert and use therefrom 6400 acre-feet of water per year for municipal purposes at a maximum diversion rate of 19 cfs with a priority date of February 23, 1934. (Exh. 168)

FINDINGS:

1. Claimant is the owner of Permit No. 1700A (Applications Nos. 3831 and 3831H), which, as amended, authorizes the maintenance of a dam and a 8711 acre-foot capacity reservoir located on Muddy Cedar Creek, tributary of Cedar Creek, tributary of the Trinity River, and the impoundment therein of 8711 acre-feet of water and the diversion and use therefrom of not to exceed 6400 acre-feet of water per year for municipal purposes at a maximum diversion rate of 19 cfs (4500 gpm). (Exh. 168)

2. Application No. 3831 for Permit No. 1700 was accepted for filing by the Commission on February 23, 1934, and the permit was issued on April 20, 1934. (Exh. 169)

3. Application No. 3831H for Permit No. 1700A, authorizing the enlargement of the authorized reservoir to a capacity of 8711 acre-feet was accepted for filing by the Commission on February 17, 1969 and the permit was issued on June 26, 1969. (Exh. 170)

4. Claimant maintains an 8712 acre-foot capacity reservoir (now Terrell Lake) located at the authorized location on Muddy Creek, with the dam being located at D-0300 in Abstract No. 76, Kaufman County. (EF 31, 29)

5. Claimant maintains a 169 acre-foot capacity reservoir (old Terrell Lake) located at D-0321 on an unnamed tributary of Kings Creek, tributary of Cedar Creek, tributary of the Trinity River. The dam at D-0321 was constructed in 1918 but has been breached and the reservoir is used only for flood control. (EF 31-29)

6. Since the issuance of the permit, state water has been diverted for municipal purposes at authorized diversion point D-0320 located on the perimeter of the authorized reservoir located at D-0360 by means of four pumps at a total maximum effective diversion rate of 9.75 cfs (4500 gpm). (EF 34, 38-33)

7. The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 4132.74 acre-feet of water in 1978. (EF 39)

8. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 1700A for municipal purposes was sufficient water available in rural areas. (EF 32-33)

9. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 1700A for municipal purposes in the foreseeable future by showing the expected doubling in population of rural communities served by claimant and the addition of new industries to the area. (EF 35-36)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 1700A to impound 8300 acre-feet of water in an 8712 acre-foot capacity reservoir located on Muddy Cedar Creek, tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-0300 in Abstract No. 76, Kaufman County, and to divert and use therefrom not to exceed 4133 acre-feet of water per year for municipal purposes from diversion point D-0320 located on the perimeter of the reservoir at a total maximum diversion rate of 9.75 cfs (4500 gpm) with a priority date of February 23, 1934. Claimant may impound in the reservoir an additional 412 acre-feet of water with a priority date of February 17, 1969.

2. Claimant showed sufficient justification for the lack of development under Permit No. 1700A in the full extent authorized.

3. Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4. Claimant may continue diligent development to a diversion and use of not to exceed 4900 acre-feet of water per year for municipal purposes at a total maximum diversion rate of 19 cfs (4500 gpm) with a priority date of February 23, 1934.

DIVERSION POINT NO: 0343
TRACT NO: None

OWNERSHIP: Margaret M. Ramsey, Constance M. Plunkett, Mary L. McCord, W. Newton Barnes, Martha C. Barnes and Herbert C. Corley

IN: 11
APP: 9
IX EF 31-278

SECTION 1.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 6908 which claims a riparian right to divert and use water from Muddy Cedar Creek, tributary to the Trinity River for irrigation purposes, and declares that no water was diverted in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1968. A 360 acre-foot capacity reservoir is claimed. (Exh. 604)

2. Claimants are the owners of claim area T-0100 which is located in Abstracts Nos. 76, 149, 365 and 450, Kaufman County. Abstract No. 76 was patented in 1845. Abstract No. 149 was patented in 1846. Abstract No. 365 was patented in 1846. Abstract No. 500 was patented in 1846. Diversion point D-0240 references the location claimed in §11.303 Claim No. 6908. (EX EF 39-28; Exh. 8)

3. Claimants did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 6908 because no evidence was presented of any municipal beneficial use of state water within tract T-0100 during the period 1963-1967, inclusive, and besides no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 6908.

DIVERSION POINTS NOS: 0280, 0370, 0380, 0390, 0400, 0403, 0410, 0420, 0430 and 0440

TRACT NO: 0130

OWNERSHIP: East Oil Company

IRR: 12-13
APP: 5
ZZZ SF 46-108

SECTION 31.207 CLAIM: Under §11.303 Claim No. 3674 to divert and use 508 acre-feet of water per year from Williams Creek at a maximum diversion rate of 1.24 cfs for the irrigation of 500 acres of land with a priority date of 1911. A 380 acre-foot capacity off-channel reservoir was also claimed. (Exh. 183)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3674 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1943-1967, inclusive, to be an irrigation amount of water from Williams Creek at an unspecified diversion rate for the irrigation of approximately 500 acres of land. The date of first beneficial use of water within the claim area was declared to be 1911. (Exh. 144)

2. Claimant is the owner of state area T-0120 which is located in Abstracts Nos. 131, 181, 260, 266, 370, 429, 488 and 601, Kaufman County. All irrigation within T-0120 during the period 1943-1967, inclusive, was in Abstracts Nos. 131, 181, 260, 370, 488 and 601. Abstract No. 131 was patented in 1855. Abstract No. 181 was patented in 1848. Abstract No. 260 was patented in 1848. Abstract No. 370 was patented in 1848. Abstract No. 488 was patented in 1861. Abstract No. 601 was patented in 1848. T-0120 and Abstracts Nos. 131, 260, 429, 601 and 488 cross the unnamed tributary of Williams Creek or Williams Creek, tributary of Cedar Creek, tributary of the Trinity River. Abstract No. 131 does not abut or cross the unnamed tributary of Williams Creek or Williams Creek. (SF 71-75)

3. The first diversion and use of state water for irrigation purposes within T-0120 was in the late fall of 1911. (SF 76)

4. The most acreage within T-0120 irrigated with state water in any calendar year during the period 1943-1967, inclusive, was 488 acres, being Fields Nos. F-1, F-2, F-3, F-4 and F-5, in 1944. Of these 488 acres, 22 acres lie in Abstract No. 121. (SF 77, 88)

5. A dam was constructed before 1943 and is located at diversion point D-0390 on an unnamed tributary of Williams Creek, tributary of Cedar Creek, tributary of the Trinity River. Another dam was constructed in 1966 or 1967 which is located at diversion point D-0400 on an unnamed tributary of Cedar Creek. During the period 1943-1967, inclusive, 20 acre-feet of water was impounded in the reservoir at D-0390 and 170 acre-feet impounded in the reservoir at D-0400; and the water was used for irrigation purposes within T-0120. The diversion and use of state water within T-0120 during this period was facilitated by use of the impoundments. (SF 71-71, 79, 82)

6. During the period 1943-1967, claimant maintained eight off-channel reservoirs located at D-0360, D-0370 and D-0380 in Abstract No. 181; D-0401 in Abstract No. 601, D-0410 in Abstract No. 266, D-0420 in Abstract No. 429, and D-0430 in Abstract No. 488. These eight reservoirs have a total capacity of approximately 500 acre-feet. During the period 1943-1967, water from these reservoirs was used for irrigation within T-0120. The diversion and use of state water within T-0120 during this period was facilitated by use of the impoundments. (SF 71-73, 79, 82)

7. During the period 1943-1967, inclusive, state water was diverted for irrigation purposes within T-0120 at various diversion points on the perimeter of the ten reservoirs by a portable pump at a maximum effective diversion rate of 1.24 cfs (500 gpm) using a sprinkler type distribution system. (SF 83, 85, 91, 97)

8. The maximum amount of state water diverted and used for irrigation purposes within T-0120 in any calendar year during the period 1943-1967, inclusive, was 75 acre-feet of water in 1944. Of these 75 acre-feet of water, approximately 1 acre-foot was used to irrigate land located in Abstract No. 121. (SF 100-101)

CONCLUSIONS:

1. The use of the dams and reservoirs located at diversion points D-0390 and D-0400 (within T-0120) on an unnamed tributary of Williams Creek, as well as the capacities of the reservoirs, were reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 3674 to maintain two existing dams and reservoirs located at diversion points D-0390 and D-0400 within T-0120 on an unnamed tributary of Williams Creek, tributary of Cedar Creek, tributary of the Trinity River, and to impound therein not to exceed a total of 208 acre-feet of water.

3. Claimant is recognized a right under §11.303 Claim No. 3674 to divert and use not to exceed 76 acre-feet of water per year located on the perimeters of the reservoirs on an unnamed tributary of Williams Creek at a maximum diversion rate of 1.24 cfs (500 gpm) for the irrigation of 464 acres of land within tract T-0120 in Abstracts Nos. 181, 260, 439, 488 and 601, Kaufman County, with a priority date of October 31, 1911. Claimant is further recognized a right to store the diverted water in eight off-channel reservoirs located at diversion points D-0360, D-0370, D-0380, D-0401, D-0410, D-0420 and D-0430 within T-0120 with a combined capacity of 500 acre-feet, and to subsequently divert and use the stored water for irrigation purposes to the extent authorized herein.

4. Claimant is not recognized a right under §11.303 Claim No. 3674 to irrigate land located in Abstract No. 121, Kaufman County, because that abstract is severed from an unnamed tributary of Williams Creek and Williams Creek.

DIVERSION POINT NO: 0460
TRACT NO: None

OWNERSHIP: First City Bank of Dallas, Trustee for Mary E. McCarty Trust, Elizabeth F. McCarty Trust and Anne E. McCarty Trust

IRR: 14
APP: 5
ZZZ SF 47-30

SECTION 11.307 CLAIM: Under Permit No. 3043 to impound water in a 370 acre-foot capacity reservoir located on an unnamed tributary of Jones Creek for recreational purposes with a priority date of December 9, 1974. (Exh. 176)

FINDINGS:

1. Claimant is the owner of Permit No. 3043 (Application No. 3223), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Jones Creek, tributary of Cedar Creek, tributary of the Trinity River, and the impoundment therein of 370 acre-feet of water for recreational purposes with no right of diversion from the impoundment. (Exh. 177)

2. Application No. 2322 for Permit No. 3043 was accepted for filing by the Commission on December 2, 1974, and the permit was issued on February 19, 1975. (Exh. 177)

3. Claimant maintains a 370 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Jones Creek, tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-0460 in Abstract No. 215, Kaufman County. (SF 44)

4. Since the issuance of the permit, state water has been impounded for recreational and livestock purposes only with no water being diverted from the impoundment. (SF 48-49)

CONCLUSION:

Claimant is recognized a right under Permit No. 3043 to impound water in a 370 acre-foot capacity reservoir located on an unnamed tributary of Jones Creek, tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-0460 in Abstract No. 215, Kaufman County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of December 9, 1974.

DIVERSION POINTS NOS: 0490, 0500
TRACT NO: None

OWNERSHIP: Maida Hanna, W. H. Hanna, Jr., and Julia Schmitt

IRR: 15
APP: 5
ZZZ SF 51-65

SECTION 11.307 CLAIM: Under Permit No. 2329A to impound water in a 300 acre-foot capacity reservoir located on an unnamed tributary of Cedar Creek for recreation purposes with a priority date of November 19, 1965. (Exh. 178)

FINDINGS:

1. Claimants are the owners of Permit No. 2329A (Application Nos. 2417 and 2633A) which, as amended, authorizes the impoundment of water in an existing 300 acre-foot capacity reservoir located on an unnamed tributary of Cedar Creek and an unnamed tributary of the Trinity River and the diversion and use therefrom of not to exceed 300 acre-feet of water per year for municipal purposes at a maximum diversion rate of 1.11 cfs (500 gpm). Permittee is also authorized to use the impounded water for recreation purposes. (Exh. 179 and 180)

2. Special Conditions under Permit No. 2329 include the following:

(a) Service spillway or overflow section of the dam or embankment on Cedar Creek shall be maintained at an elevation not less than 333 feet msl.

(b) Permittee shall file plans and specifications with the Commission and obtain approval of same before undertaking any enlargement or material alteration or rehabilitation of existing structures.

(Exh. 179)

3. Application No. 2417 for Permit No. 2329, which authorized the impoundment of 300 acre-feet of water in an existing reservoir and the diversion therefrom of 300 acre-feet of water per year for municipal purposes was accepted for filing by the Commission on November 19, 1965, and the permit was issued on December 7, 1966. (Exh. 179)

4. Application No. 2633A for Permit No. 2329, which authorized a change in the location of the diversion point to authorize the diversion of water purchased from Tarrant County WCID No. 1 by the City of Kemp was accepted for filing by the Commission on July 9, 1970, and the amendment was issued on September 9, 1970. (Exh. 180)

5. Claimants maintain a 300 acre-foot capacity reservoir at the authorized location on an unnamed tributary of Cedar Creek, with the dam being located at D-0490 in Abstract No. 177, Kaufman County. (ZZZ SF 54-57)

6. Diversion point D-0500 designates the location of an authorized diversion point on Cedar Creek. (ZZZ SF 56-57)

7. No evidence was presented of the use of water for municipal purposes from the reservoir since issuance of the permit. (ZZZ SF 55)

8. Since the issuance of the permit, state water has been diverted for industrial purposes from the reservoir on an unnamed tributary of Cedar Creek. There was no evidence of the amount of water diverted for that purpose. (ZZZ SF 60-62)

9. Claimants do not intend to use water from the authorized reservoir for municipal purposes and represent an intent to abandon that authorization. (ZZZ SF 64)

10. Since the claimants purchased the reservoir located on an unnamed tributary of Cedar Creek at D-0490 in 1977, it has been used for recreation purposes. (ZZZ SF 64)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 2329A to impound water in a 300 acre-foot capacity reservoir located on an unnamed tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-0490 in Abstract No. 177, Kaufman County, for recreation purposes, with a priority date of November 19, 1965.

2. Claimants' rights under Permit No. 2329A are subject to the Special Conditions contained in the Permit.

3. Claimants did not demonstrate a bona fide intention to divert and use state water than previously diverted in the foreseeable future.

8

DIVERSION POINTS NOS: 0502, 0826, 0842, 0866, 0930, 0938, 1020, 1821,
1150, 1110, 1140 and 1160

TRACT NO: None

OWNERSHIP: Tarrant County Water Control and Improvement District No. 1

IR: 24-28
APP: 8-20
V EF 193-200; Contest EF 133-140

SECTION 11.307 CLAIM: Tarrant County Water Control & Improvement
District No. 1 thereinafter Tarrant County) asserts a right under
Permit No. 1909 to impound water in a 478,900 acre-feet capacity
reservoir located on Cedar Creek and to divert and use therefrom
175,000 acre-feet of water per year for municipal, industrial, etc.
purposes at a maximum diversion rate of 30.4 cfs with a priority date
of May 28, 1956. (Exh. 438)

SECTION 11.307 CLAIM: City of Mabank asserts a right under Contractual
Permit No. 314 to divert and use from Cedar Gate 1000 acre-feet of
water per year for municipal purposes at a maximum effective diversion
rate of 1500 gpm with a priority date of July 19, 1976. (Exh. 437)

SECTION 11.307 CLAIM: Dallas Power & Light Company, Texas Power &
Light Company, and Texas Electric Service Company assert a right under
Contractual Permit No. 341 and 341A to divert and use from Cedar
Creek Reservoir a total of 13,765 acre-feet of water per year for
industrial purposes, and to divert and use not to exceed 14,000
acre-feet of water during any period of four consecutive years for
industrial purposes at a maximum diversion rate of 33.0 cfs (15,000
gpm) with a priority date of November 18, 1974. (Exh. 412)

FINDINGS:

1. Claimant is the owner of Permit No. 1909 (Application No. 2659),
which authorizes the construction of a dam and reservoir located
on Cedar Creek and the impoundment therein of 478,900 acre-feet
of water per year and the diversion and use therefrom of not to
exceed 175,000 acre-feet of water per year for municipal purposes
at an unspecified maximum diversion rate. Permittee is au-
thorized to construct a pump station below the authorized dam and
to use the bed and banks of Cedar Creek from the reservoir to the
pump station. (Exh. 438)

2. A Special Condition in Permit No. 1909 is as follows:

Permittee, or its assigns, may transport
the water granted herein from the place
of impoundment to a place of use in
Tarrant, Dallas, and any other portion
of Henderson, Kaufman, Van Zandt,
Navarro, Ellis and Johnson Counties
within the Trinity River watershed and
is expressly granted the right to enter
into contracts for the use of such water
with cities, municipalities, industries
and other users of water.

(Exh. 438)

3. Application No. 2659 for Permit No. 1909 was accepted for filing
by the Commission on August 17, 1957, and the permit was issued
on April 15, 1954. The application upon which this permit is
granted was filed as a result of interpleaders made under
presentation No. 1171 dated the 26th day of May, 1956.
(Exh. 438; Contest EF 114)

4. Claimant constructed and maintains a 478,900 acre-foot capacity
reservoir (Cedar Creek Reservoir) located at the authorized
location on Cedar Creek, tributary of the Trinity River, with the
dam being located at 0-1160 in Abstracts Nos. 496 and 597,
Henderson County. (V EF 212)

5. Claimant's present consumptive in supply water from Cedar Creek
Reservoir under Permit No. 1909 are as follows:

   a. By contracts entered into as of December 2, 1963 and
August 11, 1964, Tarrant County agrees to supply to the Town
of Trinidad 3500 acre-feet of water for industrial purposes
at the maximum diversion rate of 11.1 cfs (5000 gpm) until
November 1, 1974. The contract was approved by the Texas
Water Rights Commission on May 9, 1967, when Contractual
Permit No. 14 was issued.

   b. By contract entered into as of July 1, 1970, Tarrant County
agrees to supply to the City of Seagoville water for municipal
and industrial purposes at the maximum
diversion rate of 1.5 cfs (500 gpm). The contract was
approved by the Texas Water Rights Commission on August 4,
1970, when Contractual Permit No. 101 was issued. A special
condition in Contractual Permit No. 101 was as follows: The
permit shall expire and become null and void
upon the termination of the contract between permittee and
Tarrant County or on August 1, 1998, whichever first occurs.

   c. By amended Contractual Permit No. 101 entered into as of
June 26, 1970, Tarrant County agrees to supply the City of
Kemp the right to divert and use from Cedar Creek Reservoir
not to exceed 400 acre-feet of water per year for municipal
purposes. The amended contract was approved by the Texas
Water Commission on June 29, 1970, when Contractual Permit
No. 101A was issued.

   d. By contract entered into on September 22, 1975, Tarrant
County agrees to supply Gulf Cedar Creek Water Supply
District not to exceed 250 acre-feet of water per year for
municipal purposes at a maximum diversion rate of 0.67 cfs
(300 gpm). The contract was approved by the Texas Water
Rights Commission on September 23, 1975, when Contractual
Permit No. 303 was issued. A Special Condition in Contractu-
al Permit No. 303 is the following: The permit shall expire
and become null and void on December 31, 2001, or upon
termination of the contract, whichever shall first occur.

   e. By contract entered into on November 19, 1976, Tarrant County
agrees to supply to Texas Power & Light (hereinafter TP&L)
not to exceed 13,200 acre-feet of water per year and not to
exceed 14,000 acre-feet of water during any period of four
consecutive calendar years for industrial purposes from Cedar
Creek Reservoir. TP&L has not exercised its option under
the contract by May 1, 1989, the diversion and use shall be
reduced to not to exceed 7000 acre-feet of water per year and
not to exceed 11,000 acre-feet of water during any period of
four consecutive calendar years. Under this contract
permittee is also authorized to interrupt, impound and divert
such amounts at the runoff of Cedar Creek which will reduce
the firm yield of Cedar Creek Reservoir by 3785 acre-feet of
water per year for industrial purposes. The maximum diver-
sion rate is authorized under this contract as 33.0 cfs (15,000
gpm). The contract was approved by the Texas Water Rights
Commission on May 18, 1976, when Contractual Permit No. 341
Permit No. 341 was issued.

   f. By contract entered into on December 7, 1981, a
new upstream diversion point on Caney Creek, arm of Cedar
Creek, was designated in lieu of the diversion point au-
thorized by Contractual Permit No. 341. The amended contract
was approved by the Texas Water Commission on December 7,
1981, when Contractual Permit No. 341A was issued.

   g. By contract entered into on July 19, 1976, Tarrant County
agrees to supply the City of Mabank not to exceed 1000
acre-feet of water per year for municipal purposes at a
maximum diversion rate of 3.3 cfs (1500 gpm). The contract
approved on July 21, 1976, when Contractual Permit No. 314
was issued. A Special Condition in Contractual Permit No.
314 is the following: The permit shall expire and become
null and void on August 1, 2001 or upon termination of the
contract, whichever shall first occur.

   h. By contract entered into on January 21, 1978, Tarrant County
agrees to supply West Cedar Creek Municipal Utility District
or Tolosa Water Supply Corporation not to exceed 160
acre-feet of water per year for municipal purposes at a
maximum diversion rate of 0.78 cfs (347 gpm). The contract
was approved on February 3, 1978, when Contractual Permit No.
417 was issued.

5. By contract entered into on April 1, 1978, Tarrant County
agrees to supply the City of Eden Harbor not to exceed 160
acre-feet of water per year for municipal purposes at a
maximum diversion rate of 0.4 cfs (200 gpm). The contract
was approved by the Texas Water Commission on April 19, 1978,
when Contractual Permit No. 418 was issued.

(V EF 213-216, 242-245; Exh. 436)

6. Fact Finding No. 9 in the Order issuing Contractual Permit
No. 341 states:

Applicant has a contract with Tarrant County Water
Control and Improvement District No. 1, holder of
Permit No. 1909 and this application would have the
effect of amending the purpose of use of 13,200
acre-feet of water authorized for appropriation
under Permit No. 1909 from municipal to industrial
purposes for the duration of the contract.

(Exh. 426)

7. Diversion points associated with each contractual permit are as
follows:

| CONTRACTUAL PERMIT | DIVERSION POINTS |
|---|---|
| 101A | D-0502 |
| 417 | D-0826 – D-0842 |
| 354 | D-0866 |
| 303 | D-0920 – D-0930 |
| 341A | D-1040 |
| 478 | D-1120 |
| 14 | D-1160 |

(V EF 212-216)

8. Diversion point D-1821 designates the location of the intake
structures to the pipeline which transports raw water from Cedar
Creek Reservoir to the City of Fort Worth, City of Mansfield,
City of Arlington and the Trinity River Authority. Diversion
point D-1825 designates the location of a small water plant for
the use of Tarrant County's facilities at the spillway.
(V EF 212, 213-216; Exh. 245-247)

9. In addition to customers who hold contractual permits, claimant
also sells water to Tarrant County (City of Fort Worth, City of
Arlington, City of Mansfield and Trinity River Authority, Ellis
Water Company, Community Water Company, Cedar Creek Country Club,
Eagle Utility Company, D-F Water Supply Corporation, Southwest Water
Supply Company, R. T. Hart, Johnson Engineers, Caroyn Water
Supply Corporation and Country Gold Country Club. (Exh. 437;
V EF 232)

10. Since the issuance of the permit, state water has been diverted
for municipal purposes from Cedar Creek Reservoir at authorized
diversion point D-0502 and D-1160, and
D-1165 located on the perimeter of the authorized reservoir by
means of six pumps at a total project diversion capacity of
247.54 cfs (111,392 gpm). (V EF 213-245, 242-245, 249-250)

11. Since the issuance of Contractual Permit No. 341, no state water
has been diverted for industrial purposes pursuant to the permit.
Diversion point D-1040 is the authorized industrial diversion point under
Contractual Permit No. 341A. (V EF 213, 253)

12. The maximum amount of state water diverted and used for municipal
purposes in any calendar year since the issuance of the permit
was 102,581,933 acre-feet in 1980. (Exh. 437; V EF 238)

13. The cause claimant failed to divert and use the total amount of
water authorized by Permit No. 1909 for municipal purposes was
due to the nature of the interconnecting system of water supply
sources for Tarrant County, of which Cedar Creek Reservoir is
only a party. (V EF 274)

14. Claimant demonstrated an intention to divert and use the full
amount of water per year authorized by Permit No. 1909 for
municipal and industrial purposes in the foreseeable future by
showing population projections for the year 1990 and figuring
municipal and industrial water needs for that future date based
on a past per capita figure. (V EF 256-264)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 1909 to impound
water in a 478,900 acre-foot capacity reservoir (Cedar Creek
Reservoir) on Cedar Creek, tributary of the Trinity River, with
the dam being located at D-1160 in Abstracts Nos. 496 and 597,
Henderson County, with a priority date of May 28, 1956.

2. Claimant is recognized a right under Permit No. 1909 and pursuant
to Contractual Permits Nos. 101A, 417, 354, 303, 417 and 14 as
well as various water supply contracts filed with the Department
of Water Resources, as set out in Finding No. 5, to divert and
use from Cedar Creek Reservoir not to exceed 100,000 acre-feet of
water per year for municipal purposes from diversion points
D-0502, D-0820, D-0842, D-0920, D-0930 and D-1160 located on the
perimeter of the reservoir at a total maximum diversion rate of
247.54 cfs (111,392 gpm), with a priority date of May 28, 1956.

3. Contractual Permit No. 341A awards Permit No. 1909 by converting
the purpose of use of 13,275 acre-feet of water per annum under
Permit No. 1909 from municipal to industrial on a term basis in
accordance with the Order issuing the contractual permit.

4. Claimant showed sufficient justification for the lack of develop-
ment under Permit No. 1909 to the full extent authorized for
municipal and industrial purposes.

5. Claimant demonstrated a bona fide intention to divert and use
more state water than previously diverted in the foreseeable
future.

6. Claimant may continue diligent development of Permit No. 1909 to
a diversion and use of not to exceed 175,000 acre-feet of water
per year for municipal and industrial purposes at a total maximum
diversion rate of 247.54 cfs (111,392 gpm), with a priority date
of May 28, 1956.

7. Claimant's rights under Permit No. 1909 are subject to the
Special Conditions contained in the permit, including the condi-
tion set out in Finding No. 2.

DIVERSION POINT NO: 0530
TRACT NO: None

OWNERSHIP: Terrell Country Club

IR: 17
APP: 3
III EF 3-14

SECTION 11.307 CLAIM: Under Permit No. 2635 to impound water in a 645
acre-foot capacity reservoir located on Bachelor Creek for recreation-
al, livestock and domestic purposes with a priority date of May 30,
1972. (Exh. 143)

FINDINGS:

1. Claimant is the owner of Permit No. 2635 (Application No. 3040),
which authorizes the maintenance of an existing dam and reservoir
located on Bachelor Creek, tributary of King Creek, tributary of
Cedar Creek, tributary of the Trinity River, having an impounding
capacity of 645 acre-feet of water per year for recreational
purposes with no right of diversion from the impoundment. (Exh.
144)

2. Application No. 3040 for the Permit No. 2635, was accepted for
filing by the Commission on May 30, 1972, and the amendment was
issued on April 10, 1973. (Exh. 144)

3. Claimant maintains a 645 acre-foot capacity reservoir located at
the authorized location on Bachelor Creek, with the dam being
located at D-0530 in Abstract No. 444, Kaufman County. (EF 7)

19

4. Since the issuance of the permit, state water has been impounded for recreational purposes only. Water has been diverted from the impoundment for domestic and livestock purposes only. (EF 9, 11)

CONCLUSION:

Claimant is recognized a right under Permit No. 2135 to impound water in a 643 acre-foot capacity reservoir located on Bachelor Creek, tributary of Kings Creek, tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-0520 in Abstract No. 441, Kaufman County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of May 10, 1972.

DIVERSION POINT NO: 0540
TRACT NO: 0100

OWNERSHIP: Turner D. Baxter

IR: 18
APP: 5
IX EF 26-27

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 2254 (Application No. 2486), a T50Sa type permit, which authorizes the impoundment of water in a 60 acre-foot capacity reservoir located on an unnamed tributary of Kogan Branch, tributary of Kings Creek, tributary of Cedar Creek, tributary of the Trinity River, and the diversion and use of 70 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 1.38 cfs (500 gpm) for the irrigation of 58 acres of land out of a 200 acre tract located in the Dizen Survey, Abstract No. 117, Kaufman County. (Exh. 486)

2. A Special Condition in Permit No. 2254 is: This permit shall expire and become null and void fifteen years from date of permit unless extended by the Commission. (Exh. 486)

3. Application No. 2486 for Permit No. 2254 was accepted for filing by the Commission on November 23, 1964, and the permit was issued on January 25, 1967. (Exh. 486)

4. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 2254. (IZ EF 26-27)

CONCLUSION:

Claimant is not recognized any right under Permit No. 2254 because no evidence was presented of any use of state water pursuant to Permit No. 2254 since its issuance and no §11.307 claim pertaining to Permit No. 2254 was filed in the adjudication of this segment.

DIVERSION POINTS NOS: 0560 and 0580
TRACT NO: 0160

OWNERSHIP: Floyd A. Horman and Robert F. Schafer

IR: 13
APP: 5
IX EF 37-39; Contest EF 5-36

SECTION 11.367 CLAIM: Under Permit No. 2049 to impound water in a 198 acre-foot capacity reservoir located on Kogan Branch, tributary of Kings Creek, tributary of the Trinity River, and to divert and use of 70 acre-feet of water per year for irrigation purposes at an unspecified diversion rate for the irrigation of 200 acres of land with a priority date of December 31, 1962. (Exh. 819)

FINDINGS:

1. Claimants are the owners of Permit No. 2049 (Application No. 2167), which authorizes the impoundment of water in a 198 acre-foot capacity reservoir located on Kogan Branch, tributary of Kings Creek, tributary of the Trinity River, and the diversion and use of not to exceed 30 acre-feet of water per year for irrigation purposes at an unspecified maximum diversion rate for the irrigation of 200 acres of land located in the Philip Walker Survey, Abstract No. 569, Kaufman County. (Exh. 699)

2. Application No. 2167 for Permit No. 2049 was accepted for filing by the Commission on December 31, 1962, and the permit was issued on March 22, 1963. (Exh. 699)

3. The official records of the Department show that Marjorie R. Wells is the holder of Permit No. 2049. At the contest hearing, Floyd A. Horman and Robert F. Schafer appeared as the claimants and asserted ownership of Permit No. 2049. A deed and other legal documents were presented at the contest hearing and admitted in evidence to reflect this change of ownership. (Contest EF 13; Exhs. 872, 873)

4. Claimants maintain a 198 acre-foot capacity reservoir located at diversion point D-0160, which is the authorized location on Kogan Branch, with the dam being located in Abstract No. 569, Kaufman County. (Contest EF 9; App. 5)

5. The most acreage within permit area T-0150 irrigated with state water in any calendar year since the issuance of the permit was 200 acres. (Contest EF 14, 35)

6. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0160 at authorized diversion point D-0540 located on the perimeter of the authorized reservoir by means of a portable pump at a total maximum effective diversion rate of 456 gpm using a sprinkler type distribution system. (Contest EF 14)

7. The maximum amount of state water diverted and used for irrigation purposes within T-0160 in any calendar year since the issuance of the permit was 34 acre-feet in 1964. (Contest EF 14; Exh. 821)

CONCLUSION:

Claimants are recognized a right under Permit No. 2049 to impound 198 acre-feet of water in a 198 acre-foot capacity reservoir located at diversion point D-0160 on Kogan Branch, tributary of Kings Creek, with the dam being located in Abstract No. 569, Kaufman County, and to divert and use therefrom not to exceed 30 acre-feet of water per year for irrigation purposes from diversion point D-0540 located on the perimeter of the reservoir, at a total maximum diversion rate of 456 gpm for the irrigation of 200 acres of land within tract T-0160 in Abstract No. 569, Kaufman County, with a priority date of December 31, 1962.

DIVERSION POINTS NOS: 0600, 0620, 0640, 0660, 0700
TRACT NO: None

OWNERSHIP: City of Kaufman

IR: 30-31
APP: 5
IX EF 29-39

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 1778 (Application No. 1807), which authorizes the construction of a dam and an 1837 acre-foot capacity reservoir located on Big Cottonwood Creek, tributary of the Trinity River, and the diversion and use therefrom not to exceed 1600 acre-feet of water per year for municipal purposes and not to exceed 212 acre-feet of water per year for industrial purposes at a maximum diversion rate of 8 cfs (3592 gpm), Kaufman County. (Exh. 690)


2. Application No. 1807 for Permit No. 1778 was accepted for filing by the Commission on May 9, 1955, and the permit was issued on September 20, 1955. (Exh. 690)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 1778. (IZ EF 29-30)

CONCLUSION:

Claimant is not recognized any right under Permit No. 1778 because no evidence was presented of any use of state water pursuant to Permit No. 1778 since its issuance and no §11.307 claim pertaining to Permit No. 1778 was filed in the adjudication of this segment.

DIVERSION POINTS NOS: 0440, 0580, 0660, 0670
TRACT NO: 0180

OWNERSHIP: Matthew O. Roberts, Jr.

IR: 32
APP: 5
VIII EF 42-59

SECTION 11.307 CLAIM: Under §11.303 Claim No. 10599 to divert and use 35-25 acre-feet of water per year from the High Point Watershed to Little Mushy Creek at an unspecified diversion rate for the irrigation of 20 acres of land with a priority date of 1961. A 13 acre-foot capacity was also claimed. (Exh. 590)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 10599 which asserted a riparian right to divert and use water for irrigation and livestock purposes within §1 acre-feet of water per year during the period 1963-1967, inclusive, to be 30 acre-feet of water from the High Point Watershed to Little Mushy Creek, tributary of Cedar Creek, tributary to Trinity River, at an unspecified diversion rate for the irrigation of 14-20 acres of land. The use of first beneficial use of water within the claim area was declared to be 1961. A reservoir with a capacity of 71 1/2 acre-feet was also claimed. (Exh. 591)

2. Claimant is the owner of claim area T-0180 which is located in Abstract No. 451, Kaufman County. Abstract No. 451 was patented in 1862. T-0180 and Abstract No. 452 crosses Little High Point Creek and an unnamed tributary of Little High Point Creek, tributary of Big Mushy Creek, tributary of King Creek, tributary of Cedar Creek, tributary of Trinity River. (VIII EF 50)

3. The first diversion and use of state water for irrigation purposes within T-0180 was in June 1961. (Exh. 591)

4. The most acreage within T-0180 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 18 acres, being field No. 1 in Abstract No. 451 in 1963. (Exh. 591)

5. A dam was constructed at diversion point D-0440 within T-0180 on the unnamed tributary of Little High Point Creek. During the period 1963-1967, inclusive, 2 acre-feet of water was impounded in the square reservoir and the water was used for irrigation purposes within T-0180. The diversion and use of state water within the claim area was facilitated by use of the impoundment. (Exh. 592; VIII EF 50)

6. A dam was constructed in 1966 and is located at diversion point D-0650 within T-0180 on the unnamed tributary of Little High Point Creek. During the period 1963-1967, inclusive, 3 acre-feet of water was impounded in the square reservoir and the water was used for irrigation purposes within T-0180. The diversion and use of state water during this period was facilitated by use of the impoundment. (Exh. 592; VIII EF 50)

7. A dam was constructed in 1960 and is located at diversion point D-0460 within T-0180 on the unnamed tributary of Little High Point Creek. During the period 1963-1967, inclusive, 40 acre-feet of water was impounded in the downstream reservoir and the water was used for irrigation purposes within T-0180. The diversion and use of state water during this period was facilitated by use of the impoundment. (Exh. 592; VIII EF 51-53)

8. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-0180 at diversion point D-0670 located on the perimeter of the downstream reservoir by a siphon at a maximum diversion rate of 0.13 cfs (57 gpm). (Exh. 592; VIII EF 51)

9. The maximum amount of state water diverted and used for irrigation purposes within T-0180 in any calendar year during the period 1963-1967, inclusive, was 18.5 acre-feet of water in 1963. (Exh. 593)

CONCLUSIONS:

1. The use of the dams and reservoirs located at diversion points D-0440, D-0650 and D-0460 within T-0180 on the unnamed tributary of Little High Point Creek, tributary of Big Mushy Creek, tributary of King Creek, tributary of Cedar Creek, tributary of Trinity River, as well as the capacity of the reservoirs, were reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 10599 to maintain three existing dams and reservoirs (upstream, middle and downstream, respectively) located at diversion points D-0440, D-0650 and D-0460 within T-0180 on an unnamed tributary of Little High Point Creek, tributary of Big Mushy Creek, tributary of Trinity River and to impound therein not to exceed a total 30 acre-feet of water with a priority date of June 30, 1961.

3. Claimant is recognized a right under §11.303 Claim No. 10599 to divert and use not to exceed 30.5 acre-feet of water per year from diversion point D-0670 located on the perimeter of the downstream reservoir on an unnamed tributary of Little High Point Creek at a maximum diversion rate of 0.13 cfs (57 gpm) for the irrigation of 18 acres of land within tract T-0180 in Abstract No. 451, Kaufman County, with a priority date of June 30, 1961.

DIVERSION POINTS NOS: 0720, 0740
TRACT NO: 0200

OWNERSHIP: Cedro Belsa Company, Inc. and Marvin Wells

IR: 33-34
APP: 5
IX EF 29-30

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3695 which claims riparian and prescriptive rights to divert and use water from a small branch, tributary of Kings Creek, for irrigation, domestic and livestock purposes, and declares that a maximum of 3 acre-feet of water was diverted at a maximum diversion rate of 30 gpm, to irrigate 5 to 10 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in January 1960. A 100 to 175 acre-foot capacity reservoir is also claimed. (Exh. 493)

2. Claimants are the owners of claim area T-0200 which is located in Abstract No. 178, Kaufman County. Abstract No. 115 was patented in 1852. T-0200 and Abstract No. 175 abut an unnamed tributary of Kings Creek. Diversion points D-0720 and D-0740 reference 150 locations claimed in §11.303 Claim No. 3695. (IX EF 30; Exh. 4)

3.  Claimants did not appear at either the regularly scheduled
    evidentiary hearing or the final docket evidentiary hearing and
    no evidence was presented concerning the diversion and use of
    state water during the period 1963-1967, inclusive.  (IX 2F
    29-30)

CONCLUSION:

    Claimants are not recognized any right under #11.303 Claim No.
    3653 because no evidence was presented of any nonexempt benefi-
    cial use of state water within least 9-0300 during the period
    1963-1967, inclusive, and because no #11.307 claim was filed in
    the adjudication of this segment pertaining to #11.303 Claim No.
    3659.

DIVERSION POINT NOS: 0320, 0790, 0300
TRACT NO: 0230

OWNERSHIP: Percy Andrews

IN: 33-36
APP: 6
IX EP 26-31

SECTION 11.307 CLAIM: None

FINDINGS:

1.  Claimant is the owner of #11.303 Claim No. 3754 which claims
    riparian and Article 7000a rights to divert and use water from
    Buck Creek for irrigation purposes, and declares that a maximum
    of 45 acre-feet of water was diverted at a maximum diversion rate
    of 156 gpm, to irrigate 43 acres of land in any calendar year
    during the period 1963-1967, inclusive.  The first beneficial use
    of water in the claim area is declared to be in 1941.  A 46
    acre-foot capacity reservoir is also claimed.  (Exh. 054)

2.  Claimant is the owner of claim area 7-0230 which is located in
    Abstract No. 421, Van Sandt County.  Abstract No. 623 was patent-
    ed in 1850.  7-0370 and Abstract No. 625 abut Buck Creek.
    Diversion points 0-0780, 0-0790 and 0-0800 reference the lo-
    cations claimed in #11.303 Claim No. 3754.  (IX EF 31; Exh. 4)

3.  Claimant did not appear at either the regularly scheduled
    evidentiary hearing or the final docket evidentiary hearing and
    no evidence was presented concerning the diversion and use of
    state water during the period 1963-1967, inclusive.  (IX EF
    30-31)

CONCLUSION:

    Claimant is recognized any right under #11.303 Claim No. 3754
    because no evidence was presented of any nonexempt beneficial use
    of state water within tract 9-0230 during the period 1963-1967,
    inclusive, and because no #11.307 claim was filed in the adju-
    dication of this segment pertaining to #11.303 Claim No. 3754.

DIVERSION POINTS NOS: 0800, 0890, 0900, 0910
TRACT NO: None

OWNERSHIP: McHenry Wallace and City of Nebank

IN: 25-30
APP: 16
III EP 226-245

SECTION 11.307 CLAIM: Under Permits Nos. 959 and 1958 and #11.303
Claim No. 10 to impound water in a 216.4 acre-foot capacity reservoir
located on Twin Creek and to divert and use 216 acre-feet of water per
year from Twin Creek and an unnamed tributary of Twin Creek for munici-
pal purposes at a maximum diversion rate of 1 cfs with priority dates
of February 11, 1924 and November 14, 1956.  (Exh. 217)

FINDINGS:

1.  Claimants are the owners of Permit No. 959 (Application No. 1091)
    which authorizes the construction of a dam and a 216.4 acre-foot
    capacity reservoir located on Twin Creek, tributary of the
    Trinity River, and the impoundment therein of 216 acre-feet of
    water per year and the diversion and use therefrom of not to
    exceed 216 acre-feet of water per year for city water supply
    purposes.  (Exh. 219)

2.  Application No. 1091 for Permit No. 959 was accepted for filing
    by the Commission on February 11, 1924; and the permit was issued
    on November 6, 1927.  (Exh. 219)

3.  Claimants are the owners of Permit No. 1958 (Application No.
    3146), an amendment to Permit No. 959, which authorizes the
    appropriation, diversion and use of not to exceed a total of 216
    acre-feet of water per year from Twin Creek and an unnamed
    tributary of Twin Creek for municipal purposes.  Claimants are
    also authorized to store the water in the existing authorized 216
    acre-foot capacity reservoir on an unnamed tributary of Twin
    Creek and to store water in an existing 4.1 acre-foot capacity
    reservoir on Twin Creek, at a maximum diversion rate of 1 cfs at
    each point of diversion.  (Exh. 221)

4.  Special Conditions in Permit No. 1958 include the following:

    a.  The water authorized to be diverted from Twin Creek shall be
        diverted from the reservoir on Twin Creek; provided, however,
        that all water so diverted shall forthwith be transported to
        and be discharged into the above described reservoir on said
        unnamed stream.

    b.  This permit is granted subject to all the terms, conditions
        and provisions enumerated in Permit No. 959.  (Exh. 228)

5.  Application No. 3144 for Permit No. 1958 was accepted for filing
    by the Commission on December 14, 1939; and the permit was issued
    on June 7, 1960.  (Exh. 228)

6.  Claimants are the owners of #11.303 Claim No. 10 which asserted a
    municipal right to divert and use water for domestic and indus-
    trial purposes and declared the maximum diversion and use in any
    calendar year during the period 1963-1967, inclusive, to be 87.1
    acre-feet of water from a tributary of North Twin Creek at a
    maximum diversion rate of 139 gpm.  The date of first beneficial
    use of water within the claim area was declared to be 1924.  A
    reservoir on a tributary to North Twin Creek with a capacity of
    216 acre-feet was also claimed.  (Exh. 6)

7.  Claimant McHenry Wallace maintains a 216.4 acre-foot capacity
    reservoir at the authorized location on North Twin Creek, with
    the dam being located at 0-0800 in Abstract No. 794, Henderson
    County, Abstract No. 794 was patented in 1841.  The reservoir at
    0-0800 was purchased by McHenry Wallace from the City of Nebank
    in 1978.  (EF 233-234)

8.  Since the issuance of the permit, state water has been diverted
    for municipal purposes at authorized diversion point 0-0800
    located at the dam of the authorized reservoir at 0-0800. 0-0900
    designates the location of the authorized 4.1 acre-foot capacity
    reservoir on North Twin Creek.  0-0900 designates the location of
    the authorized diversion point on the 4.1 acre foot reservoir.
    Evidence indicated that the reservoir at 0-0910 has never been
    constructed.  There was no evidence of transfer of ownership by
    City of Nebank of Diversion Point 0-0900.  (EF 233-234; 241-242)

1.  The maximum amount of state water diverted and used for municipal
    purposes in any calendar year since the issuance of the permit
    was 88 acre-feet of water by the City of Nebank prior to 1978.
    (EF 243)

10. No evidence was presented of diversion facilities used since
    issuance of the permit at 0-0900.

11. No evidence was presented of the use of state water during the
    period 1963-1967, inclusive.  (EF 243)

12. No reasons were specified for claimants' failure to divert and
    use the total amount of water authorized by Permits Nos. 959 and
    1958.

13. No intention to divert and use state water for municipal purposes
    in the future under the authority of Permits Nos. 959 and 1308
    was shown by claimants.

14. Claimant McHenry Wallace has used the reservoir at 0-0800 on
    North Twin Creek for domestic and livestock purposes since 1978
    and indicated the intention to continue use of the reservoir for
    those purposes only.  (E 235)

CONCLUSIONS:

1.  Claimants McHenry Wallace is recognized a right under Permits Nos.
    959 and 1958 to impound water in a 216.4 acre-foot capacity
    reservoir located on North Twin Creek, tributary of Coder Creek,
    tributary of the Trinity River, with the dam being located at
    0-0900 in Abstract No. 794, Henderson County, for domestic and
    livestock purposes with a priority date of February 11, 1924.

2.  Claimants did not show sufficient justification for the lack of
    development under Permits Nos. 959 and 1958 to the full extent
    authorized.

3.  Claimants did not demonstrate a bona fide intention to divert and
    use state water for municipal purposes in the foreseeable future.

4.  Claimant, City of Nebank, is not recognized any right under
    Permits Nos. 959 and 1958 because the water diverted and used
    since issuance of the permit for municipal purposes was diverted
    from facilities which the City no longer owns and there is no
    evidence of the intention of water rights or of sovereign of
    water rights from the property owned.

5.  Claimants are not recognized any right under #11.303 Claim No. 10
    because there was no evidence of any nonexempt beneficial use of
    state water during the period 1963-1967, inclusive.

DIVERSION POINTS NOS: 0960, 0970 and 0980
TRACT NO: None

OWNERSHIP: Texas Parks and Wildlife Department

IN: 32
APP: 8
III EF 183-116

SECTION 11.307 CLAIM: Under Permit No. 3656A to impound 3768 acre-foot
of water in two recreational reservoirs on Purtis Creek and to
divert and use therefrom 29 acre-feet of water per year for industrial
(fish production) purposes at a maximum diversion rate of 7.1 cfs with
priority dates of November 20, 1978 and October 9, 1979.  (Exh. 186)

FINDINGS:

1.  Claimant is the owner of Permit No. 3656A (Applications Nos. 3938
    and 3938A), which, as amended, authorizes the construction of a
    dam and reservoir located on Purtis Creek, tributary of South
    Twin Creek, tributary of Twin Creek, tributary of Coder Creek,
    tributary of the Trinity River, designated as SCS Site No. 542A,
    Coder Creek Watershed Project, and the impoundment therein of not
    to exceed 3768 acre-feet of water for recreational purposes and
    the diversion and use therefrom of not to exceed 29 acre-feet of
    water per year to fill and maintain the level of a 16 acre-foot
    capacity off-channel reservoir to be used for industrial purposes
    (commercial production of fish).  The diversion of water from the
    on-channel reservoir is authorized at a maximum diversion rate of
    3.33 cfs (1600 gpm).  (Exh. 187 and 188)

2.  A Special Condition in Permit No. 3656 is as follows:

    Failure to construct the dam in accordance with
    Time Limitations herein shall make this permit
    null and void unless the permittee applies for
    an extension of time prior to the date stated
    in Time Limitations and the Application is
    subsequently granted.  (Exh. 187)

3.  A Special Condition in Permit No. 3656A is as follows:

    Failure to construct the reservoir in accor-
    dance with Time Limitations herein stated shall
    make this amendment expire and become null and
    void, unless permittee applies for an extension
    of time prior to the dates stated in Time
    Limitations and the application is subsequently
    granted.  (Exh. 188)

4.  Application No. 3938 for Permit No. 3656 was accepted for filing
    by the Commission on November 20, 1974, and the permit was issued
    on March 14, 1979.  (Exh. 187)

5.  Application No. 3938A for Permit No. 3656A which authorized the
    diversion of 29 acre-feet of water from the reservoir at SCS Site
    542A, Coder Creek Watershed Project, for the maintenance of a 16
    acre-foot capacity off-channel reservoir to be used for indus-
    trial (commercial production of fish) was accepted for filing by
    the Commission on November 9, 1979, and the amendment was issued
    on February 28, 1980.  (Exh. 188)

6.  Diversion point 0-0960 designates the location authorized for
    construction of the dam on Purtis Creek, diversion point 0-0970
    designates the authorized location of the intake point on the
    dam, and diversion point 0-0980 designates the location au-
    thorized for the off-channel reservoir.  (EF 114)

7.  Claimant began construction of the dam at 0-0960 in January of
    1982 by clearing land around the site.  The dam is projected to
    be complete in late 1982 or early 1983.  Construction of the
    off-channel reservoir at 0-0980 has begun and will be completed
    after the construction of the on-channel reservoir.  (EF 113-115)

8.  An order extending the time to commence and complete construction
    was issued by the Commission on April 29, 1981 which extended the
    date to commence construction to March 14, 1983 and the date to
    complete construction to March 14, 1985.  Official notice taken
    of permanent file on Permit No. 3656A.)

CONCLUSION:

    Claimant may diligently develop Permit No. 3656A to an impound-
    ment in a 3768 acre-foot capacity reservoir to be constructed on
    Purtis Creek, tributary of South Twin Creek, tributary of Twin
    Creek, tributary of Coder Creek, tributary of the Trinity River
    (designated as SCS Site No. 542A, Coder Creek Watershed Project)
    for recreational purposes and the diversion and use of not to
    exceed 29 acre-feet of water per year therefrom to fill and
    maintain the level of a 16 acre-foot capacity off-channel reser-
    voir to be used for industrial purposes (commercial production of
    fish).  Claimant may develop the diversion from the
    on-channel reservoir to 3.33 cfs (1600 gpm).  The on-channel
    reservoir shall have a priority date of November 20, 1978 and the
    diversion and use of 29 acre-feet of water therefrom for mainte-
    nance of the off-channel reservoir shall have a priority date of
    October 9, 1979.

DIVERSION POINT NO: 1000
TRACT NO: None

OWNERSHIP: Max Thomas Estate

IR: 33
APP: 13
IX SF 115-178

SECTION 11.207 CLAIM: Under Permit No. 2912 to impound water in a 1050 acre-foot capacity recreational reservoir located on Pending Branch and to divert and use therefrom eight acre-feet of water per year for the irrigation of five acres of family garden, orchard and lawn with a priority date of November 19, 1973. (Exh. 189)

FINDINGS:

1. Claimant is the owner of Permit No. 2912 (Application No. 3190), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Clear Creek, tributary of Cedar Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 1050 acre-feet of water at 641 feet above mean sea level for recreational purposes with no right of diversion from the impoundment. (Exh. 189)

2. Application No. 3190 for Permit No. 2912 was accepted for filing by the Commission on November 19, 1973, and the permit was issued on March 12, 1974. (Exh. 190)

3. Claimant maintains a 1050 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Clear Creek, (Pending Branch), tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-1000 in Abstract No. 283, Henderson County. (SF 112-125)

4. Since the issuance of the permit, state water has been diverted from the impoundment for domestic purposes only. (SF 121)

CONCLUSION:

Claimant is recognized a right under Permit No. 2912 to impound water in a 1050 acre-foot capacity reservoir located on an unnamed tributary of Clear Creek (Pending Branch), tributary of Cedar Creek, tributary of the Trinity River, with the dam being located at D-1000 in Abstract No. 283, Henderson County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of November 19, 1973.

DIVERSION POINT NO: 1040
TRACT NO: 0260

OWNERSHIP: James Ryler, Scott Ryler and Texas Utilities Electric Company

IR: 36-37
APP: 18
IX SF 21-32

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 5291 which claim riparian rights to divert and use water from Caney Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 100 acre-feet of water was diverted at a maximum diversion rate of 750 gpm, in Abstract 266 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in August, 1963. (Exh. 496)

2. Claimants are the owners of claim area 9-0260 which is located in Abstract No. 161, Henderson County, in Abstract No. 264 was patented on in 1846. "9-0260 and Abstract No. 261 what Caney Creek, Diversion point D-1040 references the location claimed in §11.303 Claim No. 5291. (IX SF 32) Exh. 4)

3. Claimants did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1974, inclusive. (IX SF 21-33)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 5291 because no evidence was presented of any alleged beneficial use of state water use within tract 9-0260 during the period 1963-1967, inclusive, and because no §11.303 claim was filed in the adjudication of this account pertaining to §11.303 Claim No. 5291.

DIVERSION POINTS NOS: 1040 and 1080
TRACT NO: None

OWNERSHIP: Texas Utilities Electric Company

IR: 38
APP: 18
IX SF 234-262

SECTION 11.207 CLAIM: Under Permit No. 3370 to impound water in a 20,038 acre-foot capacity reservoir located on Caney Creek, tributary of Cedar Creek, tributary of the Trinity River, and divert and use therefrom 9500 acre-feet of water per year for industrial purposes and 200 acre-feet of water per year for construction purposes from the Forest Grove Reservoir on Caney Creek at a maximum diversion rate of 2444 cfs (1,100,000 gpm) with a priority date of November 19, 1974. (Exh. 498)

FINDINGS:

1. Claimants are the owners of Permit No. 3370 (Application No. 3304), a §5.131 type permit, which authorizes the construction of a dam and reservoir located on Caney Creek, tributary of Cedar Creek, tributary of the Trinity River, and the impoundment therein of 20,038 acre-feet of water per year from Cedar Creek and Irvine Survey, Abstract No. 397, Henderson County. (Exh. 497)

2. Permit No. 3370 also authorizes several uses. They are as follows:

   a. Permittee may impound in said reservoir not to exceed 19,348 acre-feet of water per year from the runoff of Caney Creek. Permittee's impoundment and use of Caney Creek runoff will reduce the firm yield of Cedar Creek Reservoir by 3745 acre-feet of water per year, the right to the said firm yield being purchased under contract with Tarrant County Water Control and Improvement District No. 1 and authorized by Contractual Permit No. CP-341. Permittee may divert and use said water for industrial purposes.

   b. Permittee may also impound in said reservoir and divert and use therefrom the water authorized by Contractual Permit No. CP-341, Paragraph 1, USE (a).

   c. Permittee is further authorized to divert, circulate and recirculate 877,000 acre-feet of water per year from the reservoir for industrial purposes (cooling and operating) and to consumptively use 9500 acre-feet of said water per year.

---

   d. Permittee is further authorized to impound 20,038 acre-feet of flood waters from Caney Creek for the initial filling of the reservoir.

   e. Permittee is authorized to divert and use not to exceed 200 acre-feet of water from Caney Creek for initial construction of the project.

   f. Permittee is authorized to divert at a maximum diversion rate of 2444 cfs (1,100,000 gpm). (Exh. 497)

3. A Special Condition in Permit No. 3370 is as follows:

   This permit is issued subject to Contractual Permit No. CP-341 based on a contract between Texas Power & Light Company and the Tarrant County Water Control and Improvement District No. 1. It is specifically provided that Paragraph 2, USE, is subject to this provision. (Exh. 497)

4. Time limitations in Permit No. 3370 are as follows:

   Construction of and installation of all works herein authorized or contemplated shall be in accordance with plans approved by the Commission and shall be commenced within two years from completion within five years from date of issuance of this permit unless extended by the Commission.

   (Exh. 497)

4. Application No. 3304 for Permit No. 3370 was accepted for filing by the Commission on November 19, 1973, and the permit was issued on May 25, 1976. (Exh. 497)

5. Claimants have constructed a dam located at diversion point D-1080, which is the authorized location on Caney Creek, tributary of Cedar Creek, tributary of the Trinity River, in Abstract No. 382, Henderson County. The reservoir created by this dam is known as Forest Grove Reservoir. (VI SF 240-241, 248; Exh. 500)

6. Diversion point D-1040 designates the location authorized by Permit No. 3370. No diversion has occurred from this point since the issuance of the permit. (VI SF 248; 250)

7. Claimants have begun construction of the power plant, Forest Grove Steam Electric Station. It has been projected that it would be fully operational by 1991. (VI SF 247-248)

8. Since the issuance of the permit, state water has been used for construction purposes only. (VI SF 262)

9. The impoundment of water in Forest Grove Reservoir began on April 21, 1982. Since that time 3248 acre-feet of water has been impounded in the reservoir. Due to construction constraints the outflow gates have been submerged upon completion of the dam. When these gates are closed the total volume of water impounded is expected to be 20,038 acre-feet. (VI SF 247)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 3370 to maintain a dam and reservoir located at D-1080 on Caney Creek, tributary of Cedar Creek, tributary of the Trinity River, in Abstract No. 382, Henderson County, and to impound therein not to exceed 3248 acre-feet of water with a priority date of November 19, 1973.

2. Claimants may diligently develop Permit No. 3370 as follows:

   a. Permittee may impound in said reservoir not to exceed 16,348 acre-feet of water per year from the runoff of Caney Creek. Permittee's impoundment and use of Caney Creek runoff will reduce the firm yield of Cedar Creek Reservoir by 3745 acre-feet of water per year, the right to the said firm yield being purchased under contract with Tarrant County Water Control and Improvement District No. 1 and authorized by Contractual Permit No. CP-341. Permittee may divert and use said water for industrial purposes.

   b. Permittee may also impound in said reservoir and divert and use therefrom the water authorized by Contractual Permit No. CP-341, Paragraph 1, USE (a).

   c. Permittee is further authorized to divert, circulate and recirculate 877,000 acre-feet of water per year from the reservoir for industrial purposes (cooling and operating) and to consumptively use 9500 acre-feet of said water per year.

   d. Permittee is further authorized to impound 20,038 acre-feet of floodwater from Caney Creek for the initial filling of the reservoir.

   e. Permittee are authorized to divert and use not to exceed 200 acre-feet of water from Caney Creek for initial construction of the project.

   f. Permittee are authorized to divert at a maximum diversion rate of 2444 cfs (1,100,000 gpm).

   The priority date for these rights should be November 19, 1975.

3. Claimants' rights under Permit No. 3370 are subject to the Special Conditions contained in the permit.

DIVERSION POINTS NOS: 1160, 1186, 1190, 1195 and 1200
TRACT NO: None

OWNERSHIP: City of Trinidad

IR: 41-42
APP: 9
III SF 207-225

SECTION 11.307 CLAIM: Under Permit No. 17893 to impound water in a 480 acre-foot capacity off-channel reservoir and to divert and use 200 acre-feet of water per year for municipal purposes and 600 acre-feet of water per year for industrial purposes at a maximum diversion rate of 3000 gpm with a priority date of September 13, 1955. (Exh. 210)

FINDINGS:

1. Claimant is the owner of Permit No. 17893 (Applications Nos. 1824, 1824A and 1926D), which, as amended, authorizes the construction of an off-channel reservoir and the impoundment therein of 200 acre-feet of water per year from Cedar Creek and the diversion and use therefrom of not to exceed 200 acre-feet of water per year for municipal purposes and 600 acre-feet of water per year for industrial purposes from Cedar Creek at a maximum diversion rate of 1-1/2 cfs (3000 gpm). (Exh. 211, 212 and 213)

2. Application No. 2931 for Permit No. 1789 was accepted for filing by the Commission on September 13, 1955, and the permit was issued on November 21, 1955. (Exh. 211)

3. Application No. 1926A for Permit No. 17893, which authorizes the use of an additional 600 acre-feet of water per year for industrial purposes was accepted for filing by the Commission on October 4, 1957, and the permit was issued on January 9, 1958. (Exh. 211)

22

7962-dppx05

4. Application No. 10347 for Permit No. 3789b, which authorized the use of an additional 300 acre-feet of water per year for industrial purposes, decreased the evaporization for municipal to 300 acre-feet of water per year, increased the authorized diversion rate to 9209 gpm and added an additional diversion rate was accepted for filing by the Commission on June 22, 1944. (Exh. 213)

5. Claimant constructed and maintains a 498 acre-foot capacity off-channel reservoir (Lake Trinidad) located at diversion point D-1190, which is the authorized location in Abstracts Nos. 266, 17 and 286, Henderson County. (EF 214, 226)

6. Since the issuance of the permit, waste water has been diverted for municipal purposes at authorized diversion points D-1190 on Cedar Creek and D-1290 located at the perimeter of the authorized reservoir and for industrial purposes at authorized diversion point D-1190 located on the perimeter of the authorized reservoir by means of four pumps at a total maximum effective diversion rate of 11.1 cfs (6500 gpm). (EF 211-213, 218-219, 271)

7. Water is typically released from the Cedar Creek Reservoir at diversion point D-1160, transferred to Lake Trinidad by gravity flow, where it is transferred by channel to the water treatment plant or to industrial customers. (EF 217)

8. The maximum amount of state water diverted and used for municipal purposes at any calendar year since the issuance of the permit was 899 acre-feet of water in 1965. (Exh. 218; EF 219)

9. The maximum amount of state water diverted and used for industrial purposes in any calendar year since the issuance of the permit was 889 acre-feet of water in 1965. (Exh. 218; EF 219)

CONCLUSION:

Claimant is recognized a right under Permit No. 1789b to impound 498 acre-feet of water from Cedar Creek, tributary of the Trinity River, in an off-channel reservoir located at diversion point D-1190, in Abstracts Nos. 266, 17, and 286, Henderson County, with a priority date of September 17, 1940, and to divert and use not to exceed 300 acre-feet of water per year for municipal purposes from diversion points D-1190 on Cedar Creek and D-1290 on the perimeter of the reservoir and not to exceed 300 feet of water per year for industrial purposes from diversion point D-1190 located on the perimeter of the reservoir at a total maximum diversion rate of 11.1 cfs (6500 gpm). Of the 300 acre-feet for industrial purposes, 300 acre-feet shall have a priority date of October 4, 1957 and 200 acre-feet shall have a priority date of June 22, 1944. The 200 acre-feet authorized to be used for municipal purposes shall have a priority date of September 17, 1955.

DIVERSION POINTS NO: 1720, 1730, 1260
TRACT NO: 6300

OWNERSHIP: W. Arthur Hawn, Jr.

FR: 43
APP: 12
IX EF 13-19

SECTION 13.207 CLAIM: None

FINDING:

1. Claimant is the owner of Permit No. 3146 (Application No. 3439), a regular type permit, which authorizes the diversion and use of not to exceed 360 acre-feet of water per year from Walnut Creek, tributary of Cedar Creek, tributary of the Trinity River, at a maximum diversion rate of 0.41 cfs (300 gpm) for the irrigation of 100 acres of land out of a 774.33 acre tract located in Sanford Thomas Survey, Abstract No. 980, and Sam C.A. Walters Survey, Abstract No. 900, Henderson County. (Exh. 859)

2. Special Conditions in Permit No. 3146 include the following:

   a. This permit and all uses, rights, and privileges hereunder shall expire on December 31, 1985, and thereafter permittee shall cease all diversion and uses authorized by this permit.

   b. To the extent that permittee's diversions are composed of sewage effluent discharges from the City of Athens, permittee shall reduce his diversion in proportion to any reduction in said sewage effluent discharge.

   c. Permittee shall make no diversions hereunder except at times when water continues to flow past his diversion point in quantities sufficient for downstream domestic and livestock use. (Exh. 657)

3. Application No. 3439 for Permit No. 3146 was accepted for filing by the Commission on April 11, 1975, and the permit was issued on July 10, 1975. (Exh. 457)

4. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 3146. (IX EF 13-31)

CONCLUSION:

Claimant is not recognized any right under Permit No. 3146 because no evidence was presented of any use of state water pursuant to Permit No. 3146 since the issuance of the claim pertaining to Permit No. 3146 was filed in the adjudication of this request.

DIVERSION POINTS NOS: 1250, 1260, 1265, 1300 and 1330
TRACT NOS: 6320, 6320A and 6320B

OWNERSHIP: Creston Ranch

SECTION 11.207 CLAIM: Under Permit No. 1763 and §11.303 Claim No. 3530 to impound water in a 725 acre-foot capacity reservoir located on the Trinity River Cut-off and to divert and use therefrom 725 acre-feet of water per year for irrigation from Trinity River Cut-off, at a maximum diversion rate of 100 cfs at a priority date of April 1, 1955. (Exh. 583)

FINDINGS:

1. Claimant is part owner with William Archer and Wanda Archer of Permit No. 1763 (Application No. 1494), which authorizes the construction and maintenance of a dam and 725 acre-foot capacity reservoir located on Trinity River Cut-off, in the A. Martinez Survey No. 491, Henderson County, and the diversion and use therefrom of not to exceed 725 acre-feet of water per year for irrigation from Trinity River Cut-off, an abandoned bed of the Trinity River, at a maximum diversion rate of 100 cfs (4500 gpm) for the irrigation of 725 acres of land out of a 1040 acre tract located in Henderson and Navarro Counties. (Exh. 246)

2. Claimant is the owner of §11.303 Claim No. 3530 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 318 acre-feet of water from the Trinity River Cut-off, tributary of the Trinity River, at a maximum diversion rate of 100 gpm for the irrigation of 212 acres of land. The use of first beneficial use of water within the claim area was declared to be 1962. A reservoir on the Trinity River Cut-off, tributary of the Trinity River, with a capacity of 2030 acre-feet was also claimed. (Exh. 316)

---

3. An additional sworn statement to §11.303 Claim No. 2552 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1972, inclusive, to be 343 acre-feet of water from the Trinity River Cut-off, tributary of the Trinity River, at a maximum diversion rate of 1219 gpm for the irrigation of 212 acres of land. (Exh. 559)

4. A Special Condition in Permit No. 1763 is: Construction of works herein authorized shall begin within one (1) year and shall be completed within two (2) years from date hereof, unless otherwise ordered by the Board. (Exh. 349)

5. Application No. 1686 for Permit No. 1763 was accepted for filing by the Commission on April 4, 1955, and the permit was issued on June 29, 1955. (Exh. 249)

6. Claimant constructed and maintains a 725 acre-foot capacity reservoir located at diversion point D-1276, which is the authorized location on diversion point D-1276, which is the dam being located in Abstracts Nos. 480 and 741, Henderson and Navarro Counties. (VIII EF 14, 30)

7. Claimant is the owner of claim area T-0330 which is located in Abstracts Nos. 433, 567, 659 and 796, Navarro county and Abstracts Nos. 369, 517, 783, 1035, 1037, 1069, 1064 and 446, Henderson County. Abstract No. 567 was patented in 1837, Abstract No. 567 was patented in 1907, Abstract No. 659 was patented in 1841, Abstract No. 796 was patented in 1860, Abstract No. 517 was patented in 1835. Abstract No. 783 was patented in 1852, Abstract No. 1035 was patented in 1913. Abstract No. 1037 was patented in 1904. Abstract No. 1075 was patented in 1902, Abstract No. 1069 was patented in 1905. Abstract No. 480 was patented in 1845. T-0330 and Abstracts Nos. 433, 567, 659, 796, 1035, 1037, 1045, 1064, and 446 cross the Trinity River and the Trinity River Cut-off. Abstracts Nos. 369, 517, and 765 do not cross or abut the Trinity River Cut-off. (Exh. 5; VIII EF 14-18)

8. The permit area is composed of tracts T-0330A and T-0330B. Claim area T-0330 is located totally within T-0330A and T-0330B. Tract T-0330A is located in Abstracts Nos. 1037 and 1398, Henderson County, and tract T-0330B is located in Abstracts Nos. 433 and 659, Navarro County. (VIII EF 18)

9. There was no evidence that claimant commenced or completed the construction of works designed to apply greater quantity of water to beneficial use prior to August 28, 1957. (VIII EF 3-18)

10. The most acreage within tracts T-0330A and T-0330B irrigated with state water in any calendar year since the issuance of the permit was 695 acres, being Fields Nos. 1 and 2, in 1964. (VIII EF 23)

11. The most acreage within T-0330 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 433 acres, being Fields Nos. 1, 2 and 3, in Abstracts Nos. 1037, 659, 313 and 1064, in 1964. (VIII EF 24; Exh. 583)

12. Field No. 1 is located entirely in Abstract No. 1037 and contains 113 acres. Field No. 2 contains 71 acres with approximately (cont acres located in Abstract No. 1064 and the balance is located in Abstract No. 346. Field No. 3 is located entirely in Abstract No. 659 and contains 311 acres. (VIII EF 17)

13. The first diversion and use of state water for irrigation purposes within T-0330 was in 1953. (VIII EF 30)

14. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-0330 from diversion points D-1265 and D-1260 located in Abstract No. 1069, and from D-1300 located in Abstract No. 659 on the Trinity River Cut-off and from diversion point D-1330 in Abstract No. 433 located on the Trinity River by two portable and two stationary pumps at a maximum combined diversion rate of 10.43 cfs (4800 gpm). (VIII EF 16, 20-21, 35, 40)

15. The maximum amount of state water diverted and used for irrigation purposes within T-0330 in any calendar year during the period (1963-1967, inclusive, was 715 acre-feet of water in 1966. (VIII EF 29-30)

16. There are no intervening diverters between D-1250 and authorized diversion point D-1330. (Exh. 5)

17. The maximum amount of state water diverted and used for irrigation purposes within T-0330A and T-0330B in any calendar year since the issuance of the permit was 560 acre-feet of water in 1954. (VIII EF 12, 29)

18. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0330A and T-0330B from authorized diversion points D-1250 and D-1265 in Abstract No. 1068 and from D-1300 in Abstract No. 659, all located on the Trinity River Cut-off and from an unauthorized diversion point D-1330 in Abstract No. 433 located on the Trinity River by means of two portable and two stationary pumps at a maximum combined diversion rate of 10.43 cfs (4800 gpm). (VIII EF 16, 21-27, 33, 40)

19. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 1763 for irrigation purposes was the unavailability of water due to seepage and evaporation. (VIII EF 29-30)

20. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 1763 for irrigation purposes in the foreseeable future by showing plans to begin a commercial pecan orchard and/or live oak tree nursery. (VIII EF 34-39)

21. Evidence presented shows that equitable title to Abstracts Nos. 1035 and 1064 did not pass to the original applicants prior to July 1, 1955. (Exh. 583)

CONCLUSIONS:

1. Claimant in conjunction with William Archer and Wanda Archer is recognized a right under Permit No. 1763 to impound water in a 725 acre-foot capacity reservoir located at diversion point D-1276 on the Trinity River Cut-off, tributary of the Trinity River, with the dam being located in Abstracts Nos. 480 and 741, Henderson and Navarro Counties, and to divert and use therefrom not to exceed 560 acre-feet of water per year for irrigation purposes from diversion points D-1265 and D-1265 in Abstract No. 1066, and D-1300 in Abstract No. 659, located on the Trinity River Cut-off, tributary of the Trinity River, at a maximum combined diversion rate of 9.23 cfs (4800 gpm) for the irrigation of 695 acres of land within T-0330A and T-0330B, in Abstracts Nos. 1037 and 1069, Henderson County, and in Abstracts Nos. 433 and 659 in Navarro County, with a priority date of April 1, 1955.

2. Claimant is not recognized any right under §11.303 Claim No. 3580 because: (1) portions of claim area T-0330 are located on land patented after July 1, 1955 and equitable title did not pass from the state prior to that date; (2) a portion of claim area T-0330 is severed from the Trinity River Cut-off, and (3) there is not substantial evidence to establish the amount of water diverted and used from the Trinity River.

3. Claimant showed sufficient justification for the lack of development under Permit No. 1763 to the full extent authorized for irrigation purposes.

4. Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

5. Claimant in conjunction with William Archer and Wanda Archer may continue diligent development of Permit No. 1763 by a diversion and use of not to exceed a total of 725 acre-feet of water per year from the Trinity River Cut-off (or both diversion for the irrigation of 725 acres of land within T-0330A, T-0330B, and T-0330D at a maximum combined diversion rate of 10.6 cfs (4800 gpm) with a priority date of April 1, 1955.

6. Claimant's rights under Permit No. 1763 are subject to the special condition contained in the permit.

DIVERSION POINTS NOS: 1360 and 1370
TRACTS NOS: 010P and 0361

OWNERSHIP: William Archer and Wanda Archer

ZR:46 Q
APP: P
XIX SF 216-233; Contest SF 148-162

SECTION 11.307 CLAIM: Under Permit No. 1762 to impound water in a 725
acre-foot capacity reservoir located on the Trinity cut-off and to
divert and use therefrom 725 acre-feet of water per year at a maximum
diversion rate of 10 cfs for the irrigation of 238 acres of land with a
priority date of April 4, 1955. (Exh. 248)

FINDINGS:

1. Claimants are part owners with Cresleen Ranch of Permit No. 1762
(Application No. 1896), which authorizes the construction of a
dam and 725 acre foot capacity reservoir on Trinity cut-off and
the appropriation of not to exceed 725 acre-feet of water per
year at a maximum diversion rate of 10 cfs for the irrigation at
not to exceed 725 acres of land out of a 1040 acre tract. (Exh.
248)

2. Application No. 1896 for Permit No. 1762 was accepted for filing
by the Commission on April 4, 1955, and the permit was issued on
June 16, 1956. (Exh. 249)

3. Claimants constructed and maintain a 725 acre-foot capacity
reservoir located at the authorized location on the Trinity
cut-off, with the dam being located at D-1320 in Abstract No.
741, Navarro County, and Abstract No. 490, Henderson County. (SF
212-224)

4. The most acreage within permit area T-0341 irrigated with state
water in any calendar year since the issuance of the permit was
45 acres. (SF 218)

5. Claimants requested that the area authorized to be irrigated be
expanded to include all of their present ownership. The addi-
tional acreage is designated as T-0341 and is approximately 150
acres. No additional water usage or increased rate or period of
diversion is contemplated by this practice and it has no poten-
tial for harming any other existing water right. (SF 222, 224,
128)

6. Since the issuance of the permit, state water has been diverted
for irrigation purposes within T-0340 at authorized diversion
point D-1380 located on the Trinity cut-off, by means of a
portable pump at a maximum diversion rate of 10 cfs (4500 gpm).
(Exh. 248; SF 222, 217)

7. The maximum amount of state water diverted and used for irriga-
tion purposes within T-0340 in any calendar year since the
issuance of the permit was 45 acre-feet of water. (Exh. 217; SF
228)

8. The reason claimant failed to divert and use the total amount of
water authorized by Permit No. 1762 for irrigation purposes was
the unavailability of water due to seepage and evaporation.
(Contest SF 151-153)

9. Claimants demonstrated an intention to divert and use the full
amount of water per year authorized by Permit No. 1762 for
irrigation purposes in the foreseeable future by showing the
installation of an additional water line and the addition of the
number of acres to be irrigated. (SF 238, 330-332)

CONCLUSIONS:

1. Claimants in conjunction with Cresleen Ranch are recognized a
right under Permit No. 1762 to impound water in a 725 acre-foot
capacity reservoir located on Trinity cut-off, with the dam being
located at D-1320 in Abstracts Nos. 741 in Navarro County and
Abstract No. 490 in Henderson County, and to divert and use
therefrom not to exceed 15 acre-feet of water per year from
diversion point D-1380 located on Trinity cut-off, at a maximum
diversion rate of 30 cfs (4500 gpm) for the irrigation of 45
acres of land within tract T-0340 and T-0341 in Abstracts Nos.
490, 741 and 200, Navarro County, with a priority date of April
4, 1955.

2. Claimants showed sufficient justification for the lack of
development under Permit No. 1762 to the full extent authorized
for irrigation purposes.

3. Claimants demonstrated a bona fide intention to divert and use
state water than previously diverted in the foreseeable
future.

4. Claimants in conjunction with Cresleen Ranch may continue
diligent development of Permit No. 1762 to a diversion and use of
not to exceed a total of 725 acre-feet of water per year from the
Trinity River Cut-off for the irrigation of a total of
725 acres of land within T-0340, T-0341, T-0340 and T-0338 at a
maximum combined diversion rate of 10.0 cfs (4500 gpm), with a
priority date of April 4, 1955.

5. Claimants' rights under Permit No. 1762 are subject to the
special condition contained in the permit.

————

DIVERSION POINTS NOS: 1340, 1680
TRACT NOS: 0360, 1440

OWNERSHIP: Southland Land and Cattle Company, Tarrant County W.C.I.D.
No. 1 and Harwood Investments

ID: 47-48
APP: 17 and 21
IX SF 23-26

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1375 to divert and use
600 acre-feet of water per year from the Trinity River Main Channel,
tributary of the Trinity River, at a maximum diversion rate of 1.34 cfs
(1,800 gpm) for the irrigation of 2160.5 acres of land with a priority
date of 1955. (Exh. 698)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1375 which claims
riparian rights to divert and use water from Trinity River Main
Channel, tributary of the Trinity River, for irrigation purposes,
and declares that a maximum of 600 acre-feet of water was
diverted at a maximum diversion rate of 1500 gpm, to irrigate 450
acres of land during the period 1963-1967, inclusive. The first
beneficial use of water in the claim area is declared to be in
1955. (Exh. 700)

2. Claimants are the owners of claim area T-0360 which is located in
Abstract No. 344, Navarro County. Claimants are the owners of
claim area T-1440 which is located in Abstracts Nos. 269, 531,
569 and 639, Freestone County. Abstract No. 344 was patented in
1869. Abstract No. 269 was patented in 1867. Abstracts Nos.
531, 569, and 639 were patented in 1866, T-0360 and Abstract No.
344 about the Trinity River. T-1440 and Abstract Nos. 269, 531,
569 abut the Trinity River. The T-1440 and Abstracts Nos. 569 and
531 do not abut or cross the Trinity River. Diversion points
D-1340 and D-1680 reference the locations claimed in §11.303
Claim No. 1375. (IX SF 24; Exh. 4)

3. Claimants, Tarrant County Water Control and Improvement District
Number one, abandoned its right under §11.303 Claim No. 1375 by
letter dated September 6, 1983. (Exh. 701)

4. Claimants failed to appear at the scheduled hearings and did not
present any evidence concerning the use of state water during the
period 1963-1967, inclusive. (IX SF 23-24)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No.
1375 because a portion of claim areas T-0360 and T-1440 is
located on land which is severed from the Trinity River and
because no evidence was presented of any reasonable, beneficial
use of state water during the period 1963-1967, inclusive.

————

DIVERSION POINT NO: 1360
TRACT NO: 0360

OWNERSHIP: The North American Coal Corporation

ID: 49-50
APP: 9
XIX SF 246-267

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3709 to divert and use
775 acre-feet of water per year from the Trinity River and Wild Cat
Creek at a maximum diversion rate of 1500 gpm for the irrigation of 390
acres of land with a priority date of July 1954. A 1% acre-foot
capacity off-channel reservoir and a 2,751 acre-foot capacity
off-channel reservoir was also claimed. (Exh. 273)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3709 which asserted a
riparian right to divert and use water for irrigation purposes
and declared the maximum diversion and use in any calendar year
during the period 1962-1967, inclusive, to be 775 acre-feet of
water from the Trinity River at a maximum diversion rate of 1500
gpm for the irrigation of 390 acres of land. The date of first
beneficial use of water within the claim area was declared to be
July 1951. An off-channel reservoir was also claimed. (Exh.
273)

2. Claimant is the owner of claim area T-0360 which is located in
Abstracts Nos. 95, 1183 and 1209 in Henderson County and in
Abstracts Nos. 278, 640, 1011 and 1129 in Anderson County.
Abstract No. 95, Henderson County (1119), Anderson County) was
patented in 1911. Abstract No. 1183, (Henderson County (1051),
Anderson County) was patented in 1876. Abstract No. 1209,
Henderson County (278, Anderson County) was patented in 1871.
Abstract No. 640 (Anderson County, was patented in 1880. T-0360
and Abstracts Nos. 95 (1119), 1183 (1051), and 640 abut the
Trinity River. Abstract No. 1209 (278) does not abut or cross
the Trinity River. (SF 250-75)

3. Abstract No. 95, Henderson County (1119, Anderson County) was
transferred from the State of Texas by Certificate No. 892 on
June 3, 1850. (Exh. 276, 211)

4. The first diversion and use of state water for irrigation pur-
poses within T-0390 was in summer 1957.

5. The most average within T-0360 irrigated with state water in any
calendar year during the period 1963-1967, inclusive, was 60
acres, in each of those years. Of those 467 acres, 195 acres are
within Abstract No. 1209, Henderson County (278, Anderson Coun-
ty), 95 acres are within Abstract No. 1183, Henderson County
(1051, Anderson County) and 176 acres are within Abstracts Nos. 95,
Henderson County (1119, Anderson County).

6. During the period (1963-1967), inclusive, state water was divert-
ed for irrigation purposes within T-0390 at diversion point
D-1360 located on the Trinity River in Abstract No. 1183,
Henderson County (1051, Anderson County) by a pump at a maximum
effective diversion rate of 7.1 cfs (3200 gpm) using a sprinkler
and below gun type distribution system. (Exh. 279)

7. The maximum amount of state water diverted and used for irriga-
tion purposes within T-0360 in any calendar year during the
period 1963-1967, inclusive, was 350 acre-feet of water in 1964
and 1965. Of this 350 acre-feet of water, 90 acre-feet were used
to irrigate land within Abstract No. 1209, Henderson County (278,
Anderson County), 13 acre-feet were used to irrigate land within
Abstract No. 1183, Henderson County (1051, Anderson County) and
83 acre-feet were used to irrigate land within Abstract No. 95,
Henderson County (1119, Anderson County). (Exh. 279)

CONCLUSIONS:

1. Equitable title to Abstract No. 95, Henderson County (Abstract
No. 1119, Anderson County) passed from the State of Texas prior
to July 1, 1895.

2. Claimant is recognized a right under §11.303 Claim No. 3709 to
divert and use not to exceed 73 acre-feet of water per year from
the Trinity River, at a maximum diversion rate of 7.1 cfs (3200
gpm) for the irrigation of 185 acres of land within tract T-0360
in Abstract No. 95, Henderson County (Abstract No. 1119, Anderson
County), with a priority date of August 31, 1957.

3. As such time as title authorization between final and conclusive,
claimant may amend it to provide a diversion point on the Trinity
River.

4. Claimant is not recognized a right under §11.303 Claim No. 3709
to irrigate land within Abstract No. 1209, Henderson County
(Abstract No. 278, Anderson County) because it is severed from
the Trinity River, or to irrigate land within Abstract No. 1183,
Henderson County (Abstract No. 495, Anderson County) or to use
more than 73 acre-feet of water per year within T-0360, within
that abstract because it was patented after July 1, 1895 and
there was no passage of equitable title before that date.

————

DIVERSION POINTS NOS: 1460, 1465, 1410, 1415 and 1430
TRACT NO: None

OWNERSHIP: City of Hubbard

ID: 51
APP: 14
I SF 62-70

SECTION 11.307 CLAIM: Under Permit No. 3199 to impound water in five
reservoirs with a total capacity of 178 acre-feet located on an unnamed
tributary of Post Oak Creek and Post Oak Creek and to divert and use
therefrom 116 acre-feet of water per year for recreation purposes with
a priority date of December 15, 1975. (Exh. 6)

FINDINGS:

1. Claimant is the owner of Permit No. 3199 (Application No. 3547),
a §5.141 type permit, which authorizes the maintenance of three
existing reservoirs located on an unnamed tributary of Post Oak
Creek, tributary of Cottonwood Creek, tributary of Ash Creek,
tributary of Richland Creek, tributary of the Trinity River, and
the impoundment therein as follows: Reservoir No. 1, 41 acre
feet; Reservoir No. 2, 14 acre-feet; and Reservoir No. 3, 64
acre-feet. Permittee is additionally authorized to maintain two
existing reservoirs located on Post Oak Creek and to impound
therein as follows: Reservoir No. 4, 189 acre-feet and Reser-
voir No. 5, 34 acre-feet. Water impounded in the reservoirs is
authorized to be used for recreational purposes. (Exh. 7)

2. Application No. 3547 for Permit No. 3199 was accepted for filing
by the Commission on December 15, 1975, and the permit was issued
on June 29, 1976. (Exh. 7)

3. Claimant maintains five reservoirs located at the authorized
locations on an unnamed tributary of Post Oak Creek and Post Oak
Creek, with the dams being located at D-1410 and D-1415, Hill County.
Three of the reservoirs are on an unnamed tributary of Post Oak
Creek and two of them are on Post Oak Creek. (SF 65-68)

1. The deposition of the reservoirs are as follows:

    Reservoir No. 1 (D-1400) - 61 acre-feet
    Reservoir No. 2 (D-1410) - 14 acre-feet
    Reservoir No. 3 (D-1410) - 64 acre-feet
    Reservoir No. 4 (D-1410) - 119 acre-feet
    Reservoir No. 5 (D-1410) - 28 acre-feet

2. The reservoirs are used for recreation purposes. There is no diversion from the reservoirs. (Ex 42)

CONCLUSION:

Claimant is recognized a right under Permit No. 3793 to impound 326 acre-feet of water in five reservoirs located on an unnamed tributary of Post Oak Creek and Post Oak Creek, tributary of Cottonwood Creek, tributary of Ash Creek, tributary of Richland Creek, tributary of the Trinity River, with the dams being located at D-1400, D-1410, D-1410, D-1410 and D-1420 in Abstracts Nos. 502 and 777, Hill County. Water shall be impounded as follows:

    Reservoir No. 1 (D-1400)  -  61 acre-feet
    Reservoir No. 2 (D-1410)  -  14 acre-feet
    Reservoir No. 3 (D-1410)  -  64 acre-feet
    Reservoir No. 4 (D-1410)  - 119 acre-feet
    Reservoir No. 5 (D-1420)  -  28 acre-feet

Claimant is authorized to use the impounded water for recreation purposes with no right of diversion and with a priority date of December 15, 1975.

---

**DIVERSION POINT NO: 1440**
**TRACT NO: 0400**

OWNERSHIP: Beeson Ranches, Incorporated

IM: 94
APP: 14
II RF 138-138

SECTION 11.303 CLAIM: Under Permit No. 3604 to impound water in a 131 acre-foot capacity reservoir located on White Rock Creek and use therefrom 111 acre-feet of water per year at a maximum diversion rate of 4.4 cfs for the irrigation of 300 acres of land with a priority date of July 6, 1970. (Exh. 123)

FINDINGS:

1. Claimant is the owner of Permit No. 3604 (Application No. 3480), a 7500+ type permit, which authorizes the maintenance of an existing dam and 131 acre-foot capacity reservoir located on White Rock Creek, tributary of Richland Creek, tributary of the Trinity River (designated as NCB Site No. 80, Richland Creek Watershed Project), and the impoundment therein of 171 acre-feet of water per year, and the diversion and use therefrom of not to exceed 111 acre-feet of water per year at a maximum diversion rate of 4.4 cfs (1968 gpm) for the irrigation of 300 acres of land located in the James Hanah Survey, Abstract No. 602, Hill County. Permittee is authorized to use the reservoir for recreational purposes. (Exh. 123)

2. Application No. 3480 for Permit No. 3604 was accepted for filing by the Commission on July 6, 1970, and the permit was issued on September 21, 1970. (Exh. 123)

3. Claimant maintains a 131 acre-foot capacity reservoir located at the authorized location on White Rock Creek, with the dam being located at D-1440 in Abstract No. 602, Hill County. (EP 120)

4. There has been no irrigation within D-0400 with state water in any calendar year since the issuance of the permit. (EP 121)

5. Claimant has used the water impounded in the reservoir at D-1440 for recreational purposes since issuance of the permit. (EP 121)

6. The reasons claimant failed to divert and use the water authorized by Permit No. 3604 for irrigation purposes were: unavailability of water in dry years since the permit was issued and inability to obtain labor. (EP 121, 139)

7. Claimant expressed an intention to divert and use the full amount of water per year authorized by Permit No. 3604 for irrigation purposes. Claimant showed that some irrigation equipment had been purchased when Permit No. 3604 was issued. (EP 131-133, 136)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3604 to impound water in a 131 acre-foot capacity reservoir located on White Rock Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-1440 in Abstract No. 602, Hill County, and to use the impounded water for recreational purposes.

2. Claimant did not show sufficient justification for the lack of development under Permit No. 3604 to the full extent authorized.

3. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

---

**DIVERSION POINT NO: 1460**
**TRACT NO: 0420**

OWNERSHIP: Velma Nash and Margaret H. Martin

IM: 92-93
APP: 14
II RF 138-140

SECTION 11.303 CLAIM: Under Permit No. 3778 and 511.303 Claim No. 1814 water in a 50 acre-foot capacity reservoir located on an unnamed tributary of Pecan Creek and to divert and use therefrom 34 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 500 gpm for the irrigation of 13 acres of land with a priority date of 1948 and 1972. (Exh. 125)

FINDINGS:

1. Claimants are the owners of Permit No. 3778 (Application No. 3956), a 511.141 type permit, which authorizes the impoundment of water in an existing 50 acre-foot capacity reservoir (designated as NCB Site 50 Richland Creek Watershed Project), located on an unnamed tributary of Pecan Creek, tributary of Richland Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 34 acre-feet of water per year at a maximum diversion rate of 1.4 cfs (500 gpm) for the irrigation of 13 acres of land located in the Claiths Harrison Survey, Abstract No. 433, Hill County. (Exh. 124)

2. Application No. 3956 for Permit No. 3778 was accepted for filing by the Commission on July 24, 1972, and the permit was issued on October 3, 1973. (Exh. 126)

---

2. Claimants are the owners of 511.303 Claim No. 1614 which asserted an equitable, Article 7500a, prescriptive, riparian and any other right entitled to in law or equity to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 1.4 acre-feet of water from an unnamed tributary of Richland Creek at a maximum diversion rate of 500 gpm for the irrigation of 8 acres of land. The dam of first beneficial use of water within the claim area was declared to be late 1960s. A reservoir on an unnamed tributary of Richland Creek with a capacity of 40 acre-feet was also claimed. (Exh. 127)

4. Claimants own the owners of claim and permit area D-0420 which is located in Abstract No. 433 and Hill County. Abstract No. 433 was patented in 1843. D-0420 and Abstract No. 432 were located on an unnamed tributary of Pecan Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River. (EP 143-145)

5. Claimants have attempted to maintain a 50 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Pecan Creek, with the dam being located at D-1460 in Abstract No. 433, Hill County. The reservoir has impounded 50 acre-feet of water since issuance of Permit No. 3778; however, it is constructed on soil that allows water to seep out through the dam. It is in the process of correcting this problem. (EP 144, 147, 149)

6. There was no evidence of diversion and use of state water during the period 1963-1967, inclusive, for irrigation purposes within tract D-0420. Since issuance of the permit, no water has been diverted and used for irrigation purposes. (EP 147)

7. The reason claimants failed to divert and use the total amount of water authorized by Permit No. 3778 for irrigation purposes was the inability to irrigate without a reliable impoundment facility. (EP 148)

8. Claimants demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 3778 for irrigation purposes in the foreseeable future by showing attempts made by new lessee of tract T-0420 to correct seepage problems with the reservoir. (EP 148-149)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 3778 to impound water in a 50 acre-foot capacity reservoir located on an unnamed tributary of Pecan Creek, tributary of White Lake Creek, tributary of Grimes Creek, tributary of the Trinity River, with the dam being located at D-1460 in Abstract No. 433, Hill County.

2. Claimants showed sufficient justification for the lack of development under Permit No. 3778 to the full amount more state water than previously diverted in the foreseeable future.

3. Claimants demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4. Claimants may diligently develop to a diversion and use of not to exceed 34 acre-feet of water per year for the irrigation of 13 acres of land within tract T-0420 at a maximum diversion rate of 1.4 cfs (500 gpm) with a priority date of July 24, 1972.

5. Claimants are not recognized any right under 511.303 Claim No. 1814 because there was no evidence of any nonexempt beneficial use of state water during the period 1963-1967, inclusive.

---

**DIVERSION POINT NOS: 1490, 1500**
**TRACT NO: 0440**

OWNERSHIP: J. J. McCauley

IM: 54-55
APP: 14
II RF 53-74

SECTION 11.307 CLAIM: Under Permit No. 3135 and 511.303 Claim No. 2146 to impound water in a 95 acre-foot capacity reservoir located on Newhoff Creek and to divert and use therefrom 25 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 700 gpm for the irrigation of 75 acres of land with a priority date of August 11, 1964. (Exh. 165)

FINDINGS:

1. Claimant is part owner with Newhoff Bros. Packers, Inc. of Permit No. 3135 (Application No. 2160), a 7500a type permit, which authorizes the diversion and use from a 95 acre-foot capacity reservoir constructed under the provisions of Article 7500a V.A.C.S., and designated as NCB Site No. 14, Richland Creek Watershed Project, located on Newhoff Creek, tributary of White Rock Creek, tributary of Richland Creek, and not to exceed the dam to be diverted by means of two portable pumps located on the reservoir at a maximum diversion rate of six cfs for the irrigation of 75 acres of land located in the G. L. Harrison Survey, Abstract No. 432, Hill County. The waters and authorized acreage are apportioned between permittees as follows:

Newhoff Bros. Packers, Inc. - 75 acre-feet of water per year for the irrigation of 75 acres of land out of a 100-acre tract;

J. F. McCauley - 25 acre-feet of water per year for the irrigation of 25 acres of land out of a 272 acre tract.

(Exh. 167)

2. A Special Condition in Permit No. 3135 is as follows:

The Commission recognizes that the dependable yield of the above-described reservoir is less than the one hundred (100) acre-feet per annum which is authorized; therefore, this permit is granted with the understanding that the waters authorized herein will be used in connection with pollution control on Newhoff Creek. If such use of the water should be discontinued in the future, the right to use the water under this permit will automatically be reduced and limited to fifty (50) acre-feet per annum for the irrigation of that land authorized herein.

(Exh. 167)

3. Application No. 3780 for Permit No. 3135 was accepted for filing by the Commission on August 11, 1964, and the permit was issued on January 31, 1965. (Exh. 167)

4. Claimant is the owner of 511.303 Claim No. 2146 which asserted an Article 7500a right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 10.21 acre-feet of water from Newhoff Creek at a maximum diversion rate of 700 gpm for the irrigation of 25 acres of land. The date of first beneficial use of water within the claim area was declared to be July 1965. A reservoir on Newhoff Creek with a capacity of 59 acre-foot was also claimed. (Exh. 106)

15

5. An additional sworn statement to $11.303 Claim No. 2146 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1946-1970, inclusive, to be 33.06 acre-feet of water from Neuhoff Creek at a maximum diversion rate of 300 gpm for the irrigation of 22.18 acres of land. (Exh. 107)

6. Claimant is the owner of claim area T-0440 which is located in Abstract No. 433, Hill County. Abstract No. 433 was patented in 1852, T-0440 had diverted No. 412 cross Neuhoff Creek, tributary of White Rock Creek, Richland Creek, tributary of the Trinity River. Tract T-0440 also designates the location of claimant's portion of the area authorized to be irrigated under Permit No. 2135. (BF 67)

7. The first diversion and use of state water for irrigation purposes within T-0440 was in 1955. (BF 69)

8. A dam was constructed on T-0440 in 1963 within T-0440 on Neuhoff Creek. During the period 1963-1970, inclusive, 59 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0440. The diversion and use of state water within T-0440 during this period was restituted by use of the impoundment. (BF 67, 71)

9. The max acreage within T-0410 irrigated with state water in any calendar year during the period (1963-1970), inclusive, was 20 acres, in 1955. The most acreage within T-0440 irrigated with state water in any calendar year since the issuance of the permit was 65 acres, in 1971. (BF 70, 72)

10. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0440 at authorized and claimed diversion point O-1490 located on the perimeter of the reservoir located on Neuhoff Creek by means of a portable pump at a maximum effective diversion rate of 1.1 cfs (1000 gpm) using a sprinkler type distribution system. (BF 67, 72, 73)

11. The maximum amount of state water diverted and used for irrigation purposes within T-0440 in any calendar year during the period 1963-1967, inclusive, was 3.3 acre-feet of water in 1965.

12. No reasons were specified for claimant's failure to divert and use the total amount of water authorized by Permit No. 2135. (BF 76)

13. No intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 2135 was shown by claimant. (BF 76)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point O-1500 within T-0440 on Neuhoff Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimant is recognized a right under $11.303 Claim No. 2146 and Permit No. 2135 to maintain, in conjunction with Neuhoff Bros., Packers, Inc., an existing dam and 59 acre-foot capacity reservoir located at diversion point O-1500 on Neuhoff Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River. Claimant is recognized the right to divert and use therefrom not to exceed eight acre-feet of water per year from diversion point O-1490 at a maximum diversion rate of 1.1 cfs (800 gpm) for the irrigation of 22 acres of land within T-0440 in Abstract No. 433, Hill County, with a priority date of August 11, 1964.

3. Claimant did not show sufficient justification for the lack of development under Permit No. 2135 to the full extent authorized.

4. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

5. Claimant's rights under Permit No. 2125 are subject to the Special Conditions contained in the Permit.

DIVERSION POINTS NOS: 1500 and 2550
TRACT NO: 0440

OWNERSHIP: H. B. Hodman and Raymond A. Williams, Jr.

IN: 56
APP: 16
VIII BF 160-171

SECTION 11.307 CLAIM: Under Permit No. 2125 to impound water in a 59 acre-foot capacity reservoir located on Neuhoff Creek and to divert and use the maximum amount of water allowed in the permit for livestock and recreation purposes at an unspecified diversion rate. (Exh. 622)

FINDINGS:

1. Claimants are the owners of permit No. 2135 (Application No. 2350), which authorizes the impoundment of water in a 59 acre-foot capacity reservoir located on Neuhoff Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River, and the diversion and use of not to exceed 100 acre-feet of water per year for irrigation purposes from Neuhoff Creek, at a maximum diversion rate of 3.0 cfs (1350 gpm) for the irrigation of 168 acres of land located in the C. A. Harrison Survey, Abstract No. 433, Hill County. (Exh. 109)

2. A Special Condition in Permit No. 2135 is as follows:

    The Commission recognizes that the dependable yield of the above described reservoir is less than the 100 acre feet (100) acre-feet per annum which is authorized; therefore, this permit is granted with the understanding that the waters authorized herein will be used in connection with pollution control on Neuhoff Creek. In the event if the water should be discontinued in the future, the right to divert water under this permit will automatically be reduced and limited to fifty acre-feet per annum for the irrigation of that land authorized herein.

    (Exh. 107)

3. Application No. 2350 for Permit No. 2135 was accepted for filing by the Commission on August 11, 1964, and the permit was issued on January 23, 1966. (Exh. 177)

4. Claimants maintain a 59 acre-foot capacity reservoir located at diversion point O-1500, which is the authorized location on Neuhoff Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located in Abstract No. 433, Hill County. (Exh. 168)

5. The most acreage within permit area T-0440 irrigated with state water in any calendar year since the issuance of the permit was 100 acres in 1974. (Exh 624; VIII BF 167)

6. Claimants requested that recreational use be included in the authorization under Permit No. 2135. No additional water supply or increased rate or period of diversion is contemplated by this practice and it has no potential for harming any other existing water right. (VIII BF 170)

7. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0440 at authorized diversion point O-1500 located on Neuhoff Creek by means of a pump at a maximum effective diversion rate of 2.22 cfs (1000 gpm). (Exh. 624; VIII BF 167)

8. The maximum amount of state water diverted and used for irrigation purposes within T-0410 in any calendar year since the issuance of the permit was 33 acre-feet of water in 1971. (Exh. 624; VIII BF 167)

9. No reasons were specified for claimants' failure to divert and use the total amount of water authorized by Permit No. 2135. (VIII BF 160-171)

10. No intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 2135 was shown by claimants. (VIII BF 160-171)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 2135 to impound water in a 59 acre-foot capacity reservoir located at diversion point O-1550 on Neuhoff Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located in Abstract No. 433, Hill County; and to divert and use therefrom not to exceed 50 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 2.22 cfs (1000 gpm) for the irrigation of 100 acres of land within tract O-0440 in Abstract No. 433, Hill County, with a priority date of August 11, 1964. Claimant may use the waters impounded under the authority of Permit No. 2135 for recreation purposes.

2. Claimants did not show sufficient justification for the lack of development under Permit No. 2135 to the full extent authorized for irrigation purposes.

3. Claimants did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4. Claimants' rights under Permit No. 2135 are subject to the Special Conditions contained in the permit.

DIVERSION POINT NO: 1520
TRACT NO: 0400

OWNERSHIP: E. W. Stollanverk Estate

IN: 57-58
APP: 14
IX BF 34-35

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 2874 (Application No. 3137), a Section 5.141 type permit, which authorizes the impoundment of water in a 114 acre-foot capacity reservoir located on a stream tributary of Pecan Creek, tributary of White Rock Creek, tributary of Richland Creek, tributary of the Trinity River, and the diversion and use of not to exceed 15 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 1.1 cfs (600 gpm) for the irrigation of 15 acres of land out of a 200 acre tract located in the Joel Crain Survey, Abstract No. 337, Hill County. (Exh. 704)

2. Special Conditions in Permit No. 2874 include the following:

    a. Permittee shall establish an appropriate marker at 664.1 feet above mean sea level which is one foot above the elevation of levers of the lake outlet, when the water level in the reservoir is reduced to this point or below, permittee shall not divert water.

    b. No water shall be diverted under this permit until the required marker has been installed. (Exh. 703)

3. Application No. 3137 for Permit No. 2874 was accepted for filing by the Commission on June 4, 1972, and the permit was issued on August 30, 1973. (Exh. 303)

4. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 2874. (IX BF 34-35)

CONCLUSION:

Claimant is not recognized any right under Permit No. 2874 because no evidence was presented of any use of state water pursuant to Permit No. 2874 since the issuance and no $11.307 claim pertaining to Permit No. 2874 was filed in the adjudication of this segment.

DIVERSION POINTS NOS: 1540, 1560, 1580, 1600 and 2060
TRACT NO: None

OWNERSHIP: Trinity River Authority of Texas

IN: 63-63
APP: 17
IV BF 169-241; Context BF 148-149

SECTION 11.307 CLAIM: Under Permit No. 1948A to impound water in a 63,396 acre-foot capacity reservoir located on Richland Creek and to divert and use therefrom 18,800 acre-feet of water per year for municipal purposes, 490 acre-feet of water per year for industrial purposes; and 100 acre-feet of water per year for domestic purposes at greater than 60 cfs with a priority date of October 4, 1957. (Exh. 312)

FINDINGS:

1. Claimant is the owner of Permit No. 1948A (Application Nos. 2134, 2134A and 2134P), which, as amended, authorizes the construction of a dam and 63,300 acre-foot capacity reservoir located on Richland Creek, tributary of the Trinity River, and the diversion and use therefrom of 18,850 acre-feet of water per year for municipal purposes, 490 acre-feet of water per year for domestic purposes, and 450 acre-feet of water per year for industrial purposes, at a maximum diversion rate of 490 cfs at any one point of diversion for domestic purposes. No water rate of diversion is specified. Permittee is also authorized to use the bed and banks of Richland Creek to convey and deliver water which is released from storage for diversion and use downstream from the dam and reservoir. (Exhs. 315, 316)

2. Application No. 2134 for Permit No. 1948 was accepted for filing by the Commission on August 14, 1953, and the permit was issued on January 11, 1960. Presentation No. 139 was filed with the Board of Water Engineers on October 4, 1957. (Exhs. 314, 315)

3. Application No. 2134A for Permit No. 1948A, which authorized the diversion and use of not to exceed 490 acre-feet of water per year for domestic purposes from the municipal appropriation authorized by Permit No. 1948 was accepted for filing by the Commission on November 7, 1966, and the amendment was issued on December 13, 1966. (Exh. 318)

4. Application No. 2134B for Permit No. 1948B, which authorized in lieu of previous diversion authorizations, the diversion and use of 18,850 acre-feet of water for municipal purposes, 450 acre-feet per year for industrial purposes, and 100 acre-feet of water per year for domestic purposes, was accepted for filing by the Commission on November 21, 1983 and the amendment was issued on January 21, 1983. The amendment was granted on January 11, 1983. (Exh. 319)

5. Claimant constructed and maintains a 63,200 acre-foot capacity reservoir (Navarro Mills Lake) located at the authorized location on Richland Creek, with the dam being located at D-1600 in Abstract No. 860, Navarro County. Construction of the reservoir began December 22, 1959, was completed on May 10, 1963 and impoundment began on March 15, 1963. (EX 200, 202)

6. Claimant has contracted to sell water from Navarro Mills Lake as follows:

| Contract With | CP No. | Purpose | Acre-Feet Constructed/ Authorized by CP | Contract Div./Yr. | Max.Div. Rate Allowed by CP |
|---|---|---|---|---|---|
| City of Corsicana | 22 | Mun. | 17,460 | D-1540 | 47 cfs |
| City of Dawson | 3 | Mun. | 368 | D-1540 | Not Specified |
| Post Oak Water Supply Corp | 224 | Mun. | 153 | D-1540 | 1.5 cfs |
| Texas Index, Inc. | 153 | Indus. | 450 | D-2040 | 1.3 cfs |

(Exhs. 218, 319, 320, 321, 322, 324, 325, 326; EP 206-201, 207-212)

7. Since issuance of the permit, state water has been diverted for municipal purposes at diversion point D-1540 at a maximum effective diversion rate of 9.8 cfs (490 gpm), at diversion point D-1580 at a maximum effective diversion rate of 33 cfs (10,200 gpm) and at diversion point D-2040 at a maximum effective diversion rate of 1.4 cfs (710 gpm). D-1540 and D-1580 are located on the perimeter of the authorized reservoir. Claimant now diverts state water for industrial purposes at diversion point D-2040 on Richland Creek at a maximum effective diversion rate of 1.3 cfs (660 gpm). Water has been diverted for domestic purposes by seven customers from the perimeter of the authorized reservoir at a maximum diversion rate of 1.9 cfs (410 gpm each. (Exh. 320; EP 213-221)

8. The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 4949.68 acre-feet in 1978. The maximum amount of water diverted and used for industrial purposes since issuance of the permit was 159.74 acre-feet in 1984. (Exhs. 324, 325; EP 221, Bequest EP 145)

9. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 19488 for municipal purposes was the lack of demand for the full amount authorized due to planning for the future in the amount requested in Application No. 3134. (EP 224; 226-229)

10. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 19488 for municipal, domestic and industrial purposes in the foreseeable future by showing future needs of present customers and present contract amounts and negotiations with possible future customers for contracts. (EP 225, 231, 235-236)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 19488 to impound water in a 63,200 acre-foot capacity reservoir located on Richland Creek, tributary of the Trinity River, with the dam being located at D-1600 in Abstract No. 860, Navarro County and to divert and use there from not to exceed 6849.95 acre-feet of water per year for municipal purposes, not to exceed 100 acre-feet of water per year for domestic purposes and not to exceed 179.74 acre-feet for industrial purposes from various diversion points on the perimeter of the reservoir including D-1560, D-1580 and D-2040 at an unspecified diversion rate for municipal use and not to exceed 1.3 cfs (660 gpm) any single diversion point for domestic use, with a priority date of October 4, 1957.

2. Claimant showed sufficient justification for the lack of development under Permit No. 19488 to the full extent authorized for municipal purposes.

3. Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4. Claimant may continue diligent development of Permit No. 19488 to a diversion and use of not to exceed 19,688 acre-feet of water per year for municipal purposes with a priority date of October 4, 1957. Claimant may diligently develop Permit No. 19488 to a diversion and use of not to exceed 410 acre-feet for industrial purposes at a maximum diversion rate of 1.3 cfs (660 gpm) with a priority date of November 22, 1963.

DIVERSION POINT NO: 1630
TRACT NO: None

OWNERSHIP: Vision Investments, Inc.

IRR: 84
AVP: 17
IR EP 30-36

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 3554 (Application No. 3831), a §11.143 type permit, which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Battle Creek, tributary of Richland Creek, tributary of the Trinity River and the impoundment therein of 73 acre-feet of water per year for recreational purposes with no right of diversion from the impoundment. (Exh. 705)

2. Application No. 3831 for Permit No. 3554 was accepted for filing by the Commission on January 3, 1978, and the permit was issued on April 12, 1976. (Exh. 705)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 3554. (IR EP 34-36)

CONCLUSION:

Claimant is not recognized any right under Permit No. 3554 because no evidence was presented of any use of state water pursuant to Permit No. 3554 since the issuance and no §11.307 claim pertaining to Permit No. 3554 was filed in the adjudication of this segment.

DIVERSION POINT NO: 1640
TRACT NO: None

OWNERSHIP: City of Dawson

IRR: 83
AVP: 17
VIII EP 61-70

SECTION 11.307 CLAIM: Under Permit No. 3738 to impound water in a 192 acre-foot capacity reservoir located on the unnamed tributary of Battle Creek for recreation purposes with a priority date of May 27, 1980. (Exh. 594)

FINDINGS:

1. Claimant is the owner of Permit No. 3735 (Application No. 4054), a Section 11.121 type permit, which authorizes the maintenance of a dam and 192 acre-foot capacity reservoir located on an unnamed tributary of Battle Creek, tributary of Richland Creek, tributary of Trinity River, and the impoundment therein of 192 acre-feet of water per year for recreational purposes only with no right of diversion from the impoundment. (Exh. 595)

2. Special Conditions in Permit No. 3735 are the following: the repair of the dam required to correct deficient and unsafe conditions presently existing. (Exh. 595)

THE LIMITATIONS in Permit No. 3735 include the following:

1) Repair of the dam shall commence within two years and be completed within three years from the date of issuance of this permit.

2) Failure to commence or complete repairs of the dam within the said time period shall cause this permit to expire and become null and void unless permittee applies for and is granted an extension of time to commence and/or complete repairs prior to the respective deadlines for commencement and completion. If the permit expires, permittee shall remove the dam in accordance with accepted engineering practices approved by the Executive Director. (Exh. 595)

3. Application No. 4054 for Permit No. 3735 was accepted for filing by the Commission on May 27, 1980 and the permit was issued on September 8, 1980. (Exh. 595)

4. Claimant maintains a 192 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Battle Creek, tributary of Richland Creek, tributary of Trinity River, with the dam being located at D-1640 in Abstract No. 264, Navarro County. (Exh. 4; VIII EP 67-69)

5. Since the issuance of the permit, State water has been impounded for recreational purposes only with no water being diverted from the impoundment. (VIII EP 69)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3735 to impound water in a 192 acre-foot capacity reservoir located at diversion on an unnamed tributary of Battle Creek, tributary of Richland Creek, tributary of Trinity River, with the dam being located at D-1640 in Abstract No. 264, Navarro County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of May 27, 1980.

2. Claimant's rights under Permit No. 3735 are subject to the Special Conditions contained in the permit.

DIVERSION POINT NO: 1660
TRACT NO: 0570

OWNERSHIP: Carl Urban and Elizabeth Urban

IRR: 66-67
AVP: 18
IR EP 36-37

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 2741 which claims riparian rights to divert and use water from Richland Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 30 acre-feet of water was diverted at an unspecified maximum diversion rate to irrigate 57 acres of land in any calendar year during the period 1963-1967, inclusive. The date of first beneficial use of water in the claim area was unspecified. (Exh. 707)

2. Claimants are the owners of claim area T-0530 which is located in Abstract No. 28, Navarro County. Abstract No. 58 was patented in 1848. D-0530 and Abstract No. 58 what Richland Creek. Diversion point D-1660 references the location claimed in §11.303 Claim No. 2741. (IR EP 36-37; Exh. 4)

3. Claimants did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive. (IR EP 36-37)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 2741 because no evidence was presented of any amount of beneficial use of state water within tract T-0530 during the period 1963-1967, inclusive, and because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 2741.

29

DIVERSION POINT NO: 1600
TRACT NO: None

OWNERSHIP: R. W. Eakle and Sons, Incorporated

IR: 87
APP: 16
X EF 263-570

SECTION: 11,307 CLAIM: Under Permit No. 2780 to impound water in a
763 acre-foot capacity reservoir located on Brier Creek for recreation-
al purposes with a priority date of February 28, 1972. (Exh. 64)

FINDINGS:

1. Claimant is the owner of Permit No. 2780 (Application No. 2988),
a regular type permit, which authorizes the construction of a dam
and 763 acre-foot capacity reservoir designated as ECE Site 1370,
Richland Creek Watershed Project, located on Brier Creek, tribu-
tary of Richland Creek, tributary of the Trinity River, and the
impoundment therein of 763 acre-feet of water per year for
recreational purposes with no right of diversion from the im-
poundment. (Exh. 64)

2. Application No. 2988 for Permit No. 2780, was accepted for filing
by the Commission on February 18, 1972, and the permit was issued
on October 12, 1972. (Exh. 64)

3. Claimant constructed and maintains a 763 acre-foot capacity
reservoir located on Brier Creek, tributary of Richland Creek,
tributary of the Trinity River, with the dam being located at
diversion point D-1600, which is the authorized location in
Abstract No. 176, Navarro County. (EF 366)

4. Since the issuance of the permit, state water has been impounded
for recreational purposes only, with no water being diverted from
the impoundment. Water impounded in the reservoir has also been
used for livestock purposes. (EF 365)

CONCLUSION:

Claimant is recognized a right under Permit No. 2780 to impound
water in a 763 acre-foot capacity reservoir located on Brier
Creek, tributary of Richland Creek, tributary of the Trinity
River, with the dam being located at D-1600 in Abstract No. 176,
Navarro County, for recreational purposes only with no right of
diversion from the impoundment and with a priority date of
February 28, 1972.

DIVERSION POINTS NOS. 1700, 1720 and 1725
TRACT NO: 0540

OWNERSHIP: G. W. Quinn

IR: 66
APP: 18
VI EF D-42

SECTION 11,307 CLAIM: Under Permit No. 2584 to divert and use 200
acre-foot of water per year for irrigation purposes from Richland Creek
at a maximum diversion rate of 1.7 cis for the irrigation of 100 acres
of land with a priority date of April 2, 1970. (Exh. 458)

FINDINGS:

1. Claimant is the owner of Permit No. 2584 (Application No. 2821),
which authorizes the diversion and use of not to exceed 200
acre-feet of water per year from Richland Creek, tributary of the
Trinity River, at a maximum diversion rate of 1.7 cfs (750 gpm)
for the irrigation of 100 acres of land out of a 200 acre tract
located in the John Taylor Survey, Abstract No. 11, Navarro
County. (Exh. 459)

2. Application No. 2821 for Permit No. 2584 was accepted for filing
by the Commission on April 2, 1971. (Exh. 459)

3. The most acreage within permit area D-0510 irrigated with state
water in any calendar year since issuance of the permit was 92
acres, being fields Nos. 1 and 2, in 1971. (Exh. 461; EF 7, 13)

4. Since the issuance of the permit, state water has been diverted
for irrigation purposes within T-0540 at authorized diversion
point D-1700 and an unauthorized diversion point D-1720 located
on Richland Creek by means of a portable pump at a maximum
effective diversion rate of 1.7 cfs (750 gpm) using a sprinkler
and flood type distribution system. (EF 7, 27)

5. Since issuance of the permit, water has been placed in an
approximate one acre-foot capacity slough at D-1721 and
subsequently used for irrigation purposes. This slough receives
water from Cedar Creek and eventually flows into Richland Creek.
(EF 25-29)

6. There are no intervening diverters between D-1720 and authorized
diversion point D-1700. (EF 8-9)

7. The maximum amount of state water diverted and used for
irrigation purposes within T-0540 in any calendar year since the
issuance of the permit was 70 acre-feet of water in 1971.
(Exh. 461; EF 15-30)

8. No reasons were specified for claimant's failure to divert and
use the total amount of water authorized by Permit No. 2584.
(EF 35)

9. No intention to divert and use more state water than the amount
previously diverted under the authority of Permit No. 2584 was
shown by claimant. (EF 21-34)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2584 to divert
and use not to exceed 70 acre-feet of water per year from
diversion points D-1700 and D-1720 located on Richland Creek,
tributary of the Trinity River at a maximum diversion rate of 1.7
cfs (750 gpm) for the irrigation of 92 acres of land within tract
T-0540 in Abstract No. 11, Navarro County, with a priority date
of April 2, 1970.

2. Claimant did not show sufficient justification for the lack of
development under Permit No. 2584 to the full extent authorized.

3. Claimant did not demonstrate a bona fide intention to divert and
use more state water than previously diverted in the foreseeable
future.

DIVERSION POINTS NOS. 1740, 1760, 1780, 1790 and 1800
TRACT NO: None

OWNERSHIP: City of Coolidge

IR: 60
APP: 20
IX EF 37-38; Contest EF 109-133

SECTION 11,307 CLAIM: Under Permit No. 1857 and 1848 to impound
water in three reservoirs with an acre-foot capacity for three reser-
voirs of 355, 97, and 46, with all reservoirs located on an unnamed
tributary of Mumper Branch, tributary of Pin Oak Creek, and to divert
and use therefrom a total of 50 acre-foot of water per year for
municipal, industrial, and fire fighting purposes at an unknown diver-
sion rate with a priority date of March 6, 1957 for Permit No. 1857 and
a priority date of February 23, 1982 for Permit No. 1848. (Exh. 230)

FINDINGS:

1. Claimant is the owner of Permit No. 1857 (Application No. 2089),
which authorizes the construction of a dam and 355 acre-foot
capacity reservoir located on an unnamed creek, tributary of
Trinity River in the Martin Boyd Survey No. 79, Limestone County,
and the diversion and use of not to exceed 160 acre-feet of water
per year for municipal purposes at an unspecified maximum diver-
sion rate. (Exh. 709)

2. A Special Condition in Permit No. 1857 let. The permittee shall
install a metering instrument which will automatically record to
within 3% accuracy the total amount of water diverted. Both the
metering instrument and the installation thereof shall be subject
to approval by the Board.

3. Application No. 2009 for Permit No. 1857 was accepted for filing
by the Board of Water Engineers on November 17, 1956, and the
permit was issued on March 6, 1957. (Exh. 709)

4. By Commission Order dated September 20, 1977, claimant was
required to reduce the capacity of Pin Oak Watershed Project to
355 acre-feet of water and to remove City Lakes Nos. 1 and 2 at
its own expense. (Exh. 709)

5. Claimant is the owner of Permit No. 3848 (Application No. 4173),
a $11,121 type permit, which authorizes:

   a. Reservoir No. 1: the maintenance of an existing dam and
   reservoir located on an unnamed tributary of Mumper Branch,
   tributary of Pin Oak Creek, tributary of Richland Creek,
   tributary of the Trinity River, and to impound therein not to
   exceed 97 acre-feet of water;

   b. Reservoir No. 2: the maintenance of an existing dam and
   reservoir located on an unnamed tributary of Mumper Branch,
   tributary of Pin Oak Creek, tributary of Richland Creek,
   tributary of the Trinity River, and to impound therein not to
   exceed 46 acre-feet of water; and

   c. The diversion and use of not to exceed two acre-feet of water
   per year from Reservoir No. 2 for emergency standby fire
   fighting purposes at a maximum diversion rate of 0.11 cfs
   (160 gpm) and to use the impounded waters for recreational
   purposes.

6. Application No. 4173 for Permit No. 3848 was accepted for filing
by the Commission on November 30, 1981, and the permit was issued
on February 10, 1982. (Exh. 711)

7. Claimant maintains three reservoirs located at diversion points
D-1740, D-1780 and D-1800 which are the authorized locations on
an unnamed tributary of Mumper Branch, with the dam at D-1760
located in Abstract No. 79 and the dams at D-1780 and D-1800
located in Abstract No. 316, Limestone County. (Exh. 8)

8. Since the issuance of the permits, state water has been diverted
for municipal purposes at authorized diversion points D-1740 and
D-1780 located on the perimeter of the authorized reservoirs by
means of stationary pumps at an unspecified maximum rate. (Exh.
5; Contest EF 139)

9. The maximum amount of state water diverted and used for municipal
and industrial purposes in any calendar year since the issuance
of Permit No. 1857 was 177 acre-feet in 1958 and for Permit No.
3848 was 73.6 acre-feet in 1983. (Contest EF 114, 117-119)

10. The reasons claimant failed to divert and use the total amount of
water authorized by Permit No. 1857 for municipal purposes was
because of a lack of water and inoperable pumps. (Contest EF
116, 128)

11. Claimant demonstrated an intention to divert and use the full
amount of 160 acre-feet of water per year authorized by Permit
No. 1857 for municipal and industrial purposes in the foreseeable
future by showing evidence of bad water lines and potential
increase in population. (Contest EF 112-123)

12. Claimant requested that Permits Nos. 1857 and 3848 be combined
into one Certificate of Adjudication to provide more flexibility
and efficient use of the water and there are no interplacent water
users who would be detrimentally affected.

CONCLUSIONS:

1. Claimant is recognized a right under Permits Nos. 1857 and 3848
to impound 355 acre-feet of water in a 355 acre-foot capacity
reservoir located at diversion point D-1740 on an unnamed creek,
tributary of the Trinity River, and to impound 97 acre-feet in a
reservoir located at D-1780 and 46 acre-feet in a reservoir
located at D-1800, with the reservoirs located on an unnamed
tributary of Mumper Branch, tributary of Pin Oak Creek, with dams
being located in Abstract No. 316, Limestone County and to
divert and use therefrom not to exceed a total of 119 acre-feet
of water per year for municipal and industrial purposes from
diversion points D-1740 and D-1780 at an unspecified maximum
diversion rate, with a priority date of November 17, 1956 for the
diversion and use of 137 acre-feet and a priority date of
November 30, 1981 for the diversion and use of two acre-feet.

2. Claimant showed sufficient justification for the lack of
development under Permit No. 1857 to its full extent authorized
for municipal and industrial purposes.

3. Claimant demonstrated a bona fide intention to divert and use
more state water than previously diverted in the foreseeable
future.

4. Claimant may continue diligent development under Permit No. 1857
to a diversion and use of not to exceed 160 acre-feet of water
per year for municipal and industrial purposes at an unspecified
diversion rate with a priority date of November 17, 1956.

5. Claimant's rights under Permit No. 1848 are subject to the
Special Conditions contained in the permit.

6. Claimant is recognized a right under Permits Nos. 1857 and 3848
to use the water impounded in the reservoirs at D-1740, D-1780
and D-1800 for nonconsumptive recreational purposes.

DIVERSION POINT NO: 1820
TRACT NO: 0500

OWNERSHIP: P. O. Butler

IR: 71
APP: 18
IX EF 34-35

SECTION 11,307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11,303 Claim No. 1936 which claim
riparian and Article 1986a rights to divert and use water from
Pin Oak Creek, tributary of Richland Creek, tributary of the
Trinity River, for irrigation purposes, and declares that a
maximum of 90 acre-feet of water was diverted at a maximum
diversion rate of 1450 gpm, to irrigate 30 acres of land during
the period 1963-1967, inclusive. The first beneficial use of
water in the claim area is declared to be in 1965. (Exh. 713)

2. Claimant is the owner of claim area T-0160 which is located in
Abstracts Nos. 204, 347 and 667, Navarro County. Abstract No.
204 was patented in 1843. Abstract No. 347 was patented in 1859.
Abstract No. 667 was patented in 1857. T-0160 and Abstracts Nos.
204 and 667 abut Pin Oak Creek. T-0160 and Abstract No. 347 do
not abut or cross Pin Oak Creek. Diversion point D-1820 refer-
ences the location claimed in $11,303 Claim No. 1936. (Exh. 5;
IX EF 38-39)

3. Claimant failed to appear at his scheduled hearings and did not
present any evidence concerning the use of state water during the
period 1963-1967, inclusive. (IX EF 34-35)

CONCLUSION:

Claimant is not recognized any right under $11,303 Claim No. 1936
because no evidence was presented of any maximum beneficial use
of state water within tract T-0160 during the period 1963-1967,
inclusive; because no $11,307 claim was filed in the adjudication
of this reach pertaining to T-0160; because D. (title and,
because a portion of T-0160 is severed from Pin Oak Creek.

DIVERSION POINTS NOS: 1860 and 1810
TRACT NO: 0580

OWNERSHIP: P. G. Butler

IN: 72
APP: 18
IX BP 39-42

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 1922 which claims riparian and Article 7500e rights to divert and use water from Pin Oak Creek, tributary of Richland Creek, for irrigation purposes, and declares that a maximum of 20 acre-feet of water was diverted at a maximum diversion rate of 1616 gpm, to irrigate 20 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1950. A 100 acre-foot capacity reservoir is also claimed. (Exh. 714)

2. Claimant is the owner of claim area T-0580 which is located in Abstracts Nos. 166, 869 and 667, Navarro County. Abstract No. 166 was patented in 1855, Abstract No. 869 was patented in 1854, and Abstract No. 667 was patented in 1877. T-0580 and Abstracts Nos. 166 and 667 do not abut or cross Pin Oak Creek. Diversion points D-1860 and D-1810 reference the locations claimed in §11.303 Claim No. 1922. (Exh. 4; IX EP 66)

3. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX EP 39-40)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 1922 because no evidence was presented of any beneficial use of state water within tract T-0580 during the period 1963-1967, inclusive; because no §11.303 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 1922; and, because a portion of T-0580 is severed from Pin Oak Creek.

DIVERSION POINTS NOS: 1880, 1890 and 1900
TRACT NO: 2600

OWNERSHIP: Estate of Jewell Weaver, Deceased (Ted Weaver ownership unverified)

IN: 72-74
APP: 18t
X EP 413-431

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1333 to divert and use 43 acre-feet of water per year from Board Tree Creek at a maximum diversion rate of 2680 gpm for the irrigation of 43 acres of land with a priority date of June 10th. A 200 acre-foot capacity reservoir on Board Tree Creek was also claimed. (Exh. 87)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 1333 which asserted a right under Article 7500e to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, was 43 acre-feet of water from Board Tree Creek at a maximum diversion rate of 2680 gpm for the irrigation of 43 acres of land. The date of first beneficial use of water within the claim area was declared to be July 1915. A reservoir on Board Tree Creek with a capacity of 200 acre-feet was also claimed. (Exh. 86)

2. Claimant is the owner of claim area T-2600 which is located in Abstracts Nos. 46, 76, 610, 420 and 477, Navarro County. All arise 1963-1967. Claimant is the owner of claim area T-2600. Abstract No. 477 was patented in 1852. T-2600 and Abstract No. 477 cross Board Tree Creek, tributary of Pin Oak Creek, tributary of Richland Creek, tributary of the Trinity River. (EP 416-419)

3. The first diversion and use of state water for irrigation purposes within T-2600 was in June, 1964. (EP 424)

4. The most acreage within T-2600 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 43 acres, being Field No. F-1 in 1966 and 1967. (EP 419-425)

5. A dam was constructed in the early 1960s and is located at diversion point D-1890 on Board Tree Creek. During the period 1963-1967, inclusive, 195 acre-feet of water was impounded in the reservoir and the water was used for irrigation. The diversion and use of state water within T-2600 during this period was facilitated by use of the impoundment. (EP 419, 421-422, 429)

6. During the period 1963-1967, inclusive, state water was released from a point on the dam located at D-1880 and then diverted for irrigation purposes within T-2600 at diversion point D-1900 located on a deep pool on Board Tree Creek by a stationary pump at a maximum effective diversion rate of 4.0 cfs (2680 gpm) using a volume pump type distribution system. (EP 419-419, 422, 424)

7. The maximum amount of state water diverted and used for irrigation purposes within T-2600 in any calendar year during the period 1963-1967, inclusive, was 43 acre-feet of water in 1966 and 1967. (EP 424-429)

CONCLUSION:

1. The use of the dam and reservoir located at diversion point D-1890 (within T-2600) on Board Tree Creek, as well as the capacity of the reservoir, are reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 1333 to maintain an existing dam and reservoir located at diversion point D-1890 on Board Tree Creek, tributary of Pin Oak Creek, tributary of Richland Creek, tributary of the Trinity River and to impound therein not to exceed 195 acre-feet of water.

3. Claimant is recognized a right under §11.303 Claim No. 1333 to release water from diversion point D-1880 located on the dam and to divert and use not to exceed 43 acre-feet of water per year from diversion point D-1900 located on Board Tree Creek, tributary of Pin Oak Creek, tributary of Richland Creek, tributary of the Trinity River, at a maximum diversion rate of 4.0 cfs (2680 gpm) for the irrigation of 43 acres of land within tract T-2600 in Abstract No. 477, Navarro County, with a priority date of June 10, 1964.

DIVERSION POINTS NOS: 1928, 1949
TRACTS NOS: 0670, 0640, 0413

OWNERSHIP: James D. Carroll and Ray Dean Carroll

IN: 73
APP: 18
IX BP 43-41

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of Permit No. 1867 (Application No. 3033) which authorizes:

   a. the maintenance of an on-channel dam and reservoir located on an unnamed tributary of the Trinity River, and the impoundment therein of 125 acre-feet of water per year; and

   b. the diversion and use not to exceed 200 acre-feet of water per year or so much thereof as may be necessary for supplemental irrigation of three tracts which equal 84.65 acres of land from an unnamed tributary of the Trinity River at an unspecified maximum diversion rate. (Exh. 715)

2. Special Conditions in Permit No. 1867 include the following:

   the amount of water for irrigation which the said permittee may use in any one year shall not exceed two (2) acre-feet of water for each acre actually irrigated.

   The permittee shall install a metering instrument which will automatically record to within 5% accuracy the total amount of water diverted. Both the metering instrument and its installation thereof shall be subject to approval by the Board. (Exh. 715)

3. Application No. 3033 for Permit No. 1867 was accepted for filing by the Commission on March 11, 1953 and the permit was issued on May 27, 1953. (Exh. 715)

4. Claimants did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 1867. (IX EP 40-41)

CONCLUSION:

Claimants are not recognized any right under Permit No. 1867 because no evidence was presented of any use of state water pursuant to Permit No. 1867 since its issuance and no §11.303 claim pertaining to Permit No. 1867 was filed in the adjudication of this segment.

DIVERSION POINT NO: 1960
TRACT NO: 0680

OWNERSHIP: Walter McDaniel

IN: 76
APP: 18
IX EP 41-42

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5486 which claims riparian rights to divert and use water from Richland Creek and Pin Oak Creek, tributary of the Trinity River, for irrigation and mining purposes, and declares that an unspecified amount of water was diverted to irrigate an unspecified number of acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in May 27, 1943. (Exh. 717)

2. An additional sworn statement to §11.303 Claim No. 5485 was timely filed which declared maximum diversion and use of water in any calendar year during the period 1963-1970, inclusive, to be an unspecified amount of water from Richland Creek, tributary of the Trinity River, at an unspecified diversion rate for the irrigation of an unspecified number of acres of land. (Exh. 718)

3. By Commission Order dated February 10, 1975, Claim No. 5486 of Walter McDaniel was dismissed for failure to state a claim of water rights cognizable under the provisions of §5.311, Texas Water Code. (Exh. 719)

4. By Commission Order dated July 16, 1975, Claim No. 5486 of Walter McDaniel was reinstated for purposes of adjudication pursuant to §5.301, et seq., Texas Water Code. (Exh. 720)

5. Claimant is the owner of claim area T-0680 which is located in Abstracts Nos. 8 and 870, Navarro County. Abstract No. 8 was granted prior to January 20, 1848. Abstract No. 870 has no patent date. T-0680 and Abstract No. 870 abut Richland Creek and Pin Oak Creek. Diversion point D-1960 references the location claimed in §11.303 Claim No. 5486. (Exh. 4; IX EP 42)

6. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Richland Creek or Pin Oak Creek for irrigation purposes within Abstract No. 8. (IX EP 41-42)

7. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX EP 41-42)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 5486 because no evidence was presented of any necessary beneficial use of state water within tract T-0680 during the period 1963-1967, inclusive; because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 5486; and, because claim area T-0680 is located on land granted prior to January 20, 1848, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within its grant.

9550005955

29

DIVERSION POINTS NOS: 1980, 1990, 2000, 2010 and 2020
TRACT NO: None

OWNERSHIP: Texas Industries, Inc.

IR: 77
APP: 19
IV SP I-71

SECTION 11.307 CLAIM: Under Permit No. 2299 to impound water in a 99 acre-foot capacity off-channel reservoir and to impound a total of four acre-feet in two reservoirs located on unnamed tributaries of Elm Creek to divert and use 1000 acre-feet of water per year for industrial processing purposes from Elm Creek and an unnamed tributary of the Creek at a maximum diversion rate of 24,000 gpm with a priority date of May 1, 1973. (Exh. 24S)

FINDINGS:

1. Claimant is the owner of Permit No. 2599 (Application No. 3026), which authorizes the maintenance of two existing dams and reservoirs located on an unnamed tributary of Elm Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment in each reservoir of two acre-feet of water. Claimant is also authorized to impound 99 acre-feet of water in an existing off-channel reservoir in Abstract No. 841, Navarro County. The off-channel reservoir is a storage facility and the two un-channel reservoirs are to be used for cooling and settling of return water. Claimant is authorized to divert into the off-channel reservoir not to exceed 1000 acre-feet of water per year from an unnamed tributary of Elm Creek and from Elm Creek to use the same for industrial processing purposes in Navarro County at a maximum diversion rate of 53 cfs (27,600 gpm from Elm Creek and 3.3 cfs (1500 gpm) from the off-channel reservoir. (Exh. 24S)

2. Application No. 3026 for Permit No. 2599 was accepted for filing by the Commission on May 1, 1972, and the permit was issued on February 21, 1974. (Exh. 24S)

3. Claimant maintains a two acre-foot capacity reservoir located at diversion point D-1980 (Reservoir C), and a two acre-foot capacity reservoir located at diversion point D-1990 (Reservoir B), which are the authorized locations on an unnamed tributary of Elm Creek, tributary of Richland Creek, tributary of the Trinity River, with the dams being located in Abstract No. 3, Navarro County. Both the small reservoirs located at diversion points D-1980 and D-1990 are used as settling basins for industrial process water. (SP E-7)

4. Since issuance of the permit, water has typically been diverted from Elm Creek at diversion point D-2000 which designates the location of a diversion dam; it is then transferred by gravity flow, at approximately 2400 gpm, to a 100 acre-foot capacity off-channel reservoir (reservoir "A") located at D-2010. From this reservoir, it is circulated through the processing plant for use in cooling and settling operations. D-2020 designates the location of the diversion point on the perimeter of the off-channel reservoir. Since issuance of the permit, water has been diverted from D-2000 at a maximum diversion rate of 3.3 cfs (1500 gpm)

5. After use in claimant's plant for industrial processing purposes, the water is transferred to reservoirs B and C for cooling and settling purposes. In recent years, the water has been pumped to another off-channel reservoir (on old quarry pit) for more extensive settling and treatment and is then pumped back into Elm Creek through reservoirs B and C. (SP I-71)

6. The maximum amount of state water diverted and used for industrial purposes in any calendar year since the issuance of the permit was 300 acre-feet of water from D-2000 on Elm Creek in 1974. (SP 55)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2299 to impound water in a two acre-foot capacity reservoir located at diversion point D-1980 (reservoir C) and in a 2 acre-foot capacity reservoir located at diversion point D-1990 (reservoir B), both on an unnamed tributary of Elm Creek, tributary of Richland Creek, tributary of the Trinity River, in Abstract No. 3, Navarro County, and to impound 100 acre-feet of water in an off-channel reservoir located at D-2010 in Abstract No. 841, Navarro County. Claimant is recognized a right under Permit No. 2299 to divert and use not to exceed 300 acre-feet of water from Elm Creek at D-2000 at a maximum diversion rate of 3.3 cfs (1500 gpm) by gravity flow and to place the diverted water in the off-channel reservoir at D-2010 for storage purposes. Claimant is further recognized a right under the suspended water from the off-channel reservoir into the processing plant at D-2020 at a maximum diversion rate of 3.3 cfs. (1500 gpm) and to use the water for industrial processing purposes, with a priority date of May 1, 1973.

2. Claimant may continue diligent development to a diversion and use of not to exceed 1000 acre-feet of water per year from an unnamed tributary of Elm Creek and Elm Creek for industrial processing purposes at a maximum diversion rate of 53 cfs (21,300 gpm).

3. The 100 acre-foot capacity off-channel reservoir at D-2010 is to be used as a storage facility; the two on-channel reservoirs at D-1980 and D-1990 are for use in cooling and sedimentation of the water upon reentering the watercourse.

DIVERSION POINTS NOS: 3080 and 2100
TRACT NO: 170

OWNERSHIP: Carl G. Larsmore

IR: 79
APP: 11
II SP I-21, 34-39

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5514 to divert and use 160 acre-feet of water per year from Turkey Creek at a maximum diversion rate of 8.49 cfs for the irrigation of 75-75 acres of land with a priority date of 1961. A 160 acre-foot capacity off-channel reservoir was also claimed. (Exh. 79)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5514 which asserted an irrigation right and a riparian right to divert and use water for the irrigation of pastureland and cultivated land purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 160 acre-feet of water from Turkey Creek at a maximum diversion rate of 460 gpm for the irrigation of 75-75 acres of land. No claim of first beneficial use of water within the claim area was declared to be summer, 1961. (Exhs. 91, 92)

2. An additional means declared on §11.303 Claim No. 5514 was timely filed which declared that no state water was diverted and used in any calendar year during the period 1968-1970, inclusive.

3. Claimant is the owner of state water area T-0720 which is located in Abstract No. 132, Johnson County. Abstract No. 132 was patented in 1854. T-0720 and Abstract No. 131 cross an unnamed tributary of North Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (SP 9)

4. The first diversion and use of state water for irrigation purposes within T-0720 was in July, 1961. (SP 11, 31)

---

8. The past average within T-0720 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 20 acres, being most of Field No. P-1, in 1963. (SP 18-47)

9. A dam was constructed in 1939 and is located at diversion point D-3100 on an unnamed tributary of North Fork Chambers Creek. During the period 1963-1967, inclusive, 95 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0720. The diversion and use of state water within T-0720 during this period was facilitated by use of Otis U. Porcifield (Claim No. 2339). (SP 11, 12)

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-0720 at diversion point D-3100 located on the perimeter of the reservoir by a portable pump at a maximum effective diversion rate of 0.49 cfs (400 gpm) using a sprinkler type distribution system. (SP 7, 13-14)

8. The maximum amount of state water diverted and used for irrigation purposes within T-0720 in any calendar year during the period 1963-1967, inclusive, was 95 acre-feet of water. (SP 15-18)

9. The reservoir at D-3100 was also used for recreational purposes during the period 1963-1967, inclusive. (SP 28-39)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-3100 within T-0720 on an unnamed tributary of North Fork Chambers Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 3324 in conjunction with Otis U. Porcifield to maintain an existing dam and reservoir located at diversion point D-3100 on an unnamed tributary of North Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and to impound therein not to exceed 95 acre-feet of water.

3. Claimant is recognized a right under §11.303 Claim No. 5514 to divert and use not to exceed 11 acre-feet of water per year from diversion point D-3100 located on the perimeter of the reservoir located at an unnamed tributary of North Fork Chambers Creek, at a maximum diversion rate of 1.49 cfs (400 gpm) for irrigation of 20 acres of land within tract T-0720 in Abstract No. 133, Johnson County, with a priority date of May 11, 1961.

4. Claimant is recognized a right under §11.303 Claim No. 5514 to use the reservoir at D-3100 for recreational purposes in conjunction with Otis U. Porcifield.

DIVERSION POINTS NOS: 3090 and 2100
TRACE NO: 0340, 0741 and 0740

OWNERSHIP: Otis Porcifield, Estate of Doris E. Porcifield and O. U. Porcifield Trust

IR: 80
APP: 13
II SP 27-41

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2399 to divert and use eight acre-feet of water per year from an unnamed tributary of North Fork Chambers Creek at a maximum diversion rate of 400 gpm for the irrigation of 22 acres of land with a priority date of 1966. A 188 acre-foot capacity reservoir on an unnamed tributary of North Fork Chambers Creek was also claimed. (Exh. 97)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2399 which asserted a right under Article 7500a and an equitable right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1962-1967, inclusive, to be 216,000 gallons of water from Turkey Creek at a maximum diversion rate of 400 gpm for the irrigation of 22 acres of land. The date of first beneficial use of water within the claim area was declared to be summer of 1966. A reservoir on Turkey Creek with a capacity of 188 acre-feet was also claimed. (Exh. 98)

2. Claimant is the owner of claim area T-0741, which is located in Abstract No. 47, 48, 122, 214 and 564, Johnson County. All irrigation within T-0741 during the period 1962-1967, inclusive, was in Abstract No. 122. Abstract No. 122 was patented in 1854. T-0741 and Abstract No. 122 cross an unnamed tributary of North Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (SP 24-35)

3. The first diversion and use of state water for irrigation purposes within T-0741 was in June 1966. (SP 39)

4. The most average within T-0741 irrigated with state water in any calendar year during the period 1962-1967, inclusive, was 22 acres, being Field No. P-1 and Abstract No. 122 in 1966. (SP 39, 40)

5. A dam was constructed in 1951 and is located at diversion point D-3100 on an unnamed tributary of North Fork Chambers Creek. During the period 1961-1967, inclusive, 95 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0741. The diversion and use of state water within T-0741 during this period was facilitated by use of the impoundment. The reservoir is jointly owned by claimant and Carl G. Larsmore (Claim No. 5514). (SP 41-42)

6. During the period 1962-1967, inclusive, state water was diverted for irrigation purposes within T-0741 at diversion point D-3000 located on the perimeter of the reservoir by a portable pump at a maximum effective diversion rate of 0.89 cfs (400 gpm) using a sprinkler type distribution system. (SP 36, 41)

7. The maximum amount of state water diverted and used for irrigation purposes within T-0741 in any calendar year during the period 1962-1967, inclusive, was eight acre-feet of water in 1966. (SP 41)

8. The reservoir at D-3100 was also used for recreation purposes during the period 1963-1967, inclusive. (SP 38-39)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-3100 on an unnamed tributary of North Fork Chambers Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 2399 in conjunction with Carl G. Larsmore to maintain an existing dam and reservoir located at diversion point D-3100 on an unnamed tributary of North Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and to impound therein not to exceed 95 acre-feet of water.

3. Claimant is recognized a right under §11.303 Claim No. 2399 to divert and use not to exceed eight acre-feet of water per year from diversion point D-3090 located on the perimeter of the reservoir on an unnamed tributary of North Fork Chambers Creek, at a maximum diversion rate of 0.89 cfs (400 gpm) for the irrigation of 22 acres of land within tract T-0741 in Abstract No. 133, Johnson County, with a priority date of June 30, 1966.

4. Claimant is recognized a right under §11.303 Claim No. 2399 to use the reservoir at D-3100 for recreation purposes in conjunction with Carl G. Larsmore.

SCPX000596

DIVERSION POINTS NOS: 2120, 2146
TRACT NO: None

OWNERSHIP: City of Alvarado

IN: 82
APP: 13
VRIT NO 112-125

SECTION 11.207 CLAIM: Under Permit No. 1998 to impound water in a 4781
acre-foot capacity reservoir located on Turkey Creek and to divert and
use therefrom 300 acre-feet of water per year for industrial purposes
and 500 acre-feet of water per year for municipal purposes, at a maximum
diversion rate of 3.00 cfs with a priority date of August 29, 1961.
(Exh. 612)

FINDINGS:

1. Claimant is the owner of Permit No. 1998 (Application No. 22011)
which authorizes the construction of a dam and 4781 acre-foot
capacity reservoir located on Turkey Creek, tributary of Chambers
Creek, tributary of the Trinity River and the impoundment thereof
of 4781 acre-feet of water per year and the diversion and use
therefrom of not to exceed 500 acre-feet of water per year for
municipal purposes and not to exceed 300 acre-feet of water per
year for industrial purposes at a maximum diversion rate of 3.00
(900 gpm) located in the H. A. Mitchell Original Survey, Abstract
No. 553, Johnson County. (Exh. 612)

2. Special Conditions in Permit No. 1998 include the following:

   a. All water diverted under this permit except that which
   escapes or is consumed as a consequence of the reasonable and
   beneficial use thereof for the purposes authorized herein shall
   forthwith be returned to Chambers Creek as described in the plans
   filed by the permittee with the application. The permittee shall
   use reasonable diligence to insure that return water is treated
   prior to its discharge so as not to impair materially the quality

   b. A sluiceway shall be constructed in said dam having an
   opening of not less than twelve (12) inches in diameter and
   equipped with a regulating gate for the purpose of permitting the
   free passage of the normal flow through the dam at all times and
   the passage of those waters to which the Board may determine
   holders of superior and senior water rights are entitled.

   c. Construction of the works herein authorized shall be
   begun within twenty-four (24) months and shall be prosecuted
   diligently and continuously and be completed within thirty-six
   (36) months from the date hereof unless otherwise changed by the
   Board. Failure to begin and complete such construction within
   such time limitation shall cause this permit to lapse and be
   of no further force and effect and this permit will be forfeited
   forthwith unless an extension of time is applied for by the
   permittee prior to the applicable date above and is granted by
   the Board.

3. Application No. 2201 for Permit No. 1998 was accepted for filing
by the Commission on August 29, 1961 and the permit was issued on
October 24, 1961. (Exh. 612)

4. Claimant constructed and maintains a 4781 acre-foot capacity
reservoir located at the authorized location on Turkey Creek,
with the dam being located at D-2140 in Abstract No. 533, Johnson
County. (VFII NF 116, 118; Exh. 4)

5. Since the issuance of the permit, abuts water has been diverted
for industrial purposes at authorized diversion point D-2120
located on the perimeter of the authorized reservoir using a
gravity flow system. (VFII NF 117, 117)

6. The maximum amount of state water diverted and used for indus-
trial purposes in any calendar year since the issuance of the
permit was one acre-foot of water in 1967. (Exh. 614)

7. Since the issuance of the permit, no state water has not been
diverted for municipal purposes. (VFII NF 118)

8. The reason claimant failed to divert and use the water authorized
by Permit No. 1998 for municipal purposes was because there has
been no need for it since the issuance of the permit and claimant
has been obtaining water from wells. (VFII NF 118-119)

9. The reason claimant failed to divert and use the total amount of
water authorized by Permit No. 1998 for industrial purposes was
because there were not enough industries in the area available to
sell water for that purpose. (VFII NF 121-123)

10. Claimant demonstrated an intention to divert and use the full
amount of water per year authorized by Permit No. 1998 for
municipal purposes in the foreseeable future by showing the
general population growth is increasing to the point where
groundwater wells won't be adequate to serve the people of the
city. (VFII NF 118-119)

11. Claimant demonstrated an intention to divert and use the full
amount of water per year authorized by Permit No. 1998 for
industrial purposes in the foreseeable future by showing plans
for new industries to use raw water from the reservoir and by
showing the plan to have a small stationary pump in operation by
October 1, 1983 on the reservoir. (VFII NF 123-124)

12. Claimant requested that correction use of claimant's diversion
point D-2140 be added to the authorization under Permit No. 1998.
The reservoir has been used for fishing since the issuance of the
permit. No additional raw water or increased rate or period of
diversion is contemplated by this practice and it has no poten-
tial for harming any other existing water right. (VFII NF 124)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 1998 to impound
water in a 4781 acre-foot capacity reservoir located on Turkey
Creek, tributary of Chambers Creek, tributary of the Trinity
River, with the dam being located at D-2140 in Abstract No. 533,
Johnson County and to divert and use therefrom not to exceed one
acre-foot of water per year for industrial purposes from diver-
sion point D-2120 located on the perimeter of the reservoir by
gravity flow system with a priority date of August 29, 1961.

2. Claimant showed sufficient justification for the lack of develop-
ment under Permit No. 1998 to the full extent authorized for
municipal and industrial purposes.

3. Claimant demonstrated a bona fide intention to divert and use
more state water than previously diverted in the foreseeable
future for municipal and industrial purposes.

4. Claimant may continue diligent development of Permit No. 1998 to
a diversion and use of not to exceed 300 acre-feet of water per
year for industrial purposes and not to exceed 500 acre-feet of
water per year for municipal purposes with a priority date of
August 29, 1961.

5. Claimant's rights under Permit No. 1998 are subject to the
special conditions contained in the permit.

DIVERSION POINTS NOS: 2160, 3176, 2190, 2199, 2300 and 2310
TRACTS NOS: 0700, 0700A, 0700B and 0700C

OWNERSHIP: Dan A. Parker

IN: 93-04
APP: 13
II NF 256-273

SECTION 11.207 CLAIM: Under Permit No. 2629 to impound a 113
acre-foot of water in four reservoirs located on various unnamed
tributaries of North Fork Chambers Creek and to divert and use there-
from 125 acre-feet of water per year at a maximum diversion rate of
3190 gpm for the irrigation of 139 acres of land with a priority date
of August 17, 1970. (Exh. 152)

FINDINGS:

1. Claimant is the owner of Permit No. 2629 (Application No. 3863),
a 7620z type permit, which authorizes the maintenance of four
existing dams and reservoirs located on various unnamed tribu-
taries of North Fork Chambers Creek, tributary of Chambers Creek,
tributary of Richland Creek, tributary of the Trinity River, and
the impoundment therein of 115 acre-feet of water and the diver-
sion and use therefrom of not to exceed 125 acre-feet of water
per year at a maximum diversion rate of 4.4 cfs (2080 gpm) for
the irrigation of 135 acres of land out of three designated
tracts located in Harrison Peay Survey, Abstract No. 879, the W.
J. Lanham Survey, Abstract No. 210, and the D. Tidwell Survey,
Abstract No. 817, Johnson County. The authorized capacities of
the reservoirs are as follows: Reservoir No. 1, 22 acre-feet;
Reservoir No. 2, 18 acre-feet; Reservoir No. 3, 24 acre-feet; and
Reservoir No. 4, 47 acre-feet.

2. Application No. 2865 for Permit No. 2629 was accepted for filing
by the Commission on August 17, 1970, and the permit was issued
on December 14, 1972. (Exh. 152)

3. Claimant maintains four reservoirs located at the authorized
locations on unnamed tributaries of North Fork Chambers Creek,
with the dams being located at D-2160, D-2176, D-2190 and D-2310
in Abstracts Nos. 210 and 879, Johnson County. (NF 262-264)

4. Claimant requested that the area authorized to be irrigated be
expanded to include all of claimant's ownership. (NF 259)

5. Claimant purchased tract T-0700 in 1973 and has not irrigated any
land within that area since the purchase. Claimant had no
knowledge of irrigation which occurred prior to his purchase.
(NF 269-268)

6. Diversion point D-2190 designates the location of the authorized
diversion point. (NF 264)

7. Tracts T-0700, T-0700A, T-0700B, and T-0700C designate the four
tracts of land authorized to be irrigated by Permit No. 2629.
(NF 263)

8. The reason claimant failed to divert and use water as authorized
by Permit No. 2629 for irrigation purposes in the
foreseeable future by showing plans to sell other property and
devote extra time to farming operations within T-0700. (NF
264-268)

9. Claimant demonstrated an intention to divert and use water
authorized by Permit No. 2629 for irrigation purposes in the
foreseeable future by showing plans to sell other property and
devote extra time to farming operations within T-0700. (NF
264-268)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2629 to impound a
total of 115 acre-feet of water in four reservoirs located on
unnamed tributaries of North Fork Chambers Creek, tributary of
Chambers Creek, tributary of Richland Creek, tributary of the
Trinity River, with the dams being located at D-2160, D-2176,
D-2190 and D-2310 in Abstracts Nos. 210 and 879, Johnson County,
with a priority date of August 17, 1970. Permittee may impound
water in the four reservoirs as follows: Reservoir No. 1, 22
acre-foot; Reservoir No. 2, 18 acre-foot; Reservoir No. 3, 15
acre-foot and Reservoir No. 4, 47 acre-foot. Permittee may also
impound groundwater in these reservoirs.

2. Claimant showed sufficient justification for the lack of develop-
ment under Permit No. 2629 to the full extent authorized.

3. Claimant demonstrated a bona fide intention to divert and use
more state water than previously diverted in the foreseeable
future.

4. Claimant may diligently develop to a diversion and use of not to
exceed 125 acre-feet of water per year from the authorized
reservoirs for the irrigation of 135 acres of land within tract
T-0760 (T-0700A, T-0760B & T-0760C) at a maximum diversion rate
of 4.4 cfs (2080 gpm) with a priority date of August 17, 1970.

DIVERSION POINT NO: 2340
TRACT NO: None

OWNERSHIP: Salvation Army

IN: 83
APP: 1
IX NF 42-43

SECTION 11.207 CLAIM: Under Permit No. 3050 to impound water in a 310
acre-foot capacity reservoir located on an unnamed tributary of
Armstrong Creek for recreational purposes with no diversion from the
impoundment with a priority date of July 5, 1974. (Exh. 722)

FINDINGS:

1. Claimant is the owner of Permit No. 3050 (Application No. 3354),
a 65.141 type permit, which authorizes the maintenance of an
existing dam and reservoir located on an unnamed tributary of
Armstrong Creek, tributary of Cottonwood Creek, tributary of
Chambers Creek, tributary of Richland Creek, tributary of the
Trinity River, and the impoundment therein of not to exceed 310
acre-feet of water per year for recreational purposes with no
right of diversion from the impoundment located in the J. H.
Singleton Survey, Abstract No. 989, Ellis County. (Exh. 722)

2. A Special Condition in Permit No. 3050 is as follows:

   The failure to modify and correct the deficiencies
   within the period stated in Time Limitations shall
   cause this permit to expire and become of no
   further force and effect, and permittee shall
   thereafter remove the dam in accordance with
   accepted engineering practice. Permit shall
   not be transferable until the required
   modifications are completed and approved by the
   Commission. (Exh. 722)

3. Time Limitations in Permit No. 3050 are:

   Repair of all works herein authorized is required
   in order to correct deficient and unsafe con-
   ditions presently existing and said repairs shall
   be in accordance with plans approved by the
   Commission and shall be commenced within six
   months and completed within one year from the date
   of issuance of this permit unless extended by the
   Commission. (Exh. 722)

4. Application No. 3354 for Permit No. 3050 was accepted for filing
by the Commission on January 13, 1975, and the permit was issued
on February 26, 1975. (Exh. 722)

5. Claimant did not appear at either the regularly scheduled
evidentiary hearing of the final docket evidentiary hearing and
no evidence was presented concerning the use of state water since
the issuance of Permit No. 3050. (IX NF 42-43)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3050 to impound
310 acre-feet of water in a reservoir located at diversion point
D-2340 on an unnamed tributary of Armstrong Creek, tributary of
Cottonwood Creek, tributary of Chambers Creek, tributary of
Richland Creek, tributary of the Trinity River, with the dam
being located in Abstract No. 989, Ellis County, for recreational
purposes only with no right of diversion from the impoundment and
with a priority date of January 13, 1975.

2. Claimant's rights under Permit No. 3050 are subject to the
special Conditions contained in the permit.

DIVERSION POINTS NOS: 1360, 1276, 1288, 3390 and 2300
TRACT NO: 0800

OWNERSHIP: George W. Harti, Anna Marti Schmidt and Larry D. Schmidt

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2034 to divert and use
40 acre-feet of water per year from Rock Tank Creek and its tributaries
at a maximum diversion rate of 550 gpm for the irrigation of 20 acres
of land with a priority date of February, 1945. Two reservoirs on Rock
Tank Creek impounding a total of 19.6 acre-feet of water were also
claimed. (Exh. 100)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2024 which asserted a
riparian right to divert and use water for irrigation purposes
and declared the maximum diversion and use in any calendar year
during the period 1952-1967, inclusive, as 36 acre-feet of
water from Rock Tank Creek (Stephes Creek) at a maximum diversion
rate of 550 gpm for the irrigation of 40 acres of land. The date
of first beneficial use of water within the claim area was
declared to be February, 1945. Three reservoirs on Rock Tank
Creek with a combined capacity of 76 acre-feet were also claimed.
(Exh. 101)

2. An assignment error statement to §13.301 Claim No. 2024 was
timely filed which declared the maximum diversion and use of
water in any calendar year during the period 1949-1970, inclu-
sive, to be 25 acre-feet from Rock Tank Creek at a maximum
diversion rate of 550 gpm for the irrigation of 36 acres of land.
(Exh. 203)

3. Claimant is the owner of claim area T-0008 which is located in
Abstract Nos. 759 and 912, Johnson County. Abstract No. 759 was
patented in 1850. Abstract No. 912 was patented in 1868. T-0008
and Abstracts Nos. 759 and 912 cross Rock Tank Creek, tributary
of South Fork Chambers Creek, tributary of Chambers Creek,
tributary of Richland Chambers, tributary of the Trinity River. (EP
48-49)

4. The first diversion and use of state water for irrigation pur-
poses within T-0008 was in May, 1945. (EP 54-53)

5. The most acreage within T-0008 irrigated with state water in any
calendar year during the period 1963-1970, inclusive, was 40
acres, in Abstracts Nos. 759 and 912, in 1963 and 1967. (EP 53)

6. Two off-channel reservoirs are located at O-2760 and O-3280
within T-0008. A dam was constructed in 1945 and is located at
diversion point O-2760 on Rock Tank Creek. During the period
1961-1970, inclusive, 20 acre-feet of water was impounded in the
reservoir at O-2760, 15 acre-feet was impounded in the reservoir
at O-3280 and 10 acre-feet was impounded in the reservoir at
O-3280. The impounded water was used for irrigation purposes
within T-0008. The diversion and use of state water within
T-0008 during this period was facilitated by use of the impound-
ments. (EP 55-57, 59-60)

7. During the period 1961-1970, inclusive, state water was diverted
at diversion point O-2770 located on the perimeter of the reser-
voir located at O-2760 on Rock Tank Creek, at or below MSL which is
diversion rate of 1.1 cfs (150 gpm) using a volume gun type
distribution system. (EP 69, 98)

8. The maximum amount of state water diverted and used for irriga-
tion purposes within T-0008 in any calendar year during the
period 1963-1970, inclusive, was 30 acre-feet in 1967. (EP 99)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point
O-2290 within T-0008 on Rock Tank Creek, as well as the capacity
of the reservoir, was reasonable.

2. Claimant is recognized a right under §11.303 Claim No. 2024 to
maintain an existing dam and reservoir located at diversion point
O-2290 within T-0008 on Rock Tank Creek, tributary of South Fork
Chambers Creek, tributary of Chambers Creek, tributary of
Richland Creek, tributary of the Trinity River, and to impound
therein not to exceed 20 acre-feet of water.

3. Claimant is recognized a right under §11.303 No. 2024 to
divert and use not to exceed 30 acre-feet of water per year from
diversion point O-2270 located on the perimeter of the reservoir
at O-2290 at a maximum diversion rate of 1.1 cfs (550 gpm) for
the irrigation of 20 acres of land within T-0008 in Ab-
stracts Nos. 759 and 912, Johnson County, with a priority date of
May 31, 1945. Claimant is further recognized a right to store
in the diverted water in a 15 acre-foot and a 30 acre-foot capacity
off-channel reservoir located at diversion points O-2760 and
O-3280, respectively, within T-0008 and to subsequently divert
and use this stored water for irrigation purposes.


DIVERSION POINTS NOS: 2330, 3358, 2335 and 2380
TRACT NO: 0820

OWNERSHIP: Billy G. Young

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1335 to divert and use
38 acre-feet of water per year from the South Fork of Chambers Creek at
a maximum diversion rate of 360 gpm for the irrigation of 29 acres of
land with a priority date of July 1952, A 16 acre-foot capacity
off-channel reservoir was also claimed. (Exh. 113)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 1335 which asserted a
riparian right to divert and use water for irrigation purposes
and declared the maximum diversion and use in any calendar year
during the period 1961-1961, inclusive, to be 25 acre-feet of
water from South Fork Chambers Creek at a maximum diversion rate
of 360 gpm for the irrigation of 30 acres of land. The date of
first beneficial use of water within the claim area was declared
to be 1963. A 26 acre-foot capacity reservoir was also claimed.
(Exh. 113)

2. Claimant is the owner of claim area T-0820 which is located in
Abstract No. 555, Johnson County. Abstract No. 555 was patented
in 1968. T-0820 abuts and Abstract No. 555 crosses South Fork
Chambers Creek, tributary of Chambers Creek, tributary of
Richland Creek, tributary of the Trinity River. (EP 104-111)

3. The first diversion and use of state water for irrigation pur-
poses within T-0820 was in July, 1962. (EP 107)

4. The most acreage within T-0820 irrigated with state water in any
calendar year during the period 1963-1967, inclusive, was 31
acres, being Field F-1 in 1965. (EP 103-104)

5. A dam was constructed before 1955 and is located at diversion
point O-2337 on an unnamed tributary of South Fork Chambers
Creek. During the period 1962-1967, inclusive, 36 acre-feet of
water was impounded in the reservoir and the water was used for
livestock purposes. No irrigation has been from the reservoir.
(EP 101-103, 105-110)

6. During the period 1963-1967, inclusive, state water was diverted
for irrigation purposes within T-0820 at diversion points O-2330,
O-2330 and O-2348 located on South Fork Chambers Creek by a
portable pump at a maximum effective diversion rate of 0.81 cfs
(360 gpm) using a flood type distribution system. (EP 103, 104,
107-108)

7. The maximum amount of state water diverted and used for irriga-
tion purposes within T-0820 in any calendar year during the
period 1963-1967, inclusive, was 21 acre-feet of water in 1965.
(EP 104, 106-107)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 1335 to
divert and use not to exceed 21 acre-feet of water per year from
diversion points O-2330, O-2330 and O-2348 located on an unnamed
tributary of South Fork Chambers Creek, tributary of Chambers Creek,
tributary of Richland Creek, tributary of the Trinity
River at a maximum diversion rate of 0.89 cfs (360 gpm) for the
irrigation of 31 acres of land within tract T-0820 in Abstract
No. 555, Johnson County, with a priority date of July 31, 1962.


DIVERSION POINT NO: 2440
TRACT NO: 0360

OWNERSHIP: Tom Martin, Jr.

IR: 89
APP: 16
II EP 112-126

SECTION 11.307 CLAIM: Under Permit No. 2121 to impound water in a 239
acre-foot capacity reservoir located on Island Creek and to divert and
use therefrom 200 acre-feet of water per year at a maximum diversion
rate of 1000 gpm for the irrigation of 200 acres of land with a priori-
ty date of April 8, 1975. (Exh. 118)

FINDINGS:

1. Claimant is the owner of Permit No. 2121 (Application No. 3422),
a regular type permit, which authorizes the maintenance of a dam
and 239 acre-foot capacity reservoir located on Island Creek,
tributary of South Fork Chambers Creek, tributary of Chambers
Creek, tributary of Richland Creek, tributary of the Trinity
River, and the impoundment therein of 239 acre-feet of water and
the diversion and use therefrom of not to exceed 200 acre-feet of
water per year at a maximum diversion rate of 2.2 cfs (1000 gpm)
for the irrigation of 200 acres of land out of a 275 acre tract
located in the Moron Ship Survey, Abstract No. 693, Hill County.
(Exh. 113)

2. A Special Condition in Permit No. 2121 is as follows: Permittee
shall cease all diversions from the reservoir when the water
surface elevation is at or below 683 foot above MSL which is the
top of the low flow filter. (Exh. 119)

3. Application No. 3422 for Permit No. 2121 was accepted for filing
by the Commission on April 8, 1975, and the permit was issued on
June 17, 1975. (Exh. 119)

4. Claimant maintains a 229 acre-foot capacity reservoir located at
diversion point O-2440, which is the authorized location on
Island Creek, with the dam being located in Abstract No. 693,
Hill County. (EP 117-118, 123)

5. The most acreage within claim area T-0860 irrigated with state
water in any calendar year since the issuance of the permit was
10 acres, being Field No. F-1, in 1978. (Exh 121; EP 222)

6. Claimant requested that his permit be needed to allow for the
future irrigation of up to 200 acres of land. No need for the
increase acreage was shown by claimant. (EP 114)

7. Since the issuance of the permit, state water has been diverted
for irrigation purposes within T-0240 at various authorized
diversion points located on the perimeter of the reservoir by
means of a portable pump at a maximum effective diversion rate of
0.89 cfs (400 gpm) using a sprinkler type distribution system.
(EP 117, 122-123)

8. The maximum amount of state water diverted and used for irriga-
tion purposes within T-0840 in any calendar year since the
issuance of the permit was 17 acre-feet of water in 1978. (Exh
121; EP 123)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2121 to impound
water in a 229 acre-foot capacity reservoir located on Island
Creek, tributary of Chambers Creek, tributary of Richland Creek,
tributary of the Trinity River, with the dam being located at
O-2360 in Abstract No. 693, Hill County, and to divert and use
therefrom not to exceed 17 acre-feet of water per year from
anywhere on the perimeter of the reservoir at a maximum diversion
rate of 0.89 cfs (400 gpm) for the irrigation of 20 acres of land
within tract T-0360 in Abstract No. 693, Hill County, with a
priority date of April 8, 1975.

2. Claimant may continue diligent development to a diversion and use
of not to exceed 200 acre-feet of water per year for the irriga-
tion of 200 acres of land within tract T-0360 at a maximum
diversion rate of 2.2 cfs (1000 gpm).

3. Claimant's rights under Permit No. 2121 are subject to the
Special Conditions contained in the Permit.

34

**DIVERSION POINT NO:** 2380
**TRACT NO:** 0940

**OWNERSHIP:** OKC Corporation Liquidating Trust (ownership unverified)

IR: 90
APP: 2
II EF 141-181

**SECTION 11.307 CLAIM:** Under Permit No. 3441 to impound water in a 200 acre-foot capacity reservoir located on Valley Branch and to divert and use thereof 305 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 500 gpm for the irrigation of 500 acres of land with a priority date of January 21, 1977. (Exh. 133)

**FINDINGS:**

1. Claimant is the owner of Permit No. 3441 (Application No. 3741), a $5.41 upon permit, which authorizes the maintenance of a dam and reservoir [ECB Site No. 730, Chambers Creek Watershed Project] located on Valley Branch, tributary of South Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River and the impoundment therein of not to exceed 300 acre-feet of water at the water surface elevation of 547.5 feet above mean sea level and the diversion and use therefrom of not to exceed 300 acre-feet of water per year at a maximum diversion rate of 1.1 cfs (500 gpm) for the irrigation of 500 acres of land out of a 1050 acre tract located in the following abstracts: Abstracts Nos. 122, 1214, 920, 187, 44, 1299 and 1111, Ellis County. (Exh. 133)

2. A Special Condition in Permit No. 3441 is as follows: Permittee is authorized to divert water from the authorized reservoir only when the water level in the impoundment is above the elevation of 535.7 feet mean sea level (msl) from above the invert of the low-flow outlet, in order that inflow may be passed downstream for domestic and livestock uses. (Exh. 133)

3. The official records of the Department show that OKC Realty Inc. is the holder of Permit No. 3441. At the evidentiary hearing, OKC Liquidating Trust appeared as the claimant and asserted ownership of Permit No. 3441. Not all the deeds or other legal documents have been received by the Department to reflect this change of ownership. (EF 180-181)

4. Application No. 3741 for Permit No. 3441, was accepted for filing by the Commission on January 21, 1977, and the permit was issued on April 15, 1977. (Exh. 133)

5. Claimant maintains a 300 acre-foot capacity reservoir located at the authorized location on Valley Branch, with the dam being located at D-2380 in Abstract No. 1171, Ellis County. (EF 187)

6. The most acreage within permit area T-0860 irrigated with state water in any calendar year since the issuance of the permit was 78 acres in 1980. (EF 174)

7. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0860 from anywhere on the perimeter of the authorized reservoir by means of a portable pump at a maximum effective diversion rate of 0.29 cfs (177 gpm) using a volume gun type distribution system. (EF 172-174)

8. The maximum amount of state water diverted and used for irrigation purposes within T-0860 in any calendar year since the issuance of the permit was 3.3 acre-foot of water in 1980. (EF 174-177)

**CONCLUSIONS:**

1. Claimant is recognized a right under Permit No. 3441 to impound water in a 300 acre-foot capacity reservoir [ECB Site No. 730, Chambers Creek Watershed Project] located on Valley Branch, tributary of South Fork Chambers Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-2380 in Abstract No. 1171, Ellis County, and to divert and use therefrom not to exceed .1 acre-foot of water per year from anywhere on the perimeter of the reservoir at a maximum diversion rate of 0.29 cfs (177 gpm) for the irrigation of 78 acres of land within tract T-0860 in Abstracts Nos. 122, 1214, 920, 187, 44, 1299 and 1111, with a priority date of January 21, 1977.

2. Claimant may continue diligent development to a diversion and use of not to exceed 300 acre-feet of water per year for the irrigation of 500 acres of land within tract T-0860 at a maximum diversion rate of 1.1 cfs (500 gpm).

3. Claimant's rights under Permit No. 3441 are subject to the special conditions contained in the permit.

**DIVERSION POINT NOS:** 2420 and 2440
**TRACT NO:** 0980

**OWNERSHIP:** Robert Botto

IR: 93
APP: 2
II EF 42-46

**SECTION 11.307 CLAIM:** None

**FINDINGS:**

1. Claimant is the owner of §11.303 Claim No. 6164 which claims riparian rights to divert and use water from Chambers Creek, tributary of the Trinity River for irrigation purposes, and declares that a maximum of 33 acre-feet of water was diverted at a maximum diversion rate of 1200 gpm, to irrigate 58 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in July 1964. (Exh. 316)

2. Claimant is the owner of claim area T-0980 which is located in Abstract No. 970, Ellis County. Abstract No. 970 was patented in 1849. T-0980 and Abstract No. 970 abut Five Creek, tributary of Chambers Creek, tributary of the Trinity River. Diversion points D-2420 and D-2440 reflect the locations claimed in §11.303 Claim No. 6164. (Exh. 4; IX EF 44)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

**CONCLUSION:**

Claimant is not recognized any right under §11.303 Claim No. 6164 because no evidence was permitted of any consequent beneficial use of state water within tract T-0980 during the period 1963-1967, inclusive, and because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 6164.

---

**DIVERSION POINTS NOS:** 2460, 2470, 2480, 2490, 2500, 2510, 2520
**TRACTS NOS:** 0900, 0910, 0920, 0930, 0940

**OWNERSHIP:** Pattin O. Leonard

IR: 93
APP: 2
II EF 199-209

**SECTION 11.307 CLAIM:** Under Permit No. 2957 to impound water in a 102 acre-foot capacity reservoir located on Mill Creek and to divert and use therefrom 125 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 2600 gpm for the irrigation of 99 acres of land with a priority date of January 12, 1970. (Exh. 139)

**FINDINGS:**

1. Claimant is the owner of Permit No. 2957 (Application No. 3793), a regular type permit, which authorizes the maintenance of an existing dam and 102 acre-foot capacity reservoir located on Mill Creek, tributary of Chambers Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 125 acre-feet of water per year at a maximum diversion rate of 4.4 cfs (2000 gpm) for the irrigation of 99 acres of land located in the John Reely Survey, Abstract No. 69, Ellis County. (Exh. 140)

2. Application No. 3793 for Permit No. 2957 was accepted for filing by the Commission on January 12, 1970, and the permit was issued on April 21, 1970. (Exh. 140)

3. Claimant maintains a 102 acre-foot capacity reservoir located at the authorized location on Mill Creek, with the dam being located at D-2530 in Abstract No. 69, Ellis County. (EF 203-204, 208)

4. The most acreage within permit area T-0900, T-0910, T-0920, T-0930 and T-0940 irrigated with state water in any calendar year since the issuance of the permit was 90 acres in 1971. (Exh. 144; EF 206)

5. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0900, T-0910, T-0920, T-0930 and T-0940 at authorized diversion points D-2460, D-2470, D-2480, D-2490, D-2500 located on the perimeter of the reservoir and on Mill Creek by means of a portable pump at a maximum effective diversion rate of 5.4 cfs (2400 gpm) using a volume gun type distribution system. (Exh. 5, p.5; EF 204, 205-207)

6. The maximum amount of state water diverted and used for irrigation purposes within T-0900, T-0910, T-0920, T-0930 and T-0940 in any calendar year since the issuance of the permit was 125 acre-foot of water in 1971. (Exh. 144; EF 206-207)

7. No reserve was specified for claimant's failure to divert and use the total amount of water authorized by Permit No. 2957.

8. No intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 2957 was shown by claimant.

**CONCLUSIONS:**

1. Claimant is recognized a right under Permit No. 2957 to impound water in a 102 acre-foot capacity reservoir located on Mill Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-2530 in Abstract No. 69, Ellis County, and to divert and use therefrom T-0900, T-0910, T-0920, T-0930 and T-0940 located on the perimeter of the reservoir and on Mill Creek by means of a portable pump vote and Mill Creek at a maximum diversion rate of 5.4 cfs (2400 gpm) for the irrigation of 90 acres of land within tracts T-0900, T-0910, T-0920, T-0930, T-0940 in Abstracts Nos. 69, 322 and 936, Ellis County, with a priority date of January 12, 1970.

2. Claimant did not show sufficient justification for the lack of development under Permit No. 2957 to the full extent authorized.

3. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

---

**DIVERSION POINTS NOS:** 2530, 2535, 2540, 2550, 2560, 2580, 2610
**TRACT NO:** 0960

**OWNERSHIP:** Joe H. Wilson (Estate)

IR: 90
APP: 2
VIII EF 11-43

**SECTION 11.307 CLAIM:** Under §11.303 Claim Nos. 1190 and 3588 to divert and use 44 acre-feet of water per year from the unnamed tributary of Mill Creek and Mill Creek at a maximum diversion rate of 600 gpm for the irrigation of 44 acres of land with a priority date of June, 1963. A 9 acre-foot capacity, 11 acre-foot capacity and 202 acre-foot capacity reservoir on Mill Creek and Unnamed tributary of Mill Creek was claimed. (Exh. 397)

**FINDINGS:**

1. Claimant is the owner of §11.303 Claim No. 1190 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1962-1967, inclusive, to be 6 acre-feet of water from Mill Creek, tributary of Trinity River, at a maximum diversion rate of 600 gpm for the irrigation of 22 acres of land. The date of first beneficial use of water within the claim area was declared to be in 1963. The dam and reservoir in Abstracts Nos. 89 and 951 with a total capacity of 20 acre-feet was claimed. (Exh. 379)

2. Claimant is the owner of §11.303 Claim No. 3588 which asserted a riparian right to divert and use water for irrigation and declared the maximum diversion and use in any calendar year during the period 1962-1967, inclusive, to be 2 acre-feet of water from Dry Branch, tributary of Trinity River at an unspecified diversion rate for the irrigation of 16 acres of land. The date of first beneficial use of water within the claim area was declared to be 1963. A dam and reservoir on Dry Branch, tributary of Trinity River with a capacity of 200 acre-feet was also claimed. (Exh. 400)

3. Claimant is the owner of an unnumbered §11.303 claim which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1962-1967, inclusive, to be 3 acre-feet of water from Mill Creek, tributary of Chambers Creek, tributary of Trinity River at a maximum diversion rate of 600 gpm for the irrigation of 14 acres of land. The date of first beneficial use of water within the claim area was declared to be 1963. A reservoir on Unnamed tributary of Mill Creek, tributary of Richland Creek, tributary of Trinity River with a capacity of 202 acre-foot was also claimed. (Exh. 403)

4. An additional sworn statement to §11.303 Claim No. 1190 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1949-1970, inclusive, to be 7.6 acre-feet of water from "Cor. Site 705", tributary of Trinity River at a maximum diversion rate of 600 gpm for the irrigation of 7 + 10 acres of land. (Exh. 695)

5. An additional sworn statement to §11.303 Claim No. 3640 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1944-1970, inclusive, to be 3 acre-feet of water from Mill Creek, tributary to Trinity River at a maximum diversion rate of 400 gpm for the irrigation of 2 + 10 acres of land. (Exh. 691)

6. Claimant is the owner of claim area T-0940 which is located in Abstracts Nos. 49, 561 and 649, Ellis County. Abstract No. 49 was patented in 1854. Abstract No. 561 was patented in 1851. Abstract No. 810 was patented in 1861. Abstract No. 49 shows Mill Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of Trinity River. Abstract No. 549 shows the unnamed tributary of Mill Creek, T-0940 and Abstract No. 551 shows both Mill Creek and the unnamed tributary of Mill Creek. (VIII SF 39-40, 63)

7. The first diversion and use of state water for irrigation purposes within T-0940 was in June, 1963. (VIII SF 85)

8. There was no evidence that claimant commenced or continued the construction of works designed to apply a greater quantity of water to beneficial use prior to August 26, 1967. (VIII SF 91-93)

9. Claimant is the owner of claim area T-0940. T-0940 represents the claim area for both Claim No. 113 and 3640. (Exh. 4)

10. The most acreage within T-0940 under §11.303 Claim No. 1190 irrigated with state water in any calendar year during the period 1963-1969, inclusive, was 17 acres, being Fields 1, 2, and 3, in Abstracts Nos. 49 and 561. (VIII SF 40-41, 84-87, 62; Exh. 694; Exh. 4)

11. The most acreage within T-0940 under §11.303 Claim No. 3640 irrigated with state water in any calendar year during the period 1962-1969, inclusive, was 11 acres, being Field No. 4 in Abstract No. 649. (VIII SF 40-41, 67; Exh. 694; Exh. 4)

12. An earthen dam was constructed on Mill Creek in the 1880s and is located at diversion point D-2940 within T-0940 in Abstract No. 49. During the period 1963-1967, inclusive, 5 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0940. The diversion and use of state water within T-0940 during this period was facilitated by use of the impoundment. (VIII SF 83, 82, 64)

13. A downstream dam was constructed on Mill Creek in the 1880s and is located at diversion point D-2940 within T-0940 in Abstract No. 551. During the period 1963-1967, inclusive, 11 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0940. The diversion and use of state water within T-0940 during this period was facilitated by use of the impoundment. (VIII SF 82, 83, 64)

14. A dam was constructed on an unnamed tributary of Mill Creek in the 1900s and is located at diversion point D-2410 within T-0940 in Abstract No. 551. During the period 1963-1961, inclusive, 260 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-0940. The diversion and use of state water within T-0940 during this period was facilitated by use of the impoundment. (VIII SF 80, 83, 64)

15. A portion of dam and reservoir is in T-0940 which is also authorized under Permit No. 2534 in the name of Pattie D. Leonard. (See D-2580.) However, a portion of the dam and reservoir is on the claim area and the reservoir is used to irrigate a portion of the claim area. (VIII SF 89; Exh. 4)

16. Under §11.303 Claim Nos. 1190 and 3540, during the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-0940 at diversion points D-2940, D-2530, D-2950 and D-2390 located on the perimeter of the upstream and downstream reservoirs by a portable pump at a maximum effective diversion rate of 0.89 cfs (400 gpm) using a sprinkler type distribution system. (VIII SF 80, 86, 63; Exh. 694)

17. The maximum amount of state water diverted and used for irrigation purposes within T-0940 under §11.303 Claim No. 1190 in any calendar year during the period 1963-1967, inclusive, was 12 acre-feet of water from the unnamed tributary of Mill Creek. (Exh. 694; VIII SF 91-93)

18. The maximum amount of state water diverted and used for irrigation purposes within T-0940 under §11.303 Claim No. 3540 in any calendar year during the period 1962-1967, inclusive, was 1 acre-foot of water from Mill Creek. (Exh. 694; VIII SF 91-93)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion points D-2940 and D-2580 within T-0940 on Mill Creek, as well as the capacities of the reservoirs was reasonable.

2. The use of the dam and reservoir located at diversion point D-2410 within T-0940 on the unnamed tributary of Mill Creek, as well as the capacity of the reservoir, was reasonable.

3. Claimant is recognized a right under §11.303 Claim No. 1190 to maintain two existing dams and reservoirs located at diversion points D-2940 and D-2560 within T-0940 on Mill Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary to Trinity River and to impound therein not to exceed a total of 30 acre-feet of water, with a priority date of June 30, 1963.

4. Claimant is recognized a right under §11.303 Claim No. 3540 to maintain an existing dam and reservoir located at diversion point D-2410 within T-0940 on the unnamed tributary of Mill Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of Trinity River and to impound therein not to exceed 260 acre-feet of water, with a priority date of June 30, 1963.

5. Claimant is recognized a right under §11.303 Claim No. 1190 to divert and use not to exceed 12 acre-feet of water per year from diversion points D-2530, D-2530 and D-2390 located on the perimeter of the reservoirs located on Mill Creek and D-2410 at a total maximum diversion rate of 0.89 cfs (400 gpm) for the irrigation of 10 acres of land within tract T-0940 in Abstracts Nos. 49 and 551, Ellis County, with a priority date of June 30, 1963.

6. Claimant is recognized a right under §11.303 Claim No. 3540 to divert and use not to exceed 7 acre-feet of water per year from diversion point D-2390 located on the perimeter of the reservoir on an unnamed tributary of Mill Creek at D-2410, at a maximum diversion rate of 0.89 cfs (400 gpm) for the irrigation of 11 acres of land within tract T-0940 in Abstract No. 649, Ellis County, with a priority date of June 30, 1963.

7. At no time shall the combined diversion rate at diversion points D-2530, D-2530, D-2390 and D-2390 exceed 0.89 cfs (400 gpm).

---

DIVERSION POINT NOS: 2580, 2530, 2610
TRACT NO: 0940

OWNERSHIP: Pattie D. Leonard

IN: 87
APP: 2
II SF 181-189

SECTION 11.307 CLAIM: Under Permit No. 2534 to impound water in a 203 acre-foot capacity reservoir located on an unnamed tributary of Mill Creek and to divert and use therefrom 45 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 2000 gpm for the irrigation of 83 acres of land with a priority date of January 12, 1970. (Exh. 134)

FINDINGS:

1. Claimant is the owner of Permit No. 2534 (Application No. 2794), a regular type permit, which authorizes the maintenance of an existing dam and 203 acre-foot capacity reservoir located on an unnamed tributary of Mill Creek, tributary of Chambers Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 45 acre-feet of water per year at a maximum diversion rate of 4.4 cfs (2000 gpm) for the irrigation of 83 acres of land located in the Edwin J. Overlyn Survey, Abstract No. 551, Ellis County. (Exh. 132A)

2. Application No. 2794 for Permit No. 2534 was accepted for filing by the Commission on January 12, 1970, and the permit was issued on April 9, 1970. (Exh. 127A)

3. Claimant maintains a 203 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Mill Creek, with the dam being located at D-2510 in Abstract No. 551, Ellis County. (SF 185-186, 195)

4. The most acreage within permit area T-0980 irrigated with state water in any calendar year since the issuance of the permit was 29 acres in 1971. (Exh. 143; SF 191)

5. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-0980 at authorized diversion points D-2580 and D-2600 located on the perimeter of the authorized reservoir by means of a portable pump at a maximum effective diversion rate of 1.7 cfs (800 gpm) using a volume gun type distribution system. (SF 188-190, 196-197)

6. The maximum amount of state water diverted and used for irrigation purposes within T-0980 in any calendar year since the issuance of the permit was 37 acre-feet of water in 1971. (Exh. 143; SF 191)

7. No reasons were specified for claimant's failure to divert and use the total amount of water authorized by Permit No. 2534.

8. No intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 2534 was shown by claimant.

CONCLUSION:

1. Claimant is recognized a right under Permit No. 2534 to impound water in a 203 acre-foot capacity reservoir located on an unnamed tributary of Mill Creek, tributary of Chambers Creek, tributary of the Trinity River. With the dam being located at D-2510 in Abstract No. 551, Ellis County, and to divert and use therefrom not to exceed 37 acre-feet of water per year from diversion points D-2580 and D-2600 located on the perimeter of the reservoir, at a maximum diversion rate of 1.7 cfs (800 gpm) for the irrigation of 29 acres of land within tract T-0980 in Abstract No. 551, Ellis County, with a priority date of January 12, 1970.

2. Claimant did not show sufficient justification for the lack of development under Permit No. 2534 to its full extent authorized.

3. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

---

DIVERSION POINT NO: 2640
TRACT NO: 1000

OWNERSHIP: Manon Armstrong

IN: 98
APP: 15
IX SF 44

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 4002 which claims a riparian right to divert and use water from Chambers Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 37 acre-feet of water was diverted at a maximum diversion rate of 75 gpm, to irrigate 35 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1951. (Exh. 726)

2. Claimant is the owner of claim area T-1000 which is located in Ellis and Navarro Counties. T-1000 is located in Abstracts Nos. 415 and 377, Ellis County, and Abstracts Nos. 928, 829, 327 and 291, Navarro County. Abstracts Nos. 377, 928, 829, 327 and 291 were patented in 1846. Abstract No. 327 was patented in 1849. The abstracts given show the Chambers Creek. Diversion point D-2640 references the location claimed in §11.303 Claim No. 4002. (Exh. 4; IX SF 64)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 4002 because no evidence was presented of any beneficial use of state water within tract T-1000 during the period 1963-1967, inclusive, and because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 4002.

DIVERSION POINT NO: 1660
TRACT NO: 1020

OWNERSHIP: W. D. Thornton

IR: 69
APP: 15
II SF 45

SECTION 11,307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11,203 Claim No. 6137 which claims a right under the Irrigation Act to divert and use water from Chambers Creek, tributary of the Trinity River, for irrigation purposes, and does not declare any diversion and use of water during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1944. (Exh. 118)

2. Claimant is the owner of claim area T-1030 which is located in Abstracts Nos. 178 and 197; Navarro County. Abstract No. 178 was patented in 1856. Abstract No. 197 was patented in 1849. T-1030 and Abstract No. 187 and Chambers Creek. Abstract No. 178 does not abut or cross Chambers Creek. Diversion point P-2660 encompasses the location claimed in $11,203 Claim No. 6137. (Exh. 11 & 43)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimant is not recognized any right under $11,203 Claim No. 6137 because: no evidence was presented of any nonexempt beneficial use of state water within tract T-1030 during the period 1963-1967, inclusive; no $11,203 claim was filed in the adjudication of this segment pertaining to $11,203 Claim No. 6137; and, a portion of claim area T-1030 is located within Abstract No. 178, Navarro County, which is severed from Chambers Creek.

DIVERSION POINT NO: 2400
TRACT NO: None

OWNERSHIP: Ruth Chapman Estes, John Estes and William Estes

IR: 909
APP: 2
II SF 238-239

SECTION 11,307 CLAIM: Under Permit No. 1946 to impound 804 and 80 acre-feet of water in two existing reservoirs located on an unnamed tributary of Little Union Creek and Little Union Creek for recreation and livestock purposes with a priority date of September 28, 1959. (Exh. 148)

FINDINGS:

1. Claimants are the owners of Permit No. 1946 (Application No. 3161), which authorizes the maintenance of an existing dam and reservoir known as Chambers Creek Water on an unnamed flood Diversion Structure Site No. 111, located on Little Union Creek, tributary of Big Union Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment therein of 804 acre-feet of water per year for recreation and pass purposes with no right of diversion from the impoundment. Facilities is specifically limited to storage in said reservoir below elevation 451.5 feet above mean sea level. Permitting is also required to maintain an 8 inch sluiceway in the dam. (Exh. 149)

2. Application No. 3161 for Permit No. 1946 was accepted for filing by the Commission on September 30, 1959, and the permit was issued on January 7, 1960. (Exh. 148)

3. Permit No. 1946 incorrectly locates the authorized reservoir on Little Union Creek. The correct location is on an unnamed tributary of Little Union Creek. (SF 237-274)

4. Claimants maintain a 804 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Little Union Creek, with the dam being located at D-2600 in Abstract Nos. 365 and 1861, Ellis County. The authorized reservoir is located entirely within Abstract No. 365. (SF 233-334)

5. Claimants maintain an unauthorized 80 acre-foot capacity reservoir on Little Union Creek which is also created by the dam at D-2600. (SF 314-316)

6. Since the issuance of the permit, state water has been impounded for recreational purposes only. Water has also been used from the impoundment for livestock purposes. (SF 377)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 1946 to impound water in a 804 acre-foot capacity reservoir located on an unnamed tributary of Little Union Creek, tributary of Little Union Creek, tributary of Big Union Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-2600 in Abstract No. 365, Ellis County; for recreation purposes only, with the right of diversion from the impoundment and with a priority date of September 28, 1959.

2. Claimants' rights under Permit No. 1946 are subject to the Special Conditions contained in the permit.

DIVERSION POINT: 2700
TRACT NO: None

OWNERSHIP: Leonard Massey, Mrs. N. M. Stinson and Daniel M. Martinez

IR: 101
APP: 3
II SF 151-158

SECTION 11,307 CLAIM: Under Permit No. 3070 to impound water in a 200 acre-foot capacity reservoir located on North Prong Creek for recreational purposes with a priority date of January 27, 1975. (Exh. 123)

FINDINGS:

1. Claimants are the owners of Permit No. 3070 (Application No. 3377), a $8,141 type permit, which authorizes the maintenance of an existing dam and 200 acre-foot capacity reservoir located on North Prong Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment therein of 200 acre-feet of water for recreational purposes with no right of diversion from the impoundment. (Exh. 129)

2. Application No. 3377 for Permit No. 3070 was accepted for filing by the Commission on January 27, 1975, and the permit was issued on March 17, 1975. (Exh. 113)

3. Claimants maintain a 205 acre-foot capacity reservoir located at the authorized location at diversion point D-2700, with the dam being located in Abstract No. 747, Ellis County. (SF 154, 157)

4. Since the issuance of the permit, State water has been impounded for recreational purposes only. (SF 156-157)

CONCLUSION:

1. Claimants are recognized a right under Permit No. 3070 to use water impounded in a 200 acre-foot capacity reservoir located on North Prong Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-2700 in Abstract No. 747, Ellis County; for recreational purposes only, with no right of diversion from the impoundment and with a priority date of January 27, 1975.

DIVERSION POINTS NOS: 2720 and 2740
TRACT NO: None

OWNERSHIP: Patrick F. Dupree and Son B. West, Trustees

IR: 121
APP: 3
II SF 158-165

SECTION 11,307 CLAIM: Under Permit No. 3198 to impound 360 acre-feet of water on an unnamed tributary of North Prong Creek and North Prong Creek for recreational and livestock purposes with a priority date of May 27, 1975. (Exh. 113)

FINDINGS:

1. Claimants are the owners of Permit No. 3198 (Application No. 3182), a regular type permit, which authorizes the maintenance of an existing dam and 200 acre-foot capacity reservoir designated as Lakeside No. 2, and Watershed Reservoir, located on the North Prong Waxahachie Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment therein of 360 acre-feet of water for recreational purposes with no right of diversion from the impoundment. The permit further authorizes the maintenance of an existing dam and reservoir on an unnamed tributary of the North Prong Waxahachie Creek and the impoundment therein of 60 acre-feet of water for recreational and livestock purposes with a right of diversion from the impoundment. (Exh. 114)

2. Application No. 3452 for Permit No. 3198, was accepted for filing by the Commission on May 27, 1975, and the permit was issued on November 4, 1975. (Exh. 113)

3. Claimants maintain a 60 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of North Prong Waxahachie Creek, with the dam being located at D-2740 in Abstract No. 907, Ellis County.

4. Claimants maintain a 360 acre foot capacity reservoir located at the authorized location on North Prong Waxahachie Creek with the dam being located at D-2720 in Abstract No. 907, Ellis County. (SF 161-165)

5. Since the issuance of the permit, state water has been impounded in both reservoirs for recreational and livestock purposes only with no water being diverted from the impoundments. (SF 163-165)

CONCLUSION:

Claimants are recognized a right under Permit No. 3198 to impound water in a 360 acre-foot capacity reservoir located on North Prong Waxahachie Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Highland Creek, tributary of the Trinity River, with the dam being located at D-2720 in Abstract No. 636, Ellis County, and to impound water in a 60 acre-foot capacity reservoir located on an unnamed tributary of North Prong Waxahachie Creek with the dam being located at D-2740 in Abstract No. 907, for recreational purposes only with no right of diversion from the impoundment and with a priority date of May 27, 1975.

DIVERSION POINTS NOS: 2790, 2790, 2800 and 2810
TRACT NO: 1040

OWNERSHIP: Waxahachie Country Club

IR: 124-104
APP: 2
II SF 174-192

SECTION 11,307 CLAIM: Under Permit No. 2417 to impound water in a 300 acre-foot capacity reservoir and in a 900 acre-foot SCS lake located on Prince Branch and to divert and use therefrom 72 acre-feet of water per year at a maximum diversion rate of 800 gpm for the irrigation of 70 acres of land with a priority date of December 29, 1976. (Exh. 102)

FINDINGS:

1. Claimant is the owner of Permit No. 2417 (Application No. 2929), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of North Fork Waxahachie Creek, tributary of Chambers Creek, tributary of Highland Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 200 acre-feet of water for recreation purposes and the diversion and use therefrom of not to exceed 70 acre-feet of water per year at a maximum diversion rate of 1.5 cfs (660 gpm) for the irrigation of 70 acres of land out of a 160 acre tract located in the James Barker Survey, Abstract No. 41, Ellis County. (Exh. 143)

2. A special condition in Permit No. 2417 as follows:

Failure to repair dam deficiencies within the period stated in these limitations shall cause this permit to expire and become of no force and effect, and permittee shall thereafter renew the dam in accordance with accepted engineering practices.

(Exh. 143)

3. Application No. 3703 for Permit No. 2417 was accepted for filing by the Commission on December 29, 1976, and the permit was issued on March 4, 1977. (Exh. 143)

4. Claimant maintains a 300 acre-foot capacity reservoir at the authorized location on an unnamed tributary of North Fork Waxahachie Creek, with the dam being located at D-2810 in Abstract No. 41, Ellis County. Claimant also maintains an unauthorized 900 acre-foot capacity reservoir located at diversion point D-2790. Both reservoirs are used for recreation purposes in connection with the golf course contained in tract T-1040. (SF 179-179, 181, 186)

5. The most acreage within permit area T-1040 irrigated with state water is eight acres has been diverted for irrigation purposes within T-1040 at authorized diversion points D-2790 and D-2800 located on the perimeter of the authorized reservoir by means of two stationary pumps on a total maximum effective diversion rate of 1.4 cfs (650 gpm) using a sprinkler type distribution system. (SF 187, 207, 209)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1040 in any calendar year since the issuance of the permit was 66 acre-feet of water. (SF 208)

**CONCLUSIONS:**

1. Claimant is recognized a right under Permit No. 2417 to impound water in a 300 acre-foot capacity reservoir located on an unnamed tributary of North Fork Waxahachie Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, the dam being located at D-2810 in Abstract No. 41, Ellis County, and to divert and use therefrom not to exceed 44 acre-feet of water per year from diversion points D-2780 and D-2800 located on the perimeter of the reservoir at a total maximum diversion rate of 1.4 cfs (600 gpm) for the irrigation of 70 acres of land within tract T-1060 in Abstract No. 41, Ellis County, with a priority date of December 2, 1976. Claimant is also recognized a right to use the reservoir for recreation purposes.

2. Claimant may continue diligent development under Permit No. 2417 to a diversion and use of not to exceed 70 acre-feet of water per year for the irrigation of 70 acres of land within tract T-1060 at a total maximum diversion rate of 1.4 cfs (600 gpm).

3. Claimant's rights under Permit No. 2417 are subject to the special conditions contained in the Permit.

DIVERSION POINT NO: 7820
TRACT NO: Moss

OWNERSHIP: Raymond A. Williams, Jr.

IR: 105
APP:
VIII A SF 2-20

SECTION 11.307 CLAIM: Under Permit No. 1540A to divert and use therefrom 31 acre-feet of water per year for recreational purposes from the Prince Branch Creek at an unspecified maximum diversion rate with a priority date of May 2, 1910. (Exh. 676)

**FINDINGS:**

1. Claimant is the owner of Permit No. 1540A (Applications Nos. 1649 and 1649A), which, as amended, authorizes the impoundment of water in a 31 acre-foot capacity reservoir located on Prince Branch, tributary of the Trinity River, and the impoundment therein of 31 acre-feet of water per year with diversion and use not to exceed 1-1/2 acre-feet of water per year for recreational purposes. (Exh. 677 and 678)

2. Application No. 1649 for Permit No. 1540, which authorizes permittee to impound, divert, appropriate and use not to exceed 1-1/2 acre-feet per annum, by impounding not to exceed 31 acre-feet of water for industrial purposes in a dam and reservoir with impounding capacity of 31 acre-feet of water, was accepted for filing by the Commission on May 2, 1950, and the permit was issued on July 2, 1950. (Exh. 677)

3. Application No. 1649A for Permit No. 1540A which changed the authorization in Permit No. 1540 from industrial to recreational use was accepted for filing by the Commission on October 7, 1975, and the amendment was issued on November 1, 1976. (Exh. 678)

4. Claimant maintains a 31 acre-foot capacity reservoir located at diversion point D-2820, which is the authorized location on Prince's Branch, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located in Abstract No. 877, Ellis County. (VIII A SF 8, 11, 12)

5. Since the issuance of the permit, state water has been impounded for recreational purposes only. (VIII A SF 8, 11, 12)

**CONCLUSION:**

Claimant is recognized a right under Permit No. 1540A to impound 31 acre-feet of water in a 31 acre-foot capacity reservoir located at diversion point D-2820 on Prince's Branch, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located in Abstract No. 877, Ellis County, and to divert therefrom not to exceed 1-1/2 acre-feet of water per year for recreational purposes only, and with a priority date of May 2, 1950.

DIVERSION POINT NO: 7840
TRACT NO: 1030

OWNERSHIP: Billy L. Fry

IR: 105
APP:
II SF 210-228

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5869 to divert and use 7 acre-feet of water per year from Waxahachie Creek at a maximum diversion rate of 390 gpm for the irrigation of 14 acres of land with a priority date of Spring 1963. (Exh. 163)

**FINDINGS:**

1. Claimant is the owner of §11.303 Claim No. 5869 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be two acre-feet of water from Waxahachie Creek at a maximum diversion rate of 190 gallons per hour for the irrigation of 14 acres of land. The date of first beneficial use of water within the claim area was declared to be 1962. (Exh. 164)

2. Claimant is the owner of claim area T-0986 which is located in Abstracts Nos. 837 and 986, Ellis County. Abstract No. 837 was patented in 1841. Abstract No. 836 was patented in 1849. T-1008 abuts and Abstracts Nos. 837 and 836 cross Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (SF 214)

3. The first diversion and use of state water for irrigation purposes within T-1060 was in the late 1920's. (SF 217)

4. The wet acreage within T-1060 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 14 acres, being Field No. 7-4 in 1965. (SF 217, 223)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1060 at diversion point D-2840 located on Waxahachie Creek by a portable pump at a maximum effective diversion rate of 0.44 cfs (200 gpm) using a flood type distribution system. (SF 216, 223)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1060 in any calendar year during the period 1963-1967, inclusive, was five acre-feet of water in 1965. (SF 223)

**CONCLUSIONS:**

Claimant is recognized a right under §11.303 Claim No. 5869 to divert and use but to exceed 5 acre-feet of water per year from diversion point D-2840 located on Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River at a maximum diversion rate of 0.44 cfs (200 gpm) for the irrigation of 14 acres of land within tract T-1060 in Abstracts Nos. 837 and 986, Ellis County, with a priority date of December 31, 1920.

---

DIVERSION POINTS NOS: 2860, 2870 and 2880
TRACT NO: 1108

OWNERSHIP: Mosswes Foundation Incorporated, a Texas nonprofit corporation

IR: 108
APP:
II SF 80-94

SECTION 11.307 CLAIM: Under Permit No. 3019 to impound water in a 156 acre-foot capacity reservoir located on an unnamed tributary of South Prong Creek and to divert and use therefrom 62 acre-feet of water per year at a maximum diversion rate of 1.6 cfs for the irrigation of 31 acres of land with a priority date of October 15, 1974. (Exh. 119)

**FINDINGS:**

1. Claimant is the owner of Permit No. 3019 (Application No. 3288), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of South Prong Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment therein and the appropriation of not to exceed 156 acre-feet of water per year and the diversion and use therefrom of not to exceed 62 acre-feet of water per year at a maximum diversion rate of 1.6 cfs (700 gpm) for the irrigation of 31 acres of land located in the Shibley Smith Survey, Abstract No. 912, Ellis County. (Exh. 111)

2. Special Condition in Permit No. 3019 is:

   Permittee is authorized to store ground water in the 156 acre-foot reservoir and to divert and use the stored water for irrigation purposes. (Exh. 111)

3. Application No. 3288 for Permit No. 3019 was accepted for filing by the Commission on October 23, 1974 and the amendment was issued on January 21, 1975. (Exh. 111)

4. Claimant maintains a 156 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of South Prong Creek with the dam being located at D-2889 in Abstract No. 977, Ellis County. Claimant also maintains an unauthorized 1.9 acre-foot capacity reservoir on an unnamed tributary of South Prong Creek with the dam being located at D-2860 in Abstract No. 977, Ellis County. No irrigation is done from this small reservoir; it functions as a water hazard for the golf course. (SF 82, 91-92)

5. The wet acreage within permit area T-1100 irrigated with state water in any calendar year since the issuance of the permit was 31 acres, being all of T-1100 in each year since the permit was issued. (SF 86, 88)

6. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-1100 at authorized diversion point D-2870 located on the perimeter of the authorized reservoir by means of two stationary pumps at a maximum effective diversion rate of 1.6 cfs (700 gpm) using a sprinkler type distribution system. (SF 86, 90)

7. The maximum amount of state water diverted and used for irrigation purposes within T-1100 in any calendar year since the issuance of the permit was 51 acre-feet of water in 1976. (Exh. 114; SF 94)

8. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 3019 for irrigation purposes in the foreseeable future by showing the need for groundwater supplementation in past years. (SF 90)

**CONCLUSIONS:**

1. Claimant is recognized a right under Permit No. 3019 to impound water in a 156 acre-foot capacity reservoir located on an unnamed tributary of South Prong Creek, tributary of Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-2890 in Abstract No. 977, Ellis County, and to divert and use therefrom not to exceed 62 acre-feet of water per year from diversion point D-2870 located on the perimeter of the reservoir at a maximum diversion rate of 1.6 cfs (700 gpm) for the irrigation of 31 acres of land within tract T-1100 in Abstract No. 977, Ellis County, with a priority date of October 15, 1974.

2. Claimant may continue diligent development under Permit No. 3019 to a diversion and use of not to exceed 62 acre-feet of water per year for the irrigation of 31 acres of land within tract T-1100.

3. Claimant's rights under Permit No. 3019 are subject to the Special Conditions contained in the permit.

DIVERSION POINTS NOS: 2900, 2920
TRACT NO: Moss

OWNERSHIP: Ellis County Water Control and Improvement District #1

IR: 109
APP:
II SF 240-257

SECTION 11.307 CLAIM: Under Permit No. 1742 to impound water in a 13,500 acre-foot capacity reservoir located on South Prong of Waxahachie Creek and to divert and use therefrom 3610 acre-feet of water per year for municipal purposes and 746 acre-feet of water per year for industrial purposes at a maximum diversion rate of 12.53 cfs with a priority date of December 10, 1954. (Exh. 151)

**FINDINGS:**

1. Claimant is the owner of Permit No. 1742 (Application No. 1874), which authorizes the construction of a dam and 13,500 acre-foot capacity reservoir located on the South bank of the South Prong of Waxahachie Creek and the appropriation, impoundment, diversion and use of not to exceed 3570 acre-feet of water per year as follows: 3810 acre-feet for municipal purposes and 746 acre-feet of water per year for industrial purposes. (Exh. 152)

2. A Special Condition in Permit No. 1742 is:

   Permittee shall construct a sluiceway or gate in said Dam, at approximately the original stream bed elevation having a flow capacity of not less than that of a 24-inch diameter smooth pipe in order to release any impounded waters to which other appropriators have prior rights.

   (Exh. 152)

3. Application No. 1874 for Permit No. 1742 was accepted for filing by the Commission on December 20, 1954, and the permit was issued on March 14, 1955. (Exh. 152)

4. Claimant constructed and maintains a 13,500 acre-foot capacity reservoir located at the authorized location on the South Prong of Waxahachie Creek, with the dam being located at D-2920 in Abstracts Nos. 374 and 291, Ellis County. (SF 244-245, 246)

5. Since the issuance of the permit, state water has been diverted for municipal purposes at authorized diversion point D-2900 located on the perimeter of the authorized reservoir by means of two stationary pumps at a total maximum effective diversion rate of 8.0 cfs (3600 gpm). (SF 244, 248-247, 253)

5.  The U.S. Corps of Engineers constructed and maintains a $4,590 acre-foot capacity reservoir located at the authorized location on Waxahachie Creek, with the dam being located at S-2049 in Abstract No. 414, Ellis County.  (BF 247)

6.  Since the issuance of the permit, state water has been diverted for municipal purposes at authorized diversion points S-3020 (City of Ennis) and S-3086 Ellis County WCID No. 2) located at the perimeter of the authorized reservoir.  The City of Ennis diverts water at S-3020 by means of three additional pumps at a total maximum effective diversion rate at 13.4 cfs (5650 gpm).  The Ellis County WCID No. 1 diverts water at S-3086 by means of two stationary pumps at a total maximum effective diversion rate of 7.1 cfs (3200 gpm).  (BF 250, 259-261)

7.  The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 1633.27 acre-feet of water in 1914.  (Exhs. 243, 636; BF 254; Contest BF 145)

8.  The reason claimant failed to divert and use the total amount of water authorized by Permit No. 2068 for municipal purposes was the lack of need by customers in the present time.  Contracts were based on future growth projections.  (BF 264)

9.  Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 2068 for municipal purposes in the foreseeable future by showing contracts with the City of Ennis and Ellis County WCID No. 2 for the entire amount of water authorized by Permit No. 2068.  (BF 257-259)

CONCLUSIONS:

1.  Claimant is recognized a right under Permit No. 2068 to impound water in a 54,500 acre-foot capacity reservoir (Bardwell Reservoir) located on Waxahachie Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at S-2049 in Abstract No. 414, Ellis County, and to divert and use therefrom not to exceed 1623.27 acre-feet of water per year for municipal purposes from anywhere on the perimeter of the authorized reservoir including diversion points S-3020 and S-3086, with a priority date of July 16, 1958.

2.  Claimant showed sufficient justification for the lack of development under Permit No. 2068 to the full extent authorized.

3.  Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4.  Claimant may continue diligent development of Permit No. 2068 to a diversion and use of not to exceed 1400 acre-feet of water per year for municipal purposes with a priority date of July 16, 1958.

5.  Claimant's rights under Permit No. 2068 are subject to the Special Conditions contained in the permit.

DIVERSION POINT NO:  3060
TRACT NO:  1140

OWNERSHIP:  J.B. Forteson, Jr., J. B. Forteson, 135 and Lyde Forteson Dixon

IN:  113-114
APP:  16 and 16
1 SF 282-303

SECTION 11.307 CLAIM:  Under §11.303 Claim No. 5855 to divert and use 1680 acre-feet of water per year from Chambers Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 1500 acres of land with a priority date of 1525.  (Exh. 69)

FINDINGS:

1.  Claimants are the owners of §11.303 Claim No. 5855 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Chambers and Waxahachie Creeks at a maximum diversion rate of 1255 gpm for the irrigation of an unspecified number of acres of land.  The date of first beneficial use of water within the claim area was declared to be 1925.  (Exh. 50).

2.  Claimants are the owners of claim area T-1140 which is located in Abstracts Nos. 145, 390, 921 and 189, Navarro County.  Abstract No. 145 was patented in 1844.  Abstract No. 390 was patented in 1844.  Abstract No. 921 was patented in 1848.  Abstract No. 189 was patented in 1848.  T-1140 and Abstracts Nos. 145, 390 and 921 cross Chambers Creek, tributary of Richland Creek, tributary of the Trinity River.  Abstract No. 189 does not abut or cross Chambers Creek.  The portion of T-1140 which lies in Abstract No. 921 does not abut or cross Chambers Creek.  (DF 288-297)

3.  The first diversion and use of state water for irrigation purposes within T-1140 was in June, 1925.  (BF 291-293)

4.  The most acreage within T-1140 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 751 acres, being Fields Nos. F1, F2, F3 and F4.  Field No. F4 is located in Abstract No. 189.  Fields Nos. F1, F2 and F3 are located in Abstracts Nos. 390 and 145.  Field No. F4 contains 154 acres of land.  Fields Nos. F1, F2 and F3 contain 617 acres of land.  (Exh. 5; p. 15 & 16; BF 308)

5.  During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1140 at diversion points located anywhere on Chambers Creek within T-1140, including S-3060, by four portable pumps at a total maximum effective diversion rate of 7.38 cfs (3315 gpm) using a sprinkler and flood type distribution system.  (BF 291-293)

6.  The maximum amount of state water diverted and used for irrigation purposes within T-1140 in any calendar year during the period 1963-1967, inclusive, was 823 acre-feet in 1967 and 134 acre-feet were used to irrigate field No. F4.  (BF 298-299)

CONCLUSIONS:

1.  Claimants are recognized a right under §11.303 Claim No. 5855 to divert and use not to exceed 419 acre-feet of water per year from anywhere on Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, within tract T-1140 including S-3060 at a total maximum diversion rate of 7.38 cfs (3315 gpm) for the irrigation of 617 acres of land within tract T-1140 in Abstracts Nos. 390 and 145, Navarro County, with a priority date of June 10, 1925.

2.  Claimants are not recognized any right under §11.303 Claim No. 5855 to irrigate field No. F4 because it lies within Abstract No. 189, Navarro County, which is not riparian to Chambers Creek.

DIVERSION POINT NO:  3082
TRACT NO:  1160

OWNERSHIP:  Janes E. Forteson, Ann Forteson Maxey, June Forteson Hardaway and James N. Forteson

IN:  115
APP:  15 and 16
1 SF 243-311

SECTION 11.307 CLAIM:  Under §11.303 Claim No. 5858 to divert and use 1500 acre-feet of water per year from Chambers Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 1592 acres of land with a priority date of July 1886.  (Exh. 44)

FINDINGS:

1.  Claimants are the owners of §11.303 Claim No. 5858 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Chambers and Waxahachie Creeks at a maximum diversion rate of 2325 gpm for the irrigation of an unspecified number of acres of land.  The date of first beneficial use of water within the claim area was declared to be July 1886.  (Exh. 46)

2.  Claimants are the owners of claim area T-1160 which is located in Abstracts Nos. 145 and 714, Navarro County.  Abstract No. 145 was patented in 1844.  Abstract No. 714 was patented in 1845.  T-1160 and Abstract No. 145 cross Chambers Creek, tributary of Richland Creek, tributary of the Trinity River.  Abstract No. 714 does not cross or abut Chambers Creek.  (DF 336-338)

3.  The first diversion and use of state water for irrigation purposes within T-1160 was in 1925.  (DF 376)

4.  The most acreage within T-1160 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 854 acres, being Fields Nos. F1, F2 and F3, located within Abstract No. 145, in 1845.  (BF 368; 372, 377)

5.  During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1160 from anywhere within T-1160 on either side of Chambers Creek including S-3080 by four portable pumps at a total maximum effective diversion rate of 7.38 cfs (3335 gpm) using a sprinkler and flood type distribution system.  Claimants also used ditches to convey water to the fields for flood irrigation.  (BF 373-375)

6.  The maximum amount of state water diverted and used for irrigation purposes within T-1160 in any calendar year during the period 1963-1967, inclusive, was 924 acre-feet in 1962.  (BF 374, 375)

CONCLUSIONS:

Claimants are recognized a right under §11.303 Claim No. 5858 to divert and use not to exceed 854 acre-feet of water per year from anywhere on Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, within tract T-1160 including S-3080 at a total maximum diversion rate of 7.38 cfs (3335 gpm) for the irrigation of 854 acres of land within T-1160 in Abstract No. 145, Navarro County, with a priority date of December 31, 1925.

DIVERSION POINT NO:  3160 and 3161
TRACT NO:  1180

OWNERSHIP:  Laura F. Johnston

IN:  117-118
APP:  15 and 16
1 SF 314-324

SECTION 11.307 CLAIM:  Under §11.303 Claim No. 5675 to divert and use 1537 acre-feet of water per year from Chambers Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 1537 acres of land with a priority date of 1851, 1896.  (Exh. 72)

FINDINGS:

1.  Claimant is the owner of §11.303 Claim No. 5675 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Chambers Creek at a maximum diversion rate of 2325 gpm for the irrigation of an unspecified number of acres of land.  The date of first beneficial use of water within the claim area was declared to be July, 1958.  (Exh. 93)

2.  Claimant is the owner of claim area T-1180 which is located in Abstracts Nos. 124, 123, 190, 254, 294, 294, 295, 539, 561, 714 and 874, Navarro County.  All irrigation within T-1180 during the period 1963-1967, inclusive, was in Abstracts Nos. 124, 123, 294, 294, 295, 561, 714 and 874.  Abstract No. 124 was patented in 1846.  Abstract No. 123 was patented in 1845.  Abstract No. 254 was patented in 1851.  Abstract No. 294 was patented in 1851.  Abstract No. 295 was patented in 1849.  Abstract No. 561 was patented in 1845.  Abstract No. 714 was patented in 1845.  T-1180 and Abstracts Nos. 254, 561 and 123 cross Chambers Creek, tributary of Richland Creek, tributary of the Trinity River.  T-1180 and Abstracts Nos. 294 and 874 cross Cummins Creek, tributary of Chambers Creek.  (Exh. No. 4, p. 14; DF 217-243)

3.  The first diversion and use of state water for irrigation purposes within T-1180 was in July 1956.  (DF 333)

4.  The most acreage within T-1180 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 1537 acres, being Fields Nos. F1 and F2, located within Abstracts Nos. 124, 123, 254, 294, 294, 561, 714 and 874, in 1963.  (DF 318, 332)

5.  During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1180 from anywhere on Chambers Creek within T-1180 including S-3162 by four portable pumps at a total maximum effective diversion rate of 7.41 cfs (3335 gpm) using a sprinkler and flood type distribution system.  (DF 318, 333, 333)

6.  The maximum amount of state water diverted and used for irrigation purposes within T-1180 in any calendar year during the period 1963-1967, inclusive, was 1537 acre-feet in 1963.  There was no evidence on the amount of water which came from each source of supply (Chambers and Cummins Creeks).  (DF 333)

CONCLUSIONS:

Claimant is not recognized any rights under §11.303 Claim No. 5675 because there was no evidence of the amount of water diverted from each source of supply and portions of tract T-1180 are not riparian to certain sources.

**DIVERSION POINTS NOS:** 3110 and 3150
**TRACT NO:** 1190

**OWNERSHIP:** James E. Fortson, Joe B. Fortson, Jr, and Laura Fortson Johnston

IN: 139
APP: 16
I BF 303-313

**SECTION 11.307 CLAIM:** Under §11.303 Claim No. 5854 to divert and use 71 acre-feet of water per year from Chambers Creek and Cummins Creek at a maximum diversion rate of 7.11 cfs for the irrigation of 73 acres of land with a priority date of July 1856. (Exh. 51)

**FINDINGS:**

1. Claimants are the owners of §11.303 Claim No. 5854 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Chambers and Cummins Creeks at a maximum diversion rate of 7325 gpm for the irrigation of an unspecified number of acres of land. The date of first beneficial use of water within the claim area was declared to be July 1856. (Exh. 94)

2. Claimants are the owners of claim area T-1190 which is located in Abstract No. 669, Navarro County. Abstract No. 669 was patented in 1843, T-1190 abuts and Abstract No. 669 crosses Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. T-1190 and Abstract No. 669 do not cross or abut Chambers Creek. (BF 306-307)

3. The first diversion and use of state water for irrigation purposes within T-1190 was in July, 1956. (BF 309)

4. The most acreage within T-1190 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 43 acres, being Fields Nos. F1 and F2. Field No. F1 contains 19 acres of land and Field No. F2 contains 24 acres of land. (BF 307)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1190 at diversion point D-3110 on Chambers Creek in Abstract No. 314, Navarro County, and from anywhere on Cummins Creek within T-1190 including D-3160 by a portable pump at a maximum effective diversion rate of 7.27 cfs (1625 gpm) using a sprinkler and flood type distribution system. During the period 1963-1967, Field No. F1 was irrigated with water from Cummins Creek and Field No. F2 was irrigated with water from Chambers Creek. (BF 310-311)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1190 in any calendar year during the period 1963-1967, inclusive, was 43 acre-feet. Of this 43 acre-feet, 19 acre-feet were used from Cummins Creek to irrigate Field No. F1 and 24 acre-feet were used from Chambers Creek to irrigate Field No. F2. (BF 312-313)

**CONCLUSION:**

1. Claimants are recognized a right under §11.303 Claim No. 5854 to divert and use not to exceed 19 acre-feet of water per year from anywhere on Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, within T-1190 including D-3160, at a maximum diversion rate of 2.37 cfs (1625 gpm) for the irrigation of 19 acres of land within T-1190 in Abstract No. 669, Navarro County, with a priority date of July 1856.

2. Claimants are not recognized any right under §11.303 Claim No. 5854 to divert and use water from Chambers Creek because Abstract No. 669, Navarro County, is not riparian to Chambers Creek.

**DIVERSION POINTS NOS:** 3120, 3300
**TRACT NO:** 1360

**OWNERSHIP:** Viola C. Bonner Estate

IN: 131-132
APP: 15
IS BF 45-46; I BF 157-163

**SECTION 11.307 CLAIM:** None

**FINDINGS:**

1. Claimant is the owner of §11.303 Claim No. 6169 which asserted a riparian right to divert and use water for irrigation purposes and declared the diversion and use of an unspecified amount of water during the period 1963-1967, inclusive, from Chambers and Cummins Creeks, tributaries of Richland Creek, tributary of the Trinity River, at a maximum diversion rate of 2325 gpm for irrigation purposes. The date of first beneficial use of water within the claim area was declared to be July 1966. (Exh. 718)

2. Claimant is the owner of claim area T-1360 which is located in Abstracts Nos. 26, 190, 518, 738, 742 and 874, Navarro County. Abstract No. 874 was patented in 1845. Abstract No. 26 was patented in 1855. Abstract No. 190 was patented in 1848. Abstract No. 718 was patented in 1861. Abstract No. 742 was patented in 1850. T-1360 and Abstracts No. 742 abut both Cummins and Chambers Creeks. T-1360 and Abstracts Nos. 190 and 874 abut Cummins Creek but do not abut or cross Chambers Creek. T-1360 and Abstract No. 518 abut Cummins and Chambers Creeks. T-1360 and Abstract No. 26 do not abut or cross Cummins Creek. (IX BF 45; Exh. 4)

3. The first diversion and use of state water for irrigation purposes within T-1360 was in July 1956. (I BF 158)

4. The most acreage within T-1360 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 865 acres, being Field Nos. 1, 2, 3, 4 and 5. (I BF 161)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes at diversion points D-3120 located on Chambers Creek and D-3300 located on the new channel of Cummins Creek by four portable pumps at an unspecified diversion rate using a sprinkler type distribution system. (I BF 159)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1360 in any calendar year during the period 1963-1967, inclusive, was 865 acre-feet of water. (I BF 161-162)

7. The final diversion and use of state water for irrigation purposes within T-1360 was in July 1956. (I BF 158)

**CONCLUSION:**

Claimant is not recognized any right under §11.303 Claim No. 6169 because an §11.307 claim was filed in the adjudication of this segment particulary to §11.303 Claim No. 6169, portions of claim area T-1360 are severed from one or both watercourses, and insufficient evidence was presented concerning water use during the period 1963-1967, inclusive.

---

**DIVERSION POINT NO:** 3140
**TRACT NO:** 1220

**OWNERSHIP:** James E. Fortson, Ann Fortson Harvey, Jane Fortson Hardaway and James H. Fortson

IN: 141
APP: 16
I BF 343-349

**SECTION 11.307 CLAIM:** Under §11.303 Claim No. 5896 to divert and use 72 acre-feet of water per year from Cummins Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 72 acres of land with a priority date of July 1856. (Exh. 48)

**FINDINGS:**

1. Claimants are the owners of §11.303 Claim No. 5896 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Cummins Creek at a maximum diversion rate of 3325 gpm for the irrigation of an unspecified number of acres of land. The date of first beneficial use of water within the claim area was declared to be July 1856. (Exh. 47)

2. Claimants are the owners of claim area T-1220 which is located in Abstract No. 145, Navarro County. Abstract No. 145 was patented in 1844. T-1220 abuts and Abstract No. 145 crosses Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (BF 345-347)

3. The first diversion and use of state water for irrigation purposes within T-1220 was in July 1956. (BF 345)

4. The most acreage within T-1220 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 46 acres, being Field No. F1 in 1963. (BF 347-348)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1220 from anywhere on Cummins Creek located within claimants' ownership, including D-3140, by two portable pumps at a total maximum effective diversion rate at 3.3 cfs (1500 gpm) using a sprinkler and flood type distribution system. (BF 347, 349, 360)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1220 in any calendar year during the period 1963-1967, inclusive, was 46 acre-feet of water in 1963. (BF 351)

**CONCLUSION:**

Claimants are recognized a right under §11.303 Claim No. 5896 to divert and use not to exceed 46 acre-feet of water per year from anywhere along Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, within tract T-1220, including D-3140, at a total maximum diversion rate of 3.3 cfs (1500 gpm) for the irrigation of 46 acres of land within tract T-1220 in Abstract No. 145, Navarro County, with a priority date of July 1856.

---

**DIVERSION POINT NO:** 3160
**TRACT NO:** 1260

**OWNERSHIP:** Laura Fortson Johnston and Judith Johnston Roberts

IN: 126
APP: 16
I BF 337-345

**SECTION 11.307 CLAIM:** Under §11.303 Claim No. 5876 to divert and use 167 acre-feet of water per year from an unnamed tributary of Cummins Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 167 acres of land with a priority date of July 1856, one 3.1 acre-foot capacity reservoir on an unnamed tributary of Cummins Creek was also claimed. (Exh. 54)

**FINDINGS:**

1. Claimants are the owners of §11.303 Claim No. 5876 which asserted a right under Article 7500a and the irrigation Acts of 1889 and 1895 to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from an unnamed tributary of Cummins Creek at a maximum diversion rate of 3325 gpm for the irrigation of an unspecified number of acres of land. The date of first beneficial use of water within the claim area was declared to be July 1856. A reservoir on an unnamed tributary of Cummins Creek with a capacity of 3.1 acre-feet was also claimed. (Exh. 64)

2. Claimants are the owners of claim area T-1260 which is located in Abstract No. 723, Navarro County. Abstract No. 723 was patented in 1844. T-1260 and Abstract No. 723 cross Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (BF 339-341)

3. The first diversion and use of state water for irrigation purposes within T-1260 was in July 1956. (BF 339)

4. The most acreage within T-1260 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 167 acres, being Field No. F-1, in 1963. (BF 339-341)

5. A dam was constructed in 1956 or 1956 and is located at diversion point D-3160 on an unnamed tributary of Cummins Creek. During the period 1963-1967, inclusive, 168 acre-feet of water was impounded in the reservoir and the water used for irrigation purposes. This diversion and use of state water within T-1260 during this period was facilitated by water used for irrigation. (BF 343, 344, 361)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1260 at various diversion points located on the perimeter of the reservoir at an unnamed tributary of Cummins Creek by three portable pumps at a total maximum effective diversion rate of 6.0 cfs (3725 gpm) using a sprinkler and flood type distribution system. (BF 347)

7. The maximum amount of state water diverted and used for irrigation purposes within T-1260 in any calendar year during the period 1963-1967, inclusive, was 167 acre-feet of water in 1963. (BF 339)

**CONCLUSION:**

1. The use of the dam and reservoir located at diversion point D-3160 within T-1260 on an unnamed tributary of Cummins Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimants are recognized a right under §11.303 Claim No. 5876 to maintain an existing dam and reservoir located at diversion point D-3160 on an unnamed tributary of Cummins Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and to impound therein not to exceed 168 acre-feet of water.

3. Claimants are recognized a right under §11.303 Claim No. 5876 to divert and use not to exceed 167 acre-feet of water per year from the perimeter of the reservoir at a maximum diversion rate of 6.0 cfs (3725 gpm) for the irrigation of 167 acres of land within tract T-1260 in Abstract No. 723, Navarro County, with a priority date of July 31, 1956.

38

DIVERSION POINT NO: 3220
TRACT NO: 1393

OWNERSHIP: The Estate of Anna Fortson Bartlett, deceased – ownership unverified

IN: 127
APP: 16-17
C RF 346-346

SECTION 11.307 CLAIM: Under §11.303 Claim No. 6178 to divert and use 919 acre-feet of water per year from Chambers Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 619 acres of land with a priority date of July 1856. [Exh. 63]

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6178 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Chambers and Cummins Creeks at a maximum diversion rate of 3525 gpm for the irrigation of an unspecified number of acres of land. The date of first beneficial use of water within the claim area was declared to be July 1856. [Exh. 63]

2. The official records of the Department show that Anna Fortson Bartlett is the holder of §11.303 Claim No. 6178. At the evidentiary hearing, the Estate of Anna Fortson Bartlett, Deceased, appeared as the claimant and asserted ownership of §11.303 Claim No. 6178. No deed or other document has been received by the Department to reflect the change of ownership. [RF 347]

3. Claimant is the owner or claim area T-1280 which is located in Abstracts Nos. 19, 295, 582, 631, 720 and 973, Navarro County. All irrigation within T-1280 during the period 1963-1967, inclusive, was in Abstracts Nos. 720, 295, 582, 973 and 19. Abstract No. 19 was patented in 1893. Abstract No. 295 was patented in 1846. Abstract No. 582 was patented in 1869. Abstract No. 631 was patented in 1860, T-1280 and Abstracts Nos. 720, 295, 582 and 973 cross Chambers Creek. Abstract No. 19 does not abut or cross Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. [Exh. 5, p. 16; RF 351]

4. The first diversion and use of water for irrigation purposes within T-1280 was in July 1856. [RF 356]

5. The most acreage within T-1280 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 619 acres, being Field #-1 in 1963. Of this 619 acres, 100 acres are within Abstract No. 19. [CF 352]

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1280 anywhere on Chambers Creek within T-1280 including D-3220 by sheep portable pumps at a maximum effective diversion rate of 3.25 cfs (3425 gpm) using a sprinkler and flood type distribution system. [CF 347, 351, 355, 356]

7. Water was typically diverted from Chambers Creek and placed in an old channel of Cummins Creek to transport it to the fields. This old channel of Cummins Creek is no longer a tributary to any stream. [RF 353]

8. The maximum amount of state water diverted and used for irrigation purposes within T-1280 in any calendar year during the period 1963-1967, inclusive, was 618 acre-feet of water in 1963. Of this 618 acre-feet, 78 acre-feet were diverted from that portion of tract T-1280 that are within Abstract No. 24, and 740 acre-feet were used to irrigate that portion within Abstracts Nos. 730, 295, 582 and 973, Navarro County. [RF 348-357]

CONCLUSIONS:

1. Claimant is recognized a right under §11.303 Claim No. 6178 to divert and use not to exceed 740 acre-feet of water per year from anywhere on Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, within T-1280 including D-3220 at a total maximum diversion rate of 3.24 cfs (3425 gpm) for the irrigation of 519 acres of land within tract T-1280 in Abstracts Nos. 730, 295, 582 and 973, Navarro County, with a priority date of July 1, 1856.

2. Claimant is not recognized any right under §11.303 Claim No. 6178 to irrigate land within Abstract No. 19, Navarro County, because it is severed from Chambers County.

DIVERSION POINT NO: 3240
TRACT NO: None

OWNERSHIP: Rice Water Supply Corporation

IN: 129
APP: 16
C RF 258-262

SECTION 11.307 CLAIM: Under Permit No. 1755 to impound water in a 197 acre-foot capacity reservoir located on an unnamed tributary of Chambers Creek and to divert and use therefrom 34 acre-feet of water per year for domestic and municipal purposes at a maximum diversion rate of 0.4 gpm with a priority date of April 4, 1960. [Exh. 41]

FINDINGS:

1. Claimant is the owner of Permit No. 1959 (Application No. 2155), a 7960s type permit, which authorizes the diversion and use of not to exceed 54 acre-feet of water per year from a 197 acre-foot capacity reservoir constructed pursuant to Permit No. 1959 on an unnamed tributary of Chambers Creek, tributary of the Trinity River, for domestic purposes at a maximum diversion rate of 0.4 cfs. [Exh. 43]

2. Application No. 2155 for Permit No. 1959 was accepted for filing by the Commission on April 4, 1960, and the permit was issued on June 7, 1960. [Exh. 41]

3. Claimant maintains a 197 acre-foot capacity reservoir located at diversion point D-3240, which is the authorized location on an unnamed tributary of Chambers Creek, with the dam being located in Abstract No. 751, Navarro County. [RF 231-232, 240]

4. Claimant diverted water from the authorized reservoir, treated and stored it for sale to the people living in the City of Rice. [RF 231]

5. Since the issuance of the permit, state water has been diverted for municipal purposes within the City of Rice from anywhere on the perimeter of the authorized reservoir by means of two stationary pumps at a total maximum effective diversion rate of 0.48 cfs (230 gpm). [RF 233-240]

6. Water has been used for municipal purposes since the issuance of Permit No. 1959. It appears that the permit incorrectly states the purpose of use as "domestic". The correct purpose is municipal. [RF 231-231]

7. The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 14 acre-feet in 1965. [RF 237]

8. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 1959 for municipal purposes was because of the purchase of water from the Cities of Ennis and Corsicana due to superior water treatment facilities. [RF 235, 239]

9. Claimant indicated that the authorized reservoir would be maintained as an emergency municipal water supply. In the event of a shortage of water available from present supplies, the full permitted amount will be utilized. [RF 238]

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 1959 to divert and use not to exceed 14 acre-feet of water per year from the perimeter of an existing 197 acre-foot capacity reservoir located by a dam at D-3240 on an unnamed tributary of Chambers Creek, tributary of the Trinity River, constructed under Article 7500a, for municipal purposes at a maximum diversion rate of 0.4 cfs (240 gpm) with a priority date of April 4, 1960.

2. Claimant showed sufficient justification for the lack of development under Permit No. 1959 to the full extent authorized.

3. Claimant demonstrated a bona fide intention to divert and use the full authorization given by Permit No. 1959 in the future.

4. Claimant may continue diligent development under Permit No. 1959 to a diversion and use of not to exceed 54 acre-feet of water per year for municipal purposes.

DIVERSION POINTS NOS: 3280, 3290, 3300, 3310, 3320, 3330 and 3340
TRACT NO: 1300

OWNERSHIP: Corsicana Country Club, B. Lynn Sanders, Estate of A. J. Johnson and Estate of F. R. Drane

IN: 130-131
APP: 18
C RF 190-203

SECTION 11.307 CLAIM: Under Permit No. 2210A to impound water in a 60 acre-foot capacity reservoir located on an unnamed tributary of Briar Creek and to divert and use therefrom 60 acre-feet of water per year for irrigation purposes, and 60 acre-feet of water per year for recreation purposes at a maximum diversion rate of 7.1 cfs for the irrigation of 50 acres of land with a priority date of March 27, 1965. [Exh. 39]

FINDINGS:

1. Claimants are the owners of Permit No. 2210A (Application Nos. 2435 and 24313), a regular type permit, which, as amended, authorizes the impoundment of water in an existing 60 acre-foot capacity reservoir known as Reservoir No. 1, the construction and impoundment of water in an existing 113 acre-foot capacity SCS reservoir designated as Site No. 136), both located on an unnamed tributary of Briar Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. Permittees are authorized to divert and use from Reservoir No. 1 and/or to directly divert and use from Briar Creek and to spread a combined total of 60 acre-feet of water per year to irrigate 50 acres of land in Abstract No. 34, Navarro County. Permittees are authorized to divert and use from Site No. 136 and/or to directly divert and use from Briar Creek and a combined total of 60 acre-feet of water per year to maintain a constant level in Reservoir No. 1. Permittees are authorized to use Reservoir No. 1 for recreation purposes. Water is to be diverted at four points at the following diversion rates: 2.7 cfs (1212 gpm) at Point No. 1 or Point No. 2; 3.2 cfs (1400 gpm) at Point No. 3; and 2.2 cfs (1400 gpm) at Point No. 4. [Exh. 39 and 31]

2. Special Conditions in Permit No. 2210A include the following:

Permittees are authorized to use the bed and banks of the unnamed tributary of Briar Creek for the purpose of transporting stored water from Site No. 136 to Diversion Point No. 4.

Permittees are authorized to divert and use water from Site No. 136 only when the water level in the reservoir is at or above diversion 403.5 feet above mean sea level which is one foot above the level of the low-flow outlet.

Permittees' authorization to divert and use water from Site No. 136 and Diversion Point No. 4 shall expire on September 21, 1980 or upon termination of the concrete dated September 3, 1978 between Corsicana Country Club and B. Lynn Sanders, whichever shall first occur.

[Exhs. 39 and 31]

3. Application No. 2435 for Permit No. 2210 was accepted for filing by the Commission on March 22, 1966, and the permit was issued on May 31, 1966. [Exhs. 39]

4. Application No. 24316 for Permit No. 2210A, which authorized an additional reservoir (Site No. 136), added two diversion points and authorized the use of the bed and banks of the unnamed tributary of Briar Creek, was accepted for filing by the Commission on July 6, 1979, and the amendment was issued on June 27, 1979. [Exh. 31]

5. Claimants maintain a 119 acre-foot capacity reservoir (Site No. 136) located at the authorized location on an unnamed tributary of Briar Creek, with the dam being located at B-2290 in Abstract No. 796, Navarro County. [RF 197]

6. Claimants maintain a 60 acre-foot capacity reservoir (Reservoir No. 1) located at the authorized location of Briar Creek with the dam being located at B-2210 in Abstract No. 622, Navarro County. [RF 197]

7. Reservoir No. 1 and SCS Site No. 136 are located on different unnamed tributaries of Briar Creek. [RF 195]

8. The most acreage within permit are T-1302 irrigated with state water in any calendar year since the issuance of the permit was 40 acres. [RF 199]

9. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-1302 at authorized diversion points D-3320 and D-3330 and an unnamed diversion point located on the perimeter of the authorized reservoir by means of a pump at a maximum effective diversion rate of 3.6 cfs (1211 gpm) using a sprinkler type distribution system. Claimants intends to develop diversion point D-3290 and instead use D-3310 for irrigation purposes, Claimants additionally intend to divert from diversion point D-3280, which is a low flow outlet on the dam at B-3280, to carry water from the SCS Site to Reservoir No. 1. Diversion point D-3300 designates the location of a pump on the spilling basin just below B-3290 which is used to transfer water from SCS Site No. 136 to Reservoir No. 1 through an 8-inch pipeline at a maximum diversion rate of 3.2 cfs (1400 gpm). [RF 197, 196-199, 200]

10. No diversion has taken place since issuance of the permit from diversion point D-3310 on an unnamed tributary of Briar Creek. Claimants indicated that there was no intention to use water from the unnamed tributary in the future. [RF 197, 197]

11. The maximum amount of state water diverted and used for irrigation purposes within T-1300 in any calendar year since the issuance of the permit was 27 acre-feet in 1965. [RF 201]

12. The maximum amount of state water diverted and used at D-3290 to maintain the level of Reservoir No. 1 in any calendar year since the issuance of the permit was 40 acre-feet in 1971. [RF 201]

13. Reservoir No. 1 has been used for recreation purposes in connection with the golf course at Corsicana Country Club since issuance of the permit. [RF 200]

DIVERSION POINT NO: 3466
TRACT NO: None

OWNERSHIP: Carmack Watkins

IN: 115
APP: 96
2 ST 204-214

SECTION 11.307 CLAIM: Under Permit No. 3276 to impound water in a 146 acre-foot capacity reservoir located on an unnamed stream (John Peoples Survey, Abstract No. 9) and to divert and use impounded 146 acre-feet of water per year for boating and recreation, fishing and native and private club purposes (irrigation of part of residence) with a priority date of January 29, 1976. (Exha. 24, 27)

FINDINGS:

1. Claimant is the owner of Permit No. 3274 (Application No. 1545) which authorizes the maintenance of an existing dam and 146 acre-foot capacity reservoir located on an unnamed tributary of Elm Creek, tributary of Post Oak Creek, tributary of Richland Creek, tributary of Richland Creek, for recreation purposes with no right of diversion from the impoundment. (Exh. 39)

2. Application No. 3466 for Permit No. 3274, was accepted for filing by the Commission on January 29, 1976, and the permit was issued on May 19, 1976. (Exh. 28)

3. Claimant maintains a 146 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Elm Creek, with the dam being located at D-3468 in Abstracts Nos. 248 and 955, Navarro County. (SF 209-210)

4. Since the issuance of the permit, state water has been impounded for recreational purposes. Water has been diverted from the impoundment for domestic and livestock purposes only. (SF 211-211)

CONCLUSION:

Claimant is recognized a right under Permit No. 3274 to maintain an existing dam and a 146 acre-foot capacity reservoir located on an unnamed tributary of Elm Creek, tributary of Post Oak Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-3468 in Abstracts Nos. 248 and 955, Navarro County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of January 29, 1976.

DIVERSION POINT NO: 3632
TRACT NO: None

OWNERSHIP: Boza Fleming Foundation for Boys, Inc.

IN: 116
APP: 96
1 SF 215-223

SECTION 11.307 CLAIM: Under Permit No. 3314 to impound water in a 760 acre-foot capacity reservoir located on an unnamed tributary of Elm Creek for recreational purposes with no right of diversion from the impoundment with a priority date of March 29, 1976. (Exh. 24)

FINDINGS:

1. Claimant is the owner of Permit No. 3316 (Application No. 1543), which authorizes the maintenance of an existing dam and reservoir (Magnolia Lake) located on an unnamed tributary of Elm Creek, tributary of Post Oak Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 760 acre-feet of water per year for recreational purposes with no right of diversion from the impoundment. (Exh. 39)

2. Application No. 3632 for Permit No. 3314 was accepted for filing by the Commission on March 29, 1976, and the permit was issued on September 24, 1976. (Exh. 29)

3. Claimant maintains a 760 acre-foot capacity reservoir (Magnolia Lake) located at the authorized location on an unnamed tributary of Elm Creek, tributary of Post Oak Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-3632 in Abstract No. 9, Navarro County. (SF 219)

4. Since the issuance of the permit, state water has been impounded for livestock and recreation purposes only. (SF 221-222)

CONCLUSION:

Claimant is recognized a right under Permit No. 3314 to maintain an existing dam and a 760 acre-foot capacity reservoir located on an unnamed tributary of Elm Creek, tributary of Post Oak Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River, with the dam being located at D-3632 in Abstract No. 9, Navarro County. (SF 219)

DIVERSION POINT NO: 3560
TRACT NO: 1349

OWNERSHIP: William J. McKie, Ben W, McKie, Jr., Estate of Ben M, McKie, Sr. and Estate of P. D. McKie

IN: 127
APP: 96
1 SF 275-385

SECTION 11.307 CLAIM: Under §11.303 Claim No. 7661 to divert and use 400 acre-feet of water per year from Post Oak and Chambers Creeks at an unspecified diversion rate for the irrigation of 400 acres of land with a priority date of 1865. (Exh. 49)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No.7662 which asserted a riparian right to divert and use water for irrigation purposes and declared that no state water was diverted and used in any calendar year during the period 1963-1967, inclusive, because of salt water pollution of Chambers and Post Oak Creeks. The claim indicates: "In view of salt water Chambers Creek. We have been unable to use the water therefrom. Irrigation from these creeks has been tried time and time again with results that lead is damaged and we claim that we would have used water for irrigation purposes had have been enforced to stop pollution of these streams." (Exh 76)

2. Claimants are the owners of claim area T-1349 which is located in Abstracts Nos. 17, 70, 132 and 799, Navarro County. Abstract No. 17 was patented in 1847. Abstract No. 70 was patented in 1860. Abstract No. 132 was patented in 1860. Abstract No. 799 was patented in 1838. T-1349 abuts and Abstracts Nos. 799, 17 and 70 cross Post Oak of Chambers Creek, tributary of the Trinity River, T-1349 and Abstracts Nos. 17 and 70 cross Chambers Creek. Abstract No. 132 does not abut or cross Post Oak of Chambers Creeks. (Exh. 9, p. 18; SF 278)

3. During the period 1963-1967, inclusive, Post Oak Creek was polluted with salt water from oil production. As a result of this pollution, the water contained in Post Oak Creek was unsuitable for irrigation and livestock purposes. (Exha. 72, 73, 74, 75, 76; SF 277-281)

4. During the period 1963-1967, inclusive, no state water was diverted by Claimant for any purpose from Post Oak Creek or Chambers Creek. D-3560 is designated for reference purposes only. (SF 279-281)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 7662 because there was no nonexempt beneficial use of state water within T-1349 during the period 1963-1967, inclusive.

DIVERSION POINT NO: 3560
TRACT NO: 1349, 1341

OWNERSHIP: P. O. Fullwood

IN: 134-139
APP: 19
2 SF 386-397

SECTION 11.307 Claim: Under §11.303 Claim No. 6869 to divert and use 290 acre-feet of water per year from Little Cedar Creek at a maximum diversion rate of 0.22 cfs for the irrigation of 290 acres of land with a priority date of 1969. (Exh. 79)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6969 which asserted a riparian right to divert and use water for irrigation purposes and declared that there had been no diversion and use of water for Little Cedar Creek in any calendar year during the period 1963-1967, inclusive. The claim indicates: "Little Cedar Creek has been subject to continued salt water pollution, and a number of applications of its water have resulted in damage to the land, when this salt water pollution stops then I will irrigate with more sophisticated equipment. I claim irrigation rights of riparian rights from the waters above described, when the water is suitable for irrigation purposes." (Exh. 80)

2. Claimant is the owner of claim areas T-1340 and T-1341 which are located in Abstracts Nos. 332 and 101, Navarro County. Abstract No. 332 was patented in 1843. Abstract No. 190 was patented in 1844. T-1340 abuts and Abstract No. 530 crosses Little Cedar Creek, tributary of Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. Neither T-1341 nor Abstract No. 330 cross or abut Little Cedar Creek. (Exh. 9, p. 19, Exh. 81; SF 390-391)

3. During the period 1963-1967, inclusive, Little Cedar Creek was polluted with saltwater from oil production. As a result of this pollution, the water contained in Little Cedar Creek was unsuitable for irrigation. (Exha. 73, 73, 74, 75, 76; SF 392-397)

4. During the period 1963-1967, inclusive, no state water was diverted by claimant for irrigation purposes within T-1340 and T-1341 from Little Cedar Creek. D-3560 is designated for reference purposes only. (SF 10-391, 394)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 6869 because there was no nonexempt beneficial use of state water within T-1340 and T-1341 during the period 1963-1967, inclusive.

DIVERSION POINT NO: 3590
TRACT NO: 1360

OWNERSHIP: Laura Furman Johnston and Judith Johnston Roberts

IN: 140
APP: 2
2 SF 317-340

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5674 to divert and use 63 acre-feet of water per year from Chambers Creek at a maximum diversion rate of 7.41 cfs for the irrigation of 65 acres of land with a priority date of July, 1956. (Exh. 39)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 5674 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified number of acre-feet of water from Chambers Creek at a maximum diversion rate of 3215 gpm for the irrigation of an unspecified number of acres of land. The date of first beneficial use of water within the claim area was declared to be July 1956. (Exh. 19)

2. Claimants are the owners of claim area T-1360 which is located in Abstract No. 139, Navarro County. Abstract No. 119 was patented in 1846. T-1360 abuts and Abstract No. 139 cross Chambers Creek, tributary of Richland Creek, tributary of the Trinity River. (SF 314-315)

3. The first diversion and use of state water for irrigation purposes within T-1360 was in July 1956. (SF 343)

4. The most acreage within T-1360 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 63 acres, being field No. P-1. (SF 339, 344)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1360 from anywhere on Chambers Creek within T-1360 including D-3590 by two portable pumps at a total maximum effective diversion rate of 4.3 cfs (1921 gpm) using a sprinkler and flood type distribution system. (SF 317, 337, 334, 344)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1360 in any calendar year during the period 1963-1967, inclusive, was 63 acre-feet of water. (SF 278, 314-315)

CONCLUSION:

Claimants are recognized a right under §11.303 Claim No. 5674 to divert and use not to exceed 63 acre-feet of water per year from anywhere along Chambers Creek, tributary of Richland Creek, tributary of the Trinity River within T-1360, including D-3590, at a maximum diversion rate of 4.3 cfs (1921 gpm) for the irrigation of 63 acres of land within tract T-1360 in Abstract No. 139, Navarro County, with a priority date of July 31, 1956.

44

DIVERSION POINT NO.: 3689
TRACT NO.: None

OWNERSHIP: Tarrant County Water Control and Improvement District No. 1

IR: 161
APP: 17
V SP 187-289

SECTION 14.187 CLAIM: Under Permit No. 3316 to impound water in a 1,129,000 acre-feet capacity reservoir located on Richland Creek and to divert and use therefrom 210,000 acre-feet of water per year for municipal, etc. purposes at a maximum diversion rate of 579.38 cfs (260,000 gpm) with a priority date of October 18, 1954. (Exh. 414)

FINDINGS:

1.  Claimant is the owner of Permit No. 3316 (Application No. 3456), a regular type permit, which authorizes the construction of a dam and reservoir located on Richland Creek, tributary of the Trinity River, and the impoundment therein of 1,129,000 acre-feet of water per year, and the diversion and use therefrom of not to exceed 210,000 acre-feet of water per year for municipal purposes at a maximum diversion rate of 579.38 cfs (260,000 gpm). (Exh. 427)

2.  Time Limitations and Special Conditions in Permit No. 3316 include the following:

    Construction or installation of all works herein authorized or required shall be in accordance with plans approved by the Commission and shall be commenced within two years and completed within four years from date of issuance of this permit unless extended by the Commission.

    The permittee shall install and maintain a continuous lake level measuring station for permitted reservoir and maintain the following daily records:

    (1) Reservoir content;

    (2) Discharge past the dam; and

    (3) Diversion for each authorized use.

    All records shall be compiled monthly and reported to the Commission annually and at other times on request.

    The permittee shall survey and document an appropriate number of redivasl ranges prior to impoundment of water. A set of drawings showing the locations and profile of each range will be submitted to the Commission along with a stage-elevation-area-capacity table based on the surveyed ranges.

    Priority under this permit shall be junior in time to Permit No. 1945 issued on January 13, 1960 (Nature Mills Project) and Permit No. 3068, issued on November 15, 1962 (Bardwell Project).

    (Exh. 427)

3.  Application No. 3259 for Permit No. 3316 was accepted for filing by the Commission on August 13, 1957, and the permit was issued on November 18, 1975. (Exh. 427)

4.  The Commission issued an Order on August 3, 1977 extending the time to commence and complete construction of the project authorized by Permit No. 3316. This Order required commencement of construction by November 14, 1979 and completion by November 14, 1982. (Exh. 414)

5.  The Commission issued an Order on July 29, 1980 granting a second extension of the time to commence and complete construction of the project authorized by Permit No. 3316. This Order required commencement of construction by November 14, 1983 and completion by November 14, 1987. (Exh. 414)

6.  The July 29, 1980 Commission Order extending the time to commence and complete construction under Permit No. 3316 was appealed to the Travis County District Court. The Commission's Order was sustained by the Court. (Exh. 414)

7.  Diversion Point D-3680 designated the authorized location of the dam on Richland Creek, tributary of the Trinity River, in Navarro County. (SF 213)

8.  Approximately 88 percent of the land necessary for the Richland Creek reservoir project has been acquired. A construction contract has been awarded for the project and construction has begun by clearing the dam site. (Exh. 414; SF 213)

9.  The reason claimant failed to develop the water use authorized by Permit No. 3316 was the continuing controversy involving the decision of whether lignite resources in the reservoir site area would be mined. (Exh. 414)

10. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 3316 for municipal purposes in the foreseeable future by showing the projected need for the Richland Creek Reservoir through population projections, the intention to develop water resources in the reservoir site area rather than lignite resources and the beginning of construction on the dam. (SF 213, 257-258)

CONCLUSIONS:

1.  Claimant showed sufficient justification for the lack of development under Permit No. 3316 to the full extent authorized for municipal purposes.

2.  Claimant demonstrated a bona fide intention to develop Permit No. 3316 to its full extent in the foreseeable future.

3.  Claimant may diligently develop Permit No. 3316 to an impoundment of 1,129,000 acre-feet of water in a reservoir on Richland Creek, tributary of the Trinity River, with the dam being located at D-3680 and to a diversion and use therefrom of not to exceed 210,000 acre-feet of water per year for municipal purposes in the Trinity River Basin at a maximum diversion rate of 579.38 cfs (260,000 gpm) with a priority date of August 13, 1957.

4.  Claimant's rights under Permit No. 3316 are subject to the special conditions contained in the permit.

DIVERSION POINT NOS: 3620, 3630 and 3640
TRACT NO.: 1400

OWNERSHIP: J. J. Innon, Jr.

IR: 142-143
APP: 17
IX SF 41-47

SECTION 11.307 CLAIM: None

FINDINGS:

1.  Claimant is the owner of §11.303 Claim Nos. 2042 which claims a riparian right to divert and use water from a watercourse, tributary of Alligator Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 15 acre-feet of water was diverted to irrigate 5 acres of land in any calendar year during the period 1963-1967, inclusive. The first or beneficial use of water is the claim area is declared to be in 1963. A 10 acre-foot capacity reservoir is also claimed. (Exh. 728)

2.  Claimant is the owner of claim area P-1601 which is located in Abstract No. 669, Navarro County. Abstract No. 669 was patented in 1861. P-1600 and Abstract No. 669 abut the unnamed tributary of Alligator Creek. Diversion points D-3620, D-3630 and D-3640 reference locations in §11.303 Claim No. 2042. (Exh. (); IX SF 47)

3.  Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 2042 because no evidence was presented of any consumptive beneficial use of state water within tract P-1600 during the period 1963-1967, inclusive, and because no §11.307 claim was filed with the adjudication of this segment pertaining to §11.303 Claim No. 2042.

DIVERSION POINTS NOS: 3660, 3665, 3670, 3675, 3680, 3685, 3690, 3695, 3700, 3705, 3710, 3715, 3720, 3725, 3730, 3735, 3740, 3770, 3775, 3780, 3785, 3790

TRACT NO: 1460

OWNERSHIP: Edwin L. Cox

IR: 164
APP: 24
VIII SF 155-246

SECTION 11.307 CLAIM: Under Permit No. 1964A to impound water in a 3692 acre-foot capacity reservoir and to divert and use therefrom 800 acre-feet of water per year for irrigation and recreation purposes from the Mitchell Branch at an unspecified diversion rate for the irrigation of an unspecified amount of acres with a priority date of June 9, 1953. (Exh. 430)

FINDINGS:

1.  Claimant is the owner of Permit No. 1964 (Application No. 3132), which authorizes the construction of a dam and 3,332 acre-foot capacity reservoir located on Mitchell Branch, tributary of the Trinity River for recreational use located in the William Meredith Original Survey No. 538, Anderson County. (Exh. 431)

2.  Special Conditions in Permit No. 1964 include the following:

    a.  The permittee shall construct a sluiceway in said dam with the inlet at elevation 422.0 feet above mean sea level, having an opening of not less than 4 inches in diameter and equipped with a regulating gate, to permit the free passage of the normal flow of Mitchell Branch through the dam at all times and the passage of those waters which may be impounded in said reservoir to which the Board may determine lower appropriators are entitled.

    b.  Construction of the works herein authorized shall be commenced within 2 months and shall be prosecuted diligently and continuously and be completed within 2 months from date of issuance of this permit unless otherwise ordered by the Board. Failure to begin and complete such construction within such time limitations shall cause this permit to lapse and be of no further force and effect and will be forfeited forthwith unless an extension of time is applied for by the permittee prior to the applicable date above and granted by the Board. (Exh. 431)

3.  Application No. 3132 for Permit No. 1964 was accepted for filing by the Commission on June 9, 1959, and the permit was issued on January 6, 1960. (Exh. 431)

4.  Claimant is the owner of Permit No. 1964a, which authorizes the following:

    a.  to impound and divert water from the following four existing reservoirs:

        1)  A 104 acre-foot capacity reservoir located in the R. L. Gillmore Survey, Abstract No. 317;

        2)  A 30 acre-foot capacity reservoir located in the R. L. Gilmore Survey, Abstract No. 317;

        3)  A 23 acre-foot capacity reservoir located in the Robert C. Montgomery Survey, Abstract No. 540;

        4)  A 45 acre-foot capacity reservoir located in the Alfred Read Survey, Abstract No. 367.

    b.  the impounding capacity of the existing reservoir authorized by Permit No. 1964 is hereby decreased from 3,332 acre-feet to 2,690 acre-feet and the location of reservoir is changed from the William Meredith Original Survey No. 353 to Anderson County School Land Survey, Abstract No. 79; this reservoir and the above-mentioned 4 reservoirs all being located in Anderson County.

    c.  to divert 800 acre-feet of water per annum from the authorized reservoirs for the purpose of irrigating 800 acres of land out of a 2,892 acre-tract in Anderson County.

    d.  Point of diversion: by means of 2 portable pumps on the perimeter of the reservoirs with maximum diversion rate of 8.4 cfs (4,200 gpm).

(Exh. 633)

5. Application No. 2129A for Permit No. 1914A was accepted for filing by the Commission on October 23, 1967, and the amendment was issued on March 26, 1968. (Exh. 633)

6. Claimant constructed and maintains a 1200 acre-foot capacity reservoir called Lodge Lake located at diversion point D-3663, which is the authorized location on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, with the dam being located in Abstract No. 78, Anderson County. (VIII RF 202-205, 213-214)

7. Claimant maintains a 204 acre-foot capacity reservoir located at diversion point D-3670, which is the authorized location on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, with the dam being located in Abstract No. 217, Anderson County. (VIII RF 201-205, 213-214)

8. Claimant maintains a 43 acre-foot capacity reservoir located at diversion point D-3675, which is the authorized location on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, with the dam being located in Abstract No. 717, Anderson County. (VIII RF 205-206, 214-216)

9. Claimant maintains a 10 acre-foot capacity reservoir located at diversion point D-3680, which is the authorized location on the Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, with the dam being located in Abstract No. 360, Anderson County. (VIII RF 205-206, 215-216)

10. Claimant maintains a 308 acre-foot capacity reservoir located at diversion point D-3710, which is the authorized location on the Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, with the dam being located in Abstract No. 271, Anderson County. (VIII RF 205-206, 216)

11. Claimant maintains unauthorized reservoirs at diversion points D-3650, D-3685, D-3690, D-3693, D-3700, D-3710, D-3720, D-3725, D-3726, and D-3725 on an unnamed tributary of Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, Anderson County. None of these reservoirs have a capacity over 200 acre-foot. (VIII RF 208, 217)

12. Claimant maintains unauthorized reservoirs located at diversion points D-3785, D-3790, D-3775, D-3770, D-3780, D-3785, and D-3790, on an unnamed tributary of Hall Branch, tributary of Saline Branch, tributary of Trinity River, Anderson County. (VIII RF 208-209, 217)

13. The most acreage within permit area P-1440 irrigated with state water from Mitchell Branch in any calendar year since the issuance of the permit was 600 acres, in 1965. (Exh. 633)

14. Since the issuance of the permit, state water has been diverted for irrigation purposes within P-1440 at unauthorized diversion point D-3710 located on the perimeter of the unauthorized reservoir at D-3710 by means of two portable pumps at a maximum combined diversion rate of 1.5 cfs (675 gpm). (VIII RF 203, 217-218, 221)

15. The maximum amount of state water diverted from Mitchell Branch and used for irrigation purposes within P-1440 in any calendar year since the issuance of the permit was 600 acre-feet of water in 1965. (Exh. 633)

16. The most acreage irrigated with state water from the unauthorized reservoir at diversion point D-3720 located on the unnamed tributary of Mitchell Branch in any calendar year since the issuance of the permit was 38 acres in 1976. (VIII RF 200-209, 217, 219)

17. The maximum amount of state water from the unnamed tributary of Mitchell Branch diverted and used for irrigation purposes within P-1440 in Abstract No. 271 in any calendar year since the issuance of the permit was 6.33 acre-feet of water in 1978. (VIII RF 208-209, 219)

18. Claimant has no intention to purchase additional pumps which would allow him to increase the diversion rate to the full capacity authorized by Permit No.1914A for irrigation purposes. (VIII RF 223)

19. No evidence was presented by claimant which showed that impounded state water was used for recreational purposes. (VIII RF 193-223)

20. No reason was specified for claimant's failure to divert at the maximum diversion rate authorized by Permit No. 1914A. (VIII RF 195-225)

**CONCLUSIONS:**

1. Claimant is recognized a right under Permit No. 1914A to:

   a. Impound water as follows:

      1) in a 1200 acre-foot capacity reservoir called Lodge Lake located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River with the dam being located in D-3665 in Abstract No. 78, Anderson County, with a priority date of June 9, 1959;

      2) in a 104 acre-foot capacity reservoir located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River with the dam being located at D-3670 in Abstract No. 217, Anderson County, with a priority date of October 23, 1967;

      3) in a 30 acre-foot capacity reservoir located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River with the dam being located at D-3675 in Abstract No. 717, Anderson County, with a priority date of October 23, 1967;

      4) in a 23 acre-foot capacity reservoir located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River with the dam being located at D-3680 in Abstract No. 360, Anderson County, with a priority date of October 23, 1967;

      5) in a 45 acre-foot capacity reservoir located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River with the dam being located at D-3710 in Abstract No. 271, Anderson County, with a priority date of October 23, 1967.

   b. Divert and use 600 acre-feet of water from the perimeters of the authorized reservoirs located on Mitchell Branch, tributary of Saline Branch, tributary of Trinity River, at a maximum combined diversion rate of 1.5 cfs (675 gpm) for the irrigation of 600 acres of land within tract P-1440, Anderson County with a priority date of October 23, 1967.

2. Claimant's rights under Permit No. 1914A are subject to the Special Conditions contained in the permit.

3. Claimant did not show sufficient justification for lack of development under Permit No. 1914A to the maximum diversion rate authorized for irrigation purposes.

4. Claimant did not show a bona fide intention to increase diversion rate in the foreseeable future.

---

**DIVERSION POINTS NOS: 3020, 3020 and 3040**
**TRACT NO: 1460**

OWNERSHIP: City of Northam

IN: 166-167
APP: 33
IX RF 48-49

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of 511.303 Claim No. 1371 which claims an Article 7540a and equitable rights to divert and use water from Tehuacana Creek, tributary of the Trinity River, for municipal purposes, and declares that a maximum amount of water was diverted at a maximum diversion rate of 300 gpm during the period 1961-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1951. A 30 acre-foot capacity reservoir is also claimed. (Exh. 736)

2. An additional sworn statement to 511.303 Claim No. 1371 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1961-1970, inclusive, to be 34 acre-feet of water from Tehuacana Creek, tributary of the Trinity River, at a maximum diversion rate of 300 gpm for the irrigation of an unspecified number of acres of land. (Exh. 735)

3. Claimant is the owner of 511.303 Claim No. 2453 which claims an Article 7540a right to divert and use water from Tehuacana Creek, tributary of the Trinity River, for municipal purposes, and declares an unspecified amount of water was diverted at an unspecified rate during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1933. An 82 acre-foot capacity reservoir is also claimed. (Exh. 736)

4. An additional sworn statement to 511.303 Claim No. 2453 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be an unspecified amount from Tehuacana Creek, tributary of the Trinity River, at an unspecified diversion rate for the irrigation of an unspecified amount of land. (Exh. 737)

5. Abstract No. 937, Fannstone County, was deposited in 1847. Both of the claimed reservoirs are located in Abstract No. 937 on Jackson Branch. Diversion points D-3810, D-3820 and D-3840 reference the location claimed in 511.303 Claims Nos. 1371 and 2453. (Exh. 4/ IX RF 49)

6. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX RF 48-49)

CONCLUSION:

Claimant is not recognized any right under 511.303 Claim Nos. 1371 and 2453 because no evidence was presented of any nonexempt beneficial use of state water during the period 1963-1967, inclusive, and because no 511.307 claim was filed in the adjudication of this segment pertaining to 511.303 Claims Nos. 1371 and 2453.

---

**DIVERSION POINTS NOS: 3900, 3920, 3940 and 3960**
**TRACT NO: 1460**

OWNERSHIP: Robert Phillips and Ann Phillips

IN: 168
APP: 18
I RF 71-94

SECTION 11.307 CLAIM: Under 511.303 Claim No. 3020 to divert and use 16 acre-feet of water per year from Tehuacana Creek at a maximum diversion rate of 100 gpm for the irrigation of 21 acres of land with a priority date of May, 1941. A 24 acre-foot capacity reservoir on an unnamed tributary of Cedar Creek was also claimed. (Exh. 9)

FINDINGS:

1. Claimants are the owners of 511.303 Claim No. 3020 which reported a 7540a right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 16 acre-feet of water from Tehuacana Creek at a maximum diversion rate of 600 gpm for the irrigation of 35 acres of land. The date of first beneficial use of water within the claim area was declared to be spring 1941. A reservoir with a capacity of 36 acre-feet was also claimed. (Exh. 101)

2. Claimants are the owners of state area 9-3960 which is located in Abstract No. 725, Navarro County. Abstract No. 725 was patented on April 6, 1876. T-1460 and Abstract No. 725 cross an unnamed tributary of Cedar Creek, tributary of Tehuacana Creek, tributary of the Trinity River. (RF 71-74)

3. The first diversion and use of state water for irrigation purposes within T-1460 was in June of 1941. (RF 81)

4. The most acreage within T-1460 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 23 acres, being Field No. 1. (RF 78,94)

5. Two dams were constructed in 1940 and are located at diversion points D-3920 and D-3940 within T-1460 on an unnamed tributary of Cedar Creek. During the period 1963-1967, inclusive, 16 acre-feet of water was impounded in the reservoir at D-3920 and 12 acre-feet of water was impounded in the reservoir at D-3960 and this water was used for irrigation purposes. The diversion and use of state water within T-1460 during this period was facilitated by use of the impoundments. (RF 78,90)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1460 at diversion points D-3920 and D-3940 located on the perimeters of the reservoirs on an unnamed tributary of Cedar Creek by a pump at a maximum effective diversion rate of 1.1 cfs (500 gpm) using a flood type distribution system. (RF 78, 89)

7. The maximum amount of state water diverted and used for irrigation purposes within T-1460 in any calendar year during the period 1963-1967, inclusive, was 23 acre-feet. (RF 93)

CONCLUSIONS:

1. The use of the dams and reservoirs located at diversion points D-3920 and D-3940 within T-1460 on an unnamed tributary of Cedar Creek, as well as the capacities of the reservoirs, was reasonable.

2. Claimants are recognized a right under 511.303 Claim No. 3020 to maintain two existing dams and reservoirs located at diversion points D-3920 and D-3940 on an unnamed tributary of Cedar Creek, tributary of Tehuacana Creek, tributary of the Trinity River, and to impound therein not to exceed a total of 38 acre-feet of water.

3. Claimants are recognized a right under 511.303 Claim No. 3020 to divert and use not to exceed a total of 23 acre-feet of water per year from diversion points D-3920 and D-3940 located on the perimeters of the reservoirs at a maximum diversion rate of 1.1 cfs (500 gpm) for the irrigation of 23 acres of land within tract T-1460 in Abstract No. 725, Navarro County, with a priority date of June 10, 1941.

44

DIVERSION POINT NOS:  3900, 4000, 4010, and 4040
TRACT NO:  None

OWNERSHIP:  City of Streetown and Burlington Northern RR (ownership
unrecalled)

IH:  149
APP:  52
IV SP 22-40

SECTION 11.307 CLAIM:  Under §11.303 Claim No. 1050 to divert and use
300 acre-feet of water per year from a reservoir located on Sloan Creek
at a maximum diversion rate of 145 gpm for municipal purposes with a
priority date of 1935.  A 200 acre-foot capacity recreational reservoir
on Sloan Creek was also claimed.  (Exh. 271)

FINDINGS:

1.  Claimants are the owners of §11.301 Claim No. 1050 which asserted
a riparian right to divert and use water for municipal purposes
and declared the maximum diversion and is any calendar year
during the period 1963-1967, inclusive, to be 39 acre-feet of
water from a 300 acre-foot capacity reservoir inside the city
limits at a maximum diversion rate of 145 gpm for municipal
purposes.  The date of first beneficial use of water within the
claim area was declared to be 1935.  (Exh. 272)

2.  The official records of the Department show that the City of
Streetown is the owner of §11.303 Claim No. 1050.  At the
evidentiary hearing, evidence was received which indicated that
Burlington Northern Railroad Company owns the 200 acre-foot
capacity reservoir on Sloan Creek and is is leased by
the city.  (RT 36)

3.  Claimants are the owners of two reservoirs located in Abstract
No. 740, Freestone County.  Abstract No. 740 was patented in
1971.  Abstract No. 740 crosses an unnamed tributary of Sloan
Creek and Sloan Creek, tributary of Tehuacana Creek, tributary of
the Trinity River.  (RT 27-28)

4.  The first diversion and use of state water for municipal purposes
by claimant was in the spring of 1935.  (RT 31)

5.  Claimants maintain a 200 acre-foot capacity reservoir (Railroad
Lake) on Sloan Creek with the dam being located at diversion
point 0-4040.  Claimants also maintain a 35 acre-foot capacity
reservoir on an unnamed tributary of Sloan Creek with the dam
being located at 0-4000.  The dams at 0-4000 and 0-4010 were
constructed in approximately 1935.  (RT 27-31, 37)

6.  Claimants ceased to use water from the reservoir at 0-4000 for
municipal purposes since that time.  (RT 35)

7.  The reservoirs at 0-4040 and 0-4030 were used for recreation
purposes during the 1962-1967 period, inclusive.  (RT 35)

8.  During the period 1963-1967, inclusive, water was pumped from
Railroad Lake at diversion point 0-4040 to the perimeter of the
reservoir at a maximum diversion rate of 0.37 cfs (167 gpm and
transferred to the smaller reservoir at 0-4000 on Sloan Creek.
Water was then pumped to the treatment facility from 0-3900 on
the perimeter of the reservoir at a maximum diversion rate of
0.35 cfs (145 gpm).  (RT 33-34)

9.  The maximum amount of state water diverted and used for municipal
purposes in any calendar year during the period 1963-1967,
inclusive, was 41 acre-feet of water in 1967.  (RT 34)

CONCLUSIONS:

1.  The use of the dams and reservoirs located at diversion points
0-4000 and 0-4030 on an unnamed tributary of Sloan Creek and
Sloan Creek, as well as the capacities of the reservoirs, were
reasonable.

2.  Claimants are recognized a right under §11.303 Claim No. 1050 to
maintain two existing dams and reservoirs.  One reservoir located
at diversion point 0-4000 on an unnamed tributary of Sloan Creek,
tributary of Tehuacana Creek, tributary of the Trinity River,
with a capacity of 79 acre-feet, and another reservoir at 0-4040
on Sloan Creek with a capacity of 200 acre-feet of water.

3.  Claimants are recognized a right under §11.303 Claim No. 1050 to
divert and use but to exceed a total of 41 acre-feet of water per
year from diversion points 0-3900 and 0-4040 located on the
perimeters of the reservoirs on an unnamed tributary of Sloan
Creek and Sloan Creek.  Claimants may divert at 0-3900, at a
maximum diversion rate of 0.35 cfs (145 gpm), and at 0-4040 at a
maximum diversion rate of 0.37 cfs (167 gpm), for municipal
purposes with a priority date of May 31, 1935.


DIVERSION POINTS NOS:  4090 and 4060
TRACT NOS:  1450, 1800, 1510, 1540, 1560 and 1590

OWNERSHIP:  Billy Hanson

IH:  250
APP:  53
IV SP 123-128

SECTION 11.307 CLAIM:  Under Permit No. 2012 to impound 50 acre-feet of
water in two reservoirs located on an unnamed tributary of Sloan Creek
and an unnamed tributary of Tehuacana Creek to divert and use therefrom
60 acre-feet of water per year at a maximum diversion rate of 600 gpm
for the irrigation of 100 acres of land with a priority date of March
31, 1973.  (Exh. 266)

FINDINGS:

1.  Claimant is the owner of permit No. 3052 (Application No. 3113),
a §5.141 type permit, which authorizes the maintenance of an
existing dam and 35 acre-foot capacity reservoir (Reservoir No.
1) located on an unnamed tributary of Tehuacana Creek, tributary
of the Trinity River, and the maintenance of an existing dam and
25 acre-foot capacity reservoir (Reservoir No. 2) located on an
unnamed tributary of Sloan Creek, tributary of Tehuacana Creek,
tributary of the Trinity River, and the diversion and use there-
from of not to exceed 35 acre-feet of water per year from Reser-
voir No. 1 for the irrigation of 20 acres of land out of a 130
acre tract in Abstract No. 38, Freestone County.  And not to
exceed 25 acre-feet of water per year from Reservoir No. 2 for
the irrigation of 50 acres of land out of a 160 acre tract of
land in Abstract No. 203, Freestone County, at a maximum diver-
sion rate of 1.3 cfs (600 gpm).  (Exh. 267)

2.  Application No. 3113 for Permit No. 3052 was accepted for filing
by the Commission on March 12, 1973, and the permit was issued on
May 30, 1973.  (Exh. 267)

3.  Claimant maintains a 35 acre-foot capacity reservoir located at
the authorized location on an unnamed tributary of Tehuacana
Creek, with the dam being located at 0-4060 in Abstract No. 38,
Freestone County.  Claimant also maintains a 25 acre-foot capaci-
ty reservoir located at the authorized location on an unnamed
tributary of Sloan Creek with the dam being located at 0-4090 in
Abstract No. 203.  (RT 113-129, 134)

4.  Tracts T-1540 and T-1480 designate the location of the area
authorized to be irrigated by Permit No. 3052.  Tracts T-1560,
T-1510, T-1550 and T-1580 designate other areas owned by claim-
ant.  (RT 128-133)

5.  The peak acreage irrigated with state water in any calendar year
since the issuance of the permit was 67 acres, being Fields Nos.
F-1 in T-1540 and F-2 in T-1580.  (RT 128-131, 137, 134)

6.  Claimant requested that he be authorized to irrigate any 100
acres within his current property ownership (T-1480, T-1510,
T-1520, T-1540, T-1550 and T-1560).  No additional state water or
increased rate or period of diversion is contemplated by this
practice and it has no potential for causing any clear existing
water right.  (RT 132-133)

7.  Since the issuance of the permit, state water has been diverted
for irrigation purposes within tracts T-1540, T-1490 and T-1520
from diversion points located on the perimeters of the authorized
reservoirs by means of a portable pump at a maximum effective
diversion rate of 1.3 cfs (600 gpm).  (RT 128-129, 135, 137)

8.  The maximum amount of state water diverted and used for irriga-
tion purposes within T-1580, T-1540, and T-1520 in any calendar
year since the issuance of the permit was 67 acre-feet of water
in 1974.  There was no evidence of how much water was used within
the permit area.  (RT 136)

CONCLUSIONS:

1.  Claimant is not recognized any perfected right to divert and use
water under Permit No. 3052 because there was insufficient
evidence of the amount of state water diverted and used within
the area authorized to be irrigated since issuance of the permit.

2.  Claimant is recognized a right to maintain a 35 acre-foot capaci-
ty reservoir located on an unnamed tributary of Tehuacana Creek,
tributary of the Trinity River, at 0-4060 and a 25 acre-foot
capacity reservoir located on an unnamed tributary of Sloan
Creek, tributary of Tehuacana Creek, tributary of the Trinity
River, at 0-4040 and to use the impounded water for irrigation
purposes.

3.  Claimant may diligently develop Permit No. 3052 to a diversion
and use of not to exceed 35 acre-feet of water per year from the
perimeter of the reservoir at 0-4060 on an unnamed tributary of
Tehuacana Creek for the irrigation of 20 acres of land within
tracts T-1490 and T-1540 in Abstract No. 38, Freestone County,
and not to exceed 25 acre-feet of water per year from the perime-
ter of the reservoir at 0-4040 on an unnamed tributary of Sloan
Creek for the irrigation of 50 acres of land within tracts T-1480
and T-1540 in Abstract No. 203, Freestone County, at a maximum
diversion rate of 1.3 cfs (600 gpm) with a priority date of March
12, 1973.


DIVERSION POINT NO:  4100
TRACT NO:  None

OWNERSHIP:  Tarrant County Water Control and Improvement District No. 1

IH:  152
APP:  81
V SP 196-196

SECTION 11.307 CLAIM:  Under Application on Presentation No. 1439 to
impound water in a 328,130 acre-foot capacity reservoir located on
Tehuacana Creek and to divert and use therefrom 1421,000 acre-feet of
water per year for municipal purposes at an unspecified maximum
diversion rate with a priority date of January 26, 1968.  (Exh. 420)

FINDINGS:

1.  Claimant filed an Application for Permit to Appropriate Public
Water which was received by the Commission on January 21, 1966.
This application requested authorization to impound 326,130
acre-feet of water in a reservoir on Tehuacana Creek and to use
therefrom 147,000 acre-feet per year for municipal purposes in
Tarrant County.  (Exh. 421)

2.  The Commission issued an order on December 14, 1983 dismissing
without prejudice the application of claimant to build Tehuacana
Creek Reservoir and Presentation No. 1439 upon which it is based.
(Exh. 422)

3.  Diversion point 0-4100 designates the proposed location of
Tehuacana Reservoir on Tehuacana Creek, tributary of the Trinity
River.  0-4100 is located for reference only; no construction has
begun at the site.  (RT 196-193)

4.  Claimant is no longer pursuing the application in negotiation
with Presentation No. 1431.  (RT 195)

CONCLUSION:

Claimant is not recognized any right because it is not the owner
of any right of record with the Department.


DIVERSION POINTS NOS:  4130, 4140
TRACT NO:  None

OWNERSHIP:  Texas Utilities Electric Company

IH:  153
APP:  91
VI SP 261-306

SECTION 11.307 CLAIM:  Under Permits Nos. 3281 and 2361A to impound
water in a 60,400 acre-foot capacity reservoir located on Big Brown
Creek and to divert and use therefrom 14,158 acre-feet of water per
year for industrial purposes (generating of electric power) and 37,200
acre-feet of water per year for impoundment in Lake Fairfield on Big
Brown Creek, tributary of the Trinity River, from the Trinity River by
stationary pumps into Lake Fairfield at the maximum diversion rate of
2,680 cfs (1,204,000 gpm) from Lake Fairfield and at a maximum diver-
sion rate of 66.9 cfs (30,003 gpm) from the Trinity River, with a
priority date of December 19, 1967.  (Exh. 361)

SECTION 11.307 CLAIM:  Texas Utilities Electric Company asserts a right
under Contractual Permits Nos. 277 and 2710 to divert 20,600 acre-feet
of water per year (not to exceed 46,000 acre-feet of water in any three
successive years) for industrial purposes (generation of electric
power) from the Trinity River at a maximum diversion rate of 66.9 cfs
(30,000 gpm) with a priority date of December 30, 1976.  (Exh. 588)

FINDINGS:

1.  Claimant is the owner of Permit No. 2261A (Applications Nos. 2361
and 2361A), which authorizes the construction of a dam and 60,400
acre-foot capacity reservoir located on Big Brown Creek, tribu-
tary of Tehuacana Creek, tributary of the Trinity River, located
in the William Malone Survey, Abstract No. 417, Freestone County.
Permit No. 2361A further authorized uses which are as follows:

a. to impound in the reservoir not to exceed 50,600 acre-feet of water from the following sources of supply and in the following amounts after the initial filling: not to exceed 21,600 acre-feet of water per year from the unappropriated waters of Big Brown Creek supplemental with not to exceed 19,700 acre-feet of water per year from the unappropriated waters of the Trinity River provided, however, the total water herein authorized to be impounded from both sources of supply shall not exceed 37,950 acre-feet of water per year

b. to divert and use consumptively not to exceed 14,150 acre-feet of water per year for industrial purposes associated with the development of thermal-electric power and to divert and use not to exceed 300 acre-feet of water per year from Big Brown Creek for use during the construction of the project;

c. the diversion and use from the reservoir at the maximum diversion rate of 3680 cfs (1,284,000 gpm) for circulation, recirculation and other power plant cooling diversion from the Trinity River at a maximum diversion rate of 62.6 cfs (39,600 gpm) and diversion from Big Brown Creek for temporary use during the construction of the project at a maximum diversion rate of 1.0 cfs (450 gpm).

Exhs. 502 and 504)

2. Time Limitations in Permit No. 2351 are as follows:

Construction or installation of all works herein authorized or required shall be commenced within one (1) year and completed within two (2) years unless extended by the Commission.

(Exh. 503)

3. Special Conditions in Permit No. 2351 include the following:

a. No diversions shall be made from the Trinity River when such diversion will reduce the stream flow at stream gage Trinity River near Oakwood, Texas, below 100 cfs.

b. Construction shall not be commenced prior to Commission approval of final plans and specifications in accordance with Commission Rule 326.

c. The Commission shall approve any structural modifications and downstream embankment protection of the dam and the allocation of costs therefor, which may become necessary by construction of proposed Vennosco Colony Dam and Reservoir.

d. Permittee shall maintain the following:

1. Continuous reservoir content and lake level measuring station;

2. Report of all discharges through the reservoir;

3. Daily record of diversion from the Trinity River;

4. Monthly estimate of consumptive use.

All records shall be compiled monthly and reported annually to the Commission.

e. Permittee shall establish and document an appropriate number of sedimentation ranges to be independent of water for future determination of water storage capacity reduced by sedimentation.

(Exh. 583)

4. Application No. 3961 for Permit No. 2358 was approved for filing by the Commission on November 16, 1987, and the permit was issued on May 7, 1968. (Exh. 503)

5. Application No. 2551A for the Permit No. 2251A, which authorized a change in diversion point on the west bank of the Trinity River was accepted for filing by the Commission on November 11, 1988, and the amendment was issued on December 11, 1968. (Exh. 504)

6. By petition dated November 4, 1976, claimant partially abandoned Permit No. 2351 to the extent that said permit authorizes the diversion not to exceed 19,700 acre-feet of water per year from the Trinity River. (Exh. 505)

7. Permit No. 2351 was partially cancelled by Commission Order dated June 6, 1977 to the extent that said permit authorizes the diversion of 19,700 acre-feet of water from the Trinity River. (Exh. 506)

8. Claimant constructed and maintains a 50,600 acre-foot capacity reservoir, known as Lake Fairfield, located at the authorized location on Big Brown Creek, tributary of the Trinity River, with the dam being located at diversion point D-4160 in Freestone County. (VI &F 276-277, 286-292; Exh. 512)

9. Since the issuance of the permit, waste water has been diverted for industrial purposes at authorized diversion point D-4160 located on the perimeter of the authorized reservoir by means of 13 stationary pumps at a total maximum effective diversion rate of 1629.93 cfs (733,059 gpm). (VI &F 276; 284; 285)

10. No diversion rate was specified for construction purposes since the issuance of the permit. (VI &F 299)

11. The maximum amount of state water diverted and used consumptively from Lake Fairfield for industrial purposes in any calendar year since the issuance of the permit was 8237.24 acre-feet in 1982. (VI &F 294)

12. Claimant also diverts supplemental cooling water for the Big Brown Creek Steam Electric Station from the Trinity River under the authority of Contramment Permit No. 277 which is based on Permit No. 1970 owned by the Trinity River Authority. Permit No. 1970 authorizes diversion from the Trinity River (Lake Livingston) within the Lower Trinity River Segment. The order CP-277 will, therefore, be adjudicated in that segment. (Exh. 8, p. 116; Exhs. 10 and 241)

13. The maximum amount of state water diverted and used for construction purposes in any calendar year since the issuance of the permit was 4.3 acre-feet in 1965. It is anticipated that additional water will be needed for construction purposes when construction of a third generating unit is started. (VI &F 292)

14. The reason claimant failed to divert and use the total amount of water and the total maximum diversion rate authorized by Permit No. 2351A for industrial purposes was that the power plant has not been built to the design capacity. (VI &F 287-296, 303)

15. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 2351A for industrial purposes in the foreseeable future by showing projections of increased demand from future customers and by showing plans for construction and installation of a third generating unit to the project during the period 1978 to 2008. (VI &F 283)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2351A to impound water in a 50,600 acre-foot capacity reservoir, known as Lake Fairfield, located on Big Brown Creek, tributary of the Trinity River, with the dam being located at diversion point D-4160 in Freestone County, and to divert and use therefrom consumptively not to exceed 8238 acre-feet of water per year for industrial purposes associated with the development of thermal-electric power from diversion point D-4160 located at the perimeter of the reservoir at a total maximum diversion rate of 1629.93 cfs (733,059 gpm), and to divert and use not to exceed 4.3 acre-feet of water per year for construction purposes from Big Brown Creek at a maximum diversion rate of 1.0 cfs (450 gpm), with a priority date of December 16, 1967.

2. Claimant showed sufficient justification for the lack of development under Permit No. 2351A to the full extent authorized for industrial purposes.

3. Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

4. Claimant may continue diligent development to a diversion and consumptively use not to exceed 14,150 acre-feet of water per year for industrial purposes associated with the development of thermal-electric power at a total maximum diversion rate of 3680 cfs (1,284,000 gpm) and a diversion and use of not to exceed 300 acre-feet of water per year from Big Brown Creek for construction purposes only with no right of diversion from the impoundment, with a priority date of December 16, 1967.

5. Claimant's rights under Permit No. 2351A are subject to the special conditions contained in the Permit.

DIVERSION POINT NO: 6130
TRACT NO: None

OWNERSHIP: Dow Chemical Company

IR: 183
APP: 31
V &F 160-166

SECTION 11.307 CLAIM: Under Permit No. 3980A to impound water in a 930 acre-foot capacity reservoir located on Batmith Creek and to use the impounded water for consumptive purposes with a priority date of April 30, 1971. (Exh. 410)

FINDINGS:

1. Claimant is the owner of Permit No. 3980A (Application No. 5014A), a regular type permit, which, as amended, authorizes the construction of a dam and 930 acre-foot capacity reservoir located on Batmith Creek, tributary of Edwards Creek, tributary of the Trinity River, for consumptive purposes only with no right of diversion from the impoundment. (Exh. 411)

2. A Special Condition in Permit No. 3980A is as follows:

Construction or installation of all works herein authorized or required shall be in accordance with plans approved by the Commission and shall be commenced within one year and completed within two years from date of issuance of the amendment to Permit No. 3980.

Failure to commence construction or installation herein required within the period stated shall cause this permit to expire and become of no further force and effect.

3. Application No. 5014 for Permit No. 3980 was accepted for filing by the Commission on April 16, 1972, and the permit was issued on November 19, 1974. (Exh. 411)

4. Upon motion of the Executive Director, Application No. 5014A for Permit No. 3980A which added a special condition to Permit No. 3980 requiring construction to be commenced within one year and completed within two years, was filed and the amendment was issued on February 9, 1978. (Exh. 412)

5. Diversion point D-6130 designates the location authorized by Permit No. 3980A and the dam on Batmith Creek, tributary of Edwards Creek, tributary of the Trinity River, with the dam being located at D-6130, for recreation purposes with no right of diversion.

6. No construction has commenced on the authorized reservoir and claimant has no immediate plans to begin construction. (&F 146, 150-161)

CONCLUSION:

Claimant may diligently develop Permit No. 3980 to an impoundment of 930 acre-feet of water in a reservoir on Batmith Creek, tributary of Edwards Creek, tributary of the Trinity River, with the dam being located at D-6130, for recreation purposes with no right of diversion.

DIVERSION POINTS NOS: 4205, 4210
TRACT NO: 1620

OWNERSHIP: W. C. Perryman and Robert D. Payne, Trustees for Xaishe Cram, Inc.

IR: 154-157
APP: 12
III &F 224-280

SECTION 11.307 CLAIM: Under Permit No. 3678 and 81,303 Claim No. 1597 to impound water in a 170 acre-foot capacity reservoir located on Alder Creek and in an 830 acre-foot capacity reservoir located on Catfish Creek and to divert and use 170 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 120 gpm for the irrigation of 100 acres of land with a priority date of April 16, 1979. (Exh. 346)

FINDINGS:

1. Claimants are the owners of Permit No. 3678 (Application No. 3939), which authorizes the maintenance of an existing dam and reservoir located on Alder Creek, tributary of Catfish Creek, tributary of the Trinity River, and the impoundment therein of 170 acre-feet of water for recreation purposes with no right of diversion from the impoundment except for livestock and domestic purposes. (Exh. 355)

2. Application No. 3939 for Permit No. 3678 was accepted for filing by the Commission on April 16, 1979, and the permit was issued on July 10, 1979. (Exh. 356)

3. Claimants are the owners of 81.303 Claim No. 5287 which asserted a riparian right to divert and use water for irrigation purposes and to divert the maximum diversion and use of water during the period 1963-1967, inclusive, to be 120 acre-feet of water from Catfish Creek at a maximum diversion rate of "24" for the irrigation of 100 acres of land. The date of first beneficial use of water within this claim was declared to be 1963. A reservoir on Catfish Creek with a capacity of 9316 acre-feet was also claimed. (Exh. 346)

40

4. An additional sworn statement to §14,363 Claim No. 5367 was timely filed which entered the maximum diversion and use of water in any calendar year during the period 1963-1970, inclusive, to be 2216 acre-feet of water from Catfish Creek. (Exh. 357)

5. Claimants maintain a 179 acre-foot capacity reservoir (Alder Lake) located at the authorized location on Alder Creek, with the dam being located at D-4250 in Abstract No. 177, Henderson County. The dam at D-4250 was built in 1965. (By 342, 345-347)

6. Since the issuance of the permit, state water has been impounded for recreational purposes. Water has also been used from this impoundment for domestic and livestock purpose. (BY 346-347)

7. Claimants are the owners of claim area T-1630 which is located in Abstracts Nos. 152, 177, 260, 402, 601 and 1043. Henderson County. Abstract No. 152 was patented in 1934, Abstract No. 177 was patented in 1871, Abstract No. 260 was patented in 1854; Abstract No. 402 was patented in 1854; Abstract No. 601 was patented in 1853, Abstract No. 1043 was patented in 1902. T-1630 and Abstracts Nos. 402, 177 and 152 abuts Catfish Creek, tributary of the Trinity River. (BY 342-345)

8. The first diversion and use of state water for irrigation purpose within T-1630 was in April or May of 1943. (BY 343)

9. There was no evidence of commencement or completion of the construction of works designed to apply a greater quantity of water to beneficial use prior to August 26, 1967.

10. The most acreage within T-1630 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 100 acres. (Exh. 356)

11. A dam was constructed in the 1940's and is located at diversion point D-4250 on Catfish Creek. During the period 1963-1967, inclusive, 818 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-1630. The diversion and use of state water within T-1630 during this period was facilitated by use of the impoundment. (BY 343, 349)

12. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1630 at various diversion points on the perimeter of the reservoir at D-4240 by a portable pump at a maximum diversion rate of 1.5 cfs (700 gpm). (BY 348, 353-356)

13. The maximum amount of state water diverted and used for irrigation purposes within T-1630 in any calendar year during the period 1963-1967, inclusive, was 120 acre-feet of water from the perimeter of the reservoir at D-4240. (Exh. 356; BY 353)

### CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 2478 and §11,363 Claim No. 5367 to impound water in a 179 acre-foot capacity reservoir (Alder Lake) located on Alder Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4250 in Abstract No. 177, Henderson County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of April 14, 1979.

2. The use of the dam and a reservoir located at diversion point D-4240 within T-1630 on Catfish Creek, tributary of the Trinity River, as well as the capacity of the reservoir, was reasonable.

3. Claimants are recognized a right under §11,363 Claim No. 5367 to maintain an existing dam and reservoir located at diversion point D-4240 on Catfish Creek, tributary of the Trinity River and to impound therein not to exceed 820 acre-feet of water.

4. Claimants are recognized a right under §11,363 Claim No. 5367 to divert and use not to exceed 120 acre-feet of water per year from the perimeter of the reservoir at D-4240 at a maximum diversion rate of 1.5 cfs (700 gpm) for the irrigation of 104 acres of land within tract T-1630 in Abstracts Nos. 402, 177 and 152, Henderson County, with a priority date of May 31, 1943.

---

DIVERSION POINT ID: (320
TRACT NO: None

OWNERSHIP: James L. Tobir

IR: 158
APP: 12
III BY 370-79

SECTION 11.307 CLAIM: Under Permit No. 2736 to impound water in a 793 acre-foot capacity reservoir located on Kite Branch for recreation purposes with a priority date of February 2, 1972. (Exh.)

### FINDINGS:

1. Claimant is the owner of Permit No. 2736 (Application No. 3981), which authorizes the maintenance of a dam and 793 acre-foot capacity reservoir located on Kite Branch, tributary of Catfish Creek, tributary of the Trinity River, for recreation purposes with no right of diversion from the impoundment. (Exh. 369)

2. Application No. 3981 for Permit No. 2736 was accepted for filing by the Commission on February 2, 1972, and the permit was issued on June 6, 1972. (Exh. 366)

3. Claimant maintains a 793 acre-foot capacity reservoir located at the authorized location on Kite Branch, tributary of Cane Creek, tributary of the Trinity River, with the dam being located at D-4220 in Abstract No. 392, Henderson County. (BY 373-374)

4. Since the issuance of the permit, state water has been impounded for recreation purposes only with no water being diverted from the impoundment. (BY 373)

### CONCLUSION:

Claimant is recognized a right under Permit No. 2736 to impound water in a 793 acre-foot capacity reservoir located on Kite Branch, tributary of the Trinity River, with the dam being located at D-4220 in Abstract No. 392, Henderson County, for recreation purposes only with no right of diversion from the impoundment and with a priority date of February 2, 1972.

---

DIVERSION POINTS NOS: (1460, 4280
TRACTS NOS: 1840, 1841

OWNERSHIP: John Schoellkopf

IR: 169
APP: 13
IV BY 230-285

SECTION 11.307 CLAIM: Under Permit No. 3571 to impound water in a 62 acre-foot capacity reservoir located on Little Alder Creek and to divert and use therefrom 43 acre-feet of water per year for recreation and irrigation purposes for the irrigation of 6 acres of land with a priority date of March 6, 1978. (Exh. 348)

1. Claimant is the owner of Permit No. 3571A (Applications Nos. 3871 and 3871A), a §11,363 type permit, which, as amended, authorizes the maintenance of an existing dam and 62 acre-foot capacity reservoir located on Little Alder Creek, tributary of Catfish Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 62 acre-feet of water per year at a maximum diversion rate of 6.4 cfs (175 gpm) for the irrigation of six acres of land out of a 349.56 acre tract located in Abstracts Nos. 1135, 910, 967, 1170 and 906, Henderson County. Claimant is authorized to use the impounded water for recreation purposes. (Exhs. 347, 349)

2. Special Conditions in Permit No. 3571A include the following:

Construction or installation of the direct diversion facilities herein authorized shall be commenced within one year and completed within two years from date of issuance of this permit.

Failure to commence and complete construction of the diversion facilities within the period stated shall cause this permit to expire and become of no further force and effect unless permittee applies for an extension of time for commencement and/or completion and the application is subsequently granted.

Upon acceptance of this easement granting a perpetual water right, permittee agrees that the use of the reservoir for recreational purposes as authorized in the original permit shall be subordinate to the use of the reservoir for irrigation purposes. Therefore, the priority date of the recreational use shall be September 29, 1952. (Exh. 347)

3. Application No. 3871 for Permit No. 3571 was accepted for filing by the Commission on March 9, 1978, and the permit was issued on May 16, 1978. (Exh. 347)

4. Application No. 3871A for Permit No. 3571A, which authorized the diversion of 43 acre-feet of water from the reservoir for the irrigation of six acres of land was accepted for filing by the Commission on September 28, 1982, and the permit was issued on January 13, 1983. (Exh. 349)

5. Claimant maintains a 62 acre-foot capacity reservoir located at the authorized location on Little Alder Creek, with the dam being located at D-1260 in Abstract No. 1135, Henderson County. (BY 374-376)

6. The reservoir at D-4280 has been used for recreation purposes since the issuance of Permit No. 3571. (BY 378-279)

7. Irrigation began within T-1641 (the area authorized to be irrigated by Permit No. 3571) in 1983. (BY 279)

8. Tract T-4660 designates the location of a nursery operation on claimant's property. D-4760 designates the location of the authorized diversion point on the perimeter of the reservoir on Little Alder Creek. (BY 373)

### CONCLUSION:

1. Claimant is recognized a right under Permit No. 3571A to use the water impounded in a 62 acre-foot capacity reservoir located on Little Alder Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-1260 in Abstract No. 1135, Henderson County, for recreation purposes with a priority date of September 28, 1982.

2. Claimant may diligently develop Permit No. 3571A to a diversion and use of not to exceed 62 acre-feet of water per year from the perimeter of the reservoir on Little Alder Creek for the irrigation of six acres of land at a maximum diversion rate at 6.4 cfs (175 gpm) with a priority date of September 29, 1952.

3. Claimant's rights under Permit No. 3571A are subject to the Special Conditions contained in the Permit.

---

DIVERSION POINTS NOS: 4200, 4205, 4310, 4315
TRACT NO: None

OWNERSHIP: Wilson Schoellkopf, John Schoellkopf and Alan Schoellkopf

IR: 162
APP: 12
IV BY 284-295

SECTION 11.307 CLAIM: Under Permit No. 3243 to impound water in four reservoirs with a total capacity of 616 acre-feet located on Little Alder Creek for recreation purposes with a priority date of October 27, 1975. The reservoirs are referred to as Pinecastle Lake, Grass Lake, Mossy Lake and Kite "C". (Exh. 353)

### FINDINGS:

1. Claimants are the owners of Permit No. 3243 (Application No. 3633), which authorizes and requires the repair of two existing dams and reservoirs located on Little Alder Creek, tributary of Catfish Creek, tributary of the Trinity River. Pinecastle Lake shall have a capacity of not to exceed 316 acre-feet of water and Grass Lake shall have a capacity of not to exceed 85 acre-feet of water. Claimants are also authorized to maintain two existing dams and reservoirs in Henderson County as follows: Lake Mossy on Little Alder Creek at a capacity of not to exceed 277 acre-feet of water and Kite "C" on an unnamed tributary of Little Alder Creek at a capacity of not to exceed 37 acre-feet of water. Permittee is subjected to use the impounded water for recreation purposes with no right of diversion. (Exh. 353)

2. Special Conditions in Permit No. 3243 include the following:

Repair of Pinecastle Lake Dam and Grass Lake Dam is required in order to correct deficient and unsafe conditions presently existing and said repairs shall be in accordance with plans approved by the Commission and must be completed within six months and completed within two years from date of issuance of this permit unless otherwise extended by the Commission.

Failure to modify and correct the deficiencies to Pinecastle Lake Dam and Grass Lake Dam within the period stated in this limitation shall cause this permit to expire and become of no further force and effect as to the aforesaid structures, and permittee shall thereafter remove the dams in accordance with accepted engineering practices.

3. Application No. 3633 for Permit No. 3243 was accepted for filing by the Commission on October 27, 1975, and the permit was issued on March 29, 1976. (Exh. 353)

4. Claimants maintain a 316 acre-foot capacity reservoir (Pinecastle Lake) at the authorized location on Little Alder Creek with the dam being located at D-4315 in Abstracts Nos. 843 and 849, Henderson County. (Exh. 353; BY 289)

5. Claimants maintain a 277 acre-foot capacity reservoir (Lake Mossy) at the authorized location on Little Alder Creek with the dam being located at D-4205 in Abstract 1040, Henderson County. (Exh. 353; BY 289)

6.  Claimants maintain a 55 acre-foot capacity reservoir (Grass Lake) at the authorized location on Little Alder Creek with the dam being located at D-3710 in Abstract No. 914, Henderson County. (Exh. 255; SF 389)

7.  Claimants maintain a 48 acre-foot capacity reservoir (Site "C") at the authorized location on an unnamed tributary of Alder Creek with the dam being located at D-4300 in Abstract No. 690, Henderson County. (Exh. 255; SF 389)

8.  Since issuance of the permit, water impounded in the four reservoirs described in Fact Findings Nos. 4, 5, 6 and 7 above, have been used for recreation, domestic and livestock purposes with no diversion from the reservoir. (SF 392-393)

9.  Repairs required by Permit No. 3243 to correct deficiencies in Pineville Lake Dam and Grass Lake Dam have been completed as required. (SF 393)

CONCLUSION:

Claimants are recognized a right under Permit No. 3243 to maintain four existing reservoirs as follows:

| Name | Capacity | Location of Dam | Watercourse |
|---|---|---|---|
| Pineville Lake | 116 | D-4215 | Little Alder Creek |
| Lake Puvey | 273 | D-4165 | Little Alder Creek |
| Grass Lake | 55 | D-3710 | Little Alder Creek |
| Site "C" | 68 | D-4300 | Unnamed tributary of Alder Creek |

These reservoirs may be used for recreation purposes with no right of diversion and a priority date of October 27, 1975, Little Alder Creek is a tributary of Catfish Creek, tributary of the Trinity River.

---

**DIVERSION POINTS NOS: 4310**
**TRACTS NOS: 1660 and 1600**

OWNERSHIP: Hayman S. Peavy Trust

RN: 161-162
APP: 12
SV SF 333-346

SECTION 11.307 CLAIM: Under Permit No. 2300 and 311.302 Claim No. 304A to impound water in a 106 acre-foot capacity reservoir located on Little Palmer Branch and to divert and use therefrom 100 acre-feet of water per year at a maximum diversion rate of 700 gpm for the irrigation of 139 acres of land with a priority date of July 21, 1967. (Exh. 362)

FINDINGS:

1.  Claimant is the owner of Permit No. 2300 (Application No. 2934), a 7000+ type permit, which authorizes the impoundment of water in a 104 acre-foot capacity existing reservoir located on Little Palmer Branch, tributary of Catfish Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 100 acre-feet of water per year at a maximum diversion rate of 1.6 cfs (700 gpm) for the irrigation of 139 acres of land out of five tracts located in the J. F. Lambright Survey, Abstract No. 473, and the Elizabeth Edwards Survey, Abstract No. 319, Henderson County. (Exh. 364)

2.  Claimant is the owner of §11.303 Claim No. 304 which asserted a right under 7000a, Revised Civil Statutes of Texas to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 100 acre-feet of water from Little Palmer Branch at a maximum diversion rate of 700 gpm for the irrigation of 139 acres of land. The date of first beneficial use of water within the claim area was declared to be July 1964. A reservoir on Little Palmer Branch with a capacity of 106 acre-feet was also claimed. (Exh. 365)

3.  Claimant is the owner of §11.303 Claim No. 304A (an amendment to §11.303, Claim No. 304), which asserted a right under Article 7000a, Revised Civil Statutes of Texas, 1925, to divert and use water for irrigation purposes, and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 100 acre-feet of water from Little Palmer Branch at a maximum diversion rate of 700 gpm for the irrigation of 139 acres of land. A reservoir on Little Palmer Branch with a capacity of 106 acre-feet was also claimed. (Exh. 366)

4.  An additional sworn statement to §11.303 Claim No. 304 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1972, inclusive, to be 89.19 acre-feet of water from Little Palmer Branch at a maximum diversion rate of 700 gpm for the irrigation of 139 acres of land. (Exh. 367)

5.  Application No. 2934 for Permit No. 2300 was accepted for filing by the Commission on July 31, 1967, and the permit was issued on October 26, 1967. (Exh. 364)

6.  Claimant is the owner of claim areas T-1660 and T-1600 which are located in Abstracts Nos. 473, 319 and 849, Henderson County. Abstract No. 473 was patented in 1880. Abstract No. 319 was patented in 1877. Abstract No. 849 was patented in 1878. T-1660, T-1600 and Abstracts Nos. 473, 319 and 849 cross Little Alder Creek, tributary of Catfish Creek, tributary of the Trinity River. Tract T-1660 also designates the boundaries of the area authorized to be irrigated under Permit No. 2300. (SF 333-349, 364)

7.  The first diversion and use of state water for irrigation purposes within T-1660 and T-1600 was in 1964. (SF 349-361)

8.  The most acreage within T-1660 and T-1600 irrigated with state water in any calendar year was 106 acres out of the permit, was 139 acres, in 1967. (Exh 369; SF 349-361, 368)

9.  A dam was constructed in the early 1950's and is located at diversion point D-4260, the authorized location, on Little Alder Creek. Since issuance of the permit, 106 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-1660 and T-1600. During this period the state water within T-1660 and T-1600 during this period was facilitated by use of the impoundment. (SF 340, 363-365, 364)

10. Since issuance of the permit, state water has been diverted for irrigation purposes within T-1660 and T-1600 from diversion points on the perimeter of the reservoir on Little Alder Creek by a portable pump at a maximum effective diversion rate of 1.5 cfs (700 gpm). (SF 364)

11. References to Permit No. 2300 to Little Palmer Creek are incorrect. The watercourse referred to is actually Little Alder Creek. (SF 364)

12. The maximum amount of state water diverted and used for irrigation purposes within T-1660 and T-1600 in any calendar year since issuance of the permit was 106 acre-feet of water in 1967. (SF 369, 3459)

CONCLUSIONS:

1.  The use of the dam and reservoir located at diversion point D-4260 on Little Alder Creek, as well as the capacity of the reservoir, was reasonable.

2.  Claimant is recognized a right under Permit No. 2300 and §11.303 Claim No. 304A to impound water in a 106 acre-foot capacity reservoir located on Little Alder Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4260 in Abstract No. 319, Henderson County, and to divert and use therefrom not to exceed 106 acre-feet of water per year from anywhere on the perimeter of the reservoir at a maximum diversion rate of 1.6 cfs (700 gpm) for the irrigation of 139 acres of land within tracts T-1660 and T-1600 in Abstracts Nos. 473, 319 and 849, Henderson County, with a priority date of December 31, 1964.

---

**DIVERSION POINTS NOS: 4260 and 4340**
**TRACT NO: 1700**

OWNERSHIP: Interfirst Bank of Dallas, as trustee of the J. W. Murchison Estate and trustee of the G. S. Murchison Estate

RN: 163
APP: 12
III SF 301-315

SECTION 11.307 CLAIM: Under Permit No. 3304 to impound water in an 815 acre-foot capacity reservoir located on Catfish Creek and to divert and use therefrom 233 acre-feet of water per year at a maximum diversion rate of 3.7 cfs (1180 gpm) for the irrigation of 231 acres of land with a priority date of April 19, 1976. (Exh. 244)

FINDINGS:

1.  Claimant is the owner of Permit No. 3304 (Application No. 3597), which authorizes the maintenance of an existing dam and reservoir located on Catfish Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 815 acre-feet of water for recreational purposes and the diversion and use therefrom of not to exceed 233 acre-feet of water per year at a maximum diversion rate of 3.7 cfs (1180 gpm) for the irrigation of 231 acres of land located in the Edward Patterson Survey, Abstract No. 606, and the William V. Hall Survey, Abstract No. 305, Henderson County. (Exh. 245)

2.  Special Conditions in Permit No. 3304 include the following:

    a.  Failure to repair the deficiencies within the period stated in the Limitations shall cause this permit to expire and become of no further force and effect and permittee shall thereafter remove the dam in accordance with accepted engineering practices.

    b.  When there is inflow into the reservoir, permittee shall maintain streamflow below the dam at State Highway 19 for downstream livestock and domestic purposes. (SF 316)

3.  Application No. 3597 for Permit No. 3304 was accepted for filing by the Commission on April 19, 1976, and the permit was issued on July 9, 1976. (Exh. 245)

4.  Claimant maintains an 815 acre-foot capacity reservoir (Catfish Creek Lake) located at the authorized location on Catfish Creek, tributary of the Trinity River, with the dam being located at D-4380 in Abstract No. 305, Henderson County. (SF 306)

5.  No irrigation has been done within permit area T-1700 with state water in any calendar year since the issuance of the permit. (SF 318)

6.  Diversion point D-4340 designates the location of the authorized diversion point on the perimeter of the authorized reservoir. Claimants requested that they be authorized to divert water from anywhere on the perimeter of the authorized reservoir. No irrigation water uses will be increased and no period of diversion is contemplated by this practice and it has no potential for harming any other existing water right. (SF 311, 318)

7.  Repairs to the dam at D-4340 required by Permit No. 3304 have been completed. (Exh. 247)

CONCLUSIONS:

1.  Claimants are recognized a right under Permit No. 3304 to impound water in an 815 acre-foot capacity reservoir located on Catfish Creek, tributary of the Trinity River, with the dam being located at D-4380 in Abstract No. 305, Henderson County, with a priority date of April 19, 1976.

2.  Claimants may diligently develop Permit No. 3304 to a diversion and use from the reservoir of not to exceed 233 acre-feet of water per year for the irrigation of 231 acres of land within tract T-1700 at a maximum diversion rate of 3.7 cfs (1180 gpm) with a priority date of April 19, 1976. Claimant may additionally use the impounded water for recreational purposes.

3.  Claimant's rights under Permit No. 3304 are subject to the Special Conditions contained in the Permit.

---

**DIVERSION POINT NO: 4120**
**TRACT NO: None**

OWNERSHIP: Estate of John D. Murchison

RN: 164
APP: 12
IV SF 359-374

SECTION 11.307 Claim: Under Permit No. 3075 to impound water in an 810 acre-foot capacity reservoir located on Wolf Creek and to use the impounded water for domestic, private recreation, garden, lawn and livestock purposes with a priority date of January 27, 1975. (Exh. 394)

FINDINGS:

1.  Claimant is the owner of Permit No. 3075 (Application No. 3340), which authorizes the maintenance of an existing dam and 810 acre-foot capacity reservoir located on Wolf Creek, tributary of Catfish Creek, tributary of the Trinity River, for domestic, livestock and recreation purposes. (Exh. 257)

2.  Application No. 3340 for Permit No. 3075 was accepted for filing by the Commission on January 27, 1975 and the permit was issued on March 19, 1975. (Exh. 367)

3.  Claimant maintains an 810 acre-foot capacity reservoir located at the authorized location on Wolf Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4320 in Abstract No. 75, Anderson County. (SF 360-361)

4.  Since the issuance of the permit, state water has been impounded and used for domestic, livestock and recreation purposes with no water being diverted from the impoundment. (SF 362)

CONCLUSION:

Claimant is recognized a right under Permit No. 3075 to maintain an 810 acre-foot capacity reservoir located on Wolf Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4320 in Abstract No. 75, Anderson County, for domestic, livestock and recreation purposes with a priority date of January 27, 1975.

46

DIVERSION POINT NO: 4440
TRACT NO: None

OWNERSHIP: Hoosahina Creek Club No. 2

IN: 168
APP: 12
III AF 361-369

SECTION 11.307 CLAIM: Under Permits Nos. 3254 and 3255 to impound water in a 23 acre-foot capacity reservoir and a 35 acre-foot capacity reservoir located on the Home Creek, tributary of Keen Creek [sic] for recreation purposes with a priority date of November 10, 1975. (Exh. 360)

FINDINGS:

1. Claimant is the owner of Permit No. 3255 (Application No. 3520), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, and the impoundment therein of 35 acre-feet of water for recreation purposes with no right of diversion from the impoundment. (Exh. 362)

2. Application No. 3520 for Permit No. 3255 was accepted for filing by the Commission on November 10, 1975, and the permit was issued on April 12, 1976. (Exh. 362)

3. Claimant maintains a 35 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4440 in Abstract No. 212, Henderson County. (SF 365-366, 368)

4. Since the issuance of the permit, state water has been impounded for recreation purposes only (with no water being diverted from the impoundment). (SF 368-369)

CONCLUSION:

Claimant is recognized a right under Permit No. 3255 to impound water in a 35 acre-foot capacity reservoir located on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4440 in Abstract No. 212, Henderson County, for recreation purposes only with no right of diversion from the impoundment and with a priority date of November 10, 1975.

DIVERSION POINT NO: 4440
TRACT NO: None

OWNERSHIP: Hoosahina Creek Club No. 1

IN: 168
APP: 12
III AF 361-369

SECTION 11.307 CLAIM: Under Permits Nos. 3254 and 3255 to impound water in a 23 acre-foot capacity reservoir and a 35 acre-foot capacity residence located on No Home Creek, tributary of Keen Creek [sic] for recreation purposes with a priority date of November 10, 1975. (Exh. 360)

FINDINGS:

1. Claimant is the owner of Permit No. 3254 (Application No. 3519), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, and the impoundment therein of 23 acre-feet of water for recreation purposes with no right of diversion from the impoundment. (Exh. 361)

2. Application No. 3519 for Permit No. 3254 was accepted for filing by the Commission on November 10, 1975, and the permit was issued on April 12, 1976. (Exh. 361)

3. Claimant maintains a 23 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4440 in Abstracts Nos. 212 and 616, Henderson County. (SF 365-366, 368)

4. Since the issuance of the permit, state water has been impounded for recreation purposes only (with no water being diverted from the impoundment). (SF 368-369)

CONCLUSION:

Claimant is recognized a right under Permit No. 3254 to impound water in a 23 acre-foot capacity reservoir located on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4440 in Abstracts Nos. 212 and 616, Henderson County, for recreation purposes only with no right of diversion from the impoundment and with a priority date of November 10, 1975.

DIVERSION POINTS NOS: 4490, 4680, 4800
TRACT NOS: 1740, 1760

OWNERSHIP: J. D. McGee

IN: 168
APP: 11
VIII AF 126-143

SECTION 11.307 CLAIM: Under Permit No. 1801 to impound water in an eight acre-foot capacity reservoir located on the unnamed tributary of Balls Branch and to divert and use therefrom two acre-feet of water per year for industrial purposes and to divert and use 50 acre-feet of water per year for irrigation purposes from Balls Branch, tributary of Mill Creek, at a maximum diversion rate of 449 gpm for the irrigation of 25 acres of land with a priority date of September 11, 1972. (Exh. 415)

FINDINGS:

1. Claimant is the owner of Permit No. 2801 (Application No. 3449), a $5.14 type permit, which authorizes the impoundment of water not to exceed a total of eight acre-feet of water in two reservoirs as follows:

   a. Reservoir No. 1 to impound not to exceed seven acre-feet of water with the dam and reservoir located on Balls Branch.

   b. Reservoir No. 2 to impound not to exceed one acre-foot of water with the dam and reservoir located on an unnamed tributary of Balls Branch, tributary of Mill Creek, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, and the diversion and use of not to exceed 50 acre-feet of water per year from Reservoirs Nos. 1 and 2 for industrial (mining raising) purposes and the irrigation of 25 acres of land out of a 41 acre tract and not to exceed two acre-feet of water per year from Reservoirs Nos. 1 and 2 for industrial (mining raising) purposes at a maximum diversion rate of 0.9 cfs (400 gpm), located in the M. A. Flewett Survey, Abstract No. 497, Henderson County. (Exh. 415)

2. Application No. 3449 for Permit No. 2801 was accepted for filing by the Commission on September 11, 1972, and the permit was issued on November 21, 1972. (Exh. 416)

1. Claimant maintains a one acre-foot capacity reservoir located at diversion point D-4800 in tract T-1740 which is the authorized location on Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located in Abstract No. 497, Henderson County. (VIII SF 133, 136-139)

2. Claimant maintains a seven acre-foot capacity reservoir located at diversion point D-4490 in tract T-1740, which is the authorized location on Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located in Abstract No. 497, Henderson County. (VIII SF 133, 136-139)

3. The most acreage within permit areas T-1740 and T-1760 irrigated with state water in any calendar year since the adoption of the permit was eight acres in 1976. (Exh. 618; VIII SF 142)

4. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-1740 and T-1760 at authorized diversion points D-4490 and D-4490 located at the perimeters of the authorized reservoirs by means of a portable pump at a maximum diversion rate of 0.9 acre (449 gpm). (VIII SF 133, 140)

5. The maximum amount of state water diverted and used for irrigation purposes within T-1740 and T-1760 in any calendar year since the issuance of the permit was 22 acre-feet of water in 1976. (Exh. 618; VIII SF 142)

6. The reason claimant failed to divert and use the total amount of water and irrigate the full amount of acreage authorized by Permit No. 2801 was a lack of surety water on the ranch. (VIII SF 143)

7. Claimant demonstrated an intention to divert and use the full amount of water authorized by Permit No. 2801 for irrigation purposes in the foreseeable future by showing plans to expand his operations. (VIII SF 144-145)

8. Claimant has no intention to divert and use two acre-feet of water for industrial purposes. (VIII SF 141-142)

CONCLUSION:

1. Claimant is recognized a right under Permit No. 2801 to impound water in a seven acre-foot capacity reservoir located at diversion point D-4490 on Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, in tract T-1740 and in a one acre-foot capacity reservoir located at diversion point D-4800 on the unnamed tributary of Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, in tract T-1740, with the dam being located in Abstract No. 497, Henderson County, and to divert and use therefrom not to exceed 22 acre-feet of water per year for irrigation purposes at a maximum diversion rate of 0.9f acre (449 gpm) for irrigation of eight acres of land within tracts T-1740 and T-1760 in Abstract No. 497, Henderson County, with a priority date of September 11, 1972.

2. Claimant showed sufficient justification for the lack of development under Permit No. 2801 to the full extent authorized for irrigation purposes.

3. Claimant demonstrated a bona fide intention to divert and use more state water than previously diverted in the foreseeable future for irrigation purposes.

4. Claimant did not demonstrate a bona fide intention to divert and use state water in the foreseeable future for industrial purposes.

5. Claimant may continue diligent development of Permit No. 2801 to a diversion and use of not to exceed 50 acre-feet of water per year for the irrigation of 25 acres of land within tracts T-1740 and T-1760 at a maximum diversion rate of 0.9 cfs (400 gpm) with a priority date of September 11, 1972.

DIVERSION POINT NO: 4520
TRACT NO: Travis Ward

OWNERSHIP:

IN: 167
APP: 11
III SF 129-138

SECTION 11.307 CLAIM: Under Permit No. 3043 to impound water in a 375 acre-foot capacity reservoir located on Shelton Mill Creek for recreational purposes and to divert and use therefrom 3.5 acre-feet of water per year for recreational and domestic purposes with a priority date of 1963. (Exh. 192)

FINDINGS:

1. Claimant is the owner of Permit No. 3043 (Application No. 3345), which authorizes the maintenance of an existing dam and reservoir located on Shelton Mill Creek, tributary of Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, and the impoundment therein of 375 acre-feet of water for recreational purposes with no right of diversion from the impoundment. (Exh. 193)

2. A Special Condition in Permit No. 3043 is construction for repairs necessary to correct the deficiencies and shall be commenced within six months and completed within one year from date of issuance of the permit or the permit shall expire and become of no further force and effect. (Exh. 193)

3. Application No. 3345 for Permit No. 3043, was accepted for filing by the Commission on January 11, 1976, and the permit was issued on March 11, 1976. (Exh. 193)

4. Claimant maintains a 375 acre-foot capacity reservoir located at the authorized location on Shelton Mill Creek, tributary of Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4520 in Abstract No. 477, Henderson County. (Exh 156; SF 134-135)

5. Since the issuance of the permit, state water has been impounded for recreational purposes. Water has been diverted from the impoundment for domestic purposes only. (SF 137-138)

6. The modifications to the dam at D-4520 required by Permit No. 203 have been completed to the satisfaction of the Department. (Exh. 197)

CONCLUSION:

Claimant is recognized a right under Permit No. 3043 to impound water in a 375 acre-foot capacity reservoir on Shelton Mill Creek, tributary of Balls Branch, tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at D-4520 in Abstract No. 477, Henderson County, for recreational purposes only, with no right of diversion from the impoundment and with a priority date of January 11, 1976.

49

DIVERSION POINTS NOS: 4510, 4600
TRACT NO: None

OWNERSHIP: Edwin L. Cox, Jr., L. H. Apperson and Jack A. Strqube

IN: 168
APP: 11
VIZ: SF 192-194

SECTION 13.167 CLAIM: Under Permit No. 3069 to impound water in two
225 acre-foot capacity reservoirs located on unnamed tributaries of
Mill Run Creek for recreation purposes with a priority date of January
27, 1978. (Exh. 628)

FINDINGS:

1. Claimants are the owners of Permit No. 3069 (Application No.
   3376), which authorizes the maintenance of a dam and 167
   acre-foot capacity reservoir and a dam and 58 acre-foot capacity
   reservoir located on unnamed tributaries of Mill Run Creek,
   tributary of Coon Creek, tributary of Catfish Creek, tributary of
   the Trinity River, for recreational purposes with no right of
   diversion from the impoundment.  (Exh. 628)

2. Application No. 3376 for Permit No. 3069 was accepted for filing
   by the Commission on January 27, 1978, and the permit was issued
   on March 17, 1973.  (Exh. 628)

3. Claimants maintain a 56 acre-foot capacity reservoir located at
   diversion point D-4510, which is the authorized location on an
   unnamed tributary of Bells Branch, tributary of Coon Creek,
   tributary of Catfish Creek, tributary of the Trinity River, with
   the dam being located in Abstract No. 938, Henderson County.
   (VIII AV 184-189, 193)

4. Claimants maintain a 167 acre-foot capacity reservoir located at
   diversion point D-4600, which is the authorized location on an
   unnamed tributary of Bells Branch, with the dam being located in
   Abstract No. 941, Henderson County.  (VIII AV 188, 189, 193)

5. Bells Branch is the same watercourse as Mill Run Creek.
   (VIII AV 188)

6. Since the issuance of the permit, state water has been impounded
   for recreational purposes only with no water being diverted from
   the impoundment.  (VIII A/ 192)

CONCLUSION:

Claimants are recognized a right under Permit No. 3069 to impound
water in a 167 acre-foot capacity reservoir located at diversion
point D-4600 and in a 56 acre-foot capacity reservoir located at
diversion point D-4510 on unnamed tributaries of Bells Branch,
tributary of Coon Creek, tributary of Catfish Creek, tributary of
the Trinity River, with the dams being located in Abstracts Nos.
938 and 941, Henderson County, for recreational purposes only
with no right of diversion from the impoundment and with a
priority date of January 27, 1978.

DIVERSION POINTS NOS: 4360 and 4580
TRACT NO: 1760

OWNERSHIP: Triple N Ranch, Inc.

IN: 169-179
APP: 11
VIZ: SF 146-163

SECTION 13.167 CLAIM: Under Permit No. 3180A to impound water in a 413
acre-foot capacity reservoir located on Bells Branch for domestic,
livestock and nonconsumptive recreational purposes and to divert and
use therefrom 100 acre-feet of water per year for irrigation purposes
at a maximum diversion rate of 3.56 cfs (1600 gpm) for the irrigation
of 100 acres of land with a priority date of September 13, 1978. (Exh.
198)

FINDINGS:

1. Claimant is the owner of Permit No. 3180A (Applications Nos. 3659
   and 3658A), which, as amended, authorizes the maintenance of an
   existing dam located on Bells Branch, tributary of Coon Creek,
   tributary of Catfish Creek, tributary of the Trinity River, and
   the impoundment therein of not to exceed 413 acre-feet of water
   and the diversion and use therefrom of not to exceed 100
   acre-feet of water per year for irrigation purposes at a maximum
   diversion rate of 3.56 cfs (1600 gpm) for the irrigation of 100
   acres of land out of a 939.2 acre tract located in the Henry F.
   Wilson Survey, Abstract No. 608, the Franklin Brown Survey,
   Abstract No. 91, and the James Parkins Survey, Abstract No. 613,
   Henderson County.  (Exh. 199 and 200)

2. A Special Condition in Permit No. 3180 is as follows:

   Failure to repair dam deficiencies within the
   period stated in Time Limitations shall cause
   this permit to expire and become of no
   further force and effect, and permittee shall .
   Thereafter remove the dam in accordance with
   accepted engineering practices.

3. Special Conditions in Permit No. 3180A include the following:

   Permittee is authorized to divert only when
   there is at least one (1) inch depth of water
   spilling continuously over the flume or weir
   of the reservoir, said flume or weir being a
   three-foot wide concrete pilot channel in the
   left (west) spillway with provisions for
   lowering or raising the reservoir water level
   with stoplogs or other devices.

   Permittee may lower the reservoir water level
   by diversions only when sufficient seepage
   or other devices are removed to provide at
   least one (1) inch depth of water spilling
   continuously over the flume or weir.

   Should permittee lower the reservoir water
   level by diversions and/or removal of stop-
   logs or other devices, the water level may
   not be raised and/or diversions made unless
   at least one (1) inch depth of water spills
   continuously over the flume or weir after a
   stoplog or stoplogs or other devices are
   inserted for the purpose of raising the
   reservoir water level.

4. Application No. 3658 for Permit No. 3180 was accepted for filing
   by the Commission on September 13, 1976, and the permit was
   issued on December 14, 1976.  (Exh. 199)

5. Application No. 3658A for Permit No. 3180A, which authorized the
   enlargement of the authorized reservoir to a 413 acre-foot
   capacity and the diversion and use of 100 acre-feet of water
   therefrom for the irrigation of 100 acres of land, was accepted
   for filing by the Commission on April 2, 1979, and the permit was
   issued on August 8, 1979.  (Exh. 200)

6. Claimant maintains a 413 acre-foot capacity reservoir located on
   Bells Branch, tributary of Coon Creek, tributary of Catfish
   Creek, tributary of the Trinity River, with the dam being located
   in Abstract No. 619, Henderson County.  (AV 149)

7. The most acreage within permit area T-4785 irrigated with state
   water in any calendar year since the issuance of the permit was
   64 acres, being field No. T-1, in 1980.  (Exh. 263; SF 154)

8. Since the issuance of the permit, state water has been diverted
   for irrigation purposes within T-4785 at authorized diversion
   point D-4360 located on the perimeter of the authorized reservoir
   by means of a stationary pump at a total suction efficient
   diversion rate of .61 cfs (200 gpm) using a volume gun type
   distribution system.  (Exh. 263; SF 149, 151)

9. A small amount of water has been used since issuance of the
   permit for dam maintenance purposes.  (SF 166)

10. Since issuance of Permit No. 3389, claimant has used the impound-
    ment on Bells Branch for recreational purposes.  (SF 152)

11. The maximum amount of state water diverted and used for irriga-
    tion purposes within T-1760 in any calendar year since the
    issuance of the permit was 40.5 acre-feet of water in 1980.
    (Exh. 263)

12. No reasons were specified for claimant's failure to divert and
    use the total amount of water authorized under No. 3180A.

13. Claimant demonstrated an intention to divert and use the full
    amount of water per year authorized by Permit No. 3180A for
    irrigation purposes in the foreseeable future by showing plans to
    increase irrigated acreage by expanding underground irrigation
    system.  (SF 161)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3298A to impound
   water in a 413 acre-foot capacity reservoir located on Bells
   Branch, tributary of Coon Creek, tributary of Catfish Creek,
   tributary of the Trinity River, with the dam being located at
   D-4360 in Abstract No. 619, Henderson County, for nonconsumptive
   recreational purposes and to divert and use therefrom not to
   exceed 41 acre-feet of water per year from diversion point D-4360
   located on the perimeter of the reservoir, at a maximum diversion
   rate of .61 cfs (200 gpm) for the irrigation of 64 acres of land
   within tract T-1760 in Abstracts Nos. 91, 619 and 608, Henderson
   County, the impoundment of up to 550 acre-feet of water shall
   have a priority date of September 13, 1976.  The additional
   impoundment and the diversion and use of water for irrigation
   purposes shall have a priority date of April 2, 1979.

2. Claimant may continue diligent development to a diversion and use
   of not to exceed 100 acre-feet of water per year for the irriga-
   tion of 100 acres of land within tract T-1760 at a maximum
   diversion rate of 3.56 cfs (1600 gpm) with a priority date of
   April 2, 1979.

3. Claimant's rights under Permit No. 3298A are subject to the
   Special Conditions contained in the permit.

DIVERSION POINTS NOS: 4630, 4520, 4700, 4710, 4720 and 4730
TRACT NO: None

OWNERSHIP: Circle Ten Council, Boy Scouts of America

IN: 171
APP: 11
VIZ: SF 258-268

SECTION 13.197 CLAIM: Under Permit No. 3161 to impound water in a
reservoir located on Andlog Branch and Bells Branch with a total
impounding capacity of 2059 acre-feet of water for recreational pur-
poses with a priority date of February 9, 1973.  (Exh. 336)

FINDINGS:

1. Claimant is the owner of Permit No. 3161 (Application No. 3347)
   which authorizes the impoundment of water in six reservoirs as
   follows:

   a. Lake Murchison on Bells Branch - 900 acre-foot
   b. Lake McElvaney on Andlog Branch - 33 acre-foot
   c. Allen Lake on Andlog Branch - 42 acre-foot
   d. Ferryman Lake on Andlog Branch - 350 acre-foot
   e. Jonsson Lake on Andlog Branch - 770 acre-foot
   f. Tarr Pond on Andlog Branch - 65 acre-foot

   Claimant is authorized to use the impounded water for recreation
   purposes with no right of diversion.  Claimant is required to
   repair Lake Murchison and Jonsson Lake Dams to correct deficient
   and unsafe conditions.  The repair work shall be commenced within
   one year and completed within two years from issuance of the
   permit unless extended by the Commission.  (Exh. 336)

2. A Special Condition in Permit No. 3161 is as follows:

   The failure to modify and correct Lake
   Murchison and Jonsson Lake Dam deficiencies
   within the period stated in Time Limitations
   shall cause this permit to expire for those
   dams and become of no further force and
   effect, and permittee shall thereafter remove
   those two dams in accordance with accepted
   engineering practices.

3. Application No. 3347 for Permit No. 3161 was accepted for filing
   by the Commission on February 9, 1973, and the permit was issued
   on August 3, 1974.  (Exh. 336)

4. Lake Murchison and Jonsson Lake Dams have been repaired as
   required by Permit No. 3161.  (Exh. 336)

5. Claimant maintains six reservoirs located at the authorized
   locations as follows:

| Location of Dam | Name of Lake | Abstract | Capacity |
|---|---|---|---|
| D-4630 on Andlog Branch trib. of Andlog Branch | Lake Murchison | 342 | 900 acre-foot |
| D-4650 on an unnamed trib. of Andlog Branch | Lake McElvaney | 1063 | 33 acre-foot |
| D-4700 on an unnamed trib. of Andlog Branch | Allen Lake | 54 | 42 acre-foot |
| D-4710 on an unnamed trib. of Andlog Branch | Ferryman Lake | 91 | 350 acre-foot |
| D-4720 on Andlog Branch | Jonsson Lake | 508 | 770 acre-foot |
| D-4730 on Andlog Branch | Tarr Lake | 1051 | 65 acre-foot |

   Andlog Branch and Bells Branch are tributaries of Coon Creek,
   tributary of Catfish Creek, tributary of the Trinity River.
   (SF 312-344)

6. Since the issuance of the permit, state water has been impounded for recreational purposes only with no water being diverted from the impoundment. Water has also been used from the impoundment for livestock purposes. (EF 287)

7. Use need has been ranked as Duck Lake. (EF 316)

CONCLUSION

Claimant is recognized a right under Permit No. 316 to impound water in six (6) reservoirs for recreational purposes as follows: 900 acre-feet of water in Lake Murchison located in Salts Branch, tributary of Coon Creek, tributary of the Trinity River, with the dam being located at diversion point D-1610; 32 acre-feet of water in Wilmon Reservoir located on an unnamed tributary of Anding Branch, tributary of Coon Creek, with the dam being located at diversion point D-1770; 12 acre-feet of water in Aiken Lake located on an unnamed tributary of Anding Branch, with the dam being located at D-1790; 210 acre-feet of water in Petrus Lake located on an unnamed tributary of Anding Branch, with the dam being located at diversion point D-1710; 770 acre-feet of water in Jameson Lake located on Anding Branch, with the dam being located at diversion point D-1710; and 61 acre-feet of water in Duck Lake located at Salts Branch, with the dam being located at diversion point D-1750. The six reservoirs shall have a priority date of February 3, 1978.

DIVERSION POINTS NOS: 4630, 4640, 4650, 4160, 4170, 4680, 4140, 4750, 4760, 4770, 4760, 4790, 4800

TRACT NO: None

OWNERSHIP: Koon Kreek Klub

IR: 172
APP: 11
VII SF 269-300

SECTION 11.147 CLAIM: Under Permit No. 2327 to impound water in a 5936 acre-foot capacity reservoir for recreational purposes with a priority date of February 2, 1972. (Exh. 235)

FINDINGS:

1. Claimant is the owner of Permit No. 2327 (Application No. 3172), which authorizes the impoundment of water in ten existing dams and reservoirs having a combined capacity of 5936 acre-feet of water for recreational purposes without the right of diversion. The capacity and location of the reservoirs are as follows:

| Dam | Stream | Acre-feet Impounded at Normal Operating Level |
|---|---|---|
| Koon Kreek | Coon Creek | 1631 |
| Cartwright | Unnamed | 32 |
| Wilson | Anding Branch | 900 |
| Withers | Unnamed | 10 |
| Baker | Unnamed | 15 |
| Slaughter No. 1 | Unnamed | 25 |
| Slaughter No. 2 | Unnamed | 10 |
| Shelton | Salts Branch | 602 |
| Old | Salts Branch | 610 |
| Black | Unnamed | 60 |

2. Application No. 3172 for Permit No. 2327 was accepted for filing by the Commission on October 9, 1971 and the permit was issued on February 2, 1976. (Exh. 246)

3. Claimant maintains ten reservoirs located at the authorized locations on an unnamed tributary of Anding Branch, Anding Branch and Salts Branch, with the dams being located at D-4630, D-4640, D-4650, D-4660, D-4680, D-4740, D-4750, D-4760 and D-4800 in Abstracts Nos. 164, 1060, 377, 443, 750, 18, 733, 1051, and 1194, Henderson County (the reservoirs are maintained at the authorized capacities (a combined capacity of 5936 acre-feet). (EF 314-316)

4. Since the issuance of the permit, state water has been impounded for recreational purposes only with no water being diverted from the impoundments. Water has also been used from the impoundments for domestic purposes. (EF 291-292)

5. Claimant also maintains nine unauthorized reservoirs on an unnamed tributary of Coon Creek. Coon Creek and an unnamed tributary of Anding Branch at D-4750, D-4780, D-4740, D-4650, D-4855, D-4765, D-4760 and D-4790. These reservoirs have capacities of approximately 15 acre-feet each. (EF 276-279, 283)

6. Koon Kreek Lake has been renamed as Big Lake. Cartwright Lake has been renamed as Spring Lake. (EF 276-277)

CONCLUSION

Claimant is recognized a right under Permit No. 2327 to impound water in ten reservoirs for recreational purposes as follows:

| Location of Dam | Dam Name | Stream | Capacity |
|---|---|---|---|
| D-4630 | Big Spring | Coon Creek | 1631 |
| D-4640 | | Unnamed trib. of Anding Branch | 32 |
| D-4770 | Wilson | Anding Branch | 900 |
| D-4760 | Withers | Unnamed trib. of Anding Branch | 10 |
| D-4740 | Baker | Unnamed trib. of Anding Branch | 15 |
| D-4630 | Slaughter No. 1 | Unnamed trib. of Salts Branch | 25 |
| D-4660 | Slaughter No. 2 | Unnamed trib. of Salts Branch | 10 |
| D-4650 | Shelton | Salts Branch | 602 |
| D-4660 | Old | Salts Branch | 610 |
| D-4680 | Black | Unnamed trib. of Coon Creek | 60 |

The priority date of the 10 reservoirs shall be October 9, 1971.

DIVERSION POINTS NOS: 4775, 4777, 4850 and 4890
TRACTS NOS: 1840 and 1860

OWNERSHIP: Edwin L. Cox, Jim Landoes et al, and T. U. Stricklin Estate (Ownership Unverified)

IR: 174
APP: 34
VIII SF 193-246

SECTION 11.307 CLAIM: Under Permit No. 1993 to impound water in a 1060 acre-foot capacity reservoir located on an unnamed tributary of Coon Creek and to divert and use therefrom 800 acre-feet of water per year for irrigation and an unspecified amount of water for recreational purposes with a priority date of October 23, 1963. (Exh. 624)

FINDINGS:

1. Claimants are the owners of Permit No. 1993 (Application No. 2187-A), which authorizes the maintenance of an existing reservoir located on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, and the impoundment therein of 1060 acre-feet of water per year for recreational purposes and the diversion and use therefrom of not to exceed 800 acre-feet of water per year for irrigation purposes from an unnamed tributary of Coon Creek, at a maximum diversion rate of 8.4 cfs (4200 gpm), for the irrigation of 400 acres of land out of a 1950 acre tract located in the J. R. Anding Survey, Abstract No. 700, Anderson County. (Exh. 625)

---

8. Time Limitations Included in Permit No. 1993 are as follows:

Construction or installation of all works herein authorized as required shall be commenced within 60 days and completed within one year unless extended by the Commission.

[Exh. 625]

3. Application No. 2187-A for Permit No. 1993 was accepted for filing by the Commission on October 11, 1967, and the permit was issued on March 18, 1968. (Exh. 635)

4. Claimants maintain a 1060 acre-foot capacity reservoir called Gator Lake located at diversion point D-4890 in tract T-1840 which is the authorized location on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located at Abstract Nos. 924, 351 and 1065, Anderson County. (VIII SF 217-219, 233, 5)

5. Claimants maintain an unauthorized reservoir with a capacity of less than 200 acre-feet located at diversion point D-4850 in tract T-1811, which is on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located in Abstract No. 924, Anderson County. [Exh. 4; VIII SF 217-233]

6. Tract T-1860 is a small portion of the permit area, approximately 50 acres, which is located in Abstract No. 923. The rest of the permit area is a tract T-1840 which is located in Abstracts Nos. 700, 924, 927, 924, 351, 1065 and 72. (VIII SF 227)

7. No water acreage within permit area T-1840, and outside the permit area, irrigated with state water in any calendar year since the issuance of the permit was 668 acres, being fields Nos. 1, 2A, 2B, and 7, in Abstracts Nos. 700, 924, 928, and 1065, in 1877. [Exh. 612; VIII SF 231, 233, 233-237]

8. Field No. 2B, which is located outside the permit area, contains 144 acres. (VIII SF 236; Exh. 3)

9. Since the features of the permit, state water has been diverted for irrigation purposes within T-1840 at authorized diversion points D-4775 and D-4777 located on the perimeter of Gator Lake by means of two portable pumps at a maximum combined diversion rate of 1.2 cfs (675 gpm), using an overlapping sprinkler type distribution system. (VIII SF 237, 239-241)

10. The maximum amount of state water diverted and used for irrigation purposes in any calendar year since the issuance of the permit was 668 acre-feet of water in 1977. Of this 600 acre-feet, 392 acre-feet was used to irrigate field No. 7B which is outside of the permit area, and 172 acre-feet were used to irrigate tract T-1840. [Exh. 612; VIII SF 231-233]

11. Since the issuance of the permit, state water has been impounded for recreational purposes from Gator Lake. Water has been diverted from the impoundment for livestock purposes. (VIII SF 228-231)

12. No reasons were specified for claimants' failure to divert and use the total amount of water authorized by Permit No. 1993.

13. No intention to divert and use more state water than the amount previously diverted under the authority of Permit No. 1993 was shown by claimants.

CONCLUSION:

1. Claimants are recognized a right under Permit No. 1993 to impound water in a 1060 acre-foot capacity reservoir, known as Gator Lake, located at diversion point D-4890 on an unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of the Trinity River, with the dam being located in Abstracts Nos. 700, 924, 928 and 1065, Anderson County, to use the impounded water for recreation purposes and to divert and use therefrom not to exceed 800 acre-feet of water per year for the irrigation of 284 acres of land within tract T-1840 from diversion points D-4775 and D-4777 located on the perimeter of the reservoir at a maximum combined diversion rate of 1.5 cfs (675 gpm), with a priority date of October 23, 1967.

2. Claimants' rights under Permit No. 1993 are subject to the Special Conditions contained in the permit.

3. Claimants did not show sufficient justification for the lack of development in accordance with the provisions of Permit No. 1993 to the full extent authorized.

4. Claimants did not demonstrate a bona fide intention to divert and use more state water than previously diverted under Permit No. 1993 in the foreseeable future.

DIVERSION POINTS NOS: 4820, 4830, 4840, 4860, 4870, 4880
TRACTS NOS: 1800, 1820, 1840, 1640

OWNERSHIP: Edwin L. Cox

IR: 173
APP: 34
VIII SF 181-246

SECTION 11.307 CLAIM: Under Permit No. 3772 to impound water in a 1919 acre-foot capacity reservoir located on the unnamed tributary of Coon Creek and to divert and use 160 acre-feet of water per year for irrigation and recreation purposes from the unnamed tributary of Coon Creek at an unspecified diversion rate for the irrigation of unspecified amount of acres of land with a priority date of August 11, 1980. [Exh. 626]

FINDINGS:

1. Claimant is the owner of Permit No. 3772 (Application No. 4070), a Section 11.121 type permit, which authorizes:

   a. maintenance and repair of two dams, known as Bass Haven Lake Dam and Fisherman's Paradise Lake Dam, on separate unnamed tributaries of Coon Creek and to impound in the lakes the following amounts of water in the following locations in Anderson County:

      1) Bass Haven Lake is in the H. J. Fuller Survey, Abstract No. 934 and impounds not to exceed 320 acre-feet of water; and

      2) Fisherman's Paradise Lake Dam is in A. Slaughter Survey, Abstract No. 228 and impounds not to exceed 1699 acre-feet of water;

   b. the use of Bass Haven and Fisherman's Paradise Lake for recreation purposes and the diversion and use of not to exceed 60 acre-feet of water per annum from the perimeter of each lake at a maximum diversion rate of 0.67 cfs (300 gpm) to irrigate 200 acres out of approximately 2819 acres in Anderson County. (Exh. 627)

2. Time Limitations in Permit No. 3772 are as follows:

Repair of the dams and related facilities herein authorized is required in order to correct deficient and unsafe conditions presently existing. The repairs shall be in accordance with plans approved by the Commission and shall be commenced within two years and completed within three years from date of issuance of this permit. (Exh. 637)

3. Special Conditions in Permit No. 3773 include the following:

a. Failure to repair deficiencies in the dams and related facilities within the period stated in Time Limitations shall cause this permit to expire and become null and void unless permittee applies for an extension of time to commence and/or complete repairs prior to the respective deadlines for commencement and completion and the request is subsequently granted.

b. After such time as the demand on Lake Livingston equals or exceeds the firm yield, permittee shall pass all reservoir inflow unless the water level of Lake Livingston is at least 131 feet above mean sea level. (Exh. 637)

4. Application No. 4076 for Permit No. 3771 was accepted for filing by the Commission on August 11, 1980, and the permit was issued on October 21, 1982. (Exh. 637)

5. By Commission Order dated January 13, 1963, the time to commence construction of the project authorized by Permit No. 3773 was extended to April 1, 1984 and to be completed by September 3, 1984. (Exh. 638)

6. Claimant maintains a 1499 acre-foot capacity reservoir, Fisherman's Paradise Lake Dam, located at diversion point D-4840 in Tract T-1840 which is the authorized location on the unnamed tributary of Coon Creek, tributary of Catfish Creek, tributary of Trinity River, with the dam being located in Abstract No. 929, Anderson County. (VIII SF 237, 239-241)

7. Claimant maintains a 530 acre-foot capacity reservoir, known as Base Haven Lake Dam, located at diversion point D-4970 in Tract T-1840, which is the authorized location on the unnamed tributary Coon Creek, tributary of Catfish Creek, tributary of Trinity River, with the dam located in Abstract No. 914, Anderson County. (VIII SF 237, 239-241)

8. Claimant maintains 3 other unauthorized reservoirs located at diversion points D-4830, with the dam being located in Abstract No. 351, and D-4994, with the dam located in Abstract No. 163, both in tract T-1840, which is located on the unnamed tributaries of Coon Creek, tributary of Catfish Creek, tributary of Trinity River, Anderson County.

9. D-4910 designates the authorized diversion point on the perimeter of Fisherman's Paradise Lake Dam in tract T-1840. D-4990 designates the authorized diversion point on the perimeter of Base Haven Lake Dam in tract T-1840. (VIII SF 238)

10. Tract T-1833 is located in Abstract No. 163, Anderson County. Tract T-1840 is located in Abstracts Nos. 949, 357, 1065, 562, 700, 914, 974, 929, Anderson County. Tract T-1809 is also located in Abstracts No. 761, 913, and 1165, Anderson County. Tract T-1840 is located in Abstracts Nos. 700, 936, 971, 949, 924, 1065 and 72, Anderson County. Tract T-1840 is located in Abstracts Nos. 76, 287, 317 443 534, 589, 587, 731 and 1073, Anderson County. (VIII SF 305-306, 237, 238)

11. Since the issuance of the permit, state water has been impounded for recreational purposes from Fisherman's Paradise and Base Haven Lake Dams. (VIII SF 241)

12. Since the issuance of the permit, state water has not been diverted for irrigation purposes within permit area from either the authorized reservoirs or the unauthorized reservoirs. (VIII SF 239, 241)

13. Since the issuance of the permit, state water has been used for livestock watering from the two unauthorized reservoirs located at diversion points D-4830 and D-4994. (VIII SF 243)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3773 to impound water in a 530 acre-foot capacity reservoir, known as Base Haven Lake located at diversion point D-4830 in Abstract No. 914 and in a 1499 acre-foot capacity reservoir known as Fisherman's Paradise Lake located at diversion point D-4840 in Abstract No. 929, both in tract T-1840, on the unnamed tributaries of Coon Creek, tributary of Catfish Creek, tributary of Trinity River, Anderson County, for recreational purposes, with a priority date of August 11, 1980.

2. Claimant may diligently develop to a diversion and use of not to exceed 200 acre-feet of water per year for the irrigation of 200 acres of land within permit area at a maximum diversion rate of 0.67 cfs (300 gpm) with a priority date of August 11, 1980.

3. Claimant's rights under Permit No. 3772 are subject to the Special Conditions contained in the permit.

4. Claimant's rights under Permit No. 3773 are subject to the Time Limitations contained in the Permit.

5. The diversion and use of reasonable amounts of state water for livestock purposes is an exempt use of water.

DIVERSION POINT NO: 4920
TRACT NO: 1500

OWNERSHIP: Frank H. Carroll

IR: 175
APP: 28
IX SF 99-76

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.307 Claim No. 6047 which claims a riparian right to divert and use water from Catfish Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 40 acre-feet of water was diverted at an unspecified maximum diversion rate to irrigate 50 acres of land in any calendar year during the period 1942-1947, inclusive. The first beneficial use of water in the claim area is declared to be in 1856. (Exh. 738)

2. Claimant is the owner of state area T-1980 which is located in Abstracts Nos. 1 and 80, Anderson County. Abstracts Nos. 1 and 80 were granted prior to January 20, 1840. (IX SF 56)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Catfish Creek for irrigation purposes within Abstracts Nos. 1 and 80. (IX SF 49-50)

4. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1942-1947, inclusive.

CONCLUSION:

Claimant is not recognized any right under §11.307 Claim No. 6047 because: no evidence was presented of any appurtenant beneficial use of state water within tract T-1980 during the period 1942-1947, inclusive; no §11.307 claim was filed in the adjudication of this stream pertaining to §11.307 Claim No. 6047; and, claim area T-1950 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grants.

---

DIVERSION POINT NO: 4940
TRACT NO: 1370

OWNERSHIP: Edwin A. Cox, Jr.

IR: 176
APP: 28
IX SF 50-51

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5669 which claims a riparian right to divert and use water from Otter Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 50 acre-feet of water was diverted at a maximum diversion rate of 650 gpm, to irrigate 50 acres of land in any calendar year during the period 1942-1947, inclusive. The first beneficial use of water in the claim area is declared to be in 1944. A 175 acre-foot capacity reservoir is also claimed. (Exh. 741)

2. Claimant is the owner of claim area T-1970 which is located in Abstract No. 797, Anderson County. Abstract No. 797 was patented in 1945. T-1970 and Abstract No. 797 abut Otter Creek. Diversion point D-4940 references the location stated in §11.303 Claim No. 5669. (Exh. 4, IX SF 51)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1942-1947, inclusive.

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 5669 because no evidence was presented of any subsequent beneficial use of state water within claim tract T-1970 during the period 1942-1947, inclusive, and because no §11.307 claim was filed in the adjudication of this stream pertaining to §11.303 Claim No. 5669.

---

DIVERSION POINT NO: 4960
TRACT NO: 1940

OWNERSHIP: George A. Pinkerton and Edith Pinkerton

IR: 177
APP: 28
VIII SF 146-159

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5293 to divert and use 75 acre-feet of water per year from Otter Creek at a maximum diversion rate of 300 gpm for the irrigation of 75 acres of land with a priority date of 1918. (Exh. 617)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 5293 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1942-1961, inclusive, to be 20 acre-feet of water from Otter Creek, tributary of the Trinity River, at a maximum diversion rate of 300 gpm for the irrigation of 75 acres of land. The date of first beneficial use of water within the claim area was declared to be 1918. (Exh. 620)

2. Claimants are the owners of state area T-1940 which is located in Abstract No. 661, Anderson County. Abstract No. 661 was patented in 1843. T-1940 and Abstract No. 661 cross Otter Creek, tributary of Catfish Creek, tributary of the Trinity River. (VIII SF 151)

3. The first diversion and use of state water for irrigation purposes within T-1940 was in August 1918. (VIII SF 153-154)

4. The most acreage within T-1940 irrigated with state water in any calendar year during the period 1942-1947, inclusive, was 11 acres, being Fields Nos. 1 and 2. (VIII SF 154, 156)

5. During the period 1942-1947, inclusive, state water was diverted for irrigation purposes within T-1940 at diversion point D-4960 located on Otter Creek by a portable pump at a maximum effective diversion rate of 0.67 cfs (300 gpm), being a gravity type distribution system. (Exh. 617; VIII SF 151, 156-157)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1940 in any calendar year during the period 1942-1947, inclusive, was four acre-feet. (VIII SF 158)

CONCLUSION:

Claimants are recognized a right under §11.303 Claim No. 5293 to divert and use not to exceed four acre-feet of water per year from diversion point D-4960 located on Otter Creek, tributary of Beaver Creek, tributary of Catfish Creek, tributary of the Trinity River, at a maximum diversion rate of 0.67 cfs (300 gpm) for the irrigation of 11 acres of land within tract T-1940 in Abstract No. 661, Anderson County, with a priority date of August 1918.

---

DIVERSION POINTS NOS: 4980, 5000
TRACT NO: 1360

OWNERSHIP: Maurice M. Williams

IR: 178
APP: 28
V SF 3-24

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5984 to divert and use 400 acre-feet of water per year from Beaver Creek at a maximum diversion rate of 300 gpm for the irrigation of 200 acres of land with a priority date of 1848. (Exh. 375)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5984 which asserted a riparian right to divert and use water for irrigation purposes and declared that an unspecified amount of water was used each year during the period 1942-1947, inclusive, from Beaver Creek for the irrigation of 200 acres of land. The date of first beneficial use of water within the claim area was declared to be 1852. (Exh. 360)

2. Claimant is the owner of claim area T-1360 which is located in Abstracts Nos. 105, 199 and 41, Anderson County. Abstract No. 30 was patented in 1870. Abstract No. 105 was patented in 1845. Abstract No. 199 was patented in 1841. Abstract No. 41 was patented in 1875. Abstracts Nos. 105, 199 and 41 filed in areas within T-1360. All of T-1360 lies within Abstracts Nos. 105 or 199. T-1360 abuts and Abstract No. 199 crosses Beaver Creek. Abstract No. 105 does not cross or abut Beaver Creek. (EF 8)

3. The first diversion and use of state water for irrigation purposes within T-1960 was in 1946. (EF 21-22)

4. The most acreage within T-1960 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 150 acres, being Haley Fields Nos. 1 and 3, in Abstract No. 207. (EF 9, 14-15)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-1960 from anywhere along Beaver Creek within T-1960 including diversion points S-4800 and S-7000 by two pumps at a maximum effective diversion rate of 1.1 cfs (500 gpm) using a sprinkler and lateral ditch flood type distribution. (EF 9, 13-15)

6. During the period 1963-1967, inclusive, water was typically put on field No. 3 by sprinkler and flood irrigation and by lateral ditches on field No. 1. Irrigation by lateral ditches involved keeping the ditches full and allowing the water to leach into the underlying soil. (EF 15-19)

7. The maximum amount of state water diverted and used for irrigation purposes within T-1960 in any calendar year during the period 1963-1967, inclusive, was 470 acre-feet of water. (EF 15-23)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 5594 to divert and use not to exceed 470 acre-feet of water per year from any point along Beaver Creek, tributary of Catfish Creek, tributary of the Trinity River, within T-1960, including S-4800 and S-7000, at a maximum diversion rate of 1.1 cfs (500 gpm) for irrigation of 150 acres of land within tract T-1960 in Abstract No. 180, Anderson County, with a priority date of December 31, 1946.

---

DIVERSION POINTS NOS: 3020, 5140, 5170, 5160, 5170, 5190
TRACTS NOS: 1990, 2040, 2060, 2090

OWNERSHIP: Texas Department of Corrections

IN: 179-180
APP: 76
V EF 89-101

SECTION 11.307 CLAIM: Under Permit No. 3501 to divert and use 285 acre-feet of water per year for irrigation purposes from the Trinity River at a maximum diversion rate of 3.3 cfs fed the irrigation of 600 acres of land with a priority date of February 9, 1970. (Exh. 394)

FINDINGS:

1. Claimant is the owner of Permit No. 3501, Application No. 3780, a §11.221 type permit, which authorizes permittee to directly divert and use not to exceed a total of 285 acre-feet of water per annum from the following tributaries, apportioned and used as follows:

   a. 65 acre-feet per annum from a natural reservoir on Cedar Lake Slough to irrigate 200 acres of land out of a 680 acre tract in the Jose Ignacio Aguilera Survey, Abstract No. 9, and the Manuel Rincon Survey, Abstract No. 58, 11-1/3 miles west of Palestine, Anderson County, Texas.

   b. 100 acre-feet per annum from a natural reservoir (Honey Lake) on an unnamed tributary of Spring Creek to irrigate 300 acres of land out of two tracts totalling 650 acres in the aforesaid Manuel Rincon Survey, 16-1/2 miles west of Palestine.

   c. 120 acre-feet per annum from Catfish Creek to irrigate 100 acres of land out of a 500-acre tract in said survey, 17-1/2 miles west of Palestine.

2. A Special Condition in Permit No. 3501 is as follows:

   Permittee shall forfeit all rights to this permit subject to notice and hearing if he fails to commence installation of the proposed facilities within 90 days after the date of permit issuance, fails to request an extension of time to commence construction from the Commission within 60 days after the date of permit issuance, or fails to work diligently and continuously to the completion of the construction. (EF 296)

3. Application No. 3782 for Permit No. 3501 was accepted for filing by the Commission on June 17, 1973, and the permit was issued on October 6, 1977. (Exh. 395)

4. The most acreage within permit areas T-1990, T-2040 and T-2090 irrigated with state water in any calendar year since the issuance of the permit was 240 acres, in 1977. (Exh. 383; EF 92)

5. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-1990, T-2040 and T-2090 at authorized diversion points S-5020 on Catfish Creek and S-3170 on Honey Lake by means of two portable pumps at a maximum effective diversion rate of 3.3 cfs (1500 gpm) at each point. (EF 97-98, 88, 93)

6. The maximum amount of state water diverted and used for irrigation purposes within T-1990, T-2040 and T-2090 in any calendar year since the issuance of the permit was 143.6 acre-feet of water in 1977. There was no evidence of how much water was taken from each source (Catfish Creek and Honey Lake). (Exh. 384; EF 88)

7. S-5140 designates the location of a natural reservoir known as Cedar Lake Slough and S-5150 designates the location of a diversion point located on the perimeter of that reservoir, S-3160 designates the location of a natural reservoir known as Honey Lake, S-3190 designates the location of the return point referred to in Permit No. 3501. (EF 97-99, 100)

8. Since issuance of the permit, no water has been used from Cedar Lake Slough. (EF 99)

9. Pumping facilities were installed at authorized diversion points within 90 days of the issuance of Permit No. 3501. (EF 93)

CONCLUSIONS:

1. Claimant may diligently develop Permit No. 3501 to a diversion and use of not to exceed a total of 285 acre-feet of water per annum from the following tributaries, apportioned and used as follows:

   a) 65 acre-feet per annum from a natural reservoir on Cedar Lake Slough to irrigate 200 acres of land out of T-2040 in Abstracts Nos. 58 and 9, Anderson County, at a maximum diversion rate of 3.3 cfs (1500 gpm);

   b) 100 acre-feet per annum from a natural reservoir (Honey Lake) on an unnamed tributary of Spring Creek, tributary of the Trinity River, to irrigate 300 acres of land out of T-2060 and T-2090 in Abstract No. 58, Anderson County, at a maximum diversion rate of 3.3 cfs (1500 gpm);

   c) 120 acre-feet per annum from Catfish Creek, tributary of Spring Creek, tributary of the Trinity River, to irrigate 100 acres of land out of T-1990 in Abstract No. 58, Anderson County, at a maximum diversion rate of 3.3 cfs (1500 gpm).

   The above rights shall have a priority date of June 17, 1977

2. Claimant is not recognized any perfected right under Permit No. 3501 because there was no evidence to support a maximum diversion since issuance of the permit, for each source authorized in the permit.

---

DIVERSION POINTS NOS: 5040, 5050, 5060, 5070
TRACT NO: 2000

OWNERSHIP: O. P. Leonard, Jr., E. W. Leonard, Margery Ann Hodges and Mattha Anthony

IN: 181-182
APP: 22
V-A EF 2-46

SECTION 11.307 CLAIM: Under Permit No. 3776 and §11.303 Claim No. 5524 to impound water in a 7185 acre-foot capacity reservoir located on Indian Creek and the Trinity River and to divert and use therefrom 3510 acre-feet of water per year for irrigation, recreation, domestic and livestock purposes at a maximum diversion rate of 4.13 cfs for the irrigation of 770 acres of land with a priority date of "before 1956" on §11.303 Claim No. 5524 and October 6, 1960 on Permit No. 3776. (Exh. 196)

FINDINGS:

1. Claimants are the owners of Permit No. 3776 (Application No. 0882), a §11.221 type permit, which authorizes the maintenance of a dam and 7185 acre-foot capacity reservoir located on Indian Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 7185 acre-feet of water per year and the diversion and use therefrom of not to exceed 3550 acre-feet of water per year at a maximum diversion rate of 4.13 cfs (1850 gpm) for the irrigation of 120 acres of land out of a 3944.97 acre tract located in the Manuel Rionda Survey, Abstract No. 25, Freestone County. (Exh. 372)

2. Special Conditions in Permit No. 3776 include the following:

   the issuance of this permit shall not reduce any additional water rights which may be recognized under Texas Water Code Section 11.303, et seq., Claim No. 5524; by the final judgment of the court in the adjudication process.

   if any rights to divert and use water other than those authorized by this permit are recognized under Texas Water Code Section 11.303, et seq., Claim No. 5524, by the final judgment of the court in the adjudication process, the authorization of this permit shall be reduced by the extent such other rights are recognized.

   After such time as the demand on Lake Livingston equals or exceeds the firm yield, permittee shall pass all reservoir inflow unless the water level is at least 1% feet above mean sea level.

   Subject to Special Condition 4(a) of this permit, permittees shall release any water impounded in the reservoir herein authorized in excess of 1874 acre-feet when such release of water is necessary to satisfy the rights of downstream domestic, livestock or other authorized uses. (Exh. 373)

3. Application No. 4082 for Permit No. 3776 was accepted for filing by the Commission on October 6, 1980, and the permit was issued on March 11, 1981. (Exh. 373)

4. Claimants are the owners of §11.303 claim No. 5524 which asserted an equitable, adverse and a riparian right to divert and use water for irrigation, domestic, industrial, recreation, livestock, mining, and other purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 322 acre-feet of water from the Trinity River and Indian Creek at an unspecified maximum diversion rate for the irrigation of two to three acres of land. The date of first beneficial use of water within the claim area was declared to be before 1956. A reservoir with a capacity of 171.6 acre-feet was also claimed. (Exh. 77)

5. An additional sworn statement to §11.303 Claim No. 5524 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1972, inclusive, to be 538 acre-feet of water from the Trinity River and Indian Creek at a maximum diversion rate of 1960 gpm for the irrigation of 115 acres of land. (Exh. 373)

6. Claimants are the owners of which and permit area T-2000 which is located in Abstracts Nos. 3, 28, 11, 207, 346, 370, 543, 612 and 612, Freestone County. All irrigation within T-2000 during the period 1963-1972, inclusive, was in Abstracts Nos. 28, 11, 207 and 370, in 1970. Field No. 2 within T-2000 was also irrigated with state water during the period 1963-1967; however, there was no evidence of the amount of acres irrigated. (Exh. 196)

7. A dam was constructed in 1955 and is located at diversion point S-5040 on Indian Creek in Abstract No. 543, Abstract No. 543 was patented in 1854. During the period 1963-1970, inclusive, 7185 acre-feet of water was impounded in the reservoir and the water was used for irrigation, domestic and livestock purposes. The diversion and use of state water within T-2000 during this period was facilitated by one of the impoundment. (EF 9, 17, 24)

8. During the period 1963-1970, inclusive, state water was diverted for irrigation, domestic and livestock purposes at diversion points S-5040 and S-5050 located on the perimeter of the reservoir on Indian Creek by a pump at a maximum effective diversion rate of 3.3 cfs (1500 gpm) using a sprinkler type distribution system. Water was also diverted for irrigation within Field T-2 in T-2000 at diversion point S-5070 on the Trinity River by a pump at a maximum effective diversion rate of 0.34 cfs (155 gpm). (EF 10, 14; 31-32)

9. The maximum amount of state water diverted and used from S-5040 and S-5050 on the reservoir for irrigation purposes within Field No. 2-1 in T-2000 in any calendar year during the period 1963-1970, inclusive, was 172 acre-feet of water in 1970. The maximum amount of state water used from S-5070 on the Trinity River for irrigation purposes within Field 7-2 in T-2000 was 6.3 acre-feet in 1963-1965. The maximum amount of water diverted and used from S-5040 and S-5060 on the perimeter of the reservoir for domestic and livestock purposes in any calendar year during the period 1963-1970 was 11 acre-feet in 1970. (EF 14, 31, 38)

10. Since the issuance of the permit, no state water has been diverted for irrigation purposes within T-2000. (EF 35)

CONCLUSIONS:

1. The use of the dam and reservoir located at D-5060 on Indian Creek, as well as the capacity of the reservoir, are reasonable.

2. Claimants are recognized a right under §11.303 Claim No. 5534 to maintain an existing dam and reservoir located within T-2006 on Indian Creek, tributary of the Trinity River, with the dam being located at D-5060 in Abstract No. 542, Freestone County, and to impound therein not to exceed 2198 acre-feet of water.

3. Claimants are recognized a right under §11.303 Claim No. 5534 to divert and use not to exceed 11 acre-feet of water per year from the perimeter of the reservoir at D-5060, on Indian Creek, tributary of the Trinity River, at a maximum diversion rate of 3.5 cfs (1530 gpm) for domestic and livestock purposes, with a priority date of December 31, 3361.

4. Claimants are not recognized any right under §11.303 Claim No. 5534 to use water from Indian Creek for irrigation of Field No. F-1 in T-2006 because a portion of that field is located in Abstract No. 376, Freestone County, which is severed from Indian Creek and a portion of that field is located in Abstract No. 35, Freestone County, which was patented prior to January 20, 1840. Claimant is not recognized any right under §11.303 Claim No. 5534 to use water from the Trinity River for irrigation of Field No. F-2 in T-2006 because a portion of that field is located in Abstract Nos. 25 and 11, Freestone County, which were patented prior to January 20, 1840 and there was no evidence of the amount of land irrigated or amount of water used to irrigate that portion of field No. F-2 located within Abstract No. 307, Freestone County, during the period 1963-1976, inclusive.

5. Claimant may diligently develop Permit No. 3786 to a diversion and use of not to exceed 200 acre-feet of water per year for the irrigation of 120 acres of land within tract T-2009 in Abstract No. 35, Freestone County, at a maximum diversion rate of 4.72 cfs (1900 gpm) with a priority date of October 6, 1910.

6. Claimants' rights under Permit No. 3786 are subject to the Special Conditions contained in the permit.


DIVERSION POINTS NOS: 5100, 5110, 5115, 5120, 5130
TRACT NO: 2030

OWNERSHIP: J. R. Young

PW: 183
APP: 28
VIII EP 264-282

SECTION 11.307 CLAIM: Under Permit No. 3359 to impound water in a 1000 acre-foot capacity reservoir located on the unnamed tributary of Spring Creek and to divert and use therefrom 394 acre-feet of water per year for irrigation and recreation purposes from the unnamed tributary of Spring Creek at a maximum diversion rate of 18,000 gpm for the irrigation of 278 acres of land with a priority date of July 19, 1976.  [Exh. 649]

FINDINGS:

1. Claimant is the owner of Permit No. 3359 (Application No. 3624), a Section 5.111 type permit, which authorizes the maintenance of an existing levee and earthen reservoir located on the unnamed tributary of Spring Creek, tributary of Trinity River, with the levee located in the Manuel Alondo Survey, Abstract No. 31, and is in conflict with the Bernardo Pemiaison Survey, Abstract No. 31 and Edward C. Harris Survey, Abstract No. 14, and the impoundment therein of 151 acre-feet of water per year for recreational purposes and diversion and use of not to exceed 394 acre-feet of water per year for irrigation purposes from the unnamed tributary of Spring Creek, tributary of Trinity River at a maximum diversion rate of 18.0 cfs (8,000 gpm) by gravity flow for the irrigation of 278 acres of land out of a 357 acre tract located in the Edward C. Harris Survey, Abstract No. 20, which is in conflict with Manuel Alondo Survey, Abstract No. 36, and with Jose V. Aguilera Survey, Abstract No. 3, Anderson County.  [Exh. 647]

2. A Special Condition in Permit No. 3359 is the following: In addition to the above authority, permittee is authorized to place his groundwater in the above reservoir for subsequent diversion.  [Exh. 647]

3. Application No. 3624 for Permit No. 3359 was accepted for filing by the Commission on July 19, 1976, and the permit was issued on November 16, 1976.  [Exh. 647]

4. Claimant maintains a 1000 acre-foot capacity reservoir, Darnell Lake, located at the authorized location on the unnamed tributary of Spring Creek, tributary of Trinity River, with the dam being located at D-5115 in Abstract Nos. 14 and 20, Anderson County.  [Exh. 649; VIII EP 265,271; 278; Exh. 5]

5. The most acreage within claim area T-2030 irrigated with state water in any calendar year since the issuance of the permit was 278 acres, in 1985.  [VIII EP 275, 279]

6. Permit area T-2030 is located in Abstract No. 88, Anderson County, (which is in conflict with Abstract No. 31 and Abstract No. 20) and in Abstract No. 3, Anderson County, (which is in conflict with Abstract No. 14).  [VIII EP 269, Exh. 5]

7. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-2030 at authorized diversion points D-5100, 5110 and D-5130 and at an unauthorized diversion point D-5115 located on the perimeter of the authorized reservoir by means of a pump at a maximum effective diversion rate of 22.27 cfs (10,230 gpm) using a flood type distribution system.  [VIII EP 269-270, 279]

8. The maximum amount of state water diverted and used for irrigation purposes within T-2030 in any calendar year since the issuance of the permit was 554 acre-feet of water in 1981.  [VIII EP 273, 281]

9. No evidence was presented by claimant which showed that impounded water was used for recreational purposes.  [VIII EP 264-281]

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3359 to maintain an existing levee and an earthen reservoir located at diversion point D-5130 on unnamed tributary of Spring Creek, tributary of Trinity River, with the dam being located in Abstract Nos. 88, Anderson County and to divert and use not to exceed 135 acre-feet of water and to divert and use not to exceed 394 acre-feet of water per year for irrigation purposes from diversion points D-5100, D-5110, and D-5130 located on the perimeter of the reservoir at a maximum diversion rate of 18.0 cfs (6500 gpm) for the irrigation of 278 acres of land within tract T-2030 in Abstract Nos. 7, 31, 30 and 88, Anderson County, with a priority date of July 19, 1976.

2. Claimant's rights under Permit No. 3359 are subject to the Special Conditions contained in the permit.

3. Claimant may continue diligent development to use the impounded water for recreational purposes.


DIVERSION POINTS NOS: 5190 and 5200
TRACT NO: 2100

OWNERSHIP: F. S. Hill and W. F. Hill, dba Hill Ranch

PW: 184-185
APP: 36
VI EP 107-121, 345-347

SECTION 11.307 CLAIM: Under §11.303 Claim No. 100 to divert and use 181 acre-feet of water per year from the Trinity River at a maximum diversion rate of 1400 gpm for the irrigation of 181 acres of land with a priority date of July 1957. For acre-foot capacity off-channel reservoir was also claimed.  [Exh. 291]

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 100 which asserted a riparian right to divert and use water for irrigation and livestock purposes and declared that no state water was diverted and used in any calendar year during the period 1963-1987, inclusive. Water had previously been diverted from the Trinity River into a small off-channel reservoir using a flood irrigation method in 1955 and 1957 and no state water was diverted in the calendar years 1957.  [Exh. 292]

2. An additional sworn statement to §11.303 Claim No. 100 was timely filed which declared that no state water was diverted and used in any calendar year during the period 1963-1970, inclusive.  [Exh. 293]

3. Claimants are the owners of claim area T-2100 which is located in Abstract No. 9, Freestone County, Abstract No. 2 was patented in 1852. T-2100 abuts and Abstract No. 2 crosses the Trinity River.  [EP 116]

4. The land granted by the J. V. Aguilera Grant (A-2) was classified as arable land and particulated and the grant does not contain any language concerning the use of water for irrigation purposes.  [Exh. 295]

5. The first diversion and use of state water for irrigation purposes within T-2100 was in the summer of 1957.  [EP 118]

6. The most acreage within T-2100 irrigated with state water was 181 acres, being field No. F-1 and in 1957 and 1958.  [EP 118-119]

7. A four acre-foot capacity off-channel reservoir, was constructed in 1965 and is located at diversion point D-5190 within T-2100. The impounded water was used for irrigation purposes during the period 1957 and 1958. The diversion and use of state water within T-2100 during the period but is facilitated by use of the impoundment.  [Exh. 291; EP 116, 119; 119]

8. D-5190 designates the location of the diversion point on the Trinity River.  [EP 116]

9. No water was diverted and used for irrigation purposes during the period 1963-1981, inclusive.  [EP 120]

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 100 because the claim area T-2100 is located on land granted prior to January 20, 1840, which was granted without a specific grant to divert and use public water for irrigation purposes. There was no diversion and use of state water for any nonexempt beneficial use of water during the period 1963-1967, inclusive, and claimants did not establish a water right under any other theory.


DIVERSION POINTS NOS: 5220, 5230, 5240, 5250
TRACTS NOS: 2120, 2121

OWNERSHIP: J. E. Young and Louise C. Massey

PW: 186
APP: 20
VIII EP 290-309

SECTION 11.307 CLAIM: Under §11.303 Claim No. 7244 to divert and use 20 acre-feet of water per year from the Cedar Creek at a maximum diversion rate of 800 gpm for the irrigation of 70 acres of land with a priority date of 1955. A off-channel capacity reservoir on Cedar Creek was also claimed.  [Exh. 659]

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 7244 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1962-1967, inclusive, to be 20 acre-feet of water from Cedar Creek, tributary of Trinity River, at a maximum diversion rate of 700-800 gpm for the irrigation of 15 acres of land. The date of first beneficial use of water within the claim area was declared to be 1955. The reservoirs on Cedar Creek, tributary of Trinity River with a capacity of 30 and 40 acre-feet were also claimed.  [Exh. 659]

2. Claimants are the owners of claim areas T-2120 and T-2121 which are located in Abstracts Nos. 3, 30, 44 and 31, Anderson County. No. 31 was patented in 1855. Abstract No. 3 was patented in 1933. Abstract No. 44 was patented in 1835. T-2120 and T-2121 and Abstracts Nos. 3, 30, 44 and 31 are located within a tributary of Cedar Lake, tributary of Trinity River.  [Exhs. 4 and 5; VIII EP 303]

3. The record in this adjudication does not contain any English translations of the J. Aquilera Grant (A-3), J. Harris Grant (A-30), A. Monroe (A-44), or T. Kebless Grant (A-31) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes.  [VIII EP 298-309]

4. The date of first diversion and use of state water for irrigation purposes within T-2120 and T-2121 was unspecified.  [VIII EP 298-305]

5. The most acreage within T-2120 and tract T-2121 irrigated with state water in any calendar year during the period 1962-1967, inclusive, was 35 acres, being field No. 1 in Abstracts Nos. 3, 30, 44 and 31 in 1964.  [VIII EP 306-308]

6. Two dams are located at diversion points D-5250 and D-5230 within T-2120 on the unnamed tributary of Cedar Lake, tributary of Trinity River. During the period 1962-1967, inclusive, 70 acre-feet of water was impounded in the reservoirs and the water was used for irrigation purposes within T-2120 and T-2121. The diversion and use of state water within T-2120 during this period was facilitated by use of the impoundment.  [Exhs. 4 and 666; VIII EP 303, 306]

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2120 and T-2121 at diversion points D-5240 and D-5230 located on the perimeter of the reservoir at an unspecified diversion rate.  [VIII EP 303]

8. The maximum amount of state water diverted and used for irrigation purposes within tracts T-2120 and T-2121 in any calendar year during the period 1963-1967, inclusive, was an unspecified amount of water in the mid-60s.  [VIII EP 309]

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 7244 because (i) the claim area T-2120, T-2121 is located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grants and (ii) Claimant did not establish a water right under any other theory.

DIVERSION POINTS NOS; 5230, 5260, 5370, 5380
TRACES NOS; 3160, 3150

OWNERSHIP; J. R. Young, Louise Collins Massey and Ford Cartwright, Inc.

IN;   167-188
APP;   36
VIII RP 282-297; IV RP 51-52

SECTION 11.307 CLAIM: Under Permit No. 1775 to impound water in a 379 acre-foot capacity reservoir located on the Sand Branch, tributary of the Trinity River, and to divert and use therefrom 75 acre-feet of water per year for irrigation and recreation purposes from the Sand Branch, tributary of the Trinity River, at a maximum diversion rate of 4.0 cfs for the irrigation of 95 acres of land with a priority date of June 13, 1955.   (Exh. 650)

FINDINGS:

1.  Claimants are the owners of Permit No. 1775 (Application No. 1316), which authorizes the impoundment of water in a 379 acre-foot capacity reservoir located on Sand Branch, tributary of Trinity River, and the impoundment thereto of 369 acre-feet of water per year and the diversion and use therefrom of 300 acre-feet of water per year for irrigation purposes from Sand Branch, tributary of Trinity River, at a maximum diversion rate of 4.00 cfs (1920 gpm) for the irrigation of 390 acres of land located in the R. R. Patton Survey, Abstract No.683, Anderson County.   (Exh. 650)

2.  Application No. 3244 for Permit No. 1775 was accepted for filing by the Commission on June 13, 1952, and the permit was issued on September 1, 1955.   (Exh. 650)

3.  Application No. 1915 for Permit No. 1789, which authorizes the appropriation, impoundment, diversion, and use from Sand Branch, tributary of the Trinity River, of 79 acre-feet of water per annum, at a diversion rate of 2.0 cfs for the irrigation of not to exceed 40.51 acres in Anderson County was accepted for filing by the Commission on June 11, 1951, and the permit was issued on September 1, 1955.   (Exh. 654)

4.  An Order of Texas Water Rights Commission was issued on December 1, 1968 which forfeited, revoked and cancelled Permit No. 1789 in whole.   (Exh. 650)

5.  Permit No. 1775 was partially cancelled by Commission Order dated May 10, 1967.  Claimants retained the right to divert and use 75 acre-feet of water per year from authorized reservoir on Sand Creek, tributary of Trinity River, at a maximum diversion rate of 4.0 cfs, to irrigate 95 acres of land.   (Exh. 652)

6.  T-2140 and T-2160 contain two dams or embankments, both on the unnamed tributaries of Order 650 Slough, that create a single impoundment.  D-5230 designates the location of the most northerly dam.  D-5380 designates the location of the south dam.  This reservoir authorized capacity is 366 acre-feet of water.   (Exh. 656)

7.  The most acreage within permit area T-2160 and tract T-2150 irrigated with state water in any calendar year since the issuance of the permit was 190 acres, in 1956.   (Exh. 659)

8.  T-2160 and T-2150 are located in the Edward C. Harris Survey, Abstract No. 39, which is in conflict with the Jesse I. Aguivate Survey, Abstract No. 5.   (Exh. 5)

9.  Since the issuance of the permit, state water has been diverted for irrigation purposes within tracts T-2140 and T-2160 at authorized diversion point D-5260 located on a perimeter of the authorized reservoir at D-5230 and T-2150 located on the perimeter of the authorized reservoir at D-5380 by means of a V shaped canal at a maximum effective diversion rate of 2.12 cfs (969 gpm).   (Exhs. 656, 657; VIII RP 290-291)

10.  The maximum amount of state water diverted and used for irrigation purposes within tracts T-2160 and T-2160 in any calendar year since the issuance of the permit was 96 acre-feet of water in 1956.   (Exh. 659)

11.  No reasons were specified for claimants' failure to divert at the maximum diversion rate authorized by Permit No. 1775.   (VIII 294-294)

12.  No intention to divert at the maximum diversion rate authorized than the amount previously diverted under the authority of Permit No. 1775 was shown by claimants.   (VIII RP 294-296)

CONCLUSIONS:

1.  Claimants are recognized a valid under Permit No. 1775 to impound water in a 300 acre-foot capacity reservoir located on Sand Branch, tributary of Trinity River, with the dam being located at D-5280 and D-5230 in Abstract Nos. 5 and 39, in Anderson County, and to divert and use therefrom not to exceed 75 acre-feet of water per year for irrigation purposes from diversion points D-5260 located on the perimeter of the reservoir at D-5230 and D-5360 located on the perimeter of the reservoir at D-5380 at a maximum diversion rate of 2.12 cfs (969 gpm) for the irrigation of 50 acres of land within tracts T-2160 and T-2160 in Abstracts Nos. 5 and 39, Anderson County, with a priority date of July 13, 1955.

2.  Claimants did not show sufficient justification for lack of development under Permit No. 1775 to the maximum diversion rate authorized for irrigation purposes.

3.  Claimants did not show a bona fide intention to increase diversion rate in the foreseeable future.

DIVERSION POINTS NOS; 3309, 5320
TRACT NO; 3188

OWNERSHIP; Howard T. Winkler and Joyce B. Winkler

IN;   189
APP;   26
V RP 123-139

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2562 to divert and use an unappropriated amount of water per year from Big Lake at a maximum diversion rate of 700 gpm for the irrigation of 25 acres of land with a priority date of 1972.  A 400 acre-foot capacity reservoir was also claimed.   (Exh. 404)

FINDINGS:

1.  Claimants are the owners of §11.303 Claim No. 2562 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Big Lake at a maximum diversion rate of 700 gpm for the irrigation of 25 acres of land.  The beneficial use of water within the claim area was declared to be 1972.   (Exh. 407)

2.  Claimants are the owners of claim code T-3160 which is located in Abstract No. 258, Anderson County, which was patented in 1847, T-3180 abuts and Abstract No. 258 Carrows Big Lake, tributary of an unnamed tributary of Caster Creek Slough, tributary of the Trinity River.   (RF 139-138)

3.  There was no evidence of the first diversion and use of state water for irrigation purposes within T-3160.

4.  Claimant purchased T-3188 in 1964 and has used no state water since that time for irrigation purposes.   (RF 133, 136)

5.  The most acreage within T-3180 irrigated with state water in any calendar year prior to 1964, was 25 acres, being tract No. 11.   (RF 137)

6.  Diversion Point D-5320 designates the location of Big Lake and D-5303 designates the location of a diversion point on Big Lake.   (RF 130)

7.  Prior to 1964 water was diverted at D-5260 at a maximum diversion rate of 1.6 cfs (750 gpm) for the irrigation of T-2160.   (RF 133)

8.  There was no evidence of the amount of water diverted prior to 1964 from D-5300 for irrigation purposes.   (RF 135)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 2500 because there was no evidence of any non-exempt beneficial use of state water during the period 1963-1967.

DIVERSION POINTS NOS; 5260, 5350, 6360 and 6370
TRACT NO; None

OWNERSHIP; UPG, Inc.

IN;   190
APP;   21
IV RP 304-312

SECTION 11.307 CLAIM: Under Permit No. 2579A to impound water in a 9.4 acre-foot and a 31 acre-foot capacity reservoir located on an unnamed tributary of Saline Branch and to divert and use a total of 168 acre-feet of water per year for mining purposes (the displacement of subsurface water) from mine Creek at a maximum diversion rate of 600 gpm with priority dates of February 11, 1976 and April 26, 1982, respectively.   (Exh. 359)

FINDINGS:

1.  Claimant is the owner of Permit No. 2579A (Applications Nos. 2065 and 3065A), which, as amended, authorizes the maintenance of an existing one acre-foot capacity reservoir on an unnamed tributary of Saline Branch, tributary of Caters Branch, tributary of the Trinity River, and the maintenance of an existing 30 acre-foot capacity off-channel reservoir.  The 168 acre-feet of water per year from the on-channel reservoir for placement into the off-channel reservoir and subsequent use for mining purposes in Freestone County at a maximum diversion rate of 1.37 cfs (609 gpm).   (Exhs. 346, 361)

2.  Special Conditions in Permit No. 2579A include the following:

The authorization to divert and use the additional 138 acre-feet of water for mining purposes shall expire and become null and void on December 31, 1993 at which time claimant will be authorized to divert and use 31 acre-feet of water per year at a maximum diversion rate of 0.4 cfs (269 gpm) and the time priority of the amendment is April 26, 1982.

(Exhs. 360, 361)

3.  Application No. 2065 for Permit No. 2579, which authorized the impoundment of water in a one acre-foot capacity reservoir on an unnamed tributary of Saline Branch and in a 16 acre-foot capacity off-channel reservoir, and the diversion of 31 acre-feet of water per year from the on-channel reservoir into the off-channel structure was accepted for filing by the Commission on February 13, 1976, and the permit was issued on June 22, 1976.   (Exh 360)

4.  Application No. 3065A for Permit No. 2579A, which authorized the diversion of an additional 138 acre-feet of water from the on-channel reservoir for mining purposes at a maximum diversion rate of 1.37 cfs (609 gpm), was accepted for filing by the Commission on April 26, 1982, and the amendment was issued on July 8, 1982.   (Exh. 361)

5.  Claimant constructed and maintains a one acre-foot capacity reservoir (pump sump) located at the authorized location on an unnamed tributary of Saline Branch, with the dam being located at D-5330 in Abstract No. 24, Freestone County.   (RF 313, 319)

6.  Claimant maintains an authorized 16 acre-foot capacity off-channel reservoir located at D-5360 (the fresh water pond) and an unauthorized 16 acre-foot capacity off-channel reservoir located at D-5370 (the brine pit).   (RF 313, 319-321)

7.  Since the issuance of the permit, state water has been diverted for mining purposes at authorized diversion point D-5360 located on the perimeter of the reservoir at D-5310 by means of a stationary pump at a maximum effective diversion rate of 0.55 cfs (250 gpm).   (RF 313, 318)

8.  Water is pumped from an unnamed tributary of Saline Branch at diversion point D-5360, stored in the fresh water pond at D-5360, and then pumped to the storage reserve to be used as a medium for displacement of stored propane.  At times when propane is pumped into the underground cavern, brine is displaced and stored in the brine pit at D-5370.   (RF 315-321)

9.  The maximum amount of state water diverted and used for mining purposes in any calendar year since the issuance of the permit was 31.7 acre-feet of water in 1981.   (RF 323)

CONCLUSIONS:

1.  Claimant is recognized a right under Permit No. 2579A to maintain a one acre-foot capacity reservoir (pump sump) located on an unnamed tributary of Saline Branch, tributary of the Trinity River, with the dam being located at D-5350, and to maintain a 16 acre-foot capacity off-channel reservoir located at D-5360 (the fresh water pond), and to divert and use therefrom not to exceed 31 acre-feet of water per year for mining purposes from diversion point D-5360 located on the perimeter of the reservoir at D-5310 by means of an unnamed tributary of Saline Branch, at a maximum diversion rate of 0.4 cfs (269 gpm) with a priority date of February 11, 1976.  Claimant is recognized a right to divert at a rate of up to 0.55 cfs (250 gpm) with a priority date of April 26, 1982.

2.  Claimant may continue diligent development to a diversion and use of not to exceed 138 acre-feet of water per year from diversion point D-5360 for mining purposes at a maximum diversion rate of 1.37 cfs (609 gpm) with a priority date of April 26, 1982.

3.  Claimant's rights under Permit No. 2579A are subject to the Special Conditions contained in the permit and the amendment to Permit No. 2579 shall expire and become null and void on December 31, 1993.

DIVERSION POINT NOS: 5410, 5410, 5470, 5630
TRACT NO: 2200

OWNERSHIP: Tom Sanders and E. Conway Butte

IR: 191
APP: 37
IX SF 52-53

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 1921 which claims riparian rights to divert and use water from the Trinity River for irrigation purposes, and declares that a maximum diversion rate of 460 gpm, to irrigate 240 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in this claim area is declared to be in 1911. A 250 acre-feet capacity reservoir is also claimed. (Exh. 743)

2. Claimant is the owner of claim area T-2280 which is located in Abstracts Nos. 32 and 33, Anderson County. Abstracts Nos. 32 and 33 were granted prior to January 29, 1841. (Exh. 4; IX SF 53)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from the Trinity River for irrigation purposes within Abstracts Nos. 32 and 33. (IX SF 52-53)

4. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX SF 52-53)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 1921 because no evidence was presented of any nonexempt beneficial use of state water within tract T-2280 during the period 1963-1967, inclusive; because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 1921; and, because claim area T-2280 is located on land granted prior to January 29, 1841, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 5480
TRACT NO: 2200

OWNERSHIP: Walter B. Brown

IR: 192
APP: 29
IX SF 53-54

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6257 which claims riparian rights to divert and use water from Xochi Creek, tributary of the Trinity River, for irrigation purposes, and declares that an unspecified amount of water was diverted to irrigate an unspecified amount of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1952. (Exh. 744)

2. Claimant is the owner of claim area T-2240 which is located in Abstract No. 713, Anderson County. Abstract No. 713 was patented in 1848. T-2240 and Abstract No. 713 abut Xochi Creek. Diversion point D-5460 references the location claimed in §11.303 Claim No. 6257. (Exh. 4; IX SF 53)

3. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX SF 53-54)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 6257 because no evidence was presented of any nonexempt beneficial use of state water within tract T-2240 during the period 1963-1967, inclusive, and because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 6257.

DIVERSION POINT NOS: 5480, 5490, 5500, 5505, 5510, 5520, 5330, 5540
TRACT NOS: 2200 and 2280

OWNERSHIP: M. R. Link

IR: 193-194
APP: 29
IX SF 54-55

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5633 which claims riparian rights to divert and use water from Xochi Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 60 acre-feet of water was diverted at a maximum diversion rate of 650 gpm, to irrigate 15 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1894. A 15 acre-foot capacity reservoir is also claimed. (Exh. 745)

2. Claimant is the owner of claim areas T-2260 and T-2280 which are located in Abstracts Nos. 225, 680, 1056 and 176, Anderson County. Abstracts Nos. 225 was patented in 1851, Abstract No. 680 was patented in 1854. Abstract No. 1056 was patented in 1869. No patent date was given for Abstract No. 176. T-2260 and Abstract Nos. 225, 680 and 1056 abut Xochi Creek. T-2280 abuts and Abstract No. 176 crosses Xochi Creek. Diversion points D-5480, D-5490, D-5500, D-5505, D-5510, D-5520, D-5530 and D-5540 references the locations claimed in §11.303 Claim No. 5633. (Exh. 4; IX SF 54-55)

3. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX SF 54-55)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 5633 because no evidence was presented of any nonexempt beneficial use of state water within tracts T-2260 and T-2280 during the period 1963-1967, inclusive, because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 5633, and because a portion of claim areas T-2260 and T-2280 is located on land granted after July 1, 1895, and there was no evidence presumed showing payment of equitable title before that date.

DIVERSION POINT NOS: 5560, 5570, 5580
TRACT NO: 2200

OWNERSHIP: Dr. Earl Clifford Butler, Jr.

IR: 195-196
APP: 29
V SF 36-43

SECTION 11.307 CLAIM: Under §11.303 Claim No. 4110 to divert and use 60 acre-feet of water per year from Xochi Creek at a maximum diversion rate of 500 gpm for the irrigation of 300 acres of land with a priority date of 1846. A 3 acre-foot capacity reservoir on Xochi Creek was also claimed. (Exh. 382)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 4110 which asserted a riparian right to divert and use water for irrigation purposes and declared that no state water was diverted and used during the period 1963-1967, inclusive, from Xochi Creek. The date of first beneficial use of water within the claim area was declared to be 1969, 1970 and 1971. A reservoir on Xochi Creek with a capacity of 220 acre-feet was also claimed. (Exh. 383)

2. An additional sworn statement to §11.303 Claim No. 4110 was filed which declared the maximum diversion and use of water in any calendar year during the period 1963-1970, inclusive, to be 60 acre-feet of water from Xochi Creek at a maximum diversion rate of 500 gpm for the irrigation of 33 acres of land. (Exh. 384)

3. Claimant is the owner of claim area T-2300 which is located in Abstracts Nos. 187 and 713, Anderson County. Abstract No. 187 was patented in 1849. Abstract No. 713 was patented in 1848. T-2300 and Abstract No. 713 crosses Xochi River branch, tributary of Xochi Creek, tributary of the Trinity River. Abstract No. 187 does not cross or abut Xochi Mile Branch. (SF 37-38)

4. The first diversion and use of state water for irrigation purposes within T-2300 was in 1955. (SF 56)

5. Claimant commenced the construction of works designed to apply a greater quantity of water to beneficial use in 1944-1957, by beginning construction of a dam, clearing land for irrigation and purchasing irrigation equipment. (SF 41-42, 43, 51)

6. The most acreage within T-2300 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 33 acres, being fields Nos. 1, 2 and 3, in Abstract No. 713. (SF 32, 34-35)

7. During the period 1963-1970, inclusive, a temporary pump sump was erected to aid diversion by pump. Construction of a dam across the Mile branch at D-5570 began in approximately 1964; however, the dam was never completed and has never impounded water. (SF 52, 60-62)

8. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-2300 at diversion points D-5560, D-5570 and D-5580 located on Mile Branch by two pumps at a various effective diversion rate of 3.1 and 1000 gpm using a sprinkler type distribution system. (SF 33, 47, 54, 55)

9. The maximum amount of state water diverted and used for irrigation purposes within T-2300 in any calendar year during the period 1963-1970, inclusive, was 15 acre-feet of water. (SF 50-54)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 4110 to divert and use not to exceed 60 acre-feet of water per year from diversion points D-5560, D-5570 and D-5580 located on Xochi Mile Branch, tributary of Xochi Creek, tributary of the Trinity River, at a maximum diversion rate of 3.1 and 1000 gpm for the irrigation of 33 acres of land within tract T-2300 in Abstract No. 713, Anderson County, with a priority date of December 31, 1955.

DIVERSION POINT NO: 5560
TRACT NO: 2320

OWNERSHIP: Dr. Earl Clifford Butler, Jr.

IR: 197-199
APP: 29
V SF 64-73

SECTION 11.307 CLAIM: Under §11.303 Claim No. 4111 to divert and use 60 acre-feet of water per year from Xochi Creek at a maximum diversion rate of 600 gpm for the irrigation of 103 acres of land with a priority date of 1910. A 36 acre-feet capacity reservoir on Xochi Creek was also claimed. (Exh. 390)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 4111 which asserted a riparian right to divert and use water for irrigation purposes and declared that no state water was diverted and used during the period 1963-1967, inclusive, from Xochi Creek. The date of first beneficial use of water within the claim area was declared to be in 1910. A reservoir on Xochi Creek with a capacity of 40 acre-feet was also claimed. (Exh. 391)

2. An additional sworn statement to §11.303 Claim No. 4111 was filed on July 2, 1971 which declares the maximum diversion and use of water in any calendar year during the period 1963-1970, inclusive, to be 30 acre-feet of water from Xochi Creek at a maximum diversion rate of 500 gpm for the irrigation of 31 acres of land. (Exh. 392)

3. Claimant is the owner of claim area T-2320 which is located in Abstracts No. 713, Anderson County. Abstract No. 713 was patented in 1848. T-2320 and Abstract No. 713 abuts Xochi Mile branch, tributary of Xochi Creek, tributary of the Trinity River. (SF 68)

4. The first diversion and use of state water for irrigation purposes within T-2320 was in 1919. (Exh. 388; SF 70)

5. There was no evidence that claimant commenced or completed the construction of works designed to apply a greater quantity of water to beneficial use prior to August 26, 1967.

6. The most acreage within T-2320 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 31 acres, being fields Nos. 1 and 2, in Abstract No. 713. (SF 69, 72-73)

7. During the period 1963-1967, inclusive, a temporary sump was erected on the Mile Branch at D-5400 to enable claimant to divert water onto the fields by gravity flow for flood irrigation of tract T-2320. The capacity of the sump was approximately one acre-foot. (SF 71-72)

8. The maximum amount of state water diverted and used for irrigation purposes within T-2320 in any calendar year during the period 1963-1967, inclusive, was 31 acre-feet of water. No greater amount of state water was diverted and used during the period 1968-1970, inclusive. (SF 74-73, 78)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 4111 to divert and use not to exceed 31 acre-feet of water per year from diversion point D-5560 located on Mile Branch, tributary of Xochi Creek, tributary of the Trinity River, by gravity flow for the irrigation of 31 acres of land within tract T-2320 in Abstract No. 713, Anderson County, with a priority date of December 31, 1955. Claimant is further recognized a right to periodically create a one acre-foot capacity sump at D-5560 to achieve gravity flow diversion onto tract T-2320.

DIVERSION POINTS NOS: 5620, 5630, 5640, 5690 and 5700
TRACT NO: None

OWNERSHIP: City of Palestine

IR: 258, 301
APP: 28
V RF 102-124

SECTION 11.307 CLAIM: Under Permit No. 404 to impound water in a 461 acre-foot capacity reservoir located on Wolf Creek and to use the impounded water for recreation purposes with a priority date of July 15, 1919. (Exh. 399)

FINDINGS:

1. Claimant is the owner of Permit No. 404 (Application No. 423), which authorizes the construction of a clay, stone and concrete dam and 461.2 acre-foot capacity reservoir located on Sallas or Wolf Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 376 acre-feet of water per year for municipal purposes at a maximum diversion rate of 750 gpm. (Exh. 466)

2. A special condition in Permit No. 404 is as follows: The grantee shall construct two sluiceways in said dam at the lowest point in the channel of the stream, each having an opening equivalent to an iron pipe having a diameter of 24 inches.

3. Application No. 423 for Permit No. 404 was accepted for filing by the Commission on June 13, 1919, and the permit was issued on October 21, 1919. (Exh. 466; AF 308)

4. Claimant constructed and maintains a reservoir located at the authorized location on Wolf Creek, with the dam being located at D-6780 in Abstract No. 74, Anderson County. Claimant also maintains three unauthorized reservoirs: Upper City Lake at D-6180 on an unnamed tributary of Besset Creek, Lower City Lake at D-5540 on an unnamed tributary of Bessat Creek, and Blue Lake at D-5600 on Bessat Creek, in Abstracts Nos. 713 and 33, Anderson County.

5. All four reservoirs are used by claimant for recreation purposes.

6. Since the issuance of the permit, state water has been diverted for municipal, industrial and domestic purposes as authorized diversion point D-6780 located on the dam on Wolf Creek by means of a pump at an unspecified maximum effective diversion rate. (Exh. 5, p. 39; AF 112-118)

7. The maximum amount of state and well water diverted and used for industrial and domestic purposes in any calendar year since the issuance of the permit was 708 acre-feet of water in 1969. No evidence was received concerning the maximum water used since issuance of the permit for municipal purposes. (Exh. 403)

8. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 404 for municipal purposes was the construction and use of a new water system utilizing water from the Neches River. (AF 129)

9. Claimant has no intention to divert and use state water from the reservoir on Wolf Creek for municipal purposes in the future. (AF 118)

CONCLUSIONS:

1. Claimant is not recognized any right under Permit No. 404 because there was no evidence of the amount of state water used for municipal purposes since issuance of the permit and because recreation and industrial uses are not authorized uses under the permit.

2. Claimant did not show justification for the lack of development under Permit No. 404 to the full extent authorized for municipal purposes.

3. Claimant did not demonstrate a bona fide intention to divert and use state water for municipal purposes in the foreseeable future.


DIVERSION POINTS NOS: 5610, 5660, 5670
TRACT NO: 2368

OWNERSHIP: Jack W. Joyce and Shelley Joyce

IR: 202
APP: 27
IX RF 55-56

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3309 which claims riparian rights to divert and use water from Bassett Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 16 acre-feet of water was diverted by gravity flow to irrigate 16 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1957. A 109 acre-foot capacity reservoir is also claimed. (Exh. 748)

2. Claimant's above statement to §11.303 Claim No. 3287, received by the Commission on July 6, 1971, was not timely filed. It declared the diversion and use of water during the period 1960-1974, inclusive, but declared no amounts of use, no diversion rate (gpm), or amount of land irrigated. (Exh. 747)

3. Claimants are the owners of claim area T-3160 which is located in Abstract No. 33, Anderson County. Abstract No. 33 was granted prior to January 20, 1840. (Exh. 4; IX RF-56)

4. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Bassett Creek for irrigation purposes within Abstract No. 33. (IX RF 55-56)

5. Claimants failed to appear at their scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX RF 55-56)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 3309 because no evidence was presented of any nonexempt beneficial use of state water within tract T-3160 during the period 1963-1967, inclusive; because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 3309; and, because claim area T-3160 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.


DIVERSION POINT NO: 5720
TRACT NO: None

OWNERSHIP: Orin Daniels

IR: 262
APP: 28
IX RF 57

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 3308 (Application No. 3573), a Section 5.141 type permit, which authorizes the maintenance of an existing dam and on-channel reservoir (Fat Morris Lake) on an unnamed tributary of Town Creek, tributary of Kemble Creek, tributary of the Trinity River and the impoundment therein not to exceed 30 acre-feet of water per year for recreational purposes with no right of diversion from the impoundment. (Exh. 749)

2. Application No. 3573 for Permit No. 3308 was accepted for filing by the Commission on March 15, 1974, and the permit was issued on August 20, 1974. (Exh. 749)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 3308. (IX RF 57)

CONCLUSION:

Claimant is not recognized any right under Permit No. 3308 because no evidence was presented of any use of state water pursuant to Permit No. 3308 since its issuance and no §11.307 claim pertaining to Permit No. 3308 was filed in the adjudication of this segment.


DIVERSION POINTS NOS: 5750, 5770
TRACT NOS: 2400, 2410

OWNERSHIP: D. R. Reeves Estate

IR: 303
APP: 27
IX RF 57-58

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3215 which claims a riparian right to divert and use water from the Trinity River for irrigation purposes, and declares that a maximum of 200 acre-feet of water was diverted at a maximum diversion rate of 2500 gpm, to irrigate 300 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1965. (Exh. 751)

2. Claimant is the owner of claim areas S-2400 and S-2410 which are located in Abstracts Nos. 23, 24 and 193, Leon County. Abstracts No. 193 was patented in 1846, T-2400 and T-2410 are part of Abstracts Nos. 23, 24 and 193 shut the Trinity River. Diversions points G-5780 and G-5770 references the locations claimed in §11.303 Claim No. 3215. (Exh. 4; IX RF 58)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from the Trinity River for irrigation purposes within Abstracts Nos. 23 and 24. (IX RF 57-58)

4. Claimant failed to appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive. (IX RF 57-58)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 3215 because; no §11.307 claim was filed pertaining to §11.303 claim No. 3215; no evidence was presented of any nonexempt beneficial use of state water during the period 1963-1967, inclusive; and a portion of claim area T-2410 is located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.


DIVERSION POINTS NOS: 5780 and 5790
TRACT NO: 2440

OWNERSHIP: Helen K. Graves

IR: 304
APP: 27
IX RF 58-59

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3360 which claims riparian and equitable rights to divert and use water from the Trinity River for irrigation, livestock and domestic purposes, and declares that an unspecified amount of water was diverted to irrigate 400 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1952. A §11 acre-foot capacity reservoir is also claimed. (Exh. 753)

2. Claimant is the owner of claim area T-2460 which is located in Abstracts Nos. 23 and 24, Leon County. Abstracts Nos. 23 and 24 were granted prior to January 20, 1840. (Exh. 4; IX RF 59)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Trinity River for irrigation purposes within Abstracts Nos. 23 and 24. (IX RF 58-59)

4. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 3460 because; no evidence was presented of any nonexempt beneficial use of state water within tract T-2460 during the period 1963-1967, inclusive; no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 3360; and, claim area T-2460 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

5699 APPENDIX

57

DIVERSION POINT NOS: 5810, 5830
TRACT NO: None

OWNERSHIP: Lakeview Methodist Assembly, a Texas Corporation

IR: 202
APP: 37
V EF 270-284

SECTION 11.307 CLAIM: Under Permit No. 3286 to impound water in a 521 acre-foot capacity reservoir located on Crooked Creek and for recreation purposes with a priority date of January 20, 1976. (Exh. 414)

FINDINGS:

1. Claimant is the owner of Permit No. 3286 (Application No. 2984), a §11.121 type permit, which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Crooked Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 305 acre-feet of water for recreation purposes with no right of diversion from the impoundment.

   Permit No. 3286 additionally authorizes the maintenance and diverts the repair of an existing reservoir on Crooked Creek and the impoundment therein of not to exceed 213 acre-feet of water for recreation purposes with no right of diversion from the impoundment. (Exh. 415)

2. Application No. 2984 for Permit No. 3286 was accepted for filing by the Commission on January 20, 1976 and the permit was issued on May 17, 1976. (Exh. 415)

3. Claimant maintains a 213 acre-foot capacity reservoir located at the authorized location on Crooked Creek, tributary of the Trinity River, with the dam being located at D-5810 in Abstract No. 714, Anderson County. Claimant also maintains a 305 acre-foot capacity reservoir located on an unnamed tributary of Crooked Creek with the dam being located at D-5830 in Abstract No. 761, Anderson County. (EF 276-279)

4. Since the issuance of the permit, state water has been impounded in the reservoirs for recreation purposes. Water was diverted from the impoundment at D-5810 for fire fighting purposes in 1970 or 1971. (EF 281-283)

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 3286 to maintain a 213 acre-foot capacity reservoir located on Crooked Creek, tributary of the Trinity River, with the dam being located at D-5810 in Abstract No. 714, Anderson County, and to maintain a 305 acre-foot capacity reservoir on an unnamed tributary of Crooked Creek with the dam being located at D-5830 in Abstract No. 761, Anderson County, for recreation purposes with no right of diversion from the impoundment and with a priority date of January 20, 1976.

2. Claimant shall repair the dam at D-5810 on Crooked Creek.

DIVERSION POINT NOS: 5840, 5890, 5900
TRACT NO: 2460

OWNERSHIP: Alf Cooper

IR: 206
APP: 37
VIII EF 330-341

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2589 to divert and use 76 acre-feet of water per year from the Trinity River and Hanson Creek at a maximum diversion rate of 1000 gpm for the irrigation of 76 acres of land with a priority date of August 1956. (Exh. 664)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2589 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from the Trinity River and Hanson Creek at a maximum diversion rate of 1000 gpm for the irrigation of 76 acres of land. The date of first beneficial use of water within the claim area was declared to be August 1956. (Exh. 665)

2. Claimant is the owner of claim area T-2460 which is located in Abstract No. 599, Anderson County. Abstract No. 599 was patented in 1848, T-2460 and Abstract No. 593 abut the Trinity River, T-2460 and Abstract No. 599 abut Hanson Creek. (VIII EF 323-326)

3. The first diversion and use of state water for irrigation purposes within T-2460 was in 1956. (VIII EF 328)

4. The most acreage within T-2460 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 63 acres, being Field No. 1 in 1965. (VIII EF 316, 338, 336)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2460 at diversion points D-5840 located on the Trinity River and diversion points D-5890 and D-5900 located on Hanson Creek by two portable pumps at a maximum effective diversion rate of 4.46 cfs (2000 gpm). (VIII EF 338, 336, 337)

6. The maximum amount of state water diverted and used for irrigation purposes within T-2460 in any calendar year during the period 1963-1967, inclusive, was 27 acre-feet of water from the Trinity River and six acre-feet from Hanson Creek in 1965. (VIII EF 339, 340)

CONCLUSIONS:

Claimant is recognized a right under §11.303 Claim No. 2589 to divert and use not to exceed 27 acre-feet of water per year from diversion point D-5840 located on the Trinity River and to divert and use not to exceed six acre-feet of water per year from diversion points D-5890 and D-5900 located on Hanson Creek, tributary of the Trinity River, at a total maximum diversion rate of 4.46 cfs (2000 gpm) for the irrigation of 50 acres of land within tract T-2460 in Abstract No. 599, Anderson County, with a priority date of December 31, 1956.

DIVERSION POINT NOS: 5960 and 5940
TRACT NOS: 2490 and 2540

OWNERSHIP: Jay Coleman, Jerry Coleman, and Ernest Coleman Estate

IR: 207
APP: 37
VI EF 308-312

SECTION 11.307 CLAIM: Under §11.303 claim No. 6286 to divert and use 146 acre-feet of water per year from the Trinity River at a maximum diversion rate of 1600 gpm for the irrigation of 146 acres of land with a priority date of 1933. (Exh. 316)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 6084 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 100 acre-feet of water from the Trinity River at a maximum diversion rate of 1600 gpm for the irrigation of 300 acres of land. The date of first beneficial use of water within the claim area was declared to be 1933.

2. Claimants are the owners of claim area T-2490 which is located in Abstract No. 113 and claim area T-2540 located in Abstracts Nos. 10 and 112, Anderson County. Abstract No. 113 was patented on December 30, 1847. Abstract No. 10 was patented on July 9, 1839. T-2490 and T-2540 abut the Trinity River, Abstract No. 112 abuts the Trinity River, T-2540 abut Abstract No. 10 does not abut or cross the Trinity River. (VI EF 313-316)

3. The record in this adjudication does not contain any English translation of the J. Box Grant (A-10) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VI EF 308-312)

4. The first diversion and use of state water for irrigation purposes within T-2490 and T-2540 was in 1933. (VI EF 318)

5. The most acreage within T-2490 and T-2540 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 146 acres. Seventeen acres out of the 146 acres are located in Abstract No. 10, and the remaining 129 acres are located in Abstract No. 112. (VI EF 316)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2490 and T-2540 at diversion points D-5880 and D-5960 located on the Trinity River by a portable pump at a maximum effective diversion rate of 3.5 cfs (1600 gpm) using a row flood type distribution system. (VI EF 319-322)

7. The maximum amount of state water diverted and used for irrigation purposes within T-2490 and T-2540 in any calendar year during the period 1963-1967, inclusive, was 94 acre-feet. (VI EF 321-323)

CONCLUSIONS:

1. Claimants are recognized a right under §11.303 claim No. 6084 to divert and use not to exceed 94 acre-feet of water per year from diversion points D-5960 and D-5940 located on the Trinity River, at a maximum diversion rate of 3.5 cfs (1600 gpm) for the irrigation of 129 acres of land within Abstract No. 112, Anderson County, with a priority date of December 31, 1933.

2. Claimants are not recognized a right under §11.303 claim No. 6084 to irrigate land within Abstract No. 10 because this abstract was granted prior to January 30, 1840 and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and because Abstract No. 10 is excepted from the Trinity River.

DIVERSION POINT NO: 5860, 6400
TRACT NO: 7600

OWNERSHIP: Martha Cooper

IR: 211
APP: 37
VIII EF 342-354

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2590 to divert and use 42 acre-feet of water per year from the Trinity River at a maximum diversion rate of 1000 cfs for the irrigation of 42 acres of land with a priority date of August, 1935. (Exh. 667)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2590 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from the Trinity River at a maximum diversion rate of 1400 gpm for the irrigation of 42 acres of land. The date of first beneficial use of water within the claim area was declared to be August, 1956. (Exh. 668)

2. Claimant is the owner of claim area T-7600 which is located in Abstract No. 112, Anderson County. Abstract No. 112 was patented in 1832. T-7600 and Abstract No. 112 abut the Trinity River.

3. The record in this adjudication does not contain any English translation of the J. Box Grant (A-12) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VIII EF 342-354)

4. The first diversion and use of state water for irrigation purposes within T-7600 was in August, 1956. (VIII EF 353)

5. The most acreage within T-7600 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 40 acres, in Abstract No. 10 in 1965. (VIII EF 352)

6. There are no diversion points located inside tract T-7600. Diversion point D-6400 was assigned for reference purposes only. D-5860 designates the location of a diversion point which is associated with §11.303 Claim No. 5860. (VIII EF 346-347, 352; Exh. 5, p. 212)

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-7600 at diversion point D-5860 located on the Trinity River within Abstract No. 112, Anderson County, by pump at a maximum effective diversion rate of 3.12 cfs (1000 gpm). (VIII EF 347, 352-353; Exh. 5)

8. The maximum amount of state water diverted and used for irrigation purposes within T-7600 in any calendar year during the period 1963-1967, inclusive, was 37 acre-feet of water in 1965. (VIII EF 352-353)

CONCLUSIONS:

Claimant is not recognized any right under §11.303 Claim No. 2590 because claim area T-7600 is located on land granted prior to January 30, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and claim area T-7600 is severed from the Trinity River.

DIVERSION POINT NO: ****
TRACT NO: 2300

OWNERSHIP: J. G. Nolen

ID: 308
APP: 27
VIII ST 247-263

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5437 to divert and use 30 acre-feet of water per year from the Hanson Creek at a maximum diversion rate of 2.21 cfs for the irrigation of 60 acres of land with a priority date of 1937. A 43 acre-foot capacity reservoir on an unnamed tributary of Hanson Creek was also claimed. (Exh. 614)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5437 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 30 acre-feet of water from the Hanson Creek at a maximum diversion rate of 1030 gpm for the irrigation of 60 acres of land. The date of first beneficial use of water within the claim area was declared to be 1947. An on-channel reservoir with a capacity of 43 acre-feet was also claimed. (Exh. 648)

2. Claimant is the owner of claim area T-3530 which is located in Abstracts Nos. 143, 599 and 641, Anderson County. All irrigation within T-3530 during the period 1963-1967, inclusive, was in Abstract No. 599. Abstract No. 599 was patented in 1849. T-3530 and Abstract No. 593 abuts Hanson Creek, tributary of Trinity River. (VIII ST 251, 254)

3. The first diversion and use of state water for irrigation purposes within T-3530 was in late 1930s. (VIII ST 258)

4. The most acreage within T-3530 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 35 acres, being Field No. 4 in Abstract No. 599 in 1965. (VIII ST 254, 258-259)

5. A pond was built within T-3530. An unspecified amount of water is impounded in the pond and the water is used for domestic fish breeding. (VIII ST 260-261)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3530 at diversion point D-5980 located on Hanson Creek by a portable pump at a maximum diversion rate of 0.51 cfs (230 gpm). (VIII ST 251, 258)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3530 in any calendar year during the period 1963-1967, inclusive, was 6 acre-feet of water in 1967. (VIII ST 262)

CONCLUSION:

1. Claimant is recognized a right under §11.303 Claim No. 5437 to divert and use all to extend 6 acre-feet of state water per year from diversion point D-5980 located on Hanson Creek, tributary of Trinity River, at a maximum diversion rate of 0.51 cfs (230 gpm) for the irrigation of 35 acres of land within tract T-3530 in Abstract No. 599, Anderson County, with a priority date of December 31, 1939.

DIVERSION POINTS NOS: 5910 and 5920
TRACT NO: 3528

OWNERSHIP: Dewel Coleman and M. G. DeShazo (Ownership Unverified)

ID: 393
APP: 27
 IX ST 49

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6083 which claims a riparian right to divert and use water from the Trinity River and Mason Creek for irrigation purposes, and declares that a maximum of 10 acre-feet of water was diverted at an unspecified diversion rate, to irrigate 90 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1958. A 30 acre-foot capacity reservoir is also claimed. (Exh. 753)

2. Claimants are the owners of claim area T-3520 which is located in Abstract No. 10, Anderson County. Abstract No. 10 was granted prior to January 20, 1845. (Exh. 4; IX ST 55)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Trinity River for irrigation purposes with Abstract No. 10. (Ix ST 59)

4. Claimants did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 6083 because: no evidence was presented of any nonexempt beneficial use of state water within tract T-3520 during the period 1963-1967, inclusive; no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 6083; and, claim area T-3520 is located on land granted prior to January 20, 1845, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 5960
TRACT NO: 2569

OWNERSHIP: Calvin Brown

ID: 310
APP: 27
VIII ST 171-163

SECTION 11.307 CLAIM: Under §11.303 Claim No. 6256 to divert and use 50 acre-feet of water per year from the Trinity River at a maximum diversion rate of 3.21 cfs for the irrigation of 50 acres of land with a priority date of 1910. (Exh. 623)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6256 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 48 acre-feet of water from the Trinity River at a maximum diversion rate of 1000 gpm for the irrigation of 50 acres of land. The date of first beneficial use of water within the claim area was declared to be 1910. (Exh. 626)

2. Claimant is the owner of claim area T-3560 which is located in Abstract No. 841, Anderson County. Abstract No. 841 was patented in 1862. T-3560 and Abstract No. 841 abut the Trinity River. (VIII ST 171; Exh. 6)

3. The first diversion and use of state water for irrigation purposes within T-3560 was in 1962. (VIII ST 171)

4. The most acreage within T-3560 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 38 acres. (VIII ST 171)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3560 at diversion point D-5960 on the Trinity River by a portable pump at a maximum effective diversion rate of 3.21 cfs (1000 gpm). (VIII ST 191-192)

6. The maximum amount of state water diverted and used for irrigation purposes within T-3560 in any calendar year during the period 1963-1967, inclusive, was 48 acres of water. (VIII ST 181)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 6256 to divert and use not to exceed 48 acre-feet of water per year from diversion point D-5960 located on the Trinity River, at a maximum diversion rate of 3.21 cfs (1000 gpm) for the irrigation of 38 acres of land within tract T-3560 in Abstract No. 841, Anderson County, with a priority date of December 31, 1956.

DIVERSION POINTS NOS: 5970, 5980, 5990, 5991, 6010
TRACT NO: 3300

OWNERSHIP: Jerry Coleman

ID: 311
APP: 27
IX ST 7-34

SECTION 11.307 CLAIM: Under §11.303 Claim No. 6085 to divert and use 164 acre-feet of water per year from the Trinity River at a maximum diversion rate of 1000 gpm for the irrigation of 194 acres of land with a priority date of 1965. Three off-channel reservoirs were claimed: Reservoir No. 1 with a capacity of 6 acre-feet of water; Reservoir No. 2 with a capacity of 25 acre-feet of water; and Reservoir No. 3 (slough) with a capacity of 30 acre-feet of water. (Exh. 681)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 6085 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 164 acre-feet of water from the Trinity River at a maximum diversion rate of 1000 gpm for the irrigation of 194 acres of land. The date of first beneficial use of water within the claim area was unspecified. A reservoir with a capacity of 36 acre-feet was also claimed. (Exh. 684)

2. Claimant is the owner of claim area T-3560 which is located in Abstract No. 841, Anderson County. Abstract No. 841 was patented in 1862. T-3560 and Abstract No. 841 abut the Trinity River. (IX ST 9)

3. The first diversion and use of state water for irrigation purposes within T-3560 was in May, 1965. (IX ST 14)

4. The most acreage within T-3560 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 101 acres, being Fields Nos. 1 and 3 in 1965. (IX ST 21)

5. An off-channel reservoir, Reservoir No. 1, was constructed in 1963 and is located at diversion point D-5990 within T-3560 on the old Trinity River streambank. During the period 1963-1967, inclusive, 16 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3560. The diversion and use of state water within T-3560 during this period was facilitated by use of the impoundment. (IX ST 10-11, 17, 22-23)

6. An off-channel reservoir, Reservoir No. 2, is located at diversion point D-5991 within T-3560 on the old Trinity River streambank. During the period 1963-1967, inclusive, 18 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3560. The diversion and use of state water within T-3560 during this period was facilitated by use of the impoundment. (IX ST 19, 22-23)

7. A 100 acre-foot capacity off-channel reservoir, Reservoir No. 3, is located at diversion point D-6010 on the old Trinity River streambank. Approximately one-third of Reservoir No. 3 (50 acre-feet) is located within T-3560 and the rest of the reservoir is located in T-2830, which is in the claim area associated with §11.303 Claim No. 1965. The diversion and use of state water within T-3560 during this period was facilitated by use of the impoundment. (IX ST 10-11, 17, 23)

8. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3560 from the Trinity River into the two onsite reservoirs at diversion point D-5970 and D-5991. (IX ST 17, 23)

9. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3560 at diversion points D-5970 and D-5980 located on the Trinity River by a portable pump at a maximum effective diversion rate of 2.23 cfs (1000 gpm). This water was pumped to the off-channel reservoirs at D-5990, D-5991 and D-6010 for subsequent irrigation use within T-3560. (IX ST 16, 17, 30, 33)

10. The maximum amount of state water diverted and used from the Trinity River for irrigation purposes within T-3560 in any calendar year during the period 1963-1967, inclusive, was 114 acre-feet of water in 1965. (IX ST 15, 19, 21)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 6085 to divert and use not to exceed 114 acre-feet of water per year from diversion points D-5970 and D-5980 located on the Trinity River, at a maximum diversion rate of 3.21 cfs (1000 gpm) for the irrigation of 101 acres of land within tract T-3560 in Abstract No. 841, Anderson County, with a priority date of May 31, 1964. Claimant is further recognized a right to store the diverted water in three off-channel reservoirs on the old Trinity River streambank, Reservoir No. 1 located at D-5990, Reservoir No. 2 located at D-5991, and Reservoir No. 3 located at D-6010 subsequently divert and use this stored water for irrigation purposes to the extent authorized herein.

DIVERSION POINT NOS: 6020, 6030
TRACT NO: 2620

OWNERSHIP: Ernest Gartner

IN: 212
APP: 27
V EF 301-334

SECTION 11.207 CLAIM: Under §11.301 Claim No. 2968 to divert and use 28 acre-feet of water per year from the Trinity River at a maximum diversion rate of 1000 gpm for the irrigation of 20 acres of land with a priority date of August 1956. A 15 acre-foot capacity reservoir was also claimed. (Exh. 447)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2969 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from the Trinity River at a maximum diversion rate of 1000 gpm for the irrigation of 20 acres of land. The date of first beneficial use of water within the claim area was declared to be August, 1956. (Exh. 448)

2. Claimant is the owner of claim area T-2626 which is located in Abstract No. 645, Anderson County. Abstract No. 840 was patented in 1869. T-2620 and Abstract No. 840 abut the Trinity River and cross an unnamed tributary of Trinity River. (SF 310-311)

3. The first diversion and use of state water for irrigation purposes within T-2620 was in 1963. (Exh. 450)

4. The most acreage within T-2620 irrigated with state water in any calendar year during the period 1913-1967, inclusive, was 76 acres, being Field No. 1. (Exh. 450)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2620 at diversion point D-6010 located on the perimeter of a 15 acre-foot capacity natural reservoir on an unnamed tributary of the Trinity River by a pump at a maximum diversion rate of 2.0 cfs (1000 gpm) using a flood type distribution system. D-6030 designates the location of a diversion point on the Trinity River. (Exh. 450; SF 310, 312-313, 315-316, 371)

6. The natural reservoir on an unnamed tributary of the Trinity River contains run-off water from the surrounding area and water from an artesian well. Water from the reservoir flows into the Trinity River at times. (SF 312-313, 372-374)

7. The natural reservoir on an unnamed tributary of the Trinity River has been used for recreational purposes. (SF 314)

8. The maximum amount of state water diverted and used for irrigation purposes within T-2620 in any calendar year during the period 1963-1967, inclusive, was 44 acre-feet of water in 1964. (Exh. 450)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 2968 to divert and use not to exceed 44 acre-feet of water per year from diversion point D-6020 located on the perimeter of the natural reservoir located on an unnamed tributary of the Trinity River, at a maximum diversion rate of 2.0 cfs (1000 gpm) for the irrigation of 76 acres of land within tract T-2620 in Abstract No. 840, Anderson County, with a priority date of December 31, 1963.


DIVERSION POINT NO: 6640
TRACT NO: None

OWNERSHIP: Pine Lodge Club, Inc.

IN: 216
APP: 30
IX EF 60

SECTION 11.207 CLAIM: Under Permit No. 3332 to impound water in a 181 acre-foot capacity reservoir located on Box Creek for recreational purposes with a priority date of January 12, 1976. (Exh. 755)

FINDINGS:

1. Claimant is the owner of Permit No. 3332 (Application No. 3512), which authorizes the maintenance of an existing dam and reservoir located on Box Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 181 acre-feet of water per year for recreational purposes with no right of diversion from the impoundment located in the Phillip Nettle Survey, Abstract No. 43, Anderson County. (Exh. 756)

2. Application No. 3512 for Permit No. 3332 was accepted for filing by the Commission on October 20, 1975, and the permit was issued on February 18, 1976. (Exh. 756)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 3332. (IX EF 60)

CONCLUSION:

Claimant is recognized a right under Permit No. 3332 to maintain an existing dam and 181 acre-foot capacity reservoir located at diversion point D-6640 on the Box Creek, tributary of the Trinity River, with the dam being located in Abstract No. 43, Anderson County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of October 20, 1975.


DIVERSION POINTS NOS: 6050, 6060, 6670
TRACTS NOS: 2640, 2660

OWNERSHIP: R. W. Richbourg, Matilda Richbourg, Bobby Wilson and Sandra Wilson

IN: 215
APP: 29
IX EF 60-61

SECTION 11.207 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 5845 which claims riparian rights to divert and use water from Cedar Creek and Box Creek, tributaries of the Trinity River, for irrigation purposes, and declares that a maximum of 4 acre-feet of water was diverted at a maximum diversion rate of 400 gpm, to irrigate 2 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in August 1963. (Exh. 759)

2. Claimants are the owners of claim area T-2640 and 2660 which is located in Abstracts Nos. 13 and 41, Anderson County. Abstracts Nos. 13 and 41 were granted prior to Abstract 39, 1846. (Exh. 41)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Cedar Creek and Box Creek for irrigation purposes within Abstracts Nos. 13 and 41. (IX EF 60-61)

4. Claimants did not appear at the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water during the period 1963-1967, inclusive.

CONCLUSION:

Claimants claim that recognized any right under §11.303 Claim No. 5845 because: no evidence was presented of any nonexempt beneficial use of state water within tracts T-2640 and T-2660 during the period 1963-1967, inclusive; no §11.307 claim was filed in the adjudication of this segment permitting to §11.303 claim No. 5845; and, claim areas T-2640 and T-2660 are located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grants.


DIVERSION POINT NO: 6080
TRACT NO: 2690

OWNERSHIP: Joe D. Surrie

IN: 216
APP: 36
V EF 315-348

SECTION 11.207 CLAIM: Under §11.303 Claim No. 1096 to divert and use 450 acre-feet of water per year from Box Creek at a maximum diversion rate of 1.36 cfs for the irrigation of 150 acres of land with a priority date of 1970. (Exh. 451)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 1096 which asserted a riparian right to divert and use water for irrigation purposes and declared that no state water was diverted and used during the period 1963-1967, inclusive. The date of first beneficial use of water within the claim area was declared to be "anticipated June 1, 1970." A reservoir with a capacity of 30 acre-feet was also claimed. (Exh. 452)

2. An additional water statement to §11.303 Claim No. 1096 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 9,250,000 gallons of water from Box Creek at a maximum diversion rate of 600 gpm for the irrigation of 40 acres of land. (Exh. 453)

3. Claimant is the owner of claim area T-2640 which is located in Abstracts Nos. 367, 769 and 953, Anderson County. Abstract No. 367 was patented in 1893. Abstract No. 769 was patented in 1895. Abstract No. 953 was patented in 1885. T-2690 and Abstracts Nos. 367 and 769 cross Box Creek, tributary of the Trinity River. Abstract No. 953 does not cross or abut Box Creek. (SF 316-316)

4. Abstract No. 367 is a Houston First-Class Headright Grant. Field notes locating this abstract were submitted by the surveyor on August 6, 1841. Abstract No. 769 is a Houston Third-Class Headright Grant. Field notes locating this abstract were submitted by the surveyor on March 20, 1828. (Exh. 416)

5. The first diversion and use of state water for irrigation purposes within T-2690 was in 1970. (SF 348)

6. Claimant commenced the construction of works designed to apply a greater quantity of water to beneficial use in 1967, by the clearing of land for irrigation. (SF 343)

7. The most acreage within T-2690 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 46 acres, being Fields Nos. 1, 2, 3 and 4, in 1970. Fields Nos. 1 and 4 contain 27 acres and are located in Abstract No. 953, Field No. 2 contains 14 acres and is located in Abstract No. 367, Field No. 3 contains 5 acres and is located in Abstract No. 367. (SF 316-317)

8. A pump pump was constructed in the early 1960s and is located at diversion point D-6080 within T-2680 in Abstract No. 769 on Box Creek. During the period 1963-1970, inclusive, 11 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-2690. The diversion and use of state water within T-2600 during this period was facilitated by use of the impoundment. (SF 337, 341)

9. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-2680 at diversion point D-6080 located on the dam on Box Creek by a pump at a maximum effective diversion rate of 1.5 cfs (600 gpm) using a sprinkler type distribution system. (SF 316-344, 348)

10. The maximum amount of state water diverted and used for irrigation purposes within T-2680 in any calendar year during the period 1963-1970, inclusive, was 23 acre-feet of water in 1970. Of this 23 acre-feet, two acre-feet was used to irrigate Fields Nos. 1 and 4, seven acre-feet was used to irrigate Field No. 2, and 4 acre-feet was used to irrigate Field No. 3. (SF 334, 343-348)

CONCLUSIONS:

1. Equitable title to Abstract No. 367 passed from the State of Texas on August 6, 1841. Equitable title to Abstract No. 769 passed from the Republic of Texas on March 20, 1838.

2. Claimant is recognized a right under §11.303 Claim No. 1096 to divert and use not to exceed 2.5 acre-feet of water per year from diversion point D-6080 located on the perimeter of the reservoir on Box Creek, tributary of the Trinity River, at a maximum diversion rate of 1.5 cfs (600 gpm) for the irrigation of five acres of land within tract T-2680 in Abstract No. 367, Anderson County, with a priority date of December 31, 1970.

3. Claimant is not recognized any right under §11.303 Claim No. 1096 to irrigate land within Abstract No. 953 because that abstract is severed from Box Creek, or to irrigate land within Abstract No. 769 because that abstract was granted after July 1, 1895, and the evidence presented did not indicate that equitable title to that land passed from the state before January 20, 1840 and July 1, 1895.

DIVERSION POINT NO: 6100
TRACT NO: 2700

OWNERSHIP: Troy Burris (George Barton - ownership unverified)

IR: 217
APP: 20
IX RF 61-63

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 5297 which claims riparian rights to divert and use water from Bend Branch, tributary of the Trinity River, for irrigation purposes, and declares that an unspecified amount of water was diverted to irrigate an unspecified number of acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1870. A 15 acre-foot capacity reservoir is also claimed. [Exh. 766]

2. An additional sworn statement on $13.303 Claim No. 5297, received by the Commission on July 1, 1971, was not timely filed. It declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 36.77 acre-feet of water at a maximum diversion rate of 596 gpm for the irrigation of 26 acres. [Exh. 761]

3. There is no record that the Texas Water Commission authorized the late filing of this additional sworn statement as required by $11.307a.

4. Claimant is the owner of claim area T-2700 which is located in Abstract No. 167, Anderson County. Abstract No. 167 was patented in 1857. T-2700 and Abstract No. 167 abut an unnamed tributary of the Trinity River. Diversion point D-6100 references the location claimed in $11.303 Claim No. 5297. [Exh. 4; IX RF 63]

5. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. [IX RF 63-63]

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 5297 because no evidence was presented of any subsequent, beneficial use of state water within tract T-2700 during the period 1963-1967, inclusive, and because no $11.307 claim was filed in the adjudication of this segment pertaining to $11.303 Claim No. 5297.


DIVERSION POINTS NOS: 6120, 6130, 6140
TRACT NO: 2720

OWNERSHIP: J. Donald Burns (Estate)

IR: 218-219
APP: 27
IX RF 62-63

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 2698 which claims riparian rights to divert and use water from Box Creek, tributary of the Trinity River for irrigation purposes, and declares that a maximum of 30 acre-feet of water was diverted at an unspecified diversion rate, to irrigate 20 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1954. [Exh. 763]

2. Claimant is the owner of claim area T-2720 which is located in Abstract No. 11, Anderson County. Abstract No. 11 was granted prior to January 20, 1860. [IX RF 62-63]

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Box Creek for irrigation purposes within Abstract No. 11. [IX RF 62-63]

4. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. [IX RF 62-63]

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 2698 because no evidence pertaining to $11.303 Claim No. 2698 was filed and no evidence was presented of any subsequent beneficial use of state water during the period 1963-1967, inclusive.


DIVERSION POINTS NOS: 6150, 6160, 6170, 6180, 6370, 6192, 6195, 6200
TRACT NO: 2740

OWNERSHIP: John A. McCall, Ruest McCall, E. Dana McCall McDonald, Perlena Broughton

IR: 220
APP: 32
VII RF 198-239

SECTION 11.307 CLAIM: Under $11.303 Claim No. 4021 to impound water in a five acre-foot capacity reservoir, in a 15 acre-foot capacity reservoir, in a 12 acre-foot capacity reservoir, and in a 35 acre-foot capacity reservoir on Onely Creek; and to divert and use 158 acre-feet of water per year from Onely Creek and the Trinity River at a maximum diversion rate of 1580 gpm for the irrigation of 156 acres of land at a priority date of 1952. An 89 acre-foot capacity off-channel reservoir was also claimed. [Exh. 556]

FINDINGS:

1. Claimants are the owners of $11.303 Claim No. 4021 which asserted a right under the Water Rights Adjudication Act and a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any one calendar year during the period 1963-1967, inclusive, to be 65 acre-feet of water from Spring Creek and the Trinity River at a maximum diversion rate of 560 gpm for the irrigation of 56 acres in 1952. A reservoir on Spring Creek with a capacity of 65 acre-foot was also claimed. [Exhs. 557, 4]

2. Claimants are the owners of claim area T-2740 which is located in the location of a diversion rate of 560 gpm. Abstract No. 860 was patented in 1876. T-2745 and Abstract No. 860 abut the Trinity River. Onely Creek flows through Abstract No. 860 and through T-2740. [VII RF 205, Exh. 4]

3. Diversion point D-6180 is located on the Trinity River. D-6160 is the location of a diversion point on Box No. 3; and D-6180 is the location of the diversion point on the perimeter of the reservoir created by Dam No. 3. [VII RF 206]

4. The first diversion and use of state water for irrigation purposes within T-2740 was in June, 1952. [VII RF 209]


5. The most acreage within T-2740 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 189 acres, being fields Nos. 1, 2, 3 and 4, in Abstract No. 860 in 1964. [VII RF 204-207, 217-218, 324]

6. Dam No. 1 was constructed in 1963 at diversion point D-6150 within T-2740 on Onely Creek. During the period 1963-1967, inclusive, five acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2745, the diversion and use of state water within T-2740 during this period was facilitated by use of the impoundment. [VII RF 205-206, 209-210]

7. Dam No. 2 was constructed in 1952 at diversion point D-6170 within T-2740 on Onely Creek. During the period 1963-1967, inclusive, seven acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2740, the diversion and use of state water within T-2740 during this period was facilitated by the use of the impoundment. [VII RF 205-206, 210]

8. Dam No. 3 was constructed in 1952 at diversion point D-6160 within T-2740 on Onely Creek. During the period 1963-1967, inclusive, 12 acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2740, the diversion and use of state water within T-2740 during this period was facilitated by the use of the impoundment. [VII RF 205-206, 211-213]

9. Dam No. 4 is located at diversion point D-6195 within T-2740 on Onely Creek. During the period 1963-1967, inclusive, 75 acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2740. The diversion and use of state water within T-2740 during this period was facilitated by use of the impoundment. [VII RF 205-206, 210-211]

10. An off-channel reservoir was constructed in 1954 and is located at diversion point D-6192 within T-2740. During the period 1963-1967, inclusive, 89 acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2740. Inside the levee of this off-channel reservoir, an earthen wall that sustains the level of this reservoir. Water from the Trinity River is impounded in this reservoir during times of high flow when the river flows over its bank. [VII RF 205-206, 211-213]

11. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2740 at diversion points D-6180 located on the Trinity River, D-6160 located at the perimeter of Reservoir No. 3, D-6150 located at the perimeter of Reservoir No. 2, and at various points on the perimeters of Reservoirs Nos. 1 and 4 by two portable pumps at a maximum combined diversion rate of 2.56 cfs (1580 gpm), using a flood type distribution system. [VII RF 206-204, 210-233, 239]

12. Approximately 20 acres of land was irrigated in the bottom of the off-channel reservoir by flood irrigation during the period 1963-1967, inclusive. There was no evidence presented of the amount of state water used for this irrigation. [VII RF 236]

13. The maximum amount of state water diverted from diversion point D-6160 on the Trinity River for irrigation purposes within T-2740 in any calendar year during the period 1963-1967, inclusive, was 158 acre-feet in 1964. The maximum amount of state water diverted from diversion points located on the perimeter of Reservoirs Nos. 1, 2, 3 and 4 on Onely Creek in 158 acre-feet in 1944. [VII RF 215-219, 236-237]

CONCLUSIONS:

1. The use of the dams and reservoirs located at diversion points D-6150, D-6170, D-6192 and D-6195 within T-2740 on Onely Creek, as well as the acquisition of the reservoirs, were reasonable.

2. Claimants are recognized a right under $11.303 Claim No. 4021 to impound state water in the off-channel reservoir located at D-6192 or to use state water to irrigate land within the reservoir because there was no evidence as to the amount of state water impounded or used for irrigation purposes during the period 1963-1967, inclusive.

Dam Location On
| Onely Creek | Capacity |
|---|---|
| #1 D-6150 | 5 acre-foot |
| #2 D-6170 | 7 acre-foot |
| #3 D-6160 | 12 acre-foot |
| #4 D-6195 | 75 acre-foot |

3. Claimants are recognized a right under diversion from diversion points D-6150, D-6170, D-6160 within T-2740 on Onely Creek, as well as diversion from Onely Creek and the Trinity River and 16 acre-feet of water per year from the perimeters of Reservoirs Nos. 1, 2, 3, and 4 (including D-6160 and D-6180) for the irrigation of not to exceed 189 acres of land located within T-2740 in Abstract No. 860 at a total maximum diversion rate of 2.56 cfs (1580 gpm), and with a priority date of June 30, 1952.


DIVERSION POINT NO: 6320
TRACT NO: 2766

OWNERSHIP: R. M. Hornsby, E. T. Barrett, W. D. Lee, P. W. Moss, D. J. Atkins, J. Cundry, D. L. McKinna, Jr., R. Van Loan, L. S. Baker, C. M. Campbell, R. D. Davis, A. J. Greene, R. D. Greene, N. R. Helton, F. V. Jones, W. L. Penny, M. D. McMahan, J. R. Stanford, Dr. Franklin, Plechitz, C. D. Hahr, F. E. Sanford, Jack Manning Works, Inc., J. R. Smith, C. M. Smith, D. J. Smith, J. H. Smith, E. C. Story, Jr., C. Story, C. E. Videck, Jr., and H. J. Waldt

IR: 232
APP: 32
IX RF 63-69

SECTION 11.307 CLAIM: Claimant, Linden L. Baker, under $11.303 Claim No. 5697 declared that he had no intention to use any water in this claim. [Exh. 765]

SECTION 11.307 CLAIM: Claimant, Norman D. Campbell, under $11.303 Claim No. 5697 to use 60 acre-foot of water per year from the well for domestic purposes only. [Exh. 764]

FINDINGS:

1. Claimants are the owners of $11.303 Claim No. 5697 which claims riparian rights to divert and use water from the Trinity River for irrigation purposes, and declares that water was diverted to irrigate 40 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1940. [Exh. 761]

2. On June 16, 1981, the Commission received Ruest & Cathy Story's petition for abandonment of their claim. [Exh. 764]

3. Claimants are the owners of claim area T-2766 which is located in Abstract No. 340, Leon County. Abstract No. 340 was patented in 1861. T-2766 and Abstract No. 340 abut the Trinity River. Diversion point D-6320 references the location claimed in $11.303 Claim No. 5697. [Exh. 4; IX RF 69]

4. Claimants failed to appear at his regularly scheduled evidentiary hearing or the final docket evidentiary hearing and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. [IX RF 62-65]

CONCLUSION:

Claimants are not recognized any right under $11.303 Claim No. 5697 because no $11.307 claim was filed in connection with $11.303 Claim No. 5697 and there was no evidence of the use of state water during the period 1963-1967, inclusive.

61v

DIVERSION POINTS NOS: 4210, 6250, 6770, and 6780
TRACT NO: 2790 and 2800

OWNERSHIP: RLG Farm Properties, N. V.

IR: 232-274
APN: 33
VII SP 230-298

SECTION 11.307 CLAIM: Under 11.303 Claim No. 3371 to divert and use 1228 acre-feet of water per year from the Trinity River and Big Elkhart Creek at a maximum diversion rate of 19.6 cfs for the irrigation of 918 acres of land with a priority date of 1954. A 60 acre-foot capacity off-channel reservoir was also claimed. (See 11.303 Claims Nos. 3773 and 2374.) (Exh. 269)

FINDINGS:

1. Claimant is the owner of 11.303 Claim No. 3371 which asserted equitable and riparian rights to divert and use water for irrigation purposes and desired the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 500 acre-feet of water from the Trinity River and Elkhart Creek at a maximum diversion rate of 5400 gpm for the irrigation of 400 acres of land. The date of first beneficial use of water within the claim area was declared to be 1954. (Exhs. 245 and 567)

2. Claimant is the owner of claim area T-2380 which is located in Abstracts Nos. 86, 616 and 1021, Houston County. Abstract No. 86 was patented in 1875, Abstract No. 616 was patented in 1876, Abstract No. 1021 was patented in 1861. T-2380 and Abstracts Nos. 86, 616 and 1021 abut the Trinity River. (VII SP 227-241)

3. The report in this adjudication does not contain any English translation of the D. McLean Grant (A-96) and there is no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VII SP 230-298)

4. The first diversion and use of state water for irrigation purposes within T-2380 was in July, 1954. (VII SP 261, 291-193)

5. The most acreage within T-2380 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 400 acres, being Fields Nos. 1, 2, 4, 5, 6, 7, 8 and 9 in Abstracts Nos. 86, 616 and 1021, in 1964, of the 918 acres irrigated, 60 acres were irrigated while field No. 8 in Abstract No. 96 from Polly Pond. (VII SP 240-241, 262, 264; 262-386; 264)

6. A levee was constructed in 1963 and is located at diversion point 0-6780 on an unnamed tributary of the Trinity River in Abstract No. 84. The levee creates a reservoir that lies within tracts T-2760 and T-1810. T-2800 is outside of claim area T-2760. During the period 1962-1967, inclusive, 60 acre-feet of water was used for irrigation purposes within T-2760. The diversion and use of state water within T-1810 during this period was facilitated by use of the impoundment. (VII SP 240, 291)

7. A portion of Polly Pond is located in T-2810 which is a tract claimed under Claims Nos. 3373 and 3374 owned by RLG Property. (VII SP 240)

8. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-2780 at diversion point 0-6770 located on the perimeter of the reservoir, (located at 0-6780) and at 0-3250 on the Trinity River, by three portable pumps at a maximum combined diversion rate of 3.33 cfs (24,900 gpm). Diversion points 0-6770 and 0-6250 are located within Abstract No. 86. Diversion also took place during the period 1962-1967 at diversion point 0-6210 on the Trinity River in Abstract No. 1021 by a stationary pump at an effective diversion rate of 8.98 cfs (4000 gpm) using a flood type distribution system. (VII SP 218, 260, 256-259, 264)

9. The maximum amount of state water diverted and used for irrigation purposes within T-2760 in any calendar year during the period 1963-1967, inclusive, was 542.50 acre-feet in 1965. Of this 542.50 acre-feet, 62.50 acre-feet were diverted from Polly Pond and from 0-6250 on the Trinity River and 500 acre-feet were diverted from 0-6210 on the Trinity River. (VII SP 262-265, 270-271, 290-291, 314)

CONCLUSIONS:

1. Claimant is recognized a right under 11.303 Claim No. 3371 to divert and use not to exceed 500 acre-feet of water per year from diversion point 0-6210 located on the Trinity River at a maximum diversion rate of 8.98 cfs (24,000 gpm) for the irrigation of 400 acres of land within tract T-2760 in Abstracts Nos. 616 and 1021, Houston County, with a priority date of July 31, 1954.

2. Claimant is not recognized any right under 11.303 Claim No. 3371 to maintain an existing dam and reservoir, known as Polly Pond, on an unnamed tributary of the Trinity River or to divert and use water therefrom for irrigation purposes because a portion of claim area T-2760 and T-2800 in which the reservoir is located is no land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 5388
TRACT NO: None

OWNERSHIP: Joe Richards, Jr.

IR: 315
APN: 32
IV SP 78-93

SECTION 11.307 CLAIM: Under Permit No. 3229 to impound water in a 160 acre-foot capacity reservoir located on an unnamed branch of Keechi Creek and to use the impounded water for livestock and fishing purposes with a priority date of September 29, 1971. (Exh. 234)

FINDINGS:

1. Claimant is the owner of Permit No. 3229 (Application No. 3505), a 22,141 type permit, which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment therein of 300 acre-feet of water per year for recreation purposes with no right of diversion from the impoundment. (Exh. 234, 305)

2. Application No. 3505 for Permit No. 3229 was accepted for filing by the Commission on September 29, 1971, and the permit was issued on February 18, 1974. (Exh. 305)

3. Claimant maintains a 160 acre-foot capacity reservoir located at the authorized location on an unnamed tributary of Upper Keechi Creek, tributary of the Trinity River, with the dam being located at 0-6180 in Abstract No. 8, Freestone County. (SP 82-83)

4. Since the issuance of the permit, state water has been impounded for livestock and recreation purposes only with no water being diverted from the impoundment. (SP 84)

CONCLUSION:

Claimant is recognized a right under Permit No. 3229 to impound water in a 160 acre-foot capacity reservoir located on an unnamed tributary of Upper Keechi Creek, tributary of the Trinity River, with the dam being located at 0-6180 in Abstract No. 8, Freestone County, for recreation purposes only with no right of diversion from the impoundment and with a priority date of September 29, 1971.

DIVERSION POINT NO: 6303
TRACT NO: 2846

OWNERSHIP: Troy F. Jones

IR: 336
APN: 32
IV SP 63-64

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of 11.303 Claim No. 5685 which claims a riparian right to divert and use water from an unspecified water course for any and all purposes, and declares that a maximum of 100 acre-feet of water was diverted at a maximum diversion rate of 200 gpm, to irrigate 100 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1963. A 40 acre-foot capacity reservoir is also claimed. (Exh. 769)

2. Claimant is the owner of claim area T-2410 which is located in Abstracts Nos. 2 and 287, Freestone County. Abstract No. 2 was granted prior to January 20, 1840. Abstract No. 253 was patented in 1863. T-2410 and Abstract No. 2 abut the unnamed tributary of the Trinity River. T-2410 and Abstract No. 283 do not, however, abut the unnamed tributary of Trinity River. Diversion point 0-6303 references the location claimed in 11.303 Claim No. 5685. (Exh. 4; IX SP 63-64)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed tributary of Trinity River for irrigation purposes within Abstract No. 2. (IX SP 63-64)

4. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX SP 63-64)

CONCLUSION:

Claimant is not recognized any right under 11.303 Claim No. 5685 because no evidence was presented of any easement, beneficial use of state water within tract T-2410 during the period 1963-1967, inclusive; because no 11.307 claim was filed in the adjudication of this segment; because 11.303 Claim No. 5685 because a portion of T-2810 is located on land granted prior to January 20, 1840 and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant; and, because a portion of T-2840 is covered from the unnamed tributary of the Trinity River.

DIVERSION POINTS NOS: 6315, 6317, 6319, 6320
TRACT NO: 2856

OWNERSHIP: Dow Chemical Company

IR: 232-238
APN: 33
V SP 167-(165-166); Contest SP 67-80

SECTION 11.303 CLAIM: Under 11.303 Claim No. 5616 and any rights to nonpassessary streams water recognized on Spanish or Mexican land grants to divert and use 250 acre-feet of water per year from Holly Branch at a maximum diversion rate of 350 gpm for the irrigation of 100 acres of land with a priority date of 1929. Four reservoirs on Holly Branch were also claimed. (Exh. 413)

FINDINGS:

1. Claimant is the owner of 11.303 Claim No. 5616 which asserted an irrigation right to divert and use water and declared that no state water was diverted and used in any calendar year during the period 1963-1967, inclusive. The date of first beneficial use of water within the claim area was declared to be 1929. A reservoir with an unspecified capacity was also claimed. (Exh. 413)

2. An additional sworn statement to 11.303 Claim No. 5616 declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be an unknown amount of water from a 25 acre lake for the irrigation of 10 acres of land. (Exh. 413)

3. Claimant is the owner of claim area T-2856 which is located in Abstracts Nos. 2, 78, 283 and 438, Freestone County. Abstract No. 2 was patented in 1837, Abstract No. 78 was patented in 1858, Abstract No. 283 was patented in 1863, Abstract No. 438 was patented in 1838. Abstracts Nos. 2, 78, 283 and 438 conflict with Abstract No. 2. T-2856 and Abstracts Nos. 2, 282 and 438 cross an unnamed tributary of Holly Branch and Holly Branch, tributary of Upper Keechi Creek, tributary of the Trinity River. Abstract No. 78 does not cross or abut any tributary of Holly Branch or Holly Branch. (SP 176-177)

4. The report in this adjudication does not contain any English translation of the Jose Aquilera Grant (A-2) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes.

5. The first diversion and use of state water for irrigation purposes within T-2856 was the first of Dow claims in 1963 or 1953. (Exh. 418A)

6. A previous owner, Mr. W. C. Hurse, commenced and completed the construction of works designed to apply a greater quantity of water to beneficial use in 1964. (Exh. 418A)

7. The most acreage within T-2856 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 100.3 acres, in Abstracts Nos. 2, 78, 282 and 438, in 1966. Of this 100.3 acres, 120.5 acres were irrigated with state water in Abstracts Nos. 283 and (2)(, with the remaining 80 acres located in Abstracts Nos. 2 and 78. (Exhs. 418A; 418B)

8. Two dams were constructed in 1955 or 1956 and are located at 0-6319 and 0-6320 within Abstract No. 2, Freestone County, on Holly Branch, tributary of Upper Keechi Creek, tributary of Trinity River. During the period 1963-1970, inclusive, 98.5 acre-feet of water was impounded in the reservoir at 0-6320 and 7.4 acre-feet of water was impounded in the reservoir at 0-6319. The water in the reservoirs at 0-6320 was used for irrigation purposes within T-2856. The diversion and use of state water within T-2860 during this period was facilitated by use of the impoundments. During the period 1963-1970, inclusive, two additional reservoirs were maintained at 0-6315 and 0-6317 on Holly Branch and used for domestic and livestock purposes only. (Exh. 418; V SP 176-178)

9. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-2860 from the perimeter of the reservoir on an unnamed tributary of Holly Branch and Holly Branch by a pump at a maximum effective diversion rate of 0.83 cfs (400 gpm) using a sprinkler type distribution system. (Exh. 418A)

10. The maximum amount of state water diverted and used for irrigation purposes within T-2860 in any calendar year during the period 1963-1970, inclusive, was 183.5 acre-feet in 1966. Of this 183.5 acre-feet, 100 acre-feet was used to irrigate land within Abstracts Nos. 283 and 438, 16 acre-feet were used to irrigate land in Abstracts No. 78, and 20.5 acre-feet were used to irrigate land in Abstract No. 2. (Exhs. 418A; 418B)

CONCLUSIONS

1. The use of the dams and reservoirs located at 0-4320 and 0-6317 within T-2860 on Holly Branch, as well as the capacity of the reservoir, was reasonable.

2. Claimants are recognized a right under §11.303 Claim No. 5610 to maintain two existing dams and their appurtenances located at D-6320 and B-6319 within T-2860 on Holly Branch, tributary of Upper Keechi Creek, tributary of the Trinity River, and to impound therein not to exceed 99.4 acre-feet of water in the reservoir at D-6320 and 7.8 acre-feet in the reservoir at D-6319.

3. Claimants are recognized a right under §11.303 Claim No. 5510 to divert and use and to exceed 178 acre-feet of water per year from the perimeter of the reservoir at D-6320 at a total maximum diversion rate of 400 gpm for the irrigation of 120.5 acres of land within tract T-2160 in Abstracts Nos. 383 and 438, Freestone County, with a priority date of June 1, 1962.

4. Claimant may maintain the reservoirs at D-6316, D-6317, and D-6318 on Holly Branch each at a capacity of 200 acre-feet of water or less for domestic and livestock purposes under Texas Water Code §11.142.

DIVERSION POINT NO: 6340
TRACT NO: 2560

OWNERSHIP: A. H. McCollum, Jr.

XR: 328
APP: 22
IV SP 680

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 11615 which claims riparian, Article 7500a, and Irrigation Act of 1913 rights to divert and use water from an unnamed tributary of Burleson Lake, tributary of the Trinity River, for irrigation and livestock purposes. Claimant declares that a maximum of 40 acre-feet of water was diverted at a maximum diversion rate of 954 gpm, to irrigate 96 acres of land during the period 1962-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1931. A 100 acre-foot capacity reservoir is also claimed. (Exh. 770 and 771)

2. Claimant is the owner of claim area T-2080 which is located in Abstracts Nos. 2 and 125, Freestone County. Abstract No. 2 was granted prior to January 10, 1840. Abstract No. 125 was patented in 1855. T-2080 and Abstracts Nos. 2 and 125 abut the unnamed stream. (Diversion point D-6340 references the location claimed in §11.303 Claim No. 11615. (Exh. 4; IV SP 66)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed stream for irrigation purposes within Abstract No. 2. (IX SP 68)

4. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive.

CONCLUSIONS:

Claimant is not recognized any right under §11.303 Claim No. 11615 because no evidence was presented of any nonexempt, beneficial use of state water within tract T-2080 during the period 1963-1967, inclusive, because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 11615; because a portion of claim area T-2080 is located in Abstract No. 2, which was located on land granted prior to January 10, 1840; and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 6350
TRACT NO: None

OWNERSHIP: Red Lake Fishing and Hunting Club, Inc., a Texas Corporation

XR: 236
APP: 22
IV SP 59-68

SECTION 11.307 CLAIM: Under Permit No. 3068 to impound water in a 750 acre-foot capacity reservoir located on Jolly Slough for recreational purposes with a priority date of January 6, 1975. (Exh. 379)

FINDINGS:

1. Claimant is the owner of Permit No. 3068 (Application No. 3331), which authorizes the maintenance of an existing dam and reservoir located on Jolly Slough, tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment therein of 600 acre-feet of water for recreational purposes with no right of diversion from the impoundment. (Exh. 379)

2. A Special Condition in Permit No. 3068 is:

    Repair of the dam structure shall commence within one year and be completed within four years of issuance of the permit.

    (Exh. 379)

3. Application No. 3331 for Permit No. 3068, was accepted for filing by the Commission on January 6, 1975, and the permit was issued on March 17, 1976. (Exh. 379)

4. Claimant maintains a 750 acre-foot capacity reservoir located at diversion point D-6350, which is the authorized location on Jolly Slough, with the dam being located in Abstract No. 5, Freestone County. (SP 64-66)

5. Repairs required to be made by Permit 3068 have been completed. (SP 67)

6. Since the issuance of the permit, state water has been impounded for recreational purposes only with no water being diverted from the impoundment. (SP 67)

CONCLUSIONS:

Claimant is recognized a right under Permit No.3068 to impound 600 acre-feet of water in a reservoir located on Jolly Slough, tributary of Upper Keechi Creek, tributary of the Trinity River, with the dam being located at D-6350 in Abstract No. 5, Freestone County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of January 6, 1975.

DIVERSION POINT NO: 6360
TRACT NO: None

OWNERSHIP: James Anderson, et al.

XR: 221
APP: 22
IV SP 69-77

SECTION 11.307 CLAIM: Under Permit No. 3283 to impound water in a 350 acre-foot capacity reservoir located on Jolly Slough for recreational purposes with a priority date of December 1, 1975. (Exh. 381)

FINDINGS:

1. Claimants are the owners of Permit No. 3283 (Application No. 3533), which authorizes the maintenance of an existing dam and reservoir located on Jolly Slough, tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 350 acre-feet of water for recreational purposes, with no right of diversion from the impoundment. (Exh. 381)

2. A Special Condition contained in Permit No. 3283 is as follows: Failure to modify and correct dam deficiencies within the period stated in time limitations imposed within this permit and completion within two years from date of issuance shall cause this permit to expire and become of no further force and effect and permittee shall thereafter renew the dam in accordance with accepted engineering practices. (Exh. 283)

3. Application No. 3533 for Permit No. 3283 was accepted for filing by the Commission on December 1, 1975, and the permit was issued on June 3, 1976. (Exh. 383)

4. Claimant maintains a 350 acre-foot capacity reservoir located at the authorized location on Jolly Slough, with the dam being located at D-6360 in Abstract No. 934, Freestone County. (SP 73)

5. Since the issuance of the permit, state water has been impounded for recreational purposes only with no water being diverted from the impoundment. (SP 74)

6. Claimant indicated that dam deficiencies were corrected soon after the permit was obtained, and brush clearing is done periodically from year to year. (SP 76)

CONCLUSIONS:

1. Claimants are recognized a right under Permit No. 3283 to impound 350 acre-feet of water in a reservoir located on Jolly Slough, tributary of Upper Keechi Creek, tributary of the Trinity River, with the dam being located at D-6360 in Abstract No. 934, Freestone County, for recreation purposes only with no right of diversion from the impoundment and with a priority date of December 1, 1975.

2. Claimants' rights under Permit No. 3283 are subject to the Special Conditions contained in the Permit.

DIVERSION POINT NO: 6430
TRACT NO: None

OWNERSHIP: Ernot P. Crow, Jr.

XR: 233
APP: 31
VIII SP 209-218

SECTION 11.307 CLAIM: Under Permit No. 3431 to impound water in a 322 acre-foot capacity reservoir located on the Birch Creek for recreation with a priority date of January 5, 1977. (Exh. 452)

FINDINGS:

1. Claimant is the owner of Permit No. 3431 (Application No. 3712), which authorizes the maintenance of an existing dam and 322 acre-foot capacity reservoir, known as Lake Lodo, located on Birch Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment therein of 322 acre-feet of water per year for recreational purposes only with no right of diversion from the impoundment. (Exh. 447)

2. Application No. 3712 for Permit No. 3431 was accepted for filing by the Commission on January 5, 1977, and the permit was issued on March 28, 1977. (Exh. 448)

3. Claimant maintains a 321 acre-foot capacity reservoir located at the authorized location on Birch Creek, with the dam being located at D-6430 in Abstract No. 152, Leon County. (VIII 216-216)

4. Since the issuance of the permit, state water has been impounded for recreational purposes only. (VIII SP 218)

CONCLUSION:

Claimant is recognized a right under Permit No. 3431 to impound 321 acre-feet of water in a 321 acre-foot capacity reservoir located on Birch Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, with the dam being located at D-6430 in Abstract No. 152, Leon County, for recreational purposes only with no right of diversion from the impoundment and with a priority date of January 5, 1977.

DIVERSION POINTS NOS: 6430, 6433, 6440, 6445, 6450, 6460, 6465, 6470, 6475, 6480, 6485, 6490, 6495, 6500, 6505, 6510, 6515, 6520, 6525, 6530, 6535, 6540, 6545, 6550, 6555, 6560, 6565, 6570, 6981, 6980, 6985

VANCE NOS: 2020, 2035, 2045, 2950 and 2960

OWNERSHIP: P. B. Kinders

XR: 231-234
APP: 33
IV SP 96-106

SECTION 11.307 CLAIM: Under §11.303 Claim No. 7263 and Permit No. 3665 to divert and use 15 acre-feet of water per year from unnamed streams, Trinity River Sandars Creek, North Fork Buffalo Creek, Buffalo Creek, and Upper Keechi Creek at a maximum diversion rate of 1.7 cfs (750 gpm) for the irrigation of 40 acres of land with a priority date of June 14, 1959, twenty-nine on-channel reservoirs impounding a total of 94 acre-feet of water were also claimed. (Exh. 189)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 7263 which asserted a right under Article 7813a, Revised Civil Statutes, as amended, and Irrigation right to divert and use water for irrigation purposes and declared that on state water was diverted and used in any calendar year during the period 1963-1967, inclusive. A portable pump with a maximum diversion rate of 300 gpm was claimed. The date of first beneficial use of water within the claim area was declared to be 1957. A 10 acre-foot capacity stock tank was also claimed. (Exh. 289)

2. Claimant is the owner of Permit No. 3685 (Application No. 3906), a 7500a type permit, which authorizes the impoundment of 84 acre-feet of water in twenty-one existing reservoirs located on unnamed tributaries of Spring Branch, tributary of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, and the diversion and use therefrom of not to exceed 15 acre-feet of water per year at a maximum diversion rate of 1.6 cfs (750 gpm) for the irrigation of 40 acres of land part of a 380 acre tract located in Abstracts Nos. 17, 16, 216 and 928, Freestone County. (Exh. 289)

3. Application No. 3906 for Permit No. 3685 was accepted for filing by the Commission on June 15, 1970, and the permit was issued on September 22, 1970. (Exh. 292)

4. Claimant is the owner of claim areas T-2940, T-2920, T-2930, T-2950 and T-2960 which are located in Abstracts Nos. 16, 328, 620 and 940, Freestone County. Abstract No. 16 was patented in 1852. Abstract No. 328 was patented in 1849. Abstract No. 620 was patented in 1860. Abstract No. 940 was patented in 1912. T-2940, T-2920, T-2930, T-2950, T-2960 and Abstracts Nos. 328, 620 and 940 abut various unnamed tributaries of North Fork Buffalo Creek and Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River. The permit area authorized to be irrigated under Permit No. 3685 in T-2920, T-2950 and T-2960. Tracts T-2950 and T-2960 lie in the Arenzo River Basin. (IX 93-97)

5. The first diversion and use of state water for irrigation purposes within tracts T-2940, T-2936, T-2938, T-2950 and T-2960 was in 1969. [Exh. 288; RF 103-108]

6. No irrigation was done within tracts T-2930, T-2938, T-2940, T-2950 and T-2960 in any calendar year during the period 1963-1977, inclusive. [RF 108]

7. During the period 1960-1963, claimant constructed 33 reservoirs on various unnamed tributaries of North Fork Buffalo Creek, Buffalo Creek, and an unnamed tributary of Sanders Creek. Since 1970, two additional dams have been built on the same creeks. All 35 reservoirs have a capacity of 16 acre-feet or less. There was no evidence of which dams were in existence during the period 1963-1967, inclusive. [RF 98-99]

8. Dams authorized by Permit No. 2605 are identified as follows:

| Location of Dam | Watercourse | Tract | Abstract |
|---|---|---|---|
| D-6460 | Unnamed trib. of North Fork Buffalo Creek | T-2920 | 66 |
| D-6470 | " | " | " |
| D-6490 | " | " | " |
| D-6500 | " | " | " |
| D-6510 | " | " | " |
| D-6520 | " | " | " |
| D-6530 | " | " | " |
| D-6540 | " | " | " |
| D-6515 | " | " | " |
| D-6560 | Unnamed trib. of Buffalo Creek | T-2920 | 858 |
| D-6550 | " | " | 928 |
| D-6540 | " | " | " |
| D-6530 | " | " | " |
| D-6550 | " | " | 620 |
| D-6560 | " | " | " |
| D-6525 | " | " | " |
| D-6540 | " | " | " |
| D-6525 | " | " | " |
| D-6440 | Unnamed trib. of Sanders Creek | T-2910 | " |
| D-6185 | " | " | " |

[RF 97-97]

9. Sanders Creek is a tributary of the Navasota River, tributary of the Brazos River, in the Brazos River Basin. [RF 95]

10. Dams not authorized by Permit No. 2605 are identified as follows:

| Location of Dam | Watercourse | Tract | Abstract |
|---|---|---|---|
| D-6465 | Unnamed trib of N Fork Buffalo | T-2920 | 66 |
| D-6470 | " | " | " |
| D-6490 | " | " | " |
| D-6275 | Unnamed trib of Buffalo Creek | " | 858 |
| D-6515 | " | " | 920 |
| D-6485 | " | " | " |
| D-6405 | " | " | " |
| D-6435 | " | " | " |
| D-6230 | " | " | " |
| D-6060 | Unnamed trib. of Sanders Creek | T-2910 | " |

[RF 99]

11. The 35 dams authorized by Permit No. 2605 have a combined total capacity of approximately 56 acre-feet. [RF 99]

12. The most acreage within permit areas T-2920, T-2950 and T-2910 irrigated with state water in any calendar year since the issuance of the permit was 50 acres. [RF 106]

13. Since the issuance of the permit, state water has been diverted for irrigation purposes within T-2920, T-2950 and T-2940 from the perimeters of the authorized reservoirs located on unnamed tributaries of North Fork Buffalo Creek and unnamed tributaries of Buffalo Creek by means of a portable pump at a maximum effective diversion rate of 1.2 cfs (538 gpm). No water has been transferred from the Trinity River Basin to the Brazos River Basin or vice versa since issuance of the permit. [RF 100-104]

14. The maximum amount of state water diverted and used for irrigation purposes within T-2920, T-2910 and T-2940 in any calendar year since the issuance of the permit was 28 acre-feet of water. [RF 106]

CONCLUSIONS:

1. Claimant is recognized a right under Permit No. 2605 to impound 56 acre-feet of water in 35 reservoirs located on unnamed tributaries of North Fork Buffalo Creek and unnamed tributaries of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, with the dams being located at D-6460, D-6470, D-6490, D-6500, D-6510, D-6520, D-6530, D-6540, D-6515, D-6560, D-6550, D-6540, D-6530, D-6550, D-6560, D-6525, D-6540, D-6525 and D-6440 in Abstracts Nos. 66, 858, 920 and 620, Freestone County, and to divert and use therefrom not to exceed 16 acre-feet of water per year from the perimeters of the reservoirs at a maximum diversion rate of 1.2 cfs (538 gpm) for the irrigation of 16 acres of land within tracts T-2920, T-2950 and T-2940 in Abstracts Nos. 66, 858, 920 and 620, Freestone County [based in Abstracts Nos. 858 and 96 which lies within the Brazos River Basin], with a priority date of June 15, 1970.

2. Claimant is not recognized any rights under §11.303 Claim No. 7293 because there was no evidence of any renewed beneficial use of state water during the period 1963-1967, inclusive.

3. Claimant is not recognized under §11.303 Claim No. 2695 to maintain the reservoir located on an unnamed tributary of Sanders Creek, tributary of the Navasota River, tributary of the Brazos River, because it is located in the Brazos River Basin and cannot be recognized through this adjudication.

4. Claimant is not recognized a right under Permit No. 2605 to irrigate land in Abstract No. 920 which lies in the Brazos River Basin because no transbasin diversion is authorized by the permit.

DIVERSION POINTS NOS: 6600 and 6610
TRACT NO: 2340

OWNERSHIP: Billy J. Wilcox

IN: 336
APP: 33
IV SF

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2914 to divert and use one acre-foot of water per year from Maxahy Springs at a maximum diversion rate of 100 gpm for the irrigation of five acres of land with a priority date of September, 1961. [Exh. 374]

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2914 which asserted a right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Maxahy Springs at a maximum diversion rate of 10 gpm for the irrigation of five acres of land. The date of first beneficial use of water within the claim areas was declared to be in existence when the land was purchased in 1961. [Exh. 373]

2. An additional sworn statement in §11.303 Claim No. 2914 was timely filed which declared that no state water was diverted and used in any calendar year during the period 1968-1970, inclusive.

3. Claimant is the owner of claim area T-2360 which is located in Abstract No. 111, Freestone County. Abstract No. 111 was patented in 1861. Abstracts No. 111 crossed Maxahy Creek, tributary of Upper Keechi Creek, tributary of the Trinity River. [Exh. 115; page 215; RF7]

4. The first diversion and use of state water for irrigation purposes within T-2360 was in 1961. [RF 51]

5. The most acreage within tracts T-2360 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was two acres in 1965. [RF 52]

6. An off-channel reservoir, was constructed in 1938 and is located at diversion point D-6610 within T-2360. During the period 1963-1970, inclusive, an acre-foot of water was impounded in the reservoir and the water was used for irrigation purposes within T-2360. The diversion and use of state water within T-2360 during this period was facilitated by use of the impounded water. Water impounded in the reservoir was rainfall runoff from the surrounding area. [RF 57, 53-54]

7. During the period 1963-1970, inclusive, water was diverted for irrigation purposes within T-2360 at diversion points, located at the perimeter of the off-channel reservoir at D-6610, by a portable pump at a maximum effective diversion rate of 0.22 cfs (10 gpm) using a flood type distribution system. Claimant did not use the diversion point designated as D-6600 on Maxahy Springs for irrigation during the period 1963-1967, inclusive. Claimant drew bats to use D-6600 in the future to divert state water. [Exhs. 374, 375 ; RF 47, 53-54]

8. The maximum amount of state water diverted and used for irrigation purposes within T-2360 in any calendar year during the period 1963-1967, inclusive, was less than one acre-foot of water in 1965. [RF 52]

CONCLUSIONS:

1. Water contained in the off-channel reservoir located at D-6610 is not state water.

2. Claimant is not recognized any right under §11.303 Claim No. 2914 because there was no renewed beneficial use of state water during the period 1963-1970, inclusive.

DIVERSION POINTS NOS: 6630, 6640, 6650
TRACT NOS: 2080, 3093

OWNERSHIP: Mrs. A. F. Van Winkle, Ann Hooker and Jack Hooker (Ownership Unverified)

IN: 336-237
APP: 33
IV SF 119-150

SECTION 11.307 CLAIM: Under §11.303 Claim No. 5105 to divert and use 50 acre-feet of water per year from Buffalo Creek at a maximum diversion rate of 1.23 cfs for the irrigation of 300 acres of land with a priority date of 1967. A 15 acre-foot capacity reservoir on an unnamed tributary was also claimed. [Exh. 259]

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 5105 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 50 acre-feet of water from Buffalo Creek at a maximum diversion rate of 1260 gpm for the irrigation of 100 acres of land. The date of first beneficial use of water within the claim area was declared to be July, 1967. [Exh. 260]

2. An additional sworn statement in §11.303 Claim No. 5105 was filed late which declared that no state water was used in any calendar year during the period 1968-1970, inclusive. [Exh. 261]

3. The official records of the Department show that Van Winkle Ranch is the holder of §11.303 Claim No. 5105. At the evidentiary hearing, Mrs. A. F. Van Winkle, Ann Hooker and Jack Hooker appeared as the claimants and asserted ownership of §11.303 Claim No. 5105. No deed or other legal document has been received by the Department to establish that change of ownership. [RF 133-140]

4. Claimants are the owners of claim area T-3080 which is located in Abstracts Nos. 262, 729 and 1249, Leon County, and in Abstract No. 518, Freestone County. Abstracts Nos. 729 and 518 were patented in 1847. Abstract No. 262 was patented in 1861. Abstract No. 1249 was patented in 1846. T-3080 and Abstracts Nos. 262, 1249, 729 and 518 cross unnamed tributaries of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River. Tract T-3093 designates the boundaries of a larger area allegedly owned by claimants. No proof of ownership for this tract has been received. [RF 147-149]

5. The first diversion and use of state water for irrigation purposes within T-3080 was in July, 1967. [RF 155]

6. The most acreage within T-3080 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 100 acres, in 1967. [RF 151-156]

7. A dam was constructed in 1966 and is located at diversion point D-6650 on an unnamed tributary of Buffalo Creek. During the period 1963-1970, inclusive, 15 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3080. The diversion and use of state water within T-3080 during this period was facilitated by use of the impounded water. [RF 147, 150, 157]

8. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-3080 at diversion point D-6640 located on the perimeter of the reservoir at D-6650 and at the point located on Buffalo Creek within T-3080, including D-6630, by a portable pump at a maximum effective diversion rate of 3.5 cfs (1260 gpm), using a sprinkler type distribution system. [RF 149, 153, 156, 158]

9. The maximum amount of state water diverted and used for irrigation purposes within T-3080 in any calendar year during the period 1963-1970, inclusive, was 50 acre-feet of water in 1967. [RF 153-154]

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-6650 within T-3080 on an unnamed tributary of Buffalo Creek, as well as the capacity of the reservoir are recognized.

2. Claimants are recognized a right under §11.303 Claim No. 5105 to maintain an existing dam and reservoir located at diversion point D-6650 on an unnamed tributary of Buffalo Creek, tributary of Alligator Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, and to impound therein not to exceed 15 acre-feet of state water.

3. Claimants are recognized a right under §11.303 Claim No. 5105 to divert and use not to exceed 50 acre-feet of water per year from diversion point D-6610 located on the perimeter of the reservoir and from any diversion point on Buffalo Creek within T-3080 including D-6630 at a maximum diversion rate of 3.5 cfs (1260 gpm) for the irrigation of 100 acres of land within tracts T-3080 in Abstracts Nos. 262, 1249 and 729, Leon County, and Abstract No. 518 in Freestone County, with a priority date of July 31, 1967.

84

**DIVERSION POINT NO: 6670**
**TRACT NO: None**

OWNERSHIP: Tom E. Harrow

IH: 236
APP: 21
IX EF 66-67

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of Permit No. 2146 (Application No. 2043), which authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Right Branch, tributary of Pan Branch, tributary of Biles Creek, tributary of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment of not to exceed 213 acre-feet of water per year for livestock and domestic purposes with no right of diversion from the impoundment located in the Joseph Boaty Survey, Abstract No. 59, Leon County. (Exh. 773)

2. Application No. 2043 for Permit No. 2146 was accepted for filing by the Commission on December 15, 1975, and the permit was issued on March 29, 1976. (Exh. 773)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 2146.

CONCLUSION:

Claimant is not recognized any right under Permit No. 2146 because no evidence was presented of any use of state water pursuant to Permit No. 2146 since its issuance and no §11.307 claim pertaining to Permit No. 2146 was filed in the adjudication of this segment.

**DIVERSION POINT NO: 6560**
**TRACT NO: None**

OWNERSHIP: Willie Harrow

IH: 238
APP: 21
IX EF 67-68

SECTION 11.307 CLAIM: Under Permit No. 3221 to impound water in a 209 acre-feet capacity reservoir located on an unknown watercourse and to divert and use 109 acre-feet of water per year for recreational purposes from Cooper Creek, tributary of Biles Creek, tributary of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, by gravity flow system with a priority date of December 25, 1975. (Exh. 774)

FINDINGS:

1. Claimant is the owner of Permit No. 3221 (Application No. 3502), a §5.141 type permit, which, as amended, authorizes the maintenance of an existing dam and reservoir located on an unnamed tributary of Cooper Creek, tributary of Biles Creek, tributary of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, and the impoundment therein of not to exceed 209 acre-feet of water per year for recreational purposes with no right of diversion from the impoundment located in the Jonathan Hunt Survey, Abstract No. 390, Leon County. (Exh. 775)

2. Application No. 3502 for Permit No. 3221 was accepted for filing by the Commission on September 15, 1975, and the permit was issued on December 29, 1975. (Exh. 775)

3. Claimant did not appear at either the regularly scheduled evidentiary hearing or the final docket evidentiary hearing and no evidence was presented concerning the diversion and use of state water since the issuance of Permit No. 3221. (IX EF 67-68)

CONCLUSION:

Claimant is recognized a right under Permit No. 3221 to impound 109 acre-feet of water in a reservoir located at diversion point 6-6560 on an unnamed tributary of Cooper Creek, tributary of Biles Creek, tributary of Buffalo Creek, tributary of Upper Keechi Creek, tributary of the Trinity River, with 104 dam being located in Abstract No. 390, Leon County, for recreational purposes only with no right of diversion from the impoundment, and with a priority date of September 15, 1975.

**DIVERSION POINTS NOS: 6702 and 6705**
**TRACT NO: None**

OWNERSHIP: Dorris Ann Cournier

IH: 240
APP: 36
IX EF 168-169

SECTION 11.307 CLAIM: Under §11.303 Claim No. 509 to use water for livestock and recreational purposes. No water is diverted since an off-channel reservoir is supplied by rainwater runoff and a five inch well. The priority date claimed is September 1956. A 30 acre-foot capacity off-channel reservoir was also claimed. (Exh. 308)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 509 which asserted a for simple ownership right and a riparian right to divert and use water for livestock, recreation, fishing and boating purposes and declared that no surface water was diverted and used in any calendar year during the period 1963-1967, inclusive. All water impounded was rainwater runoff or groundwater from a five inch well. The date of first beneficial use of water within the claim area was declared to be September 1956. (Exh. 308)

2. An additional sworn statement to §11.303 Claim No. 509 was timely filed which declared that no surface water was diverted and used in any calendar year during the period 1968-1970, inclusive. (Exh. 364)

3. Claimant maintains two off-channel reservoirs located at diversion points 6-6702 and 6-6705 in Abstract No. 937, Leon County, which was patented in 1845. During the period 1963-1967, inclusive, 30 acre-feet of water was impounded in the reservoirs and the water was used for hunting, fishing and livestock purposes. No water has ever been diverted from the reservoirs for irrigation purposes. (EF 141-167)

4. The reservoirs at 6-6703 and 6-6705 contain rainfall runoff and groundwater from a well drilled in 1956. (EF 166-167)

CONCLUSION:

1. The water impounded in the two off-channel reservoirs located at 6-6702 and 6-6705 in Abstract No. 937, Leon County, is not state water.

2. Claimant is not recognized any right under §11.303 Claim No. 509 because there was no nonexempt beneficial use of state water during the period 1963-1967, inclusive.

**DIVERSION POINT NO: 6710**
**TRACT NO: None**

OWNERSHIP: Albert A. Schweinle

IH: 241
APP: 21
IX EF 170-184

SECTION 11.307 CLAIM: Under §11.303 Claim No. 808 and fee simple ownership-riparian, etc., to impound 240 acre-feet of water in a reservoir on Sisco Gulley and Bird Roost Branch for recreation and livestock purposes with a priority date of March, 1945. (Exh. 318)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 808 which asserted a fee simple ownership right and a riparian right to divert and use water for livestock, recreation, hunting and fishing purposes and declared that no water was diverted and used in any calendar year during the period 1963-1967, inclusive. Water flowing in Sisco Gulley and Bird Roost Branch was impounded together with small reservoir. The date of first beneficial use of water within the claim area was declared to be June 1940. (Exh. 809)

2. An additional sworn statement to §11.303 Claim No. 808 was timely filed which declared that no state water was diverted and used in any calendar year during the period 1968-1970, inclusive. Facilities located during this period were described as the same facilities referred to in Claim No. 808. (Exh. 310)

3. The first use of state water for recreation and livestock purposes was in 1940. (EF 180-181)

4. A dam was constructed in March 1940 and is located at diversion point 6-6710 on Serrano Creek. During the period 1962-1967, inclusive, 240 acre-feet of water was impounded in the reservoir and the water was used for livestock and commercial recreation purposes. (Exh. 313; EF 180)

5. These dams on Bird Roost Branch were constructed between 1940 and 1943 and are located in Abstract No. 390, Leon County. During the period 1963-1967, inclusive, a total of 17 acre-feet of water was impounded in these reservoirs and the water was used for commercial recreation purposes. (EF 181)

6. During the period 1963-1967, inclusive, water from artesian wells was also impounded in the reservoirs. (Exh. 309; EF 182)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 808 because the use of a reservoir solely for commercial recreation purposes is not a use which can be recognized pursuant to the riparian theory and livestock use is exempt from adjudication.

**DIVERSION POINTS NOS: 6760, 6770, 6780, 6790**
**TRACT NO: 2048**

OWNERSHIP: C. W. Kennedy III, Ruth Kennedy, J. C. Kennedy, W. C. Kennedy and R. E. Kennedy aka Ruth Kennedy and brothers

IH: 243-244
APP: 21
VII EF 130-142

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1100 to divert and use 460 acre-feet of water per year for the irrigation of 460 acres of land, 314 acre-feet of water per year for recreational purposes and 310 acre-feet of water per year for livestock, and domestic purposes from the Trinity River and Keechi Creek at a maximum diversion rate of 5.6 cfs with a priority date of July 1957. A 350 acre-foot capacity off-channel reservoir was claimed. (Exh. 345)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1100 which asserted Article 7503a, common law, equitable and riparian rights to divert and use water for irrigation and recreational purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 175 acre-feet of water from the Trinity River and Keechi Creek, a tributary to the Trinity River, at a maximum rate of diversion of 5.6 cfs for the irrigation of 175 acres of land. The date of first beneficial use of water within the claim area was declared to be July 1957. An off-channel reservoir which is a natural-lake known as Tubb Lake with a capacity of 350 acre-feet was also claimed. (Exh. 346)

2. Claimants are the owners of claim area 7-2048 which is located in Abstracts Nos. 13, 224 and 660, Leon County. All irrigation within 7-2048 during the period 1963-1967, inclusive, was in Abstract No. 660. Abstract No. 660 was patented in 1845, Tract 7-2048 does and about or cross the Trinity River or Keechi Creek. Tract 7-2048 and Abstract No. 660 abut the Trinity River and cross the Upper Keechi Creek. (VII EF 137-138)

3. The first diversion and use of state water for irrigation purposes within 7-2048 was in 1957.

4. The most acreage within 7-2048 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 175 acres, being field No. 1 in Abstract No. 660 in 1964. (VII EF 139R, 141-142)

5. Tubb Lake is a natural off-channel lake located at diversion point 6-6760 in Abstracts Nos. 224 and 660. Abstract No. 224 was patented in 1845. During the period 1963-1967, inclusive, 215 acre-feet of water was impounded in the lake and the water was used for irrigation and recreation purposes within 7-2048. The diversion and use of state water within 7-2048 during this period was facilitated by use of the impoundment. (VII EF 138-140)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation and recreation purposes within 7-2048 at diversion points 6-6760 located on the perimeter of Tubb Lake, 6-6760 located on Upper Keechi Creek, and 6-6790 located on the Trinity River, in Abstract No. 660, by a portable pump at a maximum effective rate of 2.67 cfs (1200 gpm). (VII EF 139, 140-142)

7. The maximum amount of state water diverted and used for irrigation purposes within 7-2048 in any calendar year during the period 1963-1967, inclusive, was 175 acre-feet of water in 1964. (VII EF 142)

CONCLUSION:

Claimants are recognized a right under §11.303 Claim No. 1100 to divert and use not to exceed 175 acre-feet of water per year from diversion points 6-6760 located on the perimeter of the Tubb Lake, 6-6760 located on Upper Keechi Creek and 6-6760 located on the Trinity River, at a maximum diversion rate of 2.67 cfs (1200 gpm) for the irrigation of 175 acres of land in field No. 1 in Abstract No. 660, Leon County, with a priority date of July 1957. Claimants are further recognized a right to store the diverted water in a 215 acre-foot capacity off-channel lake located at diversion point 6-6760 and to subsequently divert and use this stored water for irrigation purposes to the extent authorized herein.

66

DIVERSION POINTS NOS: 6740, 5770, 7560, 7580, and 7680
TRACTS NOS: 3718, 3580, 3590, and 3400

OWNERSHIP: XLS Farm Properties, N. V.

IN: 223-224
APP: 39
VI: EF 336-398

SECTION 11.307 CLAIM: Under $11.303 Claims Nos. 3713 and 3774 to divert and use 1310 acre-feet of water per year from the Big Elkhart Creek at a maximum diversion rate of 19.6 cfs for the irrigation of 910 acres of land with a priority date of 1754. A 65 acre-foot capacity off-channel reservoir (See $11.303 Claim No. 3771) was also claimed. (Exh. 939)

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 3972 which asserted equitable and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 200 acre-feet of water from the Trinity River and Elkhart Creek at a maximum diversion rate of 1010 gpm for the irrigation of 910 acres of land. The date of first beneficial use of water within the claim area was declared to be 1954. (Exh. 941)

2. Claimant is the owner of $11.303 Claim No. 3974 which asserted equitable and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 578 acre-feet of water from Elkhart Creek, a tributary of Trinity River, at a maximum diversion rate of 1200 gpm for the irrigation of 363 acres of land. The date of first beneficial use of water within the claim area was declared to be in 1954. (Exh. 943)

3. Claimant is the owner of claim areas T-3890, T-3580, and T-3600 which are located in Abstracts Nos. 54, 33, 621 and 1021, Houston County. All irrigation within T-3580 and T-3600 during the period 1963-1967, inclusive, was in Abstracts Nos. 54, 624 and 1021. Abstract No. 54 was patented in 1829. Abstract No. 624 was patented in 1876. Abstract No. 1021 was patented in 1881. T-3590, T-3600 and Abstract No. 54 abut Big Elkhart Creek, that portion of T-3580 which is located in Abstract No. 624 does not abut or cross Big Elkhart Creek. A portion of T-3590 is located in Abstract No. 624 and 1021, which do not abut or cross the Trinity River or Big Elkhart Creek. (VII EF 337-341, 343; Exh. 4)

4. The record in this adjudication does not contain any English translation of the A. De la Serna Grant (A-23) or D. McCann Grant (A-54) and there was no clear evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (Exh. 4; VIJ EF 338-398)

5. The first diversion and use of state water for irrigation purposes within T-3590 and T-3600 was in July, 1935. (VIJ EF 392)

6. The most acreage within tracts T-3580 and T-3600 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 268 acres, being Fields Nos. 2, 7, 10, 11 and 12, located in Abstracts Nos. 54, 624 and 1021 in 1964. (VIJ EF 392, 395-397)

7. Fields Nos. 8, 9, 10, 11, and 12 are located in Abstracts No. 54, Fields Nos. 1 and 3 are located in Abstracts No. 1021. Fields Nos. 4, 5 and 6 are located in Abstracts Nos. 624 and 1021. (VII EF 341)

8. Claimant operates a rotation irrigation system using his 12 fields. (VII EF 396-397)

9. A levee was constructed in 1975 and is located at diversion point D-6780 on an unnamed tributary of Big Trinity River in Abstract No. 54. The levee creates a reservoir that lies within tracts T-3780 and T-3580. T-3780 is a claim area claimed under $11.303 Claim No. 3771. Polly Penn is claimed under Claim No. 3771. T-3780 is a claim area that is outside the three claim areas claimed under $11.303 Claims Nos. 3371, 3772 and 3374. (VII EF 340, 374)

10. D-6780 designates the location of a diversion point on the perimeter of the reservoir (Polly Pond). D-6760 designates the location of a diversion point on Big Elkhart Creek in T-3180. D-5780 designates the location of a diversion point on Big Elkhart Creek in T-3600. D-7560 designates the location of a diversion point on Big Elkhart Creek in T-3600. (VII 335-341)

11. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3580 and tract T-3600 at diversion points D-5760 and D-7560 located on Big Elkhart Creek in Abstracts Nos. 54 and 33 by four portable pumps at a maximum combined diversion rate of 1.6 cfs (1000 gpm) using a sprinkler type distribution system. (VII EF 339, 398-248)

12. During the period 1963-1967, inclusive, no state water was diverted for irrigation purposes within T-3600 at diversion point D-7680 located on Big Elkhart Creek. (VII EF 343-344)

13. The maximum amount of state water diverted and used for irrigation within T-3580 and T-3600 in any calendar year during the period 1963-1967, inclusive, was 267.33 acre-feet in 1965. (VII 351-358, 382-398)

14. Evidence is insufficient to determine how much water was used to irrigate Fields Nos. 2 and 7. (VII EF 341, 362, 365-366)

CONCLUSION:

Claimant is not recognized any right under $11.303 Claims Nos. 3371 and 3774 to divert and use water because (1) a portion of the area irrigated within T-3580 and T-3600 is located on land which is removed from Big Elkhart Creek and the Trinity River (Abstracts Nos. 624 and 1021) or on land granted prior to January 20, 1840 (Abstract No. 54), and (2) there was insufficient evidence to indicate the amount of state water diverted and used during the period 1963-1967, inclusive, from Big Elkhart Creek to irrigate land located within Fields Nos. 2 and 7 in Abstracts Nos. 624 and 1021.

DIVERSION POINTS NOS: 6820, 6830
TRACT NO: 3060

OWNERSHIP: Bill Brown

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 2004 which claims riparian and Article 7500a rights and rights under the Revised Civil Statutes of Texas 1925 to divert and use water from the local springs, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 55 acre-feet of water was diverted at a maximum diversion rate of 330 gpm, to irrigate 30 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1967. A 50 acre-foot capacity reservoir is also claimed. (Exh. 777)

2. Claimant is the owner of claim area T-3060 which is located in Abstract No. 946, Houston County. Abstract No. 946 was patented in 1869. T-3060 and Abstract No. 946 abut the unnamed stream. Diversion points D-6820 and D-6830 reference the locations claimed in $11.303 Claim No. 3064. (Exh. 4; IX EF 69)

3. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX EF 69)

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 3604 because no evidence was presented of any equitable, beneficial use of state water within tract T-3060 during the period 1963-1967, inclusive, and because no $11.307 claim was filed in the adjudication of that segment pertaining to $11.303 Claim No. 3604.

DIVERSION POINTS NOS: 6840 and 6850
TRACT NO: 3806

OWNERSHIP: Willie Bedford Cashoy

IN: 316-347
APP: 37
VI: EF 197-210

SECTION 11.307 CLAIM: Under $11.303 Claim No. 1686 to divert and use 70 acre-feet of water per year from Local Springs for irrigation purposes and 72 acre-feet of water per year for livestock purposes at a maximum diversion rate of 2.73 cfs for the irrigation of 105 acres of land with a priority date of 1956. A 24 acre-foot capacity reservoir on Local Springs was also claimed. (Exh. 635)

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 1680 which asserted a right under 7500a Revised Civil Statutes of Texas, 1925, and a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 70 acre-feet of water from Local Springs at a maximum diversion rate of 1050 gpm for the irrigation of 80 acres of land. The date of first beneficial use of water within the claim area was declared to be 1956. A reservoir with a capacity of 28 acre-feet was also claimed. (Exh. 689)

2. Claimant is the owner of claim area T-3090 which is located in Abstracts Nos. 297 and 252, Houston County. Abstract No. 297 was patented in 1880. Abstract No. 252 was patented in 1876. T-3090 abuts Chaffin Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. Abstract No. 252 does not abut or cross Chaffin Creek. (EF 203-203)

3. The first diversion and use of state water for irrigation purposes within T-3890 was in the mid-1950s. (EF 205)

4. The most acreage within T-3890 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 102 acres, being Field No. 1, in Abstract No. 297 in 1967. (EF 203, 206)

5. A dam is located at diversion point D-6850 within T-3890 on Chaffin Creek. During the period 1963-1967, inclusive, 22 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3090. The diversion and use of state water within T-3090 during this period was facilitated by use of the impoundment. (EF 202, 205)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3090 at diversion point D-6840 located on the perimeter of the reservoir on Chaffin Creek by a portable pump at a maximum effective diversion rate of 2.8 cfs (1200 gpm) using a sprinkler-type distribution system. (EF 203, 205, 206)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3090 in any calendar year during the period 1963-1967, inclusive, was 70 acre-feet of water in 1967. (EF 207)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-6850 within T-3090 on Chaffin Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimant is recognized a right under $11.303 Claim No. 1680 to maintain an existing dam and reservoir located at diversion point D-6850 within T-3090 on Chaffin Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, and to impound therein not to exceed 24 acre-feet of water.

3. Claimant is recognized a right under $11.303 Claim No. 1680 to divert and use not to exceed 70 acre-feet of water per year from diversion point D-6840 located on the perimeter of the reservoir at a maximum diversion rate of 2.8 cfs (1200 gpm) for the irrigation of 102 acres of land within tract T-3090 in Abstract No. 297, Houston County, with a priority date of December 31, 1956.

DIVERSION POINTS NOS: 6860, 6870 and 6880
TRACT NO: 3108

OWNERSHIP: Miss Ellen Brown

IN: 347-349
APP: 38
VI: EF 211-229

SECTION 11.303 CLAIM: Under $11.303 Claim No. 6157 to divert and use 43 acre-feet of water per year from an unnamed Spring Branch and Big Elkhart Creek at a maximum diversion rate of 1380 gpm for the irrigation of 74 acres of land with a priority date of 1957. (Exh. 646)

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 6157 which asserted rights as follows: (1) riparian to divert and use water for irrigation, (2) Article 7500a, Revised Civil Statutes of Texas, 1925, (3) irrigation Acts of 1889 and/or 1895, and (4) equitable right to divert, to divert and use water for irrigation purposes, and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 43 acre-feet of water from an unnamed branch, tributary of Big Elkhart Creek, at a maximum diversion rate of 1380 gpm for the irrigation of 42 acres of land. The date of first beneficial use of water within the claim area was declared to be 1957. (Exh. 693)

2. Claimant is the owner of claim area T-3100 which is located in Abstracts Nos. 725 and 844, Houston County. Abstract No. 725 was patented in 1853. Abstract No. 844 was patented in 1864. T-3100 and Abstracts Nos. 725 and 844 cross an unnamed tributary of Big Elkhart Creek (Chaffin Creek), tributary of the Trinity River. (EF 316-217)

3. The first diversion and use of state water for irrigation purposes within T-3100 was in July of 1957. (EF 212)

4. The most acreage within T-3100 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 43 acres, being field No. 1, in Abstracts Nos. 725 and 844, Houston County, in 1963, 1965 and 1967. (EF 212-213)

5. A pump unit was constructed in the 1940s and is located at diversion point 0-6840 within T-3100 on an unnamed tributary of Big Elkhart Creek. The water was used for irrigation purposes within T-3100. (EF 213-214)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3100 at diversion point 0-6840 located on an unnamed tributary of Big Elkhart Creek by a pump at a maximum effective diversion rate of 1.7 cfs (1250 gpm) into a sprinkler-type distribution system. (EF 216, 223, 227-228)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3100 in any calendar year during the period 1963-1967, inclusive, was 43 acre-feet of water in 1963, 1965 and 1967. (EF 213)

CONCLUSION:

Claimant is recognized a right under §11.303 Claim No. 6157 to divert and use not to exceed 43 acre-feet of water per year from diversion point 0-6840 located on an unnamed tributary of Big Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 1.7 cfs (1250 gpm) for the irrigation of 43 acres of land within tract T-3100 in Abstracts Nos. 725 and 844, Houston County, with a priority date of July 31, 1957.

DIVERSION POINTS NOS: 6980 and 6990
TRACT NO: 3112

OWNERSHIP: Wynne Brown (Ownership Unverified)

ID: 349
APP: 33
VI EF 229-230

SECTION 11.307: Hood

FINDINGS:

1. Claimant does not own a §11.303 claim or an appropriative right. (Exh. 5, p. 249)

2. Claimant did not appear at the scheduled evidentiary hearing and no evidence was presented on the use of state water.

CONCLUSION:

Claimant is not recognized any right to use state water for a nonexempt beneficial purpose because he does not own a valid §11.303 claim or an appropriative water right issued by the State of Texas.

DIVERSION POINTS NOS. 6910, 6920, 6930, 6940 and 6950
TRACT NO: 3140

OWNERSHIP: Henry C. Brown Estate, Ernest Graham, Elizabeth Graham, Thomas L. Coppens and Carol Elaine Coppens

ID: 350-361
APP: 33
VI EF 170-194

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3551 to divert and use 80 acre-feet of water per year from Elkhart Creek at a maximum diversion rate of 1800 gpm for the irrigation of 100 acres of land with a priority date of 1850. (Exh. 483)

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3551 to divert and use 80 acre-feet of water per year from Chaffin and Big Elkhart Creeks at a maximum diversion rate of 100 gpm for the irrigation of 100 acres of land with a priority date of 1950. A 34-acre-foot capacity reservoir on Chaffin Creek was also claimed. (Exh. 484)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3551 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 80 acre-feet of water from Elkhart Creek, sometimes called Chaffin, and J. D. Ashwood Creek, at a maximum diversion rate of 1800 gpm for the irrigation of 100 acres of land. The date of first beneficial use of water within the claim area was declared to be 1850. Reservoirs with a total capacity of 34 acre-feet were also claimed. (Exh. 468, 483)

2. Claimants are the owners of claim area T-3140 which is located in Abstracts Nos. 816, 1051 and 1081, Houston County. Abstract No. 816 was patented in 1849. Abstract No. 1051 was patented in 1860. Abstract No. 1081 was patented in 1861. T-3140 and Abstracts Nos. 1081 and 816 cross an unnamed tributary of Big Elkhart Creek, tributary of the Trinity River. Abstract No. 1051 does not abut or cross an unnamed tributary of Big Elkhart Creek. (EF 187, 189)

3. The first diversion and use of state water for irrigation purposes within T-3140 was in June or July, 1951. (EF 195)

4. The most acreage within T-3140 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 80 acres, being fields Nos. 1 and 2, in Abstracts Nos. 816 and 1081 in 1964. (EF 182, 189-191)

5. A beaver dam is located at diversion point 0-6910 within T-3140 on Big Elkhart Creek. During the period 1963-1967, inclusive, four to five acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3140. The diversion and use of state water within T-3140 during this period was facilitated by use of the impoundment. (EF 183, 192-194)

6. During the period 1963-1967, state water was diverted for irrigation purposes within T-3140 at diversion points located anywhere on Big Elkhart Creek, including 0-6940 and 0-6910, by a pump at a maximum effective diversion rate of 2.2 cfs (1000 gpm). 0-6930 and 0-6920 designate the location of diversion points on an unnamed tributary of Big Elkhart Creek. (EF 187, 189)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3140 in any calendar year during the period 1963-1967, inclusive, was 80 acre-feet of water in 1964. (EF 190-191)

CONCLUSION:

Claimants are recognized a right under §11.303 Claim No. 3221 to divert and use not to exceed 80 acre-feet of water per year from anywhere along Big Elkhart Creek, tributary of the Trinity River, including 0-6910 and 0-6940 within T-3140, at a maximum diversion rate of 2.2 cfs (1000 gpm) for the irrigation of 80 acres of land within tract T-3140 in Abstracts Nos. 816 and 1081, Houston County, with a priority date of July 31, 1957.

DIVERSION POINTS NOS: 6970, 6980, 7040, and 7130
TRACT NO: 3160

OWNERSHIP: Carroll Travis Hord Estate

ID: 352
APP: 33
IX EF 70-71

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3907 to divert and use 10 acre-feet of water per year from an unnamed branch of Big Elkhart Creek at a maximum diversion rate of 17 acre-feet for the irrigation of 50 acres of land with a priority date of 1957. An 18 acre-foot capacity off-channel reservoir was also claimed. (Exh. 780)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3907 which claims riparian and equitable rights to divert and use water from an unnamed branch for irrigation, recreation, and flood control purposes, and declares that a maximum of 10-2/3 acre-feet of water was diverted in any calendar year during the period 1963-1967, inclusive, at a maximum diversion rate of 100 gpm (1.5 cfs) to irrigate 50 acres of land. The first beneficial use of water in the claim area is declared to be in 1920. Three reservoirs with capacities of 18 acre-feet of water, five tons of water and 3.5 acre-feet of water are also claimed. (Exh. 781)

2. Claimant is the owner of claim area T-3160 which is located in Abstract No. 49, Houston County. Abstract No. 49 was granted prior to January 28, 1840. (Exh. 4)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed tributary of Big Elkhart Creek for irrigation purposes within Abstract No. 48. (IX EF 70-71; Exh. 4)

4. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX EF 70-71)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 3907 because claim area T-3160 is located on land granted prior to January 28, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant, and because there was no evidence presented of any nonexempt, beneficial use of state water during the period 1963-1967, inclusive.

DIVERSION POINTS NOS: 6990, 7020, 7030, 7930
TRACT NO: 3180

OWNERSHIP: Son H. Rowsam

ID: 353
APP: 33
VI EF 153-174

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2518 to divert and use 1/2 acre-foot of water per year from an unnamed branch, tributary of Big Elkhart Creek at a maximum diversion rate of one inch in 24 hours for the irrigation of 100 acres of land with a priority date of August 28, 1949. A bona fide farm capacity reservoir on Rowsam branch was also claimed. (Exh. 486)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2518 which asserted rights as follows: (1) riparian, (2) Article 7500a, Revised Civil Statutes of Texas, 1925, (3) irrigation Acts of 1889 and/or 1895, and (4) equitable, to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 10 acre-feet of water from an unnamed spring branch and Big Elkhart Creek at a rate of 1250 gpm for the irrigation of 22 acres of land. The date of first beneficial use of water within the claim area was declared to be 1963. A reservoir with a capacity of six acre-feet was also claimed. (Exh. 485)

2. Claimant is the owner of claim area T-3180 which is located in Abstract No. 63, Houston County. Abstract No. 63 was patented in 1835. T-3180 abuts and Abstract No. 63 crosses Big Elkhart Creek, tributary of the Trinity River. T-3180 and Abstract No. 63 cross an unnamed tributary of Big Elkhart Creek. (EF 166)

3. The record in this adjudication does not contain any English translation of the J. Fronia Grant (A-69) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes.

4. The first diversion and use of state water for irrigation purposes within T-3180 was in 1933. (EF 168)

5. The most acreage within T-3180 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 20 acres. (EF 164)

6. A dam was constructed in 1963 and is located at diversion point 0-7030 on an unnamed tributary of Big Elkhart Creek. During the period 1963-1967, inclusive, six acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3180. The diversion and use of state water within T-3180 during this period was facilitated by use of the impoundment. (EF 165-169, 173)

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3180 at diversion points 0-7020 and 0-7030 located on the perimeter of the reservoir on an unnamed tributary of Big Elkhart Creek and on Big Elkhart Creek by a pump using a flood type distribution system. (EF 169, 173)

8. The maximum amount of state water diverted and used for irrigation purposes within T-3180 in any calendar year during the period 1963-1967, inclusive, was 20 acre-feet of water. There was no evidence of the amount of water which was taken from each source (an unnamed tributary of Big Elkhart Creek). (EF 170)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No.2518 because claim area T-3180 is located on land granted prior to January 28, 1840, and there was no response presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and there was insufficient evidence of the use of water within tract T-3180 during the period 1963-1967.

DIVERSION POINT NOS: 7010, 7050
TRACT NO: 3200

OWNERSHIP: Cleve Kolb and Elsa Kolt

ID: 355
APP: .31
EX BF 71-72

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3477 which claims riparian, Article 7302c, irrigation and equitable rights to divert and use water ...

2. Claimants are the owners of claim area T-3109 which is located in Abstracts Nos. 63, 443, 552, 1373, 535 ...

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed tributary of Big Elkhart Creek for irrigation purposes within Abstract No. 63 ...

4. No evidence was presented of passage of equitable title during the period January 20, 1840 and July 1, 1895 for Abstract No. 1372.

5. Claimants failed to appear at their scheduled hearings and did not present any evidence concerning any use of water during the period 1963-1967, inclusive. (IX BF 71-72)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 3477 because there was no §11.307 claim filed with the Commission; there was no evidence of the use of state water during the period 1963-1967, inclusive; a portion of the claim area T-3109 is located on land patented after July 1, 1895 (Abstract No. 1372), and there was no evidence of passage of equitable title during the period January 20, 1840 and July 1, 1895; a portion of the claim area T-3109 is located on land patented after July 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant; and a portion of claim area T-3109 is located in Abstract No. 535 which is covered from the unnamed tributary of Big Elkhart Creek.

DIVERSION POINT NO: 7070
TRACT NO: 3220

OWNERSHIP: Mary Helen Schtankal and William Thomas Wanner

ID: 256-257
APP: .73
VI BF 11-59

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3444 to divert and use 480 acre-feet of water per year from Denson Branch at a maximum diversion rate of 11.1 cfs for the irrigation of 160 acres of land with a priority date of 1850. A 50 acre-foot capacity reservoir on Denson Branch was also claimed. (Exh. 444)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3444 which asserted rights under 7302c, irrigation Acts of 1889 and/or 1895, equitable and riparian rights ...

2. Claimants are the owners of claim area T-3230 which is located in Abstract No. 1343, Houston County ...

3. The first diversion and use of state water for irrigation purposes within T-3230 was in 1850. (BF 54)

4. The most acreage within T-3230 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 18 acres, being Field No. 1 in Abstract No. 3343, Houston County, in 1966 and 1967. (BF 63-82)

5. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3230 at diversion point D-7070 located on Denson Branch by a pump at a maximum effective diversion rate of 1.3 cfs (500 gpm). (BF 63-64, 56-57)

6. The maximum amount of state water diverted and used for irrigation purposes within T-3230 in any calendar year during the period 1963-1967, inclusive, was 17 acre-feet of water in 1966 or 1967. (BF 62, 63-56)

7. No evidence was presented of passage of equitable title for Abstract No. 3343. (Exc'd Exh. 63)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 3444 because claim area T-3230 is located on land patented after July 1, 1895, and there was no evidence of passage of equitable title during the period January 20, 1840 and July 1, 1895.

DIVERSION POINTS NOS: 7080, 7090, 7100
TRACTS NOS: 3240, 3241

OWNERSHIP: Charles W. Watvar and Sons Husick   (Ownership Unverified)

ID: 226
APP: 31
VI BF 76-82

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2409 to divert and use 30 acre-feet of water per year from Big Elkhart Creek at a maximum diversion rate of 600 gpm for the irrigation of 120 acres of land with a priority date of June 10, 1957. A 30 acre-foot capacity reservoir on Big Elkhart Creek was also claimed. (Exhs. 409, 410)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 2409 which asserted a right to divert and use water for irrigation purposes and declared that no irrigation was done in any calendar year during the period 1963-1967, inclusive, from Big Elkhart Creek because the dams was in the soil bank. The date of first beneficial use of water within the claim area was declared to be June 10, 1957. A reservoir with a capacity of 30 acre-feet was also claimed. (Exh. 483)

2. Claimants are the owners of claim area T-3240 (Watick tract) and T-3241 (Watmar tract) which are located in Abstracts Nos. 250 and 757, Houston County. Abstract No. 250 was patented in 1876, Abstract No. 757 was patented in 1876. T-3240 and Abstract No. 250 cross Denson Branch (Little Creek), tributary of Big Elkhart Creek, tributary of the Trinity River. T-3241 and Abstract No. 757 cross an unnamed tributary of Denson Branch. (BF 83)

3. The first diversion and use of state water for irrigation purposes within T-3240 and T-3241 was in June of 1957. (BF 83)

4. A dam was constructed in 1957 and is located at diversion point D-7090 within T-3240 on Denson Branch. During the period 1963-1967, inclusive, 30 acre-feet of water was impounded in the reservoir and the water was used for domestic and livestock purposes. (BF 81, 86, 88, 91)

5. No state water was diverted and used for irrigation purposes within tracts T-3240 and T-3241 during the period 1963-1967, inclusive, because these tracts were in a soil bank during that period which restricted their use. (BF 91)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 2409 because there was no concerned beneficial use of state water during the period 1963-1967, inclusive.

DIVERSION POINTS NOS: 7140, 7145, 7150, 7155, 7160, 7200, 7205
TRACT NO: 3260

OWNERSHIP: Billy R. Huff & Nancy R. Huff

ID: 258-260
APP: 31
VI BF 93-115

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3791 to divert and use 306 acre-feet of water per year from an unnamed stream, tributary of Big Elkhart Creek and Trinity River, at a maximum diversion rate of "388 man-feet" for the irrigation of 308 acres of land with a priority date of June, 1951. A 323 acre-foot capacity reservoir on unnamed stream was also claimed. (Exh. 471)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 3791 which asserted claims as follows: (1) riparian, (2) under 7302c, Revised Civil Statutes of Texas, 1925, (3) under Irrigation Acts of 1889 or 1895 which were not filed with the State Board of Water Engineers in accordance with the Irrigation Act of 1913, and (4) all other claims to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 308 acre-feet of water from an unnamed stream at a maximum diversion rate of 1200 gpm for the irrigation of 308 acres of land. The date of first beneficial use of water within the claim area was declared to be June, 1951. Reservoirs impounding a total of 323 acre-feet were also claimed. (Exh. 471)

2. Claimants are the owners of claim area T-3260 which is located in Abstracts Nos. 84, 737 and 1075, Houston County. All irrigation within T-3260 during the period 1963-1967, inclusive, was in Abstract No. 84 which was patented in 1835. T-3260 and Abstract No. 737 cross two unnamed streams, tributaries of Big Elkhart Creek, tributary of the Trinity River. (BF 96, 120, 125)

3. The owner of this subdivision does not contain any English translation of the J. Francis Grant (A-84) and there are no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes.

4. The first diversion and use of state water for irrigation purposes within T-3260 was in 1961. (BF 120)

5. The most acreage within T-3260 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 124 acres, being Fields Nos. 1 and 3, in Abstract No. 84, in 1965, 1966 and 1967. (BF 106, 113)

6. A dam was constructed in 1959 and is located at diversion point D-7150 within T-3260 on an unnamed tributary of Big Elkhart Creek. A dam was constructed in 1952 and is located at diversion point D-7145 within T-3260 on an unnamed tributary of Big Elkhart Creek. A dam was constructed in 1961 and is located at diversion point D-7255 within T-3260 on a different unnamed tributary of Big Elkhart Creek. During the period 1963-1967, inclusive, 93 acre-feet of water was impounded in the reservoirs at D-7150, 100 acre-feet in the reservoir at D-7160, and 50-90 acre-feet in the reservoir at D-7205, and the water was used for irrigation purposes within T-3260. The diversion and use of state water within T-3260 during this period was facilitated by use of the impoundment. (BF 93, 108, 112)

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3260 at diversion points D-7140, D-7155 and D-7200 located on the perimeters of the three reservoirs on unnamed tributaries of Big Elkhart Creek by two pumps at a total maximum effective diversion rate of 4.5 cfs (2100 gpm). Water was also used for domestic and livestock purposes from these diversion points during the period 1963-1967. (BF 96, 106, 113, 113)

8. The maximum amount of state water diverted and used for irrigation purposes within T-3260 in any calendar year during the period 1963-1967, inclusive, was 391 acre-feet of water in 1965, 1966 and 1967. (BF 111, 114)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 3791 because all irrigation which occurred within T-3260 during the period 1963-1967, inclusive, was within Abstract No. 84 which was granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

98

DIVERSION POINTS NOS:  7170, 7180
TRACT NO:  3710

OWNERSHIP:  Harvey Huff

IR:  261
APP:  21
VI HF 116-130

SECTION 11,207 CLAIM:  Under $11.303 Claim No. 1052 to divert and use 112 acre-feet of water per year from Big Elkhart Creek at a maximum diversion rate of 303 gpm for the irrigation of 116 acres of land with a priority date of June, 1956.  [Exh. 475]

FINDINGS:

1.  Claimant is the owner of $11,303 Claim No. 1052 which asserted rights as follows: (1) riparian, (2) Article 7502a Revised civil statutes of Texas, 1925, (3) Irrigation Acts of 1909 and/or 1895, and (4) equitable, to divert and use water for irrigation purposes, and declared the maximum diversion and use in any calendar year during the period 1943-1967, inclusive, to be 112 acre-feet of water from Big Elkhart Creek at a maximum diversion rate of 1250 gpm for the irrigation of 116 acres of land.  The date of first beneficial use of water within the claim area was declared to be June, 1956.  [Exh. 475]

2.  Claimant is the owner of claim area 9-1052 which is located in Abstracts Nos. 3, 49 and 1979, Houston County, Abstract No. 3 was patented in 1835, Abstract No. 49 was patented in 1859, Abstract No. 1979 was patented in 1912. 9-1060 abuts and Abstracts Nos. 3 and 49 cross Big Elkhart Creek, tributary of the Trinity River. Abstract No. 1979 does not abut or cross Big Elkhart Creek. [EF 123-121]

3.  The record in this adjudication does not contain any English translations of the G. Padillo Grant [R-3] or the J. Procais Grant [A-49] and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes.

4.  The first diversion and use of state water for irrigation purposes within 9-1060 was in June of 1956.  [EF 126]

5.  The most acreage within 9-1205 irrigated with state water in any calendar year during the period 1943-1967, inclusive, was 96 acres, being Fields Nos. 1, 2, 3 and 4, in Abstracts Nos. 3, 49 and 1979, in 1966.  [EF 127]

6.  During the period 1943-1967, inclusive, state water was diverted for irrigation purposes within 9-2080 at diversion points 9-7170 and 9-7180 located on Big Elkhart Creek by a pump at a maximum effective diversion rate of 3.4 cfs (1200 gpm).  [EF 121, 129]

7.  The maximum amount of state water diverted and used for irrigation purposes within 9-7330 in any calendar year during the period 1943-1967, inclusive, was 90 acre-feet of water in 1966.  [EF 29]

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 1052 because a portion of claim area 9-1205 is located on land granted prior to January 30, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and the remainder of claim area 9-1204 is located in Abstract No. 1979, Houston County, which is severed by ownership from Big Elkhart Creek.

DIVERSION POINTS NOS:  7193, 7220, 7210, 7270
TRACT NO:  3361

OWNERSHIP:  Joe Pridgan

IR:  262
APP:  23
IX HF 70-73

SECTION 11,307 CLAIM:  None

FINDINGS:

1.  Claimant is the owner of $11.303 No. 2720 which claims riparian rights to divert and use water from an unnamed branch, tributary of Big Elkhart Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 200 acre-feet of water was diverted at a maximum diversion rate of 95 gpm, to irrigate 90 acres of land during the period 1943-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1938.  [Exh. 783]

2.  Claimant is the owner of claim area 7-2305 which is located in Abstract No. 3, Houston County.  Abstract No. 3 was granted prior to January 30, 1840.  [IX HF 73]

3.  No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed tributary of Big Elkhart Creek for irrigation purposes within Abstract No. 3.  [IX HF 72-73]

4.  Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1943-1967, inclusive.  [IX HF 73-73]

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 2720 because no evidence was presented of any expressed beneficial use of state water within tract 9-2200 during the period 1943-1967, inclusive; because was filed in the adjudication of this segment pertaining to $11.303 Claim No. 2720; and, because claim area 9-2100 is located on land granted prior to January 30, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINTS NOS:  7340, 7245, 7310, 7315, 7335 and 7340
TRACT NO:  3370

OWNERSHIP:  Ernest H. Duff

IR:  263-364
APP:  27
VI EF 113-147

SECTION 11,307 CLAIM:  Under $11.303 Claim No. 3193 to divert and use 160 acre-feet of water per year from unnamed streams at a maximum diversion rate of 1830 acre-feet for the irrigation of 160 acres of land with a priority date of July, 1956.  A 60 acre-foot capacity reservoir on an unnamed stream was also claimed.  [Exh. 481]

FINDINGS:

1.  Claimant is the owner of $11.303 Claim No. 5792 which asserted rights as follows:  (1) riparian, (2) Article 7502a Revised Civil Statutes of Texas, 1925, (3) equitable, and (4) irrigation Acts of 1909 and/or 1895, to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1943-1967, inclusive, to be 148 acre-feet of water from all Elkhart Creek at a maximum diversion rate of 1250 gpm for the irrigation of 148 acres of land. The date of first beneficial use of water within the claim area was declared to be 1957.  Three reservoirs with a total capacity of 88 acre-feet were also claimed.  [Exh. 480]

2.  Claimant is the owner of claim area 9-3318 which is located in Abstracts Nos. 241 and 1089, Houston County.  All irrigation within 9-3310 during the period 1943-1967, inclusive, was in Abstract No. 1089 which was patented in 1862.  No. 9-3320 and Abstract No. 1084 cross unnamed tributaries of Big Elkhart Creek, tributary of the Trinity River.  [SF 146-149]

3.  The first diversion and use of state water for irrigation purposes within 9-3320 was in July, 1956.  [EF 152]

4.  The most acreage within 9-3320 irrigated with state water in any calendar year during the period 1943-1967, inclusive, was 148 acres, in Abstract No. 1089, in 1966.  [EF 154]

5.  A dam was constructed in 1958 and is located at diversion point 9-7315 within 9-3320 on an unnamed tributary of Big Elkhart Creek.  A dam was constructed in 1960 and is located at diversion point 9-7310 on a different unnamed tributary of Big Elkhart Creek.  A dam was constructed in 1960 and is located at diversion point 9-7315 within 9-3320 on a third unnamed tributary of Big Elkhart Creek.  During the period 1943-1967, inclusive, 35 acre-feet of water was impounded in the reservoir at 9-7315, 20 acre-feet of water was impounded in the reservoir at 9-7310, and 35 acre-feet of water was impounded in the reservoir at 9-7315, and the water was used for irrigation purposes within 9-3320.  The diversion and use of state water within 9-3320 during this period was facilitated by use of the impoundment.  [EF 148-149, 151, 156]

6.  During the period 1943-1967, inclusive, state water was diverted for irrigation purposes within 9-3320 at diversion points 9-7315, 9-7310 and from various other diversion points located on the perimeters of the reservoirs by two pumps at a total maximum effective diversion rate of 3.0 cfs (1250 gpm).  [EF 148-149, 156]

7.  The maximum amount of state water diverted and used for irrigation purposes within 9-7310 in any calendar year during the period 1943-1967, inclusive, was 88 acre-feet of water in 1966.  [EF 155]

CONCLUSIONS:

1.  The use of dams and reservoirs located at diversion points 9-7315, 9-7310 and 9-7345 within 9-3320 on unnamed tributaries of Big Elkhart Creek, as well as the capacities of the reservoirs, were reasonable.

2.  Claimant is recognized a right under $11.303 Claim No. 5792 to maintain three existing dams and reservoirs located at diversion points 9-7315, 9-7310 and 9-7315 within 9-3320 on unnamed tributaries of Big Elkhart Creek, tributary of the Trinity River, and to impound therein not to exceed 35 acre-feet of water in the reservoir at 9-7315, 20 acre-feet of water in the reservoir at 9-7310, and 35 acre-feet of water in the reservoir at 9-7315.

3.  Claimant is recognized a right under $11.303 Claim No. 5792 to divert and use not to exceed 88 acre-feet of water per year from the perimeters of the reservoirs including 9-7315, 9-7310 and 9-7345 at a total maximum diversion rate of 3.0 cfs (1250 gpm) for the irrigation of 148 acres of land within tract 9-3320 in Abstract No. 1089, Houston County, with a priority date of July 31, 1956.

DIVERSION POINTS NOS:  7390, 7295, 7300 and 7305
TRACT NO:  3360

OWNERSHIP:  Lewis O. Bridges

IR:  365-266
APP:  31
IX HF 73-74

SECTION 11,307 CLAIM:  None

FINDINGS:

1.  Claimant is the owner of $11.303 No. 1005 which claims riparian rights to divert and use water from Spring Branch, tributary of Elkhart Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 10 acre-feet of water was diverted at a maximum diversion rate of 900 gpm, to irrigate 10 acres of land during the period 1943-1967, inclusive. The first beneficial use of water in the claim area is declared to be in July 1956.  A 40 acre-foot capacity reservoir is also claimed.  [Exh. 783]

2.  Claimant is the owner of claim area 9-3340 which is located in Abstract No. 207, Houston County.  Abstract No. 207 was patented in 1847.  9-3340 and Abstract No. 207 abut an unnamed tributary of Elkhart Creek.  Diversion points 9-7290, 9-7295, 9-7300 and 9-7305 reference the locations within 9-3340 at which the diversion occurs.  [Mms. 4; IX HF 74]

3.  Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1943-1967, inclusive.  [IX HF 73-74]

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 1005 because no evidence was presented of any expressed, beneficial use of state water within tract 9-3340 during the period 1943-1967, inclusive, and because no $11.307 claim was filed in the adjudication of this segment pertaining to $11.303 Claim No. 1005.

DIVERSION POINTS NOS: 7345, 7350
TRACT NO: 3360

OWNERSHIP: Thomas H. Parker, John W. Parker and Dominic J. Phillipps

IR: 267
APP: 33
IR BF 76-75

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 2366 which claims riparian rights to divert and use water from an unnamed branch, tributary of Big Elkhart Creek, for irrigation purposes, and declared that a maximum of 30 acre-feet of water was diverted at an unspecified diversion rate, to irrigate five acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1963. A one-half acre-foot capacity reservoir is also claimed. (Exh. 381)

2. Claimants are the owners of claim area V-3360 which is located in Abstract No. 11, Houston County. Abstract No. 31 was granted prior to January 20, 1840. (Exh. 4; IX BF 74)

3. No evidence was presented of an express grant from the sovereignty of a right to divert and use public water from an unnamed tributary of Elkhart Creek for irrigation purposes within Abstract No. 21. (IX BF 73-74)

4. Claimants failed to appear at their scheduled hearings and did not present any evidence concerning any use of water during the period 1963-1967, inclusive. (IX BF 73-74)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 2366 because no evidence was presented of any nonexempt, beneficial use of state water within tract V-3360 during the period 1963-1967, inclusive, and because no §11.307 claim was filed in the adjudication of this segment pertaining to §11.303 Claim No. 2366; and, because claim area V-3360 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 7360
TRACT NO: 3660

OWNERSHIP: Frank C. Dailey, Trustee
Sidney Sue Holm and Jay Dailey Holm

IR: 260
APP: 33
VII BF 83-98

SECTION 11.307 CLAIM: Under §11.303 Claim No. 4248 to divert and use 30 acre-feet of water per year from the Big Elkhart Creek at a maximum diversion rate of 680 gpm for the irrigation of 30 acres of land with a priority date of 1967. (Exh. 535)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 4248 which asserted a riparian right to divert and use water for any and all purposes. The amount of water used from Big Elkhart Creek during the period 1962-1967, inclusive, for irrigation purposes was unspecified as was the diversion rate and number of acres irrigated. The date of first beneficial use of water within the claim area was not specified. (Exh. 536)

2. An additional sworn statement to §11.303 Claim No. 4248 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 17.6 acre-feet of water from Big Elkhart Creek at a maximum diversion rate of 680 gpm for the irrigation of 30 acres of land. (Exh. 537)

3. There is no evidence in the record regarding whether or not claimants commenced or completed the construction of works designed to apply a greater quantity of water to beneficial use prior to August 18, 1967.

4. Claimants are the owners of claim area V-3400 which is located in Abstract Nos. 49 and 1221, Houston County. Abstract No. 49 was patented on March 9, 1875. Abstract No. 1021 was patented on May 7, 1841. V-3400 and Abstracts Nos. 49 and 1021 cross Big Elkhart Creek, although that portion of the claim area in Abstract No. 1021 does not abut or cross the creek. (VII BF 90, 94)

5. The record in this adjudication does not contain any English translation of the J. La Riviere Grant (A-49) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (Exh. 4, p. 249)

6. The first diversion and use of state water for irrigation purposes within V-3400 was in 1967. (VII BF 93)

7. The most acreage within V-3400 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 20 acres, Field No. 1, in Abstracts Nos. 49 and 1021, in 1970. 01 these 20 acres, 15 acres are located in Abstract No. 49, and five acres are located in Abstract No. 1021. (VII BF 90, 95)

8. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within V-3400 at diversion point V-7360 located in V-3400 and in Abstract No. 49 on Big Elkhart Creek by a pump at a total maximum effective diversion rate of 1.2 cfs (680 gpm) using a fixed type distribution system. (VII BF 92-94)

9. The maximum amount of state water diverted and used for irrigation purposes within V-3400 in any calendar year during the period 1963-1970, inclusive, was 20 acre-feet in 1970. (Exh. 537; VII BF 95)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 4248 to use state water to irrigate tract V-3400 because a portion of that tract is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and the remainder of the tract is severed from Big Elkhart Creek.

---

DIVERSION POINT NO: 7369
TRACT NO: 3620

OWNERSHIP: Kenneth McCall and H. H. Murphy

IR: 270
APP: 33
VII BF 349-351

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1851 to divert and use 80 acre-feet of water per year from the Big Elkhart Creek at a maximum diversion rate of 800 gpm for the irrigation of 80 acres of land with a priority date of 1963. (Exh. 381)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1851 which asserted Article 7500a, Irrigation Act of 1889 and/or 1895, equitable and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 80 acre-feet of water from Big Elkhart Creek, tributary of Trinity River at a maximum diversion rate of 800 gpm for the irrigation of 80 acres of land. The date of first beneficial use of water within the claim area was declared to be 1963. (Exh. 381)

2. Claimants are the owners of claim area V-3120 which is located in Abstract No. 49, Houston County. Abstract No. 49 was patented in 1835. V-3120 and Abstract No. 49 cross Big Elkhart Creek, tributary of Trinity River. (VII BF 349-349)

3. The record in this adjudication does not contain any English translation of the J. La Riviere Grant (A-49) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VII BF 349-351)

4. The first diversion and use of state water for irrigation purposes within V-3120 was in June 1963. (VII BF 349-350)

5. The most acreage within V-3120 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 80 acres, in Abstract No. 49 in 1964. (VII BF 350)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within V-3120 at diversion point V-7369 located on Big Elkhart Creek by a portable pump at a maximum effective diversion rate of 1.78 cfs (800 gpm). (VII BF 350, 351)

7. The maximum amount of state water diverted and used for irrigation purposes within V-3120 in any calendar year during the period 1963-1967, inclusive, was 80 acre-feet of water in 1964. (VII BF 350-351)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 1851 because (1) the claim area V-3120 is located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant and (2) claimants did not establish a water right under any other theory.

---

DIVERSION POINTS NOS: 7400, 7405, 7410, 7415, 7420
TRACT NO: 3460

OWNERSHIP: Jack T. Alarid

IR: 271-273
APP: 33
IX BF 78-76

SECTION 11.307 CLAIM: Under §11.303 Claim No. 2555 to divert and use 55 acre-feet of water per year from Big Elkhart Creek and unnamed tributaries at a maximum diversion rate of 0.57 cfs (201.5 gpm) for the irrigation of 40 acres of land with a priority date of 1969. A 32 acre-foot capacity reservoir on an unnamed tributary of Big Elkhart Creek was also claimed. (Exh. 709)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2555 which claims riparian and Article 7500a rights to divert and use water from Big Elkhart Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 40 acre-feet of water was diverted at a maximum diversion rate of 200 gpm, to irrigate 40 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in July 1963. Four reservoirs were claimed with capacities of 40 acre-feet of water (Reservoir 1 and 2), 40 acre-feet of water (Reservoir 3), and 72 acre-feet of water (Reservoir 4). (Exh. 709)

2. An additional sworn statement to §11.303 Claim No. 2555 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 67.5 acre-feet of water from Big Elkhart Creek, tributary of the Trinity River, and from the unnamed reservoirs at a maximum diversion rate of 200 gpm for the irrigation of 104.65 acres of land. (Exh. 766)

3. Claimant is the owner of claim area V-3460 which is located in Abstracts Nos. 37 and 49, Houston County. Abstracts Nos. 37 and 49 were granted prior to January 20, 1840. (Exh. 4; IX BF 75-76)

4. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Big Elkhart Creek for irrigation purposes within Abstract Nos. 37 and 49. (IX BF 75-76)

5. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of water during the period 1963-1970, inclusive. (IX BF 75-76)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 2555 because claim area V-3460 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant, and because there was no evidence presented of any nonexempt, beneficial use of state water during the period 1963-1967, inclusive.

DIVERSION POINT NOS: 7400, 7480
TRACT NO: 3460, 3480

OWNERSHIP: Jack T. Alarid

IR: 373-374
APP: 32
IX SF 76-77

SECTION 11.203 CLAIM... Under §11.203 Claim Nos. 3553 and 2212 to divert and use 13 acre-feet of water per year from the Big Elkhart Creek and unnamed tributaries at a maximum diversion rate of 0.31 cfs (1962.50 gpm) for the irrigation of 62 acres of land with a priority date of 1949. An acre-foot capacity reservoir on unnamed tributaries of Big Elkhart Creek was also claimed. (Exh. 795)

FINDINGS:

1. Claimant is the owner of §11.203 Claim No. 3312 which claims riparian rights to divert and use water from the Big Elkhart Creek, tributary of the Trinity River, for irrigation and any and all other purposes, and declares that a maximum of five acre-feet of water was diverted at a maximum diversion rate of 100 gpm, to irrigate 20 acres of land during the period 1963-1967, inclusive. The date of first beneficial use of water in the claim area was not specified. (Exh. 795)

2. Claimant is the owner of §11.203 Claim No. 2553 which claims riparian rights to divert and use water from an unnamed branch of Big Elkhart Creek, tributary of the Trinity River, for irrigation and any and all other purposes, and declares that a maximum of eight acre-feet of water was diverted at a maximum diversion rate of 1000 gpm, to irrigate 32 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1964. A 20 acre-foot capacity reservoir is also claimed. (Exh. 795)

3. An additional sworn statement to §11.203 Claim No. 3312 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be five acre-feet of water from Big Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 100 gpm for the irrigation of 20 acres of land. (Exh. 722)

4. An additional sworn statement to §11.203 Claim No. 2553 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be eight acre-feet of water from an unnamed branch of Big Elkhart Creek at a maximum diversion rate of 1000 gpm for the irrigation of 32 acres of land. (Exh. 793)

5. Claimant is the owner of claim areas T-3460 and T-3480 which are located in Abstract No. 49, Houston County. Abstract No. 49 was granted prior to January 20, 1840. (Exh. 6)

6. No evidence was presented of an express grant from the sovereign of a right to divert and use public water free from Elkhart Creek for irrigation purposes within Abstract No. 49. (IX SF 76-77)

7. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX SF 77)

CONCLUSION:

Claimant is not recognized any right under §11.203 Claim Nos. 2553 and 2212 because claim areas T-3460 and T-3480 are located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant, and because there was no evidence presented of any nonexempt, beneficial use of state water during the period 1963-1970, inclusive.

DIVERSION POINT NO: 7460
TRACT NO: 3500

OWNERSHIP: H. H. Dailey

IR: 375-376
APP: 32
VIII SF 356-372

SECTION 11.203 CLAIM: Under §11.203 No. 3551 to divert and use 32 acre-feet of water per year from Big Elkhart Creek at a maximum diversion rate of 1.75 cfs for the irrigation of 34 acres of land with a priority date of 1949. (Exh. 645)

FINDINGS:

1. Claimant is the owner of §11.203 Claim No. 3551 which asserted a riparian right to divert and use water for irrigation and industrial (oil well drilling) purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be an unspecified amount of water from Big Elkhart Creek, tributary of the Trinity River. The date of first beneficial use of water within the claim area was declared to be 1949. (Exh. 679)

2. An additional sworn statement to §11.203 Claim No. 3551 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 32 acre-feet of water from Big Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 608 gpm for the irrigation of 34 acres of land. (Exh. 671)

3. Claimant is the owner of claim area T-3500 which is located in Abstract No. 49, Houston County. Abstract No. 49 was patented in 1835. T-3500 abuts and Abstract No. 49 crosses Big Elkhart Creek. (VIII SF 363)

4. The record in this adjudication does not contain any English translation of the J. La Riviere Grant (A-49) and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VIII SF 356-373)

5. The first diversion and use of state water for irrigation purposes within T-3500 was in July 1949. (VIII SF 365)

6. Claimant's tract of land was in the soil bank from 1958 through 1968 and he was restricted from farming on it or from having livestock graze on the land. (VIII SF 365)

7. The most acreage within T-3500 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 41 acres, being field No. 1 in Abstract No. 49, in 1949. (VIII SF 365, 365-367)

8. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-3500 at diversion point D-7460 located on the Big Elkhart Creek by a stationary pump at a maximum effective diversion rate of 1.86 cfs (705 gpm). (VIII SF 365, 366)

9. The maximum amount of state water diverted and used for irrigation purposes within T-3600 in any calendar year during the period 1963-1970, inclusive, was 35.61 acre-feet of water in 1949. (VIII SF 368-369)

CONCLUSION:

Claimant is not recognized any right under §11.203 Claim No. 3551 because claim area T-3500 is located in land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

DIVERSION POINT NO: 7500
TRACT NO: 3530

OWNERSHIP: Jack T. Alarid

IR: 377
APP: 32
IX SF 77-78

SECTION 11.207 CLAIM: Under §11.207 Claim No. 4347 to divert and use eight acre-feet of water per year from Big Elkhart Creek at a maximum diversion rate of 1.34 cfs (603 gpm) for the irrigation of 20 acres of land with a priority date of 1940. A reservoir on Big Elkhart Creek was also claimed. (Exh. 795)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 4347 which claims riparian, common law and equity rights to divert and use water from Big Elkhart Creek, tributary of the Trinity River, for any and all purposes, and declares that an unspecified amount of water was diverted for irrigation purposes during the period 1963-1967, inclusive. (Exh. 795)

2. An additional sworn statement to §11.303 Claim No. 4347 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 8.3 acre-feet of water from Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 600 gpm for the irrigation of 300 acres of land. (Exh. 797)

3. Claimant is the owner of claim area T-3530 which is located in Abstract No. 49, Houston County. Abstract No. 49 was granted prior to January 20, 1840. (Exh. 6)

4. No evidence was presented of an express grant from the sovereign of a right to divert and use public water free Big Elkhart Creek for irrigation purposes within Abstract No. 49. (IX SF 77-78)

5. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX SF 77-78)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 4347 because claim area T-3530 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant, and because there was no evidence presented of any nonexempt beneficial use of state water during the period 1963-1970, inclusive.

DIVERSION POINT NO: 7530
TRACT NO: 3540

OWNERSHIP: Jack T. Alarid

IR: 378
APP: 32
IX SF 78-79

SECTION 11.207 CLAIM: Under §11.303 Claim No. 2552 to divert and use three acre-feet of water per year from an unnamed tributary of Big Elkhart Creek at a maximum diversion rate of 1.33 cfs (1002.50 gpm) for the irrigation of 6 acres of land with an acre-foot capacity reservoir on an unnamed tributary of Big Elkhart Creek was also claimed. (Exh. 795)

FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 2552 which claims riparian rights to divert and use water from an unnamed branch of Big Elkhart Creek for irrigation and any and all other purposes, and declares that a maximum of three acre-feet of water was diverted at a maximum diversion rate of 100 gpm, to irrigate six acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1964. An eight acre-foot capacity reservoir is also claimed. (Exh. 795)

2. An additional sworn statement to §11.303 Claim No. 2552 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be three acre-feet of water from an unnamed branch of Big Elkhart Creek at a maximum diversion rate of 1000 gpm for the irrigation of 12 acres of land. (Exh. 793)

3. Claimant is the owner of claim area T-3540 which is located in Abstract No. 49, Houston County. Abstract No. 49 was granted prior to January 20, 1840. (Exh. 6)

4. No evidence was presented of an express grant from the sovereign of a right to divert and use public water free Big Elkhart Creek for irrigation purposes within Abstract No. 49. (IX SF 78-79)

5. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX SF 78-79)

CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 2552 because claim area T-3540 is located on land granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant, and because there was no evidence presented of any nonexempt, beneficial use of state water during the period 1963-1970, inclusive.

DIVERSION POINT NO: 7640
TRACT NO: 3640

OWNERSHIP: Iva Risle, Edena Risle, Robert Coulley and
Christian Coulley

IR: 275
APP: 32
IX EF 73-80

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 7956 which claims riparian rights to divert and use water from Big Elkhart Creek, tributary of the Trinity River, for irrigation and any and all other purposes, and declares that a maximum of two acre-feet of water was diverted at a maximum diversion rate of 100 gpm, to irrigate 15 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1956. (Exh. 861)

2. Claimant is the owner of claim area T-3640 which is located in Abstract No. 54, Houston County. Abstract No. 56 was granted prior to January 30, 1840. (Exh. 4)

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from an unnamed tributary of Big Elkhart Creek for irrigation purposes within Abstract No. 56. (IX EF 79-80)

4. Claimant failed to appear at her scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX EF 79-80)

CONCLUSION:

Claimant is not recognized any right under $11.303 Claim No. 7956 because no evidence was presented of any nonexempt beneficial use of state water within tract T-3640 during the period 1963-1967, inclusive; because no $11.307 claim was filed in the adjudication of this segment pertaining to $11.303 Claim No. 7956; and, because claim area T-3640 is located on land granted prior to January 30, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant.

---

DIVERSION POINTS NOS: 7640, 7680, 7668, 7670, 7659, and 7657
TRACT NOS: 3640

OWNERSHIP: H. E. Duramy, and Mary M. Duramy

IR: 280
APP: 32
VII EF 2-34

SECTION 11.303 CLAIM: Under 11.303 Claim No. 5935.to divert and use 80 acre-feet of water per year from the Little Elkhart Creek at a maximum diversion rate of 1800 gpm for the irrigation of 15 acres of land with a priority date of 1959. A 4 acre-foot capacity of-channel reservoir was also claimed. (Exh. 518)

FINDINGS:

1. Claimants are the owners of $11.303 Claim No. 5935 which asserted riparian and Article 7500a rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 80 acre-feet of water from Little Elkhart Creek and a reservoir at a maximum diversion rate of 1800 cfm for the irrigation of 178 acres of land. The date of first beneficial use of water within the claim area was declared to be 1963. (Exh. 518)

2. An additional sworn statement to $11.303 Claim No. 5935, was timely filed which specified no unnamed diversion use of water in any calendar year during the period 1963-1967, inclusive, from an unnamed tributary to Little Elkhart Creek, tributary to Big Elkhart Creek, tributary to the Trinity River. (Exh. 5380)

3. There is no evidence in the record regarding whether or not claimant commenced or completed the construction of works designed to apply a greater quantity of water to beneficial use prior to August 28, 1967. (VII EF 2-14)

4. Claimants are the owners of claim area T-3640 which is located in the H. Orander Survey, Abstract No. 799, Houston County. Abstract No. 799 was patented on January 31, 1856. T-3640 and Abstract No. 799 cross an unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. (Exh. 4, p. 340)

5. The first diversion and use of state water for irrigation purposes within T-3640 was in June, 1959. (VII EF 14)

6. The most acreage within T-3640 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 15.8 acres, being Field No. 1 in June, 1963. (VII EF 16)

7. Four dams were constructed in 1959 and are located at diversion points D-7650, D-7640, D-7660, and D-7670 on an unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. During the period 1963-1967, inclusive, four acre-feet of water was impounded in the reservoirs. The reservoirs at D-7640 and D-7670 were used for irrigation purposes. The reservoirs at D-7660 and D-7680 were used for recreational and livestock purposes only. (Exh. 518; VII EF 16, 11-33)

8. The diversion and use of state water within T-3640 during this period was facilitated by use of the impoundment. (EF 11)

9. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3640 at diversion points D-7610 and D-7670 by a portable pump at a total maximum diversion rate of 1.86 cfs (1200 gpm) using a sprinkler type distribution system. Additional diversion ditch are designated in T-3640 at D-7655 and D-7657 located at the same 15.8 acres of irrigated land as diversion points D-7610 and D-7670 by the same method as above. (VII EF 23, 17)

10. The maximum amount of state water diverted and used for irrigation purposes within T-3640 during the period 1963-1967, inclusive, was four acre-feet. (VIII EF 21-33)

CONCLUSIONS:

1. The use of the dams and reservoirs located at diversion points D-7640 and D-7670 within T-3640 on the unnamed tributaries of Little Elkhart Creek, as well as the capacities of the reservoirs were reasonable.

2. Claimants are recognized a right under $11.303 Claim No. 5935 to maintain the existing reservoirs located at diversion points D-7640 and D-7670, within T-3640 on unnamed tributaries of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, and to impound therein not to exceed four acre-feet of water.

3. Claimants are recognized a right under $11.303 Claim No. 5935 to divert and use water within tract T-3640 on the unnamed tributaries of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, at a total maximum diversion rate of 1.86 cfs (1200 gpm) for the irrigation of 15.8 acres of land within tract T-3640 in Abstract No. 799, Houston County, with a priority date of June 30, 1959.

---

DIVERSION POINTS NOS: 7690, 7700, 7710, 7720, and 7720
TRACT NO: 3660

OWNERSHIP: Estate of Anvino Skidmore

IR: 341
APP: 33
VII EF 97-124

SECTION 11.307 CLAIM: Under $11.303 Claim No. 2623 to divert and use 64 acre-feet of water per year from an unnamed tributary of Elkhart Creek at a maximum diversion rate of 600 gpm for the irrigation of 64 acres of land with a priority date of 1964. A reservoir on an unnamed tributary of Elkhart Creek was also claimed. (Exh. 519)

FINDINGS:

1. Claimant is the owner of $11.303 Claim No. 2623 which asserted Article 7500a, Irrigation Acts of 1889 and/or 1895 and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 62 acre-feet of water from an unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River at an unspecified diversion rate for the irrigation of 62 acres of land. The date of first beneficial use of water within this claim area was declared to be 1964. (Exh. 540)

2. An additional sworn statement to $11.303 Claim No. 2623 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1963-1970, inclusive, to be 33.1 acre-feet from unspecified branches of the Trinity River at a maximum diversion rate of 600 gpm for the irrigation of 64 acres of land. (Exh. 541)

3. Claimant is the owner of Claim Area T-3660 which is located in Abstracts Nos. 356, 481, 604, 613, and 909 in Houston County. All irrigation within T-3660 during the period 1963-1970, inclusive, was in Abstracts Nos. 491 and 209. Abstract No. 209 was patented in 1832. Abstract No. 491 was patented in 1865. T-3660 and Abstracts Nos. 219 and 491 cross the unnamed tributaries of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. (VII EF 101, 105)

4. The first diversion and use of state water for irrigation purposes within T-3660 was in July 1964.

5. The most acreage within T-3660 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 60 acres, being Field No. 1 in Abstracts Nos. 259 and 491, in 1966. (VII EF 108)

6. A dam and reservoir was constructed in 1912 and are located at diversion point D-7700. All irrigation for field No. 1 in Abstracts Nos. 259 and 491 was impounded from D-7690 located on the perimeter of D-7720. The dam and reservoirs were constructed in 1932 and are located at diversion points D-7720 and D-7730 in Abstracts Nos. 491 and 604. (VII EF 105, 112)

7. Irrigation is also conducted from D-7710 located on the perimeter of the reservoir at D-7720. No irrigation was conducted directly from the reservoir located at D-7720. (VII EF 112)

8. The total capacity of the reservoirs at D-7720 and D-7730 is five acre-feet. The capacity of the reservoir at D-7700 is 45 acre-feet. The diversion and use of state water within T-3660 during this period was facilitated by the use of these impoundments. (VII EF 110)

9. During the period 1963-1970, inclusive, state water was diverted for irrigation purposes within T-3660 at diversion points D-7690 and D-7710 located on the perimeter of the reservoirs on an unnamed tributary of Little Elkhart Creek to irrigate grass at a total maximum effective diversion rate of 1.2 cfs (600 gpm) using a volume per type distribution system. (VII EF 111, 13, 14)

10. The maximum amount of state water diverted and used for irrigation purposes during the summer months within T-3660 in any calendar year during the period 1963-1970, inclusive, was 33 acre-feet. (VII EF 112)

CONCLUSIONS:

1. Claimant is recognized a right under $11.303 Claim No. 2623 to maintain existing dams and reservoirs located at diversion points D-7700, D-7720, and D-7730 on an unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, and to impound therein not to exceed 50 acre-feet of water.

2. Claimant is recognized a right under $11.303 Claim No. 2623 to divert and use not to exceed 33 acre-feet of water per year from diversion points D-7690 and D-7710 located on the perimeter of the reservoirs at D-7700, and at D-7710 located on an unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, at a total maximum diversion rate of 1.2 cfs (600 gpm) for the irrigation of 60 acres of land within tract T-3660 in Abstracts Nos. 259 and 491, Houston County, with a priority date of July 31, 1964.

---

DIVERSION POINTS NOS: 7750, 7770, 7780, 7790
TRACT NO: 3660

OWNERSHIP: M. R. Murchison, Individually and as Guardian for Loretta Ann Hodge, and Sue Everts (Ownership Unverified)

IR: 281-284
APP: 33
IX EF 80-91

SECTION 11.307 CLAIM: None

FINDINGS:

1. Claimants are the owners of $11.303 Claim No. 2336 which claims riparian rights to divert and use water from Cortion Springs and Pegue Creek, tributaries of Little Elkhart Creek, for irrigation, industrial, mining and any and all other purposes, and declares that a maximum of 120 acre-feet of water was diverted at a maximum diversion rate of 1200 gpm, to irrigate 50 acres of land during the period 1963-1969, inclusive. The first beneficial use of water in the claim area is declared to be in 1912. A 690 acre-foot capacity reservoir is also claimed. (Exh. 862)

2. Claimants are the owners of claim area T-3660 which is located in Abstracts Nos. 660, 724, 799, 913, Houston County. Abstracts Nos. 660 and 724 were patented in 1838. Abstract No. 799 was patented in 1863. Abstract No. 913 was patented in 1834. Abstract No. 799 and Abstracts Nos. 660, 724, 799, and 799 abut Mays Creek. Diversion points D-7750, D-7770, D-7780 and D-7790 reference the locations claimed in $11.303 Claim No. 3234. (IX EF 80-91; Exh. 4)

3. Claimants failed to appear at their scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX EF 80-91)

CONCLUSION:

Claimants are not recognized any right under $11.303 Claim No. 2336 because no evidence was presented of any nonexempt beneficial use of state water within tract T-3660 during the period 1963-1967, inclusive, and because no $11.307 claim was filed in the adjudication of this segment pertaining to $11.303 Claim No. 2336.

72

DIVERSION POINTS NOS: 7870, 7830, 7840
TRACT NO: 3720

OWNERSHIP: E. G. Crichne, M. D.

IR: 285
APP: 23
IX EF 51

SECTION 11.207 CLAIM: Hoes

FINDINGS:

1. Claimant is the owner of 11.203 Claim No. 1511 which claims riparian and equitable rights to divert and use water from One Mile Branch, tributary of El Camay Creek, tributary of Little Elkhart Creek, tributary of the Trinity River, for irrigation and recreational purposes, and declares a maximum diversion rate of 1000 gpm, 24 irrigate 99 acres of land during the period 1963-1967, inclusive. The first beneficial use of water to claim acre is declared to be in August 1943. A 75 acre-foot capacity reservoir is also claimed. (Exh. 809)

2. An additional sworn statement to 11.203 Claim No. 1511 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968, 1979, inclusive, to be 25 acre-feet of water from One Mile Branch, tributary of El Camay Creek, tributary of Little Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 600 gpm for the irrigation of 30 acres of land. (Exh. 809)

3. Claimant is the owner of state area T-3120 which is located in Abstract No. 316, Houston County. Abstract No. 718 was patented in 1874. T-3720 and Abstract No. 718 abut One Mile Branch. Diversion points D-7820, D-7820 and D-7840 reference the locations claimed in 11.203 Claim No. 1511. (Exh. 4; IX EF 51)

4. Claimant failed to appear at his scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1970, inclusive. (IX EF 51)

CONCLUSION:

Claimant is not recognized any right under 11.203 Claim No. 1511 because no evidence was presented of any nonexempt beneficial use of state water within tract T-3720 during the period 1963-1967, inclusive; and, because no 11.307 claim was filed in the adjudication of this exempt pertaining to 11.203 Claim No. 1511.

DIVERSION POINTS NOS: 7860, 7870, 7880, and 7890
TRACT NO: 3710

OWNERSHIP: Estate of James K. Dailey

IR: 286
APP: 33
VII EF 114-125

SECTION 11.207 CLAIM: Under 11.203 Claim No. 2619 to divert and use 144 acre-feet of water per year from One Mile Branch and an unnamed branch at a maximum diversion rate of 1250 gpm for the irrigation of 174 acres of land with a priority date of 1921. (Exh. 541)

FINDINGS:

1. Claimant is the owner of 11.203 Claim No. 2619 which asserted an equitable, 1960s, and irrigation her rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 144 acre-feet of water from an unnamed branch at a maximum diversion rate of 1250 gpm for the irrigation of 129 acres of land. The date of first beneficial use of water within the claim area was declared to be January 1934. Three reservoirs on One Mile Branch or Camay Creek with a capacity of 172 acre-feet were also claimed. (Exh. 541)

2. Claimant is the owner of claim area T-3740 which is located in Abstracts Nos. 122, 718, 1113 and 1164, Houston County. All irrigation within T-3740 during the period 1963-1967, inclusive, was in Abstracts Nos. 1113 and 122. Abstract No. 122 was patented in 1837, Abstracts No. 1113 was patented in 1871. T-3740 and Abstracts Nos. 122 and 1113 cross One Mile Branch and an unnamed tributary of Camay Creek, tributary of Little and Big Elkhart Creeks, tributary of the Trinity River. (VII EF 119, 120)

3. The first use of state water for irrigation purposes within T-3740 was July 31, 1930. (VII EF 122)

4. The most acreage within T-3740 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 24 acres, being Fields Nos. 3-1 and F-2, in Abstracts Nos. 1113 and 122, in 1963. (VII EF 123)

5. A dam was located at diversion point D-7890 within T-3740 on an unnamed tributary of Camay Creek. During the period 1963-1967, inclusive, 20 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes. The diversion point located on the perimeter of the reservoir is designated D-7890. The diversion and use of state water within T-3740 during this period was facilitated by use of the impoundment. (VII EF 124)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3740 at diversion points D-7870 and D-7840 located on Camay Creek or One Mile Branch by a portable pump at a maximum diversion rate of 2.2 cfs (1250 gpm) using a sprinkler type distribution system. (VII EF 124)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3740 in any calendar year during the period 1963-1967, inclusive, was 84 acre-feet in 1963. (VII EF 125)

CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-7890 as well as the capacity of the reservoir was reasonable.

2. Claimant is recognized a right under 11.203 Claim No. 2619 to maintain a dam and reservoir located at diversion point D-7890 on an unnamed tributary of Camay Creek or One Mile Creek, tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, and to impound therein 20 acre-feet of water.

3. Claimant is recognized a right under 11.203 Claim No. 2619 to divert and use 84 acre-feet of water per year from diversion points D-7880 within T-3740 and from diversion points D-7870 and D-7840 located on an unnamed tributary of Camay Creek or One Mile Branch, tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River at a total maximum diversion rate of 2.2 cfs (1250 gpm) for the irrigation of 84 acres of land within branch T-3740 in Abstracts Nos. 1113 and 122, Houston County, with a priority date of July 31, 1968.

---

DIVERSION POINTS NOS: 7910, 7930, 7930, 7940
TRACT NO: 3760

OWNERSHIP: Charles M. Warner, Eva Doce Mobb and Shellie M. Wallace

IR: 287
APP: 32
VII EF 54-75

SECTION 11.207 CLAIM: Under 11.203 Claim No. 3443 to divert and use 20 acre-feet of water per year from Camay Creek at a maximum diversion rate of 1.1 cfs for the irrigation of 40 acres of land with a priority date of June 1956. A 20 acre-foot capacity reservoir on Camay Creek was also claimed. (Exh. 467)

FINDINGS:

1. Claimants are the owners of 11.203 Claim No. 3443 which asserted rights under Article 7090a derived from civil statutes of Texas 1925, and the irrigation acts of 1889 and/or 1895, equitable rights, and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 40 acre-feet of water from the lake at the head of Camay Creek at a maximum diversion rate of 600 gpm for the irrigation of 40 acres of land. The date of first beneficial use of water within the claim area was declared to be June 1956. A reservoir with a capacity of 20 acre-feet was also claimed. (Exh. 466)

2. Claimants are the owners of claim area T-3760 which is located in Abstract No. 757, Houston County. Abstract No. 757 was patented in 1876. T-3760 and Abstract No. 757 cross an unnamed tributary of Camay Creek (Two Mile Branch), tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. (EF 64)

3. The first diversion and use of state water for irrigation purposes within T-3760 was in 1956. (EF 70)

4. The most acreage within T-3760 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 40 acres, being Fields Nos. 1 and 2, in 1963 and 1966. (EF 65, 70)

5. A dam was constructed in the early 1930's and is located at diversion point D-7940 within Abstract No. 3344, Houston County, on an unnamed tributary of Camay Creek. The dam is located on land not owned by claimants and being water on claimants' property within T-3760. During the period 1963-1967, inclusive, 20 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3760 and other tracts. (EF 64, 66, 72-74)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3760 at diversion point D-7910 located on the perimeter of the reservoir on the unnamed tributary of Camay Creek by a pump at a maximum effective diversion rate of 1.1 cfs (500 gpm) using a sprinkler type distribution system. D-7920 and D-7930 designate the locations of other diversion points on the perimeter of the reservoir which were not used during the period 1963-1967. (EF 64, 73, 74)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3760 in any calendar year during the period 1963-1967, inclusive, was nine acre-feet of water in 1963 and 1964. (EF 65, 70-73)

CONCLUSION:

Claimants are recognized a right under 11.203 Claim No. 3443 to divert and use not be water 20 acre-feet of water per year from diversion point D-7910 located on an unnamed tributary of Camay Creek (Two Mile Branch), tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 1.1 cfs (500 gpm) for the irrigation of 40 acres of land within tract T-3760 in Abstract No. 757, Houston County, with a priority date of December 31, 1956.

DIVERSION POINTS NOS: 7960, 7970, 7980, 7990, and 8000
TRACT NO: 3780

OWNERSHIP: Wade L. Pennington

IR: 288-289
APP: 32
VII EF 299-319

SECTION 11.207 CLAIM: Under 11.203 Claim No. 3371 to divert and use 43 acre-feet of water per year from the unnamed tributaries to Camay Creek at a maximum diversion rate of 1100 gpm for the irrigation of 43 acres of land with a priority date of July, 1964. Two on-channel reservoirs with the combined capacity of 34 acre-feet of water were claimed. (Exh. 549)

FINDINGS:

1. Claimant is the owner of 11.203 Claim No. 3371 which asserted Article 7090a, Revised Civil Statutes of the State of Texas, 1925, irrigation Acts of 1889 and/or 1895, equitable and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 43 acre-feet of water from an unnamed spring branch, tributary to Little Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 1100 gpm for the irrigation of 43 acres of land. The date of first beneficial use of water within the claim area was declared to be July, 1964. An on-channel reservoir with a capacity of six acre-feet was also claimed. (Exh. 549)

2. An additional sworn statement to 11.203 Claim No. 3371 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1968-1970, inclusive, to be 43 acre-feet of water from an unnamed spring branch at a maximum diversion rate of 1100 gpm for the irrigation of 43 acres of land. (Exh. 549)

3. Claimant is the owner of claim area T-3780 which is located in Abstracts Nos. 1112, 1244 and 1296, Houston County. Abstract No. 1113 was patented in 1878. Abstract No. 1244 was patented in 1918. Abstract No. 1296 was patented in 1907. T-3780 and Abstracts Nos. 1244 and 1112 cross an unnamed tributary of Camay Creek, tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River. Abstract No. 1296 does not abut or cross this unnamed tributary of Camay Creek. (VII EF 305-306)

4. The first diversion and use of state water for irrigation purposes within T-3780 was in July, 1964. (VII EF 309)

5. Claimant failed to concern or construct the construction of works designed to apply a greater quantity of water to beneficial use prior to August 28, 1967. (VII EF 315)

6. The most acreage within T-3780 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 47 acres, being Field No. 2. Of this 47 acres, six acres are located in Abstract No. 1313, 36 acres are located in Abstract No. 1244 and 31 acres are located in Abstract No. 1196. (VII RF 266, 311-313)

7. A dam was constructed in 1951 and is located at diversion point D-3780 on an unnamed tributary of Caney Creek. During the period 1963-1967, inclusive, six acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3780. The diversion and use of state water within T-3780 during this period was facilitated by use of the impoundment. (VII RF 266, 307, 308)

8. A dam was constructed in 1961 and is located at diversion point D-3690 on an unnamed tributary of Caney Creek. During the period 1963-1967, inclusive, 36 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3780. The diversion and use of state water within T-3780 during this period was facilitated by use of the impoundment. (VII RF 266, 307, 309-310)

9. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3790 at diversion points D-3760, D-3770 and D-3790 located on the perimeters of the reservoirs on unnamed tributary of Caney Creek in Abstract No. 1244 by a portable pump at a maximum effective diversion rate of 244 cfs [1100 gpm], using a sprinkler type distribution system. (VII RF 265-266, 309-310, Exh. 369)

10. The maximum amount of state water diverted and used for irrigation purposes within T-3780 in any calendar year during the period 1963-1967, inclusive, was 47 acre-feet of water in one of those years. (VII RF 312)

11. An affidavit and survey were filed with the General Land Office for the land patented in Abstract No. 1296 on November 29, 1881. (Exh. 572)

12. Evidence presented shows that equitable title did not pass to the original applicants prior to July 1, 1895 for Abstract No. 1246. (Exh. 572)

## CONCLUSIONS:

1. Equitable title to Abstract No. 1296 passed from the State of Texas on November 28, 1881.

2. The use of the dams and reservoirs located at diversion points D-3960 and D-8500 within T-3761 on an unnamed tributary of Caney Creek, as well as the capacities of the reservoirs, were reasonable.

3. Claimant is recognized a right under §11.303 Claim No. 3371 to maintain the existing dams and reservoirs located at diversion points D-7780 and D-8900 within T-3761 on an unnamed tributary of Caney Creek, tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, and to impound therein a total not to exceed 36 acre-feet of water, with a priority date of July 11, 1961.

4. Claimant is recognized a right under §11.303 Claim No. 3371 to divert and use 10 acre-feet of water per year from diversion points D-7760, D-3770 and D-3960 located on the perimeters of both reservoirs on an unnamed tributary of Caney Creek within T-3780 at a maximum diversion rate of 2.44 cfs [1100 gpm], for the irrigation of 20 acres of land within tract T-3780 in Abstract No. 1113, Houston County, with a priority date of July 11, 1961.

5. Claimant is not recognized any right under §11.303 Claim No. 3371 to divert and use water to irrigate land within Abstract No. 1296 because it is accrued from the unnamed tributary of Caney Creek or to irrigate land within Abstract No. 1246 because it has patented after July 1, 1895 and there was no passage of equitable title prior to that time.

DIVERSION POINTS NOS: 6090, 6930
TRACT NO: 3009

OWNERSHIP: Harold G. Goar, Jr.

IN: 280
APP: 33
VII RF 145-165

SECTION 11.307 CLAIM: Under §11.303 Claim No. 3093 to divert and use 40 acre-feet of water per year from the unnamed branch, tributary to Caney Creek at an unappealled diversion for the irrigation of 50 acres of land with a priority date of August 31, 1959. An 80 acre-foot capacity reservoir on the unnamed tributary of Caney Creek was also claimed. (Exh. 541)

## FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 5093 which asserted a riparian right to divert and use water for irrigation purposes and declared a beneficial use of water in any calendar year during the period 1963-1967, inclusive, to be 40 acre-feet of water from the unnamed branch of Caney Creek, tributary of Little Elkhart Creek, tributary of Little Elkhart Creek, tributary of the Trinity River, at a maximum diversion rate of 600 gpm for the irrigation of 50 acres of land. The date of first beneficial use of water within the claim area was declared to be 1961. A reservoir on an unnamed branch in Caney Creek with a capacity of 80 acre-feet was also claimed. (Exh. 541)

2. Claimant is the owner of claim area T-3009 which is located in Abstracts Nos. 121 and 909, Houston County. All irrigation with T-3009 during the 1961 period, inclusive, was in Abstract No. 121, Abstract No. 121 was patented in 1883. T-3009 and Abstract No. 121 comes on unnamed tributary of Caney Creek, tributary of Big Elkhart Creek, tributary of Little Elkhart Creek, tributary of the Trinity River. (Exh. 9; VII RF 155, 161)

3. The first diversion and use of state water for irrigation purposes within T-3009 was in the 1950s. (VII RF 159)

4. The most acreage within T-3009 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 21 acres, being Field No. 1, in Abstract No. 121. (VII RF 161)

5. A dam was constructed in the mid 1950s and is located at diversion point D-6030 within T-3009 on the unnamed tributary of Caney Creek, tributary of Little Elkhart Creek, during the period 1963-1967, inclusive, 80 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3009. The diversion and use of state water within T-3009 during this period was facilitated by use of the impoundment. (VII RF 159)

6. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3009 at diversion point D-6030 located on the perimeter of the reservoir by a portable pump at a maximum effective diversion rate of 1.11 cfs [500 gpm]. (Exh. 540; VII RF 155, 158, 161)

7. The maximum amount of state water diverted and used for irrigation purposes within T-3009 in any calendar year during the period 1963-1967, inclusive, was 40 acre-feet of water. (VII RF 161)

## CONCLUSION:

1. Claimant is recognized a right under §11.303 Claim No. 3093 to divert and use not to exceed 40 acre-feet of water per year from diversion points D-6030 located on the perimeter of the reservoir within T-3009 at a maximum effective diversion rate of 1.11 cfs [500 gpm], for the irrigation of 21 acres of land within tract T-3009 in Abstract No. 121, Houston County, with a priority date of December 31, 1959.

---

DIVERSION POINTS NOS: 6050, 6160 and 6170
TRACTS NOS: 3920 and 3040

OWNERSHIP: C. D. Cheatham (Nort Masters and wife, Mildred C, Masters-ownership unverified)

IN: 262
APP: 33
IX RF #1: Contest RF 36-42

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1280 to divert and use 51 acre-feet of water per year from a tributary of El Caney Creek at a maximum diversion rate of 1600 gpm for the irrigation of 102 acres of land with a priority date of 1941. A 59 acre-foot capacity on-channel reservoir was also claimed. (Exh. 456)

## FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1280 which claims riparian and equitable rights to divert and use water from an unnamed tributary of El Caney Creek, tributary of Little Elkhart Creek, tributary of the Trinity River, for irrigation, recreation and overflow protection purposes, and declared that a maximum of 51 acre-feet of water was diverted at a maximum diversion rate of 1600 gpm to irrigate 102 acres of land during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in August 1941. A 59 acre-foot capacity reservoir is also claimed. (Exh. 457)

2. The official records of the Department show that C. D. Cheatham is the holder of §11.303 Claim No. 1280. At the contest hearing, Nort Masters and Mildred Cheatham Masters appeared as the claimants and asserted ownership of §11.303 Claim No. 1260. A general warranty deed has been received by the Department to reflect the change of ownership. (Exh. 456)

3. Claimants are the owners of claim area T-3920 and T-3940 which are located in Abstracts Nos. 933 and 1076, Houston County. All irrigation within T-3920 during the period 1963-1967, inclusive, was in Abstract No. 1076. All irrigation within T-3940 during period 1963-1967, inclusive, was in Abstract No. 933. Abstract No. 933 was patented in 1854. Abstract No. 1076 was patented in 1886. T-3920 and T-3940 and Abstracts Nos. 933 and 1076 abut and cross Caney Creek, tributary of Trinity River. (Contest RF 41; Exh. 9)

4. The first diversion and use of state water for irrigation purposes within T-3920 was in 1943 and for T-3940 in 1967. (Contest RF 55)

5. The most acreage within T-3920 irrigated with state water in any calendar year during the period 1963-1967, inclusive, was 43.5 acres, being Field Nos. 1, 2 and 4, in Abstract No. 1076, and within T-3940 was 7.1 acres, being Field No. 3 in Abstract No. 933. (Contest RF 44, 51; Exh. 455)

6. An on-channel dam was constructed in 1938 and is located at diversion point D-905 within T-3940 on an unnamed tributary of Caney Creek. During the period 1963-1967, inclusive, 90 acre-feet of water was impounded in the reservoir and the water was used for irrigation purposes within T-3920 and T-3940. The diversion and use of state water within T-3920 and T-3940 during this period was facilitated by use of the impoundment. (Contest RF 49, 51)

7. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3920 and T-3940 at diversion point D-6060 located on the perimeter of the reservoir, and D-6060, located between Fields Nos. 1 and 4 in Caney Creek, by a portable pump at a total maximum effective diversion rate of 2800 gpm. (Contest RF 45, 49; Exh. 5)

8. The maximum amount of state water diverted and used for irrigation purposes within T-3920 was 43.5 acre-feet, and within T-3940 was 7.1 acre-feet, in any calendar year during the period 1963-1967, inclusive, in 1967. (Contest RF 53, 58)

## CONCLUSIONS:

1. The use of the dam and reservoir located at diversion point D-3970 within T-3940 on an unnamed tributary of Caney Creek, as well as the capacity of the reservoir, was reasonable.

2. Claimants are recognized a right under §11.303 Claim No. 1280 to maintain an existing dam and reservoir located at diversion point D-3970 within T-3940 on an unnamed tributary of Caney Creek, tributary of the Trinity River, and to impound therein not to exceed 90 acre-feet of water.

3. Claimants are recognized a right under §11.303 Claim No. 1280 to divert and use not to exceed 50.9 acre-feet of water per year from diversion points D-6060 located on the perimeter of the reservoir at D-6070 and from diversion point D-6060 located in Caney Creek, tributary of Trinity River, at a total maximum diversion rate of 1600 gpm for the irrigation of 43.5 acres of land within T-3920 and the irrigation of 12.1 acres within T-3940, in Abstracts Nos. 933 and 1074, Houston County, with a priority date of December 31, 1963 for T-3920 and a priority date of December 31, 1967 for T-3940.

---

DIVERSION POINTS NOS: 8108, 8110, 3120
TRACT NO: 3050

OWNERSHIP: J. E. Spence Estate

IN: 282
APP: 33
IX RF 82-83

SECTION 11.307 CLAIM: None

## FINDINGS:

1. Claimant is the owner of §11.303 Claim No. 3913 which claims riparian, Article 7501a, irrigation Acts of 1889 and/or 1895 and equitable rights to divert and use water from Little Elkhart Creek, tributary of the Trinity River, for irrigation purposes, and declares that a maximum of 31 acre-feet of water was diverted at a maximum diversion rate of 700 gpm to irrigate 25 acres of land in any calendar year during the period 1963-1967, inclusive. The first beneficial use of water in the claim area is declared to be in 1945. (Exh. 809)

2. Claimant is the owner of claim area T-3950 which is located in Abstracts Nos. 22, 231 and 696, Houston County. Abstract No. 22 was patented prior to January 1, 1866, Abstract No. 231 was patented in 1860, Abstract No. 696 was patented in 1841. T-3050 and Abstracts Nos. 22, 231 and 696 abut Little Elkhart Creek. Diversion points D-8100, D-8110 and D-8120 reference the locations claimed in §11.303 Claim No. 3913.

3. No evidence was presented of an express grant from the sovereign of a right to divert and use public water from Little Elkhart Creek for irrigation purposes within Abstract No. 33.

4. No evidence was presented of passage of equitable title for Abstract No. 593 during the period January 80, 1840 and July 1, 1895. (IX RF 82-83)

5. Claimant failed to appear at the scheduled hearings and did not present any evidence concerning the use of state water during the period 1963-1967, inclusive. (IX RF 82-83)

## CONCLUSION:

Claimant is not recognized any right under §11.303 Claim No. 3913 because no evidence was presented of any subsequent beneficial use of state water within tract T-3050 during the period 1963-1967, inclusive, because a portion of the land diverts from the land granted prior to January 31, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes within the grant. Because no §11.307 claim was filed in the adjudication of this request pertaining to §11.303 Claim No. 3913, and because claim area T-3944 is located on land granted after July 1, 1895, and there was no evidence presented showing passage of equitable title before that date.

76

DIVERSION POINTS NOS: 8140, 8150
TRACT NO: 3083

OWNERSHIP: Sam Pennington (Estate) and Etta Lewis

IN: 254-265
APP: 32
VII SF 222-246

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1213 to divert and use 100 acre-feet of water per year from the Farm Lake on an unnamed spring-fed branch at a maximum diversion rate of 1100 gpm for the irrigation of 160 acres of land with a priority date of June 1955. A 122 acre-foot capacity on-channel reservoir was also claimed. (Exh. 377)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1213 which asserted Article 7297a, claims under Irrigation Act of 1889 or 1913, amended, in accordance with Irrigation Act of 1913 and riparian rights to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 100 acre-feet of water from the Farm Lake on an unnamed spring-fed branch, a tributary of Little Elkhart Creek, tributary of Trinity River, at a maximum diversion rate of 1100 gpm for the irrigation of 160 acres of land. The date of first beneficial use of water within the claim area was declared to be June 1965. A reservoir on Farm Lake on an unnamed spring-fed branch, tributary of Little Elkhart, tributary of Trinity River, with a capacity of 122 acre-feet was also claimed. (Exh. 377)

2. An additional sworn statement to §11.303 Claim No. 1213 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1963-1967, inclusive to be 41 acre-feet of water from Farm Lake on unnamed spring-fed branch, tributary of Little Elkhart Creek, tributary of Trinity River, at an unspecified diversion rate for the irrigation of 41 acres of land. (Exh. 377)

3. Claimants are the owners of claim area T-3840 which is located in Abstract No. 33, Houston County. Claim No. 33 was patented in 1831. T-3840 and Abstract No. 33 verge on unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of Trinity River. (VII SF 337-338)

4. The record in this adjudication does not contain any English translation of the H. de la Garza Grant No-33 and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VII SF 332-340)

5. The first diversion and use of state water for irrigation purposes within T-3840 was in June 1965. (VII SF 341)

6. Claimant failed to commence or complete the construction of works designed to apply a greater quantity of water to beneficial use prior to August 28, 1967. (VII SF 332-341)

7. The most surface within T-3840 irrigated with water in any calendar year during the period 1963-1967, inclusive, was 105 acres, being Fields Nos. 1, 2 and 3 in Abstract No. 33. (VII SF 339, 341)

8. A dam was constructed in October 1964 and is located at diversion point 8-8140 within T-3840 on the unnamed tributary of Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of Trinity River. During the period 1963-1967, inclusive, 125 acre-feet of water was impounded in the reservoir and the water was used for irrigation, livestock, recreation, and fish raising purposes within T-3840. The diversion and use of state water within T-3840 during this period was facilitated by use of the impoundment. (VII SF 338, 341)

9. During the period 1963-1967, inclusive, state water was diverted for irrigation purposes within T-3840 at diversion point 8-8140 located at the perimeter of the reservoir by a portable pump at a maximum effective diversion rate of 2.47 cfs (1100 gpm) using a sprinkler type distribution system. (VII SF 338, 341)

10. The maximum amount of state water diverted and used for irrigation purposes within T-3840 in any calendar year during the period 1963-1967, inclusive, was 105 acre-feet of water. (VII SF 341)

CONCLUSION:

Claimants are not recognized any right under §11.303 Claim No. 1213 because (1) the claim area T-3840 is located in lands granted prior to January 20, 1840, and there was no evidence presented of a specific grant from the sovereign of a right to divert and use public water for irrigation purposes with the quasi and (2) claimants did not establish a water right under any other theory.

———————————————

DIVERSION POINTS NOS: 8180, 8310
TRACT NO: 3088

OWNERSHIP: Houston County Water Control and Improvement District No. 1

IN: 295
APP: 33
VII SF 186-197

SECTION 11.307 CLAIM: Under Permit No. 2165 to impound water in a 18,500 acre-foot capacity reservoir located on Little Elkhart Creek and to divert and use therefrom 7100 acre-feet of water per year for municipal purposes and 3300 acre-feet of water per year for industrial purposes from Little Elkhart Creek at a maximum diversion rate of 14.00 cfs with a priority date of March 3, 1965. (Exh. 557)

FINDINGS:

1. Claimant is the owner of Permit No. 2165, Application No. 3080, which authorizes the construction and maintenance of a dam and 18,500 acre-foot capacity reservoir located on Little Elkhart Creek, tributary of Elkhart Creek, tributary of Trinity River, and the diversion and use therefrom of 7100 acre-feet of water per year for municipal purposes and an annual 3300 acre-feet of water per year for industrial purposes at a maximum diversion rate of 14.00 cfs (6200 gpm) located in the Martin Murchison Survey, Abstract No. 48, Houston County. (Exh. 353)

2. Special conditions in Permit No. 2165 include the following:

a. The permittee shall construct a sluiceway in said dam equipped with a regulating gate for the purpose of providing the free passage of the normal flow through the dam at all times and the passage of those waters to which the Commission may determine holders of superior and senior water rights are entitled.

b. The permittee shall keep a written record on a monthly basis of the amount of water diverted from the reservoir for each purpose authorized herein and shall report same annually on forms provided by the Commission.

c. The permittee shall maintain a record of daily reservoir elevations and shall install or provide for the establishment, accommodation, and the running of sections along an appropriate number of sediment ranges prior to impoundment of water and the re-running of sediment ranges every 10 years or as advisable.

d. Persons or entities to be furnished water from storage by the Houston County Water Control and Improvement District, by contract or otherwise, shall hold or obtain necessary permits from the Texas Water Commission before commencing use of such water.

Construction of works herein authorized shall be begun within 12 months and shall be prosecuted diligently and continuously to completion within 36 months from the date hereof unless otherwise ordered by the Commission. Failure to begin and complete such construction within such time limitation shall cause this permit to lapse and be of no further force and effect and this permit will be forfeited forthwith unless an extension of time is applied for by the permittee prior to the applicable date above and is granted by the Commission. (Exh. 353)

3. Application No. 3080 for Permit No. 2165 was accepted for filing by the Commission on March 3, 1965, and the permit was issued on June 12, 1965. (Exh. 353)

4. Claimant constructed and maintains a 18,500 acre-foot capacity reservoir located at diversion point 8-8180, which is the authorized location on Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of the Trinity River, with the dam being located in Abstract No. 33, Houston County. (VII SF 172-173, 179)

5. Since the issuance of the permit, state water has been diverted for industrial and municipal purposes at authorized diversion point 8-8180 located on the perimeter of the authorized reservoir by means of 3 stationary pumps at a maximum effective diversion rate of 7.8 cfs (3500 gpm). (Exh. 353; VII SF 172, 177-179)

6. The maximum amount of state water diverted and used for municipal purposes in any calendar year since the issuance of the permit was 1616 acre-feet of water in 1972. (VII SF 177, 179-180)

7. No evidence was presented regarding the amount of water diverted for industrial purposes since the issuance of the permit in 1965. (VII SF 179)

8. The reason claimant failed to divert and use the total amount of water authorized by Permit No. 2165 for municipal purposes was lack of capacity in the filter plant to treat the full amount of water authorized to be used per year. (VII SF 179)

9. No reasons were specified for claimant's failure to divert and use the total amount of water authorized by Permit No. 2165 for industrial purposes. (VII SF 181-188)

10. Claimant demonstrated an intention to divert and use the full amount of water per year authorized by Permit No. 2165 for municipal purposes in the foreseeable future by showing plans to increase the filter capacity to use the authorized amount of water and by showing a general trend of growth for the municipal customers. (VII SF 178-180)

CONCLUSION:

1. Claimant is recognized a right under Permit No. 2165 to impound water in a 18,500 acre-foot capacity reservoir located at diversion point 8-8180 on Little Elkhart Creek, tributary of Big Elkhart Creek, tributary of Trinity River, with the dam being located in Abstract No. 33, Houston County and to divert and use therefrom not to exceed 7400 acre-feet of water per year for municipal purposes from diversion point 8-8180 located on the perimeter of the reservoir at a maximum diversion rate of 7.8 cfs (3500 gpm) with a priority date of March 3, 1965.

2. Claimant showed sufficient justification for the lack of development under Permit No. 2165 to its full extent authorized for municipal purposes.

3. Claimant did not show sufficient justification for the lack of development under Permit No. 2165 to its full extent authorized for industrial purposes.

4. Claimant demonstrated a bona fide intention to divert and use more State water for municipal purposes than previously diverted in the foreseeable future.

5. Claimant did not demonstrate a bona fide intention to divert and use more state water than previously diverted in the foreseeable future.

6. Claimant's right under Permit No. 2165 are subject to the special conditions contained in the permit.

7. Claimant may continue diligent development to a diversion and use of not to exceed 3500 acre-feet of water per year for municipal purposes at a maximum diversion rate of 14.00 cfs (6200 gpm) with a priority date on March 3, 1965.

———————————————

DIVERSION POINTS NOS: 8300, 8310
TRACT NO: 2900

OWNERSHIP: Wayne Pennington and Loyce Covenant

IN: 297-297
APP: 33
VII SF 377-388

SECTION 11.307 CLAIM: Under §11.303 Claim No. 1266 to divert and use 190 acre-feet of water per year from Pennington Branch at a maximum diversion rate of 1050 gpm for the irrigation of 160 acres of land and recreation purposes with a priority date of June 1931. A 199 acre-foot capacity reservoir on Pennington Branch was also claimed. (Exh. 672)

FINDINGS:

1. Claimants are the owners of §11.303 Claim No. 1266 which asserted a riparian right to divert and use water for irrigation purposes and declared the maximum diversion and use in any calendar year during the period 1963-1967, inclusive, to be 80 acre-feet of water from Pennington Branch, tributary of the Trinity River, at a maximum diversion rate of 1050 gpm for the irrigation of 100 acres of land. The date of first beneficial use of water within the claim area was declared to be July 1957. A reservoir on Elkhart Creek, tributary of the Trinity River, with a capacity of 200 acre-feet, was also claimed. (Exh. 672)

2. An additional sworn statement to §11.303 Claim No. 1266 was timely filed which declared the maximum diversion and use of water in any calendar year during the period 1963-1967, inclusive, to be 140 acre-feet of water from Pennington Branch, tributary of the Trinity River, at a maximum diversion rate of 1050 gpm for the irrigation of 142 acres of land. (Exh. 672)

3. Claimants are the owners of claim area T-3900 which is located in Abstracts Nos. 33 and 244, Houston County. Abstract No. 33 was patented in 1831. Abstract No. 244 in 1845. T-3900 and Abstract No. 33 cross Pennington Branch, tributary of Big Elkhart Creek, tributary of the Trinity River. Abstract No. 244 does not cross Pennington Branch. (VII SF 378-381)

4. The record in this adjudication does not contain any English translation of the H. de la Garza Grant No-33 and there was no other evidence presented concerning a specific grant from the sovereign of a right to divert and use public water for irrigation purposes. (VII SF 373-390)

5. The first diversion and use of state water for irrigation purposes within T-3900 was in 1964. (VII SF 389)

6. Claimant completed the construction of works designed to apply a greater quantity of water to beneficial use in 1967. (VII SF 389)

7. The most acreage within T-3900 irrigated with state water in any calendar year during the period 1963-1970, inclusive, was 140 acres, being Field No. 1, in Abstracts Nos. 244 and 33, in 1999. (VII SF 385, 391)

8. Of these acres irrigated during the period 1963-1967, inclusive, 40 acres are in Abstract No. 244 and 99 acres are in Abstract No. 33. (VIII SF 386)

The Chief Clerk of the Texas Water Commission is directed to forward a copy of the final determination and notice thereof by first-class mail to each person on the official mailing list for the Middle Trinity River Segment and is directed to forward a copy of the notice of the final determination to each claimant of water rights within the Trinity River Basin. Applications for rehearing and replies thereto may be filed with the Commission as provided in the notice of the final determination. The date, time and place for Commission action on any applications for rehearing will be set out in the notice of final determination.

Signed this 15th day of May, 1985.

TEXAS WATER COMMISSION

_Paul Hopkins_
Paul Hopkins, Chairman

_Lee B. M. Biggart_
Lee B. M. Biggart, Commissioner

_Ralph Roming_
Ralph Roming, Commissioner

ATTEST:

_Mary Ann Hefner_
Mary Ann Hefner, Chief Clerk

77

## ADDENDUM

THE FOLLOWING LIST SUMMARIZES ALL NEWLY ISSUED
PERMITS AND AMENDMENTS IN THE MIDDLE TRINITY SEGMENT
OF THE TRINITY RIVER BASIN

OWNERSHIP:   Elton Homer, Richard Harrscher, William Y.
Harvey and Olin Lane, Jr.

Permit No. 3109 was issued by the Commission on
February 16, 1983.  Application No. 4174 for the
permit was accepted for filing on December 7, 1981.

Permit No. 3109 authorizes the permittee to maintain
an existing dam and reservoir on Otter Creek, and
impound therein not to exceed 407 acre-feet of water
and to use the impounded waters for recreational
purposes with no right of diversion from the
impoundment for other than domestic and livestock
purposes. The dam is located in the J. M. Rogers
Survey, Abstract No. 664, Anderson County, Texas.

OWNERSHIP:   Mobil Pipe Line Company

Permit No. 3631A was issued by the Commission on
January 11, 1983.  Application No. 3672A for the permit
was accepted for filing on November 1, 1982.

Permit No. 3631A authorizes the permittee to divert and
use not to exceed 18 acre-feet of water per annum from an
unnamed tributary of Mesquite Branch, tributary of Post
Oak Creek, tributary of Chambers Creek, tributary of
Trinity River, at a maximum diversion rate of 0.5 cfs
(230 gpm) for industrial purposes.

OWNERSHIP:   L. David Powers dba Pyramid Land and Cattle
Company

Permit No. 3785 was issued by the Commission on June 7,
1983.  Application No. 4341 for the permit was accepted
for filing on March 7, 1983.

Permit No. 3785 authorizes the permittee to construct a
dam and reservoir on an unnamed tributary of Tehuacana
Creek, tributary of Richland Creek, tributary of Trinity
River, and impound therein not to exceed 539 acre-feet of
water for recreational purposes with no right of diver-
sion from the impoundment for other than domestic and
livestock purposes. The dam is located in the T.
Dabrowner Survey, Abstract No. 185, and the M. Sanders
Survey, Abstract No. 317, Freestone County, Texas.

A special condition in the permit is as follows:

When ordered to do so by the Commission, permittee
shall provide a means to pass low-flows past the dam
in such quantities as the Commission may find
necessary to satisfy the rights of downstream
domestic and livestock users and the senior and
superior rights of other authorized users.

OWNERSHIP:   Salcha Club, Inc.; W. C. Perryman and Robert B.
Payne, Trustees

Permit No. 3709 was issued by the Commission on June 24,
1983.  Application No. 4316 for the permit was accepted
for filing on January 31, 1983.

Permit No. 3709 authorizes the permittee to maintain an
existing dam and reservoir on Catfish Creek, tributary of
Trinity River, and impound therein not to exceed 830
acre-feet of water for recreational purposes with no
right of diversion from the impoundment for other than
domestic and livestock purposes with no right of diver-
sion from the impoundment for other than domestic and
livestock purposes. The dam is in Abstract Nos. 177 and
180, Henderson County, Texas.

Special conditions in the permit are as follows:

a.   If a right to divert and use water is recognized
under Water Code Section 11.303 Claim No. 3797 by
the final judgment of the Court in the adjudication
process, the authorizations of this permit shall be
reduced by the extent Section 11.303 Claim No. 3797
is recognized.

b.   Permittee is required to maintain the service and
emergency spillways free of brush and tree growth
and to maintain the embankment slopes free to plant
growth having a trunk diameter of four inches or
less.

OWNERSHIP:   R. W. H. Materials Corporation

Permit No. 4561 was issued by the Commission on Janu-
ary 10, 1984.  Application No. 4382 for the permit was
accepted for filing on July 11, 1983.

Permit No. 4561 authorizes the permittee to maintain an
existing dam and reservoir on Saline Creek, tributary of
Trinity River, and impound therein not to exceed 701
acre-feet of water. The permittee is also authorized to
divert and circulate not to exceed 84 acre-feet of water
per annum at a maximum diversion rate of 2.09 cfs (400
gpm) from Blue Lake on Saline Creek on an to
consumptively use not to exceed three acre-feet of water
for mining (gravel washing) purposes at its quarry in
Freestone County. Water diverted but not consumed shall
be returned to Blue Lake on Saline Creek.

Special conditions in the permit are as follows:

a.   This permit shall expire and become null and void
upon termination of the permittee's lease, dated
October 31, 1961 extension thereof from G. U. Boyd,
Arlis Boyd and Lucille Boyd.

b.   When ordered to do so by the Commission, permittee
shall provide a means to pass low-flows past the dam
in such quantities as the Commission may find
necessary to satisfy the rights of downstream
domestic and livestock users and senior and superior
water rights.

OWNERSHIP:   James Robison Evangelistic Association

Permit No. 4574 was issued by the Commission on Febru-
ary 18, 1984.  Application No. 4441 for the permit was
accepted for filing on December 13, 1983.

Permit No. 4574 authorizes the permittee to construct a
dam and reservoir on an unnamed tributary of Lake Creek,
tributary of Otter Lake Slough, tributary of Trinity
River, and impound therein not to exceed 414 acre-feet of
water for recreational purposes with no right of diver-
sion from the impoundment for other than domestic and
livestock purposes. The dam will be located in Abstract
No. 579, Anderson County, Texas.

Special provisions in the permit are as follows:

a.   When ordered to do so by the Department, permittee
shall provide a means to pass inflows past the dam
in such quantities as may be necessary to satisfy
the rights of downstream domestic and livestock
users and the senior and superior rights of other
authorized uses.

b.   Construction of the dam and related facilities
herein authorized shall be in accordance with plans
approved by the Executive Director and shall be
commenced within two years and completed within
three years from the date of issuance of this
permit.

c.   Failure to commence and/or complete construction of
the dam and related facilities within the period
stated in the limitations shall cause this permit
to expire and become null and void, unless permittee
applies for an extension of time to commence and/or
complete construction prior to the respective
deadlines for commencement and completion, and the
application is subsequently granted.