## EXHIBIT B

**Redline of Order Filed With MHI Withdrawal Motion**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) ) |
| Debtors. | ) (Jointly Administered) ) |

**ORDER AUTHORIZING CERTAIN DEBTORS TO ENTER INTO AGREEMENTS REGARDING MHI'S WITHDRAWAL FROM THE COMANCHE PEAK JOINT VENTURE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to section 363(b) of the Bankruptcy Code, authorizing the Debtors to enter into the Withdrawal Agreements, all as more fully set forth in the Motion and the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having considered the Motion and the Frenzel

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to enter into the Withdrawal Agreements and take any and all actions in connection therewith.

3. Notwithstanding the relief granted in this Order or any actions taken pursuant to such relief, nothing in this Order or the Withdrawal Agreements shall convert a prepetition obligation into a postpetition obligation of the Debtors or create or otherwise give rise to an administrative expense claim against a Debtor entity solely by virtue of the Debtors entering into the Withdrawal Agreements, and the rights of the Debtors or any party in interest, including the Creditors' Committee, to dispute the assertion of an administrative expense claim under the Bankruptcy Code or any other applicable law are expressly reserved.

4. Notwithstanding anything in this Order or the Motion to the contrary, the relief granted by this Order shall not result in, or authorize, the release by any Debtors, NEFH I, or NEFH II, on the one hand, of a claim, as defined in section 101(5) of the Bankruptcy Code, against another Debtor, NEFH I or NEFH II, on the other.

5. Luminant is authorized to pay (a) the costs associated with preserving the License Application and (b) property taxes related to the site of the New Units, together in an aggregate amount not to exceed $125,000 each calendar year.

~~3.~~ 6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3

4.7.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.8.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE