**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Objection Deadline: December 11, 2014 at 4:00 p.m.** |
| | ) | **Hearing Date: December 18, 2014 at 9:30 a.m.** |
| | ) | |

**DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO (AMENDED AND SUPERSEDED, EXACT DUPLICATE,
AND INSUFFICIENT DOCUMENTATION) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

> **Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Schedule 1</u> to learn which of the numbered exhibits, <u>Exhibit 1</u> to <u>Exhibit A</u>, <u>Exhibit 2</u> to <u>Exhibit A</u>, or <u>Exhibit 3</u> to <u>Exhibit A</u> contains the grounds for this objection to their claim(s) and the relief being sought by the Debtors.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") file this first objection to claims (this "<u>Objection</u>"), pursuant to which the Debtors request the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) objecting to each of the claims (the "<u>Disputed Claims</u>") identified on **<u>Exhibit 1</u>** to **<u>Exhibit A</u>**, **<u>Exhibit 2</u>** to **<u>Exhibit A</u>**, and **<u>Exhibit 3</u>** to **<u>Exhibit A</u>**, each attached hereto and as discussed in further detail below, and (b) authorizing the Claims Agent to modify and/or expunge the Disputed Claims (as appropriate) on the Claims Register.  In support of this Objection, the Debtors rely on the *Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America,*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, Insufficient Documentation, and No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Kotarba Declaration").  In further support of this Objection, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Objection are section 502(b), of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1.

**Relief Requested**

4.     By this Objection, the Debtors seek entry of the Order disallowing each of the claims identified below in full and authorizing the Debtors to expunge such claims from the Claims Register (defined herein):

(a)     **Exhibit 1** to **Exhibit A**, each of which has been amended and superseded by one or more claims subsequently filed by or on behalf of the same claimant in respect of the same liabilities (the "Amended Claims");

(b)     **Exhibit 2** to **Exhibit A**, each of which represents a duplicate claim against a particular Debtor for a particular amount, as referenced in another claim filed against the same Debtor by the same creditor for the same amount (the "Exact Duplicate Claims"); and

(c)     **Exhibit 3** to **Exhibit A**, each of which represents a Proof of Claim (as defined herein) that was filed with insufficient supporting documentation to substantiate the claim and as to which the Debtors' books and records do not demonstrate any basis for the claim (the "Insufficient Documentation Claims").[2]

5.     Additionally, the Debtors seek to authorize the agent retained by the Debtors to assist with claims processing in these chapter 11 cases, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"), to modify and/or expunge each of the Disputed Claims, as appropriate, on the official register maintained by the Claims Agent (the "Claims Register") in accordance with the proposed Order.  The Debtors intend to use the form of notice provided herein to provide notice of the Objection to each claimant holding a Disputed Claim.

6.     This Objection complies in all respects with Local Bankruptcy Rule 3007-1.[3]

---

[2]     Per Local Rule 3007-1(e)(iv), images of the Proofs of Claim relating to the Insufficient Documentation Claims will be submitted to the Court on or before December 4, 2014.

[3]     On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659].  On November 17, 2014, the Debtors filed a certificate of no objection with respect to such motion [D.I. 2791].

**Background**

7.      On April 29, 2014 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("<u>EFCH</u>"), Texas Competitive Electric Holdings Company LLC ("<u>TCEH</u>"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "<u>TCEH Creditors' Committee</u>") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "<u>EFH Creditors' Committee</u>") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

8.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "<u>Schedules</u>") and statements of financial affairs ("<u>Statements</u>" and together, with the Schedules, the "<u>Schedules and Statements</u>") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345].  On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.

9.      On May 2, 2014, the Court entered an order (the "<u>Customer Claims Bar Date Order</u>") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "<u>Customer</u>

Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

10.     Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[4]   In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

11.     On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim" and, together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

12.     Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the

---

[4]     The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

13.    To date, approximately 10,000 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the Claims Register.

### Basis for Objection

14.    This Objection is filed pursuant to section 502(b) of the Bankruptcy Code, which provides, in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C § 502(b)(1).

**I.    Amended Claims.**

15.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified one hundred and thirty six (136) Amended Claims listed on **Exhibit 1** to **Exhibit A**, in the aggregate claimed amount of $147,580,702.02.  The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability as reflected in the column labeled "Remaining Claims" on **Exhibit 1** to **Exhibit A** (the "Superseding Claims").  The claimants filing the Superseding Claims liquidated or otherwise modified the liability originally identified

6

in the Amended Claims.  As a result, the Amended Claims remain on the Claims Register only as a technicality and may be eliminated without affecting such claimants' underlying claims. Accordingly, the Debtors object to the allowance of the Amended Claims and request that such Amended Claims be disallowed in their entirety.  The Debtors also request that the Court authorize the Claims Agent to expunge the Amended Claims from the Claims Register so that the Claims Register accurately reflects the claims asserted and outstanding against the Debtors.

