## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS | : | Case No. 14-10979 (CSS) |
| CORP., *et al.*, | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: December 29, 2014 at 10:00 a.m.** |
| | : | **Objections Due: November 21, 2014 by 4:00 p.m.** |

**THE UNITED STATES TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO THE INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 29, 2014 THROUGH AND INCLUDING AUGUST 31, 2014 (D.I. 2683)**

In support of her Response and Reservation of Rights with Respect to the Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, ("K&E") Attorneys for the Debtors and Debtors in Possession, for the Period from April 29, 2014 Through and Including August 31, 2014 (the "K&E First Interim Application") (D. I. 2683)[1] Roberta A. DeAngelis, the United States Trustee for Region 3, by counsel, respectfully states as follows:

### I. JURISDICTION AND PROCEDURAL HISTORY

1.      The Court has jurisdiction to consider this Response and Reservation of Rights.

2.      Pursuant to Section 586 of title 28, U.S. Code, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this District. 11 U.S.C. § 586. Under Section 586 and Section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad responsibilities in Chapter 11 cases and the standing to rise and be heard on any issue in any case or proceeding. 11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys.,*

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized terms included in the K&E First Interim Application or such referenced document or pleading.

*Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has

"public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

      3.      Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with

regard to the above-referenced matter.

## II. FACTS

**A.**    ***Background.***

      4.      On April 29, 2014, (the "Petition Date"), the Debtors commenced these Chapter

11 cases.

      5.      The Debtors are the largest generator, distributor, and retail electricity provider in

Texas. *See* Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and

Co-Chief Restructuring Officer of Energy Future Holdings Corp., e*t al.*, in Support of First Day

Motions dated April 29, 2014 at ¶ 6. (D.I. 98).

**B.**    ***The Retention of Debtors' Counsel.***

      6.      On September 16, 2014, the Court authorized the Debtors to retain K&E as their

counsel effective to the Petition Date. *See* Order Authorizing the Retention And Employment of

Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro

Tunc to the Petition Date. (D.I. 2052) (the "K&E Retention Order").

      7.      Among other things, the K&E Retention Order provides in part:

a.    K&E is aware of certain potential claims by and among the Debtors, including
alleged potential actions under chapter 5 of the Bankruptcy Code, tax-related claims,
and other intercompany claims;

b.    If any potential conflict between or among the Debtors, whether or not resulting from
intercompany or other claims, becomes an actual conflict or K&E otherwise
determines that it can no longer provide advice to the Debtor(s) on a particular matter
(either one, an "Actual Conflict Matter"), then K&E immediately shall file a notice of
the Actual Conflict Matter, with a copy to the U.S. Trustee, and the applicable

Debtor(s) will retain RLF or other conflicts counsel ("Conflicts Counsel") to advise the Debtor(s) in connection with the Actual Conflict Matter;

c. K&E may not represent the applicable Debtor(s) in litigating or otherwise advising the applicable Debtor(s) with respect to the Actual Conflict Matter. K&E may confer with the Debtors, Conflicts Counsel, the Debtor(s)' other advisors, any other party, and advisors to such other parties in connection with K&E's continued representation of the Debtors in (i) negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter.

K& Retention Order at ¶¶ 5, 6 and 7.

## C.    *The Appointment of the Fee Committee*

8.    On August 21, 2014, the Court entered the Stipulation and Order Appointing a Fee Committee (D.I. 1896). The general purpose of the Fee Committee is to, among other things, review and report as appropriate on monthly fee statements submitted in accordance with the Interim Compensation Order and all interim and final fee applications filed by professionals retained under 11 U.S.C. §§ 105, 327, 363 or 1103 in accordance with 11 U.S.C. §§ 328, 330 and 331 of the Bankruptcy Code, the Interim Compensation Order and any other applicable rules and guidelines. However, nothing in the Stipulation and Order Appointing a Fee Committee affects the right of any party in interest, including the U.S. Trustee, from objecting to any monthly fee statement or interim or final fee application. *See* Stipulation and Order Appointing a Fee Committee at ¶ F.3.

## D.    *The K&E First Interim Application*

9.    On October 31, 2014, K&E filed the K&E First Interim Application pursuant to which it seeks $25,600,790.50 in fees and reimbursement of expenses in the amount of $1,248,049.03. According to the K&E Fee Interim Application, the Debtors have paid K&E $20,480,632.40 in fees and reimbursed K&E 100% of its expenses.

*E.      The Bid Procedures Motion*

10.      Prior to the filing of the K&E First Interim Application, on September 19, 2014,

the Debtors filed a Motion for Sale of Property Free and Clear of Liens under Section 363(f) and

for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and

Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof

(the "Bid Procedures Motion") (D.I. 2087).

