# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Hearing Date: December 18, 2014 at 9:30 a.m. |
|  | ) Objection Deadline: December 5, 2014 at 4:00 p.m. |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER (A) WAIVING CERTAIN REQUIREMENTS OF BANKRUPTCY RULE 3007 AND LOCAL BANKRUPTCY RULES 3007-1 AND 3007-2 AND (B) APPROVING THE DEBTORS' FORM OF CUSTOM NOTICE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) waiving certain requirements of rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and (b) seeking approval of the Debtors' form custom notice of objection (the "Custom Notice"), to be used at the Debtors' discretion, in the form substantially attached hereto as **Exhibit 1** to **Exhibit A**. In support of this Motion, the Debtors submit the *Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order (A) Waiving Certain Requirements of Bankruptcy Rule 3007*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

and Local Bankruptcy Rules 3007-1 and 3007-2 and (B) Approving the Debtors' Form of Custom Notice (the "Kotarba Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1001 and 3007, and Local Bankruptcy Rules 1001-1, 3007-1 and 3007-2.

### Relief Requested

4. By this motion, the Debtors seek entry of the Order granting a waiver of certain requirements of Bankruptcy Rule 3007 and Local Bankruptcy Rules 3007-1 and 3007-2 and approving the form of the Custom Notice to be used at the Debtors' discretion instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims (an "Objection") to every claimant whose claim is objected to in that Objection (each, a "Claimant").

**Background**

5.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.     On the Petition Date, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31] (the "Customer Programs Motion")

3

seeking approval for noticing procedures to streamline the delivery of notices and simplify the chapter 11 process for certain creditors of the Debtors, including customized notices for customer and non-customer creditors.

7.    On May 2, 2014, the Court entered an order (the "Customer Claims Bar Date Order") (a) approving the Customer Programs Motion and the customized noticing procedures contemplated therein and (b) establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.    Written notice of the Customer Claims Bar Date was accordingly mailed to current and certain former customers of the Debtors. In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune Herald*.

9.    On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a "claim" against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim" and, together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10. Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11. On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i) to allow the Debtors to base substantive omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659]. The Debtors filed a certificate of no objection with respect to such motion and, on November 19, 2014, the Court entered an order granting the requested relief [D.I. 2814].

12. On November 18, 2014, the Debtors filed the *Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(B) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* seeking to disallow in full and expunge certain Proofs of Claim [D.I. 2808].

13. To date, nearly 10,000 Proofs of Claim asserting more than $310 billion in liabilities have been filed on the official claims register maintained by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, in these chapter 11 cases (the "Claims Register") by approximately 6,000 claimants.

**Basis for Relief**

14. Bankruptcy Rule 3007 provides, in pertinent part:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

15. Additionally, Local Bankruptcy Rule 3007-1(e) states that "[e]xhibit(s) of claims to which the Objection relates . . . must be attached to the Objection." Del. Bankr. L.R. 3007-1(e)(i)(D).

16. Local Bankruptcy Rule 3007-2 provides, in pertinent part, that:

> In lieu of serving a copy of the entire claim objection . . . on all parties having filed a request for service of notices under Bankruptcy Rule 2002(i), the objecting party may, in its discretion, elect to serve on any party-in-interest that has filed a request for service of notices under Bankruptcy Rule 2002(i) and that is not (i) the holder of a claim that is objected to in the claim objection, (ii) the debtor or debtor-in-possession, (iii) any statutory trustee, (iv) any official committee, or (v) the U.S. Trustee (the "Core Objection Service Parties"), only the exhibits to the claim objection in the form required by Local Rule 3007-1(e)(iii) and the notice in the form required by Local Rule 3007-1(e)(v).

Del. Bankr. L.R. 3007-2.

17. Reading these rules together indicates that the Debtors would need to provide every Claimant with *all* of the exhibits to the Objection in which their claim is listed, including exhibits bearing no relation to that Claimant's Proof of Claim.

18. Bankruptcy Rule 1001, however, provides that the Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." In addition, Local Bankruptcy Rule 1001-1(c) states that "[t]he application of these

6

Rules in any case or proceeding may be modified by the Court in the interests of justice." Del. Bankr. L.R. 1001-1(c).

19.    The Debtors respectfully submit that, in these cases, the delivery of the exhibits to each Objection to every Claimant is unnecessarily burdensome to the Claimants and unnecessarily costly to the Debtors' estates in light of the Bankruptcy Rules' and Local Bankruptcy Rules' focus on efficiency and cost reduction.  Therefore, the Debtors seek a limited waiver of Bankruptcy Rule 3007(a) and Local Bankruptcy Rules 3007-1(e)(i)(D) and 3007-2 to allow the Debtors to provide each Claimant with a Custom Notice detailing the information pertinent to their claim that would otherwise be found in an exhibit to an Objection.  Providing each Claimant with this Custom Notice instead of several exhibits will reduce the amount of irrelevant paper each Claimant would need to review, streamline the claims administration process, and result in savings to the Debtors' estates.

20.    The Debtors have nearly 1.7 million customers, over 5,700 employees, nearly 7,000 vendors, thousands of retirees (many of whom are still very influential in the Debtors' community), and a significant number of contract counterparties and service providers.  The Debtors' historically high-performing operations are due in no small part to their strong relationships with these and other constituencies.  At a time when the Debtors' business relationships may be vulnerable, the Debtors wish to implement an efficient and streamlined claims resolution process that does not inundate Claimants with voluminous mailings containing numerous pages irrelevant to such Claimants' relationship with the Debtors or such Claimants' Proofs of Claim against the Debtors.  Instead, the Debtors seek to provide each Claimant with the information pertinent to exclusively their Proof of Claim.

21. As proposed, each Claimant will receive a Custom Notice and an Objection, without exhibits, collectively providing each Claimant with the substantive information required under the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules. The Custom Notice will be mailed to each Claimant at least 30 days prior to the relevant hearing and will include, with respect to each Claimant, (a) such claimant's Proof of Claim number, as listed on the Claims Register, (b) the claim amount associated with such Proof of Claim, and (c) the basis for the Debtors' objection to such Claimant's Proof of Claim.

22. To the extent the Debtors object to a Proof of Claim (a) as amended by a subsequently filed claim, (b) as an exact duplicate of another Proof of Claim, or (c) in any other way for which expungement of the objected-to Proof of Claim leaves the relevant claimant with an unaffected Proof of Claim, the Custom Notice shall also include the Proof of Claim number and associated claim amount for the superseding Proof of Claim, exact duplicate Proof of Claim, or other unaffected Proof of Claim. The Debtors believe the Custom Notice will allow each individual claimant to identify the basis for the Debtors' objection in an efficient manner, and is therefore beneficial to the claims resolution process and the Debtors' estates.

23. Furthermore, a copy of each exhibit filed with every Objection would remain available to the public through the website maintained by the Debtors' claims and noticing agent, http://www.efhcaseinfo.com, and all the information relevant to each Objection will be available through the Claims Register and the dedicated objection response hotline, both of which are referenced in the Custom Notice.

24. In addition to reducing the size of any mailing a Claimant receives, excluding exhibits from such mailings will significantly reduce noticing costs for the Debtors.

25. Based on these considerations, the Debtors respectfully request that the Court grant a waiver of certain requirements of Bankruptcy Rule 3007 and Local Bankruptcy Rules 3007-1 and 3007-2 and approve the form of the Custom Notice.

**Notice**

26. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee and proposed counsel thereto; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured

notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: November 21, 2014
      Wilmington, Delaware

*/s/ William A. Romanowicz*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
William A. Romanowicz (No. 5794)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com
      romanowicz @rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*