## EXHIBIT A

**Proposed Order**

RLF1 11191409v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) AUTHORIZING ENTRY INTO AND PERFORMANCE
UNDER THE SETTLEMENT AGREEMENT BETWEEN CERTAIN
OF THE DEBTORS AND SIERRA CLUB PURSUANT TO SECTION 363(B)
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURES AND (B) MODIFYING THE AUTOMATIC STAY**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), (a) authorizing entry into and performance under the settlement agreement (the "Settlement Agreement") between Energy Future Holdings Corp. ("EFH Corp."), Luminant Generation Company LLC ("Luminant"), and Big Brown Power Company LLC ("Big Brown") (collectively, the "Settling Debtors") and Sierra Club (together with the Settling Debtors, the "Parties") substantially in the form attached hereto as **Exhibit 1**, and (b) modifying the automatic stay provided in section 362 of the Bankruptcy Code solely to the extent necessary to implement the terms of the Settlement Agreement, all as set forth more fully in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the Frenzel Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Settlement Agreement, attached hereto as **Exhibit 1**, is hereby approved.

3. The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are modified solely to the extent necessary to implement the terms of the Settlement Agreement, including, but not limited to, allowing for the dismissal of the CAA Cases, including related appeals.

5. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than the Settling Debtors.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: _____, 2014

_____  
THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**Settlement Agreement**

*EXECUTION VERSION*

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is entered into by Sierra Club, Energy Future Holdings Corp. ("EFH"), Luminant Generation Company LLC ("Luminant"), and Big Brown Power Company LLC (hereinafter collectively referred to as the "Parties" and individually as a "Party"). Luminant and Big Brown Power Company LLC are indirect subsidiaries of EFH. EFH, Luminant, and Big Brown Power Company LLC are hereinafter collectively referred to as "Luminant Parties."

## RECITALS

A.  Invoking the citizen suit provision of the federal Clean Air Act ("CAA" or "Act"), 42 U.S.C. § 7604, Sierra Club filed the following cases against Luminant and EFH alleging violations of the Act:

*Sierra Club v. Energy Future Holdings Corp. and Luminant Generation Company LLC*, No. 5:10-cv-00156-MHS-CMC (E.D. Tex.) ("Martin Lake case"); and

*Sierra Club v. Energy Future Holdings Corp. and Luminant Generation Company LLC*, No. 6:12-cv-00108-WSS (W.D. Tex.) ("Big Brown case")

(collectively, the "CAA Cases").

B.  Invoking 42 U.S.C. § 7604, Sierra Club sent the following notices of intent to sue to Luminant and EFH alleging violations of the Act:

Letters dated (1) December 21, 2010, to John Young, David Campbell, Plant Manager and Registered Agent for Energy Future Holdings Corp., TXU Generation Company and Luminant Generation Company LLC and (2) October 27, 2011, to John F. Young, David Campbell, Wayne Harris and Registered Agent for Luminant Generation Company LLC alleging violations of the Act at the Monticello plant; and

Letter dated May 23, 2012, to John Young, David Campbell, Plant Manager and Energy Future Holdings Corp. and Luminant Generation Company LLC alleging violations of the Act at the Sandow 4 plant

(collectively, the "NOI Claims").

C.  The United States District Court for the Western District of Texas issued a final order denying Sierra Club all requested relief in the Big Brown case and entering a final judgment in favor of Luminant and EFH on March 28, 2014 ("Merits Order").

D.  Sierra Club timely appealed the Merits Order in the Big Brown case to the United States Court of Appeals for the Fifth Circuit, *Sierra Club v. Energy Future Holdings et al.,* No. 14-50400 (5th Cir. filed Apr. 28, 2014) (hereinafter, the "Merits Appeal").

E.  By order dated August 29, 2014, the United States District Court for the Western District of Texas ordered Sierra Club to pay approximately $6.45 million to Luminant in attorney fees and costs (hereinafter, the "Fee Order").

F.      Sierra Club timely appealed the Fee Order to the United States Court of Appeals for the Fifth Circuit on September 25, 2014, which was included with the Merits Appeal under *Sierra Club v. Energy Future Holdings et al.*, No. 14-50400 (5th Cir.) (hereinafter, the "Fee Appeal," and together with the Merits Appeal, the "Consolidated Appeal").

G.      Luminant (and other subsidiaries and affiliates of EFH) filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (hereinafter the "Bankruptcy Code") on April 29, 2014, in the United States Bankruptcy Court for the District of Delaware (hereinafter the "Bankruptcy Court"), *In re Energy Future Holdings Corp.*, No. 14-10979-CSS (Bankr. D. Del.) (hereinafter the "Bankruptcy Proceedings").

