**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 2894** |

**DECLARATION OF CARLA HOWARD, SENIOR VICE PRESIDENT AND GENERAL TAX COUNSEL, IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO SETTLE AND PAY PREPETITION PROPERTY TAXES**

I, Carla Howard, declare as follows:

1. I am a Senior Vice President and General Tax Counsel of Energy Future Holdings Corp., Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and Energy Future Intermediate Holding Company LLC. I submit this declaration (this "Declaration") in support of the *Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order Authorizing the Debtors to Pay Prepetition Property Taxes* (the "Motion").[2]

2. Except where specifically noted, the statements in this Declaration are based on my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' employees and advisors. If I were called upon to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

3. On the Petition Date, the Debtors filed the Taxes Motion, seeking authority to negotiate, remit, and pay prepetition sales, use, state income, franchise, margin, real and personal property, and other taxes, and prepetition operational and other similar fees (collectively, as defined and further described in the Taxes Motion, the "Taxes and Fees").

4. On May 2, 2014, the Court granted interim relief authorizing the Debtors to (a) pay all outstanding prepetition Taxes and Fees in an aggregate amount not to exceed $80.74 million, and (b) negotiate and pay postpetition Taxes and Fees [D.I. 320].

5. On June 4, 2014, the Court entered the Final Taxes Order authorizing the Debtors to (a) pay all outstanding prepetition Taxes and Fees up to the Initial Tax and Fee Cap, and (b) negotiate and pay all postpetition Taxes and Fees.

6. In the months leading to the Petition Date, the Debtors and their advisors estimated the Debtors' total liability to the Taxing and Regulatory Authorities on account of Taxes and Fees that arose or accrued before the Petition Date.  These estimates were based on a number of assumptions relating to the Debtors' financial and operational results from prior tax periods, as well as extrinsic factors, and formed the basis for the Initial Tax and Fee Cap.

7. Since the Petition Date, the Debtors have paid to the Taxing and Regulatory Authorities (or such other appropriate third parties responsible for remitting such payments to the Taxing and Regulatory Authorities) approximately $82 million in the aggregate on account of prepetition Taxes and Fees, as such amounts have become due and owing in the ordinary course of business.[3]  Accordingly, as of November 2014, the Debtors estimate that there are

---

[3] Specifically, in the ordinary course of business the Debtors negotiate and settle scores of Property Tax claims with the applicable Taxing Authorities, including with respect to the assessed value of the underlying property,

2

approximately $64.7 million of remaining availability under the Initial Tax and Fee Cap for prepetition Taxes and Fees.

8.  The initial Tax and Fee Cap was based on assessed valuations as of the time and on an accrual of the tax amounts through April 2014.  In light of updated valuations, and taking into account all prepetition obligations for all taxes, including Texas Margin Taxes, Other State Income and Margin Taxes, Sales and Use Taxes, certain variable-rate Fees, and all 2014 tax year real and personal property taxes (the "Property Taxes"), the Debtors now need authority to pay an additional amount of such prepetition Taxes and Fees.

9.  Based on the updated information and full-year calculations, the Debtors have determined that there is approximately $120 million remaining to be paid on account of prepetition Taxes and Fees, of which approximately $100 million relates to Property Taxes. Although the majority of the outstanding Taxes and Fees in excess of the Initial Tax and Fee Cap relate only to Property Taxes, the Initial Tax and Fee Cap limits the Debtors' ability to pay all types of Taxes and Fees.

10.  The Debtors are subject to property tax claims and other tax claims in approximately 500 jurisdictions in Texas.  As discussed above, in the ordinary course of business, the Debtors negotiate and settle scores of Property Tax claims with applicable Taxing Authorities, including with respect to the assessed value of the underlying property, the applicable tax rates, and proposed payment schedules.  Additionally, the Debtors and the Taxing

---

the applicable tax rates, and proposed payment schedules. Additionally, the Debtors and the Taxing Authorities may agree to lower tax assessments in exchange for payment earlier than the last day permitted by law before a penalty is imposed. The Debtors believe that the authority in the Final Taxes Order includes the ability to negotiate with the Taxing Authorities and reach agreement as to the actual amount that is due and owing, especially where such amount is less than the amount initially assessed or invoiced by the Taxing Authorities. In an abundance of caution , the Debtors seek to clarify in the Order their authority to continue negotiating, settling, and satisfying those Property Taxes that the Debtors determine, in the exercise of their sound business judgment, are actually due and owing to the Taxing Authorities.

3

Authorities may agree to lower tax assessments in exchange for the Debtors' agreement to make payment before the last day such payment can be made without penalty.

11.     The Debtors must continue to pay the Property Taxes to continue operating in certain jurisdictions, avoid interest and penalties, avoid tax liens being placed on assets, and to avoid costly distractions during these chapter 11 cases.   Also, the Debtors believe that some, if not all, of the Taxing Authorities will pursue other remedies if certain of the Property Taxes are unpaid, thus unnecessarily diverting the Debtors' attention away from the operations of their businesses and the reorganization process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 25, 2014                    Respectfully submitted,

*/s/ Carla Howard*
Carla Howard
Senior Vice President and General Tax Counsel
Energy Future Holdings Corp. and certain subsidiaries

RLF1 11197508v.1