IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : | Case No. 14-10979 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

Objection Deadline: December 11, 2014 @ 4:00 p.m. (ET)
Hearing Date: December 18, 2014 @ 9:30 a.m. (ET)

## MOTION OF ALLEN SHRODE FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Allen Shrode ("Shrode" or "Movant"), by and through his undersigned counsel, hereby moves (the "Motion") pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") for an order granting relief from the automatic stay to permit Movant to proceed with his personal injury claim now pending in Texas state court against Luminant Energy Company, LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, and Luminant Renewables Company LLC (collectively, the "Debtor Defendants"), as well as other defendants. In support of this Motion, Movant respectfully states as follows:

### PRELIMINARY STATEMENT

On or about December 2, 2013, Princess Three Operating LLC ("Princess Three", a Non-Debtor Defendant as defined below) entered into a Contract for Services ("Contract for

---

[1] The last four digits of Energy Future Holding Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Services")[2] with Oak Grove Management LLC to perform certain plugging work on oil and gas wells located at the Kosse Mine in Limestone County, Texas (the "Plug and Abandon Project"). Pursuant to the Contract for Services, Princess Three was required to maintain: (i) workers' compensation and employers' liability insurance, (ii) commercial general liability insurance, (iii) automobile liability insurance, and (iv) excess liability insurance (the employers' liability insurance, commercial general liability insurance, automobile liability insurance, and excess liability insurance shall be collectively referred to as the "Princess Three Insurance Policies"), all at certain levels set forth in the Contract for Services, Attachment 03 "Contractors Insurance Requirements".[3] Princess Three was required to name the Debtors (defined below) as additional insureds on all such policies except the workers' compensation policy, on which Princess Three was required to name the Debtors as an alternate employer. *Id.* Additionally, Princess Three agreed to defend, protect, indemnify and hold harmless the Debtors from and against all claims, causes of action, or any other basis and of every kind and character whatsoever, for personal injury of any member of the "CONTRACTOR Group" (as defined in the Contract for Services and of which Movant would be a member), arising out of or incident to or related in any way to, directly or indirectly, the Contract Services Agreement, or the Plug and Abandon Project work, services, or materials to be performed or supplied. *See* Contract for Services, Attachment 04 "Standard Terms and Conditions".

---

[2] The Contract for Services was produced to Movant under this Court's Confidentiality Agreement and Stipulated Protective Order [Dkt. No. 1833], entered on August 13, 2014, and identified as "Confidential". Accordingly, a copy of the Contract for Services is not attached hereto but can be made available at any hearing, as necessary.

[3] It bears noting that the commercial general liability insurance, automobile liability insurance, and excess liability insurance policies are required to contain provisions specifying that the policies are primary as to the Debtors and will apply without consideration for other policies separately carried by the Debtors. Further, Princess Three is responsible for any deductibles or retentions under the Princess Three Insurance Policies, not the Debtors.

On or about January 10, 2014, Movant was asked by Non-Debtor Defendants to perform such welding cuts on the casing and/or piping underneath a certain oil and gas well (the "Well") in connection with the Plug and Abandon Project. Movant suffered horrific injuries while he cut the casing and/or piping of the Well, as the wellhead and upper casing tipped over onto him, crushing his face and body into the ground and trapping him inside the bell hole. As a result of the falling casing and/or wellhead, Movant's pelvis, back, ribs, shoulder and head were crushed and he was asphyxiated. Movant was further injured in the attempted extrication of him from the bell hole.

On April 24, 2014, Movant commenced the State Court Action (defined below) against the Debtor Defendants and Non-Debtor Defendants. The State Court Action has been stayed as a result of the Debtors' bankruptcy filings. Prior to the filing of this Motion, Movant and the Debtors were in discussions in an attempt to reach a resolution regarding stay relief. Movant is prepared to limit any recovery on a judgment against the Debtors to the coverage provided by the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors. The Debtors, however, were not able to stipulate to such relief, as, upon information and belief, they tendered the claim to Princess Three's insurer pursuant to the indemnification provisions in the Contract for Services and the Princess Three Insurance Policies under which the Debtors are an additional named insured, and Princess Three's insurer denied the tender of such claim. Accordingly, Movant files this Motion for relief from the stay to allow the State Court Action to proceed so that he can cover much needed medical and other expenses.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 362 of the Bankruptcy Code and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Pursuant to Del. Bankr. L.R. 9013-1(f), Movant consents to the entry of final orders solely with regards to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## GENERAL BACKGROUND

3. On April 29, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced their bankruptcy cases by filing voluntary petitions in this Court for relief under chapter 11 of Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## THE STATE COURT ACTION

5. On April 24, 2014, Movant filed his Plaintiff's Original Petition and Request for Disclosure in the 68th District Court of Dallas County, Texas under Case No. DC-14-04399; *Allen Shrode v. Luminant Energy Company LLC, et al.* (the "Petition"), raising personal injury claims based in negligence (the "State Court Action") against the Debtor Defendants and the Non-Debtor Defendants. A true and correct copy of the Petition in the State Court Action is attached hereto and incorporated herein for all purposes as **Exhibit A.**

6. Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, and Luminant Renewables Company LLC are each a debtor in these jointly administered bankruptcy cases and a defendant in the State Court Action.

