# EXHIBIT "A"

FILED
DALLAS COUNTY
4/24/2014 2:08:32 PM
GARY FITZSIMMONS
DISTRICT CLERK

Smith Gay

7 CIT/ ATTY

CAUSE NO. _____

DC-14-04399

| | | |
|---|---|---|
| ALLEN SHRODE, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| LUMINANT ENERGY COMPANY LLC, | § | |
| LUMINANT GENERATION COMPANY LLC, | § | |
| LUMINANT MINING COMPANY LLC, | § | |
| LUMINANT RENEWABLES COMPANY LLC, | § | |
| PRINCESS THREE CORPORATION, | § | |
| PRINCESS THREE OPERATING LLC, AND | § | |
| R CONSTRUCTION COMPANY, | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, **ALLEN SHRODE** ("Plaintiff" or "Shrode"), files this its Original Petition and Request for Disclosure against Defendants, **LUMINANT ENERGY COMPANY LLC, LUMINANT GENERATION COMPANY LLC, LUMINANT MINING COMPANY LLC, LUMINANT RENEWABLES COMPANY LLC** (collectively, the "Luminant Defendants" or "Luminant"), and **PRINCESS THREE CORPORATION, PRINCESS THREE OPERATING LLC** (collectively, the "Princess Defendants" or "Princess"), and **R CONSTRUCTION COMPANY** ("Defendant" or "R Construction") and would respectfully show the Court as follows:

### I.    DISCOVERY

1.    Discovery in this suit is to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II.    PARTIES

2.    Plaintiff is an individual citizen of the State of Texas and resides in Limestone County with his principal address located at 272 LCR 399, Groesbeck, Texas 76642.

3.    Defendant Luminant Energy Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201.  It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Luminant Generation Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201.  It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.    Defendant Luminant Mining Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201.  It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.    Defendant Luminant Renewables Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201.  It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.    Defendant Princess Three Corporation is a Texas for-profit corporation with its principal place of business located at P.O. Box 1983, Henderson, Texas 75653.  It may be served with process by serving its registered agent, Donna Flaherty, located at 2400 State Highway 322 North, Henderson, Texas 75652.

---

8.      Defendant Princess Three Operating LLC is a Texas limited liability company with its principal place of business located at P.O. Box 1983, Henderson, Texas 75653.  It may be served with process by serving its registered agent, Donna Lattanzi, located at 2400 State Highway 322 North, Henderson, Texas 75652.

9.      Defendant R Construction Company is a Texas for-profit corporation with its principal place of business located at P.O. Box 189, Buffalo, Texas 75831.  It may be served with process by serving its registered agent, Thomas J Howell, located at 3710 Rawlins Street, Suite 950, Dallas, Texas 75219.

### III.    JURISDICTION AND VENUE

10.      This Court has jurisdiction over Defendants because they are generally present in the State of Texas and have committed torts in whole or in part in Texas.

11.      Venue is proper in Dallas County because this is where all or substantially all of the events in question occurred and/or because it is the county of one or more of the named defendants' principle office in this state.  TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(3), 15.005 (Vernon 1986).

### IV.    FACTS

12.      Luminant is the owner and/or operator of an oil and gas well (the "Well") located on the Kosse Mine in Limestone County, Texas.  On information and belief, Luminant hired Princess and/or R Construction to perform work on the Well site.  At Luminant's direction, Princess provided, among other things, a workover rig and other construction equipment on the Well site.

13.      On or about January 10, 2014, Defendants began to plug and abandon several oil and gas wells, including the Well at issue, at the Kosse Mine (the "plug and abandon project").  As part of the plug and abandon project, Plaintiff was asked by Princess and/or R Construction to perform certain welding cuts on the Well's casing and/or piping, underneath the wellhead.

14.     Prior to making the welding cuts, Princess and/or Luminant dug a bell hole approximately five feet deep surrounding the Well. Defendants requested that Plaintiff climb into the bottom of the bell hole and required that Plaintiff cut portions of the Well's casing and/or piping in an attempt to separate the Well head from the remainder of the Well. While Plaintiff was performing the weld cuts, Defendants were supposed to be holding the wellhead in place using certain chains and mechanical equipment and/or heavy machinery.

15.     While Plaintiff cut the casing and/or piping of the Well, the wellhead and upper casing tipped over onto Plaintiff, crushing his face and body into the ground and trapping him inside the bell hole. As a result of the falling casing and/or wellhead, Plaintiff's pelvis, back, ribs, shoulder and head were crushed and Plaintiff was asphyxiated. Plaintiff was further injured in Defendants' attempted extrication of Plaintiff from the bell hole.

16.     For these and related reasons, Defendants should be made liable to Plaintiff for its damages.

## V. NEGLIGENCE OF THE PRINCESS DEFENDANTS AND R CONSTRUCTION

17.     Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

18.     The Princess Defendants and R Construction, by and through their officers, employees, agents and representatives, violated their duty of care and on the occasion in question, committed acts of omission and/or commission in the management, oversight, operation, inspection of the Well and operation of mechanical equipment at the Well site, which collectively and severally, constitute negligence. Defendants' negligent acts and omissions include without limitation the following:

    (1)     Princess and R Construction negligently and carelessly operated mechanical equipment at the Well site;

    (2)     Princess and R Construction negligently and carelessly managed the plug and abandon project at the Well site;

(3)    Princess and R Construction negligently and carelessly maintained and inspected the Well head during the plug and abandon project;

(4)    Princess and R Construction negligently and carelessly performed safety inspections and oversight of the plug and abandon project;

(5)    Princess and R Construction negligently and carelessly applied safety policies and procedures during the plug and abandon project on the Well site;

(6)    Princess and R Construction negligently and carelessly selected and monitored its agents or contractors responsible maintaining the Well head during the plug and abandon project;

(7)    Princess and R Construction negligently and carelessly allowed the Well head and/or Well casing to fall onto Plaintiff;

(8)    Princess and R Construction negligently and carelessly failed and/or omitted to warn Plaintiff of the falling Well head and/or Well casing;

(9)    Princess and R Construction negligently and carelessly supervised its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well; and

(10)    Princess and R Construction negligently and carelessly trained its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well.

