## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : | Case No. 14-10979 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: Docket No. ____** |

## ORDER GRANTING MOTION OF ALLEN SHRODE FOR
## RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

And now, upon consideration of the *Motion of Allen Shrode for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion");[2] and upon consideration of any opposition filed in response to the Motion; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Notice of the Motion was due and proper under the circumstances. No other or further notice need be provided.

D.      Movant has asserted a personal injury claim (the "Claim") against Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC,

---

[1]  The last four digits of Energy Future Holding Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

and Luminant Renewables Company LLC (collectively, "Debtor Defendants") and the Non-Debtor Defendants for damages and injuries allegedly sustained by Movant prior to the filing of this bankruptcy, which Claim is the subject of the Plaintiff's Original Petition and Request for Disclosure in the 68th District Court of Dallas County, Texas under Case No. DC-14-04399; *Allen Shrode v. Luminant Energy Company LLC, et al.* (the "State Court Action").

  E.  That, by way of the Claim, to the extent necessary under applicable law or pursuant to this Order, any recovery obtained by Movant in the State Court Action, solely with respect to the Debtor Defendants (or any other Debtor), may be limited to the extent of insurance proceeds of the Princess Three Insurance Policies and to Princess Three directly in connection with its obligation to indemnify the Debtors. Movant, if necessary, will seek to enforce any judgment against the proceeds of insurance as it relates solely against the Debtors and against Princess Three directly in connection with its obligation to indemnify the Debtors, and not from the Debtors or the Debtors' estates. Movant, however, will be afforded the opportunity to enforce any judgment against the Non-Debtor Defendants under the full spectrum of applicable law and shall not be so limited by virtue of this bankruptcy with regards to the Non-Debtor Defendants.

  F.  Good and sufficient cause exists for the modification of the automatic stay provisions of section 362(d) of the Bankruptcy Code.

  IT IS HEREBY ORDERED THAT:

  1.  The Motion is granted.

  2.  The automatic stay provisions of section 362(d) of the Bankruptcy Code are hereby modified to allow Movant to prosecute the State Court Action, and any ancillary proceeding related thereto, against the Debtors and the Non-Debtor Defendants, and any other

third party defendant that is a non-Debtor in this bankruptcy case and that may later be joined in the State Court Action, for the purpose of liquidating his Claim and as otherwise set forth herein. To the extent necessary, stay relief is granted to permit Movant to name any additional Debtor as a defendant to the State Court Action.

3.      With regards to any judgment against the Debtors, Movant shall be limited in his recovery (a) to the extent such Claim is payable from the proceeds of any applicable insurance agreement, whether contractually or extra-contractually, against any insurer under the Princess Three Insurance Policies who may be liable under an insurance agreement to satisfy part or all of a judgment that may be rendered against any of the Debtors or to indemnify or reimburse for payments made to satisfy any judgment against any of the Debtors, and (b) to Princess Three directly in connection with its obligation to indemnify the Debtors.

4.      With regards to any judgment against the Non-Debtor Defendants and any other third party defendant that is a non-Debtor in this bankruptcy case and that may later be joined in the State Court Action, Movant shall not be limited in his recovery by virtue of this bankruptcy or this Court's Order, and Movant shall be entitled to the full spectrum of applicable law with regards to his enforcement efforts of any judgment with regards to these particular defendants.

5.      This Order is effective immediately upon approval by the Bankruptcy Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  December __, 2014

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge