**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 660 |

**SECOND SUPPLEMENTAL DECLARATION
OF EDWARD O. SASSOWER IN SUPPORT OF THE
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL
LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Edward O. Sassower, being duly sworn, state the following under penalty of perjury:

1. I am the president of Edward O. Sassower, P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 601 Lexington Ave., New York, New York 10022, and a partner of Kirland & Ellis International LLP (together with Kirkland & Ellis LLP, "K&E"). I am the lead attorney from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of New York. There are no disciplinary proceedings pending against me.

2. I submit this second supplemental declaration on behalf of K&E (this "Second Supplemental Sassower Declaration") in further support of the *Debtors' Application for Entry of*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of debtors' claims and noticing agent at http://www.efhcaseinfo.com.

an *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Background**

4. On May 29, 2014, the Debtors filed the Application. In support of the Application, the Debtors filed the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Original Sassower Declaration"), which was filed as **Exhibit B** to the Application.

5. On July 31, 2014, the Debtors filed the *Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1733] (the "Amended Sassower Declaration").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

6. On September 12, 2014, the Debtors filed the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (the "First Supplemental Sassower Declaration").

7. I stated in the previously filed declarations described above (collectively, the "Sassower Declarations") that K&E would continue searching its electronic database during the pendency of these chapter 11 cases for connections to parties in interest. Consistent with this statement, K&E has continued to obtain information regarding all parties in interest disclosed in the Sassower Declarations, as well as for any connections to any additional parties not disclosed in the Sassower Declarations.

8. This Second Supplemental Sassower Declaration makes certain additional disclosures. Based on the conflicts searches conducted to date and described herein, to the best of my knowledge, neither I, K&E, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connections with the Debtors, their creditors, or any other parties in interest, their respective attorneys or accountants, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed by the U.S. Trustee, or any person employed by the Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, or the United States Court of Appeals for the Third Circuit, except as disclosed or otherwise described herein and in the Sassower Declarations.

3

**Additional Disclosures**

9. Attached hereto as **Schedule 1** are additional parties in interest in these chapter 11 cases. These include:[3]

| Schedule | Category |
|---|---|
| 1(a) | Current and Recent Former Officers and Directors |
| 1(b) | Debtholders and Bondholders |
| 1(c) | DIP Lenders |
| 1(d) | Interested Parties |
| 1(e) | Parties Listed in Schedules of Assets and Liabilities |
| 1(f) | Parties Listed in Statements of Financial Affairs |
| 1(g) | Parties that Have Disclosed Information Pursuant to Bankruptcy Rule 2019 |
| 1(h) | Parties that Have Requested Service of Documents Pursuant to Bankruptcy Rule 2002 |
| 1(i) | Professionals |

10. Listed on **Schedule 2** to this Second Supplemental Sassower Declaration are the results of K&E's conflicts searches of the above-listed entities.[4] Listed on **Schedule 3** to this Second Supplemental Sassower Declaration are new client connections for parties identified in the Sassower Declarations.

11. Except as specifically discussed herein, the client representations identified in this Second Supplemental Sassower Declaration and the attached schedules are not related to the Debtors or these chapter 11 cases. The client representations identified in this Second Supplemental Sassower Declaration and the attached schedules are not materially adverse to the

---

[3] Generally, it is K&E's policy to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client has been previously disclosed in a declaration in one capacity (*e.g.*, a customer), and the client appears in a conflicts search in a different capacity (*e.g.*, a vendor), K&E does not disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required. Additionally, parties-in-interest previously searched and connections previously disclosed in the Amended Sassower Declaration have not been re-diclosed on the schedules attached hereto.

[4] As referenced in **Schedule 2**, the term "current client" means a client to whom time was posted in the 12 months preceding the Petition Date. As referenced in **Schedule 2**, the term "former client" means a client to whom time was posted between 12 and 36 months preceding the Petition Date. As referenced in **Schedule 2**, the term "closed client" means a client to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed. As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

interests of the Debtors' estates. Moreover, pursuant to section 327(c) of the Bankruptcy Code, K&E is not disqualified from acting as Debtors' counsel merely because it represents or represented the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these chapter 11 cases.

