# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) Jointly Administered |

### STIPULATION OF FPL ENERGY, LLC, FPL ENERGY PECOS WIND I, LP, FPL ENERGY PECOS WIND II, LP, INDIAN MESA WIND FARM, LP AND TXU PORTFOLIO MANAGEMENT COMPANY, LP N/K/A LUMINANT ENERGY COMPANY LLC GRANTING RELIEF FROM AUTOMATIC STAY

This Stipulation is entered into this 11th day of December, 2014, by and among TXU Portfolio Management Company, LP n/k/a Luminant Energy Company LLC ("Luminant Energy"), on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned case (collectively, "Debtors") and FPL Energy, LLC, FPL Energy Pecos Wind I, LP, FPL Energy Pecos Wind II, LP, and Indian Mesa Wind Farm, LP (collectively, "NextEra," and together with the Debtors, the "Parties"), and stipulates as follows.

WHEREAS, on April 29, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court;

WHEREAS, Luminant Energy and NextEra are parties to a lawsuit that was filed in 2004 (the "Texas Litigation/Appeal"), the appeal of which is now pending before the Court of Appeals for the Fifth Judicial District of Texas at Dallas ("Dallas Court of Appeals") (the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"Appeal") following a remand order from the Supreme Court of Texas. *See TXU Portfolio Management Co., LP v. FPL Energy, LLC*, No. 05-08-01584-CV (5th Judicial Dist.). The Supreme Court of Texas held that Luminant Energy owed no contractual duty to provide transmission capacity to NextEra under the parties' agreements and that the agreements' liquidated damages provisions are unenforceable as a penalty. As a result, the Supreme Court of Texas remanded the case to the Dallas Court of Appeals to determine damages consistent with its opinion;

WHEREAS, in connection with the Texas Litigation/Appeal, the Debtors have arranged for letters of credit (dated February 16, 2010[2]) in favor of NextEra in the amount of $3.075 million (the "Letters of Credit");[3]

WHEREAS, on May 27, 2014, Luminant Energy and NextEra filed notices with the Dallas Court of Appeals pursuant to Texas Rule of Appellate Procedure 8.1, notifying the court that the Debtors had filed chapter 11 petitions in this Court. See, Notice of Bankr. and Resp. on Mediation, *TXU Portfolio Management Co., LP v. FPL Energy, LLC*, No. 05-08-01584-CV (5th Judicial Dist. May 27, 2014); See also, Resp. of Appellees/Cross-Appellants to Mediation Order, *TXU Portfolio Management Co., LP v. FPL Energy, LLC*, No. 05-08-01584-CV (5th Judicial Dist. May 27, 2014);

WHEREAS, by operation of Texas Rule of Appellate Procedure 8.2, the appellate proceedings were suspended upon the filing of the notices with the Dallas Court of Appeals

---

[2] The Letters of Credit are scheduled to expire in February 2015 and will be replaced prior to expiration with replacement letters of credit for the same amount. The term "Letters of Credit" as used herein shall refer to the existing letters of credit and any replacement letters of credit.

[3] For the avoidance of doubt, neither the letters of credit, nor the proceeds from the letters of credit constitute property of the Debtors' estate. *See In re Kaiser Group Int'l Inc.*, 399 F.3d 558, 566 (3d Cir. 2005) (noting that courts have recognized the "well-established" rule of bankruptcy law that "a letter of credit and the proceeds therefrom are not property of the debtor's estate."); *In re Hechinger Investment Co. of Delaware, Inc.*, 282 B.R. 149 (Bankr. D. Del. 2002) (same).

notifying it about these chapter 11 proceedings. See, Order, *TXU Portfolio Management Co., LP v. FPL Energy, LLC*, No. 05-08-01584-CV (5th Judicial Dist. May 28, 2014). The Appeal remains pending in the Dallas Court of Appeals;

WHEREAS, in order to allow the Texas Litigation/Appeal to proceed, and the respective claims and interests of the Parties that remain following the Supreme Court of Texas's ruling to be liquidated in amount by the Courts of the State of Texas, the Parties have conferred and agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein;

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, IT IS HEREBY STIPULATED AND AGREED, by and among the Debtors and NextEra, as follows:

1. The automatic stay provided for by section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit the Parties to continue to prosecute the Texas Litigation/Appeal until their claims or interests are fully adjudicated and liquidated; *provided, however*, that except as expressly provided herein, the Automatic Stay remains in full force and effect, and neither NextEra nor any of its affiliates agents, attorneys or representatives, shall take any action to enforce, collect, assess, or recover all or any portion of any judgment from the Debtors, their estates or properties, other than with respect to the Letters of Credit.

2. This Stipulation shall be, upon approval by the Court, binding upon the Parties hereto and upon all of their controlled affiliates, assigns, and successors, as well as upon any chapter 11 trustee appointed in these chapter 11 cases (and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7).

3

3. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

4. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

5. The modification of the Automatic Stay, as applicable, set forth herein shall have no effect as to parties that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to such other parties and their claims or causes of action, if any, against the Debtors or their estates.

6. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay, as applicable, has been modified to allow the Parties to prosecute the Texas Litigation/Appeal until their claims or interests are liquidated in amount.

7. Each of the Parties shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

10. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

11. Violations of the provisions of this Stipulation are subject to enforcement and the imposition of legal sanctions by the United States Bankruptcy Court for the District of Delaware in the same manner as any other court.

12. The United States Bankruptcy Court for the District of Delaware shall retain jurisdiction over any and all dispute or other matters arising under or otherwise relating to this Stipulation.

*[Remainder of page left intentionally blank.]*

Stipulated and agreed by:

Dated: December 11, 2014
       Wilmington, Delaware

/s/ *Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
             defranceschi@rlf.com
             madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:       edward.sassower@kirkland.com
             stephen.hessler@kirkland.com
             brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

*/s/ Matthew B. McGuire*
**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:      (302) 467-4400
Facsimile:       (302) 467-4450
Email:             landis@lrclaw.com
                       mcguire@lrclaw.com

-and-

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
Christy Rivera
1301 Avenue of the Americas
New York, New York 10019
Telephone:      (212) 408-5100
Facsimile:       (212) 541-5369
Email:             hseife@chadbourne.com
                       dlemay@chadbourne.com
                       crivera@chadbourne.com

*Co-Counsel to FPL Energy, LLC,*
*FPL Energy Pecos Wind I, LP,*
*FPL Energy Pecos Wind II, LP, and*
*NWP Indian Mesa Wind Farm, L.P.*