IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | Re: D.I. 2547 |

## AGREED ORDER GRANTING MOTION OF
## MIGUEL OLIVERAS CARABALLO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion")[2] of Miguel Oliveras Caraballo ("Caraballo") [D.I. 2547], for entry of an agreed order (this "Agreed Order"), granting limited relief from the automatic stay as to the Debtors Energy Future Holdings Corp. ("EFH Corp."), Luminant Energy Company LLC ("Luminant Energy"), and Luminant Generation Company LLC ("Luminant Generation," and together with EFH Corp. and Luminant Energy, the "Defendant Debtors"),[3] affiliates of the above-captioned debtors and debtors-in-possession (collectively with the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Caraballo named Luminant Energy as one of the Defendant Debtors in the State Court Litigation (defined herein). The Defendant Debtors stated in their original answer to Caraballo's petition that they believe Luminant Energy was named as a defendant in error and should instead be Luminant Generation. Out of an abundance of caution, this Agreed Order will include both Luminant Energy and Luminant Generation along with EFH Corp. as the Defendant Debtors for the sole purpose of the limited relief from the stay and waiver of any claims thereto. This Agreed Order, however, should in no way be construed as a determination as to who are the actual Defendant Debtors to the State Court Litigation and all rights remain reserved.

RLF1 11251239v.1

Defendant Debtors, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Defendant Debtors' estates, their creditors, and other parties in interest; and the Court having found that Caraballo provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Caraballo is granted limited relief from the automatic stay solely as to the Defendant Debtors to adjudicate the pending state court action filed October 29, 2013 by Caraballo against the Defendant Debtors in the District Court in and for Dallas County, Texas (the "State Court Litigation") to liquidate its claims against the Defendant Debtors.

3. The effect of this Agreed Order is limited only to permit the adjudication of claims set forth in the State Court Litigation, and Caraballo shall take no further action to collect, liquidate, or foreclose against any of the Defendant Debtors' property or the property of any affiliated Debtors for the duration of the Debtors' cases without further leave of this Court.

RLF1 11251239v.1

4.  In the event a judgment is entered in the State Court Litigation against the Defendant Debtors, Caraballo shall be permitted to pursue payment from general liability insurance policy of Merico Abatement Contractors Inc.—Policy Number: PROP 5593883, effective June 21, 2012 (the "Insurance Policy"), or such other insurance policies as may be identified in the future by the parties as applicable to the claims related to the State Court Litigation, without further leave of this Court, to the extent that coverage is available; *provided, however,* the Defendant Debtors, and their Debtor and non-Debtor affiliates, shall have no obligation to satisfy any amounts due and owing, for which funds are unavailable, under the Insurance Policy.

5.  Notwithstanding anything herein to the contrary, the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect with respect to any self-insured retention, deductible, obligation to post any security or deposit with an applicable insurer ("Insurer") pursuant to the terms of any insurance policy or otherwise, defense costs, or any other costs or liability of any kind including, without limitation, any claims by Insurers, other insurance companies, or other parties asserting claims against the Defendant Debtors, their estates, or their successors related to the State Court Litigation or claims arising from or related thereto due to the limited relief of the automatic stay provided herein.

6.  Notwithstanding anything else contained in this Agreed Order, Caraballo hereby waives all rights to any claim for damages against the Defendant Debtors, their Debtor and non-Debtor affiliates, and their estates related to the State Court Litigation; *provided, however,* that Caraballo shall have the right to recover proceeds of the Insurance Policy, in the event a judgment is entered in the State Court Litigation against the Defendant Debtors.

3

7. Caraballo hereby fully, finally, and forever releases and discharges his right to collect from the Defendant Debtors, their Debtor and non-Debtor affiliates and/or their estates, or their respective officers, directors, employees, agents and attorneys for any and all actions, claims (whether prepetition unsecured claims, priority, administrative or other postpetition/administrative claims), causes of action, setoffs, and liabilities for any obligations relating in any way to the State Court Litigation.

8. Any and all proofs of claim filed by Caraballo and any and all scheduled claims filed by the Debtors in these chapter 11 cases are hereby disallowed and expunged for all purposes without further action by the Court or any other party, and Caraballo shall not be entitled to receive any distributions from the Debtors in these chapter 11 cases under a plan of reorganization or otherwise on behalf of such claim.

9. Caraballo shall file a notice of this Agreed Order in the court in which the State Court Litigation is pending within five (5) business days after the entry of this Agreed Order.

10. The Debtors are not waiving and shall not be deemed to have waived any available defenses, including at law, equity, or otherwise with respect to the State Court Litigation.

11. Nothing in this Agreed Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party to this Agreed Order regarding any claim or right that such party may have against another party, including with respect to any claims or rights arising from or related to the State Court Litigation. No negotiations or writings in connection with this Agreed Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party to this Agreed Order regarding any claim or right that

4

such party may have against another party, including with respect to any claims or rights arising from or relating to the State Court Litigation.

12. Each of the parties to this Agreed Order hereto represents and warrants that: (a) it is duly authorized to enter into and be bound by this Agreed Order; and (b) it is represented by counsel and has full knowledge of, and has consented to, this Agreed Order.

13. This Agreed Order shall be deemed to have been drafted jointly by the parties to this Agreed Order, and any uncertainty or omission shall not be construed as an attribution of drafting by any party.

14. This Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

15. The stay of this Agreed Order pursuant to the Fed. R. Bankr. P. 4001(a)(3) is hereby waived and the relief granted in this Agreed Order is effective immediately.

16. This Agreed Order shall remain in full force and effect notwithstanding the conversion of the Debtors' chapter 11 cases to another chapter of the Bankruptcy Code.

17. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Agreed Order.

[*Remainder of page is intentionally blank.*]

**SO AGREED:**

ENERGY FUTURE HOLDINGS CORP., LUMINANT ENERGY COMPANY LLC, and LUMINANT GENERATION COMPANY LLC

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

*Co-Counsel to Energy Future Holdings Corp. and Luminant Energy Company LLC*

-and-

**MIGUEL OLIVERAS CARABALLO**

/s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk (No. 3320)
**GOLDSTEIN & MCCLINTOCK, LLLP**
1201 N. Orange Street, Suite 7380
Wilmington, Delaware 19801
Telephone:    (302) 444-6710
Facsimile:    (302) 444-6709
Email:    marias@restructuringshop.com

*Counsel to Miguel Oliveras Caraballo*

**SO ORDERED:**

Dated: December 12, 2014
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 11251239v.1