UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER REGARDING CREDITOR ACCESS TO INFORMATION AND SETTING AND FIXING CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS UNDER 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)(A)**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH** ~~Debtors", and collectively with~~ the remaining consolidated above-captioned debtors, the "**Debtors**"), pursuant to Bankruptcy Code sections 105(a), 107(b) and 1102, as supplemented by Bankruptcy Rule 9018, for entry of an order providing that the TCEH Committee shall not be required under section 1102(b)(3)(A) of the Bankruptcy Code to provide the unsecured creditors it represents access to confidential and other nonpublic proprietary information or privileged information, except as set forth in the Protocol in paragraph four herein; and upon the joinder (the "**Joinder**") to the Motion filed by the official committee of unsecured creditors (the "**EFH Committee**", together with the TCEH Committee, the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1161821

"**Committees**", and each a "**Committee**") of Energy Future Holdings Corp. ("**EFH**"), Energy Future Intermediate Holding Company, LLC ("**EFIH**"), EFIH Finance, Inc. ("**EFIH Finance**"), and EECI, Inc. (collectively with EFH, EFIH, and EFIH Finance, the "**EFH Debtors**", and together with the TCEH Debtors and the remaining consolidated above-captioned debtors, the "**Debtors**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding the Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Joinder having been served, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the Joinder; and the Court having determined that the legal and factual bases set forth in the Motion as modified herein establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted as provided for herein.

2. Notwithstanding anything contained in Bankruptcy Code section 1102(b)(3)(A) to the contrary, ~~the~~(a) neither Committee ~~(a)~~ shall ~~not~~ be required to disseminate any Confidential Information or Privileged Information to any unsecured creditor such Committee represents, other than as provided in the Protocol, and (b) each Committee shall be deemed to be in compliance with its obligations under Bankruptcy Code section 1102(b)(3)(A).

3. In accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the ~~Committee is~~Committees are authorized to, until the earliest to occur of (~~1~~a) (i) dissolution of ~~the~~such Committee, (~~2~~ii) dismissal, or (~~3~~iii) conversion of the TCEH Debtors', EFH Debtors', or

<ins>the</ins> Debtors' chapter 11 cases, <ins>as applicable, (b)</ins> and a further order of the Court, establish and maintain <del>an Internet</del><ins>either a joint or separate internet</ins>-accessed <del>website</del><ins>websites</ins> (the "**Committee Website**"<del>)</del><ins>, and if two such websites are established, each a "**Committee Website**"),</ins> that provides, without limitation:

   a. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in the cases;

   b. a calendar with upcoming significant events in the cases;

   c. access to the claims docket as and when established by the Debtors or any claim agent retained in the case;

   d. a general overview of the chapter 11 process;

   e. press releases (if any) issued by each of the <del>Committee</del><ins>Committees</ins> and the Debtors;

   f. a non-public form to submit creditor questions, comments and requests for access to information;

   g. responses to creditor questions, comments and requests for access to information; provided, that <del>the</del><ins>each</ins> Committee may privately provide such responses in the exercise of its reasonable discretion, <del>and with the prior consent of the Debtors, to the extent such information includes Confidential Information regarding the Debtors, the release of which the Debtors have not previously consented including in the light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading constraints</del><ins>subject to the Protocol</ins>;

   h. answers to frequently asked questions; and <del>links to other relevant websites.</del>

4. <del>Kurtzman Carson Consultants shall be permitted to serve as administrative agent for the Committee Website without further order of the Court, and shall be compensated as an expense item in counsel to the Committee's fee applications.</del>

   <ins>i. links to other relevant websites.</ins>

3

4. 5. The following Protocol is approved for the dissemination of information to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15), "**Entity**") that either of the Committees represents:

A. **Confidential and Privileged Information:**

1. TheNeither Committee shall not be required to disseminate to any Entity that it represents, without further order of the Court:

   a) confidential, proprietary, or other non-public proprietary information concerning the Debtors or thesuch Committee, including (without limitation) all matters discussed at Committee meetings (whether or not memorialized in any minutes thereof), any information or material (whether written, electronic or oral) distributed to a member of thesuch Committee or its representatives and any information or material (including any notes, analysis, compilations studies, interpretations, memoranda or other documents and writings prepared by thesuch Committee or its professionals) that contains information received from the Debtors or their representatives, in each instance, that is not generally available to the public (collectively, the "**Confidential Information**"); or

   b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work product, or other applicable privilege possessed by thesuch Committee (collectively, the "**Privileged Information**").

