**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  January 13, 2015 at 9:30 a.m.** |
| | ) | **Objection Deadline:  December 29, 2014 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT A CERTAIN
EXECUTORY CONTRACT, EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 15, 2014**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the Debtors to reject that certain Agreement for the

Purchase of Natural Uranium Concentrates, dated as December 10, 2008, between Debtor

Luminant Generation Company LLC ("Luminant Generation"), as buyer, and Itochu Corporation

("Itochu"), as seller, (as amended on December 16, 2009, and including any further amendments

or modifications thereto, the "Contract") *nunc pro tunc* to December 15, 2014.  In support of this

Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of*

*Energy Future Holdings Corp.,* et al.*, for Entry of an Order Authorizing the Debtors to Reject a*

*Certain Executory Contract, Effective* Nunc Pro Tunc *to December 15, 2014* (the "Frenzel

Declaration"), filed contemporaneously herewith.  In further support of this Motion, the Debtors

respectfully state as follows.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the
debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these
chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four
digits of their federal tax identification numbers is not provided herein.  A complete list of such information
may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 11272303v.1

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Motion are sections 105 and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4.      By this Motion, the Debtors seek entry of the Order authorizing the Debtors to reject the Contract effective *nunc pro tunc* to December 15, 2014.

**Background**

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these

2

chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I.    The Contract.

6.    The Debtors have been evaluating the current and expected use of their executory contracts, the ongoing costs of such contracts, and the effect on the Debtors' business of rejecting the same. As part of this process, the Debtors have determined that the Contract is unnecessary and burdensome to the Debtors' estates, cannot be amicably modified, and should be rejected as of the date hereof.

7.    The Debtors have determined that the contract prices under the Contract are substantially above current market prices and that the Debtors can source uranium on more favorable economic terms pursuant to other contracts or from other potential uranium vendors. The Debtors have determined that rejection of the Contract would result in significant savings to their estates. Furthermore, negotiations with Itochu are unlikely to be productive at this time.

RLF1 11272303v.1

**Basis for Relief**

**I.    Rejection of the Contract Reflects the Debtors' Sound Business Judgment.**

8.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, subject to the court's approval, may "reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).  A debtor may reject a contract that has not been fully performed where that contract is burdensome to the estate.  *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (indicating Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

9.      The decision to assume or reject an executory contract is a matter within the debtor's "business judgment."  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.") (internal citation omitted); *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).   The business judgment standard mandates that a court approve a debtor's business decision unless the decision "is the product of bad faith, whim, or caprice."  *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (internal quotations omitted); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (finding a debtor rejecting a contract may satisfy the business judgment test without demonstrating that the contract to be rejected is a hardship); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract

4

"should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

10.     In this case, the Debtors, in their sound business judgment, have determined that the Contract is not optimal for the Debtors in light of their current business needs, nor is it a source of potential value for their future operations, creditors, or other parties in interest. Absent rejection, the Contract would impose unnecessary ongoing obligations on the Debtors. In particular, a delivery of natural uranium concentrates under the Contract is scheduled for December 31, 2014, at a price that is not favorable to the Debtors. Based on a cost-benefit analysis, the Debtors have determined, in the sound exercise of their reasonable business judgment, that the Contract should be rejected because it can be readily replaced by an alternative cheaper contract that will provide significant savings to the Debtors' estates.

11.     Finally, courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re Capsule Int'l Holdings LLC*, No. 13-13281 (Bankr. D. Del. May 19, 2014) (authorizing rejection *nunc pro tunc* to petition date); *In re Magnachip Semiconductor Finance Co.*, No. 09-12008 (Bankr. D. Del. July 8, 2009) (same).

## II.     *Nunc Pro Tunc* Relief Is Appropriate.

12.     Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively. Nonetheless, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a). *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29

(1st Cir. 1995) (indicating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes" of section 365(a) of the Bankruptcy Code).

13.    Courts may approve retroactive rejection of executory contracts and unexpired leases "after balancing the equities" and concluding that they weigh in favor of the debtor. *See In re Chi-Chi's*, 305 B.R. at 399 (specifying that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (finding that rejection has been allowed *nunc pro tunc* to the date of the motion); *see also Thinking Machs. Corp.*, 67 F.3d at 1028 (indicating that, under the purview of section 365(a) of the Bankruptcy Code, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (finding that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

14.    The balance of the equities favor the Debtors' request to reject the Contract retroactive to the date hereof. The Debtors do not seek to obtain any benefit under the Contract after the date hereof because the next delivery of natural uranium concentrates under the Contract is scheduled for December 31, 2014. Itochu will receive notice of this Motion on the date hereof, has full control over the delivery of the products, and thus will not suffer any meaningful burden as a result of the rejection of the Contract. Absent *nunc pro tunc* relief

6

effective as of December 15, 2014, Itochu may attempt to deliver these products at above-market prices and assert administrative expense priority for such products.  The Debtors have access to cheaper alternative sources for the same.  For these reasons, the Debtors believe that the equities weigh in favor of *nunc pro tunc* relief.

### Waiver of Bankruptcy Rules 6006(c) and 6004(h)

15.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Reservation of Rights

16.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission that the Contract is integrated with any other contract or lease; (g) a waiver by the Debtors of their right to assert that the Contract was terminated prior to the Petition Date; (h) a concession, or evidence, that the Contract identified herein has not expired, been terminated, or otherwise is not in full force and effect; or (i) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7

**Notice**

17.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee and proposed counsel thereto; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and

8

(ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Itochu. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

9

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  December 15, 2014
       Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:             collins@rlf.com
            defranceschi@rlf.com
            madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:             edward.sassower@kirkland.com
            stephen.hessler@kirkland.com
            brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:             james.sprayregen@kirkland.com
            marc.kieselstein@kirkland.com
            chad.husnick@kirkland.com
            steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 11272303v.1