# EXHIBIT "B"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., | § | Case No. 14-10979 (CSS) |
| *et al.*,[1] | § | |
| | § | Jointly Administered |
| Debtor. | § | |
| | § | |

**AFFIDAVIT OF STEPHEN W. SPENCE APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS DELAWARE COUNSEL TO THE FEE COMMITTEE NUNC PRO TUNC TO NOVEMBER 21, 2014**

STATE OF DELAWARE    )
                     ) ss.:
COUNTY OF NEW CASTLE )

STEPHEN W. SPENCE, being duly sworn, deposes and says:

1.    I am an attorney at law admitted to practice before the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit. I am a member of the Bar of the State of Delaware. I have been admitted to practice before this Court since 1982.

2.    I am a director and shareholder of the firm of Phillips, Goldman & Spence, P.A. ("PG&S"), which maintains its principal offices at 1200 North Broom Street, Wilmington, Delaware. This Affidavit is submitted in support of the *Application for Order Authorizing the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Employment and Retention of Phillips, Goldman & Spence, P.A. as Delaware Counsel to the Fee Committee Nunc Pro Tunc to November 21, 2014* (the "Application").

3. Godfrey & Kahn, S.C. ("Godfrey & Kahn") provided PG&S a list titled *Categories of Interested Parties, as provided by the Debtors*, attached hereto as Appendix "A". I have reviewed that entire list and from it ran those categories marked in bold and italicized on Appendix A, through our LegalMaster conflicts program, which checks for former clients and adverse parties with whom PG&S has had involvement since the formation of the firm. I have ascertained that neither PG&S, nor any director or associate thereof, has any connection with the parties on this list, their professionals, creditors, or any other parties-in-interest herein, or their respective attorneys.

4. Godfrey & Kahn also provided PG&S a list titled *Debtors and Debtor Affiliates*. PG&S ran all of the names on this list through its LegalMaster conflicts program. I have ascertained that neither PG&S, nor any director or associate thereof, has any connection with the Debtors or their Affiliates.

5. As part of its practice, PG&S appears in cases, proceedings and transactions involving many different companies, attorneys and accountants, some of which may represent parties in interest in these cases. PG&S, and its directors, members and associates may, in the future, represent entities that may be creditors of the Debtors or other creditors having interests adverse to the Debtors in matters totally unrelated to the Debtors. PG&S does not now represent any such entity in connection with the pending case or have a relationship with any such entity or their professionals which would be adverse to the Debtors or its estate.

6. None of the parties searched are current or former clients of PG&S, nor does PG&S have any other connection to such parties. Should PG&S become aware of any connection with

any of the Debtors' other creditors or other parties in interest, full disclosure shall be made pursuant to the Federal Rules of Bankruptcy Procedure.

7. I believe that PG&S is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, because PG&S, its directors, associates and employees:

    (a) Are not creditors, equity security holders or insiders of the Debtors;

    (b) Are not and were not investment bankers for any outstanding securities of the Debtors;

    (c) Have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtors;

    (d) Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

    (e) Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

8. PG&S does not hold or represent an interest adverse to the estate.

9. PG&S intends to apply for compensation for professional services rendered in connection with this chapter 11 cases subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Orders of this Court, and any orders entered in this case. PG&S' applications shall seek compensation for its fees on an hourly basis, and shall seek reimbursement of its actual, necessary expenses and other charges incurred by PG&S. The principal attorneys and paralegals to represent the Debtor and the firm's current standard hourly rates are:

|   |   |   |
|---|---|---|
| a) | Senior Directors, Stephen W. Spence | $450 per hour |
| b) | Directors, Lisa C. McLaughlin | $390 per hour |
| c) | Associates, Stephen A. Spence, Aaron C. Baker | $270 per hour |
| d) | Senior Paralegal, Celeste A. Hartman | $150 per hour |

10. The hourly rates set forth above are the firm's hourly rates for work of this nature, which the Fee Committee submits are reasonable and should be approved by the Court, subject to a determination of the amounts to be paid to PG&S upon applications for allowance. These rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to adjustment from time to time as PG&S deems appropriate as to its clients generally.

11. It is the firm's policy to charge its clients in all areas of practice for all reasonable, necessary, out-of-pocket expense incurred in connection with the engagement. The expenses charged to clients include, among other things, express mail charges, special or hand delivery charges for deliveries to the Court, photocopying charges at $.10 per page, travel expenses, expenses for computerized research, and transcription costs. PG&S will seek reimbursement for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and as requested by the Fee Committee in its instructions to Retained Professionals. PG&S believes that it is generally more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

Affiant respectively requests that an order be entered authorizing retention of Phillips, Goldman & Spence, P.A., as Delaware counsel to the Fee Committee, to perform the services described above.

_____
STEPHEN W. SPENCE

SWORN TO AND SUBSCRIBED before me this 15th day of December 2014.

