**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:   January 13, 2015**<br>**Obj. Deadline:  December 30, 2014** |

**APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF CRAVATH, SWAINE & MOORE LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2014**

Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**") files this Application for the entry of an order in substantially the form attached to this Application as Exhibit A (the "**Order**"), under sections 327(a) and 1107(b) of the Bankruptcy Code, authorizing EFIH to employ and retain the law firm of Cravath, Swaine & Moore LLP ("**Cravath**") as special counsel to EFIH, effective *nunc pro tunc* to November 16, 2014. In support of this Application, the Debtors submit the Declaration of Charles H. Cremens, EFIH's disinterested manager (the "**Cremens Declaration**") and the Declaration of Richard Levin, a partner at Cravath (the "**Levin Declaration**"). Copies of the Cremens Declaration and the Levin Declarations are attached to this Application as **Exhibit B** and **Exhibit E** respectively and incorporated herein by reference. In further support of this Application, EFIH respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), EFIH

consents to the entry of a final order by the Court in connection with this Application to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.        Venue of this proceeding and this Application is proper in this District under

28 U.S.C. §§ 1408 and 1409.

3.        The statutory bases for the relief requested herein are Sections 327(a) and 1107(b)

of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules.

## RELIEF REQUESTED

4.        By this Application, EFIH seeks entry of the Order substantially in the form

attached hereto as Exhibit A, approving the employment of Cravath as independent counsel to

EFIH, effective as of November 16, 2014, to advise and represent EFIH in connection with

Conflict Matters (as defined below) and in determining whether a matter constitutes a Conflict

Matter, reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of

EFIH (the "**Disinterested Manager**").

## BACKGROUND

**A.      General Background**

5.      On April 29, 2014, (the "**Petition Date**"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**").

6.      The Debtor continues to operate its business and manage its property as a

debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or

examiner has been appointed in the Chapter 11 Cases.[2]

7.      On May 13, 2014, the Office of the United States Trustee, Region 3 formed and

appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the

Bankruptcy Code. [ECF 420.] On October 27, 2014, the Office of the United States Trustee,

Region 3 formed and appointed another Official Committee of Unsecured Creditors under

section 1102(a)(1) of the Bankruptcy Code. [ECF 2570.]

8.      On September 16, 2014, the Court approved the Stipulation and Agreed Order

Regarding A Protocol For Certain Case Matters [ECF 2051], which authorized EFIH's

disinterested manager, among others, to retain separate advisors of his choosing to advise or

otherwise represent EFIH if he determines it is necessary or prudent to do so with respect to the

Debtors' filing of a plan or other document that seeks to resolve potential claims of Energy

Future Competitive Holding Companies LLC or its subsidiaries against other Debtors, where he

determines that a potential conflict has become an actual conflict under applicable law, or

where this Court determines that the retention of an independent advisor is appropriate. [ECF

2051, para. 4, at 3.]

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the
*Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer
of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

9.     On November 3, 2014, this Court issued its ruling on the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof [ECF 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; ECF 2699.]

10.     On November 7, 2014, the Debtor's Board of Managers adopted resolutions, a copy of which are attached to this Application as **Exhibit C**, determining that Charles H. Cremens is a disinterested manager of EFIH and delegating to him authority to engage independent legal counsel and such other advisors as he deems necessary to represent and advise EFIH on matters pertaining to this case in which a conflict exists between EFIH and any other Debtor ("**Conflict Matters**"). The Board of Directors of Energy Future Holdings Corp. ("**EFH**") and the Board of Managers of Energy Future Competitive Holdings LLC and its principal subsidiary Texas Competitive Electric Holdings Company LLC (collectively, "**EFCH**") adopted substantively identical resolutions on the same day.

11.     Based on the foregoing, among other things, the Disinterested Manager determined it necessary and prudent to retain independent counsel with respect to Conflict Matters and with respect to whether any matter constitutes a Conflict Matter. On November 16, 2014, after consultation with the TCEH Creditor Representatives, as required by the September 16, 2014 Stipulation, he chose Cravath to advise and represent EFIH in connection with Conflict

Matters in EFIH's jointly administered chapter 11 case, reporting to and under the direction of the Disinterested Manager.[3]

12.     On December 9, 2014, EFIH's Board of Managers adopted supplemental resolutions, a copy of which are attached to this Application as **Exhibit D** (together with the November 7 resolutions, the "**Resolutions**"), delegating to the Disinterested Manager the authority to review and act upon any Conflict Matter, to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH and its subsidiaries (other than Oncor Electric Delivery Holdings Company LLC and its subisidairies) in connection therewith, with the advice of independent advisors or others with whom he determines to consult. The Board of Directors of EFH and the Board of Managers of EFCH adopted substantively identical resolutions on the same day.

