# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING THE 2015 COMPENSATION PROGRAMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), approving the 2015 Compensation Programs, all as more fully set forth in the Motion; and upon the First Day Declaration, the Friske Declaration, the Filsinger Declaration, the *Supplemental Declaration of Carrie Kirby in Support of Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Approving the 2015 Compensation Programs* (the "Supplemental Kirby Declaration"), and the *Supplemental Declaration of Douglas Friske in Support of Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Approving the 2015 Compensation Programs* (the "Supplemental Friske Declaration" and, collectively, the "Declarations"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion (as modified herein) is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and the Court having found that the Debtors provided appropriate notice

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the

Court having reviewed the Motion and the Declarations, and having heard the statements in

support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and

the Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to implement the 2015 Compensation Programs in the

ordinary course of business and to make the payments that become due under the 2015

Compensation Programs, as modified herein.

3.      Notwithstanding anything in the Motion, the Declarations, or the SPC

employment agreements to the contrary, the performance period for the SPC Supplemental

Incentive Award[3] is extended from quarterly to semi-annual, such that performance awards

earned during the first six months of 2015 shall be paid on or about July 31, 2015 and

performance awards earned during the second six months of 2015 shall be paid on or about

January 31, 2016. All amounts accrued and earned during the course of these chapter 11 cases

---

[3]    As used herein, the term "SPC Supplemental Incentive Award" refers to the Insider Program identified in the
Motion as the "2015 SPC LTIP" or the "SPC LTIP." As described in each of the Supplemental Kirby
Declaration and the Supplemental Friske Declaration, this change in terminology was made to reflect that the
program provided for in Exhibit III to the March 31, 2014 Amended and Restated Employment Agreements of
John Young, Paul Keglevic, James Burke, Mac McFarland, and John O'Brien, and Exhibit IV to the March 31,
2014 Amended and Restated Employment Agreements of Stacey Dore and Carrie Kirby (collectively, and as
may be amended, modified, or restated to conform to the terms of this Order, the "SPC Employment
Agreements") is a new plan that is the successor to the prior SPC LTIP and covers the 2015 calendar year.

2

pursuant to the SPC Supplemental Incentive Award shall constitute allowed administrative expense claims under section 503(b) of the Bankruptcy Code, and in the event a participating employee is no longer employed by the Debtors, the participating employee's rights to all or a portion of any award(s) shall be governed by the terms of his or her SPC Employment Agreement.

4.      All of the rights of the U.S. Trustee and any other party in interest are expressly reserved with respect to any payment made to SPC members of incentive awards from funds secured by, or obtained from, any letters of credit.

5.      Notwithstanding anything herein to the contrary, or any prepetition policy, internal arrangement, or agreement among the Debtors, including any allocation methodologies contained in such policies, arrangements, or agreements, nothing in this Order shall be deemed a waiver of the U.S. Trustee's or any other party in interest's right to subsequently dispute the allocation of payments made pursuant to this Order among the Debtors.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      Subject to the limitations set forth in paragraph 4 hereof, the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion (including, but not limited to, making such amendments,

modifications, or restatements to the SPC Employment Agreements as may be necessary to conform to the terms of this Order).

     9.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE
