## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: January 13, 2015 at 9:30 a.m.** |
| | ) **Objection Deadline: Dec. 30, 2014 at 4:00 p.m.** |

**DEBTOR ENERGY FUTURE HOLDINGS CORP.'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF O'KELLY ERNST & BIELLI, LLC AS CO-
COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY FUTURE
HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 19, 2014**

Debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") files this

application (this "Application") for the entry of an order (the "Order"), substantially in the form

attached hereto as **Exhibit A**, authorizing EFH Corp. to retain and employ O'Kelly Ernst &

Bielli, LLC ("OEB") as its co-counsel effective *nunc pro tunc* to November 19, 2014, to render

professional services to EFH Corp.'s disinterested directors, in connection with "Conflict

Matters" as defined in and pursuant to the authority delegated to the disinterested directors

pursuant to resolutions of the EFH Corp. Board of Directors attached hereto as **Exhibit B** (the

"Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding

whether any matter constitutes a Conflict Matter.  In support of this Application, EFH Corp.

submits the declaration of David M. Klauder, a partner at OEB (the "Klauder Declaration"),

which is attached hereto as **Exhibit C**, and the declaration of Donald L. Evans, Executive

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Chairman of the Board of Directors of EFH Corp., which is attached hereto as **Exhibit D** (the "Evans Declaration"). In further support of this Application, EFH Corp. respectfully states as follows:

## Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and EFH Corp. consents, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1 and 2016-2.

## Background

4.      On April 29, 2014 (the "Petition Date"), each of EFH Corp. and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors of Debtors Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH" and, collectively with EFCH and TCEH's direct and indirect subsidiaries, the "TCEH Debtors") and EFH Corporate Services Company (collectively, the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors of Debtors EFH Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc. and EECI, Inc. (collectively, the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Committees") in these chapter 11 cases on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.     On November 3, 2014, this Court issued its ruling on the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; D.I. 2699].

6.     On November 7, 2014, the EFH Corp. Board of Directors adopted resolutions (the "November 7 Resolutions") determining that Donald L. Evans and Billie I. Williamson are

disinterested directors of EFH Corp. and delegating to them authority to engage independent legal counsel and other advisors as they deem necessary to represent and advise EFH Corp. on "Conflict Matters."

7.      Based on the foregoing, among other things, EFH Corp.'s disinterested directors determined it necessary and prudent to retain independent counsel with respect to "Conflict Matters."  On November 19, 2014, EFH Corp.'s disinterested directors chose OEB to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter.

8.      After EFH Corp., EFIH and EFCH retained independent counsel to advise and represent them on Conflict Matters, counsel reviewed the November 7 Resolutions with a view to advising their clients whether the November 7 Resolutions provided sufficient clarity to the boards in addressing Conflict Matters. Each counsel proposed supplemental resolutions to clarify and enhance the November 7 Resolutions. EFH Corp. determined that, as with the November 7 Resolutions, it was important to the sound conduct of these cases and to the protection of the independence of the independent managers, directors and advisors, that each of the three companies adopt substantively identical resolutions governing the treatment of Conflict Matters. Therefore, independent counsel negotiated on behalf of their respective clients and reached agreement on the form of supplemental resolutions. Counsel presented the supplemental resolutions to the three companies' boards and engaged in further discussions with the boards and with management. Based on those discussions, a form of supplemental resolutions was presented to the three boards and the Resolutions were adopted on December 10, 2014.

9.      EFH Corp. requests approval of OEB's employment *nunc pro tunc* to November 19, 2014. OEB commenced work for EFH Corp. immediately upon its employment on November 19, 2014, because of the urgent matters pending in this case, and, since that date, has been actively engaged in providing services to EFH Corp.[2]

## Relief Requested

10.      By this Application, EFH Corp. seeks the entry of an Order authorizing the retention and employment of OEB as counsel to EFH Corp., effective as of November 19, 2014, to render professional services to EFH Corp.'s disinterested directors in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directions regarding whether any matter constitutions a Conflict Matter, in accordance with the terms and conditions set forth in that certain engagement letter between EFH Corp. and OEB effective as of November 19, 2014 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference.

## OEB's Qualifications

11.      EFH Corp. has made careful and diligent inquiry into the qualifications and competence of OEB and is advised that OEB, by reason of ability, integrity and professional experience, is capable of providing proper legal counsel to EFH Corp.  OEB has been actively involved in numerous chapter 11 cases in this District representing debtors, creditors and other parties-in-interest in those cases.

12.      In preparing for its representation of EFH Corp. in its chapter 11 case, OEB has become familiar with EFH Corp.'s businesses and many of the potential legal issues that may

---

[2] Prior to its retention of OEB, EFH Corp. selected the firm of Proskauer Rose LLP ("Proskauer") as co-counsel to EFH Corp. Proskauer is filing a separate application for approval of its employment and retention.

arise in the context of this chapter 11 case. EFH Corp. believes that OEB is both well-qualified and able to represent it in this chapter 11 case in an efficient and timely manner.

## Services to Be Provided

13.     Subject to further order of the Court, and consistent with the Engagement Letter, EFH Corp. requests the retention and employment of OEB, to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter.

