## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 2900 |

## ORDER AUTHORIZING THE TCEH COMMITTEE TO RETAIN AND EMPLOY CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT EFFECTIVE AS OF AUGUST 4, 2014

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**")[2] pursuant to sections 328(a) and 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 2014(a), and Local Rules 2014-1 2016-2(h): authorizing the retention and employment of Charles River Associates ("**CRA**") as natural gas and energy consultant to the TCEH Committee as of August 4, 2014, on the terms set forth in the Engagement Letter;[3] and upon the Yellin Declaration filed in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors."

[3] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Application.

2

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court; and the Court having determined that the terms and conditions of CRA's employment, including the fee structure set forth in the Engagement Letter, attached as <u>Exhibit 1</u> hereto, are reasonable as required by section 328(a) of the Bankruptcy Code; and upon the Court finding that CRA does not represent any adverse interests in connection with these cases and that it is a disinterested person as that term is defined in Bankruptcy Code section 101(14) and as used in Bankruptcy Code section 328(c); and upon further finding that the employment of CRA is necessary and in the best interests of the TCEH Committee; and notice of the Application having been proper; and the relief requested in the Application being warranted; it is **HEREBY ORDERED THAT**:

1.    The Application is granted to the extent provided herein.

2.    To the extent the Application, the Yellin Declaration, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

3.    The TCEH Committee is authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain CRA as the TCEH Committee's natural gas and energy consultant in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1,** subject to the terms of this Order, and CRA is authorized to perform the following services:

(a)    Develop a long-term natural gas price forecast to be used as a fundamental input for the formation of a revised TCEH/EFH business plan;

(b)    Develop associated alternate scenarios/sensitivities to long-term natural gas price forecast;

2

(c)    Develop and document trends in long-term gas price drivers (e.g., shale gas drilling and completion productivity, initial production and decline rates, resource availability in and out of key "sweet spots", prices and trends in liquids production, gas demand including exports and increasing industrial demand, etc.) to support eventual potential testimony on gas price forecasts;

(d)    Analyze volatility in natural gas prices with respect to their impact on portfolio value;

(e)    Analyze relevant futures market data for forecasting long-term gas prices;

(f)    Preparation of an expert report and provision of testimony, if required; and

(g)    such other natural gas and energy consultant services or such other assistance as the TCEH Committee or its Counsel may deem necessary that are consistent with the role of a natural gas and energy consultant and not duplicative of services provided by other professionals in this proceeding.

4.    CRA shall use reasonable efforts to avoid any duplication of services provided by any of the other Committee professionals in these chapter 11 cases.

5.    Pursuant to the terms of the Engagement Letter, CRA is entitled to reimbursement by the TCEH Debtors for reasonable expenses incurred in connection with the performance of services in paragraph three (3) above, including, without limitation, the reasonable fees, disbursements and other charges of CRA's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and (to the extent applicable) and the Fee Guidelines promulgated by the Office of the United States Trustee; *provided however,* that CRA shall not seek reimbursement for any services provided by CRA's counsel; *provided further,* that CRA may only seek reimbursement for services in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further,* that CRA

3

shall submit the invoices of CRA's counsel together with any application seeking allowance of reimbursement for the fees, disbursements, and other charges of its counsel.

6.       CRA will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however,* that CRA shall be compensated in accordance with the terms of the Engagement Letter and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the U.S. Trustee, and any other applicable orders of the Court.

7.       Absent further order of this Court, fees and expenses incurred by CRA shall be paid by the TCEH Debtors.

8.       The indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

(a)      CRA shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;

(b)      the Debtors shall have no obligation to indemnify CRA, or provide contribution or reimbursement to CRA, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from CRA's gross negligence or willful misconduct; (ii) for a contractual dispute in which the TCEH Committee alleges the breach of CRA's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F .3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which CRA should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c)      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, CRA believes that it

4

is entitled to the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, CRA must file an application therefor in this Court, and the TCEH Debtors may not pay any such amounts to CRA before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CRA for indemnification, contribution or reimbursement, and not a provision limiting the duration of the TCEH Debtors' obligation to indemnify CRA. All parties-in-interest shall retain the right to object to any demand by CRA for indemnification, contribution or reimbursement.

9.      The TCEH Committee and CRA are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.     Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to CRA's fees pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     Notwithstanding any provision to the contrary in this Application, the Yellin Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: __12/17__, 2014
         Wilmington, DE

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

ny-1159605