## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: January 13, 2015 at 9:30 a.m. |
| | Objection Deadline: December 31, 2014 at 4:00 p.m.. |

## APPLICATION OF ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY GREENHILL & CO., LLC AS INDEPENDENT FINANCIAL ADVISOR EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 17, 2014

Debtors and debtors-in-possession Energy Future Competitive Holdings Company LLC

("**EFCH**") and Texas Competitive Electric Holdings Company LLC ("**TCEH**" and together with

EFCH and their debtor subsidiaries, the "**TCEH Debtors**") file this application (this

"**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto

as **Exhibit A**, authorizing the TCEH Debtors to employ and retain Greenhill & Co., LLC

("**Greenhill**") as their independent financial advisor effective *nunc pro tunc* to November 17,

2014, reporting to and taking direction from Hugh E. Sawyer, the disinterested member of the

board of managers of each of EFCH and TCEH (the "**TCEH Debtors' Disinterested**

**Manager**") in connection with "Conflicts Matters," as defined in and pursuant to the authority

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

delegated to the TCEH Debtors' Disinterested Manager in the respective resolutions of the

ECFH and TCEH Board of Managers dated November 7, 2014 and December 9, 2014 attached

hereto as **Exhibit B** (collectively, the "Resolutions"), including the determination by the TCEH

Debtors' Disinterested Manager of whether any matter constitutes a "Conflict Matter"

(collectively, "Conflict Matters").[2]  In support of this Application, the TCEH Debtors submit the

*Declaration of Bradley A. Robins in Support of Application for Entry of an Order Authorizing*

*the Retention and Employment of Greenhill & Co., LLC as Independent Financial Advisor to*

*Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings*

*Company LLC Effective Nunc Pro Tunc to November 17, 2014* (the "**Robins Declaration**"),

which is attached hereto as **Exhibit C**, and which will be supplemented prior to the hearing by a

supplemental declaration (the "**Supplemental Robins Declaration**").  In further support of this

Application, the TCEH Debtors respectfully state as follows.

<u>Jurisdiction and Venue</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

---

[2] Greenhill will be retained pursuant to the engagement letter, effective as of November 17, 2014, between the TCEH Debtors and Greenhill (the "**Greenhill Engagement Letter**").  A copy of the Greenhill Engagement Letter is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference.  While the Greenhill Engagement Letter does not specifically reference Conflict Matters, consistent with the authority delegated to the Disinterested Manager pursuant to the Resolutions, it is implicit in the Engagement Letter and understood by the parties that Greenhill's mandate is to perform the Services (as defined herein) with respect to Conflict Matters, as described herein.  Capitalized terms used herein but not otherwise defined have the meanings ascribed to such terms in the Greenhill Engagement Letter.  Capitalized terms used herein but not otherwise defined have the meanings ascribed to such terms in the Greenhill Engagement Letter.

§ 157(b)(2), and the TCEH Debtors confirm their consent pursuant to rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "**Local Bankruptcy Rules**") to the entry of a final order by the Court

in connection with this Application to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Application are §§ 327(a) and

328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy

Rules 2014-1 and 2016-2.

## Relief Requested

4.      Subject to this Court's approval, by this Application, the TCEH Debtors seek

entry of the Order authorizing the employment and retention of Greenhill pursuant to §§ 327(a)

and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy

Rules 2014-1 and 2016-2 as the TCEH Debtors' independent financial advisor  consistent with

the terms and conditions set forth in the Greenhill Engagement Letter, but only in connection

with Conflict Matters, including the determination by the TCEH Debtors' Disinterested Manager

of whether any matter constitutes a Conflict Matter, effective as of November 17, 2014.   In

carrying out its retention, Greenhill will report to and take direction solely from the TCEH

Debtors' Disinterested Manager.

## Background

5.      On April 29, 2014 (the "**Petition Date**"), EFCH, TCEH and certain of their

affiliates (collectively, the "**Debtors**") filed voluntary petitions with the Court under chapter 11

of the Bankruptcy Code.  The Debtors are operating their businesses and managing their

properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

The Court has entered an interim order for joint administration of these chapter 11 cases.  The

Court has not appointed a trustee.

