# TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
## BOARD OF MANAGERS RESOLUTIONS
## NOVEMBER 7, 2014

---

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries) (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the members of the Board have acknowledged that the material facts relating to the relationships or interests of other members of the Board with other affiliated or related companies and other material relationships have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or the governing documents of TCEH, to the extent applicable;

WHEREAS, as described in the material presented and reviewed by the Board and based on the known facts and circumstances, Hugh E. Sawyer as the member of the Board that is disinterested (within the meaning of Section 144 of the DGCL or the governing documents of TCEH, to the extent applicable) (the "Disinterested Manager");

WHEREAS, the members of the Board of Managers of TCEH (the "Board") considered the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters,* approved by the Bankruptcy Court on September 16, 2014, concerning, among other things, the ability of the Disinterested Manager to retain independent counsel and other advisors for TCEH under certain circumstances; and

WHEREAS, the members of the Board desires to delegate certain authority to the Disinterested Manager.

NOW, THEREFORE, BE IT,

RESOLVED that the Board hereby determines that Hugh E. Sawyer as a member of the Board is currently disinterested (within the meaning of Section 144 of the DGCL or the governing documents of TCEH, to the extent applicable) with respect to the Conflict Matters (as defined below); and further

EFCH/TCEH

RESOLVED that the Board hereby delegates authority to the Disinterested Manager to engage independent legal counsel and such other advisors as he deems necessary to represent and advise TCEH, reporting to the Disinterested Manager, on matters pertaining to the Chapter 11 Case on which a conflict exists between TCEH and any other Debtor (the "Conflict Matters"); and further

RESOLVED that the Board hereby requests that the Disinterested Manager review Conflict Matters identified by the Disinterested Manager (and his advisors) and make such recommendations to the Board as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of independent legal counsel and other applicable advisors; and further

RESOLVED, that any officers of TCEH (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing.

# TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
## BOARD OF MANAGERS RESOLUTIONS
## DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Managers Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Managers of TCEH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Hugh E. Sawyer is the only current member of the Board that is disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between TCEH or its direct and indirect subsidiaries, on the one hand, and any other Debtor, on the other hand ("Conflict Matters") and was designated the Disinterested Manager ("Disinterested Manager") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Manager to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Manager to seek and retain, at TCEH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Manager deems necessary to represent and advise TCEH, reporting to the Disinterested Manager, on the Conflict Matters;

WHEREAS, the Disinterested Manager interviewed and engaged certain Independent Advisors effective as of November 16, 2014 to represent and advise TCEH, and reporting solely to the Disinterested Manager, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 3.11(b) of the Fourth Amended and Restated Limited Liability Company Agreement of TCEH, the members of the Board desire to delegate to the Disinterested Manager certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on TCEH and TCEH's subsidiaries; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on TCEH's behalf, with respect to Conflict Matters as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Manager determines it is appropriate or necessary to consult, and to act on behalf of and bind TCEH in connection therewith, including taking action on TCEH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing its subsidiaries to abide by and implement the decisions and actions of the Disinterested Manager with respect to Conflict Matters and the Disinterested Manager's determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Manager will update the Board at board meetings on the status of his or her (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Manager determines is appropriate and necessary to fulfill his or her duties and obligations as the Disinterested Manager, taking into account the confidentiality or privilege of the Disinterested Manager's work and the advice of the Independent Advisors; and further

RESOLVED that TCEH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of its subsidiaries to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of TCEH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Manager and the Independent Advisors all information as the Disinterested Manager or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Manager and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Manager in respect of a Conflict Matter on behalf of TCEH as directed by the Disinterested Manager; provided that the Disinterested Manager retains the right to implement any such decision on behalf of TCEH and its subsidiaries himself or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Manager; and further

RESOLVED that the Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to TCEH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager; and further

RESOLVED that the Disinterested Manager be, and hereby is, authorized to take all such further action, at TCEH's expense, as the Disinterested Manager shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Manager or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

# ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")
## BOARD OF MANAGERS RESOLUTIONS
## NOVEMBER 7, 2014

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries) (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the members of the Board have acknowledged that the material facts relating to the relationships or interests of other members of the Board with other affiliated or related companies and other material relationships have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or the governing documents of EFCH, to the extent applicable;

WHEREAS, as described in the material presented and reviewed by the Board and based on the known facts and circumstances, Hugh E. Sawyer as the member of the Board that is disinterested (within the meaning of Section 144 of the DGCL or the governing documents of EFCH, to the extent applicable) (the "Disinterested Manager");

WHEREAS, the members of the Board of Managers of EFCH (the "Board") considered the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014, concerning, among other things, the ability of the Disinterested Manager to retain independent counsel and other advisors for EFCH under certain circumstances; and

WHEREAS, the members of the Board desires to delegate certain authority to the Disinterested Manager.

NOW, THEREFORE, BE IT,

RESOLVED that the Board hereby determines that Hugh E. Sawyer as a member of the Board is currently disinterested (within the meaning of Section 144 of the DGCL or the governing documents of EFCH, to the extent applicable) with respect to the Conflict Matters (as defined below); and further

RESOLVED that the Board hereby delegates authority to the Disinterested Manager to engage independent legal counsel and such other advisors as he deems necessary to represent and advise EFCH, reporting to the Disinterested Manager, on matters pertaining to the Chapter 11 Case on which a conflict exists between EFCH and any other Debtor (the "Conflict Matters"); and further

RESOLVED that the Board hereby requests that the Disinterested Manager review Conflict Matters identified by the Disinterested Manager (and his advisors) and make such recommendations to the Board as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of independent legal counsel and other applicable advisors; and further

RESOLVED, that any officers of EFCH (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing.

**ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")**
**BOARD OF MANAGERS RESOLUTIONS**
**DECEMBER 9, 2014**

---

The following recitals and resolutions supplement the Board of Managers Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including EFCH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Managers of EFCH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Hugh E. Sawyer is the only current member of the Board that is disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFCH or its direct and indirect subsidiaries, on the one hand, and any other Debtor, on the other hand ("Conflict Matters") and was designated the Disinterested Manager ("Disinterested Manager") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Manager to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Manager to seek and retain, at EFCH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Manager deems necessary to represent and advise EFCH, reporting to the Disinterested Manager, on the Conflict Matters;

WHEREAS, the Disinterested Manager interviewed and engaged certain Independent Advisors effective as of November 16, 2014 to represent and advise EFCH, and reporting solely to the Disinterested Manager, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 2.1(h) of the Limited Liability Company Agreement of EFCH, the members of the Board desire to delegate to the Disinterested Manager, who shall constitute a committee thereunder, certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFCH and EFCH's subsidiaries (other than

Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH's direct and indirect subsidiaries); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFCH's behalf, with respect to Conflict Matters as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Manager determines it is appropriate or necessary to consult, and to act on behalf of and bind EFCH in connection therewith, including taking action on EFCH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) to abide by and implement the decisions and actions of the Disinterested Manager with respect to Conflict Matters and the Disinterested Manager's determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Manager will update the Board at board meetings on the status of his or her (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Manager determines is appropriate and necessary to fulfill his or her duties and obligations as the Disinterested Manager, taking into account the confidentiality or privilege of the Disinterested Manager's work and the advice of the Independent Advisors; and further

RESOLVED that EFCH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFCH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Manager and the Independent Advisors all information as the Disinterested Manager or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Manager and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Manager in respect of a Conflict Matter on behalf of EFCH as directed by the Disinterested Manager; provided that the Disinterested Manager retains the right to implement any such decision on behalf of EFCH and its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) himself or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Manager; and further

RESOLVED that the Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to EFCH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager; and further

RESOLVED that the Disinterested Manager be, and hereby is, authorized to take all such further action, at EFCH's expense, as the Disinterested Manager shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Manager or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.