**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

**DECLARATION OF BRADLEY A. ROBINS IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENHILL & CO., LLC AS INDEPENDENT FINANCIAL ADVISOR TO DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC EFFECTIVE NUNC PRO TUNC TO NOVEMBER 17, 2014**

I, Bradley A. Robins, state the following under penalty of perjury:

1. I am over eighteen years of age and have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.

2. I am a Managing Director and the Head of Financing Advisory & Restructuring for North America for the firm of Greenhill & Co., LLC ("**Greenhill**"), an investment banking firm having expertise in bankruptcy, mergers and acquisitions, financing and other financial advisory issues. Greenhill maintains a central office in New York City, located at 300 Park Avenue, New York, New York 10022, and also maintains offices in San Francisco, Los Angeles, Houston and Chicago. Offices are also maintained through its affiliates in London, Frankfurt,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

São Paulo, Stockholm, Sydney, Tokyo, Toronto and Melbourne.  I am authorized to execute this Declaration on behalf of Greenhill.

3.      I submit this Declaration pursuant to Bankruptcy Rule 2014(a) in support of the Application pursuant to §§ 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1 and 2016-2 for authorization to employ and retain Greenhill as financial advisor effective *nunc pro tunc* to November 17, 2014.  Except as otherwise noted in this Declaration, I have personal knowledge of the matters set forth herein.

### Greenhill's Qualifications

4.      Established in 1996, Greenhill is a leading independent investment bank and has provided financial advisory services to numerous major corporate entities and investors worldwide.  Greenhill is registered as a broker-dealer with the Securities and Exchange Commision and is a member of the Financial Industry Regulatory Authority.

5.      Moreover, the TCEH Debtors' Disinterested Manager selected Greenhill based on its experience and expertise in providing financial advisory services in chapter 11 cases and debt restructurings.  Greenhill's restructuring professionals have extensive experience in advising debtors and other constituents in chapter 11 cases and have served as financial advisors to numerous debtors and creditors in restructurings involving, among others, American Roads LLC; AMR Corporation; Hawker Beechcraft, Inc.; General Growth Properties, Inc.; Lyondell Chemical Company; Chrysler, LLC; BearingPoint, Inc.; Constar International Inc.; Delphi Corp.; Refco Inc.; Bethlehem Steel Corp.; Eclipse Aviation Corp.; and U.S. Shipping Partners L.P.

6.      Since November 17, 2014, Greenhill has provided extensive services to the TCEH Debtors' Disinterested Manager and worked closely with both the TCEH Debtors' Disinterested Manager and his counsel.  As a result, Greenhill has become familiar with the TCEH Debtors and their business, including the TCEH Debtors' financial affairs, debt structure, operations, and related

2

matters. Having worked with the TCEH Debtors' Disinterested Manager and the TCEH Debtors' other advisors, Greenhill has developed relevant experience and knowledge regarding the TCEH Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.

## Services to Be Provided

7.      Pursuant to the Greenhill Engagement Letter, Greenhill will provide financial advisory services to the TCEH Debtors in connection with Conflict Matters, including the determination of whether any matter constitutes a Conflict Matter. In carrying out its retention, Greenhill will report to and take direction solely from the TCEH Debtors' Disinterested Manager.

8.      The terms and the conditions of the Greenhill Engagement Letter were the result of significant discussions and arm's-length negotiations between Greenhill and the TCEH Debtors, and they reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement. Subject to further order of the Court and consistent with the Greenhill Engagement Letter, the services described above and enumerated below (collectively, the "**Services**"), will include the following:[2]

    a.      <u>General Financial Advisor Services</u>. Greenhill shall, in case if reasonably requested by the TCEH Debtors' Disinterested Manager:

        i.      review and analyze the business, operations, and financial projections of the TCEH Debtors;

        ii.     evaluate the TCEH Debtors' potential debt capacity in light of its projected cash flows;

---

[2] The summaries of the Greenhill Engagement Letter contained in this Application are provided for purposes of convenience only. In the event of any inconsistency, the terms of the Greenhill Engagement Letter shall control, provided that, consistent with the authority delegated to the Disinterested Manager pursuant to the Resolutions, it is implicit in the Engagement Letter and understood by the parties that Greenhill's mandate is to perform the Services (as defined herein) with respect to Conflict Matters, as described herein and as set forth in the Order. Capitalized terms used herein but not otherwise defined have the meanings ascribed to such terms in the Greenhill Engagement Letter.

