## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Hearing Date:  January 13, 2015 at 9:30 a.m.**<br>) **Objection Deadline:  January 5, 2015 at 4:00 p.m.** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER TO THE COMMITTEE *NUNC PRO TUNC* TO NOVEMBER 12, 2014 AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)

The official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**"), hereby submits this application (the "**Application**")  for the entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), (a) authorizing the EFH Committee to retain and employ Guggenheim Securities, LLC ("**Guggenheim Securities**") as its investment banker in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to November 12, 2014, pursuant to that certain engagement letter by and between Guggenheim Securities and the EFH Committee, attached as Exhibit B (the "**Engagement Letter**") and (b) granting to

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Guggenheim Securities a limited waiver of the information requirements under Local Rule 2016-2(d), pursuant to Local Rule 2016-2(h).  In support of this Application, the EFH Committee submits the Declaration of Ronen Bojmel, a senior managing director and co-head of restructuring at Guggenheim Securities (the "**Bojmel Declaration**"), attached hereto as Exhibit C and incorporated herein by reference.  In further support of this Application, the EFH Committee respectfully states as follows:

## Background

1.      On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2.      On October 27, 2014, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the EFH Committee pursuant to section 1102 of the Bankruptcy Code.  On October 30, 2014, the EFH Committee selected Brown & Zhou, LLC to serve as its Chair.  On November 12, 2014, the EFH Committee unanimously selected Guggenheim Securities as its investment banker.

## Facts Specific to the Relief Requested

**A.     Guggenheim's Qualifications**

3.      On November 12, 2014, the EFH Committee heard presentations by two investment banking firms seeking to be engaged by the EFH Committee as its investment banker, and reviewed the qualifications of each such firm. After discussing the relevant experience, capabilities and other qualifications of each of the firms considered, the members of the EFH Committee voted unanimously to engage Guggenheim Securities as its investment banker in these chapter 11 cases.

4.     As set forth in the Bojmel Declaration, Guggenheim Securities is an investment banking firm that maintains offices at 330 Madison Avenue, New York, New York, 10017.  Guggenheim Securities provides a broad range of advisory services to its clients, including, without limitation, (i) strategic advisory services, (ii) capital raising and (iii) general financial advice.  The investment banking professionals employed by Guggenheim Securities have been advising clients around the world for over twenty (20) years, including in large and complex chapter 11 reorganizations.  The EFH Committee believes that Guggenheim Securities and the professionals that it employs are uniquely qualified to advise in the matters for which Guggenheim Securities is proposed to be employed in these chapter 11 cases.

**B.     Services to be Provided**

5.     The EFH Committee anticipates that Guggenheim Securities will render the following financial advisory services pursuant to the Engagement Letter, subject to applicable orders of the Court, and as requested by the EFH Committee:[2]

  a.  To the extent that Guggenheim Securities deems necessary, appropriate and feasible, review and analyze the Debtors' business, operations, financial condition and prospects;

  b.  Review and analyze the Debtors' business plans and financial projections prepared by the Debtors' senior management, if available;

  c.  Evaluate the Debtors' liquidity and debt capacity;

  d.  Advise the EFH Committee regarding the current state of the restructuring;

  e.  Assist and advise the EFH Committee in examining and analyzing any potential or proposed strategy for a Transaction (as defined below);

  f.  Provide such financial analysis as the EFH Committee may reasonably request in connection with these chapter 11 cases and any chapter 11

---

[2]     This Application is intended to provide a summary of the salient terms of the Engagement Letter.  To the extent that any summary of such terms in this Application is inconsistent with the actual terms of the Engagement Letter, the actual terms of the Engagement Letter shall control.

3

plan proposed in connection therewith;

g.  Submit affidavits, prepare expert witness testimony, appear in court and/or offer testimony concerning any of the subjects encompassed by the other investment banking services in connection with these chapter 11 cases, as reasonably requested by the EFH Committee;

h.  Evaluate potential alternatives in connection with a possible Transaction;

i.  Represent the EFH Committee in negotiations with the Debtors and third parties with respect to the foregoing;

j.  Attend meetings with the Debtors and third parties and advise the EFH Committee in connection therewith; and

k.  Provide such other investment banking services as may from time to time be agreed upon by Guggenheim Securities and the EFH Committee in writing during the term of the Engagement Letter.

