**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date:  January 13 at 9:30 a.m.<br>Objection Deadline:  January 5 at 4:00 p.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE COMMITTEE *NUNC PRO TUNC* TO NOVEMBER 5, 2014**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**"), by its Chair, Brown & Zhou, LLC, hereby submits this application (the "**Application**") for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), authorizing the EFH Committee to retain and employ Sullivan & Cromwell LLP ("**S&C**") as its counsel in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to November 5, 2014.  In support of this Application, the EFH Committee submits the Declaration of Mabel Brown (the "**Brown Declaration**"), representative of Brown & Zhou, LLC, Chair of the EFH Committee, attached hereto as <u>Exhibit B</u>, and the Declaration of Andrew G. Dietderich, a partner

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

of S&C (the "**Dietderich Declaration**"), attached hereto as Exhibit C, each incorporated herein by reference. In further support of this Application, the EFH Committee respectfully states as follows:

### Background

1. On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. On October 27, 2014, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the EFH Committee pursuant to section 1102 of the Bankruptcy Code. On October 30, 2014, the EFH Committee selected Brown & Zhou, LLC to serve as its Chair. On November 5, 2014, the EFH Committee unanimously selected S&C and Montgomery McCracken Walker & Rhoads LLP as its counsel.

### Facts Specific to the Relief Requested

**A.    S&C's Qualifications**

3. On November 5, 2014, the EFH Committee members heard presentations by eight law firms seeking to represent the EFH Committee as its lead bankruptcy counsel, and reviewed the qualifications of each law firm. After discussing the relevant experience, capabilities and other qualifications of each the law firms considered, the members of the EFH Committee voted unanimously to retain S&C as its counsel in these chapter 11 cases. The EFH Committee's decision is based on S&C's recognized experience and knowledge of corporate reorganizations under chapter 11 of the Bankruptcy Code, as well as the extensive expertise of S&C's transactional, tax and litigation practice in complex matters relating to all aspects of corporate restructuring.

4.      S&C attorneys have represented debtors, creditor and equity committees, significant stakeholders, plan sponsors and investors in large chapter 11 reorganizations, including the cases of Adelphia Communications, America Online Latin America, Arcapita, Chrysler, CIT Group, The Columbia Gas System, Inc., Eastman Kodak Company, General Growth Properties, Los Angeles Dodgers, Johns Manville Corporation, Oneida, PMI Group, Remy International, RPM International, Simmons Bedding, Smarte Carte, Terrestar Networks, United Retail Group and Washington Mutual.  S&C attorneys also routinely represent buyers and sellers of assets in complex corporate transactions in the energy sector, including the dispositions of numerous regulated utilities and merchant generating businesses similar to those operated by the Debtors.

5.      As counsel to the EFH Committee, S&C will draw on the combined experience of its restructuring, mergers and acquisitions, tax, and other practice groups in advising fiduciaries on the negotiation of major corporate restructurings.  The members of the EFH Committee believe that S&C has demonstrated the experience necessary to represent the EFH Committee as it performs its duties and negotiates the complex legal matters presented by these chapter 11 cases, and respectfully submit that S&C is qualified to serve the EFH Committee as its counsel.

**B.     Services to be Provided**

6.      The EFH Committee anticipates that S&C will provide the following services to the EFH Committee, among others, in connection with these chapter 11 cases, subject to the applicable orders of the Court:

> a.  advise the EFH Committee with respect to its powers and duties under the Bankruptcy Code, the Bankruptcy Rules (as defined below) and the Local Rules (as defined below);

b. assist and advise the EFH Committee in its consultation with the Debtors with regard to the administration of these chapter 11 cases;

c. attend meetings and negotiate with the representatives of the Debtors and other parties in interest in these chapter 11 cases;

d. assist and advise the EFH Committee in its examination and analysis of the conduct of the Debtors' affairs;

e. assist and advise the EFH Committee in connection with any sale of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code;

f. assist the EFH Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assist the EFH Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

g. take all necessary action to protect and preserve the interests of the EFH Committee, including (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning litigation in which the EFH Committee or the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

h. generally prepare on behalf of the EFH Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the EFH Committee;

i. appear, as appropriate, before the Court, the appellate courts, and the U.S. Trustee, and represent the interests of the EFH Committee before those courts and before the U.S. Trustee; and

j. perform all other necessary legal services in these chapter 11 cases for the EFH Committee.

7. The EFH Committee also seeks to retain Montgomery McCracken Walker & Rhoads LLP ("**MMWR**") in these chapter 11 cases as Delaware bankruptcy counsel, and as conflicts counsel on any asbestos conflicts matters and such other conflicts matters as the EFH Committee may determine, as more specifically described in the *Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Under*

4

SC1:3745602.4

*Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) Approving the Employment and Retention of Montgomery, McCracken, Walker & Rhoads, LLP* nunc pro tunc *to November 5, 2014, as Delaware Bankruptcy Counsel and Conflicts Counsel to the Committee.*

**C.     Professional Compensation**

8.     S&C will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with S&C's representation of the EFH Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules (as defined below), the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and any other applicable procedures and orders of the Court.  S&C also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with this Application and the interim and final fee applications to be filed by S&C in these chapter 11 cases.  S&C will cooperate with the fee committee appointed pursuant to the Fee Committee Order (the "**Fee Committee**") in the Fee Committee's discharge of its duties, and has agreed to be bound by the terms of the Fee Committee Order.

