# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### DECLARATION OF MABEL BROWN IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL AND MONTGOMERY, MCCRACKEN, WALKER & RHOADS LLP AS DELAWARE COUNSEL AND CONFLICTS COUNSEL TO THE COMMITTEE *NUNC PRO TUNC* TO NOVEMBER 5, 2014

I, Mabel Brown, under penalty of perjury, declare as follows:

1.      I am representative of Brown & Zhou, LLC, Chair of the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**").

2.      I have reviewed and am familiar with the contents of the *Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for Entry of an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the*

---

[1]      The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Committee* Nunc Pro Tunc *to November 5, 2014* (the "**S&C Application**").[2]  In support of the

S&C Application, the EFH Committee relies upon the supporting declaration of Andrew

Dietderich (the "**Dietderich Declaration**") attached to the S&C Application as <u>Exhibit C</u>.

       3.      I have also reviewed and am familiar with the contents of the *Application*

*of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy*

*Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order*

*Under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and*

*2016(b) Approving the Employment and Retention of Montgomery, McCracken, Walker &*

*Rhoads, LLP* nunc pro tunc *to November 5, 2014, as Delaware Bankruptcy Counsel and*

*Conflicts Counsel to the Committee.* (the "**MMWR Application**").  In support of the MMWR

Application, the EFH Committee relies upon the supporting declaration of Natalie D. Ramsey,

Esq. attached to the MMWR Application as <u>Exhibit A </u>(the "**Ramsey Declaration**").

       4.      I submit this declaration in support of the EFH Committee's application

for the entry of an order authorizing the EFH Committee to retain and employ Sullivan &

Cromwell LLP ("**S&C**") as its counsel in connection with the chapter 11 cases of Energy Future

Holdings Corporation and its affiliated debtors and debtors in possession (the "**Debtors**"),

effective *nunc pro tunc* to November 5, 2014, and the EFH Committee's application for the entry

of an order authorizing the EFH Committee to retain and employ Montgomery McCracken

Walker & Rhoads, LLP ("**MMWR**") in these chapter 11 cases as Delaware bankruptcy counsel,

and as conflicts counsel on any asbestos conflicts matters and such other conflicts matters as the

EFH Committee may determine, effective *nunc pro tunc* to November 5, 2014, in each case

---

[2]    Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the S&C
Application.

pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").  I have reviewed and am familiar with the contents of the S&C Application, the Dietderich Declaration, the MMWR Application, and the Ramsey Declaration.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

5.      On November 5, 2014, the EFH Committee members heard presentations by eight law firms seeking to represent the EFH Committee as its lead bankruptcy counsel, and reviewed the qualifications of each law firm.  After discussing the relevant experience, capabilities and other qualifications of each the law firms considered, the members of the EFH Committee voted unanimously to retain S&C as its counsel and MMWR as its Delaware bankruptcy counsel and conflicts counsel in these chapter 11 cases.

6.      In my capacity as Chair of the EFH Committee, I participated in these discussions and in the EFH Committee's selection of its counsel.  With respect to the selection of S&C as lead counsel, the decision of the EFH Committee was based on S&C's recognized experience and knowledge regarding corporate reorganizations under chapter 11 of the Bankruptcy Code, as well as the extensive expertise of S&C's transactional, tax and litigation practice in complex matters relating to all aspects of corporate restructuring.  The members of the EFH Committee have determined that the retention of S&C is necessary and appropriate, will enable the EFH Committee to carry out its duties under the Bankruptcy Code, and is in the best interests of the EFH Committee and the unsecured creditors represented by the EFH Committee.

SC1:3747432

7.      The EFH Committee selected MMWR because MMWR is well qualified to serve in an efficient and timely manner as the EFH Committee's Delaware bankruptcy counsel and as conflicts counsel in these chapter 11 cases on any asbestos conflicts matters and such other conflicts matters as the EFH Committee may determine.  MMWR's professionals also have substantial bankruptcy experience, including in bankruptcies involving mass tort liability, prepetition merger transactions, and significant preference and avoidable transfers litigation issues.  The members of the EFH Committee have determined that the retention of MMWR is necessary and appropriate, will enable the EFH Committee to carry out its duties under the Bankruptcy Code, and is in the best interests of the EFH Committee and the unsecured creditors represented by the EFH Committee.

