## Exhibit A

***Proposed Order***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS)<br>(Jointly Administered |
| Debtors. | **Re: D.I. ___** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE
INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI,
INC. FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A)
AND BANKRUPTCY RULES 2014(A) AND 2016(B) APPROVING THE EMPLOYMENT
AND RETENTION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
*NUNC PRO TUNC* TO NOVEMBER 5, 2014, AS DELAWARE BANKRUPTCY
COUNSEL AND CONFLICTS COUNSEL TO THE COMMITTEE**

Upon the application (the "Application") of the Official Committee of Unsecured

Creditors (the "EFH Committee") of Energy Future Holdings Corporation, Energy Future

Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., (collectively, the

"EFH Debtors") by its Chair, Brown & Zhou, LLC, for entry of an order (this "Order")

authorizing the EFH Committee to retain and employ Montgomery, McCracken, Walker &

Rhoads LLP ("MMWR") as its Delaware bankruptcy counsel and conflicts counsel in connection

with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and

debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to November 5, 2014;

it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C.

§§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of
the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these
Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four
digits of their federal tax identification numbers is not provided herein. A complete list of such information may be
obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is

a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the Brown Declaration, and the

Ramsey Declaration; and this Court being satisfied based on the representations made in the

Application, the Brown Declaration and the Ramsey Declaration that (a) MMWR is a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b)

MMWR does not represent any person or entity having an interest adverse to the EFH

Committee in connection with these chapter 11 cases, (c) MMWR does not hold or represent an

interest adverse to the interests of the Debtors' estates with respect to matters on which MMWR

is employed, (d) MMWR has no connection to the Debtors, their creditors or any other party in

interest except as disclosed in the Ramsey Declaration and (e) the retention and employment of

MMWR as Delaware bankruptcy counsel and conflicts counsel to the EFH Committee, effective

*nunc pro tunc* to November 5, 2014, is reasonable, necessary and appropriate and is in the best

interests of the EFH Committee; and this Court having found that proper and adequate notice of

the Application and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and any objections (if any) to the Application having been withdrawn

or overruled on the merits; and after due deliberation thereon; and good and sufficient cause

appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), the EFH

Committee is hereby authorized to employ and retain MMWR as Delaware bankruptcy counsel

and conflicts counsel in the EFH Debtors' chapter 11 cases, effective as of November 5, 2014,

upon the terms and conditions set forth in the Application and Ramsey Declaration.

3.      MMWR is authorized to perform the following services:

(a) in conjunction with Sullivan & Cromwell ("S&C"), providing legal advice with respect to the powers and duties available to the EFH Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b) assisting S&C in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

(c) assisting S&C in preparing on behalf of the EFH Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

(d) reviewing, analyzing and assisting S&C in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the EFH Committee;

(e) consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of  the Debtors' respective estates;

(f)  representing the EFH Committee in hearings and other judicial proceedings;

(g) advising the EFH Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and

(h) performing all other legal services for the EFH Committee in connection with these chapter 11 cases.

4.      MMWR shall use its reasonable efforts to avoid any duplication of services

provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

5.      MMWR shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with MMWR's representation of the EFH

Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the

Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 16, 2014 [D.I. 2066] (the "<u>Interim Compensation Order</u>"), any case- specific fee protocols approved by this Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "<u>Fee Committee Order</u>"), and any other applicable procedures and orders of this Court.  S&C also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with the Application and the interim and final fee applications to be filed by S&C in these chapter 11 cases.

6.      Notwithstanding anything to the contrary in the Application, the Brown Declaration, the Ramsey Declaration or any subsequent declaration, MMWR shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties.  MMWR has agreed to be bound by the terms of the Fee Committee Order.

7.      If any potential conflict among the EFH Debtors becomes an actual conflict matter for S&C, or S&C or the EFH Committee otherwise determines that S&C can no longer provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "<u>Actual Conflict Matter</u>"), MMWR will advise the EFH Committee as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict) or on any other Actual Conflict Matter for which MMWR is retained by the EFH Committee ("<u>Conflicts Counsel</u>").

-4-

8.      Notwithstanding anything to the contrary in the Application, MMWR will not seek reimbursement of expenses for office supplies.

9.      Absent further order of this Court, fees and expenses incurred by MMWR shall be paid by the EFH Debtors.

10.     The EFH Committee and MMWR are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     To the extent the Application, the Brown Declaration or the Ramsey Declaration is inconsistent with the terms of this Order, the terms of this Order shall govern.

12.     The requirements set forth in Local Rule 2002-1(b) are satisfied.

13.     This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated:  Wilmington, Delaware
        _____, 2015

                                        _____
                                        The Honorable Christopher S. Sontchi
                                        United States Bankruptcy Judge