**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**JOINT APPLICATION OF THE OFFICIAL COMMITTEE OF TCEH
UNSECURED CREDITORS AND THE OFFICIAL COMMITTEE OF EFH
UNSECURED CREDITORS PURSUANT TO SECTIONS 105(a), 1102(b)(3), AND
1103(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND
5002, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER APPROVING
RETENTION AND EMPLOYMENT OF KURTZMAN CARSON
CONSULTANTS LLC AS ADMINISTRATIVE AGENT
FOR THE COMMITTEES NUNC PRO TUNC TO JULY 7, 2014[2]**

The Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**") of

Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary,

Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect

subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the

"**TCEH Debtors**") and the Official Committee of EFH Unsecured Creditors (the "**EFH

Committee**," and together with the TCEH Committee, the "**Committees**") of Energy Future

Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and

EECI, Inc. (the "**EFH Debtors**", and collectively with the remaining consolidated above-

captioned debtors, the "**Debtors**"), hereby submit this application (the "**Application**") pursuant

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] The request to retain KCC with respect to the EFH Committee is limited to the period following October 27, 2014.

to sections 105(a), 1102(b)(3), and 1103(a) of Title 11, United States Code, as amended (the "**Bankruptcy Code**"),[3] Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for an order, substantially in the form attached hereto as Exhibit A, approving the retention and employment of Kurtzman Carson Consultants LLC ("**KCC**") as administrative agent (the "**Administrative Agent**") for the Committees *nunc pro tunc* to July 7, 2014.   This Application is supported by the *Declaration of Evan Gershbein in Support of the Joint Application Pursuant to Sections 105(a), 1102(b) (3), and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, for Entry of an Order Approving the Retention and Employment of Kurtzman Carson Consultants LLC as Administrative Agent for the Committees Nunc Pro Tunc to July 7, 2014* (the "**Gershbein Declaration**"), which is annexed hereto as Exhibit B.  In further support of this Application, the Committees respectfully represent as follows:

## BACKGROUND

1.      On April 29, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.  On June 5, 2014, the Court entered an order directing joint administration of the Debtors' cases under Case Number 14-10979 [Docket No. 849].  The Debtors have continued in the management and operation of their businesses and properties as debtors in

---

[3] The Application and proposed order comply with 28 U.S.C. § 156(c) and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk of the Court on February 1, 2012, as applicable.

49410011.1

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

2.      The TCEH Committee was formed in the bankruptcy cases by the United States Trustee for the District of Delaware on May 13, 2014, pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 420].  The TCEH Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

3.      On July 7, 2014, the TCEH Committee selected KCC as its Administrative Agent pursuant to section 1103(a) of the Bankruptcy Code.

4.      On October 9, 2014, the TCEH Committee filed the *Motion for an Order Regarding Creditor Access to Information and Setting and Fixing Creditor Information Sharing Procedures and Protocols Under 11 U.S.C. §§ 105(a), 107(b), and 1102(b)(3)(A)* the ("**1102 Motion**") [Docket No. 2361], which seeks to set forth the procedures for creditors' access to information and provides that a vendor be retained by the TCEH Committee to serve as Administrative Agent for, among other things, the TCEH Committee website (the "**Committee Website**").

5.      On October 27, 2014, the United States Trustee for the District of Delaware formed the EFH Committee, which includes unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. [Docket No. 2570].  The EFH Committee members include: (i) Mark B. Landon; (ii) Brown & Zhou, LLC; (iii) Peter Tinkham; (iv) Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle; and (v) David William Fahy.

6.      After discussions with the TCEH Committee and the United States Trustee, on December 5, 2014, the EFH Committee filed a joinder to the 1102 Motion, seeking to have the relief sought in the 1102 Motion apply to the EFH Committee as well.  Also on December 5, 2014, the TCEH Committee filed a revised order reflecting the resolution of informal concerns of various parties and the addition of the EFH Committee to the relief sought.  The Court entered an order on the 1102 Motion on December 16, 2014 [Docket No. 3049].

## JURISDICTION

7.      This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 1102(b)(3)(A), and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## RELIEF REQUESTED

8.      Subject to this Court's approval, and pursuant to sections 105(a), 1102(b)(3)(A), and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, the Committees respectfully request that the Court enter an order authorizing the Committees to employ and retain KCC as their Administrative Agent, including providing noticing services on behalf of the Committees.

## BASIS FOR RELIEF REQUESTED

9.      Pursuant to section 1103(a) of the Bankruptcy Code, a creditors' committee "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Although the Committees do not believe that KCC is a professional, they file this Application out of an abundance of caution.

