**Exhibit A**

ny-1169450

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: Docket No.** _____ |
| | ) |

ORDER PURSUANT TO SECTIONS 105(a), 1102(b)(3),
AND 1103(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
2014 AND 5002, AND LOCAL RULE 2014-1, APPROVING THE
RETENTION AND EMPLOYMENT OF KURTZMAN CARSON
CONSULTANTS LLC AS ADMINISTRATIVE AGENT FOR THE
OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS
AND THE OFFICIAL COMMITTEE OF EFH UNSECURED
CREDITORS *NUNC PRO TUNC* TO JULY 7, 2014

Upon the joint application (the "**Application**")[2] of the Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**," and collectively with the remaining consolidated above-captioned debtors, the "**Debtors**"), and the Official Committee of EFH Unsecured Creditors (the "**EFH Committee**," and together with the TCEH Committee, the "**Committees**") of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Debtors**"), pursuant to sections

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

ny-1169450

105(a), 1102(b)(3), and 1103(a) of Title 11, United States Code, as amended (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for an order approving the retention and employment of Kurtzman Carson Consultants LLC ("**KCC**") as administrative agent (the "**Administrative Agent**") for the Committees *nunc pro tunc* to July 7, 2014, to, among other things, provide certain technology and communications-related services in accordance with the terms of the Retention Agreement, a true and correct copy of which is attached to the Application as <u>Exhibit C</u>, all as more fully set forth in the Application; and this Court having jurisdiction to order the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application and the Gershbein Declaration; and the Court having determined that the legal and factual bases set forth in the Application and the Gershbein Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and the Court being satisfied based on the representations made in the Application and the Gershbein Declaration that KCC is "disinterested" as that term is defined under section 101(14) of the Bankruptcy Code, and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent provided herein.

2.     The Committees are authorized, pursuant to section 1103(a) of the Bankruptcy Code, to employ and retain KCC as their Administrative Agent in accordance with the terms and conditions of the Retention Agreement, as generally described in the Application and the Gershbein Declaration.

3.     KCC is authorized to establish and maintain the Committee Website at www.kccllc.net/TCEHEFHCommittees, or, if the Committees deem necessary, establish and maintain websites for each Committee individually, as well as provide technology and communications-related services.

4.     KCC will prepare and serve required notices and pleadings on behalf of the Committees in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committees and/or the Court, including, if applicable, all notices, orders, pleadings, publications, and other documents as the Committees and/or the Court may deem necessary or appropriate.

5.     Fees and expenses incurred by KCC in these cases shall be paid by the TCEH Debtors and EFH Debtors in accordance with the terms of the Retention Agreement upon the receipt of reasonably detailed invoices setting forth the dates, categories of services, fees charged, expenses incurred and for which Committee the services were provided by KCC and the rates charged for each, and shall serve monthly invoices on counsel to the Committees, counsel for the Debtors, the Debtors, the Office of the United States Trustee, and any party in interest who specifically requests service of the monthly invoices. The TCEH Debtors and EFH Debtors, as applicable, will reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its

expenses. Under no circumstances will the TCEH Debtors be responsible for the costs and fees associated with KCC's services provided to the EFH Committee nor will the EFH Debtors be responsible for the costs and fees associated with KCC's services provided to the TCEH Committee unless otherwise ordered by the Court.

6. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the TCEH Debtors' or EFH Debtors' estates, as applicable.

7. If any dispute arises relating to the Retention Agreement or monthly invoices, the objecting party and KCC shall meet and confer in an attempt to resolve such dispute. If resolution is not achieved, the objecting party and KCC may seek resolution of the matter from the Court.

8. KCC shall use its best efforts to avoid any duplication of services provided by each of the Committees' respective other retained professionals in these chapter 11 cases.

9. To the extent the terms of this Order are in any way inconsistent with the Application or Gershbein Declaration, the terms of this Order shall govern.

10. The Committees are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2015

                                                                                                   _____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE