**Exhibit C**

ny-1169450



# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the 4th day of September, 2014, and amended as of December 22, 2014, between the Official Committee of Unsecured Creditors of the TCEH Debtors (the "TCEH Committee"),[1] and the Official Committee of Unsecured Creditors' of the EFH Debtors (the "EFH Committee"),[2] appointed in the *In re Energy Future Holdings Corp., et al.* chapter 11 cases (each a "Committee" and together, the "Committees"), and Kurtzman Carson Consultants LLC (together with its affiliates and subcontractors, "KCC").

In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Terms and Conditions**

I.     SERVICES

A.     KCC agrees to provide the Committees with technology and other services in connection with the Committees' involvement in the Cases.

B.     KCC may upon request provide a communications plan including but not limited to preparation of communications materials, dissemination of information and a call center staffed by KCC.

C.     KCC agrees to provide copy and notice services consistent with the applicable Local Rules of the United States Bankruptcy Court (the "Bankruptcy Court") and as requested by the Committees and/or the Bankruptcy Court.

D.     The Committees agree and understand that KCC shall not provide the Committees with any legal advice.

II.     PRICES, CHARGES AND PAYMENT

A.     KCC agrees to charge each Committee separately for the services provided solely to that Committee. The Committees agree to use their best efforts to cause the TCEH Debtors and the EFH Debtors, as applicable, to pay KCC for its services, expenses and supplies at the rates or prices outlined in the pricing schedule provided to the Committees, the TCEH Debtors and EFH Debtors (the "KCC Fee Structure"). Under no circumstances will the TCEH Debtors be responsible for the fees and expenses associated with KCC's services provided to the EFH Committee nor will the EFH Debtors be responsible for the fees and expenses associated with KCC's services provided to the TCEH Committee unless otherwise ordered by the Court. KCC's prices are generally adjusted periodically to reflect changes in the business and economic environment. KCC reserves the right to reasonably increase its prices, charges and rates annually. If any price increases exceed 10%, KCC will give thirty (30) days written notice to the Committees.

---

[1] The "TCEH Debtors" are Energy Future Competitive Holdings Company LLC, its direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company.

[2] The "EFH Debtors" are Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (together with the TCEH Debtors, the "Debtors").

1



# KCC AGREEMENT FOR SERVICES

B.      KCC agrees to charge each Committee separately for the expenses incurred by KCC related to transportation, lodging, meals, publications, postage and other third-party charges, in addition to the hourly consulting fees and any other fees set forth in the KCC Fee Structure to the extent such expenses were incurred for the benefit of a Committee. The Committees agree to use their best efforts to cause the TCEH Debtors and EFH Debtors, as applicable, to pay such expenses incurred by KCC.

C.      KCC agrees to submit its invoice monthly to counsel to the Committees, counsel for the Debtors, the Debtors, the Office of the United States Trustee, and any party in interest who specifically requests service of the invoices. The Committees agree that the amount invoiced is due and payable upon its receipt of the invoice. However, where total fees and expenses are expected to exceed $10,000 in any single month, KCC may require advance payment prior to the performance of services. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Committees further agrees to use their best efforts to cause the Debtors to pay a late charge, in addition to the fees and expenses due and owing to KCC, calculated as one and one-half percent (1-1/2%) of the amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, the Committees shall give KCC written notice within ten (10) days of receipt of the invoice by the Committees. Late charges shall not accrue on any amounts in dispute. The undisputed portion of the invoice amount is due and payable in the normal course. Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) as well as certain expenses must be paid at least three (3) days in advance of those fees and expenses being incurred.

D.      As full compensation for the services to be provided by KCC and in conjunction with the Committees' efforts to cause the TCEH Debtors and EFH Debtors, as applicable, to pay KCC for its services, the Committees agree to file an application with the Bankruptcy Court to require the TCEH Debtors and/or the EFH Debtors, as applicable, to pay KCC its fees and expenses as outlined in the KCC Fee Structure through submission of monthly invoices by KCC to counsel to the Committees, counsel for the Debtors, the Debtors, the Office of the United States Trustee, and any party in interest who specifically requests service of the summarizing in reasonable detail the services rendered and expenses incurred in connection therewith and without the need of KCC to file formal fee applications.

E.      To the extent inconsistent with this Agreement, the order approving KCC's retention shall govern.

2



# KCC AGREEMENT FOR SERVICES

III. RIGHTS OF OWNERSHIP

A. The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Committees agree not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B. The Committees further agree that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed during the course of their Agreement with KCC shall be the exclusive property of KCC.

C. Furthermore, upon the Committees' request, KCC shall immediately deliver to the Committees, at the Committees' sole expense, any or all of the non-proprietary data and records held by KCC pursuant to this Agreement, in the form requested by the Committees.

