**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 13, 2015 at 9:30 a.m.**<br>**Objection Deadline: January 5, 2015 at 4:00 p.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE
INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC.,
AND EECI, INC. FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ALIXPARTNERS, LLP AS RESTRUCTURING ADVISOR
TO THE COMMITTEE *NUNC PRO TUNC* TO NOVEMBER 20, 2014**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy

Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH

Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**"), hereby submits this application

(the "**Application**") for the entry of an order substantially in the form attached hereto as

Exhibit A (the "**Proposed Order**"), authorizing the EFH Committee to retain and employ

AlixPartners, LLP ("**AlixPartners**") as its restructuring advisor in connection with the

chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in

possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to November 20, 2014,

pursuant to that certain engagement letter by and between AlixPartners and the EFH Committee,

attached as Exhibit B (the "**Engagement Letter**"). In support of this Application, the EFH

Committee submits the Declaration of Alan D. Holtz, a Managing Director of AlixPartners (the

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"**Holtz Declaration**"), attached hereto as <u>Exhibit C</u>, and the Declaration of Ken Malek, an

Independent Contractor working on behalf of AlixPartners (the "**Malek Declaration**"), attached

hereto as <u>Exhibit D</u>, and both incorporated herein by reference.  In further support of this

Application, the EFH Committee respectfully states as follows:

**BACKGROUND**

1.    On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed

voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101 *et seq.* (the "**Bankruptcy Code**").

2.    On October 27, 2014, the United States Trustee for the District of

Delaware (the "**U.S. Trustee**") appointed the EFH Committee pursuant to section 1102 of the

Bankruptcy Code.  On October 30, 2014, the EFH Committee selected Brown & Zhou, LLC to

serve as its Chair.  On November 18, 2014, the EFH Committee unanimously selected

AlixPartners as its restructuring advisor.

**FACTS SPECIFIC TO THE RELIEF REQUESTED**

A.    **AlixPartners' Qualifications.**

3.    On November 18, 2014, the EFH Committee heard presentations by three

restructuring advisors seeking to be engaged by the EFH Committee and reviewed the

qualifications of each such firm. After discussing the relevant experience, capabilities and other

qualifications of each of the firms considered, the members of the EFH Committee voted

unanimously to engage AlixPartners as its restructuring advisor in these chapter 11 cases.

4.    Since its inception in 1981, AlixPartners, along with its predecessor

entities and its affiliate, AP Services, LLC, has assisted, advised, and provided strategic advice to

debtors, creditors, bondholders, investors, and other entities in bankruptcies of similar size and

complexity to these chapter 11 cases.  In light of the numerous complex issues presented by

2

these chapter 11 cases, the EFH Committee requires a qualified and experienced restructuring advisor with the resources, capabilities and experience of AlixPartners to analyze and advise on relevant aspects of the Debtors' operations and restructuring activities, and complement the services provided by the other professionals retained by the EFH Committee.

**B.      Services to be Provided.**

5.      The EFH Committee anticipates that AlixPartners will render the following restructuring services pursuant to the Engagement Letter, subject to applicable orders of the Court, and as requested by the EFH Committee:[2]

a.      Review and evaluate the Debtors' current financial condition, business plans and cash and financial forecasts, and periodically report to the EFH Committee regarding the same.

b.      Review the Debtors' cash management, tax sharing and intercompany accounting systems, practices and procedures.

c.      Review and investigate: (i) related party transactions, including those between the Debtors and non-Debtor subsidiaries and affiliates (including, but not limited to, shared services expenses and tax allocations) and (ii) selected other prepetition transactions.

d.      Identify and/or review potential preference payments, fraudulent conveyances and other causes of action that the various Debtors' estates may hold against third parties, including each other.

e.      Analyze the Debtors' assets and claims, and assess potential recoveries to the various creditor constituencies under different scenarios, in coordination with the EFH Committee's investment banker.

f.      Support the EFH Committee's investment banker's evaluation of proposed asset sales, as required.

g.      Assist in the development and/or review of the Debtors' plan of reorganization and disclosure statement.

