# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., | § | Case No. 14-10979 (CSS) |
| *et al.*,[1] | § | |
| | § | Jointly Administered |
| Debtor. | § | **Reference Docket No. 3017** |
| | § | **Hearing Date:  1/13/2015 @ 9:00 a.m.** |

**FIRST SUPPLEMENTAL AFFIDAVIT OF STEPHEN W. SPENCE IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS DELAWARE COUNSEL TO THE FEE COMMITTEE NUNC PRO TUNC TO NOVEMBER 21, 2014**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss.: |
| COUNTY OF NEW CASTLE | ) |

Stephen W. Spence, a director and shareholder of Phillips, Goldman & Spence, P.A., makes this supplemental declaration pursuant to 28 U.S.C. § 1746 and states:

1.      I am a director and shareholder of the firm of Phillips, Goldman & Spence, P.A. ("PG&S"), which maintains its principal offices at 1200 North Broom Street, Wilmington, Delaware.  This First Supplemental Affidavit is submitted in support of the *Application for Order Authorizing the Employment and Retention of Phillips, Goldman & Spence, P.A. as Delaware Counsel to the Fee Committee Nunc Pro Tunc to November 21, 2014* [Docket No. 3017], filed on December 16, 2014 (the "Application").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.    I submit this supplemental declaration to provide the Court, the United States Trustee, the Debtors and Debtors in Possession and other interested parties with additional information related to PG&S' retention.

3.    The Office of the U.S. Trustee recently adopted new *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines").  The UST Guidelines apply to the U.S. Trustee's review of applications for compensation filed by attorneys in larger Chapter 11 cases and are intended as an update to the original guidelines adopted in 1996.  A purpose of this supplement is to disclose PG&S' responses to the questions in the UST Guidelines in compliance with Paragraph D.1.

### Statement Regarding U.S. Trustee Guidelines

4.    PG&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection. with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  PG&S also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with this application and the interim and final fee applications to be filed by PG&S in these chapter 11 cases.

5.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

    i.    **Question:**  Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

ii. **Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

iii. **Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

Response: PG&S has not previously represented the Fee Committee.

iv. **Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: The first meeting of the Fee Committee met and approved the retention of PG&S on or about November 21, 2014, as outlined in the retention letter, attached to the Application as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

STEPHEN W. SPENCE

SWORN TO AND SUBSCRIBED before me this 23rd day of December 2014.

NOTARY PUBLIC

TAMMY A. PATTERSON
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 6, 2015