## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 3136** |

### DECLARATION OF ROBERT FRENZEL, SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER OF LUMINANT GENERATION COMPANY LLC IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE CLAIMS SETTLEMENT AGREEMENT BETWEEN LUMINANT GENERATION COMPANY LLC AND ADA CARBON SOLUTIONS (RED RIVER) LLC

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, declare as follows:

1.      I am Senior Vice President and Chief Financial Officer of Luminant Generation Company LLC ("Luminant Generation").  Luminant Generation is an indirect subsidiary of Energy Future Holdings Corp.

2.      I have worked for EFH Corp. since 2009 and certain of EFH Corp.'s direct and indirect subsidiaries, including Luminant Generation (collectively, the "Debtor Parties") since 2012.  I am generally familiar with the Debtor Parties' day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records.  All facts set forth in this declaration are based upon my personal knowledge of the Debtor Parties' business, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtor Parties' management

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

teams and advisors.  I am over the age of 18 and duly authorized to execute this declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et al., For Entry of an Order Approving the Claims Settlement Agreement between Luminant Generation Company LLC and ADA Carbon Solutions (Red River) LLC* (the "Motion"),[2] filed contemporaneously herewith.

3.    Activated carbon has historically been an important product in the Debtors' power generation operations, and is generally used to reduce mercury emissions.  On September 3, 2008, Luminant Generation, as buyer, and ADA, as seller, entered into that certain Carbon Supply Agreement, including any related agreements, amendments, or modifications thereto (the "Carbon Supply Agreement") for the supply and purchase of activated carbon, including carbon manufactured by ADA at its facility in Coushatta, Louisiana.  The Carbon Supply Agreement (as discussed herein), as extended by an amendment dated December 16, 2011, was originally set expire on December 31, 2018.  Under the Carbon Supply Agreement, Luminant Generation paid for the carbon delivered on a monthly basis at a certain price per pound, along with certain other costs.  In addition, Luminant Generation was obligated to purchase (a) certain specified annual minimum quantities of carbon (each, an "Annual Commitment") and (b) a minimum commitment of 130 million pounds in the aggregate over the entire term of the contract (the "Term Commitment," and together with the Annual Commitments, the "Commitments").

4.    The Carbon Supply Agreement provided that within 30 days after the end of each contract year, Luminant Generation would pay ADA for the amount by which the Annual Commitment exceeded the actual amount of carbon delivered during the year, if any.  Similarly, within 30 days after December 31, 2018, the end of the current term, Luminant Generation

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

would pay ADA for the amount by which the Term Commitment exceeded the actual quantity of carbon delivered to Luminant Generation during the contract term plus any amounts paid to satisfy Annual Commitments in preceding years.

5.      Over the past several years, Luminant Generation's demand for activated carbon has steadily declined.  This decrease in demand is partially attributable to the implementation of alternative technologies, work performed on the emissions equipment, fuel changes, and generation changes, which result in substantial cost savings to the Debtors.  The Debtors expect that their demand for activated carbon will continue to decrease, which would have resulted in increasingly larger payments related to the Commitments under the Carbon Supply Agreement. As a result, on November 26, 2014, the Debtors filed a *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases and Related Relief Thereto* [D.I. 2907], together with a schedule listing the Carbon Supply Agreement (the "Rejection Schedule"), seeking entry of an order approving the rejection of the Carbon Supply Agreement.  On December 18, 2014, the Court entered the *Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 3065] approving the rejection of the Carbon Supply Agreement, effective as of December 18, 2014.[3]

6.      Since before the Petition Date, the Debtors and ADA engaged in discussions regarding the Carbon Supply Agreement, including Luminant Generation's desire to obtain relief from the Commitments.

7.      On October 24, 2014, ADA filed proofs of claim against Luminant Generation and certain of its Debtor affiliates in the aggregate amount of $8,632,963.00 (the "ADA Claim")

---

[3]    The deadline to object to the rejection of the Carbon Supply Agreement expired on December 11, 2014.  On December 17, 2014, the Debtors filed the *Certification of Counsel Concerning Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 3064] certifying, among other things, that the Debtors received no formal or informal objections to the proposed rejection of the Carbon Supply Agreement.

for amounts due under the Carbon Supply Agreement as of the Petition Date.  The ADA Claim included an unsecured claim of $8,385,380.90 and an administrative expense claim under section 503(b)(9) of the Bankruptcy Code for the remaining $247,582.10.  The ADA Claim also included claims for accrued and unpaid interest at the applicable rate set forth in the Carbon Supply Agreement, and other penalties, costs and expenses, and other amounts indemnifiable, reimbursable, or otherwise chargeable under the Carbon Supply Agreement.

8.       After the Debtors moved to reject the Carbon Supply Agreement, they continued to engage in good-faith, arm's-length discussions with ADA regarding the ADA Claim and the Debtors' proposed rejection of the Carbon Supply Agreement.  As set forth in the Claims Settlement Agreement, ADA alleges that the rejection damages claim arising from the rejection of the Carbon Supply Agreement is $74,347,723.00.  The parties ultimately arrived at the resolution embodied in the Claims Settlement Agreement attached as **Exhibit 1** to **Exhibit A**.

9.       Under the Claims Settlement Agreement, the parties agreed that (a) ADA shall be entitled to (i) an allowed general unsecured claim in the amount of $20,000,000.00 and (ii) an allowed priority claim under section 503(b)(9) of the Bankruptcy Code in the amount of $247,582.10 (collectively, the "Agreed Claim"), in lieu of the ADA Claim and any claims resulting from the rejection of the Carbon Supply Agreement, and (b) ADA shall release the Debtors and certain other parties from all claims or rights (other than the Agreed Claim) relating to the Carbon Supply Agreement, except for claims (a) judicially determined to have arisen from fraud, bad faith, or willful misconduct or (b) for unpaid amounts on account of activated carbon actually delivered, or in the process of being delivered, by ADA to the Debtors in the ordinary course of business in accordance with the Carbon Supply Agreement.  The Claims Settlement Agreement will become effective upon entry of the Order.

4

10.    The Debtors also continued negotiations with ADA, as well as third party alternatives, to secure a future supply source for activated carbon.  In addition to offering the Debtors pricing and other terms that were competitive with those offered by third parties, ADA was willing to compromise the ADA Claim and its rejection damages claims on the terms set forth in the Claims Settlement Agreement.  As a result, on December 13, 2014, the parties executed a new supply agreement on market terms with ADA (the "New Carbon Supply Agreement").  The New Carbon Supply Agreement does not contain annual or term commitments, or the requirement to pay for undelivered carbon.  The New Carbon Supply Agreement may be terminated on five days' written notice by either party if the Order approving the Claim Settlement Agreement is not entered on or before February 11, 2015.

11.    The Debtors engaged in extensive, arm's-length discussions with ADA to negotiate and document the treatment of ADA's prepetition claims and rejection damages claims in the Claims Settlement Agreement.  ADA has asserted claims far in excess of the general unsecured and administrative expense claims that compose the Agreed Claim.  Settling the ADA Claim and fixing ADA's rejection damages claims will save the Debtors the time and expense associated with potential discovery and litigation.

*[Remainder of page intentionally left blank.]*

RLF1 11310890v.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 23, 2014                    Respectfully submitted,

                                             /s/ Robert Frenzel
                                             Robert Frenzel
                                             Senior Vice President and Chief Financial
                                             Officer
                                             Luminant Generation Company LLC

6