**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Hearing Date: January 13, 2015<br>Obj. Deadline: January 6, 2015 |

**APPLICATION FOR AN ORDER APPROVING THE RETENTION OF
STEVENS & LEE, P.C. AS CO-COUNSEL TO ENERGY FUTURE INTERMEDIATE
HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE
BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO NOVEMBER 26, 2014**

Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**") files this Application for the entry of an order under sections 327(a) and 1107(b) of the Bankruptcy Code, authorizing EFIH to employ and retain the law firm of Stevens & Lee, P.C. ("**S&L**") as special counsel to EFIH, effective *nunc pro tunc* to November 26, 2014. In support of this Application, the Debtors submit the Declaration of Joseph H. Huston, Jr., a shareholder at S&L (the "**Huston Declaration**"). A copy of the Huston Declaration is attached as Exhibit A and incorporated by reference. In further support of this Application, EFIH respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

SL1 1337632v3 000000.00000

meaning of 28 U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), EFIH consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue of this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are Sections 327(a) and 1107(b) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules.

## RELIEF REQUESTED

4.    By this Application, EFIH seeks entry of the Order substantially in the form attached as Exhibit B, approving the employment of S&L as independent co-counsel to EFIH, effective as of November 16, 2014, to advise and represent EFIH in connection with Conflict Matters (as defined below) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as the disinterested manager of EFIH (the "**Disinterested Manager**").

## BACKGROUND

**A.    General Background**

5.    On April 29, 2014, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

6. The Debtors continues to operate their business and manage their property as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.[2]

7. On May 13, 2014, the Office of the United States Trustee, Region 3 formed and appointed the Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [D.I. 420.] On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. under section 1102(a)(1) of the Bankruptcy Code. [D.I. 2570.]

8. On September 16, 2014, the Court approved the Stipulation and Agreed Order Regarding A Protocol For Certain Case Matters [D.I. 2051], which authorized the Disinterested Manager, among others, to retain separate advisors of his choosing to advise or otherwise represent EFIH if he determined it were necessary or prudent to do so with respect to the Debtors' filing of a plan or other document that seeks to resolve potential claims of Energy Future Competitive Holding Companies LLC or its subsidiaries against other Debtors, where he determines that a potential conflict has become an actual conflict under applicable law, or where this Court determines that the retention of an independent advisor is appropriate. [D.I. 2051, § 4, at 3.]

9. On November 3, 2014, this Court issued its ruling on the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087], finding, among other things, "[R]egardless of the merits of the

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; D.I. 2699.]

10. On November 7, 2014, the Debtor's Board of Managers adopted resolutions, a copy of which is attached to this Application as Exhibit C, determining that Charles H. Cremens is a disinterested manager of EFIH and delegating to him authority to engage independent legal counsel and other advisors as he deems necessary to represent and advise EFIH on matters in which a conflict exists between EFIH and any other Debtor ("**Conflict Matters**").

11. On December 9, 2014, EFIH's Board of Managers adopted supplemental resolutions, a copy of which is attached to this Application as Exhibit D (together with the November 7 resolutions, the "**Resolutions**"), delegating to the Disinterested Manager the authority to review and act upon any Conflict Matter, to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH and its subsidiaries in connection therewith, with the advice of independent advisors or others with whom he determines to consult.

12. Based on the foregoing, among other things, the Disinterested Manager determined it necessary and prudent to retain independent counsel with respect to Conflict Matters. On November 16, 2014, he chose Cravath, Swaine and Moore LLP ("**Cravath**") to advise and represent EFIH in connection with Conflict Matters in EFIH's jointly administered chapter 11 case, reporting to and under his direction. Since that date, Cravath has been actively engaged in providing services to EFIH.[3] On November 26, EFIH and Cravath selected S&L to act as Delaware counsel and this Application seeks the firm's retention *nunc pro tunc* to that date

---

[3] After its retention of Cravath, EFIH selected the firm of S&L as co-counsel to EFIH.

### B. S&L's Qualifications

13. In accordance with Local Rule 9010-1, the Debtor has selected S&L to serve as its Delaware counsel and to perform all services necessary and desirable in this Case on behalf of EFIH. EFIH selected S&L primarily because of S&L's substantial experience in bankruptcy cases, as well as most aspects of the law that have arisen in Delaware chapter 11 cases, and its ability to support Cravath efficiently.

