**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| ENERGY FUTURE HOLDINGS | Case No.14-10979 (CSS) |
| CORP., *et al.*,[1] | (JOINTLY ADMINISTERED) |
| | |
| Debtors. | **Hearing Date: January 13, 2015@9:30 a.m. ET** |
| | **Objection Date: January 6, 2015 @ 4:00pm ET** |

**APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF**
**GOLDIN ASSOCIATES, LLC AS SPECIAL FINANCIAL ADVISOR TO**
**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**
**UNDER SECTION 327(a) OF THE BANKRUPTCY CODE,**
**EFFECTIVE NUNC PRO TUNC TO DECEMBER 11, 2014**

Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**") files this Application

for the entry of an order in substantially the form attached to this Application as Exhibit A (the

"**Order**"), under section 327(a) of the Bankruptcy Code, authorizing EFIH to employ and retain

Goldin Associates, LLC ("**Goldin**") as Special Financial Advisor to EFIH, effective *nunc pro tunc*

to December 11, 2014, reporting to and taking direction from Charles H. Cremens, the

disinterested member of the board of managers of each of EFIH ("**EFIH's Disinterested**

**Manager**") in connection with "Conflicts Matters," as defined in and pursuant to the authority

delegated to EFIH's Disinterested Manager in the respective resolutions of the EFIH Board of

Managers dated November 7, 2014 and December 9, 2014 attached hereto as **Exhibit C** and

**Exhibit D, respectively** (collectively, the "Resolutions"), including the determination by EFIH's

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Disinterested Manager of whether any matter constitutes a "Conflict Matter" (collectively,

"Conflict Matters"). In support of this Application, EFIH has submitted the Declaration of EFIH's

DisinterestedMmanager (the "**Cremens Declaration**") and the Declaration of David W. Prager, a

Managing Director of Goldin (the "**Prager  Declaration**"). Copies of the Cremens Declaration and

the Prager Declarations are attached to  this Application as **Exhibit B** and **Exhibit E,** respectively

and incorporated herein by reference.  In further support of this Application, EFIH respectfully

states as follows**:**

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*District of  Delaware*, dated February 29, 2012. This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"**Local Rules**"), EFIH  consents to the entry of a final order by the Court in connection with this

Application to the  extent that it is later determined that the Court, absent consent of the parties,

cannot enter final  orders or judgments in connection herewith consistent with Article III of the

United States  Constitution.

2.      Venue of this proceeding and this Application is proper in this District under

28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein is section 327(a) of chapter 11

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the  "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules.

## RELIEF REQUESTED

4.      By this Application, EFIH seeks entry of the Order substantially in the form attached hereto as Exhibit A, approving the employment of Goldin as Special Financial Advisor to EFIH, effective as of December 11, 2014, to advise EFIH and its counsel, Cravath Swaine & Moore LLP and Stevens & Lee, P.C. ("**Counsel**") in connection with Conflict Matters (as defined below) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of EFIH (the "**Disinterested Manager**").

## BACKGROUND

5.      On April 29, 2014, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

6.      The Debtor continues to operate its business and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.[2]

7.      On May 13, 2014, the Office of the United States Trustee, Region 3 formed and appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 420.] On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 2570.]

8.      On September 16, 2014, the Court approved the Stipulation and Agreed Order Regarding A Protocol For Certain Case Matters [ECF 2051], which authorized EFIH's

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

disinterested manager to retain separate professionals of his choosing to advise or otherwise represent EFIH if he determines it is necessary or prudent to do so with respect to the Debtors' filing of a plan or other document that seeks to resolve potential claims of Energy Future Intermediate Holding Company LLC or its subsidiaries against other Debtors, where he determines that a potential conflict has become an actual conflict under applicable law, or where this Court determines that the retention of an independent advisor is appropriate. [ECF 2051, para. 4, at 3.]

9.      On November 3, 2014, this Court issued its ruling on the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof [ECF 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; ECF 2699.]

10.     On November 7, 2014, the Debtor's Board of Managers adopted resolutions, a copy of which are attached to this Application as **Exhibit C**, determining that Charles H. Cremens is a disinterested manager of EFIH ("**Disinterested Manager**") and delegating to him authority to engage independent legal counsel and such other professionals as he deems necessary to represent and advise EFIH on matters pertaining to this case in which a conflict exists between EFIH and any other Debtor ("**Conflict Matters**"). The Board of Directors of Energy Future Holdings Corp. ("**EFH**") and the Board of Managers of Energy Future Competitive Holdings LLC and its principal subsidiary Texas Competitive Electric Holdings Company LLC (collectively, "**EFCH**") adopted substantively identical resolutions on the same

day.

