**Exhibit A**
**[Order]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP., *et al*.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No.14-10979 (CSS) <br> (JOINTLY ADMINISTERED) <br><br> Hearing Date: January 13, 2015 @ 9:30 am ET <br> Objection Date: January 6, 2015 @ 4:00pm ET <br> Relates to D.I. _____ |

**ORDER APPROVING THE EMPLOYMENT OF**
**GOLDIN ASSOCIATES, LLC AS SPECIAL FINANCIAL ADVISOR TO**
**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**
**UNDER SECTION 327(a) OF THE BANKRUPTCY CODE,**
**EFFECTIVE NUNC PRO TUNC TO DECEMBER 11, 2014**

Upon the application (the "**Application**") of debtor and debtor in possession Energy Future Intermediate Holding Company LLC ("**EFIH**") for the entry of an order under section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**") approving the employment of Goldin Associates, LLC ("**Goldin**") as Special Financial Advisor to EFIH in connection with Conflict Matters (including the determination by EFIH's Disinterested Manager of whether any matter constitutes a "Conflict Matter"), effective *nunc pro tunc* as of December 11, 2014, to advise EFIH in accordance with the resolutions of the EFIH Board of Managers attached to the Application as **Exhibit C and Exhibit D** (the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

12/26/2014 SL1 1342390v1 109285.00001

"**Resolutions**") in connection with financial issues relating to Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as disinterested manager of EFIH (the "**Disinterested Manager**"), the Declaration of David W. Prager, a Managing Director of Goldin (the "**Prager Declaration**") and the Declaration of Charles H. Cremens (the "**Cremens Declaration**") filed with the Application, and the evidence and arguments adduced at the hearing on the Application, the Court finds:

(a) the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334;

(b) the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

(c) venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

(d) based on the representations made in the Application and in the Prager Declaration, (i) Goldin does not hold or represent an interest adverse to EFIH's estate and (ii) Goldin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code as a condition to approval of its employment;

(e) the relief requested in the Application is in the best interests of EFIH's estate, its creditors, and other parties in interest;

(f) EFIH provided adequate and appropriate notice of the Application under the circumstances, and no other or further notice is required;

(g) there is good cause for the relief granted herein; and

(h) any objections to the relief requested by the Application have been withdrawn or should be overruled.

Therefore, it is **ORDERED**:

    1.    The Application is granted except to the extent provided in this Order.

    2.    EFIH's employment of Goldin as Special Financial Advisor *nunc pro tunc* to December 11, 2014 on the terms and conditions set forth in the Application and the engagement letter between EFIH and Goldin, dated as of December 11, 2014 and attached as **Exhibit 1** to the Prager Declaration ("**Engagement Letter**") is approved.

    3.    The terms and conditions of Goldin's retention, including the compensation set forth in the Engagement Letter, are reasonable and approved pursuant to section 328(a) of the Bankruptcy Code, and Goldin shall be entitled to such compensation unless, after the conclusion of Goldin's employment, the terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of this Order.  None of the payments contemplated therein constitute a bonus or fee enhancement under applicable law.

    4.    EFIH is authorized to, and shall, pay Goldin's compensation and reimburse Goldin for its costs and expenses, as provided in the Engagement Letter, to the extent provided in this Order.

    5.    EFIH shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and shall indemnify and hold harmless Goldin and the other Indemnified Parties (as defined in the Engagement Letter) in accordance with the Engagement Letter.

    6.    Goldin shall file with the Court and serve on parties in interest, in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [D.I. 2066] and any other applicable

procedures and orders of the Court, interim reports describing in narrative form Goldin's activities and efforts during the interim compensation period. Notwithstanding anything to the contrary in the general interim compensation procedures and orders, the interim reports need not contain time detail or daily summaries.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Goldin and the structure of Goldin's compensation pursuant to the Engagement Letter, Goldin and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of this Court in connection with the services to be rendered pursuant to the Engagement Letter, such that Goldin shall be required only to maintain time records (in summary format) of its services rendered for EFIH in half-hour increments.

8. At the conclusion of the case, Goldin shall apply for final approval of its compensation for professional services rendered and reimbursement of expenses incurred in compliance with the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court. Goldin's application for final approval of its compensation shall include sufficient information about Goldin's activities and efforts in the case to permit the Court and parties in interest to assess whether the terms and conditions of Goldin's employment were improvident in light of developments not capable of being anticipated at the time of this Order.

9. Goldin shall use its reasonable efforts not to duplicate unnecessarily any services provided by any of EFIH's other retained professionals.

10. To the extent, if any, that the Engagement Letter, the Prager Declaration, the Cremens Declaration or any later document filed with the Court in connection with the Goldin retention is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this Order shall govern, as determined by the Court.

11. EFIH shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless Goldin and the other Indemnified Parties, pursuant to the Engagement Letter, subject, during the pendency of these chapter 11 cases, to the following:

    (a) Goldin shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

    (b) the Debtors shall have no obligation to indemnify Goldin, or provide contribution or reimbursement to Goldin, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Goldin's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Goldin's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Goldin should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Goldin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without

limitation, the advancement of defense costs, Goldin must file an application therefor in the Court, and the Debtors may not pay any such amounts to Goldin before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Goldin for indemnification, contribution or reimbursement, and not a provision limiting the duration of the EFIH's obligation to indemnify Goldin. All Parties-In-Interest shall retain the right to object to any demand by Goldin for indemnification, contribution or reimbursement.

12. EFIH and Goldin are authorized to take all actions necessary to effectuate the relief granted by this Order.

13. Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfies the requirements of the Local Bankruptcy Rules.

14. The terms and conditions of this Order are effective and enforceable immediately upon its entry.

15. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
Wilmington, Delaware

                                                    The Honorable Christopher S. Sontchi
                                                    United States Bankruptcy Judge