**Exhibit B**
**[Cremens Declaration]**

12/26/2014 SL1 1342390v1 109285.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.14-10979 (CSS)<br>(JOINTLY ADMINISTERED)<br><br>Hearing Date: January 13, 2015@9:30 a.m. ET<br>Objection Date: January 6, 2015 @4:00 pm ET |

**DECLARATION OF CHARLES H. CREMENS IN SUPPORT OF
APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF
GOLDIN ASSOCIATES, LLC AS SPECIAL FINANCIAL ADVISOR TO
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC
UNDER SECTION 327(a) OF THE BANKRUPTCY CODE,
EFFECTIVE NUNC PRO TUNC TO DECEMBER 11, 2014**

I, Charles H. Cremens, declare under penalty of perjury as follows:

1.  I am the Disinterested Manager[2] of Energy Future Intermediate Holding Company LLC ("**EFIH**"), located at 1601 Bryan Street, Dallas, TX 75201.

2.  I submit this Declaration in support of EFIH's Application for an Order Approving Employment of Goldin Associates, LLC ("**Goldin**") as Special Financial Advisor to Energy Future Intermediate Holding Company LLC Under Section 327(a) of the Bankruptcy Code, Effective Nunc Pro Tunc to December 11, 2014 (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

3.  Based on this Court's finding of an actual conflict in connection with the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used herein and not separately defined shall have the meaning ascribed to them in the Application.

motion to approve bid procedures for a sale of an economic interest in EFIH's subsidiary Oncor Electric Delivery Company LLC and in accordance with the Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters, entered September 16, 2014 [ECF 2051], which authorized me, as the EFIH Disinterested Manager, to choose independent professional advisors if I determined it became necessary or prudent to do so with respect to a plan or inter-debtor issues, I determined that is was necessary to employ independent counsel and other advisers.  Upon making that determination and identifying Counsel, I consulted with stakeholders and Counsel to identify a financial advisory firm that was not already involved in these cases that has the requisite experience and expertise to provide sound advice in the matters as complex and contentious as those involved in these cases.

4. I selected Goldin because of its deep experience and expertise in restructuring and bankruptcy, corporate governance and transactions, fiduciary roles and litigation support. I believe that Goldin is both well qualified and able to advise EFIH in an efficient and timely manner in connection with the "Independent Matters" as defined in the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, entered on September 16, 2014 [ECF 2051], including with respect to matters identified in the *Notice* filed on November 7, 2014 [ECF 2718], and in connection with financial issues relating to the Conflict Matters and the determination of whether a matter constitutes a Conflict Matter, as defined in the resolutions of the EFIH Board of Managers attached to the Application as **Exhibit C** and **Exhibit D**.

5. Since December 11, 2014, Goldin has worked closely with me, EFIH and Counsel to learn about EFIH's business operations, financial challenges, divergent creditor constituencies and the numerous financial issues that have arisen and may arise in the context

of EFIH's chapter 11 case.

6. Goldin has informed EFIH that the rates it is charging for this engagement are comparable to the rates it charges for non-bankruptcy engagements. Based on my general familiarity with the rates that major financial advisory firms charge, I am comfortable that Goldin's rates are comparable to the rates and terms of other comparably skilled financial advisors.

7. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: December 26, 2014

                                       */s/ Charles H. Cremens*
                                       CHARLES H. CREMENS,
                                       DISINTERESTED MANAGER, EFIH