**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.14-10979 (CSS)<br>(JOINTLY ADMINISTERED)<br><br>**Hearing Date: January 13, 2015@9:30 a.m. ET**<br>**Objection Date: January 6, 2015 @ 4:00 pm ET** |

**DECLARATION OF DAVID W. PRAGER IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF GOLDIN ASSOCIATES, LLC AS SPECIAL FINANCIAL ADVISOR TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTION 327(a) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO DECEMBER 11, 2014**

I, David W. Prager, declare under penalty of perjury as follows:

1. I am a Managing Director of Goldin Associates, LLC ("**Goldin**"), with an office located at 350 Fifth Avenue, New York, New York 10118, and I coordinate Goldin's practice in the Energy sector. I am making this declaration in support of EFIH's Application for Order Approving Employment of Goldin Associates, LLC ("**Goldin**") as Special Financial Advisor to Energy Future Intermediate Holding Company LLC under Section 327(a) of the Bankruptcy Code, Effective Nunc Pro Tunc to December 11, 2014 (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

[1]The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**INTRODUCTION TO GOLDIN ASSOCIATES, LLC**

2. Goldin is a financial advisory and turnaround consulting firm specializing in underperforming businesses and distressed situations, including financial, balance sheet and operational restructurings, both in and out of bankruptcy. Goldin, which was founded in 1990, provides a range of services to debtors, creditors, shareholders and other interested parties, including financial advisory, interim management and CRO advisory, litigation support, forensic financial investigation and independent fiduciary services. Goldin and its professionals have on numerous occasions advised debtors-in-possession or official and unofficial committees in large and complicated chapter 11 proceedings.

3. Goldin's professionals have been involved in many large and complicated bankruptcy proceedings, including Adelphia, Dewey & LeBoeuf, Detroit, Jefferson County, Lehman Brothers., Refco, Tribune and WorldCom. Goldin and its professionals have extensive experience in large and complicated energy-related matters, including in cases such as Boston Generating, Calpine, Enron, NorthWestern Corp. and SemGroup.

4. Goldin has considerable skill and background in performing financial modeling and assessing complex financial structures and transactions. Goldin has regularly provided such services in connection with the review, analysis and resolution of claims or as a court-appointed independent fiduciary. Goldin also been engaged directly by court-appointed or government-appointed fiduciaries to provide financial advisory services in such matters as Asia Global Crossing, Bernard L. Madoff Investment Securities, Bruno’s, Enron North America, Ellen Tracy, Fletcher International Ltd., Interbank Funding, Thornburg Mortgage and Wood River Capital.

## TERMS OF ENGAGEMENT

5. Goldin has agreed to provide financial advisory services to Energy Future Intermediate Holding Company LLC in the above-captioned chapter 11 cases, pursuant to the terms and conditions of the Engagement Letter, attached hereto as Exhibit 1.[2]

6. No agreement exists to share any compensation received by Goldin for its services with any person or firm (other than Goldin's principals and employees).

7. The terms and conditions of the Engagement Letter were negotiated between EFIH and Goldin, and they reflect the mutual agreement of Goldin and EFIH as to the terms and conditions, including compensation, appropriate in this matter.

8. The terms contained in the Engagement Letter are comparable to the terms of other financial advisory engagements of Goldin in similar matters, both in and outside of bankruptcy.

9. The nature of the services that Goldin will perform for EFIH may include, but are not limited to, the following, as requested by EFIH and agreed to by Goldin to the extent they are within the scope of the Conflict Matters:

- management of the Chapter 11 bankruptcy process, including assisting EFIH in evaluating and implementing strategic and tactical options throughout the proceedings;
- reviewing Debtor's cash management strategies and processes;
- reviewing Debtor's budgets and financial forecasts;
- reviewing Debtor's business plans;
- negotiations with other debtors, lenders, creditors and other stakeholders involved in the Bankruptcy;
- reviewing the Debtor's sales procedures;
- reviewing the Debtor's post-petition financing arrangements;

[2] Capitalized terms used herein and not separately defined shall have the meaning ascribed to them in the Application.

- advising the Client on matters of actual or potential conflicting economic or business interest with other debtors involved in the Bankruptcy;
- reviewing Debtor's claims process;
- oral or written testimony, report, affidavit, declaration or other submission, provided it is requested by Client and Goldin agrees in its sole discretion to do so; and
- such other matters as may be requested and that are mutually agreeable.

10. Following an arm's-length negotiation, Goldin agreed to assume this engagement, subject to Court approval, based on its ability to be retained in accordance with its customary terms and conditions of retention, as well as the agreed-upon compensation for its services and reimbursement for the reasonable and appropriate expenses it incurs.

11. Goldin intends to apply for compensation for professional services rendered and reimbursement of expenses incurred, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and the Court's orders, plus seek reimbursement of actual expenses and charges that Goldin incurs.

