**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered<br><br>**Hearing Date: January 13, 2015** |

**REVISED[2] APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A) AND BANKRUPTCY RULES 2014(A) AND 2016(B) APPROVING THE EMPLOYMENT AND RETENTION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP *NUNC PRO TUNC* TO NOVEMBER 5, 2014, AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE COMMITTEE**

The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Committee")[3] appointed on October 27, 2014, in the above-captioned chapter 11 cases of Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this revised application (the "Application") pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Revisions are shown in **bold underline** in this document

[3] This EFH Committee is composed of creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc., and EECI, Inc. The EFH Committee represents the interests of the unsecured creditors of the aforementioned debtors and no others.

an order authorizing the retention and employment of Montgomery, McCracken, Walker & Rhoads LLP ("MMWR") as Delaware bankruptcy counsel and conflicts counsel for the EFH Committee *nunc pro tunc* to November 5, 2014. In support of this Application, the EFH Committee submits the Revised Declaration of Natalie D. Ramsey, Esq. (the "Ramsey Declaration"), attached hereto as Exhibit A, and the Declaration of Mabel Brown (the "Brown Declaration"), representative of Brown & Zhou, LLC, Chair of the EFH Committee [D.I. 3120, Exhibit C], each of which is hereby incorporated by reference. In further support of this Application, the EFH Committee respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory bases for the relief sought are sections 328 and 1103 of the Bankruptcy Code.

## BACKGROUND

3.      On April 29, 2014 (the "Petition Date"), the Debtors commenced these proceedings (the "Cases") by filing voluntary petitions for relief under the Bankruptcy Code. The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp, et al., In Support of First Day Motions* [D.I. 98].

4.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued as debtors-in-possession since the Petition Date.  No trustee or examiner has been appointed in these Cases.

5.      On May 13, 2014, the Office of the United States Trustee ("UST") appointed the Official Committee of Unsecured Creditors' of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and EFH Corporate Services Company (the "TCEH Committee").  [D.I. 420].

6.      On August 11, 2014, MMWR filed a Notice of Appearance in these Cases [D.I. 1805] on behalf of the following personal injury law firms: (i) Gori Julian & Associates, P.C.; (ii) Simmons Hanley Conroy; (iii) Paul Reich & Meyers, P.C.; (iv) Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and (v) Early, Lucarelli, Sweeney & Meisenkothen (collectively, the "PI Law Firms").  The PI Law Firms objected to the Debtors' efforts to impose a bar date on present and future asbestos personal injury claimants.  In connection with this representation, MMWR initiated the process with the UST for appointment of a statutory committee of asbestos personal injury claimants.

7.      On October 27, 2014 (the "Formation Date"), the UST appointed the EFH Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 2570].

8.      The Committee members include: (i) Brown & Zhou, LLC; (ii) David William Fahy; (iii) Shirley Fenicle, as successor-in-interest of the Estate of George Fenicle; (iv) Mark B. Landon; and (v) Peter Tinkham.  On October 30, 2014, the EFH Committee selected Brown & Zhou, LLC to serve as its Chair.  On November 5, 2014, the EFH Committee unanimously selected S&C and Montgomery McCracken Walker & Rhoads LLP as its counsel.

**RELIEF REQUESTED**

9. By this Application, the EFH Committee seeks to employ and retain MMWR *nunc pro tunc* to November 5, 2014 to represent the EFH Committee in these chapter 11 cases as Delaware bankruptcy counsel, and as conflicts counsel in these chapter 11 cases on any asbestos conflicts matters and such other conflicts matters as the EFH Committee may determine. Accordingly, the EFH Committee respectfully requests entry of an order pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto, authorizing the EFH Committee to employ and retain MMWR as their legal counsel in these Cases.

**BASIS FOR RELIEF REQUESTED**

10. Under section 1103(a) of the Bankruptcy Code, a statutory committee "with the court's approval, . . . may select and authorize the employment . . . of one or more attorneys . . . to represent or perform services for such committee." An attorney employed by the committee must be disinterested and "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

    a. is not a creditor, an equity security holder, or an insider;

    b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Regardless, "[r]epresentation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b).

