
# Exhibit B

*Ramsey Declaration*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered |

**REVISED DECLARATION OF NATALIE D. RAMSEY IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A) AND BANKRUPTCY RULES 2014(A) AND 2016(B) APPROVING THE EMPLOYMENT AND RETENTION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP *NUNC PRO TUNC* TO NOVEMBER 5, 2014, AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE COMMITTEE**

Natalie D. Ramsey, hereby makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am an attorney admitted to practice in the Commonwealth of Pennsylvania and the States of Delaware and New York, and a partner of the firm of Montgomery, McCracken, Walker & Rhoads, LLP ("MMWR"). MMWR is a law firm with offices in Pennsylvania, New Jersey, Delaware and New York. I am the Chair of MMWR's Bankruptcy and Reorganization practice group.

2. I submit this affidavit in support of the Application (the "Application") of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Committee") for an order approving the employment and retention of MMWR as their counsel in

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

-1-

3818389v2

the Debtors' bankruptcy cases, in compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires amendment or modification upon MMWR's completion of further analysis, or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court.

3. Prior to its retention by the EFH Committee, MMWR filed a Notice of Appearance in these Cases [D.I. 1805] on behalf of the following personal injury law firms: (i) Gori Julian & Associates, P.C.; (ii) Simmons Hanley Conroy; (iii) Paul Reich & Meyers, P.C.; (iv) Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and (v) Early, Lucarelli, Sweeney & Meisenkothen (collectively, the "PI Law Firms").  The PI Law Firms objected to the Debtors' efforts to impose a bar date on present and future asbestos personal injury claimants.  In connection with this representation, MMWR initiated the process with the United States Trustee for appointment of a statutory committee of asbestos personal injury claimants, which ultimately led to the appointment of the EFH Committee.  The PI Law Firms, and the individual personal injury claimants represented by the PI Law Firms, are members of the same class of creditors who currently make up the EFH Committee.  MMWR filed a Notice of Substitution of Counsel, withdrawing from the representation of the PI Law Firms, on December 13, 2014.

4. The EFH Committee retained MMWR as Delaware bankruptcy counsel and conflicts counsel on November 5, 2014.

5. MMWR's attorneys possess extensive experience and knowledge of chapter 11 proceedings, especially proceedings pending in the United States Bankruptcy Court for the District of Delaware. MMWR is well qualified to represent the EFH Committee in an efficient, cost-effective and timely manner. Specifically, MMWR has extensive experience in numerous other chapter 11 bankruptcy cases including: *In re O.W. Bunker Holding North America Inc., et al.*, Case No. 14-51720 (Bankr. D. Conn.); *In re Reichhold Holdings US, Inc., et al.*, Case No. 14-12237 (Bankr. D. Del.); *In re United Gilsonite Laboratories*, Case No. 11-02030 (Bankr. M.D. Pa.); *In re Specialty Prods. Holding Corp. et al.*, Case No. 10-11780 (Bankr. D. Del.); *In re TH Props., L.P.*, Case No. 09-13201 (Bankr. E.D. Pa.); *In re: Mrs. Fields' Original Cookies, Inc., et al.*, Case No. 08-11953 (Bankr. D. Del.); *In re Reading Broad. Inc.*, Case No. 05-26563 (Bankr. E.D. Pa.); *In re Combustion Eng'g, Inc.*, Case No. 03-10495 (Bankr. D. Del.).

6. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, MMWR intends to apply for compensation for professional services rendered in connection with its representation of the EFH Committee in the Debtors' bankruptcy cases, together with reimbursement of actual, necessary expenses, and other charges incurred by MMWR during this representation. MMWR's hourly rates for professionals that will be primarily responsible for this matter range from $330 to $690 per hour for partners and of counsel, from $280 to $425 per hour for associates, and from $140 to $240

-3-

per hour for paralegals. The primary attorneys and paralegals expected to represent the EFH Committee, and their respective hourly rates are:

| | | | |
|---|---|---|---|
| (a) | Natalie D. Ramsey (Delaware partner) | $675 per hour |
| (b) | Mark A. Fink (Delaware of counsel) | $590 per hour |
| (c) | Davis Lee Wright (Delaware of counsel) | $535 per hour |
| (d) | Katherine M. Fix (associate) | $290 per hour |
| (e) | Keith T. Mangan (paralegal) | $140 per hour |

7. Other attorneys and paralegals will render services to the EFH Committee as needed. The hourly rates set forth above are MMWR's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly MMWR for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustment in accordance with MMWR's established billing practices and procedures.

