# **Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 3040** |

**FIRST SUPPLEMENTAL DECLARATION OF TODD J. ROSEN IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MUNGER, TOLLES & OLSON LLP AS COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2014**

I, Todd J. Rosen, state the following under penalty of perjury:

1. I am over eighteen years of age and have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.

2. I am a partner at Munger, Tolles & Olson LLP ("MTO"), located at 355 S. Grand Ave., 35th Floor, Los Angeles, California, 90071, and have been duly admitted to practice law in the State of California; the United States District Courts for the Central, Northern, Eastern, and Southern District of California; and the Ninth Circuit Court of Appeals.

3. I submit this first supplemental declaration (the "First Supplemental Declaration") in further support of the *Debtors Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC's Application For Entry Of An Order Authorizing*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*The Retention And Employment Of Munger, Tolles & Olson LLP As Counsel To Debtors And Debtors In Possession Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc To November 16, 2014* [D.I. 3040] (the "Application").[2]

4. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Background**

5. On December 16, 2014, the TCEH Debtors filed the Application. In support of the Application, the TCEH Debtors filed the *Declaration of Todd J. Rosen in Support of the Debtors Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC's Application For Entry Of An Order Authorizing The Retention And Employment Of Munger, Tolles & Olson LLP As Counsel To Debtors And Debtors In Possession Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc To November 16, 2014* (the "Original Declaration"), which was filed as **Exhibit C** to the Application.

6. Thereafter, MTO engaged in discussions with the Office of the United States Trustee (the "UST"), which requested that I submit a supplemental declaration on behalf of MTO to (a) clarify and provide additional information regarding the disclosures made in the Original Declaration and (b) to address the scope of MTO's engagement by the TCEH Debtors.

**Clarification and Additional Information Regarding Disclosures in the Original Declaration**

7. Paragraph 33 of the Original Declaration is amended in its entirety to state: Of the clients listed on **Schedule 3**, only eight represented more than one percent of MTO's fees billed

---

[2] Capitalized terms not defined in this First Supplemental Declaration have the meaning ascribed to them in the Application.

for the twelve-month period ending on November 1, 2014: Bank of America, N.A. and certain of its affiliates and subsidiaries ("BANA"); Intel Corporation ("Intel"); Wells Fargo & Company ("Wells Fargo"); Northrop Grumman Corporation ("Northrop"); Berkshire Hathaway Inc. and certain of its affiliates and subsidiaries ("Berkshire Hathaway"); Google Inc. and certain of its affiliates and subsidiaries ("Google"); Fortress Investments and certain of its affiliates and subsidiaries ("Fortress"); and Milbank Tweed Hadley & McCloy LLP ("Milbank").

8. Of the eight clients that represented more than one percent of MTO's fees billed for the twelve-month period ending on November 1, 2014, only BANA represented more than five percent of MTO's fees billed for the twelve-month period ending on November 1, 2014. MTO currently represents, and in the past has represented, BANA in connection with a variety of corporate and litigation matters unrelated to these chapter 11 cases, including, without limitation, as nationwide litigation counsel related to mortgage backed securities litigation.

9. I understand that BANA is a party in interest in a number of capacities in these chapter 11 cases, including as a holder of secured and unsecured notes at each of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC ("EFIH") and TCEH, and as a participant in the EFIH debtor in possession financing facility. All prior and current representations of BANA have been unrelated to these chapter 11 cases and MTO will not represent BANA in any facet of these chapter 11 cases. Although not anticipated to be a Conflict Matter within the scope of MTO's retention, if adversity between the TCEH Debtors and BANA that would constitute a Conflict Matter arises, MTO will ask separate conflicts counsel to handle that matter. To the best of my knowledge and insofar as I have been able to ascertain, I do not believe any prior or current representation of BANA creates a conflict or impacts the determination that (a) MTO is a "disinterested person" within the meaning of section 101(14) of

the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) MTO has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Original Declaration or herein.

10. At paragraph 42 of the Original Declaration, I described the limited role that Andrea M. Weintraub, an associate in MTO's financial restructuring department, had with respect to representing the Debtors while employed as an associate of K&E from October 2012 to June 2014. As a precaution, MTO instituted formal screening measures to screen Ms. Weintraub from all aspects of MTO's representation of the TCEH Debtors pending a hearing on MTO's application to be retained. I did not at the time of filing the MTO retention application, and currently do not, believe Ms. Weintraub's limited role in representing the Debtors while at K&E creates a conflict or requires Ms. Weintraub to be screened from MTO's representation of the TCEH Debtors. Subject to approval by the Court as requested herein, MTO shall cease screening Ms. Weintraub from participating in MTO's representation of the TCEH Debtors.

### Scope of MTO's Engagement by the TCEH Debtors

11. As set forth in the Application, the TCEH Debtors are seeking to employ and retain MTO as its attorneys effective *nunc pro tunc* to November 16, 2014, to advise and represent the TCEH Debtors in connection with "Conflict Matters" (as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager pursuant to the respective resolutions of the ECFH and TCEH Board of Managers dated November 7, 2014 and December 9, 2014 attached to the Application as Exhibit B (the "Resolutions")), and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the TCEH Debtors' Disinterested Manager.

12. The Resolutions (a) provide that "any matter pertaining to the Chapter 11 Case on which an actual conflict exists between [the TCEH Debtors], on the one hand, and any other Debtor, on the other hand," constitutes a Conflict Matter and (b) delegate to the TCEH Debtors' Disinterested Manager full authority "to review and act upon any Conflict Matters," including, among other things, authority (i) "to investigate and determine whether any matter constitutes a Conflict Matter" and (ii) "to make all decisions, and to implement or direct the implementation of all such decisions, in each case on [the TCEH Debtors'] behalf, with respect to Conflict Matters," in each case with the advice of Independent Advisors, including MTO.

13. Based on the scope of MTO's employment set forth in its engagement letter and in the Resolutions, MTO will limit its services in this case to advising the TCEH Debtors' Disinterested Manager on whether a matter constitutes a Conflict Matter and to advising and representing the TCEH Debtors, reporting to and at the direction of the TCEH Debtors' Disinterested Manager, on any matter that the TCEH Debtors' Disinterested Manager determines is a Conflict Matter or on any matter for which the TCEH Debtors' Disinterested Manager requests MTO to provide advice and representation arising from or related to a Conflict Matter or determining whether a matter constitutes a Conflict Matter. MTO will provide to the TCEH Debtors all the services typically associated with or required to provide advice and representation to the TCEH Debtors on such matters, including factual and legal investigation and research, prosecuting, defending or settling any litigation involving any such matters, whether in connection with plan confirmation or otherwise. Such services will include consulting and coordinating with other counsel for the Debtors, including K&E, on, among other things, preventing, to the extent possible, duplication of effort on matters within the scope of MTO's employment.

14. Based upon MTO's initial investigation to date, which is ongoing and incomplete, Conflict Matters likely will include, without limitation, intercompany claims between the TCEH Debtors and their estates, on the one hand, and any other Debtor and its estate, on the other hand, whether addressed through litigation or through settlement either outside of a plan or under a plan and, to the extent involving a Conflict Matter, any sale or bidding procedures, including, without limitation, the selection of a stalking horse bidder and determination of a winning bidder in any sale, and will include other matters as determined by the TCEH Debtors' Disinterested Manager.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 8, 2015    */s/ Todd J. Rosen*
  Name: Todd J. Rosen
  Title: Partner, Munger, Tolles & Olson LLP