# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**[PROPOSED] ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MUNGER, TOLLES & OLSON LLP AS COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2014**

Upon the application (the "Application")[2] of debtors and debtors in possession Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC. ("TCEH" and together with EFCH and their debtor subsidiaries, the "TCEH Debtors") for the entry of an order (this "Order") authorizing the TCEH Debtors to retain and employ Munger, Tolles & Olson LLP ("MTO") as their attorneys effective *nunc pro tunc* to November 16, 2014, to render professional services, under the supervision of Hugh E. Sawyer, the independent board member of the TCEH Debtors (the "TCEH Debtors' Disinterested Manager"), in connection with "Conflict Matters," as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the respective resolutions of the ECFH and TCEH Board of Managers dated November 7, 2014 and December 9, 2014 to the Application as **Exhibit B** (collectively the "Resolutions"), including the determination by the TCEH Debtors' Disinterested Manager of whether any matter constitutes a

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

25456029.2

"Conflict Matter" (collectively, "Conflict Matters"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the declaration of Todd J. Rosen, a partner at MTO (the "Rosen Declaration"), the first supplemental declaration of Todd J. Rosen (the "First Supplemental Declaration" and, together with the Rosen Declaration, the "Rosen Declarations") and the declaration of Hugh E. Sawyer, authorized member of the Board of Managers of the TCEH Debtors (the "Sawyer Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Application and in the Rosen Declarations, that (a) MTO does not hold or represent an interest adverse to the TCEH Debtors' estates and (b) MTO is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the TCEH Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and

at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The TCEH Debtors are authorized to retain and employ MTO as its attorneys *nunc pro tunc* to November 16, 2014 in accordance with the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however*, that to the extent the Application, the Rosen Declarations, the Sawyer Declaration, any later declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. Under the supervision of the TCEH Debtors' Disinterested Manager, MTO is authorized to provide the TCEH Debtors with professional services in connection Conflict Matters as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the Resolutions.

4. MTO shall use its reasonable efforts to avoid any duplication of services provided by any of the TCEH Debtors other retained professionals in these chapter 11 cases.

5. MTO shall apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court,

including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").  Notwithstanding anything to the contrary in the Application, the Rosen Declarations, any subsequent declaration, or the Engagement Letter, MTO shall cooperate with the fee committee appointed under the Fee Committee Order in the discharge of its duties and MTO has agreed to be bound by the terms of the Fee Committee Order.  MTO also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by MTO in this chapter 11 case.

6. MTO shall not charge a markup to the TCEH Debtors with respect to fee billed by contract attorneys who are hired by MTO to provide services to the TCEH Debtors and shall ensure any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  For the avoidance of doubt, MTO shall not share fees with existing or future contract attorneys who advise in the Debtors chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

7. Notwithstanding anything to the contrary in the Application or the Engagement Letter, MTO will not seek reimbursement of expenses for office supplies.

8. MTO shall provide ten business days' notice to the TCEH Debtors, the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness

4

standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. Notwithstanding anything to the contrary in the Application or the Engagement Letter, any termination of the engagement by MTO shall be in compliance with Rule 9010-2 of the Local Bankruptcy Rules, and any dispute resolution with respect to engagement shall be subject to the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, and the Local Bankruptcy Rules.

10. Absent further order of this Court, fees and expenses incurred by MTO shall be paid by the TCEH Debtors.

11. Andrea M. Weintraub may participate in MTO's representation of the TCEH Debtors without screening, and such participation shall not impact the determination that (a) MTO is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) MTO has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Rosen Declarations.

12. The TCEH Debtors and MTO are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

14. To the extent the Application, the Rosen Declaration, the Sawyer Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding any contrary provision in the Application or Engagement Letter, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
       Wilmington, Delaware

                                         The Honorable Christopher S. Sontchi
                                         United States Bankruptcy Judge