Ex. B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) RE D.I. No. 3037 |
| | ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROSKAUER
ROSE LLP AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY
FUTURE HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 19, 2014**

Upon the application (the "Application")[2] of debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") for the entry of an order (this "Order") authorizing EFH Corp., under the supervision of its disinterested directors, Donald L. Evans and Billie I. Williamson, to retain and employ Proskauer Rose LLP ("Proskauer") as its attorneys effective *nunc pro tunc* to Novrember 19, 2014, to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached to the Application as Exhibit B (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

"Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Jeff J. Marwil, a partner at Proskauer (the "Marwil Declaration"), ~~and the declaration of Donald L.~~the *Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to November 19, 2014* [D.I. 3128] (the "Supplemental Marwil Declaration"), the *Second Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to November 19, 2014* [D.I. ~~——~~3200] (the "Second Supplemental Marwil Declaration" and, collectively, with the Marwil Declaration and the Supplemental Marwil Declaration, the "Marwil Declarations") and the declaration of Donald L. Evans, Executive Chairman of the Board of Directors of EFH Corp. (the "Evans Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Application and in the Marwil ~~Declaration~~Declarations, that (a) Proskauer does not hold or represent an interest adverse to EFH Corp.'s estate and (b) Proskauer is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court

2

having found that the relief requested in the Application is in the best interests of EFH Corp.'s estate, its creditors, and other parties in interest; and the Court having found that EFH Corp. provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      EFH Corp. is authorized to retain and employ Proskauer as its attorneys *nunc pro tunc* to November 19, 2014 in accordance with the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of EFH Corp.'s chapter 11 case; *provided further, however*, that to the extent the Application, the Marwil ~~Declaration~~Declarations, the Evans Declaration, any later declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3.      Under the supervision of EFH Corp.'s disinterested directors, Donald L. Evans and Billie I. Williamson, Proskauer is authorized to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter.

4.    Absent further order of this Court, fees and expenses incurred by Proskauer shall be paid by EFH Corp.

4.5.    Proskauer shall use its reasonable efforts to avoid any duplication of services provided by any of EFH Corp.'s other retained professionals in EFH Corp.'s chapter 11 case.

5.6.    Proskauer shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFH Corp.'s chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court. Proskauer also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Proskauer in this chapter 11 case.

6.7.    Notwithstanding anything to the contrary in the Application, the Marwil DeclarationDeclarations, any subsequent declaration or the Engagement Letter, Proskauer shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. Proskauer has agreed to be bound by the terms of the Fee Committee Order.

46641427v146641427v2

7.8.    Notwithstanding anything to the contrary in the Application or the Engagement Letter, Proskauer will not seek reimbursement of expenses for office supplies.

8.9.    Proskauer shall provide ten business days' notice to EFH Corp., the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9.10.    Proskauer shall not charge a markup to EFH Corp. with respect to fees billed by contract attorneys who are hired by Proskauer to provide services to EFH Corp. and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Proskauer shall not share fees with existing or future contract attorneys who advise on the Debtors'EFH Corp.'s chapter 11 casescase or enter into fee sharing arrangements with any such contract attorneys.

10.11.  EFH Corp. and Proskauer are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.12.  Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

12.13.  To the extent the Application, the Marwil DeclarationDeclarations, the Evans Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

13. 14.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. 15.  Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: _____          _____
        Wilmington, Delaware                               The Honorable Christopher S. Sontchi
                                           United States Bankruptcy Judge

**<u>Exhibit 1</u>** (to Order)

[Engagement Letter]

 Proskauer Rose LLP    Three First National Plaza    70 West Madison, Suite 3800    Chicago, IL 60602-4342

November 19, 2014

**VIA ELECTRONIC MAIL**

The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Jeff J. Marwil
Member of the Firm
d 312.962.3540
f 312.962.3551
jmarwil@proskauer.com
www.proskauer.com

Re:      Engagement of Proskauer Rose LLP as Counsel

Dear Mr. Evans and Ms. Williamson:

Thank you for selecting Proskauer Rose LLP (the "Firm" or "we" or "our") to advise Energy Future Holdings Corp. (the "Company" or "you") for the engagement set forth and described in more detail herein. The Firm's policy at the outset of an engagement with a client is to outline in writing the nature of the engagement and the terms and conditions upon which the Firm will provide legal services and be paid for them.

1.      Nature and Scope of Engagement.  The Firm's engagement shall be limited to rendering professional services to EFH Corp.'s disinterested directors, Donald L. Evans and Billie I. Williamson, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached hereto as Exhibit A (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter. The Company acknowledges that the Firm is not the Company's general counsel, that this engagement does not involve representation of the Company in any matter, case or proceeding, other than as set forth herein, and that, other than as set forth herein, the Firm has not been retained to appear in any pending matter, case or proceeding, or to initiate any legal action on behalf of the Company.

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

46641427v146641427v2

**Proskauer≫**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 2

The Company has other legal counsel in the chapter 11 case and has or agrees that it will arrange for other legal counsel to advise and represent the Company with respect to ordinary business activities and nonbankruptcy litigation matters except to the extent that the Firm expressly agrees to undertake such activities or matters.

2.      <u>Compensation and Disbursements</u>:  Where feasible, we will utilize the resources available to the Firm to reduce the total cost of legal services in this matter.  Although Julie Allen, Mark Thomas and I will be the attorneys leading this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary.  Unless you request otherwise, all billings in this matter will be directed to Andrew M. Wright, Vice President and Deputy General Counsel (in care of the Company), and any questions or comments regarding billing practices or amounts should be directed to me.  Our fees are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person.  Our hourly rates are revised periodically, typically effective November 1, and we reserve the right to revise them from time to time during the course of our representation of the Company.  We submit monthly billing statements and all amounts thereunder not being disputed in good faith shall be due and payable in accordance with procedures approved by the Bankruptcy Court presiding over the Company's chapter 11 case.

Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them.  A description of our Disbursements and Charges Billing Policies is available upon request.  Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs.  Normally, disbursements and charges will be subject to reimbursement from the Company in the regular billing cycle.

3.      <u>Costs and Expenses</u>.  In addition to our fees, our bills will include allocable charges for costs and expenses reasonably incurred in performing our services, such as printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), telephone, facsimile or data transmissions, court costs and filing fees and other litigation support services, such as document scanning, coding and printing. Unless other arrangements are made, certain expenses (such as expert witnesses' fees and court reporters' charges) will be billed directly to you and will not be our responsibility.

4.      <u>Communications</u>.  To enable the Firm to render services effectively, the Company agrees to disclose all relevant facts and keep the Firm apprised of significant developments relating to this representation, to cooperate with our attorneys, and to be available to attend meetings and other conferences as necessary.  If you become dissatisfied with our charges or

Proskauer»

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 3

services we urge you to advise us immediately, since most problems of that nature can be
resolved in a prompt, good faith discussion. It is in the Company's best interest to preserve the
confidentiality of all communications with the Firm. However, the Company should also be
aware that, under applicable law, in the event a trustee or examiner is appointed in the
Company's chapter 11 case or a trustee is appointed in a superseding chapter 7 case, the trustee
or examiner may waive the attorney-client privilege as to otherwise privileged communications
between the Firm and the representatives of the Company.

     5.    <u>Client Documents</u>.  The Firm will maintain any necessary documents (including
any electronic copies) relating to this matter in our client files.  At the conclusion of our
representation of the Company (or earlier, if appropriate), it will be the Company's obligation to
identify those documents in the Firm's client files that the Company desires to have made
available to it.  These documents will be delivered to the Company within a reasonable time after
receipt of payment for outstanding fees and costs not being disputed in good faith and otherwise
subject to Bankruptcy Court allowance, subject to applicable rules of attorney conduct.  The
Firm will retain any remaining documents in our files for a certain period of time, after which the
Firm will destroy them in accordance with its record retention program then in effect.

     6.    <u>Conflicts Waiver/Affiliates</u>.  The Company acknowledges and agrees that it is a
separate entity from its affiliates for conflict of interest purposes and that, unless specifically
agreed, our representation of the Company does not give rise to an attorney-client relationship
for conflicts of interest purposes with any other affiliate of the Company.  Because of the nature
of our practice, we may concurrently represent one client in a particular matter and the adversary
of that client in an unrelated matter or more than one client in a bankruptcy or restructuring case
whose interests are not adverse to each other.  In the event a conflict of interest arises in the
future between you (including your subsidiaries) and the Firm's other clients, we shall notify you
of the conflict (unless providing such notification to you would be a violation of our ethical
duties to our other clients, in which case we shall provide such notification to you once providing
such notification will no longer violate our ethical duties to our other clients), and you agree to
waive any such conflict of interest or other objection that would preclude our representation of
another client (a) in other current or future matters substantially unrelated to this representation
so long as we have reasonably determined that our responsibilities to you and the other client
would not be adversely limited by the concurrent representations and that we can undertake each
representation without violating any applicable ethical rules or (b) in other Restructuring Matters
in which you or your subsidiaries may be a creditor or other party in interest of our other client.
However, other than as described in clause (b) of the preceding sentence, we may not represent
other entities or persons in litigation, arbitration, or other dispute resolution procedures directly
adverse to you.  As used herein, "Restructuring Matters" means matters: (a) arising in, arising
under, or relating to, the Bankruptcy Code (or analogous state or foreign statutes); (b) concerning
a financing, refinancing, recapitalization, restructuring, or out-of-court workout of equity or debt;
or (c) involving companies potentially in the zone of insolvency.

**Proskauer»**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 4

      7.    <u>Termination of Representation</u>.  The Company has the right at any time to terminate our services and representation upon written notice to us.  Such termination shall not, however, relieve the Company of the obligation to pay for all services already rendered, including work in progress and work remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the Company through the date of termination.

      The Firm reserves the right to withdraw from the Company's representation, if, among other things, the Company fails to honor the terms of this engagement letter, the Company fails to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to applicable rules of professional conduct.  In the event that the Firm terminates the engagement, the Firm will take such steps as are reasonably practicable to protect the Company's interests, and the Company agrees that it will take all steps necessary to free the Firm of any obligation to perform further, including the execution of any documents necessary to perfect the Firm's withdrawal and further that we will be entitled to be paid for all services rendered and costs or expenses paid or incurred on behalf of the Company through the date of withdrawal, subject to allowance by the Bankruptcy Court or under a confirmed plan.  If the Company so requests, the Firm will suggest to the Company possible successor counsel and provide successor counsel with whatever documents the Company has provided to the Firm.  If permission for withdrawal is required by a court, the Firm will promptly apply for such permission, and the Company agrees to engage successor counsel to represent it.  Termination of the representation shall not affect the validity of the waivers set forth in Section 5 hereof.

[Remainder of page blank]

4

**Proskauer** »

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 5

This letter sets forth the terms of engagement of Proskauer Rose LLP by the Company. Please indicate your acceptance of the terms of this agreement by signing this letter on the line below and returning it to me, at which time this letter agreement shall become effective.  If you have any comments or questions about this agreement or the terms of this engagement, please contact me as soon as possible.

Sincerely,

*/s/ Jeff J. Marwil*

Jeff J. Marwil

ACCEPTED AND AGREED to this
19th day of November, 2014

**ENERGY FUTURE HOLDINGS CORP.**

*/s/ Donald L. Evans*

By:  Donald L. Evans
Its:  Executive Chairman, Board of Directors

**Exhibit A** (to Engagement Letter)

[Resolutions]

# ENERGY FUTURE HOLDINGS CORP. ("EFH")
## BOARD OF DIRECTORS RESOLUTIONS
## DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a

**Proskauer»**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 2

Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they

**Proskauer≫**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 3

deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.