### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
|  | (Jointly Administered) |
| Debtors. |  |
|  | **Hearing Date: January 13, 2015 at 9:30a.m. ET** |
|  | **Objections Due: January 6, 2015 at 4:00p.m. ET** |

### APPLICATION FOR AN ORDER APPROVING THE RETENTION OF STEVENS & LEE, P.C. AS CO-COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO NOVEMBER 16, 2014

Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**") files this Application for the entry of an order under sections 327(e) and 1107(b) of the Bankruptcy Code, authorizing EFIH to employ and retain the law firm of Stevens & Lee, P.C. ("**S&L**") as special counsel to EFIH, effective *nunc pro tunc* to November 26, 2014. In support of this Application, the Debtors submit the Declaration of Joseph H. Huston, Jr., a shareholder at S&L (the "**Huston Declaration**"). A copy of the Huston Declaration is attached as **Exhibit E** and incorporated by reference. In further support of this Application, EFIH respectfully states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), EFIH consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Sections 327(e) and 1107(b) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules.

**RELIEF REQUESTED**

4.      By this Application, EFIH seeks entry of the Order substantially in the form attached as **Exhibit A**, approving the employment of S&L as independent co-counsel to EFIH, effective as of November 16, 2014, to advise and represent EFIH in connection with Conflict Matters (as defined below) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as the disinterested manager of EFIH (the "**Disinterested Manager**").

2

# BACKGROUND

## A.    General Background

5.      On April 29, 2014, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

6.      The Debtors continues to operate their business and manage their property as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.[2]

7.      On May 13, 2014, the Office of the United States Trustee, Region 3 formed and appointed the Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [D.I. 420.] On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. under section 1102(a)(1) of the Bankruptcy Code. [D.I. 2570.]

8.      On September 16, 2014, the Court approved the Stipulation and Agreed Order Regarding A Protocol For Certain Case Matters [D.I. 2051], which authorized the Disinterested Manager, among others, to retain separate advisors of his choosing to advise or otherwise represent EFIH if he determined it were necessary or prudent to do so with respect to the Debtors' filing of a plan or other document that seeks to resolve potential claims of Energy Future Competitive Holding Companies LLC or its subsidiaries against other Debtors, where he determines that a potential conflict has become an actual conflict under applicable law, or where

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

this Court determines that the retention of an independent advisor is appropriate. [D.I. 2051, § 4, at 3.]

9.    On November 3, 2014, this Court issued its ruling on the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; D.I. 2699.]

10.    On November 7, 2014, the Debtor's Board of Managers adopted resolutions, a copy of which is attached to this Application as **Exhibit C**, determining that Charles H. Cremens is a disinterested manager of EFIH and delegating to him authority to engage independent legal counsel and other advisors as he deems necessary to represent and advise EFIH on matters in which a conflict exists between EFIH and any other Debtor ("**Conflict Matters**").

11.    On December 9, 2014, EFIH's Board of Managers adopted supplemental resolutions, a copy of which is attached to this Application as **Exhibit D**, delegating to the Disinterested Manager the authority to review and act upon any Conflict Matter, to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH and its subsidiaries in connection therewith, with the advice of independent advisors or others with whom he determines to consult.

12.    Based on the foregoing, among other things, the Disinterested Manager determined it necessary and prudent to retain independent counsel with respect to Conflict Matters. On November 16, 2014, he chose Cravath, Swaine and Moore LLP ("**Cravath**") to

advise and represent EFIH in connection with Conflict Matters in EFIH's jointly administered chapter 11 case, reporting to and under his direction. Since that date, Cravath has been actively engaged in providing services to EFIH.[3] On November 26, EFIH and Cravath selected S&L to act as Delaware counsel and this Application seeks the firm's retention *nunc pro tunc* to that date

**B.    S&L's Qualifications**

13.    In accordance with Local Rule 9010-1, the Debtor has selected S&L to serve as its Delaware counsel and to perform all services necessary and desirable in this Case on behalf of EFIH.  EFIH selected S&L primarily because of S&L's substantial experience in bankruptcy cases, as well as most aspects of the law that have arisen in Delaware chapter 11 cases, and its ability to support Cravath efficiently.

14.    S&L has extensive experience with the Delaware bankruptcy practice and the Local Rules and is readily available to attend hearings and address issues, especially if the need is an immediate one.  Duplication of efforts among attorneys at Cravath and S&L will be minimized, and both firms will work closely together to ensure that unnecessary duplication is avoided.  Combining the resources of Cravath and S&L will foster the dual goals of efficient and effective representation before this Court and will work to the benefit of the estate and its creditors.  Accordingly, in order to maximize the value of EFIH's estate and because of S&L's recognized expertise in bankruptcy law, EFIH desires that S&L represent it.

15.    Previously, EFIH has also filed an application to retain Cravath as counsel to EFIH.  The scope of Cravath's retention is recited in ¶15 of its application, which is incorporated by reference here. S&L will serve to augment those services as Delaware counsel and to act as conflicts counsel should a conflict arise for Cravath.  EFIH believes that the employment of Cravath and S&L will best enable it to navigate through the Case.

---

[3] After its retention of Cravath, EFIH selected the firm of S&L as co-counsel to EFIH.

SL1 1342046v4 109285.00001

C.      **Services to be Provided by S&L**

16.     S&L is expected to render such legal services as EFIH or Cravath may request in connection with the prosecution of the Case and furthering the interests of EFIH's estate and its creditors, all within the scope of Cravath's retention. Stevens & Lee and Cravath will endeavor not to duplicate unnecessarily each other's efforts nor the efforts of any other professional retained by the Debtors in these chapter 11 cases.

D.      **Arrangement for Compensation and Reimbursement of S&L**

17.     There are no prepetition fees or costs related to the preparation for and filing of the Case that were incurred by S&L.

18.     EFIH understands that S&L intends to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Case in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, and any applicable orders of the Court.  Such applications will constitute a request for interim payment against S&L's reasonable fees and expenses to be determined at the conclusion of the Case.

19.     EFIH, subject to approval by this Court, proposes to pay S&L its customary hourly rates in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager as set forth in the Huston Affidavit.

20.     EFIH submits that such rates are reasonable and should be approved by the Court, subject to a determination of amounts to be paid to S&L upon application for allowance of compensation.  EFIH, subject to Court approval, also proposes to reimburse S&L for its actual

6

and necessary expenses incurred in representing EFIH.  S&L professionals will maintain detailed records of time spent and any actual and necessary expenses incurred in connection with the rendering of their services by category and nature of the services rendered.  S&L also reserves the right to seek fee enhancements or bonuses to the extent permitted under applicable law.

21.    The scope of S&L's retention is commensurate with Cravath's.  S&L's hourly rates are set at a level designed to fairly compensate it for the work of its attorneys and paraprofessionals, and to cover fixed and routine expenses.  Hourly rates vary with the expertise, experience and seniority of the individuals assigned and may be adjusted by S&L from time to time, but generally no more than once annually at the beginning of each calendar year.

22.    EFIH proposes to employ S&L upon the terms and conditions set forth herein. Other than as set forth above and in the Huston Affidavit, no arrangement is proposed between EFIH and S&L for compensation to be paid in the Case.

**E.    Compensation**

23.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any application orders of this Court, compensation will be payable to S&L on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by S&L. (for services constituting compensable professional services). Our rates for attorney time presently range from $225 to $1,000 per hour on the basis of the skill and seniority of each attorney.   These hourly rates are reviewed and adjusted periodically, generally no more frequently than annually at the beginning of each calendar year. The current rates and proposed rates for 2015 are detailed below:

|  | 2014 | 2015 |
|---|---|---|
| Attorney range: | $225 to $1,000 | $230 to $1,060. |
| Shareholders: | $430 to $1,000 | $400 to $1,060. |
| Of Counsel: | $445 to $650. | $410 to $700. |
| Associates: | $225 to $575 | $230 to $600. |
| Paralegals: | $220 to $260 | $240 to $270. |
| Legal assistants (for compensable professional services) | $160 | $165 |

24.     The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or paraprofessional involved. The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions. The charges for the attorneys who will render services to EFIH will be based upon actual time spent and upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.

25.     The hourly rates set forth above are consistent with the rates that S&L charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client. The rate structure provided by S&L is appropriate and not significantly different from (a) the rates that S&L charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work S&L will perform in these chapter 11 cases.[4]

---

[4] For example, like many of its peer law firms, S&L increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of

8

26.     It is S&L's policy to charge its clients in all areas of practice for all out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by S&L to outside logistics services, travel expenses, expenses for "working meals," computerized research, transcription costs, and unusual internal expenses such as secretarial overtime.  S&L will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to S&L's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court.  S&L believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

27.     Notwithstanding the foregoing and consistent with the Local Rules, S&L will charge no more than $0.10 per page for photocopying.  S&L does not charge for incoming facsimile transmissions.

28.     EFIH understands that any compensation and expenses paid to S&L must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals.

---

advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013. As set forth in the Order, S&L has agreed to provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases, and has agreed file such notice with the Court.

## BASIS FOR RELIEF REQUESTED

29.     Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, subject to court approval, to employ an attorney that is a disinterested person and does not hold or represent an interest adverse to the estate to represent or assist the debtor in possession in carrying out its duties in the case.

**A.     Retaining S&L as Co-Counsel to EFIH is in the Best Interests of the Debtor's Estate.**

30.     EFIH requires separate, independent counsel in this case. In light of actual and the potential for conflicts and intercompany issues, the Court has authorized independent counsel to be retained by certain of the Debtor entities, including EFIH, chosen by the Disinterested Manager. Precedent exists in this jurisdiction and others for the retention of counsel to an independent director of the debtors under section 327 of the Bankruptcy Code. *See e.g.*, *Global Capacity Holdco, LLC*, Case No. 10-12302 (PJW) (Bankr. D. Del. Aug. 24, 2010); *In re Dynegy Holdings, LLC*, Case No. 11-39111 (CGM) (Bankr. S.D.N.Y. May 17, 2012); *In re Cengage Learning, Inc.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. August 20, 2013); *In re Capsule International Holdings LLC*, Case No. 13-13281 (CSS) (Bankr. D. Del. May 2, 2014).  EFIH believes that S&L is well qualified to advise and represent it in its chapter 11 case and that it is necessary and in EFIH's best interest, as well as the best interest of the remaining Debtors, their estates and creditors, and all other parties-in-interest, for EFIH to retain S&L to support Cravath as independent counsel for Conflict Matters and determination of whether a matter constitutes a Conflict Matter.

**B.     S&L Is a Disinterested Person and Does Not Hold or Represent an Interest Adverse to EFIH.**

31.     Based on the Huston Declaration and to the best of EFIH's knowledge, information and belief, other than as set forth in the Huston Declaration, (a) S&L is not a

creditor, equity security holder, or insider of the Debtors, (b) none of S&L's shareholders, counsels, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors, and (c) S&L does not hold an interest materially adverse to EFIH or its estate or any class of its creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in EFIH or for any other reason and is therefore a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate, and is eligible to be employed under section 327(a).

32.    To the extent that issues arise that would cause EFIH to be adverse to any of S&L's clients such that it would not be appropriate for S&L to represent it with respect to such matters, the Disinterested Manager will request that EFIH's co-counsel Cravath, or special Delaware counsel as required, represent EFIH with respect to those matters.

## PRIVILEGE AND CONFIDENTIALITY MATTERS

33.    The EFIH Board resolutions adopted on December 9, 2014 (**Exhibit D**) provide for delegation to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all decisions, with respect to Conflict Matters and on whether any matter constitutes a Conflict Matter. They also grant to the Disinterested Manager the control of any attorney-client, work-product, or other privilege belonging to EFIH in connection with Cravath and other independent advisers or their work or privileged communications on Conflict Matters and on whether any matter constitutes a Conflict Matter.

34.    In addition, the resolutions direct officers, employees, advisors and agents of EFIH other than the independent advisors not to seek or have access to any such work or communications, and each member of the Board of Managers of EFIH has agreed to waive any right that the Manager might have under applicable corporate governance law to access, so that

SL1 1342046v4 109285.00001

the Disinterested Manager's and his independent advisors' work and communications are protected from disclosure to interested Managers.

35.    By this Application, EFIH also seeks this Court's approval of the resolutions and the Managers' agreements insofar as they relate to privilege and confidentiality as described above.

## NOTICE

36.    Notice of this Application will be provided to (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to each Official Committee of Unsecured Creditors; and (c) all parties who have filed requests for notice under Rule 2002 of the Bankruptcy Rules in these chapter 11 cases. EFIH submits that no other or further notice is necessary or required.

**WHEREFORE**, EFIH respectfully requests that this Court enter an Order substantially in the form attached as **Exhibit A**, approving the employment of S&L as independent co-counsel to EFIH, effective as of November 26, 2014, to advise and represent EFIH in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager and grant such other and further relief as the Court deems just or proper.

Dated: December 24, 2014

Respectfully submitted,

_____
Charles H. Cremens
Disinterested Manager
EFIH

SL1 1342046v4 109285.00001

**Exhibit A**

[Order]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:  January 13, 2015@9:30 am ET**<br>**Obj. Deadline: January 6, 2015 @ 4:00pm ET**<br>**Relates to D.I. 3139** |

**ORDER APPROVING THE EMPLOYMENT OF STEVENS &LEE, P.C. AS COUNSEL
TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER
SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE,
EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 26, 2014**

Upon the application (the "**Application**")[2] of debtor and debtor in possession Energy

Future Intermediate Holding Company LLC ("**EFIH**") for the entry of an order (this "**Order**")

under section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "**Local Bankruptcy Rules**") approving the employment Stevens &

Lee, P.C. ("**S&L**") as independent counsel to EFIH, effective *nunc pro tunc* to November 26,

2014, to advise and represent EFIH in accordance with the resolutions of the EFIH Board of

Managers attached to the Application as **Exhibit C** and **Exhibit D** (the "**Resolutions**") in

connection with Conflict Matters and in determining whether a matter constitutes a Conflict

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Application.

Matter, reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of EFIH (the "**Disinterested Manager**"), the Declaration of Joseph H. Huston, Jr., a Shareholder of S&L (the "**Huston Declaration**") and the Declaration of Charles H. Cremens (the "**Cremens Declaration**") filed with the Application, and the evidence and arguments adduced at the hearing on the Application, the Court finds:

(a)  the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334;

(b)  the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

(c)  venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

(d)  based on the representations made in the Application and in the Huston Declaration, (i) S&L does not hold or represent an interest adverse to EFIH's estate and (ii)  S&L is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code as a condition to approval of its employment;

(e)  the relief requested in the Application is in the best interests of EFIH's estate, its creditors, and other parties in interest;

(f)  EFIH provided adequate and appropriate notice of the Application under the circumstances, and no other or further notice is required;

(g)  there is good cause for the relief granted herein; and

(h)  any objections to the relief requested by the Application have been withdrawn or should be overruled.

Therefore, it is **ORDERED**:

1.       The Application is granted to the extent set forth in this Order.

2.  EFIH's employment of S&L as its attorneys *nunc pro tunc* to November 26, 2014 on the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as **Exhibit 1**, including the Resolutions, is approved. To the extent, if any, that the Engagement Letter, the Huston Declaration, the Cremens Declaration or any later document filed with the Court in connection with S&L's employment is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this Order shall govern, as determined by the Court.

3.  S&L shall use its reasonable efforts not to duplicate any services provided by Cravath or any of EFIH's other retained professionals in EFIH's chapter 11 case.

4.  S&L shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFIH's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the Stipulation and Order Appointing a Fee Committee [D.I. 1896], and shall cooperate with the fee committee appointed under that Stipulation and Order in the discharge of its duties. In connection with any employment or interim or final fee application S&L files in this chapter 11 case, S&L shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

SL1 1342046v4 109285.00001

5.      Absent further order of this Court, a) S&L may receive compensation for its services and reimbursement for expenses it incurs in this case solely from the EFIH estate; and b) S&L shall not use contact attorneys or independent contractor attorneys for this case..

6.      S&L shall not seek reimbursement of expenses for office supplies.

7.      S&L shall not share fees with any attorneys except to the extent permitted by section 504.

8.      S&L shall provide 10 business days' notice to EFIH, the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code.

9.      EFIH and S&L are authorized to take all actions necessary to effectuate the relief granted by this Order.

10.      Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfies the requirements of the Local Bankruptcy Rules.

11.      The terms and conditions of this Order are effective and enforceable immediately upon its entry.

12.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: January __, 2015
         Wilmington, Delaware          _____
                                       The Honorable Christopher S. Sontchi
                                       United States Bankruptcy Judge

4

**<u>Exhibit B</u>**

[Cremens Declaration]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF CHARLES H. CREMENS IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF STEVENS & LEE, P.C. AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO NOVEMBER 16, 2014**

I, Charles H. Cremens, declare under penalty of perjury as follows:

1.      I am the Disinterested Manager of Energy Future Intermediate Holding Company LLC ("**EFIH**"), located at 1601 Bryan Street, Dallas, TX 75201.

2.      I submit this Declaration in support of EFIH's *Application for Order Approving Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327 (e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 16, 2014* (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

**Disinterested Manager's Selection of Counsel**

3.      Based on this Court's finding of an actual conflict in connection with the motion to approve bid procedures for EFIH's subsidiary Oncor Electric Delivery Company LLC and in accordance with the Stipulation and Agreed Order Regarding a Protocol for Certain Case

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings set forth in the Application.

Matters, entered September 16, 2014 [D.I. 2051], which authorized me, as the EFIH disinterested manager, to choose independent counsel if I determined it became necessary or prudent to do so with respect to a plan or inter-debtor issues, I determined that is was necessary to employ independent counsel and other advisers. Upon making that determination, I consulted with EFIH's inside general counsel and others to obtain a list of law firms who were not already involved in these cases that have the requisite experience and expertise to provide representation and advice in a case as complex and contentious as these cases. From that list, I interviewed lawyers at three firms, including Cravath Swaine & Moore LLP ("**Cravath**").

4.     I selected Cravath because of its deep experience and expertise in restructuring and bankruptcy, mergers & acquisitions, corporate governance, tax, and litigation and based on discussions with other parties in interest in the case. I am advised that pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Cravath is required to associate with Delaware counsel. In addition, it is possible that a disabling conflict may arise for Cravath on a particular matter and thus we needed to be sure that we retained a Delaware law firm which could fulfill both roles as required. Therefore to that end, in consultation with Cravath, I have selected Stevens & Lee, P.C. ("**S&L**"). I am informed and believe that S&L is both well qualified and able to serve as Delaware counsel and, if required, given its strong corporate governance practice, to represent EFIH in connection with the "Independent Matters" as defined in the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, entered on September 16, 2014 [D.I. 2051], including with respect to matters identified in the *Notice* filed on November 7, 2014 [D.I. 2718], and other matters as may be identified and decided by me in

accordance with the resolutions of the EFIH Board of Directors attached to the Application as **Exhibit C** and **Exhibit D** (the "**Resolutions**"), in an efficient and timely manner.

5.      Since November 26, 2014, S&L has worked with Cravath and EFIH to learn about EFIH's business operations, financial challenges, divergent creditor constituencies and the numerous legal issues that have arisen and may arise in the context of EFIH's chapter 11 case as relevant to its role as Delaware counsel

**Compensation**

6.      S&L has informed EFIH that the rates it charges for this engagement are comparable to the rates it charges for non-bankruptcy engagements. Based on my general familiarity with the rates that major law firms such as S&L charge, I am comfortable that S&L's rates are comparable to the rates and terms of other comparably skilled counsel.

**Fee and Cost Supervision**

7.      EFIH and S&L expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's Fee Guidelines and the Fee Committee's procedures, recognizing that in the course of this complex chapter 11 case, there are likely to be unforeseeable events and demands that EFIH and S&L will need to address. EFIH further recognizes that it is its responsibility to monitor closely the billing practices of counsel to ensure the fees and expenses paid by the estate remain consistent with EFIH's expectations and the exigencies of EFIH's chapter 11 case. EFIH will review the invoices that S&L submits, and, together with Cravath, amend the budget and staffing plans periodically, as the case develops.

SL1 1342046v4 109285.00001

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is

true and correct according to the best of my knowledge, information and belief.

December 24, 2014                          By: _____
                                               Charles H. Cremens
                                               Disinterested Manager, Board of Managers,
                                               Energy Future Intermediate Holding
                                               Company LLC

4

**Exhibit C**

[November 7, 2014 Resolutions]

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")**
**BOARD OF MANAGERS RESOLUTIONS**
**NOVEMBER 7, 2014**

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries) (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the members of the Board have acknowledged that the material facts relating to the relationships or interests of other members of the Board with other affiliated or related companies and other material relationships have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or EFIH's governing documents, to the extent applicable;

WHEREAS, as described in the material presented and reviewed by the Board and based on the known facts and circumstances, Charles H. Cremens as the member of the Board who is disinterested (within the meaning of Section 144 of the DGCL or EFIH's governing documents, to the extent applicable) (the "Disinterested Manager");

WHEREAS, the members of the Board of Managers of EFIH (the "Board") have considered the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014, concerning, among other things, the ability of the Disinterested Manager to retain independent counsel and other advisors for EFIH under certain circumstances; and

WHEREAS, the members of the Board desire to delegate certain authority to the Disinterested Manager.

NOW, THEREFORE, BE IT,

RESOLVED that the Board hereby determines that Charles H. Cremens as a member of the Board is currently disinterested (within the meaning of Section 144 of the DGCL or EFIH's governing documents, to the extent applicable) with respect to the Conflict Matters (as defined below); and further

RESOLVED that the Board hereby delegates authority to the Disinterested Manager to engage independent legal counsel and such other advisors as he deems necessary to represent and advise EFIH, reporting to the Disinterested Manager, on matters pertaining to the Chapter 11 Case on which a conflict exists between EFIH and any other Debtor (the "Conflict Matters"); and further

RESOLVED that the Board hereby requests that the Disinterested Manager review Conflict Matters identified by the Disinterested Manager (and his advisors) and make such recommendations to the Board as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of independent legal counsel and other applicable advisors; and further

RESOLVED, that any officers of EFIH (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing.

1

**Exhibit D**

[December 9, 2014 Resolutions]

## ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")
## BOARD OF MANAGERS RESOLUTIONS
## DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Managers Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including EFIH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Managers of EFIH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Charles Cremens is the only current member of the Board that is disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFIH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and was designated the Disinterested Manager ("Disinterested Manager") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Manager to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Manager to seek and retain, at EFIH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Manager deems necessary to represent and advise EFIH, reporting to the Disinterested Manager, on the Conflict Matters;

WHEREAS, the Disinterested Manager interviewed and engaged certain Independent Advisors effective as of November 16, 2014 to represent and advise EFIH, and reporting solely to the Disinterested Manager, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 2.1(h) of the Second Amended and Restated Limited Liability Company Agreement of EFIH, the members of the Board desire to delegate to the Disinterested Manager certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFIH and EFIH's subsidiaries (other than Oncor Electric Delivery Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

1

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFIH's behalf, with respect to Conflict Matters as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Manager determines it is appropriate or necessary to consult, and to act on behalf of and bind EFIH in connection therewith, including taking action on EFIH's behalf, as the direct and indirect holder of the equity interests in its subsidiaries, causing its subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Manager with respect to Conflict Matters and the Disinterested Manager's determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Manager will update the Board at board meetings on the status of his or her (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Manager determines is appropriate and necessary to fulfill his or her duties and obligations as the Disinterested Manager, taking into account the confidentiality or privilege of the Disinterested Manager's work and the advice of the Independent Advisors; and further

RESOLVED that EFIH shall, as the direct and indirect holder of the equity interests in its subsidiaries direct and cause each of its subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFIH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Manager and the Independent Advisors all information as the Disinterested Manager or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Manager and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Manager in respect of a Conflict Matter on behalf of EFIH as directed by the Disinterested Manager; provided that the Disinterested Manager retains the right to implement any such decision on behalf of EFIH and its subsidiaries (other than the Excluded Subsidiaries) himself or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Manager; and further

RESOLVED that the Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to EFIH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager; and further

RESOLVED that the Disinterested Manager be, and hereby is, authorized to take all such further action, at EFIH's expense, as the Disinterested Manager shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Manager or the Authorized Persons, including the retention of Independent Advisors, in each case

only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

SL1 1342046v4 109285.00001

**Exhibit E**

[Huston Declaration]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

**DECLARATION OF JOSEPH H. HUSTON, JR. IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF STEVENS & LEE, P.C. AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 26, 2014**

I, Joseph H. Huston, Jr., declare under penalty of perjury as follows:

1.      I am a partner in the firm of Stevens & Lee, P.C. ("**S&L**"), with an office located at 1105 North Market Street, Suite 700, Wilmington, DE 19801, and have been duly admitted to practice law in the State of Delaware.

2.      I am authorized to submit this Declaration in support of the Application for Order Approving Employment of Stevens & Lee, P.C. as Delaware Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327 (e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014 (the "**Application**").[2]

3.      Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Application.

**Qualifications**

4.      S&L has extensive experience with the Delaware bankruptcy practice and the Local Rules and is readily available to attend hearings and address issues, especially if the need is an immediate one.  Duplication of efforts among attorneys at Cravath and S&L will be minimized, and both firms will work closely together to ensure that unnecessary duplication is avoided.  Combining the resources of Cravath and S&L will foster the dual goals of efficient and effective representation before this Court and will work to the benefit of the estate and its creditors.

5.      S&L has entered into an Engagement Agreement with EFIH, a copy of which is attached to this Declaration as **Exhibit 1**, to provide legal services to EFIH in accordance with the Resolutions adopted by EFIH's Board of Managers on November 7, 2014 and December 9, 2014, copies of which are attached to the Application as **Exhibit C** and **Exhibit D**. The Engagement Agreement describes the scope of services that S&L agrees to provide and S&L's compensation.

**Scope of Services to be Provided**

6.      The scope of Cravath's and S&L's retention is limited to advising EFIH on Conflict Matters and determining whether a matter constitutes a Conflict Matter and will not duplicate the efforts of Kirkland & Ellis, LLP ("**Kirkland**") or Richards, Layton & Finger, P.A. ("**RLF**"), whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged. Kirkland and RLF on the one hand, and Cravath and S&L on the other, will work to minimize duplication of their work, with Kirkland and RLF being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, and Cravath and S&L advising EFIH on Conflict Matters and determination of whether a matter constitutes a Conflict

2

Matter, each consistent with their respective engagements. In addition, in its capacity as counsel to EFIH, S&L will endeavor not to duplicate the efforts of any other professional retained by the Debtors in these chapter 11 cases, including its co-counsel Cravath.

**Compensation**

7.       Our rates for attorney time presently range from $225 to $1,000 per hour on the basis of the skill and seniority of each attorney.  Our current rate for legal assistants (for services constituting compensable professional services) is $160 and for paralegals is $200 to $260 per hour.  These hourly rates are reviewed and adjusted periodically, generally no more frequently than annually at the beginning of each calendar year. For 2015, those rates are currently set to increase to $230 to $1,060, $165, and $240 to $270 respectively.

8.       The hourly rates set forth above are consistent with the rates that S&L charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from (a) the rates that S&L charges for other similar types of representations or (b) the rates that other counsel of similar expertise and experience would charge to do work similar to the work S&L will perform in this chapter 11 case.

9.       S&L does not typically hire contract attorneys. If it should use any contract attorneys in this case, it will pass through to EFIH only the actual charge it pays for their services.

10.      It is S&L's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail,

and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by S&L to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. S&L will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to S&L's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. S&L believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. S&L does not charge clients for office supplies.

11.    Notwithstanding the foregoing and consistent with the Local Rules, S&L will charge no more than $0.10 per page for photocopying. S&L does not charge its clients for incoming facsimile transmissions or for office supplies and will not seek reimbursement for them in this case.

12.    S&L will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFIH's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the Stipulation and Order Appointing a Fee Committee [D.I. 1896], and will cooperate with the fee committee appointed under that Stipulation and Order in the discharge of its duties. In connection with any employment or interim or final fee application S&L files in this chapter 11 case, S&L will make

a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

13.    S&L does not share fees with any attorneys except to the extent permitted by section 504.

**Disinterestedness; Absence of Conflicts of Interest and Grounds for Disqualification**

14.    In the ordinary course of business, S&L requires its professionals, before accepting the representation of a new client or the representation of an existing client in a new matter, to perform a conflict check through the firm's database and to enter conflict information regarding new clients for new matters into that database. Thus, a review of the database should reveal any and all actual or potential conflicts of interest with respect to any given representation.

15.    At Cravath's request, Kirkland provided Cravath a list of potential parties in interest in EFIH's case, which includes EFIH's affiliates, significant creditors, equity interest holders, other known potential parties in interest in its chapter 11 case, employees of this Court and of the U.S. Trustee's Office for Region 3, and the Debtors' professionals that are known to be assisting the Debtors in these chapter 11 cases (collectively, the "**Parties in Interest**"). The list of Parties in Interest includes more than 1,000 entries.  Cravath, in turn, provided that list to S&L, and S&L has conducted an investigation (the "**Conflicts Check**") of its client records for purposes of compliance with Bankruptcy Rule 2014, although it truncated the list of interested parties to search only the "lead" affiliate; *e.g,* the search was only for "BlackRock" as opposed to each of the numerous entities listed with BlackRock in the name.  That search thus would have exposed any connection with any BlackRock entity. A copy of the list is attached.

5

16.     S&L has compared the Parties in Interest list with its list of current and former clients. S&L is not providing and will not provide any representation or advice to any of the entities listed on the Parties in Interest list, including any who are current clients, for any matter arising in or in connection with this chapter 11 case and has not provided any such services, except as described below:

<u>Relationships with Potentially Interested Parties</u>

| | |
|---|---|
| Alvaraz & Marsal | Current client; no active matter. |
| Charles Cremens | Affiliate/manager of the Company |
| AON Insurance Co. Inv. Trust, | Former Client; Affiliate of AON Hewitt Collective DIP Lender |
| Southern California Edison Company | Client; affiliate of So. Cal Edison Retirement Plan |
| Stichting Pensioenfonds DSM Nederlands | Client;  Delaware counsel in a Chapter 11 case |
| HCC | Former Client |
| Liberty Mutual Insurance Co. | Client |
| RSUI Insurance Co. | Former Client |
| Blackrock Entities | An affiliate is Former Client |
| Redwood Capital Management | An affiliate is Former Client |
| Performance Contracting, Inc. | Former Client |

Stevens & Lee enjoys referral and co-counsel relationships with a number of the professionals involved in the case.

17.     Rule 2014 requires disclosure of connections with "the debtor, creditors [and] any other party in interest." The Bankruptcy Code defines "creditor" as "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" or

6

whose claim is deemed to arise prepetition. EFIH's affiliates' creditors (or parties in interest) who are not themselves EFIH's creditors (or parties in interest) are not creditors (or parties in interest) in EFIH's chapter 11 case; they are creditors of EFIH's creditors (or parties in interest). Based on these provisions, S&L did not conduct an investigation of the approximately 20,000 other creditors and parties in interest in the related chapter 11 cases who are not parties in interest in EFIH's chapter 11 case.

18.    It is common for this firm to be engaged to represent more than one party in a significant bankruptcy case in Delaware.  At the commencement of this case, S&L was approached by the Electric Reliability Council of Texas ("**ERCOT**") to advise it in connection with the assumption of one or more of its agreements with one or more the Debtors.  S&L never received any confidential information and was never asked to provide substantive attention to any matter in this case, however.  In addition, ERCOT retained S&L as local counsel to provide substantive attention to an entirely separate bankruptcy case pending in the District of New Jersey, *In re North American Power Partners*.  That matter has concluded and we do not otherwise represent ERCOT.  We also understand that ERCOT is not a creditor of EFIH but believed that our connection should be disclosed out of an abundance of caution.

19.    S&L also acts as Delaware counsel to co-counsel for  a group of utility companies who appeared at the beginning of these cases to protect their rights under section 366 of the Bankruptcy Code, but those matters were concluded early in the process and it is our understanding that neither did nor do they affect the proceedings involving the Company.  In addition, we represent and appeared for the City of Dallas, Texas, which is a creditor of a nondebtor affiliate of the debtors solely for the purpose of monitoring these proceedings.  We do

7

not believe that either of these relationships constitutes a conflict or renders us "disinterested," but again believed that these connections should be disclosed out of an abundance of caution.

20.    S&L's practices encompass the representation of many investors, financial institutions and other entities, some of which may be or may become creditors or parties in interest, including potential acquirers of assets in EFIH's chapter 11 case. Furthermore, as part of its practice, S&L appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, both in adverse and non-adverse roles, some of which may represent the Debtors, creditors, or parties in interest, or themselves be creditors or parties in interest in these chapter 11 cases. It is not practicable for S&L to list all such representations, but I believe that none of them would prevent S&L from being a disinterested person, would involve the holding or representation of an interest adverse to the estate, or would create a conflict of interest with respect to this employment. S&L has not and will not represent any of these creditors, investors, potential acquirers, parties in interest, attorneys, financial advisors, accountants or any other entity in or in connection with these chapter 11 cases.

21.    Based on my review of the Parties in Interest List and the Conflict Check and on my own investigation, I believe that S&L does not have any conflicts of interest that would prevent or restrict it in representing EFIH under nonbankruptcy conflict rules.

22.    An S&L shareholder or I will also file appropriate supplemental disclosure(s) with the Court as necessary to the extent that additional information concerning any other Parties in Interest is developed.

23.    To the extent that issues arise that would cause EFIH to be adverse to any of Cravath's clients such that it would not be appropriate for Cravath to represent EFIH with

respect to such matters, the Disinterested Manager will request that S&L represent EFIH with respect to those matters; and the reverse is so, too.

24.    Based on the foregoing, I believe that S&L is a "disinterested person", as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the EFIH's estate, as required by section 328(a) of the Bankruptcy Code and that S&L's partners, associates and special attorneys do not hold or represent any interest adverse to EFIH or its estate, except as otherwise specified in this Declaration. Accordingly, I submit that S&L is not disqualified for employment by EFIH under section 327(a) of the Bankruptcy Code to advise and represent EFIH as independent counsel.

25.    In addition, to the best of my knowledge, information and belief, neither I, S&L, nor any partner, associate or special attorney of S&L, is a relative of, or has been so connected to, any judge of the United States Bankruptcy Court for the District of Delaware, the United States Trustee for the District of Delaware, or any employee of the United States Trustee for the District of Delaware. Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit employment of S&L as independent counsel.

**Response to U.S. Trustee Fee Guideline Questions**

26.    The following answer the questions in Section D.1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013:

    a.  S&L did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

    b.  None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

9

    c.   S&L has not previously represented EFIH.

    d.   EFIH has not approved S&L's budget and staffing plan. Because it was employed so recently and under urgent circumstances, S&L has not yet developed a budget or staffing plan. S&L intends to do so in accordance with the Stipulation and Order Appointing a Fee Committee [D.I. 1896] once its employment is approved.

    I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: December 24 2014                  */s/ Joseph H. Huston, Jr.*
                                       Joseph H. Huston, Jr.

10

**Exhibit 1** (to Huston Declaration)

[Engagement Letter]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : Case No. 14-10979 (CSS) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Hearing Date: January 13, 2015 at 9:30a.m. ET** |
| | : **Objections Due: January 6, 2015 at 4:00p.m. ET** |
| | : |

**NOTICE OF APPLICATION FOR AN ORDER APPROVING THE RETENTION OF STEVENS & LEE, P.C. AS CO-COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO NOVEMBER 16, 2014**

TO:    The parties on the attached Service List:

**PLEASE TAKE NOTICE** that on December 24, 2014, Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**"), filed its *Application for an Order Approving the Employment of Stevens & Lee, P.C. as Co-Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 16, 2014* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Application is scheduled for **January 13, 2015 at 9:30 a.m. (ET)** (the "**Hearing**") at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom #6, Wilmington, Delaware 19801 (the "**Bankruptcy Court**") before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge for the District of Delaware.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Application may be in writing filed and served upon the undersigned counsel on or before **December 30, 2014 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO THE APPLICATION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: December 24, 2014

Respectfully submitted,

*/s/ Joseph H. Huston, Jr.*

Joseph H. Huston, Jr. (No. 4035)
STEVENS & LEE, P.C.
1105 North Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 425-3310
Fax: (610) 371-7927
Email: jhh@stevenslee.com

and

Richard Levin
Cravath, Swaine and Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel: (212) 474-1978
Fax: (212) 474-3700
Email: rlevin@cravath.com

*Attorneys for Debtor Energy Future*
*Intermediate Holding Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

Joseph H. Huston, Jr., hereby certifies that on December 24, 2014, he caused true and correct copies of the foregoing *Application for an Order Approving the Employment of Stevens & Lee, P.C. as Co-Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 16, 2014* to be served electronically through the Court's CM/ECF system, and also through the Debtors' claims and noticing agent upon all parties requesting or otherwise entitled to notice.

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr.