# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : Case No. 14-10979 (CSS) |
| | : Jointly Administered |
| Debtors. | : |
| | : Re: Docket Nos. 2896 & 3204 |

## ORDER GRANTING IN PART MOTION OF ALLEN SHRODE FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

And now, upon consideration of the *Motion of Allen Shrode for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion");[2] and upon consideration of the Certification of Counsel filed in connection with the Motion and this order; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Motion was due and proper under the circumstances. No other or further notice need be provided.

D. Allen Shrode (the "Movant") has asserted a personal injury claim (the "Claim") against Luminant Energy Company LLC, Luminant Generation Company LLC, Luminant

---

[1] The last four digits of Energy Future Holding Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

Mining Company LLC, and Luminant Renewables Company LLC (collectively, the "Debtor Defendants") and Princess Three Corp., Princess Three Operating LLC, and R Construction Company (collectively, the "Non-Debtor Defendants") for damages and injuries allegedly sustained by the Movant prior to the filing of this bankruptcy, which Claim is the subject of the Plaintiff's Original Petition and Request for Disclosure in the 68th District Court of Dallas County, Texas under Case No. DC-14-04399; *Allen Shrode v. Luminant Energy Company LLC, et al.* (the "State Court Action").

E.      The Movant and the Debtor Defendants have exchanged informal discovery in connection with the State Court Action in an attempt to resolve the Motion and the Claim asserted against the Debtor Defendants.

F.      To enable the Movant to pursue discovery and his claims against the Non-Debtor Defendants in the State Court Action while the Movant and the Debtor Defendants continue their settlement discussions, the Debtor Defendants have agreed to modify the stay to the extent necessary solely: (i) to permit the Non-Debtor Defendants to answer or otherwise respond to the Petition filed in the State Court Action; (ii) to permit the Movant and the Non-Debtor Defendants to pursue discovery from one another; and (iii) to enable the Movant to otherwise pursue his claims against the Non-Debtor Defendants in the State Court Action.

G.      Good and sufficient cause exists for the modification of the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, as set forth herein.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted in part solely as set forth below.

2.      The automatic stay provisions of section 362(a) of the Bankruptcy Code shall remain in full force and effect with respect to the State Court Action for the Debtor Defendants

and their Debtor-affiliates.

3. The automatic stay provisions of section 362(a) of the Bankruptcy Code, to the extent applicable, are hereby modified solely: (i) to allow the Non-Debtor Defendants to answer or otherwise respond to the Petition filed in the State Court Action; (ii) to enable the Movant and the Non-Debtor Defendants to pursue discovery from one another (but not the Debtor Defendants or their Debtor-affiliates) in the State Court Action; and (iii) to enable the Movant to otherwise pursue his claims against the Non-Debtor Defendants (but not the Debtor Defendants or their Debtor-affiliates) in the State Court Action; it being understood that, in each case, such modifications will not require the involvement of, or any action by, the Debtor Defendants or their Debtor-affiliates.

4. The hearing on the remaining relief requested in the Motion shall be continued to the February 10, 2015 omnibus hearing, and may be adjourned to a later date upon further order of the Court or upon agreement of the Movant and the Debtor Defendants without further order of the Court.

5. This Order reserves all rights of the Debtor Defendants and their Debtor-affiliates to object to, or otherwise defend against, the remaining relief requested in the Motion not otherwise modified in this Order.

6. This Order is effective immediately upon approval by the Bankruptcy Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: January 9, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge