## EXHIBIT B

## Revised Proposed Order Blackline

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | [Re: D.I. [—]3126] |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP AS RESTRUCTURING ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. *NUNC PRO TUNC* TO NOVEMBER 20, 2014

Upon the application (the "**Application**") of the official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**") for entry of an order (this "**Order**") authorizing the EFH Committee to retain and employ AlixPartners, LLP ("**AlixPartners**") as its restructuring advisor in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), on the terms set forth in the Engagement Letter, effective *nunc pro tunc* to November 20, 2014; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Declaration of Alan D. Holtz in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Authorizing the Retention and Employment of AlixPartners, LLP as Restructuring Advisor to the Committee* Nunc Pro Tunc *to November 20, 2014* (the "**Holtz Declaration**"), attached as Exhibit C, and the *Declaration of Kenneth J. Malek in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI Inc. for an Order Authorizing the Retention and Employment of AlixPartners, LLP as Restructuring Advisor to the Committee* nunc pro tunc *to November 20, 2014* (the "**Malek Declaration**") attached as Exhibit D, to the Application; and this Court having determined that the proposed terms and conditions of AlixPartners' employment, as set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court being satisfied based on the representations made in the Application, the Holtz Declaration, and the Malek Declaration that (i) AlixPartners and Kenneth J. Malek are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (ii) AlixPartners and Kenneth J. Malek do not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (iii) AlixPartners and Kenneth J. Malek do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which AlixPartners and Kenneth J. Malek are employed, (iv) AlixPartners and Kenneth J. Malek have no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Holtz Declaration and the Malek Declaration and (v) the retention and employment of AlixPartners as restructuring advisor to the EFH Committee, effective *nunc pro tunc* to November 20, 2014, is

SC1:3760120.56

reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this

Court having found that proper and adequate notice of the Application and the relief requested

therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and

that, except as otherwise ordered herein, no other or further notice is necessary; and any

objections (if any) to the Application having been withdrawn or overruled on the merits; and

after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The terms of the Engagement Letter are approved in all respects except as

explicitly limited or modified herein.

3.      Paragraph 11 of the General Terms and Conditions annexed to the

Engagement Letter is hereby modified by deleting the entire paragraph except the first sentence.

~~3.~~   4.   In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Rule 2014-1, the EFH Committee is hereby authorized to

employ and retain AlixPartners as its restructuring advisor in the EFH Debtors' chapter 11 cases

effective as of November 20, 2014, upon the terms and conditions set forth in the Application

and the Holtz Declaration, and AlixPartners is authorized to perform the following services:

a.      Review and evaluate the Debtors' current financial condition,
business plans and cash and financial forecasts, and periodically
report to the EFH Committee regarding the same.

b.      Review the Debtors' cash management, tax sharing and
intercompany accounting systems, practices and procedures.

c.      Review and investigate: (i) related party transactions, including
those between the Debtors and non-Debtor subsidiaries and
affiliates (including, but not limited to, shared services expenses
and tax allocations) and (ii) selected other prepetition transactions.

d.      Identify and/or review potential preference payments, fraudulent

conveyances and other causes of action that the various Debtors' estates may hold against third parties, including each other.

e.    Analyze the Debtors' assets and claims, and assess potential recoveries to the various creditor constituencies under different scenarios, in coordination with the EFH Committee's investment banker.

f.    Support the EFH Committee's investment banker's evaluation of proposed asset sales, as required.

g.    Assist in the development and/or review of the Debtors' plan of reorganization and disclosure statement.

h.    Review and evaluate court motions filed or to be filed by the Debtors or any other parties-in-interest, as appropriate.

i.    Render expert testimony and litigation support services, including e-discovery services, as requested from time to time by the EFH Committee and its counsel, regarding any of the matters to which AlixPartners is providing services.

j.    Attend EFH Committee meetings and court hearings as may be required in the role of advisors to the EFH Committee.

k.    Perform further tasks as requested by Sullivan & Cromwell LLP ("**S&C**") and as agreed by AlixPartners, to assist S&C in advising the EFH Committee as its counsel.

l.    Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

4.  5.   AlixPartners shall use its reasonable efforts to avoid any duplication of services provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

5.  6.   AlixPartners shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.  AlixPartners' compensation for professional

4

services rendered and reimbursement of expenses incurred in connection with the representation of the EFH Committee in these chapter 11 cases shall be subject to the reasonableness standard provided in section 330 of the Bankruptcy Code.

6.   7.    AlixPartners is entitled to reimbursement for reasonable expenses incurred in connection with the performance of the services described above in paragraph 34, including, without limitation, fees and expenses associated with the electronic discovery services as set forth in the Engagement Letter, fees and expenses of Kenneth J. Malek (as described in the Malek Declaration), and any other independent contractors that have been approved by this Court, and the reasonable fees, disbursements and other charges of AlixPartners' counsel (which counsel shall not be required to be retained pursuant to section 328 of the Bankruptcy Code or otherwise), in each case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court, and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee; *provided*, *however*, that AlixPartners shall not seek reimbursement for any services provided by AlixPartners' counsel to the EFH Committee; *provided further*, that AlixPartners may only seek reimbursement for services performed by AlixPartners' counsel in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification; *provided further*, that AlixPartners shall submit the invoices of AlixPartners' counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

7.   8.    Notwithstanding anything in the Application to the contrary, AlixPartners will not use independent contractors or subcontractors, other than Kenneth J. Malek, to perform

5

the services in paragraph 3~~4~~ above without separate Court approval, as disclosed in the Holtz

Declaration.

~~8.~~  9.   The following indemnification provisions are approved:

a.  subject to the provisions of subparagraphs (b), (c), and (d) below, the EFH Debtors are authorized to indemnify, and shall indemnify, the AlixPartners Parties for any Claims (as defined in the Engagement Letter) arising out of or in connection with the services to be provided by AlixPartners as specified in the Application, but not for any Claim arising from, related to, or in connection with AlixPartners' postpetition performance of any other services other than those in connection with the engagement, unless such postpetition services and indemnification therefor are approved by this Court; and

b.  the EFH Debtors shall have no obligation to indemnify any of the AlixPartners Parties for any Claim that is either (i) judicially determined (the determination having become final) to have arisen primarily from such AlixPartners Party's bad faith, gross negligence or willful misconduct, (ii) for a contractual dispute in which the EFH Debtors allege the breach of AlixPartners' contractual obligations if this Court determines that such indemnification would not be permissible pursuant to *United Artists Theatre Co. v. Walton* (*In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) below, to be a Claim for which AlixPartners is not entitled to receive indemnity under the terms of the Application; and

c.  if, during the pendency of the EFH Debtors' chapter 11 cases, the indemnification provided in the Indemnification Provisions is held unenforceable with respect to any Claim by reason of the exclusions set forth in subparagraph (b) above, the Liability Cap (as defined in the Engagement Letter) shall not apply; and

d.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any AlixPartners Party believes that it is entitled to the payment of any amounts by the EFH Debtors on account of the EFH Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, such AlixPartners Party must

file an application in this Court, and the EFH Debtors may not pay any such amounts to such AlixPartners Party before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any of the AlixPartners Parties for indemnification, and not as a provision limiting the duration of the EFH Debtors' obligation to indemnify the AlixPartners Parties.

10.    Prior to any increases in the Fee Structure, AlixPartners shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9.—11.        Absent further order of this Court, fees and expenses incurred by AlixPartners and Kenneth J. Malek shall be paid by the EFH Debtors.

10.—12.        The EFH Committee and AlixPartners are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.—13.        To the extent the Application or the Holtz Declaration is inconsistent with this Order, the terms of this Order shall govern.

12.—14.        The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

13.—15.        The requirements set forth in Local Rule 2002-1(b) are satisfied.

14.—16.        This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2015
      Wilmington, Delaware

                                     _____
                                     Christopher S. Sontchi
                                     United States Bankruptcy Judge