## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No.14-10979 (CSS) (JOINTLY ADMINISTERED) |
| Debtors. | Hearing Date: January 13, 2015, 9:30 AM Objection Date: January 6, 2015, 4:00 PM |

**[REVISED PROPOSED] ORDER APPROVING THE EMPLOYMENT OF GOLDIN ASSOCIATES, LLC AS SPECIAL FINANCIAL ADVISOR TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTION 327(a) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO DECEMBER 11, 2014**

Upon the application (the "**Application**") of debtor and debtor in possession Energy Future Intermediate Holding Company LLC ("**EFIH**") for the entry of an order under section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**") approving the employment of Goldin Associates, LLC ("**Goldin**") as Special Financial Advisor to EFIH in connection with Conflict Matters (including the determination by EFIH's Disinterested Manager of whether any matter constitutes a "Conflict Matter"), effective *nunc pro tunc* as of December 11, 2014, to advise EFIH in accordance with the resolutions of the EFIH Board of Managers attached to the Application as **Exhibit C and Exhibit D** (the "**Resolutions**") in connection with financial issues relating to Conflict Matters and in determining

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as disinterested manager of EFIH (the "**Disinterested Manager**"), the Declaration of David W. Prager, a Managing Director of Goldin (the "**Prager Declaration**") and the Declaration of Charles H. Cremens (the "**Cremens Declaration**") filed with the Application, and the evidence and arguments adduced at the hearing on the Application, the Court finds:

    (a) the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334;

    (b) the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

    (c) venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

    (d) based on the representations made in the Application and in the Prager Declaration, (i) Goldin does not hold or represent an interest adverse to EFIH's estate and (ii) Goldin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code as a condition to approval of its employment;

    (e) the relief requested in the Application is in the best interests of EFIH's estate, its creditors, and other parties in interest;

    (f) EFIH provided adequate and appropriate notice of the Application under the circumstances, and no other or further notice is required;

    (g) there is good cause for the relief granted herein; and

    (h) any objections to the relief requested by the Application have been withdrawn or should be overruled.

2

Therefore, it is **ORDERED**:

1.     The Application is granted ~~except~~ to the extent provided in this Order.

2.     EFIH's employment of Goldin as Special Financial Advisor *nunc pro tunc* to December 11, 2014 on the terms and conditions set forth in the Application and the engagement letter between EFIH and Goldin, dated as of December 11, 2014 and attached as **Exhibit 1** to the Prager Declaration ("**Engagement Letter**") is approved.

3.     The terms and conditions of Goldin's retention, including the compensation set forth in the Engagement Letter, are reasonable and approved pursuant to section 328(a) of the Bankruptcy Code, and Goldin shall be entitled to such compensation unless, after the conclusion of Goldin's employment, the terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of this Order. None of the payments contemplated therein constitute a bonus or fee enhancement under applicable law.

4.     All of Goldin's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Goldin shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court including but not limited to the Order Establishing Procedures for Interim Compensation and reimbursement of Expenses for Professionals dated September 16, 2014 (D.I. 2066).

5.     In the event of a conversion of all or substantially all of these chapter 11 cases to a case under chapter 7, no ~~subsequent~~ Contingent Fee shall be payable.

3

6.      Absent further order of this Court, Goldin will seek compensation for its services and reimbursement for expenses it incurs in this case solely from the EFIH estate.

7.      Pursuant to the terms of the Engagement Letter, Goldin is entitled to reimbursement by the EFIH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Goldin's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee, *provided however*, that Goldin shall not seek reimbursement for any services provided by Goldin's counsel to the EFIH Debtors; *provided further*, that Goldin shall submit the invoices of Goldin's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

8.      Goldin shall use its reasonable efforts not to duplicate unnecessarily any services provided by any of EFIH's other retained professionals.

9.      Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Goldin's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Goldin's fees. Accordingly, nothing in this

4

Order or the record shall constitute a finding of fact or conclusion of law binding the U.S.

Trustee, on appeal or otherwise, with respect to the reasonableness of Goldin's fees.

10.    Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission

and approval of fee applications, in light of the services to be provided by Goldin and the

structure of Goldin's compensation pursuant to the Engagement Letter, Goldin and its

professionals shall be granted a limited waiver of the information-keeping requirements of

Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any

otherwise applicable orders or procedures of this Court in connection with the services to be

rendered pursuant to the Engagement Letter, such that Goldin shall be required only to maintain

time records (in summary format) of its services rendered for EFIH in half-hour increments.

11.    To the extent, if any, that the Engagement Letter, the Prager Declaration, the

Cremens Declaration or any later document filed with the Court in connection with the Goldin

retention is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this

Order shall govern, as determined by the Court.

12.    The indemnification provisions set forth in the Letter Agreement are hereby

approved, subject during the pendency of these cases to the following:

> (a) subject to the provisions of subparagraph (d), infra, the Debtors are authorized
> to indemnify, and to provide contribution and reimbursement to, and shall
> indemnify, and provide contribution and reimbursement to, the Indemnified
> Persons (as defined in the Letter Agreement) in accordance with the Letter
> Agreement for any claim arising from, related to, or in connection with the
> services provided for in the Letter Agreement; notwithstanding any provisions
> of the Letter Agreement to the contrary;

> (b) the Debtors shall have no obligation to indemnify Goldin or provide
> contribution or reimbursement to Goldin (i) for any claim or expense that is

judicially determined (the determination having become final) to have arisen from Goldin's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Goldin's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Goldin should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(c)  if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Goldin makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the contribution provisions in the Engagement Letter shall not apply; and,

(d)  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Goldin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, Goldin must file an application therefor in this Court, and the Debtors may not pay any such amounts to Goldin before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Goldin for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Goldin.

13.     EFIH and Goldin are authorized to take all actions necessary to effectuate the relief granted by this Order.

14.     Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfies the requirements of the Local Bankruptcy Rules.

15.     The terms and conditions of this Order are effective and enforceable

immediately upon its entry.

16.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

NYCorp 3510237v.3NYCorp 3510237v.4

Document comparison by Workshare Compare on Monday, January 12, 2015 11:15:32 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NYDMS/NYCorp/3510237/3 |
| Description | #3510237v3<NYCorp> - EFIH Goldin Employment Order |
| Document 2 ID | interwovenSite://NYDMS/NYCorp/3510237/4 |
| Description | #3510237v4<NYCorp> - EFIH Goldin Employment Order |
| Rendering set | Standard (Workshare) |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 1 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 4 |