**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) (Jointly Administered |
| Debtors. | Re: D.I. 3184 |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A) AND BANKRUPTCY RULES 2014(A) AND 2016(B) APPROVING THE EMPLOYMENT AND RETENTION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP *NUNC PRO TUNC* TO NOVEMBER 5, 2014, AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE COMMITTEE**

Upon the application [D.I. 3184] (the "Revised Application") of the Official Committee of Unsecured Creditors (the "EFH Committee") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., (collectively, the "EFH Debtors") by its Chair, Brown & Zhou, LLC, for entry of an order (this "Order") authorizing the EFH Committee to retain and employ Montgomery, McCracken, Walker & Rhoads LLP ("MMWR") as its Delaware bankruptcy counsel and conflicts counsel in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to November 5, 2014; it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the Brown Declaration, and the Ramsey Declaration; and this Court being satisfied based on the representations made in the Revised Application, the Brown Declaration and the Ramsey Declaration that (a) MMWR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) MMWR does not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (c) MMWR does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which MMWR is employed, (d) MMWR has no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Ramsey Declaration and (e) the retention and employment of MMWR as Delaware bankruptcy counsel and conflicts counsel to the EFH Committee, effective *nunc pro tunc* to November 5, 2014, is reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Revised Application having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Revised Application is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), the EFH Committee is hereby authorized to employ and retain MMWR as Delaware bankruptcy counsel and conflicts counsel in the EFH Debtors' chapter 11 cases, effective as of November 5, 2014, upon the terms and conditions set forth in the Application and Ramsey Declaration.

3. MMWR is authorized to perform the following services:

    (a) in conjunction with Sullivan & Cromwell ("S&C"), providing legal advice with respect to the powers and duties available to the EFH Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

    (b) assisting S&C in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

    (c) assisting S&C in preparing on behalf of the EFH Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

    (d) reviewing, analyzing and assisting S&C in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the EFH Committee;

    (e) consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' respective estates;

    (f) representing the EFH Committee in hearings and other judicial proceedings;

    (g) advising the EFH Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and

    (h) perform all other services assigned by the EFH Committee, in consultation with S&C, to MMWR as co-counsel to the EFH Committee, and to the extent the firm determines that such services fall outside of the scope of services historically or generally performed by MMWR as co-counsel in a bankruptcy proceeding, MMWR will file a supplemental application disclosing the additional services to be rendered.

4. MMWR shall use its reasonable efforts to avoid any duplication of services provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

5. MMWR shall not charge a markup with respect to fees billed by contract attorneys who may be hired by MMWR to provide services in these cases and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt,

MMWR shall not share fees with existing or future contract attorneys who advise on these cases or enter into fee sharing arrangements with such contract attorneys.

6. MMWR shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with MMWR's representation of the EFH Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), any case-specific fee protocols approved by this Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of this Court. MMWR also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with the Application and the interim and final fee applications to be filed by MMWR in these chapter 11 cases.

7. Notwithstanding anything to the contrary in the Application, the Brown Declaration, the Ramsey Declaration or any subsequent declaration, MMWR shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. MMWR has agreed to be bound by the terms of the Fee Committee Order.

8. If any potential conflict among the EFH Debtors becomes an actual conflict matter for S&C, or S&C or the EFH Committee otherwise determines that S&C can no longer

provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "Actual Conflict Matter"), MMWR will advise the EFH Committee as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict) or on any other Actual Conflict Matter for which MMWR is retained by the EFH Committee ("Conflicts Counsel").

9. Notwithstanding anything to the contrary in the Revised Application, MMWR will not seek reimbursement of expenses for office supplies.

10. Absent further order of this Court, fees and expenses incurred by MMWR shall be paid by the EFH Debtors.

11. The EFH Committee and MMWR are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. To the extent the Revised Application, the Brown Declaration or the Ramsey Declaration is inconsistent with the terms of this Order, the terms of this Order shall govern.

13. The requirements set forth in Local Rule 2002-1(b) are satisfied.

14. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Revised Application.

Dated: Wilmington, Delaware
\_\_\_\_1/12\_\_\_\_, 2015

*[signature]*
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge