**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS | : | Case No. 14-10979 (CSS) |
| CORP., *et al.*, | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: January 12, 2015, at 9:30 a.m.** |

**STATEMENT OF THE UNITED STATES TRUSTEE**
**CONCERNING APPLICATIONS OF ENERGY FUTURE INTERMEDIATE**
**HOLDINGS COMPANY LLC, ENERGY FUTURE COMPETITIVE HOLDINGS**
**COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY**
**LLC AND ENERGY FUTURE HOLDINGS CORP. TO RETAIN CONFLICTS**
**COUNSEL AND CONFLICTS FINANCIAL ADVISORS D.I. 3028, 3037, 3040, 3062, 3144**

In support of his Statement Concerning the Applications of Energy Future Intermediate

Holding Company LLC, Energy Future Competitive Holdings Company LLC and Texas

Competitive Electric Holdings Company LLC and Energy Future Holdings Corp. to Retain

Conflicts Counsel and Conflicts Financial Advisors, and to Retain Cravath, Swaine & Moore

LLP as Counsel to Energy Future Intermediate Holding Company LLC (D.I. 3028), to Retain

Proskauer Rose LLP as Counsel for Energy Future Holdings Corp. (D.I. 3037), to Retain Munger

Tolles & Olson LLP as Counsel to Energy Future Competitive Holdings Company LLC and

Texas Competitive Electric Holdings Company LLC (D.I. 3040), to Retain Greenhill & Co.,

LLC as Independent Financial Advisor to Energy Future Competitive Holdings Company LLC

and Texas Competitive Electric Holdings Company LLC (D.I. 3062), and to Retain Goldin &

Associates as Special Financial Advisor to Energy Future Intermediate Holding Company LLC

(D.I. 3144)[1], Andrew R. Vara, the Acting United States Trustee for Region 3, by and through

counsel, respectfully states as follows:

## I. JURISDICTION AND PROCEDURAL HISTORY

1.      The Court has jurisdiction to consider this Statement.

2.      Pursuant to Section 586 of title 28, U.S. Code, the U.S. Trustee is charged with

overseeing the administration of Chapter 11 cases filed in this District. Under Section 586 and

Section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad

responsibilities in Chapter 11 cases and the standing to rise and be heard on any issue in any case

or proceeding. 11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys., Inc. (In re*

*Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public

interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.      Pursuant to Section 307, the U. S. Trustee has standing to be heard with regard to

the Applications.

## II. INTRODUCTION

The U.S. Trustee does not object to EFIH, TCEH or EFH retaining Conflicts Counsel or

Conflicts Advisors. The U.S. Trustee is concerned, however, over the lack of specificity and

overly broad range of the proposed scope of conflict services as articulated in the supplemental

declarations of Conflicts Counsel.

Although the professionals filed supplemental declarations in response to usual and

customary discussions with counsel to the U.S. Trustee concerning the Applications, the

conflicts professionals have not adequately described the scope of the proposed conflict services

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized
terms included in the Retention Applications.

to make clear (or at least relatively clear) upon which conflict matters they will represent EFIH, TCEH and EFH. The scope of services as articulated by these professionals provides that they will handle not only conflict matters, but also "matters arising from or related to" conflict matters. Practically any service could potentially fall within the ambit of this proposed scope.

The professionals should be required to set forth the conflict matters on which they will be engaged at this time. To the extent that additional conflict matters arise, then they should be required to file a supplemental notice with the Court with an opportunity for the U.S. Trustee or other parties in interest to be heard. Establishing a reasonable procedure for identifying subsequent conflict matters: (i) will protect the Debtors from incurring fees and costs that are unwarranted, (ii) protect Conflicts Counsel and Conflicts Advisors from incurring fees for services that properly should have been provided by the Debtors' main bankruptcy counsel and advisors and (iii) protect the estate from being subjected to fees for duplicative services that will result in objections or costly litigation by the Debtors, the Fee Committee, the U.S. Trustee or other parties in interest. An approach that at the outset of these retentions more clearly sets forth the parameters of counsel and advisors will enhance the efficiency and administration and ensure a protection against the fees and costs of administration from escalating beyond what is reasonable for these cases.

### III. FACTS

*A.*    ***Background.***

4.    On April 29, 2014, the Debtors commenced these Chapter 11 cases.

5.    The Debtors are the largest generator, distributor, and retail electricity provider in Texas. *See* Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and

Co-Chief Restructuring Officer of Energy Future Holdings Corp., e*t al.*, in Support of First Day

Motions dated April 29, 2014 at ¶ 6. (D.I. 98).

**B.      *The Retention of Kirkland & Ellis as Debtors' Counsel.***

6.      On September 16, 2014, this Court entered the Order Authorizing the Retention

And Employment Of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in

Possession Effective Nunc Pro Tunc to the Petition Date. (D.I. 2052) (the "K&E Retention

Order").

**C.      *Specific Provisions of the K&E Retention Order Regarding Potential and Actual Conflicts.***

7.      In particular, with respect to the potential and actual conflicts, the K&E Retention

Order provides for the following:

a.   K&E is aware of certain potential claims by and among the Debtors, including alleged potential actions under chapter 5 of the Bankruptcy Code, tax-related claims, and other intercompany claims. K&E Retention Order at ¶ 5.

b.   If any potential conflict between or among the Debtors, whether or not resulting from intercompany or other claims, becomes an actual conflict or K&E otherwise determines that it can no longer provide advice to the Debtor(s) on a particular matter (either one, an "Actual Conflict Matter"), then K&E immediately shall file a notice of the Actual Conflict Matter, with a copy to the U.S. Trustee, and the applicable Debtor(s) will retain RLF or other conflicts counsel ("Conflicts Counsel") to advise the Debtor(s) in connection with the Actual Conflict Matter. K&E Retention Order at ¶ 6.

c.   K&E may not represent the applicable Debtor(s) in litigating or otherwise advising the applicable Debtor(s) with respect to the Actual Conflict Matter. K&E may confer with the Debtors, Conflicts Counsel, the Debtor(s)' other advisors, any other party, and advisors to such other parties in connection with K&E's continued representation of the Debtors in (i) negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter. K&E Retention Order at ¶ 7.

4

**D.**    ***The Bid Procedures Motion and the Recognition of Conflicts of Interest.***

8.      On September 19, 2014, the Debtors filed a Motion for Sale of Property Free and Clear of Liens under Section 363(f) and for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof (the "Bid Procedures Motion"). (D.I. 2087).

9.      After several days of trial, on November 3, 2014, this Court ruled in connection with the Bid Procedures Motion and, held, among other things, that ". . . regardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." November 3, 2014, Hearing Tr. 13:25, 14:1-3. In addition, this Court stated that ". . . the continued insistence by the debtors, Mr. Sawyer, and Mr. Cremens that these conflicts are only potential ignores reality." November 3, 2014, Hearing Tr. 14:5-8.

10.      On November 7, 2014, the Debtors filed a Notice in connection with paragraph 6 of the K&E Retention Order stating that (i) that each of (a) Energy Future Holdings Corporation ("EFH"), (b) Energy Future Intermediate Holdings Company LLC ("EFIH"), and (c) Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC (collectively, "TCEH") is in the process of retaining independent counsel to advise the applicable Debtor regarding actual conflict matters and is considering retention of  other advisors as determined to be necessary by the disinterested directors of the applicable entity, and (ii) that the disinterested directors of EFH, EFIH, and TCEH, respectively, will determine the scope of the independent counsel's role in consultation with such independent counsel, including advising the applicable Debtor regarding inter-Debtor claims where an actual conflict exists.

11.     On December 16, 2014, Applications to Retain (i) Cravath, Swaine & Moore LLP as Counsel to Energy Future Intermediate Holding Company LLC, (ii) Proskauer Rose LLP as Counsel to Energy Future Holdings Corp., and (iii) Munger Tolles & Olson LLP as Counsel to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC were filed (D.I. 3028, 3037 and 3040).

12.     On December 17, 2014, the Application to Retain Greenhill & Co., LLC as the Independent Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC was filed (D.I. 3062). On December 26, 2014, the Application to Retain Goldin & Associates as Special Financial Advisor to Energy Future Intermediate Holding Company LLC was filed (D.I. 3144).

13.     In the usual and customary course of U.S. Trustee counsels' duties since the filing of the Applications, each of the Debtors' counsel and the U.S. Trustee's counsel engaged in several discussions and conference calls. In that regard, each of the Debtors' lead conflicts counsel filed supplemental declarations in support of their Applications. In each of these supplemental declarations, counsel attempted to define the scope of their firm's representation and role in these cases.

14.     Specifically, each conflict counsel has inserted identical language in their supplemental declarations stating that their firms will " . . . provide advice and representation *arising from or related to* a Conflict Matter . . .". (Emphasis Added). See the First Supplemental Declaration of Richard Levin in Support of Application for Order Approving the Employment of Cravath, Swaine & Moore LLP at Paragraph 13; the Second Supplemental Declaration of Jeff J. Marwil In Support of the Application for Entry of an Order Authorizing the Retention of Proskauer Rose LLP at Paragraph 9; and the First Supplemental Declaration of Todd J. Rosen in

Support of Application for Entry of an Order Authorizing the Retention of Munger, Tolles &

Olson LLP at Paragraph 13.[2]

### III. STATEMENT AND RESPONSE

As outlined above, the U.S. Trustee does not object to EFIH, TCEH or EFH retaining

Conflicts Counsel or Conflicts Advisors. The U.S. Trustee is concerned, however, over the lack

of specificity and overly broad range of the proposed scope of conflict services as articulated in

the supplemental declarations of Conflicts Counsel. Although the professionals filed

supplemental declarations in response to usual and customary discussions with counsel to the

U.S. Trustee concerning the Applications, the conflicts professionals have not adequately

described the scope of the proposed conflict services to make clear (or at least relatively clear)

upon which conflict matters they will represent EFIH, TCEH and EFH. The scope of services as

articulated by these professionals provides that they will handle not only conflict matters, but

also "matters arising from or related to" conflict matters. Practically any service could potentially

fall within the ambit of this proposed scope. The professionals should be required to set forth the

conflict matters on which they will be engaged at this time and to the extent that additional

---

[2] Likewise, pursuant to the Greenhill Application, Greenhill will provide financial advisory services to the TCEH Debtors in connection with Conflict Matters, including the determination of whether any matter constitutes a Conflict Matter. In carrying out its retention, Greenhill will report to and take direction solely from the TCEH Debtors' Disinterested Manager. See the Declaration of Bradley A. Robins in Support of Application for Entry of an Order Authorizing the Retention and Employment of Greenhill & Co., LLC as Independent Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC at paragraph 7. Goldin's services to be performed for EFIH are those listed in the application but only to the extent that such services are within the scope of the Conflict Matters which are those services related to the Conflict Matters as defined by the EFIH Board of Managers resolutions adopted November 7, 2014 and supplemented by resolutions adopted December 9, 2014, or the responsibilities of the Independent Manger as contemplated by such resolutions. See the Declaration of David W. Prager in Support of Application for Order Approving the Employment of Goldin Associates, LLC as Special Financial Advisor to Energy Future Intermediate Holding Company LLC at paragraph 9 and the accompanying Goldin December 11, 2014 Engagement Letter at p. 2.

conflict matters arise, then they should be required to file a supplemental notice with the Court with an opportunity for the U.S. Trustee or other parties in interest to be heard. Establishing a reasonable procedure for identifying subsequent conflict matters: (i) will protect the Debtors from incurring fees and costs that are unwarranted, (ii) protect Conflicts Counsel and Conflicts Advisors from incurring fees for services that properly should have been provided by the Debtors' main bankruptcy counsel and advisors and (iii) protect the estate from being subjected to fees for duplicative services that will result in objections or costly litigation by the Debtors, the Fee Committee, the U.S. Trustee or other parties in interest. An approach that at the outset of these retentions more clearly sets forth the parameters of counsel and advisors will enhance the efficiency and administration and ensure a protection against the fees and costs of administration from escalating beyond what is reasonable for these cases.

**THIS SPACE LEFT BLANK INTENTIONALLY**

WHEREFORE, the U.S. Trustee reserves and any all rights found at law, equity or otherwise and that this Court grant such other and further relief as this Court deems just and appropriate consistent with this Statement.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**REGION 3**

By: */s/Richard L. Schepacarter*
      Richard L. Schepacarter
      Andrea B. Schwartz
      Trial Attorneys
      U.S. Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 N. King Street, Suite 2207, Lockbox 35
      Wilmington, DE 19801
      (302) 573-6491 (Telephone)
Dated: January 12, 2015      (302) 573-6497 (Fax)