## Exhibit D

## January 11 EFH Corp. Disinterested Directors Minutes

RLF1 11370016v.1

# MINUTES OF A MEETING OF THE
# DISINTERESTED DIRECTORS
# OF ENERGY FUTURE HOLDINGS CORP.

### JANUARY 11, 2015

A meeting of the Disinterested Directors of the Board of Directors (the "Board") of Energy Future Holdings Corp., a Texas corporation (the "Company"), was held on January 11, 2015, at 9:00 a.m. (Eastern).

**Disinterested Directors Present:**

>Donald L. Evans
>Billie I. Williamson

**Others Present:**

>Julie M. Allen, Esq., Proskauer Rose LLP
>Jeff J. Marwil, Esq., Proskauer Rose LLP
>Mark K. Thomas, Esq., Proskauer Rose LLP
>Neil Luria, SOLIC Capital
>Raoul Nowitz, SOLIC Capital

Ms. Allen acted as Secretary of the meeting. Ms. Allen noted that the purpose of the meeting was to consider the revised transaction bidding procedures (the " Revised Bidding Procedures") pursuant to which the debtors in their chapter 11 proceedings would be authorized to solicit proposals to acquire, in any form and employing any structure, whether taxable (in whole or in part) or tax-free, any or all of the assets, or the reorganized equity, of the Company or one or more of its direct or indirect subsidiaries, including Energy Future Intermediate Holding Company LLC ("EFIH"), and not including Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH") and its direct and indirect subsidiaries (collectively, the "TCEH Entities"), to be sold or issued (as applicable) in accordance with title 11 of the United States Code (the "Bankruptcy Code"). A copy of the Revised Bidding Procedures had been previously circulated to the

Disinterested Directors and is attached hereto as Annex A.

Ms. Allen then directed the Disinterested Directors' attention to the materials prepared by SOLIC Capital, a copy of which had been previously circulated to the Disinterested Directors. Ms. Allen asked Messrs. Luria and Nowitz to discuss their review and analysis of the Revised Bidding Procedures. Messrs. Luria and Nowitz summarized the scope of their work and review. They communicated their conclusions to the Disinterested Directors that (i) the Revised Bidding Procedures are reasonable as they (A) are designed to focus on obtaining the highest and best offer, (B) allow for optionality and flexibility throughout the transaction process, including potential bids from both outside third parties and existing creditor constituencies, (C) provide transparency and consultation rights to certain key constituents of the debtors; (D) advance the process and development of plan structure; and (E) acknowledge the need to accommodate key timing elements, such as regulatory approval; (ii) current capital and financing market conditions are attractive to marketing EFIH's interest in Oncor in the near term; and (iii) recent indicative bids received from unaffiliated third parties demonstrate market interest in Oncor.

Messrs. Marwil and Thomas then summarized the November 3, 2014 ruling of Judge Sontchi in which he conditionally approved the debtors' bidding procedures motion. In particular, they noted that Judge Sontchi stated, among other things, that the key issue before the court was whether the court should endorse the debtors' business judgment that this is the right time and manner in which to market the Oncor business and, in that regard, stated that (i) it is the debtors' burden to establish that the bidding procedures motion was a reasonable exercise of the debtors' business judgment, (ii) there can be no question that determining the value of the Oncor business would be helpful in moving this case forward…and that the most accurate way to determine the value is to offer an asset for sale and (iii) at the EFH Corp. level, the directors in all likelihood have satisfied their fiduciary duty of care.

Judge Sontchi found that "the debtors have satisfied the business judgment standard under Section 363(b) and [granted] the bidding procedures motion subject to several significant and important conditions." Among those conditions was the formal approval by the full Board of the Revised Bidding Procedures.

After discussion, the following resolutions were unanimously adopted by the Disinterested Directors:

WHEREAS, on December 5, 2014, at a meeting of the Board, the debtors' advisors (Kirkland & Ellis and Evercore) and the Co-Chief Restructuring Officers made a presentation to the Board regarding the transaction process;

WHEREAS, the Disinterested Directors have met with their independent legal advisors, Proskauer Rose LLP ("Proskauer"), on December 3, 12 and 19, 2014, and January 8, 2015 to discuss, among other things, the meetings and conference calls held by Proskauer since its engagement by the Disinterested Directors, at which, among other things, the Revised Bidding Procedures were discussed. Such meetings and conference calls were held with (i) Kirkland & Ellis, (ii) Evercore, (iii) representatives of the Company's equity sponsors, (iv) representatives of the Company's and EFIH's creditors and (v) the independent advisors to the disinterested managers of EFIH, EFCH and TCEH;

WHEREAS, on January 10, 2015, at a meeting of the Board, the debtors' advisors (Kirkland & Ellis and Evercore) and the Co-Chief Restructuring Officers made a presentation to the Board regarding matters relating to the Revised Bidding Procedures; and

WHEREAS, the Disinterested Directors have consulted with Proskauer and SOLIC Capital regarding the Revised Bidding Procedures;

NOW, THEREFORE, BE IT RESOLVED, that the Disinterested Directors do hereby find that the Revised Bidding Procedures reflect the right time and manner to market the Oncor

business;

FURTHER RESOLVED, that the Disinterested Directors do hereby find that the Revised Bidding Procedures are fair, reasonable and appropriate under the circumstances and are designed to maximize the value received for the transaction for the Company;

FURTHER RESOLVED, that the Disinterested Directors do hereby approve the Revised Bidding Procedures, with such immaterial and non-substantive changes made hereafter to reflect comments received from other constituents as counsel to the Disinterested Directors may approve ; and

FURTHER RESOLVED, that the Disinterested Directors do hereby recommend that the Board approve the Revised Bidding Procedures, with such immaterial and non-substantive changes made hereafter to reflect comments received from other constituents as counsel to the Disinterested Directors may approve.

There being no further business to come before the meeting, the meeting was adjourned at approximately 10:45 a.m. (Eastern).

*Julie M. Allen*

Julie M. Allen, Secretary of the Meeting