**Exhibit E**

**January 11 EFIH Disinterested Manager Minutes**

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC (the "Company")**
**MINUTES OF THE MEETING OF THE INDEPENDENT MANAGER OF THE BOARD OF MANAGERS**

---

| | |
|---|---|
| **Date:** | January 11, 2015, at 11:00 a.m. ET |
| **Location:** | Teleconference |
| **Manager:** | Charles H. Cremens |
| **Advisors:** | Richard Levin *(Cravath)*     Philip A. Gelston *(Cravath)*     Harrison J. Goldin *(Goldin Associates LLC)* |
| | David W. Prager *(Goldin Associates LLC)*     Karthik Bhavaraju *(Goldin Associates LLC)* |

Mr. Charles H. Cremens the sole independent manager of the Board of Managers of the Company was in attendance. Richard Levin acted as secretary. Participants referred to the applicable materials provided in advance of and distributed at the meeting.

Mr. Levin explained that this meeting arose from the Bankruptcy Court's oral ruling of November 3, 2014 for the purpose of reviewing the proposed procedures to market the Company's interest in Oncor Electric Delivery Company LLC ("Oncor").

Mr. Cremens invited representatives of Goldin Associates LLC ("Goldin") to review with the Board the materials they had prepared for the meeting. Representatives of Goldin explained that, with Mr. Cremens' consent and to prevent unnecessary duplication, Goldin had based its work on analyses and presentations prepared by Evercore Group L.L.C. ("Evercore"), financial advisor to the Company and its affiliates in their chapter 11 cases, for the entire Board of Managers of the Company, rather than conducting a "clean sheet" analysis of the advisability of seeking bids for Oncor. Representatives of Goldin confirmed that Goldin had performed sufficient work for it to express an independent view on the principal conclusions of the Evercore analyses, including that the current market conditions are favorable for a sale of Oncor, the multiple preliminary indications of interest already received appear attractive and the proposed bidding procedures are reasonable.

Representatives of Goldin advised Mr. Cremens that Goldin's independent view is that Evercore's analyses are sound and that it concurred with Evercore's conclusion that market conditions for a sale of Oncor are favorable and the preliminary indications of interest are attractive.

Representatives of Goldin then made a presentation setting forth in greater detail the work Goldin had done and the reasons it had reached its independent view. That presentation included a discussion with Mr. Cremens and Goldin's representatives' answers to numerous questions from Mr. Cremens.

Representatives of Cravath, Swaine & Moore LLP ("Cravath") and Goldin reviewed the proposed bidding procedures with Mr. Cremens, and Cravath provided Mr. Cremens with legal advice on issues raised in connection with such bidding procedures. Representatives of Goldin then advised Mr. Cremens that, based on their professional experience, the proposed bidding procedures set forth a reasonable process for attracting the highest and best bids for the Company's interest in Oncor. Mr. Cremens asked numerous questions of the representatives of Cravath and Goldin in connection with the proposed bidding procedures, including whether proceeding with the proposed bidding procedures would preclude alternative processes or proposals and whether any such alternative processes or proposals should be implemented in lieu thereof.

Representatives of Cravath then reviewed with Mr. Cremens the input received from various creditor constituencies, including representatives of holders of the Company's unsecured debt and representatives of the EFH/EFIH Official Committee of Unsecured Creditors on the issues being considered at the meeting.

Representatives of Cravath then reviewed the legal standards applicable to Mr. Cremens' decision, including reviewing with Mr. Cremens his fiduciary duties. Representatives of Cravath also drew Mr. Cremens' attention to information and materials previously provided to the Board of Managers on January 10, 2015, including a presentation by Evercore and by Kirkland & Ellis LLP, restructuring counsel to the Company and its affiliates, for his consideration in making his decision, in addition to the presentation received from the representatives of Goldin.

The representatives of Cravath then asked Mr. Cremens to confirm that he had received and reviewed a copy of the draft resolutions relating to the meeting, and Mr. Cremens so confirmed. The representatives of Cravath then discussed the draft resolutions with Mr. Cremens. Following careful consideration and discussion with his advisors, Mr. Cremens determined that marketing the Company's interest in Oncor utilizing the proposed bidding procedures was desirable and in the best interests of the Company, its creditors and other parties in interest.

Thereupon, Mr. Cremens, as the sole independent manager of the Board of Managers of the Company, adopted the following resolutions:

> WHEREAS, on April 29, 2014, Energy Future Intermediate Holding Company LLC (the "Company") and certain of its affiliates (collectively with the Company, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court");
>
> WHEREAS, Charles Cremens is a member of the board of managers of the Company who is disinterested within the meaning of Section 144 of the Delaware General Corporation Law or the Company's governing documents, to the extent applicable, with respect to matters on which there is an actual conflict of interest between the Company and another Debtor (such matters, "Conflicts Matters" and, such member, the "Disinterested Manager");
>
> WHEREAS, on September 19, 2014, the Debtors filed a motion (the "Motion") requesting the Court's approval of bidding procedures (the "Bidding Procedures") for marketing the Company's economic interests in Oncor Electric Delivery Company LLC (the "Marketing Process");
>
> WHEREAS, on November 3, 2014, the Court delivered an oral ruling conditionally approving the Motion (the "Ruling");
>
> WHEREAS, the Debtors, in consultation with Kirkland & Ellis LLP and Evercore Group L.L.C. (collectively, the "Primary Advisors") and Cravath, Swaine & Moore LLP and Goldin Associates, LLC, advisors to the Company (as directed by the Disinterested Manager) with respect to Conflicts Matters (collectively, the "Conflicts Matters Advisors"), have revised the Bidding Procedures and form of Court order approving the Bidding Procedures in a manner consistent with the Ruling (the revised Bidding Procedures and form of order together, as may be revised, modified, or supplemented from time to time consistent with these resolutions, the "Revised Order");
>
> WHEREAS, on January 10, 2015, there was a joint meeting (the "Joint Meeting") of the boards of directors and managers of the Company, Energy Future Holdings Corp., Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, TCEH Finance, Inc., and EFIH Finance Inc.;

WHEREAS, at the Joint Meeting, certain officers of the Company and the Primary Advisors presented written materials setting forth the business reasons to pursue the Marketing Process and seek entry of the Revised Order;

WHEREAS, the Disinterested Manager has reviewed the Revised Order, the certification of counsel by which the Revised Order will be submitted to the Court (the "Form of Notice"), written materials analyzing and summarizing the Marketing Process and Revised Order, and various other related documents; and

WHEREAS, the Disinterested Manager has consulted with the Company's management and the Conflicts Matters Advisors and fully considered the Marketing Process and the Revised Order.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Disinterested Manager, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to pursue and implement the Marketing Process;

RESOLVED, that in the judgment of the Disinterested Manager, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to file and cause the final effectiveness of the Revised Order;

RESOLVED, that any officers of the Company (collectively, acting alone or with one or more other officers of the Company, the "Authorized Officers") (or their respective designees or delegates) are hereby authorized, empowered, and directed to take any and all actions that they deem necessary or proper to carry out these resolutions;

RESOLVED, that the Authorized Officers (or their respective designees or delegates) are hereby authorized, empowered, and directed to modify the Marketing Process or revise the Revised Order or Form of Notice in a manner that they deem necessary or proper to carry out these resolutions and that is substantially consistent with these resolutions, whether before or after the Revised Order and Form of Notice are first filed with the Court and including by filing additional related documents with the Court;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that the Disinterested Manager has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, certificate, or

Case 14-10979-CSS    Doc 3274-5    Filed 01/13/15    Page 5 of 5

document has been specifically authorized in advance by resolution of the Disinterested Manager; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein.

There being no further business to come before the meeting, it was adjourned at 12:15 p.m. ET

_____
Richard Levin
Acting Secretary

NYCorp 3510502v.5

4