**Exhibit G**

**January 11 EFH Corp. Board Minutes**

# ENERGY FUTURE HOLDINGS CORP. ("EFH CORP.")
## MINUTES OF THE BOARD OF DIRECTORS MEETING

| | | | | |
|---|---|---|---|---|
| Date | January 11, 2015, at 5:30 p.m. | | | |
| Location | Teleconference originating at Energy Plaza, 1601 Bryan Street, Dallas, Texas | | | |
| Directors: | Donald L. Evans | Arcilia C. Acosta | David Bonderman | Thomas D. Ferguson |
| | Brandon A. Freiman | Scott Lebovitz | Michael MacDougall | Kenneth Pontarelli |
| | William K. Reilly | Jonathan D. Smidt | Billie I. Williamson | John F. Young |
| | Kneeland Youngblood | | | |
| Others: | James A. Burke | Michael L. Carter | Stacey H. Doré | Anthony R. Horton |
| | Carla A. Howard | Paul M. Keglevic | Carrie L. Kirby | Jeffrey J. Walker |
| | Andrew M. Wright | | | |
| Advisors: | Stephen E. Hessler *(K&E)* | Chad J. Husnick *(K&E)* | Todd F. Maynes *(K&E)* | Andrew R. McGaan *(K&E)* |
| | Amber Meek *(K&E)* | Edward O. Sassower *(K&E)* | Brian Schartz *(K&E)* | James Sprayregen *(K&E)* |
| | William Hiltz *(Evercore)* | Jeremy Matican *(Evercore)* | Sesh Raghavan *(Evercore)* | Bo Yi *(K&E)* |
| | David Ying *(Evercore)* | Jeff J. Marwil *(Proskauer)* | Mark K. Thomas *(Proskauer)* | Neil F. Luria *(SOLIC)* |
| | Raoul Nowitz *(SOLIC)* | | | |

A quorum was present. MacDougall joined later. Evans, Chairman, presided and Walker, Secretary, acted as secretary. Participants referred to the applicable materials provided in advance of the meeting.

The meeting was attended by professionals from Proskauer Rose LLP ("Proskauer") and SOLIC Capital Advisors LLC ("SOLIC"), legal counsel and financial advisor, respectively, on actual conflict matters for EFH Corp.

Evans called the meeting to order.

Evans asked if there were any comments on the minutes for the January 10, 2015 joint board meeting. Young reported that during the meeting of the Energy Future Intermediate Holding Company LLC ("EFIH") board of managers immediately before the EFH Corp. board of directors meeting, he had requested a statement be added to the minutes confirming that during the January 10, 2015 joint board meeting Hiltz of Evercore had recommended moving forward with the marketing of the economic interests in Oncor based on the information contained in his presentation. Young added that the EFIH board of managers had approved the minutes with this change, and recommended the EFH Corp. board of directors approve the minutes with this change as well. Hiltz acknowledged that this was, and remained, Evercore's recommendation. There were no further comments on the minutes.

Upon a motion duly made and seconded, the following resolutions were unanimously approved.

*Approval of Minutes*

   RESOLVED that the minutes of the January 10, 2015 meeting of the Board of Directors, with changes discussed during the January 11, 2015 meeting of the Board of Directors, are approved.

Marwil from Proskauer reported that Evans and Williamson, the disinterested directors of EFH Corp., met with professionals from Proskauer and SOLIC earlier in the day to review and discuss the revised bidding procedures, noting that this was the most recent of several meetings held to discuss the revised bidding procedures with Evans and Williamson during the recent weeks. He explained that at the meeting earlier in the day SOLIC made a detailed presentation to Evans and Williamson concerning the revised bidding procedures and that Evans and Williamson had discussed the revised bidding procedures extensively with the professionals from Proskauer and SOLIC. Marwil added that Evans and Williamson considered whether in light of the information provided to them by Proskauer and SOLIC and their independent evaluation of the same, they should approve the revised bidding procedures and recommend approval of the revised bidding procedures to the EFH Corp. board of directors. MacDougall joined the meeting. Marwil reported that following Evans' and Williamson's consideration of SOLIC's presentation and the ensuing discussion, that Evans and Williamson adopted resolutions approving the revised bidding procedures and recommending the revised bidding procedures be approved by the EFH Corp. board of directors. Luria of

SOLIC reported that the professionals from SOLIC had advised Evans and Williamson that they agreed with Evercore's conclusion that now is an appropriate time to proceed to market the economic interests in Oncor.

Evans then reported on the same meeting. He noted that Williamson and he had discussed the suitability of the revised bidding procedures during the meeting. He confirmed that SOLIC agreed with Evercore's conclusions presented at the joint board meeting on January 10, 2015. Evans then discussed the merits of a near-term sale of the economic interests in Oncor as compared to alternatives that would delay such a sale. He reported that the professionals from Proskauer and SOLIC agreed that the benefits of moving forward with such a sale now outweigh any disadvantages. Evans asked Williamson if she had anything to add, and she concurred with his remarks. Evans then reviewed previous meetings with Proskauer and SOLIC. He then noted that Williamson and he had passed resolutions recommending the EFH Corp. board of directors approve the revised bidding procedures. He then referred to the resolutions included in the materials distributed to board members.

*Approval of Revised Bidding Procedures*

Upon a motion duly made and seconded, the following resolutions were unanimously approved.

WHEREAS, on April 29, 2014, Energy Future Holdings Corp. (the "Company") and certain of its affiliates (collectively with the Company, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on September 19, 2014, the Debtors filed a motion (the "Motion") requesting the Court's approval of bidding procedures (the "Bidding Procedures") for marketing the Debtors' economic interests in Oncor Electric Delivery Company LLC (the "Marketing Process");

WHEREAS, on November 3, 2014, the Court delivered an oral ruling on the Motion (the "Ruling");

WHEREAS, the Debtors, in consultation with Kirkland & Ellis LLP and Evercore Group L.L.C. (collectively, the "Primary Advisors") and Proskauer Rose LLP and SOLIC Capital Advisors, advisors to the Company (as directed by the Disinterested Directors (as defined below)) with respect to matters on which there is an actual conflict of interest between the Company and another Debtor (such matters, "Conflicts Matters" and, such advisors collectively, the "Conflicts Matters Advisors"), have revised the Bidding Procedures (the "Revised Bidding Procedures") and form of Court order approving the Revised Bidding Procedures in a manner consistent with the Ruling (the Revised Bidding Procedures and form of order together, as may be revised, modified, or supplemented from time to time consistent with these resolutions, the "Revised Order");

WHEREAS, on January 10, 2015, there was a joint meeting (the "Joint Meeting") of the board of directors of the Company (the "Board of Directors") and the boards of directors and managers of Energy Future Intermediate Holding Company LLC, Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, TCEH Finance, Inc., and EFIH Finance Inc.;

WHEREAS, at the Joint Meeting, certain officers of the Company and the Primary Advisors presented written materials setting forth the business reasons to pursue the Marketing Process and seek entry of the Revised Order;

WHEREAS, on January 11, 2015, Donald Evans and Billie Williamson (the "Disinterested Directors") held a separate meeting (the "Disinterested Directors Meeting") with the Conflicts Matters Advisors in their capacity as directors of the Company that are disinterested with respect to Conflicts Matters, within the meaning of Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable;

WHEREAS, the Conflicts Matters Advisors have reported to the Board of Directors that at the Disinterested Directors Meeting the Conflicts Matters Advisors reviewed and discussed the Revised Bidding Procedures, the Marketing Process, and the Revised Order with the Disinterested Directors;

WHEREAS, the Disinterested Directors have reported to the Board of Directors that, following their review and discussion of the Revised Bidding Procedures for the Marketing Process and the Revised Order with the Conflicts Matters Advisors, they concluded that pursuing the Revised Bidding Procedures for the Marketing

Process and seeking entry of the Revised Order are desirable and in the best interests of the Company, its creditors, and other parties in interest of the Company and that, at the Disinterested Directors Meeting, the Disinterested Directors voted to pass resolutions authorizing the Company to pursue the Revised Bidding Procedures for the Marketing Process and seek entry of the Revised Order;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Directors with other Debtors and other material relationships contemplated by these resolutions have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable;

WHEREAS, the members of the Board of Directors, including the members of the Board of Directors that are disinterested with respect to the Marketing Process and Revised Order, within the meaning of Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable, have reviewed the Revised Order, written materials analyzing and summarizing the Marketing Process and Revised Order, and various other related documents;

WHEREAS, the Board of Directors has consulted with the Company's management and the Primary Advisors and fully considered the Marketing Process and the Revised Order; and

WHEREAS, the Disinterested Directors have consulted with the Conflicts Matters Advisors and fully considered the Marketing Process and the Revised Order.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to pursue and implement the Revised Bidding Procedures for the Marketing Process;

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to file and cause the final effectiveness of the Revised Order;

RESOLVED, that any officers of the Company (collectively, acting alone or with one or more other officers of the Company, the "Authorized Officers") (or their respective designees or delegates) are hereby authorized, empowered, and directed to take any and all actions that they deem necessary or proper to carry out these resolutions, and with respect to Conflicts Matters as directed by the Disinterested Directors;

RESOLVED, that the Authorized Officers (or their respective designees or delegates) are hereby authorized, empowered, and directed to modify the Marketing Process or revise the Revised Order in a manner that they deem necessary or proper to carry out these resolutions and that is substantially consistent with these resolutions, whether before or after the Revised Order is first filed with the Court and including by filing additional related documents with the Court, in each case consistent with the Ruling, the terms of the Revised Bidding Procedures approved by these resolutions, and, with respect to Conflicts Matters, as directed by the Disinterested Directors;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, and with respect to Conflicts Matters as directed by the Disinterested Directors;

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be

required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, certificate, or document has been specifically authorized in advance by resolution of the Board of Directors; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein, in each case with respect to Conflicts Matters as directed by the Disinterested Directors.

Hessler of Kirkland & Ellis LLP ("K&E") noted that earlier in the day, K&E had reached agreement on the revised bidding procedures and bidding procedures order with the Official Committee of Unsecured Creditors of EFH, EFIH, EFIH Finance, and EECI, Inc., debtors' counsel and conflicts matters counsel.

Sprayregen of K&E explained that the Texas Competitive Energy Holdings Company LLC ("TCEH") and Energy Future Competitive Holdings Company LLC ("EFCH") board meeting previously scheduled for January 11, 2015 had been rescheduled to the following day. He reported that the Official Committee of TCEH Unsecured Creditors ("TCEH Committee") would be meeting tomorrow morning to consider the revised bidding procedures and that Sawyer, the sole disinterested manager of TCEH and EFCH, had decided to wait to meet with Munger, Tolles & Olson LLC and Greenhill & Co., Inc., legal counsel and financial advisor, respectively, on actual conflict matters for TCEH and EFCH, until after the TCEH Committee's meeting. Discussion followed concerning whether the TCEH Committee would support the revised bidding procedures. Hessler said that it remained K&E's recommendation to move forward with the revised bidding procedures for the reasons set forth in the presentation made at the January 10, 2015 joint board meeting. Hiltz said Evercore agreed and recommended moving forward with revised bidding procedures at this time.

There being no further business to come before the meeting, it was adjourned at 5:55 p.m.

*Jeffrey J. Walker*
Secretary