**Exhibit I**

**January 12 EFCH/TCEH Board Minutes**

RLF1 11370016v.1

### TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
### ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")
#### MINUTES OF JOINT MEETING

| | | | | |
|---|---|---|---|---|
| **Date** | January 12, 2015, at 4:32 p.m. | | | |
| **Location** | Teleconference originating at Energy Plaza, 1601 Bryan Street, Dallas, Texas | | | |
| **TCEH:** | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Michael MacDougall | Jason Ridloff | Hugh E. Sawyer | Jonathan D. Smidt |
| **EFCH:** | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Michael MacDougall | Jason Ridloff | Hugh E. Sawyer | Jonathan D. Smidt |
| **Others:** | James A. Burke | Michael L. Carter | Cecily S. Gooch | Anthony R. Horton |
| | Carla A. Howard | M. A. McFarland | Jeffrey J. Walker | Andrew M. Wright |
| **Advisors:** | Andrew Calder *(K&E)* | Stephen E. Hessler *(K&E)* | Chad J. Husnick *(K&E)* | Marc Kieselstein *(K&E)* |
| | Todd F. Maynes *(K&E)* | Amber Meek *(K&E)* | Brian Schartz *(K&E)* | Steven Serajeddini *(K&E)* |
| | James Sprayregen *(K&E)* | Jeremy Matican *(Evercore)* | Bo Yi *(Evercore)* | David Ying *(Evercore)* |
| | Seth Goldman *(Munger)* | Thomas B. Walper *(Munger)* | Eric Mendelsohn *(Greenhill)* | Brad Robins *(Greenhill)* |
| | Stephanie Shideler *(Greenhill)* | | | |

A quorum was present. Acosta joined later. Young, Chairman, presided and Walker, Secretary of TCEH and EFCH, acted as secretary. Participants referred to the applicable materials provided in advance of the meeting.

The meeting was attended by professionals from Munger, Tolles & Olson LLP ("Munger") and Greenhill & Co., Inc. ("Greenhill"), legal counsel and financial advisor, respectively, on actual conflict matters for EFCH and TCEH.

Young called the meeting to order. He asked if there were any comments on the minutes from the joint board meeting held on January 10, 2015. There were none. Upon a motion duly made and seconded, the following resolutions for TCEH were unanimously approved.

*Approval of Minutes - TCEH*

   RESOLVED that the minutes of the January 10, 2015 meeting of the Board of Managers are approved.

Next, upon a motion duly made and seconded, the following resolutions for EFCH were unanimously approved.

*Approval of Minutes - EFCH*

   RESOLVED that the minutes of the January 10, 2015 meeting of the Board of Managers are approved.

Walper of Munger thanked the board for rescheduling its meeting that had been scheduled for the previous day to allow additional time for Munger and Greenhill to discuss the revised bidding procedures with the advisors to the Official Committee of TCEH Unsecured Creditors (the "TCEH Committee"). He reported that Sawyer had met with professionals from Munger and Greenhill concerning the revised bidding procedures. He explained that based on the presentations and recommendations of Munger and Greenhill, as well as those of Kirkland & Ellis LLP ("K&E") and Evercore, that Sawyer had voted to approve the revised bidding procedures and bidding procedures order. Young asked about changes to the revised bidding procedures that had been requested by the TCEH Committee. Hessler then reviewed the changes, noting that they were acceptable and immaterial. He added that Official Committee of Unsecured Creditors of EFH, EFIH, EFIH Finance, and EECI, Inc. and conflicts matters counsel had indicated that they were supportive of these changes. Acosta joined the meeting. Extensive discussion followed concerning the revised bidding procedures and the TCEH Committee. Board members asked questions about the same, and their questions were answered to their satisfaction.

Hessler of K&E then reaffirmed K&E's recommendation to approve the revised bidding procedures and bidding procedures order. He added that K&E's recommendation was based on the reasons set forth in the lengthy presentation provided to the TCEH and EFCH board members at the January 10, 2015 joint board meeting. He provided a brief recap of the reasons covered in that presentation. Ying of Evercore reaffirmed

Evercore's recommendation that now is an appropriate time to begin the sale of the economic interests in Oncor.

There being no further discussion, upon a motion duly made and seconded, the following resolutions were unanimously approved by the TCEH Board of Managers.

*Revised Bidding Procedures - TCEH*

WHEREAS, on April 29, 2014, Texas Competitive Electric Holdings Company LLC (the "Company") and certain of its affiliates (collectively with the Company, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on September 19, 2014, the Debtors filed a motion (the "Motion") requesting the Court's approval of bidding procedures (the "Bidding Procedures") for marketing the Debtors' economic interests in Oncor Electric Delivery Company LLC (the "Marketing Process");

WHEREAS, on November 3, 2014, the Court delivered an oral ruling on the Motion (the "Ruling");

WHEREAS, the Debtors, in consultation with Kirkland & Ellis LLP and Evercore Group L.L.C. (collectively, the "Primary Advisors") and Munger, Tolles & Olson LLP and Greenhill & Co. LLC, advisors to the Company (as directed by the Disinterested Manager (as defined below)) with respect to matters on which there is an actual conflict of interest between the Company or its subsidiaries, on the one hand, and another Debtor, on the other hand (such matters, "Conflicts Matters" and, such advisors collectively, the "Conflicts Matters Advisors"), have revised the Bidding Procedures (the "Revised Bidding Procedures") and form of Court order approving the Revised Bidding Procedures in a manner consistent with the Ruling (the Revised Bidding Procedures and form of order together, as may be revised, modified, or supplemented from time to time consistent with these resolutions, the "Revised Order");

WHEREAS, on January 10, 2015, there was a joint meeting (the "Joint Meeting") of the board of managers of the Company (the "Board of Managers") and the boards of managers and directors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, Energy Future Competitive Holdings Company LLC, TCEH Finance, Inc., and EFIH Finance Inc.;

WHEREAS, at the Joint Meeting, certain officers of the Company and the Primary Advisors presented written materials setting forth the business reasons to pursue the Marketing Process and seek entry of the Revised Order;

WHEREAS, on January 12, 2015, Hugh Sawyer (the "Disinterested Manager") held a separate meeting (the "Disinterested Manager Meeting") with the Conflicts Matters Advisors in his capacity as a manager of the Company that is disinterested with respect to Conflicts Matters, within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable;

WHEREAS, the Conflicts Matters Advisors have reported to the Board of Managers that at the Disinterested Manager Meeting the Conflicts Matters Advisors reviewed and discussed the Revised Bidding Procedures, the Marketing Process, and the Revised Order with the Disinterested Manager;

WHEREAS, the Disinterested Manager has reported to the Board of Managers that, following his review and discussion of the Revised Bidding Procedures for the Marketing Process and the Revised Order with the Conflicts Matters Advisors, he concluded that pursuing the Revised Bidding Procedures for the Marketing Process and seeking entry of the Revised Order are desirable and in the best interests of the Company and its subsidiaries, their respective creditors, and other parties in interest of the Company and its subsidiaries and that, at the Disinterested Manager Meeting, the Disinterested Manager voted to pass resolutions authorizing the Company to pursue the Revised Bidding Procedures for the Marketing Process and seek entry of the Revised Order;

WHEREAS, the members of the Board of Managers have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Managers with other Debtors and other material relationships contemplated by these resolutions have been disclosed to them or are otherwise

known to them, as contemplated by Section 144 of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, the members of the Board of Managers, including the members of the Board of Managers that are disinterested with respect to the Marketing Process and Revised Order, within the meaning of Section 144 of the DGCL or the Company's governing documents, to the extent applicable, have reviewed the Revised Order, written materials analyzing and summarizing the Marketing Process and Revised Order, and various other related documents;

WHEREAS, the Board of Managers has consulted with the Company's management and the Primary Advisors and fully considered the Marketing Process and the Revised Order; and

WHEREAS, the Disinterested Manager has consulted with the Conflicts Matters Advisors and fully considered the Marketing Process and the Revised Order.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to pursue and implement the Revised Bidding Procedures for the Marketing Process;

RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to file and cause the final effectiveness of the Revised Order;

RESOLVED, that any officers of the Company (collectively, acting alone or with one or more other officers of the Company, the "Authorized Officers") (or their respective designees or delegates) are hereby authorized, empowered, and directed to take any and all actions that they deem necessary or proper to carry out these resolutions, and with respect to Conflicts Matters as directed by the Disinterested Manager;

RESOLVED, that the Authorized Officers (or their respective designees or delegates) are hereby authorized, empowered, and directed to modify the Marketing Process or revise the Revised Order in a manner that they deem necessary or proper to carry out these resolutions and that is substantially consistent with these resolutions, whether before or after the Revised Order is first filed with the Court and including by filing additional related documents with the Court, in each case consistent with the Ruling, the terms of the Revised Bidding Procedures approved by these resolutions, and, with respect to Conflicts Matters, as directed by the Disinterested Manager;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, and with respect to Conflicts Matters as directed by the Disinterested Manager;

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, certificate, or document has been specifically authorized in advance by resolution of the Board of Managers; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein, in each case with respect to Conflicts Matters as directed by the Disinterested Manager.

Next, upon a motion duly made and seconded, the following resolutions were unanimously approved by the EFCH Board of Managers.

*Revised Bidding Procedures - EFCH*

WHEREAS, on April 29, 2014, Energy Future Competitive Holdings Company LLC (the "Company") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on September 19, 2014, the Debtors filed a motion (the "Motion") requesting the Court's approval of bidding procedures (the "Bidding Procedures") for marketing the Debtors' economic interests in Oncor Electric Delivery Company LLC (the "Marketing Process");

WHEREAS, on November 3, 2014, the Court delivered an oral ruling on the Motion (the "Ruling");

WHEREAS, the Debtors, in consultation with Kirkland & Ellis LLP and Evercore Group L.L.C. (collectively, the "Primary Advisors") and Munger, Tolles & Olson LLP and Greenhill & Co. LLC, advisors to the Company (as directed by the Disinterested Manager (as defined below)) with respect to matters on which there is an actual conflict of interest between the Company or its subsidiaries, on the one hand, and another Debtor, on the other hand (such matters, "Conflicts Matters" and, such advisors collectively, the "Conflicts Matters Advisors"), have revised the Bidding Procedures (the "Revised Bidding Procedures") and form of Court order approving the Revised Bidding Procedures in a manner consistent with the Ruling (the Revised Bidding Procedures and form of order together, as may be revised, modified, or supplemented from time to time consistent with these resolutions, the "Revised Order");

WHEREAS, on January 10, 2015, there was a joint meeting (the "Joint Meeting") of the board of managers of the Company (the "Board of Managers") and the boards of managers and directors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, Texas Competitive Electric Holdings Company LLC, TCEH Finance, Inc., and EFIH Finance Inc.;

WHEREAS, at the Joint Meeting, certain officers of the Company and the Primary Advisors presented written materials setting forth the business reasons to pursue the Marketing Process and seek entry of the Revised Order;

WHEREAS, on January 12, 2015, Hugh Sawyer (the "Disinterested Manager") held a separate meeting (the "Disinterested Manager Meeting") with the Conflicts Matters Advisors in his capacity as a manager of the Company that is disinterested with respect to Conflicts Matters, within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable;

WHEREAS, the Conflicts Matters Advisors have reported to the Board of Managers that at the Disinterested Manager Meeting the Conflicts Matters Advisors reviewed and discussed the Revised Bidding Procedures, the Marketing Process, and the Revised Order with the Disinterested Manager;

WHEREAS, the Disinterested Manager has reported to the Board of Managers that, following his review and discussion of the Revised Bidding Procedures for the Marketing Process and the Revised Order with the Conflicts Matters Advisors, he concluded that pursuing the Revised Bidding Procedures for the Marketing Process and seeking entry of the Revised Order are desirable and in the best interests of the Company and its subsidiaries, their respective creditors, and other parties in interest of the Company and its subsidiaries and that, at the Disinterested Manager Meeting, the Disinterested Manager voted to pass

resolutions authorizing the Company to pursue the Revised Bidding Procedures for the Marketing Process and seek entry of the Revised Order;

WHEREAS, the members of the Board of Managers have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Managers with other Debtors and other material relationships contemplated by these resolutions have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, the members of the Board of Managers, including the members of the Board of Managers that are disinterested with respect to the Marketing Process and Revised Order, within the meaning of Section 144 of the DGCL or the Company's governing documents, to the extent applicable, have reviewed the Revised Order, written materials analyzing and summarizing the Marketing Process and Revised Order, and various other related documents;

WHEREAS, the Board of Managers has consulted with the Company's management and the Primary Advisors and fully considered the Marketing Process and the Revised Order; and

WHEREAS, the Disinterested Manager has consulted with the Conflicts Matters Advisors and fully considered the Marketing Process and the Revised Order.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to pursue and implement the Revised Bidding Procedures for the Marketing Process;

RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall be and hereby is authorized, empowered, and directed to file and cause the final effectiveness of the Revised Order;

RESOLVED, that any officers of the Company (collectively, acting alone or with one or more other officers of the Company, the "Authorized Officers") (or their respective designees or delegates) are hereby authorized, empowered, and directed to take any and all actions that they deem necessary or proper to carry out these resolutions, and with respect to Conflicts Matters as directed by the Disinterested Manager;

RESOLVED, that the Authorized Officers (or their respective designees or delegates) are hereby authorized, empowered, and directed to modify the Marketing Process or revise the Revised Order in a manner that they deem necessary or proper to carry out these resolutions and that is substantially consistent with these resolutions, whether before or after the Revised Order is first filed with the Court and including by filing additional related documents with the Court, in each case consistent with the Ruling, the terms of the Revised Bidding Procedures approved by these resolutions, and, with respect to Conflicts Matters, as directed by the Disinterested Manager;

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, and with respect to Conflicts Matters as directed by the Disinterested Manager;

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, certificate, or document has been specifically authorized in advance by resolution of the Board of Managers; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein, in each case with respect to Conflicts Matters as directed by the Disinterested Manager.

There being no further business to come before the meeting, it was adjourned at 4:50 p.m.

*Jeffrey J. Walker*
Secretary