**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) [Re: D.I. 3118]<br>) |

**ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE
HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE
HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC.
*NUNC PRO TUNC* TO NOVEMBER 12, 2014 AND (B) WAIVING CERTAIN
INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

Upon the application (the "**Application**") of the official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**") for entry of an order (this "**Order**") (a) authorizing the EFH Committee to retain and employ Guggenheim Securities, LLC ("**Guggenheim Securities**") as its investment banker in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (the "**Debtors**"), on the terms set forth in the Engagement Letter, effective *nunc pro tunc* to November 12, 2014 and (b) granting to Guggenheim Securities a limited waiver of the information requirements under Local Rule 2016-

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

2(d), pursuant to Local Rule 2016-2(h);[2] it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the *Declaration of Ronen Bojmel in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order (A) Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker to the Committee* Nunc Pro Tunc *to November 12, 2014 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "**Bojmel Declaration**"), attached as Exhibit C to the Application; and this Court having determined that the proposed terms and conditions of Guggenheim Securities' employment, as set forth in the Engagement Letter and as modified by this Order, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court being satisfied based on the representations made in the Application and the Bojmel Declaration that (i) Guggenheim Securities and Mr. Rob Venerus are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (ii) Guggenheim Securities and Mr. Venerus do not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (iii) Guggenheim Securities and Mr. Venerus do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Guggenheim Securities is employed, (iv) Guggenheim Securities and Mr. Venerus have no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Bojmel Declaration and (v) the retention and employment of

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Application.

Guggenheim Securities as investment banker to the EFH Committee, effective *nunc pro tunc* to November 12, 2014, is reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the EFH Committee is hereby authorized to employ and retain Guggenheim Securities upon the terms and conditions set forth in the Engagement Letter, effective as of November 12, 2014, except as modified herein.

3. The Engagement Letter, together with all annexes thereto and all compensation set forth therein, including, without limitation, the Monthly Fee and the Transaction Fee (each as defined in the Engagement Letter), is approved pursuant to section 328(a) of the Bankruptcy Code, as modified herein.

4. In the event of a conversion of all or substantially all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, no Transaction Fee shall be payable.

5. Pursuant to the terms of the Engagement Letter, Guggenheim Securities is entitled to reimbursement by the EFH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Guggenheim Securities'

counsel (which counsel shall not be required to be retained pursuant to section 328 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the fee guidelines promulgated by the Office of the U.S. Trustee, provided, however, that Guggenheim Securities shall not seek reimbursement for any services provided by Guggenheim Securities' counsel to the EFH Debtors; provided, further, that Guggenheim Securities shall submit the invoices of Guggenheim Securities' counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

6. None of the fees payable to Guggenheim Securities shall constitute a "bonus" or fee enhancement under applicable law.

7. Guggenheim Securities shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court; provided, however, that Guggenheim Securities shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Guggenheim Securities' fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

8. Notwithstanding any provision to the contrary in this Order, the U.S. Trustee (and only the U.S. Trustee) shall have the right to object to Guggenheim Securities' request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of

SC1:3750763.6

Guggenheim Securities' fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Guggenheim Securities' fees.

9.    The EFH Debtors are authorized to, and shall, pay Guggenheim Securities' compensation and reimburse Guggenheim Securities for its costs and expenses as provided in the Engagement Letter (as modified by this Order), in accordance with the fee application process approved by this Court.

10.    Absent further order of this Court, fees and expenses incurred by Guggenheim Securities shall be paid by the EFH Debtors.

11.    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Guggenheim Securities and the structure of Guggenheim Securities' compensation pursuant to the Engagement Letter, Guggenheim Securities and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of this Court in connection with the services to be rendered pursuant to the Engagement Letter, such that Guggenheim Securities shall be required only to maintain time records of its services rendered for the EFH Committee in half-hour increments.

12.    The Indemnification Provisions set forth in the Engagement Letter are hereby approved, subject to the following conditions:

> a. subject to the provisions of subparagraph (d), *infra*, the EFH Debtors are authorized to indemnify, and to provide contribution and

5

SC1:3750763.6

    reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons as provided in the Indemnification Provisions;

b. notwithstanding any provisions of the Engagement Letter to the contrary, the EFH Debtors shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, willful misconduct or gross negligence, (ii) for a contractual dispute in which the EFH Debtors allege the breach of Guggenheim Securities' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) below, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c. if, during the pendency of these chapter 11 cases, the indemnification provided in the Indemnification Provisions is held unenforceable with respect to any Liability or Expense by reason of the exclusions set forth in subparagraph (b) above and any Indemnified Person makes a claim for the payment of any amounts by the EFH Debtors on account of the EFH Debtors' contribution obligations, then the final sentence of the fourth paragraph of the Indemnification Provisions (regarding amounts to be contributed by an Indemnified Person) shall not apply; and

a. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the EFH Debtors on account of the EFH Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, as modified by this Order, including without limitation the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the EFH Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which this Court shall have jurisdiction over any request for compensation by any Indemnified Person for

indemnification, contribution or reimbursement and is not a provision limiting the duration of the EFH Debtors' estates' obligation to indemnify an Indemnified Person.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

14. To the extent the Application or Engagement Letter is inconsistent with the terms of this Order, the terms of this Order shall govern.

15. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

16. The requirements set forth in Local Rule 2002-1(b) are satisfied.

17. During the pendency of these chapter 11 cases, this Court shall retain jurisdiction over all matters pertaining to implementation of this Order.

Dated: 1/13, 2015  
Wilmington, Delaware

Christopher S. Sontchi  
United States Bankruptcy Judge