**Exhibit 1** (to Order)

[Engagement Letter]

 Proskauer Rose LLP  Three First National Plaza  70 West Madison, Suite 3800  Chicago, IL 60602-4342

November 19, 2014

**VIA ELECTRONIC MAIL**

The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Jeff J. Marwil
Member of the Firm
d 312.962.3540
f 312.962.3551
jmarwil@proskauer.com
www.proskauer.com

Re: <u>Engagement of Proskauer Rose LLP as Counsel</u>

Dear Mr. Evans and Ms. Williamson:

Thank you for selecting Proskauer Rose LLP (the "<u>Firm</u>" or "<u>we</u>" or "<u>our</u>") to advise Energy Future Holdings Corp. (the "<u>Company</u>" or "<u>you</u>") for the engagement set forth and described in more detail herein. The Firm's policy at the outset of an engagement with a client is to outline in writing the nature of the engagement and the terms and conditions upon which the Firm will provide legal services and be paid for them.

    1.    <u>Nature and Scope of Engagement</u>. The Firm's engagement shall be limited to rendering professional services to EFH Corp.'s disinterested directors, Donald L. Evans and Billie I. Williamson, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached hereto as <u>Exhibit A</u> (the "<u>Resolutions</u>"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter. The Company acknowledges that the Firm is not the Company's general counsel, that this engagement does not involve representation of the Company in any matter, case or proceeding, other than as set forth herein, and that, other than as set forth herein, the Firm has not been retained to appear in any pending matter, case or proceeding, or to initiate any legal action on behalf of the Company.

**Proskauer»**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 2

The Company has other legal counsel in the chapter 11 case and has or agrees that it will arrange for other legal counsel to advise and represent the Company with respect to ordinary business activities and nonbankruptcy litigation matters except to the extent that the Firm expressly agrees to undertake such activities or matters.

2. **Compensation and Disbursements**: Where feasible, we will utilize the resources available to the Firm to reduce the total cost of legal services in this matter. Although Julie Allen, Mark Thomas and I will be the attorneys leading this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary. Unless you request otherwise, all billings in this matter will be directed to Andrew M. Wright, Vice President and Deputy General Counsel (in care of the Company), and any questions or comments regarding billing practices or amounts should be directed to me. Our fees are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. Our hourly rates are revised periodically, typically effective November 1, and we reserve the right to revise them from time to time during the course of our representation of the Company. We submit monthly billing statements and all amounts thereunder not being disputed in good faith shall be due and payable in accordance with procedures approved by the Bankruptcy Court presiding over the Company's chapter 11 case.

Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. A description of our Disbursements and Charges Billing Policies is available upon request. Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from the Company in the regular billing cycle.

3. **Costs and Expenses.** In addition to our fees, our bills will include allocable charges for costs and expenses reasonably incurred in performing our services, such as printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), telephone, facsimile or data transmissions, court costs and filing fees and other litigation support services, such as document scanning, coding and printing. Unless other arrangements are made, certain expenses (such as expert witnesses' fees and court reporters' charges) will be billed directly to you and will not be our responsibility.

4. **Communications.** To enable the Firm to render services effectively, the Company agrees to disclose all relevant facts and keep the Firm apprised of significant developments relating to this representation, to cooperate with our attorneys, and to be available to attend meetings and other conferences as necessary. If you become dissatisfied with our charges or

**Proskauer**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 3

services we urge you to advise us immediately, since most problems of that nature can be resolved in a prompt, good faith discussion. It is in the Company's best interest to preserve the confidentiality of all communications with the Firm. However, the Company should also be aware that, under applicable law, in the event a trustee or examiner is appointed in the Company's chapter 11 case or a trustee is appointed in a superseding chapter 7 case, the trustee or examiner may waive the attorney-client privilege as to otherwise privileged communications between the Firm and the representatives of the Company.

     5.     <u>Client Documents</u>. The Firm will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of our representation of the Company (or earlier, if appropriate), it will be the Company's obligation to identify those documents in the Firm's client files that the Company desires to have made available to it. These documents will be delivered to the Company within a reasonable time after receipt of payment for outstanding fees and costs not being disputed in good faith and otherwise subject to Bankruptcy Court allowance, subject to applicable rules of attorney conduct. The Firm will retain any remaining documents in our files for a certain period of time, after which the Firm will destroy them in accordance with its record retention program then in effect.

     6.     <u>Conflicts Waiver/Affiliates</u>. The Company acknowledges and agrees that it is a separate entity from its affiliates for conflict of interest purposes and that, unless specifically agreed, our representation of the Company does not give rise to an attorney-client relationship for conflicts of interest purposes with any other affiliate of the Company. Because of the nature of our practice, we may concurrently represent one client in a particular matter and the adversary of that client in an unrelated matter or more than one client in a bankruptcy or restructuring case whose interests are not adverse to each other. In the event a conflict of interest arises in the future between you (including your subsidiaries) and the Firm's other clients, we shall notify you of the conflict (unless providing such notification to you would be a violation of our ethical duties to our other clients, in which case we shall provide such notification to you once providing such notification will no longer violate our ethical duties to our other clients), and you agree to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters substantially unrelated to this representation so long as we have reasonably determined that our responsibilities to you and the other client would not be adversely limited by the concurrent representations and that we can undertake each representation without violating any applicable ethical rules or (b) in other Restructuring Matters in which you or your subsidiaries may be a creditor or other party in interest of our other client. However, other than as described in clause (b) of the preceding sentence, we may not represent other entities or persons in litigation, arbitration, or other dispute resolution procedures directly adverse to you. As used herein, "Restructuring Matters" means matters: (a) arising in, arising under, or relating to, the Bankruptcy Code (or analogous state or foreign statutes); (b) concerning a financing, refinancing, recapitalization, restructuring, or out-of-court workout of equity or debt; or (c) involving companies potentially in the zone of insolvency.

**Proskauer**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 4

    7.  <u>Termination of Representation</u>.  The Company has the right at any time to terminate our services and representation upon written notice to us. Such termination shall not, however, relieve the Company of the obligation to pay for all services already rendered, including work in progress and work remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the Company through the date of termination.

    The Firm reserves the right to withdraw from the Company's representation, if, among other things, the Company fails to honor the terms of this engagement letter, the Company fails to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to applicable rules of professional conduct. In the event that the Firm terminates the engagement, the Firm will take such steps as are reasonably practicable to protect the Company's interests, and the Company agrees that it will take all steps necessary to free the Firm of any obligation to perform further, including the execution of any documents necessary to perfect the Firm's withdrawal and further that we will be entitled to be paid for all services rendered and costs or expenses paid or incurred on behalf of the Company through the date of withdrawal, subject to allowance by the Bankruptcy Court or under a confirmed plan. If the Company so requests, the Firm will suggest to the Company possible successor counsel and provide successor counsel with whatever documents the Company has provided to the Firm. If permission for withdrawal is required by a court, the Firm will promptly apply for such permission, and the Company agrees to engage successor counsel to represent it. Termination of the representation shall not affect the validity of the waivers set forth in Section 5 hereof.

             [Remainder of page blank]

46641427v2

**Proskauer**

Mr. Donald L. Evans
Ms. Billie I. Williamson
November 19, 2014
Page 5

      This letter sets forth the terms of engagement of Proskauer Rose LLP by the Company. Please indicate your acceptance of the terms of this agreement by signing this letter on the line below and returning it to me, at which time this letter agreement shall become effective. If you have any comments or questions about this agreement or the terms of this engagement, please contact me as soon as possible.

                                            Sincerely,

                                            /s/ *Jeff J. Marwil*

                                            Jeff J. Marwil

ACCEPTED AND AGREED to this
19th day of November, 2014


**ENERGY FUTURE HOLDINGS CORP.**

/s/ *Donald L. Evans*

By: <u>Donald L. Evans</u>
Its: <u>Executive Chairman, Board of Directors</u>

5

46641427v2

**Exhibit A** (to Engagement Letter)

[Resolutions]

**ENERGY FUTURE HOLDINGS CORP. ("EFH")**
**BOARD OF DIRECTORS RESOLUTIONS**
**DECEMBER 9, 2014**

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a

Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.