# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>[Re: D.I. 3120] |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. *NUNC PRO TUNC* TO NOVEMBER 5, 2014

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., (collectively, the "**EFH Debtors**") by its Chair, Brown & Zhou, LLC, for entry of an order (this "**Order**") authorizing the EFH Committee to retain and employ Sullivan & Cromwell LLP ("**S&C**") as its counsel in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to November 5, 2014; it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Declaration of Mabel Brown in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Committee* Nunc Pro Tunc *to November 5, 2014* (the "**Brown Declaration**"), attached as Exhibit B to the Application; and upon the *Declaration of Andrew G. Dietderich in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Committee* Nunc Pro Tunc *to November 5, 2014* (the "**Dietderich Declaration**"), attached as Exhibit C to the Application; and this Court being satisfied based on the representations made in the Application, the Brown Declaration and the Dietderich Declaration that (a) S&C is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) S&C does not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (c) S&C does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which S&C is employed, (d) S&C has no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Dietderich Declaration and (e) the retention and employment of S&C as counsel to the EFH Committee, effective *nunc pro tunc* to November 5, 2014, is reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the

2

SC1:3745602.4

Application having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), the EFH Committee is hereby authorized to employ and retain S&C as counsel in the EFH Debtors' chapter 11 cases, effective as of November 5, 2014, upon the terms and conditions set forth in the Application and Dietderich Declaration.

3. S&C is authorized to perform the following services:

   a. advise the EFH Committee with respect to its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

   b. assist and advise the EFH Committee in its consultation with the Debtors with regard to the administration of these chapter 11 cases;

   c. attend meetings and negotiate with the representatives of the Debtors and other parties in interest in these chapter 11 cases;

   d. assist and advise the EFH Committee in its examination and analysis of the conduct of the Debtors' affairs;

   e. assist and advise the EFH Committee in connection with any sale of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code;

   f. assist the EFH Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assist the EFH Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

   g. take all necessary action to protect and preserve the interests of the EFH Committee, including (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning litigation in which the EFH Committee or the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

   h. generally prepare on behalf of the EFH Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the EFH Committee;

   i. appear, as appropriate, before this Court, the appellate courts, and the U.S. Trustee for the District of Delaware (the "**U.S. Trustee**"), and represent the interests of the EFH Committee before those courts and before the U.S. Trustee; and

   j. perform all other necessary legal services in these chapter 11 cases for the EFH Committee.

  4. S&C shall use its reasonable efforts to avoid any duplication of services provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

  5. S&C is aware of certain potential claims by and among the EFH Debtors. If any potential conflict among the EFH Debtors becomes an actual conflict matter for S&C, or S&C or the EFH Committee otherwise determines that S&C can no longer provide advice to the EFH Committee regarding any conflict matter in these chapter 11 cases (any such matter, an "**Actual Conflict Matter**"), S&C will promptly file a notice of such Actual Conflict Matter with this Court, with a copy to the U.S. Trustee, and the EFH Committee will be advised by MMWR as conflicts counsel on any asbestos conflicts matters (where MMWR does not itself have an actual conflict), and will retain MMWR or other counsel, as determined by the EFH Committee, to advise the EFH Committee in connection with other Actual Conflict Matters ("**Conflicts Counsel**").

  6. S&C shall not represent the EFH Committee in litigating or otherwise advise the EFH Committee regarding litigation in connection with any such Actual Conflict Matter, provided that S&C may confer with the EFH Committee, Conflicts Counsel, the EFH Committee's other advisors, and any other party and advisors to such other parties in connection with S&C's continued representation of the EFH Committee in negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual

Conflict Matter so long as the interests of all applicable parties are adequately represented by counsel other than S&C.

7.  S&C shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with S&C's representation of the EFH Committee in the EFH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any case-specific fee protocols approved by this Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and any other applicable procedures and orders of this Court. S&C also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with the Application and the interim and final fee applications to be filed by S&C in these chapter 11 cases.

8.  Notwithstanding anything to the contrary in the Application, the Brown Declaration, the Dietderich Declaration or any subsequent declaration, S&C shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. S&C has agreed to be bound by the terms of the Fee Committee Order.

9.  Notwithstanding anything to the contrary in the Application, S&C will not seek reimbursement of expenses for office supplies.

10. S&C shall not charge a markup to the EFH Debtors with respect to fees billed by any contract attorneys hired by S&C to provide services to the EFH Committee and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in

accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, S&C shall neither share fees with existing or future contract attorneys who advise the EFH Committee nor enter into fee sharing arrangements with such contract attorneys.

11. Prior to any increases in the hourly rates set forth in the Dietderich Declaration, S&C shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. Absent further order of this Court, fees and expenses incurred by S&C shall be paid by the EFH Debtors.

13. The EFH Committee and S&C are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. To the extent the Application, the Brown Declaration or the Dietderich Declaration is inconsistent with the terms of this Order, the terms of this Order shall govern.

15. The requirements set forth in Local Rule 2002-1(b) are satisfied.

16. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: 1/13, 2015  
Wilmington, Delaware

Christopher S. Sontchi  
United States Bankruptcy Judge