**Exhibit B**

**Incremental Redline of Revised Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (A) APPROVING REVISED BIDDING PROCEDURES, (B) SCHEDULING**
**AN AUCTION AND RELATED DEADLINES AND HEARINGS, AND**
**(C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order")[2] (a) approving bidding procedures for the Transaction (the "Bidding Procedures"), (b) scheduling the Auction and related deadlines and hearings, and (c) approving the form and manner of notice of the Auction and related deadlines and hearings, substantially in the form attached to this Order as Exhibit 2   (the "Auction Notice"), all as more fully set forth in the Motion; and upon the *Certification of Counsel Concerning Order (A) Approving Revised Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* (the "Certification of Counsel"); and the Court having approved the Motion on a conditional basis on November 3, 2014 (the "Ruling"); and the Debtors having revised the Bidding Procedures (the "Revised Bidding Procedures") based on the Ruling in the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Revised Bidding Procedures.

form attached hereto as **Exhibit 1**; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

1.     The Debtors have articulated good and sufficient reasons for authorizing and approving the Revised Bidding Procedures, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value received for the sale of the Debtors' economic interests in Oncor.

2.     The votes of the Debtors' boards and the votes of the disinterested managers and directors of EFH Corp., EFIH, EFCH, and TCEH, to approve the Revised Bidding Procedures were:  (a) informed by, among other things, the meetings, discussions, written materials, and resolutions referenced in the board minutes attached as **Exhibits C - I** to the Certification of Counsel; and (b) a fair, reasonable, and appropriate exercise of business judgment by the Debtors.

3.      The Auction Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Revised Bidding Procedures, and the applicable dates and deadlines, including the date, time, and place of the Auction (if one is held), and no other or further notice of the Auction, the Revised Bidding Procedures, or the applicable dates and deadlines shall be required.

4.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the findings of fact in this Order constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

5.      The Motion is hereby GRANTED, to the extent provided herein.

6.      The Revised Bidding Procedures, attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved, including each of the dates and deadlines set forth therein, and as modified herein.

7.      The Debtors are authorized to solicit Bids and conduct the Stalking Horse Bidding Process, the Open Bidding Process, and the Auction as set forth in the Revised Bidding Procedures.  The Revised Bidding Procedures shall govern the submission, receipt, and analysis of all Bids, and any party desiring to submit a higher or better offer shall do so in accordance with the terms of the Revised Bidding Procedures and this Order.

8.      For the avoidance of doubt, nothing in this Order or the Revised Bidding Procedures constitutes any advance approval of, or prejudices any arguments that may be made in connection with approval of,  a Stalking Horse Bid, Successful Bid, Transaction, or any plan

or reorganization for any of the Debtors, including the Transaction and plan of reorganization terms or other agreements set forth in the illustrative term sheet provided by the Debtors and attached to the Motion. This Order is subject to the Bidding Procedures Ruling, which provides that, among other things: "Each boards' approval by vote, and in the case of TCEH and EFIH, an independent vote will also have to be obtained to approve the stalking horse and the ultimate winning bidder." Hr'g Tr. Nov. 3, 2014, at 18:24-19:2.

9.      In response to comments from various parties and to address certain objections to the Motion, the Revised Bidding Procedures are deemed modified as provided in the Revised Bidding Procedures and as follows:

(a)      As soon as reasonably practicable after the Round 1 Bid Deadline, upon request, the Debtors will provide the Reviewing Parties with a description (which description shall include sufficient detail to permit the Reviewing Parties to reasonably assess the provisions described in this paragraph) of the structure (including, without limitation, the proposed tax structure) and form of consideration (including the percentage breakdown between the forms of consideration) of all of the Round 1 Bids. The Debtors will also consult with the Reviewing Parties if any Round 1 Bid does not offer cash equivalent consideration (i.e., publicly-traded stock that will have equity price protection through the term of the Bid) or proposes a structure that is different than the structure described in the term sheet attached to the Motion. Non-cash equivalent Bids could include, among other things: (i) unhedged offers that provide publicly traded stock, but offer no price protection between the time of signing and consummation of the plan of reorganization; or (ii) shares of reorganized EFH Corp. common stock or other non-publicly traded securities.

(b)      As soon as reasonably practicable after the Round 2 Bid Deadline, upon request, the Debtors will provide the Reviewing Parties with a description (which description shall include sufficient detail to permit the Reviewing Parties to reasonably assess the provisions described in this paragraph) of the key contract terms contained in all of the Round 2 Bids, which shall include a description of the proposed tax structure, financing conditions, form of consideration (and ratio between cash and cash-equivalent consideration (as described in clause (a) above) and non-cash equivalent consideration (as described in clause (a) above)), closing conditions and required regulatory approvals. The Debtors will also provide the Reviewing Parties with a description of the material terms of any proposed equity price protection included as part of a Round 2 Bid.

(c)     Before entering into the Stalking Horse Agreement, upon request, the Debtors will consult with the Reviewing Parties regarding their selection of a Stalking Horse Bid.  In connection therewith, the Debtors shall describe the impact (if any) that the form of consideration or any key contract terms described in (a) or (b) above have on their determination of which Round 2 Bid the Debtors believe should be selected as the Stalking Horse Bid.

(d)     Notwithstanding paragraphs (a)-(c) above, but subject to the provisions set forth in the Revised Bidding Procedures, (i) in no event will the Debtors be required to provide any information regarding the Bid Values (except with respect to the forms of consideration, as permitted above) or the identity of the Bidders to any creditor (including the Reviewing Parties), and (ii) after providing the information and consultation rights set forth in (a)-(c) above, nothing shall impair, interfere with, or otherwise affect the Debtors' right to select Round 2 Bids and the Stalking Horse Bid in their sole discretion, consistent with paragraph 8 of this Order.

(e)     Any Reviewing Party that receives any Bid information in connection with consultation rights provided in the Stalking Horse Bidding Process may not publicly disclose or otherwise use such information in connection with any actual or threatened litigation in the Bankruptcy Court or other court of competent jurisdiction, including seeking any discovery related to the Stalking Horse Bidding Process, to object to, delay, or otherwise impede the Stalking Horse Bidding Process through the earlier of the date (i) the Debtors file the Stalking Horse Motion and (ii) the Debtors abandon the Stalking Horse Bidding Process (the earlier of such dates, the "<u>Stalking Horse End Date</u>"); *provided*, *however*, that the foregoing shall not limit or preclude the Reviewing Parties from taking any actions in respect of the Stalking Horse Motion, or in respect of any other relief the Debtors may seek, in each case after the Stalking Horse End Date (including, without limitation, in connection with any proposed chapter 11 plan of reorganization) and all such rights are fully reserved; *provided further, however*, that the foregoing shall not limit the Committees from taking any actions consistent with the Bidding Procedures.

(f)     Any provisions contained in confidentiality agreements (including Confidentiality Agreements) that preclude communication between potential bidders and the Debtors' creditors (including the Reviewing Parties) will be void and of no further force and effect, *provided*, for the avoidance of doubt, that any provisions contained in confidentiality agreements (including Confidentiality Agreements) that preclude entering into exclusive arrangements with creditors (including the Reviewing Parties) shall remain in full force and effect.

10.     The Debtors are authorized to modify the Revised Bidding Procedures in any manner that they determine in their reasonable discretion will best promote the goals of the bidding process or impose, at or before the Auction, additional customary terms and conditions

on the Transaction, including, without limitation, modifying the Bid Requirements or the Open Bid Requirements, extending the deadlines set forth in the Revised Bidding Procedures, adjourning the Auction at the Auction, adjourning the Auction Approval Hearing in open court without further notice, and/or canceling the Auction; *provided*, *however*, the Debtors may only make material modifications to the Revised Bidding Procedures either with the consent of the TCEH Committee and the EFH Committee not to be unreasonably withheld or delayed, or by approval of the Court (which approval may be sought on an *in camera* basis)*,* following notice to the Committees.  Nothing in the Revised Bidding Procedures shall prejudice the right or ability of any party in interest, including the Reviewing Parties, to at any time object to the Transaction, its structure, or the Debtors' selection of one Transaction structure over another.

11.     Nothing in the Revised Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of a Debtor to take any action, or to refrain from taking any action, with respect to the Revised Bidding Procedures to the extent such board of directors, board of managers, or such similar governing body determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations under applicable law.

12.     In accordance with the Revised Bidding Procedures, each Bidder must acknowledge in writing that it has not engaged in any collusion with respect to any Bids, the Stalking Horse Bidding Process, the Open Bidding Process, the Auction, or the Transaction and agrees not to engage in any collusion with respect to any Bids, the Stalking Horse Bidding Process, the Open Bidding Process, the Auction, or the Transaction.

13.     Absent material irregularities in the conduct of the Auction, the Court will not consider Bids made after the Auction has been closed.

14.    The Auction Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  The Auction Notice shall state with specificity the dates and times of the Bid Deadline, the Auction, and the Auction Approval Hearing, consistent with the parameters set forth in the Revised Bidding Procedures.  Within ~~five~~three business days of ~~selecting~~ the entry of the Stalking Horse ~~Bid~~Order, the Debtors will serve the Auction Notice upon the following parties: (a) ~~all entities that have requested~~the core notice ~~of the proceedings~~ parties in the~~se~~ chapter 11 cases ~~pursuant to Bankruptcy Rule 2002~~; (b) ~~Reviewing Parties~~other parties that request notification; and (c) any other parties ~~who have expressed written interest in consummating~~that the ~~Transaction~~Debtors determine to be reasonably necessary.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

16.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    In the event of any inconsistencies between this Order, the Motion, and the Revised Bidding Procedures, this Order shall govern in all respects.

18.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

20.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or modifications of this Order or the Revised Bidding Procedures.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE