# **EXHIBIT A**

49555010.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Saab Cars North America, Inc. | ) | Case No. 12-10344 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Re: D.I. ___** |

**ORDER APPROVING STIPULATION FURTHER
TOLLING STATUTE OF LIMITATIONS**

UPON CONSIDERATION of the Stipulation Further Tolling Statute of Limitations, the Court having determined that good and adequate cause exists for approval of the Stipulation Further Tolling Statute of Limitations and that no further notice of same must be given, and it appearing that the Stipulation Further Tolling Statute of Limitations is in the best interest of the estate and creditors, and other parties in interest, and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Stipulation Further Tolling Statute of Limitations is APPROVED, and the terms and conditions of it are incorporated into this Order by reference as if set forth fully herein; and it is further

ORDERED that the Liquidation Trustee, General Motors LLC, and General Motors Overseas Distribution Corporation (collectively, "GM") are authorized and empowered to take any and all steps or perform any and all such acts as are necessary to carry out or otherwise effectuate the terms, conditions, and provisions of the Stipulation Further Tolling Statute of Limitations; and it is further

ORDERED that neither GM's stipulation to the entry of this Order nor GM's production of information constitutes GM's consent to the Court's jurisdiction to hear or decide any matter arising from or related to the Investigation. GM reserves the right to

challenge the Court's jurisdiction to determine any claims asserted by the Liquidation Trustee against GM; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Order or the Stipulation Further Tolling Statute of Limitations.

Dated: _____, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 12-10344 (CSS) |
| Saab Cars North America, Inc., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## STIPULATION FURTHER TOLLING STATUTE OF LIMITATIONS

WHEREAS, Edward T. Gavin was appointed as the Liquidation Trustee (the "Liquidation Trustee") of the Post-Confirmation Trust established by the Plan filed by the above-captioned debtor, Saab Cars North America, Inc. (the "Debtor"); and

WHEREAS, counsel for the Liquidation Trustee has requested certain materials from General Motors LLC and General Motors Overseas Distribution Corporation (collectively, "GM") to investigate the Debtor's rights, if any, with regard to certain agreements between GM and various third parties (the "Investigation"); and

WHEREAS, Chapter 5 of the United States Bankruptcy Code provides, among other things, that the Trustee has the power to avoid and recover transfers of property of the Debtor; and

WHEREAS, the Trustee is investigating certain claims and causes of action that the Trustee may have (the "Claims") against GM; and

WHEREAS, the parties have agreed to extend any and all statutes of limitations as to such Claims that may expire after February 24, 2014 (the "Effective Date") in accordance with the terms of this Agreement; and

WHEREAS, on or about February 10, 2014, the parties executed a "Stipulation Tolling Statute of Limitations" (the "Original Stipulation"); and

WHEREAS, by order entered February 14, 2014, the Court approved the Original Stipulation (the "February 14 Order"); and

WHEREAS, on or about February 21, 2014, the parties executed a "Corrected Stipulation Tolling Statute of Limitations ("Corrected Original Stipulation"); and

WHEREAS, on or about February 24, 2014, the Court approved the Corrected Original Stipulation (the "February 24 Order"); and

WHEREAS, on or about March 25, 2014, the parties executed a "Stipulation Further Tolling Statute of Limitations (the "Further Stipulation"); and

WHEREAS, by order entered March 28, 2014, the Court approved the Further Stipulation (the "March 28 Order"); and

WHEREAS, on or about June 24, 2014, the parties executed a "Stipulation Further Tolling Statute of Limitations (the "June Further Stipulation"); and

WHEREAS, by order entered June 28, 2014, the Court approved the June Further Stipulation (the "June 28 Order"); and

WHEREAS, on or about August 26, 2014, the parties executed a "Stipulation Further Tolling Statute of Limitations (the "August Further Stipulation"); and

WHEREAS, by order entered August 28, 2014, the Court approved the June Further Stipulation (the "August 28 Order"); and

WHEREAS, on or about October 29, 2014, the parties executed a "Stipulation Further Tolling Statute of Limitations (the "October Further Stipulation"); and

WHEREAS, by order entered October 30, 2014, the Court approved the October Further Stipulation (the "October 30 Order"); and

WHEREAS, on or about November 25, 2014, the parties executed a "Stipulation Further Tolling Statute of Limitations (the "November Further Stipulation");

WHEREAS, by order entered November 26, 2014, the Court approved the November Further Stipulation (the "November 26 Order"); and

WHEREAS, at this time, the undersigned parties have agreed that a further extension of the Trustee's time to commence any and all Claims or actions against GM is in the best interests of the parties.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the undersigned parties as follows:

1.      The undersigned parties agree that any and all statutes of limitations imposed under Bankruptcy Code § 546 that may be applicable to the Claims shall be tolled from the Effective Date through January 30, 2015 (the "Tolling Period"). Any claim by the Trustee against GM shall, if filed on or prior to the expiration of the Tolling Period, be deemed to have been filed for all purposes as of the Effective Date.

2.      Other than as set forth herein, GM reserves all defenses and other rights that they may have with respect to the Claims, and this Agreement shall not be asserted or construed as a waiver of any right or defense of GM as against the Trustee. The Tolling Period shall not be asserted or relied upon in any way in computing the amount of time which may have elapsed or expired under any and all statutes of limitation, statutes of repose, doctrine of laches, warranty periods, or any other time limitations, whether statutory, contractual, equitable, or otherwise, in

any legal or equitable proceeding hereafter brought by or on behalf of any party to this Stipulation

3.      GM further agrees not to assert against the Debtor or the Trustee in any existing or subsequent legal proceeding or otherwise, any time-based defense that had not expired as of the Effective Date (including any tolling period provided by the Bankruptcy Code or other applicable law), including defenses based on the failure of the Trustee to assert the Claims during the period through the Tolling Period.

4.      This Agreement is not, and shall not be asserted or construed to be, an admission or indication by any of the parties that they have any actual or potential liability to any other person (whether or not a party to this Agreement).

5.      This Agreement may be executed in counterparts, each of which shall be deemed an original.

6.      The construction and effect of this Agreement shall be governed by the laws of the State of Delaware.

7.      This Agreement constitutes the entire agreement among the parties hereto concerning the subject matter herein. It cannot be changed, modified or otherwise altered orally, but only by a writing executed and delivered by the parties hereto.

8.      A faxed or e-mailed signature shall be deemed an original signature for the purposes of this Agreement.

9.      The signatories to this Agreement represent that they have the authority to bind the parties on whose behalf they are signing.

10.    This toll is without prejudice to the rights of the Trustee to seek further extensions of time upon either a consensual stipulation or upon filing of a motion seeking to extend such time, provided that such motion is filed, but not necessarily heard, prior to January 30, 2015.

11.    The parties acknowledge that GM is voluntarily cooperating with the Investigation in accordance with Local Rule 2004-1 for the United States Bankruptcy Court for the District of Delaware and submits to this Court's jurisdiction solely for the purpose of complying with the request under Local Rule 2004-1, and GM contests and does not consent to the Bankruptcy Court's jurisdiction to hear or decide any action arising from or related to the Investigation, and the Court orders that neither GM's stipulation to the entry of this Order nor GM's production of information constitutes GM's consent to the Court's jurisdiction to hear or decide any matter arising from or related to the Investigation.  GM reserves the right to challenge the Court's jurisdiction to determine any claims asserted by the Liquidation Trustee against GM.

Dated:  January 16, 2015

HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
*Attorneys for General Motors LLC*

WILK AUSLANDER, LLP
1515 Broadway
New York, New York 10036
*Attorneys for Liquidation Trustee*


/s/ Lawrence J. Murphy
By:  Lawrence J. Murphy

/s/ Eric J. Snyder
By: Eric J. Snyder