UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 3183 |

### STATEMENT OF THE EFH OFFICIAL COMMITTEE REGARDING ASBESTOS CLAIMANTS WITH UNMANIFESTED INJURIES

The Court's Opinion of January 7, 2015, permits a bar date for claims of unknown persons who have yet to manifest any sign of illness from exposure to asbestos ("**Unmanifested Claimants**").[2] [D.I. 3183]. As noted in the Court's Opinion, the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**") has taken no position on the question addressed in the Opinion.[3]

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On July 23, 2014, the Debtors filed a motion seeking a bar date for all prepetition claims [D.I. 1682] (the "**Bar Date Motion**"). After an objection from certain asbestos personal injury law firms, the Court approved the Bar Date Motion with respect to non-asbestos claimants on August 13, 2014 and continued the motion with respect to asbestos claimants to September 16, 2014. After the Office of the United States Trustee announced that it would solicit asbestos claimants to determine whether an asbestos committee should be formed, the Court further adjourned the Bar Date Motion with respect to asbestos claimants to October 28, 2014. On October 28, 2014, the Court heard oral arguments.

[3] The EFH Committee consists of five members, two of which are asbestos creditors with claims based on manifested injuries. The EFH Committee was formed on October 27, 2014, after completion of briefing and the immediately prior to the October 28 hearing on the matters the Opinion addresses. [D.I. 2570]. American Stock Transfer & Trust Company, LLC was appointed to the EFH Committee late on January 15, 2015 and did not participate in discussions with the EFH Committee concerning the preparation of this statement. [D.I. 3313].

The EFH Committee submits this statement to clarify that its silence on the issue to date is not agreement with the Debtors. These bankruptcy cases, taken as a whole, are not 'asbestos cases' filed to resolve asbestos or tort liability. The Debtors themselves have stated that they "do not face substantial asbestos liabilities," "do not currently anticipate seeking relief under section 524(g)," and "anticipate" that asbestos claims generally will be paid in the ordinary course of business post-emergence "under any proposed plan of reorganization."[4]

In light of the Debtors' statements and the information available to the EFH Committee at this time, the EFH Committee has serious concerns and believes that it may not be necessary or appropriate to use estate resources to resolve the difficult notice and other issues necessary to bar Unmanifested Claimants on the specific facts of these bankruptcy cases. The Court would need to determine various matters that are likely to be contested, including without limitation:

- how to identify known Unmanifested Claimants;

- how to provide proper notice to Unmanifested Claimants, known and unknown;

- the scope and content of the claims form and related disclosure;

- whether a future claims representative or other representative for Unmanifested Claimants will be required;

- whether and under what circumstances a discharge pursuant to a plan of reorganization is appropriate in light of recoveries to other unsecured creditors and, potentially, sponsors;

- the appropriate forum for individual Unmanifested Claimants to contest adequacy of notice if symptoms manifest in the future;

- whether any potential benefit to the estate outweighs the costs; and

- the scope of the discovery necessary to determine all of the above.

---

[4] *See* Debtors' Reply in Support of Bar Date With Respect to Asbestos Claims [D.I. 1804] at ¶ 5.

The EFH Committee continues to discuss these matters with the Debtors. So far, the successful reorganization of the Debtors appears wholly consistent with the resolution of the rights of Unmanifested Claimants in the tort system, whether or not they file a proof of claim.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>January 19, 2015 | **MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**<br><br> /s/ Davis Lee Wright<br>Natalie D. Ramsey, Esquire (DE Bar No. 5378)<br>Davis Lee Wright, Esquire (DE Bar No. 4324)<br>Mark A. Fink, Esquire (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504 -7820<br>E-mail:  nramsey@mmwr.com<br>            dwright@mmwr.com<br>            mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>Michael H. Torkin<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York 10004<br>Telephone:   (212) 558-4000<br>Facsimile:    (212) 558-3588<br>E-mail:         dietdericha@sullcrom.com<br>                    gluecksteinb@sullcrom.com<br>                    torkinm@sullcrom.com<br>                    kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc.; and EECI, Inc.* |