**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re                                              :     **Chapter 11**
                                                   :
E<small>NERGY</small> F<small>UTURE</small> H<small>OLDINGS</small> C<small>ORP</small>. *et al.*,    :     Case No. 14-10979 (CSS)
                                                   :
        Debtors-in-Possession.         :     **(Jointly Administered)**
                                                   :     **(D.I. 2683)**
---------------------------------------------------------------- X

        **Hearing Date: January 26, 2015 at 12:00 p.m. (Prevailing Eastern Time)**

**FEE COMMITTEE'S REPORT ON FIRST INTERIM FEE APPLICATION OF KIRKLAND & ELLIS, LLP AND KIRKLAND & ELLIS INTERNATIONAL, LLP SCHEDULED FOR HEARING ON JANUARY 26, 2015**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
          UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**") respectfully submits this summary report (the "**Report**") concerning the first interim fee application (the "**First Fee Application**") of Kirkland & Ellis, LLP and Kirkland & Ellis International, LLP ("**Kirkland**") [D.I. 2683], counsel for the Debtors. Kirkland seeks $25,600,790.50 in fees and $1,248,049.03 in expenses, as summarized on **Exhibit A**, for the four-month period, April 30 – August 31, 2014 (the "**Fee Period**").

Pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), Kirkland already has been paid 80 percent of the fees and 100 percent of the expenses incurred during the Fee Period. Following the Fee Committee's review of the First Fee Application, and discussions with Kirkland, Kirkland has agreed to adjust its fees and expenses to resolve issues and concerns the Fee Committee identified. The Fee Committee respectfully recommends,

pursuant to 11 U.S.C. § 330, approval of the First Fee Application in the adjusted amounts of $24,511,927.32 in fees and $1,122,860.04 in expenses. The aggregate adjustment of fees and expenses is $1,214,052.17 or approximately 4.5 percent.

## PRELIMINARY STATEMENT

The Fee Committee has reached agreement with Kirkland, subject to this Court's approval, to resolve the issues and concerns identified by the Fee Committee regarding the First Fee Application. Those concerns were communicated to Kirkland on January 9, 2015 in a comprehensive letter report (with supporting exhibits) (the "Fee Committee Report") issued pursuant to sections C(2)(b) and (h) of the Fee Committee Order. Kirkland responded in a January 19 letter (also with supporting exhibits). The Fee Committee met, in person, on January 21, 2015 to consider Kirkland's responses to the issues the Fee Committee identified in its letter report. As a result of discussions between the Fee Committee and Kirkland, Kirkland has accepted the Fee Committee's final recommendations with respect to all of the issues addressed.

The resolution, as set forth on **Exhibit A**, is consistent with the principles and standards—discussed in detail below—that the Fee Committee has developed and applied to each first interim fee application (the "Fee Committee Standards") and consistent with the provisions of the Court's orders authorizing the retention of the estate professionals. The negotiated resolution helps ensure that the interim fees and expenses comply with the requirements and guidelines established by the Bankruptcy Code, the U.S. Trustee, this Court, and the Fee Committee.

These cases, filed almost nine months ago, are unusual for their size, complexity, and the number of retained estate professionals. To date, 33 professionals have been retained or have filed retention applications under the Bankruptcy Code. For the first Fee Period,

14 professionals filed applications seeking approval of aggregate fees and expenses of approximately $66 million. The Court approved four applications, adjusted to resolve issues and concerns that the Fee Committee identified, on December 29, 2014, after notice and a hearing. Kirkland requested that the Court consider its application at a hearing on January 26, 2015, at 12:00 p.m.[1] As Debtors' counsel, Kirkland's application accounts for approximately 41 percent of the total fees and expenses requested by all of the estate-retained professionals incurred during the Fee Period.

The discussions with Kirkland were candid, open and cooperative. The Fee Committee's review has been rigorous, involving a line-by-line, quantitative, qualitative, and comparative analysis of the First Fee Application. Among other things, the Fee Committee identified significant issues concerning multiple professionals attending hearings and depositions and non-compensable administrative charges. Always subject to close scrutiny, expenses also have been reduced as a result of the discussion process.

The adjustments described in this report were negotiated and compromised in good faith and with the goal of a consensual resolution, if possible. With the adjustments on **Exhibit A**, the Fee Committee has no objection to the Court's approval of Kirkland's first interim fees and expenses. The Fee Committee respectfully recommends that the Court allow the compensation sought in the First Fee Application, with the adjustments set forth in **Exhibit A**, and direct the Debtors to pay these amounts on or before January 31, 2015.

## BACKGROUND

1.  The history of these cases is provided in the many pleadings that have been filed in these cases. Accordingly, the general background facts are not recited herein.

---

[1] The Court has scheduled a hearing for February 17, 2015, to consider uncontested applications for all of the other estate-retained professionals that have sought first interim fees and expenses.

2. On September 16, 2014, the Court entered the Interim Compensation Order and the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee* [D.I. 2065].

3. On August 21, 2014, the Court entered the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"). The Fee Committee consists of four members:

  A. Richard Gitlin individually and as Chairman of Gitlin and Company, LLC (the "Independent Member" and "Chair");

  B. Cecily Gooch (the "Debtors' Representative");

  C. Peter Kravitz (the "Unsecured Creditors' Representative");[2] and,

  D. Richard L. Schepacarter (the "U.S. Trustee Representative").[3]

4. Since its appointment, the Fee Committee has held eight meetings. In addition, the Fee Committee conducted two conference calls with estate professionals (one with the TCEH Official Unsecured Creditors' Committee professionals and the other with the Debtors professionals) to provide an opportunity for introductions and for the professionals to ask questions of the Fee Committee counsel and Chair. Most recently, on January 21, 2015, the Fee Committee chairman, counsel for the U.S. Trustee, and Fee Committee counsel met with the conflicts professionals retained for the estates of EFH, EFCH and EFIH.

5. On January 9, 2015, the Fee Committee issued the Fee Committee Report to Kirkland.

6. On January 19, 2015, Kirkland submitted its response.

---

[2] For his service on the Fee Committee, Mr. Kravitz represents all of the creditors. *See* Transcript, December 18, 2014, pp. 31-32.

[3] The U.S. Trustee's participation on the Fee Committee is in addition to, and does not affect, the U.S. Trustee's independent rights and duties under 28 U.S.C. § 586(a)(3)(I).

4

7. The Fee Committee, through counsel, and Kirkland engaged in negotiations to "endeavor to reach a mutually acceptable resolution of the issues raised in" the Fee Committee Report, which is set forth below. *Fee Committee Order* at § (F)(1).

### FIRST FEE APPLICATION

8. On September 16, 2014, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* [D.I. 2052] (the "Kirkland Retention Order").

9. On October 31, 2014, Kirkland filed the *First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From April 29, 2014 Through and Including August 31, 2014* [D.I. 2683]. Kirkland seeks $25,600,790.50 in fees and $1,248,049.03 in expenses.

10. The Kirkland Retention Order authorizes Kirkland to serve as the Debtors' general bankruptcy counsel.

### ISSUES

11. The Fee Committee identified several issues of particular concern relating to the First Fee Application, which are described below.

12. <u>Retention and Fee Application Matters</u>. The Fee Committee views certain tasks in the Retention and Fee Application category as non-compensable because they are tasks that any professional would perform, without charge, for any client—such as routine conflicts checks, obtaining conflict waivers, and monitoring the case docket for progress of the retention application. Other tasks are performed primarily for the convenience of the professional itself, or constitute administrative billing activities that generally are a required, but not compensable, part of any professional's practice. The Fee Committee has asked that all professionals either

eliminate such time entries from their fee applications or indicate the task descriptions with a "no charge" annotation.

13. Reasonable fees and expenses associated with the preparation and submission of interim and final fee applications, including a single attorney's attendance at uncontested hearings, generally will be treated as compensable. The Fee Committee has asked professionals to segregate "Fee Objection Discussion and Litigation" from other fee application related tasks.

14. With these parameters, the Fee Committee evaluated Kirkland's retention and fee application time and requested adjustments, where appropriate, to comply with the Fee Committee Standards.

15. <u>Multiple Attendees</u>. The Fee Committee is very concerned with the issue of multiple professional attendance at hearings, meetings and depositions. Each hearing, meeting, deposition, and other event has included dozens of lawyers and professionals billing time to the estates. Although not all professionals are paid with estate funds, the significance of this issue is manifest at most every hearing and deposition in these cases. *See*, *e.g.*, *In re Fleming Cos., Inc.*, 34 B.R. 85, 91 (Bankr. D. Del. 2003) (reducing fees and expenses in part because "five to six attorneys representing the Debtors [appeared] at every hearing during the period covered by the first interim fee applications.").

16. In light of this concern, the Fee Committee has reviewed transcripts and discussed the issue among its members, who have been intimately involved in these cases since their commencement, and concluded that many attendees are not participating in or contributing value to the estates from attending these hearings, meetings and depositions. Although attorney professionals may wish to attend for informational or other purposes, the Fee Committee does not view these services as beneficial to the estates. The Fee Committee has not established a

fixed number of attendees for hearings or meetings. Rather, the Fee Committee has recognized that it must examine this issue on a case-by-case, hearing-by-hearing basis. Nonetheless, as a result of reviewing the time entries and from first-hand observations, the Fee Committee has noted an excessive number of professionals in attendance at hearings, meetings and depositions and is closely monitoring this issue for all professionals.

With respect to the First Fee Application, the Fee Committee evaluated the attendance of all Kirkland professionals at six hearings and nine depositions during the Fee Period. Kirkland has agreed to the adjustments set forth in **Exhibit A** to resolve the Fee Committee's concerns for the Fee Period.

17.     Vague Task Descriptions. To be compensable, all time entries should be sufficiently detailed to allow a reviewer to determine their compliance with applicable Code sections, rules, standards, and guidelines. Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication, such that they demonstrate compliance with 11 U.S.C. § 330. In addition, professionals should identify the final intended work product or purpose and identify the documents (or data) being reviewed, edited or analyzed so that the services may be evaluated for reasonableness. Professionals should identify the specific services provided—such as drafting, editing or conferencing—rather than relying upon generic terms like "*Work on*" or "*Attention to*." *See* Local Rule 2016-2(d); *see*, *e.g.*, *In re CCT Commc'ns*, No. 07-10210, 2010 WL 3386947, at *8 (Bankr. S.D.N.Y. Aug. 24, 2010).

18.     Kirkland acknowledged certain vague timekeeping entries and agreed to a corresponding adjustment and to minimize the problem in subsequent fee applications. All

Retained Professionals have been advised that any use of vague task descriptions in subsequent fee applications will be subject to a percentage or total reduction.

19. Administrative Tasks and Expenses. The Fee Committee examined the First Fee Application to identify tasks that, in substance, are properly characterized as administrative regardless of the descriptive phrase used in the time detail. Those tasks include duties appropriate for staff, such as word processing, proofreading, filing, maintaining contact and service lists, and other secretarial tasks. U.S.T. Guidelines § (B)(3)(e); *see also*, *e.g.*, *In re Fibermark, Inc.*, 349 B.R. 385, 396 (Bankr. D. Vt. 2006). The Fee Committee notes that Kirkland employs no fewer than seven categories of paraprofessionals, some titled "Legal Assistant" or "Project Assistant." These job titles, coupled with vague time entries, caused the Fee Committee to conclude that many of the tasks performed in this category were administrative or clerical. To the extent administrative tasks and similar overhead were identified, Kirkland adjusted its fee requests to eliminate fees and expenses.

20. Transitory Billers. Certain timekeepers—based on their task descriptions—appear to have had only very high level or, alternatively, tangential involvement in these cases. This category of "transitory" timekeepers includes those whose time detail does not provide a basis to conclude that the timekeeper contributed any benefit to the estate. For example, transitory time includes time spent reviewing court filings or the work of others, or participating in meetings and calls, with no apparent contribution to the Retained Professional's work.

21. With respect to these transitory billers, Kirkland either provided satisfactory supplemental information illuminating the timekeeper's role or agreed to remove charges.

22. Duplication and Overlap. The Fee Committee is very concerned about the possibility of overlapping work or duplication with respect to some Retained Professionals,

especially since the number of estate-retained professionals has more than doubled since the Fee Committee's appointment. The Fee Committee has particularly scrutinized work that apparently mirrors that of other professionals, by reviewing the professionals' retention orders and where necessary, requesting supplemental explanations delineating the differing roles of each professional. The Fee Committee also has asked, consistent with the terms of each retention order, that professionals identify, with specificity, the measures in place to prevent duplication of efforts. The Fee Committee did not identify non-compensable duplicative time entries in the First Fee Application.

23. <u>Billing Errors</u>. The First Fee Application contained billing errors. Kirkland acknowledged these errors and adjusted its application

24. <u>Rate Increases</u>. Kirkland charged the estates $776,263 in fees solely attributable to professionals' rate increases since the commencement of these cases. The Fee Committee is formulating a comprehensive policy on rate increases that it will apply to all professionals for all fee periods in these cases. While no deduction for rate increases is reflected in **Exhibit A**, the Fee Committee has reserved its right to request deductions based on rate increases—in the first or any subsequent fee period—at any time, up to and including consideration of firms' final fee applications.

25. <u>Expenses</u>. The stipulated deductions for expenses included expenses that exceeded applicable case maximums. These deductions include: travel in other than coach class, hotels in excess of the applicable maximum ($500 per night in New York City and $350 per night elsewhere), unjustified use of car services for local travel, and meals and catering expenses charged at improper times or in excess of the $20 and $40 per person caps. Additionally the adjustment includes deductions for expenses considered administrative overhead, expenses

associated with timekeepers for whom there were no corresponding fees, and deductions for computerized legal research. Kirkland also agreed to make an adjustment for expenses charged by timekeepers whose attendance at an event has been deemed non-compensable consistent with paragraphs 15-16, above. Kirkland either provided supporting documentation to establish compliance with the Fee Committee Standards or agreed to a decrease in expense reimbursement to comply with the guidelines. Adjustments to the First Fee Application made in light of these principles are included in **Exhibit A**.

## CONCLUSION

For all of the reasons detailed above, the Fee Committee has determined that the reductions outlined here adequately address deficiencies in the First Fee Application, such that the proposed amount of allowed fees and expenses complies with the provisions of the Bankruptcy Code and Rules, and the Court's, the U.S. Trustee's and the Fee Committee's guidelines. Therefore, the Fee Committee respectfully recommends that the Court allow the fees and expenses requested in the First Fee Application, subject to the negotiated resolutions set forth on **Exhibit A**, and direct the Debtors to pay the respective balances owed to Kirkland on or before January 31, 2015.

Dated: January 23, 2015.

        PHILLIPS, GOLDMAN & SPENCE, P.A.

By:   */s/ Aaron C. Baker*
     Aaron C. Baker (Bar No. 5588)
     Stephen W. Spence (Bar No. 2033)
     PHILLIPS, GOLDMAN & SPENCE, P.A.
     1200 N. Broom Street
     Wilmington, DE 19806
     Phone: (302) 655-4200
     Fax: (302) 655-4210
     E-mail: acb@pgslaw.com
           sws@pgslaw.com

     Katherine Stadler
     Eric J. Wilson
     GODFREY & KAHN, S.C.
     One East Main Street, Suite 500
     Madison, Wisconsin 53703
     Phone: (608) 257-3911
     Fax: (608) 257-0609
     E-mail: kstadler@gklaw.com
           ewilson@gklaw.com

     *Attorneys for the Fee Committee*

## Exhibit A

## Status Report:  First Interim Fee Period

| Professional | Retention Application Filed | Retention Order Entered | Interim Application (date filed, docket number, period of interim application) | Fees Requested | Expenses Requested | Status of Fee Committee Review | Fees Approved by Committee | Expenses Approved by Committee | Contested Issues | Schedule Requested |
|---|---|---|---|---|---|---|---|---|---|---|
| **Debtors' Professionals** | | | | | | | | | | |
| Kirkland & Ellis LLP - *Counsel* | 5/29/2014 #660 | 9/16/2014 #2052 | **10/31/2014   #2683** 4/29 to 8/31/2014 | $25,600,790.50 | $1,248,049.03 | Confidential Letter Report Issued 1/9/2015 | $24,511,927.32 | $1,122,860.04 | None | Hearing 1/26/2015 |
| Richards, Layton & Finger, P.A. - *Co-Counsel* | 5/29/2014 #659 | 10/24/2014 #2539 | Not on file | | | | | | | |
| Alvarez & Marsal North America, LLC - *Restructuring Advisor* | 5/29/2014 #661 | 9/16/2014 #2055 | **10/31/2014   #2678** 4/29 to 8/31/2014 | $6,393,405.00 | $262,727.78 | Confidential Letter Report issued 1/16/2015 | | | | Hearing 2/17/2015 |
| Deloitte & Touche LLP - *Independent Auditor* | 5/29/2014 #656 | 10/29/2014 #2617 | **11/26/2014   #2901** 4/29 to 8/31/2014 | $2,072,499.50 | | Confidential Letter Report to be issued at a date to be determined. | | | | Hearing to be held with Second Interim Fee Period |
| Evercore Group LLC - *Investment Banker and Financial Advisor* | 5/29/2014 #651 | 9/26/2014 #2056 | **11/04/2014   #2700** 4/29 to 8/31/2014 | $7,600,000.00 | $368,611.55 | Confidential Letter Report issued 1/16/2015 | | | | Hearing 2/17/2015 |
| KPMG - *Accounting and Tax Advisors* | 5/29/2014 #652 | 9/16/2014 #2054 | **11/18/2014   #2806** 4/29 to 8/31/2014 | $1,248,506.95 | $91,466.65 | Confidential Letter Report issued 1/16/2015 | | | | Hearing 2/17/2015 |
| Filsinger Energy Partners - *Energy Consultant* | 9/2/2014 #650 | 9/26/2014 #2057 | **11/10/2014   #2733** 4/29 to 8/31/2014 | $3,798,436.00 | $192,989.61 | Confidential Letter Report issued 12/15/2014. | $3,736,612.00 | $191,972.15 | None | Approved 12/29/2014 |
| Gibson, Dunn & Crutcher LLP - *Special Counsel* | 5/29/2014 #662 | 9/16/2014 #2058 | **10/30/2014   #2657** 4/29 to 8/31/2014 | $786,925.00 | $1,835.07 | Confidential Letter Report issued 12/15/2014. | $775,347.00 | $1,793.65 | None | Approved 12/29/2014 |
| McDermott Will & Emery LLP - *Special Counsel* | 5/29/2014 #664 | 9/16/2014 #2062 | **10/31/2014   #2679** 4/29 to 8/31/2014 | $474,034.25 | $72,166.43 | Confidential Letter Report issued 1/15/2015 | | | | Hearing 2/17/2015 |
| Sidley Austin LLP - *Special Counsel* | 5/29/2014 #665 | 9/16/2014 #2060 | **10/31/2014   #2693** 4/29 to 8/31/2014 | $2,327,235.30 | $24,009.87 | Confidential Letter Report issued 1/16/2015 | | | | Hearing 2/17/2015 |
| Thompson & Knight LLP - *Special Counsel-Tax-Related Matters* | 5/29/2014 #653 | 9/16/2014 #2061 | **11/17/2014   #2789** 4/29 to 8/31/2014 | $575,740.50 | $8,518.75 | Confidential Letter Report issued 12/15/2014. | $575,044.00 | $8,350.83 | None | Approved 12/29/2014 |
| EPIQ Bankruptcy Solutions, LLC - *Claims/Noticing Agent and Administrative Advisor* | 4/29/2013 #24 5/29/2014 #663 | 5/2/2014 #321 9/16/2014 #2053 | Not on file | | | | | | | |
| **T-Side Committee Professionals** | | | | | | | | | | |
| FTI Consulting, Inc. - *Financial Advisor* | 7/25/2014 #1699 | 10/20/2014 #2507 | **10/31/2014   #2672** 5/19 to 8/31/2014 | $3,300,549.00 | $142,783.00 | Confidential Letter Report issued 12/17/2014. | | | | Hearing 2/17/2015 |
| Lazard Freres & Co., LLC - *Investment Banker* | 7/25/2014 #1700 | 10/20/2014 #2509 | **11/10/2014   #2726** 5/14 to 8/31/2014 | $895,161.29 | $54,437.59 | Confidential Letter Report issued 12/16/2014. | | | | Hearing 2/17/2015 |
| Morrison & Foerster LLP - *Counsel* | 7/25/2014 #1696 | 9/16/2014 #2064 | **10/30/2014   #2671** **11/25/2014   #2891** (supplement) 5/12 to 8/31/2014 | $7,915,409.50 | $166,982.01 | Confidential Letter Report issued 12/16/2014. | $7,775,744.75 | $151,727.23 | None | Approved 12/29/2014 |
| Polsinelli PC - *Co-Counsel* | 7/25/2014 #1698 | 10/17/2014 #2491 | **10/31/2014   #2674** 5/13 to 8/31/2014 | $500,927.50 | $32,695.04 | Confidential Letter Report issued 1/15/2015 | | | | Hearing 2/17/2015 |
| **E-Side Committee Professionals** | | | | | | | | | | |
| Total Previously Approved on 12/29/2014 | | | | | | | $12,862,747.75 | $353,843.86 | | |
| Total Submitted for Approval on 1/26/2014 | | | | | | | $24,511,927.32 | $1,122,860.04 | | |

12939870.1