**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) |

**STATEMENT AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF**
**TCEH UNSECURED CREDITORS TO FIRST INTERIM APPLICATIONS FOR**
**REIMBURSEMENT OF PROFESSIONAL FEES AND EXPENSES**

The Official Committee of Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company, by and through its undersigned counsel, hereby files this statement and reservation of rights (the "**Reservation of Rights**") in connection with the *First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From April 29, 2014 Through and Including August 31, 2014* [Docket No. 2683] and the other first interim fee applications filed by the Debtors' professionals [Docket Nos. 2657, 2678, 2679, 2693, 2700, 2733, 2789, 2806, 2901] (collectively, the "**Applications**"). In support of the Reservation of Rights, the TCEH Committee respectfully represents as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

**STATEMENT AND RESERVATION OF RIGHTS**

1. In an attempt to properly distribute professional fees and expenses among the various Debtor estates, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**") requires each Professional[2] to allocate fees and expenses, to the extent possible, to the applicable Debtor on whose behalf such fees and expenses were incurred. (*See* Interim Compensation Order ¶ 2(b)).[3] To comply with this unusual procedure, each Professional must first identify tasks that were directly performed on behalf of a specific Debtor and then allocate the fees and expenses incurred in connection with such task to Energy Future Holdings Corp. ("**EFH Corp.**"), Energy Future Intermediate Holdings Company LLC ("**EFIH**"), or TCEH (the "**Direct Benefit Fees**"). However, to the extent that fees and expenses are incurred for the "collective benefit" of EFH Corp., EFIH, and TCEH as a whole and not on behalf of a particular Debtor (the "**Collective Benefit Fees**"), the Interim Compensation Order requires that these fees and expenses be allocated to EFH Corp., EFIH, and TCEH in the same proportion as the Direct Benefit Fees.[4] (*Id.*) The Interim Compensation Order also clarifies that the allocations assigned by each Professional are subject to challenge until finally allowed by the Court: "All fees and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Interim Compensation Order (as defined herein).

[3] Paragraph 2(b) provides, in relevant part, as follows:

> Each professional shall allocate . . . any fees and expenses sought in connection with each Monthly Fee Statement to the applicable Debtors for whose direct benefit such fees and expenses were incurred. . . . To the extent a Professional incurs fees or expenses for the collective benefit of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and Texas Competitive Electric Holdings Company LLC . . . , such fees and expenses shall be allocated to each Debtor in the same proportion that the amount of Direct Benefit Fees incurred by such Professional for such Debtor bears to the total amount of Direct Benefit Fees incurred by such Professional for all of the Debtors. . . .

[4] For example, if Direct Benefit Fees during a given month are allocated 75% to TCEH, 20% to EFIH, and 5% to EFH, the Collective Benefit Fees are allocated in the same percentages.

2

ny-1173238

expenses paid to Professionals under the Compensation Procedures (including, for the avoidance of doubt, the allocation of such fees and expenses among the Debtors) are subject to challenge and disgorgement until final allowance by the Court. (*Id.*)

2.    In accordance with this construct, the Monthly Fee Statements filed by the Debtors' Professionals allocate both Direct Benefit Fees and Collective Benefit Fees to EFH Corp., EFIH, and TCEH. A detailed analysis of the Monthly Fee Statements filed to date reveal that only a small amount of fees and expenses have been designated as Direct Benefit Fees, with the majority of such fees allocated to the TCEH estates. Pursuant to paragraph 2(b) of the Interim Compensation Order, the Collective Benefit Fees, which constitute the majority of the fees and expenses incurred to date, must then be allocated to EFH Corp., EFIH, and TCEH in the same proportion as the Direct Benefit Fees. Due to this artificial allocation mechanism, the Debtors' Professionals may have already over-allocated Collective Benefit Fees to the TCEH estates to the detriment of TCEH creditors.

3.    Given the complexities of these chapter 11 cases and the allocation requirement of the Interim Compensation Order, it is possible that a substantial portion of the Collective Benefit Fees has been, and may continue to be, over-allocated to TCEH. As a result, and out of an abundance of caution, the TCEH Committee reserve its rights to challenge and/or seek disgorgement of the fees and expenses sought in the Applications due to, among other things, improper allocation among the Debtor estates.

Dated: Wilmington, Delaware  
       January 23, 2015

**MORRISON & FOERSTER LLP**  
James M. Peck  
Brett H. Miller  
Lorenzo Marinuzzi  
Todd M. Goren  
250 West 55th Street  
New York, New York 10019-9601  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  
E-mail:    jpeck@mofo.com  
             brettmiller@mofo.com  
             lmarinuzzi@mofo.com  
             tgoren@mofo.com

-and-

*/s/ Christopher A. Ward*  
**POLSINELLI PC**  
Christopher A. Ward (Del. Bar No. 3877)  
Justin K. Edelson (Del. Bar No. 5002)  
Shanti M. Katona (Del. Bar No. 5352)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
E-mail:    cward@polsinelli.com  
             jedelson@polsinelli.com  
             skatona@polsinelli.com

*Attorneys for The Official Committee of TCEH Unsecured Creditors*