January 22, 2015

DeAnna Edwards
Gerald Edwards
PO Box 580
Princeton, Louisiana 71067

United States Bankruptcy Court for the District of Delaware

Re:    Case No. 14-10979 - Claim #9922 DeAnna Edwards (AKA DeAnna Edwards, Edwards, DeAnna, DeAnna Lorraine Edwards, DeAnna Edwards Stoddard, DEANNA EDWARDS, EDWARDS, DEANNA, DEANNA STODDARD, to include any variation herein, but not limited to), and Claim #9923 - Gerald Edwards (AKA Edwards, Gerald Dee Edwards, Edwards Gerald, GERALD EDWARDS, EDWARDS GERALD, EDWARDS G, Jerry Edwards, Tiger Tooth Company, Edwards Tiger Tooth Mfg. Co., Inc., Gerald D. Hines, Nelson Energy, Nelson Oil & Gas, Super Hot Shot Trucking, to include any variation herein, but not limited to)

Your Honor,

Correspondence was mailed from Epiq Bankruptcy Solutions, LLC on January 9, 2015 of what appeared to be identical documents, but were in fact different upon closer examination. It was determined that the original Proof of Claim filed on behalf of Gerald Edwards is now two separate claims; identified as Claim #9923 issued to Edwards, Gerald and Claim #9922 issued to Edwards, DeAnna, each mailed to their own address respectively; appearing to possibly separate my father from his Power of Attorney. I want to just confirm the Claim #s of the Edwards Family. The original claim form was addressed to Gerald Edwards. With that being said, is Gerald Edwards the creditor and Edwards, Gerald the debtor?

First, I am requesting a response as to why Epiq Solutions, LLC and EFH, et al would be allowed to issue an additional Claim # without proper notification to the Power of Attorney for Gerald Edwards filed with the Court. Gerald Edwards is 81 years old, a Veteran of the Army of the United States, and is my father to whom I have a duty to protect.

As noted in the correspondence I received, this Court will handle all future claims in regards to Energy Future Holdings, et al. In light of this, I would like to petition the court to allow me to represent my family and allow multijurisdictional status in this court proceeding or in any future claims or proceedings with possibly filing a Writ of Possession.

Energy Future Holdings, et al. is seeking relief based on the objection, "No liability owed to claimant per Debtors' books and records and does not appear to assert a claim against any of the known debtors". Were the Debtors' books and records they are referring to here submitted to the Court? If so, I would like a copy. Or, it appears here they are referring to us as the debtor and what we submitted? The amount of our claim filed was unspecified; however, if an amount is necessary, using

the aggregate amount claimed is fine with me. If they are saying EDWARDS, GERALD is a debtor and they are in possession, then I believe a request for an accounting would be appropriate and/or at the very least an accurate inventory of the properties in the possession of the Debtors' and others. Energy Future Holdings, et al have yet to make clear the capacity which Gerald Edwards / Edwards Gerald is represented in this proceeding, Creditor? Debtor? Both? We are strongly opposed to our claim being expunged and removed from the Claims Register.

I would not be surprised to discover several of the listed debtors, if not all, are attached to properties of the Edwards family. Energy Future Holdings, et al appears to have possibly made an attempt to leave my father's Claim #9923 unrepresented, and after sending a direct invitation to Gerald Edwards to file a claim in the first place. For this reason, I object to Energy Future Holdings, et al request to the Court for reservation of their rights to interfere in any capacity or provide additional evidence in any future claims or proceedings by the Claimants unless requested by the Claimants.

Discovering ESCO Corp. is a subsidiary of Bank of America, N.A., as I located on a 2010 Credit Agreement (not attached) showing ESCO, Corp as the borrower, and Bank of America, N.A. the subsidiary grantor. ESCO Corp. is a company with whom my family has a very long history as indicated by the attached. We have a plethora of information regarding this issue.

Due to the findings listed below and evidence submitted prior and not yet submitted, I would like to request the Court allow me to properly investigate all Energy Future Holdings, et al properties, counterparts and association, connections of all types to get to the top. I would also like to ask for any assistance the Court is willing to provide to level out this playing field. Some of the issues I believe that warrant an investigation are:

- Bank of America, N.A. is a subsidiary of ESCO, Corp; please refer to Exhibit 10.1; Published CUSIP Number: 29631PAC4, CREDIT AGREEMENT Dated November 18, 2010 among ESCO CORPORATION, as the Borrower, THE SUBSIDIARIES OF THE BORROWER IDENTIFIED HEREIN, as the Guarantors, BANK OF AMERICA, N.A, etc
- ROMCO equipment is listed on the Energy Future Holdings, etal Master Service List, see attached
- Caterpillar is on the EFH Master Service List, see attached
- Is there any relation between Mike Wilcox of Benchmark Industrial Services listed on the Master Service List and B.M. Wilcox representing ESCO, Corp on the letter dated June 4, 1963 replying to Floyd B. Edwards, my grandfather? (see attached)
- Henry G. Hobbs, Esq. who represented my father in 1976 (see attached letter dated September 9, 1976); any relation to the Henry G. Hobbs, Jr. presently in the U.S. Trustee Office in Austin, Texas?
- The Comptroller of Public Accounts for the State of Texas is on the EFH Master Service List
- Is EFH, Et al's Master Service List a list of Quit-Claimed properties operating as subsidiaries who provide financing to EFH, et al? And if so, what properties do the debtors in possession claim, directly and indirectly? For example, CTC who filed a quit claim on our property and then gave Bank of America, N.A. their Power of Attorney is listed on the Master Service List.

Your Honor, my father was sent an invitation to file a claim. I would also look like research Duke Energy's connection, (see attached). I have attached document showing a continuing connection from prior claims filed with the Court. This is why I really need time to investigate what is happening to my family's interest in this proceeding. What I have sent to the Court just scratches the surface as you can see by the sampling of our documentation. This gross violation has been going on for far too long. All that I know, is I cannot ignore the numerous connections to the Edwards' properties in this proceeding.

I am sending my response First Class mail to the Court and Counsel for Energy Future Holdings, Et al postmarked January 23, 2015, but due to current resources I am unable to provide everyone listed as on the required notification list (a) through (z) on the proposed unsigned Order as no addresses were provided and would require additional time. Submitted Respectfully.

Sincerely,

DeAnna Edwards, agent and Attorney-in-Fact
Gerald Edwards



 CORPORATION

2141 N.W. 25TH AVENUE • PORTLAND 10. OREGON. U.S.A.

June 4, 1963

Mr. Floyd B. Edwards
37 Wesley Street
Canton, North Carolina

Dear Mr. Edwards:

About a month ago you called on our Danville, Illinois plant in
connection with your bucket tooth patent No. 3,055,128. We understand
you are looking for someone to manufacture and sell the tooth as
covered by your patent.

We have secured copies of your patent from the patent office. Our
Construction Equipment Division engineers carefully considered the
design and application of your invention. Unfortunately, we do not see
any way in which we could apply your invention to our existing product
line.

We wish to thank you for your interest in ESCO equipment and for
offering us the opportunity to use your idea.

Very truly yours,

J. M. Wilcox

/jf



ALL QUOTATIONS . . . AGREEMENTS ARE CONTINGENT UPON FIRES, STRIKES, ACCIDENTS, DELAYS OF CARRIERS AND
OTHER CA . . . . . UR CONTROL, AND SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON BACK HEREOF

HUBBARD, THURMAN, TURNER & TUCKER

ATTORNEYS AT LAW

212 PARK CENTRAL II, 7540 LBJ FREEWAY

DALLAS, TEXAS 75251

M  KE  . .     RD
ONALD V. TI      IAN
OBERT W. TURNER
. DAN TUCKER
W. THOMAS TIMMONS
V. LAWRENCE SEWELL

PATENT & TRADEMARK
MATTERS

CABLE ADDRESS:
PATENTLAW DALLAS

TELEPHONE:
214-233-6712

May 21, 1976

Mr. Stephen R. Burke
P. O. Box 741
Minden, Louisiana 71055

Re:  Edwards Tiger Tooth Manufacturing Co., Inc. (A4432)

Dear Mr. Burke:

Hensley Industries has requested that I answer your letter of May 4, 1976, regarding the stopping of payment of a check for royalties under a license of U. S. Patent 3,055,128.

Please be advised that payment on this check was stopped pursuant to my advice to Mr. Hensley that such royalties were not owed under the contract. The contract clearly provides, in paragraph 3, that the royalties will be paid on "all net sales of products covered by said patent".

It is clear that no teeth which Hensley has ever sold since the inception of this agreement infringe the patent. All claims in this patent clearly require the slots 6 and 7 in the rear portion of the tooth embracing the leading edge of the bucket. No tooth ever sold by Hensley has utilized this feature required in the claims. I have advised Hensley Industries that they should file suit to recover all payments heretofore made under this agreement, together with interest, punitive damages for fraud in the inducement of the contract, and attorney's fees.

I have also been made aware of Patent Des. 215,953, filed on behalf of Gerald Edwards and Floyd B. Edwards. Any attempt to enforce this patent will be met with a counterclaim for fraud on the Patent Office since neither of the inventors have anything to do with the design of this tooth, all design having been accomplished by Hensley personnel.



Mr. Stephen R. Burke
May 21, 1976
Page 2

I have been authorized by Hensley Industries to accept the return of all sums heretofore paid by Hensley to your clients in settlement of this matter. This sum is $101,291.36. I would appreciate hearing from you in the near future in order to alleviate the necessity of filing suit.

Very truly yours,

HUBBARD, THURMAN, TURNER & TUCKER

E. Mickey Hubbard

E. Mickey Hubbard

EMH:db
cc: Mr. Rus Hensley

HENSLEY INDUSTRIES, INC. A CONSOLIDATION OF HENSLEY EQUIPMENT CO. INC. / HENSLEY ELECTRIC STEEL CO., INC.

| VENDOR NO. | G/L ACCT.NO. | INVOICE NO. | GROSS AMOUNT | DISCOUNT | NET AMOUNT |
|---|---|---|---|---|---|
| 00019332 | 201000000 | 1 | 791461 | 00 | 791461 |
| | | | | | 791461 |

INDUSTRIES, INC.
P. O. BOX 29779 2108/2110 JOE FIELD ROAD
DALLAS, TEXAS 75229

STATEMENT OF REMITTANCE
PHONE – 214 – 241-2341
TELEX #73-0599

No. 007514

B. I. APR 23 '76

No. 007514

HENSLEY INDUSTRIES, INC.
2108 JOE FIELD RD • 241-2321
P. O. BOX 29779 • DALLAS, TEXAS 75229

PAY TO THE ORDER OF

30919252
EDWARDS TIGER TOOTH
ROUTE 1, BOX 15A
DUERERLY, LA. 7102

PAYMENT IN FULL

FARMERS BRANCH, TX.

BY

HENSLEY INDUSTRIES, INC.

CENTRAL BANK & TRUST CO.
FARMERS BRANCH, TEXAS

| DATE | CHECK NO | AMOUNT |
|------|----------|--------|
| 04/07/76 | **7914.61 | 7514 |

"007514" ":1119" 23 714:"0 10 "299 "6"

NORTH AMERICAN TRUST CO.

88-3374
1119

CAPABILITIES IN STEEL



**ESCO CORPORATION** 2141 N.W. 25TH AVENUE, PORTLAND, OREGON 97210 U.S.A.    TELEPHONE (503) 228-2141    TELEX 36-0590

September 9, 1976

Mr. Gerald Edwards
Edwards Tiger Tooth Co., Inc.
Route 1, Box 15A
Dubberly, La. 71024

Dear Mr. Edwards:

This is in response to your June 12, 1976 letter and your
recent phone conversations with Mr. Case. We regret the
delay in responding to your offering of utility patent
3,055,128 and your design patent 215,953. We have care-
fully reviewed the patents and have decided not to make
an offer on them.

Our patent attorney has advised us that there is substantial
evidence that the patents may not be valid. The opinion
of our patent counsel was conveyed to your attorney,
Mr. Henry G. Hobbs, Esq. by our corporate attorney,
James E. Kimberley on January 22, 1975. I have attached a
copy of this letter for your reference; however, the es-
sence of the letter is in the last sentence:

> "Our counsel advises that we do not infringe either
> of the subject patents, even if the same are valid,
> and as to that, there seems to be substantial doubt."

Our patent attorney's search of prior art of pointed,
grooved excavating teeth revealed patents clearly showing
sharpened "angle iron" teeth that were not revealed in
references cited by the patent examiner.

We appreciate your offering these patents to ESCO Corporation.

Yours very truly,

Norval Grubb, Vice President
Products Division

/pcp
Enc.
cc: J. Kimberley
    R. Miller
    W. Case

SUBJECT TO THE TERMS OF SALE SET FORTH ON BACK HEREOF



ESCO CORPORATION 2141 N.W. 25TH AVENUE, PORTLAND, OREGON 97210 U.S.A.   TELEPHONE (503) 228-2141   TELEX 36-0590

22 December 1976

Edwards Tiger Tooth Co., Inc.
Rt. 1, Box 15A
Dubberly, La.,  71024

Attention:  Gerald Edwards

Dear Mr. Edwards:

As a result of your letter of October 24 and your phone call,
we again reviewed the subject in depth with our patent attorney.
The conclusion was as before -- that ESCO Corporation is not
infringing the patents and further the patents are not valid.
In view of these conclusions, we must decline your offer of a
license agreement or purchase of these patents.

Yours very truly,

Norval Grubb

/ym

cc:  Jock Kimberley

SUBJECT TO THE TERMS OF SALE SET FORTH ON BACK HEREOF

Mr. Jefferson A. Davis, President & Gen. Mgr.
Esco Manufacturing Company
2141 N.W. 25th Ave.
Portland, Oregon

Re:   Our Client - Gerald Edwards
Patent Nos. 3,055,128 & 215,953

Dear Mr. Davis:

Our client, Mr. Gerald Edwards, has asked us to contact you with reference
to his Patent Nos. 3,055,128 dated September 25, 1962; and 215,953 dated November 11,
1969. These patents are for the "V" shaped design on the teeth of certain heavy
equipment known in the equipment industry as the Tiger Tooth and manufactured as
the Hensley Tiger Tooth. Full patent rights have been granted on these patents to
Hensley Industries, P. O. Box 26539, Dallas, Texas 75220.

Mr. Edwards has been informed by Hensley Industries that your company has
currently entered into production of the exact tooth design protected by Mr. Edwards'
patent.

It would be appreciated if you would look into this matter and immediately
cease and desist from further infringement upon the patents owned by Mr. Edwards.

If there is some reason you feel that you are not presently infringing
upon Mr. Edwards' patent rights, it would be appreciated if you would advise us im-
mediately of what those reasons are.

Very truly yours,

Stephen R. Burke

SRB:mgd

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

No.   274807

RECEIPT FOR CERTIFIED MAIL—300

SENT TO
Mr. Jefferson A. Davis, Pres.
Esco Mfg. Co., 2141 N.W. 25th Ave
STREET AND No. OR P.O. BOX
Portland, Oregon
P.O., STATE AND ZIP CODE

OPTIONAL SERVICES FOR ADDITIONAL FEES
RETURN
RECEIPT
SERVICES
1. Shows to whom and date delivered
2. Shows to whom, date and where delivered
DELIVER TO ADDRESSEE ONLY
SPECIAL DELIVERY (extra fee required)

NO INSURANCE COVERAGE PROVIDED—
NOT FOR INTERNATIONAL MAIL

PS Form 3800
Apr. 1971

Edwards Tiger Tooth Co., Inc.
Rt. 1 Box 15A
Dubberly, La., 71024

Mr. Norwell Grubb
Esco Corporation
2141 N. W. 25th Ave.
Portland, Oregon

October 24, 1976

Dear Mr. Grubb:

As you may know I have talked to Mr. Gilroanan on veveral occasions. Some 8 weeks agoe we ordered copies of several patents which he stated that your patent counsel considered to be prior art to the Edwards Tiger Tooth patents. We delayed action assuming that your patent counsel had undoubtedly discovered prior art in their patent search. However; our attorneys and myself have reviewed and reviewed these patents and we find that there is no "V" shape tooth defined, mentioned or pictured in any of the claims or material in the patents cited by your counsel.

We are satisfied beyound a doubt, even moreso, that we are the soul inventors of the "V" design.

I appreciate very much your giving us the opportunity to check these patents and make our own observation.

At this point I would still consider a reasonable and fair offer for our patents. I feel we could reach a fair settlement that could be beneficial to you and ourselves. We do not wish to take any action but we are prepared to do so if there is no other alternative. I honestly feel, after talking to Mr. Case and Mr. Gilroanan, that Esco no more than ourselves wish to pursue a legal battle. We just feel we can't go on letting it continue as it presently is.

We would appreciate your reply as soon as possible.

Yours truly,

Gerald Edwards

RM-B73

P M PRESS, DALLAS, TEXAS

## REPLY-MEMO

70/7

TO

*Rus Hensley*

FROM

**HENSLEY INDUSTRIES, INC.**
2108 JOE FIELD ROAD
P. O. BOX 20539    DALLAS, TEXAS 75220
AREA CODE 214-241-2321/TELEX #73-0599

SUBJECT
*Esco 40 VIP points (vs. our tiger)*

MESSAGE    DATE *5/30/75*

*Rus — Enclosed is Invoice od Esco 40 VIP point
I purchased in Conn. (Esco Dealer) Looks like
Esco is pushing this Copy od our tiger. Where I
purch. this point they tell me the 45 VIP point will
be available this Sept.*

ORIGINATOR: DO NOT WRITE BELOW THIS LINE

REPLY

*If you want this point shipped let me know.
I'll Hold @ my home.*

SIGNED *Ray Ackerman*

DATE

*REC* **RECEIVED**

JUN 2 1975

HENSLEY

SIGNED

SEND PARTS 1 AND 3 WITH CARBON INTACT. PART 3 WILL BE RETURNED WITH REPLY



May 4, 1976

Hensley Industries, Inc.
P. O. Box 29779
Dallas, Texas  75229

                        RE:   Edwards Tiger Tooth Manufacturing
                                Co., Inc.

Gentlemen:

     I have been contacted by Mr. Gerald Edwards with reference
to your license agreement upon a patent owned by Edwards Tiger
Tooth Manufacturing Co., Inc.

     Mr. Edwards advises that your check of April 7, 1976, in
the amount of $7,914.61, representing payment for royalties on
patent was returned marked "payment stopped".  Mr. Edwards does
not understand why this was done.

     At this time I would appreciate it very much if you would
advise us what position your company now takes with reference
to your license agreement with Mr. Edwards.

     Unless we receive some explanation from your company within
fifteen (15) days of date of this letter, I will be forced with
no other alternative than to advise Mr. Edwards to institute legal
proceedings against you for collection of all royalties now due,
and further seek injunction relief with reference to your further
use of his patent.

     Trusting you will contact the undersigned within this time
and without delay, I am

                        Very truly yours,

                        Stephen R. Burke

SRB:cem


**INDUSTRIES, INC.**

July 11, 1975

Gerald Edwards
Route 1, Box 15A
Dubberly, Louisiana  71024

Dear Gerald:

Enclosed please find your royalty check covering the last period sales.

I also wanted to take this opportunity to relate to you our concern over the distribution of Tiger Teeth manufactured by other companies, which are beginning to show up all over the country.  As you know, we are quite happy to continue paying royalties for the EXCLUSIVE rights of manufacturing and distributing the Tiger Tooth.  At this time, we are unhappy with the progress being made in the enforcement of your patent.  The two companies, other than ourselves, of course have a cost advantage which is due to the fact that they are not paying royalties and are riding our shirt tails due to our efforts and advertising.  Therefore, it is imperative that they are stopped or we will have to discontinue royalties in order to be competitive.

Your early reply would be appreciated.

Yours very truly,
HENSLEY INDUSTRIES, INC.

Rus Hensley
President

RH:gk
Encl.

cc:  Ron Hensley
     Clyde C. Hensley

2108 JOE FIELD ROAD • P.O. BOX 20539 • DALLAS, TEXAS 75220 • 214/241-2321



# Product Support

"We're one of the 'Top 5' distributors with all of our manufacturers," Clarkson says. "We do this by making sure the product support end of the business remains strong. It is easy to be excited about increasing sales, but the important part of this business is to support high quality equipment in a high quality manner. Our efforts must focus on quality, on properly staffed product support departments, and on properly trained sales people. We are family-owned and operated.



*ROMCO - Buffalo • SH 164-W, I-45, Buffalo, TX 75831*
*(903) 322-5602*

*The Experience You Need, A Reputation You Trust!*

**HENSLEY.**

*Romco Equipment Co. & Hensley Industries, Inc.*

*Providing the Construction Industry with the Highest Quality of Ground Engaging Tools & Attachments Available.*

**Customer Service:**
Wear Parts - (888) 406-6262
Buckets & Attachments - (800) 433-3144

**Hensley Industries, Inc.**
A Galveston-Houston Company
2108 Joe Field Road
Dallas, TX 75229

We believe in establishing and maintaining strong relationships with our customers, and we'll do what it takes to make the customer happy."

Mullins adds that ROMCO has a long history of making sure the customer is satisfied with the products that are offered.

"This has been important for 37 years, and will carry us into another 37 years of success," he says. "We want customers to have access to top management at ROMCO. That's why we keep the hierarchy of management levels to a minimum. This keeps all of our people approachable and available to the customer. We keep our stores small enough to where customers can receive personal attention and really feel like this is their store—a place where they can come to do business and really know they're cared about and treated fairly." ❑



TITLE: TOOTH, No. FE7IU-3552E-EX, FLYING EAGLE, TIGER, CAT.

U.S. PATENT No. 4,329,798

STD. CAT. 55 POCKET

AMERICAN EAGLE MANUFACTURING CO.

P.O. BOX 771627
HOUSTON, TEXAS 77215-1627

| | |
|---|---|
| DWN. | DVC |
| CHK. | |
| APP. | |
| MFG | |
| Q.A. | |

MATERIAL

HT TRT

SCALE: NTS

DATE: 1-29-90

DRAWING NO: S430000002

REV

THIS DRAWING AND ALL INFORMATION SHOWN HEREON ARE THE EXCLUSIVE PROPERTY OF _____ CO. AND ARE SUBMITTED ON A CONFI-DENTIAL BASIS ONLY. THE RECIPIENT AGREES NOT TO REPRODUCE THE DRAWING OR RETURN IT UPON REQUEST, AND THAT NO DISCLOSURE OF THE DRAWING OR THE INFORMATION SHOWN HEREON WILL BE MADE TO THE THIRD PARTY WITHOUT PRIOR WRITTEN CONSENT OF

TOLERANCES NOT SPECIFIED
.x ± .1 .005 TIR
.xx ± .030 1. .006 TIR
.xxx ± .005 ✓ 125 RMS
ANG ± 1/2°
BREAK SHARP EDGES

APPROX. WT. 54.2#



# CATERPILLAR TRACTOR CO.

Peoria, Illinois 61629

September 22, 1976

Mr. Gerald D. Edwards
Route 1, Box 15A
Dubberly, LA   71024

Dear Mr. Edwards:

I learned from Frank Lex of Kast Metals Corporation that you are interested in selling your patents and your wife confirmed this in a telephone conversation this morning.

Patents 3,055,128 and Design 215,953 are being forwarded to our engineers today.  After they have completed their review, you will be advised of any interest the Company has in your patents.

In the meantime, we appreciate your interest in our Company and its products.

Very truly yours,

Mrs. Shirley Beecham
for
Patent Department
Caterpillar Tractor Co.

SMB:sfh
Telephone (309) 675-5090

Rte. 2, Box 163
Minden, Louisiana 71055
March 21, 1977

Fishburn, Gold, & Litman
Suite 1215 Commerce Bank Building
Kansas City, Missouri 64106

Dear Mr. Gold:

Thank you for your letter of March 8, 1977, regarding the "Edwards
Tiger Teeth Digging Points." I have discussed your letter with
Edwards, and he has pointed out several things that I'd like to
have you review and consider.

In regard to the Hubbard letter to Burke, you will note that the
application for design patent #215,953 was filed for August 30,
1963, and was manufactured under:

Tiger Tooth Company
2002 Continental Life Bldg.
Fort Worth, Texas

o which Gerald Edwards was president (see brochure enclosed), and
please note that he never had any royalty agreement with Hensley
until the 11th day of March, 1969.

The tooth pictured on this patent was designed by Gerald Edwards
with modeling clay of which an AAA Patern Works of Fort Worth made
the pattern from this clay model.

Hensley had nothing to do what-so-ever with the design or this
patent, or any other patents of Edwards, and this can be proven
beyond a shadow of a doubt, with witnesses.

Hensley, at that time, had their own pattern workers and engineers
but Edwards never had any advice from their engineers nor did their
pattern worker ever build a pattern for Edwards.

Nevertheless, the date of the application and date of agreement
should disprove that they had anything to do with design Patent
#215,953.

Please note the Hensley Agreement Part II which I have underlined.
This was interpreted by Edwards to mean any new patents came under
this agreement.

Please re-evaluate patent #3,055,128 because I inadvertently left
off the last page which includes the last claim. This last claim

never mentioned the rearward notched end but that it could be
attached by various other means. In essence, Hensley and Esco
have literally cut the tooth in half and pinned it back together
and said they didn't infringe. All teeth must be mounted on a
bucket by a notched end -- there is no other way, whether it be
by a segment adapter or an adapter tooth combination.

Also, we are concerned about the Statute of Limitation under Texas
law with regard to the Hensley breach of their contract with Edwards.
Is this something to be concerned about?

The Hensley tooth #T156 and other teeth pinned from the top are
covered in the Edwards design patent application #604476 of which
the claims have been allowed according to the 11-30-76 letter
from Frederick W. Termbull.

Please review the above and advise as soon as possible. Please
call me at Mister Twister, Inc., toll free: 1-800-551-8505, if
you would like to discuss this letter or any other work you are
doing for me and/or Mister Twister, Inc.

Thank you.

Sincerely,

Ric Welle
President

GRW/jw



# UNITED STATES   DEPARTMENT OF COMMERCE
## Patent and Trademark Office
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

|  |
|---|
| EXAMINER |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

CATALOG 117
Section 7





# Super Conical Tooth Systems

## World's strongest teeth for large front end loaders and hydraulic shovels.



VERTICAL LOCK

LARGE CONICAL BEARING

FOUR ADAPTER TYPES

BROAD STABILIZING FLATS

FOUR LOCKING EARS

FOUR POINT TYPES



## Four locking ears support point against strongest forces

Super Conical points have four locking ears which fit into recesses in the adapter. Supports point against heaviest ripping, jacking action; resists breakage.



## Conical bearing and stabilized flats resist point breakage

Thick conical bearing nose with stabilized flats provide internal support of point from loads in all directions. Combined with the four locking ears, you have the strength of one-piece teeth with the changeability of the two-piece system.



## No-loss vertical locks hold points securely

Extra long point pin and rubber lock system holds point snug to adapter, preventing loss of point. Makes changing points easy and quick. Drive them in or out from top or bottom. No troublesome job like side-pinned points.

EFFECTIVE
JULY, 1980

LITHO U.S.A.

# High strength weld-on adapters

Super conical adapters are available in flush mount and 1½ leg types to fit spade and straight lips of large front end loaders and hydraulic shovels.

Cast of ESCO shock resistant alloy steels for the strongest, longest service life.



# The right point shape for every digging job

Match your job with the right ESCO Super Conical point. Centerline points are reversible and can be turned for maximum life. FP has a sharp profile for penetration, with panelled self-sharpening edges. R point is a heavy-duty centerline type with extra strength for toughest digging.

Non-centerline points are dual duty. In one position they cut flush; turned over they penetrate deeper. T-points give an extra smooth flush cut plus penetration. VIP is pick shaped for maximum penetration in hard material with panelled edges top and bottom for self-sharpening.

Other point shapes available in some sizes. Check catalog 187.



R    T    FP    VIP

**BELOW CENTERLINE POINTS ARE DUAL DUTY**

FLUSH CUT

MAXIMUM PENETRATION



**ESCO CORPORATION**

**UNITED STATES:**

WESTERN SALES AREA
2141 N.W. 25th Avenue
P.O. Box 10123
Portland, OR 97210
(503) 228-2141
Telex 360590

EASTERN SALES AREA
1017 Griggs Street
Danville, IL 61832
(217) 446-2210

**CANADA:**

ESCO LIMITED
National Marketing
Offices
1055 West Hastings Street
Vancouver, B.C. V6E 2H4
(604) 689-8521

**BELGIUM:**

ESCO Europe S.A.
Rue des Fours-à-Chaux
Zoning Industrial
7230 Frameries
Belgium

**INTERNATIONAL:**

ESCO INTERNATIONAL
2141 N.W. 25th Avenue
Portland, OR 97210
(503) 228-2141
Telex 360590

**FRANCE:**

ESCO S.A.
Boite Postal 229
69800 Saint-Priest, France
(78) 20-64-43

**LICENSEES:**

Argentina, Australia, Belgium, Brasil, Chile, France, Germany, Japan, Mexico, New Zealand, Philippines, Singapore, South Africa, Turkey, United Kingdom

**GERMANY:**

ESCO G.m.b.H.
Klosterhofweg 52
4050 Moenchengladbach 3
Republic of West Germany

E70-8330

© COPYRIGHT ESCO CORPORATION

**FOR TECHNICAL DATA REFER TO CATALOG 187, SECTION 7**

# ING TIPS FROM



**WRITE FOR ESCO'S FREE "STORIES OF THE YEAR" BROCHURE.**

It tells about interesting ways ESCO products are solving problems for people like you. For a free copy, write ESCO Corporation, 2148 N.W. 25th Avenue, Portland, Oregon 97210.

Name _____

Title _____

Company _____

Address _____

City _____ State _____ Zip _____

**ESCO CAN DELIVER THE RIGHT TEETH, RIGHT NOW.**

**ESCO CORPORATION,** Portland, Oregon U.S.A. 97210
**ESCO LTD.,** Vancouver, B.C., Canada
**ESCO S.A.,** 69800 Saint-Priest, France
**ESCO INTERNATIONAL** licensees in Argentina, Australia, Belgium, Brasil, Chile, France, Iran, Japan, Mexico, New Zealand, Philippines, Singapore, South Africa, United Kingdom

**Clerk of Court**
410 Main Street
P. O. Box 370
Minden, LA 71058
(318) 371-0366

**Received From :**
  NELSON, RICHARD B
  401 EDWARDS ST
  SUITE 1500
  SHREVEPORT, LA 71101

**First VENDOR**

DUKE ENERGY FIELD SERVICES LP

**First VENDEE**

NELSON ENERGY INC

| | |
|---|---|
| Index Type : Conveyances | File Number : 479469 |
| Type of Document : Assignment | Book : 996    Page : 77 |

Recording Pages :        6

**Recorded Information**

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Webster Parish, Louisiana

On (Recorded Date) : 06/14/2005

At (Recorded Time) : 10:55:25 AM

NACOLE WAFER
_____
Deputy Clerk

Doc ID - 000605960006

This Assignment and Bill of Sale of Rights of Way ("Assignment") is effective as of 12:01 a.m. on May 2, 2005 ("Effective Time"), regardless of the date of execution. For One and NO/100th dollars ($1.00) and other value received, the receipt and sufficiency of which is acknowledged, **DUKE ENERGY FIELD SERVICES, LP** with a mailing address at 5718 Westheimer, Suite 2000, Houston, Texas 77057 ("Seller") do by these presents sell, assign, transfer, and set over unto **NELSON ENERGY, INC.** with a mailing address at 401 Edwards St., Suite 1500, Shreveport, Louisiana 71101 ("Buyer"), the following pipeline and related realty easements, interests, and permits (the "Pipeline"):

A 4" pipeline located in Section 19-T18N-R8W, Webster Parish, Louisiana beginning at Airport Road and continuing in a northwest (NW) direction approximately 1550' as shown on Exhibit "A" attached hereto and incorporated herein, together with all appurtenances, improvements, pipelines, flowlines, gathering lines, measurement stations, cathodic protection, and any related equipment, easements, permits, licenses, rights-of-way, surface leases, and any other grants or surface rights pertaining to or used in connection with the ownership or operation of the Pipeline, as further described in Exhibit "B" attached hereto and incorporated by reference herein.

1.      Seller warrants title to the Pipeline as against the claims of all claiming by, through, or under Seller and not otherwise, and subject to restrictions in place or of record. **SELLER DOES NOT WARRANT, EITHER EXPRESSLY OR IMPLIEDLY, THE MERCHANTABILITY, CONDITION OR FITNESS FOR ANY PARTICULAR PURPOSE OR USE OF THE PIPELINE, ANY SUCH WARRANTY BEING HEREBY EXPRESSLY NEGATED.  BUYER, BY ACCEPTANCE OF THIS ASSIGNMENT, HEREBY ACKNOWLEDGES THAT IT HAS MADE A COMPLETE INSPECTION OF THE PIPELINE AND IS IN ALL RESPECTS SATISFIED WITH ITS CONDITION, AND BUYER AGREES TO ACCEPT THE SAME "AS IS, WHERE IS" AND "WITH ALL FAULTS."**

2.      As between the parties, Buyer hereby assumes and agrees to pay, perform and discharge all obligations or liabilities arising under or in connection with the Pipeline and all related assigned easements and interests in realty effective as of the Effective Time.  **AS BETWEEN THE PARTIES, BUYER ASSUMES ALL RISK AND LIABILITY FOR OPERATIONS ON AND AFTER THE EFFECTIVE TIME CONNECTED WITH THE PIPELINE AND EASEMENTS, AND AGREES TO RELEASE, DEFEND, INDEMNIFY, AND HOLD SELLERS, THEIR AFFILIATES, AND THEIR DIRECTORS, OFFICERS, EMPLOYEES, AND AGENTS (COLLECTIVELY THE "SELLER INDEMNIFIED PARTIES"), HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, CAUSES OF ACTION, LAWSUITS, FINES, PENALTIES, LIABILITIES, COSTS, AND EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES AND COURT COSTS), INCLUDING WITHOUT LIMITATION FOR INJURY TO OR DEATH OF ANY PERSON, DAMAGE TO OR DESTRUCTION OF ANY PROPERTY RESULTING DIRECTLY OR INDIRECTLY FROM, OR IN CONNECTION WITH, STRICT LIABILITY OR THE EXISTENCE, CONDITION, FITNESS, OPERATION OR USE OF THE PIPELINE DURING THE PERIOD ON AND AFTER THE EFFECTIVE TIME. BUYER ALSO ASSUMES, AND WILL DEFEND, INDEMNIFY, AND HOLD THE SELLER INDEMNIFIED PARTIES HARMLESS FROM AND AGAINST ANY AND ALL LIABILITIES (INCLUDING REASONABLE ATTORNEYS' FEES AND COURT**

COSTS), INCLUDING WITHOUT LIMITATION FOR INJURY TO OR DEATH OF ANY PERSON, DAMAGE TO OR DESTRUCTION OF ANY PROPERTY RESULTING DIRECTLY OR INDIRECTLY FROM, OR IN CONNECTION WITH, STRICT LIABILITY OR THE EXISTENCE OR CONDITION OF THE PIPELINE RELATING IN ANY WAY TO COMPLIANCE OR NONCOMPLIANCE WITH LAWS AND REGULATIONS GOVERNING HUMAN AND ANIMAL HEALTH OR THE PROTECTION OF THE ENVIRONMENT, INCLUDING WITHOUT LIMITATION ENVIRONMENTAL CONTAMINATION CAUSED BY OR RELATED TO THE PIPELINE AND ANY RELATED NONCOMPLIANCE WITH LAWS AND REGULATIONS RELATING TO PROTECTION OF THE ENVIRONMENT WHICH OCCURRED OR OCCUR AT ANY TIME, WHETHER BEFORE OR AFTER THE EFFECTIVE TIME.

3.  AS BETWEEN THE PARTIES, WITH THE EXCEPTION OF ALL MATTERS RELATING TO COMPLIANCE OR NONCOMPLIANCE WITH ENVIRONMENTAL LAWS AND REGULATIONS AND AD VALOREM TAXES (WHICH ARE COVERED EXCLUSIVELY IN SECTION 2 ABOVE), SELLER RETAINS ALL RISK AND LIABILITY FOR OPERATIONS PRIOR TO THE EFFECTIVE DATE CONNECTED WITH THE PIPELINE AND EASEMENTS.

4.  The interpretation and performance of this Assignment shall be governed by and construed by the laws of the state of Texas, except for any rule of law of the state of Texas that might make the law of any other jurisdiction applicable.

5.  The terms and provisions of this Assignment shall extend to and inure to the benefit of and be binding upon the parties, their respective successors and assigns.

6.  The representations, warranties, and indemnities contained or made in this Assignment shall survive the Effective Time.

IN WITNESS WHEREOF, this Assignment has been executed by the duly authorized representatives of the parties on the dates indicated in the acknowledgements below, effective as of the Effective Time.

WITNESSES:

Printed Name: _Nick McMillad_

_alice Peña_
Printed Name: _Alice Peña_

SELLER:

DUKE ENERGY FIELD SERVICES, LP

By: _____
     DAVID F. GARRETT
     Vice President

WITNESSES:

Printed Name: _Cheryl Hair_

_Rita Fruge'_
Printed Name: _Rita Fruge'_

BUYER:

NELSON ENERGY, INC.

BY: _____

EXHIBIT "A"

