1-19-2015

ATTEN:

THE BANKRUPTCY COURT
United States Bankruptcy of
Court for the District of Delware,
CHAPTER 11
CASE NO: 14-10979
CLAIM: 4959

I JoLnn M. Robinson, I poor Black 47 year old female with 4 children. And I unemployer. And Under Serious Mental Health Condition prombles I Can't Hardly Hold a jobs Most the time Disability Because My Illiness. I Sluggerly with My Linility Bills foods House Holding Items Every Day-Every Monthly Please Help Me I In Needs. Thank You

Sending All copy Insufficient Documentation Claims

THAT THE GOD TRUTH
Your Honorable Christopher S. Sontchi
The Judge, United States
Bankruptcy Court, 824 North Market Street, 5th floor, Courtroom 6
Wilmington, Delaware     19801, 0 N
Feb 10, 2015

Please Don't Rule Against My Bankrupty Claim Amount

*Class Action*
*Claim 1*

1-19-2015

CHAPTER 11
CLAIM: 4959
CASE NO: 14-10979

ATTEN:

I JoAnn M. Robinson, filed It's With The BANKruptcy Court on or before, Jan 23, 2015   Basic for Objection: Insufficient Documentation Claim, Claim to be Expuged Claim 4959- Claim Amount With Epiq BANKrupty Worst amount $30,500.00 Dollars. It's where to my Intending that the Court BANKrupty And Epiq Systems Have or Has Appointed Me the creditor another Agents from BANKruptcy Court. Your primeshare World Market LLC, Sierra Liquidity fund LLC, Fair Harbor Capital LLC, telephone me the creditor And Mail there letter From The Companys State that I was approved right way With Them Energy Further Holding Corp. Purchase Rate 90% Amount 15,250.00 Service Base on first offered, First Accepted basic once I filling out the payment Contsent and Date Amount Mail back To Your prime share Companys STATEMENT Within time sign Adminstrative Claim Co. In Monthy November's 2014. To My Acknowledgment That The Claim Case Ending That Soon 2-3 Company After The Claim Amount Sign Wrongful Offering Price Amount. I ~~____~~ purchase Rate sheet they offer To Me

at that timely coming from Mr. Alex Hobbie The Vice President of your Company. Also Sierra Liquidity Fund LLC offering Energy Further Holding Administive payment Sheet filling out Send Back. IN Month of November 2014 And I They. Because I Thought The Bankuptcy Court or Epig System. Appointed These Cooperation Company To filed up on The CHAPTER 11 Bankruptcy Courts The Energy Further Holding Class Action claims CASE They pressures and Rush Me The creditor On the CASE. I WAS Confuse; This Not My fult About Your prime share Co. and all company's That payment To sign I put The amount ON The Assignment. Of Claim The Consent AND WAIVER. Under signed Assignment of Claim To receivable The Amount from The Bankruptcy Energy Further Holding's Bankruptcy Court Appoint Some One or SomeBody TOO creditor My TXU Energy CASE. I mail Them the Document Include all copies, Birth Certificates IN Voices Statement, Bill Statement Account, ID picture, Social Security Card, leasing Statement, I was Approve I Have them Letter All They Company Letters. I be MAIL with Bankrupcty COURt for THE HEARING. Your Need To Granted My Claims In favored just Right Thing too Do. It's WAS No My fult Epig Need To Take upon Them Company's. I Creditor Some one or Somebody from The Energy Further Holding on My TXU Enegry Claims They where Debtor's They Agains t my Settlement fund. That Why I Need Be Approved To My Settlement fund THAT THE GOD TRUTH

CHAPTER II
CLAIM: 4959
CASE NO: 14-10979

Atten:

I JoAnn M. Robinson, filed it's with the Bankruptcy Court on or before Jan 23, 2015. Bacis for Objection: InSufficient Documentation Claim to be Expunged Claim Number 4959 and claims amount #30,500.00, proof of Claims where Under Epiq Bankruptcy Co. It's where on My Intentions that Court Bankruptcy And Epiq Bankruptcy. Have Appointed Me Another Agents from Court Bankruptcy Prime Shares World Markets LLC „ Sierra Liquidity (#15,250.00 - #3,725.00) $3,477.94 - 3,130.15

Fair Harbor Holding Corp, telephone Me and also Mail. they Energy Further Holding Corp. Purchase Rate 90%, 87%, 80% filled out the amount owed to Creditors. Administrative they offer They Amount to me the Creditor. they Said I Basie on first offered first Accepted Basic about TXU Energy too fax or mailing my Proof of Documenty to ther Company. My TXU Energy Invoices, Bills statements, leasing statement, picture ID, Social security, Birth Cerfcate All copy Send too them other Company Within the Monthly on Nov 2014. Nov 16, 2014. I sign the Administrative offer Co. and Sign My Creditor Assignment of Claim a put the Wrongful Administrative offering Amount. I Did Not have No Ideal they where Against Against Epiq Bankruptcy the amount they first offer. I truely where and me about Confuse. That why I sign wrong amount payment with Company's. I throust I was appointing with the Court Agents and sign with small amount claim payment. No way I With Never sign or Do something Like That, I No it's Seen foolish That The God TRUTH. Please Help My InSufficient Claims, Someone or somebody

# F A X

**Providence Mockingbird**

1853 W Mockingbird Ln
Dallas, TX 75235
214-638-8100

To: (Alex Ardolino) Primeshares Co.
Fax number: 212-889-2232

From: Holly
Fax number: 214-638-8101

Date: 12-8-2014

Regarding: TXU or Lease Information Energy Future Holdings Corp.

Pages: 1  4

**Comments:** ATTEN: I JoAnn M. Robinson Sending Copy of Address My TXU Energy Service Where I was Living At The Present and Now. Have Any Questions please Contact Me.
Thank You
# 2H
214-718-8961
972-898-7183

Case Number 14-10979

Claim Number 4959

# Send Result Report

**MFP**

## CS 3010i

Firmware Version 2NL_2000.002.026 2014.02.26

**KYOCERA**

12/08/2014 13:00
[2NL_1000.002.001] [2NL_1100.001.003] [2NP_7000.002.025]

---

Job No.: 012049          Total Time: 0°00'42"          Page: 005

# Complete

Document:          doc0120492014120812583



| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 12/08/14 12:59 | 12128892232 | 0°00'42" | FAX | OK | 200x100 Normal/On |

[ LNT4400418 ]



**TXU** *energy*

| Customer Name: | JOANN M ROBINSON |
| Account Number: | 900038812846 |
| Invoice Number: | 055051195626 |
| Invoice Date: | 01/13/2014 |

**Mobile Solutions**
Manage your account on-the-go.
Visit txu.com/mobilesolutions for details.

## Account Summary

| Previous Balance | Credits/Payments | Balance Forward | Total Current Charges | Total Amount Due | Due Date |
|---|---|---|---|---|---|
| $262.11 | $140.11 CR | $122.00 | $158.34 | $256.00 | 01/28/2014 |

See remaining pages for invoice details.

## Customer Communications

Your account is on TXU Energy Average Billing.
Total cumulative balance on this account is
$54.96 more than your average billing payments after
payment of your current average bill due amount.

Your account is past due. Current due date does not extend
date due for previous balance. If payment is not received,
your service with us may be disconnected.

Out of stamps? Tired of writing checks? Envelope glue taste
bad? Enroll in TXU Energy AutoPay, our recurring payment
program, and automatically pay your TXU Energy bill from
your bank account, debit card or credit card.
Visit txu.com/billpay today!

Follow us on Facebook.com/txuenergy or
Twitter @txuenergy for deals, sweepstakes,
energy saving tips & more.

## Contact Information

| Web: | Customer Service: |
|---|---|
| txu.com | 972-791-2888 |
| | 1-800-242-9113 (24 X 7) |
| Hearing Impaired: | Email: |
| 1-800-735-2988 (24 X 7) | txuenergy@txu.com |
| Power Outage Notification: | |
| 1-888-313-4747 | REP Certificate:#10004 |

**TXU** energy

Customer Name:   JOANN M ROBINSON
Account Number:   900038812846
Invoice Number:   055201364107
Invoice Date:   11/08/2014

**Mobile Solutions**
Manage your account on-the-go.
Visit txu.com/mobilesolutions for details.

## Account Summary

| Previous Balance | Credits/Payments | Balance Forward | Total Current Charges | Total Amount Due | Due Date |
|---|---|---|---|---|---|
| $143.04 | $0.00 | $143.04 | $148.61 | $291.65 | 12/01/2014 |

See remaining pages for invoice details.

## Customer Communications

**We listened to you, and we're making your bill easier to read. Stay tuned for improvements to your monthly bill that are inspired by you.**

Notice to customers concerning Critical Care Residential Customer and Chronic Condition Residential Customer status:   If you are a residential customer and have a person permanently residing in your home who has:

- been diagnosed by a physician as having a serious medical condition that requires an electric-powered medical device or electric heating or cooling to prevent the impairment of a major life function through a significant deterioration or exacerbation of the person's medical condition;
- been diagnosed by a physician as being dependent upon an electric-powered medical device to sustain life.

You can apply for certain protections by contacting your Retail Electric Provider for an application.

The amount billed may include price changes allowed by law or regulatory actions.

## Contact Information

| | |
|---|---|
| **Web:** txu.com | **Customer Service:** 972-791-2888 1-800-242-9113 (24 X 7) |
| **Hearing Impaired:** 1-800-735-2988 (24 X 7) **Power Outage Notification:** 1-888-313-4747 | **Email:** txuenergy@txu.com REP Certificate:#10004 |

For more information about residential electric service please visit www.powertochoose.com.

---

Please return this portion with your payment in the enclosed envelope. Make checks payable to TXU Energy. Do not include correspondence with your payment.

The TXU Energy Aid℠ program helps families in critical situations with bill payment assistance.

**For Donations Only**

One-time gift to TXU Energy Aid℠ program   $ _____

Recurring monthly donation to TXU Energy Aid℠ program   $ _____

Account Number: 900038812846

| Total Amount Due | Due Date |
|---|---|
| $291.65 | 12/01/2014 |

**To ensure proper payment posting, please provide this number (900038812846) on all payments and send to the address directly below.**

AV 01 006371 41619B 21 A**5DGT

JOANN M ROBINSON
1716 CHATTANOOGA PL, APT 1633
DALLAS TX 75235-6162



TXU ENERGY
PO BOX 650700
DALLAS, TX 75265-0700

21900038812846000002916500000000009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF DEBTORS' SIXTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO (INSUFFICIENT DOCUMENTATION) CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3007, AND LOCAL BANKRUPTCY RULE 3007-1 AND HEARING THEREON**

TO:   ROBINSON, JOANN M
         1716 CHATTANOOGA PL APT 1633
         DALLAS, TX 75235-6162

Basis for Objection: Insufficient Documentation Claim

| | Claim Number | Claim Amount |
|---|---|---|
| Claim(s) to be Expunged: | 4959 | $30,500.00 |

On January 9, 2015 the above-captioned debtors and debtors in possession (the "Debtors") filed the **Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1** (the "Objection")[2] a copy of which is attached hereto.

By the Objection, the Debtors seek to disallow the claim(s) listed as "Claim(s) to be Expunged" for the reason stated above and as further described in the Objection. Once disallowed, the "Claim(s) to be Expunged" will be removed from the Claims Register.

Responses to the Objection, if any, must be in writing and filed on or before **January 23, 2015 at 4:00 PM (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of any such response upon the undersigned counsel to the Debtors listed so that the response is **actually received** on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **FEBRUARY 10, 2015 AT 9:30 AM (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DELAWARE 19801.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.





P  646 282 2500   F  646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**** EFH CLMLTR (MERGE2,TXNUM2) 4000029537 ****
ROBINSON, JOANN M
1716 CHATTANOOGA PL APT 1633
DALLAS, TX 75235-6162

October 16, 2014

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the TXU ENERGY
case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/EFH. To ensure that your claim has been recorded correctly, please
review the following information:

Debtor:              ENERGY FUTURE HOLDINGS CORP.
Case Number:         14-10979
Creditor:            ROBINSON, JOANN M
Date Received:       10/06/2014
Claim Number:        4959

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

30, 500
35%
10%
$1 6,855.15

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
**IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place of
birth, mother's maiden name, etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be
sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**



**PRIME SHARES**

261 Fifth Avenue
22nd Floor
New York, NY 10016
Tel: 212.889.9700
Fax: 212.889.2232

November 11, 2014

Robinson Joann M
1716 Chattanooga Pl
Apt 1633
Dallas, TX 75235-6162

Re:    Energy Future Holdings Corp.
        *Purchase Rate: 90%*

*5 Steps Suitcase Books* (handwritten)

Dear Sir or Madam:

PrimeShares World Markets, LLC ("PrimeShares"), is interested in purchasing your 503(b)9 Administrative Claim against Energy Future Holdings Corp. in its 2014 bankruptcy proceedings. According to court records, you are currently listed as having a 503(b)9 Administrative Claim against Energy Future Holdings Corp. in the amount of $15,250.00. Based on the Purchase Rate above PrimeShares is offering to pay you $13,725.00 for your claim

Claims will be purchased on a first offered, first accepted basis and, we reserve the right not to accept any claims presented, at Primeshares' sole discretion. For more information on PrimeShares and our services please visit www.primeshares.com.

If you are interested in accepting this offer please visit www.primeshares.com/docs and enter access key **6RN8P** to Esign the available Trade Confirmation on or before **November 28, 2014**. As an alternative please execute the attached Trade Confirmation and return it via facsimile to the attention of **Alex Ardolino** at (212) 889-2232 or 2231. If you have any questions in reference to this offer please contact me at (212) 889-3652 or via email at AA@primeshares.com.

Sincerely,

*Alex Ardolino* (signature)

Alex Ardolino
Vice President



**PRIME SHARES**

261 Fifth Avenue
22nd Floor
New York, NY 10016
Tel: 212.889.9700
Fax: 212.889.2232

November 11, 2014


Robinson Joann M
1716 Chattanooga Pl
Apt 1633
Dallas, TX 75235-6162

Re:     **Luminant Generation Company LLC**
        *Purchase Rate: 90%*

Dear Sir or Madam:

PrimeShares World Markets, LLC ("PrimeShares"), is interested in purchasing your 503(b)9 Administrative Claim against Luminant Generation Company LLC in its 2014 bankruptcy proceedings. According to court records, you are currently listed as having a 503(b)9 Administrative Claim against Luminant Generation Company LLC in the amount of $3,477.94. Based on the Purchase Rate above PrimeShares is offering to pay you $3,130.15 for your claim

Claims will be purchased on a first offered, first accepted basis and, we reserve the right not to accept any claims presented, at Primeshares' sole discretion. For more information on PrimeShares and our services please visit **www.primeshares.com**.

If you are interested in accepting this offer please visit **www.primeshares.com/docs** and enter access key **KFSK2** to Esign the available Trade Confirmation on or before **November 28, 2014**. As an alternative please execute the attached Trade Confirmation and return it via facsimile to the attention of **Alex Ardolino** at **(212) 889-2232** or **2231**. If you have any questions in reference to this offer please contact me at (212) 889-3652 or via email at **AA@primeshares.com**.

Sincerely,

*Alex Ardolino*

Alex Ardolino
Vice President

**FAIR HARBOR CAPITAL, LLC**
1841 Broadway Suite 1007
New York, NY 10023

Tel.: (212) 967-4035
Fax: (212) 967-4148

**FAIR HARBOR**
C A P I T A L

January 5, 2015

Robinson, Joann M
1716 Chattanooga Pl, Apt 1633
Dallas, TX  75235

> **Re:    Energy Futures Holdings, TXU Energy, Luminant, et al.,**
> **United States Bankruptcy Court, District Of Delaware**
> **Case No(s) (Jointly Administered Under Case No 14-10979)**

Dear Sir or Madam:

This letter shall serve to confirm that Fair Harbor Capital, LLC will not be purchasing your bankruptcy claim with respect to the above-referenced case.

I thank you for your consideration.

Sincerely,

Fredric Glass

*FAIR HARBOR CAPITAL, LLC*

Tel:   212.967.4035
Fax:   212.967.4148

> **Convert Your Claim to CASH**
> **Remove Risk and Put Your Funds to Work**
> **Expires in 3 Weeks!**

Wednesday, December 17, 2014

Credit Manager
ROBINSON, JOANN M
1716 CHATTANOOGA PL APT 1633
DALLAS, TX 75235-6162
RE:            Energy Future Holdings Corp., ET AL.
                 *fka TXU Corporation, et al.*
               U.S. Bankruptcy Court, District of Delaware
               Bankruptcy Petition #: 14-10979, et al.

Dear Sir or Madam:

Energy Future Holdings Corp., ET AL. has filed for Chapter 11 Bankruptcy protection and all pre-existing debts can
only be paid pursuant to an Order of the Bankruptcy Court or once the Bankruptcy Court approves a plan of
reorganization, and then can only be paid in accordance with the approved plan.  Bankruptcy court records show you
are owed for your unpaid invoices.

**This letter is an indication of our interest in purchasing your delinquent receivables <u>that have Administrative
Priority</u> for:**

**Rate of Purchase:          82%  (Eighty-two percent) of that amount owed.**

**This indication of interest expires at close of business on January 16th, 2015** and is subject to further due
diligence and mutually agreeable documents of transfer. This indication of interest is on a first come, first-serve basis
and the allocation for this case is limited.  If you are interested in selling these receivables please:

- Sign the Assignment of Claim where indicated, filling out the amount owed that has
  Administrative priority.
- Fax to 212 967 4148 or email to <u>proposals@fairharborcapital.com</u> the entire document to us.

Please do not hesitate to call Victor Knox at 866 967 4035 with any questions or email at
<u>vknox@fairharborcapital.com</u>.

Sincerely,


Victor Knox

Please note, Fair Harbor Capital, LLC is an independent investment company not affiliated with or hired by the Debtor or the Bankruptcy Court.



1841 Broadway, 10th Floor,  New York, New York  10023                           www.FairHarborCapital.com

## ASSIGNMENT OF CLAIM

**ROBINSON, JOANN M**, having a mailing address at **1716 CHATTANOOGA PL APT 1633,DALLAS, TX 75235-6162, ,**    ("Assignor"), in consideration of the sum of:

**82% (Eighty-two percent) of the Administrative Amount of your claim (the "Purchase Price"),**

does hereby transfer to **FAIR HARBOR CAPITAL, LLC**, as agent ("Assignee"), having an address at 1841 Broadway, Suite 1007, New York. NY 10023, all of Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth against **Energy Future Holdings Corp., ET AL.** ("Debtor"), Debtor(s) in proceedings for reorganization (the "Proceedings") in the **United States Bankruptcy Court, District of Delaware** (the "Court"), Case Nos. 14-10979, et al., Jointly Administered Under Case No 14-10979 in the currently outstanding amount of ~~$13,325.00 JmR.~~

not less than $ ~~$13,325.00 JmR.~~ (enter the amount of your claim that has Administrative Priority) (the "Claim"), and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim, if any, identified below and Assignor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest ~~. $13,325.00 JmR.~~

Assignor represents and warrants that a Proof of Claim in the amount of ~~$13,325.00~~ has been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment) and such Claim, or a portion of the Claim, is not less than amount listed above, and is a valid Administrative Claim and that no objection to the Claim exists; the Claim is a valid, enforceable claim against the Debtor; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other similarly situated creditors; the Claim is not subject to any factoring agreement. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demand that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor hereby agrees that in the event that Assignor has assigned or sold or does assign or sell the Claim to any other party or has or does receive any other payment in full or partial satisfaction of, or in connection with the Claim, or any third party has assigned or sold or does assign or sell the Claim to any other party or has received or shall receive on behalf of Assignor, payment in full or partial satisfaction of, or in connection with the Claim, and Assignee does not receive the allocated distribution with respect to the Claim from the Debtor's estate on account of such other assignment or sale, then the Assignor shall immediately reimburse to Assignee all amounts paid by Assignee to Assignor, plus an amount equal to an additional thirty-five percent (35%) of the Claim amount as liquidated damages suffered by Assignee on account of such other assignment or sale to the other party. Assignor further agrees to pay all costs and attorney fees incurred by Assignee to collect such amounts.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, subordinated, reclassified, objected to or otherwise impaired for any reason whatsoever in whole or in part, or if the Claim is not listed on the Schedule, or listed on the Schedule as unliquidated, contingent or disputed, or listed on the Schedule in a lesser amount than the Claim Amount together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all costs, and expenses, including reasonable legal fees and costs, incurred by assignee as a result of such disallowance.   In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and, at Assignee's option only, Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights there under pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim

and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Assignee has paid for the Claim, Assignor shall immediately remit to Assignee all monies paid by Assignee in regard to the Claim and ownership of the Claim shall revert back to Assignor.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

Assignee shall not be responsible for filing any Proof of Claim, document, motion or any pleading on your behalf.

If Assignor fails to negotiate the distribution check issued to Assignor on or before ninety (90) days after issuance of such check, then Assignee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Assignee's bank account, and Assignor shall be automatically deemed to have waived its Claim. Unless Assignee is informed otherwise, the address indicated on this Assignment of Claim shall be the proper address for distribution purposes unless a Proof of Claim has been filed, in which case the address on the Proof of Claim shall be utilized for such.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may withdraw the transfer or subsequently transfer the Claim back to Assignor pursuant to Rule 3001 (e) of the FRBP if, in Assignee's sole and absolute discretion, Assignee determines that due diligence is not satisfactory. In the event Assignee transfers the Claim back to Assignor or withdraws the transfer, at such time both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment of Claim. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this __26__ day of __December__, 2014

ROBINSON, JOANN M

By: _JoAnn M Robinson_          _JoAnn M. Robinson_     _972-898-7183= 214.718-8961_
(Signature)                     Print Name/Title         Telephone

By: _____
Fredric Glass - Fair Harbor Capital, LLC

# Transfer of Claim

# ENERGY FUTURE HOLDINGS CORP., *et al.*

This agreement (the "Agreement") is entered into between *JoAnn Marie Robinson* ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1.  Assignor in consideration of the sum of **87 % (Eighty-Seven Percent) of the current amount outstanding on the Assignor's administrative expense 503(b)(9) claim** (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, including the right to amounts owed under any executory contract and any respective cure amount related to the potential assumption and cure of such a contract (the "Claim"), against Energy Future Holdings Corp.., *et al.* (affiliates, subsidiaries and other related debtors) (the "Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court District of Delaware, in the current amount of not less than *$3,477.94 Luminant Generation Company LLC $3,130.15* [insert the amount due, **which shall be defined as "the Claim Amount"**], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim, right to litigate, receive litigation proceeds and any and all voting rights related to the Claim . The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2.  Assignor represents and warrants that the entire Claim Amount listed above is a valid administrative expense priority claim under Bankruptcy Code Section 503(b)(9) as a result of goods delivered to and received by the Debtor in the ordinary course of business and within twenty days prior to the petition date of April 29, 2014 (specifically April 10, 2014 thru April 28, 2014) and for which the Debtor has not paid.

3.  Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

4.  Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party. that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

5.  Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. To the extent necessary, Assignor grants to Assignee a Power of Attorney whereby the Assignee is authorized at Assignee's own expense to defend against all avoidance actions, preferential payment suits, and fraudulent conveyance actions for the benefit of the Assignor and the Assignee; however Assignee has no obligation to defend against such actions. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

6.  Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

7.  In the event that the Proceedings are dismissed from the Bankruptcy Court or converted from a Chapter 11 reorganization to a Chapter 7 liquidation, Assignor agrees to immediately refund and pay to Assignee a pro-rata share of the Purchase Price equal to the ratio of any amount of the Claim that remains unpaid by the Debtor divided by the Claim, plus 8% interest per annum from the date of this Agreement. Additionally, in the event that the Claim is reclassified to not be a valid administrative expense priority claim under Bankruptcy Code Section 503(b)(9), or disallowed, reduced, subordinated or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim reclassified, disallowed, subordinated, or impaired divided by the Claim, plus 8% interest per annum from the date of this Agreement. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

8.  To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee or James S. Riley as its true and lawful attorney, as the true and lawful agent and special attorneys-in-fact of the Assignor with respect to the Claim, with full power of substitution (such

# Sierra Liquidity Fund, LLC



19772 MacArthur Blvd., Suite 200, Irvine, CA 92612
949-660-1144 extension 10 or 22; fax: 949-660-0632          saugust@sierrafunds.com

Offer to Purchase Claims and Accounts Receivable due from

# ENERGY FUTURE HOLDINGS CORP., *et al.*

### A/K/A

## TXU Energy Retail Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC & Oak Grove Management Company LLC

### Currently in Chapter 11 Bankruptcy Reorganization

This offer is only for Claims that are for account receivables that were payable and due prior to the Bankruptcy Petition of the Debtor, April 29, 2014, AND are the result of GOODS delivered to and received by Energy Future Holdings Corp., et al. between April 10, 2014 thru, and including, April 28, 2014. The Debtor may be current on post-petition invoices, but is not allowed to pay on certain pre-petition debt until the Bankruptcy Court approves a Plan of Reorganization or Liquidation:

## 87% (Eighty-Seven Percent) of the Current Amount Outstanding

Payment within Ten Working Days of Receipt of Transfer of Claim

Our Fund and affiliated funds have purchased over $150,000,000 of illiquid assets as principals from over 20,000 firms and individuals. This has made our firm a reliable and experienced source for impaired asset liquidity. The following are several reasons why you may want to sell your Trade Claim:

- Eliminate Credit Risk in Exchange for 87 % Payment: Selling your Claim will provide you with a Cash Payment equal to 87 % of the amount of your Claim and eliminate the risk that you may receive less than this amount at the emergence from bankruptcy.

- Immediate Liquidity: A sale will result in immediate conversion of an impaired invoice into cash.

- Length of Bankruptcy: According to Standard and Poor's, the typical length of a major Chapter 11 reorganization bankruptcy from the initial filing of the petition to actual distribution of funds or securities, if any, to creditors is approximately 2 ½ years.

- Eliminate the Bankruptcy Court & Petitioner Correspondence: Typically, Chapter 11 Reorganization requires a great deal of correspondence between the Petitioner, the Court, and the Creditors. The sale of your Trade Claim will curtail the correspondence to you and eliminate the responsibility to follow the proceedings.

An Agreement of Transfer and Assignment is enclosed which you can use to accept our offer. You must fill out all of the spaces as indicated, including the amount that is owed to your Company by Energy Future Holdings Crop., et al. You must also include copies of all Invoices, Purchase Orders, Proofs of Delivery / Bill of Ladings that support your claim. Please execute this document completely and return it in the enclosed envelope along with the required supporting documentation. We reserve the right to reject any claims presented for any reason whatsoever. We reserve the right to withdraw this offer at any time. This offer only applies to claims owed by Energy Future Holdings Corp., et al. as a result of GOODS delivered to and received by Energy Future Holdings Corp., et al. between April 10, 2014 and April 28, 2014. To expedite the process you may email or fax the Transfer Agreement and all supporting documentation to saugust@sierrafunds.com or fax to 949-660-0632, however you must also return via mail the Transfer Agreement with an original signature.

Please call 949-660-1144, ext 10 or 22, if you have any questions.

Sierra Liquidity Fund, LLC

**Energy Future Holdings**

January 9, 2015

We are writing to you today about the claim (or claims) you filed as part of Energy Future Holdings' Chapter 11 proceedings.

The company is unable to accept your claim(s) – number(s) 4959 – at this time. Our response to your claim(s) is detailed in the enclosed materials.

As indicated in the enclosed Notice, which has been customized to address your claim and the company's response to your claim, if you have a response, you must file it with the Bankruptcy Court on or before January 23, 2015.

If you have any questions, please call our dedicated telephone hotline at (212) 390 4134 or send your contact information to efhcorrespondence@kirkland.com and a representative will be in touch with you shortly.

Thank you.

OneSite - Final account statement : JoAnn Robinson                    Page 1 of 1

**Providence Mockingbird**
1853 W Mockingbird Ln
Dallas, TX 75235

CASE No: 14-10979

Claim No: 4959

Subjournal: RESIDENT
Robinson, JoAnn
1853 Mockingbird Lane #3201
Dallas, TX 75235

## Final account statement - Revised

| Ledger Account at move-out | | | FAS Prepared | |
|---|---|---|---|---|
| Balance at move-out | 0.00 | | Date | 07/22/2014 |
| * See the itemized charges for a complete listing of the work. | | | User | Gin, Holly |

| Deposit Activities | | | Pay to | |
|---|---|---|---|---|
| Total Deposits on hand | 0.00 | | Robinson, JoAnn | |

| Additional charges/credits/payments after move-out | | |
|---|---|---|
| oven cleaning | 25.00 | |
| Payment By Money Order - Robinson | (25.00) | |
| unusual wear and tear on carpet | 50.00 | |
| Total additional charges / credits / payments | 50.00 | |

| Lease Information  - Unit  3201 | |
|---|---|
| Move-in | 03/08/2012 |
| Notice given | 12/16/2013 |
| Lease expires | 02/28/2014 |
| Move-out | 03/06/2014 |
| Move-out reason | **Moving home** |

| Final Account balance | |
|---|---|
| Balance at move-out | 0.00 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 50.00 |
| Total account balance due | 50.00 |

---

Your account reflects a balance due. Please remit payment in full upon receipt of this notice to avoid account placement with collection agency. If you have any questions regarding the charges, please feel free to contact the Property Manager at 214-638-8100. Thank You.

---

Manager

**Providence Mockingbird**
1853 W Mockingbird Ln
Dallas, TX 75235

*Case No: 14-10979*
*Claim No: 4959*

*Fax ... ... ... x*
*To: ...*

Subjournal: RESIDENT
Robinson, JoAnn M
1873 W Mockingbird Ln Apt 3201
Dallas, TX 75235-5039

## Final account statement - Revised

| Ledger Account at move-out | | | FAS Prepared | |
|---|---|---|---|---|
| Balance at move-out | | 0.00 | Date | 03/14/2012 |
| * See the itemized charges for a complete listing of the work. | | | User | Gin, Holly |
| | | | | |
| **Deposit Activities** | | | **Pay to** | |
| Total Deposits on hand | | 0.00 | Robinson, JoAnn M | |
| | | | | |
| **Additional charges/credits/payments after move-out** | | | | |
| Total additional charges / credits / payments | | 0.00 | | |
| | | | | |
| **Final Account balance** | | | **Lease information  - Unit  1104** | |
| Balance at move-out | | 0.00 | Move-in | 02/28/2011 |
| Total Deposits | | 0.00 | Notice given | 01/03/2012 |
| Total additional charges / credits / payments | | 0.00 | Lease expires | 01/31/2012 |
| No account balance | | 0.00 | Move-out | 03/09/2012 |
| | | | Move-out reason | Transfer on Site |

| No account balance |
|---|

Manager

**Providence Mockingbird**
1853 W Mockingbird Ln
Dallas, TX  75235

*Case No:*
*14-10979*

*Claim No: 4959*

*Fax :*
*To :*

Subjournal: RESIDENT
Joann Robinson
1853 Mockingbird Lane #1106
Dallas, TX  75235

## Final account statement

| Ledger Account at move-out | | | FAS Prepared | |
|---|---|---|---|---|
| SR# 2052-1: Repl. microwave door handle 0 Hours,0 Minutes | | 25.00 | Date | 03/08/2011 |
| Balance at move-out | | 25.00 | User | Gin, Holly |
| * See the itemized charges for a complete listing of the work. | | | | |
| | | | **Pay to** | |
| **Deposit Activities** | | | Robinson, Joann (DC) | |
| Deposit Received | | (150.00) | | |
| Total Deposits on hand | | (150.00) | | |
| | | | **Lease information  - Unit  1106** | |
| **Additional charges/credits/payments after move-out** | | | Move-in | 10/11/2006 |
| Total additional charges / credits / payments | | 0.00 | Notice given | |
| | | | Lease expires | 10/10/2011 |
| **Final Account balance** | | | Move-out | 03/04/2011 |
| Balance at move-out | | 25.00 | Move-out reason | Transfer on Site |
| Total Deposits | | (150.00) | | |
| Total additional charges / credits / payments | | 0.00 | | |
| Account balance - refund due | | (125.00) | | |

> Thank you for choosing Providence Mockingbird as your home. Your refund will follow within 30 days. If you have questions please feel free to contact the Property Manager at 214-638-8100.

Manager

**Providence Mockingbird**
1853 W Mockingbird Ln
Dallas, TX 75235

*Case No:*
*14-10979*

*Claim No:*
*4959*

Subjournal: RESIDENT
Robinson, JoAnn M
1873 W Mockingbird Ln Apt 3201
Dallas, TX 75235-5039

## Final account statement - Revised

| Ledger Account at move-out | | FAS Prepared | |
|---|---|---|---|
| Balance at move-out | 0.00 | Date | 03/14/2012 |
| * See the itemized charges for a complete listing of the work. | | User | Gin, Holly |

| Deposit Activities | | Pay to | |
|---|---|---|---|
| Total Deposits on hand | 0.00 | Robinson, JoAnn M | |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | 0.00 |

| Final Account balance | | Lease information  - Unit 1104 | |
|---|---|---|---|
| Balance at move-out | 0.00 | Move-in | 02/28/2011 |
| Total Deposits | 0.00 | Notice given | 01/03/2012 |
| Total additional charges / credits / payments | 0.00 | Lease expires | 01/31/2012 |
| No account balance | 0.00 | Move-out | 03/09/2012 |
| | | Move-out reason | Transfer on Site |

| No account balance |
|---|

Manager

LOCATION: 112
TIME STAMP: 13:07:27
DATE STAMP: 12-30-2014

ORGAN DONOR: N
VOTER REGISTRATION:   N

RECEIPT NUMBER: 405DLA026895261

MAILING ADDRESS
1716 CHATTANOOGA PL
DALLAS, TX 75235  - 0000

For driver license related questions, please call 512-424-2600 or refer to the the DPS website at www.dps.texas.gov or at www.texas.gov.
- Your DL/ID Card will be processed and mailed within 30-60 days.
- You must continue to carry this Temporary Permit until your new card is received.
- For roadside assistance related to the following issues, please call 1-800-525-5555.
  - Stranded with car problems
  - Hazardous road conditions
  - Debris in the roadway

**TEXAS DEPARTMENT OF PUBLIC SAFETY**
TEMPORARY IDENTIFICATION CARD VALID UNTIL 02-13-2015

DL/ID/LNL NUMBER: 25590557    CARD TYPE: ID

**NAME: ROBINSON,**
**JOANN M**

**ADDRESS:**
**1716 CHATTANOOGA PL**
**DALLAS, TX 75235  - 0000**

DATE OF BIRTH: 03-28-1987     EXPIRATION DATE: 03-28-2020
SEX: F     HEIGHT: 5'02"     ISSUANCE DATE: 12-30-2014
EYE COLOR: BRO

SIGNATURE

EMPLOYEE

L3107114

# CERTIFICATE OF LIVE BIRTH

BIRTH
NO. 117-1967-004-00536

| 1A CHILD'S LAST NAME | 1B FIRST NAME | 1C SECOND NAME |
|---|---|---|
| ROBINSON | JOANN | MARIE |

| 2A BIRTH DATE | 2B TIME OF BIRTH | 3 SEX | 4 NUMBER BORN | 5 BIRTH ORDER |
|---|---|---|---|---|
| MARCH 28, 1967 | 1:35 PM | FEMALE | SINGLE | |

**6A PLACE OF BIRTH (CITY, TOWN, OR LOCATION)**
NEW ORLEANS

**6B PARISH OF BIRTH**
ORLEANS

**6C NAME OF HOSPITAL OR INSTITUTION**
*CHARITY HOSPITAL OF LA

**7A RESIDENCE OF MOTHER (CITY, TOWN, OR LOCATION)**
NEW ORLEANS

| 7B PARISH | 7C STATE | 7D ZIP CODE |
|---|---|---|
| ORLEANS | LOUISIANA | 70126 |

**7E STREET ADDRESS OF RESIDENCE**
4804 RAY AVE

| 8A FATHER'S LAST NAME | 8B FIRST NAME | 8C SECOND NAME |
|---|---|---|
| ****** | ****** | ***** |

**8D CITY AND STATE OF BIRTH (IF NOT U.S., NAME OF COUNTRY)**
*****

**8E AGE AT THIS BIRTH**
**

| 9A MOTHER'S MAIDEN NAME | 9B FIRST NAME | 9C SECOND NAME |
|---|---|---|
| ROBINSON | PEARLIE | MAE |

**9D CITY AND STATE OF BIRTH (IF NOT U.S. NAME OF COUNTRY)**
COFFEEVILLE, MISSISSIPPI

**9E AGE AT THIS BIRTH**
23

| FILED | DATE ISSUED |
|---|---|
| MARCH 30, 1967 | OCTOBER 3, 2006 |

THE ABOVE IS A TRUE CERTIFICATION OF NAME AND
BIRTH FACTS ON FILE IN THE VITAL RECORDS REGISTRY
OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S.
40:32, ET SEQ.



DHH - OPH

A REPRODUCTION OF THIS DOCUMENT IS
VOID AND INVALID. DO NOT ACCEPT COPIES.