**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket Ref. No. 3338** |
| | ) | |
| | ) | <u>Obj. Deadline</u>:  2/4/15 (extended by agreement with the Debtors) |
| | ) | <u>Hearing Date</u>:  2/10/15 |
| | ) | |

**RESPONSE OF THE AD HOC COMMITTEE OF TCEH FIRST LIEN CREDITORS TO
THE SECOND MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.,* FOR
ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO
FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
<u>PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE</u>**

The ad hoc committee of certain unaffiliated holders of first lien senior secured

claims against the TCEH Debtors[1] (the "<u>Ad Hoc Committee of TCEH First Lien Creditors</u>"), by

and through its undersigned counsel, hereby files this response to the *Second Motion of Energy*

*Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to*

*File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the*

*Bankruptcy Code* [Docket No. 3338] (the "<u>Exclusivity Motion</u>") and respectfully represents as

follows:[2]

---

[1]    As used herein, the "<u>TCEH Debtors</u>" means, collectively, Texas Competitive Electric Holdings Company LLC ("<u>TCEH</u>"), Energy Future Competitive Holdings Company LLC ("<u>EFCH</u>"), and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.

[2]    Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Exclusivity Motion.

## RESPONSE

1.      The Ad Hoc Committee of TCEH First Lien Creditors, whose members hold, in the aggregate, more than $14 billion of first lien secured claims against the TCEH Debtors, does not object to the reduced four-month exclusivity extension that the Debtors, through their counsel, have informed us that they have agreed to instead request.  The Ad Hoc Committee of TCEH First Lien Creditors expects, however, that over the next 30 to 60 days it will become clear whether the Debtors' preferred outcome—a tax-free deconsolidation—is achievable.  Absent demonstrable progress toward that end, the Ad Hoc Committee of TCEH First Lien Creditors expects that the TCEH Debtors themselves (at the direction of their independent director) will act immediately to pursue the only viable and value-maximizing restructuring path remaining—a taxable deconsolidation.  And if the TCEH Debtors continue to refuse to pursue that path, the Ad Hoc Committee of TCEH First Lien Creditors will move to terminate exclusivity to prosecute a taxable deconsolidation plan.

2.      The Ad Hoc Committee of TCEH First Lien Creditors' current acquiescence to a reduced extension should not be confused for an endorsement of the TCEH Debtors' chosen case trajectory to date.   To the contrary:  by focusing their restructuring efforts principally (if not entirely) on the issues affecting the "E-Side Debtors,"[3] the Debtors have done little to advance the interests of the TCEH Debtors towards emerging from chapter 11, and have entirely ignored the Ad Hoc Committee of TCEH First Lien Creditors' preferred path of a taxable deconsolidation plan.

3.      Although the Debtors emphasize that plan discussions are in their "early stages," and frequently cite the complexity of these cases as a reason for the lack of progress to

---

[3]     As used herein, the "E-Side Debtors" means, collectively, Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH") and EFH's other subsidiaries that are not TCEH Debtors.

date, the reality is that (i) negotiations regarding a tax-free restructuring commenced approximately fifteen months before the Petition Date and have been ongoing for nearly two years; and (ii) the complexity of these cases has to some extent been self-created because of the Debtors' unwavering desire to complete a tax-free separation plan.  Indeed, since restructuring discussions began nearly two years ago, the Debtors have committed themselves exclusively to a restructuring path that would avoid triggering any taxes at EFH, even though a taxable deconsolidation plan is likely value maximizing from the perspective of the TCEH Debtors' estates.

4.     For the last two years, the Ad Hoc Committee of TCEH First Lien Creditors, at the request of the E-Side Debtors, has patiently engaged with the Debtors and other constituencies in good-faith pursuit of a tax-free restructuring.  Arduous prepetition negotiations culminated in an agreement among certain of the Debtors' largest creditors on the terms of a tax-free restructuring, which was embodied in the restructuring support agreement (the "RSA") executed shortly before the Petition Date.  Under the RSA, certain members of the Ad Hoc Committee of TCEH First Lien Creditors agreed to support a tax-free restructuring and trade the value they would otherwise realize through a taxable transaction in exchange for, among other terms, the Debtors' commitment to satisfy critical restructuring milestones that would minimize the administrative costs and business risks associated with a drawn-out chapter 11 process.  As this Court is well aware, the Debtors failed to satisfy any of these milestones (thus depriving the TCEH first lien creditors of the fundamental benefit of their bargain), failing to get the RSA even approved, and then ultimately terminating it.

5.     In the six months since, these chapter 11 cases have languished with little direction.  While the Debtors remain resolute in their preference for a tax-free restructuring, and

have convened a number of meetings to foster plan negotiations, no demonstrable progress has been made.  Yet despite having traversed this terrain countless times, in recent weeks certain of the Debtors' key stakeholders (including the Ad Hoc Committee of TCEH First Lien Creditors) once again reengaged in negotiating a tax-free restructuring.  The Ad Hoc Committee of TCEH First Lien Creditors remains willing to continue pursuing a tax-free restructuring during a reduced exclusivity period of up to four months, so long as real progress is being made, and if under such restructuring the TCEH first lien creditors are reasonably compensated for the significant value they would forgo in a tax-free restructuring.  But the events during the first ten months of these cases should temper any expectation that a tax-free restructuring is within reach.  Moreover, given the public indications of interest expressed by NextEra Energy, a sale of EFH's indirect equity interest in Oncor could produce significant residual value at EFH that could provide a meaningful recovery on account of any potential tax claim arising from a taxable deconsolidation of the TCEH Debtors, thereby mitigating the Debtors' rationale, as set forth in their *Omnibus Tax Memorandum* [Docket No. 2296], to restructure TCEH on a tax-free basis.

6.    With the approval of the Oncor bidding procedures and the Debtors' request for a further extension of exclusivity, during which they will continue to try to coalesce creditor support for a tax-free restructuring, the TCEH Debtors' chapter 11 cases are now at a critical juncture.  Although the Ad Hoc Committee of TCEH First Lien Creditors hopes that pending creditor discussions, together with the upcoming Oncor auction, provide the impetus for a global and largely consensual tax-free restructuring plan, the Ad Hoc Committee of TCEH First Lien Creditors is skeptical that such discussions will ultimately bear any fruit.  Whether these negotiations succeed or fail should become apparent in the next 30 to 60 days (not the four months the Debtors are now willing to accept, let alone the eight months they initially sought).

Thus, if these negotiations falter during the next 30 to 60 days, the Ad Hoc Committee of TCEH First Lien Creditors expects that the TCEH Debtors themselves (at the direction of their independent director) will act immediately to pursue the only viable and value-maximizing restructuring path remaining—a taxable deconsolidation.  And if the TCEH Debtors continue to refuse to pursue that path, the Ad Hoc Committee of TCEH First Lien Creditors will move to terminate exclusivity to prosecute a taxable deconsolidation plan.

7.    The TCEH Debtors' only viable path out of chapter 11 requires the support of the TCEH first lien creditors, whose secured claims exceed the debt capacity of a reorganized TCEH by many billions of dollars.  The Ad Hoc Committee of TCEH First Lien Creditors is willing to give a tax-free restructuring one last try, but three times in the past two years critical stakeholders of the TCEH Debtors and E-Side Debtors have failed to reach agreement on a comprehensive tax-free restructuring plan.  If the Debtors fail yet again to achieve their desired result during this additional exclusivity period, the TCEH Debtors' estates and their stakeholders should not be forced to bear the costs, delays, and uncertainty of continuing to pursue the same ill-fated plan.  In other words, the Ad Hoc Committee of TCEH First Lien Creditors sees this as the Debtors' last opportunity to achieve a tax-free restructuring.

*[SIGNATURE PAGE FOLLOWS]*

Dated: February 4, 2015  
Wilmington, Delaware

/s/ Ryan M. Bartley

**YOUNG CONAWAY STARGATT &**
**TAYLOR, LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M. Bartley (Bar No. 4985)
Andrew L. Magaziner (Bar No. 5426)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Kelley A. Cornish (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien*
*Creditors*