## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: March 10, 2015 at 9:30 a.m.** |
| | ) | **Objection Deadline: February 18, 2015 at 4:00 p.m.** |

### MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE KPMG DEBTORS AND KPMG DEBTORS IN POSSESSION TO ESTABLISH PROCEDURES TO SUBMIT ADDITIONAL AGREEMENTS THAT EXPAND THE RETENTION AND EMPLOYMENT OF KPMG LLP AS BANKRUPTCY ACCOUNTING, TAX, AND IT ADVISORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"),  pursuant to sections 327(a) and 328 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014(a) and 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-2

of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order*

*Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax*

*Advisors Effective* Nunc Pro Tunc *to the Petition Date* including the attached engagement letter

(collectively the "Original Order") [D.I. 2054], the *Order Granting the Motion of Energy Future*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Holdings Corp., et al., for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in Possession to Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to August 1, 2014* (the "Additional Services Order") [D.I. 3048], authorizing Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services Company ("EFH Corporate Services" and together with EFCH, TCEH, and their direct and indirect Debtor-subsidiaries, the "KPMG Debtors") to establish procedures to submit additional agreements and statements of work ("Additional Agreements") that expand the scope of the retention and employment of KPMG LLP ("KPMG") as bankruptcy accounting, tax, and information technology ("IT") advisors. In support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Bankruptcy Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

3.     The bases for the relief requested in this Motion are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2.

### Relief Requested

4.     By this Motion, the Debtors seek entry of an Order approving procedures for the KPMG Debtors to submit Additional Agreements that expand the scope of the retention and employment of KPMG LLP ("KPMG") as bankruptcy accounting, tax, and IT advisors from time to time as required by the Debtors.

### Background

5.     On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I.    KPMG's Services to the KPMG Debtors.

6.    Upon entry of the Original Order, KPMG provides accounting, financial reporting, and tax advisory services as KPMG and the KPMG Debtors deem appropriate and feasible in order to advise the KPMG Debtors during the course of these chapter 11 cases.[2] Additionally, upon entry of the Additional Services Order, KPMG provides IT services necessary to maintain the KPMG Debtors' technological infrastructure.[3]    KPMG may also provide other accounting, tax, and IT advisory services as may be requested from time to time. These services are crucial to the KPMG Debtors' reorganization in these chapter 11 cases.

## II.    Proposed Additional Agreements Procedures.

7.    As the Debtors' chapter 11 cases continue, the KPMG Debtors intend to continue to enter into Additional Agreements with KPMG to supplement existing services already being performed by KPMG.  Given the nature of KPMG's work for the KPMG Debtors, KPMG and the KPMG Debtors will need to enter into Additional Agreements periodically throughout the bankruptcy.  To the extent that the KPMG Debtors and KPMG enter into any Additional Agreements, the KPMG Debtors seek entry of the Order authorizing and approving the following Additional Agreements procedures (the "KPMG Procedures"):

> a.    The Debtors may file a notice with the Court (the "Notice") the proposed Additional Agreement(s) that the KPMG Debtors seek to be approved. The Additional Agreement(s) shall set forth, among other relevant information:  (i) the additional services KPMG will perform for the KPMG Debtors; (ii) amendments (if any) to already existing agreements

---

[2]    A detailed list of accounting and tax services may be found in the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 652].

[3]    A detailed list of IT services may be found in the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in Possession to Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting and Tax Advisors Nunc Pro Tunc To August 1, 2014* [D.I. 2892].

4

and/or statements of work between KPMG and the KPMG Debtors; and (iii) the fee structure and estimated aggregate costs for the services to be performed. The Debtors will cause the Notice to be served by first class mail upon (i) the U.S. Trustee; (ii) counsel to the TCEH Creditors' Committee; (iii) and counsel to the EFH Creditors' Committee (collectively, the "Notice Parties").

b.      Any objections to the proposed Additional Agreement(s) must be filed with the Court and served so as to be **actually received** by Debtors' counsel no later than fourteen (14) days after the date that the Debtors served the Notice to approve such Additional Agreement(s) (the "Objection Deadline").

c.      For any Additional Agreement(s) where no objection is filed and served by the Objection Deadline, such Additional Agreements are approved without need for any further action from the Court.

d.      If an objection is properly filed and served on the KPMG Debtors' counsel, as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled no earlier than fourteen (14) days after such objection was received to consider that objection. Such Additional Agreement(s) will only be deemed approved upon entry by the Court of a consensual form of order resolving the objection as between the objecting party and the KPMG Debtors, or upon further order of the Court after a hearing.

8.      The fee structure of any Additional Agreement will be based on reasonable terms and conditions, as well as the Original Order and Additional Services Order entered by this Court. Compensation for any services performed under any Additional Agreements will be made pursuant to the terms of the Original Order and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066]. The KPMG Debtors and KPMG will continue to ensure that the terms of the Additional Agreements are related to the services approved under the Original Order or the Additional Services Order. Any Additional Agreement where the scope of services goes beyond what is already approved in the Original Order or the Additional Services Order will not be subject to these proposed procedures and may only be approved upon motion to the Court.

5

9.    KPMG and the KPMG Debtors will continue to negotiate the terms and conditions of their Additional Agreements at arm's length as well as ensure that such terms and conditions are reasonable for bankruptcy accounting, tax, and IT advisor engagements and are in the best interests of the Debtors' estates, creditors, and all parties in interest.

<u>Basis for Relief</u>

**I.    The KPMG Procedures are in the Best Interests of the KPMG Debtors' Estates.**

10.    Given KMPG's familiarity with the KPMG Debtors' business and financial affairs, the KPMG Debtors believe that establishing a procedure to expand the scope of KPMG's engagement to include Additional Agreements is appropriate under the circumstances and in the best interests of the Debtor's estates.    As noted, the KPMG Debtors intend to enter into Additional Agreements with KPMG.    Establishing the KPMG Procedures will streamline the administration of the Additional Agreements and enhance the efficiency of the reorganization process. Without the KPMG Procedures, the KPMG Debtors will need to draft and submit a motion, order, and declaration for each proposed Additional Agreement that the KPMG Debtors seek to enter.    Multiple hearings may also need to be held.    As a result, the KPMG Procedures will eliminate substantial legal expenses.

11.    Additionally, the KPMG Procedures afford parties in interest the opportunity to be heard with respect to the approval of Additional Agreements, making the KPMG Procedures fair and reasonable to all parties.

**II.    Additional Agreements Approved Under the KPMG Procedures Satisfy the Retention Requirements Under Section 327(a) and 328(a) of the Bankruptcy Code.**

12.    The Court has already authorized the KPMG Debtors to retain KPMG in accordance with the Original Order and the Additional Services Order pursuant to sections

6

327(a) and 328(a) of the Bankruptcy Code.  Section 327(a) provides that a debtor subject to court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C § 327(a).

13.    Under section 328(a) of the Bankruptcy Code, with the court's approval, a debtor

in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on

any reasonable terms and conditions of employment, including on retainer, on an hourly basis,

on a fixed or percentage basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

14.    Moreover, Bankruptcy Rule 2014 requires that an application for retention

include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States Trustee, or any person employed in the office of the
> United States Trustee.

Fed. R. Bankr. P. 2014.

15.    Since the entries of the Original Order and the Additional Services Order, KPMG

and the KPMG Debtors have continued to enter into Additional Agreements.  These Additional

Agreements relate to KPMG's retention as bankruptcy accounting, tax, and IT advisors to the

KPMG Debtors.   As stated above, only Additional Agreements that are likewise related to

KPMG's retention as bankruptcy accounting, tax, and IT advisors may gain approval under the

7

KPMG Procedures. These services, therefore, would, in essence, have already been approved under KPMG's retention and satisfy the requirements set forth under sections 327(a) and 328(a) of the Bankruptcy Code.

### KPMG's Disinterestedness

16.    KPMG will continue to conduct further reviews of its professional contacts as it becomes aware of new parties in interest. As of this time, to the best of the KPMG Debtors' knowledge, KPMG continues to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code. KPMG holds no interest adverse to the KPMG Debtors or their estates for the matters for which KPMG is to be employed. KPMG has no connection to the KPMG Debtors, their creditors, or their related parties herein except as otherwise disclosed in the *Application of Energy Future Holdings Corp.*, et al., *for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 652]; the *Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings Corp.*, et al., *for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 652, Ex. B]; the *Supplemental Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings Corp.*, et al., *for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1969]; the *Second Supplemental Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings Corp.*, et al., *for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2038]; the

8

*Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Authorizing the KPMG*
*Debtors and KPMG Debtors in Possession to Expand the Retention and Employment of KPMG*
*LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to August 1, 2014*
[D.I. 2892]; and the *Declaration of Thomas D. Bibby in Support of the Motion of Energy Future*
*Holdings Corp.*, et al., *for Entry of an Order Authorizing the KPMG Debtors and KPMG*
*Debtors in Possession to Expand the Retention and Employment of KPMG LLP as Bankruptcy*
*Accounting and Tax Advisors Effective* Nunc Pro Tunc *to August 1, 2014* [D.I. 2893].

## Notice

17.    The Debtors shall provide notice of this Motion on the date hereof via first class
mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) Proposed
Counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as
administrative agent under the TCEH first lien credit agreement and collateral agent under the
TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust
Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution
control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto;
(f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:
(i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes
due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0%
EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the
6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R)
due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare
Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH
senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien

notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) KPMG. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18.    No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  February 4, 2015
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

12