# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. ___ |

## SECOND ORDER EXTENDING THE DEBTORS' EXCLUSIVE
## PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
## THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each in its individual capacity, for entry of an order (this "Order") extending each Debtor's Filing Exclusivity Period through and including October 29, 2015, and each Debtor's Soliciting Exclusivity Period through and including December 29, 2015, all as more fully set forth in the Motion and the Keglevic Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of each Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

the Motion and (i) Response of the EFH Official Committee to the Second Motion of Energy

Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to

File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the

Bankruptcy Code (the "EFH Committee Statement"), (ii) (x) the Limited Objection of Alcoa Inc.

to Second Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Extending

Luminant's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof

Pursuant to Bankruptcy Code § 1121  (y) the Limited Objection of Wilmington Savings Fund

Society, FSB to Second Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order

Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances

Thereof Pursuant to Section 1121 of the Bankruptcy Code, and (z) the Limited Objection of the

EFIH Ad Hoc Committee to Second Motion of Energy Future Holdings Corp. et al., for Entry of

an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit

Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code (collectively, the

"Objections"), and (iii) the Response of the Ad Hoc Committee of TCEH First Lien Creditors to

the Second Motion of Energy Future Holdings Corp. et al., for Entry of an Order Extending the

Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant

to Section 1121 of the Bankruptcy Code (together with the EFH Committee Statement and the

Objections, the "Responses") and having heard the statements in support of the relief requested

therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and the Court having considered the Responses; and the Court having

overruled the Objections or the Debtors having otherwise resolved the Objections with the

2

objecting parties; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, each Debtor's Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including June 23, 2015.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, if the Debtors file a plan of reorganization on or before June 23, 2015, each Debtor's Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including August 23, 2015.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      Each Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE