**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1], | Case No. 14-10979 (CSS) |
| | Jointly Administered |
| Debtor. | **Hearing Date: March 10, 2015 at 9:30 a.m.(ET)**<br>**Response Deadline: March 3, 2015 at 4:00 p.m. (ET)** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP AS DELAWARE COUNSEL TO DEBTORS AND DEBTORS
IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC
AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC EFFECTIVE
*NUNC PRO TUNC* TO JANUARY 12, 2015 AND HEARING THEREON**

Debtors and debtors-in-possession Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC. ("TCEH" and together with EFCH and their debtor subsidiaries, the "TCEH Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto authorizing the TCEH Debtors to retain and employ McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC" or "McElroy") as their attorneys effective *nunc pro tunc* to January 12, 2015, to render professional services, under the supervision of Hugh E. Sawyer, the independent board member of the TCEH Debtors (the "TCEH Debtors' Disinterested Manager"), in connection with "Conflict Matters", as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the respective resolutions of the ECFH and TCEH Board of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 7520 I. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Managers dated November 7, 2014 and December 9, 2014 attached hereto as **Exhibit A** (collectively the "Resolutions"), including the determination by the TCEH Debtors' Disinterested Manager of whether any matter constitutes a "Conflict Matter" (collectively, "Conflict Matters"). In support of this Application, the TCEH Debtors submit the declaration of David P. Primack, an attorney at McElroy (the "Primack Declaration"), which is attached hereto as **Exhibit B**, and the declaration of Hugh E. Sawyer, which is attached hereto as **Exhibit C** (the "Sawyer Declaration"). In further support of this Application, the TCEH Debtors respectfully state as follows:

### Jurisdiction

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the TCEH Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1 and 2016.

**Background**

4. On April 29, 2014 (the "Petition Date"), each of EFH Corp. and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors composed of creditors of the TCEH Debtors and their direct and indirect affiliates and of creditors of EFH Corporate Services Company (collectively, the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors composed of creditors of Debtors EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc. and EECI, Inc. (collectively, the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Committees") in these chapter 11 cases on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] (the "First Day Declaration").

**Relief Requested**

5. By this Application, the TCEH Debtors seek the entry of an Order authorizing the retention and employment of MDMC as Delaware counsel to the TCEH Debtors, effective as of January 12, 2015 to render professional services, under the supervision of the TCEH Debtors' Disinterested Manager, in connection with "Conflict Matters," as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the

Resolutions, in accordance with the terms and conditions set forth in that certain engagement letter effective January 12, 2015 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit D**.

### MDMC's Qualifications

6.     The TCEH Debtors seek to retain MDMC because of MDMC's recognized expertise and experience in debtors' rights, business and financial restructuring, corporate, tax, real estate, insurance, and labor.  Its lawyers have significant experience representing the spectrum of key constituents in Chapter 11 proceedings—debtors, committees, lenders, bondholders, individual creditors (both secured and unsecured), liquidating trustees, and others, including advising on fiduciary duty issues.

7.     MDMC has become familiar with the Debtors' businesses, the status of its chapter 11 cases and the TCEH Debtors believe MDMC is well-qualified to represent the TCEH Debtors in an efficient and timely manner with respect to Conflict Matters.

### Services to Be Provided

8.     Subject to further order of the Court, and consistent with the Engagement Letter, the TCEH Debtors request the retention and employment of MDMC in connection with Conflict Matters as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the Resolutions. MDMC will not duplicate the efforts of its co-counsel Munger Tolls & Olson, LLP ("MTO") but will assist MTO as its Delaware counsel. Further, MDMC will not duplicate the efforts of Kirkland & Ellis, LLP ("K&E") or Richards, Layton & Finger, P.A. ("RLF"), whose role in these cases as primary restructuring counsel on matters, other than with respect to Conflict Matters, will remain unchanged.  MDMC shall use its

reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

### Professional Compensation

9. MDMC intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and shall cooperate with the fee committee appointed under the Fee Committee Order in the discharge of its duties. MDMC has agreed to be bound by the terms of the Fee Committee Order. MDMC also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by MDMC in these chapter 11 cases.

10. The hourly rates and corresponding rate structure MDMC will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that MDMC uses in other bankruptcy representations, and are comparable to the standard hourly rates and corresponding standard rate structure that MDMC uses for complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is

required. The standard hourly rates used by MDMC in representing the TCEH Debtors are consistent with the standard rates that MDMC charges other clients, regardless of the location of the client or the court in which the matter is pending.

11. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures. MDMC operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

12. MDMC and the TCEH Debtors have not agreed to any variations from, or alternatives to, MDMC's standard billing arrangements for this engagement. As discussed in more detail below, MDMC's rates are subject to periodic change in the ordinary course of business. MDMC's hourly rates for matters related to these chapter 11 cases effective from date of retention are as follows[2]:

|  |  |
|---|---|
| Partners and Of Counsel: | $450 to $600 |
| Associates: | $230 to $375 |
| Paralegals: | $165 to $230 |

13. The TCEH Debtors and MDMC in coordination with MTO expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court, for the period from its retention to March 31, 2015, recognizing that in the course of these sizable chapter 11 cases, there may be

---

[2] These ranges reflect MDMC's billing rates effective as of January 1, 2015. Like many of its peer law firms, MDMC increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013). As set forth in the Order, MDMC has agreed to provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases, and has agreed file such notice with the Court.

unforeseeable fees and expenses that will need to be addressed by the TCEH Debtors and MDMC.

14. MDMC's hourly rates are set at a level designed to compensate MDMC fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with experience and seniority of the individuals assigned.

15. It is MDMC's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients generally include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MDMC to outside copying services, computer research, airfare, meals, lodging, transcription costs, and non-ordinary overhead expenses. MDMC will charge the TCEH Debtors for these expenses in a manner and at rates consistent with charges made generally to MDMC's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. MDMC believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. Notwithstanding anything to the contrary in the Engagement Letter, MDMC will cooperate with the fee committee appointed pursuant to the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order") in the discharge of the fee committee's duties, and agrees to be bound by the terms of the Fee Committee Order.

**Compensation Received by MDMC from the TCEH Debtors**

17. Prior to the date hereof, MDMC has not received any compensation from the TCEH Debtors.

18. Pursuant to Bankruptcy Rule 2016(b), no agreement or understanding exists between MDMC and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall MDMC share or agree to share compensation received for services rendered in connection with these chapter 11 cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

**MDMC's Disinterestedness**

19. To the best of the TCEH Debtors' knowledge, and as disclosed herein and in the Primack Declaration: (a) MDMC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the TCEH Debtors' estates; and (b) MDMC has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Primack Declaration.

20. MDMC will conduct a conflicts search on parties added to the list of Interested Parties (as defined in the Primack Declaration) from time to time during the pendency of the TCEH Debtors' chapter 11 cases pursuant to the procedures described in the Primack Declaration. If any new relevant facts or relationships are discovered or arise in such review, MDMC will file promptly a supplemental declaration where appropriate.

**Supporting Authority**

21.     The TCEH Debtors seek retention of MDMC as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

22.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

23.     Based on the foregoing, the TCEH Debtors submit that for all the reasons stated above and in the Primack Declaration, the retention of MDMC as Delaware counsel is warranted and satisfies Bankruptcy Rule 2014(a). Further, as stated in the Primack Declaration, MDMC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the TCEH Debtors' estates and MDMC has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Primack Declaration.

24.     The TCEH Debtors submit that the terms and conditions of MDMC's employment, as disclosed in this Application, are reasonable.

25. Finally, this Court should approve this Application *nunc pro tunc* to January 12, 2015 when the Disinterested Manager selected MDMC to represent the TCEH Debtors with respect to Conflict Matters. Upon its selection, MDMC began to assist the TCEH Debtors and MTO address the host of time-sensitive issues confronting the TCEH Debtors that demanded immediate attention by independent counsel. Nevertheless, though MDMC's work could not be delayed, MDMC's formal retention had to await MDMC's extensive and time-consuming conflict check of the more than 20,000 Interested Parties in these chapter 11 cases. For these reasons, the TCEH Debtors respectfully submit that *nunc pro tunc* relief is warranted.

### Notice

26. The TCEH Debtors shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH

senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the

Taxing Authorities. The TCEH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the TCEH Debtors respectfully requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  February 11, 2015                         */s/ Hugh E. Sawyer*
                                                  Hugh E. Sawyer
                                                  Authorized Manager of ECFH and TCEH