**EXHIBIT B**

**PRIMACK DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.,*[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

**DECLARATION OF DAVID PRIMACK IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP AS COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC EFFECTIVE NUNC PRO TUNC TO JANUARY 12, 2015**

I, David Primack, state the following under penalty of perjury:

1.      I am over eighteen years of age and have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.

2.      I am an attorney at McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC"), located at 300 Delaware Ave., Suite 770, Wilmington, Delaware 19801, and have been duly admitted to practice law in the State of Delaware, the Commonwealth of Pennsylvania; the United States District Courts for the District of Delaware and the Commonwealth of Pennsylvania.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 7520 I. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3. This declaration ("Declaration") is submitted pursuant to Bankruptcy Rule 2014(a) in support of the *Application For Entry Of An Order Authorizing The Retention And Employment Of McElroy, Deutsch, Mulvaney & Carpenter, LLP As Counsel To Debtors And Debtors In Possession Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc To January 12, 2015* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## MDMC's Qualifications

4. MDMC is well-qualified to represent the TCEH Debtors. MDMC is a nationally-recognized law firm with expertise and experience in debtors' rights, business and financial restructuring, corporate, tax, real estate, insurance, and labor. Its lawyers have significant experience representing the spectrum of key constituents in Chapter 11 proceedings—debtors, committees, lenders, bondholders, individual creditors (both secured and unsecured), liquidating trustees, and others, including advising on fiduciary duty issues.

5. MDMC has become familiar with the Debtors' businesses as related to Conflict Matters, the status of their chapter 11 cases as related to Conflict Matters and is well-qualified to represent the TCEH Debtors in an efficient and timely manner with respect to the Conflict Matters.

## Services to Be Provided

6. Subject to further order of the Court and that certain engagement letter effective January 12, 2015 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to the proposed order submitted with the Application, the TCEH Debtors retained MDMC to render

---

[2] Capitalized terms not defined in this Declaration have the meaning ascribed to them in the Application.

professional services, under the supervision of the TCEH Debtors' Disinterested Manager, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the TCEH Debtors' Disinterested Manager in the Resolutions, including the determination by the TCEH Debtors' Disinterested Manager of whether any matter constitutes a "Conflict Matter" (collectively, "Conflict Matters"). MDMC will not duplicate the efforts of its co-counsel, Munger Tolls & Olson, LLP ("MTO") but will assist MTO as its Delaware counsel. Further, MDMC will not duplicate the efforts of Kirkland & Ellis, LLP ("K&E") or Richards, Layton & Finger, P.A. ("RLF"), whose role in these cases as primary restructuring counsel on matters, other than with respect to Conflict Matters, will remain unchanged. MDMC shall use its reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

## Professional Compensation

7. MDMC intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the TCEH Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and shall cooperate with the fee committee appointed under the Fee Committee Order in the discharge of its duties. MDMC has agreed to be bound by the terms of the Fee Committee Order. MDMC also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by MDMC in these chapter 11 cases.

8. The following addresses the questions in Section D.1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013:

a) **Question**: Did MDMC agree to any variations from, or alternatives to, MDMC's standard or customary billing arrangements for this engagement?

**Response:** No.

b) **Question:** Do any of the professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Response:** No.

c) **Question:** Has MDMC represented the Debtors in the 12 months prepetition?

**Response:** No.

d) **Question:** Have the TCEH Debtors approved MDMC's budget and staffing plan, and, if so, for what budget period?

**Response:** The TCEH Debtors and MDMC in coordination with MTO expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court, for the period from January 12, 2015 to March 31, 2015, recognizing that in the course of these sizable chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the TCEH Debtors and MDMC.

9.     The hourly rates and corresponding rate structure MDMC will use in these chapter 11 cases are the same as the standard hourly rates and corresponding rate structure that MDMC uses in other bankruptcy representations, and are comparable to the standard hourly rates and corresponding rate structure that MDMC uses for complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

10.     As discussed in more detail below, MDMC's rates are subject to periodic change in the ordinary course of business. MDMC's hourly rates for matters related to these chapter 11 cases effective from date of retention are as follows[3]:

| | |
|---|---|
| Partners and Of Counsel: | $450 to $600 |
| Associates: | $230 to $375 |
| Paralegals: | $165 to $230 |

11.     MDMC's hourly rates are set at a level designed to compensate MDMC fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with experience and seniority of the individuals assigned.

12.     MDMC does not intend to hire contract attorneys for this matter. However, to the extent that MDMC does engage contract attorneys, MDMC shall not charge a markup to the TCEH Debtors with respect to fees billed by contract attorneys who are hired by MDMC to provide services to the TCEH Debtors and shall ensure any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and

---

[3] These ranges reflect MDMC's billing rates effective as of January 1, 2015. Like many of its peer law firms, MDMC increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013). As set forth in the Order, MDMC has agreed to provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases, and has agreed file such notice with the Court.

Bankruptcy Rules. For the avoidance of doubt, MDMC shall not share fees with existing or future contract attorneys who advise in the Debtors chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

13.     It is MDMC's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients generally include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MDMC to outside copying services, computer research, airfare, meals, lodging, transcription costs, and non-ordinary overhead expenses.  MDMC will charge the TCEH Debtors for these expenses in a manner and at rates consistent with charges made generally to MDMC's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. MDMC believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14.     Notwithstanding anything to the contrary in the Application or the Engagement Letter, MDMC will cooperate with the fee committee appointed pursuant to the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order") in the discharge of the fee committee's duties, and agrees to be bound by the terms of the Fee Committee Order.

**Compensation Received by MDMC from TCEH Debtors**

15.     Prior to the date hereof, MDMC has not received any compensation from the TCEH Debtors.

16.     Pursuant to Bankruptcy Rule 2016(b), no agreement or understanding exists between MDMC and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall MDMC share or agree to share compensation received for services rendered in connection with these chapter 11 cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

### MDMC's Disinterestedness

17.     In connection with MDMC's proposed retention by the TCEH Debtors in these chapter 11 cases, MDMC undertook to determine whether it had any conflicts or other relationships that might cause it to not be disinterested or to hold or represent an interest adverse to the Debtors.  The Debtors provided a list of potential parties-in-interest with respect to the Debtors' cases.  Those interested parties are listed as set forth on Schedule 1 and Schedule 2 to the Rosen Declaration (as that term is defined therein) to the *Debtors Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Application For Entry of an Order Authorizing the Retention and Employment of Munger Tolles & Olson LLP As Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc to November 16, 2014* (D.I. 3040).  MDMC has supplemented that list with additional parties that have appeared in the Debtor's cases subsequent to that list being provided, which include the following:

   Ward W. Benson, counsel for the United States
   O'Kelly Ernst & Bielli
   BMW Services
   Wilson Sonsini Goodrich & Rosati, P.C.
   Munger, Tolles & Olson LLP

(collectively, with Schedules 1 and 2 to the Rosen Declaration, the "Interested Parties").

18. MDMC has searched and is searching its electronic conflict system containing the names of current and former clients for its connections to the Interested Parties (the "Conflict System"). The Conflict System includes the name of each current or former client, and the names of the MDMC personnel who are or were responsible for current or former matters for such client. Based on the results of the search of the Conflict System, MDMC has been or may have been retained within the last three years to represent the Interested Parties (or their affiliates, as the case may be) in matters unrelated to these cases as disclosed on **Schedule 1** hereto. For purposes of **Schedule 1**, MDMC listed a party only once, even if that Interested Party (or its affiliates, as the case may be) appeared more than once in the schedules provided by the Debtors for the conflict search. None of the representations described herein is materially adverse to the interests of the Debtors. Given the sheer number of Interested Parties, which are over 20,000 names, MDMC is continuing to review such Interested Parties in its Conflict System and will supplement this Declaration accordingly, but the substantial majority of these names have been completed.

19. MDMC and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, parties in interest in these chapter 11 cases in matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.

20. The status of entities listed as Interested Parties may change or could change during the pendency of these chapter 11 cases without our knowledge. MDMC will update this Declaration as necessary and when MDMC becomes aware of additional material information.

21. To the best of my knowledge, (a) MDMC is a "disinterested person" within the meaning of section 101(4) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) MDMC has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in this Declaration.

22. Listed on **Schedule 1** to this Declaration, are those Interested Parties, or affiliates thereof, that are or may have been MDMC clients within the last three years prior to the Petition Date. For the avoidance of doubt, MDMC will not commence a cause of action in these chapter 11 cases against the parties listed on **Schedule 1** that are current or ongoing clients of MDMC unless MDMC has an applicable waiver on file or first receives a waiver from such party allowing MDMC to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the TCEH Debtors to commence an action against that client, the Debtors will be represented in such particular matter by additional conflicts counsel.

23. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, MDMC, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware, except as disclosed or otherwise described herein.

24. MDMC will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, MDMC will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Affirmative Statement of Disinterestedness

25. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) MDMC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) MDMC has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 11, 2015            /s/ David P. Primack
                                     David P. Primack