# EXHIBIT D

**MDMC ENGAGEMENT LETTER**

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

300 DELAWARE AVENUE
SUITE 770
WILMINGTON, DE 19801
(302) 300-4515
FACSIMILE (302) 654-4031

DAVID P. PRIMACK
Direct Dial: (302) 300-4512
dprimack@mdmc-law.com

January 12, 2015

**Via E-mail**

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
Attention: Hugh E. Sawyer
Energy Plaza, 1601 Bryan Street
Dallas, TX 75201

    Re:   *In re Energy Future Holdings Corp, et al.*, Case No. 14-10979 (CSS), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case").

Dear Mr. Sawyer:

    McElroy, Deutsch, Mulvaney & Carpenter LLP ("MDMC") appreciates the opportunity to represent Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC ("TCEH," and together with EFCH and their debtor subsidiaries, collectively, "you" or the "Company") on the terms set forth in this letter in the Bankruptcy Case. This letter, and the accompanying "Addendum to Engagement Letter", set forth the terms and conditions of our representation of Company in this matter.

### Scope of Services

    The legal services that you have asked us to undertake is to act as Delaware counsel in representing the Company in the Bankruptcy Case. The primary counsel regarding this matter is Munger, Tolles & Olson LLP ("MTO"). We will work together with MTO in this matter. MDMC's clients in this representation will be only the Company, and not any other individual or entity (whether or not related to you as an affiliate, employee, agent or otherwise). You agree that this representation does not give rise to an attorney-client relationship between MDMC and anyone but the Company. Our engagement is subject to resolution of any conflicts and an order approving our retention in the Bankruptcy Case under 11 U.S.C. § 327. MDMC's engagement is limited to advising the Company, under the sole supervision of the disinterested member of the

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 2

boards of managers of EFCH and TCEH, currently Hugh Sawyer (the "Disinterested Manager"), in connection with (i) "Conflict Matters," as defined in and pursuant to the authority delegated to the Disinterested Manager in resolutions of EFCH and TCEH dated November 7, 2014 and December 9, 2014 respectively (the "Resolutions"), and (ii) whether any matter constitutes a Conflict Matter, all subject to prior determination by us that the firm would not itself have a conflict of interest in providing such advice with respect to any particular Conflict Matter that the Disinterested Manager identifies to us. The Resolutions are attached hereto as Exhibit A. MDMC is not the Company's general counsel, and our engagement does not involve an undertaking to represent the Company or the Company's interests in any other matter.

As set forth in the Resolutions, the board of managers delegated to the Disinterested Manager the authority to determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of Independent Advisors (as defined therein), with any such determination to be binding on the Company. As this is expected to be a process that continues beyond the commencement of this engagement and conflicts among the debtors in the Bankruptcy Case may arise or be resolved as the Bankruptcy Case progresses, not all conflicts have been identified as of the commencement of this engagement. Upon identification of a Conflict Matter to us, we will identify any potential or actual ethical conflicts that MDMC may have with respect to such Conflict Matter (the extent of which notice may be affected to the extent that the provision of relevant information to the Company would itself violate our ethical duty to our other client(s), in which case we will initially provide only the extent of notice that we reasonably believe we are then permitted to provide and supplement the notice when doing so would no longer violate our ethical duty to our other client); if there is a conflict with respect to a particular Conflict Matter our representation in that Conflict Matter shall be subject to our receipt of any necessary informed consent.

If not terminated earlier or extended in an express written agreement executed by a partner in MDMC, our representation of the Company in this matter will conclude upon the effective date of a plan of reorganization for the Company in the Bankruptcy Case.

<u>Direction and Control</u>

Consistent with the Resolutions and although we shall represent the Company as contemplated by this letter agreement, the Disinterested Manager shall have the sole and exclusive power to direct and supervise our work in this matter. MDMC shall report exclusively to the Disinterested Manager with respect to this matter, or to such other persons as directed by the Disinterested Manager. In addition, Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to the Company in connection with the MDMC's work or privileged communications on the

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 3

Conflict Matters and on whether any matter constitutes a Conflict Matter. Further, as a condition of our engagement, the other members of the boards of managers of EFCH and TCEH have agreed or will agree that they consent to such control by the Disinterested Manager and waive (to the extent permitted by applicable law) any right each of them otherwise may have under the operating agreements for EFCH or TCEH or under applicable law to access, and shall not seek to access, the work or privileged material of MDMC on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager.

Fees and Related Matters

Our fees for legal services will be based upon the number of hours expended on Company's behalf, and costs incurred. Company is responsible for payment of all of this firm's fees and expenses, regardless of the success or outcome of any transaction or matter. David Primack will have responsibility for this engagement (with the assistance/participation of others as appropriate). David's hourly rate is $475. The rates for partners and of counsel range from $450 to $600 per hour and the rates for associates range from $230 to $375 per hour. Paralegal time is billed at rates ranging between $140 and $230 per hour. These rates will remain fixed through November 30, 2015, after which they are subject to increase. Expenses for which Company will be responsible include such items as photocopying, telecopier, travel costs, expedited and overnight delivery and mail services, court reporter and transcript fees, computer assisted legal research and other like items.

We will render statements for legal services rendered and costs incurred on a periodic, and generally monthly, basis. Every statement so presented must be paid by Company within sixty (60) days of invoice date. All statements that comply with the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court (as defined therein), applicable fee protocols, US Trustee protocols must be timely paid, without regard to the consummation or success of any proposed transactions or outcome of any matters. MDMC will apply for compensation for professional services rendered and reimbursement of expenses incurred in this matter in compliance with 11 U.S.C. §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the local rules of the bankruptcy court where the Bankruptcy Case is pending (the "Bankruptcy Court"), any Bankruptcy Case specific fee protocols approved by the Bankruptcy Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* (Docket No. 1896), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 2066), and any other applicable procedures and orders of the Bankruptcy Court. MDMC also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing*

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 4

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

    You should feel free to call at any time regarding the amount of time or costs being expended in this matter, or regarding any invoice or statement that you may receive.

    Please indicate your acceptance of the foregoing terms by executing the additional copy of this letter and returning it to me.

                                                    Very truly yours,

                             McElroy, Deutsch, Mulvaney & Carpenter, LLP

                                           /s/ David P. Primack
                                           David P. Primack

Attachment

    On behalf of the Company, and being authorized to do so, I hereby accept and agree to the terms set forth in the foregoing letter.

                                        Energy Future Competitive Holdings
                                        Company LLC and Texas Competitive
                                        Electric Holdings Company LLC

                                        By: _____
                                             Hugh E. Sawyer

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 5

## ADDENDUM TO ENGAGEMENT LETTER

The policies and practices set forth below apply to our engagement as your counsel:

Scope of Representation:

Unless otherwise agreed to in writing or we specifically undertake such additional representation at your request, we represent only the client(s) named in the engagement letter and not its/its affiliates, subsidiaries, partners, joint venturers, employees, directors, officers, shareholders, members, owners, guarantors, agencies, departments, divisions or any other person or entity. If our engagement is limited to a specific matter or transaction, and we are not engaged separately to represent you in other matters, our attorney-client relationship will terminate upon the completion of our services with respect to such matter or transaction whether or not we send you a letter to confirm the termination of our representation.

Fees:

Hourly rates are subject to review and adjustment effective as of December 1 of this year and each succeeding year. Unless otherwise agreed by us in writing, our fees will be based on the hourly rates in effect at the time the services are rendered.

Although we may from time to time for a client's convenience furnish estimates of fees or charges that we anticipate may be incurred on a client's behalf, these estimates are by its nature inexact. We will not be bound by any estimates except as otherwise expressly agreed by us in writing. Furthermore, unless specifically agreed by us in writing, your obligation to pay our fees and costs incurred in connection with the representation is not contingent upon our achieving any particular result.

Absent a written agreement to the contrary, each client named in the engagement letter is jointly and severally liable for all fees and disbursements.

Disbursements and Other Charges:

In addition to our fees, we will be entitled to payment or reimbursement for disbursements and other charges incurred in connection with the performance of our services such as, by way of example only, photocopying, messenger and hand-delivery, overnight delivery, computerized research, travel (including, but not limited to, mileage, parking, air fare, lodging, meals, and ground transportation), long distance telephone, telecopying, court costs and related charges and filing fees. To the extent we directly

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 6

provide any of these services, we reserve the right to adjust the amount we charge at any time or from time to time. Unless special arrangements are made, fees and expenses of consultants and professionals (such as experts, investigators, witnesses and court reporters), and other large disbursements will not be paid by our firm and will be the responsibility of, and billed directly to, you, or you will be asked to advance to us an estimate of those costs.

Conflicts of Interest:

It is unavoidable that from time to time conflicts of interest develop between or among our clients, or former clients, and prospective clients we wish to represent. In these situations, we may be required, if we are authorized to do so, to disclose the conflicts to our clients, former clients and prospective clients and consult with them and to obtain the consents of our clients, former clients or prospective clients, before we may proceed.

Termination:

You have the right at any time to terminate our services and representation upon written notice. Such termination shall not, however, relieve you of the obligation to pay for all services rendered and disbursements and other charges made or incurred on your behalf prior to any such termination.

We reserve the right, upon reasonable notice, to cease performing work and to withdraw from the representation (a) with your consent, (b) for good cause, or (c) for any other permissible reason. Good cause may include your failure to honor the terms of the engagement letter, your failure to pay timely amounts billed, your failure to furnish deposits for fees and costs or to otherwise provide a requested advance for fees and costs, or any fact or circumstance that would, in our view, impair an effective attorney-client relationship or would render our continuing representation unlawful, unethical or unreasonably burdensome. If we elect to do so, you must take all steps necessary to relieve us of any obligation to perform further, including, but not limited to, the execution of any documents (such as, by way of example only, forms for substitution of counsel) necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and disbursements and other charges made or incurred on your behalf prior to any such withdrawal.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Energy Future Competitive Holdings Company LLC
Texas Competitive Electric Holdings Company LLC
January 12, 2015
Page 7

Record Retention:

At the conclusion of a matter we often undertake to review the file and discard material and extra copies of documents, and send the balance of the file on that matter to an offsite facility for storage at our expense, unless a client requests us in writing to deliver the files to it after payment for all services rendered, disbursements and other charges made or incurred on behalf of the client. To minimize file storage expense, we reserve the right to retain files for only three years and to destroy all older files. If you wish to handle the disposition of files in a different manner, please let us know in writing. Otherwise, we will proceed as set forth above.

Electronic Mail and Other Communications:

In the course of our representation of you, we seek to preserve the confidentiality of our communications with you and other information relating to the representation. However, it is recognized that all means of communication are, to some degree, susceptible to misdirection, delay or interception. E-mail and cellular telephone communications present special risks of inadvertent disclosure. However, because of the countervailing speed, efficiency, and convenience of these methods of communication, we have adopted them as part of the normal course of our operations. Unless you instruct us in writing to the contrary, we will assume that you consent to our use of e-mail and cellular telephone communications in the course of our engagement as your counsel.

Insurance:

You agree to determine whether any insurance coverage is or may be available with respect to the subject matter of the engagement and to provide notice to any insurer that may provide coverage. If an insurer pays any portion of our charges, you agree that you will remain responsible for payment of any amounts billed by us but not paid by the insurer, unless we have agreed otherwise in writing.

# **EXHIBIT A**

## **RESOLUTIONS**

# TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
## BOARD OF MANAGERS RESOLUTIONS
## NOVEMBER 7, 2014

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries) (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the members of the Board have acknowledged that the material facts relating to the relationships or interests of other members of the Board with other affiliated or related companies and other material relationships have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or the governing documents of TCEH, to the extent applicable;

WHEREAS, as described in the material presented and reviewed by the Board and based on the known facts and circumstances, Hugh E. Sawyer as the member of the Board that is disinterested (within the meaning of Section 144 of the DGCL or the governing documents of TCEH, to the extent applicable) (the "Disinterested Manager");

WHEREAS, the members of the Board of Managers of TCEH (the "Board") considered the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014, concerning, among other things, the ability of the Disinterested Manager to retain independent counsel and other advisors for TCEH under certain circumstances; and

WHEREAS, the members of the Board desires to delegate certain authority to the Disinterested Manager.

NOW, THEREFORE, BE IT,

RESOLVED that the Board hereby determines that Hugh E. Sawyer as a member of the Board is currently disinterested (within the meaning of Section 144 of the DGCL or the governing documents of TCEH, to the extent applicable) with respect to the Conflict Matters (as defined below); and further

RESOLVED that the Board hereby delegates authority to the Disinterested Manager to engage independent legal counsel and such other advisors as he deems necessary to represent and advise TCEH, reporting to the Disinterested Manager, on matters pertaining to the Chapter 11 Case on which a conflict exists between TCEH and any other Debtor (the "Conflict Matters"); and further

RESOLVED that the Board hereby requests that the Disinterested Manager review Conflict Matters identified by the Disinterested Manager (and his advisors) and make such recommendations to the Board as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of independent legal counsel and other applicable advisors; and further

RESOLVED, that any officers of TCEH (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing.

# TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
## BOARD OF MANAGERS RESOLUTIONS
### DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Managers Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Managers of TCEH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Hugh E. Sawyer is the only current member of the Board that is disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between TCEH or its direct and indirect subsidiaries, on the one hand, and any other Debtor, on the other hand ("Conflict Matters") and was designated the Disinterested Manager ("Disinterested Manager") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Manager to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Manager to seek and retain, at TCEH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Manager deems necessary to represent and advise TCEH, reporting to the Disinterested Manager, on the Conflict Matters;

WHEREAS, the Disinterested Manager interviewed and engaged certain Independent Advisors effective as of November 16, 2014 to represent and advise TCEH, and reporting solely to the Disinterested Manager, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 3.11(b) of the Fourth Amended and Restated Limited Liability Company Agreement of TCEH, the members of the Board desire to delegate to the Disinterested Manager certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on TCEH and TCEH's subsidiaries; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on TCEH's behalf, with respect to Conflict Matters as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Manager determines it is appropriate or necessary to consult, and to act on behalf of and bind TCEH in connection therewith, including taking action on TCEH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing its subsidiaries to abide by and implement the decisions and actions of the Disinterested Manager with respect to Conflict Matters and the Disinterested Manager's determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Manager will update the Board at board meetings on the status of his or her (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Manager determines is appropriate and necessary to fulfill his or her duties and obligations as the Disinterested Manager, taking into account the confidentiality or privilege of the Disinterested Manager's work and the advice of the Independent Advisors; and further

RESOLVED that TCEH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of its subsidiaries to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of TCEH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Manager and the Independent Advisors all information as the Disinterested Manager or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Manager and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Manager in respect of a Conflict Matter on behalf of TCEH as directed by the Disinterested Manager; provided that the Disinterested Manager retains the right to implement any such decision on behalf of TCEH and its subsidiaries himself or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Manager; and further

RESOLVED that the Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to TCEH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager; and further

RESOLVED that the Disinterested Manager be, and hereby is, authorized to take all such further action, at TCEH's expense, as the Disinterested Manager shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Manager or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

# ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")
## BOARD OF MANAGERS RESOLUTIONS
### NOVEMBER 7, 2014

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries) (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Case") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the members of the Board have acknowledged that the material facts relating to the relationships or interests of other members of the Board with other affiliated or related companies and other material relationships have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or the governing documents of EFCH, to the extent applicable;

WHEREAS, as described in the material presented and reviewed by the Board and based on the known facts and circumstances, Hugh E. Sawyer as the member of the Board that is disinterested (within the meaning of Section 144 of the DGCL or the governing documents of EFCH, to the extent applicable) (the "Disinterested Manager");

WHEREAS, the members of the Board of Managers of EFCH (the "Board") considered the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014, concerning, among other things, the ability of the Disinterested Manager to retain independent counsel and other advisors for EFCH under certain circumstances; and

WHEREAS, the members of the Board desires to delegate certain authority to the Disinterested Manager.

NOW, THEREFORE, BE IT,

RESOLVED that the Board hereby determines that Hugh E. Sawyer as a member of the Board is currently disinterested (within the meaning of Section 144 of the DGCL or the governing documents of EFCH, to the extent applicable) with respect to the Conflict Matters (as defined below); and further

RESOLVED that the Board hereby delegates authority to the Disinterested Manager to engage independent legal counsel and such other advisors as he deems necessary to represent and advise EFCH, reporting to the Disinterested Manager, on matters pertaining to the Chapter 11 Case on which a conflict exists between EFCH and any other Debtor (the "Conflict Matters"); and further

RESOLVED that the Board hereby requests that the Disinterested Manager review Conflict Matters identified by the Disinterested Manager (and his advisors) and make such recommendations to the Board as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of independent legal counsel and other applicable advisors; and further

RESOLVED, that any officers of EFCH (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing.

**ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")**
**BOARD OF MANAGERS RESOLUTIONS**
**DECEMBER 9, 2014**

---

The following recitals and resolutions supplement the Board of Managers Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, Energy Future Holdings Corp. ("EFH Corp.") and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including EFCH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Managers of EFCH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Hugh E. Sawyer is the only current member of the Board that is disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFCH or its direct and indirect subsidiaries, on the one hand, and any other Debtor, on the other hand ("Conflict Matters") and was designated the Disinterested Manager ("Disinterested Manager") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Manager to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Manager to seek and retain, at EFCH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Manager deems necessary to represent and advise EFCH, reporting to the Disinterested Manager, on the Conflict Matters;

WHEREAS, the Disinterested Manager interviewed and engaged certain Independent Advisors effective as of November 16, 2014 to represent and advise EFCH, and reporting solely to the Disinterested Manager, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 2.1(h) of the Limited Liability Company Agreement of EFCH, the members of the Board desire to delegate to the Disinterested Manager, who shall constitute a committee thereunder, certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of his business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFCH and EFCH's subsidiaries (other than

Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH's direct and indirect subsidiaries); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Manager the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFCH's behalf, with respect to Conflict Matters as the Disinterested Manager deems appropriate, in the exercise of his business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Manager determines it is appropriate or necessary to consult, and to act on behalf of and bind EFCH in connection therewith, including taking action on EFCH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) to abide by and implement the decisions and actions of the Disinterested Manager with respect to Conflict Matters and the Disinterested Manager's determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Manager will update the Board at board meetings on the status of his or her (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Manager determines is appropriate and necessary to fulfill his or her duties and obligations as the Disinterested Manager, taking into account the confidentiality or privilege of the Disinterested Manager's work and the advice of the Independent Advisors; and further

RESOLVED that EFCH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFCH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Manager and the Independent Advisors all information as the Disinterested Manager or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Manager and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Manager in respect of a Conflict Matter on behalf of EFCH as directed by the Disinterested Manager; provided that the Disinterested Manager retains the right to implement any such decision on behalf of EFCH and its subsidiaries (other than TCEH and TCEH's direct and indirect subsidiaries) himself or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Manager in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Manager; and further

RESOLVED that the Disinterested Manager shall control any attorney-client, work product, or other privilege belonging to EFCH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Manager; and further

RESOLVED that the Disinterested Manager be, and hereby is, authorized to take all such further action, at EFCH's expense, as the Disinterested Manager shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Manager or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.