## EXHIBIT A

**Proposed Repayment Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (A) AUTHORIZING PARTIAL REPAYMENT
OF EFIH SECOND LIEN NOTES; (B) APPROVING EFIH
DIP CONSENT; AND (C) AUTHORIZING CONSENT FEE**

Upon the motion (the "Motion")[2] of Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holdings Company LLC ("EFIH"), and EFIH Finance Inc. (collectively with EFH Corp. and EFIH, the "EFIH Debtors"), co-debtors with the above-captioned debtors and debtors in possession (collectively with the EFIH Debtors, the "Debtors"), for entry of (a) an order (this "Order"), (i) authorizing the Partial Repayment; (ii) approving the EFIH DIP Consent, in the form attached hereto as **Exhibit 1**; and (iii) authorizing payment of the Consent Fee; and (b) the Revised DIP Order, all as more fully set forth in the Motion; and upon the Ying Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, including sections 105 and 363(b) of the Bankruptcy Code, and at the Hearing established just cause for the relief granted herein, the Court having considered and, where applicable, overruled any objections; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. EFIH is authorized to effectuate the Partial Repayment by transferring up to $750,000,000.00 in cash (the "Partial Repayment Cash") from EFIH to the EFIH Second Lien Trustee to repay outstanding EFIH Second Lien Notes.

3. The EFIH Second Lien Trustee is authorized and directed to distribute the Partial Repayment Cash, immediately upon receipt, to the holders of EFIH Second Lien Notes (the "EFIH Second Lien Noteholders") in accordance with this Order. The Partial Repayment Cash shall be applied pro rata in the following manner: (a) to principal amounts outstanding under the EFIH Second Lien Notes and (b) to interest accrued on the EFIH Second Lien Notes at the rate specified in the EFIH Second Lien Notes through the date of the closing of the Partial Repayment (including penalty interest associated with any registration rights agreement that accrued before the Petition Date but not including such penalty interest that accrued after the Petition Date) (the claims specified in clauses (a) and (b), collectively, the "Repayment Claims").

This application shall be without prejudice to the Debtor, and with a full reservation of the Debtors' rights, to take the position at a later date that such payments should be recharacterized or reallocated pursuant to section 506(b) of the Bankruptcy Code as to principal, interest, or otherwise.

4. Upon receipt of the Partial Repayment Cash by the EFIH Second Lien Trustee, the Repayment Claims shall be indefeasibly satisfied and expunged and immediately cease to accrue interest.

5. The EFIH DIP Consent is hereby approved substantially in the form attached hereto as **Exhibit 1** and the Debtors are authorized to enter into the EFIH DIP Consent and to perform any and all obligations contemplated thereby.

6. The Consent Fee is hereby approved.  EFIH is authorized and directed to pay, as the Consent Fee, up to $13,500,000 in cash to the consenting lenders as required by the EFIH DIP Consent.

7. The Debtors are authorized to take any and all actions necessary to consummate, and to perform any and all obligations contemplated by, the Partial Repayment, the EFIH DIP Modifications, and the other relief sought by the Motion, consistent with this Order, including the payment of any fees and expenses related to any of the foregoing.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
       Wilmington, Delaware

                                                 THE HONORABLE CHRISTOPHER S. SONTCHI
                                                 UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Consent to Partial Repayment**

**CONSENT**, dated as of February 12, 2015 (this "**Consent**"), among Energy Future Intermediate Holding Company LLC, a Delaware limited liability company and a debtor and debtor-in-possession ("**EFIH**"), EFIH Finance Inc., a Delaware corporation and a debtor and debtor-in-possession ("**EFIH Finance**" and together with EFIH, the "**Borrower**"), in a case pending under chapter 11 of the Bankruptcy Code, the undersigned Lenders (as defined below) to the Credit Agreement referred to below, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent (collectively, the "**Agent**"). Unless otherwise indicated, all capitalized terms used herein and not otherwise defined herein shall have the respective meanings provided to those terms in the Credit Agreement (as amended, modified, supplemented and/or waived hereby).

WHEREAS, the Borrower, the lending institutions from time to time parties to the Credit Agreement (each a "**Lender**" and, collectively, the "**Lenders**"), the Agent, and other parties from time to time party thereto, are parties to the Senior Secured Superpriority Debtor-In Possession Credit Agreement, dated as of June 19, 2014 (as amended, modified or supplemented from time to time, the "**Credit Agreement**");

WHEREAS, subject to the terms and conditions set forth below, the undersigned Required Lenders and the Agent are willing to consent to certain actions of the Borrower as set forth below;

NOW, THEREFORE, in consideration of the premises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

Section 1    **Consent**. Notwithstanding any provision of the Credit Agreement or any other Credit Document, the Agent and Required Lenders hereby agree and consent to:

(a)    subject to satisfaction of the conditions set forth in Sections 3 and 4 hereof, the Borrower's payment in an amount not to exceed $750,000,000 to holders of Prepetition Second Lien Obligations which may constitute payment of principal amounts plus, at the Borrower's election, accrued interest thereon of Prepetition Second Lien Obligations at par and without the payment of make-whole payments or premiums (or any other amounts) in respect of the Prepetition Second Lien Obligations, and with cash on hand, including proceeds of Term Loans (the "**Second Lien Repayment**") following the entry of the Amended Final Order (as defined below) and the EFIH Partial Second Lien Repayment Order (as defined below), in each case that are effective and not subject to a stay, and provided that at the time of the Second Lien Repayment no Event of Default has occurred and is continuing; and

(b)    the Borrower filing or seeking to file a motion substantially in the form attached hereto as <u>Exhibit A</u> (the "**Motion**") requesting the filing and entry of an order modifying the Final Order in order to permit the Second Lien Repayment substantially in the form attached hereto as <u>Exhibit B</u> (the "**Amended Final Order**") and the filing and entry of an order approving this Consent and the Consent Fee (as defined below) substantially in the form

attached hereto as Exhibit C (the "**EFIH Partial Second Lien Repayment Order**").

For the avoidance of doubt, nothing herein shall be construed to obligate the Borrower to make the Second Lien Repayment.

Section 2    **Representations and Warranties, No Default**.  The Borrower represents and warrants to the Lenders as of the Consent Effective Date (as defined below):

(a)    Subject to the terms of the Final Order, Borrower has the corporate or other organizational power and authority to execute, deliver and carry out the terms and provisions of this Consent and has taken all necessary corporate or other organizational action to authorize the execution, delivery and performance of this Consent.  Borrower has duly executed and delivered this Consent and, subject to the terms of the Final Order, this Consent constitutes the legal, valid and binding obligation of Borrower enforceable in accordance with its terms, subject to the effects of bankruptcy, insolvency, fraudulent conveyance, reorganization and other similar laws relating to or affecting creditors' rights generally and general principles of equity (whether considered in a proceeding in equity or law); and

(b)    At the time of and after giving effect to this Consent, no Default or Event of Default has occurred and is continuing.

Section 3    **Conditions to Effectiveness of Consent**.

(a)  This Consent shall become effective on the date (the "**Consent Effective Date**") on which the Agent shall have received executed signature pages to this Consent from the Required Lenders, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent, and the Borrower.

(b)  The Agent shall notify the Borrower and the Lenders of the Consent Effective Date promptly after the occurrence thereof.

Section 4    **Conditions Subsequent**.

(a)  Upon the entry of both the Amended Final Order and EFIH Partial Second Lien Repayment Order, in each case that are effective and not subject to a stay, the Borrower shall pay to the Agent, for the benefit of each Lender party to the Credit Agreement (immediately prior to giving effect to the Consent) that submits its executed signature page to the Consent by 5:00 p.m. (New York City time) on February 18, 2015 (or such later time as agreed by Borrower), a consent fee (the "**Consent Fee**") in an amount equal to 0.25% of the aggregate principal amount of the Term Loans held by each such Lender immediately prior to giving effect to the Consent.  The Consent Fee shall be fully earned, due and payable upon entry of both the Amended Final Order and EFIH Partial Second Lien Repayment Order, in each case that are effective and not subject to a stay, and for the avoidance of doubt, whether or not the Borrower makes the EFIH Second Lien Repayment.  For the avoidance of doubt, the Borrower may file a motion requesting the entry of the Amended Final Order and the EFIH Partial Second Lien Repayment order as provided in clause (b) of this Section immediately upon the Consent Effective Date.

(b)  Within three (3) Business Days after the date of this Consent, the Borrower shall file the Motion.

(c)  By no later than March 13, 2015, the Amended Final Order and EFIH Partial Second Lien Repayment Order shall have been entered by the Bankruptcy Court.

Notwithstanding the foregoing, the failure to satisfy any of the conditions in Sections 4(b) and (c) shall not constitute a Default or an Event of Default, but shall only terminate the consents of the Agent and Required Lenders under Section 1.

Section 5  **Counterparts**.  This Consent may be executed by one or more of the parties to this Consent on any number of separate counterparts (including by facsimile or other electronic transmission), and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Section 6  **Applicable Law.  THIS CONSENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK AND TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.**

Section 7  **Headings**.  The headings of this Consent are for purposes of reference only and shall not limit or otherwise affect the meaning hereof.

Section 8  **Notices**.  All communications and notices hereunder shall be given as provided in the Credit Agreement.

Section 9  **Severability**. Any provision of this Consent that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

Section 10  **Successors**. The terms of this Consent shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

Section 11  **Effect of Consent**.  Except as expressly set forth herein, this Consent shall not by implication or otherwise limit, impair, constitute a waiver of or otherwise affect the rights and remedies of the Lenders or the other Secured Parties under the Credit Agreement or any other Credit Document, and shall not alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement or any other provision of either such agreement or any other Credit Document, and Borrower acknowledges and agrees that each of the Credit Documents to which it is a party or otherwise bound shall continue in full force and effect and that all of its obligations thereunder shall be valid and enforceable and shall not be impaired or limited by the execution or effectiveness of this Consent.  Each and every term, condition, obligation, covenant and agreement contained in the Credit Agreement or any other Credit Document is hereby ratified and re-affirmed in all respects and shall continue in full force and effect.  Borrower reaffirms its obligations under the Credit Documents to which it is party and the validity of the Liens granted

by it pursuant to the Security Documents.  From and after the effective date of this Consent, all references to the Credit Agreement in any Credit Document shall, unless expressly provided otherwise, refer to the Credit Agreement as supplemented by this Consent.  In entering into this Consent, each Lender has undertaken its own analysis and has not relied on any other Lender in making its decision to enter into this Consent.

[Signature Pages Follow]