**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: March 10, 2015** |

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF
CRAVATH, SWAINE & MOORE LLP INDEPENDENT COUNSEL FOR
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE
PERIOD NOVEMBER 16, 2014 THROUGH DECEMBER 31, 2014**

Cravath, Swaine & Moore LLP ("**Cravath**"), independent counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor in possession ("**EFIH**"), submits this Summary of fees and expenses sought in the fee application for the period from November 16, 2014 through December 31, 2014 (the "**Fee Period**") to which this Summary is attached (the "**Fee Application**").[2]

Cravath submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**") and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary have the meanings ascribed to them in the Fee Application.

| General Information | |
|---|---|
| Name of Applicant: | Cravath, Swaine & Moore LLP |
| Authorized to Provide Services to: | **Energy Future Intermediate Holding Company LLC**, Debtor and Debtor in Possession |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing EFIH to Employ Cravath [Docket No. 3321]: | January 16, 2015, *nunc pro tunc* to November 16, 2014 |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | November 16, 2014 through December 31, 2014 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $521,822.00[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,486.73 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $523,308.73 |

| Rate Increases Applicable to the Fee Period | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Employment: | $521,822.00 |

---

[3] This amount does not yet reflect any adjustment in connection with the Monthly Fee Statement for the Fee Period, because the comment and adjustment period on the Monthly Fee Statement has not yet expired.

| *Summary of Past Requests for Compensation and Prior Payments* |  |
|---|---|
| Total Amount of Compensation Previously Requested Under the Interim Compensation Order to Date: | $0 |
| Total Amount of Expense Reimbursement Previously Requested Under the Interim Compensation Order to Date: | $0 |
| Total Compensation Approved Under the Interim Compensation Order to Date: | $0 |
| Total Amount of Expense Reimbursement Approved Under the Interim Compensation Order to Date: | $0 |
| Total Allowed Compensation Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |
| Compensation Sought in this Application Already Paid Under the Interim Compensation Order But Not Yet Allowed: | $0[4] |
| Expenses Sought In This Application Already Paid Under the Interim Compensation Order But Not Yet Allowed: | $0[4] |

DATED: February __, 2015

/s/ _____

Richard Levin (rlevin@cravath.com)

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
+1 (212) 474-1000

*Independent Counsel for Energy Future
Intermediate Holding Company LLC*

---

[4] The objection period for the Monthly Fee Statement for the Fee Period has not yet expired, so no fees have yet been paid.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: March 10, 2015** |

**FIRST INTERIM FEE APPLICATION OF CRAVATH, SWAINE &
MOORE LLP INDEPENDENT COUNSEL FOR ENERGY FUTURE
INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD
NOVEMBER 16, 2014 THROUGH DECEMBER 31, 2014**

Cravath, Swaine & Moore LLP ("**Cravath**"), independent counsel to debtor and debtor in possession Energy Future Intermediate Holding Company LLC ("**EFIH**"), submits this First Interim Fee Application for allowance of compensation for professional services provided in the amount of $521,822.00 and reimbursement of actual and necessary expenses in the amount of $1,486.73 that Cravath incurred for the period November 16, 2014 through December 31, 2014 (the "**Fee Period**"). In support of this Fee Application, Cravath submits the declaration of Richard Levin, a partner in Cravath, (the "**Levin Declaration**"), which is attached as **Exhibit A** and incorporated by this reference. In further support of this Fee Application, Cravath respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## I.  Jurisdiction

1.        This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

This Fee Application is a core proceeding under 28 U.S.C. § 157(b)(2).

2.        Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.        The bases for the relief requested in this Fee Application are sections 330 and

331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the

"**Local Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation*

*and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim**

**Compensation Order**"), and the *Stipulation and Order Appointing a Fee Committee*

[Docket No. 1896] (the "**Fee Committee Order**").

## II.  Background

4.        On April 29, 2014 (the "**Petition Date**"), EFIH commenced its chapter 11 case by

filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.        The Debtor continues to operate its business and manage its property as a

debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or

examiner has been appointed in this case.[2]

6.        On May 13, 2014, the Office of the United States Trustee, Region 3 formed and

appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the

Bankruptcy Code. [ECF 420.] On October 27, 2014, the Office of the United States Trustee,

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the
*Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer
of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 2570.]

7.       On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in all of the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

8.        On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "**Fee Committee**") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals applications for compensation and the resolution of any concerns raised during such review. The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases. Cravath believes that the relief requested in this Fee Application complies with the guidelines.

### III. Cravath's Employment, Disinterestedness, and Fee Request

9.        On January 16, 2015, the Court entered the *Order Approving The Employment of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Effective* Nunc Pro Tunc *to November 16, 2014* [Docket No. 3321] (the "**Employment Order**"), attached as **Exhibit B**. The Employment Order authorizes EFIH to compensate Cravath at Cravath's hourly rates charged for services of this type and to reimburse Cravath for Cravath's actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, and the Fee Committee Order. The terms of Cravath's

engagement are detailed in the engagement letter by and between Cravath and EFIH, effective as of November 16, 2014, and attached as **Exhibit C** (the "**Engagement Letter**").

10.    To the best of the Cravath's knowledge and as disclosed in the *Declaration Of Richard Levin In Support Of Application For Order Approving The Employment Of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Under Sections 327(a) And 1107(b) Of The Bankruptcy Code, Effective Nunc Pro Tunc To November 16, 2014* [Docket No. 3028] (the "**Levin Declaration**") and the *First Supplemental Declaration Of Richard Levin In Support Of Application For Order Approving The Employment Of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Under Sections 327(a) And 1107(b) Of The Bankruptcy Code, Effective Nunc Pro Tunc To November 16, 2014* [Docket No. 3205] (the "**Supplemental Levin Declaration**"), Cravath is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the EFIH's estate, as required by section 328(a) of the Bankruptcy Code and that Cravath's partners, associates and special attorneys do not hold or represent any interest adverse to EFIH or its estate, except as otherwise specified in the Declarations.

11.    Cravath might have in the past represented, might currently represent, and likely in the future will represent parties in interest in this case in connection with matters unrelated to EFIH or its chapter 11 case. In the Levin Declaration and Supplemental Levin Declaration, Cravath disclosed its connections to parties in interest in the EFIH case that it has been able to ascertain using its reasonable efforts. Cravath will update such disclosures, as appropriate, if Cravath becomes aware of relevant and material new information.

12.    Cravath performed the services for which it is seeking compensation on behalf of EFIH and its estate and not on behalf of any committee, creditor, or other entity.

13.    Because of the timing of Cravath's employment, Cravath did not submit a budget or staffing plan for the Fee Period to EFIH. Cravath has begun submitting budgets and staffing plans for periods after the Fee Period.

14.    Cravath seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $521,822.00[3] and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,486.73. During the Fee Period, Cravath attorneys and paraprofessionals worked 532.70 hours for which compensation is requested.

15.    Cravath has not received any payments to date under the Interim Compensation Order or the Fee Committee Order. Cravath has submitted a Monthly Fee Statement (as defined in the Interim Compensation Order) for November and December 2014, seeking payment of (a) 80% of the fees incurred by Cravath for reasonable and necessary professional services provided by Cravath for EFIH and (b) 100% of the actual and necessary costs and expenses incurred by Cravath in connection with the services provided for EFIH for each month, but has not yet received any payments, because the objection period has not yet expired.

16.    Cravath has not received payment or promise of payment from any source other than EFIH for services provided or to be provided in any capacity whatsoever in connection with the EFIH case.

17.    Cravath does not share fees with any attorneys except to the extent permitted by section 504.

---

[3] This amount does not yet reflect a downward adjustment in connection with the Monthly Fee Statement for the Fee Period, because the comment and adjustment period on the Monthly Fee Statement has not yet expired.

18.    By this Fee Application, and to the extent not already paid by the time of the hearing on this Fee Application, Cravath seeks payment of all amounts, including the remaining $104,364.40, which should represent the 20% holdback on fees incurred during the Fee Period.

### IV. Fees and Expenses Incurred During Fee Period

**A.    Customary Billing Disclosures**

19.    Cravath's hourly rates are set at a level designed to compensate Cravath fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Cravath in this cases are equivalent to the hourly rates and corresponding rate structure used by Cravath for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and intense time pressures.

20.    **Exhibit D** to this Fee Application is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFIH during the Fee Period, as required by the "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases" promulgated by the Executive Office of the United States Trustee, as applied to this case by the Interim Compensation Order.

**B.    Fees Incurred During Fee Period**

21.    In the ordinary course of Cravath's practice, Cravath maintains computerized records of the time spent on the professional services required by EFIH and its estate. **Exhibit E** to this Fee Application is a summary of fees incurred and hours worked during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each such attorney and paraprofessional at Cravath's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in Cravath employment application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the Cravath employment application.

**C.**     **Expenses Incurred During Fee Period**

22.     In the ordinary course of Cravath's practice, Cravath maintains a record of expenses incurred in rendering professional services required by EFIH and its estate and for which reimbursement is sought. **Exhibit F** to this Fee Application is a summary for the Fee Period of the total amount of expenses for which Cravath seeks reimbursement with respect to each category of expenses. The out-of-pocket disbursement sum is broken down into categories of charges.

## V.  Proposed Payment Allocation

23.     In accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses that Cravath seeks in this Fee Application are allocated to EFIH.

## VI. Summary of Legal Services Provided During the Fee Period

24.     During the Fee Period, Cravath provided extensive and important professional services to EFIH in connection with certain corporate, litigation, tax, and other matters.

25.     Cravath has established, in accordance with its internal billing procedures, ten subject matters categories (each, a "**Matter Category**") for keeping time records for the work performed for EFIH. The following is a summary, by Matter Category, of the professional

services provided by Cravath during the Fee Period. This summary is organized in accordance with Cravath's internal system of matter numbers.

26.     A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by Cravath attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as **Exhibit G**. In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect EFIH and its estate, Cravath's computerized records of time worked providing professional services to EFIH and its estate are attached hereto as **Exhibit H**, and Cravath's records of expenses incurred during the Fee Period in the rendition of professional services to EFIH and its estate are attached as **Exhibit I**.

27.     EFIH retained Cravath on November 16, 2014 as independent counsel to advise and represent EFIH on Conflict Matters between EFIH and other Debtors. Because the Chapter 11 Cases were filed over six months before Cravath's employment, Cravath needed to spend most of its time during the Fee Period, which encompassed the first six weeks of Cravath's employment, on learning about the Debtors, Chapter 11 Cases, their history, the parties and their positions, and the facts and legal issues that underlay or affected Conflicts Matters. Cravath met with its clients, with representatives of and advisors to the other Debtors, and with representatives of several parties in interest during the Fee Period to understand their perspectives and positions, conducted independent fact and legal research on issues related to Conflict Matters, and engaged actively in negotiations and formulation of the bidding procedures order for the disposition of EFIH's interest in Oncor Electric Delivery Holdings Company LLC. As a result, most of Cravath's services have not yet provided a tangible benefit to EFIH or its estate, but its services are still reasonable and necessary for the purpose for which it was employed. The following paragraphs summarize those services, by Matter Category.

1.      **Chapter 11 General and Administrative (Matter No. 1)**

Fees: $110,155.00        Total Hours: 99.40

28.        Cravath's first task upon its employment was to learn all of the relevant

background facts and legal issues and the parties' positions. Accordingly, Cravath devoted

substantial time to reviewing the case file, board minutes, various memoranda generated by the

Debtors, by Kirkland & Ellis LLP ("**Kirkland**"), and by the Debtors' other counsel, meeting with

Charles H. Cremens, the EFIH disinterested manager, attending briefing sessions for the

Conflicts Matters advisers hosted by Kirkland, and meeting with EFIH constituents, all to learn

about the case. Cravath attended a regular omnibus hearing before this Court, at EFIH's

request. Cravath also participated by conference call in weekly Board conference calls during

the Fee Period.

2.      **Governance (Matter No. 2)**

Fees: $63,707.00        Total Hours: 59.80

29.        At the outset of its engagement, Cravath needed to address corporate

governance issues to fulfill its role as Conflicts Matter counsel. It was necessary to establish

procedures for identifying and determining and then for handling conflicts matters in a way

that preserved the disinterested manager's independence. It was also necessary to make the

procedures consistent among the three companies who had employed Conflict Matters counsel

and among the advisors. Accordingly, Cravath worked with both Proskauer Rose LLP

(independent counsel for EFH) and with Munger, Tolles & Olson LLP (independent counsel for

EFCH/TCEH), as well as with Kirkland to develop and coordinate the procedures. Cravath

worked with the other advisers on board resolutions, a common interest agreement and other

confidentiality agreements, and on revising its employment agreement and application to

establish sound corporate governance procedures, which were then presented to the respective

boards and adopted. The work on these matters was largely concluded by the time of the filing

of Cravath's employment application on December 16, 2014.

3.    **Plan and Disclosure Statement (Matter No. 3)**

Fees: $62,044.00        Total Hours: 56.80

30.        Because of the importance of a plan to the Debtors' reorganization, Cravath

began work shortly after its employment on plan matters. Cravath responded to inquiries from

and met with representatives of EFIH creditors to discuss their views on a plan and began

discussions with representatives of the Debtors on a plan term sheet as well as on the process

for developing a plan proposal and presenting it to creditors.

4.    **Intercompany Claims (Matter No. 4)**

Fees: $104,580.00        Total Hours: 141.00

31.        Cravath's principal role as independent counsel to EFIH is, among other

things, to provide EFIH advice and representation on the resolution of intercompany claims.

Accordingly, Cravath began its investigation of such claims shortly after its employment.

Initially, Cravath met with Kirkland to learn of the work that the Debtors' other counsel had

done to date and of the materials that had been assembled and were available for review. Based

on an initial review of issues and claims that other counsel had identified, Cravath developed a

scope of work and a strategy for its investigation. Cravath then reviewed memoranda analyzing

and evaluating intercompany claims prepared by the Debtors' other counsel and began its own

extensive factual investigation and legal research on potential claims. Cravath's work on these

matters continues after the Fee Period.

**5.**    **Tax Issues (Matter No. 5)**

Fees: $99,602.00          Total Hours: 99.60

32.          All parties in these Chapter 11 Cases acknowledge that tax issues are complex

and difficult and loom large over the entire case, including over plan negotiations. Cravath

reviewed and analyzed all tax issues that could directly or indirectly affect EFIH and its

emergence from chapter 11, including the tax effects of a transaction involving Oncor,

EFCH/TCEH, or EFH, such as a sale, a new equity investment under a plan, or a spin-off, the

tax effects of a plan, and the two tax sharing agreements among the Debtors and the related

disputes under the Competitive Tax Sharing Agreement. Cravath conducted factual and legal

research on all these issues, including net operating loss carryforwards, assets' tax bases,

different Debtor's potential individual tax liabilities, and the likely effects of a tax

deconsolidation. Cravath also analyzed the Debtors' Private Letter Ruling request to the

Internal Revenue Service.

**6.**    **Oncor Sale Process (Matter No. 6)**

Fees: $36,089.00          Total Hours: 35.20

33.          One of the principal Conflicts Matters for which EFIH employed Cravath was

the Oncor sale process. Immediately after its employment, Cravath began work with Kirkland

on this matter. Cravath first obtained information about Oncor and the sale process from the

Debtors and their advisers, participated in negotiations with Kirkland and with the other

Conflicts Matters counsel over the form of the order and the bid procedures and over the

process to follow to approve the revised order and procedures, consistent with proper corporate

governance in light of the conflicts among the Debtors on the sale process, and advised EFIH on

the sale process and the approval.

7.      **Financing (Matter No. 7)**

   Fees: $0.00              Total Hours: 0.00

   34.      Cravath did not perform any services during the Fee Period related solely to

financing matters.

8.      **Employment and Fee Applications (Matter No. 8)**

   Fees: $41,860.00        Total Hours: 36.40

   34.      Cravath prepared its own employment application, including declarations,

which required, in addition to ordinary conflicts checking for which Cravath did not charge

EFIH, discussions with Kirkland, other independent counsel, and the Office of the

United States Trustee about the appropriate scope of additional "connections" research,

performed the additional research, and evaluated and disclosed the results. Cravath also

worked with other independent counsel and Kirkland to ensure that scope of Cravath's

engagement was consistent with the Court's prior orders and with each other counsel's scope

of engagement. The application was filed December 16, 2014 and was granted after the Fee

Period. *See* **Exhibit B**.

   35.      Cravath also advised EFIH with respect to the employment of Goldin

Associates LLC as financial advisor and assisted Goldin in the preparation and filing of its

employment application, which was also granted after the Fee Period.

   36.      Cravath also familiarized itself with and set up internal procedures to comply

with the Interim Compensation Order and the Fee Committee Order, which impose

requirements on Cravath's record keeping and billing in addition to those with which

Cravath ordinarily complies for its non-fee application clients.[4]

---

[4] In accordance with the Fee Committee Guidelines, which require that fees related to budgeting matters
be separately classified, Cravath will separately account for such time going forward. During the Fee

**9.      Non-Working Travel (Matter No. 9)**

        Fees: $920.00        Total Hours: 1.60

37.     Cravath traveled from New York to and from one hearing in Wilmington, DE during the Fee Period but spent most of the time during the trip working on EFIH and other matters. Fees in this Matter Category are charged at 50%.

**10.     Claims Litigation (Matter No. 10)**

        Fees: $2,865.00        Total Hours: 2.90

35.     Cravath examined issues related to the adversary proceeding that EFIH filed on December 16, 2014 against UMB Bank, N.A., as Indenture Trustee for the EFIH unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (referred to as the "**PIK Notes**") for a declaratory judgment on the allowability of makewhole and postpetition interest claims against EFIH and advised EFIH on potential conflict matters that could arise in connection with the adversary proceeding.

### VII.      Actual and Necessary Expenses Incurred by Cravath

36.     As summarized in **Exhibit F** and as set forth in **Exhibit I**, Cravath has incurred a total of $1,486.73 in expenses on behalf of EFIH during the Fee Period. These charges are intended to reimburse Cravath's direct costs that are not included in Cravath's hourly billing rates. Only clients who actually use services of the types set forth in **Exhibit I** of this Fee Application are separately charged for such services.

### VIII.     Cravath's Requested Compensation and Reimbursement Should be Allowed

37.     As explained below, Cravath submits that the services for which it seeks compensation in this Fee Application were, at the time provided, necessary for and beneficial to the EFIH and its estate and were provided to protect and preserve the EFIH estate. Cravath

---

Period, Cravath did not spend any time preparing or submitting budget and staffing plans.

further believes that it performed the services for EFIH economically, effectively, and efficiently, and they benefited EFIH and its constituents. Cravath further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to EFIH and its estate and all parties in interest. Accordingly, Cravath submits the compensation sought in this Fee Application is warranted and should be approved.

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

38.      Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation. Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." Section 330(a)(3) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)      the time spent on such services;
>
> (B)      the rates charged for such services;
>
> (C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)      whether the compensation is reasonable based on the customary compensation charged by comparably

> skilled practitioners in cases other than cases under
> this title.

11 U.S.C. § 330(a)(3).

39.     As analyzed below, Cravath submits the elements governing awards of

compensation justify the allowance requested.

**1.      The Time and Labor Required**

40.     During the Fee Period, Cravath's partners, associates, and paraprofessionals

spent 532.70 hours in providing professional services for EFIH. Cravath attempted to coordinate

its efforts with Kirkland to prevent duplication of efforts and thereby not spend more time than

required. Cravath required this amount of time to educate itself about the numerous, complex

issues in the Chapter 11 Cases and to perform the other tasks described above.

**2.      The Rates Charged for Such Services**

41.     During the Fee Period, Cravath's hourly billing rates ranged from $1,150.00 to

$845.00 per hour for partners, from $765.00 to $490.00 for regular associates, from $1,000 to $510

for senior and specialist associates, and from $310.00 to $225.00 for paraprofessionals, as

disclosed in its employment application. Based on the recorded hours expended by Cravath's

attorneys and paraprofessionals, the average hourly billing rate for Cravath's services was

$979.58.

42.     Cravath's hourly rates are set at a level designed to compensate Cravath fairly

for the work of its attorneys and paraprofessionals and to cover certain fixed and routine

overhead expenses. Hourly rates vary with the experience and seniority of the individuals

assigned. These hourly rates are subject to periodic adjustments to reflect economic and other

conditions and are consistent with the rates charged elsewhere.

43.     The hourly rates and corresponding rate structure that Cravath charges in this

case are equivalent to or less than the hourly rates and corresponding rate structure that

Cravath charges for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.

### 3.    The Necessity of the Services and the Benefit to the Estate

44.    The services Cravath provided to EFIH have conferred substantial benefit on EFIH's estate and are necessary because EFIH needs independent counsel to advise and represent it on Conflict Matters. Without independent counsel, EFIH would find it difficult, if not impossible, to protect its interests against the other Debtors in the Chapter 11 Cases.

### 4.    The Reasonableness of the Time Spent, Based on the Complexity, Importance, Nature of the Issues

45.    Cravath performed the services in a reasonable amount of time, given the complexity of the issues involved and the various intercompany legal issues facing EFIH. Cravath's detailed time records show that the time spent on each of the matters was necessary and appropriate to advising and representing EFIH on conflict matters.

### 5.    The Experience, Reputation, and Ability of the Attorneys Providing Services

46.    Cravath attorneys have achieved a high degree of expertise and positive reputations in their respective fields. Cravath's Corporate (including its Merger & Acquisition and Restructuring Practices), Litigation, and Tax Departments frequently receive recognition for their skill and achievements, and Cravath is frequently cited as one of the leading U.S. law firms in these fields.

### 6.    Customary Compensation

47.    Cravath relies on the Court's experience and knowledge with respect to the compensation awards in similar cases. In addition, as noted above, the compensation Cravath seeks in this Fee Application is comparable to the compensation it would have sought for comparable work outside of a chapter 11 case.

48.        Cravath submits that the compensation requested is reasonable under all the

factors considered under sections 330 and 331 of the Bankruptcy Code and that the factors

justify the allowance in full of Cravath's compensation and reimbursement request.

**B.        Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

49.        For the Fee Period, Cravath requests reimbursement of $1,486.73 for

reasonable and necessary costs and expenses incurred on behalf of EFIH.

50.        Cravath's normal billing rates do not take these costs and expenses into

consideration. Rather, Cravath bills each cost and expense to the applicable client. Because of

the disparity between the different clients' requirements for expenses such as travel, computer-

assisted research, teleconference services, postage, courier and messenger services, and

photocopying, it is difficult to charge costs and expenses fairly and equitably by including them

in Cravath's ordinary billing rates. Accordingly, Cravath generally charges each client for such

costs and expenses separately, in each case, at Cravath's costs.

51.        Cravath does not include the amortization of the cost of any investment,

equipment, or capital outlay in its charges for these services.

52.        Under Rule 2016-2 of the Local Bankruptcy Rules, Cravath represents that its

rate for duplication for black-and-white copies is $0.10 per page and for color copies is $0.50 per

page, there is no charge for telecopier transmissions, and there is no surcharge for computer-

assisted research.

53.        Any services billed by a third-party vendor, with the exception of certain

computer-assisted research charges, are charged to EFIH in the amount billed to and paid by

Cravath. Like many large law firms, Cravath has negotiated a special arrangement with

computerized research companies under which Cravath pays a flat rate monthly fee for

computerized research services. Consistent with its general policy of billing out-of-pocket

expenses only to clients for which the use of such services is required, Cravath separately

charges each client for computer-assisted research. To account for such charges while passing

through Cravath's cost savings resulting from its special arrangements, Cravath charges those

clients for whom such services are required at a reduced rate that is less than the rate charged

by the computerized research companies to the general public for such services. These charges

are intended to cover Cravath's direct costs for computerized research.

54.      Cravath has made reasonable efforts to minimize its costs and expenses in the

Chapter 11 Cases. Each of the costs and expenses Cravath has incurred in providing

professional services to EFIH was necessary, reasonable, and justified under the circumstances

to serve the needs of EFIH and its estate.

### IX. Reservation of Rights and Notice

55.      It is possible that some professional time expended or expenses incurred

during the Fee Period are not reflected in the Fee Application. Cravath reserves the right to

include such amounts in future fee applications. EFIH has provided notice of this Fee

Application to: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility;

(c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committees; and

(e) the Fee Committee (collectively, the "**Notice Parties**").

56.      Under the Interim Compensation Order and the Fee Committee Order, (a) any

Notice Party (other than the Fee Committee) who wishes to object to the Fee Application must

file its objection with the Court, with a copy to Chambers, and serve it on Cravath and the

Notice Parties so that it is **actually received** on or before **March 10, 2014 at 4:00 p.m. (Eastern**

**Time)** and (b) any member of the Fee Committee that wishes to object to the Fee Application

must comply with the procedures set forth in the Fee Committee Order and if such member

wishes to object to the Fee Application after complying with such procedures, such member

must file its objection with the Court, with a copy to Chambers, and serve it on Cravath and the

Notice Parties, within the time specified under the Fee Committee Order.

### X.  No Prior Request

57.        No prior application for the relief requested by this Fee Application has been

made to this or any other court.

WHEREFORE, Cravath respectfully requests that the Court enter an order (a) awarding

Cravath interim compensation for professional and paraprofessional services provided during

the Fee Period in the amount of $521,822.00, and reimbursement of actual, reasonable and

necessary expenses incurred in the Fee Period in the amount of $1,486.73; (b) authorizing and

directing EFIH to remit payment to Cravath for such fees and expenses; and (c) granting such

other relief as is appropriate under the circumstances.

DATED: February 13, 2015

*/s/ Richard Levin*
Richard Levin (rlevin@cravath.com)

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
+1 (212) 474-1000

*Independent Counsel for Energy Future*
*Intermediate Holding Company LLC*