**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Objection Deadline: June 2, 2015 at 4:00 p.m.** |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF
SULLIVAN & CROMWELL LLP AS COUNSEL TO THE EFH COMMITTEE**

| | |
|---|---|
| **NAME OF APPLICANT:** | Sullivan & Cromwell LLP |
| **AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO:** | Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. |
| **DATE CASE FILED:** | April 29, 2014 |
| **DATE OF RETENTION:** | Order entered January 13, 2015, *nunc pro tunc* to November 5, 2014 |
| **PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT:** | November 5, 2014 through and including December 31, 2014 |
| **TOTAL COMPENSATION REQUESTED:** | $2,771,397.40 |
| **TOTAL EXPENSE REIMBURSEMENT REQUESTED:** | $16,221.34 |

This is an:__X__interim____final application.

This is the first interim fee application filed by Sullivan & Cromwell LLP.

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 Cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE**

| Date and Docket No. | Period Covered | Fees Requested | Holdback (20%) | Fees paid to Date | Expenses Requested | Expenses Paid to Date | Approved Fees and Expenses |
|---|---|---|---|---|---|---|---|
| 1/23/2015 [D.I. 3358] | 11/05/2014 - 11/30/2014 | $1,633,519.00 | $326,703.80 | -0- | $12,273.34* | -0- | N/A |
| 2/5/2015 [D.I. 3455] | 12/01/2014 - 12/31/2014 | $1,137,878.40 | $227,575.68 | -0- | $3,948.00 | -0- | N/A |
| | **TOTAL FOR ALL FEE PERIODS** | **$2,771,397.40** | **$554,279.48** | **-0-** | **$16,221.34-** | **-0-** | |

\*      The amount reflects a reduction of $151.81 for an expense that was erroneously included on the November Fee Statement.

**PROJECT CODE TOTAL CHART**

| Project Number | Project Name | Hours | Amount |
|---|---|---|---|
| 00002 | ASSET ANALYSIS AND RECOVERY | 37.20 | $27,177.50 |
| 00003 | ASSET DISPOSITION | 474.00 | $339,117.50 |
| 00004 | ASSUMPTION AND REJECTION OF LEASES AND CONTRACTS | 3.60 | $3,001.00 |
| 00005 | AVOIDANCE ACTION ANALYSIS | - | $0.00 |
| 00006 | BUSINESS OPERATIONS | 8.60 | $6,237.00 |
| 00007 | CASE ADMINISTRATION | 463.00 | $326,465.00 |
| 00008 | CLAIMS ADMINISTRATION AND OBJECTIONS | 80.00 | $75,132.50 |
| 00009 | CORPORATE GOVERNANCE AND BOARD MATTERS | 2.90 | $2,624.50 |
| 00010 | EMPLOYEE BENEFITS AND PENSIONS | 161.00 | $121,060.00 |
| 00011 | EMPLOYMENT AND FEE APPLICATIONS (S&C) | 345.00 | $249,556.00 |
| 00012 | EMPLOYMENT AND FEE APPLICATIONS (OTHERS) | 277.30 | $176,660.50 |
| 00013 | FINANCING, CASH COLLATERAL, MAKE WHOLE | 283.60 | $204,480.00 |
| 00014 | OTHER LITIGATION | 47.90 | $41,493.50 |
| 00015 | MEETINGS AND COMMUNICATIONS WITH CREDITORS | 202.30 | $208,860.00 |
| 00016 | NON-WORKING TRAVEL | 23.10 | $12,306.40 |
| 00017 | PLAN AND DISCLOSURE STATEMENT | - | $0.00 |
| 00018 | RELIEF FROM STAY AND ADEQUATE PROTECTION | 1.30 | $994.50 |

| Project Number | Project Name | Hours | Amount |
|---|---|---|---|
| 00019 | TAX | 469.20 | $411,306.00 |
| 00020 | VALUATION | - | $0.00 |
| 00021 | DISCOVERY | 60.90 | $50,191.00 |
| 00022 | HEARINGS | 35.50 | $29,016.00 |
| 00023 | FIRST AND SECOND DAY MOTIONS | - | $0.00 |
| 00024 | CLAIMS INVESTIGATION | 114.30 | $91,016.50 |
| 00025 | LIEN INVESTIGATION | 135.70 | $83,593.00 |
| 00026 | INTERCOMPANY CLAIMS | 319.60 | $199,093.50 |
| 00027 | OTHER MOTIONS / APPLICATIONS | 112.70 | $83,642.50 |
| 00028 | SCHEDULES AND STATEMENTS | - | $0.00 |
| 00029 | TIME ENTRY REVIEW | 38.90 | $14,653.00 |
| 00031 | BUDGETING (CASE) | 16.30 | $13,720.00 |
| | **Total** | **3,713.90** | **$2,771,397.40** |

**S&C PROFESSIONALS PERFORMING SERVICES DURING THE FEE PERIOD**

| Timekeeper Name | Title | Practice Group | Year Admitted | Rate | | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Creamer Jr., Ronald E. | Partner | Tax | 1992 | $1,295.00 | | 0.5 | $647.50 |
| Dietderich, Andrew G. | Partner | GP/Restructuring | 1997 | $570.00 | * | 7.8 | $4,446.00 |
| Dietderich, Andrew G. | Partner | GP/Restructuring | 1997 | $1,140.00 | | 223.8 | $255,132.00 |
| Glueckstein, Brian D. | Partner | Litigation | 2004 | $570.00 | * | 6.2 | $3,534.00 |
| Glueckstein, Brian D. | Partner | Litigation | 2004 | $1,140.00 | | 184.4 | $210,216.00 |
| Hariton, David P. | Partner | Tax | 1986 | $648.00 | * | 1.1 | $712.80 |
| Hariton, David P. | Partner | Tax | 1986 | $1,295.00 | | 97 | $125,615.00 |
| Jacobson, Eliyahu D. | Partner | Tax | 1981 | $1,295.00 | | 0.5 | $647.50 |
| Korry, Alexandra D. | Partner | GP/M&A | 1988 | $1,295.00 | | 57.4 | $74,333.00 |
| Neuhaus, Joseph E. | Partner | GP | 1986 | $1,140.00 | | 0.3 | $342.00 |
| Rosenberg, Mark F. | Partner | Litigation | 1981 | $1,140.00 | | 15.8 | $18,012.00 |
| Shane, Penny | Partner | Litigation | 1989 | $1,140.00 | | 7.2 | $8,208.00 |
| Simmons, Rebecca J. | Partner | GP/Restructuring | 1992 | $1,295.00 | | 0.3 | $388.50 |
| Torkin, Michael H. | Partner | GP/Restructuring | 1999 | $570.00 | * | 2.2 | $1,254.00 |
| Torkin, Michael H. | Partner | GP/Restructuring | 1999 | $1,140.00 | | 55.1 | $62,814.00 |
| Trevino, Marc R. | Partner | GP/Employee Benefits | 1995 | $1,295.00 | | 33.9 | $43,900.50 |
| **Partner Total** | | | | | | **693.5** | **$810,202.80** |
| Jerome, John J. | Of Counsel | GP/Restructuring | 1962 | $1,140.00 | | 54.1 | $61,674.00 |
| **Of Counsel Total** | | | | | | **54.1** | **$61,674.00** |
| Altman, Zvi Daniel | Special Counsel | Tax | 2006 | $498.00 | * | 1.1 | $547.80 |
| Altman, Zvi Daniel | Special Counsel | Tax | 2006 | $995.00 | | 119.7 | $119,101.50 |
| Barancik, Tia S. | Special Counsel | GP/Regulatory | 1987 | $1,140.00 | | 29.6 | $33,744.00 |
| Brennan, Matthew J. | Special Counsel | GP/Environmental | 1986 | $1,050.00 | | 27.9 | $29,295.00 |
| Coccaro, Rebecca S. | Special Counsel | GP/Employee Benefits | 2000 | $995.00 | | 0.7 | $696.50 |
| Fiorini, Judith R. | Special Counsel | Restructuring | 1998 | $995.00 | | 51.8 | $51,541.00 |
| **Special Counsel Total** | | | | | | **230.8** | **$234,925.80** |
| Biller, Daniel L. | Associate | GP/Restructuring | 2013 | $725.00 | | 101.9 | $73,877.50 |
| Bradley, Adrienne R. W. | Associate | GP/Restructuring | 2013 | $725.00 | | 145.6 | $105,560.00 |
| Coleman, Heather L. | Associate | GP/Employee Benefits | 2007 | $865.00 | | 71.3 | $61,674.50 |
| Foushee, Matthew H. | Associate | GP/Restructuring | In Process | $460.00 | | 261.3 | $120,198.00 |
| Geiger, Mark S. | Associate | Litigation | 2013 | $725.00 | | 5.4 | $3,915.00 |
| Ha, Alice YN | Associate | GP | In Process | $460.00 | | 140.4 | $64,584.00 |
| Heuer, Max S. | Associate | Litigation | 2012 | $830.00 | | 46.7 | $38,761.00 |

| Timekeeper Name | Title | Practice Group | Year Admitted | Rate | | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Jakus, David J. | Associate | GP | 2014 | $605.00 | | 46.6 | $28,193.00 |
| Josephs, Adam M. | Associate | GP/Employee Benefits | 2014 | $460.00 | | 40.6 | $18,676.00 |
| Keranen, Kristin L. | Associate | Litigation | 2008 | $865.00 | | 7.7 | $6,660.50 |
| Khanna, Hargun S. | Associate | GP/M&A | 2015 | $460.00 | | 125.6 | $57,776.00 |
| Kranzley, Alexa J. C. Y. L. | Associate | GP/Restructuring | 2009 | $433.00 | * | 3.3 | $1,428.90 |
| Kranzley, Alexa J. C. Y. L. | Associate | GP/Restructuring | 2009 | $865.00 | | 268.3 | $232,079.50 |
| Loeser, Daniel R. | Associate | GP | 2014 | $605.00 | | 56.5 | $34,182.50 |
| Ma, Chiansan | Associate | GP/Restructuring | 2012 | $830.00 | | 267.5 | $222,025.00 |
| Mortensen, Todd A. | Associate | GP/Restructuring | 2013 | $725.00 | | 66.2 | $47,995.00 |
| Rhein, Jonathan M. | Associate | Tax | 2014 | $230.00 | * | 1.1 | $253.00 |
| Rhein, Jonathan M. | Associate | Tax | 2014 | $460.00 | | 80.3 | $36,938.00 |
| Schneiderman, Mark U. | Associate | GP/Restructuring | 2006 | $433.00 | * | 0.3 | $129.90 |
| Schneiderman, Mark U. | Associate | GP/Restructuring | 2006 | $865.00 | | 60.7 | $52,505.50 |
| Silver, Justin P. | Associate | GP | In Process | $460.00 | | 2.8 | $1,288.00 |
| Taylor-Cohart, Daniel | Associate | GP | 2014 | $605.00 | | 94.5 | $57,172.50 |
| Weiss, Noam R. | Associate | GP | 2014 | $605.00 | | 234.8 | $142,054.00 |
| White, Amaris R. | Associate | GP | 2013 | $725.00 | | 43.3 | $31,392.50 |
| Zhang, Xin | Associate | GP | 2014 | $460.00 | | 187.2 | $86,112.00 |
| Zylberberg, David R. | Associate | GP/Restructuring | 2011 | $855.00 | | 40.1 | $34,285.50 |
| **Associate Total** | | | | | | **2400** | **$1,559,717.30** |
| **Lawyers Total** | | | | | | **3378.4** | **$2,666,519.90** |
| Balsdon, Nicholas J. | Electronic Discovery/Compliance | | N/A | $315.00 | | 3 | $945.00 |
| Betin, Darya A. | Research Analyst | | N/A | $355.00 | | 1 | $355.00 |
| Council, Kimberly N. | Research Analyst | | N/A | $355.00 | | 7 | $2,485.00 |
| Desir, Sadel J. | Legal Assistant Clerk | | N/A | $145.00 | | 2 | $290.00 |
| Drinkwater, Emily C. C. | Legal Assistant | | N/A | $275.00 | | 90.9 | $24,997.50 |
| Gorman, Teresa A. | Research Analyst | | N/A | $355.00 | | 5.7 | $2,023.50 |
| Harris, Angelique R. | Electronic Discovery/Compliance | | N/A | $355.00 | | 0.3 | $106.50 |
| Khwaja, Tariq | Research Analyst | | N/A | $355.00 | | 3.3 | $1,171.50 |
| Langston, Nicole E. | Electronic Discovery/Compliance | | N/A | $355.00 | | 10.9 | $3,869.50 |
| Nolan, Brian J. | Research | | N/A | $355.00 | | 3 | $1,065.00 |

| Timekeeper Name | Title | Practice Group | Year Admitted | Rate | | Hours | Amount |
|---|---|---|---|---|---|---|---|
| | Analyst | | | | | | |
| Noller, Denise J. | Research Analyst | | N/A | $355.00 | | 2 | $710.00 |
| Normile, Michael R. | Research Analyst | | N/A | $355.00 | | 1 | $355.00 |
| Pearson, Michael D. | Research Analyst | | N/A | $355.00 | | 1 | $355.00 |
| Petit, Gregoire M. | Research Analyst | | N/A | $355.00 | | 1.8 | $639.00 |
| Robinson, Kenneth W. | Legal Analyst - Corporate | | N/A | $355.00 | | 13.7 | $4,863.50 |
| Seeger, Evelyn H. | Research Analyst | | N/A | $355.00 | | 2.3 | $816.50 |
| Timmons, Penny H. | Research Analyst | | N/A | $355.00 | | 0.7 | $248.50 |
| Tully, John K. | Research Analyst | | N/A | $355.00 | | 8.3 | $2,946.50 |
| Voizard, Marshall R. | Research Analyst | | N/A | $355.00 | | 6.5 | $2,307.50 |
| Watson, Thomas C. | Legal Assistant | | N/A | $275.00 | | 73.6 | $20,240.00 |
| Whalen, Sean S. | Legal Assistant Clerk | | N/A | $145.00 | | 2.5 | $362.50 |
| Zweber, Zara E. | Legal Assistant | | N/A | $355.00 | | 95 | $33,725.00 |
| **Non Legal Personnel Total** | | | | | | **335.50** | **$104,877.50** |
| **Grand Total** | | | | | | **3713.9** | **$2,771,397.40** |

\*      Half-rates appear where fees were charged for non-working travel.

## BLENDED RATES AND NUMBER OF PROFESSIONALS

| Professionals | Blended Rate | | Total Hours | Total Compensation | |
|---|---|---|---|---|---|
| Attorneys (without paraprofessionals) | $ | 789.28 | 3,378.40 | $ | 2,666,519.90 |
| Paraprofessionals | $ | 312.60 | 335.50 | $ | 104,877.50 |
| **Attorneys and Paraprofessionals** | **$** | **746.22** | **3,713.90** | **$** | **2,771,397.40** |

| | |
|---|---|
| **Number of S&C Professionals Included in Fee Period** | 63 |
| **Number of S&C Lawyers that Billed Fewer than 15 hours during the Fee Period** | 9 |

**ESTIMATED BUDGET VERSUS FEES INCURRED**

| Estimated Fees for Fee Period | | Actual Fees For Fee Period |
|---|---|---|
| Low | High | Actual Fees |
| $          3,063,750 | $          3,088,750 | $          **2,771,397.40** |

**SUMMARY OF DISBURSEMENTS**

| Disbursement Summary | |
|---|---|
| **Description** | **Amount** |
| Local Transportation | $          3,715.74 * |
| Conference Catering | $          730.55 |
| Meals - Overtime | $          2,436.61 |
| Outside Printing | $          146.98 |
| Outside Vendor | $          750.00 |
| Repro - Binding | $          208.00 |
| Repro - Color Copier | $          157.00 |
| Repro - BW Copies | $          6,420.50 |
| Tele-conference | $          292.96 |
| Travel - Out of Town | $          1,285.50 |
| Delivery Services/Messengers | $          77.50 |
| **Total** | $          **16,221.34** |

\*       The amount reflects a reduction of $151.81 for an expense that was erroneously included on the November Fee Statement.

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  TBD**<br>**Objection Deadline:  May 31, 2015 at 4:00 pm.** |

### FIRST INTERIM APPLICATION OF SULLIVAN & CROMWELL LLP
### AS COUNSEL TO THE EFH COMMITTEE FOR INTERIM APPROVAL AND
### ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
### AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
### FROM NOVEMBER 5, 2014 THROUGH AND INCLUDING DECEMBER 31, 2014

Sullivan & Cromwell LLP ("**S&C**"), counsel for the official committee of unsecured

creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC,

EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**"), hereby submits this first interim application

(the "**Application**"), pursuant to sections 330 and 331 of title 11 of the United States Code (the

"**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses

of Professionals*, entered on September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"), and

the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**") for:

(a)        interim approval and allowance of compensation for professional

services rendered from November 5, 2014 through and including December 31, 2014 (the "**Fee Period**");

and

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these Chapter 11 Cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

(b) reimbursement of actual and necessary expenses incurred during the Fee Period.

In support thereof, S&C respectfully represents as follows:

## BACKGROUND

1. On April 29, 2014, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (these "**Chapter 11 Cases**").

2. On October 27, 2014, the U.S. Trustee appointed the EFH Committee [D.I. 2570]. The EFH Committee selected S&C to serve as its lead counsel.

3. On December 22, 2014, S&C filed the *Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holdings Company, LLC, EFIH Finance, Inc. and EECI Inc. for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Committee Nun Pro Tunc to November 5, 2014* [D.I. 3120] (the "**Retention Application**"). On January 13, 2015, the Court entered the *Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holdings Company, LLC, EFIH Finance, Inc. and EECI Inc. Nun Pro Tunc to November 5, 2014* [D.I. 3282].

4. Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. If no objections are raised prior to the expiration of the application Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection. (Interim Compensation Order ¶ 2.) In addition, the

Interim Compensation Order provides that each professional may file with the Court an interim fee application for compensation and reimbursement of expenses at three-month intervals, with the first interim fee period covering the period from the Petition Date through and including August 31, 2014. (*Id.*).  The first interim fee period that includes the date of S&C's retention is the interim fee period from September 1, 2014 through December 31, 2014.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

1.      This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order, Rule 2016-2 (c)–(g) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rule**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**" and, together with the Local Rule, the "**Guidelines**").

2.      In this Application S&C seeks: (a) approval and allowance of compensation for professional services rendered by S&C, as counsel for the EFH Committee during the Fee Period of $2,771,397.40 and (b) reimbursement of actual and necessary expenses, incurred by S&C during the Fee Period, of $16,221.34.

3.      S&C's fees for this Fee Period are in accordance with the agreed-upon rates for this period as set forth in the Retention Application.[2]  S&C has not increased the rates charged for any S&C professional since the date of S&C's retention nor have fees been altered based on the geographic

---

[2]      S&C does not ordinarily determine its fees solely on the basis of hourly rates.  Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by Rule 1.5(a) of the New York Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters.  Notwithstanding the foregoing, as set forth in its Retention Application, S&C has agreed that it will charge for services performed during these Chapter 11 Cases, on the basis of hourly rates.  The hourly rates used by S&C are the same or less than the rates generally used by S&C when preparing estimates of fees under its normal billing practices.

location of the S&C professional or for any other reason other than a reduction in fees for time spent during non-working travel as required by the Guidelines.

4.       During the Fee Period, S&C professionals and paraprofessionals spent an aggregate of 3,713.9 hours performing services for the EFH Committee in connection with these Chapter 11 Cases, at a blended hourly rate for professionals of $746.22.  In addition, S&C voluntarily reduced its fees by over $196,800 by (i) applying the fee caps set forth in the Retention Application which represent a reduction from the normal fee rates used by S&C when preparing fee estimates, (ii) agreeing to charge half rates for time spent on non-working travel and  (iii) eliminating professional time for work under a number of project codes.

5.       S&C's fees for the services rendered are reasonable and in keeping with the complexity of the matter and the level of expertise required to best serve the EFH Committee.  S&C believes that its fees are comparable to the fees charged by other highly skilled practitioners experienced in advising creditors in non-bankruptcy cases.

6.       As requested by the Fee Committee, S&C prepared a budget (the "**Budget**") and staffing plan (the "**Staffing Plan**") for the months of November and December.[3]  The Budget set forth estimated fees for the Fee Period of between $3,063,750 and $3,888,750.  S&C's actual fees for the Fee Period were $2,771,397.40, an amount that is $292,352.60 less that the lowest estimate of fees provided by S&C and approved by the EFH Committee.  This discrepancy results, in part, from the postponement to later periods of discovery- and litigation-related workstreams, as well as a delay in the commencement of meaningful plan discussions with the debtors.  The Staffing Plan closely approximated the number of S&C lawyers that actually worked on the case during the Fee Period.  Specifically, S&C used eight fewer lawyers than estimated in its Staffing Plan, including three fewer S&C partners.  While S&C used only three rather than the estimated 10 legal assistants during the Fee Period, 16 other paraprofessionals, such

---

[3]       Due to the timing lawyer of the first Budget request, the Budget and Staffing plan for November and December were combined.

as research analysts and legal analysts performed discreet tasks during the Fee Period.  S&C believes that

the use of these paraprofessionals was a contributing factor to its lower-than-estimated fees.

       7.      During the Fee Period, there were nine S&C lawyers that billed 15 or fewer

hours during the Fee Period.  Most of these lawyers provided advice in particular areas of expertise such

as tax, employee benefits, finance or litigation.  The use of these professionals created further efficiencies

and also contributed to the lower-than-estimated fees.  In addition, in certain limited circumstances where

necessary and appropriate, particular associates worked on discreet matters for the case for a limited

amount of time.

       8.      In accordance with the Guidelines, the following Exhibits are annexed to this

Application:

> Exhibit A:  **Certification of Andrew G. Dietderich** ─ a certification of Andrew G.
> Dietderich regarding compliance with the Local Rule.

> Exhibit B:  **S&C Professionals Performing Services During Fee Period** ─ a chart
> setting forth information on the S&C professionals who performed services during this
> Fee Period, including the hourly billing rates charged for those services and the
> aggregate number of hours expended and fees charged.

> Exhibit C:  **Project Code Total Chart** ─ a specification of aggregate amounts and time
> totals for each project category to which S&C billed during the Fee Period.

> Exhibit D:  **Summary of Disbursements** – a chart detailing the categories of expenses
> for which compensation is sought.

> Exhibit E:  **Budget and Staffing Plan** – S&C's Budget and Staffing Plan for the Fee
> Period as approved by the EFH Committee.

> Exhibit F:  **Budget and Staffing Plan Comparison** – a comparison of hours and fees
> budgeted for each matter category to which S&C professionals and paraprofessionals
> billed time during the Fee Period against the actual hours and fees for which S&C seeks
> compensation for the Fee Period.

> Exhibit G:  **Time Entries and Narrative Descriptions** – S&C's time entry records
> broken down into tenths of an hour by project code.

> Exhibit H:  **Expense Records** – S&C's disbursement records from the Fee Period.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

9.      In accordance with the recommendations set forth in the Guidelines, S&C has structured its time records using its internal system of project codes.  The following descriptions provide a summary of the primary services rendered by S&C during the Fee Period with respect to each project code.  Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work.

### A.      Asset Analysis and Recovery – Project Code 00002

Total Fees:      $27,177.50
Total Hours:      37.2

10.      This category includes time spent reviewing and analyzing the Debtors' assets, including assets owned by the Debtors' operating subsidiaries, non-operating holding companies, and corporate services affiliates.  During the Fee Period, S&C performed legal and factual diligence to determine if there were additional unsecured assets not previously identified by the Debtors that potentially could be available for distribution to unsecured creditors, and worked with the EFH Committee's financial advisor, Guggenheim Securities, to specifically identify unencumbered assets.

### B.      Asset Disposition – Project Code 00003

Total Fees:      $339,118.50
Total Hours:      474.0

11.      This category includes time spent by S&C professionals reviewing documents relating to the Oncor sale process, including the tax implications of a sale of Oncor and any change of control issues in material agreements to which Oncor is a party.  Specifically, S&C reviewed the documents filed with the court relating to asset disposition, as well as the debtor-provided deposition and deposition exhibits.  Also during the period, S&C performed M&A diligence on Oncor's public debt as well as the Oncor-provided information in the virtual data room.  Further, S&C professionals reviewed and summarized key regulatory issues.   Finally, S&C professionals reviewed and commented on the proposed revisions to the bidding procedures.

C.      **Assumption and Rejection of Leases and Contracts – Project Code 00004**

Total Fees:      $3,001.00
Total Hours:      3.6

12.      This category includes time spent by S&C professionals reviewing the Debtors'

motions to reject contracts and leases, negotiating with the Debtors on appropriate forms of order with

respect to such rejection motions, and coordinating with AlixPartners regarding the diligence necessary to

support the Debtors' request.

D.      **Avoidance Action Analysis – Project Code 00005**

Total Fees:      -0-
Total Hours:      -0-

13.      No time was charged to this category during the Fee Period.

E.      **Business Operations – Project Code 00006**

Total Fees:      $6,237.00
Total Hours:      8.6

14.      This category includes time spent by S&C professionals reviewing matters

involving the Debtors' business operations.  On October 30, 2014, the Debtors filed the *Motion of Energy*

*Future Holdings Corp.*, et al., *for Entry of an Order Authorizing Luminant Generation Company LLC to*

*Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition*

*Date* [D.I. 2662], and on November 24, 2014, the Debtors filed the Motion of *Energy Future Holdings*

*Corp.*, et al ., *for an Order (A) Authorizing Entry Into and Performance Under the Settlement Agreement*

*Between Certain of the Debtors and Sierra Club Pursuant to Section 363(b) of the Bankruptcy Code and*

*Rule 9019 of the Federal Rules of Bankruptcy Procedures and (B) Modifying the Automatic Stay* [D.I.

2865].  S&C professionals reviewed and analyzed pleadings related to these motions, assessed the nature

of relief sought and had numerous conversations with the Debtors regarding the relief requested.

### F.    Case Administration – Project Code 00007

Total Fees:    $326,465.00
Tot al Hours:    463.0

15.    This category includes all matters related to the internal administration of the

Debtors' cases, including preparation of *pro hace vice* applications and notices of appearances and

meetings with EFH Committee professionals regarding general case issues and strategy.  It also involved

preparing the EFH Committee working group list, managing task lists, monitoring the case docket and

tracking key dates.  Furthermore, in accordance with past practice in cases of this size and complexity,

S&C hosts a weekly meeting during which the S&C professionals bearing material responsibility for

every active workstream in these Chapter 11 Cases engage in discussions addressing a wide range of

topics, including case strategy and restructuring considerations.  Such discussions, which address many

interrelated matters, directly assist S&C's professionals in understanding the impact of issues arising in

one workstream on various other workstreams, and are vital to the coordination of overall case strategy

and planning.  Every effort is made to run these meeting in an efficient, and cost-effective manner.

### G.    Claims Administration and Objections – Project Code 00008

Total Fees:    $75,132.50
Total Hours:    80.0

16.    This category includes matters relating to potential claims against the Debtors

and the bar date process.  During the Fee Period, S&C reviewed the Debtors' motion to set a general

claims bar date, particularly in connection with asbestos liabilities, as well as investigating other matters

relating to asbestos claims against the Debtors.

### H.    Corporate Governance and Board Matters – Project Code 00009

Total Fees:    $2,624.50
Total Hours:    2.9

17.    This category includes all matters related to the review of the Debtors' corporate

structure, corporate governance and related issues.

I.        **Employee Benefits and Pensions – Project Code 00010**

Total Fees:        $121,060.00
Total Hours:          161.0

18.        During the Fee Period, S&C professionals devoted substantial time to employee compensation and benefits matters.  S&C professionals worked with the EFH Committee and other advisors to understand the Debtors' compensation and benefits structure, including pension and other post-employment benefits liabilities.  S&C professionals also analyzed and responded to questions from the EFH Committee regarding compensation- and benefits-related motions previously filed by the Debtors in these Chapter 11 Cases and actions taken thereunder.  S&C professionals spent substantial time analyzing the motion and related materials submitted by the Debtors to approve their year 2015 compensation programs, including for insiders.  S&C professionals discussed the Debtors' proposal with representatives of the Debtors and Debtors' counsel.  S&C professionals also prepared analyses for, and discussed the Debtors' proposal with, the EFH Committee and other advisors and drafted and prepared to execute on potential responsive filings.

J.        **Employment and Fee Applications (S&C) – Project Code 00011**

Total Fees:        $249,556.00
Total Hours:          345.0

19.        During the Fee Period, S&C professionals prepared the EFH Committee's application to retain S&C as its counsel.  S&C professionals drafted the retention application, supervised and reviewed the results of its internal conflicts procedures with respect to interested parties in these Chapter 11 Cases, and prepared its declaration in support of its retention.  There were in excess of 20,000 parties on the interested parties list and, as a result, the coordination of the review and preparation of schedules to be filed with the retention application was a lengthy and involved process.  S&C professionals filed the retention application and related declarations on December 22, 2014 and filed a supplemental declaration on January 13, 2015.  An order approving the retention of S&C was entered by the Court on January 13, 2015.

**K.**    **Employment and Fee Application (Others) – Project Code 00012**

Total Fees:    $176,660.50
Total Hours:    277.3

20.    During the Fee Period, the EFH Committee retained Guggenheim as its

investment banker and AlixPartners as its restructuring advisor.  S&C, on behalf of the EFH Committee,

negotiated with Guggenheim and AlixPartners regarding the terms of their retention, drafted and revised

the EFH Committee's applications to retain Guggenheim and AlixPartners, and reviewed these materials

before filing them with the Court.  Orders approving the retention of Guggenheim and AlixPartners were

entered by the Court on January 13, 2015.  In addition, during the Fee Period, S&C reviewed and

analyzed the various independent directors' retention applications.

**L.**    **Financing, Cash Collateral, Make Whole – Project Code 00013**

Total Fees:    $204,480.00
Total Hours:    283.6

21.    During the Fee Period, S&C professionals devoted substantial time to the review

and analysis of the Debtors' prepetition credit agreements and indentures and their postpetition DIP

financing, as well as the financing and cash collateral orders entered in these Chapter 11 Cases.  S&C

professionals also expended significant time on the review and assessment of developments in the three

adversary proceedings relating to make-whole provisions, the EFIH first lien make-whole settlement (and

the appeal thereof), and analyzing the claims asserted by the various noteholders relating to make-whole

premiums.  This category also includes other work relating to financing matters, most significantly

research and analysis of matters relating to payment of postpetition interest to various classes of creditors,

and potential creditor claims for postpetition interest.

**M.**    **Other Litigation – Project Code 00014**

Total Fees:    $41,493.50
Total Hours:    47.9

22.    During the Fee Period, S&C professionals advised the EFH Committee on a

variety of litigation matters, including the EFIH first and second lien and PIK noteholders make-whole

litigations (the "**Make-whole Litigations**") and the Fidelity Investments EFH Non-Guaranteed Notes Call Right litigation (the "**Fidelity Call Litigation**").  S&C professionals reviewed the pleadings and other filings in the Make-whole Litigations and Fidelity Call Litigation, analyzed the parties' arguments and considered the implications of these litigations on the EFIH unsecured debtors' potential recoveries. S&C professionals also drafted motions in connection with the Make-whole Litigation in anticipation of participating in those actions.

      **N.**      **Meetings and Communications with Creditors – Project Code 00015**

            Total Fees:      $208,860.00
            Total Hours:       202.30

      23.     This category includes time spent by S&C professionals relating to EFH Committee meetings, in-person and weekly conference calls, meetings with individual EFH Committee members and other creditor constituents.  Additionally, S&C professionals held various in-person meetings and conference calls with the Debtors, individual EFH and EFIH creditors, various ad hoc creditor groups, the TCEH Committee and other TCEH ad hoc creditor groups.

      **O.**      **Non-Working Travel – Project Code 00016**

            Total Fees:      $12,306.40
            Total Hours:       23.1

      24.     This category contains the non-working travel time spent by S&C professionals during the Fee Period.  In accordance with the Guidelines, the fees presented for payment pursuant to this category have been voluntarily reduced by one-half of the original charges for travel time, for a total reduction of $12,306.40.

      **P.**      **Plan and Disclosure Statement – Project Code 00017**

            Total Fees:      -0-
            Total Hours:      -0-

      25.     No time was charged to this category during the Fee Period.

### Q.    Relief From Stay and Adequate Protection – Project Code 00018

        Total Fees:      $994.50
        Total Hours:     1.3

26.    During the Fee Period, S&C professionals reviewed and analyzed various motions filed by third parties requesting to lift the automatic stay and reviewed and analyzed the Debtors' proposed resolutions with respect to these motions.

### R.    Tax – Project Code 00019

        Total Fees:      $411,306.00
        Total Hours:     469.2

27.    During the Fee Period, S&C professionals assisted the EFH Committee in understanding the significant tax issues involved in these Chapter 11 Cases.  S&C professionals engaged in detailed discussions with the Debtors and other stakeholders, as well as reviewed a significant amount of information provided by the Debtors and other stakeholders related to tax.  Additionally, S&C professionals conducted extensive research on tax and tax-related matters, and formulated their own view on the tax consequences of the different transactions proposed by the various stakeholders and the possibility of engaging in alternative transactions.  S&C professionals also analyzed the merits of certain intercompany claims related to taxes.  Furthermore, S&C professionals reviewed, commented and discussed with the Debtors the motion with respect to taxes and fees and reviewed other motions related to the case.

### S.    Valuation – Project Code 00020

        Total Fees:      -0-
        Total Hours:     -0-

28.    No time was charged to this category during the Fee Period.

### T.    Discovery – Project Code 00021

        Total Fees:      $50,191.00
        Total Hours:     60.9

29.    During the Fee Period, S&C professionals worked with Debtors' counsel and electronic discovery vendors to obtain access to various case databases and information sources.  S&C

professionals also reviewed and negotiated confidentiality agreement terms, reviewed applicable

discovery procedures, notified other parties in the bankruptcy proceeding of their participation in the

discovery process, and devised review protocol for incoming document productions.

**U.      Hearings – Project Code 00022**

Total Fees:      $29,016.00
Total Hours:       35.5

30.    This category includes time spent by S&C professionals preparing for and

participating in the hearings held during the Fee Period and time spent preparing for hearings to be held in

January.

**V.      First and Second Day Motions – Project Code 00023**

Total Fees:        -0-
Total Hours:       -0-

31.    No time was charged to this category during the Fee Period.

**W.      Claims Investigations – Project Code 00024**

Total Fees:      $91,016.50
Total Hours:       114.3

32.    This category includes work by S&C professionals in connection with potential

claims against the Debtors or their affiliates, including those by the EFH Committee's constituency as

well as potential claims by other parties in interest, such as the TCEH Committee or creditors of the

TCEH Debtors.  This work included diligence and legal research regarding potential claims relating to the

Debtors' 2007 leveraged buyout, in addition to other creditor claims and issues relating to possible claim

avoidance.

**X.      Lien Investigation – Project Code 00025**

Total Fees:      $83,593.00
Total Hours:       135.7

33.    This category includes work by S&C professionals  relating to potential

challenges to the liens securing the TCEH Debtors' secured credit facilities, including related review of

the Debtors' prepetition financing and security arrangements, diligence on the collateral securing these

credit facilities and research on lien allowance and other matters relevant to a potential lien challenge.

**Y.     Intercompany Claims – Project Code 00026**

Total Fees:        $199,093.50
Total Hours:          319.6

34.    This category includes activities relating to claims among the Debtors whether

held by or against the EFH Debtors.  As the resolution of intercompany claims is potentially significant to

certain other issues in these Chapter 11 Cases, S&C professionals devoted significant time and resources

during the Fee Period to analyzing intercompany claims, particularly claims by the EFH Debtors against

the TCEH Debtors, or by the TCEH Debtors against the EFH Debtors, including diligence regarding

intercompany contracts and legal research on matters relating to claim priority and related legal remedies.

**Z.     Other Motions/Applications – Project Code 00027**

Total Fees:        $83,642.50
Total Hours:          112.7

35.    This category includes work performed by S&C professionals relating to motions

and applications of the EFH Committee which do not relate to the other project categories.  During the

Fee Period, S&C professionals prepared several such motions and applications, including the EFH

Committee's joinder to the TCEH Committee's motion regarding creditor information sharing procedures

and protocols, and the accompanying revised proposed order; a stipulation between the EFH Committee

and the Debtors regarding the EFH Committee's rights relating to certain case deadlines and other case

matters; a stipulation and agreed order between the EFH Committee and the Debtors relating to legacy

discovery and related administrative matters; and an application for reimbursement of the EFH

Committee's expenses in connection with these Chapter 11 Cases.

**AA.    Schedules and Statements – Project Code 00028**

Total Fees:        -0-
Total Hours:        -0-

36.    No time was charged to this category during the Fee Period.

**BB.     Time Entry Review – Project Code 00029**

> Total Fees:        $14,653.00
> Total Hours:         38.9

37.     This category contains the time spent reviewing the time entries recorded by

S&C professionals to ensure accuracy, clarity, and consistency.

**CC.     Budgeting (Case) – Project Code 00031**

> Total Fees:        $13,720.00
> Total Hours:         16.3

38.     This category reflects time spent preparing the Budget and Staffing Plan for

approval by the EFH Committee.

## REASONABLE AND NECESSARY SERVICES RENDERED BY S&C

39.     The foregoing professional services rendered by S&C on behalf of the EFH

Committee during the Fee Period were reasonable, necessary and appropriate to the administration of the

EFH Committee's Chapter 11 Cases and related matters and in the best interests of the EFH Committee.

The compensation requested for the foregoing services is commensurate with the complexity, importance

and nature of the problems, issues and tasks involved.  The professional services were performed

expediently and in an efficient manner.  In particular, S&C made use of its internal experts and specialists

to provide efficient and cost-effective answers to questions, and allocated work among professionals and

paraprofessionals in a manner designed to promote cost-effectiveness.

40.     S&C is widely recognized for its experience and knowledge relating to complex

business matters and reorganizations under chapter 11 of the Bankruptcy Code.  S&C has an established

reputation for its expertise in handling large transactions.  Partners and associates from across S&C's

different practice groups performed services for the EFH Committee.  The S&C practice groups that

provided services to the EFH Committee—mergers and acquisitions, litigation, employee benefits and

tax, among others—enjoy a global reputation for their expertise.

41.     During the Fee Period, the professional services performed by S&C on behalf of the EFH Committee required an aggregate expenditure of 3,713.9 recorded hours by S&C professionals. Of the aggregate time expended, 978.4 recorded hours were expended by partners, counsels and special counsels, 2,400 recorded hours were expended by associates, and 335.5 recorded hours were expended by S&C paraprofessionals.

42.     S&C billed the EFH Committee for time expended by professionals at hourly rates ranging from $145 to $1,140.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $746.22 (based on 3,713.9 recorded hours at S&C's agreed hourly billing rates).  The hourly rates utilized by S&C in these Chapter 11 Cases are equivalent to or less than the hourly rates used by S&C when preparing estimates of fees for similar non-bankruptcy matters.

## ACTUAL AND NECESSARY DISBURSEMENTS BY S&C

43.     As set forth in Exhibit D, S&C seeks reimbursement for $16,221.34 in expenses incurred in performing professional services during the Fee Period.  Reimbursable expenses (whether performed by S&C in-house or by a third-party vendor) include:  reproduction costs, courier services, appropriate local and long distance transportation costs, and meals.  Pursuant to S&C's disbursement policies, out-of-pocket expenses are passed through at actual (or, when actual out- of-pocket expenses are uncertain, estimated actual) costs.  Items subject to limits under the Guidelines, such as meals, may be charged at amounts below cost.  As required by the Guidelines, S&C has limited its fees for black and white duplication charges to $0.10 per page,  In addition, S&C charges $0.25 per page for color copies (less than the $0.50 per page permitted under the Guidelines).  Furthermore, S&C only charges for in-house copies made by its reproduction department (typically large copy jobs).  S&C does not pass through any charge for computerized research or long-distance telephone or fax charges (other than telephone fees for telephonic and video conference services).  All expenses charged comply with the Guidelines.

44.    S&C respectfully submits that the actual expenses incurred in providing professional services during the Fee Period were necessary, reasonable and justified under the circumstances to serve the needs of the EFH Committee in these Chapter 11 Cases.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

45.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(A) and (B).

46.    Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3)(A)-(F).

47.    In the instant case, S&C respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the EFH Committee, and the Debtors' estates.  S&C worked diligently to anticipate or respond to the EFH Committee's needs and to maximize the Debtors' estates for the benefit of the unsecured creditors the EFH Committee represents.  S&C's services and expenditures were necessary to, and in the best interests of, the unsecured creditors represented by the EFH Committee.  S&C submits further that the services its professionals provided to the EFH Committee were performed economically, effectively and efficiently, and that the results obtained to date have benefited the unsecured creditors represented by the EFH Committee.  The services provided by S&C were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.  Accordingly, S&C respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services.[4]

## NO PRIOR REQUEST

48.    No prior application for the relief requested herein has been made to this or any other Court.

## RESERVATION OF RIGHTS AND NOTICE

49.    Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period.  S&C reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

---

[4]    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Application.

WHEREFORE, S&C respectfully requests that the Court enter an order: (i) awarding

S&C the sum of $2,771,397.40 as compensation for services rendered and $16,221.34 for reimbursement

for actual and necessary expenses S&C incurred during the Fee Period; and (ii) granting such other and

further relief as the Court deems appropriate.

Dated:  Wilmington, Delaware
        February 17, 2015

**SULLIVAN & CROMWELL LLP**

        */s/ Andrew G. Dietderich*
        Andrew G. Dietderich
        Brian D. Glueckstein
        Alexa Kranzley

        125 Broad Street
        New York, New York  10004
        Telephone:  (212) 558-4000
        Facsimile:  (212) 558-3588
        E-mail:    dietdericha@sullcrom.com
                   gluecksteinb@sullcrom.com
                   kranzleya@sullcrom.com

        *Counsel for The Official Committee of*
        *Unsecured Creditors of Energy Future*
        *Holdings Corp., Energy Future*
        *Intermediate Holding Company, LLC;*
        *EFIH Finance, Inc.; and EECI, Inc.*