**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Objection Deadline: March 11, 2015 at 4:00 p.m. |

**SUMMARY COVER SHEET TO THE SECOND
INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
FROM SEPTEMBER 1, 2014 THROUGH AND INCLUDING DECEMBER 31, 2014**

In accordance with the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the second interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from September 1, 2014 through December 31, 2014 (the "Fee Period").

Kirkland submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

### General Information

| | |
|---|---|
| Name of Applicants: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| | |
|---|---|
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Kirkland: | September 16, 2014, *nunc pro tunc* to April 29, 2014 [D.I. 2052] |

### Summary of Fees and Expenses Sought in the Fee Application[3]

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | September 1, 2014 through and including December 31, 2014 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $579,729.50 and expenses by $172,311.99[4] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $25,084,064.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,984,872.90 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $27,068,936.90[5] |

---

[3]  Of the amount of fees and expenses sought in the Fee Application, as of the date hereof, $5,016,812.80 represents the amount for which K&E has not sought compensation in the monthly fee statements it has filed for the following periods:  September 1, 2014 to September 30, 2014 [D.I. 2753] (the "September Monthly Fee Statement"), October 1, 2014 to October 31, 2014 [D.I. 3034] (the "October Monthly Fee Statement"), November 1, 2014 to November 30, 2014 [D.I. 3178] (the "November Monthly Fee Statement"), and December 1, 2014 to December 31, 2014 [D.I. 3523] (the "December Monthly Fee Statement" and, collectively with the other above-referenced fee statements, the "Monthly Fee Statements").

The total fees and expenses sought in the Fee Application include (a) fees for work performed and expenses incurred for a specific Debtor's estate totaling $3,605,644.55 (comprised of $3,598,886.00 in fees and $6,758.55 in expenses) (the "Direct Benefit Fees") and (b) fees for work performed and expenses incurred for all Debtors' estates totaling $23,463,292.35 (comprised of $21,485,178.00 in fees and $1,978,114.35 in expenses) (the "Collective Benefit Fees").  Specifically, the Direct Benefit Fees include fees and expenses of (a) $234,305.27 for the EFH Corp. Debtors, (b) $1,496,340.60 for the EFIH Debtors, and (c) $1,874,998.68 for the TCEH Debtors.  The Collective Benefit Fees include fees and expenses of (a) $1,937,276.44 for the EFH Corp. Debtors, (b) $9,972,569.22 for the EFIH Debtors, and (c) $11,553,446.69 for the TCEH Debtors.

[4]  K&E voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

[5]  As of the date hereof, K&E has applied all of the pre-petition retainer received from the EFH Corp.

| *Rate Increases Applicable to the Fee Period* |
|---|

Total Amount of Compensation
Sought for the Fee Period, Calculated
Using Rates as of the Date of Retention:                $24,290,175.00

| *Summary of Past Requests for Compensation and Prior Payments*[6] |
|---|

Total Amount of Compensation Previously Requested
Pursuant to the Interim Compensation Order to Date:                $50,684,854.50

Total Amount of Expense Reimbursement Previously
Requested Pursuant to the Interim Compensation Order to Date:   $3,232,921.93

Total Compensation Approved
Pursuant to the Interim Compensation Order to Date:                $24,511,927.32

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to Date:                $1,122,860.04

Total Allowed Compensation Paid to Date:                $24,511,927.32

Total Allowed Expenses Paid to Date:                $1,122,860.04

Compensation Sought in this Fee Application Already Paid
Pursuant to the Interim Compensation Order But Not Yet                $15,132,058.80
Allowed:

Expenses Sought in this Fee Application Already Paid
Pursuant to the Interim Compensation Order But Not Yet                $1,723,540.36
Allowed:

---

[6]    K&E filed the September Monthly Fee Statement on November 12, 2014 [D.I. 2753], the October Monthly Fee Statement on December 16, 2014 [D.I. 3034], the November Monthly Fee Statement on January 6, 2015 [D.I. 3178], and the December Monthly Fee Statement on February 12, 2015 [D.I. 3523].  As of the date hereof, K&E has received payments totaling $16,855,599.16 relating to compensation and expenses sought in the Monthly Fee Statements.

Wilmington, Delaware
Dated:  February 17, 2015

*/s/ Edward O. Sassower, P.C.*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Objection Deadline: March 11, 2015 at 4:00 p.m. |

## SECOND INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2014 THROUGH AND INCLUDING DECEMBER 31, 2014

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its second interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $25,084,064.00 and reimbursement of actual and necessary expenses in the amount of $1,984,872.90 that Kirkland incurred for the period from September 1, 2014 through and including December 31, 2014 (the "Fee Period").  In support of this Fee Application, Kirkland submits the declaration of Edward O. Sassower, the president of Edward O. Sassower, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP, (the "Sassower Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Fee Application, Kirkland respectfully states as follows.[2]

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the *Summary Cover Sheet to the Second Interim Fee Application of Kirkland & Ellis LLP and*

## **Jurisdiction**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended
Standing Order of Reference from the United States District Court for the District of Delaware*,
dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.
§ 157(b)(2), and Kirkland consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy Court for the District of Delaware
(the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this
Fee Application to the extent that it is later determined that the Court, absent consent of the
parties, cannot enter final orders or judgments in connection herewith consistent with Article III
of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the
United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Bankruptcy Rules,
the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses
for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order
Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[3]

---

*Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from
September 1, 2014 through and including December 31, 2014.*

[3]    On October 3, 2014, October 7, 2014, and December 1, 2014, the Fee Committee (as defined herein) distributed
guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including,
expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "Fee
Committee Guidelines").

**Background**

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint

administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The

Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an

official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC

("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and

indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the

"TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of

unsecured creditors of Energy Future Holdings Corp. ("EFH Corp."), Energy Future

Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH

Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Official

Committees") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors'

business operations and capital structure is set forth in the declaration of Paul Keglevic in

support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order,

which sets forth the procedures for interim compensation and reimbursement of expenses for all

retained professionals in these cases.

6.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee,

the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a

fee committee to review and report on, as appropriate, interim and final fee applications filed by

all retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code

and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court

entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures

governing the Fee Committee's review of the Debtors' retained professionals' applications for

compensation and the resolution of any concerns raised during such review.

**Preliminary Statement**

7.      During the Fee Period, the Debtors, with Kirkland's assistance, advanced a

number of complementary workstreams that were, and continue to be, aimed at developing a

global plan of reorganization that maximizes stakeholder value and allows for an expeditious exit

from chapter 11.  As described in detail below, during the Fee Period, Kirkland facilitated the

Debtors' efforts on these workstreams in a variety of ways, including by (a) educating the EFH

Creditors' Committee and the conflicts-matters advisors of each of EFH Corp., EFIH, and

EFCH/TCEH regarding the Debtors' restructuring initiatives and historical transactions; (b)

working with the Debtors to develop a process for a multi-billion dollar auction related to the

sale of economic interests in Oncor Electric Delivery Company LLC (the "EFH-EFIH

Transaction");[4] (c) formulating and developing consensus around a plan of reorganization and

term sheet; (d) advancing significant document productions in connection with various litigation

matters, including legacy discovery (that, in the aggregate, have resulted in the production of

several million pages of materials); and (e) supporting the Debtors' business operations by

facilitating the entry of Court orders regarding the same and providing strategic advice

concerning, among other things, the assumption of contracts and vendor issues.

---

[4]     *See Motion of Energy Future Holdings Corp.*, et al.*, for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087] (the "Bidding Procedures Motion"); *Order (A) Approving Revised Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 3295] (the "Bidding Procedures Order").

8.      ***Educating the EFH Creditors' Committee and Conflicts-Matters Advisors***. During the Fee Period, the Debtors and Kirkland faced the formidable task of educating two new, significant parties—the EFH Creditors' Committee and the conflicts-matters advisors. Specifically, the Debtors and Kirkland spent significant time and resources participating in multiple in-person and telephonic diligence sessions, as well as countless one-off calls and meetings, with these parties and providing them with requested materials including ones produced through heavily negotiated, Court-approved discovery protocols.   These efforts are critical to ensuring that the EFH Creditors' Committee and conflicts-matters advisors are fully engaged and able to understand the Debtors' restructuring goals and participating meaningfully in negotiations regarding a plan of reorganization.

9.      ***Developing the EFH-EFIH Transaction Process***.  The Debtors also developed a process for a multi-billion dollar auction related to the EFH-EFIH Transaction.   After the Debtors filed a motion seeking approval of procedures governing the EFH-EFIH Transaction, they worked to consensually resolve, wherever possible, certain discovery and deposition issues related to the requested relief.  Following a four-day trial, the Court issued a ruling on November 3, 2014.  Thereafter, the Debtors worked to develop a revised form of order responsive to the Court's ruling.  Ultimately, through discussions with, among others, both Official Committees and the conflicts-matters advisors, the Debtors successfully obtained a Court order establishing procedures governing the EFH-EFIH Transaction.[5]

10.      ***Developing Consensus Regarding a Plan***.   The Debtors remain focused on exiting bankruptcy as expeditiously as possible.   To that end, they hosted multiple global settlement plan conferences with significant constituencies at each of EFH and EFIH, and

---

[5]      K&E is in discussions with the Office of the U.S. Trustee regarding certain time and expenses incurred in connection with the Bidding Procedures Motion.

multiple global settlement plan conferences with significant constituencies at TCEH, all designed to bolster consensus around a comprehensive plan of reorganization. In addition, the Debtors and their advisors participated in countless in person and telephonic conferences with these constituencies on an individual basis, to better understand each constituency's parochial interests. In many instances, these discussions spurred creditor constituencies to initiate dialogues amongst themselves and propose plan proposals. As a result, and with a view towards global maximization of value, the Debtors developed a plan term sheet that the Debtors circulated to all major stakeholders on February 12, 2015.

11. ***Advancing Litigation Workstreams***. Throughout the Fee Period, Kirkland advised the Debtors with respect to a number of litigation and discovery workstreams, the most significant of which is the Legacy Discovery Protocol.[6] The Legacy Discovery Protocol addresses a wide breadth of prepetition transactions, and, consequently, lays the foundation for potential claims that (a) certain TCEH creditors and/or Official Committees may seek to prosecute or (b) the Debtors may seek to address as part of a plan. To facilitate global plan settlement discussions, the Debtors and Kirkland have engaged with various constituencies to identify, prioritize, and respond to certain discovery requests. During the Fee Period, Kirkland, on behalf of the Debtors, analyzed and produced approximately 500,000 documents collectively consisting of over three million pages. On February 9, 2015, the Debtors provided notice that they have fully complied with their discovery obligations in connection with the Initial Consolidated Requests, consistent with the requirements of the Legacy Discovery Protocol. In

---

[6]    *See Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [D.I. 1832] (the "Legacy Discovery Protocol").

total, the Debtors produced more than 680,000 documents collectively consisting of nearly 4.5 million pages.  The Debtors' reserve the right to supplement the production for any reason.

12.  ***Clarifying Potential Plan Distributions***.  In addition, to aid the Debtors and their stakeholders in understanding claim values and potential plan distributions, Kirkland advised the Debtors throughout the Fee Period on:   (a) strategies to resolve interest rate issues and makewhole litigation arising from all three tranches of EFIH debt; (b) filing the Debtors' first five omnibus objections that, in the aggregate, seek to expunge over 1,700 proofs of claim (approximately 17% of the nearly 10,000 proofs of claim filed in these chapter 11 cases) with an aggregate claimed value in excess of $40 billion; and (c) assessing approximately 12,000 executory contracts to ensure the assumption of only those contracts expected to return value to the estates in the long-term.

13.  ***Preserving Operational Value***.  Throughout the Fee Period, Kirkland continued to advise the Debtors on obtaining relief from the Court necessary to preserving the long-term value of the Debtors' operations.   Specifically, the Debtors, with Kirkland's assistance, successfully obtained approximately 20 Court orders addressing, among other things, hedging and generation activities, employee compensation, and the settlement of prepetition causes of action, all of which will also provide greater clarity regarding plan distributions.   Based on discussions with a number of interested stakeholders, including the Official Committees and the U.S. Trustee, the vast majority of these operational orders were entered on a consensual basis or adjourned to further develop such consensus.

14.  In short, and as described above, Kirkland spent considerable time during the Fee Period working with the Debtors to advance these chapter 11 cases toward confirmation of a

value-maximizing plan.  In light of these undertakings, and as more fully set forth herein, the

Debtors' respectfully request that the Court approve this Fee Application.

## Case Status Summary

15.    During the Fee Period, the Debtors made significant strides on a number of

workstreams that the Debtors believe will advance plan discussions.  Since the end of the Fee

Period, the Debtors' priority has been to further advance these workstreams with the goal of

filing a plan of reorganization as expeditiously as possible.  Specifically, Kirkland recently

assisted the Debtors by (a) continuing to address certain settlement claims by engaging conflicts-

matters advisors and the EFH Creditors' Committee in diligence sessions, including, importantly,

the first meeting with members of that committee on January 14, 2015; (b) providing notice of

full compliance with discovery obligations in connection with the Initial Consolidated Requests,

consistent with the requirements of the Legacy Discovery Protocol; (c) representing the Debtors

at the January 5, 2015 oral argument regarding the appeal of the EFIH First Lien Settlement;[7]

(d) advocating for a timely resolution of the declaratory judgment action filed by the indenture

trustee for the EFIH second lien notes;[8] (e) negotiating, drafting, and filing a motion requesting

authority to repay EFIH second lien noteholders using EFIH funds;[9] and (f) preparing a global

term sheet and restructuring calendar.

---

[7]    As defined in the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 1683].

[8]    *See Energy Future Intermediate Holding Company LLC's and EFIH Finance Inc.'s Motion for Leave to File a First Amended Answer and Counterclaim*, Case No. 14-50405 [D.I. 12]; *EFIH Second Lien Indenture Trustee's (i) Opposition to the Debtor's Motion for Leave to File a First Amended Answer and Counterclaim, and (ii) Motion for Leave to Dismiss the Complaint Without Prejudice*, Case No. 14-50405 [D.I. 17]; *EFIH Debtors' Reply in Support of its Motion for Leave to File a First Amended Answer and Counterclaims and Opposition to the Second Lien Indenture Trustee's Motion for Leave to Dismiss Its Complaint*, Case No. 14-50405 [D.I. 19].

[9]    *See Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes;*

16.     In addition, the Debtors believe that their ability to drive consensus towards a global plan that maximizes value is directly tied to their preservation of exclusivity.  As a result, Kirkland advised the Debtors in connection with filing a motion to extend exclusivity past February 23, 2015.[10]  The Debtors filed the motion on January 20, 2015.[11]  Following the filing of the motion, the Debtors initiated discussions with a number of their major constituencies regarding a revised form of order.  Ultimately, the Debtors obtained near-global consensus on a negotiated order, and, on February 10, 2015, the Court entered a modified form of order extending the Debtors' exclusive period to file a plan to June 23, 2015, with an automatic two-month extension to August 23, 2015 if the Debtors have a plan on file by June 23, 2015.

17.     In furtherance of achieving consensus around a plan of reorganization, on February 12, 2015, the Debtors circulated a global plan term sheet to all major stakeholders.  The Debtors are hopeful that this will further encourage parties to participate in productive plan discussions and anticipate engaging in fruitful discussions in the coming weeks.

### The Debtors' Retention of Kirkland

18.     On September 16, 2014, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse Kirkland in

---

*(II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order* [D.I. 3527].

[10]     *See Second Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 3338].

[11]     *See id.* [D.I. 3338].

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the

Fee Committee Order, and the Interim Compensation Order.    The Retention Order also

authorizes the Debtors to compensate Kirkland at Kirkland's hourly rates charged for services of

this type and to reimburse Kirkland for Kirkland's actual and necessary out-of-pocket expenses

incurred, subject to application to this Court.[12]    The particular terms of Kirkland's engagement

are detailed in the engagement letter by and between Kirkland and the Debtors, effective as of

June 19, 2012, and attached hereto as **Exhibit C** (the "Engagement Letter").

19.    The Retention Order authorizes Kirkland to provide the following services

consistent with and in furtherance of the services enumerated above:

  a.  advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

  b.  preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

  c.  appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

  d.  performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

### Disinterestedness of Kirkland

20.    To the best of the Debtors' knowledge and as disclosed in:  the *Declaration of*

*Edward O. Sassower, P.C. in Support of the Debtors' Application for the Entry of an Order*

*Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors*

*and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 660] (the "First

---

[12]    In accordance with the Retention Order, K&E does not seek reimbursement of expenses for office supplies pursuant to this Fee Application.

Sassower Declaration"); the *Amended Declaration of Edward O. Sassower in Support of the Debtors Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 1733] (the "Amended Sassower Declaration"); the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (the "First Supplemental Sassower Declaration"); the *Second Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2949] (the "Second Supplemental Sassower Declaration") (together with the First Sassower Declaration, the Amended Sassower Declaration, and the First Supplemental Sassower Declaration, the "Kirkland Declarations"), Kirkland (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and (c) has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Kirkland Declarations.

21.    Kirkland may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the Kirkland Declarations, Kirkland disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Kirkland will

11

update the Kirkland Declarations or file additional ones, as appropriate, if Kirkland becomes aware of relevant and material new information.

22.     Kirkland performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

23.     Except to the extent of the advance payments paid to Kirkland that Kirkland previously disclosed to this Court in the Kirkland Declarations, Kirkland has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

24.     Pursuant to Bankruptcy Rule 2016(b), Kirkland has not shared, nor has Kirkland agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Kirkland or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

25.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

26.     Kirkland seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $25,084,064.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,984,872.90.  During the Fee Period, Kirkland attorneys and paraprofessionals expended a total of 38,314.60 hours for which compensation is requested.

27.     Kirkland has received payments totaling $16,855,599.16 under the Interim Compensation Order and the Fee Committee Order.  Kirkland has submitted the Monthly Fee Statements seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by Kirkland and (b) 100% of the actual and necessary

12

costs and expenses incurred by Kirkland in connection with the services provided to the Debtors for each month.

28.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Kirkland seeks payment of the remaining $5,016,812.80, which amount represents the 20% holdback period on fees during the Fee Period.[13]

## Fees and Expenses Incurred During Fee Period

**A.     Customary Billing Disclosures**.

29.     Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructurings and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

---

[13]     On October 20, 2014, K&E sent an invoice to the Debtors for $1,046,898.57 in prepetition fees and expenses.  The Retention Order required K&E to apply any remaining portion of the retainer provided by EFH Corp. to K&E (the "Retainer") first to prepetition fees and expenses, and then the first Court-authorized postpetition fees and expenses.  As of the date hereof, K&E does not have any outstanding prepetition fees and expenses and has applied the Retainer to satisfy the amounts the Court approved in connection with K&E's first interim fee application [D.I. 3365].  The remaining portion of the Retainer ($954,567.16) was used to satisfy the fees and expenses described in the November Monthly Fee Statement (with respect to which K&E filed a certificate of no objection on January 29, 2015 [D.I. 3400]).

**B.      Fees Incurred During Fee Period**.

30.      In the ordinary course of Kirkland's practice, Kirkland maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.   For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Kirkland's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim fee application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Retention Application").

**C.      Expenses Incurred During Fee Period**.

31.      In the ordinary course of Kirkland's practice, Kirkland maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.   Kirkland currently charges $0.16 per page for standard duplication in its offices in the United States.   Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, Kirkland charged no more than $0.10 per page for

14

standard duplication services in these chapter 11 cases.  Kirkland does not charge its clients for incoming facsimile transmissions.

32.     For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Kirkland is seeking reimbursement.

### Proposed Payment Allocation

33.     In accordance with paragraph 2(b) of the Interim Compensation Order, Kirkland proposes the following allocation of the fees and expenses sought in this Fee Application among (a) EFH Corp., (b) EFIH, and (c) the TCEH Debtors:

| Debtor(s) | Amount |
|---|---|
| **Direct Benefit Fees**:  **$3,605,644.55** (comprised of $3,598,886.00 fees and $6,758.55 expenses) | |
| EFH Corp. | $234,305.27 |
| EFIH | $1,496,340.60 |
| TCEH Debtors | $1,874,998.68 |
| *Total:* | $3,605,644.55 |
| **Collective Benefit Fees**:  **$23,463,292.35** (comprised of $21,485,178.00 fees and $1,978,114.35 expenses) | |
| EFH Corp. | $1,937,276.44 |
| EFIH | $9,972,569.22 |
| TCEH Debtors | $11,553,446.69 |
| *Total:* | $23,463,292.35 |
| *Grand Total:* | $27,068,936.90 |

### Summary of Legal Services Rendered During the Fee Period

34.     As discussed above, during the Fee Period, Kirkland provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

15

35.     To provide a meaningful summary of Kirkland's services provided on behalf of the Debtors and their estates, Kirkland has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[14]

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0003 | [ALL] Automatic Stay | 155.90 | $96,421.50 |
| 0005 | [ALL] Business Operations | 6.20 | $4,025.00 |
| 0006 | [ALL] Case Administration | 503.70 | $280,953.50 |
| 0007 | [ALL] Cash Management | 28.90 | $18,350.50 |
| 0008 | [ALL] Claims Administration & Objections | 747.70 | $436,401.00 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | 11,517.70 | $6,264,617.50 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | 2,039.90 | $1,634,689.00 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | 540.20 | $343,064.00 |
| 0012 | [ALL] Hearings | 806.00 | $574,253.50 |
| 0013 | [ALL] Insurance | 21.00 | $11,528.50 |
| 0014 | [ALL] Kirkland Retention and Fee Applications | 2,635.20 | $1,402,288.50 |
| 0016 | [ALL] Non-Debtor Affiliates | 5.90 | $3,687.50 |
| 0017 | [ALL] Non-Kirkland Retentions & Fee Apps | 922.20 | $540,916.00 |
| 0018 | [ALL] Non-Working Travel | 514.80 | $429,665.50 |
| 0019 | [ALL] Official Committee Issues & Meet. | 76.80 | $56,057.50 |
| 0021 | [ALL] Plan and Disclosure Statements | 6,090.30 | $4,780,458.00 |
| 0022 | [ALL] Private Letter Ruling/IRS Matters | 91.20 | $102,580.00 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | 2,657.30 | $1,970,479.00 |
| 0027 | [ALL] Schedules, SoFAs | 38.10 | $29,485.50 |
| 0029 | [ALL] Tax Issues | 1,471.20 | $1,300,949.00 |
| 0032 | [ALL] Valuation | 2,009.30 | $1,204,307.50 |
| 0034 | [TCEH] Asset Dispositions and Purchases | 108.60 | $68,749.50 |
| 0035 | [TCEH] Automatic Stay | 53.80 | $32,605.50 |
| 0037 | [TCEH] Business Operations | 14.30 | $8,262.50 |
| 0038 | [TCEH] Cash Collateral and DIP Financing | 56.60 | $42,213.00 |
| 0039 | [TCEH] Claims Administration & Objection | 678.80 | $421,134.00 |
| 0040 | [TCEH] Contested Matters & Advers. Proc. | 915.50 | $620,198.50 |
| 0041 | [TCEH] Corp. Governance and Sec. Issues | 12.40 | $11,347.00 |
| 0042 | [TCEH] Environmental Issues | 35.90 | $16,647.00 |
| 0046 | [TCEH] Non-Debtor Affiliates | 71.40 | $38,804.50 |
| 0047 | [TCEH] Non-Kirkland Retention & Fee Apps | 23.50 | $15,533.00 |

---

[14]    In certain instances K&E may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0048 | [TCEH] Non-Working Travel | 7.40 | $6,501.00 |
| 0049 | [TCEH] Official Committee Issues & Meet. | 25.90 | $17,735.00 |
| 0051 | [TCEH] Plan and Disclosure Statements | 27.20 | $27,610.50 |
| 0057 | [TCEH] Trading and Hedging Contracts | 84.70 | $57,347.00 |
| 0058 | [TCEH] Transition Services | 3.50 | $2,630.00 |
| 0062 | [TCEH] Vendor and Other Creditor Issues | 266.00 | $161,141.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Make-whole | 137.80 | $120,923.50 |
| 0067 | [EFIH] Claims Administration & Objection | 8.90 | $5,446.50 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | 1,910.50 | $1,292,362.00 |
| 0069 | [EFIH] Corp. Governance and Sec. Issues | 18.90 | $18,540.50 |
| 0072 | [EFIH] Non-Kirkland Retention & Fee Applicat. | 9.40 | $6,291.50 |
| 0073 | [EFIH] Non-Working Travel | 44.70 | $30,405.00 |
| 0074 | [EFIH] Official Committee Issues & Meet. | 3.90 | $2,437.50 |
| 0076 | [EFIH] Plan and Disclosure Statements | 15.80 | $16,270.00 |
| 0086 | [EFH] Contested Matters & Advers. Proc. | 1.50 | $1,867.50 |
| 0087 | [EFH] Corp. Governance and Sec. Issues | 6.80 | $6,462.00 |
| 0089 | [EFH] EFH Properties | 284.80 | $167,062.00 |
| 0094 | [EFH] Non-Kirkland Retention & Fee Apps | 2.10 | $1,735.50 |
| 0095 | [EFH] Non-Working Travel | 3.50 | $3,587.50 |
| 0096 | [EFH] Official Committee Issues & Meet. | 76.20 | $52,157.50 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | 524.80 | $324,878.50 |

36.     The following is a summary, by Matter Category, of the most significant professional services provided by Kirkland during the Fee Period. This summary is organized in accordance with Kirkland's internal system of matter numbers. The detailed descriptions demonstrate that Kirkland was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.

37.     A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Kirkland partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**. **Exhibit H** is Kirkland's budget and staffing plan for the Fee Period, which has been approved by the Debtors, and **Exhibit I** is a comparison of hours and fees budgeted for each matter category

17

to which Kirkland professionals and paraprofessionals billed time during the Fee Period against the hours and fees for which Kirkland seeks compensation for the Fee Period.

38.    In addition, Kirkland's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit J**, and Kirkland's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit K**.

### (a)    [ALL] Automatic Stay (Matter No. 3)

Total Fees:    $96,421.50
Total Hours:   155.90

39.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to strategizing, responding to inquiries and researching and preparing pleadings regarding lifting the automatic stay with respect to litigation issues related to all of the Debtors.

### (b)    [ALL] Business Operations (Matter No. 5)

Total Fees:    $4,025.00
Total Hours:   6.20

40.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to the Debtors' business operations. Specifically, Kirkland attorneys and paraprofessionals spent time advising the Debtors' management and other advisors regarding processes to ensure uninterrupted operations and compliance with provisions of the Bankruptcy Code and orders entered in these chapter 11 cases.

(c)      **[ALL] Case Administration (Matter No. 6)**

Total Fees:      $280,953.50
Total Hours:    503.70

41.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period on tasks assuring the smooth and efficient administration of legal services relating to the Debtors' chapter 11 cases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      coordinating internal work streams, client communications, and creditor communications by monitoring critical dates and case developments and maintaining and disseminating case calendars, task lists, and work-in-progress reports;

ii.      monitoring key deadlines in the chapter 11 cases;

iii.      preparing for and holding regular meetings and telephone conferences with both the Kirkland internal restructuring and other working groups as well as the Debtors regarding the status of pending workstreams, discovery issues, and database management;

iv.      preparing for and attending telephone conferences every other week with certain creditor constituencies including the Official Committes regarding case status and progress on critical workstreams; and

v.      reviewing docket entries as they are filed to apprise the Debtors, as well as certain professionals and creditors, of developments in these chapter 11 cases.

(d)      **[ALL] Cash Management (Matter No. 7)**

Total Fees:      $18,350.50
Total Hours:    28.90

42.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period addressing issues relating to the Debtors' duties under the orders entered with respect to their cash management system and the opening and closing of bank accounts as well as advising the Debtors and their professional advisers to ensure their compliance with the orders.

19

(e)    **[ALL] Claims Administration & Objections (Matter No. 8)**

Total Fees:    $436,401.00
Total Hours:    747.70

43.    To date, creditors have filed approximately 10,000 proofs of claim in these chapter 11 cases.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to the administration and resolution of claims filed against the Debtors' estates.    Specifically, Kirkland attorneys and paraprofessionals spent time among other things:

i.    analyzing and researching issues relating to the bar date for claims against the Debtors;

ii.    drafting pleadings, addressing objections, preparing for hearings and obtaining relief with respect to establishing a bar date for claims of unknown persons that have yet to manifest any sign of illness from exposure to asbestos;[15]

iii.    preparing omnibus objections to claims;

iv.    creating and monitoring a claims telephone hotline and managing related communications;

v.    preparing an omnibus claims objection and accompanying motion to waive local rule 3007-2 to allow for the provision of customized, rather than comprehensive, notice to individual claimants; and

vi.    coordinating responses to formal and informal inquiries from claimants regarding the omnibus objections.

---

[15]    *See In re Energy Future Holdings Corp.*, 522 B.R. 520 (Bankr. D. Del. 2015).

(f)     **[ALL] Contested Matters & Adversary Proceedings (Matter No. 9)**

Total Fees:    $6,264,617.50
Total Hours:   11,517.70

44.    This Matter Category [16] includes time spent by Kirkland attorneys and paraprofessionals relating to numerous discovery and diligence requests filed by various parties-in-interest, including in connection with the discovery requests outlined in the Legacy Discovery Protocol (collectively, the "Legacy Discovery Requests").   Specifically, Kirkland attorneys and paraprofessionals spent time during the Fee Period:

    i.      negotiating various case schedule and administration issues with multiple parties-in-interest, including Legacy Discovery Protocol deadlines, case matter protocol deadlines, a standing motion deadline for certain creditors of TCEH, and a case administration protocol for the EFH Creditors' Committee;

    ii.      drafting and revising written discovery, including initial disclosures, offensive discovery requests, and written responses and objections to consolidated discovery requests;

    iii.      ensuring compliance with additional requirements of Legacy Discovery Protocol, including reviewing and evaluating notices of intent, establishing, maintaining, and administering a legacy discovery document repository, and creating and maintaining official legacy discovery service list;

    iv.      monitoring the docket to ensure compliance with certain requirements of a confidentiality agreement and protective order and fulfilling requirements to maintain confidentiality of designated material;

    v.      evaluating and negotiating the scope of discovery requests;

    vi.      identifying, collecting, and processing documents from Debtors and various third parties for review and potential production;

---

[16]    This Matter Category includes 3.20 hours and $2,258.00 in fees spent that K&E previously reported under Matter Category U.S. Trustee Issues (Matter No. 30) in the December Monthly Fee Statement and 1.10 hours and $1,009.50 in fees spent that K&E previously reported under Matter Category Oncor (Matter No. 75) in the December Monthly Fee Statement.   Based on additional review, K&E determined that those amounts belong in Matter Category Contested Matters & Adversary Proceedings (Matter No. 9).

vii.     coordinating document review processes internally and with third-party database vendors to ensure an efficient document review process and compliance with the Legacy Discovery Protocol and deadlines;

viii.    analyzing and reviewing potentially responsive documents that culminated in the production of approximately 500,000 documents and over three million pages relating to the Legacy Discovery Requests;

ix.      researching, drafting, and revising pleadings, letters, status reports, and other documents relating to various litigation issues, including assertions regarding the Legacy Discovery Requests; and

x.       conferencing with the Debtors, their advisors, and certain parties-in-interest regarding the status of litigation matters, including the document production process and discovery requests.

(g)     **[ALL] Corporate and Securities Issues (Matter No. 10)**

Total Fees:     $1,634,689.00
Total Hours:   2,039.90

45.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period relating to corporate governance issues involving all of the Debtors.    Specifically, Kirkland attorneys spent time:

i.       preparing for, and participating in, joint meetings with all of the Debtors' boards of directors regarding corporate and financial aspects of the chapter 11 process;

ii.      drafting, reviewing, and revising documents and resolutions relating to all of the Debtors' corporate governance during the chapter 11 process; and

iii.     negotiating, drafting, and revising a proposed merger agreement and associated separation and transition services documents pertaining to all of the Debtors.

22

**(h)     [ALL] Exec. Contracts & Unexpired Leases (Matter No. 11)**

Total Fees:     $343,064.00
Total Hours:   540.20

46.     This Matter Category [17]   includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period examining issues relating to the Debtors' executory contracts and unexpired leases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.     drafting and revising contract and lease assumption and rejection pleadings as well as other documents related thereto; and

ii.     analyzing and researching the Debtors' obligations under various executory contracts and leases.

**(i)     [ALL] Hearings (Matter No. 12)**

Total Fees:     $574,253.50
Total Hours:   806.00

47.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period preparing for and attending the Debtors' omnibus hearings, including multi-day hearings regarding both the Debtors' Bidding Procedures Motion and and employee compensation (collectively, the "Hearings").

**(j)     [ALL] Insurance (Matter No. 13)**

Total Fees:     $11,528.50
Total Hours:   21.00

48.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period relating to insurance issues.  Specifically, Kirkland attorneys spent time researching and analyzing the implications of assuming certain insurance contracts as well as ensuring that the

---

[17]    This Matter Category includes 0.90 hours and $823.50 in fees spent that K&E previously reported under Matter Category Oncor (Matter No. 97) in the November Monthly Fee Statement.   Based on additional review, K&E determined that those amounts belong in Matter Category Contracts & Unexpired Leases (Matter No. 11).

Debtors insurance policies complied with the chapter 11 operating guidelines and orders governing the debtor-in-possession ("DIP") financing facilities available to TCEH and EFIH.

      **(k)**      **[ALL] Kirkland Retention and Fee Applications (Matter No. 14)**

      Total Fees:    $1,402,288.50
      Total Hours:  2,635.20

49.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to Kirkland's retention and fee materials.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    revising Kirkland's retention application and supporting supplemental declarations as well as completing conflicts reviews relating to the same;

    ii.    engaging in discussions with the Debtors, the U.S. Trustee and other significant stakeholders regarding Kirkland's retention application and retention order;

    iii.    reviewing the U.S. Trustee's objection to the Debtors' stipulation with certain junior TCEH constitutentcies and researching, drafting, and revising a reply to the same;

    iv.    finalizing the protocol with TCEH junior creditors regarding, among other things, retention and obtaining court approval of the same [D.I. 2051];

    v.    preparing for a contested hearing on Kirkland's retention (which retention was approved on September 16th, 2014, [D.I. 2052]);

    vi.    reviewing, revising, and refining budget and staffing materials;

    vii.    reviewing and revising invoices re privilege and compliance with applicable guidelines and rules; and

    viii.    preparing and revising Kirkland's first interim fee application (approved on January 30, 2015 at D.I. 3365), this Fee Application and the Monthly Fee Statements.

      **(l)**      **[ALL] Non-Debtor Affiliates (Matter No. 16)**

      Total Fees:    $3,687.50
      Total Hours:  5.90

50.    This Matter Category includes time spent by Kirkland attorneys during the Fee

Period relating to issues concerning certain of the Debtors' non-Debtor affiliates (excluding

Oncor Electric Delivery Company LLC ("Oncor")).

(m)    **[ALL] Non-Kirkland Retentions and Fee Applications (Matter No. 17)**

Total Fees:    $540,916.00
Total Hours:    922.20

51.    This Matter Category [18] includes time spent by Kirkland attorneys and

paraprofessionals during the Fee Period providing services relating to the retention of the

Debtors' professionals other than Kirkland.    Specifically, Kirkland attorneys and

paraprofessionals spent time:

i.    providing bankruptcy advice in connection with professional engagement letters;

ii.    revising certain ordinary course professionals' declarations of disinterestedness;

iii.    corresponding with the Debtors' professionals regarding, among other things, supplemental declarations, the scope of the professionals' services, budgeting, and the interim compensation process;

iv.    updating the schedule of ordinary course professionals;

v.    facilitating the Debtors' retention of various professionals other than Kirkland;[19]

---

[18]    This Matter Category includes 0.80 hours and $740.00 in fees spent that K&E previously reported under Matter Category Retention of Professionals (Matter No. 25) in the September Monthly Fee Statement.    Based on additional review, K&E determined that those amounts belong in Matter Category Non-Kirkland Retentions and Fee Applications (Matter No. 17).

[19]    *See e.g., Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2055]; *Order Authorizing the Debtors to Retain and Employ Deloitte & Touche LLP as Independent Auditor Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2617]; *Order Authorizing the Debtors to Retain and Employ Epiq Bankruptcy Solutions, LLC as the Administrative Advisor for the Debtors and Epiq eDiscovery Solutions as E-Discovery Vendor for the Debtors, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2053]; *Order Authorizing the Debtors to Retain and Employ Evercore Group L.L.C. as Investment Banker and Financial Advisor Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2056]; *Order Authorizing the Debtors to Retain and Employ Filsinger Energy Partners as Energy Consultant Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2057]; *Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2058]; *Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to the Petition Date* [D.I.

vi.       researching, drafting, and revising replies to the U.S. Trustee's objections to the ordinary-course-professional retention of PricewaterhouseCoopers and, on a limited basis, Ernst &Young; and

vii.      assisting conflicts-matters advisors in drafting retention materials.

**(n)      [ALL] Non-Working Travel (Matter No. 18)**

Total Fees:    $429,665.50
Total Hours:   514.80

52.     This Matter Category includes non-working travel time spent by Kirkland attorneys and paraprofessionals during the Fee Period in connection with their representation of the Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters relating to these chapter 11 cases.

**(o)      [ALL] Official Committee Issues and Meetings (Matter No. 19)**

Total Fees:    $56.057.50
Total Hours:   76.80

53.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period communicating with and addressing issues raised by both Official Committees.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.        preparing for and attending multiple in-person and telephonic meetings with the Official Committees and their advisors regarding a host of diligence issues related to the Debtors' operational, financial, and restructuring initiatives;

ii.       discussing and negotiating the relief requested by the Debtors in various pleadings; and

---

2054]; *Order Granting the Motion of Energy Future Holdings Corp., Et Al, for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in Possession to Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective* Nunc Pro Tunc *to August 1, 23014* [D.I. 3048]; *Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2062]; *Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2060]; *Order Authorizing the Debtors to Retain and Employ Thompson & Knight LLP as Special Counsel for Certain Tax-Related Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2061].

iii.       negotiating a case matters protocol, including by conducting multiple telephonic and in-person conferences with creditor constituencies, and addressing numerous comments from involved parties.[20]

**(p)       [ALL] Plan and Disclosure Statements (Matter No. 21)**

Total Fees:    $4,780,458.00
Total Hours:    6,090.30

54.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period developing a plan of reorganization, disclosure statement, and related documents.  Specifically, Kirkland attorneys and paraprofessionals spent time during the Fee Period:

i.       researching, drafting, reviewing, and revising a term sheet, an initial plan of reorganization and near global term sheet, as well as related amendments, exhibits, and consents as well as preparing the disclosure statement and addressing factual and legal issues regarding the same;

ii.       communicating and coordinating with the Debtors' other advisors regarding the terms of the plan and term sheet as well as open issues pertaining to the same and the disclosure statement;

iii.       researching, drafting, reviewing, and revising a motion and related declaration to extend the Debtors' exclusivity period as well as attending multiple telephonic conferences with major stakeholders regarding the requested relief;

iv.       preparing for numerous in person and telephonic conferences with conflicts-matters advisors regarding the Debtors' operations, finances, and historical transactions to advance plan discussions;

v.       educating the EFH Creditors' Committee and the conflicts-matters advisors of each of EFH Corp., EFIH, and EFCH/TCEH regarding the Debtors' restructuring initiatives and historical transactions;

vi.       preparing for and participating in substantive negotiations with the Debtors' key stakeholders regarding the proposed terms of the plan and disclosure statement;

vii.       revising and negotiating the Bidding Procedures Motion;

---

[20]    *See Agreed Order and Stipulation Regarding a Protocol for Certain Case Matters* [D.I. 2051].

viii.    negotiating confidentiality agreements and attending meetings with various parties-in-interest, including strategic and third-party bidders for the economic interests in Oncor;

ix.    evaluating, investigating, and responding to creditor constituencies' diligence requests;

x.    drafting and revising written discovery responses and objections for document requests and deposition notices related to the Bidding Procedures Motion;

xi.    negotiating the scope of formal discovery efforts, including letter briefing and motion practice to resolve discovery disputes;

xii.    identifying, collecting, reviewing and producing, on an expedited schedule, documents related to entry of the Bidding Procedures Order; and

xiii.    preparing for and attending several depositions related to approval of the Bidding Procedures Order.

**(q)**    **[ALL] Private Letter Ruling/IRS Matters (Matter No. 22)**

Total Fees:    $102,580.00
Total Hours:   91.20

55.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period (a) preparing submissions to, and conferencing with, representatives from the Internal Revenue Service regarding, among other things, additional diligence requests concerning the Debtors' private letter ruling request and (b) developing and drafting a responsive memorandum regarding the same.

**(r)**    **[ALL] Retiree and Employee Issues / OPEB (Matter No. 26)**

Total Fees:    $1,970,479.00
Total Hours:   2,657.30

56.    This Matter Category[21] includes time spent by Kirkland attorneys during the Fee Period providing services relating to various issues concerning the Debtors' retirees and

---

[21]    This Matter Category includes 0.60 hours and $504.00 in fees spent that K&E previously reported under Matter Category Vendor and Other Creditor Issues (Matter No. 33) in the November Monthly Fee Statement.   Based

employees, including employees of EFH Corporate Services.  Specifically, Kirkland attorneys

and paraprofessionals spent time:

i.      analyzing, in consultation with the Debtors, certain of the Debtors' retiree and employee compensation and benefit obligations;

ii.     preparing for and attending multiple meetings with the U.S. Trustee as well as a two-day hearing in connection with employee compensation for 2014;[22]

iii.    responding to discovery and deposition requests in connection with the insider and non-insider compensation motions;

iv.     drafting, revising, and negotiating with interested parties regarding the 2015 compensation motion and related supplemental declarations as well as responding to diligence requests regarding the same in connection with the Court's approval of the 2015 compensation motion;[23] and

v.      identifying, researching, and analyzing employee benefits issues related to the merger agreement and transition service considerations, including the retention and assumption of various employee benefit and retention programs.

### (s)      [ALL] Schedules, SoFAs (Matter No. 27)

Total Fees:     $29,485.50
Total Hours:    38.10

57.     This Matter Category includes time spent by Kirkland attorneys and

paraprofessionals during the Fee Period assisting the Debtors, Alvarez & Marsal North America,

LLC, and other advisors in connection with the preparation and filing of amendments to the

Debtors' schedules of assets and liabilities, statements of financial affairs, and accompanying

explanatory notes.

---

on additional review, K&E determined that those amounts belong in Matter Category Retiree and Employee Issues / OPEB (Matter No. 26).

[22]    See *Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of the Insider Compensation Programs and (B) Continue the Insider Compensation Programs on a Postpetition Basis* [D.I. 2595]; *Order Authorizing the Debtors to Honor Obligations to One Insider Pursuant to the 2014 Luminant Commercial Incentive Plan* [D.I. 2597].

[23]    *See Order Approving the 2015 Compensation Programs* [D.I. 3052].

     (t)        **[ALL] Tax Issues (Matter No. 29)**

               Total Fees:    $1,300,949.00
               Total Hours:  1,471.20

58.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period conducting legal research, preparing correspondence, pleadings, and disclosures, and generally advising the Debtors in connection with tax issues.  Specifically, Kirkland attorneys spent time:

        i.        researching and analyzing certain tax issues arising in connection with the Debtors' current business operations and potential transactions;

        ii.       drafting and revising an omnibus tax memorandum;

       iii.      assisting outside advisors in a factual assessment of the Debtors' historical tax accounting practices; and

       iv.      addressing and responding to inquiries from various parties-in-interest regarding diligence related to various tax considerations.

     (u)        **[ALL] Valuation (Matter No. 32)**

               Total Fees:    $1,204,307.50
               Total Hours:  2,009.30

59.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period relating to the issues surrounding the valuation of the Debtors.  Specifically, Kirkland attorneys spent time:

        i.        researching valuation methodologies;

        ii.       identifying, collecting, and processing numerous documents for review and potential production;

       iii.      analyzing and reviewing documents in response to creditors' diligence requests relating to, among other things, the revenues, costs, strategies, projections, and records of the Debtors' retail business, including: credit rating studies and analyses; capital expenditures and operating records of their operating plants; power and capacity pricing forecasts, analyses, and projections; financial sales and expense statements and reports; hedging strategies; and enterprise value, debt capacity, and related valuations; and

30

iv.       analyzing, in consultation with the Debtors and the Debtors' other professionals, valuation issues and litigation strategies.

**(v)      [TCEH] Asset Disposition and Acquisition (Matter No. 34)**

Total Fees:      $68,749.50
Total Hours:    108.60

60.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period rendering services relating to the disposition, investment, or purchase of assets by the TCEH Debtors.  Specifically, Kirkland attorneys represented the Debtors in negotiations with parties-in-interest regarding the terms and conditions of certain *de minimis* investments.

**(w)      [TCEH] Automatic Stay (Matter No. 35)**

Total Fees:      $32,605.50
Total Hours:    53.80

61.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to enforcing the automatic stay as it affects the TCEH Debtors.  Specifically, Kirkland attorneys and paraprofessionals spent time responding to formal and informal inquiries from certain parties-in-interest to lift the automatic stay and performing legal research on related issues, including the permissibility of doing so in light of alleged personal injury actions.[24]

---

[24]     *See* e.g., *Motion for Relief from Stay Pursuant to 11 U.S.C. 362(d)* [D.I. 2896].

### (x)    [TCEH] Business Operations (Matter No. 37)

Total Fees:     $8,262.50
Total Hours:    14.30

62.    This Matter Category includes time spent during the Fee Period related to the business operations of the TCEH Debtors, including:

    i.    strategizing with the TCEH Debtors' management and other advisors regarding processes to ensure uninterrupted operations and compliance with provisions of the Bankruptcy Code and orders entered in these chapter 11 cases;

    ii.    addressing compliance issues concerning the TCEH Debtors' business operations in connection with, among other things, adhering to certain relief authorized by the Court; and

    iii.    preparing for and participating in weekly meetings with the TCEH Debtors' business units in connection with the same.

### (y)    [TCEH] Cash Collateral and DIP Financing (Matter No. 38)

Total Fees:     $42,213.00
Total Hours:    56.60

63.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to the TCEH Debtors' efforts to amend the DIP facility available to TCEH and implement the procedures established in the Court's order regarding the use of cash collateral by TCEH (the "TCEH Cash Collateral Order") [D.I. 855]. Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    analyzing issues and advising the TCEH Debtors and their other professionals regarding payments and the use and invoicing of cash collateral under the TCEH Cash Collateral Order; and

    ii.    negotiating, drafting, reviewing, and revising an amendment to the DIP credit agreement and corresponding with the U.S. Trustee and counsel to the DIP facility arrangers regarding related repricing issues.

(z)      **[TCEH] Claims Administration and Objections (Matter No. 39)**

Total Fees:      $421,134.00
Total Hours:     678.80

64.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to the administration and resolution of claims against the TCEH Debtors' estates, including:

  i.      negotiating and drafting a stipulation between certain of the TCEH Debtors and Alcoa Inc.;

  ii.     addressing claims of the Texas Attorney General relating to escheatment of unclaimed property of the U.S. Department of Justice in connection with certain New Mexico mining sites;

  iii.    responding to formal and informal inquiries from customers and the TCEH Debtors' vendors in connection with the Debtors' bar date materials; and

  iv.     reviewing and analyzing various late-filed claims issues.

(aa)     **[TCEH] Contested Matters and Adversary Proceedings (Matter No. 40)**

Total Fees:      $620,198.50
Total Hours:     915.50

65.      This Matter Category includes time spent by Kirkland professionals and paraprofessionals during the Fee Period relating to motions, adversary proceedings, and contested matters involving the Debtors, including:

  i.      drafting and revising responses to Bankruptcy Rule 2004 discovery motions filed by the TCEH creditors;

  ii.     researching, drafting, and revising the Debtors' 9019 motion and related stipulation regarding the Sierra Club;

  iii.    strategizing regarding, preparing pleadings for, and otherwise addressing non-bankruptcy legal proceedings involving the TCEH Debtors;

  iv.     identifying, collecting, and processing volumes of documents for review and potential production related to potential claims from TCEH creditors; and

33

v.    analyzing and reviewing potentially responsive documents for production with respect to discovery requests from TCEH creditors.

**(bb)    [TCEH] Corp. Governance and Sec. Issues (Matter No. 41)**

Total Fees:    $11,347.00
Total Hours:    12.40

66.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period preparing for and presenting to the TCEH board of managers on various issues regarding these chapter 11 cases, including governance and the Bidding Procedures Motion.

**(cc)    [TCEH] Environmental Issues (Matter No. 42)**

Total Fees:    $16,647.00
Total Hours:    35.90

67.    This Matter Category[25] includes time spent by Kirkland attorneys during the Fee Period analyzing and addressing certain environmental compliance issues, including litigation matters and the dischargeability of environmental claims against the TCEH Debtors.

**(dd)    [TCEH] Non-Debtor Affiliates (Matter No. 46)**

Total Fees:    $38,804.50
Total Hours:    71.40

68.    This Matter Category includes time spent during the Fee Period advising certain of the TCEH Debtors' non-debtor affiliates (excluding Oncor) on recommended resolutions to issues relating to non-debtor land sale stipulations and amendments to certain joint venture agreements, including the Comanche Peak joint venture agreement.[26]

---

[25]    This Matter Category includes 0.90 hours and $616.50 in fees spent that K&E previously reported under Matter Category Bond Issues (Matter No. 4) in the September Monthly Fee Statement.   Based on additional review, K&E determined that those amounts belong in Matter Category Environmental Issues (Matter No. 42).

[26]    *See Motion of Energy Future Holdings Corp., et al., Authorizing Entry into Amendments to the Comanche Peak Joint Venture Agreements* [D.I. 1227]

### (ee)   [TCEH] Non-Kirkland Retentions and Fee Applications (Matter No. 47)

Total Fees:    $15,533.00
Total Hours:   23.50

69.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to the retention of conflicts-matters advisors to advise EFCH and TCEH on actual conflicts matters at the directions of the disinterested manager of EFCH and TCEH.

### (ff)   [TCEH] Non-Working Travel (Matter No. 48)

Total Fees:    $6,501.00
Total Hours:   7.40

70.    This Matter Category includes non-working travel time spent by Kirkland attorneys and paraprofessionals during the Fee Period in connection with their representation of the TCEH Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters relating to these chapter 11 cases.

### (gg)   [TCEH] Official Committee Issues and Meetings (Matter No. 49)

Total Fees:    $17,735.00
Total Hours:   25.90

71.    This Matter Category includes the services provided by Kirkland attorneys and paraprofessionals during the Fee Period in connection with various diligence and restructuring issues raised by the TCEH Creditors' Committee.

### (hh)   [TCEH] Plan and Disclosure Statements (Matter No. 51)

Total Fees:    $27,610.50
Total Hours:   27.20

72.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period engaging in discussions with TCEH creditors regarding discrete plan issues affecting the TCEH Debtors.

35

### (ii)    [TCEH] Trading and Hedging Contracts (Matter No. 57)

Total Fees:    $57,347.00
Total Hours:    84.70

73.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to (a) analyzing and responding to issues concerning the hedging and trading activities of the TCEH Debtors; (b) facilitating consensus with respect to the same and the relief sought in the 2016 hedging and trading motion through discussions with both Official Committees and the U.S. Trustee; (c) obtaining Court approval of an order regarding the same;[27] and (d)  preparing related pleadings.

### (jj)    [TCEH] Transition Services (Matter No. 58)

Total Fees:    $2,630.00
Total Hours:    3.50

74.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to electricity transmission and distribution service-provider agreements.

### (kk)    [TCEH] Vendor and Other Creditor Issues (Matter No. 62)

Total Fees:    $161,141.00
Total Hours:    266.00

75.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to addressing issues involving certain of the TCEH Debtors' suppliers and vendors.  Specifically, Kirkland attorneys and paraprofessionals spent time:

      i.    addressing correspondence from the TCEH Debtors' vendors including inquiries relating to potential liens, reclamation, and other claims;

---

[27]    *See Order Authorizing Certain Debtors to Enter into Non Proprietary Hedging and Trading Arrangements with a Tenor Beyond December 31, 2015 and Subject to Hedge and Tenor Limitations Consistent with Historical Practice* [D.I. 2832].

      ii.       researching, conferring, and corresponding with vendors regarding such inquiries;

      iii.      reviewing vendor and other creditor contracts;

      iv.      drafting and revising vendor agreements, reclamation letters, and other responses to vendor communications; and

      v.      analyzing, in consultation with the TCEH Debtors and their other professionals, the critical vendor status of certain vendors.

**(ll)    [EFIH] Cash Collateral / DIP Financing / Make-whole Issues (Matter No. 66)**

Total Fees:    $120,923.50
Total Hours:  137.80

76.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to potential EFIH financing and repayment alternatives. Specifically, Kirkland attorneys and paraprofessionals spent time:

      i.      assisting the EFIH Debtors and their other advisors in analyzing alternative means of reducing postpetition interest expense or the accrual of postpetition interest claims;

      ii.      researching legal issues and reviewing proposals related to these EFIH financing and repayment alternatives; and

      iii.      drafting, reviewing, and revising board presentations summarizing these alternatives and the corresponding research and analysis.

**(mm)  [EFIH] Claims Administration & Objections (Matter No. 67)**

Total Fees:    $5,446.50
Total Hours:  8.90

77.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to the administration and resolution of potential claims against the EFIH Debtors' estate, including coordinating and participating in conferences with the EFH Creditors' Committee as well as researching and drafting responses to demand letters sent by EFIH creditors and to other creditor inquiries.

(nn)    **[EFIH] Contested Matters and Adversary Proceedings (Matter No. 68)**

Total Fees:      $1,292,362.00
Total Hours:    1,910.50

78.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period relating to the EFIH Debtors' contested matters and adversary proceedings with EFIH creditors, in particular the litigations regarding optional-redemption premiums and related issues associated with the EFIH first lien notes, EFIH second lien notes, and EFIH payment-in-kind ("PIK") notes. Specifically, Kirkland attorneys and paraprofessionals spent time:

i.    researching, drafting, and revising pleadings associated with these litigations, including an amended answer and counterclaim in the EFIH second lien notes litigation and a complaint for declaratory judgment in the EFIH PIK notes litigation;

ii.    preparing for, attending, and conducting several depositions in connection with these litigations;

iii.    identifying, collecting, and processing volumes of documents for review and potential production;

iv.    analyzing and reviewing potentially responsive documents that culminated in the production of approximately three million pages of documents relating to makewhole discovery requests;

v.    reviewing and responding to discovery requests from certain creditors of EFH Corp.; and

vi.    analyzing, in consultation with the EFIH Debtors and the EFIH Debtors' other professionals, requests and other filings relating to discovery.

(oo)    **[EFIH] Corp. Governance and Sec. Issues (Matter No. 69)**

Total Fees:      $18,540.50
Total Hours:    18.90

79.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period analyzing various governance issues in connection with the November 3, 2014 bidding

procedures ruling and preparing presentations to the board of managers of EFH Corp. regarding recommended courses of action in light of these governance issues.

**(pp)** **[EFIH] Non-Kirkland Retentions and Fee Applications (Matter No. 72)**

Total Fees:     $6,291.50
Total Hours:   9.40

80.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to the retention of conflicts-matters advisors to advise EFIH on actual conflicts matters at the directions of the disinterested manager of EFIH.

**(qq)** **[EFIH] Non-Working Travel (Matter No. 73)**

Total Fees:     $30,405.00
Total Hours:   44.70

81.      This Matter Category includes non-working travel time spent by Kirkland attorneys and paraprofessionals during the Fee Period in connection with their representation of the EFIH Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters relating to these chapter 11 cases.

**(rr)** **[EFIH] Official Committee Issues and Meetings (Matter No. 74)**

Total Fees:     $2,437.50
Total Hours:   3.90

82.      This Matter Category includes the services provided by Kirkland attorneys and paraprofessionals during the Fee Period advising the EFIH Debtors in connection with addressing issues raised by counsel to the EFH Creditors' Committee, participating in multiple in-person and telephonic diligence sessions with counsel to the EFH Creditors' Committee, and providing access to requested diligence and to materials produced through heavily negotiated and Court-approved discovery protocols.

39

     (ss)     **[EFIH] Plan and Disclosure Statements (Matter No. 76)**

         Total Fees:    $16,270.00
         Total Hours:  15.80

83.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period engaging in discussions with EFIH creditors regarding discrete plan issues affecting the EFIH Debtors.

     (tt)     **[EFH] Contested Matters and Adversary Proceedings (Matter No. 86)**

         Total Fees:    $1,867.50
         Total Hours:  1.50

84.     This Matter Category includes the limited time spent by Kirkland attorneys during the Fee Period reviewing and analyzing potential claims against EFH Corp.

     (uu)     **[EFH] Corporate Governance and Securities Issues (Matter No. 87)**

         Total Fees:    $6,462.00
         Total Hours:  6.80

85.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period on tasks assuring the smooth and efficient administration of legal services relating to the Debtors' chapter 11 cases.  Specifically, Kirkland attorneys and paraprofessionals spent time coordinating internal workstreams, client communications, and creditor communications by monitoring critical dates and case developments and maintaining and disseminating case calendars, task lists, and work-in-progress reports.

     (vv)     **[EFH] EFH Properties (Matter No. 89)**

         Total Fees:    $167,062.00
         Total Hours:  284.80

86.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period providing services, on behalf of the Debtors, relating to certain leases, including the one

pertaining to the Debtors' headquarters, as well as researching, drafting, and revising memoranda regarding EFH Properties.

### (ww)　[EFH] Non-Kirkland Retentions and Fee Applications (Matter No. 94)

Total Fees:　$1,735.00
Total Hours:　2.10

87.　This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services relating to the retention of conflicts-matters advisors to advise EFH on actual conflicts matters at the directions of the disinterested directors of EFH.

### (xx)　[EFH] Non-Working Travel (Matter No. 95)

Total Fees:　$3,587.50
Total Hours:　3.50

88.　This Matter Category includes non-working travel time spent by Kirkland attorneys and paraprofessionals during the Fee Period in connection with their representation of EFH.　The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters relating to these chapter 11 cases.

### (yy)　[EFH] Official Committee Issues and Meetings (Matter No. 96)

Total Fees:　$52,157.50
Total Hours:　76.20

89.　This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period addressing issues relating to the request of certain asbestos plaintiffs for the formation of an asbestos committee as well as communicating with the EFH Creditors' Committee regarding related open issues and discovery requests.

**(zz)     [TCEH] Executory Contracts and Unexpired Leases (Matter No. 108)**

Total Fees:     $324,878.50
Total Hours:    524.80

90.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period examining issues relating to the TCEH Debtors' executory contracts and unexpired leases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.      researching and analyzing the TCEH Debtors' obligations under various executory contracts and leases; and

    ii.     drafting, reviewing, and revising motions and related documents with respect to rejecting, assuming, or assigning such contracts and leases.

**Actual and Necessary Expenses Incurred by Kirkland**

91.     As set forth in **Exhibit J** attached hereto, and as summarized in **Exhibit F** attached hereto, Kirkland has incurred a total of $1,984,872.90 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Kirkland's direct operating costs, which are not incorporated into the Kirkland hourly billing rates.  Kirkland charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit J** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

42

## Reasonable and Necessary Services Provided by Kirkland

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

92.    The foregoing professional services provided by Kirkland on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

93.    Many of the services performed by partners and associates of Kirkland were provided by Kirkland's Restructuring Group.  Kirkland has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with approximately 100 attorneys focusing on this area of the law.  The attorneys at Kirkland have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

94.    In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Kirkland's Litigation, Corporate, and Tax Groups were heavily involved with Kirkland's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, Kirkland brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

95.    The time constraints imposed by the circumstances of these chapter 11 cases required Kirkland attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, satisfy the demands of the Debtors' businesses, and ensure the orderly administration of their estates.  Consistent with firm policy and the Fee Committee Guidelines,

and as further disclosed in the Retention Application, Kirkland attorneys and other Kirkland employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  Kirkland's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

96.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to Kirkland's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in Kirkland's overhead for the purpose of setting billing rates, and Kirkland has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

97.     Among other things, Kirkland makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, Kirkland regularly reviews its bills to ensure that the Debtors are billed for only services that were actual and necessary, and also, where appropriate, prorates expenses.  In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies pursuant to this Fee Application.  In addition, Kirkland will waive certain fees and reduce its expenses in accordance with the Fee Committee Guidelines.  Kirkland will not seek reimbursement of expenses relating to, among other things, in-office and out-of-

office meals in excess of that allowed under the Fee Committee Guidelines and local travel expenses for those Kirkland employees who work on weekends or late in the evenings that do not meet the Fee Committee Guidelines.   In the Fee Period, Kirkland voluntarily reduced its fees by $579,729.50 and expenses by $172,311.99.  Consequently, Kirkland does not seek payment of such fees or reimbursement of such expenses in this Fee Application.

### Kirkland's Requested Compensation and Reimbursement Should be Allowed

98.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

99.     Kirkland respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Kirkland further believes that it performed the services for the Debtors economically, effectively, and efficiently, and that the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders.  Kirkland further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

100.     During the Fee Period, Kirkland's hourly billing rates for attorneys ranged from $450.00 to $1,295.00.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Kirkland strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

101.     Moreover, Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

102.    In sum, Kirkland respectfully submits that the professional services provided by Kirkland on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Kirkland, the nature and extent of Kirkland's services provided, the value of Kirkland's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Kirkland respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights and Notice

103.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Kirkland reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH

senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to

Bankruptcy Rule 2002 (the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

104.    Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on Kirkland and the Notice Parties so that it is **actually received** on or before March 11, 2015 at 4:00 p.m. (Prevailing Eastern Time).

## No Prior Request

105.    No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Kirkland respectfully requests that the Court enter an order (a) awarding Kirkland interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $25,084,064.00, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $1,984,872.90; (b) authorizing and directing the Debtors to remit payment to Kirkland for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  February 17, 2015

/s/ Edward O. Sassower, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*