**EXHIBIT A**

**Revised Stipulation and Agreed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | )  Chapter 11<br>)<br>)  Case No. 14-10979 (CSS)<br>)<br>)  (Jointly Administered)<br>)<br>)  **Re:  D.I. 321, 762, 764, 765, 800, 801, 802, 860, 1309, 1465,**<br>)  **1819, 1832, 1957, 2015, 2017, 2066, 2564** |

**STIPULATION AND AGREED ORDER REGARDING DISCOVERY**
**PROCEDURES IN CONNECTION WITH LEGACY DISCOVERY**
**AND OTHER ADMINISTRATIVE MATTERS**

The above-captioned debtors and debtors in possession (collectively, the

"**Debtors**") and the official committee of unsecured creditors of Energy Future Holdings

Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and

EECI, Inc. (the "**EFH Committee**") hereby enter into this stipulation and agreed order (this

"**Stipulation and Order**"), and stipulate and agree as follows:

**Recitals**

WHEREAS, on May 13, 2014, the United States Trustee for the District of

Delaware (the "**U.S. Trustee**") appointed the committee (the "**TCEH Committee**") of

unsecured creditors of Energy Future Competitive Holdings Company LLC ("**EFCH**"), Texas

Competitive Electric Holdings Company LLC ("**TCEH**" and together with EFCH and certain of

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

TCEH's direct and indirect Debtor subsidiaries, the "**TCEH Debtors**", and EFH Corporate

Services Company [D.I. 420];

WHEREAS, on August 13, 2014, the United States Bankruptcy Court for the

District of Delaware (the "**Court**") entered the *Order Establishing Discovery Procedures in*

*Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and*

*Certain Third Parties and Other Related Matters* [D.I. 1832] (the "**Legacy Discovery Order**");[2]

WHEREAS, on October 27, 2014, the U.S. Trustee appointed the EFH

Committee of unsecured creditors of Energy Future Holdings Corporation ("**EFH**"), Energy

Future Intermediate Holding Company, LLC ("**EFIH**"), EFIH Finance, Inc., and EECI, Inc.

(together with EFH, EFIH and EFIH Finance, Inc., the "**EFH Debtors**") [D.I. 2570];

WHEREAS, on November 11, 2014, the EFH Committee served a *Notice of*

*Intent to Participate in Legacy Discovery* on the Debtors' counsel subject to a reservation of

rights;

WHEREAS, on November 13, 2014, the EFH Committee was added to the

official service list for Legacy Discovery (as defined in the Legacy Discovery Order);

WHEREAS, the parties to this Stipulation and Order (the "**Parties**") engaged in

discussions since the appointment of the EFH Committee; and

WHEREAS, the Parties have agreed to the terms of this Stipulation and Order to

provide the EFH Committee the same rights, powers and reservations, *mutatis mutandis*, as those

granted to the TCEH Committee to date.

NOW, THEREFORE, it is hereby stipulated and agreed to by and among the

Parties and upon the Court's approval hereof, it shall be ordered as follows:

---

[2] All defined terms used but not otherwise defined herein shall have the meanings ascribed to them in the Legacy Discovery Order.

<u>Legacy Discovery</u>

1.      The Legacy Discovery Order remains in full force and effect, subject to the modifications to incorporate the EFH Committee set forth in Paragraph 2 below.

2.      All rights (including confer rights), powers, and reservations granted to the TCEH Committee in the Legacy Discovery Order are hereby granted to the EFH Committee. The definitions of "Creditors' Committee" and "Committee" in the Legacy Discovery Order include the both the TCEH Committee and the EFH Committee, acting either independently or jointly, *provided*, *however*:

a.      Notwithstanding Paragraph 5 of the Legacy Discovery Order, the EFH Committee shall be permitted to serve its own document requests upon any Debtor or non-Debtor relating to Legacy Discovery pursuant to Rule 34 and Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure.  Timing for written responses and objections to any such document requests served by the EFH Committee shall be governed by Paragraph 5(g) of the Legacy Discovery Order, calculated from the date of service.  Unless the time for compliance is extended by the Court or by agreement among the Debtors, the EFH Committee, and any recipients of document requests served by the EFH Committee, recipients of such requests shall certify to the Participants the substantial completion of their production of documents no later than sixty (60) days after the receipt of any Requests served by the EFH Committee, and shall certify to the Participants the full completion of their production of documents no later than eighty (80) days after the receipt of any Requests served by the EFH Committee.  The EFH Committee agrees that it will use reasonable best efforts not to duplicate discovery requests previously served by the TCEH Committee, *provided*, *however*, the EFH Committee has the

-3-

right to supplement any prior requests served by the TCEH Committee and/or to pursue

additional information related to those requests.

          b.      The EFH Committee will coordinate with the TCEH Committee

regarding depositions to be noticed by the TCEH Committee, as set forth in Paragraph 11 of the

Legacy Discovery Order, and shall have the right to participate in all depositions, *provided*,

*further*, that the EFH Committee preserves the right to seek authorization from the Court to

notice additional depositions that would not count in the allotment of depositions provided for in

Paragraph 11 of the Legacy Discovery Order.  For the avoidance of doubt, in the event that the

EFH Committee seeks authorization for additional depositions, the rights of all other Parties

under the Legacy Discovery Protocol are reserved.

          3.      Nothing herein shall limit the rights of the EFH Committee to make an

application to the Court on appropriate notice, after consultation with the subject of the request,

pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure.

Other Administrative Matters

          4.      All rights, powers, and reservations granted to the TCEH Committee in all

orders to date entered by this Court in these chapter 11 cases are granted, *mutatis mutandis*, to

the EFH Committee, including but not limited to such rights, powers, and reservations in the

following orders:

- *Order Approving the Retention and Appointment of EPIQ Bankruptcy Solutions, LLC as the Claims and Noticing Agent for the Debtors*, entered on May 2, 2014 [D.I. 321],

- *Final Order Authorizing the Debtors to (A) Grant Administrative Expense Priority to All Undisputed Obligations for Goods and Services Ordered Prepetition and Delivered Postpetition and Satisfy such Obligations in the Ordinary Course of Business and (B) Pay Prepetition Claims of Shippers, Warehousemen, and Materialmen*, entered on June 3, 2014 [D.I. 762],

SC1:3749790.9

- *Order Establishing Procedures to Sell, Transfer or Abandon Certain De Minimis Assets*, entered on June 3, 201 [D.I. 764],

- *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*, entered on June 3, 2015 [D.I. 765],

- *Final Order Determining Adequate Assurance of Payment for Future Utility Services*, entered on June 4, 2014 [D.I. 800],

- *Final Order (A) Authorizing the Debtors to (I) Continue Using their Existing Cash Management System, (ii) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority*, entered on June 4, 2014 [D.I. 801],

- *Order Authorizing Certain of the Debtors to Assume Standard Form Market Participation Agreements with ERCOT*, entered on June 4, 2014 [D.I. 802],

- *Final Order (Re: Non-Proprietary Trading and Hedging Transactions Involving the Debtors' Power Generation and Retail Operations) Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Arrangements*, entered on June 6, 2014 [D.I. 860],

- *Final Order (Re: Proprietary Trading Transactions that do not Involve the Debtors' Power Generation and Retail Operations) Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B)Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Proprietary Trading Transactions Subject to Internal Risk,* entered on June 30, 2014 [D.I. 1309]

- *Final Order Authorizing the Debtors to Pay Prepetition Critical Vendor Claims*, entered on July 3, 2014 [D.I. 1465];

- *Order Authorizing Certain of the Debtors to Continue Honoring Obligations to Retirees and Non-Insider Employees on Account of Non-Qualified Benefit Programs*, entered on August 12, 2014 [D.I. 1819],

SC1:3749790.9

- *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements*, entered on September 3, 2014 [Docket No. 1957],

- *Order Authorizing and Approving Expedited Procedures for the Debtors to Reject or Assume Executory Contracts and Unexpired Leases*, entered on September 15, 2014 [D.I. 2015],

- *Order Establishing Procedures to Make Certain Capital Investments and Purchases*, entered on September 15, 2014 [D.I. 2017],

- *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, entered on September 16, 2014 [D.I. 2066], and

- *Order Authorizing and Approving Settlement Procedures for Settling Certain Prepetition Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or other Action or Proceeding*, entered on October 27, 2014 [D.I. 2564].

Miscellaneous

5.     This Stipulation and Order is intended to bind and inure to the benefit of the Parties, as well as the undersigned counsel.  The rights or obligations of the Parties under this Stipulation and Order may not be assigned, delegated, or transferred to any other person or entity.

6.     This Stipulation and Order contains the entire agreement by and between the Parties, and all prior understandings or agreements, if any, are merged into this Stipulation and Order.

7.     No representations have been made or relied upon by the Parties, except as set forth herein.

8.     This Stipulation and Order may be executed in counterparts, and any Party hereto may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. The Parties agree that the delivery of this Stipulation and Order may be

-6-

effected by means of an exchange of signatures via facsimile transmission, .pdf or other electronic transmission.

        9.     The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order.

        10.     The provisions of this Stipulation and Order constitute an order of the Court and violations of the provisions of this Stipulation and Order are subject to enforcement and imposition of legal sanctions in the same manner as any other order of the Court. Stipulated and agreed to:

*[Signature Pages Follow]*

SC1:3749790.9

ENERGY FUTURE HOLDINGS, CORP. *ET AL.*, DEBTORS AND DEBTORS-IN-POSSESSION

By:     */s/ Jason M. Madron*
        **RICHARDS, LAYTON & FINGERS P.A.**
        Mark D. Collins (No. 2918)
        Daniel J. DeFranceschi (No. 2732)
        Jason M. Madron (No. 4431)
        William A. Romanowicz (No. 5794)
        920 North King Street
        Wilmington, Delaware 19801
        Telephone:     (302) 651-7700
        Facsimile:     (302) 651-7701
        Email:     collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com

        - and -

        **KIRKLAND & ELLIS LLP**
        **KIRKLAND & ELLIS INTERNATIONAL LLP**
        Edward O. Sassower, P.C. (admitted *pro hac vice*)
        Stephen E. Hessler (admitted *pro hac vice*)
        Brian E. Schartz (admitted *pro hac vice*)
        601 Lexington Avenue
        New York, New York 10022-4611
        Telephone:     (212) 446-4800
        Facsimile:     (212) 446-4900
        Email:     edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com

        - and -

        **KIRKLAND & ELLIS LLP**
        **KIRKLAND & ELLIS INTERNATIONAL LLP**
        James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
        Marc Kieselstein, P.C. (admitted *pro hac vice*)
        Chad J. Husnick (admitted *pro hac vice*)
        Steven. N. Serajeddini (admitted *pro hac vice*)
        300 North LaSalle
        Chicago, Illinois 60654
        Telephone:     (312) 862-2000
        Facsimile:     (312) 862-2200
        Email:     james.sprayregen@kirkland.com
                    marc.kieselstein@kirkland.com
                    Chad.husnick@kirkland.com
                    Steven.serajeddini@kirkland.com

        *Co-Counsel to the Debtors and Debtors in Possession*

-8-

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC; EFIH FINANCE, INC.; AND EECI, INC.**

By:     */s/ Davis Lee Wright*

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
Mark A. Fink, Esquire (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:        nramsey@mmwr.com
               dwright@mmwr.com
               mfink@mmwr.com

- and -

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Michael H. Torkin (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
Email:        dietdericha@sullcrom.com
              gluecksteinb@sullcrom.com
              torkinm@sullcrom.com
              kranzleya@sullcrom.com

*Proposed Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc.; and EECI, Inc.*

Dated: _____          **SO ORDERED:**

                                       _____
                                       The Honorable Christopher S. Sontchi
                                       United States Bankruptcy Judge

-9-

SC1:3749790.9