# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER GRANTING THE MOTION OF
ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER AUTHORIZING KPMG DEBTORS
AND KPMG DEBTORS IN POSSESSION TO SUBMIT ADDITIONAL
AGREEMENTS THAT EXPAND THE RETENTION AND EMPLOYMENT
OF KPMG LLP AS BANKRUPTCY ACCOUNTING, TAX, AND IT ADVISORS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services Company ("EFH Corporate Services" and together with EFCH, TCEH, and their direct and indirect Debtor-subsidiaries, the "KPMG Debtors") to establish procedures to submit additional agreements and statements of work ("Additional Agreements") that expand the scope of the retention and employment of KPMG LLP ("KPMG") as bankruptcy accounting, tax, and IT advisors; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Order, the Motion, the Application, the Application Supplement, the Bibby Declaration, the Supplemental Bibby Declaration, the Second Supplemental Bibby Declaration, Additional Services Motion, and the Additional Services Bibby Declaration.

KE 35092188.3

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The KPMG Debtors are authorized, but not required, to seek approval of Additional Agreements in accordance with the following KPMG Procedures:

> (a) The Debtors may file a notice with the Court (the "Notice") the proposed Additional Agreement(s) that the KPMG Debtors seek to be approved. The Additional Agreement(s) shall set forth, among other relevant information: (i) the additional services KPMG will perform for the KPMG Debtors; (ii) amendments (if any) to already existing agreements and/or statements of work between KPMG and the KPMG Debtors; and (iii) the fee structure and estimated aggregate costs for the services to be performed. The Debtors will cause the Notice to be served by first class mail upon (i) the U.S. Trustee; (ii) counsel to the TCEH Creditors' Committee; (iii) and counsel to the EFH Creditors' Committee; (iv) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (v) counsel to Wilmington Savings Fund Society, FSB; and (vi) counsel to the agent for the TCEH debtor-in possession financing facility (collectively, the "Notice Parties").

> (b) Any objections to the proposed Additional Agreement(s) must be filed with the Court and served so as to be **actually received** by Debtors' counsel no later than fourteen (14) days after the date that the Debtors

    served the Notice to approve such Additional Agreement(s) (the "Objection Deadline").

(c) For any Additional Agreement(s) where no objection is filed and served by the Objection Deadline, such Additional Agreements are approved without need for any further action from the Court.

(d) If an objection is properly filed and served on the KPMG Debtors' counsel, as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled no earlier than fourteen (14) days after such objection was received to consider that objection. Such Additional Agreement(s) will only be deemed approved upon entry by the Court of a consensual form of order resolving the objection as between the objecting party and the KPMG Debtors, or upon further order of the Court after a hearing.

3. Notwithstanding anything in this order to the contrary, in the event the KPMG Debtors choose not to seek or do not receive approval of Additional Agreements through the KPMG Procedures, the KPMG Debtors shall seek approval of the Additional Agreements by separate motion filed with the Court.

4. The fee structure of any Additional Agreement will be based on reasonable terms and conditions, as well as the Original Order and Additional Services Order entered by this Court. KPMG will file fee applications for interim and final allowance of compensation for these Additional Agreements and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however,* that KPMG shall be compensated in accordance with the terms of the Additional Agreements, any existing agreements, the Original Order, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066].

5. Any Additional Agreements to be approved under the KPMG Procedures shall be related to the services already approved under the Original Order or the Additional Services Order. Any Additional Agreement that goes beyond the scope of services of what has already

been approved under the Original Order or the Additional Services Order will not be subject to the KPMG procedures and may only be approved upon further motion to the Court.

6. Notwithstanding any provision to the contrary in the Original Order, the Additional Services Order, or any subsequent Additional Agreement, any dispute relating to the Additional Agreements provided by KPMG shall be referred to arbitration consistent with the terms of the Original Order only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

7. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights, duties, or obligations of any of any Debtor other than the KPMG Debtors.

8. The KPMG Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

10. Notwithstanding any provision to the contrary in the Original Order, the Motion, the Application, the Application Supplement, the Bibby Declaration, the Supplemental Bibby Declaration, the Second Supplemental Bibby Declaration, the Additional Services Bibby Declaration, the Additional Services Motion, and the Additional Services Order, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order and the Original Order.

Wilmington, Delaware
Dated: _____, 2015

                                                THE HONORABLE CHRISTOPHER S. SONTCHI
                                                UNITED STATES BANKRUPTCY JUDGE