## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| _____ ) | Chapter 11 |
| ) | |
| In re ) | Case No. 14-10979 (CSS) |
| ) | |
| ENERGY FUTURE ) | (Jointly Administered) |
| HOLDINGS CORP., *et al.*, ) | |
| ) | **Related D.I. 3527** |
| *Debtors.* ) | |
| ) | **Objection Deadline: February 26, 2015 at 4:00 p.m.** |
| _____ ) | **Hearing Date: March 10, 2015 at 9:30 a.m.** |

**RESPONSE OF DELAWARE TRUST COMPANY, AS INDENTURE
TRUSTEE, TO THE MOTION OF ENERGY FUTURE HOLDINGS
CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
LLC, AND EFIH FINANCE INC. FOR ENTRY OF (A) ORDER
(I) AUTHORIZING PARTIAL REPAYMENT OF EFIH SECOND LIEN
NOTES; (II) APPROVING EFIH DIP CONSENT; AND (III) AUTHORIZING
CONSENT FEE AND (B) REVISED EFIH FIRST LIEN DIP ORDER**

Delaware Trust Company, in its capacities (i) as indenture trustee (the "First Lien

Indenture Trustee") for the 10% Senior Secured Notes Due 2020 (the "First Lien Notes") issued

by Energy Future Intermediate Holdings LLC ("EFIH") and EFIH Finance Inc. ("EFIH

Finance") under that certain Indenture dated as of August 17, 2010 (together with all

supplements, amendments, and exhibits, the "First Lien Indenture") among EFIH, EFIH Finance

and Delaware Trust Company (as successor to The Bank of New York Mellon Trust Company,

N.A.), and (ii) Collateral Trustee, hereby responds to the *Motion of Energy Future Holdings

Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of

(A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH

DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order*

[D.I. 3527] (the "Motion").[1]  In support thereof, Delaware Trust respectfully represents as follows:

## RESPONSE

1.      The First Lien Indenture Trustee and Collateral Trustee, among other objections, contend that certain relief requested in the Motion impermissibly seeks to resolve intercreditor rights against the EFIH Second Lien Indenture Trustee, and further, contend that the relief sought violates the Collateral Trust Agreement referenced in the Intercreditor Adversary Proceeding (as defined below) (the "Objections").

2.      After discussions, the Debtors, the First Lien Trustee and the Collateral Trustee have agreed to resolve the Objections through the submission and entry of agreed orders in the main case and intercreditor adversary proceeding.  In particular, the Debtors have agreed to amend the proposed form of order granting the Motion (the "Paydown Order"), to include the following provisions:

> The EFIH First Lien Trustee and the Collateral Trustee under the Collateral Trust Agreement (the "Collateral Trustee") consents to the Partial Repayment on the terms set forth in this Order. The EFIH First Lien Trustee is permitted to amend the amended complaint in the adversary proceeding titled *CSC Trust Co. of Del. v. Computershare Trust Co.*, No. 14-50410 (Bankr. D. Del. June 20, 2014) (the "Intercreditor Adversary Proceeding") to address the Partial Repayment.

> At the election of the First Lien Trustee, any and all consideration (other than the Partial Repayment) paid after entry of this Order by any EFIH Debtor to the EFIH Second Lien Trustee, any EFIH Second Lien Noteholder, the Paying Agent under the Collateral Trust Agreement, or any other party for the benefit of EFIH Second Lien Noteholders, on account of, or in connection with, the EFIH Second Lien Notes (collectively, the "Future Repayment Claims"), including, for the avoidance of doubt, distributions or other forms of consideration under any plan of reorganization

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

48493388_1

(collectively, the "Future Distributions"), but only up to the amount of the Partial Repayment, shall be subject to the claims asserted in the Intercreditor Adversary Proceeding as though such Future Distributions were the same, in kind, nature, and all other legally relevant characteristics, as the Partial Repayment (including without limitation, the source of funds used to make the Partial Repayment).

All arguments and rights of the parties that would have applied to the Partial Repayment shall apply to all Future Distributions, until all claims of the EFIH First Lien Trustee or Collateral Trustee in the Intercreditor Adversary Proceeding are determined by final order. To the extent the EFIH First Lien Trustee shows in the Intercreditor Adversary Proceeding that it would have prevailed on any potential claims under the Collateral Trust Agreement with respect to the Partial Repayment but for the EFIH First Lien Trustee's agreement set forth in this Order to consent to the Partial Repayment, the EFIH First Lien Trustee shall be entitled to relief under the Collateral Trust Agreement through turnover to the Collateral Trustee of Future Distributions in an amount not to exceed the Partial Repayment; provided, however, any such turnover or right to payment shall be in the same form and nature of such Future Distributions and receive equal treatment to the applicable Future Repayment Claims.

The Debtors, the First Lien Trustee and the Collateral Trustee have agreed to work in good faith to resolve changes that might be requested by certain third parties to the form of the Paydown Order.

3. To the extent that the Debtors pursue approval of a Paydown Order that does not include such provisions, or if the Paydown Order entered does not contain such provisions or contains provisions inconsistent with the foregoing, the parties have agreed that the First Lien Indenture Trustee and the Collateral Trustee shall have the right to object to entry of such order.

48493388_1

Dated:  February 26, 2015

        COLE SCHOTZ P.C.


        /s/ J. Kate Stickles

| | |
|---|---|
| Norman L. Pernick (DE 2290) | Warren A. Usatine |
| J. Kate Stickles (DE 2917) | 25 Main Street |
| 500 Delaware Avenue, Suite 1410 | P.O. Box 800 |
| Wilmington, DE  19801 | Hackensack, NJ 07602 |
| Telephone: 302-652-3131 | Telephone: 201-489-3000 |
| Facsimile:  302-652-3117 | Facsimile:  201-489-1536 |
| npernick@coleschotz.com | wusatine@coleschotz.com |
| kstickles@coleschotz.com | |

        --and--

ROPES & GRAY LLP

| | |
|---|---|
| Keith H. Wofford | D. Ross Martin |
| Mark R. Somerstein | Andrew G. Devore |
| 1211 Avenue of the Americas | Prudential Tower |
| New York, NY 10036-8704 | 800 Boylston Street |
| Telephone: 212-596-9000 | Boston, MA  02199-3600 |
| Facsimile:  212-596-9090 | Telephone: 617-951-7000 |
| Keith.Wofford@ropesgray.com | Facsimile: 617-951-7050 |
| Mark.Somerstein@ropesgray.com | Ross.Martin@ropesgray.com |
| | Andrew.Devore@ropesgray.com |

        --and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile:  212-248-3141
James.Millar@dbr.com

*Counsel for Delaware Trust Company,*
*as indenture trustee*

48493388_1