IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Hearing Date: To Be Determined by the Court** **Objection Deadline: March 13, 2015 at 4:00 p.m.** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO FILE
THE POWER PURCHASE AGREEMENT MOTION UNDER SEAL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion")[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing Luminant Energy Company LLC ("Luminant") to file under seal: (i) the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter into a Long-Term Power Purchase Agreement and Granting Related Relief* (together with the PPA and the McFarland Declaration, each as defined herein, the "PPA Motion"); (ii) the power purchase agreement (the "PPA"); and (iii) the *Declaration of Mac McFarland, CEO of Luminant Energy Company LLC, in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter into a Long-Term Power Purchase Agreement and Granting Related Relief*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the PPA Motion (as defined herein) as applicable.

(the "McFarland Declaration"), all filed contemporaneously herewith, and (b) directing that the PPA Motion, the PPA, and the McFarland Declaration shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors, except to (i) the Court, (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a confidential basis, and (iii) on a confidential, "professionals' eyes only" basis, the advisors to the TCEH Creditors' Committee (defined herein), the EFH Creditors' Committee (defined herein), the ad hoc group of TCEH first lien lenders (the "Ad Hoc Group of TCEH First Lien Lenders"), the indenture trustee for the TCEH second lien notes (the "TCEH Second Lien Indenture Trustee"), and the ad hoc committee of TCEH unsecured noteholders (the "Ad Hoc Committee of TCEH Unsecured Noteholders"). In support of this Motion, the Debtors respectfully submit the McFarland Declaration, attached as **Exhibit C** to the PPA Motion. In further support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1.

### Relief Requested

4. By this Motion, the Debtors seek entry of the Order (a) authorizing the Debtors to file under seal the PPA Motion; and (b) directing that the PPA Motion shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors except to (i) the Court, (ii) the U.S. Trustee on a confidential basis, and (iii) on a confidential, "professionals' eyes only" basis, the advisors to the TCEH Creditors' Committee, the EFH Creditors' Committee, the Ad Hoc Group of TCEH First Lien Lenders, the TCEH Second Lien Indenture Trustee, and the Ad Hoc Committee of TCEH Unsecured Noteholders.

### Background

5. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The U.S. Trustee formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding

3

Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6. The Debtors are seeking authority to enter into the PPA, which is a long-term power purchase agreement. The Debtors consider the purchase of electricity pursuant to power purchase agreements to be within the ordinary course of their wholesale and retail business operations. Notwithstanding this fact, the proposed PPA provides for the purchase and delivery of electricity, and thus is likely a "Non-Proprietary Hedging and Trading Arrangement," as defined in the *Motion of Energy Future Holdings Corp., et al., Clarifying Certain Relief Granted in the Non-Proprietary Trading Order and Seeking Entry of an Order Authorizing Certain Debtors to Enter Into Non-Proprietary Hedging and Trading Arrangements with a Tenor Beyond December 31, 2015 and Subject to Hedge and Tenor Limitations Consistent with Historical Practice* [D.I. 2710] (the "Non-Proprietary Hedging and Trading Motion").

7. As such, the PPA is likely subject to the Approved Limits (as defined in the Non-Proprietary Hedging and Trading Motion), including the tenor limitation of 27-months. The tenor of the proposed PPA exceeds the Approved Limit tenor limitation. Additionally, under the terms of the PPA, the PPA shall not become effective, and either party may terminate the PPA, if, among other things, the Bankruptcy Court has not entered the Order approving the PPA by March 31, 2015. Accordingly, pursuant to the PPA Motion, the Debtors are seeking authority to enter into the PPA.

8. After evaluating proposals from several potential counterparties, the Debtors determined that the PPA offered the best combination in terms of price, reliability, flexibility,

and other key factors. In the weeks preceding the filing of this Motion, the Debtors contacted the financial and legal advisors to several of the key TCEH creditor groups, including the TCEH Creditors' Committee, the Ad Hoc Group of TCEH First Lien Lenders, the TCEH Second Lien Indenture Trustee, and the Ad Hoc Committee of TCEH Unsecured Noteholders, and informed these advisors of the Debtors' intention to enter into the PPA. Additionally, the Debtors shared diligence materials and a draft of the PPA with these TCEH creditors' advisors.

### Basis For Relief

9. Congress, through the Bankruptcy Code and Bankruptcy Rules, was careful to balance the public's right to access the papers and proceedings generated by a bankruptcy case with a debtor's and its associates' critical need to ensure particular types of business information remained confidential.

10. Section 107(b) of the Bankruptcy Code enables the Court to protect entities from potential harm that might result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.* Courts often provide this protection by using their inherent equitable powers, codified in Section 105(a) of the Bankruptcy Code, to authorize the filing of documents under seal. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Additionally, Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule

9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12. If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Assocs. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

13. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy

6

Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

14. Here, there is strong support for sealing the PPA Motion, because the motion contains sensitive financial and operational information concerning the PPA and the Debtors' business operations. The Debtors engaged in significant research and analysis in connection with the decision to enter into the PPA, and the resultant PPA contains commercially sensitive information relating to the Debtors' business strategy. Given the highly competitive nature of the Debtors' industry, it is important that the details of the PPA, including the reasons supporting the Debtors' decision to enter into the PPA, be kept confidential so that competitors cannot use the information and analyses contained therein to gain a strategic advantage in the marketplace, thereby eroding the value of the PPA to the Debtors' estates. Furthermore, the information contained in the PPA is customarily considered by the energy industry, in general, as well as the Debtors and the counterparty to the PPA, in particular, to be highly-sensitive, confidential information and not typically disclosed to the public. Moreover, section 18.15 of the PPA

contains a confidentiality provision pursuant to which the parties agree not to disclose non-public confidential information, which explicitly includes the terms of the PPA. The Debtors have shared a draft of the PPA Motion and related diligence materials with the financial and legal advisors to the relevant TCEH creditor constituencies and the EFH Creditors' Committee, affording them adequate opportunity to review the PPA.

15.    Courts in this district have consistently authorized the filing of confidential documents under seal in other chapter 11 cases. *See, e.g.*, *In re Green Field Energy Services, Inc.*, No. 13-12783 (KG) (Bankr. D. Del. Jan. 17, 2014) (authorizing the filing under seal in its entirety a motion to approve a settlement agreement); *In re Metavation, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Aug. 7, 2013) (authorizing the filing under seal in its entirety a motion for approval of a sale agreement); *In re ASDI Incorporated*, No. 10-12139 (CSS) (Bankr. D. Del. Apr. 4, 2012) (authorizing the filing under seal in its entirety an opposition brief in adversary proceedings); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. Jul. 29, 2013) (authorizing the filing under seal of exit financing fee letters); *In re Capmark Fin. Grp. Inc. (f/k/a GMAC Commercial Holding Corp.)*, No. 09-13684 (CSS) (Bankr. D. Del. Jul. 5, 2011) (authorizing the filing under seal of a term sheet to a commercial contract); *Capmark*, No. 09-13684 (CSS) (Bankr. D. Del. Apr. 5, 2011) (authorizing the filing under seal of schedules to a sale contract); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re Mervyn's Holdings, LLC*, No. 08-11586 (Bankr. D. Del. Oct. 30, 2008) (authorizing the filing under seal of an objection supplement); *In re Boscov's, Inc.*, No. 08-11637 (KG) (Bankr. D. Del. Sep. 26, 2008) (authorizing the filing under seal in its entirety of debtor's motion and granting an *in camera* hearing); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23,

2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[3]

16. The Debtors therefore submit that good cause exists to authorize the Debtors to file the PPA Motion under seal because of the harm that would ensue if the sensitive and confidential commercial information contained in the PPA Motion became public information.

## Notice

17. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75%

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the TCEH Second Lien Indenture Trustee; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the PPA counterparty. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: February 27, 2015
        Wilmington, Delaware

*/s/ [signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:     collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:     edward.sassower@kirkland.com
         stephen.hessler@kirkland.com
         brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:     james.sprayregen@kirkland.com
         marc.kieselstein@kirkland.com
         chad.husnick@kirkland.com
         steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

12

RLF1 11565209v.1