## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 3596, 3603 and 3605**<br>**Obj. Deadline: March 3, 2015 at 4:00 p.m.**<br>**Hearing Date: March 10, 2015 at 9:30 a.m.** |

### RESPONSE AND LIMITED OBJECTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB TO CERTAIN MOTIONS FOR STANDING

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010, among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (as amended or supplemented, the "Indenture"), by and through its undersigned counsel, hereby submits its response and limited objection (this "Objection") to: (a) the motion of the official committee of unsecured creditors of Energy Future Holdings Corporation ("EFH"), Energy Future Intermediate Holdings Company LLC ("EFIH"), EFIH Finance Inc. and EECI, Inc. (the "E-Side Committee") for standing and authority to prosecute and settle claims on behalf of the Luminant Debtors[1] [Docket No. 3605] (the "E-Side Motion"); and (b) the motion of the ad hoc group of holders of unsecured TCEH notes (the "TCEH Ad Hoc Group") for standing and authority to commence, prosecute and settle certain claims on behalf of TCEH and its subsidiaries [Docket Nos. 3596 and 3603] (the "Ad Hoc

---

[1]    As hereinafter used, such term shall mean Debtor Luminant Generation Company LLC and its Debtor subsidiaries.

Motion" and, together with the E-Side Motion, the "Creditor Motions"). In support of this Objection, WSFS respectfully states as follows:

## PRELIMINARY STATEMENT

1.      If these cases have been marked by anything, it has been confusion and lack of tangible progress towards a conclusion. The relief sought in the Creditor Motions would only exacerbate those problems by injecting an unnecessary level of complication into prosecution of potential claims against holders of first lien claims against TCEH (the "First Liens"). To the extent derivative standing is granted, it should be granted only to the official committee of unsecured creditors of TCEH (the "TCEH Committee") – the statutory representative of, and fiduciary to, all unsecured creditors of TCEH and its subsidiaries.

2.      First, it is not at all clear, at this point, whether or to what extent entities represented by the E-Side Committee may have claims against the Luminant Debtors. Further, as the Ad Hoc Group (representing a subset of TCEH claimants, with a case agenda that may or may not be consonant with the interests of all TCEH unsecured creditors) notes in the Ad Hoc Motion, it already enjoys substantial access to the TCEH Committee (including through its indenture trustee as a member of the TCEH Committee), which has also sought standing to bring claims against the First Liens. The Ad Hoc Group does not (and in fact cannot) allege that the TCEH Committee is not fully capable of handling commencement, litigation and settlement of claims against the First Liens. Finally, neither the E-Side Committee (already funded by the Debtors and incurring significant monthly fees and expenses) nor the TCEH Ad Hoc Group (who may also seek reimbursement from the Debtors' estates for professional fees and expenses) can articulate any justification for the significant additional expense that would be associated with

multiple sets of professionals pursuing litigation that can aptly be pursued by the TCEH Committee – the entity best-suited for the task.

3.      While WSFS objects to the grant of standing to the E-Side Committee and the TCEH Ad Hoc Group, the Creditor Motions do both raise a valid concern. To wit, if standing is granted to pursue T-side estate claims against the First Liens, the Debtors should be divested of any authority to settle claims against the First Liens for so long as such derivative standing remains extant. The Debtors, conflicted and neutered by the terms of the TCEH cash collateral Order, are incapable of doing anything but create further unnecessary confusion and complexity with respect to the resolution of such claims.

## OBJECTION

4.      In their respective motions for standing to assert T-side estate claims against the First Liens, each of the TCEH Committee, the E-Side Committee and the TCEH Ad Hoc Group seeks "exclusive" standing to prosecute and settle such claims. In the first instance, it is theoretically impossible for all three to be given an "exclusive" right to do anything individually. This raises the question of whether one group should be selected to exclusively pursue the claims at issue or whether a "committee of committees" should be formed to jointly pursue the claims.

5.      Respectfully, WSFS submits the former approach is the only sensible manner in which to proceed. Granting standing to multiple groups will serve only to further complicate, delay and increase the costs of these cases. And, for the reasons set forth below, to the extent derivative standing is granted, the one group that should be granted standing is the TCEH Committee.

6.      As the basis for its request for standing, the E-Side Committee relies on a purported intercompany claim by EFH against the Luminant Debtors. Despite repeated requests,

the Debtors have thus far refused to provide any documentary support for the amount of any claims EFH or EFIH may have against the T-side.  Based on information received to date, it would appear that the purported claim on which the E-Side Committee relies may be related to the prepetition tax sharing agreement to which EFH, EFIH and the T-side Debtors were parties (the "TSA").  But, significant questions remain as to exactly how the TSA was intended to operate (versus how it may have operated).  And information recently revealed by the Debtors raises questions as to whether the EFH claim at issue is legitimate, enforceable, contingent on the occurrence of future events or otherwise disallowable under the Bankruptcy Code.  There is a meaningful possibility that the EFH claim on which the E-Side Committee relies may not exist at all (or may exist in some significantly lower amount).  With this uncertainty as to whether, and to what extent, the E-Side Committee acts on behalf of an entity with enforceable claims against the Luminant Debtors, WSFS believes the grant of derivative standing to the E-Side Committee makes little sense.  Moreover, with the Oncor sale process in its early stages, it is not currently known whether, after distribution of sale proceeds, the creditors represented by the E-Side Committee will ultimately have any unsatisfied claims against EFIH or EFH (bringing into further question the E-Side Committee's ability and/or motivation to bring avoidance and other claims for which standing is now sought).

7.      The TCEH Ad Hoc Group's request is similarly suspect.  Law Debenture Trust Company of New York, the indenture trustee for the notes held by the TCEH Ad Hoc Group, already sits on the TCEH Committee and is an active participant in committee deliberations.  As indenture trustee, Law Debenture already acts on behalf of all holders of the unsecured notes – including the members of the TCEH Ad Hoc Group.  While the TCEH Ad Hoc Group may have the effective ability to issue directions to Law Debenture, Law Debenture nonetheless must act in

the best interests of all holders of TCEH unsecured notes (in addition to its duties as a member of the TCEH Committee) – limitations to which the TCEH Ad Hoc Group, pursuing whatever case agenda it may be pursuing, is not subject.  Simply put, the legitimate interests of holders of TCEH unsecured notes will be adequately represented, through Law Debenture and the balance of the TCEH Committee, in connection with claims against the First Liens.  The TCEH Ad Hoc Group has not articulated, and cannot articulate, any basis: (a) to conclude that the TCEH Committee is not fully capable of prosecuting such claims; or (b) justifying the redundancy that would result from Law Debenture's membership on the TCEH Committee and the grant of concurrent standing to the TCEH Ad Hoc Group.

8.    Finally, both the E-Side Committee and the TCEH Ad Hoc Group reference the intercreditor agreement between WSFS and the First Liens.  To whatever extent the intercreditor agreement is enforceable (and WSFS reserves all rights), the agreement itself makes clear that it is the First Liens – and not the Debtors, the TCEH Ad Hoc Group, the E-Side Committee, or any other third parties – who have standing to seek its enforcement against WSFS.[2]  WSFS has in all respects acted consistently with its duties as a member of the TCEH Committee, its obligations as indenture trustee and with its obligations under the intercreditor agreement.  The references to

---

[2]    Section 8.20 (No Third Party Beneficiaries; Successors and Assigns) provides as follows:

> The lien priorities set forth in this Agreement and the rights and benefits hereunder in respect of such lien priorities shall inure solely to the benefit of the Senior Collateral Agent, the Senior Representatives, the Senior Secured Parties, the Second Priority Representatives, and the Second Priority Secured Parties, and their respective permitted successors and assigns, and no other Person (including the Grantors, or any trustee, receiver, debtor in possession or bankruptcy estate in a bankruptcy or like proceeding) shall have or be entitled to assert such rights.

the intercreditor agreement, veiled threats of future actions and reservations of rights by the E-Side Committee and TCEH Ad Hoc Group are meaningless, distracting and should be ignored.

## **NOTICE**

9.      Notice of this Objection has been provided to: (a) counsel for the Debtors; (b) the Office of the United States Trustee; (c) counsel for the TCEH Committee; (d) counsel for the E-Side Committee; and (e) counsel for the TCEH Ad Hoc Group.  WSFS respectfully submits that no other or further notice need be provided.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, based on the foregoing, WSFS respectfully requests that this Court: (a)

deny the Creditor Motions; and (b) grant WSFS such other and further relief as is just.

Dated: Wilmington, DE
      March 3, 2015

**ASHBY & GEDDES, P.A.**

_____
William P. Bowden (I.D. No. 2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

**BROWN RUDNICK LLP**
Edward S. Weisfelner (admitted pro hac
vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund
Society, FSB, solely in its capacity as
successor Indenture Trustee*