IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS ) | Case No. 14-10979 (CSS) |
| CORP., et al.¹, ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | RE: Docket Nos. 3062 and 3580 |

**AMENDED AND RESTATED ORDER AUTHORIZING
ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC
AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC
TO RETAIN AND EMPLOY GREENHILL & CO. AS INDEPENDENT
FINANCIAL ADVISOR EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 17, 2014**

Upon the application (the "**Application**")² of debtors and debtors-in-possession Energy Future Competitive Holdings Company LLC ("**EFCH**"), and Texas Competitive Electric Holdings Company LLC ("**TCEH**" and with EFCH and their debtor subsidiaries, the "**TCEH Debtors**") for entry of an order authorizing the TCEH Debtors to retain and employ Greenhill & Co., LLC ("**Greenhill**") as their independent financial advisor in connection with Conflict Matters (including the determination by the TCEH Debtors' Disinterested Manager of whether any matter constitutes a "**Conflict Matter**"), effective *nunc pro tunc* to November 17, 2014; all as more fully set forth in the Application, the Robins Declaration and the Supplemental Robins Declaration; and the Court having previously entered the *Order Authorizing Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC to Retain and Employ Greenhill & Co. as Independent Financial Advisor Effective Nunc Pro*

---

¹ The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application and/or the Initial Order (as defined herein).

*Tunc to November 17, 2014* on January 13, 2015 (the "**Initial Order**") [D.I. 3283], whereby this Court found that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) the relief requested in the Application, as modified by the Initial Order was in the best interests of the TCEH Debtors' estates, their creditors, and other parties-in-interest, (e) the TCEH Debtors had provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Official Committee of TCEH Unsecured Creditors (the "**Committee**") having filed an Objection to the Application on January 9, 2015 (the "**Objection**") [D.I. 3222]; and a hearing on the Application having occurred on January 13, 2015 before this Court (the "**Hearing**"); and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at such Hearing; and the Court having determined that the terms and conditions of Greenhill's employment (as modified by the Initial Order), including the Fee and Expense Structure set forth in the Greenhill Engagement Letter (attached to the Initial Order as Exhibit 1), were reasonable as required by § 328(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing established just cause for the relief granted therein; and the various parties having consensually agreed that any determination with respect to approval of Greenhill's Transaction Fee was to be deferred to a future time; and the parties now having consensually agreed to all issues related to the Fee and Expense Structure set forth in the Greenhill Engagement Letter, including the payment of the Transaction Fee; and the Committee having withdrawn its Objection; and the Court having found that the payment of the Transaction Fee, pursuant to the terms of the Greenhill Engagement Letter, is in the best interests of the

TCEH Debtors' estates, their creditors, and other parties-in-interest; and the Court finding that it is proper to amend and restate the Initial Order to account for the various changes thereto; and the Court having found that the TCEH Debtors have previously provided appropriate notice and the opportunity for a hearing on the Application under the circumstances; and the Court finding that (a) it continues to have jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this continues to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this case and the Application in this district continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having previously reviewed the Application and having heard the statements in support of the relief requested therein at the Hearing; and upon all of the proceedings before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. This Order amends and restates the Initial Order, which upon execution of this Order, shall be of no further force and effect.

2. The Application is granted as set forth herein, as amended by this Order, effective *nunc pro tunc* to November 17, 2014.

3. To the extent the Application, the Robins Declaration, the Supplemental Robins Declaration, the Greenhill Engagement Letter or the Initial Order is inconsistent with this Order, the terms of this Order shall govern.

4. The TCEH Debtors are authorized pursuant to §§ 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain Greenhill as their independent financial advisor to advise them on Conflict Matters, including whether a matter constitutes a Conflict Matter, consistent with the terms and conditions set forth in the Engagement Letter (as amended by this Order), effective *nunc pro tunc* to November 17, 2014,

and to pay fees and reimburse expenses to Greenhill on the terms and times specified in the Greenhill Engagement Letter, as modified by this Order (it being understood that, notwithstanding anything to the contrary contained in the Application, the Robins Declaration, the Supplemental Robins Declaration, or the Greenhill Engagement Letter, the Services approved by this Order shall be limited to those that are related to Conflict Matters (including the determination by the TCEH Debtors' Disinterested Manager of whether any matter constitutes a Conflict Matter)).

5. The terms of the Greenhill Engagement Letter are approved in all respects except as limited or modified herein.

6. The term "Restructuring" as defined in the Greenhill Engagement Letter is amended to read as follows: "Any sale, recapitalization, reorganization and/or restructuring (including, without limitation, through any exchange, conversion, cancellation, settlement, forgiveness, retirement and/or modification or amendment to the terms, conditions or covenants) of all or a material portion of the Company's equity and/or debt securities and/or other indebtedness, obligations or liabilities (including, without limitation, bank debt, swap liabilities, pension liabilities, OPEB liabilities, preferred stock, partnership interests, capital or operating lease obligations, trade claims, other contract or tort obligations, and other on and off balance sheet indebtedness), however such result is achieved, including, without limitation, pursuant to confirmation of a Plan, an exchange transaction, a solicitation of consents, waivers, acceptances or authorization, an acquisition or sale related transaction, the issuance of new securities or debt instruments and/or other similar transactions or series of transactions, and with respect to which Greenhill has provided the Company and/or the Disinterested Manager advice regarding Conflict Matters; *provided, however,* that no Restructuring, as such term is defined herein, shall be

deemed to have occurred following a conversion of the Bankruptcy Proceeding to a case under chapter 7 of the Bankruptcy Code."

7. The payment of Greenhill's Monthly Advisory Fee, documented out of pocket expenses (including all fees and expenses of counsel), the Transaction Fee and the indemnification terms as set forth in the Greenhill Engagement Letter, as modified by this Order, are approved pursuant to § 328(a) of the Bankruptcy Code and Greenhill shall be compensated and reimbursed pursuant to § 328(a) of the Bankruptcy Code with respect to such amounts, subject to the procedures set forth below in paragraph 15 and in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

8. None of the fees payable to Greenhill shall constitute a "bonus" or fee enhancement under applicable law.

9. Greenhill shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10. Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Greenhill's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in § 330 of the Bankruptcy Code, not § 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Greenhill's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Greenhill's fees.

11.     Greenhill shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the TCEH Debtors in half-hour increments, but Greenhill shall be excused from keeping time in tenth-hour increments.

12.     Greenhill is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

13.     Greenhill shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in §§ 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by Greenhill shall be subject to review only pursuant to the standard of review set forth in § 328 of the Bankruptcy Code and not subject to the standard of review set forth in § 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.

14.     In the event of a conversion of all or substantially all of these chapter 11 cases to cases under chapter 7, no Transaction Fee shall be payable.

15.     Pursuant to the terms of the Greenhill Engagement Letter, Greenhill is entitled to reimbursement by the TCEH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Greenhill Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Greenhill's counsel (which counsel shall not be required to be retained pursuant to § 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines

promulgated by the Office of the United States Trustee, provided however, that Greenhill shall not seek reimbursement for any services provided by Greenhill's counsel to the TCEH Debtors; provided further, that Greenhill shall attach the invoices of Greenhill's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

16. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

17. The TCEH Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Greenhill Engagement Letter, as modified herein, and will indemnify and hold harmless Greenhill and the other Indemnified Parties (as defined in the Greenhill Engagement Letter) pursuant to the Greenhill Engagement Letter, subject, during the pendency of these chapter 11 cases, to the following:

       (a) Greenhill shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

       (b) the TCEH Debtors shall have no obligation to indemnify Greenhill, or provide contribution or reimbursement to Greenhill, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Greenhill's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the TCEH Debtors allege the breach of Greenhill's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F .3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Greenhill should not receive indemnity, contribution or reimbursement under the terms of the Greenhill Engagement Letter as modified by this Order, and;

       (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Greenhill believes that it is entitled to the payment of

any amounts by the TCEH Debtors on account of the TCEH Debtors' indemnification, contribution and/or reimbursement obligations under the Greenhill Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Greenhill must file an application therefor in the Court, and the TCEH Debtors may not pay any such amounts to Greenhill before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Greenhill for indemnification, contribution or reimbursement, and not a provision limiting the duration of the TCEH Debtors' obligation to indemnify Greenhill. All parties-in-interest shall retain the right to object to any demand by Greenhill for indemnification, contribution or reimbursement.

18. The TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19. Absent further order of this Court, the fees and expenses incurred by Greenhill shall be paid by the TCEH Debtors.

20. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Initial Order.

Wilmington, Delaware
Dated: March 3, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATED BANKRUPTCY JUDGE