## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) |
| | ) Case No. 14-10979 (CSS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**OMNIBUS RESPONSE OF THE OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS TO (I) MOTION OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS FOR ENTRY OF AN ORDER GRANTING STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CERTAIN CLAIMS FOR DECLARATORY JUDGMENT, AVOIDANCE AND RECOVERY OF LIENS, SECURITY INTERESTS, OBLIGATIONS, FEES, AND INTEREST PAYMENTS, AND DISALLOWANCE OF CLAIMS; AND (II) MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER GRANTING DERIVATIVE STANDING AND AUTHORITY TO PROSECUTE AND SETTLE CLAIMS ON BEHALF OF THE LUMINANT DEBTORS' ESTATES**

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ...................................................................................................... 4

    A.    Scope of Representation of Parties Seeking Standing ........................... 4

    B.    Applicable Challenge Deadlines ........................................................... 4

    C.    Filing of the Standing Motions .............................................................. 5

ARGUMENT ........................................................................................................... 5

    A.    It Is in the Best Interests of the TCEH Debtors' Estates to Grant the TCEH Committee Sole Standing to Assert Claims on Their Behalf ................................ 5

        1.    Applicable Legal Authority ...................................................... 6

        2.    The TCEH Committee Is the Only Appropriate Representative for All Potential Claims that May Be Brought on Behalf of the TCEH Debtors .................................................................................. 7

            a.    The Proposed Claims of the TCEH Ad Hoc Group and the EFH Committee Are Identical to Those the TCEH Committee Is Seeking to Assert or Still Under Investigation by the TCEH Committee ................................ 7

            b.    The TCEH Committee Is Ready, Willing and Able to Assert the Proposed Claims ......................................................... 10

        3.    The TCEH Committee Is Not Barred from Bringing the Proposed Claims Due to Conflicts .............................................. 12

        4.    Permitting Joint Standing Would Be Unnecessarily Duplicative and Expensive ......................................................... 13

    B.    There Is No Legal Precedent for Granting Joint Standing in This Case.............. 13

CONCLUSION ....................................................................................................... 15

## TABLE OF AUTHORITIES

CASES                                                                                Page(s)

*Can. Pac. Forest Prods. Ltd. v. J.D. Irving Ltd. (In re Gibson Grp., Inc.),*
    66 F.3d 1436 (6th Cir. 1995) ...................................................................................14

*G-I Holdings, Inc. v. Those Parties Listed on Exhibit A (In re G-I Holdings, Inc.),*
    313 B.R. 612 (Bank. D.N.J. 2004) .............................................................................6

*Glinka v. Federal Plastics Mfg. (In re Housecraft Indus. USA, Inc.),*
    310 F.3d 64 (2d Cir. 2002) ........................................................................................13

*In re Centaur, LLC,*
    No. 10-10799 (KJC), 2010 Bankr. LEXIS 3918 (Bankr. D. Del. Nov. 5, 2010) .....................6

*In re Garden Ridge Corp.,*
    No. 04-10324 (DDS), 2005 Bankr. LEXIS 323 (Bankr. D. Del. Mar. 2, 2005) .....................12

*In re Image Innovations Holdings, Inc.,*
    391 B.R. 255 (Bankr. S.D.N.Y. 2008) ......................................................................14

*In re LaBrum & Doak, LLP,*
    No. 98-10215 (DAS), 1998 Bankr. LEXIS 580 (Bankr. E.D. Pa. May 14, 1998) ........7, 13, 14

*In re Rim,*
    No. 10-1066 (DMC), 2010 U.S. Dist. LEXIS 117458 (D.N.J. Nov. 3, 2010) ........................14

*Infinity Investors Ltd. v. Kingsborough (In re Yes! Entm't Corp.),*
    316 B.R. 141 (D. Del. 2004) ......................................................................................14

*Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.*
    *v. Chinery,*
    330 F.3d 548 (3d Cir. 2003) ........................................................................................1

*Official Comm. of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Techs.,*
    *Inc.),*
    299 B.R. 732 (Bankr. D. Del. 2003) ....................................................................7, 14

The Official Committee of Unsecured Creditors (the "TCEH Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH LLC"), their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively, the "TCEH Debtors"), hereby files this omnibus response (the "Response") to the (I) *Motion Of The Ad Hoc Group Of TCEH Unsecured Noteholders For Entry Of An Order Granting Standing And Authority To Commence, Prosecute, And Settle Certain Claims For Declaratory Judgment, Avoidance And Recovery Of Liens, Security Interests, Obligations, Fees, And Interest Payments, And Disallowance Of Claims* [Dkt. No. 3603] (the "TCEH Ad Hoc Group Motion"); and the (II) *Motion Of The EFH Official Committee For Entry Of An Order Granting Derivative Standing And Authority To Prosecute And Settle Claims On Behalf Of The Luminant Debtors' Estates* [Dkt. No. 3605] (the "EFH Committee Motion" and, together with the TCEH Ad Hoc Group Motion, the "Additional Standing Motions").

## PRELIMINARY STATEMENT

1.      It is indisputable that the TCEH Committee, as the statutory and fiduciary representative of the unsecured creditors of the TCEH Debtors' estates, may be granted standing to bring causes of action on behalf of those estates. *See Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 580 (3d Cir. 2003) (holding that bankruptcy court can authorize creditors' committees to pursue avoidance actions on behalf of debtor estates). And, for the reasons set forth in the TCEH Committee Motion,[2] the TCEH Committee should be granted standing to assert the claims set forth in the Proposed

---

[2] *Motion Of The Official Committee Of Unsecured Creditors For Entry Of An Order Granting Exclusive Standing And Authority To Commence, Prosecute, And Settle Certain Claims For Declaratory Judgment, Avoidance And Recovery Of Liens, Security Interests, Obligations, Fees, And Interest Payments, And Disallowance Of Claims* [Dkt. No. 3593] (the "TCEH Committee Motion"). Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the TCEH Committee Motion.

Complaint (defined below).  Specifically, based on its intensive, multi-month investigation, the TCEH Committee has concluded that valuable claims and causes of action exist against the First Lien Transferees (as defined in the TCEH Committee Motion).  Thus, in light of the impending deadline of March 13, 2015 to assert claims against the First Lien Transferees, the TCEH Committee is diligently pursuing claims against those parties on behalf of the TCEH Debtors at this time.

2.      The filing of the TCEH Ad Hoc Group Motion and the EFH Committee Motion raises the question of whether those movants should be granted joint standing together with the TCEH Committee to pursue the same claims on behalf of the TCEH Debtors.  The answer is no. There is simply no reason why multiple plaintiffs should be allowed to pursue the same claims, and no party is better situated than the TCEH Committee to assert those claims.  The TCEH Committee is the only statutory fiduciary for all unsecured creditors of the TCEH Debtors' estates.  By filing a motion for standing with a comprehensive complaint attached, the TCEH Committee has demonstrated that it is ready, willing, and able to prosecute those causes of action.  Granting the TCEH Ad Hoc Group and the EFH Committee's requests for standing is unnecessary, and would result in duplicative litigation and increased costs to the Debtors' estates that would, paradoxically, further jeopardize recoveries of the TCEH Debtors' creditors.

3.      In recognition of this fact, the TCEH Committee and the TCEH Ad Hoc Group are discussing a potential agreement that would resolve the issues raised in this Response with respect to the TCEH Ad Hoc Group Motion.[3]  Furthermore, in order to ensure that the interests of the EFH Committee's constituents (to the extent they are creditors of the TCEH Debtors) are being adequately represented, the TCEH Committee will revise the Proposed Complaint to

---

[3] If finalized, the TCEH Committee anticipates that this agreement will be memorialized in a revised proposed order granting the TCEH Committee Motion, to be filed with the TCEH Committee's reply in support of that motion.

incorporate the additional claims against the First Lien Transferees proposed to be asserted in the EFH Committee Motion.

4.    Notably, the TCEH Committee's investigation is still ongoing, including with respect to claims that may be asserted by the TCEH Debtors' estates against other potential defendants.  To the extent the TCEH Committee intends to seek standing to pursue estate causes of action against parties other than the First Lien Transferees (the "Additional Claims"), the Additional Claims must be disclosed to the Debtors in writing by March 31, 2015, and the earliest possible date a motion seeking standing to assert the Additional Claims must be filed is April 30, 2015.  By the EFH Committee Motion, the EFH Committee is seeking to assert certain Additional Claims on behalf of the TCEH Debtors against defendants other than the First Lien Transferees, such as holders of the Second Lien Notes and Unsecured Notes (each as defined in the EFH Committee Motion).  The TCEH Committee believes that a grant of standing to bring those Additional Claims at this time would be premature, as those claims are still under investigation and are not subject to any imminent filing deadlines.  To be clear, however, if and when the TCEH Committee concludes that the TCEH Debtors hold colorable Additional Claims and the prosecution of such claims is likely to bring value into the TCEH Debtors' estates, the TCEH Committee will be ready and willing to assert those claims on behalf of all of the TCEH Debtors' estates.

5.    For these reasons, as discussed in further detail below, it is in the best interests of the TCEH Debtors' estates that the TCEH Committee be granted sole standing to prosecute and settle claims on behalf of those estates.

ny-1177955

## BACKGROUND

### A.    Scope of Representation of Parties Seeking Standing

6.      The TCEH Committee represents creditors of EFH Corporate Services, EFCH, EFCH's direct subsidiary, TCEH LLC, and EFCH and TCEH LLC's direct and indirect subsidiaries (collectively, the "TCEH Debtors"), including Luminant Generation Company LLC ("Luminant") and its Debtor subsidiaries.  *See Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 420].

7.      The EFH Committee represents creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., and no others.  *See Second Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 3403].

8.      The total aggregate principal amount of Unsecured Notes currently outstanding is approximately $5.237 billion.  The TCEH Ad Hoc Group represents holders of approximately $2.7 billion or 52% of the aggregate principal amount of the Unsecured Notes.  *See Verified Statement Of White & Case LLP, Fox Rothschild LLP And The Ad Hoc Group Of TCEH Unsecured Noteholders Pursuant To Bankruptcy Rule 2019* [Dkt. No. 676].

### B.    Applicable Challenge Deadlines

9.      Pursuant to the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [Dkt. No. 855], as amended [Dkt. Nos. 1771, 2083, 2704, 2916, 3380] (the "Cash Collateral Order"), parties in interest seeking to challenge the extent and priority of the Prepetition First Lien Obligations (as defined in the Cash Collateral Order) are required to obtain standing granted by order of the Court and file an

4

adversary proceeding or contested matter asserting such claims by March 13, 2015 (the "Challenge Deadline").

10.    Pursuant to the *Stipulation And Agreed Order Extending Dates In Order Regarding A Protocol For Certain Case Matters* [Dkt. No. 2760] (the "Amended Protocol"), designated parties, including the TCEH Committee, that intend to assert any Additional Claims on behalf of the Debtors' estates must disclose the Additional Claims to the Debtors in writing by March 31, 2015, and must file a motion requesting standing to assert the Additional Claims by the later of (i) April 30, 2015, (ii) fifteen days after approval of a disclosure statement, and (iii) such later date as is mutually agreed to by the Debtors and the TCEH Committee.

### C.    Filing of the Standing Motions

11.    On February 19, 2015, the TCEH Committee filed the TCEH Committee Motion. Attached to the TCEH Committee Motion was a proposed complaint (the "Proposed Complaint") setting forth in detail the proposed causes of action the TCEH Committee seeks to assert and the factual allegations underlying those causes of action.

12.    On February 19, 2015, the TCEH Ad Hoc Group filed the TCEH Ad Hoc Group Motion.  The TCEH Ad Hoc Group Motion attached a proposed complaint that is virtually identical to the TCEH Committee's Proposed Complaint.

13.    Also on February 19, 2015, the EFH Committee filed the EFH Committee Motion.  The EFH Committee Motion did not attach a proposed complaint.

## ARGUMENT

### A.    It Is in the Best Interests of the TCEH Debtors' Estates to Grant the TCEH Committee Sole Standing to Assert Claims on Their Behalf

14.    Granting multiple sets of plaintiffs standing to pursue the same causes of action on behalf of the TCEH Debtors' estates would result in duplicative litigation and increase the

risk of unnecessary costs to the Debtors' estates. For these reasons, joint standing should be avoided unless the Court determines there is an overriding legal or practical justification warranting joint representation of the TCEH Debtors' creditors. No such justification exists. Given the TCEH Committee's substantial investment in an investigation of potential claims that may be brought on behalf of the TCEH Debtors' estates and the fact that the TCEH Committee is the only fiduciary for all unsecured creditors of those estates, the interests of all TCEH Debtors' creditors with respect to the proposed causes of action will be ably and adequately represented by the TCEH Committee. Accordingly, there is no reason to grant standing to any other party to prosecute such claims.

### 1.    Applicable Legal Authority

15.    As part of the analysis to determine whether to grant derivative standing, courts examine whether or not granting derivative standing would be in the best interests of the estate. *See In re Centaur, LLC*, No. 10-10799 (KJC), 2010 Bankr. LEXIS 3918, at \*15-16, n.12 (Bankr. D. Del. Nov. 5, 2010) ("[A] debtor's failure to bring a claim is deemed to be unjustifiable when the committee has presented a colorable claim that on appropriate proof would support recovery, and the action is likely to benefit the reorganization estate.") (citation omitted); *G-I Holdings, Inc. v. Those Parties Listed on Exhibit A (In re G-I Holdings, Inc.)*, 313 B.R. 612, 643 (Bank. D.N.J. 2004) (finding that determining what constitutes an "unjustifiable" refusal depends, among other things, on whether allowing the movant's action will benefit the estate).

16.    Where both an official committee and an individual creditor have sought standing to assert the same claims, courts in the Third Circuit have recognized that it is generally in the best interests of the debtor's estate to have the committee bring estate causes of action. Specifically, courts in this Circuit have denied derivative standing to the individual creditor where "an official committee is willing, able, and unhampered by any real or logically-perceived

conflicts from maintaining that action on the [d]ebtor's behalf." *In re LaBrum & Doak, LLP*, No. 98-10215 (DAS), 1998 Bankr. LEXIS 580, at *11 (Bankr. E.D. Pa. May 14, 1998) (denying derivative standing to individual creditor where both the debtor and the official committee expressed their willingness to assert claims)  *See also Official Comm. of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Techs., Inc.)*, 299 B.R. 732, 738-39, n.4 (Bankr. D. Del. 2003) (permitting creditors' committee to bring estate causes of action, but denying individual creditor such standing to bring same causes of action due to doubts about whether the creditor was an appropriate representative and the necessity of such litigation in light of the creditors' committee's prosecution of the adversary proceeding).

17.     Absent an impermissible conflict, where an official committee is willing to assert claims on behalf of a debtor's estate, it is in the best interests of the estate to grant the committee sole standing to bring those claims for two key reasons.  *First*, an official committee, as a statutory fiduciary for all of its constituents, is an appropriate representative for all parties in interest.  *Second*, the grant of sole standing avoids unnecessary duplication of cost, effort, and complexity in any given adversary proceeding.  Those considerations strongly support a finding that granting the TCEH Committee sole standing to prosecute the claims at issue is in the best interest of the TCEH Debtors' estates.

> **2.      The TCEH Committee Is the Only Appropriate Representative for All Potential Claims that May Be Brought on Behalf of the TCEH Debtors**
>
> > **a.      The Proposed Claims of the TCEH Ad Hoc Group and the EFH Committee Are Identical to Those the TCEH Committee Is Seeking to Assert or Still Under Investigation by the TCEH Committee**

18.     The TCEH Committee is seeking standing on behalf of the TCEH Debtors to commence, prosecute, and settle causes of action against the First Lien Transferees, including

claims for avoidance, equitable subordination, disallowance of claims, recharacterization, and certain requests for declaratory relief. (TCEH Committee Motion at ¶ 1.) Through those claims, the TCEH Committee is seeking to avoid and recover, among other things, over $2.4 billion in fees, incremental interest expense, Prepayment Benefit, and preferential transfers paid to or for the benefit of the First Lien Transferees over the past four years, and to avoid any claims, liens, security interests, or other obligations arising from the LBO, the issuance of the First Lien Notes, and the Fee Note (each, as defined in the TCEH Committee Motion). (TCEH Committee Motion at ¶ 10.)

19.    It appears that the complaint attached to the TCEH Ad Hoc Group Motion is essentially identical (other than the name of the plaintiff) to a draft of the Proposed Complaint previously provided to the TCEH Ad Hoc Group by the TCEH Committee. Consistent with the course of conduct between the parties throughout the Debtors' chapter 11 cases in general and during the First Lien Investigation in particular, the TCEH Committee will continue to consult with the TCEH Ad Hoc Group as constituents to ensure that concerns of the TCEH Ad Hoc Group regarding the TCEH Committee's prosecution of claims against the First Lien Transferees—including the scope of those claims—are fairly and adequately addressed.

20.    The EFH Committee Motion does not attach a complaint, making a side by side comparison of the proposed claims and causes of action with those sought to be asserted by the TCEH Committee impossible. However, the EFH Committee Motion seeks standing on behalf of a subset of the TCEH Debtors (namely, Luminant and certain of its subsidiaries) to prosecute and settle "all avoidance actions arising out of or related to debt service, fees, expenses or other amounts transferred to or for the benefit of the TCEH LBO Creditors directly or indirectly from the Luminant Debtors after the initial 2007 LBO, as well as any related liens or obligations incurred by the Luminant Debtors after the initial 2007 LBO (the "Luminant Avoidance

8

Actions").”  (EFH Committee Motion at 3.)  The "TCEH LBO Creditors" include the First Lien
Transferees identified in the TCEH Committee's Proposed Complaint, as well as holders of the
Second Lien Notes and Unsecured Notes.  (EFH Committee Motion at ¶¶ 1, 4.)  Accordingly, the
basis for the proposed claims against the First Lien Transferees—payments made, and liens or
obligations incurred, by certain of the TCEH Debtors to or for the benefit of the First Lien
Transferees—is subsumed within the claims set forth in the Proposed Complaint, as are the
general causes of action proposed to be asserted by the EFH Committee (i.e., avoidance claims).

21.    Specifically, the EFH Committee appears to be requesting standing to assert
claims:  (1) seeking to judicially determine the amount of the Luminant Debtors' liability based
on the effect of the contractual savings clause contained in the TCEH Debtors' various debt
documents, and to recover amounts paid by or on behalf of Luminant on account of excess debt
service as a result of such arguments (EFH Committee Motion at ¶ 15); and (2) with respect to
the Second Lien Notes and Unsecured Notes rather than just claims against the First Lien
Transferees.  As further discussed below, the TCEH Committee is willing to assert the EFH
Committee's proposed claims to the extent they are not already included in the Proposed
Complaint.  Specifically, the TCEH Committee has already asserted certain claims relating to the
savings clause underlying item (1) (*see* Proposed Complaint at ¶¶ 222-23), and will revise the
Proposed Complaint to incorporate a claim to recover the excess debt service payments in light
of those arguments.  The claims described in item (2) are Additional Claims, which are still
under investigation by the TCEH Committee.  Although it is premature to seek standing to bring
those Additional Claims at this time, the TCEH Committee is continuing to investigate such
claims and intends to seek standing to bring any suitable claims when and if it becomes
appropriate to do so.

9

          **b.**      **The TCEH Committee Is Ready, Willing and Able to Assert the Proposed Claims**

22.    <u>The TCEH Committee's Readiness</u>.  Pursuant to the Cash Collateral Order, any complaint seeking to challenge the extent and priority of the Prepetition First Lien Obligations must be filed by March 13, 2015.  Although the EFH Committee is seeking standing to prosecute "colorable claims" on account of certain of those obligations, no complaint was attached to the EFH Committee Motion.  This alone calls into question the readiness of the EFH Committee to bring the proposed claims.  In contrast, the TCEH Committee has already prepared a complaint and is fully prepared to bring claims against the First Lien Transferees.  As set forth in the TCEH Committee Motion, the proposed causes of action set forth in the draft complaint were developed by the TCEH Committee over the course of a comprehensive investigation that has already spanned nearly ten months and is still ongoing.  Furthermore, the revised Proposed Complaint will incorporate the additional proposed claims the TCEH Committee understands the EFH Committee is seeking to assert against the First Lien Transferees.  As a result, unlike the EFH Committee, the TCEH Committee has demonstrated that it is fully prepared to prosecute claims against the First Lien Transferees on behalf of the TCEH Debtors.

23.    <u>The TCEH Committee's Willingness</u>.  The EFH Committee asserts that "[t]he amount of payments, if any, that must be made to the Luminant Debtors as a condition to claim allowance is a question that has significant consequences for stakeholders and should be resolved as promptly as practicable."  (EFH Committee Motion at ¶ 30.)  While the TCEH Committee does not disagree with this general statement, the TCEH Committee does take issue with the EFH Committee's argument that "it is in the best interests of the Luminant Debtors for the same party to pursue the Luminant Avoidance Actions with respect to *all* TCEH LBO Debt [including creditors holding Second Lien Notes and Unsecured Notes] in a single proceeding."  (EFH

Committee Motion at ¶ 32.)   The EFH Committee's proposed Additional Claims against potential defendants other than the First Lien Transferees are not yet choate, and are not subject to the Challenge Deadline.  Pursuant to the Amended Protocol, the earliest a complaint asserting the Additional Claims could possibly be required to be filed is April 30, 2015, and, given the status of the Debtors' chapter 11 cases, it is likely that an even later challenge deadline will apply.  The TCEH Committee is continuing to investigate potential Additional Claims that may be asserted against defendants other than the First Lien Transferees, and will seek standing to bring them if and when it is appropriate.   However, in the absence of a pressing deadline, standing to bring those claims should not be granted while such claims continue to be investigated, nor should it be granted to an individual creditor when an official committee stands willing to bring them at the appropriate time.

24.     <u>The TCEH Committee's Ability</u>.   The TCEH Committee is a fiduciary for all unsecured creditors of TCEH Debtors that were borrowers or guarantors under the First Lien Debt, while the EFH Committee is a fiduciary for a potential creditor of only one of those entities.  Because of its indirect, narrow interest in claims that affect the entire capital structure of the TCEH Debtors, the EFH Committee's ability to adequately represent the interests of other creditors of the TCEH Debtors' estates is, to put it mildly, highly circumscribed.  This limitation is evidenced by the fact that the EFH Committee is seeking standing to bring claims on behalf of some, but not all, of the potential plaintiffs on whose behalf the proposed claims may be asserted.  Only the TCEH Committee has a clear ability—and responsibility—to act on behalf of all of the potential plaintiffs.

ny-1177955

### 3.    The TCEH Committee Is Not Barred from Bringing the Proposed Claims Due to Conflicts

25.     The EFH Committee suggests that the TCEH Committee cannot adequately represent the interests of Luminant's creditors because those creditors' interests may diverge from the interests of TCEH LLC's creditors.  (EFH Committee Motion at ¶ 33-34.)  Similarly, the TCEH Ad Hoc Group argues that it is better positioned to assert claims on behalf of all TCEH Debtor creditors because, unlike the holders of the Second Lien Notes, whose trustee is a member of the TCEH Committee, the TCEH Ad Hoc Group has no obligation to turnover proceeds recouped through an adversary proceeding to the First Lien Lenders.  (TCEH Ad Hoc Group Motion at ¶ 35.)  These arguments are unpersuasive because they ignore the practical realities of committee representation.

26.     Committees, acting in their capacity as fiduciaries, are frequently required to take positions and actions that may be contrary to the interests of some of their individual creditor constituents.  Courts have recognized that this inherent conflict does not prevent a committee from providing adequate representation.  *See, e.g.*, *In re Garden Ridge Corp.*, No. 04-10324 (DDS), 2005 Bankr. LEXIS 323, at *11-12 (Bankr. D. Del. Mar. 2, 2005) ("A committee of unsecured creditors often consists of creditors with a variety of viewpoints, and thus conflicts are not uncommon, especially when creditors are acting individually to protect their separate business interests.  Adequate representation is lacking only when these conflicts prevent an official committee from upholding its fiduciary obligations to all general unsecured creditors." (citations omitted)).  The fact that individual constituents—whether or not they are members of the TCEH Committee—may have differing interests does not prevent the TCEH Committee from carrying out its duties as a fiduciary representative for all creditors of the TCEH Debtor estates, whether in carrying out its day-to-day duties or acting as a plaintiff on behalf of those

12

estates. Accordingly, there is no cause or justification to grant duplicative standing to individual creditors.

### 4. Permitting Joint Standing Would Be Unnecessarily Duplicative and Expensive

27. Granting joint standing to multiple parties to pursue the same claims and causes of action against the First Lien Transferees would result in duplicative legal costs to the estates and would unnecessarily complicate the litigation. The fact that the TCEH Ad Hoc Group would be responsible for its own expenses (subject to potential claims under Bankruptcy Code section 503(b) for substantial contribution) and the EFH Committee's expenses would presumably be paid out of the EFH Debtors' assets is irrelevant to the issue of whether those parties should be granted standing. *See In re LaBrum & Doak, LLP*, 1998 Bankr. LEXIS, at *8 (noting that a number of cases granting individual creditors standing to bring estate claims did not depend on whether or not the individual creditor would bear its own costs of prosecuting the action). The increased costs of litigation do, however, weigh against granting the TCEH Ad Hoc Group and the EFH Committee joint standing. As evidenced by the filing of the EFH Committee Motion, the recoveries of the TCEH Debtors' creditors are inextricably linked to those of EFH's creditors. The needless expenditure of legal costs further reduces the chance that the TCEH Debtors' creditors will receive meaningful recoveries and should not be authorized by the Court.

### B. There Is No Legal Precedent for Granting Joint Standing in This Case

28. Each of the cases cited by the TCEH Ad Hoc Group and the EFH Committee in support of a grant of individual creditor standing is readily distinguishable because, among other reasons, none of them granted an individual creditor joint standing over the objection of an official committee that was willing to bring the claims itself. In *Glinka v. Federal Plastics Mfg. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 71 (2d Cir. 2002), the court granted joint

13

standing to a chapter 7 trustee and individual creditor where the creditor agreed to fund the litigation and the estate lacked the resources to bring the action on its own.  In *Can. Pac. Forest Prods. Ltd. v. J.D. Irving Ltd. (In re Gibson Grp., Inc.)*, 66 F.3d 1436, 1446 (6th Cir. 1995), the court granted an individual creditor standing where the official committee had refused to bring suit.  In *In re Rim*, No. 10-1066 (DMC), 2010 U.S. Dist. LEXIS 117458, at *1-2 (D.N.J. Nov. 3, 2010), the court granted an individual creditor standing in a closed chapter 7 case, where the court found there were grounds to reopen the case and the chapter 7 trustee declined to pursue the claims.  In *In re Image Innovations Holdings, Inc.*, 391 B.R. 255, 259 (Bankr. S.D.N.Y. 2008), the court observed that under certain circumstances an individual creditor could bring a claim on behalf of a debtor but found that such circumstances were not present in the case before it even where the debtor's plan of reorganization had long since been confirmed and no official committee was in existence.  Finally, in *Infinity Investors Ltd. v. Kingsborough (In re Yes! Entm't Corp.)*, 316 B.R. 141, 145 (D. Del. 2004), the court granted an individual creditor standing where the chapter 11 trustee had declined to bring suit and no creditors' committee sought standing.

29.    These cases are consistent with Third Circuit case law holding that individual creditors should be granted derivative standing only in exceptional circumstances.  *See Exide Techs., Inc.*, 299 B.R. 738-39, n.4 (noting that granting an individual creditor joint derivative standing was neither in the best interest of the estate, nor was it necessary to the bankruptcy case, because, among other reasons, the official committee was prosecuting the adversary proceeding); *LaBrum & Doak, LLP*, 1998 Bankr. LEXIS, at *7 (citing cases holding that individual creditors should be granted derivative standing only in exceptional cases, such as where the claims sought to be asserted were "essentially two-party disputes, and the authorized creditors were willing to

14

ny-1177955

finance the litigation themselves").  The exceptional circumstances relied on by courts granting individual creditors derivative standing are not present here.

## <u>CONCLUSION</u>

WHEREFORE, the TCEH Committee respectfully requests that the Court (i) grant it sole standing to prosecute claims against the First Lien Transferees on behalf of the TCEH Debtors' estates, (ii) defer a decision on standing with respect to Additional Claims that may be brought on behalf of the TCEH Debtors' estates against other potential defendants, and (iii) grant such other and further relief as the Court may deem just and proper.

*(Remainder of Page Intentionally Left Blank)*

15

ny-1177955

Dated: Wilmington, Delaware
       March 3, 2015

**MORRISON & FOERSTER LLP**
Brett H. Miller
James M. Peck
Lorenzo Marinuzzi
Todd M. Goren
Erica J. Richards
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail:        brettmiller@mofo.com
               jpeck@mofo.com
               lmarinuzzi@mofo.com
               tgoren@mofo.com
               erichards@mofo.com


   _/s/ Christopher A. Ward_____
**POLSINELLI PC**
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile:  (302) 252-0921
E-mail:        cward@polsinelli.com
               jedelson@polsinelli.com
               skatona@polsinelli.com

*Attorneys for the Official Committee of*
*TCEH Unsecured Creditors*

16