**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: Dkt. No. 3605<br><br>Hearing Date: March 10, 2015 at 9:30 a.m.<br>Objection Deadline: March 3, 2015 at 4:00 p.m. |

**OBJECTION OF LAW DEBENTURE TRUST COMPANY OF
NEW YORK, AS INDENTURE TRUSTEE, TO THE MOTION OF THE
EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER GRANTING
DERIVATIVE STANDING AND AUTHORITY TO PROSECUTE AND SETTLE
CLAIMS ON BEHALF OF THE LUMINANT DEBTORS' ESTATES**

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture, dated as of October 31, 2007, among Texas Competitive Electric Holdings Company LLC and TCEH Finance, Inc. (together, the "Issuers"), certain guarantors that are affiliates of the Issuers, and The Bank Of New York Mellon Trust Company, N.A., pursuant to which (i) $2,045,956,000 aggregate principal amount of the Issuers' 10.25% Senior Notes due 2015, (ii) $1,441,957,000 aggregate principal amount of the Issuers' 10.25% Senior Notes due 2015, Series B and (iii) $1,749,645,671 aggregate principal amount of the Issuers' 10.50%/11.25% Senior Toggle Notes due 2016 were issued and are outstanding as of the date hereof, by and through its attorneys, Patterson Belknap Webb & Tyler LLP and Morris James LLP, files this objection ("Objection") to the *Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates*, dated February 19, 2015 (D.I. 3605) (the "Standing Motion").

7649013

**OBJECTION**

1.     The Standing Motion asserts that the TCEH Committee[1] – to which "the Court might ordinarily look . . . to pursue the claims" in question, *id.* at ¶ 33 – cannot fulfill its statutory role because it "includes Wilmington Savings Fund Society, FSB, the indenture trustee for the Second Lien Notes, and Law Debenture Trust Company of New York, the indenture trustee for the Unsecured Notes." *Id.* at ¶ 34.  But even assuming that the claims the EFH Committee seeks to assert are valid, and assuming further that the TCEH Committee's efforts to litigate those claims would be at odds with either indenture trustee's particular interests, there is no basis to conclude that the seven-member TCEH Committee would be unable to navigate such issues (which permeate every large chapter 11 case), or that the indenture trustees possess any more "influential role" on that committee than any other member. *Id.*

2.     But even if the TCEH Committee could not fulfill its statutory duties, this would not cure the EFH Committee's otherwise invalid request for standing.  The EFH Committee is not the statutory committee appointed to represent the creditors of the Luminant Debtors and, therefore, does not qualify for derivative standing to bring claims on behalf of the Luminant Debtors.  The EFH Committee argues that as the statutory committee for EFH – a purported creditor of at least one Luminant Debtor – it should be granted standing to assert claims of the Luminant Debtors.  But it is well-settled in this Circuit and elsewhere that a creditor of a creditor has no standing in a bankruptcy case.[2]  The EFH Committee seeks

---

[1] Capitalized terms used in this Objection that are not defined have the meanings given to them in the Standing Motion.

[2] *See In re Lifeco Inv. Group*, 173 B.R. 478, 487 (Bankr. D. Del. 1994) ("I find no statutory or judicial support to conclude that a creditor of a creditor has standing in a bankruptcy case.  Indeed, numerous cases state the contrary.").  *See also In re Penn Cent. Transp. Co.*, 596 F.2d 1155, 1160 (3d Cir. 1979) (decided under Bankruptcy Act); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("party-in-interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding").

7649013

*derivative* derivative standing – or "double derivative standing" – for which there is no precedent.[3]

3. Moreover, as the Ad Hoc Objection correctly states, "the EFH Committee has not made a demand upon EFH to pursue EFH's purported claims against the Luminant Debtors, which is a prerequisite to seeking standing to pursue the Alleged Claims belonging to the Luminant Debtors' estates." Ad Hoc Objection, ¶ 6.

4. Finally, it is uncertain if EFH is even a creditor of any Luminant Debtor. There are many unresolved disputes concerning intercompany claims including, *inter alia*, claims arising under the Debtors' competitive tax allocation agreement. If it is ultimately determined that EFH does not have valid claims against any of the Luminant Debtors, then the EFH Committee's already attenuated basis for seeking standing will lack any foundation whatsoever.

---

[3] *See Objection Of The Ad Hoc Group Of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates* (D.I. 3734) (the "Ad Hoc Objection").

7649013

## RESERVATION OF RIGHTS

5. Law Debenture reserves the right to supplement or amend this Objection and the right to appear and be heard at the hearing to consider the Standing Motion.

Dated: March 3, 2015     **MORRIS JAMES LLP**

/s/ *Stephen M. Miller*
Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com

- and -

Daniel A. Lowenthal
Brian P. Guiney
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
       bguiney@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*

7649013