IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS OF WINSTON & STRAWN LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, David Neier, declare under penalty of perjury:

1.   I am a partner of Winston & Strawn LLP, located at 200 Park Avenue, New York, New York 10166 (the "Company").

2.   Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide certain legal services concerning (i) nuclear regulatory matters to Luminant Generation Company LLC ("Luminant"), and (ii) advertising counseling for TXU Energy Retail Company LLC ("TXU Energy Retail"), for which services are being provided, and the Company has consented to provide such services. Certain of the Company's services on nuclear regulatory matters are provided to Luminant as a member of certain utility groups, and Luminant pays an allocated portion of the fees and expenses billed for these services.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed except as follows: (i) representation of Paul, Weiss, Rifkind, Wharton & Garrison LLP as counsel to, and on behalf of, certain unaffiliated holders of first lien senior secured claims of Texas Competitive Electric Holdings Company LLC and certain of its subsidiaries as special nuclear regulatory counsel in connection with a proposed plan of reorganization (with the Debtors compensating the Company for such services); (ii) representation of Chicago Bridge & Iron Company, Inc. and its affiliate Shaw Maintenance, Inc. as counterparty to an executory contract with Luminant Generation Company LLC in connection with services provided to the Comanche Peak Nuclear Power Plant; (iii) representation of Key Bank, N. A. (as successor to Key Equipment Finance, Inc.) in connection with a 2005 rail lease for Texas Competitive Electric Holdings Company LLC (as successor to Texas Energy Future Holdings Limited Partnership), which is limited to monitoring matters specifically related to that entity and transaction; (iv) representation of a participant in the Debtors' ongoing marketing process of certain of the Debtors' assets.

4.      In addition, the Company has been asked to represent Duff & Phelps LLP in connection with the allegations set forth in the motions dated February 20, 2015 of (i) the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. [Docket No.

2

3605] ; (ii) the ad hoc group of certain holders of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by TCEH and TCEH Finance, Inc. [Docket No. 3603]; and (iii) the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, their direct and indirect subsidiaries, and EFH Corporate Services Company [Docket No. 3593].

5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

8. The Debtors owe the Company $ 5,353.70 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not a party to an agreement for indemnification with certain of the Debtors.

11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2015

_____
David Neier