## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re | ) | |
| | ) | Case No. 14-10979 (CSS) |
| ENERGY FUTURE | ) | |
| HOLDINGS CORP., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| *Debtors.* | ) | **Related D.I. 3527, 3673, 3675, 3678** |
| | ) | |
| | ) | |

**JOINT STATEMENT OF FIRST LIEN INDENTURE TRUSTEE AND SECOND LIEN INDENTURE TRUSTEE REGARDING (I) SECOND LIEN INDENTURE TRUSTEE'S (A) LIMITED OBJECTION TO DEBTORS MOTION FOR AUTHORITY TO PARTIALLY PREPAY THE SECOND LIEN NOTES AND (B) CROSS-MOTION TO MODIFY THE PROPOSED ORDER TO PROVIDE (1) THAT THE SECOND LIEN INDENTURE TRUSTEE IS NOT REQUIRED BY THE COLLATERAL TRUST AGREEMENT TO HOLD THE PARTIAL PREPAYMENT IN TRUST FOR FIRST LIEN NOTEHOLDERS OR (2) ALTERNATIVELY, THAT INTEREST CONTINUES TO ACCRUE UNDER THE SECOND LIEN INDENTURE; AND (II) MOTION TO FIX HEARING DATE ON AND SHORTEN TIME TO OBJECT OR RESPOND TO SUCH SUBMISSION**

Both (i) Delaware Trust Company, in its capacities (a) as indenture trustee (the "First Lien Indenture Trustee") for the 10% Senior Secured Notes Due 2020 issued by Energy Future Intermediate Holdings LLC ("EFIH") and EFIH Finance Inc. ("EFIH Finance") under that certain Indenture dated as of August 17, 2010 among EFIH, EFIH Finance and Delaware Trust Company (as successor to The Bank of New York Mellon Trust Company, N.A.), and (b) Collateral Trustee and (ii) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in its capacity as indenture trustee (the "Second Lien Indenture Trustee") for the second lien notes issued by EFIH and EFIH Finance pursuant to the Indenture dated as of April 25, 2011, and the First Supplemental Indenture dated as of February 6, 2012, by and through their respective undersigned counsel, hereby submit this statement (the "Statement") regarding (x) *Second Lien Indenture Trustee's (A) Limited Objection to Debtors Motion for*

*Authority to Partially Prepay the Second Lien Notes and (B) Cross-Motion to Modify the Proposed Order to Provide (1) That the Second Lien Indenture Trustee Is Not Required by the Collateral Trust Agreement to Hold the Partial Prepayment in Trust for First Lien Noteholders or (2) Alternatively, That Interest Continues to Accrue Under the Second Lien Indenture* [D.I. 3673] (the "Second Lien Objection and Cross Motion")[1] and (y) *Motion to Fix Hearing Date on and Shorten Time to Object or Respond to Second Lien Indenture Trustee's (A) Limited Objection to Debtors Motion for Authority to Partially Prepay the Second Lien Notes and (B) Cross-Motion to Modify the Proposed Order to Provide (1) That the Second Lien Indenture Trustee Is Not Required by the Collateral Trust Agreement to Hold the Partial Prepayment in Trust for First Lien Noteholders or (2) Alternatively, That Interest Continues to Accrue Under the Second Lien Indenture* [D.I. 3675] (the "Motion to Shorten").   In support thereof, the First Lien Indenture Trustee and Collateral Trustee and the Second Lien Indenture Trustee respectfully represent as follows:

## STATEMENT

1.     The Second Lien Objection and Cross Motion includes both (i) objections (the "Second Lien Paydown Objections") to the *Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order* [D.I. 3527] (the "Paydown Motion"), and (ii) a cross motion seeking certain findings relating to the pending Intercreditor Adversary Proceeding (the "Second Lien Cross Motion").   The Motion to Shorten

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Second Lien Objection and Cross Motion.

seeks to fix a hearing date and shorten the response deadline for the EFIH First Lien Indenture

Trustee and Collateral Trustee to respond to the Second Lien Cross Motion.

2.     The First Lien Indenture Trustee and Collateral Trustee has objections to the relief

requested in the Second Lien Cross Motion and Motion to Shorten (the "First Lien Objections").

3.     After discussions, the Debtors, the Second Lien Indenture Trustee, and the First

Lien Indenture Trustee and the Collateral Trustee have agreed to resolve the relief sought by the

Second Lien Cross Motion and the First Lien Objections through the submission and entry of

agreed orders in the main case and Intercreditor Adversary Proceeding.   In particular, the

Debtors have agreed to amend the proposed form of order granting the Motion (the "Paydown

Order"), to include the following provisions:

> The EFIH First Lien Trustee and the Collateral Trustee under the Collateral Trust Agreement (the "Collateral Trustee") consents to the Partial Repayment on the terms set forth in this Order.  The EFIH First Lien Trustee will amend the amended complaint in the adversary proceeding titled *CSC Trust Co. of Del. v. Computershare Trust Co.*, No. 14-50410 (Bankr. D. Del. June 20, 2014) (the "Intercreditor Adversary Proceeding") to address the Partial Repayment no later than March 31, 2015, subject to extension as agreed to by the EFIH Second Lien Trustee.
>
> At the election of the EFIH First Lien Trustee, any and all consideration (other than the Partial Repayment) paid after entry of this Order by any EFIH Debtor to the EFIH Second Lien Trustee, any EFIH Second Lien Noteholder, the Paying Agent under the Collateral Trust Agreement, or any other entity for the benefit of EFIH Second Lien Noteholders, on account of, or in connection with, the EFIH Second Lien Notes (collectively, the "Future Repayment Claims"), including, for the avoidance of doubt, distributions or other forms of consideration under any plan of reorganization (collectively, the "Future Distributions"), but only up to the amount of the Partial Repayment, shall be subject to the claims asserted in the Intercreditor Adversary Proceeding as though such Future Distributions were the same, in kind, nature, and all other legally relevant characteristics, as the Partial Repayment (including without limitation, the source of funds used to make the Partial Repayment).

All arguments and rights of the Collateral Trustee, Parity Lien Representative (as defined in the Collateral Trust Agreement), and holders of Parity Lien Obligations (as defined in the Collateral Trust Agreement) that would have applied to the Partial Repayment shall apply to all Future Distributions, until all claims of the EFIH First Lien Trustee or Collateral Trustee in the Intercreditor Adversary Proceeding are determined by Court order.  To the extent the EFIH First Lien Trustee shows in the Intercreditor Adversary Proceeding that it would have prevailed on any potential claims under the Collateral Trust Agreement with respect to the Partial Repayment but for the EFIH First Lien Trustee's agreement set forth in this Order to consent to the Partial Repayment, as reflected in a Court order or ruling in effect in such Intercreditor Adversary Proceeding, then the EFIH First Lien Trustee shall be entitled to relief under the Collateral Trust Agreement through turnover to the Collateral Trustee of Future Distributions in an amount agreed to or set by the Court, not to exceed the Partial Repayment; provided, however, any such turnover or right to payment shall be in the same form and nature of such Future Distributions (including in a pro-rata amount to the extent the Future Distributions are multiple forms of consideration).

To the extent the EFIH First Lien Trustee or Collateral Trustee is entitled to Future Distributions pursuant to the preceding paragraph, and to the extent appropriate election procedures are in place in coordination with the Debtors and the EFIH Second Lien Trustee, each EFIH Second Lien Noteholder may, in its discretion, elect to deliver its pro rata share (determined in reference to the outstanding amount of EFIH Second Lien Notes) of cash to the EFIH First Lien Trustee in lieu of its share of Future Distributions that would have otherwise been turned over to the Collateral Trustee.  For each Future Distribution, such election must be irrevocably exercised by prior written notice to the Debtors, the EFIH First Lien Trustee, the Collateral Trustee and the EFIH Second Lien Trustee no later than (i) thirty days prior to the reasonably anticipated effective date of a plan of reorganization or (ii) thirty days prior to a pre-plan distribution.  For purpose of determining the reasonably anticipated effective date of a plan of reorganization, either one of the EFIH First Lien Trustee or the EFIH Second Lien Trustee may provide notice to the other entity of when it reasonably anticipates such date will occur, and each consents to any disputes being resolved by the Bankruptcy Court.  Neither such election to deliver cash, nor any steps connected with such election (whether administrative, procedural or otherwise) shall affect in any way the right of the EFIH First Lien Trustee or Collateral Trustee to receive Future Distributions, except to the extent that the EFIH First Lien Trustee is in possession of such cash as a result of such elections, with no restrictions on distributions of such cash to holders of EFIH First Lien Notes (the "Distributable Cash").  For the avoidance of doubt,

except to the extent the EFIH First Lien Trustee is in possession of the Distributable Cash, there shall be no delay in the right of EFIH First Lien Trustee or Collateral Trustee to receive Future Distributions, as reduced by the amount of Distributable Cash, for any reason, including without limitation, as a result of disputes concerning the extent of the cash funding election or which EFIH Second Lien Notes had properly exercised the election.  For the avoidance of doubt, the EFIH First Lien Trustee and Collateral Trustee shall not retain both cash from any such election pursuant to this paragraph and Future Distributions attributable to the same EFIH Second Lien Noteholder who provided such cash.

This Order shall be without prejudice to any arguments that might be made by the parties in the Intercreditor Adversary Proceeding, provided that the EFIH Second Lien Trustee (and the EFIH Second Lien Noteholders and the Debtors, to the extent they intervene or elsewhere dispute the intercreditor issues) agree not to assert that the consent of the EFIH First Lien Trustee and Collateral Trustee to the Partial Repayment prejudices claims that any entity would have been entitled to turnover of such funds.  This Order shall not be considered a novation or waiver of rights under the indenture governing the EFIH First Lien Notes or the Collateral Trust Agreement (expect with respect to the Partial Repayment on the terms set forth in this Order), which shall remain in full force and effect.

A corresponding order shall be entered in the Intercreditor Adversary Proceeding containing the provisions of paragraphs [2-5] of this Order.

4.      As a result, the Second Lien Indenture Trustee will withdraw the Motion to Shorten and withdraws the request for the Court to consider the relief requested in the Second Lien Cross Motion (*See* Second Lien Cross Motion at ¶ 16 – 17).

5.      Notwithstanding the foregoing, the EFIH Second Lien Trustee's objections contained in Section IV "Other Objections" of the Second Lien Objection and Cross Motion have not been resolved, and thus remain pending and scheduled to be heard at the hearing before the Bankruptcy Court on March 10, 2015.

6.      To the extent that the Debtors pursue approval of a Paydown Order that does not include the provisions in paragraph 3 above, or if the Paydown Order entered does not contain such provisions or contains provisions inconsistent with the foregoing, the parties have agreed

that the EFIH Second Lien Trustee First Lien Indenture Trustee and the Collateral Trustee shall have the right to object to entry of such order and the EFIH Second Lien Trustee may renew the relief requested in its Second Lien Cross Motion and Motion to Shorten.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March 3, 2015

COLE SCHOTZ P.C.

/s/  J. Kate Stickles
Norman L. Pernick (DE 2290)          Warren A. Usatine
J. Kate Stickles (DE 2917)           25 Main Street,
500 Delaware Avenue, Suite 1410      P.O. Box 800
Wilmington, DE  19801                Hackensack, NJ 07602
Telephone:  302-652-3131             Telephone: 201-489-3000
Facsimile:  302-652-3117             Facsimile:  201-489-1536
npernick@coleschotz.com             wusatine@coleschotz.com
kstickles@coleschotz.com

   --and--

ROPES & GRAY LLP
Keith H. Wofford                     D. Ross Martin
Mark R. Somerstein                   Andrew G. Devore
1211 Avenue of the Americas          Prudential Tower
New York, NY 10036-8704             800 Boylston Street
Telephone: 212-596-9000             Boston, MA  02199-3600
Facsimile:  212-596-9090            Telephone: 617-951-7000
Keith.Wofford@ropesgray.com         Facsimile: 617-951-7050
Mark.Somerstein@ropesgray.com       Ross.Martin@ropesgray.com
                                    Andrew.Devore@ropesgray.com

   --and--

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile:  212-248-3141
James.Millar@dbr.com

*Counsel for Delaware Trust Company,*
*as indenture trustee and collateral trustee*

PACHULSKI STANG ZIEHL & JONES LLP

*/s/  Laura Davis Jones*
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
         rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Philip Bentley
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
         pbentley@kramerlevin.com
         jbrody@kramerlevin.com

*- and -*

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212-541-1114
Facsimile: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the Second Lien Trustee*

-8-