## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: D.I. 2896, 3211** |

### ORDER APPROVING THE STIPULATION BETWEEN THE DEBTORS AND ALLEN SHRODE REGARDING LIMITED MODIFICATION OF THE AUTOMATIC STAY IN ACCORDANCE WITH THE STIPULATION

Upon the *Stipulation Regarding Limited relief of the Automatic Stay* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit A**, and upon the record of this case and due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is approved.

2.      The automatic stay is modified solely on the terms set forth in the Stipulation.

3.      Notwithstanding anything else contained in this Order or the Stipulation to the contrary, Shrode shall retain his right to pursue any causes of action set forth in the Petition against Luminant and have the right to recover the proceeds of any insurance policy held by the

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Non-Debtor Defendants, or, if such coverage is insufficient, directly from Princess Three, where Luminant and/or any of its Debtor and non-Debtor affiliates are additional insureds to such insurance policy or the Non-Debtor Defendants have indemnified Luminant and/or its Debtor and non-Debtor affiliates in the event a judgment or settlement is entered in the State Court Action against Luminant; *provided*, that in the event a judgment or settlement is entered in the State Court Action against Luminant, Shrode shall only be permitted to pursue payment from (a) any insurance policy held by the Non-Debtor Defendants used to indemnify Luminant, including HDI-Gerling America Insurance Company policy number GK094000002-01 effective July 19, 2013, without further leave of this Court, to the extent that coverage is available and, (b) if such coverage is insufficient, directly from Princess Three; *provided further, however,* that neither Luminant and/or its Debtor and Non-Debtor affiliates shall have any obligation to satisfy any amounts due and owing for which funds are unavailable under any insurance policy held by the Non-Debtor Defendants, personally unavailable from Princess Three, or otherwise owed by any judgment or settlement, nor shall Luminant and/or its Debtor and non-Debtor affiliates have any obligation to seek any form of recovery from the Non-Debtor Defendants on behalf of Shrode.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this order.

5.      The stay of the Stipulation pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and the relief granted in the Stipulation is effective and immediately enforceable upon its entry.

6.      The Stipulation is fair and reasonable and entered into in good faith by the Parties.

RLF1 11604909v.1

7.      This Stipulation shall remain in full force and effect notwithstanding the conversion of the Debtors' chapter 11 cases to another chapter of the Bankruptcy Code.

8.      Nothing herein or in the Stipulation is intended to nor shall it affect the relief granted in the *Order Granting in Part Motion of Allen Shrode for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [D.I. 3211].

9.      The Court shall retain sole and exclusive jurisdiction to enforce the provisions of this Order.

Dated: March _____, 2015
      Wilmington, Delaware

                                         _____
                                         THE HONORABLE CHRISTOPHER S. SONTCHI
                                         UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION BETWEEN THE DEBTORS AND
## ALLEN SHRODE REGARDING LIMITED RELIEF OF THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and

Allen Shrode ("Shrode") hereby enter into this stipulation (this "Stipulation"), and stipulate and

agree as follows.

WHEREAS, on December 2, 2013, Debtor Oak Grove Management Company LLC, a

subsidiary of Luminant (defined below), entered into a contract (the "Contract") with Non-

Debtor Defendant Princess Three Operating, LLC ("Princess Three") to provide certain services;

WHEREAS, pursuant to the Contract, Princess Three will defend, protect, indemnify, and

hold harmless Luminant and its affiliates against any and all claims, including personal injury, ,

arising from an incident related to the services provided by Princess Three under the Contract

like those occurring during the time of Shrode's alleged injuries;

WHEREAS, on April 24, 2014, Shrode filed an original petition (the "Petition") in the

District Court of Dallas County, Texas (Cause No. DC-14-04399) against  Luminant Energy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, and Luminant Renewables Company LLC (together with Debtor Oak Grove Management Company LLC, "Luminant") and unaffiliated non-Debtor defendants Princess Three Corp., Princess Three, and R Construction Company (collectively, the "Non-Debtor Defendants"), alleging workplace injuries that occurred on a Luminant site, attached hereto as **Exhibit 1** (the "State Court Action");

WHEREAS, after extensive correspondence and discussions between Luminant and Princess Three, Princess Three has agreed to indemnify Luminant and its affiliates in the State Court Action (the "Indemnification Tender");

WHEREAS, on April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), effectively staying the State Court Action;

WHEREAS, the Debtors and Shrode, as parties to this Stipulation (the "Parties"), engaged in negotiations in connection with modification of the automatic stay, allowing Shrode to pursue the State Court Action;

WHEREAS, the Parties have determined that this Stipulation as set forth herein is fair and reasonable; and

WHEREAS, the Debtors have determined that such compromise is in the best interests of the Debtors, the Debtors' estates, and their creditors.

NOW, THEREFORE, it is hereby stipulated by and among the Parties:

1.      The Parties agree the automatic stay shall be modified solely as to Luminant to permit Shrode to adjudicate the State Court Action and liquidate his claims against Luminant on the terms set forth herein; *provided*, that to the extent necessary, the stay is modified to permit

2

Shrode to amend the Petition to name Oak Grove Management Company LLC as an additional defendant.

2.      The effect of this Stipulation is limited solely to permit the adjudication of claims set forth in the State Court Action, and Shrode shall take no further action to collect, liquidate, or foreclose against Luminant's property or the property of any affiliated Debtors for the duration of the Debtors' cases without further leave of this Court.

3.      In the event Princess Three or its insurer rescinds or otherwise refuses to act on the Indemnification Tender following entry of the Order, the automatic stay shall immediately be reinstated; *provided, however*, that in the event that the automatic stay is reinstated pursuant to this paragraph, it shall not prejudice Shrode's ability to again seek relief from the automatic stay.

4.      Notwithstanding anything else contained in this Stipulation to the contrary, Shrode shall retain his right to pursue any causes of action set forth in the Petition against Luminant and have the right to recover the proceeds of any insurance policy held by the Non-Debtor Defendants, or, if such coverage is insufficient, directly from Princess Three, where Luminant and/or any of its Debtor and non-Debtor affiliates are additional insureds to such insurance policy or the Non-Debtor Defendants have indemnified Luminant and/or its Debtor and non-Debtor affiliates in the event a judgment or settlement is entered in the State Court Action against Luminant; *provided*, that in the event a judgment or settlement is entered in the State Court Action against Luminant, Shrode shall only be permitted to pursue payment from (a) any insurance policy held by the Non-Debtor Defendants used to indemnify Luminant, including HDI-Gerling America Insurance Company policy number GK094000002-01 effective July 19, 2013, without further leave of this Court, to the extent that coverage is available and, (b) if such coverage is insufficient, directly from Princess Three; *provided further, however,* that

3

neither Luminant and/or its Debtor and Non-Debtor affiliates shall have any obligation to satisfy any amounts due and owing for which funds are unavailable under any insurance policy held by the Non-Debtor Defendants, personally unavailable from Princess Three, or otherwise owed by any judgment or settlement, nor shall Luminant and/or its Debtor and non-Debtor affiliates have any obligation to seek any form of recovery from the Non-Debtor Defendants on behalf of Shrode.

5.      Notwithstanding anything in this Stipulation to the contrary, in the event Princess Three or its insurer rescinds or otherwise refuses to act on the Indemnification Tender following entry of the Order, Shrode may seek approval and/or relief from the appropriate court to pursue Luminant's indemnification rights.  No reinstatement of the automatic stay, plan injunction, or anything contained herein shall be deemed as a waiver of Shrode's right to pursue Luminant's indemnification rights in the event Princess Three or its insurer rescinds or otherwise refuses to act on the Indemnification Tender following entry of the Order.

6.      Notwithstanding anything in this Stipulation to the contrary, the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect with respect to any self-insured retention, deductible, obligation to post any security or deposit with an applicable insurer ("Insurer") pursuant to the terms of any insurance policy or otherwise, defense costs, or any other costs of any kind, including any claims by Insurers, other insurance companies, or other parties asserting claims against Luminant and/or its Debtor and non-Debtor affiliates, their estates, or their successors related to the State Court Action due to the limited relief of the automatic stay provided herein.

7.      Any and all proofs of claim filed by Shrode and any and all claims scheduled by the Debtors pursuant to section 502 of the Bankruptcy Code with respect to the State Court

Action in these chapter 11 cases are hereby deemed withdrawn with prejudice, and Shrode shall not be entitled to receive any distributions from the Debtors in these chapter 11 cases under a plan of reorganization or otherwise on behalf of such claim(s). Shrode further waives his rights to assert future claims and releases any existing claims related to the State Court Action in these chapter 11 cases against Luminant and/or its Debtor and non-Debtor affiliates.

8.      Shrode shall file a notice of this Stipulation in the court in which the State Court Action is pending within five (5) business days after the entry of an order by the Bankruptcy Court approving this Stipulation.

9.      The Debtors are not waiving, and shall not be deemed to have waived, any available defenses, including at law, equity, or otherwise with respect to the State Court Action.

10.      Nothing in this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against another Party, including with respect to any claims or rights arising from or related to the State Court Action. No negotiations or writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against another Party, including with respect to any claims or rights arising from or relating to the State Court Action.

11.      Each of the Parties hereto represents and warrants that: (a) it is duly authorized to enter into and be bound by this Stipulation; and (b) it is represented by counsel and has full knowledge of, and has consented to, this Stipulation.

12.      This Stipulation shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

13.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

14.     This Stipulation shall be effective upon entry of an order by the Bankruptcy Court in form and substance reasonably acceptable to the Parties approving this Stipulation.

15.     The Parties agree that any stay of this Stipulation pursuant to Bankruptcy Rule 4001(a)(3) should be waived and the relief granted be effective and immediately enforceable upon entry of an order by the Bankruptcy Court approving this Stipulation.

16.     The Parties agree that this Stipulation shall remain in full force and effect notwithstanding the conversion of the Debtors' chapter 11 cases to another chapter of the Bankruptcy Code.

17.     The Parties agree that the Bankruptcy Court should retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Stipulation.

*[Signatures follow.]*

6

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.*
DEBTORS AND DEBTORS-IN-POSSESSION

By:     */s/ Jason M. Madron*
        **RICHARDS, LAYTON & FINGER, P.A.**
        Mark D. Collins (No. 2981)
        Daniel J. DeFranceschi (No. 2732)
        Jason M. Madron (No. 4431)
        920 North King Street
        Wilmington, Delaware 19801
        Telephone:    (302) 651-7700
        Facsimile:    (302) 651-7701
        Email:        collins@rlf.com
                      defranceschi@rlf.com
                      madron@rlf.com

        -and-

        **KIRKLAND & ELLIS, LLP**
        **KIRKLAND & ELLIS INTERNATIONAL LLP**
        Edward O. Sassower, P.C. (admitted *pro hac vice*)
        Stephen E. Hessler (admitted *pro hac vice*)
        Brian E. Schartz (admitted *pro hac vice*)
        601 Lexington Avenue
        New York, New York 10022-4611
        Telephone:    (212) 446-4800
        Facsimile:    (212) 446-4900
        Email:        edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com

        -and-

        James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
        Marc Kieselstein, P.C. (admitted *pro hac vice*)
        Chad J. Husnick (admitted *pro hac vice*)
        Steven N. Serajeddini (admitted *pro hac vice*)
        300 North LaSalle
        Chicago, Illinois 60654
        Telephone: (312) 862-2000
        Facsimile: (312) 862-2200
        Email:        james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

        *Co-Counsel to the Debtors and Debtors in Possession*

ALLEN SHRODE

By:    _/s/ David W. Carickhoff_____
       **ARCHER & GREINER P.C.**
       David W. Carickhoff (No. 3715)
       300 Delaware Avenue, Suite 1370
       Wilmington, Delaware 19801
       Telephone:    (302) 356-6621
       Facsimile:    (302) 777-4352
       Email:        dcarickhoff@archerlaw.com

       -and-

       **JOHNSON HOBBS SQUIRES LLP**
       Ryan C. Johnson, Esq.
       1105 Wooded Acres Drive, Suite 701
       Waco, Texas 76710
       Telephone:    (254) 732-2242
       Facsimile:    (866) 627-3509
       Email:        rjohnson@jhsfirm.com

       *Co-Counsel to Allen Shrode*

**Exhibit 1**

**State Court Action**

FILED
DALLAS COUNTY
4/24/2014 2:08:32 PM
GARY FITZSIMMONS
DISTRICT CLERK

Smith Gay

7 CIT/ ATTY

CAUSE NO. _____  DC-14-04399

| | | |
|---|---|---|
| ALLEN SHRODE, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| LUMINANT ENERGY COMPANY LLC, | § | |
| LUMINANT GENERATION COMPANY LLC, | § | |
| LUMINANT MINING COMPANY LLC, | § | |
| LUMINANT RENEWABLES COMPANY LLC, | § | |
| PRINCESS THREE CORPORATION, | § | |
| PRINCESS THREE OPERATING LLC, AND | § | |
| R CONSTRUCTION COMPANY, | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, **ALLEN SHRODE** ("Plaintiff" or "Shrode"), files this its Original Petition and Request for Disclosure against Defendants, **LUMINANT ENERGY COMPANY LLC, LUMINANT GENERATION COMPANY LLC, LUMINANT MINING COMPANY LLC, LUMINANT RENEWABLES COMPANY LLC** (collectively, the "Luminant Defendants" or "Luminant"), and **PRINCESS THREE CORPORATION, PRINCESS THREE OPERATING LLC** (collectively, the "Princess Defendants" or "Princess"), and **R CONSTRUCTION COMPANY** ("Defendant" or "R Construction") and would respectfully show the Court as follows:

### I.    DISCOVERY

1.    Discovery in this suit is to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II.    PARTIES

2.      Plaintiff is an individual citizen of the State of Texas and resides in Limestone County with his principal address located at 272 LCR 399, Groesbeck, Texas 76642.

3.      Defendant Luminant Energy Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201. It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant Luminant Generation Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201. It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      Defendant Luminant Mining Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201. It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Defendant Luminant Renewables Company LLC is a Texas limited liability company with its principal address located at 1601 Bryan Street, Dallas, Texas 75201. It may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Defendant Princess Three Corporation is a Texas for-profit corporation with its principal place of business located at P.O. Box 1983, Henderson, Texas 75653. It may be served with process by serving its registered agent, Donna Flaherty, located at 2400 State Highway 322 North, Henderson, Texas 75652.

8.      Defendant Princess Three Operating LLC is a Texas limited liability company with its principal place of business located at P.O. Box 1983, Henderson, Texas 75653. It may be served with process by serving its registered agent, Donna Lattanzi, located at 2400 State Highway 322 North, Henderson, Texas 75652.

9.      Defendant R Construction Company is a Texas for-profit corporation with its principal place of business located at P.O. Box 189, Buffalo, Texas 75831. It may be served with process by serving its registered agent, Thomas J Howell, located at 3710 Rawlins Street, Suite 950, Dallas, Texas 75219.

### III.    JURISDICTION AND VENUE

10.      This Court has jurisdiction over Defendants because they are generally present in the State of Texas and have committed torts in whole or in part in Texas.

11.      Venue is proper in Dallas County because this is where all or substantially all of the events in question occurred and/or because it is the county of one or more of the named defendants' principle office in this state. TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(3), 15.005 (Vernon 1986).

### IV.    FACTS

12.      Luminant is the owner and/or operator of an oil and gas well (the "Well") located on the Kosse Mine in Limestone County, Texas. On information and belief, Luminant hired Princess and/or R Construction to perform work on the Well site. At Luminant's direction, Princess provided, among other things, a workover rig and other construction equipment on the Well site.

13.      On or about January 10, 2014, Defendants began to plug and abandon several oil and gas wells, including the Well at issue, at the Kosse Mine (the "plug and abandon project"). As part of the plug and abandon project, Plaintiff was asked by Princess and/or R Construction to perform certain welding cuts on the Well's casing and/or piping, underneath the wellhead.

14.     Prior to making the welding cuts, Princess and/or Luminant dug a bell hole approximately five feet deep surrounding the Well. Defendants requested that Plaintiff climb into the bottom of the bell hole and required that Plaintiff cut portions of the Well's casing and/or piping in an attempt to separate the Well head from the remainder of the Well. While Plaintiff was performing the weld cuts, Defendants were supposed to be holding the wellhead in place using certain chains and mechanical equipment and/or heavy machinery.

15.     While Plaintiff cut the casing and/or piping of the Well, the wellhead and upper casing tipped over onto Plaintiff, crushing his face and body into the ground and trapping him inside the bell hole. As a result of the falling casing and/or wellhead, Plaintiff's pelvis, back, ribs, shoulder and head were crushed and Plaintiff was asphyxiated. Plaintiff was further injured in Defendants' attempted extrication of Plaintiff from the bell hole.

16.     For these and related reasons, Defendants should be made liable to Plaintiff for its damages.

### V. NEGLIGENCE OF THE PRINCESS DEFENDANTS AND R CONSTRUCTION

17.     Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

18.     The Princess Defendants and R Construction, by and through their officers, employees, agents and representatives, violated their duty of care and on the occasion in question, committed acts of omission and/or commission in the management, oversight, operation, inspection of the Well and operation of mechanical equipment at the Well site, which collectively and severally, constitute negligence. Defendants' negligent acts and omissions include without limitation the following:

    (1)    Princess and R Construction negligently and carelessly operated mechanical equipment at the Well site;

    (2)    Princess and R Construction negligently and carelessly managed the plug and abandon project at the Well site;

(3)    Princess and R Construction negligently and carelessly maintained and inspected the Well head during the plug and abandon project;

(4)    Princess and R Construction negligently and carelessly performed safety inspections and oversight of the plug and abandon project;

(5)    Princess and R Construction negligently and carelessly applied safety policies and procedures during the plug and abandon project on the Well site;

(6)    Princess and R Construction negligently and carelessly selected and monitored its agents or contractors responsible maintaining the Well head during the plug and abandon project;

(7)    Princess and R Construction negligently and carelessly allowed the Well head and/or Well casing to fall onto Plaintiff;

(8)    Princess and R Construction negligently and carelessly failed and/or omitted to warn Plaintiff of the falling Well head and/or Well casing;

(9)    Princess and R Construction negligently and carelessly supervised its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well; and

(10)   Princess and R Construction negligently and carelessly trained its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well.

19.    The above-referenced conduct independently and/or in conjunction was/were a proximate cause of the Plaintiff's damages for which it seeks compensation in this suit.

## VI. NEGLIGENCE OF THE LUMINANT DEFENDANTS

20.    Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

21.    The Luminant Defendants, by and through their officers, employees, agents and representatives, violated its duty of care and on the occasion in question, committed acts of omission and/or commission in the design, management, oversight, inspection and operation of the plug and abandon project on the Well, which collectively and severally, constitute negligence. Defendants' negligent acts and omissions include without limitation the following:

(1)    Luminant negligently and carelessly designed the plug and abandon project;

(2)    Luminant negligently and carelessly managed the plug and abandon project;

(3)     Luminant negligently and carelessly maintained and inspected the Well site prior to the plug and abandon project;

(4)     Luminant negligently and carelessly performed safety inspections and oversight on the plug and abandon project;

(5)     Luminant negligently and carelessly applied safety policies and procedures on the plug and abandon project;

(6)     Luminant negligently and carelessly selected and monitored its agents or contractors responsible for maintaining and inspecting the plug and abandon project;

(11)    Luminant negligently and carelessly allowed the Well head and/or Well casing to fall onto Plaintiff;

(12)    Luminant negligently and carelessly failed and/or omitted to warn Plaintiff of the falling Well head and/or Well casing;

(13)    Luminant negligently and carelessly supervised its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well; and

(14)    Luminant negligently and carelessly trained its employees and/or agents responsible for the management, supervision and operation of the plug and abandon project on the Well.

22.     The above-referenced conduct independently and/or in conjunction was/were a proximate cause of the Plaintiff's damages for which it seeks compensation in this suit.

## VII.    GROSS NEGLIGENCE

23.     Plaintiff hereby incorporates all preceding paragraphs and further allege as follows.

24.     Defendants knowingly, willfully, and maliciously designed, supervised and managed the plug and abandon project on the Well in an outrageous and extremely dangerous manner in total disregard of the rights and safety of Plaintiff Shrode.

25.     Defendants knew or should have known that their dangerous and outrageous design, supervision and management of the plug and abandon project on the Well would cause injuries and death. This behavior has resulted in unnecessary injuries to Plaintiff.

26.     The conduct of Defendants was deliberate, conscious, reckless, intentional, malicious and grossly negligent, and such conduct was a proximate and producing cause of the damages claimed herein. Accordingly, Plaintiff seeks and is entitled to recover punitive or exemplary damages in addition to their compensatory damages.

## VIII. RESPONDEAT SUPERIOR

27.     Under the doctrine of respondeat superior, Defendants are vicariously liable for the actions of its agents and employee(s) who were acting within the course and scope of employment with Defendants.

## IX. CONDITIONS PRECEDENT

28.     All conditions precedent have been performed or have occurred.

## X. DAMAGES

29.     Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

30.     As a direct and proximate result of the foregoing events, Plaintiff has suffered serious, permanent and disabling injuries. These injuries have resulted in damages to him in the past, and will continue to result in damages in the future.

31.     Specifically, Plaintiff has suffered, and will continue to suffer, the following elements of damages, for which suit is now brought:

A. Medical expenses in the past and which in reasonable probability will be sustained in the future;

B. Cost of household services in the past and which in reasonable probability will be sustained in the future;

C. Lost earning capacity sustained in the past and which in reasonable probability will be sustained in the future;

D. Physical pain and suffering in the past and which in reasonable probability will be sustained in the future;

E. Mental anguish in the past and which in reasonable probability will be sustained in the future;

F. Disfigurement in the past and which in reasonable probability will be sustained in the future; and

G. Physical impairment in the past and which in reasonable probability will be sustained in the future.

## XI.    EXEMPLARY DAMAGES

32.    Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

33.    The negligence of Defendants described above was of such a character as to make Defendants guilty of gross negligence. As a result of gross negligence by Defendants, Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## XII.    REQUEST FOR DISCLOSURE TO DEFENDANTS

34.    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are requested to disclose, within fifty (50) days of service of this request, any and all information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a)-(l).

## XIII.    JURY DEMAND

35.    Plaintiff demands a jury trial and tendered the appropriate fee with its Original Petition and Request for Disclosure.

## XIV. PRAYER

WHEREFORE, Plaintiff prays that, upon trial of this case, the Court enter a judgment in its favor against Defendants and that it have the following relief:

1.    Actual damages;

2.    Exemplary or Punitive damages;

3.    Prejudgment and post judgment interest;

4.    Costs of suit; and

5.    All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,


**BEARD KULTGEN BROPHY**
**BOSTWICK DICKSON & SQUIRES, LLP**


/s/ Ryan C. Johnson
_____

Rod S. Squires
State Bar No. 18979300
Ryan C. Johnson
State Bar No. 24048574
220 South Fourth Street
Waco, Texas 76701
(254) 776-5500
(254) 776-3591 (facsimile)
squires@thetexasfirm.com
johnson@thetexasfirm.com

John LeJeune
State Bar No. 24034538
**LAW OFFICES OF ZIMMERMAN,**
**ZIMMERMAN, COTNER & LEJEUNE**
A Professional Corporation
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (facsimile)


**ATTORNEYS FOR PLAINTIFF**
**ALLEN SHRODE**