IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) ) | **Re: D.I. 3218, 3354** |

**DEBTORS' REPLY TO THE RESPONSE OF GARY WALDREP
TO DEBTORS' SEVENTH OMNIBUS (SUBSTANTIVE)
OBJECTION TO CERTAIN NO LIABILITY CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") to the response filed by Gary Waldrep (the "Claimant") on January 23, 2015 [D.I. 3354] (the "Response") to the *Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 3218] (the "Objection").[2] In support of such Reply, the Debtors respectfully state as follows.

**Argument**

1.  Claimant filed a Proof of Claim [POC No. 9658] for more than $128 billion comprising (a) $63.73 in property damage (the "Property Damage Claim"); and (b) a $64 billion

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

RLF1 11610590v.1

unsecured claim and $64 billion priority claim, each for "personal injury for continued denial of the Constitutionally guaranteed right of just compensation" (the "Just Compensation Claim," and together with the Property Damage Claim, the "Claims").  Both Claims relate to an alleged malfunction of an electric transformer operated by Texas Electric Company ("TESCO")—a predecessor to Debtor Energy Future Competitive Holdings Company LLC—that Claimant alleges occurred on January 26, 1982.[3]

2. The Court should sustain the Debtors' objection to the Claims because, based on the Claimant's admissions on the face of the Proof of Claim, the Claims are: (a) barred by res judicata and (b) time-barred.

**A.   The Claimant is Precluded From Reasserting Claims That Were Fully and Finally Adjudicated in 1984.**

3. "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992).

4. Here, the Claimant admits on the face of the Proof of Claim that he pursued his claim for the alleged damages, resulting in a civil suit hearing in front of a Justice of the Peace in

---

[3] The Proof of Claim lists all of the Debtor entities as liable for the asserted claims.  Upon review of the Charter of Texas Electric Service Company; Articles of Merger of Dallas Power & Light Company, Texas Electric Service Company, Texas Power & Light Company with and into Texas Utilities Electric Company; Articles of Incorporation of Texas Utilities Electric Company; Articles of Amendment to the Articles of Incorporation of Texas Utilities Electric Company; the Second Amended and Restated Articles of Incorporation of TXU US Holdings Company; the Second Amended and Restated Articles of Incorporation of Energy Future Competitive Holdings Company; and the Certificate of Conversion for Energy Future Competitive Holdings Company LLC, attached hereto as, respectively, **Exhibit A**, **Exhibit B**, **Exhibit C**, **Exhibit D**, **Exhibit E**, **Exhibit F**, and **Exhibit G**, the Debtors have confirmed that TESCO was a predecessor entity of  Energy Future Competitive Holdings Company LLC.  Therefore, while the Debtors believe that none of the debtor entities are liable for the asserted claims, if the Court were to hold that some liability does exist, that liability would exist solely against Energy Future Competitive Holdings Company LLC.

RLF1 11610590v.1

Precinct 4, Dallas County in 1984 (the "1984 Adjudication").[4] The Debtors were unable to locate documents concerning this thirty-one-year-old civil suit and hearing despite reasonable efforts to do so. Nevertheless, the Debtors have taken these alleged facts to be true for the purposes of this Reply. Because the Claimant admits to having received a final ruling on the Claims in a Texas proceeding, the Claimant is prohibited from reasserting his Claims in these bankruptcy proceedings. *U.S. v. 5 Unlabeled Boxes*, 572 F.3d 169, 176 (3d Cir. 2009) (stating that litigant had full opportunity to litigate its challenge to a final ruling and affirming the order of the lower court on the basis that the appeal "founders on the shoals of res judicata"); *Courteau v. U.S.*, 2008 WL 2871676, at *1 (3d Cir. 2008) (stating that dismissal of plaintiff's complaint in prior action constituted final judgment on the merits for res judicata purposes); *In re American MetroComm Corp.*, 303 B.R. 32, 34 (Bankr. D. Del. 2003) (finding that for purposes of res judicata, a final judgment occurred when the lower court dismissed the plaintiff's case).

5.   The Claimant appears to contend that there is a basis for "resurrecting the original claim" because (a) the claim has never been paid and (b) the 1984 Adjudication was "illegal and unconstitutional."[5] The Claimant, however, asserts no legal or constitutional principle that would resurrect the Claims thirty years later. If there were defects in the 1984 Adjudication, as the Claimant asserts, the appropriate avenue to address such defects would have been an appeal from the original judgment in the 1984 Adjudication. *See In re James*, 940 F.2d 46, 52 (3d Cir. 1991) ("[O]nce validly entered in a court of competent jurisdiction, a judgment is considered valid until overturned or vacated by that court or an appellate court with supervisory powers over that court's system."); *In re Uni-Marts LLC*, 405 B.R. 113 (Bankr. D. Del. 2009) (stating that it is

---

[4] *See* Proof of Claim, at * 7 (stating that the Justice of the Peace "was ruling in the Company's favor").

[5] *See* Response, at *1.

RLF1 11610590v.1

"well settled that a final judgment in a civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding"); *Keitges v. Domina Law Grp., PC LLO*, No. 8:08CV319, 2009 WL 2876225, at *1 (D. Neb. Sept. 4, 2009) (noting that if a plaintiff disagrees with the court's ruling, he should file an appeal); *Fallon v. U.S. Attorney*, No. C 96-3425 FMS, 1996 WL 557734, at *1 (N.D. Cal. Sept. 26, 1996) (same); *Robinson v. Long*, No. 93 C 6554, 1994 WL 374260, at *3 (N.D. Ill. July 12, 1994) (same).

6.      Accordingly, the Claims are barred by res judicata and must be disallowed with prejudice.

**B.      The Claims are Time-Barred.**

7.      A statute of limitations is the time period during which a plaintiff must file suit or the cause of action will be barred.  *See Etan Indus. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2012).  It runs from the time an alleged injury or damage occurs and is set by a statute.  *See SV v. RV*, 933 S.W.2d 1, 3 (Tex. 1996) ("The enactment of statutes of limitations is, of course, the prerogative of the Legislature.").  Expiration of the statute of limitations extinguishes the underlying cause of action.  *See The Upjohn Co. v. Freeman*, 885 S.W.2d 538, 541 (Tex. App. Dallas 1994).

8.      Under Texas law, there is a two-year statute of limitations for personal property damage claims.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2002).[6]  Likewise, any claim for "Just Compensation" under section 1983 of title 42 of the United States Code is subject to a similar two-year statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that

---

[6] According to the Proof of Claim and materials attached thereto, the Claimant ostensibly asserts a property damage claim.  In the event that he is attempting to assert claim for breach of contract, fraud, or negligence, such claims would likewise be barred by the respective statutes of limitations.  Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2002) (setting a four-year statute of limitations for breach of contract and fraud causes of action). General negligence claims fall under § 16.003 of the Texas Civil Practice Code, which provides for a two-year statute of limitations.

state law statute of limitations for personal injury claim governs section 1983 claims); Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2002).  Thus, the Claimant's time to bring a claim for property damage or just compensation expired more than 30 years ago in 1984 or, at best, 1986 (two years after the 1984 Adjudication).  *See Upjohn*, 885 S.W.2d at 542 (holding that a limitations period begins to run when a claim accrues, which is the time at which damages are sustained).

9.  Accordingly, the Claims are time-barred and must be disallowed with prejudice.

### Reservation of Rights

10.  The Debtors take the facts alleged in the Proof of Claim as true for purposes of this Reply to demonstrate that, even if all facts alleged by the Claimant are taken as true, the Claimant still fails to establish *prima facie* validity of the Claims asserted in the Proof of Claim.  To the extent the Court does not dismiss these Claims as a matter of law, the Debtors reserve their right to refute the facts as alleged by Claimant, take discovery, and file additional pleadings.

11.  Moreover, to the extent the Claimant argues that there has been a "taking" under the U.S. Constitution, such claims are wholly without merit.  There is no evidence to support that TESCO acted intentionally or as an "arm of the state" as would be necessary to support a cause of action under section 1983 of title 42 of the United States Code.  *See Columbia Basin Orchard v. United States*, 132 F. Supp. 707, 709 (Ct. Cl. 1955) (stating that to constitute a taking, there must "have been an ***intent*** on the part of the defendant to take [the] plaintiff's property or an ***intention*** to do an act the natural consequence of which was to take its property") (emphasis added); *Earnest v. United States*, 33 Fed. Cl. 341, 344 (1995) (stating that "takings result only from authorized acts of government officials"); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (stating that for regulated entities, the takings analysis requires an inquiry as to "whether there is a sufficiently close nexus between the State and the challenged action of the regulated

5

entity so that the action of the latter may be fairly treated as that of the State itself"). Moreover, there is no evidence to support any portion of the Claims, let alone the more than $128 billion of damages asserted in the Proof of Claim.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in the Objection and granting such other and further relief as is appropriate under the circumstances.

Dated: March 5, 2015
      Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*