Page 1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4

5    In re:                          :

                                      :    Chapter 11

6    ENERGY FUTURE HOLDINGS           :

     CORP., et al.,                   :    Case No. 14-10979(CSS)

7                                      :

              Debtors.                :    (Jointly Administered)

8    _____ :

9

10

11                              United States Bankruptcy Court

12                              824 North Market Street

13                              Wilmington, Delaware

14

15

16                              March 4, 2015

17                              10:02 AM

18

19

20

21    B E F O R E :

22    HON CHRISTOPHER S. SONTCHI

23    U.S. BANKRUPTCY JUDGE

24

25    ECR OPERATOR:  LESLIE MURIN

1    HEARING re Telephonic Scheduling Conference

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South

```
 1   A P P E A R A N C E S :
 2   KIRKLAND & ELLIS
 3        Attorney for the Debtors
 4
 5   BY:  BRIAN SCHARTZ, ESQ. (TELEPHONIC)
 6        APARNA YENAMANDRA, ESQ. (TELEPHONIC)
 7        RICHARD HOWELL, ESQ. (TELEPHONIC)
 8        BRETT MURRAY, ESQ. (TELEPHONIC)
 9        JASON M. MADRON, ESQ. (TELEPHONIC)
10
11   UNITED STATES DEPARTMENT OF JUSTICE
12        Attorney for the U.S. Trustee
13
14   BY:  ANDREA B. SCHWARTZ, ESQ. (TELEPHONIC)
15
16   ALSO PRESENT TELEPHONICALLY:
17   NIL-AMAR AMAMOO
18   MATTHEW BROD
19   JEREMY COFFEY
20   HOWARD A. COHEN
21   JUSTIN EDELSON
22   JAMIE EDMONSON
23   KENT COLLIER
24   JEFFREY M. SCHLERF
25   NED S. SCHODEK
```

1    GREGORY TAYLOR

2    ANDREW M. THAU

3    CHRISTOPHER A. WARD

4    BRADY C. WILLIAMSON

5    BERET FLOM

6    CHARLES GARRISON

7    DANIEL J. HARRIS

8    CHARLES KOSTER

9    ALEXA J. KRANZLEY

10   RAYMOND LEMISCH

11   CATHERINE LOTEMPIO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  Good morning, everybody, this is

3        Sontchi.  I hope everyone is well.

4              We are here for a status -- well, I guess the best

5        way to describe it would be a scheduling conference in

6        connection with debtors' motion for authorization to enter

7        into a long-term power purchase agreement.

8              So, I'll turn it over to debtors' counsel.

9              MR. SCHARTZ:  Good morning, Your Honor, it's Brian

10       Schartz from Kirkland & Ellis on behalf of the debtors.

11             We did file --

12             THE COURT:  I'm going to interrupt actually.  I am

13       sorry, I'm going to interrupt, because I know it was filed

14       under seal and I know we have members of the press on the

15       line, so I just want to caution counsel that pending any

16       decision on whether it should continue to be under seal the

17       matter is considered under seal, so we need to act

18       accordingly with our recitations on the record.

19             MR. SCHARTZ:  Understood.  And appreciate that.

20       So again, Brian Schartz from Kirkland & Ellis on behalf of

21       the debtors.

22             We did file the motion last Friday, and we've been

23       working hard prior to that point to talk to all of the key

24       creditors about the relief requested on a non-confidential

25       basis with their professionals and for the T committee --

1    with the T committee's members.

2            There is a timing aspect to this, which is the

3    agreement that the company wants to enter into needs to be

4    approved by the bankruptcy court by March 31st, and that

5    timing aspect also has some confidential nature, so I won't

6    get into more detail of it.

7            I have spoken briefly with the Office of the

8    United States Trustee about the relief.  I can't say that

9    there's an agreement on what we're seeking, but if anyone is

10   going to have an issue I would suspect it's them, and I'm

11   working to schedule a meeting with their office and

12   management to have a more detailed conversation than what's

13   in the paper, and I'm hoping that'll happen this week.  But

14   I can't say today whether or not it will be resolved.  I can

15   say, you know, we're going to try and do what we always do

16   with the U.S. Trustee and try and resolve it if we can.

17           So our ideal timing for this all to be heard would

18   be March 30th, which we previously set aside for the

19   Greenhill retention application, and that is now resolved.

20   So in an ideal world we would like to slot this motion, both

21   the standing and -- or sealing motion and the approval

22   motion for March 30th.

23           THE COURT:  Do you -- I guess we anticipate

24   meeting some time because it's possible there'll be evidence

25   that needs to be put before the Court.

1          MR. SCHARTZ:  Correct, but I don't anticipate

2    we'll go more than a couple hours.

3          THE COURT:  I've heard that before.

4          All right.  And this would be for both the motion

5    itself and the motion to seal.

6          MR. SCHARTZ:  Correct.

7          THE COURT:  Have you filed the motion to seal?

8          MR. SCHARTZ:  We have.

9          THE COURT:  Okay.  I didn't have a copy of that in

10   front of me.  I just was -- wanted to make sure that that

11   was the case.

12         Does anyone wish to be heard in connection with

13   the matter?

14         MS. SCHWARTZ:  Your Honor, this is Andrea Schwartz

15   from the U.S. Trustee.

16         I just wanted to confirm that Mr. Schartz had

17   reached out to us yesterday and we're going to have

18   discussions concerning their seal motion.

19         THE COURT:  Do you have any objection to the

20   timing?

21         MS. SCHWARTZ:  No, we do not, Your Honor.

22         THE COURT:  Okay.  Anyone else?

23         All right.  This will be nice and brief.  I'm glad

24   we were able to already have time on the calendar.  As some

25   of you probably now who have tried to arrange hearings the

1   next several months are extremely challenging.  I have a lot

2   of commitments, and it's very difficult to find any kind of

3   hearing time, so if you get -- if you're able to get a

4   hearing protect it with your life, because you might not get

5   another one for a while.  But in any event I will hear this

6   matter at or on March 30th at 11 a.m.

7            We currently had set aside five hours, so I will

8   continue to hold the entire five hours for this matter just

9   to be assured that we can do everything we can if

10  appropriate to approve it in a timely manner that would meet

11  the contractual requirements of the underlying transaction.

12  Of course if appropriate is the critical language, and I'll

13  deal with the merits when I deal with the merits on

14  March 30th.

15           That'll be for the motion to seal as well as the

16  underlying motion, and let's set an objection deadline at

17  least generally for both motions for March 23rd at 4:00,

18  which is our normal seven days prior.  Obviously the debtor

19  is free to extend that time for certain parties if

20  appropriate, and obviously encouraged to do so if it's -- if

21  there are ongoing negotiations and more time is needed, et

22  cetera.  I don't think that'll be a problem.

23           I do want the documents to be able to be delivered

24  to me with the agenda, which is noon on the 26th.  So any

25  objection deadline, unless absolutely necessary, should not

1    go past a time that would allow for the Court to receive the

2    documents with the agenda at noon on the 26th.  All right?

3    Are there any questions?  Okay.

4          Can I ask while we're here -- while I have you on

5    the line can I ask what is on the agenda for next Tuesday,

6    March 10th?  Obviously the standing motion.  I assume you're

7    still intending -- the T committee is still intending to

8    press forward with that.

9          MR. SCHARTZ:  Right, Your Honor.  This is Brian

10   Schartz again from Kirkland.

11         It's actually three standing motions, and you had

12   eight various objections were filed yesterday, including an

13   omnibus objection from the debtor.  At the current time

14   that's slated to go forward at the March 10th hearing.

15         In addition there is the motion on the EFIH side

16   to make a repayment on the second lien notes.  And there is

17   -- there are a number of objections to that motion right

18   now.

19         And then there's also a substantial claim to which

20   the debtors have objected that's also schedule to be heard

21   at the omnibus hearing.  We're trying not to do claims

22   objections at omnibus hearings, but this one is for

23   $128 billion, and given size we really -- we need to knock

24   it off the claims register.

25         There are several other items that I would hope

1    and anticipate will either be resolved, and it can be done

2    on CNO or COC.  One is a motion to modify the automatic stay

3    that was filed by a personal injury plaintiff, his last name

4    is Schrod (ph), and I can represent that we're close to

5    resolving that one consensually.  There is a local counsel a

6    retention application for a firm named McElroy, Duetsch &

7    Mulvaney that I believe no one has objections to, so

8    hopefully that'll be resolved.  And then Godfrey & Kahn, who

9    is committee to the -- or counsel to the fee committee has

10   filed a motion to extend the deadline to file its first

11   interim fee application.

12         And then there are also several omnibus claims

13   objections that will be addressed on a non-contested basis.

14         So there will -- it looks like the -- at least

15   several items that will be -- that will require some time

16   and will be contested at the hearing.

17         THE COURT:  Okay.  Well based on my experience

18   you've listed well more than it is possible to accommodate

19   in that time frame, so we will do the best we can in order

20   to address things.

21         I think the debtor will need to prioritize, and

22   obviously not every motion is a debtor motion, so you may

23   not be able to prioritize on a consensual basis.  But just

24   -- you know, there's just so many -- there's only so much

25   time, and regardless of whether there's evidence or not, you

1    know, working through presentation of a motion and eight

2    substantive objections takes a significant amount of time.

3              So, I will do the best that I can do to

4    accommodate you, and I have set aside the day.  I'm going to

5    need to move something in order to have the entire day,

6    which is fine, because I had set aside the day, but that is

7    all the time I'm going have.

8              The likelihood -- I'm just warning everybody --

9    the likelihood of being able to continue it to Wednesday --

10   well, I might be able to do that, I won't -- we'll have to

11   sort of see how things development on my Wednesday calendar,

12   but it is possible that we'll have to be -- we'll be able to

13   do that.  But after that frankly -- and I'm not sure, don't

14   count on it -- but after that the schedule gets extremely

15   tight, so it'll be a challenge to find time, but we'll do

16   the best we can do accommodate the needs of the parties

17   obviously.

18             The -- let's see, the agenda is due the 6th at

19   noon.  In order to have time to prepare over the weekend

20   unfortunately as well as Friday, to the extent possible, I

21   really would request that you be timely in the submission of

22   the agenda and the hearing binders, and I've yet to get an

23   untimely agenda from your local counsel, so I don't doubt it

24   will be an issue, but I'm just reiterating it on the record

25   that that would be extremely helpful for the Court.

1                MR. SCHARTZ:  Understood, Your Honor.

2                THE COURT:  I guess we're going have -- are all

3      the -- I know that the one I've seen -- I haven't seen all

4      the documents because some were -- I was provided courtesy

5      copies with and some I wasn't, I have not read them on a

6      substantive basis so nobody is at all prejudiced by the fact

7      that some people have provided me with courtesy copies and

8      some haven't.  I've merely skimmed to see, you know, by

9      title and the first like page or so to figure out what

10     they're about.  So, I've only actually seen one of the

11     standing motions, and I know it's filed under seal, and we

12     just got to objection, the debtors' objection I think this

13     morning, which was also under seal.  I assume all the

14     documents being filed are under seal.

15                MR. SCHARTZ:  That's -- not all the documents.

16     This is Brian Schartz again for the record.

17                THE COURT:  Yeah, I guess a better question would

18     be the motions were filed under seal.

19                MR. SCHARTZ:  Correct.  What's under seal for the

20     most part -- actually the whole part is the proposed

21     complaint, and so the T committee filed its proposed

22     complaint as an exhibit and a portion of that is redacted,

23     and then the TCH unsecured group filed a complaint that is

24     also redacted.  We filed a complaint that compares the two,

25     and so mirrors what they redacted originally.  But that is

1    the extent of the redactions for the standing pleading.

2              THE COURT:  Oh, okay.  All right.  That's more

3    encouraging than I was anticipating.

4              So, you know, it's always -- as we all know it's a

5    challenge to deal in an open court with confidential

6    documents, but you know, we'll work through it to the extent

7    necessary.

8              All right, since we have some time does anyone

9    have anything else they need to get off their chests and

10   raise with the Court?  Scheduling, status, et cetera?  Okay.

11             MR. SCHARTZ:  Your Honor, could you hold for --

12   Your Honor, could you hold for one moment --

13             THE COURT:  Yes, of course.

14             MR. SCHARTZ:  -- just one second before we leave?

15             I'm going to ask the question, I'm not sure what

16   the full feedback (indiscernible) again, this is Brian

17   Schartz from Kirkland & Ellis.

18             Does your limited hearing time extend to June or

19   -- and such that we should ask about it now?

20             THE COURT:  No, it doesn't.  The -- well it's

21   always limited is my caveat, but the particular issues that

22   are really providing a challenge expire in mid May, so June

23   will be sort of business as usual, obviously accommodating

24   any summer vacations that get put in as time goes forward,

25   but the schedule does open up again after Memorial Day to

1    sort of its normal status of insanity as opposed to an

2    increased level of insanity, which is what we're looking at

3    for the next several months.

4            MR. SCHARTZ:  Okay.  Then we can probably

5    (indiscernible) at a different date, I just wanted to ask

6    the question.

7            THE COURT:  Okay.

8            MR. SCHARTZ:  We appreciate the time.  This is

9    helpful.  Thank you.

10           THE COURT:  You're welcome.

11           All right, Anything else?

12           Very good.  Thank you everyone, have a pleasant

13   day, I'll see you on March 10th.  We're adjourned.

14       (Whereupon the Court recessed at 10:17 a.m.)

15

16                        * * * * *

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3    I, Dawn South, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5    Dawn South    Digitally signed by Dawn South
                    DN: cn=Dawn South, o, ou,
                    email=digital1@veritext.com, c=US
6    _____    Date: 2015.03.04 15:28:01 -05'00'

7    Dawn South

8    AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12    Date:  March 4, 2015

13

14

15

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501