# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: March 27, 2015 at 4pm (ET) |

## SUMMARY OF FIRST INTERIM APPLICATION OF CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD AUGUST 4, 2014 THROUGH DECEMBER 31, 2014

| Name of Applicant | Charles River Associates |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company |
| Date of Retention: | *nunc pro tunc* to August 4, 2014 |
| Period for which compensation and reimbursement is sought: | August 4, 2014 through December 31, 2014 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $104,983.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $2,163.17 |

This is a(n): ___ Monthly  _X_ Interim  ___ Final Fee Application. This is the First Interim Fee Application for Polsinelli.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE

| Date & Docket No. Filed | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees (80%) | Approved Expenses (100%) | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| | 8/1/2014 through 8/31/2014 | $4,923.00 | $0.00 | CNO N/A [---] | $3,938.40 | $0.00 | $984.60 |
| | 9/1/2014 through 9/30/2014 | $44,812.00 | $2,125.17 | CNO N/A [---] | $35,849.60 | $2,125.17 | $8,962.40 |
| | 10/1/2014 through 10/31/2014 | $35,658.50 | $38.00 | CNO N/A [---] | $28,526.80 | $38.00 | $7,131.70 |
| | 11/1/2014 through 11/30/2014 | $13,060.00 | $0.00 | CNO N/A [---] | $10,448.00 | $0.00 | $2,612.00 |
| | 12/1/2014 through 12/31/2014 | $6,530.00 | $0.00 | CNO N/A [---] | $5,224.00 | $0.00 | $1,306.00 |
| TOTAL | | $104,983.50 | $2,163.17 | | $83,986.80 | $2,163.17 | $20,996.70 |

## SUMMARY OF PROFESSIONAL SERVICES RENDERED BY INDIVIDUAL CONSULTANTS OF CHARLES RIVER ASSOCIATES

The consultants who rendered professional services in these Cases during the Compensation Period are:

| Professional Person | Position with the Applicant | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Adamson, Seabron | Vice President | Energy | $675.00 | 95.1 | $64,192.50 |
| Plewes, Jeffrey | Principal | Energy | $500.00 | 1 | $500.00 |
| Kaineg, Robert | Senior Associate | Energy | $400.00 | 34 | $13,600.00 |
| Fox, Ryan | Consulting Associate | Energy | $310.00 | 42.1 | $13,051.00 |
| Good, Courtney | Associate | Energy | $310.00 | 44 | $13,640.00 |
| Painley, Jonathan | Associate | Energy | $310.00 | 0 | $0.00 |
| Neimeyer, Michael | Consulting Associate | Energy | $320.00 | 0 | $0.00 |
| Total: | | | | 216.2 | $104,983.50 |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD AUGUST 4, 2014 THROUGH DECEMBER 31, 2014**

| Category | Amount |
| --- | --- |
| Telephone/Internet | $43.63 |
| Lodging | $379.91 |
| Meals | $46.43 |
| Travel | $1,497.20 |
| Transportation | $196.00 |
| **Total** | **$2,163.17** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 27, 2015 at 4pm (ET) |

**FIRST INTERIM APPLICATION OF CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD AUGUST 4, 2014 THROUGH DECEMBER 31, 2014**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Authorizing the Official Committee of Unsecured Creditors Of Energy Future Holdings Corp., et al., to Retain and Employ Charles River Associates Effective as of August 4, 2014* [Docket No. 3049] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Charles River Associates ("**CRA**" or the "**Firm**"), Natural Gas and Energy Consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Electric Holdings Company LLC, and their direct and indirect subsidiaries (the "**TCEH Debtors**"), and EFH Corporate Services Company, files this first interim fee application (the "**Application**") for: (i) compensation in the amount of $104,983.50 for the reasonable and necessary consulting services CRA rendered to the Committee from August 4, 2014 through December 31, 2014 (the "**Compensation Period**"); and (ii) reimbursement for the actual and necessary expenses that CRA incurred, in the amount of $2,163.17, during the Compensation Period. In support of this Application, CRA respectfully states as follows:

### Jurisdiction, Venue, and Predicates for Relief Sought

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue of this proceeding and this Application is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief sought are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and Local Rule 2016-2.

### Background

3.  On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp, et al., In Support of First Day Motions* [Docket No. 98].

4.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No trustee or examiner has been appointed in these Cases.

6.  On May 13, 2014, the Office of the United States Trustee appointed the Committee [Docket No. 420]. The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

7.  On November 26, 2014, CRA filed the *Application of the Official Committee of Unsecured Creditors for an Order Under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(a) Approving the Employment and Retention of Charles River Associates Nunc Pro Tunc to August 4, 2014, as Natural Gas and Energy Consultant to the Official Committee of Unsecured Creditors* [Docket No. 2900] (the "**Retention Application**"). On December 17, 2014, this Court entered the Retention Order.

8.  Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

9. This Application has been prepared in accordance with sections 330 and 331 the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013* (the "**UST Guidelines**"). The Committee has reviewed this Application and approves and supports interim allowance of the amounts requested by CRA for professional services performed and expenses incurred during the Compensation Period. Pursuant to the Guidelines, a certification of Jonathan D. Yellin of CRA regarding compliance with the Guidelines and the Local Rules is attached as Exhibit A.

10. CRA seeks allowance of interim compensation for professional services during the Compensation Period in the amount of $104,983.50 and for expenses incurred in connection with the rendition of those services in the amount of $2,163.17. During the Compensation Period, CRA consulting staff expended a total of 216.2 hours to perform the necessary services.

11. All services for which compensation is requested by CRA in this Application were performed for or on behalf of the Committee. CRA has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between CRA and any other person (other than through the normal compensation process of CRA) for the sharing of compensation to be received for services rendered in these Cases.

12. CRA believes its rates are the market rates that the majority of economic consulting firms charge clients for the type of services CRA has been asked to provide here.

13. The fees charged by CRA in these Cases are billed in accordance with CRA's

existing billing rates and procedures in effect during the Compensation Period. The rates CRA charges for the services rendered by its professionals and paraprofessionals in these Cases are the same rates CRA charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy matters. These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

14. Pursuant to the Guidelines, attached as <u>Exhibit B</u> is a schedule setting forth all CRA consulting staff who performed services in these Cases during the Compensation Period, the capacities in which such individuals are employed by CRA, the hourly billing rates charged by CRA for services performed by such individuals, and the aggregate number of hours expended and fees billed.

15. Attached as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which CRA is seeking reimbursement and the total amount for each expense category.

### CRA's Fee Statements

16. CRA maintains computerized records of time spent by all CRA consulting staff in connection with the representation of the Committee. CRA submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements. During the Compensation Period, CRA provided the Notice Parties with the following Monthly Fee Statements:

17. For August 4, 2014 through August 31, 2014 – fees of $4,923.00 and expenses of $0.00 (the "**August Statement**");

18. For September 1, 2014 through September 30, 2014 – fees of $44,812 and

expenses of $2,125.17 (the "**September Statement**");

19. For October 1, 2014 through October 31, 2014 – fees of $35,696.50 and expenses of $38.00 (the "**October Statement**"); and

20. For November 1, 2014 through November 30, 2014 – fees of $13,060 and expenses of $0.00 (the "**November Statement**");

21. For December 1, 2014 through December 31, 2014 – fees of $6,530.00 and expenses of $0.00 (the "**December Statement**"); and

22. In total, CRA submitted Monthly Fee Statements during the Compensation Period for fees of $104,983.50 and expenses of $2,163.17. At the time of this Application, CRA has not received any payments on account of the Monthly Fee Statements.

23. In total, therefore, pursuant to this Application, CRA respectfully requests that the Court enter an order awarding CRA on an interim basis fees in an aggregate amount of $104,983.50 and the reimbursement of actual and necessary expenses CRA incurred during the Compensation Period in the aggregate amount of $2,163.17.

### Summary of Consulting Services Rendered

24. A summary of some of the services rendered by Charles River Associates during the Compensation Period are as follows:

   a. *Gas Demand Drivers Presentation and Alignment of Assumptions* – CRA researched gas demand drivers and created a presentation highlighting the current trends driving natural gas markets for discussion with FTI and Lazard. These drivers shape the important assumptions behind both the natural gas model and the electricity models used in this analysis. CRA reviewed various natural gas analyses and other materials for use in the presentation. Members of the CRA team presented in Boston to FTI Consulting on September 17, 2014. The purpose of the meeting was to align the natural gas and electricity modeling work streams.

   b. *Debtor meeting in Dallas* – Seabron Adamson of CRA attended the initial meeting with the Debtor management team in Dallas and assisted in developing questions of EFH management.

   c. *Data Collection and Formulation for Revision of Gas Demand Model Build-up* - During this Compensation Period, CRA was able to identify the major data sources. Public sources were reviewed and all data found was categorized by gas model input. Public sources that the CRA team reviewed included natural gas play studies, EIA documents, investor presentations, and annual reports. This data review allowed the team to

      formulate a work plan for the *Initial Gas Model Data Development* (see below) stage of this Compensation Period.

d. *Initial Planning for Gas Model Preparation* – CRA held a series of internal meetings among team members to formulate an initial strategy for preparing the existing Natural Gas model for its intended use related to the bankruptcy proceedings. One of these meetings was a 5-hour, in-person presentation and discussion of all parts of the model and data sources to be used. We were able to set a course for developing the model and data which will be executed during subsequent Compensation Periods.

e. *Development of Preliminary Draft High Case Model* – CRA developed some preliminary draft high case price scenarios for discussion and further develop, and discussed the assumptions and results with the FTI team for use in preliminary business plan analysis.

f. *Initial Gas Model Data Development* – Each of the main portions of the data-driven model were reviewed for relevance, completeness and currency of data. This process began toward the end of January, and thus is still underway. In particular, a new approach to resource estimates was developed to incorporate the best data available. We also identified a source (HPDI) for well-level production data that is currently being acquired for analysis and incorporation.

## **CRA's Requested Compensation Should be Allowed**

25.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of interim compensation. 11 U.S.C. § 331 (2014). Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." Id. § 330(a)(1). Section 330 also provides the criteria for awarding compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

26. CRA submits that the services for which it seeks compensation and the expenditures on which it seeks reimbursement in this Application were necessary for and beneficial to the Committee and stakeholders of the TCEH estates. CRA worked to respond to the needs of the Committee in these Cases. The compensation requested in this Application is reasonable in light of the nature, extent, and value of CRA's services to the Committee, the TCEH estates, and all parties in interest.

27. Compensation of the foregoing serviced as requested is commensurate with the complexity and importance of the issues and tasked involved. CRA's consulting staff performed their services expediently and efficiently. Whenever possible, CRA sought to minimize the costs of its services to the Committee by using talented associates and paraprofessionals to handle more routine matters of these Cases.

28. CRA's services were necessary and beneficial to the Committee, and the TCEH Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of compensation for professional services and reimbursement of expenses is warranted.

WHEREFORE, CRA requests that it be allowed reimbursement for its fees and expenses incurred during the Compensation Period in the total amount of $107,146.67 consisting of (a) $104,983.50 in fees incurred by the Committee for reasonable and necessary professional services rendered by CRA and (b) $2,163.17 for actual and necessary costs and expenses, and

that such fees and expenses be paid as administrative expenses of the TCEH Debtors' estates.[2]

Dated: Boston, Massachusetts
       March 6, 2015

Charles River Associates

*Natural Gas and Energy Consultants to the Official Committee of Unsecured Creditors*

Jonathan D. Yellin, General Counsel
200 Clarendon Street, T32
Boston, MA 02116
Telephone: (617) 425-3198
Facsimile: (617) 425-3736
Email: jyellin@crai.com

---

[2] Paragraph 2(b) of the Interim Compensation Order requires Professionals (as defined in the Interim Compensation Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "**Direct Benefit Fees**"). Polsinelli has incurred fees and expenses for the collective benefit of the TCEH Debtors, but has not performed any services directly for the benefit of EFH Corporate Services Company that could be allocated as Direct Benefit Fees pursuant to the Interim Compensation Order. As a result, Polsinelli has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Interim Compensation Order. Thus, all of Polsinelli's fees and expenses identified in this Interim Fee Application should be paid by the TCEH Debtors.