## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 14-51002 (CSS) |
| UMB BANK, N.A., as INDENTURE TRUSTEE, | |
| Defendant. | |

### NOTICE OF *AMENDED*[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON MARCH 10, 2015 STARTING AT 9:30 A.M. (EDT)[3]

## I.    CONTINUED/RESOLVED MATTERS:

1.    Motion of Pallas Realty Advisors, Inc. for Entry of an Order Extending the Deadline to File Proof of Claim, or Alternatively Allowing Late-Filed Proof of Claim [D.I. 2602; filed October 28, 2014]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] **Amended items appear in bold.**

[3] The March 10, 2015 (the "March 10th Hearing") hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 9:30 a.m. (EDT). Any person who wishes to appear telephonically at the March 10th Hearing must **have** contacted COURTCALL, LLC at 866-582-6878 prior to 12:00 p.m. (noon) (EDT) on Monday, March 9, 2015 to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

Response/Objection Deadline:    November 18, 2014 at 4:00 p.m. (EST); extended to March 3, 2015 at 4:00 p.m. (EST); further extended to April 7, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None at this time.

Status: The hearing on this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

2.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2662; filed October 30, 2014]

Response/Objection Deadline:    November 13, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2771; filed November 14, 2014]

B.    Debtors' Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2798; filed November 18, 2014]

Related Documents:

i.    Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2663; filed October 30, 2014]

ii.    Declaration of Dan Buhman in Support of Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition Date [D.I. 2772; filed November 14, 2014]

iii.    Motion for Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future

2

Holding [sic] Corp., *et al*., for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2781; filed November 17, 2014]

iv.      Order Granting Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al*., for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2796; filed November 18, 2014]

v.       Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of the Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Authorizing Luminant Generation Company to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2803; filed November 18, 2014]

vi.      Order Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 2838; filed November 21, 2014]

vii.     Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3115; filed December 22, 2014]

viii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3181; filed January 7, 2015]

ix.      Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3503; filed February 10, 2015]

x.       Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3730; filed March 3, 2015]

Status: By agreement of the parties, the hearing on this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

3.      Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:          December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to
      (Amended and Superseded, Exact Duplicate, and Insufficient
      Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy
      Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
      Rule 3007-1 Filed by Koetter Fire Protection of Austin, LLC [D.I. 2950;
      filed December 5, 2014]

B.    Response to Debtors' First Omnibus (Non-Substantive) Objection to
      (Amended and Superseded, Exact Duplicate, and Insufficient
      Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy
      Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
      Rule 3007-1 Filed by Allied Electronics, Inc. [D.I. 2964; filed December
      10, 2014]

C.    Emerson Network Power Liebert Services' Response to Debtors' Omnibus
      Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.    Declaration of Steve R. Kotarba, Managing Director with Alvarez &
      Marsal North America, LLC, in Support of the Debtors' First Omnibus
      (Non-Substantive) Objection to (Amended and Superseded, Exact
      Duplicate and Insufficient Documentation) Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,
      and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors'
      First Omnibus (Non-Substantive) Objection to (Amended and Superseded,
      Exact Duplicate, and Insufficient Documentation) Claims Pursuant to
      Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,
      and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December
      4, 2014]

iii.  Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to
      (Amended and Superseded, Exact Duplicate, and Insufficient
      Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy
      Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
      Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.   Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive)
      Objection to (Amended and Superseded, Exact Duplicate, and Insufficient
      Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy

4

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A. On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

4.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.    Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.     Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

5.  Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:          February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Richard Leo Griffin [D.I. 3498; filed February 9, 2015]

B.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.    Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit C</u>. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All unresolved claims subject to this matter (*i.e.,* the claims of Jackie McClain, Leo Griffin, Jack Rogers Beard, Jr. and Jesus Moreno) are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

6.    Motion of Energy Future Holdings Corp, *et al.*, for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in Possession to Establish Procedures to Submit Additional Agreements that Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting, Tax, and IT Advisors [D.I. 3442; filed February 4, 2015]

Response/Objection Deadline:    February 18, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Order Granting the Motion of Energy Future Holdings Corp, *et al.*, for Entry of an Order Authorizing KPMG Debtors and KPMG Debtors in Possession to Submit Additional Agreements that Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting, Tax, and IT Advisors [D.I. 3641; filed February 24, 2015]

Status: On February 24, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

7.    Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle

Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees , and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:      March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:      April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.    Omnibus Objection of the AD Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

Related Documents:

i.    Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

Status: By agreement of the parties, the hearing in connection with this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

8

8.      Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an
        Order Granting Standing and Authority to Commence, Prosecute, and Settle
        Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens,
        Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of
        Claims (Sealed) [D.I. 3596; filed February 19, 2015]

        Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

        Reply Deadline:                       April 1, 2015 at 4:00 p.m. (EDT)

        Responses/Objections Received:

        A.      Response and Limited Objection of Wilmington Savings Fund Society,
                FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

        B.      Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726;
                filed March 3, 2015]

        C.      Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727;
                filed March 3, 2015]

        D.      Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C.,
                Centerbridge Special Credit Partners, L.P., and Centerbridge Special
                Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3,
                2015]

        E.      Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First
                Lien Administrative Agent and Successor TCEH First Lien Collateral
                Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3,
                2015]

        F.      Omnibus Objection of the AD Hoc Committee of TCEH First Lien
                Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

        G.      Omnibus Response of the Official Committee of TCEH Unsecured
                Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured
                Noteholders for Entry of an Order Granting Standing and Authority to
                Commence, Prosecute, and Settle Certain Claims for Declaratory
                Judgment, Avoidance and Recovery of Liens, Security Interests,
                Obligations, Fees, and Interest Payments, and Disallowance of Claims;
                and (II) Motion of the EFH Official Committee for Entry of an Order
                Granting Derivative Standing and Authority to Prosecute and Settle
                Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed
                March 3, 2015]

Related Documents:

i.    Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

Status: By agreement of the parties, the hearing in connection with this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

9.    Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:    March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:    April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.    Omnibus Objection of the AD Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.    Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle

10

Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.    Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.    Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

<u>Related Documents</u>:

i.    Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3774 [D.I. 3795; filed March 4, 2015]

<u>Status</u>: By agreement of the parties, the hearing in connection with this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

10.    Motion for Summary Judgment filed by Mary LaCour [D.I. 3750; filed March 2, 2015]

<u>Response/Objection Deadline</u>:        To be determined.

<u>Responses/Objections Received</u>:        None.

<u>Related Documents</u>:

i.    Notice of Hearing re: Motion for Summary Judgment [D.I. 3751; filed March 4, 2015]

<u>Status</u>: By agreement of the parties, the hearing in connection with this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).

11.    Motion to Compel the Production of Documents [D.I. 3752; filed March 2, 2015]

<u>Response/Objection Deadline</u>:        To be determined.

Responses/Objections Received:        None.

Related Documents:

i.      Notice of Hearing re: Motion to Compel the Production of Documents
        [D.I. 3753; filed March 4, 2015]

Status: By agreement of the parties, the hearing in connection with this matter has
        been continued to the omnibus hearing scheduled for April 14, 2015
        starting at 9:30 a.m. (EDT).

## II.    MATTERS WITH A CERTIFICATION OF NO OBJECTION OR CERTIFICATION OF COUNSEL:

12.   Motion of Allen Shrode for Relief from the Automatic Stay Pursuant to 11 U.S.C.
      § 362(d) [D.I. 2896; filed November 26, 2014]

      Response/Objection Deadline:        December 11, 2014 at 4:00 p.m. (EST);
                                          extended to February 3, 2015 at 4:00 p.m.
                                          (EST); further extended to March 3, 2015 at
                                          4:00 p.m. (EST)

      Responses/Objections Received:      None at this time.

      Related Documents:

      i.      Order Granting in Part Motion of Allen Shrode for Relief from the
              Automatic Stay Pursuant to 11 U.S.C. § 362(d) [D.I. 3211; filed January 9,
              2015] (the "Interim Order")

      ii.     Certification of Counsel Regarding Motion of Allen Shrode for Relief
              from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [D.I. 3796; filed
              March 4, 2015]

      iii.    **Order Approving the Stipulation Between the Debtors and Allen
              Shrode Regarding Limited Modification of the Automatic Stay
              Pursuant in Accordance with the Stipulation [D.I. 3824; filed March
              6, 2015]**

      Status: On January 9, 2015, the Court entered the Interim Order granting the
              movant certain relief in connection with this matter.  **On March 6, 2015,
              the Court entered a further form of agreed order in connection with
              this matter which resolves the balance of the relief sought by Mr.
              Shrode not previously resolved by the Interim Order.  Consequently,
              no hearing with respect to this matter is required.**

13.   Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting
      Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy

12

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:          December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.  Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv. Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v. Certification of Counsel Regarding "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2992] [D.I. 3815; filed March 6, 2015]

vi. **Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]**

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. **On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.**

14. Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:          January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A. Response to Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.   Response to Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.   Response to Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.   Response to Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

<u>Related Documents</u>:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.  Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.   Certification of Counsel Regarding "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3212] [D.I. 3816; filed March 6, 2015]

v.    **Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and**

15

**3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]**

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E.  On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  **On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).  Consequently, no hearing with respect to this matter is required at this time.**

15.    Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3471; filed February 6, 2015]

Response/Objection Deadline:    February 20, 2015 at 4:00 p.m. (EST); extended to March 1, 2015 at 4:00 p.m. (EST) for BHP Billiton Olympic Dam Corp.

Responses/Objections Received:

A.    Objection to Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joseph Boston [D.I. 3604; filed February 19, 2015]

B.    Response to Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Randy White [D.I. 3609; filed February 19, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy

16

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3472; filed February 6, 2015]

ii.      Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3638; filed February 24, 2015]

iii.      Certification of No Objection Regarding "Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3471] [D.I. 3817; filed March 6, 2015]

iv.      **Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, No Supporting Documentation, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3837; filed March 9, 2015]**

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F.  **On March 9, 2015, the Court entered a revised form of order granting the relief requested in connection with this matter.  Consequently, no hearing with respect to this matter is required.**

16.    Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jo Arvester Cofer and Mary LaCour [D.I. 3623; filed February 23, 2015]

B.      Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.    Notice of Hearing on Request for Motion for Continuance [D.I. 3749; filed March 2, 2015]

iv.     Motion for Summary Judgment filed by Mary LaCour [D.I. 3750; filed March 2, 2015]

v.      Notice of Hearing re: Motion for Summary Judgment [D.I. 3751; filed March 4, 2015]

vi.     Motion to Compel the Production of Documents filed by Mary LaCour [D.I. 3752; filed March 2, 2015]

vii.    Notice of Hearing re: Motion to Compel the Production of Documents [D.I. 3753; filed March 4, 2015]

viii.   Certification of Counsel Regarding "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3818; filed March 6, 2015]

ix.     Notice of Withdrawal of "Certification of Counsel Regarding "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3820; filed March 6, 2015]

x.      **Certification of Counsel Regarding "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,**

18

and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3841; filed March 9, 2015]

    <u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit G</u>. **On March 9, 2015, the Debtors filed a certification of counsel attaching a revised form of order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time unless the Court has any questions or concerns.**

17.    Debtors' Eleventh Omnibus (Non-Substantive) Objection to (Amended and Superseded) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3475; filed February 6, 2015]

    <u>Response/Objection Deadline</u>:    February 20, 2015 at 4:00 p.m. (EST); extended to March 3, 2015 at 4:00 p.m. (EST) for the Internal Revenue Service

    <u>Responses/Objections Received</u>:    None.

    <u>Related Documents</u>:

    i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eleventh Omnibus (Non-Substantive) Objection to (Amended and Superseded) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3476; filed February 6, 2015]

    ii.    Certification of No Objection Regarding "Debtors' Eleventh Omnibus (Non-Substantive) Objection to (Amended and Superseded) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3475] [D.I. 3805; filed March 5, 2015]

    iii.    **Order Sustaining Debtors' Eleventh Omnibus (Non-Substantive) Objection to (Amended and Superseded) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3836; filed March 9, 2015]**

<u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit H</u>. **On March 9, 2015, the Court entered an order granting the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

18. Application for Entry of an Order Authorizing the Retention and Employment of McElroy, Deutsch, Mulvaney & Carpenter, LLP as Delaware Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective *Nunc Pro Tunc* to January 12, 2015 and Hearing Thereon [D.I. 3517; filed February 11, 2015]

   <u>Response/Objection Deadline</u>:        March 3, 2015 at 4:00 p.m. (EST)

   <u>Responses/Objections Received</u>:      None.

   <u>Related Documents</u>:

   i.    Certification of No Objection Regarding Application for Entry of an Order Authorizing the Retention and Employment of McElroy, Deutsch, Mulvaney & Carpenter, LLP as Delaware Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective *Nunc Pro Tunc* to January 12, 2015 [D.I. 3806; filed March 5, 2015]

   ii.   Proposed Form of Order

   iii.  **Order Authorizing the Retention and Employment of McElroy, Deutsch, Mulvaney & Carpenter, LLP as Delaware Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective *Nunc Pro Tunc* to January 12, 2015 [D.I. 3835; filed March 9, 2015]**

   <u>Status</u>: **On March 9, 2015, the Court entered an order granting the movant the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

19. Motion of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for an Extension of Time to File its Interim Fee Application for the First Interim Fee Period (August 19, 2014 through December 31, 2014) and Statement of Position on Extensions for the Second Interim Fee Period [D.I. 3539; filed February 13, 2015]

   <u>Response/Objection Deadline</u>:        March 3, 2015 at 4:00 p.m. (EST)

   <u>Responses/Objections Received</u>:      None.

20

Related Documents:

i.      Certification of No Objection Regarding Docket No. 3539 [D.I. 3814; filed March 6, 2015]

ii.     Proposed Form of Order

iii.    **Order Extending the Time for Godfrey & Kahn, S.C., Counsel to the Fee Committee, to File its Interim Fee Application for the First Interim Fee Period (August 19, 2014 through December 31, 2014) [D.I. 3834; filed March 9, 2015]**

Status: **On March 9, 2015, the Court entered an order granting the movant the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

## III.   CONTESTED MATTERS GOING FORWARD:

20.    Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Richard Gary Waldrep [D.I. 3354; filed January 23, 2015]

B.      Response to Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna Edwards [D.I. 3388; filed January 28, 2015]

C.      Debtors' Reply to the Response of Gary Waldrep to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3802; filed March 5, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to No Liability Claims Pursuant to Section 502(b)

21

of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.    Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All unresolved claims subject to this matter, other than the claim of Gary Waldrep, are continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT). A hearing with respect to this matter solely with respect to the claim of Gary Waldrep (*i.e.,* proof of claim number 9658) will go forward on a contested basis.

21.    Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order [D.I. 3527; filed February 12, 2015]

Response/Objection Deadline:    February 26, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Second Lien Indenture Trustee's (A) Limited Objection to Debtors' Motion for Authority to Partially Prepay the Second Lien Notes and (B) Cross-Motion to Modify the Proposed Order to Provide (1) That the Second Lien Indenture Trustee is Not Required by the Collateral Trust Agreement to Hold the Partial Prepayment in Trust for First Lien Noteholders or (2) Alternatively, that Interest Continues to Accrue Under the Second Lien Indenture [D.I. 3673; filed February 26, 2015]

B.    Response of Delaware Trust Company, as Indenture Trustee, to the Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order [D.I. 3678; filed February 26, 2015]

C.      Joint Statement of First Lien Indenture Trustee and Second Lien Indenture Trustee Regarding (I) Second Lien Indenture Trustee's (A) Limited Objection to Debtors Motion for Authority to Partially Prepay the Second Lien Notes and (B) Cross-Motion to Modify the Proposed Order to Provide (1) That the Second Lien Indenture Trustee is not Required by the Collateral Trust Agreement to Hold the Partial Prepayment in Trust for First Lien Noteholders or (2) Alternatively, that Interest Continues to Accrue Under the Second Lien Indenture; and (II) Motion to Fix Hearing Date on and Shorten Time to Object or Respond to Such Submission [D.I. 3748; filed March 3, 2015]

D.      **EFIH Debtors' Reply to EFIH Second Lien Trustee's Objection to Partial Repayment [D.I. 3827; filed March 6, 2015]**

Related Documents:

i.      Declaration of David Ying in Support of the Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order [D.I. 3528; filed February 12, 2015]

ii.     Notice of Service [D.I. 3621; filed February 20, 2015]

iii.    Motion to Fix Hearing Date on and Shorten Time to Object or Respond to Second Lien Indenture Trustee's Cross-Motion to Modify the Proposed Order Regarding Debtors' Motion for Authority to Partially Prepay the Second Lien Notes to Provide (1) That the Second Lien Indenture Trustee is Not Required by the Collateral Trust Agreement to Hold the Partial Prepayment in Trust for First Lien Noteholders or (2) Alternatively, that Interest Continues to Accrue Under the Second Lien Indenture [D.I. 3675; filed February 26, 2015]

iv.     EFIH Debtors' Motion for Leave to File and Serve Late Reply to Objection to EFIH Partial Repayment Motion [D.I. 3803; filed March 5, 2015]

v.      **Order Granting Leave to File and Serve a Late Reply to Objection to EFIH Partial Repayment Motion [D.I. 3826; filed March 6, 2015]**

vi.     **Notice of Filing of Revised EFIH Partial Repayment Order and Amended EFIH DIP Order [D.I. 3842; filed March 9, 2015]**

Status: **The EFIH Debtors have resolved all objections/responses lodged in connection with this matter.  Consequently, on March 9, 2015, the EFIH Debtors filed a revised form of agreed order in connection with this matter (see D.I. 3842) that the EFIH Debtors intend to present to**

23

**the Court for entry at the hearing. The hearing on this matter will go forward on an uncontested/resolved basis.**

IV.   **PRE-TRIAL CONFERENCE IN ADVERSARY 14-51002:**

22.   Adversary Complaint for Declaratory Judgment of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. [D.I. 3039/Adv. D.I. 1; filed December 16, 2014]

Answer Deadline:      February 6, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:      None at this time.

Related Documents:

i.   Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. D.I. 3; filed December 17, 2014]

ii.   Order Granting Stipulation Between Debtors and Debtors in Possession and UMB Bank, N.A., as Indenture Trustee to Extend the Time to Answer, Move or Otherwise Plead in Response to the Complaint [Adv. D.I. 5; filed January 16, 2015]

iii.   UMB Bank, N.A.'s Motion to Dismiss the Complaint [Adv. D.I. 7; filed February 6, 2015]

iv.   Memorandum of Law in Support of UMB Bank, N.A.'s Motion to Dismiss [Adv. D.I. 8; filed February 6, 2015]

v.   EFIH Debtors' Opposition to UMB Bank N.A.'s Motion to Dismiss [Adv. D.I. 13; filed February 23, 2015]

vi.   Declaration of Jason M. Madron, Esq. in Support of the EFIH Debtors' Opposition to UMB Bank N.A.'s Motion to Dismiss [Adv. D.I. 14; filed February 23, 2015]

vii.   Reply in Further Support of UMB Bank, N.A.'s Motion to Dismiss [Adv. D.I. 18; filed March 5, 2015]

Status: **By agreement of the parties, and with permission from Chambers, the pre-trial conference in connection with this matter has been continued to the omnibus hearing scheduled for April 14, 2015 starting at 9:30 a.m. (EDT).**

*[Remainder of page intentionally left blank.]*

Dated: March **9**, 2015
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

25

RLF1 11623684v.1