**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER (A) AUTHORIZING PARTIAL REPAYMENT
### OF EFIH SECOND LIEN NOTES; (B) APPROVING EFIH
### DIP CONSENT; AND (C) AUTHORIZING CONSENT FEE

Upon the motion (the "Motion")[2] of Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holdings Company LLC ("EFIH"), and EFIH Finance Inc. (collectively with EFH Corp. and EFIH, the "EFIH Debtors"), co-debtors with the above-captioned debtors and debtors in possession (collectively with the EFIH Debtors, the "Debtors"), for entry of (a) an order (this "Order"), (i) authorizing the Partial Repayment; (ii) approving the EFIH DIP Consent and the second EFIH DIP Consent, in the forms attached hereto as **Exhibit 1** and **Exhibit 2**, respectively (collectively, the "EFIH DIP Consent"); and (iii) authorizing payment of the Consent Fee; and (b) the Revised DIP Order, all as more fully set forth in the Motion; and upon the Ying Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, including sections 105 and 363(b) of the Bankruptcy Code, and at the Hearing established just cause for the relief granted herein, the Court having considered and, where applicable, overruled any objections; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    EFIH is authorized to effectuate the Partial Repayment by transferring up to $750,000,000.00 in cash (the "Partial Repayment Cash") from EFIH to the EFIH Second Lien Trustee to partially repay outstanding EFIH Second Lien Notes.

3.    The EFIH Second Lien Trustee is authorized and directed to distribute the Partial Repayment Cash to the holders of EFIH Second Lien Notes (the "EFIH Second Lien Noteholders") in accordance with the EFIH Second Lien Indenture.  Subject to the reservation of rights in paragraph 4 of this Order, the Partial Repayment Cash shall be applied in the following manner under the EFIH Second Lien Indenture and the terms of this Order:  (a) first, the Partial Repayment Cash will be applied to amounts accrued under Section 6.13(i) of the EFIH Second Lien Indenture through the closing date of the Partial Repayment, (b) second, the Partial

Repayment Cash will be applied to claims on account of interest accrued on the EFIH Second Lien Notes through the closing date of the Partial Repayment in full, and (c) third, the remainder of the Partial Repayment Cash will be applied to claims on account of principal on the EFIH Second Lien Notes (the claims paid pursuant to clauses (a), (b), and (c), the "Repayment Claims").

4.      Application of the Partial Repayment Cash shall be without prejudice to (a) the Debtors, and with a full reservation of the Debtors' rights, to take the position at a later date that such payments should be recharacterized or reallocated pursuant to section 506(b) of the Bankruptcy Code as to principal, interest, fees, or otherwise or that any claims under the EFIH Second Lien Indenture are not payable and object to such claims (including claims for penalty interest under the applicable registration rights agreement or interest on overdue interest) or (b) the EFIH Second Lien Trustee, and with a full reservation of the EFIH Second Lien Trustee's rights, to oppose such recharacterization, reallocation, or objection or to assert claims for additional amounts due under the EFIH Second Lien Indenture.

5.      This Order is without prejudice to any party's rights with regard to the adversary proceeding titled *Computershare Trust Co. v. EFIH*, No. 14-50405 (Bankr. D. Del. June 16, 2014), including whether any premium is due as a result of the Partial Repayment or otherwise. The parties further agree that the use of the term "premium" in the foregoing sentence shall not and does not explain or vary the meaning of any applicable indenture(s) for purposes of the disputes over claims to "premium" or "make whole" payments in *Computershare Trust Co. v. EFIH*, No. 14-50405 (Bankr. D. Del. June 16, 2014) and *Delaware Trust Co. v. EFIH*, No. 14-50363 (Bankr. D. Del. May 15, 2014) or any related litigation.

6.      Subject to the reservation of rights in paragraph 4 of this Order, upon receipt of the Partial Repayment Cash by the EFIH Second Lien Trustee, the Repayment Claims shall be indefeasibly satisfied and expunged and the Repayment Claims shall immediately cease to accrue interest.  Subject to the reservation of rights in paragraph 4 of this Order, to the extent provided under the EFIH Second Lien Indenture and applicable law, interest shall continue to accrue on any claims of the EFIH Second Lien Trustee other than the Repayment Claims.

7.      The EFIH DIP Consent is hereby approved substantially in the form attached hereto as **Exhibit 1** and **Exhibit 2**, and the Debtors are authorized to enter into the EFIH DIP Consent and to perform any and all obligations contemplated thereby.

8.      The Consent Fee is hereby approved.  EFIH is authorized and directed to pay, as the Consent Fee, up to $13,500,000 in cash to the consenting lenders as required by the EFIH DIP Consent.

9.      The Debtors are authorized to take any and all actions necessary to consummate, and to perform any and all obligations contemplated by, the Partial Repayment, the EFIH DIP Modifications, and the other relief sought by the Motion, consistent with this Order, including the payment of any fees and expenses related to any of the foregoing.

10.      The EFIH First Lien Trustee and the Collateral Trustee under the Collateral Trust Agreement (the "Collateral Trustee") consents to the Partial Repayment on the terms set forth in this Order.  The EFIH First Lien Trustee will amend the amended complaint in the adversary proceeding titled *CSC Trust Co. of Del. v. Computershare Trust Co.*, No. 14-50410 (Bankr. D. Del. June 20, 2014) (the "Intercreditor Adversary Proceeding") to address the Partial Repayment no later than March 31, 2015, subject to extension as agreed to by the EFIH Second Lien Trustee.

11.    At the election of the EFIH First Lien Trustee, any and all consideration (other than the Partial Repayment) paid after entry of this Order by any EFIH Debtor to the EFIH Second Lien Trustee, any EFIH Second Lien Noteholder, the Paying Agent under the Collateral Trust Agreement, or any other entity for the benefit of EFIH Second Lien Noteholders, on account of, or in connection with, the EFIH Second Lien Notes (collectively, the "Future Repayment Claims"), including, for the avoidance of doubt, distributions or other forms of consideration under any plan of reorganization (collectively, the "Future Distributions"), but only up to the amount of the Partial Repayment, shall be subject to the claims asserted in the Intercreditor Adversary Proceeding as though such Future Distributions were the same, in kind, nature, and all other legally relevant characteristics, as the Partial Repayment (including without limitation, the source of funds used to make the Partial Repayment).

12.    All arguments and rights of the Collateral Trustee, Parity Lien Representative (as defined in the Collateral Trust Agreement), and holders of Parity Lien Obligations (as defined in the Collateral Trust Agreement) that would have applied to the Partial Repayment shall apply to all Future Distributions, until all claims of the EFIH First Lien Trustee or Collateral Trustee in the Intercreditor Adversary Proceeding are determined by Court order.  To the extent the EFIH First Lien Trustee shows in the Intercreditor Adversary Proceeding that it would have prevailed on any potential claims under the Collateral Trust Agreement with respect to the Partial Repayment but for the EFIH First Lien Trustee's agreement set forth in this Order to consent to the Partial Repayment, as reflected in a Court order or ruling in effect  in such Intercreditor Adversary Proceeding, then the EFIH First Lien Trustee shall be entitled to relief under the Collateral Trust Agreement through turnover to the Collateral Trustee of Future Distributions in an amount agreed to or set by the Court, not to exceed the Partial Repayment; provided,

however, any such turnover or right to payment shall be in the same form and nature of such Future Distributions (including in a pro rata amount to the extent the Future Distributions are in multiple forms of consideration).

13.    To the extent the EFIH First Lien Trustee or Collateral Trustee is entitled to Future Distributions pursuant to the preceding paragraph, and to the extent appropriate election procedures are in place in coordination with the Debtors and the EFIH Second Lien Trustee, each EFIH Second Lien Noteholder may, in its discretion, elect to deliver its pro rata share (determined in reference to the outstanding amount of EFIH Second Lien Notes) of cash to the EFIH First Lien Trustee in lieu of its share of Future Distributions that would have otherwise been turned over to the Collateral Trustee.  For each Future Distribution, such election must be irrevocably exercised by prior written notice to the Debtors, the EFIH First Lien Trustee, the Collateral Trustee and the EFIH Second Lien Trustee no later than (i) thirty days prior to the reasonably anticipated effective date of a plan of reorganization or (ii) thirty days prior to a pre-plan distribution.  For purpose of determining the reasonably anticipated effective date of a plan of reorganization, either one of the EFIH First Lien Trustee or the EFIH Second Lien Trustee may provide notice to the other entity of when it reasonably anticipates such date will occur, and each consents to any disputes being resolved by the Bankruptcy Court.  Neither such election to deliver cash, nor any steps connected with such election (whether administrative, procedural or otherwise) shall affect in any way the right of the EFIH First Lien Trustee or Collateral Trustee to receive Future Distributions, except to the extent that the EFIH First Lien Trustee is in possession of such cash as a result of such elections, with no restrictions on distributions of such cash to holders of EFIH First Lien Notes (the "Distributable Cash").  For the avoidance of doubt, except to the extent the EFIH First Lien Trustee is in possession of the Distributable Cash, there

shall be no delay in the right of EFIH First Lien Trustee or Collateral Trustee to receive Future Distributions, as reduced by the amount of Distributable Cash, for any reason, including without limitation, as a result of disputes concerning the extent of the cash funding election or which EFIH Second Lien Notes had properly exercised the election. For the avoidance of doubt, the EFIH First Lien Trustee and Collateral Trustee shall not retain both cash from any such election pursuant to this paragraph and Future Distributions attributable to the same EFIH Second Lien Noteholder who provided such cash.

14.     This Order shall be without prejudice to any arguments that might be made by the parties in the Intercreditor Adversary Proceeding, provided that the EFIH Second Lien Trustee (and the EFIH Second Lien Noteholders and the Debtors, to the extent they intervene or elsewhere dispute the intercreditor issues) agree not to assert that the consent of the EFIH First Lien Trustee and Collateral Trustee to the Partial Repayment prejudices claims that any entity would have been entitled to turnover of such funds. This Order shall not be considered a novation or waiver of rights under the indenture governing the EFIH First Lien Notes or the Collateral Trust Agreement (except with respect to the Partial Repayment on the terms set forth in this Order), which shall remain in full force and effect.

15.     A corresponding order shall be entered in the Intercreditor Adversary Proceeding containing the provisions of paragraphs 11-14 of this Order.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

17.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE