# EXHIBIT 1

**Consent to Partial Repayment**

**CONSENT**, dated as of February 12, 2015 (this "**Consent**"), among Energy Future Intermediate Holding Company LLC, a Delaware limited liability company and a debtor and debtor-in-possession ("**EFIH**"), EFIH Finance Inc., a Delaware corporation and a debtor and debtor-in-possession ("**EFIH Finance**" and together with EFIH, the "**Borrower**"), in a case pending under chapter 11 of the Bankruptcy Code, the undersigned Lenders (as defined below) to the Credit Agreement referred to below, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent (collectively, the "**Agent**"). Unless otherwise indicated, all capitalized terms used herein and not otherwise defined herein shall have the respective meanings provided to those terms in the Credit Agreement (as amended, modified, supplemented and/or waived hereby).

WHEREAS, the Borrower, the lending institutions from time to time parties to the Credit Agreement (each a "**Lender**" and, collectively, the "**Lenders**"), the Agent, and other parties from time to time party thereto, are parties to the Senior Secured Superpriority Debtor-In Possession Credit Agreement, dated as of June 19, 2014 (as amended, modified or supplemented from time to time, the "**Credit Agreement**");

WHEREAS, subject to the terms and conditions set forth below, the undersigned Required Lenders and the Agent are willing to consent to certain actions of the Borrower as set forth below;

NOW, THEREFORE, in consideration of the premises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

Section 1    <u>**Consent**</u>. Notwithstanding any provision of the Credit Agreement or any other Credit Document, the Agent and Required Lenders hereby agree and consent to:

(a)    subject to satisfaction of the conditions set forth in Sections 3 and 4 hereof, the Borrower's payment in an amount not to exceed $750,000,000 to holders of Prepetition Second Lien Obligations which may constitute payment of principal amounts plus, at the Borrower's election, accrued interest thereon of Prepetition Second Lien Obligations at par and without the payment of make-whole payments or premiums (or any other amounts) in respect of the Prepetition Second Lien Obligations, and with cash on hand, including proceeds of Term Loans (the "**Second Lien Repayment**") following the entry of the Amended Final Order (as defined below) and the EFIH Partial Second Lien Repayment Order (as defined below), in each case that are effective and not subject to a stay, and provided that at the time of the Second Lien Repayment no Event of Default has occurred and is continuing; and

(b)    the Borrower filing or seeking to file a motion substantially in the form attached hereto as <u>Exhibit A</u> (the "**Motion**") requesting the filing and entry of an order modifying the Final Order in order to permit the Second Lien Repayment substantially in the form attached hereto as <u>Exhibit B</u> (the "**Amended Final Order**") and the filing and entry of an order approving this Consent and the Consent Fee (as defined below) substantially in the form

attached hereto as <u>Exhibit C</u> (the "**EFIH Partial Second Lien Repayment Order**").

For the avoidance of doubt, nothing herein shall be construed to obligate the Borrower to make the Second Lien Repayment.

Section 2    **Representations and Warranties, No Default**. The Borrower represents and warrants to the Lenders as of the Consent Effective Date (as defined below):

(a)    Subject to the terms of the Final Order, Borrower has the corporate or other organizational power and authority to execute, deliver and carry out the terms and provisions of this Consent and has taken all necessary corporate or other organizational action to authorize the execution, delivery and performance of this Consent. Borrower has duly executed and delivered this Consent and, subject to the terms of the Final Order, this Consent constitutes the legal, valid and binding obligation of Borrower enforceable in accordance with its terms, subject to the effects of bankruptcy, insolvency, fraudulent conveyance, reorganization and other similar laws relating to or affecting creditors' rights generally and general principles of equity (whether considered in a proceeding in equity or law); and

(b)    At the time of and after giving effect to this Consent, no Default or Event of Default has occurred and is continuing.

Section 3    **Conditions to Effectiveness of Consent**.

(a) This Consent shall become effective on the date (the "**Consent Effective Date**") on which the Agent shall have received executed signature pages to this Consent from the Required Lenders, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent, and the Borrower.

(b) The Agent shall notify the Borrower and the Lenders of the Consent Effective Date promptly after the occurrence thereof.

Section 4    **Conditions Subsequent**.

(a) Upon the entry of both the Amended Final Order and EFIH Partial Second Lien Repayment Order, in each case that are effective and not subject to a stay, the Borrower shall pay to the Agent, for the benefit of each Lender party to the Credit Agreement (immediately prior to giving effect to the Consent) that submits its executed signature page to the Consent by 5:00 p.m. (New York City time) on February 18, 2015 (or such later time as agreed by Borrower), a consent fee (the "**Consent Fee**") in an amount equal to 0.25% of the aggregate principal amount of the Term Loans held by each such Lender immediately prior to giving effect to the Consent. The Consent Fee shall be fully earned, due and payable upon entry of both the Amended Final Order and EFIH Partial Second Lien Repayment Order, in each case that are effective and not subject to a stay, and for the avoidance of doubt, whether or not the Borrower makes the EFIH Second Lien Repayment. For the avoidance of doubt, the Borrower may file a motion requesting the entry of the Amended Final Order and the EFIH Partial Second Lien Repayment order as provided in clause (b) of this Section immediately upon the Consent Effective Date.

(b) Within three (3) Business Days after the date of this Consent, the Borrower shall file the Motion.

(c) By no later than March 13, 2015, the Amended Final Order and EFIH Partial Second Lien Repayment Order shall have been entered by the Bankruptcy Court.

Notwithstanding the foregoing, the failure to satisfy any of the conditions in Sections 4(b) and (c) shall not constitute a Default or an Event of Default, but shall only terminate the consents of the Agent and Required Lenders under Section 1.

Section 5    **Counterparts**. This Consent may be executed by one or more of the parties to this Consent on any number of separate counterparts (including by facsimile or other electronic transmission), and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Section 6    **Applicable Law**. THIS CONSENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK AND TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

Section 7    **Headings**. The headings of this Consent are for purposes of reference only and shall not limit or otherwise affect the meaning hereof.

Section 8    **Notices**. All communications and notices hereunder shall be given as provided in the Credit Agreement.

Section 9    **Severability**. Any provision of this Consent that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

Section 10    **Successors**. The terms of this Consent shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

Section 11    **Effect of Consent**. Except as expressly set forth herein, this Consent shall not by implication or otherwise limit, impair, constitute a waiver of or otherwise affect the rights and remedies of the Lenders or the other Secured Parties under the Credit Agreement or any other Credit Document, and shall not alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement or any other provision of either such agreement or any other Credit Document, and Borrower acknowledges and agrees that each of the Credit Documents to which it is a party or otherwise bound shall continue in full force and effect and that all of its obligations thereunder shall be valid and enforceable and shall not be impaired or limited by the execution or effectiveness of this Consent. Each and every term, condition, obligation, covenant and agreement contained in the Credit Agreement or any other Credit Document is hereby ratified and re-affirmed in all respects and shall continue in full force and effect. Borrower reaffirms its obligations under the Credit Documents to which it is party and the validity of the Liens granted

by it pursuant to the Security Documents. From and after the effective date of this Consent, all references to the Credit Agreement in any Credit Document shall, unless expressly provided otherwise, refer to the Credit Agreement as supplemented by this Consent. In entering into this Consent, each Lender has undertaken its own analysis and has not relied on any other Lender in making its decision to enter into this Consent.

[Signature Pages Follow]

# EXHIBIT 2

**Second Consent to Partial Repayment**

**CONSENT**, dated as of March 6, 2015 (this "**Consent**"), among Energy Future Intermediate Holding Company LLC, a Delaware limited liability company and a debtor and debtor-in-possession ("**EFIH**"), EFIH Finance Inc., a Delaware corporation and a debtor and debtor-in-possession ("**EFIH Finance**" and together with EFIH, the "**Borrower**"), in a case pending under chapter 11 of the Bankruptcy Code, the undersigned Lenders (as defined below) to the Credit Agreement referred to below, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent (collectively, the "**Agent**"). Unless otherwise indicated, all capitalized terms used herein and not otherwise defined herein shall have the respective meanings provided to those terms in the Consent to Second Lien Repayment (as defined below) or the Credit Agreement (as amended, modified, supplemented and/or waived by the Consent to Second Lien Repayment and hereby), as applicable.

WHEREAS, the Borrower, the lending institutions from time to time parties to the Credit Agreement (each a "**Lender**" and, collectively, the "**Lenders**"), the Agent, and other parties from time to time party thereto, are parties to the Senior Secured Superpriority Debtor-In Possession Credit Agreement, dated as of June 19, 2014 (as amended, modified or supplemented by that certain Consent (the "**Consent to Second Lien Repayment**"), dated as of February 12, 2015, by and among the Borrower, the Lenders party thereto and the Agent and as further amended, modified or supplemented from time to time, the "**Credit Agreement**");

WHEREAS, subject to the terms and conditions set forth below, the undersigned Required Lenders and the Agent are willing to consent to certain actions of the Borrower as set forth below;

NOW, THEREFORE, in consideration of the premises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

Section 1    **Consent**. Notwithstanding any provision of the Credit Agreement, the Consent to Second Lien Repayment or any other Credit Document, the Agent and Required Lenders hereby agree and consent to:

(a)    the use of proceeds of the Second Lien Repayment by the Prepetition Second Lien Trustee to satisfy its reasonable fees, and those of its agents and attorneys, subject to the terms of the Amended Final Order;

(b)    the Borrower (i) filing or seeking to file the EFIH Partial Second Lien Repayment Order as modified and substantially in the form attached hereto as <u>Exhibit A</u> and (ii) filing or seeking to file the Amended Final Order, in each case, as may be modified with the written consent (including, for the avoidance of doubt, via e-mail approval from such Lenders or their advisors) of the Agent and the Required Lenders; and

(c)    (i) the EFIH Partial Second Lien Repayment Order attached hereto as <u>Exhibit A</u> (or as further modified with the consent of Required Lenders as contemplated above) shall replace and constitute the EFIH Partial Second Lien Repayment Order under the Consent to Second Lien Repayment and (ii) the Amended Final Order may be further modi-

fied with the consent of the Agent and the Required Lenders as contemplated above, and such modified Amended Final Order, if any, shall replace and constitute the Amended Final Order under the Consent to Second Lien Repayment.

For the avoidance of doubt, (a) nothing herein shall be construed to obligate the Borrower to make the Second Lien Repayment, (b) upon entry of the Amended Final Order and the EFIH Partial Second Lien Repayment Order the Lenders who signed the Consent to Second Lien Repayment as required by section 4(a) of the Consent to Second Lien Repayment shall receive the Consent Fee (as defined therein) in accordance with the terms thereof (regardless of whether or not they agree to this Consent), and (c) the failure to obtain entry of the Amended Final Order and EFIH Partial Second Lien Repayment Order by March 13, 2015 shall terminate the consents of the Agent and the Required Lenders hereunder.

Section 2    **Representations and Warranties, No Default**. The Borrower represents and warrants to the Lenders as of the Consent Effective Date (as defined below):

(a)    Subject to the terms of the Final Order, Borrower has the corporate or other organizational power and authority to execute, deliver and carry out the terms and provisions of this Consent and has taken all necessary corporate or other organizational action to authorize the execution, delivery and performance of this Consent. Borrower has duly executed and delivered this Consent and, subject to the terms of the Final Order, this Consent constitutes the legal, valid and binding obligation of Borrower enforceable in accordance with its terms, subject to the effects of bankruptcy, insolvency, fraudulent conveyance, reorganization and other similar laws relating to or affecting creditors' rights generally and general principles of equity (whether considered in a proceeding in equity or law); and

(b)    At the time of and after giving effect to this Consent, no Default or Event of Default has occurred and is continuing.

Section 3    **Conditions to Effectiveness of Consent**.

(a) This Consent shall become effective on the date (the "**Consent Effective Date**") on which the Agent shall have received executed signature pages to this Consent from the Required Lenders, Deutsche Bank AG New York Branch, as Administrative Agent and Collateral Agent, and the Borrower.

(b) The Agent shall notify the Borrower and the Lenders of the Consent Effective Date promptly after the occurrence thereof.

Section 4    **Counterparts**. This Consent may be executed by one or more of the parties to this Consent on any number of separate counterparts (including by facsimile or other electronic transmission), and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

Section 5    **Applicable Law**. THIS CONSENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK AND TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

Section 6   **Headings**.  The headings of this Consent are for purposes of reference only and shall not limit or otherwise affect the meaning hereof.

Section 7   **Notices**.  All communications and notices hereunder shall be given as provided in the Credit Agreement.

Section 8   **Severability**.  Any provision of this Consent that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

Section 9   **Successors**.  The terms of this Consent shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

Section 10  **Effect of Consent**.  Except as expressly set forth herein, this Consent shall not by implication or otherwise limit, impair, constitute a waiver of or otherwise affect the rights and remedies of the Lenders or the other Secured Parties under the Credit Agreement or any other Credit Document, and shall not alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement or any other provision of either such agreement or any other Credit Document, and Borrower acknowledges and agrees that each of the Credit Documents to which it is a party or otherwise bound shall continue in full force and effect and that all of its obligations thereunder shall be valid and enforceable and shall not be impaired or limited by the execution or effectiveness of this Consent.  Each and every term, condition, obligation, covenant and agreement contained in the Credit Agreement or any other Credit Document is hereby ratified and re-affirmed in all respects and shall continue in full force and effect.  Borrower reaffirms its obligations under the Credit Documents to which it is party and the validity of the Liens granted by it pursuant to the Security Documents.  From and after the effective date of this Consent, all references to the Credit Agreement in any Credit Document shall, unless expressly provided otherwise, refer to the Credit Agreement as supplemented by this Consent.  In entering into this Consent, each Lender has undertaken its own analysis and has not relied on any other Lender in making its decision to enter into this Consent.

[Signature Pages Follow]