**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### STIPULATION AND CONSENT ORDER EXTENDING
### CERTAIN DEADLINES IN THE FINAL CASH COLLATERAL ORDER

Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC ("EFCH"), certain of TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases (collectively with TCEH and EFCH, the "TCEH Debtors"), Wilmington Trust, N.A., as successor collateral agent (the "First Lien Collateral Agent") and successor administrative agent (the "First Lien Administrative Agent") under that certain Credit Agreement dated as of October 10, 2007 (as amended, modified, or supplemented from time to time), Delaware Trust Company (f/k/a CSC Trust Company of Delaware), as successor indenture trustee (the "First Lien Notes Trustee") under that certain Indenture dated April 19, 2011, for the 11.50% senior secured notes due October 1, 2020, and the unofficial committee of certain unaffiliated holders of, *inter alia*, first lien senior secured claims against the TCEH Debtors (the "TCEH First Lien Ad Hoc Committee") hereby stipulate and agree as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not

A.   On April 29, 2014, each of the TCEH Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court") commencing these chapter 11 cases. These cases are jointly administered and have been consolidated for procedural purposes only.

B.   The TCEH Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

C.   On June 6, 2014, the Court entered the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order")[2] [Docket No. 855].

D.   On August 8, 2014, the Court entered the *Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* (the "First Challenge Period Stipulation") [Docket No. 1771] pursuant to which, *inter alia*, the Court modified the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order for parties in interest to challenge the stipulations and admissions contained in the Final Cash Collateral Order.

---

provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have meaning ascribed to such terms in the Final Cash Collateral Order.

E.    On September 19, 2014, the Court entered the *Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* (the "Second Challenge Period Stipulation") [Docket No. 2083] pursuant to which, *inter alia*, the Court modified the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order for parties in interest to challenge the stipulations and admissions contained in the Final Cash Collateral Order.

F.    On November 5, 2014, the Court entered the *Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* (the "Third Challenge Period Stipulation") [Docket No. 2704] pursuant to which, *inter alia*, the Court modified the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order for parties in interest to challenge the stipulations and admissions contained in the Final Cash Collateral Order.

G.    On December 2, 2014, the Court entered the *Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* (the "Fourth Challenge Period Stipulation") [Docket No. 2916] pursuant to which, *inter alia*, the Court modified the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order for parties in interest to challenge the stipulations and admissions contained in the Final Cash Collateral Order.

H.    On January 27, 2015, the Court entered the *Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* (the "Fifth Challenge Period Stipulation", and together with the First Challenge Period Stipulation, the Second Challenge Period Stipulation, the Third Challenge Period Stipulation and the Fourth Challenge Period Stipulation, the "Prior Challenge Period

Stipulations") [Docket No. 3380] pursuant to which, *inter alia*, the Court modified the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order for parties in interest to challenge the stipulations and admissions contained in the Final Cash Collateral Order.

I. On February 19, 2015, the official committee of unsecured creditors of the TCEH Debtors (the "TCEH Committee") filed the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims* [Docket No. 3593] (the "TCEH Committee Standing Motion"), pursuant to which the TCEH Committee seeks standing to bring certain alleged claims and causes of action on behalf of the TCEH Debtors.

J. On February 19, 2015, the ad hoc group of certain holders of unsecured notes issued by TCEH (the "Ad Hoc Noteholder Group") filed the *Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims* [Docket No. 3603] (the "Ad Hoc Noteholder Group Standing Motion"), pursuant to which the Ad Hoc Noteholder Group seeks standing to bring certain alleged claims and causes of action on behalf of the TCEH Debtors.

K. On February 19, 2015, the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding

Company LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee", and together with the TCEH Committee and the Ad Hoc Noteholder Group, the "Movants") filed the *Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates* [Docket No. 3605] (the "EFH Committee Standing Motion", and together with the TCEH Committee Standing Motion and the Ad Hoc Noteholder Group Standing Motion, the "Standing Motions"), pursuant to which the EFH Committee seeks standing to bring certain alleged claims and causes of action on behalf of Luminant Generation Company LLC and certain of its subsidiaries.

L. On March 3, 2015, certain parties (the "Objectors") filed objections and responses to the Standing Motions (collectively, with any other objections or responses that may be filed with the Court, the "Objections").

**NOW, THEREFORE,** it is hereby ordered, agreed and stipulated that the Final Cash Collateral Order and Prior Challenge Period Stipulations shall be, and hereby are, modified solely as follows (hereinafter, the "Stipulation"):

1. Solely with respect to the Movants and, with respect to such Movants, solely to the extent any stipulations and admissions were expressly challenged in the Standing Motions or the draft complaints attached thereto (the "Express Challenges"), the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order (as modified by the Prior Challenge Period Stipulations) to challenge the stipulations and admissions contained in the Final Cash Collateral Order is extended to April 17, 2015, subject to further extension by written agreement of the TCEH Debtors, the Prepetition First Lien Agents, the TCEH First Lien Ad Hoc Committee, and any

individual Prepetition First Lien Creditor that is the subject of a Challenge solely with respect to the Challenge Period relating to such Challenge, each acting in their sole discretion. For all parties in interest other than the Movants and, with respect to such Movants, for any challenges other than the Express Challenges, the deadline established pursuant to paragraph 15 of the Final Cash Collateral Order (as modified by the Prior Challenge Period Stipulations) to challenge the stipulations and admissions contained in the Final Cash Collateral Order shall remain March 13, 2015.

2. Each of the Movants shall be permitted to file and serve a reply to the Objections by no later than 4:00 p.m. (Eastern Time) on Wednesday, April 1, 2015.

3. The hearing on the Standing Motions (the "Hearing") will be held on Tuesday, April 14, 2015 at 9:30 a.m. (Eastern Time), unless otherwise agreed to by the parties hereto or as directed by the Court, subject to paragraph 4.

4. Nothing herein shall modify in any respect this Court's *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [Docket No. 2051]. To the extent any notice is provided to Movants pursuant to paragraph 2 thereof prior to the Hearing, Movants reserve the right to seek an expedited resetting of the Hearing, as may be necessary, with any Objectors reserving all rights to challenge such resetting.

5. This Stipulation shall be, upon approval by the Court, binding on all parties in interest in the above-captioned proceedings and contains the entire agreement by and between the parties hereto, and all prior understandings or agreements, if any, are merged into this Stipulation. No representations have been made or relied upon by the parties, except as set forth herein.

Dated: March 10, 2015
Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:         collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:         james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the TCEH Debtors*

        */s/ Michael D. DeBaecke*
**BLANK ROME LLP**
Michael D. DeBaecke (Bar No. 3186)
Stanley B. Tarr (Bar No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6400

-and-

**SEWARD & KISSEL LLP**
John R. Ashmead (admitted *pro hac vice*)
Mark D. Kotwick (admitted *pro hac vice*)
Arlene R. Alves (admitted *pro hac vice*)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to the First Lien Collateral Agent*

/s/ Michael D. DeBaecke
**BLANK ROME LLP**
Michael D. DeBaecke (Bar No. 3186)
Stanley B. Tarr (Bar No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6400

-and-

**SEWARD & KISSEL LLP**
John R. Ashmead (admitted *pro hac vice*)
Mark D. Kotwick (admitted *pro hac vice*)
Arlene R. Alves (admitted *pro hac vice*)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to the First Lien Administrative Agent*

*/s/ Neil B. Glassman*
_____
**BAYARD, P.A.**
Neil B. Glassman (Bar No. 2087)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com

-and-

**PERKINS COIE LLP**
Tina Moss (admitted *pro hac vice*)
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0015
Telephone: (212) 262-6910
Facsimile: (212) 977-1648

*Counsel to the First Lien Notes Trustee*

/s/ Pauline K. Morgan
---
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M .Bartley (Bar No. 4985)
Andrew Magaziner (Bar No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Kelley A. Cornish (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*

SO ORDERED this 10th day of March, 2015:

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge