GODFREY & KAHN, S.C.
One East Main Street
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| | x | |
| In re | : | **Chapter 11** |
| | : | |
| ENERGY FUTURE HOLDINGS CORP. *et al.,* | : | **Case No. 14-10979 (CSS)** |
| | : | |
| Debtor-in-Possession. | : | **(Jointly Administered)** |
| | | **(D.I. 1888)** |
| | X | |

-------------------------------------------------------------

**Objection deadline:  April 3, 2015 at 4:00 p.m.**
**Hearing date: To be Determined.**

**FIRST INTERIM APPLICATION OF RICHARD GITLIN, INDIVIDUALLY, AND AS
CHAIRMAN OF GITLIN & COMPANY LLC, AS THE INDEPENDENT MEMBER OF
THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FROM AUGUST 21, 2014 THROUGH DECEMBER 31, 2014</u>**

## SUMMARY (LOCAL FORM 101)

| | |
|---|---|
| Name of Applicant: | Richard Gitlin, individually and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee ("the **Applicant**") |
| Authorized to Provide Services to: | Fee Committee |
| Date of Appointment: | August 21, 2014 |
| Period for which compensation and reimbursement is sought: | August 21, 2014 - December 31, 2014 (the "**Compensation Period**") |
| Amount of Compensation sought as actual, reasonable and necessary: | $216,093.03 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $2,567.47 |

This is an: _X_ interim ____ final application.

The total time expended for fee application preparation is 0 hours and the compensation requested is $0.

| | |
|---|---|
| Prior fee applications: | None |

## ATTACHMENTS TO FEE APPLICATION

### EXHIBIT A:  EXPENSE SUMMARY

Attached to this Application as Exhibit A, in compliance with Local Rule 2016-2(c)(ii) is a summary, by category, of the expenses for which the Applicant requests reimbursement.

### EXHIBIT B:  DETAILED TIME RECORDS-GITLIN & CO., LLC

Detailed records summarizing the services provided by the Applicant are attached to this Application as Exhibit B.

## FEE APPLICATION

Richard Gitlin, individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, appointed in these cases submits this *First Interim Application of Richard Gitlin, Individually and as Chairman of Gitlin & Company LLC, as Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-2.  Pursuant to the flat fee compensation arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation for professional services from August 21, 2014 through December 31, 2014 and for reimbursement of actual and necessary expenses from August 21, 2014 through December 31, 2014 (the "**Compensation Period**").

The Applicant requests retrospective Court approval of a total of $216,093.03 in fees and $2,567.47 in expenses.  This total would, if expressed in terms of an hourly rate, reflect a rate of $943.64.

## **BACKGROUND**

1.      On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases.  The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3.      This Fee Application covers the first four full calendar months of the Applicant's service—from August 21, 2014 through December 31, 2014.  During that period, the Fee Committee reviewed at least 14 interim fee applications (corresponding to the first interim fee period, April 29, 2014 through August 31, 2014), totaling approximately $63,489,620.29 in fees for professional services and $2,667,272.38 in expense reimbursements.[1]

## THE APPLICANT

4.      Richard A. Gitlin has extensive experience with domestic and international financial and corporate restructuring.  He has served as an advisor to the International Monetary Fund as well as the governments of Canada, Korea, Indonesia and Mexico regarding corporate and/or sovereign restructuring reform.  Mr. Gitlin was a founder and former president of the American Bankruptcy Institute, Chair of the American College of Bankruptcy, and Chairman of INSOL International.  Mr. Gitlin also served as Chair of the Fee Committee in the Lehman Brothers Holdings chapter 11 proceedings.  *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y.).

---

[1] Pursuant to the *Order Establishing procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "**Interim Compensation Order**"), the Retained Professionals generally have received each month on an interim basis 80 percent of the amounts they have invoiced for their services and 100 percent of their expenses—all subject to adjustment, objection, and Court approval.

## FEE COMMITTEE PROCESS

5.      As of the date of this Application, the Fee Committee has met at least eight times, most often in person but, occasionally, by telephone.  During its initial meetings, the Fee Committee developed and adopted standards (the "**Fee Committee Standards**") for fee review and resolution of interim and final fee applications.

6.      Through the Chair and counsel, Godfrey & Kahn, S.C., the Fee Committee distributed the Fee Committee Standards and other expectations to the Retained Professionals with a series of written memoranda and open conference calls.

7.      At the Fee Committee's direction, counsel very generally reviewed all monthly statements issued by Retained Professionals and issued preliminary correspondence to each monthly fee applicant outlining objections the Fee Committee may raise in connection with the interim fee application process, particularly with respect to expenses.

8.      Once Retained Professionals began filing first interim fee applications in late October, counsel analyzed the applications, the associated retention documents and orders, as well as expense requests and time records, all under the supervision of the Fee Committee and the Chair.

9.      The fee review process for the first interim fee applications began with a data analysis by Fee Committee counsel, reviewing the applications for accuracy and quantitative inconsistencies.  Fee Committee counsel analyzed the applications line-by-line, assigning annotations or codes to each time entry potentially subject to question for quantitative and/or qualitative reasons.

10.     The results of this analysis were presented to the Fee Committee, which discussed them at length during its meetings.  The Fee Committee, under the supervision of the Chair ultimately agreed unanimously on a letter report (the "**Report**") for each Retained Professional.

These Reports, consistent with the Fee Committee Order and Fee Committee Standards, raised questions, outlined concerns, and defined areas where the application of the Bankruptcy Code and Rules, the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**"), and case law may suggest an adjustment to the fees sought.

11.     The Fee Committee and Chair communicated with each Retained Professional regarding its fee application; sought additional explanations and supporting documentation from many of them through counsel; and negotiated significant stipulated reductions with the Fee Committee's guidance.

12.     As documented in status reports filed with the Court, as a result of the Fee Committee's efforts, no contested fee hearing has been required—all first interim fee applications, with the exception of two professionals that remain in productive discussions with the Fee Committee, have been consensually resolved.[2]

13.     The Fee Committee also has instituted a budget process that, with the cooperation of the Retained Professionals, will provide both benchmarks and projections for fees to be incurred to help reduce the amount of duplicative services.

14.     To complement the budget process, the Fee Committee has initiated meetings with the Debtors' management team, the Debtors' principal counsel, T-Side Creditors' Committee representatives, E-Side Creditors' Committee representatives, and independent directors' counsel and advisors, to discuss supervision and coordination of each Retained Professional and the management of professional fees.  The Fee Committee's focus in these

---

[2] Two other professionals filed their first interim fee applications late and have agreed that their first and second fee applications will be considered together consistent with the timeline the Fee Committee has established for the second interim fee application process.

meetings has been largely, though not solely, the scope of each professional's role in these cases to monitor for duplication and overlap between and among firms.

## DESCRIPTION OF SERVICES PROVIDED

15.     During the Compensation Period, the Chair presided over all Fee Committee meetings, which occurred in person on October 2, 2014, November 17, 2014, and December 15, 2014, and, telephonically, on October 8, 2014 and December 28, 2014.  The Chair designed or approved each meeting agenda and the format for the Reports submitted to each Retained Professional.  He has requested counsel to provide background memoranda and formal communications with Retained Professionals to maintain open lines of communication.  He has conducted numerous individual conferences and conversations with the Fee Committee's members and, on occasion, with the principal counsel for the Retained Professionals.  He has appeared before the Court and, after the Court has commented on the applications before it, he has provided an overview of the review process and the development and application of the compensation standards.  His experience as a bankruptcy practitioner and as the chairman of the Fee Committee in *Lehman Brothers* have provided a basis to resolve differences, whether in discussions within the Fee Committee or in negotiations with Retained Professionals.

## REQUEST FOR APPROVAL OF COMPENSATION

16.     Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

17.     The Applicant requests that the Court approve this Fee Application, incorporating services and expenses incurred during the Compensation Period, because he has completed his assignment in a timely, efficient and effective manner.

A.     The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts for professional services inadvertently, improvidently or inappropriately billed to the estates.

B.     The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

C.     All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

18.     The Applicant has received a fixed $50,000 payment each month for Fee Committee Chair services for September through December 2014 (and thereafter) and a pro-rated $16,093.03 payment for August 2014.  This flat fee payment was authorized by the court both in the Fee Committee Order and the Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee [D.I. 2065] (the "**Godfrey & Kahn Retention Order**").

19.     The aggregate amount of $216,093.03 in flat fees has been conditionally paid to the Chair, subject to the filing of this Application and further order of this Court.  The Applicant now seeks retrospective Court approval of these payments.

20.     There is no agreement or understanding between the Applicant and any other entity for the sharing of compensation to be received.

21.     The Applicant respectfully maintains that the services provided were actual and necessary to the administration of the fee examination process in these cases.  The fee review

process is a statutory mandate in all chapter 11 cases. Given the size and complexity of these cases, however, the parties agreed to the creation of a Fee Committee to aid both the U.S. Trustee and the Court.

22.    In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    The time spent on such services;
>
> (B)    The rates charged for such services;
>
> (C)    Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E)    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title;

11 U.S.C. § 330.

23.    The requested compensation and reimbursement meet the statutory requirements for allowance. The Applicant has completed his work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved. The Applicant has demonstrated skill in bankruptcy, generally, and in the bankruptcy fee review context, specifically.

24. Moreover, the requested compensation is reasonable because it is no more than the customary compensation charged by comparably skilled professionals in other bankruptcy contexts, such as a Chapter 11 Examiner.

25. Accordingly, approval of the requested compensation is warranted.

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED DURING THE COMPENSATION PERIOD**

26. The Chair incurred total expenses from August 21, 2014 through December 31, 2014 in the amount of $2,567.47.  Exhibit A itemizes the Chair's requested expense reimbursement.

27. The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has provided no expensed services in-house.

28. The expenses are actual, reasonable and necessary in light of the scope of the Applicant's appointment to aid in the administration of these cases.

**NOTICE**

29. Notice of this Fee Application has been provided to the parties in interest in accordance with the Interim Compensation Order.  The Applicant submits that such notice is sufficient and that no other or further notice need be provided.

30. No previous request for the relief sought has been made by the Applicant to this or any other Court for these matters.

**CONCLUSION**

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $216,093.03 in fees and $2,567.47 in actual and necessary expenses incurred during the Compensation Period.

Dated: March 13, 2015.

PHILLIPS, GOLDMAN & SPENCE, P.A.

By:      */s/ Aaron C. Baker*
Aaron C. Baker (Bar No. 5588)
Stephen W. Spence
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Phone: (302) 655-4200
Fax:  (302) 655-4210
E-mail: acb@pgslaw.com
          sws@pgslaw.com

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

## CERTIFICATION

The Chair has reviewed the requirements of Local Rule 2016-2 and certifies that the

motion complies with Local Rule 2016-2.

GITLIN & COMPANY LLC                    GODFREY & KAHN, S.C.


_/s/ Richard A. Gitlin_                    _/s/ Katherine Stadler_
Richard A. Gitlin                         Brady C. Williamson
Fee Committee Chair                       Katherine Stadler

                                          GODFREY & KAHN, S.C.
                                          One East Main Street, Suite 500
                                          P.O. Box 2719
                                          Madison, Wisconsin 53701-2719
                                          Telephone: (608) 257-3911
                                          Facsimile: (608) 257-0609
                                          E-mail: bwilliam@gklaw.com
                                                  kstadler@gklaw.com
                                          _Attorneys for the Fee Committee_

13248289.1