# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California  94104

Mark E. McKane
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

March 13, 2015

**VIA HAND DELIVERY**

Hon. Christopher S. Sontchi
824 North Market Street
5th Floor
Wilmington, DE 19801

Re: *In re Energy Future Holdings Corporation, et al.,* Case No. 14-10979 (Bankr. Del.)

Dear Judge Sontchi:

Pursuant to Paragraphs 8(d) and 14 of the Legacy Protocol[1], the Debtors respectfully submit this letter and request that the Court modify Paragraph 8(c) of the Legacy Protocol to permit: (1) completion by March 27, 2015 of the Debtors' production of responsive non-privileged documents identified during the privilege review, and (2) completion of privilege logs shortly thereafter but no later than April 15, 2015, in order to provide adequate time for the Debtors to complete their rolling submission of privilege logs.

The breadth and scope of Legacy Discovery is staggering. As described below, the Debtors used all available resources to comply with all Legacy Protocol deadlines. These efforts are self-evident in the more than 766,000 documents (totaling more than 5.2 million pages) the Debtors have produced to date in response to Legacy Requests. But the overbroad and burdensome nature of the Legacy Requests resulted in a volume of potentially privileged documents larger than reasonably anticipated. The Debtors are well into the privilege review and logging process and have already produced five privilege log installments totaling more than 20,000 entries spanning more than 1,000 pages, but were unable to complete their rolling production of privilege logs by the Legacy Protocol's February 26, 2015 deadline.

---

[1] *Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, Its Affiliates, and Certain Third Parties and Other Related Matters* [D.I. 1832], August 13, 2014 ("Legacy Protocol"), as amended by the *Notice of Agreement to Extend Deadlines in Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, Its Affiliates, and Certain Third Parties and Other Related Matters* [D.I. 2748], November 12, 2014.

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 2

Prior to the February 26 deadline, the Debtors proactively solicited the agreement of all Legacy Participants and, over several weeks, negotiated at length with the Official Committee of Unsecured Creditors (the "Committee" or "T-Side Committee") in an attempt to modify that deadline without Court intervention.   After extensive negotiations, the Debtors and the Committee reached a tentative resolution, but the Ad Hoc Group of Unsecured TCEH Noteholders (the "TCEH Ad Hoc Group") has refused to agree to the proposed resolution. Instead, the TCEH Ad Hoc Group has proposed to extend the deadlines for TCEH Creditor Representatives to identify claims and seek standing by an additional 60 days, which has prompted the T-Side Committee to withdraw from its preliminary consent to the resolution negotiated with the Debtors.  As the Court may recall, the TCEH Ad Hoc Group, the TCEH Second Lien Noteholders, and the T-Side Committee agreed in the Case Matters Protocol[2] to identify all claims by March 31, 2015, an important step in facilitating the full and complete resolution of all issues in these complex cases.  The TCEH Ad Hoc Group now urges an extension of that deadline on the grounds that Debtors have not finished their privilege log production.  But such an extension is unnecessary and unwarranted, particularly in light of the Debtors' proposed resolution of both issues.

The Debtors' compromise resolution—to which the Committee had tentatively consented subject to the TCEH Ad Hoc Group's support—would: (1) prioritize any remaining productions ahead of privilege logs by permitting completion of privilege review-related productions by March 27, 2015, and completion of privilege logs shortly thereafter but no later than April 15, 2015; and (2) modify the parameters of the claims identification deadline and waiver provision set forth in the Case Matters Protocol to maintain the March 31 claims identification deadline for claims that can be identified from documents and materials provided through February 2015. The proposed resolution appropriately recognizes the inherent link between the Legacy document productions and efforts by creditor representatives to identify claims, and by maintaining a March 31 claims identification deadline for documents and materials that the Debtors provided through February 2015, will assist all parties in moving toward consensual resolution and an agreed-upon and confirmable plan of restructuring.   The current claims identification deadline of March 31 was specifically premised on completion of the Debtors' document production by February 9, 2015, which the Debtors achieved and certified.  But now the Ad Hoc Group seeks to re-trade that deal by demanding to further extend the claims identification and standing deadlines with no identification of any potential claims until May 31, in an attempt to hold the Debtors hostage over the privilege log deadline that ignores the more than 766,000 documents and associated diligence provided to date.

---

[2] *Stipulation And Agreed Order Regarding A Protocol For Certain Case Matters*, [D.I. 2051], (the "Case Matters Protocol") entered September 16, 2014, as amended by the *Stipulation And Agreed Order Extending Dates in Order Regarding A Protocol For Certain Case Matters*, [D.I. 2760].

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 3

Accordingly, the Debtors respectfully request that this Court enter an Order substantially in the form of the Proposed Order, attached as **Exhibit A**, to modify Paragraph 8(c) of the Legacy Protocol to permit completion by March 27, 2015 of production of responsive non-privileged documents identified during the privilege review, and completion of privilege logs shortly thereafter but no later than April 15, 2015.

## I.    BACKGROUND

### A.    The Legacy Protocol

Since the Petition Date, the Debtors have worked cooperatively with all parties-in-interest to provide documents and information.  To this end, on August 13, 2014, the Debtors and other parties agreed on, and the Court entered as an Order, the Legacy Protocol establishing a process and timeline for providing prepetition discovery so that parties-in-interest might identify potential claims.  The Legacy Protocol specified 11 topics for investigation and set aggressive deadlines for completion of all document productions—60 days for substantial completion and 80 days for full completion, with privilege logs due 21 days after substantial completion (or 1 day after full completion)).  (Legacy Protocol ¶¶ 1, 5(h) and 8(c).)

### B.    The Initial Consolidated Requests

On September 12, 2014, the Debtors received a vast set of Initial Consolidated Requests (the "Requests") from the Committee and other Legacy Participants.  The Requests contain 212 individual document requests covering an expansive range of topics for 7-10 years prepetition in most instances, and more than 15 years prepetition in others.  These requests were on top of an additional 112 document requests previously served in connection with the T-Side Committee's First Lien Investigation.  The Debtors began their document collection and review effort even before receiving the Legacy Requests, and redoubled their efforts with the new Requests in hand.  Negotiations over search terms and objections began almost immediately and continue today.

### C.    Extension of Legacy and Claims Identification Deadlines

By August 2014—even before the Initial Consolidated Requests were served—the Debtors had already begun producing a substantial volume of documents that would enable Legacy Participants to identify potential claims.  By early November, the Debtors had produced more than 225,000 documents.  But given the breadth and scope of discovery sought, it was already apparent that more time would be necessary and after negotiations led by the Debtors and T-Side Committee, the parties agreed on November 12, 2014 to extend the aggressive production deadlines.  (Discovery Extension Notice [D.I. 2748].)  The "substantial completion" deadline was extended 60 days (from November 12 to January 12); and the full completion deadline was extended 70 days (from December 1 to February 9).  Knowing that it would take

3

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 4

time to review and log those documents initially identified as privileged, the parties agreed to adjust the privilege log deadline 86 days (from December 2 to February 26).

In parallel with these adjustments to the Legacy Protocol deadlines, the parties agreed to extend the deadlines for T-Side creditors to identify claims and seek standing to pursue them to March 31 and April 30, respectively.  (Case Matters Protocol [D.I. 2760, amending D.I. 2051].)  The simultaneous adjustment of the claims identification and standing deadlines provided 50 days after the full completion deadline for TCEH Creditor Representatives to review and analyze documents to identify claims by March 31.

### D. The Debtors Have Provided Extensive Legacy Discovery and Complied with All Prior Deadlines

The scope and breadth of legacy discovery in this proceeding is staggering.  Beyond the formal requests described above, the Committee, as the liaison for the Legacy Discovery Participants, has also made countless priority, follow-up and informal diligence requests; and the Debtors have diligently considered and responded on a continuing basis.

As further detailed in the Debtors' January 12 and February 9 notices of substantial and full completion of the initial phase of legacy discovery (enclosed herein as **Exhibits B and C**, respectively), the Debtors have, among other things: conducted extremely broad searches, including agreeing to more than 350 search terms for more than 35 custodians of the Debtors and third-parties, conducted targeted collections of potentially responsive documents, reviewed shared drives and data rooms, actively negotiated with the Committee and other Participants through regular correspondence and numerous meet and confer sessions.  Beginning in late August (*i.e.,* before the Initial Consolidated Requests were served), the Debtors have made rolling productions *every single week to date*—including the weeks of Thanksgiving, Christmas, and New Year's Day.  Over the course of 30 consecutive weeks from August to present, the Debtors have produced, on average, approximately *25,500 documents per week*.  As of today, they have produced over *766,000 documents, consisting of approximately 5.2 million pages*.

Consistent with these efforts, as of the February 9 full completion date, the Debtors had produced over 690,000 documents, consisting of approximately 4.5 million pages, all without seeking Court intervention, despite numerous disagreements over scope, breadth, and burden.  Importantly, the Debtors' February 9 full completion notice made clear that their privilege review was ongoing and additional documents would be produced as part of that review.

### E. Privilege Review and Privilege Logs

Since February 9 (and well before that date), the Debtors have worked diligently to review and log responsive documents as privileged.  As is common with any privilege review,

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 5

the Debtors have determined that not all initially withheld documents are privileged and thus have continued their weekly productions as well as providing the privilege log on a rolling basis.

The Debtors have already produced the first five installments of their privilege log, including three installments by February 26. To date, the privilege log contains more than 20,000 entries spanning more than 1,000 pages, plus additional entries describing communications solely between the Debtors and their numerous outside attorneys over a seven-year period. The Debtors have also made four productions since the February 9 full completion date, consisting of approximately 69,000 documents total—or a mere 10 percent of the 690,000 documents produced as of February 9. To date, approximately ***90 percent*** of the 766,000 documents produced in legacy discovery were produced by February 9.

Despite these best efforts, given the massive scope of discovery sought, an extension of the privilege log deadline is necessary for the Debtors to review and log everything in the current privilege queue. ***Although the privilege log will continue to be supplemented over the next month, that has no bearing on the TCEH Creditor Representatives' ability to identify claims, given that such identification results from documents produced, not documents withheld.***

### F.    Negotiations with the Committee

On February 20, the Debtors sought agreement from all Legacy Participants to extend the privilege log deadline. Several Participants agreed and some remained silent, but the T-Side Committee declined to agree absent an extension of their deadline to identify claims and seek standing. Although Debtors believed that the Committee's request was without basis, the Debtors engaged in good-faith negotiations in an effort to avoid the need for Court intervention. The Debtors understood that the Committee, as the liaison for the Legacy Discovery Participants, kept the other TCEH Creditor Representatives informed of the negotiations.

As the Debtors and the Committee neared an agreement on February 26, they believed a negotiated compromise would be reached. The Debtors indicated the potential need to bring the issue to the Court's attention in light of the Legacy Protocol's privilege log deadline. The Committee provided written assurance that, if a resolution was not reached, the Committee would not oppose the timing of any relief the Debtors might need to seek from the Court.

On Friday, March 6, following extensive negotiations, the Debtors and the Committee reached a tentative compromise. *First*, the proposed resolution would prioritize any remaining productions ahead of privilege logs by establishing March 27 as the deadline for production of responsive, non-privileged documents identified during the privilege review process, and extend the deadline for completion of privilege logs from February 26 to April 24. *Second*, Paragraph 9 of the Case Matters Protocol would be revised such that (1) the TCEH Creditor Representatives would be required by March 31, 2015 to make "commercially reasonable efforts" to identify

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 6

claims based on discovery and diligence provided by February 26, 2015, (2) the TCEH creditor representatives would disclose additional claims (if any) identified thereafter on a rolling basis until the standing motion deadline, and (3) the claims waiver provision would be modified to apply only to those claims not identified by the standing deadline. This compromise adequately addresses the extension to the Legacy Protocol privilege log deadline, and simultaneously provides the TCEH Creditor Representatives the opportunity to identify claims based on documents produced after February 26, 2015, while also ensuring the timely identification of claims necessary to move towards a resolution of all claims and a confirmable plan of restructuring.

On Monday, March 9, the TCEH Ad Hoc Group indicated they would not agree to the proposed changes and instead proposed a blanket 60-day extension for the Legacy Protocol's privilege log deadline, as well as the claims identification and standing motion deadlines. Specifically, the TCEH Ad Hoc Group's demand would extend the Case Matters Protocol deadlines to May 31 for claims identification, and June 30 for standing motions. Notably, counsel for the TCEH Ad Hoc Group claimed 60 days is necessary, in part, to allow additional time for depositions. But this ignores that the claims identification and standing deadlines have always been linked to the document production deadlines. Those deadlines have never been tied to depositions, which are provided for in the Legacy Protocol and which the Legacy Participants control. If the Ad Hoc Group believed depositions were necessary to meet the March 31 claims identification deadline, nothing prevented them from noticing those depositions.

## II.    BASIS FOR RELIEF

### A.    Cause Exists to Grant the Proposed Extension to the Legacy Protocol Deadlines with No Prejudice to Other Parties

The expansive nature of Legacy Discovery has resulted in a massive volume of potentially privileged documents. The Debtors simply need more time to complete the laborious privilege review and logging exercise that accompanies their production of more than 766,000 documents. But because the Debtors already produced millions of pages in a timely manner as contemplated by the Legacy Protocol, the creditors are well-equipped to identify by March 31, 2015—and in fact have already identified—potential claims without the need for an extension.

This Court has "broad discretion to manage discovery," *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012) *aff'd*, 587 F. App'x 741 (3d Cir. 2014); *see also Miller v. Hassinger*, 173 F. App'x 948, 954 (3d Cir. 2006) ("Typically, the management of discovery is committed to the sound discretion of the district court."), and "for cause shown may at any time in its discretion . . . order the [time] period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1); *see also In re Vaso Active Pharm., Inc.*, 500 B.R. 384, 400 n.107 (Bankr. D. Del. 2013).

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 7

The purpose of legacy discovery is to provide reasonable discovery to allow Participants to *identify* potential claims that may exist. For six months, the Debtors produced an average of approximately 25,500 documents per week and provided additional diligence and information to the Participants—especially the T-Side Committee—on all possible topics to facilitate claims investigations. There can be no doubt that all Legacy Participants, by virtue of the expansive discovery and diligence conducted to date, already have more than enough information to *identify* potential claims. Indeed, the Committee and others have already identified claims on several occasions, in writing and in meetings, not the least of which are the February 19, 2015 motions for standing to pursue claims, including the TCEH Ad Hoc Group's motion for standing. [D.I. 3593, 3603, 3605].

Moreover, the Case Matters Protocol that established the claims identification deadline already provides sufficient protection should the extension of the privilege log deadline affect the Committee's ability to timely identify claims. Case Matters Protocol ¶ 9 ("… the TCEH Creditor Representatives reserve the right to seek one or more orders extending such deadlines for cause shown, including the failure of the Debtor or K&E to fulfill their obligations under paragraph (6) above or the 2004 Discovery Protocol."). An equivalent extension of the claims identification deadline thus is unnecessary and unwarranted. The TCEH Ad Hoc Group's demand ignores the voluminous discovery and diligence the Debtors' have worked tirelessly to provide to date as well as the purpose of Legacy Discovery, and creates undue delay that will slow efforts to identify potential claims in a timely fashion and allow all parties to move toward consensual resolution and an agreed-upon and confirmable plan of restructuring.

The Debtors are nearing completion of their privilege review and privilege logs, the Participants have had hundreds of thousands of the Debtors' documents for months now, and there is no basis to extend the claims identification deadline or delay the administration of this case. In the event claims are identified after March 31, 2015 based on documents produced during the Debtors' privilege review, TCEH Creditor Representatives can request an extension for cause pursuant to the amended Case Matter Protocol Order [D.I. 2760]. If the Debtors produce a proverbial "smoking gun" on April 1, surely they can establish cause to extend its claims date and, accordingly, there can be no prejudice, nor material risk of waiver. Production of a small percentage of documents during the Debtors' privilege review and disclosures in a privilege log cannot render meaningless the more than 766,000 documents, roughly 5.2 million pages, and other information provided to date. There can be no doubt, however, that the Committee and the TCEH Creditor Representatives already have more than enough information to identify potential claims by March 31. The Debtors produced 90% of their documents by February 9. Production of a few more during privilege review is of no moment.

If this Court grants the Debtors' requested modifications to the privilege log deadline set forth in the Legacy Protocol, the Debtors would honor the proposed resolution, as negotiated with the T-Side Committee. Specifically, the Debtors will not oppose the Committee's request

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
March 13, 2015
Page 8

to amend Paragraph 9 of the Case Matters Protocol concerning the claims identification and standing motion deadlines for all TCEH Creditor Representatives, as described above.

For the reasons discussed above, the Debtors respectfully request that this Court enter the enclosed Proposed Order extending the Debtors' deadline to modify Paragraph 8(c) of the Legacy Protocol to permit completion by March 27, 2015 of production of responsive non-privileged documents identified during the privilege review, and completion of privilege logs shortly thereafter but no later than April 15, 2015.

Paragraph 14 of the Legacy Protocol requires any response to this letter be submitted within 5 business days after service, namely, March 20, 2015. Accordingly, the Debtors also request an opportunity to be heard on the foregoing issue as early as March 23, 2015, or as soon thereafter as is convenient for the Court.

Respectfully submitted,

*/s/ Mark E. McKane* _____

cc:    Official Service List of All Participants to EFH Legacy Discovery Protocol

Encl.

8