## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY ENOCH KEVER PLLC AS SPECIAL COUNSEL FOR CERTAIN REGULATORY AND LEGISLATIVE MATTERS, EFFECTIVE *NUNC PRO TUNC* TO MARCH 1, 2015

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Enoch Kever PLLC ("Enoch Kever") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to March 1, 2015, all as more fully set forth in the Application, the Kever Declaration, and the Doré Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Kever Declaration, or the Doré Declaration, as applicable.

Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Application, the Kever Declaration, the Doré Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is granted to the extent provided herein, effective *nunc pro tunc* to March 1, 2015.

2.     To the extent the Application, the Kever Declaration, the Doré Declaration, or the Engagement Letters, is inconsistent with this Order, the terms of this Order shall govern.

3.     The Debtors are authorized to retain and employ Enoch Kever as special counsel to represent the Debtors in connection with certain regulatory and legislative matters, in accordance with the terms and conditions set forth in the Application and the Engagement Letters, attached to this Order as **<u>Exhibit 1</u>**.

4.     Enoch Kever shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.     Enoch Kever is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letters.

6.     Enoch Kever shall apply for compensation for professional services rendered under the Legislative Engagement Letter and reimbursement of *all* expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Enoch Kever also intends to make

a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Enoch Kever in these chapter 11 cases.

7.    Enoch Kever's compensation set forth in the Consolidated Engagement Letter, including, without limitation, the Fixed Fee Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Enoch Kever shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Consolidated Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

8.    Enoch Kever shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by Enoch Kever for Services under the Consolidated Engagement Letter shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.

9.    Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Enoch Kever's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the

U.S. Trustee to challenge the reasonableness of Enoch Kever's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Enoch Kever's fees.

10.     Enoch Kever shall seek all outstanding fees incurred as a Tier 1 OCP from the Petition Date through and including February 28, 2015 pursuant to the terms and procedures as set forth in the OCP Order.

11.     Enoch Kever shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Enoch Kever to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

12.     Enoch Kever shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the current rates set forth in the Application or the Engagement Letters, as amended, are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13.     The Debtors and Enoch Kever are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     Notwithstanding any provision to the contrary in this Application, the Kever Declaration, the Doré Declaration, or the Engagement Letters, as amended, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**Engagement Letters**



Andrew Kever<br>
Direct: (512) 615-1201<br>
akever@enochkever.com

March 6, 2015

Stacey H. Doré
Energy Future Holdings
1601 Bryan St., 41st Floor
Dallas, Texas 75201

Re:    Engagement of ENOCH KEVER PLLC ("Firm") by Energy Future Holdings ("You" or "you" or "Company")

Dear Stacey:

Thank you for extending the Firm's engagement to represent Energy Future Holdings and its related wholesale and retail electricity sales and power generation companies held by Texas Competitive Electric Holdings Company LLC. This specifically includes Luminant Generation, Luminant Energy, Luminant ET, (together "Luminant"), TXU Energy and 4Change Energy (collectively "the Companies").

This will be the sixth consecutive year in which the lawyers in this firm have provided regulatory representation and counsel to some or all of the Companies on the basis of an annual fixed fee. We believe the willingness of both the Firm and the Companies to be open to annually reviewing the reasonableness of the fee and making adjustments as appropriate has resulted in a fair and value based engagement for the Companies. We appreciate the opportunity to continue to help you represent your clients.

This year the fixed fee agreement will again include matters within the jurisdiction of the Public Utility Commission of Texas ("PUCT"), compliance with laws and regulations enforced by the PUCT, the Federal Energy Regulatory Commission ("FERC"), NERC, TRE and ERCOT. In addition, the engagement for EFH Corp. includes regulatory issues that may arise in connection with the restructuring and reorganization pending before the bankruptcy court in the District of Delaware. As part of this representation, we understand that you will expect us to monitor potentially significant industry and legal developments, particularly in Texas, and to advise you and the Companies on possible implications for the Companies. As a matter of Firm policy, the Firm is required to provide you with this Engagement Letter in order to set out the specific terms applicable to the representation.

Specifically, the following terms and provisions apply to this engagement:

The Firm will provide this representation for calendar year 2015 for the fixed fee an initial annual base fee of $1,950,000.00. This fee will be payable in equal monthly installments of $162,000.00 for

Stacey Doré
March 6, 2015
Page 2

January 2015 through December 2015. We understand the fee will be initially allocated between companies as follows:

>   --Luminant-- $1,200,000.00 paid in equal monthly installments of $100,000.00;
>   --TXU Energy--$125,000.00 paid in equal monthly installments of $10,416.67;
>   --4 Change Energy--$ 25,000.00 paid in equal monthly installments of $2,083.33;
>   --EFH Corp--$600,000.00 in equal monthly installments of $50,000.00.

The Firm will track the time-based fees incurred in connection with this agreement and will report those hours to you as you request.

In addition to the fee described above, you will also be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the first day of each calendar month for services rendered in the previous month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred. Payment of the amount reflected on each invoice is due upon receipt of invoice.

The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
Andrew Kever

Stacey Doré
March 6, 2015
Page 3


AGREED TO AND ACCEPTED
THIS ___11th___ DAY OF MARCH, 2015:

**ENERGY FUTURE HOLDINGS**

By: _____
       Stacey H. Doré


AK/aa



Andrew Kever
Direct: (512) 615-1201
akever@enochkever.com

March 6, 2015

John O'Brien
Energy Future Holdings
1601 Bryan St., 41st Floor
Dallas, Texas 75201

> Re: Engagement of ENOCH KEVER PLLC ("Firm") by Energy Future Holdings ("You" or "you" or "Company")

Dear John:

Thank you for extending the Firm's engagement to represent Energy Future Holdings with matters that arise in connection with the 84th Session of the Texas Legislature. This representation includes review and analysis of issues under review or potentially under review by the Legislature, review and analysis of draft legislation and amendments, drafting of possible legislative language and explanations of legislative proposals. As a matter of Firm policy, the Firm is required to provide you with this Engagement Letter in order to set out the specific terms applicable to the representation.

Specifically, the following terms and provisions apply to this engagement:

In exchange for the Firm's services, you agree to pay for our services, expenses, and charges incurred on your behalf, and to pay the Firm's invoices for those services, expenses and charges on receipt as further described in this and the following paragraphs. All legal fees will be charged on an hourly basis. We anticipate that the work will be primarily performed by me and Bill Moore. Our hourly rates are $575 and $500 respectively. The hourly rates of other attorneys who may assist us with this matter range from $235.00 to $665.00. This agreement is retroactively effective as of October 1, 2014.

In addition to the fee described above, you will be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the first day of each calendar month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred and the fee for services to be provided in the next month. Payment of the amount reflected on each invoice is due upon receipt of invoice.

John O'Brien
March 6, 2015
Page 2


The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
Andrew Kever


AGREED TO AND ACCEPTED
THIS 11th DAY OF March, 2015:

**ENERGY FUTURE HOLDINGS**

By: _____
John O'Brien

AK/aa



Andrew Kever
Direct: (512) 615-1201
akever@enochkever.com

February 3, 2014

Stacey H. Doré
Energy Future Holdings
1601 Bryan St., 41st Floor
Dallas, Texas 75201

Re:     Engagement of ENOCH KEVER PLLC ("Firm") by Luminant Energy Company LLC,
        Luminant Generation Company LLC ("You" or "you" or "Companies")

Dear Stacey:

Thank you for extending the Firm's engagement to represent Luminant Energy Company LLC,
Luminant Generation Company LLC, and their related wholesale and retail electricity sales and power
generation companies held by Texas Competitive Electric Holdings Company LLC before the Public
Utility Commission of Texas ("PUCT"). The firm is very pleased to continue this representation, which
shall include all legal services required to fully represent those companies in assigned regulatory matters
that may arise or be ongoing in 2014, including routine contested cases, rulemakings, advocacy, and
compliance counseling related to matters jurisdictional to the PUC. In addition, we will also include
within the scope of the fixed fee ongoing representation, including routine compliance matters, before
ERCOT, the Texas Reliability Entity, NERC and FERC.  The firm is again prepared to include
representation before the Railroad Commission of Texas and advice related to matters involving potential
action of the Texas Legislature within the scope of the fee.  As a matter of Firm policy, the Firm is
required to provide you with this Engagement Letter in order to set out the specific terms applicable to the
representation.

Specifically, the following terms and provisions apply to this engagement:

Except as described below, the Firm will provide this representation for calendar year 2014 for an
annual base fee of $1,200,000.00.  This fee will be payable in equal monthly installments of $100,000.00
for January 2014 through December 2014.

When the Firm believes a contested case has become or will become a major contested case which
may not reasonably be compensated by this fixed fee Agreement, the Firm will notify you.  You and the
Firm agree to discuss the matter in good faith and to mutually agree whether the matter will be considered
a major contested case for the purpose of this engagement.  If an agreement is reached that the matter is
appropriate for additional compensation, you agree to compensate the Firm for that representation on a
mutually agreed basis either separately or by adjusting the base fee under this Agreement.

Stacey Doré
February 3, 2014
Page Two

You and the Firm have agreed that matters relating to restructuring of the Companies' finances will be covered by a separate agreement.

In addition to the fee described above, you will be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the first day of each calendar month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred and the fee for services to be provided in the next month. Payment of the amount reflected on each invoice is due upon receipt of invoice.

The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
Andrew Kever

AGREED TO AND ACCEPTED
THIS ___ DAY OF February, 2014:

**LUMINANT ENERGY COMPANY, LLC**
**LUMINANT GENERATION COMPANY, LLC**

By: _____
Stacey H. Doré

AK/aa



Andrew Kever
Direct: (512) 615-1201
akever@enochkever.com

February 3, 2014

Stacey H. Doré
Energy Future Holdings
1601 Bryan St., 41st Floor
Dallas, Texas 75201

     Re:    Engagement of ENOCH KEVER PLLC ("Firm") by 4 Change Energy Company ("You" or
           "you" or "Companies")

Dear ~~Cecily~~ Stacey (SHD):

     Thank you for extending the Firm's engagement to represent 4 Change Energy Company held by
Texas Competitive Electric Holdings Company LLC, in connection with matters before the Public Utility
Commission of Texas ("PUCT"). The firm is very pleased to continue this representation, which shall
include all legal services required to fully represent those companies in assigned regulatory matters that
may arise or be ongoing in 2014, including contested cases, rulemakings, advocacy, and compliance
counseling related to matters jurisdictional to the PUC. As a matter of Firm policy, the Firm is required to
provide you with this Engagement Letter in order to set out the specific terms applicable to the
representation.

     Specifically, the following terms and provisions apply to this engagement:

     Except as described below, the Firm will provide this representation for calendar year 2014 for an
annual base fee of $25,000.00. This fee will be payable in equal monthly installments of $2,083.33 for
January 2014 through December 2014.

     Both you and the Firm acknowledge that the base fee is not intended to include compensation of
the Firm for representation in major contested case proceedings before the PUCT or the State Office of
Administrative Hearings. When the Firm believes a contested case has become or will become a major
contested case, the Firm will notify you. You and the Firm agree to discuss the matter in good faith and to
mutually agree whether the matter will be considered a major contested case for the purpose of this
engagement. If an agreement is reached that the matter is a major contested case proceeding, you agree to
compensate the Firm separately for that representation on the basis of the Firm's standard hourly fees less
a 10% discount, or, at your option, at a blended rate to be agreed upon at the time by you and the Firm.

     You and the Firm have agreed that all matters relating to restructuring of the Companies' finances
will be covered by a separate agreement.

Stacey H. Doré
February 3, 2014
Page Two

     In addition to the fee described above, you will be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

     Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the end of each calendar month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred and the fee for services to be provided in the next month. Payment of the amount reflected on each invoice is due upon receipt of invoice.

     The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

     This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

     Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
     Andrew Kever

AGREED TO AND ACCEPTED
THIS 11ᵗʰ DAY OF February, 2014:

**4 CHANGE ENERGY COMPANY**

By: _____

Stacey H. Doré

AK/aa



Andrew Kever
Direct: (512) 615-1201
akever@enochkever.com

February 3, 2014

Stacey H. Doré
Energy Future Holdings
1601 Bryan St., 41st Floor
Dallas, Texas 75201

      Re:    Engagement of ENOCH KEVER PLLC ("Firm") by Energy Future Holdings ("You" or "you" or "Company")

Dear Stacey:

Thank you for extending the Firm's engagement to represent Energy Future Holdings and its related wholesale and retail electricity sales and power generation companies held by Texas Competitive Electric Holdings Company LLC in connection with regulatory issues that may arise in connection with a restructuring of the Company's finances. This representation includes all matters before the Public Utility Commission of Texas ("PUCT"). In addition, we will also include within the scope of this representation, at your election, other agencies such as the Railroad Commission of Texas. As a matter of Firm policy, the Firm is required to provide you with this Engagement Letter in order to set out the specific terms applicable to the representation.

Specifically, the following terms and provisions apply to this engagement:

Except as described below, the Firm will provide this representation for calendar year 2014 for an initial annual base fee of $600,000.00. This fee will be payable in equal monthly installments of $50,000.00 for January 2014 through December 2014.

You and the Firm acknowledge that the representation in matters related to financial restructuring could require the commitment of resources of the Firm which are not contemplated by the amount of this fixed fee agreement. The Firm will track the time-based fees incurred in connection with this agreement and will report to you on a quarterly basis or as you request. You and the Firm agree to discuss in good faith adjusting the amount of the fixed fee as appropriate to achieve a fair result for the Companies and the Firm.

In addition to the fee described above, you will be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

Stacey H. Doré
February 3, 2014
Page Two

Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the first day of each calendar month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred and the fee for services to be provided in the next month. Payment of the amount reflected on each invoice is due upon receipt of invoice.

The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
        Andrew Kever

AGREED TO AND ACCEPTED
THIS ___ DAY OF February, 2014:

**ENERGY FUTURE HOLDINGS**

By: _____
        Stacey H. Doré

AK/aa



Andrew Kever
Direct: (512) 615-1201
akever@enochkever.com

January 15, 2014

Cecily S. Gooch
TXU Energy Retail Company LLC
6555 Sierra Dr., 3rd Floor
Irving, TX 75039

   Re: Engagement of ENOCH KEVER PLLC ("Firm") by TXU Energy Retail Company LLC
     ("You" or "you" or "Companies")

Dear Cecily:

  Thank you for extending the Firm's engagement to represent TXU Energy Retail Company LLC, held by Texas Competitive Electric Holdings Company LLC ("Companies"), in connection with matters before the Public Utility Commission of Texas ("PUCT"). The firm is very pleased to continue this representation, which shall include all legal services required to fully represent those companies in assigned regulatory matters that may arise or be ongoing in 2014, including contested cases, rulemakings, advocacy, and compliance counseling related to matters jurisdictional to the PUC. As a matter of Firm policy, the Firm is required to provide you with this Engagement Letter in order to set out the specific terms applicable to the representation.

  Specifically, the following terms and provisions apply to this engagement:

  Except as described below, the Firm will provide this representation for calendar year 2014 for an annual base fee of $125,000.00. This fee will be payable in equal monthly installments of $10,416.67for January 2014 through December 2014.

  Both you and the Firm acknowledge that the base fee is not intended to include compensation of the Firm for representation in major contested case proceedings before the PUCT or the State Office of Administrative Hearings. When the Firm believes a contested case has become or will become a major contested case, the Firm will notify you. You and the Firm agree to discuss the matter in good faith and to mutually agree whether the matter will be considered a major contested case for the purpose of this engagement. If an agreement is reached that the matter is a major contested case proceeding, you agree to compensate the Firm separately for that representation on the basis of the Firm's standard hourly fees less a 10% discount, or, at your option, at a blended rate to be agreed upon at the time by you and the Firm.

  You and the Firm have agreed that all matters relating to restructuring of the Companies' finances will be covered by a separate agreement.

Cecily Gooch
January 15, 2014
Page Two


In addition to the fee described above, you will be responsible for the Firm's regular charges and expenses incurred in connection with this engagement, if consistent with the March 1, 2009 Outside Legal Counsel Policy of Energy Future Holdings Corp., Luminant, and TXU Energy (the "EFH Outside Counsel Policy").

Unless agreed otherwise with you, the Firm will provide you an invoice for services, expenses, and charges in the format requested by you on or as soon as possible following the end of each calendar month until such time as this engagement is completed. The Firm's invoices will include expenses or charges previously incurred and the fee for services to be provided in the next month. Payment of the amount reflected on each invoice is due upon receipt of invoice.

The scope of this engagement is limited to the matters described above and is in addition to other matters as to which the Firm has been engaged or may be engaged in the future. The Firm would be pleased to discuss additional undertakings with you.

This engagement shall be governed by the EFH Outside Counsel Policy, and in case of any conflict between this letter and the EFH Outside Counsel Policy, the EFH Outside Counsel Policy shall control unless otherwise specifically agreed to in writing by you and the Firm.

Again, thank you for allowing the Firm to be of service to you in connection with this engagement. If the provisions of this Engagement Letter meet with your approval, please so indicate by signing and returning the original of this letter to me. Please maintain a counterpart of this Engagement Letter for your files.

Very truly yours,

By: _____
Andrew Kever


AGREED TO AND ACCEPTED
THIS 15th DAY OF January, 2014:

**TXU ENERGY RETAIL COMPANY, LLC**

By: _____
Cecily S. Gooch