# EXHIBIT C

**Doré Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979(CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF STACEY H. DORÉ IN SUPPORT OF THE**
**APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,**
**FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY**
**ENOCH KEVER PLLC AS SPECIAL COUNSEL FOR CERTAIN REGULATORY**
**AND LEGISLATIVE MATTERS, EFFECTIVE *NUNC PRO TUNC* TO MARCH 1, 2015**

I, Stacey H. Doré, being duly sworn, state the following under penalty of perjury:

1.      I am the Executive Vice President and General Counsel of EFH Corp., located at 1601 Bryan Street, Dallas, TX 75201.

2.      I submit this declaration (the "Declaration") in support of the *Application of Energy Future Holdings Corp.,* et al.*, for an Order Authorizing the Debtors to Retain and Employ Enoch Kever PLLC as Special Counsel for Certain Regulatory and Legislative Matters, Effective* Nunc Pro Tunc *to March 1, 2015* (the "Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**The Debtors' Selection of Counsel**

3.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 special counsel to ensure that bankruptcy professionals are

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.　　To that end, the review process utilized by the Debtors to select special counsel for certain regulatory and legislative matters assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.  Due to the potential legal complexities involved with the regulatory and legislative matters that may arise, the Debtors were particularly concerned with potential counsel's familiarity with the Debtors' financial affairs, business operations, and any pending legal matters.  Enoch Kever's prepetition experience with the Debtors' existing regulatory and legislative matters was a key consideration for the Debtors.

5.　　Ultimately, the Debtors retained Enoch Kever because of Enoch Kever's extensive practice experience providing legal services for regulatory matters, including those before Texas and federal regulatory agencies like the PUCT, FERC, TCEQ, ERCOT, and NERC. Furthermore, Enoch Kever has provided legal services to the Debtors and their predecessor companies since 1999.  Enoch Kever was first retained specifically by the Debtors in connection with the regulatory and legislative matters described in the Application in 2006.  Enoch Kever's 16 years of work in providing prepetition professional services to the Debtors has given Enoch Kever insight into the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters, as well as the numerous legal issues that may arise in the context of the Debtors' regulatory and legislative matters.  Having worked with the Debtors' management and their other advisors, Enoch Kever has developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services as described in the Application and the Engagement Letters.  I believe that Enoch Kever is both

well qualified and uniquely able to represent the Debtors, on an as-needed basis, in an efficient and timely manner.

## Rate Structure

6.      In my capacity as General Counsel, I, and my legal team, are responsible for supervising outside counsel retained by the Debtors in the ordinary course of business.  Enoch Kever has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Enoch Kever charges for non-bankruptcy representations.  As discussed below, I, my legal team, and John O'Brien, Executive Vice President of Public Policy and External Affairs for the Debtors, are also responsible for reviewing the invoices regularly submitted by Enoch Kever, and can confirm that the rates Enoch Kever charged the Debtors in the prepetition period are the same as the rates Enoch Kever will charge the Debtors in the postpetition period, subject to periodic increases agreed to pursuant to the Engagement Letters.

## Cost Supervision

7.      The Debtors and Enoch Kever expect to develop a prospective monthly budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures and any other orders of the Court beginning with the period from March 1, 2015 to March 31, 2015, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Enoch Kever.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that Enoch Kever regularly submits, and, together with Enoch Kever, amend the budget and staffing plans

3

periodically, as the case develops.  As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved, the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 24, 2015                                    Respectfully submitted,

                                                          Stacey H. Doré
                                                          Executive Vice President, General Counsel,
                                                          and Co-Chief Restructuring Officer of EFH
                                                          Corp., EFIH, and TCEH LLC

5