**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: April 7, 2015 at 4:00 p.m.** |
| | **Hearing Date: April 14, 2015 at 9:30 a.m.** |

**MOTION OF ENERGY FUTURE**
**HOLDINGS CORP.,** *ET AL.***, FOR ENTRY OF**
**AN ORDER AUTHORIZING LUMINANT ENERGY COMPANY LLC**
**TO REJECT A CERTAIN EXECUTORY CONTRACT WITH CLOUD PEAK**
**ENERGY RESOURCES LLC, EFFECTIVE** *NUNC PRO TUNC* **TO MARCH 24, 2015**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Luminant Energy Company LLC ("Luminant") to reject the Master Coal Purchase and Sale Agreement effective March 22, 2002, including any transactions, amendments or modifications thereto (the "Contract"), with Cloud Peak Energy Resources LLC ("Cloud Peak"), *nunc pro tunc* to March 24, 2015. In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp.,* et. al*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective* Nunc Pro Tunc *to March 24, 2015*, filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105 and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Order authorizing the Debtors to reject the Contract, effective *nunc pro tunc* to March 24, 2015.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these

chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I.        The Contract.

6.        The Debtors, including Luminant, have been evaluating the current and expected use of their executory contracts, the ongoing cost of such contracts, and the effect on the Debtors' business of rejecting the same.  As part of this process, Luminant has determined that the Contract is unnecessary and burdensome to its estate and should be rejected as of the date hereof.

7.        TXU Energy Trading Company LP entered into the Contract with Kennecott Coal Sales Company effective as of March 22, 2002 to purchase coal.  Debtor Luminant is the successor in interest to TXU Energy Trading Company LP, and Cloud Peak is the successor in interest to Kennecott Coal Sales Company, under the Contract.  Cloud Peak holds a letter of credit from Luminant in the amount of $3.3 million.[2]  Luminant has determined that Luminant

---

[2]    As of March 24, 2015, the letter of credit has been fully drawn.

does not need the volume of coal contemplated in the Contract for its business operations and, moreover, that the coal prices under the Contract are substantially above current market prices. Luminant believes that, if necessary, the Debtors can source coal and related services on more economical terms pursuant to other contracts or from other potential coal vendors. Furthermore, negotiations with Cloud Peak are unlikely to be productive at this time.

<u>**Basis for Relief**</u>

**I.      Rejection of the Contract Reflects the Debtors' Sound Business Judgment.**

8.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

9.      The decision to assume or reject an executory contract is a matter within the debtor's "business judgment." *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121

(Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

10.     In this case, Luminant, in its sound business judgment, has determined that the Contract is unfavorable in light of the Debtors' current business needs, and that the Contract is not a source of potential value for the Debtors' future operations, creditors, or other parties in interest.  Absent rejection, the Contract would impose unnecessary ongoing obligations on the Debtors.  Based on a cost-benefit analysis, Luminant has determined, in the sound exercise of its reasonable business judgment, the Contract should be rejected because (a) Luminant does not need the volume of coal contemplated in the Contract for its business operations, and (b) the price of coal under the Contract is significantly above market.  Luminant has determined that, if necessary, the Contract can be readily replaced by more economical alternatives that will provide significant savings to Luminant's estate.

**II.     *Nunc Pro Tunc* Relief Is Appropriate.**

11.     Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  Nonetheless, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a).  *See Thinking Machs.*

*Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

12.    Courts may approve retroactive rejection of executory contracts and unexpired leases "after balancing the equities" and concluding that they weigh in favor of the debtor. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (finding that rejection has been allowed *nunc pro tunc* to the date of the motion); *see also Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (indicating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

13.    The balance of the equities favors retroactive relief with respect to the Contract to the date of the filing of this Motion to enable the Debtors to minimize administrative costs. The Debtors do not seek to obtain any benefit under the Contract after the date hereof. Moreover, Cloud Peak controls the delivery of coal under the Contract and will not suffer any meaningful

burden as a result.  Absent *nunc pro tunc* relief effective as of March 24, 2015, Cloud Peak may attempt to deliver coal at above-market prices and assert administrative expense priority for such coal even though Luminant has more economical alternative sources available.  For these reasons, the Debtors believe that the equities weigh in favor of *nunc pro tunc* relief.

14.    Finally, courts in this jurisdiction have approved relief similar to that requested herein. *See In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Feb. 26, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to prior notice date); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. June 24, 2013) (same); *In re Ritz Camera & Image, LLC*, No. 12-11868 (KG) (Bankr. D. Del. July 30, 2012) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (authorizing rejection of leases and abandonment of property *nunc pro tunc* to date debtors vacated premises); *In re Harry & David Holdings, Inc.*, No. 11-10884 (MFW) (Bankr. D. Del. Apr. 27, 2011) (authorizing rejection of leases *nunc pro tunc* to petition date); *In re CB Holding Corp.*, No. 10-13683 (MFW) (Bankr. D. Del. Dec. 13, 2010) (authorizing rejection of executory contracts, including employment agreements, *nunc pro tunc* to prior notice date); *In re Magnachip Semiconductor Finance Co.*, No. 09-12008 (PJW) (Bankr. D. Del. July 8, 2009) (authorizing rejection of executory contracts *nunc pro tunc* to petition date). The Debtors submit that similar relief is warranted in these chapter 11 cases.[3]

---

[3]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' counsel.

## Waiver of Bankruptcy Rules 6006(c) and 6004(h)

15.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Reservation of Rights

16.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) an admission that the Contract is integrated with any other contract or lease; (g) a waiver by the Debtors of their right to assert that the Contract was terminated prior to the Petition Date; or (h) a concession or evidence that the Contract identified herein has not expired, been terminated, or otherwise currently are not in full force and effect.

## Notice

17.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds;

and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad

Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Cloud Peak.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:   March 24, 2015                          */s/ Tyler D. Semmelman*
                                                 **RICHARDS, LAYTON & FINGER, P.A.**
                                                 Mark D. Collins (No. 2981)
                                                 Daniel J. DeFranceschi (No. 2732)
                                                 Jason M. Madron (No. 4431)
                                                 Tyler D. Semmelman (No. 5386)
                                                 920 North King Street
                                                 Wilmington, Delaware 19801
                                                 Telephone:        (302) 651-7700
                                                 Facsimile:        (302) 651-7701
                                                 Email:            collins@rlf.com
                                                                   defranceschi@rlf.com
                                                                   madron@rlf.com
                                                                   semmelman@rlf.com
                                                 -and-

                                                 **KIRKLAND & ELLIS LLP**
                                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                                 Edward O. Sassower, P.C. (admitted *pro hac vice*)
                                                 Stephen E. Hessler (admitted *pro hac vice*)
                                                 Brian E. Schartz (admitted *pro hac vice*)
                                                 601 Lexington Avenue
                                                 New York, New York 10022-4611
                                                 Telephone:        (212) 446-4800
                                                 Facsimile:        (212) 446-4900
                                                 Email:            edward.sassower@kirkland.com
                                                                   stephen.hessler@kirkland.com
                                                                   brian.schartz@kirkland.com
                                                 -and-

                                                 James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
                                                 Marc Kieselstein, P.C. (admitted *pro hac vice*)
                                                 Chad J. Husnick (admitted *pro hac vice*)
                                                 Steven N. Serajeddini (admitted *pro hac vice*)
                                                 300 North LaSalle
                                                 Chicago, Illinois 60654
                                                 Telephone:        (312) 862-2000
                                                 Facsimile:        (312) 862-2200
                                                 Email:            james.sprayregen@kirkland.com
                                                                   marc.kieselstein@kirkland.com
                                                                   chad.husnick@kirkland.com
                                                                   steven.serajeddini@kirkland.com

                                                 *Co-Counsel to the Debtors and Debtors in Possession*