**<u>Exhibit A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order establishing a deadline for filing certain claims in these chapter 11 cases, and upon consideration of briefing and argument submitted with respect to the entry of an order (this "Asbestos Bar Date Order") (a) establishing a deadline for filing certain asbestos claims in these chapter 11 cases, (b) approving the form and manner for filing such claims, and (c) approving notice thereof; and upon the Court's Opinion, issued January 7, 2015, approving the establishment of a bar date for all prepetition claims, including unmanifested asbestos claims [D.I. 3183]; and upon the *Debtors' Supplemental Memorandum of Law With Respect to the Bar Date Motion and in Support of (A) The Form of and Manner for Filing Asbestos Proofs of Claim and (B) The Form and Manner of Notice of Bar*

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  *Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests For Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1682].

*Date with Respect to Asbestos Proofs of Claim* (the "<u>Memorandum</u>");[3] and upon the Katchadurian Declaration; and upon the Azari Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

      1.      The Motion is granted with respect to asbestos claims as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Memorandum, as appropriate.

**I.      The Asbestos Bar Date and Procedures for Filing Asbestos Proofs of Claim.**

2.      Each entity[4] that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose (or is deemed to have arisen) prior to the Petition Date based on exposure to asbestos that are not property damage claims or claims for contractual or common law indemnification or contribution ("Asbestos Claims"), including Asbestos Claims that have not manifested in a current illness or injury and whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law, shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 10.[5]  Except in the case of certain exceptions explicitly set forth herein, **all proofs of claim must be filed so that they are actually received on or before July 31, 2015, at 5:00 p.m., prevailing Eastern Time (the "Asbestos Bar Date"), at the addresses and in the form set forth herein.**  The Asbestos Bar Date applies to all Asbestos Claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including claims held by governmental units against the Debtors, except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in this Asbestos Bar Date Order.[6]

---

[4]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[5]    Copies of Official Form 10 may be obtained by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at:  http://www.efhcaseinfo.com; (c) writing to the Debtors' Claims Processing Center, Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[6]    Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and*

3.      All proofs of claim must be filed so as to be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the noticing and claims agent retained in these chapter 11 cases, on or before the Asbestos Bar Date.  If proofs of claim are not received by Epiq on or before the Asbestos Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Exempted from the Asbestos Bar Date.

4.      The following categories of claimants shall not be required to file a proof of claim by the Asbestos Bar Date:

    (a)    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

    (b)    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    (c)    any entity whose claim has previously been allowed by order of the Court or whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    (d)    any Debtor having a claim against another Debtor;

---

*(E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order") and the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order"), the Court established October 27, 2014, as the Customer Claims Bar Date and the General Bar Date, the date by which customer claims, as discussed in the Customer Programs Motion, and all proofs of claim, except for Asbestos Claims, must be filed.  Nothing in this Asbestos Bar Date Order will affect the Customer Claims Bar Date or the General Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order and General Bar Date Order will continue to apply to customer claims and all claims except for Asbestos Claims.

    (e)        any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

    (f)        a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a proof of claim by the Asbestos Bar Date for all claims arising before the Petition Date based on prepetition exposure to asbestos, including Asbestos Claims that have not manifested in a current illness or injury, and whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law;

    (g)        any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

    (h)        any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course.

## III.    Substantive Requirements of Proofs of Claim.

5.      Except as otherwise stated herein, the following requirements shall apply with respect to filing and preparing each proof of claim:

    (a)        ***Contents***.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    (b)        ***Original Signatures Required***.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

    (c)        ***Identification of the Debtor Entity***.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(d)    ***Claim Against Multiple Debtor Entities***.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(e)    ***Special Provision for Identification of Debtor Entity for Asbestos Claims.***  A proof of claim that asserts an Asbestos Claim shall not be disallowed solely on the ground that such proof of claim was filed against the incorrect Debtor; *provided*, *however*, that the Debtors reserve the right to assert all other objections with respect to such proof of claim, including reclassifying the Debtor(s) subject to such claim.

(f)    ***Certification.*** Any lawyer or other person who acts as filing agent for a proof of claim on behalf of any person holding an Asbestos Claim must certify, under penalty of perjury, that such agent has received certification as of the date of filing of the proof of claim from the holder of such Asbestos Claim, that the information contained in the proof of claim is true, accurate, and complete.

(g)    ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(h)    ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the Asbestos Bar Date set forth herein (or, where applicable, on or before any other bar date as set forth by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor

New York, New York 10017

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(i)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (clearly marked on its face as "COPY") and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

## IV.     Procedures for Providing Notice of the Asbestos Bar Date.

6.     The Debtors are authorized to implement the Notice Plan, including, but not limited to, each of the following components.

### A.     Direct Mailing of the Asbestos Bar Date Notice.

7.     No later than five business days after the Court enters this Asbestos Bar Date Order, the Debtors shall cause a written notice of the Asbestos Bar Date, substantially in the form attached hereto as **Exhibit 2** (the "Asbestos Bar Date Notice"), the Cover Letter, a copy of the Publication Notice, and a Proof of Claim Form (together, the "Asbestos Bar Date Package") to be mailed via first class mail to the known holders of Asbestos Claims that are currently pending against the Debtors (the "Known Asbestos Claimants") as well as each Known Asbestos Claimant's counsel with respect to such Asbestos Claim (if known).

8.     The Debtors shall provide all Known Asbestos Claimants and their counsel (if known) listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the Known Asbestos Claimants' Asbestos Claim in the Schedules, including, without limitation:   (a) the identity of the Debtor against which the Asbestos Claim is scheduled; (b) the amount of the scheduled Asbestos Claim, if any; (c) whether the Asbestos Claim is listed as contingent, unliquidated, or disputed; and (d) whether the Asbestos Claim is listed as secured, unsecured priority, or unsecured non-priority.  Each

Known Asbestos Claimant shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any Known Asbestos Claimant may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 10.

9.      The Debtors shall conduct a reasonable search of their reasonably available records to attempt to identify current and previous employees and contractors of the Debtors and their predecessors who may have been exposed to asbestos in the course of their employment by the Debtors or the Debtors' predecessors or work for the Debtors or the Debtors' predecessors, including those who have not yet asserted the existence of an Asbestos Claim against the Debtors or the Debtors' predecessors (the "Employees and Contractors").  No later than 15 days after the entry of this Asbestos Bar Date Order, the Debtors shall mail the Asbestos Bar Date Notice and a Proof of Claim Form (which, for the avoidance of doubt, will not be "personalized") to the last known mailing address and the updated address, if any, of the Employees and Contractors.

10.     After the initial mailing of the Asbestos Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages (including to entities the Debtors reasonably believe may have an Asbestos Claim against the Debtors), including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Asbestos Bar Date mailing process or otherwise.  In this regard, the Debtors may make supplemental mailings of the Asbestos Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the

Asbestos Bar Date, with any such mailings being deemed timely and the Asbestos Bar Date being applicable to the recipient creditors.

11.      The Debtors are authorized, but not directed, to establish supplemental bar dates ("Supplemental Bar Dates") with respect to (a) Known Asbestos Claimants and Employees and Contractors to whom a re-mailing of the Asbestos Bar Date Package is appropriate, but which cannot be accomplished in time to provide at least 21 days' notice of the Asbestos Bar Date, and (b) Known Asbestos Claimants and Employees and Contractors that become known to the Debtors after the Asbestos Bar Date.  To ensure parties in interest receive adequate notice of a Supplemental Bar Date, the Debtors shall:  (a) file a notice of the Supplemental Bar Date with the Court, and (b) mail notice of the Supplemental Bar Date to known creditors subject to the Supplemental Bar Date.  The Supplemental Bar Date shall be established on a date that is no later than 30 days from the date on which the Asbestos Bar Date Package was mailed to the applicable claimants.

**B.      Publication of Asbestos Bar Date Notice.**

12.      No later than 45 days after the entry of this Asbestos Bar Date Order, the Debtors shall cause the Publication Notice to be published to each of the publications discussed in the Notice Plan.  To the extent it is not possible to cause the Asbestos Publication Notice to be published to a particular publication on the timelines provided in the Notice Plan, the Debtors shall cause the Asbestos Publication Notice to be published as close to these timelines as reasonably practicable, *provided*, *however*, that a failure to publish the Asbestos Publication Notice to a particular publication in the Notice Plan on the timelines provided in this paragraph shall not be considered noncompliance with this Asbestos Bar Date Order and shall not excuse any creditor from filing a proof of claim or from any other requirement of this Asbestos Bar Date

Order.  At the Debtors' election, the Debtors may publish the Asbestos Publication Notice in additional publications.

### C.    Dedicated Website and Toll-Free Number.

13.    The Debtors are authorized to establish the Asbestos Bar Date Website and the Toll-Free Number.  The Asbestos Bar Date Website and Toll-Free Number will be prominently displayed in all printed notice documents and other paid advertising.

### D.    Internet Banner Advertising and Sponsored Search Listings.

14.    The Debtors are authorized to place Banner Advertisements linking to the Asbestos Bar Date Website on the following websites or advertising networks: *AARP.com, Conversant Ad Network, MSN* and *Yahoo! Ad Network*. The Debtors are further authorized to establish sponsored Internet search listings linking to the Asbestos Bar Date Website from the Google, Yahoo!, and Bing search engines, triggered by an Internet user's entry of specified key search terms.

### E.    Informational Release.

15.    The Debtors are authorized to distribute the Informational Release to approximately 4,200 print/broadcast and 5,500 online press outlets throughout the United States for potential dissemination as a news story.  The Informational Release will include the Asbestos Bar Date Website address and the Toll-Free Number.

### F.    Labor Union Outreach.

16.    The Debtors are authorized to distribute the Informational Release and other relevant documents to labor unions known to represent current and former employees of the Debtors and the Debtors' predecessors who may have been exposed to asbestos, for further distribution to such current and former employees.

**V.      Consequences of Failure to File a Proof of Claim.**

17.      **Any entity or person who is required, but fails, to file a proof of claim in accordance with this Asbestos Bar Date Order on or before the Asbestos Bar Date shall be forever barred, estopped, and enjoined from asserting such Asbestos Claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such Asbestos Claim.  Such creditor is prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such Asbestos Claim, or receiving further notices regarding such Asbestos Claim.**

**VI.      Notice of the Asbestos Bar Date.**

18.      Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VII.      Miscellaneous.**

19.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Asbestos Bar Date Order in accordance with the Motion.

20.      The terms and conditions of this Asbestos Bar Date Order shall be immediately effective and enforceable upon entry of the Asbestos Bar Date Order.

21.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Asbestos Bar Date Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT 1</u>

## Proof of Claim Form

**PROOF OF CLAIM**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

Name of Debtor:                           Case Number:

NOTE: Do not use this form to make a claim for an administrative expense that arises
_after_ the bankruptcy filing. You may file a request for payment of an administrative
expense according to 11 U.S.C. § 503.

Name and address where notices should be sent:

❑ Check this box if this claim
amends a previously filed claim.

**Court Claim Number:**

(_If known_)  _____

Filed on:  _____

Telephone number:          Email:

❑ Check this box if you are aware
that anyone else has filed a proof of
claim relating to this claim. Attach
copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

COURT USE ONLY

Telephone number:          Email:

**5.    Amount of Claim Entitled to Priority
under 11 U.S.C. § 507 (a). If any part of the
claim falls into one of the following
categories, check the box specifying the
priority and state the amount.**

❑  Domestic support obligations under 11
U.S.C. § 507(a)(1)(A) or (a)(1)(B).

**1.    Amount of Claim as of Date Case Filed:**          $ _____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑    Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a
statement that itemizes interest charges.

**2.    Basis for Claim:** _____
(See instruction #2)

**3.    Last four digits of any number by which creditor identifies debtor:** ____ ____ ____ ____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4.    Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a
lien on property or a right of setoff, attach required
redacted documents, and provide the requested
information.

**Amount of arrearage and other charges, as of time
case was filed, included in secured claim, if any:**

$ _____

**Nature of property or right of setoff:**
❑ Real Estate    ❑ Motor Vehicle    ❑ Other

**Basis for perfection:** _____

**Describe:** _____

**Amount of Secured Claim:**   $ _____

**Value of Property:** $ _____

**Amount Unsecured:**   $ _____

**Annual Interest Rate** _____% ❑ Fixed  or  ❑ Variable
**(when case was filed)**

❑  Wages, salaries or commissions (up to
$12,475), earned within 180 days before the
case was filed or the debtor's business ceased,
whichever is earlier – 11 U.S.C. § 507(a)(4).

❑  Contributions to an employee benefit plan
– 11 U.S.C. § 507(a)(5).

❑  Up to $2,775 of deposits toward
purchase, lease, or rental of property or
services for personal, family, or household use
– 11 U.S.C. § 507(a)(7).

❑  Taxes or penalties owed to governmental
units - 11 U.S.C. § 507(a)(8).

❑  Other – Specify applicable paragraph of
11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$ _____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____    (See instruction #6)
**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)
**8.    Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running
accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of
perfection of a security interest are attached. (_See instruction #8 and definition of "**redacted**"._)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9.    Signature:** (See instruction #9)    Check the appropriate box:
❑ I am the creditor.    ❑ I am the creditor's authorized agent.       ❑ I am the trustee, or the debtor, or their       ❑ I am a guarantor, surety, indorser, or other codebtor.
               (Attached a copy of power of attorney, if any.)      authorized agent. (See Bankruptcy Rule 3004.)      (See Bankruptcy Rule 3005.)
I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____
Company: _____

_____
(Signature)

_____
(Date)

_____
_____

Telephone number: _____
Email: _____

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613**

**If by Hand Delivery or Overnight Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT 2

**Asbestos Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## NOTICE OF BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES OR THE PREDECESSORS OF THESE ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 (CSS) |
| 4Change Energy Company | 14-10980 (CSS) |
| 4Change Energy Holdings LLC | 14-10981 (CSS) |
| Big Brown 3 Power Company LLC | 14-10983 (CSS) |
| Big Brown Lignite Company LLC | 14-10986 (CSS) |
| Big Brown Power Company LLC | 14-10988 (CSS) |
| Brighten Energy LLC | 14-10991 (CSS) |
| Brighten Holdings LLC | 14-10995 (CSS) |
| Collin Power Company LLC | 14-10998 (CSS) |
| Dallas Power & Light Company, Inc. | 14-11000 (CSS) |
| DeCordova II Power Company LLC | 14-11003 (CSS) |
| DeCordova Power Company LLC | 14-10982 (CSS) |
| Eagle Mountain Power Company LLC | 14-10984 (CSS) |
| EBASCO SERVICES OF CANADA LIMITED | 14-10987 (CSS) |
| EEC Holdings, Inc. | 14-10990 (CSS) |
| EECI, Inc. | 14-10992 (CSS) |
| EFH Australia (No. 2) Holdings Company | 14-10994 (CSS) |
| EFH CG Holdings Company LP | 14-11047 (CSS) |
| EFH CG Management Company LLC | 14-11048 (CSS) |
| EFH Corporate Services Company | 14-10996 (CSS) |
| EFH Finance (No. 2) Holdings Company | 14-10999 (CSS) |

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| EFH FS Holdings Company | 14-11004 (CSS) |
| EFH Renewables Company LLC | 14-11006 (CSS) |
| EFIH FINANCE INC. | 14-11001 (CSS) |
| Energy Future Competitive Holdings Company LLC | 14-11005 (CSS) |
| Energy Future Intermediate Holding Company LLC | 14-11008 (CSS) |
| Generation Development Company LLC | 14-11017 (CSS) |
| Generation MT Company LLC | 14-11021 (CSS) |
| Generation SVC Company | 14-11025 (CSS) |
| Lake Creek 3 Power Company LLC | 14-11029 (CSS) |
| Lone Star Energy Company, Inc. | 14-11031 (CSS) |
| Lone Star Pipeline Company, Inc. | 14-11036 (CSS) |
| LSGT Gas Company LLC | 14-11039 (CSS) |
| LSGT SACROC, Inc. | 14-11012 (CSS) |
| Luminant Big Brown Mining Company LLC | 14-11018 (CSS) |
| Luminant Energy Company LLC | 14-11023 (CSS) |
| Luminant Energy Trading California Company | 14-11026 (CSS) |
| Luminant ET Services Company | 14-11030 (CSS) |
| Luminant Generation Company LLC | 14-11032 (CSS) |
| Luminant Holding Company LLC | 14-11037 (CSS) |
| Luminant Mineral Development Company LLC | 14-11040 (CSS) |
| Luminant Mining Company LLC | 14-11042 (CSS) |
| Luminant Renewables Company LLC | 14-11044 (CSS) |
| Martin Lake 4 Power Company LLC | 14-11010 (CSS) |
| Monticello 4 Power Company LLC | 14-11011 (CSS) |
| Morgan Creek 7 Power Company LLC | 14-11014 (CSS) |
| NCA Development Company LLC | 14-11016 (CSS) |
| NCA Resources Development Company LLC | 14-11019 (CSS) |
| Oak Grove Management Company LLC | 14-11022 (CSS) |
| Oak Grove Mining Company LLC | 14-11024 (CSS) |
| Oak Grove Power Company LLC | 14-11027 (CSS) |
| Sandow Power Company LLC | 14-11033 (CSS) |
| Southwestern Electric Service Company, Inc. | 14-11035 (CSS) |
| TCEH Finance, Inc. | 14-11028 (CSS) |
| Texas Competitive Electric Holdings Company LLC | 14-10978 (CSS) |
| Texas Electric Service Company, Inc. | 14-11034 (CSS) |
| Texas Energy Industries Company, Inc. | 14-11038 (CSS) |
| Texas Power & Light Company, Inc. | 14-11041 (CSS) |
| Texas Utilities Company, Inc. | 14-11043 (CSS) |
| Texas Utilities Electric Company, Inc. | 14-11045 (CSS) |
| Tradinghouse 3 & 4 Power Company LLC | 14-11046 (CSS) |
| Tradinghouse Power Company LLC | 14-10985 (CSS) |
| TXU Electric Company, Inc. | 14-10989 (CSS) |
| TXU Energy Receivables Company LLC | 14-10993 (CSS) |
| TXU Energy Retail Company LLC | 14-10997 (CSS) |
| TXU Energy Solutions Company LLC | 14-11002 (CSS) |

| TXU Receivables Company | 14-11007 (CSS) |
| TXU Retail Services Company | 14-11009 (CSS) |
| TXU SEM Company | 14-11013 (CSS) |
| Valley NG Power Company LLC | 14-11015 (CSS) |
| Valley Power Company LLC | 14-11020 (CSS) |

**PLEASE TAKE NOTICE THAT:**

On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On August 18, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except as specifically set forth in the order ("General Bar Date") [D.I. 1866].

On [_____], 2015 the Court entered an order [D.I. __] the ("Asbestos Bar Date Order")[2] establishing a certain date (the "Asbestos Bar Date") by which parties holding certain prepetition claims against the Debtors must file proofs of claim, including proofs of claim relating to prepetition exposure to asbestos ("Asbestos Claims").[3]

For your convenience, enclosed with this notice (this "Asbestos Bar Date Notice") is a proof of claim form.

**TWO GROUPS OF CREDITORS ARE RECEIVING THIS ASBESTOS BAR DATE NOTICE.**

**FORMER EMPLOYEE OR CONTRACTOR.** YOU ARE RECEIVING THIS ASBESTOS BAR DATE NOTICE BECAUSE THE DEBTORS HAVE DETERMINED THAT YOU (A) (I) MAY HAVE BEEN EMPLOYED BY THE DEBTORS OR THE

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Asbestos Bar Date Order.

[3]    Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order") and the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order" and, together with the Customer Claims Bar Dates, the "Bar Date Orders"), the Court established October 27, 2014, as the date by which all claims, including customer claims, against the Debtors must be filed, except for claims specifically exempt from such deadlines as set forth in the Bar Date Orders.

**DEBTORS' PREDECESSORS, (II) MAY HAVE PERFORMED WORK FOR OR AT THE DEBTORS OR THE DEBTORS' PREDECESSORS AS A CONTRACTOR OR SUBCONTRACTOR, OR (III) MAY HAVE PERFORMED WORK FOR AN UNRELATED ENTITY AT A SITE WHERE THE DEBTORS OR THE DEBTORS' PREDECESSORS ALSO PERFORMED WORK, AND (B) MAY HAVE BEEN EXPOSED TO ASBESTOS IN THE COURSE OF YOUR EMPLOYMENT BY THE DEBTORS OR THEIR PREDECESSORS OR WORK FOR THE DEBTORS OR THEIR PREDECESSORS OR WHILE WORKING FOR AN UNRELATED ENTITY AT A SITE WHERE DEBTORS OR DEBTORS' PREDECESSORS ALSO WORKED.**

**PARTY THAT HAS BEEN INCLUDED IN THE SCHEDULES OF CLAIMS AGAINST THE DEBTORS.** **YOU ARE RECEIVING THIS ASBESTOS BAR DATE NOTICE BECAUSE THE DEBTORS HAVE DETERMINED THAT YOU HAVE A PENDING ASBESTOS LAWSUIT AGAINST ONE OF THE DEBTOR ENTITIES LISTED ABOVE OR ONE OF THE DEBTOR ENTITIES LISTED ABOVE HAS AGREED TO INDEMNIFY ANOTHER PARTY AGAINST A PENDING ASBESTOS LAWSUIT.**

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Asbestos Claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  any claim for personal injury, including wrongful death, for which any Debtor is alleged to be liable, arising out of or relating to exposure to asbestos, and any claim in any way related to such claim; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.  Asbestos Claims include any such claims that have been resolved or are subject to resolution pursuant to any agreement, but remain unpaid or any such claims that are based on a judgment or verdict but remain unpaid.  Asbestos Claims do not include property damage claims or claims for contractual or common law indemnification or contribution, which were subject to the General Bar Date.

**BECAUSE UNDER APPLICABLE LAW, AN ASBESTOS CLAIM ARISES AT THE TIME AN INDIVIDUAL IS EXPOSED TO AN ASBESTOS-CONTAINING PRODUCT, ANY PERSON WHO ASSERTS THAT HE OR SHE WAS EXPOSED TO ASBESTOS AS A RESULT OF THE DEBTORS' ACTIONS OR OMISSIONS PRIOR TO APRIL 29, 2014, MUST FILE A PROOF OF CLAIM.  THE CLAIMANT MUST FILE A PROOF OF CLAIM WHETHER OR NOT AN INJURY OR DISEASE HAS BEEN DIAGNOSED AND WHETHER OR NOT HE OR SHE HAS A CLAIM UNDER APPLICABLE STATE LAW.**

## I.    THE ASBESTOS BAR DATE

You have received this Asbestos Bar Date Notice pursuant to paragraphs [15–16] of the Asbestos Bar Date Order.  The Asbestos Bar Date Order provides that, if applicable, **you must file a proof of claim relating to an Asbestos Claim by July 31, 2015, which is [##] days after the Asbestos Bar Date Order was entered**.

## II.    INSTRUCTIONS FOR FILING ASBESTOS CLAIMS

The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)    *Contents*.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)    *Original Signatures Required*.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

(c)    *Identification of the Debtor Entity*.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name.  A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Energy Future Holdings Corp.  A proof of claim filed without properly identifying a Debtor will be deemed as filed only against Energy Future Holdings Corp.

(d)    *Claim Against Multiple Debtor Entities*.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

(e)    *Special Provision for Identification of Debtor Entity for Asbestos Claims.*  A proof of claim that asserts an Asbestos Claim shall not be disallowed solely on the ground that such proof of claim was filed against the incorrect Debtor; *provided, however*, that the Debtors reserve the right to assert all other objections with respect to such proof of claim, including reclassifying the Debtor(s) subject to such claim.

(f)     ***Certification.*** Any lawyer or other person who acts as filing agent for a proof of claim on behalf of any person holding an Asbestos Claim must certify, under penalty of perjury, that such agent has received certification as of the date of filing of the proof of claim from the holder of such Asbestos Claim, that the information contained in the proof of claim is true, accurate, and complete.

(g)     ***Supporting Documentation***.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, *however*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(h)     ***Timely Service***.  Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually** **received** by Epiq on or before the bar date set forth herein (or, where applicable, on or before any other bar date as set forth by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, New York 10017

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(i)     ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (clearly marked on its face as "COPY") and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form sent to Epiq).

### III.    PARTIES EXEMPTED FROM THE ASBESTOS BAR DATE.

The following categories of claimants shall not be required to file a proof of claim by the

Asbestos Bar Date:

(a)    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b)    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    any entity whose claim has previously been allowed by order of the Court or whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(d)    any Debtor having a claim against another Debtor;

(e)    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(f)    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a proof of claim by the Asbestos Bar Date for all claims arising before the Petition Date based on prepetition exposure to asbestos, including Asbestos Claims that have not manifested in a current illness or injury, and whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law;

(g)    any entity holding a claim for which a separate deadline is or has been fixed by this Court; and

(h)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course.

## IV.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR ASBESTOS CLAIM

Pursuant to the Asbestos Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file an Asbestos Claim in accordance with the Asbestos Bar Date Order on or before the Asbestos Bar Date, please be advised that:

> (a)    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ASBESTOS CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

> (b)    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH ASBESTOS CLAIM;

> (c)    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT ASBESTOS CLAIM; AND

> (d)    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED ASBESTOS CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH ASBESTOS CLAIM.

## V.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**NOTHING CONTAINED IN THIS NOTICE IS INTENDED TO OR SHOULD BE CONSTRUED AS AN ADMISSION OF LIABILITY FOR ANY CLAIM, AS AN ADMISSION THAT YOU WERE EXPOSED TO ASBESTOS IN THE COURSE OF YOUR EMPLOYMENT, OR THAT THE DEBTORS ARE LIABLE FOR ANY CLAIMS AGAINST OR ACTIONS TAKEN BY THEIR PREDECESSORS.**

## VI.    ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Asbestos Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at

http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to:  Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613 or contact the Debtors' restructuring hotline at:  (877) 276-7311.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Remainder of page intentionally left blank.]*