## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

### DECLARATION OF JAMES KATCHADURIAN IN SUPPORT OF THE BAR DATE MOTION AND IN SUPPORT OF (A) THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM AND (B) THE FORM AND MANNER OF NOTICE OF BAR DATE WITH RESPECT TO ASBESTOS PROOFS OF CLAIM

I, James Katchadurian, being duly sworn, state the following under penalty of perjury:

1. I am an Executive Vice President at Epiq Bankruptcy Solutions, LLC ("Epiq"), which has a place of business as 757 Third Avenue, 3rd Floor, New York, New York 10017.

2. I submit this declaration on behalf of Epiq (the "Declaration") in support of the Bar Date Motion and in support of the proposed *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* (the "Order") submitted to the Court by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[2] This Declaration details the process surrounding the data collection relating to the service of the Bar Date Package upon

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] This Declaration is being submitted with and in support of the *Debtors' Supplemental Memorandum of Law In Support of the (A) Form of and Manner for Filing Asbestos Proofs of Claim, and (B) Form and Manner Of Notice of Bar Date with Respect to Asbestos Proofs of Claims* (the "Memorandum"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Memorandum.

current and previous employees and contractors of the Debtors and their predecessors who may have been exposed to asbestos in the course of their employment by the Debtors or the Debtors' predecessors or work for the Debtors or the Debtors' predecessors (the "Employees and Contractors"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## Background

3. On July 23, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1682], requesting authority to set a bar date for all non-Customer Proofs of Claim, including Asbestos Claims. On August 8, 2015, certain asbestos personal injury law firms filed the *Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., et al., For Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1791], objecting to the relief requested in the Bar Date Motion to the extent it applied to Asbestos Claims.[3] On August 11,

---

[3] On August 8, 2014, the PI Law Firms filed the *Corrected Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., et al., For Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1796], clarifying certain statements made in the original objection.

2014, the Debtors filed the *Debtors' Reply in Support of Bar Date With Respect to Asbestos Claims* [D.I. 1804].

4. On August 18, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for Asbestos Claims [D.I. 1866]. Further, the Court requested briefing from the Debtors and the PI Law Firms as to whether the Court could permissibly set a bar date for asbestos claims. On September 9, 2014, the Debtors filed the *Debtors' Supplemental Brief in Support of Bar Date with Respect to Asbestos Claims* [D.I. 1984], in further support of setting a bar date for all Asbestos Claims, including unmanifested claims. On the same day, the PI Law Firms filed the *Supplemental Brief of the Personal Injury Law Firms in Opposition to the Imposition of a Claims Bar Date Affecting Present and Future Asbestos Personal Injury Claimants* [D.I. 1984], arguing, among other things, that a bar date could not be set for unmanifested Asbestos Claims. Pursuant to agreement between the Debtors and the PI Law Firms, the briefs filed on September 9, 2014, were limited to the issue of whether the Court could set a bar date with respect to Asbestos Claims, including unmanifested Asbestos Claims, with the issue of the form of notice for all Asbestos Claims, including unmanifested Asbestos Claims, if applicable, to be determined at a later date.[4]

5. On January 7, 2015, the Court entered an opinion holding that a bar date could be established for all prepetition claims, including unmanifested Asbestos Claims [D.I. 3183].

---

[4] *See* First Supplemental Brief at 3, n.2.

I.     **Data Collection Procedure.**

6.     Pursuant to the provisions of the Order, the Debtors have conducted a reasonable search of their available records to identify Known Asbestos Claimants and Employees and Contractors.  Immediately prior to the filing of the Debtors' chapter 11 petitions, the Debtors gathered from their books and records information which comprises the Debtors' creditor matrix (the "<u>Matrix</u>"), including information relating to Known Asbestos Claimants and such Known Asbestos Claimants' counsel with respect to such Asbestos Claims.  Epiq entered the data gathered in the Matrix collection process relating to Known Asbestos Claimants into a master database of Employees and Contractors (the "<u>Asbestos Database</u>").

7.     I understand that the Debtors conducted a reasonable search of their books and records to identify files relating to current and former employees and contractors of the Debtors and their predecessors who may have been exposed to asbestos in the course of their employment by the Debtors or the Debtors' predecessors or work for the Debtors or the Debtors' predecessors, including those who have not yet asserted the existence of an Asbestos Claim against the Debtors or the Debtors' predecessors.  Between September 2014 and February 2015, the Debtors provided to Epiq a total of eighty-six (86) boxes of employee and contractor personnel records in both hard-copy, paper files and on microfiche (the "<u>Pre-1990 Files</u>").  The files contained therein comprise, upon information and belief, all existing personnel records identified by the Debtors for Employees and Contractors who may have been hired prior to 1990 by the Debtors or their predecessors.

8.     Upon an initial review of the Pre-1990 Files, Epiq calculated the number of employee records to be over 110,000 files.  After discussing the available options with the Debtors, and in order to efficiently pull the necessary data from the microfiche, Epiq had each record scanned and converted into .pdfs format for ease of review.  The converted files were then

reviewed for pertinent employee data, including, but not limited to, employee/contractor name, birth date, Social Security Number, and the most recent address available in the file. The data collected was then entered into the Asbestos Database. As of the date hereof, the data capture of the microfiche is ongoing and is anticipated to be completed prior to the time the Debtors are required to mail the Bar Date Packages under the Order.

9.  In addition, in February 2015, the Debtors provided to Epiq three (3) data files of approximately 36,000 records comprising, upon information and belief, all existing personnel records of Employees and Contractors who may have been hired after 1990 by the Debtors or their predecessors (the "Post-1990 Files"). These records were uploaded to the Asbestos Database and compared with the Pre-1990 Files to eliminate any possible duplication of information.

## II.   Direct Notice Mailing Effort.

10. The Bar Date Package will be mailed via first class mail to all Known Asbestos Claimants, as well as such Known Asbestos Claimants' counsel with respect to such Asbestos Claims.

11. The Bar Date Package also will be mailed to the Employees and Contractors, as identified through the creation of the Asbestos Database. In an effort to provide maximum due diligence in the noticing process, the records of Employees and Contractors in the Asbestos Database were or will be first de-duplicated, and then run through a National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[5] Prior to the mailing of the Bar Date Package to these parties, the addresses of Employees and Contractors

---

[5] The NCOA database contains records of all permanent changes of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

will be checked against the National Change of Address database maintained by the United States Postal Service or updated through a third-party address search service. The Bar Date Package will be mailed to both the last-known address and the updated address, if any, of Employees and Contractors. Bar Date Packages that are returned as undeliverable will be remailed on an ongoing basis to any new address of Employees and Contractors available through USPS information, or to better addresses that may be found after reasonable third-party service searches. Additionally, a Bar Date Package will be mailed to all persons who request one.

12. Upon information and belief, Epiq asserts that the data encompassed in the Asbestos Database, as supplemented by the address search and update process described above, represents the most reasonably complete database of Employees and Contractors who may be subject to the Direct Notice provisions of the Order. Epiq also asserts that all reasonable efforts have been or will be made to obtain the last known mailing address of the Potential Asbestos Claimants and, to the extent updated information was or is available, such information will be used in the Direct Notice mailing effort.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 24, 2015

/s/ James Katchadurian
James Katchadurian
Executive Vice President
Epiq Bankruptcy Solutions, LLC
