## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Requested Hearing Date:  April 14, 2015 at 9:30 a.m.**<br>) **Requested Objection Deadline: April 10, 2015 at 4:00 p.m.** |

**APPLICATION OF THE EFH OFFICIAL COMMITTEE FOR AN
ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KINSELLA MEDIA, LLC AS ASBESTOS NOTICING EXPERT TO
THE EFH OFFICIAL COMMITTEE *NUNC PRO TUNC* TO MARCH 27, 2015
AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2(h)**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy

Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH

Finance Inc., and EECI, Inc. (the "**EFH Debtors**") hereby submits this application (the

"**Application**") for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u>

(the "**Proposed Order**"), (a) authorizing the EFH Committee to retain and employ Kinsella

Media, LLC ("**Kinsella Media**") as its asbestos claims noticing expert in connection with the

chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in

possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to March 27, 2015, pursuant to

the terms of that certain engagement letter by and between Kinsella Media and the EFH

Committee, attached hereto as <u>Exhibit B</u> (the "**Engagement Letter**") and (b) granting to

Kinsella Media a waiver of the information requirements under rule 2016-2(d) of the Local Rules

---

[1]     The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**").  In support of this Application, the EFH Committee submits the

Declaration of Shannon R. Wheatman, President of Kinsella Media (the "**Wheatman**

**Declaration**"), attached hereto as Exhibit C, and incorporated herein by reference.  In further

support of this Application, the EFH Committee respectfully states as follows:

## Background

### A.    The Proposed Asbestos Bar Date

1.    On March 24, 2015, the Debtors filed a proposed order seeking to

establish a bar date with respect to all prepetition claims against the Debtors relating to exposure

to asbestos (other than property damage claims or claims for contractual or common law

indemnification or contribution) (the "**Asbestos Bar Date**"), and requesting approval of the

Debtors' proposed procedures for providing notice of the Asbestos Bar Date and the forms and

other notice materials set forth therein or related thereto (collectively, as they may be amended,

the "**Proposed Notice Procedures**").[2]

2.    As previously stated,[3] the EFH Committee has serious concerns regarding

the Debtors' proposal to establish the Asbestos Bar Date.  The EFH Committee continues to

believe that the Debtors' time-consuming and costly efforts to establish the Asbestos Bar Date

are neither necessary nor appropriate, particularly in light of the resources necessary to

implement the Proposed Notice Procedures, the acute need for the Debtors to focus on crucial

matters in these chapter 11 cases such as the formulation of a confirmable plan of reorganization,

---

[2]    *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 3965] (the "**Proposed Bar Date Order**").

[3]    *Statement of the EFH Official Committee Regarding Asbestos Claimants with Unmanifested Injuries* [D.I. 3329].

and the complexity of the legal issues that must be resolved—and are likely to be heavily contested before the Court—in order to establish the Asbestos Bar Date.

3.     The Debtors are nonetheless seeking entry of the Proposed Bar Date Order and to set an Asbestos Bar Date.  This Court's consideration of an asbestos claims bar date has been the subject of numerous objections prior to the EFH Committee's formation.  In view of the importance of notice if an Asbestos Bar Date is to be set, the EFH Committee determined that the retention of an asbestos noticing expert is required in order to assist the EFH Committee and its counsel in evaluating the Proposed Notice Procedures and to permit the EFH Committee to meaningfully respond as to the adequacy of the Proposed Notice Procedures.  Accordingly, on March 27, 2015, after counsel contacted and vetted the qualifications of several potential noticing professionals, the EFH Committee voted to retain Kinsella Media as its asbestos noticing expert on the terms set forth in the Engagement Letter.

**B.     Kinsella Media's Qualifications.**

4.     The EFH Committee requires an experienced asbestos claims noticing expert to assist the EFH Committee and its counsel in their review and evaluation of the Proposed Notice Procedures.

5.     Kinsella Media is well-qualified to serve as the EFH Committee's asbestos noticing expert.  It is a premier legal notification firm specializing in the design, evaluation and implementation of notification programs for nearly three decades.  Kinsella Media has been retained in numerous bankruptcy cases involving asbestos claims noticing issues, including before this Court in *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del.) and *In re Armstrong World Industries, Inc.*, Case No. 00-4471 (Bankr. D. Del.), among others, and in other cases involving asbestos claims, including its ongoing assignment for the debtors in *In re Garlock Sealing Technologies LLC*, Case No. 10-31607 (Bankr. W.D.N.C.).

3

C.      **Services to be Provided.**

          6.     The EFH Committee proposes to engage Kinsella Media to advise and assist the EFH Committee and its counsel in connection with the Debtors' motion seeking to establish an asbestos claims bar date and the Proposed Notice Procedures.  Kinsella Media will perform specified tasks if and as requested by the EFH Committee directly or through counsel, in accordance with the terms of the Engagement Letter.  A general list of tasks Kinsella Media may perform is as follows:

        (a).    Evaluate the Proposed Notice Procedures and assist the EFH Committee and its counsel in considering the Proposed Notice Procedures, including, as necessary, analysis of the Debtors' businesses, their operations, the products used in their facilities, and other pertinent data to determine the manner and scope of notice;

        (b).    Provide recommendations to the EFH Committee and its counsel with regard to the Proposed Notice Procedures;

        (c).    Provide an expert opinion and related testimony with respect to the Proposed Notice Procedures;

        (d).    Consult with the EFH Committee and its counsel with respect to any appeal related to the Proposed Notice Procedures; and

        (e).    Provide such other advisory services as may be requested by the EFH Committee or its counsel from time to time relating to the Proposed Notice Procedures.

For the avoidance of doubt, Kinsella Media's engagement and the fixed fee being charged for Kinsella Media's work apply to all work by Kinsella Media relating to the Proposed Notice Procedures, including any appeals and remands.  The engagement of Kinsella Media is, however, limited to work with respect to the Debtors' Proposed Notice Procedures and does not encompass the provision by Kinsella Media of any views, opinion or testimony concerning whether it is possible to provide constitutionally sufficient notice of a claim bar date to

individuals who have been exposed to asbestos but have not manifested any asbestos-related disease or injury prior to a claim bar date.

7.    Kinsella Media will not use independent contractors or subcontractors to perform the services described in paragraph 6 above without separate Court approval.

**D.    Professional Compensation.**

8.    Kinsella Media intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this engagement, in accordance with the terms and conditions of the Engagement Letter and subject to the approval of the Court.  As set forth in the Proposed Order and subject to any other applicable order of the Court, all approved fees and expenses incurred under the Engagement Letter shall be paid to Kinsella Media by the EFH Debtors.

9.    Subject to the Court's approval, and except as otherwise modified pursuant to the Engagement Letter and by further order of the Court, the EFH Committee proposes that Kinsella Media receive a fixed total fee of $300,000 (the "**Consultation Fee**") in consideration of all services provided to the EFH Committee under the Engagement Letter.  In addition to the Consultation Fee, Kinsella Media will seek reimbursement for all necessary and reasonable expenses incurred in connection with its engagement pursuant to the Engagement Letter.

10.    Kinsella Media's standard compensation is through a percentage of the media buy for the design and implementation of a notice program.  As explained in the Wheatman Declaration, Kinsella Media does not typically bill or charge by the hour.  Here, Kinsella Media's primary assignment is to evaluate the Debtors' Proposed Notice Procedures and to assist the EFH Committee in responding to the relief requested, including by providing expert testimony as appropriate.  The notice program is, however, being overseen and

5

implemented by the Debtors.  The EFH Committee thus negotiated a fixed fee arrangement and

has agreed with Kinsella Media on a fee structure that will provide the EFH Committee

unlimited access to the services of the Kinsella Media professionals for any issues relating to the

Proposed Notice Procedures.  The Wheatman Declaration represents that the Consultation Fee is

reasonable and consistent with other comparable compensation arrangements.

11.    In accordance with the Engagement Letter, the EFH Committee proposes

that the Consultation Fee be paid to Kinsella Media as follows:  (i) $100,000 of the Consultation

Fee at the end of the first month following the Court's approval of the Application, without

further order of the Court; (ii) $150,000 of the Consultation Fee upon the Court's entry an order

approving the Proposed Notice Procedures (the "**Second Fee Payment**"); and (iii) $50,000 upon

the earlier of (x) final resolution of the Debtors' bar date motion, including any appeals or further

proceedings or (y) written notice to Kinsella Media from the EFH Committee that the EFH

Committee has determined the engagement to be complete (the "**Third Fee Payment**").

12.    The Consultation Fee is not contingent on the Debtors implementing any

asbestos bar date notice program, and, therefore, if the Debtors' bar date motion is withdrawn

with prejudice as to the Asbestos Bar Date, Kinsella Media shall be entitled to immediately file

an application for the unpaid portion of its Consultation Fee and expenses incurred; if the

Debtors' bar date motion is withdrawn without prejudice, Kinsella Media shall be entitled to file

an application for the unpaid portion of its Consultation Fee and expenses incurred following the

earlier of entry of a final order confirming a plan of reorganization in the Debtors' chapter 11

cases or approval of a renewed motion for approval of an asbestos bar date notice plan.

13.    Kinsella Media will file with the Court a fee application for each of its

Second Fee Payment and Third Fee Payment, which will include a request for reimbursement of

any outstanding necessary and reasonable expenses incurred.  Kinsella Media's fee applications

shall include (a) a summary description of the tasks performed, and (b) information on the

aggregate time spent by each person at Kinsella Media on each of those tasks, which application

shall be subject to objection by any party-in-interest.

    14. Kinsella Media will maintain records in support of the Consultation Fee

and expenses incurred in connection with its engagement.  However, because Kinsella Media's

compensation will include only the Consultation Fee and reimbursement of expenses, the EFH

Committee requests that Kinsella Media be excused from the general compensation procedures

established for professionals in these chapter 11 cases and from filing fee and expense

reimbursement applications, except as set forth in paragraphs 12 and 13 above.  Furthermore, the

EFH Committee respectfully requests, pursuant to Local Rule 2016-2(h), that Kinsella Media not

be required to include activity descriptions or time records in accordance with Local Rule 2016-

2(d), and that the applicable requirements of Bankruptcy Rule 2016(a), applicable guidelines of

the U.S. Trustee, and any otherwise applicable guidelines, orders or procedures of the Court be

waived to the extent necessary to grant such relief.

**E.**  **Kinsella Media's Disinterestedness.**

    15. The Wheatman Declaration confirms that, to the best of its knowledge,

Kinsella Media (a) is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, (b) does not represent any person or entity having an interest adverse to the

EFH Committee, the Debtors or their estates in connection with these chapter 11 cases.

<u>**Jurisdiction**</u>

    16. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b). This statutory predicates for the relief requested

7

herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and

Local Rule 2014-1.

**Relief Requested**

17.      By this Application, the EFH Committee requests entry of the Proposed

Order (a) authorizing the EFH Committee to retain and employ Kinsella Media as its asbestos

noticing expert in connection with these chapter 11 cases effective *nunc pro tunc* to March 27,

2015, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a)

and Local Rule 2014-1 and in accordance with the terms, and subject to the conditions, set forth

in the Engagement Letter; and (b) granting Kinsella Media a waiver of the requirements of

Bankruptcy Rule 2016(a), Local Rule 2016-2(d), applicable guidelines of the Office of the U.S.

Trustee, and any otherwise applicable guidelines, orders or procedures of the Court in connection

with the services to be rendered pursuant to the Engagement Letter.

**Basis for Relief**

**A.      The EFH Committee's Retention of Kinsella Media Is Reasonable and Appropriate Pursuant to Section 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.**

18.      The EFH Committee seeks to retain and employ Kinsella Media as its

asbestos noticing expert pursuant to section 328(a) of the Bankruptcy Code, which provides that,

subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy

Code:

> [M]ay employ or authorize the employment of a professional
> person under section . . . 1103 of [the Bankruptcy Code] . . . on any
> reasonable terms and conditions of employment, **including . . . on
> a fixed or percentage fee basis**.

11 U.S.C. § 328(a) (emphasis added).

SC1:3833334.6

19.     Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of professional pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20.     The EFH Committee has selected Kinsella Media as its proposed asbestos noticing expert in light of its extensive experience in legal noticing matters, including the design, evaluation and implementation of notification programs targeted to potential asbestos claimants in connection with chapter 11 cases, and the experience and capabilities of its professionals.

21.     The EFH Committee believes that the advice and assistance of a qualified noticing expert is essential to the EFH Committee's evaluation of the Proposed Notice Procedures, and its ability to meaningfully respond as to the reasonableness of the Proposed Notice Procedures.  The proposed retention of Kinsella Media is in the best interests of the EFH Committee and its constituents, and will enable the EFH Committee to best serve the interests of its constituents.  Kinsella Media will help ensure that the Proposed Notice Procedures are appropriate based on the circumstances of these chapter 11 cases.

22.     The EFH Committee selected Kinsella Media only after contacting and considering the qualifications of several noticing professionals.  The EFH Committee submits that, as stated in the Wheatman Declaration, Kinsella Media's proposed fixed Consultation Fee of $300,000 and reimbursement of reasonable and necessary out of pocket expenses is

9

reasonable and consistent with compensation arrangements entered into by Kinsella Media and other comparable noticing experts rendering similar services under similar circumstances. This fee arrangement provides maximum value to the EFH Committee, as it provides unlimited access Kinsella Media's services and personnel, as needed.

23.    Section 328(a) of the Bankruptcy Code provides flexibility in the compensation structure provided to retained professionals, and expressly authorizes compensation of professionals on a fixed or percentage fee basis. The EFH Committee believes that the proposed fixed Consultation Fee and expense reimbursement terms of the Engagement Letter are reasonably designed to fairly compensate Kinsella Media for its services in connection with these chapter 11 cases, and that the proposed terms of Kinsella Media's engagement are otherwise reasonable as required by section 328(a) of the Bankruptcy Code.

24.    Pursuant to the Engagement Letter and at the EFH Committee's request, Kinsella Media began work as the EFH Committee's noticing expert on March 27, 2015, with the understanding that the EFH Committee would seek approval of its employment and retention effective *nunc pro tunc* to that date. The EFH Committee believes that no party in interest will be prejudiced by approving the *nunc pro tunc* employment of Kinsella Media, because Kinsella Media has provided, and continues to provide, valuable services for the benefit of the EFH Committee; and because such approval does not affect the amount of compensation to be paid to Kinsella Media under the fixed fee terms of the Engagement Letter.

25.    Based on the facts and for the reasons stated herein and in the Wheatman Declaration, the EFH Committee respectfully submits that the retention and employment of Kinsella Media as its asbestos noticing expert is necessary, appropriate, and in the best interests of the EFH Committee and its constituents. The EFH Committee further submits that the terms

10

of the Engagement Letter satisfy section 328(a) of the Bankruptcy Code and should be approved by the Court.

**B.      Waiver of Submission of Information Requirements of Local Rule 2016-2(d) Is Appropriate.**

26.      In accordance with Local Rule 2016-2(h), the EFH Committee requests that the requirements of Local Rule 2016-2(d), requiring that any motion of a professional person for approval of compensation or reimbursement of expenses include a detailed description of all activities of such professional, including time entries recorded in tenths of an hour and separate descriptions of each individual activity, be waived as to Kinsella Media.

27.      As noted in the Wheatman Declaration, noticing experts such as Kinsella Media frequently charge for their services on fixed fee or percentage fee basis rather than on an hourly basis.  Consistent with this market practice, Kinsella Media's compensation pursuant to the Engagement Letter will consist only of the Consultation Fee and reimbursement of applicable expenses, as described above.  In addition, a waiver of the requirements of Local Rule 2016-2(d) is particularly appropriate under these circumstances given the limited scope and duration of Kinsella Media's proposed retention.  Kinsella Media will not be compensated based on the number of hours expended by its personnel in the course of its engagement in these chapter 11 cases.  Kinsella Media is being retained as a potential testifying expert for a limited purpose in connection with the Proposed Notice Procedures.  Kinsella Media will, however, file applications for payment of the Second Fee Payment and the Third Fee Payment, as set forth herein.

Accordingly, the EFH Committee requests that the applicable requirements of Bankruptcy Rule 2016(a), applicable guidelines of the Office of the U.S. Trustee, and any

11

otherwise applicable guidelines, orders or procedures of the Court be waived to the extent necessary to grant such relief.

## **Notice**

28.     Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Forester LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Application is neither required nor necessary.

## **No Prior Request**

29.     No prior motion or application for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

SC1:3833334.6

Dated:  Wilmington, Delaware
          April 3, 2015

**MONTGOMERY MCCRACKEN WALKER & RHOADS, LLP**

 _/s/ Davis Lee Wright_
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:      nramsey@mmwr.com
               dwright@mmwr.com
               mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Mark F. Rosenberg
Brian D. Glueckstein
Michael H. Torkin
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:       dietdericha@sullcrom.com
               rosenbergm@sullcrom.com
               gluecksteinb@sullcrom.com
               torkinm@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance Inc.; and EECI, Inc.*

SC1:3833334.6