# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF KINSELLA MEDIA, LLC AS ASBESTOS NOTICING EXPERT TO
THE EFH OFFICIAL COMMITTEE *NUNC PRO TUNC* TO MARCH 27, 2015
AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2(h)**

Upon the application (the "**Application**")[2] of the official committee of unsecured creditors ( the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Debtors**") for entry of an order (this "**Order**") authorizing the EFH Committee to retain and employ Kinsella Media, LLC ("**Kinsella Media**") as its asbestos noticing expert in connection with these chapter 11 cases, on the terms set forth in the Engagement Letter, effective *nunc pro tunc* to March 27, 2015; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the *Declaration of Shannon R.*

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

SC1:3833334.6

*Wheatman in Support of the Application of the EFH Official Committee for an Order (A) Authorizing the Retention and Employment of Kinsella Media as Asbestos Noticing Expert to the EFH Official Committee* Nunc Pro Tunc *to March 27, 2015 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "**Wheatman Declaration**"), attached as <u>Exhibit C</u> to the Application; and this Court having determined that the proposed terms and conditions of Kinsella Media's employment, as set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court being satisfied based on the representations made in the Application and the Wheatman Declaration that (i) Kinsella Media is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) Kinsella Media does not represent any person or entity having an interest adverse to the EFH Committee, the Debtors or their estates in connection with these chapter 11 cases, and (iii) the retention and employment of Kinsella Media as asbestos noticing expert to the EFH Committee, effective *nunc pro tunc* to March 27, 2015, is reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    The Application is GRANTED as set forth herein.

    2.    The terms of the Engagement Letter, including the payment schedule contained therein, are approved in all respects except as explicitly limited or modified herein.

3. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the EFH Committee is hereby authorized to employ and retain Kinsella Media as its asbestos noticing expert in the Debtors' chapter 11 cases upon the terms and conditions set forth in the Application and the Engagement Letter, and Kinsella Media is authorized to perform the following services:

a. Evaluate the Proposed Notice Procedures and assist the EFH Committee and its counsel in considering the Proposed Notice Procedures, including, as necessary, analysis of the Debtors' businesses, their operations, the products used in their facilities, and other pertinent data to determine the manner and scope of notice;

b. Provide recommendations to the EFH Committee and its counsel with regard to the Proposed Notice Procedures;

c. Provide an expert opinion and related testimony with respect to the Proposed Notice Procedures;

d. Consult with the EFH Committee and its counsel with respect to any appeal related to the Proposed Notice Procedures; and

e. Provide such other advisory services as may be requested by the EFH Committee or its counsel from time to time relating to the Proposed Notice Procedures.

4. Kinsella Media shall use its reasonable efforts to avoid any duplication of services provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

5. Kinsella Media shall be entitled to payment of $100,000 of the Consultation Fee at the end of the first month following this Court's approval of the Application, without further order of the Court, and shall be entitled to the Second Fee Payment and Third Fee Payment as provided in the Engagement Letter, subject to the approval of this Court as set forth herein.

6. Kinsella Media shall not be subject to the compensation procedures established for professionals in these chapter 11 cases, including review by the Court-appointed fee committee, provided, that, Kinsella Media shall file with this Court a fee application for each of its Second Fee Payment and Third Fee Payment, which will include a request for reimbursement of any outstanding necessary and reasonable expenses incurred. Kinsella Media's fee applications shall include (a) a summary description of the tasks performed, and (b) information on the aggregate time spent by each person at Kinsella Media on each of those tasks, which application shall be subject to objection by any party-in-interest.

7. Absent further order of this Court, all approved fees and expenses incurred as authorized by this Order shall be paid by the EFH Debtors.

8. Notwithstanding anything in the Application to the contrary, Kinsella Media will not use independent contractors or subcontractors to perform the services in paragraph 3 above without separate Court approval.

9. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, Kinsella Media and its professionals shall be granted a waiver from submitting activity descriptions or time records as required by Bankruptcy Rule 2016(a), Local Rule 2016-2(d), applicable guidelines of the Office of the U.S. Trustee, and any otherwise applicable guidelines, orders or procedures of this Court in connection with the services to be rendered pursuant to the Engagement Letter, except as provided in paragraph 6 of this Order.

10. The EFH Committee and Kinsella Media are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. To the extent the Application or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

13. The requirements set forth in Local Rule 2002-1(b) are satisfied.

14. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2015
      Wilmington, Delaware

                                          Christopher S. Sontchi
                                          United States Bankruptcy Judge