## **EXHIBIT B**

**Engagement Letter**



March 27, 2015

Dear Brian,

We appreciate the opportunity to provide professional services to the EFH Official Creditors' Committee (the "EFH Committee") in the *In re Energy Future Holdings Corp., et al.*, Chapter 11 matter, in connection with the Debtors' motion and proposed order seeking to establish an asbestos claims bar date (the "Bar Date Motion") and approval of proposed procedures for providing notice of the asbestos bar date and the forms and other notice materials set forth therein or related thereto (collectively, as they may be amended, the "Proposed Notice Procedures"). This letter confirms the scope of our work, to be performed if and as requested by the EFH Committee directly or through counsel.

The scope of Kinsella Media's ("KM") work includes:
- **Analysis of Pertinent Data Related to the Asbestos Businesses of the Debtors:** This includes but is not limited to, as necessary: claimant data (age, gender, and, if applicable, type of injury, disease, or death), facilities (names, locations, years of operation, years of asbestos product usage, employee population, and if applicable, years of remediation), types of asbestos-containing products and occupations exposed to these asbestos products.
- **Evaluate and Provide Recommendations in Regard to the Proposed Notice Procedures:** KM will evaluate the Debtors' Proposed Notice Procedures and assist the EFH Committee and its counsel in considering the Proposed Notice Procedures.
- **Work with Hilsoft Notifications:** KM will work with Hilsoft to improve the Debtors' Proposed Notice Procedures. This includes suggesting changes, as appropriate, to the notice materials and media recommendations.
- **Provide an Expert Opinion:** My expert opinion will cover the adequacy of the media and the content/form of the Proposed Notice Procedures.
- **Provide Testimony and Deposition Preparation:** As a court-approved expert I will offer testimony and help prepare any deposition of the Debtors' retained expert. My expert opinion will cover the adequacy of the media and the content/form of the notice materials, as well as any suggested changes thereto.
- **Provide Consultation on Appellate Issues:** KM will consult with the EFH Committee and its counsel on any appellate issues arising from the Proposed Notice Procedures.
- **Other Advisory Services:** KM will provide other advisory services as may be requested by the EFH Committee or its counsel from time to time relating to the Bar Date Motion.

**Costs:** We will charge a flat fee of $300,000 for our services, plus reimbursement for reasonable out of pocket expenses. KM shall be entitled to, subject to all necessary court approvals, (i) payment of $100,000 of its fee at the end of the first month following court approval of the engagement, (ii) payment of $150,000 of its fee, plus any outstanding out of pocket expenses incurred, when the bankruptcy court enters an order approving the Proposed Notice Procedures, and (iii) payment of the remaining $50,000 of its fee, plus any outstanding out of pocket expenses incurred, upon the earlier of (x) final resolution of the Debtors' Bar Date Motion, including any appeals or further proceedings or (y) written notice from the EFH Committee that this engagement is complete. Our engagement provides for payment that is not contingent on the Debtors' Proposed Notice Procedures being implemented and,

therefore, if the Debtors' Bar Date Motion is withdrawn with prejudice, KM shall be entitled to immediately file an application for the unpaid portion of its fee and expenses; if the Debtors' Bar Date Motion is withdrawn without prejudice, KM shall be entitled to file an application for the unpaid portion of its fee and expenses following the earlier of entry of a final order confirming a plan of reorganization in the Debtors' chapter 11 cases or approval of a renewed motion for approval of an asbestos bar date notice plan. The flat fee being charged by KM applies to all work by KM relating to the Debtors' Proposed Notice Procedures, including any appeals and remands.

The engagement of KM is, however, limited to work with respect to the Debtors' Proposed Notice Procedures and does not encompass the provision of KM of any views, opinion or testimony concerning whether it is possible to provide constitutionally sufficient notice of a claim bar date to individuals who have been exposed to asbestos but have not manifested any asbestos-related disease or injury prior to a claim bar date.

We understand that this engagement letter and payment of our fee and expenses must be approved by the bankruptcy court. None of you, the members of the EFH Committee, or their retained counsel, Sullivan & Cromwell LLP and Montgomery McCracken Walker & Rhoads, LLP, shall have any obligation to pay our fee or expenses.

On March 31, 2015, I received the Declaration of Acknowledgement and Agreement to Be Bound By the Confidentiality Agreement and Stipulated Protected Order ("Protective Order"). KM has executed this declaration and KM agrees to be bound by the terms of the Protective Order.

**Please sign and review this letter:** Please let me know if you have any changes to this letter. If all the information is correct, please sign and return it to acknowledge our agreement about the scope of KM's services and costs. Thank you again for the opportunity to work on this matter.

Sincerely,

*[signature]*

Shannon Wheatman
President

I agree to the scope of KM services and other terms described above.

*[signature]*                                  4/3/15

Brian Glueckstein                              Date:
Authorized Representative of the EFH Committee

   2120 L STREET NW, SUITE 860     WASHINGTON, DC 20037     T 202.686.4111     F 202.293.6961     KINSELLAMEDIA.COM