**<u>EXHIBIT C</u>**

**<u>Wheatman Declaration</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF SHANNON R. WHEATMAN IN SUPPORT OF THE
APPLICATION OF THE EFH OFFICIAL COMMITTEE FOR AN ORDER
(A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF KINSELLA MEDIA,
LLC AS ASBESTOS NOTICING EXPERT TO THE EFH OFFICIAL COMMITTEE
*NUNC PRO TUNC* TO MARCH 27, 2015 AND (B) WAIVING CERTAIN
INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

I, Shannon R. Wheatman, under penalty of perjury, declare as follows:

1.    I am President of Kinsella Media, LLC ("**Kinsella Media**"), an advertising

and legal notification firm specializing in the design, evaluation and implementation of

notification programs to reach unidentified putative class members primarily in consumer and

antitrust class actions, and claimants in bankruptcy and mass tort litigation.  My business address

is 2001 Pennsylvania Avenue NW, Suite 300, Washington, DC 20006.

2.    This declaration is submitted in support of the application (the

"**Application**")[2] of the official committee of unsecured creditors of Energy Future Holdings

Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI,

Inc. (the "**EFH Committee**") for the entry of an order (a) authorizing the EFH Committee to

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of
the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in
these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the
last four digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the debtors' claims and noticing agent at
http://www.efhcaseinfo.com.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the
Application.

retain and employ Kinsella Media as its asbestos claims noticing expert in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), effective *nunc pro tunc* to March 27, 2015, and (b) granting to Kinsella Media a waiver of the information requirements under Local Rule 2016-2(d).  Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

### KINSELLA MEDIA'S QUALIFICATIONS

3.      Kinsella Media has developed and directed some of the largest and most complex national notification programs in the country.  The scope of the firm's work includes notification programs in antitrust, bankruptcy, consumer fraud, mass tort, and product liability litigation.  Specific cases have involved, among others, asbestos, breast implants, home siding and roofing products, infant formula, pharmaceuticals, polybutylene plumbing, tobacco, and Holocaust claims.  The firm has developed or consulted on over 700 notification programs and has placed over $300 million in media notice.  My curriculum vitae is attached as Exhibit 1.

4.      Kinsella Media has been involved in developing or consulting on the notification programs for asbestos claimants in numerous complex bankruptcies, including the firm's current engagement by the debtors in *In re Garlock Sealing Technologies LLC*, Case No. 10-31607, pending in the United States Bankruptcy Court for the Western District of North Carolina.

### SERVICES TO BE PROVIDED

5.      Pursuant to the engagement letter attached to the Application as Exhibit B (the "**Engagement Letter**"), Kinsella Media will advise and assist the EFH Committee and its counsel in connection with the Debtors' motion seeking to establish an asbestos claims bar date

---

[3]      Certain of the disclosures herein relate to matters within the knowledge of other professionals at Kinsella Media and are based on information provided by such other professionals.

and the proposed *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 3965], the proposed procedures for providing notice of the Asbestos Bar Date, and the forms and other notice materials set forth therein or related thereto (collectively, as they may be amended, the "**Proposed Notice Procedures**").  Kinsella Media will perform specified tasks if and as requested by the EFH Committee directly or through counsel, in accordance with the Engagement Letter.  A general list of tasks Kinsella Media may be requested to perform is as follows:

a.    Evaluate the Proposed Notice Procedures and assist the EFH Committee and its counsel in considering the Proposed Notice Procedures, including, as necessary, analysis of the Debtors' businesses, their operations, the products used in their facilities, and other pertinent data to determine the manner and scope of notice;

b.    Provide recommendations to the EFH Committee and its counsel with regard to the Proposed Notice Procedures;

c.    Provide an expert opinion and related testimony with respect to the Proposed Notice Procedures;

d.    Consult with the EFH Committee and its counsel with respect to any appeal related to the Proposed Notice Procedures; and

e.    Provide such other advisory services as may be requested by the EFH Committee or its counsel from time to time relating to the Proposed Notice Procedures.

For the avoidance of doubt, Kinsella Media's engagement and the fixed fee being charged for Kinsella Media's work apply to all work by Kinsella Media relating to the Proposed Notice Procedures, including any appeals and remands.  The engagement of Kinsella Media is, however, limited to work with respect to the Debtors' Proposed Notice Procedures and does not encompass the provision by Kinsella Media of any views, opinion or testimony concerning whether it is possible to provide constitutionally sufficient notice of a claim bar date to

individuals who have been exposed to asbestos but have not manifested any asbestos-related disease or injury prior to a claim bar date.

## PROFESSIONAL COMPENSATION

6.      Subject to the Court's approval, the EFH Committee has agreed, in accordance with the terms and conditions of the Engagement Letter, to pay Kinsella a fixed fee in the total amount of $300,000 (the "**Consultation Fee**") on the schedule set forth therein.  In addition to the Consultation Fee, Kinsella Media will receive reimbursement for all reasonable and necessary expenses incurred in connection with this engagement, in accordance with the Engagement Letter.

7.      Kinsella Media's standard compensation is through a percentage of the media buy for the design and implementation of a notice program.  Kinsella Media does not typically bill or charge by the hour.  Here, we understand that the notice program is being overseen and implemented by the Debtors.  As a result, Kinsella Media has agreed with the EFH Committee on a fixed total fee structure to cover all aspects of the engagement.  The proposed Consultation Fee is reasonable and is consistent with compensation arrangements entered into by Kinsella Media and other comparable noticing experts rendering similar services under similar circumstances.

## DISINTERESTEDNESS OF KINSELLA MEDIA

8.      In connection with its proposed retention by the EFH Committee, Kinsella Media has conducted an internal review of its contacts with the Debtors and their affiliates, the EFH Committee members, asbestos litigants in these cases, court and personnel of the of the United States Trustee for the District of Delaware, and certain parties in interest disclosed pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure.

-4-

9.      Based solely on Kinsella Media's review conducted to date, to the best of my knowledge, Kinsella Media (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (b) does not represent any person or entity having an interest adverse to the EFH Committee, the Debtors or their estates in connection with these chapter 11 cases.

10.      As noted above, Kinsella Media has been retained in *In re Garlock Sealing Technologies LLC*, Case No. 10-31607, pending in the United States Bankruptcy Court for the Western District of North Carolina, as notice expert to the debtors.  Garlock Sealing Technologies LLC and its affiliated debtors Anchor Packing Co. Inc., Garlock Inc., Garlock Sealing Technologies Inc. and Coltec Industries Inc. (collectively, the "**Garlock Debtors**") have been identified by the Debtors as asbestos litigants in connection with these chapter 11 cases.

11.      In addition, Kinsella Media provided services to the Committee of Asbestos Personal Injury Claimants (the "**Specialty Products Asbestos Committee**") in *In re Specialty Products Holding Corp.*, Case No. 10-11780, before this Court.  Bondex International, Inc., a debtor in such case, has been identified by the Debtors as an asbestos litigant in connection with these chapter 11 cases.

12.      Kinsella Media's work for the Garlock Debtors and the Specialty Products Asbestos Committee is unrelated to its proposed engagement in these chapter 11 cases, does not give rise to any conflict or relationship that causes Kinsella Media not to be a "disinterested person" within the meaning of the Bankruptcy Code, and does not constitute representation of any person or entity having an interest adverse to the EFH Committee, the Debtors or their estates in connection with these chapter 11 cases.

13.     During the summer of 2014, an ad hoc group of attorneys representing asbestos creditors with claims against one or more of the Debtors contacted Kinsella Media in connection with a potential engagement related to the Debtors' then pending motion to establish an asbestos claims bar date.  These discussions were only preliminary in nature, no non-public information was provided to Kinsella Media during those discussions, no engagement letter was signed, and Kinsella Media did not bill for  and was not compensated for any time or expenses incurred during those preliminary discussions.

14.     To the extent Kinsella Media discovers relevant additional information during the course of its engagement, Kinsella Media reserves the right to supplement this Declaration and will promptly make such additional disclosure to the Court as necessary.

15.     In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016, neither I nor Kinsella Media has entered into any agreement, express or implied, with any other party in interest, including the Debtors, any creditor, or any attorney for such party-in-interest in these chapter 11 cases, (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (b) for payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (c) for payment of compensation in connection with these chapter 11 cases, except as set forth in the Application and the Engagement Letter.

16.     I am authorized to submit this Declaration on behalf of Kinsella Media, and if called upon to testify, I would testify competently to the facts set forth herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 3, 2015

_____
Shannon R. Wheatman, Ph.D.
President, Kinsella Media, LLC

## **<u>EXHIBIT 1</u>**

### **<u>Curriculum Vitae of Shannon R. Wheatman</u>**



# Shannon R. Wheatman, Ph.D.

President
Kinsella Media, LLC
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
2010 – Present

Dr. Wheatman specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. She is a court-recognized expert who provides testimony on the best notice practicable. Dr. Wheatman began her class action career in 2000 at the Federal Judicial Center where she was instrumental in the development of model notices to satisfy the plain language amendment to Rule 23. Her plain language expertise was advanced by her education, including her doctoral dissertation on plain language drafting of class action notice and her master's thesis on comprehension of jury instructions. Dr. Wheatman has been involved in over 300 class actions. Her selected case experience includes:

### Antitrust

*Allen v. Dairy Farmers of America, Inc.*, No. 5:09-CV-00230-CR (D. Vt.).

*Blessing v. Sirius XM Radio, Inc.*, No. 09-CV-10035 HB (S.D.N.Y.).

*Brookshire Bros. v. Chiquita*, No. 05-CIV-21962 (S.D. Fla.).

*Cipro Cases I and II*, Nos. 4154 and 4220 (Super. Ct. Cal.).

*In re Dynamic Random Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.).

*In re Flonase Antitrust Litig.*, No. 08-CV-3301 (E.D. Pa.).

*In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 06-cv-71 (D. De.).

*In re NYC Bus Tour Antitrust Litig.*, No. 13-cv-0711 (S.D. N.Y.).

*In re Online DVD Rental Antitrust Litig.*, MDL No. 2029 (N.D. Cal.).

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.).

*Roos v. Honeywell Int'l, Inc.*, No. CGC 04-0436205 (Super. Ct. Cal.).

*Sweetwater Valley Farm, Inc. v. Dean Foods*, No. 2:07-CV-208 (E.D. Tenn.).

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (D. Minn.).

*Consumer and Product Liability*

*Abbott v. Lennox Industries, Inc.,* No.16-2011-CA-010656 (4th Jud. Cir. Ct., Dade Cty. Fla).

*Beringer v. Certegy Check Servs., Inc.,* No. 8:07-cv-1434-T-23TGW (M.D. Fla.) (data breach).

*Chaudhri v. Osram Sylvania, Inc.,* No. 2:11-cv-05504 (D.N.J.) (false advertising).

*CSS, Inc. v. FiberNet, L.L.C.,* No. 07-C-401 (Cir. Ct. W. Va.) (telecommunications).

*Donovan v. Philip Morris USA, Inc.,* No. 06-12234 NG (D. Mass.) (medical monitoring).

*FIA Card Servs., N.A. v. Camastro,* No. 09-C-233 (Cir. Ct. W.Va.) (credit card arbitration).

*Glazer v. Whirlpool Corp.,* No. 1:08-WP-65001 (N.D. Ohio)(defective product).

*Grays Harbor v. Carrier Corp.,* No. 05-CIV-21962 (W.D. Wash.) (defective product).

*In re Building Materials Corp. of America Asphalt Roofing Shingle Prods. Liab. Litig.,* No. 8:11- 02000 (D.S.C.) (roofing shingles).

*In re Checking Account Overdraft Litig.,* MDL No. 2036 (S.D. Fla.) (JP Morgan, U.S. Bank, BOA settlements; overdraft fees).

*In re Enfamil LIPIL Mktg. & Sales Practs. Litig.,* No. 11-MD-02222 (S.D. Fla.) (false advertising).

*In re M3Power Razor System Mktg. & Sales Practs. Litig.,* MDL 1704 (D. Mass.) (false advertising).

*In re Netflix Privacy Litig.,* No. 5:11-cv-00379 (N.D. Cal.) (privacy).

*In re Pharm. Industry Average Wholesale Price Litig.,* MDL No. 1456 (D. Mass.) (pharmaceutical).

*In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* No. 04-12515 (Bankr. W.D. Mich.) (defective product).

*In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practs, & Prods. Litig.,* No. 8:10ML2151 (C.D. Cal.) (unintended acceleration).

*In re Vioxx Products Liab. Litig.,* No. 05-md-01657 (E.D. La) (pharmaceutical).

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Mktg & Sales Practs. Litig.,* No. M:09-CV-2015 (N.D. Cal.) (negative amortization).

*In re Sony Gaming Networks & Customer Data Security Breach Litig.,* No. 11-MD-2258 (S.D. Cal.) (data breach).

*Keilholtz v. Lennox Hearth Prods.,* No. 08-CV-00836 (N.D. Cal.) (defective product).

*Kramer v. B2Mobile, LLC,* No. 10-cv-02722 (N.D. Cal.) (TCPA).

*Lee v. Carter Reed Co., L.L.C.,* No. UNN-L-39690-04 (N.J. Super. Ct.) (false advertising).



*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-cv-4229 (D.N.J.) (false advertising).

*Palace v. DaimlerChrysler*, No. 01-CH-13168 (Cir. Ct. Ill.) (defective product).

*Rowe v. UniCare Life & Health Ins. Co.*, No. 09-cv-02286 (N.D. Ill.) (data breach).

*Spillman v. Domino's Pizza*, No. 10-349 (M.D. La.) (robo-call).

*Trammell v. Barbara's Bakery, Inc.*, No. 3:12-cv-02664 (N.D. Cal.) (false advertising).

*Wolph v. Acer America Corp.*, No. 09-cv-01314 (N.D. Cal.) (false advertising).

### Environmental/Property

*Allen v. Monsanto Co*., No. 041465 and *Carter v. Monsanto Co*., No. 00-C-300 (Cir. Ct. W. Va.) (dioxin release).

*Angel v. U.S. Tire Recovery*, No. 06-C-855 (Cir. Ct. W.Va.) (tire fire).

*Cather v. Seneca-Upshur Petroleum Inc.*, No. 1:09-cv-00139 (N.D. W.Va.) (oil & gas rights).

*Ed Broome, Inc. v. XTO Energy, Inc.,* No. 1:09-CV-147 (N.D. W.Va.) (oil & gas rights).

*In re Katrina Canal Breaches Litig*., No. 05-4182 (E.D. La.) (Hurricanes Katrina and Rita).

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (BP oil spill).

*Jones v. Dominion Transmission Inc.*, No. 2.06-cv-00671 (S.D. W.Va.)  (oil & gas rights).

*Thomas v. A. Wilbert & Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish) (vinyl chloride water contamination).

### Government

*Cobell v. Salazar*, No. 1:96cv01285 (D. D.C.), Depts. of Interior and Treasury.

Countrywide Mortgage Settlement, Department of Justice.

Iovate Settlement, Federal Trade Commission.

National Mortgage Settlement, Attorneys General.

Walgreens Settlement, Federal Trade Commission.

### Insurance

*Beasley v. Hartford Ins. Co. of the Midwest*, No. CV-2005-58-1 (Cir. Ct. Ark.) (homeowners insurance).

*Bond v. Am. Family Ins. Co*., No. CV06-01249 (D. Ariz) (property insurance).

*Burgess v. Farmers Ins. Co*., No. 2001-292 (Dist. Ct. Okla.) (homeowners insurance).



*Campbell v. First Am. Title Ins. Co.*, No. 2:08-cv-311-GZS (D. Me.) (title insurance).

*DesPortes v. ERJ Ins. Co.,* No. SU2004CV-3564 (Ga. Super. Ct.) (credit premium insurance).

*Fogel v. Farmers Grp., Inc.*, No. BC300142 (Super. Ct. Cal.)(management exchange fees).

*Guidry v. Am. Public Life Ins. Co*., No. 2008-3465 (14th Jud. Dist. Ct.) (cancer insurance).

*Gunderson v. F.A. Richard & Assocs., Inc*., No. 2004-2417-D. (14th Jud. D. Ct. La.) (PPO).

*Johnson v. Progressive Casualty Ins., Co*., No. CV-2003-513 (Cir. Ct. Ark.) (automobile insurance).

*McFadden v. Progressive Preferred*, No. 09CV002886 (Ct. C.P. Ohio) (UM/UIM).

*Orrill v. Louisiana Citizens Fair Plan*, No. 05-11720 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Press v. Louisiana Citizens Fair Plan Prop. Ins. Co*., No. 06-5530 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Purdy v. MGA Ins. Co.*, No. D412-CV-2012-298 (4th Jud. Ct. N. Mex.) (UM/UIM).

*Shaffer v. Continental Casualty Co*., No. 06-2235 (C.D. Cal.) (long term care insurance).

*Sherrill v. Progressive Northwestern Ins. Co*., No. DV-03-220 (18th D. Ct. Mont.) (automotive premiums).

*Soto v. Progressive Mountain Ins. Co*., No. 2002CV47 (Dist. Ct. Mont.) (personal injury insurance).

*Webb v. Liberty Mutual Ins. Co*., No. CV-2007-418-3 (Cir. Ct. Ark) (bodily injury claims).

## Securities

*In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).

*In re Mutual Funds Inv. Litig.,* MDL No. 1586 (D. Md.) (Allianz Sub-Track).

## Canada

*Bechard v. Province of Ontario*, No. CV- 10-417343 (Ont. S.C.J.) (personal injury).

*Clarke v. Province of Ontario*, No. CV-10-411911 (Ont. S.C.J.) (personal injury).

*Dolmage v. Province of Ontario*, No. CV-09-376927CP00 (Ont. S.C.J.) (personal injury).

*Donnelly v. United Technologies Corp.,* No. 06-CV-320045 CP (Ont. S.C.J.) (defective product).

*Hall v. Gillette Canada Co.*, No. 47521CP (Ont. S.C.J.) (false advertising).

*Wener v. United Technologies Corp*., 2008 QCCS 6605 (Québec) (defective product).



## Articles and Presentations

Shannon R. Wheatman, Speaker, *Can Competition Concepts Be Made Comprehensible To Juries (And Judges)*, American Antitrust Institute's Business Behavior & Competition Policy in the Courtroom: Current Challenges for Judges, Stanford, CA (Aug. 2014).

Shannon R. Wheatman, Webinar Speaker, *Crafting Class Settlement Notice Programs: Due Process, Reach, Claims Rates, and More*, Strafford Publications (Feb. 2014).

Shannon R. Wheatman, *Cutting Through the Clutter: Eight Tips for Creatively Engaging Class Members and Increasing Response*, CLASS ACTION LITIGATION REPORT, 15 CLASS 88 (Jan. 24, 2014).

Shannon Wheatman & Michelle Ghiselli, *Privacy Policies: How To Communicate Effectively with Consumers*, International Association of Privacy Professionals (2014).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 7th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2013).

Shannon R. Wheatman, Speaker, Class Action Notice, Reach & Administration, CLE International's 9th Annual Class Action Conference, Washington, DC (Oct. 2013).

Shannon R. Wheatman, *Ensuring Procedural Fairness Through Effective Notice, in* NATIONAL CONFERENCE ON CLASS ACTIONS: RECENT DEVELOPMENTS IN QUÉBEC, IN CANADA AND IN THE UNITED STATES 83-99 (Yvon Blais ed., 2013).

Shannon R. Wheatman, Speaker, *Class Action Developments and Settlements*, 18th Annual Consumer Financial Services Institute, New York, New York (Apr. 2013).

Shannon R. Wheatman, Speaker, *Recent Trends in Class Actions in the United States*, National Conference on Class Actions: Recent Developments in Québec, in Canada and in the United States, Montreal, Canada (Mar. 2013).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 6th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2012).

Shannon R. Wheatman & Katherine M. Kinsella, *International Class Action Notice, in* WORLD CLASS ACTION: A GUIDE TO GROUP AND REPRESENTATIVE ACTIONS AROUND THE GLOBE 673-686 (Paul Karlsgodt ed., 2012).



Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, *in* PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES: A HANDBOOK 338–348 (Albert A. Foer & Randy M. Stutz eds., 2012).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notice Requirements:  Challenges for Plaintiffs and Defendants*, Strafford Publications (July 2012).

Shannon R. Wheatman, Webinar Speaker, *How to Craft Plain Language Privacy Notices*, Int'l Assoc. of Privacy Professionals (Oct. 2011).

Shannon R. Wheatman, Speaker, *Improving Take-Up Rates in Class Actions*, The Canadian Institute's 12th Annual National Forum on Class Actions, Ontario, Canada (Sept. 2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, 30 REV. LITIG. 53 (2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, CLASS ACTION LITIGATION REPORT, 12 CLASS 560, (June 24, 2011).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, *in* THE INTERNATIONAL PRIVATE ENFORCEMENT OF COMPETITION LAW 264–274 (Albert A. Foer & Jonathan W. Cuneo eds., 2010).

Shannon R. Wheatman, Speaker, *Majority of Publication Class Action Notices Fail to Satisfy Plain Language Requirements*, Clarity International Conference, Lisbon, Portugal (Oct. 2010).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notification With Electronic Media: Emerging Legal Issues*, Stratford Publications (Sept. 2010).

Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVES SUITS 1 (2007).

Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006).

Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* NOTRE DAME L. REV., 81 (2), 101, 161 (2006).



Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do you really want me to know my rights? The ethics behind due process in class action notice is more than just plain language: A desire to actually inform.* GEO. J. LEGAL ETHICS, 18 (4), 1359-1382 (2005).

Thomas E. Willging & Shannon R. Wheatman, *An Empirical Examination of Attorneys' Choice of Forum in Class Action Litigation.* FEDERAL JUDICIAL CENTER (2005).

Elizabeth C. Wiggins & Shannon R. Wheatman, *So what's a concerned psychologist to do? Translating the research on interrogations, confessions, and entrapment into policy, in* INTERROGATIONS, CONFESSIONS AND ENTRAPMENT 265–280 (G. Daniel Lassiter ed., 2004).

Thomas E. Willging & Shannon R. Wheatman, *Attorneys' Experiences and Perceptions of Class Action Litigation in Federal and State Courts. A Report to the Advisory Committee on Civil Rules Regarding a Case Based Survey.* FEDERAL JUDICIAL CENTER (2003).

Shannon R. Wheatman, *Survey of Bankruptcy Judges on Effectiveness of Case-Weights.* FEDERAL JUDICIAL CENTER (2003).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Judicial Evaluation of Bankruptcy Judges.* FEDERAL JUDICIAL CENTER (2003).

Robert Niemic, Thomas Willging, & Shannon Wheatman, *Effects of Amchem/Ortiz on Filing of Federal Class Actions: Report to the Advisory Committee on Civil Rules.* FEDERAL JUDICIAL CENTER (2002).

Shannon Wheatman, Robert Niemic & Thomas Willging, *Report to the Advisory Committee on Civil Rules: Class Action Notices.* FEDERAL JUDICIAL CENTER (2002).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Implementation of Selected Amendments to Federal Rule of Civil Procedure 26 by United States Bankruptcy Courts.* FEDERAL JUDICIAL CENTER (2001).

Shannon R. Wheatman & David R. Shaffer, *On finding for defendants who plead insanity: The crucial impact of dispositional instructions and opportunity to deliberate.* LAW & HUM. BEH., 25(2), 165, 181(2001).

Shannon R. Wheatman, *Distance Learning in the Courts.* FEDERAL JUDICIAL CENTER (2000).

David R. Shaffer & Shannon R. Wheatman, *Does personality influence the effectiveness of judicial instructions?* PSYCHOL. PUB. POL'Y & L., 6, 655, 676 (2000).



## Court Testimony

*Scharfstein v. BP West Coast Products, LLC.*, No. 1112-17046 (Cir. Ct. Ore.).

*Spillman v. Domino's Pizza*, No. 10-349 (M.D. La.).

*PRC Holdings LLC v. East Resources, Inc.*, No. 06-C-81 (Cir. Ct. W. Va.).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct., Calcasieu Parish).

*Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark).

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark).

## Depositions

*Hale v. CNX Gas Company, LLC*, No. 10-CV-59 (W.D. Va.).

*Thomas v. A. Wilbert Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish).

## Judicial Comments

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-cv-4229 (D. N.J.)

"Having heard the objections made, the Court is unimpressed with the Objectors argument that there was somehow insufficient notice . . . This notice program has fully informed members of their rights and benefits under the settlement, and all required information has been fully and clearly presented to class members. Accordingly, this widespread and comprehensive campaign provides sufficient notice under the circumstances, satisfying both due process and Rule 23 and the settlement is therefore approved by this Court." – Hon. Joel A. Pisano (Oct. 20, 2014)

*In re Dynamic Random Memory Antitrust Litig.*, MDL No. 1486 (N.D. Cal.)

"The Court confirms its prior findings that the Notices given pursuant to the Preliminary Approval Order were the best notice practicable under the circumstances.  The Court further confirms its prior findings that said notices provided due, adequate, and sufficient notice of these proceedings and of the matters set forth herein, including the proposed settlements set forth in the Settlement Agreements, and that said notice fully satisfied the requirements of due process, the Federal Rules of Civil Procedure, and all applicable state laws." – Hon. Phyllis J. Hamilton (June 27, 2014)

*Trammell v. Barbara's Bakery, Inc.*, No. 12-cv-02664 (N.D. Cal.)

"The Class Notice, the Summary Settlement Notice, the website, the toll-free telephone number, all other notices in the Settlement Agreement, the Declaration of the Notice Administrator, and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best



practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices." – Hon. Charles R. Breyer (2013).

*Spillman v. Dominos Pizza, LLC.*, No. 10-349 (M.D. La.)

"At the fairness hearing notice expert Wheatman gave extensive testimony about the design and drafting of the notice plan and its implementation, the primary goal of which was to satisfy due process under the applicable legal standards…Wheatman, who has extensive experience developing plain-language jury instructions, class action notices and rules of procedure, testified that the notice was composed at a ninth grade reading level because many adults read below a high school level." – Hon. Stephen C. Riedlinger (2013).

*In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 06-cv-71 (D. Del.)

"In accordance with the Preliminary Approval Order, notice of the proposed Settlement and Plan of Allocation has been provided to the Class in the manner directed by the Court.  See Wheatman Dec. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto." – Hon. Mary Pat Thynge (2013).

*PRC Holdings, LLC v. East Resources, Inc.,* No. 06-C-81(E) (W.Va. Cir. Ct., Roane County).

"Notice was uniquely effective in this action because East's records of their leases allowed the Claims Administrator to provide individual notice by mail to most Class Members."  - Hon. Thomas C. Evans, III (2012).

*Kramer v. B2Mobile, LLC*, No. 10-cv-02722 (N.D. Cal.).

"The Court approved Notice Plan to the Settlement Classes . . . was the best notice practicable under the circumstances, including comprehensive nationwide newspaper and magazine publication, website publication, and extensive online advertising.  The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process." - Hon. Claudia A. Wilken (2012).



*Cather v. Seneca-Upshur Petroleum, Inc.,* No. 1:09-CV-00139 (N.D. W. Va.).

"The Court finds that Class Members have been accorded the best notice as is practical under the circumstances, and have had the opportunity to receive and/or access information relating to this Settlement by reading the comprehensive written notice mailed to them . . . or by reading the published Notice in the local newspapers . . .   The Court further finds that the Notice provided to the members of the Settlement Class had been effective and has afforded such class members a reasonable opportunity to be heard at the Final Fairness Hearing and to opt-out of the subject settlement should anyone so desire." – Hon. Irene M. Keeley (2012).

*In re Checking Account Overdraft Fee Litig.*, No. 1:09-md-2036 (S.D. Fla.)  (JP Morgan Settlement)

"The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15).  This Settlement with Chase was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so." - Hon. James Lawrence King (2012).

*In re Netflix Privacy Litig.*, No. 5:11-cv-00379 (N.D. Cal.)

"The Notice Plan and the intent of the forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B through E to the Wheatman Declaration are approved pursuant to subsections (c)(2)(B) and (ed) of Federal Rule of Civil Procedure 23." - Hon. Edward J. Davila (2012)

*Purdy v. MGA Ins. Co.,* No. D412-CV-2012-298 (N.M. 4th Jud. Dist. Ct.)

"Notice of the Settlement Class was constitutionally adequate, both in terms of it substance and the manner in which it was disseminated.  The Notice contained the essential elements necessary to satisfy due process . . .  [T]he Notice also contained a clear and concise Claim Form, and a described a clear deadline and procedure for filing of Claims.  Notice was directly mailed to all Class Members whose current whereabouts could be identified by reasonable effort.  Notice reached a large majority of the Class Members.  The Court finds that such notice constitutes the best notice practicable." – Hon. Eugenio Mathis (2012).

*Blessing v. Sirius XM Radio Inc*., No 09-CV-10035 HB (S.D.N.Y.).

"The Court finds that the distribution of the Notice and the publication of the Publication Notice . . . constituted the best notice reasonably practicable under the circumstances . . . was reasonably calculated . . . constituted due, adequate, and sufficient notice to all Class members who could be identified with reasonable efforts; and . . . satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, R 23.1 of the Local Civil Rules of the United States District Court for the



Southern District of New York, and all other applicable law and rules." - Honorable Harold Baer, Jr. (2011).

*Fogel v. Farmers Grp., Inc.*, No. BC300142 (Super. Ct. Cal.).
"The Court further finds and confirms that the Individual Notice (including the Proof of Claim), the Summary Notice, the reminder postcard, and the notice methodology: (a) constituted the best practicable notice . . . ; (b) constituted noticed that was reasonably calculated under the circumstances to apprise potential Class Members . . .; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (d) met all applicable requirements of California law . . . ." - Hon. Laura Evans (2011).

*In re Enfamil LIPIL Mktg. & Sales Practs. Litig.*, No. 11-MD-02222 (S.D. Fla.)
"The Court finds that the Class Notice provided to Class Members, in the form and manner of distribution described above, constitutes the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, and any other applicable law. The declarations filed with the Court demonstrate that the Parties have fully complied with the Court's Preliminary Approval Order (as amended by Order dated April 1, 201 1) and that the best notice practicable under the circumstances was in fact given to Class Members." - Hon. James I. Cohn (2011).

*Keilholtz v. Lennox Hearth Prods.*, No. 08-CV-00836 (N.D. Cal.)
"Notice has been provided to the Settlement Class of the pendency of the Actions, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that said notice and the related Notice Plan provided for the best notice practicable under the circumstances to all Persons entitled to such notice and fully satisfied the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the requirements of due process." - Hon. Claudia Wilken (2011).

*Rowe v. UniCare Life and Health Ins. Co.*, No. 09-CV-02286 (N.D.Ill.)
"The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process." – Hon. William J. Hibbler (2011).

*Thomas v. A. Wilbert & Sons, LLC*, 55,127 (La. 18th Jud. Dist. Ct., Iberville Parish).
"[N]otices complied with all requirements of the federal and state constitutions, including the due process clauses, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the



best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Thomas Subclass." – Hon. Jerome M. Winsberg (2011).

*In re M3Power Razor System Mktg. & Sales Pract. Litig.*, MDL 1704 (D. Mass).
"The form, content, and method of dissemination of the notice given to the Settlement Class was adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Amended Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process." - Hon. Douglas P. Woodlock (2011).

*Soto v. Progressive Mountain Ins. Co.*, No. 2002CV47 (Dist. Ct. Colo.).
"Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated.  The Notice contained the essential elements necessary to satisfy due process . . .  Finally, the Notice also contained a clear and concise Claim Form, and described a clear deadline and procedure for filing of claims. . . . Notice reached a large majority of the Class Members. The Court finds that such notice constitutes the best notice practicable." - Hon. J. Steven Patrick (2010).

*Press v. Louisiana Citizens Fair Plan Prop. Ins. Co.*, No. 06-5530 (Civ. Dist. Ct., Orleans Parish).
"This notice methodology . . . constitutes reasonable and best practicable notice . . . constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and . . . meets the requirements of the United States Constitution, Louisiana law, the Federal Rules of Civil Procedure and any other applicable rules of the Court . . ." - Hon. Sidney H. Cates, IV (2010).

*In re Katrina Canal Breaches*, No. 05-4182 (E.D. La.).
"The notice here was crafted by Shannon Wheatman, Ph.D., whose affidavit was received as evidence . . .  The entire notice was drafted in plain, comprehensible language . . .  The Court finds this notice adequately reached the potential class." - Hon. Stanwood R. DuVal, Jr. (2009).

*Jones v. Dominion Transmission Inc.*, No. 2.06-cv-00671 (S.D. W. Va.).
"The Parties' notice expert Shannon R. Wheatman, Ph.D. . . testified that in this case . . . that the mailed notices reached approximately 95.4 percent of the potential class . . . I HOLD that personal jurisdiction exists over the Class Members because notice was reasonable and afforded the Settlement Class an opportunity to be heard and to opt out." - Hon. Joseph R. Goodwin (2009).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.).
"The facts show that the notice plan . . . as adequate to design and implementation . . . Dr. Shannon R. Wheatman, a notice expert, also testified at the fairness hearing as to the sufficiency of the notice plan.



Dr. Wheatman testified that the notice form, content, and dissemination was adequate and reasonable, and was the best notice practicable." - Hon. G. Michael Canaday (2008).

*Webb v. Liberty Mutual Ins. Co.*, (March 3, 2008) No. CV-2007-418-3 (Cir. Ct. Ark).
"Ms. Wheatman's presentation today was very concise and straight to the point . . . that's the way the notices were . . . So, I appreciate that . . . Having admitted and reviewed the Affidavit of Shannon Wheatman and her testimony concerning the success of the notice campaign, including the fact that written notice reached 92.5% of the potential Class members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class members who had an earlier opportunity to request exclusion but failed to do so . . . The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members." - Hon. Kirk D. Johnson (2008).

*Sherrill v. Progressive Northwestern Ins. Co.*, No. DV-03-220 (18th D. Ct. Mont.).
"Dr. Wheatman's affidavit was very informative, and very educational, and very complete and thorough about the process that was undertaken here. . .  So I have reviewed all of these documents and the affidavit of Dr. Wheatman and based upon the information that is provided . . . and the significant number of persons who are contacted here, 90 percent, the Court will issue the order." - Hon. Mike Salvagni (2008).

*Shaffer v. Continental Casualty Co.*, No. 06-2235 (C.D. Cal.).
"The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement, as described in part in the Declarations of . . . Shannon Wheatman . . . constituted the best practicable notice. . . was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law." - Hon. Philip S. Gutierrez (2008).

*Gray's Harbor v. Carrier Corp.*, No. 05-05437(W.D. Wash.).
"The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process." - Hon. Ronald B. Leighton (2008).

*Beringer v. Certegy Check Servs., Inc.*, No. 8.07-cv-1434-T-23TGW (M.D. Fla.).
"The proposed form of notice and plan for publishing are reasonable and designed to advise members of the Settlement class of their rights . . . A nationally recognized notice specialist, Hilsoft Notifications, has developed the comprehensive Notice Plan. Here, Notice is reasonably calculated to reach the maximum number of potential Settlement Class Members and, thus, qualifies as the best notice



practicable. The Notice Plan here is designed to reach the maximum number of Class Members, and it is Plaintiffs' goal to reach at least 80% of the Class—an extraordinary result in consumer class action litigation." - Hon. Steven D. Merryday (2008).

*Palace v. DaimlerChrysler Corp.*, No. 01-CH-13168 (Cir. Ct. Ill.).
"The form, content, and method of dissemination of the notice given to the Illinois class and to the Illinois Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process . . ." –Hon. Mary Anne Mason (2008).

*Johnson v. Progressive Casualty Ins., Co.*, No. CV-2003-513 (Cir. Ct. Ark.).
"Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated . . . Notice was direct mailed to all Class members whose current whereabouts could be identified by reasonable effort.  Notice reached a large majority of the Class members. The Court finds that such notice constitutes the best notice practicable . . . The forms of Notice and Notice Plan satisfy all of the requirements of Arkansas law and due process." - Hon. Carol Crafton Anthony (2007).

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark).
"[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter." - Hon. Joe Griffin (2007).


## Education and Experience

*Education*

Ph.D., Social Psychology, 2001; The University of Georgia, Athens, GA
Dissertation Title: *The effects of plain language drafting on layperson's comprehension of class action notices.*

M.S., Social Psychology, 1999; The University of Georgia, Athens, GA
Thesis Title: *Effects of verdict choice, dispositional instructions, opportunity to deliberate, and locus of*



*control on juror decisions in an insanity case.*

M.L.S., Legal Studies, 1996; The University of Nebraska-Lincoln, Lincoln, NE

B.A., Psychology, 1993; Millersville University of Pennsylvania, Millersville, PA
Honor's Thesis Title: *The effects of inadmissible evidence and judicial admonishment in individual versus group decisions in a mock jury simulation.*

### Related Experience

Hilsoft Notifications
Souderton, PA
2004-2009

Dr. Wheatman was the Vice President (2006-2009) and Notice Director (2004-2009) at Hilsoft Notifications, a legal notification firm.

Federal Judicial Center
Washington, DC
2000-2004

Dr. Wheatman was a Research Associate at the Federal Judicial Center. The Federal Judicial Center is the education and research agency for the Federal Courts. The Research Division performs empirical and explanatory research on federal judicial processes and court management. Dr. Wheatman worked with the Civil Rules Advisory Committee on a number of class action studies and with the Bankruptcy Administration Committee on judicial evaluations.

### Supplementary Background

Dr. Wheatman has a strong statistical background, having completed nine graduate level courses as well as teaching undergraduate statistics at the University of Georgia. She is also a member of several plain language organizations, including the Center for Plain Language, Clarity, and Scribes.

