IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, ) | (Jointly Administered) |
| *Debtors.* ) | |
| ) | **Related to D.I. 74, 470, 473, 3984, 3985** |
| _____ ) | |
| ) | |
| DELAWARE TRUST COMPANY, as ) | |
| INDENTURE TRUSTEE, ) | |
| *Plaintiff,* ) | |
| v. ) | Adversary Proceeding |
| ENERGY FUTURE INTERMEDIATE HOLDING ) | No. 14-50363 (CSS) |
| COMPANY LLC and EFIH FINANCE INC. ) | |
| *Defendants.* ) | **Related to D.I. 1, 175, 176, 178, 179, 246** |
| _____ ) | |

**PLAINTIFF-TRUSTEE'S MOTION
TO ALTER OR AMEND JUDGMENT TO CLARIFY THAT
THE ORDER DATED MARCH 26, 2015 IS NOT A FINAL JUDGMENT**

Plaintiff Delaware Trust Company (the "Trustee"),[1] indenture trustee for first-lien notes (the "Notes") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. ("EFIH"), hereby moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, to alter or amend the judgment entered by this Court on March 26, 2015 (No. 14-10979, D.I. 3985; No. 14-50363, D.I. 246 (the "Summary Judgment Order" or "Order")).

By this motion, the Trustee does not seek to reargue the summary judgment motions or request reconsideration of the substantive matters at issue. Rather, the Trustee merely requests clarification of the terminology of the Court's Summary Judgment Order to confirm that the Order is not a *final* judgment in the above-captioned adversary proceeding (the "Adversary

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plaintiff-Trustee's Memorandum in Support of Motion for Summary Judgment.

Proceeding"), or in the so-called "Contested Matter" or "Stay-Applicability Motion" (the "Related Proceedings"),[2] from which an immediate appeal may be taken as of right and, indeed, must be taken now to avoid a waiver.

The Trustee believes that the Court did not intend for the Order to be construed as a final judgment in the Adversary Proceeding (or any of the Related Proceedings). The Order grants summary judgment for EFIH on Count I of the complaint in the Adversary Proceeding (the "Complaint") "without prejudice," Summary Judgment Order ¶ 1, and the Court's related findings of fact and conclusions of law state that "the Court will grant summary judgment in favor of the EFIH Debtors on Count 1 of the Complaint without prejudice to the Court's right to reinstate Count I and enter judgment in favor of the Trustee if … the Court deems it appropriate upon entry of an order lifting the automatic stay." *See* Findings of Facts and Conclusions of Law Regarding Cross-Motions for Summary Judgment dated March 26, 2015 (No. 14-10979, D.I. 3984 (the "Summary Judgment Findings of Facts and Conclusions of Law")) ¶ 90. This language suggests that the Court did not wish to issue a final judgment on the merits as to Count I.

As currently worded, however, the Summary Judgment Order might potentially be construed as granting final judgment with respect to the Adversary Proceeding because the Order grants summary judgment for EFIH on all counts of the Complaint (albeit "without prejudice" as

---

[2] The Court previously consolidated litigation of the Adversary Proceeding and the "Contested Matter" and "Stay-Applicability Motion." (Order dated June 4, 2014, No. 14-10979, D.I. 803). By its terms, the Summary Judgment Order does not grant any relief as to the "Contested Matter," and with respect to the "Stay-Applicability Motion," the Order expressly denies summary judgment to EFIH on the issue of whether relief from the stay is appropriate. Accordingly, the Order does not appear to be final as to either the Contested Matter or the Stay-Applicability Motion. To the extent that it could be read to be final as to either or both such matters, however, this Motion seeks to amend the Summary Judgment Order to clarify that it is not a final order with respect to either the Contested Matter or the Stay-Applicability Motion (just as it seeks such clarification of the Order with respect to the Adversary Proceeding).

to Count I). *See* Summary Judgment Order ¶ 1. If the Summary Judgment Order were so construed as a final order, the Federal Rules of Bankruptcy Procedure generally provide that an appeal must be filed within 14 days of entry of the Order, *see* Fed. R. Bankr. P. 8002(a), 8003(a)—well before this Court will be able to hold a trial and issue a decision on the Trustee's pending motion to lift the automatic stay to rescind acceleration.

Accordingly, while the Trustee respectfully disagrees in part with this Court's ruling set forth in its Summary Judgment Findings of Facts and Conclusions of Law (and, of course, reserves all of its rights and arguments), the Trustee does not, in this motion, ask the Court to reconsider any of its substantive findings of fact or conclusions of law set forth therein. Rather, the Trustee moves to alter or amend the Summary Judgment Order merely for the purpose of clarifying that the Order is not a final judgment in the Adversary Proceeding (or any of the Related Proceedings). In support of the motion, the Trustee respectfully states as follows:

1. On May 15, 2014, the Trustee initiated the Adversary Proceeding. (No. 14-10979, D.I. 470; No. 14-50363, D.I. 1). The Complaint contained four claims:

    - Count I: Declaratory Judgment that EFIH's Refinancing of the 10% Notes Constitutes a Redemption Requiring Payment of the Applicable Premium as an Allowed Secured Claim

    - Count II: Declaratory Judgment that EFIH's Default Under the 10% Notes with an Intent to Deny the Premium Requires Payment of the Applicable Premium as an Allowed Secured Claim

    - Count III: Declaratory Judgment that the Majority Holders' Right to Rescind Acceleration of the 10% Notes Gives Rise to an Allowed Secured Claim

    - Count IV: Declaratory Judgment that, in the Alternative, EFIH's Refinancing of the 10% Notes Gives Rise to an Unsecured Claim

2. Also, on May 15, 2014, the Trustee filed a motion seeking (i) a determination that it could rescind acceleration of the Notes without violating the automatic stay or (ii) in the

alternative, relief from the automatic stay to rescind acceleration of the Notes. (No. 14-10979, D.I. 473 (the "Stay-Applicability Motion")).

3.  On September 12, 2014, the Court bifurcated litigation of the Contested Matter (as such term is defined in the Amended Scheduling Order dated December 2, 2014 (No. 14-50363, D.I. 167)), the Adversary Proceeding, and the Stay-Applicability Motion. (No. 14-50363, D.I. 128). Phase One provides for the Court to determine (1) whether EFIH, assuming its solvency, EFIH is "liable under applicable non-bankruptcy law for … a Redemption Claim," including the "makewhole" or other "damages … under any 'no-call' covenant, "'right to deaccelerate,'" or applicable law, and (2) "whether the Debtors intentionally defaulted in order to avoid paying an alleged makewhole premium or other damages." *Id.* at 2-3.

4.  On February 13, 2015, EFIH and the Trustee submitted cross-motions for summary judgment on Phase One, seeking to resolve all of the claims raised in the Contested Matter, Adversary Proceeding, and Stay-Applicability Motion for purposes of Phase One. (No. 14-50363, D.I. 175, 176, 178, 179).

5.  On March 26, 2015, the Court entered the Summary Judgment Findings of Facts and Conclusions of Law and the Summary Judgment Order. The Order provides that:

> For the reasons set forth in the Court's Findings of Fact and Conclusions of Law
> …
> Summary judgment is granted for EFIH Debtors on Counts I-IV of the Complaint, *provided, however that entry of summary judgment on Count I of the Complaint is without prejudice.*

Summary Judgment Order ¶ 1 (emphasis added).

6.  The Summary Judgment Findings of Fact and Conclusions of Law explain that:

> The Court has also held that if it were to lift the automatic stay … to allow the Trustee to waive the [bankruptcy] default and decelerate the Notes th[e]n EFIH's refinancing would be an Optional Redemption under section 3.07 of the Indenture and the Applicable Premium would be due and owing to the non-settling

4

> Noteholders. As a result, were the Court to grant relief from the automatic stay as outlined above, it could enter judgment in favor of the Trustee on Count I. Thus, the Court will grant summary judgment in favor of the EFIH Debtors on Count I of the Complaint without prejudice to the Court's right to reinstate Count 1 and enter judgment in favor of the Trustee if, and only if, the Court deems it appropriate upon entry of an order lifting the automatic stay ... to allow the Trustee to waive the default and decelerate the Notes.

Summary Judgment Findings of Fact and Conclusions of Law ¶ 90.

7. The Summary Judgment Findings of Fact and Conclusions of Law further explain that "the Court cannot hold on summary judgment, as urged by the EFIH Debtors, that cause does not exist" to lift the automatic stay because "there is a genuine dispute of material fact as to whether cause exists to lift the automatic stay" to "allow the Trustee to waive the default and decelerate the Notes." *Id.* ¶¶ 71, 76.

8. The Summary Judgment Order thus provides that summary judgment is granted for EFIH with respect to the Stay-Applicability Motion only "in part." Summary Judgment Order ¶ 2. The Summary Judgment Findings of Fact and Conclusions of Law explain that while "[t]he Court has held that ... the issuance of the notice of rescission was a stay violation," "the Court has held that a genuine issue of material fact exists as to whether the Trustee can establish cause to lift the automatic stay." *See* Summary Judgment Findings of Fact and Conclusions of Law ¶ 94. Accordingly, the Summary Judgment Order provides that summary judgment is "not granted on the Stay-Applicability Motion solely to the issue of whether cause exists to lift the automatic stay." Summary Judgment Order ¶ 2. The Summary Judgment Findings of Fact and Conclusions of Law reiterate that "[t]he Court has further held that if it were to lift the automatic stay ... to allow the Trustee to waive the default and decelerate the Notes ... the Applicable Premium would be due and owing," and "[i]n that instance, the Court could reinstate Count I of the Complaint, which is why summary judgment on Count I is being granted in favor of the

EFIH Debtors without prejudice." *See* Summary Judgment Findings of Fact and Conclusions of Law ¶ 94.

9. All of this suggests that the Court did not intend its Order to be treated as a final order that must be immediately appealed if any appeal is ever to be taken in the Adversary Proceeding (or in any of the Related Proceedings).

10. However, the language of the Order—and, in particular, its formal "grant" of summary judgment to EFIH with respect to Count I (albeit without prejudice)—could conceivably be read to make the Order final as to the Adversary Proceeding. That is because, by definition, "[a] grant of summary judgment resolves the issue on the merits and thus is with prejudice." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir. 1987); *see also Tuley v. Heyd*, 482 F.2d 590, 594 n. 2 (5th Cir. 1973) ("[A] summary judgment is always 'with prejudice.' It 'is on the merits and purports to have a res judicata effect on any later action.'" (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2713 at 407 (1973)). Accordingly, where, as here, there remains a disputed issue of material fact (in this litigation, over whether the automatic stay will be lifted), the proper course is formally to "deny" summary judgment, rather than grant summary judgment "without prejudice." *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) ("'Without prejudice' indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties. Summary judgment, on the other hand, is the procedural equivalent of a trial and is an adjudication of the claim on the merits. Thus, to grant summary judgment without prejudice is to say that although there has been an adjudication on the merits, it is not conclusive as to the rights of the parties.... [This] is logically inconsistent." (quoting *Poulos v. Reda*, 520 N.E.2d 816, 823 (Ill. 1987)).

11. This Motion, therefore, seeks clarification of the Court's Order to avoid any uncertainty about whether it is a "final" adjudication triggering appellate jurisdiction. Without clarification, the Trustee or EFIH may feel compelled to file a notice of appeal, which could create potential (and we think unintended by the Court) disputes regarding whether and to what extent this Court may be divested of jurisdiction over aspects of the makewhole dispute and able to grant either side complete relief.

12. This is because the rights and obligations of a party seeking to appeal from an order of a bankruptcy court depend upon whether or not the order to be appealed from is "final." District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. §158(a). An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2); *accord* Fed. R. Bankr. P. 8003(a)(1). Under Rule 8002, a notice of appeal from a final judgment, order, or decree must normally be filed within 14 days. Fed. R. Bankr. P. 8002(a)(1). The fourteen-day deadline for filing a notice of appeal "is mandatory and jurisdictional," and failure to file a notice of appeal in accordance with the statute deprives the appellate court of jurisdiction. *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)).

13. "In assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, [courts] apply the same concepts of appealability as those used in general civil litigation." *In re Natale*, 295 F.3d 375, 380 (3d Cir. 2002) (quoting *In re White Beauty View, Inc.*, 841 F.2d 524, 527 (3d Cir. 1988)). "'[A] bankruptcy court order ending a separate

adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case.'" *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 281 (3d Cir. 2002). By contrast, a bankruptcy court order granting summary judgment on some but less than all of the claims asserted in an adversary proceeding is not final. *Natale*, 295 F.3d at 380; *White Beauty View*, 841 F.2d at 527. Rule 54 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure, provides that "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … if the court expressly determines that there is no just reason for delay"; "[o]therwise, any order or decision, however designated, that adjudicates fewer than all the claims … does not end the action as to any of the claims … and may be revised at any time before the entry of a judgment adjudicating all the claims …." Fed. R. Civ. P. 54(b).

14. Here, the Trustee believes that the Summary Judgment Order is not, and was not intended to be, a final order ending Phase One of the Adversary Proceeding, let alone the entire Adversary Proceeding (or the Related Proceedings). As set forth above, the Adversary Proceeding, the Stay-Applicability Motion, and the Contested Matter were combined for summary judgment purposes, and the Court granted, in part, and denied, in part, summary judgment on the Stay-Applicability Motion (and did not address the Contested Matter at all in its Order). Moreover, the Court granted summary judgment on Count I of the Adversary Proceeding Complaint *without prejudice* to the Court's right to reinstate Count I and *to enter judgment in favor of the Trustee on Count I* if the Court were to determine to lift the automatic stay after adjudicating the disputed issues of material fact with respect to the Stay-Applicability Motion regarding whether cause exists to lift the stay. For these reasons, the Trustee believes

that the Court did not intend for the Summary Judgment Order to be a final order that is subject to immediate appeal as a matter of right under 28 U.S.C. §158 and that, indeed, must be immediately appealed if the right to appeal is not to be forever lost. Nevertheless, because the wording of the Summary Judgment Order grants summary judgment on all of the counts asserted in the Complaint, there is a potential risk that the Order could be construed as a final order with respect to the Adversary Proceeding.

15. Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59(e) of the Federal Rules of Civil Procedure, provides that the Court may alter or amend a judgment upon a motion filed within 14 days after entry of the judgment. *See* Fed. R. Bankr. P. 9023. The Trustee is filing this motion within 14 days from the Court's entry of the Summary Judgment Order. The filing of such a motion to alter or amend a judgment tolls the time to file a notice of appeal under Rule 8002 of the Federal Rules of Bankruptcy Procedure, which provides that the 14-day period to appeal begins to run from entry of an order disposing of the motion. *See* Fed. R. Bankr. P. 8002(b)(1)(C).

16. Accordingly, for purposes of clarification only (and without prejudice to the rights of the Trustee, including the right to seek to appeal any portion of the Summary Judgment Findings of Facts and Conclusions of Law, the Summary Judgment Order, and/or any amended order entered by the Court), the Trustee seeks entry of an amended order that would clarify that the Court has (i) granted summary judgment in favor of EFIH on Counts II, III, and IV of the Complaint (as in the Summary Judgment Order); (ii) granted in part in favor of EFIH and denied in part summary judgment on the Stay-Applicability Motion (as in the Summary Judgment Order); (iii) *denied* summary judgment with respect to the Contested Matter; and (iv) *denied* summary judgment for both EFIH and the Trustee on Count I. A form of proposed order is

attached hereto as Exhibit A. Because such an order would not purport to resolve all of the claims in the Adversary Proceeding, it would clearly not be a final order for purposes of 28 U.S.C. §158. And it would permit the Court, at the conclusion of the trial on stay relief, to issue a final order granting relief on Count I in favor of the prevailing party, be that EFIH or the Trustee.

17. Before filing this motion, counsel for the Trustee conferred with counsel for EFIH. Counsel for EFIH indicated that EFIH does not consent to the relief sought in the Motion.

WHEREFORE, the Trustee respectfully requests that the Court (a) vacate the Summary Judgment Order and (b) enter a modified order substantially in the form of Exhibit A hereto.

[SIGNATURE ON NEXT PAGE]

Dated: April 6, 2015

COLE SCHOTZ, P.C.

/s/ *Norman L. Pernick*
Norman L. Pernick (Bar No. 2290)
J. Kate Stickles (Bar No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

Warren A. Usatine
Court Plaza North
25 Main Street
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile: 201-489-1536
wusatine@coleschotz.com

WILMER CUTLER PICKERING HALE AND DORR LLP
Philip D. Anker
Charles C. Platt
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
Philip.Anker@wilmerhale.com
Charles.Platt@wilmerhale.com

Dennis L. Jenkins
George W. Shuster Jr.
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
Dennis.Jenkins@wilmerhale.com
George.Shuster@wilmerhale.com

ROPES & GRAY LLP
Keith H. Wofford
Mark Somerstein
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile: 212-596-9090
Keith.Wofford@ropesgray.com
Mark.Somerstein@ropesgray.com

D. Ross Martin
Andrew Devore
800 Boylston Street, Prudential Tower
Boston, MA 02199-3600
Telephone: 617-951-7000
Facsimile: 617-951-7050
Ross.Martin@ropesgray.com
Andrew.Devore@ropesgray.com

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264
Facsimile: 212-248-3141
James.Millar@dbr.com

*Counsel for Plaintiff-Trustee Delaware Trust Company*