**EXHIBIT C**

**EXHIBIT C**



## CONFIRMATION LETTER

CPE #: 2269

| | |
|---|---|
| **Buyer:** Luminant Energy Company LLC<br>Energy Plaza<br>1601 Bryan St., 27th Floor<br>Dallas, Texas 75201 | **Seller:** Cloud Peak Energy Resources LLC<br>385 Interlocken Crescent, Suite 400<br>Broomfield, CO 80021 |
| **Attn:** Lee Adams<br>**Phone:** (214) 875-9713<br>**Fax:** (214) 875-9050 | **Attn:** Mindy Watson<br>**Phone:** (720) 566-2914<br>**Fax:** (720) 566-3099 |

This letter shall confirm the transaction arranged April 25, 2014, between Luminant Energy Company LLC ("Luminant") and Cloud Peak Energy Resources LLC ("CPE") successor-in-interest to Kennecott Coal Sales Company pursuant to the Master Coal Purchase and Sale Agreement effective March 22, 2002. The terms and conditions of this transaction are as follows:

CPE to sell and deliver and Luminant to purchase and receive.

**Transaction Type:**   Physical Coal

**Product:**   Sub-Bituminous Coal; 8,400 Btu/Lb. and 0.80 Lbs. $SO_2$/mmBtu

**Shipment Periods:**   January 1, 2015 through December 31, 2015

**Quantity:**   1,000,000 Tons of Coal to the nearest - unit train. To be delivered on a ratable basis. Buyer and Seller will work together in good faith to agree on a reasonable and mutually acceptable delivery schedule within each month during the Shipment Periods.

**Base Price:**   $■■■ per Ton of Coal

**Delivery Point:**   FOB Railcar, at Cordero Rojo Mine – Campbell County, Wyoming

**Quality:**

| Quality Parameter | Typical | Reject per train |
|---|---|---|
| Btu/Lb | 8,400 | < 8,200 |
| Lbs. $SO_2$/mmBtu | 0.80 | > 1.20 |
| Moisture % | 30.0 | NA |
| Ash % | 5.50 | NA |

**Btu Adjustment:**   To reflect the actual heat content of the coal delivered, each month the Base Price of coal will be adjusted for any variation from 8,400 Btu/Lb., using the following formula:

$$\text{Btu Adjustment Per Ton} = P \times \frac{(A - B)}{B}$$

Where:
- P = The Base Price of Coal per Ton delivered during the month;
- A = The actual BTU's per pound of the respective coal delivered to Buyer
- B = The Base Btu's per pound of the respective Coal delivered to Buyer during the month; the B value = 8,400

The results of all calculations of prices for Btu adjustments shall be rounded to three decimal places.

This Btu Adjustment will not apply in the event the Base Price is reduced for non-conforming shipments with Btu/Lb < 8,200, as contemplated below.

| | |
|---|---|
| **Sulfur Adjustment:** | If the actual $SO_2$ lbs/MMBTU on an as-received basis of any Shipment accepted by Buyer is other than the Standard $SO_2$ lbs/MMBTU, an adjustment shall be calculated based on each Shipment as follows: |
| | $SO_2$ Adjustment = (Standard $SO_2$ lbs/MMBTU – Actual Shipment $SO_2$ lbs/MMBTU) x Actual Shipment Btu/lb x E x F) / 1,000,000 |
| | E is the price of one $SO_2$ Allowance. The price of an $SO_2$ Allowance is determined by the monthly $SO_2$ price indices published in *Argus Air Daily* published by *Argus Media Ltd.* or any successor publication ("Air Daily") for the vintage year of the $SO_2$ Index Month. |
| | F is the number of $SO_2$ Allowances required to emit one ton of $SO_2$ during the current calendar year in a state covered by the Clean Air Interstate Rule under 40 CFR 96.202 ("CAIR") (see Final Rule, 60 Fed. Reg. 91 (May 12, 2005) at p. 25363). F shall be as follows (irrespective of where the coal is delivered or burned): Year 2015: F = 2.86. |
| | In the event the information contained in Air Daily is no longer published or a change in the methodology, law, regulations or industry standards has occurred that will materially alter the information, a substitute calculation shall be mutually agreed to by the Parties. |
| **Non-Conforming Coal Shipments:** | Buyer has the option to accept any non-conforming shipments with Btu/Lb < 8,200 and apply the following reduction in Base Price: |
| | 8,200-8,100 Btu = ▮ per Ton reduction of the Base Price<br>8,101-8,000 Btu = ▮ per Ton reduction of the Base Price<br>Less than 8,000 Btu = ▮ per Ton reduction of the Base Price |
| | These reductions will be in place of any Btu adjustment as contemplated above. If this Base Price reduction is applied, no further Btu adjustment will apply. |
| **Special Provision:** | Neither Party shall assign this Confirmation or delegate its duties and liabilities hereunder without the prior written consent of the other, which consent shall not be unreasonably withheld or delayed. Any attempted assignment or delegation without such consent shall be void. Notwithstanding the foregoing, either Party may, without needing the consent of the other Party, assign this Confirmation or its rights hereunder, and/or delegate its duties and liabilities hereunder and be relieved of liability, to (i) a successor entity resulting through acquisition, merger or otherwise, or (ii) an entity that acquires all or substantially all of the voting stock, assets or ownership interests of such Party, or (iii) an entity controlling, in common control with or controlled by the assigning Party; provided, however, that such entity agrees to assume and be bound by the terms and conditions hereof. Additionally, either Party may, without needing the consent of the other Party and without being relieved of liability, assign, transfer, sell, pledge, hypothecate or encumber this Confirmation and/or the Master Agreement and/or its rights hereunder and thereunder, and/or the accounts, revenues or proceeds hereof or thereof in connection with any financing or other financial arrangements, or any security arrangement to secure indebtedness. For purposes of this Confirmation, this provision supersedes and replaces any section or clause in the Master Agreement dealing with the same subject matter as this paragraph. |

-3-

EACH PARTY ACKNOWLEDGES AND AGREES THAT AS OF THE DATE OF THIS CONFIRMATION BUYER HAS FILED A VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE (THE "FILING") AND SUCH CASE REMAINS PENDING IN A UNITED STATES BANKRUPTCY COURT ("BANKRUPTCY COURT"). UNTIL SUCH TIME AS BUYER EMERGES FROM CHAPTER 11 BANKRUPTCY THROUGH THE CONFIRMATION OF A PLAN OF REORGANIZATION, SUCH PARTY SHALL NOT BE DEEMED "BANKRUPT" AND, AS A RESULT, NO EVENT OF DEFAULT UNDER THE AGREEMENT SHALL BE DEEMED TO HAVE OCCURRED WITH RESPECT TO BUYER UNDER SECTION 8.1(v) OF THE AGREEMENT BASED ON THE FILING; PROVIDED, HOWEVER, THAT IN THE EVENT THAT (A) BUYER ENERGY FILES A MOTION WHICH CONTEMPLATES THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS; (B) BUYER FILES A CHAPTER 11 PLAN WHICH CONTEMPLATES THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS; (C) BUYER FILES A MOTION OR REQUEST TO CONVERT ITS CHAPTER 11 CASE TO A CHAPTER 7 PROCEEDING; (D) THE BANKRUPTCY COURT ENTERS AN ORDER CONVERTING BUYER'S CASE FROM A CHAPTER 11 PROCEEDING TO A CHAPTER 7 PROCEEDING; OR (E) THE BANKRUPTCY COURT ENTERS AN ORDER APPOINTING A TRUSTEE OR EXAMINER (WITH EXPANDED POWERS) IN BUYER'S BANKRUPTCY CASE, ANY SUCH EVENT (A) THROUGH (E) SHALL CONSTITUTE AN EVENT OF DEFAULT AS SET FORTH IN SECTION 8.1(v) OF THE AGREEMENT. ALL OTHER TERMS OF THE AGREEMENT WILL REMAIN IN EFFECT AND ARE NOT ALTERED BASED ON THE FILING

Please confirm that the terms and conditions stated herein accurately reflect your understanding of our agreement by signing and returning to Steph Houston at the Seller's address.

By: _____    Date: 7/8/14
Luminant Energy Company LLC

By: _____    Date: 7/1/2014
Cloud Peak Energy Resources LLC

CPE 2269

-3-