**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  |  | **Re:  D.I. 3898** |

**DEBTORS' OBJECTION TO MOTION TO INTERVENE AS
CREDITORS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion to Intervene as Creditors Under Federal Rules of Bankruptcy Procedure* [D.I. 3898] (the "Motion"), filed by "Jonathon Rich" (the "Movant") and purportedly filed by Timmy K. Thale, Amber Lambert, and Wayne Albright (together with the Movant, the "Movants").  In support of this Objection, the Debtors respectfully submit as follows.

**Preliminary Statement**

1.     Jonathan Lee Riches is known as "the most prolific jailhouse lawyer of all time," having filed approximately 3,000 briefs nationwide over the course of more than a decade as an inmate in federal and state prisons.[2]  These briefs are consistently without basis in law or fact and courts have attempted to limit Mr. Riches' ability to waste the time and resources of the justice

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Michael Brick, *America's Most Prolific Jailhouse Lawyer and His Many Fans*, New Republic, July 12, 2013, available at http://www.newrepublic.com/article/113739/jonathan-lee-riches-jailhouse-lawyer-turned-internet-celebrity.

system.[3]  In addition, the Movant has a documented history of using fake names and filing cases with unknowing alleged co-plaintiffs.[4]

        2.        On March 13, 2015, the Movants filed the Motion, the body of which states:

> Comes now, the creditor Intervenors, Amber Lambert, Timmy K. Thale, Jonathon Rich, Wayne Albright, moves to Intervene as creditors in the Energy Future Holdings Corp Bankruptcy proceeding.  Intervenors have a common vested interest in this Litigation.  Intervenors will provide this Honorable court Documents and Financial Records.  From 2009 - 2013 Intervenors had financial Dealings with Energy Future Holdings.
>
> Intervenors will provide questions of laws and Facts that are common in this Action.  Intervenors respectfully request to Analyze all Financial Documents and records related to this Litigation.  Intervenors respectfully pray this Court will grant this motion for relief.

The Movants, despite claiming to have "a common vested interest in this Litigation" related to these chapter 11 cases, have included no attachments to the Motion, and, as demonstrated above, the Motion offers no detail as to what these documents might be and what they contain. Furthermore, there is no ongoing "litigation" in which the Movants may have an interest.

---

[3] *See e.g.*, *Solliday v. Director of Bureau of Prisons*, No. 11-2350 (D. Minn. Oct. 8, 2014), ECF No. 56 (magistrate judge recommending that an order be issued directing the district's clerk of the court to "refuse any type of filings submitted by Mr. Riches until he received permission to file the proposed document . . . or unless the document is signed by a licensed attorney");  Lori Falce, *Benner Inmate Known as Serial Lawsuit Filer Suspected in Fraudulent Suit*, Centre Daily Times, July 5, 2014, http://www.centredaily.com/2014/07/05/4254114/benner-inmate-known-as-serial.html (stating that Mr. Riches was recently the subject of a U.S. District Judge's letter to the warden at the prison where Mr. Riches is currently incarcerated, stating that the warden "may want to investigate Riches' recent activities" because he used two false names to file an appeal on behalf of another inmate without her consent).

[4] Indeed, "[f]ake names are nothing new for Riches.  State records show a litany of aliases for him, including Jamie Dowling, Anthony Johnson, John Miller and Curt Teague." *Id.*  Furthermore, the Movant "has filed cases with unknowing alleged co-plaintiffs, including Kareem Abdul Jabbar." *Id. See also GSE Environmental, Inc.*, No. 14-11126 (Bankr. D. Del. 2014) (where "Jonathan Rich" filed a motion to intervene that is nearly identical to the Motion and included as movants Jodi Ann Arias and James Holmes, two convicted felons whose cases were popularized in the media) [D.I. 285].

Finally, the Debtors' books, records, and schedules do not indicate that the Movants are creditors of any of the Debtors.

**Response**

3. The Movants seek to intervene in these chapter 11 cases generally, not in an adversary proceeding within these chapter 11 cases. Fed. R. Civ. P. 24(a)(2) and 24(b) apply to intervention in an "action." The Federal Rules of Bankruptcy Procedure have defined "action," as used in the Federal Rules of Civil Procedure, as "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." Fed. R. Bankr. P. 9002(1). As the Motion does not seek to intervene in any of these types of proceedings, Fed. R. Civ. P. 24(a)(2) and 24(b) are inapplicable.

4. In addition, as another court facing a similar motion by the Movant has pointed out, the Movants' request to intervene is defective for other reasons, including a failure to demonstrate either "an interest relating to the property or transaction that is the subject of the action," as required for intervention under Fed. R. Civ. P. 24(a)(2), or, alternatively, that the Movant "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact," as required under Fed. R. Civ. P. 24(a)(2). *See Securities Investor Protection Corporation v. Madoff*, Case No. 08-01789 (Bankr. S.D.N.Y. Jan. 30, 2009), ECF 56 (denying Movant's motion to intervene in adversary proceeding). Accordingly, the Movant's request to intervene should be denied.

**Notice**

5. The Debtors shall provide notice of this Objection on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative

agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the

agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the signors to the Motion. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court deny the Motion with prejudice and enter an order substantially in the form attached hereto as **Exhibit A**.

Dated: April 7, 2015
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
   defranceschi@rlf.com
   madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
   stephen.hessler@kirkland.com
   brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
   marc.kieselstein@kirkland.com
   chad.husnick@kirkland.com
   steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*