IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) ) | Case No. 14-10979 (CSS) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | **Re: Docket No. 4045** |

**STATEMENT OF HUGH SAWYER, DISINTERESTED MANAGER OF DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC, IN CONNECTION WITH STANDING MOTIONS**

Hugh Sawyer, the Disinterested Manager of Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC (collectively with their debtor subsidiaries, the "TCEH Debtors"), respectfully submits this statement (the "Statement") in connection with the motions for standing to commence, prosecute, and settle claims filed by the Official Committee of TCEH Unsecured Creditors (the "TCEH Committee") and the Ad Hoc Group of TCEH Unsecured Noteholders (the "Ad Hoc Group").[2] The purpose of this Statement is to address certain assertions made in the reply filed by the Ad Hoc Group regarding the role and actions of Mr. Sawyer with respect to the Standing Motions and, more broadly, the effectiveness of the procedures that have been implemented in these cases to address conflicts

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] See Mot. of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [Docket No. 3593] and Mot. of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [Filed Under Seal at Docket No. 3596; Unredacted Version Filed at Docket No. 3603] (collectively, the "Standing Motions").

among the Debtor estates.  *See* Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (the "AHG Reply") [Filed Under Seal at Docket No. 4044; Redacted Version Filed at 4045].

1. In its reply brief, the Ad Hoc Group asserts that the Standing Motions raise a conflict between the Debtor estates, and that Mr. Sawyer was remiss in not appearing on behalf of the TCEH Debtors with respect to those motions.  AHG Reply at 28-29.

2. As an initial matter, the Standing Motions should be placed in the context of the authority that has been delegated to Mr. Sawyer as the Disinterested Manager of TCEH and EFCH.  Under the applicable EFCH/TCEH Board of Manager resolutions,[3] Mr. Sawyer is empowered to investigate and determine whether any matter constitutes a Conflict Matter (as defined in the resolutions), in the exercise of his business judgment and in consultation with his independent advisors.  Pursuant to that authority and in consultation with his independent advisors, Mr. Sawyer has identified several Conflict Matters, including inter-debtor claims among the TCEH Debtors, on the one hand, and any other Debtor, on the other.  On February 25, 2015, Mr. Sawyer and his independent advisors made a presentation to the Boards of Managers of EFCH and TCEH that identified matters that Mr. Sawyer had determined, as of that date, are Conflict Matters.  On March 17, 2015, Mr. Sawyer, through his independent advisors, disclosed his determination of Conflict Matters to the Ad Hoc Group.  Moreover, in his discussions with the EFCH/TCEH Boards and the Ad Hoc Group, Mr. Sawyer made clear that his identification of Conflict Matters was a dynamic process, and that he therefore reserved the right to determine

---

[3] Those resolutions are attached as Exhibit B to Debtors Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Application For Entry of an Order Authorizing the Retention and Employment of Munger Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective *Nunc Pro Tunc* to November 16, 2014 [Docket No. 3040].

that additional matters constitute Conflict Matters.[4]

3.  The Ad Hoc Group argues that the Standing Motions are Conflict Matters because the claims for which standing is sought – principally claims to equitably subordinate the TCEH first lien debt and to avoid the liens securing that debt – present a conflict between the TCEH Debtors and other Debtors. *See* AHG Reply at 28. The Debtors, however, did not object to the Standing Motions based on the substance of the underlying claims, but rather because immediate litigation of those claims threatened to derail the ongoing efforts to reach a global resolution of all claims in the context of a plan of reorganization. EFCH and TCEH, their full Boards and their respective disinterested directors and managers are all in complete agreement with the position articulated in the joint objection: the Debtors should retain exclusive authority to settle the claims in an effort to reach a global resolution of all claims in the cases and avoid costly, value-destroying, and potentially avoidable litigation. *See* Debtors' Omnibus Objection to Standing Motions ("Debtors' Obj.") at 3 (noting that the objection was made "with the support of the conflicts advisors to the respective disinterested directors and managers"). The exclusive right for the TCEH Debtors to settle certain matters and the relief sought by the Debtors in the joint objection to the Standing Motions do not constitute Conflict Matters.

4.  Mr. Sawyer understands the stated concern of the Ad Hoc Group that the joint objection describes potential defenses to the claims against the TCEH first lien lenders, and that the same alleged defenses could apply to claims of the TCEH Debtors against EFH and EFIH

---

[4] The Ad Hoc Group also asserts that "not a single notice of conflict matters has been filed with the Court." AHG Reply at 30 n.15. But the Debtors' November 7, 2014 notice disclosed that the disinterested managers and directors of EFH, EFIH, and TCEH were retaining independent advisors, *see* Notice [Docket No. 2718], and the subsequent retention applications for the independent advisors set out the scope of their respective retentions. At the January 13, 2015 hearing approving those retentions, this Court declined to require additional specificity as to conflict matters, explaining that "requiring a more specific identification of the issues now and as they arise is both inefficient, unfair and perhaps even prejudicial in tipping the hand of the activities that counsel might be involved with." 1/13/15 Hr'g Tr. at 51:14-18.

that arise out of the same underlying transactions, such as the LBO.  AHG Reply at 29-30.  But the Debtors' objection simply describes, at a high-level, well-known potential defenses to the Claims that could be asserted by the first lien creditors; it does not endorse any of those defenses.  Debtors' Obj. at 8-11.  Merely referencing the existence of these possible defenses – nearly all of which are argued at length in the TCEH First Lien Committee's objection to the Standing Motions – does not prejudice any claims of the TCEH Debtors.  Equally important, the Debtors described the potential defenses for the express purpose of "underscor[ing] that attempts to settle the Alleged Claims as part of a global resolution of these cases are far preferable to immediately commencing litigation of the Alleged Claims."  Debtors' Obj. at 8.  Mr. Sawyer completely agrees with this statement.

5.      Finally, the Ad Hoc Group asserts that the procedures this Court has put in place to address Conflict Matters, including the Case Matters Protocol, "are plainly not working."  AHG Reply at 28.  The Court should be aware that Mr. Sawyer has devoted substantial time and effort to pursuing the interests of the TCEH Debtors with respect to Conflict Matters.  Under the supervision of Mr. Sawyer, the independent advisors to the TCEH Debtors conducted an extensive investigation of inter-debtor claims and defenses, including the claims alluded to in the reply of Ad Hoc Group.  Among other things, the TCEH Debtors independent advisors reviewed tens of thousands of documents; conducted multiple interviews of the Debtors' executives with knowledge of facts relating to potential inter-debtor claims; prepared their own independent legal and financial analyses of claims; and solicited input on inter-debtor claims from the TCEH Debtors important creditor constituencies, including the TCEH Committee and the Ad Hoc Group.

6. Based on this diligence, Mr. Sawyer has vigorously advocated for recovery on account of the TCEH Debtors claims in negotiations with the disinterested board directors and members of EFH and EFIH.  Mr. Sawyer's efforts recently culminated in a comprehensive, arm's-length settlement of inter-debtor claims with the disinterested fiduciaries of the EFH and EFIH Debtors.  We understand the Debtors intend to include this settlement in a plan of reorganization filed with the Court.

7. Mr. Sawyer also is actively involved in discussions with the TCEH creditors and, to the extent that the TCEH Debtors' interests diverge from those of any other Debtor with respect to any negotiation with the TCEH creditors (or any other issue), he will not hesitate to declare a Conflict Matter and assert his exclusive authority as Disinterested Manager to take those actions that he determines are, in the exercise of his good faith business judgment, in the best interest of the TCEH Debtors.

Dated: April 8, 2015

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

/s/David P. Primack
David P. Primack, Esq. (No. 4449)
300 Delaware Ave., Suite 770
Wilmington, DE 19801
Phone: (302) 300-4515
Facsimile: (302) 654-4031
dprimack@mdmc-law.com

  -and-

**Munger, Tolles & Olson LLP**
John W. Spiegel, Esq. (admitted *pro hac vice*)
Thomas B. Walper, Esq. (admitted *pro hac vice*)
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Phone: (213) 683-9100; Facsimile: (213) 683-4022
Email: John.Spiegel@mto.com
  Thomas.Walper@mto.com

*Counsel to the TCEH Debtors*