# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **D.I. 3960 & 4077** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY ENOCH KEVER PLLC AS SPECIAL COUNSEL FOR CERTAIN REGULATORY AND LEGISLATIVE MATTERS, EFFECTIVE *NUNC PRO TUNC* TO MARCH 1, 2015**

Upon the application (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Enoch Kever PLLC ("Enoch Kever") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to March 1, 2015, all as more fully set forth in the Application, the Kever Declaration, ~~and the Doré Declaration~~: the Doré Declaration, and the *First Supplemental Declaration of Andrew Kever, in Support of the Application of Energy Future Holdings Corp., et al., for an Order Authorizing the Debtors to Retain and Employ Enoch Kever PLLC as Special Counsel for Certain Regulatory and Legislative Matters, Effective* Nunc Pro Tunc *to March 1, 2014* [D.I. 4077] (the "First Supplemental Kever Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Kever Declaration, or the Doré Declaration, as applicable.

found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the Kever Declaration, the Doré Declaration, the First Supplemental Kever Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent provided herein, effective *nunc pro tunc* to March 1, 2015.

2.      To the extent the Application, the Kever Declaration, the Doré Declaration, the First Supplemental Kever Declaration, or the Engagement Letters, is inconsistent with this Order, the terms of this Order shall govern.

3.      The Debtors are authorized to retain and employ Enoch Kever as special counsel to represent the Debtors in connection with certain regulatory and legislative matters, in accordance with the terms and conditions set forth in the Application and the Engagement Letters, attached to this Order as **Exhibit 1**.

4.      Enoch Kever shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.      Enoch Kever is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letters.

6.      Enoch Kever shall apply for compensation for professional services rendered under the Legislative Engagement Letter and reimbursement of *all* expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Enoch Kever also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Enoch Kever in these chapter 11 cases.

7.      Enoch Kever's compensation set forth in the Consolidated Engagement Letter, including, without limitation, the Fixed Fee Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Enoch Kever shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Consolidated Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

8.      Enoch Kever shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by Enoch Kever for Services under the Consolidated Engagement Letter shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not

subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.

9.      Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Enoch Kever's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Enoch Kever's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Enoch Kever's fees.

10.     Enoch Kever shall seek all outstanding fees incurred as a Tier 1 OCP from the Petition Date through and including February 28, 2015 pursuant to the terms and procedures as set forth in the OCP Order.

11.     Enoch Kever shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Enoch Kever to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

12.     Enoch Kever shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the current rates set forth in the Application or the Engagement Letters, as amended, are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the

Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

15.  13.    The Debtors and Enoch Kever are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    Notwithstanding any provision to the contrary in this Application, the Kever Declaration, the Doré Declaration, the First Supplemental Kever Declaration, or the Engagement Letters, as amended, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE