**EXHIBIT A**

3877725

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re:  D.I. 3605, 3725, 3727, 3731, 3732, 3733,  3734, 3741** |

**REPLY OF THE EFH OFFICIAL COMMITTEE TO OBJECTIONS
AND RESPONSES FILED IN CONNECTION WITH THE MOTION OF
THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER GRANTING
DERIVATIVE STANDING AND AUTHORITY TO PROSECUTE AND SETTLE
CLAIMS ON BEHALF OF THE LUMINANT DEBTORS' ESTATES**

The official committee of unsecured creditors of Energy Future Holdings

Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI,

Inc. (the "**EFH Committee**") hereby submits this omnibus reply to the objections and responses

filed by the Debtors [D.I. 3727], the TCEH Committee [D.I. 3733], the ad hoc committee of

holders of first lien senior secured claims against the TCEH Debtors [D.I. 3732] (the "**Ad Hoc**

**First Lien Group**"), the administrative agent under the First Lien Credit Agreement [D.I. 3731],

the Second Lien Notes indenture trustee [D.I. 3725], the Unsecured Notes indenture trustee

[D.I. 3741], and the ad hoc group of certain holders of the Unsecured Notes [D.I. 3734], with

respect to the EFH Committee's motion [D.I. 3605] (the "**Standing Motion**")[2] for an order

granting exclusive standing to the EFH Committee to assert, prosecute, litigate, negotiate and, if

---

[1]   The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Standing Motion.

appropriate and upon Court approval, settle claims and/or causes of action against the TCEH

LBO Creditors on behalf of the Luminant Debtors, and respectfully states as follows:

<u>Reply</u>

I.    **Agreement with TCEH Committee**

1.      The EFH Committee seeks standing to prosecute and settle the Luminant

Avoidance Actions.  Those causes of action are related to the claims objections that the EFH

Committee is pursuing against the TCEH LBO Creditors to reduce the amount of their claims

against the Luminant Debtors in accordance with the Limited Guarantees.[3]

2.      The EFH Committee stands ready, willing and able to file its complaint

prior to the relevant challenge deadline contained in the Cash Collateral Order (as extended),

and to zealously pursue the Luminant Avoidance Actions for the benefit of the Luminant

Debtors' estates.  Suggestions by the TCEH Committee and other objectors to the contrary are

without merit.

3.      The EFH Committee nonetheless agrees with the Debtors that these cases

are in a critical phase, with both plan discussions among stakeholders and the process for the

sale of the economic interest in Oncor Electric Delivery Company LLC proceeding in earnest.

4.      Moreover, the EFH Committee has engaged in discussions with the TCEH

Committee regarding how to most efficiently ensure that the Luminant Avoidance Actions are

prosecuted.  While the EFH Committee believes it is clearly an appropriate party-in-interest

upon which to confer derivative standing to pursue the Luminant Avoidance Actions,[4] the EFH

---

[3]    The EFH Committee intends to file an objection to the claims of the TCEH LBO Creditors pursuant to section 502(a) of the Bankruptcy Code in advance of the applicable deadline.

[4]    The EFH Committee, whose unsecured creditor constituents have an interest in the resolution of the Luminant Avoidance Actions, is a party-in-interest under Third Circuit law.  *See In re Global Indus. Techs., Inc.*, 645 F.3d

SC1:3819903.6

Committee is also mindful of the potential efficiencies of a single proceeding against creditors holding claims under the First Lien Credit Agreement and the First Lien Notes (together, the "**TCEH First Lien Creditors**").

5.      Following discussions, the EFH Committee and the TCEH Committee have agreed on a resolution of the Standing Motion.  The EFH Committee will consent that standing to pursue the Luminant Avoidance Actions against the TCEH First Lien Creditors be conferred only upon the TCEH Committee in connection with its broader standing motion, subject to certain agreed upon terms, including that the revised form of order contain the following language:

- The Committee shall consult with the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee"), concerning any claims or issues relating to those claims and issues identified in the EFH Committee's standing motion [D.I. 3605], including consulting reasonably in advance with respect to any potential settlement of those claims.

- The EFH Committee shall be permitted to intervene in the Adversary Proceeding by filing a Notice of Intervention following commencement of the Adversary Proceeding.

6.      Upon entry of an order granting standing to the TCEH Committee that is acceptable to the EFH Committee, the EFH Committee will withdraw its Standing Motion without prejudice.  The EFH Committee's rights to seek standing to pursue the Luminant Avoidance Actions against creditors other than the TCEH First Lien Creditors, and any other causes of action, are expressly reserved.

---

201, 211-12 (3d Cir. 2011) (interpreting party-in-interest broadly to include parties with "legally protected interests that could be affected" by the proceeding).

SC1:3819903.6

7.    To the extent that an order granting the TCEH Committee standing does not include the provisions set forth above, or includes provisions inconsistent with the agreement with the TCEH Committee, the EFH Committee reserves the right to object to the entry of such order and pursue the relief requested in its Standing Motion.

## II.    The Ad Hoc First Lien Group's Limiting Guarantee Arguments Are Without Merit.

8.    The Savings Clauses limit the Luminant Debtors' guarantee obligations, and the Luminant Avoidance Actions are therefore not only colorable, but valuable claims that should be pursued for the benefit of the Luminant Debtors' estates.

9.    Contrary to the Ad Hoc First Lien Group's assertion (at ¶ 118), the Luminant Debtors are liable for any tax on the gains generated from a taxable disposition of the Luminant Debtors' assets.  Indeed, the Ad Hoc First Lien Group concedes this point by asserting that it somehow has a perfected lien on the TCEH Debtors' tax refunds, net operating losses and other tax attributes (at ¶ 109).  A claim that the TCEH Debtors (which include the Luminant Debtors) have the right to the tax refunds, net operating losses and other tax attributes is consistent with the conclusion that the Luminant Debtors are liable for the taxes that generated these tax refunds, or the activities that resulted in the net operating losses or other tax attributes.  Moreover, the Luminant Debtors' status as disregarded entities for tax purposes was an election made by EFH.  This election was based on the understanding that the Luminant Debtors would reimburse EFH and/or EFCH for any taxable gains generated by them.

10.    This understanding was reflected in the Luminant Debtors' projections and valuations in the D&P Solvency Presentation.  The "Base Case Projections" included line items for "Cash Taxes" and "Payment to Parent for Accrued Tax Liability," while TCEH's

"Discounted Cash Flow Analysis" included line items for "Taxes @ 35%".[5]  In fact, the

Luminant Debtors actually made payments to EFH and/or EFCH for their shares of taxes

following the 2007 LBO.[6]  EFH's annual reports on Form 10-K for fiscal years 2007 and 2008

stated that EFH "files a consolidated federal income tax return, and federal income taxes are

allocated substantially as if the entities were stand-alone corporations."[7]  Accordingly, while

there was no formal tax sharing agreement in place at the time of the 2007 LBO, the Luminant

Debtors operated as though there were—consistent with the terms of the 2011 tax sharing

agreement entered into among EFH and the TCEH Debtors (including the Luminant Debtors)

(the "**Tax Sharing Agreement**").  In fact, the Transaction Decision Paper describing the Tax

Sharing Agreement, dated as of October 10, 2011, provided that the Tax Sharing Agreement

was intended to memorialize past practices:

> While EFH (formerly known as TXU Corp) has never adopted a written agreement between itself and its non-Oncor related subsidiaries to define how the combined tax liability should be allocated within the consolidated group, it has consistently followed an informal methodology for financial tax provision purposes that charges tax expense to the business units producing taxable income, taking into account the reduction in taxes that occurs when other business units produce deductible losses.

Transaction Decision Paper at 1.

11.    The First Lien Ad Hoc Group (at ¶ 119) is similarly incorrect that any

contingent tax claim associated with a taxable disposition of the Luminant Debtors' assets must

---

[5]    *See* D&P Solvency Presentation at 24, 35.

[6]    *See* Cash Tax Sharing Payments Between TCEH and EFH With Respect to Federal Income Taxes, dated as of December 23, 2014 (detailing payments made by TCEH and its subsidiaries, including the Luminant Debtors, to EFH from 2003 to 2011).

[7]    Form 10-K of EFH for fiscal year ending December 31, 2007, at 112; Form 10-K of EFH for fiscal year ending December 31, 2008, at 128.

be discounted to zero or a *de minimis* amount.  While courts may discount contingent liabilities in appropriate circumstances, there is no basis to do so here where the original TCEH First Lien Creditors acknowledged the possibility of foreclosure (and thus a taxable transaction) by obtaining their liens.  The TCEH Debtors have always been, and continue to be, liable for all gains taxes generated by their activities.  This liability includes the Luminant Debtors' potential $9.73 billion tax liability from the disposition of the TCEH Debtors' assets.  Any solvency analysis and projections should account for the probability of a taxable transaction and the resulting tax liability.

12.     Finally, the Luminant Debtors did not receive reasonably equivalent value—or any value—from TCEH or the TCEH LBO Creditors for upstreaming cash to fund that portion of the TCEH Debt Service for which the Luminant Debtors were not liable under the Limited Guarantees.  Each upstream payment for each TCEH Debt Service constitutes a separate transfer for purposes of section 548.  *See* 11 U.S.C. § 101(54) (defining "transfer" to mean "each mode . . . of disposing of or parting with property").  Accordingly, contrary to the First Lien Ad Hoc Group's assertions (at ¶ 120), the upstream payments should not be aggregated during the four-year look back period and compared with the Luminant Debtors' guarantee obligations.  Each payment should be evaluated separately and in doing so, any TCEH Debt Service payments made by the Luminant Debtors for portions of the TCEH Debt Service for which the Luminant Debtors were not liable were overpayments.  The Luminant Debtors did not support that excess portion of the TCEH LBO Debt, and therefore, were not obligated for any such debt service payments.

13.     Standing should be granted to pursue the Luminant Avoidance Actions against the TCEH First Lien Creditors.

SC1:3819903.6

Dated:  Wilmington, Delaware
        April 1, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Mark A. Fink*
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
Mark A. Fink, Esquire (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:      nramsey@mmwr.com
             dwright@mmwr.com
             mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
Michael H. Torkin
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:       dietdericha@sullcrom.com
              gluecksteinb@sullcrom.com
              torkinm@sullcrom.com
              kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance Inc.; and EECI, Inc.*

SC1:3819903.6