IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., et al.[1], | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 4092** |

**ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC
AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S
CORRECTED[2] MOTION TO QUASH NOTICE OF DEPOSITION OF HUGH SAWYER**

Pursuant to Rules 7026, 7030, and 9014(c) of the Federal Rules of Bankruptcy Procedure and Rule 7030-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, debtors Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC (together, "TCEH") move to quash the Notice of Deposition of Hugh E. Sawyer (the "Notice") filed by the ad hoc group of certain TCEH unsecured noteholders (the "Ad Hoc Group") [Docket No. 4092].[3]  As explained below, the Notice – which seeks Mr. Sawyer's testimony concerning a clarifying statement that he filed addressing process-related questions – should be quashed for lack of reasonable notice, and because the testimony it seeks is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]      This Corrected Motion reflects certain non-substantive edits that inadvertently were not included in the original Motion to Quash [Docket No. 4112].

[3]      Pursuant to Local Rule 7026-1(d), counsel for TCEH aver that they have made reasonable effort under the expedited circumstances to reach agreement with counsel for the Ad Hoc Group on the matters set forth herein, and that no agreement has been reached.  TCEH counsel has notified the Ad Hoc Group counsel that they have filed this motion to quash and will not produce Mr. Sawyer for a deposition on Monday.

## I. BACKGROUND

1.      On the evening of April 8, 2015, the Ad Hoc Group issued the Notice for Mr. Sawyer to appear for a deposition in Delaware on April 13, 2015, regarding the *Statement of Hugh Sawyer, Disinterested Manager of Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holding Company LLC, in Connection with Standing Motions*, filed April 8, 2015 [Docket No. 4085] (the "Statement").  The Notice also demands that Mr. Sawyer bring with him to the deposition "a copy of all documents relied on or created by or for Mr. Sawyer in connection with Mr. Sawyer's identification of Conflict Matters, including without limitation (1) Mr. Sawyer's presentation to the Boards of Managers of EFCH and TCEH, dated February 25, 2015, identifying matters that Mr. Sawyer had determined, as of that date, to be Conflict Matters . . . and (2) Mr. Sawyer's disclosure, through his independent advisors, of Conflict Matters to the Ad Hoc Group" on March 17, 2015.  *See* Notice at 2.

2.      The Notice stands out as the *only* discovery that the Ad Hoc Group has sought in connection with the Standing Motions, which were filed nearly two months ago.  And the discovery that the Ad Hoc Group now seeks – alone, for its Notice was not joined by any other party – pertains to a Statement that does not touch on the merits of the Standing Motions, but instead addresses statements made by the Ad Hoc Group's reply brief in support of its standing motion that were directed at Mr. Sawyer's actions as disinterested manager.  *See Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections* (the "AHG Reply") [4099].[4]  In particular, the Ad Hoc Group argued in its reply that the Standing Motions were Conflict Matters and further asserted that Mr. Sawyer "has sat silently by" while the

---

[4]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the AHG reply.

Debtors filed a joint objection that supposedly undermined claims of the TCEH estates.  *See* AHG Reply at 30.  In response to these assertions, the Statement simply clarifies that: (1) Mr. Sawyer did not view the Standing Motions as Conflict Matters because TCEH *agreed* with the positions set out in the Debtors' joint objection; (2) contrary to the suggestion that Mr. Sawyer was unable to "conceive of any conflict ever ripening between any Debtors," AHG Reply at 30, Mr. Sawyer had in fact identified several issues as Conflict Matters,[5] which he had disclosed to the Ad Hoc Group (and other constituencies); (3) the Debtors' joint objection did not prejudice, in Mr. Sawyer's view, TCEH's claims against other Debtors by describing potential defenses that the first lien creditors could assert to the claims for which standing was sought; and (4) Mr. Sawyer was actively involved in ongoing efforts to settle the TCEH inter-creditor disputes subject to the Standing Motions and would not hesitate to declare a Conflict Matter in the event that the interests of TCEH diverged from those of other Debtors.  *See* Statement at 2-5.

## II.    RELIEF REQUESTED

3.    By this Motion, TCEH respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, quashing the Notice.

## III.    BASIS FOR RELIEF

### A.    The Notice is Untimely

4.    As a threshold matter, the Notice should be quashed for inadequate notice.  Local Rule 7030-1 provides that, "[u]nless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b)(1) shall not be less than seven (7) days."  The Notice was issued on the evening of April 8, 2015, and purports to set Mr. Sawyer's deposition for Monday, April 13, 2015 at 1:30 p.m. (Eastern Standard Time), providing less than five days'

---

[5]    None of those matters – such as claims among the TCEH Debtors, on the one hand, and other Debtors – is currently before the Court.

notice.  The Ad Hoc Group did not seek, much less obtain, an order of this Court authorizing this shortened notice.  On its face, the Notice therefore fails to comply with the mandatory seven-day notice requirement of Local Rule 7030-1(b) and is invalid.

5.      Even without reference to Local Rule 7030-1, the Notice would plainly be untimely under the circumstances.  The Standing Motions were filed on February 19, almost two months ago, with the Ad Hoc Group essentially duplicating the TCEH Committee's proposed complaint.  As noted above, the Ad Hoc Group did not seek any discovery with respect to its Standing Motion.  When the Ad Hoc Group replied in support of its motion, however, it made gratuitous and unsupported comments about Mr. Sawyer's actions as disinterested manager of TCEH.  These comments, which are not relevant to the disposition of the Standing Motions (as evidenced by the fact they were only made in passing in the Ad Hoc Group's reply and never the subject of any discovery), precipitated TCEH's need to file a clarifying statement – a statement that did *not* argue the merits of the motion at all, but rather simply sought to set the record straight for the benefit of the Court and other TCEH stakeholders.  Had the Ad Hoc Group felt that discovery as to Mr. Sawyer's actions was actually material to the resolution of the Standing Motions, they could have sought that discovery long ago.  The Notice thus creates an unnecessarily expedited schedule that appears calculated to harass Mr. Sawyer rather than to produce information relevant to disposition of the Standing Motions.

**B.      The Notice Should be Quashed as Irrelevant and Unduly Burdensome**

6.      The Notice should be quashed for the separate and independently sufficient reason that the evidence that it seeks – Mr. Sawyer's testimony regarding the Statement – is not relevant to this Court's resolution of the Standing Motions, which is the purported basis for the deposition.  *See* Fed. R. Civ. P. 26(b), 26(c) and 30(d).  As framed by the parties' extensive

briefing, the Standing Motions raise the following disputed issues: (1) whether the Claims are colorable, (2) whether the Court should grant standing *at this time* to pursue the Claims or instead defer immediate litigation while the parties pursue settlement discussions; (3) whether the Debtors should retain exclusive authority to settle the Claims, even if standing is granted, and (4) whether the Court should grant standing to the TCEH Committee alone or should also grant standing to the Ad Hoc Group.

7.      Mr. Sawyer's testimony concerning the Statement would not be probative of any of these issues.  As an initial matter, the Statement does not mention, let alone take a position, on the colorability of the Claims.[6]  As to the remaining issues discussed above, the Statement does not supplement any of the arguments that have already been made by the parties in their respective briefs.  Rather, the Statement simply clarifies – in response to assertions made by the Ad Hoc Group in its reply – that Mr. Sawyer *agrees* with the positions set out in the Debtors' joint objection and, for that reason, concluded that that the Standing Motions did not raise a Conflict Matter for the TCEH Debtors.[7]

8.      The Ad Hoc Group may seek to question Mr. Sawyer about this conclusion, but Mr. Sawyer's determination of Conflict Matters is not currently before the Court.  Indeed, this issue was not even raised by any party until the Ad Hoc Group's reply brief, which criticized Mr. Sawyer for his alleged inaction with respect to the Standing Motions.

---

[6]      Mr. Sawyer, in any event, would not have any relevant testimony to offer.  The key transactions challenged by the claims for which standing is sought – the 2007 LBO, the 2011 "Amend & Extend," and the 2013 Revolver Extension – occurred well before Mr. Sawyer joined the boards of TCEH and EFCH as disinterested manager.

[7]      That clarification should have been unnecessary:  The Debtors' joint objection makes clear that it had the support of the Debtors' independent fiduciaries and their advisors.  *See Debtors' Omnibus Objection to Standing Motion*s at 3 [Docket No. 3726; unredacted version filed under seal at Docket No. 3727] (noting that the relief requested in the objection had "the support of the conflicts advisors to the respective disinterested directors and managers"); *id*. at 4 (noting that the "Debtors and their advisors (including the disinterested directors and managers and conflicts matters advisors) are actively pursuing settlement of the" claims).

9.      The Statement responded to those assertions not because they had any bearing on the merits of the Standing Motions, but because they raised process-related questions, with respect to this proceeding more generally, that demanded a response.

10.      To be sure, the Statement makes clear that Mr. Sawyer – like the disinterested directors and managers of the other Debtors – agrees with the *substance* of the Debtors' position on the Standing Motions, namely, that immediate litigation should be deferred while *preserving* the underlying claims, and that the Debtors should retain settlement authority.  The Ad Hoc Group may disagree with these points, but a deposition of Mr. Sawyer is not the appropriate vehicle for debating the merits of the Debtors' arguments, which are fully articulated in the Debtors' joint objection.  The Debtors have not introduced, and do not intend to introduce, any evidence from Mr. Sawyer in support of their position on standing.  If there is anything more than needs to be said on the substance of the Standing Motions, it should be left to the arguments of counsel, not the testimony of Mr. Sawyer.

11.      Even if Mr. Sawyer's testimony had some probative value on the Standing Motion, it would be far outweighed by the burden entailed by a deposition.  Over the next ten days, Mr. Sawyer has significant, pre-existing business commitments that will demand all of his time and attention.  In addition to his normal responsibilities as a managing director of Huron Consulting Group and his role as a manager of TCEH, Mr. Sawyer has significant responsibilities for several other engagements, including serving as a senior financial advisor to a major non-profit health care system that is currently undergoing a restructuring.  Of particular importance for the noticed deposition, Mr. Sawyer currently serves as the interim President of Euramax Holdings, Inc., a manufacturer of steel, vinyl, copper and fiberglass products for original equipment manufacturers, distributors, contractors and home centers worldwide.  In the

coming week, including on Monday April 13, Mr. Sawyer must prepare for and participate in meetings in Atlanta regarding subjects that are vitally important to Euramax.  Next week's meetings include meetings with significant Euramax constituencies and advisors, a full board meeting and a special committee meeting.  Mr. Sawyer is an essential participant in those meetings.

12.    Mr. Sawyer cannot adequately fulfill his responsibilities to these clients if he also must prepare for and participate in a deposition in this case during the coming week.

### C.    The Notice's Demand for Documents is Overbroad, Cumulative, and Unduly Burdensome

13.    As noted above, the Notice also includes a request for "all documents" relating to Mr. Sawyer's identification of Conflict Matters.  This request is not limited to the Standing Motions and is therefore overbroad on its face.  The request is also cumulative.  As explained in the Statement, Mr. Sawyer, through his independent counsel, disclosed to the Ad Hoc Group a list of those matters that he had determined, as of that date, were Conflict Matters.  *See* Statement at 2.  The Ad Hoc Group was provided the same written list that Mr. Sawyer provided to the TCEH Board.  Although he has not been able to conduct a search given the limited notice, Mr. Sawyer is not aware of any other responsive, non-privileged documents.

### IV. NOTICE

14.    Notice of this Motion has been provided to: (i) counsel to the Ad Hoc Group and (ii) all interested parties requesting notices pursuant to Bankruptcy Rule 2002.  TCEH submits that, under the circumstances, no other or further notice is necessary.

## V.  CONCLUSION

15.     For the reasons above, the Court should enter an order, substantially in the form

submitted herewith, granting the Motion.

Dated: April 10, 2015

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

/s/David P. Primack
David P. Primack, Esq. (No. 4449)
Aaron S. Applebaum, Esq. (No. 5587)
300 Delaware Ave., Suite 770
Wilmington, DE 19801
Phone: (302) 300-4515
Facsimile: (302) 654-4031
dprimack@mdmc-law.com

-and-

**Munger, Tolles & Olson LLP**
John W. Spiegel, Esq. (admitted *pro hac vice*)
Thomas B. Walper, Esq. (admitted *pro hac vice*)
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Phone: (213) 683-9100; Facsimile: (213) 683-4022
Email: John.Spiegel@mto.com
        Thomas.Walper@mto.com

*Counsel to the TCEH Debtors*