# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>        *Debtors.* | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| CSC TRUST COMPANY OF DELAWARE, as INDENTURE TRUSTEE<br><br>        *Plaintiff,*<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC.,<br><br>        *Defendants.* | Adversary Proceeding<br>No. 14-50363 (CSS)<br><br>**Re: Docket No. 150** |

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC'S AND EFIH FINANCE INC.'S RESPONSES AND OBJECTIONS TO DELAWARE TRUST COMPANY'S AMENDED NOTICE OF 30(b)(6) DEPOSITION DIRECTED TO DEFENDANTS**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7030, 9014, and 9016, and, as incorporated thereby, Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, Defendants Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, "EFIH," the "Debtors," or "Defendants"), hereby respond and object to the Amended Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) ("Deposition Notice") dated October 14, 2014

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[Adv. Dkt. No. 150] issued to the Debtors by Plaintiff CSC Trust Company of Delaware, in its capacity as successor Indenture Trustee for the 10% Senior Secured Notes Due 2020 issued by EFIH, as follows:

## OBJECTIONS TO 30(b)(6) TOPICS

Defendants incorporate by reference their General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of Plaintiffs' definition of any term.

In particular, given the nature of the subject matter at issue in these topics, the Debtors object to these topics to the extent they purport to call for testimony regarding information that: (1) has already been provided and/or is available to Plaintiff through other means, including document discovery; (2) is not relevant to the claims or defenses asserted in Plaintiff's Complaint for Declaratory Relief [Adv. Dkt. No. 1] or Defendants' Answer thereto [Adv. Dkt. No. 27]; or (3) is protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1987).

### Topic No. 1

The drafting, negotiation, terms, and implementation of:

(a) the EFIH 10% Indenture and any indenture (i) that was used as a draft, precedent, or model for the EFIH 10% Indenture or (ii) for any notes that were exchanged for the EFIH 10% Notes;

(b) any indentures for the Other Notes and any indenture (i) that was used as a draft, precedent, or model for any indenture for any of the Other Notes or (ii) for any notes that were exchanged for the Other Notes;

(c) the EFIH 10% Notes and any notes (i) that were used as a draft, precedent, or model for the EFIH 10% Notes or (ii) that were exchanged for the EFIH 10% Notes;

(d) the drafting, negotiation, terms, and implementation of the 10.875% Senior Notes Due 2017 and 11.25%/12.00% Senior Toggle Notes due 2017

(e) the Other Notes and/or any notes (i) that were used as a draft, precedent, or model for the Other Notes or (ii) that were exchanged for the Other Notes;

(f) any registration statement, prospectus, offering memorandum, information statement, other offering material, or other disclosure document for the EFIH 10% Notes or the EFIH 10% Indenture or any registration statement, prospectus, offering memorandum, information statement, other offering material, or other disclosure document (i) that was used as a draft, precedent, or model for any of the foregoing or (ii) related to the issuance or exchange of any notes that were exchanged for EFIH 10% Notes;

(g) any registration statement, prospectus, offering memorandum, information statement, other offering material, or other disclosure document for the Other Notes or for any indenture for the Other Notes and/or registration statement, prospectus, offering memorandum, information statement, other offering material, or other disclosure document (i) that was used as a draft, precedent, or model for any of the foregoing or (ii) related to the issuance or exchange of any notes that were exchanged for the Other Notes;

(h) the EFIH First Lien DIP Credit Agreement;

(i) the EFIH Second Lien DIP NPA; and

(j) the EFIH DIP Intercreditor Agreement

### Response to Topic No. 1

The Debtors object to this topic on the grounds that it is vague and not described with reasonable particularity, including as to the terms term "implementation" and "Other Notes." The Debtors further object that subsections (h), (i), (j) of this topic are not reasonably calculated to lead to the discovery of admissible evidence relating to this adversary proceeding. The Debtors specifically object to offering a witness to testify concerning "Other Notes" beyond those that served as precedent for the First Lien Indentures at issue; that topic is not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's *First Set of Document*

3

*Requests to Debtors* ("First RFP"), Request Nos. 1 and 2, Plaintiff's *Second Request for Production of Documents and First Interrogatory* ("Second RFP"), Request No. 1, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on the drafting, negotiation, and terms of (1) the Indentures governing the EFIH First Lien Notes and precedent indentures; (2) the Notes themselves; and (3) related offering materials.

## Topic No. 2

The meaning, interpretation, and intention of the Debtors or anyone else generally relating to the EFIH 10% Indenture, the EFIH 10% Notes, and any registration statement, prospectus, offering memorandum, information statement, other offering material, or other disclosure document for the EFIH 10% Notes or the EFIH 10% Indenture, and particularly relating to:

(a) Section 3.07(c) of the EFIH 10% Indenture (and any indenture that was used as a draft, precedent, or model for the EFIH 10% Indenture) including: (i) the meaning of the word "redeem," (ii) whether the Debtors contend that the repayment of principal and interest on the EFIH 10% Notes that has occurred in the Chapter 11 Cases is not a "redemption" of the EFIH 10% Notes and, if so, the bases therefor, (iii) whether Section 3.07(c) of the EFIH 10% Indenture was intended to provide the EFIH 10% Noteholders with "yield protection" or other benefits;

(b) Sections 3.07(a) and 1.01 of the EFIH 10% Indenture (and any indenture that was used as a draft, precedent, or model for the EFIH 10% Indenture) including: (i) whether the Applicable Premium would have been payable in a refinancing of the EFIH 10% Notes outside of bankruptcy, (ii) the basis for any contention by the Debtors that the Applicable Premium is not payable under Section 3.07(a) after the filing of the Chapter 11 Cases, and (iii) the calculation of the amount of the Applicable Premium; and

(c) Section 6.02 of the EFIH 10% Indenture (and any indenture that was used as a draft, precedent, or model for the EFIH 10% Indenture) and its relationship to Section 3.07, including: (i) the meaning of the term "Notes" as used in Section 6.02 and (ii) whether the Debtors contend that Section 6.02 overrides or displaces Section 3.07 and/or is the only applicable section of the EFIH 10% Indenture in determining what is owed to the the EFIH 10% Noteholders in the Chapter 11 Cases.

**Response to Topic No. 2**

The Debtors object to this topic on the ground that it is vague, including as to the terms "intention," "anyone else," or relating to a series of extensive indentures and other documents. It also calls for information not within the Debtors' possession, custody or control by specifically requesting information from "anyone else" concerning the "meaning, interpretation and intention" of the EFIH 10% Indentures The Debtors also object to this topic to the extent that it seeks information concerning the EFIH 10% Indenture that is not at issue in this adversary proceeding. The Debtors further object to this topic on the ground that subsection (a)(iii) is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors also object to this topic on the ground that subsection (b)(iii)—the calculation of the amount of the Applicable Premium—is a subject of the (potential) Second Phase of this proceeding, not this one. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 1, 3, 22 through 24, Plaintiff's Second RFP, Request Nos. 1 and 2, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on the Debtors' understanding of the meaning and interpretation of the certain cited provisions of the EFIH 10% Indenture.

**Topic No. 3**

Any decisions, negotiations, communications, consideration, or analysis relating to:

(a) any planned, proposed, contemplated, or consummated redemption, refinancing or repayment of the EFIH 10% Notes either in or outside of bankruptcy;

(b) the EFIH First Lien DIP Facility;

(c) the treatment of the EFIH 10% Notes in the Chapter 11 Cases;

(d) the EFIH First Lien Settlement;

(e) the dispute over the claim by EFIH 10% Noteholders to payment of the Applicable Premium or to another make-whole payment;

(f) bonuses or other incentive compensation proposed, contemplated, or considered to be paid to any officers, directors or employees of any of the Debtors relating to the completion of the restructuring contemplated by the RSA or any other restructuring of one or more of the Debtors; and

(g) future employment or hiring of any officers, directors, or employees of any of the Debtors or any other party in interest in the Chapter 11 Cases with one or more of the Debtors following confirmation of a plan of reorganization.

### Response to Topic No. 3

The Debtors object to this topic on the ground that subsection (b) is overly broad, as the EFIH First Lien DIP Facility encompasses numerous topics bearing no relevance to the claims or defenses at issue in this action. The Debtors further object to this topic on the ground that subsections (f) and (g) are not reasonably calculated to lead to the discovery of admissible evidence relating to such claims or defenses. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 3, 5, 11, 33 Plaintiff's Second RFP, Request Nos. 1 and 2, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness concerning these topics to the extent the Debtors have not objected.

### Topic No. 4

The RSA (including the negotiation thereof and the Debtors' decision to enter into the RSA), and the rights of the parties thereunder if the EFIH 10% Noteholders prevail in the above-captioned adversary proceeding, the Contested Matter Motion, the Stay-Applicability Motion, or any other dispute relating to the entitlement of the EFIH 10% Noteholders to payment of the Applicable Premium or to another make-whole payment.

### Response to Topic No. 4

The Debtors object to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, as the RSA includes a number of topics that have no bearing on the claims and defenses at issue in this action. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on the RSA *only* to the extent that certain aspects of that agreement, and the negotiations thereof, implicate the repayment of the EFIH first lien debt, the Contested Matter Motion, the Stay-Applicability Motion, or any other dispute concerning the availability of a makewhole premium.

### Topic No. 5

The reason(s) for the filing of the Chapter 11 Cases, including the bankruptcy cases of the EFIH Debtors, and the EFIH Debtors' bankruptcy planning and strategy, including the refinancing and repayment of principal and interest on the EFIH 10% Notes in connection therewith.

### Response to Topic No. 5

The Debtors object to this topic as vague, especially with respect to the term "bankruptcy planning and strategy." The Debtors further object to this topic as overly broad, as the reasons for the non-EFIH Debtors' filing of these chapter 11 cases are not all relevant to the claims and defenses at issue in this action. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any

other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 5 and 11, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness about the EFIH Debtors' reasons for filing these chapter 11 cases, but that witness will not testify regarding any privileged or otherwise protected information.

### Topic No. 6

Any consideration of alternatives to the Chapter 11 Cases for the EFIH Debtors, including any possible out-of-court restructuring of the EFIH Debtors or redemption or refinancing of the EFIH 10% Notes outside of bankruptcy, or any possible reinstatement or non-impairment of the EFIH 10% Notes in a proceeding under chapter 11 of the Bankruptcy Code.

### Response to Topic No. 6

The Debtors object to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 3, 5, 11, 22 through 24, 33, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on the topic of consideration of alternatives to the chapter 11 cases for the EFIH Debtors concerning either (1) a possible out-of-court restructuring of the EFIH Debtors or redemption or refinancing of the EFIH 10% Notes outside of bankruptcy, or (2) a

possible reinstatement or non-impairment of the EFIH 10% Notes in a Chapter 11 proceeding, but that witness will not testify regarding any privileged or otherwise protected information.

### Topic No. 7

The consideration and other benefits to be received by the EFIH Unsecured Noteholders under a restructuring in accordance with the RSA.

### Response to Topic No. 7

The Debtors object to this topic as not reasonably calculated to lead to the discovery of admissible evidence relating to the claims or defenses in this adversary proceeding; the recoveries of the EFIH Unsecured Noteholders under the RSA are not relevant to the availability of the potential makewhole premium at issue here. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

### Topic No. 8

Any valuation of either or both of the EFIH Debtors and/or any reorganized Debtors, and any consideration or discussion of the EFIH Debtors' ability to pay the Applicable Premium or to have reinstated, have left in place, or have left unimpaired the EFIH 10% Notes.

### Response to Topic No. 8

The Debtors object to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence: the valuation of the EFIH Debtors and reorganized Debtors is a subject of the—potential—Second Phase of this proceeding, not this one. The Debtors further object to this topic to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's

First RFP, Request Nos. 3, 5, 11, 22 through 24, 33 and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on questions of valuation of the EFIH Debtors as they relate to the ability to pay an Applicable Premium on, or to have reinstated, left in place, or left unimpaired the EFIH 10% Notes.

### Topic No. 9

All additional amounts beyond principal and interest paid to date that may be owed to the EFIH 10% Noteholders if there is a determination that the Applicable Premium and/or any other amount is owed to the EFIH 10% Noteholders.

### Response to Topic No. 9

The Debtors object to this topic as vague, especially with respect to the phrase "additional amounts . . . that may be owed." The Debtors further object to this topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors further object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 1, 22 through 24, Plaintiff's Second RFP, Request No. 1, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on this topic.

### Topic No. 10

All communications and documents relating to any of the foregoing Topics.

### Response to Topic No. 10

The Debtors object to this topic as overly broad and not described with reasonable particularity: the Debtors have produced hundreds of thousands of pages of documents, and preparing a witness to testify concerning "all communication and documents" is unreasonable. The Debtors further object to this topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors also object to this topic to the extent that this request is duplicative of information already provided through document discovery, particularly in response to Plaintiff's First RFP, Request Nos. 1, 2, 3, 5, 11, 22 through 24, 33 Plaintiff's Second RFP, Request Nos. 1 and 2, and various other requests for production relating to this adversary proceeding.

Subject to and without waiving any specific or General Objections, the Debtors will produce a 30(b)(6) witness on this topic to the extent that it overlaps with the prior topics, but that witness will not testify regarding any privileged or otherwise protected information.

## GENERAL OBJECTIONS

1. The Debtors object to each 30(b)(6) Topic to the extent that it is overly broad, unduly burdensome, and/or seeks information which is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible on issues related to the claims or defenses at issue in this adversary proceeding.

2. The Debtors object to each 30(b)(6) Topic to the extent that it is duplicative, cumulative, redundant of other requests, and/or seeks information which could be obtained through other discovery methods.

3. The Debtors object to each 30(b)(6) Topic to the extent that it fails to describe the matters on which examination is requested with reasonable particularity.

4. The Debtors object to each 30(b)(6) Topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, or that would result in disclosure of counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.

5. The Debtors object to each 30(b)(6) Topic to the extent that it seeks information that contains sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations. Any such information shall be disclosed pursuant to the terms of a confidentiality agreement and protective order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases.

6. The Debtors object to each 30(b)(6) Topic to the extent that it seeks material that may not be divulged by law.

7. The Debtors object to each 30(b)(6) Topic to the extent that it seeks disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense. The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

8. The Debtors object to each 30(b)(6) Topic to the extent that it purports to impose obligations on the Debtors greater than those required by Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026, 7030, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and any other applicable laws or rules. The Debtors will comply with the obligations required by these Rules.

9. To the extent the Debtors produce a witness to provide testimony on a given Topic, it does not necessarily mean corporate knowledge on that topic exists.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and Debtors expressly reserves its right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are prepared to meet and confer with Plaintiff as to these Topics and objections thereto.

Wilmington, Delaware
Dated: October 21, 2014

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com
-and-

**KIRKLAND & ELLIS LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611

Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession