# **EXHIBIT A**

## **Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 4056 |

**ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF KINSELLA MEDIA, LLC AS ASBESTOS NOTICING EXPERT TO
THE EFH OFFICIAL COMMITTEE *NUNC PRO TUNC* TO MARCH 27, 2015
AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2(h)**

Upon the application (the "**Application**")[2] of the official committee of unsecured creditors ( the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Debtors**") for entry of an order (this "**Order**") authorizing the EFH Committee to retain and employ Kinsella Media, LLC ("**Kinsella Media**") as its asbestos noticing expert in connection with these chapter 11 cases, on the terms set forth in the Engagement Letter, effective *nunc pro tunc* to March 27, 2015; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the *Declaration of Shannon R. Wheatman in Support of the Application of the EFH Official Committee for an Order (A)*

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

*Authorizing the Retention and Employment of Kinsella Media as Asbestos Noticing Expert to the EFH Official Committee* Nunc Pro Tunc *to March 27, 2015 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "**Wheatman Declaration**"), attached as Exhibit C to the Application; and this Court having determined that the proposed terms and conditions of Kinsella Media's employment, as set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court being satisfied based on the representations made in the Application and the Wheatman Declaration that (i) Kinsella Media is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) Kinsella Media does not represent any person or entity having an interest adverse to the EFH Committee, the Debtors or their estates in connection with these chapter 11 cases, and (iii) the retention and employment of Kinsella Media as asbestos noticing expert to the EFH Committee, effective *nunc pro tunc* to March 27, 2015, is reasonable, necessary and appropriate and is in the best interests of the EFH Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

      IT IS HEREBY ORDERED THAT:

      1.    The Application is GRANTED as set forth herein.

      2.    The terms of the Engagement Letter, including the payment schedule contained therein, are approved in all respects except as explicitly limited or modified herein.

       3.       In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the EFH Committee is hereby authorized to employ and retain Kinsella Media as its asbestos noticing expert in the Debtors' chapter 11 cases upon the terms and conditions set forth in the Application and the Engagement Letter, and Kinsella Media is authorized to perform the following services:

      a.      Evaluate the Proposed Notice Procedures and assist the EFH Committee and its counsel in considering the Proposed Notice Procedures, including, as necessary, analysis of the Debtors' businesses, their operations, the products used in their facilities, and other pertinent data to determine the manner and scope of notice;

      b.      Provide recommendations to the EFH Committee and its counsel with regard to the Proposed Notice Procedures;

      c.      Provide an expert opinion and related testimony with respect to the Proposed Notice Procedures;

      d.      Consult with the EFH Committee and its counsel with respect to any appeal related to the Proposed Notice Procedures; and

      e.      Provide such other advisory services as may be requested by the EFH Committee or its counsel from time to time relating to the Proposed Notice Procedures.

       4.       Kinsella Media shall use its reasonable efforts to avoid any duplication of services provided by any of the EFH Committee's other retained professionals in these chapter 11 cases.

       5.       Pursuant to the terms of the Engagement Letter, Kinsella Media is entitled to reimbursement by the EFH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Kinsella Media's counsel (which counsel shall not be required to be retained pursuant to section 327 or 328 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, any applicable orders of this Court and the fee guidelines promulgated by the Office of the United States Trustee (the "**U.S. Trustee**"); provided, however, that Kinsella Media shall not seek reimbursement for any services provided by Kinsella Media's counsel to the EFH Debtors; provided, further, that Kinsella Media shall submit the invoices of Kinsella Media's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

6. None of the fees payable to Kinsella Media shall constitute a "bonus" or fee enhancement under applicable law.

7. Kinsella Media shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court; provided, however, that Kinsella Media shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Kinsella Media's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

8. Notwithstanding any provision to the contrary in this Order or otherwise, the U.S. Trustee (and only the U.S. Trustee) shall have the right to object to Kinsella Media's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Kinsella Media's fees under the standard set forth in the preceding sentence. Accordingly,

4

nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of such fees.

9. Absent further order of this Court, all approved fees and expenses incurred as authorized by this Order shall be paid by the EFH Debtors.

10. Notwithstanding anything in the Application to the contrary, Kinsella Media will not use independent contractors or subcontractors to perform the services in paragraph 3 above without separate Court approval.

11. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Kinsella Media and the structure of Kinsella Media's compensation under the Engagement Letter, Kinsella Media and its professionals shall be granted limited relief from the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), any applicable fee guidelines established by the Office of the U.S. Trustee, and any otherwise applicable orders or procedures of this Court in connection with the services to be rendered pursuant to the Engagement Letter, such that Kinsella Media shall be required only to maintain time records of its services rendered for the EFH Committee in half-hour increments.

12. The EFH Committee and Kinsella Media are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. To the extent the Application or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

15. The requirements set forth in Local Rule 2002-1(b) are satisfied.

16. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

Dated: _____, 2015
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge