**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Hearing Date: May 4, 2015 at 9:30 a.m. |
|  | ) Objection Deadline: April 27, 2015 at 4:00 |

**MOTION FOR ENTRY OF AN ORDER
AUTHORIZING ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
TO FILE REDACTED PORTIONS OF STIPULATION AND AGREED ORDER
REGARDING THE ADJOURNMENT OF STANDING MOTIONS UNDER SEAL**
_____

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Sealing Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors to file under seal paragraph 5 of the *Stipulation and Agreed Order Regarding the Adjournment of Standing Motions*, filed contemporaneously herewith (the "Stipulation"), and (b) directing that paragraph 5 of the Stipulation shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors, except to (i) the Court, (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a confidential basis, (iii) the parties to the Stipulation on a confidential basis, and (iv) the advisors to the EFH Creditors' Committee (as defined herein) designated as "Committee Representatives" under the Bidding Procedures Order

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 11807187v.1

(as defined herein) on a confidential and "professionals' eyes only" basis. In further support of this Sealing Motion, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Sealing Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Sealing Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 9018-1, and the Bidding Procedures Order.

### Relief Requested

4. By this Sealing Motion, the Debtors seek entry of the Order (a) authorizing the Debtors to file under seal paragraph 5 of the Stipulation; and (b) directing that the Stipulation shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors, except that unreacted copies of the Stipulation shall be provided to (i) the Court,

2

(ii) the U.S. Trustee on a confidential basis, (iii) the parties to the Stipulation on a confidential basis, and (iv) the advisors to the EFH Creditors' Committee designated as "Committee Representatives" under the Bidding Procedures Order on a confidential and "professionals' eyes only" basis.  In further support of this Sealing Motion, the Debtors respectfully state as follows.

## Background

5.    On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The U.S. Trustee formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.    On April 14, 2015, the Debtors filed the Stipulation together with, among other things, a motion to approve a confirmation schedule (the "Scheduling Motion").  The Parties to the Stipulation are the Debtors, the TCEH Creditors' Committee, the ad hoc committee of TCEH first lien noteholders, the TCEH second lien indenture trustee, the ad hoc group of TCEH

unsecured noteholders (the "TCEH Unsecured Group"), and the TCEH unsecured indenture trustee. The Stipulation addresses certain issues related to the Scheduling Motion, as well as the standing motions filed by the TCEH Creditors' Committee [D.I. 3593] and the TCEH Unsecured Group [D.I. 3603].

7. The Debtors have redacted paragraph 5 of the filed Stipulation. Paragraph 5 contains certain confidential and sensitive information with respect to the marketing process for the Debtors' economic interests in Oncor Electric Delivery Company LLC (the "Marketing Process"). On November 3, 2014, the Court issued a ruling conditionally approving the bidding procedures for the Marketing Process (the "Bidding Procedures Ruling"). On January 14, 2015, the Court entered an order approving revised bidding procedures [D.I. 3295] (such order and bidding procedures collectively, the "Bidding Procedures Order").

**Basis For Relief**

8. Congress, through the Bankruptcy Code and Bankruptcy Rules, was careful to balance the public's right to access the papers and proceedings generated by a bankruptcy case with a debtor's and its associates' critical need to ensure particular types of business information remained confidential.

9. Section 107(b) of the Bankruptcy Code enables the Court to protect entities from potential harm that might result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.* Courts often provide this protection by using their inherent equitable powers, codified in

section 105(a) of the Bankruptcy Code, to authorize the filing of documents under seal. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Additionally, Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

11. The resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

12. Here, the Court has already found that sensitive information pertaining to the Marketing Process should remain confidential. In the Bidding Procedures Ruling, the Court approved the sealed Marketing Process proposed by the Debtors so long as real-time access to

information is provided to certain designated advisors to the TCEH Creditors' Committee and the EFH Creditors' Committee on a confidential and professionals' eyes only basis. Hr'g Tr. Nov. 3, 2015, at 19:19-22, 20:2-3. In so doing, the Court noted its "concern over confidentiality" and that the risk of exposing confidential information related to the Marketing Process "might lead an otherwise interested bidder from participating, which would be harmful to the process." *Id.* at 23:7-15. The Bidding Procedures Order thus provides for the modified sealed process approved by the Court.

13. The redaction of paragraph 5 of the Stipulation is consistent with the sealed Marketing Process approved by the Bidding Procedures Order. Paragraph 5 of the Stipulation contains sensitive and confidential information with respect to the Marketing Process. Consistent with the Bidding Procedures Order, this Sealing Motion and the Order provide that the unredacted version of the Stipulation will be provided to, among others, the TCEH Creditors' Committee, which is a party to the Stipulation, on a confidential basis and the advisors to the EFH Creditors' Committee designated as "Committee Representatives" under the Bidding Procedures Order on a confidential and "professionals' eyes only" basis.

14. Courts in this district have consistently authorized the filing of confidential documents under seal in other chapter 11 cases. *See*, *e.g.*, *In re Green Field Energy Servs., Inc.*, No. 13-12783 (KG) (Bankr. D. Del. Jan. 17, 2014) (authorizing the filing under seal in its entirety a motion to approve a settlement agreement); *In re Metavation, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Aug. 7, 2013) (authorizing the filing under seal in its entirety a motion for approval of a sale agreement); *In re ASDI Inc.*, No. 10-12139 (CSS) (Bankr. D. Del. Apr. 4, 2012) (authorizing the filing under seal in its entirety an opposition brief in adversary proceedings); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. Jul. 29, 2013)

(authorizing the filing under seal of exit financing fee letters); *In re Capmark Fin. Grp. Inc. (f/k/a GMAC Commercial Holding Corp.)*, No. 09-13684 (CSS) (Bankr. D. Del. Jul. 5, 2011) (authorizing the filing under seal of a term sheet to a commercial contract); *Capmark*, No. 09-13684 (CSS) (Bankr. D. Del. Apr. 5, 2011) (authorizing the filing under seal of schedules to a sale contract); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re Mervyn's Holdings, LLC*, No. 08-11586 (Bankr. D. Del. Oct. 30, 2008) (authorizing the filing under seal of an objection supplement); *In re Boscov's, Inc.,* No. 08-11637 (KG) (Bankr. D. Del. Sep. 26, 2008) (authorizing the filing under seal in its entirety of debtor's motion and granting an *in camera* hearing); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[2]

15.    The Debtors therefore submit that good cause exists to authorize the Debtors to file paragraph 5 of the Stipulation under seal because of the harm that would ensue if the sensitive and confidential information contained in the Stipulation became public information.

### Notice

16.    The Debtors shall provide notice of this Sealing Motion on the date hereof via overnight mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution

---

[2] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Sealing Motion. Copies of these orders are available upon request of the Debtors' counsel.

control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership;

(p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Prior Request

17.    No prior request for the relief sought in this Sealing Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Sealing Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: April 14, 2015
Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession