IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., et al.[1], | ) ) | Case No. 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) ) | |
| | ) | **Re: Docket No. 4142** |

### ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S STATEMENT IN SUPPORT OF INTERCOMPANY SETTLEMENT IN THE PLAN

Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC ("TCEH," and collectively with their debtor subsidiaries, the "TCEH Debtors"), submit this statement (the "Statement") in support of the prepetition intercompany claims settlement (the "Settlement") proposed in the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 4142] (the "Plan"). The Settlement and Plan propose to resolve prepetition intercompany claims, causes of action, and disputes among Energy Future Holdings Corporation ("EFH"), Energy Future Intermediate Holdings Company LLC ("EFIH"), and the TCEH Debtors (collectively with their jointly administered debtor and debtor in possession subsidiaries, the "Debtors"), including avoidance actions under sections 544, 547, and 548 of the Bankruptcy Code (the "Prepetition Intercompany Claims"). The Settlement and Plan also provide for the spin-off of TCEH in a tax-free transaction (with a partial step-up in tax basis) and the tax-free

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

reorganization of EFH and EFIH under one of the three alternative reorganization structures set forth in the Plan.

Pursuant to resolutions adopted November 7, 2014 and December 9, 2014 by the boards of managers of EFCH and TCEH (the "Resolutions"), the disinterested manager of EFCH and TCEH, Mr. Hugh Sawyer, identified the disputes to be resolved by the Settlement to be a Conflict Matter (as defined in the Resolutions), i.e. a matter on which an actual conflict exists between the TCEH Debtors or their subsidiaries, on the one hand, and any other Debtor, on the other hand. In accordance with the authority delegated by the Resolutions, Mr. Sawyer authorized the TCEH Debtors to pursue and implement the Settlement including incorporating the settlement into the proposed Plan, at a meeting of the EFCH/TCEH disinterested manager on April 1, 2015. The minutes of the April 1, 2015 meeting (the "Minutes") are attached as **Exhibit 1**. On April 3, 2015, the respective disinterested directors and managers of EFH, EFIH, and EFCH/TCEH released a Joint Statement of Summary of Settlement of Intercompany Claims (the "Joint Statement") to representatives of the stakeholder constituencies of their respective Debtors. The Joint Statement is attached to the Minutes as Exhibit A.

**BACKGROUND**

1.  The Debtors filed voluntary petitions with the Court under chapter 11 of the Bankruptcy Code on April 29, 2014. The Debtors are operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Court entered an order for joint administration of the Debtors' chapter 11 cases [Docket No. 849].

2.  On September 16, 2014, the Court authorized the disinterested board members of EFCH/TCEH, EFH, and EFIH to "retain separate advisors . . . to advise or otherwise represent

the applicable Debtor" on certain matters [Docket No. 2051]. On November 7, 2015, the Debtors filed a notice of the existence of actual conflicts among the Debtors [Docket No. 2718]. Pursuant to the authority delegated under the Resolutions, Mr. Sawyer retained Munger, Tolles & Olson LLP ("MTO") and Greenhill & Co., Inc. ("Greenhill," and together with MTO, the "TCEH Independent Advisors") in mid-November 2014, and the Court approved their retention on January 13, 2015 [Docket Nos. 3279, 3283, 3728 (amended and restated Greenhill retention order)]. The disinterested directors of EFH (the "EFH Disinterested Directors") retained Proskauer Rose LLP ("Proskauer") and SOLIC Capital Advisors, LLC ("SOLIC," and together with Proskauer, the "EFH Independent Advisors"), and the disinterested manager of EFIH (the "EFIH Disinterested Manager," and together with the EFH Disinterested Directors, the "Other Disinterested Board Members") retained Cravath, Swaine & Moore LLP ("Cravath") and Goldin Associates, LLC ("Goldin," and together with Cravath, the "EFIH Independent Advisors," together with the TCEH Independent Advisors and the EFH Independent Advisors, the "Independent Advisors").

**INVESTIGATION AND NEGOTIATION**

3.      Pursuant to the authority delegated in the Resolutions to determine and act upon Conflict Matters, Mr. Sawyer, among other actions, directed and supervised an extensive investigation of the Prepetition Intercompany Claims in consultation with the TCEH Independent Advisors. As further detailed in the Minutes of the April 1, 2015 EFCH/TCEH disinterested manager meeting, the TCEH Independent Advisors under the direction and supervision of Mr. Sawyer:

- Reviewed work product and other materials prepared on behalf of the Debtors by Kirkland & Ellis LLP, Sidley Austin LLP, Evercore Group, L.L.C., and Zolfo Cooper, LLC;

- Met with other advisors to the Debtors (including Kirkland & Ellis LLP, Sidley Austin LLP, Evercore Group, L.L.C., and Zolfo Cooper, LLC);

- Reviewed documents in the Debtors' data rooms for the restructuring and for the Oncor sale process;

- Reviewed documents in the Debtors' legacy production database, including those identified using targeted search terms relevant to potential Prepetition Intercompany Claims;

- Met with and interviewed Debtor employees with knowledge relating to Prepetition Intercompany Claims and other Conflict Matters;

- Investigated and analyzed tax structuring and inter-Debtor tax sharing issues, including the private letter ruling request, the competitive tax allocation agreement and related documents, historical tax sharing practices, settlements, financial records, and securities disclosures;

- Requested and reviewed additional materials from the Debtors and their advisors.

4. Mr. Sawyer and the TCEH Independent Advisors also met with and sought input from advisors to various TCEH creditor constituencies, including the TCEH Official Committee of Unsecured Creditors, the TCEH first lien lenders, the TCEH second lien lenders, and the Ad Hoc Group of TCEH Unsecured Noteholders. In all, the TCEH Independent Advisors met (telephonically or in person) with advisors to TCEH creditor constituencies over twenty-five times between November 18, 2014 and March 30, 2015.

5. The TCEH Independent Advisors updated Mr. Sawyer on the progress of the investigation in almost daily telephone conversations and correspondence. These included more than nine meetings regarding Prepetition Intercompany Claims and tax structuring issues in February and March 2015, including an in-person meeting on February 17 and 18, 2015 regarding the investigation and analysis of Prepetition Intercompany Claims and tax structuring issues.

6. After initial meetings between the TCEH Independent Advisors and the EFH Independent Advisors, and between the TCEH Independent Advisors and the EFIH Independent Advisors, the TCEH Independent Advisors prepared presentations for EFH and EFIH on the potential Prepetition Intercompany Claims of the TCEH Debtors. Mr. Sawyer reviewed and discussed these presentations with the TCEH Independent Advisors.

7. On March 5, 2015, the TCEH Independent Advisors met in person with the EFH Independent Advisors to present on potential Prepetition Intercompany Claims and tax structuring issues. The presentation prepared by the TCEH Independent Advisors for the March 5, 2015 meeting is attached to the Minutes as Exhibit B. The TCEH Independent Advisors met with the EFH Independent Advisors again on March 11, 2015, and the EFH Independent Advisors provided a responsive presentation, which is attached to the Minutes as Exhibit C. The TCEH Independent Advisors reviewed the EFH Independent Advisors' presentation with Mr. Sawyer and briefed him on the discussions with the EFH Independent Advisors.

8. On March 16, 2015, the TCEH Independent Advisors met telephonically with the EFIH Independent Advisors to present on potential Prepetition Intercompany Claims and tax structuring issues. The presentation prepared by the TCEH Independent Advisors for the March 16, 2015 meeting is attached to the Minutes as Exhibit D. The EFIH Independent Advisors responded with a memorandum on March 20, 2015, which is attached to the Minutes as Exhibit E. The TCEH Independent Advisors reviewed the EFIH Independent Advisors' memorandum with Mr. Sawyer and briefed him on the discussions with the EFIH Independent Advisors.

9. Following further consultation with the TCEH Independent Advisors, Mr. Sawyer authorized the TCEH Independent Advisors to commence negotiations to potentially resolve the Prepetition Intercompany Claims. After the Independent Advisors spent a week

negotiating over the Prepetition Intercompany Claims, Mr. Sawyer and the Other Independent Board Members, along with the Independent Advisors, met in person on March 24, 25 and 26, 2015 to see if an agreement could be reached on the terms for a comprehensive settlement of Prepetition Intercompany Claims. After numerous negotiation sessions, both with and without Independent Advisors present, Mr. Sawyer and the Other Disinterested Board Members reached a settlement in principle. All told, during February and March 2015, Mr. Sawyer or the TCEH Independent Advisors met with the EFH Disinterested Directors or the EFH Independent Advisors at least 15 times, and met with the EFIH Disinterested Manager or the EFIH Independent Advisors at least 7 times, in regard to Prepetition Intercompany Claims.

## SETTLEMENT

10.  As set forth in the Joint Statement, the Settlement proposes to resolve all Prepetition Intercompany Claims in the context of a joint plan of reorganization that calls for a tax-free spin-off of TCEH (and a partial step-up in tax basis) and the tax-free reorganization of EFH and EFIH through one of three possible scenarios, each of which may include a REIT structure: sale to a third party; backstopped recapitalization by existing stakeholders in the EFH chapter 11 case; or stand-alone reorganization.

11.  As set forth in the Joint Statement and the Plan, the principal terms of the Settlement provide:[2]

- TCEH shall have an allowed unsecured non-priority claim of $700,000,000 against EFH, which claim shall receive the same form of distributable value as all other unsecured non-priority EFH creditors under any plan of reorganization (the "TCEH Claim").

- After full satisfaction of all allowed administrative, priority and secured claims against EFH, the next $1,410,000,000 of distributable value from the EFH estate

---

[2] Capitalized terms used in the following list but not defined in the list shall have the meanings ascribed to them in the Joint Statement.

shall be distributed as follows: (a) EFH shall retain 49.645% for distribution on account of allowed unsecured claims and interests (other than the TCEH Claim); (b) TCEH shall receive 49.645% on account of the TCEH Claim (i.e., up to $700,000,000 of the first $1,410,000,000 of distributable value for unsecured creditors from the EFH estate); and (c) the EFH equity holders shall receive 0.709%.

- Distributable value from the EFH estate in excess of $1,410,000,000 shall be distributed as follows: (a) TCEH shall receive 50%, until TCEH receives an additional $105,000,000, for a total distribution to TCEH of $805,000,000; and (b) EFH shall retain 50% for distribution on account of allowed unsecured claims and interests (other than the TCEH Claim).

- Once TCEH has received a total of $805,000,000 in distributable value, all remaining distributable value from the EFH estate shall be retained by EFH and distributed in accordance with the terms of the plan of reorganization.

- The sharing of distributable value between EFH's stakeholders and TCEH as described above shall not be affected by the total amount of allowed unsecured claims against EFH. If allowed claims of creditors of EFH (other than TCEH) are less than $700,000,000, EFH shall remain entitled to the same percentages of distributable value from the EFH estate as described above. If allowed claims of creditors of EFH (other than TCEH) are greater than $700,000,000, TCEH shall remain entitled to the same percentages of distributable value from the EFH estate as described above, up to a maximum aggregate distribution of $805,000,000 to TCEH.

- Other than the allowed claim and distribution right of TCEH in the EFH estate as described above, there will not be any allowed prepetition claims between any of EFH, EFIH, and TCEH or any of their subsidiaries, including Oncor Electric Distribution Holdings Company LLC and its subsidiary.

- Each of (a) the disinterested directors of EFH, (b) the disinterested manager of EFIH, and (c) the disinterested manager of TCEH may (without the consent of the other disinterested managers or disinterested directors, as applicable) terminate the Settlement if any of them determines, after consultation with counsel, that termination of the Settlement would be consistent with the exercise of their fiduciary duties.

12. The Settlement was presented for Mr. Sawyer's consideration at a meeting of the disinterested manager of the EFCH and TCEH boards of managers on April 1, 2015. At the meeting, MTO and Greenhill reviewed the work performed to investigate, research, and analyze the claims to be settled, and the meetings with other interested parties, including the Other

Disinterested Board Members and the EFH Independent Advisors and EFIH Independent Advisors, and the advisors to other stakeholders in the Debtors' chapter 11 cases. Mr. Sawyer engaged in discussions with MTO and Greenhill regarding the terms of the Settlement and the value of the Settlement to the TCEH Debtor estates. As further detailed in the Minutes, Mr. Sawyer considered, among other things: (i) the cost of litigating the Prepetition Intercompany Claims; (ii) the costs and benefits of delaying the reorganization; (iii) the accruing claims for postpetition interest (net of reduced make-whole claims) for EFIH and EFH creditors; and (iv) the value of a future recovery on Prepetition Intercompany Claims after litigation to judgment of such claims. Mr. Sawyer also considered certain qualitative considerations that, among others, could attend delaying emergence from bankruptcy to pursue litigation of the Prepetition Intercompany Claims, including: (i) customer retention; (ii) reduced ability to contract with counterparties to hedge against TCEH business risks; (iii) employee retention; (iv) underinvestment in assets; (v) the use of managerial time and attention for litigation instead of for business operations; (vi) value of TCEH; and (vii) change in the marketing environment for Oncor.

13. Mr. Sawyer, acting with the authority delegated to him by the EFCH and TCEH boards with respect to Conflict Matters in the Resolutions, then determined that it was in the best interests of the TCEH Debtors and their creditors, and other parties-in-interest for the TCEH Debtors to pursue and implement the Settlement, including incorporating the Settlement into the proposed Plan.

## CONCLUSION

14. After investigation into potential Prepetition Intercompany Claims, discussions with creditor constituencies, arms-length negotiations with the Other Disinterested Board

Members, and consultation with the TCEH Independent Advisors, Mr. Sawyer, the disinterested manager of EFCH and TCEH with respect to Conflict Matters, determined that the Settlement constitutes a fair and reasonable resolution of the Prepetition Intercompany Claims and tax structuring issues and that it is in the best interest of the TCEH Debtors to pursue and implement the Settlement, including incorporating the Settlement into the proposed Plan.

Dated: April 14, 2015

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

/s/David P. Primack
David P. Primack, Esq. (No. 4449)
Aaron S. Applebaum, Esq. (No. 5587)
300 Delaware Ave., Suite 770
Wilmington, DE 19801
Phone: (302) 300-4515
Facsimile: (302) 654-4031
dprimack@mdmc-law.com

-and-

**Munger, Tolles & Olson LLP**
John W. Spiegel, Esq. (admitted *pro hac vice*)
Thomas B. Walper, Esq. (admitted *pro hac vice*)
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Phone: (213) 683-9100; Facsimile: (213) 683-4022
Email: John.Spiegel@mto.com
           Thomas.Walper@mto.com

*Counsel to the TCEH Debtors*