**EXHIBIT D**

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC (the "Company")**
**MINUTES OF THE MEETING OF THE INDEPENDENT MANAGER OF THE BOARD OF MANAGERS**

| | |
|---|---|
| **Date:** | March 30, 2015, at 3:15 p.m. ET |
| **Location:** | Offices of Cravath, Swaine & Moore LLP |
| **Manager:** | Charles H. Cremens |
| **Advisors:** | Richard Levin *(Cravath)*    Philip A. Gelston *(Cravath)*    Harrison J. Goldin *(Goldin Associates LLC)* |
| | David W. Prager *(Goldin Associates LLC)*    Karthik Bhavaraju *(Goldin Associates LLC)* |

Mr. Charles H. Cremens, the sole independent manager of the Board of Managers of the Company, was in attendance. Richard Levin acted as secretary. Participants referred to the materials distributed at the meeting by Goldin Associates LLC ("**Goldin**").

Mr. Levin called the meeting to order and explained that the purpose of the meeting was to review the proposed terms of the settlement as part of the Company's chapter 11 plan of all prepetition intercompany claims, causes of action and disputes of and against the Company, which Mr. Cremens had previously determined are matters on which there is an actual conflict of interest between the Company and another Debtor (such matters, "**Conflicts Matters**") and to determine whether to approve the settlement.

Mr. Cremens invited representatives of Goldin to review with him the materials they had prepared for the meeting. Representatives of Goldin made a presentation summarizing the terms of the intercompany settlement and releases contained in the most recent version of the chapter 11 plan for the Company and certain of its affiliates. Representatives of Cravath, Swaine & Moore LLP ("**Cravath**") provided a short presentation on the proposed settlement. The presentation included a discussion among Mr. Cremens, Goldin's representatives and Cravath's representatives in response to numerous questions from Mr. Cremens. Both Goldin and Cravath representatives referenced prior memoranda, presentations, and meetings with Mr. Cremens regarding the substantive legal, financial and practical issues raised by the Conflict Matters.

Following careful consideration and discussion with his advisors, Mr. Cremens determined that, as long as the total consideration available to the creditors of Company under the proposed chapter 11 plan is adequate to satisfy all allowed claims against the Company, the proposed settlement of intercompany claims, causes of action and disputes of and against the Company is desirable and in the best interests of the Company, its creditors and other parties in interest.

Thereupon, Mr. Cremens, as the sole independent manager of the Board of Managers of the Company, adopted the following resolutions:

> WHEREAS, on April 29, 2014, Energy Future Intermediate Holding Company LLC (the "**Company**") and certain of its affiliates (collectively with the Company, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

> WHEREAS, Charles H. Cremens is a member of the Board of Managers of the Company (the "**Board**") who is disinterested within the meaning of Section 144 of the Delaware General Corporation Law or the Company's governing documents, to the extent applicable, with respect to Conflicts Matters (such member, the "**Disinterested Manager**");

WHEREAS, the Board has delegated to the Disinterested Manager full authority to resolve Conflicts Matters;

WHEREAS, the Disinterested Manager, after consultation with Cravath, Swaine & Moore LLP ("**Cravath**") and Goldin Associates, LLC ("**Goldin**"), advisors to the Company (reporting to and acting under the direction of the Disinterested Manager) with respect to Conflicts Matters (Cravath and Goldin collectively, the "**Conflicts Matters Advisors**"), has conducted an extensive review and analysis of the potential intercompany claims by and against the Company and the potential defenses thereto;

WHEREAS, the Disinterested Manager and the Conflicts Matters Advisors have participated in numerous meetings and telephone conferences with Kirkland & Ellis LLP and Evercore Group L.L.C. (collectively, the "**Primary Advisors**") and the Conflicts Matters counsel and advisors to other Debtors to discuss the resolution of intercompany claims;

WHEREAS, the Debtors, after consultation with the Primary Advisors and the Conflicts Matters advisors, have formulated a proposed chapter 11 plan (as may hereafter be amended, supplemented, or modified from time to time, the "**Plan**") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors and a draft disclosure statement (as may hereafter be amended, supplemented, or modified from time to time, the "**Disclosure Statement**") providing information about the Plan for holders of claims or interests; and

WHEREAS, the Plan contains settlements and compromises with respect to Conflict Matters, the resolution of which have been delegated to the Disinterested Manager and the disinterested managers or directors of the other Debtors.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Disinterested Manager, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall and hereby does agree in principle with the settlements and compromises with respect to Conflicts Matters contained in the Plan.

RESOLVED, that any officer of the Company (collectively, the "**Authorized Officers**"), including the co-chief restructuring officers, acting alone or with one or more other Authorized Officers be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

There being no further business to come before the meeting, it was adjourned at 3:45 p.m. ET

_____
Richard Levin
Acting Secretary