# EXHIBIT A - Notice Parties

**Debtors**
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, TX 75201
Attn:  Andrew M. Wright and Cecily Gooch

**Co-Counsel to the Debtors**
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, New York 10022
Attn:  Brian E. Schartz

300 North LaSalle
Chicago, IL 60654
Attn:  Chad Husnick

**Proposed Co-Counsel to the Debtors**
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE  19801
Attn: Daniel DeFranceschi and Jason Madron

**Roberta A. DeAngelis, the United States Trustee for Region 3**
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Wilmington, Delaware  19801
Attn: Richard L. Schepacarter

**U.S. Department of Justice, Office of the U.S. Trustee**
U.S Federal Building
201 Varick Street, Room 1006
New York, NY  10014
Attn: Andrea B. Schwartz

**Counsel for the Agent of the EFIH First Lien DIP Financing Facility**
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022
Attn: Ned Schodek and Fredric Sosnick

**Counsel for the Agent of the TCEH DIP Financing Facility**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Evan Fleck and Matthew Brod

**Counsel to the Official Committee of TCEH Unsecured Creditors**
Morrison & Foerster LLP
250 W. 55th Street
New York, New York 10019
Attn: Lorenzo Marinuzzi and Jennifer Marines

**Co-Counsel to the Official Committee of TCEH Unsecured Creditors**
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Attn: Christopher A. Ward

**Counsel to the Fee Committee appointed pursuant to the Fee Committee Order**
Godfrey & Kahn, S.C.
One East Main Street
Madison, WI 53703
Attn: Katherine Stadler

# EXHIBIT B

## Engagement Letter

# LAZARD

As of May 14, 2014

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ENERGY FUTURE HOLDINGS CORP.

Mr. Michael Puryear, Esquire
General Counsel
Holt Texas LTD, d/b/a Holt Cat
3302 South W.W. White Road
San Antonio, TX  78222

Dear Mr. Puryear:

This letter and the accompanying exhibit confirm the terms under which the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., *et al* (the "Committee") has engaged Lazard Frères & Co. LLC to act as investment banker to the Committee in connection with the matters set forth herein.  For purposes hereof, the term "Company" means, collectively, Energy Future Holdings Corp. and its subsidiaries and affiliates that are debtors in the chapter 11 cases (Case No. 14-10979 (Jointly Administered))[1].

I.      Scope of Services.  Lazard shall perform the following investment banking services for the Committee, in each case as necessary and if requested:

   A.      review and analyze the business, operations, liquidity, assets and liabilities, financial condition and prospects of the Company;

   B.      review and analyze the Company's business plan;

   C.      evaluate the Company's debt capacity in light of its projected cash flows;

   D.      review and provide an analysis of any proposed capital structure for the Company;

   E.      review and provide an analysis of any valuation of the Company or its assets;

   F.      advise and attend meetings of the Committee as well as meetings with the Company or other third parties as appropriate in connection with the matters set forth herein;

---

[1] It is expressly understood and agreed that all references to obligations of the Company under the terms of the Engagement Letter and Exhibit A shall be obligations of the Company pursuant to the order entered by the Court pursuant to and in accordance with the Lazard retention application.

Lazard Frères & Co. LLC
190 S. LaSalle Street
31st Floor
Chicago, IL 60603

G.   advise and assist the Committee in evaluating the financial aspects of any potential DIP loans or other financing by the Company;

H.   review, analyze and advise the Committee with respect to the existing debt structures of the Company, and potential refinancing alternatives for existing secured debt;

I.   advise and assist the Committee in analyzing strategic alternatives potentially available to the Company;

J.   review and provide an analysis of any restructuring plan (as the same may be modified from time to time, a "Plan") proposed by any party;

K.   review and provide an analysis of any new securities, other consideration or other inducements to be offered and/or issued under the Plan or otherwise;

L.   assist the Committee and/or participate in negotiations with the Company;

M.   provide testimony, as necessary, with respect to matters on which we have been engaged to advise the Committee in any proceeding before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

N.   provide such other financial advisory services as the Committee may from time to time reasonably request and which are customarily provided by financial advisors in similar situations.

In rendering its services to the Committee hereunder, Lazard is not assuming any responsibility for the Committee's, the Company's, any creditor's or any other person's underlying business decision to pursue (or not to pursue) any business strategy or to effect (or not to effect) any other transaction(s) or decision(s). Lazard shall not have any obligation or responsibility to provide accounting, audit, "crisis management," or business consultant services for the Company or any other person or entity and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements. Nothing in this agreement is intended to obligate or commit Lazard or any of its affiliates to provide any services other than those set forth above. The Committee confirms that it will rely on its own counsel, accountants and other similar expert advisors for legal, accounting, tax and other specialist advice.

The Committee shall use all reasonable efforts to assist Lazard in obtaining from the Company all information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the Company that Lazard reasonably requests in connection with the services to be performed for the Committee hereunder. The Committee acknowledges that at all times during Lazard's engagement Lazard will be assuming that all information furnished to Lazard (i) is accurate and complete in all material respects and (ii) does not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which such statements are made. The Committee further recognizes and confirms that in advising the Committee

pursuant to its engagement hereunder, Lazard will be using and relying on publicly available information and on data, material and other information furnished to Lazard by the Company, the Committee and other parties. It is understood that in performing under this engagement, Lazard is not assuming any responsibility for independent verification of such information. Lazard will not, as part of its engagement, undertake any appraisal of any of the assets or liabilities of the Company or of any third party.

II.    Compensation. As consideration for the services being provided by Lazard, Lazard's compensation for services rendered under this agreement shall be paid by the Company and will consist of the following cash fees and expense reimbursements:

A.    Monthly Fee.

(i)    A monthly fee (the "Monthly Fee") of $250,000 for each month of Lazard's engagement hereunder, payable in accordance with any applicable orders of the Court. The Monthly Fee for the month of May 2014 shall be payable pro-rated such that we shall not be paid for the first thirteen (13) days of the month.

(ii)    50% of all Monthly Fees paid in respect of any month commencing with the month of February 2015 shall be credited (without duplication) against any Contingent Fee (defined below). For the avoidance of doubt, if the Contingent Fee is not payable, there shall be no crediting of the Monthly Fees.

B.    Restructuring Fee. A fee (the "Restructuring Fee"), payable upon consummation of any Restructuring[2], of $10,000,000.

C.    Contingent Fee. A fee (the "Contingent Fee"), payable upon consummation of any Restructuring supported by the Committee, of $3,000,000.

D.    Expense Reimbursement. In addition to any fees that may be payable to Lazard, the Company shall promptly reimburse Lazard for all expenses (including fees and expenses of counsel, if any), travel and lodging, data processing and communications charges, courier services and other expenditures incurred in connection with, or arising out of Lazard's activities under or contemplated by, this engagement.

---

[2] As used in this Agreement, the term "Restructuring" shall mean any restructuring, reorganization, rescheduling, recapitalization or repayment of all or any material portion of the Company's liabilities or any sale of all or material portion of the Company or its assets, however such result is achieved, including, without limitation, through a Plan confirmed by the Bankruptcy Court, an exchange offer or consent solicitation, covenant relief, rescheduling of debt maturities, change in interest rates, other amendments to the Company's debt instruments, settlement or forgiveness of debt, conversion of debt into equity, repayment of the Company's debt instruments, issuance of new securities, raising of new debt, equity or hybrid capital, or the sale or other transfer of equity, assets or other interests of the Company.

E.   No fee payable to any other person, by the Company, the Committee or any other person or entity, shall reduce or otherwise affect any fee payable hereunder.

F.   All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

III.   <u>Retention in Chapter 11 Proceedings</u>.   The Committee agrees that it will use its best efforts to retain Lazard as investment banker to the Committee on the terms and conditions set forth in this agreement (including <u>Exhibit A</u>) under the provisions of and subject to the standard of review set forth in Section 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and agrees that the arrangements hereunder are reasonable under the standards set forth in Section 328(a).   Lazard shall be under no obligation to provide any services under this agreement unless Lazard's retention under the terms of this agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court (the "Retention Order"), which Retention Order is acceptable to Lazard in its sole discretion.   The retention application shall note that in so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the deferred fees, including the Restructuring Fee and Contingent Fee, is reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder, and that the deferred fee shall not be considered to be "bonuses" or fee enhancements under applicable law.

IV.   <u>Indemnification</u>.   As a material part of the consideration for Lazard to furnish its services under this agreement, Lazard requires that the Company and certain related persons indemnify, reimburse and provide contribution to Lazard in accordance with the provisions attached hereto as <u>Exhibit A</u>.   The provisions of <u>Exhibit A</u> are an integral part of this agreement, and the terms thereof are incorporated in entirety by reference herein. The terms of <u>Exhibit A</u> shall survive any termination or expiration of this agreement or Lazard's engagement, and the Retention Order shall provide for such survival.

V.   <u>Termination</u>.   This agreement and Lazard's engagement hereunder may be terminated by either the Committee or Lazard at any time, provided, however, that (a) termination of Lazard's engagement hereunder shall not affect the Company's continuing obligations pursuant to <u>Exhibit A</u>, and the Company's and the Committee's obligations and agreements under paragraphs I, II, III, IV, this paragraph V, VI, VII, VIII, and XII hereof, (b) notwithstanding any such termination, Lazard shall remain entitled to any fees accrued pursuant to paragraph II but not yet paid prior to such termination and to reimbursement of expenses pursuant to paragraph II incurred prior to such termination, and (c) in the case of termination by the Committee, Lazard shall remain entitled to full payment of all fees contemplated by paragraph II hereof in respect of any Restructuring announced or resulting from negotiations occurring during the period from the date hereof until twelve months following such termination.

VI.    <u>Independent Contractor</u>.    Lazard has been retained under this agreement as an independent contractor to the Committee; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Committee or its members or any other person or entity.  The Committee acknowledges that Lazard is not the agent of and is not authorized to bind the Committee in any action or decision.  The advice (oral or written) rendered by Lazard pursuant to this agreement is intended solely for the benefit and use of the Committee solely in its capacity as the Committee in considering the matters to which this agreement relates, and such advice may not be relied upon by any other person or entity (including its members or the Company), used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner for any purpose, nor shall any public references to Lazard be made by the Committee or the Company, without the prior consent of Lazard.  Notwithstanding the foregoing, nothing herein shall prohibit any party hereto from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure.

VII.   <u>Limitation of Liability</u>.  The Committee agrees that neither Lazard nor any Indemnified Persons (as defined in <u>Exhibit A</u>) shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company, the Committee, or their respective members, partners, employees, agents or their respective affiliates or security holders for or in connection with this engagement or any transactions or conduct in connection therewith except to the extent that any losses, claims, damages, liabilities or expenses incurred by the Committee are found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted primarily from such Indemnified Person's bad faith or gross negligence.  The Retention Order shall provide for such limitation of liability.

VIII.  <u>Successors and Assigns</u>.  This agreement (including <u>Exhibit A</u> hereto) shall be binding upon Lazard, the Committee, and the Company and their respective successors and assigns.  Each party hereto recognizes that Lazard has been engaged solely on behalf of the Committee and that Lazard's engagement is not deemed to be on behalf of and is not intended to confer any rights upon the Company, any shareholder, creditor, member, owner or partner of the Company or the Committee, or any other person or entity not a party hereto other than the Indemnified Persons.  The Company's obligations hereunder are joint and several.

IX.    <u>Authority</u>.  Each party hereto represents and warrants that it has all requisite power and authority to enter into this agreement and the transactions contemplated hereby.  Each party hereto further represents and warrants that this agreement has been duly and validly authorized by all necessary corporate or other action on the part of such party, has been duly executed and delivered by such party and constitutes a legal, valid and binding agreement of such party, enforceable in accordance with its terms.

X.     <u>Lazard Affiliates</u>.  In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and may share with any such entity any information concerning the Company, provided that Lazard and such entities shall hold any nonpublic information confidential in accordance with their respective customary policies relating

to nonpublic information.  Any such entity so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

XI.    Miscellaneous.  This agreement and Exhibit A constitute the entire understanding of the parties hereto as to the matters set forth herein and in Exhibit A, and shall supersede all prior understandings and proposals, whether written or oral, relating to any of the matters contemplated herein or in Exhibit A.  This agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument.  This agreement may only be amended or waived by a writing signed by the parties hereto.

XII.    Choice of Law.  This agreement and any claim related directly or indirectly to this agreement (including any claim concerning advice provided pursuant to this agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law.  No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York, the United States District Court for the Southern District of New York, or, during the pendency of the Company's chapter 11 proceedings, the Bankruptcy Court for the District of Delaware, and each of the parties hereby submits to the jurisdiction of such courts.  Each party hereto hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding.  ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM OR ACTION ARISING OUT OF THIS AGREEMENT OR CONDUCT IN CONNECTION WITH THIS ENGAGEMENT IS HEREBY WAIVED BY EACH PARTY HERETO.

If the foregoing agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRÈRES & CO. LLC

By: _David S. Kurtz_

David S. Kurtz
Vice Chairman


AGREED TO AND ACCEPTED
as of the date first above written:

On behalf of the OFFICIAL COMMITTEE
OF UNSECURED CREDITORS
OF ENERGY FUTURE HOLDINGS CORP.

HOLT TEXAS LTD, D/B/A HOLT CAT
Co-Chairman of the Committee

By: _Michael Puryear_

Name:  Michael Puryear, Esquire

# EXHIBIT C

# Retention Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO RETAIN AND EMPLOY
LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER
EFFECTIVE AS OF MAY 14, 2014

UPON THE APPLICATION of the Official Committee of Unsecured Creditors (the

"**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's

direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their

direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH

and TCEH, the "**TCEH Debtors**")[2] pursuant to sections 328(a) and 1103 of Title 11 of the

United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 2014(a), and Local Rules 2014-

1 and 2016-2(h): (a) authorizing the retention and employment of Lazard Frères & Co. LLC

("**Lazard**") as investment banker to the Committee as of May 14, 2014, on the terms set forth in

the Engagement Letter, (b) granting a waiver of certain requirements under Local Rule 2016-

2(h), and (c) granting related relief;[3] and upon the Declaration of Timothy R. Pohl filed in

support of the Application; and this Court having jurisdiction over this matter pursuant to 28

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

[3] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Application.

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012; and that the Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

having found that venue of this proceeding and the Application in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and having heard

the statements in support of the relief requested therein at a hearing, if any, before the Court; and

the Court having determined that the terms and conditions of Lazard's employment, including

the Fee Structure set forth in the Engagement Letter, attached as <u>Exhibit 1</u> hereto, are reasonable

as required by section 328(a) of the Bankruptcy Code; and upon the Court finding that Lazard

represents no adverse interests in connection with these cases and that it is a disinterested person

as that term is defined in Bankruptcy Code section 101(14) and as used in Bankruptcy Code

section 328(c); and upon further finding that the employment of Lazard is necessary and is in the

best interests of the Committee; and notice of the Application having been proper; and the relief

requested in the Application being warranted, IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy

Rule 2014, and Local Rule 2014-1, the Committee is hereby authorized to employ and retain

Lazard upon the terms and conditions set forth in the Engagement Letter effective as of May 14,

2014.

3.      The Engagement Letter, together with all annexes and exhibits thereto and all

compensation set forth therein, including, without limitation, the Monthly Fee, the Restructuring

2

Fee, and the Contingent Fee (each as defined in the Engagement Letter), is approved pursuant to section 328(a) of the Bankruptcy Code.

4.       Pursuant to the terms of the Engagement Letter, Lazard is entitled to reimbursement by the TCEH Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Lazard's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee, *provided, however*, that Lazard shall not seek reimbursement for any services provided by Lazard's counsel to the TCEH Debtors; *provided, further*, that Lazard shall submit the invoices of Lazard's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

5.       None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

6.       Lazard shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; *provided, however*, that Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Lazard's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

7.       Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Lazard's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's fees.

8.       The TCEH Debtors are authorized to, and shall, pay Lazard's compensation and reimburse Lazard for its costs and expenses as provided in the Engagement Letter, in accordance with the fee application process approved by this Court.

9.       Absent further order of this Court, fees and expenses incurred by Lazard shall be paid by the TCEH Debtors.

10.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Committee in one-half hour (0.5) increments.

4

11.     The Indemnification provisions set forth in the Engagement Letter are approved, subject to the following:

(a)     subject to the provisions of subparagraph (d), *infra*, the TCEH Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

(b)     notwithstanding any provisions of the Engagement Letter to the contrary, the TCEH Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the TCEH Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), *infra*, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

(c)     if, during the pendency of the TCEH Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Engagement Letter shall not apply; and

(d)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the TCEH Debtors on account of the TCEH Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the TCEH Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court

5

shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the TCEH Debtors' obligation to indemnify Lazard.

12.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

13.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

14.    Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.    During the pendency of these cases, this Court shall retain jurisdiction over all matters pertaining to implementation of this Order.

Dated:    10/20 , 2014
     Wilmington, DE

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

6

# EXHIBIT D

## Details of Hours Expended

**Energy Future Holdings**
Lazard Frères & Co. LLC
Summary of Services Rendered by Project

**January 1, 2015 - January 31, 2015**

| Project # | Project Description | January Hours |
|---|---|---|
| 1 | Interface with Professionals, Official Committees, and Other Parties-In-Interest | 123.5 |
| 2 | Business Operations Planning, Monitoring, Reporting and Analysis, and Projections | 7.0 |
| 3 | Preparation and/or Review of Court Filings | 0.0 |
| 4 | Court Testimony/Deposition and Preparation | 0.0 |
| 5 | Valuation Analysis | 0.0 |
| 6 | Capital Structure Review and Analysis | 0.0 |
| 7 | Merger & Acquisition Activity | 4.0 |
| 8 | Financing Including DIP and Exit Financing | 0.0 |
| 9 | General Corporate Finance, Research and Analysis, and Other Due Diligence | 127.0 |
| 10 | Fee Application, Engagement | 0.0 |
| 11 | Employee Retention Program | 0.0 |
| **TOTAL** | | **261.5** |

**Summary of Services Rendered by Professional**

| Name | January Hours |
|---|---|
| David S. Kurtz, Vice Chairman US Investment Banking, Head of Global Restructuring | 28.0 |
| Tim Pohl, Managing Director | 29.0 |
| Tyler Cowan, Director | 63.5 |
| William Fox, Associate | 38.5 |
| Alex Gistis, Analyst | 74.5 |
| | |
| Willem Beer, Vice President | 4.0 |
| Greg Keilin, Associate | 20.0 |
| Jeffrey Stine, Associate | 2.0 |
| Rajesh Regadeesh, Analyst | 2.0 |
| **TOTAL** | **261.5** |

Energy Future Holdings
Time Detail
Lazard Frères & Co. LLC
David Kurtz - Vice Chairman

| Date: | Description of Work: | Hours: | Code: |
|---|---|---|---|
| | **January 1 - January 31** | | |
| 01/05/15 | UCC call - weekly | 1.0 | 1 |
| 01/06/15 | Travel - Chicago to NY | 4.0 | 1 |
| 01/06/15 | Meeting at MoFo | 2.0 | 1 |
| 01/06/15 | Meeting at K&E | 2.0 | 1 |
| 01/09/15 | UCC professionals call | 1.0 | 1 |
| 01/12/15 | UCC call - weekly | 1.0 | 1 |
| 01/15/15 | Travel - Chicago to NY | 4.0 | 1 |
| 01/15/15 | UCC Meeting at MoFo | 6.0 | 1 |
| 01/15/15 | Travel - NY to Chicago | 4.0 | 1 |
| 01/19/15 | UCC call - weekly | 0.5 | 1 |
| 01/19/15 | Call with MoFo | 0.5 | 1 |
| 01/26/15 | UCC call - weekly | 1.0 | 1 |
| 01/29/15 | UCC call | 1.0 | 1 |
| | **January Hours:** | **28.0** | |

**Energy Future Holdings**
Time Detail
Lazard Frères & Co. LLC
Tim Pohl - Managing Director

| Date: | Description of Work: | Hours: | Code: |
|-------|---------------------|--------|-------|
| **January 1 - January 31** | | | |
| 01/05/15 | Weekly Call with UCC | 1.0 | 1 |
| 01/06/15 | CHI-NY Travel | 4.0 | 1 |
| 01/06/15 | Meeting at MoFo | 2.0 | 1 |
| 01/06/15 | Meeting at K&E | 2.0 | 1 |
| 01/06/15 | NY-CHI Travel | 4.0 | 1 |
| 01/08/15 | CHI-NY Travel | 4.0 | 1 |
| 01/08/15 | Meeting at MoFo | 3.0 | 1 |
| 01/08/15 | NY-CHI Travel | 4.0 | 1 |
| 01/09/15 | UCC professionals call | 1.0 | 1 |
| 01/12/15 | Weekly Call with UCC | 1.0 | 1 |
| 01/19/15 | Weekly Call with UCC | 0.5 | 1 |
| 01/19/15 | Call with MoFo | 0.5 | 1 |
| 01/26/15 | Weekly Call with UCC | 1.0 | 1 |
| 01/29/15 | UCC call | 1.0 | 1 |
| **January Hours:** | | **29.0** | |

**Energy Future Holdings**
Time Detail
Lazard Frères & Co. LLC
Tyler Cowan - Director

| Date: | Description of Work: | Hours: | Code: |
|-------|---------------------|--------|-------|
| **January 1 - January 31** | | | |
| 01/05/15 | Weekly UCC call | 1.0 | 1 |
| 01/05/15 | Preparation of claims/recovery analysis | 5.0 | 9 |
| 01/06/15 | Preparation of claims/recovery analysis | 3.0 | 9 |
| 01/07/15 | Preparation of claims/recovery analysis | 4.5 | 9 |
| 01/08/15 | Call into a Meeting at MoFo | 2.0 | 1 |
| 01/08/15 | Preparation of claims/recovery analysis | 1.5 | 9 |
| 01/08/15 | Review of Oncor bid procedures/order | 0.5 | 7 |
| 01/09/15 | Review of Oncor bid procedures/order | 0.5 | 7 |
| 01/09/15 | Call re Oncor LRP | 2.0 | 9 |
| 01/09/15 | UCC professionals call | 1.0 | 1 |
| 01/10/15 | Preparation of claims/recovery analysis | 3.5 | 9 |
| 01/11/15 | Preparation of claims/recovery analysis | 2.5 | 9 |
| 01/12/15 | Weekly UCC call | 1.0 | 1 |
| 01/12/15 | Preparation of claims/recovery analysis | 3.5 | 9 |
| 01/13/15 | Weekly tax call | 1.0 | 1 |
| 01/13/15 | Preparation of claims/recovery analysis | 4.5 | 9 |
| 01/13/15 | Call re Oncor LRP | 1.0 | 9 |
| 01/13/15 | Call with advisors to Ad Hoc TCEH Unsecured Noteholders | 0.5 | 1 |
| 01/15/15 | Travel - Chicago to NY | 4.0 | 1 |
| 01/15/15 | UCC Meeting at MoFo | 6.0 | 1 |
| 01/15/15 | Travel - NY to Chicago | 4.0 | 1 |
| 01/15/15 | Review of Oncor sale process materials | 0.5 | 7 |
| 01/16/15 | Oncor Sale Process Call | 0.5 | 7 |
| 01/19/15 | Weekly UCC call | 0.5 | 1 |
| 01/19/15 | Call with MoFo | 0.5 | 1 |
| 01/20/15 | Oncor Sale Process Call | 0.3 | 7 |
| 01/20/15 | Internal call re claims | 1.0 | 1 |
| 01/21/15 | Call with MoFo | 2.0 | 1 |
| 01/22/15 | Review of Oncor sale process materials | 0.5 | 7 |
| 01/23/15 | Weekly tax call | 0.5 | 1 |
| 01/23/15 | Oncor Sale Process Call | 0.3 | 7 |
| 01/26/15 | Weekly UCC call | 1.0 | 1 |
| 01/27/15 | Oncor Sale Process Call | 0.3 | 7 |
| 01/27/15 | Call with advisor to TCEH Second Lien Notes | 1.0 | 1 |
| 01/28/15 | Call with Mofo/FTI - intercompany claims | 0.5 | 1 |
| 01/29/15 | UCC call | 1.0 | 1 |
| 01/30/15 | Oncor Sale Process Call | 0.3 | 7 |
| 01/30/15 | Review of Oncor sale process materials | 0.5 | 7 |
| **January Hours:** | | **63.5** | |

**Energy Future Holdings**
Time Detail
Lazard Frères & Co.  LLC
William Fox - Associate

| Date: | Description of Work: | Hours: | Code: |
|---|---|---|---|
| | **January 1 - January 31** | | |
| 01/05/15 | UCC weekly call/update | 1.0 | 1 |
| 01/07/15 | Mofo/FTI - intercompany claims call | 0.5 | 1 |
| 01/09/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 2.0 | 9 |
| 01/09/15 | Financial review re: company financial results/projections | 0.5 | 2 |
| 01/12/15 | UCC weekly call/update | 1.0 | 1 |
| 01/12/15 | Call with Millstein re: claims/settlement discussions | 1.0 | 1 |
| 01/13/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 2.0 | 9 |
| 01/13/15 | Financial analysis & diligence re: post-LBO transactions | 1.0 | 9 |
| 01/14/15 | Mofo/FTI - intercompany claims call | 0.5 | 1 |
| 01/15/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 3.5 | 9 |
| 01/15/15 | Meeting at MoFo (dial-in) | 6.0 | 1 |
| 01/16/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 3.0 | 9 |
| 01/18/15 | Financial analysis & diligence re: post-LBO transactions | 1.0 | 9 |
| 01/19/15 | UCC weekly call/update | 1.0 | 1 |
| 01/19/15 | Financial analysis & diligence re: post-LBO transactions | 1.5 | 9 |
| 01/20/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 4.5 | 9 |
| 01/21/15 | Mofo/FTI - intercompany claims call | 0.5 | 1 |
| 01/23/15 | Financial review re: company financial results/projections | 0.5 | 2 |
| 01/24/15 | Financial review re: company financial results/projections | 0.5 | 2 |
| 01/26/15 | UCC weekly call/update | 1.0 | 1 |
| 01/26/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 4.5 | 9 |
| 01/27/15 | Financial analysis/presentation materials review re: claims/recovery/settlement discussions | 1.0 | 9 |
| 01/27/15 | Call with PJSC re: settlement discussions | 0.5 | 1 |
| | **January Hours:** | **38.5** | |

**Energy Future Holdings**
Time Detail
Lazard Frères & Co. LLC
Alex Gistis - Analyst

| Date: | Description of Work: | Hours: | Code: |
|-------|---------------------|--------|-------|
| | **January 1 - January 31** | | |
| 01/05/15 | Weekly UCC call | 1.0 | 1 |
| 01/07/15 | Call with Mofo/FTI - intercompany claims | 0.5 | 1 |
| 01/08/15 | Financial analysis re: claims/recovery/settlement discussions | 4.5 | 9 |
| 01/09/15 | Financial analysis re: claims/recovery/settlement discussions | 3.0 | 9 |
| 01/09/15 | Financial review re: company financial results/projections | 1.0 | 2 |
| 01/12/15 | Weekly UCC call | 1.0 | 1 |
| 01/12/15 | Call with Millstein re: claims/settlement discussions | 1.0 | 1 |
| 01/13/15 | Financial analysis re: claims/recovery/settlement discussions | 3.0 | 9 |
| 01/13/15 | Financial analysis & diligence re: post-LBO transactions | 1.0 | 9 |
| 01/13/15 | Financial review re: company financial results/projections | 1.0 | 2 |
| 01/14/15 | Financial analysis & diligence re: post-LBO transactions | 1.0 | 9 |
| 01/14/15 | Call with Mofo/FTI - intercompany claims | 0.5 | 1 |
| 01/15/15 | Financial analysis re: claims/recovery/settlement discussions | 5.0 | 9 |
| 01/15/15 | Meeting at MoFo (dial-in) | 6.0 | 1 |
| 01/16/15 | Financial analysis re: claims/recovery/settlement discussions | 3.0 | 9 |
| 01/18/15 | Financial analysis re: claims/recovery/settlement discussions | 2.5 | 9 |
| 01/18/15 | Financial analysis & diligence re: post-LBO transactions | 1.0 | 9 |
| 01/19/15 | Weekly UCC call | 1.0 | 1 |
| 01/19/15 | Financial analysis & diligence re: post-LBO transactions | 1.5 | 9 |
| 01/20/15 | Financial analysis re: claims/recovery/settlement discussions | 6.0 | 9 |
| 01/21/15 | Financial analysis re: claims/recovery/settlement discussions | 3.5 | 9 |
| 01/21/15 | Call with Mofo/FTI - intercompany claims | 0.5 | 1 |
| 01/23/15 | Financial review re: company financial results/projections | 2.0 | 2 |
| 01/24/15 | Financial review re: company financial results/projections | 1.5 | 2 |
| 01/25/15 | Financial analysis re: claims/recovery/settlement discussions | 5.5 | 9 |
| 01/26/15 | Weekly UCC call | 1.0 | 1 |
| 01/26/15 | Financial analysis re: claims/recovery/settlement discussions | 6.5 | 9 |
| 01/27/15 | Financial analysis re: claims/recovery/settlement discussions | 4.5 | 9 |
| 01/27/15 | Call with PJSC re: settlement discussions | 0.5 | 1 |
| 01/29/15 | Financial analysis re: claims/recovery/settlement discussions | 4.5 | 9 |
| | **January Hours:** | **74.5** | |

Energy Future Holdings
Time Detail
Lazard Frères & Co. LLC
Willem Beer - Vice President

| Date: | Description of Work: | Hours: | Code: |
|---|---|---|---|
| | **January 1 - January 31** | | |
| 01/05/15 | UCC call - weekly | 1.0 | 1 |
| 01/12/15 | UCC call - weekly | 1.0 | 1 |
| 01/19/15 | UCC call - weekly | 1.0 | 1 |
| 01/26/15 | UCC call - weekly | 1.0 | 1 |
| | **January Hours:** | **4.0** | |

Energy Future Holdings
Time Detail
Lazard Frères & Co. LLC
Greg Keilin - Associate

| Date: | Description of Work: | Hours: | Code: |
|-------|---------------------|--------|-------|
| | January 1 - January 31 | | |
| 01/05/15 | Weekly Update Call | 1.0 | 1 |
| 01/12/15 | Weekly Update Call | 1.0 | 1 |
| 01/19/15 | Weekly Update Call | 1.0 | 1 |
| 01/21/15 | Site Visit: Comanche Peak | 8.0 | 9 |
| 01/22/15 | Site Visit: Big Brown | 8.0 | 9 |
| 01/26/15 | Weekly Update Call | 1.0 | 1 |
| | January Hours: | 20.0 | |

Energy Future Holdings
Time Detail
Lazard Frères & Co.  LLC
Jeffrey Stine - Associate

| Date: | Description of Work: | Hours: | Code: |
|-------|---------------------|--------|-------|
| | **January 1 - January 31** | | |
| 01/05/15 | Weekly Call - UCC | 1.0 | 1 |
| 01/26/15 | Weekly Call - UCC | 1.0 | 1 |
| | **January Hours:** | **2.0** | |

Energy Future Holdings
Time Detail
Lazard Frères & Co.  LLC
Rajesh Jegadeesh - Analyst

| Date: | Description of Work: | Hours: | Code: |
|---|---|---|---|
| | **January 1 - January 31** | | |
| 01/12/15 | Call - UCC Weekly Update | 1.0 | 1 |
| 01/19/15 | Call - UCC Weekly Update | 1.0 | 1 |
| | **January Hours:** | **2.0** | |

# EXHIBIT E

## Fee Calculation &
## Details of Expenses

**Official UCC Energy Future Holdings Corp.**
**Monthly Fee Statement**
**Lazard Frères & Co. LLC**

**September 1, 2014 - September 30, 2014**

## Fee Calculation

| Item | Amount Incurred |
|------|----------------|
| Monthly Fee: September 1, 2014 - September 30, 2014 | $150,000.00 [1] |
| **TOTAL** | **$150,000.00** |

## Summary of Out-of-Pocket Expenses [2]

| Item | Amount Incurred |
|------|----------------|
| Car Services and Taxis | $1,575.00 |
| Electronic Information Service | 15.99 |
| Employee Meals | 20.00 |
| Meals-Meetings/Travel | 342.14 |
| Telephone/Telex/Fax-Usage | 111.93 |
| Travel | 11,196.98 |
| **TOTAL** | **$13,262.04** |

[1] *Lazard's retention was approved pursuant to the terms set forth in the Engagement Letter dated May 14, 2014 (the "Engagement Letter").*

[2] *Additional expense detail will be furnished upon request.*

EFH_Expense Detail_Jan 15.xls

Exp Details_Jan 15

# LAZARD

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

**CHI00531 - The Official Committee of Unse**

Currency: USD - US Dollar

| EXPENSE TYPE | ACCTG DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| OPENING BALANCE | 1/1/1900 | | 0.00 |
| **Car Services and Taxis** | | | |
| | 1/5/2015 | Pohl-NY/Car Service/K&E to LGA 12/11/2014 / AMEX | 60.00 |
| | 1/5/2015 | Pohl-NY/Car Service/LGA - Hotel 12/10/2014 / AMEX | 60.00 |
| | 1/5/2015 | Pohl-NY/Car Service/LGA to MoFo 12/04/2014 / AMEX | 60.00 |
| | 1/5/2015 | Pohl-NY/Car Service/LGA to K&E 12/02/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car Service/Hotel-LGA 12/11/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car Service/LGA-Dinner 11/17/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car service/LGA-Office 12/04/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car Service/LGA-Hotel 12/10/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car Service/Hotel to LGA 11/13/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car Service/LGA-Aerograss 11/13/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-NY/Car service/Mtg-LGA 12/04/2014 / AMEX | 60.00 |
| | 1/8/2015 | Kurtz-Chicago/Car Service/Office-ORD 11/17/2014 / AMEX | 50.00 |
| | 1/8/2015 | Kurtz-Chicago/Car Service/ORD-Home 12/04/2014 / AMEX | 50.00 |
| | 1/8/2015 | Kurtz-Chicago/Car Service/ORD-Office 11/19/2014 / AMEX | 50.00 |
| | 1/8/2015 | Kurtz-Chicago/Car Service/Home-ORD 12/04/2014 / AMEX | 50.00 |
| | 1/14/2015 | Cowan-NY/Car Service/K&E-LGA 11/19/2014 / AMEX | 60.00 |
| | 1/14/2015 | Cowan-NY/Car Service/MoFo to LGA 12/04/2014 / AMEX | 60.00 |
| | 1/14/2015 | Cowan-NY/Car Service/LGA-Hotel 12/03/2014 / AMEX | 60.00 |
| | 1/14/2015 | Cowan-NY/Car Service/LGA-W&C 11/18/2014 / AMEX | 60.00 |
| | 1/14/2015 | Cowan-Chicago/Car Service/ORD - Home 12/04/2014 / AMEX | 50.00 |
| | 1/14/2015 | Cowan-Chicago/Car Service/Office-LGA 12/03/2014 / AMEX | 60.00 |
| | 1/14/2015 | Cowan-Chicago/Car Service/Home-ORD 11/18/2014 / AMEX | 50.00 |
| | 1/14/2015 | Cowan-NY/Uber/Mtg to Dinner 11/19/2014 / AMEX | 15.00 |
| | 1/21/2015 | Stine-NY/BLACKCAR Home to LGA 12/11/2014 / AMEX | 60.00 |
| | 1/21/2015 | Stine-NY/BLACKCAR LGA to Home 12/12/2014 / AMEX | 60.00 |
| | 1/23/2015 | Pohl- APOLLO 12/02/15 / Home to ORD (travel to NY for EFH meeting at K&E offices) | 60.00 |
| | 1/23/2015 | Pohl- APOLLO 12/10/15 / Home to ORD (travel to NY for EFH meeting at MoFo offices) | 60.00 |
| | 1/23/2015 | Pohl- APOLLO 12/11/15 / ORD to Home (travel from NY for EFH meeting at MoFo offices) | 60.00 |
| | | Subtotal: | 1,575.00 |
| **Electronic Information Service** | | | |
| | 1/14/2015 | NY/Palace/Internet 11/18/2014 / AMEX | 15.99 |
| | | Subtotal: | 15.99 |
| **Employee Meals** | | | |
| | 1/29/2015 | Gistis-Chicago/CantinaLaredo/Dinner-6 01/08/2015 / AMEX | 20.00 |
| | | Subtotal: | 20.00 |

EFH_Expense Detail_Jan 15.xls

Exp Details_Jan 15

# L A Z A R D

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### CHI00531 - The Official Committee of Unse

Currency: USD - US Dollar

| EXPENSE TYPE | ACCTG DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| **Meals-Meetings/Travel** | | | |
| | 1/5/2015 | Pohl-NY/The Palace/Dinner - 1p 12/10/2014 / AMEX | 40.00 |
| | 1/5/2015 | Pohl-NY/Lexington Brass/Dinner - 2p 12/11/2014 / AMEX | 67.02 |
| | 1/8/2015 | Kurtz-NY/Palace/Breakfast-1p 12/02/2014 / AMEX | 35.00 |
| | 1/8/2015 | Kurtz-LGA/AuBonPain/Breakfast-1p 11/19/2014 / AMEX | 12.15 |
| | 1/14/2015 | Cowan-NY/Grifone/Dinner-3p 11/18/2014 / AMEX | 120.00 |
| | 1/14/2015 | Cowan-NY/Palace/ Dinner-1p 12/03/2014 / AMEX | 40.00 |
| | 1/14/2015 | Cowan-NY/Palace/Breakfast - 1p 11/19/2014 / AMEX | 2.99 |
| | 1/14/2015 | Cowan-DCA/NAGrill/Breakfast-1p 12/10/2014 / AMEX | 2.49 |
| | 1/21/2015 | Stine-THE FAIRMONT HOTEL DALLAS - bfast 1p 12/12/2014 / AMEX | 22.49 |
| | | Subtotal: | 342.14 |
| **Telephone/Telex/Fax-Usage/Re** | | | |
| | 1/5/2015 | Pohl-NY/The Palace/Internet 11/19/2014 / AMEX | 15.99 |
| | 1/5/2015 | Pohl-NY/The Palace/Internet 11/18/2014 / AMEX | 15.99 |
| | 1/5/2015 | Pohl-NY/The Palace/Internet 12/11/2014 / AMEX | 15.99 |
| | 1/5/2015 | Pohl-NY/The Palace/Internet 12/10/2014 / AMEX | 15.99 |
| | 1/5/2015 | Pohl-NY/ The Palace/Internet 12/02/2014 / AMEX | 15.99 |
| | 1/5/2015 | Pohl-NY/The Palace/Internet 12/03/2014 / AMEX | 15.99 |
| | 1/14/2015 | Cowan-NY/Palace/ Internet 12/03/2014 / AMEX | 15.99 |
| | | Subtotal: | 111.93 |
| **Travel** | | | |
| | 1/5/2015 | Pohl-United/ORd - LGA - Coach 12/10/2014 / AMEX | 637.14 |
| | 1/5/2015 | Pohl-NY/ The Palace/Int @ $500 12/02/2014 / AMEX | 500.00 |
| | 1/5/2015 | Pohl-NY/The Palace/Int @ $500 12/10/2014 / AMEX | 500.00 |
| | 1/5/2015 | Pohl-United/ ORD - LGA / Coach 12/04/2014 / AMEX | 482.10 |
| | 1/5/2015 | Pohl-United/LGA - ORD / Coach 12/04/2014 / AMEX | 482.10 |
| | 1/5/2015 | Pohl-United/ LGA - ORD / Coach 11/19/2014 / AMEX | 482.10 |
| | 1/5/2015 | Pohl-American/ LGA - ORD/ Coach 12/11/2014 / AMEX | 382.20 |
| | 1/5/2015 | Pohl-United/ ORD - LGA/ Coach 12/02/2014 / AMEX | 374.02 |
| | 1/5/2015 | Pohl-ORD/ Parking/1 Day 12/04/2014 / AMEX | 35.00 |
| | 1/8/2015 | Kurtz-NY/Palace/2nts @ $500 11/17/2014 / AMEX | 1,000.00 |
| | 1/8/2015 | Kurtz-Delta/LGA-ORD/Coach 12/04/2014 / AMEX | 502.10 |
| | 1/8/2015 | Kurtz-NY/Palace/ Int @ $500 12/10/2014 / AMEX | 500.00 |
| | 1/8/2015 | Kurtz-United/LGA-ORD/Coach 11/19/2014 / AMEX | 482.10 |
| | 1/8/2015 | Kurtz-United/LGA-ORD/Coach 12/11/2014 / AMEX | 450.00 |
| | 1/8/2015 | Kurtz-United/ORD-LGA/Coach 12/10/2014 / AMEX | 450.00 |
| | 1/8/2015 | Kurtz-United/ORD-LGA / Coach 11/17/2014 / AMEX | 374.02 |
| | 1/8/2015 | Kurtz-United/ORD-LGA/Coach 12/04/2014 / AMEX | 374.02 |
| | 1/14/2015 | Cowan-United/ORD-LGA-ORD/Coach 11/18/2014 / AMEX | 748.04 |

EFH_Expense Detail_Jan 15.xls

Exp Details_Jan 15

# LAZARD

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

#### CHI00531 - The Official Committee of Unse

Currency: USD - US Dollar

| EXPENSE TYPE | ACCTG DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| Travel | 1/14/2015 | Cowan-United/ DCA-EWR/ Coach 12/10/2014 / AMEX | 536.10 |
| | 1/14/2015 | Cowan-NY/Palace/ Int @ $500 11/18/2014 / AMEX | 500.00 |
| | 1/14/2015 | Cowan-NY/Palace/ Int@ $500 12/03/2014 / AMEX | 500.00 |
| | 1/14/2015 | Cowan-United/ORD-LGA / Coach 12/03/2014 / AMEX | 374.02 |
| | 1/14/2015 | Cowan-United/ LGA-ORD/ Coach 12/04/2014 / AMEX | 374.02 |
| | 1/21/2015 | Stine-THE FAIRMONT HOTEL DALLAS 1 nite 12/12/2014 / AMEX | 157.90 |
| | | Subtotal: | 11,196.98 |
| | | **CLOSING BALANCE as of 1/31/2015** | **13,262.04** |