# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 3961, 4069, 4100** |

## ORDER APPROVING STIPULATION BETWEEN ENERGY FUTURE HOLDINGS CORP., *ET AL.*, AND CLOUD PEAK ENERGY RESOURCES LLC, EFFECTIVE *NUNC PRO TUNC* TO MARCH 24, 2015

Upon the *Stipulation Between Energy Future Holdings Corp., et al., and Cloud Peak Energy Resources LLC, Effective Nunc Pro Tunc to March 24, 2015* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit A**, and upon the record of these chapter 11 cases and due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Hearing on the Motion is adjourned to May 4, 2015 starting at 9:30 a.m. (Eastern Daylight Time), to allow the parties to negotiate: (a) an appropriate reservation of rights for the Proposed Order; and (b) a resolution to any asserted claims or administrative expenses of Cloud Peak relating to the Documents, including any rejection or termination thereof.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the same meaning as in the Stipulation.

3. Any rejection, if granted by the Bankruptcy Court, or termination by the Debtors of the Documents will be deemed effective as of March 24, 2015, and Cloud Peak will not deliver coal to Luminant or otherwise make a claim for any administrative expenses under the Documents for coal delivered or otherwise incurred after such date; provided, however, that Cloud Peak expressly reserves any and all rights to seek, and the Debtors reserve all rights to dispute, damages, including without limitation as administrative expense claims, for all tons of coal that were to be delivered (without taking into account rejection or termination), whether before, on, or after March 24, 2015, under the Documents.

4. Except as set forth in paragraph 3, nothing contained in this Order or the Stipulation or any actions taken pursuant to the relief granted herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of Cloud Peak's rights to assert, or the Debtors' rights to dispute, any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order, in the Stipulation or the Motion; or (e) an admission that any of the Documents are integrated with any other Document or Documents.

5. The Debtors and Cloud Peak are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Stipulation.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

RLF1 11803887v.1

7. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: April 14, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE