# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ARMSTRONG WORLD INDUSTRIES, INC., et al | : | Case No. 00-4471 JJF Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |

**MEMORANDUM ORDER**

The Court recently received and reviewed several letters concerning the scope of the order to be entered granting "Maertin Plaintiffs' Motion for Relief from the Automatic Stay" (the "Maertin Motion"). The letters are from Debtor's counsel (November 30), the "Insurers" (November 28), and the Maertin Plaintiffs (November 28).

The "Maertin Motion" was addressed at several hearings and all interested parties were heard on the issue of whether the automatic stay should be lifted so as to enable the Maertin Plaintiffs to continue their litigation and pursue the recovery that had been agreed upon between the Maertin Plaintiffs and Debtor just prior to the filing of the instant Petition. The record of the hearings on the Maertin Motion is scattered over a number of hearing dates and the Court believes a short statement of the legal standard for such motions and the Court's reasons for granting the Motion to lift the stay in this case is warranted.

**LEGAL STANDARD**

Generally, "the decision of whether or not to modify an automatic stay falls squarely within the Bankruptcy Court's discretion and is reviewed for abuse thereof." In the Matter of Eagle Enterprises, Inc. and Liberty Recovery Systems, Inc., 265 B.R. 671, 676 (E.D.

Pa.,2001). The Court of Appeals for the Third Circuit has not addressed the factors a Court should consider when making a decision regarding a motion to lift stay. The Third Circuit has held in In Re: Robert Frank-Leonard Wilson, 116 F. 3d 87, 90 (3rd Cir. 1997) that "Section 362 (d)(1) does not define 'cause', leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case."

Because there is no rigid test for determining whether to modify an automatic stay or not, the Court is persuaded that when resolving motions for relief for "cause" from the automatic stay a court should generally consider the policies underlying the automatic stay in addition to the competing interests of the Debtor and the Movant. In balancing these competing interests other courts have considered three factors: 1) the prejudice that would be suffered should the stay be lifted; 2) the balance of the hardships facing the parties; and 3) the probable success on the merits if the stay is lifted. See Int'l Business Machines v. Fernstrom Storage and Van Co. (In re: Fernstrom Storage and Van Company), 938 F. 2d 731, 734-37 (7th Cir. 1991).

**DISCUSSION**

The Court finds the following to be persuasive in deciding the instant Motion:

1. The Debtor is a solvent, going concern, that sought Chapter 11 protection in furtherance of its effort to manage numerous asbestos claims.

2. The Maertin litigation was resolved prior to the Chapter 11 filing after extended litigation in the United States District Court for the District of New Jersey, Civil Action No. 95-CV-02849 which, in the Court's view, renders the Maertin litigation distinguishable from the other lawsuits pending at the time of the Debtor's filing and indicates a high likelihood of success for the Maertin Plaintiffs.

3. In the circumstances the Debtor exists operationally and financially, the

Court finds that: a) no undue prejudice would inure to the Debtor by permitting the Maertin litigation to move forward; b) there would be minimal, if any, impact on the Debtor's resources available to pay other pre and post petition claimants.

In sum, the Court concludes that the scope of the order agreed upon by the Insurers and Maertin Plaintiffs comports with the Court's thoughts in permitting the Maertin litigation to continue despite the Debtor's Chapter 11 filing, and therefore, the Court will adopt the language suggested by the Insurers and the Maertin Plaintiffs.

NOW THEREFORE, IT IS HEREBY ORDERED that having considered the Motion for Relief from the Automatic Stay filed by the Maertin Plaintiffs in an action pending in the United States District Court for the District of New Jersey, Civil Action No. 95-CV-02849, and the responses thereto, the Motion is hereby **GRANTED.**

The Automatic Stay set forth in 11 U.S.C. § 362 is modified to permit the Maertin Plaintiffs to proceed with the New Jersey Action and pursue any rights that they may be permitted under applicable state and federal law in connection with that action, in state or federal court.

December 10, 2001
DATE

[signature]
UNITED STATES DISTRICT JUDGE