UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., et al., ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | |

## AMELIA MAURILLO'S RESPONSE TO DEBTOR'S OBJECTION TO AMELIA MAURILLO PROOF OF CLAIM

Amelia Maurillo ("Claimant" or "Maurillo"), hereby responds to the Debtor's Objection (the "Objection") to Amelia Maurillo Proof of Claim filed by Claimant (the "Proof of Claim"). In support hereof, Claimant respectfully states as follows:

1. On or about September 14, 2014, Claimant filed her Proof of Claim with the Debtor's claims agent, a copy of which is attached hereto as Exhibit 1. Claimant filed the Proof of Claim *pro se*.

2. In the Proof of Claim, Claimant asserts a claim against the Debtor in the sum of $18,150.00 as a result of non-payment by the Debtor of royalty payment for oil, gas and mineral lease pursuant to an agreement entered into with Dale Property Services in February of 2007, several years before the Debtor's bankruptcy filing.

3. In the Objection, the Debtor seeks to disallow the Proof of Claim and/or have the Claim to be Expunged pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1.

4. For the reasons set forth in detail below, Claimant requests that the Court overrule the Objection to her claim and to allow the claim in the amount set forth in his Proof of Claim.

**Factual Background**

5. As consideration for the right to pool her land for drill site operations, Claimant received a letter stating that she would receive bonus consideration of $1,500 per acre or $300 per lot, whichever is greater, 22% royalty, and no surface operations on leased premises at lease signing.

6. At a formal meeting for the property owners in the Fair Meadows Addition conducted by Dale Operating Company, during the time of Claimant's engagement by Dale Operating Company, officers for the organization stated affirmatively that royalties would be paid monthly, with the monthly payment amounts varying to the greater of 22% of production or $150.

7. Claimant did not receive bonus consideration from Debtor. Claimant received a portion of the agreed-upon royalties from Dale Operating Company in 2007. While the balance of the royalties due remained unpaid to Claimant as of the bankruptcy, at no time did Dale Operating Company or Energy Future Holdings Corp., through any officer and until recently challenge the letter of proposal, lease, and/or Claimant's entitlement to payment of the unpaid royalties. *See* correspondence, company check, and Oil, Gas And Mineral Lease, copies of which are collectively attached hereto as Exhibit 2.

8. Over a period beyond seven (7) years, Claimant provided valuable property to Dale Operating Company which directly benefitted the Debtor.

9. The Oil, Gas and Mineral Lease was submitted with the expectation of payment.

10. Moreover, at no time during the seven (7) years she was leasing to Dale Operating Company did Debtor ever dispute Claimant's entitlement to payment for such royalties. *See* Exhibit 2.

---

1   When Claimant returned the executed lease contract she requested to receive a schedule of oil, gas, or other minerals produced from property by production services from time to time. This request was not fulfilled.

11. Claimant has at no time received notice as to cessation of operations relative to oil, gas, and/or mineral production from Debtor, and Debtor did not dispute Claimant's entitlement to royalty payment for the land she provided. *See* Exhibit 2.

### Response to Objection

12. The Objection is grounded on sections Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1. Neither section provides a basis to disallow Claimant's claim nor allow the Claim to be Expunged.

13. Under Section 502(b)(1) of the Bankruptcy Code, a claim may be disallowed to the extent that it is unenforceable against the Debtor. *See* 11 U.S.C. §502(b)(1).

14. According to the Debtor, Claimant's claim has Insufficient Documentation. The validity of Claimant's claim was not contingent on the basis of documentation attached to Proof of Claim at the time of submission. The Proof of Claim was sent, received, and acknowledged prior to the submission deadline and is not a duplicate of a previous filing.

15. Despite the allegations made in the Objection and in the Declaration of Steven R. Kotarba, the Claimant has been absolutely identified as a having an existing account by Debtor, and Claimant was forwarded a Proof of Claim form by Debtor as a result.

16. The Basis for Objection cited by Debtor under Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,..." 11 U.S.C. § 502(a). The burden of proof for determining the validity of Claims rests on different parties at different stages of the objection process. As supported by the United States Court of Appeals for the Third Circuit:

The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different time. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim... In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

17. Claimant has sufficiently proven the validity of the claim by a preponderance of the evidence.

18. The Debtor's argument should be rejected because Section 502(b) does not apply to Claimant's claim.

WHEREFORE, for all of the foregoing reasons, Claimant, Amelia Maurillo, respectfully requests that the Court overrule the Objection to Claimant's Proof of Claim and allow such claims in full in the amounts provided in Claimant's Proof of Claim, and grant such other relief as the Court deems just and equitable.

Date:  April 15, 2015
       Fort Worth, Texas

Respectfully submitted,

AMELIA MAURILLO
By:_____

Amelia Maurillo
7405 Yolanda Dr.
Fort Worth, TX 76112
Telephone: 817-812-6744