IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE | ) | Case No. 14-10979 (CSS) |
| HOLDINGS CORP., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| *Debtors*. | ) | |
| | ) | |
| | ) | |
| DELAWARE TRUST COMPANY, as | ) | |
| INDENTURE TRUSTEE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 14-50363 (CSS) |
| | ) | |
| ENERGY FUTURE INTERMEDIATE | ) | |
| HOLDING COMPANY LLC and EFIH | ) | |
| FINANCE INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

**LIMITED STATEMENT OF EFIH SECOND LIEN INDENTURE TRUSTEE IN RESPONSE TO PLAINTIFF-TRUSTEE'S AND NOTEHOLDERS' TRIAL BRIEF**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee (the "**Second Lien Trustee**") under the Indenture dated as of April 15, 2011 (as amended and supplemented) pursuant to which Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, the "**EFIH Debtors**") issued the second lien notes (the "**Second Lien Notes**" and the holders thereof, the "**Second Lien Noteholders**"), by and through its undersigned counsel, hereby submits this limited statement in response to Plaintiff-Trustee's and Noteholders' Trial Brief [Dkt. No. 264].

**LIMITED STATEMENT**

Throughout this adversary proceeding, the First and Second Lien Trustees have generally stood together. They agree that the First Lien Noteholders should be entitled to a makewhole as a result of the EFIH Debtor's optional redemption at the outset of the bankruptcy. They agree that ample cause exists to lift the automatic stay to permit rescission of the bankruptcy acceleration and, under the Court's recent summary judgment ruling, thereby render the EFIH Debtors liable for the makewhole. This is supposed to be the sole issue to be tried next week. Regrettably, in the final pages of its pre-trial brief, the First Lien Trustee has, for the first time on the eve of trial, raised a new argument seeking relief specifically *against* the Second Lien Trustee and Noteholders. Procedurally, this eleventh-hour request is completely improper; as a substantive matter, it is baseless.

To be sure, it is not at all clear what sort of relief is being sought through this new argument. If the First Lien Trustee is now asking that the automatic stay be lifted solely as to the Second Lien Trustee, the request is procedurally improper under Rule 4001, as no motion seeking such relief has ever been made. If it is seeking a ruling that the stay could be lifted and rescission allowed in such a way as to render the Second Lien Noteholders– but not the EFIH Debtors – liable, it is also procedurally improper because it seeks substantive relief against a party that is not a defendant here. In either event, as a substantive matter the request is nonsensical: under the Collateral Trust Agreement and all applicable law – including the insurance cases that the First Lien Trustee incorrectly cites – the Second Lien Noteholders can never be obligated to turn over proceeds in satisfaction of an obligation the EFIH Debtors themselves do not have.

Procedurally, it would be highly prejudicial to the Second Lien Trustee to be forced to litigate this issue on almost zero notice.[1] The list of pleadings filed by the First Lien Parties in which they might have more properly (or at least with less prejudice) raised this new argument – but did not – is too long to recite. Suffice it to say that the argument has never previously been raised before the Court (or even mentioned informally by the First Lien Parties to counsel for the Second Lien Trustee). This is aside from the fact *that there is already a pending adversary proceeding initiated by the First Lien Trustee against the Second Lien Trustee with respect any alleged intercreditor liability*, [Case No. 14-50410], so any such claims the First Lien Parties believe they have can be adjudicated in that forum. Accordingly, seeking to move those alleged claims into this current proceeding makes no sense.[2]

Due process abuse aside, the First Lien Parties' suggestion that the automatic stay can somehow be lifted as against the Second Lien Trustee but not the EFIH Debtors lacks any coherent basis. To respond substantively in the days and hours before those proceedings begin would needlessly compound the burden on the parties and the Court (again, this is especially true in view of the already-pending adversary proceeding on intercreditor issues). Therefore, the Second Lien Trustee reserves all rights to address the merits in the future, to the extent the First Lien Parties are able to raise these issues in an appropriate forum.

To illustrate why considering the issue now makes little sense, however, reasons why the First Lien Trustee's gratuitous position is also meritless include the following:

---

[1] Notably, the Court was clear that pre-trial briefing should be provided to simplify the matters already before the Court. *See* April 14, 2015 Hr. Tr. at 26:12-14 ("If the parties can work together in a way to present something to me that would *focus the inquiry*, which *would make preparation easier*, that's fine.") (emphasis added).

[2] Significantly, the First Lien Parties have not asserted any claims or arguments regarding the automatic stay even in their adversary proceeding against the Second Lien Trustee – in which the Second Lien Trustee is actually a defendant – despite having amended their complaint as recently as March 31, 2015. As a result, the Second Lien Trustee disputes the right of the First Lien Parties to raise this theory in any forum.

- The automatic stay is a procedural device, not a tool to make non-debtors responsible for liabilities that the debtor does not share. Not even insurers, which have unique obligations to cure harms caused by a debtor, would be subject to such abusive use of the automatic stay. In other words, there is no such thing as lifting the stay to crystalize makewhole liabilities against the Second Lien Trustee but not the EFIH Debtors.

- While the Second Lien Trustee disagrees with the Court's ruling, it is law of the case that a makewhole premium *was not, is not, and will not be owed* to holders of the First Lien Notes without modification of the automatic stay. Under a plain reading of the Collateral Trust Agreement, there is no scenario in which the Second Lien Trustee could be liable to turn over a makewhole premium that the EFIH Debtors themselves do not owe.

- The insurance cases that provide the entire basis for the First Lien Trustee's theory are completely inapposite. Among other things, insurers are subject to particular laws and policy considerations that are irrelevant here. Also, for any insurance cases to be even *conceivably* analogous, the fact pattern would need to involve the injured party affirmatively losing litigation against the insured, and then seeking stay relief to sue the insurer for the same (non-existent) claim. But the opposite is true: insurers have an obligation to provide policy coverage only if the insured itself is liable. Lifting the stay in those cases is therefore merely a procedural formality to allow policy proceeds to flow as required by state insurance law, rather than permit the insurer to withhold the benefits it was licensed and paid to provide.

- Finally, even assuming for the sake of argument that the automatic stay could coherently be modified as against the Second Lien Trustee alone, the First Lien Trustee's casual assumption that such relief would not possibly affect the EFIH Debtors is false. In that scenario, at a minimum, the Second Lien Trustee would assert a claim against the EFIH Debtors for any amounts subject to turnover.

WHEREFORE, the Second Lien Trustee therefore requests that the Court not consider this alternative request to modify the automatic stay to permit effectiveness of the rescission notice solely as to the Second Lien Trustee and Second Lien Noteholders.

Dated: April 17, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
          rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
          ghorowitz@kramerlevin.com
          jbrody@kramerlevin.com

*- and –*

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Indenture Trustee*