# EXHIBIT A

## Revised Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 3963, 4075, 4102 |

**ORDER AUTHORIZING LUMINANT
ENERGY COMPANY LLC TO REJECT A CERTAIN
EXECUTORY CONTRACT, EFFECTIVE *NUNC PRO TUNC* TO MARCH 24, 2015**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing Luminant Energy Company LLC ("Luminant") to reject the Contract *nunc pro tunc* to March 24, 2015, all as more fully set forth in the Motion; and upon the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., et. al, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract, Effective* Nunc Pro Tunc *to March 24, 2015*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and Forest Creek having filed the *Limited Objection of Forest Creek Wind Farm, LLC to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Forest Creek Wind Farm, LLC, Effective* Nunc Pro Tunc *to March 24, 2015* [D.I. 4075] (the "Objection"); and the Debtors having filed the *Debtors' Reply to Limited Objection of Forest Creek Wind Farm, LLC to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Forest Creek Wind Farm, LLC, Effective* Nunc Pro Tunc *to March 24, 2015* [D.I. 4102]; and the Court having overruled the Objection; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Contract is deemed rejected, effective *nunc pro tunc* to March 24, 2015.

3. Notwithstanding the relief granted pursuant to this Order, Luminant served as the Qualified Scheduling Entity consistent with the ERCOT Nodal Protocols for the power generated by Forest Creek between March 24, 2015, and 12:00 A.M. on April 15, 2015.

4. Forest Creek must file any proofs of claim relating to the Contract, including with respect to damages on account of the rejection of the Contract, or for an administrative expense owed under the Contract, by sixty (60) days after the date of entry of this Order. After such date, any claims, including any requests for an administrative expense, against the Debtors related to or arising under the Contract that are not asserted in a filed proof of claim will be deemed forever waived, released and discharged.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than Luminant.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE
