**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO THE MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER DIRECTING DISCLOSURE OF ONCOR BID INFORMATION TO THE EFH OFFICIAL COMMITTEE**

The official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**") hereby submits this motion (the "**Motion**") for the entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), shortening the notice period with respect to the *Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee* (the "**Disclosure Motion**").[2] In support of the Motion, the EFH Committee respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Motion.

3885701

**Background**

1. Pursuant to the Disclosure Motion, filed contemporaneously with this Motion, the EFH Committee seeks entry of an order directing disclosure of Oncor bid information to the EFH Committee.

2. By this Motion, the EFH Committee requests that the Court shorten the notice period otherwise applicable under Local Rule 9006-1(c) with respect to the Disclosure Motion and schedule the Disclosure Motion to be heard at the omnibus hearing before the Court on **May 4, 2015 at 9:30 a.m. (Eastern Time)** with an objection deadline of **May 1, 2015 at 4:00 p.m. (Eastern Time)**.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). This statutory predicates for the relief requested herein are rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court District of Delaware (the "**Local Rules**").

**Relief Requested**

4. By this Motion, the EFH Committee seeks entry of the Proposed Order shortening the notice period under Local Rule 9006-1(c) with respect to the Disclosure Motion.

**Basis for Relief**

5. Local Rule 9006-1(c) provides that, "[u]nless the [Bankruptcy Rules] or the[] Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del.

3885701

Bankr. L.R. 9006-1(c)(1).  Pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), however, the Court may shorten an otherwise applicable notice period for cause shown.

6.      These are critical weeks for these bankruptcy cases, where decisions are being made under the protection of section 1121 exclusivity that may be difficult or costly to unwind.  The EFH Committee is faced with immediate decisions – including on matters before the Court – with respect to which it has statutory and fiduciary duties to creditors to make an informed judgment.

7.      Information on the Oncor bids is now critical because the Debtors have filed publicly a plan of reorganization premised on the Oncor bids.  There has been no constructive engagement with the EFH Committee in the plan formation process and information about distributable value is being withheld from the EFH Committee even after the Debtors have proposed publicly a plan to distribute it.  This is manifestly prejudicial.  The EFH Committee does not have an adequate ability to assess the plan in the absence of information about Oncor.

8.      Accordingly, by this Motion the EFH Committee requests that the Disclosure Motion be heard on shortened notice at the next omnibus hearing in these chapter 11 cases on **May 4, 2015 at 9:30 a.m. (Eastern Time)** with an objection deadline of **May 1, 2015 at 4:00 p.m. (Eastern Time)**.  The EFH Committee respectfully submits that cause exists to shorten notice under these critical circumstances. If the Disclosure Motion is not heard at the May 4, 2015 hearing, the EFH Committee would be effectively excluded from full participation in plan negotiations for another month.

9.      The EFH Committee does not believe that due process will be hindered as a result of the proposed shortening of the notice period for the Disclosure Motion, nor is any party in interest prejudiced by the shortened notice requested herein.  The Court was presented with an extensive record regarding the Oncor sale process at the Bidding Procedures hearing.

All parties in interest – including the Reviewing Parties – are being served with the Disclosure Motion.

### Notice

10.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Debtors and counsel thereto, including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) Jones Day, as counsel to Oncor; (d) counsel to the TCEH Committee, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; (e) each Reviewing Party and counsel thereto;[3] and (f) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Motion is neither required nor necessary.

---

[3] Specifically, notice of this Motion has been provided to (a) Delaware Trust Company (f/k/a/ CSC Trust Company of Delaware) as the trustee under the EFIH first lien notes indenture, and counsel thereto, including (i) Perkins Coie LLP and (ii) Bayard, P.A.; (b) counsel for certain holders of EFIH first lien notes, including (i) Ropes & Gray LLP and (ii) Cole, Schotz, Meisel, Forman & Leonard P.A.; (c) Computershare Trust Company, N.A, and Computershare Trust Company of Canada, as trustees under the EFIH second lien notes indentures, and counsel thereto, including (i) Kramer Levin Naftalis & Frankel LLP and (ii) Pachulski Stang Ziehl & Jones LLP; (d) counsel for certain holders of EFIH second lien notes, including (i) Kramer Levin Naftalis & Frankel LLP and (ii) Pachulski Stang Ziehl & Jones LLP; (e) counsel for certain holders of EFIH unsecured notes, including (i) Akin Gump Strauss Hauer & Feld LLP and (ii) Cousins Chipman & Brown, LLP; (f) counsel for certain holders of EFH unsecured notes, including (i) Kasowitz, Benson, Torres & Friedman LLP and (ii) The Hogan Firm; (g) counsel for certain holders of TCEH first lien claims, including (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Young Conaway Stargatt & Taylor LLP;  (h) O'Melveny & Myers LLP, as counsel for certain holders of TCEH first lien notes; (i) counsel to Aurelius Capital Management, LP, a holder of TCEH first lien notes, including (i) Goodwin Proctor LLP and (ii) Gellert Scali Busenkell & Brown LLC; (j) Brown Rudnick LLP, as counsel for certain holders of TCEH second lien notes; (k) counsel for certain holders of TCEH unsecured notes, including (i) White & Case LLP and (ii) Fox Rothschild LLP; (l) American Stock Transfer & Trust Company, LLC, as trustee under the EFH notes indentures, and Nixon Peabody LLP, as counsel thereto; (m) UMB Bank, N.A., as trustee under the EFIH unsecured notes indentures, and counsel thereto, including (i) Foley & Lardner LLP and (ii) Klehr Harrison Harvey Branzburg LLP; (n) counsel for certain holders of equity in Texas Energy Future Holdings Limited Partnership, including (i) Wachtell, Lipton, Rosen & Katz and (ii) Morris Nichols Arsht & Tunnell LLP; (o) Fidelity Investments and counsel thereto, including (i) Fried, Frank, Harris, Shriver & Jacobson LLP and (ii) Cross & Simon, LLC; (p) Citibank, N.A., as agent under the TCEH debtor-in-possession facility, and counsel thereto, including (i) Milbank, Tweed, Hadley & McCloy LLP and (ii) Drinker Biddle & Reath LLP; (q) Deutsche Bank AG New York Branch, as agent under the EFIH debtor-in-possession facility, and counsel thereto, including (i) Shearman & Sterling LLP and (ii) Potter Anderson & Corroon LLP; and (r) Pacific Investment Management Company LLC, as a lender under the EFIH debtor-in-possession facility, and counsel  thereto, including (i) Morgan, Lewis & Bockius LLP and (ii) Venable LLP.

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>April 23, 2015 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br>*/s/ Mark A. Fink*<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504-7820<br>E-mail: nramsey@mmwr.com<br>dwright@mmwr.com<br>mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>Michael H. Torkin<br>David R. Zylberberg<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>gluecksteinb @sullcrom.com<br>torkinm @sullcrom.com<br>zylberbergd@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC; EFIH Finance Inc.; and EECI, Inc.* |

## EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[4]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. [___]** |

**ORDER SHORTENING NOTICE WITH RESPECT TO THE MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER DIRECTING DISCLOSURE OF ONCOR BID INFORMATION TO THE EFH OFFICIAL COMMITTEE**

Upon the motion (the "**Motion**")[5] of the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**"), for entry of an order (this "**Order**") shortening notice with respect to the *Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee*; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the EFH Committee; and this Court having

---

[4] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3885701

found that proper and adequate notice of the Motion has been provided under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor;

       IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The notice period otherwise applicable to the hearing for approval of the Disclosure Motion is hereby shortened pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) and Local Rule 9006-1(e).  The hearing to consider the Disclosure Motion shall be held on **May 4, 2015, at 9:30 a.m. (Eastern Time)**; and the deadline to file objections or responses to the Disclosure Motion shall be **_____, 2015 at \_\_:\_\_ p.m. (Eastern Time)**.

3. The EFH Committee is authorized to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4. The requirements set forth in Local Rule 2002-1(b) are satisfied.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2015  
      Wilmington, Delaware

                                            Christopher S. Sontchi  
                                            United States Bankruptcy Judge

3885701