**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Requested Hearing Date: May 4, 2015 at 9:30 a.m.**<br>**Requested Objection Deadline: May 1, 2015 at 4:00 p.m.** |

**NOTICE OF MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER DIRECTING DISCLOSURE OF ONCOR BID INFORMATION TO THE EFH OFFICIAL COMMITTEE**

**PLEASE TAKE NOTICE** that on the date hereof, the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**") filed the *Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that on the date hereof, the EFH Committee also filed the *Motion of the EFH Official Committee for Entry of an Order Shortening Notice With Respect to the Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee* (the "**Motion to Shorten**"), pursuant to which the EFH Committee requests approval of a shortened notice period and objection deadline relating to the Motion.

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**PLEASE TAKE FURTHER NOTICE** that if the Court grants the relief requested in the Motion to Shorten, (i) the undersigned counsel will present the Motion to the Honorable Christopher S. Sontchi, Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware (the "**Court**"), at 824 N. Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801, at a hearing to be held on **May 4, 2015 at 9:30 a.m. (Eastern Time)** (the "**Hearing**") and (ii) that responses or objections, if any, to the relief requested in the Motion must be filed electronically with the Court on the docket of *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) in accordance with rule 5005 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and served by U.S. mail, overnight delivery, hand delivery or facsimile upon the undersigned counsel so as to be actually received no later than **May 1, 2015 at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if the relief requested in the Motion to Shorten is granted, only those objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the EFH Committee without further notice or a hearing. The objecting parties are required to attend the Hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if the Court denies the relief requested in the Motion to Shorten, parties in interest will receive separate notice of the objection deadline and hearing date approved by the Court with respect to the Motion.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained from the Court's website, https://ecf.deb.uscourts.gov for a nominal fee or, free of charge, the website of the Debtors' claims and noticing agent, http://efhcaseinfo.com.

Dated: Wilmington, Delaware
April 23, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail: nramsey@mmwr.com
dwright@mmwr.com
mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
Michael H. Torkin
David R. Zylberberg
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
torkinm@sullcrom.com
zylberbergd@sullcrom.com

*Counsel for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC; EFIH Finance Inc.; and EECI, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Requested Hearing Date: May 4, 2015 at 9:30 a.m.**<br>**Requested Objection Deadline: May 1, 2015 at 4:00 p.m.** |

**MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER DIRECTING DISCLOSURE OF ONCOR BID INFORMATION TO THE EFH OFFICIAL COMMITTEE**

The official committee of unsecured creditors of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**") hereby submits this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 1102(a) and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), directing disclosure of Oncor[2] bid information to the EFH Committee. In support of this Motion, the EFH Committee respectfully represents as follows:

**Preliminary Statement**

1. These are critical weeks for these bankruptcy cases, where decisions are being made under the protection of section 1121 exclusivity that may be difficult or costly to

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "**Oncor**" means any or all of the assets or the reorganized equity of EFH or one or more of its direct or indirect subsidiaries, including EFIH, but not including Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their respective direct and indirect subsidiaries.

unwind. The EFH Committee is faced with immediate decisions – including on matters before the Court – with respect to which it has statutory and fiduciary duties to creditors to make an informed judgment. For the EFH Committee, whose primary source of creditor recoveries is the disposition or reorganization value of Oncor, an informed judgment in the current circumstances requires information about the Oncor sale process. No other creditor body has this fiduciary imperative.

2. Yet the Debtors, now with both exclusivity *and* a plan filed, are withholding bid information from the EFH Committee – information broadly distributed to the Debtors' own Boards of Directors and an army of advisors. The Debtors' grounds for failing to give the five members of the EFH Committee information about the Oncor process is that this Court has already decided the matter *for the duration*. The Debtors merely repeat that the Bidding Procedures approved by this Court (before the EFH Committee even had professional advisors) permit the Debtors to withhold material bid information (*e.g.*, price) from the EFH Committee unless the Debtors subsequently agree or the Court so orders. The advisors to the EFH Committee – certain of who are privy to highly material information about the bidding process and anxious to share it with their clients before it is too late – have stressed to the Debtors' professionals the need to share more bid information with members of the EFH Committee prior to the selection of a stalking horse bidder. But the Debtors, despite discretion to share such information with the EFH Committee under the Bidding Procedures, continue to refuse. The EFH Committee is being prevented – by the very Debtors it has a duty to oversee – from performing its core statutory functions. The EFH Committee, after weeks negotiating this simple point without progress, is left to ask the Court for relief.

## Facts

### A. Background

3. The EFH Committee was appointed by the United States Trustee on October 21, 2014, in the midst of ongoing litigation over the bidding procedures for Oncor (as filed as Exhibit 1 to the Bidding Procedures Order[3] (the "**Bidding Procedures**").[4] The EFH Committee was not represented by counsel in those proceedings.

4. The Bidding Procedures allow the Debtors to keep bid information from the EFH Committee by limiting its distribution to a limited number of the EFH Committee professionals. This arrangement is consistent with the Court's bench ruling on November 3, 2014. (*See* Mot. Hr'g Tr. 20, Nov. 3, 2014.) However, the Bidding Procedures also permit the Debtors to share bid information as allowed by any applicable confidentiality agreement, with the prior written consent of the applicable bidder and the Debtors, *or as further ordered by the Court*. *See* Bidding Procedures ¶ E; Bidding Procedures Order ¶ 9(e).

5. Six months have passed. The EFH Committee has not been informed of how many Oncor bids have been received, whether the Oncor bids could leave the applicable estates solvent or insolvent, whether the Oncor bids involve creditors or insiders, whether the Oncor bid process is being conducted in good faith and without collusion, or when the Oncor bid process will be either completed or abandoned. None of this information – although it exists and is known to a very large number of people working for the Debtors – is known to the five individual members of the EFH Committee.

---

[3] The "**Bidding Procedures Order**" means the *Order (a) Approving Revised Bidding Procedures, (b) Scheduling an Auction and Related Deadlines and Hearings, and (c) Approving the Form and Manner of Notice Thereof* [D.I. 3295].

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures.

6. Under the Bidding Procedures Order, this information disparity never ends. The Debtors have – if they so decide, and absent order of this Court – the ability to keep the EFH Committee deprived of material information indefinitely. As an example, the Oncor process could be wholly abandoned by the Debtors, and the EFH Committee could never know.

**B. Circumstances Have Changed Since the Bidding Procedures Hearing**

7. Information on the Oncor bids is now critical because the Debtors have filed a plan of reorganization premised on the Oncor bids. This is an inversion of the sequence of these bankruptcy cases on which the Bidding Procedures were premised.

8. At the hearing to consider the Bidding Procedures (the "**Bidding Procedures Hearing**"), the Debtors stated to the Court that:

> "[G]etting clarity around the amount and form of distributable value for [the Oncor Bids] is going to encourage stakeholders to be engaged constructively in the plan formation process. We believe that is going to be helpful for the debtors and for all stakeholders in negotiating a plan to understand the distributable value involved." Statement of Stephen E. Hessler, counsel to the Debtors, Mot. Hr'g Tr. 25, Oct. 17, 2014.

9. These statements have particular relevance now and support the EFH Committee's request. There has been no constructive engagement with the EFH Committee in the "plan formation process" and information about "distributable value" is being withheld from the EFH Committee even *after* the Debtors have proposed publicly a plan to distribute it.[5] This is manifestly prejudicial. The EFH Committee does not have an adequate ability to assess the plan in the absence of information about Oncor. On the other hand, the Debtors, as proponents of the plan, benefit from an enormous information asymmetry and can assess the impact of the plan on every constituency.

---

[5] *See Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4142].

10. In addition, at the hearing on May 4, 2015, the Debtors are scheduled to ask the Court to approve a stipulation with "T-side" creditors (the "**Stipulation**")[6] and a scheduling motion that sets the timeline for litigation with respect to the Debtors' plan.[7] The EFH Committee should not be forced to make decisions about such issues without material information about the Oncor disposition process. The prejudice is compounded by the fact that the Stipulation was negotiated with "T-side" creditors that themselves have expressed a belated intent to bid for Oncor (bona fide, or not). The EFH Committee, not knowing whether a delay to facilitate a late bid is helpful, viable or affirmatively *harmful* to the Oncor disposition, cannot take an informed position.

## Jurisdiction

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a), 1102(a) and 1103(c) of the Bankruptcy Code.

## Relief Requested

12. By this Motion, the EFH Committee requests entry of the Proposed Order directing the disclosure of Oncor bid information to the EFH Committee.

## Basis for Relief

13. Section 1103(c)(3) of the Bankruptcy Code provides that a committee is authorized to "participate in the formulation of a plan [and] advise those represented by such

---

6 Filed as Exhibit A to D.I. 4140.

7 *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 4138].

committee of such committee's determination as to any plan formulated." 11 U.S.C. § 1103(c)(3). Courts in this jurisdiction have held that section 1102 of the Bankruptcy Code "provides for the appointment of creditors' . . . committees to supervise the debtor in possession and to protect their constituents' interests," and section 1103 of the Bankruptcy Code provides that the "committees' powers and duties include participation in the formulation of a plan." *In re Spansion, Inc.*, 421 B.R. 151, 156 (Bankr. D. Del. 2009). Furthermore, when the members of a creditors' committee perform their statutory powers and duties, section 1103(c) of the Bankruptcy Code creates a fiduciary duty on the part of members of a creditors' committee toward its constituents. *See, e.g., Westmoreland Human Opportunities, Inc.* v. *Walsh*, 246 F.3d 233, 256 (3d Cir. 2001); *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000).

14. Section 105(a) of the Bankruptcy Code states, in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Specifically, section 105(a) of the Bankruptcy Code enables the Court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

15. In the present circumstances, the unquestioned purpose of section 1103(c) of the Bankruptcy Code is to empower a creditors' committee to assess proposed plans of reorganization and to meaningfully participate in plan negotiations. It is perhaps for this reason that the longstanding practice in this jurisdiction is for debtors to share material information with creditors' committees and their members, subject to customary confidentiality obligations substantially identical to those already agreed to by the EFH Committee in the bylaws of the

EFH Committee. Without information, it is impossible for the EFH Committee to satisfy its statutory and fiduciary duties. *Cf. Smith* v. *Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) (finding that a person acting as a fiduciary for others has a "duty to inform himself in preparation for a decision").

16. The Debtors have previously cited the risk of leaks of confidential information if bid information is disclosed to the EFH Committee. The risk of leaks is not a reason for management to keep a Board of Directors uninformed under Delaware law,[8] and is no reason for the Debtors to keep their statutory committee uninformed. The same essential principles apply. The EFH Committee notes that scarcely a week goes by without another article in the media purporting to disclose material, confidential terms of the Oncor bids or plan negotiations.[9] *See*, *e.g.*, *"*Energy Future E-Side Creditors Draft Hunt-Family Sponsored POR that Values Oncor at USD $18.5bn,*" Debtwire*, Mar. 27, 2015. The EFH Committee should not be receiving bid information (accurate or inaccurate) from Debtwire. Unlike all other creditor constituents, official committee members are bound by a fiduciary duty to unsecured creditors, and thus the EFH Committee's role in plan negotiations is not only essential, but required.

17. The Debtors also have complained that any information shared with the EFH Committee must also be shared with the Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**"), thus doubling the risk of leak. This assertion is based on a fundamental misunderstanding. The TCEH Committee represents creditors of a potential

---

8 *See*, *e.g.*, *Kalisman* v. *Friedman*, No. 8447–VCL, 2013 WL 1668205 at*4-5 (Del. Ch. Apr. 17, 2013) (A director's right to information is "essentially unfettered in nature. . . . Fear that a director may abuse his position as a director and make information available to persons hostile to the [c]orporation or otherwise not entitled to it does not provide grounds for the corporation to refuse to provide the information.")

9 Additionally, the Debtors' confidentiality concerns were primarily focused on disclosure of Oncor Bid values before the Round 2 Deadline, which occurred on April 13, 2015. *See*, *e.g*. Testimony of William O. Hiltz, Mot. Hr'g Tr. 25, Oct. 17, 2014 ("It would chill the bids in the second round if [bid values were] released.").

creditor of EFH – the TCEH Committee is not a *fiduciary* with respect to the EFH estate. *See*, *e.g.*, *Notice of Appointment of Committee of Unsecured Creditors* [D.I. 420] (The TCEH Committee "represents the interests of the unsecured creditors of only the TCEH Debtors and EFH Corporate Services Company and of no other debtors."). Of course, TCEH has disputed scheduled claims against EFH. The EFH Committee believes these claims are wholly without merit and, indeed, that the balance of intercompany claims flows in the opposite direction. However, even if TCEH's scheduled claims were valid, TCEH itself is merely another unsecured creditor of EFH and its interests in that capacity are adequately represented by the EFH Committee as fiduciary for all unsecured creditors.

**Notice**

18. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Debtors and counsel thereto, including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) Jones Day, as counsel to Oncor; (d) counsel to the TCEH Committee, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; (e) each Reviewing Party and counsel thereto;[10] and (f) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy

---

[10] Specifically, notice of this Motion has been provided to (a) Delaware Trust Company (f/k/a/ CSC Trust Company of Delaware) as the trustee under the EFIH first lien notes indenture, and counsel thereto, including (i) Perkins Coie LLP and (ii) Bayard, P.A.; (b) counsel for certain holders of EFIH first lien notes, including (i) Ropes & Gray LLP and (ii) Cole, Schotz, Meisel, Forman & Leonard P.A.; (c) Computershare Trust Company, N.A, and Computershare Trust Company of Canada, as trustees under the EFIH second lien notes indentures, and counsel thereto, including (i) Kramer Levin Naftalis & Frankel LLP and (ii) Pachulski Stang Ziehl & Jones LLP; (d) counsel for certain holders of EFIH second lien notes, including (i) Kramer Levin Naftalis & Frankel LLP and (ii) Pachulski Stang Ziehl & Jones LLP; (e) counsel for certain holders of EFIH unsecured notes, including (i) Akin Gump Strauss Hauer & Feld LLP and (ii) Cousins Chipman & Brown, LLP; (f) counsel for certain holders of EFH unsecured notes, including (i) Kasowitz, Benson, Torres & Friedman LLP and (ii) The Hogan Firm; (g) counsel for certain holders of TCEH first lien claims, including (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP and (ii) Young Conaway Stargatt & Taylor LLP; (h) O'Melveny & Myers LLP, as counsel for certain holders of TCEH first lien notes; (i) counsel to Aurelius Capital Management, LP, a holder of TCEH first lien notes, including (i) Goodwin Proctor LLP and (ii) Gellert Scali Busenkell & Brown LLC; (j) Brown Rudnick LLP, as counsel for certain holders of TCEH second lien notes; (k) counsel for certain holders of TCEH unsecured notes, including (i) White & Case LLP and (ii) Fox Rothschild LLP; (l) American Stock Transfer & Trust Company, LLC, as trustee under the EFH notes indentures, and Nixon Peabody LLP, as counsel thereto; (m) UMB Bank, N.A., as trustee under the EFIH unsecured notes indentures, and counsel

Rule 2002. The EFH Committee respectfully submits that further notice of this Motion is neither required nor necessary.

**No Prior Request**

19. No prior motion for the relief requested herein has been made to this or any other Court.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

---

thereto, including (i) Foley & Lardner LLP and (ii) Klehr Harrison Harvey Branzburg LLP; (n) counsel for certain holders of equity in Texas Energy Future Holdings Limited Partnership, including (i) Wachtell, Lipton, Rosen & Katz and (ii) Morris Nichols Arsht & Tunnell LLP; (o) Fidelity Investments and counsel thereto, including (i) Fried, Frank, Harris, Shriver & Jacobson LLP and (ii) Cross & Simon, LLC; (p) Citibank, N.A., as agent under the TCEH debtor-in-possession facility, and counsel thereto, including (i) Milbank, Tweed, Hadley & McCloy LLP and (ii) Drinker Biddle & Reath LLP; (q) Deutsche Bank AG New York Branch, as agent under the EFIH debtor-in-possession facility, and counsel thereto, including (i) Shearman & Sterling LLP and (ii) Potter Anderson & Corroon LLP; and (r) Pacific Investment Management Company LLC, as a lender under the EFIH debtor-in-possession facility, and counsel thereto, including (i) Morgan, Lewis & Bockius LLP and (ii) Venable LLP.

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully requests that the Court (a) enter the Proposed Order, directing the disclosure of Oncor bid information to the EFH Committee and (b) grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
April 23, 2015

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

*/s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail: nramsey@mmwr.com
dwright@mmwr.com
mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
Michael H. Torkin
David R. Zylberberg
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
torkinm@sullcrom.com
zylberbergd@sullcrom.com

*Counsel for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC; EFIH Finance Inc.; and EECI, Inc.*

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. [____]** |
| | ) | |

**ORDER DIRECTING DISCLOSURE OF ONCOR BID INFORMATION TO THE EFH OFFICIAL COMMITTEE**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**") for entry of an order (this "**Order**") directing disclosure of Oncor bid information to the EFH Committee; it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby directed to disclose to the EFH Committee and its legal counsel, promptly upon request of the EFH Committee from time to time, all Bid Information (as defined in the Bidding Procedures) and all other information received by the Debtors with respect to the potential direct or indirect disposition of Oncor Electric Delivery Company LLC or its properties or businesses (whether by sale, merger or plan of reorganization).

3. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Motion.

Dated: _____________, 2015
Wilmington, Delaware

_______________________________
Christopher S. Sontchi
United States Bankruptcy Judge