**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
Energy Future Holdings, Corp., *et al.*,                      :    Case No. 14-10979 (CSS)
                                                              :
                                        Debtors.              :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x    **Related to Docket No. 4138**

**OBJECTION OF THE EFIH SECOND LIEN NOTES INDENTURE
TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
SCHEDULING CERTAIN HEARING DATES AND DEADLINES
AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH
THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION
AND THE APPROVAL OF DEBTORS' DISCLOSURE STATEMENT**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee (the "**EFIH Second Lien Indenture Trustee**") for the second lien notes (the "**EFIH Second Lien Notes**" and the holders thereof the "**EFIH Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011 (together with all supplements, amendments, and exhibits, the "**Indenture**") by and through its undersigned counsel, hereby submit this objection (the "**Objection**") to the motion of the above-captioned debtors (the "**Debtors**") to enter an order approving scheduling certain hearing dates and deadlines and establishing certain protocols in connection with the confirmation of Debtors' Plan of Reorganization and the approval of Debtors' Disclosure Statement (the "**Confirmation**

**Scheduling Motion**") [Docket No. 4138].[1]  In support of this Objection, the EFIH Second Lien Indenture Trustee states the following:

## PRELIMINARY STATEMENT

While the EFIH Second Lien Indenture Trustee appreciates the need for a scheduling order to allow the Plan and Disclosure Statement process to move forward, the Debtors' proposed schedule contains a number of provisions that are prejudicial to EFIH Second Lien Noteholders and therefore must be modified before it can be approved.  First, the Disclosure Statement, as it relates to the EFIH Second Lien Notes, contains none of the "adequate information" necessary for approval under Section 1125(a) of the Bankruptcy Code.  Rather, the Disclosure Statement simply includes every conceivable treatment the Debtors could offer the EFIH Second Lien Notes.  Moreover, the Disclosure Statement does not include any of the financial information necessary to understand the various possible treatments.  Accordingly, the Court should not approve a Disclosure Statement objection deadline in mid-June unless the Court also orders the Debtors to file a Disclosure Statement which at least attempts to address the issues laid out below at least two weeks prior to the Disclosure Statement objection deadline.

Second, the proposed Voting Record Date of 10 days prior to the Disclosure Statement hearing does not comply with the Bankruptcy Rules 3017 and 3018 and the Debtors do not attempt to provide any reason why the Voting Record Date should not be the same day as approval of the Disclosure Statement.

## BACKGROUND

1.     On April 14, 2015, the Debtors filed a Plan, Disclosure Statement, a motion to approve the Disclosure Statement (the "**Disclosure Statement Motion**") and the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Confirmation Scheduling Motion, the Disclosure Statement Motion, the Plan or the Disclosure Statement.

2

Confirmation Scheduling Motion. A hearing on the Confirmation Scheduling Motion is scheduled for May 4, 2015 during which time the Court will set the hearing on the Disclosure Statement and Disclosure Statement Motion.

2.  The Debtors propose the following key dates in the Confirmation Scheduling Motion:

- May 18, 2015: Completion of document requests for the Disclosure Statement and the Plan;

- June 17, 2015: Objection deadline to the Disclosure Statement;

- July 20, 2015: Hearing on the Disclosure Statement;

- October 21, 2015: Voting deadline and objection deadline to the Plan; and

- November 18, 2015: Commencement of the Confirmation Hearing.

## OBJECTION

### A. The Debtors Should be Obligated to File a Revised Disclosure Statement in Advance of the Objection Deadline

3.  It is impossible for an EFIH Second Lien Noteholder to understand what it is being asked to vote on in the current version of the Disclosure Statement. All that the EFIH Second Lien Noteholders know is that the Debtors have set-up a "death-trap plan:" If the class votes in favor of the plan, they will receive a small settlement on the makewhole, and if the class votes no, they will have to litigate their entitlement to the makewhole (as well as certain other issues). What the Disclosure Statement does not explain in any detail, however, is the specific amount or type of consideration that EFIH Second Lien Noteholders would actually receive – all of which is dependent on the plan scenario, i.e., Merger Scenario, Backstop Scenario or Standalone Scenario.

4.  More specifically, as currently drafted, the Disclosure Statement does *not* contain any of the following information:

- The range of cash available to EFIH Second Lien Noteholders in each of the Merger Scenario, Backstop Scenario and Standalone Scenario;

- The likelihood that the EFIH Second Lien Noteholders would be required to take equity if they vote in favor of the plan in each of the Merger Scenario, Backstop Scenario and Standalone Scenario;

- The value of the equity (and its terms, including, among other things, classification and priority, voting rights and rights to dividends and distribution) that EFIH Second Lien Noteholders may elect to take in the Backstop Scenario or Standalone Scenario;

- The terms of the New Reorganized EFIH Second Lien Debt that EFIH Second Lien Noteholders would receive if the class votes against the plan in the Backstop Scenario and Standalone Scenario;[2] and

- The financial statements of a Reorganized EFIH that would support the New Reorganized EFIH Second Lien Debt and/or equity that EFIH Second Lien Noteholders may be asked to take.

5.      While the results of the sale process will likely determine the form the Plan ultimately takes, there is no reason that the Debtors cannot file a revised Disclosure Statement very soon that includes the above information.[3]

6.      The current objection deadline to the Disclosure Statement is June 17, 2015 – approximately one month prior to the anticipated hearing on the Disclosure Statement. The Debtors only intend on filing a revised Disclosure Statement two days prior to the hearing (scheduled for July 20, 2015). If the Disclosure Statement that the Debtors filed were not rife with unknowns, this approach might be appropriate. However, as described above, with regard to the EFIH Second Lien Notes, the current Disclosure Statement does not provide any "adequate information" as required under Section 1125(a) of the Bankruptcy Code and will require the EFIH Second Lien Indenture Trustee to raise wholesale generic issues with the

---

[2] While not an issue for now, the EFIH Second Lien Indenture Trustee notes that the Debtors have previously testified that EFIH could not sustain any additional debt in excess of the EFIH First Lien DIP.

[3] Financial information for Reorganized EFIH is available on a confidential basis in the data-room. There is no reason that the Debtors chose to publicly disclose the financial information for TCEH, but not EFIH.

4

Disclosure Statement. This is not only inefficient (as it will require the EFIH Second Lien Indenture Trustee to prepare for multiple versions of the Disclosure Statement), but will prejudice the EFIH Second Lien Trustee's right to have an opportunity to raise substantive objections to whatever version of the Disclosure Statement the Debtors file just prior to the hearing. The Debtors' proposed timeline short-circuits the 28 day time-period that parties are supposed to have to evaluate whether a disclosure statement contains adequate information.

7. The EFIH Second Lien Indenture Trustee therefore requests that the objection deadline to the Disclosure Statement be adjourned until two weeks after the Debtors file a revised Disclosure Statement that has more complete information. This will enable creditors to analyze the proposed Disclosure Statement and file focused objections, which can hopefully be resolved in advance of the hearing (but at the very least limit what the Court needs to address). In addition, because the Debtors will certainly be filing at least one additional version of the Disclosure Statement just prior to the hearing, the order should reserve all parties' rights to file supplemental objections to the Disclosure Statement or raise issues at the hearing.

B. **Voting Record Date Should Be the Same Day as Approval of the Disclosure Statement**

8. While this Confirmation Scheduling Motion seeks to establish the objection deadline to the Disclosure Statement and the commencement of the Disclosure Statement hearing, the Disclosure Statement Motion contains separate dates. Specifically, the Disclosure Statement Motion seeks to establish the Voting Record Date as 10 days *prior* to the commencement of the hearing on the Disclosure Statement. Because the Court will not hear the Disclosure Statement Motion until the Disclosure Statement hearing, the Debtors will be asking the Court to retroactively approve the Voting Record Date.

5

9. Bankruptcy Rule 3017(d) and 3018(a) provide that the voting record date be the same day as approval of the Disclosure Statement, or another date fixed by the Court, "*for cause*, after notice and a hearing." There is no reason to depart from the convention that the voting record date be the same date as approval of the Disclosure Statement, nor do the Debtors assert any "cause" to depart from this rule. In this complex case, it is expected that there will be many last minute revisions to the Disclosure Statement. The creditors who are voting should be the ones who have the benefit of the final information included in the Disclosure Statement.

10. The EFIH Second Lien Indenture Trustee is also concerned that the Debtors may choose to use the Voting Record Date as the cutoff for other rights, such as eligibility to participate in a backstop or rights offering, or election to choose between cash or debt or equity securities. If the Debtors seek to retroactively use the Voting Record Date for other purposes, it should be set as the date when creditors had full access to information (which hopefully, by the time of its approval, will be the Disclosure Statement approval date).

11. Moreover, given the proposed Voting Deadline of October 21, 2015, setting the Voting Record Date as the date of approval of the Disclosure Statement will not impede creditors' ability to receive the approved Disclosure Statement with sufficient notice.

C. **Reservation of Rights to Reconsider Dates**

12. Given the many unknowns in this case (and the current big unknown of the ultimate outcome of the sale process and which plan scenario the Debtors ultimately choose), the order approving the Confirmation Scheduling Motion should allow parties-in-interest to seek reconsideration of the deadlines in the event the pace of the case or outcome of the sale process requires it.

WHEREFORE, the EFIH Second Lien Indenture Trustee requests that the approval of the Confirmation Scheduling Motion be modified as set forth herein and the Court grant such other relief as is just and proper.

Dated: April 27, 2015	PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
          rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
          ghorowitz@kramerlevin.com
          jbrody@kramerlevin.com

*- and –*

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Indenture Trustee*

KL2 2894158.6