**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Energy Future Holdings Corp., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
| _____ | ) | **RE: Docket Nos. 4138, 4274** |

**STATEMENT OF NO OBJECTION AND LIMITED RESERVATION OF RIGHTS OF**
**THE OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS REGARDING**
**THE PROPOSED ORDER (A) SCHEDULING CERTAIN HEARING DATES AND**
**DEADLINES, (B) ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH**
**THE CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION AND THE**
**APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT, AND**
**(C) APPOINTING A MEDIATOR AND ESTABLISHING THE TERMS**
<u>**GOVERNING MEDIATION**</u>

The Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**") of

Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary,

Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries

(the "**TCEH Debtors**"), and EFH Corporate Services Company, hereby submits this statement

of no objection and limited reservation of rights (the "**Statement**") with respect to the amended

proposed *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain*

*Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the*

*Approval of the Debtors' Disclosure Statement, and (C) Appointing a Mediator and Establishing*

*the Terms Governing Mediation* (the "**Amended Order**") [Docket No. 4274-1], filed by the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

above-captioned debtors and debtors in possession (collectively, the "**Debtors**") on April 24, 2015.  In support of the Statement, the TCEH Committee respectfully states as follows:

1.      On April 14, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement* [Docket No. 4138] (the "**Scheduling Motion**").

2.      As Exhibit A to the Motion, the Debtors filed a proposed *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement* (the "**Original Order**") [Docket No. 4138, Ex. A].

3.      Also on April 14, 2015, the Debtors filed the *Stipulation and Agreed Order Regarding the Adjournment of Standing Motions* (the "**Stipulation**") [Docket No. 4140-1],[2] which is scheduled to be presented to the Court at the May 4, 2015 omnibus hearing (the "**Omnibus Hearing**").

4.      Pursuant to the Stipulation, the TCEH Committee agreed that it would not object to entry of an order approving the Scheduling Motion at the Omnibus Hearing, provided that such order is reasonably acceptable to the TCEH Committee.  (Stipulation, ¶ 3.)

5.      Following the filing of the Scheduling Motion and Stipulation, the TCEH Committee engaged in extensive negotiations with the Debtors and other parties in interest regarding the relief proposed in the Original Order.

---

[2]      The copy of the Stipulation that was initially filed was partially redacted, pursuant to a motion to seal [Docket No. 4139].  The motion to seal was subsequently withdrawn by the Debtors [Docket No. 4268], and an unredacted copy of the Stipulation was filed at Docket No. 4271.

6.     On April 24, 2015, the Debtors filed the Amended Order, which reflected the status of negotiations among parties to date.  Those discussions remain ongoing, however, and, at the time the Amended Order was filed, it had not yet been finalized or reviewed by the TCEH Committee.   Accordingly, the TCEH Committee hereby reserves all of its rights to raise objections with respect to the Amended Order pursuant to paragraph 3 of the Stipulation pending finalization of the order.

7.     In addition, the TCEH Committee's decision to enter into the Stipulation was premised on the understanding that the Debtors would actively facilitate efforts to formulate a value-maximizing plan of reorganization premised on a REIT conversion (the "**Alternative Plan**").  (Stipulation, Recitals; ¶ 5.)  Thus, one of the most critical components of the Stipulation was paragraph 5.  Pursuant to paragraph 5 of the Stipulation, the Debtors agreed, among other things, that they will "either (i) not require committed financing from any stalking horse bidder until 5 days before the hearing with respect to such stalking horse agreement, or (ii) if the Debtors do require such committed financing prior to such date, then the Debtors shall not require such commitment to be provided in a way that prevents such bidder from engaging in discussions with the parties regarding alternative transactions, including the Alternative Plan." (Stipulation ¶ 5.)  The Debtors further agreed that the hearing to approve the stalking horse bidder would not be before June 20, 2015 and that any entry into a stalking horse agreement will "be subject to, and shall not interfere with or impair, their agreement to continue to engage in good faith negotiations regarding the Alternative Plan."  (Stipulation, ¶ 5.)

8.     These provisions were of critical importance to the TCEH Committee in agreeing not to object to the Scheduling Motion.  The timeframes proposed in Scheduling Order are aggressive in the absence of a consensual resolution to these cases.  The TCEH Committee

3

believes that the compromises and proposed mediation agreed to in the Stipulation are the best hope for a consensual Plan.  Nonetheless, because the Stipulation has not yet been approved by the Court and it is not yet clear whether the Debtors will honor their obligations under the Stipulation, the TCEH Committee also reserves all of its rights to object to the Amended Order to the extent necessary to ensure that the TCEH Committee receives the benefit of the bargain it struck in the Stipulation.

*[Signature page follows]*

ny-1185672

Dated: Wilmington, Delaware
      April 27, 2015

Respectfully submitted,

**MORRISON & FOERSTER LLP**
Brett H. Miller
James M. Peck
Lorenzo Marinuzzi
Todd M. Goren
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail:  brettmiller@mofo.com
       jpeck@mofo.com
       lmarinuzzi@mofo.com
       tgoren@mofo.com

    -and-

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
Jarrett Vine (Del. Bar No. 5400)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile:  (302) 252-0921
E-mail:  cward@polsinelli.com
        jedelson@polsinelli.com
        skatona@polsinelli.com
        jvine@polsinelli.com

*Attorneys for the Official Committee of TCEH*
*Unsecured Creditors*

ny-1185672