**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )<br>) Case No. 14-10979 (CSS)<br>) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) (Jointly Administered)<br>) |
| Debtors. | ) **Re: D.I. 4138, 4274**<br>) <u>Hearing Date</u>: May 4, 2015 at 9:30 a.m.<br>) |

**LIMITED OBJECTION OF THE EFIH AD HOC COMMITTEE TO THE MOTION OF
ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING
CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF
DEBTORS' PLAN OF REORGANIZATION AND THE
<u>APPROVAL OF DEBTORS' DISCLOSURE STATEMENT</u>**

The EFIH Ad Hoc Committee,[1] by and through its undersigned counsel, files this limited objection (the "<u>Limited Objection</u>") to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 4138] (the "<u>Motion</u>"). In support of this Limited Objection, the EFIH Ad Hoc Committee respectfully submits as follows:

**<u>LIMITED OBJECTION</u>[2]**

1.   By the Motion, the Debtors have asked the Court to enter an order establishing protocols and setting certain dates and deadlines relating to the approval of the Debtors' Disclosure Statement and confirmation of the proposed Plan.  *See* Mot. ¶ 12.  While the EFIH Ad

---

[1] The "<u>EFIH Ad Hoc Committee</u>" means the ad hoc committee of holders of 11.25%/12.25% unsecured senior toggle notes due December 1, 2018 issued pursuant to that certain Indenture, dated December 5, 2012, by and among Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>") and EFIH Finance Inc., as issuers, and UMB Bank, N.A., as successor trustee.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion and the Amended Proposed Order (as defined below).

Hoc Committee agrees that coordination amongst the parties to streamline the confirmation process is a worthwhile endeavor, the Amended Proposed Order[3] raises several concerns.[4]

2. Specifically, the Amended Proposed Order (a) lacks clarity regarding how the Creditors' Committees (defined below) will coordinate the discovery requests from the various creditors, (b) fails to explicitly carve out discovery relating to the Debtors' selection of a stalking horse bidder, sale of Oncor Electric Delivery Company LLC ("Oncor"), and any related plan issues that may arise relating to such sale process, and (c) proposes to use mediation to resolve issues relating to the *joint* plan of reorganization filed on behalf of *all* Debtors without providing for the participation of any E-Side[5] constituencies in such mediation. As described in more detail below, the relief requested by the Debtors should be modified to address the valid issues raised in this Limited Objection.

I. **The Requirement to Coordinate Discovery Requests Through the Creditors' Committees Is Unclear**

3. The Amended Proposed Order contemplates that the Official Committee of Unsecured Creditors of EFH, EFIH, EFIH Finance Inc., and EECI, Inc. (the "E-Side Committee") and the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), their direct and indirect subsidiaries, and EFH Corporate Services Company (the "T-Side Committee" and together with the E-Side Committee the "Creditors' Committees") will "act

---

[3] The Amended Proposed Order, filed April 24, 2015, is titled the *Order (A) Scheduling Certain Hearing Dates and Deadlines (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement and (C) Appointing a Mediator and Establishing the Terms Governing Mediation* [D.I. 4274] (the "Amended Proposed Order").

[4] For the avoidance of doubt, nothing herein shall be construed as an indication of support by the EFIH Ad Hoc Committee of the Plan and Disclosure Statement currently on file with the Court, and the EFIH Ad Hoc Committee reserves all rights with respect thereto.

[5] "E-Side" means the estates of debtors Energy Future Holdings Corp. ("EFH"), EFIH, EFIH Finance Inc., and EECI, Inc.

as facilitators and intermediaries between the Debtors and all other unsecured creditors that are Participating Parties" and ensure that discovery requests "are narrowly tailored and not redundant or duplicative." Amended Proposed Order ¶ 27.  However, the Amended Proposed Order is unclear regarding whether the respective Creditors' Committees will serve separate E-Side and T-Side[6] requests or one single set of requests, or how those requests will be divided.[7] As the two sides of the capital structure have potentially divergent interests and objectives related to plan confirmation, the EFIH Ad Hoc Committee submits that it should only be required to coordinate with the E-Side Committee.

4. Additionally, the Amended Proposed Order is unclear regarding the mechanics of creditor coordination and the degree of control that the Debtors would have the EFIH Ad Hoc Committee cede to the E-Side Committee.  Specifically, the Amended Proposed Order is silent on whether the E-Side Committee, in its role as "facilitator," will have a "veto right" over discovery requests submitted by Participating Parties such as the EFIH Ad Hoc Committee.  This is particularly troublesome given the fact that the E-Side Committee is controlled by EFH unsecured creditor representatives and may have interests which are not aligned with the interests of EFIH unsecured creditors.  To the extent that the Amended Proposed Order would grant such authority to the Creditors' Committees, the EFIH Ad Hoc Committee objects.  While the EFIH Ad Hoc Committee understands from the Debtors that the intent is for the Creditors' Committees to serve a "funneling" function in order to avoid duplicative and redundant requests,

---

[6] "T-Side" means the estates of debtors EFCH, TCEH, their direct and indirect subsidiaries, and EFH Corporate Services Company.

[7] For example, the Amended Proposed Order does not state whether the E-Side Committee and the T-Side Committee will file joint or separate Initial Consolidated Requests.

that intent is not clearly stated in the Amended Proposed Order.[8]  This must be clarified.

5. Lastly, the Amended Proposed Order is not clear as to which parties are allowed to participate in meet-and-confer sessions relating to the consolidated discovery requests in connection with the Confirmation Proceedings.  Notwithstanding that the Creditors' Committees will be the parties submitting discovery requests, any Participating Party that submits discovery requests to be included in the consolidated requests should be allowed to participate in meet-and-confer sessions.

## II. Discovery Relating to the Debtors' Selection of a Stalking Horse Bidder and the Oncor Auction Should Not Be Controlled by the Amended Proposed Order

6. The Amended Proposed Order requires that all Initial Consolidated Requests be served by May 18, 2015.  *See* Amended Proposed Order ¶ 9(a).  However, the process for the Debtors' selection of a stalking horse bidder and the sale of Oncor is still underway—each of which will take place well after May 18, 2015.  Thus, there are key discovery dates in connection with the approval of a stalking horse bidder, the auction and the Oncor sale that cannot be governed by the Amended Proposed Order.  If the Amended Proposed Order were intended to govern the process for approval of a stalking horse bidder, the Oncor auction and the resulting sale, the EFIH Ad Hoc Committee would take issue with numerous discovery deadlines included in the Amended Proposed Order.  However, the EFIH Ad Hoc Committee understands from the Debtors that the Amended Proposed Order will not apply to any litigation in connection with the Oncor sale process—including any plan-related issues that may arise in connection therewith.  This should be stated explicitly in the Amended Proposed Order.

---

[8] Further, because the Amended Proposed Order does not require that secured creditors—which make up several significant and active constituencies in these cases—coordinate their discovery requests with unsecured creditors, *see* Amended Proposed Order ¶ 27, it is unclear how effective the coordination requirement on unsecured creditors will be in avoiding duplication.

that intent is not clearly stated in the Amended Proposed Order.[8]  This must be clarified.

5. Lastly, the Amended Proposed Order is not clear as to which parties are allowed to participate in meet-and-confer sessions relating to the consolidated discovery requests in connection with the Confirmation Proceedings.  Notwithstanding that the Creditors' Committees will be the parties submitting discovery requests, any Participating Party that submits discovery requests to be included in the consolidated requests should be allowed to participate in meet-and-confer sessions.

## II. Discovery Relating to the Debtors' Selection of a Stalking Horse Bidder and the Oncor Auction Should Not Be Controlled by the Amended Proposed Order

6. The Amended Proposed Order requires that all Initial Consolidated Requests be served by May 18, 2015.  *See* Amended Proposed Order ¶ 9(a).  However, the process for the Debtors' selection of a stalking horse bidder and the sale of Oncor is still underway—each of which will take place well after May 18, 2015.  Thus, there are key discovery dates in connection with the approval of a stalking horse bidder, the auction and the Oncor sale that cannot be governed by the Amended Proposed Order.  If the Amended Proposed Order were intended to govern the process for approval of a stalking horse bidder, the Oncor auction and the resulting sale, the EFIH Ad Hoc Committee would take issue with numerous discovery deadlines included in the Amended Proposed Order.  However, the EFIH Ad Hoc Committee understands from the Debtors that the Amended Proposed Order will not apply to any litigation in connection with the Oncor sale process—including any plan-related issues that may arise in connection therewith.  This should be stated explicitly in the Amended Proposed Order.

---

[8] Further, because the Amended Proposed Order does not require that secured creditors—which make up several significant and active constituencies in these cases—coordinate their discovery requests with unsecured creditors, *see* Amended Proposed Order ¶ 27, it is unclear how effective the coordination requirement on unsecured creditors will be in avoiding duplication.

**III.    The Scope of the Meditation Should Be Limited to Intercreditor Issues Affecting the T-Side Estates or, Alternatively, the EFIH Ad Hoc Committee Must Be Given the Opportunity to Participate in the Mediation from the Outset**

7.    In the Amended Proposed Order, the Debtors seek approval of procedures governing a mediation of "issues regarding the terms of the Plan." *See* Amended Proposed Order ¶¶ 10, 16.  The prospect of mediation first arose in the context of the *Stipulation and Agreed Order Regarding the Adjournment of Standing Motions* [D.I. 4140] (the "Standing Motion Stipulation") and was properly limited to the Debtors and other T-Side stakeholder groups—namely the T-Side Committee, the T-Side secured and unsecured ad hoc creditor groups and the T-Side indenture trustees (collectively, the "Mediation Parties").  Given the mediation participants and the context in which mediation surfaced—an adjournment of multiple standing motions requesting authority to pursue claims and defenses with respect to the TCEH first lien lenders—the mediation was presumably directed towards resolution of such issues.  However, the Amended Proposed Order filed on Friday, April 24, 2015, seeks to broaden the scope of this mediation to include all "issues regarding the terms of the Plan," *see* Amended Proposed Order ¶ 16, yet does not give the opportunity for all creditor constituencies (including E-Side creditors and, specifically, the EFIH Ad Hoc Committee) to participate in the mediation from the outset.

8.    The EFIH Ad Hoc Committee submits that the scope of the mediation should be limited to the resolution of issues and disputes which solely impact T-Side constituencies.  If, at a later date, the Debtors desire to broaden the scope of the mediation to address Plan issues relating to both the T-Side estates and the E-Side estates, then the Debtors should make such request to all creditor groups at such time.

9.    Alternatively, if the Court is inclined to allow the mediation to broadly cover all Plan issues, the EFIH Ad Hoc Committee must be given the opportunity to participate from the

outset, including in selecting a mediator and the negotiation of any mediation-related order. While the Amended Proposed Order gives the Mediator discretion to allow any other party to participate in the mediation, *see* Amended Proposed Order ¶ 25, the "who" and "when" of this is unknown. As currently drafted, the Amended Proposed Order contemplates that each of the various E-Side creditors will wait on the sideline until the Mediator determines whether they should be invited to participate in the mediation. Moreover, there is no assurance that the EFIH Ad Hoc Committee will be one of the parties that the Mediator selects to invite to participate in the mediation (assuming that the Mediator elects to invite any E-Side constituency).

10. The uncertainty surrounding this proposed broad mediation creates the potential for certain parties' involvement to be delayed or to be excluded from the process altogether. Accordingly, to the extent the mediation includes all issues regarding the Plan, the EFIH Ad Hoc Committee should be included as a "Mediation Party" from the outset.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this Limited Objection, the EFIH Ad Hoc Committee respectfully requests that the Court require the Debtors to further amend the Amended Proposed Order to (a) provide clarity regarding the role of the Creditors' Committees in coordinating discovery requests, (b) clarify that discovery related to the Oncor auction and sale will not be limited by entry of the Amended Proposed Order, and (c) limit the scope of the proposed mediation to T-Side intercreditor issues or, alternatively, allow the EFIH Ad Hoc Committee to participate in the plan mediation as a "Mediation Party" from the outset.

| | |
|---|---|
| Dated: April 27, 2015<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ William E. Chipman*<br>William E. Chipman (No. 3818)<br>Mark Olivere (No. 4291)<br>Ann M. Kashishian (No. 5622)<br>1007 North Orange Street, Suite 1110<br>Wilmington, DE 19801<br>Telephone:   (302) 295-0191<br>Facsimile:   (302) 295-0199<br>Email:   chipman@chipmanbrown.com<br>   olivere@chipmanbrown.com<br>   kashishian@chipmanbrown.com<br><br>*- and -*<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>One Bryant Park<br>New York, NY 10036<br>Telephone:   (212) 872-1000<br>Facsimile:   (212) 872-1002<br>Email:   idizengoff@akingump.com<br>   aqureshi@akingump.com<br><br>Scott L. Alberino (admitted *pro hac vice*)<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Telephone:   (202) 887-4000<br>Facsimile:   (202) 887-4288<br>Email:   salberino@akingump.com<br><br>*Co-Counsel for the EFIH Ad Hoc Committee* |