## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| DELAWARE TRUST COMPANY as INDENTURE TRUSTEE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding |
| | ) No. 14-50363 (CSS) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding |
| | ) No. 14-51002 (CSS) |
| UMB BANK, N.A., as INDENTURE TRUSTEE, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
## HEARING ON MAY 4, 2015 STARTING AT 9:30 A.M. (EDT)[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The May 4, 2015 (the "May 4th Hearing") hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 9:30 a.m. (EDT). Any

# I.    CONTINUED/WITHDRAWN MATTERS:

1.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1682; filed July 23, 2014]

Response/Objection Deadline:    August 6, 2014 at 4:00 p.m. (EDT)

Supplemental Objection Deadline
(for Asbestos claims bar date only):    April 7, 2015 at 4:00 p.m. (EDT); extended to May 25, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1791; filed August 8, 2014]

B.    *Corrected* Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1796; filed August 11, 2014]

C.    Debtors' Reply in Support of Bar Date With Respect to Asbestos Claims [D.I. 1804; filed August 11, 2014]

Related Documents:

i.    Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the

---

person who wishes to appear telephonically at the May 4th Hearing must contact COURTCALL, LLC at **866-582-6878** prior to **12:00 p.m. (noon) (EDT) on Friday, May 1, 2015** to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1866; filed August 18, 2014]

ii.    Supplemental Brief of the Personal Injury Law Firms in Opposition to the Imposition of a Claims Bar Date Affecting Present and Future Asbestos Personal Injury Claimants [D.I. 1983; filed September 9, 2014]

iii.    Debtors' Supplemental Brief in Support of Bar Date with Respect to Asbestos Claims [D.I. 1984; filed September 9, 2014]

iv.    Opinion [D.I. 3183; filed January 7, 2015]

v.    Statement of the EFH Official Committee Regarding Asbestos Claimants with Unmanifested Injuries [D.I. 3329; filed January 19, 2015]

vi.    Notice of Filing of Proposed Form of "Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof" [D.I. 3965; filed March 24, 2015]

vii.    Debtors' Supplemental Memorandum of Law with Respect to the Bar Date Motion and in Support of (A) the Form of and Manner for Filing Asbestos Proofs of Claim and (B) the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claim [D.I. 3966; filed March 24, 2015]

viii.    Declaration of Cameron Azari in Support of the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claims [D.I. 3967; filed March 24, 2015]

ix.    Declaration of James Katchadurian in Support of the Bar Date Motion and in Support of (A) the Form of and Manner for Filing Asbestos Proofs of Claim and (B) the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claim [D.I. 3968; filed March 24, 2015]

x.    Re-Notice of "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof" [D.I. 1682] Solely with Respect to the Establishment of a Bar Date Applicable to Present and Future Asbestos Personal Injury Claimants [D.I. 4343; filed April 28, 2015]

Status: The hearing on this matter as it relates to an asbestos claims bar date is continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

2.    Motion of Pallas Realty Advisors, Inc. for Entry of an Order Extending the Deadline to File Proof of Claim, or Alternatively Allowing Late-Filed Proof of Claim [D.I. 2602; filed October 28, 2014]

<table>
<tr><td>Response/Objection Deadline:</td><td>November 18, 2014 at 4:00 p.m. (EST); extended to March 3, 2015 at 4:00 p.m. (EST); further extended to April 7, 2015 at 4:00 p.m. (EDT); further extended to May 6, 2015 at 4:00 p.m. (EDT)</td></tr>
<tr><td>Responses/Objections Received:</td><td>None at this time.</td></tr>
</table>

Status: The hearing on this matter has been continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT).

3.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2662; filed October 30, 2014]

Response/Objection Deadline:    November 13, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition Date [D.I. 2771; filed November 14, 2014]

B.    Debtors' Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2798; filed November 18, 2014]

Related Documents:

i.    Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2663; filed October 30, 2014]

ii.    Declaration of Dan Buhman in Support of Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to

Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition Date [D.I. 2772; filed November 14, 2014]

iii. Motion for Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2781; filed November 17, 2014]

iv. Order Granting Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2796; filed November 18, 2014]

v. Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of the Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2803; filed November 18, 2014]

vi. Order Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 2838; filed November 21, 2014]

vii. Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3115; filed December 22, 2014]

viii. Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3181; filed January 7, 2015]

ix. Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3503; filed February 10, 2015]

x. Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3730; filed March 3, 2015]

xi. Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 4095; filed April 9, 2015]

Status: By agreement of the parties, the hearing on this matter has been continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT).

4.     Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:        December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

B.     Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.     Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.     Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.     Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient

Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.    Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A. On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

5.    Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:    December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.      Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.     Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.      Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims.  On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT).  Consequently, no hearing with respect to this matter is required at this time.

6.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:    December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.    Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.    Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

7.    Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:          January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.    Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.    Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

8.    Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.    Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.     Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

9.      Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:          February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.      Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.  Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.  Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

10.  Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.    Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

iv.     Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

11.     Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                       April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.    Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.     Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.     Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.      Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii.   Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.     Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.      Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

<p style="margin-left: 2em;"><u>Status</u>: The hearing on this matter is continued to the omnibus hearing scheduled for July 9, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.</p>

12.   Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Sealed) [D.I. 3596; filed February 19, 2015]

<u>Response/Objection Deadline</u>:    March 3, 2015 at 4:00 p.m. (EST)

<u>Reply Deadline</u>:    April 1, 2015 at 4:00 p.m. (EDT)

<u>Responses/Objections Received</u>:

A.   Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.   Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.   Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.   Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

E.   Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

F.   Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.   Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

H.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.    Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.      Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.     Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for July 9, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

13.     Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:        March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                     April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.      Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.      Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.      Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.      Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.      Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims;

and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.    Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.    Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.    Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.    Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative

Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for July 9, 2015 starting at 9:30 a.m. (EDT).  Consequently, no hearing with respect to this matter is required at this time.

14.     Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:        March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie Paterson [D.I. 3971; filed March 25, 2015]

B.      Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

iii.    Certification of Counsel Regarding "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3896] [D.I. 4082; filed April 8, 2015]

iv.     Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H.   On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.   All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

15.   Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 3961; filed March 24, 2015]

Response/Objection Deadline:        April 7, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., et al. for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective Nunc Pro Tunc to March 24, 2015 [D.I. 4069; filed April 6, 2015]

B.     Debtors' Reply to Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources, LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4100; filed April 9, 2015]

Related Documents:

i.      Declaration of Robert Frenzel in Support of the Motion of Energy Future
        Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy
        Company LLC to Reject a Certain Executory Contract with Cloud Peak
        Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I.
        3962; filed March 24, 2015]

ii.     Supplemental Declaration of Robert Frenzel in Support of the Motion of
        Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing
        Luminant Energy Company LLC to Reject a Certain Executory Contract
        with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to
        March 24, 2015 [D.I. 4101; filed March 9, 2015]

iii.    Order Approving Stipulation Between Energy Future Holdings Corp., *et
        al.*, and Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to
        March 24, 2015 [D.I. 4157; filed April 14, 2015]

Status: By agreement of the parties, the hearing on this matter has been continued
        to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m.
        (EDT).

16.     Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive
        Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and
        Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

        Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

        Responses/Objections Received:      None.

        Related Documents:

        i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez &
                Marsal North America, LLC, in Support of the Debtors' Fourteenth
                Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No
                Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of
                the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local
                Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

        ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors'
                Fourteenth Omnibus (Substantive) Objection to (Certain Substantive
                Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to
                Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,
                and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20,
                2015]

iii.   Certification of Counsel Regarding "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4050] [D.I. 4261; filed April 24, 2015]

iv.   Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

Status:   The individual status of each claim subject to this matter is listed on the attached Exhibit I.   On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.   All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

17.   Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:          April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

      iii.     Certification of Counsel Regarding "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4052] [D.I. 4262; filed April 24, 2015]

      iv.     Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

      Status: The individual status of each claim subject to this matter is listed on the attached Exhibit J. On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for June 1, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

18.     Motion for Entry of an Order Authorizing Energy Future Holdings Corp., *et al.*, to File Redacted Portions of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions Under Seal [D.I. 4139; filed April 14, 2015]

      Response/Objection Deadline:     April 27, 2015 at 4:00 p.m. (EDT)

      Responses/Objections Received:     None.

      Related Documents:

      i.     Notice of Withdrawal of "Motion for Entry of an Order Authorizing Energy Future Holdings Corp., *et al.*, to File Redacted Portions of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions Under Seal" [D.I. 4139] [D.I. 4268; filed April 24, 2015]

      Status: On April 24, 2015, the Debtors withdrew this matter without prejudice (see D.I. 4268). Consequently, no hearing with respect to this matter is required.

## II.   **CONTESTED MATTERS GOING FORWARD:**

19.     Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

      Response/Objection Deadline:     April 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

C.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Fayetta Allen [D.I. 4109; filed April 9, 2015]

D.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melba Clark [D.I. 4111; filed April 9, 2015]

E.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

F.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Rita Marks [D.I. 4132; filed April 13, 2015]

G.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

H.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

I.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

J.      Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

K.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

L.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit K.  The Debtors intend to file a revised form of order under a certification of counsel with respect to this matter prior to the hearing providing for this matter to be (i) sustained as to all uncontested

claims subject thereto and (ii) continued as to all contested claims subject thereto.

20. Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4138; filed April 14, 2015]

Response/Objection Deadline:    April 27, 2015 at 4:00 p.m. (EDT)

Reply Deadline:    April 29, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection of Alcoa Inc. to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4298; filed April 27, 2015]

B.    Limited Objection of the EFH Official Committee Regarding Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4317; filed April 27, 2015]

C.    Limited Objection of Wilmington Savings Fund Society, FSB to Debtors' Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4318; filed April 27, 2015]

D.    Objection of EFH Notes Indenture Trustee to Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4319; filed April 27, 2015]

E.    Objection of the EFIH Second Lien Notes Indenture Trustee to Debtors' Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4320; filed April 27, 2015]

F.    Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4327; filed April 27, 2015]

G.    Statement of No Objection and Limited Reservation of Rights of the Official Committee of TCEH Unsecured Creditors Regarding the Proposed Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement, and (C) Appointing a Mediator and Establishing the Terms Governing Mediation [D.I. 4329; filed April 27, 2015]

H.    Response and Reservation of Rights of the Ad Hoc Committee of TCEH First Lien Creditors to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4331; filed April 27, 2015]

I.    Limited Objection of the EFIH Ad Hoc Committee to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [D.I. 4332; filed April 27, 2015]

Related Documents:

i.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

ii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

iii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015] (the "Stipulation")

iv.    Notice of Filing of Amended Proposed Order Establishing a Confirmation Schedule and Appointing a Mediator [D.I. 4274; filed April 24, 2015]

Status: The Debtors intend to file a reply in further support of this matter by April 29, 2015 at 4:00 p.m. (EDT). The hearing to consider approval of this matter and the related Stipulation will go forward.

## III.   MATTER GOING FORWARD IN ADVERSARY 14-50363:

21.   Plaintiff-Trustee's Motion to Alter or Amended Judgment to Clarify that the Order Dated March 26, 2015 is not a Final Judgment [D.I. 4065/Adv. D.I. 254; filed April 6, 2015]

Response/Objection Deadline:   April 20, 2015 at 4:00 p.m. (EDT); extended to April 30, 2015 at 12:00 p.m. (noon) (EDT) for the Debtors only

Related Documents:

i.   Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) An Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) A Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay [D.I. 74; filed April 29, 2014]

ii.   Complaint for Declaratory Relief [D.I. 470/Adv. D.I. 1; filed May 15, 2014]

iii.   Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration [D.I. 473; filed May 15, 2014]

iv.   EFIH Debtors' Cross-Motion for Summary Judgment [Adv. D.I. 175; filed February 13, 2015]

v.   EFIH Debtors' Memorandum in Support of Their Cross-Motion for Summary Judgment [Adv. D.I. 176; filed February 13, 2015]

vi.   Plaintiff-Trustee's Motion for Summary Judgment [Adv. D.I. 178; filed February 13, 2015]

vii.   Plaintiff-Trustee's Memorandum in Support of Motion for Summary Judgment (Redacted) [Adv. D.I. 179; filed February 13, 2015]

viii.   Findings of Fact and Conclusions of Law Regarding Cross-Motions for Summary Judgment [D.I. 3984/Adv. D.I. 245; filed March 26, 2015]

ix.   Order [D.I. 3985/Adv. D.I. 246; filed March 26, 2015]

Status: The parties are in discussions concerning a potential agreed adjournment of this matter to a subsequent hearing date.  The Debtors will keep Chambers apprised of the parties' scheduling discussions in connection with this matter.  Absent agreement of the parties to adjourn, the hearing on this matter will go forward.

## IV.   **ORAL ARGUMENT IN ADVERSARY 14-51002:**

22.   Adversary Complaint for Declaratory Judgment of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. [D.I. 3039/Adv. D.I. 1; filed December 16, 2014]

Answer Deadline:     February 6, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:     None at this time.

Related Documents:

i.   Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. D.I. 3; filed December 17, 2014]

ii.   Order Granting Stipulation Between Debtors and Debtors in Possession and UMB Bank, N.A., as Indenture Trustee to Extend the Time to Answer, Move or Otherwise Plead in Response to the Complaint [Adv. D.I. 5; filed January 16, 2015]

iii.   UMB Bank, N.A.'s Motion to Dismiss the Complaint [Adv. D.I. 7; filed February 6, 2015] (the "Motion to Dismiss")

iv.   Memorandum of Law in Support of UMB Bank, N.A.'s Motion to Dismiss [Adv. D.I. 8; filed February 6, 2015]

v.   Certification of Counsel Substituting Corrected UMB Bank, N.A.'s Motion to Dismiss the Complaint and Proposed Order Granting UMB Bank, N.A.'s Motion to Dismiss the Complaint Due to Scrivener's Errors [Adv. D.I. 10; filed February 12, 2015]

vi.   EFIH Debtors' Opposition to UMB Bank N.A.'s Motion to Dismiss [Adv. D.I. 13; filed February 23, 2015]

vii.   Declaration of Jason M. Madron, Esq. in Support of the EFIH Debtors' Opposition to UMB Bank N.A.'s Motion to Dismiss [Adv. D.I. 14; filed February 23, 2015]

viii.    Reply in Further Support of UMB Bank, N.A.'s Motion to Dismiss [Adv. D.I. 18; filed March 5, 2015]

ix.    Joint Request for Oral Argument [Adv. D.I. 21; filed March 12, 2015]

x.    Notice of Completion of Briefing Related to UMB Bank, N.A.'s Motion to Dismiss the Complaint [Adv. D.I. 27; filed March 19, 2015]

Status: As directed by the Court on the record of the April 14, 2015 omnibus hearing, oral argument on the Motion to Dismiss will go forward at the hearing.


*[Remainder of page intentionally left blank.]*

Dated: April 29, 2015
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                       marc.kieselstein@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*