IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | **Re: Docket Nos. 4138, 4274, 4317 and 4319** |
| | ) | |
| | ) | **Hearing Date: May 4, 2015, at 9:30 a.m.** |

**OMNIBUS REPLY OF THE DISINTERESTED DIRECTORS OF DEBTOR ENERGY FUTURE HOLDINGS CORP. TO CERTAIN CREDITORS' OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND DEBTORS' DISCLOSURE STATEMENT**

Donald L. Evans and Billie I. Williamson, the disinterested directors (together, the "Disinterested Directors") of the board of directors of debtor Energy Future Holdings Corp. ("EFH Corp."), by and through counsel, hereby submit this omnibus reply to (i) the limited objection of the official committee (the "EFH/EFIH Committee") of unsecured creditors of EFH Corp., Energy Future Intermediate Holding Company LLC ("EFIH"), EFIH Finance Inc., and EECI, Inc. [Docket No. 4317] and (ii) the objection of American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures set forth in Schedule 1 to the objection [Docket No. 4319] to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement [Docket No. 4138] (the "Motion").

**Reply**

1. Although the scope of the Motion is limited to setting certain hearing dates, deadlines and establishing certain discovery protocols in connection with the Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 4143] and the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 4142] (the "Plan"), several parties in interest use the Motion as a pretext for objecting to the Plan and the proposed settlement of inter-debtor claims and conflict matters (the "Proposed Settlement"), which Proposed Settlement is incorporated into the Plan and subject to Plan confirmation. For example, the EFH/EFIH Committee concedes in its pleading that it does not object to the establishment of a schedule and discovery protocols or even to the suggested schedule, but then launches into a multi-page attack on the wisdom of the Proposed Settlement.

2. To be sure, at the appropriate time, the Disinterested Directors will make the requisite showing to the Court for approval of the Proposed Settlement as part of Plan confirmation. For now, however, the Disinterested Directors want to highlight two critical facts, which may be obscured by the volume and extent of premature and vitriolic attacks on the wisdom of the Proposed Settlement by the EFH/EFIH Committee and by the EFH Indenture Trustee.

3. First, as evidenced by the Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization filed on April 14, 2015 [Docket No. 4147] (the "Statement"),

the Proposed Settlement was discussed, evaluated and negotiated in the context of the ongoing Oncor sale process and with reference to various ranges of potential Oncor enterprise values. While no final bid for Oncor has been secured, the illustrative waterfall schedule attached as Schedule C to Exhibit 1 to the Statement demonstrates that an Oncor enterprise value of $18.5 billion would result, under the debtors' Plan, in $1.274 billion of distributable value to creditors of EFH Corp., which creditors, inclusive of the Proposed Settlement, would hold aggregate claims of $1.4 billion.[2] Thus, the hue and cry from "E-side" constituents regarding the Proposed Settlement is premature and unripe given the ongoing Oncor sale process. Frankly, this disconnect calls into question whether the purpose of the E-side "objections" is to advance the cause of resolving the issues facing these estates or erect costly hurdles to any such progress. Put simply, there is a real Plan filed that will be funded from proceeds realized through the ongoing Oncor sale process, in which round two bids have been received and which now involves choosing a stalking horse bid.

4. Second, the criticism leveled by the EFH/EFIH Committee and the EFH Indenture Trustee that the Proposed Settlement is "illusory" because it affords the Disinterested Directors a "fiduciary out" is misplaced. Even if the Proposed Agreement did not contain such an express provision, the Disinterested Directors would retain a "fiduciary out" in order to fulfill their respective responsibilities as fiduciaries. Given the fluidity of circumstances in these chapter 11 proceedings, nothing less would be reasonable. The rationale for expressly stating the existence of the "fiduciary out" is to make transparent the fact that EFH Corp., through its Disinterested Directors, retains flexibility to respond to potential contingencies, including, but not limited to

---

[2] Distributable value to EFH Corp. is threatened, of course, by creditors of EFIH who together are seeking post-petition to expand their claims by approximately $1.344 billion based on "make whole" and post-petition interest claims that EFIH opposes on various grounds as invalid.

(1) the presentation of a competing plan that yields greater distributable value,[3] (2) the tax consequences of any competing plan, (3) rulings by the Court on make whole litigation or other matters and (4) creditor support or opposition.  Put simply, if a party in interest has a better plan, bring it on so it can properly be vetted.

5. The Disinterested Directors will refrain for now from responding to (and reserve all rights to address) arguments about enterprise valuation, bar dates and other issues attacking the wisdom of the Proposed Agreement or the Plan.  Those matters are not germane to the Motion before the Court, but will be dealt with at the appropriate time.

6. The Disinterested Directors respectfully urge the Court to enter the proposed order approving the Motion as requested by the debtors.

[*Remainder of page intentionally left blank; signature page to follow*.]

---

[3] It bears noting that the creditor constituencies have had over twelve months in chapter 11 and over two years prior to chapter 11 to propose confirmable, feasible plans, but to date have not done so.  Certainly, if ever an alternative, feasible plan is proposed, it will be seriously evaluated.  As of now, however, the only plan in play is the Plan currently on record with the Court.

|  |  |
|---|---|
| Dated:  April 29, 2015<br>       Wilmington, Delaware | **O'KELLY ERNST &BIELLI, LLC**<br><br>*/s/*<br>David M. Klauder (No. 5769)<br>Shannon J. Dougherty (No. 5740)<br>901 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Phone: (302) 778-4000<br>Fax: (302) 295-2873<br>dklauder@oeblegal.com<br>sdougherty@oeblegal.com<br><br>-and-<br><br>**PROSKAUER ROSE LLP**<br><br>Jeff J. Marwil (admitted *pro hac vice*)<br>Mark K. Thomas (admitted *pro hac vice*)<br>Peter J. Young (admitted *pro hac vice*)<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL  60602-4342<br>Telephone:  (312) 962-3550<br>Facsimile:  (312) 962-3551<br><br>*Co-Counsel for Debtor Energy Future Holdings Corp.* |