**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1] | ) ) ) | Case No. 14-10979 (CSS) (Jointly Administered) |
| Debtors. | ) ) | |

**TENTH MONTHLY FEE APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2015 THROUGH MARCH 31, 2015**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | October 20, 2014 (Effective May 19, 2014) |
| Period for which compensation and reimbursement are sought: | March 1, 2015 through March 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $885,558.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $730.57 |

This is an:    _X_ monthly   ___ interim   ___ final application.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| ENERGY FUTURE HOLDINGS CORP., *et al.* | ) Case No. 14-10979 (CSS) ) (Jointly Administered) |
| Debtors. | ) ) |

### TENTH MONTHLY FEE APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2015 THROUGH MARCH 31, 2015

This tenth monthly fee application for compensation and reimbursement of expenses (the "Fee Application") is filed by FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI") requesting payment for services rendered and reimbursement of costs expended as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "TCEH Debtors")[2] for the period of March 1, 2015 through March 31, 2015 (the "Application Period"). In support of this Fee Application, FTI respectfully states as follows:

### Jurisdiction

1.  The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

2

**Background**

2. On April 29, 2014 (the "Petition Date"), the TCEH Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The TCEH Debtors are operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3. On May 12, 2014 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven members:

> (a) Pension Benefit Guaranty Corporation;
> (b) HCL America, Inc.;
> (c) The Bank of New York Mellon;
> (d) Law Debenture Trust Company of New York
> (e) Holt Texas LTD, d/b/a Holt Cat
> (f) ADA Carbon Solution (Red River); and
> (g) Wilmington Savings Fund Society.

On May 14, 2014, the Committee selected Morrison & Foerster LLP ("MoFo") and Polsinelli PC to serve as Committee counsel. On May 16, 2014, the Committee selected Lazard Frères & Co. LLC ("Lazard") to serve as its investment banker, and on May 19, 2014, the Committee selected FTI as its financial advisor.

4. On July 25, 2014 FTI filed its retention application. On October 20, 2014 the Court entered an order approving the retention of FTI as financial advisor to the Committee effective as of May 19, 2014 (the "Retention Order") [Docket No. 2507]**.**

**Relief Requested**

5.  FTI submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order") [Docket No. 220], Del. Bankr. LR 2016-2 and the Retention Order.  By this Fee Application, FTI seeks interim allowance of compensation for actual and necessary professional services rendered in the amount of $708,446.40 for the Application Period (80% of total fees of $885,558.00), and seeks the allowance and payment of 100% of its actual and necessary expenses in the amount of $730.57, in accordance with the terms of the Administrative Order.

**Summary of Fees**

6.  The total number of hours expended by FTI professionals and paraprofessionals in performing professional services for the Committee during the Application Period was 1,431.3 hours.  Pursuant to the Retention Order, FTI is entitled to monthly compensation for its services provided to the Committee at its current hourly rates, plus reimbursement of necessary out of pocket expenses.

7.  Services rendered by each professional and paraprofessional during the Application Period and a summary of the time incurred by project code are attached hereto as **Exhibit A** and **Exhibit B**.

**Actual and Necessary Costs and Expenses Incurred**

8.  Reimbursement of expenses in the amount of $730.57 is sought herein.  A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Application Period, and an itemization of each expense within each category, is attached as **Exhibit C** and **Exhibit D**. FTI reserves the right to request, in subsequent fee applications,

reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured in FTI's billing system on the date of filing this Fee Application.

## Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules

9. In accordance with Del. Bankr. LR 2016-2, a summary schedule of hours and fees for each professional, and a summary of hours and fees categorized by project code are attached. The undersigned submits that this Fee Application complies with Del. Bankr. LR 2016-2 and the Retention Order.

10. FTI submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of the Bankruptcy Code and Bankruptcy Rules.

11. No agreement or understanding exists between FTI and any other entity (other than shareholders or employees of FTI), except with respect to Cambridge Energy Solutions ("CES")[3], for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

*[Remainder of page left intentionally blank.]*

---

[3] As disclosed in paragraph 6 of the Retention Order and the *Supplemental Declaration of Steven Simms in Support of Application for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Section 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014.*

**Notice**

As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) Energy Future Holdings Corp.; (b) co-counsel for the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors', Richards Layton & Finger, P.A.; (d) the Office of the United States Trustee for the District of Delaware; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP; (f) counsel for the TCEH First Lien DIP Facility, Milbank, Tweed, Hadley & McCloy LLP; (g) counsel to the Committee of Unsecured Creditors, Morrison & Foerster LLP; and (h) counsel to the Fee Committee, Godfrey & Kahn, S.C.  Notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, FTI respectfully requests an award of compensation for professional services rendered as financial advisor to the Committee during the Application Period in the amount of $708,446.40 (80% of total fees of $885,558.00), together with the reimbursement of expenses in the amount of $730.57 pursuant to the Administrative Order; and such other and further relief that the Court deems just and proper.[4]

Dated: April 29, 2015                                          FTI CONSULTING, INC.

                                                               By: */s/ Matthew Diaz*
                                                                   Matthew Diaz
                                                                   Three Times Square
                                                                   New York, NY 10036
                                                                   Telephone: 212-499-3611
                                                                   E-mail: matthew.diaz@fticonsulting.com

---

[4] Paragraph 2(b) of the Administrative Order requires Professionals (as defined in the Administrative Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "Direct Benefit Fees").  FTI has incurred fees and expenses for the collective benefit of the TCEH Debtors.  As a result, FTI has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Administrative Order.  Thus, all of FTI's fees and expenses identified in this Monthly Fee Statement should be paid by the TCEH Debtors.

## **VERIFICATION PURSUANT TO DEL. BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)**

I, Matthew Diaz, verify as follows:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI"). FTI has rendered professional services to the Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 case.

2. I have read the foregoing application of FTI for compensation and reimbursement of expenses (the "Fee Application"). To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del.Bankr.LR 2016-2, and the Executive Office for the United States Trustee.

Executed on: April 29, 2015               FTI CONSULTING, INC.

                                          By: */s/ Matthew Diaz*
                                             Matthew Diaz
                                             Three Times Square
                                             New York, NY 10036
                                             Telephone: 212-499-3611
                                             E-mail: matthew.diaz@fticonsulting.com

                                             *Financial Advisors to the Official*
                                             *Committee of Unsecured Creditors*

7