**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: D.I. 4138, 4344** |

**THE DEBTORS' OBJECTIONS TO THE
EFH INDENTURE TRUSTEE'S 30(b)(6) DEPOSITION NOTICE IN CONNECTION
WITH THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.,* FOR
ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND
DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION
WITH THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND
THE APPROVAL OF DEBTORS' DISCLOSURE STATEMENT**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7030, 9014, and 9016, as well

as Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, the above captioned debtors and

debtors in possession in these chapter 11 cases (collectively, the "Debtors"), hereby respond and

object to the EFH Indenture Trustee's Rule 30(b)(6) Notice (the "Notice") dated April 29, 2015

[D.I. 4344] relating to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order

Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in

Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of

Debtors' Disclosure Statement* [D.I. 4138], (the "Scheduling Motion").[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Defined terms have the same meaning as in the Notice unless otherwise noted.

**OBJECTIONS TO 30(b)(6) TOPICS**

The Debtors object to the Notice in its entirety.  The Notice purports to seek testimony relating to the Debtors' Scheduling Motion.  In fact, the transparent purpose of the Notice, like the EFH Indenture Trustee's Objection to the Scheduling Motion, is to launch a collateral attack on the merits of the Plan and its proposed settlement of inter-debtor claims (the "Proposed Settlement").  That purpose is improper, and the Notice is inappropriate, irrelevant, untimely, and unduly burdensome.

*First*, the Notice inappropriately seeks to engage a fact witness in a legal debate.  The Scheduling Motion does not seek any **substantive** relief with respect to any aspect of the Plan—it merely seeks to implement a structured, orderly **process** for Plan confirmation.  The form that process should take is purely a legal question.  Accordingly, there are no fact issues to be resolved in connection with the Scheduling Motion, and the Debtors have submitted no declarations and will call no witnesses at the Scheduling Motion hearing.

Yet the Notice demands a witness to testify to the terms of the proposed Scheduling Order.  In particular, the Notice requests testimony as to "alternative procedures" for resolving disputes over the Proposed Settlement, and "[a]ll the reasons" why the Scheduling Order cannot or should not adopt the EFH Indenture Trustee's preferred process for handling those disputes.  These are strictly legal issues, and the Debtors' reply in support of the Scheduling Motion explains at length why the EFH Indenture Trustee's preferred approach—which would divorce the Proposed Settlement from Plan confirmation—is counterproductive.  It is not appropriate for the EFH Indenture Trustee to attempt to depose a lay witness on those legal arguments.

*Second*, the Notice is irrelevant to the Scheduling Motion insofar as it sets up a deposition on the merits of the Proposed Settlement.  The EFH Indenture Trustee used their Objection to the

RLF1 11888629v.1

Scheduling Motion as a platform to criticize the Proposed Settlement, and appears to intend to use a deposition for the same purpose, as many of the topics touch on the same issues raised in the Objection.

Any such discovery efforts are irrelevant at this stage. The Scheduling Motion hearing is not the right forum to resolve the Proposed Settlement's merits, which have nothing to do with the proposed Scheduling Order's merits and which will be addressed in due course in the Confirmation Proceedings. Accordingly, discovery into the Proposed Settlement must be channeled into the Confirmation Proceedings, which have not yet commenced.

*Third*, the Notice is untimely and would impose an undue burden on the Debtors. The EFH Indenture Trustee first saw a draft of the Debtors' proposed Scheduling Order and a draft term sheet including a global settlement of intercompany claims ***more than two months ago***, in mid-February 2015. The Debtors circulated the Plan on April 3, 2015. The Debtors filed the Scheduling Motion and the Plan on April 13, 2015, and the EFH Indenture Trustee filed its Objection on April 27, 2105. Nevertheless, it waited until April 29, 2015 to notice seven 30(b)(6) topics for deposition on May 1, 2015, a mere 48 hours after service and just one business day before the Scheduling Motion hearing. The Notice thus provides insufficient time to respond and unduly burdens the Debtors.

Nothing in these objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of the EFH Indenture Trustee's definition of any term. The Debtors incorporate their General Objections to the Rule 30(b)(6) topics in all of their Responses as if they were fully stated therein, and specifically object to each topic as follows:

3

**Topic No. 1**

The manner in which, if at all, the EFH Disinterested Directors or their counsel were involved with the preparation and approval of the Plan Procedures in the Scheduling and Procedures Motion.

**Response to Topic No. 1**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to this topic to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The Debtors will not tender a witness on this topic.

**Topic No. 2**

All reasons that the proposed Plan Procedures in the Scheduling and Procedures Motion cannot include provisions providing for the filing of any Alleged T-Side Intercompany Claims (including, but not limited to, claims related to Tax Allocation Matters and any claims under chapter 5 of the Bankruptcy Code) and all reasons why the Debtors' Schedules of Assets and Liabilities and Statements of Affairs cannot be amended to reflect any Alleged T-Side Intercompany Claims subject to settlement under the Debtors' Proposed Plan.

**Response to Topic No. 2**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to the extent this topic calls for a legal conclusion.  The Debtors further object to this topic to the extent

4

that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The Debtors will not tender a witness on this topic.

**Topic No. 3**

All reasons the Plan Procedures should not provide for parties-in-interest to be able to object to the Alleged T-Side Intercompany Claims.

**Response to Topic No. 3**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to the extent this topic calls for a legal conclusion.  The Debtors further object to this topic to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The Debtors will not tender a witness on this topic.

**Topic No. 4**

All reasons that the Plan Procedures cannot be modified to provide for each Alleged T-Side Intercompany Claim proposed to be settled under the Proposed Intercompany Plan Settlement can't be subject to estimation or actually determined prior to September 15, 2015.

**Response to Topic No. 4**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to the extent this topic calls for a legal conclusion.  The Debtors further object to this topic to the extent

RLF1 11888629v.1

that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors will not tender a witness on this topic.

**Topic No. 5**

The alternative procedures for the prompt determination of the merits of the Alleged T-Side Intercompany Claims, if any, evaluated by the EFH Disinterested Directors.

**Response to Topic No. 5**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to the extent this topic calls for a legal conclusion. The Debtors further object to this topic to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. The Debtors will not tender a witness on this topic.

**Topic No. 6**

The documents, if any, that exist which demonstrate any analysis undertaken by the EFH Disinterested Directors in connection with evaluating alternative procedures for the prompt determination of the merits of the Alleged T-Side Intercompany Claims.

**Response to Topic No. 6**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to the extent this topic calls for a legal conclusion. The Debtors further object to this topic to the extent

6

that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The Debtors will neither tender a witness nor produce any documents on this topic.

**Topic No. 7**

The amount of time spent, if any, by the EFH Disinterested Directors evaluating alternative procedures for the prompt determination of the merits of the Alleged T-Side Intercompany Claims.

**Response to Topic No. 7**

In addition to the General Objections, the Debtors specifically object to this topic as overly broad, unduly burdensome, irrelevant to the Scheduling Motion, and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to the extent this topic calls for a legal conclusion.  The Debtors further object to this topic to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  The Debtors will not tender a witness on this topic.

**GENERAL OBJECTIONS**

1.     The Debtors object to each 30(b)(6) topic to the extent it seeks information concerning the Proposed Settlement or the Plan, which are not before the Court in connection with the Scheduling Motion.

2.     The Debtors object to each 30(b)(6) topic to the extent it calls for any evidence to be presented to the Court in considering the Scheduling Motion.  There are no contested issues of fact relevant to the Scheduling Motion and the Court need not hold an evidentiary hearing to evaluate and resolve the Scheduling Motion.

RLF1 11888629v.1

3.      The Debtors object to the Notice as unduly burdensome in that it notices seven 30(b)(6) topics for deposition on less than 48 hours' notice.  The EFH Indenture Trustee was electronically served with the Scheduling Motion over two weeks before serving the Notice and received a draft of the proposed Scheduling Order two months ago.

4.      The Debtors object to each 30(b)(6) topic to the extent it calls for improper legal opinion testimony from lay witnesses, which is improper and unnecessary for the Court's consideration and resolution of the Scheduling Motion.

5.      The Debtors object to each 30(b)(6) Topic to the extent that it is duplicative, cumulative, redundant of other requests, and/or seeks information which could be obtained through other discovery methods.

6.      The Debtors object to each 30(b)(6) topic to the extent that it is overly broad, unduly burdensome, and/or seeks information which is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible on issues related to the Scheduling Motion.

7.      The Debtors object to each 30(b)(6) topic to the extent that it fails to describe the matters on which examination is requested with reasonable particularity.

8.      The Debtors object to each 30(b)(6) topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, or that would result in disclosure of counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.

9.      The Debtors object to each 30(b)(6) topic to the extent that it seeks material that may not be divulged by law.

10.     The Debtors object to each 30(b)(6) topic to the extent that it seeks disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The Debtors reserve the right to seek such protections pursuant to Federal Rule of Bankruptcy Procedure 7026(c)(1).

11.     The Debtors object to each 30(b)(6) topic to the extent that it purports to impose obligations on the Debtors greater than those required by Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026, 7030, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and any other applicable laws or rules.  The Debtors will comply with the obligations required by these Rules.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and Debtors expressly reserves its right to do so.

RLF1 11888629v.1

Dated:  April 29, 2015  
      Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

10