## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER APPROVING STIPULATION REGARDING A
CERTAIN PROOF OF CLAIM OF PALLAS REALTY ADVISORS, INC.**

Upon the *Stipulation Regarding a Certain Proof of Claim of Pallas Realty Advisors, Inc.* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and upon the record of this case and due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Stipulation is approved.

2.  The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified, as of April 29, 2014, to the extent set forth in the Stipulation and solely to the extent necessary for the Parties to effectuate the Stipulation and transactions contemplated therein, and shall not be modified except as expressly set forth herein and in the Stipulation.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

RLF1 11959910v.1

2

3. Without further order of the Court, the Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to, and in accordance with, this Order and the Stipulation.

4. The terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon entry of this Order.

5. The Court shall retain sole and exclusive jurisdiction to enforce the provisions of this Order and the Stipulation.

Dated: May ____, 2015
Wilmington, Delaware

                                                                           _____
                                                                           THE HONORABLE CHRISTOPHER S. SONTCHI
                                                                           UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Stipulation**

RLF1 11959910v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

### STIPULATION REGARDING A CERTAIN PROOF OF CLAIM OF PALLAS REALTY ADVISORS, INC.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Pallas Realty Advisors, Inc. ("Pallas" and, together with the Debtors, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (this "Stipulation"), and stipulate and agree as follows.

WHEREAS, on April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Court set the final date for filing proofs of claim in this case as October 27, 2014 (the "Bar Date") pursuant to orders entered on May 2, 2014 [D.I. 307] and August 18, 2014 [D.I. 1866], for customer and non-customer claims, respectively (collectively, the "Bar Date Orders");

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2

WHEREAS, the Bar Date Orders provide, *inter alia*, that all entities holding claims arising in connection with the Debtors prior to the Petition Date must file their claims such that they are actually received by Epiq Bankruptcy Solutions LLC (the "Claims Agent") on or before 5:00 p.m. (prevailing Eastern Time) on the Bar Date;

WHEREAS, on March 14, 2013, Debtor TXU Energy Retail Company LLC ("TXU"), a direct subsidiary of the Debtor Texas Competitive Electric Holdings Company LLC ("TCEH"), commenced suit against Pallas in Texas state court, in Dallas County District Court (the "Pallas Litigation") for failing to pay certain electricity charges;[2]

WHEREAS, on May 14, 2014, Pallas asserted certain counterclaims against TXU in the Pallas Litigation alleging, *inter alia*, that TXU collected excessive charges from Pallas (the "Counterclaims");[3]

WHEREAS, the Pallas Litigation is included in the TXU's Statement of Financial Affairs filed on October 28, 2014 [D.I. 1383];

WHEREAS, pursuant to the Bar Date Order, Pallas prepared a proof of claim (recorded as claim no. 9623 on the official claims register maintained by the claims agent in these chapter 11 cases) asserting an unsecured claim in an undetermined amount against TXU based on the Counterclaims (the "Proof of Claim");

WHEREAS, on the Bar Date, Pallas mailed the Proof of Claim to the Claims Agent by overnight mail;

---

[2] *TXU Energy Retail Co. v. Pallas Realty Advisors Inc.*, No. 13-02973 (116th Dist., Dallas County, Tex. Oct. 14, 2013).

[3] Defendant's Second Amended Counterclaim, *TXU v. Pallas* (116th Dist., Dallas County, Tex. May 14, 2013).

2

RLF1 11959910v.1

WHEREAS, on October 28, 2014 (one day after the Bar Date), Pallas filed the *Motion of Pallas Realty Advisors, Inc. for Entry of an Order Extending the Deadline to File Proof of Claim, or Alternatively Allowing Late-Filed Proof of Claim* [D.I. 2602] (the "Pallas Motion"), seeking entry of an order by the Court extending the Bar Date by one day for Pallas and deeming the Proof of Claim timely filed;

WHEREAS, the Proof of Claim was received by the Claims Agent on October 28, 2014 (one day after the Bar Date), and is listed on the official register maintained by the Claims Agent;

WHEREAS, based on the Debtors' reasonable review of their books and records, the Debtors believe that Pallas is the only entity that attempted to provide notice to the Debtors on the Bar Date of its intent to file a Proof of Claim one day after the Bar Date;

WHEREAS, the Debtors have determined that the unique set of circumstances surrounding Pallas's Proof of Claim do not apply to any other entities holding claims subject to the Bar Date;

WHEREAS, the Debtors and Pallas have determined that the compromise set forth herein is fair and reasonable; and

WHEREAS, the Debtors have determined that such compromise is in the best interests of the Debtors, the Debtors' estates, and their creditors.

**NOW, THEREFORE,** subject to the approval of the Court, it is hereby stipulated and agreed to by and among the Parties:

1. The Pallas Motion is deemed fully and finally resolved by this Stipulation and upon approval of the Stipulation by the Court, the Pallas Motion shall be deemed withdrawn without further action by the Parties.

2. The Debtors shall not object to the Proof of Claim as being untimely filed; *provided, however,* that nothing in this Stipulation shall prejudice the Debtors' rights to object to the Proof of Claim in any other respect.

3. In order to allow the Proof of Claim to be liquidated in amount by the courts of the State of Texas, the Parties have agreed that it is in their best interests for the automatic stay pursuant to section 362 of the Bankruptcy Code to be modified, as of the Petition Date, solely to the extent necessary to permit prosecution of the Pallas Litigation, *provided, however,* that any final judgment or settlement in favor of Pallas will be satisfied in accordance with the recovery provided to general unsecured creditors of TCEH under the plan of reorganization confirmed in the Debtors' chapter 11 cases (the "Potential Plan Recovery"), or any other recovery or distribution made under any section of the Bankruptcy Code, including Chapter 7.

4. Except as expressly provided herein, the automatic stay remains in full force and effect. No person or entity, including Pallas and any of its affiliates, agents, attorneys, or representatives, shall (a) have any direct recourse against any Debtor to recover on any final judgment or settlement in favor of Pallas (other than the Potential Plan Recovery) or (b) take any action to enforce, collect, assess, or recover all or any portion of any judgment from any of the Debtors, their estates or properties except through the Potential Plan Recovery.

5. Except as expressly provided for in this Stipulation, neither Pallas nor the Debtors shall be deemed to have waived any right or remedy under the Bankruptcy Code or otherwise, and nothing in this Stipulation shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity, including the Proof of Claim; (b) a waiver of the Debtors' rights to dispute any claim on any grounds other than timeliness with respect to the Proof of Claim; (c) a

promise or requirement to pay any claim, including the Proof of Claim; or (d) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an order of the Court approving the Stipulation.

9. If the Bankruptcy Court declines to approve the Stipulation, the provisions hereof shall be null, void and of no force and effect, and nothing contained herein shall be deemed an admission by any of the Parties.

10. This Stipulation shall be, upon approval by the Court, binding upon the Parties hereto and upon all of their controlled affiliates, assigns, and successors, as well as upon any chapter 11 trustee appointed in these chapter 11 cases (and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7).

11. The modification of the automatic stay under section 362 of the Bankruptcy Code, as applicable, set forth herein shall have no effect as to parties that are not a party to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such other parties and their claims or causes of action, if any, against the Debtors or their estates.

5

6

12. Each of the Parties shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

13. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

14. This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

15. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

16. Violations of the provisions of this Stipulation are subject to enforcement and the imposition of legal sanctions by the United States Bankruptcy Court for the District of Delaware in the same manner as any other court.

17. The Court shall retain sole and exclusive jurisdiction to enforce the provisions of this Order.

*[Signatures follow.]*

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.*
DEBTORS AND DEBTORS-IN-POSSESSION

By: _____/s/ Jason M. Madron_____
       **RICHARDS, LAYTON & FINGER, P.A.**
       Mark D. Collins (No. 2981)
       Daniel J. DeFranceschi (No. 2732)
       Jason M. Madron (No. 4431)
       920 North King Street
       Wilmington, Delaware 19801
       Telephone:  (302) 651-7700
       Facsimile:  (302) 651-7701
       Email:  collins@rlf.com
             defranceschi@rlf.com
             madron@rlf.com

       -and-

       **KIRKLAND & ELLIS, LLP**
       **KIRKLAND & ELLIS INTERNATIONAL LLP**
       Edward O. Sassower, P.C. (admitted *pro hac vice*)
       Stephen E. Hessler (admitted *pro hac vice*)
       Brian E. Schartz (admitted *pro hac vice*)
       601 Lexington Avenue
       New York, New York 10022-4611
       Telephone:  (212) 446-4800
       Facsimile:  (212) 446-4900
       Email:  edward.sassower@kirkland.com
             stephen.hessler@kirkland.com
             brian.schartz@kirkland.com

       -and-

       James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
       Marc Kieselstein, P.C. (admitted *pro hac vice*)
       Chad J. Husnick (admitted *pro hac vice*)
       Steven N. Serajeddini (admitted *pro hac vice*)
       300 North LaSalle
       Chicago, Illinois 60654
       Telephone: (312) 862-2000
       Facsimile: (312) 862-2200
       Email:  james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

       *Co-Counsel to the Debtors and Debtors in Possession*

PALLAS REALTY ADVISORS, INC.

By:       */s/ Jason P. Kathman*
      **PRONSKE GOOLSBY & KATHMAN, P.C.**
      Gerrit M. Pronske
      Jason P. Kathman
      2200 Ross Avenue, Suite 5350
      Dallas, Texas 75201
      Telephone:   214.658.6500
      Facsimile:    214.658.6509
                      gpronske@pgkpc.com
                      jkathman@pgkpc.com

*Counsel for Pallas Realty Advisors, Inc.*