**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 4441** |

**DECLARATION OF PAUL KEGLEVIC,
EXECUTIVE VICE PRESIDENT, CHIEF
FINANCIAL OFFICER, AND CO-CHIEF RESTRUCTURING
OFFICER OF ENERGY FUTURE HOLDINGS CORP., ET AL., IN
SUPPORT OF THE THIRD MOTION OF ENERGY FUTURE HOLDINGS CORP.,
*ET AL.*, FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Pursuant to 28 U.S.C. § 1746, I, Paul Keglevic, declare as follows:

1. I am the Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp. ("EFH Corp."), a corporation organized under the laws of the state of Texas; EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a limited liability company organized under the laws of the state of Delaware; EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH LLC" and, together with EFCH and TCEH LLC's direct and indirect subsidiaries, "TCEH," and the entities composing TCEH that are debtors in these chapter 11 cases, the "TCEH Debtors"), a limited liability company organized under the laws of the state of Delaware;

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

EFH Corp.'s direct subsidiary, Energy Future Intermediate Holding Company LLC ("EFIH"), a limited liability company organized under the laws of the state of Delaware; and various other direct and indirect subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "Debtors" in this declaration.

1. I have worked for the Debtors since 2008. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. I am over the age of 18 and duly authorized to execute this Declaration (the "Declaration") on behalf of the Debtors in support of, the *Third Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* (the "Third Exclusivity Motion").[2]

2. The facts in this Declaration are based on my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, information supplied to me by the members of the Debtors' management team and advisors, and my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called to testify, I would testify to the facts set forth herein.

**I.    Overview.**

3. I believe that maintaining exclusivity is essential to the Debtors' ability to advance these chapter 11 cases, especially in light of the recent filing of the Plan and related Disclosure Statement. If granted an extension of the Exclusive Periods, I anticipate that the

---

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Third Exclusivity Motion.

Debtors will focus on: (a) capitalizing on the imminent Plan mediation with every TCEH creditor constituency; (b) advancing the EFH-EFIH Transaction and continuing to explore REIT alternatives with all interested parties and creditor constituencies; (c) continuing efforts to resolve interest and makewhole issues; and (d) discussing a potential Plan confirmation schedule with parties in interest and the Court, all with a view towards providing direction in these chapter 11 cases and allowing the Debtors to expeditiously exit chapter 11.

4. I believe that continued progress on the Plan will be more difficult if the Debtors are forced to operate in an environment where competing plans can co-exist. I believe there is a risk that Plan mediation (which will commence in the next several days) will be less successful if the parties are simultaneously pursuing other plans of reorganization that may better improve their individual recovery. I also believe there is a risk that participation in the EFH-EFIH Transaction may be adversely affected if potential bidders begin to question the Debtors' ability to exit chapter 11 in a reasonable timeframe.

5. On the other hand, I believe an extension of the Exclusive Periods will allow the Debtors to advance the process for the EFH-EFIH Transaction, including a potential REIT structure. In addition, I believe Plan mediation, as well as ongoing negotiations regarding Plan recoveries, has the potential to settle potentially costly and time-consuming litigation, thereby maximizing the value of the estates. An extension of the Exclusive Periods will allow the Debtors to advance these important workstreams.

**II. The Debtors' Post-Petition Progress and the Need for the Relief Requested in the Motion.**

    **A. Development and Filing of Plan of Reorganization.**

6. Over the last several months, the Debtors have been working to develop a global plan of reorganization that seeks to maximize the value of all of the Debtors' estates. This

3

process, which began even before the Petition Date, involved the Debtors actively seeking feedback from each of their major creditor constituencies regarding their individual restructuring goals.  This process was successful and the Debtors received proposals from certain constituencies and from combinations of constituencies.  The proposals, however largely fostered individual creditor interests without necessarily considering how those interests fit into a global restructuring. The Plan filed on April 14, 2015 reflects the Debtors' attempt to coalesce the proposals into a cohesive whole.  Discussions on the Plan have continued since its filing, and I believe that an extension of the Exclusive Periods will foster ongoing, productive discussions regarding Plan recoveries.

### B. Progress on the EFH-EFIH Transaction.

7.    I anticipate that the next several months will be an active period on the EFH-EFIH Transaction, and I believe that an extension of the Exclusive Periods will advance such efforts. In addition, the Debtors are engaged in discussions with the potential bidders and creditor constituencies regarding a potential REIT structure.  The Debtors and their stakeholders have long been aware of the possibility of a REIT structure, and the Debtors will continue to engage with interested parties regarding their interest in exploring a REIT alternative.  I understand that a REIT structure has a number of regulatory and tax considerations that make execution a complex endeavor, and in any event the Debtors will use the extension of the Exclusive Periods to explore and determine the highest or otherwise best proposal for the EFH-EFIH Transaction.

### C. Legacy Discovery and the Standing Motions.

8.    I understand that in connection with discovery protocols entered in these chapter 11 cases, the Debtors have produced a significant amount of discovery to various creditor constituencies regarding, among other things, potential claims creditor constituencies may assert

4

against other creditor constituencies. I understand that a number of parties have challenged the validity of liens and obligations related to TCEH first lien debt and sought standing to prosecute such claims. I understand that a settlement of these claims is contemplated in the Plan and I believe that an extension of the Exclusive Periods will allow the Debtors to continue to work to settle such claims and potentially avoid costly litigation.

### D. Adjournment of the Standing Motions and the TCEH Stipulation.

9. As part of the discussions on the Plan, the Debtors and the TCEH creditor constituencies began to discuss a potential stipulation addressing a number of plan process issues. These efforts culminated in the TCEH Stipulation. I understand that the TCEH Stipulation addresses certain Plan terms that the Debtors agreed to exclude from the filed Plan to foster negotiations on those terms between TCEH creditor constituencies. I understand that the TCEH Stipulation also addresses issues related to the EFH-EFIH Transaction.

### E. Scheduling Order and Plan Mediation.

10. I also understand that the TCEH Stipulation obligates the TCEH creditor constituencies and the Debtors to participate in Plan mediation. I understand that Plan mediation is likely to commence in the next several days and I am hopeful that Plan mediation will encourage negotiations around the Plan and resolve certain issues between the TCEH creditor constituencies. I believe an extension of the Exclusive Periods will foster progress in mediation and, conversely, I believe in the absence of exclusivity, the potential for competing plans of reorganization that maximize individual creditors' recoveries may serve as a distraction from Plan mediation.

**F.     Additional Clarity on Potential Plan Distributions.**

11.     The Debtors have also been continuing their efforts to address multiple workstreams related to interest rate and makewhole claims arising in connection with EFIH debt issuances and working to resolve claims filed on the claims register maintained in these chapter 11 cases. I believe these efforts will provide greater clarity on potential Plan distributions (both in terms of the pool of claimants and their potential recovery).

**III.    Conclusion.**

12.     In short, I believe the Debtors have achieved a number of critical milestones in the three months since the Second Extension Order was entered, including, most significantly, filing the Plan and Disclosure Statement, making meaningful progress with respect to the EFH-EFIH Transaction, and developing consensus around the Plan mediation with every major TCEH creditor constituency.

13.     Nonetheless, much work remains. I believe that both Plan mediation and the process regarding the EFH-EFIH Transaction will be active over the next several months, including with respect to discussions on a potential REIT structure. It is my belief that given the complexity of the Debtors' cases, and the number of active Plan workstreams currently in process, the Debtors will need additional time to achieve their goal of consummating a global, value-maximizing restructuring. I further believe that requiring such a goal requires the continued focus of the Debtors' various creditor constituencies who may be disinclined to participate in ongoing Plan discussions if they believe their individual interests can only be advanced through a competing plan of reorganization. Thus, I believe an extension of the Exclusive Periods is necessary to continue the Debtors' efforts to maximize recoveries for all stakeholders and expeditiously exit from chapter 11.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 11, 2015

*/s/ Paul Keglevic*
Paul Keglevic
Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Corp., EFIH, and TCEH LLC

RLF1 11960209v.1