**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) Hearing Date: June 1, 2015 at 10:30 a.m. Objection Deadline: May 26, 2015 at 4:00 p.m. |

**MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR AN ORDER AUTHORIZING
ENTRY INTO AND PERFORMANCE UNDER THE STIPULATION
BETWEEN LUMINANT GENERATION COMPANY LLC AND CB&I STONE &
WEBSTER, INC., PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY
CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing entry into and performance under the claim settlement stipulation (the "Stipulation") between Luminant Generation Company LLC ("Luminant") and CB&I Stone & Webster, Inc. ("CB&I," and, together with Luminant, the "Parties") substantially in the form attached hereto as **Exhibit 1** to **Exhibit A**.  In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for an Order Authorizing Entry into and Performance Under the Stipulation Between Luminant Generation Company LLC and CB&I Stone & Webster, Inc., Pursuant to Section 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Procedure* (the "Frenzel Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully submit as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are section 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4. By this Motion, the Debtors seek entry of the Order authorizing Luminant to enter into and perform under the Stipulation.

## Background

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

**I.    The Stipulation.**

6.    Luminant and CB&I are parties to the Services Agreement, dated March 16, 2006, Contract No. C05007506C1 (together with any related agreements, amendments, or modifications thereto, the "Agreement"). CB&I's asserted prepetition claims related to the Agreement include: (a) proof of claim no. 6193, which is asserted in an amount not less than $6,835,678.19 (the "Proof of Claim"), and (b) scheduled claim no. 503232750, which claim is recorded in the aggregate amount of $3,995,057.80, which represented the Debtors' estimate of the pre-petition balance under the Agreement as of the date the claim was scheduled (the "Scheduled Claim, and, together with the Proof of Claim, the "Claims").

7.    In April 2015, the Parties entered into negotiations regarding an amendment to the Agreement. During the course of these negotiations, CB&I indicated its preference for a global resolution of all remaining disputes under the Agreement in connection with the amendment,

3

including settlement of the Claims. On April 29, 2015, the Parties entered into an amendment of the Agreement in the ordinary course of business (the "Amendment"). The Amendment provides that CB&I will provide certain transition services to Luminant until May 31, 2015. The transition services afford valuable continuity of certain outsourced operations of the Debtors' nuclear facility.

8. In connection with the Amendment, and in an effort to consensually resolve the Claims and all remaining disputes under the Agreement, the Debtors further reviewed and reconciled their books and records and determined that a reasonable amount of the pre-petition balance due to CB&I under the Agreement was $4.5 million.[2] Accordingly, the Parties engaged in arms'-length discussions regarding the Claims and agreed to a global resolution of the Claims and other outstanding disputes relating to the Agreement, as set forth in the Stipulation. As described below, the Stipulation provides for a settlement of the Claims and a release by CB&I of all other claims it may have against the Debtors, except for the Agreed Claim (as defined below).

9. As set forth in the Stipulation, the Parties agreed as follows:[3]

   (a) **Resolution of Claim 6193.** CB&I shall receive, on account of the Proof of Claim, an allowed general unsecured claim in the amount of $4,500,000.00, against Luminant (the "Agreed Claim"), which will be satisfied in accordance with the provisions for the payment of claims set forth in the chapter 11 plan of the Debtors; and

---

[2] The pre-petition balance due to CB&I under the Agreement consists of amounts owed for certain pre-petition maintenance, engineering, administrative and supply chain services rendered by CB&I. Upon a reconciliation of their books and records and a review of the Proof of Claim, the Debtors recognized the validity of certain amounts asserted in the Proof of Claim that were not reflected in the Scheduled Claim. Therefore, the Debtors determined that a reasonable amount of the pre-petition balance due to CB&I under the Agreement was $4.5 million.

[3] The summaries of the Stipulation set forth in this section are qualified in their entirety by the provisions of the Stipulation. To the extent there exists any inconsistency between this summary and the Stipulation, the Stipulation shall govern.

4

(b) **Remaining Claims Released.**  Except with respect to the Agreed Claim, as of the date of the Bankruptcy Court's approval of the Stipulation, CB&I agrees to release, waive, and discharge the Debtors from any and all claims (including the Claims) arising before or after the Petition Date; *provided*, *however*, that the Debtors will not be released from claims by CB&I: (i) judicially determined to have arisen from fraud, bad faith, or willful misconduct; or (ii) for unpaid amounts on account of services by CB&I to the Debtors in the ordinary course of business in accordance with the Agreement and the Amendment, for the period between April 29, 2014, and May 31, 2015, to the extent such amounts constitute the actual, necessary costs and expenses of preserving the Debtors' estates pursuant to 11 U.S.C. § 503(b)(1).

10. The Debtors believe that resolving the Claims and other outstanding disputes relating to the Agreement through the Stipulation will save the Debtors time and cost, minimize the uncertainties surrounding CB&I's claims, and maximize value for the Debtors' estates.

## Basis for Relief

I. **The Stipulation is Fair and in the Best Interests of the Debtors' Estates, Is a Proper Exercise of the Debtors' Business Judgment, and Should Be Approved.**

11. Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

12. The Stipulation is subject to approval by the Court under Bankruptcy Rule 9019(a). Settlements and compromises are tools often utilized to expedite case administration and to reduce unnecessary administrative costs; as such, they are favored in bankruptcy. *See In re Nutraquest, Inc.,* 434 F.3d 639, 646 (3d Cir. 2006) ("[i]t is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation"); *In re Key3Media Grp., Inc.*, 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006). Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or

5

settlement so long as the proposed compromise is fair, reasonable, and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'") (citation omitted); *In re Nw. Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate") (citation omitted); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable").

13. A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities." *In re Energy Corp.*, 886 F.2d 921, 929 (7th Cir. 1989); *In re Sea Containers Ltd.*, 2008 WL 4296562, at *5 (Bankr. D. Del. Sept. 19, 2008); *Key3Media Grp.*, 2006 WL 2842462, at *3.

14. In determining whether a compromise is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Nutraquest,* 434 F.3d 639, 643; *see also Key3Media Grp.*, 336 B.R. 87 at 93 (when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal" (internal citations omitted)).

15. Based on the above factors, the Debtors believe the Stipulation represents a fair and reasonable compromise that is in the best interests of the Debtors' estates. The Stipulation is

a global resolution of the Claims and other outstanding disputes relating to the Agreement.  As contemplated by the Stipulation, Luminant will obtain a release of all claims other than the Agreed Claim, which will be in an amount lower than both that asserted by CB&I in the Proof of Claim, and as reconciled by Luminant after the date the Scheduled Claim was scheduled.  Luminant will be able to do so on a timely basis, without the costs attributed to further investigation, and the Debtors will avoid the delay, risks, and distractions of litigating the amount of the Claims.  In consideration of all these factors, the Debtors respectfully request that the Court approve the Stipulation pursuant to Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code.

**Notice**

16.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second

lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) CB&I and

counsel thereto.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17.	No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: May 11, 2015
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted pro hac vice)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*