# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SECOND ORDER AUTHORIZING CERTAIN OF
THE DEBTORS TO HONOR OBLIGATIONS TO CERTAIN
RETIREES ON ACCOUNT OF NON-QUALIFIED BENEFIT PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing, but not directing, the Debtors to honor their obligations under the Non-Qualified Benefit Programs and to honor obligations to the Retirees under the Non-Qualified Benefit Programs in the ordinary course of business, all as more fully set forth in the Motion and the Kirby Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The 2014 Non-Qualified Benefits Order shall continue to be in full force and effect, except as expressly modified herein.

3. Notwithstanding the 2014 Non-Qualified Benefits Order, the Debtors are authorized, but not directed, to honor obligations arising in connection with the Non-Qualified Benefit Programs to Retirees, in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to honor any related administrative costs; *provided, however*, that the Annual Aggregate Cap paid on account of obligations owed under the 2014 Non-Qualified Benefits Order and this Order shall not exceed $2.8 million for a calendar year in the aggregate; *provided, further*, that no Retiree shall be paid more than $70,000 in the aggregate for a calendar year under both the SSRP and SDP.

4. Notwithstanding anything to the contrary contained herein or in the documentation evidencing the Non-Qualified Benefits Programs, (a) the Debtors shall not honor any obligations to (i) any insider (as defined in the Bankruptcy Code), (ii) any current employee (including any current employee that becomes a former employee) who participates in either the SSRP or the SDP, or (iii) any person whose benefits under the Non-Qualified Benefit Programs the Debtors have confirmed in writing will be honored by Oncor Electric Delivery Holdings

Company LLC or its subsidiaries; (b) the Debtors shall not use any assets in the rabbi trusts associated with the Non-Qualified Benefit Programs to satisfy the amounts authorized to be paid pursuant to the SSRP, and each Participating Debtor, if applicable, shall reimburse EFH Corp. for any payments made by EFH Corp. under the SSRP to the Retirees associated with such Participating Debtor in accordance with prepetition practices and consistent with other orders entered by the Court, including the *Order (Final) (A) Authorizing the Debtors to (I) Continue Using Their Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Continue Using Certain Investment Accounts; (B) Authorizing Continued Intercompany Transactions and Netting of Intercompany Claims; and (C) Granting Postpetition Intercompany Claims Administrative Expense Priority* [D.I. 801]; and (c) Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC ("TCEH"), and TCEH's direct and indirect Debtor subsidiaries shall only use cash that is subject to the Prepetition First Priority Liens and/or Prepetition Second Priority Liens (each as defined in the *Order (Final) (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [D.I. 855]) to satisfy obligations under the SSRP, as permitted herein.  For the avoidance of doubt, the Debtors may use assets in the rabbi trusts associated with the SDP to satisfy the amounts authorized to be paid pursuant to the SDP, as permitted herein.

5. The Debtors shall provide at least ten (10) days' prior notice to counsel to the TCEH Creditors' Committee and the EFH Creditors' Committee, counsel to the ad hoc group of TCEH unsecured noteholders, and the Office of the United States Trustee of any payment in excess of $50,000 under the Non-Qualified Benefit Programs in the aggregate in any calendar

3

year to a Retiree, subsequent to the date hereof, becomes eligible to receive one or more payments from the Non-Qualified Benefits Programs during the pendency of these chapter 11 cases.

6. Nothing in this Order shall authorize the Debtors to assume the Non-Qualified Benefits Programs; *provided*, *however*, that nothing in this Order shall prevent the Debtors from seeking to assume the Non-Qualified Benefits Programs at a later date.

7. In accordance with the Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to honor checks presented for payment of obligations described in the Motion and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of any party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) to create an administrative priority claim on account of the obligations under the Non-Qualified Benefit Programs.  Payments made pursuant to this Order shall not be construed as an admission as to the validity of any claim or a waiver of any party in interest's rights to subsequently dispute such claim.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and


the requirements of the Local Bankruptcy Rule are satisfied by such notice.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: \_\_\_\_, 2015
      Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 11960225v.1