**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 4445** |

**DECLARATION OF CARRIE KIRBY, THE
EXECUTIVE VICE PRESIDENT OF HUMAN RESOURCES IN
SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS
CORP.,** *ET AL.***, FOR ENTRY OF A SECOND ORDER AUTHORIZING
CERTAIN OF THE DEBTORS TO HONOR OBLIGATIONS TO CERTAIN
RETIREES ON ACCOUNT OF NON-QUALIFIED BENEFIT PROGRAMS**

Pursuant to 28 U.S.C. § 1746, I, Carrie Kirby, declare as follows:

1. I am the Executive Vice President of Human Resources for Energy Future Holdings Corp. ("EFH Corp."). I have been with EFH Corp. since 2006, and have served as Vice President of Human Resources for TXU Energy Retail Company, LLC, and before that as Human Resources Director. I am generally familiar with EFH Corp.'s day-to-day operations, staffing, organizational development, employee activities, employee-related policies and standards, and related information from my review of records, relevant documents, and information supplied to me by EFH Corp.'s human resources and legal teams. I am over the age of 18 and duly authorized to execute this declaration (the "Declaration") on behalf of the Debtors in support of, the *Motion of Energy Future Holdings Corp.,* et al.*, for a Second Order*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Authorizing Certain of the Debtors to Honor Obligations to Certain Retirees on Account of Non-Qualified Benefit Programs* (the "Motion"),[2] filed contemporaneously herewith.

2. The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and transactions relating to human resources. If called to testify, I would testify to the facts set forth herein.

I. **Overview of the Non-Qualified Benefit Programs.**

3. The Debtors have, through the Participating Debtors, historically offered two non-qualified benefit programs to certain eligible employees: (a) a non-contributory, non-qualified pension plan that provides retirement benefits to participants whose tax-qualified pension benefits are limited due to restrictions under the Internal Revenue Code and/or deferrals to other defined benefit programs (the "SSRP")[3] and (b) a contributory, non-qualified defined contribution plan that permitted participants to voluntarily defer a portion of their base salary and/or annual incentive plan bonuses (the "SDP" and, together with the SSRP, the "Non-Qualified Benefit Programs").[4]

- *SSRP*. As of March 31, 2015, obligations to current non-insider employees and former employees under the SSRP total approximately $23.8 million. These obligations cover: (a) retirees receiving traditional benefits under the SSRP, (b) participants whose benefits have vested but who are not yet eligible

---

[2] All capitalized terms used herein have the meaning given to them in the Motion.

[3] The Participating Debtors previously maintained a First Supplemental Retirement Plan. All amounts under the First Supplemental Retirement Plan were paid through a secular trust in 2013 and neither the trust nor the First Supplemental Retirement Plan is in existence as of the Petition Date. All plan documentation related to the Second Supplemental Retirement Plan refers to such plan as the "Second" Supplemental Retirement Plan and for the sake of consistency, the Participating Debtors have used the same nomenclature in this Motion.

[4] Additional information on the Non-Qualified Benefit Programs can be found in the 2014 Non-Qualified Benefits Motion [D.I. 1441].

to receive payments, and (c) active employees who have earned but not yet received payments.[5]

- *SDP*. As of March 31, 2015, obligations to eligible former employees total approximately $5.2 million.[6]

4. Under the Non-Qualified Benefit Programs, the total obligations owed to the Retirees for 2014 is approximately $600,000, $1.1 million for 2015, and $1 million for 2016 (for a total of approximately $2.7 million). In honoring Retiree obligations, I believe the Debtors will not incur substantial administrative cost as the necessary payment mechanisms are already in place, in compliance with the 2014 Non-Qualified Benefits Order. I believe that the process to pay the Retirees will be seamless and not administratively burdensome.[7]

## II. Extending Relief to the Retirees.

5. The Debtors are eager to provide the relief requested to the Retirees, a small group composed of approximately 32 individuals, who worked at high levels while employed with the Debtors and were in many instances, industry leaders. I believe the Retirees remain influential leaders within the Debtors' businesses and throughout the communities served by the Debtors, as a number of the Retirees are in positions of influence, frequently interact with the Debtors' current employees, and often interact with the Debtors' leadership team. Additionally, they are well-equipped to preserve the Debtors' long-standing and crucial relationships with key constituents in the Texas energy market, including various regulators, political leaders,

---

[5] As of March 31, 2015, the SSRP rabbi trust has approximately $14.4 million in assets. In compliance with the 2014 Non-Qualified Benefits Order, no assets of the SSRP rabbi trusts have been used.

[6] As of March 31, 2015, the SDP rabbi trust has approximately $9.7 million in assets.

[7] EFH Corp. uses the services of Fidelity to pay those participants who are entitled to payments under the SSRP. The Debtors will continue to use Fidelity in paying obligations arising from the Non-Qualified Benefits Programs to Retirees. Additional information regarding the mechanics can be found in the *Amended Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain or the Debtors to Continue Honoring Obligations to Retirees and Non-Insider Employees on Account of Non-Qualified Benefit Programs* [D.I. 1441].

community leaders, and vendors that are necessary for the Debtors' business operations. With their significant industry experience and knowledge, I believe the Retirees are solid allies for the Debtors' in their ongoing businesses. Importantly, the Participating Debtors' obligations under the Non-Qualified Benefit Programs represent compensation that the Retirees earned in the ordinary course of business that was either added to their retirement through the SSRP or earned by the Retiree as base salary and/or annual incentive plan bonus, receipt of which was deferred by the Retiree until a later date pursuant to the SDP, if the employee so opted. I believe many of the Retirees heavily rely upon the payments arising under Non-Qualified Benefit Programs, which often constitutes a material share of their current income.

6. By extension of this relief, I believe the Debtor's estates and creditors will benefit from a continued positive relationship between the Debtors and the Retirees. The Retirees, as leaders in the communities served by the Debtors, are indispensable resources of institutional knowledge and experience. Additionally, they are conduits for forging and continuing critical relationships with key players, connecting the Debtors with inter and intra-industry contacts. From this perspective, I believe the Retirees are important to the Debtors preserving their role in the Texas energy market.

7. Importantly, the amounts payable under the Non-Qualified Benefit Programs reflect compensation earned by eligible, participating employees. These amounts do not represent new compensation, but are rather amounts that the Retirees already earned in the ordinary course of business. Accordingly, I believe the Debtors' failure to honor obligations arising under the Non-Qualified Benefit Programs would result in an unwarranted withholding of previously earned compensation that is relied on by the Retirees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 11, 2015

*/s/ Carrie Kirby*
Carrie Kirby
Executive Vice President, Human Resources
Energy Future Holdings Corp.

RLF1 11960230v.1