MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON†
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
HOJOON HWANG
PETER A. DETRE
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
MANUEL F. CACHÁN
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
SUSAN R. SZABO
KIMBERLY A. CHI
HEATHER E. TAKAHASHI
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
ADAM R. LAWTON
JENNY H. HONG
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
ESTHER H. SUNG
BENJAMIN J. MARO
JOEL M. PURLES
KYLE A. CASAZZA
ERIN J. COX
CLAIRE YAN
JESLYN A. MILLER
MARK R. SAYSON
PETER E. GRATZINGER

†A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
KENNETH M. TRUJILLO-JAMISON
BRYAN H. HECKENLIVELY
LAURA WIRTH
JASMINE M. ROBERTS
JENNIFER A. JONES
LAURA K. LIN
JEFFREY M. OSOFSKY
GREGORY M. SERGI
ACHYUT J. PHADKE
DAVID A. TAYLOR
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
ERIC K. CHIU
SARAH L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
CHRISTINA P. MONIODIS
JOHN P. MITTELBACH
SARAH GARBER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
VICTORIA A. DEGTYAREVA
WESLEY T.L. BURRELL
CHRISTA L. CULVER
ANYA J. GOLDSTEIN
KAREN A. LORANG
KURUVILLA J. OLASA
KEVIN H. SCOTT
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
ANDREW G. PROUT
THANE REHN
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREYWITT
ANDREW Z. WOLSTAN
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
GRACE R. DILAURA
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE
VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
SAMANTHA C. BOOTH
JOHN F. MULLER
BRIONNA N. NED
JESSE M. KING
LAURA C. ZARAGOZA
JOHN L. SCHWAB
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
LAURA E. MATHE
SAMUEL T. BOYD

OF COUNSEL
RICHARD D. ESBENSHADE†
ROBERT K. JOHNSON†
ALAN V. FRIEDMAN†
RONALD K. MEYER
MARK H. KIM
MARIA SEFERIAN
ALLISON B. STEIN
WILLIANA CHANG
BRAD SCHNEIDER
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
ERIC P. TUTTLE

E. LEROY TOLLES
(1922-2008)

May 12, 2015

Writer's Direct Contact
(213) 683-9193
thomas.walper@mto.com

**VIA ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re: Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation ("Objection") filed in *In re Energy Future Holdings Corp. et al.*, No. 14-10979 [D.I. 4365]

Dear Judge Sontchi:

Debtor Texas Competitive Electric Holdings Company LLC ("TCEH"), at the direction of its disinterested manager, Mr. Hugh Sawyer, and by its conflict matter counsel, Munger, Tolles & Olson LLP, submits this letter in connection with the telephonic scheduling hearing on the Objection set for May 13, 2015 at 2 p.m. (EDT). TCEH respectfully requests that the Objection (and any related deadlines, responses, hearing, or discovery) be stayed or adjourned until a date after the Court (and all parties in interest) have had a full opportunity to consider the Proposed Settlement (defined below) as part of the plan confirmation process, or the Proposed Settlement is withdrawn, or further order of the Court.

MUNGER, TOLLES & OLSON LLP

Hon. Christopher S. Sontchi
May 12, 2015
Page 2

    The plan of reorganization ("Plan"), filed by the Debtors on April 14, 2015, contains a settlement of "prepetition intercompany claims, causes of action and disputes" negotiated among the disinterested board members of EFCH/TCEH, EFH, and EFIH ("Proposed Settlement"). *See* Joint Statement of Summary of Settlement of Intercompany Claims, [D.I. 4145-1, Ex. A] at 1; *see, e.g.,* Plan, [D.I. 4142], Arts. III & VIII. The Proposed Settlement among other claims encompasses "intercompany tax payables and receivables reflected in the Debtors' SOFAs and schedules . . . [including] . . . a payable of approximately $754 million owed from EFH to TCEH" ("TCEH Tax Claim"). *See* Disclosure Statement, [D.I. 4143] at 112.

    By the Objection, the EFH Committee seeks to individually litigate the TCEH Tax Claim, one of a comprehensive set of claims included in the Proposed Settlement. *See* Objection at 1 (objecting to "the general unsecured tax claims of [TCEH] against EFH in the amount of $754,061,336").

    At the May 4, 2015 omnibus hearing, the Court discussed the piecemeal litigation of intercompany claims in advance of consideration of the Proposed Settlement in connection with Plan confirmation:

> Baked into the plan is a settlement of intercompany or inter-silo claims. Whether that settlement is appropriate is a confirmation issue not a scheduling issue. I don't think at this point it's appropriate to require production of any kind of list of intercompany or inter-silo claims or to force a bar date or to force debtors to file proofs of claim. As a matter of fact I think that's counterproductive.
> . . .
>
> I simply don't think it's necessary or appropriate to force the issue so I'm not going to require a . . . pre-settlement hearing . . . and I'm certainly not going to make that happen before confirmation or before disclosure statement and . . . on a parallel track.

5/4/15 Tr. at 110-11. Based in part on these statements, TCEH asked the EFH Committee to withdraw or adjourn the Objection, but they have not agreed.

    Permitting the EFH Committee to pursue the Objection to one individual component of the comprehensive Proposed Settlement will result in costly, time-intensive, and unnecessary parallel proceedings. All parties in interest, including the EFH Committee, will have ample time to review and contest the merits of the Proposed Settlement and the various claims to be settled, including the TCEH Tax Claim.

    Courts, including in this District, have rejected attempts by creditors to use claim objections under section 502 to leapfrog a proposed settlement. *See In re Kaiser Aluminum Corp.*, 339 B.R. 91, 94 (D. Del. 2006) ("[T]here is no direct conflict between Section 502(a) and

Hon. Christopher S. Sontchi
May 12, 2015
Page 3

Rule 9019 which would require the Bankruptcy Court to resolve claim objections before approving a settlement."); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007) ("Taken to its logical conclusion, the [] argument that § 502 confers not only a right to object to a claim but also a right to a ruling would mean that the Court could *never* permit a settlement of a claim objection—the Court would be required to deny the compromise and rule upon the merits, even though both the claimant and the objectant desired a different result."); *see also Collier on Bankruptcy*, ¶ 502.02[2][d] (16th ed. 2015) ("[T]he needs of orderly and expeditious administration do not permit the full and unfettered exercise of [a creditor's right to object to another creditor's claim] . . . . [I]t is the trustee who acts as the primary spokesman for all the creditors in the discharge of the trustee's duty.").

Settlements — especially comprehensive settlements of multiple claims—would never be agreed or consummated if a creditor could nullify the settlement simply by objecting to a claim after it became subject to a settlement motion. "[S]uch a procedure would undermine the important policy of promoting settlements in bankruptcy proceedings by requiring the parties to litigate the very issues that the settlement seeks to resolve." *Kaiser*, 339 B.R. at 94. Of course, the EFH Committee will have ample opportunity to participate in discovery and to object to the Proposed Settlement and be heard as part of the Plan confirmation proceedings. *See Heritage*, 375 B.R. at 285 (reading the "'notice and a hearing' requirement of Rule 9019 as satisfying the right to be heard with respect to a claim objection").[1]

The EFH Committee will not be harmed if the Objection is delayed until after consideration of the Proposed Settlement. Certainly, the EFH Committee and any other party in interest retain any rights they may have to object to the TCEH Tax Claim under section 502,[2] if

---

[1] *See In re C.P. Hall Co.*, 513 B.R. 540, 543 (Bankr. N.D. Ill. 2014) (refusing to consider trustee's proposal to settle groups of state court asbestos judgments where creditor had instituted adversary proceedings challenging the claims prior to the settlement). Unlike *C.P. Hall*, the EFH Committee filed the objection *after* approval was sought for the Proposed Settlement. Additionally, the EFH Committee seeks to impede consideration of the Proposed Settlement by forcing litigation of a single claim that is an inseparable part of a global settlement that will be subject to discovery and creditor vote in connection with Plan confirmation. Under these circumstances and consistent with Delaware jurisprudence, it will be inefficient to proceed with the Objection as a separate proceeding.

[2] TCEH reserves all rights as to whether the EFH Committee has standing under section 502(a). *See Fred Reuping Leather Co. v. Fort Greene Nat'l Bank*, 102 F.2d 372, 372-73 (3d Cir. 1939) ("[T]he overwhelming weight of authority . . . is to the effect that a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name."); *see also In re Dow Corning Corp.*, 244 B.R. 721, 750-52 (Bankr. E.D. Mich. 1999), *rev'd on other grounds*, 255 B.R. 445 (E.D. Mich. 2000) (denying creditors' committee standing to object to claim because debtor objected to and provided for settlement of the claims as part of a plan of reorganization). TCEH further reserves all rights regarding the merits of the claims subject to the Objection.

MUNGER, TOLLES & OLSON LLP

Hon. Christopher S. Sontchi
May 12, 2015
Page 4

the Proposed Settlement is denied or withdrawn.[3] In addition, the Oncor sale process is ongoing, as are other efforts on a plan of reorganization, and the outcome of those efforts may render the Objection moot through payment of all EFH creditors.

Based upon the above, TCEH respectfully requests that the Objection (and any related deadlines, responses, hearing, or discovery) be stayed or adjourned until a date after the Court (and all parties in interest) have had full opportunity to consider the Proposed Settlement as part of Plan confirmation, or the Proposed Settlement is withdrawn, or further order of the Court.

Thank you for your consideration.

Very truly yours,

Thomas Walper

cc:    Parties requesting notice under Bankruptcy Rule 2002

---

[3] *See In re Chicago Invs., LLC*, 470 B.R. 32, 92 (Bankr. D. Mass. 2012) ("Because the Debtors now seek to settle their dispute with Haymarket through the Fourth Amended Plan, the Franchisor's Objection to Haymarket's Claims is procedurally improper as it seeks to undermine the value of that settlement . . . . If the proposed settlement . . . fails to satisfy the requirements of Fed. R. Bankr. P. 9019, the Debtors will be free to pursue the objection themselves. Thus, no rights are lost and no parties are prejudiced.")