## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 12, 2015

Via ECF and Hand Delivery

Honorable Christopher S. Sontchi,
   United States Bankruptcy Court for the District of Delaware,
      824 N. Market Street, 5th Floor,
         Wilmington, DE  19801.

         Re:   *In re Energy Future Holdings Corp., et al.*,
                 Case. No. 14-10979 (CSS)

Dear Judge Sontchi:

        We are counsel to the official committee of unsecured creditors of Energy Future Holdings Corporation ("EFH"), Energy Future Intermediate Holdings Company LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee").  On April 30, 2015, the EFH Committee filed the *Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation* [D.I. 4365] (the "Tax Objection").[1]  We write at the Court's invitation, in advance of the May 13, 2015 telephonic scheduling conference, to provide the Court with the EFH Committee's position regarding scheduling for the Tax Objection.

        The EFH Committee respectfully submits that the Tax Objection can be decided expeditiously without an evidentiary hearing.  The issue to be resolved by the Tax Objection is whether the general unsecured tax claims scheduled in favor of TCEH against EFH, arising out of the loss of tax attributes purportedly attributable to TCEH during tax years 2006 to 2012, are valid claims or should be disallowed.  That issue is one of contract construction that does not require extrinsic evidence.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Tax Objection.

SC1:3860615.3

Honorable Christopher S. Sontchi -2-

The Tax Objection can and should be resolved on the basis of the legal arguments presented by the parties and with the Court's consideration of the unambiguous *Federal and State Income Tax Allocation Agreement Among the Members of the Energy Future Holdings Corp. Consolidated Group*, attached as Exhibit A to the Tax Objection (the "Tax Allocation Agreement"). Because there is no need to consider evidence outside the four corners of the Tax Allocation Agreement, no evidentiary hearing is required. As a result, the burden on the Court and the Debtors to determine the proper interpretation of the Tax Allocation Agreement would be relatively modest—while the benefit to these bankruptcy cases of having that issue resolved would be large.

The EFH Committee respectfully submits, therefore, that briefing should be completed and a hearing held before the Court as currently noticed, on June 1, 2015. If the Court agrees with the EFH Committee that the Tax Allocation Agreement is unambiguous and there are no genuine disputed issues of material fact, then no further proceedings will be required. If the Court were to disagree in any part, the EFH Committee would promptly meet and confer with the Debtors about a schedule for further proceedings and an evidentiary hearing, with another scheduling conference to be held thereafter as necessary.

The EFH Committee believes this approach is most efficient for the Court and the parties with respect to important issues raised by the Tax Objection. Prompt resolution of the Tax Objection will bring needed clarity to these scheduled claims, which have been a source of considerable confusion in these bankruptcy cases. Moreover, resolving the Tax Objection—which involves more than $750 million—could spur efforts to resolve other open issues that stand in the way of a consensual resolution of these bankruptcy cases.

The material facts necessary to resolve the Tax Objection are undisputed. As set forth in the Tax Objection, during taxable years 2006 through 2012:

- EFH and EFCH were corporations for federal income tax purposes;

- TCEH and Luminant were disregarded entities for federal income tax purposes, wholly owned, directly or indirectly, by EFCH[2]; and

- EFCH had a positive amount of separate return tax liability under applicable U.S. Treasury Regulations.

---

[2] Although not material to the Tax Objection, in 2006 and 2007, TCEH was treated as a partnership for Federal tax purposes rather than as a disregarded entity, such that 99% of TCEH's income was attributed to EFCH and 1% was attributed to another affiliated corporation.

Honorable Christopher S. Sontchi -3-

The analysis necessary to resolve the Tax Objection is straightforward. For the portion of the TCEH Tax Claims that relate to taxable years for which no tax allocation or other agreement applies, TCEH cannot hold a valid claim against EFH. As this Court has held, consistent with the law in this Circuit, in the absence of a contract providing otherwise, a disregarded entity's "assets, liabilities, income items, and deduction items will be treated as owned, owed, received, and incurred directly by its owner." *In re Conex Holdings, LLC*, 518 B.R. 792, 802 (Bankr. D. Del. 2014) (Sontchi, J.).

The remainder of the TCEH Tax Claims relate to the use of net operating losses for tax years where the Tax Allocation Agreement applies, and the disposition of TCEH's claims can be resolved by applying the unambiguous language of the Tax Allocation Agreement. Under controlling Texas law, an unambiguous contract is construed in accordance with its plain terms, and parol evidence is not admissible for the purpose of creating an ambiguity or giving the contract a different meaning. *Lyons* v. *Montgomery*, 701 S.W.2d 641, 643 (Tex. 1985); *David J. Sacks, P.C.* v. *Haden*, 266 S.W.3d 447, 450 (Tex. 2008).

As a result, the EFH Committee respectfully requests that the Court first consider the Tax Objection at the June 1 omnibus hearing without an evidentiary hearing.

We look forward to discussing these matters further with the Court tomorrow.

        Respectfully submitted,

        /s/ Brian D. Glueckstein

        Brian D. Glueckstein

cc: All counsel of record (via ECF)