# MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 12, 2015

Writer's Direct Contact
+1 (212) 468.8051
BMiller@mofo.com

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

  Re: *In re Energy Future Holdings Corporation, et al.* No. 14-10979 (Bankr. Del.)

Dear Judge Sontchi:

  As counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), its direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (the "TCEH Creditors' Committee"), we write at the Court's request to address scheduling in connection with the Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation (D.I. 4365) (the "Tax Claim Objection"). As requested by the Court, the TCEH Creditors' Committee will not address the merits of the Tax Claim Objection with this letter, of which the TCEH Creditors' Committee believes there are none.

  The TCEH Creditors' Committee believes that any setting of a schedule for a hearing, discovery, or other interim dates in connection with the Tax Claim Objection should wait until after the hearing on the Debtors' Disclosure Statement, currently scheduled for July 20, 2015.

  As reported to the Court at the hearing on May 4, 2015, various parties in interest are working on a proposed alternative plan that would incorporate a REIT structure and will hopefully result in E-Side creditors being paid in full. It makes little sense to litigate the merits of a Tax Claim Objection filed by E-Side creditors when those very creditors may be paid in full, thereby making any such litigation unnecessary and wasteful for the Court and the Debtors' estates.

  Moreover, the Tax Claim Objection could not be litigated in isolation. On April 30, 2015, in connection with the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, dated September 16, 2014 (D.I. 2051), as amended (the "Case Matters

MORRISON | FOERSTER

The Honorable Christopher S. Sontchi
May 12, 2015
Page Two

Protocol"),[1] the TCEH Creditors' Committee disclosed to the Debtors a list of intercompany and affiliate claims for, *inter alia*, fraudulent transfers under state law and sections 544 and 548 of the Bankruptcy Code, preferential transfers under section 547 of the Bankruptcy Code, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, and/or unjust enrichment, for which it may seek standing to pursue on behalf of certain T-Side Debtors.  This standing motion would include the tax claim objected to by the E-Side creditors, as well as many other related claims.  Under the Case Matters Protocol previously approved by Your Honor, that standing motion does not need to be filed *until the later of* (i) May 29, 2015, (ii) fifteen days after approval of a disclosure statement, or (iii) such later date as mutually agreed to by the Debtors and the TCEH Creditors' Committee.

While the TCEH Creditors' Committee has prepared a proposed standing motion seeking authority to pursue each of these claims, it believes that filing the standing motion now would not advance, and in fact could disrupt, the ongoing alternative plan discussions. If the Court proceeds with setting a schedule for resolution of the EFH Creditors' Committee's Tax Claim Objection, however, the TCEH Creditors' Committee would need to move to pursue its other tax claims, including potentially billions of dollars in claims related to the Competitive TSA discussed in the EFH Creditors' Committees Tax Claim Objection. These other tax claims are related, but in addition, to the scheduled claim objected to by the EFH Creditors' Committee.

The TCEH Creditors' Committee believes that commencing litigation in connection with all of these claims at this point would be counter-productive in light of the ongoing alternative plan negotiations.  Therefore, the Committee requests that the Court not set a schedule to address the Tax Claim Objection until after the hearing on Debtors' Disclosure Statement.

Respectfully Submitted,

/s/ *Brett H. Miller*

Brett H. Miller

cc:    All parties via ECF filing

---

[1] The original Stipulation and Agreed Order has been amended twice. *See Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters*, dated November 13, 2014 (D.I. 2760), and *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters*, dated March 31, 2015 (D.I. 4012).