## <u>EXHIBIT D</u>

**Blackline of Amended and Restated Stipulated Order Against April 24, 2015 Filed Version**

*EXECUTION VERSION*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### AMENDED AND RESTATED STIPULATION AND AGREED ORDER REGARDING THE ADJOURNMENT OF STANDING MOTIONS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), the official committee of TCEH unsecured creditors (the "TCEH Committee"), Wilmington Savings Fund Society, as indenture trustee for the TCEH second lien notes (the "TCEH Second Lien Indenture Trustee"), the ad hoc group of TCEH unsecured bondholders (the "TCEH Unsecured Ad Hoc Group"), the indenture trustee for the TCEH unsecured notes (the "TCEH Unsecured Indenture Trustee"), and the ad hoc group of TCEH first lien lenders (the "TCEH First Lien Ad Hoc Group," and together with the Debtors, the TCEH Committee, the TCEH Second Lien Indenture Trustee, the TCEH Unsecured Ad Hoc Group, the TCEH Unsecured Indenture Trustee, and the TCEH First Lien Ad Hoc Group, the "Parties") hereby enter into this agreement (this "Agreement"), and stipulate and agree as follows:

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**RECITALS**

WHEREAS, the Debtors circulated the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as amended from time to time, the "Plan") to the other Parties on April 3, 2015;[2]

WHEREAS, the Parties are exploring various alternatives or changes to the Plan (each an "Alternative Plan"), including a plan of reorganization premised on a REIT conversion; and

WHEREAS, the Parties desire more time to see if a value-maximizing Alternative Plan can be formulated;

**AGREEMENT**

NOW, THEREFORE, it is hereby stipulated and agreed to by and among the Parties and upon Bankruptcy Court approval hereof, it shall be ordered as follows:

1.     The Parties agree to (a) adjourn their respective standing motions, requested discovery in connection with such standing motions, and any related motions until ~~the June~~July 9, 2015 ~~omnibus~~ hearing (and, with respect to discovery and related motions, to such dates no earlier than 10 days before the ~~June~~July 9, 2015 ~~omnibus~~ hearing, to facilitate a hearing on the standing motions at the ~~June~~July 9, 2015 ~~omnibus~~ hearing); and (b) enter a stipulation, in substantially the same form as the last challenge period stipulation executed by the relevant parties [Docket No. 3857] (the "Prior Challenge Period Stipulation"), further extending the deadline established pursuant to paragraph 15 of the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [Docket No. 855] for the Movants (as defined in the Prior Challenge

---

[2]    Capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

Period Stipulation) to assert the Express Challenges (as defined in the Prior Challenge Period Stipulation) to ~~June 30~~August 7, 2015; provided, however, that ongoing legacy discovery (whether or not related to the standing motions) shall not be impacted by the agreements contained in this stipulation. The Debtors and the TCEH First Lien Ad Hoc Group agree that the adjournment shall not be relied upon as a basis for objecting to the standing motions.

2.      The Parties agree that the Debtors may file a Plan, Disclosure Statement, motion to approve the Disclosure Statement and solicitation procedures (the "Disclosure Statement Motion"), and motion to approve a confirmation schedule (as amended from time to time and consistent with the terms of this Agreement, the "Scheduling Motion"), with the Bankruptcy Court on April 13, 2015, modified as follows: (a) the specific dollar values for the allocation of the distributions on account of the TCEH Settlement Claim and the TCEH Equity Sharing Recovery between the TCEH First Lien Secured Claims and the TCEH Unsecured Settlement Distribution shall be left blank; (b) the specific dollar value and terms of the New Reorganized TCEH Warrants and specific dollar value of the Cash portion of the TCEH Unsecured Settlement Distribution, as well as the specific aggregate dollar value for both, shall be left blank; and (c) conforming changes to the Plan, Disclosure Statement, Scheduling Motion, and Disclosure Statement Motion; provided, however, that the TCEH Settlement Claim will remain at $700 million, and the TCEH Equity Sharing Recovery will remain at 50% of the first $210 million of the Equity Transaction Consideration Pool.  The Parties agree that the modifications discussed in the foregoing sentence do not materially modify the initial treatment of any Notice Matter (as defined in the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [Docket No. 2051] (as amended from time to time, the "Case Matters Protocol")) requiring further notice under the Case Matters Protocol.  Further amendments to the Plan and Disclosure

Statement must be made pursuant to the Case Matters Protocol and the Debtors shall provide counsel to the TCEH First Lien Ad Hoc Group with copies of any notices provided thereunder; provided, however, that without the prior written consent of each of the Parties, the Debtors shall not amend or modify the Plan or Disclosure Statement to fill in the blanks described in this Paragraph 2 until the date that is 5 days prior to the hearing on the Disclosure Statement Motion; provided further, however, that the Parties (x) agree that 5 days' notice of filing an amendment to or modification of the Plan or Disclosure Statement to fill in the blanks described in this Paragraph 2 shall satisfy the notice requirement of paragraph 2 of the Case Matters Protocol and (y) agree not to object to the Debtors' motion to shorten notice of the Disclosure Statement Hearing (as defined below) on the basis that the Debtors have amended or modified the Plan or Disclosure Statement to fill in the blanks described in this Paragraph 2.  Notwithstanding the foregoing, the Debtors acknowledge and agree that none of the other Parties support or have approved or accepted any of the provisions of the Plan, including the provisions of the Plan described in this Paragraph 2.  For the avoidance of doubt, except as expressly set forth herein, the Parties reserve all rights with respect to all aspects of the Plan, Disclosure Statement, and any pleadings or filings related thereto, including the right to object on any basis to approval of the Disclosure Statement or confirmation of the Plan.

3.    The TCEH First Lien Ad Hoc Group agrees to support, the TCEH Committee agrees not to object to, and the TCEH Second Lien Indenture Trustee, the TCEH Unsecured Ad Hoc Group, and the TCEH Unsecured Indenture Trustee reserve all rights to object to, entry of an order approving the Scheduling Motion (the "Scheduling Order") at the May 4, 2015 omnibus hearing so that the Scheduling Order may be entered at or as soon as practicable following such

hearing, so long as the Scheduling Order provides for the following and is otherwise reasonably acceptable to the TCEH Committee and the TCEH First Lien Ad Hoc Group:

a.    the hearing on the Disclosure Statement Motion (the "Disclosure Statement Hearing") will commence no earlier than the July 2015 omnibus hearing;

b.    the hearing on confirmation of the Plan (the "Confirmation Hearing") will commence on November 17, 2015; provided, however, that if the Parties reach agreement on a consensual Plan, the Confirmation Hearing may commence earlier than such date;

c.    the other intermediate dates delineated in the proposed Scheduling Order circulated by the Debtors to the other Parties on March 27, 2015 are adjusted as set forth in on Exhibit A attached hereto; and

d.    in the event the Debtors fail to comply with the discovery deadlines set forth in such order, all parties' rights are reserved to seek a modification of the relevant dates set forth in the Scheduling Order.

4.    The Parties shall (i) commencing as soon as reasonably practicable after the selection of a mediator, participate in mediation regarding the Plan (the "Mediation"), (ii) negotiate in good faith the terms of an agreed order governing the Mediation to be entered by the Court no later than the May 4, 2015 omnibus hearing, and (iii) as quickly as possible, but in no event later than the May 4, 2015 omnibus hearing, select a plan mediator, which mediator shall be acceptable to each of the TCEH Committee,[3] TCEH First Lien Ad Hoc Group, and the Debtors in such Party's sole and absolute discretion. If such Parties are unable to agree on the selection of a mediator, the TCEH Committee and TCEH First Lien Ad Hoc Group shall each provide the Debtors with the name of their proposed mediator(s) on or before April 29, 2015,

---

[3]    For the purposes of this Paragraph 4, the TCEH Committee shall coordinate with the TCEH Unsecured Ad Hoc Group and the TCEH Second Lien Indenture Trustee on the selection of the mediator.

~~and, based on such selections, the Debtors shall submit the various proposals (including the~~ ~~Debtors' proposals) to Judge Sontchi on or before April 30, 2015, and request that Judge Sontchi~~ ~~select a mediator from the list of proposed mediators at the May 4, 2015 omnibus hearing.~~

3.      The Parties shall, commencing as soon as reasonably practicable after entry of an order consistent with the relief requested in the Scheduling Motion appointing a Mediator, participate in mediation regarding the Plan (the "Mediation").

~~5.~~4.      The deadline for submitting second round bids for the sale of the economic interests in Oncor shall remain April 13, 2015; provided, however, that while the Debtors may enter into a stalking horse agreement at any time, and file a motion to approve entry into the agreement on any date after May 13, 2015, the Debtors shall not commence a hearing to approve a stalking horse agreement before ~~June 20~~July 13, 2015.  The Debtors shall either (i) not require committed financing from any stalking horse bidder until 5 days before the hearing with respect to such stalking horse agreement, or (ii) if the Debtors do require such committed financing prior to such date, then the Debtors shall not require such commitment to be provided in a way that prevents such bidder from engaging in discussions with the parties regarding alternative transactions, including the Alternative Plan.  The Debtors' entry into a stalking horse agreement shall be subject to, and shall not interfere with or impair, their agreement to continue to engage in good faith negotiations regarding the Alternative Plan or their participation in the Mediation; provided that, notwithstanding the foregoing, in no event shall the terms hereof require the Debtors to negotiate or facilitate a proposal to acquire all or any part of the assets or equity of EFH or its subsidiaries (other than TCEH and its subsidiaries) as an alternative to the transaction contained in the stalking horse agreement (or be required to terminate the stalking horse agreement); however if, prior to the issuance of a court order approving the stalking horse

agreement, the Debtors reasonably believe that such alternative proposal is reasonably likely to result in a transaction that is superior, taking into account all terms thereof, to the transaction contemplated by the stalking horse agreement, then the Debtors shall reasonably facilitate, including through the provision of reasonable due diligence information, the submission of any bid by the parties hereto in respect of such alternative proposal; provided further, that, prior to ~~June 20~~July 13, 2015, the lack of fully committed financing shall not, in and of itself, be the sole factor relied upon by the Debtors to conclude that such alternative proposal is not reasonably likely to result in a transaction that is superior to the transaction contemplated by the stalking horse agreement.  The Debtors also agree that nothing set forth in this Paragraph 5 shall prevent the Debtors from responding to discovery requests in these chapter 11 cases.

~~6.~~5.    The Parties shall continue to negotiate in good faith with one another concerning all other aspects of the Plan or any Alternative Plan.

~~7.~~6.    Except as expressly provided in this Agreement, the Parties reserve all of their rights with respect to any matter related to these chapter 11 cases.

~~8.~~7.    This Agreement is intended to bind and inure to the benefit of the Parties, as well as the undersigned counsel and any group presently or later identified in a statement filed under Bankruptcy Rule 2019 as being represented by the undersigned counsel. The rights or obligations of the Parties under this Agreement may not be assigned, delegated, or transferred to any other person or entity.

~~9.~~8.    The provisions of this Agreement constitute an order of the Court and violations of the provisions of this Agreement are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.  To the extent the law of any state

governs this Agreement, this Agreement is to be governed by and construed in accordance with the laws of New York applicable to contracts made and to be performed in such state, without giving effect to the conflict of laws principles thereof.

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.*, DEBTORS AND DEBTORS-IN-POSSESSION

By:  */s/ Jason M. Madron*
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:           collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           james.sprayregen@kirkland.com
                     marc.kieselstein@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC, EFCH'S DIRECT SUBSIDIARY, TEXAS COMPETITIVE ELECTRIC HOLDINGS, LLC AND THEIR DIRECT AND INDIRECT SUBSIDIARIES, AND EFH CORPORATE SERVICES COMPANY

By: */s/ Brett H. Miller*

**POLSINELLI PC**
Christopher A. Ward (No. 3877)
Justin K. Edelson (No. 5002)
Shanti M. Katona (No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone:    (302) 252-0920
Facsimile:    (302) 252-0921
Email:        cward@polsinelli.com
              jedelson@polsinelli.com
              skatona@polsinelli.com

-and-

**MORRISON & FOERSTER LLP**
Lorenzo Marinuzzi (admitted *pro hac vice*)
Brett H. Miller (admitted *pro hac vice*)
James M. Peck (admitted *pro hac vice*)
Todd M. Goren (admitted *pro hac vice*)
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Email:        lmarinuzzi@mofo.com
              bmiller@mofo.com
              jpeck@mofo.com
              tgoren@mofo.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

THE AD HOC GROUP OF TCEH FIRST LIEN LENDERS

By:  */s/* ~~Jacob A. Adlerstein~~*Ryan M. Bartley*
          **YOUNG CONAWAY STARGATT & TAYLOR LLP**
          Pauline K. Morgan (Bar No. 3650)
          Ryan M .Bartley (Bar No. 4985)
          Andrew Magaziner (Bar No. 5426)
          1000 North King Street
          Wilmington, Delaware 19801
          Telephone:  (302) 571-6600
          Facsimile:  (302) 571-1253

          -and-

          **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
          Alan W. Kornberg (admitted *pro hac vice*)
          Kelley A. Cornish (admitted *pro hac vice*)
          Brian S. Hermann (admitted *pro hac vice*)
          Jacob A. Adlerstein (admitted *pro hac vice*)
          1285 Avenue of the Americas
          New York, New York 10019
          Telephone:  (212) 373-3000
          Facsimile:  (212) 757-3990

          *Counsel to the Ad Hoc Group of TCEH First Lien Lenders*

WILMINGTON SAVINGS FUND SOCIETY, FSB, IN ITS CAPACITY AS SUCCESSOR
INDENTURE TRUSTEE

By: */s/ Edward S. Weisfelner*
    **ASHBY & GEDDES, P.A.**
    William P. Bowdil (No. 2553)
    Gregory A. Taylor (No. 4008)
    500 Delaware A venue
    P.O. Box 1150
    Wilmington, Delaware 19899
    Telephone:    (302) 654-1888
    Facsimile:    (302) 654-2067

    -and-

    **BROWN RUDNICK LLP**
    Edward S. Weisfelner (admitted *pro hac vice*)
    Seven Times Square
    New York, New York 10036
    Telephone:    (212) 209-4800
    Facsimile:    (212) 209-4801
    -and-
    Jeffrey L. Jonas (admitted *pro hac vice*)
    Jeremy B. Coffey (admitted *pro hac vice*)
    One Financial Center
    Boston, Massachusetts 02111
    Telephone:    (617) 856-8200
    Facsimile:    (617) 856-8201

    *Counsel to Wilmington Savings Fund Society, FSB, solely in its*
    *capacity as successor Indenture Trustee*

THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS

By: */s/ Thomas E. Lauria*

**FOX ROTHSCHILD LLP**
Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
L. John Bird (No. 5310)
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone:      (302) 654-7444
Facsimile:      (302) 463-4971
Email:          jschlerf@foxrothschild.com
                jstrock@foxrothschild.com
                lbird@foxrothschild.com

-and-

**WHITE & CASE LLP**
J. Christopher Shore (admitted *pro hac vice*)
Gregory M. Starner (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Telephone:      (212) 819-8200
Facsimile:      (212) 354-8113
Email:          cshore@whitecase.com
                gstarner@whitecase.com

Thomas E. Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:          tlauria@whitecase.com
                mbrown@whitecase.com

*Counsel to the Ad Hoc Group of TCEH Unsecured Noteholders*

THE INDENTURE TRUSTEE FOR THE TCEH UNSECURED NOTES

By: ~~/s/ Stephen M. Miller~~
   */s/ Daniel A. Lowenthal*

**MORRIS JAMES LLP**
Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com

- and -

**PATTERSON BELKNAP WEBB & TYLER LLP**
Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
    bguiney@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*

Dated:  ~~April~~May ___, 2015                     **SO ORDERED:**

 

_____

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**Exhibit A**

**Agreed Dates for Proposed Scheduling Order[4]**

- **Scheduling order entered:** May 4, 2015

- **Fact discovery begins:** As early as May 11, 2015, but no later than May 18, 2015

- **Disclosure statement hearing:** No earlier than July 2015

- **Deadline for additional Consolidated Requests based on material modifications to the solicitation versions of the disclosure statement and plan:** Four (4) calendar days after the Court's entry of an order approving the disclosure statement.

- **Substantial compliance with the initial consolidated document requests:** July 10, 2015 (it being clear that materials will be produced on a rolling based in advance of such date)

- **Earliest date for depositions to begin:** July 17, 2015

- **Initial expert reports due:** September 4, 2015

- **Rebuttal reports due:** September 22, 2015

- **Fact and expert discovery ends:** October 9, 2015

- **Meet and confer for initial pre-trial conference, including re-phasing:** October 12, 2015

- **Initial pre-trial conference:** October 14, 2015

- **Pre-trial briefs due:** November 2, 2015

- **Debtors' reply due:** November 11, 2015

- **Final pre-trial conference:** November 13, 2015

- **Confirmation trial begins:** November 18, 2015 and will continue for approximately 20 trial days (using phased approach and chess clock) and will end before December 23, 2015

---

[4] Dates in the scheduling order regarding approval of the disclosure statement will be those dates included in the initial draft scheduling order circulated to the advisors to the Debtors' key stakeholders on March 27, 2015, subject to clarifying changes regarding the role of the TCEH Committee with respect to approval of the disclosure statement.