## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Requested at date and time TBD** |
| | ) | |

## NOTICE OF EMERGENCY MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER (I) ADJOURNING THE HEARING, CURRENTLY SCHEDULED FOR JUNE 1, 2015, ON THE DEBTORS' PROPOSED FORM OF ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF AND (II) SHORTENING NOTICE WITH RESPECT TO THE EMERGENCY MOTION

**PLEASE TAKE NOTICE** that on the date hereof, the official committee of unsecured creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**") filed the *Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice With Respect to the Emergency Motion* (the "**Motion to Continue**").

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

PLEASE TAKE FURTHER NOTICE that the Motion to Continue requests that the Court shorten the notice and objection periods with respect to the Motion to Continue and schedule a hearing on the Motion to Continue, if necessary, at the Court's earliest convenience (the "**Hearing**").

PLEASE TAKE FURTHER NOTICE that copies of the Motion to Continue may be obtained from the Court's website, https://ecf.deb.uscourts.gov for a nominal fee or, free of charge, the website of the Debtors' claims and noticing agent, http://efhcaseinfo.com.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

SC1:3866108.4
3902113

Dated:   Wilmington, Delaware
         May 21, 2015

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

*/s/ Natalie D. Ramsey*

Natalie D. Ramsey (DE Bar No. 5378)
Mark B. Sheppard
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
E-mail:      nramsey@mmwr.com
             msheppard@mmwr.com
             dwright@mmwr.com
             mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Mark F. Rosenberg
Brian D. Glueckstein
Michael H. Torkin
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588
E-mail:      dietdericha@sullcrom.com
             rosenbergm@sullcrom.com
             gluecksteinb@sullcrom.com
             torkinm@sullcrom.com

*Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC; EFIH Finance Inc.; and EECI, Inc.*

SC1:3866108.4
3902113

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Chapter 11

Case No. 14-10979 (CSS)

(Jointly Administered)

**Hearing Requested at date and time TBD**

**EMERGENCY MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF
AN ORDER (I) ADJOURNING THE HEARING, CURRENTLY SCHEDULED FOR
JUNE 1, 2015, ON THE DEBTORS' PROPOSED FORM OF ORDER (A) SETTING BAR
DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM
OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND
(C) APPROVING NOTICE THEREOF AND (II) SHORTENING NOTICE
WITH RESPECT TO THE EMERGENCY MOTION**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy

Future Holdings Corporation, Energy Future Intermediate Holding Company LLC ("**EFIH**"),

EFIH Finance Inc., and EECI, Inc. (collectively, the "**EFH Debtors**") hereby files this

emergency motion for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u>

(the "**Proposed Order**") (i) adjourning the hearing, currently scheduled for June 1, 2015, on the

Debtors' Proposed Form of Order (a) Setting Bar Date for Filing Asbestos Proofs of Claim,

(b) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (c) Approving

Notice Thereof [D.I. 3965] (proposed procedures, forms, and other materials for providing notice

of the Asbestos Bar Date collectively, as they may be amended, the "**Proposed Notice**

---

[1]   The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of
the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in
these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the
last four digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the debtors' claims and noticing agent at
http://www.efhcaseinfo.com.

**Procedures**"), and (ii) shortening notice with respect to the emergency motion (the "**Motion to Continue**") pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). In support of its Motion to Continue, the EFH Committee respectfully states as follows:

<u>**Preliminary Statement**</u>

1.      The Debtors have unfortunately wasted the time and resources of the parties and this Court by requiring that the EFH Committee make a formal Motion to Continue, on an emergency basis. The EFH Committee as a matter of course should be provided a reasonable adjournment in order to assess properly and liaise with the Debtors concerning the important issues raised by Debtors' Proposed Notice Procedures, which seek, among other things, to bar asbestos claims of individuals who have been exposed to asbestos for which the Debtors may be responsible but do not file a claim by the Asbestos Bar Date, even though many of these individuals have not to date manifested any illness or injury and have no individual or independent representation in these bankruptcy proceedings. Under these circumstances, consideration of the Proposed Notice Procedures should not be rushed, and there is no legitimate reason to do so.

2.      Little more than two weeks ago, on May 5, the Debtors responded to the EFH Committee's Interrogatories seeking information necessary in order for the EFH Committee and its retained asbestos noticing expert, Kinsella Media, LLC ("**Kinsella Media**"), to evaluate and comment upon the Proposed Notice Procedures. Many of the questions were objected to,

2

however, and the EFH Committee has sent a letter requesting clarification and supplementation of those responses by June 3, 2015.  Yet, the Debtors have refused to consent to any adjournment of the June 1, 2015 hearing on the Proposed Notice Procedures.

3.    Kinsella Media has been assimilating the information provided by the Debtors in discovery to date, and is in the process of preparing its recommendations with respect to the Proposed Notice Procedures.  The EFH Committee, with the benefit of Kinsella Media's conclusions, will be in a position to meet with the Debtors and their professionals in June to discuss cost-effective modifications and improvements to the Proposed Notice Procedures.  If the parties are unable to reach consensus, a contested hearing can proceed on the issues before the Court at the next omnibus hearing scheduled for July 16, 2015.

4.    Despite the lack of prejudice to the Debtors due to an adjournment, and the importance and novelty of the issues presented, the Debtors seek to rush the Proposed Notice Procedures through the Court and deprive the EFH Committee and the Court of the benefit of Kinsella Media's expertise.  Instead, the Debtors have dictated a schedule by which the Court must consider these important matters without providing the EFH Committee an opportunity to meaningfully evaluate and respond to Proposed Notice Procedures sought to be approved.  The EFH Committee is left to request that the Court step-in and adjourn the hearing on the Proposed Notice Procedures until the July 16 omnibus hearing.

5.    The need for care with respect to the terms of the Proposed Notice Procedures is particularly acute in light of the novelty of the order sought and the seriousness of a bar date.  The unreasonableness of the Debtors' position is magnified when considered in the context of the recent delays in the Oncor sale process and for litigation concerning the Debtors'

3

plan of reorganization in favor of plan negotiations.    The EFH Committee's request for adjournment is entirely reasonable and should be granted.

### Background

6.        On January 7, 2015, the Court issued an opinion [D.I. 3183] (the "**Bar Date Opinion**") holding that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") could seek to establish a bar date for all asbestos claims, including unmanifested asbestos claims ("**Unmanifested Asbestos Claims**")[2].

7.        In the Bar Date Opinion, the Court stated:

> At this juncture, exclusivity is still in place and the Debtors may propose a plan to meet their needs and concerns, as well as the concerns of their constituencies. As such, the Court cannot consider whether a section 524(g) injunction ought to be established in the Debtors plan of reorganization, whether the Court should estimate the Debtors asbestos exposure, or whether the Court should appoint a futures representative.  That being said, however, the Court will consider such proposals as they are presented to it. Until such matters are raised by motion or the filing of a plan, however, the Court is mindful that the Debtors have exclusive control over whether to submit a plan of reorganization and the terms thereof. As such, the Court will not impose any proposed treatment for such plan that is still in the early stages of negotiation.

(Bar Date Op. at 32-33 (internal citations omitted).)  In addition, the Court found that attorneys representing identified present asbestos claimants with manifested asbestos-related injuries or diseases lacked standing to make arguments on behalf of Unmanifested Asbestos Claimants. (Bar Date Op. at 6-7.)

---

[2]    Unmanifested Asbestos Claims are defined in the Bar Date Opinion as the claims of unknown persons that have yet to manifest any sign of illness from exposure to asbestos.

8.      Because the Court in its Bar Date Opinion held that Unmanifested Asbestos Claimants hold Claims as defined in the Bankruptcy Code, many of these Unmanifested Asbestos Claimants are technically within the constituency represented by the EFH Committee.[3]

9.      While the EFH Committee has undertaken the task of analyzing the Debtors' Proposed Notice Procedures, it is in a difficult position with regard to the issues presented concerning Unmanifested Asbestos Claimants.  The potential, if not actual, conflict of interests between the Unmanifested Asbestos Claimants and other persons and entities within the constituency represented by the EFH Committee,[4] together with the fact that the Unmanifested Asbestos Claimants are unrepresented, necessarily means that the EFH Committee's effort to address the Proposed Notice Procedures may not represent positions that the Unmanifested Asbestos Claimants would take on their own behalf if separately represented.[5]

10.     On January 19, 2015, the EFH Committee filed a *Statement of the EFH Committee Regarding Asbestos Claimants with Unmanifested Injuries* that, among other things,

---

[3]   Unmanifested Asbestos Claims are not made up solely of persons who may in the future manifest asbestos injury themselves, but also their unborn children, future spouses and others, whose future relationship with the injured individual may give rise to a claim against the Debtors.  In addition, the T-Silo debtors may also have liability for Unmanifested Asbestos Claims due to the operations of those Debtors' businesses, and those claimants are not within the EFH Committee's constituency.

[4]   The interest of present claimants is to maximize their own recovery, which may require minimizing the claims of Unmanifested Asbestos Claims.  In addition, the present claimants do not approach the case from the perspective of the future creditors and the issues that may be important to them.  *Cf. Amchem v. Windsor*, 521 U.S. 591, 626 (1997) (reversing class action settlement of present and future asbestos claims where future claimants were not independently represented).

[5]   The EFH Committee recognizes, of course, that the manner in which Unmanifested Asbestos Claims will actually be treated under the terms of whatever reorganization plan is ultimately approved is currently unknown.  The Debtors' April 15, 2015 proposed Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4142], which provides for Legacy General Unsecured Claims Against the EFH Debtors (including Unmanifested Asbestos Claims) to be unimpaired—so long as the Unmanifested Asbestos Claimants have filed their Claims by the Bar Date—does not have the support of any creditor constituency, including the EFH Committee.

SC1:3866108.4
3902113

noted that difficult noticing issues arise when attempting to provide proper notice to Unmanifested Asbestos Claimants [D.I. 3329].

11.    On March 24, 2015, the Debtors filed a proposed order seeking to establish a bar date with respect to all prepetition claims relating to exposure to asbestos, including unknown and unmanifested claims (other than property damage claims or claims for contractual or common law indemnification or contribution) (the "**Asbestos Bar Date**"), and requesting approval of the Proposed Notice Procedures, which were prepared with the assistance of Hilsoft Notifications ("**Hilsoft**").

12.    On April 6, 2015, the EFH Committee sought to retain Kinsella Media as an asbestos claims noticing expert to assist the EFH Committee and its counsel in evaluating the adequacy of the Proposed Notice Procedures.

13.    On April 14, 2015, the Court entered an order granting the EFH Committee's application to retain and employ Kinsella Media, *nunc pro tunc* to March 27, 2015.[6]

14.    On April 15, 2015, in consultation with Kinsella Media, the EFH Committee served Interrogatories directed to the Debtors requesting targeted information relevant to evaluating the Proposed Notice Procedures (the "**Interrogatories**").  The information sought includes, among other things, identification of the Debtors' predecessors; location, dates of operation, and other information regarding the facilities of the Debtors and their predecessors; information concerning the placement and usage of the asbestos for which Debtors or their predecessors may be liable; and information relevant to identifying who the individuals are who

---

[6]    *See Order (A) Authorizing the Retention and Employment of Kinsella Media as Asbestos Noticing Expert to the EFH Official Committee* Nunc Pro Tunc *to March 27, 2015 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* [D.I. 4159].

SC1:3866108.4
3902113

may be Unmanifested Asbestos Claimants, where they are likely to be located, and the types of publications and other media they are most likely to see or hear.  A copy of the Interrogatories is attached hereto as <u>Exhibit B</u>.

15.    On April 16, 2015, a teleconference was held among the EFH Committee's counsel, Kinsella Media, Debtors' counsel, and Hilsoft, during which Kinsella Media asked some initial questions regarding the Proposed Notice Procedures.  A number of issues were identified for further inquiry and follow-up.

16.    The Debtors provided responses and objections to the Interrogatories on May 5, 2015 (the "**Debtors' Responses**").  The Debtors' Responses include certain responsive information but omit other critical facts and object to many questions.  For example, in response to Interrogatory No. 1, the Debtors limited the predecessor information provided to those entities that have historically been the subject of asbestos claims, while the proposed Asbestos Bar Date would apply to *all* Debtors and their predecessor entities.  On May 21, 2015, the EFH Committee sent a letter to the Debtors requesting clarification and supplementation of the Debtors' Responses by June 3, 2015.[7]

17.    On May 20, 2015, the EFH Committee requested that the Debtors consent to continuing the hearing on the Proposed Notice Procedures scheduled for June 1, 2015.  (*See* E-mail from B. Glueckstein to C. Husnick, dated May 20, 2015, attached hereto as <u>Exhibit C</u>.)

18.    On May 21, 2015, the Debtors refused the EFH Committee's request for a continuance. (*See* E-mail from C. Husnick to B. Glueckstein, dated May 21, 2015, attached hereto as <u>Exhibit D</u>.)

---

[7]    The EFH Committee reserves its rights with respect to all discovery matters, none of which are currently before the Court.

SC1:3866108.4
3902113

## Jurisdiction

19.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

20.    By this Motion to Continue, the EFH Committee requests entry of the Proposed Order adjourning the hearing, currently scheduled for June 1, 2015, with respect to Debtors' Proposed Form of Order (A) Setting Bar Date For Filing Asbestos Proofs of Claim, (B) Approving The Form of And Manner For Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof, until the omnibus hearing scheduled for July 16, 2015, to provide a reasonable opportunity to evaluate and respond to the Debtors' Proposed Notice Procedures.  The EFH Committee does not seek adjournment of the June 1, 2015 hearing with respect to any other matters on the Agenda for that day.

## Basis for Relief

21.    The EFH Committee continues to have serious concerns regarding the Debtors' efforts to establish the Asbestos Bar Date.  The EFH Committee believes that the Debtors' time-consuming and costly efforts to establish the Asbestos Bar Date are neither necessary nor appropriate on the facts of these chapter 11 cases.  The EFH Committee nonetheless understands that the Court has authorized the Debtors to seek approval of Proposed Notice Procedures in order to establish an Asbestos Bar Date.

22.    In view of the nature of the relief that the Debtors seek through an Asbestos Bar Date, and the significant costs associated with setting an Asbestos Bar Date, it is critical that the EFH Committee have a meaningful opportunity to evaluate and provide input

8

into the Proposed Notice Procedures. The need for the EFH Committee, as advised by Kinsella Media, to provide an independent evaluation of the Proposed Notice Procedures is compounded by the fact that Unmanifested Asbestos Claimants currently have no individual or other representation. For the avoidance of doubt, the EFH Committee does not represent any individual creditors, including Unmanifested Asbestos Claimants. Individual asbestos creditors might identify additional or different issues, but the EFH Committee is currently the only party with standing to consider the Proposed Notice Procedures with respect to Unmanifested Asbestos Claims and must be permitted to do so.[8]

23.     Kinsella Media is diligently working to evaluate the Proposed Notice Procedures and support the EFH Committee in providing input into those procedures. However, Kinsella Media cannot be expected to be in a position to have completed its analysis a mere two weeks after receiving the Debtors' Responses and with follow-up discovery still pending.

24.     The Debtors' attempt to rush consideration of the important issues presented by the Proposed Notice Procedures should not be countenanced. The Debtors' refusal to permit Kinsella Media and the EFH Committee reasonable time to evaluate relevant information and provide educated feedback on the Proposed Notice Procedures is indefensible given the current posture of these chapter 11 cases.

25.     First, with the Debtors' support, the Court recently held that with the exception of litigation concerning the Debtors' Disclosure Statement, "[p]utting pencils down in connection with litigation, focusing on some runway [in] connection with alternative plan

---

[8]     To the extent that the T-Silo Debtors have liability for Unmanifested Asbestos Claims, the TCEH Unsecured Creditors' Committee may also have standing to consider these issues.

9

structure . . . is, I think, the way to go in this case right now." (May 13, 2015 Hr'g Tr. at 40:13-16.)

26.    Second, since filing the Proposed Notice Procedures, the Debtors have contractually agreed with T-Silo creditors to two substantial delays of the earliest date to commence a hearing to approve an stalking horse for the sale of EFIH's interest in Oncor Electric Delivery Holdings Company LLC and its subsidiaries, most recently to July 13, 2015, in the *Amended and Restated Stipulation and Agreed Order Regarding to the Adjournment of Standing Motions* [D.I. 4498]. Moreover, a confirmation hearing with respect to the Debtors' current plan of reorganization will not commence prior to, at least, November 18, 2015. There is thus time to permit Kinsella Media and the EFH Committee a reasonable period of time to complete the analysis of the Proposed Notice Procedures, while still affording the Debtors an opportunity to assess the scope of asbestos claims if an Asbestos Bar Date is set.

27.    Third, the EFH Committee anticipates working constructively with the Debtors to cost-effectively modify and improve the Proposed Notice Procedures as appropriate. Based on its preliminary analysis, Kinsella Media has already identified significant material deficiencies in the Debtors' Proposed Notice Procedures involving both the media plan and the notice materials. The requested continuance will permit sufficient time for the EFH Committee and the Debtors to confer regarding the modifications and improvements to the Proposed Notice Procedures suggested by Kinsella Media, with the goal of presenting the Court with a version of the Proposed Notice Procedures agreed upon among the Debtors and the EFH Committee.

28.    Accordingly, the EFH Committee respectfully requests a continuance of the hearing regarding the Debtors' Proposed Notice Procedures from June 1, 2015 to the omnibus hearing scheduled for July 16, 2015.

SC1:3866108.4
3902113

29.    The EFH Committee also respectfully requests that this Court permit the shortening of notice of the Motion to Continue pursuant to Local Rule 9006-1(e).  The Court may shorten the notice period for a motion upon written motion specifying the exigencies supporting shortened notice.  The Debtors' refusal to agree to a continuance necessitated the filing of this motion, and shortening the notice period is required given that the hearing in question is slightly more than a week away.  The EFH Committee submits that there is sufficient cause to justify shortening the notice period so that this Court may consider this Motion to Continue at the Court's earliest convenience.

**Notice**

30.    Notice of this Motion to Continue has been provided to:  (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Forester LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The EFH Committee respectfully submits that further notice of this Motion to Continue is neither required nor necessary.

**No Prior Request**

31.    No prior motion or application for the relief requested herein has been made to this or any other Court.

11

WHEREFORE, for the reasons set forth herein, the EFH Committee respectfully

requests that the Court (a) enter the Proposed Order granting the relief requested herein and

(b) grant such other and further relief as is just and proper.[9]

Dated:  Wilmington, Delaware
         May 21, 2015

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

  */s/ Natalie D. Ramsey*
Natalie D. Ramsey (DE Bar No. 5378)
Mark B. Sheppard
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800;
Facsimile: (302) 504-7820
E-mail:        nramsey@mmwr.com
               dwright@mmwr.com
               mfink@mmwr.com


– and –


**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Mark F. Rosenberg
Brian D. Glueckstein
Michael H. Torkin
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588
E-mail:        dietdericha@sullcrom.com
               rosenbergm@sullcrom.com
               gluecksteinb@sullcrom.com
               torkinm@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance Inc.; and EECI, Inc.*

---

[9]    In the event the Court were to deny the Motion to Continue, the EFH Committee reserves its rights to file a response to the Proposed Notice Procedures prior to the June 1, 2015 hearing.