## EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

——————————————————x
In re:                              :    Chapter 11
                                    :
Energy Future Holdings Corp., *et al.*,  :    Case No. 14-10979 (CSS)
                                    :
            Debtors.                :    (Jointly Administered)
                                    :
                                    :
                                    :
——————————————————x

**EFH OFFICIAL COMMITTEE FIRST SET OF INTERROGATORIES TO DEBTORS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014, 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the EFH Committee, by and through its undersigned counsel, in connection with the Proposed Asbestos Bar Date Order, hereby requests that the Debtors answer the following interrogatories (the "Interrogatories, each an "Interrogatory") fully, in writing, under oath and in accordance with the definitions and instructions set forth below based on information in their possession, custody, or control, including in the possession, custody, or control of any Affiliates of any of the Debtors.

## DEFINITIONS

1.      "Affiliate" of any specified Person shall mean any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

2.      "Asbestos Claim" shall mean any Claim that has been or may be asserted against any Debtor arising from or relating to exposure by any Person to any asbestos or asbestos-containing products, whether or not such exposure has resulted in an injury that has

manifested or been diagnosed.  The term includes, but is not limited to, (a) Claims made directly against a Debtor by, on behalf of, or as a result of relationships with, individuals who have allegedly suffered bodily injury, disease or death caused by exposure to asbestos or asbestos-containing products, and (b) Claims by Persons who allege entitlement to indemnification from a Debtor for Claims made against such Persons by, on behalf of, or as a result of relationships with, individuals who have allegedly suffered bodily injury, disease or death caused by exposure to asbestos or asbestos-containing products.

3.      "Asbestos Claimant" shall mean any Person that has or may have an Asbestos Claim.

4.      "Bankruptcy Code" shall mean Title 11 of the United States Code, and all provisions thereof.

5.      "Chapter 11 Cases" shall mean the Chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014 and jointly administered as case number 14-10979.

6.      "Claim" shall mean any claim against any Debtor as defined in Section 101(5) of the Bankruptcy Code.

7.      "Debtors" shall mean, collectively, EFH and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, Affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, representatives and other Persons acting on its behalf.

8.      "EECI" shall mean Enserch Engineering and Construction, Inc., its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

9.      "EFH" shall mean Energy Future Holdings Corporation, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

10.     "EFH Committee" shall mean the Official Committee of Unsecured Creditors of EFH, EFIH, EFIH Finance, Inc., and EECI.

11.     "EFIH" shall mean Energy Future Intermediate Holding Company LLC, its predecessors, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

12.     "Facility" or "Facilities" shall mean (i) any and all units, plants, businesses, locations, shops, foundries, or facilities designed, constructed, owned or operated at any time by any of the Debtors or any such location where the Debtors performed work, including, but not limited to, the units, plants, or facilities designed, constructed, owned or operated by any of the entities identified in the Proposed Asbestos Bar Date Order or their predecessors or affiliates; and (ii) any and all units, plants or facilities as to which the Debtors provided engineering, consulting, or other services.

13.     "Identifiable" shall refer to those Persons for whom you have or can with reasonable diligence obtain names and contact information, including a mailing or residential address, phone number, or email address.

14.     "Person" or "Persons" shall mean all natural persons, corporations, partnerships or other business associations and all other legal or governmental entities or associations.

15.     "Petition Date" shall mean April 29, 2014.

16.     "Proposed Asbestos Bar Date Order" shall mean the *Notice of Filing of Proposed Form of "Order (A) Setting Bar Date For Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof"* filed by Debtors in the Chapter 11 Cases on March 24, 2015 (D.I. No. 3965), and the proposed procedures for providing notice and the forms and other notice materials set forth therein.

17.     "Workers" shall refer to employees, principals, officers, directors, agents, contractors, subcontractors, representatives or any other individuals who have worked at a Facility.

18.     "You" or "your" shall refer to any Persons to whom these Interrogatories have been addressed and all of their current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other Persons currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

19.     The terms "relating to" and "concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

## INSTRUCTIONS

1.     Answer each and every Interrogatory in full.

-4-

2.      If an Interrogatory cannot be answered in full, answer to the extent possible, specifying the reason why the remainder cannot be answered.

3.      Each Interrogatory extends to any information in your possession, custody or control, including, but not limited to, information in the custody or possession of current or former members, direct or indirect subsidiaries, parents, Affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives or investigators.

4.      If you object to an Interrogatory, state the specific basis for the objection and answer any portion of the Interrogatory to which you do not object.

5.      In the event any information responsive to an Interrogatory is withheld based upon a claim of attorney-client work-product or any other privilege or immunity, provide a privilege log detailing the basis of the claimed privilege or other immunity.

6.      The use of the singular form of any word shall include the plural form, and the plural form shall include the singular form.

7.      The use of the present tense of any word includes the past tense, the use of the past tense of any word shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

8.      These Interrogatories shall be deemed continuing so as to require prompt supplemental responses if you or your attorneys or agents become aware of, receive or generate additional information responsive to these after the time of the initial response.

9.      All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

## INTERROGATORIES

1.      Identify all Debtors and their corresponding "Predecessors" as that term is used in the Proposed Asbestos Bar Date Order, including specifically the following information for each Debtor and Predecessor: (i) each name by which it is or has been known, including all registered names, dba's, fictitious names and any name changes, (ii) each address at which such Debtor or Predecessor is or has been located, (iii) the dates when such Debtor or Predecessor was located at addresses identified or sought to be identified in response to subparagraph (ii) above, (iv) the nature of the business conducted by such Debtor or Predecessor at each location, and (v) the particular Facility for which, in the event of a Person's injurious exposure to asbestos or asbestos-containing products there, the exposed Person would or could have an Asbestos Claim against that Debtor or Predecessor.

2.      Identify all Facilities, specifically including the following information for each Facility: (a) address; (b) date of construction; (c) dates of operation; (d) types of operations conducted; (e) date range during which the Debtors provided engineering, consulting or other services, if applicable; (f) date of the Facility's acquisition by the Debtors, if applicable; and (g) date of divestiture by the Debtors, if applicable.

3.      For each Facility identified or sought to be identified in response to Interrogatory No. 2, (i) identify each type of asbestos or asbestos-containing product that is or was in the Facility, (ii) state where in the Facility the asbestos or asbestos-containing product is or was located, (iii) state, as to each asbestos-containing product in the Facility, whether that product is or was friable or non-friable, (iv) identify the year in which asbestos or asbestos-containing products were first used in the Facility, and (v) identify the year(s) in which remediation or other actions were taken to remove or encapsulate all asbestos or asbestos-containing products that were in each Facility, the year in which the remediation or other actions that were taken to

-6-

remove or encapsulate all asbestos or asbestos-containing products at each Facility was completed.

4.      As to each type of asbestos or asbestos-containing product identified or sought to be identified in response to Interrogatory No. 3, describe the manner in which such asbestos or asbestos-containing product is or was used and the occupations of Workers or other Persons who could reasonably be expected to be exposed to that asbestos or asbestos-containing product.

5.      For each Facility identified or sought to be identified in response to Interrogatory No. 2, identify (i) the Workers there each year of the Facility's operation, (iii) the number of those Workers who are or were female, (iv) the number of those Workers or are or were male, (v) the ages of Workers for each year of operation by occupation, (vi) the current age, as of April 7, 2015, of each Worker still alive as of that date, and (vii) each Worker who died prior to April 7, 2015, the date of his or her death, and the age of that Worker as of the date of his or her death.

6.      For each Facility identified or sought to be identified in response to Interrogatory No. 2, identify the union or unions in which any Workers at that Facility were members, provide the estimated percentage of unionized Workers, and provide the estimated percentage of Workers coming into contact with asbestos or asbestos-containing products at the Facility who were unionized.

7.      Identify all information that you provided to Hilsoft Notifications in connection with the development of the Proposed Asbestos Bar Date Order.

8.      Identify all Identifiable Asbestos Claimants, and the total number of all such Identifiable Asbestos Claimants.

9.      Identify all Identifiable Workers at each Facility, and state the total number of all such Identifiable Workers.

10.     For each Asbestos Claimant who has asserted, formally or informally, an Asbestos Claim prior to the Petition Date, provide (a) the age of the Asbestos Claimant at the time that such Asbestos Claimant was diagnosed with an asbestos injury, if known, or, if unknown, the age of the Asbestos Claimant at the time of the assertion of an Asbestos Claim against one or more of the Debtors, (b) the asbestos disease asserted by each such Asbestos Claimant; (c) the gender of each such Asbestos Claimant, (d) the year(s) of diagnosis and, if applicable, death of each such Asbestos Claimant, (e) the occupation of such Asbestos Claimant, and (f) identity the Debtors against which such Asbestos Claimant asserted an Asbestos Claim.

Dated:   Wilmington, Delaware
         April 15, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

  /s/ Mark A. Fink
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
Mark A. Fink, Esquire (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:     nramsey@mmwr.com
            dwright@mmwr.com
            mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Mark F. Rosenberg
Brian D. Glueckstein
Michael H. Torkin
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588
E-mail:
     dietdericha@sullcrom.com
     rosenbergm@sullcrom.com
     gluecksteinb@sullcrom.com
     torkinm@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc.; and EECI, Inc.*