# **EXHIBIT C**

**Glueckstein, Brian D.**

| | |
|---|---|
| **From:** | Glueckstein, Brian D. |
| **Sent:** | Wednesday, May 20, 2015 2:12 PM |
| **To:** | chusnick@kirkland.com |
| **Cc:** | emily.geier@kirkland.com; Rosenberg, Mark F.; nramsey@mmwr.com; Fink, Mark (mfink@mmwr.com) |
| **Subject:** | EFH - Asbestos Bar Date Hearing |

Chad,

I write on behalf of the EFH Official Committee to request that the Debtors agree to adjourn the hearing on the Proposed Asbestos Bar Date Notice Procedures and Order and supporting documents [D.I. 3965-3968] (the "Proposed Notice Procedures") to the next omnibus hearing scheduled for July 16, 2015, with the EFH Committee's objection deadline to be seven days prior to the hearing. The EFH Committee intends to work with the Debtors in the coming weeks in an attempt to reach agreement on the form and content of the Proposed Notice Procedures in order to consensually resolve this matter in advance of July, but we require additional time in order to do this effectively and efficiently.

Kinsella Media is in the process of preparing recommendations to the EFH Committee for improvements to the Proposed Notice Procedures. This process obviously takes some time, but we expect to be in a position to have received their recommendations and be able to discuss them with you in early June. As we have discussed, the Proposed Notice Procedures raise novel, complex and important issues for all unsecured creditors within the EFH Official Committee's constituency, including but not limited to persons who have been exposed to asbestos for which the Debtors could be liable but who have not yet manifested any injury or disease. The EFH Committee, with Kinsella's assistance, has been carefully reviewing and considering the Proposed Notice Procedures. To assist Kinsella in its analysis, the EFH Committee served targeted interrogatories, to which the Debtors, just 15 days ago, provided some responses and a number of objections. The limited information provided raises questions about whether all available sources of relevant information were consulted. Moreover, the Debtors have objected to providing critical information. For example, in response to Interrogatory #1, the Debtors refused to identify predecessor entities that Debtors say have not historically been the subject of asbestos claims, even though Debtors are seeking protection for these same unidentified entities from all future asbestos claims.

Kinsella and the EFH Committee are proceeding with appropriate speed and diligence to ensure the Notice Procedures will provide necessary information and will be designed to reach the appropriate target audiences utilizing means that are reasonably calculated to provide these audiences with proper notice. We believe our request for adjournment is both reasonable and necessary given the impact the bar date will have on creditors, and the need for the EFH Committee to meaningfully respond to the Proposed Notice Procedures—especially in light of the lack of individual representation for unmanifested claimants. The Debtors recent decision to further delay almost another month to July 13 the earliest date to commence a hearing to approve an Oncor stalking horse bid reinforces the reasonableness of this request and the lack of any prejudice to Debtors or any other parties due to our requested adjournment.

In our discussion yesterday, you stated that the Debtors will not grant our request for an adjournment to provide the necessary time for Kinsella to digest all the relevant information, provide its recommendations, and have the EFH consider them and discuss them with the Debtors. We note that you similarly initially refused our request for an adjournment prior to the last hearing—even though Debtors had not yet even provided their responses to our interrogatories. We hope that this time, like last, you will reconsider and work in a cooperative fashion on a reasonable timetable to agree upon mutually acceptable Notice Procedures. Please advise me, <u>no later than 12:00 noon Eastern Time on Thursday, May 21</u>, whether the Debtors agree to this requested adjournment. Absent agreement by that time,

1

we will be forced to file an appropriate motion with the Court, thereby wasting unnecessarily the time and resources of the parties and the Court on an extension which should be granted as a matter of course.

Regards,
Brian

Brian D. Glueckstein
Sullivan & Cromwell LLP | 125 Broad Street |
    New York, NY  10004-2498
T: (212) 558-1635 | F: (212) 291-9305 |
[gluecksb@sullcrom.com](mailto:gluecksb@sullcrom.com)