# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 3966, 4553** |

## OBJECTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO THE EMERGENCY MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER (I) ADJOURNING THE HEARING, CURRENTLY SCHEDULED FOR JUNE 1, 2015, ON THE DEBTORS' PROPOSED FORM OF ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF AND (II) SHORTENING NOTICE WITH RESPECT TO THE EMERGENCY MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the motion [D.I. 4553] (the "Motion to Adjourn") of the official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee"), seeking entry of an order adjourning the hearing on the Debtors' proposed order approving the form and manner for filing proofs of claim and of notice of the bar date with respect to all prepetition claims against the Debtors, including unmanifested claims, relating to exposure to asbestos, that are not property damage claims or claims for contractual or common

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 12034788v.1

law indemnification or contribution (such claims, the "Asbestos Claims," and such bar date, the "Asbestos Bar Date"). In support of this Objection, the Debtors respectfully state as follows.

1. The Court should deny the EFH Committee's request to further adjourn the hearing on the form of notice to be provided to claimants with the imposition of the Asbestos Bar Date. Any notion that the Debtors are attempting to rush consideration of the Asbestos Bar Date and the form and manner of notice thereof is belied by the fact that nearly five months have passed since the Court ruled that the Debtors could set a bar date for unmanifested asbestos claims. In that time the Debtors have cooperated with the EFH Committee, supplying requested diligence, sharing advance copies of the proposed Asbestos Bar Date notice plan (the "Notice Plan"), and soliciting comments from the EFH Committee on the Notice Plan. Indeed, the Debtors have consented to two prior adjournments already to facilitate the EFH Committee's efforts. The EFH Committee and its retained expert, Kinsella Media, LLC ("Kinsella"), have had months to review and comment on the Notice Plan, but have yet to provide a single comment. Now, having consented to the EFH Committee's prior requests for adjournments, the Debtors simply wish to move forward with a motion that has been pending since July 2014. The Debtors therefore respectfully request that the Court deny the Motion to Adjourn.

2. The Court ruled on January 7, 2015, that a bar date could be set for unmanifested claims [D.I. 3183]. After the Court issued its ruling, the Debtors worked with Hilsoft Notifications ("Hilsoft"), a business unit of Epiq Bankruptcy Solutions, LLC, to design the comprehensive Notice Plan to provide notice of the Asbestos Bar Date to known and unknown holders of Asbestos Claims.

3. Both before and after the Court's January 2015 ruling, the Debtors engaged in multiple conversations with the EFH Committee regarding the Asbestos Claims and the Asbestos

RLF1 12034788v.1

Bar Date. On December 8, 2014, the Debtors provided to the EFH Committee certain documents in response to diligence requests regarding Asbestos Claims and holders of Asbestos Claims. Moreover, as the Debtors and their advisors worked with Hilsoft to develop their Notice Plan, the Debtors continued to cooperate with the EFH Committee to ensure that the EFH Committee had the information it needed to evaluate any notice plan. On March 2, 2015, the Debtors provided the EFH Committee with a significant amount of additional diligence.

4. On March 11, 2015, the Debtors provided the EFH Committee with a draft of the Notice Plan, the proposed notices, and proposed order setting the Asbestos Bar Date. At the EFH Committee's request, the Debtors delayed the filing of the Notice Plan to allow the parties additional time to discuss the proposed Notice Plan and consensually resolve any disputes. The EFH Committee did not provide the Debtors with any comments or revisions to the Notice Plan before the Debtors were required to file the Notice Plan on March 24, 2015, to be noticed for the April 14, 2015, omnibus hearing in these chapter 11 cases.

5. On April 3, 2015, the EFH Committee filed, on shortened notice, the application to retain Kinsella Media, LLC as asbestos noticing expert [D.I. 4056]. The Debtors agreed not to object to the application (or the motion to shorten notice) to expedite the EFH Committee's review of the Notice Plan. The Debtors also agreed to adjourn the hearing on the Notice Plan to the May omnibus hearing to allow Kinsella sufficient time to review the Notice Plan. On April 14, 2015, the Court approved the retention of Kinsella effective March 27, 2015.

6. On April 15, 2015, two weeks after the effective date of the retention, the EFH Committee sent the Debtors an informal discovery request for certain information allegedly relevant to Kinsella's evaluation of the Notice Plan. The Debtors and their advisors worked diligently to collect the requested information and contacted the EFH Committee on April 23,

2015—only a week later—to provide answers to the informal discovery requests. The EFH Committee at that time demanded a formal response to the heretofore informal interrogatories. Despite the extremely broad nature of the EFH Committee's interrogatories, the Debtors provided the EFH Committee with a formal response on May 5, 2015, only two and a half weeks after the EFH Committee's initial request. In answering the interrogatories, the Debtors consulted with all available sources of relevant information and made every reasonable effort to answer each question as fully and substantively as possible. Additionally, much of the information provided in the Debtors' response had already been previously supplied to the EFH Committee in the foregoing months. And once again, the Debtors agreed, at the EFH Committee's request, to adjourn the hearing on the proposed Notice Plan to the June omnibus hearing. The Debtors made it clear at that time, however, that they would not agree to any further adjournments.

7. On May 20, 2015—more than two weeks after the Debtors had provided their interrogatory responses to the EFH Committee—the EFH Committee requested yet another adjournment, citing alleged deficiencies in the Debtors' interrogatory responses. Consistent with what the Debtors had previously advised the EFH Committee, the Debtors were not willing to grant a third adjournment. On May 21, 2015, the EFH Committee sent the Debtors a letter requesting clarification of the Debtors' interrogatory responses and filed the Motion to Adjourn.

8. Nearly five months after the Court's January ruling, nearly two months after the filing of the proposed Notice Plan, and more than a month after the Court's approval of Kinsella's retention, the Debtors still have not received a single comment to the Notice Plan, from either the EFH Committee or Kinsella. If approved, the Notice Plan will take several months to complete, due to the comprehensive nature of the Debtors' proposed noticing

4

procedures. So the time to move forward is now. In light of all of the foregoing, the Debtors do not view the EFH Committee's adjournment request as reasonable or necessary. The Debtors therefore request that the Court deny the Motion to Adjourn. Alternatively, if the Court grants the Motion to Adjourn and adjourns the hearing on the Asbestos Bar Date to the omnibus hearing scheduled for July 16, 2015 at 9:30 a.m. (Eastern Daylight Time), in these chapter 11 cases, the Debtors request that the EFH Committee's objection deadline be set for June 29, 2015 at 4:00 p.m. (Eastern Daylight Time), given the significant time that the EFH Committee has already had to prepare such an objection.

*[Remainder of page intentionally left blank.]*

5

RLF1 12034788v.1

WHEREFORE, the Debtors respectfully request entry of an order denying the Motion to Adjourn, and granting such other and further relief as is just and proper.

Dated: May 22, 2015
Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession