**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | | Re: D.I. 4438 |

**OBJECTION OF THE EFH OFFICIAL COMMITTEE TO MOTION
FOR ORDER AUTHORIZING PAYMENT AND REIMBURSEMENT
OF CERTAIN FEES AND EXPENSES OF UMB BANK, N.A., AS
THE EFIH UNSECURED INDENTURE TRUSTEE**

The official committee (the "**EFH Committee**") of unsecured creditors of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. (together with EFH, EFIH and EFIH Finance Inc., the "**EFH Debtors**") hereby submits this objection (this "**Objection**")[2] to the motion of UMB Bank, N.A., as indenture trustee for the unsecured notes of EFIH and EFIH Finance Inc. (the "**EFIH Trustee**"), for an order authorizing payment and reimbursement by the Debtors of certain fees and expenses of the EFIH Trustee [D.I. 4438] (the "**Motion**"),[3] and respectfully represents as follows:

1. Pursuant to the Motion, the EFIH Trustee requests an "advance" for payment of previously incurred fees and expenses in the aggregate amount of $3,235,801.67, and payment of

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] This Objection is submitted by the EFH Committee and does not reflect the position of any individual member of the EFH Committee. All rights of the EFH Committee members are reserved.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

SC1:3863786.3

2

future fees and expenses on a periodic basis, that the EFIH Trustee alleges are due under two prepetition indentures.[4]  The EFIH Trustee asserts that the advance can be authorized under sections 363(b) or 105(a) of the Bankruptcy Code prior to the confirmation of a plan of reorganization and payment of other prepetition claims.  However, the EFIH Trustee has not demonstrated that the advance of the requested fees and expenses now is necessary to the continued operation of the EFH Debtors' businesses, or that such advance is in the best interest of the EFH Debtors' estates and all stakeholders.  The EFH Committee respectfully submits that the Motion should be denied.

2. When authorizing payment of prepetition claims before confirmation of a plan, courts in this circuit generally require that such payment be "necessary for the debtor's survival during chapter 11." *In re Just For Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999).  The "necessity of payment" doctrine, generally invoked by debtors at the outset of a bankruptcy to pay their critical vendors, requires a showing that payment of the relevant prepetition claims is "critical to the debtor's reorganization." *Id.* at 826.  Indeed, the United States Court of Appeals for the Third Circuit has noted that "the sine qua non for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction, failing such payment." *In re Lehigh and New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981)*; see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (noting previous authorization to pay prepetition wages, where such payment was "critical" to preserve the debtor's business and its ability to reorganize).

---

[4] The EFIH Unsecured Notes have been issued under the Indenture, dated as of November 16, 2009, for 9.75% Senior Secured Notes of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., due 2019, as amended, and the Indenture, dated as of December 5, 2012, for 11.25%/12/25% Senior Toggle Notes of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., due 2018, as amended.

SC1:3863786.3

3.      The EFH Committee recognizes that the EFIH Trustee, like numerous other parties in interest, continues to expend substantial time and resources in connection with these chapter 11 cases.  However, as indicated by the filing of the Motion over a year after the Debtors' chapter 11 filing, payment of the EFIH Trustee's fees and expenses at this time is not critical to the Debtors' ability to operate their businesses or to administer these chapter 11 cases.  Far from pursuing or threatening any immediate economic sanction against the Debtors, the EFIH Trustee notes in its Motion its efforts to participate constructively in these cases.  (Motion at ¶¶ 13–14.)

4.      Furthermore, as noted in the Motion, the EFIH Trustee's statutory and contractual duties require it to represent its noteholders—not to act in the interests of the Debtors, any other creditor of EFH or EFIH, or any other party.  (Motion at ¶ 5.)  These noteholders are not subject to a fiduciary duty to other creditors, and their interests may not align with those of the Debtors or other creditors of the EFH Debtors in all circumstances.  Thus, it cannot be assumed that the advance payments requested pursuant to the Motion will be in the best interest of the Debtors' estates, or that such payments will increase the value of the Debtors' estates for the benefit of all stakeholders in these chapter 11 cases.

5.      The Court's powers under sections 363(b) and 105(a) of the Bankruptcy Code to authorize immediate payment of prepetition creditors represent a narrow exception to the statutory priorities established by the Bankruptcy Code for the treatment of prepetition claims.  The EFH Committee respectfully submits that the EFIH Trustee has not shown that such an exception is appropriate at this time under the present circumstances, and the Motion should be denied.

6.      The EFH Committee's Objection is solely as to the payment of the amounts requested at this time.  The EFH Committee takes no position now as to whether section 363(b), section 105(a) or other provisions of the Bankruptcy Code would permit payment of trustee fees and

expenses as an administrative expense in the future, and no position as to whether the amounts requested are reasonable or due under the terms of the applicable indenture.

| | |
|---|---|
| Dated:  Wilmington, Delaware<br>May 22, 2015 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br>*/s/ Mark A. Fink*_____<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE  19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504 -7820<br>E-mail:     nramsey@mmwr.com<br>                dwright@mmwr.com<br>                mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Steven L. Holley<br>Robert J. Giuffra, Jr.<br>Brian D. Glueckstein<br>125 Broad Street<br>New York, New York  10004<br>Telephone:     (212) 558-4000<br>Facsimile:      (212) 558-3588<br>E-mail:           dietdericha@sullcrom.com<br>                       holleys@sullcrom.com<br>                       giuffrar@sullcrom.com<br>                       gluecksteinb@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC; EFIH Finance Inc., and EECI, Inc.* |

SC1:3863786.3