UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Requested at date and time TBD<br>Related D.I. Nos. 4553 and 4565 |

**REPLY IN SUPPORT OF EMERGENCY MOTION OF THE EFH OFFICIAL COMMITTEE FOR ENTRY OF AN ORDER (I) ADJOURNING THE HEARING, CURRENTLY SCHEDULED FOR JUNE 1, 2015, ON THE DEBTORS' PROPOSED FORM OF ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF AND (II) SHORTENING NOTICE WITH RESPECT TO THE EMERGENCY MOTION**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. (collectively, the "**EFH Debtors**") hereby files this reply (the "**Reply**") in further support of its emergency motion for the entry of an order (i) adjourning the hearing, currently scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (a) Setting Bar Date for Filing Asbestos Proofs of Claim, (b) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (c) Approving Notice Thereof (proposed procedures, forms, and other materials for providing notice of the Asbestos Bar Date collectively, as they may be amended, the "**Proposed Notice Procedures**"), and (ii) shortening notice with respect to

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

the emergency motion [D.I. 4553] (the "**Motion to Continue**")[2]; and in response to the *Objection of Energy Future Holdings Corp. et al., to the Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion* [D.I. 4565] (the "**Objection**").  In reply to the Objection and in further support of the Motion to Continue, the EFH Committee respectfully states as follows:

**Reply**

1.  The Debtors' Objection presents no reason why a hearing on the Proposed Notice Procedures must proceed on June 1, 2015 rather than the next scheduled omnibus hearing date.  Nor does the Objection suggest there would be any prejudice to the Debtors by providing the EFH Committee the requested continuance.  Moreover, the Objection does not dispute the importance or novelty of the issues presented by the Asbestos Bar Date and Proposed Notice Procedures.  In short, the Objection offers no legitimate basis for rushing consideration of the Proposed Notice Procedures now, when they can be considered on a complete record at the next scheduled omnibus hearing date.

2.  The Debtors summarily assert that the hearing should proceed now without meaningful input from Kinsella Media and the EFH Committee because the Court issued its Bar Date Opinion in January and the Proposed Notice Procedures were filed on March 24, 2015.  The Debtors miss the point.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Continue.

3. The EFH Committee and its advisors reviewed the Proposed Notice Procedures when they were filed on March 24, 2015. Only upon filing did the EFH Committee know what the Debtors were actually proposing to do, and only then could it begin preparing its analysis and response. The EFH Committee promptly determined to retain Kinsella Media in order to assist the EFH Committee in analyzing, responding to and improving the Proposed Notice Procedures. The Court approved Kinsella Media's retention on April 14, 2015.

4. Following discussions with Kinsella Media as to information necessary to appropriately analyze the Proposed Notice Procedures, the EFH Committee served Interrogatories the next day—on April 15, 2015—requesting targeted factual information. The Debtors provided only some responses to the Interrogatories on May 5, 2015, and even those responses were unverified. The EFH Committee's May 21, 2015 letter to the Debtors, requesting clarification and supplementation of the responses, remains outstanding. In short, the process of obtaining and analyzing the relevant information is proceeding apace, and the Court should permit the EFH Committee and its noticing expert to complete their analysis.

5. The Debtors' argument that "five months have passed" since the Court issued its Bar Date Opinion is wholly beside the point, as the question before the Court is the sufficiency of the Debtors' Proposed Notice Procedures. The Debtors waited months after the issuance of the Bar Date Opinion before filing their Proposed Notice Procedures, yet want to require the EFH Committee to conclusively respond to those Proposed Notice Procedures just three weeks of receiving initial unverified answers to only certain of the EFH Committee's Interrogatories.

6. The Objection offers as a justification for the Debtors' position only that the Proposed Notice Procedures "will take several months to complete." (Objection at 4.) But the Debtors do not assert—as they cannot—that these cases somehow require moving forward with the Asbestos Bar Date notifications now or that the requested continuance will prejudice the Debtors. In fact, the Debtors' own recent delays to the Oncor sale process and other key

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

milestones confirm that there is ample time to permit consideration of the Proposed Notice Procedures on a reasonable schedule. The EFH Committee's Motion to Continue should be granted.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>May 26, 2015 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br> /s/ *Mark A. Fink*<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Mark B. Sheppard<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE  19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504-7820<br>E-mail:      nramsey@mmwr.com<br>                  dwright@mmwr.com<br>                  mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich<br>Mark F. Rosenberg<br>Brian D. Glueckstein<br>Michael H. Torkin<br>125 Broad Street<br>New York, New York  10004<br>Telephone:   (212) 558-4000<br>Facsimile:    (212) 558-3588<br>E-mail:        dietdericha@sullcrom.com<br>                    rosenbergm@sullcrom.com<br>                    gluecksteinb@sullcrom.com<br>                    torkinm@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC; EFIH Finance Inc.; and EECI, Inc.* |