# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Energy Future Holdings Corporation, *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 4441<br>Objection Deadline: May 26, 2015 at 4:00 p.m.<br>Hearing Date: June 1, 2015 at 10:30 a.m. |

## LIMITED OBJECTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB TO THE THIRD MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010, among Texas Competitive Electric Holdings, LLC ("TCEH"), TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee, by and through its undersigned counsel, hereby submits its limited objection (this "Objection") to the *Third Motion of Energy Future Holdings Corp.*, et al. (the "Debtors") *for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 4441] (the "Exclusivity Motion").[1] In support of this Objection, WSFS respectfully states as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given them in the Exclusivity Motion.

## **LIMITED OBJECTION**

1.     Through the Exclusivity Motion, the Debtors seek statutory maximum extensions of the exclusive rights to file and seek acceptances of a plan – with an initial construct having been filed with the Court on April 14, 2015 (the "Plan"). The Debtors claim that they will use this added time "to advance the Plan and their other initiatives to a value-maximizing outcome for these cases." Exclusivity Motion, at ¶ 1.

2.     As the Court is aware, those "other initiatives" include the auction process for the EFH-EFIH Transaction, as well as a potential REIT conversion. The Debtors rightfully point out that the REIT process will require additional time, since, among other reasons, the prospect of a REIT conversion "implicates a host of regulatory and implementation considerations[.]" Id. at ¶ 4.

3.     WSFS does not object per se to an extension of the Debtors' exclusive right to continue sole prosecution of their Plan and plan alternatives. However, WSFS also does not consider it prudent to grant the Debtors the unfettered power to continue steering the Company's reorganization – however long their exclusive periods should last – unless and until the Debtors have satisfied the Court that the course they have charted leads to "a value-maximizing outcome for these cases." Id. at ¶ 1. This is especially true when the Court is determining whether to grant the relief requested in the Exclusivity Motion, since the "primary consideration" when assessing whether to extend, terminate, or modify exclusivity is whether "doing so would facilitate moving the case forward." In re Dow Corning Corp., 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997).

4.     The Court recently scheduled a conference for June 25, 2015 for the purposes of receiving an update on the progress of Plan (and plan alternative) negotiations and setting a

schedule for Plan confirmation. WSFS respectfully submits that the Court should postpone ruling on the Exclusivity Motion until no sooner than the hearing to be held on June 25, at which time the Court will be better able to assess the propriety of extending the Debtors' exclusive right to steer these chapter 11 cases through the remainder of 2015. WSFS understands that the Debtors' creditors will continue negotiating plan alternatives in earnest in the coming weeks. Delaying a ruling on the Debtors' request for broad relief until the June 25 hearing will allow the Court to consider more information about the progress of those negotiations and, ultimately, determine whether an extension of exclusivity "would facilitate moving the case forward." Id.

5. Rather than deny or grant the broad relief requested in the Exclusivity Motion, the Court has the discretion to grant limited relief in the form of a bridge order. See, e.g., In re DNL Indus., LLC, Case No. 13-22079 (RDD) (Bankr. S.D.N.Y. May 31, 2013) [Docket No. 62] (adjourning hearing on exclusivity motion and entering a bridge order "extend[ing] the Exclusive Periods until such time as the Court considers and enters an order determining the Exclusivity Motion"); In re Phila. Newspapers, LLC, Case No. 09-11204 (SR) (Bankr. E.D. Pa. Apr. 21, 2010) [Docket No. 1957] (entering a nine (9) day bridge order extending exclusivity until a status conference "at which time, the merits of the Motion and all responses thereto will be considered"); In re Finlay Enters., Inc., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Nov. 23, 2009) [Docket No. 389] (extending exclusivity "until such date as the Court issues an order with respect to the Extension Motion"). WSFS respectfully requests that the Court enter a bridge order extending the Debtors' exclusive periods up through and including June 25, 2015 but postpone ruling on the Exclusivity Motion until such time as the Court is apprised of the progress of negotiations concerning the Plan and plan alternatives.

## RESERVATION OF RIGHTS

6.  WSFS expressly reserves all rights, including, without limitation, to supplement this Objection by challenging any proposed extension of exclusivity beyond June 25, 2015.

## NOTICE

7.  Notice of this Objection has been provided to: (a) counsel for the Debtors; (b) the Office of the United States Trustee; (c) counsel for the T-Side Committee; (d) counsel for the E-Side Committee; (e) counsel for the TCEH first lien trustee and ad hoc group; and (f) counsel for the TCEH Ad Hoc Group. WSFS respectfully submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, based on the foregoing, WSFS respectfully requests that this Court: (a) enter a bridge order extending the Debtors' exclusivity up through and including June 25, 2015; (b) postpone ruling on the Exclusivity Motion until no sooner than the date of the hearing currently scheduled for June 25, 2015; and (c) grant WSFS such other and further relief as it deems just and proper.

*[Signature Page to Follow]*

Dated: May 26, 2015                                         **ASHBY & GEDDES, P.A.**

/s/ *signature*
William P. Bowden (#2553)
Gregory A. Taylor (#4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

BROWN RUDNICK LLP
Edward S. Weisfelner (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (admitted pro hac vice)
Jeremy B. Coffey (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee*