IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket No. 4441** |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS TO THE DEBTORS' THIRD EXCLUSIVITY MOTION**

The Official Committee of Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company, by and through its undersigned counsel, hereby files this limited objection (the "**Limited Objection**") to the *Third Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 4441] (the "**Exclusivity Motion**").[2] In support of the Limited Objection, the TCEH Committee respectfully represents as follows:

**LIMITED OBJECTION**

1. As the Court recently recognized in connection with the EFH Creditors' Committee's objection to the scheduled TCEH tax claims, these chapter 11 cases are at a "very

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Exclusivity Motion.

ny-1188514

delicate and important time." *See* Hr'g Tr. at 40:11-12 (Bankr. D. Del. May 13, 2015) (Sontchi, J.). Indeed, all parties-in-interest, including the TCEH Committee, are currently exploring alternatives to the Plan proposed by the Debtors, which at this point has no support beyond the Debtors themselves. Moreover, these chapter 11 cases have reached a critical juncture, with a number of events that will ultimately determine how these chapter 11 cases proceed on the horizon.[3] As a result, the TCEH Committee submits that any extension of the Debtors' Exclusive Periods should be limited to two months to August 23, 2015 and October 23, 2015, respectively.

2. If the current schedule holds, the following case milestones are expected to occur within the next two to three months:

- **Feasibility of the Alternative REIT Plan**: a determination as to whether the potential REIT transaction sponsored by TCEH junior creditors (the "**REIT Plan**") can form the basis of an alternative consensual plan;

- **Potential Confirmation Discovery**: a scheduling conference regarding whether to establish deadlines for discovery relating to confirmation of the Plan is scheduled for June 25, 2015;

- **Oncor Sale Process**: to the extent the REIT Plan is not feasible, the Debtors will likely select a stalking horse bidder with respect to the EFH-EFIH Transaction and file a motion seeking approval of a stalking horse agreement; if the Court approves the stalking horse agreement, the Debtors will then undertake a further public marketing and auction process for the Oncor assets;

- **Standing Motions**: the hearing date for the Standing Motions with respect to claims against the TCEH First Lien Creditors is scheduled for July 9, 2015;

- **Disclosure Statement Hearing**: the hearing date to consider approval of the Disclosure Statement is scheduled for July 20, 2015;

---

[3] The TCEH Committee informally requested that the Debtors delay a hearing on the Exclusivity Motion until June 25, 2015 when the Court will hold a scheduling conference with respect to the Debtors' request to establish a plan confirmation schedule. The request was supported by the TCEH Committee's view that June will be an important time for plan negotiations and, as a result, there will be more information available to the Court and all parties-in-interest regarding whether the Debtors should be granted the full remaining extension of their Exclusive Periods.

2

ny-1188514

- **Plan Mediation**: the Debtors and T-side creditors will engage in mediation regarding T-side disputes through July 20, 2015, subject to further extension at the mediator's discretion; and

- **Intercompany Standing**: absent further extension, the TCEH junior creditors have until 15 days following the approval of the Disclosure Statement to file a motion seeking standing to pursue intercompany claims.

3. Thus, the next 60 to 90 days are critical in determining how these chapter 11 cases will ultimately unfold. For their part, the TCEH Committee and the TCEH Unsecured Ad Hoc Group are engaged in significant financial and legal diligence and analysis regarding the REIT Plan. This alternative structure would fully satisfy all allowed claims on the E-side and has the potential to generate substantial additional distributable value for TCEH unsecured creditors above and beyond that which has been proposed by the Debtors. As a result, these efforts, if successful, are the most likely path to a fully consensual plan of reorganization.[4] Up to this point, the Debtors and their professionals have been accommodating of these efforts; however, the diligence process is ongoing and the Debtors' continued cooperation is essential.

4. In addition to exploring the possibility of an alternative plan, T-side creditors and the Debtors have recently commenced mediation in accordance with the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection With the Approval of Debtors' Disclosure Statement, and (C) Establishing the Terms Governing Mediation* [Docket No. 4497] (the "**Scheduling and Mediation Order**"). Pursuant to the Scheduling and Mediation Order, mediation runs through July 20, 2015 (the same date that the

---

[4] *See* Hr'g Tr. at 28:12-24 (Bankr. D. Del. May 13, 2015) ("They are currently holding an aggregate of 4 billion of claims in the capital structure. They have allocated out, at least on an initial basis, the primary backstop commitments of up to 6 billion dollar[s] of equity financing. There may be an additional upsize of a billion dollars on that plan. The term sheet is in heavy negotiations with the REIT sponsor. We have drafts of the backstop commitments[,] plan term sheet, [and] plan support agreement. Due diligence is full speed ahead and we've got continued meetings with Oncor and the debtors. We may not get there. It looks like we will get to the point where we have a fully executable plan supported throughout the capital structure.") (Shore, C.).

3

ny-1188514

Court has scheduled for a hearing on approval of the Debtors' proposed Disclosure Statement) and will cover, at a minimum, issues "related to, or arising in connection with, the Restructuring of the TCEH Debtors' estates and the treatment of claims held by the Meditation Parties."[5] (Scheduling and Mediation Order ¶¶ 9-25.) Indeed, the Scheduling and Mediation Order arose from a desire to avoid litigation while an alternative plan is being explored and mediation is ongoing. The TCEH Committee agrees with the Court's view that "[p]utting pencils down in connection with litigation, focusing on some runway [in] connection with alternative plan structure, focusing on meditation for some time is, I think, the way to go in this case right now." *See* Hr'g Tr. at 40:13-22 (Bankr. D. Del. May 13, 2015) (Sontchi, J.).

5. Since entry of the Second Exclusivity Order, the TCEH Committee's position has not changed: a consensual resolution of these chapter 11 cases through the alternative REIT Plan or mediation is the best path forward. However, consensus is not easily achievable—especially in cases of this size and complexity—and other than the proposed Interdebtor Settlement embodied in the Debtors' Plan, scant tangible progress has been made since these chapter 11 cases were filed over a year ago. Although competing plans do not necessarily mean chaos, there can be no doubt that terminating the Debtors' Exclusive Periods at this time will distract the Debtors and their management team from assisting the TCEH Committee and the TCEH Unsecured Ad Hoc Group with their ongoing diligence efforts. Moreover, an early termination of the Debtors' Exclusive Periods prior to conclusion of the mediation could impinge upon the mediation process and alter the negotiating dynamics among the parties.

---

[5] The "Mediation Parties" include the Debtors, the TCEH Committee, the TCEH First Lien Ad Hoc Group, Wilmington Savings Fund Society, FSB as indenture trustee for the TCEH second lien notes, and the ad hoc consortium of TCEH second lien noteholders, the TCEH Unsecured Ad Hoc Group, and Law Debenture Trust Company of New York, as the indenture trustee for the TCEH unsecured notes.

4

ny-1188514

6.	Although the TCEH Committee supports an extension of the Debtors' Exclusive Periods to allow these and other developments to transpire, given the significant uncertainty surrounding where these chapter 11 cases will be at the end of the summer, the TCEH Committee submits that the Debtors' requested extension of the Exclusive Periods should be limited to two months (to August 23, 2015 and October 23, 2015, respectively).  At that point, the Court will be able to take stock of the progress made and determine whether a further extension of the Exclusive Periods to the end of the statutory periods is appropriate or warranted.

7.	In addition, should it become clear that the Debtors are using their Exclusive Periods as a means to thwart potential plan alternatives or exert undue pressure on creditors to pursue to the Debtors' current unsupported and flawed Plan, the TCEH Committee reserves its right to seek to terminate the Exclusivity Periods (or oppose any further extension) to pursue an alternative plan that may provide more favorable recoveries to TCEH unsecured creditors.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: Wilmington, Delaware<br>May 26, 2015 | **MORRISON & FOERSTER LLP**<br>James M. Peck<br>Brett H. Miller<br>Lorenzo Marinuzzi<br>Todd M. Goren<br>250 West 55th Street<br>New York, New York 10019-9601<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br>E-mail:    jpeck@mofo.com<br>             brettmiller@mofo.com<br>             lmarinuzzi@mofo.com<br>             tgoren@mofo.com<br><br>                 -and-<br><br>*/s/ Christopher A. Ward*<br>**POLSINELLI PC**<br>Christopher A. Ward (Del. Bar No. 3877)<br>Justin K. Edelson (Del. Bar No. 5002)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile:  (302) 252-0921<br>E-mail:    cward@polsinelli.com<br>             jedelson@polsinelli.com<br>             skatona@polsinelli.com<br><br>*Attorneys for the Official Committee*<br>*of TCEH Unsecured Creditors* |