**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket Ref. No. 4441** |
| | ) | |
| | ) | <u>**Obj. Deadline**</u>:  **May 26, 2015 at 4:00 p.m.** |
| | ) | <u>**Hearing Date**</u>:  **June 1, 2015 at 10:30 a.m**. |

**RESPONSE OF THE AD HOC COMMITTEE OF TCEH
FIRST LIEN CREDITORS TO THE THIRD MOTION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL.,* FOR ENTRY OF AN ORDER
EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
<u>PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE</u>**

The ad hoc committee of certain unaffiliated holders of first lien senior secured

claims against the TCEH Debtors[1] (the "<u>Ad Hoc Committee of TCEH First Lien Creditors</u>"), by

and through its undersigned counsel, hereby files this response to the *Third Motion of Energy*

*Future Holdings Corp.*, et al.*, for Entry of an Order Extending the Debtors' Exclusive Periods to*

*File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the*

*Bankruptcy Code* [Docket No. 4441] (the "<u>Exclusivity Motion</u>") and respectfully represents as

follows:[2]

---

[1]    As used herein, the "<u>TCEH Debtors</u>" means, collectively, Texas Competitive Electric Holdings Company LLC ("<u>TCEH</u>"), Energy Future Competitive Holdings Company LLC ("<u>EFCH</u>"), and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.

[2]    Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Exclusivity Motion.

## RESPONSE

1.      The Exclusivity Motion is premature and should be adjourned.  When the Debtors filed their proposed chapter 11 plan of reorganization on April 14, 2015,[3] their exclusive period to solicit acceptances of such Plan was automatically extended to August 23, 2015,[4] and pursuant to section 1121(c) of the Bankruptcy Code, other parties-in-interest cannot file a competing chapter 11 plan while the Debtors are within their exclusive solicitation period. Accordingly, the Debtors have nearly three months of plan exclusivity still remaining and do not require a further extension at this time.  And, as described below, there are compelling reasons to delay consideration of the Exclusivity Motion until, at the earliest, the date on which the disclosure statement hearing is set to commence—July 20, 2015.  Not only is no relief necessary before then, but doing so will allow the Court and all parties-in-interest to consider the Debtors' request with the benefit of greater visibility into several potentially outcome determinative events that are set to occur between now and then.

2.      These Chapter 11 Cases are at a critical juncture.  Over the next 30-45 days, the TCEH Debtors and their primary creditors will engage in plan mediation, EFH will select a stalking horse purchaser for the Oncor assets and the Court will consider, and potentially issue rulings in respect of, various E-side creditor claim disputes, including the EFIH first lien makewhole litigation.  Achievement of these milestones will largely determine whether the Debtors' current Plan is confirmable, and therefore it makes little sense to force parties-in-

---

[3]     *See* Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.,* Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 4142] (the "Plan").

[4]     *See* Second Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code, at 3 ("Pursuant to section 1121(d) of the Bankruptcy Code, if the Debtors file a plan of reorganization on or before June 23, 2015, each Debtor's Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including August 23, 2015.") [Docket No. 3504].

interest to prematurely litigate exclusivity in a vacuum without the benefit of knowing how these critical near-term case events will unfold.

3.     To be clear, the Ad Hoc Committee of TCEH First Lien Creditors' willingness to adjourn consideration of the Exclusivity Motion should not be mistaken for an endorsement of the trajectory of these chapter 11 cases to date.  With administrative costs mounting at an unsustainable pace and the TCEH Debtors' operations suffering under the weight of these protracted and uncertain cases, the time for delay and gamesmanship has long passed.  Concrete steps must be taken now to preserve and maximize the value of the TCEH Debtors' assets for the benefit of their true economic stakeholders.

4.     The costs of these Chapter 11 Cases are becoming an acute issue that threatens to undermine any prospect for a fully-consensual restructuring.  For the past year, several creditor constituencies in these Chapter 11 Cases have pursued an agenda of delay.  For such creditors, who in most cases are either billions of dollars in-the-money (such as the EFIH first and second lien creditors) or billions of dollars out-of-the-money (such as the TCEH second lien and unsecured creditors), case paralysis, ballooning administrative expenses and business degradation are not concerns, but rather objectives.

5.     The associated costs are astronomical.  In addition to professional fees, which the Debtors estimate have been accruing at a rate of $30 million per month (which rate will undoubtedly increase substantially if parties must engage in significant disclosure statement and plan-related litigation),[5] the value of the TCEH Debtors' businesses is deteriorating at an alarming rate due to, among other things, increased environmental and regulatory compliance costs and the continued depressed state of wholesale power prices in the ERCOT market.

---

[5]     *See* Transcript of Hearing at 26:21-24, *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. May 4, 2015) (noting that professional fees are averaging close to $1 million a day).

Indeed, in the past year, the Debtors' public disclosures imply that the TCEH Debtors' assets have declined in value by hundreds of millions of dollars (if not more), as evidenced by a comparison of the TCEH Debtors' financial projections issued on the Petition Date (which estimated that the TCEH Debtors would generate approximately $7 billion of Adjusted EBITDA between 2015-2018),[6] and those attached to the disclosure statement, which reflect a nearly $1 billion reduction in Adjusted EBITDA over the same projection period.[7]  While the Ad Hoc Committee of TCEH First Lien Creditors reserves all rights to challenge the accuracy of such projections and any related valuation analysis, there is no question that the TCEH Debtors have lost significant value as a result of, among other things, their limited ability to pursue strategic initiatives and to optimize their operations while running a multi-billion dollar business in the fishbowl of these contentious Chapter 11 Cases.  Notably, many independent power producers have been focused on diversifying their asset base and geographic reach to mitigate certain of the significant headwinds that domestic coal-fired power generators now face; the TCEH Debtors must initiate their own strategic changes in response to the changed conditions as soon as possible and their inability to capitalize on strategic growth and diversification opportunities has left them in a disadvantaged market position.

6.     The TCEH first lien creditors are motivated solely to mitigate this massive and unnecessary destruction of value and to maximize the value of the TCEH Debtors' estates for the benefit of their creditors.  The E-side creditors have no incentive to preserve the value of the TCEH Debtors' estates, and indeed have argued that they may benefit from future value

---

[6]     *See* Energy Future Holdings Corp., Current Report (Form 8-K) (Apr. 29, 2014) at 3.

[7]     *See* Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code, at Exhibit E [Docket No. 4143].

degradation.[8]  And the TCEH junior creditors, as the Debtors' disclosure statement

unambiguously describes, are billions of dollars out-of-the-money and therefore have no

entitlement or legitimate expectation to participate in the future value of the TCEH Debtors'

businesses.[9]  The TCEH first lien creditors' willingness to see their Debtors bear a

disproportionate share of the substantial expenses of these cases has limits.  And while the Ad

Hoc Committee of TCEH First Lien Creditors remains hopeful that events will transpire over the

next 30-45 days (including through plan mediation and the Oncor stalking horse selection

process) that could serve as the catalyst for a fully-consensual restructuring, such a result has

eluded the parties for more than two years.

       7.     If these upcoming efforts falter yet again, the TCEH Debtors must use

their remaining exclusivity period to bring this cycle of escalating costs and endless delays to an

end by proposing a confirmable chapter 11 plan that provides a clear path towards emergence.  If

the TCEH Debtors fail to do so, all parties-in-interest should then have an opportunity to address

the merits of further extending the Debtors' exclusivity periods.  Adjourning the Exclusivity

Motion to at least July 20, 2015 (or such later date as the Court deems appropriate) will not

---

[8]    *See Limited Objection of the EFH Official Committee Regarding Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement*, at 9-10 (asserting that the "perceived threat of a taxable sale" is an essential component of the intercompany claims settlement among TCEH and EFH, but that this threat loses significance if the fair market value of the TCEH Debtors' assets is less than the amount of tax attributes available to EFH to shield any resulting gain from a taxable sale) [Docket No. 4317].

[9]    The TCEH junior creditors appear to have recently embraced this reality, as they are now engaged in a public relations campaign to build support for an alternative restructuring pursuant to which, *inter alia*, the TCEH first lien creditors would receive all of the TCEH Debtors' assets and the TCEH junior creditors would receive a right to invest in the Oncor assets.  While the Ad Hoc Committee of TCEH First Lien Creditors will consider in good faith any alternative restructuring plan that maximizes creditor recoveries and expedites the resolution of these cases, it remains skeptical that this alternative plan is the panacea that the TCEH junior creditors describe. Most notably, the plan's viability hinges, in material part, on obtaining regulatory approvals for which there is no good precedent.  It is thus a path fraught with execution risk that the TCEH first lien creditors should not be forced to bear.

prejudice the Debtors, who currently retain the exclusive right to file a plan through August 23, 2015, and will allow the Court and all parties-in-interest to consider this significant request taking into account significant near-term events, including the results of the Oncor auction process and the parties' mediation efforts.

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that the Court adjourn the Exclusivity Motion to a date that is no earlier than July 20, 2015 and grant such other and further relief as is appropriate under the circumstances

Dated: May 26, 2015
      Wilmington, Delaware

*/s/ Ryan M. Bartley*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M. Bartley (Bar No. 4985)
Andrew L. Magaziner (Bar No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Kelley A. Cornish (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*