**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  July 16, 2015 at 9:30 a.m.** |
| | ) | **Objection Deadline:  June 9, 2015 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN
ORDER MAINTAINING UNDER SEAL PORTIONS OF "THE NOTICE OF
OBJECTION OF THE EFH OFFICIAL COMMITTEE TO GENERAL UNSECURED
TAX CLAIMS OF TEXAS COMPETITIVE ELECTRIC HOLDINGS
COMPANY LLC AGAINST ENERGY FUTURE HOLDINGS CORPORATION"**

The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), maintaining under seal portions of the *Notice of Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation* [D.I. 4365] (the "Claim Objection") as reflected in the redacted version of the Claim Objection attached as **Exhibit 1** to **Exhibit A** annexed hereto (the "Redacted Claim Objection").   In support of this Motion, the Debtors respectfully represents as follows.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Sealing Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 9018-1, and the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order").

**Relief Requested**

4.      By this Motion, the Debtors seek entry of the Order, maintaining under seal portions of the Claim Objection as reflected in the Redacted Claim Objection attached as **Exhibit 1** to **Exhibit A** annexed hereto.

**Background**

5.      On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The U.S. Trustee formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company  on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On April 30, 2015, the EFH Committee filed the Claim Objection with the Bankruptcy Court under seal.  The Claim Objection contains confidential, commercially sensitive information and confidential developments regarding certain of the Debtors' tax liabilities, including details regarding settlements that, if not protected, could materially affect certain of the Debtors' tax liabilities, and information about the Debtors' financial performance by business unit that is not available to the Debtors' competitors.  Because the Debtors previously designated certain materials included in the Claim Objection as "Confidential" or "Highly Confidential" pursuant to the Protective Order, the Claim Objection was filed under seal in its entirety.

3

7.      On May 7, 2015, pursuant to the Protective Order, the Debtors provided written notice to the EFH Committee that the Debtors wished to maintain certain materials designated as "Confidential" or "Highly Confidential" under seal due to the commercial sensitivity of the information and/or the potential for competitive harm should that information be publicly filed.

8.      Pursuant to the Protective Order, the EFH Committee and the Debtors subsequently met and conferred regarding redaction of materials designated Confidential or Highly Confidential.  On May 20, 2015, the EFH Committee and the Debtors agreed to a limited and narrow set of redactions, and sought consent from counsel to the U.S. Trustee to file the Redacted Objection.

9.      The EFH Committee and the Debtors continue to discuss the Redacted Objection with counsel to U.S. Trustee and will continue to do so before the hearing on this Motion.  That being said, although discussions are ongoing, Paragraph 16(e) of the Protective Order requires the Debtors to file this Motion to preserve their position regarding the commercially sensitive information contained in the Claim Objection.[2]

### Basis for Relief

10.      Congress, through the Bankruptcy Code and Bankruptcy Rules, was careful to balance the public's right to access the papers and proceedings generated by a bankruptcy case with a debtor's and its associates' critical need to ensure particular types of business information remained confidential.

---

[2]      Specifically, paragraph 16(e) of the Protective Order provides that if "no consensus is reached by the 10th day following the date of the written notice, then the Designating Party [Debtors] shall, within 5 days thereof, file with the Court a sealing motion under 11 U.S.C. Section 107(b) and Rule 9108 seeking Court authorization to have the pleading, document or other paper (or attachments) remain under seal."  Accordingly, by the filing of this Motion, the Debtors have complied with Paragraph 16(e) of the Protective Order.

11.    Section 107(b) of the Bankruptcy Code enables the Court to protect entities from potential harm that might result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.* Courts often provide this protection by using their inherent equitable powers, codified in section 105(a) of the Bankruptcy Code, to authorize the filing of documents under seal. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.    Additionally, Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

13.    If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Assocs. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R.

720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  The "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.[3]

14.    Courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

15.    As discussed above, the Claim Objection contains commercially sensitive information regarding certain of the Debtors' tax liabilities, including details regarding settlements that are required to be kept confidential pursuant to an agreement between the Debtors and the IRS, and, if not protected, could materially affect certain of the Debtors' tax liabilities.  Moreover, to the extent the settlements referenced in the Claim Objection were publicly disclosed at all, they were only disclosed in general terms, and none of the information redacted in the Redacted Claim Objection formed part of any such disclosure.  The Claim Objection also contains information about the Debtors' financial performance by business unit, information that is not available to the Debtors' business competitors.  The Debtors believe that the sensitive nature of the information in the redacted portions of the Objection merit protection under section 107(b) of the Bankruptcy Code and the terms of the Protective Order.

---

3    Moreover, courts have found that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature.  *See Orion Pictures*, 21 F.3d at 27-28.  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Id.*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

6

16.     As noted above, the EFH Committee and the Debtors agreed on a limited and narrow set of proposed redactions of materials contained in the Redacted Claim Objection that the Debtors designated as "Confidential" or "Highly Confidential" in accordance with the Protective Order.  The Debtors believe that the redactions reflected in the Redacted Claim Objection balance the need to protect against disclosure of the Debtors' confidential information with the need for public access to information filed in these chapter 11 proceedings.

<u>**Notice**</u>

17.     The Debtors shall provide notice of this Motion on the date hereof via U.S. first class  mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75%

7

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

8

**<u>Prior Request</u>**

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  May 26, 2015
Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:           collins@rlf.com
                      defranceschi@rlf.com
                      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession