# **Exhibit B**

*Co-Counsel to the Debtors*
**KIRKLAND & ELLIS LLP**

Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz
601 Lexington Avenue
New York, New York 10022

-and-

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick
Steven N. Serajeddini
300 North LaSalle
Chicago, IL 60654

- and -

Mark E. McKane
555 California Street
San Francisco, CA 94104

*Co-Counsel to Energy Future Competitive Holdings Company LLC & Texas Competitive Electric Holdings Company LLC*

**MUNGER, TOLLES & OLSON LLP**
Thomas B. Walper
John W. Spiegel
Seth Goldman
Todd J. Rosen
355 S. Grand Ave 35th FL
Los Angeles, CA 90071


*Co-Counsel to Energy Future Holdings Corp.*

**PROSKAUER ROSE LLP.**
Michael A. Firestein
2049 Century Park East, #3200
Los Angeles, CA 90067

*Co-Counsel to Energy Future Intermediate Holdings Company LLC*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
Worldwide Plaza
825 Eighth Ave
New York, NY 10019

- and-

**JENNER & BLOCK LLP**
Richard Levin
919 Third Ave
New York, NY 10022

May 20, 2015

**VIA E-MAIL**

All Initiators of Disclosure Statement
Discovery

Re: *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979 (Bankr. Del.)

Dear Counsel:[1]

  We write on behalf of the Debtors and their respective disinterested directors and managers (the "DDs") to all parties who served discovery requests in connection with the *Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* (D.I. 4144) (the "Disclosure Statement Motion").[2]

  On May 14th and May 18th, eight different parties served discovery requests in connection with the Disclosure Statement Motion, including: 175 document requests, 5 interrogatories, and 16 deposition notices (including four Rule 30(b)(6) notices covering 46 topics). The vast majority of these requests seek discovery related to Plan confirmation. To be

---

[1] Attached hereto as **Appendix I** is the list of the eight parties who filed discovery requests in connection with the Disclosure Statement Motion and who will receive a copy of this letter response.

[2] Capitalized terms used but not otherwise defined in this letter have the meaning ascribed to such terms in the Disclosure Statement Motion.

clear, this permissible discovery is to relate to the Disclosure Statement only, and either there is a misunderstanding about limits in that regard or the discovery is an inappropriate effort to transform the hearing on the Disclosure Statement into a "mini-trial" on Plan confirmation issues.

Simply stated, we do not believe that the discovery sought through these requests and depositions is relevant or necessary for consideration of the Disclosure Statement Motion. We request that all parties withdraw or significantly narrow their discovery requests to those matters, if any, related to the adequacy of the Disclosure Statement.

That being said, the Debtors are prepared immediately to discuss and consider comments on the Disclosure Statement or language that a party seeks to include in the Disclosure Statement, including on issues to be tested in the confirmation process. We believe such an approach is more efficient than engaging in wholesale confirmation discovery in connection with the Disclosure Statement Motion.

The Disclosure Statement Motion asks the Court only to decide whether the Disclosure Statement satisfies the requirements of section 1125 of the Bankruptcy Code, which requires that a disclosure statement contain "adequate information" and provides *explicitly* that the bankruptcy court "may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets,"[3] Moreover, "adequate information" is defined as that which "would enable [] a hypothetical investor of the relevant class to make an informed judgment about the plan."[4] Consistent with these mandates, any discovery should focus on whether the Disclosure Statement provides adequate information regarding the Plan, not valuation or other confirmation issues. Echoing this sentiment, at the recent scheduling motion hearing, the Court "strongly discourage[d] the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the adequacy of the Disclosure Statement." (Disclosure Statement

---

[3] 11 U.S.C. § 1125(b) ("An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.").

[4] 11 U.S.C. § 1125(a)(1) (defining "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]").

The filed Plan is patently confirmable on its face. It sets forth a waterfall for distribution of Oncor Sale proceeds that complies with the absolute priority rule, and the same waterfall applies to alternative means of implementing the Plan.

Scheduling Order at ¶7 [D.I. 4497]; 5/4/15 Hr'g. Tr. 106:19-24). Yet, that is precisely what all parties serving discovery have done.

The Debtors will engage in full confirmation discovery but confirmation discovery should not occur in connection with a disclosure statement motion.[5] At the May 4, 2015 hearing, Judge Sontchi made clear that discovery relating to valuation, settlement of litigation claims, and other plan confirmation issues was premature, and would only be permitted in the context of Plan discovery. (5/4/15 Hr'g Tr. 103:10-104:8; 107:13-108:3; 110:20-111:20.) Judge Sontchi declined to set a schedule for confirmation discovery at that hearing, pending negotiations and mediation regarding the Plan or an alternative transaction and expressly noted that it is "challenging, time-consuming, and expensive" to "dual track or multiple track" simultaneous discovery efforts related to both the Disclosure Statement and confirmation-related issues. (5/4/15 Hr'g Tr. 103:10-104:8.) Thus, for example, the four separate deposition notices served on TCEH disinterested manager Hugh Sawyer (and the deposition subpoenas directed to Mr. Evans, Ms. Williamson, and Mr. Cremens) are objectionable. We cannot perceive any basis to depose any DD about the adequacy of the proposed disclosure statement based on the filed discovery requests. These notices are an attempt to obtain discovery on the reasonableness of the intercompany claims settlement—precisely what the Court identified as a confirmation issue, and not subject to discovery at this time. The same logic and objection applies to the 66 separate document requests the EFH Committee and EFIH Second Lien Indenture Trustee served on Mr. Sawyer, Mr. Evans, Ms. Williamson, and Mr. Cremens.[6]

Moreover, there is already ample information in the record to evaluate the adequacy of the Disclosure Statement. As the Court noted at the May 4th hearing that "[t]here's more than enough information out there to get an idea both from the legacy discovery and what the directors did and have produced to have a basis to understand why there may be claims and why those claims may be settled." (5/4/15 Hr'g. Tr. 111:3-7). In addition to the millions of pages of documents that have been produced by the Debtors and other parties as part of Legacy Discovery, the DDs filed statements and attached copies of board minutes approving the proposed settlement and related presentations, detailing the negotiation and settlement of claims. (D.I. 4145-4147).

We believe it is important to heed the admonition of the Court here. Nevertheless, nearly all requests seek "all documents and communication" on the following non-exhaustive list of confirmation-related topics that are inappropriate in the context of Disclosure Statement discovery and undermine the Court's ruling that confirmation-related discovery should be on a separate track from discovery related to the Disclosure Statement:

---

[5] "[C]onfirmation issues are reserved for the confirmation hearing, and not addressed at the disclosure statement stage." *In re Am. Capital Equip., LLC*, 688 F.3d 145, 153-54 (3d Cir. 2012) (internal quotations and citation omitted). The narrow exception to this rule exists only "where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable."

[6] It is not even clear that a "Request for Production of Documents," as the discovery from the EFH Second Lien Indenture Trustee is styled, is proper as against a non-party.

- **The Value of TCEH and EFCH**. EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 14 ( "the basis of the TCEH Valuation Analysis"), 15 ("perpetuity growth method for estimating the terminal value" of TCEH"), 16 ("certain precedent transactions for businesses similar to that of Reorganized TCEH"), 17 ("financial projections used in the valuation of TCEH"), 18 (DCF analysis "in connection with its valuation of TCEH"), 19-20 (base and environmental case financial projections), 21, 51-52; Ad Hoc Committee of TCEH First Lien Creditors' Request for the Production of Documents by Debtors in Connection with the Disclosure Statement, RFP No. 12; TCEH Official Committee Document Requests to Debtors in Connection with Approval of Debtors' Disclosure Statement, RFP No. 12; TCEH Official Committee Interrogatories to Debtors in Connection with Approval of Debtors' Disclosure Statement, Interrogatory No. 5 ("all witnesses with material knowledge of the Reorganized TCEH Valuation Analysis"); TCEH Official Committee Notice of Deposition of Debtors, Topic 6 ("Reorganized TCEH Valuation Analysis"); EFIH Second Lien Indenture Trustee's Request for the Production of Documents to Debtors, RFP No. 9 ("any independent valuations of the Reorganized EFIH").

- **The Debtors' Liquidation Analysis**. *See, e.g.*, EFH Ind. Trustee requests 6-8 (aggregate amount of the EFH Legacy Note Claims, EFH Unexchanged Note Claims, and EFH LBO Note Primary Claims used in the liquidation analysis); EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 12 ("preparation of the Debtors' Liquidation Analysis"), 13 ("Debtors' election not to include a separate liquidation analysis" for individual Debtors"); TCEH Official Committee Document Requests to Debtors in Connection with Approval of Debtors' Disclosure Statement, RFP Nos. 10 ("All Documents concerning the Liquidation Analysis," including "all calculations, valuations, and assumptions"), 11 (same for EFH Corporate Services Company); TCEH Official Committee Interrogatories to Debtors in Connection with Approval of Debtors' Disclosure Statement, Interrogatory Nos. 3-4 ; TCEH Official Committee Notice of Deposition of Debtors, Topics 4-5.

- **Alternative Plans of Reorganization or Alternative Analyses**. *See, e.g.*, EFH Ind. Trustee's First Set of Requests for Production of Documents Directed to Each Debtor 20-21, EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 3-5; EFIH Second Lien Indenture Trustee's Request for the Production of Documents to Debtors, RFP No. 3.

- **Claim Values for Particular Creditor Classes**. *See, e.g.*, EFH Ind. Trustee's First Set of Requests for Production of Documents Directed to Each Debtor, RFP Nos. 2-5 (requests regarding allowed claims for Classes A4, A5, A6, B5); EFH Official Committee First Disclosure Statement Requests to Debtors, RFP No. 56 (insurance coverage for Asbestos Claims).

- **The Debtors' Asset Values**. *See, e.g.*, Ad Hoc Committee of TCEH First Lien Creditors' Request for the Production of Documents by Debtors in Connection with the Disclosure Statement, RFP Nos. 1-2 (unencumbered assets).

- **Administrative Expenses**. *See, e.g.*, EFH Indenture Trustee's First Set of Requests for Production of Documents Directed to Each Debtor, RFP Nos. 13-14.

- **Causes of Action**. *See, e.g.*, Ad Hoc Committee of TCEH First Lien Creditors' Request for the Production of Documents by Debtors in Connection with the Disclosure Statement, RFP Nos. 4-5.

- **The Settlements in the Plan**, including inter-debtor settlements and settlements with stakeholders. *See, e.g.*, Ad Hoc Committee of TCEH First Lien Creditors' Request for the Production of Documents by Debtors in Connection with the Disclosure Statement, RFP Nos. 6 ("analysis and calculation of the TCEH Settlement Claim"), 8 (effect of prepetition liens on settlement of intercompany claims), 9 (prepetition intercompany claims), 14 (board analysis regarding settlements); EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 9 (step-up in basis of TCEH's assets under the Settlement), 32 (approval of Plan), 33-35, 36-37 (DDA "negotiation, evaluation, investigation, analysis, due diligence or assessment of the Settlement"), 38-50; TCEH Official Committee Document Requests to Debtors in Connection with Approval of Debtors' Disclosure Statement, RFP No. 2; TCEH Official Committee Interrogatories to Debtors in Connection with Approval of Debtors' Disclosure Statement, Interrogatory No. 2 (witnesses with knowledge of settlements); TCEH Official Committee Notice of Deposition of Debtors, Topic 3 (claims subject to plan settlement), Wilmington Savings Fund Society, FSB's Requests for Production of Documents to the Debtors Pursuant to Federal Rules of Civil Procedure 26 and 34, RFP Nos. 1-2, 4-5, 8.[7]

- **The Releases and Exculpations in the Plan**. *See, e.g.*, EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 11 (Sponsor consent), 27 (third-party releases), 28 (exculpated parties), 29 (rights, liabilities, or releases of Sponsors), 30 (released parties), 31 (releases).

- **Board Governance Regarding the Plan**. *See, e.g.*, TCEH Official Committee Document Requests to Debtors in Connection with Approval of Debtors' Disclosure Statement, RFP No. 4.

- **The Retention of Advisors to the Disinterested Directors:**  EFH Indenture Trustee's First Set of Requests for Production of Documents Directed to Each Debtor, RFP Nos. 25-31 (seeking documents related to the retention and engagement of the DDAs); EFH Official Committee First Disclosure Statement Requests to Debtors, RFP Nos. 23-25 (seeking documents related to "process in which the Disinterested Directors were selected" and their "counsel and investment banking professionals" were selected).

---

[7] The deposition subpoenas to the DDs likewise seek documents and information in categories too numerous to mention here that are patently directed at Plan confirmation issues, as opposed to the Disclosure Statement.

This list is not exhaustive, and the Debtors and the DDs object to each and every request that seeks discovery more appropriately addressed in connection with Plan confirmation proceedings.[8] In addition, the Debtors and the DDs object to the remaining discovery to the extent that it is overbroad, unduly burdensome, and not reasonably calculated to lead to evidence admissible at the Disclosure Statement hearing. By way of example, the Debtors object to:

- Overbroad deposition notices and document requests relating broadly to "the disclosure statement" and "the disclosure statement motion." *See, e.g.*, TCEH Official Committee Notice of Deposition of Debtors, Topic 1 ("The Disclosure Statement and Disclosure Statement Motion"); TCEH Official Committee Document Requests to Debtors in Connection with Approval of Debtors' Disclosure Statement, RFP No. 1 ("All Documents reflecting Communications regarding the Disclosure Statement.")

- Other irrelevant requests related to creditors' parochial interests, and not the Disclosure Statement. *See, e.g.*, EFH Indenture Trustee's First Set of Requests for Production of Documents Directed to Each Debtor, RFP Nos. 15-19.

Please let us know immediately whether you will withdraw or substantially narrow these requests to Disclosure Statement adequacy issues, if any. Having reviewed the requests that were filed, we believe there is no need for discovery on the Disclosure Statement Motion. But we will consider and discuss with you substantially narrowed requests directed only to the Disclosure Statement Motion and the governing legal standard, if you provide them immediately. We are available to discuss the issues raised in this letter at your earliest convenience. We reserve the right to bring these issues to the Court's attention as promptly as necessary to continue efficient progress of these chapter 11 cases.

Sincerely,

**KIRKLAND & ELLIS LLP**

| | | |
|---|---|---|
| Edward O. Sassower, P.C. | James H.M. Sprayregen, P.C. | Mark E. McKane |
| Stephen E. Hessler | Marc Kieselstein, P.C. | 555 California Street |
| Brian E. Schartz | Chad J. Husnick | San Francisco, CA |
| 601 Lexington Avenue | Steven N. Serajeddini | 94104 |
| New York, New York 10022 | 300 North LaSalle | |
| | Chicago, IL 60654 | *Co-Counsel to the Debtors* |

---

[8] Several of the discovery requests are improper on their face for the separate and independent reason that they seek information on long ago concluded issues. (*See e.g.,* Category Nos. 24-31 of the EFH Ind. Trustee's First Set of Requests for Production of Documents Directed to Each Debtor, which seek, *inter alia,* information pertaining to the retention of counsel for the DDs —a matter long ago resolved by the Court; *see also* Category Nos. 12-16 of EFH Committee Subpoenas to DDs on similar improper subjects.)

| | | |
|---|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Thomas B. Walper<br>John W. Spiegel<br>Seth Goldman<br>Todd Rosen<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071<br><br>*Co-Counsel to Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC* | **PROSKAUER ROSE LLP.**<br>Michael A. Firestein<br>2049 Century Park East, #3200<br>Los Angeles, CA 90067<br><br>*Co-Counsel to Energy Future Holdings Corp.* | **CRAVATH, SWAINE & MOORE LLP**<br>Michael A. Paskin<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>- and -<br><br>**JENNER & BLOCK LLP**<br>Richard Levin<br>19 Third Ave<br>New York, NY 10022-3908<br><br>*Co-Counsel to Energy Future Intermediate Holding Company LLC* |

**Appendix I**

1. Nixon Peabody LLP, on behalf of American Stock Transfer & Trust Company, LLC, as successor trustee to the Bank of New York Mellon Trust Company, N.A. under the indentures for certain notes issued by EFH Corp.

2. Kramer Levin Naftalis & Frankel LLP, on behalf of Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second lien notes

3. Morrison & Foerster LLP, on behalf of the Official Committee of Unsecured Creditors of Energy Future Holdings Company LLC, its direct subsidiary, Texas Competitive Electric Holdings Company LLC, their direct and indirect subsidiaries, and EFH Corporate Services Company

4. Foley & Lardner, LLP, on behalf of UMB, N.A., as indenture trustee for the EFIH unsecured notes

5. Sullivan & Cromwell LLP, on behalf of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holdings Company, LLC, EFIH Finance, Inc, and EECI, Inc.

6. Paul, Weiss, Rifkind, Wharton & Garrison LLP, on behalf of the Ad Hoc Group of TCEH First Lien Creditors

7. Brown Rudnick LLP, on behalf of Wilmington Savings Fund Society, FSB, as successor trustee under the TCEH second lien notes

8. White & Case LLP, on behalf of the Ad Hoc Group of TCEH Unsecured Noteholders