# Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.,* [1] | ) ) ) ) | Case No. 14-10979 (CSS) |
|  | ) | (Jointly Administered) |
| Debtors. | ) ) ) |  |

**AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS' REQUESTS FOR
PRODUCTION OF DOCUMENTS TO THE DEBTORS CONCERNING THE THIRD
EXCLUSIVITY MOTION AND THE KEGLEVIC DECLARATION
PURSUANT TO RULES 7026 AND 7034**

Pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and concerning the Third Exclusivity Motion [Docket No. 4441] and the Keglevic Declaration [Docket No. 4442] (as those terms are defined herein) of the above captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), the ad hoc group of certain holders (the "Ad Hoc Group") of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by Texas Competitive Electric Holdings Company LLC ("TCEH") and TCEH Finance, Inc., as creditors and parties in interest in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby request that Debtors produce for inspection and copying the documents and things requested below no later than **May 28, 2015**, at the offices of White & Case LLP, 1155 Avenue of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.ethcaseinfo.com.

Americas, New York, New York 10036, attention Christopher Shore, or at such other time and place as the parties shall agree.

## DEFINITIONS

1. Each reference to a corporation, partnership, joint venture, unincorporated association, government agency or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys and any other person who acted on its behalf.

2. Each reference to a natural person shall be deemed to include that person's agents, attorneys and any other person who acted on that person's behalf.

3. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the present tense shall include the past tense and the past tense shall include the present tense.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Affiliate" of any specified Person means any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

6. "Any," "all" and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

7.   "Bankruptcy Code" means title 11 of the United States Code, and all provisions thereof.

8.   "Chapter 11 Cases" means the chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014.

9.   "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including, without limitation, all discussions, dialogues, conversations, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchange, however transmitted, including reports, notes, memoranda, lists, agenda, proposals, opinions and other Documents and records of communication.

10.   "Concerning," "referencing," "in connection with," "relating to," and "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

11.   "Debtors" means, collectively, EFH Corp. and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, Representatives and other persons acting on its behalf.

12. "Debtors' Plan" means the Chapter 11 plan of reorganization that is contemplated by the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holding Corp., Et Al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed April 14, 2015 [Docket No. 4143], as may be amended from time to time, and the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed April 14, 2015 [Docket No. 4142].

13. "Document" is used in the broadest sense and means any written, typed, printed, graphic or recorded matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter of any kind or character constituting a recording upon any medium by any means of communication or representation. The foregoing includes, but is not limited to, all originals, including drafts, masters, duplicates or copies of: papers, conversations, letters, correspondence, memoranda, summaries, messages, voice mail messages, e-mail messages, Communications, data, databases, minutes, notes, transcripts, statements, circulars, manuals, treatises, books, notebooks, catalogs, pamphlets, flyers, advertisements of any kind, books of account, ledgers, balance sheets, bank deposit slips, bank checks, canceled checks, wire transfers, financial Documents of any kind, files, diaries, diary entries, telephone logs, appointment books, desk or other calendars and similar records of any kind, sound or visual recordings on film, tape, disc, drum, wire or other medium, transcriptions of the foregoing, photographs, sketches, diagrams, drawings, microfilm or microfiche, agreements, contracts, teletype, telegrams, cables, memorials or oral Communications, whether by telephone or face-to-face, notices, bulletins, polls, surveys, findings of fact, observations of facts or circumstances, reports, studies, tables, statistics, pleadings, objects, any data, information or statistics contained

within any data storage modules, tapes, discs or other memory device or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs. The term "Document" also includes data compilations or databases, including metadata, from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "Document."

14. "EFCH" means Energy Future Competitive Holdings Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

15. "EFH Corp." means Energy Future Holdings Corporation, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

16. "EFH-EFIH Transaction" shall have the meaning ascribed to it and used in the Third Exclusivity Motion and Keglevic Declaration.

17. "EFIH" means Energy Future Intermediate Holding Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

18. "Including" shall mean including, without limitation, or in any way qualifying, limiting or restricting the foregoing.

19. "Keglevic Declaration" means the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of the Third Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, filed on May 11, 2015 [Docket No. 4442].

20. "Oncor" means Oncor Electric Holdings Company LLC and Oncor Electric Delivery Company LLC, which are owned directly and indirectly, respectively, by EFIH, their predecessor entities, all of their current and former direct or indirect subsidiaries, and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

21. "Person" or "Persons" means all natural persons, corporations, partnerships or other business associations and all other legal or governmental entities or associations.

22. "Representative" means all financial advisors and legal counsel, as well as the official committees of unsecured creditors for the EFIH and TCEH Debtors.

23. "TCEH" means Texas Competitive Electric Holdings Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

24. "Third Exclusivity Motion" means the *Third Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, filed May 11, 2015 [Docket No. 4441].

25. "You" and "Your" shall mean the Debtors and all of their current and former affiliates, parents, subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other person currently or formerly acting or purporting to act on the Debtors' behalf for any purpose whatsoever.

26. Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

## INSTRUCTIONS

1. Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7026 and Federal Rule of Civil Procedure 26(e), these requests for production shall be deemed continuing in nature so as to require you to file supplementary responses if you obtain new or different information up to and including the time of trial of this action.

2. You are to produce the original and all non-identical copies, including all drafts, of each Document requested. If you are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

3. When Documents, data, knowledge, or information in your possession are requested, such request includes the knowledge of your attorneys, accountants, agents, representatives, and experts, and any professional employed or retained by you, concerning any of the facts or issues involved in this bankruptcy.

4. Each request herein extends to all Documents and Communications in the possession, custody or control of you or anyone acting on your behalf. A Document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the

physical custody of any other person and you: (1) own such Document in whole or in part; (2) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms; (3) have an understanding, express or implied, that you may use, inspect, examine, or copy such Document on any terms; or (4) as a practical matter, have been able to use, inspect, examine, or copy such Document when you sought to do so. If any requested Document was, but no longer is, in your control, state the disposition of each such Document.

5. In responding to each request, you are to review and search all relevant files of appropriate entities and persons.

6. All Document requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the Documents.

7. Notwithstanding anything else to the contrary herein, each word, term or phrase is intended to have the broadest meaning permitted under the Federal Rules and the Bankruptcy Rules.

8. To the extent that you deem or consider any request to be ambiguous, you should construe the request to require the fullest and most complete disclosure of all information and requested Documents.

9. The Documents responsive to this request shall be produced in such a fashion as to indicate clearly the (i) identity of the party making such production and (ii) the identity of the file from which the Documents were produced.

10. *Emails*: E-mails shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files. The following metadata shall be produced for each e-mail: starting bates, ending bates, to, from, other recipients (cc and bcc),

date sent, subject, body, attachments, begattach, endattach, source, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential). E-mail attachments shall be handled according to the provisions stated below applicable to other electronic Documents.

11.    *Other electronic Documents*: Parties shall produce Excel Documents in native form accompanied by Document-level full text and load files. Word and other electronic Documents shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files. The following metadata shall be produced for each electronic Document: starting bates, ending bates, author, source, date created, last modified date, extracted text, original filename, source, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential).

12.    *Hard copy Documents*: All hard copy Documents shall be produced as single-page TIFF images accompanied by Document-level full text and Relativity and opticon load files. The following metadata shall be produced for each Document: starting Bates, ending Bates, custodian, and any applicable confidentiality designation (e.g., Confidential, Highly Confidential).

13.    *TIFF images generally*: Any TIFF images produced shall consist of (a) single page, black and white, group IV TIFF images, one per image named after the bates number with extension ".tif"; and (b) text files, one file per Document (doc level text files with page breaks), named after the starting bates number of the Document, with extension ".txt". The .tiff and .txt files shall reside in the same directory. Metadata shall be provided in a Relativity-format delimited file with a .DAT file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each Document. All images should be 300 dpi resolution, all

9

black and white images should be single page Group IV TIFF (.tif), and all color images should be JPEG (.jpg). For each Document, a Document-level text file should be provided in addition to the TIFFs. The text of native files should be extracted directly from the native file and each text file should be named using its corresponding image files (e.g., MSC000001.TXT).

14. The Documents responsive to this request shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in this request.

15. If there are no Documents responsive to a particular Request, state so in writing.

16. If any Document is withheld under any claim of privilege, including, without limitation, attorney-client privilege and attorney work product, you should provide the following information with respect to such Document:

   (1) The date of the Document;

   (2) The title of the Document;

   (3) The name of its author(s) or preparer(s) and an identification by employment and title of each such person;

   (4) The name of each person who was sent or furnished with, received, viewed or has custody of the Document or a copy thereof together with an identification by employment and title of each such person;

   (5) The request to which the Document relates;

   (6) The title and description of the Document sufficient to identify it without revealing the information for which privilege is claimed;

   (7) The claim of privilege under which it is withheld; and

    (8)  A description of the subject matter of the Document in sufficient detail to support your contention that the Document is privileged.

17. If any Document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, set forth a complete statement of the circumstances surrounding such loss or destruction, including:

    (1)  a description of the Document, including the date, a summary of its contents and the identity of its author and the person(s) to whom it was sent or shown;

    (2)  the last known custodian;

    (3)  whether the Document is missing or lost or was destroyed or discarded;

    (4)  the date of loss, destruction or discard;

    (5)  the manner of destruction or discard;

    (6)  the reason(s) for destruction or discard;

    (7)  the person(s) authorizing or carrying out such destruction or discard; and

    (8)  the efforts made to locate lost or misplaced Documents.

18. If after exercising due diligence to secure them, you cannot provide some or any of the requested Documents, so state and provide all Documents to the extent possible, specifying the reason for your inability to produce the remainder of the Documents, and stating whatever information or knowledge you have concerning each Document not produced.

19. If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document

should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20. If an objection is made to any request, state your objection and the ground or grounds with particularity in your written response. If an objection is made only to part of the request, identify that part in your written response and state your objection and the ground(s).

21. An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of a request for which no objection or claim of privilege is made. No part of any Request should be left unanswered merely because an objection is interposed to another part of the Request. If a partial or incomplete answer is provided, You shall state that the answer is partial or incomplete.

22. If any requested Document has been produced in connection with any prior request, identify the Bates Number and the numbered request to which each such Document is responsive.

23. Unless otherwise indicated in a particular request, the time period covered by these requests is from November 2014 to the present date and shall encompass all Documents and information concerning in whole or in part such period, or events or circumstances during such period, even though dated, prepared, generated or received prior to that date.

## DOCUMENT REQUESTS

1. All Documents concerning Communications between April 14, 2015 and the date of the Hearing between the Debtors and any third party (other than the Ad Hoc Group and its representatives) concerning any potential plan of reorganization for any of the Debtors, not including Communications solely concerning the Debtors' Plan and/or the sale process for the EFH-EFIH Transaction, as that term is used in the Third Exclusivity Motion and the Keglevic Declaration.

2. All Documents on which You rely or intend to rely in connection with the Third Exclusivity Motion.

[*Remainder of page intentionally left blank.*]

Dated:     May 26, 2015
           New York, New York

                            WHITE & CASE LLP

By:     */s/ J. Christopher Shore*
       J. Christopher Shore (admitted *pro hac vice*)
       Gregory M. Starner (admitted *pro hac vice*)
       1155 Avenue of the Americas
       New York, NY 10036
       Telephone:  (212) 819-8200
       Facsimile:  (212) 354-8113
       gstarner@whitecase.com
       cshore@whitecase.com

       Thomas E Lauria (admitted *pro hac vice*)
       Matthew C. Brown (admitted *pro hac vice*)
       Southeast Financial Center, Suite 4900
       200 South Biscayne Blvd.
       Miami, FL 33131
       Telephone:  (305) 371-2700
       Facsimile:  (305) 358-5744
       tlauria@whitecase.com
       mbrown@whitecase.com

       and

       FOX ROTHSCHILD LLP
       Jeffrey M. Schlerf (No. 3047)
       John H. Strock (No. 4965)
       L. John Bird (No. 5310)
       919 North Market St., Suite 300
       Wilmington, DE 19801
       Telephone:  (302) 654-7444
       Facsimile:  (302) 463-4971
       jschlerf@foxrothschild.com
       jstrock@foxrothschild.com
       lbird@foxrothschild.com

       *Counsel to the Ad Hoc Group of*
       *TCEH Unsecured Noteholders*