**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
whitecase.com

Direct Dial + (212) 819-2567        hdenman@whitecase.com

May 28, 2015

VIA E-MAIL AND ECF

Hon. Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:    *In re Energy Future Holdings Corporation, et al.*, No. 14-10979 (Bankr. D. Del.)

Dear Judge Sontchi:

      We represent the ad hoc group of certain holders (the "Ad Hoc Group") of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by Texas Competitive Electric Holdings Company LLC and TCEH Finance, Inc., as creditors and parties in interest in the above-captioned chapter 11 cases. We write to Your Honor in connection with the *Third Motion of Energy Future Holdings Corp., et al., For Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, filed May 11, 2015 [Docket No. 4441] (the "Third Exclusivity Motion"); and the following discovery documents that we served on the Debtors in connection with that Motion: (a) *Notice of Deposition of Debtors* [Docket No. 4593]; (b) the *Notice of Deposition of Paul Keglevic* [Docket No. 4594]; and (c) the *Ad Hoc Group of TCEH Unsecured Noteholders' Requests for Production of Documents to the Debtors Concerning the Third Exclusivity Motion and the Keglevic Declaration Pursuant to Rules 7026 and 7034* (collectively, the "Exclusivity Discovery Requests). We understand from counsel to the Debtors that the Court has requested the submission of letters concerning such discovery in advance of a 4 p.m. telephonic hearing.

      First, to the extent today's telephonic hearing was requested by the Debtors, it is procedurally improper. The Ad Hoc Group served the Exclusivity Discovery Requests on Tuesday, May 26, 2015. Receiving no response, we wrote to the Debtors yesterday to discuss scheduling. Only then did counsel to the Debtors engage on the issue, requesting that we withdraw our Exclusivity Discovery Requests and indicating their intent to seek a telephonic conference with the Court. In response, we requested a meet and confer and that we be included in any discussions with the Court concerning the discovery. The Debtors' *ex parte* request for Court intervention in a discovery dispute in advance of a meet and confer is inappropriate.

WHITE & CASE

May 28, 2015

      <u>Second</u>, as a matter of substance, the Exclusivity Discovery Requests are appropriate. The requests are narrowly tailored, seeking documents and deposition testimony relating to a single topic:

> Any Communications between April 14, 2015 and the date of the Hearing between the Debtors and any third party (other than the Ad Hoc Group and its representatives) concerning any potential plan of reorganization for any of the Debtors, not including Communications solely concerning the Debtors' Plan and/or the sale process for the EFH-EFIH Transaction, as that term is used in the Third Exclusivity Motion and the Keglevic Declaration.

      As discussed in the Ad Hoc Group's objection to exclusivity [Docket No. 4590], such information would be relevant to whether the Debtors have inappropriately used their exclusivity periods as a sword to pressure creditors to endorse their preferred plan. Moreover, as a declarant in support of the Motion, the Debtors must make Mr. Keglevic available for deposition upon request.

      <u>Third</u>, the arguments in the Debtors' letter in response to the Exclusivity Discovery Requests are misplaced. The Exclusivity Discovery Requests were timely served, and pertain to events that just recently occurred. In any event, the Ad Hoc Group understands that Mr. Keglevic has been out of the country this week and is unavailable for deposition until Sunday, regardless of when noticed. The Debtors themselves have created these exigencies, having refused to adjourn the Motion to the next available hearing pursuant to an agreed-upon bridge order. Moreover, it is odd that the Debtors, who purport to recognize the sensitivity of plan negotiations, would nonetheless publish in their letter communications regarding negotiations that occurred more than a month ago.

      We look forward to discussing these issues with the Court at 4 p.m. today.

Sincerely,

*/s/ Harrison Denman*

Harrison Denman

cc:    Official Service List of All Participants to EFH Legacy Discovery Protocol