# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings, Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. No. 4441** |
| | ) | **Hearing Date: June 1, 2015 at 10:30 a.m.** |

**STATEMENT OF CERTAIN FUNDS AND ACCOUNTS ADVISED OR SUB-ADVISED BY FIDELITY MANAGEMENT & RESEARCH COMPANY OR ITS AFFILIATES IN SUPPORT OF THE THIRD MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates (collectively, "Fidelity") hereby submit this statement in support of the *Third Motion of Energy Future Holdings Corp., Et Al. for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 4441] (the "Exclusivity Motion")[2], and respectfully state as follows:

---

[1] The last four digits of Energy Future Holding Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://␣ww.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

## STATEMENT IN SUPPORT

Given the current status of the Debtors' chapter 11 cases, Fidelity supports the Debtors' request for an extension of exclusivity to file and solicit a plan through October 29, 2015 and December 29, 2015, respectively. While no party is seeking to have the Debtors' exclusivity terminate immediately, the objectors seek either a very short extension of exclusivity to July or August or an adjournment of the hearing on the Exclusivity Motion to late-June or July. Those objections and requests for adjournment should be overruled since granting a shorter extension would only serve to require the Debtors (and all parties) to focus on litigation efforts rather than on the critically important task of negotiating a chapter 11 plan. Moreover, a very short exclusivity extension will simply result in creditors using the threat of objecting to further extensions of exclusivity or the offer of a consensual extension as leverage in plan negotiations. The Debtors and all parties should be able to engage in plan negotiations without any such threats.

As the Court is aware, the Debtors are currently advancing the auction process for the EFH-EFIH Transaction while at the same time negotiating with its various creditor constituencies over the terms of a plan. As described in the Debtors' response, not only have the Debtors' been facilitating the attempt by the TCEH unsecured creditors to put together a bid for the Debtors' interest in Oncor, but the Debtors have also been engaged in plan negotiations with Fidelity and the ad hoc group of EFIH Second Lien Noteholders over the terms of a value maximizing chapter 11 plan that would adopt the settlements embodied in the Debtors' Chapter 11 currently on file, including the inter-debtor settlements. These negotiations should be given a chance to bear fruit without the overhang of exclusivity expiring in a matter of weeks. *See Geriatrics Nursing Home, Inc., v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to

allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."); *In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate a settlement and propose a plan without undue interference from creditors and other interests).

## **CONCLUSION**

For the reasons set forth above and in the Exclusivity Motion, Fidelity respectfully requests that this Court enter an order granting the Exclusivity Motion and such other relief as is just and proper.

Dated:  May 29, 2015  
       Wilmington, Delaware

CROSS & SIMON, LLC

*/s/ Michael J. Joyce*  
Michael J. Joyce (No. 4563)  
1105 North Market Street  
Suite 901  
Wilmington, Delaware 19801  
Telephone: (302) 777-4200  
Facsimile: (302) 777-4224  
E-mail: mjoyce@crosslaw.com

    -and-

Brad Eric Scheler  
Gary L. Kaplan  
Matthew M. Roose  
Fried, Frank, Harris, Shriver & Jacobson LLP  
One New York Plaza  
New York, New York 10004  
Telephone: (212) 859-8000  
Facsimile: (212) 859-4000  
Email: brad.eric.scheler@friedfrank.com  
      gary.kaplan@friedfrank.com  
      matthew.roose@friedfrank.com

*Counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates*

9959838