**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                     :    Chapter 11
                                                           :
Energy Future Holdings, Corp., *et al.*,                   :    Case No. 14-10979 (CSS)
                                                           :
              Debtors.                                     :    (Jointly Administered)
                                                           :
------------------------------------------------------------ x   **Related to Docket No. 4441**

**STATEMENT OF THE EFIH SECOND LIEN NOTES INDENTURE**
**TRUSTEE IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO**
**FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee (the "**EFIH Second Lien Indenture Trustee**") for the second lien notes (the "**EFIH Second Lien Notes**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**"), by and through its undersigned counsel, hereby submit this statement (the "**Statement**") in support of the motion of the above-captioned debtors (the "**Debtors**") for entry of an order extending the Debtors' exclusive periods to file a chapter 11 plan and solicit acceptances thereof pursuant to Section 1121 of the Bankruptcy Code (the "**Exclusivity Motion**") [Docket No. 4441].[1] In support of this Statement, the EFIH Second Lien Indenture Trustee states the following:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Exclusivity Motion.

**STATEMENT**

1.      The EFIH Second Lien Indenture Trustee supports the Debtors' request for an extension of exclusivity to file and solicit a plan through October 29, 2015 and December 29, 2015, respectively. The objections to the Exclusivity Motion, which either seek a shorter extension of exclusivity to July or August or an adjournment of the hearing on the Exclusivity Motion to late-June or July, should be overruled. Granting a shorter extension would only serve to distract the Debtors who, instead of focusing on actual negotiations with creditors, would be forced to litigate their ability to retain control of the plan process. Moreover, certain creditor groups may seek to inappropriately manipulate the process by using the threat of objecting to further extensions of exclusivity as leverage in plan negotiations (indeed, this already seems to be the case).

2.      To be clear, the EFIH Second Lien Indenture Trustee has many issues with the current version of the Plan and believes substantial revisions are necessary before the Plan could be considered confirmable. To that end, the Debtors are currently engaged in negotiations that focus on modifications of the current plan structure with holders of the EFIH Second Lien Notes, including Fidelity, which is also the single largest creditor of EFH. Accordingly, the assertion (from certain of the objectors) that the Debtors are trying to force creditors to accept an unacceptable plan is simply incorrect.

3.      As the Court has noted and the parties recognize, this case is currently at a delicate point. Exclusivity should be extended to the maximum statutory period to "afford[] the debtor[s] the opportunity to negotiate the settlement of its debts by proposing and soliciting support for its plan of reorganization without interference – in the form of competing plans –

from its creditors or others in interest." *Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.),* 187 B.R. 128, 131 (D.N.J. 1995).

WHEREFORE, the EFIH Second Lien Indenture Trustee requests that the Exclusivity Motion be granted and the Court grant such other relief as is just and proper.

Dated: May 29, 2015    PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
          rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
          ghorowitz@kramerlevin.com
          jbrody@kramerlevin.com

*- and –*

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Indenture Trustee*