IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP.,<br>*et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Hearing Date: July 16, 2015 at 9:30 A.M. ET<br>Objection Deadline: June 24, 2015 at 4:00 P.M. ET |

## RED BALL OXYGEN COMPANY'S MOTION TO PERMIT LATE FILING OF PROOFS OF CLAIM

Red Ball Oxygen Company ("Red Ball"), a creditor in the above-styled, jointly-administered cases (the "Bankruptcy Case") of Luminant Big Brown Mining Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, Oak Grove Management LLC, and Sandow Power Company LLC (collectively, the "Luminant Debtors"), hereby submits this *Motion to Permit Late Filing of Proofs of Claim* (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (each, a "Bankruptcy Rule" and, collectively, the "Bankruptcy Rules"), to request that this Court allow Red Ball to file its proofs of claim, asserting secured materialman claims against the Luminant Debtors, after the expiration of the bar date of October 27, 2014 at 5:00 p.m. Eastern prevailing time (the "Bar Date"), and in support thereof respectfully shows the Court as follows:

### I.    JURSIDICTION AND VENUE

1.    This Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C §§ 157 and 1334. Any proceeding on the subject matter of the Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.    Venue of this Court over the Bankruptcy Case and any proceeding on the Motion

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested in the Motion is section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3004(c)(3) and 9006(b)(1).

## II. BACKGROUND

4. In January 2012, the Luminant Debtors entered into multiple *Master Purchase Agreements* with Red Ball (as amended or modified, the "Purchase Agreements"). Thereafter, pursuant to the terms of the *Purchase Agreements*, the Luminant Debtors routinely purchased gas and other welding supplies from Red Ball in the ordinary course of their business. Once delivered, the Debtors would then utilize the gas and other welding materials for, among other things, the Debtors' routine welding construction and maintenance performed at various plants, mines, and other facilities located throughout Texas.

5. On April 29, 2014, after struggling to generate sufficient positive cash flow to service certain debt obligations, the Debtors filed their voluntary petitions for Chapter 11 relief on April 29, 2014 (the "Petition Date"), thereby commencing this Bankruptcy Case and creating the Debtors' respective bankruptcy estates (the "Estates").

6. On June 30, 2014, the Debtors filed their *Schedules of Assets and Liabilities* (the "Schedules"). In their Schedules, the Luminant Debtors listed Red Ball as having multiple general unsecured claims against them. Collectively, the Luminant Debtors scheduled Red Ball's general unsecured claims as equal to approximately $680,967.44.

7. On July 8, 2014, months before the Bar Date, Red Ball filed its *Notice of Perfection of Lien Pursuant to 11 U.S.C. § 546(b)* [D.E. 1505] (the "Lien Notice"), with this Court. Among other things, the Lien Notice notifies the Debtors and other parties-in-interest that Red Ball has claims against the Debtors for furnishing, from March 18, 2014 through April 8,

2014, "labor and materials for construction or repair to certain real property and improvements pursuant to contractual agreements with one or more of the Debtors for which Red Ball has not been paid." The *Lien Notice* further states that the principal amount the Luminant Debtors or their Estates owe Red Ball is not less than $47,025.22, exclusive of contractual interest, attorney's fees, and costs, (the "Secured Materialman Claims"). The *Lien Notice* further states that such claims of Red Ball against the Debtors have been successfully secured by the materialman's liens described in the *Lien Notice,* attached to the Debtors' real property, housing, buildings, fixtures, and improvements, and incept and relate back to "the commencement of construction and improvements or delivery of materials to the land . . ." Attached hereto as Exhibit "A", and incorporated herein by reference, is a true and correct copy of Red Ball's invoice summary, detailing the underlying debts, transactions, and invoices that make up the Secured Materialman Claims. A true and correct copy of Red Ball's *Lien Notice* is attached hereto as Exhibit "B" and is incorporated herein by reference.

8. On August 18, 2014, this Court entered its order [D.E. 1866] (the "Bar Date Order") fixing October 27, 2014 at 5:00 p.m. (eastern prevailing time) as the Bar Date for creditors to file proofs of claim for certain non-governmental prepetition claims and administrative claims under section 503(b)(9) of the Bankruptcy Code.

9. On October 24, 2014, three days before the Bar Date, Red Ball submitted its original proofs of claim against the Luminant Debtors in compliance with the procedures and other requirements set forth in the Bar Date Order. Collectively, Red Ball, through its original proofs of claim, asserted claims against the Luminant Debtors aggregating $408,370.22, of which $183,396.49 are administrative expense claims under section 503(b)(9) of the Bankruptcy Code. The original proofs of claim did not list any of Red Ball's secured claims, which had

previously been detailed in the *Lien Notice* and collectively make up the Secured Materialman Claims. True and correct file-stamped copies of Red Ball's original proofs of claim are attached hereto as <u>Exhibit "C"</u> and are incorporated herein by reference.

10. On or about May 8, 2015, Red Ball filed its proofs of claim on account of its Secured Materialman Claims (collectively, the "<u>Materialman Proofs of Claim</u>"). True and correct copies of the Materialman Proofs of Claim are attached hereto as <u>Exhibit "D"</u> and are incorporated herein by reference.

### III.    ARGUMENT

**A.    Red Ball's *Lien Notice* Should Constitute a Timely Filed Informal Proof of Claim for Its Materialman Proofs of Claim**

11. When a creditor fails to timely file a formal proof of claim by the bar date fixed by the bankruptcy court, courts can allow a claim to nonetheless proceed on the basis that another document may constitute an "informal" proof of claim. *See Rubino v. Spansion Inc. (In re Spansion, Inc.)*, No. 13-338-RGA, 2013 WL 5730575, * 3 (D. Del. Oct. 22, 2013) (citing *In re Am. Classic Voyages Co.*, 405 F.3d 127 (3d Cir. 2005)). The Third Circuit has adopted a five-part test to ascertain if a document satisfies the requirements of an informal proof of claim. *See id.; Agassi v. Planet Hollywood Int'l, Inc. (In re Planet Hollywood Int'l, Inc.)*, 269 B.R. 543, 550 (D. Del. Nov. 13, 2001). Applying this test, a document will constitute an informal proof of claim if the document (i) is in writing, (ii) contains a demand by the creditor on the bankruptcy estate, (iii) expresses an intent to hold the debtor liable for the debt, and (iv) the document is filed with the bankruptcy court. *See In re Am. Classic Voyages Co.*, 405 F.3d at 131. In the event the document meets those four requisites, the court shall further determine if, based on the equities of the case, it would be inequitable to allow the document to be treated as a proof of claim. *See id.*

12. "These requirements are not *stricti juris* in the sense that a slight deviation will be fatal to the claim." *Brown v. Turner (In re Brown)*, 76 Fed. Appx. 471 (3d Cir. 2003). "They merely state broad general guidelines, judicially formulated, which must be followed if a claim is to be allowed." *Id.* at 471-72.

13. In *Agassi v. Planet Hollywood Int'l, Inc.*, the U.S. District Court of Delaware held that an objection to the debtors' motion to assume or reject certain executory contracts and unexpired leases, filed by plaintiffs and creditors (collectively, "Plaintiffs") made up of sports celebrities and their companies, each of whom had entered into services contracts with the debtors, a sports and entertainment-themed restaurant chain, constituted a valid informal proof claim such that the Plaintiffs were not barred from seeking attorney's fees even though the applicable bar date for filing a proof of claim on account of such fees had since expired. *See In re Planet Hollywood Int'l, Inc.*, 269 B.R. at 550.

14. In coming to this decision, the U.S. District Court of Delaware reasoned that Plaintiffs' objection to the debtors' motion to assume or reject qualified as an informal proof of claim because the objection was a document in writing, filed with the bankruptcy court before the expiration of the bar date, and expressly states that Plaintiffs seek relief from the automatic stay to "enforce their termination rights" under their services contracts, including the right to attorney's fees and other damages. *See id.* Accordingly, the district court reasoned, the objection makes both a demand on the debtors' estate and evidences an attempt to hold the estate liable as required for an informal proof of claim. *See id.* The U.S. District Court of Delaware next highlighted that the Plaintiffs had communicated their intent of collecting attorney's fees from the debtors on multiple occasions before the bar date. *See id.* at 551. Plaintiffs' communications coupled with their objection, the district court reasoned, suggest that it would be

equitable to allow Plaintiffs to pursue their claims. *See id.* As a result, the district court held Plaintiffs' objection was sufficient to permit them to pursue their claims for attorney's fees. *See id.*

15. Here, in this Bankruptcy Case, Red Ball's *Lien Notice*, like the Plaintiffs' objection in *Agassi v. Planet Hollywood Int'l, Inc.*, qualifies as an informal proof of claim because the *Lien Notice* was a document in writing, filed with the bankruptcy court on July 8, 2014 (months before the expiration of the Bar Date), and expressly states that Red Ball's claims are for "indebtedness in connection with unpaid amounts due and owing on the Debtors' account with Red Ball," the principal amount of that that indebtedness "is not less than $47,025.22 . . . ," and Red Ball's claims "are secured by materialman's liens" described in the exhibits attached to the *Lien Notice*. Accordingly, the *Lien Notice* serves as both a demand on the Luminant Debtors' Estates and evidences an attempt to hold those Estates liable, as required for an informal proof of claim. *See id.* at 550.

16. Moreover, this Court's allowance of Red Ball's *Lien Notice* to act as an informal proof of claim, so as to permit Red Ball to pursue its Secured Materialman Claims, is equitable, even though the Debtors have recently filed a disclosure statement [D.E. 4143] and Chapter 11 plan [D.E. 4142]. As of the filing of this Motion, the disclosure statement and the Chapter 11 plan have not been approved by this Court. No hearing on the Court's approval of the plan has been scheduled. However, even if the Chapter 11 plan is ultimately confirmed in its current form, which appears unlikely given the number of contingencies built into the document, the *Lien Notice* was filed way back on July 8, 2014, thus notifying the Debtors and all other parties-in-interest well in advance of the Chapter 11 plan of the existence, nature, and amount of the Secured Materialman Claims. Taking into consideration the lien affidavits attached as exhibits

to the *Lien Notice*, the *Lien Notice* even provides significantly more detail than any formal proof of claim form. Not only do the lien affidavits serving as exhibits to the *Lien Notice* identify each Secured Materialman Claim, its amount, the relevant Luminant Debtor (or Estate), and the nature of each Secured Materialman Claim, but the lien affidavits also include a more detailed description of the property that secures each Secured Materialman Claim. Among other things, the Debtors will not suffer any prejudice because the Debtors first received notice of the amounts, associated Debtor, nature, and property of the Secured Materialman Claims back in June 2014 (well in advance of the Bar Date and the Debtors' Chapter 11 plan), the amount of the Secured Materialman Claim is fairly insignificant given the size and complexity of the Debtors' operations and this Bankruptcy Case, and the allowance and *pro rata* payment of Debtors' Secured Materialman Claims will be necessary to remove Red Ball's materialman liens.

17.    On the other hand, if the Court were to deny this Motion and not permit the *Lien Notice* to serve as an informal proof of claim, the net impact of Red Ball's failure to file the Materialman Proofs of Claim by the Bar Date will be that Red Ball will not receive any payments on account of any Secured Materialman Claim. Rather, Red Ball will simply retain its lien in the property in which its lien is attached; or, in the event such property is sold, Red Ball will retain its lien in the proceeds from the sale. Permitting Red Ball to pursue the Secured Materialman Claims through the allowance of the *Lien Notice* as an informal proof of claim would allow Red Ball to participate in plan distributions (assuming its class of creditors are anticipated to receive plan payments) in exchange for Red Ball releasing its materialman's liens in the Luminant Debtors' properties. Whereas, not permitting Red Ball to pursue the Secured Materialman Claims through the allowance of the *Lien Notice* as an informal proof of claim would undermine a critical component of any Chapter 11 case—the removal of any unnecessary

liens, security interests, or other encumbrances to facilitate the reemergence of a reorganized, healthier business. Accordingly, this Court's allowance of the *Lien Notice* to operate as an informal proof of claim, so Red Ball can pursue its Secured Materialman Claims and discharge its associated liens, is equitable, given the facts and circumstances of this Bankruptcy Case.

**B.     Alternatively, Red Ball's Failure to Timely File the Materialman Proofs of Claim is the Result of "Excusable Neglect"**

18.     Even assuming *arguendo* that Red Ball's *Lien Notice* does not satisfy each requirement mandated by the Third Circuit to qualify as an informal proof of claim (which of course it does), Red Ball's failure to timely file the Materialman Proofs of Claim is the result of "excusable neglect." Bankruptcy Rule 9006, in pertinent part, generally allows parties-in-interest to request an extension to a deadline or period (in which a specified performance is required or permitted) under two distinct scenarios, each of which has a different standard. *See* FED. R. BANKR. 9006(b)(1). The first, applicable when the deadline or period has yet to expire, gives the court discretion in deciding if there is "cause" to extend the applicable deadline or period. *See id.* The second, relevant when the deadline or period has already expired, permits the court to extend the deadline or period if the failure to take timely action was the product of excusable neglect. A court's determination of whether a creditor's neglect of a bar date is excusable is an equitable one, taking into account the totality of circumstances relevant to that creditor's failure to file. *Chemron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995).

19.     The U.S. Supreme Court's seminal opinion addressing excusable neglect, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, dictates that the following four factors shall be applied to determine if a creditor's failure to file its proof of claim was the product of excusable neglect: (i) prejudice to the debtor; (ii) length of delay and its potential impact on judicial proceedings; (iii) the reason for delay, including if it was in the reasonable

control of the creditor; and (iv) whether the creditor acted in good faith. *Pioneer Invest. Svs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). "All factors must be considered and balanced; no one factor trumps the others." *Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 133 (3d Cir. 2005).

20. Applying the first factor, the Debtors will not suffer any prejudice as a result of Red Ball being allowed to pursue its Secured Materialman Claims, despite the passage of the Bar Date and the recent filing of the Debtors' Chapter 11 plan. Unlike other cases where courts in this district have declined to enter a finding of excusable neglect where the claimant did not seek to pursue a claim until after the debtor filed its Chapter 11 plan, Red Ball's efforts to assert its Secured Materialman Claims in this Bankruptcy Case date all the way back to July 2014—*i.e.*, well before the Bar Date was fixed by this Court and the Debtors had filed a Chapter 11 plan. *Cf. id.* Moreover, the total amount of the Secured Materialman Claim is fairly insignificant given the size and complexity of the Debtors' operations and this Bankruptcy Case, and the allowance and, ultimately, payment of Debtors' Secured Materialman Claims will be necessary for the Debtors to remove Red Ball's materialman liens. As for the second factor, any determination of excusable neglect by this Court would have little to no impact on any judicial proceedings. As mentioned above, the Debtors' Chapter 11 plan has not been scheduled for hearing. With respect to the fourth and final factor, Red Ball at all times operated in good faith. Accordingly, Red Ball's failure to file its Materialman Proofs of Claim by the Bar Date qualifies as excusable neglect.

## IV. CONCLUSION

WHEREFORE, Red Ball requests that the Court grant this Motion and allow Red Ball's Materialman Proofs of Claim, including the Secured Materialman Claims, as being timely filed by the Bar Date.

Dated: June 1, 2015  
      Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin, Esq. (No. 4068)
John D. McLaughlin, Jr., Esq. (No. 4123)
Joseph J. McMahon, Jr., Esq. (No. 4819)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 658-1100
Facsimile: (302) 658-1300
jmclaughlin@ciardilaw.com
jmcmahon@ciardilaw.com

-and-

**McCathern PLLC**
Jonathan L. Howell, Esq.
Texas Bar No. 24053668
jhowell@mccathernlaw.com
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, TX 75219
Phone: (214) 741-2662
Facsimile: (214) 741-4717

*Counsel to Red Ball Oxygen Company*