# MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

June 3, 2015

Writer's Direct Contact
+1 (212) 468.8051
BMiller@mofo.com

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re:   *In re Energy Future Holdings Corporation, et al.* No. 14-10979 (Bankr. Del.)

Dear Judge Sontchi:

As counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), its direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (the "TCEH Creditors' Committee"), we write in response to the request of the Debtors and their respective disinterested directors and managers (the "Disinterested Directors") for a protective order, made by letter motion, dated May 27, 2015 (Dkt. No. 4606).

On May 18, 2015, Your Honor entered the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Approval of Debtors' Disclosure Statement, and (C) Appointing a Mediator and Establishing the Terms Governing Mediation* (Dkt. No. 4497) (the "Scheduling Order"). The Scheduling Order—which was the product of lengthy negotiation among numerous parties[1]—sets forth a procedure for serving discovery requests, objecting to discovery requests, meeting and conferring about any discovery disputes, and seeking judicial intervention if those disputes cannot be resolved after good faith consultation. *See* Scheduling Order, ¶¶ 8(a)-(c), 30, and 35. With this request, the Debtors and the Disinterested Directors now seek to circumvent the very process that they proposed, and to which all of the parties agreed, for resolving discovery issues relating to the motion to approve the Disclosure Statement.

---

[1] *See Certification of Counsel Regarding (I) Order (A) Scheduling Certain Hearing Dates And Deadlines, (B) Establishing Certain Protocols In Connection with the Approval of Debtors' Disclosure Statement, and (C) Establishing the Terms Governing Mediation and (Ii) Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions*, dated May 15, 2015 (Dkt. No. 4490) ("The Revised Order has been circulated, and is acceptable, to counsel to (i) the official committee of unsecured creditors of the TCEH Debtors; (ii) the Ad Hoc Committee of TCEH First Lien Creditors; (iii) the ad hoc group of TCEH unsecured noteholders; (iv) Wilmington Savings Fund Society, FSB, in its capacity as successor indenture trustee; (v) Law Debenture Trust Company of New York, as the indenture trustee for the TCEH secured notes; and (vi) the Debtors.")

ny-1190070

MORRISON | FOERSTER

The Honorable Christopher S. Sontchi
June 3, 2015
Page Two

      On May 18, 2015, the TCEH Creditors' Committee, among other Participating Parties, served limited discovery requests in connection with the Disclosure Statement in accordance with the Scheduling Order that had been entered earlier in the day.  Contrary to what is suggested by the Debtors, the TCEH Committee's requested discovery is quite limited and tied to the proposed Disclosure Statement:  fourteen document requests, five interrogatories, and six Rule 30(b)(6) deposition topics on the Debtors, and a Rule 30(b)(1) deposition notice on Hugh Sawyer.  Moreover, in accordance with Your Honor's instructions at the May 4 hearing that there be no overlap with Legacy Discovery, the TCEH Creditors' Committee expressly limited all of its discovery requests to the post-petition period.  Under the governing protocol, Legacy Discovery was expressly limited to pre-petition documents.

      On May 20, 2015, the Debtors and the Disinterested Directors sent a letter to all of the Participating Parties that had served discovery requests.  Notwithstanding that the Scheduling Order expressly authorizes discovery, they stated their view that "there is no need for discovery on the Disclosure Statement Motion" and requested that all of the parties either withdraw their discovery requests or start over with some unspecified narrowed set of requests.

      On May 27, 2015, the TCEH Creditors' Committee responded to the Debtors and Disinterested Directors' letter.  We noted that the TCEH Committee has no intention of turning the Disclosure Statement hearing into a mini-trial on confirmation as they argued in their letter.  We further noted that while each of the TCEH Committee's discovery requests was narrowly tailored to adduce evidence to allow the TCEH Committee to test the disclosures made by the Debtors in the disclosure statement and determine whether different or additional disclosures are necessary or appropriate, we would consider reasonable suggestions to narrow any specific requests.  We proposed that the parties meet and confer.

      Rather than accepting the invitation to meet and confer and to engage in "good faith consultation" as specifically required by Paragraph 35 of the Court's Scheduling Order, the Debtors and Disinterested Directors sent their letter motion to the Court requesting entry of a blanket protective order.  Notwithstanding this, the TCEH Creditors' Committee has proposed modifying its initial discovery requests in a way that should resolve the specific objections described by the Debtors and Disinterested Directors in their May 27 letter motion to the Court, including offering to defer a substantial number of the requests until plan confirmation.  The TCEH Committee has also offered to meet and confer regarding any additional requests not specifically addressed in that letter.  The TCEH Committee remains interested in working with the Debtors and Disinterested Directors to see if we can resolve any disputes or at least substantially narrow any disputes before raising them with the Court.

ny-1190070

MORRISON | FOERSTER

The Honorable Christopher S. Sontchi
June 3, 2015
Page Three

      Accordingly, the TCEH Creditors' Committee respectfully requests that the Court deny any relief requested by the Debtors and Disinterested Directors with respect to the Committee and, instead, allow the parties to proceed with addressing any remaining issues pursuant to the procedures provided for in the Court's Scheduling Order.

                                          Respectfully Submitted,

                                          /s/ *Brett H. Miller*

                                          Brett H. Miller

cc:    All parties via ECF filing

ny-1190070