# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON  (1946-1991)
RANDOLPH E PAUL  (1946-1956)
SIMON H RIFKIND  (1950-1995)
LOUIS S WEISS  (1927-1950)
JOHN F WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3355

WRITER'S DIRECT FACSIMILE

212-492-0355

WRITER'S DIRECT E-MAIL ADDRESS

msilverman@paulweiss.com

UNIT 3601 OFFICE TOWER A BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2 CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
BRIAN M JANSON
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH M McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

June 3, 2015

By ECF and Hand Delivery

Hon. Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re: *In re Energy Future Holdings Corp., et al.*, No. 14-10979

Dear Judge Sontchi:

This firm represents the ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors[1] (the "TCEH First Lien Committee"). We write in response to the Debtors' letter, dated May 27, 2015, in which they "seek a protective order and request guidance from the Court on the Disclosure Statement hearing's scope." (Dkt. No. 4606 at 2) (the "Debtors' Letter"). In their letter, the Debtors object to requests for the production of documents and deposition notices that were served on them by a variety of creditors, including the TCEH First Lien Committee,

---

[1]   As used herein, the term "Debtors" means, collectively, Energy Future Holdings Corp., and its direct and indirect subsidiaries that are debtors-in-possession in the above-captioned cases.  The term "TCEH Debtors" means, collectively, Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC, and TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases.  Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 4142) (the "Plan").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Christopher S. Sontchi                                                          2

in connection with the Disclosure Statement.[2]  The Debtors argue primarily that such "discovery is not necessary to assess the adequacy of the Disclosure Statement." (*Id.* at 4.)  As a threshold matter, the TCEH First Lien Committee believes that this dispute is not yet ripe for adjudication.  Nevertheless, to the extent the Court is inclined to address the merits of the issues raised in the Debtors' Letter at this time, the TCEH First Lien Committee submits that the Court should deny the Debtors' request for a Protective Order to the limited extent set forth herein.

The TCEH First Lien Committee served fourteen document requests and a single 30(b)(6) deposition notice on the Debtors on May 18, 2015.[3]  Counsel for the TCEH First Lien Committee then held a telephonic meet-and-confer with counsel for the Debtors on May 26, 2015, in a good-faith attempt to resolve the Debtors' blanket objection to providing such discovery. (*See* Debtors' Letter at 3 n.7.)  At that meet-and-confer, counsel for the parties discussed a limited set of additional areas of disclosure which, if the Debtors agreed to make, would obviate the TCEH First Lien Committee's discovery demands.  These discussions continue to date, and although no resolution has yet been reached, the TCEH First Lien Committee believes that further negotiation regarding their discovery requests represents the appropriate path forward.  For this reason, the TCEH First Lien Committee submits that it is premature for the Court to resolve this discovery dispute.

To the extent the Court reaches the merits of this dispute, the Debtors' argument that all discovery regarding the Disclosure Statement is "unnecessary" or "irrelevant" contravenes the Scheduling Order[4] itself, which expressly contemplates Disclosure Statement discovery and includes detailed protocols regarding the same. (*See, e.g.*, Scheduling Order at ¶¶ 8, 26, 35.)  The Debtors should not now be allowed to avoid *all* Disclosure Statement discovery based on blanket assertions that lump together the discovery requests they have received.

Moreover, the Debtors' argument that all discovery served is "unnecessary" and "irrelevant" ignores certain critical deficiencies in the Disclosure Statement.  By the Debtors' own estimate, the TCEH first lien creditors are undersecured by more than $10 billion, and therefore by virtue of these deficiency claims, are collectively the largest unsecured creditors in these chapter 11 cases.[5]  The Plan,

---

[2]    *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 4143) (the "Disclosure Statement").

[3]    *See Notice of Service of (i) the Ad Hoc Committee of TCEH First Lien Creditors' Request for the Production of Documents by Debtors in Connection with the Scheduling Order and (ii) the Notice of Deposition Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure* (Dkt. No. 4515).

[4]    *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Approval of Debtors' Disclosure Statement, and (C) Establishing the Terms Governing Mediation* (Dkt. No. 4497) (the "Scheduling Order").

[5]    TCEH's first lien creditors hold, in the aggregate, approximately $25.5 billion of senior secured claims against the TCEH Debtors. (Disclosure Statement p. 4.)  The Debtors estimate that the enterprise

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Christopher S. Sontchi                                                                          3

however, (a) does not identify the assets that are unencumbered or the methodology the Debtors will employ for allocating value to those assets, and (b) provides that the holders of TCEH First Lien Deficiency Claims must waive (regardless of how they vote on the Plan) any recovery on account of such deficiency claims. (*See* Plan § III.B.28; Disclosure Statement p. 17 and 95.) Importantly, the Disclosure Statement lacks any explanation or legal basis for why the Debtors are requiring their largest group of unsecured creditors to involuntarily waive a recovery on account of more than $10 billion of unsecured claims. This information is critical to the TCEH first lien creditors' consideration of the Plan; without it, such creditors are left completely in the dark and are forced to guess as to the rationale and support for this unusual and prejudicial Plan provision.

Accordingly, the TCEH First Lien Committee served narrowly drawn discovery demands to clarify and explain this disparate treatment of TCEH's unsecured creditors. For example, the TCEH First Lien Committee sought:

- "Documents sufficient to show the type, quantity, and value of the TCEH Debtors' Unencumbered Assets." (Request No. 1)

- "All documents and communications concerning provisions in the Disclosure Statement that contemplate the TCEH First Lien Creditors waiving their deficiency claims, including but not limited to documents reflecting the Debtors' decision to seek such waiver."[6] (Request No. 7.)

This information is necessary, as a threshold manner, to determine whether the Disclosure Statement actually provides adequate information to permit creditors to make an informed decision regarding the Plan. *See* 11 U.S.C. § 1125(a)(1). At present, the Disclosure Statement provides **no information** regarding the legal or factual basis for discriminating against creditors with more than $10 billion in unsecured claims by requiring them to waive their entitlement to share *pro rata* in any distribution that is made to other TCEH unsecured creditors. This information is also critical to determine whether the Plan impermissibly provides for disparate treatment of similarly-situated creditors within a given class, and therefore is patently unconfirmable. *See* 11 U.S.C. § 1123(a)(4) ("Notwithstanding any otherwise applicable non-bankruptcy law, a plan shall—provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."). While the TCEH First Lien Committee agrees with the

---

value of reorganized TCEH "falls within a range of approximately $12.80 to $15.60 billion." (Disclosure Statement Ex. F at 3.) Using the Debtors' own valuation, TCEH's first lien creditors would have a deficiency claim ranging from $10 to $13 billion.

[6]   The TCEH First Lien Committee's remaining discovery demands substantially overlap with requests served by other creditors. With respect to those overlapping demands, the TCEH First Lien Committee will defer to the arguments made by other creditors, and will abide by the Court's ruling on whether such demands are properly sought at this time.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Christopher S. Sontchi                                                          4

Debtors that the Disclosure Statement hearing should not be transformed into a mini-trial on Plan confirmation, it does not follow that all confirmation-related issues are off the table. *See, e.g., In re Am. Capital Equip.*, LLC, 688 F.3d 145, 154 (3d Cir. 2012) ("[A] bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable."). At a minimum, the TCEH Debtors must provide creditors with sufficient information to properly assess the purpose and effect of critical Plan provisions that, on their face, appear to suffer from fatal infirmities that render the Plan patently unconfirmable. The TCEH Debtors have not done so to date.

For the reasons set forth herein, we respectfully submit that, should the Court reach the merits of this discovery dispute, it should compel the Debtors to provide the limited discovery described herein prior to the upcoming Disclosure Statement hearing.

Sincerely,

Moses Silverman