**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

GREGORY A. HOROWITZ
PARTNER
PHONE 212-715-9571
FAX 212-715-7571
GHorowitz@KRAMERLEVIN.COM

June 3, 2015

**By ECF and Hand Delivery**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

    Re: *In re Energy Future Holdings Corporation, et al.*, Case No. 14-10979

Dear Judge Sontchi:

    I write on behalf of the EFIH Second Lien Indenture Trustee in opposition to the May 27th request ("Request") for a protective order filed by the Debtors and their respective disinterested directors regarding discovery requests served by ourselves and others in connection with the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* (D.E. 4144).

    Without commenting on other parties' discovery requests, we take issue with the overbroad assertion that none of our requests address the adequacy of the Disclosure Statement. Request, at 11. To the contrary, the EFIH Second Lien Indenture Trustee served eleven narrowly-tailored requests seeking documents specifically calculated to discover the type of "adequate information" necessary to "enable . . . a hypothetical investor . . . to make an informed judgment about the plan." 11 U.S.C. §§ 1125(b), 1125(a)(1). Courts routinely reject disclosure statements that lack adequate information, and allow discovery prior to disclosure statement hearings for purposes of evaluating this issue. *See, e.g.*, *In re Feldman*, 53 B.R. 355, 357 (Bankr. S.D.N.Y. 1985) (rejecting inadequate disclosure statement); *In re Ponce de Leon 1403, Inc.*, Case. No. 11-07920-ESL, 2012 WL 5880443, at *2 (Bankr. D.P.R. Nov. 20, 2012) (granting limited discovery in preparation for disclosure statement hearing).

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

June 3, 2015
Page 2

The EFIH Second Lien Indenture Trustee's requests seek information necessary for its constituents to reach reasonably informed conclusions as to the nature and value of consideration being offered to them under the Debtors' proposed plan, such as it is. Adequate information, always required under the Bankruptcy Code, is particularly crucial here, where the form of consideration differs depending on how the EFIH Second Lien Noteholders vote on the proposed plan.

While the present draft Disclosure Statement is far from clear, it appears that the Debtors are contemplating the possibility that the EFIH Second Lien Noteholders' claims will be satisfied, in whole or in part, with "cram down paper" debt obligations of a reorganized entity. It further appears that holders may, by voting to accept the plan, be deemed to consent to satisfaction of their claims through equity in a reorganized entity. It is therefore imperative that these creditors receive information sufficient to develop informed conclusions as to the relative value of these alternative forms of consideration.

The EFIH Second Lien Indenture Trustee therefore seeks information calculated to discover information in the Debtors' possession concerning, among other things, the characteristics of the proposed new debt instruments, including information pertaining to interest rates, covenants, and collateral packages, as well as any analyses concerning the debt capacity of the reorganized obligor. (Your Honor may recall that the Debtors have previously presented testimony suggesting that this debt capacity is limited.) *See* EFIH Second Lien Indenture Trustee's Request for the Production of Documents to Debtors, Request No. 2 ("[a]ll documents pertaining to the debt capacity of the Reorganized EFH and the Reorganized EFIH . . ."); Request No. 5 ("[a]ll documents concerning the terms of the New Reorganized EFIH Second Lien Debt that EFIH Second Lien Noteholders would receive if Class B4 votes against the Plan of Reorganization . . ."). Similar information concerning proposed equity instruments is likewise relevant, and requested.

We recognize that the Debtors may respond that they lack this information because they have not yet decided on plan structure. Such a response would also be highly relevant, as it raises serious concerns as to whether it is possible at this stage to write a disclosure statement that satisfies the "adequate information" standard and allows for meaningful creditor voting. Discovery may well establish that any disclosure statement is simply premature.

To be clear, we recognize that some clarification and narrowing of our requests may be appropriate, and have engaged in preliminary discussions with the Debtors in this regard. The Debtors have indicated that they first want to receive guidance from the Court as to whether and to what extent they must provide any discovery at this stage. For these reasons set forth above,

KL3 3032156.1

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

June 3, 2015
Page 3

we respectfully submit that our discovery requests are reasonable and appropriate for the purpose of evaluating, negotiating, and potentially objecting to the proposed Disclosure Statement. If the Court agrees, we are confident that we will be able to work with the Debtors to reach agreement on discovery adequate to the EFIH Second Lien Indenture Trustee's needs.

                                              Respectfully submitted,

                                              /s/ *Gregory A. Horowitz*

                                              Gregory A. Horowitz

GAH:ep

KL3 3032156.1