UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
In re: : Chapter 11
:
ENERGY FUTURE HOLDINGS CORP., *et al.*[1] : Case No. 14-10979 (CSS)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------ X

### SECOND SUPPLEMENTAL DECLARATION OF FTI CONSULTING, INC. IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Matthew Diaz, being duly sworn, hereby depose and say:

1. I am a Senior Managing Director with FTI Consulting, Inc., ("**FTI**"), an international consulting firm. I submit this Second Supplemental Declaration on behalf of FTI (the "**Second Supplemental Declaration**") in support of the Application[2] of the Official Committee of Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company for an Order Authorizing the Committee to Retain and Employ FTI as its financial advisor effective as of May 19, 2014.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the *Declaration of Steven Simms in Support of Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., Pursuant to 11 U.S.C. §§ 328(a) and 1103(a) for Authority to Retain and Employ FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014 [Docket No. 1699].*

-1-

2. In connection with the preparation of the Application, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. As noted in the Application, it is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit. Unless otherwise noted, I have personal knowledge of the facts set forth herein[3].

3. On October 9, 2014, FTI filed the *Supplemental Declaration of Steven Simms in Support of Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al. Pursuant to 11 U.S.C. Sections 328(a) and 1103(a) for Authority to Retain and Employ FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014* [Docket No. 2363].

4. The purpose of this Second Supplemental Declaration is to provide the Court, the United States Trustee, the debtors and debtors-in-possession, and other interested parties with additional information related to FTI's retention.

5. Recently, the Debtors provided the TCEH Committee with a supplemental list of interested parties ("**Supplemental List**"), which is attached hereto as Exhibit A.

6. FTI's review of the Supplemental List, completed under my supervision, consisted of a query of the parties listed in Exhibit A within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI (the "Supplemental Conflict Check"). Exhibit B to this Second Supplemental Affidavit sets forth

---

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

those names and entities included in Exhibit A that FTI has identified as either present or recent former clients as a result of this process.

7. FTI has provided and could reasonable expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and economic consulting services.

8. It is my understanding that Platts Sparks & Associates Consulting Petroleum Engineers Inc. was acquired by FTI in November 2014 ("Platts Sparks"). As part of FTI's Supplemental Conflict Check, it was identified that Platts Sparks performed certain limited petroleum engineering services (less than $6,000 post petition) in connection with one of the Debtors', Luminant Mining Company, mining efforts (the "FTI Platts Sparks Engagement"). The services provided are not in connection with the Chapter 11 restructuring of the Debtors. Platts Sparks is currently not doing any work on this engagement; however, Luminant Mining Company may ask Platts Sparks to do this work in the future and if so FTI will file a Supplemental Affidavit. Platts Sparks is not a creditor of these bankruptcy cases. In order to maintain the confidentiality of the client information obtained in connection with FTI's engagement on behalf of the Committee (the "FTI Committee Engagement"), FTI will protect the client information through the use of its "Ethical Wall" procedures as discussed in the Simms Affidavit. In addition, the professionals involved in the FTI Platts Sparks Engagement have not, and will not, have any professional involvement in the representation of the TCEH Committee and the professionals involved in representing the TCEH Committee will not have any involvement in the FTI Platts Sparks Engagement.

9. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) FTI is a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327 of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate, and (b) FTI has no connection to the Debtors, their creditors or other parties-in-interest except as may be disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Matthew Diaz