# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Hearing Date:  TBD** |
|  | ) | **Objection Deadline: September 28, 2015** |

## SUMMARY OF SECOND INTERIM FEE APPLICATION OF
## SULLIVAN & CROMWELL LLP AS COUNSEL TO THE EFH COMMITTEE

| | |
|---|---|
| **NAME OF APPLICANT:** | Sullivan & Cromwell LLP |
| **AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO:** | Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. |
| **DATE CASE FILED:** | April 29, 2014 |
| **DATE OF RETENTION:** | January 13, 2015, *nunc pro tunc* to November 5, 2014 |
| **PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT:** | January 1, 2015 through and including April 30, 2015 |
| **TOTAL COMPENSATION REQUESTED:** | $5,068,906.90 |
| **TOTAL EXPENSE REIMBURSEMENT REQUESTED:** | $29,777.97 |

This is a(n):__X__interim____final application.

This is the second interim fee application filed by Sullivan & Cromwell LLP.

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**SUMMARY OF FEES AND EXPENSES REQUESTED FOR FEE PERIOD**

| Date and Docket No. | Period Covered | Fees Requested | Holdback (20%) | Fees paid to Date | Expenses Requested | Expenses Paid to Date | Approved Fees and Expenses |
|---|---|---|---|---|---|---|---|
| 2/26/2015 [D.I. 3691] | 01/01/2015 - 01/31/2015 | $1,139,002.50 | $227,800.50 | $911,202.00 | $4,630.14 | $4,630.14 | N/A |
| 3/24/2015 [D.I. 3959] | 02/01/2015 - 02/28/2015 | $1,289,130.10 | $257,826.02 | $1,031,304.08 | $5,133.05 | $5,133.05 | N/A |
| 4/21/2015 [D.I. 4241] | 03/01/2015 - 03/31/2015 | $1,280,362.50 | $256,072.50 | $1,024,290.00 | $3,900.84 | $3,900.84 | N/A |
| 5/21/2015 [D.I. 4560] | 04/01/2015 - 04/30/2015 | $1,360,411.80 | $272,082.36 | -0- | $16,113.94 | -0- | N/A |
| | **TOTAL FOR FEE PERIOD** | **$5,068,906.90** | **$1,013,781.38** | **$2,966,796.08** | **$29,777.97** | **$13,664.03** | |

**SUMMARY OF FEES AND EXPENSES PREVIOUSLY REQUESTED**

| Date and Docket No. | Period Covered | Fees Requested | Holdback (20%) | Fees paid to Date | Expenses Requested | Expenses Paid to Date | Approved Fees and Expenses |
|---|---|---|---|---|---|---|---|
| 1/23/2015 [D.I. 3358] | 11/05/2014 - 11/30/2014 | $1,633,519.00 | $326,703.80 | $1,306,815.20 | $12,273.34 | $12,273.34 | N/A |
| 2/5/2015 [D.I. 3455] | 12/01/2014 - 12/31/2014 | $1,137,878.40 | $227,575.68 | $910,302.72 | $3,948.00 | $3,948.00 | N/A |
| | **TOTAL OF PREVIOUS REQUESTS** | **$2,771,397.40** | **$554,279.48** | **$2,217,117.92** | **$16,221.34** | **$16,221.34** | |

**PROJECTED TOTAL BUDGET FOR FEE PERIOD AND ACTUAL FEES INCURRED**

| Estimated Fees for Fee Period | | Actual Fees For Fee Period |
|---|---|---|
| Low | High | |
| $7,317,000.00 | $10,293,750.00 | $5,068,906.90 |

**PROJECT CODE TOTAL CHART**

| Project Number | Project Name | Hours | Fee Amount |
|---|---|---|---|
| 00002 | ASSET ANALYSIS AND RECOVERY | - | $0.00 |
| 00003 | ASSET DISPOSITION | 828.60 | $764,138.00 |
| 00004 | ASSUMPTION AND REJECTION OF LEASES AND CONTRACTS | 0.70 | $605.50 |
| 00005 | AVOIDANCE ACTION ANALYSIS | - | $0.00 |
| 00006 | BUSINESS OPERATIONS | 3.80 | $3,342.00 |
| 00007 | CASE ADMINISTRATION | 316.10 | $222,743.50 |
| 00008 | CLAIMS ADMINISTRATION AND OBJECTIONS | 296.10 | $315,597.50 |
| 00009 | CORPORATE GOVERNANCE AND BOARD MATTERS | - | $0.00 |
| 00010 | EMPLOYEE BENEFITS AND PENSIONS | 17.40 | $8,350.50 |
| 00011 | EMPLOYMENT AND FEE APPLICATIONS (S&C) | 351.20 | $244,334.00 |
| 00012 | EMPLOYMENT AND FEE APPLICATIONS (OTHERS) | 177.00 | $155,734.50 |
| 00013 | FINANCING, CASH COLLATERAL, MAKE WHOLE | 344.30 | $265,461.00 |
| 00014 | OTHER LITIGATION | 213.90 | $171,534.50 |
| 00015 | MEETINGS AND COMMUNICATIONS WITH CREDITORS | 385.80 | $385,698.00 |
| 00016 | NON-WORKING TRAVEL | 47.70 | $23,962.40 |
| 00017 | PLAN AND DISCLOSURE STATEMENT | 895.10 | $811,562.50 |
| 00018 | RELIEF FROM STAY AND ADEQUATE PROTECTION | 2.80 | $2,110.00 |
| 00019 | TAX | 448.90 | $425,994.00 |
| 00020 | VALUATION | - | $0.00 |
| 00021 | DISCOVERY | 172.80 | $93,658.00 |
| 00022 | HEARINGS | 66.40 | $69,752.50 |
| 00023 | FIRST AND SECOND DAY MOTIONS | - | $0.00 |

SC1:3876104.3

| | | | | |
|---|---|---:|---:|
| 00024 | CLAIMS INVESTIGATION | 158.10 | $96,574.00 |
| 00025 | LIEN INVESTIGATION | - | $0.00 |
| 00026 | INTERCOMPANY CLAIMS | 900.80 | $628,301.00 |
| 00027 | OTHER MOTIONS / APPLICATIONS | 493.60 | $374,289.50 |
| 00028 | SCHEDULES AND STATEMENTS | - | $0.00 |
| 00029 | TIME ENTRY REVIEW | 399.90 | $0.00 |
| 00031 | BUDGETING (CASE) | 8.00 | $5,164.00 |
| | **TOTAL** | **6,529.00** | **$5,068,906.90** |

### S&C PROFESSIONALS PERFORMING SERVICES DURING THE FEE PERIOD

| Timekeeper Name | Title | Practice Group | Year Admitted | Rate | | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Clayton, Jay J. | Partner | GP | 1994 | $1,295.00 | | 0.9 | $1,165.50 |
| Creamer Jr., Ronald E. | Partner | Tax | 1992 | $1,295.00 | | 0.3 | $388.50 |
| Dietderich, Andrew G. | Partner | GP/Restructuring | 1997 | $570.00 | * | 11.2 | $6,384.00 |
| Dietderich, Andrew G. | Partner | GP/Restructuring | 1997 | $1,140.00 | * | 482.1 | $549,594.00 |
| Giuffra Jr., Robert J. | Partner | Litigation | 1989 | $1,140.00 | | 3.9 | $4,446.00 |
| Glueckstein, Brian D. | Partner | Litigation | 2004 | $570.00 | * | 8.0 | $4,560.00 |
| Glueckstein, Brian D. | Partner | Litigation | 2004 | $1,140.00 | * | 598.4 | $682,176.00 |
| Hariton, David P. | Partner | Tax | 1986 | $648.00 | * | 3.4 | $2,203.20 |
| Hariton, David P. | Partner | Tax | 1986 | $1,295.00 | * | 172.4 | $223,258.00 |
| Holley, Steven L. | Partner | Litigation | 1984 | $1,140.00 | | 5.7 | $6,498.00 |
| Jacobson, Eli D. | Partner | Tax | 1981 | $1,295.00 | | 0.6 | $777.00 |
| Korb, Donald L. | Partner | Tax | 1973 | $1,295.00 | | 0.5 | $647.50 |
| Korry, Alexandra D. | Partner | GP/M&A | 1988 | $648.00 | * | 0.2 | $129.60 |
| Korry, Alexandra D. | Partner | GP/M&A | 1988 | $1,295.00 | * | 187.6 | $242,942.00 |
| McIntosh, Brent J. | Partner | Litigation | 2001 | $1,140.00 | | 8.3 | $9,462.00 |
| Neuhaus, Joseph E. | Partner | GP | 1986 | $1,140.00 | | 0.2 | $228.00 |

| Rosenberg, Mark F. | Partner | Litigation | 1981 | $570.00 | * | 1.0 | $570.00 |
|---|---|---|---|---|---|---|---|
| Rosenberg, Mark F. | Partner | Litigation | 1981 | $1,140.00 | * | 130.0 | $148,200.00 |
| Shane, Penny | Partner | Litigation | 1989 | $1,140.00 | | 1.2 | $1,368.00 |
| Solomon, Andrew P. | Partner | Tax | 1985 | $1,295.00 | | 1.5 | $1,942.50 |
| Spitzer, David C. | Partner | Tax | 1996 | $1,295.00 | | 0.1 | $129.50 |
| Torkin, Michael H. | Partner | GP/Restructuring | 1999 | $570.00 | * | 0.5 | $285.00 |
| Torkin, Michael H. | Partner | GP/Restructuring | 1999 | $1,140.00 | * | 45.4 | $51,756.00 |
| Trevino, Marc R. | Partner | GP/Employee Benefits | 1995 | $1,295.00 | | 0.5 | $647.50 |
| **Partner Total** | | | | | | **1663.9** | **$1,939,757.80** |
| Jerome, John J. | Of Counsel | GP/Restructuring | 1962 | $1,140.00 | | 83.5 | $95,190.00 |
| **Of Counsel Total** | | | | | | **83.5** | **$95,190.00** |
| Altman, Daniel Z. | Special Counsel | Tax | 1999 | $498.00 | * | 3.9 | $1,942.20 |
| Altman, Daniel Z. | Special Counsel | Tax | 1999 | $995.00 | * | 304.9 | $303,375.50 |
| Barancik, Tia S. | Special Counsel | GP/Regulatory | 1987 | $1,140.00 | | 43.7 | $49,818.00 |
| Brennan, Matthew J. | Special Counsel | GP/Environmental | 1986 | $525.00 | * | 0.6 | $315.00 |
| Brennan, Matthew J. | Special Counsel | GP/Environmental | 1986 | $1,050.00 | * | 51.1 | $53,655.00 |
| Fiorini, Judith R. | Special Counsel | GP/Restructuring | 1998 | $0.00 | * | 6.4 | $0.00 |
| Fiorini, Judith R. | Special Counsel | GP/Restructuring | 1998 | $995.00 | * | 86.6 | $86,167.00 |
| **Special Counsel Total** | | | | | | **497.2** | **$495,272.70** |
| Biller, Daniel L. | Associate | GP/Restructuring | 2013 | $725.00 | | 7.4 | $5,365.00 |
| Blaut, Ari B. | Associate | GP/Finance | 2008 | $865.00 | | 2.5 | $2,162.50 |
| Bradley, Adrienne R. W. | Associate | GP/Restructuring | 2013 | $725.00 | | 34.3 | $24,867.50 |
| Coleman, Heather L. | Associate | GP/Employee Benefits | 2007 | $865.00 | | 5.1 | $4,411.50 |
| Ekono, Zeh S. | Associate | Litigation | 2011 | $855.00 | | 22.3 | $19,066.50 |
| Foushee, M. Hampton | Associate | GP/Restructuring | 2015 | $0.00 | * | 0.5 | $0.00 |
| Foushee, M. Hampton | Associate | GP/Restructuring | 2015 | $460.00 | * | 285.9 | $131,514.00 |
| Goldin, David L. | Associate | GP/M&A | 2013 | $725.00 | | 182.0 | $131,950.00 |
| Ha, Alice YN | Associate | GP/Restructuring | 2015 | $0.00 | * | 1.0 | $0.00 |
| Ha, Alice YN | Associate | GP/Restructuring | 2015 | $460.00 | * | 232.0 | $106,720.00 |
| Heuer, Max S. | Associate | Litigation | 2012 | $830.00 | | 54.3 | $45,069.00 |
| Ip, Veronica W. | Associate | Litigation | 2011 | $855.00 | | 180.6 | $154,413.00 |

SC1:3876104.3

| Jakus, David J. | Associate | GP/Restructuring | 2014 | $605.00 | | 22.7 | $13,733.50 |
|---|---|---|---|---|---|---|---|
| Janove, Raphael | Associate | Litigation | 2014 | $460.00 | | 29.9 | $13,754.00 |
| Josephs, Adam M. | Associate | GP/Employee Benefits | 2014 | $460.00 | | 3.7 | $1,702.00 |
| Keranen, Kristin L. | Associate | Litigation | 2008 | $865.00 | | 45.7 | $39,530.50 |
| Khanna, Harry S. | Associate | GP/M&A | 2015 | $460.00 | | 46.7 | $21,482.00 |
| Kranzley, Alexa J. | Associate | GP/Restructuring | 2009 | $0.00 | * | 0.7 | $0.00 |
| Kranzley, Alexa J. | Associate | GP/Restructuring | 2009 | $433.00 | * | 11.8 | $5,109.40 |
| Kranzley, Alexa J. | Associate | GP/Restructuring | 2009 | $865.00 | * | 646.8 | $559,482.00 |
| Lloyd, Jameson S. | Associate | Tax | 2014 | $605.00 | | 0.3 | $181.50 |
| Loeser, Daniel R. | Associate | GP/Restructuring | 2014 | $605.00 | | 103.4 | $62,557.00 |
| Lorme, Daniel R. | Associate | GP/Restructuring | 2015 | $460.00 | | 80.2 | $36,892.00 |
| Lu, Michelle H. | Associate | Tax | 2014 | $460.00 | | 8.6 | $3,956.00 |
| Ma, Chiansan | Associate | GP/Restructuring | 2012 | $0.00 | * | 6.7 | $0.00 |
| Ma, Chiansan | Associate | GP/Restructuring | 2012 | $415.00 | * | 3.9 | $1,618.50 |
| Ma, Chiansan | Associate | GP/Restructuring | 2012 | $830.00 | * | 380.0 | $315,400.00 |
| Metz, Alexander J.F. | Associate | GP/Restructuring | 2015 | $0.00 | * | 0.8 | $0.00 |
| Metz, Alexander J.F. | Associate | GP/Restructuring | 2015 | $460.00 | * | 6.9 | $3,174.00 |
| Mortensen, Todd A. | Associate | GP/Restructuring | 2013 | $0.00 | * | 0.5 | $0.00 |
| Mortensen, Todd A. | Associate | GP/Restructuring | 2013 | $725.00 | * | 24.9 | $18,052.50 |
| Orchowski, Michael | Associate | Tax | 2009 | $865.00 | | 0.2 | $173.00 |
| Rhein, Jonathan M. | Associate | Tax | 2014 | $0.00 | * | 1.3 | $0.00 |
| Rhein, Jonathan M. | Associate | Tax | 2014 | $230.00 | * | 1.7 | $391.00 |
| Rhein, Jonathan M. | Associate | Tax | 2014 | $460.00 | * | 76.0 | $34,960.00 |
| Sam, Erick J. | Associate | Tax | In Process | $220.00 | | 20.1 | $4,422.00 |
| Schneiderman, Mark U. | Associate | GP/Restructuring | 2006 | $865.00 | | 14.0 | $12,110.00 |
| Taylor, Daniel | Associate | GP/Restructuring | 2014 | $605.00 | | 39.5 | $23,897.50 |
| Weiss, Noam R. | Associate | GP/Restructuring | 2014 | $0.00 | * | 0.8 | $0.00 |
| Weiss, Noam R. | Associate | GP/Restructuring | 2014 | $303.00 | * | 1.5 | $454.50 |
| Weiss, Noam R. | Associate | GP/Restructuring | 2014 | $605.00 | * | 415.9 | $251,619.50 |
| White, Amaris R. | Associate | GP/Restructuring | 2013 | $725.00 | | 95.5 | $69,237.50 |
| Zhang, Xin Florence | Associate | GP/Restructuring | 2014 | $460.00 | | 119.1 | $54,786.00 |
| Zhou, Rae | Associate | GP/Restructuring | 2015 | $0.00 | * | 0.5 | $0.00 |
| Zhou, Rae | Associate | GP/Restructuring | 2015 | $460.00 | * | 38.7 | $17,802.00 |

SC1:3876104.3

| Zylberberg, David R. | Associate | GP/Restructuring | 2011 | $0.00 | * | 0.1 | $0.00 |
|---|---|---|---|---|---|---|---|
| Zylberberg, David R. | Associate | GP/Restructuring | 2011 | $855.00 | * | 267.2 | $228,456.00 |
| **Associate Total** | | | | | | **3524.2** | **$2,420,472.90** |
| **Lawyers Total** | | | | | | **5768.8** | **$4,950,693.40** |
| Chiu, Jeffrey H. | Legal Assistant | | N/A | $355.00 | | 1.0 | $355.00 |
| Drinkwater, Emily C. C. | Legal Assistant | | N/A | $0.00 | * | 138.1 | $0.00 |
| Drinkwater, Emily C. C. | Legal Assistant | | N/A | $275.00 | * | 107.8 | $29,645.00 |
| Marryshow, Danielle J. | Legal Assistant | | N/A | $275.00 | | 1.6 | $440.00 |
| Minio, Zara E. | Legal Assistant | | N/A | $0.00 | * | 150.1 | $0.00 |
| Minio, Zara E. | Legal Assistant | | N/A | $355.00 | * | 69.8 | $24,779.00 |
| Watson, Thomas C. | Legal Assistant | | N/A | $0.00 | * | 101.9 | $0.00 |
| Watson, Thomas C. | Legal Assistant | | N/A | $275.00 | * | 54.6 | $15,015.00 |
| Robinson, Kenneth W. | Legal Analyst - Corporate | | N/A | $355.00 | | 10.2 | $3,621.00 |
| Cieniawa, Aaron B. | Legal Analyst - Litigation | | N/A | $355.00 | | 51.6 | $18,318.00 |
| Balsdon, Nicholas J. | Electronic Discovery | | N/A | $315.00 | | 1.0 | $315.00 |
| Chen, Ken | Electronic Discovery | | N/A | $315.00 | | 0.3 | $94.50 |
| Harris, Angelique R. | Electronic Discovery | | N/A | $355.00 | | 0.5 | $177.50 |
| Langston, Nicole E. | Electronic Discovery | | N/A | $355.00 | | 31.9 | $11,324.50 |
| Lopez, Nathaniel S. | Electronic Discovery | | N/A | $355.00 | | 0.5 | $177.50 |
| Perez, Hazel V. | Electronic Discovery | | N/A | $355.00 | | 1.5 | $532.50 |
| Betin, Darya A. | Research Analyst | | N/A | $355.00 | | 11.5 | $4,082.50 |
| Council, Kimberly N. | Research Analyst | | N/A | $355.00 | | 1.5 | $532.50 |
| Gorman, Teresa A. | Research Analyst | | N/A | $355.00 | | 2.8 | $994.00 |
| Khwaja, Tariq | Research Analyst | | N/A | $355.00 | | 2.9 | $1,029.50 |
| Nolan, Brian J. | Research Analyst | | N/A | $355.00 | | 0.1 | $35.50 |
| Noller, Denise J. | Research Analyst | | N/A | $355.00 | | 1.0 | $355.00 |
| Normile, Michael R. | Research Analyst | | N/A | $355.00 | | 1.3 | $461.50 |

SC1:3876104.3

| Pearson, Michael D. | Research Analyst | | N/A | $355.00 | | 2.3 | $816.50 |
|---|---|---|---|---|---|---|---|
| Seeger, Evelyn H. | Research Analyst | | N/A | $355.00 | | 7.3 | $2,591.50 |
| Tully, John K. | Research Analyst | | N/A | $355.00 | | 2.6 | $923.00 |
| Voizard, Marshall R. | Research Analyst | | N/A | $355.00 | | 4.5 | $1,597.50 |
| **Non Legal Personnel Total** | | | | | | **760.2** | **$118,213.50** |
| **Grand Total** | | | | | | **6529.0** | **$5,068,906.90** |

### SUMMARY OF DISBURSEMENTS

| Disbursement Summary | |
|---|---|
| **Description** | **Amount** |
| Local Transportation | $5,119.99 |
| Out of Town Travel | $3,882.29 |
| Meals - Overtime | $3,278.51 |
| Conference Catering | $1,487.44 |
| Repro - Binding | $123.50 |
| Repro - Color Copier | $324.25 |
| Repro - BW Copies | $3,246.10 |
| Tele-conference | $940.61 |
| Delivery Services/Messengers | $71.82 |
| Hearing Transcripts | $883.28 |
| Outside Vendors | $10,420.18 |
| **Total** | **$29,777.97** |

SC1:3876104.3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline: September 28, 2015** |

**SECOND INTERIM APPLICATION OF SULLIVAN & CROMWELL LLP
AS COUNSEL TO THE EFH COMMITTEE FOR INTERIM APPROVAL
AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
FROM JANUARY 1, 2015 THROUGH AND INCLUDING APRIL 30, 2015**

Sullivan & Cromwell LLP ("**S&C**"), counsel for the official committee of
unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation ("**EFH**"),
Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.
(collectively, the "**EFH Debtors**") hereby submits this second interim application (this
"**Application**") pursuant to sections 330 and 331 of title 11 of the United States Code (the
"**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the
"**Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation and
Reimbursement of Expenses of Professionals* [D.I. 2066] (the "**Interim Compensation Order**"),
and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee
Order**") for:  (a) interim approval and allowance of compensation for professional services
rendered from January 1, 2015 through and including April 30, 2015 (the "**Fee Period**") and

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of
the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in
these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the
last four digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the debtors' claims and noticing agent at
http://www.efhcaseinfo.com.

SC1:3876104.3

(b) reimbursement of actual and necessary expenses incurred during the Fee Period.  In support

of this Application, S&C respectfully states as follows:

## Background

1.      On October 27, 2014, the United States Trustee for the District of

Delaware appointed the EFH Committee pursuant to section 1102 of the Bankruptcy Code.  On

November 5, 2014, the EFH Committee unanimously selected S&C and Montgomery

McCracken Walker & Rhoads LLP ("**MMWR**") as its counsel.

2.      On December 22, 2014, the EFH Committee filed the *Application of the*

*Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy*

*Future Intermediate Holdings Company, LLC, EFIH Finance, Inc. and EECI Inc. for an Order*

*Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the*

*Committee Nunc Pro Tunc to November 5, 2014* [D.I. 3120] (the "**Retention Application**").  On

January 13, 2015, the Court entered an order granting the Retention Application and authorizing

the retention and employment of S&C as counsel to the EFH Committee [D.I. 3282].

## Summary of Professional Compensation and Reimbursement of Expenses Requested

3.      This Application has been prepared in accordance with sections 330 and

331 of the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee

Committee Order, rule 2016-2(c)–(g) of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court of the District of Delaware (the "**Local Rule**"), and the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the

"**UST Guidelines**" and, together with the Local Rule, the "**Guidelines**").

SC1:3876104.3

4.      Pursuant to this Application, S&C seeks approval and allowance of: (a) compensation for professional services rendered by S&C, as counsel to the EFH Committee during the Fee Period, of $5,068,906.90 and (b) reimbursement of actual and necessary expenses incurred by S&C during the Fee Period of $29,777.97.

5.      S&C's compensation for this Fee Period is requested in accordance with the agreed-upon rates described in the Retention Application.[2]  S&C has not increased the rates charged for any S&C professional since the date of S&C's retention; nor have S&C's fees varied based on the geographic location of any S&C professional or for any other reason, other than a reduction in the hourly rates for all professionals for time spent during non-working travel in accordance with the Guidelines.

6.      During the Fee Period, S&C professionals and paraprofessionals spent an aggregate of 6,529 hours performing services for the EFH Committee in connection with these chapter 11 cases, at a blended hourly rate for professionals of $776.37.   In addition, S&C voluntarily reduced its fees incurred during the Fee Period by over $131,259.50 by (i) applying the fee caps described in the Retention Application, which represent a reduction from the normal fee rates used by S&C when preparing fee estimates, (ii) agreeing to charge 50 percent of otherwise applicable hourly rates for time spent on non-working travel and (iii) agreeing not to charge professional or paraprofessional time for certain work, as further discussed below.

---

[2]      S&C does not ordinarily determine its fees solely on the basis of hourly rates.  Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by Rule 1.5(a) of the New York Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters.  Notwithstanding the foregoing, as set forth in its Retention Application, S&C has agreed to charge for services performed during these chapter 11 cases on the basis of hourly rates.  The hourly rates reflected in this Application are the same or less than the rates generally used by S&C when preparing estimates of fees under its normal billing practices.

7.      S&C's fees for the services rendered in these chapter 11 cases during the

Fee Period are reasonable and are commensurate with the complexity of the applicable matters

and the level of expertise required to best serve the EFH Committee in connection therewith.

S&C believes that its fees are comparable to the fees charged by other highly skilled

practitioners experienced in advising creditors in non-bankruptcy cases.

8.      In accordance with the UST Guidelines and as requested by the fee

committee appointed pursuant to the Fee Committee Order (the "**Fee Committee**"), S&C

prepared projected monthly budgets (collectively, the "**Budget**") and staffing plans (collectively,

the "**Staffing Plan**") for each month during the Fee Period, for approval by the EFH Committee.

The Budget approved by the EFH Committee estimated total fees of between $7,317,000.00 and

$10,293,750.00 during the Fee Period.  S&C's actual total fees incurred during the Fee Period

were $5,068,906.90, an amount $2,248,093.10 less than the lowest estimate of fees indicated by

the Budget.  This discrepancy results, in part, from the delay of significant workstreams,

including discovery- and litigation-related workstreams in connection with the Debtors'

proposed chapter 11 plan, the prosecution of the EFH Committee's tax objection, and the Oncor

disposition process. In addition, S&C personnel dedicated less time than budgeted to work in

certain project codes, including Case Administration.

9.      The Staffing Plan closely approximated the number of S&C lawyers that

actually worked on the case during the Fee Period.  As shown in Exhibit F hereto, the number of

different partners and associates working on these chapter 11 cases over the full four-month Fee

Period exceeded the projected number approved in the Staffing Plan for each month.  However,

in each individual month during the Fee Period, S&C used fewer partners and associates than

projected in the Staffing Plan.  Specifically, S&C used no more than 12 partners and no more

than 25 associates in any month during the Fee Period (three fewer S&C partners and five fewer S&C associates than projected in the Staffing Plan).  In addition, while only three legal assistants billed substantial time on these chapter 11 cases during the Fee Period, rather than the projected 10 legal assistants, 24 other S&C paraprofessionals, including additional legal assistants, research analysts and legal analysts, performed discrete tasks during the Fee Period.  S&C believes that its staffing of fewer professionals, and its use of these paraprofessionals, also contributed to its lower-than-estimated fees.

10.    This Application requests compensation for work performed by 21 S&C lawyers who billed 15 or fewer hours during the Fee Period.  Most of these lawyers provided advice in specific areas of expertise such as tax, employee benefits, finance or litigation.  The limited involvement of these professionals in connection with specific matters enabled S&C's core team of professionals to more effectively and efficiently advise the EFH Committee during the Fee Period, contributing to S&C's lower-than-estimated fees.  Certain other S&C professionals began work on these chapter 11 cases near the end of the Fee Period and thus billed fewer than 15 hours during the Fee Period, but are expected to perform more substantial work on these chapter 11 cases in the coming months.  In addition, under limited circumstances where necessary and appropriate, particular S&C associates worked on discrete matters in these chapter 11 cases for a limited time.

11.    Other than pursuant to S&C's previous monthly fee applications and first Interim Fee Application filed in these chapter 11 cases, no payment has been made or promised to S&C from any source for services rendered or to be rendered for the EFH Committee in connection with these chapter 11 cases.  There is no agreement or understanding between S&C

-13-

and any person (other than the partners of S&C) for the sharing of compensation received or to

be received for services rendered in these chapter 11 cases.

12.    In accordance with the Guidelines, the following Exhibits are annexed to

this Application:

Exhibit A:  **Certification of Andrew G. Dietderich** ─ certification of Andrew G. Dietderich regarding compliance of this Application with the Local Rule.

Exhibit B:  **S&C Professionals Performing Services During Fee Period** ─ summary chart of information on the S&C professionals performing services during this Fee Period, including the hourly billing rates for such services and the aggregate hours and fees billed by each professional.

Exhibit C:  **Project Code Total Chart** ─ summary chart indicating aggregate fees incurred and time billed by S&C personnel for each project category during the Fee Period.

Exhibit D:  **Summary of Disbursements** ─ summary chart detailing expenses for which reimbursement is sought, itemized and organized by category.

Exhibit E:  **Budget and Staffing Plan** ─ S&C's Budget and Staffing Plan for the Fee Period, as approved by the EFH Committee.

Exhibit F:  **Budget and Staffing Plan Comparison** ─ comparison of hours and fees budgeted for each project category during the Fee Period against the actual hours and fees for which S&C seeks compensation for the Fee Period; and comparison of S&C's approved Staffing Plan with actual S&C staffing during the Fee Period.

Exhibit G:  **Time Entries and Narrative Descriptions** ─ S&C's time entry records and descriptions of activities by project code, billed by tenths of an hour.

Exhibit H:  **Expense Records** ─ S&C's disbursement records from the Fee Period.

### Summary of Professional Services Rendered

13.    In accordance with the Guidelines, S&C has organized its time records

according to an internal system of project codes in order to facilitate review of this Application.

The work performed by S&C personnel with respect to each of these project codes is

summarized below.  Given the scope of the work performed, these summaries do not include all

tasks performed or advice given by S&C personnel during the Fee Period, but generally describe the most significant matters included under each project code.

**A.    Asset Analysis and Recovery – Project Code 00002**

Total Fees:      -0-
Total Hours:    -0-

14.    No time was charged to this category during the Fee Period.

**B.    Asset Disposition – Project Code 00003**

Total Fees:      $764,138.00
Total Hours:    828.60

15.    S&C professionals continue to advise the EFH Committee in connection with the ongoing auction process for the disposition of the EFH Debtors' ownership interest in Oncor Electric Delivery Holdings Company LLC ("**Oncor**"), which is expected to be a major component of the EFH Debtors' plan of reorganization.  During the Fee Period, S&C devoted substantial time to the review of the Debtors' bidding procedures for the auction process, and the review of both first and second round proposals.  S&C's core M&A team, as well as tax and other specialist teams, reviewed and analyzed the bid terms and proposed transaction documentation submitted by bidders, and provided their input to the Debtors on behalf of the EFH Committee.  As key information regarding this process—including the identity of bidders and the basic terms of the bids received—has been disclosed only to S&C and the EFH Committee's other advisors, and continues to be unavailable to the members of the EFH Committee, S&C also prepared and submitted to the Court a motion for an order directing the Debtors to disclose key information to the members of the EFH Committee, following unsuccessful attempts to obtain the Debtors' permission to share such information with the EFH Committee.

-15-

C.      **Assumption and Rejection of Leases and Contracts – Project Code 00004**

Total Fees:     $605.50
Total Hours:    0.70

16.     S&C professionals billed time to this category for review of and

discussions with AlixPartners, LLP, the EFH Committee's restructuring advisor

("**AlixPartners**"), regarding certain contract rejection motions filed by the Debtors during the

Fee Period.

D.      **Avoidance Action Analysis – Project Code 00005**

Total Fees:     -0-
Total Hours:    -0-

17.     No time was charged to this category during the Fee Period.

E.      **Business Operations – Project Code 00006**

Total Fees:     $3,342.00
Total Hours:    3.80

18.     This category includes time spent by S&C professionals on several matters

relating to the Debtors' business operations, including the Debtors' power purchase agreement

motion, certain *de minimis* asset sales and settlements and renewal of a vendor subscription

agreement.

F.      **Case Administration – Project Code 00007**

Total Fees:     $222,743.50
Total Hours:    316.10

19.     This category primarily comprises matters related to internal coordination

among S&C's professionals and paraprofessionals, including the S&C team's regular internal

meetings and meetings with the EFH Committee's other professionals.  This category also

includes other matters, such as briefing meetings with incoming team members regarding general

-16-

case background, review of the Court docket and circulation of case updates, in each case to the extent not specifically covered by other project codes.

20.    As previously noted, S&C's regular internal meetings are consistent with common practice in cases of this size and complexity.  These meetings enable S&C professionals and paraprofessionals to discuss strategy and share information pertinent to their ongoing work in these chapter 11 cases, and thus facilitate staffing, planning and coordination between S&C personnel working on separate case projects.  Following discussions with the Fee Committee, beginning April 1, 2015, S&C has agreed to limit its requested fees for time spent attending its weekly internal team meetings by seeking compensation for time spent attending such meetings by no more than 12 professionals.  S&C respectfully submits that the time spent by S&C personnel on case administration, as reflected in its requested fees for this project category, is necessary to ensure the efficiency and effectiveness of S&C's services in these chapter 11 cases.

### G.    Claims Administration and Objections – Project Code 00008

Total Fees:    $315,597.50
Total Hours:    296.10

21.    This category includes time spent on matters relating to potential claims against the Debtors—in particular, asbestos claims—and the Debtors' proposed asbestos claims bar date.  During the Fee Period, S&C professionals prepared the EFH Committee's response to the Court's opinion regarding a potential bar date for asbestos claims.  Following the filing of the Debtors' proposed order establishing an asbestos bar date, and the Debtors' proposed notice procedures and related forms and notice materials, S&C professionals worked with the EFH Committee's asbestos noticing expert, Kinsella Media, LLC ("**Kinsella**"), to review the Debtors' proposed procedures and prepare initial interrogatories requesting information from the Debtors

-17-

regarding the procedures.  S&C professionals coordinated closely with MMWR in order to prevent duplication of work and ensure that the firms provided complementary services.

### H.    Corporate Governance and Board Matters – Project Code 00009

Total Fees:    -0-
Total Hours:    -0-

22.    No time was charged to this category during the Fee Period.

### I.    Employee Benefits and Pensions – Project Code 00010

Total Fees:    $8,350.50
Total Hours:    17.40

23.    During the Fee Period, S&C professionals worked with the EFH Committee and other advisors to understand the Debtors' compensation and benefits structure, including pension and other post-employment benefits liabilities.  S&C professionals also conducted diligence regarding certain pension and benefit liabilities in connection with the disposition of Oncor.

### J.    Employment and Fee Applications (S&C) – Project Code 00011

Total Fees:    $244,334.00
Total Hours:    351.20

24.    During the Fee Period, S&C personnel prepared S&C's first five monthly fee statements and first Interim Fee Application in these chapter 11 cases.  S&C professionals and paraprofessionals prepared and reviewed the information and charts required to be included in its fee statements and Interim Fee Application, and reviewed all requested fees and disbursements to confirm that such fees and disbursements were in compliance with the Guidelines and consistent with the Fee Committee's guidance.  The first Interim Fee Application also required S&C personnel to devote substantial time to ensuring the adequacy of S&C's

-18-

disclosure regarding its activities, and S&C devoted additional time to reviewing disclosed information to preserve confidentiality and attorney-client privilege.

25.     S&C professionals also responded to informal comments from the U.S. Trustee regarding the EFH Committee's application to retain S&C.  After these discussions, S&C prepared and filed a supplemental declaration with additional disclosure.

**K.     Employment and Fee Application (Others) – Project Code 00012**

Total Fees:     $155,734.50
Total Hours:    177.00

26.     During the Fee Period, the EFH Committee determined that the retention of an asbestos noticing expert was necessary for the EFH Committee to evaluate the Debtors' proposed procedures for providing notice of an asbestos claims bar date, and respond as to the adequacy of these procedures.  Accordingly, S&C professionals prepared the EFH Committee's application to retain Kinsella, as the EFH Committee's asbestos noticing expert, negotiated the terms of Kinsella's retention, and discussed these terms with the U.S. Trustee.

**L.     Financing, Cash Collateral, Make Whole – Project Code 00013**

Total Fees:     $265,461.00
Total Hours:    344.30

27.     During the Fee Period, S&C professionals continued to advise the EFH Committee on issues relating to the Debtors' prepetition financing, particularly the ongoing EFIH first lien make-whole adversary proceeding.  The amount paid on the make-whole claims of EFIH secured creditors will significantly impact the recoveries of the EFH Committee's constituents, and the resolution of such claims will be an important component of any plan of reorganization.  Accordingly, S&C personnel devoted substantial time to analyzing the issues raised in the first lien adversary proceeding and the make-whole provisions of all of the Debtors' relevant prepetition indentures.  S&C negotiated stipulations with the relevant parties allowing

-19-

the EFH Committee to intervene in the Debtors' first lien and second lien make-whole

proceedings, and continues to appear on behalf of the EFH Committee in these proceedings.

28.     In addition, S&C advised the EFH Committee in connection with the

Debtors' second lien paydown motion and continued its review of potential creditor claims for

postpetition interest.

### M.     Other Litigation – Project Code 00014

Total Fees:     $171,534.50
Total Hours:    213.90

29.     This category includes time spent by S&C professionals on litigation

matters which do not relate to other project categories.  Most of the time billed by S&C

personnel during the Fee Period relates to anticipated litigation against holders of debt issued in

the Debtors' 2007 LBO, on behalf of the estates of Luminant Generation Company LLC and its

subsidiary guarantors of the LBO debt (collectively, the "**Luminant Debtors**").  S&C

professionals devoted substantial time to the preparation of both an objection to the claims of

LBO creditors arising out of the guarantees issued by the Luminant Debtors, and an adversary

complaint seeking avoidance of related payments.  In connection with the EFH Committee's

anticipated avoidance action, S&C prepared and filed a motion seeking derivative standing, as

discussed below under Project Code 00027.  In light of the subsequent settlement in connection

with the EFH Committee's standing motion, the adversary complaint and claim objection

relating to the LBO debt have not been filed.

### N.     Meetings and Communications with Creditors – Project Code 00015

Total Fees:     $385,698.00
Total Hours:    385.80

30.     This category includes time spent by S&C professionals in connection

with the EFH Committee's regular meetings, in-person and weekly conference calls, the

Debtors' periodic teleconference meetings with creditors' advisors, and meetings with individual

EFH Committee members and other creditor constituents.  Additionally, S&C professionals

attended various in-person meetings and conference calls with individual EFH and EFIH

creditors, various *ad hoc* creditor groups in its constituency, the official committee of unsecured

creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC

("**EFCH**"), Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their Debtor

subsidiaries (together with TCEH and EFCH, the "**TCEH Debtors**") and TCEH *ad hoc* creditor

groups regarding various case matters, including plan discussions and negotiations.

> **O.**     **Non-Working Travel – Project Code 00016**
>
> > Total Fees:     $23,962.40
> > Total Hours:    47.70

31.     This category includes non-working travel time spent by S&C

professionals during the Fee Period.  In accordance with the Guidelines, the fees presented for

payment in this category have been voluntarily reduced by 50 percent, for a total reduction of

$23,962.40.

> **P.**     **Plan and Disclosure Statement – Project Code 00017**
>
> > Total Fees:     $811,562.50
> > Total Hours:    895.10

32.     Several plan-related workstreams required significant time commitments

from S&C personnel during the Fee Period.  Most importantly, S&C professionals devoted

substantial time to reviewing and responding to the Debtors' proposed plan term sheet, and the

chapter 11 plan and disclosure statement filed by the Debtors with the Court on April 14, 2015.

S&C professionals prepared the EFH Committee's objection to the Debtors' plan scheduling

motion, and prepared to serve discovery requests and pursue further litigation with respect to the

-21-

proposed plan and disclosure statement, including the proposed intercompany settlement provided for under the plan.

33.     During the Fee Period, S&C professionals also reviewed and analyzed the terms and structures of several proposed plans of reorganization circulated by parties in interest in these chapter 11 cases, and discussed these proposals with the Debtors and other parties.  In addition, S&C professionals prepared the EFH Committee's response to the Debtors' second motion to extend their exclusive periods to file a plan and disclosure statement.

**Q.     Relief From Stay and Adequate Protection – Project Code 00018**

Total Fees:      $2,110.00
Total Hours:     2.80

34.     During the Fee Period, S&C professionals reviewed and analyzed the motion filed by Allen Shrode requesting to lift the automatic stay and reviewed and analyzed the Debtors' proposed stipulation with respect to the motion.

**R.     Tax – Project Code 00019**

Total Fees:      $425,994.00
Total Hours:     448.90

35.     These chapter 11 cases involve several significant tax issues whose resolution may have a significant impact on the outcome of these cases and recoveries for the EFH unsecured creditors.  During the Fee Period, S&C professionals continued to advise the EFH Committee with respect to these issues.  S&C professionals attended regular tax matters meetings convened by the Debtors, and continued their due diligence and legal analysis of tax matters arising out of the transaction proposals circulated by various stakeholders and the possibility of engaging in alternative transactions.  Given the importance of tax matters in these cases, including the consequences of a taxable disposition of the assets of the TCEH Debtors and issues relating to the Debtors' net operating losses and disregarded entity designations, the

-22-

analysis of S&C's tax professionals played a key role in S&C's advice to the EFH Committee during the Fee Period.

**S.    Valuation – Project Code 00020**

Total Fees:        -0-
Total Hours:        -0-

36.    No time was charged to this category during the Fee Period.

**T.    Discovery – Project Code 00021**

Total Fees:        $93,658.00
Total Hours:        172.80

37.    This category includes time spent by S&C professionals and paraprofessionals on coordinating the review of documents from the Debtors' various case databases and other information sources.  S&C professionals and paraprofessionals conducted preliminary review of incoming document productions and conducted various searches for further substantive review of the Debtors' incoming and previous document productions as part of legacy discovery in these chapter 11 cases.

**U.    Hearings – Project Code 00022**

Total Fees:        $69,752.50
Total Hours:        66.40

38.    This category includes time spent by S&C personnel preparing for and participating in hearings held during the Fee Period and time spent preparing for the omnibus hearing held May 4, 2015.

**V.    First and Second Day Motions – Project Code 00023**

Total Fees:        -0-
Total Hours:        -0-

39.    No time was charged to this category during the Fee Period.

SC1:3876104.3

W.    **Claims Investigations – Project Code 00024**

Total Fees:    $96,574.00
Total Hours:    158.10

40.    During the Fee Period, S&C professionals continued their diligence and

legal research to determine whether there may be claims of various parties in connection with the

Debtors' 2007 leveraged buy-out.  Claims asserted against directors, officers and sponsors, and

other LBO-related claims—including potential claims for avoidance of the LBO debt—by

unsecured creditors of the TCEH Debtors, among others, or the settlement or release of such

claims, may play a significant role in the resolution of these chapter 11 cases.  Accordingly, S&C

professionals devoted time to the review and assessment of these potential claims.[3]

X.    **Lien Investigation – Project Code 00025**

Total Fees:    -0-
Total Hours:    -0-

41.    No time was charged to this category during the Fee Period.

Y.    **Intercompany Claims – Project Code 00026**

Total Fees:    $628,301.00
Total Hours:    900.80

42.    The resolution of intercompany claims between the Debtors, and in

particular claims between EFH and the TCEH Debtors, is a central issue in these chapter 11

cases and is related intimately to the Debtors' formulation of a chapter 11 plan.  During the Fee

Period, S&C continued its due diligence in coordination with AlixPartners, as well as legal

research and analysis concerning potential intercompany claims and related issues.  Most

importantly, S&C's tax and corporate teams prepared and filed a substantive objection to a claim

---

[3]    S&C continues to assess all matters, including matters relating to potential claims against equity sponsors, in order to identify any matters with respect to which the EFH Committee would appropriately be represented by conflicts counsel.

by TCEH against EFH, purportedly arising under the Debtors' tax allocation agreement, which

was scheduled by the Debtors in their Schedules of Assets and Liabilities and which the EFH

Committee continues to dispute as invalid.  In addition to the EFH Committee's tax claim

objection, S&C also devoted substantial time to the evaluation of numerous other potential

intercompany claims, including claims relating to the Debtors' liability management program

and administrative claims by EFH against the TCEH Debtors arising out of a potential taxable

disposition of the assets of the TCEH Debtors.

43.    This category also includes S&C's communications and discussions with

the Debtors and their advisors (including the advisors to EFH's disinterested directors) regarding

the Debtors' proposed settlement of intercompany claims, announced during the Fee Period, and

the purported basis for such settlement.

**Z.    Other Motions/Applications – Project Code 00027**

Total Fees:     $374,289.50
Total Hours:    493.60

44.    This category includes work by S&C professionals on motions and

applications of the EFH Committee which do not relate to other project categories.  In particular,

during the Fee Period, S&C professionals spent significant time preparing the EFH Committee's

motion seeking derivative standing to prosecute avoidance actions against holders of debt issued

in the Debtors' 2007 LBO, on behalf of the estates of the Luminant Debtors.  Following the

filing of the EFH Committee's standing motion, S&C professionals reviewed and responded to

numerous objections to the standing motion.

45.    This category also includes the preparation of monthly applications for

reimbursement of expenses incurred by EFH Committee members.

**AA.    Schedules and Statements – Project Code 00028**

> Total Fees:        -0-
> Total Hours:      -0-

46.    No time was charged to this category during the Fee Period.

**BB.    Time Entry Review – Project Code 00029**

> Total Fees:        -0-
> Total Hours:      399.90

47.    This category includes time spent reviewing the time entries recorded by

S&C personnel to ensure accuracy, clarity, and consistency.  At the request of the Fee

Committee, S&C seeks no compensation for time billed to this category.

**CC.    Budgeting (Case) – Project Code 00031**

> Total Fees:        $5,164.00
> Total Hours:      8.00

48.    This category includes time spent preparing S&C's monthly Budget and

Staffing Plan for approval by the EFH Committee.

## Reasonable and Necessary Services Rendered by S&C

49.    The foregoing professional services provided by S&C to the EFH

Committee during the Fee Period were in the best interests of the EFH Committee and its

constituent unsecured creditors, and were reasonable, necessary and appropriate under the

circumstances of these chapter 11 cases.  The compensation requested for the foregoing services

is commensurate with the complexity, importance and nature of the issues and tasks involved.

These professional services were performed expediently and in an efficient manner.  In

particular, S&C allocated work among junior and senior professionals and paraprofessionals in a

manner designed to avoid unnecessary duplication of services and promote cost-effectiveness,

including through consultation with internal practice area experts and specialists when necessary in connection with discrete questions arising in the course of S&C's work.

50.     S&C is widely recognized for its experience and knowledge relating to complex business matters and reorganizations under chapter 11 of the Bankruptcy Code.  S&C has an established reputation for its expertise in handling large corporate transactions, including dispositions and other transactions involving businesses similar to those operated by the Debtors. The S&C practice groups that provided services to the EFH Committee—mergers and acquisitions, litigation, employee benefits and tax, among others—enjoy a global reputation for their expertise.

51.     During the Fee Period, the professional services performed by S&C on behalf of the EFH Committee required an aggregate expenditure of 6,529.00 recorded hours by S&C personnel.  Of the aggregate time expended, 2,244.60 recorded hours were expended by partners, counsel and special counsel; 3,524.20 recorded hours were expended by associates; and 760.20 recorded hours were expended by S&C paraprofessionals.

52.     S&C billed the EFH Committee for time expended by professionals at hourly rates ranging from $275.00 to $1,295.00.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $776.37 (based on 6,529.00 recorded hours at S&C's agreed hourly rates).  The hourly rates charged by S&C in these chapter 11 cases are equivalent to or less than the rates used by S&C when preparing estimates of fees for similar non-bankruptcy matters.

### Actual and Necessary Disbursements by S&C

53.     As set forth in Exhibit D, S&C seeks reimbursement for $29,777.97 in expenses incurred in the course of its professional services during the Fee Period.  All expenses

for which reimbursement is requested pursuant to this Application have been incurred in compliance with the Guidelines.

54.     Reimbursable expenses (whether for services performed by S&C personnel or by a third-party vendor) include reproduction costs, courier services, appropriate local and long distance transportation costs, and overtime meals.  Pursuant to S&C's disbursement policies, out-of-pocket expenses are passed through at actual (or, when actual out-of-pocket expenses are uncertain, estimated actual) costs.  Certain items, such as overtime meals, may be charged at amounts below cost in accordance with limits imposed by the Guidelines or requested by the Fee Committee.

55.     S&C seeks no reimbursement of copying charges, other than charges for in-house copies made by its reproduction department (typically large copying jobs).  In accordance with the Guidelines and guidance provided by the Fee Committee, S&C has limited its reimbursement request for black and white copying charges to $0.10 per page, and for color copies to $0.25 per page (less than the per page maximum of $0.50 promulgated by the Fee Committee).  S&C seeks no reimbursement of any charges incurred for computerized research or long-distance telephone or fax charges, other than telephone fees for telephone and video conference services.

56.     S&C respectfully submits that its actual expenses incurred in providing professional services to the EFH Committee during the Fee Period were necessary, reasonable and justified under the circumstances of these chapter 11 cases.

**The Requested Compensation and Expense Reimbursement Should Be Allowed**

57.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for

actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses."

11 U.S.C. § 330(a)(1)(A), (B).  Section 331 of the Bankruptcy Code allows professionals to

apply for such compensation and expense reimbursement on an interim basis not more than once

every 120 days after the order for relief in a bankruptcy case, or more often as permitted by the

court.  11 U.S.C. § 331.

  58. Section 330 of the Bankruptcy Code also sets forth the criteria for

determining the amount of reasonable compensation to be awarded to such a professional:

> [T]he court shall consider the nature, the extent, and the value of such
> [professional's] services, taking into account all relevant factors, including --
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial
> at the time at which the service was rendered toward the completion of, a
> case under this title;
>
> (D) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified
> or otherwise has demonstrated skill and experience in the bankruptcy
> field; and
>
> (F) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

11 U.S.C. § 330(a)(3).

  59. S&C respectfully submits that the services for which it seeks

compensation and the expenditures for which it seeks reimbursement pursuant to this

Application were necessary for and beneficial to the EFH Committee and its constituent

unsecured creditors.  S&C worked diligently to anticipate or respond to the EFH Committee's

needs, and sought to promote a resolution of these chapter 11 cases that will maximize the value

of EFH Debtors' estates for the benefit of the unsecured creditors represented by the EFH

Committee.  S&C further submits that the services provided to the EFH Committee by its

professionals and paraprofessionals were performed economically, effectively and efficiently,

and have been in the best interests of the unsecured creditors represented by the EFH Committee.

The services provided by S&C were consistently performed in a timely manner commensurate

with the complexity, importance and nature of the issues involved.  Accordingly, S&C

respectfully submits that the compensation requested herein is reasonable in light of the nature,

extent and value of such services.

### NO PRIOR REQUEST

60.     No prior application for the relief requested herein has been made to this

or any other Court.

### RESERVATION OF RIGHTS AND NOTICE

61.     Although S&C has made every effort to include in this Application all

fees and expenses incurred in the Fee Period in connection with these chapter 11 cases, certain

fees and expenses might not be included in this Application due to delays caused by accounting

and processing during the Fee Period.  S&C reserves the right to make further application to this

Court for the allowance of such fees and expenses not included in this Application.

SC1:3876104.3

WHEREFORE, S&C respectfully requests that the Court enter an order:

(i) awarding S&C the sum of $5,068,906.90 as compensation for services rendered and

$29,777.97 for reimbursement for actual and necessary expenses S&C incurred during the Fee

Period; and (ii) granting such other and further relief as the Court deems appropriate.

Dated:  Wilmington, Delaware
        June 11, 2015

**SULLIVAN & CROMWELL LLP**

*/s/ Andrew G. Dietderich*
Andrew G. Dietderich
Brian D. Glueckstein
Michael H. Torkin
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:       dietdericha@sullcrom.com
              gluecksteinb@sullcrom.com
              torkinm@sullcrom.com
              kranzleya@sullcrom.com

*Counsel for the Official Committee of Unsecured
Creditors of Energy Future Holdings Corp.,
Energy Future Intermediate Holding Company
LLC, EFIH Finance Inc., and EECI, Inc.*