**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Objection Deadline: 9/28/2015** |
| | ) | **Hearing Deadline: TBD** |

**SUMMARY OF SECOND INTERIM APPLICATION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE EFH OFFICIAL COMMITTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2015 THROUGH APRIL 30, 2015**

| Name of Applicant | Montgomery, McCracken, Walker & Rhoads, LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. |
| Date of Retention: | January 12, 2015 *nunc pro tunc* to November 5, 2014 |
| Period for which compensation and reimbursement is sought: | January 1, 2015 through April 30, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary: | $461,531.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $2,520.83 |

This is a(n) ___ monthly **X** interim ___ final application. No prior application was filed for this Fee Period.[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Interim Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order (each defined herein), and objections to the relief requested in this Interim Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Order.

## SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE

| | Compensation Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | 20% Holdback |
|---|---|---|---|---|---|---|
| 4/21/2015 Docket No. 3690 Objection: 05/12/2015 | 01/01/15 – 01/31/15 | $68,313.50 | $656.25[3] | $54,650.80 | $656.26 | $13,662.70 |
| 3/24/2015 Docket No. 3955 Objection: 4/14/2015 | 02/01/15 – 02/28/15 | $102,588.50 | $395.04 | $82,070.80 | $395.04 | $20,517.70 |
| 2/26/2015 Docket No. 4240 Objection: 3/19/2015 | 03/01/15 – 03/31/15 | $152,393.00[4] | $750.01 | $121,914.40 | $750.01 | $30,478.60 |
| 5/21/2015 Docket No. 4559 Objection: | 04/01/15 – 04/30/15 | $138,236.50 | $719.53 | $110,589.20 | $719.53 | $27,647.30 |
| **TOTAL:** | | **$461,531.50** | **$2,520.83** | **$369,225.20** | **$2,520.83** | **$92,306.30** |

---

[3] Although MMWR incurred $1,453.98 in internal printing charges, MMWR does not seek reimbursement of this amount.

[4] In preparing this Interim Application, it was determined that certain time in the amount of $135.00 which had previously been listed for Category 009 – Employment Benefits and Pensions was incorrectly applied to this client.  MMWR has removed this amount from the total requested amount.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY**

| PROJECT CATEGORY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 001 | Asset Analysis | 24.50 | $ 14,276.50 |
| 002 | Asset Disposition | 0.00 | $ 0.00 |
| 003 | Assumption and Rejection of Leases and Contracts | 3.20 | $ 1,888.00 |
| 004 | Avoidance Action Analysis | 0.00 | $ 0.00 |
| 005 | Business Operations | 0.00 | $ 0.00 |
| 006 | Case Administration | 75.60 | $ 36,807.00 |
| 007 | Claims Administration and Objections | 7.80 | $ 4,319.00 |
| 008 | Corporate Governance and Board Matters | 0.00 | $ 0.00 |
| 009 | Employment Benefits and Pensions | 0.00 | $ 0.00 |
| 010 | Employment and Fee Applications (MMWR) | 59.10 | $ 26,111.00 |
| 011 | Employment and Fee Applications (Others) | 40.50 | $ 18,074.00 |
| 012 | Financing, Cash Collateral, Make Whole | 31.20 | $ 18,425.00 |
| 013 | Other Litigation | 65.00 | $ 38,367.00 |
| 014 | Meetings and Communications with Creditors | 0.00 | $ 0.00 |
| 015 | Non-Working Travel | 7.00 | $ 2,362.50 |
| 016 | Plan and Disclosure Statement | 71.20 | $ 43,198.00 |
| 017 | Relief from Stay and Adequate Protection | 0.00 | $ 0.00 |
| 018 | Tax | 0.00 | $ 0.00 |
| 019 | Valuation | 0.00 | $ 0.00 |
| 020 | Discovery | 0.00 | $ 0.00 |
| 021 | Hearings | 47.70 | $ 28,160.00 |
| 022 | First and Second Day Motions | 0.00 | $ 0.00 |
| 023 | Claims Investigation | 0.00 | $ 0.00 |
| 024 | Lien Investigation | 0.00 | $ 0.00 |
| 025 | Intercompany Claims | 0.00 | $ 0.00 |
| 026 | Other Motions/Applications | 27.00 | $ 13,711.00 |
| 027 | Schedules and Statements | 0.00 | $ 0.00 |
| 028 | Time Entry Review | 3.10 | $ 1,829.00 |
| 029 | Budgeting (Case) | 2.30 | $ 1,250.00 |
| 030 | Asbestos-Related Matters | 448.70 | $ 212,753.50 |
| **Total** | | **913.90** | **$ 461,531.50** |

## SUMMARY OF PROFESSIONAL SERVICES

The MMWR attorneys and paralegals that rendered professional services in these cases during the Fee Period are:

| Name of Professional Individual | Position of the Applicant and Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS AND OF COUNSEL** | | | | |
| Natalie D. Ramsey | Partner; Joined Firm in 1985; Member of DE Bar since 2009 | $675.00 | 119.40 | $80,595.00[5] |
| Natalie D. Ramsey | Non-Working Travel | $337.50 | 7.00 | $2,362.50 |
| Mark B. Sheppard | Partner; Joined Firm in 2009; Member of PA Bar since 1987 | $585.00 | 30.80 | $18,018.00 |
| Johnathan R. Flora | Partner; Joined Firm in 2014; Member of CA Bar since 1989 | $540.00 | 3.20 | $1,728.00 |
| Mark A. Fink | Of Counsel; Joined Firm in 2012; Member of DE Bar since 2000 | $590.00 | 408.90 | $241,251.00 |
| Davis Lee Wright | Of Counsel; Joined Firm in 2011; Member of DE Bar since 2002 | $550.00 | 35.30 | $19,040.00 |
| **TOTAL PARTNERS AND OF COUNSEL** | | | **604.60** | **$362,994.50** |
| **ASSOCIATES** | | | | |
| Laurie A. Krepto | Associate; Joined Firm in 2004; Member of the PA Bar since 1995 | $440.00 | 136.60 | $60,104.00 |
| Katherine M. Fix | Associate; Joined Firm in 2012; Member of PA Bar since 2012 | $290.00 | 94.50 | $27,405.00 |
| **TOTAL ASSOCIATES** | | | **231.10** | **$87,509.00** |
| **PARALEGALS & ADDITIONAL PROFESSIONALS** | | | | |
| Keith Mangan | Paralegal | $140.00 | 70.50 | $9,870.00 |
| Kathleen A. Coon | Librarian | $195.00 | 0.90 | $175.50 |
| Megan Malone | Automated Litigation Support Specialist | $145.00 | 6.10 | $884.50 |
| Jason Bailey | Automated Litigation Support Specialist | $140.00 | 0.70 | $ 98.00 |
| **TOTAL PARALEGALS AND ADDITIONAL PROFESSIONALS** | | | **78.20** | **$11,028.00** |
| **TOTAL ALL PROFESSIONALS** | | | **913.90** | **$461,531.50** |

---

[5] In preparing this Interim Application, it was determined that certain time in the amount of $135.00 which had previously been listed for Category 009 – Employment Benefits and Pensions was incorrectly applied to this client. MMWR has removed this amount from the total requested amount.

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| Expense Category | Expense Amount |
|---|---|
| Postage | $ 17.71 |
| Miscellaneous Expense | $ 44.00 |
| Duplicating - Internal | $ 185.23 |
| Transportation - Local while on business | $ 43.62 |
| Printing - Internal | $ 0.00[6] |
| Copy/Record-Document | $ 15.00 |
| Delivery Service | $ 97.50 |
| Lunch/Dinner Conference | $ 43.50 |
| Travel - Rail Fare | $ 278.00 |
| Out of Town Travel | $ 23.80 |
| Federal Express | $ 21.12 |
| Parking & Tolls | $ 36.00 |
| Telephone | $ 124.78 |
| Overtime Meals on Expense Report | $ 20.00 |
| Westlaw On-Line Legal Research | $ 1,045.26 |
| Local Transportation - Cabs | $ 12.31 |
| PACER | $ 513.00 |
| **Total** | **$ 2,520.83** |

---

[6] Although MMWR incurred $1,453.98 in internal printing charges during the Compensation Period, MMWR does not seek reimbursement of this amount.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[7] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Objection Deadline: 9/28/2015** |
| | ) | **Hearing Deadline: TBD** |

**SECOND INTERIM APPLICATION OF MONTGOMERY, MCCRACKEN, WALKER &
RHOADS, LLP AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL
TO THE EFH OFFICIAL COMMITTEE FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
OF JANUARY 1, 2015 THROUGH APRIL 30, 2015**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy
Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the
*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of
Professionals*, entered on September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"),
and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee
Order**"), Montgomery, McCracken, Walker & Rhoads, LLP ("**MMWR**") hereby submits this
Second Interim Application (the "**Application**") as Delaware Counsel and Conflicts Counsel to the
Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future
Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**")
for allowance of compensation and reimbursement of expenses incurred for the period January 1,
2015 through April 30, 2015 (the "**Compensation Period**").  In support of the Application, MMWR
respectfully represents as follows:

---

[7] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors'
service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases,
which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax
identification numbers is not provided herein. A complete list of such information may be obtained on the website of the
debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## BACKGROUND

1.      On April 29, 2014 (the "**Petition Date**"), the Debtors commenced these

proceedings (the "**Cases**") by filing voluntary petitions for relief pursuant to the Bankruptcy

Code.  The factual background regarding the Debtors, including their business operations and the

events leading to the filing of these Cases, is set forth in detail in the Declaration of Paul

Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer

of Energy Future Holdings Corp, *et al*., In Support of First Day Motions [D.I. 98].

2.      On January 7, 2015, MMWR filed the *Application of the Official Committee of*

*Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding*

*Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Under Bankruptcy Code*

*Sections 328(a) And 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) Approving the*

*Employment and Retention of Montgomery, McCracken, Walker & Rhoads, LLP nunc pro tunc*

*to November 5, 2014, as Delaware Bankruptcy Counsel and Conflicts Counsel to the Committee*

[D.I. 3184].  On January 12, 2015, the Court entered the *Order Authorizing The EFH Committee*

*to Retain and Employ Montgomery, McCracken, Walker & Rhoads, LLP Nunc Pro Tunc to*

*November 5, 2014* [D.I. 3241].

3.      Pursuant to the Interim Compensation Order, each professional may file on or

after the 21st day of each calendar month, a Monthly Fee Application (as defined in the Interim

Compensation Order) seeking interim approval and allowance of compensation for services

rendered and reimbursement of expenses incurred during the immediately preceding month.  If

no objections are raised prior to the expiration of the applicable Objection Deadline (as defined

in the Interim Compensation Order), the Debtors are authorized to pay each professional an

amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the

Monthly Fee Application; or (ii) 80% of the fees and 100% of the expenses not subject to an objection. In addition, the Interim Compensation Order provides that each professional may file with the Court an interim fee application for compensation and reimbursement of expenses at stated intervals, seeking payment of, among other things, the 20% holdback and expenses not previously paid.  See Interim Compensation Order at 2(g).

4.    The Bankruptcy Court ordered that the first interim fee period covered the period from the Petition Date through and including August 31, 2014.  As the EFH Committee was not formed until October 27, 2017 [D.I. 2570] and MMWR was not retained until November 5, 2014, MMWR's first interim application covered the period through December 31, 2014.  This is MMWR's second interim application.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

5.    This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order, Rule 2016-2 (c)-(g) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rule**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**" and, together with the Local Rule, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Natalie D. Ramsey regarding compliance with the Local Rule is attached hereto as **Exhibit A**.

6.    By this Application, MMWR seeks allowance pursuant to the Interim Compensation Order with respect to the sum of $464,052.33, which is 100% of $461,531.50

earned as fees during the Compensation Period; and $2,520.83 for reimbursement of actual and necessary expenses incurred during the Compensation Period.

7. All services for which compensation is requested by MMWR in this Application were performed for or on behalf of the EFH Committee.  MMWR has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement of understanding between MMWR and any other person (other than the partners of MMWR) for the sharing of compensation to be received for services rendered in these cases.

8. Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all MMWR professionals and paraprofessionals who performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which such individuals are employed by MMWR, the hourly billing rates charged by MMWR for services performed by such individuals, and the aggregate number of hours expended and fees billed.

9. Annexed hereto as **Exhibit C** is a schedule specifying the categories of expenses for which MMWR is seeking reimbursement and the amount for each category.

10. Annexed hereto as **Exhibit D** is a schedule of all of the expenses incurred during the Compensation Period.

11. Annexed hereto as **Exhibit E** is a summary of MMWR's time billed during the Compensation Period, broken down by project categories, as hereinafter described.

12. Annexed hereto as **Exhibit F** is MMWR's time detail for the Compensation Period.

-3-

## MONTGOMERY, MCCRACKEN, WALKER & RHOADS FEE STATEMENTS

13.    MMWR maintains computerized records of time spent by all MMWR attorneys and paraprofessionals in connection with the representation of the EFH Committee.  MMWR submitted monthly fee statements to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.  During the Compensation Period, MMWR provided the Notice Parties with the following Monthly Fee Statements:[8]

- For January 1, 2015 through January 31, 2015 – fees of $54,650.80 (80% of $68,313.50) and expenses of $656.25 [D.I. 3690] (the "**January 2015 Statement**");

- For February 1, 2015 through February 28, 2015 – fees of $82,070.80 (80% of $102,588.50) and expenses of $395.04 [D.I. 3955] (the "**February 2015 Statement**"

- For March 1, 2015 through March 31, 2015 – fees of $121,914.40 (80% of $152,393.00) and expenses of $750.01 [D.I. 4240] (the "**March 2015 Statement**").

- For April 1, 2015 through April 1, 2015 through April 30, 2015 – fees of 110,589.20 (80% of $138,236.50) and expenses of $719.53 [D.I. 4559] (the "**April 2015 Statement**" and, together with the January 2015, February 2015, and March 2015 Statements, the "**Monthly Fee Statements**").

---

[8] Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included due to delays caused by accounting and processing during the Fee Period.  MMWR reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

14.     In total, MMWR submitted Monthly Fee Statements during the Compensation Period for fees of $369,225.20 (80% of $461,531.50) and expenses of $2,520.83 (100% of expenses).  Prior to submitting the Monthly Fee Statements, MMWR conducted an internal review of the fees and expenses incurred during each applicable period.

15.     Pursuant to this Application, MMWR respectfully requests that the Court enter an order awarding MMWR an aggregate amount of $464,052.33, which is 100% of $461,531.50 earned as fees during the Compensation Period, and $2,520.83 for reimbursement of actual and necessary expenses incurred during the Compensation Period.

## SUMMARY OF LEGAL SERVICES RENDERED

16.     MMWR has prepared and/or assisted in the preparation of various papers, including applications and orders, submitted to the Court for consideration, advised the EFH Committee of a regular basis with respect to numerous matters in connection with these Chapter 11 Cases, and performed all necessary professional services.

17.     To provide an orderly and meaningful summary of the services rendered by MMWR on behalf of the EFH Committee during the Compensation Period, MMWR has established separate task codes in connection with these Chapter 11 cases. The following is a summary of the most significant professional services rendered by MMWR during the Compensation Period, organized in accordance with MMWR's internal system of task codes.  A more detailed report of the actual services provided is set forth on the attached **Exhibit F**.

18.     The Summary is divided according to the thirty (30) project billing codes that MMWR created to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 Cases.

-5-

19.     Under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with one another.  Further, time was not necessarily billed to each of the individual codes during this Compensation Period but may be billed to such categories in the future.  The professional services rendered by MMWR on behalf of the EFH Committee during the Fee Period were reasonable, necessary and appropriate to the administration of the EFH Committee's role in the Chapter 11 Cases and related matters and in the best interests of the EFH Committee.  The compensation requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.

A.     Asset Analysis – 001

Fees: $14,276.50; Total Hours: 24.50

20.     This category includes time spent by MMWR professionals reviewing documents relating to the Oncor sale process.

B.     Assumption and Rejection of Leases & Contracts – 003

Fees: $1,888.00; Total Hours: 3.20

21.     During the Compensation Period, MMWR professionals spent time reviewing and analyzing filings by the Debtors as it related to the proposed assumption and rejection of various executory contracts and unexpired leases.

D.     Case Administration – 006

Fees: $36,807.00; Total Hours: 75.60

22.     This category is used for administrative tasks related to the Debtors' cases.  Due to the size and complexity of these cases, time billed in this category includes coordinating with the other professionals retained by the EFH Committee to ensure that all matters to be addressed are done so efficiently and that all filings made to protect the interests of the EFH Committee are

timely filed and served.  Time billed to this also includes MMWR's participation in weekly calls with the Committee.

        E.       <u>Claims Administration and Objections – 007</u>

Fees: $4,319.00; Total Hours: 7.80

        23.     During the Compensation Period, MMWR professionals devoted time to reviewing and commenting on the $700 million tax objection that was filed by the EFH Committee.

        G.       <u>Employment and Fee Applications (MMWR) – 010</u>

Fees: $26,111.00; Total Hours: 59.10

        24.     During the Compensation Period, MMWR professionals prepared amendments to the firm's application to be retained as co-counsel and conflicts' counsel for the EFH Committee in order to address inquiries of the Office of the United States Trustee as well as supplements to prior disclosures based on the names of additional conflict parties provided by the Debtors. Time spent in this matter also includes preparing the interim and monthly fee applications as well as all exhibits and addenda thereto.

        H.       <u>Employment and Fee Applications (Others) – 011</u>

Fees: $18,074.00; Total Hours: 40.50

        25.     During the Compensation Period, MMWR professionals reviewed the draft and revised as necessary the applications of the EFH Committee's professionals to ensure compliance with local practice and procedure and then coordinated the filing of same.

        I.       <u>Financing, Cash Collateral, Make Whole – 012</u>

Fees: $18,425.00; Total Hours: 31.20

26.     During the Compensation Period, MMWR professionals reviewed and analyzed papers and pleadings regarding the various make whole litigations, and attended hearings and depositions regarding the first lien make whole litigation.

    J.     Other Litigation – 013

Fees: $38,367.00; Total Hours: 65.00

27.     During the Compensation Period, MMWR professionals devoted time to the various motions for standing that have been filed in these cases as well as the objections and replies to same.

    K.     Non-Working Travel – 015

Fees: $2,362.50; Total Hours: 7.00

28.     Time billed to this matter is related to non-working travel time to attend in-person committee meetings.  Time billed to this matter is billed at one half of the normal rate of MMWR's professionals.  Accordingly, the amount billed for this time has been reduced by $2,362.50.

    L.     Plan & Disclosure Statement – 016

Fees: $43,198.00; Total Hours: 71.20

29.     During the Compensation Period, the Debtors circulated various drafts of plan term sheets and then filed a proposed Plan and Disclosure Statement.  MMWR professionals reviewed and analyzed the Debtors' proposed plan, the disclosure statement, and statements submitted in support of the proposed plan.

M.    <u>Hearings – 021</u>

Fees: $28,160.00; Total Hours: 47.70

30.    During the Compensation Period, MMWR's professionals prepared for and attended all in-person and telephonic hearings in these cases.

N.    <u>Other Motions/Apps – 026</u>

Fees: $13,711.00; Total Hours: 27.00

31.    Time in this matter is related to MMWR professionals' work in identifying and assisting in the preparation of the application to retain Kinsella Media.

O.    <u>Time Entry Review – 028</u>

Fees: $1,829.00; Total Hours: 3.10

32.    During the Compensation Period, MMWR professionals reviewed MMWR's time entries to ensure compliance with the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure, the orders of the Court, and the memoranda provided by the fee committee.

P.    <u>Budgeting (Case) – 029</u>

Fees: $1,250.00; Total Hours: 2.30

33.    During the Compensation Period, MMWR professionals devoted time to preparing monthly budget and staffing reports required in these cases.

Q.    <u>Asbestos-Related Matters – 030</u>

Fees: $212,753.50; Total Hours: 448.70

34.    During the Compensation Period, MMWR professionals devoted significant time to reviewing historic information provided by the Debtors and the asbestos bar in order to respond to the Debtors' request to establish a noticing program for holders of asbestos claims.

MMWR professionals coordinated closely with Sullivan & Cromwell in order to prevent duplication of work and ensure that the firms provided complementary services.

## EXPENSES

35.    MMWR seeks reimbursement for $2,520.83 in expenses incurred in performing its services during the Fee Period.  These reimbursable expenses include, but are not limited to: postal and overnight courier charges, telephone calls to communicate with co-counsel and members of the EFH Committee, duplicating charges, and the use of on-line legal research tools. All expenses reflected herein comply with the Guidelines.  MMWR submits that the actual expenses incurred in providing professional services during the Fee Period were necessary, reasonable and justified under the circumstances to serve the needs of the EFH Committee in these Chapter 11 Cases.

## STATEMENT OF MMWR

36.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(A) and (B).

37.    Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;

-10-

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *Id.* § 330(a)(3)(A)-(F).

38.    The foregoing professional services performed by MMWR were appropriate and necessary to the effective administration of these Chapter 11 Cases. The services were in the best interests of the EFH Committee. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, as well as issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner. In addition, MMWR has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the EFH Committee.

**NO PRIOR REQUEST**

39.    No prior application for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by MMWR is fair and reasonable given (a) the complexity of these case, (b) the time expended, (c) the nature and extent of the services

-11-

rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

WHEREFORE, MMWR respectfully requests that the Court enter an order (a) awarding MMWR the interim allowance of $464,052.33 comprised of:  (i) fees in Compensation Period in the amount of $461,531.50, and (ii) reimbursement for actual and necessary expenses in the Compensation Period in the amount of $2,520.83, (b) that such sums be paid to MMWR pursuant to the Interim Compensation Order, (c) and for such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
       June 11, 2015

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

*/s/ Natalie D. Ramsey*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
E-mail:     nramsey@mmwr.com
            dwright@mmwr.com
            mfink@mmwr.com

*Delaware Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.*