**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : Case No. 14-10979 (CSS) |
| Debtors. | : (Jointly Administered) |
| | : **Objection Deadline: September 28, 2015** |

**SUMMARY COVER SHEET TO THE SECOND INTERIM FEE
APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL
FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC,
FOR THE PERIOD OF JANUARY 1, 2015 THROUGH APRIL 30, 2015**

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH"), submits this summary of fees and expenses sought in its interim fee application for the period from January 1, 2015 through April 30, 2015 (the "Fee Period") to which the summary is attached (the "Interim Fee Application").[2]

S&L submits this Interim Fee Application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this summary have the meanings ascribed to them in the Interim Fee Application.

SL1 1370480v1 109285.00006

| *General Information* | |
|---|---|
| Name of Applicant: | Stevens & Lee, P.C. |
| Authorized to Provide Professional Services to: | **Energy Future Intermediate Holding Company LLC**, Debtor and Debtor-in-Possession |
| Petition Date: | April 29, 2014 |
| Date of Retention [Docket No. 3278]: | January 13, 2015, *nunc pro tunc* to November 26, 2014 |

| *Summary of Fees and Expenses Sought in the Interim Fee Application* | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Interim Fee Application: | January 1, 2015 through April 30, 2015 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $ 53,968.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $      708.77 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $ 54,676.77 |
| Total Amount of Fees & Expenses Allowed to Date: | $ 42,591.17 |
| Total Amount Held Back: | $ 12,085.60 |

| *Rate Increases Applicable to the Fee Period* | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Employment: | $ 51,840.50 |

The total time expended for preparation of this monthly fee statement was approximately 8.1 hours and the corresponding compensation that will be requested therewith is approximately $3,217.50.

This is an  X  interim  __  final application.  This is S&L's second interim fee application.

2

**Summary of All Monthly Fee Applications Filed**

| Dated Filed | Period Covered | Requested | | Approved | | Certificate of No Objection |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees 100% | Expenses | Fees 80%[3] | Expenses | |
| 02/06/2015 | 11/26/2014 – 12/31/2014 | $21,186.00 | $37.00 | $16,948.80 | $37.00 | 03/03/2015 |
| 02/27/2015 | 01/01/2015 – 01/31/2015 | $15,719.00 | $205.50 | $12,575.20 | $205.50 | 03/24/2015 |
| 03/23/2015 | 02/01/2015 – 02/28/2015 | $10,061.00 | $191.25 | $7,595.20 | $191.25 | 04/15/2015 |
| 04/22/2015 | 03/01/2015 – 03/31/2015 | $14,790.50 | $144.36 | $11,406.40 | $144.36 | 05/14/2015 |
| 05/15/2015 | 04/01/2015 – 04/30/2015 | $13,397.50 | $167.66 | $10,305.60 | $167.66 | 06/08/2015 |
| | TOTAL | $75,154.00 | $ 745.77 | $58,831.20 | $ 745.77 | |

Dated: June 15, 2015         STEVENS & LEE, P.C.

  /s/ Joseph H. Huston, Jr.
Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street, Suite 700
Wilmington, DE 19801
Telephone: (302) 425-3310
Fax: (610) 371-7972
Email: jhh@stevenslee.com

and

Camille C. Bent (admitted pro hac vice)
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 537-0418
Fax: (610) 371-7920
Email: ccb@stevenslee.com

*Attorneys for Debtor Energy Future Intermediate Holding Company LLC*

---

[3] The figures in this column represent 80% of the fees charged at 2014 rates. Pursuant to the Fee Committee's Rate Increase Memorandum dated March 9, 2015, holdback amounts are now comprised of the difference between billings at the 2014 and 2015 rates, as well as 20% of the billings at 2014 rates.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : Case No. 14-10979 (CSS) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Objection Deadline: September 28, 2015** |

**SECOND INTERIM FEE APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD OF JANUARY 1, 2015 THROUGH APRIL 30, 2015**

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH" or "Debtor"), submits this second interim fee application for allowance of compensation for professional services provided in the amount of $53,968.00, reimbursement of actual and necessary expenses in the amount of $708.77, and payment of all remaining holdback amounts totaling $12,085.60 for the period of January 1, 2015 through April 30, 2015 (the "Interim Fee Application"). In support of this Interim Fee Application, S&L submits the declaration of Joseph H. Huston, Jr. (the "Huston Declaration"), which is attached as **Exhibit A** and incorporated by reference. In further support of this Interim Fee Application, S&L respectfully states as follows:

**I.    Jurisdiction**

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      The bases for the relief requested in this Interim Fee Application are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066] (the "<u>Interim Compensation Order</u>"), and the *Stipulation and Order Appointing a Fee Committee*, dated August 21, 2014 [D.I. 1896] (the "<u>Fee Committee Order</u>").

**II.    Background**

4.      On April 29, 2014 (the "<u>Petition Date</u>"), EFIH commenced its chapter 11 case by filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.      The Debtor continues to operate its business and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

6.      On May 13, 2014, the Office of the United States Trustee, Region 3 appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [D.I. 420].  On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code.  [D.I. 2570].

7.      On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "<u>Fee Committee</u>") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the

2

procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases, and subsequent memoranda on December 1, 2014, February 18, 2015, March 9, 2015, and June 9, 2015. S&L believes that the relief requested in this Interim Fee Application complies with each of these guidelines.

8. On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in all of the above-captioned chapter 11 cases (the "Chapter 11 Cases").

### III. S&L's Employment, Disinterestedness & Fee Request

9. On January 13, 2015, the Court entered the *Order Approving the Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014* [D.I. 3278] (the "Employment Order"), a copy of which is attached as **Exhibit B** and incorporated by reference. The Employment Order authorizes EFIH to compensate S&L for S&L's actual and necessary out of pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, and the Fee Committee Order. The terms of S&L's engagement are detailed in the engagement letter between S&L and EFIH, effective as of December 24, 2014 (the "Engagement Letter"), a copy of which is attached as **Exhibit C** and incorporated by reference.

10. To the best of S&L's knowledge as disclosed in the *Declaration of Joseph H. Huston, Jr. in Support of Application for Order Approving the Employment of Stevens & Lee,*

3

*P.C. as Counsel to Energy Future Intermediate Holding Company LLC under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014* [D.I. 3139-5] (the "Huston Retention Motion Declaration"), S&L is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFIH's estate, as required by section 328(a) of the Bankruptcy Code; and that S&L's shareholders, associates and counsel do not hold or represent any interest adverse to EFIH or its estate, except as otherwise disclosed in the Huston Retention Motion Declaration.

11. S&L might have in the past represented, might currently represent, and likely in the future will represent parties in interest in the Chapter 11 Cases in connection with matters unrelated to EFIH. In the Huston Retention Motion Declaration, S&L disclosed its connections to parties in interest in the EFIH case which it has been able to ascertain using reasonable efforts. S&L will update such disclosures, as appropriate, if it becomes aware of relevant new information.

12. S&L performed the services for which it is seeking compensation on behalf of EFIH and its estate and not on behalf of any committee, creditor or other entity.

13. Because of the timing of S&L's employment, S&L did not submit a budget or staffing plan for the Fee Period to EFIH. Given the limited nature of its present role in support of Cravath, Swaine & Moore LLP ("Cravath") and now Jenner & Block ("Jenner"), S&L has requested that unless and until such time as that role materially changes, it be excused from submitting budgets and staffing plans for periods after the Fee Period.

14. S&L seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $53,968.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of

4

$708.77. During the Fee Period, S&L attorneys and paraprofessionals worked 114.3 hours for which compensation is requested. S&L deemed certain time worked to be non-compensable either in accordance with the Fee Committee's guidelines or on its own, and thus while the time is recorded in the detailed time entries, for which it is not being charged.

15. S&L received payments to date under the Interim Compensation Order or the Fee Committee Order totaling $58,831.20, and of this amount, $31,926.66 pertains to the instant Fee Period. S&L submitted its second, third, fourth, and fifth Monthly Fee Statements [D.I. 3466] (as defined in the Interim Compensation Order) for January through April 2015, seeking payment of (a) 80% of the fees incurred by S&L for reasonable and necessary professional services provided by S&L for EFIH, plus the 2014-2015 rate differential for the months of February, March, and April, and (b) 100% of the actual and necessary costs and expenses provided by S&L in connection with the services provided for EFIH for each month, and has received payments associated with the monthly fee statements associated with January through March 2015, totaling $31,926.66. The payment associated with April 2015 totals $10,473.26 and is pending.

16. In connection with S&L's first interim fee application for the period of November 26, 2014 to December 31, 2014 ("First Interim Fee Application"), the Fee Committee raised certain objections to fees that S&L requested. The parties negotiated and reached a resolution, agreeing to reduce the allowed compensation by $751.10. S&L will reduce this amount from the holdback for the instant Fee Period.

17. S&L has not received payment or promise of payment from any sources other than EFIH for services provided or to be provided in any capacity whatsoever in connection with the EFIH case.

18. S&L does not share fees with any attorneys except to the extent permitted by section 504.

19. To the extent not already paid by the time of the hearing on this Interim Fee Application, S&L seeks payment of all amounts, including the remaining $12,085.60, which represents 20% holdback on fees incurred during the Fee Period plus the 2014-2015 S&L rate differential for the months of February through April 2015.[2]

## IV. Fees and Expenses Incurred During Fee Period

### A. Customary Billing Disclosures

20. S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by S&L in the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure utilized by S&L for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required. S&L is a multistate, full service enterprise, and so its rate structure and fee arrangements vary throughout its geographic and practice areas to reflect the respective markets.

21. Annexed as **Exhibit D** and incorporated by reference is a summary of blended hourly rates for timekeepers who billed for non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFIH during the Fee Period, as required by the "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases" promulgated by the Executive Office of the United States Trustee, as applied to this case by the Interim Compensation Order.

---

[2] The rate differential was added to the holdback amounts generated after the March 9, 2015 Rate Increase Memorandum (defined below) issued by the Fee Committee.

### B.      Fees Incurred During Fee Period

22.     In the ordinary course of S&L's practice, S&L maintains computerized records of time spent on the professional services required by EFIH and its estate. Annexed as **Exhibit E** and incorporated by reference is a summary of fees incurred and hours worked during the Fee Period, setting forth the following information: (1) the name of each attorney and paraprofessional for whose work compensation is sought; (2) each attorney's year of bar admission and practice concentration; (3) the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period; (4) the hourly billing rate for each attorney and paraprofessional at S&L's current billing rates; (5) the hourly billing rate for each attorney and each paraprofessional as disclosed in the S&L employment application; (6) the number of rate increases since the inception of the case; and (7) a calculation of total compensation requested using the rates disclosed in the S&L employment application.

### C.      Expenses Incurred During Fee Period

23.     In the ordinary course of S&L's practice, S&L maintains a record of expenses incurred in rendering professional services required by EFIH and its estate and for which reimbursement is sought. Annexed as **Exhibit F** and incorporated by reference is a summary for the Fee Period of the total amount of expenses for which S&L seeks reimbursement with respect to each category of expenses, broken down into categories of charges.

### V.     Proposed Payment Allocation

24.     In light of the fact that S&L was retained to provide services solely to EFIH, in accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses that S&L seeks in this Interim Fee Application are allocated to EFIH.

7

**VI.    Summary of Legal Services Provided During Fee Period**

25.    During the Fee Period, S&L provided important professional services to EFIH, primarily in connection with the retention of Cravath as special conflicts counsel to EFIH and Goldin Associates LLC as special financial advisor to EFIH on conflicts matters.

26.    S&L has established, in accordance with its internal billing procedures, ten subject matter categories (each a "Matter Category") for keeping time records for the work performed by EFIH.

27.    A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by S&L attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is annexed as **Exhibit G**, and incorporated by reference.  In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect EFIH and its estate, copies of S&L's computerized records of time worked providing professional services to EFIH and its estate are annexed as **Exhibit H**.  As set forth above, S&L's records of expenses are attached as **Exhibit F**.

28.    The following is a summary, by Matter Category, of the professional services provided by S&L during the Fee Period.  This summary is organized in accordance with S&L's internal system of matter numbers.

29.    During the Fee Period, S&L utilized several Matter Categories: Professional Retentions, Case Administration/General Matters, Fee Applications-S&L, Fee Applications-Others, Hearings, and Plans of Reorganization & Disclosure Statements.

30.    In particular, S&L continued to assist with the filing and service of the retention applications of Cravath, Goldin Associates LLC and S&L, which requires significant effort.

8

31.     S&L also attended the hearing on the Debtors' disclosure statement, assisted with drafting and revising the Plan Support Agreement.

### VII. Summary of Expenses Incurred Provided During Fee Period

32.     As set forth in **Exhibit F,** S&L incurred a total of $708.77 in expenses during the Fee Period.  These charges are to reimburse S&L's direct costs that are not covered by S&L's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit F** of this Interim Fee Application are separately charged for such services.

### VIII. S&L's Requested Compensation and Reimbursement Should be Allowed

33.     The services for which S&L seeks compensation in this Interim Fee Application were, at the time provided, necessary for and beneficial to the EFIH estate, and were performed at the request of EFIH to protect and preserve its estate.  S&L further believes that it performed the services for EFIH economically, effectively, and efficiently, and that they benefitted EFIH and its constituents.  S&L further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to EFIH and its estate and all parties in interest.  Accordingly, S&L submits that the compensation sought in this Interim Fee Application is warranted and should be approved.

    **A.     Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

34.     Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses."  Section 330(a)(3) sets forth the criteria for such an award:

9

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in other cases under this title.
>
> 11 U.S.C. § 330(a)(3).

35. As analyzed below, S&L submits that the elements governing awards of compensation justify the allowance requested.

### 1. The Time and Labor Required

36. During the Fee Period, S&L's shareholders, associate, and paraprofessionals spent 114.3 hours in providing professional services for EFIH. S&L coordinated its efforts with Cravath to prevent duplication of efforts and thereby not spend more time than required. S&L required this time to educate itself about the issues in the Chapter 11 Cases and to perform the other tasks described above.

### 2. The Rates Charged for Such Services & 2015 Rate Increases

37. During the Fee Period, S&L's 2015 hourly billing rates were $695.00 for the shareholder, $330.00 for the associate, and $165.00 for the paraprofessional. The 2014 rates

disclosed in S&L's employment application were $680.00, $310.00, and $160.00, respectively, and the small anticipated increase for 2015 was disclosed to the extent known. Based on the recorded hours expended by S&L's attorneys and paraprofessionals, the average hourly billing rate for S&L's services was $472.16.

38. S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned.

39. Following the March 9, 2015 Memorandum from the Fee Committee concerning rate increases ("Rate Increase Memorandum"), S&L has diligently provided the Fee Committee with notice of the 2015 rate increase in each monthly fee statement, identified the compensation requested broken down by amount requested under 2014 rates and amount requested under 2015 rates. S&L also included the rate differential in the holdback amounts for the February, March, and April monthly fee statements.

40. The 2015 rate increases represent periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. The increased rates also are designed to capture the increased experience and training each professional has obtained in the previous year period. The increase for the most senior billing timekeeper was only 2.2%

41. As noted above, S&L is a multistate, full service enterprise, and so its rate structure and fee arrangements vary throughout its geographic and practice areas to reflect the respective markets.

42. The hourly rates and corresponding rate structure that S&L charges in this case are equivalent to than the hourly rates and corresponding rate structure that S&L charges for

11

similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.

### 3. The Necessity of the Services and the Benefit to the Estate

43. While they may not have resulted in a measurable economic benefit thus far, the services S&L has provided to EFIH have conferred substantial benefit on EFIH's estate and were necessary because EFIH needed special counsel and a financial advisor to advise and represent it on Conflict Matters, specifically in the State of Delaware where the Chapter 11 Cases are currently pending. Without special counsel, EFIH would find it difficult, if not impossible, to protect its interests against the other Debtors in the Chapter 11 Cases, and it is required by the Local Rules to have Delaware counsel associated with Cravath.

### 4. The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues

44. S&L performed the services in a reasonable amount of time, given the complexity of the issues involved and the numerous parties in interest and issues facing EFIH. S&L's detailed time records show that the time spent was necessary and appropriate to advising and representing EFIH in getting its Conflict Matters professionals retained.

### 5. The Experience, Reputation, and Ability of the Attorneys Providing Services

45. S&L attorneys have achieved a high degree of expertise and positive reputations in their respective fields. S&L's Bankruptcy and Financial Restructuring Group is highly regarded for its skill and achievements.

### 6. Customary Compensation

46. S&L relies in part on the Court's experience and knowledge with respect to the compensation awards in similar cases and in this case previously. In addition, as noted above, the compensation S&L seeks in this Interim Fee Application is comparable to the compensation

it would have sought for comparable work other chapter 11 cases. Because its services related primarily to the retention of professionals in a complex Chapter 11, there is no meaningful comparison to be made with work outside of Chapter 11.

47. S&L submits that the compensation requested is reasonable under all of the factors considered under sections 330 and 331 of the Bankruptcy Code and that the factors justify the allowance in full of S&L's compensation and reimbursement request.

### B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors

48. For the Fee Period, S&L requests reimbursement of $708.77 for reasonable and necessary costs and expenses incurred on behalf of EFIH.

49. S&L's normal billing rates do not take these costs and expenses into consideration. Rather, S&L bills each cost and expense to the applicable client. Because of the disparity between the different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in S&L's ordinary billing rates. Accordingly, S&L generally charges each client for such costs and expenses separately, in each case, at S&L's cost.

50. S&L does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

51. Under Rule 2016-2 of the Local Bankruptcy Rules, S&L represents that its rate for duplication for black-and-white copies is $0.10 per page versus its normal charge of $0.25 for copies outside of bankruptcy, and for color copies is $0.50 per page. Outgoing facsimile transmissions are charged at $1.00 for all pages versus S&L's usual charge of $1.25 for the first

13

page, and there is no charge for incoming facsimiles. There is no surcharge for computer-assisted research.

52. Any services billed by a third-party vendor, with the exception of certain computer-assisted research charges, are billed to EFIH in the amount billed to and paid by S&L. Consistent with its general policy of billing out-of-pocket expenses only to clients for which the use of such services is required, S&L separately charges each client for computer-assisted research. To account for such charges, while passing through S&L's cost savings resulting from its special arrangements, S&L charges those clients for whom such services are required at a reduced rate that is less than the rate charged by the computerized research companies to the general public for such services. These charges are intended to cover S&L's direct costs for computerized research.

53. S&L has made reasonable efforts to minimize its costs and expenses in the Chapter 11 Cases. Each of the costs and expenses S&L has incurred in providing professional services to EFIH was necessary, reasonable, and justified under the circumstances to serve the needs of EFIH and its estate.

**IX.  Reservation of Rights and Notice**

54. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Interim Fee Application. S&L reserves the right to include such amounts in future fee applications. EFIH has provided notice of this Interim Fee Application to: (1) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committees; and (e) the Fee Committee (collectively, the "Notice Parties").

55. Under the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) who wishes to object to this Interim Fee Application must file its objection with the Court, with a Copy to Chambers, and serve it on S&L and the Notice Parties so that it is **actually received** on or before **September 28, 2015 at 4:00 p.m. (Eastern Standard Time)**, and (b) any member of the Fee Committee that wishes to object to the Interim Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Interim Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers, and serve it on S&L and the Notice Parties, within the time specified under the Fee Committee Order.

## X.    No Prior Request

56. No prior application for the relief requested by this Interim Fee Application has been made to this or any other court.

WHEREFORE, S&L respectfully requests that the Court enter an order: (a) awarding S&L interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $53,968.00, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $708.77; (b) authorizing and directing EFIH to remit payment to S&L for such fees and expenses less the agreed-upon reduction in compensation for the first interim fee period; and (c) granting such other relief as is appropriate under the circumstances.

Dated: June 15, 2015	STEVENS & LEE, P.C.

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street, Suite 700
Wilmington, DE 19801
Telephone: (302) 425-3310
Fax: (610) 371-7972
Email: jhh@stevenslee.com

and

Camille C. Bent (admitted pro hac vice)
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 537-0418
Fax: (610) 371-7920
Email: ccb@stevenslee.com

*Attorneys for Debtor Energy Future Intermediate Holding Company LLC*

16