**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: September 28, 2015 at 4:00 p.m.** |

**SECOND INTERIM FEE APPLICATION OF ALIXPARTNERS, LLP
SEEKING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS RESTRUCTURING ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS
CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC,
EFIH FINANCE INC., AND EECI, INC.
<u>FOR THE PERIOD FROM JANUARY 1, 2015 THROUGH APRIL 30, 2015</u>**

Name of Applicant:                                                      <u>AlixPartners, LLP</u>

Authorized to Provide Professional Services to:      <u>Official Committee of Unsecured Creditors</u>

Date of Retention:                                                     <u>January 12, 2015 *nunc pro tunc* to November 20, 2014</u>

Period for which compensation
and reimbursement are sought:                                 <u>January 1, 2015 through April 30, 2015</u>

Amount of Compensation sought
as actual, reasonable, and necessary:                      <u>$1,257,388.75[2] (100% of fees)</u>

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:                      <u>$178,597.72</u>

This is a(n): monthly  <u>X</u> interim        final application

---

1    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2    This amount reflects the $28,358.75 reduction for 50% of non-working travel time.

## SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE FOR SERVICES PERFORMED BY ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE

| Date and Docket No. | Compensation Period | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | 20% Holdback | Approved Amounts |
|---|---|---|---|---|---|---|---|
| 01/26/2015 [Docket No. 3370] | 11/20/2014-11/30/2014 | $70,696.00 | $361.81 | $56,556.80 | $361.81 | $14,139.20 | $0.00 |
| 02/05/2015 [Docket No. 3458] | 12/01/2014-12/31/2014 | 308,412.50 | 35,784.90 | 246,730.00 | 35,784.90 | 61,682.50 | 0.00 |
| 02/26/2015 [Docket No. 3686] | 01/01/2015-01/31/2015 | 410,600.75 | 38,637.84 | 328,480.60 | 38,637.84 | 82,120.15 | 0.00 |
| 03/24/2015 [Docket No. 3954] | 02/01/2015-02/28/2015 | 337,222.75 | 17,005.72 | 269,778.20 | 17,005.72 | 67,444.55 | 0.00 |
| 04/22/2015 [Docket No. 4246] | 03/01/2015-03/31/2015 | 274,643.25 | 46,858.60 | 219,714.60 | 46,858.60 | 54,928.65 | 0.00 |
| 05/22/2015 [Docket No. 4573] | 04/01/2015-04/30/2015 | 234,922.00 | 76,095.56 | pending | pending | 46,984.40 | 0.00 |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT
CATEGORY BY ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE FOR
THE COMPENSATION PERIOD JANUARY 1, 2015 THROUGH APRIL 30, 2015**

| Project Code | Description | Hours | Amount |
|---|---|---:|---:|
| 9021.00100 | Engagement Planning | 18.6 | $14,816.50 |
| 9021.00105 | Business Analysis | 308.6 | 205,960.50 |
| 9021.00120 | Current Financials | 85.9 | 46,852.00 |
| 9021.00135 | Tax Issues | 58.6 | 52,236.00 |
| 9021.00140 | Asset Sales | 4.0 | 3,437.50 |
| 9021.00145 | Intercompany Analysis | 142.5 | 100,539.00 |
| 9021.00150 | Shared Services | 20.4 | 14,178.00 |
| 9021.00155 | Claims Analysis | 115.4 | 75,121.00 |
| 9021.00165 | Plan of Reorganization | 80.4 | 57,896.50 |
| 9021.00170 | Miscellaneous Motions | 13.6 | 9,674.50 |
| 9021.00176 | Historical Cash Flow Analysis | 51.5 | 38,830.00 |
| 9021.00178 | Potential Litigation: Solvency/Valuation | 362.8 | 268,936.00 |
| 9021.00180 | Potential Litigation: Refinancings | 145.2 | 108,828.00 |
| 9021.00190 | UCC Meetings | 109.5 | 81,044.00 |
| 9021.00197 | Fee Applications and Retention | 211.0 | 150,680.50 |
| 9021.00198 | Non-Working Travel (Billed at 50%) | 78.5 | 56,717.50 |
| **Total Fees Incurred** | | **1,806.5** | **1,285,747.50** |
| **Less 50% Travel** | | | **(28,358.75)** |
| **Total Fees Requested** | | | **$1,257,388.75** |

**SUMMARY OF PROFESSIONAL FEES EARNED BY ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE FOR THE COMPENSATION PERIOD JANUARY 1, 2015 THROUGH APRIL 30, 2015**

| Name of Professional | Description of Function | Hourly Rate 2014 | Hourly Rate 2015* | Jan-15* | Feb-15 | Mar-15 | Apr-15 | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|---|---|---|
| Alan Holtz** | Managing Director | $990 | $1,010 | 57.5 | 26.9 | 19.6 | 46.8 | 150.8 | 151,158.00 |
| James A. Mesterharm** | Managing Director | 990 | 1010 | 14.5 | 1.0 | - | - | 15.5 | 15,365.00 |
| Robert D. Albergotti | Director | 715 | 745 | 105.8 | 63.5 | 42.1 | 29.3 | 240.7 | 176,147.50 |
| Mark F. Rule | Director | 715 | 745 | 69.7 | 104.5 | 111.4 | 29.3 | 314.9 | 232,509.50 |
| Mercedes Arango | Director | 715 | 745 | 121.3 | 107.2 | 35.8 | 4.2 | 268.5 | 196,393.50 |
| Adam Z. Hollerbach | Director*** | 540 | 695 | 145.0 | 121.7 | 119.6 | 153.5 | 539.8 | 375,161.00 |
| Lowell Thomas | Vice President | 490 | 510 | 95.0 | 44.2 | 65.3 | 71.8 | 276.3 | 139,013.00 |
| | | | | 608.8 | 469.0 | 393.8 | 334.9 | | |
| | | | | | | | Sub-Total | 1,806.5 | 1,285,747.50 |
| | | | | | | | Less: 50% Travel | | (28,358.75) |
| | | | | | | | Total | 1,806.5 | $1,257,388.75 |

*January 2015 Rate increase notice[Docket #3346], January 2015 billed at 2014 rates, February forward billed at 2015 rates following Supplemental Declaration filing [Docket #3346]

**Reflects discount to actual 2015 billing rates of $1,035 and $1,045, respectively, in accordance with cap arrangement in Engagement Letter

***Reflects promotion from Vice President, effective January 1, 2015

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY
ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE FOR THE
COMPENSATION PERIOD JANUARY 1, 2015 THROUGH APRIL 30, 2015**

| Expense Categories | January-15 | February-15 | March-15 | April-15 | TOTAL |
|---|---|---|---|---|---|
| Coach Airfare | $3,942.78 | $1,835.10 | $4,996.56 | $225.01 | $10,999.45 |
| Cab Fare / Ground Transportation | 1,352.97 | 908.15 | 1,230.59 | 263.91 | 3,755.62 |
| Conference Calls | 28.18 | 15.38 | 20.10 | 6.43 | 70.09 |
| Phone - Internet Access | 87.80 | 7.98 | 39.95 | 0.00 | 135.73 |
| Lodging | 3,478.31 | 1,869.72 | 4,020.72 | 1,400.66 | 10,769.41 |
| Meals & Tips | 344.80 | 640.89 | 299.68 | 155.02 | 1,462.24 |
| Postage / Messenger / Courier | 0.00 | 0.00 | 0.00 | 25.03 | 25.03 |
| Parking & Tolls | 0.00 | 96.00 | 116.00 | 116.00 | 328.00 |
| Sub-Contractors | 29,403.00 | 11,632.50 | 36,135.00 | 73,903.50 | 151,074.00 |
| **TOTAL** | **$38,637.84** | **$17,005.72** | **$46,858.60** | **$76,095.56** | **$178,597.72** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[3] | ) Case No. 14-10979 (CSS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Objection Deadline: September 28, 2015 at 4:00 p.m. |

**SECOND INTERIM FEE APPLICATION OF ALIXPARTNERS, LLP**
**SEEKING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS RESTRUCTURING ADVISOR TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS**
**CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC,**
**EFIH FINANCE INC., AND EECI, INC.**
**FOR THE PERIOD FROM JANUARY 1, 2015 THROUGH APRIL 30, 2015**

Pursuant to sections 328 and 1103 of title 11 of the United States Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* entered on September 16, 2014 [Docket No. 2066] (the "***Interim Compensation Order***"), and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "***Fee Committee Order***"), AlixPartners, LLP ("***AlixPartners***"), Restructuring Advisor to the Official Committee of Unsecured Creditors (the "***Committee***") in the above-captioned chapter 11 matter, hereby files its second interim fee application (the "***Fee Application***") seeking compensation for services rendered and reimbursement of expenses incurred during the period of January 1, 2015 through April 30, 2015 (the "***Application Period***"). Specifically, AlixPartners seeks approval of $1,257,388.75 (representing 100% of

---

[3]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

fees earned) and $178,597.72 in expenses incurred during the Application Period, for a total of $1,435,986.47 payable. In support of its Fee Application, AlixPartners respectfully represents as follows:

## BACKGROUND

1.      On April 29, 2014 (the "***Petition Date***"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Delaware (the "***Chapter 11 Cases***").

2.      On October 27, 2014, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of unsecured creditors[4] in these Chapter 11 Cases pursuant to section 1102(a)(1) of the bankruptcy Code [Docket No. 2570]. The U.S. Trustee selected the following five parties to serve as members of the Committee: (i) Mark B. Landon; (ii) Brown & Zhou, LLC, c/o Belleair Aviation, LLC (attn.: Mabel Brown); (iii) Peter Tinkham; (iv) Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, c/o Kazan, McClain, Satterley & Greenwood, PLC, (attn.: Steven Kazan); (v) David William Fahy, c/o Early, Lucarelli, Sweeney & Meisenkothen, LLC (attn.: Ethan Early).

3.      On January 12, 2015, the Court entered an Order Authorizing the Committee to Employ and Retain AlixPartners as its Restructuring Advisor *Nunc Pro Tunc* to November 20, 2014 (the "***Retention Order***") [Docket No. 3242] in accordance with the terms and conditions of AlixPartners' Engagement Letter with the Committee (as referenced and defined in the Retention Order).

---

[4]        Composed of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc., and EECI, Inc., this committee represents the interests of the unsecured creditor of the aforementioned debtors and no others.

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Summary of Monthly Statements** Pursuant to the Engagement Letter, as approved and amended by the terms of the Retention Order, AlixPartners is entitled to compensation for fees earned and reimbursement of expenses incurred in its role advising the Committee during the pendency of the Debtors' Chapter 11 Cases.

5.      This Fee Application and the description of services set forth herein are in compliance with the requirements of Del.Bankr.L.R. 2016-2, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee. A true and correct copy of the Certification of Alan D. Holtz is attached hereto as **Exhibit 1.**

6.      AlixPartners seeks allowance pursuant to the Interim Compensation Order with respect to the sum of $1,257,388.75 as compensation for services rendered and $178,597.72 for reimbursement of actual and necessary expenses, a total of $1,435,986.47 for the Application Period.

7.      All services for which compensation is requested by AlixPartners in this Fee Application were performed for or on behalf of the Committee. There is no agreement or understanding between AlixPartners and any other person for the sharing of compensation to be received for services rendered in these cases.

8.      Annexed hereto as **Exhibit 2** is a schedule setting forth all AlixPartners professionals who performed services in these chapter 11 cases during the Application Period, the capacities in which such individuals are employed by AlixPartners, the hourly

8

billing rates charged by AlixPartners for services performed by such individuals, and the aggregate number of hours expended and fees billed.

9.    Annexed hereto as **Exhibit 3** is a schedule specifying the categories of expenses for which AlixPartners seeks reimbursement and the total amount for each expense category. Annexed hereto as **Exhibit 3-A** is a detailed schedule of all of the expenses incurred during the Application Period. Annexed hereto as **Exhibit 3-B** are copies of any and all necessary receipts as required by the Fee Committee.

10.    Annexed hereto as **Exhibit 4** is a summary of AlixPartners time billed during the Application Period, broken down by project categories, as further described herein[5].

11.    Annexed hereto as **Exhibit 5** is AlixPartners' time detail for the Application Period.

12.    On or about January 26, 2015, AlixPartners submitted its first monthly statement seeking allowance of compensation for services rendered in the amount of $70,696.00 and reimbursement of expenses in the amount of $361.81 for the period from November 20, 2014 through November 30, 2014. AlixPartners has received $56,918.62 payment with respect to this fee period.

13.    On or about February 5, 2015, AlixPartners submitted its second monthly statement seeking allowance of compensation for services rendered in the amount of $308,412.50 and reimbursement of expenses in the amount of $35,784.90 for the period from December 1, 2014 through December 31, 2014. AlixPartners received $282,514.90 with respect to this fee period.

---

[5]    AlixPartners may determine, from time to time, to augment its professional staff with independent contractors (each an "Independent Contractor") in these chapter 11 cases. AlixPartners' standard practice in chapter 11 cases is to charge for an Independent Contractor's services at the rate equal to the compensation provided by AlixPartners to such Independent Contractor. Such charges are included herein as a reimbursable expense.

14.    On or about February 17, 2015, AlixPartners submitted its first interim fee application seeking allowance of compensation for services rendered in the amount of $379,108.50 and reimbursement of expenses in the amount of $36,146.71 for the period from November 20, 2014 through December 31, 2014. No Objections were filed as of the June 2, 2015 objection deadline.   AlixPartners has agreed to certain voluntary reductions in fees and expense reimbursement sought, as a result of the Fee Committee review process.   No objection to this application has been received as of the objection deadline, and such application is scheduled to be considered at a June 24, 2015 hearing.

15.    On or about February 26, 2015, AlixPartners submitted its third monthly statement seeking allowance of compensation for services rendered in the amount of $410,600.75 and reimbursement of expenses in the amount of $38,637.84 for the period from January 1, 2015 through January 31, 2015. AlixPartners received $367,118.44 with respect to this fee period.

16.    On or about March 24, 2015, AlixPartners submitted its fourth monthly statement seeking allowance of compensation for services rendered in the amount of $337,222.75 and reimbursement of expenses in the amount of $17,005.72 for the period from February 1, 2015 through February 28, 2015. AlixPartners received $286,783.92 with respect to this fee period.

17.    On or about April 22, 2015, AlixPartners submitted its fifth monthly statement seeking allowance of compensation for services rendered in the amount of $274,643.25 and reimbursement of expenses in the amount of $46,858.60 for the period from March 1, 2015 through March 31, 2015. AlixPartners received $266,573.20 with respect to this fee period.

18.    On or about May 22, 2015 AlixPartners submitted its sixth monthly statement seeking allowance of compensation for services rendered in the amount of $234,922.00 and

reimbursement of expenses in the amount of $76,095.56 for the period from April 1, 2015 through April 30, 2015. AlixPartners has not received payment with regard to this fee period.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

19.     During the Application Period, AlixPartners provided complex and intricate services to the Committee. All services for which compensation is requested by AlixPartners were performed for or on behalf of the Committee.

20.     Services provided to the Committee for the Application Period include, but are not limited to the following:

#### A.   ENGAGEMENT PLANNING

21.     During the Application Period, AlixPartners' services performed in connection with this category relate to work planning and coordination with the engagement team and other UCC professionals. The time that AlixPartners spent planning helped ensure that all of the other work it performs for the UCC is done in an effective and efficient manner. AlixPartners seeks compensation for 18.6 hours of reasonable and necessary professional fees incurred for Engagement Planning during the Application Period in the total amount of $14,816.50.

#### B.   BUSINESS ANALYSIS

22.     During the Application Period, AlixPartners' services performed in connection with this category relate to detailed review and analysis of the various businesses of the Debtors in order to understand, monitor, and analyze the operations, structure, and potential impacts of various restructuring scenarios. It is important for the Committee to understand any issues that might impact their recoveries, vis-à-vis risks and opportunities in operations, or assets and liabilities at the various entities.  AlixPartners seeks compensation for 308.6

hours of reasonable and necessary professional fees incurred for Business Analysis during the Application Period in the total amount of $205,960.50.

### C.  CURRENT FINANCIALS

**23.**     During the Application Period, AlixPartners' services performed in connection with this category relate to detailed review and analysis of the Debtors' monthly operating reports as related to the monitoring and assessment of the current operating performance of the Debtors. AlixPartners summarized and reported its findings to the Committee. This work was important because performance of the business is a critical factor with respect to both liquidity and valuation, which in turn drives recoveries to unsecured creditors. AlixPartners seeks compensation for 85.9 hours of reasonable and necessary professional fees incurred for Current Financials during the Application Period in the total amount of $46,852.00.

### D.  TAX ISSUES

24.     During the Application Period, AlixPartners' services performed in connection with this category relate to the investigation and analysis of the Debtors' tax position, tax attributes (assets and liabilities), and other tax issues that impact recoveries to unsecured creditors and have implications on potential transactions associated with reorganization. Potential tax liabilities are at the very heart of this reorganization, and could swing intercompany recoveries (i.e., amounts payable to/from "E-side" and "T-side") by hundreds of millions of dollars and aggregate recoveries by billions of dollars. AlixPartners seeks compensation for 58.6 hours of reasonable and necessary professional fees incurred for Tax Issues in the total amount of $52,236.00, plus $151,074.00 of subcontractor expense reimbursement related to tax issues for 305.2 subcontractor hours worked.

### G.  ASSET SALES

25.     During the Application Period, AlixPartners' services performed in connection with this category relate to reviewing assets sales proposed by the Debtors to ensure such dispositions seem appropriate and would not have any negative impact on the value of the estates. AlixPartners seeks compensation for 4.0 hours of reasonable and necessary professional fees incurred for Asset Sales in the total amount of $3,437.50.

## H.  INTERCOMPANY ANALYSIS

26.     During the Application Period, AlixPartners' services performed in connection with this category relate to relationships and transactions between various entities as they relate to potential avoidance actions or other causes of action. Services performed include detailed review of historical intercompany transactions and balances, review of historical cash flows, and analysis of intercompany claims that have been filed. Intercompany Analysis is important to the Committee because hundreds of millions of dollars that are related to intercompany issues are at stake. AlixPartners' analysis was used by the Committee to formulate its positions with respect to negotiating intercompany issues related to a plan of reorganization. AlixPartners seeks compensation for 142.5 hours of reasonable and necessary professional fees incurred for Intercompany Analysis in the total amount of $100,539.00.

## I.  SHARED SERVICES

27.     During the Application Period, AlixPartners' services performed in connection with this category relate to review of the function of EFH Corporate Services Company; review and analysis of the allocation methods for corporate costs to the different operating entities, and review and analysis of the historical cost levels and allocations of corporate costs. Work in this area was relatively limited and the Committee determined that further pursuit of potential claims or causes of action related thereto would not be pursued at this

time. AlixPartners seeks compensation for 20.4 hours of reasonable and necessary professional fees incurred for Shared Services in the total amount of $14,178.00.

### J.  CLAIMS ANALYSIS

28.    During the Application Period, AlixPartners' services performed in connection with this category relate to review of the claims reconciliation process and contract rejections/assumptions. AlixPartners' work in this area involved the assessment of claims and the claims evaluation/reconciliation process, and was critical to the Committee because of the impact that the ultimate claim amounts have on unsecured creditor recoveries. AlixPartners seeks compensation for 115.4 hours of reasonable and necessary professional fees incurred for Claims Analysis in the total amount of $75,121.00.

### K.  PLAN OF REORGANIZATION

29.    During the Application Period, AlixPartners' services performed in connection with this category relate to analysis of potential Plan of Reorganization scenarios and the effects thereof, including discussion of positions of various other constituents in the case. AlixPartners' assessed potential scenarios and their connections to other categories of work in these Chapter 11 Cases, including tax issues and diligence on business issues in support of the Committee's investment banker.  AlixPartners seeks compensation for 80.4 hours of reasonable and necessary professional fees incurred for Plan of Reorganization in the total amount of $57,896.50.

### L.  MISCELLANEOUS MOTIONS

30.    During the Application Period, AlixPartners' services performed in connection with this category relate to review and analysis of various miscellaneous court filings not

attributable to a different work stream, including the settlement of Sierra Club litigation and certain property tax issues. AlixPartners seeks compensation for 13.6 hours of reasonable and necessary professional fees incurred for Miscellaneous Motions in the total amount of $9,674.50.

### M. HISTORICAL CASH FLOW ANALYSIS

31.    During the Application Period, AlixPartners' services performed in connection with this category relate to analysis of historical financial statements, Debtors' sources and uses of cash, and cash flows between the various Debtors since 2008. The emphasis of AlixPartners' work was to gain an understanding of how the various Debtor entities generate cash and how the cash moves between Debtors in order to determine their interdependence, ability to support their own financial obligations, and potential inter-company claims or causes of action. AlixPartners seeks compensation for 51.5 hours of reasonable and necessary professional fees incurred for Historical Cash Flow Analysis in the total amount of $38,830.00.

### N. POTENTIAL LITIGATION: SOLVENCY/VALUATION

32.    During the Application Period, AlixPartners' services performed in connection with this category relate to the review and analysis of documents related to solvency and potential valuation of TCEH and its subsidiaries, as related to potential causes of action in these Chapter 11 Cases. AlixPartners considered valuation and solvency at different levels of the Debtors' complex corporate structure at the times of various historical transactions, a critical component for considering potential causes of action. AlixPartners seeks compensation for 362.8 hours of reasonable and necessary professional fees incurred for Potential Litigation: Solvency/Valuation in the total amount of $268,936.00.

### O. **POTENTIAL LITIGATION: REFINANCINGS**

~~33.~~     During the Application Period, AlixPartners' services performed in connection with this category relate to analysis of intercompany debt arrangements among Debtor subsidiaries, review of public debt exchanges and new issuances conducted by various Debtor subsidiaries, and review of significant amendments and modifications to existing Debtor financing facilities as related to potential causes of action and intercompany claims. AlixPartners' focused its review and analysis on the shift of debt balances among the various Debtor entities, the resulting financial condition of the Debtors as a result of certain transactions, and the magnitude of potential inter-company claims. AlixPartners seeks compensation for 145.2 hours of reasonable and necessary professional fees incurred for Potential Litigation: Refinancing's in the total amount of $108,828.00.

### P. **UCC MEETINGS**

34.     During the Application Period, AlixPartners prepared for and attended telephonic and in-person meetings with the UCC. AlixPartners' participation in these meetings was important because AlixPartners' personnel shared information and advice based on the work it performed for the UCC, gained the insights of work performed by other UCC professionals, and participated in strategic discussions with the UCC. AlixPartners seeks compensation for 109.5 hours of reasonable and necessary professional fees incurred for participation in UCC Meetings in the total amount of $81,044.00.

### Q. **FEE APPLICATIONS AND RETENTION**

35.     During the Application Period, AlixPartners' services performed in connection with this category relate to preparation and review of various documents and schedules to facilitate retention related issues, monthly billing statements, and fee applications.

AlixPartners seeks compensation for 211.0 hours of reasonable and necessary professional fees incurred for Fee Applications and Retention in the total amount of $150,680.50.

**R. NON-WORKING TRAVEL**

36.     During the Application Period, AlixPartners' services performed in connection with this category relate to travel to and from in-person meetings related to these Chapter 11 Cases during which AlixPartners professionals were not conducting otherwise chargeable work. AlixPartners seeks compensation for 78.5 hours of reasonable and necessary professional fees incurred for Non-Working Travel in the total amount of $56,717.50, discounted by 50%, or $28,358.75.

**STATEMENT OF ALIXPARTNERS**

37.     The foregoing professional services performed by AlixPartners were appropriate and necessary to the effective administration of these Chapter 11 Cases. They were in the best interests of creditors, the Debtors' estate, and other parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues involved. Professional services rendered by AlixPartners were performed in an appropriately expeditious and efficient manner. In addition, AlixPartners has made every effort to minimize its expense disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

38.     The EFH case is a large and complicated one, made especially difficult because of the fundamental conflict of interest between "E-Side" and "T-Side" creditors and the need for any fair plan to strike a balance between their competing interests.

39.     The three most important issues that will affect ultimate recoveries for E-Side unsecured creditors are: (1) the realized value of the assets from which E-Side claims will

derive a recovery, (2) the size of the E-Side unsecured claims pool, and (3) the magnitude of intercompany claims between the two sides. The majority of the work performed by AlixPartners during the Application Period (including Tax Issues, Intercompany Analysis, Historical Cash Flow, Solvency/Valuation and Refinancings) was related to the third of these – intercompany claims. To put the size of this issue in perspective, one need only compare the intercompany settlement in the Debtors' proposed plan of reorganization – $700 million – to the amount that had been approved by EFH at the commencement of the case: $0. Hundreds of millions of dollars are at stake in these Chapter 11 Cases, and the important work performed by AlixPartners with respect thereto on behalf of the Committee and all "E-side" unsecured creditors during the Application Period was reasonable, necessary, and of great value.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

40.     The services for which AlixPartners seeks compensation in this Fee Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. During the Application Period, AlixPartners worked diligently to maximize the value of the Debtors' estates for the benefit of all unsecured creditors. The services rendered by AlixPartners were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by AlixPartners is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services.

## RELIEF REQUESTED

18

Case 14-10979-CSS    Doc 4761    Filed 06/15/15    Page 19 of 20

41.     At the time of this Fee Application, AlixPartners has received payments (80% of approved amount of fees and 100% of expenses) on account for the Monthly Fee Statements of January 1, 2015 through March 31, 2015 in the aggregate amount of $920,475.56. At the time of filing this Fee Application, AlixPartners has not received any payment with respect to the April Monthly Fee Statement in the total amount of $311,017.56. Therefore, and pursuant to the Administrative Order, AlixPartners hereby requests payment of the remaining 20% for the monthly fee statement periods of January 2015 through March 2015 in the amount of $204,493.35 and 100% of its fees earned and expenses incurred during April 2015 in the amount of $311,017.56, for a grand total of $515,510.91[6.] In accordance with the Administrative Order, notice of this Fee Application has been given to the Notice Parties identified in paragraph 2 (a) of the Administrative Order. Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Fee Application need be provided.

## NO PRIOR REQUEST

42.     No prior application for the relief requested herein has been made to this or any other Court.

## RESERVATION OF RIGHTS AND NOTICE

43.      Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in this Interim Fee Application due to delays caused by accounting and processing during the Application Period. AlixPartners reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

---

[6]        The fees and expenses of AlixPartners are for the benefit of the EFH Committee and fees and expenses are allocated evenly between Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company LLC.

19

WHEREFORE, AlixPartners respectfully requests (i) that this Court enter an order awarding payment of 100% of compensation for professional services rendered in the amount of $1,257,388.75 and reimbursement for expenses incurred in the amount of $178,597.72, for a total of $1,435,986.47, and (ii) that this Court grant AlixPartners such other and further relief as is just.

Dated: New York, NY
 June 15, 2015

ALIXPARTNERS, LLP

*/s/Alan D. Holt*
Alan D. Holtz
Managing Director
AlixPartners, LLP