**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENERGY FUTURE HOLDINGS | § | Case No. 14-10979 (CSS) |
| CORP., *et.al.*, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE OF**
**FOREST CREEK WIND FARM, LLC**

Forest Creek Wind Farm, LLC (f/k/a Airtricity Forest Creek Wind Farm, LLC) ("Forest Creek"), by and through its undersigned counsel, hereby files this *Request for Payment of Administrative Expense of Forest Creek Wind Farm, LLC* ("Administrative Expense Request"). In support of the Administrative Expense Request, Forest Creek respectfully states as follows:

1. On April 29, 2014 (the "Petition Date"), Luminant Energy Company LLC (f/k/a TXU Portfolio Management Company LP) ("Luminant") and several of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Prior to the Petition Date, Forest Creek and Luminant entered into a Renewable Energy and Renewable Energy Credits Purchase Agreement dated as of March 10, 2006 (as amended or modified from time to time, the "Contract").[1] Pursuant to the Contract, Luminant had (i) the exclusive right and obligation to purchase the "Net Energy," RECs and

---

[1] Forest Creek and Luminant are successors to the parties named in the Contract, Aitricity Forest Creek Wind Farm, LLC and TXU Portfolio Management Company LP, respectively. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Contract, attached hereto as **Exhibit 1**.

Environmental Attributes from Forest Creek at the point of interconnection between the wind energy facility operated by Forest Creek in Howard County, TX and the Electric Reliability Council of Texas, Inc. ("ERCOT") transmission system, (ii) in connection with its role under the Contract as the qualified scheduling entity ("QSE") for Forest Creek, the sole authority to designate whether and how much power to schedule and deliver from Forest Creek's wind farm in Howard County, Texas through December 31, 2022, and (iii) an option on the part of Luminant to extend the term for an additional five years.

3. Luminant had provided security as of the Petition Date under and as required by the Contract in the form of (i) a guaranty from Texas Competitive Electric Holdings Company LLC ("TCEH") (the "Guaranty"), and (ii) a letter of credit in the amount of $ 25 million (the "Letter of Credit") from Citibank, N.A. (the "Issuer").

4. The Guaranty required by the Contract expired on December 31, 2014. Pursuant to Section 10.01G of the Contract, prior to such expiration date, Luminant was required to provide cash security or other replacement security for the Guaranty in a form permitted by Article X of the Contract. Luminant failed to do so. Such failure represented (after notice and a five Business Day cure period) an Event of Default under the Contract (the "Guaranty Default").

5. On March 12, 2015, Forest Creek delivered a notice of the Guaranty Default, attached hereto as **Exhibit 2**. Luminant did not cure the Guaranty Default, and therefore, Luminant became a "Defaulting Party" under Section 8.02A(5) of the Contract.[2] On April 8, 2015, Forest Creek exercised its rights under Section 8.02B of the Contract to declare an Early Termination of the Contract, attached hereto as **Exhibit 3**, as permitted by paragraph 10 of the Bankruptcy Court's *Final Order (RE: Non-Proprietary Trading and Hedging Transactions*

---

[2] Luminant was also a Defaulting Party under Section 8.02A(4) of the Contract as a result of the commencement of this Chapter 11 proceeding.

*Involving the Debtor's Power Generation and Retail Operations) Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Agreements [Docket No. 860]*, effective as of 12:00 a.m. on April 15, 2015 (the "Termination Date").

6. On April 20, 2015, the Court entered its *Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract, Effective Nunc Pro Tunc to March 24, 2015* (the "Rejection Order"), approving the rejection of the Contract effective March 24, 2015 (the "Rejection Date"). The Rejection Order provides, however, that Luminant served as the QSE consistent with ERCOT Protocols between March 24, 2015 and April 15, 2015. The Rejection Order provided Forest Creek sixty days from April 20, 2015 to file any proofs of claim relating to the Contract, including any rejection claim or request for an administrative expense.

7. Forest Creek has not received payment for Net Energy provided to Luminant for the period from March 1, 2015 to April 14, 2015 at 12:00 a.m. The Net Energy provided by Forest Creek has benefited the estate, and Forest Creek is entitled to payment from Luminant as an administrative expense. On April 21, 2015, Forest Creek provided an invoice to Luminant for the administrative expense amounts in the total of **$1,048,740.29** (the "Administrative Claim Amount"), a copy of which is attached hereto as **Exhibit 4**. The Administrative Claim Amount consists of the following elements:

   a. For the period from March 1, 2015 to the Rejection Date ("Period 1"), Forest Creek is entitled to payment for Net Energy delivered to Luminant in an amount based on the full price for Net Energy set forth in the Contract. As detailed in the

attached **Exhibit 5**, the total amount due to Forest Creek for Net Energy delivered to Luminant during Period 1 is $473,052.58.

b. For the period after the Rejection Date to the Termination Date, Forest Creek is entitled to payment for all Net Energy delivered to Luminant. The purchase price of the Net Energy purchased by Luminant and owed to Forest Creek is calculated based on the real time market price for each 15-minute settlement interval in the relevant Period as published by ERCOT. As detailed in the attached **Exhibit 5** (for the period March 25, 2015 through March 31, 2015, "Period 2") and **Exhibit 6** (for the period April 1, 2015 through April 14, 2015, "Period 3"), the total amount due to Forest Creek for Net Energy delivered to Luminant during Period 2 and Period 3 is $575,687.71.

8. The Administrative Claim Amount calculations provided in Exhibit 5 and Exhibit 6 were based on:

a. As reported by Luminant to Forest Creek and detailed in the attached **Exhibit 7** (for Period 1 and Period 2) and **Exhibit 8** (for Period 3), the amount of Net Energy scheduled by Luminant as QSE and received by Luminant from Forest Creek during each of Period 1, Period 2 and Period 3;

b. Multiplied by,

   i. with respect to Net Energy delivered during Period 1, the Contract pricing for Net Energy described in Section 6.01A of the Contract; or

   ii. with respect to Net Energy delivered during Period 2 or Period 3, as the case may be, the real time market price for such Net Energy at "Node MCDLD_FCW1" during each applicable 15-minute settlement interval in

each of Period 2 or Period 3, as the case may be, as published by ERCOT at www.ERCOT.com.

FOR THE ABOVE STATED REASONS, Forest Creek respectfully requests that this Court grant the Administrative Expense Request, require Luminant to treat the Administrative Claim Amount as an allowed administrative claim, and grant such other relief as is just and proper.

Dated: June 15, 2015

Of Counsel:

Charles A. Beckham, Jr.
Diana M. Liebmann
Ian T. Peck
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  (214) 561-5000
Facsimile:  (214) 651-5940
charlie.beckham@haynesboone.com
diana.liebmann@haynesboone.com
ian.peck@haynesboone.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

*Attorneys for Forest Creek Wind Farm, LLC*