8

# **Exhibit 3**

Early Termination Notice



By Federal Express and E-Mail

April 8, 2015

Manager, Contract Administration
Luminant Energy Company LLC (f/k/a TXU
 Portfolio Management Company LP)
1717 Main Street, Suite 2000
Dallas, Texas 75201

Attn: QSE Coordinator
Luminant Energy Company LLC (f/k/a TXU
 Portfolio Management Company LP)
1717 Main Street, Suite 2000
Dallas Texas 75201

Luminant Energy Company LLC (f/k/a TXU
 Portfolio Management Company LP)
1601 Bryan, 27th Floor
Dallas, TX 75201
Attn: Contract Administration
Email: Contract_admin@luminant.com

Forest Creek Wind Farm, LLC
c/o E.ON Climate &
Renewables
North America, LLC.
353 North Clark Street
30th Floor
Chicago, IL 60654
U.S.A.
www.eon.com

RE: **Early Termination of Energy Agreement**— Renewable Energy and Renewable Energy Credits Purchase Agreement ("Energy Agreement") dated as of March 10, 2006, as amended by and between FOREST CREEK WIND FARM, LLC, (f/k/a Airtricity Forest Creek Wind Farm, LLC), a Delaware limited liability company ("Seller") and LUMINANT ENERGY COMPANY LLC (f/k/a TXU Portfolio Management Company LP), a Texas limited liability company ("Buyer").

Ladies and Gentlemen,

Seller, as the Non-Defaulting Party, hereby exercises all of its rights under Section 8.02B of the Energy Agreement[1] and declares Early Termination of the Energy Agreement.

Buyer has committed Events of Default under Sections 8.02A.(4) and 8.02A.(5) of the Energy Agreement. Section 8.02A.(5) provides that an Event of Default occurs upon the failure of a Party to provide and maintain the Security required by the Energy Agreement if such failure is not remedied within five (5) Business Days after written notice (the "Applicable Cure Period"). Pursuant to Section 10.01, Buyer is obligated (i) to provide Security consistent with the Guaranty during the term of the Energy Agreement, or (ii) pursuant to Section 10.01G of the Energy Agreement, to provide alternative cash security.

---

[1] Reference is made to both the Energy Agreement and the guaranty ("Guaranty") issued by Texas Competitive Electric Holdings Company LLC Guaranty, f/k/a TXU Energy Company LLC, in favor of Forest Creek Wind Farm LLC and dated January 11, 2010, as amended December 10, 2010, May 23, 2011, December 12, 2011, December 11, 2012, and December 16, 2013, which was not extended and expired in accordance with its terms on December 31, 2014. Except as otherwise provided, capitalized terms used herein and not otherwise defined shall have the same meaning as in the Energy Agreement.

15109365_3

April 8, 2015

By way of a letter dated December 29, 2014 ("Seller's Notice"): (i) Seller acknowledged advice received from Buyer that Buyer would not be extending the term of the Guaranty beyond its December 31, 2014, expiry date, and, (ii) Seller demanded that Buyer provide the replacement Security described in Section 10.01G of the Energy Agreement.

On March 12, 2015, Seller delivered to Buyer a notice ("Default Notice") of an Event of Default under the Energy Agreement as a result of Buyer's failure to provide Security in replacement of the expired Guaranty. As of the date of this letter, Seller has not received an extension of the Guaranty or the replacement Security demanded by way of Seller's Notice and the Default Notice.

Therefore, Buyer is a Defaulting Party under Section 8.02A.(5) because Buyer has failed to provide and maintain the Security required by the Energy Agreement, and such failure was not remedied within the Applicable Cure Period. Buyer has given no indication that it is attempting to cure such Event of Default, as would be required to extend the Applicable Cure Period pursuant to Section 8.02B. or Section 8.02C.

Additionally, Buyer is a Defaulting Party under Section 8.02A.(4). Section 8.02A.(4) provides that an Event of Default occurs when a Party files a petition or otherwise commences, authorizes or acquiesces in the commencement of a proceeding or cause of action under any bankruptcy, insolvency, reorganization or similar law. On April 29, 2014, Buyer filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

Accordingly, Buyer is a Defaulting Party under Section 8.02A.(4) as well as Section 8.02A.(5). Seller is therefore justified in exercising its right to set an Early Termination Date in accordance with Section 8.02B, as permitted by paragraph 10 of the Court's *Final Order (RE: Non-Proprietary Trading and Hedging Transactions Involving the Debtors' Power Generation and Retail Operations) Authorizing the Debtors to (A) Continue Performing Under Prepetition Hedging and Trading Arrangements, (B) Pledge Collateral and Honor Obligations Thereunder, and (C) Enter Into and Perform Under Trading Continuation Agreements and New Postpetition Hedging and Trading Arrangements* [Dkt. No. 860], in conjunction with Bankruptcy Code sections 362(b)(6) and 556.

Seller designates the effective time and date of such Early Termination to be 12:00 a.m. on April 15, 2015, and will suspend performance under the Energy Agreement as of such time and date, coinciding with the earliest date for the transition by the Electric Reliability Council of Texas, Inc. of qualified scheduling entity representation from Luminant to a third party.

Regards,

FOREST CREEK WIND FARM, LLC

By: *[signature]*

Name: Tom Festle
Title: Chief Financial Officer & Secretary

2