**Exhibit B**

**Retention Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE


**ORIGINAL**

| | )  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 660** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, "K&E") as their attorneys effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the amended declaration of Edward O. Sassower, the president of Edward O. Sassower, P.C., a partner in the law firm of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application and the Sassower Declarations (as defined herein).

RLF1 10816723v.1

Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Amended Sassower Declaration"), the first supplemental declaration of Edward O. Sassower (the "First Supplemental Declaration" and, together with the Amended Sassower Declaration, the "Sassower Declarations"), and the declaration of Stacey Doré, the Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp. (the "Doré Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Sassower Declaration that (a) K&E does not hold or represent an interest adverse to the Debtors' estates and (b) K&E is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing, if any, held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized to retain and employ K&E as their attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however*, that to the extent the Application, the Sassower Declarations, the Doré Declaration, any later declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. K&E is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter, as follows:

  a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

  b. advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

  c. attending meetings and negotiating with representatives of creditors and other parties in interest;

  d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

  e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

  f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

  g. advising the Debtors in connection with any potential sale of assets;

3

h.  appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.  advising the Debtors regarding tax matters;

j.  taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.  performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.  K&E shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.  K&E is aware of certain potential claims by and among the Debtors, including alleged potential actions under chapter 5 of the Bankruptcy Code, tax-related claims, and other intercompany claims.

6.  If any potential conflict between or among the Debtors, whether or not resulting from intercompany or other claims, becomes an actual conflict or K&E otherwise determines that it can no longer provide advice to the Debtor(s) on a particular matter (either one, an "Actual Conflict Matter"), then K&E immediately shall file a notice of the Actual Conflict Matter, with a copy to the U.S. Trustee, and the applicable Debtor(s) will retain RLF or other conflicts counsel ("Conflicts Counsel") to advise the Debtor(s) in connection with the Actual Conflict Matter.

7.  K&E may not represent the applicable Debtor(s) in litigating or otherwise advising the applicable Debtor(s) with respect to the Actual Conflict Matter. K&E may confer with the Debtors, Conflicts Counsel, the Debtor(s)' other advisors, any other party, and advisors to such other parties in connection with K&E's continued representation of the Debtors in (i)

4

negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter.

8. K&E shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court. K&E also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by K&E in these chapter 11 cases.

9. Notwithstanding anything to the contrary in the Application, the Sassower Declarations, any subsequent declaration, or the Engagement Letter, K&E shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. K&E has agreed to be bound by the terms of the Fee Committee Order.

10. Notwithstanding anything to the contrary in the Application or the Engagement Letter, K&E will not seek reimbursement of expenses for office supplies.

11. K&E is authorized without further order of the Court to reserve and apply the amounts from the Retainer that would otherwise be applied toward the payment of Postpetition

5

Fees and Expenses as are necessary and appropriate to compensate and reimburse K&E for the payment of Prepetition Fees and Expenses consistent with its ordinary course billing practices. K&E shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses before the entry of an order approving the First Interim Fee Application. In advance of the hearing on the First Interim Fee Application, K&E shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses. Thereafter, K&E shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

12. K&E shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by K&E to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, K&E shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

13. K&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

14. The Debtors and K&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

RLF1 10816723v.1

15. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

16. To the extent the Application, the Amended Sassower Declaration, the First Supplemental Sassower Declaration, the Doré Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: September 16, 2014
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE