**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **ENERGY FUTURE HOLDINGS CORP. *et al.*,** | : | **Case No. 14-10979 (CSS)** |
| **Debtors-in-Possession.** | : | **(Jointly Administered)**<br>**(D.I. 1888)** |

**FEE COMMITTEE'S FOURTH STATUS REPORT CONCERNING INTERIM FEE APPLICATIONS FOR HEARING ON JUNE 24, 2015 AT 10:00 A.M. EDT**

TO: THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee Committee") respectfully submits this report (the "Report") concerning 29 interim fee applications (each an "Application" and, collectively, the "Applications") and respectfully requests that they be heard and approved on an uncontested basis at the hearing scheduled for June 24, 2015.

**EXECUTIVE SUMMARY**

Since the issuance of its last report dated February 12, 2015, the Fee Committee has reviewed and, herein, expresses its recommendation for approval of 29 fee applications seeking interim compensation and expenses that aggregate $44,027,710.85 in fees and $1,535,586.94 in expense reimbursements through December 31, 2015. This Report reflects an increase in the number of applications that the Fee Committee had considered previously because additional professionals have been retained to address conflict of interest issues and the need for separate representation of the Debtors' independent directors.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, met on at least a monthly basis, including five in-person and three telephonic meetings. At these meetings, the Fee Committee engaged in extensive discourse concerning the Applications and responses from the professionals to the Fee Committee's Letter Reports.[1]

With few exceptions, the Fee Committee has found the retained professionals to be responsive to requests for information and cooperative in resolving areas of concern. In addition, the Fee Committee has observed that, in connection with many of the applications submitted by professionals that had fees approved for the First Interim Fee Period, the second interim Applications were more in compliance with the Local Rules, U.S. Trustee Guidelines, and Fee Committee standards.

Some of the primary issues that continue to arise in the applications, and that the Fee Committee has identified and will continue to identify as areas of concern, include: excessive numbers of attendees at hearings, conferences, and meetings; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities. Other specific issues—such as a lack of sufficient detail in time detail, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee. To that end, the Fee Committee has issued six case-specific guidance memoranda to the retained professionals in an effort to address these areas of concern.

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee reports.

The total fees requested on an interim basis and approved or recommended for approval by the Fee Committee to date are set forth in the following chart:[2]

| CUMULATIVE TOTAL OF INTERIM FEES AND EXPENSE REIMBURSEMENTS REQUESTED[3] | | | | | |
|---|---|---|---|---|---|
| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT | | RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 6/24/15 | |
| | | FEES | EXPENSES | FEES | EXPENSES |
| FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014 | | | | | |
| 4 | December 29, 2014 | $12,862,747.75 | $353,843.86 | | |
| 1 | January 26, 2015 | $24,511,927.32 | $1,122,860.04 | | |
| 5 | February 18, 2015 | $16,517,565.76 | $820,543.45 | | |
| 6-held over | June 24, 2015 | | | $7,660,577.80 | $197,488.77 |
| 1 | not yet scheduled[4] | | | | |
| SECOND INTERIM FEE PERIOD: AUGUST 31, 2014 THROUGH DECEMBER 31, 2014 | | | | | |
| 12 (professionals' 1st applications) | June 24, 2015 | | | $7,542,288.16 | $211,030.11 |
| 11 (professionals' 2d applications) | June 24, 2015 | | | $27,468,997.43 | $1,096,988.33 |
| 2 (professionals' 2d applications) | not yet scheduled[5] | | | | |
| THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015 | | | | | |
| 1 | not yet scheduled[6] | | | | |

## APPLICATIONS FOR INTERIM COMPENSATION SCHEDULED FOR HEARING ON JUNE 24, 2015

The Applications scheduled to be heard at the June 24, 2015 hearing that are the subject of this Report may be divided into three groups. The first group (each, a "First Fee Application") requests compensation for work performed during the "First Interim Fee Period"

[2] A complete schedule of interim fee applications scheduled for hearing on June 24, 2015, along with the Fee Committee's recommended deductions, is attached hereto as **Exhibit A**.

[3] This table does not include the fees and expenses incurred by the Fee Committee Chair or Fee Committee counsel, which aggregate $1,085,721.16 in fees and $44,022.30 in expense reimbursement requests. *See infra* n.7.

[4] The single remaining fee application for the First Interim Fee Period, requesting $1,118,216.00 in fees and $181,389.32 in expense reimbursement requests, was filed on June 2, 2015 [D.I. 4648].

[5] Two second interim fee applications remain in discussions/negotiations—those of Kirkland & Ellis LLP and FTI Consulting, Inc. To the extent that the Fee Committee reaches resolution of the issues identified with these applications, the Fee Committee may seek leave of court to file a supplement to this report in order for those applications to be heard at the June 24, 2015 hearing.

[6] The single fee application for work performed during the Third Interim Fee Period, requesting $1 million in flat fees and $71,856.92 in expense reimbursement requests, was filed on June 3, 2015 [D.I. 4662].

(April 29, 2014 through August 31, 2014), and includes the following professionals' applications:

1. Deloitte & Touche LLP [D.I. 2901]
2. Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions [D.I. 3408]
3. Sidley Austin LLP [D.I. 2693]
4. FTI Consulting, Inc. [D.I. 2672]
5. Morrison & Foerster LLP (residual amount) [D.I. 2891]
6. Polsinelli PC [D.I. 2890]

The second group (each a "First Fee Application") includes professionals retained after the First Interim Fee Period and requests compensation for services provided during the latter part of the "Second Interim Fee Period" (September 1, 2014 through December 31, 2014):

7. Alix Partners, LLP [D.I. 3570]
8. Balch & Bingham LLP [D.I. 3542]
9. Cravath Swaine & Moore LLP [D.I. 3533]
10. Goldin Associates, LLC [D.I. 3579]
11. Greenhill & Co., LLC [D.I. 4018]
12. Guggenheim Securities, LLC [D.I. 3572]
13. Montgomery, McCracken, Walker & Rhoads, LLP [D.I. 3568]
14. Munger, Tolles & Olson LLP [D.I. 3563]
15. O'Kelly Ernst & Bielli LLC [D.I. 3558]
16. Proskauer Rose LLP [D.I. 3559]
17. Stevens & Lee, P.C. [D.I. 3664]
18. Sullivan & Cromwell LLP [D.I. 3567]

The third group (each a "Second Fee Application") includes professionals retained as of the Petition date (or soon thereafter) requesting compensation for work performed during the Second Interim Fee Period:

19. Alvarez & Marsal North America, LLC [D.I. 3570]
20. Deloitte & Touche LLP [D.I. 3546]
21. Evercore Group L.L.C [D.I. 3868]
22. Filsinger Energy Partners [D.I. 3555]
23. Gibson, Dunn & Crutcher LLP [D.I. 3534]
24. KPMG LLP [D.I. 3877]
25. Lazard Frères and Co. LLC [D.I. 3704]
26. McDermott Will & Emery LLP [D.I. 3589]
27. Morrison & Forester LLP [D.I. 3541]
28. Polsinelli PC [D.I. 3659]
29. Thompson & Knight LLP [D.I. 3849]

## ISSUES IDENTIFIED

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards"). The Fee Committee has focused in particular on several fee issues, including time spent on retention and fee applications, administrative tasks that are properly part of the firm's overhead, transitory billers, and the excessive number of timekeepers from the retained professional attending hearings, meetings, and conferences.

With respect to expenses, the Fee Committee has issued additional case-specific guidelines addressing local travel to provide greater certainty and eliminate unnecessary discussion with professionals on this issue.

On the continuing and troubling issue of multiple attendance—whether at meetings, depositions, or hearings—the Fee Committee continues to hone its analysis and has engaged in detailed discussions with many professionals regarding their staffing practices, team structures, and substantive roles to ensure that all timekeepers are contributing meaningfully to the specific meeting or hearing at issue. All of the applicants discussed in this Report have agreed to adjustments consistent with the Fee Committee's recommendations.

## THE APPLICATIONS

As of the date hereof, 32 interim fee applications are scheduled to be heard by the Court on June 24, 2015.[7] Unless otherwise noted, all of the Applications generally complied with the Fee Committee Guidelines. The issues identified in each Application are summarized below.

---

[7] This number includes the 29 Applications recommended for Court approval in this Report, along with the applications of the Fee Committee Chair and Fee Committee counsel, which will be heard on June 24, 2015 and total $1,085,721.16 in fees and $44,022.30 in expense reimbursement requests. *See First Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee*

**HOLD-OVER APPLICATIONS FROM THE FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014**

1. *First Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors in Possession for the Period April 29, 2014 to August 31, 2014* [D.I. 2901]

On October 29, 2014, the Court authorized the Debtors to retain Deloitte & Touche LLP as their independent auditor [D.I. 2617]. On November 26, 2014, Deloitte filed its First Fee Application seeking $2,072,499.50 in fees and $0 in expense reimbursements. By its Letter Report to Deloitte, the Fee Committee identified certain issues of concern, including billing errors and non-compensable billing activities. Deloitte subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

2. *First Interim Fee Application of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From April 29, 2014 Through August 31, 2014* [D.I. 3408]

On September 16, 2014, the Court authorized the Debtors to retain Epiq Bankruptcy Solutions, LLC as their administrative advisor. On January 30, 2015, Epiq filed its First Fee Application seeking $204,706.20 in fees and $0 in expense reimbursements. By its Letter Report to Epiq, the Fee Committee identified certain issues of concern, including billing errors. Epiq subsequently either provided adequate explanation for these issues and/or agreed to certain

---

*Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from August 21, 2014 Through December 31, 2014* [D.I. 3900]; *First Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* [D.I. 3901]; and *First Interim Fee Application of Phillips, Goldman & Spence, P.A. for Compensation and Reimbursement of Expenses as Delaware Counsel to the Fee Committee for the Period September 1, 2014 Through December 31, 2014* [D.I. 4388].

adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

3. *Interim Quarterly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors and Debtors in Possession for the Period of April 29, 2014 Through August 31, 2014* [D.I. 2693] ("Sidley's First Fee Application")

On September 16, 2014, the Court authorized the Debtors to retain Sidley as special counsel to the Debtors [D.I. 2060]. On January 30, 2015, Sidley filed its First Fee Application seeking $2,327,235.30 in fees and $24,009.87 in expense reimbursements. By its Letter Report to Sidley, the Fee Committee identified certain issues of concern, including apparently excessive charges for retention activities and potential overlap with other professionals. Sidley subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

4. *First Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for the Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 19, 2014 Through August 31, 2014* [D.I. 2672]

On October 20, 2014, the Court authorized the T-Side UCC to retain FTI as its financial advisor [D.I. 2057]. On October 31, 2014, FTI filed its First Fee Application seeking $3,300,549.00 in fees and $142,783.00 in expense reimbursements. By its Letter Report to FTI, the Committee identified certain issues of concern, including potential overstaffing or excessive management oversight and supervision, as well as concern about the specificity of FTI's task and expense descriptions. FTI subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

5. *First Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 12, 2014 Through August 31, 2014 [D.I. 2671] and the Supplement to the First Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 12, 2014 Through August 31, 2014* [D.I. 2891][8]

On October 31, 2014, Morrison & Foerster filed its First Fee Application. Morrison & Foerster agreed to defer a portion—$41,827.50—of its first fee request for consideration with the Second Interim Fee Period application to provide additional context for some work performed. The Fee Committee now has confirmed that the additional context provided satisfies its concerns and recommends that the Court approve this deferred compensation.

6. *First Interim Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 13, 2014 Through August 31, 2014 [D.I. 2674] and Supplement to First Interim Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 13, 2014 Through August 31, 2014* [D.I. 2890]

On October 17, 2014, the Court authorized the T-Side UCC to retain Polsinelli as Delaware co-counsel [D.I. 2491]. On October 31, 2014, Polsinelli filed its First Fee Application seeking $500,927.50 in fees and $32,695.04 in expense reimbursements. By its Letter Report to Polsinelli, the Committee identified certain issues of concern, including the number of Polsinelli professionals attending hearings and the lack of specificity in Polsinelli's task descriptions. Polsinelli subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

[8] Details about the retention, role, and first interim fee applications of professionals that have been subject to prior Fee Committee review will not be repeated in this Report.

**FIRST INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014**

7. *First Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period from November 20, 2014 through December 31, 2014* [D.I. 3570]

On January 12, 2015, the Court authorized the E-Side UCC to retain Alix Partners as restructuring advisor [D.I. 3242]. On February 17, 2015, Alix Partners filed its First Fee Application seeking $379,108.50 in fees and $36,146.71 in expense reimbursements. By its Letter Report to Alix Partners, the Fee Committee identified certain issues of concern, including potential overstaffing and the frequency of and professional attendance at meetings. Alix Partners subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

8. *First Interim Application of Balch & Bingham LLP, Special Counsel to the Debtor and Debtors in Possession, for the Period from October 1, 2014 Through and Including December 31, 2014* [D.I. 3542]

On October 27, 2014, the Court authorized the Debtors to retain Balch as their special counsel on various environmental litigation and regulatory matters [D.I. 2563]. On February 13, 2015, Balch filed its First Fee Application seeking $615,498.05 in fees and $21,520.61 in expense reimbursements. By its Letter Report to Balch & Bingham, the Fee Committee identified certain issues of concern, with some billing errors and discrepancies noted. Balch subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

9. *First Interim Application of Cravath, Swaine & Moore LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, For the Period November 16, 2014 Through December 31, 2014* [D.I. 3533]

On January 16, 2015, the Court authorized the Debtors to retain Cravath as counsel to EFIH and its independent director in connection with conflict matters, including determining whether conflict matters exist [D.I. 3321]. On February 13, 2015, Cravath filed its First Fee Application seeking $521,822.00 in fees and $1,486.73 in expense reimbursements. By its Letter Report to Cravath, the Fee Committee identified certain issues of concern, including some billing errors and time entries that lacked sufficient detail. Cravath subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

10. *First Interim Fee Statement of Goldin Associates, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from December 11, 2014 through December 31, 2014* [D.I. 3579]

On January 13, 2015, the Court authorized the Debtors to retain Goldin as the special financial advisor to EFIH and its independent director in connection with conflict matters, including determining whether conflict matters exist [D.I. 3277]. On February 18, 2015, Goldin filed its First Fee Application requesting $150,000.00 in flat fee compensation and $1,805.69 in expense reimbursements. By its Letter Report to Goldin, the Fee Committee identified a single non-reimbursable expense. Goldin subsequently either provided adequate explanation for the issue and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

11. *First Interim Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period November 17, 2014 Through December 31, 2014* [D.I. 4018]

On January 13, 2015, the Court authorized the Debtors to retain Greenhill as the special financial advisor to EFCH and TCEH and their independent directors in connection with conflict matters, including determining whether conflict matters exist [D.I. 3283]. On March 31, 2015, Greenhill filed its First Fee Application, seeking $366,666.67 in flat fees and $36,048.14 in expense reimbursements. By its Letter Report to Greenhill, the Fee Committee identified certain issues of concern, including several non-reimbursable expenses. Greenhill subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

12. *First Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period November 12, 2014 Through December 31, 2014* [D.I. 3572]

On January 13, 2015, the Court authorized the E-Side UCC to retain Guggenheim as its investment banker [D.I. 3276]. On February 17, 2015, Guggenheim filed its First Fee Application seeking $408,333.33 in flat fees and $61,782.52 in expense reimbursements. By its Letter Report to Guggenheim, the Fee Committee identified certain areas of concern, including several non-reimbursable expenses. Guggenheim subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

13. *First Interim Application of Montgomery, McCracken, Walker & Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to the EFH Official Committee for Compensation and Reimbursement of Expenses for the Period From November 5, 2014 Through December 31, 2014* [D.I. 3568]

On January 12, 2015, the Court authorized the E-Side UCC to retain Montgomery as its Delaware co-counsel [D.I. 3241]. On February 17, 2015, Montgomery filed its First Fee Application seeking $49,764.50 in fees and $4,466.07 in expenses. By its Letter Report to Montgomery, the Fee Committee identified certain issues of concern, including some billing errors and improperly "lumped" time as well as several non-compensable expense reimbursement requests. Montgomery subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

14. *First Interim Application of Munger, Tolles & Olson LLP, Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC, For the Period November 16, 2014 Through December 31, 2014* [D.I. 3563]

On January 13, 2015, the Court authorized the Debtors to retain Munger as independent counsel to EFCH and TECH and their independent directors in connection with conflict matters, including determining whether conflict matters exist [D.I. 3279]. On February 17, 2015, Munger filed its First Fee Application seeking $1,195,324.75 in fees and $14,202.34 in expense reimbursements. By its Letter Report to Munger, the Fee Committee identified certain issues of concern, including some billing errors, time entries that lacked sufficient detail, unnecessary attendance at meetings and hearings, and several non-reimbursable expenses. Munger subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

15. *First Interim Application of O'Kelly Ernst & Bielli, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp., for the Period From November 19, 2014 Through and Including December 31, 2014* [D.I. 3558]

On January 13, 2015, the Court authorized the Debtors to retain O'Kelly as Delaware co-counsel to the independent directors of Energy Future Holdings Corp. ("EFH") [D.I. 3280]. On February 17, 2015, O'Kelly filed its First Fee Application seeking $10,141.50 in fees and $190.00 in expense reimbursements. By its Letter Report to O'Kelly, the Fee Committee identified certain issues of concern, including some billing errors, inconsistency in the use of matter names and codes, time entries described with inadequate detail, and non-compensable expense reimbursement requests. O'Kelly subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

16. *First Interim Fee Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., For Compensation for Services Rendered and Reimbursement of Expenses Incurred From November 19, 2014 Through December 31, 2014* [D.I. 3559]

On January 13, 2015, the Court authorized the Debtors to retain Proskauer as counsel to EFH and its independent directors in connection with conflict matters, including determining whether conflict matters exist [D.I. 3281]. On February 17, 2015, Proskauer filed its First Fee Application seeking $1,241,019.25 in fees and $32,968.38 in expense reimbursements. By its Letter Report to Proskauer, the Fee Committee identified certain issues of concern, including some billing errors, time entries that lacked sufficient detail, excessive attendance at meetings and hearings, and non-reimbursable expenses. The Fee Committee also noted that certain timekeepers appeared to keep time in half-hour—instead of tenth-hour—increments. Proskauer subsequently either provided adequate explanation for these issues and/or agreed to certain

adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

17. *First Interim Application of Stevens & Lee, P.C., Special Counsel for Energy Future Intermediate Holding Company LLC, for the Period November 26, 2014 Through December 31, 2014* [D.I. 3664]

On January 13, 2015, the Court authorized the Debtors to retain Stevens & Lee as Delaware co-counsel to EFIH in connection with conflict matters, including determining whether conflict matters exist [D.I. 3278]. On February 26, 2015, Stevens & Lee filed its First Fee Application seeking $21,186.00 in fees and $37.00 in expense reimbursements. By its Letter Report to Stevens & Lee, the Fee Committee identified certain issues of concern, including billing errors, lumped time entries, inadequately described tasks, and staffing concerns. Stevens & Lee subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

18. *First Interim Fee Application of Sullivan & Cromwell LLP as Counsel to the EFH Committee* [D.I. 3567]

On January 13, 2015, the Court authorized the E-Side UCC to retain Sullivan as its counsel [D.I. 3282]. On February 17, 2015, Sullivan filed its First Fee Application seeking $2,771,397.40 in fees and $16,221.34 in expense reimbursements. By its Letter Report to Sullivan, the Fee Committee identified certain issues of concern, including potential overstaffing and the frequency of and professional attendance at regular briefing meetings. Sullivan subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

**SECOND INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014**

19. *Interim Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From September 1, 2014 Through and Including December 31, 2014* [D.I. 3570]

On February 25, 2015, Alvarez & Marsal filed its Second Fee Application seeking $5,029,260.50 in fees and $204,694.44 in expense reimbursements. By its Letter Report to Alvarez & Marsal, the Fee Committee identified certain issues of concern, including some data discrepancies and time spent on routine billing and invoicing activities. Alvarez & Marsal subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

20. *Second Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors in Possession for the Period of September 1, 2014 Through December 31, 2014* [D.I. 3546]

On February 13, 2015, Deloitte filed its Second Fee Application seeking $2,508,542.00 in fees and $0 in expense reimbursements. By its Letter Report to Deloitte, the Fee Committee identified certain issues of concern, including time spent on routine billing and invoicing activities and audit tasks that may have been inadequately described. Deloitte subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

21. *Second Interim Fee Application of Evercore Group L.L.C., Debtors' Investment Banker and Financial Advisor for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From September 1, 2014 Through December 31, 2014* [D.I. 3868]

On March 10, 2015, Evercore filed its Second Fee Application seeking $2,100,000.00 in flat fees and $203,938.94 in expense reimbursements. By its Letter Report to Evercore, the Fee Committee identified certain issues of concern, including some expenses that may not be subject to reimbursement. Evercore subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

22. *Second Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period From September 1, 2014 Through and Including December 31, 2014* [D.I. 3555]

On February 16, 2015, Filsinger filed its Second Fee Application seeking $4,193,033.25 in fees and $195,125.66 in expense reimbursements. By its Letter Report to Filsinger, the Fee Committee identified certain issues of concern, including some data errors, concerns about time spent on routine billing and invoicing activities, and several inadequately documented expenses. Filsinger subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

23. *Second Interim Fee Application of Gibson, Dunn & Crutcher LLP, Special Counsel to the Debtors and Debtors in Possession, for the Period From September 1, 20I4 Through and Including December 31, 2014* [D.I. 3534]

On February 13, 2015, Gibson Dunn filed its Second Fee Application seeking $484,484.80 in fees and $946.97 in expense reimbursements. By its Letter Report to Gibson Dunn, the Fee Committee identified certain issues of concern, including time spent on routine billing and invoicing activities. Gibson Dunn subsequently either provided adequate explanation

for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

24. *Second Interim Fee Application of KMPG LLP for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Accounting and Tax Advisors to the Debtors and Debtors in Possession for the Period From September 1, 2014 Through December 31, 2014* [D.I. 3877]

On March 12, 2015, KPMG filed its Second Fee Application seeking $2,563,940.10 in fees and $190,576.19 in expenses. By its Letter Report to KPMG, the Fee Committee identified certain issues of concern, including some data errors, time spent on routine billing and invoicing activities, and inadequately documented expenses. KPMG subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

25. *Second Interim Application of Lazard Frères and Co. LLC, as Investment Banker to the Official Committee of TCEH Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2014 Through December 31, 2014* [D.I. 3704]

On February 27, 2015, Lazard filed its Second Fee Application seeking $1 million in flat fee compensation and $39,106.67 in expense reimbursements. By its Letter Report to Lazard, the Fee Committee identified certain issues of concern, including some non-compensable and/or inadequately documented expenses. Lazard subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

26. *Second Interim Fee Application of McDermott Will & Emery LLP, Special Counsel for the Debtors and Debtors in Possession, for the Period From September 1, 2014 Through and Including December 31, 2014* [D.I. 3589]

On February 18, 2015, McDermott filed its Second Fee Application seeking $343,622.25 in fees and $31,364.55 in expense reimbursements. By its Letter Report to McDermott, the Fee Committee identified certain issues of concern, including time spent on routine billing and

invoicing activities and multiple attendance at hearings as well as several inadequately documented expenses. McDermott subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

27. *Second Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2014 Through December 31, 2014* [D.I. 3541]

On February 13, 2015, Morrison & Foerster filed its Second Fee Application seeking $8,588, 175.50 in fees and $23,097.18 in expense reimbursements. By its Letter Report to Morrison & Foerster, the Fee Committee identified certain issues of concern, including minor billing errors and time spent by transitory timekeepers. Morrison & Foerster subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

28. *Second Interim Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2014 Through December 31, 2014* [D.I. 3659]

On February 25, 2015, Polsinelli filed its Second Fee Application requesting $549,128.50 in fees and $23,097.18 in expense reimbursements. By its Letter Report to Polsinelli, the Fee Committee identified certain issues of concern, including a number of non-reimbursable expenses, task descriptions that may have been insufficiently detailed and continuing concerns about staffing and hearing attendance. Polsinelli subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

29. *Second Interim Fee Application of Thompson & Knight LLP, Special Tax Counsel for the Debtors and Debtors in Possession, for the Period from September 1, 2014 through and Including December 31, 2014* [D.I. 3849]

On March 9, 2015, Thompson & Knight filed its Second Fee Application seeking $489,517.00 in fees and $1,639.59 in expense reimbursements. By its Letter Report to Thompson & Knight, the Fee Committee identified certain issues of concern, including time spent on routine billing and invoicing activities, hearing attendance, and several inadequately documented expenses. The Fee Committee also noted that certain timekeepers appeared inclined to keep time in half-hour—instead of tenth-hour—increments. Thompson & Knight subsequently either provided adequate explanation for these issues and/or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter an order, the form of which will be submitted to the Court, approving on an interim basis the Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit.

Dated: June 16, 2015.

PHILLIPS, GOLDMAN & SPENCE, P.A.

By: *_/s/Stephen A. Spence_*
Stephen A. Spence, Esquire (DE#5392)
Stephen W. Spence, Esquire (DE#2033)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Phone: (302) 655-4200
Fax: (302) 655-4210
E-mail: sas@pgslaw.com
sws@pgslaw.com

Katherine Stadler, Esquire (admitted *pro hac vice*)
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Phone: (608) 257-3911
Fax: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

13320687.9