**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 4782** |

**DECLARATION OF STEVEN R. KOTARBA,**
**MANAGING DIRECTOR WITH ALVAREZ & MARSAL**
**NORTH AMERICA, LLC, IN SUPPORT OF THE**
**DEBTORS' SIXTEENTH OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO (INSUFFICIENT DOCUMENTATION,**
**AMENDED, AND WRONG DEBTOR) CLAIMS PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Steven R. Kotarba, declare as follows:

1.      I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M").

A&M serves as an advisor to the Debtors in preparation for and during these chapter 11

proceedings by assisting the Debtors with financial analyses, claims management, and various

notice requirements.  In preparing this declaration, I generally relied on court pleadings and other

compilations on which I typically rely in performing my job, and which are generally relied on

by the public or persons in my occupation.  I am over the age of 18 and duly authorized to

execute this declaration (the "Declaration") on behalf of the Debtors in support of the *Debtors'*

*Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and*

*Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules*

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4782] (the "<u>Objection</u>"),[2] filed contemporaneously herewith.

2.      The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and these chapter 11 cases.  If called to testify, I would testify to the facts set forth herein.

3.      To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases.  Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the Disputed Claims listed on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to **Exhibit A** to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

**I.      Insufficient Documentation Proofs of Claim.**

4.      Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 226 Insufficient Documentation Claims listed on **Exhibit 1** to **Exhibit A**, in the aggregate claimed amount of $2,319,416.18.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry— including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Insufficient Documentation Claims and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Insufficient Documentation Claims reflect

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

Proofs of Claim that were each filed without sufficient documentation to substantiate the Proof of Claim asserted therein as required by Bankruptcy Rule 3001.

## II.    Amended Proofs of Claim.

5.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 50 Amended Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $1,484,368.67.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Amended Claims and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability as reflected in the column labeled "Remaining Claims" on **Exhibit 2** to **Exhibit A**.

## III.    Wrong Debtor Proofs of Claim.

6.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 23 Wrong Debtor Claims listed on **Exhibit 3** to **Exhibit A**, in the aggregate claimed amount of $300,776.04.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Wrong Debtor Claims and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Wrong Debtor Claims reflect Proofs of Claim that (a) were each filed against a

Debtor that has no liability for the claims asserted therein, according to the Debtors' books and records, and (b) is properly asserted against a different Debtor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 16, 2015
        Wilmington, Delaware

_/s/ Steven R. Kotarba_
Steven R. Kotarba
Managing Director
Alvarez & Marsal North America, LLC