**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 4786** |

**DECLARATION OF STEVEN R. KOTARBA, MANAGING DIRECTOR WITH ALVAREZ & MARSAL NORTH AMERICA, LLC, IN SUPPORT OF THE DEBTORS' EIGHTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Steven R. Kotarba, declare as follows:

1.  I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M"). A&M serves as an advisor to the Debtors in preparation for and during these chapter 11 proceedings by assisting the Debtors with financial analyses, claims management, and various notice requirements. In preparing this declaration, I generally relied on court pleadings and other compilations on which I typically rely in performing my job, and which are generally relied on by the public or persons in my occupation. I am over the age of 18 and duly authorized to execute this declaration (the "Declaration") on behalf of the Debtors in support of the *Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Bankruptcy Rule 3007-1* [D.I. 4786] (the "Objection"),[2] filed contemporaneously herewith.

  2.  The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and these chapter 11 cases. If called to testify, I would testify to the facts set forth herein.

  3.  To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the 29 Disputed Claims listed on **Exhibits 1–7** to **Exhibit A** to the Objection, asserted in the aggregate claimed amount of $5,743,187.22, are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, Local Bankruptcy Rule 3007-1, and applicable orders of the Bankruptcy Court. Based on the Debtors' review of the Proofs of Claim and their books and records, the Disputed Claims are (i) asserted against the incorrect Debtor, (ii) asserted in an incorrect amount, (iii) asserted with an incorrect priority status; and/or (iv) improperly classified as secured, as follows:

| Exhibit No. | Applicable Bases for Objection | | | | Number of Claims | Claimed Amount |
|---|---|---|---|---|---|---|
| | **Wrong Debtor** | **Modify Amount** | **Modify Priority** | **Modify Classification** | | |
| 1 | X | X | | | 2 | $105,141.49 |
| 2 | X | | X | | 1 | $367.50 |
| 3 | X | | | X | 1 | $166.96 |
| 4 | | X | | | 16 | $5,558,377.39 |
| 5 | | X | X | | 2 | $37,678.22 |
| 6 | | | X | | 6 | $35,897.31 |
| 7 | | | | X | 1 | $5,558.35 |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

2

4. Accordingly, the Debtors have objected to each of the Disputed Claims to modify such claims as described in detail in the Objection and for the reasons set forth below:

**I.      Wrong Debtor Basis for Objection.**

5. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Disputed Claims subject to the Wrong Debtor Basis for Objection and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Disputed Claims subject to the Wrong Debtor Basis for Objection (a) were each filed against a Debtor that has no liability for the claims asserted therein, according to the Debtors' books and records, and (b) are each properly asserted against a different Debtor

**II.     Modify Amount Basis for Objection.**

6. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Disputed Claims subject to the Modify Amount Basis for Objection and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Disputed Claims subject to the Modify Amount Basis for Objection are either (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records (primarily due to the claimant overstating the amount of their claim, double-counting their claim, or a portion of the asserted claim being duplicated in another Proof of Claim filed by the same claimant on account of the same liability), or (b) asserted in an

amount that is entirely or partially undetermined, but the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed.

**III.    Modify Priority Basis for Objection.**

7.    To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Disputed Claims subject to the Modify Priority Basis for Objection and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Disputed Claims subject to the Modify Priority Basis for Objection each inaccurately asserted that all or a portion of the claim is entitled to priority status.

**IV.    Modify Classification Basis for Objection.**

8.    To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Disputed Claims subject to the Modify Classification Basis for Objection and all supporting information and documentation provided therewith and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Disputed Claims subject to the Modify Classification Basis for Objection each inaccurately asserted that all or a portion of the claim is entitled to secured status.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 16, 2015
      Wilmington, Delaware

                                                      */s/ Steven R. Kotarba*
                                                      Steven R. Kotarba
                                                      Managing Director
                                                      Alvarez & Marsal North America, LLC