THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date:   July 16, 2015**<br>**Obj. Deadline: July 2,  2015** |

**APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE *NUNC PRO TUNC* TO MAY 18, 2015**

Debtor Energy Future Intermediate Holding Company LLC ("**EFIH**") files this Application for the entry of an order in substantially the form attached to this Application as Exhibit A (the "**Order**"), under sections 327(a) and 1107(b) of the Bankruptcy Code, authorizing EFIH to employ and retain the law firm of Jenner & Block LLP ("**Jenner**") as special counsel to EFIH, effective *nunc pro tunc* to May 18, 2015. In support of this Application, the Debtors submit the Declaration of Charles H. Cremens, EFIH's disinterested manager (the "**Cremens Declaration**") and the Declaration of Richard Levin, a partner at Jenner (the "**Levin Declaration**"). Copies of the Cremens Declaration and the Levin Declarations are attached to this Application as **Exhibit B** and **Exhibit E** respectively and incorporated herein by reference. In further support of this Application, EFIH respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), EFIH

consents to the entry of a final order by the Court in connection with this Application to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.      Venue of this proceeding and this Application is proper in this District under

28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Sections 327(a) and 1107(b)

of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules.

**RELIEF REQUESTED**

4.      By this Application, EFIH seeks entry of the Order substantially in the form

attached hereto as Exhibit A, approving the employment of Jenner as independent counsel to

EFIH, effective as of May 18, 2015, to advise and represent EFIH in connection with Conflict

Matters (as defined below) and in determining whether a matter constitutes a Conflict Matter,

reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of EFIH

(the "**Disinterested Manager**").

## BACKGROUND

**A.    General Background**

5.    On April 29, 2014, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

6.    EFIH continues to operate its business and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.[2]

7.    On May 13, 2014, the Office of the United States Trustee, Region 3 formed and appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 420.] On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 2570.]

8.    On September 16, 2014, the Court approved the Stipulation and Agreed Order Regarding A Protocol For Certain Case Matters [ECF 2051], which authorized the Disinterested Manager, among others, to retain separate advisors of his choosing to advise or otherwise represent EFIH if he determined it necessary or prudent to do so with respect to the Debtors' filing of a plan or other document that sought to resolve potential claims of Energy Future Competitive Holding Companies LLC or its subsidiaries against other Debtors, where he determined that a potential conflict became an actual conflict under applicable law, or where this Court determined that the retention of an independent advisor would be appropriate. [ECF 2051, para. 4, at 3.]

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [ECF 98].

9.      On November 3, 2014, this Court issued its ruling on the Motion of Energy

Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B)

Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and

Manner of Notice Thereof [ECF 2087], finding, among other things, "[R]egardless of the merits

of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there

can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr.

Nov. 3, 2014, at 13-14; ECF 2699.]

10.     On November 7, 2014, EFIH's Board of Managers adopted resolutions, a copy of

which is attached to this Application as **Exhibit C**, determining that Charles H. Cremens is a

disinterested manager of EFIH and delegating to him authority to engage independent legal

counsel and such other advisors as he deemed necessary to represent and advise EFIH on

matters pertaining to this case in which a conflict exists between EFIH and any other Debtor

("**Conflict Matters**"). The Board of Directors of Energy Future Holdings Corp. ("**EFH**") and the

Board of Managers of Energy Future Competitive Holdings LLC and its principal subsidiary

Texas Competitive Electric Holdings Company LLC (collectively, "**EFCH**") adopted

substantively identical resolutions on the same day.

11.     Based on the foregoing, among other things, the Disinterested Manager

determined it necessary and prudent to retain independent counsel with respect to Conflict

Matters and with respect to whether any matter constitutes a Conflict Matter. On November 16,

2014, after consultation with the TCEH Creditor Representatives, as required by the September

16, 2014 Stipulation, he chose Cravath, Swaine & Moore LLP ("**Cravath**") to advise and

represent EFIH in connection with Conflict Matters, reporting to him and under his

direction.[3]

12.      On December 9, 2014, EFIH's Board of Managers adopted supplemental

resolutions, a copy of which is attached to this Application as **Exhibit D** (together with the

November 7 resolutions, the "**Resolutions**"), delegating to the Disinterested Manager the

authority to review and act upon any Conflict Matter, to investigate and determine whether any

matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH

and its subsidiaries (other than Oncor Electric Delivery Holdings Company LLC and its

subsidiaries) in connection therewith, with the advice of independent advisors or others with

whom he determined to consult. The Board of Directors of EFH and the Board of Managers of

EFCH adopted substantively identical resolutions on the same day.

13.      EFIH then filed an Application for approval of Cravath's employment, *nunc pro*

*tunc* to November 16, 2014, which this Court granted by order entered January 16, 2015 [ECF

3321]. Cravath has since provided substantial services to EFIH, principally in the areas of

restructuring, mergers & acquisition, litigation, and tax representation and advice, and

continues to do so. The Cravath partner responsible for the firm's restructuring representation

and advice, Richard Levin, left the firm effective May 17, 2015 and joined Jenner on May 18,

2015. After consultation among EFIH (through Mr. Cremens), Cravath, and Jenner, EFIH

decided to retain Jenner for restructuring representation and advice, so that the same team of

lawyers would continue to advise and represent EFIH in connection with Conflict Matters and

in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction

of the Disinterested Manager of EFIH.

---

[3] After its retention of Cravath, EFIH selected the firm of Stevens & Lee P.C. as Delaware co-counsel to
EFIH.

14.     Cravath will continue to advise and represent EFIH on mergers and acquisition, litigation, and tax matters, as it has done since November 16, 2014. Jenner does not intend to render services in those areas, except to the extent that Mr. Levin's work on restructuring issues includes such matters. Cravath and Jenner have agreed to prevent duplication of effort between the two firms, and Jenner will also use Stevens & Lee as Delaware co-counsel to that same end.

15.     EFIH requests approval of Jenner's employment *nunc pro tunc* to May 18, 2015. Jenner commenced work for EFIH immediately upon Mr. Levin's joining the firm on May 18, 2015, because of the urgent matters pending in this case, and since that date has been actively engaged in providing services to EFIH. Finalizing the employment terms needed to await review of Jenner's engagement agreement, and preparing this application needed to await completion of the review of "connections," as used in Bankruptcy Rule 2014, delaying the finalization and filing of this Application, which was filed promptly thereafter.

**B.     Jenner's Qualifications**

16.     The Disinterested Manager has selected Jenner to represent EFIH and advise it on restructuring matters because Mr. Levin is well qualified by experience and knowledge in, among other things, corporate matters, debtors' rights, business reorganizations, and restructurings under chapter 11 of the Bankruptcy Code and in representing and advising fiduciaries, including directors and officers and including in chapter 11 cases, in connection with, among other things, the exercise of their fiduciary duties, and because of Mr. Levin's experience and knowledge in this particular case. In addition, Jenner has a well experienced and knowledgeable Bankruptcy, Workout and Corporate Reorganization Practice, with lawyers in both its Chicago and New York offices, who will be available to assist Mr. Levin on restructuring matters in this chapter 11 case. EFIH believes that Mr. Levin and Jenner are well qualified and able to advise and represent EFIH in its chapter 11 case on restructuring matters.

C.    **Services to be Provided**

17.    The scope of Jenner's retention is limited to restructuring matters and to advising EFIH with respect to Conflict Matters and the investigation and determination of whether a matter constitutes a Conflict Matter and will not duplicate the efforts of Cravath, as described above, or of Kirkland & Ellis, LLP ("**Kirkland**") or Richards, Layton & Finger, P.A. ("**RLF**"), whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged. Kirkland and RLF on the one hand, and Cravath, Jenner, and Stevens & Lee on the other, will work to minimize duplication of their work, with Kirkland and RLF being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, and Cravath, Jenner, and Stevens & Lee advising EFIH on Conflict Matters and determination of whether a matter constitutes a Conflict Matter, each consistent with their respective engagements. In addition, in its capacity as counsel to EFIH, Jenner will endeavor not to duplicate the efforts of any other professional retained by the Debtors in these chapter 11 cases, including Cravath and its Delaware co-counsel Stevens & Lee.

D.    **Compensation**

18.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any application orders of this Court, compensation will be payable to Jenner on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Jenner.

19.     The hourly rates charged by Jenner for the services of professionals and

paraprofessionals it employs are:

| | |
|---|---|
| Partners | $635 o $1200 |
| Associates | $380 to $695 |
| Paralegals | $285 to $335 |
| Project Assistants | $205 to $300 |

The charges for the attorneys, paralegals, and project assistants who will render services to

EFIH will be based upon actual time spent and upon the experience and expertise of the

attorney, paralegal, or project assistant involved. The hourly rates set forth above are subject to

periodic adjustments (generally on January 1 of each year) to reflect economic and other

conditions.[4]

20.     The hourly rates set forth above are consistent with the rates that Jenner charges

other comparable clients for similar services, whether in or outside of chapter 11, regardless of

the location of the client or the court in which a matter is pending. The rate structure provided

by Jenner is appropriate and not significantly different from (a) the rates that Jenner charges for

other similar types of representations or (b) the rates that other comparable counsel would

charge to do work substantially similar to the work Jenner will perform in these chapter 11

cases.

21.     It is Jenner's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case. The expenses charged to clients include,

among other things, telephone conference call and international call charges, mail, express mail,

---

[4] For example, like many similar law firms, Jenner increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013. As set forth in the Order, Jenner has agreed to provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases and has agreed file such notice with the Court.

and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Jenner to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Jenner will charge EFIH for these expenses in a manner and at rates consistent with charges made generally to Jenner's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court. Jenner believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

22.     Notwithstanding the foregoing and consistent with the Local Rules, Jenner will charge no more than $0.10 per page for black and white photocopying and no more than $0.50 per page for color copying. Jenner does not charge its clients for domestic facsimile transmissions or for office supplies.

23.     EFIH understands that any compensation and expenses paid to Jenner must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals, including orders relating to the Fee Committee.

## BASIS FOR RELIEF REQUESTED

24.     Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, subject to court approval, to employ an attorney who is a disinterested person and does not hold or represent an interest adverse to the estate to represent or assist the debtor in possession in carrying out its duties in the case.

**A.    Retaining Jenner as Counsel to EFIH is in the Best Interests of the Debtor's Estate.**

25.    EFIH has already employed separate, independent counsel in this case in light of actual and the potential for conflicts and intercompany issues, and the Court has authorized the employment. With Mr. Levin's leaving Cravath and joining Jenner, EFIH believes that it is in the best interests of the estate to retain Jenner for the limited purpose described above and will minimize or eliminate entirely both cost and time lost to educate a new restructuring counsel. In addition, Jenner is well qualified to advise and represent it in its chapter 11 case as independent counsel for Conflict Matters and determination of whether a matter constitutes a Conflict Matter.

**B.    Jenner Is a Disinterested Person and Does Not Hold or Represent an Interest Adverse to EFIH.**

26.    Based on the Levin Declaration and to the best of EFIH's knowledge, information and belief, other than as set forth in the Levin Declaration, (a) Jenner is not a creditor, equity security holder, or insider of the Debtors, (b) none of Jenner's partners, counsels, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors, and (c) Jenner does not have an interest materially adverse to EFIH or its estate or any class of its creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in EFIH or for any other reason and is therefore a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate, and is eligible to be employed under section 327(a).

27.    To the extent that issues arise that would cause EFIH to be adverse to any of Jenner's clients such that it would not be appropriate for Jenner to represent it with respect to such matters, the Disinterested Manager will request that EFIH's co-counsel Stevens & Lee represent EFIH with respect to those matters.

**NOTICE**

28.     Notice of this Application will be provided to (a) the Office of the United States

Trustee; (b) counsel to the Debtors; (c) counsel to each Official Committee of Unsecured

Creditors; and (c) all parties who have filed requests for notice under Rule 2002 of the

Bankruptcy Rules in these chapter 11 cases. EFIH submits that no other or further notice is

necessary or required.

**WHEREFORE**, EFIH respectfully requests that this Court enter an Order substantially in

the form attached hereto as Exhibit A, approving the employment of Jenner & Block LLP as

independent counsel to EFIH, effective as of May 18, 2015, to advise and represent EFIH in

connection with Conflict Matters and in determining whether a matter constitutes a Conflict

Matter, reporting to and at the direction of the Disinterested Manager and limited to

restructuring matters, and grant such other and further relief as the Court deems just or proper.

Dated: June 16, 2015

Respectfully submitted,

*/s/ Charles H. Cremens*
Charles H. Cremens
Disinterested Manager
EFIH