# Exhibit B

[Cremens Declaration]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF CHARLES H. CREMENS IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO MAY 18, 2015**

I, Charles H. Cremens, declare under penalty of perjury as follows:

1. I am the Disinterested Manager of Energy Future Intermediate Holding Company LLC ("**EFIH**"), located at 1601 Bryan Street, Dallas, TX 75201.

2. I submit this Declaration in support of EFIH's Application for Order Approving Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to May 18, 2015 (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

**Disinterested Manager's Selection of Counsel**

3. Based on this Court's finding of an actual conflict in connection with the motion to approve bid procedures for a sale of an economic interest in EFIH's subsidiary Oncor Electric

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings set forth in the Application.

1

Delivery Company LLC and in accordance with the Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters, entered September 16, 2014 [ECF 2051], which authorized me, as the EFIH disinterested manager, to choose independent counsel if I determined it became necessary or prudent to do so with respect to a plan or inter-debtor issue, I determined that is was necessary to employ independent counsel and other advisers. Upon making that determination, I consulted with stakeholders to obtain a list of law firms who were not already involved in these cases that have the requisite experience and expertise to provide representation and advice in a case as complex and contentious as these cases. From that list, I interviewed lawyers at three firms and selected Cravath.

4. Cravath's employment was approved by this Court, and Cravath has been providing legal advice and representation to me since November 16, 2014. In May 2015, I learned that Richard Levin, the Cravath partner responsible for handling the restructuring matters portion of the engagement, was leaving Cravath and joining Jenner, effective May 18, 2015. I consulted with Cravath and with Mr. Levin about continuing to engage Mr. Levin as part of the EFIH Conflict Matters legal team, resulting in an agreement, subject to this Court's approval, that I would employ Jenner as Conflict Matters counsel to EFIH to retain the services of Mr. Levin on restructuring matters, with Cravath continuing to provide advice and representation on merger & acquisition, litigation, and tax matters. Jenner does not intend to render services in those areas, except to the extent that Mr. Levin's work on restructuring issues includes such matters. Cravath and Jenner have agreed to prevent duplication of effort between the two firms as much as reasonably possible.

**Jenner's Qualifications**

5. I believe that Mr. Levin is well qualified by experience and knowledge in, among other things, corporate matters, debtors' rights, business reorganizations, and restructurings

under chapter 11 of the Bankruptcy Code and in representing and advising fiduciaries, including directors and officers and including in chapter 11 cases, in connection with, among other things, the exercise of their fiduciary duties, and because of Mr. Levin's experience and knowledge to date in this case. In addition, Jenner has a well experienced and knowledgeable Bankruptcy, Workout and Corporate Reorganization Practice, with lawyers in both its Chicago and New York offices, who will be available to assist Mr. Levin on restructuring matters in this chapter 11 case. I believe that Mr. Levin and Jenner are well qualified and able to advise and represent EFIH in its chapter 11 case on restructuring matters.

**Services to be Provided**

29. The scope of Jenner's retention is limited to restructuring matters and to advising EFIH with respect to Conflict Matters and the investigation and determination of whether a matter constitutes a Conflict Matter and will not duplicate the efforts of Cravath, as described above, or of Kirkland & Ellis, LLP ("**Kirkland**") or Richards, Layton & Finger, P.A. ("**RLF**"), whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged. Kirkland and RLF on the one hand, and Cravath, Jenner, and Stevens & Lee on the other, will work to minimize duplication of their work, with Kirkland and RLF being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, and Cravath, Jenner, and Stevens & Lee advising EFIH on Conflict Matters and determination of whether a matter constitutes a Conflict Matter, each consistent with their respective engagements. In addition, because Mr. Levin was solely responsible at Cravath for the preparation of budgets, monthly interim fee statements, and periodic interim fee applications, Cravath has requested, and I have approved, that Mr. Levin continue performing that service for Cravath, subject to Cravath's review and approval, so as to minimize the transition and learning costs that might result otherwise.

**Employment Date**

30. EFIH requests approval of Jenner's employment *nunc pro tunc* to May 18, 2015. Jenner commenced work for EFIH immediately upon Mr. Levin's joining the firm on May 18, 2015, because of the urgent matters pending in this case, and since that date has been actively engaged in providing services to EFIH. Finalizing the employment terms needed to await review of Jenner's engagement agreement, and preparing this application needed to await completion of the review of "connections," as used in Bankruptcy Rule 2014, delaying the finalization and filing of this Application, which was filed promptly thereafter.

**Compensation**

6. Jenner has informed EFIH that the rates it charges for this engagement are comparable to the rates it charges for non-bankruptcy engagements. Based on my general familiarity with the rates that major law firms such as Jenner charge, including Cravath, I am comfortable that Jenner's rates are comparable to the rates and terms of other comparably skilled counsel.

**Fee and Cost Supervision**

7. EFIH and Jenner expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's Fee Guidelines and the Fee Committee's procedures, recognizing that in the course of this complex chapter 11 case, there are likely to be unforeseeable events and demands that EFIH and Jenner will need to address. EFIH further recognizes that it is its responsibility to monitor closely the billing practices of counsel to ensure the fees and expenses paid by the estate remain consistent with EFIH's expectations and the exigencies of EFIH's chapter 11 case. EFIH will review the invoices that Jenner submits, and, together with Jenner, amend the budget and staffing plans periodically, as the case develops.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

June 16, 2015                                     By:    /s/ Charles H. Cremens
                                                              Charles H. Cremens
                                                              Disinterested Manager, Board of
                                                              Managers, Energy Future Intermediate
                                                              Holding Company LLC