**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: July 16, 2015 at 9:30 a.m.** |
| | ) **Objection Deadline: July 6, 2015 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER WAIVING LOCAL BANKRUPTCY RULE 3007-1(f)(ii)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), waiving rule 3007-1(f)(ii) of the Local Bankruptcy Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Bankruptcy Rules"), and permitting the Debtors to file more than two

substantive omnibus objections to claims in a given month.  In support of this Motion, the

Debtors respectfully state as follows.

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.   This matter is a core proceeding within the meaning of

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 1001-1 and 3007-1.

## Relief Requested

4.      By this motion, the Debtors seek entry of the Order waiving Local Bankruptcy Rule 3007-1(f)(ii) and permitting the Debtors to file more than two substantive omnibus objections to claims each calendar month.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of

2

Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH

Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014

[D.I. 2570].  Further information regarding the Debtors' business operations and capital structure

is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions

[D.I. 98].

## I.    The Debtors' Claims Administration Process.

6.      On August 18, 2014, the Court entered an order (the "General Bar Date Order")

establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date")

as the final date and time for all persons and entities holding or asserting a claim against the

Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases,

except for claims specifically exempt from complying with the General Bar Date as set forth in

the General Bar Date Order, and approving the form and manner of notice of the General Bar

Date [D.I. 1866].

7.      On October 30, 2014, the Debtors filed a motion seeking a waiver of Local

Bankruptcy Rule 3007-1(f)(i) to allow the Debtors to base substantive omnibus claim objections

on no more than 500 claims per each such omnibus claim objection [D.I. 2659].  The Court

entered an order granting the requested relief on November 19, 2014 [D.I. 2814].

8.      On November 21, 2014, the Debtors filed a motion seeking a waiver of

Bankruptcy Rule 3007 and Local Bankruptcy Rules 3007-1 and 3007-2 to allow the Debtors to

serve claimants with a custom notice in lieu of all exhibits to each omnibus claim objection and

seeking approval of the form of custom notice [D.I. 2849].  The Court entered an order granting

the requested relief on December 10, 2014 [D.I. 2963].

9.      Thus far, the Debtors have filed eighteen omnibus objections to claims, including seven substantive objections, the most recent of which were filed on June 16, 2015.

## II.      The Debtors' Near-Term Claims Administration Needs.

10.      To date, parties have filed over 10,000 proofs of claim asserting more than $400 billion in liabilities on the official claims register maintained by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, in these chapter 11 cases (the "Claims Register"). Many of these claims (the "Wrong Debtor Claims") would be more properly asserted, if at all, against a different Debtor. Expeditious reassignment of these proofs of claims will enable parties to the various negotiations that are currently taking place to have better certainty about the claims filed in these chapter 11 cases, and the specific Debtor(s) against whom those claims have been asserted.  Therefore, the Debtors intend to file objections to the Wrong Debtor Claims to reassign them to the appropriate Debtor according to the Debtors' books and records in a timely manner.  The Debtors also intend to file additional substantive objections to those and other claims to further ensure that the Claims Register most accurately reflects proper claims asserted against the Debtors.  However, the Debtors anticipate that they will need to file more than two substantive omnibus claims objections each month over the next few months to attain that goal.

### Basis for Relief

11.      Local Bankruptcy Rule 3007-1(f)(ii) provides that "[n]o more than two substantive Objections may be filed each calendar month, unless the Court orders otherwise." Del. Bankr. L.R. 3007-1(f)(ii).  Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."  In addition, Local Bankruptcy Rule 1001-1(c) states that "[t]he application of these

4

Rules in any case or proceeding may be modified by the Court in the interests of justice." Del. Bankr. L.R. 1001-1(c).

12.     The Debtors respectfully submit that due to the unusually large number of claims filed in these cases, a waiver of Local Bankruptcy Rule 3007-1(f)(ii) to allow the Debtors to file more than two substantive omnibus claims objections in a given month is warranted, particularly in light of the Bankruptcy Rules' and Local Bankruptcy Rules' focus on efficiency and speediness.  Granting the requested relief will permit the Debtors to expeditiously address the Disputed Claims so that the Debtors can be in a position to ensure the fairest and most accurate solicitation of votes on the Debtors' Plan and to provide the clearest picture to currently-negotiating parties about the claims filed in these chapter 11 cases and the specific Debtor(s) against whom those claims have been asserted.

13.     Accordingly, the Debtors respectfully request that the Court waive Local Bankruptcy Rule 3007-1(f)(ii) and permit the Debtors to file more than two substantive objections in a single calendar month.

### Notice

14.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) the EFH Creditors' Committee and proposed counsel thereto; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:

RLF1 12271540v.1

(i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings

6

Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

RLF1 12271540v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  June 22, 2015                                       */s/ Jason M. Madron*
       Wilmington, Delaware                     **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:        (302) 651-7701
Email:             collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:             edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:             james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*