## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. [1] | (Jointly Administered) |
| | **Ref. Docket No. 307** |

## <u>SUPPLEMENTAL AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK  )

CAROL ZHANG, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On June 11, 2015, I caused to be served:

    a)  the "Notice to Current Customers of (A) Commencement of Chapter 11 Cases, Meeting of Creditors, and Fixing of Certain Dates, (B) Authority to Honor and Assume the Customer Agreements, and (C) Deadline for Filing Proofs of Claim for Customer Claims," dated May 2, 2014, *relating to the Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements, and the Bar Date for Customer Claims [Docket No. 307]*, annexed hereto as <u>Exhibit A</u>, and

    b)  a blank "Proof of Claim Form," a sample of which is annexed hereto as <u>Exhibit B</u>,

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

by causing true and correct copies to be enclosed securely in a postage pre-paid envelope and delivered via first class mail to the following party: *HUGO RODRIGUEZ, PEDRO VICTORIANO RODRIGUEZ, RE: PEDRO RODRIGUEZ, 517 ROSEMARY LN, DALLAS, TX 75211-4773.*

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Carol Zhang

Sworn to before me this
12th day of June, 2015

_____
Notary Public

PANAGIOTA MANATAKIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01MA6221096
COMM. EXP. APRIL 26, 20

-2-

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**NOTICE TO CURRENT CUSTOMERS OF**
**(A) COMMENCEMENT OF CHAPTER 11 CASES, MEETING OF**
**CREDITORS, AND FIXING OF CERTAIN DATES, (B) AUTHORITY**
**TO HONOR AND ASSUME THE CUSTOMER AGREEMENTS, AND**
**(C) DEADLINE FOR FILING PROOFS OF CLAIM FOR CUSTOMER CLAIMS**

> **THE DEADLINE FOR FILING PROOFS OF CLAIM**
> **FOR CUSTOMER CLAIMS IS OCTOBER 27, 2014,**
> **AT 5:00 P.M. (PREVAILING EASTERN TIME).**

You are receiving this notice (this "Notice") because, according to the records of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), you are: (a) a large commercial or industrial customer of one or more of the Debtors that is party to a custom power purchase agreement or a residential or small business customer of the Debtors that is subject to an agreement for the sale of electricity and related services, including the standard terms of service (each such agreement, a "Retail Agreement"); (b) party to a commercial retail natural gas agreement (each such agreement, a "Retail Gas Agreement"); or (c) party to an agreement listed on **Exhibit 1** annexed to **Exhibit B** of the Customer Programs Motion (defined herein) (each such agreement, a "Luminant Customer Agreement" and together with the Retail Agreements and Retail Gas Agreements, the "Customer Agreements").

**A.    COMMENCEMENT OF CHAPTER 11 CASES AND MEETING OF CREDITORS.**

**COMMENCEMENT OF CASES**: On April 29, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the District of Delaware (the "Court"). The Court has entered orders for relief under the Bankruptcy Code with respect to each of the Debtors listed above.

**DATE, TIME, AND LOCATION OF MEETING OF CREDITORS**: In accordance with section 341 of the Bankruptcy Code, the meeting of the Debtors' creditors will be conducted on

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**June 4, 2014, at 1:00 p.m. (Eastern Daylight Time), at the Double Tree Hotel, Salon C, 700 North King Street, Wilmington, Delaware 19801**. The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

**PURPOSE OF CHAPTER 11 FILING**: Chapter 11 of the Bankruptcy Code enables a debtor to reorganize and/or liquidate pursuant to a chapter 11 plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors and other parties in interest will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtors will remain in possession of their property and will continue to operate any business unless a trustee is appointed.[2]

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**: A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the Court may penalize that creditor. A creditor who is considering taking action against a debtor or the property of a debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. **The staff of the Clerk of the Court are not permitted to give legal advice**.

**DISCHARGE OF DEBTS**. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.

**B.     AUTHORITY TO HONOR AND ASSUME CUSTOMER AGREEMENTS.**

On April 29, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of (I) an Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix a Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (II) an Order Authorizing the Debtors to Assume Customer Agreements* (the "Customer Programs Motion").[3] On May 2, 2014, the Court entered an order [Docket No. 307] (the "Claims Order") approving the Customer Programs Motion, including

---

[2]   For a detailed description of the Debtors, their businesses, and the facts and circumstances leading to the filing of these chapter 11 cases, see the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of First Day Motions*, filed contemporaneously with the Debtors' voluntary petitions for relief [Docket No. 98]

[3]   All capitalized terms used but otherwise not defined in this section shall have the meanings set forth in the Customer Programs Motion.

authorizing the Debtors to satisfy obligations to customers (including under the Customer Agreements), fixing **October 27, 2014** as the deadline for customers (including governmental units acting solely in their capacities as customers of the Debtors) to file Proofs of Claim for Customer Claims in these chapter 11 cases (the "Customer Claims Bar Date"), approving the form of this Notice and related noticing procedures, and setting June 5, 2014 at 9:30 a.m. (Eastern Daylight Time) as the date for a hearing on the Customer Programs Motion at which, among other things, the Debtors are seeking final authority to assume all of the Customer Agreements under section 365(a) of the Bankruptcy Code.

**The Debtors intend to assume the Customer Agreement to which you are a party. By assuming your Customer Agreement, the Debtors are agreeing to continue to provide electricity, natural gas, and/or related services under the terms of your Customer Agreement.**

If you wish to object to the Debtors' assumption of your Customer Agreement then you **must** file an objection to the Debtors' assumption of your Customer Agreement.  Any objection to the proposed assumption must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party; (d) state with particularity the basis and nature of the objection; (e) be filed with the Bankruptcy Court on or before **May 29, 2014, at 4:00 p.m. (Eastern Daylight Time)** (the "Assumption Objection Deadline"); and (f) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than the Assumption Objection Deadline by the following notice parties (the "Notice Parties"):

| **KIRKLAND & ELLIS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| Attn: Richard M. Cieri | Attn: Mark D. Collins |
| Attn: Edward O. Sassower, P.C. | Attn: Daniel J. DeFranceschi |
| Attn: Stephen E. Hessler | Attn: Jason M. Madron |
| Attn: Brian E. Schartz | 920 North King Street |
| 601 Lexington Avenue | Wilmington, Delaware 19801 |
| New York, New York  10022 | |
| and | |
| Attn: James H.M. Sprayregen, P.C. | |
| Attn: Chad J. Husnick | |
| Attn: Steven N. Serajeddini | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

*Counsel to the Debtors*

**THE OFFICE OF THE U.S. TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn.:  Richard L. Schepacarter
844 King Street, Suite 2207
Wilmington, Delaware  19801

3

Any objection to the assumption that is timely filed (and is not consensually resolved before the Assumption Objection Deadline) will be addressed at the hearing on June 5, 2014 at 9:30 a.m. (Eastern Daylight Time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Courtroom 6, Wilmington, Delaware 19801.

In addition, the Debtors do not believe that they are in default with respect to the terms of your Customer Agreement as of the date of entry of the Assumption Order.  Accordingly, the Debtors have determined that there are no unpaid monetary obligations owed to you by the Debtors under your Customer Agreement, and no measures are necessary to comply with the terms of your Customer Agreement or otherwise remedy existing defaults, and therefore there is **no Cure Amount owed**.  Please note, however, that pursuant to the Claims Order the Debtors are authorized to satisfy the Customer Programs obligations in the ordinary course of business.

If you agree that there is no default under your Customer Agreement and that the Cure Amount owed to you is $0, you are not required to take any further action.

**C.     DEADLINE FOR FILING PROOFS OF CLAIM.[4]**

> **TO THE EXTENT YOU DISAGREE WITH THE CURE AMOUNT SET FORTH ABOVE OR OTHERWISE BELIEVE YOU HAVE A CUSTOMER CLAIM AGAINST THE DEBTORS, THE DEADLINE FOR FILING PROOFS OF CLAIM IS OCTOBER 27, 2014.**

**1.     PROOFS OF CLAIM REQUIRED TO BE FILED.**

The Customer Claims Bar Date applies to all types of Customer Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

Customers that hold the following types of claims are **not** required to file Proofs of Claim for such claims:

> (a) any claim that is paid under the Claims Order;

> (b) claims relating to a Customer Agreement that is being assumed by the Retail Debtors under the Assumption Order, only if the customer agrees that the Cure Amount is $0;

> (c) any claim for which a signed Proof of Claim has already been filed against the applicable Debtor(s) with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B10;

---

[4]     As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

(d) any claim that is specifically allowed by order of the Court or that is allowed pursuant to a plan of reorganization proposed in connection with these chapter 11 cases;

(e) any claim that has already been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

(f) any claim for which a specific deadline, other than the Customer Claims Bar Date, is fixed by the Court.

## 2.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

For your convenience, enclosed with this Notice is a Proof of Claim Form. Proof of Claim Forms are also available in the clerk's office of any bankruptcy court or from the Court's web site at www.deb.uscourts.gov.  If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613, or contact the EFH Corp. Claims Hotline at:  (877) 580-9765.

The following requirements apply with respect to preparing and filing each Proof of Claim:

(a) ***Contents.***  Each Proof of Claim must (1) be written in English; (2) include a claim amount denominated in United States dollars; (3) conform substantially with the Proof of Claim Form; and (4) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) ***Original Signatures Required.***  Only an <u>original</u> Proof of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c) ***Identification of the Debtor.***  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim that is filed (1) under the joint administration case number (No. 14-10979), (2) against multiple Debtor entities, or (3) without identifying a Debtor, will be deemed as filed only against the Debtor entity of which the claimant is or was a customer at the time such claim arose, as determined by the Debtors after an inspection of the Debtors' books and records and the supporting documentation submitted by such customer.

(d) ***Supporting Documentation.***  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

(e) ***Timely Service.***  Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be

5

**actually** **received** by Epiq on or before the Customer Claims Bar Date (or, where applicable, on or before any other bar date as set forth herein, by order of the Court, or as provided by the Bankruptcy Code) at the following address:

> ***If by First-Class Mail*:**
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> Grand Central Station, P.O. Box 4613
> New York, NY 10163-4613
>
> ***If by Hand Delivery or Overnight Mail*:**
> Energy Future Holdings Corp. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

(f) ***Receipt of Service*.**  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (1) a copy of the Proof of Claim and (2) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Epiq).

## 3.     CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Claims Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim with respect to a Customer Claim in accordance with the Claims Order on or before the Customer Claims Bar Date, please be advised that:

(A) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM;

(B) YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM; AND

(C) YOU WILL BE DEEMED TO HAVE AGREED THAT THE CURE AMOUNT DETERMINED BY THE DEBTORS IS CORRECT.

## 4.     RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:   (a) dispute, or assert offsets or defenses against, any filed claim; (b) subsequently schedule and designate a claim as disputed, contingent, or unliquidated; (c) honor any Customer Claims that are authorized to be paid under the Claims Order, before or after the Customer Claims Bar Date, irrespective of whether a Proof of Claim has been filed with respect to such Customer Claim; and (d) otherwise amend or supplement the Debtors' schedules of creditors and assets and liabilities.

5.    **ADDITIONAL INFORMATION.**

Copies of the Customer Programs Motion, Claims Order, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at http://www.efhcaseinfo.com.  Filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 8234 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, directly by writing to: Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, New York 10163-4613, or contact the EFH Corp. Claims Hotline at:  (877) 580-9765.

A HOLDER OF A CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

**BY ORDER OF THE COURT**

Wilmington, Delaware
Dated:  May 2, 2014

/S/ _____
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (*admitted pro hac vice*)
Edward O. Sassower, P.C. (*admitted pro hac vice*)
Stephen E. Hessler (*admitted pro hac vice*)
Brian E. Schartz (*admitted pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          richard.cieri@kirkland.com
                edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*admitted pro hac vice*)
Chad J. Husnick (*admitted pro hac vice*)
Steven N. Serajeddini (*admitted pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession

**EXHIBIT B**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | **PROOF OF CLAIM** |
|---|---|

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

Name of Debtor:                    Case Number:

**NOTE: Do not use this form to make a claim for an administrative expense that arises <u>after</u> the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.**

Name and address where notices should be sent:

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**

(*If known*) _____

Filed on: _____

Telephone number:          Email:

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

**COURT USE ONLY**

Telephone number:          Email:

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**1.    Amount of Claim as of Date Case Filed:**    $ _____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.    Basis for Claim:** _____
(See instruction #2)

**3.    Last four digits of any number by which creditor identifies debtor:** ____ ____ ____ ____
    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a)

**4.    Secured** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❑ Real Estate    ❑ Motor Vehicle    ❑ Other

**Describe:** _____

**Value of Property:** $_____

**Annual Interest Rate** _____%  ❑ Fixed  or  ❑ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____    (See instruction #6)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.    Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8 and definition of "redacted".*)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9.    Signature:** (See instruction #9)    Check the appropriate box:
❑ I am the creditor.    ❑ I am the creditor's authorized agent.    ❑ I am the trustee, or the debtor, or their    ❑ I am a guarantor, surety, indorser, or other codebtor.
                (Attached a copy of power of attorney, if any.)    authorized agent. (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)
I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email (if different from notice address above):

Print Name: _____
Title: _____    (Signature)
Company: _____
    (Date)

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

**Energy Future Holdings Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**Grand Central Station, P.O. Box 4613**
**New York, NY 10163-4613**

**If by Hand Delivery or Overnight Mail:**

**Energy Future Holdings Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.