## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:  July 16, 2015 at 9:30 a.m.** |
|  | ) | **Objection Deadline:  July 9, 2015 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING
THE STIPULATION BETWEEN LUMINANT HOLDING COMPANY, LLC AND
CERTAIN OF ITS NON-DEBTOR SUBSIDIARIES, THE TCEH CREDITORS'
COMMITTEE, AND THE AD HOC GROUP OF TCEH FIRST LIEN LENDERS
REGARDING THE USE OF CERTAIN NON-DEBTOR ASSET SALE PROCEEDS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing Luminant Holding Company LLC   ("Luminant LLC"),

Greenway Development Holding Company LLC, a non-Debtor subsidiary wholly owned by

Luminant LLC ("Greenway LLC"), and Collin G/G&B LLC, a non-Debtor subsidiary of which

Greenway LLC has majority ownership ("Collin LLC") to enter into and perform under the

stipulation attached hereto as **Exhibit 1** to the Order (the "Stipulation")[2] with the TCEH

Creditors' Committee (defined herein), and the ad hoc group of TCEH first lien lenders (the "Ad

Hoc Group of TCEH First Lien Lenders," and together with the Luminant LLC, Greenway LLC,

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     All terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

Collin LLC, and the TCEH Creditors' Committee, the ("Parties"), regarding the segregation of assets of a sale that closed on May 7, 2015.  In support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested in this Motion is are sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.      By this Motion, the Debtors seek entry of the Order authorizing Luminant LLC, Greenway LLC, and Collin LLC to enter into and perform under the Stipulation with the TCEH Creditors' Committee and the Ad Hoc Group of TCEH First Lien Lenders, providing for the disposition of certain non-Debtor asset sale proceeds.

**Background**

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating

their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an order for joint

administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of

the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official

committee of unsecured creditors of Energy Future Competitive Holdings Company LLC

("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and

indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company

(the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of

unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding

Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on

October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations

and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors'

first day motions [D.I. 98].

**I.      The Sale Agreement.**

6.      Luminant LLC owns 100% of the membership interests of non-Debtor Greenway

LLC, which in turn owns 74% of the membership interests of non-Debtor Collin LLC.  Collin

LLC and Frisco Community Development Corporation (the "Purchaser"), a Texas non-profit

corporation, are party to that certain contract of sale (the "Sale Agreement") dated January 26,

2015 (the "Effective Date") providing for the sale and conveyance of fee simple title to (a) that

certain parcel of land containing approximately 180 acres (the "South Tract") and (b) that certain

parcel of land containing approximately 20 acres (the "North Tract," and together with the South

Tract, the "Land"), each being located in the City of Frisco, Collin County, Texas, together with any right, title, and interest of Collin LLC in and to any and all improvements located on the Land and all development rights, easements, and other rights appurtenant thereto or used in connection therewith (the "Sale").

7.    The original Sale Agreement provides for an inspection period of 60 days from the Effective Date (the "Inspection Period") and that the Sale shall close on March 31, 2015 (the "Closing Date"), at which time the purchase price of (a) $16,100,000.00 plus (b) the product of $89,500.00 multiplied by the number of gross acres in the North Tract plus (c) $232,464.00 (collectively, the "Purchase Price") shall be payable to Collin LLC by wire transfer or other immediately available funds.  The Sale Agreement further provides that the Purchaser shall deposit in escrow the sum of $100,000.00 within three days after the Effective Date and, if the Sale Agreement has not been terminated before the expiration of the Inspection Period, an additional sum of $100,000.00, will be applied towards the Purchase Price on the Closing Date.

8.    Collin LLC and the Purchaser entered into a series of amendments, ultimately extending the Inspection Period to April 22, 2015 and the Closing Date to May 7, 2015, at which time the Sale closed.

9.    Greenway LLC approved the Sale pursuant to Article 4 of the Limited Liability Company Agreement of Collin LLC (the "Collin LLC Agreement").  Greenway/G&B Frisco L.P. ("Greenway/G&B") approved the Sale and the terms of the Sale Agreement.  Purchaser and Greenway/G&B General LLC, the General Partner of Greenway/G&B, executed the Sale Agreement on January 26, 2015.

10.    Pursuant to the *Final Order (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting*

*Liens and Providing Superpriority Administrative Expense Claims, and (C) Modifying the Automatic Stay* [D.I. 856] (the "TCEH DIP Order"), the Bankruptcy Court authorized the TCEH Debtors (as defined in the TCEH DIP Order) to obtain postpetition financing under that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, the "TCEH DIP Credit Agreement," and together with related documents, the "TCEH DIP Documents").

11.    The Sale Agreement contemplates Sale proceeds being paid to Collin LLC. Article 8 of the Collin LLC Agreement governs the distribution of available cash from Collin LLC to the members, including Greenway LLC.   Collin LLC and Greenway LLC are "Unrestricted Subsidiaries" of the Debtors under the TCEH DIP Documents, and before the Effective Date, the Parties and their advisors engaged in discussions regarding the proposed use of that portion of the Sale proceeds that may be distributed to Greenway LLC in accordance with Article 8 of the Collin LLC Agreement.

**II.    The Stipulation.**

12.    Upon closing of the Sale and payment of the Purchase Price to Collin LLC, the Parties agreed that any distribution made to Greenway LLC from the Sale proceeds and, in turn, Collin LLC, shall be placed and held in a separate, segregated bank account, account no. 7556, held with JPMorgan Chase Bank, N.A. (TX) in the name of Greenway LLC, until the earlier of: (x) the effective date of a plan of reorganization of Luminant LLC, and (y) entry of a Bankruptcy Court order authorizing the use and/or distribution of such Sale proceeds (a "Distribution Event").  Court approval of the Stipulation was not a condition precedent to the Sale as none of the entities involved were Debtors.

13.    Pending the occurrence of a Distribution Event, Luminant LLC agreed that it would not take any action to cause Greenway LLC to make a distribution of any Sale proceeds to Luminant LLC or otherwise authorize the use and/or distribution of such Sale proceeds without the prior written consent of the TCEH Creditors' Committee and the Ad Hoc Group of TCEH First Lien Lenders.  Likewise, Greenway LLC agreed that it would not make a distribution of any Sale proceeds to Luminant LLC or otherwise authorize the use and/or distribution of such Sale proceeds without the prior written consent of the TCEH Creditors' Committee and the Ad Hoc Group of TCEH First Lien Lenders.

14.    Additionally, the Parties reserve their rights with respect to whether Greenway LLC's interest in the Sale proceeds, including those amounts payable to Greenway LLC from the Purchase Price, are subject to the prepetition or postpetition liens of the TCEH first lien creditors.

## Basis for Relief

**I.    The Stipulation is Fair and in the Best Interests of the Debtors' Estates, Is a Proper Exercise of the Debtors' Business Judgment, and Should Be Approved under Bankruptcy Rule 9019.**

15.    Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16.    The Stipulation is subject to approval by the Court under Bankruptcy Rule 9019(a).  Settlements and compromises are tools often utilized to expedite case administration and to reduce unnecessary administrative costs; as such, they are favored in bankruptcy.  *See In re Nutraquest, Inc.,* 434 F.3d 639, 646 (3d Cir. 2006) ("[i]t is axiomatic that settlement will

almost always reduce the complexity and inconvenience of litigation"); *In re Key3Media Grp., Inc.*, 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).  Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed compromise is fair, reasonable, and in the best interest of the estate.  *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'") (citation omitted); *In re Nw. Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate") (citation omitted); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable").

17.     A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities."  *In re Energy Corp.*, 886 F.2d 921, 929 (7th Cir. 1989); *In re Sea Containers Ltd.*, 2008 WL 4296562, at *5 (Bankr. D. Del. Sept. 19, 2008); *Key3Media Grp.*, 2006 WL 2842462, at *3.

18.     In determining whether a compromise is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement.  The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Nutraquest,* 434 F.3d 639, 643; *see also Key3Media Grp.*, 336 B.R. 87 at 93 (when determining whether a compromise is in the best interests of the estate,

courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal" (internal citations omitted)).

19.    Segregating Greenway LLC's interest in the Purchase Price in a separate account does not, at this time, pose any burden to the Debtors' estates.  To the contrary, segregating the account allows the Parties time to amicably determine whether any amount of such proceeds is subject to any prepetition or postpetition liens without the need for costly litigation.  Based on the above factors, the Debtors believe the Stipulation represents a fair and reasonable compromise that is in the best interests of the Debtors' estates.

**II.    The Stipulation Satisfies Section 363 of the Bankruptcy Code.**

20.    Section 363(b)(1) of the Bankruptcy Code authorizes a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."   11 U.S.C. § 363(b)(1).  A debtor may use, sell, or lease property of the estate where a sound business purpose justifies such actions.  *See Contrarian Funds LLC v. Aretex LLC (In re WestPoint Stevens, Inc.)*, 600 F.3d 231, 248 n.8 (2d Cir. 2010); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that criteria for approval of transaction under section 363(b) is whether debtor has "an articulated business justification"); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (holding that debtor must satisfy the business judgment rule under section 363(b)(1)); *In re Borders Grp., Inc.*, 453 B.R. 459, 473 (Bankr. S.D.N.Y. 2011) (same).  Specifically, once a debtor articulates a valid business justification for a particular form of relief, the court reviews the debtor's request under the business judgment rule. *See In re Commercial Mortg. and Fin. Co.*, 414 B.R. 389, 394 (Bankr. N.D. Ill. 2009) (noting that debtor in possession "has the discretionary authority to exercise his business judgment in

operating the debtor's business similar to the discretionary authority to exercise business judgment given to an officer or director of a corporation").

21.    To the extent that the Stipulation implicates property of the Debtors' estates, the Debtors submit that the Stipulation satisfies section 363(b)(1) of the Bankruptcy Code. Specifically, the proposed Stipulation was negotiated at arm's-length and in good-faith.  The Stipulation also achieves a result that is in the best interests of the Debtors' estate because the Stipulation would, if approved, result in the opportunity to determine whether any of the proceeds from the Sale are encumbered assets, of which a portion belongs to the Debtors' estate. Accordingly, the Debtors submit that the proposed Stipulation reflects the exercise of the Debtors' sound business judgment and respectfully request that the Court approve the Stipulation.

### Notice

22.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy

notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:   (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of

the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; (z) Greenway LLC; (aa) Collin LLC; and (bb) Frisco Community Development Corporation.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

RLF1 12285491v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  June 25, 2015
       Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*