**EXHIBIT A**

**Proposed Order**

RLF1 12285763v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING THE STIPULATION BY**
**AND AMONG LUMINANT GENERATION COMPANY LLC,**
**EFH CORPORATE SERVICES COMPANY, AND PRC ENVIRONMENTAL, INC.**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing Luminant Generation Company LLC ("Luminant Generation") and EFH Corporate Services Company ("Corporate Services") to enter into and perform under the Stipulation with PRC, providing for the setoff of certain claims arising under and relating to the Agreements, all as set forth in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. In the event of any inconsistency between this Order and the Stipulation, the Stipulation shall control.

Stipulation was extensively negotiated in good faith and at arms' length by the Parties; and the Court having found that the Stipulation and the transactions contemplated therein are fair and reasonable; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 363 and 553 of the Bankruptcy Code, the Stipulation attached hereto as **Exhibit 1** is approved in all respects, and PRC, Luminant Generation, and Corporate Services are authorized to enter into and perform all of the obligations thereunder, to execute and deliver all such other documents or instruments related to the Stipulation, and to take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated therein.

3. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified to the extent necessary for the Parties to effectuate the Stipulation and the transactions contemplated therein, and shall not be modified except as expressly set forth herein and in the Stipulation.

4. Epiq Bankruptcy Solutions, LLC is authorized to amend the official claims register in these chapter 11 cases to reflect the terms of the Stipulation.

5. Except as set forth in Section 1.01 of the Stipulation, nothing in this Order or any actions taken pursuant to the relief granted herein shall constitute or be deemed (a) an admission

as to the validity, amount, type, or priority of any particular claim against any Party, including administrative expense claims under section 503(b) of the Bankruptcy Code; (b) with respect to any claim, a change in the priority level existing in the absence of the Stipulation; (c) a promise or requirement to pay any particular claim other than those specifically agreed to in the Stipulation; (d) a waiver of any Party's right to dispute or assert any particular claim on any grounds, including, without limitation, any right to assert a claim based on a breach or default of either of the Agreements; (e) a waiver or limitation of any of the rights, claims, or potential causes of action of the Parties under the Bankruptcy Code or any other applicable law, including those relating to the Agreements; (f) a waiver of any Amendment 4 Claims; (g) a request or authorization to assume or reject either of the Agreements or other agreements under section 365 of the Bankruptcy Code; (h) a waiver of any Party's rights to assert that any other Party is in breach or default of the Agreements; or (i) an admission that the Agreements and any work authorizations or work orders entered into pursuant to either of the Agreements are integrated. The Parties further reserve all other rights, remedies, and objections under applicable law, including but not limited to the exercising of any rights to setoff, offset, and recoupment related to any Party's mutual postpetition claims and/or debts.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7. The requirements set forth in Local Rules 9013-1(a) and 9013-1(b) are satisfied.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors and PRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction, to the extent set forth in the Stipulation, with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015  
       Wilmington, Delaware                    _____  
                                               THE HONORABLE CHRISTOPHER S. SONTCHI  
                                               UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Stipulation**

## STIPULATION

This stipulation (the "Stipulation") is entered into as of June 22, 2015 by and between Luminant Generation Company LLC, a limited liability company organized under the laws of the State of Texas ("Luminant Generation"), EFH Corporate Services Company ("Corporate Services"), and PRC Environmental, Inc. ("PRC"), a corporation organized under the laws of the State of Texas. Luminant Generation, Corporate Services, and PRC shall be referred to, individually, as a "Party," and collectively, as the "Parties."

## RECITALS

WHEREAS, on April 29, 2014 (the "Petition Date"), Luminant Generation, Corporate Services, and their affiliated debtors (collectively, the "Debtors") filed voluntary petitions with the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and the chapter 11 cases of the Debtors are jointly administered under case no. 14-10979 (CSS) (the "Bankruptcy Cases"), and the Debtors have remained in possession of their properties and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, Luminant Generation and PRC are party to the Contract for Services: Abatement, Demolition, Scrap / Asset Salvage and Resale, Contract No. C0664925C, dated June 30, 2010, as amended from time to time (the "Luminant Agreement");

WHEREAS, under the Luminant Agreement, PRC provides certain abatement, demolition, scrap and asset salvage, and resale services to Luminant Generation, pursuant to individual work authorizations that are entered into pursuant to the Luminant Agreement;

WHEREAS, both PRC and Luminant Generation have asserted payment obligations from the other under the Luminant Agreement;

WHEREAS, Corporate Services and PRC are party to the Contract for Services for Investment Recovery Services, Contract No. C0789762C, dated July 12, 2013, as amended from time to time (the "Corporate Services Agreement" and, together with the Luminant Agreement, the "Agreements");

WHEREAS, under the Corporate Services Agreement, PRC provides certain investment recovery services to Corporate Services, pursuant to individual work authorizations that are entered into pursuant to the Corporate Services Agreement;

WHEREAS, both PRC and Corporate Services have asserted payment obligations from the other under the Corporate Services Agreement;

WHEREAS, the Parties have agreed, for the purposes of this Stipulation, to bifurcate the payment obligations owed to each other under the Agreements between the pre- and postpetition periods as of April 28, 2014;

CS 6/22/15

WHEREAS, for the period of November 2013 through April 28, 2014, subject to any claims with respect to Amendment 4 to the Luminant Agreement (the "Amendment 4 Claims"), PRC asserts a receivable from Luminant Generation of approximately $912,949.70 in relation to certain work authorizations that had been entered into pursuant to the Luminant Agreement (the "Luminant Payable"), and Luminant Generation asserts a receivable from PRC of approximately $1,099,703.00 in relation to certain work authorizations that had been entered into pursuant to the Luminant Agreement (the "Luminant Receivable");

WHEREAS, for the period of May 2013 through April 28, 2014, subject to any Amendment 4 Claims, PRC asserts a receivable from Corporate Services of approximately $19,652.30 in relation to certain work authorizations that had been entered into pursuant to the Corporate Services Agreement (the "Corporate Services Payable"), and Corporate Services asserts a receivable from PRC of approximately $20,073.15 in relation to certain work authorizations that had been entered into pursuant to the Corporate Services Agreement (the "Corporate Services Receivable");

WHEREAS, PRC filed proof of claim no. 7932, which claim is asserted in the aggregate amount of $ 1,542,777.41 (the "Proof of Claim"), and the Debtors scheduled (1) claim no. 503229230, which claim is recorded in the aggregate amount of $1,542,777.41, and (2) claim no. 504263570, which claim is recorded in the aggregate amount of $711,606.46 (the scheduled claims together with the Proof of Claim, the "Claims");

WHEREAS, on account of the Debtors' Bankruptcy Cases and pursuant to the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay"), PRC is stayed from setting off amounts owed by Luminant Generation to PRC under the Luminant Agreement or owed by Corporate Services to PRC under the Corporate Services Agreement; and

WHEREAS, the Debtors have determined that the compromise set forth herein is fair and reasonable, and in the best interests of the Debtors, the Debtors' estates and their creditors.

NOW, THEREFORE, in consideration for the mutual promises and covenants set forth herein, and for other good and valuable consideration, the Parties agree as follows:

## AGREEMENT

## ARTICLE I

### NETTED PAYMENTS/SETOFFS

Section 1.01. Agreed Prepetition Netted Payments and Setoffs. The Parties hereby agree and stipulate that the Parties shall exercise their rights to net and/or set off valid prepetition debts between PRC and Luminant Generation, and PRC and Corporate Services, as follows.

(a) Luminant Generation. Luminant Generation consents to the Automatic Stay being lifted solely so as to allow PRC to set off the Luminant Payable against the Luminant Receivable. After the setoff, PRC will have a remaining payable obligation to Luminant Generation in the amount of $186,753.30, which shall be paid to Luminant

Generation in immediately available funds within 3 business days after entry of a final order by the Bankruptcy Court approving this Stipulation. The Parties agree that PRC's prepetition entitlements described in this section 1.01(a) may only be satisfied by set off against the amounts described in this section 1.01(a) owed to Luminant Generation.

(b)    *Corporate Services*. Corporate Services consents to the Automatic Stay being lifted solely so as to allow PRC to set off the Corporate Services Payable against the Corporate Services Receivable. After the setoff, PRC will have a remaining payable obligation to Corporate Services in the amount of $420.85, which shall be paid to Corporate Services in immediately available funds within 3 business days after entry of a final order by the Bankruptcy Court approving this Stipulation. The Parties agree that PRC's prepetition entitlements described in this section 1.01(b) may only be satisfied by set off against the amounts described in this section 1.01(b) owed to Corporate Services.

(c)    *Claims Released and Expunged*. After the setoff and payment, the Claims will be fully released, discharged, and deemed expunged.

   (i)    *Release of the Debtors*. Except with respect to Amendment 4 Claims, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the setoff and payment, PRC agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, their respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, including the Claims, arising before the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise; *provided, however*, that nothing herein shall be deemed to release any claim of PRC: (a) judicially determined to have arisen from fraud, bad faith, or willful misconduct; or (b) for unpaid amounts on account of services by PRC to the Debtors in the ordinary course of business in accordance with the Agreements after the Petition Date, to the extent such amounts constitute the actual, necessary costs and expenses of preserving the Debtors' estates pursuant to 11 U.S.C. § 503(b)(1).

   (ii)    *Release of PRC*. Except with respect to Amendment 4 Claims, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the setoff and payment, the Debtors agree, to the maximum extent allowed by applicable law, to release, waive, and discharge PRC, its respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of PRC's estates,

3



including any successors to PRC or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and PRC's property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, including the Claims, arising before the Petition Date, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise; *provided, however*, that nothing herein shall be deemed to release any claim of the Debtors judicially determined to have arisen from fraud, bad faith, or willful misconduct.

Section 1.02. <u>Reservation of Rights</u>. Nothing in this Stipulation shall constitute or be deemed (a) an admission as to the validity, amount, type, or priority of any particular claim against any Party, including administrative expense claims under section 503(b) of the Bankruptcy Code; (b) with respect to any claim, a change in the priority level existing in the absence of this Stipulation; (c) a promise or requirement to pay any particular claim other than those specifically agreed to in this Stipulation; (d) a waiver of any Party's right to dispute or assert any particular claim on any grounds, including, without limitation, any right to assert a claim based on a breach or default of either of the Agreements; (e) a waiver or limitation of any of the rights, claims, or potential causes of action of the Parties under the Bankruptcy Code or any other applicable law, including those relating to the Agreements; (f) a waiver of any Amendment 4 Claims; (g) a request or authorization to assume or reject either of the Agreements or other agreements under section 365 of the Bankruptcy Code; (h) a waiver of any Party's rights to assert that any other Party is in breach or default of the Agreements; or (i) an admission that the Agreements and any work authorizations or work orders entered into pursuant to either of the Agreements are integrated. The Parties reserve all rights with respect to the Agreements. The Parties further reserve all other rights, remedies, and objections under applicable law, including but not limited to the exercising of any rights to setoff, offset, and recoupment related to any Party's mutual postpetition claims and/or debts. Nothing in this Stipulation shall be construed as a waiver on the part of PRC for unpaid amounts, subject to Amendment 4 Claims, on account of services by PRC to the Debtors in the ordinary course of business in accordance with the Agreements after the Petition Date, to the extent such amounts constitute the actual, necessary costs and expenses of preserving the Debtors' estates pursuant to 11 U.S.C. § 503(b)(1).

Section 1.03. <u>Amendment 4 Claims Excluded</u>. Notwithstanding anything in this Stipulation to the contrary, this Stipulation shall not (a) constitute a settlement of the Amendment 4 Claims, (b) affect the rights, claims, causes of action or defenses of the Parties with respect to the Amendment 4 Claims, or (c) create, or entitle any of the Parties to assert any rights to payment, setoff, or recoupment related to the Amendment 4 Claims against amounts payable under section 1.01 of this Stipulation.

CS 6/22/15

## ARTICLE II

## CONDITIONS PRECEDENT

Section 2.01. <u>Conditions Precedent to the Effective Date</u>. The Effective Date shall not occur unless and until:

(a) the Bankruptcy Court shall have approved this Stipulation and authorized its entry under a form of non-appealable, final order agreed upon by the Parties (the "<u>Agreed Order</u>"); and

(b) the Agreed Order shall modify the automatic stay to the extent necessary for the Parties to carry out the actions, terms, and conditions contemplated under this Stipulation.

## ARTICLE III

## TERMINATION

Section 3.01. <u>Termination Events</u>. This Stipulation shall terminate in the event that:

(a) the Bankruptcy Court has not approved this Stipulation and authorized its entry under a non-appealable, final order by August 22, 2015; or

(b) the Bankruptcy Court expressly declines to enter an order approving this Stipulation; and

(c) notwithstanding paragraphs 3.01(a) and/or (b) of this Stipulation, this Stipulation shall terminate as between PRC and an applicable Debtor Party upon the failure of the other Party to make timely payments under this Stipulation.

## ARTICLE IV

## MISCELLANEOUS

Section 4.01. <u>Voluntary Stipulation</u>. Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right, and enters into this Stipulation voluntarily and without duress.

Section 4.02. <u>Counterparts</u>. This Stipulation may be executed and delivered in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation. Delivery of a signature page to this Stipulation by facsimile or other electronic means shall be effective as delivery of the original signature page to this Stipulation.

Section 4.03. <u>Entire Stipulation; Amendment</u>. This Stipulation constitutes the entire agreement, and supersedes all prior agreements, understandings, representations and warranties, both written and oral, between the Parties with respect to the subject matter of this Stipulation.

Section 4.04. <u>Authority</u>. Each Party represents and warrants that each Person who executes this Stipulation on its behalf is duly authorized to execute this Stipulation on behalf of the respective Party, and that such Party has full knowledge of and has consented to this Stipulation.

Section 4.05. <u>No Third Party Beneficiaries</u>. There are no third party beneficiaries of this Stipulation.

Section 4.06. <u>Modification</u>. This Stipulation may be modified only in a writing agreed to and signed by each of the Parties hereto.

Section 4.07. <u>Costs</u>. All legal fees and other expenses incurred on behalf of a Party in connection with negotiating, drafting and effectuating this Stipulation will be borne by such Party.

Section 4.08. <u>Headings</u>. The headings of the Sections of this Stipulation are inserted for convenience only and shall not constitute a part hereof or affect in any way the meaning or interpretation of this Stipulation.

Section 4.09. <u>Severability</u>. If any term, clause, provision, or part thereof, of this Stipulation is invalidated or unenforceable by operation of law or otherwise, the Parties shall negotiate in good faith a replacement, but legally valid, term, clause or provision that best meets the intent of the Parties. The remaining provisions of this Stipulation will remain in full force and effect.

Section 4.10. <u>Notices</u>. All notices or demands given or made by one Party to another relating to this Stipulation shall be in writing and either personally served or sent by registered or certified mail, postage paid, return receipt requested, overnight delivery service, or by electronic mail transmission with a copy by first-class mail, and shall be deemed to be given for purposes of this Stipulation on the earlier of the date of actual receipt or three (3) days after the deposit thereof in the mail.

Section 4.11. <u>Governing Law</u>. This Stipulation, the rights and obligations of the Parties under this Stipulation, and any and all disputes arising under or in connection with this Stipulation, shall be governed by and construed in accordance with the laws of the State of Texas, without regard to any conflict of laws provisions that would require the application of the law of any other jurisdiction.

Section 4.12. <u>Dispute Resolution</u>. Each Party agrees that for so long as the Bankruptcy Court is exercising jurisdiction in the Bankruptcy Cases, it will bring any actions, suits or proceedings arising out of or relating to this Stipulation in the Bankruptcy Court. In the event that the Bankruptcy Court declines to or may not accept jurisdiction over a particular matter, each Party agrees to then proceed in the Texas State District Court (collectively as set forth in this Section 4.12, the "<u>Chosen Courts</u>"). Each Party, with respect to any actions, suits or proceedings arising out of or relating to this Stipulation, (a) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (b) waives any objection or claim to laying venue in any such action, suit or proceeding in the Chosen Courts, and (c) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any Party.

*[Remainder of page intentionally left blank.]*

CS 6/22/15

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be duly executed as of the date first set forth above.

LUMINANT GENERATION COMPANY LLC

Signature: _____

Name: COLIN CARRELL

Title: VP- Supply Chain & CPO

EFH CORPORATE SERVICES COMPANY

Signature: _____

Name: COLIN CARRELL

Title: VP- Supply Chain & CPO

CS 6/22/15

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be duly executed as of the date first set forth above.

PRC ENVIRONMENTAL, INC.

Signature: *Christoph Siebert*

Name: Christopher Siebert

Title: President

CS 6/22/15