## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 4865** |

### DECLARATION OF ROBERT FRENZEL IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE STIPULATION BY AND AMONG LUMINANT GENERATION COMPANY LLC, EFH CORPORATE SERVICES COMPANY, AND PRC ENVIRONMENTAL, INC.

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, hereby declare as follows under penalty of perjury:

1. I am the Senior Vice President and Chief Financial Officer of Luminant Generation Company LLC ("Luminant"), an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp."), both of which are organized under the laws of the state of Texas. EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a limited liability company organized under the laws of the state of Delaware; EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC, a limited liability company organized under the laws of the state of Delaware; EFH Corp.'s direct subsidiary, Energy Future Intermediate Holding Company LLC, a limited liability company organized under the laws of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

state of Delaware; and various other direct and indirect subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "Debtors" in this declaration.

2. I have worked for the Debtors since 2009. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management team and advisors. I am over the age of 18 and duly authorized to execute this Declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et al., Approving the Stipulation by and Among Luminant Generation Company LLC, EFH Corporate Services Company, and PRC Environmental, Inc.* [D.I. 4865] (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. PRC, a corporation organized under the laws of State of Texas, is a contractor with experience in investment recovery, demolition, and environmental site work. Luminant Generation and Corporate Services are party to the following prepetition agreements with PRC relevant to the attached Stipulation:

- **Contract for Services: Abatement, Demolition, Scrap / Asset Salvage and Resale,** Contract No. C0664925C, dated June 30, 2010, as amended from time to time, between Luminant Generation and PRC under which PRC provides certain abatement, demolition, scrap and asset salvage, and resale services to Luminant Generation, pursuant to individual work authorizations that are entered into pursuant to the Luminant Agreement. Both PRC and Luminant Generation have asserted payment obligations from the other under the Luminant Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

- ***Contract for Services for Investment Recovery Services,*** Contract No. C0789762C, dated July 12, 2013, as amended from time to time, between Corporate Services and PRC under which PRC provides certain investment recovery services to Corporate Services, pursuant to individual work authorizations that are entered into pursuant to the Corporate Services Agreement. Both PRC and Corporate Services have asserted payment obligations from the other under the Corporate Services Agreement.

4. By the Stipulation, the Debtor Parties seek to allow PRC to setoff certain prepetition amounts that are asserted by and between each of the Debtor Parties and PRC,[3] resulting in a total net payable from PRC to the Debtors of approximately $187,174.15. I understand that the Parties agreed, for the purposes of the Stipulation, to bifurcate the payment obligations owed to each other under the Agreements between the pre- and postpetition periods as of April 28, 2014. I understand that the Prepetition Setoff amounts are based on certain debts that are asserted to have arisen before the commencement of the case.

5. Further detail relating to each Prepetition Setoff is set forth below.

    a. I understand that, for the period of November 2013 through April 28, 2014, PRC asserts a receivable from Luminant Generation of approximately $912,949.70 in relation to certain work authorizations that had been entered into pursuant to the Luminant Agreement, and Luminant Generation asserts a receivable from PRC of approximately $1,099,703.00 in relation to certain work authorizations that had been entered into pursuant to the Luminant Agreement; and

    b. I understand that, for the period of May 2013 through April 28, 2014, PRC asserts a receivable from Corporate Services of approximately $19,652.30 in relation to certain work authorizations that had been entered into pursuant to the Corporate Services Agreement, and Corporate Services asserts a receivable from PRC of approximately $20,073.15 in relation to certain work authorizations that had been entered into pursuant to the Corporate Services Agreement.

---

[3] The Debtors scheduled: (a) claim no. 503229230 in the aggregate amount $1,542,777.41 in favor of PRC against Luminant Generation; and (b) claim no. 504263570 in the aggregate amount of $711,606.46 in favor of PRC against Luminant Mining Company LLC (the "Scheduled Claims"). Additionally, PRC filed proof of claim no. 7932 in the aggregate amount of $1,542,777.41 (the "Proof of Claim" and, together with the Scheduled Claims, the "Claims"). The Stipulation reflects, among other things, the Parties' reconciliation of the Claims.

RLF1 12285769v.1

6. I understand that, notwithstanding anything to the contrary in the foregoing, the Parties reserve all claims, rights and obligations relating to Amendment 4 to the Luminant Agreement.

7. The Stipulation will permit PRC to effectuate certain setoffs under the Luminant Agreement and the Corporate Services Agreement, respectively, and will release and discharge the Debtors from the Claims, as described in further detail below.

8. *First*, PRC will setoff the Luminant Payable against the Luminant Receivable. After the setoff, PRC will have a remaining payable obligation to Luminant Generation in the amount of $186,753.30, which shall be paid to Luminant Generation in immediately available funds within three business days after entry of a final order by the Court approving the Stipulation. I understand that the Parties agree that PRC's prepetition entitlements described in section 1.01(a) of the Stipulation may only be satisfied by setoff against the amounts described in section 1.01(a) asserted by Luminant Generation.

9. *Second*, PRC will setoff the Corporate Services Payable against the Corporate Services Receivable. After the setoff, PRC will have a remaining payable obligation to Corporate Services in the amount of $420.85, which shall be paid to Corporate Services in immediately available funds within three business days after entry of a final order by the Court approving the Stipulation. I understand that the Parties agree that PRC's prepetition entitlements described in section 1.01(b) of the Stipulation may only be satisfied by setoff against the amounts described in section 1.01(b) asserted by Corporate Services.

10. *Third*, the Debtor Parties and PRC further agree that, after the setoff and payment, the Claims will be fully released, discharged, and deemed expunged, and PRC shall not have a claim against Luminant Generation under the Luminant Agreement or a claim against Corporate

Services under the Corporate Services Agreement, except as set forth in Section 1.01 of the Stipulation.

11. I understand that, following the Prepetition Setoffs, PRC shall not assert any claim in the Debtors' chapter 11 cases or otherwise against Luminant Generation under the Luminant Agreement or against Corporate Services under the Corporate Services Agreement, except as set forth in Section 1.01 of the Stipulation. I understand that the Claims shall be fully released, discharged and deemed expunged.

12. I believe the Stipulation represents a fair and reasonable compromise that is in the best interests of the Debtors' estates. The proposed Stipulation was negotiated at arm's-length and in good-faith. The Stipulation achieves a result that is in the best interests of the Debtors' estate because the Stipulation would, if approved, prevent further disruption to the Debtors' billing practices, result in the payment to the Debtor Parties by PRC of approximately $187,174.15 on account of prepetition net payables, and release and discharge the Debtors from the Claims.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: June 25, 2015

                                         */s/ Robert Frenzel*
                                         Robert Frenzel
                                         Senior Vice President and Chief Financial Officer
                                         Luminant Generation Company LLC