**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Hearing Date: July 16, 2015 at 9:30 a.m.** |
| ) | **Objection Deadline: July 9, 2015 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*.,
FOR ENTRY OF AN ORDER EXPANDING THE RETENTION
AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP
SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED AND REIT
TRANSACTIONAL MATTERS, EFFECTIVE *NUNC PRO TUNC* TO JUNE 2, 2015**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Debtors to extend the scope of the retention and employment of McDermott Will & Emery LLP ("McDermott"), *nunc pro tunc* to June 2, 2015. In support of this Motion, the Debtors submit the *Declaration of Iskender H. Catto, in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Expanding the Retention and Employment of McDermott Will & Emery as Special Counsel for Certain Energy-Related and REIT Transactional Matters, Effective* Nunc Pro Tunc *to June 2, 2015* (the "Additional Services Catto Declaration") filed contemporaneously with this Motion. In addition, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 12285791v.1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 327(e), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rules 2014-1 and 2016 of the Local Bankruptcy Rules.

**Relief Requested**

4. By this Motion, pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Bankruptcy Rules, rules 2014-1 and 2016-2 of the Local Bankruptcy Rules, and the *Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* nunc pro tunc *to the Petition Date* (the "Original Order") [D.I. 2062], the Debtors seek entry of an Order authorizing the Debtors to expand the scope of McDermott's services to utilize

2

McDermott's REIT transfer pricing experts to put in place a certain leases necessary to complete a REIT transaction (the "Additional Services").

5. As discussed in greater detail below, the Debtors believe that the expanded services of McDermott are in the best interests of the Debtors and their estates. Moreover, given McDermott's familiarity with the Debtors' business and financial affairs, the Debtors believe that extending McDermott's engagement to include the Additional Services is appropriate under the circumstances.

**Background**

6. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

7. On May 29, 2014, the Debtors filed the *Application of Energy Future Holdings Corp.* et al., for *Entry of an Order Authorizing the Debtors to Retain and Employ McDermott*

*Will & Emery LLP as Special Counsel for Certain Energy-Related Transaction Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 664] (the "Application") and the *Declaration of Iskender H. Catto in Support of the Application of Energy Future Holdings Corp., et at., for Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to the Petition Date* (the "Catto Declaration") [D.I. 652].

8. On September 16, 2014, the Debtors filed a *Supplemental Declaration of Iskander H. Catto in Support of the Application of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2040] (the "Supplemental Catto Declaration") to affirm McDermott's disinterestedness and outline McDermott's steps to comply with the U.S. Trustee's guidelines.[2]

**Scope of Additional Services**

9. Since the Debtors filed the Application, the Catto Declaration, and the Supplemental Catto Declaration, the Debtors and McDermott have entered into that certain engagement letter dated June 25, 2015 (the "REIT Services Engagement Letter"), substantially in the form attached hereto as **Exhibit 1** to **Exhibit A**, regarding McDermott's Additional Services to the Debtors, as set forth below:

    a. Review and evaluate potential asset, income, and other economic metrics with respect to the potential restructuring of Oncor Electric Delivery Holdings Company LLC and its affiliated companies (collectively, "Oncor") into a property company ("PropCo") and a separate operating company ("OpCo") to enable EFH's economic interest in Oncor to be held in a real estate investment trust ("REIT") structure; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Order, the Application, the Catto Declaration, and the Supplemental Catto Declaration

   b.  Apply transfer pricing principles to these economic metrics to develop potential models for rent payments between PropCo and OpCo.

10. McDermott will apply for compensation for these Additional Services under the same terms set forth in the Original Order, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any other applicable procedures and orders of the Court.

**Basis for Relief**

11. Consistent with the Court approval received in the Original Order, the Debtors seek approval of the REIT Services Engagement Letter pursuant to sections 327(e) of the Bankruptcy Code.

12. Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C § 327(e).

13. Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case.  11 U.S.C. § 1107(b).

14. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a).  *See*

RLF1 12285791v.1

*Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

16. Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel. . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of sections 327 and 1107, a debtor-in-possession is entitled to the counsel of their choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

**I.   Expanding McDermott's Retention as Special Counsel is in the Best Interests of the Debtors' Estates.**

16. The Debtors believe that it is in the best interests of the Debtors' estates to expand McDermott's retention to include the Additional Services set forth in the REIT Services Engagement Letter. McDermott has considerable experience in the energy sector and pricing REIT transactions. This, in conjunction with McDermott's institutional knowledge of the Debtor's business, will allow McDermott to provide the Additional Services to the Debtors with the necessary expertise without additional costs associated with the retention of new professionals.

17. Indeed, if the Debtors are required to retain different counsel to replace McDermott in current matters, the Debtors will need to find, educate, and integrate new counsel in these matters. In doing so, the Debtors will expend significant estate resources rather than devoting their time and focus to their reorganization efforts. In this respect, retaining

6

McDermott will avoid unnecessary administrative expenses and delays, result in cost efficiencies, and provide valuable assistance to the Debtors' efforts to reorganize.

**II.    McDermott Continues to Neither Hold nor Represent any Interest Adverse to the Debtors**.

18.    Except as set forth below and in the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration, McDermott, to the best of the Debtors' knowledge, information, and belief, continues to not represent nor hold any interest adverse to the Debtors or their estates, their creditors, their equity security holders, their respective attorneys and accountants, the U.S. Trustee, any person employed by the Office of the U.S. Trustee, or any other party in interest in these chapter 11 cases (a) in the matters for which McDermott has been retained or (b) in matters related to the services to be performed by McDermott for the Debtors.  Additionally, except as described in the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration, McDermott has agreed not to represent any such creditors or parties in interest in the Debtors' chapter 11 proceeding in any matters adverse to the Debtors.

19.    Moreover, the lawyers and staff providing services to the Debtors on behalf of McDermott are not related to the U.S. Trustee assigned to these cases, any person employed in by the U.S. Trustee, or the Bankruptcy Judge presiding over these cases.

**Notice**

20.    The Debtors shall provide notice of this Motion via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture

7

trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy

Future Holdings Limited Partnership; (p) counsel to the TCEH Unsecured Ad Hoc Group; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) McDermott.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, respectively, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: June 25, 2015
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
          defranceschi@rlf.com
          madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
          stephen.hessler@kirkland.com
          brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
          marc.kieselstein@kirkland.com
          chad.husnick@kirkland.com
          steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*