**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER EXPANDING THE RETENTION**
**AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP**
**AS SPECIAL COUNSEL FOR ENERGY-RELATED AND REIT**
**TRANSACTIONAL MATTERS EFFECTIVE *NUNC PRO TUNC* TO JUNE 2, 2015**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtors to expand the scope of employment and retention of McDermott all as more fully set forth in the Motion and the Additional Services Catto Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration.

the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent provided herein.

2.      To the extent the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, or the Additional Services Catto Declaration are inconsistent with this Order, the terms of this Order shall govern.

3.      The Debtors are authorized pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code to expand the scope of McDermott's employment and retention in these chapter 11 cases in accordance with the terms and conditions set forth in the REIT Services Engagement Letter attached hereto as **Exhibit 1** and in each case subject to the terms of this Order and the Original Order.

4.      McDermott shall continue to use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.      Notwithstanding anything in the Original Order or the REIT Services Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court will have jurisdiction over any and all matters arising under or in connection with McDermott's engagement by the Debtors or on behalf of the Debtors, in connection with the REIT Services Engagement Letter and the Original Order, including the indemnification provisions set forth in the Original Order.

6.      McDermott will file fee applications for interim and final allowance of compensation for these Additional Services and reimbursement of expenses pursuant to the

2

procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however*, that McDermott shall continue be compensated in accordance with the terms of the Original Order.

7.      Pursuant to the terms of the Original Order, McDermott is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of the Additional Services under the REIT Services Engagement Letter in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and (to the extent applicable) the fee guidelines promulgated by the Office of the United States Trustee.

8.      Notwithstanding any provision to the contrary in the Original Order and the REIT Services Engagement Letter, any dispute relating to the Additional Services provided by McDermott shall be referred to arbitration consistent with the terms of the Original Order or the REIT Services Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

3

11.    Notwithstanding any provision to the contrary in the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order and the Original Order.


Dated: _____, 2015
       Wilmington, Delaware
                                            _____
                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE

4

## EXHIBIT 1

**REIT Services Engagement Letter**



Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Iskender H. Catto
Attorney at Law
icatto@mwe.com
+1 212 547 5505

June 25, 2015

Andrew M. Wright

Energy Future Holdings Corp.
1601 Bryan St.
41st Floor
Dallas, Texas 75201

Dear Andy:

Thank you for selecting McDermott Will & Emery LLP ("McDermott") to represent Energy Future Holdings Corp. ("EFH") in connection with the potential restructuring of Oncor Electric Delivery Holdings Company LLC and its affiliated companies (collectively, "Oncor").  This matter will engage us to review and evaluate potential asset, income, and other economic metrics with respect to the potential restructuring of Oncor into a property company ("PropCo") and a separate operating company ("OpCo") to enable EFH's economic interest in Oncor to be held in a real estate investment trust ("REIT") structure; and apply transfer pricing principles to these economic metrics to develop potential models for rent payments between PropCo and OpCo.

McDermott is a limited liability partnership registered in the State of Illinois.  The terms of our representation are set forth in this letter and in the Additional Terms of Engagement ("Additional Terms") that accompany this letter.  Our expanded attorney-client relationship will commence when EFH and McDermott have agreed to the material terms of our engagement.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com

Andrew M. Wright
Page 2

I will be principally responsible for services provided to EFH.  As circumstances warrant, other lawyers or non-lawyer professionals will be assigned to work on EFH's matter.

It is important that all information provided to us is complete, accurate and up to date so that we can represent your interests fully.  Accordingly, please ensure that we are notified of any changes or variations to that information which may arise after the date it is provided to us, as well as any new circumstances which might be relevant to the work we are undertaking for you.

Our fees reflect the value of our services and are based on hourly billing rates that take into account the complexity of the matter, the skill and experience required to perform the services, the time constraints imposed by the circumstances, the size of the matter, and the efficiencies we bring to bear on the matter, among other factors.  As a result, a professional's rate may vary from one assignment to another.  My time for this matter will be billed at $875 per hour.  The rates of others who may work on your matters range from $315 per hour to $625 per hour for non-lawyer professionals.  Our rates are reviewed at least annually and may be increased during the course of our representation of EFH.  I will inform you in advance of the effective date of any applicable rate increase.

In order to avoid misunderstandings concerning potential conflicts of interest, it is our policy to clarify the identity of our clients and the circumstances under which we may represent other clients with interests which are or may be adverse to EFH.  Our representation of EFH in this matter does not extend to EFH's parents, subsidiaries, employees, officers, directors,

shareholders, partners, members, entities in which you own an interest (even a substantial interest), beneficiaries or other affiliates.

McDermott represents, and in the future will represent, many other clients.  During the time we are working for EFH, one or more existing or future clients may ask McDermott to represent them in an actual or potential transaction or contested matter, including litigation or other dispute resolution proceedings, adverse to EFH's interests.  By entering into this engagement, EFH agrees that McDermott can accept all such representations, even if the other client's interests are or may become directly adverse to EFH's interests, unless the matter is substantially related to a matter in which we are representing EFH, or will require disclosure of EFH's confidential information.  (All such representations are referred to as "Permitted Representations".)  EFH waives all actual and potential conflicts of interest that might exist because of any Permitted Representations undertaken by McDermott, and will not assert that any engagement of McDermott for EFH is a basis to challenge or to disqualify McDermott from undertaking or continuing any Permitted Representation.

Unless we are otherwise instructed by  EFH in writing at or prior to the completion of the matter for which EFH has engaged us, we may, after a reasonable period of time has passed, at our discretion, destroy all documents and data (including hard copies, electronically stored information and any other data stored on other forms of media) and any other materials that we have stored or otherwise remain in our possession relating to a matter for which our services have been completed or terminated.

Andrew M. Wright
Page 4

When we complete the services EFH has retained us to perform, our attorney-client relationship will be terminated.  If EFH later retains us to perform further or additional services, our attorney-client relationship will be revived subject to these terms of engagement unless we change the terms in writing at that time.

**In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York State, a copy of which will be provided to you upon request.**

Accompanying this letter are the Additional Terms, which are incorporated herein.  For clarity, in the event of a conflict in the provisions set forth in the body of this letter, your Outside Counsel Policy and Additional Arrangements, the following shall be the order of controlling provisions: (1) the provisions set forth in the body of this letter, (2) your Outside Counsel Policy, and (3) the Additional Terms.  If EFH has questions concerning any of the information presented here, or should EFH have a concern or question at any time during our representation, please call me.

EFH has the right to consult with other counsel concerning the terms of this engagement letter. By executing this engagement letter, EFH is confirming that EFH understands and accepts all of the terms set forth in this letter and in the Additional Terms and that this letter has been signed by EFH voluntarily and with the benefit of the information necessary to make a fully informed decision to agree to these terms. EFH intends for its consent to be effective and fully enforceable

Andrew M. Wright
Page 5


and to be relied upon by McDermott in accepting the representation of EFH.  EFH agrees and

acknowledges that in the case of inconsistency between EFH's outside counsel guidelines,

proposed terms, or billing instructions and the terms of this engagement letter, this engagement

letter takes precedence and controls the terms of our engagement.  These terms may not be

modified unilaterally and any amendment or modification of these terms will be effective only

upon execution of a writing signed by a person within EFH and within McDermott authorized to

approve such changes.

Please sign and return to us the enclosed copy of this letter.  Note that EFH's request to

McDermott to proceed, or acquiescence in McDermott proceeding, will constitute EFH's full

acceptance of the terms set forth herein and in the attached.


                                        Sincerely,


                                        */s/ Iskender H. Catto*


                                        Iskender H. Catto

Enclosure

Agreed to and accepted (including the Additional Terms):


Energy Future Holdings Corp.

By:___*/s/ Andrew M. Wright*_____

Title:__VP & Deputy General Counsel_____

Date:__June 25, 2015_____