**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 4867** |

**DECLARATION OF ISKENDER H. CATTO IN SUPPORT
OF THE MOTION OF ENERGY FUTURE HOLDINGS CORP.,
ET AL., FOR ENTRY OF AN ORDER EXPANDING THE RETENTION
AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP AS
SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED AND REIT
TRANSACTIONAL MATTERS EFFECTIVE NUNC PRO TUNC TO JUNE 2, 2015**

I, Iskender H. Catto, being duly sworn, state the following under penalty of perjury:

1. I am a Partner with the law firm of McDermott Will & Emery LLP ("McDermott"), which maintains offices throughout the world, including at 340 Madison Avenue, New York, New York 10173. I am a member in good standing of the bars of New York, New Jersey, and Washington, D.C.

2. I submit this declaration (the "Additional Services Catto Declaration"), pursuant to Bankruptcy Rules 2014(a) and 2016(b), on behalf of McDermott in support of the *Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order Expanding the Retention and Employment of McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related and REIT Transactional Matters Effective* Nunc Pro Tunc *to June 2, 2015* [D.I. 4867] (the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 12285794v.1

"Motion"),[2] filed contemporaneously herewith.  Except as otherwise noted herein, I have personal knowledge of the matters set forth herein.  The bases for the relief requested in the Motion are sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, Local Bankruptcy Rules 2014-1 and 2016-2, and the *Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* nunc pro tunc *to the Petition Date* (the "Original Order") [D.I. 2062].

## Background

3.  On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

---

[2] Capitalized terms used by not defined otherwise herein shall have the meaning ascribed to them in the Motion.

4. On May 29, 2014, the Debtors filed the *Application of Energy Future Holdings Corp.* et al., for *Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transaction Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 664] (the "Application") and the *Declaration of Iskender H. Catto in Support of the Application of Energy Future Holdings Corp.,* et at., *for Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to the Petition Date* (the "Catto Declaration") [D.I. 652].

5. On September 16, 2014, the Debtors filed a *Supplemental Declaration of Iskander H. Catto in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2040] (the "Supplemental Catto Declaration") to affirm McDermott's disinterestedness and outline McDermott's steps to comply with the U.S. Trustee's guidelines.

**Scope of Additional Services**

6. Since the Debtors filed the Application, the Catto Declaration, and the Supplemental Catto Declaration, the Debtors and McDermott have entered into that certain engagement letter dated June 25, 2015 (the "REIT Services Engagement Letter"), substantially in the form attached to the Motion as **Exhibit 1** to **Exhibit A**, regarding McDermott's Additional Services to the Debtors, as set forth below:

    a. Review and evaluate potential asset, income, and other economic metrics with respect to the potential restructuring of Oncor Electric Delivery Holdings Company LLC and its affiliated companies (collectively, "Oncor") into a property company ("PropCo") and a separate operating company ("OpCo") to enable EFH's economic interest in Oncor to be held in a real estate investment trust ("REIT") structure; and

3

      b.      Apply transfer pricing principles to these economic metrics to develop potential models for rent payments between PropCo and OpCo.

7.      McDermott will apply for compensation for these Additional Services under the same terms set forth in the Original Order, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, guidelines established by the U.S. Trustee, and any other applicable procedures and orders of the Court.

### Efforts to Avoid Duplication of Services

8.      McDermott will continue to use its reasonable efforts to avoid any duplication of services provided to the Debtors by any of the Debtors' other retained professionals in these chapter 11 cases.

### McDermott Continues to Neither Hold nor Represent any Interest Adverse to the Debtors

9.      As stated previously in the Catto Declaration and the Supplemental Catto Declaration, McDermott, to the best of the my knowledge, information, and belief, continues to not represent nor hold any interest adverse to the Debtors or their estates, their creditors, their equity security holders, their respective attorneys and accountants, the U.S. Trustee, any person employed by the U.S. Trustee or any other party in interest in these chapter 11 cases (a) in the matters for which McDermott has been retained or (b) in matters related to the services to be performed by McDermott for the Debtors.

10.      McDermott has agreed not to represent any such creditors or parties in interest in the Debtors' chapter 11 proceeding in any matter adverse to the Debtors, except as previously disclosed in the Catto Declaration or the Supplemental Catto Declaration.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on
Dated:   June 25, 2015              */s/ ISKENDER H. CATTO*
                                    Iskender H. Catto
                                    Partner, McDermott Will & Emery LLP

RLF1 12285794v.1