IN THE UNTIED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | |
| ENERGY FUTURE HOLDINGS CORP., et al, | ) | Case No. 14-10979(CSS) | |
| Debtors. | ) | (Jointly Administered) | |

**CREDITORS RESPONSE TO**

NOTICE OF DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1 AND HEARING THEREON

-----------------------------------------------------------

COMES NOW, Wayne English (ENGLISH), with his response to Debtors' propose expungement of English's Proof of claimed filed on October 24, 2014, and as grounds will show:

1. Jurisdiction and venue are proper pursuant to 28 U.S.C..
2. ENGLISH, has purchased, held, and maintained, for over six years $100,000 of TXU corporate bonds 6.55% due 11/15/2034, cusip number 873168AQ1 (BONDS). The BONDS were purchased to generate income and for retirement endeavors, based on the assets and credit-worthiness of TXU. In addition, ENGLISH selected corporate bonds as they are given priority status in a bankruptcy filing. Subsequent to TXU's filing of bankruptcy, ENGLISH sold the BONDS for $75,420.00 on September 2, 2014. On October 24, 2014, ENGLISH filed a proof of claim for $24,580.00, the damages he has suffered

MITIGATION OF DAMAGES

3. Pursuant to the announcement and subsequent TXU Bankruptcy filing, the value of the TXU BONDS fluctuated from a low of twenty cents on the dollar, to a high of seventy-five cents on the dollar. After recognizing the daily change in value of his investment, and in the interest to minimize his damages, ENGLISH, on September 2, 2014, sold his BONDS at the high of seventy-five cents on the dollar.
4. When a party has suffered damages from a breach, he is burden with the obligation to mitigate damages if it can be done with minimum expense and without the excursion of a great deal of effort. See **Allen v. Am. Gen. Fin., Inc**, 251 S.W. 3d 676, 686(Tex.App.-San Antonio 2007, pet. Granted) (citing Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1, 908 S.W. 2d 415, 426(Tex. 1995)), {The Mitigation-of-damages doctrine is an affirmative defense that requires an injured party, following a breach, to exercise reasonable care to minimize his damages if it can be done with slight expense and reasonable effort.} See also, **In Re Perry, 423 BR 215 (Bankr. S.D. Tex 2010).**
5. Mitigation of damages requires a plaintiff to exercise "ordinary care" in minimizing his damages. **Formosa Plastics, 216 S.W.3d at 459.** See also, **Perry, supra.**

### AFFIRMATIVE DEFENSE

6. Respondent re-alleges the above entitled paragraphs and fully incorporates them herein.

7. Pursuant to the above mention action to mitigate damages, ENGLISH pleas as an affirmative defense under the doctrine of the mitigation-of-damages, that his proof of claim should not expunged as the sale of the BONDS was to reduce the damages he was entitled. This action by ENGLISH has resulted in his proof of claim to be reduced from $100,000 to $24,580, an obvious benefit to the debtors' estate.

### REQUEST FOR TELEPHONIC HEARING

8. ENGLISH request to appear at the July 20, 2015 hearing telephonically from the number 972-222-4285.

WHEREFORE, ENGLISH request this Honorable Court to grant this his Response to Debtors' Objection and enter an order to not discharge or expunge his claim and for all other and further relief appropriate in law and equity.

Respectfully Submitted,

Wayne English, Pro se   6/23/15

4849 Bluecap Court

Mesquite, Texas 75181

214-460-4975, Fax 972-222-4285

### Certificate Of Service

English, hereby certifies that a copy of the foregoing motion was sent via email or fax to Richards, Layton, & Finger, P.A., Kirkland & Ellis LLP, and James H. M. Sprayregen, P.C.

Wayne English

6/23/15