**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**FIRST INTERIM APPLICATION OF SOLIC CAPITAL ADVISORS, LLC, FINANCIAL ADVISOR FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM DECEMBER 18, 2014 THROUGH APRIL 30, 2015**

SOLIC Capital Advisors, LLC ("SOLIC"), financial advisor for Energy Future Holdings Corp. ("EFH Corp." or the "Debtor"), hereby submits this application (the "Fee Application"), pursuant to sections 327(a), 328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), for (a) interim approval and allowance of compensation for professional services rendered in the amount of $890,322.58 from December 18, 2014 through April 30, 2015 (the "Fee Period"); and (b) reimbursement of actual and necessary expenses in the amount of $41,787.51 incurred during the Fee Period. In support of the Fee Application, SOLIC submits

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

the declaration of Neil F. Luria, which is attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Fee Application, SOLIC respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over the Fee Application under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, and the Fee Committee Order.

## Background

5. On April 29, 2014 (the "Petition Date"), EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for the joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors

2

representing the interests of EFH Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc. and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [D.I. 98] of Paul Keglevic in support of the Debtors' first day motions.

6. On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "Fee Committee") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7. On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

**EFH Corp.'s Retention of SOLIC**

8. EFH Corp. sought approval of this Court to retain SOLIC as financial advisor, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, by application filed on January 16, 2015 [D.I. 3324] (the "SOLIC Retention Application"). As set forth in the SOLIC Retention Application and SOLIC's engagement letter, EFH Corp. engaged SOLIC to render professional services to EFH Corp.'s disinterested directors (the "Disinterested Directors") in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s disinterested directors. SOLIC's retention was approved by this Court by order dated February 6, 2015 [D.I. 3467] (the "Retention Order"), effective *nunc pro tunc* to December 18, 2014. A true and correct copy of the Retention Order is attached

3

hereto as **Exhibit B**. The Retention Order provides that that SOLIC's compensation is approved pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

9. As is typical of financial advisory firms, SOLIC is not compensated by the hour, but through fixed fees. The Retention Order authorizes EFH Corp. to compensate SOLIC as set forth in its engagement letter, consisting of (a) a $200,000 monthly fixed fee payment (pro-rated for any periods less than a month) and (b) reimbursement of reasonable and documented out-of-pocket expenses (including all fees of counsel), subject to any limitations or modifications as set forth in the Retention Order. The fixed fee charged by SOLIC is typical for SOLIC's engagements both inside and outside of bankruptcy. Although SOLIC typically also is provided an "incentive fee" or "success fee" in addition of fixed fees in other engagements both inside and outside of bankruptcy, SOLIC has not sought such a fee in this case.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

10. This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

11. By this Fee Application, SOLIC seeks: (a) approval and allowance of compensation for professional services rendered by SOLIC as financial advisor for EFH Corp. during the Fee Period in the amount of $890,322.58; and (b) reimbursement of actual and necessary expenses incurred by SOLIC in connection with rendering professional services to EFH Corp. during the Fee Period of $41,787.51.

12. Pursuant to the Interim Compensation Order, SOLIC has already received payment, or has filed fee statements and is awaiting payment, from EFH Corp. in the amount of $712,258.06, which represents 80% of SOLIC's fees for the Fee Period, and $41,787.51, which represents 100% of the expenses invoiced for the Fee Period. Except as described in this Fee Application, SOLIC has not entered into any agreement with any other party for the purpose of

fixing of sharing fees or other compensation to be paid for professional services rendered in EFH Corp.'s chapter 11 case. No promises have been received by SOLIC or any member thereof as to compensation in connection with EFH Corp.'s chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.

13. SOLIC's fees for this Fee Period are in accordance with the agreed-upon terms for this period set forth in the SOLIC Retention Application.

14. During the Fee Period, SOLIC's professionals spent an aggregate of 1,473.5 hours performing services for EFH Corp. in connection with its chapter 11 case.

15. SOLIC's fees for the services rendered are reasonable and appropriate given the complexity of the matter and the level of expertise required to best serve EFH Corp. In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case and the sophistication and breadth of expertise necessary to successfully guide EFH Corp. through its chapter 11 case, is best served by employing a financial advisor with SOLIC's sophistication, experience, and expertise in handling large and complex matters for corporations. SOLIC believes that its fees are comparable to the fees charged by other highly skilled practitioners experienced in advising clients with large, complex operations while in chapter 11.

**Proposed Payment Allocation**

16. Pursuant to paragraph 8 of the Retention Order, absent an order of the Court, the fees and expenses incurred by SOLIC are paid by EFH Corp. As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

**Summary of Professional Services Rendered**

17. SOLIC has structured its time records using its internal system of project codes. The following descriptions provide a summary of the primary services rendered by SOLIC during the Fee Period with respect to each project code. Given the scope of the work performed,

5

these summaries do not cover all work performed but instead highlight the major areas of work. Descriptions of the day-to-day services provided by SOLIC and the time expended performing such services in each project category are attached hereto as **Exhibit C**. Such descriptions demonstrate that SOLIC was heavily involved in the performance of services for EFH Corp. on a daily basis, including night and weekend work, often under extreme time constraints, to meet the needs of EFH Corp. in its chapter 11 case.

A.  **Bidding Procedures Review and Bid Review (270.5 Hours)**

18.  In connection with providing advice to the Disinterested Directors regarding the approval and timing of the proposed sale process of Oncor, this category includes analysis and review of the suitability of the bidding procedures, review of potential buyers and sale process considerations for Oncor/EFIH/EFH Corp. This category also includes time spent by SOLIC in connection with Conflict Matters analyzing the valuation of the Debtors' businesses and creditor recoveries under various scenarios. This work entailed, among other things, understanding industry and market environment dynamics; researching capital market conditions; reviewing the historical and projected financial performance of publicly traded comparable companies; reviewing operational and valuation metrics of comparable companies over time; researching precedent transactions of comparable companies and the operational and valuation metrics therein; and analyzing potential allowed creditor claims and recoveries under various proposed plan structures and scenarios. SOLIC has, to the extent practical, coordinated and leveraged off work performed by the Debtors' general financial advisors.

B.  **Dataroom & Diligence Materials Review (131.5 Hours)**

19.  This category includes time spent reviewing and preparing general financial analyses and conducting related research at the direction of the Disinterested Directors and counsel to the Disinterested Directors in connection with Conflict Matters. SOLIC reviewed

board presentations, advisor presentations, data room materials, court filings and transcripts, news articles, company filings and documents, term sheets, plan proposals, bid materials and other sources of information regarding the proposed sale process for Oncor, key plan issues and other Conflict Matters. This category also includes preparation and review of presentations to the Disinterested Directors and/or EFH Debtors' counsel as well as internal meetings to develop research and analyses. SOLIC has, to the extent practical, coordinated and leveraged off work performed by the Debtors' general financial advisors.

C.  **Board Meeting Attendance (67.0 Hours)**

20.  This category includes the time spent by SOLIC's professionals attending in-person and telephonic EFH Corp. board meetings.

D.  **Fee Applications/Retention Applications (20.5 Hours)**

21.  This category includes general preparation and review of SOLIC's retention, monthly fee statements and other court filings.

E.  **Financing Proposal Review (4.5 Hours)**

22.  This category includes the review of repayment of second-lien EFIH notes and financial analysis in support of the repayment of those notes.

F.  **Intercompany Transfers Review (424.5 Hours)**

23.  This category includes review and analysis of the various claims and causes of actions between EFH Corp. and its affiliates, including the nature of the claims, the magnitude of such claims, and factors affecting the allowance of such claims. This category also includes review of reports produced by various legal firms in the case on claims and causes of action, as well as discussions with legal professionals to the Disinterested Directors on this subject matter. SOLIC devoted significant time to the investigation of the financial impacts of potential litigation claims that constitute or potentially constitute Conflict Matters, including potential claims that could be

asserted by EFH Corp. against other Debtors, or by other Debtors against EFH Corp. SOLIC's claims-related diligence included substantial work identifying and evaluating the underlying financial bases for such potential claims; reviewing prior diligence on potential claims prepared by other advisors to the Debtors; and reviewing thousands of pages of documents relating to the potential claims.

G.  **Meeting with Counsel & Other Constituents (108.0 Hours)**

24. This category includes time spent in connection with Conflict Matters participating in meetings, conference calls and correspondence with creditors of EFH Corp. and their professionals; the Debtors and their professionals; and other parties-in-interest and their professionals. SOLIC participated in numerous in-person and telephonic meetings in discussion and diligence of Conflict Matters, plan issues, constituent interests and various proposals including professionals for the Disinterested Directors and other affiliates and stakeholders.

H.  **Meeting with Disinterested Directors (45.5 Hours)**

25. This category includes time spent in connection with Conflict Matters participating in meetings, conference calls and correspondence with the Disinterested Directors and EFH Corp's Disinterested Directors' counsel.

I.  **Plan Development Review (122.0 Hours)**

26. This category includes time spent in connection with the review of a draft plan of reorganization, disclosure statement and related filings as well as analysis of proposed plans of reorganization and the implementation thereof, including any proposed plan's impact on proposed settlements of Conflicts Matters and stakeholder recoveries.

J.  **Presentation Development (130.5 Hours)**

27. This category includes the development of various presentations as provided to counsel and the Disinterested Directors that includes but not limited to, a presentation prepared

by SOLIC and shared with the Disinterested Directors in early January 2015 titled "Discussion Materials Pertaining to Proposed Oncor Bid Procedures". This also includes financial analysis and presentation materials produced by SOLIC for inclusion in various presentation materials and memoranda prepared by legal counsel and presented to the Disinterested Directors.

**K.    Project Management and Support (4.5 Hours)**

28.    This category includes development of draft work plans, development of staffing plans of the engagement, and the establishment of internal data repositories for engagement team members.

**L.    Tax Reviews (13.5 Hours)**

29.    This category includes review and analysis of pre- and post-petition activity and potential activity that would affect the allocation of tax liabilities among EFH Corp. and its affiliates.

**M.    Travel Time (131.0 Hours)**

30.    This category includes required travel by SOLIC professionals to attend in-person meetings with the Disinterested Directors, in-person board meetings, in-person meetings with legal counsel to the Disinterested Directors, and in-person meetings with various creditor constituents and their professional advisors.

<u>Allowance of Compensation</u>

31.    The foregoing professional services rendered by SOLIC on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate to the administration of EFH Corp.'s chapter 11 case and related matters and in the best interests of EFH Corp. and its estate. The compensation requested for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The professional services were performed expediently and in an efficient manner.

9

32. During the Fee Period, the professional services performed by SOLIC on behalf of EFH Corp. required an aggregate expenditure of 1,473.5 hours by SOLIC professionals and a fair market value of $890,322.58. As demonstrated by this Fee Application, SOLIC's services were rendered economically and without unnecessary duplication of efforts. In addition, the work involved and the time expended was carefully assigned in consideration of the experience and expertise required of each particular task.

### Actual and Necessary Expenses Incurred by SOLIC

33. SOLIC seeks reimbursement of $41,787.51 on account of expenses incurred in performing professional services during the Fee Period. SOLIC records all expenses incurred in connection with the performance of professional services. Detailed descriptions of these expenses were attached to and filed as exhibits to the monthly fee statements submitted during the Fee Period and are attached hereto as **Exhibit D**.

34. SOLIC seeks reimbursement only for the actual cost of such expenses to SOLIC. Throughout the Fee Period, SOLIC has been cognizant of cost considerations and has tried to minimize the expenses charged to the EFH Corp.'s estate. SOLIC respectfully submits that the actual expenses incurred in providing professional services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

### The Requested Compensation Should be Allowed

35. In the instant case, SOLIC respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in its chapter 11 case. SOLIC worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case. SOLIC's services and expenditures were

necessary to, and in the best interests of, EFH Corp.'s estate and creditors. SOLIC submits further that the services its professionals and paraprofessionals provided for EFH Corp. were performed economically, effectively and efficiently, and that the results obtained to date have benefited not only EFH Corp. but all stakeholders in its chapter 11 case. The services provided by SOLIC were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, SOLIC respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

## Reservation of Rights

36. It is possible that some expenses incurred during the Fee Period are not reflected in the Fee Application. SOLIC reserves the right to include such amounts in future fee applications.

## Notice

37. SOLIC provided notice of this Fee Application to: (a) the Debtor; (b) co-counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the Office of the United States Trustee; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility; (f) counsel for the agent of the TCEH DIP Financing Facility; (g) counsel to the TCEH Creditors' Committee; (h) counsel to the EFH Creditors' Committee; and (i) counsel to the Fee Committee (collectively, the "Notice Parties"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on SOLIC and the Notice Parties so that it is actually received on or before July 20, 2015 at 4:00 p.m. (prevailing Eastern Time).

**No Prior Request**

38.     Other than the monthly fee statements, no prior request for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, SOLIC respectfully requests that the Court enter an order (i) awarding SOLIC the sum of $890,322.58 as compensation for services rendered and $41,787.51 for reimbursement of actual and necessary expenses SOLIC incurred during the Fee Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SOLIC's right to seek additional compensation for services rendered and for expenses incurred during the Fee Period which were not processed at the time of this Fee Application; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  June 29, 2015             */s/ Neil F. Luria*
                                  SOLIC Capital Advisors, LLC
                                  Neil F. Luira, Senior Managing Director
                                  1603 Orrington Avenue, Suite 1600
                                  Evanston, Illinois 60201