# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Hearing Date: July 16, 2015, 10:00 AM<br>Obj. Deadline: July 2, 2015<br>Relates to Docket No. 4972 |

**SUPPLEMENTAL DECLARATION OF RICHARD LEVIN IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE *NUNC PRO TUNC* TO MAY 18, 2015**

I, Richard Levin, declare under penalty of perjury as follows:

1.   I am a partner in the firm of Jenner & Block LLP ("**Jenner**"), with an office located at 9190 Third Avenue, New York, NY 10022, and have been duly admitted to practice law in the State of California, the State of New York, the Commonwealth of Massachusetts and the District of Columbia and have been admitted to the bar of this Court *pro hac vice*.

2.   This Supplemental Declaration supplements, at the request of the Office of the United States Trustee, the Declaration that I submitted as Exhibit E in support of the Application for Order Approving Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 (Docket No. 4972; the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"**Application**"). I am authorized to submit this Supplemental Declaration. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[2]

**Scope of Services to be Provided**

3. The Application stated that I had left EFIH's independent counsel Cravath, Swaine & Moore LLP and joined Jenner in May 2015 and that EFIH (acting by its Disinterested Manager), Cravath, and Jenner had all agreed that retaining Jenner would permit the same team of lawyers to continue to advise and represent EFIH in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of the Disinterested Manager of EFIH. The Application stated that Jenner's role was to be limited to restructuring matters and that Cravath's role as mergers & acquisition, litigation, and tax counsel to EFIH for Conflict Matters would remain unchanged. This Supplement Declaration provides more detail on the respective roles of Jenner and Cravath.

4. While at Cravath, I was responsible for the restructuring matters in EFIH's representation. That included not only matters involving bankruptcy law issues or arising in hearings in this Court, including matters relating to Cravath's employment and compensation, but also overseeing all aspects of the representation that affected the progress of the case toward a plan, including the negotiation and implementation of bid procedures, the evaluation and negotiation or alternative plan proposals, investigation and resolution of intercompany claims, and tax issues that would affect EFIH's path toward a confirmed chapter 11 plan. In that capacity, I worked with one partner each in Cravath's Litigation Department, Tax Department, and Mergers & Acquisition Practice, who assumed direct responsibility for the aspects of the representation within their expertise. All of us worked together, as necessary, to coordinate our

---

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings set forth in the Application.

activities and provide representation and advice to the client that encompassed all of the necessary disciplines. At the same time, as the restructuring partner responsible for the representation, I coordinated the work of the other Cravath lawyers working on the matter.

5. EFIH, Cravath, and Jenner agreed that the same arrangements should continue upon my transfer to Jenner, including my role in coordinating the activities of Jenner and Cravath, to provide EFIH continued, seamless representation and advice. I will continue to handle all restructuring matters, as described in the immediately preceding paragraph, and Cravath will continue to handle all litigation, tax, and M&A and general corporate matters. For example, some of the plan proposals that are currently under negotiation might involve drafting and negotiation of investment agreements, a merger agreement, shareholder agreements, and other documents as well as advice and representation on corporate governance issues and on negotiation strategy and tactics, all of which matters are typically within the expertise of an M&A lawyer, even though they are drafted in connection with a chapter 11 plan and also involve restructuring expertise and advice. Each plan proposal has complex tax consequences. And if there is litigation over plan confirmation, there will be extensive discovery and trial issues to address. Cravath will continue to handle all of those matters, just as it would have done had I remained a partner there. I will continue to oversee that work, just as I would have done had I remained a partner there. We have been operating on this basis since May 18, and it has worked well.

6. Because of my role in this representation and my expertise in bankruptcy matters generally, I am best positioned to prepare the monthly budgets required the Fee Committee and the budgets required under the U.S. Trustee Fee Guidelines, and to prepare fee applications for Jenner and fee application drafts for Cravath, who does not otherwise have expertise in such matters. EFIH has requested combined monthly budgets for its independent counsel, which can

be prepared and submitted more efficiently by one of the two firms. I have agreed to prepare the separate budgets for Jenner and Cravath and combine them for the client. All Cravath budgets are subject to Cravath's review and approval before being submitted. Jenner and Cravath fee applications will be separate, as required by the Bankruptcy Code, and will address budget issues separately, as required by the U.S. Trustee Fee Guidelines. Cravath will review and sign its own fee applications.

7. After consultation with EFIH and Cravath, I believe that the arrangement above will provide the most efficient and cost-effective representation of EFIH in its chapter 11 case.

**Compensation**

8. In my initial Declaration, I stated that Jenner agreed to obtain prior approval from the Fee Committee for any contract attorneys that it uses in this case for which it proposes to charge to EFIH more than the actual charge it pays for their service.

9. At the request of the Office of the United States Trustee, I confirm that any such contract attorneys will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules and that Jenner will not share fees with existing or future contract attorneys who provide services in the Debtor's chapter 11 case or enter into fee sharing arrangements with any such contract attorneys with respect to any fees received in the Debtor's chapter 11 case, except to the extent (if any) permitted by Bankruptcy Code section 504.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: June 30, 2015         /s/ *Richard Levin*
                              Richard Levin