# State Farm Insurance Companies    P.O. Box 661044 Dallas, TX 75266

September 24, 2015


Bankruptcy Court Clerk
824 North Market Street 3rd Floor
Wilmington,  Delawre

RE:    Claim Number:
       Date of Loss:
       Our Insured:


Dear Sir or Madam:

We have received the attached from you.  We do not have enough information for processing.  Please provide us with the claim number, policy number, name of State Farm's insured, date of loss, and/or the name of the State Farm agent.

Please return everything to us and we will route it to the appropriate team for handling.

Thank you for your cooperation.

Sincerely,



State Farm Insurance Companies
Fire Claim Central
CDP

Business:  888-208-3017
Fax: 888-208-3019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: July 16, 2015 at 9:30 a.m.** |
|  | ) | **Objection Deadline: July 1, 2015 at 4:00 p.m.** |

**NOTICE OF "MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR
ENTRY OF AN ORDER FURTHER ENLARGING THE PERIOD WITHIN WHICH
THE DEBTORS MAY REMOVE CERTAIN ACTIONS" AND HEARING THEREON**

PLEASE TAKE NOTICE that, on June 17, 2015, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the attached **Motion of Energy Future**

**Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which**

**the Debtors May Remove Certain Actions** (the "Motion") with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion

must be in writing, filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd

Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned co-

counsel for the Debtors on or before **July 1, 2015 at 4:00 p.m. (Eastern Daylight Time).**

PLEASE TAKE FURTHER NOTICE that if an objection is timely filed, served and

received and such objection is not otherwise timely resolved, a hearing to consider such

objection and the Motion will be held before The Honorable Christopher S. Sontchi at the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 on **July 16, 2015 at 9:30 a.m. (Eastern Daylight Time).**

IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

*[Remainder of page intentionally left blank.]*

2

Dated: June 17, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

3

06232015

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 16, 2015 at 9:30 a.m. |
| | Objection Deadline: July 1, 2015 at 4:00 p.m. |

### MOTION OF ENERGY FUTURE HOLDINGS
### CORP., *ET AL.*, FOR ENTRY OF AN ORDER FURTHER ENLARGING
### THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE CERTAIN ACTIONS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), further enlarging the period within which the Debtors may remove:

(a) Prepetition Actions (as defined herein) by 180 days through and including January 23, 2016

(the "Removal Date")[2]; or (b) Postpetition Actions (as defined herein) to the later of (i) the

Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case,

without prejudice to the Debtors' right to seek further extensions.  In further support of this

Motion, the Debtors respectfully state as follows.

#### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Pursuant to Bankruptcy Rule 9006(a)(1), the Removal Date will run through January 25, 2016.

*Standing Order of Reference from the United States District Court for the District of Delaware,*
dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.
§ 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy Court for the District of Delaware
(the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this
Motion to the extent that it is later determined that the Court, absent consent of the parties,
cannot enter final orders or judgments in connection herewith consistent with Article III of the
United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are section 1452 of title 28 of the
United States Code (the "Judicial Code"), rules 9006 and 9027 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9006-2.

### Relief Requested

4.      By this Motion, the Debtors request entry of the Order further enlarging the
period within which the Debtors may remove:  (a) Prepetition Actions (as defined herein) by 180
days through and including January 23, 2016; or (b) Postpetition Actions (as defined herein) to
the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule
9027(a)(3), in each case, without prejudice to the Debtors' right to seek further extensions.

### Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary
petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses
and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of
the Bankruptcy Code. The Court has entered a final order for joint administration of these

06232015

chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.    The Debtors are currently involved in more than 400 civil actions filed before the Petition Date in various forums across the United States (the "Prepetition Actions"). Moreover, additional civil actions have been and may continue to be commenced against certain of the Debtors during the pendency of these chapter 11 cases (collectively, the "Postpetition Actions" and, together with the Prepetition Actions, the "Actions"). Pursuant to an order entered by this Court on July 16, 2014, the period within which the Debtors may file notices to remove the Prepetition Actions was extended to January 26, 2015.[3] Pursuant to an order entered by this Court on January 9, 2015 (the "Second Removal Order"), the period within which the Debtors

---

[3] *See Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1590].

RLF1 12249608v.1

may file notices to remove the Actions (including both the Prepetition Actions and the Postpetition Actions) was further extended and is now scheduled to expire on July 27, 2015.[4]

7.    With nearly $40 billion in assets and $49 billion in liabilities, the Debtors' chapter 11 cases constitute the largest operating company to file for bankruptcy in the District of Delaware and the seventh largest chapter 11 case filed in history by liabilities. Since the entry of the Second Removal Order, the Debtors have centered their efforts on: (a) further reconciling more than 10,000 proofs of claim filed in response to the claims bar dates set in these chapter 11 cases;[5] (b) negotiating and drafting a proposed plan of reorganization[6] and related disclosure statement,[7] both filed April 14, 2015; (c) building consensus among major creditor constituencies for both the process and substance of the Debtors' reorganization; and (d) negotiating stalking horse bids for the Debtors' indirect economic interests in Oncor Electric Delivery Company LLC ("Oncor") and potential alternative plan proposals.

8.    In the context of these critical activities, the Debtors and their advisors continue to analyze the Actions to determine whether the Debtors will seek to remove any to this Court.

---

[4] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 3215].

[5] *See Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements, and the Bar Date for Customer Claims* [D.I. 307]; *Order (A) Setting Bar Dates For Filing Non-Customer Proofs Of Claim and Request For Payment, (B) Approving The Form Of and Manner For Filing Non-Customer Proofs Of Claim and Request For Payment and (C) Approving The Notice* [D.I. 1866].

[6] *See Chapter 11 Plan of Reorganization (Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code)* [D.I. 4142].

[7] *See Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4143].

4

06232015

Absent the relief requested in this Motion, the Debtors could be forced to make premature decisions that could ultimately prove to be detrimental to the Debtors' estates.

### Basis for Relief

9.    Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10.    Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.    With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

RLF1 12249608v.1

Fed. R. Bankr. P. 9027(a)(3).

12.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.   Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

13.     It is well-settled that the Court is authorized to extend the period within which the Debtors may file notices to remove the Actions.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000); (holding that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (holding that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

14.     The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious

resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with any future chapter 11 plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtors must analyze each Action in light of such factors.

15.    As set forth above, pursuant to the Second Removal Order, the period within which the Debtors may file notices to remove the Actions is currently scheduled to expire on July 27, 2015. Since entry of the Second Removal Order, the Debtors have expended significant time and effort on a multitude of matters, including, among others: (a) further reconciling more than 10,000 proofs of claim filed in response to the claims bar dates set in these chapter 11 cases; (b) negotiating and drafting a proposed plan of reorganization and related disclosure statement, both filed April 14, 2015; (c) building consensus among major creditor constituencies for both the process and substance of the Debtors' reorganization; and (d) negotiating stalking horse bids for the Debtors' indirect economic interests in Oncor and potential alternative plan proposals.

16.    The Debtors believe the extension requested in this Motion will provide the Debtors with the necessary additional opportunity to make fully informed decisions concerning the removal of the Actions and will ensure that the Debtors' rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner.  Further, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' request for an extension.   Because section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases even absent

7

the relief requested in this Motion. Moreover, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded pursuant to section 1452 of the Judicial Code. Accordingly, the Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

17.      Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re FBI Wind Down, Inc.*, No. 13-12329 (Bankr. D. Del. Aug. 19, 2014) (granting further 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re TPOP, LLC*, No. 13-11831 (Bankr. D. Del. July 29, 2014) (granting further 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re ZCO Liquidating Corp.*, No. 13-13126 (Bankr. D. Del. July 17, 2014) (granting further 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re LMI Legacy Holdings Inc.*, No. 13-12098 (Bankr. D. Del. Apr. 1, 2014) (granting further 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re AgFeed USA LLC*, No. 13-11761 (Bankr. D. Del. Feb. 12, 2014) (granting further 90-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Longview Power, LLC*, No. 13-12211 (Bankr. D. Del. Dec. 16, 2013) (granting 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del. Oct. 11, 2013) (same); *In re School Specialty, Inc.*, No. 13-10125 (Bankr. D. Del. May 16, 2013) (granting 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Amicus Wind Down Corp.*, No.

RLF1 12249608v.1

06232015

11-13167 (Bankr. D. Del. May 15, 2012) (granting 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions).[8]

### Notice

18.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0%

---

[8] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:    (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) all non-Debtor parties to the current Actions.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

RLF1 12249608v.1

06232015

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  June 17, 2015
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

11

# EXHIBIT A

## Proposed Order

06232015

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## ORDER FURTHER ENLARGING THE PERIOD
## WITHIN WHICH THE DEBTORS MAY REMOVE CERTAIN ACTIONS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") further enlarging the period within which the Debtors may remove:  (a) Prepetition Actions by 180 days; or (b) Postpetition Actions to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case without prejudice to the Debtors' right to seek further extensions, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The period within which the Debtors may seek removal, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, of: (a) Prepetition Actions is further enlarged by 180 days through and including January 23, 2016 (the "Removal Date"); and (b) Postpetition Actions is extended to the later of (i) the Removal Date, and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3).

3.     This Order and the relief granted herein shall apply to all Actions.

4.     This Order shall be without prejudice to the Debtors' right to seek further extensions of the time within which to remove related proceedings.

5.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

2

06232015

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
        Wilmington, Delaware

                                    _____
                                    THE HONORABLE CHRISTOPHER S. SONTCHI
                                    UNITED STATES BANKRUPTCY JUDGE

3

**File a Motion:**

14-10979-CSS Energy Future Holdings Corp.

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: CSS | Case Flag: CLMSAGNT, MEGA, LEAD, SealedDoc(s) |

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Jason M. Madron entered on 6/17/2015 at 8:23 PM EDT and filed on 6/17/2015
**Case Name:** Energy Future Holdings Corp.
**Case Number:** 14-10979-CSS
**Document Number:** 4799

**Docket Text:**
Motion to Extend *(Motion of Energy Future Holdings Corp., et al., for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions" and Hearing Thereon)* Filed by Energy Future Holdings Corp.. Hearing scheduled for 7/16/2015 at 09:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 7/1/2015. (Attachments: # (1) Notice # (2) Exhibit A) (Madron, Jason)

The following document(s) are associated with this transaction:

**Document description:Main Document**
**Original filename:W:\BJW\EFH Motion re Removal.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/17/2015] [FileNumber=13196882-0
] [226bc7ad2470e0010742c70f588d8209cc4945a1ce295740c3f90aff67ec5fbd383
cffda7274882949b93c6c28c1f39ede8309ade3a2132fde51e209015a038a5]]
**Document description:Notice**
**Original filename:W:\BJW\EFH Notice re Removal Motion.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/17/2015] [FileNumber=13196882-1
] [60e7c56bc0f399fce4bc38f72b6e7102cb3b602877126e06855e8777443cc81baed
aba893e9f68d4a4f5e4cdc63a040935676f5c18005f65b54af7cab2bf88247]]
**Document description:Exhibit A**
**Original filename:W:\BJW\EFH Ex A re Removal.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=6/17/2015] [FileNumber=13196882-2
] [30ae4add8133582e18b6cdce6d3e5ab085d9be059486c0b4f96ec72ba4a80e4696a
030aceb86909dabe45ee14aa53c04c50bab38f9e261ee015f6c3fcf98bo44]]

14-10979-CSS Notice will be electronically mailed to:

Derek C. Abbott on behalf of Interested Party TPG Capital, L.P.
dabbott@mnat.com, rfusco@mnat.com;mdecarli@mnat.com;aconway@mnat.com

Jacob A. Adlerstein on behalf of Interested Party Ad Hoc Committee of TCEH First Lien Creditors
jadlerstein@paulweiss.com

Elihu Ezekiel Allinson, III on behalf of Creditor Henry Pratt Company, LLC
ZAllinson@SHA-LLC.com, ecf@williamsdsullivanllc.com;KDavis@SHA-LLC.com;hcoleman@sha-llc.com

Arlene Rene Alves on behalf of Interested Party Wilmington Trust, N.A.
alves@sewkis.com

Desiree M. Amador on behalf of Creditor Pension Benefit Guaranty Corporation
amador.desiree@pbgc.gov, efile@pbgc.gov

Carla O. Andres on behalf of Interested Party Fee Committee
candres@gklaw.com, kboucher@gklaw.com;shurstena@gklaw.com

David B. Anthony on behalf of Plaintiff Avenue Capital Management II, LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff GSO Capital Partners LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff P. Schoenfeld Asset Management LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff Third Avenue Management LLC
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff York Capital Management Global Advisors, LLC
danthony@bergerharris.com

Aaron S. Applebaum on behalf of Interested Party TCEH Debtors
Aapplebaum@mdmc-law.com, smullen@mdmc-law.com;sshidner@mdmc-law.com