**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket Nos. 4138 and 4274 |

**ORDER (A) SCHEDULING CERTAIN HEARING DATES
AND DEADLINES, (B) ESTABLISHING CERTAIN
PROTOCOLS IN CONNECTION WITH THE CONFIRMATION
OF DEBTORS' PLAN OF REORGANIZATION, AND (C) REVISING CERTAIN
DATES IN THE DISCLOSURE STATEMENT SCHEDULING ORDER**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order scheduling certain hearing dates and deadlines, establishing certain protocols in connection with the confirmation of the Debtors' plan of reorganization (the "Plan") and approval of the Debtors' related disclosure statement (the "Disclosure Statement"), and establishing the terms governing Plan mediation, as described further herein; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

KE 36596894.5

notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the *Stipulation and Agreed Order Regarding the Adjournment of Standing Motions* [D.I. 4140] (as may be amended, the "Stipulation"), (i)(y) the Statement of No Objection and Limited Reservation of Rights of the Official Committee of TCEH Unsecured Creditors Regarding the Proposed Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement, and (C) Appointing a Mediator and Establishing the Terms Governing Mediation [D.I. 4329] and (z) the Response and Reservation of Rights of the Ad Hoc Committee of TCEH First Lien Creditors to the Motion of Energy Future Holdings Corp. *et al.* for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and Approval of the Debtors' Disclosure Statement [D.I. 4331] (collectively, (i)(y) and (i)(z), the "Responses"), and (ii)(t) the Limited Objection of Wilmington Savings Fund Society, FSB to Debtors' Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement; (u) the Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement [D.I. 4327]; (v) the Objection of Alcoa, Inc. to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of

KE 36596894.5

Reorganization and the Approval of the Debtors' Disclosure Statement [D.I. 4298]; (w) the Objection of EFH Notes Indenture Trustee to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and Approval of Debtors' Disclosure Statement; (x) the Limited Objection of the EFH Official Committee Regarding the Motion of Energy Future Holdings Corp., *et al.*, for entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement [D.I. 4317]; (y) the Limited Objection of the EFIH Ad Hoc Committee to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement [D.I. 4332]; and (z) the Objection of the EFIH Second Lien Notes Indenture Trustee to Debtors' Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization and the Approval of the Debtors' Disclosure Statement (collectively, (ii)(t) through (ii)(z), the "Objections") and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having considered the Responses, and the Court having overruled the Objections or the Debtors having otherwise resolved the Objections with the objecting parties; and upon all of the proceedings had before the

KE 36596894.5

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein. The protocols and schedule set forth below shall govern the proceedings to consider confirmation of the Plan (the "Confirmation Proceedings"), which, for the avoidance of doubt, includes all related discovery. The schedule below also revises certain dates in the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Approval of Debtors' Disclosure Statement, and (C) Establishing the Terms of Governing Mediation* [D.I. 4497] (the "Disclosure Statement Scheduling Order"). Nothing herein, however, revises the Disclosure Statement Scheduling Order with respect to the protocols that shall govern the proceedings to consider approval of the Disclosure Statement ("Disclosure Statement Proceedings").

I. **APPROVAL OF THE DISCLOSURE STATEMENT.**

2. The Disclosure Statement Scheduling Order of May 18, 2015 is hereby modified to add or revise the following dates. All such dates are subject to further amendment by the Court upon agreement of the Participating Parties, which shall not be unreasonably withheld, or for good cause shown.

    a. **Thursday, July 23, 2015 at 4:00 p.m.**[3] shall be the deadline for the Debtors to file an amended Disclosure Statement. The Debtors may file further supplements or amendments to the Disclosure Statement after this date.

    b. **Thursday, August 6, 2015, at 4:00 p.m.** shall be the deadline by which any party, including the Participating Parties, must file any objections to the Disclosure Statement.

    c. **Thursday, August 13, 2015, at 4:00 p.m.** shall be the deadline by which the Debtors must file their reply to all timely objections to the Disclosure Statement.

---

[3] All times specified in this Order are prevailing Eastern Time.

4

KE 36596894.5

d. **Friday, August 14, 2015,** shall be the date by which counsel to parties who filed timely objections to the Disclosure Statement and counsel to the Debtors must meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement (the "DS Meet and Confer"). The DS Meet and Confer may be held either in person or by telephone. Even if held in person, parties may elect to participate by phone. Any party whose attorney fails to timely participate in the DS Meet and Confer will be deemed to have waived its objections to the Disclosure Statement.

e. **Tuesday, August 18, 2015, at 9:00 a.m.** shall be the date and time of the start of the hearing for the Court to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing"). No later than two days prior to the start of the Disclosure Statement Hearing, the Debtors shall file (a) a hearing agenda; (b) a statement identifying the objections to the Disclosure Statement that remain unresolved after the DS Meet and Confer; and (c) an amended version of the Disclosure Statement reflecting all proposed changes. The Disclosure Statement Hearing will continue from day to day, as the Court's schedule permits, until completed. The Disclosure Statement Hearing shall last no longer than seven hours.

f. The Debtors must file the final Disclosure Statement as approved by the Court no later than five days after the conclusion of the Disclosure Statement Hearing.

## II. PARTICIPATION IN PROCEEDINGS.

3. Any party in interest, other than the parties listed in this paragraph, that intends to participate in discovery related to the Confirmation Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent"). Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection and who has agreed to be bound by the Confidentiality Agreement and Stipulated Protective Order approved by the Court on August 13, 2014 [D.I. 1833] (the "Protective Order") may take part in discovery related to the Confirmation Proceedings (each such party in interest a "Participating Party"). For purposes of discovery related to the Confirmation Proceedings, the Participating Parties shall include the United States Trustee and the following parties' representatives that have agreed to be bound by the Protective Order or are otherwise deemed to be party to the

KE 36596894.5

Protective Order: (a) the Debtors; (b) the ad hoc group of TCEH first lien lenders (the "TCEH First Lien Ad Hoc Group") and the members thereof; (c) Wilmington Trust, N.A., as TCEH first lien collateral agent and first lien administrative agent; (d) those certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates; (e) the ad hoc group of EFH legacy noteholders; (f) Texas Energy Future Holdings Limited Partnership, as EFH Corp.'s equity holder; (g) American Stock Transfer & Trust Company, LLC, as indenture trustee for the EFH notes; (h) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second lien notes; (i) the ad hoc group of EFIH "PIK" noteholders; (j) UMB Bank, as indenture trustee for the EFIH unsecured notes; (k) the TCEH Creditors' Committee; (l) the EFH Creditors' Committee; (m) Wilmington Savings Fund Society, FSB, as the indenture trustee for the TCEH second lien notes, and the ad hoc consortium of TCEH second lien noteholders; (n) the Ad Hoc Group of TCEH Unsecured Noteholders; (o) Law Debenture Trust Company of New York, as the indenture trustee for the TCEH unsecured notes; (p) Delaware Trust Company (f/k/a CSC Trust Company of Delaware), as successor indenture trustee for the 11.5% senior secured TCEH first lien notes; and (q) Pacific Investment Co. LLC, as manager for certain funds and accounts that hold EFIH DIP Loan Notes without the need to file a Notice of Intent to participate in the Confirmation Proceedings.

4. Each Notice of Intent must contain: (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

5.   A Proposed Participant may file a Notice of Intent at any time prior to the close of the Confirmation Proceedings, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

6.   The Debtors shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

### III. CONFIRMATION OF THE PLAN.

7.   The Court strongly encourages the parties to resolve all evidentiary disputes before the hearing on confirmation of the Plan and strongly discourages the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the Plan.

8.   Except as provided in paragraph 9, below, the following dates shall govern confirmation of the Plan, including the hearing for the Court to consider confirmation of the Plan (the "Confirmation Hearing"). All such dates are subject to further amendment by the Court upon agreement of the Participating Parties, which shall not be unreasonably withheld, or for good cause shown.

*Fact Discovery*

a.   **Thursday, July 23, 2015 at 4:00 p.m.** shall be the deadline for the Debtors to file an amended Plan. The Debtors may file further supplements or amendments to the Plan after this date.

b.   Participating Parties must serve consolidated discovery requests (the "Initial Consolidated Requests") no later than 5 days after the Debtors file an amended Plan. Unsecured creditors shall coordinate their written requests

7

through the Creditors' Committees as discussed below. Secured creditors shall not be required to coordinate their written requests through the Creditors' Committees.

c. Participating Parties must serve any additional consolidated discovery requests (the "Additional Consolidated Requests") with respect to material modifications in the solicitation versions of the Plan no later than four days after the entry of the Court's order approving the Disclosure Statement.

d. The Participating Parties must serve written responses and objections to the Initial Consolidated Requests and Additional Consolidated Requests within twenty-one days of receipt of service thereof.

e. **Thursday, September 17, 2015,** shall be the date on which Participating Parties shall have substantially completed responding to Initial Consolidated Requests (it being understood that Participating Parties will produce responsive materials on a rolling basis in advance of such date).

f. **Monday, September 21, 2015,** shall be the date on which depositions of fact witnesses may begin. Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

g. **Friday, October 2, 2015,** shall be the date on which Participating Parties shall have completed the production of all documents in response to the Initial Consolidated Requests. The Debtors shall also provide updated projections for TCEH by this date.

h. **Friday, October 23, 2015, at 4:00 p.m.** shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production, except that a Participating Party shall have 14 days from receipt of a privilege log to file a motion to compel based on that privilege log. In no event, will the making or the granting of a motion to compel be grounds, standing alone, to extend any of the dates set forth below.

i. **Friday, October 23, 2015, at 4:00 p.m.** shall be the deadline for service of deposition notices. Notwithstanding the foregoing, if a party designates a fact witness to testify at the Confirmation Hearing who has not been deposed and who was not identified in response to an interrogatory as a person with knowledge, the deadline to serve a deposition notice on that witness shall be five days after the witness designation.

j. **Friday, November 6, 2015,** shall be the date on which all fact discovery shall be complete. Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

k. **Friday, November 13, 2015,** shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Initial Consolidated Requests that were withheld on the basis of any claim of privilege.

*Expert Discovery*

l. **Tuesday, November 10, 2015, at 4:00 p.m.** shall be the deadline by which Participating Parties must designate initial expert witnesses, including a brief description of the general topics on which those witnesses will testify. Expert witnesses on behalf potential Plan objectors must be designated as initial expert witnesses.

m. **Tuesday, November 17, 2015,** shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the initial expert witnesses. These reports must satisfy the requirements of rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

n. **Friday, December 4, 2015,** shall be the date by which the Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses in response to initial expert reports. These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

o. **Friday, December 18, 2015,** shall be the date on which all expert discovery shall be complete. Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however,* that the objection deadline will be no earlier than three days after the date the deposition notices are served.

*Pretrial, Trial, and Post-trial Events*

p. **Monday, December 21, 2015, at 4:00 p.m.** shall be the deadline by which any party, including the Participating Parties, must file any objections to the Plan.

q. **Monday, December 21, 2015, at 4:00 p.m.** shall be the deadline by which Participating Parties must serve a <u>preliminary</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phases of the Confirmation Hearing and shall provide a brief summary of each witness' anticipated testimony.

r. **Tuesday, January 5, 2016, at 4:00 p.m.** shall be the date and time on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including whether there should be phasing of the Confirmation Hearing to ensure a coherent presentation of evidence.

s.  **Wednesday, January 6, 2016, at 4:00 p.m.** shall be the deadline by which Participating Parties seeking to admit a deposition transcript excerpt as evidence at the Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

t.  **Thursday, January 7, 2016, at 10:00 a.m.** shall be the date and time of an initial pretrial conference. At the initial pretrial conference, the Participating Parties may propose appropriate phasing of the Confirmation Hearing and the allocation of time as between the Plan proponents and the Plan objectors during the Confirmation Hearing.

u.  **Friday, January 8, 2016, at 4:00 p.m.** shall be the deadline by which Participating Parties must serve a final list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each Participating Party will call or may call at the Confirmation Hearing and shall provide a brief summary of each witness' anticipated testimony.

v.  **Saturday, January 9, 2016, at 4:00 p.m.** shall be the deadline by which any Participating Parties objecting to a designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-evidence at the Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

w.  **Tuesday, January 12, 2016, at 4:00 p.m.** shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

x.  **Tuesday, January 12, 2016, at 4:00 p.m.** shall be the deadline by which Participating Parties must file pretrial briefs and motions in limine and by which Participating Parties must submit a proposed joint final pretrial order per Local Bankruptcy Rule 7016-2(d).

y.  **Tuesday, January 12, 2016,** shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "Plan Meet and Confer"). The Plan Meet and Confer may be held either in person or by telephone.

z.  **Tuesday, January 12, 2016, at 4:00 p.m.** shall be the deadline by which the Debtors must file their reply to all timely objections to the Plan.

aa. **Friday, January 15, 2016,** shall be the date by which the Participating Parties must file oppositions to any motions in limine.

bb. **Tuesday, January 19, 2016, at 10:00 a.m.** shall be the date and time of the final pretrial conference.

cc. **Except as provided in paragraph 9, Wednesday, January 20, 2016, at 9:30 a.m.** shall be the date and time of the start of the Confirmation Hearing. The Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; provided, however, the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on all parties entitled to notice. The Confirmation Hearing shall last no longer than twenty full trial days. The Court has reserved the following dates and times for the Confirmation Hearing, as needed:

- January 20 and 21, 2016 from 9:30 a.m. to 4:30 p.m.

- January 22, 2016 from 9:30 a.m. to 1:00 p.m.

- January 25, 26, and 27, 2016 from 9:30 a.m. to 4:30 p.m.

- January 28, 2016 from 9:30 a.m. to 1:00 p.m.

- February 9, 10, and 11, 2016 from 9:30 a.m. to 4:30 p.m.

- February 12, 2016 from 9:30 a.m. to 1:00 p.m.

- February 16, 17, and 18, 2016 from 9:30 a.m. to 4:30 p.m.

- February 19, 2016 from 9:30 a.m. to 1:00 p.m.

- February 23, 24, and 25, 2016 from 9:30 a.m. to 4:30 p.m.

- March 1 and 2, 2016 from 9:30 a.m. to 4:30 p.m.

The parties agree to confer with the Court before and during the Confirmation Hearing regarding whether and to what extent additional dates may be needed to provide the agreed twenty full trial days. The Debtors' position is that the limit of twenty full trial days was premised on the assumption that those days would yield no more than 100 total trial hours. It is the position of the Official Committee and the Ad Hoc Group of TCEH Unsecured Noteholders that two additional trial days are necessary to reach the agreed limitation of "twenty full trial days."

dd. Simultaneous submission of proposed findings of fact and conclusions of law will be due twenty-one days after the conclusion of the Confirmation Hearing.

9. If the amended Plan that the Debtor files proposes to pay all allowed claims of EFIH and EFH creditors in full in cash, and is agreed to by the TCEH First Lien Ad Hoc Group, TCEH Second Lien Indenture Trustee, the TCEH Committee, the TCEH Unsecured Ad Hoc

11

Group, and the indenture trustee for the TCEH unsecured notes, then the confirmation hearing shall be held on October 5 starting at 10:00 a.m. and October 6, 7 and 8, 2015, starting at 9:30 a.m. each day, and the Participating Parties shall attempt in good faith to agree upon interim deadlines.

## IV. OTHER GOVERNING PROTOCOLS AND PROCEDURES.

10. **Protective Order.** All discovery in connection with the Confirmation Proceedings shall be subject to and conducted in accordance with the terms of the Protective Order. By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order. Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in Confirmation Proceedings discovery.

11. **Coordination of Requests for Discovery for the Confirmation Proceedings.** In order to avoid service of multiple, duplicative document requests and the attendant costs and other burdens imposed upon the Debtors and any non-Debtor producing parties to respond to such requests in connection with the Confirmation Proceedings, the Creditors' Committees shall act as facilitators and intermediaries between the Debtors and all other unsecured creditors that are Participating Parties in preparation of the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices. The Creditors' Committees shall work together and coordinate to ensure that the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices are narrowly tailored and not redundant or duplicative. After consulting with the Creditors' Committees, nothing herein shall preclude any unsecured creditor that is a Participating Party from directly seeking any permissible discovery from the Debtors and any non-Debtor Participating Party on issues other than those previously addressed by the Initial Consolidated

12

Requests, Additional Consolidated Requests, and the Confirmation Proceeding deposition notices. For the avoidance of doubt, secured creditors that are Participating Parties shall not be required to coordinate with the Creditors' Committees in the preparation of the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices, and will be permitted to propound Initial Consolidated Requests, Additional Consolidated Requests, and Confirmation Proceeding deposition notices without such coordination.

12. **Document Discovery.**

　　1. <u>Repository</u>. All producing parties shall produce documents by providing them to a third-party service provider, which will then make the documents available through a document repository (the "<u>Repository</u>"). The Repository will be the same repository established under paragraph 7 of the *Order Establishing Discovery Procedures with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters*, dated August 13, 2014 [D.I. 1832] (the "<u>Legacy Discovery Protocol</u>") and shall maintain the same functionality ordered under the Legacy Discovery Protocol. The Debtors shall remain responsible for the costs of housing the Repository, while each Participating Party shall be responsible for the costs of its respective access to and downloading from the Repository.

　　2. <u>Production Format Protocol</u>. All documents and ESI produced by the Debtors or any non-Debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol, attached hereto as **Exhibit 1**.

13. **Document Discovery from Legal, Financial, or Industry Advisors of the Participating Party.** Each Participating Party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor (but excluding any auditor) retained by such Participating Party in connection with these chapter 11 cases and/or under the Participating Party's control, without the need for such advisor to be subpoenaed directly.

14. **Assertions of Privilege.** If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

15. **Limitations on Interrogatories.** Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed during the Confirmation Proceedings.

16. **Requests for Admission.** Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Rule 36 shall not be allowed during the Confirmation Proceedings, except with respect to any request to admit the authenticity of any described document.

17. **Limitations on Depositions.** A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 30 fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a

witness being deposed more than once in his or her individual capacity. Each deposition taken in connection with Confirmation Proceedings shall be limited to eight hours. For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition notice shall be treated as a separate deponent. Deposition notices shall not include requests for production of documents. At least forty-eight hours in advance of any Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Rule 30(b)(6) deposition notice. The respective Creditors' Committees and the secured creditors shall negotiate in good faith regarding the allocation of fact depositions.

18. **Overlap With Prior Discovery.** Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including documents produced in connection with the Second Day motions, RSA, Venue, Retention, Makewhole proceedings, or Legacy Discovery. The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the Debtors have access.

19. **Third-Party Documents Received Pursuant to Subpoena.** Each Participating Party shall produce or make available to the other Participating Parties, through the Repository, all materials obtained from third parties pursuant to Rule 45 within five business days of receiving such material from a third party.

20. **Expert Discovery.** Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report or rebuttal report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B). The limitations on expert discovery under Fed. R. Civ. P. 26(b)(4) shall apply.

KE 36596894.5

21. **Discovery Disputes.** Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter from the party seeking relief with all Participating Parties copied. Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by letter to the Court delivered within five business days after service of the initial letter submission on the applicable Participating Party. Without leave from the Court, no letter shall exceed eight pages in length and no additional submissions will be permitted.

22. **Amendments or Modifications.** Except as otherwise ordered by the Court, this Order shall control any and all discovery by Participating Parties in connection with the Confirmation Proceedings; *provided, however*, that the Debtors, in agreement with the affected Participating Parties, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court.

23. **Service.** All pleadings, motions, and other papers related to the Confirmation Proceedings that are filed are to be served electronically. In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 p.m. Eastern time, discovery requests will be deemed received the next business day.

24. **No Legal Representation Implied by Participation.** For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Confirmation Proceedings shall be deemed or construed to create an attorney-client relationship between any attorney and any Participating Party, and no attorney participating in

the Confirmation Proceedings shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.

## V. MISCELLANEOUS.

25. For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

26. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

27. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

30. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Dated: 7/2, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

KE 36596894.5