**Exhibit 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## STIPULATION REGARDING CERTAIN PROOFS
## OF CLAIM OF RED BALL OXYGEN COMPANY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Red Ball Oxygen Company ("Red Ball" and, together with the Debtors, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (this "Stipulation"), and stipulate and agree as follows.

WHEREAS, on April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Court set the final date for filing proofs of claim for non-customer claims in this case as October 27, 2014 (the "Bar Date") pursuant to an order entered on August 18, 2014 [D.I. 1866] (the "Bar Date Order");

WHEREAS, the Bar Date Order provided, *inter alia*, that all entities holding claims arising in connection with the Debtors prior to the Petition Date must file their claims such that

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

they were actually received by Epiq Bankruptcy Solutions LLC (the "Claims Agent") on or before 5:00 p.m. (prevailing Eastern Time) on the Bar Date;

WHEREAS, on June 30, 2014, the Debtors filed their Schedules of Assets and Liabilities, in which the Debtors listed Red Ball as having multiple general unsecured claims equal to approximately $680,967.44;

WHEREAS, on July 8, 2014, Red Ball filed its *Notice of Perfection of Lien Pursuant to 11 USC § 546(b)* [D.I. 1505] (the "Lien Notice"), asserting that the Debtors and their estates owe Red Ball various amounts of not less than $47,025.22 in the aggregate for asserted labor and materials for construction or repair to certain real property and improvements of one or more of the Debtors between March 18, 2014, and April 8, 2014, and that such amounts are secured by perfected materialman's liens pursuant to the Texas Property Code, the Texas Constitution, and 11 U.S.C. §§ 362(b)(3), 546(b)(l) (the "Asserted Liens");

WHEREAS, on October 24, 2014, three days before the Bar Date, Red Ball submitted certain proofs of claim against one or more of the Debtors in compliance with the procedures and other requirements set forth in the Bar Date Order, in the aggregate amount of approximately $408,370.22 (the "Original Proofs of Claim");

WHEREAS, Red Ball's Original Proofs of Claim did not list any claims on account of the Asserted Liens, asserted as properly perfected, secured claims, as detailed in the Lien Notice;

WHEREAS, on or about May 8, 2015, Red Ball filed certain new proofs of claim on account of its Asserted Liens, asserted as properly perfected, secured claims, as detailed in the Lien Notice, in the aggregate amount of $47,025.22 (the "New Proofs of Claim");

WHEREAS, on June 1, 2015, Red Ball filed *Red Ball Oxygen Company's Motion to Permit Late Filing of Proofs of Claim* [D.I. 4637] (the "Red Ball Motion"), requesting that the

Court allow Red Ball to file its New Proofs of Claim, asserting secured materialman claims against the Debtors, after expiration of the Bar Date;

WHEREAS, based on the Debtors' reasonable review of their books and records, the Debtors believe that Red Ball may have a reasonable basis for its Asserted Liens;

WHEREAS, the Debtors and Red Ball are engaged in ongoing discussions and investigation regarding the validity of the Asserted Liens;

WHEREAS, the Debtors have determined that the unique set of circumstances surrounding Red Ball's New Proofs of Claim do not apply to any other entities holding claims subject to the Bar Date;

WHEREAS, the Debtors and Red Ball have determined that the compromise set forth herein is fair and reasonable; and

WHEREAS, the Debtors have determined that such compromise is in the best interests of the Debtors, the Debtors' estates, and their creditors.

**NOW, THEREFORE,** subject to the approval of the Court, it is hereby stipulated and agreed to by and among the Parties:

1.      The Red Ball Motion is deemed fully and finally resolved by this Stipulation and, upon approval of the Stipulation by the Court, the Red Ball Motion shall be deemed resolved without further action by the Parties or the need for any hearing on the Red Ball Motion.

2.      The Debtors shall not object to the New Proofs of Claim as being untimely filed; *provided, however*, that nothing in this Stipulation shall prejudice the Debtors' rights to object to the New Proofs of Claim in any other respect, including on the basis that the Asserted Liens are not valid.

3.    The automatic stay remains in full force and effect.  No person or entity, including Red Ball and any of its affiliates, agents, attorneys, or representatives, shall take any action to enforce any lien against the Debtors, including the Asserted Liens, during the duration of the automatic stay, except as permitted under the Bankruptcy Code with reasonable prior notice to the Debtors.

4.    Except as expressly provided for in this Stipulation, neither Red Ball nor the Debtors shall be deemed to have waived any right or remedy under the Bankruptcy Code or otherwise, and nothing in this Stipulation shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity, including the New Proofs of Claim; (b) a waiver of the Debtors' rights to dispute any claim on any grounds other than timeliness with respect to the New Proofs of Claim; (c) a promise or requirement to pay any claim, including the New Proofs of Claim; or (d) a waiver or limitation of the Parties' rights under the Bankruptcy Code or any other applicable law.

5.    This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

6.    The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

7.    The terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry of an order of the Court approving the Stipulation.

8.    If the Bankruptcy Court declines to approve the Stipulation, the provisions hereof shall be null, void and of no force and effect, and nothing contained herein shall be deemed an admission by any of the Parties.

9.    This Stipulation shall be, upon approval by the Court, binding upon the Parties hereto and upon all of their controlled affiliates, assigns, and successors, as well as upon any chapter 11 trustee appointed in these chapter 11 cases (and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7).

10.    Each of the Parties shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

11.    This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12.    This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

13.    It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

14.    Violations of the provisions of this Stipulation are subject to enforcement and the imposition of legal sanctions by the United States Bankruptcy Court for the District of Delaware in the same manner as any other court.

15.    The Court shall retain sole and exclusive jurisdiction to enforce the provisions of this Order.

*[Signatures follow.]*

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.*
DEBTORS AND DEBTORS-IN-POSSESSION

By:___*/s/ Jason M. Madron*_____
　　　　**RICHARDS, LAYTON & FINGER, P.A.**
　　　　Mark D. Collins (No. 2981)
　　　　Daniel J. DeFranceschi (No. 2732)
　　　　Jason M. Madron (No. 4431)
　　　　920 North King Street
　　　　Wilmington, Delaware 19801
　　　　Telephone:　　(302) 651-7700
　　　　Facsimile:　　(302) 651-7701
　　　　Email:　　　　collins@rlf.com
　　　　　　　　　　　defranceschi@rlf.com
　　　　　　　　　　　madron@rlf.com

　　　　-and-

　　　　**KIRKLAND & ELLIS, LLP**
　　　　**KIRKLAND & ELLIS INTERNATIONAL LLP**
　　　　Edward O. Sassower, P.C. (admitted *pro hac vice*)
　　　　Stephen E. Hessler (admitted *pro hac vice*)
　　　　Brian E. Schartz (admitted *pro hac vice*)
　　　　601 Lexington Avenue
　　　　New York, New York 10022-4611
　　　　Telephone:　　(212) 446-4800
　　　　Facsimile:　　(212) 446-4900
　　　　Email:　　　　edward.sassower@kirkland.com
　　　　　　　　　　　stephen.hessler@kirkland.com
　　　　　　　　　　　brian.schartz@kirkland.com

　　　　-and-

　　　　James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
　　　　Marc Kieselstein, P.C. (admitted *pro hac vice*)
　　　　Chad J. Husnick (admitted *pro hac vice*)
　　　　Steven N. Serajeddini (admitted *pro hac vice*)
　　　　300 North LaSalle
　　　　Chicago, Illinois 60654
　　　　Telephone: (312) 862-2000
　　　　Facsimile: (312) 862-2200
　　　　Email:　　　　james.sprayregen@kirkland.com
　　　　　　　　　　　marc.kieselstein@kirkland.com
　　　　　　　　　　　chad.husnick@kirkland.com
　　　　　　　　　　　steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RED BALL OXYGEN COMPANY

By: _____/s/ Jonathan L. Howell_____

      **CIARDI CIARDI & ASTIN**
      Daniel K. Astin, Esq. (No. 4068)
      John D. McLaughlin, Jr., Esq. (No. 4123)
      Joseph J. McMahon, Jr., Esq. (No. 4819)
      1204 N. King Street
      Wilmington, DE 19801
      Phone: (302) 658-1100
      Facsimile: (302) 658-1300
      jmclaughlin@ciardilaw .com
      jmcmahon@ciardilaw .com

      -and-

      **MCCATHERN PLLC**
      Jonathan L. Howell, Esq.
      Texas Bar No. 24053668
      jhowell@mccathemlaw .com
      Regency Plaza
      3710 Rawlins, Suite 1600
      Dallas, TX 75219
      Phone: (214) 741-2662
      Facsimile: (214) 741-4717

      *Counsel to Red Ball Oxygen Company*