# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 660, 1733, 2005, 2949, 3041** |

## FOURTH SUPPLEMENTAL DECLARATION OF EDWARD O. SASSOWER IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Edward O. Sassower, being duly sworn, state the following under penalty of perjury:

1. I am the president of Edward O. Sassower, P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 601 Lexington Ave., New York, New York 10022, and a partner of Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, "K&E"). I am the lead attorney from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of New York. There are no disciplinary proceedings pending against me.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2. I submit this fourth supplemental declaration on behalf of K&E (this "Fourth Supplemental Sassower Declaration") in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Background**

4. On May 29, 2014, the Debtors filed the Application. In support of the Application, the Debtors filed the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Original Sassower Declaration"), which was filed as **Exhibit B** to the Application.

5. On July 31, 2014, the Debtors filed the *Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

*Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1733] (the "Amended Sassower Declaration").

6. On September 12, 2014, the Debtors filed the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (the "First Supplemental Sassower Declaration").

7. On September 16, 2014, the Bankruptcy Court for the District of Delaware entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "Retention Order").

8. On December 4, 2014, the Debtors filed the *Second Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2949] (the "Second Supplemental Sassower Declaration").

9. On December 16, 2014, the Debtors filed the *Third Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 3041] (the "Third Supplemental Sassower Declaration").

10. I stated in the previously filed declarations described above (collectively, the "Sassower Declarations") that K&E would continue searching its electronic database during

3

the pendency of these chapter 11 cases for connections to parties in interest. Consistent with this statement, K&E has continued to obtain information regarding all parties in interest disclosed in the Sassower Declarations, as well as for any connections to any additional parties not disclosed in the Sassower Declarations.

11. This Fourth Supplemental Sassower Declaration makes certain additional disclosures. Based on the conflicts searches conducted to date and described herein, to the best of my knowledge, neither I, K&E, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connections with the Debtors, their creditors, or any other parties in interest, their respective attorneys or accountants, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed by the U.S. Trustee, or any person employed by the Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, or the United States Court of Appeals for the Third Circuit, except as disclosed or otherwise described herein and in the Sassower Declarations.

**Additional Disclosures**

12. Attached hereto as **Schedule 1** are additional parties in interest in these chapter 11 cases. These include:[3]

| Schedule | Category |
|---|---|
| 1(a) | Interested Parties |
| 1(b) | Parties Listed in Schedules of Assets and Liabilities |
| 1(c) | Parties that have Filed Proofs of Claim |

---

[3] Generally, it is K&E's policy to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client has been previously disclosed in a declaration in one capacity (*e.g.*, a customer), and the client appears in a conflicts search in a different capacity (*e.g.*, a vendor), K&E does not disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required. Additionally, parties-in-interest previously searched and connections previously disclosed in the Sassower Declarations have not been re-disclosed on the schedules attached hereto.

| Schedule | Category |
|---|---|
| 1(d) | Parties that have Requested Service of Documents Pursuant to Bankruptcy Rule 2002 |
| 1(e) | Professionals |
| 1(f) | Unsecured Creditors' Committee |

13.    Listed on **Schedule 2** to this Fourth Supplemental Sassower Declaration are the results of K&E's conflicts searches of the above-listed entities.[4]  Listed on **Schedule 3** to this Fourth Supplemental Sassower Declaration are new client connections for parties identified in the Sassower Declarations.

14.    Except as specifically discussed herein, the client representations identified in this Fourth Supplemental Sassower Declaration and the attached schedules are not related to the Debtors or these chapter 11 cases. The client representations identified in this Fourth Supplemental Sassower Declaration and the attached schedules are not materially adverse to the interests of the Debtors' estates.  Moreover, pursuant to section 327(c) of the Bankruptcy Code, K&E is not disqualified from acting as the Debtors' counsel merely because it represents or represented the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these chapter 11 cases.

15.    In further support of the Application, I make the following additional disclosures concerning each party specifically disclosed in this Fourth Supplemental Sassower Declaration: (a) whether K&E can represent the Debtors adversely to such party and (b) the fees incurred by

---

[4] As referenced in **Schedule 2**, the term "current client" means a client to whom time was posted in the 12 months preceding the Petition Date.  As referenced in **Schedule 2**, the term "former client" means a client to whom time was posted between 12 and 36 months preceding the Petition Date.  As referenced in **Schedule 2**, the term "closed client" means a client to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed.  As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

5

such party in the 12 months before May 31, 2015, as a percentage of the total fees incurred by all of K&E's clients in the same period. This information is attached to this Fourth Supplemental Sassower Declaration as **Exhibit A**.

16. The information in **Exhibit A** is derived from an evaluation of the engagement letters on file, if any, for each entity and/or its affiliates, and whether each entity and/or its affiliates are current, former, or closed clients of K&E, and is accurate to the best of my knowledge. K&E will engage in further analysis on a case-by-case basis if the Debtors become adverse to any entity in **Exhibit A**, their affiliates, or any other entity on **Schedule 2** and **Schedule 3** of this Fourth Supplemental Sassower Declaration. Where **Exhibit A** indicates that K&E may be adverse to an entity, K&E may commence a cause of action on the Debtors' behalf against such entity. K&E will not commence a cause of action in these chapter 11 cases against the parties listed on **Schedule 2** and **Schedule 3** to this Fourth Supplemental Sassower Declaration (including the parties listed under the "Specific Disclosures" section of this Fourth Supplemental Sassower Declaration and on **Exhibit A**) that are current clients of K&E unless K&E has an applicable waiver on file or first receives a waiver from such party allowing K&E to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Debtors to commence an action against that client, the Debtors will be represented in such particular matter by conflicts counsel. For the avoidance of doubt, K&E may request a waiver from any entity that K&E has stated it could not be adverse to in **Exhibit A** and, if such waiver is granted, K&E may represent the Debtors adversely to such entity. Similarly, in certain circumstances, K&E may ask conflicts counsel to handle a matter even where K&E believes it can represent the Debtors adversely to such entity.

17.     Of the clients listed on **Schedule 2** and **Schedule 3**, there are no clients representing more than one percent of the total fees incurred by K&E's clients for the 12-month period ending on May 31, 2015 that have not been previously disclosed in the Sassower Declarations.

18.     The Official Committee of Unsecured Creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. (the "EFH Committee") retained AlixPartners, LLP ("AlixPartners") as its restructuring advisor during the pendency of these chapter 11 cases.  As disclosed in **Schedule 3** attached hereto, K&E has represented, currently represents, and may in the future represent AlixPartners and certain associated entities in matters unrelated to the Debtors and these chapter 11 cases.  In addition, subject to the parameters discussed in the K&E Attorney and Employee Investments section of the Amended Sassower Declaration, K&E persons formed a Passive-Intermediary Entity that invested in CVC European Equity Partners V ("CVC Fund"), a fund created by CVC Capital Partners ("CVC"), as an Investment Fund (as defined in the Amended Sassower Declaration).  Upon information and belief, CVC and its associated funds, including CVC Fund, either directly or indirectly hold a majority of the equity interests in AlixPartners.  The Passive-Intermediary Entity holds less than one percent of CVC Fund.  I do not believe these connections to AlixPartners create a conflict, but have disclosed them out of an abundance of caution.

19.     The EFH Committee additionally retained Guggenheim Securities, LLC ("Guggenheim Securities") as its financial advisor and investment banker during the pendency of these chapter 11 cases.  As disclosed in **Schedule 2** attached hereto, K&E currently represents Guggenheim Corporate Funding LLC, an affiliate of Guggenheim Securities, in matters

unrelated to the Debtors and these chapter 11 cases.  I do not believe this representation creates a conflict, but have disclosed the connection out of an abundance of caution.

20.     The Ad Hoc Group of TCEH Unsecured Noteholders retained Houlihan Lokey Capital, Inc. ("Houlihan") as its financial advisor and investment banker during the pendency of these chapter 11 cases.  As disclosed in **Schedule 2** attached hereto, K&E currently represents Houlihan Lokey Howard and Zukin Financial Advisors, Inc., an affiliate of Houlihan, in matters unrelated to the Debtors and these chapter 11 cases.  I do not believe this representation creates a conflict, but have disclosed the connection out of an abundance of caution.

21.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC retained Greenhill & Co., LLC ("Greenhill") as their financial advisor in connection with Conflicts Matters (as defined in the *Application of Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Entry of an Order Authorizing them to Retain and Employ Greenhill & Co., LLC as Independent Financial Advisor Effective* Nunc Pro Tunc *to November 17, 2014* [D.I. 3062]) during the pendency of these chapter 11 cases.  As disclosed in **Schedule 2** attached hereto, K&E currently represents Greenhill in matters unrelated to the Debtors and these chapter 11 cases.  I do not believe this representation creates a conflict, but have disclosed the connections out of an abundance of caution.

22.     K&E represents Caesars Entertainment Operating Company, Inc. ("CEOC") and certain of its direct and indirect subsidiaries (together with CEOC, "Caesars") in their chapter 11 cases in the United States Bankruptcy Court in the District of Northern Illinois.  While Caesars is not a party in interest in these chapter 11 cases, David Bonderman, a director for EFH, also serves as a director for CEOC.  K&E previously disclosed its representation of Mr. Bonderman,

8

which has since been terminated, in the Amended Sassower Declaration.  I do not believe these connections create a conflict, but have disclosed them out of an abundance of caution.

### Continued Vigilance and Affirmative Statement of Disinterestedness

23.    Based on the conflicts searches conducted to date and described in the Sassower Declarations and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Sassower Declarations and herein.

24.    K&E will continue to review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, K&E will use its reasonable efforts to identify any such further developments and will file a supplemental declaration as required by Bankruptcy Rule 2014(a) and as stated in the Sassower Declarations and herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  July 9, 2015                              Respectfully submitted,

*/s/ Edward O. Sassower*
Edward O. Sassower
    as President of Edward O. Sassower,
    P.C., as Partner of Kirkland & Ellis
    LLP; and as Partner of Kirkland & Ellis
    International LLP