**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

---

No. 06-15-0004-CV

---

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-390

---

**LUMINANT MINING COMPANY LLC'S
MOTION TO REINSTATE APPEALS**

TO THE HONORABLE COURT OF APPEALS:

Appellee Luminant Mining Company LLC ("Luminant") moves to reinstate the

above-referenced appeal, and two companion ones, pursuant to Texas Rule of Appellate

Procedure 8.3, and for such motion shows the Court as follows:

Luminant was the Plaintiff in these partition suits in the trial court, now on appeal

before this Court ("the Partition Suits").[1]  Appellants Billie Murphy Tremble, Sharon

Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the

---

[1] In their notices of appeal, Appellants named Luminant and Energy Future Holdings Corporation and "Subsidiaries" as Appellees.  Neither Energy Future Holdings Corporation nor any subsidiaries were Plaintiffs in the district court, and thus these entities are not proper Appellees.  These party issues will be addressed in the Brief of Appellees, once the Court resolves the abatement of these appeals.

Tremble Family") were Defendants.  Luminant filed the Partition Suits on November 26, 2013.

On April 29, 2014, Luminant and each of numerous other related debtor entities filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  *See* Affidavit of [bankruptcy attorney] attached to and incorporated by reference in this motion as Exhibit 1.  The bankruptcy filing by Luminant and other debtors effected an automatic stay of certain litigation in which the debtors were parties.  *Id*.  As is explained further below, however, the stay did not and does not apply to the Partition Suits, and Luminant therefore did not file a notice of bankruptcy in the Partition Suits.  *Id*.

On December 12, 2014, the Tremble Family filed suit in the Rusk County District Court against Luminant, Energy Future Holdings Corporation, and "Subsidiaries," in Cause No. 2014-402 ("the Tremble Suit").  In the Tremble Suit, the Tremble Family alleges fraud and other claims and seeks the recovery of damages.  A true and correct copy of the Tremble Family's petition is attached to this motion as Exhibit 2; *see also* Affidavit of Marc O. Knisely attached to and incorporated by reference in this motion as Exhibit 3.

On January 8, 2015, Luminant and Energy Future Holdings Corporation filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") in the Tremble Suit. Ex. 3. On May 19, 2015, the Tremble Family filed a copy of the Notice of Bankruptcy that Luminant had previously filed in the Tremble Suit with the Clerk of this Court in these three appeals in the Partition Suits.

On May 28, 2015, this Court issued an Order suspending the three appeals and abating the cases. The Order states that "[a]ny party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court."

The Tremble Suit is subject to the automatic bankruptcy stay because the members of the Tremble Family are the plaintiffs in that suit *against* Luminant and Energy Future Holdings Corporation, as defendants, the suit involves claims that are alleged to have arisen in part before the filing of the bankruptcy petition, and the Tremble Family as plaintiffs seek the recovery of damages from Luminant and Energy Future Holdings Corporation. Ex. 1. In contrast, the Partition Suits were brought *by Luminant as the plaintiff*, and no claims were or are asserted against Luminant in those suits. *Id.* [Discuss any additional reasons why stay does not apply]. Accordingly, the bankruptcy stay does not apply to the appeals pending before this Court, and, under applicable bankruptcy law, the Court may properly reinstate the appeals. *Id.*

For these reasons, Appellee Luminant Mining Company LLC requests that the Court reinstate these appeals.


Respectfully submitted,

**Jackson, Sjoberg, McCarthy & Townsend, LLP**

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com


Marc O. Knisely
State Bar No. 11614500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin, Texas  78701
(512) 472-7600
(512) 225-5565 FAX


By:   /s/ David E. Jackson
        David E. Jackson
        State Bar No. 10458500

ATTORNEYS FOR APPELLEES
LUMINANT MINING COMPANY LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion to Reinstate was sent via the following method, to the following parties on this the 18th day of June, 2015.

Billie J. Murphy Tremble
2806 Evans Street
Marshall, TX 75670
Via regular mail and
Certified Mail, RRR
70141200000120432610

Sharon Tremble Donaldson
2010 Wineberry Dr .
Katy, TX  77450
Via regular mail and
Certified Mail, RRR
70141200000120432627

Selia Tremble Shawkey
712 South 37th Street
San Diego, CA  92113
Via regular mail and
Certified Mail, RRR
70141200000120432634

Wilmer Forrest Tremble, Jr.
3614 Sheldon
Pearland, TX  77584
Via regular mail and
Certified Mail, RRR
70141200000120432641

_/s/ David E. Jackson_
David E. Jackson

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Energy Future Holdings Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): **See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **46-2488810** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza<br>1601 Bryan Street<br>Dallas, Texas**<br>ZIP CODE **75201** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: **Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the<br>Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other. **Energy** | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☒ Chapter 11         Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                  Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under title 26 of the United States Code<br>(the Internal Revenue Code). | ☐ Debts are primarily consumer      ☒ Debts are<br>debts, defined in 11 U.S.C. §           primarily<br>101(8) as "incurred by an             business<br>individual primarily for a             debts.<br>personal, family, or household<br>purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See<br>Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).<br>Must attach signed application for the court's consideration. See Official<br>Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment<br>on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS<br>FOR COURT USE<br>ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-<br>100,000 | ☒<br>Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,000 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500 million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Energy Future Holdings Corp.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☒   Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No, and Exhibit C is attached with further comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                           Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Energy Future Holdings Corp. |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date | X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X */s/ Daniel J. DeFranceschi*
   Signature of Attorney for Debtor(s)

**Daniel J. DeFranceschi (No. 2732)**
Printed Name of Attorney for Debtor(s)

**Richards, Layton & Finger, P.A.**
Firm Name

**920 North King Street, Wilmington, DE 19801**
Address

**(302) 651-7700**
Telephone Number

April 29, 2014
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that:(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual
**Anthony R. Horton**
Printed Name of Authorized Individual
**Senior Vice President, Treasurer and Assistant Secretary**
Title of Authorized Individual
April 29, 2014
Date | _____
Address

X _____
   Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Rider 1 to Energy Future Holdings Corp. Voluntary Petition

All other names used by the Debtor in the last 8 years:  TXU Corp.; TXU Corp; and Texas Utilities.

## **Schedule 1**

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC
- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
|  | ) |
| Debtor. | ) (Joint Administration Requested) |
|  | ) |

## EXHIBIT A TO VOLUNTARY PETITION

1.    Energy Future Holdings Corp.'s 9.75% Senior Notes due 2019 are registered under Section 12 of the Securities Exchange Act of 1934; the SEC file number is 1-12833.

2.    The following financial data is the latest publicly available information and, unless otherwise indicated, is current as of December 31, 2013:

    (a)    Total assets (on a consolidated basis):    $36,446 million.

    (b)    Total liabilities (on a consolidated basis):    $49,701 million.

    (c)    Debt securities held by more than 500 holders:    None.[1]

    (d)    Description of equity:    Common stock.

        (i)    Shares of common stock outstanding:    1,669,861,382[2]

3.    Brief description of Energy Future Holdings Corp.'s business:

    EFH Corp. is a Dallas, Texas-based energy company with a portfolio of competitive and regulated energy businesses in Texas. EFH Corp. is a holding company conducting its operations principally through its Texas Competitive Electric Holdings Company LLC and Oncor subsidiaries. Collectively with its operating subsidiaries, EFH Corp. is the largest generator, retailer and distributor of electricity in Texas.

---

[1]    Energy Future Holdings Corp. ("EFH Corp.") does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.

[2]    This figure is current as of April 29, 2014.

4.   List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

| Title of Class of Shares | Name of Holder | Approximate Number of Shares | Percentage of Ownership |
|---|---|---|---|
| Common Stock | Texas Energy Future Holdings Limited Partnership | 1,669,861,382 | 99.27% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

### EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Texas Energy Future Holdings Limited Partnership | 99.27% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Energy Future Holdings Corp. | Texas Energy Future Holdings Limited Partnership and EFH Corp. directors and employees. | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | Texas Energy Future Holdings Limited Partnership (99.27%); and EFH Corp. directors and employees (0.73%). |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

# ENERGY FUTURE HOLDINGS CORP. (THE "COMPANY")
## BOARD OF DIRECTORS RESOLUTIONS
### APRIL 28, 2014

### Item 1. Restructuring Update

Effective as of this 28th day of April 2014, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of Energy Future Holdings Corp., a Texas corporation (the "Company"), took the following actions and adopted the following resolutions:

### Chapter 11 Filing

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

### Restructuring Support Agreement

WHEREAS, some members of the Board of Directors are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Board of Directors would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable;

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Board of Directors acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by Section

21.418(b)(2) of the TBOC, Section 101.255(b)(2) of the TBOC, or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*Retention of Professionals*

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed

an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers Watson & Co. as compensation consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to

employ the firm of PricewaterhouseCoopers LLP as internal auditing advisor and information security consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax auditing advisors and information technology consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

### Debtor-in-Possession Financing

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "TCEH DIP Credit Agreement") among Texas Competitive Electric Holdings Company LLC, as Borrower, Energy Future Competitive Holdings Company LLC, as Parent Guarantor, the various lenders from time to time parties thereto as Lenders, Citibank N.A. or its successor as Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Texas Competitive Electric Holdings Company LLC.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "EFIH First Lien DIP Credit Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Borrowers, the various lenders from time to time parties thereto, as Lenders, Deutsche Bank AG, as Collateral Agent and Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC..

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Second Lien Subordinated Secured Debtor-in-Possession Note Purchase Agreement (the "EFIH Second

4

Lien DIP Note Purchase Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Co-Issuers, the lending institutions from time to time parties thereto as Purchasers, and the Administrative Agent and Collateral Agent for the Purchasers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the TCEH DIP Credit Agreement, the EFIH First Lien DIP Credit Agreement, or the EFIH Second Lien DIP Note Purchase Agreement, as applicable.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**ENERGY FUTURE HOLDINGS CORP.**
**ASSISTANT SECRETARY'S CERTIFICATION**

The undersigned, Betty R. Fleshman, Assistant Secretary of Energy Future Holdings Corp. (the "Company"), a Texas corporation, hereby certifies as follows:

1. I am the duly qualified and elected Assistant Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolution of the board of directors of the Company (the "Board of Directors"), duly adopted at a properly convened meeting of the Board of Directors on April 28, 2014, by the members constituting a majority of the votes of a quorum of the directors there present, in accordance with the bylaws of the Company.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 28th day of April, 2014.

_____
Betty R. Fleshman,
Assistant Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|
| **LAW DEBENTURE TRUST COMPANY OF NEW YORK**<br>Attn:  Frank Godino - Vice President<br>Addr:  400 Madison Avenue - Suite 4D<br>       New York, NY  10017<br>       USA<br>Phone:  (646) 747-1251<br>Fax:    (212) 750-1361<br>Email:  frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:   Law Debenture Trust Company<br>      of New York<br>Attn:  Daniel A. Lowenthal - Counsel<br>      1133 Avenue of the Americas<br>      New York, NY  10036<br>      USA<br>Phone:  (212) 336-2720<br>Fax:    (212) 336-1253<br>Email:  dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| **AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC**<br>Attn:  Paul Kim - General Counsel<br>Addr:  6201 15TH Avenue<br>       Brooklyn, NY  11219<br>       USA<br>Phone:  (718) 921-8183<br>Fax:    (718) 331-1852<br>Email:  pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re:  American Stock Transfer and Trust<br>     Company, LLC<br>Attn:  Amelia M. Charamba - Counsel<br>Addr:  100 Summer Street<br>       Boston, MA  02110<br>       USA<br>Phone:  (617) 345-1041<br>Fax:    (866) 244-1527<br>Email:  acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]  With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn: Laura Roberson - Vice President<br>Addr: 2 South Broadway<br>Suite 600<br>St Louis, MO 63102<br>USA<br>Phone: (314) 612-8484<br>Fax: (314) 612-8499<br>Email: laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re: UMB Bank, N.A.<br>Attn: Harold L Kaplan, Mark F Hebbeln - Counsel<br>Addr: 321 N Clark Street, Suite 2800<br>Chicago, IL 60654<br>USA<br>Phone: (312) 832-4393, (312) 832-4394<br>Fax: (312) 832-4700<br>Email: hkaplan@foley.com, mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON TRUST COMPANY<br>Attn: Rafael Martinez - Vice President - Client Service Manager<br>Addr: 601 Travis Street<br>Houston, TX 77002<br>USA<br>Phone: (713) 483-6535<br>Fax: (713) 483-6954<br>Email: rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn: Thomas Vlahakis - Vice President<br>Addr: 385 Rifle Camp Road<br>3rd Floor<br>Woodland Park, NJ 07424<br>USA<br>Phone: (973) 247-4742<br>Fax: (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn: Michael Puryear - General Counsel<br>Addr: 3302 S W.W. White Rd<br>San Antonio, TX 78222<br>USA<br>Phone: (210) 648-1111<br>Fax: (210) 648-0079<br>Email: michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn: Peter O. Hansen - General Counsel<br>Addr: 1460 W. Canal Court<br>Littleton, CO 80120<br>USA<br>Phone: (303) 962-1977<br>Fax: (303) 962-1970<br>Email: peter.hansen@ada-cs.com;<br>info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn: Carlos M. Hernandez - Executive Vice President, Chief Legal Officer and Secretary<br>Addr: 6700 Las Colinas Blvd<br>Irving, TX 75039<br>USA<br>Phone: (469) 398-7000<br>Fax: (469) 398-7255<br>Email: carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn: Roger Nober - Executive VP, Law and Corporate Affairs<br>Addr: 2650 Lou Menk Drive<br>Fort Worth, TX 76131<br>USA<br>Phone: (817) 352-1460<br>Fax: (817) 352-7111<br>Email: roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn: Raghu Raman Lakshmanan - General Counsel<br>Addr: 330 Potrero Avenue<br>Sunnyvale, CA 94085<br>USA<br>Phone: (408) 523-8331<br>Fax: (408) 733-0482<br>Email: rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn: Richard E. Chandler, Jr. - President and Chief Executive Officer<br>Addr: c/o CB&I - One CB&I Plaza<br>2103 Research Forest Drive<br>The Woodlands, TX 77380<br>USA<br>Phone: (832) 513-1000<br>Fax: (832) 513-1094<br>Email: richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn: Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr: 1000 Westinghouse Drive, Suite 572A Cranberry Township, PA 16066 USA<br>Phone: (724) 940-8323<br>Fax: (724) 940-8518<br>Email: holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn: Mark Schroeder - Senior Vice President and Deputy General Counsel<br>Addr: 1111 Louisiana Street Houston, TX 77002 USA<br>Phone: (713) 207-7053<br>Fax: (713) 207-9233<br>Email: mark.schroeder@centerpointenergy.com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn: Kalyn Asher - President<br>Addr: 15303 Dallas Parkway, Suite 1300 Addison, TX 75001 USA<br>Phone: (214) 580-8750<br>Fax: (972) 732-1161<br>Email: kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn: Keith Debault - President<br>Addr: 855 E US Highway 79 Rockdale, TX 76567 USA<br>Phone: (512) 446-7011<br>Fax: (512) 446-7195<br>Email: keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn: Karlos Courtney - Owner<br>Addr: 2617 US Hwy 79N Carthage, TX 75633 USA<br>Phone: (903) 694-2911<br>Fax: (903) 694-2921<br>Email: karloscourtney@courtneyconstruction.com | Trade | Unliquidated | $2,640,695 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn:   Christopher Ranck - Vice President and General Counsel<br>Addr:   4400 N Alafaya Trl<br>    Orlando, FL 32826<br>    USA<br>Phone:  (407) 333-2476<br>Fax:     (972) 550-2101<br>Email:   chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn:   David Koch - CEO & President<br>    5501 Foundation Blvd<br>    Evansville, IN 47725<br>    USA<br>Phone:  (812) 467-1000<br>Fax:     (812) 429-9425<br>Email:   sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn:   R Scott Hopkins - President<br>Addr:   5910 N. Central Expy.<br>    STE 1380<br>    Dallas, TX 75206<br>    USA<br>Phone:  (214) 987-0257<br>Fax:     (214) 987-0670<br>Email:   msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn:   Sonia Jasman - President<br>    2 Campus Drive<br>    Parsippany, NJ 07054-4400<br>    USA<br>Phone:  (973) 267-5300<br>Fax:     (973)-397-2491<br>Email:   contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn:   Guillermo Montano - Chief Executive Officer<br>Addr:   18 Calle 25-85 Z.10<br>    Torre Transactel Pradera<br>    Guatemala City,<br>    Guatemala<br>Phone:  011 502 2223-0000<br>Fax:     011 502 2223 0004<br>Email:   gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn:    Mike Merritt - President<br>Addr:    201 Estes Dr<br>             Longview, TX  75602-6100<br>             USA<br>Phone:  (903) 757-2656<br>Fax:      (903) 757-8864<br>Email:   Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn:    Max W. Laun - Vice President and<br>             General Counsel<br>Addr:    201 Isabella Street<br>             Pittsburgh, PA  152195858<br>             USA<br>Phone:  (412) 553-4569<br>Fax:      (412) 553-4064<br>Email:   max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn:    Michael Hoehn - President<br>             9230 East 47th Street<br>             Kansas City, MO  64133<br>             USA<br>Phone:  (816) 356-0660<br>Fax:      (816) 356-5730<br>Email:   michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn:    Jack Carmody - President<br>Addr:    5222 Thunder Creek Road<br>             Austin, TX  78759<br>             USA<br>Phone:  (512) 343-9613<br>Fax:      (512) 343-9618<br>Email:   jack.carmody@rangerexcavating.<br>             com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn:    John L. Howard - General Counsel<br>Addr:    100 Grainger Pkwy<br>             Lake Forest, IL  60045<br>             USA<br>Phone:  (847) 535-1000<br>Fax:      (847) 535-0878<br>Email:   john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn:    Malcolm Clevenstine - President<br>             and CEO<br>Addr:    607 Fisher Rd<br>             Longview, TX  75604<br>             USA<br>Phone:  (903) 295-1011<br>Fax:      (903) 295-1982<br>Email:   info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn: Gary Bernardez - President<br>Addr: 2106 Anderson Road<br>Greenville, SC 29611<br>USA<br>Phone: (864) 295-7800<br>Fax: (864) 295-7962<br>Email: gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn: Isabelle Roux-Chenu - International Legal Affairs<br>Addr: 623 Fifth Ave 33rd Floor<br>New York, NY 10022<br>USA<br>Phone: (212) 314-8000<br>Fax: (212) 314-8001<br>Email: isabelle.roux-chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn: Patrick Apodaca - Senior Vice President, General Counsel, Secretary<br>Addr: 414 Silver Avenue SW<br>Albuquerque, NM 87102-3289<br>USA<br>Phone: (505) 241-2700<br>Fax: (505) 241-4311<br>Email: patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn: President<br>Addr: 601 Braddock Ave<br>Turtle Creek, PA 15145<br>USA<br>Phone: (412) 829-7500<br>Fax: (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn: Chuck William - SVP & General Counsel<br>Addr: 16400 College Blvd<br>Lenexa, KS 66219<br>USA<br>Phone: (913) 888-8600<br>Fax: (913) 492-8723<br>Email: info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn: Mike Wilcox - Owner<br>Addr: 2100 State Highway 31 E<br>Kilgore, TX 75662<br>USA<br>Phone: (903) 983-2951<br>Fax: (903) 984-0982<br>Email: mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn:     Kenneth Pierce - Owner<br>Addr:    4324 State Hwy 149<br>           Beckville, TX  75631<br>           USA<br>Phone:  (903) 678-3748<br>Fax:      (903) 678-3896<br>Email:   kenneth@pierceconstructioninc.<br>           com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn:     Mary Perry - President<br>Addr:    440 Polaris Parkway<br>           Westerville, OH  43082<br>           USA<br>Phone:  (614) 844-3973<br>Fax:      (614) 436-6640<br>Email:   mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn:     Wayne Yost, Owner - President<br>Addr:    815 N Main Street<br>           Wrens, GA  30833<br>           USA<br>Phone:  (706) 547-6554<br>Fax:      (706) 547-6553<br>Email:   wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn:     David Beckman - General Counsel<br>Addr:    3102 West End Avenue<br>           Nashville, TN  37203<br>           USA<br>Phone:  (615) 301-7100<br>Fax:      (615) 301-7252<br>Email:   david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn:     John Warren May - Chief Legal<br>           Officer<br>Addr:    1991 South 4650 West<br>           Salt Lake City, UT  84104<br>           USA<br>Phone:  (801) 257-5811<br>Fax:      (801) 257-6246<br>Email:   john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn: William Wochner - Chief Legal Officer<br>Addr: 427 West 12th Street<br>Kansas City, MO 64105<br>USA<br>Phone: (816) 983-1303<br>Fax: (816) 783-1501<br>Email: wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn: Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr: 10701 S River Front Parkway<br>Suite 300<br>South Jordan, UT 84095<br>USA<br>Phone: (801) 984-9400<br>Fax: (801) 984-9410<br>Email: hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn: President or General Counsel -<br>Addr: Trent Wind Farm<br>1423 CR 131<br>Trent, TX 79561<br>USA<br>Phone: (614) 583-7035<br>Fax: (614) 583-1691<br>Email: clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn: Phil Wilson - General Manager<br>Addr: Transmission Services Corp<br>Austin, TX 78703<br>USA<br>Phone: (512) 473-3200<br>Fax: (512) 578-3520<br>Email: general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn: Clay Thomas - Chief Executive Officer<br>Addr: 9550 John W. Elliott Drive, Suite 106<br>Frisco, TX 75033<br>USA<br>Phone: (214) 975-0808<br>Fax: (214) 975-0811<br>Email: cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

10

| No. | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn:  President or General Counsel<br>Addr:  2825 Cobb International Blvd NW<br>Kennesaw, GA  30152<br>USA<br>Phone:  (770) 429-4600<br>Fax:  (770) 429.4750<br>Email:  cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn:  Mr. Charles R. Patton - President and Chief Operating Officer<br>Addr:  1 Riverside Plaza<br>Columbus, OH  43215-2372<br>USA<br>Phone:  (614) 716-1000<br>Fax:  (614) 716-1823<br>Email:  Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn:  Jeff Grodel - Owner<br>Addr:  10823 N US Highway 75<br>Buffalo, TX  75831<br>USA<br>Phone:  (903) 322-4942<br>Fax:  (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn:  Mark Brancato - General Counsel<br>Addr:  Cement Projects Americas<br>2040 Avenue C<br>Bethlehem, PA  18017<br>USA<br>Phone:  (610) 264-6011<br>Fax:  (610) 264-6170<br>Email:  Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn:  David Petty - President<br>Addr:  3163 Fm 499<br>Cumby, TX  75433<br>USA<br>Phone:  (903) 994-4200<br>Fax:  (903) 994-2747<br>Email:  petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn:  John Luke - General Counsel & Corp. Secretary<br>Addr:  c/o Forge Group Ltd<br>4000 Town Center Boulevard<br>Canonsburg, PA  15317<br>USA<br>Phone:  (724) 754-9800<br>Fax:  (724) 754-9801<br>Email:  Info@forgegroup.com | Trade | Unliquidated | $828,978 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE)<br>Attn: Miles Cowdry - President<br>Rolls-Royce Civil Nuclear<br>Addr: 994-A Explorer Blvd<br>Huntsville, AL  35806<br>USA<br>Phone: (800) 632-5126<br>Fax: (317) 230-4699<br>Email: Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION<br>Attn: Israel Goldowitz - Office Of The Chief Counsel<br>Addr: 1200 K Street, NW<br>Washington, DC  20005-4026<br>USA<br>Phone: (202) 326-4020<br>Fax: (202) 326-4112<br>Email: Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29, 2014

( Anthony R. Horton
Treasurer

**RUSK COUNTY DISTRICT COURT**

**RUSK COUNTY, TEXAS**

**PETITION TO SUE**

# FILED

2014 DEC 12  AM 9: 53

CO.... .... . ... Y
RUSK COUNTY DISTRICT CLERK

BY_____DEPUTY

| | |
|---|---|
| Billie Murphy Tremble | ) CASE NO. : 2014-402 |
| Sharon Tremble Donaldson | ) |
| Selia Tremble Shawkey | ) COMPLAINT FOR: |
| Wilmer Forrest Tremble, Jr. | ) |
| Plaintiff | ) Violation of Our Rights to Ownership |
| | ) Pain and Suffering |
| | ) Emotional Distress |
| Vs. | ) |
| Luminant Mining Company LLC | ) |
| Energy Future Holdings Corporation | ) |
| and Subsidiaries | ) |
| Defendant | ) |
| Respondent | ) |

## ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff's Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr. "The Tremble Family" aka "The Estate of Wilmer F. Tremble, Sr. " files this petition complaining of Defendant Luminant Mining Company LLC and its subsidiaries the support respectfully shows:

The inherited property located in Rusk County, Texas the legal description of the land described in three tracts is as follows:

Tract One: **65.00** acres of land, more or less, being the same land described in a Deed dated November 17, 1900 from Ollie Brooks, et ux to W. M. Pollard, recorded in Volume 51, Page 88 of the Deed of Records of Rusk County, Texas.

Tract Two: **37.46** acres of land, more or less, being the same land described in that certain conveyance dated November 30, 1934 from Bessie Elizabeth Strong, et al to Emma Pollard, recorded in Volume 384, Page 464 of the Deed Records of Rusk County, Texas.

Tract Three: **26.00** acres of land, more or less, located in the Delores Cortinas Survey, A-160 Rusk County, Texas, being the same land set aside to Bessie Barr in that certain Rusk County District Court Cause # 19143 styled Amelia Bolding, et al -vs- Willie Barr, et al.

I.

INTRODUCTION

**We ask permission of the court to present this as a hostile case, the facts are somewhat complicated; thus, here are the details:**

The Plaintiff(s) will expose the fraudulent possession of heir property the support respectfully shows. Id. at 751, sec C Tex. RC1V+166d. We are raising a genuine issue of the material fact. The Defendant concealed pertinent information from Plaintiff(s) resulting in this Law Suit.

It was deliberate that the content of each conversation with any Luminant representative differed from the previous representative. In reference to our inherited property, it appears the company is exercising Eminent Domain. In August 2012, the Texas Supreme Court Reinforces Denbury Decision on Eminent Domain. Again. For the third time, The Texas Supreme Court has ruled against a pipeline company's use of eminent domain. The farmer, "Mike Latta, argued that

2

the pipeline wasn't in the public's interest, as it was a private pipeline that would only be used by one company". There can be no taking of private of property against the will of the owner without legislative directive. The Supreme Court of Texas agreed. No. And the decision still stands.

The Defendant withheld and concealed pertinent information from Plaintiff(s). Nottingham Brick & Title Co. v. Butler (1889) 16 QBD 778. We by law did not and were not previe to pertinent information. All ten heirs associated with the said land in Rusk County, Texas have been deceived by the Defendant and its representatives. Smith v. Land & House Property Corp. (1884) 28 Ch D 7. It holds that a statement of opinion can represent that one knows certain facts, and therefore one may have still made a misrepresentation. Numerous questions have been asked and never answered, nor addressed, just ignored.

II.

## CAUSE OF ACTION

In 2009 the Defendants approached the Plaintiff(s) with the intent to mine the "Liberty Mine Project" the above described inherited property located in Rusk County, Texas. The Defendant's representatives failed to fully disclose information regarding the Liberty Mine project. The Plaintiff(s) asked for "full disclosure" on several occasions. The Defendants fail to answer in writing, which is the only acceptable response since the Respondent stated over the years their preference in communicating is Verbal Agreement.

On November 26, 2013 at 4:00 P. M. (CST), the Tremble Sister's engaged in a good faith conference call with the Defendant's attorneys and representatives, in summation they agreed to keep "the lines of communication open." A few days later, the Plaintiff(s) received a letter dated Dec. 6, 2013, regarding a claim by Luminant to interest in 70 acres of timber more or less (refer to Exhibit A). In that conversation on November 26th the Defendants attorneys explained their client

3

only has an interest in the coal and lignite; however, in lieu of the Dec 6, 2013 letter this is a false statement.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

The Respondent is claiming ownership to anything of value in and on the property. The Deeds and ownership information are in Rusk County Court House, Rusk County Clerk Office and in the Rusk County Appraisal District reflect 100% ownership in the property by Defendants (Exhibit B, C and D). The Defendant has again confused the issue do they have an interest or an ownership?

On December 14, 2013 the Tremble Family was served with Plaintiff's Original Petition And Request For Disclosure. The originating date for the document is November 26, 2013, the same day the Defendants spoke with the Plaintiffs and agreed to "keep the lines of communication open." They deceived us in believing they were working with us not against us. The Plaintiff(s) were served the following petition number's 2013-390; 2013-391 and 2013-392.

The **Uniform Partition of Heirs Property Act (UPHPA)** helps to solve the problem while preserving a co-tenant's right to sell his or her share of property. It is important to note that the act only applies to heir property – one or more co-tenants must have received his or her property interest from a relative – and only when there is no written agreement governing partition among the owners. If both of those conditions exist, the act requires certain protections when a co-

4

tenant files for a partition order. The Defendant **did not** take the appropriate steps to be compliant with the law.

1. The co-tenant requesting the partition must give notice to all of the other co-tenants.
2. The court must order an independent appraisal to determine the property's value; the **court** must hold a hearing to consider evidence.
3. Any co-tenant (except the co-tenant(s) requesting partition by sale may buy the interest of the co-tenant seeking partition for a proportional share of the court – determined fair market value. The **co-tenants have 45 days to exercise their right of first refusal, and if exercised, another 60 days in which to arrange for financing**. If more than one co-tenant elects to buy the shares of the co-tenant(s) seeking partition, **the court** will pro-rate the sellers shares among the buyers according to their existing fractional ownership percentages.
4. If no co-tenant elects to purchase shares from the co-tenant(s) seeking partition, the court must order a partition in-kind will result in great prejudice to the co-tenants as a group. UPHPA specifies the factors a court must consider when determining whether partition in-kind is appropriate.
5. If partition-in-kind is inappropriate and the court orders a partition-by-sale, the property must be offered for sale on the open market at a price no lower than the court determined valued for a reasonable period of time and in a commercially reasonable manner. If an open market sale by sealed bids or by action would be more economically advantages for the co-tenants as a group the court may order a sale by one of those methods.
   Conclusion:
   In summary, the Uniform Partition of Heirs Property Act preserves the right of a co-tenant to sell his or her interest in inherited real estate, while ensuring that the other co-tenants will have the necessary due process to prevent a forced sale: notice, appraisal and right of first refusal. **The Defendant and the other heirs did not comply with the Uniform Partition of Heirs Property Act as it pertained to the Plaintiff(s) rights.** If the other co-tenants do not exercise their right to purchase property from the seller, the court must order a partition-in-kind if feasible, and if not, a

5

commercially reasonable sale for fair market value. **This constitutes a violation of the Plaintiff's Civil Rights and Constitutional Rights they were excluded from due process of law.**

III.

FACTUAL ALLEGATIONS

The Defendant did not have the right to prepare deeds for the heir property, for example: The record shows Emma Jean Trimble Smith aka Emma Jean Tremble Smith, deeded the property in a Cash Warranty Deed 00102067 Vol: 3053 PG. 623 reads: "Grantor specifically conveys all coal and lignite lying in, on, and under the above described lands together with the right of ingress and egress." The Defendant states in the Plaintiff's REPLY TO THE FAMILY'S SUMMARY JUDGMENT RESPONSE in reference to the Deed and it reads: The Respondent wrote, "Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deeds words, "all of my undivided interest" in the Property. She did not convey or purport to convey any interest in the Property greater than she owned" (Exhibit E, page 4). There is a reference to Ms. Smith's Cash Warranty Deed, under LUMINANT MINING TRACT 1343 IN AREA 361 it reads as follows: "**All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 37.46 acre tract of land in a Declaration of Unit dated February 17, 1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas."
The next section LUMINANT MINING TRACT 1344 IN AREA 361 reads as follows: "**All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 65 acre tract of land described in an deed dated November 17, 1900, from Ollie Brooks, et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 88." **The Cash Warranty Deed was notarized on December 13, 2010 by Russell Davis contract Landman for Luminant Mining Company** (Exhibit F). Ms. Smith fraudulently deeded **All** the acreage to the Defendant and is documented in the Rusk County Clerk Office, Rusk County Appraisal District and the Court House in

6

Rusk County, Texas the deeding was on December 16, 2010 ( Exhibit B and C) included was the deeding of 65.00 acres, the original owner W.M. Pollard and 37.46 (33.094) acres originally owned by Emma Pollard; and on December 21, 2010 the deeding of Bessie Barr ET AL's 26 (25.326) acres (see Exhibit D). Keep in mind the other heirs had no knowledge of any transactions that occurred with Ms. Smith's Cash Warranty Deed and the Defendant's part in this illegal act. TD/B/C. 2/AC. 1/7, p.11, para. 9. The traditional **Most Favoured Nations** principle is designed to establish equity in treatment. **Emma Jean Trimble Smith aka Emma Jean Tremble Smith is not nor has she ever been the Executor of the Estate, Administrator, nor the Trustee. The deed and the concealed records are all fraudulent** (refer to Exhibit B, C, D and F).

Fraudulent Inducement:

To establish fraud, a claimant must prove: (1) that a material representation was made; (2) that the representation was false; (3) that, when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion; (4) that the speaker made it with the intention that it should be acted upon by the claimant; (5) that the claimant acted in reliance upon it; and (6) that the claimant thereby suffered injury. Id. at 265-66. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.1998). "Unfair methods of competition or unfair and deceptive acts or practices prohibited." Haase v. Glazner, 62 S.W.3d 795, 798 (Tex.2001). Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

**The Plaintiff (s) have no verbal nor written contract with the Defendant(s) or any other parties to this matter.**

The Plaintiff(s) Mineral Deed and Addendum are important in establishing ownership of the Coal and Lignite Mineral Rights (Exhibit G). The Addendum includes coal and lignite deeded to Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (Exhibit H). **In Surface Rights Vs. Mineral Rights as a Priority** "minerals cannot be extracted without disturbing the surface of land, mineral rights supersede surface rights, and the mineral rights holder can do whatever it takes to extract the minerals".(eHow)

These property rights can be stated in the following way: Mineral lessees can use as much of the surface as is necessary for mineral exploration and production. This privilege springs from the executed mineral lease. Independent permission from the surface owner is not necessary. (Minerals, Surface Rights and Royalty Payments).

**Whether the surface and mineral estates are severed or united, the rule in Texas is to the benefit and use of the mineral owner.** Otherwise, the mineral owner could not enter on the surface to explore for and produce the minerals. (Minerals Surface Rights and Royalty Payments). In Ms. Smith's Cash Warranty Deed (Exhibit F), the Defendant purchased the surface and included in the deed all rights to the coal and lignite. When the Plaintiff(s) were approached, they were offered a flat fee, below market value for the inherited land, no mention was made by Defendant of the coal or lignite. This arrangement was not of benefit to the land owner or the mineral owner, the benefit was to the Defendant and one heir Emma Jean Trimble Smith aka Emma Jean Tremble Smith.

Consider Oil and gas they are the most common mineral that bring value to property in Texas. However, **the definition of a mineral is broader than oil and gas and can include uranium, sulfur, lignite, coal,** and any other substance that is

ordinarily and naturally considered a mineral. (Legal FAQs for Realtors-Contracts and Forms, Mineral Interests.

Land ownership is a vital asset to all communities. **Within the last century, African-American land ownership has rapidly declined.** Comparing the U.S. Agriculture Census data on African-American farmland ownership for 1910 and 1997, it shows a drastic decline from its peak of 15 million acres in 1910 to 2.4 million acres in 1997. A recent study estimated that in the early 20th century, rural landownership among African-American farmers and non-farmers was between 16 and 19 million acres (Gilbert, J., 2002). The 1999 Agricultural Economics and Land Ownership Survey (AELOS), which assessed private rural landownership across race and use (i.e. farming, forestry, etc.), found that there are currently 68,000 African-American rural landowners and they own a total of approximately 7.7 million acres of land, less than 1% of all privately owned rural land in the United States. (Agricultural Economics Land Ownership Survey-AELOS, 1999). Sixty percent (60%) of which is owned by non-farmers. (AELOS, 1999). However, this acreage is valued at $14 billion. (AELOS, 1999). With rural landownership clearly being a significant economic resource base in the African-American community controls, why do African-Americans continue to lose their land?

The Federation has identified 7 common causes of African-American land loss:

In December 2001, the Associated Press released a series of articles entitled "Torn From the Land" which documents the history of African American land loss in the South. These articles chronicle the Violence, exploitation and injustice African-Americans in the south endured in an effort to become and remain landowners. Investigators for the series interviewed more than 1,000 people and examined public records. Their research found 107 documented land takings in 13 Southern and border states. Their findings were extraordinary. From 107 documented cases, more than 24,000 acres of farm and timber land were taken, including smaller properties like stores and city lots. Further, over half the documented cases were **violent** land takings (57), and the others involved **trickery** and **legal exploitation**. From the senseless murders of African-American landowners, to public sale of family land. African American land ownership has rapidly declined in the 20th Century and continues to steadily decline in the 21st Century". Pigford I (Brewington et al 1997. Smith v. Baker, 380 S.W. 2d 725(Tex. App. 1964)

9

The Plaintiff(s) are owed compensation for the 5 years of harassment. The stealing of the property by the Defendant aided by co-conspirator Emma Jean Trimble Smith aka Emma Jean Tremble Smith with little to no communication from either party. The limited and concealed information constitutes a blatant disregard for the Civil Rights and Constitutional Rights of the Plaintiff(s). The Defendant is making every effort to coerce the Plaintiff(s) to comply with their agenda. The Plaintiff(s) feels intimidated and threatened; by the aggressive tactics used by the Defendant.

**The Tremble Family request the court award us Recison and damages.**

It is our **prayer** that the HONORABLE COURT will come to our rescue and not allow our inherited property to become a statistic of African American landowners who have their property rights "steamrolled" by large corporation looking to make billions off the properties assets, while the landowners are paid little to nothing. It is our prayer that the law will return to us that which has been taken by illegal force. That the awarded relief of $60 million is granted as damages for fraud and the breach of express and implied covenants; illegal deeding of property; denied timber rights; concealed documents in the County Clerk's Office and in the Court House in Rusk County, Texas. **The Plaintiff(s) request a trial by jury.** Also including all attorneys' fees, travel expenses, accommodations, pre-judgment and post-judgment interests, cost of suit; that the Plaintiff(s) may show itself justly entitled. We request full disclosure of any and all revenue earned off the land.

All these things are evident of a denial of justice and civil rights. Elements connected with the government have systematically denied African Americans their land rights. It is time for multiple wrongs to be made right and that all men can unequivocally say there is equality in the United States of America. The Declaration of Independence says, "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the Pursuit of Happiness". The Virginia Declaration of Rights, authored by George Mason and

10

approved by the Virginia Convention on June 12, 1776, contains the wording: "all men are by nature equally free and independent, and have certain inherent rights of which … they cannot deprive or divest their posterity; namely, the enjoyment of life and liberty, **which means of acquiring and possessing property, and pursuing and obtaining happiness and safety.**"It is imperative the laws of this land protect the property of the disenfranchised and no individual nor heir should lose their property due to trickery or greed.

**Exhibit 3**

**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

---

Nos. 06-15-0004-CV, 06-15-0005-CV,
& 06-15-0006-CV

---

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court Nos. 2013-390, 2013-391, and 2013-392

---

**AFFIDAVIT OF MARC O. KNISELY**

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

Marc O. Knisely, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.     My name is Marc O. Knisely.  I am one of the attorneys representing Luminant Mining Company, LLC ("Luminant") in the above-referenced appeals, and I am one of the attorneys who represented Luminant as Plaintiff in these cases in Rusk County District Court.  I also am one of the attorneys for Defendants Luminant and Energy Future Holdings Corporation in the lawsuit filed by Billie Murphy Tremble,

1

Sharon Tremble Donaldson, Celia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family") as Plaintiffs in District Court Cause No. 2014-402, now pending in Rusk County District Court ("the Tremble Suit").

2.     The Tremble Family filed the Tremble Suit on December 12, 2014. Exhibit 2 to Luminant Mining Company, LLC's Motion to Reinstate Appeals is a true and correct copy of the Tremble Family's petition filed in the Tremble Suit.

3.     On January 8, 2015, my law firm filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") on behalf of Luminant and Energy Future Holdings Corporation in the Tremble Suit. The Tremble Family filed a copy of that same Notice of Bankruptcy in these appeals.

Further, affiant sayeth not.

_Marc O. Knisely_
Marc O. Knisely

STATE OF TEXAS         §
                       §
COUNTY OF TRAVIS       §


This instrument was acknowledged before me on the 18th day of June, 2015, by Marc O. Knisely.

CAREY A. HENDERSON
MY COMMISSION EXPIRES
April 7, 2018

_Notary Public, State of Texas_

2

**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

---

06-15-0005-CV

---

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-391

---

**LUMINANT MINING COMPANY LLC'S
MOTION TO REINSTATE APPEALS**

TO THE HONORABLE COURT OF APPEALS:

Appellee Luminant Mining Company LLC ("Luminant") moves to reinstate the above-referenced appeal, and two companion ones, pursuant to Texas Rule of Appellate Procedure 8.3, and for such motion shows the Court as follows:

Luminant was the Plaintiff in these partition suits in the trial court, now on appeal before this Court ("the Partition Suits").[1]  Appellants Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the

---

[1] In their notices of appeal, Appellants named Luminant and Energy Future Holdings Corporation and "Subsidiaries" as Appellees.  Neither Energy Future Holdings Corporation nor any subsidiaries were Plaintiffs in the district court, and thus these entities are not proper Appellees.  These party issues will be addressed in the Brief of Appellees, once the Court resolves the abatement of these appeals.

Tremble Family") were Defendants. Luminant filed the Partition Suits on November 26, 2013.

On April 29, 2014, Luminant and each of numerous other related debtor entities filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. *See* Affidavit of [bankruptcy attorney] attached to and incorporated by reference in this motion as Exhibit 1. The bankruptcy filing by Luminant and other debtors effected an automatic stay of certain litigation in which the debtors were parties. *Id.* As is explained further below, however, the stay did not and does not apply to the Partition Suits, and Luminant therefore did not file a notice of bankruptcy in the Partition Suits. *Id.*

On December 12, 2014, the Tremble Family filed suit in the Rusk County District Court against Luminant, Energy Future Holdings Corporation, and "Subsidiaries," in Cause No. 2014-402 ("the Tremble Suit"). In the Tremble Suit, the Tremble Family alleges fraud and other claims and seeks the recovery of damages. A true and correct copy of the Tremble Family's petition is attached to this motion as Exhibit 2; *see also* Affidavit of Marc O. Knisely attached to and incorporated by reference in this motion as Exhibit 3.

On January 8, 2015, Luminant and Energy Future Holdings Corporation filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") in the Tremble Suit. Ex. 3. On May 19, 2015, the Tremble Family filed a copy of the Notice of Bankruptcy that Luminant had previously filed in the Tremble Suit with the Clerk of this Court in these three appeals in the Partition Suits.

On May 28, 2015, this Court issued an Order suspending the three appeals and abating the cases. The Order states that "[a]ny party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court."

The Tremble Suit is subject to the automatic bankruptcy stay because the members of the Tremble Family are the plaintiffs in that suit *against* Luminant and Energy Future Holdings Corporation, as defendants, the suit involves claims that are alleged to have arisen in part before the filing of the bankruptcy petition, and the Tremble Family as plaintiffs seek the recovery of damages from Luminant and Energy Future Holdings Corporation. Ex. 1. In contrast, the Partition Suits were brought *by Luminant as the plaintiff*, and no claims were or are asserted against Luminant in those suits. *Id.* [Discuss any additional reasons why stay does not apply]. Accordingly, the bankruptcy stay does not apply to the appeals pending before this Court, and, under applicable bankruptcy law, the Court may properly reinstate the appeals. *Id.*

For these reasons, Appellee Luminant Mining Company LLC requests that the Court reinstate these appeals.

Respectfully submitted,

3

**Jackson, Sjoberg, McCarthy & Townsend, LLP**

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com


Marc O. Knisely
State Bar No. 11614500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin, Texas  78701
(512) 472-7600
(512) 225-5565 FAX


By: ___/s/ David E. Jackson___
        David E. Jackson
        State Bar No. 10458500

ATTORNEYS FOR APPELLEES
LUMINANT MINING COMPANY LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion to Reinstate was sent via the following method, to the following parties on this the 18th day of June, 2015.

Billie J. Murphy Tremble
2806 Evans Street
Marshall, TX 75670
Via regular mail and
Certified Mail, RRR
70141200000120432610

Sharon Tremble Donaldson
2010 Wineberry Dr .
Katy, TX 77450
Via regular mail and
Certified Mail, RRR
70141200000120432627

Selia Tremble Shawkey
712 South 37th Street
San Diego, CA 92113
Via regular mail and
Certified Mail, RRR
70141200000120432634

Wilmer Forrest Tremble, Jr.
3614 Sheldon
Pearland, TX 77584
Via regular mail and
Certified Mail, RRR
70141200000120432641


                              /s/ David E. Jackson
                              David E. Jackson

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Energy Future Holdings Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):  **See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **46-2488810** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza**<br>**1601 Bryan Street**<br>**Dallas, Texas**<br>ZIP CODE **75201** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: **Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other: **Energy** | ☐ Chapter 7       ☐ Chapter 15 Petition for<br>☐ Chapter 9            Recognition of a Foreign<br>☒ Chapter 11          Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                              Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) | |
|---|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." | ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,000 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,000 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)
Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Energy Future Holdings Corp.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☒ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No, and Exhibit C is attached with further comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                    Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Energy Future Holdings Corp. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

<table>
<tr>
<td>X  _____<br>     Signature of Debtor<br><br>X  _____<br>     Signature of Joint Debtor<br><br>   _____<br>     Telephone Number (if not represented by attorney)<br><br>   _____<br>     Date</td>
<td>X  _____<br>     (Signature of Foreign Representative)<br><br>   _____<br>     (Printed Name of Foreign Representative)<br><br>   _____<br>     Date</td>
</tr>
</table>

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X  */s/ Daniel J. DeFranceschi*<br>    Signature of Attorney for Debtor(s)<br><br>    **Daniel J. DeFranceschi (No. 2732)**<br>    Printed Name of Attorney for Debtor(s)<br><br>    **Richards, Layton & Finger, P.A.**<br>    Firm Name<br><br>    **920 North King Street, Wilmington, DE 19801**<br>    Address<br><br>    **(302) 651-7700**<br>    Telephone Number<br><br>    **April 29, 2014**<br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   _____<br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>   _____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  *(signature)*<br>    Signature of Authorized Individual<br>    **Anthony R. Horton**<br>    Printed Name of Authorized Individual<br>    **Senior Vice President, Treasurer and Assistant Secretary**<br>    Title of Authorized Individual<br>    **April 29, 2014**<br>    Date |    _____<br>   Address<br><br>X  _____<br>   Signature<br><br>   _____<br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110, 18 U.S.C. § 156.* |

## Rider 1 to Energy Future Holdings Corp. Voluntary Petition

All other names used by the Debtor in the last 8 years:  TXU Corp.; TXU Corp; and Texas Utilities.

## **Schedule 1**

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC

- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | Case No. 14-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## EXHIBIT A TO VOLUNTARY PETITION

1.  Energy Future Holdings Corp.'s 9.75% Senior Notes due 2019 are registered under Section 12 of the Securities Exchange Act of 1934; the SEC file number is 1-12833.

2.  The following financial data is the latest publicly available information and, unless otherwise indicated, is current as of December 31, 2013:

    (a)  Total assets (on a consolidated basis):  $36,446 million.

    (b)  Total liabilities (on a consolidated basis):  $49,701 million.

    (c)  Debt securities held by more than 500 holders:  None.[1]

    (d)  Description of equity:  Common stock.

        (i)  Shares of common stock outstanding:  1,669,861,382[2]

3.  Brief description of Energy Future Holdings Corp.'s business:

    EFH Corp. is a Dallas, Texas-based energy company with a portfolio of competitive and regulated energy businesses in Texas. EFH Corp. is a holding company conducting its operations principally through its Texas Competitive Electric Holdings Company LLC and Oncor subsidiaries. Collectively with its operating subsidiaries, EFH Corp. is the largest generator, retailer and distributor of electricity in Texas.

---

[1]  Energy Future Holdings Corp. ("EFH Corp.") does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.

[2]  This figure is current as of April 29, 2014.

4.  List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

| Title of Class of Shares | Name of Holder | Approximate Number of Shares | Percentage of Ownership |
|---|---|---|---|
| Common Stock | Texas Energy Future Holdings Limited Partnership | 1,669,861,382 | 99.27% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

## EXHIBIT C TO VOLUNTARY PETITION

1.       Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.       With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Texas Energy Future Holdings Limited Partnership | 99.27% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 46-2488810 | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Energy Future Holdings Corp. | Texas Energy Future Holdings Limited Partnership and EFH Corp. directors and employees. | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | Texas Energy Future Holdings Limited Partnership (99.27%); and EFH Corp. directors and employees (0.73%). |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant Secretary

# ENERGY FUTURE HOLDINGS CORP. (THE "COMPANY")
# BOARD OF DIRECTORS RESOLUTIONS
## APRIL 28, 2014

### Item 1. Restructuring Update

Effective as of this 28th day of April 2014, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of Energy Future Holdings Corp., a Texas corporation (the "Company"), took the following actions and adopted the following resolutions:

#### *Chapter 11 Filing*

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

#### *Restructuring Support Agreement*

WHEREAS, some members of the Board of Directors are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Board of Directors would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable;

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Board of Directors acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by Section

21.418(b)(2) of the TBOC, Section 101.255(b)(2) of the TBOC, or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*Retention of Professionals*

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed

an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers Watson & Co. as compensation consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to

employ the firm of PricewaterhouseCoopers LLP as internal auditing advisor and information security consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax auditing advisors and information technology consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

### *Debtor-in-Possession Financing*

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "TCEH DIP Credit Agreement") among Texas Competitive Electric Holdings Company LLC, as Borrower, Energy Future Competitive Holdings Company LLC, as Parent Guarantor, the various lenders from time to time parties thereto as Lenders, Citibank N.A. or its successor as Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Texas Competitive Electric Holdings Company LLC.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "EFIH First Lien DIP Credit Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Borrowers, the various lenders from time to time parties thereto, as Lenders, Deutsche Bank AG, as Collateral Agent and Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC..

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Second Lien Subordinated Secured Debtor-in-Possession Note Purchase Agreement (the "EFIH Second

Lien DIP Note Purchase Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Co-Issuers, the lending institutions from time to time parties thereto as Purchasers, and the Administrative Agent and Collateral Agent for the Purchasers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the TCEH DIP Credit Agreement, the EFIH First Lien DIP Credit Agreement, or the EFIH Second Lien DIP Note Purchase Agreement, as applicable.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

# ENERGY FUTURE HOLDINGS CORP.
## ASSISTANT SECRETARY'S CERTIFICATION

The undersigned, Betty R. Fleshman, Assistant Secretary of Energy Future Holdings Corp. (the "Company"), a Texas corporation, hereby certifies as follows:

1. I am the duly qualified and elected Assistant Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolution of the board of directors of the Company (the "Board of Directors"), duly adopted at a properly convened meeting of the Board of Directors on April 28, 2014, by the members constituting a majority of the votes of a quorum of the directors there present, in accordance with the bylaws of the Company.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 28th day of April, 2014.

Betty R. Fleshman,
Assistant Secretary

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|
| **1** LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>Attn:  Frank Godino - Vice President<br>Addr:  400 Madison Avenue - Suite 4D<br>New York, NY  10017<br>USA<br>Phone:  (646) 747-1251<br>Fax:  (212) 750-1361<br>Email:  frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:  Law Debenture Trust Company<br>of New York<br>Attn:  Daniel A. Lowenthal - Counsel<br>1133 Avenue of the Americas<br>New York, NY  10036<br>USA<br>Phone:  (212) 336-2720<br>Fax:  (212) 336-1253<br>Email:  dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| **2** AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC<br>Attn:  Paul Kim - General Counsel<br>Addr:  6201 15TH Avenue<br>Brooklyn, NY  11219<br>USA<br>Phone:  (718) 921-8183<br>Fax:  (718) 331-1852<br>Email:  pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re:  American Stock Transfer and Trust<br>Company, LLC<br>Attn:  Amelia M. Charamba - Counsel<br>Addr:  100 Summer Street<br>Boston, MA  02110<br>USA<br>Phone:  (617) 345-1041<br>Fax:  (866) 244-1527<br>Email:  acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]  With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn:   Laura Roberson - Vice President<br>Addr:   2 South Broadway<br>        Suite 600<br>        St Louis, MO  63102<br>        USA<br>Phone:  (314) 612-8484<br>Fax:    (314) 612-8499<br>Email:  laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re: UMB Bank, N.A.<br>Attn:   Harold L Kaplan, Mark F Hebbeln - Counsel<br>Addr:   321 N Clark Street, Suite 2800<br>        Chicago, IL  60654<br>        USA<br>Phone:  (312) 832-4393, (312) 832-4394<br>Fax:    (312) 832-4700<br>Email:  hkaplan@foley.com,<br>        mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON TRUST COMPANY<br>Attn:   Rafael Martinez - Vice President - Client Service Manager<br>Addr:   601 Travis Street<br>        Houston, TX  77002<br>        USA<br>Phone:  (713) 483-6535<br>Fax:    (713) 483-6954<br>Email:  rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn:   Thomas Vlahakis - Vice President<br>Addr:   385 Rifle Camp Road<br>        3rd Floor<br>        Woodland Park, NJ 07424<br>        USA<br>Phone:  (973) 247-4742<br>Fax:    (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn:   Michael Puryear - General Counsel<br>Addr:   3302 S W.W. White Rd<br>        San Antonio, TX  78222<br>        USA<br>Phone:  (210) 648-1111<br>Fax:    (210) 648-0079<br>Email:  michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

3

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn:    Peter O. Hansen - General Counsel<br>Addr:    1460 W. Canal Court<br>         Littleton, CO  80120<br>         USA<br>Phone:   (303) 962-1977<br>Fax:     (303) 962-1970<br>Email:   peter.hansen@ada-cs.com;<br>         info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn:    Carlos M. Hernandez - Executive Vice President, Chief Legal Officer and Secretary<br>Addr:    6700 Las Colinas Blvd<br>         Irving, TX  75039<br>         USA<br>Phone:   (469) 398-7000<br>Fax:     (469) 398-7255<br>Email:   carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn:    Roger Nober - Executive VP, Law and Corporate Affairs<br>Addr:    2650 Lou Menk Drive<br>         Fort Worth, TX  76131<br>         USA<br>Phone:   (817) 352-1460<br>Fax:     (817) 352-7111<br>Email:   roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn:    Raghu Raman Lakshmanan - General Counsel<br>Addr:    330 Potrero Avenue<br>         Sunnyvale, CA  94085<br>         USA<br>Phone:   (408) 523-8331<br>Fax:     (408) 733-0482<br>Email:   rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn:    Richard E. Chandler, Jr. - President and Chief Executive Officer<br>Addr:    c/o CB&I - One CB&I Plaza<br>         2103 Research Forest Drive<br>         The Woodlands, TX  77380<br>         USA<br>Phone:   (832) 513-1000<br>Fax:     (832) 513-1094<br>Email:   richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim¹ |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn: Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr: 1000 Westinghouse Drive, Suite 572A Cranberry Township, PA 16066 USA<br>Phone: (724) 940-8323<br>Fax: (724) 940-8518<br>Email: holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn: Mark Schroeder - Senior Vice President and Deputy General Counsel<br>Addr: 1111 Louisiana Street Houston, TX 77002 USA<br>Phone: (713) 207-7053<br>Fax: (713) 207-9233<br>Email: mark.schroeder@centerpointenergy.com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn: Kalyn Asher - President<br>Addr: 15303 Dallas Parkway, Suite 1300 Addison, TX 75001 USA<br>Phone: (214) 580-8750<br>Fax: (972) 732-1161<br>Email: kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn: Keith Debault - President<br>Addr: 855 E US Highway 79 Rockdale, TX 76567 USA<br>Phone: (512) 446-7011<br>Fax: (512) 446-7195<br>Email: keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn: Karlos Courtney - Owner<br>Addr: 2617 US Hwy 79N Carthage, TX 75633 USA<br>Phone: (903) 694-2911<br>Fax: (903) 694-2921<br>Email: karloscourtney@courtneyconstruction.com | Trade | Unliquidated | $2,640,695 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn: Christopher Ranck - Vice President and General Counsel<br>Addr: 4400 N Alafaya Trl<br>Orlando, FL 32826<br>USA<br>Phone: (407) 333-2476<br>Fax: (972) 550-2101<br>Email: chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn: David Koch - CEO & President<br>5501 Foundation Blvd<br>Evansville, IN 47725<br>USA<br>Phone: (812) 467-1000<br>Fax: (812) 429-9425<br>Email: sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn: R Scott Hopkins - President<br>Addr: 5910 N. Central Expy.<br>STE 1380<br>Dallas, TX 75206<br>USA<br>Phone: (214) 987-0257<br>Fax: (214) 987-0670<br>Email: msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn: Sonia Jasman - President<br>2 Campus Drive<br>Parsippany, NJ 07054-4400<br>USA<br>Phone: (973) 267-5300<br>Fax: (973)-397-2491<br>Email: contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn: Guillermo Montano - Chief Executive Officer<br>Addr: 18 Calle 25-85 Z.10<br>Torre Transactel Pradera<br>Guatemala City,<br>Guatemala<br>Phone: 011 502 2223-0000<br>Fax: 011 502 2223 0004<br>Email: gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn:   Mike Merritt - President<br>Addr:   201 Estes Dr<br>        Longview, TX  75602-6100<br>        USA<br>Phone:  (903) 757-2656<br>Fax:    (903) 757-8864<br>Email:  Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn:   Max W. Laun - Vice President and General Counsel<br>Addr:   201 Isabella Street<br>        Pittsburgh, PA  152195858<br>        USA<br>Phone:  (412) 553-4569<br>Fax:    (412) 553-4064<br>Email:  max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn:   Michael Hoehn - President<br>        9230 East 47th Street<br>        Kansas City, MO  64133<br>        USA<br>Phone:  (816) 356-0660<br>Fax:    (816) 356-5730<br>Email:  michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn:   Jack Carmody - President<br>Addr:   5222 Thunder Creek Road<br>        Austin, TX  78759<br>        USA<br>Phone:  (512) 343-9613<br>Fax:    (512) 343-9618<br>Email:  jack.carmody@rangerexcavating.com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn:   John L. Howard - General Counsel<br>Addr:   100 Grainger Pkwy<br>        Lake Forest, IL  60045<br>        USA<br>Phone:  (847) 535-1000<br>Fax:    (847) 535-0878<br>Email:  john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn:   Malcolm Clevenstine - President and CEO<br>Addr:   607 Fisher Rd<br>        Longview, TX  75604<br>        USA<br>Phone:  (903) 295-1011<br>Fax:    (903) 295-1982<br>Email:  info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn:  Gary Bernardez - President<br>Addr:  2106 Anderson Road<br>Greenville, SC  29611<br>USA<br>Phone:  (864) 295-7800<br>Fax:  (864) 295-7962<br>Email:  gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn:  Isabelle Roux-Chenu -<br>International Legal Affairs<br>Addr:  623 Fifth Ave 33rd Floor<br>New York, NY  10022<br>USA<br>Phone:  (212) 314-8000<br>Fax:  (212) 314-8001<br>Email:  isabelle.roux-<br>chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn:  Patrick Apodaca - Senior Vice<br>President, General Counsel,<br>Secretary<br>Addr:  414 Silver Avenue SW<br>Albuquerque, NM  87102-3289<br>USA<br>Phone:  (505) 241-2700<br>Fax:  (505) 241-4311<br>Email:  patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn:  President<br>Addr:  601 Braddock Ave<br>Turtle Creek, PA 15145<br>USA<br>Phone:  (412) 829-7500<br>Fax:  (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn:  Chuck William - SVP & General<br>Counsel<br>Addr:  16400 College Blvd<br>Lenexa, KS  66219<br>USA<br>Phone:  (913) 888-8600<br>Fax:  (913) 492-8723<br>Email:  info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn:  Mike Wilcox - Owner<br>Addr:  2100 State Highway 31 E<br>Kilgore, TX  75662<br>USA<br>Phone:  (903) 983-2951<br>Fax:  (903) 984-0982<br>Email:  mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn:     Kenneth Pierce - Owner<br>Addr:    4324 State Hwy 149<br>Beckville, TX  75631<br>USA<br>Phone:  (903) 678-3748<br>Fax:      (903) 678-3896<br>Email:    kenneth@pierceconstructioninc.com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn:     Mary Perry - President<br>Addr:    440 Polaris Parkway<br>Westerville, OH  43082<br>USA<br>Phone:  (614) 844-3973<br>Fax:      (614) 436-6640<br>Email:    mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn:     Wayne Yost, Owner - President<br>Addr:    815 N Main Street<br>Wrens, GA  30833<br>USA<br>Phone:  (706) 547-6554<br>Fax:      (706) 547-6553<br>Email:    wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn:     David Beckman - General Counsel<br>Addr:    3102 West End Avenue<br>Nashville, TN  37203<br>USA<br>Phone:  (615) 301-7100<br>Fax:      (615) 301-7252<br>Email:    david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn:     John Warren May - Chief Legal Officer<br>Addr:    1991 South 4650 West<br>Salt Lake City, UT  84104<br>USA<br>Phone:  (801) 257-5811<br>Fax:      (801) 257-6246<br>Email:    john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn: William Wochner - Chief Legal Officer<br>Addr: 427 West 12th Street<br>Kansas City, MO 64105<br>USA<br>Phone: (816) 983-1303<br>Fax: (816) 783-1501<br>Email: wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn: Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr: 10701 S River Front Parkway<br>Suite 300<br>South Jordan, UT 84095<br>USA<br>Phone: (801) 984-9400<br>Fax: (801) 984-9410<br>Email: hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn: President or General Counsel -<br>Addr: Trent Wind Farm<br>1423 CR 131<br>Trent, TX 79561<br>USA<br>Phone: (614) 583-7035<br>Fax: (614) 583-1691<br>Email: clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn: Phil Wilson - General Manager<br>Addr: Transmission Services Corp<br>Austin, TX 78703<br>USA<br>Phone: (512) 473-3200<br>Fax: (512) 578-3520<br>Email: general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn: Clay Thomas - Chief Executive Officer<br>Addr: 9550 John W. Elliott Drive,<br>Suite 106<br>Frisco, TX 75033<br>USA<br>Phone: (214) 975-0808<br>Fax: (214) 975-0811<br>Email: cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn: President or General Counsel<br>Addr: 2825 Cobb International Blvd NW<br>Kennesaw, GA 30152<br>USA<br>Phone: (770) 429-4600<br>Fax: (770) 429.4750<br>Email: cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn: Mr. Charles R. Patton - President and Chief Operating Officer<br>Addr: 1 Riverside Plaza<br>Columbus, OH 43215-2372<br>USA<br>Phone: (614) 716-1000<br>Fax: (614) 716-1823<br>Email: Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn: Jeff Grodel - Owner<br>Addr: 10823 N US Highway 75<br>Buffalo, TX 75831<br>USA<br>Phone: (903) 322-4942<br>Fax: (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn: Mark Brancato - General Counsel<br>Addr: Cement Projects Americas<br>2040 Avenue C<br>Bethlehem, PA 18017<br>USA<br>Phone: (610) 264-6011<br>Fax: (610) 264-6170<br>Email: Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn: David Petty - President<br>Addr: 3163 Fm 499<br>Cumby, TX 75433<br>USA<br>Phone: (903) 994-4200<br>Fax: (903) 994-2747<br>Email: petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn: John Luke - General Counsel & Corp. Secretary<br>Addr: c/o Forge Group Ltd<br>4000 Town Center Boulevard<br>Canonsburg, PA 15317<br>USA<br>Phone: (724) 754-9800<br>Fax: (724) 754-9801<br>Email: Info@forgegroup.com | Trade | Unliquidated | $828,978 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE)<br>Attn: Miles Cowdry - President<br>Rolls-Royce Civil Nuclear<br>Addr: 994-A Explorer Blvd<br>Huntsville, AL 35806<br>USA<br>Phone: (800) 632-5126<br>Fax: (317) 230-4699<br>Email: Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION<br>Attn: Israel Goldowitz - Office Of The Chief Counsel<br>Addr: 1200 K Street, NW<br>Washington, DC 20005-4026<br>USA<br>Phone: (202) 326-4020<br>Fax: (202) 326-4112<br>Email: Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

12

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29 2014

( Anthony R. Horton
Treasurer

# RUSK COUNTY DISTRICT COURT
# RUSK COUNTY, TEXAS
## PETITION TO SUE

**FILED**

2014 DEC 12  AM 9: 53

CO...........
RUSK COUNTY DISTRICT CLERK

BY_____DEPUTY

| | |
|---|---|
| Billie Murphy Tremble | ) CASE NO. : 2014-402 |
| Sharon Tremble Donaldson | ) |
| Selia Tremble Shawkey | ) COMPLAINT FOR: |
| Wilmer Forrest Tremble, Jr. | ) |
| Plaintiff | ) Violation of Our Rights to Ownership |
| | ) Pain and Suffering |
| | ) Emotional Distress |
| Vs. | ) |
| Luminant Mining Company LLC | ) |
| Energy Future Holdings Corporation | ) |
| and Subsidiaries | ) |
| Defendant | ) |
| Respondent | ) |

### ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff's Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr. "The Tremble Family" aka "The Estate of Wilmer F. Tremble, Sr. " files this petition complaining of Defendant Luminant Mining Company LLC and its subsidiaries the support respectfully shows:

The inherited property located in Rusk County, Texas the legal description of the land described in three tracts is as follows:

Tract One: **65.00** acres of land, more or less, being the same land described in a Deed dated November 17, 1900 from Ollie Brooks, et ux to W. M. Pollard, recorded in Volume 51, Page 88 of the Deed of Records of Rusk County, Texas.

Tract Two: **37.46** acres of land, more or less, being the same land described in that certain conveyance dated November 30, 1934 from Bessie Elizabeth Strong, et al to Emma Pollard, recorded in Volume 384, Page 464 of the Deed Records of Rusk County, Texas.

Tract Three: **26.00** acres of land, more or less, located in the Delores Cortinas Survey, A-160 Rusk County, Texas, being the same land set aside to Bessie Barr in that certain Rusk County District Court Cause # 19143 styled Amelia Bolding, et al -vs- Willie Barr, et al.

I.

INTRODUCTION

**We ask permission of the court to present this as a hostile case, the facts are somewhat complicated; thus, here are the details:**

The Plaintiff(s) will expose the fraudulent possession of heir property the support respectfully shows. Id. at 751, sec C Tex. RC1V+166d. We are raising a genuine issue of the material fact. The Defendant concealed pertinent information from Plaintiff(s) resulting in this Law Suit.

It was deliberate that the content of each conversation with any Luminant representative differed from the previous representative. In reference to our inherited property, it appears the company is exercising Eminent Domain. In August 2012, the Texas Supreme Court Reinforces Denbury Decision on Eminent Domain. Again. For the third time, The Texas Supreme Court has ruled against a pipeline company's use of eminent domain. The farmer, "Mike Latta, argued that

2

the pipeline wasn't in the public's interest, as it was a private pipeline that would only be used by one company". There can be no taking of private of property against the will of the owner without legislative directive. The Supreme Court of Texas agreed. No. And the decision still stands.

The Defendant withheld and concealed pertinent information from Plaintiff(s). Nottingham Brick & Title Co. v. Butler (1889) 16 QBD 778. We by law did not and were not previe to pertinent information. All ten heirs associated with the said land in Rusk County, Texas have been deceived by the Defendant and its representatives. Smith v. Land & House Property Corp. (1884) 28 Ch D 7. It holds that a statement of opinion can represent that one knows certain facts, and therefore one may have still made a misrepresentation. Numerous questions have been asked and never answered, nor addressed, just ignored.

II.

### CAUSE OF ACTION

In 2009 the Defendants approached the Plaintiff(s) with the intent to mine the "Liberty Mine Project" the above described inherited property located in Rusk County, Texas. The Defendant's representatives failed to fully disclose information regarding the Liberty Mine project. The Plaintiff(s) asked for "full disclosure" on several occasions. The Defendants fail to answer in writing, which is the only acceptable response since the Respondent stated over the years their preference in communicating is Verbal Agreement.

On November 26, 2013 at 4:00 P. M. (CST), the Tremble Sister's engaged in a good faith conference call with the Defendant's attorneys and representatives, in summation they agreed to keep "the lines of communication open." A few days later, the Plaintiff(s) received a letter dated Dec. 6, 2013, regarding a claim by Luminant to interest in 70 acres of timber more or less (refer to Exhibit A). In that conversation on November 26th the Defendants attorneys explained their client

3

only has an interest in the coal and lignite; however, in lieu of the Dec 6, 2013 letter this is a false statement.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

The Respondent is claiming ownership to anything of value in and on the property. The Deeds and ownership information are in Rusk County Court House, Rusk County Clerk Office and in the Rusk County Appraisal District reflect 100% ownership in the property by Defendants (Exhibit B, C and D). The Defendant has again confused the issue do they have an interest or an ownership?

On December 14, 2013 the Tremble Family was served with Plaintiff's Original Petition And Request For Disclosure. The originating date for the document is November 26, 2013, the same day the Defendants spoke with the Plaintiffs and agreed to "keep the lines of communication open." They deceived us in believing they were working with us not against us. The Plaintiff(s) were served the following petition number's 2013-390; 2013-391 and 2013-392.

The **Uniform Partition of Heirs Property Act (UPHPA)** helps to solve the problem while preserving a co-tenant's right to sell his or her share of property. It is important to note that the act only applies to heir property – one or more co-tenants must have received his or her property interest from a relative – and only when there is no written agreement governing partition among the owners. If both of those conditions exist, the act requires certain protections when a co-

4

tenant files for a partition order. The Defendant **did not** take the appropriate steps to be compliant with the law.

1. The co-tenant requesting the partition must give notice to all of the other co-tenants.
2. The court must order an independent appraisal to determine the property's value; the **court** must hold a hearing to consider evidence.
3. Any co-tenant (except the co-tenant(s) requesting partition by sale may buy the interest of the co-tenant seeking partition for a proportional share of the court – determined fair market value. The **co-tenants have 45 days to exercise their right of first refusal, and if exercised, another 60 days in which to arrange for financing**. If more than one co-tenant elects to buy the shares of the co-tenant(s) seeking partition, **the court** will pro-rate the sellers shares among the buyers according to their existing fractional ownership percentages.
4. If no co-tenant elects to purchase shares from the co-tenant(s) seeking partition, the court must order a partition in-kind will result in great prejudice to the co-tenants as a group. UPHPA specifies the factors a court must consider when determining whether partition in-kind is appropriate.
5. If partition-in-kind is inappropriate and the court orders a partition-by-sale, the property must be offered for sale on the open market at a price no lower than the court determined valued for a reasonable period of time and in a commercially reasonable manner. If an open market sale by sealed bids or by action would be more economically advantages for the co-tenants as a group the court may order a sale by one of those methods.

Conclusion:

In summary, the Uniform Partition of Heirs Property Act preserves the right of a co-tenant to sell his or her interest in inherited real estate, while ensuring that the other co-tenants will have the necessary due process to prevent a forced sale: notice, appraisal and right of first refusal. **The Defendant and the other heirs did not comply with the Uniform Partition of Heirs Property Act as it pertained to the Plaintiff(s) rights.** If the other co-tenants do not exercise their right to purchase property from the seller, the court must order a partition-in-kind if feasible, and if not, a

5

commercially reasonable sale for fair market value. **This constitutes a violation of the Plaintiff's Civil Rights and Constitutional Rights they were excluded from due process of law.**

III.

FACTUAL ALLEGATIONS

The Defendant did not have the right to prepare deeds for the heir property, for example: The record shows Emma Jean Trimble Smith aka Emma Jean Tremble Smith, deeded the property in a Cash Warranty Deed 00102067 Vol: 3053 PG. 623 reads: "Grantor specifically conveys all coal and lignite lying in, on, and under the above described lands together with the right of ingress and egress." The Defendant states in the Plaintiff's REPLY TO THE FAMILY'S SUMMARY JUDGMENT RESPONSE in reference to the Deed and it reads: The Respondent wrote, "Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deeds words, "all of my undivided interest" in the Property. She did not convey or purport to convey any interest in the Property greater than she owned" (Exhibit E, page 4). There is a reference to Ms. Smith's Cash Warranty Deed, under LUMINANT MINING TRACT 1343 IN AREA 361 it reads as follows: **"All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 37.46 acre tract of land in a Declaration of Unit dated February 17, 1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas."
The next section LUMINANT MINING TRACT 1344 IN AREA 361 reads as follows: **"All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 65 acre tract of land described in an deed dated November 17, 1900, from Ollie Brooks, et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 88." **The Cash Warranty Deed was notarized on December 13, 2010 by Russell Davis contract Landman for Luminant Mining Company** (Exhibit F). Ms. Smith fraudulently deeded **All** the acreage to the Defendant and is documented in the Rusk County Clerk Office, Rusk County Appraisal District and the Court House in

6

Rusk County, Texas the deeding was on December 16, 2010 ( Exhibit B and C) included was the deeding of 65.00 acres, the original owner W.M. Pollard and 37.46 (33.094) acres originally owned by Emma Pollard; and on December 21, 2010 the deeding of Bessie Barr ET AL's 26 (25.326) acres (see Exhibit D). Keep in mind the other heirs had no knowledge of any transactions that occurred with Ms. Smith's Cash Warranty Deed and the Defendant's part in this illegal act. TD/B/C. 2/AC. 1/7, p.11, para. 9. The traditional **Most Favoured Nations** principle is designed to establish equity in treatment. **Emma Jean Trimble Smith aka Emma Jean Trembie Smith is not nor has she ever been the Executor of the Estate, Administrator, nor the Trustee. The deed and the concealed records are all fraudulent** (refer to Exhibit B, C, D and F).

Fraudulent Inducement:

To establish fraud, a claimant must prove: (1) that a material representation was made; (2) that the representation was false; (3) that, when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion; (4) that the speaker made it with the intention that it should be acted upon by the claimant; (5) that the claimant acted in reliance upon it; and (6) that the claimant thereby suffered injury. Id. at 265-66. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.1998). "Unfair methods of competition or unfair and deceptive acts or practices prohibited." Haase v. Glazner, 62 S.W.3d 795, 798 (Tex.2001). Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

**The Plaintiff (s) have no verbal nor written contract with the Defendant(s) or any other parties to this matter.**

The Plaintiff(s) Mineral Deed and Addendum are important in establishing ownership of the Coal and Lignite Mineral Rights (Exhibit G). The Addendum includes coal and lignite deeded to Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (Exhibit H). **In Surface Rights Vs. Mineral Rights as a Priority** "minerals cannot be extracted without disturbing the surface of land, mineral rights supersede surface rights, and the mineral rights holder can do whatever it takes to extract the minerals".(eHow)

These property rights can be stated in the following way: Mineral lessees can use as much of the surface as is necessary for mineral exploration and production. This privilege springs from the executed mineral lease. Independent permission from the surface owner is not necessary. (Minerals, Surface Rights and Royalty Payments).

**Whether the surface and mineral estates are severed or united, the rule in Texas is to the benefit and use of the mineral owner.** Otherwise, the mineral owner could not enter on the surface to explore for and produce the minerals. (Minerals Surface Rights and Royalty Payments). In Ms. Smith's Cash Warranty Deed (Exhibit F), the Defendant purchased the surface and included in the deed all rights to the coal and lignite. When the Plaintiff(s) were approached, they were offered a flat fee, below market value for the inherited land, no mention was made by Defendant of the coal or lignite. This arrangement was not of benefit to the land owner or the mineral owner, the benefit was to the Defendant and one heir Emma Jean Trimble Smith aka Emma Jean Tremble Smith.

Consider Oil and gas they are the most common mineral that bring value to property in Texas. However, **the definition of a mineral is broader than oil and gas and can include uranium, sulfur, lignite, coal,** and any other substance that is

ordinarily and naturally considered a mineral. (Legal FAQs for Realtors-Contracts and Forms, Mineral Interests.

Land ownership is a vital asset to all communities. **Within the last century, African-American land ownership has rapidly declined.** Comparing the U.S. Agriculture Census data on African-American farmland ownership for 1910 and 1997, it shows a drastic decline from its peak of 15 million acres in 1910 to 2.4 million acres in 1997. A recent study estimated that in the early 20th century, rural landownership among African-American farmers and non-farmers was between 16 and 19 million acres (Gilbert, J., 2002). The 1999 Agricultural Economics and Land Ownership Survey (AELOS), which assessed private rural landownership across race and use (i.e. farming, forestry, etc.), found that there are currently 68,000 African-American rural landowners and they own a total of approximately 7.7 million acres of land, less than 1% of all privately owned rural land in the United States. (Agricultural Economics Land Ownership Survey-AELOS, 1999). Sixty percent (60%) of which is owned by non-farmers. (AELOS, 1999). However, this acreage is valued at $14 billion. (AELOS, 1999). With rural landownership clearly being a significant economic resource base in the African-American community controls, why do African-Americans continue to lose their land?

The Federation has identified 7 common causes of African-American land loss:

In December 2001, the Associated Press released a series of articles entitled "Torn From the Land" which documents the history of African American land loss in the South. These articles chronicle the Violence, exploitation and injustice African-Americans in the south endured in an effort to become and remain landowners. Investigators for the series interviewed more than 1,000 people and examined public records. Their research found 107 documented land takings in 13 Southern and border states. Their findings were extraordinary. From 107 documented cases, more than 24,000 acres of farm and timber land were taken, including smaller properties like stores and city lots. Further, over half the documented cases were **violent** land takings (57), and the others involved **trickery** and **legal exploitation**. From the senseless murders of African-American landowners, to public sale of family land. African American land ownership has rapidly declined in the 20th Century and continues to steadily decline in the 21st Century". Pigford I (Brewington et al 1997. Smith v. Baker, 380 S.W. 2d 725(Tex. App. 1964)

The Plaintiff(s) are owed compensation for the 5 years of harassment. The stealing of the property by the Defendant aided by co-conspirator Emma Jean Trimble Smith aka Emma Jean Tremble Smith with little to no communication from either party. The limited and concealed information constitutes a blatant disregard for the Civil Rights and Constitutional Rights of the Plaintiff(s). The Defendant is making every effort to coerce the Plaintiff(s) to comply with their agenda. The Plaintiff(s) feels intimidated and threatened; by the aggressive tactics used by the Defendant.

**The Tremble Family request the court award us Recison and damages.**

It is our **prayer** that the HONORABLE COURT will come to our rescue and not allow our inherited property to become a statistic of African American landowners who have their property rights "steamrolled" by large corporation looking to make billions off the properties assets, while the landowners are paid little to nothing. It is our prayer that the law will return to us that which has been taken by illegal force. That the awarded relief of $60 million is granted as damages for fraud and the breach of express and implied covenants; illegal deeding of property; denied timber rights; concealed documents in the County Clerk's Office and in the Court House in Rusk County, Texas. **The Plaintiff(s) request a trial by jury.** Also including all attorneys' fees, travel expenses, accommodations, pre-judgment and post-judgment interests, cost of suit; that the Plaintiff(s) may show itself justly entitled. We request full disclosure of any and all revenue earned off the land.

All these things are evident of a denial of justice and civil rights. Elements connected with the government have systematically denied African Americans their land rights. It is time for multiple wrongs to be made right and that all men can unequivocally say there is equality in the United States of America. The Declaration of Independence says, "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the Pursuit of Happiness". The Virginia Declaration of Rights, authored by George Mason and

10

approved by the Virginia Convention on June 12, 1776, contains the wording: "all men are by nature equally free and independent, and have certain inherent rights of which ... they cannot deprive or divest their posterity; namely, the enjoyment of life and liberty, **which means of acquiring and possessing property, and pursuing and obtaining happiness and safety.**"It is imperative the laws of this land protect the property of the disenfranchised and no individual nor heir should lose their property due to trickery or greed.

**Exhibit 3**

**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

Nos. 06-15-0004-CV, 06-15-0005-CV,
& 06-15-0006-CV

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court Nos. 2013-390, 2013-391, and 2013-392

**AFFIDAVIT OF MARC O. KNISELY**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

Marc O. Knisely, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.      My name is Marc O. Knisely.  I am one of the attorneys representing Luminant Mining Company, LLC ("Luminant") in the above-referenced appeals, and I am one of the attorneys who represented Luminant as Plaintiff in these cases in Rusk County District Court.  I also am one of the attorneys for Defendants Luminant and Energy Future Holdings Corporation in the lawsuit filed by Billie Murphy Tremble,

1

Sharon Tremble Donaldson, Celia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family") as Plaintiffs in District Court Cause No. 2014-402, now pending in Rusk County District Court ("the Tremble Suit").

2.    The Tremble Family filed the Tremble Suit on December 12, 2014. Exhibit 2 to Luminant Mining Company, LLC's Motion to Reinstate Appeals is a true and correct copy of the Tremble Family's petition filed in the Tremble Suit.

3.    On January 8, 2015, my law firm filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") on behalf of Luminant and Energy Future Holdings Corporation in the Tremble Suit. The Tremble Family filed a copy of that same Notice of Bankruptcy in these appeals.

Further, affiant sayeth not.



Marc O. Knisely

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

This instrument was acknowledged before me on the 18th day of June, 2015, by Marc O. Knisely.

CAREY A. HENDERSON
MY COMMISSION EXPIRES
April 7, 2018

Notary Public, State of Texas

**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

---

06-15-0006-CV

---

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-392

---

**LUMINANT MINING COMPANY LLC'S
MOTION TO REINSTATE APPEALS**

TO THE HONORABLE COURT OF APPEALS:

Appellee Luminant Mining Company LLC ("Luminant") moves to reinstate the

above-referenced appeal, and two companion ones, pursuant to Texas Rule of Appellate

Procedure 8.3, and for such motion shows the Court as follows:

Luminant was the Plaintiff in these partition suits in the trial court, now on appeal

before this Court ("the Partition Suits").[1]  Appellants Billie Murphy Tremble, Sharon

Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the

---

[1] In their notices of appeal, Appellants named Luminant and Energy Future Holdings Corporation and "Subsidiaries" as Appellees.  Neither Energy Future Holdings Corporation nor any subsidiaries were Plaintiffs in the district court, and thus these entities are not proper Appellees.  These party issues will be addressed in the Brief of Appellees, once the Court resolves the abatement of these appeals.

1

Tremble Family") were Defendants. Luminant filed the Partition Suits on November 26, 2013.

On April 29, 2014, Luminant and each of numerous other related debtor entities filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. *See* Affidavit of [bankruptcy attorney] attached to and incorporated by reference in this motion as Exhibit 1. The bankruptcy filing by Luminant and other debtors effected an automatic stay of certain litigation in which the debtors were parties. *Id*. As is explained further below, however, the stay did not and does not apply to the Partition Suits, and Luminant therefore did not file a notice of bankruptcy in the Partition Suits. *Id*.

On December 12, 2014, the Tremble Family filed suit in the Rusk County District Court against Luminant, Energy Future Holdings Corporation, and "Subsidiaries," in Cause No. 2014-402 ("the Tremble Suit"). In the Tremble Suit, the Tremble Family alleges fraud and other claims and seeks the recovery of damages. A true and correct copy of the Tremble Family's petition is attached to this motion as Exhibit 2; *see also* Affidavit of Marc O. Knisely attached to and incorporated by reference in this motion as Exhibit 3.

On January 8, 2015, Luminant and Energy Future Holdings Corporation filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") in the Tremble Suit. Ex. 3. On May 19, 2015, the Tremble Family filed a copy of the Notice of Bankruptcy that Luminant had previously filed in the Tremble Suit with the Clerk of this Court in these three appeals in the Partition Suits.

On May 28, 2015, this Court issued an Order suspending the three appeals and abating the cases. The Order states that "[a]ny party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court."

The Tremble Suit is subject to the automatic bankruptcy stay because the members of the Tremble Family are the plaintiffs in that suit *against* Luminant and Energy Future Holdings Corporation, as defendants, the suit involves claims that are alleged to have arisen in part before the filing of the bankruptcy petition, and the Tremble Family as plaintiffs seek the recovery of damages from Luminant and Energy Future Holdings Corporation. Ex. 1. In contrast, the Partition Suits were brought *by Luminant as the plaintiff*, and no claims were or are asserted against Luminant in those suits. *Id.* [Discuss any additional reasons why stay does not apply]. Accordingly, the bankruptcy stay does not apply to the appeals pending before this Court, and, under applicable bankruptcy law, the Court may properly reinstate the appeals. *Id.*

For these reasons, Appellee Luminant Mining Company LLC requests that the Court reinstate these appeals.


Respectfully submitted,

**Jackson, Sjoberg, McCarthy & Townsend, LLP**

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 11614500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin, Texas  78701
(512) 472-7600
(512) 225-5565 FAX

By:  ___/s/ David E. Jackson___
　　　David E. Jackson
　　　State Bar No. 10458500

ATTORNEYS FOR APPELLEES
LUMINANT MINING COMPANY LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion to Reinstate was sent via the following method, to the following parties on this the 18th day of June, 2015.

Billie J. Murphy Tremble
2806 Evans Street
Marshall, TX 75670
Via regular mail and
Certified Mail, RRR
70141200000120432610

Sharon Tremble Donaldson
2010 Wineberry Dr .
Katy, TX  77450
Via regular mail and
Certified Mail, RRR
70141200000120432627

Selia Tremble Shawkey
712 South 37th Street
San Diego, CA  92113
Via regular mail and
Certified Mail, RRR
70141200000120432634

Wilmer Forrest Tremble, Jr.
3614 Sheldon
Pearland, TX  77584
Via regular mail and
Certified Mail, RRR
70141200000120432641

_/s/ David E. Jackson_____
David E. Jackson

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Energy Future Holdings Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): **See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **46-2488810** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza<br>1601 Bryan Street<br>Dallas, Texas**<br>ZIP CODE **75201** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: **Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other: **Energy** | ☐ Chapter 7      ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-10,000 | ☐<br>10,001-25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-100,000 | ☒<br>Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,000 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☒<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☒<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                                     Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Energy Future Holdings Corp.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:  **See attached Schedule 1** | Case Number: | Date Filed: |
| District:  **District of Delaware** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒    Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No, and Exhibit C is attached with further comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                  Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Energy Future Holdings Corp. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____ Signature of Debtor | X _____ (Signature of Foreign Representative) |
| X _____ Signature of Joint Debtor | _____ (Printed Name of Foreign Representative) |
| _____ Telephone Number (if not represented by attorney) | _____ Date |
| _____ Date | |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X */s/ Daniel J. DeFranceschi* Signature of Attorney for Debtor(s) **Daniel J. DeFranceschi (No. 2732)** Printed Name of Attorney for Debtor(s) **Richards, Layton & Finger, P.A.** Firm Name **920 North King Street, Wilmington, DE 19801** Address **(302) 651-7700** Telephone Number April 29, 2014 Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that:(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Authorized Individual **Anthony R. Horton** Printed Name of Authorized Individual **Senior Vice President, Treasurer and Assistant Secretary** Title of Authorized Individual April 29, 2014 Date | _____ Address X _____ Signature _____ Date Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Rider 1 to Energy Future Holdings Corp. Voluntary Petition

All other names used by the Debtor in the last 8 years:  TXU Corp.; TXU Corp; and Texas Utilities.

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC
- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

## EXHIBIT A TO VOLUNTARY PETITION

1. Energy Future Holdings Corp.'s 9.75% Senior Notes due 2019 are registered under Section 12 of the Securities Exchange Act of 1934; the SEC file number is 1-12833.

2. The following financial data is the latest publicly available information and, unless otherwise indicated, is current as of December 31, 2013:

   (a) Total assets (on a consolidated basis):  $36,446 million.

   (b) Total liabilities (on a consolidated basis):  $49,701 million.

   (c) Debt securities held by more than 500 holders:  None.[1]

   (d) Description of equity:  Common stock.

       (i) Shares of common stock outstanding:  1,669,861,382[2]

3. Brief description of Energy Future Holdings Corp.'s business:

   EFH Corp. is a Dallas, Texas-based energy company with a portfolio of competitive and regulated energy businesses in Texas. EFH Corp. is a holding company conducting its operations principally through its Texas Competitive Electric Holdings Company LLC and Oncor subsidiaries. Collectively with its operating subsidiaries, EFH Corp. is the largest generator, retailer and distributor of electricity in Texas.

---

[1] Energy Future Holdings Corp. ("EFH Corp.") does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.

[2] This figure is current as of April 29, 2014.

4.  List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

| Title of Class of Shares | Name of Holder | Approximate Number of Shares | Percentage of Ownership |
|---|---|---|---|
| Common Stock | Texas Energy Future Holdings Limited Partnership | 1,669,861,382 | 99.27% |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | Case No. 14-_____ (___) |
| Debtor. | (Joint Administration Requested) |
| Tax ID: 46-2488810 | |

## EXHIBIT C TO VOLUNTARY PETITION

1.  Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | Case No. 14-_____ (___) |
| Debtor. | (Joint Administration Requested) |
| Tax ID: 46-2488810 | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Texas Energy Future Holdings Limited Partnership | 99.27% |

### DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | Case No. 14-_____ (___) |
| Debtor. | (Joint Administration Requested) |
| Tax ID: 46-2488810 | |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Energy Future Holdings Corp. | Texas Energy Future Holdings Limited Partnership and EFH Corp. directors and employees. | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | Texas Energy Future Holdings Limited Partnership (99.27%); and EFH Corp. directors and employees (0.73%). |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: April 29, 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

## ENERGY FUTURE HOLDINGS CORP. (THE "COMPANY")
## BOARD OF DIRECTORS RESOLUTIONS
## APRIL 28, 2014

### Item 1. Restructuring Update

Effective as of this 28th day of April 2014, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of Energy Future Holdings Corp., a Texas corporation (the "Company"), took the following actions and adopted the following resolutions:

#### Chapter 11 Filing

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

#### Restructuring Support Agreement

WHEREAS, some members of the Board of Directors are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Board of Directors would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable;

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Board of Directors acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by Section

21.418(b)(2) of the TBOC, Section 101.255(b)(2) of the TBOC, or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

### Retention of Professionals

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed

2

an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers Watson & Co. as compensation consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to

employ the firm of PricewaterhouseCoopers LLP as internal auditing advisor and information security consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax auditing advisors and information technology consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to ~~employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy~~ Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

### Debtor-in-Possession Financing

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "TCEH DIP Credit Agreement") among Texas Competitive Electric Holdings Company LLC, as Borrower, Energy Future Competitive Holdings Company LLC, as Parent Guarantor, the various lenders from time to time parties thereto as Lenders, Citibank N.A. or its successor as Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Texas Competitive Electric Holdings Company LLC.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "EFIH First Lien DIP Credit Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Borrowers, the various lenders from time to time parties thereto, as Lenders, Deutsche Bank AG, as Collateral Agent and Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC..

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Second Lien Subordinated Secured Debtor-in-Possession Note Purchase Agreement (the "EFIH Second

4

Lien DIP Note Purchase Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Co-Issuers, the lending institutions from time to time parties thereto as Purchasers, and the Administrative Agent and Collateral Agent for the Purchasers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the TCEH DIP Credit Agreement, the EFIH First Lien DIP Credit Agreement, or the EFIH Second Lien DIP Note Purchase Agreement, as applicable.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**ENERGY FUTURE HOLDINGS CORP.**
**ASSISTANT SECRETARY'S CERTIFICATION**

The undersigned, Betty R. Fleshman, Assistant Secretary of Energy Future Holdings Corp. (the "Company"), a Texas corporation, hereby certifies as follows:

1. I am the duly qualified and elected Assistant Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolution of the board of directors of the Company (the "Board of Directors"), duly adopted at a properly convened meeting of the Board of Directors on April 28, 2014, by the members constituting a majority of the votes of a quorum of the directors there present, in accordance with the bylaws of the Company.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 28th day of April, 2014.

_____
Betty R. Fleshman,
Assistant Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

  The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim [2] |
|---|---|---|---|
| 1 LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>Attn:    Frank Godino - Vice President<br>Addr:    400 Madison Avenue - Suite 4D<br>New York, NY  10017<br>USA<br>Phone:    (646) 747-1251<br>Fax:    (212) 750-1361<br>Email:    frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:    Law Debenture Trust Company<br>of New York<br>Attn:    Daniel A. Lowenthal - Counsel<br>1133 Avenue of the Americas<br>New York, NY  10036<br>USA<br>Phone:    (212) 336-2720<br>Fax:    (212) 336-1253<br>Email:    dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| 2 AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC<br>Attn:    Paul Kim - General Counsel<br>Addr:    6201 15TH Avenue<br>Brooklyn, NY  11219<br>USA<br>Phone:    (718) 921-8183<br>Fax:    (718) 331-1852<br>Email:    pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re:  American Stock Transfer and Trust<br>Company, LLC<br>Attn:    Amelia M. Charamba - Counsel<br>Addr:    100 Summer Street<br>Boston, MA  02110<br>USA<br>Phone:    (617) 345-1041<br>Fax:    (866) 244-1527<br>Email:    acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]    With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn:    Laura Roberson - Vice President<br>Addr:    2 South Broadway<br>Suite 600<br>St Louis, MO  63102<br>USA<br>Phone:  (314) 612-8484<br>Fax:      (314) 612-8499<br>Email:   laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re:  UMB Bank, N.A.<br>Attn:    Harold L Kaplan, Mark F Hebbeln - Counsel<br>Addr:    321 N Clark Street, Suite 2800<br>Chicago, IL  60654<br>USA<br>Phone:  (312) 832-4393, (312) 832-4394<br>Fax:      (312) 832-4700<br>Email:   hkaplan@foley.com, mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON TRUST COMPANY<br>Attn:    Rafael Martinez - Vice President - Client Service Manager<br>Addr:    601 Travis Street<br>Houston, TX  77002<br>USA<br>Phone:  (713) 483-6535<br>Fax:      (713) 483-6954<br>Email:   rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn:    Thomas Vlahakis - Vice President<br>Addr:    385 Rifle Camp Road<br>3rd Floor<br>Woodland Park, NJ 07424<br>USA<br>Phone:  (973) 247-4742<br>Fax:      (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn:    Michael Puryear - General Counsel<br>Addr:    3302 S W.W. White Rd<br>San Antonio, TX  78222<br>USA<br>Phone:  (210) 648-1111<br>Fax:      (210) 648-0079<br>Email:   michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

3

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn:  Peter O. Hansen - General Counsel<br>Addr:  1460 W. Canal Court<br>          Littleton, CO  80120<br>          USA<br>Phone:  (303) 962-1977<br>Fax:  (303) 962-1970<br>Email:  peter.hansen@ada-cs.com;<br>          info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn:  Carlos M. Hernandez - Executive<br>          Vice President, Chief Legal Officer<br>          and Secretary<br>Addr:  6700 Las Colinas Blvd<br>          Irving, TX  75039<br>          USA<br>Phone:  (469) 398-7000<br>Fax:  (469) 398-7255<br>Email:  carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn:  Roger Nober - Executive VP, Law<br>          and Corporate Affairs<br>Addr:  2650 Lou Menk Drive<br>          Fort Worth, TX  76131<br>          USA<br>Phone:  (817) 352-1460<br>Fax:  (817) 352-7111<br>Email:  roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn:  Raghu Raman Lakshmanan - General<br>          Counsel<br>Addr:  330 Potrero Avenue<br>          Sunnyvale, CA  94085<br>          USA<br>Phone:  (408) 523-8331<br>Fax:  (408) 733-0482<br>Email:  rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn:  Richard E. Chandler, Jr. - President<br>          and Chief Executive Officer<br>Addr:  c/o CB&I - One CB&I Plaza<br>          2103 Research Forest Drive<br>          The Woodlands, TX  77380<br>          USA<br>Phone:  (832) 513-1000<br>Fax:  (832) 513-1094<br>Email:  richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn: Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr: 1000 Westinghouse Drive, Suite 572A Cranberry Township, PA 16066 USA<br>Phone: (724) 940-8323<br>Fax: (724) 940-8518<br>Email: holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn: Mark Schroeder - Senior Vice President and Deputy General Counsel<br>Addr: 1111 Louisiana Street Houston, TX 77002 USA<br>Phone: (713) 207-7053<br>Fax: (713) 207-9233<br>Email: mark.schroeder@centerpointenergy. com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn: Kalyn Asher - President<br>Addr: 15303 Dallas Parkway, Suite 1300 Addison, TX 75001 USA<br>Phone: (214) 580-8750<br>Fax: (972) 732-1161<br>Email: kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn: Keith Debault - President<br>Addr: 855 E US Highway 79 Rockdale, TX 76567 USA<br>Phone: (512) 446-7011<br>Fax: (512) 446-7195<br>Email: keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn: Karlos Courtney - Owner<br>Addr: 2617 US Hwy 79N Carthage, TX 75633 USA<br>Phone: (903) 694-2911<br>Fax: (903) 694-2921<br>Email: karloscourtney@courtneyconstruct ion.com | Trade | Unliquidated | $2,640,695 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn: Christopher Ranck - Vice President and General Counsel<br>Addr: 4400 N Alafaya Trl<br>Orlando, FL 32826<br>USA<br>Phone: (407) 333-2476<br>Fax: (972) 550-2101<br>Email: chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn: David Koch - CEO & President<br>5501 Foundation Blvd<br>Evansville, IN 47725<br>USA<br>Phone: (812) 467-1000<br>Fax: (812) 429-9425<br>Email: sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn: R Scott Hopkins - President<br>Addr: 5910 N. Central Expy.<br>STE 1380<br>Dallas, TX 75206<br>USA<br>Phone: (214) 987-0257<br>Fax: (214) 987-0670<br>Email: msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn: Sonia Jasman - President<br>2 Campus Drive<br>Parsippany, NJ 07054-4400<br>USA<br>Phone: (973) 267-5300<br>Fax: (973)-397-2491<br>Email: contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn: Guillermo Montano - Chief Executive Officer<br>Addr: 18 Calle 25-85 Z.10<br>Torre Transactel Pradera<br>Guatemala City,<br>Guatemala<br>Phone: 011 502 2223-0000<br>Fax: 011 502 2223 0004<br>Email: gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn: Mike Merritt - President<br>Addr: 201 Estes Dr<br>Longview, TX 75602-6100<br>USA<br>Phone: (903) 757-2656<br>Fax: (903) 757-8864<br>Email: Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn: Max W. Laun - Vice President and General Counsel<br>Addr: 201 Isabella Street<br>Pittsburgh, PA 152195858<br>USA<br>Phone: (412) 553-4569<br>Fax: (412) 553-4064<br>Email: max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn: Michael Hoehn - President<br>9230 East 47th Street<br>Kansas City, MO 64133<br>USA<br>Phone: (816) 356-0660<br>Fax: (816) 356-5730<br>Email: michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn: Jack Carmody - President<br>Addr: 5222 Thunder Creek Road<br>Austin, TX 78759<br>USA<br>Phone: (512) 343-9613<br>Fax: (512) 343-9618<br>Email: jack.carmody@rangerexcavating.com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn: John L. Howard - General Counsel<br>Addr: 100 Grainger Pkwy<br>Lake Forest, IL 60045<br>USA<br>Phone: (847) 535-1000<br>Fax: (847) 535-0878<br>Email: john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn: Malcolm Clevenstine - President and CEO<br>Addr: 607 Fisher Rd<br>Longview, TX 75604<br>USA<br>Phone: (903) 295-1011<br>Fax: (903) 295-1982<br>Email: info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn:  Gary Bernardez - President<br>Addr:  2106 Anderson Road<br>Greenville, SC  29611<br>USA<br>Phone:  (864) 295-7800<br>Fax:  (864) 295-7962<br>Email:  gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn:  Isabelle Roux-Chenu - International Legal Affairs<br>Addr:  623 Fifth Ave 33rd Floor<br>New York, NY  10022<br>USA<br>Phone:  (212) 314-8000<br>Fax:  (212) 314-8001<br>Email:  isabelle.roux-chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn:  Patrick Apodaca - Senior Vice President, General Counsel, Secretary<br>Addr:  414 Silver Avenue SW<br>Albuquerque, NM  87102-3289<br>USA<br>Phone:  (505) 241-2700<br>Fax:  (505) 241-4311<br>Email:  patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn:  President<br>Addr:  601 Braddock Ave<br>Turtle Creek, PA 15145<br>USA<br>Phone:  (412) 829-7500<br>Fax:  (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn:  Chuck William - SVP & General Counsel<br>Addr:  16400 College Blvd<br>Lenexa, KS  66219<br>USA<br>Phone:  (913) 888-8600<br>Fax:  (913) 492-8723<br>Email:  info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn:  Mike Wilcox - Owner<br>Addr:  2100 State Highway 31 E<br>Kilgore, TX  75662<br>USA<br>Phone:  (903) 983-2951<br>Fax:  (903) 984-0982<br>Email:  mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn:     Kenneth Pierce - Owner<br>Addr:     4324 State Hwy 149<br>            Beckville, TX  75631<br>            USA<br>Phone:   (903) 678-3748<br>Fax:      (903) 678-3896<br>Email:    kenneth@pierceconstructioninc.com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn:     Mary Perry - President<br>Addr:     440 Polaris Parkway<br>            Westerville, OH  43082<br>            USA<br>Phone:   (614) 844-3973<br>Fax:      (614) 436-6640<br>Email:    mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn:     Wayne Yost, Owner - President<br>Addr:     815 N Main Street<br>            Wrens, GA  30833<br>            USA<br>Phone:   (706) 547-6554<br>Fax:      (706) 547-6553<br>Email:    wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn:     David Beckman - General Counsel<br>Addr:     3102 West End Avenue<br>            Nashville, TN  37203<br>            USA<br>Phone:   (615) 301-7100<br>Fax:      (615) 301-7252<br>Email:    david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn:     John Warren May - Chief Legal Officer<br>Addr:     1991 South 4650 West<br>            Salt Lake City, UT  84104<br>            USA<br>Phone:   (801) 257-5811<br>Fax:      (801) 257-6246<br>Email:    john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn: William Wochner - Chief Legal Officer<br>Addr: 427 West 12th Street<br>Kansas City, MO 64105<br>USA<br>Phone: (816) 983-1303<br>Fax: (816) 783-1501<br>Email: wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn: Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr: 10701 S River Front Parkway<br>Suite 300<br>South Jordan, UT 84095<br>USA<br>Phone: (801) 984-9400<br>Fax: (801) 984-9410<br>Email: hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn: President or General Counsel -<br>Addr: Trent Wind Farm<br>1423 CR 131<br>Trent, TX 79561<br>USA<br>Phone: (614) 583-7035<br>Fax: (614) 583-1691<br>Email: clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn: Phil Wilson - General Manager<br>Addr: Transmission Services Corp<br>Austin, TX 78703<br>USA<br>Phone: (512) 473-3200<br>Fax: (512) 578-3520<br>Email: general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn: Clay Thomas - Chief Executive Officer<br>Addr: 9550 John W. Elliott Drive,<br>Suite 106<br>Frisco, TX 75033<br>USA<br>Phone: (214) 975-0808<br>Fax: (214) 975-0811<br>Email: cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn:    President or General Counsel<br>Addr:    2825 Cobb International Blvd NW<br>            Kennesaw, GA  30152<br>            USA<br>Phone:  (770) 429-4600<br>Fax:     (770) 429.4750<br>Email:   cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn:    Mr. Charles R. Patton - President<br>            and Chief Operating Officer<br>Addr:    1 Riverside Plaza<br>            Columbus, OH  43215-2372<br>            USA<br>Phone:  (614) 716-1000<br>Fax:     (614) 716-1823<br>Email:   Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn:    Jeff Grodel - Owner<br>Addr:    10823 N US Highway 75<br>            Buffalo, TX  75831<br>            USA<br>Phone:  (903) 322-4942<br>Fax:     (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn:    Mark Brancato - General Counsel<br>Addr:    Cement Projects Americas<br>            2040 Avenue C<br>            Bethlehem, PA  18017<br>            USA<br>Phone:  (610) 264-6011<br>Fax:     (610) 264-6170<br>Email:   Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn:    David Petty - President<br>Addr:    3163 Fm 499<br>            Cumby, TX  75433<br>            USA<br>Phone:  (903) 994-4200<br>Fax:     (903) 994-2747<br>Email:   petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn:    John Luke - General Counsel & Corp.<br>            Secretary<br>Addr:    c/o Forge Group Ltd<br>            4000 Town Center Boulevard<br>            Canonsburg, PA  15317<br>            USA<br>Phone:  (724) 754-9800<br>Fax:     (724) 754-9801<br>Email:   Info@forgegroup.com | Trade | Unliquidated | $828,978 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE)<br>Attn: Miles Cowdry - President<br>Rolls-Royce Civil Nuclear<br>Addr: 994-A Explorer Blvd<br>Huntsville, AL 35806<br>USA<br>Phone: (800) 632-5126<br>Fax: (317) 230-4699<br>Email: Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION<br>Attn: Israel Goldowitz - Office Of The Chief Counsel<br>Addr: 1200 K Street, NW<br>Washington, DC 20005-4026<br>USA<br>Phone: (202) 326-4020<br>Fax: (202) 326-4112<br>Email: Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

12

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29 2014

( Anthony R. Horton
Treasurer

**RUSK COUNTY DISTRICT COURT**

**RUSK COUNTY, TEXAS**

**PETITION TO SUE**

**FILED**

2014 DEC 12  AM 9: 53

CO... .... T.. .Y
RUSK COUN I Y DISTRICT CLERK

BY_____DEPUTY

| | |
|---|---|
| Billie Murphy Tremble | ) CASE NO. : 2014-402 |
| Sharon Tremble Donaldson | ) |
| Selia Tremble Shawkey | ) COMPLAINT FOR: |
| Wilmer Forrest Tremble, Jr. | ) |
| Plaintiff | ) Violation of Our Rights to Ownership |
| | ) Pain and Suffering |
| | ) Emotional Distress |
| Vs. | ) |
| Luminant Mining Company LLC | ) |
| Energy Future Holdings Corporation | ) |
| and Subsidiaries | ) |
| Defendant | ) |
| Respondent | ) |

**ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff's Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr. "The Tremble Family" aka "The Estate of Wilmer F. Tremble, Sr. " files this petition complaining of Defendant Luminant Mining Company LLC and its subsidiaries the support respectfully shows:

The inherited property located in Rusk County, Texas the legal description of the land described in three tracts is as follows:

1

Tract One: **65.00** acres of land, more or less, being the same land described in a Deed dated November 17, 1900 from Ollie Brooks, et ux to W. M. Pollard, recorded in Volume 51, Page 88 of the Deed of Records of Rusk County, Texas.

Tract Two: **37.46** acres of land, more or less, being the same land described in that certain conveyance dated November 30, 1934 from Bessie Elizabeth Strong, et al to Emma Pollard, recorded in Volume 384, Page 464 of the Deed Records of Rusk County, Texas.

Tract Three: **26.00** acres of land, more or less, located in the Delores Cortinas Survey, A-160 Rusk County, Texas, being the same land set aside to Bessie Barr in that certain Rusk County District Court Cause # 19143 styled Amelia Bolding, et al -vs- Willie Barr, et al.

I.

INTRODUCTION

**We ask permission of the court to present this as a hostile case, the facts are somewhat complicated; thus, here are the details:**

The Plaintiff(s) will expose the fraudulent possession of heir property the support respectfully shows. Id. at 751, sec C Tex. RC1V+166d. We are raising a genuine issue of the material fact. The Defendant concealed pertinent information from Plaintiff(s) resulting in this Law Suit.

It was deliberate that the content of each conversation with any Luminant representative differed from the previous representative. In reference to our inherited property, it appears the company is exercising Eminent Domain. In August 2012, the Texas Supreme Court Reinforces Denbury Decision on Eminent Domain. Again. For the third time, The Texas Supreme Court has ruled against a pipeline company's use of eminent domain. The farmer, "Mike Latta, argued that

2

the pipeline wasn't in the public's interest, as it was a private pipeline that would only be used by one company". There can be no taking of private of property against the will of the owner without legislative directive. The Supreme Court of Texas agreed. No. And the decision still stands.

The Defendant withheld and concealed pertinent information from Plaintiff(s). Nottingham Brick & Title Co. v. Butler (1889) 16 QBD 778. We by law did not and were not previe to pertinent information. All ten heirs associated with the said land in Rusk County, Texas have been deceived by the Defendant and its representatives. Smith v. Land & House Property Corp. (1884) 28 Ch D 7. It holds that a statement of opinion can represent that one knows certain facts, and therefore one may have still made a misrepresentation. Numerous questions have been asked and never answered, nor addressed, just ignored.

II.

CAUSE OF ACTION

In 2009 the Defendants approached the Plaintiff(s) with the intent to mine the "Liberty Mine Project" the above described inherited property located in Rusk County, Texas. The Defendant's representatives failed to fully disclose information regarding the Liberty Mine project. The Plaintiff(s) asked for "full disclosure" on several occasions. The Defendants fail to answer in writing, which is the only acceptable response since the Respondent stated over the years their preference in communicating is Verbal Agreement.

On November 26, 2013 at 4:00 P. M. (CST), the Tremble Sister's engaged in a good faith conference call with the Defendant's attorneys and representatives, in summation they agreed to keep "the lines of communication open." A few days later, the Plaintiff(s) received a letter dated Dec. 6, 2013, regarding a claim by Luminant to interest in 70 acres of timber more or less (refer to Exhibit A). In that conversation on November 26th the Defendants attorneys explained their client

3

only has an interest in the coal and lignite; however, in lieu of the Dec 6, 2013 letter this is a false statement.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

The Respondent is claiming ownership to anything of value in and on the property. The Deeds and ownership information are in Rusk County Court House, Rusk County Clerk Office and in the Rusk County Appraisal District reflect 100% ownership in the property by Defendants (Exhibit B, C and D). The Defendant has again confused the issue do they have an interest or an ownership?

On December 14, 2013 the Tremble Family was served with Plaintiff's Original Petition And Request For Disclosure. The originating date for the document is November 26, 2013, the same day the Defendants spoke with the Plaintiffs and agreed to "keep the lines of communication open." They deceived us in believing they were working with us not against us. The Plaintiff(s) were served the following petition number's 2013-390; 2013-391 and 2013-392.

The **Uniform Partition of Heirs Property Act (UPHPA)** helps to solve the problem while preserving a co-tenant's right to sell his or her share of property. It is important to note that the act only applies to heir property – one or more co-tenants must have received his or her property interest from a relative – and only when there is no written agreement governing partition among the owners. If both of those conditions exist, the act requires certain protections when a co-

4

tenant files for a partition order. The Defendant **did not** take the appropriate steps to be compliant with the law.

1. The co-tenant requesting the partition must give notice to all of the other co-tenants.
2. The court must order an independent appraisal to determine the property's value; the **court** must hold a hearing to consider evidence.
3. Any co-tenant (except the co-tenant(s) requesting partition by sale may buy the interest of the co-tenant seeking partition for a proportional share of the court – determined fair market value. The **co-tenants have 45 days to exercise their right of first refusal, and if exercised, another 60 days in which to arrange for financing**. If more than one co-tenant elects to buy the shares of the co-tenant(s) seeking partition, **the court** will pro-rate the sellers shares among the buyers according to their existing fractional ownership percentages.
4. If no co-tenant elects to purchase shares from the co-tenant(s) seeking partition, the court must order a partition in-kind will result in great prejudice to the co-tenants as a group. UPHPA specifies the factors a court must consider when determining whether partition in-kind is appropriate.
5. If partition-in-kind is inappropriate and the court orders a partition-by-sale, the property must be offered for sale on the open market at a price no lower than the court determined valued for a reasonable period of time and in a commercially reasonable manner. If an open market sale by sealed bids or by action would be more economically advantages for the co-tenants as a group the court may order a sale by one of those methods.

Conclusion:

In summary, the Uniform Partition of Heirs Property Act preserves the right of a co-tenant to sell his or her interest in inherited real estate, while ensuring that the other co-tenants will have the necessary due process to prevent a forced sale: notice, appraisal and right of first refusal. **The Defendant and the other heirs did not comply with the Uniform Partition of Heirs Property Act as it pertained to the Plaintiff(s) rights.** If the other co-tenants do not exercise their right to purchase property from the seller, the court must order a partition-in-kind if feasible, and if not, a

5

commercially reasonable sale for fair market value. **This constitutes a violation of the Plaintiff's Civil Rights and Constitutional Rights they were excluded from due process of law.**

III.

FACTUAL ALLEGATIONS

The Defendant did not have the right to prepare deeds for the heir property, for example: The record shows Emma Jean Trimble Smith aka Emma Jean Tremble Smith, deeded the property in a Cash Warranty Deed 00102067 Vol: 3053 PG. 623 reads: "Grantor specifically conveys all coal and lignite lying in, on, and under the above described lands together with the right of ingress and egress." The Defendant states in the Plaintiff's REPLY TO THE FAMILY'S SUMMARY JUDGMENT RESPONSE in reference to the Deed and it reads: The Respondent wrote, "Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deeds words, "all of my undivided interest" in the Property. She did not convey or purport to convey any interest in the Property greater than she owned" (Exhibit E, page 4). There is a reference to Ms. Smith's Cash Warranty Deed, under LUMINANT MINING TRACT 1343 IN AREA 361 it reads as follows: "**All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 37.46 acre tract of land in a Declaration of Unit dated February 17, 1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas."

The next section LUMINANT MINING TRACT 1344 IN AREA 361 reads as follows: "**All** that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being **all** of that certain called 65 acre tract of land described in an deed dated November 17, 1900, from Ollie Brooks, et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 88." **The Cash Warranty Deed was notarized on December 13, 2010 by Russell Davis contract Landman for Luminant Mining Company** (Exhibit F). Ms. Smith fraudulently deeded **All** the acreage to the Defendant and is documented in the Rusk County Clerk Office, Rusk County Appraisal District and the Court House in

6

Rusk County, Texas the deeding was on December 16, 2010 ( Exhibit B and C) included was the deeding of 65.00 acres, the original owner W.M. Pollard and 37.46 (33.094) acres originally owned by Emma Pollard; and on December 21, 2010 the deeding of Bessie Barr ET AL's 26 (25.326) acres (see Exhibit D). Keep in mind the other heirs had no knowledge of any transactions that occurred with Ms. Smith's Cash Warranty Deed and the Defendant's part in this illegal act. TD/B/C. 2/AC. 1/7, p.11, para. 9. The traditional **Most Favoured Nations** principle is designed to establish equity in treatment. **Emma Jean Trimble Smith aka Emma Jean Tremble Smith is not nor has she ever been the Executor of the Estate, Administrator, nor the Trustee. The deed and the concealed records are all fraudulent** (refer to Exhibit B, C, D and F).

Fraudulent Inducement:

To establish fraud, a claimant must prove: (1) that a material representation was made; (2) that the representation was false; (3) that, when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion; (4) that the speaker made it with the intention that it should be acted upon by the claimant; (5) that the claimant acted in reliance upon it; and (6) that the claimant thereby suffered injury. Id. at 265-66. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.1998). "Unfair methods of competition or unfair and deceptive acts or practices prohibited." Haase v. Glazner, 62 S.W.3d 795, 798 (Tex.2001). Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.

**A Right of Possession Under Contract** is when an individual acquires a right to possess a property under contract. **He has an ownership interest, but he only has the right to occupy or possess the property with restriction.** For instance, if an individual has been granted a right to possess a certain property under contract, such as a land contract, he has a right to occupy the property according to the terms of the contract. He has no right to utilize the property in any way that confers any right to possess the land to sell the land to another. **Therefore, although he has a right to possess the land, his interest in the land does not expand to any right to sell or convey the land.**

7

**The Plaintiff (s) have no verbal nor written contract with the Defendant(s) or any other parties to this matter.**

The Plaintiff(s) Mineral Deed and Addendum are important in establishing ownership of the Coal and Lignite Mineral Rights (Exhibit G). The Addendum includes coal and lignite deeded to Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (Exhibit H). **In Surface Rights Vs. Mineral Rights as a Priority** "minerals cannot be extracted without disturbing the surface of land, mineral rights supersede surface rights, and the mineral rights holder can do whatever it takes to extract the minerals".(eHow)

These property rights can be stated in the following way: Mineral lessees can use as much of the surface as is necessary for mineral exploration and production. This privilege springs from the executed mineral lease. Independent permission from the surface owner is not necessary. (Minerals, Surface Rights and Royalty Payments).

**Whether the surface and mineral estates are severed or united, the rule in Texas is to the benefit and use of the mineral owner.** Otherwise, the mineral owner could not enter on the surface to explore for and produce the minerals. (Minerals Surface Rights and Royalty Payments). In Ms. Smith's Cash Warranty Deed (Exhibit F), the Defendant purchased the surface and included in the deed all rights to the coal and lignite. When the Plaintiff(s) were approached, they were offered a flat fee, below market value for the inherited land, no mention was made by Defendant of the coal or lignite. This arrangement was not of benefit to the land owner or the mineral owner, the benefit was to the Defendant and one heir Emma Jean Trimble Smith aka Emma Jean Tremble Smith.

Consider Oil and gas they are the most common mineral that bring value to property in Texas. However, **the definition of a mineral is broader than oil and gas and can include uranium, sulfur, lignite, coal,** and any other substance that is

ordinarily and naturally considered a mineral. (Legal FAQs for Realtors-Contracts and Forms, Mineral Interests.

Land ownership is a vital asset to all communities. **Within the last century, African-American land ownership has rapidly declined.** Comparing the U.S. Agriculture Census data on African-American farmland ownership for 1910 and 1997, it shows a drastic decline from its peak of 15 million acres in 1910 to 2.4 million acres in 1997. A recent study estimated that in the early 20th century, rural landownership among African-American farmers and non-farmers was between 16 and 19 million acres (Gilbert, J., 2002). The 1999 Agricultural Economics and Land Ownership Survey (AELOS), which assessed private rural landownership across race and use (i.e. farming, forestry, etc.), found that there are currently 68,000 African-American rural landowners and they own a total of approximately 7.7 million acres of land, less than 1% of all privately owned rural land in the United States. (Agricultural Economics Land Ownership Survey-AELOS, 1999). Sixty percent (60%) of which is owned by non-farmers. (AELOS, 1999). However, this acreage is valued at $14 billion. (AELOS, 1999). With rural landownership clearly being a significant economic resource base in the African-American community controls, why do African-Americans continue to lose their land?

The Federation has identified 7 common causes of African-American land loss:

In December 2001, the Associated Press released a series of articles entitled "Torn From the Land" which documents the history of African American land loss in the South. These articles chronicle the Violence, exploitation and injustice African-Americans in the south endured in an effort to become and remain landowners. Investigators for the series interviewed more than 1,000 people and examined public records. Their research found 107 documented land takings in 13 Southern and border states. Their findings were extraordinary. From 107 documented cases, more than 24,000 acres of farm and timber land were taken, including smaller properties like stores and city lots. Further, over half the documented cases were **violent** land takings (57), and the others involved **trickery** and **legal exploitation**. From the senseless murders of African-American landowners, to public sale of family land. African American land ownership has rapidly declined in the 20th Century and continues to steadily decline in the 21st Century". Pigford I (Brewington et al 1997. Smith v. Baker, 380 S.W. 2d 725(Tex. App. 1964)

The Plaintiff(s) are owed compensation for the 5 years of harassment. The stealing of the property by the Defendant aided by co-conspirator Emma Jean Trimble Smith aka Emma Jean Tremble Smith with little to no communication from either party. The limited and concealed information constitutes a blatant disregard for the Civil Rights and Constitutional Rights of the Plaintiff(s). The Defendant is making every effort to coerce the Plaintiff(s) to comply with their agenda. The Plaintiff(s) feels intimidated and threatened; by the aggressive tactics used by the Defendant.

**The Tremble Family request the court award us Recison and damages.**

It is our **prayer** that the HONORABLE COURT will come to our rescue and not allow our inherited property to become a statistic of African American landowners who have their property rights "steamrolled" by large corporation looking to make billions off the properties assets, while the landowners are paid little to nothing. It is our prayer that the law will return to us that which has been taken by illegal force. That the awarded relief of $60 million is granted as damages for fraud and the breach of express and implied covenants; illegal deeding of property; denied timber rights; concealed documents in the County Clerk's Office and in the Court House in Rusk County, Texas. **The Plaintiff(s) request a trial by jury.** Also including all attorneys' fees, travel expenses, accommodations, pre-judgment and post-judgment interests, cost of suit; that the Plaintiff(s) may show itself justly entitled. We request full disclosure of any and all revenue earned off the land.

All these things are evident of a denial of justice and civil rights. Elements connected with the government have systematically denied African Americans their land rights. It is time for multiple wrongs to be made right and that all men can unequivocally say there is equality in the United States of America. The Declaration of Independence says, "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the Pursuit of Happiness". The Virginia Declaration of Rights, authored by George Mason and

approved by the Virginia Convention on June 12, 1776, contains the wording: "all men are by nature equally free and independent, and have certain inherent rights of which ... they cannot deprive or divest their posterity; namely, the enjoyment of life and liberty, **which means of acquiring and possessing property, and pursuing and obtaining happiness and safety.**"It is imperative the laws of this land protect the property of the disenfranchised and no individual nor heir should lose their property due to trickery or greed.

**Exhibit 3**

**IN THE
COURT OF APPEALS
SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS**

---

Nos. 06-15-0004-CV, 06-15-0005-CV,
& 06-15-0006-CV

---

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
CELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court Nos. 2013-390, 2013-391, and 2013-392

---

## AFFIDAVIT OF MARC O. KNISELY

STATE OF TEXAS              §
                           §
COUNTY OF TRAVIS           §

Marc O. Knisely, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.      My name is Marc O. Knisely.  I am one of the attorneys representing Luminant Mining Company, LLC ("Luminant") in the above-referenced appeals, and I am one of the attorneys who represented Luminant as Plaintiff in these cases in Rusk County District Court.  I also am one of the attorneys for Defendants Luminant and Energy Future Holdings Corporation in the lawsuit filed by Billie Murphy Tremble,

Sharon Tremble Donaldson, Celia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family") as Plaintiffs in District Court Cause No. 2014-402, now pending in Rusk County District Court ("the Tremble Suit").

2.     The Tremble Family filed the Tremble Suit on December 12, 2014. Exhibit 2 to Luminant Mining Company, LLC's Motion to Reinstate Appeals is a true and correct copy of the Tremble Family's petition filed in the Tremble Suit.

3.     On January 8, 2015, my law firm filed a Notice of Suggestion on Pendency of Bankruptcy ("Notice of Bankruptcy") on behalf of Luminant and Energy Future Holdings Corporation in the Tremble Suit. The Tremble Family filed a copy of that same Notice of Bankruptcy in these appeals.

Further, affiant sayeth not.

Marc O. Knisely

STATE OF TEXAS           §
                         §
COUNTY OF TRAVIS         §

This instrument was acknowledged before me on the 18th day of June, 2015, by Marc O. Knisely.

CAREY A. HENDERSON
MY COMMISSION EXPIRES
April 7, 2018

Notary Public, State of Texas

2

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

| Name of Debtor: Luminant Mining Co., LLC | Case Number: 14-10979 (CSS) |
|---|---|

NOTE: Do not use this form to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address where notices should be sent:**

Billie Murphy Tremble
P.O. Box 541
Marshall, Texas
75671

Telephone number: 903.938.6829     Email: billie.tremble@yahoo.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

**Filed on:** _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**Name and address where payment should be sent (if different from above):**

Telephone number:     Email:

**COURT USE ONLY**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**1. Amount of Claim as of Date Case Filed:** $ 20 million

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2. Basis for Claim:** Fraudulent possession of heir property.
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
☑ Real Estate     ☐ Motor Vehicle     ☐ Other

Describe: Minerals; coal lignite
Value of Property: $ See Addendum
Annual Interest Rate ____% ☐ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**
$ _____

Basis for perfection: _____

Amount of Secured Claim: $ _____

Amount Unsecured: $ See Addendum

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____     (See instruction #6)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8 and definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: The expenses have been incurred over a five year period.

**9. Signature: (See instruction #9)** Check the appropriate box:
☑ I am the creditor.     ☐ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)
(Attached a copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____
Company: _____
(Signature)
(Date)

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ADDENDUM

# TO

# PROOF OF CLAIM

A 100 acre property is underlined by coal and the lignite seam that is within 5-8 feet thick. The owners should agree to royalty of $3 a ton which is paid upon extraction. The rate of the lease to be paid is $4 million dollars according to geology.com under fee simple complete ownership.

According to the Geologist Study at the University of Texas in 2012 all families with oil and gas minerals on the property are to be compensated $100,000 a year for non use of the gas wells.  Over the 5 year period that Luminant has tied up the undivided heir property; each mineral owner is due $500,000.00.

The restoration of the land, homestead, barn, vehicles (2 trucks, 1 car, tractors, trailers) requires payment by Luminant Mining Company, LLC.

We experienced the inability to use the property for farming from 2010 – 2015 equals a loss of income. There is livestock, poultry, dairy, produce, bush hogging, hunting are all immeasurable.

The Tremble Family incurred several expenses while disputing ownership with Luminant Mining Company LLC. There are legal fees, filing fees, consultations, research, phone calls, Federal Express documents, postal fees, copies, transportation.

Luminant filed fraudulent Deeds and Claims against real property located in the Court House in Rusk County, Texas. Luminant is held liable in Civil District Court for greater of $10,000 fine for the filing. In addition, there are punitive damages exemplary and recovery damage due each heir.

The trees on the land are mature trees that are 25 – 35 years old. They are pine trees which bring top dollar stumpage price.

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since

2009 seeking to possess undivided inherited, heir property. **The Tremble Family request the court award Reverse and Render, damages, and loss of income.**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

| Name of Debtor: Luminant Mining Co., LLC | Case Number: 14-10979 (CSS) |
|---|---|

Name and address where notices should be sent:

Sharon Tremble Donaldson
2010 Wineberry Dr.
Katy, Texas 77450

Telephone number: 281.206.8400     Email: donaldson_sharon@live.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
_(If known)_ _____

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:     Email:

**COURT USE ONLY**

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $12,475,) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**1.   Amount of Claim as of Date Case Filed:**   $ 20 million
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.   Basis for Claim:** Fraudulent possession of heir property
(See instruction #2)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a)

**4.   Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
☐ Real Estate     ☐ Motor Vehicle     ☐ Other
Describe: Minerals on property : coal/lignite
Value of Property: $ See Addendum
Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $ See Addendum

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____     (See instruction #6)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: These expenses have been incurred over a 5 year period.

**9.   Signature: (See instruction #9)** Check the appropriate box:
☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____     (Signature)
Company: _____     (Date)

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ADDENDUM

# TO

# PROOF OF CLAIM

A 100 acre property is underlined by coal and the lignite seam that is within 5-8 feet thick. The owners should agree to royalty of $3 a ton which is paid upon extraction. The rate of the lease to be paid is $4 million dollars according to geology.com under fee simple complete ownership.

According to the Geologist Study at the University of Texas in 2012 all families with oil and gas minerals on the property are to be compensated $100,000 a year for non use of the gas wells. Over the 5 year period that Luminant has tied up the undivided heir property; each mineral owner is due $500,000.00.

The restoration of the land, homestead, barn, vehicles (2 trucks, 1 car, tractors, trailers) requires payment by Luminant Mining Company, LLC.

We experienced the inability to use the property for farming from 2010 – 2015 equals a loss of income. There is livestock, poultry, dairy, produce, bush hogging, hunting are all immeasurable.

The Tremble Family incurred several expenses while disputing ownership with Luminant Mining Company LLC. There are legal fees, filing fees, consultations, research, phone calls, Federal Express documents, postal fees, copies, transportation.

Luminant filed fraudulent Deeds and Claims against real property located in the Court House in Rusk County, Texas. Luminant is held liable in Civil District Court for greater of $10,000 fine for the filing. In addition, there are punitive damages exemplary and recovery damage due each heir.

The trees on the land are mature trees that are 25 – 35 years old. They are pine trees which bring top dollar stumpage price.

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since

2009 seeking to possess undivided inherited, heir property. **The Tremble Family request the court award Reverse and Render, damages, and loss of income.**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

| Name of Debtor: | Case Number: |
|---|---|
| Luminant Mining Co., LLC | 14-10979 (CSS) |

Name and address where notices should be sent:

Selia Tremble Shawkey
712 South 37th St.
San Diego, CA
            92113

Telephone number:          Email:
619.454.8123     selia.shawkey@gmail.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
_(If known)_ _____

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:          Email:

COURT USE ONLY

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $12,475,) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**1.  Amount of Claim as of Date Case Filed:**  $ 20 million
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.  Basis for Claim:** Fraudulent possession of heir property.
(See instruction #2)

**3.  Last four digits of any number by which creditor identifies debtor:** _____ _____ _____ _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a)

**4.  Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
☐ Real Estate     ☐ Motor Vehicle     ☐ Other
Describe: Minerals on property: coal/lignite
Value of Property: $ See Addendum
Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $ See Addendum

**6.  Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____ (See instruction #6)
**7.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)
**8.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. _(See instruction #8 and definition of "redacted".)_
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: The expenses have been incurred over a 5 year period.

**9.  Signature: (See instruction #9)**   Check the appropriate box:
☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their  ☐ I am a guarantor, surety, indorser, or other codebtor.
       (Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____
Company: _____
                                    (Signature)
                                    (Date)

Telephone number: _____
Email: _____

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ADDENDUM

# TO

# PROOF OF CLAIM

A 100 acre property is underlined by coal and the lignite seam that is within 5-8 feet thick. The owners should agree to royalty of $3 a ton which is paid upon extraction. The rate of the lease to be paid is $4 million dollars according to geology.com under fee simple complete ownership.

According to the Geologist Study at the University of Texas in 2012 all families with oil and gas minerals on the property are to be compensated $100,000 a year for non use of the gas wells.  Over the 5 year period that Luminant has tied up the undivided heir property; each mineral owner is due $500,000.00.

The restoration of the land, homestead, barn, vehicles (2 trucks, 1 car, tractors, trailers) requires payment by Luminant Mining Company, LLC.

We experienced the inability to use the property for farming from 2010 – 2015 equals a loss of income. There is livestock, poultry, dairy, produce, bush hogging, hunting are all immeasurable.

The Tremble Family incurred several expenses while disputing ownership with Luminant Mining Company LLC. There are legal fees, filing fees, consultations, research, phone calls, Federal Express documents, postal fees, copies, transportation.

Luminant filed fraudulent Deeds and Claims against real property located in the Court House in Rusk County, Texas. Luminant is held liable in Civil District Court for greater of $10,000 fine for the filing. In addition, there are punitive damages exemplary and recovery damage due each heir.

The trees on the land are mature trees that are 25 – 35 years old. They are pine trees which bring top dollar stumpage price.

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since

2009 seeking to possess undivided inherited, heir property. **The Tremble Family request the court award Reverse and Render, damages, and loss of income.**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

**PROOF OF CLAIM**

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

Name of Debtor: **Luminant Mining Co., LLC**

Case Number: **14-10979 (CSS)**

Name and address where notices should be sent:

**Wilmer Forrest Tramble, Jr.**
**P.O. Box 841865**
**Pearland, Texas**
**77584**

☐ Check this box if this claim amends a previously filed claim.

*Court Claim Number:*

*(If known)* _____

Filed on: _____

Telephone number: **281.384.8491**   Email: **tram455@yahoo.com**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

**COURT USE ONLY**

Telephone number: _____ Email: _____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

**1.   Amount of Claim as of Date Case Filed:**   $ **20 million**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

☐ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

**2.   Basis for Claim:** **Fraudulent possession of heir property.**
(See instruction #2)

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

**3.   Last four digits of any number by which creditor identifies debtor:** _____
   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a)

☐ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

**4.   Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**
$ _____

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( ___ ).

**Nature of property or right of setoff:**
☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: **Minerals in property: Coal/lignite**
Value of Property: $ **See Addendum**
Annual Interest Rate _____ % ☐ Fixed or ☐ Variable
(when case was filed)

**Basis for perfection:** _____
**Amount of Secured Claim:**   $ _____
**Amount Unsecured:**   $ **See Addendum**

**Amount entitled to priority:**

$ _____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____   (See instruction #6)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: **These expenses have been incurred over a five year period.**

**9.   Signature:** (See instruction #9)   Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their   ☐ I am a guarantor, surety, indorser, or other codebtor.
   (Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)
I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____   (Signature)
Company: _____   (Date)

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ADDENDUM

# TO

# PROOF OF CLAIM

A 100 acre property is underlined by coal and the lignite seam that is within 5-8 feet thick. The owners should agree to royalty of $3 a ton which is paid upon extraction. The rate of the lease to be paid is $4 million dollars according to geology.com under fee simple complete ownership.

According to the Geologist Study at the University of Texas in 2012 all families with oil and gas minerals on the property are to be compensated $100,000 a year for non use of the gas wells.  Over the 5 year period that Luminant has tied up the undivided heir property; each mineral owner is due $500,000.00.

The restoration of the land, homestead, barn, vehicles (2 trucks, 1 car, tractors, trailers) requires payment by Luminant Mining Company, LLC.

We experienced the inability to use the property for farming from 2010 – 2015 equals  a loss of income. There is livestock, poultry, dairy, produce, bush hogging, hunting are all immeasurable.

The Tremble Family incurred several expenses while disputing ownership with Luminant Mining Company LLC. There are legal fees, filing fees, consultations, research, phone calls, Federal Express documents, postal fees, copies, transportation.

Luminant filed fraudulent Deeds and Claims against real property located in the Court House in Rusk County, Texas. Luminant is held liable in Civil District Court for greater of $10,000 fine for the filing. In addition, there are punitive damages exemplary and recovery damage due each heir.

The trees on the land are mature trees that are 25 – 35 years old. They are pine trees which bring top dollar stumpage price.

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since

2009 seeking to possess undivided inherited, heir property. **The Tremble Family request the court award Reverse and Render, damages, and loss of income.**