8/27/2013

# EXHIBIT I

## The Tremble Family Expectations

Hello Manfred,

This is a recap of previous conversations including an outline of the expectations regarding the inheritance of The Tremble Family:

1. Preservation of the cemetery (Trammells Cemetery).
2. Retain Oil and Gas mineral rights.
3. Payment for the house and contents including antiques (the house was in livable condition).
4. Payment for Bessie Barr's 25.326 acres that was not ever deeded to Luminant. We should receive 100% interest in that property plus damages due to fraud. The Tremble's own 10% interest in the 102.46 acres which calculates to 10.246 acres for each family member, totaling 40.984 acres of inherited property from W.M.Pollard and Emma Barr Pollard. This negates the deed that was filed in the court house claiming Emma Jean Trimble Smith as full owner of the property. The said property was fraudulently deeded to Luminant by Ms Smith.
6. Payment for timber (mostly pine trees) loss of income, being denied the opportunity to cut the trees due to the fraudulent deed showing Luminant owning 100% of the acreage.
7. Denied the opportunity by Luminant to Bush Hog the acreage.
8. Luminant owes in excess of $80 million to The Tremble Family in addition they owe attorney's fees.
9. Payment for the mineral rights from the coal, with 10% royalty interest off the top as a result of profits made from the coal.
10. After the mining is complete the property will be returned to the original owners. The land and the house will be restored to original condition; clean water, newly planted trees, etc.

If you have any questions do not hesitate to contact us.

Respectfully yours,

Sharon Tremble Donaldson
Billie Joyce Tremble
Selia Tremble Shawkey
Wilmer Tremble, Jr.

# EXHIBIT J

December 5, 2013


Sharon Trimble Donaldson
2010 Wineberry Drive
Katy, TX  77450
281.206.8400

Selia Trimble Shawkey
712 South 37th Street
San Diego, CA 92113
619.454.8123

Jackson, Sjoberg, McCarthy & Townsend, L.L.P.
711 West 7th Street
Austin, Texas 78701-2785

Dear Mr. Jackson:

We thank you, David and the other gentlemen for taking the time to speak with Selia and me on Tuesday, November 26, 2013. We appreciate Steve Higginbotham's efficiency in sending the deeds and other information to both of us. Per our conversation, Selia and I agreed to provide you with a letter of engagement to advance toward a settlement and lease negotiation.

The letter of engagement and lease negotiation is as follows:

Cemetery untouched by law

At the end of production the land reverts back to the original deed

Concealed use of land 3 years back to December 16, 2010

Loss of income from timber, bush hogging for 3 years

Loss of oil and gas production

Compensation for the right to transport the coal from the pit across the property

Provision for the haul road to be considered

Need to know and be compensated for the term surface damages

Payment for the leased or sold property

Permanent damages done to the real estate as a result of the strip mining

Temporary damages and the inconvenience caused by the strip mining operation

The property needs a haul easement

The land, water, and pipes must be restored, purified and treated to its original state

Abide by the reclamation plan

All real estate: house, barn, fences, buildings on the property restored to original form

Royalties must be paid from the extract of the coal from the mine to The Trimble Family Estate. You will need to establish payment per ton or acreage depending on the agreement. We (The Trimble Family) prefer ton to compare to non use of land.

Luminant assumes responsibility for any accidents, incidents, etc. that occur on the property while mining.

As mentioned on the telephone call, Luminant will mine the property for 7 years; will restore property prior to vacating. The 7 year term will begin from the date of agreement. The property will be returned to the original owners and/or their heirs.

Thank you for your time and prompt consideration. Feel free to contact Selia or Sharon with any questions.

Best regards,


Sharon Trimble Donaldson

LAW OFFICES OF                          **EXHIBIT K**

# JACKSON, SJOBERG, McCARTHY & TOWNSEND, L.L.P.

DAVID E. JACKSON*
JOHN MATTHEW SJOBERG*
EDMOND R. McCARTHY, JR.
ELIZABETH A. TOWNSEND†

711 WEST 7TH STREET
AUSTIN, TEXAS 78701-2785
(512) 472-7600
FAX (512) 225-5565

OF COUNSEL
ROBERT C. WILSON
MARC O. KNISELY**

—————

*BOARD CERTIFIED IN
OIL, GAS AND MINERAL LAW
**BOARD CERTIFIED IN CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

www.jacksonsjoberg.com

EDMOND R. McCARTHY, III

—————

†Licensed in Texas and Tennessee

December 6, 2013

Mr. Wilmer Forrest Trimble, Jr.
3615 Sheldon
Pearland, Texas 77584

Ms. Selia Trimble Shawkey
712 South 37th Street
San Diego, CA 92113

Ms. Sharon Trimble Donaldson
2010 Wineberry Dr.
Katy, TX 77450

Ms. Billie J. Murphy Tremble
2806 Evans St.
Marshall, Texas 75670

Re:   Tracts Co-Owned by Luminant Mining Company in the Liberty Mine Area, Rusk
County, Texas, consisting of 25.326 acres in the D. Cortinas Survey A-160 and the
T. Williams Survey A-833 (Tract 1262), 33.094 acres in the T. Williams Survey A-
833 (Tract 1343), and 64.736 acres in the T. Williams Survey A-833 (Tract 1344)

Dear Mr. Trimble, Ms. Shawkey, Ms. Donaldson and Ms. Tremble:

Enclosed with this letter is correspondence to Jimmy Rushing at Ward Timber. It has
come to the attention of my client, Luminant Mining Company LLC, that Mr. Trimble may have
offered to sell timber rights in the properties described above and in my letter to Mr. Rushing.

Please be advised that as the owners of undivided interests in these properties, you are
entitled only to your undivided ownership share of any money or profit received for timber
rights, and the other co-owners, including Luminant are entitled to the balance. You are also
reminded that you are not authorized to speak on behalf of Luminant with regard to any timber
transaction or any other transaction related to Luminant's interest in the property.

Mr. Wilmer Forrest Trimble, Jr.
Ms. Selia Trimble Shawkey
Ms. Sharon Trimble Donaldson
Ms. Billie J. Murphy Trimble
December 6, 2013
Page 2

If you have any questions, please contact me. Or, you may contact Mr. Steve Higginbotham at (903) 836-7093 or SHIGGIN1@luminant.com.

Very truly yours,

David E. Jackson
Attorney for Luminant Mining Company LLC

DEJ/cac
Enclosures

LAW OFFICES OF

# JACKSON, SJOBERG, McCARTHY & TOWNSEND, L.L.P.

DAVID E. JACKSON*
JOHN MATTHEW SJOBERG*
EDMOND R. McCARTHY, JR.
ELIZABETH A. TOWNSEND†

711 WEST 7TH STREET
AUSTIN, TEXAS 78701-2785
(512) 472-7600
FAX (512) 225-5565

OF COUNSEL
ROBERT C. WILSON
MARC O. KNISELY**

www.jacksonsjoberg.com

EDMOND R. McCARTHY, III

*BOARD CERTIFIED IN
OIL, GAS AND MINERAL LAW
**BOARD CERTIFIED IN CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

†Licensed in Texas and Tennessee

December 6, 2013

Ward Timber
Attn: Mr. Jimmy Rushing
P.O. Box 360
Linden, TX 75563

Re:    Tracts Co-Owned by Luminant Mining Company in the Liberty Mine Area, Rusk
County, Texas, consisting of 25.326 acres in the D. Cortinas Survey A-160 and the
T. Williams Survey A-833 (Tract 1262), 33.094 acres in the T. Williams Survey A-
833 (Tract 1343), and 64.736 acres in the T. Williams Survey A-833 (Tract 1344)

Dear Mr. Rushing:

This correspondence is written on behalf of Luminant Mining Company LLC, and arises
out of your recent discussions with Luminant's Environmental Specialist, Chris Graham,
concerning the possibility of Ward Timber cutting timber on the three properties listed above and
referred to by Luminant as Tracts 1262, 1343 and 1344. For clarity, property descriptions of
each of these three properties are attached as Exhibit A to this letter.

It is my understanding that Ward Timber has been contacted by Wilmer Trimble and
offered the right to cut timber from the properties captioned above. Please be advised that
Luminant owns an undivided interest in Tract 1262 of approximately 84%, and undivided
interests in Tracts 1343 and 1344 of 87.5%. Mr. Trimble owns an undivided 0.520833% interest
in Tract 1262 and an undivided 4.166667% interest in Tracts 1343 and 1344.

Mr. Trimble is not authorized to speak on behalf of Luminant as to Luminant's interest in
these properties, including Luminant's interest in the timber. If Mr. Trimble grants Ward Timber
the right to cut timber from these properties, please be advised that Mr. Trimble is entitled only
to a percentage of the proceeds equal to his ownership interest. Mr. Trimble's co-owners are
entitled to the balance.

Ward Timber
Attn: Mr. Jimmy Rushing
December 6, 2013
Page 2


      If you would like to discuss the possibility of contracting with Luminant for its rights to timber on these properties, please contact Mr. Steve Higginbotham at (903) 836-7093 or SHIGGIN1@luminant.com.

                         Very truly yours,

                         David E. Jackson
                         Attorney for Luminant Mining Company LLC

DEJ/cac
Enclosures

cc     Wilmer Forrest Trimble, Jr.
       Sharon Trimble Donaldson
       Selia Trimble Shawkey
       Billie J. Murphy Tremble

# CITATION FOR PERSONAL SERVICE

*Handwritten: 12 23 13 ... DELIVERED: @ 1:00 pm 1 21/14 ACF*

THE STATE OF TEXAS                                                COUNTY OF RUSK

2013-390

TO:   SHARON TRIMBLE DONALDSON
      2010 WINEBERRY DR.
      KATY, TEXAS 77450

DELIVERED: _____ / ___ / ___

by: _____

ASSURED CIVIL PROCESS AGENCY

**EXHIBIT L**    **Defendant's Copy**

NOTICE TO DEFENDANT: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the 4th District Court of Rusk County, Texas at the Courthouse of Rusk County at 115 N. Main Street, Henderson, Texas.

Said **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** was filed in said court, 11/26/2013, in this cause, numbered 2013-390 on the docket of said court & styled:

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| vs. | § | RUSK COUNTY, TEXAS |
| | § | |
| JOHNSON, DEBORAH D., MICHELLE | § | |
| DADE, WILFRED COOKSEY, GERALD | § | |
| TONEY, ET AL | § | 4th JUDICIAL DISTRICT |

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Henderson, Texas this the 26th day of November, 2013.

**Attorney for Plaintiff:**
DAVID E. JACKSON
711 W. 7TH STREET
AUSTIN, TX 78701

*Phone  512-472-7600*

**Jean Hodges, Rusk County District Clerk**
**P O Box 1687 ~ Henderson, TX 75653-1687**
**115 N. Main, Suite 301 ~ Henderson, TX 75652**
**Phone (903) 657-0353**

By _____ Deputy

# Officer's Return

### 2013-390

ADDRESS FOR SERVICE:  SHARON TRIMBLE DONALDSON
2010 WINEBERRY DR.
KATY, TEXAS 77450

Came to hand on the _____ day of _____ 2013, at _____ o'clock \_\_\_\_.m., and executed in_____County, by delivering to the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s) _____

The diligence used in finding said defendant (s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

FEES:
Serving Petition and Copy      $ _____      _____, Sheriff

_____, County, Texas

By: _____, Deputy

_____
Affiant

----------------------------------------------------------------------

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

"My name is   (First, Middle, Last) _____, my date of birth is_____,      and      my      address      is      (Street, City,Zip)_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of Texas, on the _____day of_____ 2013.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)

*(Tract 1262)*



NO. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE | § | OF RUSK COUNTY, TEXAS |
| DADE, WILFRED COOKSEY, GERALD | § | |
| TONEY, NICOLE TONEY, HOWARD | § | |
| STORY, MARION CAROL STORY, | § | |
| NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER | § | |
| FORREST TRIMBLE, JR., a/k/a WILMER | § | |
| FORREST TREMBLE, JR., SHARON | § | |
| TRIMBLE DONALDSON, SELIA | § | |
| TRIMBLE SHAWKEY, and BILLIE J. | § | |
| MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC files this Original Petition against Defendants Deborah D. Johnson, Michelle Dade, Wilfred Cooksey, Gerald Toney, Nicole Toney, Howard Story, Marion (a/k/a Marian) Carol Story, Nelson Greenwood, Jr., Marjorie H. Williams, Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., Sharon Trimble Donaldson, Selia Trimble Shawkey, and Billie J. Murphy Tremble, for partition of real estate. In accordance with Texas Rule of Civil Procedure 194, Plaintiff additionally serves requests for disclosure on each Defendant.

# I.

## DISCOVERY CONTROL PLAN

1.    In accordance with the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff files this action as a Level 2 proceeding.

# II.

## PARTIES

2.    Plaintiff Luminant Mining Company LLC is a Texas limited liability company whose address is 1601 Bryan Street, Dallas, Texas 75201.

3.    Defendant Deborah D. Johnson is an individual who may be served at 3271 Niagra St., Denver, Colorado 80207.

4.    Defendant Michelle Dade is an individual who may be served at 1376 Butter Churn Dr., Henderson, Virginia 20170.

5.    Defendant Wilfred Cooksey is an individual who may be served at P.O. Box 12291, St. Thomas, U.S. Virgin Islands, 00801.

6.    Defendant Gerald Toney is an individual who may be served at 703 Falls View Rd., Manchester, Connecticut 06042.

7.    Defendant Nicole Toney is an individual who may be served at One Gold St., Apt. 23G, Hartford, Connecticut 06103.

8.    Defendant Howard Story is an individual who may be served at 1653 6th St., Manhattan Beach, California 90266.

9.    Defendant Marion (a/k/a Marian) Carol Story is an individual who may be served at 26196 Crown Valley Parkway, Apt. 916, Mission Viejo, California 92692.

10.    Defendant Nelson Greenwood, Jr., is an individual who may be served at 3017 East Nelson Ave., North Las Vegas, Nevada 89030.

11.    Defendant Marjorie H. Williams is an individual who may be served at 12807 East Ohio Ave., Aurora, Colorado 80012.

12.    Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. is an individual who may be served at 3615 Sheldon, Pearland, Texas 77584.

13.    Defendant Sharon Trimble Donaldson is an individual who may be served at 2010 Wineberry Dr., Katy, Texas 77450.

14.    Defendant Selia Trimble Shawkey is an individual who may be served at 4032 St. Christopher Lane, Dallas, Texas 75287.

15.    Defendant Billie J. Murphy Tremble is an individual who may be served at 2806 Evans St., Marshall, Texas 75670.

### III.

### VENUE

16.    Venue is proper in Rusk County, Texas, pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code and Section 23.002(a) of the Texas Property Code.

### IV.

### FACTS

17.    Plaintiff and Defendants are all of the undivided interest owners in a tract of land in Rusk County containing 25.326 acres ("the Property"). Plaintiff and Defendants are the undivided interest owners of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas. Defendants and other individuals who are not

3

parties to this suit are the undivided interest owners of the oil, gas, and all other liquid and gaseous hydrocarbons in and under the Property. Plaintiff hereby seeks a partition by sale of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but not of the oil, gas, and all other liquid and gaseous hydrocarbons.

18.     The Property is more particularly described in Exhibit A and is depicted on Exhibit B.

19.     Plaintiff owns an undivided 84.340291% interest in the surface estate of the Property, including the coal, lignite, and other near surface minerals, and the remaining approximately sixteen percent undivided interest is owned by Defendants as follows:

| | |
|---|---|
| Defendant Deborah D. Johnson | 3.125000% |
| Defendant Michelle Dade | 0.416667% |
| Defendant Wilfred Cooksey | 0.416667% |
| Defendant Gerald Toney | 0.208334% |
| Defendant Nicole Toney | 0.208334% |
| Defendant Howard Story | 2.083334% |
| Defendant Marion Carol Story | 2.083334% |
| Defendant Nelson Greenwood, Jr. | 1.388900% |
| Defendant Marjorie H. Williams | 4.166667% |
| Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. | 0.520833% |
| Defendant Sharon Trimble Donaldson | 0.520833% |
| Defendant Selia Trimble Shawkey | 0.520833% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 1.5625% |

4

## V.

## CAUSE OF ACTION - PARTITION

20.     As a joint owner of the Property, Plaintiff has the right to compel a partition of the Property under Section 23.001 of the Texas Property Code.

21.     A fair and equitable division of the Property in kind is not feasible for a number of reasons, including the following, individually and collectively:

a.      Defendants own small fractional interests; and

b.      The sum of the value of the subdivided parts would be less than the value of the Property as a whole.

22.     In accordance with Texas Rule of Civil Procedure 770, the Property should be sold, and the proceeds from the sale should be partitioned among Plaintiff and Defendants according to their respective interests.

## VI.

## REQUESTS FOR DISCLOSURE

23.     Pursuant to Texas Rule of Civil Procedure 194, each Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a) through (i).

## VII.

## PRAYER

24.     For the foregoing reasons, Plaintiff Luminant Mining Company LLC respectfully requests that the Court render an order determining the share of each of the joint owners of the

Property and directing that the Property be sold, render judgment approving the sales price received for the Property, and grant Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX


By: _David E. Jackson_
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

Dated November 25, 2013

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

## Exhibit "A"

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
**25.326 Acres**
**Area 361 – Tract 1262**
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 738
ARP, TX 75750

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

Page 1 of 2

## Exhibit "A"

# LACY SURVEYING INc.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 - Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 - Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing 25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.

**Bearing Source:** Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 52 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER    R.P.L.S. No. 6148

8



# CITATION FOR PERSONAL SERVICE

THE STATE OF TEXAS                                    COUNTY OF RUSK

2013-391

TO:   SHARON TRIMBLE DONALDSON
      2010 WINEBERRY DR.                         ERED: _____/_____/_____
      KATY, TX  77450

**Defend  EXHIBIT M**                            ED CIVIL PROCESS AGENCY

NOTICE TO DEFENDANT: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU
OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF
TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU.

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL
PETITION AND REQUESTS FOR DISCLOSURE** at or before 10:00 a.m. of the Monday next after the
expiration of twenty days after the date of service of this citation before the 4th District Court of Rusk County,
Texas at the Courthouse of Rusk County at 115 N. Main Street, Henderson, Texas.

Said **PLAINTIFF'S ORIGINAL PETITION** was filed in said court, 11/26/2013, in this cause,
numbered 2013-391 on the docket of said court & styled:

| | | |
|---|---|---|
| LUMINANT MINING COMPANY,LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | RUSK COUNTY, TEXAS |
| | § | |
| WILMER FORREST TRIMBLE , JR., a/k/a | § | |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, and | § | 4th JUDICIAL DISTRICT |
| BILLIE J. MURPHY TREMBLE | | |

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this
citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Henderson, Texas this the 27th day of November,2013.

**Attorney for Plaintiff:**                      **Jean Hodges, Rusk County District Clerk**
DAVID E. JACKSON                                 **P O Box 1687 ~ Henderson, TX 75653-1687**
711 W. 7TH STREET                                **115 N. Main, Suite 301 ~ Henderson, TX 75652**
AUSTIN, TX 78701                                 **Phone (903) 657-0353**
*Phone 512-472-7600*

By _Laurey Marlin_  Deputy

# Officer's Return

### 2013-391

ADDRESS FOR SERVICE:  SHARON TRIMBLE DONALDSON
2010 WINEBERRY DR.
KATY, TX  77450

Came to hand on the _____ day of _____ 2013, at _____ o'clock ____.m., and executed in_____County, by delivering to the within named defendants  in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ , at the following times and places, to-wit:

Name                        Date/Time                        Place, Course and Distance from Courthouse

_____        _____        _____

And not executed as to the defendant(s)

_____

The diligence used in finding said defendant (s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy     $ _____        _____ , Sheriff

_____ , County, Texas

By: _____ , Deputy

_____
Affiant

--------------------------------------------------------------------------------------
COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE,
OR CLERK OF THE COURT.

"My  name  is    (First,  Middle,  Last) _____ , my  date  of  birth is_____ ,          and          my          address          is          (Street, City,Zip)_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of Texas, on the _____day of_____ 2013.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)

*(Tract 1344)*

NO. 2013-391

**FILED**

2013 NOV 26 PM 12: 53
JEAN HODGES, DIST CLK
RUSK COUNTY, TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., a/k/a | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, | § | |
| SELIA TRIMBLE SHAWKEY, and | § | |
| BILLIE J. MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC files this Original Petition against Defendants Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., Sharon Trimble Donaldson, Selia Trimble Shawkey, and Billie J. Murphy Tremble, for partition of real estate. In accordance with Texas Rule of Civil Procedure 194, Plaintiff additionally serves requests for disclosure on each Defendant.

## I.
## DISCOVERY CONTROL PLAN

1.    In accordance with the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff files this action as a Level 2 proceeding.

## II.
## PARTIES

2.    Plaintiff Luminant Mining Company LLC is a Texas limited liability company whose address is 1601 Bryan Street, Dallas, Texas 75201.

3.    Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., is an individual who may be served at 3615 Sheldon, Pearland, Texas 77584.

4.      Defendant Sharon Trimble Donaldson is an individual who may be served at 2010 Wineberry Dr., Katy, Texas 77450.

5.      Defendant Selia Trimble Shawkey is an individual who may be served at 4032 St. Christopher Lane, Dallas, Texas 75287.

6.      Defendant Billie J. Murphy Tremble is an individual who may be served at 2806 Evans St., Marshall, Texas 75670.

## III.
## VENUE

7.      Venue is proper in Rusk County, Texas, pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code and Section 23.002(a) of the Texas Property Code.

## IV.
## FACTS

8.      Plaintiff and Defendants are all of the undivided interest owners in a tract of land in Rusk County containing 64.736 acres ("the Property"). Plaintiff and Defendants are the undivided interest owners of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas. Defendants and other individuals who are not parties to this suit are the undivided interest owners of the oil, gas, and all other liquid and gaseous hydrocarbons in and under the Property. Plaintiff hereby seeks a partition by sale of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but not of the oil, gas, and all other liquid and gaseous hydrocarbons.

9.      The Property is more particularly described in Exhibit A and is depicted on Exhibit B.

2

10.    Plaintiff owns an undivided 87.5% interest in the surface estate of the Property, including the coal, lignite, and other near surface minerals, and the remaining approximately 12.5% undivided interest is owned by Defendants as follows:

| | |
|---|---|
| Defendant Wilmer Forrest Trimble. Jr., a/k/a Wilmer Forrest Tremble, Jr. | 4.166667% |
| Defendant Sharon Trimble Donaldson | 4.166667% |
| Defendant Selia Trimble Shawkey | 4.166667% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 12.5% |

## V.
## CAUSE OF ACTION - PARTITION

11.    As a joint owner of the Property, Plaintiff has the right to compel a partition of the Property under Section 23.001 of the Texas Property Code.

12.    A fair and equitable division of the Property in kind is not feasible for a number of reasons. including the following, individually and collectively:

a.    Defendants own small fractional interests; and

b.    The sum of the value of the subdivided parts would be less than the value of the Property as a whole.

13.    In accordance with Texas Rule of Civil Procedure 770, the Property should be sold, and the proceeds from the sale should be partitioned among Plaintiff and Defendants according to their respective interests.

## VI.
## REQUESTS FOR DISCLOSURE

14.    Pursuant to Texas Rule of Civil Procedure 194, each Defendant is requested to disclose. within 50 days of service of this request, the information and material described in Rule 194.2(a) through (i).

3

## VII.
## PRAYER

15      For the foregoing reasons. Plaintiff Luminant Mining Company LLC respectfully requests that the Court render an order determining the share of each of the joint owners of the Property and directing that the Property be sold, render judgment approving the sales price received for the Property, and grant Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

By: _David E. Jackson_
David E. Jackson
ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

Dated November 25, 2013

4

# Exhibit "A"

## LACY SURVEYING INC.
REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX  903.859.9942
www.LacyLandSurveying.com
E-MAIL  lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
64.736 Acres
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 735
ARP, TX 75750

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291,285) (E: 2,894,247,385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 5

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX  903-859-9942
www.LacyLandSurveying.com
E-MAIL  lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX  903.859.9942
www.LacyLandSurveying.com
E-MAIL  lacysur@aol.com

P.O. BOX 736
ARP TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing 64.736 acres.

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 51 (Published S 43°55'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE

I, DANIEL LEE COOPER, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010

DANIEL LEE COOPER – R.P.L.S. No. 6148

# Exhibit "B"



8

# CITATION FOR PERSONAL SERVICE

THE STATE OF TEXAS                                    COUNTY OF RUSK

2013-392

TO:   SHARON TRIMBLE DONALDSON
      2010 WINEBERRY DR
      KATY, TX 77450

**EXHIBIT N**

NOTICE TO DEFENDANT: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the 4th District Court of Rusk County, Texas at the Courthouse of Rusk County at 115 N. Main Street, Henderson, Texas.

Said **PLAINTIFF'S ORIGINAL PETITION** was filed in said court, 11/26/2013, in this cause, numbered 2013-391 on the docket of said court & styled:

| | | |
|---|---|---|
| LUMINANT MINING COMPANY,LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | RUSK COUNTY, TEXAS |
| | § | |
| WILMER FORREST TRIMBLE , JR., a/k/a | § | |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, and | § | 4th JUDICIAL DISTRICT |
| BILLIE J. MURPHY TREMBLE | | |

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Henderson, Texas this the 27th day of November,2013.

**Attorney for Plaintiff:**
DAVID E. JACKSON
711 W. 7TH STREET
AUSTIN, TX 78701
*Phone 512-472-7600*

**Jean Hodges, Rusk County District Clerk**
**P O Box 1687 ~ Henderson, TX 75653-1687**
**115 N. Main, Suite 301 ~ Henderson, TX 75652**
**Phone (903) 657-0353**

By _____ Deputy

# Officer's Return

### 2013-392

ADDRESS FOR SERVICE:  SHARON TRIMBLE DONALDSON
2010 WINEBERRY DR.
KATY, TX  77450

        Came to hand on the _____ day of _____ 2013, at _____ o'clock ____.m., and executed in_____County, by delivering to the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

Name                         Date/Time                         Place, Course and Distance from Courthouse
_____     _____          _____

And not executed as to the defendant(s) _____
_____
The diligence used in finding said defendant (s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy     $ _____        _____, Sheriff

                                                    _____, County, Texas

                              By: _____, Deputy

                                  _____
                                              Affiant

---------------------------------------------------------------------------------------------------

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE,
## OR CLERK OF THE COURT.

"My name is   (First, Middle, Last) _____, my date of birth is_____,      and      my      address      is      (Street, City,Zip)_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of Texas, on the _____day of_____ 2013.

                              _____

                              Declarant/Authorized Process Server
                              _____
                              (ID # & expiration of certification)

*(Tract 1343)*

NO. 2013-392

**FILED**

2013 NOV 26  PM 12: 54
JEAN HODGES, DIST CLK
RUSK COUNTY, TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE. JR., a/k/a | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON. | § | |
| SELIA TRIMBLE SHAWKEY, and | § | |
| BILLIE J. MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC files this Original Petition against Defendants Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., Sharon Trimble Donaldson. Selia Trimble Shawkey, and Billie J. Murphy Tremble for partition of real estate. In accordance with Texas Rule of Civil Procedure 194, Plaintiff additionally serves requests for disclosure on each Defendant.

### I.
### DISCOVERY CONTROL PLAN

1.     In accordance with the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff files this action as a Level 2 proceeding.

### II.
### PARTIES

2.     Plaintiff Luminant Mining Company LLC is a Texas limited liability company whose address is 1601 Bryan Street, Dallas, Texas 75201.

3.     Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr.. is an individual who may be served at 3615 Sheldon. Pearland, Texas 77584.

4.    Defendant Sharon Trimble Donaldson is an individual who may be served at 2010 Wineberry Dr., Katy, Texas 77450.

5.    Defendant Selia Trimble Shawkey is an individual who may be served at 4032 St. Christopher Lane, Dallas, Texas 75287.

6.    Defendant Billie J. Murphy Tremble is an individual who may be served at 2806 Evans St., Marshall, Texas 75670.

## III.
## VENUE

7.    Venue is proper in Rusk County, Texas, pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code and Section 23.002(a) of the Texas Property Code.

## IV.
## FACTS

8.    Plaintiff and Defendants are all of the undivided interest owners in a tract of land in Rusk County containing 33.094 acres ("the Property"). Plaintiff and Defendants are the undivided interest owners of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas. Defendants and other individuals who are not parties to this suit are the undivided interest owners of the oil, gas, and all other liquid and gaseous hydrocarbons in and under the Property. Plaintiff hereby seeks a partition by sale of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but not of the oil, gas, and all other liquid and gaseous hydrocarbons.

9.    The Property is more particularly described in Exhibit A and is depicted on Exhibit B.

2

10.    Plaintiff owns an undivided 87.5% interest in the surface estate of the Property, including the coal, lignite, and other near surface minerals, and the remaining approximately 12.5% undivided interest is owned by Defendants as follows:

| | |
|---|---|
| Defendant Wilmer Forrest Trimble, Jr.. a/k/a Wilmer Forrest Tremble, Jr. | 4.166667% |
| Defendant Sharon Trimble Donaldson | 4.166667% |
| Defendant Selia Trimble Shawkey | 4.166667% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 12.5% |

## V.
## CAUSE OF ACTION - PARTITION

11.    As a joint owner of the Property, Plaintiff has the right to compel a partition of the Property under Section 23.001 of the Texas Property Code.

12.    A fair and equitable division of the Property in kind is not feasible for a number of reasons, including the following, individually and collectively:

a.    Defendants own small fractional interests; and

b.    The sum of the value of the subdivided parts would be less than the value of the Property as a whole.

13.    In accordance with Texas Rule of Civil Procedure 770, the Property should be sold, and the proceeds from the sale should be partitioned among Plaintiff and Defendants according to their respective interests.

## VI.
## REQUESTS FOR DISCLOSURE

14.    Pursuant to Texas Rule of Civil Procedure 194, each Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a) through (i).

## VII.
## PRAYER

15.    For the foregoing reasons, Plaintiff Luminant Mining Company LLC respectfully requests that the Court render an order determining the share of each of the joint owners of the Property and directing that the Property be sold, render judgment approving the sales price received for the Property, and grant Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

By: _David E. Jackson_____
David E. Jackson
ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

Dated November 25, 2013

4

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

### Exhibit "A"

December 2, 2010

Field Notes for Luminant Mining Company LLC

**33.094 Acres**

**Area 361 – Tract 1343**

Thomas Williams Survey A-833

Rusk County, Texas

TEL. & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

---

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C of said 37.46 acre and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX  903.859.9942
www.LacyLandSurveying.com
E-MAIL  lacysur@aol.com

Exhibit "A"

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

6

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX, 903 859 9942                          Exhibit "A"                          P.O. BOX 756
www.LacyLandSurveying.com                                                            ARP, TX 75756
E-MAIL : lacysur@aol.com

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly
N.B.L. of said 37.46 acres and along the S.B.L. of said 25 acres, for a distance of 611.42
feet, to the place of beginning and containing 33.094 acres of which 2.299 acres are
located within the R.O.W. of F.M. Road No. 2658.

**Bearing Source:** Based on SEMPCO Mon. S4 to SEMPCO Mon. T4 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. S4 (NAD 27)

PLAT PREPARED OF EVEN DATE

I, DANIEL LEE COOPER, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

7



8

# EXHIBIT O

*(Tract 1262)*

No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§ | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE, | § | OF RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER FORREST | § | |
| TRIMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

### PLAINTIFF'S REPLY TO THE
### TREMBLE FAMILY'S SUMMARY JUDGMENT RESPONSE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC ("Plaintiff" or "Luminant") files this reply to

the response filed by Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia

Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family" and "the Tremble

Family's Response") to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment

on First Phase Partition Issues ("Plaintiff's Motion for Summary Judgment").

## I.
### INTRODUCTION

Plaintiff has moved for summary judgment on the first-phase partition issues in this

cause:

(1)    The determination of the shares or interests owned by the parties in the Property;

and

*(Tract 1262)*

(2)     A determination that the Property is not susceptible to a fair and equitable partition in kind, and rendition of an order directing (a) that a receiver be appointed to conduct the sale of the Property and (b) that the Property be sold, subject to subsequent Court approval and confirmation.

The members of the Tremble Family are the only Defendants who have responded to Plaintiff's Motion for Summary Judgment. The Tremble Family's Response does not challenge partition by sale in any manner. Instead, the response raises two issues:

(1)     The Tremble Family contends that the December 2010 deed from Emma Jean Trimble Smith (sister of Wilmer F. Tremble, Sr.) to Luminant was fraudulent; and

(2)     Although the Tremble Family is silent about its effect on the respective family members' title, they attach to their response a will by Wilmer F. Tremble, Sr. that alters the status of undivided ownership among the Tremble Family members from that previously known to Luminant and presented in Plaintiff's Motion for Summary Judgment.

This reply addresses each of these two issues. First, the December 2010 deed from Emma Jean Trimble Smith to Luminant is not fraudulent. Contrary to the Tremble Family's contention, the deed does not convey or purport to convey to Luminant any interest greater than the undivided interest Emma Jean Trimble Smith owned, and she was fully within her rights and authority to make that conveyance without the joinder or consent of the Tremble Family. Second, by virtue of the Wilmer F. Tremble, Sr. will, which was probated in Harrison County but had not been filed in the Deed Records of Rusk County and therefore was not known of by Luminant, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 1.5625 percent interest that Luminant previously had understood was owned by the Tremble Family in accordance with the allocation delineated in Plaintiff's Motion for Summary Judgment.

*(Tract 1262)*

The Supplement to Affidavit of Russell Davis is attached to this reply as Exhibit 1 and is incorporated by reference in this reply.

## II.
### ARGUMENT AND AUTHORITIES

A.    **Emma Jean Trimble Smith's deed to Luminant is not fraudulent.**

The Tremble Family refers to the December 2010 deed from Emma Jean Trimble Smith to Luminant, conveying her undivided interest in the Property, as "fraudulent." *See* Tremble Family's Response, p. 2, para. II.4.[1]  The Tremble Family members have no standing to assert fraud on behalf of Emma Jean Trimble Smith, *Nobles v. Marcus,* 533 S.W.2d 923, 925-27 (Tex. 1976), and they seemingly do not assert such.  Instead they contend that *they* were defrauded, stating that "One hundred percent of the land was Deeded" by the deed—apparently referring to the entirety of the Tremble Family's interest—and that the deed was "concealed from" and made "without knowledge or consent" of the Tremble Family.  Tremble Family's Response, p. 3, para. IV. These contentions are merely conclusory, are not sworn to, have no other competent evidentiary support, and are without merit.

The deed from Emma Jean Trimble Smith to Luminant is dated December 29, 2010, and was recorded in Volume 3057, Page 413 of the Deed Records of Rusk County, Texas, as Document No. 00102614, on January 5, 2011. *Id.; see* Exhibit B attached to Exhibit 1.

Even if Emma Jean Trimble Smith had attempted to convey an interest in the Property beyond what she owned, the Tremble Family would not have been "defrauded" by the deed, because the deed could legally convey "such interest, and only such interest, in the land as the maker of the deed possesses." *Thomas v. Southwestern Settlement & Development Co.,* 123

---

[1] The Tremble Family lists the deed as an exhibit to their response, but Luminant did not receive a copy of the deed from the Tremble Family.  A true and correct copy of the deed is authenticated by and attached as Exhibit B to the Supplement to Affidavit of Russell Davis, Exhibit 1 to this reply.

*(Tract 1262)*

S.W.2d 290, 297 (Tex. 1939); *see also Home Owners' Loan Corp. v. Cilley,* 125 S.W2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[T]he general rule is that one tenant in common cannot by his sole act sell or encumber more than his portion of the common property."). Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deed's words, "all of my undivided interest" in the Property. Exhibit B to Exhibit 1. She did not convey or purport to convey any interest in the Property greater than that which she owned.

Emma Jean Trimble Smith is the sister of Wilmer F. Tremble, Sr., who in turn was the husband of Defendant Billie J. Murphy Tremble and the father of Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *See* April 27, 2007 Affidavit of Heirship executed by Bloys Donaldson attached to the Tremble Family's Response as Exhibit 1. The Tremble Family, however, is mistaken in arguing that the Smith to Luminant deed somehow is rendered "fraudulent," as to them or their interest, by virtue of the fact that Emma Jean Trimble Smith did not notify them about her conveyance or obtain their consent to or joinder in the deed.

For well over a century, Texas courts have held that a cotenant may convey her interest in real property without the consent or knowledge of her cotenants. *Peterson v. Fowler,* 11 S.W. 534, 535 (Tex. 1889); *Heller v. Heller,* 269 S.W. 771, 776 (Tex. 1925) ("As a tenant in common, Mrs. Heller had the right to sell off any particular part of the entire community estate, just so long as her deed did not injure the rights of the other children to secure their part of the estate."); *Watson v. Beall,* 279 S.W. 543, 545 (Tex. Civ. App.—Waco 1925, writ dism'd w.o.j.) (holding that "a party who owns an undivided interest in real estate can sell his interest, or any portion thereof, without in any way incumbering or affecting the undivided interest held therein by his cotenants"); *Cohen v. Texas Land & Mortgage Co.,* 137 S.W.2d 806, 813 (Tex. Civ. App.—Fort

Worth 1940) ("Each cotenant can sell or encumber his undivided share of the common property, and the others cannot prevent him, for he thus interferes with no right of theirs."), *rev'd on other grounds, Texas Land & Mortgage Co. v. Cohen,* 159 S.W.2d 859 (Tex. 1942); *Lake v. Reid,* 252 S.W.2d 978, 982 (Tex. Civ. App.—Texarkana 1952, no writ) ("The rule is well known that each cotenant may freely assign or convey his interest in the common property, 'and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as a matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale.'"); *Barstow v. State,* 742 S.W.2d 495, 508 (Tex. App.—Austin 1987, writ denied) ("One cotenant may freely convey his interest in the common property as long as he does not prejudice the rights of his cotenants in the premises," citing *Peterson v. Fowler* and *Lake v. Reid*).

Finally, neither Luminant nor Emma Jean Trimble Smith "concealed" the deed. Instead, they recorded the deed in public records shortly after its execution. Exhibit 1, p. 3, para. 6.

In short, the Tremble Family did not adduce any evidence of fraud, and the Smith deed is not fraudulent.

**B.    Under Wilmer F. Tremble, Sr.'s will, the sole owner of Mr. Tremble's undivided interest in the Property is Defendant Billie J. Murphy Tremble.**

The Tremble Family does not explicitly raise any title issue, apart from the Smith "fraudulent" deed claim just refuted. The effect of Wilmer F. Tremble, Sr.'s will, however, requires an alteration of the title determination within the Tremble Family interests.

The Tremble Family attaches two relevant title instruments to the response: (1) the April 27, 2007 Bloys Donaldson Affidavit of Heirship; and (2) the August 15, 1978 Wilmer F. Tremble will. Tremble Family's Response, p. 2. Luminant will address the significance of each.

*(Tract 1262)*

Luminant was aware of the Affidavit of Heirship, which is recorded in the Rusk County Deed Records, when it made a pre-suit determination of title to the Property, filed this suit, and moved for summary judgment. Exhibit 1, pp. 1-2, para. 2. Indeed, in determining the succession of ownership of Wilmer F. Tremble, Sr.'s undivided interest, as a result of his death, Luminant relied on the sworn statement in the Affidavit that Mr. Tremble died intestate. *Id.* Luminant searched the Rusk County Deed Records for evidence of a possible will and probate proceedings, but found none. *Id.* at p. 2, para. 3. Based on the Affidavit of Heirship, Luminant determined that Mr. Tremble's undivided and separate property interest (1.5625 percent) passed to the members of the Tremble Family in accordance with the law of intestacy: A one-third life estate in Mr. Tremble's wife, Defendant Billie J. Murphy Tremble, and a one-third undivided interest each (.520833 percent) in Mr. Tremble's children, Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *Id.* at p. 2, para. 2.

When the Tremble Family submitted the summary judgment response with the will as an exhibit, Luminant learned of the will for the first time. *Id.* p. 2, para. 4. The will was probated in Harrison County, as the Tremble Family's Exhibit 3 states, but was not previously recorded in Rusk County. *Id.* at p. 2, para. 3. After the Tremble Family's response was filed, Luminant obtained a certified copy of the will and related probate records from Harrison County and filed them in the Rusk County Deed Records. *Id.* at pp. 2-3, para. 4; *see* Exhibit A to Exhibit 1.

Mr. Tremble's will bequeathed all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 1.5625 percent interest in the Property previously owned by her

*(Tract 1262)*

husband.[2]  Luminant is submitting with this reply a revised form of judgment that conforms to the title information provided in the Tremble Family's Response.

## III.
### REQUEST FOR RELIEF

Plaintiff Luminant Mining Company LLC respectfully requests that the Court render summary judgment:  finding and determining that the shares or interests of Plaintiff and the Defendants in the Property are as set forth in Plaintiff's Motion for Summary Judgment, as modified by this reply; ordering that a receiver be appointed to sell the Property and to enter into a contract for sale, which contract shall be subject to approval and confirmation by the Court, and to report the proposed sale to the Court; and granting Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, McCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

---

[2] The Tremble Family also attached to the response as Exhibit 2 a copy of a November 16, 2006 Mineral Deed in which Defendant Billie J. Murphy Tremble conveyed to Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. the oil, gas, and minerals in the Property and in other land.  This Mineral Deed, however, is not relevant to this lawsuit.  As Luminant stated in its Petition and in Plaintiff's Motion for Summary Judgment, this suit for partition pertains only to the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.

*(Tract 1262)*

John R. ("Rusty") Phenix
Phenix, Phenix & Crump, PC
118 S Main St
Henderson TX 75654
(903) 657-3595 or (800) 940-1047
rusty@phenixlawfirm.com


By: _David E. Jackson_____
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

*(Tract 1262)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Plaintiff's Reply to the Tremble Family's Summary Judgment Response was sent as follows via certified mail, return receipt requested, on this the 17th day of September, 2014.

Wilfred Cooksey
P.O. Box 12291
St. Thomas, USVI 00801
Certified Mail RRR
70132250000048069137

Michelle Dade
1376 Butter Churn Dr.
Henderson, VA 20170
Certified Mail RRR
70132250000048069199

Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069144

Nelson Greenwood, Jr.
No Known Address

Deborah D. Johnson
3271 Niagra St
Denver, CO 80207
Certified Mail RRR
70132250000048069151

Selia Tremble Shawkey
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069205

Marion Carol Story
26196 Crown Valley Pkwy, Apt 916
Mission Viejo, CA 92692
Certified Mail RRR
70132250000048069168

Gerald Toney
703 Falls View Rd.
Manchester, CT 06042
Certified Mail RRR
70132250000048069182

Nicole Toney
1 Gold St. Apt 23G
Hartford, CT 06103
Certified Mail RRR
70132250000048069175

Billie J Murphy Tremble
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069212

Wilmer Forest Tremble, Jr.
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069229

David E. Jackson

9

## EXHIBIT 1

### No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| DEBORAH D. JOHNSON, MICHELLE DADE,<br>WILFRED COOKSEY, GERALD TONEY,<br>NICOLE TONEY, HOWARD STORY, MARION<br>CAROL STORY, NELSON GREENWOOD, JR.,<br>MARJORIE H. WILLIAMS, WILMER FORREST<br>TRIMBLE, JR., A/K/A WILMER FORREST<br>TREMBLE, JR., SHARON TRIMBLE<br>DONALDSON, SELIA TRIMBLE SHAWKEY,<br>AND BILLIE J. MURPHY TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br><br><br><br>4ᵀᴴ JUDICIAL DISTRICT |

## SUPPLEMENT TO THE AFFIDAVIT OF RUSSELL DAVIS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF RUSK | § |

Russell Davis, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.    My name is Russell Davis. I am an independent contract Landman working for Luminant Mining Company LLC ("Luminant"). The following is based upon my personal knowledge. This affidavit supplements my previous affidavit submitted in support of and as an exhibit to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues.

2.    I was aware of and I relied on the April 27, 2007, Affidavit of Heirship executed by Bloys Donaldson, which is recorded in Volume 2740, Page 73 of the Deed Records of Rusk County and which is attached as Exhibit 1 to the summary judgment response of Defendants

Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response"), when I made the determination of title to the Property on behalf of Luminant in advance of the filing of this suit, at the time suit was filed, and at the time I submitted my Affidavit in support of Luminant's motion for summary judgment. I relied on the statement in the Affidavit of Heirship that Wilmer F. Tremble, Sr. died intestate in support of the determination that Defendant Billie J. Murphy Tremble owned a life estate interest in an undivided one-third of 1.5625 percent and that Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. each owned undivided interests of .520833 percent.

3.     In researching title to the Property, I searched the Rusk County Deed Records for the possible existence of probate proceedings and a will by Wilmer F. Tremble, Sr., but I did not locate any such instruments in the Rusk County Deed Records. I was unaware that Wilmer F. Tremble, Sr. had a will or that his will was probated in Harrison County when I made my previous determination of title to the Property before this suit was filed, at the time suit was filed, and at the time Luminant moved for summary judgment, and, so far as I am aware, no one else at Luminant had knowledge that Mr. Tremble had executed a will or that the will was probated in Harrison County.

4.     Counsel for Luminant sent me a copy of the August 15, 1978 will of Wilmer F. Tremble, Sr. and related probate records that are attached as Exhibit 3 to the Tremble Family's Response filed by the Tremble Family. That was the first time I learned and, so far as I am aware, the first time anyone at Luminant learned, that Wilmer F. Tremble, Sr. had a will. After I received those documents, I obtained a certified copy of the will and related probate records from Harrison County and filed the certified copy of those documents in the Rusk County Deed

*Tract 1262*

Records. A true and correct copy of those documents, which are recorded in Volume 3317, Pages 340-354 of the Deed Records of Rusk County, are attached to this affidavit as **Exhibit A**.

5.      Wilmer F. Tremble, Sr.'s will leaves all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, currently owns the undivided 1.5625 percent interest in the Property previously owned by Wilmer F. Tremble, Sr. Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. do not own any interest in the Property.

6.      By Warranty Deed dated December 29, 2010, recorded in Volume 3057, Page 413, as Document No. 00102614, of the Rusk County Deed Records, Emma Jean Trimble Smith conveyed, in the words of the deed, "all of my undivided interest" in the Property to Luminant. A true and correct copy of the Warranty Deed is attached to this Affidavit as **Exhibit B**. Luminant submitted the Warranty Deed for recording and it was recorded in the Rusk County Deed Records on ~~December __, 2010~~. January 5, 2011

Further, Affiant sayeth not.

_____
Russell Davis, Landman

STATE OF TEXAS           §
                         §
COUNTY OF RUSK           §

This instrument was acknowledged before me on this 12th day of September, 2014, by Russell Davis.

_____
Notary Public, State of Texas

JANICE M LAMPIN
My Commission Expires
August 9, 2018

- 3 -

# Exhibit A to Exhibit 1

00146164  VOL: 3317  PG:  340

**(Tract 1262)**

# Exhibit A to Exhibit 1 of
# Plaintiff's Reply to the Tremble Family's Response to
# Motion for Summary Judgment, Tract 1262

VOL. **167** PAGE **715**

MAR 28 1979

CLERK LINE
CLERK COUNTY CLERK
HARRISON CO.
h

NO. 79-9385-  CCL

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF | IN THE COUNTY COURT AT LAW |
| WILMER FORREST TREMBLE, SR., | OF |
| DECEASED | HARRISON COUNTY, TEXAS |

### APPLICATION TO PROBATE WILL
### AND FOR LETTERS TESTAMENTARY

TO SAID HONORABLE COURT:

COMES NOW Billie Tremble, whose address is Evans Street, P. O. Box 592, Marshall, Texas, and files this her Application to probate the Last Will and Testament of Wilmer Forrest Tremble, Sr., deceased, and would show the Court as follows:

That the said Wilmer Forrest Tremble, Sr., died on or about August 22, 1978, in Marshall, Harrison County, Texas, at the age of 48 years; that at the time of his death he resided in Marshall, Harrison County, Texas, where he had his domicile and fixed place of residence; a true and correct copy of the death certificate of said Wilmer Forrest Tremble, Sr. is filed herewith.

That the principal part of decedent's property, at the time of his death was situated in Harrison County, Texas; that at the time of his death decedent was seized and possessed of real and personal property of an approximate value of $30,000.00.

That the decedent, Wilmer Forrest Tremble, Sr. left a written will, which is attached hereto and made a part of this application, duly signed and executed by him, dated August 15, 1978, which will was never revoked by said decedent, and which will named therein your applicant, Billie Tremble, as sole devisee and beneficiary, and as Independent Executrix without bond; that said will was witnessed by Norma Seaton and Shari Lynn Herring, of Marshall, Harrison County, Texas.

That your applicant's domicile is in Marshall, Harrison County, Texas; that she is not disqualified from accepting Letters Testamentary and from being appointed Executrix as aforesaid.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
Attest
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

4

00146164 VOL# 3317.PG:   341

VOL. 167 PAGE 716

WHEREFORE, your applicant prays the Court that
citation issue as required by law, and that upon final hearing hereof,
said will be admitted to probate and record, and that Letters Testamentary
be issued to your applicant, and that such other and further orders be made
as the Court may deem proper.

_Joe A. Hughey_

JOE A. HUGHEY
ATTORNEY AT LAW
P. O. BOX 281
MARSHALL, TEXAS  75670

ATTORNEY FOR APPLICANT

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

00146164  VOL = 3317  PG:    342

VOL 167 PAGE 717



$\mathcal{M}$emorial $\mathcal{H}$ospital

205 University Avenue   •   214/935-9311

MARSHALL, TEXAS 75670

TO WHOM IT MAY CONCERN:

I, Wilmer F. Tremble, being of sound mind write my last will and testament.

I will all of my property, real and personal, to my wife, Billie Tremble.

In the event my wife dies prior to my death, I will all of my property to my children; Sharon, Selia and Wilmer Jr., share and share alike.

I appoint my wife, Billie Tremble, as independent executrix without bond and direct that no action shall be had in any probate court or other court with relation to the settlement of my estate other than the probating and recording of this will and the return of an inventory.

Witness my hand this 15th. day of August 1978.

Wilmer F. Tremble
Wilmer F. Tremble

The above instrument was now here published as the last will and testament of Wilmer F. Tremble, and was signed and suscribed by Wilmer F. Tremble in our presence and we at his request, in his presence, and the presence of each other sign and subscribe our names here to as attesting witnesses on the date of above written.

Witness: Norma Seaton

Witness: Sheri Lynn Herring, RN

FILED

MAR 28 1979

GLENN LOOK
CLERK, 71st JUDICIAL DISTRICT COURT
BY Betty Duncan

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY DAY, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

00146164 VOL: 3317 PG: -343

VOL 167 PAGE 718

I do hereby certify that this is a true and
correct copy of the Death Certificate of
Henry Thomas Trimble Jr.

FILED

28th Day of March 1929
GLENN LINK, County Clerk

Deputy

### TEXAS DEPARTMENT OF HEALTH — CERTIFICATE OF DEATH

Young Tremble

Male    Negro

Marshall
Marshall School

Harrison    Texas

July 26, 1930

Sept 22, 1978

Mrs. Billie Joyce Tremble

Respiratory Failure due to

Interstitial Pulmonary Fibrosis

S/P Chemo therapy for Malignant Lymphoma

March

P.O. Box 479 Marshall, Texas 75670    8/25/78

Trimble Cemetery

Tatum, Texas

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE. ATTEST
RAYSYCOCK, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

00146164 VOL: 3317 PG: 344

CLERK'S COPY

## THE STATE OF TEXAS VOL. 167 PAGE 719

TO ALL PERSONS INTERESTED IN THE ESTATE OF _____

_____ WILMER FORREST TREMBLE, SR., _____, Deceased.

No. __79-9385-CCL__ County Court __at Law, Harrison__ County, Texas.

_____ BILLIE TREMBLE

filed in the County Court of at Law of Harrison _____ County, Texas, on the __28th__ day

of _____ March _____ A.D. 19 79 , an application for the probate of the last will and testa-

ment of said _____ WILMER FORREST TREMBLE, SR., _____, Deceased,

and for letters testamentary (the said will accompanying said application).

Said application will be heard and acted on by said Court at 10 o'clock A.M. on the first Monday next

after the expiration of ten days from date of posting this citation, the same being the __9th__ day of

_____ April _____, 1979 , at the County Courthouse in _____ Harrison County, Marshall , Texas.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above
mentioned time and place by filing a written answer contesting such application should they desire to do so.

The officer executing this citation shall post the copy of this citation at the courthouse door of the county
in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily
are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting and return
the original copy of this citation to the clerk stating in a written return thereon the time when and the place
where he posted such copy.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in _____

_____ Marshall _____, Texas, this the __28th__ day of _____ March _____, A.D. 19 79 .

GLENN LINK
Clerk of the County Court at Law

Harrison
County, Texas

(SEAL)

By _Betty Dawson_
Deputy

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

8

00146164 VOL. 3317 PG. 345

VOL 167 PAGE 720

SHERIFF'S RETURN

Came to hand on the 27 day of March A.D. 19 79 at 10 o'clock a M, and

executed on the 27 day of March A.D. 19 79 by posting a copy of the within citation for ten

days, exclusive of the day of posting, before the return day hereof, at the County Courthouse door of Harrison

County, Texas, or at the place in or near the said courthouse where public notices customarily are posted.

FEE

Posting Citation ........ $ 2.00

SHERIFF N. F. SHIVERS   Sheriff,
HARRISON COUNTY, TEXAS
  County, Texas.

By Imogene McCarty   Deputy.

File No. 79-9385-CCL

ESTATE OF

WILMER FORREST TEMPLE, SR., Deceased

CITATION ON APPLICATION TO PROBATE WILL AND FOR LETTERS TESTAMENTARY

Issued March 28 A.D. 19 79

Glenn Link County Clerk

By Betty Dresser Deputy

Recorded and filed the ___ day of

79 APR 9 A.D 19

FILED FOR RECORD

A.D. 19__ at 2:24 o'clock

Vol. ___ Probate Records of ___ County.

Glenn Link County Clerk

By ___ Deputy.

HARRISON CO. ___ DEP.

223



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
Attest ___
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

9

00146164 VOL: 3317 PG: 346

VOL. 107 PAGE 721

FILED

APR 24 1979

BETTY DUNCAN
CLERK COUNTY COURT

Betty Duncan

NO. 79-9385    CCL

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF | IN THE COUNTY COURT AT LAW |
| WILMER FORREST TREMBLE, SR., | OF |
| DECEASED | HARRISON COUNTY, TEXAS |

## PROOF BY SUBSCRIBING WITNESS

On this the 9th day of April, 1979, Sheri Lynn Herring personally appeared in open Court, and after being duly sworn, deposes and says that:

"1. Wilmer Forrest Tremble, Sr. died on or about August 22, 1978, at the age of 48 years; that four years have not elapsed since the date of decedent's death.

2. Decedent, Wilmer Forrest Tremble, Sr. was domiciled and had a fixed place of residence in this County at the date of his death.

3. The document dated August 15, 1978, now shown to me and which purports to be decedent's will was never revoked so far as I know.

4. A necessity exists for the administration of this estate.

5. No child or children were born to or adopted by decedent after the date of the will.

6. Decedent was never divorced.

7. The Independent Executrix named in the will is not disqualified by law from accepting Letters Testamentary or from serving as such and is entitled to such Letters.

8. On the same day that the will is dated, I was present and saw Wilmer Forrest Tremble, Sr., deceased, sign the document now shown to me and which purports to be decedent's will, and decedent published and declared to me and to Norma Sexton that this document was decedent's will. At decedent's request Norma Sexton and I, then each being credible witnesses above the age of fourteen years, subscribed our names to this document in the



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY BOX COUNTY CLERK
HARRISON COUNTY, TEXAS

00146164 VOL: 3317 PG: 347

VOL **167** PAGE 722

presence of decedent and of each other.  On such date, decedent was of sound

mind and had attained the age of eighteen years."

Signed this the 9th day of April, 1979.

*Sheri Lynn Herring*
SHERI LYNN HERRING

SWORN TO AND SUBSCRIBED BEFORE ME by Sheri Lynn

Herring, this the 9th day of April, 1979, to certify which witness my hand

and seal of office.

*[signature]*
Clerk, County Court at Law, Harrison

County, Texas
By Betty Duncan, Deputy

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST:
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

00146164 VOL: 3317 PG: 348

F I L E D

VOL. 167 PAGE 723

APR 30 1979

GLORIA INEZ
CLERK COUNTY COURT
HARRISON COUNTY
[signature]

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### ORDER ADMITTING WILL TO PROBATE AND RECORD
### AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application

for Probate of Will and Issuance of Letters Testamentary filed by Billie

Tremble, Applicant, in the Estate of Wilmer Forrest Tremble, Sr., deceased.

The Court, having heard the evidence and having

reviewed the Will and the other documents filed herein, finds that the allega-

tions contained in the Application are true; that notice and citation have

been given in the manner and for the length of time required by law;  that

decedent is dead and that four years have not elapsed since the date of decedent's

death; that this Court has jurisdiction and venue of the decedent's estate;

that decedent left a will dated August 15, 1978, executed with the formalities

and solemnities and under the circumstances required by law to make a valid

will; that on such date decedent had attained the age of 18 years and was of

sound mind; that such will was not revoked by decedent; that no objection to

or contest of the probate of such will has been filed; that all of the necessary

proof required for the probate of such will has been made; that such will is

entitled to probate;  that in said will, deceased named Billie Tremble as

Independent Executrix, to serve without bond, who is duly qualified and not

disqualified by law to act as such and to receive Letters Testamentary;  that

a necessity exists for the administration of this estate; and that no interested

person has applied for the appointment of appraisers and none are deemed

necessary by the Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED

that such Will is admitted to probate, and the Clerk of this Court is ordered

to record the same, together with the Application in the Minutes of this Court.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND/OR RECORDED IN MY OFFICE
ATTEST [signature]
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
[signature]
DEPUTY

12

00146164 VOL: 3317 PG: .349

VOL 167 PAGE 721

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to Billie Tremble, who is appointed as Independent Executrix of decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED and entered this the 30 day of April, 1979.

JUDGE PRESIDING

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE. ATTEST:
PAT COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

13

00146164 VOL: 3317 PG: 350

VOL 167 PAGE 725

FILED

APR 30 1979

CLERK L&R
CLERK COUNTY COURT

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

OATH OF EXECUTRIX

I do solemnly swear that I have been appointed
Independent Executrix, without bond, of the Estate of Wilmer Forrest Tremble,
Sr., deceased, and that I will well and truly perform all the duties of
Independent Executrix.

BILLIE TREMBLE, INDEPENDENT EXECUTRIX

SWORN TO AND SUBSCRIBED BEFORE ME this the 9th day

of April, 1979.

NOTARY PUBLIC, HARRISON COUNTY, TEXAS

FILED

APR   1979

CLERK L&R
CLERK COUNTY COURT
HARRISON COUNTY, TEXAS

FILED

APR   1979



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

14

00146164 VOL: 3317 PG: 351

12240—LETTERS TESTAMENTARY—CLASS 3 (PROBATE CODE EFFECTIVE JAN. 1, 1956) HARNARD • DALLAS

VOL 107 PAGE 120

# LETTERS TESTAMENTARY

### THE STATE OF TEXAS,

County of **HARRISON**

### IN COUNTY COURT, AT LAW
**HARRISON** County, Texas

I, the Undersigned Clerk of the County Court at Law, Harrison County, Texas, do hereby certify that on the **30th** day of **April**, A. D. 19 **79**, **BILLIE TREMBLE** was were duly granted by said Court Letters Testamentary of the Estate of **WILMER FORREST TREMBLE, SR.,**, deceased, and that a he qualified as **Independent Executrix** of said estate on the **30th** day of **April** A. D. 19 **79** as the law requires and that said appointment is still in full force and effect.

Given under my hand and seal of office at **Marshall**, Texas the **1st** day of **May**, A. D. 19 **79**

(Seal)

**GLENN LINK,** Clerk
County Court at Law, **HARRISON** County, Texas

By **Betty Duncan** Deputy.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
Attest
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

15

00146164 VOL: 3317 PG: 352

VOL. 167 PAGE 727

No. 79-9385-CCL

ESTATE OF

WILMER FORREST TERRELL, SR., ......., Deceased

LETTERS TESTAMENTARY

To

BILLIE TERRELL

AS INDEPENDENT EXECUTRIX WITHOUT BOND

Issued the 1st day of May _____ A. D. 1979

GLENN LINK, _____ Clerk

County Court at Law, Harrison County, Texas

By _____ Deputy.

FILED

1st Day of May, 19 79

GLENN LINK, District Clerk

By _____ Deputy

I, PATSY COX, COUNTY CLERK OF HARRISON COUNTY, TEXAS, HEREBY CERTIFY THAT THE FOREGOING, CONSISTING OF ____ PAGES, IS A TRUE CORRECT AND FULL COPY OF THE INSTRUMENT HEREWITH SET OUT AS APPEARS OF RECORD IN THE COUNTY CLERK'S OFFICE OF HARRISON COUNTY, TEXAS, THIS ____ DAY OF ____
PATSY COX, COUNTY CLERK
BY _____

00146164 VOL: 3317 PG: 353

STATE OF TEXAS                          COUNTY OF RUSK
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me and
was duly recorded  in the volume and page of the
named records of Rusk County, Texas  as stamped
hereon by me.              OFFICIAL PUBLIC RECORDS

          Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE, COUNTY CLERK

   RUSK COUNTY, TEXAS


FILED FOR RECORD

Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE,
COUNTY CLERK
RUSK COUNTY, TEXAS

By:

Brenda Shankles
DEPUTY

Luminant Mining Company
Martin Lake Real Estate
P.O. Box 9660
Henderson, TX 75653

# Exhibit B to Exhibit 1

00102614  VOL: 7057  PG:  413

# Exhibit B to Exhibit 1 of
# Plaintiff's Reply to the
# Tremble Family's Response to MSJ-1262

Area 361
Tract 1262

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## *CASH WARRANTY DEED*

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF RUSK § | |

That I, EMMA JEAN TRIMBLE SMITH, hereinafter called Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration paid by LUMINANT MINING COMPANY LLC, a Texas Limited Liability Company, hereinafter called Grantee, as follows:

CASH, the receipt and sufficiency of which is hereby acknowledged and confessed; have Bargained, Granted, Sold and Delivered, and by these presents do Bargain, Grant, Sell and Deliver unto the said Grantee, whose address is 500 N. Akard, Dallas, Texas, 75201, all of my undivided interest in the following described tracts of land, in Rusk County, Texas, together with all improvements situated thereon, to-wit:

LUMINANT MINING TRACT 1262 IN AREA 361

All that certain tract lot or parcel of land, a part of the DOLORES CORTINAS SURVEY, A-160, and a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas, as shown on the attached Exhibits A & A-1.

Grantor specifically reserves unto herself, and the present record owners, her heirs and assigns, all of the oil, gas and liquid hydrocarbons lying in, on, and under the above described lands together with the right of ingress and egress for the recovery and production of same. However, no operations for the recovery of such oil, gas and liquid hydrocarbons shall interfere with Grantee's use of the subject property. Grantor specifically conveys all the coal and lignite lying in, on, and under Tract 1262, together with the right of ingress and egress. This conveyance is subject to all existing valid oil, gas and mineral leases, and coal and lignite leases of record covering subject land.

This conveyance is subject to all existing recorded rights-of-way, and easements of record in the Deed Records of Rusk County, Texas, or those which have been acquired by prescriptive rights.

18

V.3057 Pg.413

00102614 VOL: 3057 PG:  414

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEE, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said GRANTEE, its successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

WITNESS MY HAND this 29th day of December, 2010.



EMMA JEAN TRIMBLE SMITH


THE STATE OF TEXAS             §
                              §
COUNTY OF HARRISON            §

This instrument was acknowledged before me on the 28th day of December, 2010, by EMMA JEAN TRIMBLE SMITH.

RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

Notary Public, State of Texas

**19**

00102614 VOL: 3957 PG: 415

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL. & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
25.326 Acres
Area 361 – Tract 1262
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to-wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

00102614 VOL: 3057 PG: 416

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9642·
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.B.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 – Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing 25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.

Bearing Source: Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 10°58'02" W)
Texas North Central Coordinate Source: Based on SEMPCO Mon. 53 (NAD'27)

PLAT PREPARED OF EVEN DATE.

I, DANIEL LEE COOPER, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

21



PLAT OF SURVEY
SHOWING
PART OF THE DELORES CORTINAS SURVEY A - 160
AND PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 200.00'

Exhibit "A-1"

00102614 VOL: 3057 PG:   418

STATE OF TEXAS                        COUNTY OF RUSK        FILED FOR RECORD
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me  and    Jan 05,2011 02:45P
was duly recorded  in the volume  and page of the
named  records  of  Rusk County,  Texas  as stamped   JOYCE LEWIS-KUGLE,
hereon by me.           OFFICIAL PUBLIC RECORDS        COUNTY CLERK
                                                       RUSK COUNTY, TEXAS

       Jan 05,2011 02:45P                              By:

JOYCE LEWIS-KUGLE, COUNTY CLERK                        Joyce Mills
                                                       DEPUTY
RUSK COUNTY, TEXAS

*(Tract 1344)*

No. 2013-391

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., A/K/A | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., SHARON | § | |
| TRIMBLE DONALDSON, SELIA TRIMBLE | § | |
| SHAWKEY, AND BILLIE J. MURPHY | § | |
| TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

### PLAINTIFF'S REPLY TO THE
### TREMBLE FAMILY'S SUMMARY JUDGMENT RESPONSE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC ("Plaintiff" or "Luminant") files this reply to the response filed by Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response") to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues ("Plaintiff's Motion for Summary Judgment").

### I.
### INTRODUCTION

Plaintiff has moved for summary judgment on the first-phase partition issues in this cause:

(1)     The determination of the shares or interests owned by the parties in the Property; and

(2)     A determination that the Property is not susceptible to a fair and equitable partition in kind, and rendition of an order directing (a) that a receiver be appointed to conduct

*(Tract 1344)*

the sale of the Property and (b) that the Property be sold, subject to subsequent Court approval and confirmation.

The members of the Tremble Family are the only Defendants who have responded to Plaintiff's Motion for Summary Judgment. The Tremble Family's Response does not challenge partition by sale in any manner. Instead, the response raises two issues:

(1)    The Tremble Family contends that the December 2010 deed from Emma Jean Trimble Smith (sister of Wilmer F. Tremble, Sr.) to Luminant was fraudulent; and

(2)    Although the Tremble Family is silent about its effect on the respective family members' title, they attach to their response a will by Wilmer F. Tremble, Sr. that alters the status of undivided ownership among the Tremble Family members from that previously known to Luminant and presented in Plaintiff's Motion for Summary Judgment.

This reply addresses each of these two issues. First, the December 2010 deed from Emma Jean Trimble Smith to Luminant is not fraudulent. Contrary to the Tremble Family's contention, the deed does not convey or purport to convey to Luminant any interest greater than the undivided interest Emma Jean Trimble Smith owned, and she was fully within her rights and authority to make that conveyance without the joinder or consent of the Tremble Family. Second, by virtue of the Wilmer F. Tremble, Sr. will, which was probated in Harrison County but had not been filed in the Deed Records of Rusk County and therefore was not known of by Luminant, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 12.5 percent interest that Luminant previously had understood was owned by the Tremble Family in accordance with the allocation delineated in Plaintiff's Motion for Summary Judgment.

The Supplement to Affidavit of Russell Davis is attached to this reply as Exhibit 1 and is incorporated by reference in this reply.

2

*(Tract 1344)*

## II.
### ARGUMENT AND AUTHORITIES

**A.   Emma Jean Trimble Smith's deed to Luminant is not fraudulent.**

The Tremble Family refers to the December 2010 deed from Emma Jean Trimble Smith to Luminant, conveying her undivided interest in the Property, as "fraudulent." *See* Tremble Family's Response, p. 2, para. II.4.[1]  The Tremble Family members have no standing to assert fraud on behalf of Emma Jean Trimble Smith, *Nobles v. Marcus,* 533 S.W.2d 923, 925-27 (Tex. 1976), and they seemingly do not assert such.  Instead they contend that *they* were defrauded, stating that "One hundred percent of the land was Deeded" by the deed—apparently referring to the entirety of the Tremble Family's interest—and that the deed was "concealed from" and made "without knowledge or consent" of the Tremble Family.  Tremble Family's Response, p. 3, para. IV.  These contentions are merely conclusory, are not sworn to, have no other competent evidentiary support, and are without merit.

The deed from Emma Jean Trimble Smith to Luminant is dated December 13, 2010, and was recorded in Volume 3053, Page 622 of the Deed Records of Rusk County, Texas, as Document No. 00102067, on December 16, 2010. *Id.; see* Exhibit B attached to Exhibit 1.

Even if Emma Jean Trimble Smith had attempted to convey an interest in the Property beyond what she owned, the Tremble Family would not have been "defrauded" by the deed, because the deed could legally convey "such interest, and only such interest, in the land as the maker of the deed possesses." *Thomas v. Southwestern Settlement & Development Co.,* 123 S.W.2d 290, 297 (Tex. 1939); *see also Home Owners' Loan Corp. v. Cilley,* 125 S.W2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[T]he general rule is that one tenant in common

---

[1] The Tremble Family lists the deed as an exhibit to their response, but Luminant did not receive a copy of the deed from the Tremble Family.  A true and correct copy of the deed is authenticated by and attached as Exhibit B to the Supplement to Affidavit of Russell Davis, Exhibit 1 to this reply.

3

cannot by his sole act sell or encumber more than his portion of the common property."). Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deed's words, "all of my undivided interest" in the Property. Exhibit B to Exhibit 1. She did not convey or purport to convey any interest in the Property greater than that which she owned.

Emma Jean Trimble Smith is the sister of Wilmer F. Tremble, Sr., who in turn was the husband of Defendant Billie J. Murphy Tremble and the father of Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *See* April 27, 2007 Affidavit of Heirship executed by Bloys Donaldson attached to the Tremble Family's Response as Exhibit 1. The Tremble Family, however, is mistaken in arguing that the Smith to Luminant deed somehow is rendered "fraudulent," as to them or their interest, by virtue of the fact that Emma Jean Trimble Smith did not notify them about her conveyance or obtain their consent to or joinder in the deed.

For well over a century, Texas courts have held that a cotenant may convey her interest in real property without the consent or knowledge of her cotenants. *Peterson v. Fowler*, 11 S.W. 534, 535 (Tex. 1889); *Heller v. Heller*, 269 S.W. 771, 776 (Tex. 1925) ("As a tenant in common, Mrs. Heller had the right to sell off any particular part of the entire community estate, just so long as her deed did not injure the rights of the other children to secure their part of the estate."); *Watson v. Beall*, 279 S.W. 543, 545 (Tex. Civ. App.—Waco 1925, writ dism'd w.o.j.) (holding that "a party who owns an undivided interest in real estate can sell his interest, or any portion thereof, without in any way incumbering or affecting the undivided interest held therein by his cotenants"); *Cohen v. Texas Land & Mortgage Co.*, 137 S.W.2d 806, 813 (Tex. Civ. App.—Fort Worth 1940) ("Each cotenant can sell or encumber his undivided share of the common property, and the others cannot prevent him, for he thus interferes with no right of theirs."), *rev'd on other grounds, Texas Land & Mortgage Co. v. Cohen*, 159 S.W.2d 859 (Tex. 1942); *Lake v. Reid*, 252

4

S.W.2d 978, 982 (Tex. Civ. App.—Texarkana 1952, no writ) ("The rule is well known that each cotenant may freely assign or convey his interest in the common property, 'and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as a matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale.'"); *Barstow v. State*, 742 S.W.2d 495, 508 (Tex. App.—Austin 1987, writ denied) ("One cotenant may freely convey his interest in the common property as long as he does not prejudice the rights of his cotenants in the premises," citing *Peterson v. Fowler* and *Lake v. Reid*).

Finally, neither Luminant nor Emma Jean Trimble Smith "concealed" the deed. Instead, they recorded the deed in public records shortly after its execution. Tremble Family's Response, pp. 2-3 (acknowledging that the deed was "filed in Rusk County, Texas ... December 16, 2010" and was "recorded in [the] Rusk County Court House in the County Clerk's Office"); Exhibit 1, p. 3, para. 6.

In short, the Tremble Family did not adduce any evidence of fraud, and the Smith deed is not fraudulent.

**B.      Under Wilmer F. Tremble, Sr.'s will, the sole owner of Mr. Tremble's undivided interest in the Property is Defendant Billie J. Murphy Tremble.**

The Tremble Family does not explicitly raise any title issue, apart from the Smith "fraudulent" deed claim just refuted. The effect of Wilmer F. Tremble, Sr.'s will, however, requires an alteration of the title determination within the Tremble Family interests.

The Tremble Family attaches two relevant title instruments to the response: (1) the April 27, 2007 Bloys Donaldson Affidavit of Heirship; and (2) the August 15, 1978 Wilmer F. Tremble will. Tremble Family's Response, p. 2. Luminant will address the significance of each.

5

Luminant was aware of the Affidavit of Heirship, which is recorded in the Rusk County Deed Records, when it made a pre-suit determination of title to the Property, filed this suit, and moved for summary judgment. Exhibit 1, pp. 1-2, para. 2. Indeed, in determining the succession of ownership of Wilmer F. Tremble, Sr.'s undivided interest, as a result of his death, Luminant relied on the sworn statement in the Affidavit that Mr. Tremble died intestate. *Id.* Luminant searched the Rusk County Deed Records for evidence of a possible will and probate proceedings, but found none. *Id.* at p. 2, para. 3. Based on the Affidavit of Heirship, Luminant determined that Mr. Tremble's undivided and separate property interest (12.5 percent) passed to the members of the Tremble Family in accordance with the law of intestacy: A one-third life estate in Mr. Tremble's wife, Defendant Billie J. Murphy Tremble, and a one-third undivided interest each (4.166667 percent) in Mr. Tremble's children, Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *Id.* at p. 2, para. 2.

When the Tremble Family submitted the summary judgment response with the will as an exhibit, Luminant learned of the will for the first time. *Id.* p. 2, para. 4. The will was probated in Harrison County, as the Tremble Family's Exhibit 3 states, but was not previously recorded in Rusk County. *Id.* at p. 2, para. 3. After the Tremble Family's Response was filed, Luminant obtained a certified copy of the will and related probate records from Harrison County and filed them in the Rusk County Deed Records. *Id.* at pp. 2-3, para. 4; *see* Exhibit A to Exhibit 1.

Mr. Tremble's will bequeathed all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 12.5 percent interest in the Property previously owned by her

6

*(Tract 1344)*

husband.[2]  Luminant is submitting with this reply a revised form of judgment that conforms to the title information provided in the Tremble Family's Response.

### III.
### REQUEST FOR RELIEF

Plaintiff Luminant Mining Company LLC respectfully requests that the Court render summary judgment:  finding and determining that the shares or interests of Plaintiff and the Defendants in the Property are as set forth in Plaintiff's Motion for Summary Judgment, as modified by this reply; ordering that a receiver be appointed to sell the Property and to enter into a contract for sale, which contract shall be subject to approval and confirmation by the Court, and to report the proposed sale to the Court; and granting Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

---

[2] The Tremble Family also attached to the response as Exhibit 2 a copy of a November 16, 2006 Mineral Deed in which Defendant Billie J. Murphy Tremble conveyed to Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. the oil, gas, and minerals in the Property and in other land. This Mineral Deed, however, is not relevant to this lawsuit. As Luminant stated in its Petition and in Plaintiff's Motion for Summary Judgment, this suit for partition pertains only to the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.

*(Tract 1344)*

John R. ("Rusty") Phenix
Phenix, Phenix & Crump, PC
118 S Main St
Henderson TX 75654
(903) 657-3595 or (800) 940-1047
rusty@phenixlawfirm.com


By: _David E. Jackson_
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC


## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Plaintiff's Reply to the Tremble Family's Summary Judgment Response was sent as follows via certified mail, return receipt requested, on this the 17th day of September, 2014.

Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069144

Selia Tremble Shawkey
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069205

Wilmer Forest Tremble, Jr.
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069229

Billie J Murphy Tremble
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069212


_David E. Jackson_
David E. Jackson

8

*(Tract 1344)*

## EXHIBIT 1

### No. 2013-391

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| WILMER FORREST TRIMBLE, JR., A/K/A<br>WILMER FORREST TREMBLE, JR., SHARON<br>TRIMBLE DONALDSON, SELIA TRIMBLE<br>SHAWKEY, AND BILLIE J. MURPHY<br>TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br>4TH JUDICIAL DISTRICT |

### SUPPLEMENT TO THE AFFIDAVIT OF RUSSELL DAVIS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF RUSK | § |

Russell Davis, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.    My name is Russell Davis.  I am an independent contract Landman working for Luminant Mining Company LLC ("Luminant").  The following is based upon my personal knowledge.  This affidavit supplements my previous affidavit submitted in support of and as an exhibit to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues.

2.    I was aware of and I relied on the April 27, 2007, Affidavit of Heirship executed by Bloys Donaldson, which is recorded in Volume 2740, Page 73 of the Deed Records of Rusk County and which is attached as Exhibit 1 to the summary judgment response of Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response"), when I made the

*(Tract 1344)*

determination of title to the Property on behalf of Luminant in advance of the filing of this suit, at the time suit was filed, and at the time I submitted my Affidavit in support of Luminant's motion for summary judgment. I relied on the statement in the Affidavit of Heirship that Wilmer F. Tremble, Sr. died intestate in support of the determination that Defendant Billie J. Murphy Tremble owned a life estate interest in an undivided one-third of 12.5 percent and that Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. each owned undivided interests of 4.166667 percent.

3.      In researching title to the Property, I searched the Rusk County Deed Records for the possible existence of probate proceedings and a will by Wilmer F. Tremble, Sr., but I did not locate any such instruments in the Rusk County Deed Records. I was unaware that Wilmer F. Tremble, Sr. had a will or that his will was probated in Harrison County when I made my previous determination of title to the Property before this suit was filed, at the time suit was filed, and at the time Luminant moved for summary judgment, and, so far as I am aware, no one else at Luminant had knowledge that Mr. Tremble had executed a will or that the will was probated in Harrison County.

4.      Counsel for Luminant sent me a copy of the August 15, 1978 will of Wilmer F. Tremble, Sr. and related probate records that are attached as Exhibit 3 to the Tremble Family's Response filed by the Tremble Family. That was the first time I learned and, so far as I am aware, the first time anyone at Luminant learned, that Wilmer F. Tremble, Sr. had a will. After I received those documents, I obtained a certified copy of the will and related probate records from Harrison County and filed the certified copy of those documents in the Rusk County Deed Records. A true and correct copy of those documents, which are recorded in Volume 167, Pages 715-727 of the Deed Records of Rusk County, are attached to this affidavit as **Exhibit A**.

*(Tract 1344)*

5.    Wilmer F. Tremble, Sr.'s will leaves all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble.  Accordingly, Defendant Billie J. Murphy Tremble, alone, currently owns the undivided 12.5 percent interest in the Property previously owned by Wilmer F. Tremble, Sr.  Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. do not own any interest in the Property.

6.    By Warranty Deed dated December 13 2010, recorded in Volume 3053, Page 622, as Document No. 00102067, of the Rusk County Deed Records, Emma Jean Trimble Smith conveyed, in the words of the deed, "all of my undivided interest" in the Property to Luminant. A true and correct copy of the Warranty Deed is attached to this Affidavit as **Exhibit B**. Luminant submitted the Warranty Deed for recording and it was recorded in the Rusk County Deed Records on December 16, 2010.

Further, Affiant sayeth not.

Russell Davis, Landman

STATE OF TEXAS          §
                        §
COUNTY OF RUSK          §

This instrument was acknowledged before me on this 12th day of September, 2014, by Russell Davis.

Notary Public, State of Texas

JANICE M LAMPIN
My Commission Expires
August 9, 2016

00146164 VOL: 3317 PG: 340    (Tract 1344)

# Exhibit A to Exhibit 1

VOL 167 PAGE 715

F I L E D

MAR 28 1979

CLERK LINH
CLERK COUNTY COURT
HARRISON COUNTY, TEX
By [signature]

NO. 79-9385- CCL

| IN THE MATTER OF THE ESTATE OF | IN THE COUNTY COURT AT LAW |
| WILMER FORREST TREMBLE, SR., | OF |
| DECEASED | HARRISON COUNTY, TEXAS |

### APPLICATION TO PROBATE WILL
### AND FOR LETTERS TESTAMENTARY

TO SAID HONORABLE COURT:

COMES NOW Billie Tremble, whose address is Evans Street, P. O. Box 592, Marshall, Texas, and files this her Application to probate the Last Will and Testament of Wilmer Forrest Tremble, Sr., deceased, and would show the Court as follows:

That the said Wilmer Forrest Tremble, Sr., died on or about August 22, 1978, in Marshall, Harrison County, Texas, at the age of 48 years; that at the time of his death he resided in Marshall, Harrison County, Texas, where he had his domicile and fixed place of residence; a true and correct copy of the death certificate of said Wilmer Forrest Tremble, Sr. is filed herewith.

That the principal part of decedent's property, at the time of his death was situated in Harrison County, Texas; that at the time of his death decedent was seized and possessed of real and personal property of an approximate value of $30,000.00.

That the decedent, Wilmer Forrest Tremble, Sr. left a written will, which is attached hereto and made a part of this applica-tion, duly signed and executed by him, dated August 15, 1978, which will was never revoked by said decedent, and which will named therein your applicant, Billie Tremble, as sole devisee and beneficiary, and as Independent Executrix without bond; that said will was witnessed by Norma Seaton and Sheri Lynn Herring, of Marshall, Harrison County, Texas.

That your applicant's domicile is in Marshall, Harri-son County, Texas; that she is not disqualified from accepting Letters Testa-mentary and from being appointed Executrix as aforesaid.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST [signature]
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
[signature]
DEPUTY

4

00146164 VOL= 3317.PG=    341

VOL. 167 PAGE 718

WHEREFORE, your applicant prays the Court that
citation issue as required by law, and that upon final hearing hereof,
said will be admitted to probate and record, and that Letters Testamentary
be issued to your applicant, and that such other and further orders be made
as the Court may deem proper.

*Joe A. Hughey*

JOE A. HUGHEY
ATTORNEY AT LAW
P. O. BOX 281
MARSHALL, TEXAS  75670

ATTORNEY FOR APPLICANT

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

00146164 VOL: 3317 PG: 342

VOL **167** PAGE **717**



*Memorial Hospital*

205 University Avenue ♦ 214/935-9311

MARSHALL, TEXAS 75670

TO WHOM IT MAY CONCERN:

I, Wilmer F. Tremble, being of sound mind write my last will and testament.

I will all of my property, real and personal, to my wife, Billie Tremble.

In the event my wife dies prior to my death, I will all of my property to my children; Sharon, Selia and Wilmer Jr., share and share alike.

I appoint my wife, Billie Tremble, as independent executrix without bond and direct that no action shall be had in any probate court or other court with relation to the settlement of my estate other than the probating and recording of this will and the return of an inventory.

Witness my hand this _15th._ day of _August_ 1978.

_Wilmer F. Tremble_
Wilmer F. Tremble

The above instrument was now here published as the last will and testament of Wilmer F. Tremble, and was signed and suscribed by Wilmer F. Tremble in our presence and we at his request, in his presence, and the presence of each other sign and subscribe our names here to as attesting witnesses on the date of above written.

Witness: _Norma Seaton_

Witness: _Sheri Lynn Herring, RN_

F I L E D

MAR 28 1979

CLERK LEWIS
C.S.E. District Court
By _Patty Duncan_
Deputy

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
ATTEST_____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
_____ DEPUTY

6

00146164 VOL: 3317 PG: -343

VOL 167 PAGE 718

I do hereby certify that this is a true and
correct copy of the Death Certificate of
_____
filed    8/28/78
Done by Duncan, Registrar Births & Deaths _____ Deputy

FILED
28th day of _____ 1929
GLENN LINK, County Clerk
_____ Deputy

## CERTIFICATE OF DEATH

TEXAS DEPARTMENT OF HEALTH

MEDICAL CERTIFICATION

Harrison

Marshall

Wilson Memorial Hospital

Male    Negro

Young Tremble

School Teacher    Marshall School

S/P Chemo therapy for Malignant

Interstitial Pulmonary Fibrosis

Respiratory Failure-Death

July 28, 1930

Tremble    Evans St.  P.O. Box 592
Texas    U.S.A.

Mrs. Billie Joyce Tremble

Sallie Bell Pollard

August 22, 1978

Harrison

March

NA

8/25/78

P.O. Box 479 Marshall, Texas 75670   8/25/78

Trammell Company
Tatum, Texas

8/25/78    8-25-1978



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

7

00146164 VOL: 3317 PG: 344

CLERK'S COPY

14-3104(1441)—CITATION ON APPLICATION TO PROBATE WILL AND FOR LETTERS TESTAMENTARY—(Posted) ("971")     State-Wide—Austin

## THE STATE OF TEXAS VOL. 167 PAGE 719

TO ALL PERSONS INTERESTED IN THE ESTATE OF _____

WILMER FORREST TREMBLE, SR., _____, Deceased.

No. __79-9385-CCL__, County Court at Law, Harrison _____ County, Texas.

BILLIE TREMBLE

filed in the County Court at Law of Harrison _____ County, Texas, on the __28th__ day

of ____March____ A.D. 19_79_, an application for the probate of the last will and testa-

ment of said ____WILMER FORREST TREMBLE, SR.,_____, Deceased,

and for letters testamentary (the said will accompanying said application).

Said application will be heard and acted on by said Court at 10 o'clock A.M. on the first Monday next

after the expiration of ten days from date of posting this citation, the same being the __9th__ day of

__April__, 1979, at the County Courthouse in __Harrison County, Marshall__, Texas.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above

mentioned time and place by filing a written answer contesting such application should they desire to do so.

The officer executing this citation shall post the copy of this citation at the courthouse door of the county

in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily

are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting and return

the original copy of this citation to the clerk stating in a written return thereon the time when and the place

where he posted such copy.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in _____

__Marshall__, Texas, this the __28th__ day of __March__, A.D. 19_79_

GLENN LINK
Clerk of the County Court at Law

Harrison
County, Texas

By _Betty Duncan_
Deputy

(SEAL)

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

8

00146164 VOL: 3317 PG: 345

VOL 167 PAGE 720

## SHERIFF'S RETURN

Came to hand on the ___27___ day of ___March___ A.D. 19 _79_, at ___10___ o'clock _a_ M., and executed on the ___27___ day of ___March___ A.D. 19 _79_, by posting a copy of the within citation for ten days, exclusive of the day of posting, before the return day hereof, at the County Courthouse door of ___Harrison___ County, Texas, or at the place in or near the said courthouse where public notices customarily are posted.

FEE

Posting Citation .......... $ _2.00_

SHERIFF N. F. SHIVERS
HARRISON COUNTY, TEXAS _____ Sheriff,
_____ County, Texas.

By _Imogene McCarty_ _____ Deputy.



16-20013445

File No. 79-9385-CCL

ESTATE OF

WILMER FOREST TREMBLE, SR.,
Deceased

CITATION ON APPLICATION TO
PROBATE WILL AND FOR
LETTERS TESTAMENTARY

Issued   March 28   A.D. 19 79

Glenn Link   County Clerk

By _____ Deputy.

Returned and filed the _____ day of _____ A.D. 19 ___ In
_____ FILED FOR RECORD
79 APR 9   12 2 24
CO CLE____ ___H CO.
BY ____ DEP.
Volume ____ ____ Probate Minutes of ____ County.

County Clerk

By _____ Deputy.

22.3

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
ATTEST _____, 2014
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS
_____ DEPUTY

9

00146164 VOL: 3317 PG: 346

VOL. 107 PAGE 721

FILED

NO. 79-9385    CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

## PROOF BY SUBSCRIBING WITNESS

On this the 9th day of April, 1979, Sheri Lynn Herring personally appeared in open Court, and after being duly sworn, deposes and says that:

"1. Wilmer Forrest Tremble, Sr. died on or about August 22, 1978, at the age of 48 years; that four years have not elapsed since the date of decedent's death.

2. Decedent, Wilmer Forrest Tremble, Sr. was domiciled and had a fixed place of residence in this County at the date of his death.

3. The document dated August 15, 1978, now shown to me and which purports to be decedent's will was never revoked so far as I know.

4. A necessity exists for the administration of this estate.

5. No child or children were born to or adopted by decedent after the date of the will.

6. Decedent was never divorced.

7. The Independent Executrix named in the will is not disqualified by law from accepting Letters Testamentary or from serving as such and is entitled to such Letters.

8. On the same day that the will is dated, I was present and saw Wilmer Forrest Tremble, Sr., deceased, sign the document now shown to me and which purports to be decedent's will, and decedent published and declared to me and to Norma Seaton that this document was decedent's will. At decedent's request Norma Seaton and I, then each being credible witnesses above the age of fourteen years, subscribed our names to this document in the



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST:
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

10

00146164 VOL: 3317 PG: 347

VOL **167** PAGE **722**

presence of decedent and of each other. On such date, decedent was of sound

mind and had attained the age of eighteen years."

Signed this the ~~8th~~ *24th* day of April, 1979.

*Sherie Lynn Herring*
SHERI LYNN HERRING

SWORN TO AND SUBSCRIBED BEFORE ME by Sheri Lynn

Herring, this the ~~9th~~ *24th* day of April, 1979, to certify which witness my hand

and seal of office.

*[signature]*
Clerk, County Court at Law, Harrison
County, Texas
*By Betty Duncan, Deputy*

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

*[signature]*
DEPUTY

11

00146164 VOL= 3317 PG= 348

VOL. 167 PAGE 723

FILED

APR 30 1979

BETTY LYNN
CLERK COUNTY COURT
HARRISON COUNTY
By Betty Damron
Deputy

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

## ORDER ADMITTING WILL TO PROBATE AND RECORD
## AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application

for Probate of Will and Issuance of Letters Testamentary filed by Billie

Tremble, Applicant, in the Estate of Wilmer Forrest Tremble, Sr., deceased.

The Court, having heard the evidence and having

reviewed the Will and the other documents filed herein, finds that the allega-

tions contained in the Application are true; that notice and citation have

been given in the manner and for the length of time required by law;  that

decedent is dead and that four years have not elapsed since the date of decedent's

death; that this Court has jurisdiction and venue of the decedent's estate;

that decedent left a will dated August 15, 1978, executed with the formalities

and solemnities and under the circumstances required by law to make a valid

will; that on such date decedent had attained the age of 18 years and was of

sound mind; that such will was not revoked by decedent; that no objection to

or contest of the probate of such will has been filed; that all of the necessary

proof required for the probate of such will has been made; that such will is

entitled to probate;  that in said will, deceased named Billie Tremble as

Independent Executrix, to serve without bond, who is duly qualified and not

disqualified by law to act as such and to receive Letters Testamentary;  that

a necessity exists for the administration of this estate; and that no interested

person has applied for the appointment of appraisers and none are deemed

necessary by the Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED

that such Will is admitted to probate, and the Clerk of this Court is ordered

to record the same, together with the Application in the Minutes of this Court.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS
BY
DEPUTY

12

00146164 VOL= 3317 PG= 349

VOL 167 PAGE 724

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to Billie Tremble, who is appointed as Independent Executrix of decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED and entered this the 30 day of April, 1979.

JUDGE PRESIDING

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

13

00146164 VOL: 3317 PG: 350

VOL **167** PAGE **725**

F I L E D

APR 30 1979

CLERK LSLK
CLR & CNTY AT COURT

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### OATH OF EXECUTRIX

I do solemnly swear that I have been appointed Independent Executrix, without bond, of the Estate of Wilmer Forrest Tremble, Sr., deceased, and that I will well and truly perform all the duties of Independent Executrix.

_Billie Tremble_
BILLIE TREMBLE, INDEPENDENT EXECUTRIX

SWORN TO AND SUBSCRIBED BEFORE ME this the 9th day

of April, 1979.

_signature_
NOTARY PUBLIC, HARRISON COUNTY, TEXAS

F I L E D

APR   1979

CLEAN INK
CLERK COUNTY COURT
HARRISON COUNTY TEXAS
BY _____
DEPUTY

F I L E D

APR   1979

CLEAN INK
CLERK COUNTY COURT
HARRISON COUNTY TEXAS

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND/OR RECORD IN MY OFFICE
ATTEST _____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

_signature_
DEPUTY

14

00146164 VOL: 3317 PG: 351

12240—LETTERS TESTAMENTARY—CLASS 3  (PROBATE CODE EFFECTIVE JAN.1, 1956)  BARNARD · DALLAS

VOL 167 PAGE 726

# LETTERS TESTAMENTARY

THE STATE OF TEXAS,

County of ___HARRISON___

IN COUNTY COURT, AT LAW

___HARRISON___  County, Texas

I, the Undersigned Clerk of the County Court at Law, Harrison County, Texas, do hereby certify that on the ___30th___ day of ___April___, A. D. 19 79, ___BILLIE TREMBLE___ : was were duly granted by said Court Letters Testamentary of the Estate of ___WILMER FORREST TREMBLE, SR.,___ , deceased, and that a he ___qualified as___ Independent Executrix of said estate on the 30th day of ___April___ A. D. 19 79 as the Law requires and that said appointment is still in full force and effect.

Given under my hand and seal of office at ___Marshall___, Texas the ___1st___ day of ___May___, A. D. 19 79

(Seal)

GLENN LINK, ___Clerk,___

County Court at Law, ___HARRISON___ County, Texas.

By ___Betty Duncan___ Deputy.



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST _____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
_____ DEPUTY

00146164 VOL: 3317 PG: 352

VOL. 167 PAGE 727

No. 79-9385-CCL

ESTATE OF

WILMER FORREST TREMBLE, SR., , Deceased

LETTERS TESTAMENTARY

To

BILLIE TREMBLE

As INDEPENDENT EXECUTRIX WITHOUT BOND

Issued the 1st day of May A.D. 1979.

GLENN LINK, Clerk

County Court at Law, Harrison County, Texas

By Betty Dienzel Deputy.

F I L E D

1st Day of May 19 79

GLENN LINK, County Clerk

By Betty Dienzel Deputy

I, PATSY COX, COUNTY CLERK OF HARRISON COUNTY, TEXAS, HEREBY CERTIFIES THAT THE FOREGOING, CONSISTING OF _____ PAGES, IS A TRUE CORRECT AND FULL COPY OF THE INSTRUMENT HEREWITH SET OUT AS APPEARS OF RECORD, IN THE COUNTY CLERK'S OFFICE OF HARRISON COUNTY, TEXAS, THE ____ DAY OF _____
PATSY COX County Clerk
BY _____

00146164 VOL: 3317 PG:    353

| STATE OF TEXAS | COUNTY OF RUSK | FILED FOR RECORD |
|---|---|---|

STATE OF TEXAS                        COUNTY OF RUSK
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me  and
was  duly recorded  in the volume  and page of the
named  records  of  Rusk County, Texas  as stamped
hereon by me.                        OFFICIAL PUBLIC RECORDS

Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE, COUNTY CLERK

RUSK COUNTY, TEXAS

FILED FOR RECORD

Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE,
COUNTY CLERK
RUSK COUNTY, TEXAS

By:

Brenda Shankles
DEPUTY

Luminant Mining Company
Martin Lake Real Estate
P.O. Box 966
Henderson, TX 75653

17

00102067 VOL: ⌐053 PG: 622

## Exhibit B to Exhibit 1

Area 361
Tracts 1343 & 1344

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## *CASH WARRANTY DEED*

THE STATE OF TEXAS      §
                        §           KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK          §

That I, **EMMA JEAN TRIMBLE SMITH**, hereinafter called Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration paid by **LUMINANT MINING COMPANY LLC, a Texas Limited Liability Company,** hereinafter called Grantee, as follows:

CASH, the receipt and sufficiency of which is hereby acknowledged and confessed;

have Bargained, Granted, Sold and Delivered, and by these presents do Bargain, Grant, Sell and Deliver unto the said Grantee, whose address is 500 N. Akard, Dallas, Texas, 75201, all of my undivided interest in the following described tracts of land, in Rusk County, Texas, together with all improvements situated thereon, to-wit:

### LUMINANT MINING TRACT 1343 IN AREA 361

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, as shown on the attached Exhibits A & A-1.

### LUMINANT MINING TRACT 1344 IN AREA 361

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900, from Ollie Brooks, et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, as shown on the attached Exhibits B & B-1.

Grantor specifically reserves unto herself, and the present record owners, her heirs and assigns, all of the oil, gas and liquid hydrocarbons lying in, on, and under the above described lands together with the right of ingress and egress for the recovery and production of same. However, no operations for the recovery of such oil, gas and liquid hydrocarbons shall interfere with Grantee's use of the subject property. Grantor specifically conveys all the coal and lignite lying in, on, and under

18

Vol. 3053 Pg. 622

00102067 VOL: 3053 PG: 623

Tracts 1343 and 1344, together with the right of ingress and egress. This conveyance is subject to all existing valid oil, gas and mineral leases, and coal and lignite leases of record covering subject land.

This conveyance is subject to all existing recorded rights-of-way, and easements of record in the Deed Records of Rusk County, Texas, or those which have been acquired by prescriptive rights.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEE, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said GRANTEE, its successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

WITNESS MY HAND this 13th day of December, 2010.



RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

EMMA JEAN TRIMBLE SMITH

THE STATE OF TEXAS            §
                              §
COUNTY OF HARRISON            §

This instrument was acknowledged before me on the 13th day of December, 2010, by EMMA JEAN TRIMBLE SMITH.



RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

Notary Public, State of Texas

19

00102067 VOL: 3053 PG: 624

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**33.094 Acres**
**Area 361 – Tract 1343**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

00102067 VOL: 3753 PG: 625

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

00102067 VOL: 3053 PG: 626

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly
N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42
feet, to the place of beginning and containing **33.094 acres of which 2.299 acres are
located within the R.O.W. of F.M. Road No. 2658.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

22

00102067 VOL: 3053 PG: 627



00102067 VOL: 7 53 PG: 628

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East,  along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

00102067 VOL: 153 PG: 629

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: *lacysur@aol.com*

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

25

00102067 VOL: 53 PG: 630

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736 acres.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 400.00'

Exhibit "B-1"
27

*(Tract 1343)*

No. 2013-392

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., A/K/A | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., SHARON | § | |
| TRIMBLE DONALDSON, SELIA TRIMBLE | § | |
| SHAWKEY, AND BILLIE J. MURPHY | § | |
| TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

## PLAINTIFF'S REPLY TO THE
## TREMBLE FAMILY'S SUMMARY JUDGMENT RESPONSE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC ("Plaintiff" or "Luminant") files this reply to

the response filed by Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia

Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family" and "the Tremble

Family's Response") to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment

on First Phase Partition Issues ("Plaintiff's Motion for Summary Judgment").

### I.
### INTRODUCTION

Plaintiff has moved for summary judgment on the first-phase partition issues in this

cause:

(1)    The determination of the shares or interests owned by the parties in the Property;

and

(2)    A determination that the Property is not susceptible to a fair and equitable

partition in kind, and rendition of an order directing (a) that a receiver be appointed to conduct

*(Tract 1343)*

the sale of the Property and (b) that the Property be sold, subject to subsequent Court approval and confirmation.

The members of the Tremble Family are the only Defendants who have responded to Plaintiff's Motion for Summary Judgment.  The Tremble Family's Response does not challenge partition by sale in any manner.  Instead, the response raises two issues:

(1)    The Tremble Family contends that the December 2010 deed from Emma Jean Trimble Smith (sister of Wilmer F. Tremble, Sr.) to Luminant was fraudulent; and

(2)    Although the Tremble Family is silent about its effect on the respective family members' title, they attach to their response a will by Wilmer F. Tremble, Sr. that alters the status of undivided ownership among the Tremble Family members from that previously known to Luminant and presented in Plaintiff's Motion for Summary Judgment.

This reply addresses each of these two issues.  First, the December 2010 deed from Emma Jean Trimble Smith to Luminant is not fraudulent.  Contrary to the Tremble Family's contention, the deed does not convey or purport to convey to Luminant any interest greater than the undivided interest Emma Jean Trimble Smith owned, and she was fully within her rights and authority to make that conveyance without the joinder or consent of the Tremble Family. Second, by virtue of the Wilmer F. Tremble, Sr. will, which was probated in Harrison County but had not been filed in the Deed Records of Rusk County and therefore was not known of by Luminant, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 12.5 percent interest that Luminant previously had understood was owned by the Tremble Family in accordance with the allocation delineated in Plaintiff's Motion for Summary Judgment.

The Supplement to Affidavit of Russell Davis is attached to this reply as Exhibit 1 and is incorporated by reference in this reply.

*(Tract 1343)*

# II.
## ARGUMENT AND AUTHORITIES

**A.    Emma Jean Trimble Smith's deed to Luminant is not fraudulent.**

The Tremble Family refers to the December 2010 deed from Emma Jean Trimble Smith to Luminant, conveying her undivided interest in the Property, as "fraudulent." *See* Tremble Family's Response, p. 2, para. II.4.[1]  The Tremble Family members have no standing to assert fraud on behalf of Emma Jean Trimble Smith, *Nobles v. Marcus,* 533 S.W.2d 923, 925-27 (Tex. 1976), and they seemingly do not assert such.  Instead they contend that *they* were defrauded, stating that "One hundred percent of the land was Deeded" by the deed—apparently referring to the entirety of the Tremble Family's interest—and that the deed was "concealed from" and made "without knowledge or consent" of the Tremble Family.  Tremble Family's Response, p. 3, para. IV.  These contentions are merely conclusory, are not sworn to, have no other competent evidentiary support, and are without merit.

The deed from Emma Jean Trimble Smith to Luminant is dated December 13, 2010, and was recorded in Volume 3053, Page 622 of the Deed Records of Rusk County, Texas, as Document No. 00102067, on December 16, 2010.  *Id.; see* Exhibit B attached to Exhibit 1.

Even if Emma Jean Trimble Smith had attempted to convey an interest in the Property beyond what she owned, the Tremble Family would not have been "defrauded" by the deed, because the deed could legally convey "such interest, and only such interest, in the land as the maker of the deed possesses." *Thomas v. Southwestern Settlement & Development Co.,* 123 S.W.2d 290, 297 (Tex. 1939); *see also Home Owners' Loan Corp. v. Cilley,* 125 S.W2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[T]he general rule is that one tenant in common

---

[1] The Tremble Family lists the deed as an exhibit to their response, but Luminant did not receive a copy of the deed from the Tremble Family.  A true and correct copy of the deed is authenticated by and attached as Exhibit B to the Supplement to Affidavit of Russell Davis, Exhibit 1 to this reply.

cannot by his sole act sell or encumber more than his portion of the common property."). Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deed's words, "all of my undivided interest" in the Property. Exhibit B to Exhibit 1. She did not convey or purport to convey any interest in the Property greater than that which she owned.

Emma Jean Trimble Smith is the sister of Wilmer F. Tremble, Sr., who in turn was the husband of Defendant Billie J. Murphy Tremble and the father of Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *See* April 27, 2007 Affidavit of Heirship executed by Bloys Donaldson attached to the Tremble Family's Response as Exhibit 1. The Tremble Family, however, is mistaken in arguing that the Smith to Luminant deed somehow is rendered "fraudulent," as to them or their interest, by virtue of the fact that Emma Jean Trimble Smith did not notify them about her conveyance or obtain their consent to or joinder in the deed.

For well over a century, Texas courts have held that a cotenant may convey her interest in real property without the consent or knowledge of her cotenants. *Peterson v. Fowler,* 11 S.W. 534, 535 (Tex. 1889); *Heller v. Heller,* 269 S.W. 771, 776 (Tex. 1925) ("As a tenant in common, Mrs. Heller had the right to sell off any particular part of the entire community estate, just so long as her deed did not injure the rights of the other children to secure their part of the estate."); *Watson v. Beall,* 279 S.W. 543, 545 (Tex. Civ. App.—Waco 1925, writ dism'd w.o.j.) (holding that "a party who owns an undivided interest in real estate can sell his interest, or any portion thereof, without in any way incumbering or affecting the undivided interest held therein by his cotenants"); *Cohen v. Texas Land & Mortgage Co.,* 137 S.W.2d 806, 813 (Tex. Civ. App.—Fort Worth 1940) ("Each cotenant can sell or encumber his undivided share of the common property, and the others cannot prevent him, for he thus interferes with no right of theirs."), *rev'd on other grounds, Texas Land & Mortgage Co. v. Cohen,* 159 S.W.2d 859 (Tex. 1942); *Lake v. Reid,* 252

S.W.2d 978, 982 (Tex. Civ. App.—Texarkana 1952, no writ) ("The rule is well known that each cotenant may freely assign or convey his interest in the common property, 'and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as a matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale.'"); *Barstow v. State*, 742 S.W.2d 495, 508 (Tex. App.—Austin 1987, writ denied) ("One cotenant may freely convey his interest in the common property as long as he does not prejudice the rights of his cotenants in the premises," citing *Peterson v. Fowler* and *Lake v. Reid*).

Finally, neither Luminant nor Emma Jean Trimble Smith "concealed" the deed. Instead, they recorded the deed in public records shortly after its execution. Tremble Family's Response, pp. 2-3 (acknowledging that the deed was "filed in Rusk County, Texas ... December 16, 2010" and was "recorded in [the] Rusk County Court House in the County Clerk's Office"); Exhibit 1, p. 3, para. 6.

In short, the Tremble Family did not adduce any evidence of fraud, and the Smith deed is not fraudulent.

**B.**    **Under Wilmer F. Tremble, Sr.'s will, the sole owner of Mr. Tremble's undivided interest in the Property is Defendant Billie J. Murphy Tremble.**

The Tremble Family does not explicitly raise any title issue, apart from the Smith "fraudulent" deed claim just refuted. The effect of Wilmer F. Tremble, Sr.'s will, however, requires an alteration of the title determination within the Tremble Family interests.

The Tremble Family attaches two relevant title instruments to the response: (1) the April 27, 2007 Bloys Donaldson Affidavit of Heirship; and (2) the August 15, 1978 Wilmer F. Tremble will. Tremble Family's Response, p. 2. Luminant will address the significance of each.

Luminant was aware of the Affidavit of Heirship, which is recorded in the Rusk County Deed Records, when it made a pre-suit determination of title to the Property, filed this suit, and moved for summary judgment. Exhibit 1, pp. 1-2, para. 2. Indeed, in determining the succession of ownership of Wilmer F. Tremble, Sr.'s undivided interest, as a result of his death, Luminant relied on the sworn statement in the Affidavit that Mr. Tremble died intestate. *Id.* Luminant searched the Rusk County Deed Records for evidence of a possible will and probate proceedings, but found none. *Id.* at p. 2, para. 3. Based on the Affidavit of Heirship, Luminant determined that Mr. Tremble's undivided and separate property interest (12.5 percent) passed to the members of the Tremble Family in accordance with the law of intestacy: A one-third life estate in Mr. Tremble's wife, Defendant Billie J. Murphy Tremble, and a one-third undivided interest each (4.166667 percent) in Mr. Tremble's children, Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *Id.* at p. 2, para. 2.

When the Tremble Family submitted the summary judgment response with the will as an exhibit, Luminant learned of the will for the first time. *Id.* p. 2, para. 4. The will was probated in Harrison County, as the Tremble Family's Exhibit 3 states, but was not previously recorded in Rusk County. *Id.* at p. 2, para. 3. After the Tremble Family's Response was filed, Luminant obtained a certified copy of the will and related probate records from Harrison County and filed them in the Rusk County Deed Records. *Id.* at pp. 2-3, para. 4; *see* Exhibit A to Exhibit 1.

Mr. Tremble's will bequeathed all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 12.5 percent interest in the Property previously owned by her

*(Tract 1343)*

husband.[2]  Luminant is submitting with this reply a revised form of judgment that conforms to the title information provided in the Tremble Family's Response.

## III.
### REQUEST FOR RELIEF

Plaintiff Luminant Mining Company LLC respectfully requests that the Court render summary judgment:  finding and determining that the shares or interests of Plaintiff and the Defendants in the Property are as set forth in Plaintiff's Motion for Summary Judgment, as modified by this reply; ordering that a receiver be appointed to sell the Property and to enter into a contract for sale, which contract shall be subject to approval and confirmation by the Court, and to report the proposed sale to the Court; and granting Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

---

[2] The Tremble Family also attached to the response as Exhibit 2 a copy of a November 16, 2006 Mineral Deed in which Defendant Billie J. Murphy Tremble conveyed to Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. the oil, gas, and minerals in the Property and in other land.  This Mineral Deed, however, is not relevant to this lawsuit.  As Luminant stated in its Petition and in Plaintiff's Motion for Summary Judgment, this suit for partition pertains only to the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.

*(Tract 1343)*

John R. ("Rusty") Phenix
Phenix, Phenix & Crump, PC
118 S Main St
Henderson TX 75654
(903) 657-3595 or (800) 940-1047
rusty@phenixlawfirm.com


By: _____
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC


## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Plaintiff's Reply to the Tremble Family's Summary Judgment Response was sent as follows via certified mail, return receipt requested, on this the 17th day of September, 2014.

| | |
|---|---|
| Sharon Tremble Donaldson<br>2010 Wineberry Dr<br>Katy, TX 77450<br>Certified Mail RRR<br>70132250000048069144 | Selia Tremble Shawkey<br>c/o Sharon Tremble Donaldson<br>2010 Wineberry Dr<br>Katy, TX 77450<br>Certified Mail RRR<br>70132250000048069205 |
| Wilmer Forest Tremble, Jr.<br>c/o Sharon Tremble Donaldson<br>2010 Wineberry Dr<br>Katy, TX 77450<br>Certified Mail RRR<br>70132250000048069229 | Billie J Murphy Tremble<br>c/o Sharon Tremble Donaldson<br>2010 Wineberry Dr<br>Katy, TX 77450<br>Certified Mail RRR<br>70132250000048069212 |


_____
David E. Jackson

*(Tract 1343)*

## Exhibit 1

### No. 2013-392

| | | |
|---|---|---|
| Luminant Mining Company LLC,<br>Plaintiff, | §<br>§<br>§ | In The District Court |
| v. | §<br>§ | |
| Wilmer Forrest Trimble, Jr., A/K/A<br>Wilmer Forrest Tremble, Jr., Sharon<br>Trimble Donaldson, Selia Trimble<br>Shawkey, and Billie J. Murphy<br>Tremble,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | Of Rusk County, Texas<br><br><br>4ᵀᴴ Judicial District |

### Supplement to the Affidavit of Russell Davis

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF RUSK | § |

Russell Davis, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.    My name is Russell Davis.  I am an independent contract Landman working for Luminant Mining Company LLC ("Luminant").   The following is based upon my personal knowledge.  This affidavit supplements my previous affidavit submitted in support of and as an exhibit to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues.

2.    I was aware of and I relied on the April 27, 2007, Affidavit of Heirship executed by Bloys Donaldson, which is recorded in Volume 2740, Page 73 of the Deed Records of Rusk County and which is attached as Exhibit 1 to the summary judgment response of Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response"), when I made the

determination of title to the Property on behalf of Luminant in advance of the filing of this suit, at the time suit was filed, and at the time I submitted my Affidavit in support of Luminant's motion for summary judgment. I relied on the statement in the Affidavit of Heirship that Wilmer F. Tremble, Sr. died intestate in support of the determination that Defendant Billie J. Murphy Tremble owned a life estate interest in an undivided one-third of 12.5 percent and that Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. each owned undivided interests of 4.166667 percent.

3.     In researching title to the Property, I searched the Rusk County Deed Records for the possible existence of probate proceedings and a will by Wilmer F. Tremble, Sr., but I did not locate any such instruments in the Rusk County Deed Records. I was unaware that Wilmer F. Tremble, Sr. had a will or that his will was probated in Harrison County when I made my previous determination of title to the Property before this suit was filed, at the time suit was filed, and at the time Luminant moved for summary judgment, and, so far as I am aware, no one else at Luminant had knowledge that Mr. Tremble had executed a will or that the will was probated in Harrison County.

4.     Counsel for Luminant sent me a copy of the August 15, 1978 will of Wilmer F. Tremble, Sr. and related probate records that are attached as Exhibit 3 to the Tremble Family's Response filed by the Tremble Family. That was the first time I learned and, so far as I am aware, the first time anyone at Luminant learned, that Wilmer F. Tremble, Sr. had a will. After I received those documents, I obtained a certified copy of the will and related probate records from Harrison County and filed the certified copy of those documents in the Rusk County Deed Records. A true and correct copy of those documents, which are recorded in Volume 3317, Pages 340-354 of the Deed Records of Rusk County, are attached to this affidavit as **Exhibit A.**

- 2 -

*(Tract 1343)*

5.    Wilmer F. Tremble, Sr.'s will leaves all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble.  Accordingly, Defendant Billie J. Murphy Tremble, alone, currently owns the undivided 12.5 percent interest in the Property previously owned by Wilmer F. Tremble, Sr.  Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. do not own any interest in the Property.

6.    By Warranty Deed dated December 13 2010, recorded in Volume 3053, Page 622, as Document No. 00102067, of the Rusk County Deed Records, Emma Jean Trimble Smith conveyed, in the words of the deed, "all of my undivided interest" in the Property to Luminant. A true and correct copy of the Warranty Deed is attached to this Affidavit as **Exhibit B.** Luminant submitted the Warranty Deed for recording and it was recorded in the Rusk County Deed Records on December 16, 2010.

Further, Affiant sayeth not.

Russell Davis, Landman

STATE OF TEXAS        §
                      §
COUNTY OF RUSK        §

This instrument was acknowledged before me on this ___12th___ day of September, 2014, by Russell Davis.

Notary Public, State of Texas

JANICE M LAMPIN
My Commission Expires
August 9, 2018

- 3 -

# Exhibit A to Exhibit 1

00146164 VOL: 3317 PG: 340    (Tract 1343)

# Exhibit A to Exhibit 1

VOL 167 PAGE 715

F I L E D

MAR 28 1979

GLENN LIME
CLERK COUNTY COURT
BY ____

NO. 79-9385- CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### APPLICATION TO PROBATE WILL
### AND FOR LETTERS TESTAMENTARY

TO SAID HONORABLE COURT:

COMES NOW Billie Tremble, whose address is Evans

Street, P. O. Box 592, Marshall, Texas, and files this her Application to

probate the Last Will and Testament of Wilmer Forrest Tremble, Sr., deceased,

and would show the Court as follows:

That the said Wilmer Forrest Tremble, Sr., died on

or about August 22, 1978, in Marshall, Harrison County, Texas, at the age of

48 years; that at the time of his death he resided in Marshall, Harrison

County, Texas, where he had his domicile and fixed place of residence; a

true and correct copy of the death certificate of said Wilmer Forrest Tremble,

Sr. is filed herewith.

That the principal part of decedent's property,

at the time of his death was situated in Harrison County, Texas; that at the

time of his death decedent was seized and possessed of real and personal

property of an approximate value of $30,000.00.

That the decedent, Wilmer Forrest Tremble, Sr.

left a written will, which is attached hereto and made a part of this applica-

tion, duly signed and executed by him, dated August 15, 1978, which will was

never revoked by said decedent, and which will named therein your applicant,

Billie Tremble, as sole devisee and beneficiary, and as Independent Executrix

without bond; that said will was witnessed by Norma Seaton and Sheri Lynn

Herring, of Marshall, Harrison County, Texas.

That your applicant's domicile is in Marshall, Harri-

son County, Texas; that she is not disqualified from accepting Letters Testa-

mentary and from being appointed Executrix as aforesaid.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST ____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
BY ____

4

00146164 VOL: 3317.PG: 341

VOL 167 PAGE 716

WHEREFORE, your applicant prays the Court that citation issue as required by law, and that upon final hearing hereof, said will be admitted to probate and record, and that Letters Testamentary be issued to your applicant, and that such other and further orders be made as the Court may deem proper.

JOE A. HUGHEY
ATTORNEY AT LAW
P. O. BOX 281
MARSHALL, TEXAS  75670

ATTORNEY FOR APPLICANT

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

5

00146164  VOL: 3317 PG:  342

VOL 167 PAGE 717 ;

# *Memorial Hospital*

205 University Avenue   •   214/935-9311

MARSHALL, TEXAS 75670



TO WHOM IT MAY CONCERN:

I, Wilmer F. Tremble, being of sound mind write my last will and testament.

I will all of my property, real and personal, to my wife, Billie Tremble.

In the event my wife dies prior to my death, I will all of my property to my children; Sharon, Selia and Wilmer Jr., share and share alike.

I appoint my wife, Billie Tremble, as independent executrix without bond and direct that no action shall be had in any probate court or other court with relation to the settlement of my estate other than the probating and recording of this will and the return of an inventory.

Witness my hand this *15th* day of *August* 1978.

*Wilmer F. Tremble*
Wilmer F. Tremble

The above instrument was now here published as the last will and testament of Wilmer F. Tremble, and was signed and suscribd by Wilmer F. Tremble in our presence and we at his request, in his presence, and the presence of each other sign and subscribe our names here to as attesting witnesses on the date of above written.

Witness: *Norma Seaton*

Witness: *Alvin Lynn Herring, RN*

F I L E D

MAR 28 1979

CLERK LOG
CLERK ?-5 A.L COURT
*Betty Dickinson*

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY DAY COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

6

00146164 VOL: 3317 PG: -343

VOL 167 PAGE 718

I do hereby certify that this is a true and
correct copy of the Death Certificate of
_____
filed _____
Donald Dunce, Registrar Births & Deaths
_____ Deputy

FILED
28 Day of _____ 1979
GLENN LINK, County Clerk
_____ Deputy

TEXAS DEPARTMENT OF HEALTH

CERTIFICATE OF DEATH

Young Tremble

Wilmer

Rogers

Marshall

Harrison

Evans St.   P.O. Box 602

July 28, 1930

August 22, 1978

Marshall School     Texas     U.S.A.

Mrs. Billie Joyce Tremble

Sam Bell Pollard

Interstitial Pulmonary Fibrosis

S/P Chemo therapy for Malignant

Restoratory Failure-Death

8-25-1978     March     August

P.O. Box 479 Marshall, Texas 75600   8/25/78

Tremble Funeral Home

Tatum, Texas

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST: _____
_____ COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

7

00146164 VOL: 3317 PG: 344

CLERK'S COPY

16-5604(1963)—CITATION ON APPLICATION TO PROBATE WILL AND FOR LETTERS TESTAMENTARY—(Probdl) ("V11"

## THE STATE OF TEXAS VOL. 167 PAGE 719

TO ALL PERSONS INTERESTED IN THE ESTATE OF _____

WILMER FORREST TREMBLE, SR., _____, Deceased.

No. __79-9385-CCL__, County Court __at Law, Harrison__ _____ County, Texas.

BILLIE TREMBLE

filed in the County Court of at Law of Harrison _____ County, Texas, on the __28th__ day

of __March__ _____ A.D. 19 79 , an application for the probate of the last will and testa-

ment of said __WILMER FORREST TREMBLE, SR.__ _____, Deceased,

and for letters testamentary (the said will accompanying said application).

Said application will be heard and acted on by said Court at 10 o'clock A.M. on the first Monday next

after the expiration of ten days from date of posting this citation, the same being the __9th__ day of

__April__ _____, 1979 , at the County Courthouse in __Harrison County, Marshall__, Texas.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above
mentioned time and place by filing a written answer contesting such application should they desire to do so.

The officer executing this citation shall post the copy of this citation at the courthouse door of the county
in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily
are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting and return
the original copy of this citation to the clerk stating in a written return thereon the time when and the place
where he posted such copy.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in _____

__Marshall__ _____, Texas, this the __28th__ day of __March__ _____, A.D. 19 79 .

GLENN LINK
Clerk of the County Court at Law

Harrison
County, Texas

(SEAL)

By _Betty Duncan_
Deputy

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS

8

OD146164 VOL: 3317 PG: 345

VOL 167 PAGE 720

SHERIFF'S RETURN



Came to hand on the _27_ day of _March_ A.D. 19 _79_ at _10 o'clock a. m._ executed on the _27_ day of _March_ A.D. 19 _79_ by posting a copy of the within citation for ten days, exclusive of the day of posting, before the return day hereof, at the County Courthouse door of _Harrison_ County, Texas, or at the place in or near the said courthouse where public notices customarily are posted.

FEE

Posting Citation -------- $ _2.00_

SHERIFF N. F. SHIVERS
HARRISON COUNTY, TEXAS

_____ County, Texas.

By _Imogene McCarty_ Deputy.

File No. 79-9385-CCL

ESTATE OF

WILMER FORREST TRUBELL, SR.,
Deceased

CITATION ON APPLICATION TO
PROBATE WILL AND FOR
LETTERS TESTAMENTARY

Issued March 28 A.D. 19 79

Glenn Link County Clerk

By _Betty Dittmer_ Deputy.

FILED FOR RECORD
19 APR 9 2 24

Recorded and filed this ___ day of ___ A.D. 19 ___, Probate Minutes of ___ County.

County Clerk

Volume ___ By ___ Deputy.

22.3



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS APPENDED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
ATTEST ___
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS
___ DEPUTY

00146164 VOL: 3317 PG: 346

F I L E D

VOL. 107 PAGE 721

AP 24 1979

BETTY DUNCAN
CLERK COUNTY COURT
Betty Duncan

NO. 79-9385   CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

## PROOF BY SUBSCRIBING WITNESS

On this the 9th day of April, 1979, Sheri Lynn
Herring personally appeared in open Court, and after being duly sworn, de-
poses and says that:

"1.  Wilmer Forrest Tremble, Sr. died on or about
August 22, 1978, at the age of 48 years; that four years have not elapsed
since the date of decedent's death.

2.  Decedent, Wilmer Forrest Tremble, Sr. was
domiciled and had a fixed place of residence in this County at the date of
his death.

3.  The document dated August 15, 1978, now shown
to me and which purports to be decedent's will was never revoked so far as
I know.

4.  A necessity exists for the administration of
this estate.

5.  No child or children were born to or adopted
by decedent after the date of the will.

6.  Decedent was never divorced.

7.  The Independent Executrix named in the will
is not disqualified by law from accepting Letters Testamentary or from serving
as such and is entitled to such Letters.

8.  On the same day that the will is dated, I was
present and saw Wilmer Forrest Tremble, Sr., deceased, sign the document now
shown to me and which purports to be decedent's will, and decedent published
and declared to me and to Norma Seaton that this document was decedent's will.
At decedent's request Norma Seaton and I, then each being credible witnesses
above the age of fourteen years, subscribed our names to this document in the



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY ACY, COUNTY CLERK
HARRISON COUNTY, TEXAS

10

00146164 VOL: 3317 PG: 347

VOL 167 PAGE 722

presence of decedent and of each other.  On such date, decedent was of sound

mind and had attained the age of eighteen years."

Signed this the 6th day of April, 1979.

*Sherri Lynn Herring*
SHERRI LYNN HERRING

SWORN TO AND SUBSCRIBED BEFORE ME by Sheri Lynn

Herring, this the 9th day of April, 1979, to certify which witness my hand

and seal of office,

Clerk, County Court at Law, Harrison

County, Texas

By Betty Duncan, Deputy

11

00146164 VOL. 3317 PG: 348

VOL. **167** PAGE **723**

F I L E D

APR 30 1979

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### ORDER ADMITTING WILL TO PROBATE AND RECORD
### AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application

for Probate of Will and Issuance of Letters Testamentary filed by Billie

Tremble, Applicant, in the Estate of Wilmer Forrest Tremble, Sr., deceased.

The Court, having heard the evidence and having

reviewed the Will and the other documents filed herein, finds that the allega-

tions contained in the Application are true; that notice and citation have

been given in the manner and for the length of time required by law; that

decedent is dead and that four years have not elapsed since the date of decedent's

death; that this Court has jurisdiction and venue of the decedent's estate;

that decedent left a will dated August 15, 1978, executed with the formalities

and solemnities and under the circumstances required by law to make a valid

will; that on such date decedent had attained the age of 18 years and was of

sound mind; that such will was not revoked by decedent; that no objection to

or contest of the probate of such will has been filed; that all of the necessary

proof required for the probate of such will has been made; that such will is

entitled to probate; that in said will, deceased named Billie Tremble as

Independent Executrix, to serve without bond, who is duly qualified and not

disqualified by law to act as such and to receive Letters Testamentary; that

a necessity exists for the administration of this estate; and that no interested

person has applied for the appointment of appraisers and none are deemed

necessary by the Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED

that such Will is admitted to probate, and the Clerk of this Court is ordered

to record the same, together with the Application in the Minutes of this Court.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.
Attest
PATSY ECK, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

00146164 VOL: 3317 PG: .349

VOL 167 PAGE 724

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to Billie Tremble, who is appointed as Independent Executrix of decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED and entered this the 30 day of April, 1979.

_(signature)_

JUDGE PRESIDING

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

13

00146164 VOL. 3317 PG. 350

VOL. 167 PAGE 725

NO. 79-9385 CCL

FILED

APR 30 1979

CLERK LEE
COUNTY COURT CLERK

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### OATH OF EXECUTRIX

I do solemnly swear that I have been appointed
Independent Executrix, without bond, of the Estate of Wilmer Forrest Tremble,
Sr., deceased, and that I will well and truly perform all the duties of
Independent Executrix.

BILLIE TREMBLE, INDEPENDENT EXECUTRIX

SWORN TO AND SUBSCRIBED BEFORE ME this the 9th day

April, 1979.

NOTARY PUBLIC, HARRISON COUNTY, TEXAS

FILED

APR 1979

GLENN LEWIS
CLERK COUNTY COURT
HARRISON COUNTY TEXAS
BY _____ DEPUTY

FILED

APR 1979



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN THE OFFICE.
ATTEST _____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

14

00146164 VOL# 3317 PG# 351

12240—LETTERS TESTAMENTARY—CLASS 3 (PROBATE CODE EFFECTIVE JAN. 1, 1956) BARNARD·DALLAS

VOL 101 PAGE 120

# LETTERS TESTAMENTARY

THE STATE OF TEXAS.

County of HARRISON

IN COUNTY COURT, AT LAW

HARRISON County, Texas

I, the Undersigned Clerk of the County Court at Law, Harrison County, Texas, do hereby certify that on the 30th day of April, A. D. 19 79, BILLIE TRIMBLE was were duly granted by said Court Letters Testamentary of the Estate of WILMER FORREST TRIMBLE, SR., deceased, and that * he qualified as Independent Executrix of said estate on the 30th day of April A. D. 19 79 as the law requires and that said appointment is still in full force and effect.

Given under my hand and seal of office at Marshall, Texas the 1st day of May, A. D. 19 79

(Seal)

GLENN LINK, Clerk

County Court at Law, HARRISON County, Texas.

By Betty Duncan Deputy.



THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

00146164 VOL: 3317 PG: 352

VOL 167 PAGE 727

No. 79-9395-CCL

ESTATE OF

WILMER FORREST TREMELE, SR., ..., Deceased

LETTERS TESTAMENTARY

To

BILLIE TREMELE

AS INDEPENDENT EXECUTRIX WITHOUT BOND

Issued this 1st day of May A.D. 1979

GLENN LINK, Clerk

County Court at Law, Harrison County, Texas

By _____ Deputy.

F I L E D

1st Day of May 19-79
GLENN LINK, County Clerk
By _____ Deputy

I, PATSY COX, COUNTY CLERK OF HARRISON COUNTY, TEXAS, HEREBY CERTIFY THAT THE FOREGOING, CONSISTING OF ____ PAGES, IS A TRUE CORRECT AND FULL COPY OF THE INSTRUMENT HEREWITH SET OUT AS THE SAME APPEARS OF RECORD IN THE COUNTY CLERK'S OFFICE OF HARRISON COUNTY, TEXAS, THIS ____ DAY OF ____
PATSY COX, COUNTY CLERK
BY _____

00146164 VOL: 3317 PG: 353

STATE OF TEXAS                          COUNTY OF RUSK
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me and
was duly recorded  in the volume  and page of the
named  records  of  Rusk County, Texas  as stamped
hereon by me.              OFFICIAL PUBLIC RECORDS

Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE, COUNTY CLERK

RUSK COUNTY, TEXAS

FILED FOR RECORD

Aug 29,2014 03:24P

JOYCE LEWIS-KUGLE,
COUNTY CLERK
RUSK COUNTY, TEXAS

By:

Brenda Shankles
DEPUTY

Luminant Mining Company
Martin Lake Real Estate
P. O. Box 960
Henderson, TX 75653

17

# Exhibit B to Exhibit 1

00102067  VOL: 3053  PG:  622

## Exhibit B to Exhibit 1

Area 361
Tracts 1343 & 1344

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU
MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION
FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY
BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL
SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## *CASH WARRANTY DEED*

THE STATE OF TEXAS      §
                        §            KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK          §

That I, EMMA JEAN TRIMBLE SMITH, hereinafter called Grantor, for and in

consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable

consideration paid by  LUMINANT MINING COMPANY LLC,  a Texas Limited Liability

Company, hereinafter called Grantee, as follows:

CASH, the receipt and sufficiency of which is hereby acknowledged and confessed;

have Bargained, Granted, Sold and Delivered, and by these presents do Bargain, Grant, Sell and

Deliver unto the said Grantee, whose address is 500 N. Akard, Dallas, Texas, 75201, all of my

undivided interest in the following described tracts of land, in Rusk County, Texas, together with all

improvements situated thereon, to-wit;

### LUMINANT MINING TRACT 1343 IN AREA 361

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS
SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 37.46
acre tract (Tract 4) of land described in a Declaration of Unit dated February 17,
1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk
County, Texas, as shown on the attached Exhibits A & A-1.

### LUMINANT MINING TRACT 1344 IN AREA 361

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS
SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 65
acre tract of land described in a deed dated November 17, 1900, from Ollie Brooks,
et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 83 of the Deed
Records of Rusk County, Texas, as shown on the attached Exhibits B & B-1.

Grantor specifically reserves unto herself, and the present record owners, her heirs and

assigns, all of the oil, gas and liquid hydrocarbons lying in, on, and under the above described lands

together with the right of ingress and egress for the recovery and production of same.  However, no

operations for the recovery of such oil, gas and liquid hydrocarbons shall interfere with Grantee's use

of the subject property. Grantor specifically conveys all the coal and lignite lying in, on, and under

18

Vol. 3053 Pg. 622

00102067 VOL: 3A53 PG: 623

Tracts 1343 and 1344, together with the right of ingress and egress. This conveyance is subject to all existing valid oil, gas and mineral leases, and coal and lignite leases of record covering subject land.

This conveyance is subject to all existing recorded rights-of-way, and easements of record in the Deed Records of Rusk County, Texas, or those which have been acquired by prescriptive rights.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEE, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and, forever defend, all and singular the said premises unto the said GRANTEE, its successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

WITNESS MY HAND this 13th day of December, 2010.



EMMA JEAN TRIMBLE SMITH

```
RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012
```

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRISON          §

This instrument was acknowledged before me on the 13th day of December, 2010, by EMMA JEAN TRIMBLE SMITH.

```
RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012
```



Notary Public, State of Texas

19

00102067 VOL: 3053 PG: 624

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
33.084 Acres
Area 361 – Tract 1343
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called .23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590,383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

Exhibit "A"

00102067 VOL: 3^53 PG: 625

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No. 1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

00102067 VOL: 3053 PG: 626

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 38 degrees 57 minutes and 19 seconds East, along the occupied Easterly N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42 feet, to the place of beginning and containing 33.094 acres of which 2.299 acres are located within the R.O.W. of F.M. Road No. 2658,

Bearing Source:  Based on SEMPCO Mon. 34 to SEMPCO Mon. 53 (Published N 83°18'02" E)

Texas North Central Coordinate Source:  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, DANIEL LEE COOPER, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

22

00102067 VOL: 3053 PG: 627



00102067 VOL: 53 PG: 628

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
64.736 Acres
Area 361 – Tract 1344
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mersie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

00102067 VOL# 53 PG: 629

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

25

00102067  VOL:  53  PG:  630

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing 64.736 acres.

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 87°58'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S, No. 6148

26



00102067  VOL: 053  PG:  622

# EXHIBIT P

Area 361
Tracts 1343 & 1344

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## CASH WARRANTY DEED

THE STATE OF TEXAS §
§   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK §

That I, **EMMA JEAN TRIMBLE SMITH,** hereinafter called Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration paid by **LUMINANT MINING COMPANY LLC, a Texas Limited Liability Company,** hereinafter called Grantee, as follows:

CASH, the receipt and sufficiency of which is hereby acknowledged and confessed;

have Bargained, Granted, Sold and Delivered, and by these presents do Bargain, Grant, Sell and Deliver unto the said Grantee, whose address is 500 N. Akard, Dallas, Texas, 75201, all of my undivided interest in the following described tracts of land, in Rusk County, Texas, together with all improvements situated thereon, to-wit;

**LUMINANT MINING TRACT 1343 IN AREA 361**

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981, that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, as shown on the attached Exhibits A & A-1.

**LUMINANT MINING TRACT 1344 IN AREA 361**

All that certain tract lot or parcel of land, a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900, from Ollie Brooks, et ux, Minnie to W. M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, as shown on the attached Exhibits B & B-1.

Grantor specifically reserves unto herself, and the present record owners, her heirs and assigns, all of the oil, gas and liquid hydrocarbons lying in, on, and under the above described lands together with the right of ingress and egress for the recovery and production of same.  However, no operations for the recovery of such oil, gas and liquid hydrocarbons shall interfere with Grantee's use of the subject property. Grantor specifically conveys all the coal and lignite lying in, on, and under

Tracts 1343 and 1344, together with the right of ingress and egress. This conveyance is subject to all existing valid oil, gas and mineral leases, and coal and lignite leases of record covering subject land.

This conveyance is subject to all existing recorded rights-of-way, and easements of record in the Deed Records of Rusk County, Texas, or those which have been acquired by prescriptive rights.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEE, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said GRANTEE, its successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

WITNESS MY HAND this 13th day of December, 2010.



EMMA JEAN TRIMBLE SMITH

THE STATE OF TEXAS          §
                           §
COUNTY OF HARRISON         §

This instrument was acknowledged before me on the 13th day of December, 2010, by EMMA JEAN TRIMBLE SMITH.



Notary Public, State of Texas



# Rusk County Appraisal District

**EXHIBIT Q**

Chief Appraiser - Terry W. Decker, RPA, RTA



Hosted By Pritchard & Abbott, Inc.



General Real Estate Property Information

<u>New Property Search</u>                    <u>Go To Previous Page</u>

Property ID:  | 24395 |

Property Legal Description:
| AB 833 T WILLIAMS SUR |
| TU TR NO. 1344 AREA 361 |
| SMITH EMMA JEAN TRIMBLE |
| |

Property Location:
| P-7 |
| |

Owner Information:
| LUMINANT MINING CO LLC |
| STATE & LOCAL TAX DEPARTMENT |
| PO Box 219071 |
| Dallas TX 75221 9071 |

Previous Owner:
| POLLARD W M |

<u>View Previous Owner Information</u>

Account / Geo Number:
| 00833-21193-01344-000090 |

Survey / Sub Division Abstract:
| |
| |

Block:
| |

Section / Lot:
| |

<u>View Building Detail Information</u>

<u>View Land Detail Information</u>

Deed Information:

| Volume: | 3053 |
| Page: | 622 |
| File Number: | 102067 |
| Deed Date: | 12/16/2010 |

Property Detail:

| Agent: | None |
| Property Exempt: | |
| Category/SPTB Code: | D1 |
| Total Acres: | 64.736 |
| Total Living Sqft: | See Detail |

| View GIS Map |

The map link above is not affiliated with this website. It is a 3rd party GIS link to provide additional information only.

| Printer Friendly Version |

Click the button above for a printable version of this record with all available details.

| Owner Interest: | 1.000000 |
| Homestead Exemption: | |
| Homestead Cap Value: | 0 |
| Land Ag/Timber Value: | 6,090 |
| Land Market Value: | 90,630 |
| Improvement Value: | 0 |
| Property Market Value: | 90,630 |

Ag Form 1-d-1

Timber Form 1-d-1

* View 5 Year Value History

| Jur Code | Description | Market Value | Homestead | Total Exemption | Taxable |
|---|---|---|---|---|---|
| 04 | RUSK CO APPR DIST | 90,630 | | 0 | 6,090 |
| 05 | RUSK COUNTY | 90,630 | | 0 | 6,090 |
| 05R | RUSK COUNTY SPEC ROAD | 90,630 | | 0 | 6,090 |
| 05S | COUNTY SCHOOL | 90,630 | | 0 | 6,090 |
| 46 | HENDERSON I.S.D. | 90,630 | | 0 | 6,090 |
| 65 | RUSK CO ESD#1 | 90,630 | | 0 | 6,090 |
| 66 | RUSK CO GROUNDWATER CONSV DIST | 90,630 | | 0 | 6,090 |

New Property Search                    Go To Previous Page

Home | Contact Us | Location | Forms | Disclaimer

Real Estate Appraisal Information is the 2014 CERTIFIED Appraisal Values. © RUSK COUNTY
APPRAISAL DISTRICT | Last Data Update: 07/16/2014



PRITCHARD & ABBOTT, INC.
VALUATION CONSULTANTS

© 2014 Pritchard & Abbott, Inc. - All rights reserved.
Version 1.9.9

## Rusk County Appraisal District

**Chief Appraiser - Terry W. Decker, RPA, RTA**

# EXHIBIT R



Hosted By Pritchard & Abbott, Inc.

General Real Estate Property Information

**New Property Search**                     **Go To Previous Page**

Property ID: 24372

**Property Legal Description:**
AB 833 T WILLIAMS SUR
TU TR NO. 1343 AREA 361
SMITH EMMA JEAN TRIMBLE

**Property Location:**
5339 N FM 2658
TATUM TX 75691

**Owner Information:**
LUMINANT MINING CO LLC
STATE & LOCAL TAX DEPARTMENT
PO Box 219071

Dallas TX 75221 9071

**Previous Owner:**
POLLARD EMMA MRS ESTATE

View Previous Owner Information

Account / Geo Number:
00833-21193-01343-000010

Survey / Sub Division Abstract:

Block:

Section / Lot:

View Building Detail Information

View Land Detail Information

**Deed Information:**
Volume: 3053
Page: 622
File Number: 102067
Deed Date: 12/16/2010

**Property Detail:**

| Agent: | None |
| Property Exempt: | |
| Category/SPTB Code: | D1 |
| Total Acres: | 33.094 |
| Total Living Sqft: | See Detail |

**View GIS Map**
The map link above is not affiliated with this website. It is a 3rd party GIS link to provide additional information only.

**Printer Friendly Version**
Click the button above for a printable version of this record with all available details.

http://ruskcad.org/(S(ud452u45qduu4q553sj1qc45))/rgeneral.aspx?ID=24372&seq=1          8/24/2014

| | | |
|---|---|---|
| Owner Interest: | 1.000000 | Homestead Form |
| Homestead Exemption: | | |
| Homestead Cap Value: | 0 | Ag Form 1-d-1 |
| Land Ag/Timber Value: | 2,180 | |
| Land Market Value: | 46,330 | Timber Form 1-d-1 |
| Improvement Value: | 56,110 | |
| Property Market Value: | 102,440 | |

* View 5 Year Value History

| Jur Code | Description | Market Value | Homestead | Total Exemption | Taxable |
|---|---|---|---|---|---|
| 04 | RUSK CO APPR DIST | 102,440 | | 0 | 58,290 |
| 05 | RUSK COUNTY | 102,440 | | 0 | 58,290 |
| 05R | RUSK COUNTY SPEC ROAD | 102,440 | | 0 | 58,290 |
| 05S | COUNTY SCHOOL | 102,440 | | 0 | 58,290 |
| 46 | HENDERSON I.S.D. | 102,440 | | 0 | 58,290 |
| 65 | RUSK CO ESD#1 | 102,440 | | 0 | 58,290 |
| 66 | RUSK CO GROUNDWATER CONSV DIST | 102,440 | | 0 | 58,290 |

New Property Search                    Go To Previous Page

Home  |  Contact Us  |  Location  |  Forms  |  Disclaimer

Real Estate Appraisal Information is the 2014 CERTIFIED Appraisal Values. © RUSK COUNTY
APPRAISAL DISTRICT | Last Data Update: 07/16/2014



PRITCHARD & ABBOTT, INC.
VALUATION CONSULTANTS

©2014 Pritchard & Abbott, Inc. - All rights reserved.
Version 1.9.9

Rusk County Appraisal District – Account # 00160-21193-01262-000520          Page 1 of 3

Property ID: 1834          Owner: LUMINANT MINING CO LLC          **EXHIBIT S**

**Property ID:**
1834

**Account Number:**
00160-21193-01262-000520

**Property Legal Description:**
AB 160 D CORTINAS SUR
TU TR NO. 1262 AREA 361
BARR BESSIE ET AL

**Deed Information:**

| | |
|---|---|
| Volume: | 3054 |
| Page: | 395 |
| File Number: | 102200 |
| Deed Date: | 12/21/2010 |

**Property Location:**
CR 326

**Block:**

**Survey / Sub Division Abstract:**

**Section / Lot:**

**Owner Information:**
LUMINANT MINING CO LLC
STATE & LOCAL TAX DEPARTMENT
PO Box 219071

Dallas TX 75221 9071

**Previous Owner:**
BARR BESSIE

**Property Detail:**

| | |
|---|---|
| Property Exempt: | |
| Category / SPTB Code: | D1 |
| Total Acres: | 25.326 |
| Total Living Sqft: | See Detail |
| Owner Interest: | 1.000000 |
| Homestead Exemption: | |
| Homestead Cap Value: | 0 |
| Land Ag / Timber Value: | 2,280 |
| Land Market Value: | 35,460 |
| Improvement Value: | 0 |
| Property Market Value: | 35,460 |

| Jur Code | Jur Name | Total Market | Homestead | Total Exemption | Taxable |
|---|---|---|---|---|---|
| 04 | RUSK CO APPR DIST | 35,460 | | 0 | 2,280 |
| 05 | RUSK COUNTY | 35,460 | | 0 | 2,280 |
| 05R | RUSK COUNTY SPEC ROAD | 35,460 | | 0 | 2,280 |
| 05S | COUNTY SCHOOL | 35,460 | | 0 | 2,280 |
| 46 | HENDERSON I.S.D. | 35,460 | | 0 | 2,280 |
| 65 | RUSK CO ESD#1 | 35,460 | | 0 | 2,280 |
| 66 | RUSK CO GROUNDWATER CONSV DIST | 35,460 | | 0 | 2,280 |

Property ID: 1834          Owner: LUMINANT MINING CO LLC

Land Detail

Rusk County Appraisal District - Account # 00160-21193-01262-000520

## Land Sequence 1

| | | |
|---|---|---|
| Acres: 25.326 | Market Class: RC999 | Market Value: 35,460 |
| Land Method: AC | Ag/Timber Class: ATM3 | Ag/Timber Value: 2,280 |
| Land Homesiteable: NO | Land Type: M3PR | Ag Code: TIM |
| Front Foot: N/A | Rear Foot: N/A | Lot Depth: N/A |
| Front Ft Avg: N/A | Lot Depth %: N/A | Land Square Ft: N/A |
| Land Note: | | |

Total Land Value:  $ 35,460

# MINERAL DEED

# EXHIBIT T

STATE OF TEXAS               §
                                              KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK          §

THAT I, Billie Joyce Tremble,  hereinafter called Grantor, for and in consideration of the sum of Ten dollar ($10.00) and other good and valuable consideration paid by Wilmer Forrest Tremble, Jr., Sharon Tremble Donaldson and Selia Trimble Shawkey, hereinafter called Grantees, the receipt of which is hereby acknowledge, have granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey, assign and deliver unto the said Grantee, all undivided right title and interest in and to all of the oil, gas and minerals in and under, and that may be produced from the following described tracts of land situated in Rusk County, Texas, to-wit:

Tract One: 46.00 acres of land, more or less, located in the Thomas Williams Survey, A-833, Rusk County, Texas, being the same land described in a Deed dated June 14, 1973 from Lee Ann Trimble Gray to Dan Taylor, Trustee, recorded in Volume 965, Page 891 of the Deed Records of Rusk County, Texas.

Tract Two: 65.00 acres of land, more or less, located in the Thomas Williams Survey, A-833, Rusk County, Texas, being the same land described in a Deed dated November 17, 1900 from Ollie Brooks, et ux to W. M. Pollard, recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas.

Tract Three: 37.46 acres of land, more or less, located in the Thomas Williams Survey, A-833, Rusk County, Texas, being the same land described as Tract No. 7 in a Conveyance dated November 30, 1934 from Bessie Elizabeth Strong, et al to Emma Pollard, recorded in Volume 384, Page 464 of the Deed Records of Rusk County, Texas.

Tract Four: 35.30 acres of land, more or less, located in the Delores Cortinas Survey, A-160, Rusk County, Texas, being the same land described in a Warranty Deed dated October 30, 1972 from Willie Barr to Dan Taylor, Trustee, recorded in Volume 956, Page 94 of the Deed Records of Rusk County, Texas.

Tract Five: 26.00 acres of land, more or less, located in the Delores Cortinas Survey, A-160, Rusk County, Texas, being the same land set aside to Bessie Barr in that certain Rusk County District Court Cause #19143 styled Amelia Bolding, et al -vs- Willie Barr, et al.

SAVE AND EXCEPT one-fourth (1/4) of Grantor's undivided interest in and to all of the oil, gas and minerals in and under, and that may be produced from the above described tracts of land situated in Rusk County, Texas for the remainder of the Grantor's natural life.  Upon Grantor's death, all reserved interest shall vest in Grantees herein.

Together with the right of ingress and egress at all times for the purposes of mining, drilling and exploring said land for oil, gas and other minerals, and removing the same therefrom. It is understood and agreed that this sale is made subject to terms of any valid oil and gas lease covering the above described lands.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantees herein, and Grantee's successors heirs and assigns forever; and Grantor does hereby bind her successors, heirs, executors and administrators, to warrant and forever defend all and singular the said property unto the said Grantee herein, and Grantee's successors, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

    EXECUTED on this the 16th day of November, 2006 .

                                                                        _Billie Joyce Tremble_
                                                         Billie Joyce Tremble

STATE OF TEXAS          §

COUNTY OF SMITH       §

This instrument was acknowledged before me on the 16th day of November, 2006 by Billie Joyce Tremble.

KATHRYN D. HAAR
Notary Public, State of Texas
My Commission Expires
May 10, 2008

                                                         _Kathryn D. Haar_
                                                         Notary Public, State of Texas

                                                         Notary's Printed Name:  __Kathryn D. Haar__

After filing:
Please return to:
   Tom Green
   1125 Judson Rd., Suite 105

STATE OF TEXAS                    COUNTY OF RUSK     FILED FOR RECORD
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me and        Nov 16,2006 01:56P
was duly recorded  in the volume  and page of the
named records of  Rusk County, Texas  as stamped   JOYCE LEWIS, COUNTY CLERK
hereon by me.                    OFFICIAL PUBLIC RECORDS  RUSK COUNTY, TEXAS

        Nov 16,2006 01:56P

JOYCE LEWIS, COUNTY CLERK
RUSK COUNTY, TEXAS                                 BY_____DEPUTY

EXHIBIT H                    **EXHIBIT U**

**ADDENDUM**

Added to the Mineral Deed are coal, lignite and anything other than limestone,

caliche, surface shale, building stone, sand and gravel. These substances belong

to surface owner along with fresh water, whether located on the surface or

underground to the subsurface in accordance with the Texas Supreme Court.

_Billie J. Tremble_

Name of Grantor

This instrument was acknowledged before me on the __4__ day of

__September__ 2014, by __Billie J. Tremble__.

_Shannon McFarland_

**Notary Public, State of Texas**

SHANNON MCFARLAND
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 01-28-2017

## COURTNEY TERRY
## RUSK COUNTY DISTRICT CLERK

P. O. Box 1687 ~ Henderson, TX 75653-1687
115 N. Main St., Suite 301 ~ Henderson, TX 75652
Phone: (903) 657-0353   Fax: (903) 657-1914

## NOTICE OF FINAL JUDGMENT

RE: CAUSE NO:  2013-390                    **EXHIBIT V**

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC | § | IN THE FOURTH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE | § | RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MAJORIE H. WILLIAMS, WILMER FORREST | § | |
| TRIMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE | § | |

You are hereby notified that on the 16th day of December,2014, the Court signed the

## FINAL JUDGMENT

in the above entitled and numbered cause.

COURTNEY TERRY,
Rusk County District Clerk

BY: _____
Deputy

Dated:    December 17, 2014
cc:       All Parties of Record

# FLOWERS✠DAVIS, P.L.L.C. **EXHIBIT W**

### *Attorneys at Law*

CELIA C. FLOWERS*
* BOARD CERTIFIED, OIL, GAS & MINERAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
* BOARD CERTIFIED, RESIDENTIAL REAL ESTATE LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
* BOARD CERTIFIED, CIVIL TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
CAREN C. COURTNEY
JULIE P. WRIGHT
MICHAEL W. JANECEK
JANE W. JANECEK
MELANIE S. REYES
ALAN W. TOMME
J. SCOTT MILLER
STEVEN M. MASON
MORGAN M. ELLIOTT
NATASHA L. GRANSBERRY
CATHERINE CHESLEY GOODGION
WILLIAM R. KNIGHT, JR.
MAYA P. JEDLICKA
A.D. (DEAN) CHAPMAN, OF COUNSEL
ANDREW R. SCHWING, OF COUNSEL

1021 ESE LOOP 323, SUITE 200
TYLER, TEXAS 75701
MAIN TELEPHONE: (903) 534-8063
FACSIMILE: (903) 534-1650

IMMIGRATION (903) 592-8186

WWW.FLOWERSDAVIS.COM

LONGVIEW OFFICE:
1516 JUDSON ROAD
LONGVIEW, TEXAS 75601
TELEPHONE: (903) 757-8900
FACSIMILE: (903) 757-8902

MIDLAND OFFICE:
3001 W. LOOP 250 NORTH, STE. C105-366
MIDLAND, TEXAS 79705
TELEPHONE: (432) 897-4810

ROBERT S. DAVIS
CHAD C. ROOK
LEE I. CORREA
ROBIN H. O'DONOGHUE
RICHARD B. VANCE

THOMAS H. BUCHANAN*
* BOARD CERTIFIED, OIL, GAS & MINERAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
J. MITCHELL BEARD
STUART R. HENE

PRESTON W. MCGEE*
* BOARD CERTIFIED, PERSONAL INJURY TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
* BOARD CERTIFIED, CIVIL TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION

VIRGINIA D. YOUNG
DONALD ROSS PATTERSON*, OF COUNSEL
* BOARD CERTIFIED, IMMIGRATION & NATIONALITY LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION

December 19, 2014

Billie J. Murphy Tremble
2806 Evans St.
Marshall, TX 75670

Re:    Cause No. 2013-392, Luminant Mining Company, LLC v. Wilmer Forrest Trimble, Jr., et al
Cause No. 2013-390, Luminant Mining Company, LLC v. Deborah D. Johnson, et al
Cause No. 2013-391, Luminant Mining Company, LLC v. Wilmer Forrest Trimble, Jr., et al

Dear Ms. Tremble:

An order to sell the property in above-referenced lawsuit was signed on Tuesday, December 16th, in Rusk County. We have been engaged by the Receiver to disburse funds to all parties entitled to receive sales proceeds.

In that regard, I have enclosed a W-9 which needs to be completed and returned in the enclosed, pre-addressed envelope. Upon receipt from you of a fully completed W-9 form, we will disburse the percentage of funds payable to you at the address you have provided on the W-9 form.

If you have any questions, please feel free to contact me at 903-534-8063.

Sincerely,

Catherine Chesley Goodgion

Catherine Chesley Goodgion

CCG/bd
enclosures

Form **W-9**
(Rev. August 2013)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

**Give Form to the
requester. Do not
send to the IRS.**

*Print or type*
*See Specific Instructions on page 2.*

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

Exemptions (see instructions):

Exempt payee code (if any) _____

Exemption from FATCA reporting
code (if any) _____

Address (number, street, and apt. or suite no.)

City, state, and ZIP code

List account number(s) here (optional)

Requester's name and address (optional)

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below), and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

**Sign
Here**

Signature of
U.S. person ▶

Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** The IRS has created a page on IRS.gov for information about Form W-9, at *www.irs.gov/w9*. Information about any future developments affecting Form W-9 (such as legislation enacted after we release it) will be posted on that page.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, payments made to you in settlement of payment card and third party network transactions, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the

withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct.

**Note.** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 8-2013)