Included is one representation of additional or primary Warranty Deeds, Partition, Petition, Summary Judgment, Judgment,  The Court of Appeals in Texarkana, Texas and Notice of Suggestion of Pendency of Bankruptcy for Energy Future Holdings, et al and Automatic Stay.

00115194 VOL: 433 PG: 157

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Area 361
Tracts 1262, 1343, 1344

# WARRANTY DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: |
| COUNTY OF RUSK | § | |

THAT **IVAN GETERS**, 808 Hudler Street, LaMarque, Texas 77568 (herein called "grantor"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration paid to the undersigned by the grantee herein named, the receipt and sufficiency of which is hereby acknowledged, and for which no lien, express or implied, is retained, has **GRANTED, SOLD** and **CONVEYED**, and by these presents does **GRANT, SELL** and **CONVEY**, unto **LUMINANT MINING COMPANY LLC**, a Texas limited liability company, whose address is 500 N. Akard, Dallas, Texas 75201 (herein "grantee"), all of my undivided interest in that certain real property located in Rusk County, Texas, being (the "Property"), as more particularly described in Exhibits "A", "A-1", "B", "B-1", "C" and "C-1" attached hereto and made a part hereof for all purposes.

This conveyance is made and accepted subject to the following:

1. Taxes for the current year;

2. Any prior reservations of oil, gas, coal, lignite, or other minerals, and/or any royalty reservations in such substances, as shown of record in the office of the County Clerk of the County in which the Property is located; and

3. Any existing and valid oil, gas, coal, lignite, or mineral leases, or easements or rights-of-way, as shown of record in the office of the County Clerk of the County in which the Property is located.

SAVE AND EXCEPT, and there is reserved unto grantor, his heirs and assigns, all of the oil, gas and other minerals (excluding from this reservation all coal, lignite or other near surface minerals) which grantor owns, lying in, on, and under the Property, provided, however, that grantor shall grant no right to use or occupy the surface of the Property for exploration, development, production or transportation of the oil, gas or other minerals reserved to grantor, absent the express written consent of grantee, which consent shall be given in grantee's sole and absolute discretion.

TO HAVE AND TO HOLD the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, including without limitation rights in adjacent rights-of-way, and any reversionary interests, and all of grantor's right, title and interest in any adjoining lands that grantor may be acquired by adverse possession or limitation title, unto the said grantee, its successors and assigns forever; and grantor does hereby bind himself, his heirs and assigns, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, its successors and assigns, against every person whosoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this __15th__ day of December, 2011.

Grantor:



X _____
IVAN GETERS

STATE OF TEXAS                    §
                                 §
COUNTY OF __Harris__             §

This instrument was acknowledged before me on this __15th__ day of December, 2011, by **IVAN GETERS.**

RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

_____
Notary Public, State of Texas

# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
**25.326 Acres**
**Area 361 – Tract 1262**
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 73(
ARP, TX 7575(

---

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

Page 1 of 2

00115194 VOL: 33 PG: 160

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 7:
ARP, TX 757!

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 - Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing **25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.**

**Bearing Source:**  Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148



**AREA 361**

Texas North Central Coordinates (NAD 27)
Based on SEMPCO Monument # 54

Bearings based on SEMPCO
Monument # 53 to SEMPCO
Monument # 54 (S 83°56'02" W)

FIELD NOTES PREPARED OF EVEN DATE

**DELORES CORTINAS SURVEY A - 160**

201011

**1258**
Herman Barr
Volume 538 Page 16
Res. of Called 25 Acres

**1260**
Dan Taylor, Trustee
Volume 955 Page 631
Called 21.6 Acres

**1262**

**Bessie Barr**
**Called 26 Acres (Share No. 1)**
**Recorded in Final Decree of Partition**
**Case No. 19143 Styled Amelia**
**Bolding, et al, vs. Willie Barr, et al**

**TOTAL**
**25.326 ACRES**

P.O.B. - Fnd. 2" Ir. Pipe
Fence Corner Post
N: 215955.447
E: 2894638.091
SEMPCO Mon. #53 brs.
S 31°05'16" E 2063.84'
SEMPCO Mon. #54 brs.
S 07°30'15" E 1870.25'

**1271**

Barbara J. Cummins, et vir, M.E.
Volume 945 Page 545
Residue of Called 58 Acres (Tract No. 5)

Set 60D Nail
N: 215993.812
E: 2893585.637

N: 215926.751
E: 2894148.087

(Call East 192 vrs.)
548.41'

N 86°38'54" E 1054.26'

(Call East 185 vrs.)
490.84'

County Road No. 2145

N 01°42'55" W 886.03'

(Call north 387 vrs.)

15.00'

S 03°21'06" E 915.94'

(Call South 337 vrs.)

**1291**

Dan Taylor, Trustee
Volume 955 Page 631
Called 35.5 Acres

County Road No. 326

N: 215041.074
E: 2894691.640

52.00'
N 88°20'05"

N: 215008.170
E: 2893612.072

22.069 ACRES

Aerial Power Line

N 88°15'17" E 1080.07'

N 01°02'41" E

138.83'

3.257 ACRES

N: 214885.328
E: 2893734.410

Wire Fence

S 88°57'19" W 1011.91'

(Call East 387 vrs.)

N 44°53'49" W
175.33'

(Call S 45° E 50 vrs.)

N: 214903
E: 289474

**591**

Paula E. Williams, et al
Volume 2486 Page 346
Called 48 Acres

**THOMAS WILLIAMS SURVEY A - 833**

**1343**

Declaration of Unit
Volume 1301 Page 825
Called 37.46 Acres
(Tract 4)

**596**

Luberta Mene
Volume 412 Pa
Called 23 Ac
(First Trac

"O" Denotes Set 1/2" Ir. Rod with a
cap stamped "RPLS 4021"

**PLAT OF SURVEY**
**SHOWING**
**PART OF THE DELORES CORTINAS SURVEY A - 160**
**AND PART OF THE THOMAS WILLIAMS SURVEY A - 833**
**RUSK COUNTY, TEXAS**
**SURVEYED NOVEMBER, 2010**
**SCALE: 1" = 200.00'**

I, DANIEL LEE COOPER, REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148,
do hereby certify that this plat was prepared from an actual survey made on the ground
under my direction and supervision and from information provided by Luminant Mining
Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

STATE OF TEXAS
REGISTERED
DANIEL LEE COOPER

**EXHIBIT "A-1**

LACY SURVEYING INC.
P.O. BOX 736 ARP, TEXA

00115194 VOL: 33 PG: 162

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**33.094 Acres**
**Area 361 – Tract 1343**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 73
ARP, TX 7575

---

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

# LACY SURVEYING INC.
REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 73
ARP, TX 7575

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly
N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42
feet, to the place of beginning and containing **33.094 acres of which 2.299 acres are
located within the R.O.W. of F.M. Road No. 2658.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER — R.P.L.S. No. 6148



# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 730
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

Exhibit "C"

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 7
ARP, TX 757

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING INC.
## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942                                            P.O. BOX 7.
www.LacyLandSurveying.com                                         ARP, TX 757.
E-MAIL: lacysur@aol.com

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736
acres.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER,** Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.


DANIEL LEE COOPER, R.P.L.S. No. 6148



**PLAT OF SURVEY**
**SHOWING**
**PART OF THE THOMAS WILLIAMS SURVEY A - 833**
**RUSK COUNTY, TEXAS**
**SURVEYED NOVEMBER, 2010**

**THOMAS WILLIAMS SURVEY A - 833**

**ELIJAH ALLRED SURVEY A - 53**

64.736 ACRES

DANIEL LEE COOPER
6148
PROFESSIONAL LAND SURVEYOR
STATE OF TEXAS
REGISTERED

I, DANIEL LEE COOPER, REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148, do hereby certify that this plat was prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148

Exhibit "C-1"

00111573 VOL: 3112 PG: 57

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

Area 361
Tracts 1262, 1343, 1344

# WARRANTY DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: |
| COUNTY OF RUSK | § | |

THAT **DOUGLAS GETERS, IV**, 808 Hudler Street, LaMarque, Texas 77568 (herein called "grantor"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration paid to the undersigned by the grantee herein named, the receipt and sufficiency of which is hereby acknowledged, and for which no lien, express or implied, is retained, has **GRANTED, SOLD** and **CONVEYED,** and by these presents does **GRANT, SELL** and **CONVEY,** unto **LUMINANT MINING COMPANY LLC,** a Texas limited liability company, whose address is 500 N. Akard, Dallas, Texas 75201 (herein "grantee"), all of my undivided interest in that certain real property located in Rusk County, Texas, being (the "Property"), as more particularly described in Exhibits "A", "A-1", "B", "B-1", "C" and "C-1" attached hereto and made a part hereof for all purposes.

This conveyance is made and accepted subject to the following:

1. Taxes for the current year;

2. Any prior reservations of oil, gas, coal, lignite, or other minerals, and/or any royalty reservations in such substances, as shown of record in the office of the County Clerk of the County in which the Property is located; and

3. Any existing and valid oil, gas, coal, lignite, or mineral leases, or easements or rights-of-way, as shown of record in the office of the County Clerk of the County in which the Property is located.

SAVE AND EXCEPT, and there is reserved unto grantor, his heirs and assigns, all of the oil, gas and other minerals (excluding from this reservation all coal, lignite or other near surface minerals) which grantor owns, lying in, on, and under the Property, provided, however, that grantor shall grant no right to use or occupy the surface of the Property for exploration, development, production or transportation of the oil, gas or other minerals reserved to grantor, absent the express written consent of grantee, which consent shall be given in grantee's sole and absolute discretion.

00111573 VOL: 3112 PG:    58

TO HAVE AND TO HOLD the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, including without limitation rights in adjacent rights-of-way, and any reversionary interests, and all of grantor's right, title and interest in any adjoining lands that grantor may be acquired by adverse possession or limitation title, unto the said grantee, its successors and assigns forever; and grantor does hereby bind himself, his heirs and assigns, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, its successors and assigns, against every person whosoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this ___9th___ day of November, 2011.

Grantor:



_____
DOUGLAS GETERS, IV

STATE OF TEXAS          §
                       §
COUNTY OF _Galveston_  §

This instrument was acknowledged before me on this ___9th___ day of November, 2011, by **DOUGLAS GETERS, IV**.

RUSSELL DAVIS
Notary Public, State of Texas
COMM. EXP. 09-05-2012

_____
Notary Public, State of Texas

# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
**25.326 Acres**
**Area 361 – Tract 1262**
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

# LACY SURVEYING INC.
REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 - Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing **25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.**

**Bearing Source:** Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER – R.P.L.S. No. 6148



# AREA 361

Texas North Central Coordinates (NAD 27)
Based on SEMPCO Monument # 54

Bearings based on SEMPCO
Monument # 53 to SEMPCO
Monument # 54 (S 83°58'02" W)

FIELD NOTES PREPARED OF EVEN DATE

## DELORES CORTINAS SURVEY A - 160

**1258**
Herman Barr
Volume 538 Page 16
Res. of Called 25 Acres

**1260**
Dan Taylor, Trustee
Volume 955 Page 631
Called 21.6 Acres

**1271**
Barbara J. Cummins, et vir, M.E.
Volume 945 Page 545
Residue of Called 58 Acres (Tract No. 5)

County Road No. 2145

Set 60D Nail
N: 215893.812
E: 2693585.637

-15.00'

(Call East 192 vrs.)
548.41'

N 88°38'64" E 1054.26'

N: 215926.751
E: 2894148.087

(Call East 185 vrs.)
490.84'

P.O.B. - Fnd. 2" Ir. Pipe
Fence Corner Post
N: 215955.447
E: 2894638.091
SEMPCO Mon. #53 brs.
S 31°06'16" E 2063.64'
SEMPCO Mon. #54 brs.
S 07°30'15" E 1870.25'

**1262**

*Bessie Barr*
*Called 26 Acres (Share No. 1)*
*Recorded in Final Decree of Partition*
*Case No. 19143 Styled Amelia*
*Bolding, et al, vs. Willie Barr, et al*

**TOTAL**
**25.326 ACRES**

(Call South 337 vrs.)
S 03°21'06" E 915.94'

**1261**
Dan Taylor, Trustee
Volume 955 Page 94
Called 35.3 Acres

(Call North 337 vrs.)
N 01°42'35" W 886.03'

N: 215008.178
E: 2693612.072

County Road No. 326

Aerial Power Line

N: 215041.074
E: 2894691.640

52.00'
N 88°20'05" E

**22.069 ACRES**

N 88°15'17" E 1080.07'

138.83'
S 01°02'41" E

**3.257 ACRES**

N: 214885.328
E: 2893734.410

Wire Fence

N 44°52'49" W
123.37'
(Call S 45° E 50 vrs.)

S 88°57'19" W 1011.91'
(Call East 567 vrs.)

N: 214903.76
E: 2894746.1

**591**
Paula E. Williams, et al
Volume 2486 Page 346
Called 48 Acres

## THOMAS WILLIAMS SURVEY A - 833

**1343**
Declaration of Unit
Volume 1301 Page 825
Called 37.46 Acres
(Tract 4)

**596**
Luberta Menefe
Volume 412 Page
Called 23 Acres
(First Tract)

"O" Denotes Set 1/2" Ir. Rod with a cap stamped "RPLS 4021"

## PLAT OF SURVEY
### SHOWING
## PART OF THE DELORES CORTINAS SURVEY A - 160
## AND PART OF THE THOMAS WILLIAMS SURVEY A - 833
## RUSK COUNTY, TEXAS
### SURVEYED NOVEMBER, 2010
### SCALE: 1" = 200.00'

I, DANIEL LEE COOPER, REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148,
do hereby certify that this plat was prepared from an actual survey made on the ground
under my direction and supervision and from information provided by Luminant Mining
Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148

STATE OF TEXAS
REGISTERED
DANIEL LEE COOPER
6148
PROFESSIONAL

**EXHIBIT "A-1"**

LACY SURVEYING INC.
P.O. BOX 736 ARP, TEXAS 7
PHONE & FAX ( 903 ) 859 99

# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**33.094 Acres**
**Area 361 – Tract 1343**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

**Exhibit "B"**

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

# LACY SURVEYING INC.
## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly
N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42
feet, to the place of beginning and containing **33.094 acres of which 2.299 acres are
located within the R.O.W. of F.M. Road No. 2658.**

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER - R.P.L.S. No. 6148



# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

**Exhibit "C"**

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 -- Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736 acres.**

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148



Exhibit "C-1"

00111575 VOL: 3112 PG: 86

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:   YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Area 361
Tracts 1262, 1343, 1344

# WARRANTY DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: |
| COUNTY OF RUSK | § | |

THAT **DIANN POLLARD JOHNSON**, 808 Hudler Street, LaMarque, TX 77568 (herein called "grantor"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration paid to the undersigned by the grantee herein named, the receipt and sufficiency of which is hereby acknowledged, and for which no lien, express or implied, is retained, has **GRANTED, SOLD** and **CONVEYED,** and by these presents does **GRANT, SELL** and **CONVEY,** unto **LUMINANT MINING COMPANY LLC,** a Texas limited liability company, whose address is 500 N. Akard, Dallas, Texas 75201 (herein "grantee"), all of my undivided interest in that certain real property located in Rusk County, Texas, being (the "Property"), as more particularly described in Exhibits "A", "A-1", "B", "B-1", "C" and "C-1" attached hereto and made a part hereof for all purposes.

This conveyance is made and accepted subject to the following:

1.    Taxes for the current year;

2.    Any prior reservations of oil, gas, coal, lignite, or other minerals, and/or any royalty reservations in such substances, as shown of record in the office of the County Clerk of the County in which the Property is located; and

3.    Any existing and valid oil, gas, coal, lignite, or mineral leases, or easements or rights-of-way, as shown of record in the office of the County Clerk of the County in which the Property is located.

SAVE AND EXCEPT, and there is reserved unto grantor, her heirs and assigns, all of the oil, gas and other minerals (excluding from this reservation all coal, lignite or other near surface minerals) which grantor owns, lying in, on, and under the Property, provided, however, that grantor shall grant no right to use or occupy the surface of the Property for exploration, development, production or transportation of the oil, gas or other minerals reserved to grantor, absent the express written consent of grantee, which consent shall be given in grantee's sole and absolute discretion.

00111575 VOL: 3112 PG: 87

TO HAVE AND TO HOLD the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, including without limitation rights in adjacent rights-of-way, and any reversionary interests, and all of grantor's right, title and interest in any adjoining lands that grantor may be acquired by adverse possession or limitation title, unto the said grantee, its successors and assigns forever; and grantor does hereby bind herself, her heirs and assigns, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, its successors and assigns, against every person whosoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this ___9___ day of November, 2011.

Grantor:

_DIANN POLLARD JOHNSON_ (signature)

**DIANN POLLARD JOHNSON**

STATE OF TEXAS                §
                              §
COUNTY OF _Galveston_         §

This instrument was acknowledged before me on this ___9th___ day of November, 2011, by **DIANN POLLARD JOHNSON**.

RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

Notary Public, State of Texas

# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

**November 23, 2010**
**Field Notes for Luminant Mining Company LLC**
**25.326 Acres**
**Area 361 – Tract 1262**
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

00111575  VOL:  12  PG:  89

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 - Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing **25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.**

**Bearing Source:** Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER – R.P.L.S. No. 6148



# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**33.094 Acres**
**Area 361 – Tract 1343**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of land described in a Declaration of Unit dated February 17, 1981 that is recorded in Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C. of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume 1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way (R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6 inch wood fence post found for corner;

Page 1 of 3

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

# LACY SURVEYING INC.
### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly
N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42
feet, to the place of beginning and containing **33.094 acres of which 2.299 acres are
located within the R.O.W. of F.M. Road No. 2658.**

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do
hereby certify that the above field notes were prepared from an actual survey made on the
ground under my direction and supervision and from information provided by Luminant
Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER — R.P.L.S. No. 6148



PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 200.00'

THOMAS WILLIAMS SURVEY A - 833

I, DANIEL LEE COOPER, REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148, do hereby certify that this plat was prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148

AREA 351

BEARING SOURCE:
SEMPCO Monument #54 to SEMPCO Monument #53
(Published in NAD 83°19'40" E)

TEXAS NORTH CENTRAL COORDINATE SOURCE:
SEMPCO Monument #54 (NAD 27)

FIELD NOTES PREPARED OF EVEN DATE

Existing Pipeline
Aerial Power Line
Wire Fence
Set 1/2" ir. Rod with cap stamped "RPLS 4621"
Fnd. 1/2" ir. Rod with cap stamped "RPLS 4621"
Fnd. Concrete R.O.W. Monument

| LINE | BEARING | DISTANCE |
|------|---------|----------|
| L1 | N 02°53'09" W | 68.46' |
| L2 | N 70°54'35" E | 194.81' |
| L3 | N 00°06'16" W | 207.71' |
| L4 | N 09°05'16" W | 47.50' |
| L5 | N 70°29'29" E | 68.46' |
| L6 | N 7°9'24" E | 372.24' |
| L7 | S 79°59'24" W | 354.67' |
| L8 | S 74°11'09" W | 83.52' |

| CURVE | RADIUS | ARC LENGTH | CHORD LENGTH | CHORD BEARING | DELTA ANGLE |
|-------|--------|------------|--------------|---------------|-------------|
| C1 | 1485.00' | 469.52' | 468.90' | N 68°56'09" E | 18°28'33" |
| C2 | 1384.01' | 544.17' | 540.57' | N 84°11'42" E | 22°31'30" |

Reduced Copy

LACY SURVEYING INC.
P.O. BOX 708 ARP, TEXAS 75750
PHONE & FAX (903) 859 9842
LacySurvey@arip.com

Exhibit "B-1"

# LACY SURVEYING INC.

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

Exhibit "C"

# LACY SURVEYING INC.
REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736 acres.**

**Bearing Source:**  Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:**  Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148



PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 400.00'

Exhibit "C-1"

# Bessie Barr Estate File Index

## Area 361 - Tract 1262

| No. Interest Purchased | Name | Address | City, State, Zip | Warranty Deed V/P | Warranty Deed date | Gross Ac | % Purchased | Net Ac 26.0000 |
|---|---|---|---|---|---|---|---|---|
| 1 | Armstrong, Lovell H. | 3540 Pontiac | Denver CO 80207 | 3095/332 | 08/01/2011 | | 0.04166667 | 1.08333342 |
| 2 | Barr, Dorothy - CA | 5200 Broadway Apt. 45 | Sacramento CA 95820 | 3054/395 | 12/16/2011 | | 0.0625000 | 1.625 |
| 3 | Barr, Dorothy - TX | 14646 CR 326 E | Tatum TX 75691 | 3060/67 | 01/13/2011 | | 0.00390625 | 0.1015625 |
| 4 | Barber, Candace | 4406 S Hampton Blvd | Garland TX 75043 | 3064/537 | 02/02/2011 | | 0.00390625 | 0.1015625 |
| 5 | Barr, Billy Doris | 3953 Irish Setter Dr | Ft Worth TX 76123 | 3060/62 | 01/14/2011 | | 0.00390625 | 0.1015625 |
| 6 | Barr, Billy Gene | 11930 Cimarron Ave | Hawthorne CA 90250 | 3060/740 | 01/19/2011 | | 0.00390625 | 0.1015625 |
| 7 | Barr, Dwight | 14646 CR 326 E | Tatum TX 75691 | 3060/776 | 01/13/2011 | | 0.00390625 | 0.1015625 |
| 8 | Barr, Jan | 5419 FM 2658 N | Tatum TX 75691 | 3060/85 | 01/13/2011 | | 0.00390625 | 0.1015625 |
| 9 | Barr, Jerry | 14646 CR 326 E | Tatum TX 75691 | 3060/94 | 01/14/2011 | | 0.00390625 | 0.1015625 |
| 10 | Barr, Keith | 2948 Gaylord St | Denver CO 80205 | 3059/202 | 01/07/2011 | | 0.03125000 | 0.8125 |
| 11 | Barr, Clara - Kermit Benton POA for Carla C. Barr Benton | 5615 Aladdin St | Los Angeles CA 90008 | 3088/597 | 06/27/2011 | | 0.04166667 | 1.08333342 |
| 12 | Bolding, Linda Jean | 714 McDowell | Dallas TX 75216 | 3054/402 | 12/16/2010 | | 0.0625000 | 0.541684 |
| 13 | Bolding, Lynord B. | 1086 Birtner St | St Louis MO 63147 | 3059/196 | 01/05/2011 | | 0.02864610 | 0.7447986 |
| 14 | Bolding, Shirley | 4030 Shady Hollow | Dallas TX 75233 | 3057/355 | 12/21/2010 | | 0.02343710 | 0.6093646 |
| 15 | Bridges, Minnie | 3716 W Loop 281 | Longview TX 75604 | 3069/220 | 03/10/2011 | | 0.04166667 | 1.08333342 |
| 16 | Brown, Thelma | 3724 Silverhill Dr | Dallas TX 75241 | 3067/605 | 03/01/2011 | | 0.00520080 | 0.135408 |
| 17 | Cooksey, Barbara | P O Box 48461 | Washington DC 20002 | 3082/799 | 05/14/2011 | | 0.02083300 | 0.541658 |
| 18 | Cooksey, Eric | 1712 Kearney St NE | Washington DC 20018 | 3078/1 | 04/21/2011 | | 0.00416667 | 0.10833342 |
| 19 | Cooksey, Michael Allen | 5111 Everglade | Dallas TX 75227 | 3075/290 | 04/07/2011 | | 0.00416667 | 0.10833342 |
| 20 | Dodds, Sondra Kay | 3991 S. Walden St. | Aurora, CO 80013 | 3152/666 | 07/10/2012 | | 0.04166667 | 1.08333342 |
| 21 | Dorodula, Sharolyn Pollard | 980 Marion Street | Denver, CO 80218 | 3236/140 | 08/01/2013 | | 0.03125000 | 0.8125 |
| 22 | Fletcher, Lorenza Reese | P O Box 167445 | Irving TX 75016 | 3064/567 | 02/11/2011 | | 0.00312500 | 0.08125 |
| 23 | Geeters, Douglas, IV | 808 Hudler St | LaMarque TX 77568 | 3112/57 | 11/09/2011 | | 0.00781250 | 0.203125 |
| 24 | Geters, Ivan | 808 Hudler St | LaMarque TX 77568 | 3133/157 | 12/15/2011 | | 0.00781250 | 0.203125 |
| 25 | Gonzales, Edith Gaynella | 8225 Cheyenne Ave. | Downey, CA 90242 | 3174/359 | 09/27/2012 | | 0.01388900 | 0.361114 |
| 26 | Hackworth, Thelma | 3439 Frosty Trail | Dallas TX 75241 | 3067/183 | 02/25/2011 | | 0.00520800 | 0.135408 |
| 27 | Harris, Geraldine | 4076 Hazelridge Dr | Las Vegas NV 89129 | 3058/196 | 12/28/2010 | | 0.04166667 | 1.08333342 |
| 28 | Henderson, Sandra | P O Box 7834 | Los Angeles CA 90007 | 3057/550 | 12/24/2010 | | 0.04166667 | 1.08333342 |
| 29 | Jackson, Deborah | P O Box 59 | Teaneck NJ 07666 | 3061/423 | 01/20/2011 | | 0.01041700 | 0.270842 |
| 30 | Johnson, Diann Pollard | 808 Hudler St. | LaMarque TX 77568 | 3112/86 | 11/09/2011 | | 0.01562500 | 0.40625 |
| 31 | McKinley, Ausie Leon | 817 Wood Glen Lane | DeSoto TX 75115 | 3066/364 | 02/22/2011 | | 0.00520800 | 0.135408 |
| 32 | McKinley, Ebony/William L. | 5917 Fisher Rd #203 | Temple Hills MD 20748 | 3082/805 | 05/19/2011 | | 0.00520800 | 0.135408 |
| 33 | Milburn, Reta | 2710 Amaranth Dr | Houston TX 77084 | 3054/408 | 12/08/2010 | | 0.01562500 | 0.40625 |
| 34 | Mills, Ola Marie | 11 Cherrywood Circle | Marshall TX 75670 | 3064/573 | 02/14/2011 | | 0.00312500 | 0.08125 |
| 35 | Murrell, Robbie | 4076 Hazelridge Dr | Las Vegas NV 89129 | 3058/190 | 12/29/2010 | | 0.04166667 | 1.08333342 |
| 36 | Reese, Alva Gene | 7325 Albert Williams Dr | Dallas TX 75241 | 3116/688 | 12/07/2011 | | 0.00312500 | 0.08125 |
| 37 | Reese, Darnell | 2828 Larkapur LN | Dallas TX 75233 | 3068/408 | 01/19/2011 | | 0.00312500 | 0.08125 |
| 38 | Reese, Fred | 3222 W 83rd St | Inglewood CA 90305 | 3120/815 | 01/06/2012 | | 0.00312500 | 0.08125 |
| 39 | Reese, Glenda Ruth | 710 Brazos Way | Rockwall TX 75032 | 3064/555 | 02/11/2011 | | 0.00312500 | 0.08125 |

| # | Name | Address | City/State | Ref | Date | Value 1 | Value 2 |
|---|------|---------|-----------|-----|------|---------|---------|
| 40 | Reese, J. P. | 1003 Quincy Circle | Garland TX 75040 | 3060/423 | 01/19/2011 | 0.00312500 | 0.08125 |
| 41 | Reese, Michelle Annette Indiv & as Indiv. Exec of the Est of Norminel Reese Sr, Dec | 120 Spelt Ln | Dallas TX 75241 | 3112/71 | 11/19/2011 | 0.00312500 | 0.08125 |
| 42 | Reese, Terry Wayne | 1604 N Marshall | Henderson TX 75652 | 3067/159 | 02/28/2011 | 0.00312500 | 0.08125 |
| 43 | Richardson, Bernard | 2628 Lea Crest Dr | Dallas TX 75216 | 3054/414 | 12/16/2010 | 0.05208370 | 1.3541762 |
| 44 | Roberson, Kenneth | 7223 Grandia | Houston TX 77083 | 3060/61 | 01/13/2011 | 0.01562500 | 0.40625 |
| 45 | Smith, Emma Jean Trimble | 2904 Evans St | Marshall TX 75670 | 3057/413 | 12/29/2010 | 0.01562500 | 0.40625 |
| 46 | Watts, Josephine Reese | 710 Brazos Way | Rockwall TX 75032 | 3064/561 | 02/11/2011 | 0.00312500 | 0.08125 |
| 47 | Wallace, Marcia Denise | 9708 Forest Ln #4005 | Dallas TX 75243 | 3070/519 | 03/21/2011 | 0.00312500 | 0.08125 |
| 48 | Whetstone, Willie Bell | 606 Wilson St | Henderson TX 75602 | 3060/103 | 01/14/2011 | 0.00390625 | 0.1015625 |
| 49 | Wilson, Mary | P O Box 117262 | Carrollton TX 75011 | 3092/412 | 07/12/2011 | 0.02083300 | 0.541658 |
| 50 | Witcher, James | 3125 Old Hickory Trl | Ft Worth 76440 | 3061/447 | 01/18/2011 | 0.01041700 | 0.270842 |
| 51 | Witcher, Rodney | 1602 W Martin Luther King | Tyler TX 75702 | 3061/435 | 01/15/2011 | 0.01041700 | 0.270842 |
| 52 | Worthy, Angela | 6355 Green Calley Circle, Unit #209 | Culver City, CA 90230 | 3153/421 | 07/17/2012 | 0.01388900 | 0.361114 |
| | | | | | | | |
| | Totals for Purchased Interests in Tract 1262 | | | | | 0.84340293 | 21.9284762 |
| | | | | | | | |
| | **Outstanding Interests in Tract 1262** | | | | | | |
| 53 | Johnson, Deborah D. | 3271 Niagra St | Denver CO 80207 | | | 0.03125000 | 0.8125 |
| 54 | Dade, Michelle | 1376 Butter Churn Dr. | Henderson, VA 20170 | | | 0.00416667 | 0.10833342 |
| 55 | Cooksey, Wilfred | P.O. Box 12291 | St. Thomas, USVI 00801 | | | 0.00416667 | 0.10833342 |
| 56 | Toney, Gerald | 703 Falls View Rd. | Manchester, CT. 06042 | | | 0.00208334 | 0.05416684 |
| 57 | Toney, Nicole | 1 Gold St. Apt 23G | Hartford, CT 06103 | | | 0.00208334 | 0.05416684 |
| 58 | Story, Howard | 1653 6th St. | Manhattan Beach, CA 90266 | | | 0.02083334 | 0.54166684 |
| 59 | Story, Marion Carol | | California | | | 0.02083334 | 0.54166684 |
| 60 | Greenwood, Nelson Jr. | 3017 E. Nelson Ave. | North Las Vegas, Nevada 89030 | | | 0.01388900 | 0.361114 |
| 61 | Williams, Marjorie H.C/O Leroy Williams | 12807 E Ohio Ave | Aurora CO 80012 | | | 0.04166667 | 1.08333334 |
| 62 | Trimble, William Forest Jr. | | | | | 0.00520833 | 0.13541667 |
| 63 | Donaldson, Sharon Trimble | 2010 WINEBERRY DR | Katy, Texas 77450 | | | 0.00520833 | 0.13541667 |
| 64 | Shawkey, Sella Trimble | | | | | 0.00520833 | 0.13541667 |
| | | | | | | | |
| | Total Outstanding Interests Not Purchased to Date | | | | | 0.15659737 | 4.07153154 |
| | | | | | | | |
| | **100% OWNERSHIP** | | | | | | 1.00000030 |

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: |
| COUNTY OF RUSK | § | |

THAT **Marcia Denise Wallace**, 9708 Forest Lane, Apt. 4005, Dallas, Texas 75243 (herein called "grantor"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration paid to the undersigned by the grantee herein named, the receipt of which is hereby acknowledged, and for which no lien, express or implied, is retained, have GRANTED, SOLD, and CONVEYED, and by these presents do GRANT, SELL, and CONVEY, unto **LUMINANT MINING COMPANY LLC**, a Texas limited liability company, whose address is 500 N. Akard Street, 14th Floor, Dallas, Texas 75201 (herein "grantee"), all my undivided interest in that certain real property located in Rusk County, Texas, being 102.67 acres, more or less (the "Property"), as more particularly described in Exhibits A, A-1, B, and B-1 attached hereto and made a part hereof for all purposes.

This conveyance is made and accepted subject to the following:

1.    Taxes for the current year, which are assumed by grantee;

2.    Any prior reservations of oil, gas and other minerals (excluding coal and lignite), and/or any royalty reservations in such substances, as shown of record in the office of the County Clerk of the County in which the Property is located; and

3.    Any existing and valid oil, gas and mineral leases (excluding leases on coal or lignite), or easements or rights-of-way, as shown of record in the office of the County Clerk of the County in which the Property is located.

SAVE AND EXCEPT, and there is reserved unto grantor, her heirs and assigns, all of the oil, gas and other minerals (excluding from this reservation all coal, lignite or other near surface minerals) which grantor owns, lying in, on, and under the Property, provided, however, that grantor shall grant no right to use or occupy the surface of the Property for exploration, development, production or transportation of the oil, gas or other minerals reserved to grantor, absent the express written consent of grantee, which consent shall be given in grantee's sole and absolute discretion.

TO HAVE AND TO HOLD the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, including without limitation rights in adjacent rights-of-way, any reversionary interests, and all of grantor's right, title, and interest in any adjoining lands that grantor may have acquired by adverse possession or limitation title, unto the said grantee, its successors and assigns forever; and grantor does hereby bind herself, her heirs and assigns, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, its successors and assigns, against every person whosoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this 21st day of March, 2011.

_____

**Marcia Denise Wallace**

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

This instrument was acknowledged before me on this 21st day of March, 2011, by **Marcia Denise Wallace**.

_____

Notary Public, State of Texas



RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

# LACY SURVEYING INC

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**33.094 Acres**
**Area 361 – Tract 1343**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833,
Rusk County, Texas, and also being all of that certain called 37.46 acre tract (Tract 4) of
land described in a Declaration of Unit dated February 17, 1981 that is recorded in
Volume 1301, Page 825 of the Deed Records of Rusk County, Texas, and being more
completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 4 inch wood fence post found for corner at the occupied Easterly N.E.C.
of said 37.46 acres, at the N.W.C. of the Herman Mapps called once acre tract (Volume
1131 – Page 391) and also being in the S.B.L. of the Luberta Menefee called 23 acre tract
(Volume 412 – Page 408, First Tract) and said point of beginning has a Texas North
Central Coordinate value of (N: 214,590.383) (E: 2,895,363.391);

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied E.B.L. of
said tract and along the W.B.L. of said once acre, at 375.66 feet, pass a 1/2 inch iron rod
with a cap stamped "RPLS 4021" found at the intersection of the North right-of-way
(R.O.W.) line of F.M. Road No. 2658 with the W.B.L. of said one acre, at 477.53 feet,
pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the N.W.C. of the
Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170) and continue for a total
distance of 1182.72 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for
corner at the occupied S.W.C. of said Reese tract, at the S.E.C. of said 37.46 acres and
also being in the N.B.L. of the W.M. Pollard called 65 acre tract (Volume 51 – Page 88);

Thence South 89 degrees 43 minutes and 20 seconds West, along the S.B.L. of said tract
and along the N.B.L. of said 65 acres, for a distance of 932.80 feet, to a 1/2 inch iron rod
set for corner at the S.W.C. of said 37.46 acres and at the S.E.C. of the Paula E. Williams,
et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 01 degrees 29 minutes and 24 seconds East, along the occupied W.B.L. of
said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 315.57 feet, to a 6
inch wood fence post found for corner;

**Exhibit "A"**

# LACY SURVEYING IN

## REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 33.094 acres cont'd.

Thence North 02 degrees 53 minutes and 06 seconds West, continuing along said lines, for a distance of 68.40 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the intersection of the W.B.L. of said 37.46 acres with the South R.O.W. line of said F.M. Road;

Thence North 02 degrees 59 minutes and 58 seconds East, across said F.M. Road, along the W.B.L. of said 37.46 acres and along the E.B.L. of said 48 acres, for a distance of 134.31 feet, to a 6 inch wood fence post found for corner at the intersection of the W.B.L. of said 37.46 acres with the North R.O.W. line of said F.M. Road and at the S.E.C. of a called 1 acre tract of land (Volume 2486 – Page 346);

Thence North 05 degrees 06 minutes and 18 seconds West, along the occupied W.B.L. of said 37.46 acres, along the E.B.L. of said 48 acres and along the E.B.L. of said 1 acre, at 207.71 feet, pass a 1/2 inch iron rod found at the N.E.C. of said 1 acre and continue for a total distance of 255.31 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the occupied N.E.C. of said 48 acres and at a reentrant corner of said 37.46 acres;

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 37.46 acres and along the N.E.B.L. of said 48 acres, for a distance of 1001.71 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the N.W.C. of said 37.46 acres and at the S.W.C. of the Bessie Barr called 26 acre tract that is described as Share No.1 in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al, vs. Willie Barr, et al, and is recorded in the District Court Records of Rusk County, Texas;

Thence North 88 degrees 57 minutes and 19 seconds East, along the N.B.L. of said 37.46 acres and along the S.B.L. of said 26 acres, for a distance of 1011.91 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner at the Westerly N.E.C. of said 37.46 acres, at the S.E.C. of said 26 acres and also being in the W.B.L. of said 23 acres;

Thence South 01 degrees 02 minutes and 41 seconds East, along the occupied Westerly E.B.L. of said 37.46 acres and along the W.B.L. of said 23 acres, for a distance of 324.60 feet, to a 4 inch wood fence corner post found for corner at the occupied S.W.C. of said 23 acres and at a reentrant corner of said 37.46 acres;

# LACY SURVEYING, INC.
### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 33.094 acres cont'd.

Thence North 88 degrees 57 minutes and 19 seconds East, along the occupied Easterly N.B.L. of said 37.46 acres and along the S.B.L. of said 23 acres, for a distance of 611.42 feet, to the place of beginning and containing **33.094 acres of which 2.299 acres are located within the R.O.W. of F.M. Road No. 2658.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER – R.P.L.S. No. 6148



PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 200.00'

Reduced Copy

# LACY SURVEYING INC

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

**Exhibit "B"**

# LACY SURVEYING IN .

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING IN

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736 acres.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148



PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 400.00'

Exhibit "B-1"

LACY SURVEYING INC.
P.O. BOX 798 ARP, TEXAS 75750
PHONE & FAX / 903 | 859 2620

January 16, 2014


Wilmer Forrest Tremble, Jr.
Sharon Tremble Donaldson
Selia Tremble Shawkey
Billie J Murphy Tremble

THE DEFENDANTS ANSWER FOR DISCLOSURE OF PLAINTIFFS ORIGINAL PETITION. IN
THE DISTRICT COURT OF RUSK COUNTY, TX 4TH JUDICIAL DISTRICT

Re: Petition 2013-390 Tract 1262; 2013-391 Tract 1344; 2013-392 Tract 1343

To The Honorable Judge Of This Court:

We the owners of the property in Rusk County, Texas did not seek out Luminant Mining Co.,
LLC. They approached us desiring to take our inherited property and the minerals that are on
and under the property.

We have a dispute with the plaintiff owning 87.5% in Tract 1, 84% interest in Tract 2, and any
interest in Bessie Barr Strong's acreage. We have no contract, lease, or agreement (verbal or in
writing) with said company or any of their representatives.

A conference call took place on November 26, 2013 at 4 PM Central Standard Time. There
were two Luminant attorneys and two Luminant representatives on the call: Marc Knisely, David
Jackson, Kevin Kent and Steve Higgenbotham participated in discussing an amicable
agreement with Selia Tremble Shawkey and Sharon Tremble Donaldson.

Recently we were made aware of Luminant Mining Co., LLC petitioning the court on November
26, 2013 at 12:01 PM. That filing clearly shows the plaintiff's attorneys and representative had
no intention of honoring anything discussed while on the conference call later that day.

The first undivided interest was acquired December 16, 2010; that information was concealed
from all other heirs to the property. We the defendants were made aware of this transaction in
August 2013.

On occasion, Luminant representatives have intimidated and kept us off our own land. The
plaintiffs presented themselves as a threatening force. Due to their persistence we are unable to
use the land and its resources to generate income. These properties 102.46 acres and the
25.326 acres have been in our family four generations.

Respectfully the Tremble Family,


Sharon Tremble Donaldson

*(Tract 1344)*

NO. 2013-391

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., a/k/a | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, | § | |
| SELIA TRIMBLE SHAWKEY, and | § | |
| BILLIE J. MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## PLAINTIFF'S TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT ON FIRST PHASE PARTITION ISSUES

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC ("Plaintiff" or "Luminant") files this Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues and for such motion respectfully shows the Court the following:

## I.
## INTRODUCTION

Plaintiff and Defendants Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., Sharon Trimble Donaldson, Selia Trimble Shawkey, And Billie J. Murphy Tremble are cotenants who own undivided interests in a tract of land in Rusk County containing 64.736 acres ("the Property").

Luminant brought this suit for a partition of the Property. Luminant, as an undivided interest owner, has "the absolute right to demand" partition of the Property, either in kind or by sale. *Moseley v. Hearrell*, 171 S.W.2d 337, 338 (Tex. 1943) (addressing and affirming trial court's order granting partition by sale); TEX. PROP. CODE § 23.001. "The [partition] statutes confer the right to compel partition in the broadest terms. There is no requirement for the

showing of equitable grounds as a prerequisite to the exercise of the right, nor is there any provision that the right may be defeated by the showing of inequities." *Moseley*, 171 S.W.2d at 338 (Tex. 1943).

A partition proceeding is a two-step process, with two final orders or judgments. "A partition case, unlike other proceedings, has two final judgments and the first one is appealable as a final judgment." *Griffin v. Wolfe*, 610 S.W.2d 466 (Tex. 1980).

"In the first step, the trial court determines (1) the share or interests of each of the owners; (2) all questions of law or equity affecting the title to the land; and (3) whether the property is susceptible to partition or is the subject of a sale." *Hershey v. Duncan*, No. 13-01-688-CV, 2004 Tex. App. LEXIS 9784, at *8 (Tex. App. – Corpus Christi 2004, pet. denied); Tex. R. Civ. P. 760, 761, 770. If partition by sale is ordered, as Plaintiff requests here, the second step is for the Court to decide whether to confirm the sale and to order distribution of the sale proceeds. *Miesch v. Anderson*, 90 S.W.2d 314, 316-17 (Tex. Civ. App. – Texarkana 1936, no writ).

Plaintiff moves for summary judgment on the first phase partition issues. Specifically, Plaintiff seeks summary judgment as follows:

(1)     A determination of the undivided shares or interests of Plaintiff and the Defendants; and

(2)     A determination that a fair and equitable division of the Property cannot be made and rendition of an order directing that a receiver be appointed to conduct a sale of the Property, that the Property be sold, and that the proceeds of the sale be paid into the registry of the Court, with the proceeds to be distributed to Plaintiff and the Defendants in accordance with their respective undivided interests if the Court confirms the sale.

## II.
## SUMMARY JUDGMENT EVIDENCE

The summary judgment evidence supporting this motion is as follows:

1. Exhibit 1:  Affidavit of Russell Davis, Landman, attesting to the ownership interests of Plaintiff and Defendants, and to the field notes of the Property attached to his affidavit as Exhibit A and a plat of the Property attached to his affidavit as Exhibit B.

2. Exhibit 2:  Affidavit of Blair Abney, Licensed Appraiser, attesting to the value of the Property and the need for partition by sale of the Property because a fair and equitable partition in kind is not feasible.

## III.
## STATEMENT OF UNDISPUTED FACTS

The Property contains 64.736 acres and has the dimensions and configuration described in Exhibit A and depicted on Exhibit B to the affidavit of Russell Davis. Ex. 1, para. 6. Plaintiff and the Defendants are the undivided interest owners of the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas. Ex. 1, para. 8.

Plaintiff owns an undivided 87.5 percent interest in the surface estate of the Property, and the Defendants own small shares of the remaining undivided interest. *Id.* Specifically, Defendants' undivided interests are as follows:

| | |
|---|---|
| Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. | 4.166667% |
| Defendant Sharon Trimble Donaldson | 4.166667% |
| Defendant Selia Trimble Shawkey | 4.166667% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 12.500000% |

3

*Id.*

A fair and equitable division of the Property in kind is not feasible. Ex. 2, paras. 8-9. The Defendants own small fractional interests, making partition in kind impractical, and the sum of the value of the subdivided parts would be less than the value of the Property as a whole. *Id.*

## IV.
## LEGAL STANDARDS

A party moving for a traditional summary judgment is entitled to summary judgment if it establishes that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex. 1999).

After an adequate time for discovery, a plaintiff may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of a defendant's defense. Tex. R. Civ. P. 166a(i). The plaintiff must specifically state the elements for which there is no evidence. *Id.* The plaintiff is entitled to summary judgment unless the defendant produces summary judgment evidence that raises a genuine issue of material fact as to those elements. *Id.*

Defendants have no evidence to dispute the following elements of Plaintiff's claim for partition of the Property by sale:

(1)     The undivided shares or interests of Plaintiff and the Defendants in the Property, as set forth above; and

(2)     The fact that a fair and equitable partition of the Property in kind is not feasible, for the reasons set forth above.

4

**V.**
**ARGUMENT AND AUTHORITIES**

A.    **Plaintiff owns an undivided 87.5 percent interest in the Property, and the Defendants own small shares of the remaining undivided interest.**

In the first phase of a partition suit, the trial court is directed to determine the share or interest of each of the joint owners. *Malone v. Malone*, No. 06-10-00083-CV, 2011 Tex. App. LEXIS 98, *10 (Tex. App. – Texarkana January 7, 2011, no pet.); *Rayson v. Johns*, 524 S.W.2d 380, 382 (Tex. Civ. App. – Texarkana 1975, writ ref'd n.r.e.). The undisputed evidence establishes that Plaintiff and Defendants are cotenants in the surface estate of the Property, and that the undivided interests of each cotenant are as follows:

| | |
|---|---|
| Plaintiff Luminant | 87.50000% |
| Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. | 4.166667% |
| Defendant Sharon Trimble Donaldson | 4.166667% |
| Defendant Selia Trimble Shawkey | 4.166667% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 12.500000% |

Ex. 1, para. 8. Accordingly, the Court should render summary judgment determining that the interests of each owner in the Property are as set forth above.

B.    **The Property cannot be fairly and equitably partitioned in kind and therefore should be sold.**

The final issue to be decided in the first phase is whether the property is susceptible to partition in kind or whether a sale must be ordered. *Malone*, 2011 Tex. App. LEXIS 98, at *10. Texas law favors partition in kind, but partition by sale is required when in-kind partition would not be fair and equitable. Tex. R. Civ. P. 770; *Cecola v. Ruley*, 12 S.W.3d 848, 853 (Tex. App. – Texarkana 2000, no pet.). In several opinions during recent years, the Texarkana Court of

5

Appeals has held that partition in kind would not be fair and equitable. *Champion v. Robinson*, 392 S.W.3d 118, 125-26 (Tex. App. – Texarkana 2012, pet. denied); *Fite v. Wilson*, No. 06-05-00131-CV, 2006 Tex. App. LEXIS 5812, *8-10 (Tex. App. – Texarkana July 6, 2006, no pet.); *Cecola*, 12 S.W.3d at 854-56; *Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App. – Texarkana 1990, no writ).

The test for whether land is incapable of partition in kind under Texas Rule of Civil Procedure 770 "does not mean incapable in a physical sense." *Cecola*, 12 S.W.3d at 855. Rather, the test is whether one or more of several circumstances exist that the courts recognize as requiring a sale. *Cecola*, 12 S.W.3d at 853-56 (holding that trial court erred by ordering partition in kind).

First, if the sum of the values of separate tracts would be less than the value of the property as a whole, causing a significant economic loss to the owners, a sale is mandated. *Cecola*, 12 S.W.3d at 855 ("If the property can be divided in kind without materially impairing its value, a sale will not be ordered, but when dividing the land into parcels causes its value to be substantially less than its value when whole, the rights of the owners are substantially prejudiced. Substantial economic loss is one of the significant factors that would warrant a sale in lieu of a partition in kind."); *Halamka*, 799 S.W.2d at 354 (trial court properly determined that property "should be sold and the proceeds divided in order to restore the maximum value" to the owners); *Taplin v. Peach Creek Partners, Ltd.*, No. 10-06-00371-CV, 2007 Tex. App. LEXIS 9757, *5-6 (Tex. App. – Waco December 12, 2007, pet. dism'd) (citing *Cecola*).

Second, if multiple small undivided interests would necessitate the creation of some impractically small tracts, partition by sale is favored. *Champion*, 392 S.W.3d at 125 ("We believe that the diminutive size of the smallest shares is particularly telling here."); *Fite*, 2006,

6

Tex. App. LEXIS 5812, at *9 (small interests of some owners would "require the property to be divided into tiny parcels"; "Land could be divided into microscopic fractional pieces, but the court must look to determine if a partition in kind would be impracticable, given the small size of some interests" and other factors) *Taylor v. Hill*, No. 03-03-00540-CV, 2004 Tex. App. LEXIS 5747, *9 (Tex. App. – Austin July 1, 2004, no pet.) (existence of some small interest owners, along with other factors, renders partition in kind "impractical"), cited in *Champion*, 392 S.W. 3d at 126, and *Fite*, 2006 Tex. App. LEXIS 5812, at *9; *Wheeler v. Phillips*, No. 03-10-00221-CV, 2011 Tex. App. LEXIS 7402, * 24-25 (Tex. App. – Austin September 7, 2001, no pet.) (noting existence of some small interest owners), cited in *Champion*, 392 S.W.3d at 126.

Third, the existence of disparities in the values of different portions of property resulting from road frontage, varying natural features, or other irregularities supports partition by sale. *Champion*, 392 S.W.3d at 125 (citing "geographically diverse land"), 126 (noting "varied land"); *Fite*, 2006 Tex. App. LEXIS 5812, at *8 (non-uniformity of timber); *Taplin*, 2007 Tex. App. LEXIS 9757, at *4 (pipeline, road frontage, and other factors caused disparities in value and thus impracticability of partition); *Wheeler*, 2011 Tex. App. LEXIS 7402, at *22-23 (judicial notice that highway frontage, easement encumbrances, and other varying features precluded partition in kind); *Johnson v. LaMesa Farms, Inc.*, No. 07-07-0241-CV, 2009 Tex. App. LEXIS 57, *10-13 (Tex. App. – Amarillo January 7, 2009, pet. denied) (evidence of non-uniformity in natural attributes of land supported partition by sale); *White v. Smyth*, 214 S.W.2d 967, 278-285 (Tex. 1948) (affirming trial court's judgment that a tract of land, including the rock asphalt, and the rock asphalt estate in other land could not be partitioned in kind because of the variablility of the existence and depth of the rock asphalt).

Undisputed summary judgment evidence establishes the existence of grounds requiring partition by sale documented in the authorities cited above. Partition by sale is necessary to avoid a material impairment of value and a significant economic loss that would be effected by a partition in kind. Ex. 2, para. 9. The small fractional interests owned by the Defendants also render partition in kind impractical. Ex. 2, para. 8. Accordingly, the Court should order partition by sale.

**VI.**
**REQUEST FOR RELIEF**

Plaintiff Luminant Mining Company LLC respectfully requests that the Court render summary judgment: finding and determining that the shares or interests of Plaintiff and the Defendants in the Property are as set forth above; ordering that a receiver be appointed to sell the Property and that the Property be sold; and granting Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

8

John R. ("Rusty") Phenix
Phenix, Phenix & Crump, PC
118 S Main St
Henderson TX 75654
(903) 657-3595 or (800) 940-1047
www.phenixlawfirm.com
email: rusty@phenixlawfirm.com


By: _David E. Jackson_____
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the above and foregoing Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues was sent as follows via certified mail, return receipt requested on this the 22ⁿᵈ day of _July_, 2014.

Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr.
3615 Sheldon
Pearland, Texas  77584
Certified Mail, RRR
70132250000048069069

Sharon Trimble Donaldson
2010 Wineberry Dr.
Katy, Texas  77450
Certified Mail, RRR
70132250000048069021

Selia Trimble Shawkey
4032 St. Christopher Lane
Dallas, Texas  75287
Certified Mail, RRR
70132250000048069083

Billie J. Murphy Tremble
2806 Evans St.
Marshall, Texas  75670
Certified Mail, RRR
70132250000048069106

David E. Jackson

*(Tract 1344)*

# EXHIBIT 1

### NO. 2013-391

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., a/k/a | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, | § | |
| SELIA TRIMBLE SHAWKEY, and BILLIE | § | |
| J. MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## AFFIDAVIT OF RUSSELL DAVIS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF RUSK | § |

Russell Davis, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.    My name is Russell Davis. I am an independent contract Landman working for Luminant Mining Company LLC ("Luminant"). The following is based on my personal knowledge.

2.    I have been working as a Landman for about 11 years. I have worked as a Landman for Luminant for about 4 years.

3.    I am a member of the American Association of Professional Landmen and the East Texas Association of Professional Landmen. I have a Bachelor of Science degree from Louisiana Tech University and have attended several continuing education courses sponsored by the AAPL.

4.    My responsibilities as a Landman have included examining deed records to determine title to real property, negotiating and acquiring coal and other mineral leases, and negotiating the sale or purchase of and selling or purchasing fee interests in property. I have performed these tasks in Rusk County and in other neighboring counties in northeast Texas.

5.    I am familiar with a tract of land in Rusk County containing 64.736 acres ("the Property") that is the subject of a partition suit styled Luminant Mining Company LLC v. Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., et al, Cause No. 2013-292, in the District Court of Rusk County, Texas, 4th Judicial District. The Property is referred to by Luminant as Tract 1344. I have personally examined the Property and am knowledgeable about its features and configuration.

6.    Approximately three and a half years ago, Luminant hired Lacy Surveying, Inc. to perform a survey of the Property. The attached Exhibit A is a true and correct copy of the field notes of the Property from that survey, and Exhibit B is a true and correct copy of a plat that accurately depicts the Property.

7.    I have examined the Rusk County Deed Records to determine the ownership of and interests in the Property.

8.    From my examination of the pertinent records relating to ownership of the Property, I have determined that Luminant and four individuals own undivided interests in the surface estate of the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas, and that the percentage interests or shares of each of the cotenant owners in the surface estate of the Property are as follows:

| | |
|---|---|
| Plaintiff Luminant | 87.500000% |
| Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. | 4.166667% |
| Defendant Sharon Trimble Donaldson | 4.166667% |
| Defendant Selia Trimble Shawkey | 4.166667% |

- 2 -

Defendant Billie J. Murphy Tremble (life estate    1/3 of 12.500000% only)

Further, Affiant sayeth not.

_____
Russell Davis, Landman

STATE OF TEXAS          §
                        §
COUNTY OF RUSK          §

This instrument was acknowledged before me on the 16th day of _____July_____, 2014, by Russell Davis.

RENDA ROWE
MY COMMISSION EXPIRES
May 21, 2016

_____
Notary Public, State of Texas

- 3 -

Exhibit A

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

December 2, 2010
Field Notes for Luminant Mining Company LLC
**64.736 Acres**
**Area 361 – Tract 1344**
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

---

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 65 acre tract of land described in a deed dated November 17, 1900 from Ollie Brooks, et ux, Minnie to W.M. Pollard that is recorded in Volume 51, Page 88 of the Deed Records of Rusk County, Texas, and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 60D nail found for corner at the S.W.C. of said tract, at the S.E.C. of the John W. Grant called 8.5 acre tract (Volume 691 – Page 177), in the N.B.L. of a called 49.951 acre tract of land described in field notes prepared on September 30, 2010 by R.P.L.S #6148 and also being in the centerline of County Road No. 392, from which a 1/2 inch iron rod found for reference bears North 00 degrees 35 minutes and 27 seconds East, a distance of 15.00 feet and said point of beginning has a Texas North Central Coordinate value of (N: 212,291.285) (E: 2,894,247.385);

Thence North 00 degrees 35 minutes and 27 seconds East, along the occupied W.B.L. of said 65 acres and along the E.B.L. of said 8.5 acres, for a distance of 1111.18 feet, to a cross tie fence corner post found for corner at the N.W.C. of said 65 acres, at the N.E.C. of said 8.5 acres and also being in the S.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 89 degrees 43 minutes and 20 seconds East, along the N.B.L. of said 65 acres, along the S.B.L. of said 48 acres and along the S.B.L. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4), for a distance of 1126.13 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 37.46 acres and at the occupied S.W.C. of the Preston Reese, et ux, Mercie Dee tract (Volume 880 – Page 170);

Thence North 88 degrees 54 minutes and 23 seconds East, along the occupied S.B.L. of said Reese tract and continuing along the N.B.L. of said 65 acres, for a distance of 749.31 feet, to a steel post found for corner at the S.E.C. of said Reese tract and at the S.W.C. of the Preston Reese called 4.43 acre tract (Volume 1197 – Page 452);

Page 1 of 3

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 3
Field Notes for 64.736 acres cont'd.

Thence North 88 degrees 45 minutes and 19 seconds East, along the occupied S.B.L. of said 4.43 acre tract and continuing along the N.B.L. of said 65 acres, for a distance of 24.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner;

Thence North 87 degrees 44 minutes and 43 seconds East, continuing along said lines, for a distance of 201.75 feet, to a 6 inch wood post found for corner at the S.E.C. of said 4.43 acres and at the S.W.C. of the Preston Reese, et ux, called 12.45 acre tract (Volume 967 – Page 599, Second Tract);

Thence North 88 degrees 13 minutes and 40 seconds East, along the occupied S.B.L. of said 12.45 acres and continuing along the N.B.L. of said 65 acres, for a distance of 466.89 feet, to a 4 inch wood post found for corner at the occupied S.E.C. of said 12.45 acres, at the N.E.C. of said 65 acres, at the S.W.C. of the Dan Taylor, Trustee called 12.45 acre tract (Volume 967 – Page 603) and at the Southerly N.W.C. of a called 37.1 acre tract of land described in field notes prepared on February 7, 1974 by R.P.S. #972;

Thence South 00 degrees 32 minutes and 49 seconds East, along the E.B.L. of said 65 acres, along the W.B.L. of said 37.1 acres and about an existing fence, for a distance of 1086.72 feet, to a 2 inch wood fence post found for corner at the S.E.C. of said 65 acres, at the S.W.C. of said 37.1 acres and also being in the occupied N.B.L. of the Mary Ann Graham Kirk, et al, called 110.4 acre tract (Volume 2048 – Page 376);

Thence South 88 degrees 23 minutes and 42 seconds West, along the occupied S.B.L. of said 65 acres and along the N.B.L. of said 110.4 acres, for a distance of 1283.19 feet, to a fence break for corner;

Thence South 87 degrees 07 minutes and 36 seconds West, continuing along said lines, for a distance of 289.92 feet, to a 1/2 inch iron rod found for corner at the occupied N.W.C. of said 110.4 acres and at the N.E.C. of said 49.951 acres;

Thence South 89 degrees 46 minutes and 23 seconds West, along the S.B.L. of said 65 acres and along the N.B.L. of said 49.951 acres, for a distance of 269.21 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" found for corner near the centerline of said County Road No. 392;

Thence South 88 degrees 48 minutes and 30 seconds West, continuing along the S.B.L. of said 65 acres, continuing along the N.B.L. of said 49.951 acres and along said County

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: *lacysur@aol.com*

P.O. BOX 736
ARP, TX 75750

Page 3 of 3
Field Notes for 64.736 acres cont'd.

Road, for a distance of 748.08 feet, to the place of beginning, and containing **64.736 acres.**

**Bearing Source:** Based on SEMPCO Mon. 54 to SEMPCO Mon. 53 (Published N 83°58'02" E)

**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 54 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of December, 2010.

DANIEL LEE COOPER – R.P.L.S. No. 6148

**Exhibit B**



PLAT OF SURVEY
SHOWING
PART OF THE THOMAS WILLIAMS SURVEY A - 833
RUSK COUNTY, TEXAS
SURVEYED NOVEMBER, 2010
SCALE: 1" = 400.00'

*(Tract 1344)*

# EXHIBIT 2

NO. 2013-391

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| WILMER FORREST TRIMBLE, JR., a/k/a | § | OF RUSK COUNTY, TEXAS |
| WILMER FORREST TREMBLE, JR., | § | |
| SHARON TRIMBLE DONALDSON, | § | |
| SELIA TRIMBLE SHAWKEY, and BILLIE | § | |
| J. MURPHY TREMBLE, | § | |
| Defendants. | § | 4TH JUDICIAL DISTRICT |

## AFFIDAVIT OF BLAIR ABNEY

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRISON | § |

Blair Abney, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.    My name is Blair Abney. I am a real estate appraiser. The following is based on my personal knowledge.

2.    I am a Licensed Appraiser licensed by the Texas Appraiser Licensing and Certification Board. I have been a Licensed Appraiser since 2002. I am the owner of Abney Valuation Group, PLLC, a real estate appraisal firm, with an office at 209 East Austin Street, Marshall, Texas 75671.

3.    I received a bachelor's degree in Business from Baylor University in 2000. I have performed appraisals of commercial, industrial, residential, and other types of property throughout northeast Texas, including Rusk County.

4.    I have received the designations of Member, Appraisal Institute ("MAI") and Senior Residential Appraiser ("SRA") from the Appraisal Institute, which is an international membership association of professional real estate appraisers. The MAI and SRA designations are given only to an appraiser who meets certain requirements, and the requirements for the MAI designation are more rigorous than those for the SRA designation. The requirements for the MAI designation include: receiving a passing grade on 11 examinations that reflect 380 hours of classroom instruction and that test the appraiser's knowledge of basic and advanced appraisal principles and procedures, report writing, valuation analysis, and standards of professional practice; receiving a passing grade on a four-module, two-day comprehensive examination; holding an undergraduate degree from a four-year accredited educational institution; receiving credit for 6,000 hours of experience, including 3,000 hours of specialized appraisal experience; and receiving appropriate credit for a demonstration appraisal.

5.    I have been employed by Luminant Mining Company LLC ("Luminant") to provide opinions regarding a tract of land in Rusk County containing 64.736 acres, more particularly described in Exhibit A to the affidavit of Russell Davis ("the Property"), that is the subject of a partition suit styled *Luminant Mining Company LLC v. Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr., et al,* Cause No. 2013-391, in the District Court of Rusk County, Texas, 4th Judicial District. The Property that is the subject of that suit, and thus that is referred to by me in this affidavit, is the surface estate, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas. I have been asked to determine the fair market value of the Property, to opine whether the Property is susceptible to partition in kind, and to express other related opinions.

6.    I have reviewed and am relying on the affidavit of Russell Davis. I also have personally inspected the Property.

7.    I have performed an appraisal of the Property and determined the value to be $150,000.

8.    In my opinion, a fair and equitable partition in kind among the cotenants who own the Property is not feasible. First, the small interests or shares owned by the individual cotenants,

-2-

about 4.16% owned by each of three cotenants and including a life estate of about 1/3 of 12.5% owned by a fourth cotenant, make partition in kind impractical due to the allocation challenges created by the potential uses for partitioned small sites.

9.      Second, partition in kind would not be fair and equitable because, in my opinion, such a partition would cause significant economic loss to the cotenants. I have examined and evaluated several different potential scenarios for a partition in kind. In each scenario, the sum of the values of the subdivided parcels would, in my opinion, be substantially less than the value of the Property as a whole. The fair market value of the Property as a whole is, in my opinion, $150,000. Thus, the 4.16% owners would be allocated $6,240, a figure well below what is typically seen for developable residential tracts.

        Further, Affiant sayeth not.

_____

Blair Abney, Certified Appraiser

STATE OF TEXAS          §
                        §
COUNTY OF HARRISON  §


        This instrument was acknowledged before me on the |7 day of _____, 2014, by Blair Abney, Certified Appraiser.

_____

Notary Public, State of Texas

AMANDA GRANTHAM
Notary Public
STATE OF TEXAS
My Comm. Exp. August 17, 2015

F:\L\Luminant\Liberty\Partition Issues\Tract 1344\Pleadings\Plaintiff's Summary Judgment\Blair Abney Affidavit 6-17-14.docx

- 3 -

NO. 2013-390

NO. 2013-391

NO. 2013-392

**PLAINTIFF'S TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**
**ON FIRST PHASE PARTITION ISSUES**

TO THE HONORABLE JUDGE OF THIS COURT:

This is the response to the summary judgment from (" Plaintiff " or " Luminant  Mining Company LLC ") for Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issue and for such motion respectfully shows the court the following:

Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey and Wilmer Forrest Tremble, Jr. own undivided interest in tracts of land in Rusk County containing  around and about 25.326, 64.736, and 37.46 acres ("the Property").

I.

## INTRODUCTION

In response to the suit for partition brought by Luminant Mining Company LLC claiming rights to the Property as undivided interest owner and/or joint owners of the property we will present evidence to the rights of the defendants to the ownership of their property.

In evidence we will show the Affidavit of Heirship, Mineral Deed, Fraudulent Deed filed in Rusk County, Texas.

## II.

## SUMMARY JUDGMENT EVIDENCE

The summary judgment evidence disputing the plaintiff's motion is as follows:

1. Exhibit 1: Affidavit of Heirship, attesting to ownership of the surface of the property which includes all coal, lignite, and other near surface minerals, oil and gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.

2. Exhibit 2: Mineral Deed, the owners of Texas Mineral rights can demonstrate ownership to underground minerals as reflected in Texas law.  The law establishes the county clerk's office as being the official custodian of Texas property records. The Tremble's Mineral Deed is filed in Rusk County, Texas received by Joyce Lewis County Clerk on November 16, 2006. Volume: 00039373  Volume: 2700 PG 490 and 491.

3. Exhibit 3: Last Will and Testament – Wilmer Forrest Tremble, Sr.  Vol 167 Page 717 in Harrison County; Filed May 28, 1979.

4. Exhibit 4: Fraudulent Deed filed in Rusk County, Texas. Filed December 16, 2010.

## III.

## LEGAL STANDARDS

The plaintiff fails to show reasonable cause to real property ownership. The Plaintiff has an affirmative duty to make a full and accurate confession all fiduciary activity pertaining to this matter. Additionally, when

Plaintiff alleges self dealing by the fiduciary, a presumption of unfairness and fraud automatically arises, which the Plaintiff bears the burden to rebut.

## IV.

## ARGUMENT

The Defendants question whether a Non Evidence Summary Judgment could be appropriate under the circumstances; because, the Plaintiff bears the burden to fully disclose the company's activities and prove the fairness in their legal rights making full disclosure of all transactions. It is a concern that the Plaintiff did not give the Defendants due process of law nor due diligence. Price v. Estate of Anderson 522SW.2d690, 691 Tex. 1975. An estate of a deceased person is not a legal entity and cannot sue or be sued as such.

For the foregoing reasons, information was concealed from the said heirs (Defendants) Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. for the period of 2010 until 2013. Documents containing the following information: One hundred percent of the land was Deeded, (Exhibit 4) to Luminant Mining LLC December 16, 2010, by Smith, Emma Jean Trimble as recorded in Rusk County Court House in the County Clerk's Office. This action occurred without knowledge or legal consent of the other heirs. The Plaintiff in question and Smith, Emma Jean Trimble failed to get legal consent from any heir to the Deeded real property. The legal heirs are recorded in an

Affidavit of Heirship that is filed in the Rusk County Court House in the County Clerk's Office dated April 27, 2007.

Yours Respectfully,

The Tremble Family

Billie Murphy Tremble

Sharon Tremble Donaldson

Selia Tremble Shawkey

Wilmer  F. Tremble, Jr.

NO. 2013-390

NO. 2013-391

NO. 2013-392

**PLAINTIFF'S TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT ON FIRST PHASE PARTITION ISSUES**

TO THE HONORABLE JUDGE OF THIS COURT:

This is the response to the summary judgment from (" Plaintiff " or " Luminant Mining Company LLC ") for Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issue and for such motion respectfully shows the court the following:

Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey and Wilmer Forrest Tremble, Jr. own undivided interest in tracts of land in Rusk County containing around and about 25.326, 64.736, and 37.46 acres ("the Property").

I.

## INTRODUCTION

In response to the suit for partition brought by Luminant Mining Company LLC claiming rights to the Property as undivided interest owner and/or joint owners of the property we will present evidence to the rights of the defendants to the ownership of their property.

In evidence we will show the Affidavit of Heirship, Mineral Deed, Fraudulent Deed filed in Rusk County, Texas.

## II.

## SUMMARY JUDGMENT EVIDENCE

The summary judgment evidence disputing the plaintiff's motion is as follows:

1. Exhibit 1: Affidavit of Heirship, attesting to ownership of the surface of the property which includes all coal, lignite, and other near surface minerals, oil and gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.
2. Exhibit 2: Mineral Deed, the owners of Texas Mineral rights can demonstrate ownership to underground minerals as reflected in Texas law.  The law establishes the county clerk's office as being the official custodian of Texas property records. The Tremble's Mineral Deed is filed in Rusk County, Texas received by Joyce Lewis County Clerk on November 16, 2006. Volume: 00039373  Volume: 2700 PG 490 and 491.
3. Exhibit 3: Last Will and Testament – Wilmer Forrest Tremble, Sr.  Vol 167 Page 717 in Harrison County; Filed May 28, 1979.
4. Exhibit 4: Fraudulent Deed filed in Rusk County, Texas. Filed December 16, 2010.

## III.

## LEGAL STANDARDS

The plaintiff fails to show reasonable cause to real property ownership. The Plaintiff has an affirmative duty to make a full and accurate confession all fiduciary activity pertaining to this matter. Additionally, when

Plaintiff alleges self dealing by the fiduciary, a presumption of unfairness and fraud automatically arises, which the Plaintiff bears the burden to rebut.

## IV.

## ARGUMENT

The Defendants question whether a Non Evidence Summary Judgment could be appropriate under the circumstances; because, the Plaintiff bears the burden to fully disclose the company's activities and prove the fairness in their legal rights making full disclosure of all transactions. It is a concern that the Plaintiff did not give the Defendants due process of law nor due diligence. Price v. Estate of Anderson 522SW.2d690, 691 Tex. 1975. An estate of a deceased person is not a legal entity and cannot sue or be sued as such.

For the foregoing reasons, information was concealed from the said heirs (Defendants) Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. for the period of 2010 until 2013. Documents containing the following information: One hundred percent of the land was Deeded, (Exhibit 4) to Luminant Mining LLC December 16, 2010, by Smith, Emma Jean Trimble as recorded in Rusk County Court House in the County Clerk's Office. This action occurred without knowledge or legal consent of the other heirs. The Plaintiff in question and Smith, Emma Jean Trimble failed to get legal consent from any heir to the Deeded real property. The legal heirs are recorded in an

Affidavit of Heirship that is filed in the Rusk County Court House in the County Clerk's Office dated April 27, 2007.

Yours Respectfully,

The Tremble Family

Billie Murphy Tremble

Sharon Tremble Donaldson

Selia Tremble Shawkey

Wilmer  F. Tremble, Jr.

FILED

(Tract 162)

2014 SEP 16  AM 10: 56

NO. 2013-390

COURING TERRY
RUSK COUNTY DISTRICT CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE, | § | OF RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER FORREST | § | |
| TRIMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

---

### ORDER SETTING HEARING

---

Plaintiff's Traditional and No Evidence Motion for Summary Judgment on First Phase

Partition issues is hereby set for hearing on **October 8, 2014, at 10:00 a.m.** The previous

submission date for Plaintiff's Motion, August 27, 2014, is hereby extended to this new hearing

date.

Signed September 16, 2014.

Judge Presiding

*(Tract 1262)*

No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| DEBORAH D. JOHNSON, MICHELLE DADE,<br>WILFRED COOKSEY, GERALD TONEY,<br>NICOLE TONEY, HOWARD STORY, MARION<br>CAROL STORY, NELSON GREENWOOD, JR.,<br>MARJORIE H. WILLIAMS, WILMER FORREST<br>TRIMBLE, JR., A/K/A WILMER FORREST<br>TREMBLE, JR., SHARON TRIMBLE<br>DONALDSON, SELIA TRIMBLE SHAWKEY,<br>AND BILLIE J. MURPHY TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br><br>4TH JUDICIAL DISTRICT |

## JUDGMENT

The Court has considered Plaintiff's Traditional and No-Evidence Motion for Summary

Judgment on First Phase Partition Issues, Defendants' Response to Plaintiff's Traditional and No-

Evidence Motion for Summary Judgment on First Phase Partition Issues, and Plaintiff's Reply to

Defendants' Response to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment

on First Phase Partition Issues and has determined that Plaintiff's motion should be granted.

It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff's Traditional and

No-Evidence Motion for Summary Judgment on First Phase Partition Issues is hereby granted.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff and the Defendants

listed below are cotenants in the surface estate (including all coal, lignite, and other near surface

minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with

the oil and gas) of the tract of 25.326 acres of land at issue in this suit, more particularly

*(Tract 1262)*

described in Exhibit A ("the Property"), and that the undivided interests of Plaintiff and such Defendants in the Property are as follows:

| | |
|---|---|
| Plaintiff Luminant | 88.506958% |
| Defendant Deborah D. Johnson | 3.125000% |
| Defendant Michelle Dade | 0.416667% |
| Defendant Wilfred Cooksey | 0.416667% |
| Defendant Gerald Toney | 0.208334% |
| Defendant Nicole Toney | 0.208334% |
| Defendant Howard Story | 2.083334% |
| Defendant Marion Carol Story | 2.083334% |
| Defendant Nelson Greenwood, Jr. | 1.388900% |
| Defendant Billie J. Murphy Tremble | 1.562500% |
| Defendant Wilmer Forest Tremble, Jr., a/k/a Wilmer Forest Trimble, Jr. | 0.0% |
| Defendant Sharon Trimble Donaldson | 0.0% |
| Defendant Selia Trimble Shawkey | 0.0% |
| **Total** | **100.0000%** |

It is further ORDERED, ADJUDGED, and DECREED that _____ is qualified to serve and is appointed as receiver to conduct a sale of the Property (that is, the surface estate of the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas), subject to the following provisions of this judgment.

2

*(Tract 1262)*

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff Luminant Mining Company LLC shall file with the Clerk of the Court a bond, hereby fixed at $_____ and conditioned for the payment of all damages and costs of suit, in accordance with Texas Rule of Civil Procedure 695a, in case it should be decided that the receiver was wrongfully appointed.

It is further ORDERED, ADJUDGED, and DECREED that the receiver shall file with the Clerk of the Court a bond, hereby fixed at $_____ and conditioned on faithful discharge of his/her duties as receiver in this action and obedience to the orders of the Court, in accordance with Section 64.023(3) of the Texas Civil Practice and Remedies Code, and that the receiver shall file with the Clerk of the Court an executed oath, in the form attached as Exhibit B to this judgment.

It is further ORDERED, ADJUDGED, and DECREED that the receiver shall advertise the sale of the Property, obtain offers for purchase of the Property, enter into a contract for the sale of the Property with the party making the highest offer, which contract shall be subject to the Court's approval, and report the proposed sale to the Court.

This is a final judgment on all of the issues pending in the first phase of this partition suit.

Signed this _____ day of _____, 2014.


_____
JUDGE PRESIDING

3

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
25.326 Acres
Area 361 – Tract 1262
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 736
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

Page 1 of 2

# Exhibit A to Judgment - Tract 1262

Exhibit "A"

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 – Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing 25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.

**Bearing Source:** Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER    R.P.L.S. No. 6148



**PLAT OF SURVEY**

**SHOWING**

**PART OF THE DELORES CORTINAS SURVEY A - 160**

**AND PART OF THE THOMAS WILLIAMS SURVEY A - 833**

**RUSK COUNTY, TEXAS**

**SURVEYED NOVEMBER, 2010**

**SCALE: 1" = 200.00'**

Exhibit "A-1"

*(Tract 1262)*

# EXHIBIT B TO JUDGMENT

NO. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE, | § | OF RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER FORREST | § | |
| TRIMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

### OATH OF RECEIVER

I, _____, do solemnly swear that I will faithfully perform and discharge the duties of receiver in the above-entitled and numbered cause and obey the orders of the Court rendered in that cause.

Name of Receiver: _____

STATE OF TEXAS    §
                           §
COUNTY OF RUSK  §

This instrument was acknowledged before me on the _____ day of _____, 2014, by _____.

Notary Public, State of Texas

7

# JACKSON, SJOBERG, McCARTHY & TOWNSEND, L.L.P.

DAVID E. JACKSON*
JOHN MATTHEW SJOBERG*
EDMOND R. McCARTHY, JR.
ELIZABETH A. TOWNSEND†

711 WEST 7TH STREET
AUSTIN, TEXAS 78701-2785
(512) 472-7600
FAX (512) 225-5565

OF COUNSEL
ROBERT C. WILSON
MARC O. KNISELY**
MARK DOMEL

*BOARD CERTIFIED IN OIL, GAS AND MINERAL LAW
**BOARD CERTIFIED IN CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

www.jacksonsjoberg.com

EDMOND R. McCARTHY, III

†Licensed in Texas and Tennessee

September 17, 2014

**To Defendants**
**Sharon Trimble Donaldson**
**Wilmer Forest Tremble, Jr.**
**Selia Trimble Shawkey**
**Billie J Murphy Tremble**

Re:     Cause No. 2013-390 – In the District Court of Rusk County, 4th Judicial District
        *Luminant Mining Company LLC v. Deborah D. Johnson, et al. (Tract 1262)*

        Cause No. 2013-391 – In the District Court of Rusk County, 4th Judicial District
        *Luminant Mining Company v. Wilmer Forrest Trimble, Jr., et al. (Tract 1344)*

        Cause No. 2013-392 – In the District Court of Rusk County, 4th Judicial District
        *Luminant Mining Company v. Wilmer Forrest Trimble, Jr., et al. (Tract 1343)*

        Enclosed are the below-listed documents which were mailed on September 16, 2014 to
the Rusk County District Clerk for filing in the papers of the above-referenced causes.

        Plaintiff's Response to Tremble Family's Reply to Luminant's Motion for
                Summary Judgment with Supplement to Affidavit of Russell Davis
        Judgment (Proposed)
        Order Setting Hearing for October 8, 2014

                Very truly yours,

                Marc O. Knisely

                Marc Knisely
                Attorney for Plaintiff
                Luminant Mining Company LLC

/cac
Enclosures

*(Tract 1262)*

No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE, | § | OF RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER FORREST | § | |
| TREMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

### PLAINTIFF'S REPLY TO THE
### TREMBLE FAMILY'S SUMMARY JUDGMENT RESPONSE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Luminant Mining Company LLC ("Plaintiff" or "Luminant") files this reply to the response filed by Defendants Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response") to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues ("Plaintiff's Motion for Summary Judgment").

### I.
### INTRODUCTION

Plaintiff has moved for summary judgment on the first-phase partition issues in this cause:

(1)     The determination of the shares or interests owned by the parties in the Property; and

(2)    A determination that the Property is not susceptible to a fair and equitable partition in kind, and rendition of an order directing (a) that a receiver be appointed to conduct the sale of the Property and (b) that the Property be sold, subject to subsequent Court approval and confirmation.

The members of the Tremble Family are the only Defendants who have responded to Plaintiff's Motion for Summary Judgment.  The Tremble Family's Response does not challenge partition by sale in any manner.  Instead, the response raises two issues:

(1)    The Tremble Family contends that the December 2010 deed from Emma Jean Trimble Smith (sister of Wilmer F. Tremble, Sr.) to Luminant was fraudulent; and

(2)    Although the Tremble Family is silent about its effect on the respective family members' title, they attach to their response a will by Wilmer F. Tremble, Sr. that alters the status of undivided ownership among the Tremble Family members from that previously known to Luminant and presented in Plaintiff's Motion for Summary Judgment.

This reply addresses each of these two issues.  First, the December 2010 deed from Emma Jean Trimble Smith to Luminant is not fraudulent.  Contrary to the Tremble Family's contention, the deed does not convey or purport to convey to Luminant any interest greater than the undivided interest Emma Jean Trimble Smith owned, and she was fully within her rights and authority to make that conveyance without the joinder or consent of the Tremble Family. Second, by virtue of the Wilmer F. Tremble, Sr. will, which was probated in Harrison County but had not been filed in the Deed Records of Rusk County and therefore was not known of by Luminant, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 1.5625 percent interest that Luminant previously had understood was owned by the Tremble Family in accordance with the allocation delineated in Plaintiff's Motion for Summary Judgment.

2

*(Tract 1262)*

The Supplement to Affidavit of Russell Davis is attached to this reply as Exhibit 1 and is incorporated by reference in this reply.

## II.
### ARGUMENT AND AUTHORITIES

**A.    Emma Jean Trimble Smith's deed to Luminant is not fraudulent.**

The Tremble Family refers to the December 2010 deed from Emma Jean Trimble Smith to Luminant, conveying her undivided interest in the Property, as "fraudulent." *See* Tremble Family's Response, p. 2, para. II.4.[1]  The Tremble Family members have no standing to assert fraud on behalf of Emma Jean Trimble Smith, *Nobles v. Marcus,* 533 S.W.2d 923, 925-27 (Tex. 1976), and they seemingly do not assert such.  Instead they contend that *they* were defrauded, stating that "One hundred percent of the land was Deeded" by the deed—apparently referring to the entirety of the Tremble Family's interest—and that the deed was "concealed from" and made "without knowledge or consent" of the Tremble Family.  Tremble Family's Response, p. 3, para. IV.  These contentions are merely conclusory, are not sworn to, have no other competent evidentiary support, and are without merit.

The deed from Emma Jean Trimble Smith to Luminant is dated December 29, 2010, and was recorded in Volume 3057, Page 413 of the Deed Records of Rusk County, Texas, as Document No. 00102614, on January 5, 2011.  *Id.; see* Exhibit B attached to Exhibit 1.

Even if Emma Jean Trimble Smith had attempted to convey an interest in the Property beyond what she owned, the Tremble Family would not have been "defrauded" by the deed, because the deed could legally convey "such interest, and only such interest, in the land as the maker of the deed possesses."  *Thomas v. Southwestern Settlement & Development Co.,* 123

---

[1] The Tremble Family lists the deed as an exhibit to their response, but Luminant did not receive a copy of the deed from the Tremble Family.  A true and correct copy of the deed is authenticated by and attached as Exhibit B to the Supplement to Affidavit of Russell Davis, Exhibit 1 to this reply.

3

*(Tract 1262)*

S.W.2d 290, 297 (Tex. 1939); *see also Home Owners' Loan Corp. v. Cilley,* 125 S.W2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[T]he general rule is that one tenant in common cannot by his sole act sell or encumber more than his portion of the common property."). Moreover, in the deed, Emma Jean Trimble Smith in fact conveyed only, in the deed's words, "all of my undivided interest" in the Property. Exhibit B to Exhibit 1. She did not convey or purport to convey any interest in the Property greater than that which she owned.

Emma Jean Trimble Smith is the sister of Wilmer F. Tremble, Sr., who in turn was the husband of Defendant Billie J. Murphy Tremble and the father of Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *See* April 27, 2007 Affidavit of Heirship executed by Bloys Donaldson attached to the Tremble Family's Response as Exhibit 1. The Tremble Family, however, is mistaken in arguing that the Smith to Luminant deed somehow is rendered "fraudulent," as to them or their interest, by virtue of the fact that Emma Jean Trimble Smith did not notify them about her conveyance or obtain their consent to or joinder in the deed.

For well over a century, Texas courts have held that a cotenant may convey her interest in real property without the consent or knowledge of her cotenants. *Peterson v. Fowler,* 11 S.W. 534, 535 (Tex. 1889); *Heller v. Heller,* 269 S.W. 771, 776 (Tex. 1925) ("As a tenant in common, Mrs. Heller had the right to sell off any particular part of the entire community estate, just so long as her deed did not injure the rights of the other children to secure their part of the estate."); *Watson v. Beall,* 279 S.W. 543, 545 (Tex. Civ. App.—Waco 1925, writ dism'd w.o.j.) (holding that "a party who owns an undivided interest in real estate can sell his interest, or any portion thereof, without in any way incumbering or affecting the undivided interest held therein by his cotenants"); *Cohen v. Texas Land & Mortgage Co.,* 137 S.W.2d 806, 813 (Tex. Civ. App.—Fort

Worth 1940) ("Each cotenant can sell or encumber his undivided share of the common property, and the others cannot prevent him, for he thus interferes with no right of theirs."), *rev'd on other grounds*, *Texas Land & Mortgage Co. v. Cohen*, 159 S.W.2d 859 (Tex. 1942); *Lake v. Reid*, 252 S.W.2d 978, 982 (Tex. Civ. App.—Texarkana 1952, no writ) ("The rule is well known that each cotenant may freely assign or convey his interest in the common property, 'and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as a matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale.'"); *Barstow v. State*, 742 S.W.2d 495, 508 (Tex. App.—Austin 1987, writ denied) ("One cotenant may freely convey his interest in the common property as long as he does not prejudice the rights of his cotenants in the premises," citing *Peterson v. Fowler* and *Lake v. Reid*).

Finally, neither Luminant nor Emma Jean Trimble Smith "concealed" the deed. Instead, they recorded the deed in public records shortly after its execution. Exhibit 1, p. 3, para. 6.

In short, the Tremble Family did not adduce any evidence of fraud, and the Smith deed is not fraudulent.

**B.    Under Wilmer F. Tremble, Sr.'s will, the sole owner of Mr. Tremble's undivided interest in the Property is Defendant Billie J. Murphy Tremble.**

The Tremble Family does not explicitly raise any title issue, apart from the Smith "fraudulent" deed claim just refuted. The effect of Wilmer F. Tremble, Sr.'s will, however, requires an alteration of the title determination within the Tremble Family interests.

The Tremble Family attaches two relevant title instruments to the response:  (1) the April 27, 2007 Bloys Donaldson Affidavit of Heirship; and (2) the August 15, 1978 Wilmer F. Tremble will.  Tremble Family's Response, p. 2. Luminant will address the significance of each.

5

*(Tract 1262)*

Luminant was aware of the Affidavit of Heirship, which is recorded in the Rusk County Deed Records, when it made a pre-suit determination of title to the Property, filed this suit, and moved for summary judgment. Exhibit 1, pp. 1-2, para. 2. Indeed, in determining the succession of ownership of Wilmer F. Tremble, Sr.'s undivided interest, as a result of his death, Luminant relied on the sworn statement in the Affidavit that Mr. Tremble died intestate. *Id.* Luminant searched the Rusk County Deed Records for evidence of a possible will and probate proceedings, but found none. *Id.* at p. 2, para. 3. Based on the Affidavit of Heirship, Luminant determined that Mr. Tremble's undivided and separate property interest (1.5625 percent) passed to the members of the Tremble Family in accordance with the law of intestacy: A one-third life estate in Mr. Tremble's wife, Defendant Billie J. Murphy Tremble, and a one-third undivided interest each (.520833 percent) in Mr. Tremble's children, Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. *Id.* at p. 2, para. 2.

When the Tremble Family submitted the summary judgment response with the will as an exhibit, Luminant learned of the will for the first time. *Id.* p. 2, para. 4. The will was probated in Harrison County, as the Tremble Family's Exhibit 3 states, but was not previously recorded in Rusk County. *Id.* at p. 2, para. 3. After the Tremble Family's response was filed, Luminant obtained a certified copy of the will and related probate records from Harrison County and filed them in the Rusk County Deed Records. *Id.* at pp. 2-3, para. 4; *see* Exhibit A to Exhibit 1.

Mr. Tremble's will bequeathed all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, owns the entire undivided 1.5625 percent interest in the Property previously owned by her

6

*(Tract 1262)*

husband.[2]  Luminant is submitting with this reply a revised form of judgment that conforms to the title information provided in the Tremble Family's Response.

### III.
### REQUEST FOR RELIEF

Plaintiff Luminant Mining Company LLC respectfully requests that the Court render summary judgment:  finding and determining that the shares or interests of Plaintiff and the Defendants in the Property are as set forth in Plaintiff's Motion for Summary Judgment, as modified by this reply; ordering that a receiver be appointed to sell the Property and to enter into a contract for sale, which contract shall be subject to approval and confirmation by the Court, and to report the proposed sale to the Court; and granting Plaintiff such other and further relief to which it is entitled.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX

---

[2] The Tremble Family also attached to the response as Exhibit 2 a copy of a November 16, 2006 Mineral Deed in which Defendant Billie J. Murphy Tremble conveyed to Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. the oil, gas, and minerals in the Property and in other land.  This Mineral Deed, however, is not relevant to this lawsuit.  As Luminant stated in its Petition and in Plaintiff's Motion for Summary Judgment, this suit for partition pertains only to the surface estate in the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas.

*(Tract 1262)*

John R. ("Rusty") Phenix
Phenix, Phenix & Crump, PC
118 S Main St
Henderson TX 75654
(903) 657-3595 or (800) 940-1047
rusty@phenixlawfirm.com


By: _David E. Jackson_
    David E. Jackson

ATTORNEYS FOR PLAINTIFF
LUMINANT MINING COMPANY LLC

*(Tract 1262)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Plaintiff's Reply to the Tremble Family's Summary Judgment Response was sent as follows via certified mail, return receipt requested, on this the 17th day of September, 2014.

Wilfred Cooksey
P.O. Box 12291
St. Thomas, USVI 00801
Certified Mail RRR
70132250000048069137

Michelle Dade
1376 Butter Churn Dr.
Henderson, VA 20170
Certified Mail RRR
70132250000048069199

Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069144

Nelson Greenwood, Jr.
No Known Address

Deborah D. Johnson
3271 Niagra St
Denver, CO 80207
Certified Mail RRR
70132250000048069151

Selia Tremble Shawkey
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069205

Marion Carol Story
26196 Crown Valley Pkwy, Apt 916
Mission Viejo, CA 92692
Certified Mail RRR
70132250000048069168

Gerald Toney
703 Falls View Rd.
Manchester, CT 06042
Certified Mail RRR
70132250000048069182

Nicole Toney
1 Gold St. Apt 23G
Hartford, CT 06103
Certified Mail RRR
70132250000048069175

Billie J Murphy Tremble
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069212

Wilmer Forest Tremble, Jr.
c/o Sharon Tremble Donaldson
2010 Wineberry Dr
Katy, TX 77450
Certified Mail RRR
70132250000048069229

David E. Jackson
David E. Jackson

9

## EXHIBIT 1

### No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| DEBORAH D. JOHNSON, MICHELLE DADE,<br>WILFRED COOKSEY, GERALD TONEY,<br>NICOLE TONEY, HOWARD STORY, MARION<br>CAROL STORY, NELSON GREENWOOD, JR.,<br>MARJORIE H. WILLIAMS, WILMER FORREST<br>TRIMBLE, JR., A/K/A WILMER FORREST<br>TREMBLE, JR., SHARON TRIMBLE<br>DONALDSON, SELIA TRIMBLE SHAWKEY,<br>AND BILLIE J. MURPHY TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br><br><br><br><br><br>4TH JUDICIAL DISTRICT |

### SUPPLEMENT TO THE AFFIDAVIT OF RUSSELL DAVIS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF RUSK | § |

Russell Davis, being duly sworn, based upon his personal knowledge, deposes and states as follows:

1.      My name is Russell Davis.  I am an independent contract Landman working for Luminant Mining Company LLC ("Luminant").   The following is based upon my personal knowledge.  This affidavit supplements my previous affidavit submitted in support of and as an exhibit to Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues.

2.      I was aware of and I relied on the April 27, 2007, Affidavit of Heirship executed by Bloys Donaldson, which is recorded in Volume 2740, Page 73 of the Deed Records of Rusk County and which is attached as Exhibit 1 to the summary judgment response of Defendants

Billie J. Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. ("the Tremble Family" and "the Tremble Family's Response"), when I made the determination of title to the Property on behalf of Luminant in advance of the filing of this suit, at the time suit was filed, and at the time I submitted my Affidavit in support of Luminant's motion for summary judgment. I relied on the statement in the Affidavit of Heirship that Wilmer F. Tremble, Sr. died intestate in support of the determination that Defendant Billie J. Murphy Tremble owned a life estate interest in an undivided one-third of 1.5625 percent and that Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. each owned undivided interests of .520833 percent.

3.    In researching title to the Property, I searched the Rusk County Deed Records for the possible existence of probate proceedings and a will by Wilmer F. Tremble, Sr., but I did not locate any such instruments in the Rusk County Deed Records. I was unaware that Wilmer F. Tremble, Sr. had a will or that his will was probated in Harrison County when I made my previous determination of title to the Property before this suit was filed, at the time suit was filed, and at the time Luminant moved for summary judgment, and, so far as I am aware, no one else at Luminant had knowledge that Mr. Tremble had executed a will or that the will was probated in Harrison County.

4.    Counsel for Luminant sent me a copy of the August 15, 1978 will of Wilmer F. Tremble, Sr. and related probate records that are attached as Exhibit 3 to the Tremble Family's Response filed by the Tremble Family. That was the first time I learned and, so far as I am aware, the first time anyone at Luminant learned, that Wilmer F. Tremble, Sr. had a will. After I received those documents, I obtained a certified copy of the will and related probate records from Harrison County and filed the certified copy of those documents in the Rusk County Deed

*Tract 1262*

Records. A true and correct copy of those documents, which are recorded in Volume 3317, Pages 340-354 of the Deed Records of Rusk County, are attached to this affidavit as **Exhibit A**.

5.      Wilmer F. Tremble, Sr.'s will leaves all of his property, real and personal, to his wife, Defendant Billie J. Murphy Tremble. Accordingly, Defendant Billie J. Murphy Tremble, alone, currently owns the undivided 1.5625 percent interest in the Property previously owned by Wilmer F. Tremble, Sr. Defendants Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer F. Tremble, Jr. do not own any interest in the Property.

6.      By Warranty Deed dated December 29, 2010, recorded in Volume 3057, Page 413, as Document No. 00102614, of the Rusk County Deed Records, Emma Jean Trimble Smith conveyed, in the words of the deed, "all of my undivided interest" in the Property to Luminant. A true and correct copy of the Warranty Deed is attached to this Affidavit as **Exhibit B**. Luminant submitted the Warranty Deed for recording and it was recorded in the Rusk County Deed Records on ~~December __, 2010~~ January 5, 2011.

Further, Affiant sayeth not.

Russell Davis, Landman

STATE OF TEXAS              §
                           §
COUNTY OF RUSK             §

This instrument was acknowledged before me on this 12th day of September, 2014, by Russell Davis.

Notary Public, State of Texas

JANICE M LAMPIN
My Commission Expires
August 9, 2018

- 3 -

# Exhibit A to Exhibit 1

00146164  VOL: 3317  PG: 340

(Tract 1262)

# Exhibit A to Exhibit 1 of
# Plaintiff's Reply to the Tremble Family's Response to
# Motion for Summary Judgment Tract 1262

VOL 167 PAGE 715

MAR 28 1979

GLENN LINN
CLERK COUNTY COURT
BY _____

NO. 79-9385- CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

## APPLICATION TO PROBATE WILL
## AND FOR LETTERS TESTAMENTARY

TO SAID HONORABLE COURT:

COMES NOW Billie Tremble, whose address is Evans
Street, P. O. Box 592, Marshall, Texas, and files this her Application to
probate the Last Will and Testament of Wilmer Forrest Tremble, Sr., deceased,
and would show the Court as follows:

That the said Wilmer Forrest Tremble, Sr., died on
or about August 22, 1978, in Marshall, Harrison County, Texas, at the age of
48 years; that at the time of his death he resided in Marshall, Harrison
County, Texas, where he had his domicile and fixed place of residence; a
true and correct copy of the death certificate of said Wilmer Forrest Tremble,
Sr. is filed herewith.

That the principal part of decedent's property,
at the time of his death was situated in Harrison County, Texas; that at the
time of his death decedent was seized and possessed of real and personal
property of an approximate value of $30,000.00.

That the decedent, Wilmer Forrest Tremble, Sr.
left a written will, which is attached hereto and made a part of this applica-
tion, duly signed and executed by him, dated August 15, 1978, which will was
never revoked by said decedent, and which will named therein your applicant,
Billie Tremble, as sole devisee and beneficiary, and as Independent Executrix
without bond; that said will was witnessed by Norma Seaton and Sheri Lynn
Herring, of Marshall, Harrison County, Texas.

That your applicant's domicile is in Marshall, Harri-
son County, Texas; that she is not disqualified from accepting Letters Testa-
mentary and from being appointed Executrix as aforesaid.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST _____
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
BY _____
DEPUTY

4

00146164 VOL: 3317.PG:   341

VOL. 167 PAGE 718

WHEREFORE, your applicant prays the Court that

citation issue as required by law, and that upon final hearing hereof,

said will be admitted to probate and record, and that Letters Testamentary

be issued to your applicant, and that such other and further orders be made

as the Court may deem proper.

_Joe A. Hughey_

JOE A. HUGHEY
ATTORNEY AT LAW
P. O. BOX 281
MARSHALL, TEXAS  75670

ATTORNEY FOR APPLICANT

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

5

00146164 VOL: 3317 PG: 342

VOL-167 PAGE 717

*Memorial Hospital*

205 University Avenue • 214/935-9311

MARSHALL, TEXAS 75670



TO WHOM IT MAY CONCERN:

I, Wilmer F. Tremble, being of sound mind write my last will and testament.

I will all of my property, real and personal, to my wife, Billie Tremble.

In the event my wife dies prior to my death, I will all of my property to my children; Sharon, Selia and Wilmer Jr., share and share alike.

I appoint my wife, Billie Tremble, as independent executrix without bond and direct that no action shall be had in any probate court or other court with relation to the settlement of my estate other than the probating and recording of this will and the return of an inventory.

Witness my hand this _15th_ day of _August_ 1978.

Wilmer F. Tremble
Wilmer F. Tremble

The above instrument was now here published as the last will and testament of Wilmer F. Tremble, and was signed and suscribed by Wilmer F. Tremble in our presence and we at his request, in his presence, and the presence of each other sign and subscribe our names here to as attesting witnessed on the date of above written.

Witness: Norma Seaton

Witness: Sheri Lynn Herring, RN

FILED

AUG 28 1979

GLEN LACK
CLEAN T-O-T-T LEGAL
by Betty Duncan
DEPUT

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST _____ 2014
PATSY DAY, COUNTY CLERK
HARRISON COUNTY, TEXAS

6

00146164 VOL: 3317 PG: -343

VOL 167 PAGE 718

I do hereby certify that this is a true and
correct copy of the Death Certificate of
Wilmer Trimble
filed 8/24/78
Don Dunnam Registrar Births & Deaths    Deputy

FILED
28th day of August 1978
GLENN LINK, County Clerk
Deputy

TEXAS DEPARTMENT OF HEALTH

## CERTIFICATE OF DEATH

| | |
|---|---|
| PLACE OF DEATH COUNTY | Harrison |
| CITY OR TOWN | Marshall |
| NAME OF HOSPITAL | Marshall Memorial Hospital |
| NAME | Wilmer Trimble |
| SEX | Male |
| COLOR OR RACE | Negro |
| DATE OF DEATH | August 22, 1978 |
| DATE OF BIRTH | July 28, 1930 |
| OCCUPATION | School Teacher |
| KIND OF BUSINESS | Marshall School |
| BIRTHPLACE | Texas |
| STATE | Harrison |
| CITIZEN OF WHAT COUNTRY | U.S.A. |
| INFORMANT | Mrs. Billie Joyce Trimble |
| ADDRESS | Evans St. P.O. Box 592 |

MEDICAL CERTIFICATION

CAUSE OF DEATH: Respiratory Failure/Death

DUE TO: Interstitial Pulmonary Fibrosis

DUE TO: S/P Chemo therapy for Malignant Lymphoma

Burial 8-25-1978

Marshall, Texas

March

P.O. Box 479 Marshall, Texas 75670  8/25/78

Trammell Cemetery

#8098


THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.
ATTEST
RAY HILL, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

00146164 VOL: 3317 PG: 344

CLERK'S COPY

14-8109(2.0431)—CITATION ON APPLICATION TO PROBATE WILL AND FOR LETTERS TESTAMENTARY—(Form12) ("172")

### THE STATE OF TEXAS VOL. 167 PAGE 719

TO ALL PERSONS INTERESTED IN THE ESTATE OF _____

_____ WILMER FORREST TREMBLE, SR., _____, Deceased.

No. __79-9385-CCL__, County Court at Law, Harrison _____ County, Texas.

_____ BILLIE TREMBLE _____

filed in the County Court at at Law of Harrison _____ County, Texas, on the __28th__ day

of _____ March _____, A.D. 19 79_, an application for the probate of the last will and testa-

ment of said _____ WILMER FORREST TREMBLE, SR., _____, Deceased,

and for letters testamentary (the said will accompanying said application).

Said application will be heard and acted on by said Court at 10 o'clock A.M. on the first Monday next

after the expiration of ten days from date of posting this citation, the same being the __9th__ day of

____April____, 1979_, at the County Courthouse in _____ Harrison County, Marshall __, Texas.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above
mentioned time and place by filing a written answer contesting such application should they desire to do so.

The officer executing this citation shall post the copy of this citation at the courthouse door of the county
in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily
are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting and return
the original copy of this citation to the clerk stating in a written return thereon the time when and the place
where he posted such copy.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in _____

_____ Marshall _____, Texas, this the __28th__ day of __March_____, A.D. 19 __79__

GLENN LINK
_____
Clerk of the County Court at Law

Harrison
_____
County, Texas

By _____
Deputy

(SEAL)

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY FOX COUNTY CLERK
HARRISON COUNTY, TEXAS

8

00146164  VOL: 3317  PG:  345

VOL. 167 PAGE 720

### SHERIFF'S RETURN

Came to hand on the __27__ day of __March__ A.D. 19 __79__, at __10__ o'clock __a__ M., and executed on the __27__ day of __March__ A.D. 19 __79__, by posting a copy of the within citation for ten days, exclusive of the day of posting, before the return day hereof, at the County Courthouse door of __Harrison__ County, Texas, or at the place in or near the said courthouse where public notices customarily are posted.

FEE

Posting Citation ........ $ __2.00__

SHERIFF N. F. SHIVERS, Sheriff,
HARRISON COUNTY, TEXAS
_____ County, Texas.
By __Imogene McCarty__ Deputy.





THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS APPENDED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.
ATTEST _____
PATSY FOX, COUNTY CLERK
HARRISON COUNTY, TEXAS
_____ DEPUTY

9

00146164 ·VOL· 3317 PG: 346

FILED

VOL. 107 PAGE 721

᛫᛫᛫ 1979

᛫᛫᛫᛫᛫
CLERK'S OFFICE
Betty Duncan

NO. 79-9385    CCL

IN THE MATTER OF THE ESTATE OF        IN THE COUNTY COURT AT LAW

WILMER FORREST TREMBLE, SR.,          OF

DECEASED                              HARRISON COUNTY, TEXAS

## PROOF BY SUBSCRIBING WITNESS

On this the 9th day of April, 1979, Sheri Lynn
Harring personally appeared in open Court, and after being duly sworn, de-
poses and says that:

"1.  Wilmer Forrest Tremble, Sr. died on or about
August 22, 1978, at the age of 48 years; that four years have not elapsed
since the date of decedent's death.

2.  Decedent, Wilmer Forrest Tremble, Sr. was
domiciled and had a fixed place of residence in this County at the date of
his death.

3.  The document dated August 15, 1978, now shown
to me and which purports to be decedent's will was never revoked so far as
I know.

4.  A necessity exists for the administration of
this estate.

5.  No child or children were born to or adopted
by decedent after the date of the will.

6.  Decedent was never divorced.

7.  The Independent Executrix named in the will
is not disqualified by law from accepting Letters Testamentary or from serving
as such and is entitled to such Letters.

8.  On the same day that the will is dated, I was
present and saw Wilmer Forrest Tremble, Sr., deceased, sign the document now
shown to me and which purports to be decedent's will, and decedent published
and declared to me and to Norma Seaton that this document was decedent's will.
At decedent's request Norma Seaton and I, then each being credible witnesses
above the age of fourteen years, subscribed our names to this document in the



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST _____
PATSY FOX  COUNTY CLERK
HARRISON COUNTY, TEXAS

10

00146164 VOL: 3317 PG: 347

VOL 167 PAGE 722

presence of decedent and of each other. On such date, decedent was of sound
mind and had attained the age of eighteen years."

Signed this the 9th day of April, 1979.

*Sherri Lynn Herring*

SHERRI LYNN HERRING

SWORN TO AND SUBSCRIBED BEFORE ME by Sherri Lynn
Herring, this the 9th day of April, 1979, to certify which witness my hand
and seal of office.

_____
Clerk, County Court at Law, Harrison
County, Texas
By Betty Duncan, Deputy

THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST AUG 25 2011
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

00146164 VOL# 3317 PG# 348

VOL. 167 PAGE 723

FILED

APR 30 1979

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF          IN THE COUNTY COURT AT LAW

WILMER FORREST TREMBLE, SR.,            OF

DECEASED                                 HARRISON COUNTY, TEXAS

### ORDER ADMITTING WILL TO PROBATE AND RECORD
### AND AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application

for Probate of Will and Issuance of Letters Testamentary filed by Billie

Tremble, Applicant, in the Estate of Wilmer Forrest Tremble, Sr., deceased.

The Court, having heard the evidence and having

reviewed the Will and the other documents filed herein, finds that the allega-

tions contained in the Application are true; that notice and citation have

been given in the manner and for the length of time required by law;  that

decedent is dead and that four years have not elapsed since the date of decedent's

death; that this Court has jurisdiction and venue of the decedent's estate;

that decedent left a will dated August 15, 1978, executed with the formalities

and solemnities and under the circumstances required by law to make a valid

will; that on such date decedent had attained the age of 18 years and was of

sound mind; that such will was not revoked by decedent; that no objection to

or contest of the probate of such will has been filed; that all of the necessary

proof required for the probate of such will has been made; that such will is

entitled to probate;  that in said will, deceased named Billie Tremble as

Independent Executrix, to serve without bond, who is duly qualified and not

disqualified by law to act as such and to receive Letters Testamentary;  that

a necessity exists for the administration of this estate; and that no interested

person has applied for the appointment of appraisers and none are deemed

necessary by the Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED

that such Will is admitted to probate, and the Clerk of this Court is ordered

to record the same, together with the Application in the Minutes of this Court.



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND/OR RECORDED IN MY OFFICE
ATTEST
PATSY ECK, COUNTY CLERK
HARRISON COUNTY, TEXAS

00146164 VOL: 3317 PG: .349

VOL 167 PAGE 724

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to Billie Tremble, who is appointed as Independent Executrix of decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED and entered this the 30 day of April, 1979.

JUDGE PRESIDING

THE INSTRUMENT TO WHICH THIS CERTIFICATE IS AFFIXED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
DEPUTY

13

00146164 VOL 3317 PG 350

VOL. **167** PAGE **725**

F I L E D

APR 30 1979

CLERK'S USE
CLERK COUNTY COURT

NO. 79-9385 CCL

IN THE MATTER OF THE ESTATE OF

WILMER FORREST TREMBLE, SR.,

DECEASED

IN THE COUNTY COURT AT LAW

OF

HARRISON COUNTY, TEXAS

### OATH OF EXECUTRIX

I do solemnly swear that I have been appointed
Independent Executrix, without bond, of the Estate of Wilmer Forrest Tremble,
Sr., deceased, and that I will well and truly perform all the duties of
Independent Executrix.

_Billie Tremble_
BILLIE TREMBLE, INDEPENDENT EXECUTRIX

SWORN TO AND SUBSCRIBED BEFORE ME this the 9th day

of April, 1979.

_Esther Barber_
NOTARY PUBLIC, HARRISON COUNTY, TEXAS

F I L E D

APR    1979

CLERK INA
CLERK COUNTY COURT
HARRISON COUNTY TEXAS
BY
DEPUTY

F I L E D

APR    1979

CLERK INA
CLERK COUNTY COURT
HARRISON COUNTY TEXAS



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE
ATTEST
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS

DEPUTY

14

00146164 VOL: 3317 PG: 351

12240-LETTERS TESTAMENTARY-CLASS 3 (PROBATE CODE EFFECTIVE JAN.1, 1956) BARRANE-DALLAS

VOL 167 PAGE 720

# LETTERS TESTAMENTARY

**THE STATE OF TEXAS,**

County of ___HARRISON___

**IN COUNTY COURT, AT LAW**

___HARRISON___ County, Texas

*I, the Undersigned Clerk of the County Court*

at Law, Harrison ___County, Texas, do hereby certify that on the___ 30th

*day of* April ___A. D. 19__ 79, BILLIE TREMBLE

*was* duly granted by said Court Letters Testamentary of the Estate of

___WILMER FORREST TREMBLE, SR.,___ ___, deceased___

*and that* he ___qualified as___ Independent Executrix

*of said estate on the* 30th *day of* April ___A. D. 19__ 79

*as the law requires and that said appointment is still in full force and effect.*

*Given under my hand and seal of office at* Marshall ___, Texas the___

1st *day of* May ___A. D. 19__ 79

*(Seal)*

GLENN LINK, ___Clerk___

County Court at Law, HARRISON ___County, Texas___

*Per* Betty Dumond *Deputy.*



THE INSTRUMENT TO WHICH THIS
CERTIFICATE IS AFFIXED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.
Attest ___
PATSY COX, COUNTY CLERK
HARRISON COUNTY, TEXAS
___DEPUTY

00146164 VOL: 3317 PG: 352

VOL 167 PAGE 727

No. 79-9385-CCL

ESTATE OF

WILMER FOREST TREBELE, SR., , Deceased

LETTERS TESTAMENTARY

To

BILLIE TREBELE

As INDEPENDENT EXECUTRIX WITHOUT BOND

Issued the 1st day of May A.D. 1979

GLENN LINK, Clerk

County Court at Law, Harrison County, Texas

By: _____ Deputy.

FILED

1st Day of May 19 79
GLENN LINK, County Clerk

By: _____ Deputy

I, PATSY COX, COUNTY CLERK OF HARRISON COUNTY, TEXAS, HEREBY CERTIFY, THAT THE FOREGOING, CONSISTING OF _____ PAGES, IS A TRUE CORRECT AND FULL COPY OF THE INSTRUMENT HEREWITH SET OUT AS APPEARS OF RECORD IN THE COUNTY CLERK'S OFFICE OF HARRISON COUNTY, TEXAS, THIS _____ DAY OF _____

PATSY COX, County Clerk

BY _____

00146164 VOL: 3317 PG:  353

STATE OF TEXAS                              COUNTY OF RUSK     FILED FOR RECORD
I hereby certify that this instrument was filed on
the date and time stamped hereon  by me and      Aug 29,2014 03:24P
was duly recorded  in the volume  and page of the
named records of Rusk County, Texas  as stamped
hereon by me.            OFFICIAL PUBLIC RECORDS   JOYCE LEWIS-KUGLE,
                                                  COUNTY CLERK
                                                  RUSK COUNTY, TEXAS

            Aug 29,2014 03:24P                    By:

JOYCE LEWIS-KUGLE, COUNTY CLERK                   Brenda Shankles
                                                  DEPUTY
RUSK COUNTY, TEXAS

Luminant Mining Company
Martin Lake Real Estate
P. O. Box 966
Henderson, TX 75653

17

# Exhibit B to Exhibit 1

00102614 VOL: 3057 PG: 413

# Exhibit B to Exhibit 1 of
# Plaintiff's Reply to the
# Tremble Family's Response to MSJ-1262

Area 361
Tract 1262

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## *CASH WARRANTY DEED*

THE STATE OF TEXAS §
§           KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK §

That I, EMMA JEAN TRIMBLE SMITH, hereinafter called Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration paid by LUMINANT MINING COMPANY LLC, a Texas Limited Liability Company, hereinafter called Grantee, as follows:

CASH, the receipt and sufficiency of which is hereby acknowledged and confessed; have Bargained, Granted, Sold and Delivered, and by these presents do Bargain, Grant, Sell and Deliver unto the said Grantee, whose address is 500 N. Akard, Dallas, Texas, 75201, all of my undivided interest in the following described tracts of land, in Rusk County, Texas, together with all improvements situated thereon, to-wit:

### LUMINANT MINING TRACT 1262 IN AREA 361

All that certain tract lot or parcel of land, a part of the DOLORES CORTINAS SURVEY, A-160, and a part of the THOMAS WILLIAMS SURVEY, A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas, as shown on the attached Exhibits A & A-1.

Grantor specifically reserves unto herself, and the present record owners, her heirs and assigns, all of the oil, gas and liquid hydrocarbons lying in, on, and under the above described lands together with the right of ingress and egress for the recovery and production of same. However, no operations for the recovery of such oil, gas and liquid hydrocarbons shall interfere with Grantee's use of the subject property. Grantor specifically conveys all the coal and lignite lying in, on, and under Tract 1262, together with the right of ingress and egress. This conveyance is subject to all existing valid oil, gas and mineral leases, and coal and lignite leases of record covering subject land.

This conveyance is subject to all existing recorded rights-of-way, and easements of record in the Deed Records of Rusk County, Texas, or those which have been acquired by prescriptive rights.

V. 3057 Pg. 413

00102414 VOL= 3057 PG= 414

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEE, its successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said GRANTEE, its successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

WITNESS MY HAND this 29th day of December, 2010.

EMMA JEAN TRIMBLE SMITH

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRISON          §

This instrument was acknowledged before me on the 28th day of December, 2010, by

EMMA JEAN TRIMBLE SMITH.

RUSSELL DAVIS
Notary Public State of Texas
COMM. EXP. 09-05-2012

Notary Public, State of Texas

19

00102614 VOL: 2057 PG: 415

# LACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
25.326 Acres
Area 361 – Tract 1262
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 738
ARP, TX 75750

## GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to-wit;

## METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

Page 1 of 2

00102614 VOL: 3057 PG: 416

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25,326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.B.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 – Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing 25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Willisons Survey.

Bearing Source:  Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 13°58'02" W)
Texas North Central Coordinate Source:  Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, DANIEL LEE COOPER, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148

21



**PLAT OF SURVEY**
**SHOWING**
**PART OF THE DELORES CORTINAS SURVEY A - 160**
**AND PART OF THE THOMAS WILLIAMS SURVEY A - 833**
**RUSK COUNTY, TEXAS**
**SURVEYED NOVEMBER, 2010**
**SCALE: 1" = 200.00'**

Exhibit "A-1"

00102614 VOL: 3057 PG:  418

STATE OF TEXAS                    COUNTY OF RUSK     FILED FOR RECORD
I hereby certify that this instrument was filed on
the date and time stamped hereon by me and       Jan 05,2011 02:45P
was duly recorded in the volume and page of the
named records of Rusk County, Texas as stamped   JOYCE LEWIS-KUGLE,
hereon by me.              OFFICIAL PUBLIC RECORDS  COUNTY CLERK
                                                   RUSK COUNTY, TEXAS

          Jan 05,2011 02:45P                      By:

JOYCE LEWIS-KUGLE, COUNTY CLERK                   Joyce Hills
                                                  DEPUTY
  RUSK COUNTY, TEXAS

23

Request for Continuance

9/30/2014

To: Rusk County District Clerk
    115 Main Street
    Henderson, TX 75652

From: The Tremble Family
      2010 Wineberry Drive
      Katy, TX 77450
          and
      712 South 37th Street
      San Diego, CA 92113

Case: NO. 2013-390
      NO. 2013-391
      NO. 2013-392

TO THE HONORABLE JUDGE OF THIS COURT:

I am submitting this Request for Continuance as the defendant in Plaintiff's Traditional and No Evidence Motion for Summary Judgment on First Phase Partition was set for hearing on October 8, 2014, at 10:00 a.m. We respectfully request the court not move forward until all members of the Tremble Family have been legally served with proper documentation. One family member is having health issues and a Surgery scheduled for October 1, 2014, which in combination with non receipt of documentation, limits the ability to properly address the matter at hand. We are requesting a continuance until after November 7, 2014, when this schedule conflict will be resolved. We appreciate the courts time and consideration in this matter.

Respectfully yours,

The Tremble Family

**Request for Continuance**

**Billie Murphy Tremble**
Sharon Tremble Donaldson
**Selia Tremble Shawkey**
**Wilmer Forrest Tremble, Jr.**


Cc: Jackson, Sjoberg, McCarthy, & Townsend, L.L.P.

FILED

NO. 2013-390

2014 SEP 16  AM 10: 56

COUNTY CLERK
RUSK COUNTY DISTRICT CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| DEBORAH D. JOHNSON, MICHELLE DADE, | § | OF RUSK COUNTY, TEXAS |
| WILFRED COOKSEY, GERALD TONEY, | § | |
| NICOLE TONEY, HOWARD STORY, MARION | § | |
| CAROL STORY, NELSON GREENWOOD, JR., | § | |
| MARJORIE H. WILLIAMS, WILMER FORREST | § | |
| TRIMBLE, JR., A/K/A WILMER FORREST | § | |
| TREMBLE, JR., SHARON TRIMBLE | § | |
| DONALDSON, SELIA TRIMBLE SHAWKEY, | § | |
| AND BILLIE J. MURPHY TREMBLE, | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

## ORDER SETTING HEARING

Plaintiff's Traditional and No Evidence Motion for Summary Judgment on First Phase Partition issues is hereby set for hearing on **October 8, 2014, at 10:00 a.m.** The previous submission date for Plaintiff's Motion, August 27, 2014, is hereby extended to this new hearing date.

Signed September _16_, 2014.

_____
Judge Presiding

*(Tract 1262)*

No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| DEBORAH D. JOHNSON, MICHELLE DADE,<br>WILFRED COOKSEY, GERALD TONEY,<br>NICOLE TONEY, HOWARD STORY, MARION<br>CAROL STORY, NELSON GREENWOOD, JR.,<br>MARJORIE H. WILLIAMS, WILMER FORREST<br>TRIMBLE, JR., A/K/A WILMER FORREST<br>TREMBLE, JR., SHARON TRIMBLE<br>DONALDSON, SELIA TRIMBLE SHAWKEY,<br>AND BILLIE J. MURPHY TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br><br><br><br><br><br>4TH JUDICIAL DISTRICT |

## JUDGMENT

The Court has considered Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues and Defendants' responses and has determined that Plaintiff's motion should be granted.

It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues is hereby granted.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff and the Defendants listed below are cotenants in the surface estate (including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas) of the tract of 25.326 acres of land at issue in this suit, more particularly described in Exhibit A ("the Property"), and that the undivided interests of Plaintiff and such Defendants in the Property are as follows:

| Plaintiff Luminant | 88.506958% |
|---|---|
| Defendant Deborah D. Johnson | 3.125000% |
| Defendant Michelle Dade | 0.416667% |
| Defendant Wilfred Cooksey | 0.416667% |
| Defendant Gerald Toney | 0.208334% |
| Defendant Nicole Toney | 0.208334% |
| Defendant Howard Story | 2.083334% |
| Defendant Marion Carol Story | 2.083334% |
| Defendant Nelson Greenwood, Jr. | 1.388900% |
| Defendant Wilmer Forrest Trimble, Jr., a/k/a Wilmer Forrest Tremble, Jr. | 0.520833% |
| Defendant Sharon Trimble Donaldson | 0.520833% |
| Defendant Selia Trimble Shawkey | 0.520833% |
| Defendant Billie J. Murphy Tremble (life estate only) | 1/3 of 1.562500% |

It is further ORDERED, ADJUDGED, and DECREED that _____ is qualified to serve and is appointed as receiver to conduct a sale of the Property (that is, the surface estate of the Property, including all coal, lignite, and other near surface minerals, but excluding the oil, gas, and all other liquid and gaseous hydrocarbons produced with the oil and gas), subject to the following provisions of this judgment.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff Luminant Mining Company LLC shall file with the Clerk of the Court a bond, hereby fixed at $_____ and conditioned for the payment of all damages and costs of suit, in accordance with Texas Rule of Civil Procedure 695a, in case it should be decided that the receiver was wrongfully appointed.

2

It is further ORDERED, ADJUDGED, and DECREED that the receiver shall file with the Clerk of the Court a bond, hereby fixed at $_____ and conditioned on faithful discharge of his duties as receiver in this action and obedience to the orders of the Court, in accordance with Section 64.023(3) of the Texas Civil Practice and Remedies Code, and that the receiver shall file with the Clerk of the Court an executed oath, in the form attached as Exhibit B to this judgment.

It is further ORDERED, ADJUDGED, and DECREED that the receiver shall advertise the sale of the Property, obtain offers for purchase of the Property, enter into a contract for the sale of the Property with the party making the highest offer, which contract shall be subject to the Court's approval, and report the proposed sale to the Court.

This is a final judgment on all of the issues pending in the first phase of this partition suit.

Signed this _____ day of _____, 2014.

_____
JUDGE PRESIDING

**Exhibit A**

# ⌐ACY SURVEYING INC.

REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

November 23, 2010
Field Notes for Luminant Mining Company LLC
**25.326 Acres**
**Area 361 – Tract 1262**
Delores Cortinas Survey A-160
Thomas Williams Survey A-833
Rusk County, Texas

P.O. BOX 738
ARP, TX 75750

---

### GENERAL DESCRIPTION

All that certain tract lot or parcel of land, a part of the Delores Cortinas Survey A-160 and a part of the Thomas Williams Survey A-833, Rusk County, Texas, and also being all of that certain called 26 acre tract of land (Share No. 1 to Bessie Barr) described in a Final Decree of Partition, Case No. 19143, styled Amelia Bolding, et al vs. Willie Barr, et al, that is recorded in the District Court Records of Rusk County, Texas and being more completely described as follows to wit;

### METES AND BOUNDS DESCRIPTION

Beginning at a 2 inch iron pipe fence post found for corner at the occupied N.E.C. of said 26 acres, at the S.E.C. of the Dan Taylor, Trustee called 21.6 acre tract (Volume 955 – Page 631) and also being in the W.B.L. of the Dan Taylor, Trustee called 35.3 acre tract (Volume 956 – Page 94), and said point of beginning has a Texas North Central Coordinate value of (N: 215,955.447) (E: 2,894,638.091);

Thence South 03 degrees 21 minutes and 06 seconds East, along the occupied E.B.L. of said 26 acres and along the W.B.L. of said 35.3 acres, for a distance of 915.94 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 35.3 acres and at a reentrant corner of said 26 acres;

Thence North 88 degrees 20 minutes and 05 seconds East, along the S.B.L. of said 35.3 acres and along the Southerly N.B.L. of said 26 acres, for a distance of 52.00 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the Southerly N.E.C. of said 26 acres and at the N.W.C. of the Luberta Menefee called 23 acre tract (Volume 412 – Page 408, First Tract);

Thence South 01 degrees 02 minutes and 41 seconds East, along the E.B.L. of said 26 acres and along the W.B.L. of said 23 acres, for a distance of 138.83 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.E.C. of said 26 acres and at the Northerly N.E.C. of a called 37.46 acre tract (Volume 1301 – Page 825, Tract 4);

Thence South 88 degrees 57 minutes and 19 seconds West, along the S.B.L. of said 26 acres and along the Northerly N.B.L. of said 37.46 acres, for a distance of 1011.91 feet,

# LACY SURVEYING INC.

### REGISTERED PROFESSIONAL LAND SURVEYORS

TEL & FAX: 903.859.9942
www.LacyLandSurveying.com
E-MAIL: lacysur@aol.com

P.O. BOX 736
ARP, TX 75750

Page 2 of 2
Field Notes for 25.326 acres cont'd.

to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at the S.W.C. of said 26 acres, at the N.W.C. of said 37.46 acres and also being in the N.E.B.L. of the Paula E. Williams, et al, called 48 acre tract (Volume 2486 – Page 346);

Thence North 44 degrees 52 minutes and 49 seconds West, along the S.W.B.L. of said 26 acres and along the N.E.B.L. of said 48 acres, for a distance of 173.37 feet, to a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for corner at a S.W.C. of said 26 acres, at the N.E.C. of said 48 acres and also being at the S.E.C. of the Barbara J. Cummins, et vir, M.E., called 58 acre tract (Volume 945 – Page 545, Tract No. 5);

Thence North 01 degrees 42 minutes and 35 seconds West, along the W.B.L. of said 26 acres, along the E.B.L. of said 58 acres and picking up County Road No. 2145, for a distance of 886.03 feet, to a 60D nail set for corner in said road, at the N.W.C. of said 26 acres and at the S.W.C. of the residue of the Herman Barr called 25 acre tract (Volume 538 – Page 16);

Thence North 86 degrees 38 minutes and 54 seconds East, along the N.B.L. of said 26 acres and along the S.B.L. of said residue, at 15.00 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set for reference, at 563.41 feet, pass a 1/2 inch iron rod with a cap stamped "RPLS 4021" set at the S.E.C. of said residue and at the S.W.C. of said 21.6 acres and continue for a total distance of 1054.26 feet, to the place of beginning and containing **25.326 acres, of which 22.069 acres of land is located in the Delores Cortinas Survey and 3.257 acres of land is located in the Thomas Williams Survey.**

**Bearing Source:** Based on SEMPCO Mon. 53 to SEMPCO Mon. 54 (S 83°58'02" W)
**Texas North Central Coordinate Source:** Based on SEMPCO Mon. 53 (NAD 27)

PLAT PREPARED OF EVEN DATE.

I, **DANIEL LEE COOPER**, Registered Professional Land Surveyor No. 6148, do hereby certify that the above field notes were prepared from an actual survey made on the ground under my direction and supervision and from information provided by Luminant Mining Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 23rd day of November, 2010.

DANIEL LEE COOPER, R.P.L.S. No. 6148



**AREA 361**

Texas North Central Coordinates (NAD 27)
Based on SEMPCO Monument # 54

Bearings based on SEMPCO
Monument # 53 to SEMPCO
Monument # 54 (S 83°55'02" W)

FIELD NOTES PREPARED OF EVEN DATE

20101138

**DELORES CORTINAS SURVEY A - 160**

**1258**
Herman Barr
Volume 538 Page 16
Res. of Called 25 Acres

**1260**
Dan Taylor, Trustee
Volume 953 Page 631
Called 21.8 Acres

County Road No. 2145

Set 60D Nail
N: 215863.812
E: 2893565.637

15.00'

(Call East 192 vrs.)
548.41'

N: 215925.751
E: 2894148.087

(Call East 185 vrs.)
490.84'

N 88°38'54" E 1054.26'

P.O.B. - Fnd. 2" Ir. Pipe
Fence Corner Post
N: 215955.447
E: 2894638.091
SEMPCO Mon. #53 brs.
S 31°05'19" E 2093.84'
SEMPCO Mon. #54 brs.
S 07°30'16" E 1870.29'

**1262**

**Bessie Barr**
**Called 26 Acres (Share No. 1)**
**Recorded in Final Decree of Partition**
**Case No. 19143 Styled Amelia**
**Bolding, et al, vs. Willie Barr, et al**

**TOTAL**
**25.326 ACRES**

Barbara J. Cummins, et vir, M.E.
Volume 846 Page 540
Residue of Called 36 Acres (Tract No. 6)

N 01°42'35" W 966.03'

(Call South 857 vrs.)

S 09°21'00" E 915.84'
(Call South 557 vrs.)

**1291**
Dan Taylor, Trustee
Volume 956 Page 94
Called 35.3 Acres

N: 215006.178
E: 2893612.072

22.069 ACRES

County Road No. 326
Aerial Power Line

N: 215041.074
E: 2894692.640

52.00'
N 88°20'05" E

8.257 ACRES

N 88°15'17" E 1060.07'

N 01°02'41" W
136.83'

N: 214865.328
E: 2893734.410

Wire Fence

S 88°57'19" W 1011.91'
(Call East 367 vrs.)

N: 214903.761
E: 2894746.154

**591**

Paula E. Williams, et al
Volume 2486 Page 346
Called 48 Acres

**THOMAS WILLIAMS SURVEY A - 833**

**1349**

Declaration of Unit
Volume 1301 Page 625
Called 87.48 Acres
(Tract 4)

**596**

Luberta Menefee
Volume 412 Page 408
Called 23 Acres
(First Tract)

" O " Denotes Set 1/2" Ir. Rod with a
cap stamped "RPLS 4021"

**PLAT OF SURVEY**
**SHOWING**
**PART OF THE DELORES CORTINAS SURVEY A - 160**
**AND PART OF THE THOMAS WILLIAMS SURVEY A - 833**
**RUSK COUNTY, TEXAS**
**SURVEYED NOVEMBER, 2010**
**SCALE: 1" = 200.00'**

I, DANIEL LEE COOPER, REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148,
do hereby certify that this plat was prepared from an actual survey made on the ground
under my direction and supervision and from information provided by Luminant Mining
Company LLC during the month of November, 2010.

GIVEN UNDER MY HAND AND SEAL, this the 25 day of November, 2010.

STATE OF TEXAS
REGISTERED
DANIEL LEE COOPER
6148
PROFESSIONAL
LAND SURVEYOR

REGISTERED PROFESSIONAL LAND SURVEYOR NO. 6148

LACY SURVEYING INC.
P.O. BOX 736 ARP, TEXAS 75750
PHONE & FAX ( 903 ) 859 9942
LacyLandSurveying.com

*(Tract 1262)*

## EXHIBIT B

No. 2013-390

| | | |
|---|---|---|
| LUMINANT MINING COMPANY LLC,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | |
| DEBORAH D. JOHNSON, MICHELLE DADE,<br>WILFRED COOKSEY, GERALD TONEY,<br>NICOLE TONEY, HOWARD STORY, MARION<br>CAROL STORY, NELSON GREENWOOD, JR.,<br>MARJORIE H. WILLIAMS, WILMER FORREST<br>TRIMBLE, JR., A/K/A WILMER FORREST<br>TREMBLE, JR., SHARON TRIMBLE<br>DONALDSON, SELIA TRIMBLE SHAWKEY,<br>AND BILLIE J. MURPHY TREMBLE,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF RUSK COUNTY, TEXAS<br><br><br>4TH JUDICIAL DISTRICT |

### OATH OF RECEIVER

I, _____, do solemnly swear that I will faithfully perform and

discharge the duties of receiver in the above-entitled and numbered cause and obey the orders of

the Court rendered in that cause.

_____
[Name of Receiver]

STATE OF TEXAS    §
                          §
COUNTY OF RUSK  §

This instrument was acknowledged before me on the _____ day of _____,

2014, by _____.

_____
Notary Public, State of Texas

# CAUSE NO. _____

| THE STATE OF TEXAS | IN THE DISTRICT COURT |
|---|---|
| Billie Murphy Tremble, | OF RUSK COUNTY, TEXAS |
| Sharon Tremble Donaldson, | CASE NO'(s) 2013 - 390, |
| Selia Tremble Shawkey, | 2013 - 391, 2013 – 392 |
| Wilmer Forrest Tremble, Jr., | |
| "The Estate of Wilmer Forrest Tremble, Sr." | |
| Appellant(s), | |

Vs.

Luminant Mining Company LLC,
Energy Future Holdings Corporation
and Subsidiaries
Appellee.

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Appellant(s) Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr. files this appeal complaining of the Appellee Luminant Mining Company LLC and its subsidiaries the support respectfully shows:

The undivided inherited property is 128.46 acres more or less located in Rusk County, Texas.

## INTRODUCTION

The Appellant(s) will expose the Appellee's possession of heir property the support is as follows: Id.at 751, sec C Tex. RC1V+166d. We are raising a genuine issue of material fact. The Appellee withheld pertinent information from Appellant(s). Nottingham Brick & Title Co. v. Butler (1889) 16 QBD 778. We by law did not and were not privy to pertinent information. All heirs to said land in Rusk County, Texas have been mislead by the Appellee and its representatives. Numerous inquiries have been made and never answered, nor addressed, just ignored.

## FACTUAL ALLEGATIONS

The Appellant(s) question why all family members were not served each and every time with the Petition, Partition or Summary Judgment.

**The Uniform Partition of Heir's Property Act (UPHPA)** the Appellee **did not** take the appropriate steps to be compliant with the law.

> The **co-tenants were never allowed the 45 days to exercise their right of first refusal, and if exercised, another 60 days in which to arrange for financing.**

> The **court** must hold a hearing to consider evidence and the hearing was a Plaintiff's Traditional and No Evidence Motion for Summary Judgment.

The Appellant was notified of **Final Judgment**, Re: Cause No. 2013-390, No. 2013-391 and No. 2013-392. The court signed the judgment on December 16, 2014 by Laury Mark, Deputy. The judgment was not accompanied by an explanation.

**The Appellee has sold and auctioned off the property in secret thereby violating the Civil and Constitutional Rights of the Appellant.**

The Appellee withheld pertinent information from Appellant(s). On December 6, 2013 the Appellant(s) received a letter regarding a claim by Appellee to interest in 70 acres more or less of timber. This warranted further investigation. Withheld from the nine heirs are documents in the Rusk County Court House with the Appellee recorded as owner of 100% of the property and as owner of 100% interest in the property; which was transferred on December 16, 2010 and December 21, 2010. A disavowal of inherited funds reduced to common property. The Appellant(s) are denied use, income, and have been made to think they have no rights to the property that has been part of their African American heritage for over 100 years.

**The Cash Warranty Deed was notarized on December 13, 2010 by Russell Davis contract Landman for Luminant Mining Company.** Emma Jean Tremble Smith was responsible for the deeding of All the acreage to the Appellee in her Cash Warranty Deed. Ms Smith's interest was only fractional at the time of transfer. The documents are filed in the Rusk County Clerk Office, Rusk County Appraisal District and the Court House in Rusk County, Texas. The deeding was on December 16, 2010 and on December 21, 2010. The other heirs had no knowledge of what occurred with Ms Smith's Cash Warranty Deed and the Appellee's part in this act. **Emma Jean Trimble Smith aka Emma Jean Tremble Smith is not nor has she ever been the Executor of the Estate, Administrator, nor the Trustee.**

The Cash Warranty Deed was the first conveyance to Appellee. There were five heirs who granted, sold and conveyed their undivided interest in all coal, lignite and or other near surface minerals to Appellee in Warranty Deeds.

The Mineral Deed and the Addendum are relevant. Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. were sued and disinherited by the Appellee after the Last Will and Testament of Wilmer Forrest

Tremble, Sr. was presented. There was no power given to that instrument outside of the disinheritance. The Appellee cited the Appellant(s) Mineral Deed is "not relevant." However, there is an Addendum to the Mineral Deed that gives them all rights to the coal and lignite.

There are two gas wells on the property that have been plugged for years, but, were serviced on December 25, 2014. Those wells as of December 26, 2014 are fully operational.

**As evident to the information being presented the Appellant request Reverse and Render.**

It is our **prayer** that the honorable court will come to our rescue and not allow our undivided inherited property to become a statistic of African American inherited land taken by force. All these things are evident of a denial of justice and civil rights. A declaration that the acts and omissions described herein violated appellant(s) rights under the Constitution and laws of the United States. Our coveted Declaration of Independence says "all men are created equal," however, African Americans and other minorities have systematically been denied their land rights. Ownership of land has always been deemed a valuable economic resource that is and has been in many cases taken by violence, legal exploitation and trickery. It is our fervent prayer this land will remain in our family for generations to come. We the members of the "Estate of Wilmer Forrest Tremble, Sr." throw ourselves on the mercy of the court.



# *Court of Appeals*
### *Sixth Appellate District*
## *State of Texas*

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

May 28, 2015

David E. Jackson
Jackson, Sjoberg, McCarthy & Townsend, LLP
711 W 7th St
Austin, TX 78701
* DELIVERED VIA E-MAIL *

Billie Murphy Tremble
The Tremble Family
2010 Wineberry Dr
Katy, TX 77450

**RE:**   Appellate Case Number:      06-15-00005-CV
         Trial Court Case Number:     2013-391

**Style:** Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr., The Estate of Wilmer Forrest Tremble, Sr.
         v.
         Luminant Mining Company LLC, Energy Future Holdings Corporation and Subsidiaries

Enclosed is this Court's Order rendered this date in the referenced proceeding.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
                                    Deputy

cc:   Terri Willard, District Clerk (DELIVERED VIA E-MAIL)
      Hon. J. Clay Gossett, Judge Presiding (DELIVERED VIA E-MAIL)



# In The
# Court of Appeals
## Sixth Appellate District of Texas at Texarkana

___

Nos. 06-15-00004-CV, 06-15-00005-CV
& 06-15-00006-CV

___

BILLIE MURPHY TREMBLE, SHARON TREMBLE DONALDSON,
SELIA TREMBLE SHAWKEY, WILMER FORREST TREMBLE, JR., THE
ESTATE OF WILMER FORREST TREMBLE, SR., Appellants

V.

LUMINANT MINING COMPANY, LLC, ENERGY FUTURE HOLDINGS
CORPORATION AND SUBSIDIARIES, Appellees

___

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court Nos. 2013-390, 2013-391 & 2013-392

___

Before Morriss, C.J., Moseley and Carter*, JJ.

*Jack Carter, Justice, Retired, Sitting by Assignment



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

## *Court of Appeals*
### *Sixth Appellate District*
### *State of Texas*

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

April 30, 2015

Billie Murphy Tremble
The Tremble Family
2010 Wineberry Dr
Katy, TX 77450

**RE:**    Appellate Case Number:    06-15-00004-CV
        Trial Court Case Number:    2013-390

**Style:** Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer
Forrest Tremble, Jr., The Estate of Wilmer Forrest Tremble, Sr.
        v.
        Luminant Mining Company LLC, Energy Future Holdings Corporation and Subsidiaries

Appellants' brief was due in this Court April 10, 2015. No brief has been filed, nor have you
provided this Court with a reasonable explanation for your failure to file a brief.

If you wish to prosecute this appeal, you are directed to file a brief to arrive in this Court within
**fifteen days of the date of this letter**, with a cover letter reasonably explaining your failure to
file a brief as required by the Appellate Rules. If you fail to do so, pursuant to TEX. R. APP. P.
38.8(a)(1), this appeal may be dismissed for want of prosecution.

Appellants' brief is due on or before **May 15, 2015**.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
                                Deputy

cc:    David E. Jackson (DELIVERED VIA E-MAIL)



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

# *Court of Appeals*
### *Sixth Appellate District*
## *State of Texas*

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

March 11, 2015

David E. Jackson
Jackson, Sjoberg, McCarthy & Townsend,
LLP
711 W 7th St
Austin, TX 78701
\* DELIVERED VIA E-MAIL \*

Billie Murphy Tremble
The Tremble Family
2010 Wineberry Dr
Katy, TX 77450

**RE:**  Appellate Case Number:  06-15-00005-CV
         Trial Court Case Number:  2013-391

**Style:** Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer
Forrest Tremble, Jr., The Estate of Wilmer Forrest Tremble, Sr.
v.
Luminant Mining Company LLC, Energy Future Holdings Corporation and Subsidiaries

The certified Clerk's Record (1 volume) has this date been electronically filed in this court as
shown above.

Appellants' brief is due on or before **April 10, 2015**.

**IF COUNSEL WANTS TO MAKE AN ORAL ARGUMENT, A REQUEST TO DO SO
MUST APPEAR ON THE FRONT COVER OF THE BRIEF. TEX.R.APP.P.39.7.**

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
                                    Deputy

cc:    Terri Willard, District Clerk (DELIVERED VIA E-MAIL)

The Tremble Family
2010 Wineberry Drive
Katy, Texas  77450

May 10, 2015

Court of Appeals
Sixth Appellate District
100 North State Line Avenue #20
Texarkana, Texas  75501

RE:   Failure To File A Brief
      Appellate Case Number:  06-15-00004-CV
      Trial Court Case Number: 2013-390

Appellant(s): Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest
Tremble, Jr., The Estate of Wilmer Forrest Tremble, Sr.

v.

Appellee: Luminant Mining Company LLC, Energy Future Holdings Corporation and Subsidiaries

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to filing with the Court of Appeals; the Tremble Family was notified of the Bankruptcy filing by
Luminant Mining Company, LLC, Energy Future Holding, and Subsidiaries. In addition to the bankruptcy
the family was served with a Stay.

In accordance with the law all legal proceedings are to Cease and Desist. We apologize for any and all
miscommunication and misunderstanding regarding this matter.  Thank you for your time and the
opportunity to address the court.

Sincerely,


The Tremble Family

No. 2014-402

| | | |
|---|---|---|
| BILLIE MURPHY TREMBLE, SHARON | § | IN THE DISTRICT COURT |
| TRIMBLE DONALDSON, SELIA TRIMBLE | § | |
| SHAWKEY AND WILMER FORREST TREMBLE, | § | |
| JR., | § | |
| PLAINTIFFS, | § | |
| | § | |
| | § | OF RUSK COUNTY, TEXAS |
| V. | § | |
| | § | |
| LUMINANT MINING COMPANY LLC, ENERGY | § | |
| FUTURE HOLDINGS CORP. AND SUBSIDIARIES | § | |
| DEFENDANTS. | § | 4TH JUDICIAL DISTRICT |

## NOTICE OF SUGGESTION ON PENDENCY OF BANKRUPTCY FOR ENERGY FUTURE HOLDINGS CORP., *ET AL*. AND AUTOMATIC STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE** that, on April 29, 2014, Energy Future Holdings Corp. and

certain of its subsidiaries and affiliates (collectively, the "Debtors"),[1] including Luminant Mining

Company LLC, filed voluntary petitions for relief under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are pending before the

Honorable Judge Sontchi, United States Bankruptcy Judge, and are being jointly administered

under the lead case *In re Energy Future Holdings Corp.*, Case No. 14-10979. A copy of the

voluntary petition of the lead Debtor, Energy Future Holdings Corp., is attached hereto as

Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the

Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a stay,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. A complete list of the Debtors is provided in Schedule 1 of the chapter 11 petition attached hereto as Exhibit A.

applicable to all entities, of, among other things:  (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases; or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]  No order has been entered in the bankruptcy case granting relief from the automatic stay with respect to the above-captioned proceeding.

      **PLEASE TAKE FURTHER NOTICE** that additional information regarding the status of the Debtors' chapter 11 cases may be obtained by (i) reviewing the docket of the Debtors' chapter 11 cases at http://www.deb.uscourts.gov/ (PACER login and password required) or at the website of the Debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com, or (ii) contacting any of the following proposed co-counsel for the Debtors:

| | |
|---|---|
| Chad J. Husnick | Brian E. Schartz |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| 300 North LaSalle | 601 Lexington Avenue |
| Chicago, Illinois 60654 | New York, New York 10022 |
| (312) 862-2009 | (212) 446-5932 |

Mark D. Collins
Daniel J. DeFranceschi
Jason M. Madron
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned case.  The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

Respectfully Submitted,

JACKSON, SJOBERG, MCCARTHY & TOWNSEND, LLP

David E. Jackson
State Bar No. 10458500
djackson@jacksonsjoberg.com

Marc O. Knisely
State Bar No. 116114500
mknisely@jacksonsjoberg.com

711 W. 7th Street
Austin TX  78701
(512) 472-7600
(512) 225-5565 FAX


By: _David E. Jackson_
David E. Jackson

ATTORNEYS FOR DEFENDANT
LUMINANT MINING COMPANY LLC

Dated: January 7, 2015

## CERTIFICATE OF SERVICE

    I, **David E. Jackson**, certify that on the ___7th___ day of January, 2015, caused to be served, as shown below, a true and correct copy of the foregoing *Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., et al. and Automatic Stay of Proceedings*, on the parties listed below.

        Billie J. Murphy Tremble
        2806 Evans Street
        Marshall, Texas 75670
        Via regular mail and
        Certified Mail, RRR
        70132250000048069281

        Sharon Trimble Donaldson
        2010 Wineberry Dr
        Katy, TX 77450
        Via regular mail and
        Certified Mail, RRR
        70121010000343826211

        Selia Trimble Shawkey
        712 South 37th Street
        San Diego, CA 92113
        Via regular mail and
        Certified Mail, RRR
        70121010000343826228

        Wilmer Forrest Tremble, Jr.
        3614 Sheldon
        Pearland, TX 77584
        Via regular mail and
        Certified Mail, RRR
        70121010000343826303

David E. Jackson

# EXHIBIT A

## Voluntary Petition of Energy Future Holdings Corp.
## Under Chapter 11 of the Bankruptcy Code

### Case 14-10979    Doc 1    Filed 04/29/14    Page 1 of 29

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Energy Future Holdings Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):  **See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **46-2488810** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza<br>1601 Bryan Street<br>Dallas, Texas**<br>ZIP CODE **75201** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: **Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the<br>Petition is Filed (Check one box.) |
|---|---|---|
| ☐  Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒  Corporation (includes LLC and LLP)<br>☐  Partnership<br>☐  Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐  Health Care Business<br>☐  Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐  Railroad<br>☐  Stockbroker<br>☐  Commodity Broker<br>☐  Clearing Bank<br>☒  Other:  **Energy** | ☐  Chapter 7      ☐  Chapter 15 Petition for<br>☐  Chapter 9          Recognition of a Foreign<br>☒  Chapter 11        Main Proceeding<br>☐  Chapter 12    ☐  Chapter 15 Petition for<br>☐  Chapter 13        Recognition of a Foreign<br>                          Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | ☐  Debtor is a tax-exempt organization<br>under title 26 of the United States Code<br>(the Internal Revenue Code). | ☐  Debts are primarily consumer    ☒  Debts are<br>debts, defined in 11 U.S.C. §        primarily<br>101(8) as "incurred by an            business<br>individual primarily for a              debts.<br>personal, family, or household<br>purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒  Full Filing Fee attached.<br><br>☐  Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See<br>Official Form 3A.<br><br>☐  Filing Fee waiver requested (applicable to chapter 7 individuals only).<br>Must attach signed application for the court's consideration. See Official<br>Form 3B. | Check one box:<br>☐  Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒  Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment<br>on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐  A plan is being filed with this petition.<br>☐  Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS<br>FOR COURT USE<br>ONLY |
|---|---|
| ☒  Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐  Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-<br>100,000 | ☒<br>Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500 million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)

Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s)<br>**Energy Future Holdings Corp.** | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒    Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br> Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No, and Exhibit C is attached with further comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                               Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | **Energy Future Holdings Corp.** |

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>　Signature of Debtor<br><br>X _____<br>　Signature of Joint Debtor<br><br>_____<br>　Telephone Number (if not represented by attorney)<br>_____<br>　Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐　I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐　Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>　(Signature of Foreign Representative)<br><br>_____<br>　(Printed Name of Foreign Representative)<br><br>_____<br>　Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X　*/s/ Daniel J. DeFranceschi*<br>　Signature of Attorney for Debtor(s)<br><br>　Daniel J. DeFranceschi (No. 2732)<br>　Printed Name of Attorney for Debtor(s)<br><br>　Richards, Layton & Finger, P.A.<br>　Firm Name<br><br>　920 North King Street, Wilmington, DE 19801<br>　Address<br><br>　(302) 651-7700<br>　Telephone Number<br>　April 29, 2014<br>　Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that:(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>　Signature of Authorized Individual<br><br>　Anthony R. Horton<br>　Printed Name of Authorized Individual<br>　Senior Vice President, Treasurer and Assistant Secretary<br>　Title of Authorized Individual<br>　April 29, 2014<br>　Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Rider 1 to Energy Future Holdings Corp. Voluntary Petition

All other names used by the Debtor in the last 8 years:  TXU Corp.; TXU Corp; and Texas Utilities.

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC
- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

9

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |

## EXHIBIT A TO VOLUNTARY PETITION

1.  Energy Future Holdings Corp.'s 9.75% Senior Notes due 2019 are registered under Section 12 of the Securities Exchange Act of 1934; the SEC file number is 1-12833.

2.  The following financial data is the latest publicly available information and, unless otherwise indicated, is current as of December 31, 2013:

    (a)   Total assets (on a consolidated basis):          $36,446 million.

    (b)   Total liabilities (on a consolidated basis):       $49,701 million.

    (c)   Debt securities held by more than 500 holders:   None.[1]

    (d)   Description of equity:                           Common stock.

          (i)    Shares of common stock outstanding:      1,669,861,382[2]

3.  Brief description of Energy Future Holdings Corp.'s business:

    EFH Corp. is a Dallas, Texas-based energy company with a portfolio of competitive and regulated energy businesses in Texas. EFH Corp. is a holding company conducting its operations principally through its Texas Competitive Electric Holdings Company LLC and Oncor subsidiaries. Collectively with its operating subsidiaries, EFH Corp. is the largest generator, retailer and distributor of electricity in Texas.

---

[1]   Energy Future Holdings Corp. ("EFH Corp.") does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.

[2]   This figure is current as of April 29, 2014.

4.  List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

| Title of Class of Shares | Name of Holder | Approximate Number of Shares | Percentage of Ownership |
|---|---|---|---|
| Common Stock | Texas Energy Future Holdings Limited Partnership | 1,669,861,382 | 99.27% |

2

11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

### EXHIBIT C TO VOLUNTARY PETITION

1.     Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.     With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-\_\_ \_\_\_ (\_\_) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Texas Energy Future Holdings Limited Partnership | 99.27% |

### DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant
Secretary

13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., | ) Case No. 14-_____ (___) |
| | ) |
| Debtor. | ) (Joint Administration Requested) |
| | ) |
| Tax ID: 46-2488810 | ) |

### LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Energy Future Holdings Corp. | Texas Energy Future Holdings Limited Partnership and EFH Corp. directors and employees. | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | Texas Energy Future Holdings Limited Partnership (99.27%); and EFH Corp. directors and employees (0.73%). |

### DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of Energy Future Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President, Treasurer and Assistant Secretary

14

# ENERGY FUTURE HOLDINGS CORP. (THE "COMPANY")
## BOARD OF DIRECTORS RESOLUTIONS
### APRIL 28, 2014

**Item 1.  Restructuring Update**

Effective as of this 28th day of April 2014, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of Energy Future Holdings Corp., a Texas corporation (the "Company"), took the following actions and adopted the following resolutions:

*Chapter 11 Filing*

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

*Restructuring Support Agreement*

WHEREAS, some members of the Board of Directors are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Board of Directors would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.255 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable;

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Board of Directors acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by Section

1

15

21.418(b)(2) of the TBOC, Section 101.255(b)(2) of the TBOC, or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*Retention of Professionals*

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed

2

an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers Watson & Co. as compensation consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to

3

17

employ the firm of PricewaterhouseCoopers LLP as internal auditing advisor and information security consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax auditing advisors and information technology consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

### Debtor-in-Possession Financing

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "TCEH DIP Credit Agreement") among Texas Competitive Electric Holdings Company LLC, as Borrower, Energy Future Competitive Holdings Company LLC, as Parent Guarantor, the various lenders from time to time parties thereto as Lenders, Citibank N.A. or its successor as Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Texas Competitive Electric Holdings Company LLC.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "EFIH First Lien DIP Credit Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Borrowers, the various lenders from time to time parties thereto, as Lenders, Deutsche Bank AG, as Collateral Agent and Administrative Agent for the Lenders, and the other Joint Lead Arrangers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC..

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents required to consummate the Second Lien Subordinated Secured Debtor-in-Possession Note Purchase Agreement (the "EFIH Second

4

Lien DIP Note Purchase Agreement") among Energy Future Intermediate Holding Company LLC and EFIH FINANCE INC., as Co-Issuers, the lending institutions from time to time parties thereto as Purchasers, and the Administrative Agent and Collateral Agent for the Purchasers, dated as of the date presented to the Board of Managers of Energy Future Intermediate Holding Company LLC and the Board of Directors of EFIH FINANCE INC.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the TCEH DIP Credit Agreement, the EFIH First Lien DIP Credit Agreement, or the EFIH Second Lien DIP Note Purchase Agreement, as applicable.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

5

**ENERGY FUTURE HOLDINGS CORP.**
**ASSISTANT SECRETARY'S CERTIFICATION**

The undersigned, Betty R. Fleshman, Assistant Secretary of Energy Future Holdings Corp. (the "Company"), a Texas corporation, hereby certifies as follows:

1. I am the duly qualified and elected Assistant Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolution of the board of directors of the Company (the "Board of Directors"), duly adopted at a properly convened meeting of the Board of Directors on April 28, 2014, by the members constituting a majority of the votes of a quorum of the directors there present, in accordance with the bylaws of the Company.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 28th day of April, 2014.

Betty R. Fleshman,
Assistant Secretary

20

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 1 | LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>Attn:    Frank Godino - Vice President<br>Addr:    400 Madison Avenue - Suite 4D<br>          New York, NY  10017<br>          USA<br>Phone:   (646) 747-1251<br>Fax:     (212) 750-1361<br>Email:   frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:      Law Debenture Trust Company<br>          of New York<br>Attn:    Daniel A. Lowenthal - Counsel<br>          1133 Avenue of the Americas<br>          New York, NY  10036<br>          USA<br>Phone:   (212) 336-2720<br>Fax:     (212) 336-1253<br>Email:   dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| 2 | AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC<br>Attn:    Paul Kim - General Counsel<br>Addr:    6201 15TH Avenue<br>          Brooklyn, NY  11219<br>          USA<br>Phone:   (718) 921-8183<br>Fax:     (718) 331-1852<br>Email:   pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re:  American Stock Transfer and Trust<br>          Company, LLC<br>Attn:    Amelia M. Charamba - Counsel<br>Addr:    100 Summer Street<br>          Boston, MA  02110<br>          USA<br>Phone:   (617) 345-1041<br>Fax:     (866) 244-1527<br>Email:   acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]    With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

2

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn:  Laura Roberson - Vice President<br>Addr:  2 South Broadway<br>    Suite 600<br>    St Louis, MO  63102<br>    USA<br>Phone:  (314) 612-8484<br>Fax:  (314) 612-8499<br>Email:  laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re: UMB Bank, N.A.<br>Attn:  Harold L Kaplan, Mark F Hebbeln -<br>    Counsel<br>Addr:  321 N Clark Street, Suite 2800<br>    Chicago, IL  60654<br>    USA<br>Phone:  (312) 832-4393, (312) 832-4394<br>Fax:  (312) 832-4700<br>Email:  hkaplan@foley.com,<br>    mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON<br>TRUST COMPANY<br>Attn:  Rafael Martinez - Vice President -<br>    Client Service Manager<br>Addr:  601 Travis Street<br>    Houston, TX  77002<br>    USA<br>Phone:  (713) 483-6535<br>Fax:  (713) 483-6954<br>Email:  rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn:  Thomas Vlahakis - Vice President<br>Addr:  385 Rifle Camp Road<br>    3rd Floor<br>    Woodland Park, NJ 07424<br>    USA<br>Phone:  (973) 247-4742<br>Fax:  (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn:  Michael Puryear - General Counsel<br>Addr:  3302 S W.W. White Rd<br>    San Antonio, TX  78222<br>    USA<br>Phone:  (210) 648-1111<br>Fax:  (210) 648-0079<br>Email:  michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

3

| # | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn: Peter O. Hansen - General Counsel<br>Addr: 1460 W. Canal Court<br>Littleton, CO 80120<br>USA<br>Phone: (303) 962-1977<br>Fax: (303) 962-1970<br>Email: peter.hansen@ada-cs.com;<br>info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn: Carlos M. Hernandez - Executive Vice President, Chief Legal Officer and Secretary<br>Addr: 6700 Las Colinas Blvd<br>Irving, TX 75039<br>USA<br>Phone: (469) 398-7000<br>Fax: (469) 398-7255<br>Email: carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn: Roger Nober - Executive VP, Law and Corporate Affairs<br>Addr: 2650 Lou Menk Drive<br>Fort Worth, TX 76131<br>USA<br>Phone: (817) 352-1460<br>Fax: (817) 352-7111<br>Email: roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn: Raghu Raman Lakshmanan - General Counsel<br>Addr: 330 Potrero Avenue<br>Sunnyvale, CA 94085<br>USA<br>Phone: (408) 523-8331<br>Fax: (408) 733-0482<br>Email: rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn: Richard E. Chandler, Jr. - President and Chief Executive Officer<br>Addr: c/o CB&I - One CB&I Plaza<br>2103 Research Forest Drive<br>The Woodlands, TX 77380<br>USA<br>Phone: (832) 513-1000<br>Fax: (832) 513-1094<br>Email: richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

4

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn: Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr: 1000 Westinghouse Drive, Suite 572A Cranberry Township, PA 16066 USA<br>Phone: (724) 940-8323<br>Fax: (724) 940-8518<br>Email: holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn: Mark Schroeder - Senior Vice President and Deputy General Counsel<br>Addr: 1111 Louisiana Street Houston, TX 77002 USA<br>Phone: (713) 207-7053<br>Fax: (713) 207-9233<br>Email: mark.schroeder@centerpointenergy.com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn: Kalyn Asher - President<br>Addr: 15303 Dallas Parkway, Suite 1300 Addison, TX 75001 USA<br>Phone: (214) 580-8750<br>Fax: (972) 732-1161<br>Email: kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn: Keith Debault - President<br>Addr: 855 E US Highway 79 Rockdale, TX 76567 USA<br>Phone: (512) 446-7011<br>Fax: (512) 446-7195<br>Email: keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn: Karlos Courtney - Owner<br>Addr: 2617 US Hwy 79N Carthage, TX 75633 USA<br>Phone: (903) 694-2911<br>Fax: (903) 694-2921<br>Email: karloscourtney@courtneyconstruction.com | Trade | Unliquidated | $2,640,695 |

5

| | Name of creditor, complete mailing address, and employee, agent or department of creditor familiar with claim | Nature of claim | Contingent unliquidated disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn:    Christopher Ranck - Vice President<br>            and General Counsel<br>Addr:   4400 N Alafaya Trl<br>            Orlando, FL  32826<br>            USA<br>Phone:  (407) 333-2476<br>Fax:     (972) 550-2101<br>Email:   chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn:    David Koch - CEO & President<br>            5501 Foundation Blvd<br>            Evansville, IN  47725<br>            USA<br>Phone:  (812) 467-1000<br>Fax:     (812) 429-9425<br>Email:   sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn:    R Scott Hopkins - President<br>Addr:   5910 N. Central Expy.<br>            STE 1380<br>            Dallas, TX  75206<br>            USA<br>Phone:  (214) 987-0257<br>Fax:     (214) 987-0670<br>Email:   msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn:    Sonia Jasman - President<br>            2 Campus Drive<br>            Parsippany, NJ  07054-4400<br>            USA<br>Phone:  (973) 267-5300<br>Fax:     (973)-397-2491<br>Email:   contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn:    Guillermo Montano - Chief<br>            Executive Officer<br>Addr:   18 Calle 25-85 Z.10<br>            Torre Transactel Pradera<br>            Guatemala City,<br>            Guatemala<br>Phone:  011 502 2223-0000<br>Fax:     011 502 2223 0004<br>Email:   gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

6

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn: Mike Merritt - President<br>Addr: 201 Estes Dr<br>Longview, TX 75602-6100<br>USA<br>Phone: (903) 757-2656<br>Fax: (903) 757-8864<br>Email: Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn: Max W. Laun - Vice President and General Counsel<br>Addr: 201 Isabella Street<br>Pittsburgh, PA 152195858<br>USA<br>Phone: (412) 553-4569<br>Fax: (412) 553-4064<br>Email: max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn: Michael Hoehn - President<br>9230 East 47th Street<br>Kansas City, MO 64133<br>USA<br>Phone: (816) 356-0660<br>Fax: (816) 356-5730<br>Email: michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn: Jack Carmody - President<br>Addr: 5222 Thunder Creek Road<br>Austin, TX 78759<br>USA<br>Phone: (512) 343-9613<br>Fax: (512) 343-9618<br>Email: jack.carmody@rangerexcavating.com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn: John L. Howard - General Counsel<br>Addr: 100 Grainger Pkwy<br>Lake Forest, IL 60045<br>USA<br>Phone: (847) 535-1000<br>Fax: (847) 535-0878<br>Email: john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn: Malcolm Clevenstine - President and CEO<br>Addr: 607 Fisher Rd<br>Longview, TX 75604<br>USA<br>Phone: (903) 295-1011<br>Fax: (903) 295-1982<br>Email: info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

7

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent unliquidated disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn:  Gary Bernardez - President<br>Addr:  2106 Anderson Road<br>Greenville, SC  29611<br>USA<br>Phone:  (864) 295-7800<br>Fax:  (864) 295-7962<br>Email:  gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn:  Isabelle Roux-Chenu -<br>International Legal Affairs<br>Addr:  623 Fifth Ave 33rd Floor<br>New York, NY  10022<br>USA<br>Phone:  (212) 314-8000<br>Fax:  (212) 314-8001<br>Email:  isabelle.roux-chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn:  Patrick Apodaca - Senior Vice<br>President, General Counsel,<br>Secretary<br>Addr:  414 Silver Avenue SW<br>Albuquerque, NM  87102-3289<br>USA<br>Phone:  (505) 241-2700<br>Fax:  (505) 241-4311<br>Email:  patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn:  President<br>Addr:  601 Braddock Ave<br>Turtle Creek, PA 15145<br>USA<br>Phone:  (412) 829-7500<br>Fax:  (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn:  Chuck William - SVP & General<br>Counsel<br>Addr:  16400 College Blvd<br>Lenexa, KS 66219<br>USA<br>Phone:  (913) 888-8600<br>Fax:  (913) 492-8723<br>Email:  info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn:  Mike Wilcox - Owner<br>Addr:  2100 State Highway 31 E<br>Kilgore, TX  75662<br>USA<br>Phone:  (903) 983-2951<br>Fax:  (903) 984-0982<br>Email:  mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

8

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent unliquidated disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn: Kenneth Pierce - Owner<br>Addr: 4324 State Hwy 149<br>Beckville, TX 75631<br>USA<br>Phone: (903) 678-3748<br>Fax: (903) 678-3896<br>Email: kenneth@pierceconstructioninc.com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn: Mary Perry - President<br>Addr: 440 Polaris Parkway<br>Westerville, OH 43082<br>USA<br>Phone: (614) 844-3973<br>Fax: (614) 436-6640<br>Email: mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn: Wayne Yost, Owner - President<br>Addr: 815 N Main Street<br>Wrens, GA 30833<br>USA<br>Phone: (706) 547-6554<br>Fax: (706) 547-6553<br>Email: wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn: David Beckman - General Counsel<br>Addr: 3102 West End Avenue<br>Nashville, TN 37203<br>USA<br>Phone: (615) 301-7100<br>Fax: (615) 301-7252<br>Email: david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn: John Warren May - Chief Legal Officer<br>Addr: 1991 South 4650 West<br>Salt Lake City, UT 84104<br>USA<br>Phone: (801) 257-5811<br>Fax: (801) 257-6246<br>Email: john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

9

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn:  William Wochner - Chief Legal Officer<br>Addr:  427 West 12th Street<br>Kansas City, MO  64105<br>USA<br>Phone:  (816) 983-1303<br>Fax:  (816) 783-1501<br>Email:  wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn:  Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr:  10701 S River Front Parkway<br>Suite 300<br>South Jordan, UT  84095<br>USA<br>Phone:  (801) 984-9400<br>Fax:  (801) 984-9410<br>Email:  hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn:  President or General Counsel -<br>Addr:  Trent Wind Farm<br>1423 CR 131<br>Trent, TX  79561<br>USA<br>Phone:  (614) 583-7035<br>Fax:  (614) 583-1691<br>Email:  clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn:  Phil Wilson - General Manager<br>Addr:  Transmission Services Corp<br>Austin, TX  78703<br>USA<br>Phone:  (512) 473-3200<br>Fax:  (512) 578-3520<br>Email:  general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn:  Clay Thomas - Chief Executive Officer<br>Addr:  9550 John W. Elliott Drive, Suite 106<br>Frisco, TX  75033<br>USA<br>Phone:  (214) 975-0808<br>Fax:  (214) 975-0811<br>Email:  cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

10

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn:    President or General Counsel<br>Addr:    2825 Cobb International Blvd NW<br>         Kennesaw, GA  30152<br>         USA<br>Phone:  (770) 429-4600<br>Fax:    (770) 429.4750<br>Email:  cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn:    Mr. Charles R. Patton - President<br>         and Chief Operating Officer<br>Addr:    1 Riverside Plaza<br>         Columbus, OH  43215-2372<br>         USA<br>Phone:  (614) 716-1000<br>Fax:    (614) 716-1823<br>Email:  Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn:    Jeff Grodel - Owner<br>Addr:    10823 N US Highway 75<br>         Buffalo, TX  75831<br>         USA<br>Phone:  (903) 322-4942<br>Fax:    (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn:    Mark Brancato - General Counsel<br>Addr:    Cement Projects Americas<br>         2040 Avenue C<br>         Bethlehem, PA  18017<br>         USA<br>Phone:  (610) 264-6011<br>Fax:    (610) 264-6170<br>Email:  Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn:    David Petty - President<br>Addr:    3163 Fm 499<br>         Cumby, TX  75433<br>         USA<br>Phone:  (903) 994-4200<br>Fax:    (903) 994-2747<br>Email:  petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn:    John Luke - General Counsel & Corp.<br>         Secretary<br>Addr:    c/o Forge Group Ltd<br>         4000 Town Center Boulevard<br>         Canonsburg, PA  15317<br>         USA<br>Phone:  (724) 754-9800<br>Fax:    (724) 754-9801<br>Email:  Info@forgegroup.com | Trade | Unliquidated | $828,978 |

11

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE) <br> Attn: Miles Cowdry - President <br> Rolls-Royce Civil Nuclear <br> Addr: 994-A Explorer Blvd <br> Huntsville, AL 35806 <br> USA <br> Phone: (800) 632-5126 <br> Fax: (317) 230-4699 <br> Email: Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION <br> Attn: Israel Goldowitz - Office Of The Chief Counsel <br> Addr: 1200 K Street, NW <br> Washington, DC 20005-4026 <br> USA <br> Phone: (202) 326-4020 <br> Fax: (202) 326-4112 <br> Email: Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

12

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29 2014

Anthony R. Horton
Treasurer

33

06-15-00006-CV

IN THE

**COURT OF APPEALS**
**STATE OF TEXAS**

| | | |
|---|---|---|
| The Tremble Family, | ) | Luminant Mining Company LLC, |
| Billie Murphy Tremble, | ) | Energy Future Holdings |
| Sharon Tremble Donaldson, | ) | Corporation and Subsidiaries |
| Selia Tremble Shawkey, | ) | |
| Wilmer Forrest Tremble, Jr. | ) | |
| The Estate of Wilmer Forrest Tremble, Sr. | ) | |
| Appellant(s) | ) | Appellee |

---

**APPELLANTS' OPENING BRIEF**

---

Appeal from the Judgment
Rusk County District Court of Texas
Date December 16, 2014
Laury Mark, Deputy

The Tremble Family:

Billie Murphy Tremble
P.O. Box 541
Marshall, Texas 75671
billietremble@yahoo.com
903.938.6829

1

The Appellant(s) filed a suit December 12, 2014 alleging Appellee has 100% ownership claim in their undivided, inherited, heir property. The documents are filed in the Rusk County Clerk's Office, Rusk County Appraisal District and in the Court House in Rusk County, Texas (Refer to Rusk County Appraisal District record). The deeding was on December 16, 2010 for 37.46 (33.094) acres originally owned by Emma Barr Pollard; 65 acres originally owned by W. M. Pollard; 25.326 acres originally owned by Betsy Barr Strong that acreage was deeded on December 21, 2010. All the 128.46 acres more or less were deeded by Emma Jean Trimble Smith aka Emma Jean Tremble Smith signed a Cash Warranty Deed on December 13, 2010 (Refer to Cash Warranty Deed) that was notarized by Russell Davis, contract Landman for Luminant Mining Company, Llc. (refer to Affidavit of Heirship). TD/B/C.2/AC.1/7p.11 para.9. Smith v. Land & House Property Corp. (1884) 28 Ch.D7. However, where the person giving the statement was in a position to know the true facts and it can be proved that he could not reasonably have held such a view as a result, then his opinion will be treated as a statement of fact. The Traditional Most Favoured Nations principle is designed to establish equity in treatment. Ms Smith is not nor has she ever been the Executor of the Estate, Administrator, nor Trustee. The possession of the heir property by the Appellee includes: the land, minerals, homestead-its contents, barn-its contents, cattle, timber, chicken coop, lakes, wells, etc., this formerly vibrant property now sits in ruin surrounded by debris.

## SUMMARY OF THE ARGUMENT

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since 2009 seeking to possess undivided inherited, heir, property. The relief sought is the return of the property and loss of income. Tex.rcv tex.RTD.p.166. We by law were not privy to pertinent information from

5

the Appellee. Erik L. Collins & Gretchen M. Smith, Awards of Damages of Mental Anguish Without Proof of Harm to Reputation. Any misrepresentation is grounds for rescission. Museprime Properties v. Adhill Properties [1990] 36 EG 114. In Smith v. Land & House Property Corp. (1884) 28 Ch.D7. However where the person giving the statement was in a position to know the true facts and it can be proved that he could not reasonably have held such a view as a result, then his opinion will be treated as a statement of fact.

The natural facts are relatively simple as a result of this long ordeal, the Appellant(s) lost and were deprived of great gains and profit which would otherwise have accrued to them, ie. cutting timber, cattle grazing, renting the house, etc. as a direct result of the documents filed in the Rusk County Court House in Rusk County, Texas.

## INDEX OF AUTHORITIES

CASES:

Erik L. Collins & Gretchen M. Smith, Awards of Damages of Mental
Anguish Without Proof of Harm to Reputation.......................................5

Museprime Properties v. Adhill Properties [1990] 36 EG 114............................5

Nottingham Brick & Title Company v. Butler (1889) 16QBD 778.......................4

Smith v. Baker, 380 S.W.2d 725.............................................................4

Smith v. Land & House Property Corp. (1884) 28 Ch.D7....................................5

Tex.rcv tex.RTD.p.166.......................................................................5

ACT:

Uniform Partition of Heirs Property Act...............................................................5

OTHER DOCUMENTS:

Affidavit of Heirship...................................................................................5

Cash Warranty Deed...................................................................................5

Final Judgment.........................................................................................4

Most Favoured Nations Principle..........................................................................5

Rusk County Appraisal District............................................................................5

PRAYER:

It is our prayer that the Honorable Court will come to our rescue and not allow our undivided inherited property to become a statistic of African American inherited land taken by force. All these things are evident of a denial of justice and civil rights. A declaration that the acts of omission described herein violated Appellant(s) rights under the Constitution and laws of the United States. Our coveted Declaration of Independence says, "We hold these truths to be self evident, that all men are created equal..."The Virginia Declaration of Rights, authored by George Mason and approved by the Virginia Convention on June 12, 1776, contains the following: all men are by nature equally free and independent, and have certain inherent rights of life, liberty, which mean of acquiring and possessing property, and pursuing and obtaining happiness and safety." However, minorities have systematically been denied their land rights. Ownership of land has always been deemed a valuable economic resource that is and has been in many cases taken by violence, legal exploitation, and trickery. It is our fervent

prayer this land will remain in our family for generations to come and that we will be compensated for the loss of income due to the documents that are filed in Rusk County Court House, Rusk County, Texas. We the members of the Tremble Family throw ourselves on the mercy of the court. Amen.