**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TWENTY-SECOND OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CLAIMS (WRONG DEBTOR) PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Energy Future Holdings Corp. ("EFH Corp."), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), files this twenty-second objection to claims (this "Objection"),[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) modifying the claims identified on **Exhibit 1** to **Exhibit A** attached hereto and, as discussed in further detail below, (b) authorizing Epiq Bankruptcy Solutions, LLC (the "Claims Agent") to reflect such modifications in the official register maintained by the

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   On June 22, 2015, the Debtors filed a motion seeking a further waiver of Local Bankruptcy Rule 3007-1, allowing the Debtors to file more than two substantive omnibus objections to claims in a given month [D.I. 4824]. On July 9, 2015, the Court entered an order granting the waiver, with certain modifications regarding the date by which claims binders shall be delivered to Court in the event more than two substantive omnibus objections to claims are filed in a particular month [D.I. 4956].

Claims Agent (the "Claims Register").  In support of this Objection, EFH Corp. submits the *Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* (the "Carter Declaration").  This Objection complies in all respects with Local Bankruptcy Rule 3007-1, as modified by this Court.[3]  In further support of this Objection, EFH Corp. respectfully states as follows:

### Summary of Relief Requested

1.      As described in more detail herein and in the Carter Declaration, EFH Corp. has (a) examined the proofs of claim identified on **Exhibit 1** to **Exhibit A** hereto (the "Wrong Debtor Claims"),[4] (b) consulted with Alvarez & Marsal North America, LLC, which serves as an advisor to the Debtors in their chapter 11 proceedings by assisting the Debtors with financial analyses, claims management and various notice requirements, and (c) has determined that each Wrong Debtor Claim represents a proof of claim asserted against the incorrect Debtor or does not specify the Debtor against which the proof of claim is asserted (in each instance, the "Asserted Debtor").  EFH Corp. requests that the Court reassign each of the Wrong Debtor Claims from each Asserted Debtor to the Debtor (the "Modified Debtor") identified on **Exhibit 1** to **Exhibit A**, representing the Debtor that the Debtors' books and records evidence each Wrong Debtor Claim should have been asserted against.

---

[3]     On November 21, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rules 3007-1 and 3007-2, allowing the Debtors to use, at their discretion, a Custom Notice instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims to every claimant whose claim is objected to in each objection [D.I. 2849].  On December 10, 2014, the Court entered an order granting the waiver [D.I. 2963].

[4]     Per Local Rule 3007-1(e)(iv) (as modified by the Court), images of the proofs of claim relating to the Wrong Debtor Claims will be submitted to the Court on or before July 15, 2015.

**Jurisdiction and Venue**

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and EFH Corp. consents pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Objection are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1.

**Background**

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of

3

EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc. and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (together with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed amended Schedules and Statements [D.I. 2146-2216] addressing certain discrete issues.

7.      On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date"), as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.      Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[5]  In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The*

---

[5]    The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp.,* et al.*, for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

*Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune Herald*.[6]

9.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date"), as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10.     Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11.     To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases.

### Basis for Objection

12.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on

---

[6]     Affidavits of publication were filed with the Court on July 2, 2014.  *See* D.I. 1448-1454.

5

different parties at different stages of the objection process.  As explained by the United States

Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court
> under 11 U.S.C.A. § 502(a) rests on different parties at different
> times.  Initially, the claimant must allege facts sufficient to support
> the claim.  If the averments in his filed claim meet this standard of
> sufficiency, it is '*prima facie*' valid [citations omitted].  In other
> words, a claim that alleges facts sufficient to support legal liability
> to the claimant satisfies the claimants' initial obligation to go
> forward.  The burden of going forward then shifts to the objector to
> produce evidence sufficient to negate the *prima facie* validity of
> the filed claim. . . .  In practice, the objector must produce evidence
> which, if believed, would refute at least one of the allegations that
> is essential to the claim's legal sufficiency.  If the objector
> produces sufficient evidence to negate one or more of the sworn
> facts in the proof of claim, the burden reverts to the claimant to
> prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citation omitted).  Once the

*prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the

objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

13.     A chapter 11 debtor "has the duty to object to the allowance of any claim that is

improper."  *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis,*

*Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and

1107(a).

14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11

cases, EFH Corp. has identified 186 Wrong Debtor Claims listed on **Exhibit 1** to **Exhibit A** in

the aggregate claimed amount of $5,455,198.76.  Each of the Wrong Debtor Claims reflects a

Proof of Claim that (a) was filed against a Debtor that has no liability for the claims asserted

therein, according to the Debtors' books and records, or no Debtor was specified, and (b) is

properly asserted, if at all, against a different Debtor.  Failure to reassign the Wrong Debtor

Claims could result in claimants receiving an unwarranted recovery to the detriment of other

similarly-situated creditors.   Moreover, reassignment of these claims will enable the Claims

Register to reflect more accurately the claims asserted against the Debtors.   Accordingly, EFH

Corp. requests that the Wrong Debtor Claims be reassigned from the Asserted Debtor to the

Modified Debtor as set forth on **Exhibit 1** to **Exhibit A**.

15.     Reassignment of the Wrong Debtor Claims will not disallow or expunge the

Wrong Debtor Claims, each of which will remain on the Claims Register but modified to be

asserted against the Modified Debtor as set forth on **Exhibit 1** to **Exhibit A** (unless withdrawn

by the relevant claimants or disallowed by further order of the Court).   Notwithstanding the

above, by requesting relief with respect to the Wrong Debtor Claims, EFH Corp. is not asking

for an allowance of the Wrong Debtor Claims as modified, but only that the Wrong Debtor

Claims be modified at this time.   EFH Corp. reserves the right to object in the future on any

grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the

Local Bankruptcy Rules.   *See generally* 11 U.S.C. § 502(a).

16.     For all of the foregoing reasons, EFH Corp. requests the reassignment of each of

the Wrong Debtor Claims from the Asserted Debtor to the Modified Debtor, as described herein.

### Reservation of Rights

17.     Nothing contained in this Objection or any actions taken by EFH Corp. pursuant

to relief granted in the Order is intended or should be construed as:  (a) an admission as to the

validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a

waiver of EFH Corp.'s rights to dispute any particular claim (including the Proofs of Claim) on

any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of

Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim)

is of a type specified or defined in this Objection; (e) an admission by EFH Corp. that any

contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of EFH

Corp.'s rights under the Bankruptcy Code or any other applicable law; (g) a request or

authorization to assume or reject any agreements under section 365 of the Bankruptcy Code;

(h) a waiver of any party's rights to assert that any other party is in breach or default of any

agreement; or (i) an admission that any contract or lease is integrated with any other contract or

lease.

18.     EFH Corp. hereby reserves its right to amend, modify and/or supplement this

Objection, including to object to any of the claims listed on **Exhibit 1** to **Exhibit A** on any

additional grounds, prior to the hearing before the Court on this Objection, if any; provided,

however, that nothing in this Objection shall affect EFH Corp.'s right to object to any Proofs of

Claim at a future date on a basis other than as set forth in this Objection as permitted by

bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy

Rules.

### Notice

19.     EFH Corp. shall provide notice of this Objection on the date hereof via first class

mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the

EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent

under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor

agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its

capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds;

and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer &

Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior

unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the

10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:   (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (d) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities

and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the Wrong Debtor Claims.  EFH Corp. submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20.    No prior request for the relief sought in this Objection has been made to this or any other court.


[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, EFH Corp. respectfully requests that the Court enter the Order granting the relief

requested herein and granting such other and further relief as is appropriate under the

circumstances.

Wilmington, Delaware
Dated:  July 10, 2015

**O'KELLY ERNST & BIELLI, LLC**

*/s/  David M. Klauder*
David M. Klauder (No. 5769)
Shannon J. Dougherty (No. 5740)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:        (302) 778-4000
Facsimile:        (302) 295-2873
Email:              dklauder@oeblegal.com
                        sdougherty@oeblegal.com


-and-

**PROSKAUER ROSE LLP**

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone:        (312) 962-3550
Facsimile:        (312) 962-3551
Email:              jmarwil@proskauer.com
                        mthomas@proskauer.com
                        pyoung@proskauer.com

*Co-Counsel to Debtor*
*Energy Future Holdings Corp.*

11