**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MICHAEL CARTER IN SUPPORT OF THE**
**TWENTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION**
**TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Michael Carter, declare as follows:

1.      I am the Senior Vice President of Corporate Planning and an Assistant Treasurer

of EFH Corporate Services Company, a direct subsidiary of Energy Future Holdings Corp.

("EFH Corp."), both of which are corporations organized under the laws of the state of Texas.

EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a

limited liability company organized under the laws of the state of Delaware; EFCH's direct

subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH LLC" and, together

with EFCH and TCEH LLC's direct and indirect subsidiaries, "TCEH," and the entities

composing TCEH that are debtors in these chapter 11 cases, the "TCEH Debtors"), a limited

liability company organized under the laws of the state of Delaware; EFH Corp.'s direct

subsidiary, Energy Future Intermediate Holding Company LLC ("EFIH"), a limited liability

company organized under the laws of the state of Delaware; and various other direct and indirect

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "Debtors" in this declaration (this "Declaration").

2.    I have worked for the Debtors since 2005.  I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records.  All facts set forth in this Declaration are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management team and advisors.  I am over the age of eighteen and duly authorized to execute this Declaration on behalf of the Debtors in support of the *Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* (the "Objection"),[2] filed contemporaneously herewith.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.    To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors.  Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, EFH Corp. has determined that the 145 Disputed Claims listed on **Exhibits 1–6** to **Exhibit A** to the Objection, asserted in the aggregate claimed amount of $4,979,598.77, are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, Local Bankruptcy Rule 3007-1 and applicable orders of the Court.  Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, the Disputed Claims are (a) asserted against the incorrect Debtor or

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

failed to identify any Debtor, (b) asserted in an incorrect amount, (c) asserted with an incorrect

priority status and/or (d) improperly classified as secured, as follows:

| Exhibit No. | Applicable Bases for Objection | | | | Number of Claims | Claimed Amount |
|---|---|---|---|---|---|---|
| | Wrong Debtor | Modify Amount | Modify Priority | Modify Classification | | |
| 1 | X | X | | | 108 | $2,801,894.72 |
| 2 | X | | X | | 22 | $1,137,207.05 |
| 3 | X | | | X | 4 | $160,609.92 |
| 4 | X | X | X | | 9 | $871,030.62 |
| 5 | X | X | | X | 1 | $8,140.94 |
| 6 | X | X | X | X | 1 | $715.52 |
| | | | | | 145 | $4,979,598.77 |

4.    Accordingly, EFH Corp. has objected to each of the Disputed Claims to modify such

claims as described in detail in the Objection and for the reasons set forth below:

**I.    Wrong Debtor Basis for Objection.**

5.    To the best of my knowledge, information and belief, and insofar as I have been

able to ascertain after reasonable inquiry – including discussions with Alvarez & Marsal North

America, LLC ("A&M"), which serves as an advisor to the Debtors in their chapter 11

proceedings by assisting the Debtors with financial analyses, claims management and various

notice requirements, and my (a) review of the Disputed Claims subject to the Wrong Debtor

Basis for Objection and supporting information and documentation provided therewith and (b)

reasonable efforts to research the same on the Debtors' books and records and Schedules – the

Disputed Claims subject to the Wrong Debtor Basis for Objection (x) were each filed against a

Debtor that has no liability for the claims asserted therein according to the Debtors' books and

records or no Debtor was specified and (y) are properly asserted against a different Debtor.

**II.    Modify Amount Basis for Objection.**

6.    To the best of my knowledge, information and belief, and insofar as I have been

able to ascertain after reasonable inquiry – including discussions with A&M and my (a) review

of the Disputed Claims subject to the Modify Amount Basis for Objection and supporting information and documentation provided therewith and (b) reasonable efforts to research the same on the Debtors' books and records and Schedules – the Disputed Claims subject to the Modify Amount Basis for Objection are either (x) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records (primarily due to the claimant overstating the amount of its claim, double-counting its claim or a portion of the asserted claim being duplicated in another Proof of Claim filed by the same claimant on account of the same liability) or (y) asserted in an amount that is entirely or partially undetermined, but the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that EFH Corp. agrees is owed.

### III.    Modify Priority Basis for Objection.

7.    To the best of my knowledge, information and belief, and insofar as I have been able to ascertain after reasonable inquiry – including discussions with A&M and my (a) review of the Disputed Claims subject to the Modify Priority Basis for Objection and supporting information and documentation provided therewith and (b) reasonable efforts to research the same on the Debtors' books and records and Schedules – the Disputed Claims subject to the Modify Priority Basis for Objection each inaccurately asserted that all or a portion of the claim is entitled to priority status.

### IV.    Modify Classification Basis for Objection.

8.    To the best of my knowledge, information and belief, and insofar as I have been able to ascertain after reasonable inquiry – including discussions with A&M and my (a) review of the Disputed Claims subject to the Modify Classification Basis for Objection and supporting information and documentation provided therewith and (b) reasonable efforts to research the

same on the Debtors' books and records and Schedules – the Disputed Claims subject to the Modify Classification Basis for Objection each inaccurately asserted that all or a portion of the claim is entitled to secured status.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 10, 2015

*/s/ Michael Carter*
Michael Carter
Senior Vice President, Corporate Planning, and
Assistant Treasurer of EFH Corporate Services
Company
