# Exhibit B

## Summary of Debtors' Responses to EFH Committee Objection

**Summary of Debtors' Responses to EFH Committee Objections to Asbestos Bar Date Notice Plan**
***In re Energy Future Holdings Corp., et al.* [D.I. 4883]**

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| **BANKRUPTCY RELIEF** | | | |
| Relief Sought in Bar Date Order<br><br>• Asbestos Bar Date Order provides that claimants who do not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such Asbestos Claim . . ." | • Asbestos Bar Date Order seeks improper relief pursuant to Bankruptcy Rule 3003(c)(2), ¶ 26–29. | • Revised Asbestos Bar Date Order restricts relief granted pursuant to Bankruptcy Rule 3003(c)(2), providing only that claimants who do not file a proof of claim "shall be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases with respect to such Asbestos Claim, participating in any distribution in these chapter 11 cases on account of such Asbestos Claim, or receiving further notices regarding such Asbestos Claim." Revised Asbestos Bar Date Order, ¶ 18. | • Incorporated in full. |
| Scope of Bar Date Order<br><br>• Bar Date Order will apply to persons located inside the U.S. during the notice period.<br>• Debtors do not intend to provide foreign notice.<br>• Debtors are not able to identify all of the asbestos-related facilities and Debtors' predecessors.<br>• Ongoing exposure to asbestos may occur at facilities that have not been remediated. | • Asbestos Bar Date Order must make clear that potential claimants located internationally or who have claims arising from international facilities are not subject to the Asbestos Bar Date, ¶ 31.<br>• Debtors must limit the Asbestos Bar Date to exposure at or relating to the facilities and predecessors identified by the Debtors, ¶ 32–35.<br>• Debtors have not evaluated all information available | • Revised Asbestos Bar Date Order is limited and provides that the following persons or entities shall be exempt from the bar date:<br>  • any person or entity holding a claim **not** relating to: (i) the Debtors and/or the Debtors' predecessors that are expressly identified in connection with the Notice Plan, or (ii) facilities relating to the Debtors and/or the Debtors' predecessors that are expressly identified in connection with the Notice Plan; and | • Incorporated in full. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | regarding potential facilities or areas of exposure, ¶ 32 fn. 19. | • any person or entity holding a claim relating to facilities located outside of the United States relating to the Debtors and/or the Debtors' predecessors, except to the extent (i) such person or entity resides inside the United States during the notice period or receives direct notice of the Asbestos Bar Date, and (ii) the claim relates to facilities that are expressly identified in connection with the Notice Plan.<br><br>Revised Asbestos Bar Date Order, ¶ 4(h) and (i). | |
| Supplemental Notice<br><br>• Supplemental notice to be provided at the Debtors' discretion. | • Asbestos Bar Date Order should require supplemental direct notice if Debtors obtain sufficient information to do so, ¶ 48. | • Revised Asbestos Bar Date Order provides:<br><br>• at any time up to 21 days in advance of the Asbestos Bar Date, the Debtors shall make supplemental mailings of notices or Asbestos Bar Date Packages to Known Asbestos Claimants or Employees and Contractors, in the event that: (a) notices are returned by the post office with forwarding addresses; or (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and | • Incorporated in full. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | | • within 21 days of the Asbestos Bar Date, the Debtors shall establish supplemental bar dates with respect to Known Asbestos Claimants or Employees and Contractors, in the event that: (a) notices are returned by the post office with forwarding addresses; or (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing.<br>Revised Bar Date Order, ¶ 11-12. | |
| • Asbestos Bar Date not proposed. | • Asbestos Bar Date should be set at least 120-180 days from entry of the Asbestos Bar Date Order (4 to 6 months), ¶ 49. | • Asbestos Bar Date will be set 150 days from the entry of the Asbestos Bar Date Order. | • Incorporated in full. |
| **MEDIA** | | | |
| <u>Reach</u><br>Men 55+: 87.6%<br>Adults 18+: 80.1% | <u>Reach</u><br>Men 65+: 95%+<br>Adults 45+: 93%+<br>Adults 18+: 90%+ | • Revised Notice Plan provides for higher reach and frequencies of:<br><br>Audience / Reach / Frequency:<br>Men aged 65+ / 90.1% / 3.4<br>Adults aged 45+ / 89.4% / 3.5<br>Adults aged 18+ / 85.7% / 3.1 | • Open issue. |
| <u>Frequency</u><br>Men 55+: 3.1<br>Adults 18+: 2.5 | <u>Frequency</u><br>Men 65+: 5.6<br>Adults 45+: 4.8<br>Adults 18+: 4.2 | | |
| <u>Target</u><br>Men 55+<br>Adults 18+ | <u>Target</u><br>Primary: Men 65+<br>Secondary: Adults 45+ | | |

Nested table in Debtors' Response:

| Audience | Reach | Frequency |
|---|---|---|
| Men aged 65+ | 90.1% | 3.4 |
| Adults aged 45+ | 89.4% | 3.5 |
| Adults aged 18+ | 85.7% | 3.1 |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | Tertiary: Adults 18+ | | |
| **PROOF OF CLAIM FORM** | | | |
| • Official Form 10 is required to be used for all claimants. | • Unmanifested Claimants should be permitted to use an alternative claim form, which should require information that can be easily answered. Such questions should include the name of the facility(ies) where the claimant worked and a description of the claimant's job at the facility(ies), ¶ 37–39. | • Proof of Claim Form or Official Form 10 will only be required for Known Asbestos Claimants and claimants with manifested Asbestos Claims.<br>• The Debtors have prepared a separate form for claimants with Unmanifested Asbestos Claims. | • Incorporated in full. |
| • Value of claim must be quantified. | • Proof of claim form should remove requirement to quantify claims, ¶ 41. | • Unmanifested Asbestos Claim Form removes the requirement to quantify claims. | • Incorporated in full. |
| • Identify specific Debtor against which claim is asserted. | • Proof of claim form should remove requirement to identify specific Debtor, ¶ 42–44. | • Unmanifested Asbestos Claim Form removes the requirement to identify a specific Debtor. | • Incorporated in full. |
| • Claimant must certify that proof of claim is complete and that claim is accurate under penalty of perjury. | • Proof of claim form should remove requirement to certify and replace with statement regarding employment of the claimant at a facility(ies) identified by the Debtors or other reasonable belief of exposure, ¶ 45. | • Unmanifested Asbestos Claim Form removes the certification requirement.<br>• Unmanifested Asbestos Claim Form requests information regarding the employment of the claimant and potential dates of exposure.<br>• Unmanifested Asbestos Claim Form requires only a statement that the information provided on the form is "true, accurate and complete to the | • Incorporated in full. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | | best of [the claimant's] knowledge." | |
| • Claimant must provide documentation of facts. | • Proof of claim form should remove requirement to provide supporting documentation, ¶ 46–47. | • Unmanifested Asbestos Claim Form removes the requirement to provide supporting documentation. | • Incorporated in full. |
| **FORM OF NOTICE** | | | |
| Publication Notice<br>• Committee asserts that Publication Notice contained deficient headline and plain language content.<br>• Committee asserts that Publication Notice contained insufficient discussion of exposure, asbestos, and why claimant should file a claim. | Publication Notice should:<br>1. Highlight that workers and family members may have been exposed and need to act now, ¶ 51.<br>2. Explain how primary and secondary exposures could have occurred in connection with the ownership, construction, maintenance or operation of the Debtors' facilities, ¶ 51 / Kinsella Decl. ¶ 56.<br>3. Explain latency and many types of asbestos-related illness and disease, ¶ 51.<br>4. Explain that the Debtors' current Plan provides a buyer will assume liabilities for claims filed but such claims will be discharged if not filed, ¶ 51.<br>5. Identify who has a right to file a claim and detail the benefits of and repercussions for not | Revised Publication Notice:<br>1. Highlights that workers and family members may have been exposed and need to act now ("You or a family member could have been exposed at any of the power plants related to EFH. . . . **File a Claim Now to Preserve Your Rights.**").<br>2. Explains how primary and secondary exposures could have occurred. ("You could have been exposed to asbestos if you or a family member worked at any of the included power plants as an employee, a contractor, or in any other role. You also could have been exposed by coming in contact with another person who worked at a power plant.").<br>3. Explains what asbestos and latency are, and discusses many types of asbestos-related illness and disease ("Asbestos-related illnesses can be very serious or fatal and include diseases such as mesothelioma, lung cancer, laryngeal cancer, esophageal cancer, pharyngeal cancer, stomach | • Incorporated in full. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
| --- | --- | --- | --- |
| | doing so, ¶ 51/Kinsella Decl. ¶ 56.<br>6. Highlight key companies that will be meaningful to claimants, including EFH, Ebasco and EECI, Kinsella Decl. ¶ 54.<br>7. Headline should capture attention, Kinsella Decl. ¶ 55.<br>8. Avoid legal jargon such as "Chapter 11" and "Bankruptcy Code," particularly in first two sentences of the Publication Notice, Kinsella Decl. ¶ 58.<br>9. Formatting is distracting and dense, Kinsella Decl. ¶ 54. | cancer and asbestosis. . . . Asbestos-related illness can occur decades and even 50 years after the exposure to asbestos that caused the illness.").<br>4. Does not specifically state that plan provides buyers will assume liabilities, but explains that if no claim is filed now, a claimant will not receive compensation in the future ("To keep your right to compensation if you become ill in the future (or have asbestos-related illness today), you must submit a claim").<br>5. Identifies who has a right to file a claim and the benefits for doing so and repercussions for not doing so.<br>6. Highlights EFH, Ebasco and EECI as key companies meaningful to claimants ("Energy Future Holdings Corp., Ebasco Services, Inc., EECI, Inc. and certain subsidiaries ("EFH") owned, operated, maintained, or built power plants across the United States where asbestos was present.").<br>7. Incorporates Kinsella's proposed headline ("**If you or a family member ever worked at a power plant, you could have been exposed to asbestos.**").<br>8. Removes references to "chapter 11" and "bankruptcy code," and removes first two sentences. | |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | | 9. Removed distracting boxes in the center and top of notice. | |
| Newspaper Publication<br>• Partial listing of facilities is not sufficient. | • EFH Committee recommends that a list of local power plants and other facilities used by the Debtors or their predecessors be added to each of the local newspaper notices, and include the actual name of the facility(ies) as well as the location (city) of the power plants (including all power plants in the locations that are covered by that newspaper), ¶ 51 / Kinsella Decl. ¶ 57. | • Did not include a list of local power plants because such a list will be confusing and potentially misleading, and will consume the majority of the Publication Notice due to practical restrictions on space. | • Open issue. |
| • Notice is only provided in English. | • Notice should be given in Spanish language newspapers in states with a Hispanic population higher than the national average, ¶ 40. Based on facility locations, these areas would include; Arizona, California, Florida, New Mexico, New York, and Texas, Kinsella Decl. ¶ 49. | • Revised Notice Plan provides for Spanish language Publication Notices in Arizona, California, Colorado, Florida, New Mexico, New York, and Texas, Revised Notice Plan § 19. | • Incorporated in full. |
| Direct Notice<br>• Committee asserts that Direct Notice is "written in legalese, relies on defined terms and footnotes, and is likely to be misunderstood by the target population." | Direct Notice:<br>1. Requires knowledge of a claim in the salutation, ¶ 52.<br>2. Includes long list of Debtor entities at beginning of notice, ¶ 52.<br>3. Does not identify predecessor | Revised Direct Notice:<br>1. Removes salutation to holders of claims.<br>2. Includes list of Debtor entities in condensed text farther down in notice so that readers can self-identify. | • Incorporated in full. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | entities, ¶ 52.<br><br>4. Speaks in terms of diagnoses of an injury or disease and assumes a level of understanding regarding asbestos and asbestos injury, ¶ 54.<br><br>5. Uses legal words and phrases, Kinsella Decl. ¶ 59 (ii).<br><br>6. Uses all capitals for certain information, Kinsella Decl. ¶ 60.<br><br>7. Should be simplified and broken down into frequently asked questions, ¶ 53.<br><br>8. Should strike language that unnecessarily highlights burdens or expenses that will deter the filing of claims, *i.e.* that claimants should consult with an attorney; the Debtors reserve the right to dispute claims; "[t]here is no money available now for claims with no current asbestos injury"; "[f]iling a claim does not necessary mean you will be entitled to any money", ¶ 55–56. | 3. Identifies predecessor entities.<br><br>4. Removes references to diagnoses of injury or disease, and explains what asbestos and asbestos-related injuries are.<br><br>5. Removes most legal words and phrases and has been written at a 9.3 grade (high school freshman) reading level. Supplemental Azari Decl. ¶ 4.<br><br>6. Removes all-capital text.<br><br>7. Simplified and broken down into frequently asked questions.<br><br>8. Removes language that highlights burdens or expenses that will deter the filing of claims, and includes language that highlights the benefits of filing a claim (*e.g.*, "To keep your right to compensation if you become ill in the future (or have asbestos-related illness today), you must submit a claim . . ." and "If you are not sure if you should submit a claim, it is a good idea to make a claim to preserve your right to compensation now or in the future.") | |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| <u>Cover Letter</u><br><br>• Committee asserts that Cover Letter should be simplified and personalized. | <u>Cover Letter</u>:<br><br>1. Should be tailored for each group.<br>2. Should request that former employees share the notice with family members, ¶ 57.<br>3. Should explain the importance of filing a claim. ¶ 57.<br>4. Where the identity and relevant work history of the individual is known, should be personalized (highlighting the facility or power plant where the person worked). One version should be mailed to known claimants with attorneys and another version for current and former workers who have not yet filed a claim and may not know they were exposed to asbestos, ¶ 52–57. | <u>Revised Cover Letter</u>:<br><br>1. Adopts, in full, Kinsella's proposed Cover Letter tailored to current and former workers (Kinsella Decl. Exh. 6), and will utilize a separate form for Known Asbestos Claimants represented by counsel.<br>2. Requests that former employees share the notice with family members ("**Please Share This Notice With Your Family Members**").<br>3. Explains the importance of filing a claim ("If you do not file a claim now and later develop an asbestos-related disease such as mesothelioma, lung cancer, or asbestosis at some time in the future you will not be eligible for any compensation. If you do file a claim, then you may receive money if you get sick in the future.").<br>4. Will be personalized with the individual's name. However, a single plant location for many Known Asbestos Claimants and Employees and Contractors cannot be identified from the information available to the Debtors and their advisors; attempts to personalize the Cover Letters with work history may therefore lead to misidentification of plant names and confusion of the recipients. | • Incorporated, except for the personalization of the Cover Letters with work history of intended individual. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| <u>Envelope</u><br>• Committee asserts that envelope should incorporate meaningful call-to-action language. | • Envelope should be revised to incorporate meaningful call-to-action language that is likely to get a potential claimant's attention, Kinsella Decl. ¶ 64. | • Envelope includes a plain-language call to action ("If you or a family member ever worked at a power plant, you could have been exposed to asbestos. To keep your right to compensation if you become ill in the future (or have asbestos-related illness today), you must submit a claim . . ."). | • Incorporated in full. |
| <u>Internet Banner Advertisements</u><br>• Committee asserts that Banner Advertisements will not be noticed and should be more creative and engaging. | • Banner Advertisement should be creative and more engaging to capture attention, *e.g.* by including moving images, ¶ 58 / Kinsella Decl. ¶ 63. | • Banner Advertisements use plain language call to action ("Power Plant Employees and Contractors: If you or a family member ever worked at a power plant, you could have been exposed to asbestos;" "To keep your right to compensation if you become ill in the future (or have asbestos-related illness today), you must submit a claim . . .").<br>• Banner Advertisements incorporate use of moving text to attract attention. | • Incorporated in full. |
| **TYPE OF COMMUNICATIONS** | | | |
| • Notice Plan uses print and online noticing to build measurable reach, and no use of television. | • EFH Committee asserts that national network and cable television should be primary reach driver, supplemented by print and online noticing, ¶ 61.<br>• Television is intrusive and provides an urgent call to action, and is the appropriate medium in today's society, | • The Debtors believe that television and cable are unnecessary and inappropriate under the circumstances.<br>• Applicable law does not require television and cable notice. *See Wright v. Corning*, 679 F.3d 101, 107-08 (3d Cir. 2012) ("[F]or unknown claimants . . . notice by publication in national newspapers is | • Open issue. |

| Debtors' Proposal | EFH Committee's Objections | Debtors' Response | Status |
|---|---|---|---|
| | ¶ 62-64.<br>• Based on the media habits of Kinsella's target audience, television should be the primary media, ¶ 65. | sufficient to satisfy the requirements of due process, particularly if it is supplemented by notice in local papers.")<br>• Revised Notice Plan is extensive and appropriate for these circumstances.<br>• Debtors' asbestos liability is limited in both type and scale. | |
| • Use of local newspapers to provide coverage of the immediate areas surrounding facilities. | Notice Plan should:<br>1. Expand Hilsoft selected newspapers to include newspapers that provide broader geographic coverage of areas surrounding facilities. This requires using the highest circulating newspaper in each county where a facility is located, ¶ 66.<br>2. Remove trade publications, ¶ 66.<br>3. Include newspapers that provide coverage of facilities in Nebraska, Kinsella Decl. ¶ 48. | Revised Notice Plan:<br>1. Adds highest circulation newspaper for each designated marketing area that includes a plant location where that newspaper is not already included either on its own or via Parade Magazine.<br>2. Removes trade publications.<br>3. Includes publication in the local newspaper in Omaha, Nebraska (the *Omaha World-Herald*). | • Incorporated in full. |
| • Robust Direct Notice program. | • Direct Notice should be undertaken but should be considered supplemental, Kinsella Decl. ¶ 29. | • Debtors intend to use Direct Notice as required under bankruptcy procedures. | • Incorporated in full. |