## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 4983** |

## DECLARATION OF JAMES KATCHADURIAN IN SUPPORT OF THE DEBTORS' REPLY TO THE OBJECTION OF THE EFH OFFICIAL COMMITTEE TO THE DEBTORS' ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF

Pursuant to 28 U.S.C. § 1746, I, James Katchadurian, hereby declare as follows under penalty of perjury:

1.      I am an Executive Vice President at Epiq Bankruptcy Solutions, LLC ("Epiq"), which has a place of business at 757 Third Avenue, 3rd Floor, New York, New York, 10017.

2.      I submit this declaration on behalf of Epiq (the "Declaration") in support of the *Debtors' Reply to the Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof*, (the "Debtors' Reply") and the proposed *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* (the

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"Asbestos Bar Date Order") submitted to the Court by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[2]

3.      This Declaration further details the process surrounding the data collection related to the service of the proposed notice of the Asbestos Bar Date and proof of claim form upon Employees and Contractors.   I previously filed my *Declaration of James Katchadurian in Support of the Bar Date Motion and In Support of (A) the Form and Manner for Filing Asbestos Proofs of Claim and (B) The Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claims* [D.I. 3968], in this matter.   Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**I.      Background**

4.      On July 23, 2014, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1682], requesting authority to set a bar date for all non-Customer Proofs of Claim, including Asbestos Claims.   On August  8, 2015, certain  asbestos personal injury law firms filed the *Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., et al., For Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and  Requests for Payment Under Section 503(b)(9) of Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1791], objecting to the relief

---

[2]      Capitalized terms used but not defined herein have the meanings assigned to them in the Debtors' Reply.

RLF1 12487699v.1

requested in the Bar Date Motion to the extent it applied to Asbestos Claims.  On August 11, 2014, the Debtors filed the *Debtors' Reply in Support of Bar Date with Respect to Asbestos Claims* [D.I. 1804].

5.     On August 18, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for Asbestos Claims [D.I. 1866].  Further, the Court requested briefing from the Debtors and the PI Law Firms as to whether the Court could permissibly set a bar date for asbestos claims.  On September 9, 2014, the Debtors filed the *Debtors' Supplemental Brief in Support of Bar Date with Respect to Asbestos Claims* [D.I. 1984], in further support of setting a bar date for all Asbestos Claims, including unmanifested claims.  On the same day, the PI Law Firms filed the *Supplemental Brief of the Personal Injury Law Firms in Opposition to the Imposition of a Claims Bar Date Affecting Present and Future Asbestos Personal Injury Claimants* [D.I. 1984], arguing, among other things, that a bar date could not be set for unmanifested Asbestos Claims.  Pursuant to agreement between the Debtors and the PI Law Firms, the briefs filed on September 9, 2014, were limited to the issue of whether the Court could set a bar date with respect to Asbestos Claims, including unmanifested Asbestos Claims, with the issue of the form of notice for all Asbestos Claims, including unmanifested Asbestos Claims, if applicable, to be determined at a later date.[3]

6.     On January 7, 2015, the Court entered an opinion holding that a bar date could be established for all prepetition claims, including unmanifested Asbestos Claims [D.I. 3183].

---

[3]     *See* First Supplemental Brief at 3, n.2.

**II.      Data Collection Procedures**

7.      Pursuant to the provisions of the Order, the Debtors have conducted a reasonable search of their available records to identify Known Asbestos Claimants and Employees and Contractors. Immediately prior to the filing of the Debtors' chapter 11 petitions, the Debtors gathered from their books and records information which comprises the Debtors' creditor matrix (the "Matrix"), including information relating to Known Asbestos Claimants and such Known Asbestos Claimants' counsel with respect to such Asbestos Claims. Epiq entered the data gathered in the Matrix collection process relating to Known Asbestos Claimants into a master database of Employees and Contractors (the "Asbestos Database").

8.      I understand that the Debtors conducted a reasonable search of their books and records to identify files relating to current and former employees and contractors of the Debtors and their predecessors who may have been exposed to asbestos in the course of their employment by the Debtors or the Debtors' predecessors or work for the Debtors or the Debtors' predecessors, including those who have not yet asserted the existence of an Asbestos Claim against the Debtors or the Debtors' predecessors.

9.      Between September 2014 and February 2015, the Debtors provided to Epiq a total of eighty-six (86) boxes of employee and contractor personnel records in both hard-copy, paper files and on microfiche (the "Pre-1990 Files"). The files contained therein comprise, upon information and belief, all existing personnel records for those employees and contractors who may have been hired prior to 1990 by the Debtors or the predecessors of the Debtors and who may have been exposed to asbestos.

10.      Upon an initial review of the Pre-1990 Files, Epiq calculated the number of employee records to be over 100,000 files. After a complete review, Epiq determined there were 98,625 files. Epiq discussed with the Debtors the available options to efficiently capture the

necessary data from the microfiche, and proceeded to have the microfiche records scanned and converted into electronic .pdf format.  The converted files were then reviewed for pertinent employee data, including, but not limited to, employee/contractor name, birth date, Social Security Number, and the most recent address available in the file.  The data collected was then entered into the Asbestos Database.

11.     Following collection and entry, the microfiche data was then de-duplicated within the Asbestos Database and screened using third party address validation.  After this process was complete, Epiq updated any address information as well noted any deceased individuals.

12.     In addition, in February 2015, the Debtors provided to Epiq three (3) data files of approximately 36,000 records comprising, upon information and belief, all existing personnel records of employees and contractors who may have been hired after 1990 by the Debtors or the predecessors of the Debtors and may have been exposed to asbestos (the "Post-1990 Files"). These records were also uploaded to the Asbestos Database and compared to the Pre-1990 Files to eliminate any possible duplication of information.

13.     On June 24, 2015, the EFH Committee was notified that the Debtors had located additional additional boxes of documents appearing to contain files related to prior asbestos-related litigations.  Epiq received and reviewed a copy of the categorized descriptions of those documents.  As a result, the Debtors provided to Epiq three directories containing the names of: (A) Ebasco Management Personnel in 1981; (B) Ebasco Supervisory/Managerial Personnel from April 1986; and (C) Ebasco employees from 1982.

14.     The Epiq team reviewed these documents in order to determine if additional individuals needed to be added to the Asbestos Database.  Epiq determined that all of names from these three directories had already been captured in the Asbestos Database.

5

15.     The Asbestos Database currently consists of 76,155 unique records.  Of this record count, 11,696 individuals are marked as deceased.  The Asbestos Database aggregates all of the work done to date to identify former employees and contractors of the Debtors and their predecessors.

**III.     Direct Notice Mailing Efforts**

16.     The Bar Date Package will be mailed via first class to all Known Asbestos Claimants, as well as such Known Asbestos Claimants' counsel with respect to such Asbestos Claims.  The The Bar Date Package also will be mailed to the Employees and Contractors, as identified through the creation of the Asbestos Database.  Additionally, a Bar Date Package will be mailed to all persons who request one.

17.     In an effort to provide maximum due diligence in the noticing process, all of the records in the Asbestos Database were first de-duplicated and then run through a National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[4]

18.     Where an updated address has been found for an individual, the Asbestos Bar Date Package will be mailed to both the last known address and updated address.

19.     Any Bar Date Packages returned as undeliverable will be re-mailed to any new address available through newly received postal service information.  If a record is returned from the NCOA database as invalid, it will be updated through the use of third-party address search services in order to get the best address possible.  Upon successfully locating more accurate addresses, the Notices will be promptly re-mailed on an ongoing basis.

---

[4]     The NCOA database contains records of all permanent changes of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

## IV.    Conclusion

20.    By information and belief, Epiq asserts that the Pre-1990 Files and Post-1990 Files, as supplemented by the address search and update process described above represent the most complete database of employees and contractors who will receive an Asbestos Bar Date Package.

21.    Epiq further asserts that all reasonable efforts have been made to obtain the last known mailing address of the individuals in the Asbestos Database.

[*Remainder of page intentionally left blank.*]

RLF1 12487699v.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: July 13, 2015

James Katchadurian
Executive Vice President
Epiq Bankruptcy Solutions, LLC