IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURES HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER APPROVING THE STIPULATION BY
### AND AMONG LUMINANT GENERATION COMPANY LLC,
### EFH CORPORATE SERVICES COMPANY, AND PRC ENVIRONMENTAL, INC.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing Luminant Generation Company LLC ("Luminant Generation") and EFH Corporate Services Company ("Corporate Services") to enter into and perform under the Stipulation with PRC, providing for the setoff of certain claims arising under and relating to the Agreements, all as set forth in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates; and the Court having found that the Stipulation was negotiated in good faith and at arms' length by the Parties; and the Court having found that the Stipulation and the transactions

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. In the event of any inconsistency between this Order and the Stipulation, the Stipulation shall control.

ny-1194837

contemplated therein are fair and reasonable; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 363 and 553 of the Bankruptcy Code, the Stipulation attached hereto as **Exhibit 1** is approved in all respects and the terms of such Stipulation are incorporated herein.

3. PRC, Luminant Generation, and Corporate Services are authorized to enter into and perform all of the obligations thereunder, to execute and deliver all such other documents or instruments related to the Stipulation, and to take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated therein.

4. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified only to the extent necessary for the Parties to effectuate the Stipulation and the transactions contemplated therein, and shall not be modified except as expressly set forth herein and in the Stipulation.

5. Epiq Bankruptcy Solutions, LLC is authorized to amend the official claims register in these chapter 11 cases after payment and setoff have occurred in accordance with the terms of the Stipulation.

ny-1194837

6. Except as set forth in Section 1.01 of the Stipulation, nothing in this Order or any actions taken pursuant to the relief granted herein shall constitute or be deemed (a) an admission as to the validity, amount, type, or priority of any particular claim against any Party, including administrative expense claims under section 503(b) of the Bankruptcy Code; (b) with respect to any claim, a change in the priority level existing in the absence of the Stipulation; (c) a promise or requirement to pay any particular claim other than those specifically agreed to in the Stipulation; (d) a waiver of any Party's right to dispute or assert any particular claim on any grounds, including, without limitation, any right to assert a claim based on a breach or default of either of the Agreements; (e) a waiver or limitation of any of the rights, claims, or potential causes of action of the Parties under the Bankruptcy Code or any other applicable law, including those relating to the Agreements; (f) a waiver of any Amendment 4 Claims; (g) a request or authorization to assume or reject either of the Agreements or other agreements under section 365 of the Bankruptcy Code; (h) a waiver of any Party's rights to assert that any other Party is in breach or default of the Agreements; or (i) an admission that the Agreements and any work authorizations or work orders entered into pursuant to either of the Agreements are integrated. The Parties further reserve all other rights, remedies, and objections under applicable law, including but not limited to the exercising of any rights to setoff, offset, and recoupment related to any Party's mutual postpetition claims and/or debts.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. The requirements set forth in Local Bankruptcy Rules 9013-1(a) and 9013-1(b) are satisfied.

ny-1194837

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtors and PRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction, to the extent set forth in the Stipulation, with respect to all matters arising from or related to the implementation of this Order.

Dated: ___7/15___, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

ny-1194837