IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## ORDER EXPANDING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL FOR ENERGY-RELATED AND REIT TRANSACTIONAL MATTERS EFFECTIVE *NUNC PRO TUNC* TO JUNE 2, 2015

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtors to expand the scope of employment and retention of McDermott all as more fully set forth in the Motion and the Additional Services Catto Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration.

the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. To the extent the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, or the Additional Services Catto Declaration are inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code to expand the scope of McDermott's employment and retention in these chapter 11 cases, *nunc pro tunc* to June 2, 2015, in accordance with the terms and conditions set forth in the REIT Services Engagement Letter attached hereto as **Exhibit 1** and in each case subject to the terms of this Order and the Original Order.

4. McDermott shall continue to use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Notwithstanding anything in the Original Order or the REIT Services Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court will have jurisdiction over any and all matters arising under or in connection with McDermott's engagement by the Debtors or on behalf of the Debtors, in connection with the REIT Services Engagement Letter and the Original Order, including the indemnification provisions set forth in the Original Order.

6. McDermott will file fee applications for interim and final allowance of compensation for these Additional Services and reimbursement of expenses pursuant to the

procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however*, that McDermott shall continue be compensated in accordance with the terms of the Original Order.

7. Pursuant to the terms of the Original Order, McDermott is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of the Additional Services under the REIT Services Engagement Letter in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and (to the extent applicable) the fee guidelines promulgated by the Office of the United States Trustee.

8. Notwithstanding any provision to the contrary in the Original Order and the REIT Services Engagement Letter, any dispute relating to the fees incurred in conjunction with the Additional Services provided by McDermott shall be referred to arbitration consistent with the terms of the Original Order or the REIT Services Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

11.  Notwithstanding any provision to the contrary in the Original Order, the Motion, the Application, the Catto Declaration, the Supplemental Catto Declaration, and the Additional Services Catto Declaration, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order and the Original Order.

Dated: __7/14__, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE