## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| DELAWARE TRUST COMPANY as INDENTURE TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 14-50363 (CSS) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF *AMENDED*[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON JULY 16, 2015 STARTING AT 9:30 A.M. (EDT)[3]

> ### *GIVEN THE STATUS OF EACH OF THE BELOW-LISTED MATTERS, THE HEARING HAS BEEN CANCELLED WITH PERMISSION FROM THE COURT*

## I.    CONTINUED/RESOLVED/WITHDRAWN MATTERS:

1.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**[2] Amended items appear in bold.**

[3] The July 16, 2015 hearing was scheduled to be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 9:30 a.m. (EDT).

Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2662; filed October 30, 2014]

Response/Objection Deadline:          November 13, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition Date [D.I. 2771; filed November 14, 2014]

B.      Debtors' Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2798; filed November 18, 2014]

Related Documents:

i.      Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2663; filed October 30, 2014]

ii.     Declaration of Dan Buhman in Support of Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective Nunc Pro Tunc to the Petition Date [D.I. 2772; filed November 14, 2014]

iii.    Motion for Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2781; filed November 17, 2014]

iv.     Order Granting Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2796; filed November 18, 2014]

v.      Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of the Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2803; filed November 18, 2014]

vi.     Order Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 2838; filed November 21, 2014]

vii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3115; filed December 22, 2014]

viii.   Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3181; filed January 7, 2015]

ix.     Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3503; filed February 10, 2015]

x.      Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3730; filed March 3, 2015]

xi.     Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 4095; filed April 9, 2015]

xii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 4374; filed May 1, 2015]

Status: By agreement of the parties, the hearing on this matter has been continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT).  Consequently, no hearing with respect to this matter is required at this time.

2.      Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:          December 11, 2014 at 4:00 p.m. (EST)

3

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

B.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.    Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.    Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.    Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.    Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A. On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.    Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:          December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy

5

Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.    Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.    Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

4.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:        None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus

6

(Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.   Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.   Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.   All remaining unresolved claims subject to this matter are continued to a date to be determined.   Consequently, no hearing with respect to this matter is required at this time.

5.   Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:          January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.   Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.   Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.     Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.     Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

<u>Related Documents</u>:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.   Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.     Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

<u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit D</u>. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

6.  Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

<u>Response/Objection Deadline</u>:    January 23, 2015 at 4:00 p.m. (EST)

<u>Responses/Objections Received</u>:

A.  Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

<u>Related Documents</u>:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.  Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.  Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

9

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E.  On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

7.   Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.   Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.   Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.   Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.   Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims

RLF1 12543707v.1

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.    Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F.  On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

8.      Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:         February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

11

3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.    Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

iv.    Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

9.    Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                        April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral

Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.     Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.     Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.   Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.     Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii.   Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.     Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.      Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xiv.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

10.  Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Sealed) [D.I. 3596; filed February 19, 2015]

Response/Objection Deadline:       March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:       April 1, 2015 at 4:00 p.m. (EDT)

14

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

E.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

F.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.    Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

H.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

RLF1 12543707v.1

Related Documents:

i.     Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.   Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.     Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.   Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.  Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.    Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xii.   Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

11.    Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                                April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.    Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.    Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.    Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.    Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.    Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

ix.     Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

Status: The hearing on this matter is continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:    March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

iii.   Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

iv.    Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section

19

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H. On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

13.   Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 3961; filed March 24, 2015]

Response/Objection Deadline:        April 7, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., et al. for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective Nunc Pro Tunc to March 24, 2015 [D.I. 4069; filed April 6, 2015]

B.    Debtors' Reply to Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources, LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4100; filed April 9, 2015]

Related Documents:

i.    Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 3962; filed March 24, 2015]

ii.   Supplemental Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4101; filed March 9, 2015]

      iii.     Order Approving Stipulation Between Energy Future Holdings Corp., *et al.*, and Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4157; filed April 14, 2015]

      <u>Status</u>: The hearing on this matter has been continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

14.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

    <u>Response/Objection Deadline</u>:      April 10, 2015 at 4:00 p.m. (EDT)

    <u>Responses/Objections Received</u>:

      A.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

      B.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

      C.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

      D.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

      E.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.  Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.  Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.  Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.  Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.  Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.  Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,

and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.      Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I.  On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

15.    Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20, 2015]

iii.    Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit J</u>. On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

16. Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

<u>Response/Objection Deadline</u>:        April 16, 2015 at 4:00 p.m. (EDT)

<u>Responses/Objections Received</u>:

A.    Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

<u>Related Documents</u>:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.  Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit K</u>. On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

24

17.    Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4260; filed April 23, 2015]

Response/Objection Deadline:        May 12, 2015 at 4:00 p.m. (EDT); extended to June 30, 2014 at 4:00 p.m. (EDT) for the Debtors and TCEH Official Committee

Responses/Objections Received:        None.

Related Documents:

    i.    Motion of the EFH Official Committee for Entry of an Order Shortening Notice with Respect to the Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4259; filed April 23, 2015]

    ii.    Order [D.I. 4267; filed April 24, 2015]

    iii.    Re-Notice of Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4338; filed April 28, 2015]

    Status: The hearing on this matter has been continued to the omnibus hearing scheduled for August 11, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

18.    Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4438; filed May 8, 2015]

Response/Objection Deadline:        May 22, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for the Debtors

Responses/Objections Received:

    A.    Objection of the EFH Official Committee to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4567; filed May 22, 2015]

    B.    The Acting United States Trustee's Objection to the Motion for an Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee (D.I. 4438) [D.I. 4575; filed May 22, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for September 17, 2015 starting at 9:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

19.   Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Maintaining Under Seal Portions of "The Notice of Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation" [D.I. 4597; filed May 26, 2015]

Response/Objection Deadline:          June 9, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Notice of Filing of Unsealed Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation [D.I. 4801; filed June 18, 2015]

Related Documents:

i.    *Amended* Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Maintaining Under Seal Portions of "Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation" [D.I. 4650; filed June 2, 2015]

ii.   Notice of Withdrawal of "*Amended* Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Maintaining Under Seal Portions of 'Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation" [D.I. 4650] [D.I. 4800; filed June 17, 2015]

Status: On June 17, 2015, the Debtors filed a notice of withdrawal in connection with this matter. Consequently, no hearing with respect to this matter is required at this time.

20.   Red Ball Oxygen Company's Motion to Permit Late Filing of Proofs of Claim [D.I. 4637; filed June 1, 2015]

Response/Objection Deadline:          June 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:          None.

Related Documents:

i.      Motion to Limit Notice of Red Ball Oxygen Company's Motion to Permit Late Filing of Proofs of Claim [D.I. 4639; filed June 1, 2015]

ii.     *Amended* Notice of Red Ball Oxygen Company's Motion to Permit Late Filing of Proofs of Claim and Notice of Motion to Limit Notice [D.I. 4711; filed June 8, 2015]

iii.    Certification of Counsel Regarding Order Approving Stipulation Regarding Certain Proofs of Claim of Red Ball Oxygen Company [D.I. 4949; filed July 8, 2015]

iv.     Order Approving Stipulation Regarding Certain Proofs of Claim of Red Ball Oxygen Company [D.I. 4957; filed July 9, 2015]

Status: On July 9, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter.  Consequently, no hearing with respect to this matter is required.

21.     *Amended* Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Maintaining Under Seal Portions of "Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation" [D.I. 4650; filed June 2, 2015]

Response/Objection Deadline:          June 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Notice of Filing of Unsealed Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation [D.I. 4801; filed June 18, 2015]

Related Documents:

i.      Notice of Withdrawal of "*Amended* Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Maintaining Under Seal Portions of 'Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation" [D.I. 4650] [D.I. 4800; filed June 17, 2015]

Status: On June 17, 2015, the Debtors filed a notice of withdrawal in connection with this matter.  Consequently, no hearing with respect to this matter is required at this time.

22.     Application for an Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 [D.I. 4792; filed June 17, 2015]

Response/Objection Deadline:          July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.      Notice of Filing Revised Proposed Form of Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 [D.I. 4900; filed June 30, 2015]

ii.     Supplemental Declaration of Richard Levin in Support of Application for Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 [D.I. 4901; filed June 30, 2015]

iii.    Certification of No Objection to the Application for an Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 [D.I. 4934; filed July 7, 2015]

iv.     Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 [D.I. 4945; filed July 8, 2015]

Status: On July 8, 2015, the Court entered an order granting the Movants the relief requested in connection with this matter.  Consequently, no hearing with respect to this matter is required.

23.     Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions [D.I. 4799; filed June 17, 2015]

Response/Objection Deadline:          July 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which the Debtors May

28

Remove Certain Actions filed by State Farm Insurance Companies [D.I. 4914; filed July 2, 2015]

Related Documents:

i.     Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions" [D.I. 4931; filed July 7, 2015]

ii.    Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions [D.I. 4932; filed July 7, 2015]

Status: On July 7, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

24.  Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Waiving Local Bankruptcy Rule 3007-1(f)(ii) [D.I. 4824; filed June 22, 2015]

Response/Objection Deadline:          July 6, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Waiving Local Bankruptcy Rule 3007-(f)(ii)" [D.I. 4824] [D.I. 4947; filed July 8, 2015]

ii.    Order Waiving Local Bankruptcy Rule 3007-(f)(ii) [D.I. 4956; filed July 9, 2015]

Status: On July 9, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

II.   **UNCONTESTED MATTERS WITH A CERTIFICATION OF NO OBJECTION/CERTIFICATION OF COUNSEL:**

25.  Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Debtors' Agreement to Certain Tax Adjustments for 2008 and 2009 [D.I. 4862; filed June 25, 2015]

Response/Objection Deadline:          July 9, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.    Declaration of Carla Howard, Senior Vice President and General Tax Counsel of Energy Future Holdings Corp., *et al.*, in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Debtors' Agreement to Certain Tax Adjustments for 2008 and 2009 [D.I. 4863; filed June 25, 2015]

ii.    Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Debtors' Agreement to Certain Tax Adjustments for 2008 and 2009" [D.I. 4862] [D.I. 4986; filed July 13, 2015]

iii.    **Order Approving the Debtors' Agreement to Certain Tax Adjustments for 2008 and 2009 [D.I. 4995; filed July 15, 2015]**

Status: **On July 15, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

26.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation Between Luminant Holding Company, LLC and Certain of its Non-Debtor Subsidiaries, the TCEH Creditors' Committee, and the Ad Hoc Group of TCEH First Lien Lenders Regarding the Use of Certain Non-Debtor Asset Sale Proceeds [D.I. 4864; filed June 25, 2015]

Response/Objection Deadline:    July 9, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Certification of Counsel Concerning Order Approving the Stipulation Between Luminant Holding Company, LLC and Certain of its Non-Debtor Subsidiaries, the TCEH Creditors' Committee, and the Ad Hoc Group of TCEH First Lien Lenders Regarding the Use of Certain Non-Debtor Asset Sale Proceeds in Accordance with the Stipulation [D.I. 4989; filed July 14, 2015]

ii.    **Order Approving the Stipulation Between Luminant Holding Company, LLC and Certain of its Non-Debtor Subsidiaries, the TCEH Creditors' Committee, and the Ad Hoc Group of TCEH First Lien Lenders Regarding the Use of Certain Non-Debtor Asset Sale Proceeds in Accordance with the Stipulation [D.I. 4996; filed July 15, 2015]**

> Status: **On July 15, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

27.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation by and Among Luminant Generation Company LLC, EFH Corporate Services Company, and PRC Environmental, Inc. [D.I. 4865; filed June 25, 2015]

> Response/Objection Deadline:        July 9, 2015 at 4:00 p.m. (EDT)

> Responses/Objections Received:        None.

> Related Documents:

> i.    Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation by and Among Luminant Generation Company LLC, EFH Corporate Services Company, and PRC Environmental, Inc. [D.I. 4866; filed June 25, 2015]

> ii.    Certification of Counsel Concerning Order Approving the Stipulation by and Among Luminant Generation Company LLC, EFH Corporate Services Company, and PRC Environmental, Inc. [D.I. 4990; filed July 14, 2015]

> iii.    **Order Approving the Stipulation by and Among Luminant Generation Company LLC, EFH Corporate Services Company, and PRC Environmental, Inc. [D.I. 4998; filed July 15, 2015]**

> Status: **On July 15, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

28.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Expanding the Retention and Employment of McDermott Will & Emery LLP Special Counsel for Certain Energy-Related and REIT Transactional Matters, Effective *Nunc Pro Tunc* to June 2, 2015 [D.I. 4867; filed June 25, 2015]

> Response/Objection Deadline:        July 9, 2015 at 4:00 p.m. (EDT)

> Responses/Objections Received:        None.

> Related Documents:

> i.    Declaration of Iskender H. Catto in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Expanding the Retention and Employment of McDermott Will & Emery LLP as Special

31

Counsel for Certain Energy-Related and REIT Transactional Matters Effective *Nunc Pro Tunc* to June 2, 2015 [D.I. 4868; filed June 25, 2015]

ii.  Certification of Counsel Concerning Order Expanding the Retention and Employment of McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related and REIT Transactional Matters Effective *Nunc Pro Tunc* to June 2, 2015 [D.I. 4987; filed July 13, 2015]

iii.  **Order Expanding the Retention and Employment of McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related and REIT Transactional Matters Effective *Nunc Pro Tunc* to June 2, 2015 [D.I. 4999; filed July 15, 2015]**

Status: **On July 15, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

## III.    CONTESTED MATTERS GOING FORWARD:

29.  Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1682; filed July 23, 2014]

Response/Objection Deadline:     August 6, 2014 at 4:00 p.m. (EDT)

Supplemental Objection Deadline
(for Asbestos claims bar date only):    April 7, 2015 at 4:00 p.m. (EDT); extended to May 25, 2015 at 4:00 p.m. (EDT); further extended to June 29, 2015 at 4:00 p.m. (EDT) by D.I. 4581 for the EFH Official Committee only

Reply Deadline (see D.I. 4581):     July 13, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.  Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1791; filed August 8, 2014]

B.     *Corrected* Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1796; filed August 11, 2014]

C.     Debtors' Reply in Support of Bar Date With Respect to Asbestos Claims [D.I. 1804; filed August 11, 2014]

D.     Objection of Energy Future Holdings Corp., *et al.*, to the Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion [D.I. 4565; filed May 22, 2015]

E.     Reply in Support of Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion [D.I. 4580; filed May 26, 2015]

F.     Debtors' Reply to the Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof [D.I. 4983; filed July 13, 2015]

Related Documents:

i.     Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1866; filed August 18, 2014]

ii.     Supplemental Brief of the Personal Injury Law Firms in Opposition to the Imposition of a Claims Bar Date Affecting Present and Future Asbestos Personal Injury Claimants [D.I. 1983; filed September 9, 2014]

iii.    Debtors' Supplemental Brief in Support of Bar Date with Respect to Asbestos Claims [D.I. 1984; filed September 9, 2014]

iv.    Opinion [D.I. 3183; filed January 7, 2015]

v.    Statement of the EFH Official Committee Regarding Asbestos Claimants with Unmanifested Injuries [D.I. 3329; filed January 19, 2015]

vi.    Notice of Filing of Proposed Form of "Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof" [D.I. 3965; filed March 24, 2015]

vii.    Debtors' Supplemental Memorandum of Law with Respect to the Bar Date Motion and in Support of (A) the Form of and Manner for Filing Asbestos Proofs of Claim and (B) the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claim [D.I. 3966; filed March 24, 2015]

viii.    Declaration of Cameron Azari in Support of the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claims [D.I. 3967; filed March 24, 2015]

ix.    Declaration of James Katchadurian in Support of the Bar Date Motion and in Support of (A) the Form of and Manner for Filing Asbestos Proofs of Claim and (B) the Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claim [D.I. 3968; filed March 24, 2015]

x.    Re-Notice of "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof" [D.I. 1682] Solely with Respect to the Establishment of a Bar Date Applicable to Present and Future Asbestos Personal Injury Claimants [D.I. 4343; filed April 28, 2015]

xi.    Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion [D.I. 4553; filed May 21, 2015]

xii.    Order Granting Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar

34

Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion [D.I. 4581; filed May 26, 2015]

xiii.   Declaration of James Katchadurian in Support of the Debtors' Reply to the Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof [D.I. 4984; filed July 13, 2015]

xiv.   Declaration of Cameron Azari in Support of the Debtors' Reply to the Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof [D.I. 4985; filed July 13, 2015]

xv.   **Certification of Counsel Concerning Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof [D.I. 4994; filed July 14, 2015]**

xvi.   **Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof [D.I. 4997; filed July 15, 2015]**

Status: **On July 15, 2015, the Court entered a revised agreed form of order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

30.   Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

Response/Objection Deadline:        June 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Consolidated Communications Inc. [D.I. 4894; filed June 30, 2015]

B.  Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Glenda Carol Phillips Lee [D.I. 4896; filed June 30, 2015]

C.  Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

D.  Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

E.  Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Amelia M. McMillan [D.I. 4917; filed July 2, 2015]

F.  Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii.  **Certification of Counsel Regarding "Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation,**

36

**Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4782] [D.I. 5002; filed July 15, 2015]**

iv.    **Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]**

Status: **The individual status of each claim subject to this matter is listed on the attached Exhibit L. On July 15, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.    All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.**

## IV.    RESOLVED MATTER IN ADVERSARY 14-50363:

31.    Plaintiff-Trustee's Motion to Alter or Amended Judgment to Clarify that the Order Dated March 26, 2015 is not a Final Judgment [D.I. 4065/Adv. D.I. 254; filed April 6, 2015]

Response/Objection Deadline:          April 20, 2015 at 4:00 p.m. (EDT); extended to July 9, 2015 at 4:00 p.m. (EDT) for the Debtors only

Related Documents:

i.    Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) An Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) A Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay [D.I. 74; filed April 29, 2014]

ii.    Complaint for Declaratory Relief [D.I. 470/Adv. D.I. 1; filed May 15, 2014]

iii.    Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from

the Automatic Stay, Solely Regarding Rescission of Acceleration [D.I. 473; filed May 15, 2014]

iv.    EFIH Debtors' Cross-Motion for Summary Judgment [Adv. D.I. 175; filed February 13, 2015]

v.     EFIH Debtors' Memorandum in Support of Their Cross-Motion for Summary Judgment [Adv. D.I. 176; filed February 13, 2015]

vi.    Plaintiff-Trustee's Motion for Summary Judgment [Adv. D.I. 178; filed February 13, 2015]

vii.   Plaintiff-Trustee's Memorandum in Support of Motion for Summary Judgment (Redacted) [Adv. D.I. 179; filed February 13, 2015]

viii.  Findings of Fact and Conclusions of Law Regarding Cross-Motions for Summary Judgment [D.I. 3984/Adv. D.I. 245; filed March 26, 2015]

ix.    Order [D.I. 3985/Adv. D.I. 246; filed March 26, 2015]

x.     Findings of Fact and Conclusions of Law [D.I. 4939/Adv. D.I. 304; filed July 8, 2015]

xi.    Order [D.I. 4940/Adv. D.I. 305; filed July 8, 2015]

Status: On July 8, 2015 the Court entered an order resolving this matter. Consequently, no hearing with respect to this matter is required.


[*Remainder of page intentionally left blank.*]

38

Dated:  July **15**, 2015
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

39