## FEE APPLICATION

Richard Gitlin, individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee appointed in these cases, submits this *Second Interim Application of Richard Gitlin, Individually and as Chairman of Gitlin & Company LLC, as Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2015 Through April 30, 2015* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-2.  Pursuant to the flat fee compensation arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation for professional services from January 1, 2015 through April 30, 2015 and for reimbursement of actual and necessary expenses from January 1, 2015 through April 30, 2015.

The Applicant requests retrospective Court approval of a total of $200,000.00 in fees and $2,658.04 in expenses.  This total would, if expressed in terms of an hourly rate, reflect a rate of $801.60.

## BACKGROUND

1. On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases.  The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3.      During the Compensation Period, the Fee Committee reviewed at least 30 interim fee applications (corresponding generally but not exclusively to the Second Interim Fee Period, September 1, 2014 through December 31, 2014), totaling approximately $61,707,923.51 in fees for professional services and $3,364,994.23 in expense reimbursements.

## THE APPLICANT

4.      The Applicant's background and qualifications were detailed in the *First Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* [D.I. 3900] (the "First Fee Application"), which is incorporated by reference and will not be repeated here.

## FEE COMMITTEE PROCESS

5.      During the Compensation Period, the Fee Committee met at least 12 times, with six of those meetings taking place in person in New York and the remainder of the meetings taking place by telephone.  The Fee Committee continued the review and reporting process with respect to the case's First Interim Fee Period (April 29, 2014 through August 31, 2014) and began and continued the review and reporting process for the Second Interim Fee Period (September 1, 2014 through December 31, 2014).

6. Through the Chair and counsel, Godfrey & Kahn, S.C., the Fee Committee distributed its expectations to the Retained Professionals with a series of written memoranda and open conference calls.

7. Retained Professionals began filing fee applications for the Second Interim Fee Period around February 15, 2015, with the number of professional applicants more than doubling since the First Interim Fee Period as a result of the retention of independent director counsel and advisors.

8. The description of Applicant's analytical and reporting process outlined in the First Fee Application [D.I. 3900] generally mirrors the processes followed for the Second Interim Fee Period. Those details are incorporated by reference and will not be repeated in detail here.

9. As documented in status reports filed with the Court [D.I. 4774, 4807], as a result of the collective efforts of the Fee Committee—including the Applicant—and the Retained Professionals, no contested fee hearing has been required—with all remaining first interim fee applications and most second interim fee applications resolved on a consensual basis.

**DESCRIPTION OF SERVICES PROVIDED**

10. During the Compensation Period, the Chair presided over all Fee Committee meetings, which occurred in person on January 21, February 18, March 13, March 31, April 15 and 28, 2015, and telephonically on January 8, January 15, February 3, February 11, March 12, and April 22, 2015. The Chair designed or approved each meeting agenda and the format for the Reports submitted to each Retained Professional. He has continued to ask counsel to provide background memoranda and communications with Retained Professionals to maintain open lines of communication. He has continued to conduct numerous individual conferences and conversations with the Fee Committee's members and, on occasion, with the principal counsel

5

for the Retained Professionals. He appeared before the Court at the uncontested fee hearings on January 26 and February 18, 2015, and has demonstrated an ability to facilitate the resolution of differences, whether in discussions within the Fee Committee or in negotiations with Retained Professionals.

## **REQUEST FOR APPROVAL OF COMPENSATION**

11.  Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

12.  The Applicant requests that the Court approve this Fee Application, incorporating services and expenses incurred during the Compensation Period, because he has completed his assignment in a timely, efficient and effective manner.

    A.  The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts for professional services inadvertently, improvidently or inappropriately billed to the estates.

    B.  The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

    C.  All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

13.  The Applicant has received a fixed $50,000 payment each month for Fee Committee Chair services for January through April 2015 (and thereafter). This flat fee payment was authorized by the court both in the Fee Committee Order and the Order Authorizing the

6

Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee [D.I. 2065] (the "**Godfrey & Kahn Retention Order**").

14. The aggregate amount of $200,000.00 in flat fees has been conditionally paid to the Chair, subject to the filing of this Application and further order of this Court. The Applicant now seeks retrospective Court approval of these payments.

15. There is no agreement or understanding between the Applicant and any other entity for the sharing of compensation to be received.

16. The services provided were actual and necessary to the administration of the fee examination process in these cases. The fee review process is a statutory mandate in all chapter 11 cases. Given the size and complexity of these cases, however, the parties agreed to the creation of a Fee Committee to aid both the U.S. Trustee and the Court.

17. In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) The time spent on such services;
>
> (B) The rates charged for such services;
>
> (C) Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> (D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (F)     Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title;

11 U.S.C. § 330.

18.     The requested compensation and reimbursement meet the statutory requirements for allowance. The Applicant has completed his work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved. The Applicant has demonstrated skill in bankruptcy, generally, and in the bankruptcy fee review context, specifically.

19.     Moreover, the requested compensation is reasonable because it is no more than the customary compensation charged by comparably skilled professionals in other bankruptcy contexts, such as a Chapter 11 examiner.

20.     Accordingly, approval of the requested compensation is warranted.

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD**

21.     The Chair incurred total expenses from January 1, 2015 through April 30, 2015 in the amount of $2,658.04. Exhibit A itemizes the Chair's requested expense reimbursement.

22.     The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has provided no expensed services in-house.

23.     The expenses requested herein have been adjusted to comply with all of the pertinent guidelines and caps the Fee Committee has applied in its evaluation of Retained Professional expenses. The expenses are actual, reasonable and necessary in light of the scope of the Applicant's appointment to aid in the administration of these cases.

**NOTICE**

24. Notice of this Fee Application has been provided to the parties in interest in accordance with the Interim Compensation Order. The Applicant submits that such notice is sufficient and that no other or further notice need be provided.

25. No previous request for the relief sought has been made by the Applicant to this or any other Court for these matters.

**CONCLUSION**

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $200,000 in fees and $2,658.04 in actual and necessary expenses incurred during the Compensation Period.

Dated: July 15, 2015.

                                    PHILLIPS, GOLDMAN & SPENCE, P.A.

By:    */s/ Stephen W. Spence*
       Stephen W. Spence (DE Bar No. 2033)
       Stephen A. Spence (DE Bar No. 5392)
       PHILLIPS, GOLDMAN & SPENCE, P.A.
       1200 N. Broom Street
       Wilmington, DE 19806
       Phone: (302) 655-4200
       Fax: (302) 655-4210
       E-mail: sws@pgslaw.com

       Katherine Stadler
       GODFREY & KAHN, S.C.
       One East Main Street, Suite 500
       P.O. Box 2719
       Madison, Wisconsin 53701-2719
       Telephone: (608) 257-3911
       Facsimile: (608) 257-0609
       E-mail: kstadler@gklaw.com

       *Attorneys for the Fee Committee*