**FEE APPLICATION**

Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), counsel to the Fee Committee (the "**Applicant**"), appointed in these cases submits this *Second Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2015 Through April 30, 2015* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, Local Rule 2016-2, and the U.S. Trustee Guidelines.  Pursuant to the flat fee compensation arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation for professional services from January 1, 2015 through April 30, 2015 and for reimbursement of actual and necessary expenses from January 1, 2015 through April 30, 2015 (the "**Compensation Period**").

The Applicant requests retrospective Court approval of a total of $800,000.00 in fees and $62,868.93 in expenses.  This total would, if expressed in terms of an hourly rate, reflect a blended rate of $338.98.

**BACKGROUND**

1.    On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases. The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company, LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3.      On September 16, 2014, the Court entered the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee* [D.I. 2065] *nunc pro tunc* to the Fee Committee's appointment date of August 21, 2014, to assist the Fee Committee in fulfilling the duties set forth in the Fee Committee Order (the "**Godfrey & Kahn Employment Order**").

4.      During the Compensation period, the Fee Committee reviewed at least 30 interim fee applications (generally but not exclusively corresponding to the second interim fee period, September 1, 2014 through December 31, 2014), totaling approximately $61,707,923.51 in fees for professional services and $3,364,994.23 in expense reimbursements.

## THE APPLICANT

5.      Godfrey & Kahn, S.C. is a 180-lawyer Wisconsin-based law firm. Only a relatively small number of Godfrey & Kahn professionals work on these matters, and their assignments have been designed to reduce duplication of effort to the extent possible. The majority of the work has been performed by Brady C. Williamson, Katherine Stadler, Carla O. Andres, Eric J. Wilson, Erin A. West, Mark Hancock, W. Andrew Dalton, Leah Viola, and Kathleen Boucher. Each of those timekeepers' qualifications was set forth in the *First Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From*

6

*August 21, 2014 Through December 31, 2014* [D.I. 3901] (the "First Fee Application"). The statement of those qualifications is incorporated by reference and will not be repeated here.

## FEE COMMITTEE PROCESS

6. During the Compensation Period, the Fee Committee met at least 12 times, with six of those meetings taking place in person in New York and the remainder of the meetings by telephone. The Fee Committee continued the review and reporting process with respect to the case's First Interim Fee Period (April 29, 2014 through August 31, 2014) and began and continued the review and reporting process for the Second Interim Fee Period (September 1, 2014 through December 31, 2014).

7. Through the Chair and Godfrey & Kahn as its counsel, the Fee Committee continued to communicate the Fee Committee's standards and expectations to the Retained Professionals by memoranda and in conversations.

8. Retained Professionals began filing fee applications for the Second Interim Fee Period around February 15, 2015, with the number of professional applicants more than doubling since the First Interim Fee Period as a result of the retention of independent director counsel and advisors.

9. The description of Applicant's analytical and reporting process outlined in the First Fee Application [D.I. 3901] generally describes the processes for the Second Interim Fee Period. Those details are incorporated by reference and will not be repeated here.

10. As documented in status reports filed with the Court [D.I. 4774, 4807], as a result of the collective efforts of the Fee Committee, the Applicant, and the Retained Professionals, no contested fee hearing has been required—with all remaining first interim fee applications and most second interim fee applications resolved on a consensual basis.

**DESCRIPTION OF SERVICES PROVIDED**

11.     The services for which the Applicant requests compensation have been provided in 47 project categories, summarized here.

12.     <u>Matters 020A-20LL:  Analysis, Reports, and Recommendations Regarding Professionals' Fee Applications:  $591,320.00 (1,501.9 hours)</u>.

        A.     During the Compensation Period, the Applicant reviewed at least 30 fee applications for the Second Interim Fee Period.  As before, the fee applications were divided into three groups of related professionals and, to reduce the likelihood of duplication, each group was assigned to a single supervising attorney.  *See supra*, ¶ 5.  Newly retained professionals were allocated for review, to the extent possible, to continue minimizing the risk of duplication of efforts.

        B.     Some, but not all, of the Second Interim Fee Period reports to Retained Professionals were issued during the Compensation Period.  To characterize the substantive work during the Compensation Period, it is accurate to state that the Applicant completed work on First Interim Fee Period Applications and made substantial progress on Second Interim Fee Period applications.

13.     <u>Matter 0002:  General Case Administration, docket monitoring and maintenance and calendaring:  $9,594.00 (23.6 hours)</u>.  Services provided in this category included general case management activities that do not fit easily into another substantive category.  These tasks include maintaining Godfrey & Kahn's "intranet" site, identifying and forwarding significant daily filings and postings to lawyers and staff, and managing the communications between and among Godfrey & Kahn professionals and paraprofessionals.  The vast majority of services provided in this task category have been performed by paralegals.

8

14. <u>Matter 0003: Retention applications and disclosures—Chair and Godfrey & Kahn: $3,855.50 (10.2 hours)</u>. Services recorded in this category included the continued monitoring of the Applicant's disinterestedness status and the preparation, when necessary, of supplemental disclosures to fulfill the Applicant's Rule 2014 obligations.

15. <u>Matter 0005: Committee Administrative Documents: $11,430.00 (23.0 hours)</u>. Professionals providing services in this category created documents for the use of the Fee Committee members or to help guide the Fee Committee's processes. One example is the preparation of a memorandum and related documents addressing possible Fee Committee treatment of rate increases.

16. <u>Matter 0006: Contact/Communications with Fee Committee members and U.S. Trustee's office: $27,274.00 (51.0 hours)</u>. Services provided in this category included communications between the Fee Committee counsel, Chair, and members beyond the context of preparation for and attendance at Fee Committee meetings (matter 0011).

17. <u>Matter 0007: Contact/Communications with Retained Professionals generally: $7,140.50 (15.3 hours)</u>. This category included communications between Fee Committee counsel and professionals that do not have a segregated matter number (020A-20LL), including ordinary course professionals. This category also includes the preparation, review, revision, and discussion of serial memoranda to all professionals outlining the Fee Committee policies and standards.

18. <u>Matter 0008: Drafting documents to be filed with the Court: $13,863.00 (33.4 hours)</u>. During the Compensation Period, the Applicant filed reports and other documents with the Court necessary to complete the record on First Interim Fee Period applications.

19. <u>Matter 0009: Legal Research and drafting research memoranda: $234.00 (0.4 hours)</u>. Fee Committee counsel performed several limited research projects during the Compensation Period, including research related to the treatment of rate increases in bankruptcy.

20. <u>Matter 0010: Reviewing filed documents: $8,743.50 (16.3 hours)</u>. Professionals recorded time in this category to review pleadings, transcripts, and other case materials and background information directly pertinent to the fee analysis process or the Fee Committee's work and, in an appropriate fashion, the progress of the proceedings.

21. <u>Matter 0011: Prepare for and Attend Fee Committee Meetings: $80,080.00 (198.9 hours)</u>. During the Compensation Period, the Applicant attended meetings of the Fee Committee—in person, on January 21, February 18, March 13, March 31, April 15 and April 28, and, telephonically, on January 8, January 15, February 3, February 11, March 12, and April 22, 2015. The Applicant has also participated, by telephone, in other meetings to address fee-related issues. This matter also reflects time spent preparing agendas, minutes, and comprehensive materials prepared for each Fee Committee member prior to each meeting.

22. <u>Matter 0012: Database Establishment and Maintenance: $58,342.50 (118.3 hours)</u>. This task category represents work performed to develop, monitor, and maintain the Applicant's fee analysis database. This category also includes time spent developing the reporting formats used as exhibits to the Fee Committee's reports and working with external software developers to build customized audit and reporting processes for issues of particular interest to the Fee Committee.

23. <u>Matter 0013: Non-Working Travel: $30,063.50 (121.4 hours)</u>. Charges for all non-working travel time have been reduced by half. Godfrey & Kahn attorneys traveled to New York for Fee Committee meetings and for meetings with some of the Retained Professionals

during the Compensation Period.  In addition to traveling to the Fee Committee meetings, as noted above, representatives from Godfrey & Kahn traveled to Wilmington on January 26 and February 18, 2015 for uncontested fee hearings.

24. <u>Matter 0014:  Prepare for and Attend Hearings and Court Communications:  $18,810.00 (55.0 hours)</u>.  Services provided in this category included preparing for and attending the uncontested fee hearings on January 26 and February 18, 2015, as well as making preliminary arrangements for the uncontested fee hearing that took place on June 24, 2015.  The applicant has also monitored, by telephone, significant substantive hearings.

25. <u>Matter 0015:  Team Meetings:  $35,775.50 (107.1 hours)</u>.  Fee Committee counsel has continued its practice of regular team meetings.  These meetings are usually attended by Ms. Stadler, Ms. Andres, Mr. Wilson, Ms. West, Mr. Hancock, Mr. Dalton, Ms. Viola, and Ms. Boucher.  Most meetings last no more than one-half hour unless the group is addressing a major substantive issue or completing a cycle of reports.  There are two principal reasons for the meetings.  The first is to communicate decisions of the Fee Committee in its meetings and determine how to most effectively implement them.  Second, the internal meetings allow Godfrey & Kahn's professionals to discuss issues arising in the fee application review process, comparing treatment and approaches to fee application review to ensure issues are consistently handled.  In addition, the meetings allow the staff and lawyers to identify issues that require Fee Committee consideration as well as to coordinate the preparation and compilation of data and Fee Committee materials.

26. <u>Matter 0017:  Fee Applications—Godfrey & Kahn and Gitlin & Company LLC:  $39,295.50 (84.2 hours)</u>.  Time spent in this task category included the preparation of the Applicant's First Fee Application [D.I. 3901] and the *First Interim Application of Richard Gitlin,*

*Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* [D.I. 3900]. Only time spent in the preparation of the First Fee Application and its attachments has been included in this category. Time spent reviewing, editing, revising, and conforming time entries to the requirements of the Bankruptcy Code has *not* been included in this category or elsewhere in this fee application.

## REQUEST FOR APPROVAL OF COMPENSATION

27. Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

28. The Applicant requests that the Court approve this Fee Application, incorporating services and expenses incurred during the Compensation Period, because it has completed its assignment in a timely, efficient and effective manner.

   A. The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts for professional services—whether inadvertently, improvidently or inappropriately billed to the estates.

   B. The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

   C. All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

29. Pursuant to the terms of the Fee Committee Order and the Godfrey & Kahn Employment Order, the Applicant has received $200,000 each month as a fixed payment for Fee Committee counsel services for the months of January through April, 2015.

30. The Applicant agreed, pursuant to the Fee Committee Order, to accept a monthly flat fee payment for Fee Committee counsel services as an alternative to customary hourly billing. *See* U.S. Trustee Guidelines ¶ C.5.a.

31. The aggregate amount of $800,000 has been conditionally paid to the Fee Committee's counsel, subject to the filing of this Application and further order of this Court. The Applicant now seeks retrospective Court approval of these payments.

32. Godfrey & Kahn's services were provided primarily by professionals and paraprofessionals in its Bankruptcy and Litigation practice groups at billing rates (if billed at the firm's standard hourly rates) ranging from $225 to $585 an hour.

33. In calculating the "value" of services rendered before adjustment based on the flat fee arrangement, Godfrey & Kahn has charged rates generally consistent with those charged to Wisconsin-based clients in non-bankruptcy cases.[4]

34. The detailed Godfrey & Kahn time records (totaling $935,821.50 at the firm's 2014 hourly rates), accompanying the Application as Exhibit E, reflect the Applicant's voluntary reductions including matters that, in Godfrey & Kahn's judgment, may not be appropriate for billing to the estates. This includes time spent staffing, planning and establishing work flow software and systems, training or updating attorneys on the use of fee review database software, developing billing categories and protocols, and reviewing third party or other case materials for

---

[4] Godfrey & Kahn, S.C. is a Wisconsin-based law firm. *See* U.S. Trustee Guidelines ¶ C.5.c; *see also* Exhibit G (required comparability disclosure). As a result of the Fee Committee Chair and counsel's flat fee arrangement, the actual blended rate for each interim fee application may, at times, be higher or lower than Godfrey & Kahn's standard hourly rates. The "value" of Godfrey & Kahn services provided during the Compensation Period, if calculated at the firm's hourly rates, is $135,821.50 more than the flat fees collected.

13

general knowledge about these cases but not necessarily related to a fee analysis task. These pre-emptive write-offs also include time spent monitoring the Court docket and maintaining the Applicant's internal directory of case materials, as well as all time spent reviewing or revising time records or billing, regardless of whether the work was related to compliance with billing requirements unique to bankruptcy cases. *See* U.S. Trustee Guidelines ¶¶ C.5.d and e. In total, Godfrey & Kahn does not seek compensation for more than 800 hours of time recorded by its professionals during the Compensation Period.

35. The fees and expenses recorded are in accordance with the Applicant's existing billing rates and practices. The rates used to calculate the value of services provided in these cases have not changed since the commencement of this engagement. *See* U.S. Trustee Guidelines ¶ C.5.f.

36. There is no agreement or understanding between Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for the services rendered.

37. In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)   The time spent on such services;
>
> (B)   The rates charged for such services;
>
> (C)   Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> (D)   Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

14

  (E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  (F) Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title;

11 U.S.C. § 330.

  38. The requested compensation and reimbursement meet the statutory requirements for allowance. The Applicant has completed its work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved. The projects were staffed by professionals and paraprofessionals with demonstrated skill in the bankruptcy fee review context and in Chapter 11 proceedings generally, and all work has been assigned consistently with the need to prevent unnecessary duplication and to ensure that work is performed by the least senior person competent to handle the matter efficiently.

  39. Moreover, the requested compensation is reasonable because it is consistent with the customary compensation charged by comparably skilled professionals in Godfrey & Kahn's Wisconsin market and paid by Godfrey & Kahn's non-bankruptcy clients.

  40. Accordingly, approval of the requested compensation is warranted.

### REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD

  41. Godfrey & Kahn incurred total expenses from January 1, 2015 through April 30, 2015 in the amount of $63,151.71, of which $282.78 has been voluntarily assumed and not billed to the estate. Exhibits C and F contain the expense categories for which the Applicant seeks reimbursement and the detailed expense records.

  A. The expenses for which the Applicant seeks reimbursement include only some of those routinely charged to the Applicant's clients.

15

B.  The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has made a reasonable estimate of the actual cost for expenses incurred for any services provided in-house. The Applicant's charges in these cases are at the same rates or lower than those routinely charged to, and paid by, the Applicant's clients.

42. The largest expenditure other than travel was for external database support and maintenance. This service allows the Fee Committee counsel to have support around the clock if they require assistance with database functionality.

43. Another significant expense item was photocopies provided through a vendor, including copies made and mailed to the Fee Committee. For internal copies, Godfrey & Kahn typically charges clients $0.15 for each black-and-white copy and $0.50 for each color copy; however, both rates have been reduced to $0.10 a copy. Photocopies provided by third-party vendors have been paid at rates of $0.08 to $0.125 per page for black-and-white and $1.00 per page for color. The Applicant has made supporting documentation available for all external photocopies. Another significant expense was for overnight mail services primarily related to providing Fee Committee materials to the members.

44. The Applicant has declined to charge the estates for all travel between Godfrey & Kahn offices, staff overtime, in-house meals, and certain travel meals.

45. The expenses requested herein have been adjusted to comply with all of the pertinent guidelines and caps the Fee Committee has applied in its evaluation of Retained Professional expenses. The expenses are actual, reasonable and necessary in light of the scope of the Applicant's retention to aid in the administration of these cases.

16

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED BY FEE COMMITTEE MEMBER PETER KRAVTIZ FROM OCTOBER 1, 2014 THROUGH MAY 23, 2015**

46. "All Fee Committee members (other than the member appointed by the U.S. Trustee) … shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses incurred in connection with their service on the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, … subject to Court approval upon application." Fee Committee Order at p. 9, ¶ E(1).

47. The unsecured creditors' representative on the Fee Committee, Peter Kravitz, incurred total reimbursable expenses from October 1, 2014 through May 23, 2015 in the amount of $13,790.99, itemized on Exhibit I.

48. Mr. Kravitz is not making a profit on any expense incurred as a result of services provided by a third party and provided no expensed services in house.

49. The expenses requested herein have been adjusted to comply with all of the pertinent guidelines and caps the Fee Committee has applied in its evaluation of Retained Professional expenses. They are actual, reasonable and necessary in light of Mr. Kravitz's role on the Fee Committee to aid in the administration of these cases.

**NOTICE**

50. Notice of this Fee Application has been provided to the parties in interest in accordance with the Interim Compensation Order. Such notice is sufficient and that no other or further notice need be provided.

51. No previous request for the relief sought has been made by the Applicant to this or any other Court for these matters.

**CONCLUSION**

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $800,000.00 in fees and $62,868.93 in actual and necessary expenses incurred during the Compensation Period.

Dated: July 15, 2015.

PHILLIPS, GOLDMAN & SPENCE, P.A.

By:    */s/ Stephen W. Spence*
Stephen W. Spence (DE Bar No. 2033)
Stephen A. Spence (DE Bar No. 5392)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Phone: (302) 655-4200
Fax: (302) 655-4210
E-mail: sws@pgslaw.com

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*