IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>          *Debtors.* | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>(Jointly Administered)<br>Docket No. 473 |
| DELAWARE TRUST COMPANY as INDENTURE TRUSTEE,<br><br>          *Plaintiff,*<br>v.<br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC.<br><br>          *Defendants.* | Adversary Proceeding<br>No. 14-50363 (CSS)<br>Adv. Doc. Nos. 175, 254 |

## ORDER

For the reasons set forth in the Court's Findings of Fact and Conclusions of Law dated July 8, 2015, the Court hereby ORDERS as follows:

1. The Stay-Applicability Motion[1] [D.I. 473] filed on May 15, 2015 is DENIED as to the issue of whether cause exists to lift the automatic stay.[2]

2. Summary judgment is granted with prejudice for EFIH Debtors on Count I of the Complaint.[3]

---

[1] Undefined terms used herein have the meaning set forth in the Court's Findings of Fact and Conclusions of Law.

[2] The Court previously entered summary judgment, in part, in favor of the EFIH Debtors on the Stay-Applicability Motion. Summary judgment was not entered on the Stay-Applicability Motion solely to the fact issue of whether cause exists to lift the automatic stay.

[3] The Court previously entered summary judgment in Debtors' favor without prejudice on Count I and with prejudice on Counts II, III, and IV of the Complaint.

3. Summary judgment is granted for EFIH Debtors on the Contested Matter.[4]

4. The Motion to Alter or Amend Judgment to Clarify that the Order dated March 26, 2015 is Not a Final Judgment [Adv. D.I. 254] is DENIED as moot.

5. Phase Two of the proceedings is unnecessary and shall not occur.[5]

6. All issues before the Court with regard to the Complaint, Contested Matter and Stay-Applicability Motion are resolved and judgment in these matters is final.

Christopher S. Sontchi
United States Bankruptcy Judge

Dated: July 8, 2015

---

[4] Although the Court intended previously to enter summary judgment in EFIH Debtors' favor on the Contested Matter, the Court inadvertently failed to reference the Contested Matter in the Summary Judgment Decision and related Order.

[5] See Adv. D.I. 128.