## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  August 11, 2015 at 9:30 a.m.** |
| | ) | **Objection Deadline:  August 4, 2015 at 4:00 p.m.** |

### MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER CONFIRMING THAT NO AUTOMATIC STAY IS IN EFFECT OR, IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO PERMIT LUMINANT MINING COMPANY LLC AND ENERGY FUTURE HOLDINGS CORP. TO PROCEED WITH CERTAIN LITIGATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), confirming that the automatic stay under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") does not apply as a bar to litigating certain litigation (as described herein, the "Appeals") originally brought by Luminant Mining Company LLC ("Luminant") against Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (collectively, the "Tremble Parties"), or, in the alternative, modifying the automatic stay to the extent necessary for the limited purpose of permitting the Debtor Parties (as defined herein) to litigate the Appeals to a final judgment.[2]  In

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The Debtors plan to file a separate objection to the Tremble Parties' *Motion Not To Reinstate Appeal* [D.I. 4967] (such motion, the "Tremble Bankruptcy Motion").  The Debtors believe the Tremble Parties filed the Tremble Bankruptcy Motion in response to certain events that are discussed herein, but that the Tremble

support of this Motion, the Debtor Parties submit the *Declaration of Gary Moor in Support of the Motion of Energy Future Holdings Corp.*, et al.*, for Entry of an Order Confirming that No Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation* (the "Moor Declaration").  In further support of this Motion, the Debtor Parties respectfully state as follows.

## Jurisdiction and Venue

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested in this Motion are section 1452 of title 28 of the United States Code (the "Judicial Code"), rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9006-2.

---

Bankruptcy Motion was improperly filed with this Court.  The Debtors will contact the Tremble Parties to discuss the relief requested herein before the hearing on this Motion.

2

**Relief Requested**

4.      By this Motion, the Debtor Parties request that the court enter the Order
confirming that the automatic stay under section 362 of the Bankruptcy Code does not apply as a
bar to litigating the Appeals, or in the alternative, modifying the automatic stay to the extent
necessary for the limited purpose of permitting the Debtor Parties (as defined herein) to litigate
the Appeals to a final judgment.

**Background**

5.      On April 29, 2014, each of the Debtors filed a voluntary petition with the Court
under the Bankruptcy Code.  The Debtors are operating their businesses and managing their
properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I.
849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the
District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of
Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric
Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and
TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13,
2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings
Corp. ("EFH Corp."), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH
Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014
[D.I. 2570].  Further information regarding the Debtors' business operations and capital structure
is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions
[D.I. 98].

3

6.      On November 26, 2013, Luminant filed three suits against the Tremble Parties in Rusk County District Court (the "Rusk County District Court") to partition three particular tracts of land in which it owned an undivided interest in Rusk County, Texas (such tracts of land, the "Property" and such suits, the "Partition Suits").[3]  The defendants named in the Partition Suits included, among others, the Tremble Parties.  On July 23, 2014, Luminant filed motions in Rusk County District Court for summary judgment in the Partition Suits, in which it requested: (a) a determination of the undivided interests in each tract of the Property held by Luminant, the Tremble Parties, and the various other defendants; and (b) the appointment of a receiver to conduct a sale of the Property (collectively, the "First-Phase Motions for Judgment").[4]  Under Texas law, all questions of law affecting the title of the Property were to be adjudicated as part of the Rusk County District Court's consideration of the First-Phase Motions for Judgment.[5]

7.      On October 8, 2014, the Rusk County District Court granted Luminant's First-Phase Motions for Judgment and entered judgments (collectively, the "First-Phase Judgments").[6] The Rusk County District Court determined, among other things, that: (a) as to the first tract of

---

[3]     The Partition Suits consist of three different litigations in Rusk County District Court:  *Luminant Mining Co. v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex.  Nov. 26, 2013). For convenience, all three suits are collectively referred to herein as the Partition Suits.

[4]     Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Jul. 23, 2014); Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Jul. 23, 2014); Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Jul. 23, 2014).

[5]     *See Champion v. Robinson*, 392 S.W.3d 118, 127 (Tex. App. – Texarkana 2012, pet. denied) (a partition cause of action under Texas state law includes two final appealable judgments, the first of which determines, among other things, "all questions of law affecting the title" of the property at issue).

[6]     Judgment, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Oct. 8, 2014); Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.* No. 2013-391 (4th Dist., Rusk County, Tex. Oct. 8, 2014); Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.* No. 2013-392 (4th Dist., Rusk County, Tex. Oct. 8, 2014).

the Property, Luminant owned an undivided 88.506958% interest, Billie Murphy Tremble owned an undivided 1.5625% interest, and each of Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., owned 0% interest;[7] and (b) as to the other two tracts of the Property, Luminant owned an undivided 87.5% interest, Billie Murphy Tremble owned an undivided 12.5% interest, and each of Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., owned 0% interest.[8]   The Rusk County District Court also appointed a receiver to conduct a sale of the Property.[9]   The First-Phase Judgments were not appealed by any party, and thus became final for all purposes.[10]

8.      On December 4, 2014, Luminant filed motions for judgment in Rusk County District Court requesting orders confirming partition by sale of the Property (collectively, the "Second-Phase Motions for Judgment").[11]   On December 16, 2014, the Rusk County District Court granted Luminant's Second-Phase Motions for Judgment, approving partition by sale of the Property and entered Final Judgments (collectively, the "Second-Phase Judgments").[12]

---

[7]   The Rusk County District Court determined that various other co-defendants owned the remaining 9.930542% interest in the first tract of the Property.

[8]   *Id.*

[9]   *Id.*

[10]   *Pfeffer v. Pfeffer,* 269 S.W.2d 436, 438 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.) (unappealed first-phase judgment determining interests and ordering sale "was conclusive against the claims of appellants to any interest in the" property, in appeal from second judgment approving sale); *Malone v. Malone*, No. 06-10-00083-CV, 2011 Tex. App. LEXIS 98, *10, n. 5 (Tex. App. – Texarkana 2011, no pet.).

[11]   Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Dec. 4, 2014); Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Dec. 4, 2014); Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Dec. 4, 2014).

[12]   Final Judgment, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Dec. 16, 2014); Final Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Dec. 16, 2014); Final Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Dec. 16, 2014).

9.     On January 20, 2015, the Tremble Parties filed notices of appeal of the Second-Phase Judgments in the Partition Suits, commencing appellate review before the Court of Appeals of the Sixth Appellate District in the State of Texas (such court, the "State Appellate Court," and such action, the "Appeals").  The Tremble Parties named both Luminant and EFH Corp. (together, the "Debtor Parties") as appellees in the Appeals.[13]

10.    On May 19, 2015, the Tremble Parties filed a Notice of Suggestion on Pendency of Bankruptcy relating to Luminant's chapter 11 case (the "Luminant Notice of Bankruptcy")[14] with the State Appellate Court in the Appeals.  On May 28, 2015, pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the State Appellate Court issued an order suspending the Appeals (the "Appellate Order").[15]  The Appellate Order states that "[a]ny party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the

---

[13]  Notice of Appeal, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jan. 20, 2015).  In their notices of appeal, the Tremble Parties named Luminant and EFH Corp. and "Subsidiaries" as Appellees.  None of EFH Corp. or any other subsidiaries of EFH Corp. were party to the underlying Partition Suits, and thus these entities are not proper parties to the Appeals. In the Appeals, the Debtor Parties anticipate arguing that the Appeals against EFH Corp. and "Subsidiaries" are improper and should be dismissed. In an abundance of caution and to avoid further proceedings in this Court, however, the Debtor Parties request that relief requested herein be granted to both Luminant and EFH Corp.

[14]  On December 12, 2014, two months after the Rusk County District Court granted Luminant's First Motions for Summary Judgment, the Tremble Parties had commenced new litigation against Luminant in Rusk County District Court separate from the Partition Suits (the "Tremble Suit").  *See Tremble v. Luminant.* No. 2014-402 (4th Dist., Rusk County, Tex. Dec. 12, 2014).  Unlike the Partition Suits, which Luminant initiated, Luminant is a defendant in the Tremble Suit.  On January 8, 2015, Luminant filed the Luminant Notice of Bankruptcy in the Tremble Suit.  *See* Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., *et al.*, and Automatic Stay of Proceedings, *Tremble v. Luminant.* No. 2014-402 (4th Dist., Rusk County, Tex. Jan. 8, 2015).  The Tremble Suit was stayed pursuant to the Luminant Notice of Bankruptcy and the Debtors are not seeking any relief with respect to the Tremble Suit in this Motion or the Order.  The Debtors believe the Tremble Parties obtained the Luminant Notice of Bankruptcy from Luminant's filing in the Tremble Suit.

[15]  The Appellate Order is attached as **Exhibit A** to the Moor Declaration.

relevant bankruptcy court."[16]   In response, Luminant filed motions in each of the Appeals to reinstate the Appeals, citing Third Circuit and Fifth Circuit case law in arguing that the automatic stay pursuant to section 362 of the Bankruptcy Code does not apply to the Appeals.[17]

11.    The State Appellate Court issued a decision overruling the Debtor Parties' motions to reinstate the Appeals because, among other things, the motions did not "include (1) a certified copy of an order showing that the automatic bankruptcy stay has been lifted or (2) an authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court."[18]   On July 10, 2015, the Tremble Parties filed the Tremble Bankruptcy Motion in this Court, requesting that the State Appellate Court's decision be upheld.[19]

---

[16]   *See* Court Order, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., May 28, 2015); Court Order, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., May 28, 2015); Court Order, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., May 28, 2015).

[17]   *See* Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jun. 18, 2015); Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jun. 18, 2015); Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jun. 18, 2015).   The Debtors believe the Tremble Bankruptcy Motion was filed, at least in part, in response to these motions to reinstate appeals, but that the Tremble Bankruptcy Motion was improperly filed in this Court.

[18]   Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jun. 23, 2015); Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jun. 23, 2015); Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jun. 23, 2015). A copy of the Ruling on Motion filed in the Appeals is attached as **Exhibit B** to the Moor Declaration.

[19]   The Tremble Bankruptcy Motion is substantially identical to the motions filed by the Tremble Parties in the Appeals. *See* Motion Not to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jun. 30, 2015); Motion Not to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jun. 30, 2015); Motion Not to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jun. 30, 2015).

12.     As further detailed below, the Debtor Parties believe the automatic stay does not apply to the Appeals because Debtor Luminant was the plaintiff in the underlying Partition Suits.

## Argument

### I.    The Automatic Stay Does Not Apply to the Appeals.

13.     As described below, the Debtor Parties believe that the automatic stay under section 362 of the Bankruptcy Code does not apply, and has never applied, to the Partition Suits. Consequently, the Debtor Parties believe the automatic stay does not apply to the Appeals. Therefore, the Debtor Parties respectfully request that the Court enter the Order confirming the automatic stay does not apply as a bar to litigating the Appeals.

14.     Section 362(a) of the Bankruptcy Code provides in relevant part that the commencement of a chapter 11 bankruptcy case:

> Operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title …

11 U.S.C. § 362 (emphasis added).

15.     Accordingly, the automatic stay applies only to suits brought *against* the debtor, and does not apply to suits brought *by* the debtor, or any appeals thereof. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (holding that "the clear language of section 362(a) indicates that it stays only proceedings *against* a 'debtor'") (emphasis in original); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1986) (holding that "[the automatic stay of] section 362 should be read to stay all appeals in proceedings that were originally brought *against* the debtor, regardless of whether the debtor is the appellant or the appellee.") (emphasis added).

8

16.     If a civil proceeding was initially brought *by* the debtor and therefore was never subject to the automatic stay, then any appellate proceeding relating to that suit also will not be subject to the automatic stay, regardless of whether the debtor is the appellant or the appellee. *See In re Versoy*, 306 F. App'x 65, 68-69 (5th Cir. 2009) (holding that "[i]f the debtor brings the initial claim, § 362 has no effect"); *RhonePoulenc Surfactants & Specialties, L.P. v. Comm'r*, 249 F.3d 175, 180 (3d Cir. 2001) (holding that section 362 did not stay appeal in tax court proceeding brought by debtor); *Borman v. Raymark Indus., Inc.*, 946 F.2d 1031 (3d Cir. 1991) (holding that appeal by debtor was subject to the automatic stay where underlying action had been brought *against* debtor); *Freeman v. C.I.R.*, 799 F.2d 1091, 1093 (5th Cir. 1986) (finding that "[i]f the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code"; finding also that appeal was not subject to the automatic stay where the underlying action was initiated "by the debtor, not against the debtor"); *In re Northwood Flavors, Inc.*, 202 B.R. 63, 66 (Bankr. W.D. Pa. 1996) (rejecting creditor's attempt to enjoin debtor's appeal in state court where debtor had brought underlying action).

17.     Here, the "initial proceedings" of the litigation at issue were the Partition Suits brought by Luminant.  Because the automatic stay is not "applicable to offensive actions by the debtor in possession," the automatic stay did not and does not apply to the underlying Partition Suits.  *In re White*, 186 B.R. 700, 704 (9th Cir. BAP 1995).  Consequently, the Appeals of those underlying Partition Suits are not stayed either.  *See Freeman*, 799 F.2d at 1093; *St. Croix*, 682 F.2d at 449.  Indeed, it is out of the ordinary that the Tremble Parties are seeking to use the automatic stay, a provision intended to protect debtors' bankruptcy estates, to their advantage.

RLF1 12584258v.1

18.     Accordingly, the automatic stay does not apply to the Appeals and, under applicable bankruptcy law, the State Appellate Court may properly reinstate the Appeals. Because the State Appellate Court has required "(1) a certified copy of an order showing that the automatic bankruptcy stay has been lifted or (2) any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court," the Debtor Parties request that this Court enter the Order confirming that no stay is in effect.

## II.     In the Alternative, the Automatic Stay Should Be Modified to Permit the Appeals to Proceed.

19.     In the alternative, to the extent the Court determines that the automatic stay does apply to the Appeals, the Debtor Parties request that the Court enter the Order lifting the automatic stay to the extent necessary for the limited purpose of permitting the Debtor Parties to litigate the Appeals to a final judgment.  Section 362(d) of the Bankruptcy Code provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest …

11 U.S.C. § 362.

20.     Section 362(d)(l) does not define "cause,"  and courts determine what constitutes "cause" based on the totality of circumstances in each case.  *Baldino v. Wilson* (*In re Wilson*), 116 F.3d 87, 90 (3d Cir. 1997); *In re Energy Future Holdings Corp.*, No. AP 14-50363 (CSS), 2015 WL 4111560, at *9 (Bankr. D. Del. July 8, 2015) (citing *In re Wilson*). "Courts often conduct a fact intensive, case-by-case balancing test . . . to determine whether sufficient cause exists to lift the stay."  *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In*

10

*re Wilson*), 116 F.3d 87, 90 (3d Cir. 1997)); *Am. Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 152 B.R. 420, 424 (D. Del. 1993)).

21.     Courts in this circuit have used a "balancing test" to determine whether cause exists to lift the automatic stay.  *See In re Energy Future Holdings Corp.*, 2015 WL 4111560, at *9; *Izzarelli v. Rexene* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992).  Under this test, which generally has been used when the movant is a non-debtor party to the litigation, courts in this circuit look to:  (a) whether any great prejudice to either the bankrupt estate or the debtor will result; (b) whether the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and (c) the probability of the movant prevailing on the merits.  *See In re Energy Future Holdings Corp.*, 2015 WL 4111560, at *9 (citing *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010)).  Courts in this circuit have also considered general policy factors underlying the automatic stay when determining whether to grant a motion to lift the stay.  *In re SCO Grp.*, 395 B.R. 852 at 857 (citing to *In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1287 (2d Cir. 1990)).  Such factors include:  (a) the interests of judicial economy and the expeditious and economical resolution of litigation; (b) whether relief would result in a partial or complete resolution of the issues; (c) lack of any connection with or interference with the bankruptcy case; (d) whether the parties are ready for trial in the other proceeding; and (e) impact of the stay on the parties and the balance of the harms.[20]  *See id.*

---

[20]  The complete list of *Sonnax* factors comprises: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical

22.    To the extent the Court determines such analysis is necessary, the Court may consider any or all of these factors.  However, the "legislative history [of section 362] indicates that cause may be established by a *single factor* such as a desire to permit an action to proceed in another tribunal, or lack of any connection with or interference with the pending bankruptcy case." *Rexene*, 141 B.R. at 576 (internal punctuation omitted) (emphasis added).

23.    The Debtor Parties believe that, to the extent the automatic stay applies, cause exists to modify the automatic stay to permit the Debtor Parties to litigate the Appeals to a final judgment in the State Appellate Court because allowing the Appeals to proceed will not prejudice the Debtor Parties.  The Rusk County District Court has already entered the First and Second-Phase Judgments.   The First-Phase Judgments were not appealed and are final and conclusive as to all parties.  *See Pfeffer v. Pfeffer,* 269 S.W.2d 436, 438 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.) (unappealed first-phase judgment determining interests and ordering sale "was conclusive against the claims of appellants to any interest in the" property, in appeal from second judgment approving sale); *Malone v. Malone*, No. 06-10-00083-CV, 2011 Tex. App. LEXIS 98, *10, n. 5 (Tex. App. – Texarkana 2011, no pet.).  Moreover, in Texas, appeals of partition suit judgments are reviewed under an abuse of discretion standard.  *See Williams v. Mai,* No. 01-11-00611-CV, 2012 WL 6644704, at *4 (Tex. App. Dec. 20, 2011) (holding that district court did not abuse its discretion in apportioning property interests among parties to partition action).  Accordingly, the State Appellate Court likely will not disturb the Rusk County District Court's ruling unless it was "arbitrar[y], unreasonabl[e], or without regard to guiding legal principles."   *See id.* The Debtor Parties therefore believe they have a high likelihood of prevailing in the Appeals.  Accordingly, the Debtor Parties believe cause exists to

---

resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms.  *In re Sonnax*, 907 F.2d at 1287.

modify the automatic stay to permit the Debtor Parties to litigate to a final judgment in the Appeals.

24.    Additionally, the relevant *Sonnax* factors weigh in favor of lifting the automatic stay, as follows:

- ***First***, lifting the automatic stay will promote the interests of judicial economy.  The issues in the Appeals are Texas state property law issues, which a Texas state court is most suited to adjudicate.  *See In re Patriot Contracting Corp.*, No. 05-33190 DHS, 2006 WL 4457346, at *3 (Bankr. D.N.J. May 31, 2006) (holding that, where the third party action involved New York Workers' Compensation Law, adjudication in New York Supreme Court would serve judicial economy).

- ***Second***, if the stay is lifted, the state court proceedings likely would result in a complete resolution of the Appeals due to the "abuse of discretion" legal standard of review used on appeal.  *See In re Mid-Atl. Handling Sys., LLC* 304 B.R. 111, 131 (Bankr. D.N.J. 2003) (holding that a *Sonnax* factor favored lifting the automatic stay where liability, the sole issue among the parties, would be resolved completely by the state court litigation).

- ***Third***, modification of the stay will not interfere with the Debtors' bankruptcy case. The Appeals "primarily involve[] third parties with no connection to this bankruptcy case," a factor which courts have found to favor modification of the stay.  *See Patriot Contracting*, 2006 WL 4457346, at *3 (finding in favor of modifying the stay where state court litigation would not interfere with the bankruptcy process).  Therefore, the Debtor Plaintiffs' actions in litigating to a final judgment in the Appeals will not

13

interfere with these chapter 11 cases or prejudice the rights of the Debtors' other creditors.

25.     In short, the Debtor Parties believe that, to the extent the automatic stay applies to the Debtor Parties in the Appeals, litigating to a final judgment in the State Appellate Court, rather than attempting to resolve the Debtor Parties' disputes through the bankruptcy process, will allow for the most efficient, expeditious, and final resolution of these causes of action.

**<u>Notice</u>**

26.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75%

14

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:   (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the Tremble Parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtor Parties respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: July 21, 2015                                 */s/ Jason M. Madron*
       Wilmington, Delaware          **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            collins@rlf.com
                  defranceschi@rlf.com
                  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            edward.sassower@kirkland.com
                  stephen.hessler@kirkland.com
                  brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  marc.kieselstein@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

17