# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

### ORDER OVERRULING THE TREMBLE BANKRUPTCY MOTION AND CONFIRMING THAT NO STAY IS IN EFFECT OR, IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO PERMIT LUMINANT MINING COMPANY LLC AND ENERGY FUTURE HOLDINGS CORP. TO PROCEED WITH CERTAIN LITIGATION

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") confirming that the automatic stay under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") does not apply as a bar to litigating certain litigation (the "Appeals") originally brought by Luminant Mining Company LLC ("Luminant," and, together with Energy Future Holdings Corp., the "Debtor Parties") against Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (collectively, the "Tremble Parties"), or, in the alternative, modifying the automatic stay for the limited purpose of permitting the Debtor Parties to litigate the Appeals to a final judgment, all as more fully set forth in the Motion and Moor Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 12584258v.1

28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Tremble Parties' *Motion Not to Reinstate Appeals* [D.I. 4967] (the "Tremble Bankruptcy Motion"); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. This Order shall confirm that the automatic stay under section 362 of the Bankruptcy Code does not apply to the Appeals and, in the alternative, to the extent the automatic stay applies to the Appeals, the automatic stay is hereby modified solely to the extent necessary to permit the Debtor Parties to litigate to a final judgment in the Appeals; *provided*, *however*, that no other claims may be asserted against any of the Debtors in the Appeals without further order of this Court; *provided*, *further*, *however*, that any judgment against any Debtor in the Appeals may not be enforced against any Debtor or its estate without further order of this Court.

3. Except as expressly provided herein, the automatic stay remains in full force and effect with respect to all other persons and entities.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5.      Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than the Debtor Parties.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
Wilmington, Delaware

                                                    THE HONORABLE CHRISTOPHER S. SONTCHI
                                                    UNITED STATES BANKRUPTCY JUDGE