# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 5067** |

**DECLARATION OF GARY MOOR IN SUPPORT OF
THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER CONFIRMING THAT NO AUTOMATIC STAY IS
IN EFFECT OR, IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY TO
THE EXTENT NECESSARY TO PERMIT LUMINANT MINING COMPANY LLC AND
ENERGY FUTURE HOLDINGS CORP. TO PROCEED WITH CERTAIN LITIGATION**

Pursuant to 28 U.S.C. § 1746, I, Gary Moor, hereby declare as follows under penalty of perjury:

1. I am the Corporate Secretary of Luminant Mining Company LLC ("Luminant"), an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp."), both of which are organized under the laws of the state of Texas. EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a limited liability company organized under the laws of the state of Delaware; EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC, a limited liability company organized under the laws of the state of Delaware; EFH Corp.'s direct subsidiary, Energy Future Intermediate Holding Company LLC, a limited liability company organized under the laws of the state of Delaware; and various other direct and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

indirect subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "<u>Debtors</u>" in this declaration.

2. I have worked for the Debtors for thirty-three years. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management team and advisors. I am over the age of 18 and duly authorized to execute this Declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Confirming that No Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation* [D.I. 5067] (the "<u>Motion</u>").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. On November 26, 2013, Luminant filed three suits against the Tremble Parties in Rusk County District Court to partition three particular tracts of land in which it owned an undivided interest in Rusk County, Texas.[3] The defendants named in the Partition Suits included, among others, the Tremble Parties. On July 23, 2014, Luminant filed motions in Rusk County District Court for summary judgment in the Partition Suits, in which it requested: (a) a determination of the undivided interests in each tract of the Property held by Luminant, the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3] The Partition Suits consist of three different litigations in Rusk County District Court: *Luminant Mining Co. v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Nov. 26, 2013). For convenience, all three suits are collectively referred to herein as the Partition Suits.

Tremble Parties, and the various other defendants; and (b) the appointment of a receiver to conduct a sale of the Property.[4]

4. On October 8, 2014, the Rusk County District Court granted Luminant's First-Phase Motions for Judgment and entered the First-Phase Judgments.[5] The Rusk County District Court determined, among other things, that: (a) as to the first tract of the Property, Luminant owned an undivided 88.506958% interest, Billie Murphy Tremble owned an undivided 1.5625% interest, and each of Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., owned 0% interest;[6] and (b) as to the other two tracts of the Property, Luminant owned an undivided 87.5% interest, Billie Murphy Tremble owned an undivided 12.5% interest, and each of Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr., owned 0% interest.[7] The Rusk County District Court also appointed a receiver to conduct a sale of the Property.[8] The First-Phase Judgments were not appealed by any party.

5. On December 4, 2014, Luminant filed motions for judgment in Rusk County District Court requesting orders confirming partition by sale of the Property.[9] On December 16,

---

[4] Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Jul. 23, 2014); Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Jul. 23, 2014); Plaintiff's Traditional and No-Evidence Motion for Summary Judgment on First Phase Partition Issues, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Jul. 23, 2014).

[5] Judgment, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Oct. 8, 2014); Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.* No. 2013-391 (4th Dist., Rusk County, Tex. Oct. 8, 2014); Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.* No. 2013-392 (4th Dist., Rusk County, Tex. Oct. 8, 2014).

[6] The Rusk County District Court determined that various other co-defendants owned the remaining 9.930542% interest in the first tract of the Property.

[7] *Id.*

[8] *Id.*

[9] Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Dec. 4, 2014); Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Dec. 4,

2014, the Rusk County District Court granted Luminant's Second-Phase Motions for Judgment, approving partition by sale of the Property.[10]

6.      On January 20, 2015, the Tremble Parties filed notices of appeal of the Second-Phase Judgments in the Partition Suits, commencing appellate review before the Court of Appeals of the Sixth Appellate District in the State of Texas.  The Tremble Parties named both Luminant and EFH Corp. as appellees in the Appeals.[11]

7.      On May 19, 2015, the Tremble Parties filed a Notice of Suggestion on Pendency of Bankruptcy relating to Luminant's chapter 11 case[12] with the State Appellate Court in the Appeals.  On May 28, 2015, pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the State Appellate Court issued an order suspending the Appeals.[13]  The Appellate Order states that "[a]ny party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is

---

2014); Plaintiff's Motion for Judgment Confirming Sale of Property, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Dec. 4, 2014).

[10] Final Judgment, *Luminant v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Dec. 16, 2014); Final Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Dec. 16, 2014); Final Judgment, *Luminant v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Dec. 16, 2014).

[11] Notice of Appeal, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jan. 20, 2015).  In their notices of appeal, the Tremble Parties named Luminant and EFH Corp. and "Subsidiaries" as Appellees.  None of EFH Corp. or any other subsidiaries of EFH Corp. were party to the underlying Partition Suits, and thus these entities are not proper parties to the Appeals.

[12] On December 12, 2014, two months after the Rusk County District Court granted Luminant's First Motions for Summary Judgment, the Tremble Parties had commenced new litigation against Luminant in Rusk County District Court separate from the Partition Suits.  *See Tremble v. Luminant.* No. 2014-402 (4th Dist., Rusk County, Tex. Dec. 12, 2014).  Unlike the Partition Suits, which Luminant initiated, Luminant is a defendant in the Tremble Suit.  On January 8, 2015, Luminant filed the Luminant Notice of Bankruptcy in the Tremble Suit. *See* Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., *et al.*, and Automatic Stay of Proceedings, *Tremble v. Luminant.* No. 2014-402 (4th Dist., Rusk County, Tex. Jan. 8, 2015).  The Tremble Suit was stayed pursuant to the Luminant Notice of Bankruptcy.

[13] The Appellate Order is attached as **Exhibit A** hereto.

permitted by federal law and/or the relevant bankruptcy court."[14]  In response, Luminant filed motions in each of the Appeals to reinstate the Appeals, citing Third Circuit and Fifth Circuit case law in arguing that the automatic stay pursuant to section 362 of the Bankruptcy Code does not apply to the Appeals.[15]

8.    The State Appellate Court issued a decision overruling the Debtor Parties' motions to reinstate the Appeals because, among other things, the motions did not "include (1) a certified copy of an order showing that the automatic bankruptcy stay has been lifted or (2) an authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court."[16]

9.    I believe that, to the extent the automatic stay applies to the Debtor Parties in the Appeals, litigating to a final judgment in the State Appellate Court, rather than attempting to resolve the Debtor Parties' disputes through the bankruptcy process, will allow for the most efficient, expeditious and final resolution of these causes of action.

[*Remainder of page intentionally left blank.*]

---

[14]  *See* Court Order, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., May 28, 2015); Court Order, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., May 28, 2015); Court Order, *Tremble v. Luminant,* No. 06-15-0006-CV (Tex.App. 6th Dist., May 28, 2015).

[15]  *See* Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jun. 18, 2015); Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jun. 18, 2015); Luminant Mining Co.'s Motion to Reinstate Appeals, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jun. 18, 2015).

[16]  Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jun. 23, 2015); Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jun. 23, 2015); Ruling on Motion, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jun. 23, 2015). A copy of the Ruling on Motion filed in the Appeals is attached as **Exhibit B** hereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: July 21, 2015

                                                         */s/ Gary Moor*
                                                         Gary Moor
                                                         Corporate Secretary
                                                         Luminant Mining Company LLC