## Exhibit B

## Ruling on Motion



# Court of Appeals
### Sixth Appellate District
### State of Texas

| CHIEF JUSTICE<br>JOSH R. MORRISS, III | | CLERK<br>DEBRA K. AUTREY |
|---|---|---|
| JUSTICES<br>BAILEY C. MOSELEY<br>RALPH K. BURGESS | | BI-STATE JUSTICE BUILDING<br>100 NORTH STATE LINE AVENUE #20<br>TEXARKANA, TEXAS 75501<br>(903) 798-3046 |

June 23, 2015

Marc O. Knisely
Jackson, Sjoberg, McCarthy & Townsend, L.L.P.
711 W 7th Street
Austin, TX 78701
\* DELIVERED VIA E-MAIL \*

David E. Jackson
Jackson, Sjoberg, McCarthy & Townsend, LLP
711 W 7th St
Austin, TX 78701
\* DELIVERED VIA E-MAIL \*

**RE:**   Appellate Case Number:   06-15-00004-CV; 06-15-00005-CV; 06-15-00006-CV
            Trial Court Case Number:   2013-390; 2013-391; 2013-392

**Style:** Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, Wilmer Forrest Tremble, Jr., The Estate of Wilmer Forrest Tremble, Sr.
v.
Luminant Mining Company LLC, Energy Future Holdings Corporation and Subsidiaries

The Court reviewed and considered Luminant Mining Company's motions to reinstate the three referenced appeals, and as explained in greater detail below, those motions are **OVERRULED**. This Court's order abating these appeals stated,

> Any party may move to reinstate the appeal by promptly filing a motion to reinstate including, as an attachment, either a certified copy of an order showing that the automatic bankruptcy stay has been lifted or any other authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court.

The three identical motions seeking reinstatement fail to comply with the order in that they do not include (1) a certified copy of an order showing that the automatic bankruptcy stay has been lifted or (2) an authenticated document demonstrating that reinstatement is permitted by federal law and/or the relevant bankruptcy court.

The Court's purpose is neither to act as an unnecessary impediment to the lawful progress of these appeals nor to engage in a game of "hide the ball." Consequently, we advise you that the issue with which we are concerned is the interpretation of the phrase "against the debtor" as that phrase is used in the automatic stay provision of the Bankruptcy Code. *See* 11 U.S.C.A. §

362(a)(1). Under one interpretation of this phrase, "If the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code." *Freeman v. Comm'r*, 799 F.2d 1091, 1092–93 (5th Cir. 1986); *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506, 506–07 (Tex. App.—Houston [1st Dist.] 1988, no pet.). However, there are conflicting interpretations that would yield different results. *See, e.g., In re McDaniel*, 149 S.W.3d 860 (Tex. App.—Waco 2004, orig. proceeding) (discussing split of authority regarding determination of whether proceeding initiated by or against debtor and citing numerous cases discussing issue).

Given this unsettled state of the law, we find the more prudent course of action is to require any party desiring to reinstate these appeals to comply with the dictates of Rule 8.3 of the Texas Rules of Appellate Procedure, which are, in effect, the reinstatement dictates included in our order suspending and administratively abating these appeals.

As previously stated, because Luminant Mining Company's motions seeking reinstatement fail to comply with this court's suspension order, each such motion is hereby **OVERRULED**.

                                        Respectfully submitted,

                                        Debra K. Autrey, Clerk

                                        By _____
                                                                       Deputy

cc:     Billie Murphy Tremble