IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) Objection Deadline: August 12, 2015 at 4:00 pm |

**SEVENTH MONTHLY FEE STATEMENT OF
GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE
CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FROM JUNE 1, 2015 THROUGH JUNE 30, 2015**

| Name of Applicant | Goldin Associates, LLC |
|---|---|
| Authorized to Provide Professional Services to: | Energy Future Intermediate Holding Company, LLC, Debtors and Debtors-in-Possession |
| Date of Retention: | January 13, 2015 *nunc pro tunc* to December 11, 2014 |
| Period for which compensation and reimbursement is sought: | June 1, 2015 through June 30, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary: | $120,000 (80% of $150,000) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $833.84 |

This is a **X** monthly ___ interim __ final application. No prior application filed for this Fee Period.[2]

Pursuant to sections 327, 328, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Approving the Retention of Goldin Associates, LLC as Special*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Monthly Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order and objections to the relief requested in this Monthly Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Order.

*Financial Advisor to Energy Future Intermediate Holding Company LLC under Section 327(a) of the Bankruptcy Code, Effective Nunc Pro Tunc to December 11, 2014,* dated January 13, 2015 [D.I. 3277] (the "Retention Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Goldin Associates, LLC ("Goldin"), special financial advisor for Energy Future Intermediate Holding Company LLC as debtor and debtor in possession ("EFIH"), hereby files this monthly fee statement (this "Monthly Fee Statement") for: (i) compensation in the amount of $120,000 for the reasonable and necessary financial advisory services Goldin rendered to the Debtor from June 1, 2015 through June 30, 2015 (the "Fee Period") (80% of $150,000); and (ii) reimbursement for the actual and necessary expenses that Goldin incurred, in the amount of $833.84 during the Fee Period.

**Itemization of Services Rendered and Disbursements Incurred**

1. Goldin is not compensated in this matter by the hour, but through a structure of fixed fees and related compensation, such as was approved by the Retention Order. Accordingly, certain information appropriate to consideration of the fee requests of hourly-rate compensated professionals, such as blended rates or maturation, do not exist for Goldin.

2. In support of this Monthly Fee Statement, attached are the following exhibits:

- **Exhibit A** is a schedule of the hours expended on this matter during the Fee Period by each Goldin professional. Goldin professionals expended a total of 142.7 hours in connection with the EFIH chapter 11 cases during the Fee Period.

- **Exhibit B** is a schedule of the number of hours expended (on an aggregate basis) by Goldin professionals during the Fee Period with respect to each of the subject matter categories Goldin established in accordance with its internal

SL1 1376123v1 109285.00005

billing procedures. A general description of each subject matter is included in this exhibit.

- **Exhibit C** is a schedule setting forth the total amount of reimbursement sought with respect to each category of expenses for which Goldin is seeking reimbursement in this Monthly Fee Statement. All of these disbursements comprise Goldin's out-of-pocket expenses.

- **Exhibit D** is a detailed description of expenses for which Goldin is seeking reimbursement in this Monthly Fee Statement. All of these disbursements comprise the requested sum for Goldin's out-of-pocket expenses.

### Proposed Payment Allocation

3. In accordance with the Retention Order, all of Goldin's fees and expenses are to be paid by EFIH.

### Representations

4. Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period. Goldin reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.

### Certification of Compliance and Waiver

5. The undersigned representative of Goldin certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule except to the extent waived by the Retention Order or otherwise modified by orders of this Court and related guidance of the Fee Committee in this case, as permitted by orders of this Court establishing the Fee Committee and interim compensation procedures. To the extent

SL1 1376123v1 109285.00005

that the Application does not comply in all respects with the requirements of Local Rule 2016-2, as so modified, Goldin believes that such deviations are not material and respectfully requests that any such requirement be waived.

6. There is no agreement or understanding between Goldin and any person other than members of the firm for the sharing of compensation to be received for services rendered in this case.

WHEREFORE, Goldin requests allowance of its fees and expenses incurred during the Fee Period in the total amount of $120,833.84 consisting of (a) $120,000, which is 80% of the fees incurred by the EFIH for reasonable and necessary professional services rendered by Goldin; and (b) $833.84 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: July 22, 2015        */s/ David W. Prager*
            **GOLDIN ASSOCIATES, LLC**
            **David W. Prager**
            **Managing Director**
            **350 Fifth Ave.**
            **The Empire State Building**
            **New York, NY 10118**