# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No.: 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) ) | |
| | ) | **Objection Deadline: August 4, 2015 @ 4:00 p.m. ET** |
| | ) | **Hearing Date: August 11, 2015, 9:30 a.m. ET** |

## MOTION OF CHARLOTTE LIBERDA AND CURTIS LIBERDA
## TO APPOINT LEGAL REPRESENTATIVE

Charlotte Liberda and Curtis Liberda file this motion (this "Motion") for entry of an order appointing a legal representative to represent unmanifested asbestos claimants on all issues before this Court. August Liberda, the father of Charlotte and Curtis Liberda, died of mesothelioma after working for 47 years as a maintenance electrician at an Alcoa plant where he was exposed to asbestos for which EBASCO, a predecessor of one of the Debtors, is liable. Charlotte and Curtis were exposed to the asbestos their father brought home on his work clothes. As a result, they may manifest asbestos disease in the future for which one of the Debtors may be liable. As such, Charlotte and Curtis Liberda are unmanifested asbestos claimants as previously identified by this Court in its January 7, 2015 opinion on the Debtors' motion to set a bar date [D.I. 3183].[2] In support of this Motion, Charlotte and Curtis Liberda respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http;://www.efhcaseinfo.com. The debtors are referred to collectively and individually herein as the "Debtors."

[2] This pleading adopts terminology utilized in the January 7, 2015 opinion. The Liberdas might be categorized as "potential unmanifested claimants" or "exposed persons" by the Debtors. The relief the Liberdas seek is for themselves and similarly situated individuals who are subject to a claims bar date in these bankruptcy cases.

{ENERGYFU/001/00043201.DOC/}

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the movants consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code").

**Relief Requested**

4. By this motion, Charlotte and Curtis Liberda seek entry of an order appointing a legal representative to represent the interests of unmanifested asbestos claimants.

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of

the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420] and a second official committee of unsecured creditors (the "EFH Committee") on October 27, 2014 [D.I. 2570].

6. On July 23, 2014, the Debtors filed a motion for entry of an order setting bar dates for the filing of proofs of claim (the "Bar Date Motion") [D.I. 1682]. Included in the Bar Date Motion was a request to set a bar date for claims of unknown persons that have yet to manifest any sign of illness from exposure to asbestos ("Unmanifested Claimants"). On January 7, 2015, this Court issued an opinion granting the Debtors' request to establish a bar date for Unmanifested Claimants (the "Bar Date Opinion") [D.I. 3183].

7. The briefing and ruling surrounding the Bar Date Motion made clear that the interests of Unmanifested Claimants are wholly unrepresented in these bankruptcy cases. In ruling, this Court noted, "While the Unmanifested Claimants would have standing to object to the bar date at issue herein, the Court finds that the PI Law Firms [firms representing current asbestos claimants] do not have standing to raise an objection to the Bar Date Motion." Bar Date Opinion at p. 7. In seeking an emergency adjournment of the hearing to approve the form and manner for filing asbestos proofs of claim and the notice procedures (the "Emergency Motion of the EFH Official Committee"), the EFH Committee conceded that a conflict of interest exits between the EFH Committee and the Unmanifested Claimants because the interests of the present claimants, who the EFH Committee represents, "is to maximize their own recovery, which may require minimizing the claims of Unmanifested Asbestos Claims." Emergency Motion at p. 5, fn. 4 [D.I. 4553].

8. In the Bar Date Opinion, this Court ruled on the narrow issue of whether Unmanifested Claimants must file proofs of claim, but left unresolved the issue of whether the Court should appoint a representative for those Unmanifested Claimants, stating, "[T]he court will consider such proposals as they are presented to it." Bar Date Opinion at p. 33. Today, Charlotte and Curtis Liberda, on behalf of all Unmanifested Claimants, present such a proposal for consideration by this Court.

**Basis For Relief**

9. Thirty years ago, the United States Court of Appeals for the Third Circuit unequivocally held that future asbestos claimants are entitled to their own legal representative in a chapter 11 reorganization. *In re Amatex Corp.*, 755 F.2d 1034, 1042 – 43 (3d Cir. 1985). The Third Circuit began with the premise that whether or not future claimants have claims in the technical bankruptcy sense, future claimants have a stake in the outcome of the case. *Id*. at 1041. Because future claimants have a stake in the outcome of the case, future claimants are "parties in interest" pursuant to section 1109(b) of the Bankruptcy Code and have the right to appear and be heard in the bankruptcy case. *Id*. at 1042; 11 U.S.C. §1109(b). The Third Circuit noted that the corollary to the absolute right to be heard is fair representation in the bankruptcy case. *Id*. ("Section 1109(b) continues the pattern of permitting interested parties in bankruptcy cases the absolute right to be heard and to insure their fair representation."). In *Amatex,* similar to these cases, none of the parties already involved had interests similar to those of future claimants, compelling the Third Circuit to conclude, "Because of the adverse interests of the other parties, it would appear that future claimants require their own representative." *Id.* at 1043.

10. In the Bar Date Opinion, this Court already found that the Unmanifested Claimants had standing to appear and be heard, at least as to the bar date issues. Bar Date

Opinion at p. 7. The Unmanifested Claimants have an even greater stake in their ultimate treatment under a plan of reorganization and are "parties in interest" with an absolute right to appear and be heard pursuant to 11 U.S.C. §1109(b). In the Bar Date Opinion, this Court, like the Third Circuit, also impliedly recognized the right to counsel as the corollary to the right to be heard. This Court cited with approval the *Johns Manville* case, where the court also found that future asbestos claimants have standing to be heard and have a right to counsel. Bar Date Opinion at p.7, fn. 14, citing *In re Johns Manville Corp.*, 36 B.R. 743, 746 (Bankr. S.D.N.Y. 1984).

11. Today, the Unmanifested Claimants have no one who can appear before this Court and be heard on their behalf. The members of this group of Unmanifested Claimants are largely unknown to themselves and to each other. Those representing current asbestos victims cannot voice the concerns of future victims. Fairness, the Bankruptcy Code, and binding precedent all dictate that someone must speak on behalf of the unknown and Unmanifested Claimants. Charlotte and Curtis Liberda and the thousands of other Unmanifested Claimants are entitled to a voice in these proceedings; they are entitled to a legal representative.

WHEREFORE, for the reasons set forth herein, Charlotte and Curtis Liberda respectfully request that this Court enter an order appointing a legal representative to represent the interests of the Unmanifested Claimants.

| | | |
|---|---|---|
| Dated: July 22, 2015 | By: | /s/ *Daniel K. Hogan* |
| | | Daniel K. Hogan (# 2814) |
| | | **HOGAN♦McDANIEL** |
| | | 1311 Delaware Avenue |
| | | Wilmington, Delaware 19806 |
| | | Telephone: (302) 656-7540 |
| | | Facsimile: (302) 656-7599 |
| | | dkhogan@dkhogan.com |

-and-

Frances Gecker (ARDC #6198450)
Joseph D. Frank (ARDC #6216085)
**FrankGecker LLP**
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

*Counsel for Charlotte and Curtis Liberda, Unmanifested Claimants*