## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

## NOTICE OF SUBPOENA TO
## TPG CAPITAL, L.P.
## <u>TO PRODUCE DOCUMENTS</u>

TO: TPG Capital, L.P.
   c/o Wachtell, Lipton, Rosen & Katz
   51 West 52nd Street
   New York, New York 10019
   Attn: Richard G. Mason, John F. Lynch, Emil A. Kleinhaus

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26, 30, 34, and 45 of the Federal

Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 7026, 7030,

7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, the Official Committee of

Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate

Holding Company LLC, EFIH Finance, Inc., and Enserch Engineering and Construction, Inc.

(the "EFH Committee"), by its undersigned counsel, is serving the attached Subpoena to TPG

Capital, L.P. to produce documents identified in the attached Schedule A, in accordance with the

*Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols*

*in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein. A complete list of such

*Certain Dates in the Disclosure Statement Scheduling Order* [D.I. 4916], and in connection with

the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to*

*Chapter 11 of the Bankruptcy Code* [D.I. 5078], as it may be amended (the "Plan"), and the

*Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding*

*Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization* [D.I. 4147],

and the relief requested therein.  The documents shall be produced on or before August 27, 2015,

at 9:30 a.m. (Eastern Time) at the offices of Montgomery, McCracken, Walker & Rhoads, LLP,

1105 North Market Street, 15th Floor , Wilmington, Delaware 19801 (or such other time and

place as may be agreed to by the parties).


Dated:   Wilmington, Delaware       **MONTGOMERY McCRACKEN WALKER**
       July 28, 2015                   **& RHOADS, LLP**

                                */s/ Mark A. Fink*
                              Natalie D. Ramsey (DE Bar No. 5378)
                              Mark B. Sheppard
                              Sidney S. Liebesman (DE Bar 3702)
                              Mark A. Fink (DE Bar No. 3946)
                              1105 North Market Street, 15th Floor
                              Wilmington, Delaware  19801
                              Telephone:  (302) 504-7800
                              Facsimile:  (302) 504 -7820
                              E-mail:      nramsey@mmwr.com
                                        msheppard@mmwr.com
                                        sliebesman@mmwr.com
                                        mfink@mmwr.com

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Energy Future Holdings Corp., et al.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __14-10979(CSS)__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __TPG CAPITAL, L.P._____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Montgomery, McCracken, Walker & Rhoads, 1105 North Market Street, 15th Floor, Wilmington, DE 19801 | August 27, 2015 at 9:30 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/28/2015__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure, and the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* (the "Confirmation Scheduling Order") [D.I. 4916], the EFH Committee, by and through its undersigned counsel, on behalf of itself and certain Participating Parties (as defined in the Confirmation Scheduling Order), hereby requests TPG Capital, L.P. produce all Documents described below in its possession, custody, or control, including in the possession, custody, or control of any of its Affiliates, in accordance with the definitions and instructions set forth below.

### DEFINITIONS

1.      "Affiliate" of any specified Person shall mean any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

2.      "Bankruptcy Code" shall mean Title 11 of the United States Code, and all provisions thereof.

3.      "Chapter 11 Cases" shall mean the Chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014, and jointly administered as case number 14-10979.

4.      "Claim" shall mean any claim against any Debtor as defined in Section 101(5) of the Bankruptcy Code.

5.      "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, including, but not limited to, any of the following:  (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

6.      "Debtors" shall mean, collectively, EFH Corp. and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, Affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, representatives, and other persons acting on its behalf, including, but not limited to, K&E, Sidley, Evercore, Filsinger, and Alvarez & Marsal North America, LLC.

7.      "Disclosure Statement" shall mean the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5080], as it may be amended.

8.      "Disinterested Directors" shall mean, collectively, the EFIH Independent Manager, the EFH Disinterested Directors, and the TCEH Disinterested Manager.

9.      "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, Communication or representation has been recorded by any means, and includes, but is not limited to, all electronically stored information, Communications, sworn

-2-

statements, deposition transcripts, affidavits, recordings, photographs, computer data, electronic

mail, handwritten notations, correspondence, memoranda, notes, financial calculations, calendars,

appointment books, and all other writings and recordings of every kind that are in your actual or

constructive possession, custody, or control.

10.    "EFH" or "EFH Corp." shall mean Energy Future Holdings Corporation, its

predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or

their respective current or former directors, officers, employees, agents, attorneys, advisors, and

representatives.

11.    "EFH Committee" shall mean the Official Committee of Unsecured Creditors of

EFH, EFIH, EFIH Finance, Inc., and EECI.

12.    "EFH Disinterested Directors" shall refer to Donald L. Evans and Billie I.

Williamson, and any consultants, accountants, attorneys, financial advisors, and any other person

currently or formerly acting or purporting to act on their behalf, including, but not limited to,

Proskauer Rose LLP and Solic Capital, which were retained under the supervision of Mr. Evans

and Ms. Williamson to render professional services with respect to Independent Matters, as that

term is used in the Protocol for Certain Case Matters.

13.    "EFIH" shall mean Energy Future Intermediate Holding Company LLC, its

predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or

their respective current or former directors, officers, employees, agents, attorneys, advisors, and

representatives.

14.    "EFIH Independent Manager" shall refer to Mr. Charles H. Cremens and any

consultants, accountants, attorneys, financial advisors, and any other person currently or

formerly acting or purporting to act on his behalf, including, but not limited to, Cravath, Swaine

& Moore LLP and Goldin Associates, LLC, which were retained under the supervision of
Mr. Cremens to render professional services with respect to Independent Matters, as that term is
used in the Protocol for Certain Case Matters.

15.    "Evercore" shall mean Evercore Group L.L.C. and/or all of its current and former
Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives,
employees, agents, consultants, accountants, attorneys, financial advisors, predecessors,
successors, assigns, and any other person currently or formerly acting or purporting to act on
their behalf for any purpose whatsoever.

16.    "Filsinger" shall mean Filsinger Energy Partners and/or all of its current and
former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors,
representatives, employees, agents, consultants, accountants, attorneys, financial advisors,
predecessors, successors, assigns, and any other person currently or formerly acting or
purporting to act on their behalf for any purpose whatsoever.

17.    "K&E" shall mean Kirkland & Ellis LLP and/or all of its current and former
partners, representatives, employees, agents, consultants, accountants, predecessors, successors,
assigns, and any other person currently or formerly acting or purporting to act on their behalf for
any purpose whatsoever.

18.    "Person" or "persons" shall mean all natural persons, corporations, partnerships or
other business associations, and all other legal or governmental entities or associations.

19.    "Petition Date" shall mean April 29, 2014.

20.    "Plan" shall mean the *Amended Joint Plan of Reorganization of Energy Future
Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5078], as it may be
amended.

21.     "Prepetition Intercompany Claims" shall mean any Claims, causes of action, or disputes among EFH, EFIH, and TCEH arising before the Petition Date, including avoidance actions under sections 544, 547, and 548 of the Bankruptcy Code.

22.     "Private Letter Ruling" refers to the written request filed by EFH with the IRS dated June 10, 2014, as defined in the Plan.

23.     "Protocol for Certain Case Matters" shall mean the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [D.I. 2051], as amended.

24.     "REIT Reorganization" has the meaning ascribed to it in the Plan.

25.     "Restructuring" shall broadly mean any actual or potential modification considered, contemplated, proposed, attempted and/or made to the debt, operations, ownership, or structure of any Debtor.

26.     "Settlement" shall mean the proposal in the Plan to settle any Prepetition Intercompany Claims, including allowance of the TCEH Settlement Claim (as defined in the Plan).

27.     "Sidley" shall mean Sidley Austin LLP and/or all of its current and former partners, representatives, employees, agents, consultants, accountants, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

28.     "Sponsors" shall mean Kohlberg Kravis Roberts & Co. LP, TPG Global, LLC and/or GS Capital Partners and/or all of their current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any

other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

29.     "TCEH" shall mean Texas Competitive Electric Holdings Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

30.     "TCEH Disinterested Manager" shall refer to Mr. Hugh Sawyer and any consultants, accountants, attorneys, financial advisors, and any other person currently or formerly acting or purporting to act on his behalf, including, but not limited to, Munger, Tolles & Olson LLP and Greenhill & Co., Inc., which were retained under the supervision of Mr. Sawyer to render professional services with respect to Independent Matters, as that term is used in the Protocol for Certain Case Matters.

31.     "You" or "your" shall refer to any person to whom these Document requests have been addressed and all of their current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

32.     The terms "relating to" and "concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

**INSTRUCTIONS**

1.      Each request for Documents requires the production of all Documents described herein, in your possession, custody or control, including, but not limited to, those Documents in the custody or possession of current or former members, direct or indirect subsidiaries, parents, Affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives, or investigators.

2.      All Documents are to be produced as they are kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.

3.      In responding to each request, if any Document requested has been amended (including by an amendment and restatement), or any waiver, consent, supplement, forbearance or other similar instrument has been entered into in connection with any such Document, furnish each such amendment, amendment and restatement, waiver, consent, supplement, forbearance, or other similar instrument.

4.      In responding to each such request, furnish all exhibits, schedules, annexes, appendices, or any other ancillary Documents related to each Document produced.

5.      All drafts and non-identical copies of responsive Documents must be produced. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of your response.  Likewise, any draft, preliminary form, or superseded version of any Document is also to be considered in a separate Document.

6.      To the extent applicable, furnish executed versions of each Document requested.

7.      The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

8.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

9.      If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

10.     If you object to any part of a Document request, state the specific basis for the objection and produce Documents responsive to all parts of the request to which you do not object.

11.     Any information or Document withheld from production by virtue of any claim of privilege or for any other reason shall be identified in accordance with the terms of Paragraph 14 of the Confirmation Scheduling Order.

12.     These Document requests shall be deemed continuing so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

13.     If any requested Document has been produced in connection with any prior request and that Document exists in the Data Repository (as that term is used in the *Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [D.I. 1832]), identify the production number and the date of production.

14.     All Documents shall be produced in accordance with the E-Discovery Protocol attached as Exhibit 1 to the Confirmation Scheduling Order.

-8-

15.     The use of the singular form of any word shall include the plural form, and the plural form shall include the singular form.

16.     The use of the present tense of any word includes the past tense, the use of the past tense of any word shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

17.     "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

## DOCUMENT REQUESTS

1.     All Communications with the Debtors or any other Person from and after the Petition Date relating to the negotiation or development of the Plan and its supporting documentation, including, but not limited to the Backstop Agreement (as defined in the Plan), and all Documents related thereto.

2.     All Documents and Communications from and after the Petition Date provided to, or received from, any Debtor or any other Person concerning any plan of reorganization or Restructuring of any Debtor.

3.     All Documents and Communications before the Petition Date provided to, or received from, any Debtor or any other Person concerning any plan of reorganization or Restructuring of any Debtor.

4.     All Documents from and after the Petition Date provided to, or received from, the Sponsors relating to the Plan or Restructuring of any Debtor, and all related Communications.

5.     All Documents and Communications with any Person relating to any analysis of either the "Merger Scenario" or "Standalone Scenario" (as each is defined in the Plan), including but not limited to, the feasibility or risks associated with each.

6.      All Documents and Communications with any Person relating to, describing, or memorializing the substance of any negotiations or discussions leading to the development and proposal of the "Merger Scenario" and the "Standalone Scenario," as contained in the Plan and described in the Disclosure Statement.

7.      All Documents and Communications relating to the Settlement Agreement and the settlement contained therein.

8.      All Documents and Communications with the Debtors and/or and other Person relating to the Settlement or the Plan, including, but not limited to, the Releases provided in Article VIII of the Plan.

9.      All Documents and Communications relating to any consideration or analysis of whether and to what extent any Person should be included as a "Released Party" or "Releasing Party," as described in the Disclosure Statement and defined in the Plan.

10.      Any internal Communications of the Sponsors and Communications between and among the Sponsors relating to the Settlement or the Plan, including, but not limited to, the Releases provided in Article VIII of the Plan.

11.      All Documents and Communications with the Debtors and/or and other Person before the Petition Date relating to whether the Sponsors should receive releases and scope of any releases to be provided to the Sponsors in connection with any plan of reorganization or Restructuring of any Debtor.

12.      All Documents and Communications with any Person relating to whether the Sponsors should be included as a "Released Party" as defined in the Plan.

13.      All Documents and Communications with the Debtors and/or and other Person before the Petition Date relating to whether the Sponsors should receive releases and scope of

any releases to be provided to the Sponsors in connection with any plan of reorganization or Restructuring of any Debtor.

14.     To the extent not previously produced, all Documents and Communications relating to any cash or other value received by any Sponsor from any Debtor from February 26, 2007 through the Petition Date.

15.     All Documents and Communications with any Person from and after the Petition Date concerning valuation of the Debtors' assets or businesses, including without limitation, enterprise value, equity value and share value of EFH and each of its affiliated entities, on a consolidated and non-consolidated basis.

16.     To the extent not previously produced, all Documents and Communications with any Person from February 26, 2007 to the Petition Date concerning valuation of the Debtors' assets or businesses, including without limitation enterprise value, equity value and share value of EFH and each of its affiliated entities, on a consolidated and non-consolidated basis.

17.     All Documents and Communications with any Person relating to any analysis or consideration of the merits of the Prepetition Intercompany Claims and/or the Settlement.

18.     All Documents and Communications concerning conditions associated with new and additional sources of financing to be provided to the Debtors in accordance with the Merger Scenario in the Plan.

19.     All Documents and Communications related to the "Conditions Precedent to the Effective Date" as set forth in Article IX.B of the Plan.

20.     All Documents and Communications related to any regulatory approvals required to consummate the REIT Reorganization under the Merger Scenario as set forth in the Plan.

21.     All Documents and Communications related to the Private Letter Ruling required to consummate the REIT Reorganization under the Merger Scenario.

22.     All Documents and Communications concerning negotiations with the Debtors or any Person or constituency regarding conditions precedent to any plan involving a REIT Reorganization.

23.     All Communications with the Debtors and/or any Person relating to the provision of "third-party releases of direct and indirect Holders of Interests in EFH Corp. and its affiliates," as described in the Disclosure Statement and provided in the Plan.

24.     All Documents and Communications related to bids received in connection with the Bidding Procedures.

25.     To the extent not previously produced, all Documents and Communications requested in connection with any discovery propounded or served upon the Sponsors pursuant to the Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation Its Affiliates, and Certain Third Parties and Other Related Matters, dated August 13, 2014 (Dkt. No. 1832) (the "Legacy Discovery Protocol"), including without limitation the Initial Consolidated Requests to Sponsors dated September 12, 2014.