IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF RICHARD LEVIN RELATING TO APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**

I, Richard Levin, declare under penalty of perjury as follows:

1. I am a partner in the firm of Jenner & Block LLP ("**Jenner**"), with an office located at 919 Third Avenue, New York, NY 10022, and have been duly admitted to practice law in the State of California, the State of New York, the Commonwealth of Massachusetts and the District of Columbia and have been admitted to the bar of this Court *pro hac vice*.

2. This Second Supplemental Declaration supplements the Declaration that I submitted as Exhibit E in support of the Application for Order Approving Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective *Nunc Pro Tunc* to May 18, 2015 (the "**Application**") [ECF 4792] and the Supplemental Declaration that I submitted [ECF 4901]. I

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

am authorized to submit this Second Supplemental Declaration. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[2]

**Disinterestedness**

3. As disclosed in my Declaration (ECF 4792-5, Ex. E, ¶ 15), both before and after my joining Jenner, Vince Lazar, a partner in the firm, has been providing advice to a counterparty to an executory contract with TCEH, which has not yet been assumed or rejected. Jenner concluded that its representation of the TCEH contract counterparty did constitute representation of an interest adverse to the EFIH estate, did not prevent Jenner from being disinterested as to the EFIH estate, did not present a conflict of interest that otherwise would preclude or restrict Jenner from representing EFIH under non-bankruptcy ethics rules, and did not disqualify Jenner for employment as counsel to EFIH. Still, as a precaution, Jenner established a screening procedure when I joined the firm so that the Jenner attorneys involved in advising and representing EFIH and Mr. Lazar, who advised the TCEH contract counterparty would not share any information about their matters with each other.

4. Upon further evaluation, and based on its earlier determinations described in the preceding paragraph, Jenner has concluded that the screening procedure was not and is not now required. Accordingly, Jenner intends to terminate the screening procedure, such that Mr. Lazar and any other attorneys working on the TCEH executory contract matter may also advise and represent EFIH.

**Connections**

5. In addition, Mr. Lazar has a personal relationship with a professional at Mesirow Financial Consulting. Mesirow is advising a creditor and member of the EFH creditors'

---

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings set forth in the Application.

3

committee, American Stock Transfer & Trust Company, LLC, as successor indenture trustee. Consistent with his ethical obligations, Mr. Lazar will not discuss any confidential matter involving this representation with the Mesirow professional, and to the extent any matter were to arise requiring interaction with the Mesirow professional, a different Jenner attorney would handle those aspects of the representation.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 30, 2015                    /s/ *Richard Levin*
                                        Richard Levin

NEW_YORK\102102.1-LEVINRB