# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## ORDER (A) SETTING BAR DATE FOR FILING ASBESTOS PROOFS OF CLAIM, (B) APPROVING THE FORM OF AND MANNER FOR FILING ASBESTOS PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order establishing a deadline for filing certain claims in these chapter 11 cases, and upon consideration of briefing and argument submitted with respect to the entry of an order (this "Asbestos Bar Date Order") (a) establishing a deadline for filing certain asbestos claims (the "Asbestos Claims") in these chapter 11 cases, (b) approving the form and manner for filing such claims, and (c) approving notice thereof; and upon the Court's Opinion, issued January 7, 2015, approving the establishment of a bar date for all prepetition asbestos claims, including unmanifested asbestos claims [D.I. 3183]; and upon the *Debtors' Supplemental Memorandum of Law With Respect to the Bar Date Motion and in Support of (A) The Form of and Manner for Filing Asbestos Proofs of Claim and (B) The Form and Manner of Notice of Bar Date with Respect to Asbestos Proofs of Claim* (the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests For Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1682].

"Memorandum"), the Katchadurian Declaration, and the Azari Declaration; and upon the *Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 4883] (the "Objection") and the Kinsella Declaration [D.I. 4884]; and upon the *Debtors' Reply to the Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 4983] (the "Reply"),[3] the Supplemental Katchadurian Declaration [D.I. 4984], and the Supplemental Azari Declaration [D.I. 4985]; and this Court having overruled the Objection; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion, as modified through subsequent discussions between the Debtors and the EFH Official Committee, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the Memorandum, or the Reply, as appropriate.

2

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

I. **The Asbestos Bar Date and Procedures for Filing Asbestos Proofs of Claim.**

2. Each entity[4] that asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that is based upon an asbestos-related illness or injury that became manifest and that arose (or is deemed to have arisen) prior to the Petition Date and that are not property damage claims or claims for contractual or common law indemnification or contribution ("Manifested Asbestos Claims"), including Known Asbestos Claimants, shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 10.[5] Each entity that has not yet manifested an asbestos-related illness or injury but asserts a claim (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose (or is deemed to have arisen) prior to the Petition Date based on exposure of that entity (or a family member of that entity) to asbestos, whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law, and that are not property damage claims or claims for contractual or common law indemnification ("Unmanifested Asbestos Claims"), shall be

---

[4] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[5] Copies of Official Form 10 may be obtained by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; (c) writing to the Debtors' Claims Processing Center, Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4613, New York, NY 10163-4613; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 2** (the "Unmanifested Asbestos Claim Form"). Except in the case of certain exceptions explicitly set forth herein, **all proofs of claim must be filed so that they are actually received on or before December 14, 2015, at 5:00 p.m., prevailing Eastern Time (the "Asbestos Bar Date"), at the addresses and in the form set forth herein.** The Asbestos Bar Date applies to all Asbestos Claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including claims held by governmental units against the Debtors, except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in this Asbestos Bar Date Order.[6]

3. All proofs of claim must be filed so as to be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the noticing and claims agent retained in these chapter 11 cases, on or before the Asbestos Bar Date. If proofs of claim are not received by Epiq on or before the Asbestos Bar Date, then, absent subsequent order of the Court, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

---

[6] Pursuant to the *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements and the Bar Date for Customer Claims* [D.I. 307] (the "Customer Claims Bar Date Order") and the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order"), the Court established October 27, 2014, as the Customer Claims Bar Date and the General Bar Date, the date by which customer claims, as discussed in the Customer Programs Motion, and all proofs of claim, except for Asbestos Claims, must be filed. Nothing in this Asbestos Bar Date Order will affect the Customer Claims Bar Date or the General Bar Date, and all terms and conditions set out in the Customer Claims Bar Date Order and General Bar Date Order will continue to apply to customer claims and all other claims except for Asbestos Claims, to the extent and as provided for under such Orders.

## II. Parties Exempted from the Asbestos Bar Date.

4. The following categories of persons or entities with claims against one of more of the Debtors shall not be required to file a proof of claim by the Asbestos Bar Date:

(a) any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 10;

(b) any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c) any entity whose claim has previously been allowed by order of the Court or whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(d) any Debtor having a claim against another Debtor;

(e) any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(f) a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a proof of claim by the Asbestos Bar Date for all claims arising before the Petition Date based on prepetition exposure to asbestos, including Asbestos Claims that have not manifested in a current illness or injury, and whether or not such Asbestos Claims have accrued a valid cause of action under nonbankruptcy law;

(g) any entity holding a claim for which a separate deadline is or has been fixed by this Court;

(h) any person or entity holding a claim **not** relating to: (i) the Debtors and/or the Debtors' predecessors that are expressly identified in connection with the Notice Plan, or (ii) facilities relating to the Debtors and/or the Debtors' predecessors that are expressly identified in connection with the Notice Plan;

(i) any person or entity holding a claim relating to facilities located outside of the United States relating to the Debtors and/or the Debtors' predecessors, except to the extent (i) such person or entity resides inside the United States during the notice period or receives by direct mail the Asbestos Bar

                Date Package, and (ii) the claim relates to facilities that are expressly identified in connection with the Notice Plan; and

    (j)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course.

### III. Substantive Requirements for Proofs of Claim Relating to Manifested Asbestos Claims.

5.    Except as otherwise stated herein, the following requirements shall apply with respect to filing and preparing each proof of claim for Manifested Asbestos Claims:

    (a)    ***Contents.*** Each proof of claim must: (i) be written in English; (ii) include a claim amount (if liquidated) denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    (b)    ***Original Signatures Required.*** Only *original* proofs of claim may be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

    (c)    ***Identification of the Debtor Entity.*** Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. In case of inconsistency between the name of the identified Debtor and the Debtor's case number, the proof of claim will be filed against the Debtor identified by name. A proof of claim filed under the joint administration case number (No. 14-10979 (CSS)) or otherwise without identifying a specific Debtor, will be deemed as filed only against EECI Inc. A proof of claim filed without properly identifying a Debtor will be deemed as filed only against EECI Inc.

    (d)    ***Claim Against Multiple Debtor Entities.*** Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against EECI Inc.

    (e)    ***Special Provision for Identification of Debtor Entity for Asbestos Claims.*** A proof of claim that asserts an Asbestos Claim shall not be disallowed on the ground that such proof of claim was filed against the incorrect Debtor and will be treated as properly filed against each Debtor or Debtors which owned, operated, built or maintained an identified facility; *provided, however,* that the Debtors reserve the right to assert all

other objections with respect to such proof of claim, including reassigning the Debtor(s) subject to such claim.

(f) **Certification.** Any lawyer or other person who acts as filing agent for a proof of claim on behalf of any person holding a Manifested Asbestos Claim must certify, under penalty of perjury, that such agent has received certification as of the date of filing of the proof of claim from the holder of such Manifested Asbestos Claim, that the information contained in the proof of claim is true, accurate, and complete.

(g) **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, however*, that any creditor shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

(h) **Timely Service.** Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be **actually received** by Epiq on or before the Asbestos Bar Date set forth herein (or, where applicable, on or before any other bar date as set forth by order of the Court) at one of the following addresses:

If by First-Class Mail:

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4420
Beaverton, OR 97076-4420

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

> **PROOFS OF CLAIM RELATING TO MANIFESTED ASBESTOS CLAIMS SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(i) **Receipt of Service.** Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form or Official Form 10 (clearly marked on its face as "COPY") and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim Form or Official Form 10 sent to Epiq).

IV. **Substantive Requirements for Proofs of Claim Relating to Unmanifested Asbestos Claims.**

6. Except as otherwise stated herein, the following requirements shall apply with respect to filing and preparing each proof of claim for Unmanifested Asbestos Claims:

(a) *Contents.* Each proof of claim must: (i) be written in English; (ii) conform substantially with the Unmanifested Asbestos Claim Form; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) *Identification of Exposure.* Each proof of claim must clearly identify the plants and/or locations from the list expressly identified in connection with the Notice Plan at which asbestos exposure may have occurred (if known), the type of possible asbestos exposure (i.e. the claimant or family member), and the estimated dates of exposure (if known).

(c) *Certification of Claimant.* Each claimant must certify that the information provided on the Unmanifested Asbestos Claim Form is true, accurate and complete to the best of the claimant's knowledge.

(d) *Certification of Lawyer or Agent.* Any lawyer or other person who acts as filing agent for a proof of claim on behalf of any person holding an Unmanifested Asbestos Claim must certify, under penalty of perjury, that such agent has received certification as of the date of filing of the proof of claim from the holder of such Unmanifested Asbestos Claim, that the information contained in the proof of claim is true, accurate, and complete to the best of the claimant's knowledge.

(e) *Timely Service.* Each proof of claim must be filed so as to be **actually received** by Epiq on or before the Asbestos Bar Date set forth herein (or, where applicable, on or before any other bar date as set forth by order of the Court) at one of the following:

If by First-Class Mail:

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4420
Beaverton, OR 97076-4420

If by Hand Delivery or Overnight Mail:

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd

8

    Beaverton, OR 97005

    If by Email: info@EFHAsbestosClaims.com

    If by facsimile: 1-844-747-5727

    If by the Internet: www.EFHAsbestosClaims.com

  (f) *Receipt of Service*. Claimants wishing to receive acknowledgment that their proofs of claim were received by Epiq must submit (i) a copy of the Unmanifested Asbestos Claim Form (clearly marked on its face as "COPY") and (ii) a self-addressed, stamped envelope (in addition to the original Unmanifested Asbestos Claim Form sent to Epiq).

**V.** **Procedures for Providing Notice of the Asbestos Bar Date.**

  7. The Debtors are authorized to implement the Revised Notice Plan as attached to the Supplemental Azari Declaration as **Exhibit A**, including, but not limited to, each of the following components.

  **A.** **Direct Mailing of the Asbestos Bar Date Notice to Known Asbestos Claimants.**

  8. No later than July 30, 2015, the Debtors shall cause a written notice of the Asbestos Bar Date, substantially in the form attached hereto as **Exhibit 3** (the "Asbestos Bar Date Notice"), the Cover Letter to Known Asbestos Claimants, a copy of the Publication Notice, personalized Proof of Claim Form (as discussed below) and Unmanifested Asbestos Claim Form, to be mailed via first class mail to the counsel of known holders of Asbestos Claims that are currently pending against the Debtors (the "Known Asbestos Claimants") as well as each Known Asbestos Claimant (if mailing information for such Known Asbestos Claimants is known).

  9. The Debtors shall provide all Known Asbestos Claimants and their counsel (if known) listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the Known Asbestos Claimants' Asbestos Claim in the

9

Schedules, including, without limitation: (a) the identity of the Debtor against which the Asbestos Claim is scheduled; (b) the amount of the scheduled Asbestos Claim, if any; (c) whether the Asbestos Claim is listed as contingent, unliquidated, or disputed; and (d) whether the Asbestos Claim is listed as secured, unsecured priority, or unsecured non-priority. Each Known Asbestos Claimant shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any Known Asbestos Claimant may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 10.

### B. Direct Mailing of the Asbestos Bar Date Notice to Employees and Contractors.

10. The Debtors shall conduct a reasonable search of their reasonably available records to attempt to identify current and previous employees and contractors of the Debtors and/or their predecessors who may have been exposed to asbestos in the course of their employment by the Debtors and/or the Debtors' predecessors or work for the Debtors and/or the Debtors' predecessors, including those who have not yet asserted the existence of an Asbestos Claim against the Debtors and/or the Debtors' predecessors (the "Employees and Contractors"). No later than July 30, 2015, the Debtors shall mail the Asbestos Bar Date Notice, the Cover Letter to Employees and Contractors, Official Form 10 and Unmanifested Asbestos Claim Form (which, for the avoidance of doubt, will not be "personalized") (together, the "Asbestos Bar Date Package")[7] to the last known mailing address and the updated address, if any, of the Employees and Contractors.

---

[7] To the extent that the Debtors obtain sufficient information to do so for any mailing, the Debtors may replace Official Form 10 in the Asbestos Bar Date Package with a personalized Proof of Claim Form.

C. **Supplemental Mailings.**

11. After the initial mailings to Known Asbestos Claimants and Employees and Contractors, the Debtors shall make supplemental mailings of notices or Asbestos Bar Date Packages to Known Asbestos Claimants or Employees and Contractors, in the event that: (a) notices are returned by the post office with forwarding addresses; or (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing. In this regard, the Debtors shall make supplemental mailings of the Asbestos Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Asbestos Bar Date, with any such mailings being deemed timely and the Asbestos Bar Date being applicable to the recipient creditors.

12. Within 21 days in advance of the Asbestos Bar Date, the Debtors shall establish supplemental bar dates ("Supplemental Bar Dates") with respect to Known Asbestos Claimants or Employees and Contractors, in the event that: (a) notices are returned by the post office with forwarding addresses; or (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing. With respect to such Supplemental Bar Date, the Debtors shall: (a) file a notice of the Supplemental Bar Date with the Court, and (b) mail notice of the Supplemental Bar Date to the applicable claimants subject to the Supplemental Bar Date. The Supplemental Bar Date shall be established on a date that is no later than 21 days from the date on which the Asbestos Bar Date Package was mailed to the applicable claimants.

D. **Publication of Asbestos Bar Date Notice.**

13. No later than September 13, 2015, the Debtors shall cause the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, to be published to each of the publications

discussed in the Notice Plan. To the extent it is not possible to cause the Asbestos Publication Notice to be published to a particular publication on the timelines provided in the Notice Plan, the Debtors shall cause the Asbestos Publication Notice to be published as close to these timelines as reasonably practicable, *provided, however*, that a failure to publish the Asbestos Publication Notice to a particular publication in the Notice Plan on the timelines provided in this paragraph, despite good faith efforts to do so, shall not be considered noncompliance with this Asbestos Bar Date Order and shall not excuse any creditor from filing a proof of claim or from any other requirement of this Asbestos Bar Date Order. At the Debtors' election, the Debtors may publish the Asbestos Publication Notice in additional publications.

E.    **Dedicated Website and Toll-Free Number.**

14.    The Debtors shall establish the Asbestos Bar Date Website and the Toll-Free Number as soon as practicable but in no event later than July 30, 2015. The Asbestos Bar Date Website and Toll-Free Number will be prominently displayed in all printed notice documents and other paid advertising.

F.    **Internet Banner Advertising and Sponsored Search Listings.**

15.    No later than August 29, 2015, the Debtors shall (i) place Banner Advertisements linking to the Asbestos Bar Date Website on the following websites or advertising networks: *AARP.com, Conversant Ad Network, Facebook, MSN* and *Yahoo! Ad Network*, and (ii) establish sponsored Internet search listings linking to the Asbestos Bar Date Website from the Google, Yahoo!, and Bing search engines, triggered by an Internet user's entry of specified key search terms.

G.    **Informational Release.**

16.    No later than July 30, 2015, the Debtors shall distribute the Informational Release, substantially in the form attached hereto as **Exhibit 5**, to approximately 4,200

print/broadcast and 5,500 online press outlets throughout the United States for potential dissemination as a news story. The Informational Release will include the Asbestos Bar Date Website address and the Toll-Free Number.

### H. Labor Union Outreach.

17. No later than July 30, 2015, the Debtors shall distribute the Informational Release and other relevant documents to labor unions known to represent current and former employees of the Debtors and/or the Debtors' predecessors who may have been exposed to asbestos, for further distribution to such current and former employees. If a labor union provides the Debtors additional last known addresses for Employees and Contractors, the Debtors shall, no later than 15 days after receipt, mail the Asbestos Bar Date Package to the addresses provided.

### VI. Consequences of Failure to File a Proof of Claim.

18. <u>Any entity or person who is required, but fails, to file a proof of claim in accordance with this Asbestos Bar Date Order on or before the Asbestos Bar Date shall be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases with respect to such Asbestos Claim, participating in any distribution in these chapter 11 cases on account of such Asbestos Claim, or receiving further notices regarding such Asbestos Claim.</u>

### VII. Notice of the Asbestos Bar Date.

19. Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VIII. Miscellaneous.

20. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Asbestos Bar Date Order in accordance with the Motion.

21. The terms and conditions of this Asbestos Bar Date Order shall be immediately effective and enforceable upon entry of the Asbestos Bar Date Order.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Asbestos Bar Date Order.

Wilmington, Delaware
Dated: 7-30, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE