**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Chapter 11 |
| *Debtors*. | ) | Case No. 14-10979 (CSS) |
| | ) | (Jointly Administered) |
| DELAWARE TRUST COMPANY, as | ) | |
| INDENTURE TRUSTEE, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Adversary Proceeding |
| ENERGY FUTURE INTERMEDIATE HOLDING | ) | No. 14-50363 (CSS) |
| COMPANY LLC and EFIH FINANCE INC. | ) | |
| *Defendants*. | ) | **Related to BAP No. 15-30** |
| | ) | |

**DESIGNATION OF RECORD, STATEMENT OF ISSUES
AND CERTIFICATE REGARDING TRANSCRIPTS
BY DELAWARE TRUST COMPANY, AS INDENTURE TRUSTEE, AND
EFIH FIRST LIEN NOTEHOLDERS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Delaware Trust

Company (the "Trustee"), indenture trustee for first lien notes ("Notes") issued by Energy Future

Intermediate Holding Company LLC and EFIH Finance Inc. (together, "EFIH" or the "EFIH

Debtors"), and specified holders of the Notes (the "Noteholders"; together with the Trustee,

"Appellants"),[1] by and through their undersigned counsel, hereby designate the issues and record

presented on appeal and file this certificate stating Appellants are not ordering transcripts in

connection with their appeal under 28 U.S.C. § 158 from all of the following orders, judgments

and decrees issued by the U.S. Bankruptcy Court for the District of Delaware (Sontchi, J.) in the

above-captioned chapter 11 case and/or adversary proceeding (collectively, the "Orders"):

- Order dated July 8, 2015 [No. 14-10979, Dkt. 4940; No. 14-50363, Dkt. 305]

---

[1] The Noteholders consist of (or are funds or accounts managed or advised by): BlueMountain
Capital Management, LLC; Cyrus Capital Partners L.P.; Halcyon Asset Management LLC;
LLSM II L.P.; Luxor Capital Group, LP; Southpaw Credit Opportunity Master Fund LP; VR
Advisory Services Ltd; and Whitebox Advisors LLC.

1

- Findings of Fact and Conclusions of Law dated July 8, 2015 [No. 14-10979, Dkt. 4939; No. 14-50363, Dkt. 304]

- Order dated March 26, 2015 [No. 14-10979, Dkt. 3985; No. 14-50363, Dkt. 246]

- Findings of Facts and Conclusions of Law Regarding Cross-Motions for Summary Judgment dated March 26, 2015 [No. 14-10979, Dkt. 3984; No. 14-50363, Dkt. 245]

- Any and all orders, opinions, findings of fact, conclusions of law, rulings, or other decisions that merged in the foregoing Orders, Findings of Fact and Conclusions of Law

## Statement of Issues on Appeal

1. Whether the bankruptcy court erred in holding, as a matter of law, that EFIH was not required under the terms of the Notes and the indenture for the Notes (the "Indenture") to pay the Noteholders the specified "make whole" (i.e., the "Applicable Premium" due under section 3.07(a) of the Indenture and paragraph 5 of the Notes upon any "redemption" of the Notes "prior to December 1, 2015"), or damages or any other sum, when it committed pre-petition under a restructuring support agreement to refinance and pay off all outstanding principal on the Notes and made such payment at the outset of its Chapter 11 bankruptcy case.

2. Whether the bankruptcy court erred in holding that the automatic stay imposed by 11 U.S.C. § 362 prevented the Noteholders from exercising their right under section 6.02 of the Indenture to waive EFIH's bankruptcy default and to rescind the resulting acceleration of the Notes' maturity under that provision, and that absent relief from the automatic stay to waive that default and rescind acceleration, the Noteholders were not entitled to allowance of any claim under 11 U.S.C. § 502(b) for the make whole or damages or any other sum arising from the denial or breach of that contract right and EFIH's refinancing and pay-off of all outstanding principal on the Notes at the outset of its Chapter 11 bankruptcy case.

3.    Whether, to the extent the automatic stay otherwise applied, the bankruptcy court erred in holding that "cause" did not exist, under 11 U.S.C. § 362(d)(1) and its "totality of the circumstances" test, to grant relief from the stay to permit the Noteholders to exercise their contractual right to rescind the automatic acceleration of the Notes' maturity under section 6.02 of the Indenture, notwithstanding that (i) EFIH was presumed to be solvent and therefore modifying the stay to permit the Noteholders to enforce their contract rights and be paid the make whole (or damages or any other sum) would not reduce the recoveries of any other creditors of EFIH, and (ii) EFIH received substantial benefits, including hundreds of millions of dollars in interest savings, from its refinancing of the Notes which gave rise to the make whole that the bankruptcy court held would be due if the stay were modified.

4.    Whether the bankruptcy court otherwise erred in entering the Orders, and in entering judgment for EFIH in the above-captioned adversary proceeding (No. 14-50363) and on the applicable motions in the above-captioned chapter 11 bankruptcy case (No. 14-10979).

## Designation of Items to Be Included in the Record on Appeal[2]

**A.    Documents Filed in Adversary Proceeding No. 14-50363**

1.    Adversary Complaint for Declaratory Relief by CSC Trust Company of Delaware as Indenture Trustee against Energy Future Intermediate Holding Company LLC, EFIH Finance Inc.  [Docket No. 1]

2.    Certification of Counsel Regarding Scheduling Order With Respect to (A) Contested Matter Motion, (B) Adversary Proceeding, and (C) Stay Applicability Motion.  [Docket No. 9]

3.    Scheduling Order With Respect to (A) Contested Matter Motion, (B) Adversary Proceeding, and (C) Stay Applicability Motion.  [Docket No 10]

4.    Answer to Complaint Filed by EFIH Finance Inc., Energy Future Holding Company LLC.  [Docket No. 27]

5.    Energy Future Intermediate Holding Company LLC's and EFIH Finance Inc.'s Rule 26(a)(1) Initial Disclosures.  [Docket No. 28]

---

[2] In accordance with Local Rule 8009-1(b), documents identified in the designation below that do not have a docket number will be filed electronically at the time the index required by Rule 8009-1(a) is filed.

6.    Letter to the Honorable Christopher S. Sontchi Regarding Discovery Dispute Filed by CSC Trust Company of Delaware.  [Docket No. 80]

7.    Letter from Andrew R. McGann, P.C. to the Honorable Christopher. S. Sontchi Responding to First Lien Trustees July 15, 2014 Discovery Dispute Letter. [Docket No. 90]

8.    Transcript Regarding Hearing Held 7/18/2014 pp. 59-122.  [Docket No. 93]

9.    Letter from Andrew R. McGann, P.C.  to the Honorable Christopher S. Sontchi Clarifying Record of July 18, 2014 Continued Pre-Trial Conference in CSC Trust Company of Delaware Adversary Proceeding. [Docket No. 94]

10.    Letter to the Honorable Christopher S. Sontchi in response to letter from Andrew R. McGann, P.C.  to the Honorable Christopher S. Sontchi Clarifying Record of July 18, 2014 Continued Pre-Trial Conference in CSC Trust Company of Delaware Adversary Proceeding.  [Docket No. 97]

11.    Exhibit B to the Letter to the Honorable Christopher S. Sontchi in response to letter from Andrew R. McGann, P.C.  to the Honorable Christopher S. Sontchi Clarifying Record of July 18, 2014 Continued Pre-Trial Conference in CSC Trust Company of Delaware Adversary Proceeding.  [Docket No. 99]

12.    Order and Joint Stipulation Regarding Scheduling with Respect to (A) Contested Matter Motion, (B) Adversary Proceeding, and (C) Stay-Applicability Motion. [Docket No. 102]

13.    August 5, 2014 Opinion.  [Docket No. 105]

14.    Letter to the Honorable Christopher S. Sontchi from Andrew R. McGann, P.C in contemplation of August 19, 2014 Teleconference Proposing Bifurcation of Makewhole Litigation in Response to the Court's August 5, 2014 Opinion. [Docket No. 108]

15.    Letter to the Honorable Christopher S. Sontchi from Philip D. Anker in Response to August 13, 2014 Letter regarding Bifurcation of Makewhole Litigation. [Docket No. 109]

16.    Transcript Regarding Hearing Held 08/19/2014 RE: Teleconference.  [Docket No. 116]

17.    Letter to the Honorable Christopher S. Sontchi Regarding Makewhole Litigation Filed by CSC Trust Company of Delaware.  [Docket No. 126]

18.    Letter to the Honorable Christopher S. Sontchi Regarding Makewhole Litigation and Proposed Competing Bifurcation Order Filed by EFIH Finance Inc., Energy Future Intermediate Holding Company LLC.  [Docket No. 127]

19.    Bifurcation Order. [Docket No. 128]

20.    Order Amending Caption in Adversary Proceeding.  [Docket No. 130]

21.    Notice of Service of Supplemental Initial Disclosures of Delaware Trust Company.  [Docket No. 138]

22.    Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) Filed by Delaware Trust Company.  [Docket No. 151, 157, 159]

23.    Energy Future Intermediate Holding Company LLC's and EFIH Finance Inc.'s Responses and Objections to Delaware Trust Company's Amended Notice of 30(b)(6) Deposition Directed to Defendants.  [Docket No. 152]

24.    Amended Scheduling Order and Discovery Protocol Signed on 12/2/2014. [Docket No. 167]

25.    EFIH Debtors' Cross-Motion for Summary Judgment.  [Docket No. 175]
26.    EFIH Debtors' Memorandum in Support of Their Cross-Motion for Summary Judgment.  [Docket No. 176]
27.    Declaration of William A. Romanowicz, Esq. in Support of the EFIH Debtors' Cross-Motion for Summary Judgment.  [Docket No. 177]
28.    Plaintiff-Trustees Motion for Summary Judgment.  [Docket No. 178]
29.    [Sealed] Plaintiff-Trustee's Memorandum in Support of Motion for Summary Judgment.  [Docket No. 180]
30.    [Sealed] Appendix to Plaintiff-Trustee's Memorandum in Support of Motion for Summary Judgment.  [Docket No. 182]
31.    Declaration of Philip D. Anker in Support of Plaintiff-Trustee's Motion for Summary Judgment.  [Docket No. 183]
32.    [Sealed] Declaration of James Cacioppo.  [Docket No. 185]
33.    [Sealed] Declaration of Christopher J. Kearns.  [Docket No. 187]
34.    [Sealed] Declaration of Michiel C. McCarty.  [Docket No. 189]
35.    Amended Declaration of William A. Romanowicz, Esq. in Support of the EFIH Debtors' Cross-Motion for Summary Judgment, Attaching Exhibits Referenced in the Memorandum in Support of Their Cross-Motion for Summary Judgment.  [Docket No. 197]
36.    Intervenor EFIH Second Lien Indenture Trustee's Brief in Support of Plaintiff-Trustee's Motion for Summary Judgment and In Opposition to EFIH Debtors' Cross-Motion for Summary Judgment.  [Docket No. 198]
37.    Declaration of Alissa R. Goodman in Support of Intervenor EFIH Second Lien Indenture Trustee's Brief in Support of Plaintiff-Trustee's Motion for Summary Judgment and In Opposition to EFIH Debtors' Cross-Motion for Summary Judgment.  [Docket No. 199]
38.    [Sealed] Plaintiff-Trustee's Reply Brief in Support of Motion for Summary Judgment.  [Docket No. 200]
39.    [Sealed] Appendix to Plaintiff-Trustee's Reply Brief in Support of Motion for Summary Judgment.  [Docket No. 202]
40.    EFIH Debtors' Memorandum in Opposition to the Trustee's Motion for Summary Judgment.  [Docket No. 204]
41.    Declaration of Jason M. Madron, Esq. in Support of the EFIH Debtors' Memorandum in Opposition to the Trustee's Motion for Summary Judgment.  [Docket No. 205]
42.    Proposed Findings of Fact and Conclusions of Law Filed by Delaware Trust Company.  [Docket No. 215]
43.    Proposed Findings of Fact and Conclusions of Law in Support of the Cross-Motion for Summary Judgment Filed by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.  [Docket No. 217]
44.    Amended Transcript Regarding Hearing Held 3/13/15 RE: Motion for Summary Judgment.  [Docket No. 241]
45.    Findings of Fact and Conclusions of Law Regarding Cross-Motions for Summary Judgment.  [Docket No. 245]

46.    Order Denying Plaintiff-Trustee's Motion for Summary Judgment and Granting, in part and Denying, in part EFIH Debtors' Cross-Motion for Summary Judgment. [Docket No. 246]

47.    Plaintiff-Trustee's Motion to Alter or Amend Judgment to Clarify that the Order Dated March 26, 2015 Is not a Final Judgment. [Docket No. 255]

48.    Transcript Regarding Hearing Held 4/8/2015 RE: Pretrial Conference. [Docket No. 256]

49.    Letter to the Honorable Christopher S. Sontchi Regarding the Trial of the Lift-Stay Issue Filed by Delaware Trust Company. [Docket No. 259]

50.    Letter to the Honorable Christopher S. Sontchi Regarding the Trial of the Lift-Stay Issue Filed by EFIH 2nd Lien Notes Indenture Trustee. [Docket No. 260]

51.    Letter from Andrew R. McGaan to the Honorable Christopher S. Sontchi Regarding the Trial of the Cause to Lift Stay Issue. [Docket No. 261]

52.    Plaintiff-Trustee's and Noteholders' Trial Brief. [Docket No. 264]

53.    EFIH Debtors' Pre-Trial Brief. [Docket No. 265]

54.    Joint Pre-Trial Memorandum. [Docket No. 267]

55.    Limited Statement of EFIH Second Lien Indenture Trustee in Response to Plaintiff-Trustee's and Noteholders' Trial Brief. [Docket No. 269]

56.    Transcript Regarding Hearing Held 4/20/15 RE: Motion for Relief from Stay. [Docket No. 271]

57.    Transcript Regarding Hearing Held 4/21/15 RE: Motion for Relief from Stay. [Docket No. 273]

58.    Transcript Regarding Hearing Held 4/22/15 RE: Motion for Relief from Stay. [Docket No. 274]

59.    Notice of Filing (I) Plaintiff's Exhibits Admitted at Trial and (II) Deposition Designations. [Docket No. 276]

60.    Proposed Findings of Fact and Conclusions of Law Filed By Delaware Trust Company. [Docket No. 292]

61.    Plaintiff-Trustee's and Noteholders' Post-Trial Brief. [Docket No. 293]

62.    Proposed Findings of Fact and Conclusions of Law Filed by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. [Docket No. 294]

63.    EFIH Debtors' Post-Trial Brief. [Docket No. 295]

64.    Findings of Fact and Conclusions of Law. [Docket No. 304]

65.    Order Denying Motion to Alter or Amend Judgment to Clarify. [Docket No. 305]

66.    Notice of Appeal. [Docket No. 308]

67.    Amended Notice of Appeal. [Docket No. 312]

68.    Delaware Trust Company's Amended Rule 26(a)(1) Initial Disclosures. [Not filed on docket]

**B.    Evidence Admitted at Lift-Stay Hearing**

69.    Plaintiff Trustee's and Noteholders' Exhibits Entered Into Evidence (PX1-3, PX3A-PX3D, PX4-PX25, PX25A-PX25D, PX26-81, PX83, PX86-89, PX91-101, PX104-105, PX111-112, PX115-117, PX121-125, PX125A-125F, PX126-PX129, PX134, PX138-141).

70.  Joint Designations from the depositions of Kristopher Moldovan (dated November 20, 2014), Anthony Horton (December 9, 2014), Paul Keglevic (December 10, 2014).

**C.    Documents Filed in Chapter 11 Case No. 14-10979**

71.  Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing Granting Such Fees Administrative Expensive Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay. [Docket No. 74]

72.  Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions. [Docket No. 98]

73.  Supplemental Declaration of Stephen Goldstein In Support of the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing Granting Such Fees Administrative Expensive Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay. [Docket No. 221]

74.  Order Directing Joint Administration of The Debtors' Chapter 11 Cases. [Docket No. 287]

75.  Order Approving Certain Fees Related to And Scheduling a Final Hearing on the Proposed Postpetition Financing of Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. [Docket No. 289]

76.  Notice of Initiation of Opt-In Period for Proposed EFIH First Lien Settlement [Docket No. 363]

77.  Preliminary Objection of CSC Trust Company of Delaware, as Indenture Trustee, to Debtors' Motion to Approve First-Lien Post-Petition Financing, Redeem First Lien and Second Lien Notes, and Determine Secured Claim. [Docket No. 421]

78.  Emergency Motion of CSC Trust Company of Delaware, as Indenture Trustee, to Compel the Debtors to Obtain Approval of Procedures Governing the EFIH First Lien Tender Offer. [Docket No. 461]

79.  Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment Filed by Energy Future Holdings Corp. [Docket No. 472]

80.  Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic

Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration.  [Docket No. 473]

81.  Declaration of Norman L. Pernick in Support of Joint Motion of CSC Trust Company of Delaware as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration.  [Docket No. 475].

82.  Motion of Energy Future Holding Company LLC and EFIH Finance Inc. for Entry of an Order (A) Approving Postpetition Second Lien Financing, (B) Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH Second Lien Repayment, (E) Authorizing Entry Into and Payment of Fees Under the Commitment Letter, and (F) Modifying the Automatic Stay Filed by Energy Future Holdings Corp.. [Docket No. 477]

83.  Statement of CSC Trust Company of Delaware, as Indenture Trustee, Regarding Status Conference on May 22, 2014.  [Docket No. 553]

84.  Notice of Filing of Proposed Form of "Final Order (A) Approving Postpetition Financing for Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Approving the Use of Cash Collateral by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (D) Authorizing the EFIH First Lien Repayment, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorizing by the Settlement Order, and (F) Modifying the Automatic Stay.  [Docket No. 600]

85.  Debtors' Notice of Filing Supplemental Declaration of David Ying, Senior Managing Director of Evercore Group L.L.C., in Support of (1) the EFIH First Lien DIP Motion and (2) the EFIH Settlement Motion.  [Docket No. 610]

86.  Limited Objection to Motion of EFIH Debtors for Approval of First-Lien Postpetition Financing Filed by CSC Trust Company of Delaware, as successor indenture trustee and collateral trustee.  [Docket No. 691]

87.  Objection to the EFIH Debtors' Motion to Approve "First Lien Settlement," Filed by CSC Trust Company of Delaware, as successor indenture trustee and collateral trustee.  [Docket No. 694]

88.  Omnibus Reply to Objections to the EFIH Debtors' Motion for Approval of the EFIH First Lien DIP Financing, the EFIH First Lien Repayment, and the Fidelity Funding Fee.  [Docket No.735]

89.  Debtors' Reply to Objection of CSC Trust Company of Delaware, as Indenture Trustee, to the EFIH Debtors' Motion to Approve Proposed First Lien Settlement. [Docket No. 737]

90.  Order (WITH REVISIONS MADE BY THE COURT) Approving EFIH First Lien Settlement.  [Docket No. 858]

91.  Order (FINAL) (A) Approving Postpetition Financing For Energy Future Intermediate Holding Company LLC And EFIH Finance Inc., (B) Granting Liens And Providing Superpriority Administrative Expense Claims, (C) Approving The Use of Cash Collateral By Energy Future Intermediate Holding Company LLC And EFIH Finance Inc., (D) Authorizing The EFIH First Lien Repayment, (E)

Authorizing Issuance of Roll-Up Debt To The Extent Authorized By The Settlement Orders, And (F) Modifying The Automatic Stay. [Docket No. 859]

92. Strategic Proposal by NextEra Energy, Inc. and EFIH Second Lien Group. [Docket No. 1593]

93. Debtors' Notice of (A) Termination of Restructuring Support Agreement, (B) Withdrawal of Second Lien Opt-In, and (C) Withdrawal of EFIH Settlement Motion, EFIH Second Lien DIP Motion, and Restructuring Support Agreement Assumption Motion. [Docket No. 1697]

94. Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof. [Docket No. 2087]

95. Declaration of William O. Hiltz in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof. [Docket No. 2088]

96. Transcript regarding Hearing Held 10/17/2014 RE: Contested Reorganized Equity Auction Procedures Motion. [Docket No. 2510]

97. Transcript regarding Hearing Held 10/21/2014 RE: Contested Reorganized Equity Auction Procedures Motion (continued). [Docket No. 2520]

98. Transcript regarding Hearing Held 10/20/14 RE: Bidding Procedures. [Docket No. 2579]

99. Transcript regarding Hearing Held 10/27/2014 RE: Bidding Procedures. [Docket No. 2581]

100. Transcript regarding Hearing Held 11/3/14 RE: Ruling on Bidding Procedures. [Docket No. 2699]

101. Order (A) Approving Revised Bidding Procedures, (B) Scheduling an Auction and Related Deadlines for Hearings, and (C) Approving the Form and Manner of Notice Thereof. [Docket No. 3295]

102. Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order Filed by Energy Future Holdings Corp.. [Docket No. 3527]

103. Declaration of David Ying in Support of the Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order. [Docket No. 3528]

104. Response of Delaware Trust Company, as Indenture Trustee, to the Motion of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and EFIH Finance Inc. for Entry of (A) Order (I) Authorizing Partial Repayment of EFIH Second Lien Notes; (II) Approving EFIH DIP Consent; and (III) Authorizing Consent Fee and (B) Revised EFIH First Lien DIP Order. [Docket No. 3678]

105. Order (A) Authorizing Partial Repayment Of EFIH Second Lien Notes; (B) Approving EFIH DIP Consent; And (C) Authorizing Consent Fee. [Docket No. 3855]

106. Order (Amended Final) (A) Approving Postpetition Financing For Energy Future Intermediate Holding Company LLC And EFIH Finance Inc.,(B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Approving the Use of Cash Collateral By Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.,, (D) Authorizing the EFIH First Lien Repayment, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Orders, And (F) Modifying the Automatic Stay. [Docket No. 3856]

107. Transcript Regarding Hearing Held 6/6/2014 [Docket No. 3928]

108. Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement. [Docket No. 4138]

109. Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code. [Docket No. 4142]

110. Disclosure Statement for Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code. [Docket No. 4143]

111. Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents. [Docket No. 4144]

112. Transcript Regarding Hearing Held 4/14/2015. [Docket No. 4203]

113. Debtors' Omnibus Reply to Objections and Responses Filed in Connection with the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement. [Docket No. 4354]

114. Order (Third) Extending The Debtors' Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof. [Docket No. 4634]

115. Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order. [Docket No. 4916]

## Certificate Regarding Transcripts

1. Pursuant to Rule 8009(b)(1)(A) of the Federal Rules of Bankruptcy Procedure,

Appellants hereby file this certificate stating that Appellants are not ordering any transcripts.  All

transcripts have been prepared and are filed on the docket and are designated in the foregoing

designation of the record.


Dated:  July 31, 2015

*/s/  J. Kate Stickles*
COLE SCHOTZ P.C.
Norman L. Pernick (Bar No. 2290)
J. Kate Stickles (Bar No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: 302-652-3131
Facsimile:  302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

Warren A. Usatine
Court Plaza North
25 Main Street
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile:  201-489-1536
wusatine@coleschotz.com

WILMER CUTLER PICKERING HALE AND DORR LLP
Philip D. Anker
Charles C. Platt
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile:  212-230-8888
Philip.Anker@wilmerhale.com
Charles.Platt@wilmerhale.com

Dennis L. Jenkins
60 State Street
Boston, MA 02109
Telephone:  617-526-6000
Facsimile: 617-526-5000
Dennis.Jenkins@wilmerhale.com

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone:  212-248-3264
Facsimile:  212-248-3141
James.Millar@dbr.com

Todd C. Schiltz
222 Delaware Ave, Suite 1410
Wilmington, DE  19801-1612
Telephone:  302-467-4200
Facsimile:  302-467-4201
todd.schiltz@dbr.com