IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 5072, 5115, 5194 |

**OBJECTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, TO THE MOTION OF CHARLOTTE
LIBERDA AND CURTIS LIBERDA TO APPOINT LEGAL REPRESENTATIVE
AND JOINDER OF SHIRLEY FENICLE, AS SUCCESSOR-IN-INTEREST TO THE
ESTATE OF GEORGE FENICLE, AND DAVID WILLIAM FAHY TO THE MOTION
OF CHARLOTTE AND CURTIS LIBERDA TO APPOINT LEGAL REPRESENTATIVE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion of Charlotte Liberda and Curtis Liberda to Appoint Legal Representative* [D.I. 5072] (the "Motion"), filed by Charlotte Liberda and Curtis Liberda (the "Liberdas"), and the *Joinder of Shirley Fenicle, as Successor-in-Interest to the Estate of George Fenicle, and David William Fahy to the Motion of Charlotte and Curtis Liberda to Appoint Legal Representative* [D.I. 5194] (the "Joinder"), filed by Shirley Fenicle and David William Fahy (together with the Liberdas, the "Movants"). In support of this Objection, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 12744760v.1

**Preliminary Statement**

1. The Motion should be denied.[2] There is no legal basis for appointing an "unmanifested" asbestos claims representative. The Court-approved bar date with respect to asbestos personal injury claims (the "Asbestos Bar Date")[3] applies only to holders of manifested and unmanifested asbestos claims—not to future claimants—and the Debtors have not sought a channeling injunction under section 524(g) of the Bankruptcy Code. As such, section 524(g)—which requires a future claims representative for "future" claims—is inapplicable. Moreover, all individuals subject to the Asbestos Bar Date, including unmanifested asbestos claimants (the "Unmanifested Claimants"), are unsecured creditors within the constituency of the existing Creditors' Committees. The appointment of yet another legal representative at this stage to represent a relatively small unsecured creditor constituency will result in additional unnecessary expense and burden to the Debtors' estates for what likely will be duplicative efforts. Accordingly, the Debtors request that the Court deny the Motion.

**Argument**

2. The Court should deny the Motion to appoint a legal representative to represent Unmanifested Claimants for at least four reasons.

3. *First*, the Movants have not met their burden of showing that the appointment of a representative for Unmanifested Claimants is required. As an initial matter, this Court has

---

[2] The Motion seeks relief for individuals who are "subject to a claims bar date in these bankruptcy cases," Motion fn. 2, while the Joinder seeks relief for "all future claimants including the current unmanifested asbestos claimants and those who will in the future develop relationships giving rise to such claims," Joinder, at Preamble. Consequently, as discussed herein, the Motion and Joinder seek disparate relief. The Debtors respectfully submit that the Joinder should not be treated as a proper motion and should be deemed resolved if and when the Motion is resolved. *See In re DBSI, Inc.*, 467 B.R. 309, 317 (Bankr. D. Del. 2012) (declining to separately address joinders where they did not "significantly support a holding contrary to that which" had been reached in the opinion).

[3] *See Order (A) Setting Bar Date for Filing Asbestos Proof of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171] (the "Asbestos Bar Date Order").

already decided that the establishment of a section 524(g) channeling injunction and trust is not mandatory simply because a debtor has asbestos liability. *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 539 (Bankr. D. Del. 2015) (Sontchi, J.) ("The formation of a trust pursuant to section 524 is permissive . . . . **If** establishment of an injunction under section 524(g) is the *only* way to satisfy due process **then** Congress would have made section 524(g) mandatory in cases in which asbestos related liabilities or claims arise and would have carved unmanifested claims out of Bankruptcy Rule 3003(c)(3). In short, a channeling injunction is not required.") (emphasis in original). As such, the statutory due process requirements of section 524(g), including the appointment of a future claims representative, are not mandatory or even implicated here, where the Debtors are not seeking relief under section 524(g) in their proposed plan of reorganization. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 234 n. 45 (3d Cir. 2004) (stating that many of the statutory requirements of section 524(g), including appointment of a future claims representative pursuant to 11 U.S.C. § 524(g)(4)(B)(i), "are specifically tailored to protect the due process rights of future claimants").

4. The Motion in effect is a request to appoint an additional creditors' committee representing solely Unmanifested Claimants, pursuant to section 1102(a) of title 11 of the United States Code (the "Bankruptcy Code"). As the Joinder concedes, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has already declined, on two separate occasions, to appoint either an asbestos creditors' committee or a future claims representative or guardian ad litem for unmanifested asbestos claimants. On the first occasion, the U.S. Trustee chose to appoint the EFH Committee, a blended committee of bondholder, asbestos, and pension beneficiary representatives, rather than a separate asbestos committee. And on the second occasion, the U.S. Trustee declined the request as beyond the scope of its authority. *See* Joinder, ¶ 3. The Movants have not asserted any facts indicating that the U.S. Trustee was incorrect in

making these two determinations. As such, the Movants have not met their burden of showing that the appointment of a legal representative for Unmanifested Claimants is appropriate or necessary, and the Court must deny the Motion. *See Hr'g Tr.* 128:1–130:11, Aug. 13, 2014 (Sontchi, J.) ("[I]t would be [a] question of whether to . . . require the appointment of others because there's inadequate representation or whether to appoint an additional committee. And that gets us into questions that are clearly within the discretion of the Office of the U.S. Trustee and my review of those questions is really almost like a formal review by a judge of a decision of an administrative agency. . . . I will review [the U.S. Trustee's reason not to form a committee] like I would review any other administrative decision made by the Office of the U.S. Trustee and decide whether it's an appropriate decision or not based on the facts and circumstances.").

5.   ***Second***, Unmanifested Claimants are unsecured creditors whose interests are adequately represented in these cases. No fewer than three separate groups of law firms have already stepped forward claiming to speak for Unmanifested Claimants.[4] In addition, the U.S. Trustee formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future

---

[4] *See Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1791], filed by Montgomery McCracken Walker & Rhoads, LLP, Gori Julian & Associates, P.C., Simmons Hanley Conroy, Paul Reich & Meyers, P.C., Kazan, McClain, Satterley & Greenwood, a Professional Law Corporation, and Early, Lucarelli, Sweeney & Meisenkothen; *Letter to Co-Counsel to the Debtors and Debtors in Possession Filed by Ad Hoc Committee for Future Asbestos Claimants* [D.I. 4842], filed by Jacobs & Crumplar, P.A., Madeksho Law Firm, PLLC, Bevan & Associates, LPA, Inc., Edelman and Thompson, LLC, Wallace & Graham, P.A., Paul, Reich & Myers, P.C., David C. Thompson, P.C., Brayton Purcell LLP, Shrader & Associates, L.L.P.; and the Motion, filed by Hogan McDaniel and FrankGecker LLP.

Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Creditors' Committees") on October 27, 2014 [D.I. 2570]. Each Creditors' Committee has a fiduciary duty to all holders of unsecured claims—including unliquidated, contingent, unmatured, or disputed claims—at its respective Debtor entities. *See In re New Century TRS Holdings, Inc.*, 2013 WL 5377962, at *4 (Bankr. D. Del. Sept. 26, 2013) ("An official committee of unsecured creditors has a duty to represent all general unsecured creditors, to the extent they have general unsecured claims."); *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006) ("The Official Committee has a fiduciary duty to protect the interests of all unsecured creditors."); *In re Garden Ridge Corp.*, No. 04-10324 (DDS), 2005 WL 523129, at *3 (Bankr. D. Del. Mar. 2, 2005) ("[T]he members of an official committee owe a fiduciary duty to the committee's constituents, *i.e.*, the entire class of general unsecured creditors.").

6. Unmanifested Claimants are holders of unknown contingent and unliquidated unsecured "claims" that can and must be addressed through the bankruptcy process. Section 101(5) of the Bankruptcy Code defines a "claim" to mean a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). As the Court recognized in its bar date opinion, both manifested and unmanifested asbestos claims are "claims" within the meaning of section 101(5). *See In re Grossman's Inc.*, 607 F.3d 114, 125 (3d Cir. 2010) ("a 'claim' arises when an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code."); *Energy Future Holdings Corp.*, 522 B.R. at 527–28 (same). Accordingly, the Unmanifested Claimants fit squarely within the constituency of unsecured creditors to whom the existing Creditors' Committees have a fiduciary duty, and the Movants' contention that

Unmanifested Claimants are wholly unrepresented and have not been heard in these chapter 11 cases is wrong.

7.   *Third*, the Movants have not asserted any facts to suggest that the Creditors' Committees have been unable to perform their fiduciary obligations to all unsecured creditors. *See Dana Corp.*, 344 B.R. at 39 (denying motion to form committee of asbestos claimants where, among other things, movants had not shown that the ability of the existing creditors' committee to function was impaired); *Sharon Steel Corp.*, 100 B.R. at 777–78 (rejecting request to form an additional creditors' committee where requesting party had not shown that the existing committee was unable to function to represent all unsecured creditors).[5] To the contrary, the EFH Committee has been diligent in protecting the interests of Unmanifested Claimants in connection with the Asbestos Bar Date. The EFH Committee retained its own asbestos noticing expert to evaluate the Asbestos Bar Date and form and manner of notice thereof, and engaged in months of diligence and negotiations with the Debtors regarding the Debtors' current and future potential asbestos liabilities and the Asbestos Bar Date. *See Objection of the EFH Official Committee to the Debtors' Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice*

---

[5] The fact that the interests of the constituents represented by an official committee may diverge at certain points is of no moment. "Conflicts among creditors and among the members of a creditors' committee are not uncommon." *See In re Enron Corp.*, 279 B.R. 671, 689 (Bankr. S.D.N.Y. 2002) (declining to appoint additional creditors' committee where, among other things, conflict among creditors in committee did not hinder committee's ability to function); *see also Dana Corp.*, 344 B.R. at 38–39 ("Creditor committees often contain creditors having a variety of viewpoints (heterogeneous); however, these differing views do not require a separate homogeneous committee unless they impair the ability to reach a consensus."); *In re Hills Stores Co.*, 137 B.R. 4, 6 (Bankr. S.D.N.Y. 1992) (declining to appoint additional creditors' committee and holding that "creditors' committees often contain creditors having a variety of viewpoints. Conflicts are not unusual in reorganization and in most cases can be expected among creditors who are acting to protect their separate business interests."); *In re Sharon Steel Corp.*, 100 B.R. 767, 777–78 (Bankr. W.D. Pa. 1989) (declining to appoint additional committee where no facts had been asserted to show that the creditors' committee's representation of unsecured creditors was inadequate and finding that "[i]t is universally recognized that intercreditor conflicts inhere in any committee").

*Thereof* [D.I. 4883], ¶ 9–14 (describing the diligence undertaken by the EFH Committee in evaluating the Debtors' proposed Asbestos Bar Date and notice plan). As a result of the good faith, arm's-length negotiations regarding modifications to the Debtors' proposed Asbestos Bar Date notice plan, the Debtors and the EFH Committee reached agreement on a consensual order approving the Asbestos Bar Date and the notice plan that the Court entered on July 15, 2015 [D.I. 4997].[6] With respect to the TCEH Creditors' Committee, the mere fact that the TCEH Creditors' Committee did not object to the Asbestos Bar Date and notice plan does not diminish the TCEH Creditors' Committee's role in protecting the interests of unsecured creditors, including those of Unmanifested Claimants. Accordingly, the interests of all asbestos claimants, including Unmanifested Claimants, are adequately represented.

8.    ***Fourth***, as this Court has also recognized, these chapter 11 cases are not driven by asbestos liability. *Energy Future Holdings Corp.*, 522 B.R. at 537 (Sontchi, J.) ("The Debtors did not file these cases as a result of asbestos or tort liability. In fact, the Debtors estimate that, annually, their prior pay-out on behalf of asbestos claims is less than 0.05% of the Debtors' consolidated annual revenues."); *see also Debtors' Reply In Support of Bar Date With Respect to Asbestos Claims* [D.I. 1804] ("The Debtors did not manufacture asbestos, construct thousands of buildings containing asbestos, manufacture consumer products containing asbestos, or take part in any of the other activities that define asbestos-driven bankruptcy cases where tens of thousands, or hundreds of thousands, of asbestos cases are filed. . . . The litigation and settlement expenses incurred in connection with asbestos claims against the Debtors are not material. Accordingly, this restructuring is unlikely to be driven by asbestos claims or result in a channeling injunction under section 524(g) of the Bankruptcy Code."). Nevertheless, the

---

[6] The Court entered a revised order at D.I. 5171 approving, inter alia, certain revised forms of notice of the Asbestos Bar Date.

Debtors have expended a significant amount of time, energy, effort, and expense to establish the Asbestos Bar Date and effectuate the $2.5 million notice plan to ensure that potential asbestos claimants, including Unmanifested Claimants, receive due process. The appointment of yet another legal representative, representing solely Unmanifested Claimants, at this point in the proceedings will create additional unnecessary expenses and burdens that will do nothing more than retread old ground that the Court, the Debtors, the Creditors' Committees, and the U.S. Trustee have already covered in establishing the Asbestos Bar Date. *See Dana Corp.*, 344 B.R. at 39 (denying motion to appoint asbestos committee where, among other things, the debtors' "economic plight [was] not asbestos driven" and where the "additional cost to be incurred by the [d]ebtors' estates" could not be justified). The Debtors respectfully submit that, to the extent the Movants and other Unmanifested Claimants desire to participate in these proceedings beyond their representation by the Creditors' Committees, they may continue to monitor and be heard in these cases at their own expense, like other individual unsecured creditor constituencies.

*[Remainder of page intentionally left blank.]*

**Conclusion**

9. For all of the foregoing reasons, the Debtors respectfully request that the Court deny the Motion and Joinder.

Dated: August 4, 2015
       Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*