IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
)
In re:                                          )   Chapter 11
                                                )
ENERGY FUTURE HOLDINGS CORP., *et al.*,         )   Case No. 14-10979 (CSS)
                                                )
                    Debtors.                    )   (Jointly Administered)
                                                )
_____)   RE: Docket No. 5072

**LIMITED OBJECTION TO MOTION OF CHARLOTTE LIBERDA
AND CURTIS LIBERDA TO APPOINT LEGAL REPRESENTATIVE**

The Official Committee of Unsecured Creditors (the "**TCEH Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company, by and through its undersigned counsel, hereby files this limited objection (the "**Limited Objection**") to the *Motion of Liberda and Curtis Liberda to Appoint Legal Representative* [Docket No. 5072] (the "**Motion**"). In support of this Limited Objection, the TCEH Committee respectfully states as follows:

1.      On July 22, 2015, movants Charlotte Liberda and Curtis Liberda (together, "**Movants**") filed the Motion seeking "entry of an order appointing a legal representative to represent unmanifested asbestos claimants on all issues before this Court." (Mot. at 1.) On July 31, 2015, Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, and David William Fahy, a member of the EFH Committee, filed the *Joinder of Shirley Fenicle, as Successor-in-Interest to the Estate of George Fenicle, and David William Fahy to the Motion of Charlotte and Curtis Liberda to Appoint Legal Representative* [Docket No. 5194] (the "**Fenicle Joinder**") joining in the relief sought.

2.      Although the Motion asserts potential future liability for EECI, Inc. (as the successor to EBASCO)[1] on account of unmanifested injuries resulting from asbestos the Movants may have been exposed to on their father's clothes, the Motion fails to identify any present or future injury caused by the T-side debtors to Movants (or anyone they know).  In fact, the only reference to potential claims against the T-side debtors appears in the Fencile Joinder, which constructs an unsubstantiated theory that EBASCO/EECI, Inc. employees could have unmanifested claims against the T-side debtors if they were exposed to dust on Luminant employees as a result of the business relationship between those entities.  (Fenicle Joinder ¶ 15.) Putting aside the fact that neither the Motion nor the Fenicle Joinder submits any evidence that claims against the T-side debtors could possibly exist, even if such evidence did exist, the Movants lack standing to seek appointment of a legal representative for the T-side debtors on behalf of unidentified parties to which they have no connection.

3.      Although section 1109(b) of the Bankruptcy Code[2] allows a creditor to be heard on any issue in a bankruptcy case, "it does not change the general principal of standing that a party may only assert its own legal interests and not the interests of another."  *In re Energy Future Holdings Corp., et al.*, 522 B.R. 520, 525 (Bankr. D. Del. 2015); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("We have adhered to the rule that a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citations and internal quotation marks omitted).  This Court previously held that certain personal injury law firms lacked standing to object to the Debtors'

---

[1] EECI, Inc. is an E-side debtor whose unsecured creditors are represented by the EFH Committee.  (*See* Docket No. 2570.)

[2] Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).

bar date motion because they did not represent any unmanifested claimants nor did they have a "legally protected interest independent of their potential, future clients." *In re Energy Future Holdings Corp.*, 522 B.R. at 525. The result should be the same here with respect to the T-side debtors, as Movants seek appointment of a legal representative on behalf of T-side creditors that they have not identified, let alone asserted a legally protected interest with respect to such potential creditors.[3] On this ground alone, the Motion should be denied as to the T-side debtors.

4. The Fenicle Joinder also refers to a letter sent to the TCEH Committee in January 2015 "demanding" that the TCEH Committee and its professionals "undertake the active representation of T Side asbestos claimants." (Fenicle Joinder ¶ 17.) In the interest of clarifying the record, the TCEH Committee rejects the suggestion that it "ignored" the purported demand. Rather, the TCEH Committee has at all times properly discharged its fiduciary duty to maximize recoveries for <u>all</u> T-side unsecured creditors. *See, e.g.*, *In re Garden Ridge Corp.*, No. 04-10324 (DDS), 2005 WL 523129, at *3 (Bankr. D. Del. Mar. 2, 2005) (noting that an official committee owes a fiduciary duty to the entire class of general unsecured creditors); *ABF Capital Management v. Kidder Peabody & Co., Inc. (In re Granite Partners, LP)*, 210 B.R. 508, 516 (Bankr. S.D.N.Y. 1997) (clarifying that official committee does not owe duty to any *specific* creditor or any party other than the *entire class* of creditors).

---

[3] There is an exception to the prudential limitation on third party standing, *see In re Energy Future Holdings Corp.*, 522 B.R. at 526, n.13, which has allowed "plaintiffs to assert the rights of a third party where practical obstacles prevent a party from asserting rights on behalf of itself." In order to have third party standing, "a plaintiff must show three elements: first, injury in fact; second, a close relationship with the third party whose rights he asserts; and third, that the third party has no forum to protect its own interests." *Id.* (quoting *Fieger v. Ferry*, 471 F.3d, 637, 648 (6th Cir. 2006)). Movants have not, and cannot, establish any of the elements necessary for the Court to adopt this exception in favor of the Movants.

ny-1198333
50894007.1

5.      For these reasons, the Motion should be denied as to the T-side debtors.[4]  In the event that the Court is inclined to appoint a legal representative for unmanifested asbestos claimants, the TCEH Committee submits that any representative should be appointed solely to represent the interests of unmanifested asbestos claimants of EECI, Inc. and of no other debtor.

## <u>RESERVATION OF RIGHTS</u>

6.      The TCEH Committee reserves the right to (a) amend or supplement this Limited Objection based upon any facts or arguments that come to light prior to the hearing on the Motion and (b) be heard before this Court with respect to the subject matter of the Motion.

WHEREFORE, the TCEH Committee respectfully requests that the Court: (a) deny the relief requested in the Motion and (b) grant such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[4] The TCEH Committee agrees with the Debtors' view that the Motion should also be denied because Movants have not met their burden of establishing that appointment of a legal representative is warranted in this case.  (*See* Docket No. 5209).

ny-1198333
50894007.1

Dated: Wilmington, Delaware
      August 4, 2015

**MORRISON & FOERSTER LLP**
James M. Peck
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail:    jpeck@mofo.com
          brettmiller@mofo.com
          lmarinuzzi@mofo.com
          tgoren@mofo.com

               -and-

*/s/ Christopher A. Ward*
**POLSINELLI PC**
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile:  (302) 252-0921
E-mail:    cward@polsinelli.com
          jedelson@polsinelli.com
          skatona@polsinelli.com

*Attorneys for the Official Committee*
* of TCEH Unsecured Creditors*

ny-1198333
50894007.1