# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING CERTAIN DEBTORS TO ENTER
INTO LIMITED NON-PROPRIETARY HEDGING AND TRADING
ARRANGEMENTS SUBJECT TO THE RISK MANAGEMENT GUIDELINES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) waiving the tenor limitations set forth in the 2016 Non-Proprietary Order solely with respect to the Non-Proprietary LSE Arrangements and (b) authorizing, but not directing, the Hedging and Trading Entities to enter into Non-Proprietary LSE Arrangements with a tenor that extends past 27 months from a particular Reference Date, in the ordinary course of business and consistent with the Risk Management Guidelines, all as more fully set forth in the Motion and the Ho Declaration, and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core case pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The tenor limitations established in connection with the 2016 Non-Proprietary Order are waived solely with respect to the Non-Proprietary LSE Arrangements.

3.      The Hedging and Trading Entities are authorized, but not directed, to enter into Non-Proprietary LSE Arrangements with a tenor beyond 27 calendar months from a particular Reference Date, in a manner consistent with the Risk Management Guidelines and any other applicable risk protocols.

4.      The Hedging and Trading Entities shall provide the Office of the United States Trustee, the advisors to the TCEH First Lien Ad Hoc Committee, and the advisors to the Creditors' Committees with three (3) business days' notice of their intent to enter into Non-Proprietary LSE Arrangements with a tenor in excess of five calendar years as calculated from a particular Reference Date. Subject to the terms of any confidentiality agreements (or other contractual or legal obligation of confidentiality) to which the Debtors may be party or which the Debtors may enter into or otherwise be subject to in connection with such Non-Proprietary LSE Arrangements, such notice shall identify the volume and proposed tenor associated with such

proposed Non-Proprietary LSE Arrangements (but not, for the avoidance of doubt, counterparty names or identifiers).

5.      The Hedging and Trading Entities shall provide the advisors to the TCEH First Lien Ad Hoc Committee and the advisors to the TCEH Creditors' Committee with ten (10) days' notice of their intent to enter into any Non-Proprietary LSE Arrangements that require approval from the Board of Directors of EFH Corp., as set forth in the Risk Management Guidelines governing the Non-Proprietary LSE Arrangements as of the date hereof, and thereafter consult with the advisors to the TCEH First Lien Ad Hoc Committee and the advisors to the TCEH Creditors' Committee in good faith regarding such Non-Proprietary LSE Arrangements, in each case subject to and in accordance with the Debtors' Risk Management Guidelines and applicable risk protocols.

6.      Subject to the Risk Management Guidelines and applicable risk protocols, the Hedging and Trading Entities shall not enter into Non-Proprietary LSE Arrangements to the extent the entry of any such Non-Proprietary LSE Arrangement would result in the Hedging and Trading Entities transacting in excess of an agreed-upon terawatt hour limit for each calendar year starting from 2016 and going forward (the "TWh Agreement") without the consent of the TCEH Creditors' Committee and the TCEH First Lien Ad Hoc Committee or further relief from the Court.

4.7.    Except as otherwise provided for in this Order, nothing in this Order shall supersede the limitations set forth in the 2015 Non-Proprietary Order or 2016 Non-Proprietary Order.

5.8.    Nothing in this Order shall affect the relief granted to the Debtors pursuant to the Proprietary Trading Order.

6.9.___This Order does not grant any relief with respect to or affect the rights, duties, or obligations of EFIH or EFIH Finance Inc.

7.10.__In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in this Order is authorized to honor checks and electronic payment requests presented for payment of obligations described in this Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

8.11.__Nothing in this Order shall authorize or direct the Debtors to take any action that would violate or breach the terms of the TCEH DIP Credit Agreement (as defined in the TCEH DIP Orders) or violate any order of this Court approving the TCEH DIP Facility.

9.12.__Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the TCEH DIP Orders and TCEH Cash Collateral Orders.

10.13.__Notwithstanding anything herein to the contrary, the provisions of this Order shall not apply to the First Lien Hedges and Swaps or the Legacy Swaps (as defined in the First Hedging and Trading Motion), and the Debtors are not authorized hereunder to make any payments or other transfers (except for the return of cash collateral held by Debtors pursuant to the First Lien Hedges and Swaps) on account of or in relation to the First Lien Hedges and Swaps or the Legacy Swaps.

11.14.__Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

~~12.~~15.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~13.~~16.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~14.~~17.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

~~15.~~18.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE