# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew R. McGaan, P.C.
To Call Writer Directly:
(312) 862-2183
andrew.mcgaan@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 7, 2015

**By ECF and Hand Delivery**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

> Re: *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes*, Case No. 14-10979, ECF No. 4964.

Dear Judge Sontchi:

I write on behalf of the EFIH Debtors to address a scheduling dispute that has arisen regarding the EFIH Debtors' partial objection (the "EFIH Objection") to Proof of Claim No. 6347 (the "PIK Claim") filed by UMB Bank, N.A. (the "PIK Trustee") as indenture trustee for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes").

**I.    Scope Of The Dispute.**

The EFIH Debtors request a briefing schedule and a hearing date on the EFIH Objection, which presents two narrow issues: (1) whether the indenture governing the PIK Notes (the "PIK Indenture") entitles noteholders (the "PIK Noteholders") to a make-whole premium; and (2) whether the PIK Trustee's claim for postpetition interest is limited to the federal judgment rate as a matter of law.

As to the make-whole issue, the PIK Trustee and the EFIH Debtors have reached agreement and propose to the Court for its consideration a briefing schedule which is described below. The parties have been unable to reach agreement on a schedule for resolving the postpetition interest dispute. The PIK Trustee indicated it needs discovery on the postpetition interest issue and has requested that resolution of that aspect of the EFIH Objection be either incorporated into plan confirmation proceedings or handled thereafter. As we describe below, the EFIH Debtors' objection to the postpetition interest claim raises a limited legal issue the resolution of which may obviate the need for discovery and facilitate on-going negotiations. After meeting and conferring, the EFIH Debtors and the PIK Trustee have agreed to submit separate letters to the Court setting forth their views, which the parties plan to address at the omnibus hearing set for August 11, 2015.

**KIRKLAND & ELLIS LLP**

Hon. Christopher S. Sontchi
August 7, 2015
Page 2

**II.     Agreed, Proposed Make-Whole Claim Objection Briefing Schedule.**

As to the first issue raised by the EFIH Objection, whether a make-whole is owed under the plain language of the PIK Indenture, the parties propose the following agreed briefing schedule:

- The PIK Trustee will file an opposition to the EFIH Objection, solely as to the make-whole issue, by **Friday, August 28, 2015**; and

- The EFIH Debtors will file a reply in support of the EFIH Objection by **Friday, September 11, 2015**.

Regarding discovery, the parties have agreed:

- The PIK Trustee received all documents produced in connection with the EFIH First Lien make-whole adversary proceeding;

- Counsel for the PIK Trustee does not anticipate seeking any further discovery; however, subject to its review of the transcripts of the depositions taken in connection with the EFIH First Lien make-whole adversary proceeding, the PIK Trustee reserves the right to notice no more than two fact depositions, if any, by **Friday, August 14, 2015**;

- If a deposition is noticed, it will not interfere with the agreed briefing schedule described above, and it will not cover matters already addressed in the depositions taken in connection with the EFIH First Lien make-whole adversary proceeding; and

- The PIK Trustee will not serve any other discovery as to the make-whole portion of the EFIH Objection.

In addition, if the Court sets a time for oral argument on the pending EFIH Second Lien make-whole disputes, the EFIH Debtors and the PIK Trustee have agreed to jointly request that the Court hear all pending make-whole challenges—the EFIH Second Lien motions for summary judgment, the EFIH Second Lien lift-stay motion, and the make-whole portion of the EFIH Objection—at one hearing, subject to the Court's availability and approval.  Counsel for the EFIH Second Lien Trustee has indicated it would not oppose such a joint hearing.

KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
August 7, 2015
Page 3

III.   **The Court Can Determine What Interest Rate Should Govern Postpetition Interest As A Matter Of Law Without Discovery, And Prior To Confirmation.**

As to the postpetition interest portion of the EFIH Objection, the PIK Trustee has stated a desire for unspecified discovery and asked to delay resolution until confirmation, or possibly after. For the following reasons, neither discovery nor delay is needed.

   A.   **No Discovery Is Needed.**

No discovery is needed for the Court to determine that, as a matter of law, the PIK Noteholders are not entitled to postpetition interest at the rate specified in the PIK Indenture, or in any amount greater than the federal judgment rate, and to partially disallow the PIK Claim on that basis. The Court's determination of this legal issue would facilitate on-going plan negotiations. The PIK Claim currently amounts to about $442 million if the rate specified in the PIK Indenture applies, or $3 million if the federal judgment rate applies, assuming an effective date in the second quarter of 2016.

Section 502(b)(2) of the Bankruptcy Code disallows claims for unmatured interest on unsecured debt—such as interest on the PIK Notes—that comes due on or after the Petition Date. However, this rule is subject to an exception in the case of a solvent chapter 11 debtor: in such circumstances, unsecured creditors may be awarded postpetition interest at "the legal rate" applicable in a chapter 7 proceeding. *In re Washington Mut., Inc.*, 461 B.R. 200, 241 (Bankr. D. Del. 2011) (citing 11 U.S.C. § 726(a)(5) & (6)), *vacated in part*, No. 08-12229 MFW, 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012). As the *Washington Mutual* court held, "the better view is that the federal judgment rate [28 U.S.C. § 1961] is the appropriate [legal] rate to be applied . . . rather than the contract rate." *Id.* at 242. The majority of courts to have considered this issue agree. *See, e.g.*, *Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1234-36 (9th Cir. 2002); *In re 431 W. Ponce De Leon, LLC*, 515 B.R. 660, 675 (Bankr. N.D. Ga. 2014); *In re Fast*, 318 B.R. 183, 191-92 (Bankr. D. Colo. 2004) ("[T]he majority of cases have concluded that the federal judgment rate of interest is the 'legal rate' of interest.").

Notably, the EFIH Objection does not ask the Court to determine whether or not the solvency exception applies. Instead, it simply asks the Court to disallow the PIK Claim to the extent it seeks postpetition interest greater than the federal judgment rate, because whether EFIH is solvent or not, in no circumstance are the PIK Noteholders entitled to more as a matter of law. The issue presented by the EFIH Objection, then, is purely legal in nature: what is the "legal rate" that would be applied in a chapter 7 proceeding under *Washington Mutual* and related case authority. There is therefore no need for solvency or other discovery because the Court can resolve this objection by assuming that the EFIH Debtors are solvent.

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
August 7, 2015
Page 4

### B. The EFIH Objection Should Not Be Delayed Until Confirmation.

Counsel for the PIK Trustee has also argued that, no matter how the Court rules on the postpetition interest portion of the EFIH Objection, the PIK Trustee would be entitled nonetheless to pursue a contract rate of postpetition interest during confirmation under Section 1129 of the Bankruptcy Code. The PIK Trustee therefore argues that resolution of the EFIH Objection should be delayed until confirmation proceedings. The EFIH Debtors disagree.

*First*, it appears—though it is unclear—that the PIK Trustee is arguing that if the PIK claim to postpetition interest exceeding the federal judgment rate were disallowed, and if the EFIH Debtors are presumed solvent, then a plan of reorganization which makes a distribution to equity could not satisfy the "fair and equitable" confirmation test under Section 1129(b)(2)(B) of the Bankruptcy Code. Not so. Section 1129(b)(2)(B)(i) provides that if equity is paid, unsecured creditors must recover the "*allowed* amount" of their claims.[1] If the Court were to sustain the EFIH Objection to any claim for postpetition interest in excess of the federal judgment rate, even assuming solvency, it will have fixed an outside limit on the PIK Trustee's allowed claim to postpetition interest. There would be no basis to re-litigate during confirmation whether interest in excess of the allowed claim should be paid under the fair and equitable test. The Court should not delay resolution of the EFIH Objection on this tenuous basis.

*Second*, even assuming the PIK Trustee's theory were correct—which it is not—and it could re-litigate during confirmation a claim to postpetition interest in excess of the federal judgment rate, the EFIH Debtors believe they are entitled to test the PIK Claim on the grounds described in the EFIH Objection, and that the Court's decision will guide the parties prior to confirmation in their negotiations and efforts to resolve all claims. It will be of great benefit to the Debtors' Estate, the Debtors' reorganization, and these bankruptcy proceedings to gain clarity on this issue.

*Third*, under the Plan on file with the Court, "[c]laims for postpetition interest with respect to EFIH Unsecured Notes Claims . . . shall be Allowed . . . at the Federal Judgement Rate," while any claims in excess of the federal judgment rate will be disputed. Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp. *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, ECF No. 5197, at p. 75, Case No. 14-10979 (Bankr. D. Del.

---

[1] 11 U.S.C. 1129(b)(2)(B) ("For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements: . . . With respect to a class of unsecured claims . . . the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, *equal to the allowed amount of such claim*; or . . . the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property . . . ." (emphasis added)).

KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
August 7, 2015
Page 5

August 3, 2015).  In the event those disputed claims are not resolved by the effective date of the Plan, a "Postpetition Interest Reserve" will be established to pay postpetition interest claims in excess of the federal judgment rate.  Based on this language, the PIK Trustee has postulated that the Plan contemplates resolution of postpetition interest disputes *after* confirmation.  Again, not so.  Nothing in the Plan dictates when an objection to postpetition interest—like the EFIH Objection—should be heard.  That provision merely covers a contingency that may or may not arise.  If anything, the need for a Postpetition Interest Reserve would be obviated should the EFIH Objection be resolved prior to confirmation.

The EFIH Debtors therefore respectfully request that the Court schedule the EFIH Objection for hearing at a date to be determined by the Court, with the PIK Trustee's opposition to the EFIH Objection due August 28, 2015, and the EFIH Debtors' reply in support of the EFIH Objection due September 11, 2015.

Respectfully submitted,

/s/ Andrew R. McGaan

Andrew R. McGaan, P.C.