## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., | § | Case No. 14-10979 (CSS) |
| et al., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | **Re: D.I. 4974** |

## MASTERCRAFT PRINTED PRODUCTS & SERVICES, INC.'S RESPONSE
## TO DEBTORS' OBJECTION TO CLAIMS

MASTERCRAFT PRINTED PRODUCTS & SERVICES, INC. ("Mastercraft") responds to Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 (the "Objection(s)"), as follows:

1.    On April 29, 2014, each of the Debtors[1] ("Debtors") filed a voluntary petition with the Court under the Bankruptcy Code, and the Court entered a final order for joint administration of these Chapter 11 cases (the "Bankruptcy").

2.    On May 2, 2014, and on August 18, 2014, the Court entered orders establishing October 27, 2014, at 5:00 p.m. as the final date to file proofs of claim in the Bankruptcy (the "General Bar Date").  Mastercraft filed all its proofs of claim by the General Bar Date.

3.    On July 10, 2015, the Debtors filed the Objection disputing sixteen of Mastercraft's claims.  In summary, the Objections to Mastercraft's claims provide Mastercraft has asserted incorrect amounts and/or priority status in its claims.

4.    Mastercraft understands the Debtors' objections to sixteen of Mastercraft's claims are divided into three basic categories: (1) modification based on incorrect amount (the

---

[1] Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors is not provided herein, but can be found at http://www.efhcaseinfo.com.

"Modified Amount Claims"); (2) modification based on an incorrect priority status (the "Modified Priority Claim"); or (3) both (the "Modified Amount and Priority Claims").  The following chart outlines each objection and basis for modification:

| | Modified Amount | Modified Priority | Modified Amount and Priority |
|---|---|---|---|
| Claim Number: | 7963, 7964, 7966, 7968, 7972, 7973, 7876, 7967, 7970, 7971 | 7874 | 7871, 7872, 7873, 7875, 7877 |

5.    The total amount owed by the collective Debtors to Mastercraft is $1,181,177.71, of which $406,274.56 is entitled to priority under Section 503(b)(9).[2]  Copies of the invoices that are entitled to priority under Section 503(b)(9) are attached hereto as Exhibit A and copies of the remaining invoices are attached hereto as Exhibit B, and incorporated herein by reference.  In total, these invoices aggregate $1,181,177.71.

6.    Mastercraft understands the basis for most of the Debtors' objections to the Modified Priority and Modified Amount and Priority Claims is that "the claim is for services or other non-goods, which do not qualify for 503(b)(9) priority."[3]  As such, the Debtors request the Modified Priority Claim and certain amounts in the Modified Amount and Priority Claims be classified as unsecured claims, rather than 503(b)(9) priority claims.

**A.    Mastercraft's 503(b)(9) Claims Should be Allowed in Full.**

7.    The Debtors are obligated to Mastercraft pursuant to certain agreements ("Agreements") and outstanding invoices.  Many of the goods provided by Mastercraft were

---

[2] In its proofs of claim, Mastercraft asserted priority claims under Section 503(b)9) totaling $406,412.50. Upon further review, Mastercraft acknowledges that $137.94 of this amount was for shipping charges not entitled to priority.

[3] As noted in Footnote 2, only $137.94 of the amounts Mastercraft originally asserted as priority claims are for services or other non-goods.

delivered to the collective Debtors within the 20 days prior to the instant Bankruptcy. Pursuant to the Agreements, many of the debtors are jointly and severally liable to Mastercraft for the goods provided. True and correct copies of the Agreements are attached hereto as Exhibit C.

8.     Prior to the filing of the instant Bankruptcy, Mastercraft provided the goods at the request of TXU Energy (or its affiliates/subsidiaries) or at the request of its advertising agency (together "TXU"). When Mastercraft received orders from TXU, the orders were processed, the goods were manufactured and mailed, and invoices were submitted back to TXU. Mastercraft understands that Debtors had an internal process for determining which of the collective Debtors would make payment to Mastercraft. Mastercraft is unaware of the Debtors' procedure for allocating payment responsibility, which complicates Mastercraft's ability to respond to the Debtors' objections regarding the responsible debtor party.

9.     Mastercraft provided the collective Debtors with moveable, printed paper products. While the Bankruptcy Code does not define "goods," many bankruptcy courts have adopted the definition of "goods" from the Uniform Commercial Code. *In re Goody's Family Clothing Inc.*, 401 B.R. 131, 134 (Bankr. D. Del. 2009). Section 2–105(1) provides that "goods" are "all things (including specially manufactured goods) which are *movable at the time of identification to the contract for sale*." U.C.C. § 2–105(1) (emphasis added). Because the products provided by Mastercraft to the collective Debtors are moveable and tangible items, they qualify as "goods" within the meaning of Section 503(b)(9).

10.     With regard to Claim 7877, the Debtors also object on the basis that the "goods [] were received by the Debtor more than 20 days before the petition date." The invoices attached hereto as Exhibit A evidence that goods totaling $406,274.56 were delivered within 20 days prior to the bankruptcy filing. Accordingly, this amount is entitled to priority status under Section 503(b)(9).

**B.    The Full Amount of Mastercraft's Claims Should be Allowed.**

11.    The total amount owed to Mastercraft by the collective Debtors is $1,181,177.71, as evidenced by the unpaid invoices attached hereto as <u>Exhibits A and B</u>.  Because Mastercraft is unaware of the Debtors' procedure for allocating payment responsibility, Mastercraft cannot adequately respond to the Debtors' Modified Amount Claims objections individually. Regardless of how responsibility is allocated between the Debtors, the total amount owed to Mastercraft is $1,181,177.71.  To the extent Debtors allege they are indebted to Mastercraft for a lesser total amount, Mastercraft requests the Court overrule the Debtors Objections and allow Mastercraft's claims for $1,181,177.71.

WHEREFORE, Mastercraft requests that the Debtors Objections be overruled and that its claims be allowed in the total amount of $1,181,177.71, with $406,274.56 of that amount being entitled to priority under 503(b)(9).  Mastercraft requests all other relief to which it is entitled.

Date:    August 7, 2015          SULLIVAN · HAZELTINE · ALLINSON LLC
         Wilmington, DE

         _____
         William D. Sullivan (No. 2820)
         William A. Hazeltine (No. 3294)
         Elihu E. Allinson III (No. 3476)
         901 North Market Street, Suite 1300
         Wilmington, DE 19801
         Tel: (302) 428-8191
         Fax: (302) 428-8195

and

BELL NUNNALLY & MARTIN LLP
Heather H. Jobe
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas  75204-2429
(214) 740-1462 Telephone
(214) 740-1499 Facsimile

COUNSEL FOR MASTERCRAFT PRINTED
PRODUCTS & SERVICES, INC.