# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 10, 2015

Via ECF and Hand Delivery

Honorable Christopher S. Sontchi,
    United States Bankruptcy Court for the District of Delaware,
        824 N. Market Street, 5th Floor,
            Wilmington, DE 19801.

           Re:    *In re Energy Future Holdings Corp., et al.*,
                Case. No. 14-10979 (CSS)

Dear Judge Sontchi:

        We are counsel to the official committee of unsecured creditors of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH"), EFIH Finance Inc., and EECI, Inc. (the "EFH Committee"). We write to respectfully request that the Court hold a scheduling conference at its earliest convenience to discuss scheduling matters relating to (i) the Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement [D.I. 5249] (the "Settlement Motion"), and (ii) the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5244] (the "REIT Plan").

        The Debtors and their new allies, the T-silo creditors, seek to trample the due process rights of E-silo creditors and to re-write the history of these chapter 11 cases by seeking approval of the terms of the disputed inter-silo claims settlement and broad releases for insiders now contained in the Settlement Agreement in the abstract, untethered from any plan of reorganization, and on an accelerated schedule. The Debtors brazenly seek to have the Settlement Motion heard on September 17, 2015, with objections due in 14 days, on August 24, 2015.

        The Debtors have created a dispute where none is necessary because the stated premise of the inter-silo debtor settlement—to resolve inter-silo claims and avoid costly litigation—is mooted by the economic terms of the REIT Plan. If the REIT Plan is consummated, the TCEH Settlement Claim transferring value from EFH to TCEH is deemed satisfied without any distribution and releases are provided in the REIT Plan. Thus, the inter-silo debtor settlement is relevant only to plans of reorganization *other*

Honorable Christopher S. Sontchi                                                    -2-

*than* the REIT Plan.  Despite the Debtors' rhetoric to the contrary, the Debtors' insistence on the approval of the Settlement Agreement does not provide any opportunity that the REIT Plan presents.  The Court should exercise its discretion to stay consideration of the Settlement Motion until its terms become relevant in an alternative plan scenario.

If the Debtors are permitted to pursue this folly now, the Debtors should not be permitted to disregard the Court's July 2, 2015 scheduling order addressing these complex litigation matters [D.I. 4916] (the "Scheduling Order")  An ill-advised decision to pursue the inter-silo debtor settlement artificially divorced from a plan of reorganization does not alter the appropriateness of the schedule negotiated, litigated and approved as set forth in the Scheduling Order.

Over the four months since the disinterested directors and managers of EFH, EFIH and Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC ("EFCH/TCEH") announced their purported inter-silo debtor claims settlement (the "DD Settlement"), the Court has heard about the complex litigation matters it presents.  Approval of the DD Settlement requires litigation, resolution, and possibly appeal of numerous legal and factual issues including, among other things:

- the standard of review to be applied to this insider transaction, for which heightened scrutiny is required;

- the applicable statute of limitations for claims challenging or arising out of the 2007 leveraged buyout, the determination of which will dramatically alter the scope of the claims at issue;

- whether there is any need to facilitate a tax-free reorganization;

- consideration of the merits of each of the underlying inter-debtor claims being resolved and released, including the tax claims that are the subject of the EFH Committee's Tax Objection[1]; and

- whether the terms of the DD Settlement and Settlement Agreement are appropriate from the perspective of each of the individual Debtor estates and its creditors.

---

[1]    *Objection of the EFH Official Committee to General Unsecured Tax Claims of Texas Competitive Electric Holdings Company LLC Against Energy Future Holdings Corporation* [D.I. 4365] (the "Tax Objection").

Honorable Christopher S. Sontchi                                                    -3-

This last issue is exacerbated by the Debtors now seeking approval of the DD Settlement's terms without a creditor vote and outside of a plan through the Settlement Motion.  The Debtors seek to bind all stakeholders to the terms of the DD Settlement and releases for insiders—including for conduct during these ongoing chapter 11 cases—without regard for plan structure, creditor recoveries or the date of emergence.  Given that the Settlement Agreement entitles TCEH to a $700 million allowed claim constituting approximately 50% of the EFH estate and releases significant EFH estate litigation claims, the analysis as to the "paramount interest of the creditors" of EFH will depend on future facts currently unknowable.  The analysis and likely outcome will differ in a scenario where EFH creditor claims are to be paid in full when compared to a scenario where EFH creditor claims are deeply impaired.

Moreover, the Settlement Agreement provides broad releases of nearly all claims against the Debtors, the TCEH First Lien Creditors, the Sponsors, and the Debtors' directors and officers.[2]  These releases go beyond the scope of the DD Settlement and the claims underlying those releases require examination in connection with the Settlement Motion.

In any event, the Debtors' assertion that a hearing can or should be held to consider the Settlement Motion in September 2015 belies the facts.  The need for extensive discovery and pretrial proceedings is no different now that the DD Settlement is being presented in the Settlement Motion rather than the plan of reorganization.  The Scheduling Order contains a detailed discovery and pretrial schedule in advance of a confirmation hearing to begin on January 20, 2016, for which the Court has reserved twenty trial days.  To illustrate, the following is a non-exclusive list of the discovery that will be necessary in connection with the Settlement Motion:

- Document discovery from numerous parties and their professional advisors with regard to the negotiation and terms of the DD Settlement, the Settlement Agreement and the REIT Plan, including:  each of the relevant Debtors, each of the disinterested directors, other members of the Debtors' boards of directors, each of the REIT Plan proponents, signatories to the Settlement Agreement, and the Sponsors;

- Depositions of numerous parties and their professional advisors, including potentially:  each of the disinterested directors, other members of the Debtors' boards of directors, each of the relevant Debtors, the Debtors' Co-Chief

---

[2]    All matters regarding claims against the Sponsors and the Debtors' directors and officers, including proposed releases thereof, are being handled only by Montgomery McCracken Walker & Rhoads LLP, conflicts counsel to the EFH Committee.

Honorable Christopher S. Sontchi                                                                    -4-

Restructuring Officers, each of the REIT Plan proponents, signatories to the
Settlement Agreement, and the Sponsors; and

- Potential expert discovery in connection with litigation of the merits of the
  underlying inter-silo debtor claims.

Litigation with respect to the DD Settlement and the claims that would be
resolved through the Settlement Agreement has not proceeded, in substantial part,
because the Court and stakeholders have relied on the Debtors' and the disinterested
directors' repeated representations to this Court that the DD Settlement was "part of and
embodied in the plan of reorganization" and "subject to confirmation of the plan." (Apr.
14, 2015 Hr'g Tr., 35:22-36:1, 43:21-45:14.)

On May 13, 2015, the Court held a scheduling conference with respect to
the EFH Committee's Tax Objection. The Debtors requested a stay of the Tax Objection,
which the Court granted. The Debtors relied on both the complexity and "comprehensive
nature" of the DD Settlement to argue that **"the inter-debtor settlement as a whole
needs to be considered in the context of the plan."** (May 13, 2015 Hr'g Tr., 25:6-9;
25:22-26:5 (emphasis added).) Independent counsel for EFCH/TCEH similarly
explained that:

the settlement that will be and is embodied in the plan of
reorganization as filed contemplates there being several
rounds of discovery . . . . So there will be plenty of
opportunities for all parties to examine whether or not the
settlement is reasonable and appropriate. And they will be
able to be heard at confirmation.

(*Id.* at 19:17-24.) The Court exercised its discretion to stay prosecution of the Tax
Objection, holding that "[a]ny rights to dispute the validity of that claim are fully
preserved in that the parties will have their rights to dispute the settlement. If the
underlying claim has no merit and the settlement rises or falls on the settlement of a claim
that makes no sense, then the settlement itself comes into question." (*Id.* at 38:4-10.)

The Debtors have now completely reversed course and seek approval of
the terms of the DD Settlement to be binding on all stakeholders if the REIT Plan is never
consummated and an alternative plan must later be pursued after exclusivity has expired.
This strategy exposes the Debtors' desire to secure releases of insiders at all costs.
Moreover, the Debtors' perceived need for the Settlement Motion reveals their concern
about the contingent nature of the REIT Plan and raises questions about whether the
REIT Plan is bona fide and being proposed in good faith.

Honorable Christopher S. Sontchi                                           -5-

        The Debtors have compounded these concerns by needlessly conditioning confirmation of the REIT Plan on entry of the order sought in the Settlement Motion. The REIT Plan proponents have previously described the REIT Plan as "nirvana," because it would permit a consensual resolution of these cases without litigation of the DD Settlement or the underlying claims.  (June 25, 2015 Hr'g Tr., 46:13-17.)  That prospect was the basis upon which the Court and the parties agreed to include in the Scheduling Order contingent confirmation hearing dates beginning in October 2015.  But the Settlement Motion reintroduces contested litigation, and thus requires the schedule set forth in the Scheduling Order.  All stakeholders have relied on the Scheduling Order in planning for and initiating discovery on these matters, and nothing has changed to warrant its modification.

        Finally, we respectfully submit that now is the time to expand the plan mediation process to include the EFH Committee and significant E-silo creditor groups. At the hearing on May 4, 2015, the Court permitted plan mediation to be limited to T-silo stakeholders and T-silo issues in the first instance.  The mediation process appears to have produced positive results in facilitating resolution of significant disputes between and among T-silo creditors and the Debtors.  To date, the Debtors have not engaged with the EFH Committee with respect to the EFH Committee's objections to the DD Settlement.  Before litigation proceeds in earnest, it would be worthwhile and appropriate for the Debtors to explore potential resolution of the outstanding disputes with E-silo creditors.

        We look forward to discussing these matters further with the Court.

                                                Respectfully submitted,

                                                /s/ Brian D. Glueckstein

                                                Brian D. Glueckstein

cc:      All counsel of record (via ECF)