

**Richard C. Pedone**
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA  02110-2131
617-345-1000

August 11, 2015

*Via Electronic Filing*
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

> **Re:** **In re Energy Future Holdings Corporation, et al., Case No. 14-10979**
> **EFH Indenture Trustee's Letter Regarding Scheduling of** *Motion Of Energy Future Holdings Corp., et al., To Approve A Settlement Of Litigation Claims And Authorize The Debtors To Enter Into And Perform Under The Settlement Agreement* **[Docket No. 5249]**

Dear Judge Sontchi:

Nixon Peabody LLP writes on behalf of the EFH Indenture Trustee[1] regarding the scheduling of the *Motion Of Energy Future Holdings Corp., et al., To Approve A Settlement Of Litigation Claims And Authorize The Debtors To Enter Into And Perform Under The Settlement Agreement* [Docket No. 5249] (the "Settlement Motion") which was filed on August 10, 2015[2] and to join the request of the official committee of unsecured creditors of EFH, Energy Future Intermediate Holdings Company LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee") for a scheduling conference on the Settlement Motion.  As explained below, the Settlement Motion does not reflect a global compromise.  *See* Docket No. 5259.  Rather, through the Settlement Motion, the Debtors seek to abrogate the rights of EFH creditors by locking in an unjustifiable $700 million claim against EFH and granting insider releases.

The Settlement Motion seeks approval of a Settlement Agreement which, among other things,

---

[1] The EFH Indenture Trustee is American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes") issued by EFH Future Holdings Corp. ("EFH").  The combined aggregate outstanding balance due on the EFH Notes exceeds $1.9 billion, with over $700 million of that balance held by non-debtor parties.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Settlement Motion.

4816-0975-0054.3

Case 14-10979-CSS    Doc 5263    Filed 08/11/15    Page 2 of 4

The Honorable Christopher S. Sontchi
August 11, 2015
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

>   resolves *all* Inter-Debtor Claims relating to the Debtors and other specified matters, "from the beginning of the world through the Settlement Effective Date." The released claims include, among others, all claims identified, claimed, or released in the Litigation Letters or the Disinterested Director Settlement with respect to the released parties.

Settlement Motion, at 20-21 (emphasis in original). The Settlement Agreement also "relinquishes all claims against the Sponsors and the Debtors' directors and officers relating to the Debtors and other specified matters, 'from the beginning of the world through the Settlement Effective Date.'" *Id.* at 22.

Significantly, the "Settlement Agreement's resolution of litigation claims is ***not*** contingent upon the success of the Plan . . . ." *Id.* (emphasis added).[3]

The Debtors, in conjunction with the proponents of the Plan,[4] originally sought to have the Settlement Motion heard on September 17, 2015 at 9:30 a.m. (the "Hearing") with objections due by August 24, 2015 at 4:00 p.m. The Debtors' proposed schedule unilaterally disregarded this Court's *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection With the Confirmation of Debtors Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* [Docket No. 4916] (the "Plan Scheduling Order"), which was entered while a plan was on file which contemplated the hearing of all issues related to intercompany claims and any settlement at a January 2016 confirmation hearing. While the Debtors have now adjourned the imminent August deadline, it is unclear what their intentions are. As outlined below, the EFH Indenture Trustee believes that matters related to the litigation of the Settlement Agreement, if they must be determined at all, should be heard in January 2016 as originally ordered by this Court.

Parties refrained from commencing discovery regarding the contemplated settlement in reliance on the Plan Scheduling Order and the Debtors' statements that parties would have an opportunity at confirmation to test the *bona fides* of the settlement. At the May 5, 2015 hearing, counsel for the Debtors stated the following in defense of their position that discovery related to the settlement should not take place until confirmation:

---

[3] Notably, this last point makes it clear that paragraph 9 of the Plan Scheduling Order is not applicable here. Paragraph 9 permitted the scheduling of an October hearing on confirmation and the expected settlement if, and only if, the anticipated revised plan paid EFH creditors in full. While the current proposed plan may provide for the payment of EFH creditors in full, it also, when read in conjunction with the Settlement Motion, provides a mechanism to lock in an allowed claim of more than $700 million at EFH which will almost certainly insure that in any future plan, should the REIT transaction fail to close, EFH creditors will not be paid in full. Accordingly, paragraph 9 of the Plan Scheduling Order is not applicable here.

[4] *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5244] (as it may be further amended, supplemented or modified, the "Plan").
4816-0975-0054.3

The Honorable Christopher S. Sontchi
August 11, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

> There's no legal basis to force a debtor to front run a settlement rather than have it considered in the context of the larger plan. ***Now the E committee will have its day or weeks in court and the disinterested directors, with their advisors, will then have to defend the propriety of that interdebtor settlement from the perspective of each of their individual estates.***

May 5, 2015 Hr'g Tr., 33:14-20 (emphasis added).  The Plan Scheduling Order contemplated that this day in Court would be preceded by 101 days of discovery.  *See* Plan Scheduling Order at ¶ 8 (providing that discovery requests would be served by July 28, 2015 and fact discovery would be completed by November 6, 2015). As we noted for the Court at the hearing held on May 5, 2015, and again when we sought to commence discovery on related issues on June 3, 2015, the issues related to the intercompany claims are complex, involve over one million pages of documents, and dozens of witnesses.  *See e.g., Response of EFH Indenture Trustee to Debtors' May 27, 2015 Letter Seeking Protective Order in Connection with Disclosure Statement Discovery* [Docket No. 4664].  The Court should not permit the Debtors to trample the due process rights of EFH creditors and revisit the agreed-upon schedule contained in the Plan Scheduling Order.

      We also request that this Court take notice of the conflicts inherent in the Settlement Agreement and that the Debtors' representatives now advocating for compressed discovery are themselves benefitting from the proposed settlement.  Specifically, the so-called "Disinterested Directors" and managers proposing the Settlement Agreement and Plan are not, in fact, disinterested in any way.  Through the Settlement Agreement, the Disinterested Directors seek to absolve themselves of liability from the very claims that are being resolved.

      Finally, it should be noted that the Settlement Agreement, with its global settlement of insider claims, releases for insiders, and other case determinative provisions, is, in fact, a *sub rosa* plan.  The EFH Indenture Trustee does not believe that the type of relief sought can be granted outside of the confirmation process, particularly not here since the claims being settled have not been filed or scheduled, thereby preventing all parties, other than insiders who stand to benefit from the settlement, from scrutinizing or challenging such claims despite their impact on creditor recoveries under the Plan.

The Honorable Christopher S. Sontchi
August 11, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

      For the foregoing reasons, the EFH Indenture Trustee respectfully requests that all issues related to any settlement be heard in January 2016 following adequate and complete discovery, as previously ordered by the Court.

Sincerely,

*/s/ Richard C. Pedone*

Richard C. Pedone


cc:    Erica Goodstein
        All counsel of record (via ECF)

4816-0975-0054.3