IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Objection Deadline (Requested):** |
|  | ) **August 14, 2015 at 4:00 p.m.** |
|  | ) |
|  | ) **Hearing Date (Requested):** |
|  | ) **August 18, 2015 at 9:00 a.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER AMENDING CERTAIN
HEARING DATES AND DEADLINES IN CONNECTION WITH THE
CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Amended Confirmation Scheduling Order"), amending the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* [D.I. 4916] (the "Initial Confirmation Scheduling Order"). In particular, the Debtors seek to amend certain dates and deadlines in connection with the confirmation of the Debtors' third amended plan of reorganization (the "Plan"), which was filed on August 10, 2015. In support of this Motion, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 12789552v.1

**Preliminary Statement**

1.      For more than a year and a half, the Debtors have been hard at work to build consensus for a value-maximizing plan of reorganization.  That hard work is generating positive results, as the Debtors have filed a Plan that satisfies two critical conditions:  (1) the Plan has the support of creditors from *all levels* of the TCEH capital structure, including the TCEH First Lien Ad Hoc Group, the TCEH Second Lien Group, the TCEH Committee, and the TCEH Unsecured Ad Hoc Group; and (2) the Plan provides for payment *in full in cash* for all allowed claims against EFH and EFIH.

2.      The parties have long recognized that a plan meeting these two conditions would pave the way to accelerated and abbreviated confirmation proceedings.  First, the support of the key TCEH creditors diffuses the threat of massive litigation with those creditors over the Plan and its treatment of mostly T-side litigation claims.  The specter of such litigation was a main driver toward slower and lengthier confirmation proceedings.  Second, providing full cash payment on the allowed claims of all EFH and EFIH creditors dramatically narrows the scope of potential Plan objections from those creditors.  With far fewer issues in play, the scope of discovery can likewise be substantially narrowed, and the confirmation schedule and hearing can be shortened accordingly.  By reaching consensus with key T-side creditors and having the wherewithal to satisfy the E-side creditors' claims, the Plan obviates the need for extensive confirmation discovery or a drawn out confirmation hearing.

3.      Accordingly, while the Debtors sought, and the Court approved, an Initial Confirmation Scheduling Order that contemplates a confirmation hearing beginning in January 2016, that order also provides for an expedited four-day confirmation hearing in early October on a qualifying plan meeting the above conditions.  The inclusion of the October 2015 dates, which drew only a single objection (overruled by the Court), reflects a recognition that

waiting until January 2016 to confirm a qualifying plan would be unnecessary and wasteful, and that a qualifying plan can and should be heard quickly.

4. The option of an October 2015 confirmation hearing was key to garnering the TCEH creditors' support for the Initial Confirmation Scheduling Order, and was the subject of a *Stipulation and Agreed Order Regarding Certain Confirmation Scheduling Matters* [D.I. 4918] (the "Scheduling Stipulation") between those creditors and the Debtors.

5. Timely confirmation proceedings remain a condition of the Plan. On August 10, 2015, the Debtors filed a motion to approve a Plan Support Agreement (the "PSA"). The PSA is a key element of the comprehensive settlement reached between the Debtors and the key TCEH creditors, who are parties to the PSA. Pursuant to the PSA, the PSA may be terminated if the Plan is not confirmed (at least orally) by January 15, 2016.

6. On August 10, the Debtors filed a motion to approve a Settlement Agreement (the "Settlement Motion") that includes a global settlement and release of litigation claims. Like the PSA, the Settlement Agreement is another key element of the comprehensive agreement reached between the Debtors, key TCEH creditors, and other settling parties. It removes the cloud of potential litigation that has loomed over these chapter 11 cases for the past year and a half, and is a condition of confirmation of the Plan. Thus, the Debtors seek to address the Settlement Motion at the confirmation hearing.

7. By this Motion, the Debtors seek to protect and capitalize on the consensus that has been achieved—after tremendous effort—in favor of the Plan. An expeditious confirmation hearing will permit the Debtors and the other relevant parties to focus on executing the transactions contemplated in the Plan. The Plan contemplates a tax-free spinoff of TCEH, and an injection of approximately $7 billion of equity capital and approximately $5 billion of debt to

3

RLF1 12789552v.1

finance a tax-free merger of reorganized EFH Corp., which new capital would fund the payoff of E-side claims. In connection with consummation of the merger, Oncor would be restructured to permit the surviving company to convert to a REIT.[2] These transactions will require considerable attention and energy. For example, obtaining the necessary approvals for the transactions may require extensive interaction with regulators such as the Public Utility Commission of Texas, the IRS, the United States Nuclear Regulatory Commission, and the Federal Energy Regulatory Commission.

8. The Amended Confirmation Scheduling Order accomplishes the goal of accelerated confirmation proceedings while maintaining a reasonable schedule that serves the interests of justice. The proposed schedule starts the confirmation hearing on October 28, 2015, approximately eleven-and-a-half weeks after the Plan filing on August 10, 2015, which is more time than was afforded for confirmation proceedings beginning October 5, 2015 under the Initial Confirmation Order. The Amended Confirmation Scheduling Order fills in interim dates that are achievable given the significantly narrowed issues to be addressed in confirming the Plan.

9. Leading up to the proposed confirmation hearing date, the Amended Confirmation Scheduling Order also provides for reasonable and realistic discovery and pre-hearing deadlines. Confirmation fact discovery has already been served, and will largely be mooted by the filing of the Plan and signing of the Settlement Agreement. Discovery served by the TCEH creditors should be withdrawn. Assuming the EFH and EFIH creditors are sensible in narrowing their remaining discovery requests, the Debtors' production can be completed by mid-

---

[2] A real estate investment trust, or REIT, is a hybrid tax entity that, although treated as a corporation for federal income tax purposes, is able to eliminate the corporate level income tax by distributing its taxable income to shareholders.

4

September. Expert discovery—to the extent required—will be completed by early October. Pre-trial proceedings can be completed efficiently in time for the late October hearing.

10. As for the hearing itself, the Amended Confirmation Scheduling Order maintains both a degree of flexibility and an element of discipline. It provides that the number of days needed for the hearing will be determined at the initial pretrial conference, but also dictates that the available hearing time will be divided equally between plan supporters and plan objectors, to be monitored by a chess clock.

11. In short, the Amended Confirmation Scheduling Order delivers on the promise of the Plan to move these chapter 11 cases to a swift resolution.[3]

### Jurisdiction and Venue

12. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

13. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] The Debtors have also contacted their creditors to solicit their feedback on the proposed confirmation schedule. The Debtors will file a revised proposed confirmation schedule as necessary to address the outcome of continuing discussions with interested parties and with the noticing agent, Epiq.

14. The bases for the relief requested in this Motion are sections 1125(b) and 1128(a) of title 11 of the United States Code; rules 2002(b) and (d), 3016(b), 3017, 3020(b), and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Bankruptcy Rule 3017-1(a).

## Relief Requested

15. By this Motion, the Debtors seek entry of the Amended Confirmation Scheduling Order, substantially in the form attached hereto as **Exhibit A**, scheduling dates and deadlines in connection with the confirmation of the Plan.[4]

## Background

**A.  The Scheduling Stipulation and Initial Confirmation Scheduling Order Contemplate an Expedited October Confirmation Hearing.**

16. On April 14, 2015, the Debtors filed their first plan of reorganization and associated disclosure statement. (D.I. 4142; D.I. 4143.) At the same time, the Debtors sought entry of a schedule and protocols to govern disclosure statement and confirmation proceedings. (D.I. 4138.) After a May 4, 2015 hearing, on May 18, 2015 the Court entered an order approving the relief requested with respect to the schedule for approval of the disclosure statement, but declining to enter a confirmation schedule until a further scheduling conference on June 25, 2015. (D.I. 4497.)

17. As it became evident to the Debtors and the TCEH creditors in late May and early June 2015 that achieving consensus around a plan was a realistic possibility, the parties began negotiating a schedule for plan confirmation. In connection with those negotiations the Debtors, the TCEH Committee, the TCEH Second Lien Indenture Trustee, the TCEH Unsecured Ad Hoc

---

[4] For the avoidance of doubt, the Court shall have the ability to adjust the schedule of the confirmation proceedings if necessary.

Group, and the Indenture Trustee for the TCEH Unsecured Notes entered into an agreement that was later filed as the Scheduling Stipulation. (D.I. 4918.) Among other things, the Scheduling Stipulation provided that if the Debtors filed an amended plan that "proposes to pay all allowed claims of EFIH and EFH creditors in full in cash, and is agreed to by the [signing TCEH creditors], then the confirmation hearing shall be held on" October 5-8, 2015. (*Id.* at ¶ 2.)

18. On July 2, 2015, after continued negotiation among the Debtors and their creditors, the Debtors filed under certificate of counsel a proposed confirmation scheduling order, which the Court entered the Initial Confirmation Scheduling Order. The Initial Confirmation Scheduling Order set a confirmation hearing date of January 20, 2016. (D.I. 4916 at ¶ 8 (cc).) It also provided, however, for expedited confirmation proceedings on October 5-8, 2015, if the Debtors' plan of reorganization "proposes to pay all allowed claims of EFIH and EFH creditors in full in cash, and is agreed to by the TCEH First Lien Ad Hoc Group, TCEH Second Lien Indenture Trustee, the TCEH Committee, the TCEH Unsecured Ad Hoc Group, and the indenture trustee for the TCEH unsecured notes." (*Id.* at ¶ 9.) In that event, the Initial Confirmation Order provides that "the Participating Parties shall attempt in good faith to agree upon interim deadlines." (*Id.*)

B. **The First Amended Plan Filing Kicks Off Plan Confirmation Discovery.**

19. The Initial Confirmation Scheduling Order set a July 23, 2015 deadline for the Debtors to file an amended plan of reorganization. (*Id.* at ¶ 8(a).) After the scheduling order was entered, the Debtors continued negotiations that ultimately coalesced around two alternative transaction structures. First, a group of EFH and EFIH creditors (the "EFH-EFIH Creditor Group") proposed a structure that would equitize the claims of the EFH and EFIH creditors together with a new-money investment in a re-organized EFH. Second, Hunt Power Holdings, L.L.C. ("Hunt") and a consortium of other equity investors (collectively, the "Hunt-Investors")

7

joined with certain other stakeholders and members of the ad hoc group of TCEH unsecured noteholders (the "TCEH Unsecured Group," and together with Hunt and the Hunt-Investors the "Hunt/TCEH Unsecured Group") to propose a transaction premised on a merger with EFH Corp. and converting the surviving company into a REIT, coupled with a multi-billion dollar new-money investment.

20. By July 23, 2015, the deadline for the Debtors to file an amended plan of reorganization under the operative scheduling order, the Debtors had not yet reached a definitive deal on either the Hunt/TCEH Unsecured Group proposal or the EFH-EFIH Creditor Group proposal. Accordingly, the Debtors filed an amended plan of reorganization (the "First Amended Plan"), which preserved the Debtors' option to move forward with either the Hunt/TCEH Unsecured Group proposal or a standalone equitization transaction at EFH Corp. and EFIH. (D.I. 5078; D.I. 5080.) After filing the First Amended Plan, the Debtors continued to negotiate both potential transactions.

21. The Initial Confirmation Scheduling Order required the service of initial consolidated discovery requests no later than 5 days after the Debtors filed an amended plan. (D.I. 4918, Ex. A at ¶ 8(b).) Accordingly, the Debtors began receiving confirmation discovery requests on July 28, 2015. Discovery requests served to date have been extensive. Creditors have served 52 interrogatory requests, 252 requests for products, and 1 deposition notice on the Debtors. Creditors have also served 675 requests for production and 1 deposition notice on the Sponsors, on one another, and on other key parties-in-interest.

22. Most of the confirmation discovery served thus far is rendered moot by the filing of the Plan. The discovery served by TCEH creditors, while those creditors remained potential plan objectors, is now unnecessary as they have become Plan supporters. Similarly, all

discovery pertaining to the EFH-EFIH Creditor Group's reorganization proposal is now irrelevant. Discovery by any potentially objecting EFH or EFIH creditors must be targeted solely to the issues raised by the Plan.

### C. The Plan and Amended Confirmation Schedule.

23. Ultimately, on August 9, 2015, the Debtors and the Hunt/TCEH Unsecured Group reached a global agreement on how to reorganize the Debtors. That agreement is embodied in the Plan and associated documents, including the Settlement Agreement and PSA.

24. The PSA includes certain deadlines that impact the schedule going forward. (*See* PSA §§ 10, 11.) If the Court has not given oral approval to the Plan by January 15, 2016 (subject to certain extensions), the PSA will terminate.[5] (PSA § 11(e).) Because it is a condition to confirmation of the Plan, the Settlement Agreement must also be approved by that date. Termination of the PSA could unravel the carefully structured deal between the Debtors and the TCEH creditors. Accordingly, any feasible schedule for confirmation of the Plan will need to allow sufficient time for a confirmation hearing, including a hearing on the Settlement Motion, and subsequent ruling by the Court before the deadline.

25. The key litigation-related dates and deadlines that the Debtors seek to establish pursuant to the Amended Confirmation Scheduling Order are as follows:

    a. **Thursday, September 10, 2015** is the date on which document production will be complete.

    b. **Friday, September 26, 2015** is the date on which all fact discovery will be complete.

    c. **Monday, September 28, 2015** is date on which the parties will simultaneously exchange expert reports.

---

[5] The PSA will also terminate if the Court has not given oral approval to the Disclosure Statement by November 15, 2015. (PSA § 11(d).)

9

RLF1 12789552v.1

d. **Friday, October 9, 2015** is the date on which all expert discovery will be complete.

e. **Friday, October 16, 2015** is the deadline by which Participating Parties must file any objections to the Plan.

f. **Wednesday, October 28, 2015,** is the date on which the confirmation hearing will start.

26. All dates in the Amended Confirmation Scheduling Order are of course subject to the Court's availability.

### Basis for Relief

I. **THE PROPOSED AMENDED SCHEDULE IS NECESSARY TO KEEP THE PLAN ON TRACK.**

27. The agreement between the Debtors and key TCEH creditors on a proposed restructuring represents an enormous step forward along the path to confirmation. But that agreement comes with several expiration dates, in the form of various milestones in the PSA. Key among these milestones is that the Court must confirm, or at least orally state that it will confirm, the Plan by January 15, 2016. That also requires approval of the Settlement Agreement. Otherwise the PSA may be terminated, and the carefully assembled consensus around the Plan may crumble.

28. To ensure that the confirmation milestone in the PSA is met without making unreasonable demands on the Court's time, especially during the winter holiday season, the confirmation hearing must be held early enough to give ample time for the Court's consideration and a ruling. By design, there is little room for delay if the Plan is to succeed.

II. **THE PROPOSED AMENDED SCHEDULE IS REASONABLE.**

29. Bankruptcy Rules 3017(c) and 3020(b)(1) provide for the Court to fix a time for the hearing on the confirmation of a plan of reorganization and the time by which objections to that plan are to be filed. Fed. R. Bankr. P. 3017(c); Fed. R. Bankr. P. 3020(b)(1). The Debtors'

10

proposed Amended Confirmation Scheduling Order not only satisfies those requirements, it provides a comprehensive structure for pre-hearing events that is designed to support the parties' agreed upon October 2015 confirmation hearing.

### A. The proposed schedule comports with the Initial Confirmation Scheduling Order.

30. To a large degree, the Court has already faced and decided the issues raised in this Motion. In arguing in support of the Initial Confirmation Scheduling Order, the TCEH creditors made clear that their support was contingent upon the Court's entry of an order that included an expedited October 2015 hearing in the event that the TCEH creditors' preferred reorganization plan was adopted.

31. There was little objection to the option of an October 2015 confirmation hearing. The Court, after hearing the issue, rightly determined that including an October 2015 confirmation hearing in the event of a qualifying plan made sense, overruled all objections, and included such a provision in the Initial Confirmation Scheduling Order. Now that a qualifying plan has been filed and the relevant provision triggered, the Amended Confirmation Scheduling Order is necessary and appropriate to fulfill the requirements of the Initial Confirmation Scheduling Order.

### B. The proposed schedule provides ample time for discovery.

1. *The narrow scope of relevant issues warrants abbreviated discovery.*

32. Confirmation discovery has already begun. The Debtors have been served with, and are responding to, voluminous requests targeted to the First Amended Plan. The scope of issues raised by the Plan, however, is far narrower than the issues raised by the dual-path First Amended Plan. Consequently, now that the Plan has been filed discovery can be substantially narrowed. *First*, the discovery served by the TCEH creditors should be withdrawn. *Second*, all

11

RLF1 12789552v.1

discovery pertaining to the EFH-EFIH Creditor Group proposal must be withdrawn. *Third*, any discovery that is duplicative of discovery already conducted, including Legacy Discovery bearing on the issues raised in the Settlement Motion, must be withdrawn.

33. The Amended Confirmation Scheduling Order acknowledges and accommodates this change to the discovery scope. The Amended Confirmation Scheduling Order requires each party to identify any still-applicable production requests within one day of entry of the order (more than a week after the filing of this Motion, at the least). That will allow the parties to pivot from the broad discovery requests to a much narrower set of discovery requests in light of the Plan and its broad support.

34. With discovery appropriately narrowed, the discovery deadlines set forth in the Amended Confirmation Scheduling Order are more than adequate to protect the rights of all Participating Parties. If any party bears the brunt of the truncated discovery schedule, it is the Debtors, who must produce responsive documents by mid-September. Nevertheless, the Debtors are confident that this deadline can be met so long as the creditors serving discovery act in good faith to limit their requests to issues raised by the Plan that have not yet been the subject of other discovery.

  2. *The proposed schedule complies with all applicable rules.*

35. The parties have already agreed to an October 2015 Confirmation Hearing. (*See* D.I. 4918.) In addition, the Amended Confirmation Scheduling Order complies in all respects with the Bankruptcy Rules and Local Bankruptcy Rules. For example:

- The Bankruptcy Rules require the deadline for parties to object to the Plan to be set at least 28 days after the Plan is served.[6] The proposed schedule sets the objection deadline for 28 days after the Debtors estimate service of the notice soliciting votes on the Plan to be completed; and

---

[6] Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a).

RLF1 12789552v.1

- The Bankruptcy Rules require the hearing regarding confirmation of the Plan to take place at least 28 days after the Plan is served.[7] The proposed schedule sets the hearing to confirm the Plan for 38 days after the Debtors estimate service of the notice soliciting votes on the Plan to be completed.[8]

### Notice

36. Notice of this Motion shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and

---

[7] *Id.*

[8] The Debtors estimate service of the notice soliciting votes on the Plan will commence on September 17, 2015 and will be completed by September 18, 2015. The proposed schedule sets the objection deadline for October 16, 2015 and the start of the Plan Hearing for October 28, 2015.

counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

37.     No prior request for the relief sought in this Motion has been made to this or any other court.

...

WHEREFORE, the Debtors respectfully request that the Court enter the Amended Confirmation Scheduling Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: August 11, 2015
Wilmington, Delaware

/s/ [signature]

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*