IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | Objection Deadline: August 13, 2015 at 4:00 p.m.[2] |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO
SHORTEN NOTICE PERIOD IN CONNECTION WITH "MOTION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AMENDING
CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE
CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION"**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") seeking entry of an order shortening the notice period in connection with certain relief requested in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with Confirmation of the Debtors' Plan of Reorganization* (the "Amended Scheduling Motion"), filed contemporaneously herewith and seeking relief contemplated by paragraph 8 of the Confirmation Scheduling Order (described herein), and granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] As fixed by the Court on the record of the August 11, 2015 omnibus hearing.

RLF1 12789553v.1

**Background**

1. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2. On April 14, 2015, the Debtors filed the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4142] and the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4143] (as may be amended, supplemented, or modified from time to time, the "Plan") and the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4143] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

3. On May 18, 2015, the Court entered the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Approval of the Debtors' Disclosure Statement, and (C) Establishing the Terms Governing Mediation* [D.I. 4497], establishing, among other things, certain dates in connection with the approval of the Disclosure Statement (the "Disclosure Statement Scheduling Order").

4. On July 2, 2015, the Court entered the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Order* [D.I. 4916] (the "Confirmation Scheduling Order"). The Confirmation Scheduling Order revised certain dates in the Disclosure Statement Scheduling Order with respect to approval of the Disclosure Statement and established certain dates governing confirmation of the Plan. The Confirmation Scheduling Order established January 20, 2016 as the date on which a hearing to confirm the Plan would commence but provided that if the Debtors filed an amended Plan that proposes to pay "all allowed claims of EFIH and EFH creditors in full in cash, and is agreed to by the TCEH First Lien Ad Hoc Group, TCEH Second Lien Indenture Trustee, the TCEH Committee, the TCEH Unsecured Ad Hoc Group, and the indenture trustee for the TCEH unsecured notes [(collectively, the "TCEH Constituencies")], then the confirmation hearing [would begin on] October 5 [2015], starting at 10:00 a.m. and October 6, 7, and 8, 2015, starting at 9:30 a.m. each day." Confirmation Scheduling Order, ¶ 9. Importantly, the Confirmation Schedule stated that the schedule could be further modified by the Court for "good cause shown." Confirmation Scheduling Order, ¶ 8.

5. On July 23, 2015, the Debtors filed a first amended Plan and amended Disclosure Statement [D.I. 5079 and 5080, respectively].

6. On August 3, 2015, the Debtors filed a second amended Plan [D.I. 5198].

7. On August 10, 2015, the Debtors filed (a) a third amended Plan [D.I. 5244] that proposes to pay all Allowed Claims of EFH Debtors and EFIH Debtors in full, in cash (each as defined in the Plan) and that reflects the support of the TCEH Constituencies, as reflected in that certain plan support agreement that was filed contemporaneously with the third amended Plan [D.I. 5248] (the "Plan Support Agreement"); (b) that certain settlement agreement compromising, settling, and, subject to Court approval, releasing the Debtors and certain of their constituencies party to the Plan Support Agreement from certain claims and causes of action [D.I. 5249] (the "Settlement Agreement"); and (c) an amended Disclosure Statement supporting the third amended Plan [D.I. 5246].

8. Because the Plan, as amended, (a) contemplates paying all Allowed Claims of EFH Debtors and EFIH Debtors in full, in cash and (b) reflects the support of the TCEH Constituencies, under the Confirmation Scheduling Order, the hearing to confirm the Plan could commence on October 5, 2015.

9. Under the Plan Support Agreement, the parties to the Plan Support Agreement have agreed to certain deadlines and milestones that affect the dates set forth in the Confirmation Scheduling Order. Most significantly, if the Court has not given oral approval to the Plan by January 15, 2016 (subject to certain extensions), the Plan Support Agreement could terminate. Because it is a precondition to confirmation of the Plan, the Settlement Agreement must also be approved by that date. Termination of the Plan Support Agreement would derail the immense progress the Debtors have made over the last several weeks to develop substantial consensus on a path forward.

10. In addition, as described below, the Debtors are providing parties-in-interest with approximately a week (and in some instances, more than a week, in light of ongoing discussions) to review the proposed schedule. This timeline is consistent with prior efforts to obtain Court approval of a Plan confirmation timeline and is responsive to comments recently made by various E-side creditors in response to the filed Settlement Agreement.

11. Accordingly, it is in the best interests of the Debtors' estates and their various creditor constituencies to revise the schedule set forth in the Confirmation Scheduling Order with respect to confirmation of the Plan, to allow for sufficient time for a confirmation hearing (including a hearing on the Settlement Motion) and subsequent ruling by the Court before the January 15, 2016 deadline. To preserve the intricate and value-maximizing negotiated deal reflected in the Plan Support Agreement, the Settlement Agreement, and the Plan, the Debtors seek to shorten the notice, objection, and reply period as it relates to the Debtors' Amended Scheduling Motion to modify the Confirmation Scheduling Order solely with respect to the dates relating to confirmation of the Plan.

### Jurisdiction and Venue

12. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

13.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14.     The bases for the relief requested in this Motion are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-1(e).

## Relief Requested

15.     By this Motion, the Debtors respectfully request entry of an order shortening the notice, objection, and reply periods solely with respect to the Amended Scheduling Motion regarding the Debtors' request to modify the Confirmation Scheduling Order.

16.     Local Rule 9006-1(c) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).  Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  Additionally, Local Rule 9006-1(d) further provides that "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d).

17.     For the reasons set forth herein, the Debtors seek to shorten the notice, objection, and reply periods for the relief requested in the Amended Scheduling Motion, and ask that the Court consider the Amended Scheduling Motion at the hearing scheduled to take place in these chapter 11 cases on August 18, 2015 starting at 9:00 a.m. (EDT) (the "August 18th Hearing").

18. *First*, amending the schedule regarding confirmation of the Plan is critical to preserving the milestones and deadlines set forth in the Plan Support Agreement and the Settlement Agreement, each of which is part and parcel of global deal that reflects the support of all significant TCEH constituencies and proposes to pay allowed claims asserted against EFH, EFIH, and each of their respective Debtors, in full, in cash.

19. *Second*, given that the proposed modifications to the Confirmation Scheduling Order include dates and deadlines as early as September 1, 2015, it is important that creditors and the Court consider the potential revisions to the schedule on an expedited basis.

20. *Third*, the Debtors' proposed timeline for reviewing the schedule set forth in the Amended Scheduling Motion is wholly consistent with the timeline that the Court used for reviewing a proposed Plan confirmation schedule less than three months ago. In the Disclosure Statement Scheduling Order, the Court calendared a scheduling conference to assess a Plan confirmation timeline for June 25, 2015 and required the Debtors to submit a proposed schedule by June 18, 2015. Disclosure Statement Scheduling Order, ¶ 2. Here, the Debtors are proposing a virtually identical review period. Creditors will not be prejudiced by having the same amount of time to evaluate this proposed schedule as they had to evaluate the proposed schedule in June.

21. *Fourth*, in a letter filed with the Court yesterday, the EFH Creditors' Committee asked the Court hold a scheduling conference "at its earliest convenience" regarding the Debtors' motion to approve the Settlement Agreement and confirmation of the Third Amended Plan. [D.I. 5259; see also D.I. 5263]. Similarly, in its letter to the Court yesterday, the EFH Indenture Trustee requested a "scheduling conference" on the motion to approve the Settlement Agreement (which motion has been renoticed with an objection deadline and hearing date to be determined in connection with Plan confirmation). EFH Indenture Trustee Letter, page 1. An August 18,

2015 hearing on the Debtors' scheduling motion is consistent with the EFH Creditors' Committee's and EFH Indenture Trustee's parallel requests.

22.     *Fifth*, through the Amended Scheduling Motion, the Debtors are providing additional time to objecting parties as paragraph 8 of the Confirmation Scheduling Order expressly permits.  The Debtors have satisfied the conditions for the already-established October 5, 2015 Plan confirmation timeline, but are proposing that the Plan confirmation hearing start on October 28, 2015.  Any objection to the relief requested in this Motion should be rejected as a transparent attempt to argue that the existing Plan confirmation schedule is too short.  Such objections should have been raised in the context of the Confirmation Scheduling Order and are now untimely and inappropriate.

23.     The Debtors will provide notice of the Amended Scheduling Motion by overnight delivery, which will provide approximately six (6) days of actual notice of a hearing to parties on the mailing list for these chapter 11 cases in the event that any parties wish to be heard in connection with the relief requested in the Amended Scheduling Motion.  In addition, the Debtors have had informal discussions with certain parties-in-interest regarding the relief sought in connection with the Amended Scheduling Motion.  Under the circumstances, the Debtors believe that sufficient cause exists to shorten notice to permit them to preserve the deadlines and milestones set forth in the Plan Support Agreement and the Settlement Agreement.

24.     Local Rule 9006-1(c)(ii) requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least seven days before the hearing date.  Del. Bankr. L.R. 9006-1(c)(ii).  Given the circumstances, it is reasonable and appropriate to require parties to file and serve any objections to the relief requested in the Amended Scheduling Motion by August 14, 2015 at 4:00 p.m. (EDT).  The proposed deadline

will provide parties in interest with sufficient time to respond to the relief requested in connection with the Amended Scheduling Motion.

25. Finally, the Debtors request that the Court grant them an extension of the deadline set forth in Local Rule 9006-1(d) by which to file and serve a reply to any objection(s) that might be filed in connection with the relief requested in connection with the Amended Scheduling Motion.[3] The agenda for the August 18th Hearing is due to be filed with the Court by 12:00 p.m. (noon) (EDT) on August 14, 2015. As noted above, Local Rule 9006-1(d) therefore requires that the Debtors file and serve any reply with the Court on or before 4:00 p.m. (EDT) on August 13, 2015 (*i.e.*, the day before the proposed objection deadline requested herein with respect to the Amended Scheduling Motion). Accordingly, absent leave of Court, the Debtors would be unable to file and serve any reply in compliance with Local Rule 9006-1(d). To the extent any objections to the relief requested in connection with the Amended Scheduling Motion are filed, a written reply will (i) fully inform the Court of the Debtors' arguments regarding the issues presented related to the Amended Scheduling Motion; (ii) assist the Court in deciding the merits of the Debtors' request regarding the Amended Scheduling Motion and any objections or responses thereto; and (iii) help narrow disputed issues, if any, thereby serving to streamline the August 18th Hearing. As such, the Debtors request that they be permitted to file and serve a reply in connection with any objections to the relief requested in connection with the Amended Scheduling Motion by no later than August 17, 2015 at 10:00 a.m. (EDT).

---

[3] Although on its face, the language of Local Rule 9006-1(d) sets a deadline for service of a reply, rather than a deadline for filing a reply, the Debtors seek a waiver of the rule out of an abundance of caution to the extent that the Court believes that the rule should be read to set a deadline for serving a reply.

RLF1 12789553v.1

**Notice**

26. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) the EFH Creditors' Committee; (c) the TCEH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel

thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully requests entry of an order (i) scheduling the relief requested in the Amended Scheduling Motion for hearing on shortened notice at the August 18th Hearing; (ii) setting the objection deadline with respect to the relief requested in the Amended Scheduling Motion for August 14, 2015 at 4:00 p.m. (EDT); (iii) authorizing the Debtors to file and serve a reply to any objections that are filed in connection with the relief requested in the Amended Scheduling Motion on or before August 17, 2015 at 10:00 a.m. (EDT); and (iv) granting such other and further relief as may be just and proper.

Dated: August 11, 2015
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession