**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 5270** |

**OBJECTION OF THE EFH OFFICIAL COMMITTEE TO MOTION
OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO SHORTEN NOTICE
PERIOD IN CONNECTION WITH "MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR ENTRY OF AN ORDER AMENDING CERTAIN
HEARING DATES AND DEADLINES IN CONNECTION WITH THE
CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION"**

The official committee of unsecured creditors (the "**EFH Committee**") of Energy

Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC,

EFIH Finance Inc., and EECI, Inc. hereby submits this objection to the motion to shorten [D.I.

5270] (the "**Motion to Shorten**") of EFH and its affiliated debtors and debtors in possession

(collectively, the "**Debtors**") for an order shortening the notice period with respect to the *Motion

of Energy Future Holdings Corp., et al., For Entry of An Order Amending Certain Hearing

Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization*

[D.I. 5269] (the "**Scheduling Motion**"),[2] and respectfully represents as follows:

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Scheduling Motion.

**Preliminary Statement**

1.      The Debtors seek to reduce the time periods provided by Local Bankruptcy Rule 9006-1(c)(ii) to schedule a hearing on the Scheduling Motion less than a week after its filing, on August 18, 2015, and to provide stakeholders **less than 72 hours** to file an objection or substantive response with respect to the Scheduling Motion and the comprehensive schedule for plan confirmation contained therein.  This is unfair under the circumstances given the many issues raised by the Plan and Settlement Motion that have been in the hands of the Debtors and their T-silo creditor allies for many weeks but which were not seen by the EFH Committee until their filing.  The Debtors and the plan proponents clearly have been considering scheduling matters from a tactical standpoint, and have not shown any exigency that warrants such a compressed timeframe to consider and respond to so pivotal a matter as the schedule for litigation of both the Plan and the Settlement Motion.

2.      The EFH Committee respectfully requests that if time is to be shortened at all, that any hearing to consider the Scheduling Motion not occur prior to August 25, 2015, with objections due on August 21, 2015, or on another date convenient for the Court.  In the event the Court determines to grant the Debtors' request to consider the Scheduling Motion on August 18, 2015, the objection deadline should be extended to August 17, 2015 at 10:00 a.m. ET.

**Objection**

3.      In the early hours of August 10, 2015, the Debtors filed more than 1,800 pages of documents, including the Plan, an amended disclosure statement, the Settlement Agreement, the Plan Support Agreement and related transaction documents.  Certain material information, however, has still yet to be provided, including, for example, the debt commitment documents, the Oncor Letter Agreement, the EFH Oncor Consent and the signatories to the Settlement Agreement (which were just unilaterally redacted).

-2-

4.      The EFH Committee and its advisors were provided no notice of the timing or content of these filings, and were afforded no opportunity to review the documents or their terms in advance.  As a result, the EFH Committee and its advisors this week have been working to digest and analyze these documents and the terms of the complex transactions contemplated therein, and identify the myriad issues they present.  But much work remains to be done.  Moreover, the EFH Committee should be provided a reasonable period of time to discuss the Plan and related documents with its advisors and its E-silo constituents prior to responding to the Debtors' proposed litigation schedule.  This will also permit time to discuss the proposed litigation schedule with the Debtors' counsel in an attempt to narrow the scope of the dispute.

5.      To be clear, the EFH Committee believes the Debtors' proposed amended confirmation schedule is unworkable and does not provide adequate time to litigate either the Plan or the Settlement Agreement.  A reasonable period—and surely more than 72 hours—must be provided to identify the issues requiring litigation and then to consider them in the context of the Debtors' proposed schedule before providing a detailed response.

6.      Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c).  Further, Local Bankruptcy Rule 9006-1(e) provides that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) *specifying the exigencies* justifying shortened notice."  (Emphasis added.)  The Motion to Shorten presents no such exigencies requiring a hearing on August 18.

7.      The Debtors first argue that amending the confirmation schedule is critical to preserving the milestones set forth in the Plan Support Agreement and the Settlement

-3-

Agreement.  But those milestones are themselves litigation tactics developed by the Debtors and the T-silo creditors in anticipation of objections to the Plan.  In any event, milestones are of the Debtors' own making in negotiating the Plan Support Agreement and are not reason to forego the due process rights of creditors, either with respect to the hearing to consider the Scheduling Motion or with respect to the schedule itself.  The process could have been streamlined by including the EFH Committee in discussions about the Plan and the related milestones, but the Debtors and the T-silo creditors chose not to do so.

8.    Next, the Debtors argue that their proposed timeline for reviewing the proposed schedule is similar to the time provided in June 2015 for the schedule currently in place.  This argument is misplaced because at that time the prior plan structure was long known and the framework for the confirmation schedule had been previously negotiated and litigated. Here, the Debtors are seeking to modify the schedule to accommodate litigation of a complex new set of transactions contemplated by the Plan.  In addition, while the Debtors obfuscate their intention, the Scheduling Motion apparently seeks to set the same expedited schedule for both Plan confirmation and adjudication of the Settlement Motion.

9.    The Debtors also argue that the EFH Committee actually requested this scheduling hearing in its August 10, 2015 letter to the Court.  It is true that a prompt scheduling conference was requested to discuss scheduling matters, most importantly the Debtors' ludicrous (and now withdrawn) attempt to set an August 24 objection deadline for the Settlement Motion. The Debtors' request goes much further than a conference by asking the Court to consider and enter an order fixing a modified plan confirmation litigation schedule at an August 18 hearing.

10.    Finally, the Debtors' argument that the alternative hearing dates contemplated by the current scheduling order are relevant should be disregarded.  The Debtors'

inclusion of approval of the Settlement Agreement as a condition to Plan confirmation makes

any such argument disingenuous at best.  The repeated statements that E-silo creditors are paid in

full in cash are a misnomer under the terms of the Plan while conditioned on approval of the

Settlement Agreement, and will be addressed at the appropriate time.

        11.     The Debtors have failed to justify the need for a hearing on August 18,

2015, and the hearing to consider the Scheduling Motion should not be scheduled before August

25, 2015, with an objection deadline of August 21, 2015, or on another date convenient for the

Court.  At minimum, stakeholders should be provided until August 17, 2015 at 10:00 a.m. ET to

file objections if the hearing is to proceed on August 18, 2015 as requested.


Dated:   Wilmington, Delaware
          August 13, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:    nramsey@mmwr.com
         dwright@mmwr.com
         mfink@mmwr.com

– and –

SC1:3925494.3

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Steven L. Holley
Robert J. Giuffra, Jr.
Brian D. Glueckstein
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588
E-mail:         dietdericha@sullcrom.com
                holleys@sullcrom.com
                giuffrar@sullcrom.com
                gluecksteinb@sullcrom.com

*Counsel for The Official Committee of Unsecured*
*Creditors of Energy Future Holdings Corp.,*
*Energy Future Intermediate Holding Company*
*LLC, EFIH Finance Inc., and EECI, Inc.*

-6-