# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Chapter 11 |
| ENERGY FUTURE | ) |
| HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| *Debtors.* | ) (Jointly Administered) |
| | ) |
| | ) |

## MOTION OF SECOND LIEN INDENTURE TRUSTEE FOR LIMITED RELIEF FROM THE AUTOMATIC STAY

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee (the "**Second Lien Trustee**") for $2,156,392,000 aggregate principal amount of the second lien notes (the "**Second Lien Notes**" and the holders thereof the "**Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, the "**EFIH Debtors**") under the Indenture dated as of April 25, 2011, and the First Supplemental Indenture dated as of February 6, 2012 (together with all supplements, amendments, and exhibits, the "**Indenture**"), by and through its undersigned counsel, hereby submits this motion (the "**Motion**") for relief from the automatic stay to give full effect to the rescission notice delivered by a majority of holders to the Second Lien Trustee. In support of the Motion, the Second Lien Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Second Lien Trustee moves for the automatic stay to be lifted *nunc pro tunc* to a date before the partial payment of the Second Lien Notes such that the EFIH Debtors' refinancing of the Second Lien Notes would be an optional redemption that requires the payment of a makewhole premium. *See* Findings of Fact and Conclusions of Law Regarding Cross-Motions for Summary Judgment, No. 14-50363, Adv. D.I. 245 ("**Summary Judgment**

**Decision**") at 27-28.  The Second Lien Trustee is cognizant of this Court's recent findings on

this issue with respect to the First Lien Trustee.  *See* Findings of Fact and Conclusions of Law,

No. 14-50363, Adv. D.I. 304 ("**Stay Decision**").  The Second Lien Trustee respectfully disagrees

with the Stay Decision and preserves its appeal rights, but recognizes that the decision represents

the law of the case.  In order to preserve its appeal rights, the Second Lien Trustee hereby

incorporates the arguments made by the First Lien Trustee in those proceedings and respectfully

requests that this Court lift the automatic stay *nunc pro tunc* to a date before the partial payment

of the Second Lien Notes.

## BACKGROUND

2.      Pursuant to the Indenture, the EFIH Debtors issued $406,392,000 of 11% Second

Lien Notes and $1.75 billion of 11.750% Second Lien Notes.  The Indenture provides that the

EFIH Debtors may not redeem the Second Lien Notes prior to the stated maturity date, except

under the conditions set forth in the Indenture, including the payment of a premium to holders.

3.      Specifically, the Indenture requires the payment of a redemption premium (the

"**Applicable Premium**," also called the "**makewhole premium**" or "**makewhole**") if EFIH

redeems the Second Lien Notes prior to May 15, 2016 for the 2021 Second Lien Notes and

March 1, 2017 for the 2022 Second Lien Notes.[1]

4.      The Indenture specifically contemplates that a makewhole premium would remain

payable after acceleration.  The Indenture provides that "[i]f any Event of Default . . . occurs and

---

[1] "At any time prior to May 15, 2016 (in the case of the 2021 Second Lien Notes) or March 1, 2017 (in the case of the 2022 Second Lien Notes), the Issuer may redeem each series of Notes, in whole or in part, at a redemption price equal to 100% of the principal amount of the series of Notes to be redeemed plus the Applicable Premium as of, and accrued and unpaid interest (including Additional Interest, if any) to, the applicable date of redemption (the "Redemption Date"), subject to the right of Holders of such series of Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date."  Indenture § 3.07(b) (attached hereto as Exhibit B).

is continuing under this Indenture, the Trustee or [30% of Holders] may declare principal of, *and premium, if any,* interest (including Additional Interest, if any) and *any other monetary obligations* on all the then outstanding Notes of the affected series to be due and payable immediately." Indenture § 6.02 (emphasis added). If the Event of Default is caused by bankruptcy, the Indenture specifically provides that "all principal of and premium, if any, interest (including Additional Interest, if any) and any other monetary obligations on the then outstanding Notes shall be due and payable immediately without further action or notice." *Id.*

5.    Finally, the Indenture permits a majority of holders to rescind any acceleration, including an automatic acceleration, and its consequences:

> The Required Holders of at least a majority in aggregate principal amount of the then outstanding Required Debt by written notice to the Trustee may . . . rescind any acceleration with respect to the Notes and its consequences (so long as such rescission would not conflict with any judgment of a court of competent jurisdiction).

Indenture § 6.02.

6.    That is exactly what happened here. In accordance with section 6.02, a majority of holders of Second Lien Notes delivered a notice, effective October 6, 2014, to the Second Lien Trustee that rescinded any existing acceleration of the Second Lien Notes. *See* Letter from Second Lien Holders to Second Lien Trustee (attached hereto as Exhibit C). The notice stated that, if the automatic stay were found to apply, deceleration would be conditioned on the entry of an order lifting the stay. *Id.*

7.    On February 12, 2015, the EFIH Debtors and Energy Future Holdings Corp. sought approval to use $750 million in DIP proceeds to repay certain principal and accrued interest under the Second Lien Notes. The Court approved the Motion on March 10, and as a result a portion of the principal and accrued interest under the Second Lien Notes has been redeemed.

8.      This redemption preceded the dates specified in the Indenture after which a makewhole premium would not be owed.  The Second Lien Trustee and the EFIH Debtors are currently engaged in litigation regarding whether this early partial redemption triggered (or any redemption after an automatic acceleration caused by a bankruptcy filing would trigger) an obligation to pay the makewhole premium or other damages.  *See* EFIH Second Lien Trustee's Memorandum of Law in Support of their Motion for Partial Summary Judgment and in Opposition to EFIH Debtors' Motion for Partial Summary Judgment ("**Motion for S.J.**"), filed in the Second Lien adversary proceeding.

9.      The Court has considered whether the redemption of the first lien notes issued by the EFIH Debtors (the "**First Lien Notes**") entitled the holders of the First Lien Notes to a makewhole premium under their indentures.  On March 26, the Court granted summary judgment in favor of the EFIH Debtors, holding, among other things, that attempts to waive defaults under the indentures and decelerate the First Lien Notes are barred by the Bankruptcy Code.  *See* Summary Judgment Decision.[2]  The Court also found that, if the automatic stay were lifted *nunc pro tunc* to a date before the payment of the First Lien Notes, then the EFIH Debtors' refinancing of the First Lien Notes would be an optional redemption that required payment of a makewhole premium.  *See* Summary Judgment Decision at 27-28.

10.     On July 8, 2015, this Court issued the Stay Decision with respect to the First Lien makewhole dispute, ultimately finding that cause did not exist to lift the automatic stay.  Stay Decision at 7.  The Court determined that the EFIH Debtors would suffer great prejudice and that

---

[2] As set forth in more detail in the Motion for Summary Judgment, the Summary Judgment Decision is distinguishable and does not determine the outcome of the makewhole question with respect to the Second Lien Noteholders.  *See generally* Motion for S.J.

the hardship to the First Lien Noteholders "is, at most, equal to the hardship of the EFIH Debtors

from lifting the automatic stay[.]" *Id.*

## JURISDICTION

11.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is

a core proceeding under 28 U.S.C. § 157(b).  The statutory predicates for the relief sought herein

are sections 105(a) and 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"),

Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule

4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware

(the "**Local Rules**").  The Second Lien Trustee consents to the entry of final judgment by the

bankruptcy court regarding the relief sought herein.

## RELIEF REQUESTED

12.     By this Motion, the Second Lien Trustee seeks entry of an order granting relief

from the automatic stay to give effect to the Rescission Notice delivered by a majority of holders

of the Second Lien Notes to the Second Lien Trustee, as provided for in Sections 6.02 and 6.04

of the Indenture.

## BASIS FOR RELIEF

13.     "On request of a party in interest and after notice and a hearing, the court shall

grant relief from the stay . . . for cause."  11 U.S.C. § 362(d)(1).   "'Cause' is an intentionally

broad and flexible concept that permits the bankruptcy court, as a court of equity, to respond to

inherently fact-sensitive situations." *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr.

E.D. Tex. 1995).  Courts generally evaluate "cause" based on a balancing test that considers (1)

"whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting

of the stay"; (2) whether hardship to the non-bankrupt party by maintenance of the stay

considerably outweighs hardship to the debtor; and (3) "the probability of the creditor prevailing

on the merits." *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010). Here, for the reasons set forth by the First Lien Trustee in its own lift-stay motion but rejected by this Court in the Stay Decision, all the considerations favor modification of the stay.

## NOTICE

14.   Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) all parties having requested service under Rule 2002-1(b) of the Local Rules.

## NO PRIOR REQUEST

15.   No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

16.   For the foregoing reasons, the Second Lien Trustee respectfully requests that the Court enter an order, attached hereto as Exhibit A, granting relief from the automatic stay so that the Rescission Notice delivered by a majority of holders to the Trustee shall be effective.

*[Remainder of Page Left Intentionally Blank]*

Dated: August 13, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
        rfeinstein@pszjlaw.com

*- and –*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: tmayer@kramerlevin.com
        ghorowitz@kramerlevin.com
        jbrody@kramerlevin.com

*- and –*

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212-541-1114
Facsimile: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the Second Lien Trustee*