## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 4144, 5244, 5246** |

### OBJECTION OF THE EFH OFFICIAL COMMITTEE TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN, AND (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

The official committee of unsecured creditors (the "**EFH Committee**") of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. hereby submits this objection to the motion (the "**Solicitation Procedures Motion**") of EFH and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for an order (a) approving the *Amended Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5246] (as may be further modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**");[2] (b) establishing the voting record date, voting deadline, and other related dates; (c) approving

---

[1]  The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Disclosure Statement.

procedures for soliciting, receiving, and tabulating votes on the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244] (as may be further modified, amended, or supplemented from time to time, the "**Amended Plan**"); and (d) approving the manner and forms of notice and other related documents [D.I. 4144], and respectfully represents as follows:

The Amended Plan and the related transactions embedded in it as conditions precedent to confirmation or effectiveness (the "**T-Bid Transaction Documents**") were developed without the input of the EFH Committee in order to avoid a vote by any E-side creditor. Certain material agreements, including the debt commitment documents, have still not been made available for review. No E-side creditor will be solicited nor will any of the transactions, settlements or releases proposed to be effected in the T-Bid Transaction Documents be approved or ratified by creditor vote. Since no E-side creditor will be solicited to approve the Amended Plan or the T-Bid Transaction Documents, the EFH Committee has no reason to comment on the adequacy of the disclosure with respect to the Amended Plan.

The EFH Committee does, however, object to the expenditure of resources of the EFH and EFIH estates on a frolic for the benefit of the Debtors' insiders and its new T-side creditor allies. The Amended Plan and the T-Bid Transaction Documents were not prepared for the benefit of the E-side creditors and are not in the best interests of the E-side creditors. They constitute what the Debtors have referred to as a "free option" for the T-side creditors with no recourse if the transaction does not close in exchange for insider releases, all at the expense of EFH and EFIH. The EFH and EFIH estates not only suffer from an unnecessary inter-silo settlement if the option is not struck but also lose their own business opportunity to sell Oncor Electric to a real buyer in a real, committed transaction. Accordingly, the Court should refrain

-2-

from permitting any resources of the EFH and EFIH estates to be spent in the pursuit of the

Amended Plan because—as a "free option"—it is so contingent as to be speculative and

therefore not confirmable as a matter of law.  The solicitation of votes would thus waste valuable

estate resources.  *See In re Quigley Co., Inc.*, 437 B.R. 102, 142 (Bankr. S.D.N.Y. 2010) (stating

that a plan based on impractical or visionary expectations cannot be confirmed); *see also In re*

*Premiere Network Servs., Inc.*, Case No. 04-22402-HDH-11, 2005 WL 6443642, at *5–6 (Bank.

N.D. Tex. July 1, 2005) (holding that a plan could not be confirmed where the debtors' ability to

satisfy financial obligations was "not just speculative, but [was] so contingent on facts beyond its

control . . . that completion of the Plan [was] unlikely").  Consideration of the Proposed

Disclosure Statement is premature, and the Court should exercise its discretion under section

105(d) of the Bankruptcy Code to defer approval of the Solicitation Procedures Motion until the

Debtors have proposed an economic transaction of substance.  *Mid-Continent Racing & Gaming*

*Co.* v. *Sunflower Racing, Inc.* (*In re Sunflower Racing, Inc.*), 218 B.R. 972, 977 (D. Kan. 1998)

(stating that section 105 provides "rather substantial flexibility and latitude for the Court to

designate, or adjust, the Chapter 11 plan, disclosure statement, and confirmation time lines and

procedure"); *see also In re Franklin Indus. Complex, Inc.*, 386 B.R. 5, 10–11 (Bankr. N.D.N.Y.

2008) (postponing consideration of disclosure statement to allow for resolution of material

issues).

   To be clear, there are fatal objections relating to the Plan Support Agreement, the

Amended Plan and the conditioned Settlement Agreement, especially absent an E-side creditor

vote.  The EFH Committee reserves all of its rights to pursue discovery and interpose objections

at the appropriate time.  Moreover, because the Plan Support Agreement raises numerous

threshold issues, no hearing with respect to the Proposed Disclosure Statement should proceed prior to consideration of the Plan Support Agreement.

In the event the Court approves solicitation of the T-side creditors—the only creditors to be solicited—the EFH Committee requests that the Solicitation Procedures Order make clear that all costs of solicitation be borne solely by TCEH and its Debtor subsidiaries, and not by EFH or EFIH.  To the extent any estate resources have to date been spent by EFH or EFIH in the pursuit of the Amended Plan and the T-Bid Transaction Documents, the EFH Committee objects and reserves the right to challenge the incurrence of such expenditures at the appropriate time.

-4-

Dated:  Wilmington, Delaware
        August 17, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:      nramsey@mmwr.com
             dwright@mmwr.com
             mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Steven L. Holley
Robert J. Giuffra, Jr.
Brian D. Glueckstein
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:       dietdericha@sullcrom.com
              holleys@sullcrom.com
              giuffrar@sullcrom.com
              gluecksteinb@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

SC1:3918707.3