**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: September 17, 2015 9:30 |
| | ) | a.m. (Eastern Daylight Time) |
| | ) | |

**UNITED STATES OBJECTION TO THE DISCLOSURE STATEMENT FOR THE
THIRD AMENDED PLAN**

The United States of America ("United States"), on behalf of the U.S. Environmental Protection Agency (the "EPA"), by and through the undersigned attorneys, and in accordance with Section 1125(d) of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 1125(d),[1] hereby objects to the Debtors' Motion for entry of an order approving, among other things, the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").[2]  The United States files this Objection on behalf of the EPA in its capacity as an agency whose duty is to administer laws relating to environmental protection and the protection of human health and welfare from pollution

---

[1] 11 U.S.C. § 1125(d) provides: "Whether a disclosure statement required under subsection (b) of this section contains adequate information is not governed by any otherwise applicable nonbankrupcty law, rule, or regulation, but an agency or official whose duty is to administer or enforce such a law, rule, or regulation may be heard on the issue of whether a disclosure statement contains adequate information."

[2] The Debtors filed the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4143] on April 14, 2015.  The Debtors filed the *Disclosure Statement for the Third Amended Joint Plan of Reorganization* [D.I. 5247] and *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244] on August 10, 2015.

hazards, and whose authority may be alleged by Debtors to be enjoined by this Court. In support of its Objection, the United States states as follows:

1. The Disclosure Statement does not disclose adequate information concerning the Third Amended Plan's (the "Plan") ambiguous language about whether Reorganized Debtors are somehow absolved from having to protect public health and safety through compliance with environmental law governing existing contamination on properties the Debtors currently own and operate, and that the reorganized debtors will own and operate after confirmation of the Plan. Indeed, the Plan contains language that may be alleged by Debtors to enjoin the Government from enforcing public health and safety laws. The Disclosure Statement also does not disclose the consequences to public health and safety that would result from any purported injunction against, release or discharge of, such liability. As such, the Disclosure Statement does not contain adequate information within the meaning of Section 1125(a)(1), and as required by Section 1125(b) of the Code. 11 U.S.C. §§ 1125(a)(1), 1125(b).

2. The Code imposes on debtors "an affirmative duty of full disclosure." *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010). This duty includes the requirement that debtors file declarations "adequately, honestly, and in good faith." *Id.* "Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Id.* (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417-18 (3d Cir. 1988)). Indeed, candid disclosure is "the pivotal concept in reorganization procedure under the Code." *Oneida*, 848 F.2d at 417 (citation omitted). Generalized or partial statements are inadequate.

3. The Plan provisions concerning release, satisfaction, and discharge are clearly ambiguous concerning the Reorganized Debtors' environmental obligations concerning property

currently owned and operated by the Debtors. Article VIII.A states "the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release . . . of . . . Causes of Action of any nature whatsoever . . . whether known or unknown, against, liabilities of,… obligations of, rights against… the Debtors or any of their assets or properties . . . ." Third Amended Plan at 79. Indeed, Debtors may contend that Article VIII.F(v) constitutes an injunction by this Court against the Government from enforcing its authority to protect public health and safety relating to such property. Third Amended Plan at 81.

4.  To be sure, the Debtors did disclose that TCEH anticipates that it will incur a total of close to $1.2 billion in capital expenditures related to environmental regulation for the years 2010 through 2020. Disclosure Statement at 58. But the Debtors' vague statement that they "may be responsible for any on-site liabilities associated with the environmental condition of facilities that the Debtors have acquired, leased, or developed . . . .," (Disclosure Statement at 181), does not shed any light on the ambiguity in the Plan concerning any purported release or discharge of environmental liabilities for properties presently owned and operated by the Debtors. Nor does Article VIII.G of the Plan, concerning the Debtors' liabilities to Governmental Units, shed any light on the matter. Third Amended Plan at 81. It provides no indication as to which environmental liabilities for contamination on currently owned and operated properties that the Debtors believe they will not have to comply with to protect the public from existing hazards and threats posed by their properties.

5.  Moreover, in recent communications between the Debtors and the United States, the Debtors indicated an intent to clarify the Plan such that the reorganized debtors would be granted a broad release from environmental liability concerning properties owned and operated by the Debtors that are contaminated as a result of any conduct of the Debtors prior to confirmation.

Such an overbroad release would be plainly contrary to law. *See State of Ohio v. Kovacs*, 469 U.S. 274, 285 (1985) (no one in possession of a site can maintain a nuisance); *In re Torwico Electronics, Inc.*, 8 F.3d 146 (3d Cir. 1993) (reorganized debtor is liable for injunctive obligations to protect the public from ongoing threats); *In re CMC Heartland Partners*, 966 F.2d 1143, 1147 (7th Cir. 1992) (where reorganized debtor continues to own contaminated property post-bankruptcy, relief may still be sought to protect against ongoing threats of releases). The Disclosure Statement should not be approved unless and until it resolves the ambiguity with respect to the Plan provisions that relate to environmental obligations concerning properties owned and operated by the Debtors, and the health and safety implications of those provisions.

6. A plan including a broad release for past conduct relating to presently owned property (and injunction against governmental enforcement authority) is no different from a request by Debtors for this Court's permission to expose the public to the serious risks posed by pollution and other environmental harms. Although difficult to fathom, if the Debtors are requesting such an extraordinary immunity from environmental laws, they should disclose this intent, the basis for their contention, and the scope and extent of this Court's authority to issue such an injunction. The Debtors should also be required to provide the Court and the public with a list of environmental hazards to which Debtors intend to expose the public and for which they would be immune from legal obligation. The Court should not approve the Disclosure Statement as providing adequate information unless the Debtors candidly disclose the risks and consequences to public health and the environment that such immunity may entail.

7. Finally, the Debtors' disclosures concerning the business of its affiliates is inadequate. Although Energy Futures Competitive Holdings Company LLC ("EFCH") bears an enormous share of the debt in this consolidated bankruptcy, the Debtors provided scant

information concerning the business history of this corporation. Missing from the Disclosure Statement is adequate information concerning how and why EFCH came to be saddled with such a staggering debt burden. A hypothetical investor might wonder why unsecured creditors of EFCH appear to be the only T-side creditors in the entire consolidated bankruptcy who receive no distribution under the Plan.[3] The Disclosure Statement does not adequately address this question. The absence of information concerning EFCH's business history fails to explain why EFCH does not now have adequate assets to provide a payout on its general unsecured liabilities, and what happened historically to justify that its debts can now be "cancelled and released without any distribution" as they now are under the Plan. *See* Third Amended Plan at 54-55. The Disclosure Statement does not explain why the settlement of litigation claims, including the fraudulent conveyance claims, provide no value to unsecured creditors of EFCH.[4] The Debtors should disclose adequate information to answer these questions.

8. Accordingly, the United States respectfully requests that the Disclosure Statement not be approved unless Debtors amend the Disclosure Statement to disclose (1) whether the Debtors will comply with their obligations under environmental law concerning properties currently owned and operated by the Debtors; (2) the authority or justification for Debtors' position and the extent and scope of this Court's authority; (3) the public health and safety risks posed by non-compliance, and (4) further information relating to why the settlement of litigation claims

---

[3] The United States, on behalf of the U.S. Environmental Protection Agency, has filed a Proof of Claim against EFCH. Claim Number 10059.

[4] See *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform under the Settlement Agreement*, filed on August 10, 2015. [D.I. 5249. Related documents D.I. 3593; D.I. 3603; and D.I. 3605 (the Standing Motions).]

provides no value to unsecured creditors of EFCH.  The United States reserves its rights to object to any amended or modified Disclosure Statement.

August 17, 2015

**FOR THE UNITED STATES:**

JOHN C. CRUDEN
Assistant Attorney General

/s/ Alan Tenenbaum
ALAN TENENBAUM
National Bankruptcy Coordinator
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
601 D Street NW
Washington, D.C. 20004
(202) 514-5409 (voice)
(202) 514-0097 (fax)
alan.tenenbaum@usdoj.gov


/s/ Anna Grace
Anna Grace (Massachusetts Bar # 686070)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-4091
Fax: (202) 514-0097
Anna.E.Grace@usdoj.gov

CHARLES M. OBERLY III
United States Attorney

ELLEN SLIGHTS
Assistant United States Attorney
U.S. Department of Justice
Nemours Building, P.O. Box 2046
Wilmington DE 19801
Tel: 302-573-6277
Ellen. Slights@usdoj.gov

Case 14-10979-CSS    Doc 5357    Filed 08/17/15    Page 8 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, I will electronically file the foregoing **UNITED STATES OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED PLAN** with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing and link to the electronically filed documents via ECF e-mail to recipients receiving ECF notices in this case.

/s/Alan S. Tenenbaum

8