**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------- x
In re:                                                             :    Chapter 11
                                                                   :
ENERGY FUTURE HOLDINGS CORP., *et al.*,   :    Case No. 14-10979 (CSS)
                                                                   :
                                Debtors.        :    (Jointly Administered)
                                                                   :
-------------------------------------------------------------- x    **Related to Docket Nos. 4144, 5246**

**EFIH SECOND LIEN INDENTURE TRUSTEE'S**
**OBJECTION TO DEBTORS' DISCLOSURE STATEMENT**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in its capacity as indenture trustee (the "**EFIH Second Lien Trustee**") for the EFIH Second Lien notes (the "**EFIH Second Lien Notes**" and the holders thereof, the "**EFIH Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011 (together with all supplements, amendments, and exhibits, the "**Indenture**") hereby submits this objection (the "**Objection**") to the debtors' (the "**Debtors**") *Motion for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [Dkt. No. 4144] (the "**Disclosure Statement Motion**") and the *Disclosure Statement for the Third Amended Joint Plan of Reorganization* [Dkt. No. 5246] (the

"**Disclosure Statement**").[1]    In support of this Objection, the EFIH Second Lien Trustee

respectfully submits the following:[2]

## OBJECTION

I.    **The Disclosure Statement Lacks Adequate
Information and Should Not be Approved**

1.    A disclosure statement must contain "adequate information," or "information of a

kind, and in sufficient detail . . . that would enable . . . a hypothetical investor of the relevant

class to make an informed judgment about the plan[.]"  11 U.S.C. § 1125(a)(1).  At a minimum,

a "disclosure statement should provide the . . .  creditor what it is going to get, when it is going to

get it, and what contingencies there are to getting its distributions."  *In re Radco Properties, Inc.*,

402 B.R. 666, 682–83 (Bankr.  E.D.N.C. 2009) (citations omitted).

A.    **Payment in Full of Postpetition Claims and
Unimpairment of EFIH Second Lien Note Claims**

2.    The Disclosure Statement states that the EFIH Second Lien Noteholders are

unimpaired and will receive payment in cash in full, "or other treatment rendering such Claim

Unimpaired," but fails to provide adequate information concerning either circumstance.

3.    The EFIH Second Lien Note Claims can generally be divided into four categories:

(i) principal, (ii) interest (including Additional Interest and interest on interest), (iii) Makewhole

Claims, and (iv) fees, expenses and indemnification claims of the EFIH Second Lien Trustee.

The Plan only addresses the first three of these components:  it classifies the EFIH Second Lien

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement and Plan as filed on August 10, 2015.

[2] The EFIH Second Lien Trustee is in discussions with the Debtors regarding revisions to the Disclosure Statement to address the issues raised in this Objection and hopes to resolve these issues consensually in advance of the hearing on the Disclosure Statement.

KL2 2910823.7

Note Claims in Class B4, provides that claims for principal and interest (including Additional Interest and interest on interest) are Allowed, and that the Makewhole Claims are not Allowed.[3]

4.    The Plan and Disclosure Statement, however, do not classify or provide the intended treatment of fees and expenses of the EFIH Second Lien Trustee (including fees and expenses of its professionals) or of indemnification claims of the EFIH Second Lien Trustee. These are secured claims expressly provided for under the Indenture and therefore allowed under Section 506(b) of the Bankruptcy Code.  Therefore, in order to "unimpair" the EFIH Second Lien Notes, these fees, expenses and indemnification claims must be included in the allowed claim for the EFIH Second Lien Notes.  If, however, the Debtors intend to somehow contest these claims, the Disclosure Statement needs to make this intent clear and further disclose that in the event these claims are disallowed, the EFIH Second Lien Trustee may apply its charging lien against the amounts distributed to EFIH Second Lien Noteholders, which amounts would be reduced by such claims.

5.    The Plan and Disclosure Statement are also inconsistent with regard to the treatment of the Makewhole Claims for the EFIH Second Lien Notes.  The allowance section in the Plan for the EFIH Second Lien Notes specifically excludes any Makewhole Claims. However,  the Disclosure Statement provides that "any EFIH Second Lien Makewhole Claims or other disputed amounts related to the EFIH Second Lien Notes that are eventually Allowed" will

---

[3] Although the Plan plainly provides for payment of interest, Additional Interest and interest on interest for the EFIH Second Lien Notes, the Disclosure Statement asserts that the Debtors "seek a ruling … that no … Claims for 'Additional Interest[,]' … interest on interest or other fees and indemnification expenses should be Allowed," and "reserve the right to argue that the contractual rate of interest under the EFIH Second Lien Notes is unreasonable and should be reduced."  *See* Disclosure Statement at 49.  The EFIH Second Lien Trustee understands this to be a mistake and has asked the Debtors to strike these statements from the Disclosure Statement.  The EFIH Second Lien Trustee reserves all rights and objections to the extent this is not resolved prior to the Disclosure Statement hearing.

be classified in Class B4 if secured and Class B6 if unsecured.[4]  *See* Disclosure Statement at 49. Therefore, the Debtors must revise the Plan and Disclosure Statement to address this inconsistency and clarify their intent regarding the treatment of the Makewhole Claims if this Court or an appellate court allows such claims.

6.    The EFIH Second Lien Trustee maintains that if the Makewhole Claims for the EFIH Second Lien Notes are ultimately allowed, either by this Court or on appeal, there must be some mechanism for the Makewhole Claims to be paid.[5]  The EFIH Second Lien Trustee recognizes that it is a condition to the Effective Date of the Plan that the Makewhole Claims be disallowed, but to the extent the Debtors intend that the Makewhole Claims will never be paid, even if ultimately allowed (whether by the Bankruptcy Court or another court on appeal), the Disclosure Statement should state that the EFIH Second Lien Trustee reserves the right to argue that the Second Lien Notes are not truly "Unimpaired."  In addition, the Disclosure Statement should also include a statement that it is the position of the EFIH Second Lien Trustee that, to the extent the Makewhole Claims are allowed after the Effective Date, the EFIH Second Lien Noteholders will be able to recover such amounts from the Reorganized Debtors and any appeal would not be equitably moot.  *See In re One2One Commc'ns, LLC*, No. 13-3410, 2015 WL 4430302 (3d Cir. July 21, 2015).

7.    Finally, with respect to the provision in the Plan providing that the EFIH Second Lien Notes may receive "other treatment rendering the EFIH Second Lien Notes unimpaired," the Debtors need to disclose what "other treatment" they contemplate.  Absent such information,

---

[4] The Disclosure Statement says that than an unsecured claim will be classified as Class B5.  Given that Class B5 refers to EFH LBO Note Guaranty Claims, the EFIH Second Lien Trustee assumes the Debtors meant that if the Makewhole Claims were deemed unsecured, they would be classified in Class B6, which are General Unsecured Claims against the EFIH Debtors.

[5] References to "Makewhole Claims" include all claims relating to the makewhole or damages asserted in the EFIH Second Lien Makewhole Adversary Proceeding, including interest on any such claims.

the EFIH Second Lien Noteholders cannot assess whether such treatment would actually render the EFIH Second Lien Notes unimpaired and, to the extent the Debtors intend that the EFIH Second Lien Notes will be rendered unimpaired through reinstatement, whether such a Plan could satisfy the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code.  As the Court is aware, the Debtors have previously testified that EFIH could not sustain any additional debt in excess of the EFIH First Lien DIP.  *See* Declaration of David Ying in Support of EFIH Second Lien DIP ¶ 8 [Dkt. No. 478] and it is therefore unclear how the Debtors could reinstate the EFIH Second Lien Notes.

**B.**      **Intercreditor Litigation and Indemnification Claim Disclosures**

8.      In connection with the EFIH Second Lien Partial Repayment in March 2015, the EFIH First Lien Trustee filed an amended complaint against the EFIH Second Lien Trustee arguing that the DIP Proceeds (which were used to repay a portion of the EFIH Second Lien Notes) were proceeds of the EFIH First Lien Trustee's collateral and could not be distributed to holders of EFIH Second Lien Notes.  *See Del. Trust Co. v. Computershare Trust Co.,* No. 14-50410 (Bankr. D. Del. 2014) (the "**Intercreditor Litigation**").[6]  The EFIH Second Lien Trustee filed a motion to dismiss the intercreditor litigation to which the EFIH First Lien Trustee responded.  The Court recently requested additional briefing which will likely be completed in early September.

9.      Although the Debtors disclose the existence of the Intercreditor Litigation against the EFIH Second Lien Trustee, *see* Disclosure Statement § IV.K(4), they do not sufficiently warn the EFIH Second Lien Noteholders of the risk that a portion of the consideration intended

---

[6] The EFIH First Lien Trustee initially filed a complaint in the Intercreditor Litigation in June 2014 when the Debtors sought to repay the EFIH Second Lien Notes at the beginning of the case.  After the Debtors abandoned the original RSA and Second Lien DIP, the Intercreditor Litigation was deferred until after the EFIH Second Lien Partial Repayment.

for distribution to EFIH Second Lien Noteholders may need to be held in reserve pending a final resolution of the Intercreditor Litigation or the implications if any funds are reserved and/or ultimately turned over to the EFIH First Lien Noteholders.

10.     First, to the extent funds are held in reserve and cannot be distributed to the EFIH Second Lien Noteholders, the Disclosure Statement should present the EFIH Second Lien Trustee's position that interest continues to accrue on all such amounts until such funds can actually and finally be distributed to holders.

11.     Second, under the terms of the EFIH Second Lien Indenture, the EFIH Second Lien Trustee has an indemnification claim against the Debtors for all liability in connection with the performance of its duties thereunder.  Therefore, to the extent any claims are asserted against the EFIH Second Lien Trustee in connection with the distributions to holders (or the reserve of any distributions), the EFIH Second Lien Trustee will have a secured claim for indemnification against the Debtors, which as noted above, is included in the claim of the EFIH Second Lien Notes.  The Disclosure Statement should note the possibility of such an indemnification claim by the EFIH Second Lien Trustee and that if such claim (if allowed) is not ultimately paid, the EFIH Second Lien Trustee reserves the right to argue that the EFIH Second Lien Notes are impaired.

12.     Finally, to the extent funds are ultimately turned over to the EFIH First Lien Noteholders under the Intercreditor Litigation, the Disclosure Statement should state that the EFIH Second Lien Trustee and the EFIH Second Lien Noteholders reserve the right to assert that the EFIH Second Lien Note Claims have not been paid in full, continue to have an allowed claim against the Debtors and are thus impaired under the Plan.

**C.**     **Release of Liens**

13.     The Plan and Disclosure Statement provide that on the Effective Date, the EFIH Second Lien Notes will be cancelled, all obligations will be deemed satisfied, and the liens

6

securing the EFIH Second Lien Notes will be released.  *See* Plan Article IV.I and VIII.B and Disclosure Statement at 118 and 136.  As noted throughout this Objection, there are several elements of the EFIH Second Lien Note Claims that may not be fully resolved by the Effective Date.  The Disclosure Statement should explain the EFIH Second Lien Trustee's position that, in order for the EFIH Second Lien Note Claims to be unimpaired under the Plan, the EFIH Second Lien Notes cannot be cancelled and the liens securing the EFIH Second Lien Notes cannot be released until all claims underlying the EFIH Second Lien Notes are ultimately adjudicated (and if allowed, paid).

## II.    Reservation of Rights

14.    The EFIH Second Lien Trustee reserves all rights to assert any additional issues and objections after concluding its review of the current Disclosure Statement and all the related Plan documents. [7]  In particular, the EFIH Second Lien Trustee reserves all rights to the extent the Plan and Disclosure Statement are substantively modified in advance of the Disclosure Statement hearing or parties raise new issues that may impact ultimate distributions on account of the EFIH Second Lien Notes.[8]

---

[7] In addition, the Debtors have not yet filed an amended proposed order on the Disclosure Statement Motion and the EFIH Second Lien Trustee reserves all rights with regard to the proposed Order.

[8] For example, as the Court is aware, at the August 11, 2015 hearing, counsel for the Ad Hoc Group of TCEH Unsecured Noteholders suggested that he would be filing a supplemental objection to claims for postpetition interest by the holders of EFIH Unsecured Notes, which would, among other things contest the solvency of EFIH.  Any determinations regarding the solvency of EFIH may ultimately impact the rights (including rights on appeal) of the EFIH Second Lien Trustee and the EFIH Second Lien Noteholders in outstanding litigation over the allowance of their makewhole claims.  The current Plan and Disclosure Statement presume that EFIH is solvent, and to the extent the solvency of EFIH is called into question, the Disclosure Statement does not discuss the risks or implications of such a challenge.  To the extent there is an issue surrounding EFIH's solvency, the EFIH Second Lien Trustee reserves the right to argue that the Disclosure Statement hearing should be adjourned to ensure all issues are properly disclosed.

KL2 2910823.7

## Conclusion

WHEREFORE, for the reasons stated above, the EFIH Second Lien Trustee respectfully requests that the Court deny approval of the Disclosure Statement unless the above modifications are incorporated and grant such other relief as is just and proper.


Dated:  August 17, 2015          PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No.  RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
        rfeinstein@ pszjlaw.com

        - and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory A. Horowitz
P. Bradley O'Neill
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
        ghorowitz@kramerlevin.com
        boneill@kramerlevin.com
        jbrody@kramerlevin.com

        - and -

KL2 2910823.7

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212-541-1114
Facsimile: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*