**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:  August 31, 2015 at 4:00 p.m.** |
| | ) | **Hearing Date:  September 17, 2015 at 9:30 a.m.** |
| | ) | |

**DEBTORS' TWENTY-FOURTH OMNIBUS
(NON-SUBSTANTIVE) OBJECTION TO AMENDED,
WRONG DEBTOR, AND EXACT DUPLICATE CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this twenty-fourth objection to claims (this "Objection"), pursuant to which the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) disallowing or reassigning, as appropriate, the claims identified on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to **Exhibit A**, each attached hereto, and as discussed in further detail below, and (b) authorizing Epiq Bankruptcy Solutions, LLC (the "Claims Agent") to expunge or reassign, as appropriate, each of the claims described herein from or in the official register maintained by the Claims Agent (the "Claims Register").  In support of this Objection, the Debtors submit the *Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the*

---

1   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 (the "Kotarba Declaration").  This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), as modified by this Court.[2]  In further support of this Objection, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested in this Objection are section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the

---

[2]     On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base substantive omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659]. On November 19, 2014, the Court entered an order granting the waiver [D.I. 2814].

On November 21, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rules 3007-1 and 3007-2, allowing the Debtors to use, at their discretion, a Custom Notice instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims to every claimant whose claim is objected to in each objection [D.I. 2849].  On December 10, 2014, the Court entered an order granting the waiver [D.I. 2963].

On June 22, 2015, the Debtors filed a motion seeking a further waiver of Local Bankruptcy Rule 3007-1, allowing the Debtors to file more than two substantive omnibus objections to claims in a given month [D.I. 4824].   On July 9, 2015, the Court entered an order granting the waiver, with certain modifications regarding the date by which claims binders shall be delivered to Court in the event more than two substantive omnibus objections to claims are filed in a particular month [D.I. 4956].

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1.

### Relief Requested

4.    By this Objection, the Debtors seek entry of the Order disallowing in full or modifying, as appropriate, each of the claims identified below and authorizing the Claims Agent to expunge such claims from the Claims Register or to reflect such modifications on the Claims Register, as appropriate:

(a)    **Exhibit 1** to **Exhibit A**, each of which represents a Proof of Claim (as defined herein) that has been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities (the "Amended Claims");

(b)    **Exhibit 2** to **Exhibit A**, each of which represents a Proof of Claim asserted against the incorrect Debtor or where no Debtor was specified (the "Wrong Debtor Claims"); and

(c)    **Exhibit 3** to **Exhibit A**, each of which represents a Proof of Claim against a particular Debtor for a particular amount, that is an exact duplicate of another claim filed against the same Debtor by the same creditor for the same amount (the "Exact Duplicate Claims").[3]

### Background

5.    On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas

---

[3]    Per Local Rule 3007-1(e)(iv) (as modified by the Court), images of the Proofs of Claim relating to the Insufficient Documentation Claims will be submitted to the Court on or before August 24, 2015.

Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146-2216], addressing certain discrete issues.

7.      On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date"), as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.      Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[4] In addition to mailing such actual notice, the Debtors also

---

[4]      The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain*

published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune Herald*.

9.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date"), as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim" and, together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10.      Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11.      To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases.

---

*Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

**Basis for Objection**

12.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of Claims rests on different parties at different stages of the objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citation omitted).  Once the *prima facie* validity of a Claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

13.     A chapter 11 debtor "has the duty to object to the allowance of any claim that is improper."  *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.),* 922 F.2d 659, 661-62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a).

## I.      Amended Proofs of Claim.

14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 2 Amended Claims listed on **Exhibit 1** to **Exhibit A**, in the

aggregate claimed amount of $69,333.19.  The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability as reflected in the column labeled "Remaining Claims" on **Exhibit 1** to **Exhibit A**. The Amended Claims remain on the Claims Register only as a technicality and may be eliminated without affecting such claimants' underlying claims.  Accordingly, the Debtors object to the allowance of the Amended Claims and request that such Amended Claims be disallowed in their entirety.

15.    Any disallowance or expungement of the Amended Claims will not affect the Remaining Claims, which will remain on the Claims Register unless withdrawn by the relevant claimants or disallowed by the Court, subject to the Debtors' right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law; provided, however, that the Debtors will not object to the Remaining Claims on the basis that they were not timely filed.  *See generally* 11 U.S.C. § 502(a).

## II.    Wrong Debtor Proofs of Claim.

16.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 6 Wrong Debtor Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $121,019.22.  Each of the Wrong Debtor Claims reflects a Proof of Claim that (a) was filed against a Debtor that has no liability for the claims asserted therein, according to the Debtors' books and records, and (b) is properly asserted, if at all, against a different Debtor.  Failure to reassign the Wrong Debtor Claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors.  Moreover, reassignment of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Debtors request that

the Wrong Debtor Claims be reassigned from the "Asserted Debtor" to the "Modified Debtor," as noted on **Exhibit 2** to **Exhibit A**.

17.    Reassignment of the Wrong Debtor Claims will not disallow or expunge the Wrong Debtor Claims, each of which will remain on the Claims Register, corrected to be asserted against the "Modified Debtor" noted on **Exhibit 2** to **Exhibit A**, unless withdrawn by the relevant claimants or disallowed by the Court, subject to the Debtors' right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules. *See generally* 11 U.S.C. § 502(a).

## III.    Exact Duplicate Proofs of Claim.

18.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 3 Exact Duplicate Claims listed on **Exhibit 3** to **Exhibit A**, in the aggregate claimed amount of $110,569.95.  The Exact Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities.  Failure to disallow the Exact Duplicate Claims will result in double recoveries to the claimants.  Moreover, disallowance of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors.  Accordingly, the Debtors object to the allowance of the Exact Duplicate Claims and request that such Exact Duplicate Claims be disallowed in their entirety and expunged.

19.    Any disallowance or expungement of the Exact Duplicate Claims will not affect the claims set forth under the column heading "Remaining Claims" on **Exhibit 3** to **Exhibit A**, which will remain on the Claims Register until withdrawn by the relevant claimants or disallowed by the Court, subject to the Debtors' right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law. *See generally* 11 U.S.C. § 502(a).

20.    For all of the foregoing reasons, the Debtors (a) object to the allowance of the Amended Claims and the Exact Duplicate Claims, and request that such claims be disallowed in their entirety and expunged and (b) request the reassignment of each of the Wrong Debtor Claims from the "Asserted Debtor" to the "Modified Debtor," all as described herein. Notwithstanding the above, by requesting relief with respect to the Wrong Debtor Claims, the Debtors are not asking for an allowance of the Wrong Debtor Claims as modified, but only that the Wrong Debtor Claims be modified at this time.  The Debtors reserve the right to object in the future to the Wrong Debtor Claims on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

## **Reservation of Rights**

21.    Nothing contained in this Objection or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim) is of a type specified or defined in this Objection; (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

22.    The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the claims listed on **Exhibit 1**, **Exhibit 2**, or **Exhibit 3** to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; provided, however, that nothing in this Objection shall affect the Debtors' right to object to any Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules or in the Order.

**Notice**

23.    The Debtors shall provide notice of this Objection on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and

counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the claims identified on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to **Exhibit A**,

each attached hereto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

24.     No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Dated: August 17, 2015        _/s/ Jason M. Madron_
        Wilmington, Delaware        **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:        collins@rlf.com
            defranceschi@rlf.com
            madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted _pro hac vice_)
Stephen E. Hessler (admitted _pro hac vice_)
Brian E. Schartz (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:        edward.sassower@kirkland.com
            stephen.hessler@kirkland.com
            brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted _pro hac vice_)
Marc Kieselstein, P.C. (admitted _pro hac vice_)
Chad J. Husnick (admitted _pro hac vice_)
Steven N. Serajeddini (admitted _pro hac vice_)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:        james.sprayregen@kirkland.com
            marc.kieselstein@kirkland.com
            chad.husnick@kirkland.com
            steven.serajeddini@kirkland.com

_Co-Counsel to the Debtors and Debtors in Possession_