**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TWENTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Energy Future Holdings Corp. ("EFH Corp."), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), files this twenty-eighth objection to claims (this "Objection"),[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) modifying each of the claims (as described and defined herein and collectively, the "Disputed Claims") identified on **Exhibits 1–4** to **Exhibit A**, each attached hereto and as discussed in further detail below, and (b) authorizing Epiq Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On June 22, 2015, the Debtors filed a motion seeking a further waiver of Local Bankruptcy Rule 3007-1, allowing the Debtors to file more than two substantive omnibus objections to claims in a given month [D.I. 4824]. On July 9, 2015, the Court entered an order granting the waiver, with certain modifications regarding the date by which claims binders shall be delivered to Court in the event more than two substantive omnibus objections to claims are filed in a particular month [D.I. 4956].

Solutions, LLC (the "Claims Agent") to reflect such modifications of the Disputed Claims in the official register maintained by the Claims Agent (the "Claims Register"). In support of this Objection, EFH Corp. submits the *Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* (the "Carter Declaration"). This Objection materially complies in all respects with Local Bankruptcy Rule 3007-1, as modified by this Court.[3] In further support of this Objection, EFH Corp. respectfully states as follows:

**Summary of Relief Requested**

1. By this Objection, EFH Corp. seeks entry of the Proposed Order modifying each of the claims described below and authorizing the Claims Agent to reflect such modifications on the Claims Register, specifically those claims set forth on:

   (a) **Exhibit 1** to **Exhibit A**, each of which represents a Proof of Claim (as defined herein) asserted (i) against the incorrect Debtor or failed to identify a Debtor and (ii) in an incorrect amount, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "Wrong Debtor and Modify Amount Claims");

   (b) **Exhibit 2** to **Exhibit A**, each of which represents a Proof of Claim asserted (i) against the incorrect Debtor or failed to identify a Debtor and (ii) with an incorrect priority status, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "Wrong Debtor and Modify Priority Claims");

---

[3] On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base substantive omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659]. On November 19, 2014, the Court entered an order granting the waiver [D.I. 2814].

On November 21, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rules 3007-1 and 3007-2, allowing the Debtors to use, at their discretion, a custom notice instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims to every claimant whose claim is objected to in each objection [D.I. 2849]. On December 10, 2014, the Court entered an order granting the waiver [D.I. 2963].

    (c)    **Exhibit 3** to **Exhibit A**, each of which represents a Proof of Claim asserted (i) against the incorrect Debtor or failed to identify a Debtor, (ii) in an incorrect amount and (iii) with an incorrect priority status, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor, Modify Amount and Modify Priority Claims</u>"); and

    (d)    **Exhibit 4** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or failed to identify a Debtor, (ii) asserted in an incorrect amount and (iii) improperly classified as secured, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor, Modify Amount and Modify Classification Claims</u>").[4]

### Jurisdiction and Venue

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and EFH Corp. consents pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Objection are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1.

---

[4] Per Local Rule 3007-1(e)(iv) (as modified by the Court), images of the Proofs of Claim relating to the Disputed Claims will be submitted to the Court on or before July 15, 2015.

**Background**

5.  On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.  On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (together with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed amended Schedules and Statements [D.I. 2146-2216] addressing certain discrete issues.

7.  On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or

before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.      Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[5] In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune Herald*.[6]

9.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10.     Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as

---

[5] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

[6] Affidavits of publication were filed with the Court on July 2, 2014. *See* D.I. 1448-1454.

5

of the date of the General Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11. To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases.

## Basis for Objection

12. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citation omitted). Once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

13. A chapter 11 debtor "has the duty to object to the allowance of any claim that is improper." *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis,*

*Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a).

14. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, EFH Corp. has identified 45 Disputed Claims in the aggregate claimed amount of $3,316,793.50. Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, the Disputed Claims (a) are asserted against the incorrect Debtor or failed to identify any Debtor; (b) are asserted in an incorrect amount; (c) are asserted with an incorrect priority status; and/or (d) are improperly classified as secured. Many of the Disputed Claims are subject to more than one of these bases for objection. The following table illustrates which bases for objection the Debtors are asserting against the Disputed Claims listed on **Exhibits 1–4** to **Exhibit A** attached hereto:

| Exhibit No. | Applicable Bases for Objection ||||  Number of Claims | Claimed Amount |
| --- | --- | --- | --- | --- | --- | --- |
| | **Wrong Debtor** | **Modify Amount** | **Modify Priority** | **Modify Classification** | | |
| 1 | X | X | | | 38 | $2,916,520.11 |
| 2 | X | | X | | 5 | $283,640.80 |
| 3 | X | X | X | | 1 | $6,581.30 |
| 4 | X | X | | X | 1 | $110,051.29 |
| | | | | | 45 | $3,316,793.50 |

**I.   Wrong Debtor Basis for Objection.**

15. EFH Corp. has objected to each of the Disputed Claims on the basis that the Proofs of Claim (a) were filed against a Debtor that has no liability for the claims asserted therein according to the Debtors' books and records or were filed without identifying any Debtor and (b) are properly asserted, if at all, against a different Debtor (the "Wrong Debtor Basis for Objection"). Failure to reassign these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, reassignment of these claims will enable the Claims Register to reflect more accurately the claims asserted against the

7

Debtors. Accordingly, EFH Corp. requests that each of the Disputed Claims subject to the Wrong Debtor Basis for Objection be reassigned from the "Asserted Debtor" to the "Modified Debtor" as noted on each applicable exhibit.

**II.    Modify Amount Basis for Objection.**

16.    EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are asserted in an incorrect amount (the "Modify Amount Basis for Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims are either (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records (primarily due to the claimant overstating the amount of its claim, double-counting its claim, or a portion of the asserted claim being duplicated in another Proof of Claim filed by the same claimant on account of the same liability), or (b) asserted in an amount that is entirely or partially undetermined, but the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that EFH Corp. agrees is owed. Failure to modify these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Amount Basis for Objection be reduced or fixed to assert the dollar value listed under the heading "Modified Claim Amount" as noted on each applicable exhibit, which corresponds to the amount EFH Corp. believes is owed by the applicable Debtor on account of Disputed Claims.

**III.    Modify Priority Basis for Objection.**

17.    EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are asserted with an incorrect priority status (the "Modify Priority Basis for

8

Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims inaccurately asserted that all or a portion of the claim is entitled to priority status. Specifically, these claims are not entitled, under the Bankruptcy Code or applicable nonbankruptcy law, to the priority asserted in the Proof of Claim. In most instances, the documentation submitted in support of the Proof of Claim is insufficient to allow EFH Corp. to determine the statutory basis for the asserted priority. In other instances, the statutory basis for priority is either not indicated on the face of the Proof of Claim or is not applicable to such claim. Failure to modify these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Priority Basis for Objection be modified, in whole or in part, from priority to non-priority, as indicated under the heading "Modified Priority Status" as noted on each applicable exhibit.

**IV.    Modify Classification Basis for Objection.**

18.    EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are improperly classified as secured (the "Modify Classification Basis for Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims inaccurately asserted that all or a portion of the claim is entitled to secured status. Specifically, these claims are not entitled, under the Bankruptcy Code or applicable nonbankruptcy law, to the secured status asserted in the Proof of Claim. In most instances, the documentation submitted in support of the Proof of Claim is insufficient to allow EFH Corp. to determine the nature or perfection of the purported security interest, the property against which such purported security interest is asserted and/or the basis for the purported security interest. Failure to modify these claims could result in claimants receiving an

unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Classification Basis for Objection be reclassified, in whole or in part, from secured to unsecured, as indicated under the heading "Modified Classification Status" as noted on each applicable exhibit. **THE SUBSTANTIVE RIGHTS OF CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THE MODIFY CLASSIFICATION BASIS FOR OBJECTION MAY BE AFFECTED.**

19. For all of the foregoing reasons, EFH Corp. objects to the Disputed Claims and seeks entry of the Proposed Order modifying each of the claims identified on **Exhibits 1–4** to **Exhibit A** and authorizing the Claims Agent to reflect such modifications on the Claims Register.

20. Modification of the Disputed Claims will not disallow or expunge the Disputed Claims, each of which will remain on the Claims Register but corrected to reflect the reclassifications and modifications set forth on **Exhibits 1–4** to **Exhibit A** (unless withdrawn by the relevant claimants or disallowed by further order of the Court). Notwithstanding the above, by requesting relief with respect to the Disputed Claims, EFH Corp. is not asking for an allowance of the Disputed Claims as modified, but only that the Disputed Claims be modified at this time. EFH Corp. reserves the right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules. *See generally* 11 U.S.C. § 502(a).

**Reservation of Rights**

21. Nothing contained in this Objection or any actions taken by EFH Corp. pursuant to any relief granted in the Proposed Order is intended or should be construed as: (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of EFH Corp.'s rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim) is of a type specified or defined in this Objection; (e) an admission by EFH Corp. that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of EFH Corp.'s rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

22. EFH Corp. hereby reserves its right to amend, modify and/or supplement this Objection, including to object to any of the Disputed Claims listed on **Exhibits 1–4** to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any, and nothing in this Objection shall affect EFH Corp.'s right to object to the Disputed Claims at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

**Notice**

23. EFH Corp. shall provide notice of this Objection on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the

EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims

against the Debtors regarding each of the foregoing described in clauses (d) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the Disputed Claims. EFH Corp. submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

24.     No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, EFH Corp. respectfully requests that the Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  August 17, 2015 | **O'KELLY ERNST & BIELLI, LLC** |

*/s/  David M. Klauder*
David M. Klauder (No. 5769)
Shannon J. Dougherty (No. 5740)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 778-4000
Facsimile: (302) 295-2873
Email: dklauder@oeblegal.com
sdougherty@oeblegal.com

-and-

**PROSKAUER ROSE LLP**

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com
mthomas@proskauer.com
pyoung@proskauer.com

*Co-Counsel to Debtor*
*Energy Future Holdings Corp.*