<u>Senior Secured and
Senior Secured Second Lien Notes Offering</u>

ENERGY FUTURE HOLDINGS CORP.
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

EFIH FINANCE INC.
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

---

The undersigned, being the sole member of each Pricing Committee (as defined below) of (i) the Executive Committee (the "<u>EFH Corp. Committee</u>") of the Board of Directors of Energy Future Holdings Corp., a Texas corporation ("<u>EFH Corp.</u>"), (ii) the Board of Managers (the "<u>EFIH Board</u>") of Energy Future Intermediate Holding Company LLC, a Delaware limited liability company ("<u>EFIH</u>"), and (iii) the Board of Directors (the "<u>EFIH Finance Board</u>," and, together with the EFH Corp. Committee and the EFIH Board, the "<u>Boards</u>") of EFIH Finance Inc., a Delaware corporation ("<u>EFIH Finance</u>" and, together with EFIH, the "<u>Issuers</u>"), in lieu of a meeting, call and notice of which are expressly waived, takes the following actions and consents to the adoption of the following resolutions:

WHEREAS, each Board adopted certain resolutions by unanimous written consent dated August 6, 2012 (collectively, the "<u>Resolutions</u>"). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Resolutions;

WHEREAS, pursuant to the Resolutions, each Board designated John F. Young as the sole member of a special pricing committee of such Board (each, a "<u>Pricing Committee</u>") and authorized such Pricing Committee to take certain actions relating to, among other things, the pricing and implementation of the Issuers' private placement (the "<u>Offering</u>") of senior secured notes (the "<u>First Lien Notes</u>") and additional senior secured second lien notes (the "<u>Second Lien Notes</u>," and, together with the First Lien Notes, the "<u>Notes</u>") to be sold by the Issuers, and to take any other action that could be taken by the respective Board in connection with the Offering, to the extent permitted by applicable law;

WHEREAS, pursuant to the Resolutions, each Board (i) authorized the Issuers and EFH Corp. to enter into the Purchase Agreement providing for the offering, issuance, sale and delivery by the Issuers of the Notes, (ii) authorized the Issuers to conduct the Offering, and (iii) established its respective Pricing Committee to exercise all of the

powers and authority of such Board with respect to the foregoing, including, but not limited to, approving and determining the aggregate principal amounts (including the allocation of the Offering between First Lien Notes and Second Lien Notes), maturity dates, coupon rates and other pricing terms for the Notes, including the prices at which the Notes would be sold to the Initial Purchasers; and

WHEREAS, the Pricing Committees were created to approve, among other things, (i) the actions of management of the Issuers in connection with the Offering (to the extent such actions have not been authorized by the Resolutions), (ii) the Issuers proceeding with the Offering, and (iii) the material terms and conditions of the Offering.

NOW THEREFORE BE IT HEREBY

*Issuance and Sale of Notes; Execution and Delivery of Documents*

RESOLVED, that the form, terms, conditions precedent and provisions of the Purchase Agreement, dated the date hereof, among the Issuers, EFH Corp. and the Initial Purchasers relating to the sale of the Notes be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the Issuers collectively issue the aggregate principal amount of Notes set forth in the Pricing Supplement attached hereto as Exhibit A (the "Pricing Supplement"), subject to the terms and conditions set forth in (i) the Indenture, dated as of the date the First Lien Notes are issued (the "First Lien Notes Indenture"), and (ii) the Indenture, dated as of April 25, 2011, as amended and supplemented by the First Supplemental Indenture, dated as of February 6, 2012, the Second Supplemental Indenture, dated as of February 28, 2012, the Third Supplemental Indenture, dated as of May 31, 2012, and the Fourth Supplemental Indenture, dated as of the date the Second Lien Notes are issued (as so supplemented, the "Second Lien Notes Indenture" and, together with the First Lien Notes Indenture, the "Indentures"), including the certificates representing the Notes (the "Notes Certificates"), the form, terms, conditions precedent and provisions of which are hereby adopted and approved in all respects;

RESOLVED FURTHER, that the maturity dates of, the coupon rates on, and the interest payment dates applicable to, the Notes shall be as set forth in the Pricing Supplement;

RESOLVED FURTHER, that the forms, terms and provisions of the Notes Certificates representing the Notes be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the Issuers sell the Notes to the Initial Purchasers and that the purchase prices to be paid by the Initial Purchasers to the Issuers for the Notes shall be as set forth in the Purchase Agreement;

RESOLVED FURTHER, that the forms, terms and provisions of the Indentures be, and they hereby are, adopted and approved in all respects;

2

RESOLVED FURTHER, that the form, terms and provisions of the Escrow Agreement be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that The Bank of New York Mellon Trust Company, N.A. is hereby appointed to act as Trustee under the Indentures, as registrar and paying agent with respect to the Notes and as Escrow Agent under the Escrow Agreement;

RESOLVED FURTHER, that the form, terms and provisions of the Registration Rights Agreement be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Joinder Agreement be, and hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Designation be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Offering Memorandum be, and they hereby are, adopted and approved in all respects;

*Authorized Representatives*

RESOLVED FURTHER, that each of the Authorized Representatives named in the Resolutions is hereby authorized and directed to file, execute, verify, attest, acknowledge and deliver in the name of and on behalf of each of EFH Corp., EFIH and EFIH Finance, under its seal or otherwise, any and all notices, certificates, agreements, instruments and documents in connection with the offering, issuance, sale and delivery of the Notes, and to do any and all such acts or things as they or any of them may deem necessary or desirable to carry out fully the intent and purpose of the resolutions adopted herein in connection with the offering, issuance, sale and delivery of the Notes;

*General Resolutions*

RESOLVED FURTHER, that (i) the Authorized Representatives be, and each of them hereby is, authorized and directed, in the name and on behalf of each of EFH Corp., EFIH and EFIH Finance, to do and perform, or cause to be done and performed, any and all such acts, deeds and things, to make, execute and deliver, or cause to be made, executed and delivered, any and all guarantees, certificates (including certificates representing the Notes), documents, instruments, applications, notices, affidavits, powers of attorney, consents to service of process, certified copies of minutes of meetings of the Boards, agreements and other writings and documents and to take any and all actions as may be necessary, or in their opinion desirable, to carry into effect the intent and purpose of the foregoing resolutions, including the performance by each of EFH Corp., EFIH and EFIH Finance of its respective obligations under any agreement or document referred to herein or therein and (ii) the execution by any such Authorized Representative of any such agreement, undertaking, document, instrument or certificate or the payment of any fees

3

and expenses or the engagement of such persons or the doing by any of them of any act in connection with the foregoing matters shall conclusively establish and evidence (a) such Authorized Representative making any determination required by the foregoing resolutions as to the necessity or advisability of any particular agreement or action, (b) such Authorized Representative's authority therefor, and (c) the approval and ratification by the Boards of the agreements, undertakings, documents, instruments or certificates so executed, the expenses so paid and the actions so taken; and

RESOLVED FURTHER, that all actions taken, agreements or other documents executed or entered into and expenses incurred heretofore by the Boards or any officer of any of EFH Corp., EFIH or EFIH Finance in furtherance of any matter authorized by any of the foregoing resolutions are hereby ratified, approved and adopted in all respects as fully as if such actions had been presented to the Boards for their approval prior to such actions being taken.

[Remainder of page intentionally left blank]

Confidential

EFIHMW00267707

PX 059
Page 4 of 13

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of EFIH Finance Inc.

_____
John F. Young

August 9, 2012

[Signature Page to Pricing Committee Resolutions]

Confidential

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of Energy Future Intermediate Holding Company LLC.

August 9, 2012

John F. Young

[Signature Page to Pricing Committee Resolutions]

Confidential

EFIHMW00267709
**PX 059**
**Page 6 of 13**

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of Energy Future Holdings Corp.

August 9, 2012

_____
John F. Young

[Signature Page to Pricing Committee Resolutions]

Exhibit A

[Pricing Supplement]

A-1

Confidential

CONFIDENTIAL

**Energy Future Intermediate Holding Company LLC**
**EFIH Finance Inc.**

$250,000,000 6.875% Senior Secured Notes due 2017 (the "first lien notes")
$600,000,000 11.750% Senior Secured Second Lien Notes due 2022 (the "new second lien notes" and, together with the first lien notes, the "notes")

Terms defined in the Preliminary Offering Memorandum dated August 9, 2012 (the "Offering Memorandum") are used as defined therein

**August 9, 2012**

| | |
|---|---|
| Issuer: | Energy Future Intermediate Holding Company LLC<br>EFIH Finance Inc. |

**The first lien notes**

| | |
|---|---|
| Securities: | 6.875% Senior Secured Notes due 2017 |
| Maturity: | August 15, 2017 |
| Principal Amount: | $250,000,000 |
| Gross Proceeds: | $250,000,000 |
| Coupon: | 6.875% per annum |
| Issue Price: | 100.000% of principal amount plus accrued interest from the date of issuance of the first lien notes. |
| Yield to Maturity: | 6.875% |
| Settlement Date: | August 14, 2012 (T+3) |
| Interest Payment Dates: | February 15 and August 15 of each year, beginning on February 15, 2013 |
| Redemption: | On and after February 15, 2015, the Issuer may redeem the first lien notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at the redemption prices (expressed as percentages of principal amount of the first lien notes to be redeemed) set forth below, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, if redeemed during the twelve-month period beginning on February 15 of each of the years indicated below: |

| Year | Price |
|---|---|
| 2015 | 103.438% |
| 2016 | 101.719% |
| 2017 | 100.000% |

At any time prior to February 15, 2015, the Issuer may redeem the first lien notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at a redemption price equal to 100% of the principal amount of the first lien notes redeemed plus an applicable make-whole premium as of, and accrued and unpaid interest and additional interest, if any, to the date of redemption.

| | |
|---|---|
| Equity Clawback: | Until February 15, 2015, the Issuer may, at its option, on one or more occasions redeem up to 35% of the aggregate principal amount of first lien notes at a redemption price equal to 106.875% of the aggregate principal amount of the first lien notes, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, with the net cash proceeds of one or more equity offerings. However, the Issuer may only make such redemption if at least 50% of the aggregate principal amount of the first lien notes issued under the First Lien Indenture remain outstanding immediately after the occurrence of such redemption, and if each such redemption occurs within 90 days of the date of closing of each such equity offering. |
| CUSIP/ISIN: | *Rule 144A:* 29269Q AE7 / US29269QAE70 |
| | *Reg. S:* U29197 AC1 / USU29197AC19 |

### The second lien notes

| | |
|---|---|
| Securities: | 11.750% Senior Secured Second Lien Notes due 2022 |
| Maturity: | March 1, 2022 |
| Principal Amount: | $600,000,000 |
| | The new second lien notes are part of the same series of notes as, and will be fungible with, the $1,150,000,000 aggregate principal amount of 11.750% Senior Secured Second Lien Notes due 2022 issued on February 6, 2012 and February 28, 2012 (together with the new second lien notes, the "second lien notes") |
| Gross Proceeds: | $613,500,000 |

2

| | |
|---|---|
| Coupon: | 11.750% per annum |
| Issue Price: | 102.250% of principal amount plus accrued interest from February 6, 2012 to the date of issuance of the new second lien notes |
| Yield to Worst: | 11.295% |
| Settlement Date: | August 14, 2012 (T+3) |
| Interest Payment Dates: | March 1 and September 1 of each year, beginning on September 1, 2012 |
| Redemption: | On and after March 1, 2017, the Issuer may redeem the second lien notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at the redemption prices (expressed as percentages of principal amount of the second lien notes to be redeemed) set forth below, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, if redeemed during the twelve-month period beginning on March 1 of each of the years indicated below: |

| Year | Price |
|---|---|
| 2017 | 105.875% |
| 2018 | 103.917% |
| 2019 | 101.958% |
| 2020 and thereafter | 100.000% |

At any time prior to March 1, 2017, the Issuer may redeem the second lien notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at a redemption price equal to 100% of the principal amount of the second lien notes redeemed plus an applicable make-whole premium as of, and accrued and unpaid interest and additional interest, if any, to the date of redemption.

| | |
|---|---|
| Equity Clawback: | Until March 1, 2015, the Issuer may, at its option, on one or more occasions redeem up to 35% of the aggregate principal amount of second lien notes at a redemption price equal to 111.750% of the aggregate principal amount of the second lien notes, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, with the net cash proceeds of one or more equity offerings. However, the Issuer may only make such redemption if at least 50% of the aggregate principal amount of the second lien notes issued under the Second Lien Indenture remain outstanding immediately after the occurrence of such redemption, and if each such redemption occurs within 90 days of the date of closing of |

3

|  |  |
|---|---|
|  | each such equity offering. |
| CUSIP/ISIN: | *Rule 144A:* 29269Q AD9 / US29269QAD97 |
|  | *Reg. S:* U29197 AD9 / USU29197AD91 |

**Terms Applicable to All Notes**

|  |  |
|---|---|
| Distribution: | Regulation S/144A with registration rights |
| Supplemental Information to the Offering Memorandum: | EFIH is providing the following supplemental information to the Preliminary Offering Memorandum.<br><br>In relation to the information presented under "Capitalization" on page 54 of the Offering Memorandum, as adjusted for the offering, EFIH's cash and cash equivalents as of June 30, 2012 was $283 million, reflecting the estimated net proceeds from the issuance of the notes, including payments to be received for accrued interest on the new second lien notes from February 6, 2012, after payment of the EFIH Dividend to EFH Corp. (the proceeds of which will be used by EFH Corp. to repay the balance of the TCEH Demand Notes).<br><br>In relation to the potential action by ratings agencies referred to on page 17 of the Offering Memorandum, Moody's Investors Service announced today that it is lowering its credit rating for Oncor's senior secured debt securities from Baa1 to Baa2 with negative outlook. In addition, Moody's Investors Service announced today that it is lowering EFH Corp.'s corporate family rating from Caa2 to Caa3, resulting in a lowering of its credit ratings for certain TCEH debt. |
| Use of Proceeds: | The Issuer will use $680 million of the net proceeds from this offering to pay the EFIH Dividend to EFH Corp. in or before January 2013. EFH Corp. will use the proceeds from the EFIH Dividend to repay the balance of the TCEH Demand Notes. The balance of the TCEH Demand Notes outstanding as of June 30, 2012 was $680 million. Pending their application in or before January 2013, that portion of the net proceeds will be held in an escrow account. Holders of the notes will have no security interest in the escrow account. The remaining net proceeds will be used for general corporate purposes, which may include the payment of dividends to EFH Corp. |
| Joint Book-Running Managers: | Citigroup Global Markets Inc.<br>Goldman, Sachs & Co.<br>Credit Suisse Securities (USA) LLC |

4

|  |  |
|---|---|
|  | J.P. Morgan Securities LLC |
|  | Morgan Stanley & Co. LLC |
| Co-Managers: | KKR Capital Markets LLC |
|  | The Williams Capital Group, L.P. |

The notes have not been registered under the Securities Act. The notes may not be offered or sold in the United States or to U.S. persons, except to qualified institutional buyers in reliance on the exemption from registration provided by Rule 144A and to certain persons in offshore transactions in reliance on Regulation S. You are hereby notified that sellers of the notes may be relying on the exemption from the provisions of Section 5 of the Securities Act provided by Rule 144A.

The information in this term sheet supplements the Offering Memorandum and supersedes the information in the Offering Memorandum to the extent inconsistent as so supplemented, with the information in the Offering Memorandum. This term sheet is qualified in its entirety by reference to the Offering Memorandum.

ANY DISCLAIMERS OR OTHER NOTICES THAT MAY APPEAR BELOW ARE NOT APPLICABLE TO THIS COMMUNICATION AND SHOULD BE DISREGARDED. SUCH DISCLAIMERS OR OTHER NOTICES WERE AUTOMATICALLY GENERATED AS RESULT OF THIS COMMUNICATION BEING SENT VIA BLOOMBERG OR ANOTHER EMAIL SYSTEM.

Confidential

EFIHMW00267716

**PX 059**
**Page 13 of 13**