**Senior Secured Notes Offering**

ENERGY FUTURE HOLDINGS CORP.
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

EFIH FINANCE INC.
PRICING COMMITTEE
WRITTEN CONSENT OF THE COMMITTEE MEMBER

The undersigned, being the sole member of each Pricing Committee (as defined below) of (i) the Executive Committee (the "EFH Corp. Committee") of the Board of Directors of Energy Future Holdings Corp., a Texas corporation ("EFH Corp."), (ii) the Board of Managers (the "EFIH Board") of Energy Future Intermediate Holding Company LLC, a Delaware limited liability company ("EFIH"), and (iii) the Board of Directors (the "EFIH Finance Board," and, together with the EFH Corp. Committee and the EFIH Board, the "Boards") of EFIH Finance Inc., a Delaware corporation ("EFIH Finance" and, together with EFIH, the "Issuers"), in lieu of a meeting, call and notice of which are expressly waived, takes the following actions and consents to the adoption of the following resolutions:

WHEREAS, each Board adopted certain resolutions by unanimous written consent dated October 16, 2012 (collectively, the "Resolutions"). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Resolutions;

WHEREAS, pursuant to the Resolutions, each Board designated John F. Young as the sole member of a special pricing committee of such Board (each, a "Pricing Committee") and authorized such Pricing Committee to take certain actions relating to, among other things, the pricing and implementation of the Issuers' private placement (the "Offering") of additional senior secured notes (the "Notes") to be sold by the Issuers, and to take any other action that could be taken by the respective Board in connection with the Offering, to the extent permitted by applicable law;

WHEREAS, pursuant to the Resolutions, each Board (i) authorized the Issuers and EFH Corp. to enter into the Purchase Agreement providing for the offering, issuance, sale and delivery by the Issuers of the Notes, (ii) authorized the Issuers to conduct the Offering, and (iii) established its respective Pricing Committee to exercise all of the powers and authority of such Board with respect to the foregoing, including, but not limited to, approving and determining the aggregate principal amount, maturity date,

coupon rate and other pricing terms for the Notes, including the price at which the Notes would be sold to the Initial Purchasers; and

WHEREAS, the Pricing Committees were created to approve, among other things, (i) the actions of management of the Issuers in connection with the Offering (to the extent such actions have not been authorized by the Resolutions), (ii) the Issuers proceeding with the Offering, and (iii) the material terms and conditions of the Offering.

NOW THEREFORE BE IT HEREBY

*Issuance and Sale of Notes; Execution and Delivery of Documents*

RESOLVED, that the form, terms, conditions precedent and provisions of the Purchase Agreement, dated the date hereof, among the Issuers, EFH Corp. and the Initial Purchasers relating to the sale of the Notes be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the Issuers collectively issue the aggregate principal amount of Notes set forth in the Pricing Supplement attached hereto as Exhibit A (the "Pricing Supplement"), subject to the terms and conditions set forth in the Indenture, dated as of August 14, 2012, as amended and supplemented by the First Supplemental Indenture, to be dated as of the date the Notes are issued (as so supplemented, the "Indenture"), including the certificates representing the Notes (the "Notes Certificates"), the form, terms, conditions precedent and provisions of which are hereby adopted and approved in all respects;

RESOLVED FURTHER, that the maturity date of, the coupon rate on, and the interest payment dates applicable to, the Notes shall be as set forth in the Pricing Supplement;

RESOLVED FURTHER, that the forms, terms and provisions of the Notes Certificates representing the Notes be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the Issuers sell the Notes to the Initial Purchasers and that the purchase price to be paid by the Initial Purchasers to the Issuers for the Notes shall be as set forth in the Purchase Agreement;

RESOLVED FURTHER, that the form, terms and provisions of the Indenture be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Registration Rights Agreement be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Designation be, and they hereby are, adopted and approved in all respects;

RESOLVED FURTHER, that the form, terms and provisions of the Offering Memorandum be, and they hereby are, adopted and approved in all respects;

*Authorized Representatives*

RESOLVED FURTHER, that each of the Authorized Representatives named in the Resolutions is hereby authorized and directed to file, execute, verify, attest, acknowledge and deliver in the name of and on behalf of each of EFH Corp., EFIH and EFIH Finance, under its seal or otherwise, any and all notices, certificates, agreements, instruments and documents in connection with the offering, issuance, sale and delivery of the Notes, and to do any and all such acts or things as they or any of them may deem necessary or desirable to carry out fully the intent and purpose of the resolutions adopted herein in connection with the offering, issuance, sale and delivery of the Notes;

*General Resolutions*

RESOLVED FURTHER, that (i) the Authorized Representatives be, and each of them hereby is, authorized and directed, in the name and on behalf of each of EFH Corp., EFIH and EFIH Finance, to do and perform, or cause to be done and performed, any and all such acts, deeds and things, to make, execute and deliver, or cause to be made, executed and delivered, any and all guarantees, certificates (including certificates representing the Notes), documents, instruments, applications, notices, affidavits, powers of attorney, consents to service of process, certified copies of minutes of meetings of the Boards, agreements and other writings and documents and to take any and all actions as may be necessary, or in their opinion desirable, to carry into effect the intent and purpose of the foregoing resolutions, including the performance by each of EFH Corp., EFIH and EFIH Finance of its respective obligations under any agreement or document referred to herein or therein and (ii) the execution by any such Authorized Representative of any such agreement, undertaking, document, instrument or certificate or the payment of any fees and expenses or the engagement of such persons or the doing by any of them of any act in connection with the foregoing matters shall conclusively establish and evidence (a) such Authorized Representative making any determination required by the foregoing resolutions as to the necessity or advisability of any particular agreement or action, (b) such Authorized Representative's authority therefor, and (c) the approval and ratification by the Boards of the agreements, undertakings, documents, instruments or certificates so executed, the expenses so paid and the actions so taken; and

RESOLVED FURTHER, that all actions taken, agreements or other documents executed or entered into and expenses incurred heretofore by the Boards or any officer of any of EFH Corp., EFIH or EFIH Finance in furtherance of any matter authorized by any of the foregoing resolutions are hereby ratified, approved and adopted in all respects as fully as if such actions had been presented to the Boards for their approval prior to such actions being taken.

Confidential

EFIHMW00267788
**PX 060**
**Page 3 of 10**

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of Energy Future Holdings Corp.

October 18, 2012

_____
John F. Young

[Signature Page to Pricing Committee Resolutions]

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of Energy Future Intermediate Holding Company LLC.

_____
John F. Young

October 18, 2012

[Signature Page to Pricing Committee Resolutions]

Confidential

Execution by the undersigned shall effect adoption of the above resolutions as of the date first set forth above. The undersigned directs that a copy of the above resolutions be filed with the minutes of the proceedings of the Pricing Committee of EFIH Finance Inc.

_____
John F. Young

October 12, 2012

[Signature Page to Pricing Committee Resolutions]

Confidential

EFIHMW00267791
**PX 060**
**Page 6 of 10**

<u>Exhibit A</u>

[Pricing Supplement]

A-1

Confidential

CONFIDENTIAL

**Energy Future Intermediate Holding Company LLC**
**EFIH Finance Inc.**

$252,714,000 6.875% Senior Secured Notes due 2017 (the "new notes")

Terms defined in the Preliminary Offering Memorandum dated October 18, 2012 (the "Offering Memorandum") are used as defined therein

**October 18, 2012**

| | |
|---|---|
| Issuer: | Energy Future Intermediate Holding Company LLC<br>EFIH Finance Inc. |
| Securities: | 6.875% Senior Secured Notes due 2017 |
| Distribution: | Regulation S/Rule 144A with registration rights |
| Maturity: | August 15, 2017 |
| Principal Amount: | $252,714,000<br><br>The new notes are part of the same series as, and will be fungible with, the $250,000,000 aggregate principal amount of 6.875% Senior Secured Notes due 2017 issued on August 14, 2012 (the "existing notes" and, together with the new notes, the "notes"), and will have identical terms and conditions, other than the issue date and the issue price, as the existing notes. |
| Gross Proceeds: | $261,243,097.50 (does not include accrued interest from August 14, 2012 to the date of issuance of the new notes) |
| Coupon: | 6.875% per annum |
| Issue Price: | 103.375% of principal amount plus accrued interest from August 14, 2012 to the date of issuance of the new notes. |
| Yield to Worst: | 5.972% |
| Settlement Date: | October 23, 2012 (T+3) |
| Interest Payment Dates: | February 15 and August 15 of each year, beginning on February 15, 2013 |
| Redemption: | On and after February 15, 2015, the Issuer may redeem the notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at the redemption prices (expressed as percentages of principal amount of the |

|               |                      |
|---------------|----------------------|
|               | notes to be redeemed) set forth below, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, if redeemed during the twelve-month period beginning on February 15 of each of the years indicated below: |

| Year | Price |
|------|---------|
| 2015 | 103.438% |
| 2016 | 101.719% |
| 2017 | 100.000% |

At any time prior to February 15, 2015, the Issuer may redeem the notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice, at a redemption price equal to 100% of the principal amount of the notes redeemed plus an applicable make-whole premium as of, and accrued and unpaid interest and additional interest, if any, to the date of redemption.

**Equity Clawback:** Until February 15, 2015, the Issuer may, at its option, on one or more occasions redeem up to 35% of the aggregate principal amount of notes at a redemption price equal to 106.875% of the aggregate principal amount of the notes, plus accrued and unpaid interest thereon and additional interest, if any, to the applicable redemption date, with the net cash proceeds of one or more equity offerings. However, the Issuer may only make such redemption if at least 50% of the aggregate principal amount of the notes issued under the Indenture remain outstanding immediately after the occurrence of such redemption, and if each such redemption occurs within 90 days of the date of closing of each such equity offering.

**Supplemental Information to the Offering Memorandum:** EFIH is providing the following supplemental information to the Preliminary Offering Memorandum.

In relation to the information presented under "Capitalization" on page 51 of the Offering Memorandum, as adjusted for the offering, EFIH's cash and cash equivalents as of June 30, 2012 was $542 million, reflecting (i) the estimated net proceeds from the issuance of the new notes, including payments to be received for accrued interest on the new notes from August 14, 2012 and (ii) the net proceeds from the issuance of the existing notes and the $600,000,000 aggregate principal amount of 11.750% Senior Secured Second Lien Notes due 2022 issued on August 14, 2012 (the "2022 notes"), including payments received for accrued interest on the 2022 notes from February 6, 2012, after payment of the EFIH Dividend to EFH Corp. (the proceeds of which will be used by EFH Corp. to repay the balance of the TCEH Demand Notes).

2

| | |
|---|---|
| Joint Book-Running Managers: | Citigroup Global Markets Inc.<br>Goldman, Sachs & Co.<br>Credit Suisse Securities (USA) LLC<br>J.P. Morgan Securities LLC<br>Morgan Stanley & Co. LLC |
| Co-Managers: | KKR Capital Markets LLC<br>The Williams Capital Group, L.P. |
| CUSIP/ISIN: | *Rule 144A:* 29269Q AE7 / US29269QAE70<br><br>*Reg. S:* U29197 AE7 / USU29197AE74 |

The notes have not been registered under the Securities Act. The notes may not be offered or sold in the United States or to U.S. persons, except to qualified institutional buyers in reliance on the exemption from registration provided by Rule 144A and to certain persons in offshore transactions in reliance on Regulation S. You are hereby notified that sellers of the notes may be relying on the exemption from the provisions of Section 5 of the Securities Act provided by Rule 144A.

The information in this term sheet supplements the Offering Memorandum and supersedes the information in the Offering Memorandum to the extent inconsistent as so supplemented with the information in the Offering Memorandum. This term sheet is qualified in its entirety by reference to the Offering Memorandum.

ANY DISCLAIMERS OR OTHER NOTICES THAT MAY APPEAR BELOW ARE NOT APPLICABLE TO THIS COMMUNICATION AND SHOULD BE DISREGARDED. SUCH DISCLAIMERS OR OTHER NOTICES WERE AUTOMATICALLY GENERATED AS RESULT OF THIS COMMUNICATION BEING SENT VIA BLOOMBERG OR ANOTHER EMAIL SYSTEM.

3