## Exhibit 1

**[Stipulation]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 2662, 2771, 2798 |

## STIPULATION BETWEEN ENERGY FUTURE HOLDINGS CORP., *ET AL*, AND TARRANT REGIONAL WATER DISTRICT, EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE

Luminant Generation Company LLC (as successor in interest to Texas Power & Light Company) ("Luminant"), a debtor in the above-captioned chapter 11 cases, and Tarrant Regional Water District (previously known as Tarrant County Water Control and Improvement District Number One) ("TRWD" and, together with Luminant, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (this "Stipulation"), and stipulate and agree as follows.

### Recitals

WHEREAS, before April 29, 2014 (the "Petition Date"), the Parties were party to a certain Agreement, dated March 15, 1976, regarding access to certain water (the "Water Contract");

WHEREAS, on October 30, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of Energy Future Holdings Corp., et al., for Entry*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2662] (the "Motion"), attached to which was a proposed order approving the rejection of the Water Contract *nunc pro tunc* to the Petition Date, to the extent the Water Contract was executory (the "Proposed Order");

WHEREAS, on November 14, 2014, TRWD filed its objection to the Motion [D.I. 2771] (the "Objection");

WHEREAS, on November 18, 2014, the Debtors filed their reply in support of the Motion [D.I. 2798];

WHEREAS, after a series of adjournments, a hearing on the Motion was noticed for August 11, 2015;

WHEREAS, TRWD filed proof of claim no. 5775 on account of the Water Contract, which claim is asserted in the aggregate amount of $6,434,908.00, and proof of claim no. 5774, which claim is asserted in the aggregate amount of $1,000; and the Debtors scheduled in favor of Claimant claims no. 504704030, recorded in the aggregate amount of $0.00; no. 599707770, recorded in the aggregate amount of $0.00; no. 503235570, recorded in the aggregate amount of $0.00; no. 504002620, recorded in the aggregate amount of $0.00; and no. 599610720, recorded in the aggregate amount of $0.00 (collectively, the "Claims"); and

WHEREAS, the Parties have engaged in further good faith, arm's length negotiations regarding the Water Contract and the Motion;

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation;

**NOW, THEREFORE,** it is hereby stipulated and agreed to by and among the Parties:

1. The Water Contract is deemed cancelled.

2. Upon approval of this Stipulation by the Bankruptcy Court, the Motion shall be deemed fully and finally resolved without further action by the Parties or the need for any hearing on the Motion.

3. The Claims are fully released, discharged, and deemed expunged, and TRWD will not file any other proofs of claim relating to the Water Contract in these or any successor chapter 11 cases. The Court-appointed claims agent may amend the claims register to reflect the terms of this Stipulation.

4. For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon approval of this Stipulation by the Bankruptcy Court, TRWD agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, their respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, insurers, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, including the Claims and any and all other claims on account of the Water Contract, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise.

5. For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon approval of this Stipulation by the Bankruptcy Court, the Debtors agree, to the maximum extent allowed by applicable law, to release, waive, and discharge TRWD, its respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, insurers, investment bankers, consultants, and other professionals, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, including the Claims and any and all other claims on account of the Water Contract, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise.

6. Except as set forth herein, nothing contained in this Stipulation or any actions taken pursuant to this Stipulation is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable laws, permits, licenses, certificates, agreements, contracts, or leases; (g) a waiver of the Debtors' rights to dispute or contest whether the Water Contract is actually an executory contract or unexpired lease subject to assumption or rejection under section 365 of the Bankruptcy Code; or (h) an admission that the Water Contract is integrated with any other contract, document, or lease.

7.  The Debtors and TRWD are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

8.  The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

9.  The Bankruptcy Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

*[Signatures follow.]*

IN WITNESS WHEREOF, the Parties hereby have caused this Stipulation to be duly executed as of the 19th day of August, 2015.

| | |
|---|---|
| *Susan E. Kaufman* (signature) | (signature) |
| **COOCH AND TAYLOR, P.A.** | **RICHARDS, LAYTON & FINGER, P.A.** |

Susan E. Kaufman (No. 3381)
1000 N. West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3800 (Telephone)
(302) 984-3939 (Facsimile)

-and-

**POPE, HARDWICKE, CHRISTIE, SCHELL, KELLY & RAY, L.L.P.**

Michael L. Atchley
Texas State Bar No. 01397600
matchley@popehardwicke.com
Matthew T. Taplett
Texas State Bar No. 24028026
mtaplett@popehardwicke.com
500 West 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 332-3245 (Telephone)
(817) 877-4781 (Facsimile)

*Counsel for Tarrant Regional Water District*

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:          collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:          james.sprayregen@kirkland.com
                    marc.kieselstein@kirkland.com
                    chad.husnick@kirkland.com
                    steven.serajeddini@kirkland.com

*Co-Counsel to Luminant Generation Company LLC*