### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: September 17, 2015 at 9:30 a.m.** |
| | ) | **Objection Deadline: September 3, 2015 at 4:00 p.m.** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING LUMINANT GENERATION COMPANY LLC TO REJECT CERTAIN EXECUTORY CONTRACTS WITH TARRANT COUNTY COLLEGE DISTRICT, EFFECTIVE *NUNC PRO TUNC* TO AUGUST 20, 2015

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Luminant Generation Company LLC ("Luminant") to reject: (a) the Option Contract dated October 20, 2004, for the sale of approximately 18 acres of land, including any amendments or modifications thereto (such contract, the "Option Contract" and such land, the "Option Tract"), and (b) the Right of First Refusal Agreement relating to any and all parcels of the Option Tract, including any amendments or modifications thereto (the "ROFR" and, together with the Option Contract, the "Contracts"), both with Tarrant County College District ("TCCD"), *nunc pro tunc* to August 20, 2015. In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Reject Certain Executory Contracts with Tarrant County College District, Effective* Nunc Pro Tunc *to August 20, 2015* (the "Frenzel Declaration"), filed contemporaneously herewith.    In further support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested in this Motion are sections 105 and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.    By this Motion, the Debtors seek entry of the Order authorizing Luminant to reject the Contracts, effective *nunc pro tunc* to August 20, 2015.

## Background

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I.      The Contracts.

6.      The Debtors, including Luminant, have been evaluating the current and expected use of their executory contracts, the ongoing and potential future cost of such contracts, and the effect on the Debtors' business of rejecting the same.  As part of this process, Luminant has determined that the Contracts are unnecessary and burdensome to its estate and should be rejected as of the date hereof.

7.      TXU Generation Company LP ("TXU"), Oncor Electric Delivery Company, and TCCD entered into a real estate contract for the sale and purchase of certain tracts of land in Fort

Worth, Tarrant County, Texas, as of May 18, 2004 (the "Real Estate Contract").  At that time,

TCCD expressed a desire to obtain an option to purchase the Option Tract, which TXU granted

pursuant to the Option Contract.  TXU and TCCD also entered into the ROFR in the form of

Exhibit F attached to the Real Estate Contract.  Both the Option Contract and the ROFR were

entered into on or about October 20, 2004, and both relate to the Option Tract.  Debtor Luminant

is the successor in interest to TXU under the Option Contract and the ROFR.

   8. Pursuant to the Option Contract, TCCD has the option to purchase the entire

Option Tract for a total purchase price of one hundred dollars ($100).  TCCD paid consideration

of one thousand dollars ($1,000) for the Option Contract, which it may exercise at any time on or

before October 20, 2024.

   9. Pursuant to the ROFR, TCCD has a right of first refusal in the event Luminant

receives a bona fide offer to buy or makes a bona fide offer to sell all or any portion of the

Option Tract; TCCD may elect to purchase all or any portion of the Option Tract (as applicable)

on substantially the same terms as such bona fide offer.  TCCD paid consideration of one

hundred dollars ($100) for the ROFR, which it may exercise on or before October 20, 2024.

## II. The Option Tract.

   10. A portion of the Option Tract historically has been subject to certain asserted

environmental liabilities.  Specifically, the Texas Natural Resource Conservation Commission,

the precursor to the Texas Commission on Environmental Quality (the "TCEQ"), ordered

Luminant to remediate environmental contamination on the Option Tract via an order in *In the*

*Matter of Texas Utilities Electric, SWR No. 39927*, issued on October 13, 1993 (the "Agreed

Order").  The remediation included the placement of a soil cap, which was completed in

December 1996, and operation of a groundwater extraction and treatment system.  Subsequent to

these actions, in 1997, TCEQ approved a Closure Completion Report relating to the affected

portion of the Option Tract, which included a post-closure care plan under which Luminant must continue to operate the groundwater extraction and treatment system and submit biennial reports to the TCEQ for thirty (30) years, until the year 2027.  Notwithstanding the remediation activities undertaken by Luminant, by operation of law and pursuant to the Agreed Order, Luminant remains liable for remediation of the affected portion of the Option Tract in accordance with the Agreed Order until the Agreed Order has been satisfied.

11.     Luminant is in compliance with the Agreed Order and has performed the remediation at the Option Tract pursuant to the Agreed Order.  Luminant believes, however, that the costs and expenses relating to a potential increase in its environmental remediation obligations and/or liabilities must be considered in any sale of the Option Tract.  Specifically, Luminant is concerned that, if and after the Option Tract is sold pursuant to either of the Contracts, the purchaser may use or develop the Option Tract in a manner that potentially could increase Luminant's environmental remediation obligations and/or liabilities.  As such, Luminant has determined that any sale of the Option Tract pursuant to either of the Contracts could impose significant ongoing burdens on Luminant and its estate with respect to the remediation of the Option Tract.  Luminant believes the potential increase in environmental remediation obligations and/or liabilities greatly outweighs the consideration that Luminant would receive for the Option Tract under either the Option Contract or the ROFR.  Therefore, Luminant believes that the sale of the Option Tract pursuant to either of the Contracts would not be beneficial to its estate, and that there may be uses for the Option Tract that are less burdensome.

## Basis for Relief

### I.      Rejection of the Contracts Reflects the Debtors' Sound Business Judgment.

12.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the

debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).  For the benefit of the estate, a debtor may, under section 365 of the Bankruptcy Code, relieve itself of burdensome agreements where performance still remains. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (internal citations omitted); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).

13.     The decision to assume or reject an executory contract is a matter within the debtor's "business judgment."  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Fed. Mogul Global*, 293 B.R. at 126 (rejecting counterparty's argument that a finding of hardship is a prerequisite to application of the business judgment test); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was

one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

14.     In this case, Luminant, in its sound business judgment, has determined that the Contracts are unfavorable in light of the risk to Luminant that its liability and obligations with respect to remediating existing environmental contamination may increase.  Luminant believes that the costs and expenses relating to a potential increase in its environmental remediation obligations and/or liabilities greatly outweigh any consideration that Luminant would receive for the Option Tract under either the Option Contract or the ROFR.  Specifically, in a sale under either Contract, Luminant would bear the risk of TCCD's (or other future owners') future actions using or developing the Option Tract, because Luminant remains liable for the environmental remediation of the affected portion of the Option Tract in accordance with the Agreed Order until the remediation work required under the Agreed Order is complete.  Luminant, in the sound exercise of its reasonable business judgment, has determined that there may be other uses for the Option Tract that would be less burdensome to its estate than being sold pursuant to the Contracts.  As such, absent rejection, the Contracts could impose significant and unnecessary ongoing obligations on Luminant and are not a source of potential value for Luminant's future operations, creditors, or other parties in interest.

II.     ***Nunc Pro Tunc* Relief Is Appropriate.**

15.     Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  Nonetheless, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a).  *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial

approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

16.    Courts may approve retroactive rejection of executory contracts and unexpired leases "after balancing the equities" and concluding that they weigh in favor of the debtor. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *see also Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (indicating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

17.    The balance of the equities favors retroactive relief with respect to the Contracts to the date of the filing of this Motion. Luminant does not seek to obtain any benefit under the Contracts after the date hereof. Additionally, TCCD does not currently have possession of the Option Tract, and will not be harmed by the Debtors' *nunc pro tunc* rejection of the Contracts. For these reasons, Luminant believes that the equities weigh in favor of *nunc pro tunc* relief.

18.    Finally, courts in this jurisdiction have approved relief similar to that requested herein. *See In re QCE Finance, Inc.*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Longview*

*Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Feb. 26, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to prior notice date); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. June 24, 2013) (same); *In re Ritz Camera & Image, LLC*, No. 12-11868 (KG) (Bankr. D. Del. July 30, 2012) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Friendly Ice Cream Corp.*, No. 11-13167 (KG) (Bankr. D. Del. Oct. 24, 2011) (authorizing rejection of leases and abandonment of property *nunc pro tunc* to date debtors vacated premises); *In re Harry & David Holdings, Inc.*, No. 11-10884 (MFW) (Bankr. D. Del. Apr. 27, 2011) (authorizing rejection of leases *nunc pro tunc* to petition date); *In re CB Holding Corp.*, No. 10-13683 (MFW) (Bankr. D. Del. Dec. 13, 2010) (authorizing rejection of executory contracts, including employment agreements, *nunc pro tunc* to prior notice date); *In re Magnachip Semiconductor Finance Co.*, No. 09-12008 (PJW) (Bankr. D. Del. July 8, 2009) (authorizing rejection of executory contracts *nunc pro tunc* to petition date). The Debtors submit that similar relief is warranted in these chapter 11 cases.[2]

### Waiver of Bankruptcy Rules 6006(c) and 6004(h)

19.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Reservation of Rights

20.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any

---

[2]   Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request to the Debtors' counsel.

particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) an admission that the Contracts are integrated with any other contract or lease; (g) a waiver by the Debtors of their right to assert that the Contracts were terminated prior to the Petition Date; or (h) a concession or evidence that the Contracts identified herein have not expired, been terminated, or otherwise currently are not in full force and effect.

### Notice

21.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75%

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:    (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) TCCD. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  August 20, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                      defranceschi@rlf.com
                      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*