IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 5604** |

**DECLARATION OF ROBERT FRENZEL IN
SUPPORT OF THE MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
AUTHORIZING LUMINANT GENERATION COMPANY LLC TO
REJECT CERTAIN EXECUTORY CONTRACTS WITH TARRANT COUNTY
COLLEGE DISTRICT, EFFECTIVE *NUNC PRO TUNC* TO AUGUST 20, 2015**

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, hereby declare as follows under penalty of perjury:

1. I am the Senior Vice President and Chief Financial Officer of Luminant Generation Company LLC ("Luminant"), an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp."), both of which are organized under the laws of the state of Texas. EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a limited liability company organized under the laws of the state of Delaware; EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC, a limited liability company organized under the laws of the state of Delaware; EFH Corp.'s direct subsidiary, Energy Future Intermediate Holding Company LLC, a limited liability company organized under the laws of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

state of Delaware; and various other direct and indirect subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "Debtors" in this declaration.

2. I have worked for the Debtors since 2009. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management team and advisors. I am over the age of 18 and duly authorized to execute this Declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et. al, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective* Nunc Pro Tunc *to August 20, 2015* [D.I. 5604] (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. The Debtors, including Luminant, have been evaluating the current and expected use of their executory contracts, the ongoing and potential future cost of such contracts, and the effect on the Debtors' business of rejecting the same. As part of this process, Luminant has determined that the Contracts are unnecessary and burdensome to its estate and should be rejected as of the date hereof.

4. TXU Generation Company LP, Oncor Electric Delivery Company, and TCCD entered into a real estate contract for the sale and purchase of certain tracts of land in Fort Worth, Tarrant County, Texas, as of May 18, 2004. At that time, TCCD expressed a desire to obtain an

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2

option to purchase the Option Tract, which TXU granted pursuant to the Option Contract. TXU and TCCD also entered into the ROFR in the form of Exhibit F attached to the Real Estate Contract. Both the Option Contract and the ROFR were entered into on or about October 20, 2004, and both relate to the Option Tract. Debtor Luminant is the successor in interest to TXU under the Option Contract and the ROFR.

5. Pursuant to the Option Contract, TCCD has the option to purchase the entire Option Tract for a total purchase price of one hundred dollars ($100). TCCD paid consideration of one thousand dollars ($1,000) for the Option Contract, which it may exercise at any time on or before October 20, 2024.

6. Pursuant to the ROFR, TCCD has a right of first refusal in the event Luminant receives a bona fide offer to buy or makes a bona fide offer to sell all or any portion of the Option Tract; TCCD may elect to purchase all or any portion of the Option Tract (as applicable) on substantially the same terms as such bona fide offer. TCCD paid consideration of one hundred dollars ($100) for the ROFR, which it may exercise on or before October 20, 2024.

7. A portion of the Option Tract historically has been subject to certain asserted environmental liabilities. Specifically, the Texas Natural Resource Conservation Commission, the precursor to the Texas Commission on Environmental Quality (the "TCEQ"), ordered Luminant to remediate environmental contamination on the Option Tract via an order in *In the Matter of Texas Utilities Electric, SWR No. 39927*, issued on October 13, 1993 (the "Agreed Order"). The remediation included the placement of a soil cap, which was completed in December 1996, and operation of a groundwater extraction and treatment system. Subsequent to these actions, in 1997, TCEQ approved a Closure Completion Report relating to the affected portion of the Option Tract, which included a post-closure care plan under which Luminant must

continue to operate the groundwater extraction and treatment system and submit biennial reports to the TCEQ for thirty (30) years, until the year 2027. Notwithstanding the remediation activities undertaken by Luminant, by operation of law and pursuant to the Agreed Order, Luminant remains liable for remediation of the affected portion of the Option Tract in accordance with the Agreed Order until the Agreed Order has been satisfied.

8.   Luminant is in compliance with the Agreed Order and has performed the remediation at the Option Tract pursuant to the Agreed Order. Luminant believes, however, that the costs and expenses relating to a potential increase in its environmental remediation obligations and/or liabilities must be considered in any sale of the Option Tract. Specifically, Luminant is concerned that, if and after the Option Tract is sold pursuant to either of the Contracts, the purchaser may use or develop the Option Tract in a manner that potentially could increase Luminant's environmental remediation obligations and/or liabilities. As such, Luminant has determined that any sale of the Option Tract pursuant to either of the Contracts could impose significant ongoing burdens on Luminant and its estate with respect to the remediation of the Option Tract. Luminant believes the potential increase in environmental remediation obligations and/or liabilities greatly outweighs the consideration that Luminant would receive for the Option Tract under either the Option Contract or the ROFR. Therefore, Luminant believes that the sale of the Option Tract pursuant to either of the Contracts would not be beneficial to its estate, and that there may be uses for the Option Tract that are less burdensome.

9.   Luminant, in its sound business judgment, has determined that the Contracts are unfavorable in light of the risk to Luminant that its liability and obligations with respect to remediating existing environmental contamination may increase. Specifically, in a sale under either Contract, Luminant would bear the risk of TCCD's (or other future owners') future actions

using or developing the Option Tract. I believe that, absent rejection, the Contracts could impose significant and unnecessary ongoing obligations on Luminant and are not a source of potential value for Luminant's future operations, creditors, or other parties in interest.

[*Remainder of page intentionally left blank.*]

RLF1 12862284v.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: August 20, 2015

                                                  */s/ Robert Frenzel*  
                                                  Robert Frenzel  
                                                  Senior Vice President and Chief Financial Officer  
                                                  Luminant Generation Company LLC