## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 4978 - 4979** |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

KONSTANTINA HAIDOPOULOS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On July 16, 2015, I caused to be served:

   a) the "Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1," dated July 10, 2015, *related to Docket No. 4978*, annexed hereto as <u>Exhibit A</u>,

   b) the "Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1," dated July 10, 2015 [Docket No. 4979],

   c) *a customized Cover Memo from Energy Future Holdings, to include the affected claim holder's claim number(s) regarding their claim*, dated July 10, 2015, a sample of which is annexed hereto as <u>Exhibit B</u>, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

d) a customized version of the "Notice of Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 and Hearing Thereon," dated July 10, 2015, a sample of which is annexed hereto as <u>Exhibit C</u>,

by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit D</u>.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Konstantina Haidopoulos

Sworn to before me this
20th day of August, 2015

Notary Public

DIANE M. STREANY
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 2018

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TWENTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION
TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Energy Future Holdings Corp. ("EFH Corp."), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), files this twenty-third objection to claims (this "Objection"),[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) modifying each of the claims (as described and defined herein and collectively, the "Disputed Claims") identified on **Exhibits 1–6** to **Exhibit A**, each attached hereto and as discussed in further detail below, and (b) authorizing Epiq Bankruptcy Solutions,

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    On June 22, 2015, the Debtors filed a motion seeking a further waiver of Local Bankruptcy Rule 3007-1, allowing the Debtors to file more than two substantive omnibus objections to claims in a given month [D.I. 4824].  On July 9, 2015, the Court entered an order granting the waiver, with certain modifications regarding the date by which claims binders shall be delivered to Court in the event more than two substantive omnibus objections to claims are filed in a particular month [D.I. 4956].

LLC (the "Claims Agent") to reflect such modifications of the Disputed Claims in the official register maintained by the Claims Agent (the "Claims Register").  In support of this Objection, EFH Corp. submits the *Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* (the "Carter Declaration").  This Objection materially complies in all respects with Local Bankruptcy Rule 3007-1, as modified by this Court.[3]  In further support of this Objection, EFH Corp. respectfully states as follows:

### Summary of Relief Requested

1.      By this Objection, EFH Corp. seeks entry of the Order modifying each of the claims described below and authorizing the Claims Agent to reflect such modifications on the Claims Register, specifically those claims set forth on:

(a)      **Exhibit 1** to **Exhibit A**, each of which represents a Proof of Claim (as defined herein) (i) asserted against the incorrect Debtor or no Debtor was specified and (ii) asserted in an incorrect amount, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "Wrong Debtor and Modify Amount Claims");

(b)      **Exhibit 2** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or no Debtor was specified and (ii) asserted with an incorrect priority status, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "Wrong Debtor and Modify Priority Claims");

---

[3]    On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base substantive omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659]. On November 19, 2014, the Court entered an order granting the waiver [D.I. 2814].

On November 21, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rules 3007-1 and 3007-2, allowing the Debtors to use, at their discretion, a Custom Notice instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims to every claimant whose claim is objected to in each objection [D.I. 2849].  On December 10, 2014, the Court entered an order granting the waiver [D.I. 2963].

(c)   **Exhibit 3** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or no Debtor was specified and (ii) improperly classified as secured, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor and Modify Classification Claims</u>");

(d)   **Exhibit 4** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or no Debtor was specified, (ii) asserted in an incorrect amount and (iii) asserted with an incorrect priority status, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor, Modify Amount and Modify Priority Claims</u>");

(e)   **Exhibit 5** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or no Debtor was specified, (ii) asserted in an incorrect amount and (iii) improperly classified as secured, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor, Modify Amount and Modify Classification Claims</u>"); and

(f)   **Exhibit 6** to **Exhibit A**, each of which represents a Proof of Claim (i) asserted against the incorrect Debtor or no Debtor was specified, (ii) asserted in an incorrect amount, (iii) asserted with an incorrect priority status and (iv) improperly classified as secured, based on the supporting documentation provided in the Proof of Claim and a reasonable review of the Debtors' books and records (the "<u>Wrong Debtor, Modify Amount, Modify Priority and Modify Classification Claims</u>").[4]

## **Jurisdiction and Venue**

2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and EFH Corp. consents pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent

---

[4]   Per Local Rule 3007-1(e)(iv) (as modified by the Court), images of the Proofs of Claim relating to the Disputed Claims will be submitted to the Court on or before July 15, 2015.

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Objection are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1.

## **Background**

5.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (together with the Schedules, the "Schedules and

Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed amended Schedules and Statements [D.I. 2146-2216] addressing certain discrete issues.

7.     On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.     Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[5]  In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.[6]

9.     On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims

---

[5]     The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

[6]     Affidavits of publication were filed with the Court on July 2, 2014.  *See* D.I. 1448-1454.

specifically exempt from complying with the General Bar Date as set forth in the General Bar

Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10.     Written notice of the General Bar Date was mailed to, among others, all known

creditors and other known holders of claims against the Debtors as of the date of entry of the

General Bar Date Order, including all entities listed in the Schedules as holding claims against

the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as

of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors

also published notice of the General Bar Date in more than 200 publications nationwide, as

detailed in Exhibit 4 to the Bar Date Order.

11.     To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases.

### Basis for Objection

12.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on

different parties at different stages of the objection process.  As explained by the United States

Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court
> under 11 U.S.C.A. § 502(a) rests on different parties at different
> times.  Initially, the claimant must allege facts sufficient to support
> the claim.  If the averments in his filed claim meet this standard of
> sufficiency, it is '*prima facie*' valid [citations omitted].  In other
> words, a claim that alleges facts sufficient to support legal liability
> to the claimant satisfies the claimants' initial obligation to go
> forward.  The burden of going forward then shifts to the objector to
> produce evidence sufficient to negate the *prima facie* validity of
> the filed claim. . . .  In practice, the objector must produce evidence
> which, if believed, would refute at least one of the allegations that
> is essential to the claim's legal sufficiency.  If the objector
> produces sufficient evidence to negate one or more of the sworn

6

facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citation omitted).  Once the *prima facie* validity of a Claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

13.     A chapter 11 debtor "has the duty to object to the allowance of any claim that is improper."  *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a).

14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, EFH Corp. has identified 145 Disputed Claims in the aggregate claimed amount of $4,979,598.77.  Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, the Disputed Claims (a) are asserted against the incorrect Debtor or failed to identify any Debtor; (b) are asserted in an incorrect amount; (c) are asserted with an incorrect priority status; and/or (d) are improperly classified as secured.  Many of the Disputed Claims are subject to more than one of these bases for objection.  The following table illustrates which bases for objection the Debtors are asserting against the Disputed Claims listed on **Exhibits 1–6** to **Exhibit A** attached hereto:

| | Applicable Bases for Objection | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Wrong Debtor | Modify Amount | Modify Priority | Modify Classification | Number of Claims | Claimed Amount |
| 1 | X | X | | | 108 | $2,801,894.72 |
| 2 | X | | X | | 22 | $1,137,207.05 |
| 3 | X | | | X | 4 | $160,609.92 |
| 4 | X | X | X | | 9 | $871,030.62 |
| 5 | X | X | | X | 1 | $8,140.94 |
| 6 | X | X | X | X | 1 | $715.52 |
| | | | | | 145 | $4,979,598.77 |

## I.     Wrong Debtor Basis for Objection.

15.     EFH Corp. has objected to each of the Disputed Claims on the basis that the Proofs of Claim (a) were filed against a Debtor that has no liability for the claims asserted therein according to the Debtors' books and records or were filed without identifying any Debtor and (b) are properly asserted, if at all, against a different Debtor (the "Wrong Debtor Basis for Objection").  Failure to reassign these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors.  Moreover, reassignment of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors.   Accordingly, EFH Corp. requests that each of the Disputed Claims subject to the Wrong Debtor Basis for Objection be reassigned from the "Asserted Debtor" to the "Modified Debtor," as noted on each applicable exhibit.

## II.    Modify Amount Basis for Objection.

16.     EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are asserted in an incorrect amount (the "Modify Amount Basis for Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims are either (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records (primarily due to the claimant overstating the amount of its claim, double-counting its claim, or a portion of the asserted claim being duplicated in another Proof of Claim filed by the same claimant on account of the same liability), or (b) asserted in an amount that is entirely or partially undetermined, but the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that EFH Corp. agrees is owed.   Failure to modify these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors.   Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims

asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Amount Basis for Objection be reduced or fixed to assert the dollar value listed under the heading "Modified Claim Amount," as noted on each applicable exhibit, which corresponds to the amount EFH Corp. believes is owed by the applicable Debtor on account of Disputed Claims.

### III.    Modify Priority Basis for Objection.

17.    EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are asserted with an incorrect priority status (the "Modify Priority Basis for Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims inaccurately asserted that all or a portion of the claim is entitled to priority status. Specifically, these claims are not entitled, under the Bankruptcy Code or applicable nonbankruptcy law, to the priority asserted in the Proof of Claim. In most instances, the documentation submitted in support of the Proof of Claim is insufficient to allow EFH Corp. to determine the statutory basis for the asserted priority. In other instances, the statutory basis for priority is either not indicated on the face of the Proof of Claim or is not applicable to such claim. Failure to modify these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Priority Basis for Objection be modified, in whole or in part, from priority to non-priority, as indicated under the heading "Modified Priority Status," as noted on each applicable exhibit.

### IV.    Modify Classification Basis for Objection.

18.    EFH Corp. has objected to certain of the Disputed Claims on the basis that the Proofs of Claim are improperly classified as secured (the "Modify Classification Basis for

Objection"). Based on EFH Corp.'s review of the Proofs of Claim and the Debtors' books and records, each of these claims inaccurately asserted that all or a portion of the claim is entitled to secured status. Specifically, these claims are not entitled, under the Bankruptcy Code or applicable nonbankruptcy law, to the secured status asserted in the Proof of Claim. In most instances, the documentation submitted in support of the Proof of Claim is insufficient to allow EFH Corp. to determine the nature or perfection of the purported security interest, the property against which such purported security interest is asserted and/or the basis for the purported security interest. Failure to modify these claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly-situated creditors. Moreover, modification of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, EFH Corp. requests that Disputed Claims subject to the Modify Classification Basis for Objection be reclassified, in whole or in part, from secured to unsecured, as indicated under the heading "Modified Classification Status," as noted on each applicable exhibit. **THE SUBSTANTIVE RIGHTS OF CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THE MODIFY CLASSIFICATION BASIS FOR OBJECTION MAY BE AFFECTED.**

19.     For all of the foregoing reasons, EFH Corp. objects to the Disputed Claims and seeks entry of the Order modifying each of the claims identified on **Exhibits 1–6** to **Exhibit A** and authorizing the Claims Agent to reflect such modifications on the Claims Register.

20.     Modification of the Disputed Claims will not disallow or expunge the Disputed Claims, each of which will remain on the Claims Register but corrected to reflect the reclassifications and modifications set forth on **Exhibits 1–6** to **Exhibit A** (unless withdrawn by the relevant claimants or disallowed by further order of the Court). Notwithstanding the above,

by requesting relief with respect to the Disputed Claims, EFH Corp. is not asking for an allowance of the Disputed Claims as modified, but only that the Disputed Claims be modified at this time. EFH Corp. reserves the right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules. *See generally* 11 U.S.C. § 502(a).

### Reservation of Rights

21.     Nothing contained in this Objection or any actions taken by EFH Corp. pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of EFH Corp.'s rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim) is of a type specified or defined in this Objection; (e) an admission by EFH Corp. that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of EFH Corp.'s rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

22.     EFH Corp. hereby reserves its right to amend, modify and/or supplement this Objection, including to object to any of the Disputed Claims listed on **Exhibits 1–6** to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any, and nothing in this Objection shall affect EFH Corp.'s right to object to the Disputed Claims at a

future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

**Notice**

23.     EFH Corp. shall provide notice of this Objection on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020,

and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:   (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (d) through (k); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the Disputed Claims.  EFH Corp. submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

24.    No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, EFH Corp. respectfully requests that the Court enter the Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  July 10, 2015

**O'KELLY ERNST & BIELLI, LLC**

*/s/  David M. Klauder*
David M. Klauder (No. 5769)
Shannon J. Dougherty (No. 5740)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:     (302) 778-4000
Facsimile:      (302) 295-2873
Email:           dklauder@oeblegal.com
                   sdougherty@oeblegal.com
-and-

**PROSKAUER ROSE LLP**

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone:     (312) 962-3550
Facsimile:      (312) 962-3551
Email:           jmarwil@proskauer.com
                   mthomas@proskauer.com
                   pyoung@proskauer.com

*Co-Counsel to Debtor*
*Energy Future Holdings Corp.*

## **Exhibit A**

[Proposed Order]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SUSTAINING TWENTY-THIRD OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "<u>Objection</u>")[2] of EFH Corp. for entry of an order (this "<u>Order</u>")

modifying the Disputed Claims set forth on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**

and **Exhibit 6** attached hereto, all as set forth in the Objection and the Carter Declaration; and the

Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

the Court having found that venue of this case and the Objection in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the

Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

and the Court having found that EFH Corp. provided appropriate notice of the Objection and the

opportunity for a hearing on the Objection (the "<u>Hearing</u>") under the circumstances; and the Court

having reviewed the Objection and having heard the statements in support of the relief requested

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The Wrong Debtor and Modify Amount Claims set forth on the attached **Exhibit 1** are hereby modified as provided on the attached **Exhibit 1**.

3.      The Wrong Debtor and Modify Priority Claims set forth on the attached **Exhibit 2** are hereby modified as provided on the attached **Exhibit 2**.

4.      The Wrong Debtor and Modify Classification Claims set forth on the attached **Exhibit 3** are hereby modified as provided on the attached **Exhibit 3**.

5.      The Wrong Debtor, Modify Amount and Modify Priority Claims set forth on the attached **Exhibit 4** are hereby modified as provided on the attached **Exhibit 4**.

6.      The Wrong Debtor, Modify Amount and Modify Classification Claim set forth on the attached **Exhibit 5** is hereby modified as provided on the attached **Exhibit 5**.

7.      The Wrong Debtor, Modify Amount, Modify Priority and Modify Classification Claim set forth on the attached **Exhibit 6** is hereby modified as provided on the attached **Exhibit 6**.

8.      The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

9.      Nothing set forth herein shall affect the parties' rights with respect to the Disputed Claims, as modified, and the parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, EFH Corp.'s (or any other Debtor's) right to object in the future to the

Disputed Claims on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the EFH Corp.'s (or any other Debtor's) rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (e) an admission by EFH Corp. that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of EFH Corp.'s rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     EFH Corp. is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

13.     This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Energy Future Holdings**

July 10, 2015

We are writing to you today about the claim (or claims) you filed as part of Energy Future Holdings' Chapter 11 proceedings.

The company is modifying your claim(s) - number(s) 85.  <u>Our reason(s) for the modification(s) to your claim(s) is/are detailed in the enclosed materials</u>.

As indicated in the enclosed Notice, which has been customized to address your claim and the company's response to your claim, if you have a response, you must file it with the Bankruptcy Court on or before **July 24, 2015 at 4:00 PM (ET)**.  You must also send a copy of any such response to the company's counsel listed on the Notice so that it is **actually received** by July 24, 2015 at 4:00 PM (ET).

If you have any questions, please call our counsel, Jared Zajac, at (212) 969-3705 or send your contact information to jzajac@proskauer.com and our counsel will be in touch with you shortly.

Thank you.

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF TWENTY-THIRD OMNIBUS (SUBSTANTIVE)
OBJECTION TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001,
3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1 AND HEARING THEREON**

**TO:** BUTLER AND LAND INC.
P.O. BOX 550399
DALLAS, TX 75355

**Claim Number:** 85

**Basis for Objection:** Wrong Debtor and Modify Amount

**Reason for Modification:** Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified amount reflects adjustment for freight charges asserted (Debtor uses a third party logistics company to whom that liability is properly owed).

**Asserted Debtor / Priority / Amount**
EFH Corporate Services Company - Unsecured - $68,046.62

**Modified Debtor / Priority / Amount**
Luminant Generation Company LLC - Unsecured - $28,596.30
Luminant Mining Company LLC - Unsecured - $35,128.68
Oak Grove Management Company LLC - Unsecured - $3,667.00
Sandow Power Company LLC - Unsecured - $464.42

On July 10, 2015, Energy Future Holdings Corp. ("EFH Corp."), one of the above captioned debtors and debtors in possession (collectively, the "Debtors"), filed the **Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1** (the "Objection"), a copy of which is attached hereto.

By the Objection, EFH Corp. seeks to modify the claim(s) listed as "Claim(s) to be Modified" for the reason stated above and as further described in the Objection.

Responses to the Objection, if any, must be in writing and filed on or before **July 24, 2015, at 4:00 PM (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

At the same time, you must also serve a copy of any such response upon the undersigned counsel to EFH Corp. listed so that the response is **actually received** on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **AUGUST 11, 2015, AT 9:30 A.M. (ET),** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

If you have questions about the Objection, please contact EFH Corp.'s counsel, Jared Zajac, at (212) 969-3705 or send your contact information to jzajac@proskauer.com.

Wilmington, Delaware
Dated: July 10, 2015

**O'KELLY ERNST & BIELLI, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
Shannon J. Dougherty (No. 5740)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:     (302) 778-4000
Facsimile:     (302) 295-2873
Email:          dklauder@oeblegal.com
                  sdougherty@oeblegal.com

-and-

**PROSKAUER ROSE LLP**

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone:     (312) 962-3550
Facsimile:     (312) 962-3551
Email:          jmarwil@proskauer.com
                  mthomas@proskauer.com
                  pyoung@proskauer.com

*Co-Counsel to Debtor*
*Energy Future Holdings Corp.*

**EXHIBIT D**

HIGHWAY MACHINE CO INC
ATTN: JANET FISHER
3010 S OLD US HWY 41
PRINCETON, IN 47670

SONAR CREDIT PARTNERS III, LLC
TRANSFEROR: HIGHWAY MACHINE CO INC
80 BUSINESS PARK DRIVE, SUITE 208
ARMONK, NY 10504

LIQUIDITY SOLUTIONS, INC.
TRANSFEROR: REDDY ICE CORPORATION
ONE UNIVERSITY PLAZA, SUITE 312
HACKENSACK, NJ 07601

REDDY ICE CORPORATION
5720 LYNDON B JOHNSON FWY, STE 200
DALLAS, TX 75240-6396