## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS | : | Case No. 14-10979 (CSS) |
| CORP., *et al.*, | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: August 25, 2015 at 10:00 a.m.** |
| | : | **Objections Due: August 21, 2015 by 4:00 p.m.** |

**THE ACTING UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF ENERGY FUTURE HOLDINGS CORP. ET AL., FOR ENTRY OF AN ORDER AMENDING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTOR PLAN OF REORGANIZATION AND RESERVATION OF RIGHTS (D.I. 5269, 5324, 5342, 5601)**

In support of his Objection to the Motion of Energy Future Holdings Corp., *et al.,* for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with Confirmation of the Debtor Plan of Reorganization and Reservation of Rights ("Objection") (D.I. 5269, 5324, 5342, 5601),[1] Andrew R. Vara, the Acting United States Trustee for Region 3, by and through his counsel, respectfully states as follows:

### PRELIMINARY STATEMENT

The compressed discovery schedule sought to be approved is extremely aggressive in light of the new provisions in the Third Amended Joint Plan of Reorganization and the newly-minted Settlement Agreement and Plan Support Agreement. Among these new provisions is the unsupervised, unexamined payment of a staggering amount of undisclosed professional fees to a number of non-estate professionals as well as the payment of certain transaction fees. The basis for these payments has not been spelled-out or identified in any of the plan documents especially

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized terms included in the referenced or cited pleading.

the Disclosure Statement. In addition, the expansive release and exculpation provisions in the Third Amended Joint Plan of Reorganization do not appear to pass muster under applicable Third Circuit precedent.

The Third Amended Joint Plan of Reorganization, the Disclosure Statement for the Third Amended Joint Plan of Reorganization, the Settlement Agreement and the Plan Support Agreement were only filed some eleven days ago on August 10, 2015 (D.I. 5244, 5246, 5248 & 5249). The U.S. Trustee was not involved in the negotiations that preceded the filing of these plan documents. Accordingly, the U.S. Trustee, creditors and other parties-in-interest should be afforded a full opportunity to understand the terms, conditions and the legal and economic effect of these plan-related documents and be given an adequate period of time ascertain the facts with respect to plan confirmation and approval of the Disclosure Statement, the Settlement Agreement and the Plan Support Agreement.

## I. JURISDICTION AND PROCEDURAL HISTORY

1.      The Court has jurisdiction to hear this Objection.

2.      Pursuant to Section 586 of title 28, U.S. Code, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this District. 11 U.S.C. § 586. Under Section 586 and Section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad responsibilities in Chapter 11 cases and the standing to rise and be heard on any issue in any case or proceeding. 11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.      Specifically, in accordance with 28 U.S.C. § 586(a)(3) and more specifically 28 U.S.C. § 586(a)(a)(3)(B), the U.S. Trustee is charged with the duties and obligations to supervise

the administration of cases and trustees in Chapter 11 cases, monitoring plans and disclosure

statements filed in Chapter 11 cases and filing with the court, in connection with hearings under

sections 1125 and 1128, comments with respect to such plans and disclosure statements.

4.      Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with

regard to the above-referenced Objection.

## II. FACTUAL BACKGROUND AND OBJECTION

*A.      Background.*

5.      On April 29, 2014, the Debtors commenced these Chapter 11 cases.

6.      On April 14, 2015, the Debtors filed their first plan of reorganization and

disclosure statement. (D.I. 4142 & 4143).

7.      On May 18, 2015 the Court entered an order approving a schedule for approval of

the disclosure statement, but did not enter a scheduling order for plan confirmation schedule

(D.I. 4497).

8.      On July 2, 2015, the Court entered the Initial Confirmation Scheduling Order

which, among other things set a deadline of Friday, November 6, 2015, when all fact discovery

would be completed and a confirmation hearing date of January 20, 2016 (D.I. 4916).

9.      On July 23, 2015, the Debtors filed an Amended Joint Plan of Reorganization

(D.I. 4142).

10.      On August 3, 2015, the Debtors filed a Second Amended Joint Plan of

Reorganization (D.I. 5197).

11.      Thereafter, on August 10, 2015, the Debtors filed a Third Amended Joint Plan of

Reorganization  ("Third Amended Plan") (D.I. 5244). In conjunction with the filing of the Third

Amended Plan, the Debtors also filed (i) a Disclosure Statement for the Third Amended Plan

("Third Amended Disclosure Statement") (D.I. 5246), (ii) a Motion to Authorize the Debtors to Enter Into and Perform Under a Plan Support Agreement ("PSA") (D.I. 5248) and (iii) a Motion to Approve Compromise under Rule 9019 and Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement ("Settlement Agreement") (D.I. 5249).

12.    In this present Motion, the Debtors state that the PSA terminates if oral approval of the Third Amended Plan is not obtained by January 15, 2016 and, because it is a condition to plan confirmation, the Settlement Agreement must also be approved by January 15, 2016. Motion at ¶ 24.

**B.    Objection**

13.    The Third Amended Plan, along with the PSA and the Settlement Agreement, introduce new terms and conditions related to plan confirmation which terms and conditions the U.S. Trustee, creditors and other parties-in-interest need to fully comprehend and understand the legal, financial and economic effect before court approval.[2]

14.    For example, the Third Amended Plan contains substantially modified terms and conditions for the payment of certain fees. The Third Amended Plan now provides that without any further notice to or action, order, or approval of the Bankruptcy Court, the Reorganized Debtors shall pay on the Effective Date any reasonable and documented unpaid fees and expenses incurred on or before the Effective Date by professionals under the TCEH DIP Facility, the EFIH First Lien DIP Facility, the Merger and Purchase Agreement, the Backstop Agreement

---

[2] For this objection, the U.S. Trustee highlights, for illustrative purposes, only certain new and revised Plan terms and conditions and certain provisions in the Settlement Agreement. The U.S. Trustee reserves all rights to, among other things, object to the Third Amended Plan, the Settlement Agreement, the PSA and the Third Amended Disclosure Statement and all discovery rights.

and the Cash Collateral Order. These payments shall also include transaction, success, or similar fees and the fees for professionals retained by any individual member of the TCEH First Lien Ad Hoc Committee that is a TCEH Supporting First Lien Creditor. See, the Third Amended Plan, Article IV, Section R., p. 68.

15.     In that same paragraph of the Third Amended Plan, the Debtors introduce a wholly new and never-seen-before provision that states that the EFH Debtors shall pay in cash in full on the Effective Date, the reasonable and documented fees and expenses (including professional and other advisory fees and expenses) incurred through the Effective Date of the TCEH Unsecured Notes Trustee, the TCEH Second Lien Notes Trustee, the TCEH Second Lien Notes Collateral Agent, the members of the TCEH Unsecured Ad Hoc Group, and the members of the TCEH Second Lien Consortium. *Id.*

16.     Likewise, the Order Approving the Settlement Agreement provides for, among other things, payment, not to exceed $49,750,000, for the reasonable and documented out-of-pocket fees, expenses, and reimbursements of (a) the members of the ad hoc committee of TCEH First Lien Creditors; and (b)(i) the TCEH Unsecured Group (but not the individual members thereof), (ii) the TCEH Unsecured Notes Trustee, (iii) the TCEH Second Lien Group (but not the individual members thereof), (iv) the TCEH Second Lien Trustee, and (v) The Bank of New York Mellon Trust Company, N.A., as collateral agent under the TCEH Second Lien Notes Indenture. See, Order Approving Settlement of Intercompany Claims and Certain Other Claims at ¶ 12.

17.    The fees, the parties (and their attendant professionals) sought to be paid fees either under the Third Amended Plan, the Settlement Agreement and/or the PSA are as follows:[3]

(a)    Settling Interest Holders;

(b)    Settling TCEH First Lien Creditors Ad Hoc Committee;

(c)    Settling Individual members of the TCEH First Lien Creditors Ad Hoc Committee;*

(d)    TCEH First Lien Agent;

(e)    Settling TCEH Unsecured Noteholders Ad Hoc;*

(f)    Individual members of the TCEH Unsecured Noteholders Ad Hoc;*

(g)    TCEH Unsecured Notes Trustee;*

(h)    Settling TCEH Second Lien Noteholders;*

(i)    TCEH Second Lien Notes Trustee;*

(j)    TCEH Second Lien Notes Collateral Agent;*

(k)    TCEH Official Committee;

(l)    TCEH DIP lender;*

(m)    EFIH First Lien DIP Lender;*

(n)    Merger & Purchase Agreement Fees;*

(o)    "Transaction Fees"- deemed allowed administrative expense claims, including professional fees of:

(i)    Purchasers;

(ii)    Avenue Capital Management;

(iii)    Equity Commitment Parties;

(p)    Backstop Agreement Fees;*

---

[3] The fees of parties noted with an asterisk (*) are capped at $49.75 million and will be offset from the $550m TCEH Cash Payment if the Effective Date does not occur.

      (q)      Cash Collateral Order Fees;*

      (r)      Texas Holdings (up to $15 million).

18.     In addition, the Third Amended Plan contains extremely broad and overly-inclusive releases and exculpations. See, Third Amended Plan at Article VIII.

19.     Because these various provisions appear to be objectionable under, among other sections, Sections 503(a)(1), 503(b)(3)(d), 503(b)(4), 1129(a) and applicable case law and precedent, the U.S. Trustee most likely, among other things, require discovery with respect to these matters.[4]

20.     This discovery may include documents requests pursuant to Fed. R. Bankr. P. 7034 and the depositions of the independent directors of EFH and EFIH as well as other parties and their professionals pursuant to Fed. R. Bankr. P. 7030.

21.     In addition, as was raised at the August 18, 2015 hearing, certain parties and this Court will need further information and consideration of E-side creditor claim impairment and the payment of fees before the Third Amended Plan may be confirmed and the Settlement Agreement approved.

22.     Under the most recently-filed proposed form of order approving this Motion, the discovery period for depositions begins no earlier than September 1, 2015 but must end by September 25, 2015. Moreover, because deposition notices for fact witnesses must be served no later than seven days prior to the deposition date, depositions notices for fact witnesses have to be served between August 25, 2015 and September 14, 2015.

---

[4] Additionally certain facts may be necessary in order to determine if the PSA and the Settlement Agreement run afoul of 11 U.S.C. § 1125 (b). *See, In re Century Glove*, 860 F.2d 94 (3d Cir. 1988), *See, also In re Stations Holdings Co., Inc.*, Case No. 02-10882, 2002 WL 31947022 (Bankr. D. Del. 2002) (Order dated September 30, 2002) (D.I. 177); *In re NII Holdings., Inc.*, Case No. 02-11505, 288 B.R. 356 (Bankr. D. Del. 2002) (Order dated October 25, 2002) (D.I. 367), *cf., In re Indianapolis Downs*, 486 B.R. 286 (Bankr. D. Del. 2013).

23.     Moreover, all fact discovery, including depositions, must be completed Friday, September 25, 2015. This truncated fact discovery period effectively cuts-off parties ability to serve any meaningful document requests related to the term and conditions in the Third Amended Plan and Settlement Agreement. The Initial Consolidated Requests, which parties may have served earlier in these cases, were served before the Debtors filed the Third Amended Plan and Settlement Agreement.

24.     Additionally, parties are forced to quickly digest all of the new provisions in the Third Amended Plan and Settlement Agreement, determine how these extensive, complex and complicated documents dovetail, determine the legal and practical consequences and thereafter be required to determine who among the many potential witnesses, will have the relevant knowledge and be able to testify at the hearings on the approval of the Settlement Agreement and confirmation of the Third Amended Plan.

25.     Given that (i) the PSA and Settlement Agreement both have trigger dates of January 15, 2016, (ii) the schedule in the Initial Confirmation Scheduling Order was approved prior to the filing of the Third Amended Plan, the PSA and the Settlement Agreement, and (iii) the full effect of the Third Amended Plan, PSA and Settlement Agreement all have yet to be fully understood, it seems appropriate and consistent with notions of due process and fairness, especially with respect to the impairment and openness issues raised by parties and this Court at the August 18, 2015 hearing, that an appropriate discovery and confirmation schedule be set so as to allow parties to engage in meaningful and comprehensive discovery. This would permit for a more comprehensive hearing and more fulsome consideration of both the Third Amended Plan and the Settlement Agreement on a full factual record with all of the important issues fully identified, briefed and vetted.

### III. RESERVATION OF RIGHTS

26.     In addition, the proposed form of confirmation scheduling order is ever-evolving (See, D. I. 5601). Accordingly, the U. S. Trustee reserves and any all rights, remedies and obligations found at law, equity or otherwise to, *inter alia*, further object to any proposed form of order as may be presented at the August 25, 2015 hearing, any other proposed discovery schedule and to supplement, augment, modify or amend this Objection including orally at the August 25, 2015 hearing.

WHEREFORE, the U.S. Trustee respectfully request recommends that Motion be denied and for such other and further relief deemed fair, just and appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By:  */s/Richard L. Schepacarter*
     Richard L. Schepacarter
     Andrea B. Schwartz
     Trial Attorneys
     U.S. Department of Justice
     Office of the U.S. Trustee
     J. Caleb Boggs Federal Building
     844 N. King Street, Room 2207, Lockbox 35
     Wilmington, DE 19801
     (302) 573-6491 (Tel.)
Dated: August 21, 2015          (302) 573-6497 (Fax)
     Email: Richard.Schepacarter@usdoj.gov
     Email: Andrea.B.Schwartz@usdoj.gov