**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                            :    Chapter 11
                                                  :
ENERGY FUTURE HOLDINGS CORP., *et al.*,           :    Case No. 14-10979 (CSS)
                                                  :
Debtors.                                          :    (Jointly Administered)
                                                  :
------------------------------------------------------------ x    **Related to Docket Nos. 5269**

**EFIH SECOND LIEN INDENTURE TRUSTEE'S STATEMENT
AND RESERVATION OF RIGHTS WITH RESPECT TO MOTION OF
ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
AMENDING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION
WITH CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacity as indenture trustee (the "**EFIH Second Lien Trustee**") for the EFIH Second Lien notes (the "**EFIH Second Lien Notes**" and the holders thereof, the "**EFIH Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011 (together with all supplements, amendments, and exhibits, the "**Indenture**") hereby submits this statement and reservation of rights (the "**Statement**") with respect to the *Motion of Energy Future Holdings Corp.,* et al.*, for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with Confirmation of Debtors' Plan of Reorganization* [Dkt. No. 5269] (the "**Scheduling Motion**").[1]  In support of this Statement, the EFIH Second Lien Trustee respectfully submits the following:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheduling Motion.

KL2 2911548.5

**STATEMENT**

1.      The Scheduling Motion seeks approval of a confirmation schedule (the "**Confirmation Schedule**") that contemplates, among other things, the Confirmation Hearing to begin on October 28, 2015—just five weeks after the Debtors' presumably obtain approval of their Disclosure Statement.  While the proposed schedule seems unnecessarily brief—indeed, the Debtors have done little to justify why there is a need to hold the Confirmation Hearing in October, when the PSA only requires (i) the Debtors to use commercially reasonable efforts to obtain confirmation of the Plan by December 15, 2015 or (ii) the Confirmation Order to be entered by January 15, 2016—the EFIH Second Lien Trustee is working within the proposed timeframe to review the Plan and related documents for confirmation-related issues prior to the proposed Confirmation Hearing.[2]  As a result, and with the below exception, the EFIH Second Lien Trustee does not object to the expedited Confirmation Schedule at this time.

2.      As indicated in the DS Objection and the EFIH Second Lien Trustee's statements on the record at the August 18, 2015 status conference, the EFIH Second Lien Trustee has concerns about the proposed Confirmation Schedule due to the Ad Hoc Group of TCEH Unsecured Noteholders' previous statements that their constituency would be contesting the solvency of EFIH through an objection to claims for postpetition interest by the holders of EFIH unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "**EFIH PIK Notes**").  *See* Hr'g Tr. at 135:19-24 (Bankr. D. Del. Aug. 11, 2015).  Because determinations regarding the solvency

---

[2] As set forth in the EFIH Second Lien Trustee's objection to the Disclosure Statement (the "**DS Objection**") [Dkt. No. 5362], the EFIH Second Lien Trustee reserves the right to argue at confirmation that the EFIH Second Lien Note Claims are, in fact, impaired.  As also noted in DS Objection, the current Plan contemplates that the EFIH Second Lien Notes may be rendered unimpaired by an unspecified "other treatment."  *See* Plan § III.B.19.  While we understand from the Debtors that this language may be removed from the Plan, to the extent such "other treatment" remains a possibility, the EFIH Second Lien Trustee objects to the Confirmation Schedule, as it does not provide adequate time for the EFIH Second Lien Trustee to adequately consider what litigation and/or discovery would be involved in addressing any such alternative treatment.  The EFIH Second Lien Trustee therefore reserves all rights to object to the Confirmation Schedule at a later date if these modifications are not made to the Plan and Disclosure Statement.

of EFIH may ultimately impact the rights (including rights on appeal) of the EFIH Second Lien Trustee and the EFIH Second Lien Noteholders in outstanding litigation over the allowance of their disputed makewhole claims, the EFIH Second Lien Trustee raised concerns that the Confirmation Schedule would not provide sufficient time for it to prepare for a contested valuation hearing with respect to EFIH.  Based on statements made by the Ad Hoc Group of TCEH Unsecured Noteholders at the August 18, 2015 status conference and subsequent discussions with counsel, the EFIH Second Lien Trustee understands that the Ad Hoc Group of TCEH Unsecured Noteholders does not intend to seek a finding at confirmation that EFIH is insolvent nor will they be proffering any evidence on the value of EFIH.  With these representations and understanding, the EFIH Second Lien Trustee has no issues with the proposed Confirmation Schedule.

3. If, contrary to these representations, a party-in-interest does seek to litigate the value and/or solvency of EFIH, this litigation would undoubtedly be extremely intensive and necessarily involve significant discovery as well as fact and expert testimony.  Such valuation litigation—which should be entirely unnecessary—would consume far more than the time allotted under the current Confirmation Schedule.  The EFIH Second Lien Trustee would object to the Confirmation Schedule under such a circumstance.  If these issues are raised, the Court should adjourn the confirmation hearing to allow sufficient time to appropriately address the valuation dispute.[3]

---

[3] In this regard, the following language should be added to the Proposed Order approving the Scheduling Motion: "To the extent any party-in-interest contests or proffers evidence with respect to the valuation or solvency of EFIH after entry of this Order, the Court shall schedule a status conference to address any revisions or adjournments to the Confirmation Schedule."

3

KL2 2911548.5

| | |
|---|---|
| Dated:  August 21, 2015 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@ pszjlaw.com
      rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory A. Horowitz
P. Bradley O'Neill
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000
Email: tmayer@kramerlevin.com
     ghorowitz@kramerlevin.com
     boneill@kramerlevin.com
     jbrody@kramerlevin.com

*- and -*

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212-541-1114
Facsimile: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*

4