IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>Re: Docket Nos. 5296 & 5601<br><br>Hearing Date: August 25, 2015 at 10:00 a.m. (E.T.)<br><br>Objection Deadline: August 21, 2015 at 4:00 p.m. (E.T.) |

**OBJECTION OF EFH INDENTURE TRUSTEE TO MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER AMENDING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION <u>FILED BY ENERGY FUTURE HOLDINGS CORP.</u>**

American Stock Transfer & Trust Company, LLC ("<u>AST</u>"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "<u>EFH Indenture Trustee</u>") under the indentures (the "<u>Indentures</u>") for certain notes (the "<u>EFH Notes</u>") issued by Energy Future Holdings Corp. ("<u>EFH</u>") (as described in <u>Exhibit 1</u> attached hereto), by its undersigned counsel, hereby objects (the "<u>Objection</u>") to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization Filed by Energy Future Holdings Corp.* [Docket Nos. 5269 & 5601] (the "<u>Amended Confirmation Scheduling Motion</u>"). In opposition to approval of the Amended Confirmation Scheduling Motion, the EFH Indenture

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.

1

Trustee incorporates the arguments set forth in the *Objection of the EFH Official Committee to Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization Filed by Energy Future Holdings Corp.* (the "<u>EFH Committee Objection</u>") by reference and respectfully states as follows:[2]

## PRELIMINARY STATEMENT

1. The Debtors' Amended Confirmation Scheduling Motion asserts two reasons that this Court should modify its prior order scheduling litigation in connection with confirmation. First, the Debtors assert that under the Proposed Plan, all EFH creditors will be paid "in full in cash." Therefore, the Debtors argue, an October 2015 confirmation hearing can be held in accordance with the terms of this Court's prior order. This argument fails because under the Proposed Plan holders of EFH Notes ("<u>EFH Noteholders</u>") will *not* be paid their full contractual claims as required under section 1124 of the Bankruptcy Code.[3] Specifically, the Proposed Plan seeks to deprive holders of their Makewhole Claims and contract rate of interest. In addition, ultimate recoveries to the EFH Noteholders will be further reduced because the Proposed Plan does not provide for the payment of the EFH Indenture Trustee's fees and expenses which are unquestionably an allowable portion of the claims if they are not paid as administrative expenses.

2. Second, the Debtors argue that confirmation should be fast-tracked so that the milestones set forth in the Plan Support Agreement ("<u>PSA</u>") can be met. As explained in further

---

[2] *Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5244] (the "<u>Proposed Plan</u>").

[3] To date, Claim Numbers 7475, 7476, 7477, 7478, 7479 and 7482 (the "<u>EFH Note Claims</u>"), which were filed against EFH on account of claims arising under the EFH Notes, have not been objected to by any party–in–interest. Those claims seek principal, interest at the contract rate, makewhole amounts if applicable, and fees and expenses. The Proposed Plan does not seek to pay all amounts sought in the EFH Note Claims which are deemed allowed.

2

4849-4390-5062.9

detail in the EFH Committee Objection, this justification was manufactured by the Debtors – it is not some external exigency outside the Debtors' control. *See* EFH Committee Objection at Section II. The Debtors should not be permitted to fabricate reasons to truncate or deny the due process and discovery rights of creditors, especially with respect to a proposed plan of reorganization that is highly complex, contingent on numerous regulatory and taxing authority approvals and seeks to restructure billions in debt.

3. **Finally, the Motion should not be allowed because the proposed amendments attempt to <u>excise</u> a provision from this Court's prior scheduling order explicitly permitting parties to serve additional discovery where, as here, material modifications are made to the Debtors' plan.**[4] The effect of the proposed amendments, if granted, is to deny parties the right to take adequate discovery regarding the Proposed Plan, the Settlement Agreement and numerous other transactional documents that will in all likelihood total more than two thousand pages once disclosed in their entirety.

4. Discovery is crucial here because the Debtors admit that there is great uncertainty regarding the ultimate success and feasibility of the REIT Reorganization. In these circumstances, an abbreviated discovery schedule is not justified and creditors should be permitted to investigate whether the Proposed Plan is feasible or has any basis to be confirmed, as well as the ramifications that follow if the Proposed Plan is not consummated. The Amended Confirmation Scheduling Motion should be denied.

---

[4] The Debtors failed to attach a blackline to the Amended Confirmation Scheduling Motion showing the changes that the Debtors propose to make to the original scheduling order. For the Court's convenience, we have attached such a blackline as <u>Exhibit 2</u> hereto, which the Debtors only provided at our request.

4849-4390-5062.9

## RELEVANT BACKGROUND

5.  On April 14, 2015, the Debtors filed the Original Scheduling Motion seeking to establish a schedule and protocol in connection with approval of the Debtors' first proposed plan [Docket No. 4142] and disclosure statement [Docket No. 4143].[5] The Court held a contested hearing on the Original Scheduling Motion on May 4, 2015 and determined that only a protocol and schedule in connection with the disclosure statement was appropriate. On May 18, 2015, the Court entered the Disclosure Statement Scheduling Order.[6]

6.  On June 18, 2015, the Debtors filed the *Proposed Order (A) Scheduling Certain Hearing Dates And Deadlines, (B) Establishing Certain Protocols In Connection With The Confirmation Of Debtors' Plan Of Reorganization* [Docket No. 4803]. On July 7, 2015, the Court entered the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection With the Confirmation of Debtors Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* [Docket No. 4916] (the "Initial Confirmation Scheduling Order"). At the time of the entry of the Initial Confirmation Scheduling Order, the Debtors had not yet amended their original plan and disclosure statement.

7.  Paragraph 9 of the Initial Confirmation Scheduling Order provided that:

> If the amended Plan that the Debtor files **proposes to pay all allowed claims of EFIH and EFH creditors in full in cash**, and is agreed to by the TCEH First Lien Ad Hoc Group, TCEH Second Lien Indenture Trustee, the TCEH Committee, the TCEH

---

[5] *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [Docket No. 4138] (the "Original Scheduling Motion").

[6] *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Approval of Debtors Disclosure Statement, and (C) Establishing the Terms Governing Mediation* [Docket No. 4497] (the "Disclosure Statement Scheduling Order").

4

> Unsecured Ad Hoc Group, and the indenture trustee for the TCEH unsecured notes, then the confirmation hearing shall be held on October 5 starting at 10:00 a.m. and October 6, 7 and 8, 2015, starting at 9:30 a.m. each day, and the Participating Parties shall attempt in good faith to agree upon interim deadlines.

Initial Confirmation Scheduling Order, at ¶ 9 (emphasis added).

8. On July 28, 2015, in accordance with the Initial Confirmation Scheduling Order, the EFH Indenture Trustee served the EFH Indenture Trustee Initial Discovery Request.[7] The EFH Indenture Trustee Initial Discovery Request made document requests with respect to the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5078] filed on July 23, 2015, which provided the Debtors the option to choose between a "Standalone Scenario" and a "Merger Scenario".

9. On August 10, 2015, one month after the entry of the Initial Confirmation Scheduling Order, the Debtors ultimately filed the Proposed Plan, which contemplates a Tax Free Spin of the T-Side and a REIT Reorganization of the E-Side.

10. On August 11, 2015, without consulting the EFH Indenture Trustee or the EFH Official Committee, the Debtors filed the Amended Confirmation Scheduling Motion seeking to modify the Initial Confirmation Scheduling Order. The chart on page 8 of the EFH Committee Objection demonstrates the amount of time that parties had to complete certain phases of discovery under the Initial Confirmation Scheduling Order as compared to the Debtors' proposed amendments.

---

[7] *EFH Indenture Trustee's First Set Of Requests For Production Of Documents Directed To Each Debtor In Connection With Confirmation Of Amended Joint Plan Of Reorganization Of Energy Future Holdings Corp., et al., Pursuant To Chapter 11 Of The Bankruptcy Code* (the "EFH Indenture Trustee Initial Discovery Request"); *see also Notice of Service of EFH Indenture Trustees First Set Of Requests For Production Of Documents Directed To Each Debtor In Connection With Confirmation Of Amended Joint Plan Of Reorganization Of Energy Future Holdings Corp., et al., Pursuant To Chapter 11 Of The Bankruptcy Code* [Docket No. 5128].

5

**OBJECTION**

A. **Paragraph 9 of Initial Confirmation Scheduling Order is Inapplicable Because EFH Creditors Are Not Paid In Full Under Proposed Plan**

11. The Debtors justify their attempt to revisit the schedule set forth in the Initial Confirmation Order based on the false premise that the conditions set forth in paragraph 9 of the Initial Confirmation Scheduling Order have been met since EFH creditors are being paid in full in cash. *See* Amended Confirmation Scheduling Motion, at ¶¶ 1-3. This is inaccurate and misleading. Under the Proposed Plan, holders of EFH Notes are classified in Classes A4, A5, A6, and B5 (the "EFH Notes Classes"). The Proposed Plan provides that the Allowed amount of each claim in the EFH Notes Classes will be comprised of the principal amount outstanding, plus accrued but unpaid prepetition interest, under the applicable Indenture and accrued postpetition interest at the Federal Judgment Rate, but **not** post-petition interest at the contract rate or any Makewhole Claims. *See* Proposed Plan, at 44-45, 50.

12. Thus, far from paying EFH creditors in full or potentially reinstating the EFH Notes, the Debtors are proposing to strip the EFH Noteholders of their contractual entitlements under the Indentures to contract rate of interest and Makewhole Claims. In addition, the EFH Noteholders' claims include the EFH Indenture Trustee's fees and expenses (including attorneys' fees), but these amounts are not included in the Debtors' treatment in the Proposed Plan. Therefore, EFH Noteholders will not receive payment in full of the EFH Notes and are thus impaired. Paragraph 9 of the Initial Confirmation Scheduling Order is not applicable here.

B. **Extensive Discovery Will Be Needed Regarding the Proposed Plan, Settlement Agreement and Other Plan Documents**

13. Approval of the Debtors' Amended Confirmation Scheduling Motion would result in no party being able to serve any discovery regarding the Proposed Plan filed on August 10, 2015, even though the REIT Reorganization proposal was not finalized until *after* initial

6

discovery requests were served under the Initial Confirmation Scheduling Order. The Initial Confirmation Scheduling Order provided that:

> Participating Parties must serve any additional consolidated discovery requests (the "Additional Consolidated Requests") *with respect to material modifications in the solicitation versions of the Plan no later than four days after the entry of the Court's order approving the Disclosure Statement*.

Initial Confirmation Scheduling Order, at ¶ 8.c (emphasis added). The ability to serve Additional Consolidated Requests has been **removed** from the Debtors' proposed amended schedule. *See* Exhibit 2 at p. 8. Moreover, on August 18, 2015, the Debtors filed a revised Order granting the Amended Confirmation Scheduling Motion which provided that the order would also govern discovery into the Settlement Agreement. The Debtors' proposed amendments to the scheduling order appear to preclude discovery into the Settlement Agreement, even though that agreement was only **entered into on August 9, 2015** and could not have been subject to prior discovery. *See* Settlement Agreement, at 1. The Proposed Plan and its integral Settlement Agreement contain numerous material modifications which should be the subject of additional discovery, including document requests. It would be unfair to require the EFH Indenture Trustee to rely on its initial discovery requests (served on July 28, 2015), which were composed without the benefit of this newly-amended version of the Proposed Plan.

14.     As explained in Section I.B. of the EFH Committee Objection, there is significant additional discovery that needs to be conducted with respect to the Proposed Plan and Settlement Agreement.

**(i)     Makewhole Premiums**

15.     The Proposed Plan appears to deny the EFH Noteholders payment on account of their contractual Makewhole Claims. Under the PSA, many of the parties thereto, including the

4849-4390-5062.9

TCEH Official Committee, agreed to "refrain from supporting the allowance or payment of any make-whole claim on account of the prepayment, repayment, or other redemption of any debt incurred by EFH or EFIH . . ." PSA, at §§ 4.1(d); 4.2(c).  The EFH Notes Indenture Trustee is entitled to probe the justifications behind the proposed treatment of the EFH Noteholders and whether such justification comports with applicable law.  Notably, the EFH Legacy Notes are distinguishable from all other notes in these chapter 11 cases regarding an entitlement to a makewhole premium because the EFH Legacy Notes do not contain an acceleration provision that was triggered on the filing of the Debtors' chapter 11 petitions (nor did the EFH Indenture Trustee accelerate the EFH Legacy Notes upon the filing of the Voluntary Petition).

## RESERVATION OF RIGHTS

16. As this Court is aware, Monday, August 24, 2015 is the deadline for parties to file objections to the *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement* [Docket No. 5248] ("PSA Motion"). The EFH Indenture Trustee is continuing to evaluate what discovery in connection with any objection to the PSA Motion will be appropriate and required and all rights with regard to such discovery are reserved.

4849-4390-5062.9

## CONCLUSION

Based on the foregoing, the EFH Indenture Trustee respectfully requests that the Court deny the Amended Confirmation Scheduling Motion and grant the EFH Indenture Trustee such other relief as is just under the circumstances and may be requested at the hearing.

Dated: Wilmington, DE
August 21, 2015

**CROSS & SIMON, LLC**

By: _____
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

4849-4390-5062.9