**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re | )    Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | )    Case No. 14-10979 (CSS) |
| | ) |
|             Debtors. | )    (Jointly Administered) |
| | ) |
| | )    **Re: Docket Nos. 5269 and 5601** |

**OBJECTION OF THE BANK OF NEW YORK MELLON AND THE BANK OF
NEW YORK MELLON TRUST COMPANY, N.A. TO MOTION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AMENDING
CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE
CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION**

The Bank of New York Mellon ("<u>BNYM</u>") and The Bank of New York Mellon Trust

Company, N.A. (the "<u>BNYMTC</u>" and collectively with BNYM, the "<u>Trustees</u>"), in their

capacities as indenture trustees, object to the *Motion of Energy Future Holdings Corp., et al., for

Entry of an Order Amended Certain Hearing Dates and Deadlines in Connection with the

Confirmation of Debtors' Plan of Reorganization* (D.I. 5269) (the "<u>Motion</u>").[2]  In support of this

objection, the Trustees respectfully state as follows:

## I.      FACTUAL BACKGROUND

### A.      The Trustees

1.      BNYM is the indenture trustee for the pollution control revenue refunding bonds

and pollution control revenue bonds, including: (a) 7.70% Fixed Series 1999C due March 1,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On August 19, 2015, the Debtors filed a proposed form of *Revised Order in Connection with the "Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amended Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization"* (D.I. 5601).

2032; (b) 7.70% Fixed Series 1999A due April 1, 2033; (c) 6.30% Fixed Series 2003B due

July 1, 2032; (d) 6.75% Fixed Series 2003C due October 1, 2038; (e) 5.40% Fixed Series 2003D

due October 1, 2029; (f) 5.40% Fixed Series 1994A due May 1, 2029; (g) 5.00% Fixed Series

2006 due March 1, 2041; (h) 8.25% Fixed Series 2001A Due October 1, 2030; (i) 8/25% Fixed

Series 2001D-1 due May 1, 2033; (k) 6.45% Fixed Series 2000A due June 1, 2021; (l) 5.80%

Fixed Series 2003A due July 1, 2022; (m) 6.15% Fixed Series 2003B due August 1, 2022; (n)

5.20% Fixed Series 2001C due May 1, 2028; (o) 6.25% Fixed Series 2000A due May 1, 2028;

(p) Series 1994B due May 1, 2029 (variable rate); (q) Series 1995A due April 1, 2030 (variable

rate); (r) Series 1995B due June 1, 2030 (variable rate); (s) Series 2001B due May 1, 2029

(variable rate); (t) Series 2001C due May 1, 2036 (15% ceiling); (u) Floating Taxable Series

2001I due December 1, 2036; (v) Floating Series 2002A due May 1, 2037; (w) Series 2003A due

April 1, 2038 (15% ceiling); (x) Series 1999B due September 1, 2034 (15% ceiling); (y) Floating

Series 2001D-2 due May 1, 2033; (z) Series 2001A due May 1, 2022 (15% ceiling); (aa) Series

2001B due May 1, 2030 (15% ceiling); and (bb) Series 2001A due May 1, 2027 (variable rate)

(collectively referred to as the "PCRBs").

   2.  BNYM is the indenture trustee to that certain Indenture, as amended or

supplemented from time to time, dated December 1, 1995, by and between EFCH, successor to

TXU US Holdings Company, as issuer, and the BNYM as trustee (the "EFCH 2037 Notes

Indenture"), related to the: (a) 8.175% fixed rate Series D notes due January 30, 2037, issued by

EFCH pursuant to the EFCH 2037 Note Indenture (the "EFCH Fixed 2037 Notes") and

(b) 1.245% floating rate Series E notes due January 30, 2037, issued by EFCH pursuant to the

EFCH 2037 Note Indenture (the "EFCH Floating 2037 Notes" and collectively the "Series D &

E Notes" and collectively with the PCRBs, the "Notes").

B.      **The Disclosure Statement and Plan**

3.      On April 14, 2015, the Debtors[3] filed the: (a) *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 4143) and (b) *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 4142) (collectively, the "Original Plan").

4.      On July 23, 2015, the Debtors filed the: (a) *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5080) and (b) *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5078) (collectively, the "First Amended Plan").

5.      On August 3, 2015, the Debtors filed the *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5197) (the "Second Amended Plan").

6.      On August 8, 2015, the Debtors and the Hunt/TCEH Unsecured Group[4] reached a global agreement (subject to Court approval) that is embodied in the Plan Documents (as defined below), including the Settlement Agreement (as defined below) and PSA (as defined below). Motion at ¶ 23.  Under the Plan Documents, oral approval of the Third Amended Plan and the Settlement Agreement are required by January 15, 2016.  Motion at ¶¶ 23-24.

7.      On August 10, 2015, the Debtors filed the: (a) *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter Into and Perform Under the Plan Support*

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheduling Order.

[4] Upon information and belief based upon publicly filed documents, most of the Hunt/TCEH Unsecured Group parties are Participating Parties.

*Agreement* (D.I. 5248) (the "PSA Motion"[5]) and (b) Motion *of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* (D.I. 5249) (the "Settlement Motion"[6]).

8.    Also on August 10, 2015, the Debtors filed the: (a) *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5246) and (b) *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5244) (collectively referred to as the "Third Amended Plan" and collectively with the PSA Motion, PSA, Settlement Motion, and Settlement Agreement, the "Plan Documents").

9.    The Plan Documents filed on August 10, 2015 contain material modifications of the Original Plan, the First Amended Plan, and the Second Amended Plan.  Those material modifications include, but are not limited to, the dilution of the PCRBs' recoveries by approximately 55%.  See Third Amended Plan (Disclosure Statement at p. 11; Settlement Agreement at § 2.2(b).

## C.    The Scheduling Order and Motion

10.    On July 2, 2015, the Court entered the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* (D.I. 4916) (the "Scheduling Order"), which governs the proceedings to consider confirmation of the Plan, including all related discovery (the

---

[5] The Plan Support Agreement, attached to the PSA Motion as Exhibit 1 to Exhibit A, the "PSA."

[6] The Settlement Agreement is attached to the Settlement Motion as Exhibit 1 to Exhibit A (the "Settlement Motion").

"Confirmation Proceedings").  The Scheduling Order required the Debtors to file an amended

Disclosure Statement and Plan by July 23, 2015 at 4:00 p.m., which could be further

supplemented or amended thereafter.  Scheduling Order at ¶¶ 2.a. and 8.a.

11.    The Motion and proposed Amended Order (A) Revising Certain Hearing Dates

and Deadlines, and (B Establishing Certain Protocols in Connection with the Confirmation of

Debtors' Plan of Reorganization (the "Amended Scheduling Order")[7], in relevant part, seek to

amend the Scheduling Order in connection with the filing of the Third Amended Plan as set forth

in the Amended Scheduling Order.  Amended Scheduling Order at p. 1 and ¶ 1.  Per the

Amended Scheduling Order it shall govern the proceedings to consider the Settlement Motion

and confirmation of the Third Amended Plan, which includes all related discovery (the

"Confirmation Proceedings").  Amended Scheduling Order at ¶ 1.

12.    Participation in the Confirmation Proceedings - Any party in interest, other than

the parties listed in Paragraph 2 of the Amended Scheduling Order, that intends to participate in

discovery related to the Confirmation Proceedings (a "Proposed Participant") must file with the

Court a Notice of Intent.  Amended Scheduling Order at ¶ 2.  The Debtors have ten (10) days

from the filing of any Notice of Intent to object to that Notice of Intent.  Amended Scheduling

Order at ¶ 5.  Until the Court rules on any such objection, the Proposed Participant shall not be

deemed a Participating Party. Amended Scheduling Order at ¶ 5.

13.    Only a Proposed Participant who files a Notice of Intent to which the Court does

not sustain an objection and who has agreed to be bound by the Protective Order may take part in

discovery related to the Confirmation Proceedings (each such party in interest a "Participating

---

[7] As further amended pursuant to the *Notice of Filing of Revised Order in Connection with "Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amended Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization.*"

Party"). Amended Scheduling Order at ¶ 2. By serving a Notice of Intent, each Proposed

Participant shall be deemed to have read and agreed to abide by the terms of the Protective

Order. Amended Scheduling Order at ¶ 8.

14.     Each Participating Party must comply with all deadlines set forth in the Amended

Scheduling Order and is not be allowed to reopen any deadlines that have already passed prior to

the Participating Party's filing of a Notice of Intent. Amended Scheduling Order at ¶ 4.

15.     The Trustees are Participating Parties under the Scheduling Order.[8]

16.     <u>Coordination of Requests for Discovery for the Confirmation Proceedings</u>. The

Creditors' Committees have to act as facilitators and intermediaries of all discovery between the

Debtors and all unsecured Participating Parties, including the obligation to narrowly tailor and

eliminate redundant or duplicative discovery requests. Amended Scheduling Order at ¶ 9.

Unsecured Participating Parties must consult with the Creditors' Committees before they can

directly seek any discovery. Amended Scheduling Order at ¶¶ 9 and 11. In addition, unsecured

Participating Parties cannot seek discovery on any issues addressed by prior discovery request of

anyone in these cases. Amended Scheduling Order at ¶ 9.

17.     <u>Discovery and Pretrial Schedule</u>. The Debtors propose the following schedule for

the Settlement Motion and confirmation of the Third Amended Plan, including the hearing for

the Court to consider the Settlement Motion and confirmation of the Third Amended Plan

(collectively, the "<u>Confirmation Hearing</u>"):

*Fact Discovery*

    a. One day after entry of an order approving the Amended Scheduling Order,
       Participating Parties must identify (i) any previously served consolidated
       discovery requests (the "<u>Initial Consolidated Requests</u>") that are still

---

[8] The Debtors did not object to the Trustees' Notice of Intent filed on July 30, 2015 (D.I. 5173).

applicable and (ii) any fact witnesses who may possess knowledge relevant to the Confirmation Proceedings.  Amended Scheduling Order at ¶ 7.a.  Responses to any previous consolidated discovery requests identified as still applicable must be served no later than five days after the entry of an order approving the Amended Confirmation Scheduling Order. <u>Id.</u>

b.  **Tuesday, September 1, 2015**, date depositions of fact witnesses may begin.  Amended Scheduling Order at ¶ 7.b.

c.  **Thursday, September 10, 2015**, date on which Participating Parties shall have completed the production of all documents in response to Initial Consolidated Requests.  Amended Scheduling Order at ¶ 7.c.  The Debtors shall also provide updated projections for TCEH by this date.  Amended Scheduling Order at ¶ 7.c.

d.  **Thursday, September 14, 2015**, deadline for service of deposition notices.  Amended Scheduling Order at ¶ 7.d.  Notwithstanding the foregoing, if a party designates a fact witness to testify at the Confirmation Hearing who has not been deposed and who was not identified as a person with knowledge, the deadline to serve a deposition notice on that witness shall be five days after the witness designation.  <u>Id.</u>

e.  **Thursday, September 17, 2015**, deadline by which Participating Parties must file motions to compel discovery responses and document production, except that a Participating Party shall have 14 days from receipt of a privilege log to file a motion to compel based on that privilege log.  Amended Scheduling Order at ¶ 7.e.  In no event, will the making or the granting of a motion to compel be grounds, standing alone, to extend any of the dates set forth below.  <u>Id.</u>

f.  **Friday, September 25, 2015**, date on which all fact discovery shall be complete.  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld. Amended Scheduling Order at ¶ 7.f.

g.  **Tuesday, September 29, 2015**, date on which Participating Parties shall have provided logs of all documents responsive to the Initial Consolidated Requests that were withheld on the basis of any claim of privilege.  Amended Scheduling Order at ¶ 7.g.

*Expert Discovery*

h.  **Monday, September 21, 2015**, deadline by which Participating Parties must designate expert witnesses, including a brief description of the general topics on which those witnesses will testify. Amended Scheduling Order at ¶ 7.h.

    i.    **Monday, September 28, 2015**, date by which the Participating Parties shall engage in the simultaneous exchange of expert reports. Amended Scheduling Order at ¶ 7.i.

    j.    **Friday, October 9, 2015**, date on which all expert discovery shall be complete.  Amended Scheduling Order at ¶ 7.j.  Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; provided, however, that the objection deadline will be no earlier than three days after the date the deposition notices are served. Amended Scheduling Order at ¶ 7.j.

*Pretrial, Trial, and Post-trial Events*

    k.    **Friday, October 9, 2015**, deadline by which Participating Parties must serve a <u>preliminary</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Amended Scheduling Order at ¶ 7.k.  Witness lists shall identify all witnesses that each party will call or may call at each phase of the Confirmation Hearing and shall provide a brief summary of each witness' anticipated testimony. Amended Scheduling Order at ¶ 7.k.

    l.    **Friday, October 9, 2015**, date and time on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including whether there should be phasing of the Confirmation Hearing. Amended Scheduling Order at ¶ 7.l.

    m.    **Monday, October 12, 2015**, deadline for Participating Parties to serve notice identifying deposition transcript excerpts to be admitted as evidence at the Confirmation Hearing. Amended Scheduling Order at ¶ 7.m.

    n.    **Tuesday, October 13, 2015 at 10:00 a.m.** initial pretrial conference where the number of trial days, post-trial procedures, and phasing of Confirmation Hearing shall be determined.  Amended Scheduling Order at ¶ 7.n.

    o.    **Wednesday, October 14, 2015**, deadline by which Participating Parties must serve a <u>final</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing.  Amended Scheduling Order at ¶ 7.o.  Witness lists shall identify all witnesses that each Participating Party will call or may call at the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.  Amended Scheduling Order at ¶ 7.o.

    p.    **Thursday, October 15, 2015**, deadline for Participating Parties to object to designation of a deposition transcript to serve their objection and for Participating Parties to serve notice of designations of deposition transcript excerpt as counter-evidence at the Confirmation Hearing. Amended Scheduling Order at ¶ 7.p.

q. **Friday, October 16, 2015**, deadline to file objections to the Settlement Motion or the Third Amended Plan. Amended Scheduling Order at ¶ 7.q.

r. **Friday, October 16, 2015**, deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations. Amended Scheduling Order at ¶ 7.r.

s. **Friday, October 16, 2015**, deadline by which Participating Parties must file pretrial briefs and motions in limine and by which Participating Parties must submit a proposed joint final pretrial order per Local Bankruptcy Rule 7016-2(d). Amended Scheduling Order at ¶ 7.s.

t. **Friday, October 16, 2015**, date by which the Participating Parties must meet and confer to try to narrow and resolve their evidentiary disputes (the "Plan and Settlement Motion Meet and Confer"). Amended Scheduling Order at ¶ 7.t.

u. **Monday, October 19, 2015**, date by which the Participating Parties must file oppositions to any motions in limine. Amended Scheduling Order at ¶ 7.u.

v. **Wednesday, October 21, 2015 at 10:00 a.m.** the final pretrial conference. Amended Scheduling Order at ¶ 7.v.

w. **Friday, October 23, 2016**, deadline for the Debtors to file replies to timely objections to the Settlement Motion or the Third Amended Plan. Amended Scheduling Order at ¶ 7.w.

x. **Wednesday, October 28, 2015 at 9:30 a.m**. Confirmation Hearing starts and Settlement Motion will be heard. Amended Scheduling Order at ¶ 7.x. Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. Amended Scheduling Order at ¶ 7.x.  The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.  Amended Scheduling Order at ¶ 7.x.

18.   Requests for Admission.  Requests for admission pursuant to Rule 36 are not permitted under the Amended Scheduling Order without leave of the Court upon a specific showing of good cause, except with respect to any request to admit the authenticity of any described document.  Amended Scheduling Order at ¶ 14.

19.   Limitations on Depositions.  A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness

depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a witness being deposed more than once in his or her individual capacity.  Amended Scheduling Order at ¶ 15.  Each deposition is limited to eight hours.  Id.  Deposition notices cannot include requests for production of documents.  Id.  The respective Creditors' Committees and the secured creditors shall negotiate in good faith regarding the allocation of fact depositions.  Id.

20.    Overlap With Prior Discovery.  Participating Parties are prohibited from serving discovery that seeks documents already produced by a Participating Party.  Amended Scheduling Order at ¶ 16.

21.    Third-Party Documents Received Pursuant to Subpoena.  Each Participating Party must put all materials from third parties pursuant to Rule 45 in the Repository within five business days of receiving such material from a third party. Amended Scheduling Order at ¶ 17.

22.    Discovery Disputes.  Discovery disputes may be presented to the Court by letter.  Unless otherwise agreed, response are due within five business days after letter disputing discovery submitted.  Amended Scheduling Order at ¶ 19.

23.    According to the Plan Documents and the Debtors' presentation at the August 11, 2015 hearing, the TCEH Committee (as a Plan supporter) is prohibited from taking certain actions inconsistent therewith except as allowed per the PSA.  Such prohibitions appear to impact the TCEH Committee's obligations to coordinate discovery under the Scheduling Order and the Amended Scheduling Order (together, the "Scheduling Orders").

## II.    OBJECTION

24.    The Plan Documents, including exhibits thereto, span more than 1,800 pages, were filed just eleven (11) days ago.  Those recently-filed documents contain important, detrimental changes to the treatment of certain creditors.  For example, with respect to the PCRBs, the Third Amended Plan, Settlement Agreement, and PSA provide for the dilution of the

PCRBs' recoveries by approximately 55%.  See Third Amended Plan (Disclosure Statement at p. 11); Settlement Agreement at § 2.2(b).

25.    The Plan Documents do not render discovery irrelevant.  However, notwithstanding the new, material modifications, the Debtors seek to render discovery irrelevant through the Amended Scheduling Order.  The Debtors seek to justify the stripping of parties' *right* to conduct discovery by asserting that the relief proposed in the Motion is necessitated by various milestones that are part of the "global agreement."  Motion at ¶ 24.  Of course, the parties to the "global agreement" (which is not as "global" as its name implies) cannot artificially impose milestones that are designed to preclude a meaningful opportunity to object to the Plan Documents.  Importantly, when considering the conditions to the effective date of the Third Amended Plan, it is obvious that the Third Amended Plan (if confirmed) would not be effective for many months.  There is no factual, or legal, basis to eradicate the Trustees' right to conduct discovery relating to the Plan Documents.

26.    The Scheduling Order was appropriate when the Debtors' former plan was opposed by every constituency in the case.  The structure on discovery provided in the Scheduling Order was sensible.  Now, the Debtors have reached an agreement that they (somewhat inaccurately) describe as "global."  Indeed, at the expense of certain creditor groups, like the PCRBs, the Debtors have reached an agreement with many creditor groups on the "T-side."  The Trustees, however, will object to the Plan Documents and are entitled to conduct discovery relating to the Plan Documents without the inappropriate and unworkable restrictions that the Debtors seek to impose on the Trustees.

27.    The Debtors erroneously argue that the discovery served when the TCEH creditors were potential plan objectors is no longer necessary or relevant as the: (a) TCEH

creditors have become Plan supporters or (b) EFH-EFIH Creditor Group's reorganization is no longer considered by the Plan Documents. Motion at ¶ 22. Portions of the discovery are absolutely necessary because the Trustees are <u>not</u> Plan supporters and intend to object to the Plan Documents.

28.     Moreover, the Motion strips the Trustees of the benefits of their Participating Party status under the Scheduling Order and gives them the burdens of being a non-deemed Participating Party under the Amended Scheduling Order. Amended Scheduling Order at ¶ 2. The Amended Scheduling Order should be revised to either include the Trustees as a Participating Party or add language that deems all Participating Parties under the Scheduling Order Participating Parties under the Amended Scheduling Order. To the extent that the Debtors do not modify the Amended Scheduling Order to deem current Participating Parties as such under the Amended Scheduling Order, the Debtors' ten (10) day period to object to a Notice of Intent should be shortened to two (2) days. Amended Scheduling Order at ¶ 5. Further, if the Debtors object to a Notice of Intent, the proposed Participating Party should be deemed a Participating Party the Court rules otherwise. Amended Scheduling Order at ¶ 5.

29.     If the Amended Scheduling Order is entered by the Court, the Trustees, even though they are Participating Parties under the Scheduling Order, will be effectively cut-off from conducting almost all any discovery on the Plan Documents. This is particularly prejudicial to the Trustees in light of the Third Amended Plan filed on August 10, 2015, such as the new, material, and detrimental amendments that (for the first time) purport to dilute the recovery on the PCRBs by approximately 55%.

30.     The Debtors seek to impose on unsecured creditors the obligation of not requesting anything previously requested by anyone in the cases. Amended Scheduling Order at

¶¶ 9 and 16.  For unsecured creditors that burden is significant given the size of the Repository.

This is particularly true when the previous request is very broad and covers a much more

expansive amount of documents than is requested by the Participating Party.  If the Debtors left

that burden on the responding Participating Parties as the applicable rules provide, the impact is

greatly decreased as the producing parties already know what they have and have not produced.

Accordingly, producing Participating Parties should direct the requesting Participating Party to

the specific relevant documents already produced.

31.      Without any rationale in light of the Debtors' request to shorten the discovery

period through the Motion, the Debtors seek to eliminate the shortened deadlines for certain

responses.  In the Scheduling Order discovery responses and objections are due within twenty-

one (21) days of receipt of discovery requests.  Scheduling Order at ¶ 8.d.  However, the Debtors

have eliminated the shortened response time, which will eliminate the Trustee's ability to

conduct written discovery.  Therefore, the twenty-one (21) day response period should be put

into the Amended Scheduling Order.  Amended Scheduling Order at ¶ 8.d.

32.      In addition, Thursday, September 10, 2015 should be the date on which the

Participating Parties shall produce the production of all documents in response to all discovery

requests.  Amended Scheduling Order at ¶ 8.d.

33.      Because the Debtors seek to shorten the Confirmation Hearing timeframe, other

deadlines in the Scheduling Order should be shortened as well.  The five (5) day period for

Participating Parties to submit materials obtained from third parties pursuant to a subpoena under

Rule 45 should be shortened to two (2) days under the shortened time table.  Amended

Scheduling Order at ¶ 17.

34.     As for discovery disputes, responses to a letter submitted to the Court under paragraph 19 of the Amended Scheduling Order should be due within two (2) days instead of five (5) days as currently proposed.   Amended Scheduling Order at ¶ 19.

35.     Another deadline that needs to be shortened is the deadline for Participating Parties to respond to Initial Consolidated Requests that are identified as applicable – that deadline should be shortened to two (2) days instead of the five (5) contemplated.  Amended Scheduling Order at ¶ 7.a..

36.     The Debtors included the provision from the Scheduling Order that prohibits a motion to compel discovery responses and document production from being the basis alone to extend any dates in the Amended Scheduling Order.  Amended Scheduling Order at ¶ 7.e. However, with the shortened time frame and the elimination of certain unknowns that existed at the time the Scheduling Order was entered, it is necessary that this restriction be removed because if the Participating Parties fail to comply with the Amended Scheduling Order that alone may be the only basis that exists to extend the deadlines.

37.     Like the Scheduling Order, the Amended Scheduling Order prohibits Participating Parties from propounding requests for admissions without leave of Court for good cause. Amended Scheduling Order at ¶ 14.  This is inconsistent with the Debtors' position that they want to narrow the issues for the confirmation hearing.  Allowing requests for admissions may narrow the issues and shorten the time required for the confirmation hearing.  And, allowing requests for admissions is a more appropriate way to narrow the issues as opposed to eliminating the ability of Participating Parties from conducting discovery.  Accordingly, Participating Parties should be permitted to serve requests for admissions.

38.    The Debtors also argue that the Scheduling Order should be amended because the global agreement eliminates most of the discovery that has or would have been propounded under the prior plans.  Motion at ¶ 22.  In fact, they argue that the Plan Documents render most if not all discovery moot or irrelevant.  Id.  Then there is no need for the significant limitations on depositions and witnesses that the Debtors seek in the Amended Scheduling Order.

39.    The Amended Scheduling Order seeks to also eliminate the Trustees' discovery regarding witnesses.  Amended Scheduling Order at ¶¶ 7.h., 7.j., 7.m.  While these limitations were appropriate when the Scheduling Order was entered, the Third Amended Plan, as noted above, has changed the circumstances that exist today.  Therefore, the limitations sought by the Debtors should not be approved if they would have the effect of prohibiting the Participating Parties from conducting adequate witness discovery.  From the perspective of the "T-side," the balance of proponents and objectors is tipped toward the "E-side" for objectors and the "T-side" for proponents.

40.    With the current circumstances it makes more sense to allow every objector to take at least five (5) depositions.  Amended Scheduling Order at ¶ 15.  In addition, the similar restrictions on deposing witnesses in their individual capacities should also be narrowed to apply as to each objecting party and not as to all objecting parties combined.  Id.

41.    Given the narrowed issues in the Confirmation Proceeding, the deadline for designation for experts on rebuttal should be moved to later in the discovery process as well as the deadline for producing expert reports for rebuttal expert witnesses in paragraphs 7.h. and 7.i.. In addition, the deadline for designation of expert transcript excerpts should likewise be extended in paragraph 7.m.

42.     Even though the Amended Scheduling Order still contains a mechanism for the Creditors' Committees to monitor and control unsecured Participating Parties' ability to conduct discovery, the Debtors seek to impose a requirement that no longer is necessary.  To the extent Amended Scheduling Order seeks to allow and require the Creditos' Committees, particularly the TCEH Committee, as a plan supporter, to coordinate the discovery process under the Plan Documents no longer makes sense and is unnecessary.  The Amended Scheduling Order should be revised to remove such obligations on the Creditors' Committees and provide for direct discovery by unsecured creditors.

43.     In summary, the Scheduling Order should not be amended as requested by the Debtors because their proposal unjustifiably restricts the ability of the Trustees to conduct necessary discovery related to the materially modified Third Amended Plan and Settlement Agreement.  Instead, the Scheduling Order should clearly provide the appropriate mechanisms and deadlines to enable Plan objectors to adequately prepare for the Confirmation Hearing. Accordingly, the Scheduling Order should be amended as set forth herein.  As the Trustees' changes will not impact the ultimate deadline of a confirmation hearing starting on October 28, 2015 or obtaining an oral order approving the Plan Documents prior to the expiration of the Plan Proponents' self-imposed milestones in the PSA, there is no justification for the Debtors to oppose such requests.

WHEREFORE, the Trustees respectfully requests that the Court (i) deny the Motion as submitted, (ii) insure that the Scheduling Order permits discovery related to the Plan Documents, including the recent Plan amendments that negatively affect the treatment of the PCRBS, and (iii) grant such further relief to the Trustees as is appropriate.

Dated: August 21, 2015
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: */s/ Kimberly E. C Lawson*
    Kurt F. Gwynne (Bar No. 3951)
    Kimberly E. C. Lawson (Bar No. 3966)
    1201 North Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: kgwynne@reedsmith.com
          klawson@reedsmith.com

*Counsel to The Bank of New York Mellon, as indenture trustee, and The Bank of New York Mellon Trust Company, N.A., as indenture trustee*