**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Re: Docket Nos. 5269, 5618, 5622, 5629, |
|  | )                   5641, 5644, 5649, 5658, |
|  | )                   5659, 5686 |

**JOINDER OF THE AD HOC COMMITTEE OF TCEH FIRST LIEN
CREDITORS TO THE DEBTORS' REPLY IN SUPPORT OF THEIR
MOTION FOR ENTRY OF AN ORDER AMENDEDING CERTAIN HEARING
DATES AND DEADLINES IN CONNECTION WITH THE
CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors (the "Ad Hoc Committee of TCEH First Lien Creditors"),[2] by and through its undersigned counsel, hereby joins in the *Debtors' Reply in Support of Their Motion for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization* [Docket No. 5686] (the "Reply"). For the reasons set forth in the Reply, the Ad Hoc Committee of TCEH First Lien Creditors believes that approval of the scheduling order is appropriate and urges the Court to overrule the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The members of the Ad Hoc Committee of TCEH First Lien Creditors hold or manage, in the aggregate, approximately $14.4 billion of the first lien secured claims against Texas Competitive Electric Holdings Company LLC and certain of its subsidiaries (collectively, the "TCEH Debtors"). *See Fourth Supplemental Verified Statement of the Ad Hoc Committee of TCEH First Lien Creditors Pursuant to Bankruptcy Rule 2019* [Docket No. 5335].

01:17578663.1

Objections[3] thereto.  In particular, the scheduling order is critical to facilitating the Debtors' compliance with, and satisfaction of, the various restructuring milestones set forth in the PSA. Certain of the Objectors take aim at these milestones, arguing that such deadlines are "manufactured" and are merely "tactical . . . dates pulled out of the air, with no independent significance."  *See* EFH Committee Objection at ¶ 33; EFH Indenture Trustee Objection at ¶ 2. This couldn't be further from the truth.  The PSA milestones are the product of extensive, arm's length negotiations and are a bedrock element of the parties' overall restructuring pact.  Indeed, the prospect of a relatively streamlined confirmation process that could commence in October 2015, as opposed to a litigation free-for-all that would only commence in January 2016, was one of the primary factors that motivated certain members of the Ad Hoc Committee of TCEH First Lien Creditors to become parties to the PSA.  Denying the scheduling order would deprive these creditors of one of the fundamental benefits of their bargain.

As the Ad Hoc Committee of TCEH First Lien Creditors has stressed on numerous other occasions, the costs of administering the Debtors' chapter 11 cases (both in terms of professional fees and other administrative expenses, as well as the ***billions of dollars*** of value degradation that has resulted from, *inter alia*, operating these large and complicated businesses in the fishbowl of a chapter 11 case) are astronomical.  Under the Plan and in any Alternative Restructuring (as defined in the PSA), the TCEH first lien creditors will receive 100% of the equity interests of reorganized TCEH, and therefore, as the TCEH Debtors' residual economic stakeholders, are shouldering substantially all of these significant costs and losses. After nearly seventeen months of brinkmanship and value-destructive litigation, it is time to finally put these cases on a prompt, definitive path towards emergence.  The scheduling order

---

[3] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Reply.

accomplishes this result while appropriately balancing all parties' due process rights, and its approval is in the best interests of the Debtors' estates.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that this Court (i) overrule the Objections and approve the scheduling order and (ii) grant such other relief as it deems just and proper.

| | |
|---|---|
| Dated: August 24, 2015<br>Wilmington, Delaware | */s/ Ryan M. Bartley*<br>**YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>Pauline K. Morgan (Bar No. 3650)<br>Ryan M. Bartley (Bar No. 4985)<br>Andrew L. Magaziner (Bar No. 5426)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Alan W. Kornberg (admitted *pro hac vice*)<br>Brian S. Hermann (admitted *pro hac vice*)<br>Jacob A. Adlerstein (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br><br>*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors* |