**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | **Objection Deadline: September 15, 2015 at 4:00 p.m.** |

**SUMMARY OF THIRD INTERIM FEE APPLICATION**
**OF EPIQ BANKRUPTCY SOLUTIONS, LLC**
**AND EPIQ eDISCOVERY SOLUTIONS**
**FOR ALLOWANCE OF AN ADMINISTRATIVE**
**CLAIM FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES INCURRED FROM**
**JANUARY 1, 2015 THROUGH APRIL 30, 2015**

| | |
|---|---|
| **Name of Applicant:** | **Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions** |
| Authorized to Provide Professional Services to: | Energy Futures Holdings Corp, et al., Debtors and Debtors in Possession |
| Date of Retention: | Retention Order Entered on September 16, 2014 (Effective as of April 29, 2014) |
| Interim Fee Period for which Compensation and Reimbursement is sought: | January 1, 2015 through April 30, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary for the Interim Fee Period: | $71,639.80 |

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| Name of Applicant: | Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions |
|---|---|
| Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Interim Fee Period: | $201,773.40 |
| Total Compensation and Expenses Requested for the Interim Fee Period: | $273,413.20 |
| Blended Rate of Professionals during the Interim Fee Period: | $166.49 |

## Summary of Monthly Fee Statements

| Monthly Fee Statements Period Covered | Fees | Expenses | Total | Payment Date | Payment Amount |
|---|---|---|---|---|---|
| 01/01/2015 – 01/31/2015 | $20,825.60 | $45,856.67 | $66,682.27 | | |
| 02/01/2015 – 02/28/2015 | $18,869.40 | $53,721.04 | $72,590.44 | | |
| 03/01/2015 – 03/31/2015 | $23,518.70 | $52,948.89 | $76,467.59 | | |
| 04/01/2015 – 04/30/2015 | $8,426.10 | $49,246.80 | $57,672.90 | | |
| **Total Final Request** | **$71,639.80** | **$201,773.40** | **$273,413.20** | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline: September 15, 2015 at 4:00 p.m. |
| | ) | |

**THIRD INTERIM FEE APPLICATION
OF EPIQ BANKRUPTCY SOLUTIONS, LLC
AND EPIQ eDISCOVERY SOLUTIONS
FOR ALLOWANCE OF AN ADMINISTRATIVE
CLAIM FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FROM
JANUARY 1, 2015 THROUGH APRIL 30, 2015**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Authorizing The Debtors To Retain And Employ Epiq Bankruptcy Solutions, LLC As The Administrative Advisor For The Debtors And Epiq eDiscovery Solutions As E-Discovery Vendor For The Debtors, Effective Nunc Pro Tunc To The Petition Date,* dated September 16, 2014 [D.I. 2053] (the "Retention Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"),

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), the firm of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions (together, "<u>Epiq</u>"), administrative advisor and e-discovery vendor for the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby files this third interim fee application (this "<u>Third Interim Fee Application</u>") for: (i) compensation in the amount of $71,639.80 for the reasonable and necessary professional services Epiq rendered to the Debtors from January 1, 2015 through April 30, 2015 (the "<u>Third Interim Fee Period</u>"); and (ii) reimbursement for the actual and necessary expenses that Epiq incurred, in the amount of $201,773.40 during the Third Interim Fee Period.

In support of the Application, Epiq respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. § 1408.

3. The bases for the relief requested herein are sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

### Disclosure of Compensation and Requested Final Award

4. Epiq files this Third Interim Application requesting interim allowance and approval of compensation in the amount of $71,639.80 for professional services rendered by Epiq to the Debtors and reimbursement of actual and necessary expenses incurred by Epiq during the Third Interim Fee Period.

5. In accordance with the Interim Compensation Order, Epiq has filed and served the monthly fee statements covering the period January 1, 2015 through April 30, 2015 (the

"Monthly Fee Statements")[2]. Pursuant to the Interim Compensation Order, Epiq has served the Monthly Fee Statements on: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committee; and (e) the Fee Committee.

6. As of the date hereof, Epiq has previously requested to be paid $57,311.84 (80% of the total amount requested of $71,639.80) from the Debtors for fees and $201,773.40 for expenses incurred by Epiq as administrative agent and e-discovery vendor during the Third Interim Fee Period.[3] This represents 80 percent of the fees and 100 percent of the expenses incurred as administrative agent and e-discovery vendor and invoiced through and including April 30, 2015 as identified in the Monthly Fee Statements.[4]

---

[2] The Monthly Fee Statements are the following: (i) *Ninth Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From January 1, 2015 Through January 31, 2015* (D.I. 5677; the "January Monthly Fee Statement"); (ii) *Tenth Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From February 1, 2015 Through February 28, 2015* (D.I. 5681; the "February Monthly Fee Statement"); (iii) *Eleventh Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From March 1, 2015 Through March 31, 2015* (D.I. 5682; the "March Monthly Fee Statement") and (iv) *Twelfth Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From April 1, 2015 Through April 30, 2015* (D.I. 5683; "April Monthly Fee Statement," together with the January Monthly Fee Statement, the February Monthly Fee Statement, and the March Monthly Fee Statement, the "Monthly Fee Statements").

[3] In addition to being retained as administrative agent, by the Court's order on May 2, 2014, Epiq was retained, pursuant to 28 U.S.C. § 156(c), to serve as notice and claims agent in these cases [D.I. 321] (the "Notice and Claims Agent Order"). In accordance with the Notice and Claims Agent Order, all fees and expenses related to Epiq's notice and claims agent services will be paid by the Debtors in the ordinary course of business without the necessity of a fee application or monthly statement. As such, none of Epiq's notice and claims agent fees or expenses are included in this Fee Statement.

[4] Pursuant to the Interim Compensation Order, the Debtors are authorized to pay each retained professional, unless the Court orders otherwise, an amount equal to (a) 80 percent of the such professional's undisputed professional fees and (b) 100 percent of the undisputed expenses incurred by such professional and identified in such professional's monthly statement to which no objection has been served.

7. The fees sought in this Application reflect an aggregate of 430.30 hours expended by Epiq professionals during the Third Interim Fee Period rendering necessary and beneficial administrative services to the Debtors at a blended average hourly rate of $166.49 for professionals. Epiq maintains computerized records of the time expended in the performance of the professional services required by the Debtors and their estates. These records are maintained in the ordinary course of Epiq's practice.

8. The hourly rates and corresponding rate structure utilized by Epiq in these Chapter 11 cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in Chapter 11 or otherwise, regardless of whether a fee application is required.

9. Epiq's hourly rates are set at a level designed to compensate Epiq fairly for the work of its professionals. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

10. Epiq regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary. Moreover, in accordance with the Local Bankruptcy Rules, Epiq regularly reduces its expenses, particularly expenses related to overtime travel and overtime meals.

11. No understanding exists between Epiq and any other person for the sharing of compensation sought by Epiq, except among the parent, affiliates, members, employees and associates of Epiq.

**Background**

12. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a petition with this Court under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 5, 2014, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 13, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and EFH Corporate Services Company (the "TCEH Creditors' Committee") [D.I. 420]. On October 27, 2014, the U.S. Trustee appointed an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") [D.I. 2570]. Information regarding the Debtors' business operations is set forth in the declaration of Paul Keglevic in support of first day motions [D.I. 98].

13.     On September 16, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Epiq Bankruptcy Solutions, LLC as the Administrative Advisor for the Debtors and Epiq eDiscovery Solutions as E-Discovery Vendor for the Debtors, Effective Nunc Pro Tunc to the Petition* [D.I. 2053] (the "Retention Order"), approving the Debtors' employment and retention of Epiq as administrative agent and e-discovery vendor *nunc pro tunc* to April 29, 2014. Pursuant to the Retention Order, Epiq is authorized to be compensated on an hourly basis for professional services rendered to the Debtors and reimbursed for actual and necessary expenses incurred by Epiq in connection therewith.

**Summary of Professional Services**

14. Pursuant to, and consistent with, the relevant requirements of the Interim Compensation Order, the Fee Committee Order, and the Local Bankruptcy Rules (collectively, the "Guidelines"), as applicable, the following exhibits are attached hereto:

   a. **Exhibit A** contains a verification by the undersigned regarding compliance with the Guidelines (the "Verification");

   b. **Exhibit B** contains a list of Epiq's project categories and the total billed to each category during the Third Interim Fee Period;

   c. **Exhibit C** contains a billing summary for the Third Interim Fee Period that includes the name of each professional for whose work compensation is sought, the aggregate time expended by each professional and the corresponding hourly billing rate at Epiq's current billing rates and an indication of the individual amounts requested as part of this Third Interim Fee Application;

   d. **Exhibit D** contains the time detail for the Third Interim Fee Period;

   e. **Exhibit E** is a schedule for the Third Interim Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Epiq is seeking reimbursement in this Third Interim Application; and

   f. **Exhibit F** consists of Epiq's records of expenses incurred during the Third Interim Fee Period in the rendition of the professional services to the Debtors and their estates.

15. To provide a meaningful summary of services rendered on behalf of the Debtors and their estates for the Third Interim Fee Period, Epiq has established, in accordance with its internal billing procedures, the following matter numbers in connection with these Chapter 11 cases:

| Matter No. | Matter Description |
|---|---|
| 495 | Balloting/Solicitation Consultation |
| 642 | Fee Application Prep and Related Issues |
| 900 | Ediscovery Services |

16. The following is a summary, by matter, of the most significant professional services rendered by Epiq as administrative agent during the Third Interim Fee Period. This summary is organized in accordance with Epiq's internal system of matter numbers.[5]

**A.   Balloting/Solicitation (Matter #495)**

   Total Fees:      $14,368.20
   Total Hours:     52.40

17. This category includes review and comment on draft solicitation documents and telephone conferences with the Debtors' counsel regarding solicitation timing and documents. Epiq associates also conducted research regarding public securities and plan classification, and prepared related files needed for Plan solicitation. In addition, Epiq associates conferred with the Debtors about the need to request certain data on public securities, needed for both solicitation and service of the Disclosure Statement Hearing Notice.

**B.   Fee Application Prep and Related Issues (Matter #642)**

   Total Fees:      $10,357.60
   Total Hours:     42.80

18. Time in this category was spent in the preparation of the Monthly and Second Interim Fee Applications.

---

[5] This summary of services rendered during the Third Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Epiq, but, rather, is intended to highlight certain key areas where Epiq provided services to the Debtors during the Third Interim Fee Period. A summary description of the work performed in the Third Interim Fee Period, categorized by project code, and those day-to-day services and the time expended in performing such services, are set forth in the Monthly Fee Statements.

C.     **Ediscovery Services (Matter #900)**

Total Fees:        $46,914.00
Total Hours:       335.10

19.    The Ediscovery services provided in this category include loading of processed productions onto local servers, designing and implementing security features in the Relativity data repository, refining the repository and the database fields, the continued maintenance of the repository, research of data in the repository as requested by counsel, and other related tasks.

**Reasonable and Necessary Services Rendered by Epiq**

20.    The foregoing professional services rendered by Epiq on behalf of the Debtors during the Third Interim Fee Period were reasonable, necessary and appropriate to the administration of the Debtors' Chapter 11 cases and related matters.

21.    Epiq is one of the country's leading Chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of Chapter 11 cases. As a specialist in claims management, consulting and legal administration services, Epiq provides comprehensive solutions to a wide variety of administrative issues for Chapter 11 cases, and has substantial experience in matters of this size and complexity. Overall, Epiq brings to these Chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

22.    During the Third Interim Fee Period, Epiq consulted and assisted the Debtors in several phases of these Chapter 11 cases. To this end, as set forth in detail in **Exhibit C** of the Application, numerous Epiq professionals expended time rendering services on behalf of the Debtors and their estates.

23.    During the Third Interim Fee Period, Epiq's hourly billing rates for the professionals responsible for managing the Debtors' Chapter 11 cases ranged from $83.00 to

$385.00. Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $166.49 (based on 430.30 recorded hours at Epiq's regular billing rates in effect at the time of the performance of services). The hourly rates and corresponding rate structure utilized by Epiq in these Chapter 11 cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in Chapter 11 or otherwise, regardless of whether a fee application is required.

**Epiq's Requested Compensation and Reimbursement Should be Allowed**

24.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

25.     In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

1. the time spent on such services;

2. the rates charged for such services;

3. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

4. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    5. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

  26. In the instant case, Epiq respectfully submits that the services for which it seeks compensation in the Third Interim Fee Application were necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Epiq respectfully submits that the services rendered to the Debtors were performed economically, effectively and efficiently and that the results obtained to date have benefited not only the Debtors but all stakeholders in the Debtors' Chapter 11 cases. Epiq further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

  27. Epiq's professionals spent a total of 430.30 hours during the Third Interim Fee Period, which services have a fair market value of $71,639.80. As demonstrated by the Third Interim Fee Application and all of the exhibits submitted in support hereof, Epiq spent its time economically and without unnecessary duplication. In addition, the work conducted was carefully assigned to appropriate professionals according to the experience and level of expertise required for each particular task. In summary, the services rendered by Epiq were necessary and beneficial to the Debtors and their estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.

  28. Accordingly, Epiq respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## **No Prior Request**

  29. No prior application for the relief requested herein has been made to this or any other court.

**Notice**

The Debtors shall provide notice of the Application on the date hereof to: (a) The U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committee; and (e) the Fee Committee. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, Epiq requests that it be allowed reimbursement for its fees and expenses incurred during the Third Interim Fee Period in the total amount of $273,413.20 consisting of (a) $71,639.80 for reasonable and necessary professional services rendered by Epiq and (b) $201,773.40 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: August 24, 2015         */s/ James Katchadurian*
                              James Katchadurian
                              Executive Vice President
                              Epiq Bankruptcy Solutions, LLC