## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 4970 - 4971** |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

KONSTANTINA HAIDOPOULOS, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On July 16, 2015, I caused to be served:

    a)  the "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1," dated July 10, 2015, *relating to Docket No. 4970,* annexed hereto as Exhibit A,

    b)  the "Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1," dated July 10, 2015 [Docket No. 4971],

    c)  *a customized Cover Memo from Energy Future Holdings, to include the affected claim holder's claim number(s) regarding their claim*, dated July 10, 2015, a sample of which is annexed hereto as Exhibit B, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

d)  a customized version of the "Notice of Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(B) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 and Hearing Thereon," dated July 10, 2015, a sample of which is annexed hereto as <u>Exhibit C,</u>

by causing true and correct copies to be enclosed securely in a postage pre-paid envelope and delivered via overnight mail to the party listed on the annexed <u>Exhibit D</u>.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Konstantina Haidopoulos

Sworn to before me this
20th day of August, 2015

Notary Public

DIANE M. STREANY
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 20

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: July 24, 2015 at 4:00 p.m.** |
| | ) | **Hearing Date: August 11, 2015 at 9:30 a.m.** |

## DEBTORS' NINETEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO (INSUFFICIENT DOCUMENTATION, AMENDED, AND WRONG DEBTOR) CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this nineteenth objection to claims (this "Objection"), pursuant to which the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) disallowing or reassigning, as appropriate, the claims identified on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to **Exhibit A**, each attached hereto, and as discussed in further detail below, and (b) authorizing Epiq Bankruptcy Solutions, LLC (the "Claims Agent") to expunge or reassign, as appropriate, each of the claims described herein from or in the official register maintained by the Claims Agent (the "Claims Register"). In support of this Objection, the Debtors submit the *Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b)*

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule*

*3007-1* (the "Kotarba Declaration").  This Objection complies in all respects with rule 3007-1 of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Bankruptcy Rules"), as modified by this Court.[2]  In further

support of this Objection, the Debtors respectfully state as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware,*

*dated February 29, 2012*.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of

a final order by the Court in connection with this Objection to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Objection are section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the

---

[2]      On October 30, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rule 3007-1(f)(i), allowing the Debtors to base substantive omnibus claim objections on no more than 500 claims per each such omnibus claim objection [D.I. 2659]. On November 19, 2014, the Court entered an order granting the waiver [D.I. 2814].

On November 21, 2014, the Debtors filed a motion seeking a waiver of Local Bankruptcy Rules 3007-1 and 3007-2, allowing the Debtors to use, at their discretion, a Custom Notice instead of a general notice and service of all of the exhibits filed with an omnibus objection to claims to every claimant whose claim is objected to in each objection [D.I. 2849].  On December 10, 2014, the Court entered an order granting the waiver [D.I. 2963].

On June 22, 2015, the Debtors filed a motion seeking a further waiver of Local Bankruptcy Rule 3007-1, allowing the Debtors to file more than two substantive omnibus objections to claims in a given month [D.I. 4824].  On July 9, 2015, the Court entered an order granting the waiver, with certain modifications regarding the date by which claims binders shall be delivered to Court in the event more than two substantive omnibus objections to claims are filed in a particular month [D.I. 4956].

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Bankruptcy Rule

3007-1.

<b><u>Relief Requested</u></b>

4.      By this Objection, the Debtors seek entry of the Order disallowing in full or

modifying, as appropriate, each of the claims identified below and authorizing the Claims Agent

to expunge such claims from the Claims Register or to reflect such modifications on the Claims

Register, as appropriate:

(a)      **Exhibit 1** to **Exhibit A**, each of which represents a Proof of Claim (as defined herein) that was filed without sufficient documentation to substantiate the claim asserted therein and, as to which, the Debtors' books and records do not demonstrate any basis for the claim (the "<u>Insufficient Documentation Claims</u>");

(b)      **Exhibit 2** to **Exhibit A**, each of which represents a Proof of Claim that has been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities (the "<u>Amended Claims</u>"); and

(c)      **Exhibit 3** to **Exhibit A**, each of which represents a Proof of Claim asserted against the incorrect Debtor or where no Debtor was specified (the "<u>Wrong Debtor Claims</u>").[3]

<b><u>Background</u></b>

5.      On April 29, 2014 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary

petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.  The Court has entered a final order for joint administration of these

chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United

States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") formed an official committee of

---

[3]      Per Local Rule 3007-1(e)(iv) (as modified by the Court), images of the Proofs of Claim relating to the Insufficient Documentation Claims will be submitted to the Court on or before July 15, 2015.

unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146-2216], addressing certain discrete issues.

7.      On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date"), as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8.      Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[4]   In addition to mailing such actual notice, the Debtors also

---

[4]     The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer*

published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

9.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date"), as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim" and, together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10.     Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11.     To date, over 10,000 Proofs of Claim have been filed in these chapter 11 cases.

---

*Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

## Basis for Objection

12.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of Claims rests on different parties at different stages of the objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citation omitted).  Once the *prima facie* validity of a Claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

13.     A chapter 11 debtor "has the duty to object to the allowance of any claim that is improper."  *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.),* 922 F.2d 659, 661-62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a).

## I.     Insufficient Documentation Proofs of Claim.

14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 9 Insufficient Documentation Claims listed on

**Exhibit 1** to **Exhibit A**, in the aggregate claimed amount of $32,210.65.  Each of the Insufficient Documentation Claims reflects a Proof of Claim that was filed without sufficient documentation to substantiate the Proof of Claim asserted therein as required by Bankruptcy Rule 3001.  In addition, the Debtors have reviewed their books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.  The Insufficient Documentation Claims therefore fail to provide *prima facie* evidence of the validity and amount of the Proof of Claim they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

II.     **Amended Proofs of Claim.**

15.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 3 Amended Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $5,308,634.63.  The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability as reflected in the column labeled "Remaining Claims" on **Exhibit 2** to **Exhibit A**.  The Amended Claims remain on the Claims Register only as a technicality and may be eliminated without affecting such claimants' underlying claims.  Accordingly, the Debtors object to the allowance of the Amended Claims and request that such Amended Claims be disallowed in their entirety.

16.     Any disallowance or expungement of the Amended Claims will not affect the Remaining Claims, which will remain on the Claims Register unless withdrawn by the relevant claimants or disallowed by the Court, subject to the Debtors' right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law; provided, however, that the Debtors will not object to the Remaining Claims on the basis that they were not timely filed.  *See generally* 11 U.S.C. § 502(a).

### III.    Wrong Debtor Proofs of Claim.

17.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 29 Wrong Debtor Claims listed on **Exhibit 3** to **Exhibit A**, in the aggregate claimed amount of $432,116.86.  Each of the Wrong Debtor Claims reflects a Proof of Claim that (a) was filed against a Debtor that has no liability for the claims asserted therein, according to the Debtors' books and records, and (b) is properly asserted, if at all, against a different Debtor.  Failure to reassign the Wrong Debtor Claims could result in claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors.  Moreover, reassignment of these claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Debtors request that the Wrong Debtor Claims be reassigned from the "Asserted Debtor" to the "Modified Debtor," as noted on **Exhibit 3** to **Exhibit A**.

18.    Reassignment of the Wrong Debtor Claims will not disallow or expunge the Wrong Debtor Claims, each of which will remain on the Claims Register, corrected to be asserted against the "Modified Debtor" noted on **Exhibit 3** to **Exhibit A**, unless withdrawn by the relevant claimants or disallowed by the Court, subject to the Debtors' right to object in the future on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.  *See generally* 11 U.S.C. § 502(a).

19.    For all of the foregoing reasons, the Debtors (a) object to the allowance of the Insufficient Documentation Claims and the Amended Claims, and request that such claims be disallowed in their entirety and expunged and (b) request the reassignment of each of the Wrong Debtor Claims from the "Asserted Debtor" to the "Modified Debtor," all as described herein. Notwithstanding the above, by requesting relief with respect to the Wrong Debtor Claims, the Debtors are not asking for an allowance of the Wrong Debtor Claims as modified, but only that

the Wrong Debtor Claims be modified at this time. The Debtors reserve the right to object in the future to the Wrong Debtor Claims on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

**Reservation of Rights**

20.     Nothing contained in this Objection or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim (including the Proofs of Claim) is of a type specified or defined in this Objection; (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

21.     The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the claims listed on **Exhibit 1**, **Exhibit 2**, or **Exhibit 3** to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; provided, however, that nothing in this Objection shall affect the Debtors' right to object to any Proofs of Claim at a future date on a basis other than as set forth in this Objection as

permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules or in the Order.

<u>**Notice**</u>

22.     The Debtors shall provide notice of this Objection on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020,

and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the claimants that filed the claims identified on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to **Exhibit A**, each attached hereto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

23.     No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Dated:  July 10, 2015
      Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER SUSTAINING DEBTORS'
### NINETEENTH OMNIBUS (NON-SUBSTANTIVE)
### OBJECTION TO (INSUFFICIENT DOCUMENTATION,
### AMENDED, AND WRONG DEBTOR) CLAIMS PURSUANT
### TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
### RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), disallowing or reassigning, as appropriate, the claims set forth on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** attached hereto, all as set forth in the Objection and the Kotarba Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Objection and the

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

opportunity for a hearing on the Objection (the "<u>Hearing</u>") under the circumstances; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The Insufficient Documentation Claims set forth on the attached **Exhibit 1** are hereby disallowed in their entirety.

3.      The Amended Claims set forth on the attached **Exhibit 2** are hereby disallowed in their entirety.

4.      The Wrong Debtor Claims set forth on the attached **Exhibit 3** are hereby reassigned to the applicable Debtor identified in the column entitled "Modified Debtor" in **Exhibit 3**, attached hereto.

5.      The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

6.      Nothing set forth herein shall affect the parties' rights with respect to (a) those claims identified as "Remaining Claims" on **Exhibit 2**, and (b) the reclassification of the Wrong Debtor Claims to the applicable Debtor identified in the column entitled "Modified Debtor" in **Exhibit 3**, each as attached hereto, and the parties' rights with respect to such "Remaining Claims" and reclassification of Wrong Debtor Claims are reserved, including, for the avoidance of doubt, the Debtors' right to object on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules, <u>provided</u>, <u>however</u>, that

the Debtors will not object to the Remaining Claims numbers 10059, 10077, and 10079 on the basis that they were not timely filed.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

10.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2015                    _____
Wilmington, Delaware                    THE HONORABLE CHRISTOPHER S. SONTCHI
                                         UNITED STATES BANKRUPTCY JUDGE

**File a Claim action:**

14-10979-CSS Energy Future Holdings Corp.

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: CSS | Case Flag: CLMSAGNT, MEGA, LEAD, SealedDoc(s) |

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Jason M. Madron entered on 7/10/2015 at 7:30 PM EDT and filed on 7/10/2015

| | |
|---|---|
| **Case Name:** | Energy Future Holdings Corp. |
| **Case Number:** | 14-10979-CSS |
| **Document Number:** | 4970 |

**Docket Text:**
Omnibus Objection to Claims *(Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1).* Filed by Energy Future Holdings Corp.. Hearing scheduled for 8/11/2015 at 09:30 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 7/24/2015. (Attachments: # (1) Notice # (2) Exhibit A) (Madron, Jason)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**W:\RVS\EFH 19TH OBJ.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/10/2015] [FileNumber=13244029-0
] [74310e0ea58fda931523dafe928c0445709243488ed8714365b09f1e44961154a0e
76f3ea3dac279cfcb04dc5705141e78df94673995c89d489ee60684128fec]]
**Document description:**Notice
**Original filename:**W:\RVS\EFH 19TH NTC.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/10/2015] [FileNumber=13244029-1
] [18d2fc5cf8d191734e1a644fcd5e8e4556b4980282d60a965842468e363854187d1
eb7c8d3255f05511e8b3b2d61e47d32dd1350517eb8c383be6ddd4e4ebc81]]
**Document description:**Exhibit A
**Original filename:**W:\RVS\EFH 19TH EX A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/10/2015] [FileNumber=13244029-2
] [04e4b82de204d55bce64ca3f197b1bc84bef68255ad2ef51a2fb809cefb1d8e7c67
60f2899b0161179a05d71ce272a427a8abe0c42384d6c84b07f414628da08]]

**14-10979-CSS Notice will be electronically mailed to:**

Derek C. Abbott on behalf of Interested Party TPG Capital, L.P.
dabbott@mnat.com, rfusco@mnat.com;mdecarli@mnat.com;aconway@mnat.com

Jacob A. Adlerstein on behalf of Interested Party Ad Hoc Committee of TCEH First Lien Creditors
jadlerstein@paulweiss.com

Elihu Ezekiel Allinson, III on behalf of Creditor Henry Pratt Company, LLC
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;KDavis@SHA-LLC.com;hcoleman@sha-llc.com

Arlene Rene Alves on behalf of Interested Party Wilmington Trust, N.A.
alves@sewkis.com

Desiree M. Amador on behalf of Creditor Pension Benefit Guaranty Corporation
amador.desiree@pbgc.gov, efile@pbgc.gov

Carla O. Andres on behalf of Interested Party Fee Committee
candres@gklaw.com, kboucher@gklaw.com;shuntema@gklaw.com

David B. Anthony on behalf of Plaintiff Avenue Capital Management II, LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff GSO Capital Partners LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff P. Schoenfeld Asset Management LP
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff Third Avenue Management LLC
danthony@bergerharris.com

David B. Anthony on behalf of Plaintiff York Capital Management Global Advisors, LLC
danthony@bergerharris.com

Aaron S. Applebaum on behalf of Interested Party TCEH Debtors
Aapplebaum@mdmc-law.com, smullen@mdmc-law.com;sshidner@mdmc-law.com

**EXHIBIT B**

**Energy Future Holdings**

July 10, 2015

We are writing to you today about the claim (or claims) you filed as part of Energy Future Holdings' Chapter 11 proceedings.

The company is modifying your claim(s) – number(s) [INSERT].  <u>Our reason(s) for the modification(s) to your claim(s) is/are detailed in the enclosed materials</u>.

As indicated in the enclosed Notice, which has been customized to address your claim and the company's response to your claim, if you have a response, you must file it with the Bankruptcy Court on or before **July 24, 2015**.  You must also send a copy of any such response to the debtors' counsel listed on the Notice so that it is **actually received** by July 24, 2015 at 4:00 PM (ET).

If you have any questions, please call our dedicated telephone hotline at (844) 415-6962 free of charge or send your contact information to <u>efhcorrespondence@kirkland.com</u> and a representative will be in touch with you shortly.

Thank you.

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEBTORS' NINETEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO (INSUFFICIENT DOCUMENTATION, AMENDED, AND WRONG DEBTOR) CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1 AND HEARING THEREON

| | | |
|---|---|---|
| TO:   [NAME]<br>[STREET ADDRESS]<br>[CITY], [STATE] [ZIP]<br>[COUNTRY] | **Basis for Objection:**<br><br>**Claim(s) to be Expunged:** | [BASIS]<br><br>**Claim Number**<br>[####] | **Claim Amount**<br>[####] |

On July 10, 2015, the above-captioned debtors and debtors in possession (the "Debtors") filed the **Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1** (the "Objection")[2] a copy of which is attached hereto.

By the Objection, the Debtors seek to disallow the claim(s) listed as "Claim(s) to be Expunged" for the reason stated above and as further described in the Objection. Once disallowed, the "Claims to be Expunged" will be removed from the Claims Register.

Responses to the Objection, if any, must be in writing and filed on or before **July 24, 2015, at 4:00 PM (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of any such response upon the undersigned counsel to the Debtors listed so that the response is **actually received** on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **AUGUST 11, 2015, AT 9:30 AM (ET),** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

If you have questions about the Objection, please call (844) 415-6962 or send your contact information to efhcorrespondence@kirkland.com, both free of charge.

Wilmington, Delaware
Dated:  July 10, 2015

           */s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

2

**EXHIBIT D**

TANNOR PARTNERS CREDIT FUND, LP
TRANSFEROR: BABCOCK & WILCOX POWER
GENERATION GROUP; ATTN: ROBERT TANNOR
150 GRAND STREET, STE 401
WHITE PLAINS, NY 10601