16.     Any disallowance or expungement of the Amended Claims will not affect the Superseding Claims, which will remain on the Claims Register until withdrawn by the relevant claimants or disallowed by the Court, subject to (a) the Debtors' right to object on any grounds permitted by bankruptcy or nonbankruptcy law and (b) such claimants' rights to assert the claims asserted therein against the Debtors.  *See generally* 11 U.S.C. § 502(a).

## II.    Exact Duplicate Claims.

17.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified sixteen (16) Exact Duplicate Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $183,302,305.87.  The Exact Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities against the same Debtor.  A particular Debtor should not be required to satisfy the Proof of Claim of a particular claimant more than once on account of the same obligation or debt.  Moreover, elimination of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors.  Accordingly, the Debtors object to the allowance of the Exact Duplicate Claims and request that such Exact Duplicate Claims be disallowed in their entirety and expunged.  The Debtors also request that the Court authorize the

Claims Agent to expunge the Exact Duplicate Claims from the Claims Register so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

18.     Any disallowance or expungement of the Exact Duplicate Claims will not affect the claims set forth under the column heading "Remaining Claims" on **Exhibit 2** to **Exhibit A**, which will remain on the Claims Register until withdrawn by the relevant claimants or disallowed by the Court, subject to (a) the Debtors' right to object on any grounds permitted by bankruptcy or nonbankruptcy law and (b) such claimants' rights to assert the claims asserted therein against the Debtors.  *See generally* 11 U.S.C. § 502(a).

## III.    Insufficient Documentation Claims.

19.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified thirty-one (31) Insufficient Documentation Claims listed on **Exhibit 3** to **Exhibit A**, in the aggregate claimed amount of $5,987,112,852.34.  The Insufficient Documentation Claims reflect Proofs of Claim that were each filed without sufficient documentation to substantiate the Proof of Claim asserted therein as required by Bankruptcy Rule 3001.  The Insufficient Documentation Claims therefore fail to provide *prima facie* evidence of the validity and amount of the Proof of Claim they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

20.     The Debtors have reviewed their books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.  Subject to paragraph 21, the Debtors object to the allowance of the Insufficient Documentation Claims and request that such Insufficient Documentation Claims be disallowed in their entirety and expunged.  The Debtors also request that the Court authorize the Claims Agent to expunge the Insufficient Documentation Claims

from the Claims Register so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

21.     In the event that a holder of an Insufficient Documentation Claim provides the Debtors with documentation or new information (the "Additional Information") prior to the Court's entry of an order sustaining this Objection with respect to such Insufficient Documentation Claim, the Debtors will continue the Objection with respect to such Insufficient Documentation Claim in order to evaluate the Additional Information.  During the continuance of the Objection, the Debtors reserve all rights to reassert any objection contained herein or raise further objections if the Debtors determine the Additional Information is insufficient to support the relevant Insufficient Documentation Claim.

22.     For all of the foregoing reasons, the Debtors object to the allowance of each of the Disputed Claims and request that such Disputed Claims be disallowed in their entirety and expunged.

## **Reservation of Rights**

23.     Nothing contained in this Objection or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim) is of a type specified or defined in this Objection; (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or

9

authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

24.      The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on **Exhibit 1**, **Exhibit 2**, or **Exhibit 3** to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any (the "Hearing"); provided, however, that nothing in this Objection shall affect the Debtors' right to object to any Proofs of Claim on a basis other than as set forth in this Objection.

25.      The Debtors further reserve their right to adjourn the Hearing as it pertains to any or all of the Disputed Claims.  The Debtors will list any adjournments to (a) the Hearing, (b) other hearings in connection with responses filed to the Objection, and (c) applicable deadlines for responsive pleadings on the agenda for the Hearing (the "Agenda").  The Claims Agent will serve the Agenda on any party affected by such adjournment.

### Notice

26.      The Debtors shall provide notice of this Objection on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer &

Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of

TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the Disputed Claims. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

27.     No prior request for the relief sought in this Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  November 18, 2014

/s/ *Tyler D. Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com
              semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*