11.      At the conclusion of several days of trial, the Court on November 3, 2014,

approved the bidding procedures as modified but with significant restrictions (D.I. 2699). As part

of its ruling, the Court held, among other things, that ". . . regardless of the merits of the debtors'

preferred tax structure upon which I offer no opinion one way or the other, there can be no

question that it raises actual internal conflicts among the debtors' estates. I am in no way

suggesting that those conflicts are irreconcilable or fatal to the debtors' proposal strategy, but the

continued insistence . . . that these conflicts are only potential ignores reality." See November 3,

2014, Hearing Tr. 13: 25, 14: 1-8.

*F.      K&E's Notice of Actual Conflict Matter*

12.      On November 7, 2014, in accordance with paragraph 6 of the K&E Retention

Order, the Debtors filed a Notice of Actual Conflict Matter (D.I. 2718) stating that (i) that each

of (a) Energy Future Holdings Corporation ("EFH"), (b) Energy Future Intermediate Holdings

Company LLC ("EFIH"), and (c) Energy Future Competitive Holdings Company LLC and

Texas Competitive Holdings Company LLC (collectively, "TCEH") is in the process of retaining

independent counsel to advise the applicable Debtor regarding actual conflict matters and is

considering retention of  other advisors as determined to be necessary by the disinterested

directors of the applicable entity, and (ii) that the disinterested directors of EFH, EFIH, and

TCEH, respectively, will determine the scope of the independent counsel's role in consultation

with such independent counsel, including advising the applicable Debtor regarding inter-Debtor

claims where an actual conflict exists.  See Notice of Actual Conflict Matter at ¶¶ 2-3.

### III. RESPONSE AND RESERVATION OF RIGHTS

Section 330(a)(1) of the Bankruptcy Code provides that after notice and a hearing, the

court may award to a professional person employed under § 327 "reasonable compensation for

actual, necessary services rendered" by such a professional person. 11 U.S.C. § 330(a)(1).

Professional fees may not be awarded unless and until the applicant shows that there is a

benefit to the estate and that the fees are reasonable and necessary. *Zolfo, Cooper & Co. v.

Sunbeam-Oster Co.*, 50 F. 3d 253, 261 (3d Cir. 1995)(citation omitted). Benefit to the estate and

necessity are critical threshold issues before the awarding of any fees or compensation. *See

Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters.)*, 997 F.2d 1321, 1322-

23 (10th Cir. 1993) (holding that the disallowance of fees for services which were not necessary

or beneficial to the estate should not be considered a penalty but rather a statutory imperative).

To be compensable, the professional's services must have been necessary and beneficial to the

estate or its creditors. *See In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).

The applicant bears the burden of proving an entitlement to fees.  *See id.* at 573; *Johnson

v. Holiday Express Inc.*, 488 F.2d 714 (6th Cir. 1974).  Bankruptcy courts have an independent

duty to review fee applications, regardless of whether any party in interest, including the U. S.

Trustee, objects.  *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F. 3d 833, 841 (3d Cir. 1994).

Interim compensation is subject to adjustment (including disgorgement) at any time during the pendency of the case.  *See e.g., In re Taxman Clothing Co.*, 49 F. 3d 310, 312, 314 (7th Cir. 1995); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooton, Ltd. (In re Evangeline Ref. Co.)*, 890 F. 2d at 1321 (5th Cir. 1989).

Section 328(c) provides for the denial of compensation to any "professional person employed under" 11 U.S.C. § 327 if at any time during its employment by the debtor it "is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."  As a result, every professional seeking employment by a debtor has a continuing duty to disclose all services it has rendered, is rendering, and is likely to render to entities asserting an interest adverse to the debtor or the estate.  *See United States Trustee v. Price Waterhouse*, 19 F. 3d 138, 142 (3d Cir. 1994).

The extent of the actual conflict matter among the Debtors' estates has yet to have been fully determined. The U.S. Trustee is in the process of considering the Court's ruling vis-à-vis the emerging but substantial and important concerns over the conflicts in these cases with respect to the services rendered and fees charged by K&E. However, these issues and concerns cannot be understood or discerned prior to the November 21, 2014 deadline.

In light of the foregoing, the U.S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, object to K&E's First Interim Application, and to request any appropriate remedy in connection therewith through the time that the Court considers these fees on a final basis.

Toward that end, the U. S. Trustee reserves and any all rights, remedies and obligations found at law, equity or otherwise, to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Response and Reservation of Rights, file an objection, move for any appropriate relief, conduct any and all discovery or examinations as may be deemed necessary or as may be required and assert such other grounds as may become apparent.

WHEREFORE, the U.S. Trustee respectfully submits that the Court enter relief consistent with this Response and Reservation of Rights including reserving the U.S. Trustee's rights to object or otherwise to respond to the requested interim fees and expenses set forth the K&E First Interim Application through the time at which final awards of the requested fees and expenses are sought and granting such other and further relief as is just and appropriate.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By:  */s/Richard L. Schepacarter*
        Richard L. Schepacarter
        Andrea B. Schwartz
        Trial Attorneys
        U.S. Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 N. King Street, Suite 2207, Lockbox 35
        Wilmington, DE 19801
        (302) 573-6491 (Telephone)
Dated: November 21, 2014        (302) 573-6497 (Fax)

7