H.      With respect to Sierra Club's Merits Appeal, on April 30, 2014, Luminant filed a notice with the United States Court of Appeals for the Fifth Circuit of the pendency of the Bankruptcy Proceedings. Fifth Cir. ECF No. 00512614276. On May 5, 2014, the Fifth Circuit Court of Appeals issued a letter confirming that Sierra Club's Merits Appeal was stayed pending disposition of the Bankruptcy Proceedings pursuant to 11 U.S.C. § 362(a). Fifth Cir. ECF No. 00512618411 (filed Apr. 30, 2014). As described above, the Fee Appeal has now been included with the Merits Appeal.

I.      Luminant filed a notice of the Bankruptcy Proceedings and automatic stay in the Martin Lake case on April 30, 2014. The case currently remains stayed pursuant to 11 U.S.C. § 362(a).

J.      The United States has alleged violations of the Act at Luminant's Martin Lake and Big Brown power plants, and has filed the following case against Luminant Generation Company LLC and Big Brown Power Company LLC, which is currently pending in the U.S. District Court for the Northern District of Texas: *United States of America v. Luminant Generation Company LLC and Big Brown Power Company LLC*, No. 3:13-cv-03236-K (N.D. Tex.) (hereinafter, the "New Source Review Case").

K.      On October 4, 2013, pursuant to a settlement agreement entered into by Sierra Club, Environmental Integrity Project ("EIP") and EPA, Bahr Law Offices, P.C., on behalf of its clients, Sierra Club and EIP, submitted a Freedom of Information Act ("FOIA") request (the "FOIA Request") to EPA requesting copies of "documents originating from [Luminant] that were included in EPA's referral package related to EPA's July 13, 2012, Notice and Finding of Violation"[1] that EPA submitted to the U.S. Department of Justice in connection with seeking to file the New Source Review Case and other records having a reasonable relationship to the referral package (collectively, the "Luminant Referral Documents").

L.      On March 25, 2014, Luminant filed a lawsuit in the U.S. District Court for the Eastern District of Texas relating to the confidential nature of the contents of the Luminant Referral Documents: *Luminant Generation Company LLC v. U.S. Environmental Protection Agency*, No. 4:14-cv-172-RC-ALM (E.D. Tex.) (the "Reverse FOIA Case"). On

---

[1] *See* page 1 of FOIA Request attached hereto as <u>Exhibit A</u>.

August 20, 2014, Sierra Club and EIP moved to intervene in the Reverse FOIA Case (the "Reverse FOIA Intervention Motion").

M. On February 24, 2014, EIP submitted a petition on behalf of EIP and Sierra Club asking the U.S. Environmental Protection Agency ("EPA") to object to the renewal of the Title V Operating Permit for the Martin Lake Steam Electric Station, Permit No. O53. On March 3, 2014, EIP submitted petitions on behalf of EIP and Sierra Club asking EPA to object to the renewals of Title V Permit No. O65 for the operation of the Big Brown Steam Electric Station and Title V Permit No. O64 for the operation of the Monticello Steam Electric Station. (These petitions for objection are hereinafter collectively referred to as the "Title V Objection Petitions.")

N. On July 16, 2014, Sierra Club and EIP filed a case styled *Environmental Integrity Project and Sierra Club v. Gina McCarthy, Administrator, U.S. Environmental Protection Agency*, No. 14-1196-CRC (D. D.C.), challenging EPA's failure to timely respond to the Title V Objection Petitions (the "Title V Timing Lawsuit").

O. Through this Agreement, the Parties have agreed as follows: (1) the CAA Cases (including the Consolidated Appeal) and the NOI Claims will be resolved and compromised without further litigation, Sierra Club will withdraw and release the NOI Claims, and Sierra Club and Luminant will file a joint Notice of Satisfaction of Judgment extinguishing Sierra Club's monetary liability under the Fee Order, (2) Luminant will not oppose Sierra Club's motion to intervene in the New Source Review Case under the negotiated limitations contained herein, and Luminant will provide Sierra Club with access to the Luminant Referral Documents under the terms of a sealing or protective order entered in the New Source Review Case, (3) Sierra Club will cause the FOIA Request to be withdrawn and will not reinitiate any request for the Luminant Referral Documents, and will withdraw its motion to intervene in and not reinitiate participation in the Reverse FOIA Case, and has secured EIP's agreement to do the same, (4) Sierra Club will withdraw and not refile or further participate in the Title V Objection Petitions or subsequent litigation related to EPA's action on the Title V Objection Petitions and will withdraw with prejudice from the Title V Timing Lawsuit, and (5) to the other mutually beneficial consideration set forth herein. The Agreement will not affect any regulatory, permitting, or court actions beyond those identified in this Agreement (which identified matters include, for clarity, the mutual general releases of claims up to and including the Effective Date (as such term is defined herein)).

P. The Parties have negotiated this agreement in good faith and each has been represented by legal counsel in the negotiation and drafting of this Agreement.

## AGREEMENT

Without any admission of fact or law, and without conceding any jurisdictional or other claims or defenses, the Parties hereby agree as follows:

### I. APPLICABILITY AND EFFECTIVE DATE

1. Upon execution of this Agreement by the Parties, the provisions of this Agreement shall apply to and be binding on and inure to the benefit of the Parties and each of their

respective directors, officers, employees, parents, subsidiaries, corporate affiliates and authorized agents, and the predecessors, successors and assigns of any of them, subject to paragraph 2, below.

2.    Within five business days of execution of this Agreement by the Parties, Luminant shall file a motion with the Bankruptcy Court requesting approval of this Agreement. In the event that the Bankruptcy Court does not approve this Agreement, the Agreement shall be null and void, and the Parties will revert to the rights they had before the Agreement was executed.

3.    The effective date of this Agreement (the "Effective Date") shall be 15 days from the date upon which this Agreement is approved by order of the Bankruptcy Court ("Bankruptcy Approval Order"), assuming there is no appeal of the Bankruptcy Approval Order. Consistent with the commitments herein, Luminant Parties shall not seek to collect on the Fee Order, and Sierra Club shall not pursue the CAA Cases, the Consolidated Appeal, the NOI Claims, the Title V Objection Petitions, or intervention in or separate pursuit of the claims in the New Source Review Case, between the date of execution of this Agreement and the date of a final, non-appealable Bankruptcy Court order approving or denying this Agreement.

4.    In the event the Bankruptcy Approval Order is timely appealed, the Effective Date shall be the date upon which a final, non-appealable order affirming the Bankruptcy Approval Order is issued by the reviewing court. Consistent with the commitments herein, Luminant Parties shall not seek to collect on the Fee Order, and Sierra Club shall not pursue the CAA Cases, the Consolidated Appeal, the NOI Claims, the Title V Objection Petitions or intervention in or separate pursuit of the claims in the New Source Review Case, during the pendency of an appeal of the Bankruptcy Approval Order.  In the event that the Bankruptcy Approval Order is not upheld on appeal, the Agreement shall be null and void, and the Parties will revert to the rights they had before the Agreement was executed.

5.    The results of any restructuring, transfer, or sale of EFH, Luminant, or any subsidiaries or assets thereof shall not operate to diminish the rights or obligations of any Party or their successors or assigns under this Agreement, or alter the terms of this Agreement in any way.  Nothing in the Agreement shall affect the rights of Sierra Club to pursue claims against successors to the Luminant Parties relating to sources or sites not owned or operated by the Luminant Parties or their affiliates as of the Effective Date.

## II. RESOLUTION OF CAA CASES

6.    Each Party shall bear its own fees and costs incurred in connection with the Martin Lake case, the Consolidated Appeal, and the Reverse FOIA Case.  Sierra Club's monetary liability under the Fee Order is resolved pursuant to paragraph 7.  Sierra Club shall bear all court costs incurred in connection with the Consolidated Appeal.

7.    Luminant Parties, and their present and former parents, subsidiaries, affiliates, agents and attorneys and the predecessors, heirs, successors and assigns of any of them, specifically waive any right to enforce or collect the Fee Order, or any portion thereof, against Sierra Club.  Luminant Parties agree that upon the Effective Date, the Fee Order is satisfied.

8.  Within five business days of the execution of this Agreement, and contemporaneous with the motion requesting the Bankruptcy Court's approval of this Agreement in paragraph 2, Luminant shall move the Bankruptcy Court(a) to lift the stay of the Consolidated Appeal and the Martin Lake case for the sole purpose of filing the motions and notices described in subsections (b)(i)-(ii) of this paragraph, and (b) for an order (i) allowing Sierra Club to file an unopposed motion to dismiss the Consolidated Appeal pursuant to Federal Rule of Appellate Procedure 42 and Fifth Circuit Rule 42.1, in the form of <u>Exhibit C</u>, and not refile, and to allow the United States Court of Appeals for the Fifth Circuit to enter an order of dismissal of the Consolidated Appeal; and (ii) allowing the Parties to file a stipulated notice of voluntary dismissal with prejudice of the Martin Lake case, in the form of <u>Exhibit D</u>.

9.  Within five business days of the Effective Date or the Bankruptcy Court's order lifting the stay of the Consolidated Appeal, whichever occurs later, Sierra Club shall file with the United States Court of Appeals for the Fifth Circuit the Unopposed Motion to Dismiss, attached as <u>Exhibit C</u>, with respect to the Consolidated Appeal.

10. Within five business days of the Effective Date or the Bankruptcy Court's order lifting the stay of the Martin Lake case, whichever occurs later, the Parties shall file with the United States District Court for the Eastern District of Texas the Stipulation of Voluntary Dismissal, attached as <u>Exhibit D</u>, with respect to the Martin Lake case.

11. Within five business days of the Effective Date, the Parties shall file with the United States District Court for the Western District of Texas the Joint Notice of Satisfaction of Judgment, attached as <u>Exhibit E</u>, with respect to the Fee Order.

### III. ADDITIONAL COVENANTS

12. The Parties agree that if Sierra Club seeks to intervene in the United States' New Source Review Case, it shall be only on the terms set forth in the Unopposed Motion to Intervene attached as <u>Exhibit B</u>.  Luminant Parties will not oppose Sierra Club's intervention as violative of the Bankruptcy Court stay, or as untimely based on any period of delay in the Effective Date pursuant to paragraph 4.

13. If the Sierra Club intervenes in the New Source Review Case, Luminant shall provide Sierra Club with the Luminant Referral Documents under a sealing or protective order entered by the court which restricts use of the documents to the New Source Review Case.

14. Sierra Club on its own behalf and on behalf of its present and former directors, officers, employees, parents, subsidiaries, chapters, corporate affiliates, and authorized agents, and the predecessors, successors and assigns of any of them (collectively, the "Sierra Club Waiving Parties"), releases and waives, and hereby covenants and agrees that such Sierra Club Waiving Parties will not sue for or fund any third parties in suing for, any and all claims against the Luminant Parties or their directors, officers, employees, subsidiaries, affiliates, attorneys, or successors accruing or arising from any acts or events occurring prior to and through the Effective Date, including but not limited to claims that were made or could have been made in the CAA Cases, the Title V Petitions, and the NOI Claims, excluding only the right to move to intervene in support of the claims alleged by the government in the New Source Review Case in accordance with paragraph 12.  Sierra Club Waiving Parties shall not make any further appearances or file any claims in the Bankruptcy

Proceedings. For the avoidance of doubt, the fact that the applicable governmental statute, regulation, or permit was adopted or issued prior to the Effective Date shall not, in and of itself, affect the right of Sierra Club to assert claims accruing or arising out of acts or events which occur after the Effective Date. Sierra Club shall be fully responsible for any breach of this Agreement by any of the Sierra Club Waiving Parties.

15. Luminant Parties on each of their own behalf and on behalf of their respective present and former directors, officers, employees, parents, subsidiaries, corporate affiliates and authorized agents, and the predecessors, successors and assigns of any of them (collectively, the "Luminant Waiving Parties"), release and waive any and all claims against Sierra Club arising out of (a) the CAA Cases, the NOI Claims, the Title V Objection Petitions, the Reverse FOIA Case, the Fee Order, the Merits Appeal, and the Fee Appeal accruing prior to and through the Effective Date, or (b) Sierra Club's previous appearance and motions in the Bankruptcy Proceedings regarding the Fee Order. Luminant Parties on each of their own behalf and on behalf of the Luminant Waiving Parties release and waive all claims against Earthjustice accruing or arising from the Martin Lake case or Big Brown case. Subject to EIP's withdrawal of the FOIA Request, withdrawal of its motion to intervene in the Reverse FOIA Case, and its refraining from reinitiating the FOIA Request or motion to intervene, Luminant Parties on each of their own behalf and on behalf of the Luminant Waiving Parties release and waive all claims against EIP accruing or arising from the Big Brown case, Martin Lake case, or the Reverse FOIA case. Except as expressly provided in this paragraph 15, nothing herein shall affect the rights of the Luminant Waiving Parties to assert claims or defenses against EIP or Earthjustice. The Luminant Parties shall be fully responsible for any breach of this Agreement by any of the Luminant Waiving Parties.

16. Within ten calendar days after the Effective Date: (a) Sierra Club will withdraw the NOI Claims by letter to Luminant and EFH, (b) Sierra Club will by letter to EPA withdraw its request for disclosure of any further documents under the FOIA Request and will not reinitiate any FOIA request seeking the Luminant Referral Documents, (c) Sierra Club will withdraw, or seek a court order allowing withdrawal, from and not reinitiate participation in the Reverse FOIA Case, (d) Sierra Club will withdraw from participation in the Title V Objection Petitions by letter to EPA, and (e) Sierra Club will withdraw with prejudice from the Title V Timing Lawsuit and Sierra Club will not be a party to any consent decree that may be entered in the Title V Timing Lawsuit. Sierra Club hereby represents and warrants that it has secured EIP's agreement to also withdraw from the Reverse FOIA Case (or seek a court order allowing withdrawal), withdraw the FOIA Request, and not reinitiate any FOIA request seeking the Luminant Referral Documents. Sierra Club's withdrawal from the Title V Objection Petitions and the Title V Timing Lawsuit shall not affect any rights that EIP or the Luminant Parties may otherwise have with respect to the Title V Objection Petitions or the Title V Timing Lawsuit.

## IV. GENERAL PROVISIONS

17. The Parties agree that irreparable damage would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached. Accordingly, and notwithstanding the provisions in paragraph 18,

6

either Party may immediately seek an injunction or injunctions to prevent breaches of this Agreement by the other Party and to enforce specifically the terms and provisions of this Agreement.

18.  A Party ("Non-Breaching Party") shall provide written notice to the other Party ("Breaching Party") within 30 days of the Non-Breaching Party's discovery of any alleged breach of this Agreement by the Breaching Party for which the Non-Breaching Party desires to seek monetary damages. Upon receipt of any written notice of such breach, the Breaching Party has 15 days to cure such alleged breach. If after 15 days such alleged breach has not been cured to the satisfaction of the Non-Breaching Party, the Non-Breaching Party may seek a court order demanding monetary damages. The Non-Breaching Party may not unreasonably refuse to accept the Breaching Party's cure of such an alleged breach of an affirmative obligation set forth in this Agreement, nor may it seek monetary damages for any such breach that is cured within the 15-business day cure period.

19.  The terms of this Agreement may be modified only by a subsequent written agreement signed by the Parties.

20.  Except as specifically provided herein, this Agreement does not limit, enlarge, or affect the rights of any party to this Agreement as against any third parties.

21.  This Agreement constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied herein. Except as provided herein, no document, representation, inducement, agreement, understanding, or promise constitutes any part of this Agreement, nor shall they be used in construing the terms hereof. No party has relied on any statement not set forth herein as an inducement to enter into this Agreement. For clarity, the settlements and compromises reached in this Agreement shall not alter, change or affect any prior settlements in which the Parties were involved, even if involving the plants at issue here.

22.  Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind to this document the Party he or she represents.

23.  This Agreement may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

24.  All communications relating to the execution and implementation of this Agreement shall be directed in writing by United States mail and by electronic mail to the following recipients:

    For Sierra Club:

        Pat Gallagher
        pat.gallagher@sierraclub.org
        Elena Saxonhouse
        elena.saxonhouse@sierraclub.org
        Sierra Club Environmental Law Program
        85 Second Street, Second Floor

*EXECUTION VERSION*

    San Francisco, CA 94105

For Luminant:

    Stephanie Zapata Moore
    1601 Bryan Street, 22nd Floor
    Dallas, Texas 75201
    stephanie.moore@luminant.com

    Daniel Jude Kelly
    1601 Bryan Street, 43rd Floor
    Dallas, Texas 75201
    Daniel.Kelly@energyfutureholdings.com

**[SIGNATURE PAGE FOLLOWS.]**

For Luminant Generation Corporation LLC
and Big Brown Power Company LLC:

_____
Stephanie Zapata Moore
Vice President & General Counsel

Date: November 24, 2014

For Energy Future Holdings Corp.:

_____
Daniel Jude Kelly
Vice President & Associate General Counsel

Date: Nov. 24, 2014


For Sierra Club:

_____
Bruce Nilles
Senior Director
Beyond Coal Campaign

Date:_____

9

For Luminant Generation Corporation LLC
and Big Brown Power Company LLC:

_____

Stephanie Zapata Moore
Vice President & General Counsel

Date:_____

For Energy Future Holdings Corp.:

_____

Daniel Jude Kelly
Vice President & Associate General Counsel

Date:_____

For Sierra Club:

*[signed] Bruce Nilles*

Bruce Nilles
Senior Director
Beyond Coal Campaign

Date: 11/21/14