7. Princess Three Corporation, Princess Three Operating LLC, and R Construction Company (collectively, the "Non-Debtor Defendants"), are non-Debtors but are also defendants in the State Court Action.

8. Allen Shrode, who is the Movant, is the sole plaintiff in the State Court Action.

9. On or about May 1, 2014, a Notice of Suggestion of Pendency of Bankruptcy for Energy Future Holdings Corp., *et al.*, was filed in the State Court Action, notifying all parties of the Debtors' pending bankruptcy cases and the imposition of the automatic stay.

10. Movant desires to continue prosecuting the State Court Action and, because any legal proceedings against the Debtors are stayed under 11 U.S.C. § 362(a)(1), Movant brings this Motion for the limited purpose of lifting the automatic stay to allow the pursuit of his claims against the Debtor Defendants and the Non-Debtor Defendants in the State Court Action.

## RELIEF REQUESTED

11. Movant seeks an order from this Court modifying and terminating the automatic stay for the limited purpose of allowing Movant to pursue the State Court Action to a final judgment and will agree to limit his recovery in connection with any judgment against the Debtors to the coverage afforded under the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors. In support of the Motion, Movant respectfully submits that cause exists for the relief requested, pursuant to Bankruptcy Code section 362(d)(1).

## BASIS FOR RELIEF REQUESTED

12. Section 362(d)(1) provides that a court may terminate or modify the automatic stay upon the request of a party in interest "for cause." 11 U.S.C. § 362(d)(1). Cause is not defined in the Bankruptcy Code; it must be "determined on a case-by-case basis." *Izzarelli v.*

*Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Matter of Fernstorm Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). "The legislative history indicates that cause may be established by a single factor such as 'a desire to permit an action to proceed in another tribunal,' or 'lack of any connection with or interference with the pending bankruptcy case.'" *In re Rexene*, 141 B.R. at 576 (citing H.R. Rep. 95-595, 95th Cong., 1st Sess., 343-44 (1977).

13. As noted by this Court, the legislative history of section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. *In re Rexene*, 141 B.R. at 576. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (citing *In re SCO Group, Inc.*, 395 B.R. at 856) (quoting legislative history to section 362(d)(1) in H. R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977)).

14. This Court has set forth the following three-part balancing test for determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(a) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(b) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(c) Whether the creditor has a probability of prevailing on the merits.

*See In re Tribune Co.,* 418 B.R. at 126; *see also In re SCO Group, Inc.,* 395 B.R. at 857. This Court has also considered the effect on judicial economy in determining whether relief from the automatic stay is warranted. *In re Rexene,* 141 B.R. at 576.

15. Here, along with considerations of judicial economy, each of the factors weigh in favor of granting the Motion. First, the prosecution of Movant's claim in state court will not result in any prejudice or hardship to the Debtors or the Debtors' bankruptcy estates. The Movant's claim must eventually be liquidated. Because Movant's claims involve state law causes of action, this Court lacks jurisdiction to enter a formal judgment liquidating the claim. *Stern v. Marshall,* 564 U.S. 2, 131 S. Ct. 2594, 180 L. Ed. 26 (2011); *see also* 28 U.S.C. § 157(b)(5) (requiring personal injury tort claims to be tried in the district court in which the bankruptcy case is pending or in the district court in which the claim arose). Further, continuation of the State Court Action will not diminish the estates of the Debtors, particularly if Movant is limited in his recovery in connection with any judgment against the Debtors to the coverage afforded under the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors.

16. Second, the hardship to Movant caused by the continuation of the stay and the delay in seeking redress for his horrific injuries considerably outweighs any hardship to the Debtors caused by modification of the stay. Maintenance of the stay would be a great hardship to the Movant in that it not only would preclude Movant from proceeding against the Debtors, but against the Non-Debtor Defendants as well, thus significantly limiting the Movant's ability to recover appropriate monetary damages. Additionally, if the Movant is not permitted to liquidate his claims in the forum of his choice, the litigation in Delaware will have to be before the United

States District Court before a final judgment can be entered pursuant to *Stern*. As all of the witnesses, anticipated expert witnesses, and counsel to the parties are situated in Texas, moving the State Court Action to the United States District Court for the District of Delaware would cause Movant to incur substantial expense and inconvenience.

17. By contrast, the Debtors will not suffer any hardship if the State Court Action is allowed to proceed. The State Court Action is premised on a personal injury claim which does not present factual or legal issues which will impact or distract the Debtor Defendants from their reorganization process. Further, Princess Three has indemnified the Debtors in connection with the claims asserted in the State Court Action and is obligated to defend the Debtors.

18. The third factor also weighs in favor of the Movant. This Court has held that the required showing of a "probability of success on the merits" is very slight. . ." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). Moreover, this Court has also previously held that this factor "merely requires a showing that their claim is not frivolous". *In re Levitz Furniture Incorporated, et al.*, 267 B.R. 516, 523 (Bankr. D. Del. 2000); *see also Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 34 (1st Cir. 1994) ("[A] decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere."). A review of the Petition filed in the State Court Action shows that the claims presented therein are far from frivolous. Movant has a strong probability of prevailing on the merits of the State Court Action, as the facts set forth in the Petition filed therein establishes a solid foundation upon which an award of damages can be made.

19. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo.

1990). This Court has noted "the judicial economy of continuing existing actions rather than beginning the suit anew in another forum." *See In re Rexene*, 141 B.R. at 576. Here judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they were brought - the District Court of Dallas County, Texas. The District Court of Dallas County, Texas is also the more appropriate forum for a trial governed by Texas law. *See In re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); *see In the Matter of Baker*, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise).

20. In addition, from a public policy perspective, it is important to note that the State Court Action is based entirely upon state law. All of the claims made by Movant, which are based on negligence claims stemming from a personal injury claim, arise under the laws of the State of Texas. The Texas State Court has special expertise to hear the State Court Action, which will involve issues entirely governed by Texas law, and therefore, a Texas State Court is the appropriate forum for the liquidation of Movant's claims. *See In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) (stating, while construing 28 U.S.C. § 1334(c), that "a clear congressional policy exists to give state law claimants a right to have claims heard in state court."). Therefore, the State Court Action should be permitted to proceed in the interest of comity and judicial efficiency.

21. In cases where the debtors maintain liability insurance coverage, courts will generally allow creditors to proceed with their claims against debtors for the purpose of collecting from the debtor's liability insurer. *See, e.g., Perez v. Cumberland Farms, Inc.*, 213

9

B.R. 622 (D. Mass. 1997) (holding that third party would be allowed to proceed with her lawsuit against debtor for purpose of recovering from debtor's insurer); *see also Foust v. Munson S.S. Lines,* 299 U.S. 77, 87, 57 S.Ct. 90, 95, 81 L.Ed. 49 (1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy."); *Matter of Fernstrom Storage & Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991) (holding that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors."). Here, Movant is not even seeking a recovery from insurance policies paid for and maintained by the Debtors, but is willing to limit his recovery in connection with any judgment against the Debtors to the coverage afforded under the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors.[4]

22.  "Generally, in the determination of 'cause,' section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *In re Rexene,* 141 B.R. at 577. Movant respectfully submits that he has established a prima facie case demonstrating "cause" for stay relief.

23.  Accordingly, Movant respectfully requests the Court to lift the stay to allow for the relief requested herein to allow Movant to adjudicate and liquidate his claims in Texas State Court.

---

[4] Movant, however, reserves the right to enforce any judgment against any Non-Debtor Defendant in the State Court Action pursuant to the full spectrum of applicable law.

24. To the extent necessary, Movant seeks relief from the stay to name any additional Debtor as a defendant to the State Court Action, with the understanding that Movant will limit any recovery in connection with any judgment against such Debtor to the coverage afforded under the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors.

25. Finally, Movant requests that the Court waive the fourteen-day stay provided in Rule 4001(a)(3) and allow Movant to pursue his claims immediately.

## **NOTICE**

26. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for all official committees, (d) counsel for the debtor-in-possession lenders; and (e) any other party directly affected by the Motion. In light of the nature of the relief requested herein, Movant submits that no other or further notice is necessary or required under Del. Bankr. L.R. 4001-1(a).

**WHEREFORE**, Movant respectfully requests that the Court enter an order, in substantially the form attached hereto (i) granting the relief requested herein, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November 26, 2014

By: <u>*/s/ David W. Carickhoff*</u>
David W. Carickhoff (No. 3715)
Jennifer L. Dering (No. 4918)
ARCHER & GREINER
A Professional Corporation
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone (302) 777-4350
Facsimile (302) 777-4352
Email  dcarickhoff@archerlaw.com

*-and-*

Ryan C. Johnson, Esq.
Rod Squires, Esq.
JOHNSON HOBBS SQUIRES LLP
1105 Wooded Acres Drive, Suite 701
Waco, TX 76710
Telephone (254) 732-2242
Facsimile (866) 627-3509
Email  rjohnson@jhsfirm.com

*Attorneys for Allen Shrode*