19.    The above-referenced conduct independently and/or in conjunction was/were a proximate cause of the Plaintiff's damages for which it seeks compensation in this suit.

## VI. NEGLIGENCE OF THE LUMINANT DEFENDANTS

20.    Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

21.    The Luminant Defendants, by and through their officers, employees, agents and representatives, violated its duty of care and on the occasion in question, committed acts of omission and/or commission in the design, management, oversight, inspection and operation of the plug and abandon project on the Well, which collectively and severally, constitute negligence. Defendants' negligent acts and omissions include without limitation the following:

(1)    Luminant negligently and carelessly designed the plug and abandon project;

(2)    Luminant negligently and carelessly managed the plug and abandon project;

(3)     Luminant negligently and carelessly maintained and inspected the Well site prior to the plug and abandon project;

(4)     Luminant negligently and carelessly performed safety inspections and oversight on the plug and abandon project;

(5)     Luminant negligently and carelessly applied safety policies and procedures on the plug and abandon project;

(6)     Luminant negligently and carelessly selected and monitored its agents or contractors responsible for maintaining and inspecting the plug and abandon project;

(11)    Luminant negligently and carelessly allowed the Well head and/or Well casing to fall onto Plaintiff;

(12)    Luminant negligently and carelessly failed and/or omitted to warn Plaintiff of the falling Well head and/or Well casing;

(13)    Luminant negligently and carelessly supervised its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well; and

(14)    Luminant negligently and carelessly trained its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well.

22.     The above-referenced conduct independently and/or in conjunction was/were a proximate cause of the Plaintiff's damages for which it seeks compensation in this suit.

## VII.    GROSS NEGLIGENCE

23.     Plaintiff hereby incorporates all preceding paragraphs and further allege as follows.

24.     Defendants knowingly, willfully, and maliciously designed, supervised and managed the plug and abandon project on the Well in an outrageous and extremely dangerous manner in total disregard of the rights and safety of Plaintiff Shrode.

25.     Defendants knew or should have known that their dangerous and outrageous design, supervision and management of the plug and abandon project on the Well would cause injuries and death. This behavior has resulted in unnecessary injuries to Plaintiff.

26.     The conduct of Defendants was deliberate, conscious, reckless, intentional, malicious and grossly negligent, and such conduct was a proximate and producing cause of the damages claimed herein.  Accordingly, Plaintiff seeks and is entitled to recover punitive or exemplary damages in addition to their compensatory damages.

## VIII.  RESPONDEAT SUPERIOR

27.     Under the doctrine of respondeat superior, Defendants are vicariously liable for the actions of its agents and employee(s) who were acting within the course and scope of employment with Defendants.

## IX.  CONDITIONS PRECEDENT

28.     All conditions precedent have been performed or have occurred.

## X.  DAMAGES

29.     Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

30.     As a direct and proximate result of the foregoing events, Plaintiff has suffered serious, permanent and disabling injuries.  These injuries have resulted in damages to him in the past, and will continue to result in damages in the future.

31.     Specifically, Plaintiff has suffered, and will continue to suffer, the following elements of damages, for which suit is now brought:

> A. Medical expenses in the past and which in reasonable probability will be sustained in the future;
>
> B.  Cost of household services in the past and which in reasonable probability will be sustained in the future;
>
> C. Lost earning capacity sustained in the past and which in reasonable probability will be sustained in the future;
>
> D. Physical pain and suffering in the past and which in reasonable probability will be sustained in the future;
>
> E. Mental anguish in the past and which in reasonable probability will be sustained in the future;

F. Disfigurement in the past and which in reasonable probability will be sustained in the future; and

G. Physical impairment in the past and which in reasonable probability will be sustained in the future.

## XI.    EXEMPLARY DAMAGES

32.    Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

33.    The negligence of Defendants described above was of such a character as to make Defendants guilty of gross negligence. As a result of gross negligence by Defendants, Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## XII.    REQUEST FOR DISCLOSURE TO DEFENDANTS

34.    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are requested to disclose, within fifty (50) days of service of this request, any and all information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a)-(l).

## XIII.    JURY DEMAND

35.    Plaintiff demands a jury trial and tendered the appropriate fee with its Original Petition and Request for Disclosure.

## XIV. PRAYER

WHEREFORE, Plaintiff prays that, upon trial of this case, the Court enter a judgment in its favor against Defendants and that it have the following relief:

1.    Actual damages;

2.    Exemplary or Punitive damages;

3.    Prejudgment and post judgment interest;

4.    Costs of suit; and

5.    All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,


**BEARD KULTGEN BROPHY
BOSTWICK DICKSON & SQUIRES, LLP**


/s/ Ryan C. Johnson
_____

Rod S. Squires
State Bar No. 18979300
Ryan C. Johnson
State Bar No. 24048574
220 South Fourth Street
Waco, Texas 76701
(254) 776-5500
(254) 776-3591 (facsimile)
squires@thetexasfirm.com
johnson@thetexasfirm.com

John LeJeune
State Bar No. 24034538
**LAW OFFICES OF ZIMMERMAN,
ZIMMERMAN, COTNER & LEJEUNE**
A Professional Corporation
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (facsimile)


**ATTORNEYS FOR PLAINTIFF
ALLEN SHRODE**