12. In further support of the Application, I make the following additional disclosures concerning each party specifically disclosed in this Second Supplemental Sassower Declaration: (a) whether K&E can represent the Debtors adversely to such party and (b) the fees incurred by such party in the 12 months before October 31, 2014, as a percentage of the total fees incurred by all of K&E's clients in the same period. This information is attached to this Second Supplemental Sassower Declaration as **Exhibit A**.

13. The information in **Exhibit A** is derived from an evaluation of the engagement letters on file, if any, for each entity and/or its affiliates, and whether each entity and/or its affiliates are current, former, or closed clients of K&E, and is accurate to the best of my knowledge. K&E will engage in further analysis on a case-by-case basis if the Debtors become adverse to any entity in **Exhibit A**, their affiliates, or any other entity on **Schedule 2** of the Amended Sassower Declaration. Where **Exhibit A** indicates that K&E may be adverse to an entity, K&E may commence a cause of action on the Debtors' behalf against such entity. K&E will not commence a cause of action in these chapter 11 cases against the parties listed on **Schedule 2** and **Schedule 3** to this Second Supplemental Sassower Declaration (including the parties listed under the "Specific Disclosures" section of this Second Supplemental Sassower Declaration and on **Exhibit A**) that are current clients of K&E unless K&E has an applicable waiver on file or first receives a waiver from such party allowing K&E to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is

necessary for the Debtors to commence an action against that client, the Debtors will be represented in such particular matter by conflicts counsel. For the avoidance of doubt, K&E may request a waiver from any entity that K&E has stated it could not be adverse to in **Exhibit A** and, if such waiver is granted, K&E may represent the Debtors adversely to such entity. Similarly, in certain circumstances, K&E may ask conflicts counsel to handle a matter even where K&E believes it can represent the Debtors adversely to such entity.

14. Of the clients listed on **Schedule 2** and **Schedule 3**, only three clients that were not the subject of previous specific disclosures represented more than one percent of the total fees incurred by K&E's clients for the 12-month period ending on October 31, 2014: GTCR, LLC and certain of its affiliates and subsidiaries ("GTCR"), IBM Corporation and certain of its affiliates and subsidiaries ("IBM"), and Vista Equity Partners and certain of its affiliates and subsidiaries ("Vista").

15. Certain portfolio companies of GTCR are parties in interest in these chapter 11 cases. Specifically, Cole-Parmer Solutions is listed as a creditor in the Debtors' schedules of assets and liabilities, and Zayo Fiber Solutions is a vendor.

16. IBM and certain of its affiliates are vendors, contractual counterparties, or are listed as creditors in the Debtors' schedules of assets and liabilities.

17. Certain portfolio companies of Vista are parties in interest in these chapter 11 cases. Specifically, Taxware, LLC and SumTotal Systems are listed as creditors on the Debtors' statement of financial affairs. Websense, Inc. is listed as a creditor on the Debtors' schedules of assets and liabilities.

18. Upon review of the statements filed with the Court pursuant to Bankruptcy Rule 2019, K&E represents, and in the past has represented, certain parties disclosed in Bankruptcy

Rule 2019 filings and/or certain of their affiliates that were not the subject of previous specific disclosures, including: Brookfield Asset Management Private Institutional Capital Adviser (Canada) LP; Contrarian Capital Management LLC; Deutsche Bank Securities Inc.; GSO Capital Partners LP; Halcyon Asset Management LLC; Macquarie Bank Ltd.; Mount Kellett Capital Management LP; Owl Creek Asset Management LP; and Paulson & Co. Inc. Except as described in the Sassower Declarations and this Second Supplemental Sassower Declaration, K&E's current and former representations of parties disclosed in Bankruptcy Rule 2019 filings and/or their affiliates are unrelated to these chapter 11 cases or the Debtors. I do not believe these representations create a conflict, but have disclosed the connections out of an abundance of caution.

19. K&E currently represents, and in the past has represented, Mesirow Financial Investment Management, Inc. ("Mesirow") and certain of its affiliates, which has been hired by American Stock Transfer & Trust Company, LLC as indenture trustee to: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, to assist it in these chapter 11 cases. K&E's current and prior representations of Mesirow and its affiliates are unrelated to these chapter 11 cases or the Debtors. I do not believe these representations create a conflict, but have disclosed the connections out of an abundance of caution.

20. Christopher Hayes will join K&E as an associate on or after December 8, 2014. Prior to joining K&E, Mr. Hayes was an associate at Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"). Morris Nichols is Delaware counsel to Kohlberg Kravis Roberts & Co.

LP and KKR Asset Management LLC (collectively, "KKR") and TPG Growth, LLC, an affiliate of TPG Capital LP (collectively, "TPG") in their capacities as equity owners of the Debtors. I understand that Mr. Hayes, while at Morris Nichols, represented KKR and TPG in these chapter 11 cases and that his involvement was limited to legal research on venue as well as various other tasks, including monitoring hearings, filing various documents, and providing overflow document review support to co-counsel related to KKR's and TPG's interests in the Debtors. Mr. Hayes will be screened in accordance with K&E's screening procedures and, therefore, he will not perform work in connection with K&E's representation of the Debtors and will not have access to confidential information related to the representation. Under K&E's screening procedures, K&E's conflicts department will distribute a memorandum to all K&E attorneys and legal assistants directing them as follows: (a) not to discuss any aspects of K&E's representation of the Debtors with Mr. Hayes; (b) to conduct meetings, phone conferences, and other communications regarding K&E's representation of the Debtors in a manner that avoids contact with Mr. Hayes; (c) to take all measures necessary or appropriate to prevent access by Mr. Hayes to the files or other information related to K&E's representation of the Debtors; and (d) to avoid contact between Mr. Hayes and all K&E personnel working on the representation of the Debtors unless there is a clear understanding that there will be no discussion of any aspects of K&E's representation of the Debtors. Furthermore, K&E will implement procedures to block Mr. Hayes from accessing files and documents related to the Debtors that are stored in K&E's electronic document managing system.

21. In its November 3, 2014 ruling in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of*

*Notice Thereof* [D.I. 2087], the Bankruptcy Court made a statement regarding certain intercompany issues.[5] Each of (a) Energy Future Holdings Corporation ("EFH"), (b) Energy Future Intermediate Holdings Company LLC ("EFIH"), and (c) Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC (collectively, "TCEH") has selected and is in the process of retaining independent counsel to advise the applicable Debtor regarding actual conflict matters. TCEH has also selected an independent financial advisor, and EFH, EFIH, and TCEH are considering retention of other advisors as determined to be necessary by the disinterested directors of the applicable entity. The disinterested directors of EFH, EFIH, and TCEH, respectively, will determine the scope of the independent counsel's role in consultation with such independent counsel, including advising the applicable Debtor regarding inter-Debtor claims where an actual conflict exists.[6]

### Continued Vigilance and Affirmative Statement of Disinterestedness

22. Based on the conflicts searches conducted to date and described in the Sassower Declarations and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the

---

[5] Hrg. Tr. 14-10979 (CSS) (Bankr. D. Del. Nov. 3, 2014) ("[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates.").

[6] The Debtors filed notice [D.I. 2718] in compliance with paragraph six of the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc to the *Petition Date* [D.I. 2052], which requires Kirkland & Ellis LLP to file a notice if any potential conflict between or among the Debtors becomes an actual conflict.

The independent directors of TCEH consulted with representatives of the ad hoc TCEH noteholder group, the official committee of unsecured creditors appointed by the Court on May 13, 2014 [D.I. 420], and the indenture trustee for the TCEH second lien notes regarding the selection of independent counsel for TCEH in compliance with the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [D.I. 2051].

Debtors, their creditors, or other parties in interest, except as may be disclosed in the Sassower Declarations and herein.

23. K&E will continue to review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use its reasonable efforts to identify any such further developments and will file a supplemental declaration as required by Bankruptcy Rule 2014(a) and as stated in the Sassower Declarations and herein.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 4, 2014              Respectfully submitted,

_____
Edward O. Sassower
   as President of Edward O. Sassower,
   P.C., as Partner of Kirkland & Ellis
   LLP; and as Partner of Kirkland & Ellis
   International LLP