2. c) Notwithstanding anything herein to the contrary, any information (the "**Discovery Information**") received (formally or informally) by theeither Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with discovery in any contested matter, adversary proceeding or other litigation, including, but not limited to, the *Confidentiality Agreement and Stipulated Protective* Order [Docket No. 1833 *Order* [Docket No. 1833] and the *Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [Docket No. 1832], each entered on August 13, 2014, shall not be governed by the terms of this Protocol but, rather, by any order governing such discovery or by mutual agreement of the Committee receiving such Discovery Information and the Entity producing such Discovery Information.

3. 2. The Debtors shall make reasonable efforts to assist the CommitteeCommittees in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to theeither Committee, its agents and professionals. Any documents, information or other materials designated by the Debtors as confidential shall be

4

treated as Confidential Information for purposes of this Protocol, subject to any rights parties may have in this Order.

B. **Creditor Information Requests:**

1. If a creditor that either Committee represents (the "**Requesting Creditor**") submits a written request ~~to the Committee~~ (the "**Information Request**") ~~for the Committee to disclose~~to the Committee that represents the Requesting Creditor (in such case, the "**Responsible Committee**"), for the Responsible Committee to provide information, the Responsible Committee shall

   a) as soon as practicable, but no more than ~~thirty~~twenty (~~30~~20) days after receipt of the Information Request, provide a response to the Information Request (the "**Response**"), including providing access to the information requested or the reasons the Information Request cannot be complied with; and

   b) if the ~~Information Request seeks the Debtors' Confidential Information, provide the Debtors with (i) notice of the Information Request within ten (10) business days of the receipt of the Information Request and (ii) a copy of the Response at least five (5) business days prior to providing the Response to the Requesting Creditor. If the~~ Response is to deny the Request because the ~~Committee or the Debtors (to the extent the Request references Confidential Information regarding the Debtors or their non-Debtor affiliate, Oncor Electric Delivery Holdings Company LLC or its subsidiaries) believe~~Responsible Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Protocol or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Responsible Committee shall notify the Debtors or any third-party Entity, as applicable, of that determination to the extent the request implicates such party's information. The Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Responsible Committee (and an authorized representative of the Debtors or the third-party Entity, as applicable) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion and hearing. Such motion shall be served and the hearing on such motion shall be noticed and scheduled~~.~~ for the next available omnibus hearing at least 14 days from the date of the motion, or such other date as the Court is available, unless the Court grants otherwise. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Responsible Committee claims is Confidential Information or Privileged Information. If the Response is to provide Confidential Information, the Responsible Committee shall only provide such information in accordance with section 4(C) hereof.

5

c) In its Response to an Information Request for access to Confidential Information or Privileged Information, the Responsible Committee shall consider, (if the Information Request seeks the Debtors' Confidential Information, together with the Debtors,) whether (A) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (B) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such Confidential Information; provided, however, that if the Responsible Committee, and, as applicable, the Debtors, elect(s) to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, ~~neither~~none of the Debtors ~~nor~~, the TCEH Committee or the EFH Committee shall have responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

C. **Release of Confidential Information of Third Parties:**

1. If the Information Request implicates Confidential Information of the Debtors (or any ~~other~~third-party Entity) and the Responsible Committee agrees that such request should be satisfied, or if the Responsible Committee on its own wishes to ~~disclose~~provide such Confidential Information to creditors, the Responsible Committee may make a request (the "**Committee Information Reques**t") for the benefit of the Debtors' creditors:

    a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Request," to counsel to the Debtors at (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn.: Brian E. Schartz~~) and~~ & Aparna Yenamandra), Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad J. Husnick, and Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104, (Attn: Mark E. McKane, Michael P. Esser, Kevin Chang) ("**Debtors' Counsel**"), stating that such Confidential Information will not be ~~disclosed~~provided in the manner described in the Committee Information Request without the Debtors' prior consent (which shall be provided or denied ~~on a reasonably prompt basis~~no later than seven (7) business days from receiving the Committee Information Request); and, if the Debtors' deny such Committee Information Request, the Debtors shall engage in good faith discussions with the Responsible Committee and the Requesting Creditor regarding the denial. The Requesting Creditor and/or the Responsible Committee may

<del>schedule</del><ins>file</ins> a <del>hearing</del><ins>motion</ins> with the Court seeking a ruling with respect to the Committee Information Request under 11 U.S.C. §§ 704(a)(7) & 1106(a)(1)<ins>. Such motion shall be noticed and scheduled for the next available omnibus hearing at least 14 days from the date of the motion, or such other date as the Court is available, unless the Court grants otherwise</ins>; and

b)     if the <del>Confidential</del> Information <del>is</del><ins>Request implicates</ins> information of <del>another</del><ins>a third-party</ins> Entity, by submitting a written request to such Entity and its counsel of record, <del>with a copy to the Debtors' Counsel</del><ins>within seven (7) business days of the receipt of such Information Request</ins>, stating that such information will be <del>disclosed</del><ins>provided</ins> in the manner described in the Committee Information Request unless such Entity objects to such Committee Information Request on or before <del>ten</del><ins>seven</ins> (<del>10) business</del><ins>7)</ins> days after the service of such Committee Information Request; and, after the lodging of such an objection, the <ins>Responsible</ins> Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Request. <ins>Such motion shall be noticed and scheduled for the next available omnibus hearing at least 14 days from the date of the motion, or such other date as the Court is available, unless the Court grants otherwise.</ins>

<ins>c)</ins>     In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph <ins>four</ins>, no such information shall be <del>disclosed</del><ins>provided until such time and</ins> to the extent provided in an order by the Court that has become final and non-appealable.

D.    **Confidentiality Agreements:**

1.     Notwithstanding anything contained herein, (a) unless the Court orders otherwise with respect to a Committee Information Request, <del>the</del><ins>neither</ins> Committee shall <del>not</del> provide any Confidential Information of the Debtors to any third-party without the third-party executing an appropriate confidentiality agreement with the Debtors in a form and substance satisfactory to the Debtors and (b) the relief granted pursuant to this Motion shall be subject in all respects to the confidentiality agreements executed by and between the Debtors and <ins>each of</ins> the <del>Committee's</del><ins>Committees'</ins> professionals and the bylaws governing the operation of <ins>each of</ins> the <del>Committee</del><ins>Committees</ins>.

E.    **No Obligation to Disseminate to Non-Creditor:**

1.     Each Requesting Creditor must include in any Information Request information regarding its claim against the Debtors sufficient to satisfy the <ins>Responsible</ins> Committee, in its sole discretion, that such Requesting Creditor holds claims of the kind represented by the <ins>Responsible</ins> Committee. Nothing in this Protocol requires <del>the</del><ins>either</ins> Committee to provide access to information or solicit

comments from any Entity that has not demonstrated to the satisfaction of the Responsible Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in Bankruptcy Code section 1102(b)(3).

### F. Exculpation:

1. None of the Debtors, the TCEH Committee, the EFH Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "**Exculpated Parties**"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the procedures set forth herein; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

5. ~~6.~~ Confidential Information and Privileged Information shall not be disseminated to any Entity that either Committee represents other than as set forth in the Protocol~~, the Confidentiality Agreement and Stipulated Protective Order~~ [Docket No. 1833]~~, entered on August 13, 2014, or any other order governing such discovery~~.

6. ~~7.~~ The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: ~~New York, New York~~Wilmington, Delaware
~~October~~December ___, 2014

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

Document comparison by Workshare Compare on Monday, December 15, 2014 12:42:11 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1161821/1 |
| Description | NEW YORK-#1161821-v1-EFH_1102_Order |
| Document 2 ID | PowerDocs://NEW YORK/1161821/8 |
| Description | NEW YORK-#1161821-v8-EFH_1102_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 100 |
| Deletions | 66 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 174 |