_____
NOTARY PUBLIC

TAMMY A. PATTERSON
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 6, 2015

## APPENDIX A

Categories of Interested Parties, as provided by the Debtors

- *Debtor Affiliates*
- Joint Venture Parties
- Current and Recent Former Officers and Directors
- *Banks*
- Bondholders (Secured)
- Bondholders (Unsecured)
- Contractual Counterparties
- Debt holders
- *DIP Parties*
- *Indenture Trustees*
- *Insurers*
- Investment Banks
- *Landlords*
- Letters of Credit
- Lienholders
- Litigants
- *Litigants (Asbestos)*
- *Potentially Responsible Parties*
- Professionals
- Shareholders
- Significant Customers
- Significant Vendors
- *Surety Bonds*
- Taxing Authorities
- *Top 50 Unsecured Creditors*
- Unions
- United States Trustee and Court Personnel for the District of Delaware (and Key Staff Members)
- Unsecured Creditors' Committee Members and proposed Advisors
- *Utilities*

**APPENDIX B**

Debtors and Debtor Affiliates

1. 4Change Energy Company
2. 4Change Energy Holdings LLC
3. Basic Resources, Inc.
4. Big Brown 3 Power Company LLC
5. Big Brown Lignite Company LLC
6. Big Brown Power Company LLC
7. Brighten Energy LLC
8. Brighten Holdings LLC
9. Collin Power Company LLC
l0. Comanche Peak Nuclear Power Co. LLC
11. Dallas Power &Light Company
12. DeCordova II Power Company LLC
13. DeCordova Power Company LLC
14. Eagle Mountain Power Company LLC
15. Ebasco Services of Canada Limited
16. EEC Holdings, Inc.
17. EECI, Inc.
18. EFH Australia (No. 2) Holdings Company
19. EFH FS Holdings Company
20. EFH properties Company
21. EFH Reriewables Company LLC
22. EFH Vermont Insurance Company
23. EFIH Finance Inc.
24. Energy Future Competitive Holdings Company LLC
25. Energy Future Holdings Corp.
26. Energy Future Intermediate Holding Company LLC
27. Generation Development Company LLC
28. Generation. MT Company LLC
29. Generation SVC Company
30. Greenway Development Holding Co.
31. Humphreys &Glasgow Limited
32. Lake Creek 3 Power Company LLC
33. Lone Star Energy Company, Inc.
34. Lone Star Pipeline Company, Inc.
35. LSGT Gas Company LLC
36. LSGT SACROC, Inc.
37. Luminant Big Brown Mining Company LLC
38. Luminant Energy Company LLC
39. Luminant Energy Trading California Company
40. Luminant ET Services Company
41. Luminant Generation Company LLC
42. Luminant Holding Company LLC

43. Luminant Mineral Development Company LLC
44. Luminant Mining Company LLC
45. Luminant Renewables Company LLC
46. Martin Lake 4 Power Company LLC
47. Monticello 4 Power Company LLC
48. Morgan Creek 7 Power Company LLC
49. NCA Development Company LLC
50. NCA Resources Development Company LLC
51. Nuclear Energy Future Holdings II LLC
52. Nuclear Energy Future Holdings LLC
53. Oak Grove Management Company LLC
54. Oak Grove Mining Company LLC
55. Oak Grove .Power Company LLC
56. Oncor Communications Holdings Company LLC
57. Oncor Electric Delivery Administration Corporation
58. Oncor Electric Delivery Company LLC
59. Oncor Electric Delivery Holdings Company LLC
60. Oncor Electric Delivery Transition Bond Company LLC
61. Oncor License Moldings company LLC
62. Oncor Management Investment LLC
63. Sandow Power Company LLC
64. Southwestern Electric Service Company, Inc.
65. TCEH Finance, Inc.
66. Texas Competitive Electric Holdings Company LLC
67. Texas Electric Service Company, Inc.
68. Texas Power &Light Company, Inc.
69. Texas Utilities Company, Inc.
70. Texas Power &Light Company, Inc.
71. Texas Utilities Company, Inc.
72. Texas Utilities Electric Company, Inc.
73. Tradinghouse 3 & 4 Power Company LLC
74. Tradinghouse Power Company LLC
75. TXU Eastern Finance (A) Ltd.
76. TXU Eastern Finance (B) Ltd.
77. TXU Eastern Funding Co.
78. TXU Electric Company, Inc.
79. TXU Electric Delivery Company
80. TXU Energy Receivables Company
81. TXU Energy Retail Company LLC
82. TXU Energy Solutions Company LLC
83. TXU Europe CP Inc.
84. TXU Europe Ltd.
85. TXU Finance (No. 2) Ltd.
86. TXU Receivables Company

87. TXU Retail Services Company
88. TXU SEM Company
89. Valley NG Power Company LLC
90. Valley Power Company LLC.

12692280.1