13.     EFIH requests approval of Cravath's employment *nunc pro tunc* to November 16, 2014. Cravath commenced work for EFIH immediately upon its employment on November 16, 2014, because of the urgent matters pending in this case, and since that date has been actively engaged in providing services to EFIH. Finalizing the employment terms needed to await adoption of the Resolutions, delaying the finalization and filing of this Application, which was filed promptly thereafter.

**B.     Cravath's Qualifications**

14.     The Disinterested Manager has selected Cravath to represent EFIH because Cravath's attorneys have extensive experience and knowledge in, among other things, corporate matters, debtors' rights, business reorganizations, and restructurings under chapter 11 of the Bankruptcy Code and in representing and advising fiduciaries, including directors and

---

[3] After its retention of Cravath, EFIH selected the firm of Stevens & Lee P.C. as co-counsel to EFIH. Stevens & Lee will be filing a separate application for approval of its employment.

officers and including in chapter 11 cases, in connection with, among other things, the exercise

of their fiduciary duties. Cravath has become familiar with the Debtors' businesses, the progress

of these chapter 11 cases and is well qualified and able to advise and represent EFIH in its

chapter 11 case.

**C.     Services to be Provided**

15.     The scope of Cravath's retention is limited to advising EFIH with respect to

Conflict Matters and the investigation and determination of whether a matter constitutes a

Conflict Matter and will not duplicate the efforts of Kirkland & Ellis, LLP ("**Kirkland**") or

Richards, Layton & Finger, P.A. ("**RLF**"), whose role in these cases as primary restructuring

counsel to the Debtors will remain unchanged. Kirkland and RLF on the one hand, and Cravath

and Stevens & Lee on the other, will work to minimize duplication of their work, with Kirkland

and RLF being chiefly responsible for providing general bankruptcy and reorganization advice

to the Debtors, and Cravath and Stevens & Lee advising EFIH on Conflict Matters and

determination of whether a matter constitutes a Conflict Matter, each consistent with their

respective engagements. In addition, in its capacity as counsel to EFIH, Cravath will endeavor

not to duplicate the efforts of any other professional retained by the Debtors in these chapter 11

cases, including its Delaware co-counsel Stevens & Lee.

**D.     Compensation**

16.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy

Code and any application orders of this Court, compensation will be payable to Cravath on an

hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by

Cravath.

17.      The hourly rates charged by Cravath for the services of professionals and

paraprofessionals it employs are:

|  | **2014** | **2015** |
|---|---|---|
| Partners | $845 to $1,150 | $880 to $1200 |
| Associates | $490 to $765 | $520 to $800 |
| Specialist and Senior Attorneys | $500 to $1,000 | $520 to $1035 |
| Discovery and Document Attorneys | $325 to $445 | $340 to $465 |
| Legal Assistants | $225 to $310 | $235 to $325 |

The charges for the attorneys who will render services to EFIH will be based upon actual time

spent and upon the experience and expertise of the attorney or legal assistant involved. The

hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each

year) to reflect economic and other conditions.[4]

18.      The hourly rates set forth above are consistent with the rates that Cravath

charges other comparable clients for similar services, whether in or outside of chapter 11,

regardless of the location of the client or the court in which a matter is pending. The rate

structure provided by Cravath is appropriate and not significantly different from (a) the rates

that Cravath charges for other similar types of representations or (b) the rates that other

comparable counsel would charge to do work substantially similar to the work Cravath will

perform in these chapter 11 cases.

19.      It is Cravath's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case. The expenses charged to clients include,

---

[4] For example, like many similar law firms, Cravath increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013. As set forth in the Order, Cravath has agreed to provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases and has agreed file such notice with the Court.

among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Cravath to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Cravath will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to Cravath's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. Cravath believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

20.    Notwithstanding the foregoing and consistent with the Local Rules, Cravath will charge no more than $0.10 per page for photocopying. Cravath does not charge its clients for incoming facsimile transmissions or for office supplies.

21.    EFIH understands that any compensation and expenses paid to Cravath must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals.

**BASIS FOR RELIEF REQUESTED**

22.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, subject to court approval, to employ an attorney that is a disinterested person and does not hold or represent an interest adverse to the estate to represent or assist the debtor in possession in carrying out its duties in the case.

**A.      Retaining Cravath as Counsel to EFIH is in the Best Interests of the Debtor's Estate.**

23.      EFIH requires separate, independent counsel in this case. In light of actual and the potential for conflicts and intercompany issues, the Court has authorized independent counsel to be retained by certain of the Debtor entities, including EFIH, chosen by the Disinterested Manager. Precedent exists in this jurisdiction and others for the retention of counsel to an independent director of the debtors under section 327 of the Bankruptcy Code. *See e.g.*, *Global Capacity Holdco, LLC*, Case No. 10-12302 (PJW) (Bankr. D. Del. Aug. 24, 2010); *In re Dynegy Holdings, LLC*, Case No. 11-39111 (CGM) (Bankr. S.D.N.Y. May 17, 2012); *In re Cengage Learning, Inc.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. August 20, 2013); *In re Capsule International Holdings LLC*, Case No. 13-13281 (CSS) (Bankr. D. Del. May 2, 2014). EFIH believes that Cravath is well qualified to advise and represent it in its chapter 11 case and that it is necessary and in EFIH's best interest, as well as the best interest of the remaining Debtors, their estates and creditors, and all other parties in interest, for EFIH to retain Cravath as independent counsel for Conflict Matters and determination of whether a matter constitutes a Conflict Matter.

**B.      Cravath Is a Disinterested Person and Does Not Hold or Represent an Interest Adverse to EFIH.**

24.      Based on the Levin Declaration and to the best of EFIH's knowledge, information and belief, other than as set forth in the Levin Declaration, (a) Cravath is not a creditor, equity security holder, or insider of the Debtors, (b) none of Cravath's partners, counsels, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors, and (c) Cravath does not have an interest materially adverse to EFIH or its estate or any class of its creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in EFIH or for any other reason and is therefore a "disinterested

person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent

an interest adverse to the estate, and is eligible to be employed under section 327(a).

25.     To the extent that issues arise that would cause EFIH to be adverse to any of

Cravath's clients such that it would not be appropriate for Cravath to represent it with respect

to such matters, the Disinterested Manager will request that EFIH's co-counsel Stevens & Lee

represent EFIH with respect to those matters.

## PRIVILEGE AND CONFIDENTIALITY MATTERS

26.     The EFIH Board resolutions adopted on December 9, 2014 (Exhibit D) provide for

the delegation to the Disinterested Manager of the authority to make all decisions, and to

implement or direct the implementation of all decisions, with respect to Conflict Matters and on

whether any matter constitutes a Conflict Matter. They also grant to the Disinterested Manager

the control of any attorney-client, work-product, or other privilege belonging to EFIH in

connection with Cravath and other independent advisers or their work or privileged

communications on Conflict Matters and on whether any matter constitutes a Conflict Matter.

27.     In addition, the resolutions direct officers, employees, advisors and agents of

EFIH other than the independent advisors not to seek or have access to any such work or

communications, and, as part of the resolutions, each member of the Board of Managers of EFIH

has agreed to waive any right that the Manager might have under applicable corporate

governance law to access, so that the Disinterested Manager's and his independent advisors'

work and communications are protected from disclosure to interested Managers.

28.     By this Application, EFIH also seeks this Court's approval of the resolutions and

the Managers' agreements insofar as they relate to privilege and confidentiality as described

above.

## NOTICE

29.    Notice of this Application will be provided to (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to each Official Committee of Unsecured Creditors; and (c) all parties who have filed requests for notice under Rule 2002 of the Bankruptcy Rules in these chapter 11 cases. EFIH submits that no other or further notice is necessary or required.

WHEREFORE, EFIH respectfully requests that this Court enter an Order substantially in the form attached hereto as Exhibit A, approving the employment of Cravath as independent counsel to EFIH, effective as of November 16, 2014, to advise and represent EFIH in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager, approving EFIH's Board of Manager resolutions attached to this Application as Exhibit C and Exhibit D insofar as they relate to privilege and confidentiality, and grant such other and further relief as the Court deems just or proper.

Dated: December 16 2014

Respectfully submitted,

Charles H. Cremens
Disinterested Manager
EFIH