14.     The scope of OEB's retention is limited to the foregoing and will not duplicate the efforts of Kirkland & Ellis, LLP ("Kirkland") or Richards, Layton & Finger, P.A. ("RLF"), whose role in the Debtors' cases as primary restructuring counsel to the Debtors will remain unchanged, or other professionals retained by the Debtors.  Kirkland and RLF on the one hand, and OEB and Proskauer on the other, will work to minimize duplication of their work, with Kirkland and RLF being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, and OEB and Proskauer rendering professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any a matter constitutes a Conflict Matter, each consistent with their respective engagements.

## Professional Compensation

15.     OEB intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with EFH Corp.'s chapter 11

case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable procedures and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] and any case-specific fee protocols approved by the Court pursuant to the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "<u>Fee Committee Order</u>"). OEB also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with the Application and the interim and final fee applications to be filed by OEB in this chapter 11 case.

16.    The hourly rates and corresponding rate structure OEB will use in EFH Corp.'s chapter 11 case are the same as the hourly rates and corresponding rate structure that OEB uses in other restructuring matters, as well as similar complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

17.    OEB's current hourly rates for matters related to this chapter 11 case range as follows:[3]

| Billing Category | U.S. Range |
|------------------|------------|
| Partners | $295 - $400 |
| Associates | $180 - $250 |
| Paraprofessionals | $125 - $160 |

18.    OEB's hourly rates are set at a level designed to compensate OEB fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.

---

[3]  These ranges reflect OEB's billing rates that took effect on January 1, 2014.

19.     These hourly rates are consistent with the rates that OEB charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case and non-chapter 11 clients. The rate structure provided by OEB is appropriate and not significantly different from (a) the rates that OEB charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work OEB will perform in EFH Corp.'s chapter 11 case.

20.     It is OEB's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also OEB's policy to charge its clients only the amount actually incurred by OEB in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals and lodging. Notwithstanding anything to the contrary in the Application or the Engagement Letter, OEB will not seek reimbursement of expenses for office supplies.

21.     Consistent with the Local Bankruptcy Rules, OEB will charge no more than $0.10 per page for standard duplication services in EFH Corp.'s chapter 11 case. OEB does not charge its clients for incoming facsimile transmissions. OEB has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

22.     OEB also understands that it will be performing services as co-counsel with Proskauer, who is separately seeking retention in this case.  OEB has and will continue to work

closely with Proskauer to prevent any duplication of efforts during the course of this engagement.

## Compensation Received by OEB from EFH Corp.

23.    Prior to the date hereof, OEB has not received any compensation from EFH Corp.

24.    Pursuant to Bankruptcy Rule 2016(b), OEB has not agreed to share (a) any compensation it may receive with another party or person, other than with the partners and associates associated with OEB, or (b) any compensation another person or party may receive.

## OEB's Disinterestedness

25.    No agreement or understanding exists between OEB and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with EFH Corp.'s chapter 11 case, nor shall OEB share or agree to share compensation received for services rendered in connection with EFH Corp.'s chapter 11 case with any other person other than as permitted by section 504 of the Bankruptcy Code.

26.    To the best of EFH Corp.'s knowledge, and as disclosed herein and in the Klauder Declaration: (a) OEB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to EFH Corp.'s estate; and (b) OEB has no connection to EFH Corp., its creditors or related parties, except as may be disclosed in the Klauder Declaration.

27.    OEB will conduct a conflicts search on parties added to the list of Potential Parties in Interest (as defined in the Klauder Declaration) from time to time during the pendency of EFH Corp.'s chapter 11 case pursuant to the procedures described in the Klauder Declaration. If any new relevant facts or relationships are discovered or arise in such review, OEB will file promptly a supplemental declaration where appropriate.

## Privilege and Confidentiality Matters

28.      The Resolutions provide for the delegation to the disinterested directors of the authority to make all decisions, and to implement or direct the implementation of all decisions, with respect to Conflict Matters and on whether any matter constitutes a Conflict Matter. They also grant to the disinterested directors the control of any attorney-client, work-product or other privilege belonging to EFH Corp. in connection with OEB and other independent advisers or their work or privileged communications on Conflict Matters and on whether any matter constitutes a Conflict Matter.

29.      In addition, the Resolutions direct officers, employees, advisors and agents of EFH Corp. other than the independent advisors not to seek or have access to any such work or communications, and, as part of the Resolutions, each interested director of EFH Corp. has agreed to waive any right that he or she might have under applicable corporate governance law to access, so that the disinterested directors and their independent advisors' work and communications are protected from disclosure to interested directors.

## Supporting Authority

30.      EFH Corp. seeks retention of OEB as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

31. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement

> for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

32.    Based on the foregoing, EFH Corp. submits that for all the reasons stated above and in the Klauder Declaration, the retention of OEB as co-counsel is warranted and satisfies Bankruptcy Rule 2014(a). Further, as stated in the Klauder Declaration, OEB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFH Corp.'s estate and has no connection to EFH Corp., its creditors or related parties, except as may be disclosed in the Klauder Declaration.

33.    EFH Corp. submits that the terms and conditions of OEB's employment, as disclosed in this Application, are reasonable.

### Notice

34.    EFH Corp. shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee and proposed counsel thereto; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0%

EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States

Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the Taxing Authorities. EFH Corp. submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

35.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, EFH Corp. respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 16, 2014              */s/ Donald I. Evans*
        Wilmington, Delaware              Donald I. Evans
                             Executive Chairman
                             Board of Directors
                             Energy Future Holdings Corp.