6.    The Office of the United States Trustee for the District of Delaware (the "**U.S.**

**Trustee**") formed (a) an official committee of unsecured creditors composed of creditors of

EFCH, TCEH, and TCEH's direct and indirect subsidiaries, and EFH Corporate Services

Company (collectively, the "**TCEH Creditors' Committee**") in these chapter 11 cases on May

13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors composed of creditors of

Debtors EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc.

and EECI, Inc. (collectively, the "**EFH Creditors' Committee**" and, together with the TCEH

Creditors' Committee, the "**Committees**") in these chapter 11 cases on October 27, 2014 [D.I.

2570].

7.    On November 3, 2014, this Court issued its ruling on the *Motion of Energy Future*

*Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling*

*an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of*

*Notice Thereof* [D.I. 2087], finding, among other things, "[R]egardless of the merits of the

debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be

no question that it raises actual internal conflicts among the debtors' estates." Hrg. Tr. Nov. 3,

2014, at 13:25-14:3 [D.I. 2699.]  The Court also ruled that, based on these conflicts, the requisite

vote on bidding procedures must be by the independent directors of the EFH, EFCH, TCEH, and

EFIH.  *See id*. at 18:16-19.

8.      On November 7, 2014, the boards of managers of EFCH and TCEH adopted the Resolutions determining that Hugh E. Sawyer is a disinterested manager of each of EFCH and TCEH, and delegating to the TCEH Debtors' Disinterested Manager the authority to engage independent advisors as he deemed necessary to represent and advise the TCEH Debtors on Conflict Matters (including determining whether any matter constitutes a Conflict Matter).

9.      Consistent with this delegated authority, the TCEH Debtors' Disinterested Manager determined that, in addition to the advice of independent legal counsel, the TCEH Debtors require advice on Conflict Matters from an independent financial advisor.  Accordingly, on November 17, 2014, after interviewing several potential candidates, the TCEH Debtors' Disinterested Manager selected Greenhill to serve in this capacity.  Over the next several weeks, the TCEH Debtors' Disinterested Manager and TCEH executives engaged in significant discussions and arm's-length negotiations with Greenhill over the terms of Greenhill's retention. While these discussions and negotiations were ongoing, Greenhill, with the approval of the TCEH Debtors' Disinterested Manager, commenced its work and began to address some of the more pressing and time-sensitive issues facing the TCEH Debtors.

10.      On December 9, 2014, the boards of managers of EFCH and TCEH each adopted supplemental resolutions that ratified the TCEH Debtors' Disinterested Manager's previous selection of independent advisors, including Greenhill, and further delegated to the TCEH Debtors' Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind the TCEH Debtors and their subsidiaries in connection therewith, with the advice of independent advisors or others with whom he determines to consult.

11.    On December 15, 2014, the TCEH Debtors finalized the terms of Greenhill's engagement, as set forth in the Greenhill Engagement Letter.  This Application promptly followed.

### Greenhill's Qualifications

12.    The TCEH Debtors' Disinterested Manager selected, and the TCEH Debtors seek to retain, Greenhill as their independent financial advisor because of, among other things, Greenhill's extensive experience in, and reputation for, providing high-quality financial advisory services to debtors in bankruptcy reorganizations and other restructurings.

13.    Established in 1996, Greenhill is a leading independent investment bank and has provided financial advisory services to numerous major corporate entities and investors worldwide.  Greenhill is registered as a broker-dealer with the Securities and Exchange Commission and a member of the Financial Industry Regulatory Authority.

14.    Greenhill was selected by the TCEH Debtors' Disinterested Manager based on its experience and expertise in providing financial advisory services in chapter 11 cases and debt restructurings.  Greenhill's restructuring professionals have extensive experience in advising debtors and other constituents in chapter 11 cases and have served as financial advisors  to numerous debtors and creditors in restructurings including, among others, American Roads LLC; AMR Corporation; Hawker Beechcraft, Inc.; General Growth Properties, Inc.; Lyondell Chemical Company; Chrysler, LLC; BearingPoint, Inc.; Constar International Inc.; Delphi Corp.; Refco Inc.; Bethlehem Steel Corp.; Eclipse Aviation Corp.; and U.S. Shipping Partners L.P.

15.    The resources, capabilities, and experience of Greenhill in advising the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager are crucial to the successful restructuring of the TCEH Debtors in light of the Conflict Matters the Court has already indentified, others yet to be identified and given the size and complexity of these chapter

11 cases.  On account of the Conflict Matters, the retention of an experienced financial advisor such as Greenhill fulfills a critical need that complements the services offered by the Debtors' other restructuring professionals who may be restricted from working on such matters.  Broadly speaking, Greenhill will assist in the evaluation of various strategic alternatives and render financial advice to the TCEH Debtors' Disinterested Manager on Conflict Matters in connection with their ongoing restructuring efforts.

16.    In addition, since November 17, 2014, Greenhill has provided extensive services to the TCEH Debtors' Disinterested Manager and worked closely with both the TCEH Debtors' Disinterested Manager and his counsel.  As a result, Greenhill has become familiar with the TCEH Debtors and their business, including the TCEH Debtors' financial affairs, debt structure, operations, and related matters.  Having worked with the TCEH Debtors' Disinterested Manager and the TCEH Debtors' other advisors, Greenhill has developed relevant experience and knowledge regarding the TCEH Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.

17.    For the foregoing reasons, the TCEH Debtors believe Greenhill is well qualified to provide the TCEH Debtors with financial advisory services concerning Conflict Matters in a timely, efficient and cost-effective manner.

## Services To Be Provided

18.    Pursuant to the Greenhill Engagement Letter, in consideration of the compensation contemplated thereby, Greenhill has provided and has agreed to provide financial advisory services to the TCEH Debtors in connection with Conflict Matters, including the determination of whether any matter constitutes a Conflict Matter.  Given the large number of Debtors and their varying interests and creditor constituencies, the Court has recognized that significant conflicts may exist between the various Debtors.  Because of such actual or perceived

conflicts, it is necessary for the TCEH Debtors' Disinterested Manager to retain an independent

financial advisor. In carrying out its retention, Greenhill will report to and take direction solely

from the TCEH Debtors' Disinterested Manager.

19.     The terms and the conditions of the Greenhill Engagement Letter were the result

of significant discussions and arm's-length negotiations between Greenhill and the TCEH

Debtors, and they reflect the parties' mutual agreement as to the substantial efforts that will be

required in this engagement. Subject to further order of the Court and consistent with the

Greenhill Engagement Letter, the services described above and enumerated below with respect

to Conflict Matters (collectively, the "**Services**"), will include the following:[3]

(a)     General Financial Advisor Services. Greenhill shall, in case if reasonably
        requested by the TCEH Debtors' Disinterested Manager:

    i.      review and analyze the business, operations, and financial
            projections of the TCEH Debtors;

    ii.     evaluate the TCEH Debtors' potential debt capacity in light of its
            projected cash flows;

    iii.    assist in the determination of a capital structure for the TCEH
            Debtors;

    iv.     assist in the determination of a range of values for the TCEH
            Debtors on a going concern basis;

    v.      advise and attend meetings of the TCEH Debtors' boards of
            managers and their committees with respect to matters on which
            Greenhill has been engaged;

    vi.     provide such other financial advisory and investment banking
            services as are customary for similar transactions and as may be

---

[3] The summaries of the Greenhill Engagement Letter contained in this Application are provided
for purposes of convenience only. In the event of any inconsistency, the terms of the Greenhill
Engagement Letter shall control, provided that, consistent with the authority delegated to the
Disinterested Manager pursuant to the Resolutions, it is implicit in the Engagement Letter and
understood by the parties that Greenhill's mandate is to perform the Services (as defined herein)
with respect to Conflict Matters, as described herein and as set forth in the Order.

mutually agreed upon by the TCEH Debtors' Disinterested Manager and Greenhill;

(b)     <u>Restructuring Services</u>.   If the TCEH Debtors determine to pursue a Restructuring (as defined in the Greenhill Engagement Letter), Greenhill shall, in each case if reasonably requested by the TCEH Debtors' Disinterested Manager and at the direction of the TCEH Debtors' Disinterested Manager:

i.      advise and assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in structuring and effecting the financial aspects of such a Restructuring, subject to the terms and conditions of the Greenhill Engagement Letter;

ii.     provide financial advice and assistance to the TCEH Debtors at the direction of the Disinterested Manager in developing and seeking approval of a Restructuring plan (as the same may be modified from time to time, a "<u>Plan</u>") under chapter 11 of the Bankruptcy Code;

iii.    in connection therewith, provide financial advice and assistance to the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in structuring any new securities, other consideration or other inducements to be offered and/or issued under the Plan;

iv.     assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager and/or participate in negotiations with entities or groups affected by the Plan;

v.      provide testimony, as necessary, with respect to matters on which Greenhill has been engaged to advise the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in the Bankruptcy Proceeding; and

vi.     assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in preparing and/or reviewing documentation within Greenhill's area of expertise required in connection with the Plan.

20.     As noted above, Greenhill will provide these Services in connection with advising the TCEH Debtors on Conflict Matters and in carrying out its retention, Greenhill will report to and take direction from the TCEH Debtors' Disinterested Manager.

21.     The TCEH Debtors did not engage Greenhill to duplicate the services of the

Debtors' other financial professionals, including Evercore, which will continue to serve as the

Debtors' primary investment banker and financial advisor in these chapter 11 cases.  However,

Evercore cannot advise the TCEH Debtors on Conflict Matters.  Greenhill shall use its

reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors'

other retained professionals in these chapter 11 cases.

**Professional Compensation**

22.     Greenhill is not owed any amounts with respect to pre-petition fees and expenses

in connection with its proposed engagement by the TCEH Debtors or otherwise in connection

with these chapter 11 cases.

23.     The TCEH Debtors understand that Greenhill intends to apply for compensation

for professional services rendered and reimbursement of expenses incurred in connection with

these chapter 11 cases in compliance with applicable provisions of the Bankruptcy Code,

Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066], any case-specific

fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the

*Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"),

and any other applicable procedures and orders of the Court.  Greenhill has agreed to be bound

by the terms of the Fee Committee Order.  Greenhill also intends to make a reasonable effort to

comply with the  U.S. Trustee's requests for information and additional disclosures as set forth in

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1,*

*2013* (the "**Revised UST Guidelines**") , both in connection with the Application and the interim

and final fee applications to be filed by Greenhill in these chapter 11 cases.  As more fully

described below, Greenhill's proposed compensation was the result of substantial discussions

and arm's-length negotiations with the TCEH Debtors.

24.     In consideration of the Services, and as fully described in the Greenhill

Engagement Letter, the TCEH Debtors have agreed, subject to the Court's approval, to pay

Greenhill the proposed compensation set forth in the Greenhill Engagement Letter (the "**Fee and**

**Expense Structure**").  The Fee and Expense Structure is summarized as follows:[4]

> (a)     **Monthly Advisory Fee:** $250,000 per month until termination of
> Greenhill's engagement.
>
> (b)     **Transaction Fee:** Upon consummation of any Restructuring, Greenhill
> will be entitled to receive a transaction fee (the "Transaction Fee"),
> payable promptly at the closing thereof, equal to $9,500,000.
>
> (c)     **Credit of Fee**:  An amount equal to 50% of any Monthly Advisory Fees
> that arise after the 9th month of the term of the Greenhill Engagement
> Letter, to the extent paid, shall be creditable against the Transaction Fee.
>
> (d)     **Expenses:** The TCEH Debtors will pay reasonable and documented out-
> of-pocket expenses (including all fees and expenses of counsel).
> Notwithstanding anything to the contrary in the Application or the
> Greenhill Engagement Letter, Greenhill will not seek reimbursement of
> expenses for office supplies.

25.     Greenhill's strategic and financial expertise as well as its capital markets

knowledge, financial advisory skills, restructuring capabilities, and mergers and acquisitions

expertise, some or all of which may be required by the TCEH Debtors during the term of

Greenhill's engagement hereunder, were important factors in determining the Fee and Expense

Structure, and the ultimate benefit to the TCEH Debtors of Greenhill's Services hereunder

---

[4] This summary is presented for convenience purposes only and is not an exhaustive reflection of
the fee and expense terms set forth in the Greenhill Engagement Letter, which are controlling in
all respects, except where otherwise specified in the Order. Capitalized terms used but not
otherwise defined herein have the meanings ascribed to such terms in the Greenhill Engagement
Letter.

cannot be measured by reference to the number of hours to be expended by Greenhill's professionals in the performance of such Services.

26.    The TCEH Debtors submit that Greenhill has obtained valuable institutional knowledge of the TCEH Debtors' businesses and financial affairs as a result of providing Services to the TCEH Debtors' Disinterested Manager since November 17, 2014 and that Greenhill is both well qualified and uniquely able to perform these Services and assist the TCEH Debtors in these chapter 11 cases.  Moreover, due to the critical importance of addressing Conflict Matters in these cases, the TCEH Debtors believe that Greenhill's Services will be critical in assisting the TCEH Debtors in a successful outcome of these chapter 11 cases.

27.    The TCEH Debtors believe that the Fee and Expense Structure is consistent with and typical of those arrangements generally charged by financial advisors of similar stature to Greenhill for engagements of comparable complexity, scope, and risk, both in and out of bankruptcy proceedings, and reflects an appropriate balance between a fixed, monthly fee and a deferred amount.  The Fee and Expense Structure is also consistent with Greenhill's normal and customary billing practices for comparably sized and complex cases and transactions, both in and out of court, involving services comparable to those to be provided in connection with these chapter 11 cases.  Greenhill and the TCEH Debtors accordingly believe that the Fee and Expense Structure is both reasonable and market based.

28.    In addition, the Fee and Expense Structure has been agreed upon by the parties on an arm's-length basis in anticipation that (a) a substantial commitment of professional time and effort will be required of Greenhill and its professionals hereunder; (b) such commitment may foreclose other opportunities for Greenhill; and (c) the actual time and commitment required of

Greenhill and its professionals to perform the Services hereunder may vary substantially from week to week and month to month, creating "peak load" issues for Greenhill.

29.     For these reasons, the TCEH Debtors believe that the Court should approve Greenhill's retention subject to the standard of review set forth in § 328(a) of the Bankruptcy Code and that Greenhill's compensation should not be subject to any additional standard of review under § 330 of the Bankruptcy Code, except as provided for in the Order.  No agreement or understanding exists between Greenhill and any other person, other than as permitted by § 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall Greenhill share or agree to share compensation received for services rendered in connection with these chapter 11 cases with any other person or other than as permitted by § 504 of the Bankruptcy Code.

## Record Keeping and Applications for Compensation

30.     It is not the general practice of financial advisory and investment banking firms, including Greenhill, to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d).  Because Greenhill does not ordinarily maintain contemporaneous time records in tenth-hour (.10) increments or provide or conform to a schedule of hourly rates for its professionals, pursuant to Local Rule 2016-2(h), Greenhill should be excused from compliance with such information requirements set forth in Local Rule 2016-2(d) and from compliance with an Interim Compensation Order with respect to Greenhill's professional fees only.  Greenhill should be required to maintain time records in half-hour (0.50) increments, not decimal hours, setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the TCEH Debtors.

31.    Greenhill will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the Services.  Greenhill's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Greenhill Engagement Letter, in accordance with Local Rule 2016-2(e) and any procedures established by the Court, pursuant to an Interim Compensation Order or otherwise.

### Indemnification Provisions

32.    The Greenhill Engagement Letter contains standard indemnification language with respect to Greenhill's services.  The TCEH Debtors and Greenhill believe that the indemnification provisions contained in the Greenhill Engagement Letter are customary and reasonable.

33.    Moreover, the TCEH Debtors and Greenhill negotiated the terms and conditions of the indemnification provisions at arm's length and in good faith.  The provisions contained in the Greenhill Engagement Letter, viewed in conjunction with the other terms of Greenhill proposed retention, are reasonable and in the best interest of the TCEH Debtors, their estates, and creditors in light of the fact that the TCEH Debtors require Greenhill's services to successfully reorganize.  Accordingly, the TCEH Debtors request that the Court approve the indemnification provisions as set forth in the Greenhill Engagement Letter.

### Greenhill's Disinterestedness

34.    The TCEH Debtors provided to Greenhill a list of potential parties-in-interest with respect to all of the Debtors' cases, which includes the Debtors and their significant creditors, equity interest holders, other known potential parties-in-interest in these chapter 11 cases, and the Debtors' professionals that are known to be assisting the Debtors in these chapter 11 cases (collectively, the "**Potential Parties-in-Interest**").

35.     The list of Potential Parties-in-Interest includes more than 20,000 entries.  Due to the large number of Potential Parties-in-Interest, Greenhill has not yet completed its investigation of Potential Parties-in-Interest for purposes of compliance with Bankruptcy Rule 2014. However, as set forth in the Robins Declaration, based on its investigation to date, Greenhill does not believe that it has any disabling conflicts of interest.  Moreover, Mr. Robins intends to file with the Court, prior to the hearing on this Application, the Supplemental Robins Declaration, which will further describe the scope and results of Greenhill's complete conflict check.

36.     Based on the foregoing, the TCEH Debtors believe that, subject to the completion of conflict checks and other than as set forth in the Robins Declaration and the Supplemental Robins Declaration, (a) Greenhill is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors' estates; and (b) Greenhill has no connection to the Debtors, their creditors, equity security holders or other Potential Parties-in-Interest in these Chapter 11 cases.

37.     To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise following the submission of the Robins Supplemental Declaration and during the period of Greenhill's retention, Greenhill will use reasonable efforts to promptly file an additional supplemental declaration, as required by Bankruptcy Rule 2014(a).

**<u>Basis for Relief</u>**

38.     The TCEH Debtors seek authority to employ and retain Greenhill as their financial advisor under § 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate,

and that are disinterested persons, to represent or assist the [Debtors] in carrying out their duties under this title." 11 U.S.C. § 327(a).

39.     The TCEH Debtors also seek approval of the Greenhill Engagement Letter (including, without limitation, the Fee and Expense Structure and the indemnification provisions included therein) pursuant to § 328(a) of the Bankruptcy Code, which provides, in relevant part, that debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis…" 11 U.S.C. § 328(a).  Section 328 of the Bankruptcy Code permits the compensation of professionals, including financial advisors, on more flexible terms that reflect the nature of their services and market conditions.  Owing to this inherent uncertainty, courts have approved similar arrangements that contain reasonable terms and conditions under § 328 of the Bankruptcy Code. *See, e.g., In re U.S. Airways, Inc.*, No. 02-83984 (SJM) (Bankr. E.D. Va. Aug. 12, 2002); *see also In re J.L. French Auto. Castings, Inc.*, No. 06-10119 (MFW) (Bankr. D. Del. March 24, 2006).

40.     Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 328(a) of the Bankruptcy Code, which now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a) (amendment emphasized). This change makes clear that the TCEH Debtors are able to retain a professional on a fixed or percentage fee basis, such as the Fee and Expense Structure, with bankruptcy court approval.

41.     The Greenhill Engagement Letter appropriately reflects (a) the nature and scope of services to be provided by Greenhill, (b) Greenhill's substantial experience with respect to financial advisory services and (c) the fee structures typically utilized by Greenhill and other leading financial advisors that do not bill their clients on an hourly basis.

42.     Similar monthly and deferred fee arrangements have been approved and implemented by courts in other large chapter 11 cases. *See, e.g.*, *In re Broadview Networks Holdings, Inc.*, No. 12-13581 (Bankr. S.D.N.Y. Sept. 14, 2012); *In re Circus and Eldorado Joint Venture*, No. 12-51156 (Bankr. D. Nev. July 6, 2012); *In re Delta Petroleum Corp.*, No. 11-14006 (Bankr. D. Del. Dec. 16, 2011); *In re Trico Marine Services, Inc.*, No. 10-12653 (Bankr. D. Del. Aug. 5, 2010); *In re CIT Group Inc.*, No. 09-16565 (Bankr. S.D.N.Y. Nov. 1, 2009); *In re General Motors Corp.*, No. 09-50026 (Bankr. S.D.N.Y. June 1, 2009); *In re Lyondell Chem. Co.*, No. 09-10023 (Bankr. S.D.N.Y. Jan. 6, 2009).

43.     Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

44.     The TCEH Debtors and Greenhill respectfully submit that the terms of Greenhill's retention, including the indemnification provisions contained therein, were negotiated at arm's-length and in good faith, are customary and reasonable for financial advisory engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the TCEH Debtors' estates, creditors, and all Parties-In-Interest.

17

45.     Moreover, the scope of Greenhill's Services is limited to providing financial advice to the TCEH Debtors only in connection with Conflict Matters, including the determination of whether any matter constitutes a Conflict Matter.  As Evercore cannot advise the TCEH Debtors on Conflict Matters, the TCEH Debtors' Disinterested Manager requires access to independent advice.  To that end, in carrying out its retention, Greenhill will report to and take direction solely from the TCEH Debtors' Disinterested Manager.

46.     Accordingly, the TCEH Debtors believe that Greenhill's retention on the terms and conditions proposed herein is appropriate

**Notice**

47.     The TCEH Debtors shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior

secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the

Taxing Authorities. The TCEH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

48.    No prior request for the relief sought in this Application has been made to this or any other court.

[Remainder of page intentionally left blank.]

WHEREFORE, the TCEH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware

Dated: December 17, 2014

*/s/ Hugh E. Sawyer*
Hugh E. Sawyer
Authorized Manager of ECFH and TCEH