      iii.    assist in the determination of a capital structure for the TCEH Debtors;

      iv.    assist in the determination of a range of values for the TCEH Debtors on a going concern basis;

      v.    advise and attend meetings of the TCEH Debtors' boards of managers and their committees with respect to matters on which Greenhill has been engaged;

      vi.    provide such other financial advisory and investment banking services as are customary for similar transactions and as may be mutually agreed upon by the TCEH Debtors' Disinterested Manager and Greenhill;

    b.    <u>Restructuring Services</u>.  If the TCEH Debtors determine to pursue a Restructuring (as defined in the Greenhill Engagement Letter), Greenhill shall, in each case if reasonably requested by the TCEH Debtors' Disinterested Manager and at the direction of the TCEH Debtors' Disinterested Manager:

      i.    advise and assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in structuring and effecting the financial aspects of such a Restructuring, subject to the terms and conditions of the Greenhill Engagement Letter;

      ii.    provide financial advice and assistance to the TCEH Debtors at the direction of the Disinterested Manager in developing and seeking approval of a Restructuring plan (as the same may be modified from time to time, a "<u>Plan</u>") under chapter 11 of the Bankruptcy Code;

      iii.    in connection therewith, provide financial advice and assistance to the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in structuring any new securities, other consideration or other inducements to be offered and/or issued under the Plan;

      iv.    assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager and/or participate in negotiations with entities or groups affected by the Plan;

      v.    provide testimony, as necessary, with respect to matters on which Greenhill has been engaged to advise the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in the Bankruptcy Proceeding; and

      vi.    assist the TCEH Debtors at the direction of the TCEH Debtors' Disinterested Manager in preparing and/or reviewing

documentation within Greenhill's area of expertise required in connection with the Plan.

9. As noted above, Greenhill will provide these Services in connection with advising the TCEH Debtors on Conflict Matters. Greenhill understands that the TCEH Debtors did not engage Greenhill to duplicate the services of the Debtors' other financial professionals, including Evercore, which I understand will continue to serve as the Debtors' primary investment banker and financial advisor these chapter 11 cases. However, Evercore cannot advise the TCEH Debtors on Conflict Matters. Greenhill shall use its reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

## **Professional Compensation**

10. Greenhill is not owed any amounts with respect to pre-petition fees and expenses in connection with its proposed engagement by the TCEH Debtors or otherwise in connection with these chapter 11 cases.

11. Greenhill's decision to advise and assist the TCEH Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its Services, and reimbursed for the expenses it incurs in accordance with its customary billing practices.

12. Greenhill intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066], any case-specific fee protocols approved by the Court after notice and

a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), and any other applicable procedures and orders of the Court. Greenhill has agreed to be bound by the terms of the Fee Committee Order. Greenhill also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), both in connection with the Application and the interim and final fee applications to be filed by Greenhill in these chapter 11 cases. As more fully described below, Greenhill's proposed compensation was the result of substantial discussions and arm's-length negotiations with the TCEH Debtors. As further described below, Greenhill's proposed compensation was the result of substantial discussions and arm's-length negotiations with the TCEH Debtors.

13. In consideration of the Services, and as fully described in the Greenhill Engagement Letter, the TCEH Debtors have agreed, subject to the Court's approval, to pay Greenhill the proposed compensation set forth in the Greenhill Engagement Letter (the "**Fee and Expense Structure**"). The Fee and Expense Structure is summarized as follows:

    a.    **Monthly Advisory Fee:** $250,000 per month until termination of Greenhill's engagement.

    b.    **Transaction Fee:** Upon consummation of any Restructuring, Greenhill will be entitled to receive a transaction fee (the "Transaction Fee"), payable promptly at the closing thereof, equal to $9,500,000.

    c.    **Credit of Fee**: An amount equal to 50% of any Monthly Advisory Fees that arise after the 9th month of the term of the Greenhill Engagement Letter, to the extent paid, shall be creditable against the Transaction Fee.

    d.    **Expenses:** The TCEH Debtors will pay reasonable and documented out-of-pocket expenses, (including all fees and expenses of counsel). Notwithstanding anything to the contrary in the Application or the

Engagement Letter, Greenhill will not seek reimbursement of expenses for office supplies.

14. No agreement or understanding exists between Greenhill and any other person, other than as permitted by § 504 of the Bankruptcy Code, to share compensation received for serviced rendered in connection with these chapter 11 cases, nor shall Greenhill share or agree to share compensation received for services rendered in connection with these chapter 11 cases with any other person or other than as permitted by § 504 of the Bankruptcy Code. Greenhill believes that the Fee and Expense Structure provided for in the Engagement Letter and generally described above are both reasonable and market-based. Greenhill's strategic and financial expertise as well as its capital markets knowledge, financial advisory skills, restructuring capabilities, and mergers and acquisitions expertise, some or all of which may be required by the TCEH Debtors during the term of Greenhill's engagement hereunder, were important factors in determining the Fee and Expense Structure, and the ultimate benefit to the TCEH Debtors of Greenhill's Services hereunder cannot be measured by reference to the number of hours to be expended by Greenhill's professionals in the performance of such Services.

15. Greenhill has obtained valuable institutional knowledge of the TCEH Debtors' businesses and financial affairs as a result of providing the Services to the TCEH Debtors' Disinterested Manager since November 17, 2014, and Greenhill is both well qualified and uniquely able to perform the Services and assist the TCEH Debtors in these chapter 11 cases. Moreover, due to the critical importance of addressing Conflict Matters in these cases, Greenhill believes that its Services will be critical in assisting the TCEH Debtors in a successful outcome of these chapter 11 cases.

16. Greenhill believes that the Fee and Expense Structure is consistent with its normal and customary billing practices for comparably sized and complex cases, both in and out of court, and comparable with those charged by financial advisors of similar stature to Greenhill for

engagements of comparable complexity, scope, and risk, both in and out of bankruptcy proceedings, and reflects an appropriate balance between a fixed, monthly fee and deferred amount.

17.     In addition, the Fee and Expense Structure has been agreed upon by the parties on an arm's-length basis in anticipation that (a) a substantial commitment of professional time and effort will be required of Greenhill and its professionals hereunder; (b) such commitment may foreclose other opportunities for Greenhill; and (c) that the actual time and commitment required of Greenhill and its professionals to perform the Services hereunder may vary substantially from week to week and month to month, creating "peak load" issues for Greenhill.

18.     Consistent with its ordinary practice and the practice of financial advisors in other chapter 11 cases whose fee arrangements are typically not hour-based, Greenhill does not ordinarily maintain contemporaneous time records in one tenth (0.1) hour increments or provide or conform to a schedule of hourly rates for its professionals. Therefore, Greenhill is seeking a waiver from any such requirements and requests the authority to maintain such time records in one half (0.5) hour increments. Greenhill will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the Services.

## Indemnification Provisions

19.     The Greenhill Engagement Letter contains standard indemnification language with respect to Greenhill's services. Greenhill believes that the indemnification provisions contained in the Greenhill Engagement Letter are customary and reasonable.

20.     Moreover, the TCEH Debtors and Greenhill negotiated the terms and conditions of the indemnification provisions at arm's length and in good faith. Greenhill believes that the provisions contained in the Greenhill Engagement Letter, viewed in conjunction with the other terms of Greenhill proposed retention, are reasonable and in the best interest of the TCEH

Debtors, their estates, and creditors in light of the fact that the TCEH Debtors require Greenhill's services to successfully reorganize.

### Greenhill's Disinterestedness

21.    The TCEH Debtors provided to Greenhill a list of potential parties-in-interest with respect to all of the Debtors' cases, which includes the Debtors and their significant creditors, equity interest holders, other known potential parties-in-interest in these chapter 11 cases, and the Debtors' professionals that are known to be assisting the Debtors in these chapter 11 cases (collectively, the "**Potential Parties-in-Interest**").

22.    The list of Potential Parties-in-Interest includes more than 20,000 entries. Due to the large number of Potential Parties-in-Interest, Greenhill has not yet completed its investigation of Potential Parties-in-Interest for purposes of compliance with Bankruptcy Rule 2014. However, insofar as I have been able to determine based on Greenhill's investigation to date, I do not believe that Greenhill has any disabling conflicts of interest. Moreover, I intend to file with the Court, prior to the hearing on the Application, the Supplemental Robins Declaration, which will describe the scope and results of Greenhill's complete conflict check.

23.    To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise following the submission of the Robins Supplemental Declaration and during the period of Greenhill's retention, Greenhill will use reasonable efforts to promptly file an additional supplemental declaration, as required by Bankruptcy Rule 2014(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 17, 2014

>Respectfully submitted,
>
>/s/ Bradley A. Robins
>
>Bradley A. Robins, Manager Director of Greenhill & Co., LLC