6.      Guggenheim Securities has advised the EFH Committee that, as set forth in the Bojmel Declaration and based on the conflicts procedures described therein that Guggenheim Securities (a) does not have any connections with the Debtors or their estates and creditors, or any other party in interest, except as disclosed in the Bojmel Declaration, (b) does not represent any entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases and does not hold any interest adverse to the Debtors' estates with respect to the matters for which it is to be employed and (c) is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

**C.      Professional Compensation**

7.      Guggenheim Securities intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable fee guidelines established by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**") or by the

4

fee committee established in these chapter 11 cases (the "**Fee Committee**"), and any otherwise

applicable guidelines, orders or procedures of the Court.  As set forth in the Proposed Order and

subject to any other applicable order of the Court, fees and expenses incurred under the

Engagement Letter shall be paid to Guggenheim Securities by the EFH Debtors.

8.      The  EFH Committee seeks the Court's approval of the following

consideration for Guggenheim Securities' services (the "**Fee Structure**") pursuant to the

Engagement Letter and subject to the Proposed Order:

a.  <u>**Monthly Fee:**</u>

i.      A non-refundable cash fee of $250,000 per month (each,
the "**Monthly Fee**" and collectively, the "**Monthly Fees**").
The first payment of the Monthly Fee will be made by the
EFH Debtors upon approval of the Engagement Letter by
the Court and will be made in respect of the period from
November 12, 2014 (prorated for the month of November)
through the month in which such payment is made
(including the full Monthly Fee for such month).
Thereafter, payment will be due and paid by the EFH
Debtors in advance on the first day of each month during
the term of the Engagement Letter.

ii.     50% of the aggregate Monthly Fees in excess of
$1,500,000 will be credited (but only once), to the extent
actually paid, against the Transaction Fee upon
consummation of a Transaction.

b.  <u>**Transaction Fee:**</u>

i.      A cash fee in an amount equal to $9,000,000 (a
"**Transaction Fee**"), payable if: (A) at any time during the
term of the Engagement Letter or within the 12 full months
following the expiration or termination of the Engagement
Letter (including the term of the Engagement Letter, the
"**Fee Period**"), any Transaction[3] is consummated or (B)

---

[3]     The term "**Transaction**" means and includes any restructuring, reorganization, rescheduling, recapitalization or
repayment of all or any material portion of the Debtors' liabilities (including, without limitation, unfunded
pension and retiree medical liabilities, lease obligations, trade credit facilities, contract or tort obligations, joint
venture interests and/or partnership interests), or any sale of all or a material portion of the Debtors or their
assets, however such result is achieved, including without limitation through any one or more of the following
means, whether in one or a series of transactions:  (i) a chapter 11 plan confirmed in connection with these

any Transaction is consummated at any time (including following the expiration of the Fee Period) resulting from negotiations occurring during the Fee Period.

ii.   No Transaction Fee shall be payable under the Engagement Letter with respect to any Transaction if the principal definitive agreement relating to such Transaction is signed following a termination of the Engagement Letter by Guggenheim Securities without cause.

9.      As set forth in the Proposed Order, in addition to any fees that may be paid to Guggenheim Securities, whether or not any Transaction occurs, Guggenheim Securities will be reimbursed for all reasonable documented out-of-pocket expenses (including (i) the reasonable documented fees and expenses of its outside counsel, (ii) expenses invoiced to Guggenheim Securities by Mr. Rob Venerus in connection with his retention by Guggenheim Securities as described in the Bojmel Declaration and (iii) the reasonable, documented fees and expenses of any other independent experts retained by Guggenheim Securities with the consent of the EFH Committee (which consent shall not be unreasonably withheld) actually and reasonably incurred by Guggenheim Securities and its designated affiliates in connection with Guggenheim Securities' engagement pursuant to the Engagement Letter.

10.     Guggenheim Securities will maintain records in support of any expenses incurred in connection with its services in these chapter 11 cases. As Guggenheim Securities' compensation will include only the Monthly Fee and the Transaction Fee (if any), the EFH Committee requests, pursuant to Local Rule 2016-2(h), that Guggenheim Securities not be required to file time records in accordance with Local Rule 2016-2(d), and that the applicable requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, applicable guidelines of

---

chapter 11 cases and/or (ii) an exchange offer, a consent solicitation, a solicitation of waivers, acceptances or authorizations, covenant relief, the rescheduling of debt maturities, a change in interest rates, the settlement or forgiveness of debt, the conversion of debt into equity, other amendments to the terms, conditions or covenants of the Debtors' debt instruments, the issuance of new securities, the raising of new debt or equity capital and/or the sale or other transfer of equity, assets or other interests of the Debtors.

SC1:3750763.6

the Fee Committee, and any otherwise applicable guidelines, orders or procedures of the Court

be waived to the extent necessary to grant such relief.  Notwithstanding that Guggenheim

Securities does not charge for its services on an hourly basis, Guggenheim Securities proposes to

maintain records (in summary format) of its services rendered for the EFH Committee in half-

hour increments.

**D.      Indemnification Provisions**

           11.      The indemnification provisions annexed to the Engagement Letter (the

("**Indemnification Provisions**") provide that the Debtors shall, to the fullest extent permitted by

law, indemnify and hold harmless each of Guggenheim Securities and its affiliates, each of its

and their controlling persons (within the meaning of the U.S. federal securities laws),

stockholders, members, directors, officers, managers, employees, consultants, legal counsel and

agents and each of its and their respective heirs, successors and assigns (each, an "**Indemnified**

**Person**" and, collectively, the "**Indemnified Persons**"), against any and all Liabilities (as

defined in the Engagement Letter), and fully reimburse such Indemnified Persons for any and all

Expenses (as defined in the Engagement Letter), as and when incurred, in connection with (a)

any advice or services requested of, or rendered or to be rendered by, Guggenheim Securities

pursuant to the Engagement Letter, (b) any actions or inactions by Guggenheim Securities with

respect to the Engagement Letter, (c) any Transaction or (d) the determination and enforcement

by Guggenheim Securities of its rights pursuant to the Engagement Letter, in each case subject to

certain exceptions.  If a claim for indemnification under the Indemnification Provisions is made

but it is found in a final judgment by a court of competent jurisdiction that such indemnification

is unavailable, even though the Indemnification Provisions provide for such indemnification,

then the Debtors, on the one hand, and Guggenheim Securities, on the other hand, will contribute

to the Liabilities and Expenses of the Indemnified Persons as set forth in the Indemnification Provisions.

12.     As set forth in the Proposed Order, any indemnification, reimbursement and contribution under the Indemnification Provisions shall be provided to Guggenheim Securities by the EFH Debtors.  Furthermore, in connection with this Application, Guggenheim Securities has agreed to certain limitations and modifications to the Indemnification Provisions, which are reflected in the Proposed Order and are as follows:

a.  the EFH Debtors shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, willful misconduct or gross negligence, (ii) for a contractual dispute in which the EFH Debtors allege the breach of Guggenheim Securities' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co.* v. *Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) below, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter;

b.  if, during the pendency of these chapter 11 cases, the indemnification provided in the Indemnification Provisions is held unenforceable with respect to any Liability of Expense by reason of the exclusions set forth in subparagraph (a) above and any Indemnified Person makes a claim for the payment of any amounts by the EFH Debtors on account of the EFH Debtors' contribution obligations, then the final sentence of the fourth paragraph of the Indemnification Provisions (regarding amounts to be contributed by an Indemnified Person) shall not apply; and

c.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the EFH Debtors on account of the EFH Debtors' indemnification, contribution, and/or reimbursement

8

obligations under the Engagement Letter, as modified by the Proposed Order, including without limitation the advancement of defense costs, such Indemnified Person must file an application therefor in the Court, and the EFH Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by the Court approving such payment.  This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation by any Indemnified Person for indemnification, contribution or reimbursement and is not a provision limiting the duration of the EFH Debtors' estates' obligation to indemnify an Indemnified Person.

13.     The EFH Committee believes that the Indemnification Provisions are customary and reasonable for Guggenheim Securities and comparable firms providing investment banking services, and that the qualifications and limitations provided in the Proposed Order are also customary in this district and others for cases similar to these chapter 11 cases.

E.      **Guggenheim's Disinterestedness**

14.     To the best of the EFH Committee's knowledge, and as detailed herein and in the Bojmel Declaration: (a) Guggenheim Securities and Mr. Rob Venerus are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (b) Guggenheim Securities and Mr. Venerus do not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (c) Guggenheim Securities and Mr. Venerus do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Guggenheim Securities and Mr. Venerus are employed and (d) Guggenheim Securities and Mr. Venerus have no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Bojmel Declaration.

15.     Guggenheim Securities will promptly review its files against any updated list of Parties-in-Interest (as defined in the Bojmel Declaration) received from the Debtors from time to time during the pendency of these chapter 11 cases pursuant to the procedures described in the Bojmel Declaration.  To the extent any new relevant facts or relationships are discovered

9

or arise in the course of such review, Guggenheim Securities will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

### Jurisdiction

16.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). This statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 2014-1 and 2016-2(h) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

### Relief Requested

17.     By this Application, the EFH Committee requests entry of the Proposed Order (a) authorizing the EFH Committee to retain and employ Guggenheim Securities as its investment banker in connection with these chapter 11 cases effective *nunc pro tunc* to November 12, 2014, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 and in accordance with the terms, and subject to the conditions, set forth in the Engagement Letter and (b) granting a limited waiver of the information requirements under Local Rule 2016-2(d), pursuant to Local Rule 2016-2(h).

### Basis for Relief

**A.      The EFH Committee's Retention and Employment of Guggenheim Securities Is Reasonable and Appropriate Pursuant to Section 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.**

18.     The EFH Committee seeks to retain and employ Guggenheim Securities as its investment banker pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

SC1:3750763.6

10

> [M]ay employ or authorize the employment of a professional person under section . . . 1103 of [the Bankruptcy Code] . . . on any reasonable terms and conditions of employment.

11 U.S.C. § 328(a).

19.    Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of professionals pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20.    Guggenheim Securities' restructuring expertise, capital markets knowledge, financing skills and mergers and acquisitions capabilities were important factors in the EFH Committee's decision to engage Guggenheim Securities in connection with these chapter 11 cases, and to approve the Fee Structure and the other terms of Guggenheim Securities' proposed engagement as described herein.

21.    The EFH Committee believes the Fee Structure and the other proposed terms of the Engagement Letter are consistent with and typical of employment terms entered into by firms comparable to Guggenheim Securities in connection with similar engagements. The EFH Committee believes that the benefit of Guggenheim Securities' services cannot be measured by reference to the number of hours expended by Guggenheim Securities' professionals in the performance of Guggenheim Securities' services under the Engagement Letter. The EFH Committee and Guggenheim Securities have agreed upon the Fee Structure in

11

anticipation that a substantial commitment of time and effort will be required of Guggenheim

Securities and its professionals in connection with these chapter 11 cases and in light of the fact

that:  (a) such commitment may foreclose other opportunities for Guggenheim Securities; and (b)

the actual time and commitment required of Guggenheim Securities and its professionals to

perform its services under the Engagement Letter may vary substantially from week to week and

month to month, creating "peak load" issues for Guggenheim Securities.

22.     In light of the foregoing and given the numerous issues that Guggenheim

Securities may be required to address in the course of its engagement in these chapter 11 cases,

Guggenheim Securities' commitment to the variable level of time and effort necessary to address

all such issues as they arise and the typical prices for Guggenheim Securities' services for

engagements of this nature both in an out-of-court and chapter 11 context, the EFH Committee

believes that the Fee Structure and the other terms of the Engagement Letter are reasonable.

Because the EFH Committee seeks to retain Guggenheim Securities under section 328(a) of the

Bankruptcy Code, the EFH Committee believes that Guggenheim Securities' compensation

should not be subject to any additional standard of review under section 330 of the Bankruptcy

Code and does not constitute a "bonus" or fee enhancement under applicable law.

23.     Courts in this district have frequently approved the engagement of

financial advisors or investment bankers in chapter 11 cases on terms similar to the proposed

terms of Guggenheim Securities' engagement as requested herein.  *See, e.g., In re Energy Future

Holdings Corp., et al.,* 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014), Docket No. 2507 (order

authorizing retention of financial advisor on terms similar to the terms the Engagement Letter);

*In re QCE Finance LLC, et. al.,* 14-10543 (PJW) (Bankr. D. Del. April 22, 2014), Docket No.

237 (same); *In re Exide Technologies,* 13-11482 (KJC) (Bankr. D. Del. Aug. 8, 2013), Docket

No. 487 (same).  Therefore, based on the facts and for the reasons stated herein and in the

Bojmel Declaration, the EFH Committee submits that the retention and employment of

Guggenheim Securities as investment banker to the EFH Committee is necessary and

appropriate; and that the terms of the Engagement Letter satisfy section 328(a) of the Bankruptcy

Code and should be approved by the Court, as modified by the Proposed Order.

**B.      Waiver of the Time-Keeping Requirements of Local Rule 2016-2(d) Is Appropriate.**

24.      As noted above, pursuant to Local Rule 2016-2(h), the EFH Committee

requests that the requirements of Local Rule 2016-2(d), requiring, among other things, that any

motion of a professional person for approval of compensation or reimbursement of expenses

include a description of such professional's activities, recorded in tenths of an hour, be waived as

to Guggenheim Securities such that Guggenheim Securities will be required only to maintain

time records of its services rendered for the EFH Committee in half-hour increments.

25.      Investment bankers such as Guggenheim Securities do not typically

charge for their services on an hourly basis.  Instead, they customarily charge a monthly advisory

fee plus an additional fee that is contingent upon the occurrence of a specified type of

transaction.  Consistent with this market practice, Guggenheim Securities' compensation

pursuant to the Engagement Letter will consist of the Monthly Fees and, if applicable, the

Transaction Fee, as described above.  Guggenheim Securities will not be compensated based on

the number of hours expended by its personnel in the course of its engagement in connection

with these chapter 11 cases.

26.      Accordingly, the EFH Committee requests that Guggenheim Securities be

permitted to maintain appropriate records of its services rendered for the EFH Committee in half-

hour increments, notwithstanding the requirements of Local Rule 2016-2(d), and that the

requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, and any otherwise

13

applicable orders or procedures of the Court also be waived to the extent necessary to grant such

relief.  The EFH Committee believes that this limited waiver of Local Rule 2016-2(d) will

conserve time and resources for Guggenheim Securities' personnel and enable Guggenheim to

more efficiently advise the EFH Committee, while the submission of records in half-hour

increments will ensure appropriate transparency regarding Guggenheim Securities' activities

under the proposed engagement.

28.     Courts in this district have previously granted relief similar to that

requested herein, and waived the requirements of Local Rule 2016-2(d) to allow investment

banking professionals to submit time records in half-hour increments. *See, e.g., In re Energy*

*Future Holdings Corp., et al.,* 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014), Docket No. 2507

(order waiving time-keeping requirements with respect to investment banking firm pursuant to

2016-2(h)); *In re Exide Technologies,* 13-11482 (KJC) (Bankr. D. Del. Aug. 8, 2013), Docket

No. 487 (same); *In re QCE Finance LLC, et. al.,* 14-10543 (PJW) (Bankr. D. Del. April 22,

2014), Docket No. 237 (same).

## C.    Approval of the Indemnification Provisions, As Limited and Modified by the Proposed Order, Is Appropriate.

28.     The EFH Committee believes that the Indemnification Provisions are

customary and reasonable for investment banking and financial advisory engagements, both out

of court and in chapter 11 proceedings. *See United Artists Theatre Co.* v. *Walton (In re United*

*Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003) (finding that indemnification agreement

between debtor and financial advisor was reasonable under section 328 of the Bankruptcy Code).

Such terms allow investment banks to offer advisory services to chapter 11 parties without

exposure to open-ended liability.  Likewise, the proposed limitations on the Indemnification

Provisions, as set forth in the Proposed Order, are customary for Guggenheim Securities and other investment bankers and financial advisors engaged in similar chapter 11 cases.

29.    Courts in this district have previously approved indemnification of investment banking professionals in recent chapter 11 cases on terms similar to the Indemnification Provisions, subject to limitations similar to those set forth in the Proposed Order. *See, e.g., In re Energy Future Holdings Corp., et al.,* 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014), Docket No. 2507 (approving indemnification of investment banker on terms similar to the Indemnification Provisions, subject to limitations similar to those set forth in the Proposed Order); *In re Exide Technologies,* 13-11482 (KJC) (Bankr. D. Del. Aug. 8, 2013), Docket No. 487 (same); *In re Overseas Shipholding Group, Inc., et. al.*, 12-20000 (PJW) (Bankr. D. Del. Dec. 27, 2012), Docket No. 238 (same).  The EFH Committee submits that the present circumstances warrant similar relief in these chapter 11 cases and that the Indemnification Provisions are reasonable and should be approved by the Court, subject to the limitations set forth in the Proposed Order.

## Notice

30.    Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Application is neither required nor necessary.

SC1:3750763.6

**<u>No Prior Request</u>**

31.      No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated:    December 22, 2014                     Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
of Energy Future Holdings Corporation, Energy
Future Intermediate Holding Company, LLC,
EFIH Finance, Inc., and EECI, Inc.

Mabel Brown
Brown & Zhou, LLC
Chair of the EFH Committee