9.     As set forth in the Dietderich Declaration, S&C does not ordinarily determine its fees solely on the basis of hourly rates.  Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by Rule 1.5(a) of the New York Rules of Professional

5

SC1:3745602.4

Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters.

10. Notwithstanding the foregoing, S&C has agreed that it will charge for services performed during these chapter 11 cases, and will apply to the Court for approval of such charges, on the basis of hourly rates. Subject to certain concessions requested by the EFH Committee and agreed to by S&C, as described below, S&C proposes to charge the EFH Committee for its legal services on an hourly basis at the rates generally used by S&C when preparing estimates of fees under its normal billing practices. Specifically, S&C and the EFH Committee have agreed to hourly rates ranging from $995 to $1,150 per hour for litigation and restructuring partners, $995 to $1,295 per hour for other partners, $995 to $1,190 per hour for counsel and special counsel, $460 to $865 per hour for associates and $225 to $355 per hour for legal assistants. These rates for the more senior timekeepers in each class represent a discount from the rates used by S&C when preparing estimates of fees under its normal billing procedures.

11. The EFH Committee has been advised that because S&C's fees for services rendered to clients on other matters take into account factors other than the number of hours spent, the amounts of fees charged by S&C for other matters may be different than the amounts that would result simply by the mathematical exercise of multiplying the rates above by the number of hours spent by personnel of comparable seniority.

**D.    Disinterestedness**

12. To the best of the EFH Committee's knowledge, and as detailed herein and in the Dietderich Declaration: (a) S&C is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) S&C does not represent any person or entity having

6

SC1:3745602.4

an interest adverse to the EFH Committee in connection with these chapter 11 cases, (c) S&C does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which S&C is employed and (d) S&C has no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Dietderich Declaration.

13. S&C is aware of certain potential claims by and among the EFH Debtors. If any potential conflict among the EFH Debtors becomes an actual conflict matter for S&C, or S&C or the EFH Committee otherwise determines that S&C can no longer provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "**Actual Conflict Matter**"), S&C will promptly file a notice of such Actual Conflict Matter with the Court, with a copy to the U.S. Trustee, and the EFH Committee will be advised by MMWR as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict), and will retain MMWR or other counsel, as determined by the EFH Committee, to advise the EFH Committee in connection with other Actual Conflict Matters ("**Conflicts Counsel**").

14. S&C will not represent the EFH Committee in litigating or otherwise advise the EFH Committee regarding litigation in connection with any such Actual Conflict Matter, provided that S&C may confer with the EFH Committee, Conflicts Counsel, the EFH Committee's other advisors, and any other party and advisors to such other parties in connection with S&C's continued representation of the EFH Committee in negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter so long as the interests of all applicable parties are adequately represented by counsel other than S&C.

7

15. S&C will promptly review its files against any updated Interested Parties List (as defined in the Dietderich Declaration) received from the Debtors from time to time during the pendency of these chapter 11 cases pursuant to the procedures described in the Dietderich Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, S&C will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

### Jurisdiction

16. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

### Relief Requested

17. By this Application, the EFH Committee requests entry of the Proposed Order authorizing the EFH Committee to retain and employ S&C as its counsel in connection with these chapter 11 cases effective *nunc pro tunc* to November 5, 2014, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

### Basis for Relief

18. The EFH Committee seeks to retain and employ S&C as its counsel pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional person under section . . . 1103 of [the Bankruptcy Code] . . . on any reasonable terms and conditions of employment.

8

11 U.S.C. § 328(a).

19. In retaining counsel pursuant to section 328(a) of the Bankruptcy Code, a committee must comply with section 1103(b) of the Bankruptcy Code, which provides that:

> An attorney . . . employed to represent a committee appointed under section 1102 of [the Bankruptcy Code] may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.

20. Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of counsel pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the [counsel] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [counsel's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21. Based on the facts and for the reasons stated herein and in the Brown Declaration and the Dietderich Declaration, the retention of S&C as counsel to the EFH Committee is reasonable, necessary and appropriate, and satisfies the requirements of sections 328, 1102 and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014(a). The EFH Committee respectfully submits that the relief requested in this Application will enable the EFH Committee to carry out its duties under the Bankruptcy Code, is in the best interests of the EFH Committee and of the unsecured creditors represented by the EFH Committee, and should be approved by the Court.

## Notice

22. Notice of this Application has been provided to: (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton &

Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Application is neither required nor necessary.

## No Prior Request

23. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated:   December 22, 2014

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.

*Mabel Brown*
Mabel Brown
Brown & Zhou, LLC
Chair of the EFH Committee