8.      S&C has discussed with the EFH Committee the connections with the Debtors and parties in interest in these chapter 11 cases that are disclosed in the Dietderich Declaration.  Based upon representations made to the EFH Committee by S&C, I understand that the connections and relationships disclosed in the Dietderich Declaration do not preclude S&C from representing the EFH Committee in connection with these chapter 11 cases.

9.      MMWR and the EFH Committee have discussed MMWR's connections with the Debtors and parties in interest in these chapter 11 cases that are disclosed in the Ramsey Declaration.  Based upon representations made to the EFH Committee by MMWR, I understand that the connections and relationships disclosed in the Ramsey Declaration do not preclude MMWR from representing the EFH Committee in connection with these chapter 11 cases.

10.     The members of the EFH Committee have reviewed, and have discussed with S&C, the proposed rates for S&C's legal services in connection with these chapter 11 cases as set forth in the S&C Application.  Based upon representations made to the EFH Committee by

SC1:3747432

S&C, I understand that the rates for the more senior timekeepers in each personnel class, as described in the S&C Application, represent a discount from the rates used by S&C when preparing estimates of fees under its normal billing procedures.  Based on these representations and discussions and the EFH Committee members' experience, the EFH Committee believes these rates are reasonable.

        11.     The members of the EFH Committee have reviewed, and have discussed with MMWR, the proposed rates for MMWR's legal services in connection with these chapter 11 cases as set forth in the MMWR Application.  Based upon representations made to the EFH Committee by MMWR, I understand that the rates for the MMWR professionals that will be primarily responsible for this matter range from $330 to $690 per hour for partners and of counsel, from $280 to $425 per hour for associates, and from $140 to $240 per hour for paralegals.  I understand that MMWR's hourly rates are standard hourly rates for work of this nature.  MMWR has informed the EFH Committee that its hourly rates are subject to periodic adjustment in accordance with MMWR's established billing practices and procedures.  Based on these representations and discussions and the EFH Committee members' experience, the EFH Committee believes these rates are reasonable.

        12.     I understand that the Debtors have established procedures and policies for reviewing fees, and that a fee committee (the "**Fee Committee**") has been appointed in these chapter 11 cases pursuant to the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**").  I further understand that the Debtors and the Fee Committee will review fees and expenses incurred by professionals in these chapter 11 cases to ensure that they are reasonable and to ensure compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable guidelines established by

the U.S. Trustee, the Fee Committee Order and other applicable procedures and orders of the Court.

13.    The EFH Committee has approved S&C's budget and staffing plan for the interim fee period ending December 31, 2014. I understand from S&C that S&C expects to submit for approval by the EFH Committee a prospective budget and staffing plan on a monthly basis so long as the EFH Committee is active during these chapter 11 cases. Based on representations by S&C to the EFH Committee, the EFH Committee will receive copies of S&C's monthly and interim fee applications, and will have a full opportunity to review S&C's fees and expenses as set forth therein to ensure that they are reasonable.

14.    For so long as the EFH Committee is active during these chapter 11 cases, MMWR will provide the EFH Committee with a monthly budget and staffing plan for the EFH Committee's approval. Based on representations by MMWR to the EFH Committee, the EFH Committee will receive copies of MMWR's monthly and interim fee applications, and will have a full opportunity to review MMWR's fees and expenses as set forth therein to ensure that they are reasonable.

15.    I am authorized to submit this Declaration on behalf of the EFH Committee, and if called upon to testify, I would testify competently to the facts set forth herein.

16.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: December 22, 2014                    Respectfully submitted,

Mabel Brown
Brown & Zhou, LLC
Chair of the EFH Committee

-6-

SC1:3747432