4

10.     Subject to this Court's approval, KCC will render services to the Committees enabling the Committees to comply with their obligations under sections 1102(b)(3) and 1103 of the Bankruptcy Code.[4]

11.     As required by Bankruptcy Rules 2014 and 5002, this Application sets forth the following: (a) the specific facts showing the necessity for KCC's employment, (b) the reasons for the Committees' selection of KCC as its Administrative Agent in connection with the Debtors' chapter 11 cases, (c) the services to be provided by KCC, (d) the proposed arrangement with respect to KCC's compensation, and (e) to the best of the Committees' and KCC's knowledge, the extent of KCC's connections, if any, to certain parties in interest in these chapter 11 cases, including the bankruptcy judge overseeing the proceedings, the Chapter 11 Trustee, the United States Trustee for Region 3, and any employees of the United States Trustee for Region 3.

## SELECTION OF KCC

12.     The Committees selected KCC after considering more than three other qualified firms.[5]    The Committees selected KCC as their Administrative Agent because of KCC's experience in bankruptcy case administrative services.

13.     KCC has been engaged in some of the largest and most complex chapter 11 proceedings.    KCC specializes in providing consulting, administrative, and data processing services to chapter 11 debtors and statutory committees.    KCC has been retained regularly to

---

[4] Section 1102(b)(3) provides that
A committee appointed under subsection (a) shall —
(A)     provide access to information for creditors who —
    (i)     hold claims of the kind represented by that committee; and
    (ii)     are not appointed to the committee;
(B)     solicit and receive comments from the creditors described in subparagraph (A); and
(C)     be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

[5] As noted above, KCC was initially selected by the TCEH Committee.

5

provide similar services in this judicial district. *See, e.g., In re Trident Microsystems, Inc., et al.*, Case No. 12-10069 (Bankr. D. Del. Jan. 4, 2012); *In re AES Eastern Energy, L.P., et al.*, Case No. 11-14138 (Bankr. D. Del. Dec. 30, 2011); *In re William Lyon Homes, et al.*, Case No. 11-14019 (Bankr. D. Del. Dec. 19, 2011); *In re PMI Grp., Inc.*, Case No. 11-13730 (Bankr. D. Del. Nov. 23, 2011); *In re Blitz U.S.A., Inc.*, Case No. 11-13603 (Bankr. D. Del. Nov. 9, 2011); *In re Filene's Basement, LLC*, Case No. 11-13511 (Bankr. D. Del. Nov. 2, 2011); *In re NewPage Corp., et al.*, Case No. 11-12804 (Bankr. D. Del. Sept. 7, 2011); *In re DSI Holdings, Inc., et al.*, Case No. 11-11941 (Bankr. D. Del. June 26, 2011); *In re Nebraska Book Co., Inc., et al.*, Case No. 11-12005 (Bankr. D. Del. June 27, 2011); *In re Caribe Media, Inc., et al.*, Case No. 11-11387 (Bankr. D. Del. May 3, 2011); *In re Barnes Bay Dev., Ltd., et al.*, Case No. 11-10792 (Bankr. D. Del. Mar. 17, 2011).

14.     Accordingly, KCC is well qualified to assist the Committees in providing the Debtors' unsecured creditors with access to information in connection with these chapter 11 cases, including maintaining the Committee Website, operation of a call center and service of court filings and notices and the service of all pleadings filed by the Committees in these cases, as detailed below.

## SCOPE OF SERVICES

15.     KCC's retention will assist the Committees in complying with their obligations under the Bankruptcy Code, will add to the effective administration of these chapter 11 cases, and reduce the overall expense of administering these cases.

16.     Specifically, KCC will establish and maintain the Committee Website at www.kccllc.net/TCEHEFHCommittees, or, if the Committees deem necessary, establish and maintain websites for each Committee individually, as well as provide technology and communications-related services.

49410011.1

17.    Additionally, KCC will prepare and serve required notices and pleadings on behalf of the Committees in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committees and/or the Court, including, if applicable, all notices, orders, pleadings, publications, and other documents as the Committees and/or the Court may deem necessary or appropriate.

18.    The Committees believe that engaging KCC is the most cost-efficient manner for the Committees to comply with the requirements of the Bankruptcy Code. The retention of KCC would prevent unnecessary costs and the administrative burden incurred by the Committees if the Committees were required to maintain the Committee Website without the expertise of KCC. In addition, KCC has the necessary resources and expertise to provide the noticing services in a more efficient manner than the Committees.

## COMPENSATION OF KCC

19.    KCC seeks to be compensated by the Debtors' estates for services rendered on behalf of the Committees in connection with these chapter 11 cases in accordance with the provisions of the retention agreement (the "**Retention Agreement**"), a copy of which is annexed hereto as Exhibit C.[6]

20.    The Committees respectfully submit that the negotiated rates charged by KCC are fair and reasonable, competitive, and comparable to rates charged by its competitors for similar services.

21.    The Committees respectfully request that the undisputed fees and expenses incurred by KCC in the performance of the above services be treated as administrative expenses

---

[6] Pursuant to the Retention Agreement, there are no costs or fees associated with the Committee Website. In addition, KCC will bill the Committees separately for the services KCC provides to each Committee. Under no circumstances will the TCEH Debtors be responsible for the costs and fees associated with KCC's services provided to the EFH Committee nor will the EFH Debtors be responsible for the costs and fees associated with KCC's services provided to the TCEH Committee unless otherwise ordered by the Court.

49410011.1

of the TCEH Debtors' and EFH Debtors' estates, as applicable, pursuant to section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. KCC agrees to maintain records of all services, including the dates, categories of services, fees charged, expenses incurred and for which Committee the services were provided by KCC and the rates charged for each, and to serve monthly invoices on counsel to the Committees, the Debtors, the Office of the United States Trustee, counsel for the Debtors, and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Retention Agreement or monthly invoices, the objecting party and KCC shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the objecting party and KCC may seek resolution of the matter from the Court.

22.     The Committees believe the employment of KCC, on the terms set forth herein, is necessary, in the best interests of the creditors and the Debtors' estates, and will enable the Committees to carry out their duties owed to creditors under the Bankruptcy Code.

### KCC'S DISINTERESTEDNESS

23.     To the best of the Committees' and KCC's knowledge, except as disclosed in the Gershbein Declaration, KCC does not have any material "connections" to the Debtors, creditors, affiliates, other parties in interest and potential parties in interest, their respective attorneys and accountants, the United States Trustee for the District of Delaware, and attorneys employed by such office, or the bankruptcy judge overseeing these bankruptcy cases. Accordingly, KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code. To the extent that KCC discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will supplement the Gershbein Declaration.

49410011.1

24.     In addition, none of the TCEH Committee or EFH Committee members, in their individual capacities, have previously retained KCC in this or any other case, nor has any compensation previously been paid to KCC by any members of the Committees.

## NOTICE

25.     The Committees shall provide notice of this Application via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) Wilmington Trust, N.A,, in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (d) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 630% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EMI legacy notes (series R) due 2034, and counsel thereto; (1) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (h) BOKF, NA, dba Bank of Arizona, in its capacity as indenture trustee under 11.50% TCEH senior secured notes due 2020, and counsel thereto; (i) CSC Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0%

9

EFIH senior secured notes due 2020, and counsel thereto; (3) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 1025% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (1) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EMI debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas/PUC; (x) counsel to the Electric Reliability Council of Texas/ERCOT; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. Based on the foregoing, the Committees respectfully submit that no further notice is needed.

## NO PREVIOUS REQUEST

26.    No prior application for the relief requested herein has been made to this or any other court.

49410011.1

## CONCLUSION

WHEREFORE the Committees respectfully request that the Court: (a) enter an order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein; and (b) grant the Committees such other and further relief as the Court may deem just and proper.

Dated: December 22, 2014
      Wilmington, Delaware

                **MORRISON & FOERSTER LLP**
                James M. Peck
                Brett H. Miller
                Lorenzo Marinuzzi
                Todd M. Goren
                250 West 55th Street
                New York, New York 10019-9601
                Telephone:  (212) 468-8000
                Facsimile:  (212) 468-7900
                E-mail:  jpeck@mofo.com
                          brettmiller@mofo.com
                          lmarinuzzi@mofo.com
                          tgoren@mofo.com

                      – and –

                */s/ Christopher A. Ward*
                Christopher A. Ward (Del. Bar No. 3877)
                Justin K. Edelson (Del. Bar No. 5002)
                Shanti M. Katona (Del. Bar No. 5352)
                Jarrett Vine (Del. Bar No. 5400)
                **POLSINELLI PC**
                222 Delaware Avenue, Suite 1101
                Wilmington, Delaware 19801
                Telephone: (302) 252-0920
                Facsimile:  (302) 252-0921
                E-mail:  cward@polsinelli.com
                          jedelson@polsinelli.com
                          skatona@polsinelli.com
                          jvine@polsinelli.com

                *Attorneys for the Official Committee of TCEH Unsecured Creditors*

49410011.1

*/s/ Davis Lee Wright*

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
Mark A. Fink, Esquire (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, Delaware  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail: nramsey@mmwr.com
        dwright@mmwr.com
        mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Michael H. Torkin (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        gluecksteinb@sullcrom.com
        torkinm@sullcrom.com
        kranzleya@sullcrom.com

*Proposed Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.*