IV. CONFIDENTIALITY

KCC, on behalf of itself and its employees, agrees to keep confidential all records and other information with respect to the Committees. The Committees agree to keep all proprietary, non-public information with respect to KCC's system, procedures and software confidential. However, if any party is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

V. SUSPENSION OF SERVICE AND TERMINATION

A. This Agreement shall remain in force until terminated or suspended by KCC or either Committee upon thirty (30) days' written notice to the other party, or for Cause (as defined herein), in which event no notice shall be required. However, termination by one Committee shall not act as a termination or suspension by the other Committee. The term "Cause" means an act or omission to act by KCC performed with either gross negligence or willful misconduct that causes, or an act or omission with the intent to cause, harm to the Committees' efforts in the Cases. The term "Cause" also means failure of the TCEH Debtors or EFH Debtors, as applicable, to pay KCC invoices for more than sixty (60) days from the date of invoice, unless Court order is required for such payment. Failure of the EFH Debtors to pay such invoices for fees and expenses to the EFH Committee shall not constitute Cause for termination or suspension of this Agreement for the TCEH Committee nor shall failure of the TCEH Debtors to pay such invoices for fees and expenses to the TCEH Committee shall not constitute Cause for termination or suspension of this Agreement for the EFH Committee.

B. KCC shall be entitled to an administrative expense claim for all fees and expenses outstanding at the time of termination.

C. In the event that this contract is terminated, regardless of the reason for such termination; KCC shall cooperate with the Committees to maintain an orderly transfer of record keeping

3



# KCC AGREEMENT FOR SERVICES

functions and KCC shall provide all necessary staff, services and assistance required for an orderly transfer (collectively, "Wind-Down Services"). The Committees agree to use their best efforts to cause the TCEH Debtors and/or EFH Debtors, as applicable, to pay for all of KCC's fees and expenses outstanding at the time of termination as well as fees and expenses incurred in the performance of Wind-Down Services at KCC's then existing prices for such services.

VI.     SYSTEM IMPROVEMENTS

KCC strives to provide continuous improvements in the quality of service to the Committees. Therefore, KCC reserves the right to make changes in its operating procedures, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Committees, so long as any such changes do not materially interfere with ongoing services provided to the Committees.

VII.    INDEPENDENT CONTRACTORS

The Committees and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

VIII.   LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.      Except as provided herein, KCC's liability to the Committees or any person claiming through or under the Committees for any losses, claims, damages, judgments, liabilities and/or expenses (including reasonable counsel fees and expenses) (collectively, "Losses"), even if KCC has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of KCC, shall be limited to the total amount billed or billable to the Committees for the portion of the particular work which gave rise to the alleged Loss. In no event shall KCC's liability to the Committees or any person claiming through or under the Committees for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Committees and actually paid to KCC for the services contemplated under the Agreement. In no event shall KCC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.

B.      The Committees are responsible for the accuracy of the programs, data and information they or any representative of the Committees submits for processing to KCC and for the output of such information. KCC does not verify information provided by the Committees. The Committees agree to initiate and maintain backup files that would allow the Committees to regenerate or duplicate all programs and data submitted by the Committees to KCC.

C.      The Committees agree that except as expressly set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or



# KCC AGREEMENT FOR SERVICES

express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

IX.   FORCE MAJEURE

Whenever performance by KCC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions or by reason of any other matter beyond KCC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

X.   NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

| Kurtzman Carson Consultants LLC<br>2335 Alaska Ave.<br>El Segundo, CA  90245<br>Attn:  Drake D. Foster<br>Tel: (310) 823-9000<br>Fax: (310) 823-9133 | TCEH Unsecured Creditors' Committee<br>Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019<br>Attn: James M. Peck<br>Tel: (212) 468-8000<br>Fax: (212) 468-7900 | EFH Unsecured Creditors' Committee<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br>Attn: Andrew G. Dietderich<br>Tel: (212) 558-4000<br>Fax: (212) 558-3588 |
|---|---|---|

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

XI.   APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

XII.   ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Committees represent that, subject to entry of the order approving KCC's retention, they have the authority to enter into this Agreement, and this Agreement is non-dischargeable under any applicable statute or law.  If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall



## KCC AGREEMENT FOR SERVICES

in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Committees and an officer of KCC.

### XIII.   COUNTERPARTS; EFFECTIVENESS

This Agreement may be executed in two or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties, which delivery may be made by exchange of copies of the signature page by facsimile or electronic mail.

### XIV.   ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by KCC to a wholly-owned subsidiary or affiliate of KCC.

### XV.   ARBITRATION

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in Los Angeles County, State of California.

### XVI.   ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, Court costs, and all other related expenses, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.



## KCC AGREEMENT FOR SERVICES

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

BY: EVAN GERSHBEIN
TITLE: SVP, CORPORATE RESTRUCTURING SERVICES


TCEH Unsecured Creditors' Committee

BY: Todd M. Goren
TITLE: Partner


EFH Unsecured Creditors' Committee

_____

BY:
TITLE:



# KCC AGREEMENT FOR SERVICES

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

_____

BY:
TITLE:

TCEH Unsecured Creditors' Committee

_____

BY:
TITLE:

EFH Unsecured Creditors' Committee

_____/s/_____

BY: Andrew G. Dietderich
TITLE: Counsel to the EFH Unsecured Creditors' Committee