---

[2]      This Application is intended to provide a summary of the salient terms of the Engagement Letter.  To the extent that any summary of such terms in this Application is inconsistent with the actual terms of the Engagement Letter, the actual terms of the Engagement Letter shall control.

SC1:3760120.5

h.    Review and evaluate court motions filed or to be filed by the Debtors or any other parties-in-interest, as appropriate.

i.    Render expert testimony and litigation support services, including e-discovery services, as requested from time to time by the EFH Committee and its counsel, regarding any of the matters to which AlixPartners is providing services.

j.    Attend EFH Committee meetings and court hearings as may be required in the role of advisors to the EFH Committee.

k.    Perform further tasks as requested by Sullivan & Cromwell LLP ("**S&C**") and as agreed by AlixPartners, to assist S&C in advising the EFH Committee as its counsel.

l.    Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

6.    AlixPartners has advised the EFH Committee that, as set forth in the Holtz Declaration, the Malek Declaration, and based on the conflicts procedures described therein, (a) AlixPartners does not have any connections with the Debtors or Parties-In-Interest (as defined in the Holtz Declaration), except as disclosed in the Holtz Declaration, (b) AlixPartners does not hold or represent any interest adverse to the EFH Committee or the Debtors or their estates and (c) AlixPartners is a "disinterested person" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

7.    AlixPartners will not use independent contractors or subcontractors, other than Kenneth J. Malek, as described in the Proposed Order and the Holtz Declaration, to perform the services described in paragraph 5 above without separate Court approval.

**C.    Professional Compensation.**

8.    AlixPartners intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases, subject to the approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the

4

Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), any applicable fee guidelines established by the Office of the United States Trustee or

by the fee committee established in these chapter 11 cases, and any otherwise applicable

guidelines, orders or procedures of the Court.  As set forth in the Proposed Order and subject to

any other applicable order of the Court, fees and expenses incurred under the Engagement Letter

shall be paid to AlixPartners by the EFH Debtors.

9.      Subject to the Court's approval and except as otherwise modified herein or

by order of the Court, the EFH Committee requests that AlixPartners be compensated according

to its customary hourly billing rates (the "**Fee Structure**"), as set forth below:

| | |
|---|---|
| Managing Directors | $875–1,010 |
| Directors | $665–815 |
| Vice Presidents | $490–590 |
| Associates | $335–435 |
| Analysts | $290–320 |
| Paraprofessionals | $220–240 |

10.     AlixPartners reviews and revises its billing rates on January 1 of each

year, subject to consultation with and approval by its clients.  AlixPartners has agreed as a

concession to the EFH Committee that with respect to its engagement by the EFH Committee in

these chapter 11 cases, its maximum rate for each personnel level will remain the same during

2015 as specified above for 2014.

11.     In addition to compensation for professional services rendered by

AlixPartners personnel, AlixPartners will charge fees associated with electronic discovery

services, as outlined in the Engagement Letter.  AlixPartners will also seek reimbursement for

reasonable and necessary expenses incurred in connection with these chapter 11 cases, including

amounts invoiced to AlixPartners by Mr. Malek under the Malek Agreement (as defined in the

Malek Declaration).

12.     AlixPartners will maintain records in support of its application for
payment of any fees (in 1/10th of an hour increments), costs, and expenses incurred in
connection with its services rendered in these chapter 11 cases.  These records will be arranged
by category and nature of the services rendered, and will include reasonably detailed descriptions
of those services provided on behalf of the EFH Committee.

**D.     Indemnification Provisions.**

13.     The indemnification provisions attached to the Engagement Letter as part
of its General Terms and Conditions (the "**Indemnification Provisions**") provide that the
Debtors shall indemnify, hold harmless and defend AlixPartners and its affiliates and its and
their partners, directors, officers, employees and agents (collectively, the "**AlixPartners
Parties**") from and against all claims, liabilities, losses, expenses and damages ("**Claims**")
arising out of or in connection with the engagement of AlixPartners that is the subject of the
Engagement Letter, except to the extent such Claims arise out of the bad faith, self-dealing, gross
negligence or intentional misconduct of the AlixPartners Parties.  Notwithstanding the foregoing,
and subject to the approval of the Court, the indemnity obligations of the Debtors under the
Indemnification Provisions will be limited during the pendency of these chapter 11 cases as
follows:

a.      the EFH Debtors shall not be authorized to indemnify the
AlixPartners Parties for any Claim arising from, related to, or in
connection with AlixPartners' postpetition performance of any
other services other than those in connection with the engagement,
unless such postpetition services and indemnification therefor are
approved by this Court;

b.      the EFH Debtors shall have no obligation to indemnify any of the
AlixPartners Parties for any Claim that is either (i) judicially
determined (the determination having become final) to have arisen
primarily from such AlixPartners Party's bad faith, gross
negligence or willful misconduct, (ii) for a contractual dispute in
which the EFH Debtors allege the breach of AlixPartners'

6

contractual obligations, if the Court determines that such indemnification would not be permissible pursuant to *United Artists Theatre Co.* v. *Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) below, to be a Claim for which the applicable AlixPartners Party is not entitled to receive indemnity under the terms of the Application;

c.    if, during the pendency of the EFH Debtors' chapter 11 cases, the indemnification provided in the Indemnification Provisions is held unenforceable with respect to any Claim by reason of the exclusions set forth in subparagraph (b) above, the Liability Cap (as defined in the Engagement Letter) shall not apply; and

d.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any AlixPartners Party believes that it is entitled to the payment of any amounts by the EFH Debtors on account of the EFH Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, such AlixPartners Party must file an application with the Court, and the EFH Debtors may not pay any such amounts to such AlixPartners Party before the entry of an order by the Court approving such payment.

14.    The EFH Committee believes that the Indemnification Provisions are customary and reasonable for AlixPartners and comparable firms providing restructuring advisory services, and that the qualifications and limitations provided in the Proposed Order are also customary in this district and others for cases similar to these chapter 11 cases.

**E.    AlixPartners' Disinterestedness.**

15.    To the best of the EFH Committee's knowledge, and as detailed herein and in the Holtz Declaration and the Malek Declaration, (a) AlixPartners and Kenneth J. Malek are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (b) AlixPartners and Kenneth J. Malek do not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (c) AlixPartners and

SC1:3760120.5

Kenneth J. Malek do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which AlixPartners and Kenneth J. Malek are employed and (d) AlixPartners and Kenneth J. Malek have no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Holtz Declaration and the Malek Declaration.

16.     AlixPartners will promptly review its files against any updated list of Potential Parties-In-Interest received from the Debtors from time to time during the pendency of these chapter 11 cases, pursuant to the procedures described in the Holtz Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, AlixPartners will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

## JURISDICTION

17.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). This statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## RELIEF REQUESTED

18.     By this Application, the EFH Committee requests entry of the Proposed Order authorizing the EFH Committee to retain and employ AlixPartners as its restructuring advisor in connection with these chapter 11 cases effective *nunc pro tunc* to November 20, 2014, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 and in accordance with the terms, and subject to the conditions, set forth in the Engagement Letter.

SC1:3760120.5

## BASIS FOR RELIEF

**A.     The EFH Committee's Retention and Employment of AlixPartners Is Reasonable, Necessary and Appropriate Pursuant to Section 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.**

19.     The EFH Committee seeks to retain and employ AlixPartners as its restructuring advisor pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional person under section . . . 1103 of [the Bankruptcy Code] . . . on any reasonable terms and conditions of employment.

11 U.S.C. § 328(a).

20.     Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of professional pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21.     The EFH Committee has selected AlixPartners as its proposed restructuring advisor in light of its extensive experience assisting and advising debtors and other stakeholders in large and complex chapter 11 cases, and the skills and capabilities of its professionals in such capacity.  The EFH Committee believes that the proposed retention of

SC1:3760120.5

AlixPartners is in the best interests of the EFH Committee and will enable the EFH Committee to more effectively and efficiently serve the interests of the EFH Debtors' unsecured creditors.

22.     The EFH Committee believes that AlixPartners' proposed compensation under the Fee Structure is consistent with, and typical of, compensation arrangements entered into by AlixPartners and other comparable firms rendering similar services under similar circumstances. The EFH Committee believes that the Fee Structure, along with the proposed expense reimbursement terms of the Engagement Letter, as may be modified pursuant to the Proposed Order, are reasonably designed to fairly compensate AlixPartners for its services in connection with these chapter 11 cases.

23.     Pursuant to the EFH Committee's request, AlixPartners has acted as restructuring advisor since the November 20, 2014. AlixPartners performed services prior to filing this Application with assurances that the EFH Committee would seek approval of its employment and retention effective *nunc pro tunc* to the Petition Date. The EFH Committee believes that no party in interest will be prejudiced by granting *the nunc pro tunc* employment of AlixPartners, because AlixPartners has provided, and continues to provide, valuable services for the benefit of the EFH Committee in these chapter 11 cases.

24.     Courts in this and other districts have frequently approved the engagement of restructuring advisors and financial advisors in similar roles in chapter 11 cases on terms similar to the proposed terms of AlixPartners' engagement as described herein. *See, e.g., In re Energy Future Holdings Corp., et al.,* 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014), Docket No. 2507 (order authorizing retention of advisor on terms similar to the terms of the Engagement Letter); *In re Exide Techologies*, 13-11482 (KJC) (Bankr. D. Del. Aug. 6, 2013), Docket No. 481 (same); *In re Sbarro LLC, et al.*, 14-10557 (MG) (Bankr. S.D.N.Y. May 12, 2014), Docket No.

10

220 (same); *In re Residential Capital, LLC, et al.,* 12-12020 (MG) (Bankr. S.D.N.Y. Aug. 10,

2012), Docket No. 1080 (same).  Therefore, based on the facts and for the reasons stated herein

and in the Holtz Declaration, the EFH Committee submits that the retention and employment of

AlixPartners as restructuring advisor to the EFH Committee is necessary and appropriate; and

that the terms of the Engagement Letter satisfy section 328(a) of the Bankruptcy Code and

should be approved by the Court, as modified by the Proposed Order.

**B.**     **Approval of the Indemnification Provisions, As Limited and Modified by the Proposed Order, is Appropriate.**

25.     The EFH Committee believes that the Indemnification Provisions are

customary and reasonable for restructuring advisory and similar engagements, both out of court

and in chapter 11 proceedings. *See, e.g.*, *United Artists Theatre Co.* v. *Walton (In re United*

*Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003) (finding that indemnification agreement

between debtor and financial advisor was reasonable under section 328 of the Bankruptcy Code).

Such terms allow professionals to advise and assist parties in chapter 11 cases without exposure

to open-ended liability.  Likewise, the proposed limitations on the Indemnification Provisions, as

set forth in the Proposed Order, are customary for AlixPartners and other similar restructuring

advisors and financial advisors engaged in chapter 11 cases.

26.     Courts in this district have approved indemnification of restructuring

advisors and financial advisors in recent chapter 11 cases on terms similar to the Indemnification

Provisions, subject to limitations similar to those set forth in the Proposed Order. *See, e.g., In re*

*Energy Future Holdings Corp., et al.,* 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014), Docket

No. 2507 (approving indemnification of financial advisor on terms similar to the Indemnification

Provisions, subject to limitations similar to those set forth in the Proposed Order); *In re Exide*

*Techologies*, 13-11482 (KJC) (Bankr. D. Del. Aug. 6, 2013), Docket No. 481 (same); *In re*

*Overseas Shipholding Group, Inc.,* 12-20000 (PJW) (Bankr. D. Del. Dec. 27, 2012), Docket No. 238 (same).  The EFH Committee submits that the present circumstances warrant similar relief in these chapter 11 cases and that the Indemnification Provisions are reasonable and should be approved by the Court, subject to the limitations set forth in the Proposed Order.

## NOTICE

27.    Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Application is neither required nor necessary.

## NO PRIOR REQUEST

28.    No prior motion or application for the relief requested herein has been made to this or any other Court.

SC1:3760120.5

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated:    December 22, 2014

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
of Energy Future Holdings Corporation, Energy
Future Intermediate Holding Company, LLC,
EFIH Finance, Inc., and EECI, Inc.

Mabel Brown
Brown & Zhou, LLC
Chair of the EFH Committee