14. S&L has extensive experience with the Delaware bankruptcy practice and the Local Rules and is readily available to attend hearings and address issues, especially if the need is an immediate one. Duplication of efforts among attorneys at Cravath and S&L will be minimized, and both firms will work closely together to ensure that unnecessary duplication is avoided. Combining the resources of Cravath and S&L will foster the dual goals of efficient and effective representation before this Court and will work to the benefit of the estate and its creditors. Accordingly, in order to maximize the value of EFIH's estate and because of S&L's recognized expertise in bankruptcy law, EFIH desires that S&L represent it.

15. Previously, EFIH has also filed an application to retain Cravath as counsel to EFIH. The scope of Cravath's retention is recited in ¶15 of its application, which is incorporated by reference here. S&L will serve to augment those services as Delaware counsel and to act as conflicts counsel should a conflict arise for Cravath. EFIH believes that the employment of Cravath and S&L will best enable it to navigate through the Case.

### B. Services to be Provided by S&L

16. S&L is expected to render such legal services as EFIH or Cravath may request in connection with the prosecution of the Case and furthering the interests of EFIH's estate and its creditors, all within (and not to exceed) the scope of Cravath's retention. Stevens & Lee and

Cravath will endeavor not to duplicate unnecessarily each other's efforts nor the efforts of any other professional retained by the Debtors in these chapter 11 cases.

**C.    Arrangement for Compensation and Reimbursement of S&L**

17.    There are no prepetition fees or costs related to the preparation for and filing of the Case that were incurred by S&L.

18.    EFIH understands that S&L intends to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Case in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, and any applicable orders of the Court.  Such applications will constitute a request for interim payment against S&L's reasonable fees and expenses to be determined at the conclusion of the Case.

19.    EFIH, subject to approval by this Court, proposes to pay S&L its customary hourly rates in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager as set forth in the Huston Affidavit.

20.    EFIH submits that such rates are reasonable and should be approved by the Court, subject to a determination of amounts to be paid to S&L upon application for allowance of compensation.  EFIH, subject to Court approval, also proposes to reimburse S&L for its actual and necessary expenses incurred in representing EFIH.  S&L professionals will maintain detailed records of time spent and any actual and necessary expenses incurred in connection with the rendering of their services by category and nature of the services rendered.  S&L also reserves the right to seek fee enhancements or bonuses to the extent permitted under applicable law.

21. The scope of S&L's retention is commensurate with Cravath's. S&L's hourly rates are set at a level designed to fairly compensate it for the work of its attorneys and paraprofessionals, and to cover fixed and routine expenses. Hourly rates vary with the expertise, experience and seniority of the individuals assigned and may be adjusted by S&L from time to time, but generally no more than once annually at the beginning of each calendar year.

22. EFIH proposes to employ S&L upon the terms and conditions set forth herein. Other than as set forth above and in the Huston Affidavit, no arrangement is proposed between EFIH and S&L for compensation to be paid in the Case.

**D.    Compensation**

23. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any application orders of this Court, compensation will be payable to S&L on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by S&L. (for services constituting compensable professional services). Our rates for attorney time presently range from $225 to $1,000 per hour on the basis of the skill and seniority of each attorney. These hourly rates are reviewed and adjusted periodically, generally no more frequently than annually at the beginning of each calendar year. The current rates and proposed rates for 2015 are detailed below:

|  | 2014 | 2015 |
|---|---|---|
| Attorney range: | $225 to $1,000 | $230 to $1,060. |
| Shareholders: | $430 to $1,000 | $400 to $1,060. |
| Of Counsel: | $445 to $650. | $410 to $700. |
| Associates: | $225 to $575 | $230 to $600. |
| Paralegals: | $220 to $260 | $240 to $270. |
| Legal assistants (for compensable professional services) | $160 | $165 |

24. The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or paraprofessional involved. The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions. The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.

25. The hourly rates set forth above are consistent with the rates that S&L charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client. The rate structure provided by S&L is appropriate and not significantly different from (a) the rates that S&L charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work S&L will perform in these chapter 11 cases.4

26. It is S&L's policy to charge its clients in all areas of practice for all out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail,

---

[4] For example, like many of its peer law firms, S&L increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013. As set forth in the Order, S&L has agreed to provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases, and has agreed file such notice with the Court.

and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by S&L to outside logistics services, travel expenses, expenses for "working meals," computerized research, transcription costs, and unusual internal expenses such as secretarial overtime.  S&L will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to S&L's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court.  S&L believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

27.    Notwithstanding the foregoing and consistent with the Local Rules, S&L will charge no more than $0.10 per page for photocopying.  S&L does not charge for incoming facsimile transmissions.

28.    EFIH understands that any compensation and expenses paid to S&L must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals.

## BASIS FOR RELIEF REQUESTED

29.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, subject to court approval, to employ an attorney that is a disinterested person and does not hold or represent an interest adverse to the estate to represent or assist the debtor in possession in carrying out its duties in the case.

A.  **Retaining S&L as Co-Counsel to EFIH is in the Best Interests of the Debtor's Estate.**

30. EFIH requires separate, independent counsel in this case. In light of actual and the potential for conflicts and intercompany issues, the Court has authorized independent counsel to be retained by certain of the Debtor entities, including EFIH, chosen by the Disinterested Manager. Precedent exists in this jurisdiction and others for the retention of counsel to an independent director of the debtors under section 327 of the Bankruptcy Code. *See e.g.*, *Global Capacity Holdco, LLC*, Case No. 10-12302 (PJW) (Bankr. D. Del. Aug. 24, 2010); *In re Dynegy Holdings, LLC*, Case No. 11-39111 (CGM) (Bankr. S.D.N.Y. May 17, 2012); *In re Cengage Learning, Inc.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. August 20, 2013); *In re Capsule International Holdings LLC*, Case No. 13-13281 (CSS) (Bankr. D. Del. May 2, 2014). EFIH believes that S&L is well qualified to advise and represent it in its chapter 11 case and that it is necessary and in EFIH's best interest, as well as the best interest of the remaining Debtors, their estates and creditors, and all other parties-in-interest, for EFIH to retain S&L to support Cravath as independent counsel for Conflict Matters and determination of whether a matter constitutes a Conflict Matter.

B.  **S&L Is a Disinterested Person and Does Not Hold or Represent an Interest Adverse to EFIH.**

31. Based on the Huston Declaration and to the best of EFIH's knowledge, information and belief, other than as set forth in the Huston Declaration, (a) S&L is not a creditor, equity security holder, or insider of the Debtors, (b) none of S&L's shareholders, counsels, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors, and (c) S&L does not hold an interest materially adverse to EFIH or its estate or any class of its creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in EFIH or for any other reason and is therefore a

"disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate, and is eligible to be employed under section 327(a).

33. To the extent that issues arise that would cause EFIH to be adverse to any of S&L's clients such that it would not be appropriate for S&L to represent it with respect to such matters, the Disinterested Manager will request that EFIH's co-counsel Cravath, or special Delaware counsel as required, represent EFIH with respect to those matters.

## PRIVILEGE AND CONFIDENTIALITY MATTERS

33. The EFIH Board resolutions adopted on December 9, 2014 (Exhibit D) provide for delegation to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all decisions, with respect to Conflict Matters and on whether any matter constitutes a Conflict Matter. They also grant to the Disinterested Manager the control of any attorney-client, work-product, or other privilege belonging to EFIH in connection with Cravath and other independent advisers or their work or privileged communications on Conflict Matters and on whether any matter constitutes a Conflict Matter.

34. In addition, the resolutions direct officers, employees, advisors and agents of EFIH other than the independent advisors not to seek or have access to any such work or communications, and each member of the Board of Managers of EFIH has agreed to waive any right that the Manager might have under applicable corporate governance law to access, so that the Disinterested Manager's and his independent advisors' work and communications are protected from disclosure to interested Managers.

35. By this Application, EFIH also seeks this Court's approval of the resolutions and the Managers' agreements insofar as they relate to privilege and confidentiality as described above.

## **NOTICE**

36.     Notice of this Application will be provided to (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to each Official Committee of Unsecured Creditors; and (c) all parties who have filed requests for notice under Rule 2002 of the Bankruptcy Rules in these chapter 11 cases. EFIH submits that no other or further notice is necessary or required.

**WHEREFORE**, EFIH respectfully requests that this Court enter an Order substantially in the form attached as Exhibit B, approving the employment of S&L as independent co-counsel to EFIH, effective as of November 26, 2014, to advise and represent EFIH in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager and grant such other and further relief as the Court deems just or proper.

Dated: December 24, 2014

                                            Respectfully submitted,

                                            ____/s/*Charles H. Cremens*____
                                            Charles H. Cremens
                                            Disinterested Manager
                                            EFIH