11.    Based on the foregoing, among other things, the Disinterested Manager determined it necessary and prudent to retain independent counsel and an independent financial advisor with respect to Conflict Matters and whether any matter constitutes a Conflict Matter. On December 11, 2014, after consultation with the TCEH Creditor Representatives, as required by the September 16, 2014 Stipulation, he chose Cravath Swaine & Moore LLP ("**Cravath**") to advise EFIH in connection with Conflict Matters in EFIH's jointly administered chapter 11 case, reporting to and under the direction of the Disinterested Manager.

12.    On December 9, 2014, EFIH's Board of Managers adopted supplemental resolutions, a copy of which are attached to this Application as **Exhibit D** (together with the November 7 resolutions, the "**Resolutions**"), delegating to the Disinterested Manager the authority to review and act upon any Conflict Matter, to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH and its subsidiaries (other than Oncor Electric Delivery Holdings Company LLC and its subsidiaries) in connection therewith, with the advice of independent advisors or others with whom he determines to consult. The Board of Directors of EFH and the Board of Managers of EFCH adopted substantively identical resolutions on the same day.

13.    EFIH requests approval of Goldin's employment *nunc pro tunc* to December 11, 2014, when Goldin commenced work for EFIH immediately upon its selection by the Disinterested Manager, because of the urgent matters pending in this case.

14.    The Disinterested Manager has selected Goldin to advise EFIH because Goldin's professionals have extensive experience and knowledge in, among other things, debtors' rights, business reorganizations, restructurings and complex financial matters under

chapter 11 of the Bankruptcy Code and in serving as a fiduciary and advising fiduciaries,

including directors, officers and trustees.   Goldin has become familiar with the Debtors'

businesses, the progress of these chapter 11 cases and is well qualified and able to advise and

represent EFIH in its chapter 11 case.

15.     Goldin is a financial advisory and turnaround consulting firm specializing in

underperforming businesses and distressed situations, including financial and operational

restructurings, both in and out of bankruptcy. The firm, which was founded in 1990,

provides a range of services to debtors, creditors, shareholders and other interested parties,

including financial advisory, interim management and CRO advisory, litigation support,

forensic financial investigation and independent fiduciary services.  Goldin and its

professionals have on numerous occasions advised debtors-in-possession or official and

unofficial committees in large and complicated chapter 11 proceedings. For example,

Goldin's professionals have been involved in many large and complicated bankruptcy

proceedings, including Enron, Boston Generating, Dewey & LeBoeuf LLP, the Dolan

Company, Jefferson County, Detroit, Lehman Brothers., NorthWestern, Point Blank,

SemGroup, Tom's Foods and Tribune Company.

## SERVICES TO BE PERFORMED AND COMPENSATION

16.     The scope of Goldin's retention is limited to advising EFIH with respect to

Conflict Matters and providing financial advisory services in connection with the investigation and

determination of whether a matter constitutes a  Conflict Matter.  Goldin's work will not

duplicate the efforts of Evercore Partners ("**Evercore**") or  Alvarez & Marsal ("**A&M**"), whose

role in these cases as primary financial and restructuring advisors to the Debtors will remain

unchanged. Goldin will endeavor to avoid duplication of work, with Evercore  and A&M being

chiefly responsible for providing general financial advisory and restructuring advice to the

Debtors, and Goldin advising EFIH on Conflict Matters and determination of whether a matter

constitutes a Conflict Matter, each consistent with their respective engagements.

17.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy

Code and any application orders of this Court, compensation will be payable to Goldin on a

monthly basis, plus reimbursement of actual, necessary expenses and other charges incurred by

Goldin, as well as on a contingent basis. The compensation arrangement that has been

negotiated between Goldin and EFIH at arm's length is beneficial to EFIH, as it provides

certainty and proper incentive for Goldin to act expeditiously and conscientiously with respect

to the services it is expected to provide.

18.      Goldin intends to apply for compensation for professional services rendered and

reimbursement of expenses incurred, subject to the Court's approval and in compliance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S.

Trustee Guidelines and the Court's orders.   Subject to section 328(a) of the Bankruptcy Code,

EFIH believes that Goldin's compensation should not be subject to any additional standard of

review under section 330 of the Bankruptcy Code and does not constitute a "bonus" or fee

enhancement under applicable law.

19.      Subject to the Court's approval, EFIH seeks to provide the following

consideration for Goldin's services. EFIH shall pay Goldin a monthly fee ("**Monthly Fee**") of

$150,000 for each month of Goldin's engagement. EFIH shall pay Goldin a "**Contingent Fee**"

of $2,000,000 upon confirmation of a plan of which EFIH is a proponent or that EFIH otherwise

supports. 50% of all Monthly Fees earned for periods commencing October 2015 shall be

credited against any Contingent Fee (defined below), provided that such credit shall not exceed

$1,000,000 (and the credit not to be applied if the Contingent Fee is not paid).

20.     In addition to professional fees paid to Goldin, EFIH shall promptly reimburse Goldin for all reasonable expenses incurred by Goldin.  It is Goldin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail,  and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Goldin to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses. Goldin will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to Goldin's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court.  Goldin believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its rates and spread the expenses among all clients.

21.     Goldin will maintain records in support of any expenses incurred in connection with its services in these chapter 11 cases. As Goldin's compensation will include only the Monthly Fee and the Contingent Fee (if any), EFIH requests, pursuant to Local Rule 2016-2(h), that Goldin not be required to file time records in accordance with Local Rule 2016-2(d), and that the applicable requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, applicable guidelines of the Fee Committee, and any otherwise applicable guidelines, orders or procedures of the Court be waived to the extent necessary to grant such relief. Notwithstanding that Goldin will not be charging for its services on an hourly basis, Goldin proposes to maintain records (in summary format) of its services rendered for EFIH in half-hour increments.

22.    EFIH believes that the compensation set forth herein is consistent with and typical of compensation entered into for the rendering of similar services under similar circumstances.  Goldin's strategic expertise was a critical factor in its selection, and EFIH believes that the benefit derived from Goldin's services cannot be measured by reference to the number of hours spent by Goldin professionals in the performance of such services.  EFIH has taken into account not only the time that Goldin's professionals will expend providing the services, but also that Goldin's involvement may foreclose other opportunities for it and the variance in demands on Goldin professionals may create "peak load" issues for Goldin.

23.    EFIH understands that any compensation and expenses paid to Goldin must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals.

## BASIS FOR RELIEF REQUESTED

24.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, subject to court approval, to employ a financial advisor that is a disinterested person and does not hold or represent an interest adverse to the estate to represent or assist the debtor in possession in carrying out its duties in the case.

25.    In light of actual and the potential for conflicts and intercompany issues, the Court has authorized independent professionals to be retained by EFIH, as chosen by the Disinterested Manager. EFIH believes that Goldin is well qualified to advise it in its chapter 11 case and that it is necessary and in EFIH's best interest, as well as the best interest of the remaining Debtors, their estates and creditors, and all other parties in interest, for EFIH to retain Goldin as Special Financial Advisor for Conflict Matters and determination of whether a matter constitutes a

Conflict Matter.

26.      Based on the Prager Declaration and to the best of EFIH's knowledge, information and belief, other than as set forth in the Prager Declaration, (a) Goldin is not a creditor, equity security holder, or insider of the Debtors, (b) none of Goldin's principals or employees is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors, and (c) Goldin does not have an interest materially adverse to EFIH or its estate or any class of its creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in EFIH or for any other reason and is therefore a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate, and is eligible to be employed under section 327(a).

## NOTICE

27.      Notice of this Application will be provided to {a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to each Official Committee of Unsecured Creditors; and (c) all parties who have filed requests for notice under Rule 2002 of the Bankruptcy Rules in these chapter 11 cases. EFIH submits that no other further notice is necessary or required.

WHEREFORE, EFIH respectfully requests that this Court enter an Order substantially in the form attached hereto as Exhibit A, approving the employment of Goldin as Special Financial Advisor to EFIH, effective as of December 11, 2014, to advise EFIH in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager and grant such other

and further relief as the Court deems just or proper.

Dated:  December26, 2014

Respectfully submitted,

*/s/ Charles H. Cremens*

CHARLES H. CREMENS,
DISINTERESTED MANAGER, EFIH