12. In consideration for Goldin's services EFIH has agreed, subject to Court approval, to pay Goldin pursuant the terms set forth in the Engagement Letter and summarized below as follows: EFIH shall pay Goldin a monthly fee ("**Monthly Fee**") of $150,000 for each month of Goldin's engagement. The "**Contingent Fee**" shall be a payment of $2,000,000 due from EFIH to Goldin upon confirmation of a plan of which EFIH is a proponent or that EFIH otherwise supports. 50% of all Monthly Fees for the period commencing October 2015 shall be credited against any Contingent Fee (defined below), provided that such credit shall not exceed $1,000,000 (and the credit not to be applied if the Contingent Fee is not paid).

13. In addition to professional fees paid to Goldin, EFIH shall promptly reimburse Goldin for all reasonable expenses incurred by Goldin. It is Goldin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. Expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for jobs provided by Goldin to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses. Goldin will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to Goldin's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. Goldin believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the rates and spread the expenses among all clients.

14. Goldin will maintain records in support of any expenses incurred in connection with its services in these chapter 11 cases. As Goldin's compensation will include only the Monthly Fee and the Contingent Fee (if any), EFIH requests, pursuant to Local Rule 2016-2(h), that Goldin not be required to file time records in accordance with Local Rule 2016-2(d), and that the applicable requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, applicable guidelines of the Fee Committee, and any otherwise applicable guidelines, orders or procedures of the Court be waived to the extent necessary to grant such relief. Notwithstanding that Goldin will not be charging for its services on an hourly basis, Goldin proposes to maintain records (in summary format) of its services rendered for EFIH in half-hour increments.

15. The indemnification provisions contained in the Engagement Letter are customary and reasonable for Goldin and comparable firms providing restructuring advisory services. Moreover, the terms and conditions of the indemnification provisions were negotiated by EFIH and Goldin at arm's length and in good faith. Goldin believes that the indemnification provisions contained in the Engagement letter, viewed in conjunction with the other terms thereof, are reasonable and in the best interest of EFIH, its estate and creditors because they allow for the retention of Goldin.

16. I believe that the compensation set forth herein is consistent with and typical of compensation entered into for the rendering similar services under similar circumstances. Goldin's strategic expertise was a critical factor in its selection, and the benefit derived from Goldin's services cannot be measured accurately by reference to the number of hours spent by Goldin professionals in the performance of such services. In addition to the time that Goldin's professionals will expend providing the services, it is also relevant that Goldin's involvement may foreclose other opportunities for the firm and the variance in demands on Goldin professionals may create "peak load" issues for Goldin.

## INDEMNIFICATION

17. EFIH and Goldin believe that the indemnification provisions contained in the Engagement Letter, as modified by the Order, are customary and reasonable for Goldin and comparable firms providing restructuring advisory services. Moreover, the terms and conditions of the indemnification provisions were negotiated by EFIH and Goldin at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of Goldin's proposed retention, are reasonable and in the best interest of EFIH, its estate, and creditors in light of the fact that EFIH requires Goldin's services to successfully reorganize.

Accordingly, as part of this Application, EFIH request that the Court approve the indemnification provisions as set forth in the Engagement Letter as modified by the Order.

**DISINTERESTEDNESS**

18. Based on the conflicts search conducted to date by Goldin and described herein, to the best of my knowledge, neither Goldin, nor any professional thereof, including myself, insofar as I have been able to ascertain, has a connection with the Debtor or other Parties in Interest (as defined below), except as disclosed herein.

19. I am not related, and to the best of my knowledge, no professional at Goldin is related to any judge of the United States Bankruptcy Court for the District of Delaware.

20. I am not related, and to the best of my knowledge, no professional at Goldin is related to the United States Trustee or any employee thereof.

21. Goldin is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Goldin:

a. is not a creditor, an equity security holder, or an insider;

b. is not and was not, within two years before the date of the filing of the petition, a director, officer or employee of the debtor; and

c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

22. Moreover, to the best of my knowledge and information and belief formed after reasonable inquiry, Goldin and its affiliates, professionals and employees have no materially adverse interest to the Debtor's estate or the creditors in these cases.

23. Counsel provided Goldin a list of potential parties in interest in EFIH's case, which includes EFIH's affiliates, significant creditors, equity interest holders, other known potential parties in interest in its chapter 11 case, employees of this Court and of the U.S.

Trustee's Office for Region 3, and the Debtors' professionals that are known to be assisting the Debtor in Debtor's chapter 11 case (collectively, the "**Parties in Interest**" or "**Interested Parties**"). The list of Parties in Interest includes more than 1,000 entries and is reproduced in Schedule 1 hereto.

24. Rule 2014 requires disclosure of connections with "the debtor, creditors [and] any other party in interest." The Bankruptcy Code defines "creditor" as "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" or whose claim is deemed to arise prepetition. EFIH's affiliates' creditors (or parties in interest) who are not themselves EFIH's creditors (or parties in interest) are not creditors (or parties in interest) in EFIH's chapter 11 case; they are creditors of EFIH's creditors (or parties in interest). Based on these provisions, Goldin did not conduct an investigation of the approximately 20,000 other creditors and parties in interest in the related chapter 11 cases who are not parties in interest in EFIH's chapter 11 case.

25. Goldin's services include consulting on behalf of many investors, financial institutions and other entities, some of which may be or may become creditors or parties in interest, including potential acquirers of assets in EFIH's chapter 11 case. Furthermore, as part of its business, Goldin advises clients in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, both in adverse and non-adverse roles, some of which may represent the Debtors, creditors, or parties in interest, or themselves be creditors or parties in interest in these chapter 11 cases. It is not practicable for Goldin to list all such involvements, but I believe that none of them would prevent Goldin from being a disinterested person, would involve the holding of an interest adverse to the estate, or would create a conflict of interest with respect to this employment. Goldin has not and will not

represent any of these creditors, investors, potential acquirers, parties in interest, attorneys, financial advisors, accountants or any other entity in or in connection with these chapter 11 cases.

26. Based on the foregoing, I believe that Goldin is a "disinterested person", as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFIH's estate, as required by section 328(a) of the Bankruptcy Code and that Goldin's principals and employees do not hold any interest adverse to EFIH or its estate, except as otherwise specified in this Declaration. Accordingly, I submit that Goldin is not disqualified for employment by EFIH under section 327(a) of the Bankruptcy Code to advise and represent EFIH as Special Financial Advisor.

27. To determine its relationship with the parties-in-interest in these cases, Goldin researched the Parties in Interest identified on Schedule 1 hereto, which was supplied to Goldin by Counsel for EFIH.

**GOLDIN'S CONNECTIONS WITH PARTIES IN INTEREST**

28. Goldin's research confirmed that Goldin has no materially adverse interest to the Debtor's estate or the creditors in these cases. Goldin's research of its relationships with Interested Parties covered the past three (3) years. During that period Goldin has provided or is providing services, or has a financial relationship or other connection to certain entities in matters unrelated to these cases and indicated these on Schedule 2 hereto.

29. From time to time, Goldin has provided services, and likely will continue to provide services, to certain creditors or equity holders of the Debtor and various other parties adverse to the Debtor in matters unrelated to this Chapter 11 Case.

30. Goldin provides services in connection with numerous cases, proceedings and transactions unrelated to these Chapter 11 cases, including representing debtors and creditors' committees in chapter 11 proceedings and in out-of-court restructurings. All of these matters involve numerous attorneys, professionals and creditors, some of whom are, or may be, attorneys, professionals, equity holders, and/or creditors of the Debtor in this Chapter 11 Case.

31. In the ordinary course of its business, Goldin will work for and engage counsel or other professionals in unrelated matters that now represent, or in the future may represent, creditors or other interested parties in this Chapter 11 Case.

32. Goldin has previously received appointments from Bankruptcy Judges and the United States Trustee in unrelated matters.

33. Goldin has many clients, past and present, who are located throughout the United States and abroad, in a variety of industries. While Goldin has not advised any of these parties in connection with these Chapter 11 cases, it is possible that certain of these parties, their creditors and the related professionals may have some relationship to Interested Parties in these Chapter 11 cases. Goldin has provided financial advisory and/or interim management services to numerous clients (a) in whom one or more Interested Parties may have equity or debt investments; (b) with whom one or more Interested Parties may be counterparties or (c) one of whom may have made investments in the Debtor or one or more Interested Parties.

34. Goldin and Goldin personnel use the regular commercial products and services made available by a number of Interested Parties. Goldin and/or Goldin personnel are taxpayers of certain governmental entities listed as Interested Parties. Some Interested Parties (and/or their affiliates) have been lenders or transactional counterparties to clients of Goldin in unrelated

matters. Such regular course interactions have not been noted in Schedule 2. The disclosures on Schedule 2 as to any such Interested Party applies to all affiliates of such Interested Party.

35. To the extent Goldin discovers any facts bearing on the matters described herein during the period of Goldin's retention, it is Goldin's policy to supplement the information contained in this Declaration.

36. Goldin is not a prepetition creditor of the Debtors.

37. Goldin will apply to the Court for payments of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Engagement Letter, and pursuant to any additional procedures that may be established by the Court in these cases, pursuant to section 328(a) of the Bankruptcy Code. Goldin further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with professionals of Goldin or (b) any compensation another person or party has received or may receive.

38. The foregoing constitutes the statement of Goldin pursuant to Bankruptcy Rule 2014.

39. I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: December 26, 2014

*/s/ David W. Prager*
David W. Prager
Managing Director