11. In connection with the proposed retention by the EFH Committee in these Cases, MMWR received a list identifying more than 10,000 parties-in-interest from the Debtors. To the best of the EFH Committee's knowledge, information and belief, and except as disclosed herein and in the Ramsey Declaration, neither MMWR nor any of its partners, senior counsel, of counsel, or associates has had or presently have any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matters related to the Debtors or their estates. MMWR is a "disinterested person" as defined in the Bankruptcy Code.

12. The EFH Committee has selected MMWR because of its attorneys' experience and knowledge in chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware and because of the absence of any conflict of interest. MMWR has advised the EFH Committee that MMWR may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending Cases, entities that are claimants of the Debtors or other parties-in-interest (or service providers thereto) in these Cases. MMWR has not (except as disclosed in the Ramsey Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the EFH Committee, the Debtors, or these Cases.

13. The EFH Committee believes that MMWR is well qualified to represent them in the these Chapter 11 Cases in an efficient and timely manner. The EFH Committee selected MMWR as their Delaware bankruptcy counsel, and as conflicts counsel in these chapter 11 cases on any asbestos conflicts matters and such other conflicts matters as the EFH Committee may determine, because the professionals at MMWR have substantial experience in bankruptcy cases,

including bankruptcies involving mass tort liability, prepetition merger transactions, and significant preference and avoidable transfers litigation. In addition, MMWR has significant expertise, experience, and knowledge in regards to practice before this Court, its offices are situated near this Court, and MMWR indicated that it had the ability to respond quickly to emergency hearings and other emergency matters in this Court. Further, MMWR's appearance before this Court for the applications, motions, and other matters in these Cases will be efficient and cost-effective for the Debtors' estates.

14. MMWR has extensive experience in numerous other chapter 11 bankruptcy cases including: *In re O.W. Bunker Holding North America Inc., et al.*, Case No. 14-51720 (Bankr. D. Conn.); In re Reichhold Holdings US, Inc., et al., Case No. 14-12237 (Bankr. D. Del.); *In re United Gilsonite Lab*s., Case No. 11-02030 (Bankr. M.D. Pa); *In re Specialty Prods. Holding Corp. et al.*, Case No. 10-11780 (Bankr. D. Del.); *In re TH Props., L.P.*, Case No. 09-13201 (Bankr. E.D. Pa.); *In re: Mrs. Fields' Original Cookies, Inc., et al.*, Case No. 08-11953 (Bankr. D. Del.); *In re Reading Broad. Inc.*, Case No. 05-26563 (Bankr. E.D. Pa.); *In re Combustion Eng'g, Inc.*, Case No. 03-10495 (Bankr. D. Del.).

15. By separate application, the EFH Committee is also seeking approval to employ Sullivan & Cromwell LLP ("S&C") to serve as counsel in these Cases. The EFH Committee believes that if this Court approves the employment of S&C and MMWR, these firms will allocate their delivery of services to the EFH Committee so as to avoid any unnecessary duplication of services. It is the carefully considered view of the EFH Committee that, considering the size and complexity of these Cases and the various interests involved, including the fact that these Cases are pending in Delaware and Delaware counsel is a requirement under the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), that representation of the EFH Committee by S&C and MMWR is necessary, advisable, and in the best interests of the Debtors' estates and the EFH Committee.

16. The services MMWR has rendered and may be required to render for the EFH Committee include, without limitation, the following:

> (a) in conjunction with S&C, providing legal advice with respect to the powers and duties available to the EFH Committee, an official committee appointed under section 1102 of the Bankruptcy Code;
>
> (b) assisting S&C in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;
>
> (c) assisting S&C in preparing on behalf of the EFH Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;
>
> (d) reviewing, analyzing and assisting S&C in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the EFH Committee;
>
> (e) consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' respective estates;
>
> (f) representing the EFH Committee in hearings and other judicial proceedings;
>
> (g) advising the EFH Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and
>
> (h) perform all other services assigned by the EFH Committee, in consultation with S&C, to MMWR as co-counsel to the EFH Committee, and to the extent the firm determines that such services fall outside of the scope of services historically or generally performed by MMWR as co-counsel in a bankruptcy proceeding, MMWR will file a supplemental application disclosing the additional services to be rendered.

17. The EFH Committee has informed MMWR that if any potential conflict among the EFH Debtors becomes an actual conflict matter for S&C, or S&C or the EFH Committee

otherwise determines that S&C can no longer provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "Actual Conflict Matter"), S&C will promptly file a notice of such Actual Conflict Matter with the Court, with a copy to the U.S. Trustee, and the EFH Committee will be advised by MMWR as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict), and will retain MMWR or other counsel, as determined by the EFH Committee, to advise the EFH Committee in connection with other Actual Conflict Matters ("Conflicts Counsel").

18. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the EFH Committee requests that MMWR be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that MMWR incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

19. MMWR has advised the EFH Committee that MMWR's hourly rates for professionals that will be primarily responsible for this matter range from $330 to $690 per hour for partners and of counsel, from $280 to $425 per hour for associates, and from $140 to $240 per hour for paralegals. The primary attorneys and paralegals expected to represent the EFH Committee, and their respective hourly rates are:

| | | |
|---|---|---|
| (a) | Natalie D. Ramsey (Delaware partner) | $675 per hour |
| (b) | Mark A. Fink (Delaware of counsel) | $590 per hour |
| (c) | Davis Lee Wright (Delaware of counsel) | $535 per hour |
| (d) | Katherine M. Fix (associate) | $290 per hour |
| (e) | Keith T. Mangan (paralegal) | $140 per hour |

Other attorneys and paralegals will render services to the EFH Committee as needed. The hourly rates set forth above are MMWR's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly MMWR for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. MMWR has informed the EFH Committee that its hourly rates are subject to periodic adjustment in accordance with MMWR's established billing practices and procedures.

20. In addition to the hourly rates set forth above, it is MMWR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page (for black and white copies), printing and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by MMWR to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research charges, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. MMWR will charge for these expenses in a manner and at rates consistent with charges made generally to MMWR's other clients and the Local Rules.

21. The EFH Committee also submits that such rates are reasonable and should be approved by the Court at this time, subject to a determination of the amounts to be paid to MMWR upon applications for allowance. Moreover, the EFH Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse MMWR for its actual and necessary expenses.

22.     MMWR will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with MMWR's representation of the EFH Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court.  MMWR also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with this Application and the interim and final fee applications to be filed by MMWR in these chapter 11 cases. MMWR will cooperate with the fee committee appointed pursuant to the Fee Committee Order (the "Fee Committee") in the Fee Committee's discharge of its duties, and has agreed to be bound by the terms of the Fee Committee Order.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

23.     MMWR also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the

"Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by MMWR in these chapter 11 cases.

24. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | MMWR did not represent the Committee in the 12 months prepetition. |
| Question: | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response: | No. The Committee did not request a budget or staffing report from MMWR from the period of its retention through December 31, 2014. The Committee has requested that MMWR provide a budget for January 1, 2015 through January 31, 2015 for approval at the upcoming committee meeting. MMWR will continue to provide the Committee with monthly budgets and staffing reports as such may be requested by the Committee. |

## **NOTICE**

25. Notice of this Revised Application has been provided to: (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and

its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Revised Application is neither required nor necessary.

## **NO PRIOR REQUEST**

26.    No prior request for the relief sought in this Revised Application has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the EFH Committee respectfully requests that this Court enter an Order, in substantially the form annexed hereto, authorizing it to retain and employ the firm of MMWR to represent it in these chapter 11 cases and for such other and further relief as the Court deems just and equitable.

Dated: Wilmington, Delaware
       January 7, 2014

> Respectfully submitted,
>
> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.
>
> *Mabel Brown*
> Mabel Brown
> Chair of the EFH Committee
> Brown & Zhou, LLC