8. It is MMWR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research charges, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. MMWR will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to MMWR's other clients or as previously fixed by this Court.

9.      The fees and expense reimbursement provisions described above are consistent with normal and customary billing practices for cases of this size and complexity that require the level and scope of services outlined.  MMWR also believes that the foregoing compensation arrangements are both reasonable and market-based.

10.     In connection with the proposed retention by the EFH Committee in these Cases, MMWR received a list identifying more than 10,000 parties in interest from the Debtors.[2]  Neither I, MMWR, nor any partner, of counsel, or associate of MMWR, insofar as I have been able to ascertain, represents any other party-in-interest in these Cases, or their attorneys or accountants, except as hereinafter set forth.  To the extent that upon review of such records additional parties in interest are noted by MMWR, MMWR will review for relationships consistent with the procedures described herein and supplement its disclosure if any such relationships are uncovered.

11.     MMWR maintains and systematically updates its conflict check system in the regular course of its business and it is the regular practice of MMWR to make and maintain these records.  The conflict system maintained by MMWR is designed to include (a) every active matter on which MMWR is engaged, (b) every closed matter on which MMWR has been engaged since 1990, (c) the entity by which it is now or has been engaged, (d) the identity of related parties, (e) the identity of adverse parties, and (f) the attorney at MMWR that is knowledgeable about the matter.  It is the policy of MMWR that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts,

---

[2] The list of parties-in-interest run through MMWR's conflicts process is not attached to this Application due to size. The full list is available upon request to MMWR.

including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by MMWR. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

12. MMWR has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to the Debtors' bankruptcy cases, certain parties in interest. Schedule 1 identifies those entities that are current clients or are affiliates thereof, and those entities who have been represented by MMWR within the last five (5) years).

13. Based on information provided by those most knowledgeable at MMWR, I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of MMWR's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of MMWR's annual fees billed. MMWR will not represent any of the foregoing claimants or any party in interest in any facet of the Debtors' bankruptcy cases.

14. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between MMWR and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in the Debtors' bankruptcy cases. In addition, as part of its practice, MMWR appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in the Debtors' bankruptcy cases. MMWR has not represented and will not represent any such entities in

relation to the Debtors and the Debtors' bankruptcy cases, nor does MMWR have any relationship with any such entities that would be adverse to the Debtors or their estates in the matters upon which MMWR is to be employed in the Debtors' bankruptcy cases.

15.     Except as set forth herein, and based upon the information available to me, neither I, nor MMWR, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which MMWR is to be employed in these cases.  Based upon the information available to me, I believe that MMWR is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

16.     I have been informed by S&C that if there is may be potential conflicts among the EFH Debtors and that if the potential conflict becomes an actual conflict matter for S&C, or S&C or the EFH Committee otherwise determines that S&C can no longer provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "Actual Conflict Matter"), that MMWR will advise the EFH Committee as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict), and that the EFH Committee will retain MMWR or other counsel (as determined by the EFH Committee) to advise the EFH Committee in connection with other Actual Conflict Matters ("Conflicts Counsel").

17.     No promises have been received by MMWR, or by any partner or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  MMWR has no agreement with any other entity to share with such entity any compensation received by MMWR.

18.     To the best of my knowledge, no partner or associate of MMWR is a relative of, or has been so connected with, any judge of the bankruptcy court for this district.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

19.     MMWR also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by MMWR in these chapter 11 cases.

20.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

Question:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:   No.

Question:   Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:   No.

Question:   If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:   MMWR did not represent the Committee in the 12 months prepetition.

Question:   Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:   No. The Committee did not request a budget or staffing report from MMWR from the period of its retention through December 31, 2014. The Committee has requested that MMWR provide a budget for January 1,

-8-

3818389v2

2015 through January 31, 2015 for approval at the upcoming committee meeting. MMWR will continue to provide the Committee with monthly budgets and staffing reports as such may be requested by the Committee.

21. By reason of the foregoing, I believe MMWR is eligible for employment and retention by the Debtors pursuant to sections 328(a), 330, 331 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: Wilmington, Delaware
January 7, 2015

          */s/ Natalie D. Ramsey*
Natalie D. Ramsey, Esq. (DE # 5378)
MONTGOMERY, McCRACKEN, WALKER
   & RHOADS, LLP
1105 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7840
nramsey@mmwr.com

*Proposed Counsel for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.*

**SCHEDULE 1**

MMWR Draft 12/19/2014
CONFIDENTIAL

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| 3M Co. | Contractual Counterparty | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Abbott Laboratories | Litigants (Asbestos) | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Aberdeen Asset Management, Inc. | Debtholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Accenture | Largest Unsecured Creditors | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| ACE | Insurer | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Alvarez & Marsal | Professional | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| AMEC Construction Management Inc. | Litigants (Asbestos) | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Ametek, Inc. | Litigants (Asbestos) | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| American Airlines, Inc. | Contractual Counterparty | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Deutsche Bank Securities, Inc. | Secured Bondholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| BASF Corporation | Potentially Responsible Parties | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| | | Debtors' Chapter 11 cases. |
| Brenntag Southwest, Inc. | Significant Vendor | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Chase Bank USA NA | Litigant | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Chevron Services Co. | Contractual Counterparty | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Citibank New York | Significant Vendors | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Clean Air Council | Litigant | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Citibank | Letters of Credit | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Coastal Chemical LLC | Significant Vendor | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| EECI | Debtor | Prior to being engaged by the Committee, MMWR served as counsel for the following personal injury law firms: (1) Gori Julian & Associates, P.C.; (2) Simmons Hanley Conroy; (3) Paul Reich & Meyers, P.C.; (4) Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and (5) Early, Lucarelli, Sweeney & Meisenkothen.  Two of these firms, Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and Early, Lucarelli, Sweeney & Meisenkothen, are now members of the EFH Committee.  MMWR was retained as Delaware bankruptcy counsel and conflicts counsel for the EFH |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| | | Committee. |
| Franklin Advisers, Inc. | Secured Bondholders | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| International Brotherhood of Electrical Workers | Union | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JP Morgan | Debtholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JP Morgan Chase | Bank | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JP Morgan Chase & Co. | Litigation | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JP Morgan Securities LLC | Contractual Counterparty | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| KPMG | Professional | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Loomis Sayles & Company | Secured Bondholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Magnetar Financial LLC | Secured Bondholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Marriott International, Inc. | Significant Vendor | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Mellon Bank | Significant Vendor | MMWR has previously represented and continues to represent |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| | | this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Merrill Lynch, Pierce, Fenner & Smith | Secured Bondholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Microsoft Corp | Landlord | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Microsoft Licensing GP | Contractual Counterparty | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Mitsubishi Heavy Industries | Joint Venture Party | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Morgan Stanley | Shareholder | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Morgan Stanley & Co. LLC | Secured Bondholder; Significant Vendor | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. The individual who performed the work for these entities left MMWR prior to the commencement of the Debtors' Chapter 11 cases. |
| Morgan Stanley Capital Services LLC | Contractual Counterparty | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. The individual who performed the work for these entities left MMWR prior to the commencement of the Debtors' Chapter 11 cases. |
| Morgan Stanley Smith Barney LLC | Unsecured Bondholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. The individual who performed the work for these entities left MMWR prior to the commencement of the Debtors' Chapter 11 cases. |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| Pepsico, Inc. | Contractual Counterparty | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| PricewaterhouseCoopers LLP | Significant Vendor | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| PwC | Professional | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Rohm & Haas Co. | Potentially Responsible Party | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Siemens Industry Inc. | Litigants (Asbestos) | A MMWR professional has served as a mediator in a matter involving this entity wholly unrelated to the Debtors' Chapter 11 cases. |
| Sumitomo SHI Cryogenics of America, Inc. | Contractual Counterparty | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| SuperMedia LLC | Contractual Counterparty | A MMWR professional has served as a mediator in a matter involving this entity wholly unrelated to the Debtors' Chapter 11 cases. |
| The Bank of New York | Unsecured Bondholder | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| The Bank of New York Mellon | Indenture Trustee; Lienholder | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| The Bank of New York Mellon Financial | Significant Vendors | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| The Bank of New York Mellon Trust Company | Landlord | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| | | wholly unrelated to the Debtors' Chapter 11 cases. |
| ThyssenKrupp Safeway Inc. | Significant Vendor | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Trafigura AG | Contractual Counterparty | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Union Carbide Corp. | Litigants (Asbestos) | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| US Bank NA | Landlord | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Verizon | Significant Vendor | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wachovia Bank National Association | Lienholder | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Weir Minerals | Significant Vendor | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wells Fargo Bank, N.A. | Landlord | MMWR has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wilmington Trust Company | Landlord | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Windstream Communications | Utility; Significant Vendor | MMWR has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Weyerhaeuser | Significant Vendor | MMWR has in the past represented this entity and/or certain |

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| | | affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |